IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KOVE IO, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:18-cv-08175 |
| AMAZON WEB SERVICES, INC., | ) | |
| | ) | Hon. Judge Rebecca R. Pallmeyer |
| Defendant. | ) | |
| | ) | |
| | ) | |

**MOTION TO STAY DISCOVERY
AND SUSPEND LOCAL PATENT RULE DEADLINES
PENDING RULING ON MOTION TO DISMISS**

Defendant Amazon Web Services, Inc. ("Amazon") respectfully moves the Court, pursuant to Fed. R. Civ. P. 26(c) and (d) and LPR 1.1, to stay discovery and all Local Patent Rule deadlines pending resolution of Amazon's motion to dismiss, filed on April 5, 2019.[1]  In that motion, Amazon explains that every asserted claim is patent-ineligible under 35 U.S.C. § 101.  Dkt. Nos. 36, 38.  If Amazon's motion is granted, the complaint would be dismissed in its entirety.  Therefore, a stay of discovery and suspension of the Local Patent Rule deadlines would conserve both judicial and party resources.

**ARGUMENT**

This Court has discretion to stay discovery pending resolution of a motion to dismiss under Federal Rules of Civil Procedure 26(c) and (d). "[S]uch stays are granted with substantial

---

[1] Pursuant to Local Rule 37.2, counsel for Amazon conferred with counsel for Kove by telephone on April 11, 2019 at 11:00 am regarding the present motion.  Participating on behalf of Amazon were: Terri L. Mascherin and Michael Babbitt.  Participating on behalf of Kove were: Phillip Lee, Michael Flanigan, Justin Myers, and Jaime Cardenas.  Counsel for Kove indicated that Kove would oppose this motion.

1

frequency," and "[n]umerous cases in this circuit have allowed stays in the face of a Rule 12(b)(6) challenge." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 & n.6 (N.D. Ill. 2005) (J. Cole). The Local Patent Rules also provide that this Court may modify obligations and deadlines based on the circumstances of a particular case. LPR 1.1. Courts have modified the LPR deadlines pending the resolution of dispositive motions when the stay is requested early in the case and when discovery would be burdensome and costly. *See e.g., Visual Interactive Phone Concepts, Inc. v. U.S. Cellular Corp.*, No. 11-cv-5289, Dkt. Nos. 77 and 79 (N.D. Ill. Aug. 3, 2011) (suspending LPR deadlines pending motion for summary judgment); *Coss v. Playtex Prods.*, LLC, No. 8-cv-50222, 2009 WL 1455358, at *5 (N.D. Ill. May 21, 2009) ("Expensive and burdensome discovery will not be compelled by the court prior to the district court ruling on the motion to dismiss.").

In deciding whether to enter a stay, courts consider three factors: (1) whether a stay will simplify the issues and streamline the trial, (2) whether it will reduce the burden of litigation on the parties and on the court, and (3) whether it will unduly prejudice or tactically disadvantage plaintiffs. *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009). All three considerations favor a stay here.

***Simplification of issues.*** Amazon's motion to dismiss could yield the ultimate simplification of the issues: dismissal of the entire case. "When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved." *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999).

Of course, not all motions to dismiss warrant a stay of discovery. But two aspects of Amazon's motion to dismiss make a stay particularly appropriate here. First, Amazon's motion contends that the asserted claims are directed to patent-ineligible subject matter under 35 U.S.C. § 101. The Federal Circuit has characterized patent eligibility as "'a threshold test,' one that must

be satisfied before a court can proceed to consider subordinate validity issues." *Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1324 (Fed. Cir. 2016) (quoting *Bilski v. Kappos*, 561 U.S. 593, 602 (2010)). In view of the Federal Circuit's admonishment that patent eligibility should be resolved at the outset of litigation, the Court should resolve the parties' threshold dispute before the parties proceed to discovery over subordinate issues. *See e.g.*, *Zimmers v. Eaton Corp.*, No. 15-CV-2398, 2016 WL 1322343, at *2 (S.D. Ohio Apr. 5, 2016) (granting stay of discovery pending resolution of motion to dismiss under § 101); *Kaavo Inc. v. Cognizant Tech. Solutions Corp.*, Case No. 14-1192, 2015 WL 1737476, at *18-19 (D. Del. Apr. 9, 2015) (same).

Second, Amazon's motion to dismiss has a substantial likelihood of success. When the strength of a motion to dismiss exceeds that of a "garden variety motion to dismiss," a stay of discovery is more likely to be appropriate. *See Zimmers*, 2016 WL 1322343, at *2.[2] As Amazon's motion explains, the asserted patent claims are virtually indistinguishable from patent claims that have been invalidated by the Federal Circuit at the motion to dismiss stage. *See* Dkt. No. 38 at 3-5. Thus, there is a high likelihood that any discovery during the motion's pendency will have been for naught.

**Litigation burden.** A stay will reduce the burden of litigation on both the parties and the court. This case is in its infancy: the parties have engaged in no discovery, a case management order has not yet been entered, no substantive motions have been filed, and the parties have not appeared for an initial status hearing. Given this nascent status, staying the case has the potential to save significant resources. *Mkt.-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486,

---

[2] When deciding a motion to stay discovery "it is helpful, and often necessary, to 'take a preliminary peek' at any pending dispositive motions to see if the motions appear to be meritorious and 'truly case dispositive.' *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).

494 (D. Del. 2013) ("Staying a case at an early juncture can be said to advance judicial efficiency and maximize the likelihood that neither the court nor the parties expend their assets addressing invalid claims.").

*Prejudice.* Staying discovery would not prejudice Kove. Amazon's motion presents threshold legal questions that do not require discovery. "A plaintiff's right to discovery before a ruling on a motion to dismiss may be stayed when the requested discovery is unlikely to produce facts necessary to defeat the motion." *Sprague v. Brook*, 149 F.R.D. 575, 577 (N.D. Ill. 1993). Further, Kove's own conduct demonstrates it would not be harmed by a short period of delay. Kove was in no rush to bring this case: the asserted patents issued over eight years ago, and Kove's allegations are based on Amazon's statements dating back to 2004. Nor has Kove rushed to litigate this case. To the contrary, in late February, Kove sought and received a one-month extension of all deadlines in view of its counsel's scheduling conflicts. Dkt. #29. Thus, Kove would not be prejudiced by a short stay.

## CONCLUSION

For the foregoing reasons, Amazon requests that the court enter a stay of discovery and of all deadlines in the Local Patent Rules pending resolution of its motion to dismiss.

Dated: April 11, 2019                     Respectfully Submitted,

                                          AMAZON WEB SERVICES, INC.

                                          By:  */s/ Terri L. Mascherin*

                                          Terri L. Mascherin
                                          Michael Babbitt
                                          Michael T. Werner
                                          JENNER & BLOCK LLP
                                          353 N. Clark Street
                                          Chicago, IL 60654-3456

4

Telephone: 312 222-9350
Facsimile: 312 527-0484
tmascherin@jenner.com
mbabbitt@jenner.com
mwerner@jenner.com

Adam Unikowsky
(pro hac vice)
JENNER & BLOCK LLP
1099 New York Ave, NW
Washington, DC 20016
Telephone: 212 639-6041
Facsimile: 202 661-4925
aunikowsky@jenner.com

*Attorneys for Defendant Amazon Web Services, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Michael Werner, an attorney at the law firm of Jenner & Block LLP, certify that on April 11, 2019, the foregoing Motion to Stay Discovery was electronically served on counsel of record via email.


/s/ Michael T. Werner
   Michael T. Werner