```
                IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION


 KOVE IO, INC.,                      )
                                     )
              Plaintiff,             )  Docket No. 18 C 8175
                                     )
         vs.                         )
                                     )
 AMAZON WEB SERVICES, INC.,          )  Chicago, Illinois
                                     )  April 15, 2019
              Defendant.             )  10:45 a.m.


             TRANSCRIPT OF PROCEEDINGS - Motion
         BEFORE THE HONORABLE REBECCA R. PALLMEYER


 APPEARANCES:

 For the Plaintiff:      THOMPSON COBURN LLC
                         BY:  MR. RENATO T. MARIOTTI
                         55 East Monroe, 37th Floor
                         Chicago, Illinois  60603

                         REICHMAN JORGENSEN LLP
                         BY:  MR. PHILLIP LEE
                         303 Twin Dolphin Drive, Suite 600
                         Redwood Shores, California  94065

 For the Defendant:      JENNER & BLOCK LLP
                         BY:  MS. TERRI L. MASCHERIN
                         353 North Clark Street
                         Chicago, Illinois  60654




 Court Reporter:         FRANCES WARD, CSR, RPR, RMR, FCRR
                         Official Court Reporter
                         219 S. Dearborn Street, Suite 2144D
                         Chicago, Illinois  60604
                         (312) 435-5561
                         frances_ward@ilnd.uscourts.gov
```

```
1          THE CLERK:  18 C 8175, Kove versus Amazon on a
2  motion.
3          MR. MARIOTTI:  Good morning, your Honor.
4          Renato Mariotti and Phillip Lee on behalf of the
5  plaintiff.
6          THE COURT:  Good morning.
7          MS. MASCHERIN:  Good morning, your Honor.
8          Terri Mascherin on behalf of Amazon.
9          THE COURT:  Good morning.
10         We are here on a motion to dismiss and a motion for
11 stay.
12         What's the plaintiff's position?
13         MR. MARIOTTI:  So as to the motion to dismiss,
14 Judge, we just ask for 28 days.
15         As to the motion to stay, Judge, we strongly oppose
16 the motion to stay.
17         First of all, the standard is whether or not there
18 is an extraordinary circumstance.  There is not one here
19 clearly.  But even on the balance of it, even if that wasn't
20 the standard, which -- even if it wasn't the standard, which
21 it is, first of all, there is significant prejudice to our
22 client.
23         We filed this case back in December.  We were
24 accommodating to the defendant, to Amazon.  We gave them time
25 to get their ducks in a row.  But our client is being harmed
```

1  on a daily basis. It's a significant amount of money to our
2  client. And, frankly, the patents in this case are going to
3  run next year. That's an issue as well.
4      So I think there is certainly prejudice to us. And
5  there is an underlying factual dispute here that's going to
6  play out in this motion to dismiss even though the facts have
7  to be taken in the light most favorable to us. I think at
8  this point we need to move forward with this.
9      So for that reason, we strongly oppose the motion
10 to stay.
11     THE COURT: Well, 28 days for the response to the
12 motion to dismiss sounds fine and then 14 days for a reply.
13     Ms. Mascherin, what is it that you want stayed?
14     MS. MASCHERIN: What we are seeking to stay, your
15 Honor, is discovery and the dates under the local patent
16 rules. So those deadlines. And the ones that would be most
17 immediate coming up would be the deadlines for the parties to
18 file infringement and noninfringement and invalidity
19 contentions, which get triggered absent other ruling by this
20 Court, I believe, by the date on which the responsive
21 pleading was filed. Those contentions require substantial
22 work with respect to researching prior art and so forth.
23     Our motion to dismiss in this case is -- if I may,
24 is not a garden-variety motion to dismiss. And I understand
25 it is not -- it's not the case that a court would, as an

1    ordinary matter of course, stay discovery pending ruling on a
2    12(b)(6) motion.  This is a motion under Section 101 of the
3    Act.  And the arguments that we make in the motion to dismiss
4    are to the effect that the subject matter of the three claims
5    that are asserted in this case -- one claim from each of
6    three different patents -- are not patent-eligible material
7    under the Patent Act.
8            The Federal Circuit has recently issued a number of
9    decisions which we discuss in our motion, you will see, which
10   address patent claims that are quite similar to the claims
11   that are raised in this case.
12           So what we have really is a situation where the
13   Federal Circuit says Section 101 patent eligibility is a
14   threshold issue.  You don't even get to whether there is
15   prior art or other invalidity issues if the subject matter of
16   the patent is not patent-eligible at Step 1.
17           So this is not -- I would submit not a
18   garden-variety motion to dismiss.  There is a substantial
19   amount of work that both parties would need to do with
20   respect to infringement, noninfringement, and invalidity, not
21   to mention all of the ordinary discovery that would start to
22   take place pending ruling on this motion when it's our
23   position that these patents are invalid under Section 101,
24   and this action ought to be dismissed for that purpose.
25           Now, we are not seeking to stay the deadline for

1  the regular initial disclosures.  We stand ready to make
2  those under the schedule that normally applies, which I think
3  has them due later this week.  So we will be producing those
4  documents.  We will be making that information available.
5              But there is a substantial amount of additional
6  work that falls particularly on the defendant, who's being
7  accused of infringing these patents for the first time, to
8  research the patents and the prior art and so forth.
9              With respect to prejudice, I would just say, as we
10 say in our motion, the Amazon products that are accused in
11 this case have been on the market since the early 2000s.  The
12 plaintiff -- these patents issued a number of years ago.  As
13 Mr. Mariotti just said, they are approaching expiration date.
14 They are quite old patents.  They are not brand-new patents.
15             Plaintiff took no action -- Amazon Web Services
16 products have been advertised in the market for more than a
17 decade.  And plaintiff took no action against these products
18 until December of last year.
19             So there certainly would not be -- this is not the
20 kind of a case where an injunction would ever issue.  At
21 most, if these -- if ultimately the Court rules that these
22 patents are indeed valid, at most, this would be a claim for
23 damages.
24             There is no imminent harm here to plaintiffs.  They
25 have waited a considerable number of years to bring this

1  damages case.

2  We do think that the issues that we raise in our
3  Section 101 motion are very serious issues and not -- as I
4  said, not garden-variety 12(b)(6) issues. Therefore, we seek
5  some -- we seek to ask the Court to exercise its discretion
6  here to give us some relief with respect to the burden that
7  falls on Amazon while the Court is considering the motion to
8  dismiss.

9  MR. MARIOTTI: Judge, as a starting point, I mean,
10 we have obviously a very different perspective on the law,
11 but we also have a different perspective on the facts.

12 I mean, the facts and the allegations here are that
13 our products substantially improve conventional systems and
14 that that's going to be an issue here in a 101 case.

15 In fact, a 101 motion to dismiss is common. It's
16 garden-variety in this type of patent case. This isn't sort
17 of an issue where it's just off on its own. Let's say we
18 have qualified immunity or something. This is, I think,
19 something in which there is going to be factual
20 determinations made, first of all.

21 Second of all, the local patent rules build into
22 the fact that there is going to be a dispositive motion, and
23 everything is keyed off of that. I mean, the contemplation
24 and the expectation in our local patent rules is that the
25 case moves forward when there is a dispositive motion.

1          And as to prejudice, look, the burden is not, first
2  of all, on a small business like our clients, a Chicago
3  business like this, to be -- has to immediately and
4  vigorously enforce its rights.  Frankly, it took a lot of
5  work to get to a point where our client was able to bring
6  this claim.  And it is being damaged every day.
7          And in this litigation -- the issue is, will the
8  plaintiff be prejudiced in this litigation?  Of course, down
9  the line I want to be able to argue, for example, to a jury
10 that the damages are increasing every day as opposed to
11 having an expired patent.
12         So to me, I understand that there is some burden on
13 Amazon, but they have had this case since December.  We have
14 been accommodating to them.  I don't see any reason why, like
15 in any other case, this case can't move forward on a motion
16 to dismiss.
17         THE COURT:  Why did your client wait so long to
18 file this case?
19         MR. MARIOTTI:  I am going to let Phil answer this
20 one.
21         THE COURT:  Sure.  Mr. Lee.
22         MR. LEE:  I think Mr. Mariotti mentioned our client
23 is a small business.  And I don't think generally there is an
24 expectation that a patentee move to enforce their rights as
25 soon as they know that there is a potential of a lawsuit out

1    there.
2           I think our client did what it was expected to do.
3    And after awhile of undertaking some type of investigation,
4    it moved on its rights.
5           And generally my understanding, your Honor, is that
6    there is no expectation of a patentee to move as soon as
7    possible.
8           And if there is a claim for laches or equitable
9    estoppel here, we haven't seen it yet in this case.
10          THE COURT:  I am not suggesting there is laches or
11   equitable estoppel.
12          The fact that your client is a small company cuts
13   both ways in the sense that I would assume that this
14   intellectual property is a valuable asset to your client and
15   that it would have been vigorous about enforcing that.
16          It's not the same thing as jumping on a trade
17   secret.  I recognize that it's not always possible to
18   recognize the infringement that's going on, but just curious.
19          Here is my sense.  I think what we should do is
20   this:  I am going to give the plaintiff 28 days to respond to
21   the motion to dismiss and then 14 days for a reply.
22          I am going to set -- I do want the parties to go
23   ahead with the Rule 26 disclosures, but I also want to set
24   the case for a really rapid argument so that I have a
25   sense -- I may not be able to rule at the time of the

1    argument, but I will certainly be able to tell you whether or
2    not we ought to continue with a stay.
3            But apart from the 26(a)(1) disclosures, I will
4    stay other discovery at this point expecting that I will
5    likely lift it at the time of the argument.
6            So let's get that scheduled right now.  Today is
7    the 15th.  So response would be due on May 13th.  Reply by --
8    I am going to say May 28th.
9            Why don't we set it down for argument on the 30th
10   or 31st of May.  I should have had a chance to review
11   everybody's briefs by then.
12           MS. MASCHERIN:  That's fine.
13           THE COURT:  We can set aside 20, 25 minutes each
14   side, something like that.
15           MR. MARIOTTI:  That works, Judge.
16           THE COURT:  All right.  How about late in the
17   morning of the 30th?
18           MS. MASCHERIN:  That's fine.
19           THE COURT:  Let's make it 10:30.
20           MS. MASCHERIN:  And just to be clear, your Honor,
21   are the deadlines that are coming up in the local patent
22   rules also stayed pending the hearing?
23           THE COURT:  Stayed pending the argument apart from,
24   again, the 26(a)(1) disclosures.
25           MS. MASCHERIN:  Right.

```
 1            THE COURT:  All right.  Thank you.
 2            MR. MARIOTTI:  Thank you, your Honor.
 3            MS. MASCHERIN:  Thank you, your Honor.
 4                    *     *     *     *     *
 5   I certify that the foregoing is a correct transcript from the
     record of proceedings in the above-entitled matter.
 6
 7   /s/ Frances Ward                             May 13, 2019.
     Official Court Reporter
 8   F
```