# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KOVE IO, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:18-cv-08175 |
| AMAZON WEB SERVICES, INC., | ) | |
| | ) | Hon. Judge Rebecca R. Pallmeyer |
| Defendant. | ) | |
| | ) | |
| | ) | |

**PROTECTIVE ORDER**

The Court enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1.  <u>Findings</u>: The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the Party producing such information.

2.  <u>Definitions</u>:

a.  "Party" means a named Party in this case. "Person" means an individual or an entity. "Producer" means a Person who produces information via the discovery process in this case. "Recipient" means a Person who receives information via the discovery process in this case.

b.  "Confidential" information is information concerning a Person's business operations, processes, and technical and development information, other than Source Code as defined in Paragraph 2(d), within the scope of Rule 26(c)(l)(G), the disclosure of which is likely to harm that Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third-person or to a Court.

c.      "Highly Confidential" information is information within the scope of Rule 26(c)(l)(G) that is current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third-person or to a Court.

d.      "Source Code" information is Highly Confidential information representing source code, object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code.  For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm.

e.      Information is not Confidential, Highly Confidential, or Highly Confidential – Source Code if it is disclosed in a printed publication, is known to the public, was known to the Recipient without obligation of confidentiality before the Producer disclosed it, or becomes known to the Recipient by means not constituting a breach of this Order. Information is likewise not Confidential, Highly Confidential, or Highly Confidential – Source Code if a Person lawfully obtained it independently of this litigation through means not subject to a duty of confidentiality (e.g., subject to a protective order in an unrelated litigation or under a non-disclosure agreement).

3.      <u>Designation of Information as Confidential, Highly Confidential, or Highly Confidential – Source Code:</u>

a. A Person's designation of information as Confidential, Highly Confidential, or Highly Confidential – Source Code means that the Person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

b. A Person designates information in a document or thing as Confidential, Highly Confidential, or Highly Confidential – Source Code by clearly and prominently marking it on its face as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – SOURCE CODE." A Producer may make documents or things containing Confidential, Highly Confidential, or Highly Confidential – Source Code information available for inspection and copying without marking them without forfeiting a claim of confidentiality, so long as the Producer causes copies of the documents or things to be marked as Confidential, Highly Confidential, or Highly Confidential – Source Code before providing them to the Recipient.

c. A Person designates information in deposition testimony as Confidential, Highly Confidential, or Highly Confidential – Source Code by stating on the record at the deposition that the information is Confidential, Highly Confidential, or Highly Confidential – Source Code or by advising the opposing Party and the stenographer and videographer in writing, within fourteen (14) days after receipt of the deposition transcript, that the information is Confidential, Highly Confidential, or Highly Confidential – Source Code.

d. A Person's failure to designate a document, thing, or testimony as Confidential, Highly Confidential, or Highly Confidential – Source Code does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

e. A Person who has designated information as Confidential, Highly Confidential, or Highly Confidential – Source Code may withdraw the designation by written notification to all parties in the case.

f.      If a Party disputes a Producer's designation of information as Confidential, Highly Confidential, or Highly Confidential – Source Code, the Party shall notify the Producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials.  The Party and the Producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court.   If the Parties cannot resolve a challenge without Court intervention, the challenging Party may file and serve a motion challenging a confidentiality designation within fourteen (14) days of the initial notice of challenge or within seven (7) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later.   The Producer bears the burden of proving that the information is properly designated as Confidential, Highly Confidential, or Highly Confidential – Source Code.   The information shall remain subject to the Producer's Confidential, Highly Confidential, or Highly Confidential – Source Code designation until the Court rules on the dispute.  A Party's failure to contest a designation of information as Confidential, Highly Confidential, or Source Code is not an admission that the information was properly designated as such.

4.      <u>Use and Disclosure of Confidential or Highly Confidential Information</u>:

a.      Confidential and Highly Confidential information may be used exclusively for purposes of this litigation, subject to the restrictions of this order.

b.      Absent written permission from the Producer or further order by the Court, the Recipient may not disclose Confidential information to any Person other than the following: (i) a Party's outside counsel of record, including necessary paralegal, secretarial and clerical Personnel assisting such counsel; (ii) a Party's in-house counsel; (iii) a Party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise,

manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(d) of this order, experts and consultants and their staff whom a Party employs for purposes of this litigation only, including vendors to whom disclosure is reasonably necessary for this litigation (*e.g.*, electronic discovery vendors); and (vi) the Court and Personnel assisting the Court.

   c.  Absent written permission from the Producer or further order by the Court, the Recipient may not disclose Highly Confidential information to any Person other than those identified in paragraphs 4(b)(i), (iv), (v), and (vi).

   d.  A Party may not disclose Confidential or Highly Confidential information to an expert or consultant pursuant to paragraph 4(b) or 4(c) of this order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order (the experts' or consultants' staff need not sign Appendix 1). The Party obtaining the undertaking must serve it on all other parties within ten (10) days after its execution. At least ten (10) days before the first disclosure of Confidential or Highly Confidential information to an expert or consultant (or member of their staff), the Party proposing to make the disclosure must serve the Producer with a written identification of the expert or consultant, a copy of his or her curriculum vitae, and a written identification of each person or entity from whom the expert or consultant has received compensation or funding for work in his or her areas of expertise or to whom the expert or consultant has provided professional services, including in connection with a litigation, at any time during the preceding five years, and any litigation (by name and number of the case, filing date, and location of court) in connection with which the expert or consultant has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. If the Producer has good cause to object to the disclosure (which does not

include challenging the qualifications of the expert or consultant), it must serve the Party proposing to make the disclosure with a written objection within seven (7) days after service of the identification. Unless the parties resolve the dispute within seven (7) days after service of the objection, the Producer must move the Court promptly for a ruling, and the Confidential or Highly Confidential information may not be disclosed to the expert or consultant without the Court's approval.

e.     Notwithstanding paragraph 4(a) and (b), a Party may disclose Confidential or Highly Confidential information to: (i) any employee of the Producer; (ii) any Person no longer affiliated with the Producer, who authored the information in whole or in part; and (iii) any Person who received the information before this case was filed.

f.     A Party who wishes to disclose Confidential or Highly Confidential information to a Person not authorized under paragraph 4(b) or 4(c) must first make a reasonable attempt to obtain the Producer's permission. If the Party is unable to obtain permission, it may move the Court to obtain permission.

g.     If a Recipient of Confidential or Highly Confidential information receives compulsory process (*e.g.*, subpoena) commanding production of documents, ESI, or things containing a Producer's Confidential or Highly Confidential information, the Recipient must promptly notify the Producer, in addition to following the other provisions of this Order.

5.     Use and Disclosure of Source Code Information:  For information designated Highly Confidential – Source Code, the following restrictions apply in addition to those provided for Highly Confidential information in paragraph 4:

a.     Access to a Party's Source Code information shall be provided on "stand-alone" computers (that is, the computers may not be linked to any network, including a local area network

("LAN"), an intranet, or the Internet) at either the offices of the Producer's outside counsel or at any other mutually agreeable location, where if requested, a separate "break" room next to the stand-alone computers shall be provided to the Recipient. The stand-alone computers shall consist of at least two (2) computers with two (2) monitors for each computer. The monitors shall be of reasonable size and no smaller than 20 in. monitors. The stand-alone computers may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 5(g.-h.) below. If requested by the Recipient, the Producer shall install tools reasonably necessary to review the source code on the stand-alone computers including, but not limited to: Grep, Understand, Visual Slick Edit, Source-Navigator, PowerGrep, ExamDiff Pro, Beyond Compare, Adobe Reader, Microsoft Office Viewer(s), Notepad++, and/or Cygwin. If the Producer does not possess an appropriate license to any such software tools, the Recipient may provide the Producer with a licensed copy of such software tools, and the Producer shall install such software tools on the stand-alone computers. If the Parties are unable to reach an agreement as to the production of source code, then the Parties will request the Court to resolve any such dispute at that time;

b.    The Recipient shall make reasonable efforts to restrict its requests for such access to the stand-alone computers to normal business hours, which for purposes of this paragraph shall be Monday through Friday, 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the Recipient, the Producer shall make reasonable efforts to accommodate the Recipient's request for access to the stand-alone computers outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producer's Source Code information shall not unreasonably hinder the Recipient's ability to efficiently and effectively conduct the prosecution or defense of this Action. Upon request, it is expected that access to the Source Code shall be

provided at the site of any deposition, hearing, or trial. The Producer shall make the Source Code information available for inspection upon reasonable notice to the Producer, which shall not be less than ten (10) days for the first time the Recipient requests inspection of the Source Code information and not less than two (2) days thereafter (and in any event, the Parties agree to cooperate in good faith when such requests are made);

       c.    The Producer shall provide the Recipient with information explaining how to start, log on to, and operate the stand-alone computers in order to access the produced Source Code information on the stand-alone computers;

       d.    Access to material designated Highly Confidential – Source Code shall be limited Persons identified in paragraph 4(b)(i), (iv), (v), and (vi), with the exception that Source Code shall not be disclosed to any current or former employee or affiliate of the Recipient. A Recipient may include excerpts of Source Code information in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the materials containing Highly Confidential – Source Code information are appropriately marked under this Order and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

       e.    To the extent portions of Source Code information are quoted in a document, either (1) the entire document will be stamped and treated as Highly Confidential – Source Code or (2) those pages containing quoted Source Code information will be separately stamped and treated as Highly Confidential – Source Code;

       f.    Except as set forth in paragraph 5(g. and h.) below, no electronic copies of Source Code information shall be made without prior written consent of the Producer, except as necessary to create documents which, pursuant to the Court's rules, procedures and orders, must be filed or served electronically;

g.      The Recipient shall be permitted to make a reasonable number of printouts and photocopies of Source Code information.  At the request of the Recipient, the Producer shall within two (2) business days provide three (3) hard copy printouts of the specific lines, pages, or files of the Source Code that the Recipient believes in good faith are necessary to understand a relevant feature of an accused product.  If the Producer objects in any manner to the production of the requested Source Code (e.g., the request is too voluminous), it shall state its objection within the allotted two (2) business days pursuant to this paragraph. In the event of a dispute, the parties will meet and confer within five (5) business days of the objection being raised and if they cannot resolve it the parties will raise it with the Court. Any printouts of Source Code information shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE," and the Recipient shall maintain a log of all such files that are printed or photocopied.  The Producer shall be entitled to obtain a copy of the log upon request.  The Recipient shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance.

h.      Should such printouts or photocopies be transferred back to electronic media (e.g., a DVD, CD-ROM, an external hard drive, or flash memory "stick"), such media shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall continue to be treated as such.  The Recipient is permitted to possess up to six (6) CDROMs, DVDs, external hard drives, or flash memory sticks that contain an electronic copy of all or any portion of the hard copy print-outs of Source Code provided by the Producer.  The Recipient may provide these electronic media to qualified Outside Consultants who may use such electronic media solely for active review of the Source Code.  The Recipient is also permitted to make temporary copies necessarily made in the production of these electronic media, provided any such copies are immediately deleted once the temporary copies are no longer required for the production of the electronic media.  The electronic

media shall not be copied, in whole or in part, under any other circumstances. A Recipient may destroy one or more of the six (6) previously created electronic media and create one or more new electronic media provided that the total number in possession of the Recipient does not exceed six (6). All electronic media shall be destroyed within five (5) days after the completion of the Action, including any and all appeals, or the Producer's exit from the Action, whichever occurs first. The Recipient shall keep and maintain a log of all custodians for all of the electronic media as well as the destruction of all such electronic media;

i.      If the Recipient's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code information, the Recipient shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The Recipient may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings relating to the Source Code information, for the dates associated with the proceedings; (ii) the sites where any depositions relating to the Source Code information are taken, for the dates associated with the depositions; and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition); and

j.      A Producer's Source Code information may only be transported by the Recipient at the direction of a Person authorized under paragraph 5(d) above to another Person authorized under paragraph 5(d) above, on paper or electronic media via hand carry, Federal Express or other similarly reliable courier, except that transmission of the six (6) encrypted copies allowed pursuant to the provisions of paragraph 5(h) may be transmitted via FTP with a password to unencrypt the media provided orally, via telephone or in-person, upon confirmation of receipt. Otherwise, Source Code information may only be transported electronically for the purpose of Court

proceedings or depositions as set forth in paragraph 5(i) above and is at all times subject to the transport restrictions set forth herein.  But, for those purposes only, the Source Code information may be loaded onto a stand-alone computer.  The Producer shall, on request, make an electronic copy of the Source Code available on a stand-alone computer during depositions of witnesses who would otherwise be permitted access to such Source Code.  The Recipient shall make such a request at the time of the notice for deposition.

      6.    <u>Inadvertent Disclosure</u>:

      a.    Inadvertent disclosures of any documents or information shall be without prejudice to and shall not waive, for purposes of this case or otherwise, any attorney-client privilege or work product protection that otherwise would apply.

      b.    A Producer may assert privilege or protection over produced documents or information at any time by notifying the Recipient Party in writing of the assertion of privilege or protection, except that:

      c.    Affirmative use of a document or information by the Producer in the case waives privilege and protection with respect to it; and

      d.    Upon use in the case by another Party of a document or information that was produced by a Party, the Producer must promptly assert any claimed privilege and/or protection over it and request return or destruction thereof.

      e.    Upon receipt of notice of the assertion of privilege or protection over produced documents or information, the Recipient shall:

      (1)    Within five (5) days promptly certify in writing to the Producer that it has returned or destroyed the applicable document(s) and/or ESI, and has made reasonably diligent

efforts to identify and destroy each copy thereof and all information derived therefrom (normally reasonable diligence will not include disaster recovery media); and

(2)     to whatever extent it contests the assertion of privilege or protection, promptly so notify the Producer.

f.     In the event of a contested assertion of privilege or protection over produced documents or information that cannot be resolved amicably after meeting and conferring in good faith, either Party may bring the contest to the attention of the Court by motion.

7.     <u>Filing with the Court</u>:

a.     This protective order does not, by itself, authorize the filing of any document under seal.  No document may be filed under seal without prior leave of court.  A Party wishing to file under seal a document containing Confidential, Highly Confidential, or Highly Confidential – Source Code information must move the Court, consistent with Local Rule 26.2(b) and prior to the due date for the document, for permission to file the document under seal.  If a Party obtains permission to file a document under seal, it must also (unless excused by the Court) file a public-record version that excludes ay Confidential, Highly Confidential, or Highly Confidential – Source Code information.

b.     If a Party wishes to file in the public record a document that another Producer has designated as Confidential, Highly Confidential, or Highly Confidential – Source Code, the Party must advise the Producer of the document no later than two (2) days before the document is due to be filed, so that the Producer may move the Court to require the document to be filed under seal.

c.     Pursuant to Local rule 5.8, any document filed under seal must be accompanied by a cover sheet disclosing (i) the caption of the case, including the case number; (ii) the title "Restricted Document Pursuant to Local rule 26.2;" (iii) a statement that the document is filed as

restricted in accordance with a court order and the date of the order; and (iv) the signature of the attorney of record filing the document.

8. <u>Document Disposal</u>: Upon the conclusion of this case, each Party must return to the Producer all documents and copies of documents containing the Producer's Confidential, Highly Confidential, or Highly Confidential – Source Code information. Each Party must also destroy all notes memoranda, or other materials derived from or in any way revealing Confidential, Highly Confidential, and Highly Confidential – Source Code information, including any printouts or photocopies of Highly Confidential – Source Code information that were made subject to Paragraph 5(h). Alternatively, if the Producer agrees, or if return is not feasible (*e.g.*, for certain ESI), the Party may destroy all documents and copies of documents containing the Producer's Confidential, Highly Confidential, or Highly Confidential – Source Code information and provide certification of such destruction. The Party returning and/or destroying the Producer's Confidential, Highly Confidential, and Highly Confidential – Source Code information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a Party and its counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this order.

9. <u>Originals</u>. A legible photocopy of a document may be used as the "original" for all purposes in this action. The actual "original," in whatever form the Producer has it, must be made available to any other Party within ten days after a written request.

10. <u>Survival of obligations</u>. This order's obligations regarding Confidential, Highly Confidential, and Highly Confidential – Source Code information survive the conclusions of this case.

11. <u>Patent prosecution bar</u>. Absent the written consent of the Producer, any individual who receives one or more items designated "Highly Confidential" and/or "Highly Confidential – Source Code," or who obtains, receives, or otherwise learns, in whole or in part, a Producer's Highly Confidential or Highly Confidential – Source Code information under this Order, shall not, during the pendency of this Action and for two (2) years after its conclusion, including any appeals: (a) prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the invention of the Patent(s)-in-Suit; or (b) advise, consult, or participate in the drafting or amending of claims pertaining to the invention of the Patent(s)-in-Suit, and will not use any of the Producer's Highly Confidential or Highly Confidential – Source Code information in any reexamination, *inter partes* review, covered business method review, post grant review, or other similar proceeding before the UPSTO of the Patent(s)-in-Suit (collectively "USPTO Proceeding"), but may otherwise assist with and participate in the USPTO Proceeding (and any appeals therefrom). To ensure compliance with the purpose of this provision, each Recipient Party shall create an "Ethical Wall" between those individuals who obtain, receive, or otherwise learn, in whole or in part, Highly Confidential or Highly Confidential – Source Code information and any individuals who: prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the invention of the Patent(s)-in-Suit; or advise, consult, or participate in the drafting or amending of claims pertaining to the invention of the Patent(s)-in-Suit in a USPTO Proceeding. The Highly Confidential information discussed in this paragraph do not include financial or non-technical information designated as Highly Confidential.

12. <u>Producing a Third Party's Confidential or Highly Confidential Information in This Litigation</u>. In the event that a Party is required, by a valid discovery request, to produce a Third Party's protected information in its possession, and the Party is subject to an agreement restricting

the ability to produce the Third Party's protected information, then the Party shall: (1) promptly notify in writing the requesting Party and the Third Party that some or all of the information requested is subject to a confidentiality agreement; (2) promptly provide the Third Party with a copy of the Protective Order and the relevant discovery requests; and (3) promptly make the information requested available for inspection by the Third Party.  If the Third Party fails to seek a protective order or other relief from this Court within fourteen (14) days of receiving the notice and accompanying information, the Third Party's protected information responsive to the discovery request shall be produced, with an appropriate confidentiality designation.  If the Third Party timely seeks a protective order, the Third Party's protected information responsive to the discovery request shall not be produced before a determination by the Court.  Absent a Court order to the contrary, the Third Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

13.    Export Control. Disclosure of materials designated as Confidential, Highly Confidential, or Highly Confidential – Source Code shall be subject to all applicable laws and regulations relating to the export of technical data contained in such materials, including the release of such technical data to foreign Persons or nationals in the United States or elsewhere. The Producer shall be responsible for identifying any such controlled technical data, and the Recipient shall take measures necessary to ensure compliance.

15

Dated: July 8, 2019

Respectfully submitted,

*/s/ Phillip Lee*
Phillip Lee

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
Holly H. Campbell
hcampbell@thompsoncoburn.com
Thompson Coburn LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500
Telecopier: (312) 580-2201

Sarah O. Jorgensen (*pro hac vice*)
sjorgensen@reichmanjorgensen.com
Reichman Jorgensen LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (650) 623-1403
Telecopier: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Reichman Jorgensen LLP
1615 M Street, NW, Suite 300
Washington, DC 20036
Telephone: (202) 894-7311
Telecopier: (650) 623-1449

Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Reichman Jorgensen LLP
100 Park Avenue, Suite 1600
New York, NY 10017
Telephone: (646) 921-1474
Telecopier: (650) 623-1449

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Shawna L. Ballard
sballard@reichmanjorgensen.com
Jennifer P. Estremera (*pro hac vice*)
jestremera@reichmanjorgensen.com
Phillip J. Lee (*pro hac vice*)
plee@reichmanjorgensen.com
Joachim B. Steinberg (*pro hac vice*)
jsteinberg@reichmanjorgensen.com
Michael G. Flanigan (State Bar No. 6309008)
mflanigan@reichmanjorgensen.com
Kate M. Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
Reichman Jorgensen LLP
303 Twin Dolphin Drive, Suite 600
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

**ATTORNEYS FOR PLAINTIFF**
**KOVE IO, INC.**

s/ Terri L. Mascherin

Adam G. Unikowsky                     Terri L. Mascherin
JENNER & BLOCK LLP                    Michael Babbitt
1099 New York Ave. NW Suite 900       Michael T. Werner
Washington, DC 20001                  JENNER & BLOCK LLP
(202) 639-6000                        353 N. Clark St.
aunikowsky@jenner.com                 Chicago, IL 60654
                                      (312) 222-9350
                                      tmascherin@jenner.com
                                      mbabbitt@jenner.com
                                      mwerner@jenner.com

*Attorneys for Amazon Web Services, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KOVE IO, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:18-cv-08175 |
| AMAZON WEB SERVICES, INC., | ) | |
| | ) | Hon. Judge Rebecca R. Pallmeyer |
| Defendant. | ) | |
| | ) | |
| | ) | |

**UNDERTAKING OF [INSERT NAME]**

I, [**insert persons name**], state the following under penalties of perjury as provided by

_____, have been retained by [**insert Party's name**] as an expert or consultant in

connection with this case. I will be receiving Confidential [and Highly Confidential / Highly

Confidential – Source Code] information that is covered by the Court's protective order dated

[**date**]. I have read the Court's protective order and understand that the Confidential [and Highly

Confidential / Highly Confidential – Source Code] information is provided pursuant to the terms

and conditions in that order.

I agree to be bound by the Court's protective order. I agree to use the Confidential [and

Highly Confidential / Highly Confidential – Source Code] information solely for the purpose of

this case. I Confidential understand that neither the Confidential [and Highly Confidential / Highly

Confidential – Source Code] information nor any note concerning that information may be

disclosed to anyone that is not bound by the Court's protective order. I agree to return the

Confidential [and Highly Confidential / Highly Confidential – Source Code] information and any

notes concerning that information to the attorney for [**insert name of retaining Party**] or to

destroy the information and any notes at the attorney's request.

I submit to the jurisdiction of the Court that issued the protective order for purposes of enforcing that order.   I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

_____
(signature)