IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Amazon Web Services, Inc., <br><br> Defendant. | Civil Action No. 1:18-cv-08175 <br><br> Judge Rebecca R. Pallmeyer <br><br> Jury Trial Demanded |

**JOINT MOTION FOR ENTRY OF REPORT OF PARTIES' PLANNING MEETING
AND AGREED CASE SCHEDULE**

Plaintiff, Kove IO, Inc. ("Plaintiff" or "Kove") and Defendant Amazon Web Services, Inc. ("Defendant" or "AWS") jointly submit this Report pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), the Local Rules, and the orders of this Court.

**1. Meeting**

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on February 26, 2019 at the offices of Thompson Coburn LLP and was attended in-person by Renato Mariotti and Holly H. Campbell of Thompson Coburn LLP and Phillip Lee and Michael Flanigan of Reichman Jorgensen LLP via telephone on behalf of Kove; and Terri Mascherin and Michael Babbitt of Jenner & Block LLP on behalf of AWS.

The conference was productive in establishing a discovery schedule and outlining various issues and positions.

**2. Nature of the Case**

a. This case involves the following claims and counterclaims:

1

**Plaintiff's Statement:**

This is a patent infringement case involving U.S. Patent No. 7,814,170, entitled "Network distributed tracking wire transfer protocol"; U.S. Patent No. 7,103,640, entitled "Network distributed tracking wire transfer protocol"; U.S. Patent No. 7,233,978, entitled "Method and apparatus for managing location information in a network separate from the data to which the location information pertains" ("Asserted Patents"). Kove owns the Asserted Patents, and it instituted this action on December 12, 2018 (Dkt. No. 1), alleging certain AWS cloud products and services infringe the Asserted Patents ("Accused Products"). Kove seeks an order permanently enjoining AWS from engaging in infringing activities with respect to the Asserted Patents. In addition, to the fullest extent permitted by law, Kove seeks recovery of damages at least for reasonable royalties, lost profits, and/or benefits received by AWS as a result of infringing the Asserted Patents.

The Asserted Patents are directed to patent eligible subject matter – narrowly tailored to improve to computer functionality.

**Defendant's Statement:**

Amazon has filed a motion to dismiss Kove's complaint in its entirety on the grounds that each of the Asserted Patents and claims is invalid as unpatentable subject matter. The claims of the Asserted Patents recite abstract data-manipulation steps, such as "receiving" or "storing" information, on generic computer components. None of the claims are patentable subject matter. Even if Amazon's motion to dismiss is not granted, the Asserted Patents are invalid as anticipated and/or obvious over a myriad of prior art references. Finally, Amazon's Asserted Products do not infringe the claims of the Asserted Patents. Amazon has not yet answered or raised counterclaims against Kove, because of the pending motion to dismiss, but reserves the right to do so if the case

and discovery progresses.

In addition, Amazon notes that the investigation regarding the invalidity of the asserted patents and the prior art is in its preliminary stages. No post-grant proceedings with the Patent Office have been filed yet. However, Amazon reserves the right to seek a stay of the case at the appropriate time in light of any potential *inter partes* review request concerning the asserted patents.

    b.    The parties agree that this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). The parties also agree that venue is proper under 28 U.S.C. §§1391(b), 1391(c), and 1400(b).

**3.    Pre-trial Schedule**

The parties jointly propose to the court the following discovery plan:

    a.    A non-exhaustive list of the discovery that will be needed includes the following subjects:

        1.    The research, design, development and reduction to practice of the Asserted Patents, including all documentation relating to the research and development of the Asserted Patents;

        2.    Prior art to the Asserted Patents, including but not limited to publications and public knowledge and/or use of systems and methods covered by the Asserted Patents;

        3.    AWS's knowledge of the Asserted Patents;

        4.    The design, development, manufacture, use, sale, and/or offers to sell the Accused Products; and

        5.    AWS's revenues and profits related to the Accused Products.

    b.    Disclosures pursuant to Federal Rule Civil Procedure 26(a)(1) and Local Patent

Rule 2.1 to be made by April 19, 2019.

  c.  The parties have discussed discovery of electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties agree to conform to the Local Patent Rules for Electronically Stored Information. In addition, the parties agree to supplement the Local Patent Rules for Electronically Stored Information by following the Federal Circuit Model Order Regarding E-Discovery in Patent Cases. The parties will meet and confer regarding methodologies for addressing ESI after service of written discovery requests.

  d.  The parties agree that the obligations to disclose information about documents over which privilege is asserted pursuant to Fed. R. Civ. P 25(b)(5) shall not extend to privileged communications after the filing of the complaint in this matter.

  b.  The parties agree that each side may take up to ten (10) fact depositions pursuant to Rule 30 (not including depositions of expert witnesses and depositions of non-parties conducted pursuant to Federal Rule of Civil Procedure 45), unless that limit is extended by agreement of the parties or by leave of the Court. Each deposition is limited to seven hours of record time. The parties will confer to adjust the time limits if needed for a particular witness.

  c.  The parties expect the maximum number of interrogatories by each party to another party to be twenty-five (25) with responses due thereto within 30 days of service pursuant to Fed. R. Civ. P. 33.

  d.  The parties acknowledge that the requirements of the Local Patent Rules apply in this case. Additional discovery dates can be found in the attached Exhibit A – Proposed Schedule.

e. Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

**4. Trial Schedule**

a. Final pretrial order: Given the Patent Local Rules and the schedule set forth above, the parties are presently unable to determine the exact date of the filing of the joint pretrial order.

b. The case should be ready for trial as set forth in the above schedule, and the parties anticipate trial is expected to take approximately five (5) to seven (7) days.

**5. Expected Evidentiary Proceedings**

The parties anticipate there may be the following types of evidentiary hearings: *Markman* hearing; *Daubert* and dispositive motions hearing; and Jury trial

**6. Settlement**

Within sixty (60) days of the entry of this order, Kove will make a written settlement demand to AWS. AWS will respond in writing to Kove's settlement demand within thirty (30) days of receiving the demand.

**7. Consent**

Parties do not consent unanimously to proceed before a Magistrate Judge.

**8. Other Issues**

**Production Requirements for Experts:** The parties agree that a testifying expert's draft reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes, or outlines of draft reports that the testifying expert prepared in other cases be subject to discovery in this case. Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon

by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case.

No discovery can be taken from any consulting expert who does not testify, except to the extent that the consulting expert has provided information, opinion, or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony, or any other opinion in this case. No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case. Materials, communications (including e-mail), and other information exempt from discovery under this paragraph shall be treated as attorney work product for the purposes of this litigation.

**Video - "The Patent Process: An Overview for Jurors":** The parties agree the video "The Patent Process: An Overview for Jurors" or any subsequent version of same distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

**LPR 3.5 Relationship to USPTO Proceedings and Prior Litigation:** (1) The Asserted Patents are eligible to be challenged at the USPTO by AWS. (2) A challenge to the Asserted Patents may take the form of an *inter partes* review or a reexamination. AWS cannot challenge the Asserted Patents via Post Grant Review because the deadlines to do so have expired for all the Asserted Patents. The Asserted Patents are not directed to covered business method claims for the Covered Business Method Review to apply. (3) The earliest and latest date AWS may petition for an *inter partes* review at the USPTO was December 14, 2018 and is December 14, 2019. (4) The Asserted Patents have not been the subject of prior USPTO proceedings. (5) The Asserted Patents

6

do not have any prior litigation history.

**Service by Email:** The parties agree that all documents will be served electronically by email, except that documents too large for email service shall be timely made available on an FTP or similar file-sharing service and accompanied by an email describing the documents served. Such service shall constitute proper service under Fed. R. Civ. P. 5(b)(2)(E). The parties further agree that for all court filings (including those served through ECF) an email courtesy copy of such filing will be provided to all counsel of record consecutively with such filing. The parties agree that the provisions of Fed. R. Civ. P. 6(d) do not apply to this case.

**Protective Order:** The parties acknowledge the default protective order at Appendix B to the Local Patent Rules and will be conferring as soon as practicable to modify the default protective order.

**Deadlines:** The parties may move any deadline in this schedule, Exhibit A, by agreement, so long as any Court-ordered date for a claim construction hearing does not move. The parties agree to meet and confer and to submit proposed deadlines for the remaining case events within fourteen (14) days of the Court's claim construction ruling.

| | |
|---|---|
| Dated: July 8, 2019 | Respectfully submitted, |
| | /s/ *Phillip Lee* |
| | Phillip Lee |
| | |
| | Renato Mariotti (State Bar No. 6323198) |
| | rmariotti@thompsoncoburn.com |
| | Holly H. Campbell |
| | hcampbell@thompsoncoburn.com |
| | Thompson Coburn LLP |
| | 55 E. Monroe St., 37th Floor |
| | Chicago, IL 60603 |
| | Telephone: (312) 346-7500 |
| | Telecopier: (312) 580-2201 |
| Sarah O. Jorgensen (*pro hac vice*) | Courtland L. Reichman (*pro hac vice*) |
| sjorgensen@reichmanjorgensen.com | creichman@reichmanjorgensen.com |
| Reichman Jorgensen LLP | Shawna L. Ballard |
| 1201 West Peachtree, Suite 2300 | sballard@reichmanjorgensen.com |
| Atlanta, GA 30309 | Jennifer P. Estremera (*pro hac vice*) |
| Telephone: (650) 623-1403 | jestremera@reichmanjorgensen.com |
| Telecopier: (650) 623-1449 | Phillip J. Lee (*pro hac vice*) |
| | plee@reichmanjorgensen.com |
| Christine E. Lehman (*pro hac vice*) | Joachim B. Steinberg (*pro hac vice*) |
| clehman@reichmanjorgensen.com | jsteinberg@reichmanjorgensen.com |
| Reichman Jorgensen LLP | Michael G. Flanigan (State Bar No. 6309008) |
| 1615 M Street, NW, Suite 300 | mflanigan@reichmanjorgensen.com |
| Washington, DC 20036 | Kate M. Falkenstien (*pro hac vice*) |
| Telephone: (202) 894-7311 | kfalkenstien@reichmanjorgensen.com |
| Telecopier: (650) 623-1449 | Reichman Jorgensen LLP |
| | 303 Twin Dolphin Drive, Suite 600 |
| Jaime F. Cardenas-Navia (*pro hac vice*) | Redwood Shores, CA 94065 |
| jcardenas-navia@reichmanjorgensen.com | Telephone: (650) 623-1401 |
| Reichman Jorgensen LLP | Telecopier: (650) 623-1449 |
| 100 Park Avenue, Suite 1600 | |
| New York, NY 10017 | |
| Telephone: (646) 921-1474 | |
| Telecopier: (650) 623-1449 | |

| | **ATTORNEYS FOR PLAINTIFF KOVE IO, INC.** |
|---|---|
| | s/ Terri L. Mascherin |
| Adam G. Unikowsky<br>JENNER & BLOCK LLP<br>1099 New York Ave. NW Suite 900<br>Washington, DC 20001<br>(202) 639-6000<br>aunikowsky@jenner.com | Terri L. Mascherin<br>Michael Babbitt<br>Michael T. Werner<br>JENNER & BLOCK LLP<br>353 N. Clark St.<br>Chicago, IL 60654<br>(312) 222-9350<br>tmascherin@jenner.com<br>mbabbitt@jenner.com<br>mwerner@jenner.com<br><br>*Attorneys for Amazon Web Services, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Phillip Lee*
Phillip Lee

EXHIBIT A – PROPOSED SCHEDULE

| Event | Local Rule Deadline | Parties' Agreed Proposed Dates |
|---|---|---|
| Kove's Initial Infringement Contentions | June 13, 2019 (LPR 2.2: 14 days after Initial Disclosures) | July 5, 2019 |
| Amazon's Initial Non-Infringement, Unenforceability, and Invalidity Contentions | June 27, 2019 (LPR 2.3: 14 days after Initial Infringement Contentions) | August 6, 2019 |
| Amazon's Supplementary Initial Disclosures | June 27, 2019 (LPR 2.4: with Initial Non-Infringement and Invalidity Contentions) | August 6, 2019 |
| Kove's Initial Response to Non-Infringement and Invalidity Contentions | July 11, 2019 (LPR 2.5: 14 days after service of Initial Non-Infringement Contentions) | September 6, 2019 |
| Kove's List of Asserted Claims (Per local rule: 10 claims per patent; 20 claims total) | October 24, 2019 (LPR 3.1(a)(1): 19 weeks after deadline for service of Initial Infringement Contentions) | November 7, 2019 |
| Kove's Final Infringement Contentions | November 7, 2019 (LPR: 3.1(a)(2) 21 weeks after deadline for service of Initial Infringement Contentions | November 21, 2019 |
| Amazon's Final Unenforceability, and Invalidity Contentions | November 7, 2019 (LPR 3.1(b) same time as Final Infringement Contentions) | November 21, 2019 |
| Amazon's Supplemental Prior Art Disclosure | November 7, 2019 (LPR 3.3: with Final Unenforceability, and Invalidity Contentions) | November 21, 2019 |
| Amazon's Final Non- | December 5, 2019 | December 19, 2019 |

1

EXHIBIT A – PROPOSED SCHEDULE

| Event | Local Rule Deadline | Parties' Agreed Proposed Dates |
|---|---|---|
| Infringement Contentions / Kove's Final Enforceability and Validity Contentions | (LPR 3.2: 28 days after Final Infringement Contentions | |
| Exchange of Claim Terms to be Construed and Proposed Constructions | November 21, 2019 (LPR 4.1(a): within 14 days of service of Final Invalidity Contentions) | January 16, 2020 |
| Meet and Confer re Terms for Construction by Court | November 28, 2019 (LPR 4.1(b): within 7 days of exchange of claim terms) | January 23, 2020 |
| Amazon's Opening Claim Construction Brief | December 26, 2019 (LPR 4.2(a): 35 days after exchange of claim terms) | February 11, 2020 |
| Joint Appendix (W/ patents and prosecution histories) | December 26, 2019 (LPR 4.2(a): 35 days after exchange of claim terms) | February 11, 2020 |
| Close of Initial Fact Discovery | December 19, 2019 (LPR 1.3: 28 days after L.R. 4.1 exchange of claim terms) | February 14, 2020 |
| Kove's Responsive Claim Construction Brief | January 23, 2020 (LPR 4.2(c): 28 days after Opening Claim Construction Brief) | March 12, 2020 |
| Amazon's Reply Claim Construction Brief | February 6, 2020 (LPR 4.2(d) 14 days after Responsive Claim Construction Brief) | April 2, 2020 |
| Joint Claim Construction Chart | February 13, 2020 (LPR 4.2(f): 7 days after Reply Claim Construction Brief) | April 9, 2020 |
| Claim Construction Demonstrative Exhibits, etc. to be exchanged (LPR 4.3) | 3 days before the Markman Hearing | |
| Markman Hearing | Within 28 days of the filing of the reply claim construction | |

2

EXHIBIT A – PROPOSED SCHEDULE

| Event | Local Rule Deadline | Parties' Agreed Proposed Dates |
|---|---|---|
| (LPR 4.3) | brief or at the Court's convenience | |
| Parties agree to re-open fact discovery in light of the claim construction ruling (LPR 1.3) | Upon entry of claim construction ruling | |
| Parties Submit Proposed Deadlines for Remaining Case Events (including close of fact discovery, expert discovery dates, dispositive motion cutoff date, etc.) | 14 days after entry of the claim construction ruling | |