# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., | Civil Action No. 1:18-cv-08175 |
| Plaintiff, | Judge Rebecca R. Pallmeyer |
| v. | Jury Trial Demanded |
| Amazon Web Services, Inc., | |
| Defendant. | |

**MOTION TO EXTEND THE CASE SCHEDULE**

Plaintiff Kove IO, Inc. ("Kove") respectfully moves this Court for an extension of the present case schedule of two months. Defendant Amazon Web Services, Inc. ("Amazon") only produced limited portions its source code to Kove on October 14, 2019, around two weeks ago. In light of this very recent production date, the substantial deficiencies therein, and the longstanding deficiencies relating to Amazon's production of technical documents, Kove is left with insufficient time in the present schedule to review Amazon's production, secure the missing production, narrow the list of asserted claims, and prepare final infringement contentions. To avoid undue prejudice to it, Kove respectfully requests a two-month extension to the schedule, the granting of which Kove believes would allow the parties sufficient time to resolve their discovery disputes, for Amazon to remedy its production deficiencies, and for Kove to meaningfully review Amazon's production.

During a telephonic meet and confer with Amazon on Monday, October 28, 2019, Amazon informed Kove that it does not oppose the extension of any date in the schedule, except for the November 7th date for reduction of asserted claims under Local Patent Rule ("LPR")

3.1(a). Amazon's candid reason for opposing the extension only as to the November 7th date is that it would like to know which claims Kove intends to move forward on so that it can target those claims in its soon-to-be-due *inter partes* review ("IPR") filing.[1] While Amazon's desire to benefit from this information is understandable, it is also entirely incidental to — and should not be permitted to usurp — the issue at hand: Amazon's late produced source code has left Kove insufficient time to meaningfully reduce its claims and prepare its contentions. Kove believes that the prejudice to it in proceedings before this Court trumps whatever benefit Amazon may reap in a wholly unrelated proceeding from forcing Kove to narrow its claims in an unfairly compressed time frame. For reasons set forth more fully below, Kove respectfully requests that the Court grant an extension of two months to the current Scheduling Order (Dkt. No. 52).

## I.      LEGAL STANDARD

This Court has broad discretion to modify its scheduling order upon a showing of "good cause." *See, e.g.*, *Knowles Elecs. LLC v. Analog Devices, Inc.*, No. 11 C 6804, 2012 U.S. Dist. LEXIS 56135, at *15-16 (N.D. Ill. Apr. 23, 2012). In determining whether the moving party has shown good cause to extend the scheduling order, "the court primarily considers the diligence of the party seeking amendment" in attempting to meet the established deadlines. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005).

## II.      ARGUMENT

This is a patent infringement case, at heart of which lies Amazon's accused "AWS" cloud computing software. In order to comply with LPR 3.1(a), which requires Kove to reduce its overall number of asserted claims to no more than 20, Kove needs access to the source code for Amazon's AWS software and time to analyze it. At present, Kove does not have enough of either.

---

[1] Amazon is statutorily required to file any IPR within one year of being served with the Complaint in this case. 35 U.S.C. § 315(b).

Kove first requested the accused source code from Amazon on June 10, 2019. Amazon responded to the request on July 24, 2019, but did not provide access to any source code until October 14th.[2] Since that time, Kove has spent five full days at Amazon's secure facility in Chicago, reviewing the produced code. In doing so, Kove discovered not only that the code is extraordinarily complex and will require significant time and resources to unpack, but also that large portions of the code relevant to infringement are still missing.[3] Amazon has stated that it is working on providing the missing code, but has not done so to date. This exercise alone — identifying missing code and awaiting its production — may take weeks more to complete.

The current schedule requires Kove to provide its List of Asserted Claims pursuant to LPR 3.1(a) on November 7th — approximately a week from now, and less than a month after Amazon made its first (incomplete) production of the accused code. Despite its diligent efforts, Kove cannot meaningfully review the already-produced code in less than four weeks, nor can it review code that has *yet to be produced* by that deadline.

To alleviate the extreme prejudice to Kove and permit it fair opportunity to review the produced code and press for production of the still missing code, Kove requests a two-month extension of all pending deadlines, beginning with the November 7th deadline for providing its

---

[2] Due to scheduling difficulties, Amazon's counsel was unable to accommodate Kove's code reviewers during the latter half of the first week that the code was ostensibly available; Kove's first opportunity to review Amazon's code occurred on October 22nd.

[3] Amazon produced ninety source code packages underlying two discrete components of the Accused Products. (*See* Ex. A, October 14, 2019 Letter from Michael Werner to Jaime Cardenas-Navia; Ex. B, October 21, 2019 Email from Michael Babbitt to Jaime Cardenas-Navia.) Kove provided Amazon with detailed information regarding the missing code, including the names of specific source code packages, and also identified documents that would assist in the review and analysis of the code. (*See* Ex. C, October 25, 2019 Letter from Rahul Sarkar to Michael Babbitt re: Source Code Deficiencies; *see also* Ex. D, October 24, 2019 Letter from Jaime Cardenas-Navia to Michael Babbitt.)

List of Asserted Claims, as set forth in the table below:[4]

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Kove's List of Asserted Claims (Per local rule: 10 claims per patent; 20 claims total) | November 7, 2019 | January 9, 2019 |
| Kove's Final Infringement Contentions | November 21, 2019 | January 23, 2019 |
| Amazon's Final Unenforceability, and Invalidity Contentions | November 21, 2019 | January 23, 2019 |
| Amazon's Supplemental Prior Art Disclosure | November 21, 2019 | January 23, 2019 |
| Amazon's Final Non-Infringement Contentions / Kove's Final Enforceability and Validity Contentions | December 19, 2019 | February 20, 2019 |
| Exchange of Claim Terms to be Construed and Proposed Constructions | January 16, 2020 | March 19, 2020 |
| Meet and Confer re Terms for Construction by Court | January 23, 2020 | March 26, 2020 |
| Amazon's Opening Claim Construction Brief | February 11, 2020 | April 14, 2020 |
| Joint Appendix (w/ patents and prosecution histories) | February 11, 2020 | April 14, 2020 |
| Close of Initial Fact Discovery | February 14, 2020 | April 17, 2020 |
| Kove's Responsive Claim Construction Brief | March 12, 2020 | May 14, 2020 |
| Amazon's Reply Claim Construction Brief | April 2, 2020 | June 4, 2020 |
| Joint Claim Construction Chart | April 9, 2020 | June 11, 2020 |
| Claim Construction Demonstrative Exhibits, etc. to be exchanged (LPR 4.3) | 3 days before the Markman Hearing | |

---

[4] Because the deadline is mere days away and Kove is still reviewing partially produced code, Kove respectfully requests that it be relieved from its obligation to provide a List of Asserted Claims by November 7th, pending the Court's resolution of this Motion.

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Markman Hearing (LPR 4.3) | Within 28 days of the filing of the reply claim construction brief or at the Court's convenience | |
| Parties agree to re-open fact discovery in light of the claim construction ruling (LPR 1.3) | Upon entry of claim construction ruling | |
| Parties Submit Proposed Deadlines for Remaining Case Events (including close of fact discovery, expert discovery dates, dispositive motion cutoff date, etc.) | 14 days after entry of the claim construction ruling | |

Amazon's stated reason for opposing Kove's request only as to the November 7th date is that it needs Kove's reduced claim list so that it may benefit from it in Amazon's anticipated IPR filing, which is due on December 16, 2019. Amazon, however, has known since the filing of the Complaint nearly a year ago that it was statutorily required to file a petition for IPR within 12 months. It could have done so at any time (there is nothing in the PTAB rules or this Court's Local Rules that tie the filing of an IPR to any district court deadline or proceeding). Instead, Amazon made the calculated decision to wait until the eleventh hour, hoping to benefit from this Court's rule requiring plaintiffs to narrow asserted claims. Amazon may have succeeded in that endeavor, had it complied with its discovery obligations in a timely manner. But that is not what happened. Amazon produced (incompletely, as it turns out) vastly complex source code less than a month before Kove is obligated to narrow its claims, giving Kove far less time to perform this weighty task than was contemplated by the original schedule. That Amazon will miss the benefit of having Kove's reduced claim list is no reason to deprive Kove of the time it needs to fairly prepare its case.

## III.   CONCLUSION

For the reasons set forth above, Kove respectfully requests that the Court enter an order adjusting the Scheduling Order by two months.

Dated: October 29, 2019

Respectfully submitted,

/s/      *Khue Hoang*
Khue Hoang

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
Thompson Coburn LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500
Telecopier: (312) 580-2201

Sarah O. Jorgensen (*pro hac vice*)
sjorgensen@reichmanjorgensen.com
Reichman Jorgensen LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (650) 623-1403
Telecopier: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Reichman Jorgensen LLP
818 Connecticut Avenue NW, Suite 850
Washington, DC 20006
Telephone: (202) 894-7311
Telecopier: (650) 623-1449

Khue Hoang (*pro hac vice*)
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Wesley White (*pro hac vice*)
wwhite@reichmanjorgensen.com
Rahul Sarkar (*pro hac vice*)
rsarkar@reichmanjorgensen.com
Reichman Jorgensen LLP
100 Park Avenue, Suite 1600
New York, NY 10017
Telephone: (646) 921-1474
Telecopier: (650) 623-1449

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Jennifer P. Estremera (*pro hac vice*)
jestremera@reichmanjorgensen.com
Joachim B. Steinberg (*pro hac vice*)
jsteinberg@reichmanjorgensen.com
Michael G. Flanigan (State Bar No. 6309008)
mflanigan@reichmanjorgensen.com
Kate M. Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
Reichman Jorgensen LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

**ATTORNEYS FOR PLAINTIFF
KOVE IO, INC.**

6

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.


*/s/     Khue Hoang*
Khue Hoang