IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KOVE IO, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:18-cv-08175 |
| AMAZON WEB SERVICES, INC., | ) | |
| | ) | Hon. Judge Rebecca R. Pallmeyer |
| Defendant. | ) | |
| | ) | |
| | ) | |

**AMAZON WEB SERVICES, INC.'S OPPOSITION-IN-PART
TO KOVE'S MOTION TO EXTEND THE CASE SCHEDULE**

Defendant Amazon Web Services, Inc. ("AWS") files this opposition-in-part to Kove IO, Inc.'s ("Kove") motion to extend its Local Patent Rule Deadlines. The dispute here is narrow, but critically important to AWS. AWS has already informed Kove that it does not oppose Kove's request for a 60 day extension of any case deadlines, *except* Kove's deadline to identify a narrowed list of Asserted Claims, which currently is set for November 7, 2019. As to the Asserted Claims deadline, AWS has offered, however, to an extension of two weeks. AWS will be prejudiced if that deadline is extended for 60 days, because AWS's statutory deadline to petition for *inter partes* review—where AWS can efficiently challenge the validity of Kove's asserted claims before the Patent Office—will run on December 16, 2019.

Kove claims that AWS has delayed in producing its technical documents and source code, necessitating the present motion. That is inaccurate. AWS has produced a substantial volume of technical documents that should provide ample basis for Kove to narrow its infringement claims. Further, as shown below, any delay in Kove's review of the source code is solely the result of Kove sitting silent on its purported need, rather than engaging with AWS to identify the portions of the vast source code that it believes are relevant to its claims.

1

AWS's statutory deadline to petition for *inter partes* review cannot be extended. 35 U.S.C. § 315(b). The parties negotiated the agreed case schedule with that deadline in mind. It would cause substantial prejudice and waste to AWS to permit Kove to delay identifying the claims at issue until after that deadline. AWS should not shoulder the burden for Kove's own delay in prosecuting its case.

## ARGUMENT

Discovery deadlines in a case schedule order "may be modified only for good cause and with the judge's consent" Fed. R. Civ. P. 16(b)(4). To show "good cause," a party must demonstrate that it "exercised 'due diligence' in failing to meet the court's deadline." *Coburn v. Daimlerchrysler Servs. N. Am., L.L.C.*, No. 03 C 759, 2005 WL 8142617, at *2 (N.D. Ill. Apr. 13, 2005). The Local Patent Rules similarly require a showing of good cause *and* a lack of unfair prejudice when a party is unable to meet the deadline for disclosure of its Final Contentions. L.P.R. 3.4 ("A party may amend its Final Infringement Contentions . . . only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the basis for the amendment.").

Kove has not been diligent in pursuing inspection of AWS's source code, and AWS long ago produced technical documents that provide sufficient detail for Kove to determine which claims it believes are actually at issue. Thus, Kove would not be prejudiced if required to disclose its Asserted Claims by November 21—a two week extension after its scheduled deadline. But AWS will be prejudiced if Kove does not identify the narrowed list of claims that it is asserting until after AWS's deadline to petition for *inter partes* review.

1. **Kove's asserted prejudice is a result of its own lack of diligence in conducting discovery.**

If Kove believed that AWS's source code was necessary to determine which patent claims

2

are relevant to the Accused Products, it has had four months to raise that issue. AWS timely served its Responses and Objections to Kove's First Set of RFPs (Nos 1-119) on July 24, 2019. In its Responses, AWS objected to Kove's broad request for the entirety of the AWS's source code for S3 and DynamoDB, because great portions of the code have no relevance to the functions that are claimed in the three patents in suit. (Ex. A at Response No. 14.) AWS explained (as Kove now acknowledges in its motion) that those services are highly complex and sophisticated systems, and that the majority of the source code packages have no relationship to Kove's claims. Indeed, those two services alone comprise over 10,000 packages of code. But AWS made clear that it was "willing to meet and confer with Kove at the appropriate time to identify source code that may be relevant to show the operation of specific aspects of the accused products that are identified with specificity in Kove's pleading or infringement contentions, if any." (*Id*.)[1]

Kove never sought to meet and confer with AWS regarding its source code. Although the parties were in regular communication between July and October regarding other matters, Kove did not make a single mention of AWS's source code or its document production in a letter, email, or phone call for those four months. Kove's failure to follow up on AWS's offer to meet and confer to discuss the source code demonstrates a complete lack of diligence and does not satisfy the standard for good cause. *See e.g.*, *Coburn*, 2005 WL 8142617, at *3 (finding lack of diligence where plaintiff sent a letter to defendant requesting discovery, but "did not pursue the matter further" for over five months).

On October 3, Kove finally disclosed the expert who would be reviewing AWS's source code. (Ex. B.) Given that the Protective Order requires that any expert who will review source

---

[1] As explained in Section 2 below, in those same responses, AWS agreed to and did produce a substantial volume of technical documents and videos which explain the functions and operation of the two Accused Products.

code to be disclosed at least 10 days prior to the disclosure of source code material, the earliest that Kove's expert could have accessed AWS's source code was October 14.  (ECF 55 at 4(d) & 2(d).)  Even at that point, however, Kove did not take AWS up on its offer for a meet-and-confer. Finally, on October 11, in an effort to move discovery along, AWS took the initiative and reached out to Kove, offering to produce source code for inspection.  (Ex. C.)

In response to AWS's offer, On October 15, Kove *for the first time* asked to meet and confer regarding AWS's source code production.  During the parties' call, Kove agreed to send a list identifying the aspects of S3 and DynamoDB's source code that it wished to inspect so that AWS could investigate and collect the relevant packages.  Kove sent a general list on October 18 and requested specific products in a letter on October 24.  As of the filing of this response—less than two weeks later—AWS has collected and produced the additional code for Kove's review.  If Kove had responded to AWS's offer to meet and confer in July, these issues could have been addressed months ago without causing prejudice to either party.

In summary, Kove has known about its deadline to identify the claims that it intends to assert since the Court entered the parties' Agreed Case Schedule on June 10, and Kove has known of AWS's objection to its overbroad request for source code and offer to confer regarding a more relevant, targeted production since July 24.  It is unreasonable for Kove to have been be silent on these issues for four months and then to ask for a 60 day extension ten days before its deadline, particularly given the prejudice to AWS.

2. **AWS has produced sufficient documents for Kove to determine what claims are at issue without source code.**

The Asserted Patents relate to systems and methods for determining the location of data in a distributed network of servers.  By August 6, AWS had already produced documents and videos that explain, both at a high level as well as in minute detail, how the Accused Products perform

that functionality. AWS has produced over 900 documents comprising over 60,000 pages of information. AWS's productions includes technical manuals, user guides, developer guides, training guides, and white papers, all regarding the operation and architecture of the Accused Products. AWS has also produced over 20 hours of videos, including internal onboarding videos used to train its own engineers about how the Accused Products store, retrieve, and determine the location of data. AWS cited the Bates numbers of relevant documents and videos in its Initial Non-Infringement Contentions.

Before October 2019, Kove never expressed any concern about the sufficiency of AWS's production. Kove did not write any discovery letters, request a meet and confer, or file a motion to compel with the Court. AWS therefore inferred that from Kove's perspective, AWS's production was sufficient for Kove to meet its deadlines under the scheduling order. AWS certainly did not stall on production of source code in an effort to cause any prejudice to Kove.

Kove has not established that it needs source code to determine Kove has sufficient information to determine the claims it intends to assert against AWS. Kove offers no particularized arguments on that issue; it simply says that more information would be useful to it. That is an insufficient basis to extend case deadlines.

### 3. Identification of the claims at issue is critical to AWS ability to petition for *inter partes* review.

AWS was served with Kove's complaint on December 14, 2018. (ECF 15.) Its deadline to file a petition for IPR on the Asserted Patents is one year from that date: December 14, 2019.[2] 35 U.S.C. § 315(b). That deadline cannot be extended. *See Click-To-Call Techs., LP v. Ingenio, Inc., YellowPages.com, LLC*, 899 F.3d 1321, 1330 (Fed. Cir. 2018) ("Simply put, § 315(b)'s time

---

[2] Because December 14 falls on a Saturday, AWS's must file by the following Monday, December 16.

bar is implicated once a party receives notice through official delivery of a complaint in a civil action, irrespective of subsequent events."). The parties negotiated the Agreed Case Schedule with full knowledge of AWS's deadline to petition for *inter partes* review, and it was important to AWS that Kove's deadline to narrow its Asserted Claims was sufficiently in advance of that date.

An *inter partes* review could substantially limit the scope of this litigation, benefiting both parties and serving the interests of judicial economy.[3] *See Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2144 (2016) ("*Inter partes* review is an efficient system for challenging patents that should not have issued."). An IPR in this case has the potential to simplify the issues before the Court and to reduce litigation costs for both parties by allowing the Patent Trial and Appeals Board to determine whether Kove's Asserted Claims are valid in a streamlined and efficient process.

Kove's narrowed list of claims is necessary for AWS to effectively consider whether to petition for *inter partes* review. *See e.g.*, *Adaptix, Inc. v. Dell Inc.*, 2015 U.S. Dist. LEXIS 23134, *25 (N.D. Cal. Feb. 24, 2015) (finding prejudice based on the plaintiff's request to amend its infringement contentions after the defendant's IPR deadline). Kove has currently identified 41 claims from the Asserted Patents. Its deadline to narrow this case to a list of 10 claims per patent and 20 claims overall, pursuant to LPR 3.1(a)(1), is November 7, 2019. (ECF 52.) The process of preparing IPR petitions is time consuming and costly even for the maximum number of claims contemplated by the Local Patent Rules. An IPR petition must identify, "with particularity, each claim being challenged, the grounds on which the challenge to each claim is based, and the evidence that supports the grounds for the challenge to each claim," including expert opinions, if applicable. 35 U.S.C. § 312 (a)(3). A petition must also explain "[h]ow the challenged claim is

---

[3] AWS has not reached a final decision on whether to seek *inter partes* review on all, some, or none of the asserted claims. This is part will depend on Kove's narrowed list of claims.

6

to be construed" and "specify where each element of the claim is found in the prior art patents or printed publications relied upon." 37 C.F.R. § 42.104 (b)(3)-(4). All of that detail and particularity must be condensed into 14,000 words. 37 CFR § 42.24(a)(1)(i). It would be prejudicial to require AWS to dedicate time, resources, and its limited word count to petition on claims that Kove will be *required* to drop.

## CONCLUSION

For the foregoing reasons, AWS requests that the Court deny Kove's motion to extend its deadline to identify a narrowed list of asserted claims by 60 days and permit an extension of that deadline by only 14 days.

October 30, 2019

Respectfully Submitted,

AMAZON WEB SERVICES, INC.

By:  */s/ Terri L. Mascherin*

Terri L. Mascherin
Michael Babbitt
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312 222-9350
Facsimile: 312 527-0484
tmascherin@jenner.com
mbabbitt@jenner.com
mwerner@jenner.com

Adam Unikowsky
(pro hac vice)
JENNER & BLOCK LLP
1099 New York Ave, NW
Washington, DC 20001
Telephone: 202 639-6041
Facsimile: 202 661-4925
aunikowsky@jenner.com

*Attorneys for Defendant Amazon Web Services, Inc.*

## CERTIFICATE OF SERVICE

I, Michael Werner, an attorney at the law firm of Jenner & Block LLP, certify that on October 30, 2019, the foregoing Opposition-in-part to Kove's Motion to Extend the Case Schedule was electronically served on counsel of record via the Court's ECF system.

/s/ *Michael T. Werner*
Michael T. Werner