# EXHIBIT C

Michael G. Babbitt
Tel: 312 923-2789
mbabbitt@jenner.com

October 7, 2019

Jaime F. Cardenas-Navia
REICHMAN JORGENSEN LLP
100 Park Avenue, Suite 1600
New York, NY 10017
(646) 921-1474
jcardenas-navia@reichmanjorgensen.com

   Re: *Kove IO, Inc. v. Amazon Web Services, Inc.*
     Case No. 18-cv-8175 (N.D. Ill.)

Dear Jaime:

I am writing to address deficiencies in Kove's Responses to AWS's First Set of Requests for Production and First Set of Interrogatories. I address each in turn below.

**REQUESTS FOR PRODUCTION**

As an initial matter, there are two overarching issues with Kove's responses to AWS's First Set of Requests for Production (Nos. 1-36).

First, Kove states in its Preliminary Statement that the scope of Kove's search for documents was limited because of the "shortened discovery timeframe and the issues legitimately in dispute in the preliminary injunction proceedings." As a result, Kove states, "Kove did not search in all places such documents could be found, but rather in those places it was reasonably likely to find responsive documents." As you are certainly aware, there have not been preliminary injunction hearings in this matter, nor was there a shortened discovery timeframe. In fact, the time for Kove to perform its investigation into this matter before receiving AWS's First Set of Requests for Production was extended by the discovery stay that was entered. Please confirm that you will immediately undertake a full investigation to search for and produce documents, as required by the federal and local rules, rather than the limited search that you have done to date.

Second, Kove's objections and responses to each of AWS's Requests for Production make it impossible for AWS to understand the documents that Kove has agreed (or not agreed) to search for, collect, and produce in response to each Request. Kove provided numerous specific objections to each Request, implying that Kove has not searched for and produced certain documents requested by AWS. However where Kove does agree to produce documents, it has provided the same generic, boilerplate language, agreeing to produce "certain redacted documents responsive to this Discovery Request that relate to any parties' claims or defenses." As a result, AWS is unable to determine what documents Kove has

agreed to produce, as is required by Fed. R. Civ. P. 34(a)(2). With your supplemental production referred to above, we request that you provide supplemental responses to AWS's Requests to address these issues, for example, detailing the documents that Kove has agreed to produce and the documents that Kove has not agreed to produce.

With regard to your limited production of documents to date, Kove has failed to produce documents in response to many of AWS's Requests. Although Kove's boilerplate objections and responses to AWS's Requests for Production leave AWS unable to fully identify which Requests Kove has failed to respond to, AWS identifies at least the following categories of documents that it sought and which Kove has not produced. AWS reserves the right to raise additional objections or deficiencies in Kove's production moving forward.

1. **Kove's Products (Nos. 8, 9)** – Although Kove has produced certain limited technical documents related to its "OverX" and "Xpress" products/services, it has not produced documents related to the development and testing of OverX and XPress, nor has it identified which features of OverX and XPress practice any claim(s) of the Patents-in-Suit. Such requested documents, as well as many of the exemplary categories described below, are relevant and necessary for the immediately upcoming stages of the case, including AWS's non-infringement and invalidity contentions and claim construction.

2. **Conception and Reduction to Practice (Nos. 3, 6, 7)** – Kove has produced no documents that show Kove's invention or development activities before the claimed priority dates of the patents. If no such documents exist, please confirm that.

3. **Inventor Documents (Nos. 7, 8, 9)** – All documents, publications, academic papers, theses, notebooks, and patents authored or co-authored by the inventors of the Patents-in-Suit should be produced.

4. **Product Sales, Revenue, and Profits (Nos. 9, 10, 11, 21)** – Several requested categories of documents related to Kove product sales are clearly relevant to this case, including *e.g.*, to the calculation of damages based on a reasonable royalty, issues related to apportionment, and to show any alleged commercial success or failure of the invention disclosed by the Patents-in-Suit.

5. **Licenses and Settlement Agreements (Nos. 21, 22, 23)** – License and settlement agreements related to the Patents-in-Suit are necessary to any calculation of damages. Kove has failed to produce any such agreements, despite the fact that Kove's documents state that "[t]he company licenses its technology to infrastructure software and service providers." *See, e.g.*, KOV_00004062. If no licenses or settlement agreements exist, please confirm that.

6. **Kove Customers (Nos. 10, 34)** – AWS seeks documents related communications with Kove's customers. Such documents may be relevant to issues of damages, apportionment, and the validity of the Patents-in-Suit. Kove has produced no documents related to its customers, such as customer lists and or communications of concerns or complaints regarding the products, for example*.*

    **7.**    **AWS, AWS Products, and Knowledge of AWS Products (Nos. 4, 5, 28)** – AWS seeks documents regarding any AWS product or service that allegedly infringes any claim of the Patents-in-Suit. These documents are relevant to Kove's allegations of infringement, and to the ultimate determination of liability in this case.

    **8.**    **Marking (No. 12)** – AWS seeks documents showing whether Kove has marked embodiments of the Patents-in-Suit in accordance with 35 U.S.C. § 287. If no such documents exist, please confirm that.

    **9.**    **Third-Party Products (Nos. 8, 30)** – AWS seeks documents showing any third-party products or services that Kove believes infringe any claim of the Patents-in-Suit. At most, Kove has produced a handful of documents that identify third-parties that it believes are competitors, but Kove has not produced any documents identifying any allegedly infringing third-party products.

    **10.**    **AWS Knowledge of Patents (No. 27)** – Although Kove has alleged that AWS's alleged infringement of the Patents-in-Suit is willful, Kove has not produced any documents showing that AWS had actual knowledge of the Patents-in-Suit prior to the filing of Kove's Complaint.

## INTERROGATORIES

As an initial matter, AWS disagrees with Kove's general objection to furnishing or producing any information or documents "that contain confidential and/or proprietary research, development, or commercial information, and/or confidential and/or proprietary trade secrets." (Gen. Obj. Nos. 6, 10.) A protective order has been entered in this case allowing for the production of such information. This objection is thus improper. Please furnish all documents and information that Kove has withheld on the basis that they or it is confidential, proprietary, and/or a trade secret.

Turning to Kove's specific interrogatory responses, AWS requests that Kove provide additional information as described below. Again, while there are certainly other examples and categories of information requested by AWS and not provided by Kove, and AWS reserves the right to raise additional objections moving forward, AWS identifies the information below to proceed efficiently discovery at this time:

    **1.**    **Interrogatory No. 2.** This interrogatory asks Kove to identify the circumstances related to the conception and reduction to practice of the inventions claimed by the Patents-in-Suit. Kove's response pursuant to Fed R. Civ. P. 33(d) identifies 16 documents. However none of the identified documents provides details on the circumstances surrounding the conception and reduction to practice of the Patents-in-Suit. Rather, each document describes the performance of Kove's OverX and XPress products/services. Kove has not identified which aspects of those products or services embody the inventions of the Patents-in-Suit. Further, even if Kove did make such an identification, the identified documents do not describe the circumstances surrounding the conception or reduction to practice of OverX or Xpress.

> Please provide a detailed account of the circumstances surrounding the inventors' conception and reduction to practice of the inventions claimed in the Patents-in-Suit.

**2.  Interrogatory No. 3.**  This interrogatory asks Kove to identify products, devices, systems, or services that are created, made, sold, used, distributed, given away, produced, or manufactured by any person, including a third-party to this litigation, which embody or are capable of embodying the inventions of the Patents-in-Suit.  In response, Kove has not identified any third-party products, devices, systems, or services.

Interrogatory No. 3. also asks Kove to identify the means by which Kove has marked its own products, devices, systems, or services which embody the Patents-in-Suit.  Kove has not identified any such means.

Please provide a complete answer identifying all third-party products, devices, systems, or services which embody or are capable of embodying the inventions of the Patents-in-Suit.

Further, please identify the means by which Kove has marked its own products, devices, systems, or services, including OverX and Xpress.

**3.  Interrogatory No. 4.**  This Interrogatory asks Kove to identify, inter alia, all secondary considerations or objective evidence relevant to an obviousness analysis under § 103.  Kove's response does not identify any such evidence or considerations.

Please provide a response identifying all evidence of secondary considerations and objective evidence of non-obviousness of the Patents-in-Suit of which Kove is aware.

**4.  Interrogatory No. 5.**  This Interrogatory asks Kove to identify each item of prior art, patent, publication, or product that existed prior to the filing date of the '170 patent that includes disclosure of certain limitations claimed by the '170 patent, including: distributed hash tables, hashing, or hash functions; hash functions used to organize data location information; redirect information used to calculate a location of a server; and the use of an intermediate server containing data location information.

Kove's specific objections to this request are unreasonable and nonsensical.  Kove objects to the use of terms that are not present in the Interrogatory, such as "all persons" or ""knowledge relating to the events, transactions, or occurrences."  Kove objects on the ground that the interrogatory seeks expert opinions, which it does not.  Kove objects on the ground that the requested information is "not relevant to any parties' claims or defenses in this litigation," but prior art to an asserted patent is unquestionably relevant.  Kove objects to the Interrogatory as "unduly broad," when in fact AWS has narrowly tailored this request to prior art references that disclose specific limitations at issue in this litigation.

Please provide a response which identifies each item of prior art of which Kove is aware that discloses any of the described limitations.

    **5.**    **Interrogatory No. 8.** This Interrogatory asks Kove to identify all licenses or agreements related to the Patents-in-Suit. Kove responded to this Interrogatory pursuant to Fed. R. Civ. P. 33(d) by identifying 11 documents. The documents identified by Kove show the assignments of the Patents-in-Suit as well as transfers of intellectual property rights related to the winding down of OverX. None of the identified documents relates to licenses covering to the Patents-in-Suit.

    Please supplement your responses by identifying all licenses related to the Patents-in-Suit, including the requested details (*i.e.,* an identification of the parties to each license, the date of each license, a summary of the material terms of each license). If no such licenses exist, please state that fact.

Please let me know if you have any questions or would like to discuss.

Also, I note that AWS has been collecting source code related to the accused products and will be making this information available to Kove in due course.

Regards,

*/s/ Michael G. Babbitt*
Michael G. Babbitt