IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KOVE IO, INC., | ) | |
|       Plaintiff, | ) | Civil Action No. 1:18-cv-08175 |
| | ) | |
| v. | ) | Hon. Judge Rebecca R. Pallmeyer |
| | ) | |
| AMAZON WEB SERVICES, INC., | ) | |
| | ) | |
|       Defendant. | ) | |
| | ) | |
| | ) | |

**MOTION TO COMPEL AMENDMENT OF FINAL
INFRINGEMENT CONTENTIONS TO CONFORM WITH LOCAL PATENT RULES**

Defendant Amazon Web Services, Inc. ("AWS") brings this motion to compel Kove IO, Inc. ("Kove") to amend its Final Infringement Contentions in three respects: (1) to state which claims of the Asserted Patents are practiced by Kove's own products and whether Kove marked those products; (2) to specifically identify the Accused Instrumentalities; and (3) to specifically identify the evidence that, Kove contends, shows that AWS infringes each claim limitation. In each of these respects, Kove's contentions fail to comply with the requirements of this District's Local Patent Rules.

First, Local Patent Rule ("LPR") 2.2(h)[1] requires Kove to explain for each Asserted Patent whether any of Kove's own products practice any particular claims and to state whether each product was marked with the applicable patent number. With respect to this requirement, Kove states only that ███████████████████████████████████████████

---

[1] LPR 2.2 recites the requirements for Initial Infringement Contentions. LPR 3.1(a)(2) recites that Final Infringement Contentions must contain "the information required by LPR 2.2(a)-(h)." For ease of reading, AWS will cite applicable provisions of LPR 2.2 throughout this brief without separately citing LPR 3.1 each time.

1

███████████████████████. Kove provides no information as to which claims of the patents are practiced by each of its products, nor does it state whether its products were marked. AWS asks the Court to compel Kove to amend its Final Infringement Contentions to identify which claim in each Asserted Patent was practiced by which version of which product and to state whether each of those versions of its products were marked with the applicable patent numbers.

Second, LPR 2.2(b) requires Kove to include in its Final Infringement Contentions "an identification of each accused apparatus, product, device, process, method, act, or other instrumentality ('Accused Instrumentality') of the opposing party of which the party claiming infringement is aware." Kove's Final Infringement Contentions characterize the "Accused Instrumentality" as any "combination of hardware and software components" comprising AWS's S3 and DynamoDB services that perform certain actions. Kove then lists dozens of components that could make up those combinations, and ends its lists with an "etc." That does not provide AWS the clear notice of Kove's allegations that the Rule requires. Without knowing what Kove is accusing, AWS cannot prepare its Non-Infringement Contentions and identify its defenses.

Third, LPR 2.2(c) requires Kove to "identify[] specifically where each element of each asserted claim is found" in the accused products. Kove's claim charts are almost 700 pages in length and contain over 2,300 citations to source code packages and over 1,300 citations to produced documents. In view of the enormous, undifferentiated mass of citations, it is impossible to discern what evidence Kove is citing to show that any particular claim element is met.

Counsel for AWS met and conferred with counsel for Kove regarding the deficiencies of Kove's contentions. On February 25, 2020, AWS wrote Kove a detailed letter outlining the issues and requesting a substantive response within one week. (Ex. H.) AWS followed up with Kove on this issue by email on March 5, and counsel discussed it by phone later that day. Kove responded

by letter on March 10. (Ex. L.) Kove's letter stated it would refuse to amend its contentions to address the issues raised by AWS under LPR 2.2(b) and 2.2(c). With respect to the issue raised by AWS under LPR 2.2(h), Kove stated that ███████████████████████████ ████████ but pledged to "provide a more express identification of the claims that are practiced by ██████████████ at an unspecified time. As explained below, however, this response is inadequate to address AWS's concerns, and AWS therefore seeks relief from the Court.

In view of these deficiencies, AWS asks this Court to order Kove to serve Final Infringement Contentions that comply with the Local Rules. AWS further requests that AWS be permitted fourteen days to respond to those Amended Final Infringement Contentions.

**I.   Kove Must Clearly Identify Which of the Asserted Claims are Practiced by its Own Products and Whether its Products Were Marked.**

The Local Patent Rules provide that if a plaintiff in a patent infringement action asserts that its own products practice a claimed invention, the plaintiff must identify "each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim, including whether it is marked (actually or virtually) with the patent number." LPR 2.2(h). Kove's Final Infringement Contentions do not comply with LPR 2.2(h).

In a section titled "Identification of Its Own Products That Practice the Claimed Inventions" Kove states: ████████████████████████████████████████████ ████████████████████████████████████████████████████ (Ex. A at 7.) Kove also "incorporates by reference its response to Amazon's Interrogatory No. 3." (*Id.*) Those statements do not comply with the Local Rules for three reasons.

First, Kove does not identify the particular products that practice the claimed invention. The phrase ███████████████████████████████████████ is too vague. It neither identifies which software embodies the claimed invention ████████████████; nor does it

3

identify which versions of those products embody the claimed invention. Making matters even more confusing, Kove's "response to Amazon's Interrogatory No. 3," which Kove incorporates by reference, adds nothing to cure these deficiencies: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. B at 9.) To comply with the Local Rules, Kove must identify whether *some* versions or *all* versions of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ embody the claimed invention—and if it is only *some* versions, Kove must identify *which* versions.

Second, Kove does not identify the "particular claim" that is embodied by its software, as required by the Local Rules. Instead, it recites the vague phrase "some or all asserted claims." To comply with the Local Rules, Kove must not only identify the *particular* versions of each product's software that embody the invention, but which *particular* claims are embodied.

Third, Kove provides no information regarding which, if any, versions of its ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ were "marked (actually or virtually) with the patent number." LPR 2.2(h) expressly requires Kove to provide this information.

These are not mere technical defects. Kove's failure to follow the Local Rules prejudices AWS. AWS is entitled to know which claims of the Asserted Patents are practiced by each of Kove's products. This information is relevant to several disputed issues in this case, including—of most pressing concern—the parties' upcoming claim construction briefing. *See Osram GmbH v. Int'l Trade Comm'n*, 505 F.3d 1351, 1358 (Fed. Cir. 2007) (finding error because claim construction would "exclude the [] products that the patents were designed to cover").

It is likewise crucial that AWS be informed whether Kove marked its products. This information is relevant because a failure to mark a product would severely restrict Kove's claimed damages. 35 U.S.C. § 287(a); *see also Von Holdt v. A-1 Tool Corp.*, 714 F. Supp. 2d 863, 867 (N.D. Ill. 2010) ("When a patentee, or any licensee of the patentee, makes offers for sale, or sells

a patented product, § 287(a) of the Patent Act limits the time period for which a plaintiff can recover damages for infringement to the time that the accused infringer was put on notice of infringement."). Kove has no excuse for failing to provide this information, given that "[w]hether a patentee's articles have been marked is a matter peculiarly within his own knowledge." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017).

On February 25, 2020, before filing the present motion, AWS sent a letter to Kove requesting the information required under Rule 2.2(h). (Ex. H.) In response, Kove stated that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ but that "Kove will provide a more express identification of the claims that are practiced by ▇▇▇▇▇▇▇▇▇▇ (Ex. L.) This response is inadequate and does not obviate the need for AWS to file its motion to compel. With respect to marking, Kove's unexplained assertion that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is irrelevant. The Local Rules require Kove to disclose whether they were marked. If Kove believes it has a legal argument that it was not required to mark these products, it is free to make this argument to the Court at the appropriate time, but it cannot avoid its discovery obligations merely based on its assertion that it was not required to mark its products.

As for Kove's promise to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇: Kove does not promise to identify the particular versions of the software that allegedly embody those claims. Nor does Kove provide any timeline for identifying the particular claims that are allegedly embodied, and AWS has waited long enough. AWS first served an Interrogatory asking Kove to explain which of its products practice the claimed inventions of the patents-in-suit and whether those products were marked on June 20, 2019. (Ex. I.) In response, Kove provided a statement similar to the general statement in its Final Infringement Contentions. (Ex. J at 12) ("▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

5

██████████████████████████████████████████████████████████

███████████.) Then, when Kove served its Final Infringement Contentions on February 14, 2020, it still did not provide this information. AWS requested that Kove comply with its duties under the Local Rules on February 25, 2020. Two weeks later, in its response letter, Kove again did not provide the required information, but instead promised to provide it at an unspecified future time. AWS then followed up again with an email requesting this information by close of business March 11, but Kove did not provide the information. With claim construction briefing approaching, and Kove refusing to provide required information and not even giving a timeline for providing required information, AWS has no choice but to seek judicial relief.

AWS asks this Court to compel Kove to amend its Final Infringement Contentions to identify:

- Which versions of which product's software embody the claimed invention;
- Which particular claims are embodied by each version of each piece of software that allegedly embodies the claimed invention;
- Which of those pieces of software were marked, and if so, how.

**II.     Kove Must Clearly Identify The Accused Instrumentalities.**

Under the Local Rules, Kove's contentions must include "an identification of each accused apparatus, product, device, process, method, act, or other instrumentality ('Accused Instrumentality') of the opposing party of which the party claiming infringement is aware." LPR 2.2(b). "Each Accused Instrumentality must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process." *Id.*

Kove's Final Infringement Contentions do not comply with LPR 2.2(b). The Contentions accuse two AWS services of infringement: S3 and DynamoDB. In the charts related to S3, Kove accuses not only S3 of infringement, but also ████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████ (collectively, 'Accused Instrumentalities')." (Exs. C, D at 1.) It then recites that "the hardware and software that comprise each Accused Instrumentality" comprises:

████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████.

*Id.*

The charts related to DynamoDB are written similarly. In those charts, Kove accuses not only the DynamoDB service of infringement, but also ████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████." (Exs. E, F, G at 1.) It then recites that "the hardware and software that comprise each Accused Instrumentality" comprises:

████████████████████████████████████
████████████████████████████████████
████████████████.

*Id.* These statements do not comply with the Local Rules. Kove's vague references to "all hardware and software combinations" do not satisfy the requirement that "Each Accused

7

Instrumentality must be identified by name." Likewise, Kove's lengthy lists of "hardware and software that comprise each Accused Instrumentality"—both of which include "etc." at the end—do not clarify the specific Instrumentalities that are accused.

In its response letter of March 10, Kove asserted that it "identif[ies] Amazon S3 or DynamoDB as an Accused Instrumentality." (Ex. L.) If Kove limited the Accused Instrumentalities to Amazon S3 and DynamoDB, Amazon would withdraw its objection. But Kove's contentions do not limit the Accused Instrumentalities to those services, but instead also identify a vaguely defined set of "hardware and software combinations" as Accused Instrumentalities. They therefore violate the Local Rules.

Kove's lack of clarity prejudices AWS. In order to prepare its Final Non-Infringement Contentions and identify its defenses to infringement, AWS must know precisely what instrumentalities within S3 and Dynamo DB Kove is accusing of infringement. AWS asks the Court to compel Kove to amend its infringement contentions to identify, by name and with particularity, the specific Accused Instrumentalities.

### III. Kove Must Clearly Identify The Alleged Evidence of Infringement.

Under LPR 2.2(c), Kove must "identify[] specifically where each element of each asserted claim is found." "It is not sufficient . . . to simply declare that a component that performs the claimed functionality exists in an accused instrumentality. [Plaintiff] must identify the infringing element and where it is found." *Finjan, Inc. v. SonicWall, Inc.*, No. 17-CV-04467, 2019 WL 2077849, at *5 (N.D. Cal. May 10, 2019) (interpreting similarly-worded Local Rules in Northern District of California). "Where the accused instrumentality includes computer software based upon source code made available to the patentee, the patentee must provide 'pinpoint citations' to the code *identifying the location of each limitation.*" *Finjan, Inc. v. Check Point Software Techs.,*

8

*Inc.*, No. 18-CV-02621-WHO, 2019 WL 955000, at *5 (N.D. Cal. Feb. 27, 2019) (same, emphasis added).

Kove's Final Infringement Contentions do not satisfy this requirement. Kove's claim charts are almost 700 pages. (*See* Ex. C - G.) They contain over 2,300 citations to source code packages and 1,300 citations to produced documents. Frequently, Kove repeats lists of the same source code citations and produced documents for each claim. (*See, e.g.*, Ex. A at 15, 27, 34, 41, 48, 62, 71.) As a result, Kove's contentions for many claim elements are supposedly "supported" by thousands of lines of irrelevant source code, often obfuscating whether Kove has cited *any* evidence relevant to the actual limitation being addressed.

The first element of Kove's first claim chart is illustrative. The first exhibit to Kove's Final Infringement Contentions is a claim chart accusing AWS's S3 service of infringing U.S. Patent No. 7,814,170 ("'170 patent"). The first element of the first claim of that patent is: "A system for managing data stored in a distributed network, comprising." Kove's chart for this element is over 18 pages. It includes 11 pages of documents which are seemingly randomly-selected from AWS's document production, (Ex. C at 2-12), as well as over 7 pages of seemingly randomly-selected code packages, often punctuated with incomprehensible commentary. (Ex. C at 13-19.) For example, it includes statements such as:



- 

It is indiscernible which element(s) of "[a] system for managing data stored in a distributed network" citations such as those are intended to specifically identify. Those same citations, along with dozens of similarly cryptic citations, are copied into nearly every other element for claim 1 of the '170 patent against S3.

The claim chart for claim 1 of the '170 patent for S3 alone runs a remarkable 66 pages. (Ex. C at 1-66.) The claim chart for claim 1 of the '170 patent for DynamoDB (the other accused service) runs an additional 49 pages. (Ex. E at 1-49). Other claim charts are even worse. For another asserted patent, U.S. Patent No. 7,223,978, Kove's infringement contentions for S3 are 161 pages and for DynamoDB are 201 pages. (Exs. D, E.) Given the volume of documents and code that Kove includes for every limitation of every claim, and the persistent repetition of source code citations across multiple claim limitations, it is impossible for AWS to know what code, specifically, Kove is accusing of infringement—and therefore impossible for AWS to identify its defenses.

Kove should be required separately to pinpoint the specific source code that Kove contends proves infringement of each claim limitation. Indeed, Kove will plainly have to do that later on in this case. If AWS files a summary judgment motion, or if the case proceeds to trial, Kove will not be able to rely on this enormous and undifferentiated mass of documents and source code; it will have to sharpen its case and pinpoint the allegedly infringing code to the Court or to the jury. The purpose of Final Infringement Contentions is to ensure that Kove pinpoints that code *now*. Kove

10

should not be permitted to bury the allegedly infringing code in hundreds of pages of citations, only to reveal a year from now the lines of source code it will *actually* be accusing of infringement as the case approaches trial. The LPRs are designed specifically to prevent the kind of sand-bagging in which Kove is trying to engage. *Trading Techs. Int'l, Inc. v. CQG, Inc.*, No. 05-CV-4811, 2014 WL 4477932, at *1 (N.D. Ill. Sept. 10, 2014) (Local Patent Rules "prevent a 'shifting sands' approach," thereby "forcing the parties to 'crystallize their theories of the case'"). Without specific citations to the evidence of infringement of each claim limitation, AWS cannot prepare its Final Non-Infringement Contentions or identify its defenses to infringement.

In its March 10, 2020 letter, Kove asserted that it provided certain "narrative mappings" that constitute a "summary of Kove's infringement theories." (Ex. L.) But whatever the merits of Kove's "narrative mappings," infringement contentions require more: they require Kove to point to source code that provides the actual basis for its infringement allegations. Kove contends that it is not required to "limit its citations to what it will ultimately rely on," and cannot be faulted for providing "*too much* support for its theories." (Ex. L.) But the problem is not that Kove has provided "too much support for its theories"; it is that Kove has buried what it will actually rely on in so much extraneous information that the infringement contentions are functionally worthless. Providing almost 700 pages of string citations, without disclosing "what it will ultimately rely on," is an abuse of the process prescribed by the Local Rules.

Kove should therefore be compelled to identify, for *each* claim limitation, the *specific* documents or source code that allegedly establish infringement for that claim limitation, as explicitly required by the Local Patent Rules.

## CONCLUSION

For the reasons set forth above, AWS asks this Court to compel Kove to amend its Final Infringement Contentions to conform to the Local Patent Rules. AWS further requests that the Court permit it fourteen days to file its Final Non-Infringement Contentions, once Kove has amended its Contentions.

| | |
|---|---|
| March 11, 2020 | Respectfully submitted, |
| | */s/ Terri L. Mascherin* |
| Adam G. Unikowsky<br>JENNER & BLOCK LLP<br>1099 New York Ave. NW Suite 900<br>Washington, DC 20001<br>(202) 639-6000<br>aunikowsky@jenner.com | Terri L. Mascherin<br>Michael G. Babbitt<br>Michael T. Werner<br>JENNER & BLOCK LLP<br>353 N. Clark St.<br>Chicago, IL 60654<br>(312) 222-9350<br>tmascherin@jenner.com<br>mbabbitt@jenner.com<br>mwerner@jenner.com<br><br>*Attorneys for Amazon Web Services, Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2020, I caused a true and correct copy of the foregoing motion to be served on all counsel of record via electronic mail and pursuant to Federal and local rules.

>*/s/ Michael T. Werner*
Michael T. Werner
Jenner & Block LLP
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350