IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., | Civil Action No. 1:18-cv-08175 |
| Plaintiff, | Judge Rebecca R. Pallmeyer |
| v. | Jury Trial Demanded |
| Amazon Web Services, Inc., | |
| Defendant. | |

**KOVE'S OPPOSITION TO AMAZON'S MOTION TO COMPEL AMENDMENT OF FINAL INFRINGEMENT CONTENTIONS TO CONFORM WITH LOCAL PATENT RULES**

Plaintiff Kove IO, Inc. ("Kove") files this opposition to Defendant Amazon Web Services, Inc.'s ("Amazon") Motion to Compel Amendment of Final Infringement Contentions ("Motion" or "Mot."). Although Amazon refused Kove's request to meet and confer before Amazon filed its Motion, Amazon accepted Kove's second offer to meet and confer the following day. The parties met telephonically on March 13, 2020 and are in discussions to resolve at least two of Amazon's three complaints. In particular, the issue regarding identification of accused products (Mot. at 6-8) appears to have been resolved.[1] Kove has also made, and Amazon is considering, a proposal to resolve the issue involving Kove's practicing products and marking (*id.* at 3-6).

As to the remaining issue – Kove's identification of evidence supporting its theories of infringement – the parties remain at an impasse. Although Amazon says it wants Kove to "to identify, for *each* claim limitation, the *specific* documents or source code that allegedly establish

---

[1] The parties have exchanged and expect to continue to exchange emails over the weekend in attempt to resolve as many issues as possible prior to the hearing on March 16th. Kove expects that the parties will work together over the coming days to finalize any agreements.

1

infringement" (Mot. at 11) (emphasis in original), *Kove has already done that*. During the meet and confer, it became clear that Amazon's demand is not limited to what LPR 2.2(c) and 3.1 require. Rather, Amazon would prefer that Kove either cut back the evidence it intends to rely on, or else subdivide each element into sub-elements and provide evidence of infringement on a sub-element by sub-element basis. Neither the express language of the rules, nor this Court's interpretation and applications of those rules, supports Amazon's extreme demand.

## I. HISTORY OF THE DISPUTE

Kove served its Final Infringement Contentions ("FIC"), on February 13, 2020, in accordance with Local Patent Rule ("LPR") 3.1. The FIC covers 2 accused products and 19 asserted claims across 3 patents. For each element of each claim, Kove's contentions provide specific documentary, testimonial, and source code evidence in support of its infringement allegations. On February 25, 2020, Amazon's counsel sent a letter complaining that Kove's FIC contained "overbroad" citations that made it "impossible for AWS to understand what proof of infringement Kove intends to offer. . . ." Mot. at Ex. H. After carefully considering Amazon's complaints, Kove provided a detailed response on March 10th, explaining not only why the citations included were appropriate and not overbroad, but also how the charts are structed and how best to read them. Mot. at Ex. E. Amazon filed its Motion to Compel the next day. D.I. 91.

## II. ARGUMENT

LPR 3.1, in relevant part, requires (emphasis added):

(2) Within twenty-one (21) weeks after the due date for service of Initial Infringement Contentions, each party claiming patent infringement must serve on all other parties ***"Final Infringement Contentions" containing the information required by LPR 2.2 (a)-(h).*** In the Final Infringement Contentions, no Accused Instrumentality may be accused of infringing more than ten (10) claims per patent and twenty (20) claims overall, selected from the claims identified in the Initial Infringement Contentions. . .

### A. LPR 2.2(h): Identification of Kove Products That Practice Its Claimed Inventions

Kove's Contentions identified ███████████████████████████████ and put Amazon on notice that Kove may allege that these products practice any of the asserted claims. (Kove's FIC at 7.) As for marking, as Kove has previously told Amazon back in November of 2019, ███ ██████████████████████████████████████. (*See* 2020-03-10 Letter, at 5.) Thus, Kove believes its FIC satisfy LPR 2.2(h).

Nevertheless, Kove has offered to revise its LPR 2.2(h) disclosure as follows:

> The inventions claimed by claims 1 and 2 of the '170 patent, and claims 1, 6, and 31 of the '978 patent, ███████████████████████████████████████
> The inventions claimed by claims 6, 8, 12, 15 and 17 of the '170 patent, claims 17, 18, and 24 of the '640 patent, and claims 3, 10, and 14 of the '978 patent, were ████████████████████████████████████████. Source code for the embodying products has been made available for inspection in Reichman Jorgensen's Redwood Shores office since July 15, 2019. ██████████████
> ████████████████████████

> Kove incorporates by reference its response to Amazon's Interrogatory No. 3, and any amendments or supplements thereto.

Kove believes this should moot Amazon's complaint on this issue.

### B. LPR 2.2(b): Identification of the Accused Instrumentalities

LPR 2.2(b) — which is incorporated into LPR 3.1(a)(2) — requires the patentee to identify the Accused Instrumentalities:

> (b) separately for each asserted claim, an identification of each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of the opposing party of which the party claiming infringement is aware. Each Accused Instrumentality must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process.

LPR 2.2(b). Kove's FIC clearly identifies Amazon's S3 and Dynamo DB as infringing products.

Nevertheless, Amazon complained of certain language that it claimed to be vague. While Kove

3

disagrees, in an effort to resolve this non-substantive dispute, Kove has offered to make the following modification, using excerpt below as an exemplar:

> For independent claim 1 and its dependent claim 2, Kove IO, Inc. ("Kove") accuses Amazon Web Services' ("Amazon") Amazon Simple Storage Service ("Amazon S3") of infringement ███████████████████████████████████████████ ███████████████████████████████████████████ As explained herein, each Accused Instrumentality infringes U.S. Patent No. 7,814,170 ("the '170 patent").[2]

Kove has also agreed to remove instances of "etc." from its FIC. These accommodations should moot Amazon's complaint on this issue.

### C. LPR 2.2(c): Claim Charts Identifying Where Each Element of Each Asserted Claim Is Found Within Each Accused Instrumentality

The relevant portion of LPR 2.2(a)-(h) referenced in LPR 3.1 is LPR 2.2(c), which requires:

> (c) a chart identifying specifically where *each element* of each asserted claim is found within each Accused Instrumentality, including *for each element* that such party contends is governed by 35 U.S.C. § 112(6)/112(f), a description of the claimed function of that element and the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

LPR 2.2(c) (emphasis added). Kove's FIC provides specific evidence citations for each element, as well as the required descriptions, in compliance with the rules. Using claim 1 of the '978 patent as an example, for the preamble and each of the three elements (1pre, 1a, 1b, and 1c), Kove presented a chart, correlating each of the preamble and elements to "specifically where [that] element . . . is found within each Accused Instrumentality. . . ," as per LPR 2.2(c):

> **1pre.** A system having a plurality of location servers for managing location information and providing location information to location queries, the system comprising:
>
> **1a.** a first location server containing a first set of location information corresponding to at

---

[2] To be clear, Kove is not amending or withdrawing its identification of the specific components within Amazon S3 and DynamoDB that map to each claim limitation, nor can it, as such information is required by LPR 2.2(c).

>least one entity, the location information comprising an identifier and at least one location string associated with the identifier, wherein the identifier identifies an entity and the location string specifies a location of data pertaining to the entity
>
>**1b.** a second location server comprising a second set of location information, wherein at least a portion of the second set of location information differs from the first set of location information; and
>
>**1c.** programming logic stored on each of the location servers responsive to a location query identifying a desired entity to return a location message, the location message comprising at least one location of data pertaining to the desired entity, if the location server receiving the location query contains location information for the desired entity.

Because the accused products are vastly complex software products comprised of *millions* of line of source code[3]; because (as Amazon well knows) software is web-like in structure, where functions call other functions such that numerous functions may be implicated in a performing single task; because Kove undertook efforts to review that code in detail to identify the *specific* portions that evidence Amazon's infringement; and because Kove included documentary and testimonial evidence currently available to it that support its claim of infringement, the charts are necessarily long.[4]

Amazon seizes on the length and detail of Kove's charts to accuse it of "burying" evidence and "sandbagging." Mot. at 9-10. Nothing could be further from the truth. The evidence included in the charts is what Kove currently believes is necessary to provide notice of its infringement theories and to meet its burden of proof.[5] The citations include explanations of why they are

---

[3] Kove examined over 500 unique code packages containing more than 4 million lines of code, which is still only a fraction of the total code base.

[4] The charts also include screen shots of relevant documents and webpages (S3 and DDB are heavily documented on Amazon webpages), which, when presented in readable size, take up considerable room. Kove also took care to space out the source code citations so that they would be distinguishable from one another and easy to read. All this adds to the overall length of the charts.

[5] Discovery is on-going, the parties have not yet had the benefit of any claim construction order from the Court, and expert discovery.

included. Nothing is intentionally extraneous.[6]

Amazon would have Kove cut back its contentions, or in the alternative, further subdivide the elements into sub-elements, and provide evidence on a sub-element by sub-element basis. Kove cannot, at this stage of the case, cut back its contentions. The evidence, while complex and detailed, merely reflects the complex and detailed nature of the accused products. There is no way to cut back it without grossly prejudicing Kove's ability to meet its proofs, and to do so would necessarily cause Kove to violate LPR 2.2(c).

As for sub-dividing elements, this too is improper. LPR 2.2(c) plainly states that plaintiff must provide evidence on an *element by element* basis. Requiring Kove to do more not only flouts the rule, it would create a chaotic and potentially abusive situation where parties will squabble over what should be sub-divided, how it should be sub-divided, or who gets to determine when the amount of sub-dividing is sufficient.[7]

This Court's case law supports Kove's fair reading of the rule, not Amazon's. In *Oil-Dri Corp. of Am. v. Nestlé Purina Petcare Co.*, No. 15 C 1067, 2018 WL 1071443, at *3 (N.D. Ill. Feb. 26, 2018), the interpreted LPR 3.1 and 2.2 to require the patentee to "set forth particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patents themselves,"

---

[6] Amazon's also accuses Kove's charts of being "punctuated with incomprehensible commentary," but when asked during the March 13, 2020 meet and confer to elaborate on what was "incomprehensible" about Kove's commentary, Amazon had no answer and reverted back to its overarching complaint that any given element contained too many citations.

[7] It its worth pointing out that, because the way a claim is written isn't necessarily reflective of how products or code is designed, even if Kove were to attempt sub-dividing, the resulting charts would be essentially the same as they currently are – aspects of the accused products, including the source code, interact and/or are inter-dependent such that a given source code file or groups thereof may implicated across multiple aspects of a claim. There is no abbreviated way to set forth the supporting evidence without forgoing necessary detail.

noting that "infringement contentions are *generally considered adequate if they provide fair notice of the scope of the plaintiff's infringement theory*." (emphasis added); *see also Fujitsu Ltd. v. Tellabs Ops., Inc.*, No. 08 C 3379, 2012 WL 3018027, at *4 (N.D. Ill. July 23, 2012). Kove's FIC more than meet this standard.

Amazon's case law citations are inapposite. In both cases, the movant's complaint was driven by *lack* of sufficient detail, not too much of it. *Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621-WHO, 2019 WL 955000, *8-16 (N.D. Cal. Feb. 27, 2019); *Finjan, Inc. v. SonicWall, Inc.*, No. 17-cv-04467, 2019 WL 2077849, *4-5 (N.D. Cal. May 10, 2019). Moreover, relevant case law in the Northern District of California, which this Court has examined because of its similar local patent rules (*Oil-Dri*, 2018 WL 1071443 at *4), makes clear that, "Consistent with the function of the Patent Local Rules, this Court has further noted that the rules ***do not 'require a plaintiff to identify each term in the Accused Instrumentality***,' although identifying an association between the evidence and the language used in the claim limitations may be necessary." *Droplets, Inc. v. Amazon.com, Inc.,* 2013 WL 1563256, *5 (N. D. Cal. April 12, 2013) (emphasis added). Further, Amazon's reliance on these cases for the proposition that contentions must contain "pinpoint citations" to source code is unavailing because other N.D. Cal. cases have expressly found no such requirement exists. *See, e.g.*, *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-5808-HSG, 2015 WL 9023166, at *3 (N.D. Cal. Dec. 16, 2015) (finding "pinpoint citations to source code are not a *per se* requirement in patent cases involving software").

### III. CONCLUSION

For the reasons set forth above, Kove respectfully requests that the Court deny Amazon's Motion in its entirety.

Dated: March 15, 2020

Respectfully submitted,

*/s/       Khue Hoang*
Khue Hoang

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
Thompson Coburn LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500
Telecopier: (312) 580-2201

Sarah O. Jorgensen (*pro hac vice*)
sjorgensen@reichmanjorgensen.com
Reichman Jorgensen LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (650) 623-1403
Telecopier: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Reichman Jorgensen LLP
818 Connecticut Avenue NW, Suite 850
Washington, DC 20006
Telephone: (202) 894-7311
Telecopier: (650) 623-1449

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Jennifer P. Estremera (*pro hac vice*)
jestremera@reichmanjorgensen.com
Joachim B. Steinberg (*pro hac vice*)
jsteinberg@reichmanjorgensen.com
Michael G. Flanigan (State Bar No. 6309008)
mflanigan@reichmanjorgensen.com
Kate M. Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
Reichman Jorgensen LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

Khue Hoang (*pro hac vice*)
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Wesley White (*pro hac vice*)
wwhite@reichmanjorgensen.com
Rahul Sarkar (*pro hac vice*)
rsarkar@reichmanjorgensen.com
Reichman Jorgensen LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (646) 921-1474
Telecopier: (650) 623-1449

**ATTORNEYS FOR PLAINTIFF
KOVE IO, INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 15, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                        */s/*   Holly Campbell
                                          Holly Campbell