IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KOVE IO, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:18-cv-08175 |
| AMAZON WEB SERVICES, INC., | ) | Hon. Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION TO CONDUCT *IN CAMERA* REVIEW
AND TO COMPEL PRODUCTION**

Defendant Amazon Web Services, Inc. ("AWS"), by its attorneys, moves this Court pursuant to Fed. R. Civ. P. 26(b) to review *in camera* eleven documents over which Plaintiff Kove IO, Inc. ("Kove") has asserted privilege. To the extent the Court rules that some or all of those documents are not privileged, AWS requests that the Court order Kove to produce those documents.

Of those eleven documents, six are documents that Kove initially produced to AWS and then clawed back (the "Clawback Documents"). These documents are not privileged and are relevant to multiple issues in this case, including a potential claim of inequitable conduct. Pursuant to the terms of the Protective Order, AWS destroyed all copies of the Clawback Documents upon receipt of Kove's clawback request. AWS is thus unable to provide the Court with copies of those documents. AWS requests that the Court direct Kove to produce those documents *in camera* and, if the Court agrees they are not privileged, to order their production.

The other five documents were never produced to AWS, but are identified on Kove's privilege log as being protected by the attorney-client privilege. With respect to those documents, Kove's privilege log is conclusory and inadequate, and the information provided suggests that the

1

documents are not privileged. AWS therefore requests that the Court review those documents *in camera* and, if the Court finds that they are not privileged, order Kove to produce them as well.

## FACTUAL BACKGROUND

This motion is the culmination of months of delay by Kove in producing documents responsive to AWS's document requests. AWS served its First Set of Requests for Production on June 20, 2019. (Ex. A ¶ 3, Werner Declaration; Ex. B, AWS First RFPs.) Among other things, those requests sought documents related to the prosecution of the Asserted Patents and Kove's knowledge of prior art. (Ex. B at RFP Nos. 14, 16, 17, 18, 23.)

Kove produced few documents responsive to those requests. Its document productions consisted largely of publicly-available correspondence with the Patent Office and publicly-available open source code. (Ex. A ¶¶ 2, 5.) Throughout the fall of 2019, AWS sent Kove multiple discovery letters detailing the deficiencies in Kove's productions and the parties conferred several times concerning AWS's requests that Kove produce all responsive documents. (Ex. A ¶¶ 6, 7, 8; Ex. C, D, Babbit 10/7 and Mascherin 10/31 Letters.)

Finally, on February 10—three days before AWS's deadline to serve its Final Invalidity Contentions—Kove produced over 20,000 pages of documents to AWS. (Ex. A ¶ 11.) Kove made two additional productions totaling over 19,000 pages in the days immediately following that deadline. (*Id.*) The February productions contained many documents relating to the prosecution of the Patents in Suit. (*Id.*) Kove did not offer any explanation for waiting over seven months after AWS served its document requests to produce those documents. (*Id.*, ¶ 14.)

Kove's February productions included the Clawback Documents. Those documents are highly relevant to several issues in this case, including, among other things, a potential defense of inequitable conduct. For example, one of the Clawback Documents (KOV_00039114), which

2

Kove describes on its log as "Notes re: submission to USPTO reflecting advice of patent counsel," appeared in close proximity in Kove's production to an important piece of prior art which was not cited to the PTO in the prosecution of the Asserted Patents. (Ex. E, KOV_00039222). AWS identified and cited that prior art in its Final Invalidity Contentions even before AWS had an opportunity to review Kove's belated production containing that prior art. The prior art is ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ (*Id*.) That prior art is significant because Kove's complaint alleges that distributed hash tables—the subject matter of ▉▉▉▉▉▉▉▉▉▉▉▉—are the "technology described in Kove's patents." (Compl. ¶¶ 1, 19.) Kove's complaint also attaches an article about research into distributed hash tables at MIT and links the patents to that research. (Compl. ¶¶ 1, 19, Ex. 1.) Yet the inventors did not submit ▉▉▉▉▉▉▉▉▉▉▉▉ to the Patent Office during prosecution. (Ex. A ¶ 11.) If the presence of that paper in Kove's production implies that the inventors possessed it but withheld it from the Patent Office, then that paper, in conjunction with the Clawback Documents, may support an inequitable conduct defense.[1]

---

[1] Kove also withheld disclosure of ▉▉▉▉▉▉▉▉▉▉▉▉ from AWS during discovery, which further supports an adverse inference of specific intent to withhold materials from the examiner during prosecution. *See, e.g.*, *Regeneron Pharm., Inc. v. Merus N.V.*, 864 F.3d 1343, 1356-59 (Fed. Cir. 2017). AWS issued an interrogatory on June 20, 2019 directly asking Kove to identify all prior art to the asserted patents. (Ex. K at Interrogatory No. 5.) Kove initially objected to AWS's request for Kove to identify all prior art to the patents-in-suit as overbroad. (Ex. L at Interrogatory No. 5.) During a telephone conference, AWS explained that it was seeking only prior art that was in Kove's possession. (Ex. A ¶ 9.) Kove then agreed to supplement its response to identify prior art in its possession. On December 19, 2019, Kove served a supplemental response listing several patents and articles. (Ex. M, Kove Supplemental Response to Interrogatory No. 5.) The ▉▉▉▉▉▉▉▉▉▉▉▉, which Kove eventually buried in its belated productions to AWS in February, was not identified. (*Id.*)

The metadata of Kove's productions indicates that the documents produced in February 2020 were collected from Kove's servers in July 2019. (Ex. A ¶ 12.) In other words, Kove collected these documents shortly after AWS served its discovery requests, but delayed producing them until February 2020—the deadline for AWS to serve its Final Invalidity Contentions.

Kove's delay in producing these documents was prejudicial to AWS. If Kove had produced its documents in a timely manner, AWS could have used those documents to support an inequitable conduct defense before the deadline for Final Invalidity Contentions. But because Kove withheld those documents for several months, until the Final Invalidity Contentions were due, AWS did not have access to them when it prepared its Final Invalidity Contentions.

On March 12, in response to Kove's belated production, AWS sent a letter asking Kove to explain why it withheld these documents from AWS until February 2020. (Ex. A ¶ 13; Ex. F, Redacted Babbitt 3/12 Letter.)[2] AWS also requested that Kove produce additional related documents that appear to be missing from Kove's production, as well as additional information regarding certain documents in the production, including document KOV_00039114. (Ex. F.)

Kove responded to AWS's letter on March 18. (Ex. G.) In its response, Kove offered no explanation for its belated production and ignored AWS's request that it produce additional relevant documents and information. Instead, Kove asserted privilege over the documents identified in AWS's letter and demanded that AWS destroy the documents. (*Id.*) Prior to sending that letter, Kove had not served a privilege log or indicated that a log was forthcoming. (Ex. A ¶ 16.)

---

[2] Ex. F is a redacted version of AWS's March 12 letter to Kove. Kove has taken the position that AWS is obligated to destroy the original version of the March 12 letter and replace it with a redacted version.

4

On March 19, AWS requested that Kove produce a privilege log. (Ex. Q, Babbitt 3/19 Letter.) AWS also requested information regarding the claims of privilege over the six Clawback Documents. Kove provided some information regarding the Clawback Documents in a March 23 letter, then produced a privilege log on April 10. (Ex. H, Kove 3/23 Letter; Ex. I, Kove Privilege Log.)[3] The log includes the six Clawback Documents as well as several other documents, all of which Kove claims are protected from production under the attorney-client privilege.

## ARGUMENT

AWS requests that the Court: (1) review the six Clawback Documents *in camera*; (2) review five other documents identified on the privilege log *in camera*, and (3) order Kove to produce those documents if it finds they are not privileged.

In order to establish privilege, Kove must show, *inter alia,* that each purportedly privileged document was (1) a communication, (2) made between a client and legal advisor, (3) in confidence, (4) for the purpose of obtaining or providing legal assistance for the client. *See United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983); *see also United States v. BDO Seidman*, 337 F.3d 802, 811 (7th Cir. 2003) (holding that the "essential elements of the attorney client privilege" include a "communication [] made to the attorney in confidence," and that the communication was made "for the purpose of obtaining legal advice"). "[A] party that seeks to invoke the attorney-client privilege has the burden of establishing all of its essential elements." *United States v. BDO Seidman*, 337 at 811. Kove cannot meet its burden.

---

[3] AWS has annotated the log to add document numbers for easier reference, because many of the documents on the log were not identified by Bates Numbers.

5

I. **The Clawback Documents Are Not Privileged.**

Because Kove asserted a clawback request for the Clawback Documents, AWS was required to destroy those documents under the Protective Order. However, AWS disputes Kove's assertion of privilege. The privilege log entries for the Clawback Documents are as follows:

| No. | Bates Range | File Name | Addressee(s) | Author(s) | Description |
|---|---|---|---|---|---|
| 26 | KOV_00039114 | README!~JKO.txt | Brinks Hofer | John Overton | Notes re: submission to USPTO reflecting advice of patent counsel. |
| 27 | KOV_00040527 | IP-Status.doc | Paul Carmichael | John Overton | Note re: legal advice re: submissions to USPTO re: prosecution of claims. |
| 28 | KOV_00052509-10 | FW Econnectix Patent Portfolio Status & Projected Fees.msg | John Overton | John Overton | Email to self memorializing notes re: meeting with counsel re: patent filings. |
| 29 | KOV_00039111 | Bar-Chart.doc | Brinks Hofer | John Overton | Draft chart re: claims for submission to USPTO reflecting advice of counsel. |
| 30 | KOV_00039112-13 | About.doc | Brinks Hofer | John Overton | Draft description of NDTP reflecting advice of counsel. |
| 31 | KOV_00052511-12 | 2009-08-31—Kent.PDF | | John Overton<br><br>Kent Genin | Scan of handwritten notes taken at August 31, 2009 meeting with counsel re: various patent filings. |

**Document Nos. 26, 29, and 30** are not privileged. First, nothing in the log suggests they were ever communicated to a lawyer. They are .DOC or .TXT files, not emails, and appear to be the personal notes of the inventor, John Overton. The privilege log does not state that they are attachments to any email or letter to a lawyer. Although the privilege log lists those documents

6

with "Brinks Hofer" (a law firm) as an "addressee," Kove does not identify any specific lawyer who ever received the documents. Notably, the privilege log's description of these documents does not suggest they were ever sent to anyone. It refers to these documents as "drafts" or "notes" "reflecting advice of counsel."

To withhold a document on the basis of privilege, Kove must substantiate that it discloses a *privileged communication*—a request for legal advice from client to lawyer or the lawyer's response—and show that the document reveals the content of that privileged communication. "[M]ere conclusory statements will not suffice to meet that burden." *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 152 F.R.D. 132, 139 (N.D. Ill.1993). Rather, "[s]upporting a claim of privilege requires factual material to prove the basis of privilege." *Acosta v. Target Corp.*, 281 F.R.D. 314, 323-24 (N.D. Ill. 2012) (rejecting claim of privilege over documents containing information that allegedly reflected legal advice where the corporation "submitted no factual material to demonstrate that the allegedly privileged entries" were derived from legal advice).

Kove has not met its burden. It does not identify the date and time of the privileged communication, the nature of the privileged communication, or the manner in which the documents purportedly "reflect" that communication. Instead, Kove asserts that some unspecified portions of these documents "reflect" unspecified legal advice received at an unspecified earlier time from an unspecified lawyer. That is not enough to establish privilege. *Acosta*, 281 F.R.D. at 323-24 (finding that plaintiff made it "nearly impossible [] to uphold its claim of attorney-client privilege" where its privilege log was "[w]ithout a complete list of who received certain documents" and "without any explanation of . . . the purpose for which they were created"); *see also RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 218 (N.D. Ill. 2013) (finding claim of privilege

7

not established where the privilege log listed recipients of documents as "N/A" and where the descriptions "give[] no indication that it was created by or for an attorney").

Even if Kove could substantiate that there is some nexus between these documents and some prior conversation with a lawyer, that alone would be insufficient to establish that these documents are privileged. Not all attorney-client communications are privileged. The privilege applies only to confidential communications for the purpose of obtaining or providing legal advice. *See, e.g.*, *Muro v. Target Corp.*, 243 F.R.D. 301, 304 (N.D. Ill. 2007) (finding no privilege over "a cover memorandum describing the content of two enclosed folders" where "[n]o legal advice is sought or discussed"); *McCook Metals L.L.C. v. Alcoa, Inc.*, 192 F.R.D. 242, 255 (N.D. Ill. 2000) (no privilege for "attachments to letters to in-house patent attorneys in response to a request for information"); *Avery Dennison Corp. v. UCB Films PLC*, Case No. 95 C 6351, 1998 U.S. Dist. LEXIS 15727, at *22-24 (N.D. Ill. Sept. 30, 1998) (no privilege for "prior art used to prepare a patent"). The privilege does not shield facts from discovery, even if those facts were communicated to an attorney. *See Int'l Bhd. of Teamsters v. Local No. 743, Warehouse, Mail Order Office, Tech. & Prof'l Employees Union*, No. 94 C 5128, 1995 WL 22942, at *2 (N.D. Ill. Jan. 14, 1995) ("Facts revealed during a privileged communication are not themselves privileged."); *see also Nucap Indus. Inc. v. Robert Bosch LLC*, No. 15 CV 2207, 2017 WL 3624084, at *2 (N.D. Ill. Aug. 23, 2017) ("Attachments which are not themselves privileged do not become privileged merely by attaching them to a communication with an attorney."). Here, Kove does not substantiate that Document Nos. 26, 29, or 30 contain legal advice. From the descriptions in the log, Document Nos. 29 and 30 appear to be technical documents, and Document No. 26 is described as a note regarding a submission to the PTO. There is no basis for Kove to withhold these documents as privileged.

**Document No. 27** is not privileged. The privilege log identifies this document as a "Note," and Paul Carmichael as the addressee. Other documents produced by Kove suggest that, while Paul Carmichael was trained as a lawyer, he did not render legal services to Kove. Kove's document production contains a ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (Exs. N, O.) ███████████████████████ says nothing about Carmichael being engaged as a lawyer ██████. Nor does it make any mention of Kove.

Even if Carmichael had been engaged to render legal advice to Kove, the information in the log does not suggest that the document was sent to Carmichael. The file is a .DOC file, and the log does not contain any indication of an email or letter transmitting the .DOC file to Carmichael. Nor does Kove's description of the document suggest it was ever sent to a lawyer. Instead, Kove claims it contains "Notes re: legal advice." This is an insufficient basis to withhold the document. Kove does not identify, even generally, the topic of the "legal advice" it received, when it received it, who the lawyer was or how this document discloses that unspecified "legal advice."

Finally, if on *in camera* review the Court concludes that some statement in the document constitutes a privileged communication involving Kove, at most that would entitle Kove to redact that portion of the document—not to withhold the entire document, as Kove now seeks to do. *See Nucap Indus. Inc.*, 2017 WL 3624084, at *3 (ordering plaintiff to redact portions of email that contain legal advice and to produce portions of email that "discuss[] business issues rather than legal advice" without redactions).

9

**Document No. 28** is not privileged. This is an email by John Overton—the inventor, not a lawyer—to himself, entitled "FW Econnectix Patent Portfolio Status & Projected Fees." It does not include a lawyer as an addressee or purport to be a request for legal advice. A non-lawyer's personal summary of his own "Patent Portfolio Status," never shared with a lawyer, is not a privileged communication. Kove asserts that this email "memorializes notes re: meeting with counsel re: patent filings." Kove does not identify when this "meeting with counsel" occurred.

Moreover, Kove's description of the document does not suggest that it actually *records* legal advice. Rather, Kove says that the document contains "notes re: meeting"—*i.e.*, notes that are merely *related* to a "meeting with counsel." The document title refers to the patent portfolio status and projected legal fees. If, upon *in camera* review the Court determines that any portion of the notes recounts legal advice, then the document should at a minimum be produced in redacted form. *See Nucap Indus. Inc.*, 2017 WL 3624084, at *3; *see also Sullivan v. Alcatel-Lucent USA, Inc.*, No. 12 C 7528, 2013 WL 263793, at *7 (N.D. Ill. June 12, 2013) (finding that an email chain discussing legal fees was not privileged where the emails did not reflect legal advice).

**Document No. 31** is not privileged. Kove states that this document consists of a "[s]can of handwritten notes taken at August 31, 2009 meeting with counsel re: various patent filings." Unlike with the other Clawback Documents, Kove at least links this document to a specific meeting with a specific lawyer. Nevertheless, the fact that notes were taken *during* a meeting with counsel does not necessarily mean that they are privileged. To the extent the document actually transcribes or summarizes advice of counsel, portions of it may be privileged, and it should be produced in redacted form. To the extent the document recites facts or the inventor's personal notes and plans, however, it is not privileged, even though those plans might have been discussed with counsel. *MSTG, Inc. v. AT & T Mobility, LLC*, No. 08 C 7411, 2011 WL 221771, at *3 (N.D. Ill. Jan. 20,

10

2011) (rejecting privilege claims over business plans that discuss a variety of goals "*e.g.* analyze patent" despite claim that plans were created "at the direction of legal counsel").

Finally, as discussed above, the location of certain of the Clawback Documents in proximity to ▬▬▬▬ in Kove's document production suggests that the Clawback Documents may reveal information regarding the withholding of prior art from the patent examiner during prosecution. To the extent the Clawback Documents support that inference, those documents cannot be protected by the attorney-client privilege under the crime-fraud exception. *See, e.g.*, *Monon Corp. v. Stoughton Trailers, Inc.*, 169 F.R.D. 99, 102–03 (N.D. Ill. 1996) (crime fraud exception applies where inventor knowingly concealed existence of material prior art); *W.R. Grace & Co.-Conn. v. Viskase Corp.*, No. 90 C 5383, 1991 WL 150188, at *4 (N.D. Ill. July 30, 1991) (finding that a showing that the patentee failed to disclose prior art that would have been relevant to the prosecution of its invention was "enough to vitiate the attorney-client privilege"); *Specialty Minerals, Inc. v. Pleuss-Stauffer AG*, No. 98 Civ. 7775(VM)(MHD), 2004 WL 42280 (S.D.N.Y. Jan. 7, 2004) (finding the crime-fraud exception applies to defeat claim of privilege where a patent holder withheld information of prior art at the time of its application).

## II. AWS Asks the Court to Perform an *In Camera* Review of Five Additional Documents On Kove's Privilege Log.

Five additional documents on the privilege log contain descriptions suggesting that the documents are not privileged. Those documents are:

| No. | BegAttach | File Name | Addressee(s) | Author(s) | Description |
| --- | --- | --- | --- | --- | --- |
| 1 | CTRL0000019950 | 2004-05-12—Approaching Milestones.txt | -- | John Overton | Notes re: legal advice and communications with counsel regarding office actions and applications. |
| 2 | CTRL0000019952 | Hetz-Claim-Guidelines-Response.doc | -- | John Overton | Notes re: legal advice and communications re: office action response |

11

| No. | BegAttach | File Name | Addressee(s) | Author(s) | Description |
|---|---|---|---|---|---|
| 9 | CTRL0000020110 | Redirection.doc | Brinks Hofer | John Overton | Draft document containing description and characterization of application no. 09/661,222 prepared to assist counsel |
| 21 | CTRL0000020245 | 2006-08-07—Status.txt | | John Overton | Notes re: communication with counsel re: application status |
| 25 | CTRL0000021168 | 2003-03-15—README-JKO.txt | John Overton | John Overton | Notes re: communication with counsel re: asset transfers |

With respect to four of these five documents (all except for Document No. 9), the privilege log recites that the documents were created by inventor John Overton and never sent to any lawyer. The descriptions of those documents do not substantiate Kove's claim of privilege. They are described as "Notes re: legal advice" or "Notes re: communication with counsel." Kove does not identify what that "legal advice" related to (even generally), who the lawyer was, when the advice was received, or how the documents would tend to disclose that legal advice. As explained above, these vague descriptions are insufficient to assert privilege. *Supra*, at 7.

With respect to Document No. 9, Kove identifies Brinks Hofer as an addressee. However, the document itself is a .DOC file, not an email. Kove does not identify any specific attorney who received this document; nor does it identify an email or letter to which this document was ever attached. Further, the description of this document does not support Kove's claim that it reflects legal advice. A "draft document" that contains "descriptions and characterizations" of Kove's invention is not a request for legal advice. *See Muro*, 243 F.R.D. at 304. While the description vaguely states that it was "prepared to assist counsel," it does not state that the document contains any confidential communciation for the purpose of seeking legal advice. Kove cannot claim privilege over an inventor's own description of his claimed invention.

12

## CONCLUSION

For the reasons set forth above, AWS asks this Court to conduct an *in camera* review of the documents subject to Kove's clawback request as well as of the additional five documents from Kove's privilege log identified in this motion, and compel production of any documents which the Court determines are not privileged.

April 23, 2020

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
(202) 639-6000
aunikowsky@jenner.com

Respectfully submitted,

*/s/ Terri L. Mascherin*

Terri L. Mascherin
Timothy J. Barron
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
tmascherin@jenner.com
tbarron@jenner.com
mwerner@jenner.com

*Attorneys for Amazon Web Services, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 23, 2020, I caused a true and correct copy of the foregoing motion to be served on all counsel of record via electronic mail and pursuant to Federal and local rules.

                                                      */s/ Michael T. Werner*
                                                      Michael T. Werner
                                                      Jenner & Block LLP
                                                      353 N. Clark Street
                                                      Chicago, Illinois 60654
                                                      (312) 222-9350