# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KOVE IO, INC., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-08175 |
| ) | |
| AMAZON WEB SERVICES, INC., ) | Hon. Rebecca R. Pallmeyer |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**DECLARATION OF MICHAEL T. WERNER**

I, Michael T. Werner, declare as follows:

1. I am an attorney with the law firm of Jenner & Block LLP, counsel for Defendant Amazon Web Services, Inc. ("AWS") in the above captioned matter. I submit this declaration in support of Defendant's Motion to Conduct *In Camera* Review and to Compel Production.

2. Kove made its first document production on May 25, 2019 along with its initial disclosures. The production consisted largely of the publicly-available file histories for the patents-in-suit, publicly available correspondence with the Patent Office, and open source code.

3. AWS served its First Requests for the Production of Documents and Things on Kove IO, Inc. ("Kove") on June 20, 2019. In its RFPs, AWS specifically requested all documents related to the filing and prosecution of the patents-in-suit and any related patents (*see* RFP No. 26) and prior art related to the patents-in-suit (*see* RFP Nos. 14, 16, 17, 18). A true and correct copy of AWS's First Requests for the Production of Documents and Things is attached as Exhibit B.

4. AWS also served its First Set of Interrogatories on June 20, 2019. In its Interrogatories, AWS asked Kove to identify all prior art to the patents-in-suit, including any prior

1

art related to "distributed has tables, hashing, or hash functions" (*see* Interrogatory No. 5). A true and correct copy of AWS's First Set of Interrogatories is attached as Exhibit K.

5. On July 15, 2019, Kove made its first production in response to AWS's Requests for Production. The production consisted of 32 pages of unspecified computer code and log files. Kove did not make any additional productions between July and November.

6. AWS sent multiple letters to Kove regarding the deficiencies in its document production during October 2019. A true and correct copy of an October 7, 2019 letter sent from counsel for AWS to counsel for Kove is attached as Exhibit C. A true and correct copy of an October 31 letter sent from counsel for AWS to counsel for Kove is attached as Exhibit D.

7. Kove did not respond to AWS's October 7, 2019 letter until November 1, 2019. In its November 1 letter, Kove stated that it was "not obligated to respond" to AWS's interrogatory related to prior art to the patents-in-suit. A true and correct copy the November 1, 2019 letter received by counsel for AWS from counsel for Kove is attached as Exhibit P.

8. Following Kove's November 1 letter, the parties participated in multiple telephone conferences to discuss the deficiencies in Kove's production and interrogatory answers. During those calls, AWS specifically addressed Kove's failure to produce documents and information related to Kove's knowledge of prior art and the prosecution of the patents-in-suit.

9. Kove made supplemental productions on November 23, 2019 and November 30, 2019. Following Kove's supplemental productions, the parties continued to engage in meet and confer calls during which AWS continued to press for the production of all responsive documents. Regarding Kove's assertion that it was not obligated to respond to AWS's interrogatory related to prior art to the patents-in-suit, AWS explained to Kove that it was only seeking identification of prior art in Kove's possession. On a December 4, 2019 meet and confer call, counsel for Kove

agreed to produce additional documents on a rolling basis and to supplement its responses to AWS's Interrogatories, including Interrogatory No. 5 regarding prior art.

10. Kove supplemented its responses to AWS's interrogatories on December 19, 2019. In response to AWS's interrogatory related to prior art (Interrogatory No. 5), Kove identified several patents and publications. Kove did not identify the 1997 paper by David Karger, "Consistent Hashing and Random Trees: Distributed Caching Protocols for Relieving Hot Spots on the World Wide Web." A true and correct copy of Kove's Supplemental Responses to AWS's First Set of Interrogatories is attached as Exhibit M.

11. Kove did not produce any additional documents until February 10, 2020, when Kove produced over 20,000 pages of documents. AWS was not able to review Kove's February 10 production substantively until after its deadline to serve Final Invalidity and Unenforceability Contentions on February 13, 2020. On February 14, 2010 and February 21, 2020, Kove made two additional productions containing a total of more than 19,000 pages of additional documents. Kove's February productions contained many documents related to the prosecution of the patents-in-suit, including ██████████████████████████████████████████████████████████████████████████████████████ A review of the prosecution history reveals that Kove did not disclose Professor Karger's 1997 paper to the Patent Office during prosecution of the patents-in-suit.

12. The metadata for many of the documents in Kove's February productions—including several of the Clawback Documents—shows a "Created Datetime" of July 1, 2019.

13. A redacted copy of a March 12, 2020 letter from counsel for AWS to counsel for Kove is attached as Exhibit F. In that letter, AWS raised several questions regarding the timing and contents of Kove's February productions.

3

14. A true and correct copy of a March 18, 2020 letter received by counsel for AWS from counsel for Kove is attached as Exhibit G. In that letter, Kove clawed back six documents from its February productions, including several documents that AWS had discussed in its March 12 letter. Kove did not address the questions raised in AWS's March 12 letter or offer any explanation for waiting over seven months to produce the documents in the February productions.

15. Prior to its March 18 clawback request, Kove had not served a privilege log.

16. A true and correct copy of a March 19, 2020 letter from counsel for AWS to counsel for Kove is attached as Exhibit Q. Among other things, in that letter AWS requested a privilege log addressing both the Clawback Documents and any other documents that Kove had withheld from production as privileged.

17. A true and correct copy of a March 23, 2020 letter received by counsel for AWS from counsel for Kove is attached as Exhibit H. In that letter, Kove provided some information regarding the Clawback Documents. AWS did not believe that information was sufficient to establish that the documents are protected by the attorney-client privilege or the work-product doctrine.

18. On March 25, 2020, counsel for AWS and counsel for Kove participated in a conference call to discuss Kove's clawback request, AWS's request regarding the basis for Kove's claim of privilege over the Clawback Documents, and Kove's failure to produce a privilege log. Kove refused to withdraw its assertion of privilege over the Clawback Documents but agreed to produce a privilege log by April 10. A version of the privilege log that Kove produced on April 10, annotated to add a column entitled "Document No.," is attached as Exhibit J.

19. Pursuant to Local Rule 37.2, counsel for AWS have attempted to resolve our disputes with counsel for Kove regarding Kove's claims of privilege over the Clawback

4

Documents and several other documents on Kove's privilege log, but we have been unable to resolve our differences.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 23 day of April, 2020.

/s/ Michael T. Werner