# **EXHIBIT F**

919 THIRD AVENUE NEW YORK, NY 10022-3908     JENNER&BLOCK LLP

March 12, 2020

Michael G. Babbitt
Tel +1 312 923 2879
mbabbitt@jenner.com

Jaime Cardenas-Navia
Reichman Jorgensen LLP
100 Park Avenue
Suite 1600
New York, NY 10017
(646) 921-1474
jcardenas-navia@reichmanjorgensen.com

Re: *Kove IO, Inc. v. Amazon Web Services*

Dear Jaime,

We write with regard to certain documents in Kove's document productions from February 2020. We are concerned that Kove deliberately postponed the production of certain highly relevant documents until the very end of discovery. We request: (1) an explanation for Kove's belated document productions, and (2) supplementation of Kove's production as detailed below.

AWS made its initial document requests on June 20, 2019 and requested all materials related to patent prosecution (*e.g.* No. 26) and your knowledge of prior art (*e.g.* Nos. 14, 16, 17, and 19). For seven months—a period during which Kove regularly demanded, and received, source code and documents from AWS—you barely produced any substantive documents, instead only producing public correspondence with the Patent Office and prior art, for example (as we detailed in our letters of October 7, 2019, October 31, 2019, and March 11, 2020). Only on the eve of Final Invalidity and Unenforceability Contentions did you begin to produce substantive information, over 20,000 pages on February 10, 2020, one week before contentions were due. You produced thousands more pages in the days immediately following final contentions.

There were several highly relevant documents in these productions. In the production only a few days before our contentions were due, you produced a document that states ███████ ████████████████████████████████████" (KOV_39114). It is ████████████ ████████████████████████████████████████████████████████████████████ Although it is difficult to determine from Kove's initial production what ████████ that document is referring to, we note that the same production also contains "Consistent Hashing and Random Trees: Distributed Caching Protocols for Relieving Hot Spots on the World Wide Web", by Karger, et al. of MIT at the time (KOV_39222), which is also cited in AWS' Final Invalidity

March 12, 2020
Page 2

Contentions.  These documents have the same custodian and are only a few bates numbers apart in the production.

You also produced a letter which further indicates that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (KOV_40527).  The document refers to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" in relation to the asserted patents.  This document also refers to the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, the software that Kove alleges embody the patents in suit here. ▮▮▮▮▮▮▮▮▮▮ Another document—an email Overton sent to himself in 2003—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (KOV_52509).

We are concerned that you may have withheld these documents from AWS throughout discovery.  Many of your newly produced documents—including KOV_39114, which documents ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—show a creation date of "7/1/2019."  This creation date indicates you collected these documents in July 2019, days after our initial document requests.  However, you did not produce the documents for seven months and only did so immediately before and after the deadline for final contentions.  As you know, withholding documents during discovery may lead to an adverse inference of specific intent to withhold materials from the patent examiner.  *See, e.g.*, *Regeneron Pharm., Inc. v. Merus N.V.*, 864 F.3d 1343, 1356−59 (Fed. Cir. 2017).  In addition, to the extent AWS will be forced to expend attorney's fees as a consequence of Kove's belated document production—including, but not limited to, supplementing its invalidity contentions—AWS may also be able to recover those fees from Kove. Therefore, we ask for you to explain your actions.

In addition, your document production is incomplete.  As noted above, a document in Kove's production recites: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  The ▮▮▮▮▮▮ associated with this document should appear next to the cover document in Kove's document production and be delineated clearly.  Kove may not obfuscate this information by scattering the associated ▮▮▮▮▮▮ through its document production.

In addition, this course of events constitutes good cause for AWS to request all information related to these documents and facts.  If the documents in Kove's belated production were collected electronically, then we demand all related metadata, for example, including folder paths, lists of all documents in the same folder, subfolders, and parent folders (with Bates citations), their creators, whose computer they reside on, dates accessed, dates modified, dates collected, any prior versions of the documents, and any deleted documents from the same folders or subfolders, etc.  If from hard copy, then we demand to inspect the original documents in their original folder structure and to know the date collected.

March 12, 2020
Page 3

We further demand you produce all the documents and information *related to* those noted above. As noted below, those documents are responsive to AWS's original document requests and should have been produced already. In particular, we demand:

- all documents related to Kove's knowledge of Karger, his research and publications, and any other ▮▮▮▮▮▮▮▮ research known by Kove (and withheld from the patent Examiner) (responsive to Nos. 14-19, 26);

- all documents related to the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (responsive to Nos. 7-9, 31, 34);

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ including, but not limited to, documents sufficient to identify the recipient of the letter and the ▮▮▮▮▮▮▮ referred to in the letter (responsive to Nos. 7-9, 31, 34);

- all documents related to the prosecution of ▮▮▮▮▮▮▮ (responsive to Nos.14-15, 19, 26).

We also reserve the right to seek additional relief, including, but not limited to, an extension of case deadlines so that AWS may pursue party and third-party discovery into the ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Please also confirm that you have preserved all of your communications regarding document collection in this case and inform us whether you represent the individuals and attorneys involved in the prosecution of the asserted patents, such as Kent Genin and Brinks Hofer.

Sincerely,

*/s/ Michael G. Babbitt*

Michael G. Babbitt