# **EXHIBIT K**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., ) | |
|         Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 1:18-cv-08175 |
| AMAZON WEB SERVICES, INC., ) | |
| ) | Hon. Judge Rebecca R. Pallmeyer |
|         Defendant. ) | |
| ) | |
| ) | |

**AMAZON'S FIRST SET OF INTERROGATORIES (NOS. 1-9)**

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
(202) 639-6000
aunikowsky@jenner.com

Terri L. Mascherin
Michael Babbitt
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
tmascherin@jenner.com
mbabbitt@jenner.com
mwerner@jenner.com

*Attorneys for Amazon Web Services, Inc.*

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3, Defendant Amazon Web Services, Inc. ("Amazon") requests that Plaintiff Kove IO, Inc. ("Kove"), within 30-days after service of these interrogatories, respond to this First Set of Interrogatories (Nos. 1-9) in accordance with its obligations under the Federal Rules of Civil Procedure. These Interrogatories and the terms used herein shall be construed to require the fullest and most complete disclosure permitted by the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

For purposes of these interrogatories, the following words and phrases shall have the meanings indicated:

1. The terms "Kove," "Plaintiff," "you," and "your" mean Plaintiff Kove IO, Inc., and/or OverX, Inc as well as their officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

2. The term "'170 patent" means U.S. Patent No. 7,815,170.

3. The term "'978 patent" means U.S. Patent No. 7,233,978.

4. The term "'640 patent" means U.S. Patent No. 7,103,640.

5. The term "Patents-in-Suit" means the '170 patent, the '978 patent, and/or the '640 patent, both individually or collectively as the context indicates, and any other patent asserted by Kove against Amazon in this case.

6. The term "S3" refers to the Amazon Simple Storage Service, as described by Kove in the Complaint dated December 12, 2018 (Dkt. 1) ("the Complaint").

7. The term "DynamoDB" refers to Amazon's DynamoDB service, as described in the Complaint.

1

8. The term "Related Patent" means any application, continuation, continuation-in-part, divisional, or reissue applications, any patents that have issued from such related applications, and any patent or application from which such related applications claim priority or otherwise in the same family of patents.

9. "Document" or "documents" shall be interpreted in its broadest sense to mean, without limitation, all documents, e-mails, letters, memos, webpages, objects, or other electornic or tangible things discoverable under Federal Rule of Civil Procedure 34, including the original, all identical copies, and all non-conforming or non-identical drafts and copies thereof, whether different from the original by reason of any annotation made on such copies or otherwise.

10. "Communication" shall mean every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer, or exchange of information, whether orally or by document or whether face to face, by telephone, mail, personal delivery, email, or otherwise.

11. The term "prior art" is used herein in the same sense that it is used in 35 U.S.C. §§ 102 and 103, and includes any patent, printed publication, prior knowledge, prior use, prior product, prior sale or offer of sale, or other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

12. "Including" means including but not limited to the referenced subject.

13. "And" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these requests any information that might be deemed outside their scope by any other construction.

14. "All" and "any" mean both each and every.

15. "Relating to," "related to," and "referring to," shall mean, without limitation, in any way constituting, mentioning, referring to, referencing, describing, summarizing, evidencing, listing, indicating, relevant to, demonstrating, regarding, tending to prove or disprove, containing, reflecting, concerning, pertaining to, analyzing, explaining, or in any way logically or factually connected with the matter discussed.

16. Except as limited in the above definitions, the definitions set forth in the Northern District of Illinois Local Rules are hereby incorporated by reference.

17. These interrogatories shall be deemed continuing so as to require timely supplementation of responses if Plaintiff learns of additional responsive documents, things, or information between the time of its initial responses and the time of trial pursuant to Rule 26(e).

18. Any responsive documents, things, or information not disclosed by reason of a claim of privilege or other basis should be identified in writing by: (a) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

## INTERROGATORIES

**Interrogatory No. 1:** Identify the names, addresses, and telephone numbers of all persons who you believe have knowledge relating to the events, transactions, or occurrences that gave rise to or relate to this action or who may be called to testify in this action, along with a statement of the nature of the knowledge relating to this case each such person is believed to possess.

**Interrogatory No. 2:** Identify the earliest priority date of each asserted claim of each Patent-in-Suit, including identification of (i) the circumstances related to the conception and reduction to practice of the inventions claimed by the Patents-in-Suit and all related evidence and documents, and (ii) any Related Application to which Kove asserts that any of the Patents-in-Suit is entitled to claim priority along with claim charts showing where each element of the asserted claim is found in the Related Application.

**Interrogatory No. 3:** Identify every product, device, system, or service created, made, sold, used, distributed, given away, produced, or manufactured by any person or entity, including Amazon, Kove, the inventors named on the face of the Patents-in-Suit or any third-party, that embodies, or that is capable of embodying, any asserted claim of the Patents-in-Suit. For every product, device, system, or service created, made, sold, used, distributed, given away, produced, or manufactured by Kove, identify the means by which the product, device, system, or service is marked pursuant to 35 U.S.C. § 287.

**Interrogatory No. 4:** Describe in detail the factual and legal bases that you allege support your contention that each asserted patent claim of the Patents-in-Suit is not invalid based on prior art under 35 U.S.C. § 102 and 103, if you so contend, including what you contend is the scope and content of the prior art, the difference between the claimed invention and the prior art, the level of ordinary skill in the art, and all purported evidence of secondary considerations or objective evidence relevant to the analysis under § 103, see *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007).

**Interrogatory No. 5:** Identify each item of prior art, patent, publication, or product that existed prior to the September 13, 2000 filing date of the '170 patent that included disclosure related to the following features: (i) distributed hash tables, hashing, or hash functions, (ii) a

4

hash function used to organize data location information, (iii) redirect information used to calculate a location of a server, or (iv) the use of an intermediate server between a client and a data storage entity containing data location information or separate storage of information about the location of a data object or data objects separate from the data object(s).

**Interrogatory No. 6:** Identify each employee or agent of Kove who has or had any knowledge or awareness of Amazon Web Services or any of its products or services, including S3 and DynamoDB, along with a statement of the nature of the knowledge of each person relating to each such product or service, including an identification of the product or service and the earliest date upon which each such person was aware of each such product or service or of any alleged infringement by Amazon related to any of these products or services.

**Interrogatory No. 7:** Provide a computation of all categories of damages claimed by Kove, including a computation of your alleged damages for a reasonable royalty under the *Georgia Pacific* factors, see 318 F. Supp. 1116, 1119-20 (S.D.N.Y. 1970), for lost profits under the *Panduit* factors, see 575 F.2d 1152, 1156 (6th Cir. 1978), for enhanced damages or willful patent infringement, for attorneys fees, and for any other damages or relief requested or claimed in this case, and identify all documents or other evidentiary material upon which such computation is based.

**Interrogatory No. 8:** Identify all licenses or agreements, whether oral or written, related to the Patents-in-Suit, including an identification of the parties to each license, the date of each license, a summary of the material terms of each license and each Kove owner, officer, director, or employee with any knowledge related to any of the identified licenses or agreements, and a description of the nature of the knowledge of each person relating to each such license or agreement.

**Interrogatory No. 9:** Describe in detail the factual and legal bases for your allegation that Amazon's actions constitute willful patent infringement, if you so contend, including a detailed explanation of the circumstances under which Kove first became aware of Amazon's alleged infringement for each Patent-in-Suit.

Dated: June 20, 2019

Respectfully submitted,

/s/ Terri L. Mascherin

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
(202) 639-6000
aunikowsky@jenner.com

Terri L. Mascherin
Michael Babbitt
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
tmascherin@jenner.com
mbabbitt@jenner.com
mwerner@jenner.com

*Attorneys for Amazon Web Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2019, I caused a true and correct copy of the foregoing:

**AMAZON'S FIRST SET OF INTEROGATORIS (NOS. 1-9)**

to be served on all counsel of record via electronic mail and pursuant to Federal and local rules.

/s/ Michael Werner

Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
mwerner@jenner.com

7