# EXHIBIT L

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., | |
| Plaintiff, | Civil Action No. 1:18-cv-08175 |
| v. | |
| Amazon Web Services, Inc., | |
| Defendant. | |

### KOVE IO, INC.'S RESPONSES AND OBJECTIONS TO
### DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF NOS. 1-9

Plaintiff Kove IO, Inc. ("Plaintiff" or "Kove"), by and through their undersigned counsel, Federal Rules of Civil Procedure 26 and 33, the Northern District of Illinois Local Rules ("Local Rules"), L.R. 33.1, and any applicable local procedures, laws, or Court orders, hereby serve the following objections and responses to Amazon Web Services, Inc. ("Defendant" or "Amazon")'s First Set of Requests of Interrogatories (the "Interrogatories").

### PRELIMINARY STATEMENT

1.      Kove incorporates by reference each general objection set forth below into each specific response.  The specific response may repeat a general objection for emphasis or any other reason and/or may also include one or more specific objections(s).  The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

2.      Kove's responses to Amazon's Interrogatories are made to the best of Kove's present knowledge, information, and belief.  Kove reserves the right to supplement or amend these responses should future investigation indicate that such supplementation or amendment is

1

necessary. Kove reserves the right to make any use of, introduce at any hearing or at trial, information or documents that are responsive to Kove's interrogatories, but discovered subsequent to Kove's service of these responses, including, but not limited to, any information or documents obtained in discovery herein.

## **GENERAL OBJECTIONS**

1.      Kove adopts and incorporates by reference the following General Objections in each of its specific answers to Defendant's First Set of Interrogatories to Plaintiff Nos. 1-9:

2.      Kove objects to the Interrogatories to the extent that they purport, through definitions, instructions, or otherwise, to impose burdens or duties on Kove inconsistent with, or not authorized by, the Federal Rules of Civil Procedure. In each such case, Kove declines to accept those additional burdens or duties and instead will comply with the Federal Rules of Civil Procedure.

3.      Kove objects to the Interrogatories to the extent they are vague, ambiguous, compound, overly broad, unduly burdensome, oppressive, not reasonably limited in time or scope, seeking irrelevant information, and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Kove objects to the Interrogatories to the extent that they seek "any" or "all" information or documents of a certain description where it would be unduly burdensome to search for and describe "all" information or documents technically responsive to those Interrogatories. Kove will not produce "any" or "all" information or documents where it would be unduly burdensome to do so, but will provide information or documents reasonably sufficient to respond to the subject matter of the Interrogatories.

5.      Kove objects to the Interrogatories to the extent that they require Kove to furnish

or produce any information or documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, protection, or restriction, or which is otherwise not discoverable under the Federal Rules of Civil Procedure, applicable statutes, or common law.

6.      Kove objects to the Interrogatories to the extent that they require Kove to furnish or produce any information or documents that contain confidential and/or proprietary research, development, or commercial information, and/or confidential and/or proprietary trade secrets. Kove will furnish or produce any such information or documents pursuant to the Stipulated Protective Order which will be entered in this case.

7.      Kove objects to the Interrogatories to the extent that they purport to require Kove to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party. Kove will provide such information to the extent it is able to, but may need either the consent of the relevant third party or a court order compelling production.

8.      Kove objects to the Interrogatories to the extent that they require Kove to furnish or produce any information or documents which are in the possession, custody or control of third parties, Amazon, or Amazon's agents and counsel, or are otherwise of public record and, therefore, are equally accessible and available to Amazon.

9.      Kove objects to the Interrogatories to the extent to which they require Kove to furnish or produce any information or documents which are not in its possession, custody, or control.

10.      Kove objects to the Interrogatories to the extent to which they require Kove to furnish or produce any information or documents regarding confidential and/or proprietary research, development, or commercial information, and/or confidential and/or proprietary trade

secrets other than that confidential and/or proprietary research, development, or commercial information and/or confidential and/or proprietary trade secrets which Kove identifies in the Complaint. Kove also objects to the Interrogatories to the extent to which they require Kove to furnish or produce any information or documents regarding misappropriation, misuse, or improper disclosure involving Persons other than those identified in the Complaint. Accordingly, Kove's responses are limited to information or documents regarding the confidential and/or proprietary research, development, or commercial information, and/or confidential and/or proprietary trade secrets identified in the Complaint, and misappropriation, misuse, or improper disclosure involving Persons identified in the Complaint.

11.     Kove objects to the Interrogatories to the extent that they call for legal conclusions. Kove's responses and any production of documents shall not be construed as providing a legal conclusion concerning the meaning or application of any term or phrase in the Interrogatories.

12.     Kove objects to the Interrogatories to the extent that they call for Kove to form and then render an expert opinion, or to the extent that they require disclosure of expert reports, analysis, findings or assessments that Kove is not yet required to disclose pursuant to the applicable rules and orders.

13.     Kove objects to the Interrogatories and the instructions and definitions contained therein, and made a part thereof, to the extent that they attempt to alter the plain meaning of understanding of any term or attempt to impose obligations on Kove that are inconsistent with and/or in addition to those required under the Federal Rules of Civil Procedure.

14.     Kove objects to Amazon's definitions of "Plaintiff," "You," "Yours," "Kove," and "OverX, Inc." on the grounds that they render the relevant topics vague, ambiguous, overbroad, and unduly burdensome. Kove will interpret these terms to refer to Kove IO Inc. ("Kove").

15.     Kove's investigation of facts and discovery of documents and other information relating to the claims at issue in this action is continuing. Therefore, Kove's responses will be based only upon such information and documents as are available to, and known to, Kove at the time of such responses. Kove anticipates that further investigation and analysis of the claims at issue in this action may disclose additional information requested by Amazon and, therefore, Kove reserves the right to modify and/or supplement any and all of its responses as additional information is obtained or becomes available or known to Kove.

16.     In responding to the Interrogatories, Kove does not waive, intends to preserve, and is preserving the following:

a.     All objections to competency, relevance, materiality, privilege, and admissibility;

b.     All rights to object on any ground to the use of any of the responses herein or documents produced in any subsequent proceeding including the trial of this or any other action;

c.     All rights to object on any ground to any further Interrogatories; and

d.     All rights to revise, correct, supplement, clarify, and/or amend any of the responses herein at any time.

17.     Kove's responses are made subject to these General Objections and will be limited in accordance with these General Objections. Failure to specifically mention each General Objection in each response does not constitute a waiver of any General Objection, and all are considered incorporated in each response by reference.

## RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1:

Identify the names, addresses, and telephone numbers of all persons who you believe have knowledge relating to the events, transactions, or occurrences that gave rise to or relate to this

action or who may be called to testify in this action, along with a statement of the nature of the knowledge relating to this case each such person is believed to possess.

**RESPONSE:**

In addition to its general objections, Kove specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception. Kove further objects to this Interrogatory on the grounds that it is vague, unclear and ambiguous including, without limitation, with respect to its use of the terms "all persons," "knowledge relating to the events, transactions, or occurrences" and "nature of the knowledge."

Kove understands this Interrogatory to the extent that it uses the terms "all persons," "knowledge relating to the events, transactions, or occurrences" and "nature of the knowledge" to include circumstances and events alleged in the Complaint filed on December 12, 2018 in this litigation.

Kove also objects to this Interrogatory to the extent it purports to require Kove to marshal its evidence in advance of deadlines prescribed by the Federal Rules, Local Rules and any applicable local procedures, laws, or Court orders.

Kove also objects to this Interrogatory as premature to the extent it seeks Kove's expert opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules and any applicable local procedures, laws, or Court orders.

Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate, as Amazon has not answered Kove's Complaint or pled any counterclaims or defenses.

6

Kove reserves the right to update this Interrogatory response as discovery continues and as Kove furthers its investigation, and reserves the right to rely on facts, documents, testimony, or other evidence that may develop or come to its attention through the ordinary course of this case.

Subject to the foregoing general and specific objections, to the extent Kove can understand this Interrogatory, Kove responds as follows:

| Name | Contact Information | Nature of the Knowledge |
|---|---|---|
| John Overton, Chief Executive Officer, Kove | Contact Kove's counsel of record.<br><br>Reichman Jorgensen LLP<br>100 Marine Parkway Suite 300<br>Redwood Shores, CA 94065<br>Telephone: (650) 623-1401<br>Telecopier: (650) 623-1449 | Dr. Overton is a named inventor on U.S. Patent Nos. 7,814,170; 7,103,640; and 7,233,978. Dr. Overton may have knowledge relating to conception and reduction to practice, design, development, ownership, or sales relating to the patents-in-suit. |
| Stephen W. Bailey | Contact Kove's counsel of record.<br><br>Reichman Jorgensen LLP<br>100 Marine Parkway Suite 300<br>Redwood Shores, CA 94065<br>Telephone: (650) 623-1401<br>Telecopier: (650) 623-1449 | Dr. Bailey is a named inventor on U.S. Patent Nos. 7,814,170; 7,103,640; and 7,233,978. Dr. Bailey may have knowledge relating to conception and reduction to practice, design, development, ownership, or sales relating to the patents-in-suit. |
| Jim Sorenson | 410 Terry Ave. N<br>Seattle WA 98109<br>The telephone number of this witness is or should be known to Amazon. | Senior Principal Engineer at Amazon Web Services with knowledge of technology related to DynamoDB |
| Seth Markle | 410 Terry Ave. N<br>Seattle WA 98109<br>The telephone number of this witness is or should be known to Amazon. | Principal Software Engineer at Amazon Web Services with knowledge of technology related to Amazon Simple Storage Service |
| Rick Sears | 410 Terry Ave. N<br>Seattle WA 98109<br>The telephone number of this witness is or should be known to Amazon. | Senior Manager/Engineer at Amazon Web Services with knowledge of technology related to Amazon Simple Storage Service |
| Alan Park | 410 Terry Ave. N<br>Seattle WA 98109 | Senior Finance Manager at Amazon Web Services with |

| Name | Contact Information | Nature of the Knowledge |
|---|---|---|
| | The telephone number of this witness is or should be known to Amazon. | knowledge of financial information related to DynamoDB |
| Jonathan Sullivan | 410 Terry Ave. N<br>Seattle WA 98109<br>The telephone number of this witness is or should be known to Amazon. | Person identified in Amazon's ROG responses as a person who is knowledgeable about the Amazon S3. |
| Amazon's former and current employees | The address and telephone number of these witnesses are or should be known to Amazon. | Amazon's former and current employees may have discoverable information or knowledge regarding design, development, structure, function, manufacture, operation, sale, use, distribution, benefits, impact on the relevant market, product marketing, and product development timeline of the accused infringing products and services, including Amazon DynamoDB and Amazon Simple Storage Services (S3). |
| All individuals identified in Amazon's initial disclosures | The address and telephone number of these witnesses are or should be known to Amazon. | All persons identified in Amazon's initial disclosures may have material knowledge of facts relevant to the issues in this case. |

**INTERROGATORY NO. 2:**

Identify the earliest priority date of each asserted claim of each Patent-in-Suit, including

identification of (i) the circumstances related to the conception and reduction to practice of the

inventions claimed by the Patents-in-Suit and all related evidence and documents, and (ii) any

Related Application to which Kove asserts that any of the Patents-in-Suit is entitled to claim

priority along with claim charts showing where each element of the asserted claim is found in the

Related Application.

**RESPONSE:**

In addition to its general objections, Kove specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception. Kove further objects to this Interrogatory on the grounds that it is vague, unclear and ambiguous including, without limitation, with respect to its use of the terms "all related evidence and documents," "any Related Application" and "any of the Patents-in-Suit."

Kove understands this Interrogatory to the extent that it uses the terms "all related evidence and documents," "any Related Application" and "any of the Patents-in-Suit" to include circumstances and events alleged in the Complaint filed on December 12, 2018 in this litigation.

Kove also objects to this Interrogatory to the extent it purports to require Kove to marshal its evidence in advance of deadlines prescribed by the Federal Rules, Local Rules and any applicable local procedures, laws, or Court orders.

Kove also objects to this Interrogatory as premature to the extent it seeks Kove's expert opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules and any applicable local procedures, laws, or Court orders.

Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate, as Amazon has not answered Kove's Complaint or pled any counterclaims or defenses.

Kove reserves the right to update this Interrogatory response as discovery continues and as Kove furthers its investigation, and reserves the right to rely on facts, documents, testimony, or other evidence that may develop or come to its attention through the ordinary course of this case.

Subject to the foregoing general and specific objections, to the extent Kove can understand this Interrogatory, Kove responds as follows:

The patents-in-suit may claim priority to applications filed at least as early as July 8, 1998 (Provisional Application No. 09/111,896). The inventions were conceived and reduced to practice by the inventors: John Overton and Stephen Bailey.

Pursuant to Federal Rule of Civil Procedure Rule 33(d), Kove identifies the following documents: KOV_00002119 - KOV_00002444; KOV_00003872 - KOV_00003875; KOV_00003944 - KOV_00004044; KOV_00004061 - KOV_00004596; KOV_00004690 - KOV_00004800; KOV_00004802 - KOV_00004811; KOV_00004813 - KOV_00004828; KOV_00004839 - KOV_00005247; KOV_00005251 - KOV_00005303; KOV_00005305 - KOV_00005327; KOV_00005329 - KOV_00005334; KOV_00005336 - KOV_00005338; KOV_00005341 - KOV_00005372; KOV_00005374 - KOV_00005770; KOV_00005773 - KOV_00005818; KOV_00005820 - KOV_00005840; KOV_00005841 - KOV_00005851; KOV_00005852 - KOV_00005872, and the source code that embodied the claimed inventions, which is available for inspection in Reichman Jorgensen's Redwood Shores office.

Kove and/or previous Patents-in-Suit owners did not make any product or service that embodied the Asserted Claims available to the public prior to the priority date of the Asserted Claims.

Kove hereby incorporates by reference its Second Amended Initial Disclosures, and any amendments or supplements thereto, which identifies persons that are knowledgeable about information requested by this Interrogatory, and Kove hereby incorporates its Initial Infringement Contentions, and any amendments or supplements thereto.

**INTERROGATORY NO. 3:**

Identify every product, device, system, or service created, made, sold, used, distributed, given away, produced, or manufactured by any person or entity, including Amazon, Kove, the inventors named on the face of the Patents-in-Suit or any third-party, that embodies, or that is capable of embodying, any asserted claim of the Patents-in-Suit. For every product, device, system, or service created, made, sold, used, distributed, given away, produced, or manufactured by Kove, identify the means by which the product, device, system, or service is marked pursuant to 35 U.S.C. § 287.

**RESPONSE:**

In addition to its general objections, Kove specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception. Kove further objects to this Interrogatory on the grounds that it is vague, unclear and ambiguous including, without limitation, with respect to its use of the terms "every product," "any third-party," and "any asserted claim of the Patents-in-Suit." Kove further objects to this Interrogatory to the extent it is not reasonably limited in time or scope.

Kove understands this Interrogatory to the extent that it uses the terms "every product," "any third-party," and "any asserted claim of the Patents-in-Suit" to include circumstances and events alleged in the Complaint filed on December 12, 2018 in this litigation.

Kove also objects to this Interrogatory to the extent it purports to require Kove to marshal its evidence in advance of deadlines prescribed by the Federal Rules, Local Rules and any applicable local procedures, laws, or Court orders.

Kove also objects to this Interrogatory as premature to the extent it seeks Kove's expert

opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules and any applicable local procedures, laws, or Court orders.

Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate, as Amazon has not answered Kove's Complaint or pled any counterclaims or defenses.

Kove reserves the right to update this Interrogatory response as discovery continues and as Kove furthers its investigation, and reserves the right to rely on facts, documents, testimony, or other evidence that may develop or come to its attention through the ordinary course of this case

Subject to the foregoing general and specific objections, to the extent Kove can understand this Interrogatory, Kove responds as follows:

Amazon and third-party users of the Accused Instrumentalities, as that term is defined in the Initial Infringement Contentions and any amendments or supplements thereto, infringe the Asserted Claims, as described in Kove's Initial Infringement Contentions served on July 7, 2019.

The inventions claimed in some or all of the asserted claims of the patents-in-suit are embodied in some or all versions of the following product: the OverX software. Source code related to the embodying product is made available for inspection in Reichman Jorgensen's Redwood Shores office.

Kove incorporates by reference its Initial Infringement Contentions and any amendments or supplements thereto.

**INTERROGATORY NO. 4:**

Describe in detail the factual and legal bases that you allege support your contention that each asserted patent claim of the Patents-in-Suit is not invalid based on prior art under 35 U.S.C.

§ 102 and 103, if you so contend, including what you contend is the scope and content of the prior art, the difference between the claimed invention and the prior art, the level of ordinary skill in the art, and all purported evidence of secondary considerations or objective evidence relevant to the analysis under § 103, see KSR Int'l Co. v. Teleflex Inc., 550 U.S. 398 (2007).

**RESPONSE:**

In addition to its general objections, Kove specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception. Kove further objects to this Interrogatory on the grounds that it is vague, unclear and ambiguous including, without limitation, with respect to its use of the terms "all purported evidence of secondary considerations."

Kove understands this Interrogatory to the extent that it uses the terms "all purported evidence of secondary considerations" to include circumstances and events alleged in the Complaint filed on December 12, 2018 in this litigation.

Kove also objects to this Interrogatory to the extent it purports to require Kove to marshal its evidence in advance of deadlines prescribed by the Federal Rules, Local Rules and any applicable local procedures, laws, or Court orders.

Kove also objects to this Interrogatory as premature to the extent it seeks Kove's expert opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules and any applicable local procedures, laws, or Court orders. Kove objects to this Interrogatory to the extent that it is premature pursuant to LPR 2.5.

Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate, as Amazon has not answered Kove's Complaint or pled

13

any counterclaims or defenses.

Kove reserves the right to update this Interrogatory response as discovery continues and as Kove furthers its investigation, and reserves the right to rely on facts, documents, testimony, or other evidence that may develop or come to its attention through the ordinary course of this case.

Subject to the foregoing general and specific objections, to the extent Kove can understand this Interrogatory, Kove responds as follows:

Kove is not aware of any prior art that anticipates or renders the Patents-in-Suit obvious as to the validity of the Patents-in-Suit. In fact, the Patents-in-Suit were allowed to issue over the prior art. For example, the '170 patent has been cited by over 100 later-filed patent applications; '640 patent has been cited by over 130 later-filed patent applications; and '978 patent has been cited by over 130 later-filed applications. Further, there is evidence of secondary consideration of non-obviousness, such as the MIT Technology Review recognized that the type of distributed data storage technology described in Kove's patent was one of the top 10 emerging technologies that would change the world. Compl., Ex. 1

Kove hereby incorporates by reference its Second Amended Initial Disclosures, and any amendments or supplements thereto, which identifies documents relating to the information requested by this Interrogatory.

**<u>INTERROGATORY NO. 5:</u>**

Identify each item of prior art, patent, publication, or product that existed prior to the September 13, 2000 filing date of the '170 patent that included disclosure related to the following features: (i) distributed hash tables, hashing, or hash functions, (ii) a hash function used to organize data location information, (iii) redirect information used to calculate a location of a server, or (iv) the use of an intermediate server between a client and a data storage entity containing data location

information or separate storage of information about the location of a data object or data objects separate from the data object(s).

**<u>RESPONSE:</u>**

In addition to its general objections, Kove specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception. Kove further objects to this Interrogatory on the grounds that it is vague, unclear and ambiguous including, without limitation, with respect to its use of the terms "all persons," "knowledge relating to the events, transactions, or occurrences" and "nature of the knowledge."

Kove understands this Interrogatory to the extent that it uses the terms "all persons," "knowledge relating to the events, transactions, or occurrences" and "nature of the knowledge" to include circumstances and events alleged in the Complaint filed on December 12, 2018 in this litigation.

Kove also objects to this Interrogatory to the extent it purports to require Kove to marshal its evidence in advance of deadlines prescribed by the Federal Rules, Local Rules and any applicable local procedures, laws, or Court orders.

Kove also objects to this Interrogatory as premature to the extent it seeks Kove's expert opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules and any applicable local procedures, laws, or Court orders.

Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate, as Amazon has not answered Kove's Complaint or pled any counterclaims or defenses.

Kove reserves the right to update this Interrogatory response as discovery continues and as Kove furthers its investigation, and reserves the right to rely on facts, documents, testimony, or other evidence that may develop or come to its attention through the ordinary course of this case.

Subject to the foregoing general and specific objections, to the extent Kove can understand this Interrogatory, Kove responds as follows:

Kove will meet and confer with Amazon to narrow the non-objectionable scope of this Interrogatory to determine if responsive, relevant, non-cumulative, and non-privileged information exists.

**INTERROGATORY NO. 6:**

Identify each employee or agent of Kove who has or had any knowledge or awareness of Amazon Web Services or any of its products or services, including S3 and DynamoDB, along with a statement of the nature of the knowledge of each person relating to each such product or service, including an identification of the product or service and the earliest date upon which each such person was aware of each such product or service or of any alleged infringement by Amazon related to any of these products or services.

**RESPONSE:**

In addition to its general objections, Kove specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception. Kove further objects to this Interrogatory on the grounds that it is vague, unclear and ambiguous including, without limitation, with respect to its use of the terms "any of its products or services," "any knowledge or awareness of Amazon Web Services," "nature of the knowledge," "any alleged infringement by Amazon," "each person relating to each such product or service," "each such person was aware of each such product or

service," and "any of these products or services."

Kove understands this Interrogatory to the extent that it uses the terms "any of its products or services," "any knowledge or awareness of Amazon Web Services," "nature of the knowledge," "any alleged infringement by Amazon," and "any of these products or services" to include circumstances and events alleged in the Complaint filed on December 12, 2018 in this litigation.

Kove also objects to this Interrogatory to the extent it purports to require Kove to marshal its evidence in advance of deadlines prescribed by the Federal Rules, Local Rules and any applicable local procedures, laws, or Court orders.

Kove also objects to this Interrogatory as premature to the extent it seeks Kove's expert opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules and any applicable local procedures, laws, or Court orders.

Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate, as Amazon has not answered Kove's Complaint or pled any counterclaims or defenses.

Kove reserves the right to update this Interrogatory response as discovery continues and as Kove furthers its investigation, and reserves the right to rely on facts, documents, testimony, or other evidence that may develop or come to its attention through the ordinary course of this case. This includes information that may be in possession of third parties. Kove further reserves the right to update this Interrogatory response as the parties obtain discovery and expert discovery.

Subject to the foregoing general and specific objections, to the extent Kove can understand this Interrogatory, Kove responds as follows:

Kove identifies at this time John Overton, Chief Executive Officer of Kove, who may have

17

become generally aware of Amazon S3 at least on or around March 14, 2006 and who may have become generally aware of Amazon DynamoDB at least on or around January 18, 2012, and Stephen Bailey may have become generally aware of Amazon DynamoDB at least on or around March 14, 2006 and may have become generally aware of Amazon DynamoDB at least on or around January 18, 2012.

**INTERROGATORY NO. 7:**

Provide a computation of all categories of damages claimed by Kove, including a computation of your alleged damages for a reasonable royalty under the Georgia Pacific factors, see 318 F. Supp. 1116, 1119-20 (S.D.N.Y. 1970), for lost profits under the Panduit factors, see 575 F.2d 1152, 1156 (6th Cir. 1978), for enhanced damages or willful patent infringement, for attorneys' fees, and for any other damages or relief requested or claimed in this case, and identify all documents or other evidentiary material upon which such computation is based.

**RESPONSE:**

In addition to its general objections, Kove specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception. Kove further objects to this Interrogatory on the grounds that it is vague, unclear and ambiguous including, without limitation, with respect to its use of the terms "all persons," "knowledge relating to the events, transactions, or occurrences" and "nature of the knowledge."

Kove understands this Interrogatory to the extent that it uses the terms "all persons," "knowledge relating to the events, transactions, or occurrences" and "nature of the knowledge" to include circumstances and events alleged in the Complaint filed on December 12, 2018 in this litigation.

18

Kove also objects to this Interrogatory to the extent it purports to require Kove to marshal its evidence in advance of deadlines prescribed by the Federal Rules, Local Rules and any applicable local procedures, laws, or Court orders.

Kove also objects to this Interrogatory as premature to the extent it seeks Kove's expert opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules and any applicable local procedures, laws, or Court orders.

Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate, as Amazon has not answered Kove's Complaint or pled any counterclaims or defenses.

Kove reserves the right to update this Interrogatory response as discovery continues and as Kove furthers its investigation, and reserves the right to rely on facts, documents, testimony, or other evidence that may develop or come to its attention through the ordinary course of this case.

Subject to the foregoing general and specific objections, to the extent Kove can understand this Interrogatory, Kove responds as follows:

Kove seeks damages in an amount adequate to compensate Kove for Amazon's infringement of the patents-in-suit at such time as Amazon ceases its infringing conduct, including damages in the form of a reasonable royalty under 35 U.S.C. § 284. Insofar as the Court does not enter a permanent injunction, Kove seeks a compulsory forward royalty. Kove also seeks an accounting of damages. Kove will provide a detailed computation of damages after damages-related discovery is made available by Amazon and after such information has been evaluated by an expert. No computation of damages has yet been made or claimed. Kove awaits sales and profit information from Amazon concerning the accused infringing products and services.

The calculation of Kove's damages depends on information that is not in Kove's possession. Kove anticipates discovery regarding the following and other matters with respect to the computation of the damages due to Kove that includes, for example: (i) the extent of Amazon's infringement of the patents-in-suit and its impact, (ii) Amazon's financial and sales data, (information relating to the value, benefit, sales and profit that Amazon derived from the infringing features of the accused infringing products and services, including Amazon DynamoDB and Amazon S3), and (iii) the extent to which Amazon's infringement drives or assists Amazon in the sale of non-patented features and products.

Moreover, damages computations will be the subject of expert testimony. Further, the damages, costs and attorneys' fees due to Kove will continue to accrue during the course of this litigation making the computation premature. Accordingly, it is premature for Kove to calculate damages at this stage of the litigation.

Kove hereby incorporates by reference its Second Amended Initial Disclosures, and any amendments or supplements thereto, which identifies documents relating to the information requested by this Interrogatory.

**INTERROGATORY NO. 8:**

All licenses or agreements, whether oral or written, related to the Patents-in-Suit, including an identification of the parties to each license, the date of each license, a summary of the material terms of each license and each Kove owner, officer, director, or employee with any knowledge related to any of the identified licenses or agreements, and a description of the nature of the knowledge of each person relating to each such license or agreement.

**RESPONSE:**

In addition to its general objections, Kove specifically objects to this Interrogatory to the

20

extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception. Kove further objects to this Interrogatory on the grounds that it is vague, unclear and ambiguous including, without limitation, with respect to its use of the terms "all licenses or agreements," "any of the identified licenses or agreements," and "any knowledge related to any of the identified licenses or agreements." Kove further objects to this Interrogatory to the extent it is not reasonably limited in time or scope.

Kove understands this Interrogatory to the extent that it uses the terms "all licenses or agreements," "any of the identified licenses or agreements," and "any knowledge related to any of the identified licenses or agreements" to include circumstances and events alleged in the Complaint filed on December 12, 2018 in this litigation.

Kove also objects to this Interrogatory to the extent it purports to require Kove to marshal its evidence in advance of deadlines prescribed by the Federal Rules, Local Rules and any applicable local procedures, laws, or Court orders.

Kove also objects to this Interrogatory as premature to the extent it seeks Kove's expert opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules and any applicable local procedures, laws, or Court orders.

Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate, as Amazon has not answered Kove's Complaint or pled any counterclaims or defenses.

Kove reserves the right to update this Interrogatory response as discovery continues and as Kove furthers its investigation, and reserves the right to rely on facts, documents, testimony, or other evidence that may develop or come to its attention through the ordinary course of this case.

This includes information that may be in possession of third parties. Kove further reserves the right to update this Interrogatory response as the parties obtain discovery and expert discovery.

Subject to the foregoing general and specific objections, to the extent Kove can understand this Interrogatory, Kove responds as follows:

Pursuant to Federal Rule of Civil Procedure Rule 33(d), Kove identifies the following documents: KOV_00000001 - KOV_00000308; KOV_00000514; KOV_00000547 - KOV_00000550; KOV_00000697; KOV_00000796 - KOV_00000804; KOV_00001552; KOV_00001672 - KOV_00001678; KOV_00002863 - KOV_00002867; KOV_00003762 - KOV_00003769; KOV_00005841 - KOV_00005852; KOV_00005853 - KOV_00005867. Kove identifies at this time John Overton, Chief Executive Officer of Kove, who may have knowledge relating to the information requested in this Interrogatory.

Kove hereby incorporates by reference its Second Amended Initial Disclosures, and any amendments or supplements thereto, which identifies documents relating to the information requested by this Interrogatory.

**INTERROGATORY NO. 9:**

Describe in detail the factual and legal bases for your allegation that Amazon's actions constitute willful patent infringement, if you so contend, including a detailed explanation of the circumstances under which Kove first became aware of Amazon's alleged infringement for each Patent-in-Suit.

**RESPONSE:**

In addition to its general objections, Kove specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception. Kove further objects to this Interrogatory

on the grounds that it is vague, unclear and ambiguous including, without limitation, with respect to its use of the terms "detailed explanation of the circumstances."

Kove understands this Interrogatory to the extent that it uses the terms "detailed explanation of the circumstances" to include circumstances and events alleged in the Complaint filed on December 12, 2018 in this litigation.

Kove also objects to this Interrogatory to the extent it purports to require Kove to marshal its evidence in advance of deadlines prescribed by the Federal Rules, Local Rules and any applicable local procedures, laws, or Court orders.

Kove also objects to this Interrogatory as premature to the extent it seeks Kove's expert opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules and any applicable local procedures, laws, or Court orders.

Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate, as Amazon has not answered Kove's Complaint or pled any counterclaims or defenses.

Kove reserves the right to update this Interrogatory response as discovery continues and as Kove furthers its investigation, and reserves the right to rely on facts, documents, testimony, or other evidence that may develop or come to its attention through the ordinary course of this case.

Subject to the foregoing general and specific objections, to the extent Kove can understand this Interrogatory, Kove responds as follows:

Kove investigation is still ongoing. Amazon's actions show that its patent infringement has been willful. Kove was given actual notice of the Patents-in-Suit and how it infringes the Patents-in-Suit at least since December 12, 2018 when the Complaint was filed, in Kove's Initial

Infringement Contentions (including all amendments and supplements thereto), and in forthcoming documents, such as Kove's expert reports.

Amazon is also aware of the strength of validity the Patents-in-Suit. Despite becoming aware of and/or willfully blinding itself to the existence of and its infringement of the Patents-in-Suit, Amazon has nonetheless continued to engage in and has escalated its infringing activities by developing, advertising, and making available additional infringing products and services.

Further, Amazon has made no attempts to design around the Patent-in-Suits or otherwise stop its infringing behavior. Amazon has maintained many of the same infringing products and services, including Amazon S3 and DynamoDB, from when the Complaint was filed until now and has not sought to remove any of the infringing instrumentalities from these infringing products and services, including Amazon S3 and DynamoDB.

Kove incorporates by reference its Initial Infringement Contentions and any amendments or supplements thereto, Kove Complaint and any amendments thereto, and its Second Amended Initial Disclosures, and any amendments or supplements thereto.

Dated: August 5, 2019

Respectfully submitted,

*/s/ Michael Flanigan*
Michael Flanigan

Sarah O. Jorgensen *(pro hac vice)*
sjorgensen@reichmanjorgensen.com
Reichman Jorgensen LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (650) 623-1403
Telecopier: (650) 623-1449

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
Thompson Coburn LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500
Telecopier: (312) 580-2201

Christine E. Lehman *(pro hac vice)*
clehman@reichmanjorgensen.com
Reichman Jorgensen LLP
1615 M Street, NW, Suite 300
Washington, DC 20036
Telephone: (202) 894-7311
Telecopier: (650) 623-1449

Courtland L. Reichman *(pro hac vice)*
creichman@reichmanjorgensen.com
Jennifer P.Estremera *(pro hac vice)*
jestremera@reichmanjorgensen.com
Shawna L. Ballard
sballard@reichmanjorgensen.com
Phillip Lee *(pro hac vice)*
plee@reichmanjorgensen.com
Joachim B. Steinberg *(pro hac vice)*
jsteinberg@reichmanjorgensen.com
Michael G. Flanigan (State Bar No. 6309008)
mflanigan@reichmanjorgensen.com
Kate M. Falkenstien *(pro hac vice)*
kfalkenstien@reichmanjorgensen.com
Reichman Jorgensen LLP
100 Marine Parkway Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

Jaime Cardenas-Navia *(pro hac vice)*
jcardenas-navia@reichmanjorgensen.com
Reichman Jorgensen LLP
100 Park Avenue, Suite 1600
New York, NY 10017
Telephone: (646) 921-1474
Telecopier: (650) 623-1449

**ATTORNEYS FOR PLAINTIFF
KOVE IO, INC.**

## <u>VERIFICATION OF ANSWERS</u>

I, John Overton, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the forgoing Answers to Defendant's First Set of Interrogatories are true and correct to the best of my knowledge and belief, based on information and records available to me.

Executed on August 7, 2019.

By: John Overton

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of August 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Michael Flanigan*
Michael Flanigan
