# EXHIBIT M

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Amazon Web Services, Inc., <br><br> Defendant. | Civil Action No. 1:18-cv-08175 |

**KOVE'S FIRST AMENDED RESPONSES TO
AMAZON'S FIRST SET OF INTERROGATORIES (NOS. 2-5)**

Plaintiff Kove IO, Inc. ("Plaintiff" or "Kove"), by and through their undersigned counsel, Federal Rules of Civil Procedure 26 and 33, the Northern District of Illinois Local Rules ("Local Rules"), and any applicable procedures, laws, or Court orders, hereby serves the following amended responses to the First Set of Interrogatories ( "Interrogatories") (Nos. 2-5) of Amazon Web Services, Inc. ("Defendant" or "Amazon").

**PRELIMINARY STATEMENT**

1.  Kove incorporates by reference each general objection set forth below into each specific response. The specific response may repeat a general objection for emphasis or any other reason and/or may also include one or more specific objections(s). The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

2.  Kove's responses to Amazon's Interrogatories are made to the best of Kove's present knowledge, information, and belief. Kove reserves the right to supplement or amend these responses should future investigation indicate that such supplementation or amendment is

1

necessary. Kove reserves the right to make any use of, introduce at any hearing or at trial, information or documents that are responsive to Kove's interrogatories, but discovered subsequent to Kove's service of these responses, including, but not limited to, any information or documents obtained in discovery herein.

## **GENERAL OBJECTIONS**

1. Kove adopts and incorporates by reference the following General Objections in each of its specific answers to Defendant's First Set of Interrogatories:

2. Kove objects to the Interrogatories to the extent that they purport, through definitions, instructions, or otherwise, to impose burdens or duties on Kove inconsistent with, or not authorized by, the Federal Rules of Civil Procedure. In each such case, Kove declines to accept those additional burdens or duties and instead will comply with the Federal Rules of Civil Procedure.

3. Kove objects to the Interrogatories to the extent they are vague, ambiguous, compound, overly broad, unduly burdensome, oppressive, not reasonably limited in time or scope, seeking irrelevant information, and not reasonably calculated to lead to the discovery of admissible evidence.

4. Kove objects to the Interrogatories to the extent that they seek "any" or "all" information or documents of a certain description where it would be unduly burdensome to search for and describe "all" information or documents technically responsive to those Interrogatories. Kove will not produce "any" or "all" information or documents where it would be unduly burdensome to do so, but will provide information or documents reasonably sufficient to respond to the subject matter of the Interrogatories.

5. Kove objects to the Interrogatories to the extent that they require Kove to furnish

2

or produce any information or documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, protection, or restriction, or which is otherwise not discoverable under the Federal Rules of Civil Procedure, applicable statutes, or common law.

6. Kove objects to the Interrogatories to the extent that they require Kove to furnish or produce any information or documents that contain confidential and/or proprietary research, development, or commercial information, and/or confidential and/or proprietary trade secrets. Kove will furnish or produce any such information or documents pursuant to the Stipulated Protective Order which will be entered in this case.

7. Kove objects to the Interrogatories to the extent that they purport to require Kove to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party. Kove will provide such information to the extent it is able to, but may need either the consent of the relevant third party or a court order compelling production.

8. Kove objects to the Interrogatories to the extent that they require Kove to furnish or produce any information or documents which are in the possession, custody or control of third parties, Amazon, or Amazon's agents and counsel, or are otherwise of public record and, therefore, are equally accessible and available to Amazon.

9. Kove objects to the Interrogatories to the extent to which they require Kove to furnish or produce any information or documents which are not in its possession, custody, or control.

10. Kove objects to the Interrogatories to the extent to which they require Kove to furnish or produce any information or documents regarding confidential and/or proprietary research, development, or commercial information, and/or confidential and/or proprietary trade

secrets other than that confidential and/or proprietary research, development, or commercial information and/or confidential and/or proprietary trade secrets which Kove identifies in the Complaint. Kove also objects to the Interrogatories to the extent to which they require Kove to furnish or produce any information or documents regarding misappropriation, misuse, or improper disclosure involving Persons other than those identified in the Complaint. Accordingly, Kove's responses are limited to information or documents regarding the confidential and/or proprietary research, development, or commercial information, and/or confidential and/or proprietary trade secrets identified in the Complaint, and misappropriation, misuse, or improper disclosure involving Persons identified in the Complaint.

11. Kove objects to the Interrogatories to the extent that they call for legal conclusions. Kove's responses and any production of documents shall not be construed as providing a legal conclusion concerning the meaning or application of any term or phrase in the Interrogatories.

12. Kove objects to the Interrogatories to the extent that they call for Kove to form and then render an expert opinion, or to the extent that they require disclosure of expert reports, analysis, findings or assessments that Kove is not yet required to disclose pursuant to the applicable rules and orders.

13. Kove objects to the Interrogatories and the instructions and definitions contained therein, and made a part thereof, to the extent that they attempt to alter the plain meaning of understanding of any term or attempt to impose obligations on Kove that are inconsistent with and/or in addition to those required under the Federal Rules of Civil Procedure.

14. Kove objects to Amazon's definitions of "Plaintiff," "You," "Yours," "Kove," and "OverX, Inc." on the grounds that they render the relevant topics vague, ambiguous, overbroad, and unduly burdensome. Kove will interpret these terms to refer to Kove IO Inc. ("Kove").

15. Kove's investigation of facts and discovery of documents and other information relating to the claims at issue in this action is continuing. Therefore, Kove's responses will be based only upon such information and documents as are available to, and known to, Kove at the time of such responses. Kove anticipates that further investigation and analysis of the claims at issue in this action may disclose additional information requested by Amazon and, therefore, Kove reserves the right to modify and/or supplement any and all of its responses as additional information is obtained or becomes available or known to Kove.

16. In responding to the Interrogatories, Kove does not waive, intends to preserve, and is preserving the following:

a. All objections to competency, relevance, materiality, privilege, and admissibility;

b. All rights to object on any ground to the use of any of the responses herein or documents produced in any subsequent proceeding including the trial of this or any other action;

c. All rights to object on any ground to any further Interrogatories; and

d. All rights to revise, correct, supplement, clarify, and/or amend any of the responses herein at any time.

17. Kove's responses are made subject to these General Objections and will be limited in accordance with these General Objections. Failure to specifically mention each General Objection in each response does not constitute a waiver of any General Objection, and all are considered incorporated in each response by reference.

**AMENDED RESPONSES TO INTERROGATORIES (NOS. 2-5)**

**INTERROGATORY NO. 2:**

Identify the earliest priority date of each asserted claim of each Patent-in-Suit, including identification of (i) the circumstances related to the conception and reduction to practice of the

inventions claimed by the Patents-in-Suit and all related evidence and documents, and (ii) any Related Application to which Kove asserts that any of the Patents-in-Suit is entitled to claim priority along with claim charts showing where each element of the asserted claim is found in the Related Application.

**FIRST AMENDED RESPONSE TO INTERROGATORY NO. 2:**

In addition to its general objections, Kove specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception. Kove further objects to this Interrogatory on the grounds that it is vague, unclear, and ambiguous including, without limitation, with respect to its use of the terms "all related evidence and documents," "any Related Application" and "any of the Patents-in-Suit."

Kove also objects to this Interrogatory to the extent it purports to require Kove to marshal its evidence in advance of deadlines prescribed by the Federal Rules, Local Rules, and any applicable procedures, laws, or Court orders.

Kove also objects to this Interrogatory as premature to the extent it seeks Kove's expert opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules, and any applicable procedures, laws, or Court orders.

Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove reserves the right to update this Interrogatory response as discovery continues and as Kove furthers its investigation, and reserves the right to rely on facts, documents, testimony, or other evidence that may develop or come to its attention through the ordinary course of this case.

Subject to the foregoing general and specific objections, Kove responds as follows:

With respect to the circumstances surrounding the conception and reduction to practice, Kove identifies, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the following documents: the Complaint and its Exhibits; KOV_00002119-2444; KOV_00003872-3875; KOV_00003944-4044; KOV_00004061-4596; KOV_00004690-4800; KOV_00004802-4811; KOV_00004813-4828; KOV_00004839-5247; KOV_00005251-5303; KOV_00005305-5327; KOV_00005329-5334; KOV_00005336-5338; KOV_00005341-5372; KOV_00005374-5770; KOV_00005773-5818; KOV_00005820-5840; KOV_00005841-5851; KOV_00005852-5872; KOV_00005900-5906; KOV_00015334-16045; KOV_00016067-16327; KOV_00016328-16968; KOV_00017069-17106; KOV_00017109-17112; KOV_00017120-17121; KOV_00017150-17288; KOV_00017299; KOV_00017352-17354; KOV_00017356-17359; KOV_00017362-17371; KOV_00017454-17484; KOV_00017844-17866; and the source code for OverX that can be made available for inspection pursuant to the Protective Order at Reichman Jorgensen's Redwood Shores office. Kove further identifies the inventors of the patents-in-suit, John Overton and Stephen Bailey, as knowledgeable regarding this subject matter.

Kove may rely on the following patent applications to show the priority of the patents-in-suit:

- '170 Patent: U.S. Application No. 11/354,224; U.S. Application No. 09/661,222; U.S. Application No. 09/111,896; U.S. Application No. 60/153,709.

- '640 Patent: U.S. Application No. 09/661,222; U.S. Application No. 60/153,709; U.S. Application No. 09/111,896.

- '978 Patent: U.S. Application No. 09/872,736; U.S. Application No. 09/503,441; U.S. Application No. 09/367,461; U.S. Application No. 09/111,896; U.S.

7

Application No. 09/661,222; U.S. Application No. 60/277,408; U.S. Application No. 60/209,070.

Kove reserves the right to amend or supplement this response as discovery progresses.

**INTERROGATORY NO. 3:**

Identify every product, device, system, or service created, made, sold, used, distributed, given away, produced, or manufactured by any person or entity, including Amazon, Kove, the inventors named on the face of the Patents-in-Suit or any third-party, that embodies, or that is capable of embodying, any asserted claim of the Patents-in-Suit. For every product, device, system, or service created, made, sold, used, distributed, given away, produced, or manufactured by Kove, identify the means by which the product, device, system, or service is marked pursuant to 35 U.S.C. § 287.

**FIRST AMENDED RESPONSE TO INTERROGATORY NO. 3:**

In addition to its general objections, Kove specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception. Kove further objects to this Interrogatory on the grounds that it is vague, unclear and ambiguous including, without limitation, with respect to its use of the terms "every product," "any third-party," and "any asserted claim of the Patents-in-Suit." Kove further objects to this Interrogatory to the extent it is not reasonably limited in time or scope.

Kove also objects to this Interrogatory to the extent it purports to require Kove to marshal its evidence in advance of deadlines prescribed by the Federal Rules, Local Rules and any applicable procedures, laws, or Court orders.

Kove also objects to this Interrogatory as premature to the extent it seeks Kove's expert

8

opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules and any applicable procedures, laws, or Court orders.

Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove reserves the right to update this Interrogatory response as discovery continues and as Kove furthers its investigation, and reserves the right to rely on facts, documents, testimony, or other evidence that may develop or come to its attention through the ordinary course of this case

Subject to the foregoing general and specific objections, Kove responds as follows:

All versions of Amazon S3 and DynamoDB embody the asserted claims of the patents-in-suit.

The OverX and Xpress software embody the asserted claims of the patents-in-suit.

Kove is not aware of any products for which a marking requirement would apply.

Kove incorporates by reference its Initial Infringement Contentions and any amendments or supplements thereto. Kove incorporates by reference its response to Amazon's Interrogatory No. 2 and any amendments or supplements thereto.

Kove reserves the right to amend or supplement this response as discovery progresses.

**INTERROGATORY NO. 4:**

Describe in detail the factual and legal bases that you allege support your contention that each asserted patent claim of the Patents-in-Suit is not invalid based on prior art under 35 U.S.C. § 102 and 103, if you so contend, including what you contend is the scope and content of the prior art, the difference between the claimed invention and the prior art, the level of ordinary skill in the art, and all purported evidence of secondary considerations or objective evidence relevant to the

9

analysis under § 103, see KSR Int'l Co. v. Teleflex Inc., 550 U.S. 398 (2007).

**FIRST AMENDED RESPONSE TO INTERROGATORY NO. 4:**

In addition to its general objections, Kove specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception. Kove further objects to this Interrogatory on the grounds that it is vague, unclear and ambiguous including, without limitation, with respect to its use of the terms "all purported evidence of secondary considerations."

Kove also objects to this Interrogatory to the extent it purports to require Kove to marshal its evidence in advance of deadlines prescribed by the Federal Rules, Local Rules, and any applicable procedures, laws, or Court orders.

Kove also objects to this Interrogatory as premature to the extent it seeks Kove's expert opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules, and any applicable procedures, laws, or Court orders. Kove objects to this Interrogatory to the extent that it is premature pursuant to Local Patent Rule 2.5.

Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove reserves the right to update this Interrogatory response as discovery continues and as Kove furthers its investigation, and reserves the right to rely on facts, documents, testimony, or other evidence that may develop or come to its attention through the ordinary course of this case.

Subject to the foregoing general and specific objections, Kove responds as follows:

Kove is not aware of any prior art that anticipates or renders the Patents-in-Suit obvious. In fact, the Patents-in-Suit were allowed to issue over the prior art. Further, the '170 patent has

been cited by over 100 later-filed patent applications; the '640 patent has been cited by over 130 later-filed patent applications; and the '978 patent has been cited by over 130 later-filed applications.

There is evidence of secondary consideration of non-obviousness. The inventions of the Asserted Claims ultimately proved commercially successful in the marketplace, such as in Amazon's S3 and DynamoDB products. Further, publications such as the MIT Technology Review recognized that the type of distributed data storage technology described in Kove's patent was one of the top 10 emerging technologies that would change the world. Compl., Ex. 1

Kove identifies, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the following documents: the Complaint and its Exhibits; and Kove's Initial Response to Amazon's Invalidity Contentions and any amendments or supplements thereto.

Kove reserves the right to amend or supplement this response as discovery progresses.

**INTERROGATORY NO. 5:**

Identify each item of prior art, patent, publication, or product that existed prior to the September 13, 2000 filing date of the '170 patent that included disclosure related to the following features: (i) distributed hash tables, hashing, or hash functions, (ii) a hash function used to organize data location information, (iii) redirect information used to calculate a location of a server, or (iv) the use of an intermediate server between a client and a data storage entity containing data location information or separate storage of information about the location of a data object or data objects separate from the data object(s).

**FIRST AMENDED RESPONSE TO INTERROGATORY NO. 5:**

In addition to its general objections, Kove specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product

11

doctrine, or any other applicable privilege or exception. Kove further objects to this Interrogatory on the grounds that it is vague, unclear and ambiguous including, without limitation, with respect to its use of the terms "all persons," "knowledge relating to the events, transactions, or occurrences" and "nature of the knowledge."

Kove also objects to this Interrogatory to the extent it purports to require Kove to marshal its evidence in advance of deadlines prescribed by the Federal Rules, Local Rules, and any applicable procedures, laws, or Court orders.

Kove also objects to this Interrogatory as premature to the extent it seeks Kove's expert opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules, and any applicable procedures, laws, or Court orders.

Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove reserves the right to update this Interrogatory response as discovery continues and as Kove furthers its investigation, and reserves the right to rely on facts, documents, testimony, or other evidence that may develop or come to its attention through the ordinary course of this case.

Subject to the foregoing general and specific objections, Kove responds as follows:

Kove identifies, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the following documents: U.S. Patent. Nos. 4,553,261; 4,636,858; 4,728,978; 4,800,488; 4,825,406; 4,835,372; 4,914,571; 5,008,700; 5,124,814; 5,193,185; 5,208,623 ; 5,291,399; 5,319,401; 5,347,600; 5,384,643; 5,414,841; 5,455,648; 5,475,817; 5,479,654; 5,499,113; 5,522,077; 5,537,547; 5,550,981; 5,551,027; 5,557,790; 5,560,005; 5,576,952; 5,579,067; 5,610,653; 5,617,570; 5,625,841; 5,649,247; 5,664,170; 5,669,029; 5,740,428; 5,764,889; 5,764,906 ;

5,774,670; 5,781,725; 5,784,565; 5,802,518; 5,809,161; 5,809,331; 5,809,495; 5,813,006; 5,848,246; 5,864,482; 5,872,973; 5,875,302; 5,903,889; 5,907,837; 5,913,210; 5,915,240; 5,918,214; 5,920,702; 5,940,844; 5,950,173; 5,961,610; 5,966,705; 5,974,124; 5,978,773; 5,987,519; 5,995,965; 6,032,175; 6,047,332; 6,055,544; 6,058,193; 6,092,189; 6,108,787; 6,131,095; 6,154,738; 6,188,766; 6,201,931; 6,202,070; 6,209,095; 6,212,280; 6,377,986; 6,418,441; 6,438,652; 6,463,454; 6,466,980; 6,578,068; 6,711,408; 5,276,735; 5,345,586; 5,454,101; 5,491,511; 5,724,575; 5,832,487; 5,974,409; 6,070,191; 6,167,438; 6,370,584; 6,374,253; 6,453,404; 6,470,389; 6,594,253; 7,103,640; 7,233,978; 7,272,625; 7,349,902; and 7,634,453; U.S. Patent. Application. Nos. 2002/0112048 Al; 20011/0013059; 2003/10065653; 2004/10205055; and 2008/10005275; EP 0 889 422 A2; EP 0 568 161 A1; EP 0 919 912 A2; WO 86/05610; WO 98/15910; WO 98/31138; WO 00/03526; WO 98/00624; Callaghan V.L. et al, "Structures and Metrics for Image Storage and; Interchange," *Journal of Electronic Imaging*, vol. 2 No. 2, Apr. 1,; 1993, pp. 126-137; Bourke, D.G. et al, "Programmable Module and Circuit for Machine Readable Unique Serial Number;" *IBM Technical Disclosure Bulletin*, vol. 27, No. 4A, Sep. 1, 1984, pp. 1942-1944; Kleinholz, L. et al: "Supporting Cooperative Medicine: The Bermed Project," *IEEE Multimedia*, vol. 1, No. 4, Dec. 21, 1994, pp. 44-53; "Method for Network Naming and Routing," *IBM Technical Disclosure Bulletin*, vol. 37, No. 9, Sep. 1, 1994, p. 255; "Minimizing Locking To Access Global Shared Data," *IBM Technical Disclosure Bulletin*, pp. 619-622, Feb. 1995; "Service Location in an Open Distributed Environment," Beitz et al, *Second International Workshop on Services in Distributed and Networked Environments*, *IEEE Comput. Soc.*, pp. 28-34 (Jun.1995); Muniz, R., et al., "A robust software barcode reader using the Hough Transform," *Abstract from IEEE/IEE Electronic Library online,* 2 pages; Fresonke, D., "In-fab identification of silicon wafers with clean, laser marked barcodes," Sriram, T., et al.,

13

"Applications of barcode technology in automated storage and retrieval systems".

Kove reserves the right to amend or supplement this response as discovery progresses.

<table>
<tr><td>Dated: December 19, 2019</td><td>Respectfully submitted,

/s/ *Jaime F. Cardenas-Navia*
Jaime F. Cardenas-Navia</td></tr>
<tr><td>

Sarah O. Jorgensen *(pro hac vice)*
sjorgensen@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (650) 623-1403
Telecopier: (650) 623-1449

Christine E. Lehman *(pro hac vice)*
clehman@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
818 Connecticut Avenue NW, Suite 850
Washington, DC 20006
Telephone: (202) 894-7311
Telecopier: (650) 623-1449

Khue Hoang *(pro hac vice)*
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia *(pro hac vice)*
jcardenas-navia@reichmanjorgensen.com
Wesley White *(pro hac vice)*
wwhite@reichmanjorgensen.com
Rahul Sarkar *(pro hac vice)*
rsarkar@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
100 Park Avenue, Suite 1600
New York, NY 10017
Telephone: (212) 381-1965
Telecopier: (650) 623-1449
</td><td>

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
THOMPSON COBURN LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500
Telecopier: (312) 580-2201

Courtland L. Reichman *(pro hac vice)*
creichman@reichmanjorgensen.com
Jennifer P. Estremera *(pro hac vice)*
jestremera@reichmanjorgensen.com
Shawna L. Ballard
sballard@reichmanjorgensen.com
Phillip Lee *(pro hac vice)*
plee@reichmanjorgensen.com
Joachim B. Steinberg *(pro hac vice)*
jsteinberg@reichmanjorgensen.com
Michael G. Flanigan (State Bar No. 6309008)
mflanigan@reichmanjorgensen.com
Kate M. Falkenstien *(pro hac vice)*
kfalkenstien@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
100 Marine Parkway Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

**ATTORNEYS FOR PLAINTIFF
KOVE IO, INC.**
</td></tr>
</table>

## VERIFICATION

I verify that I have reviewed the above responses, which are true to the best of my knowledge, information, and belief. I verify that Kove IO, Inc. ("Kove") collected factual information in the above responses from documents in the possession, custody, and control of Kove, or from persons with personal knowledge of the subject matter of the responses, and with the assistance of counsel representing Kove. I am informed and believe that the matters stated therein are true and correct, and on that basis verify the response on behalf of Kove. To the extent Kove based the above responses on information collected from others, I verify not on personal knowledge, but on information and belief. I am authorized to make this verification for and on behalf of Kove. I declare under penalty of perjury that the foregoing is true and correct.

By: John Overton
Date: December 19, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2019, Kove's First Amended Responses to Amazon's First Set of Interrogatories (Nos. 2-5) was served on counsel of record via email.

/s/ *Jaime F. Cardenas-Navia*
Jaime F. Cardenas-Navia