# EXHIBIT P



## REICHMAN JORGENSEN LLP

Jaime Cardenas-Navia
Direct Dial: (646) 921-1474
jcardenas-navia@reichmanjorgensen.com

100 Park Avenue
Suite 1600
New York, NY 10017

November 1, 2019

**By E-Mail**

Michael G. Babbitt
Jenner & Block LLP
353 North Clark St.
Chicago, IL 60654
mbabbitt@jenner.com

        RE:     *Kove IO, Inc. v. Amazon Web Services, Inc.*, Case No. 18-cv-8175 (N.D. Ill.)

Michael,

       I write to respond to your October 7, 2019 letter regarding Kove's responses to Amazon's First Set of Requests for Production and First Set of Interrogatories.[1]

### 1) Kove's Document Production

       First, I can confirm that Kove has not narrowed its document search on the basis that the parties are engaged in expedited discovery for preliminary injunction proceedings (as they are not). The language in the Preliminary Statement suggesting as much was inadvertently included and can be disregarded.

       Second, we do not agree that Kove's objections to Amazon's Requests fail to specify what documents Kove will be producing with sufficient specificity. Nonetheless, Kove is willing to amend its Responses and Objections to Amazon's First Set of Requests for Production to further specify which categories of documents Kove is willing to produce (to the extent they exist).

       Your alleged deficiencies for specific Requests are addressed below:

       Request Nos. 8-9: Kove has produced technical documents about the OverX and Xpress products, including documents about their development and operation as well as source code. You are now requesting documents related to the "testing" of these products. This request is overbroad, irrelevant, and unduly burdensome. Indeed, your letter does not explain why such documents are relevant. You also request that Kove identify which claims of the asserted patents are practiced by OverX and Xpress. A document request is not the proper vehicle for that type of request.

       Request Nos. 3, 6-7: You incorrectly state that Kove has not produced documents that show Kove's invention or development activities before the claimed priority date. To the contrary, Kove has produced documents and source code related to the invention and Kove's pre-invention

---

[1] Kove reserves all rights to further respond to the purported deficiencies identified in your October 7, 2019 letter.

November 1, 2019
Page 2


activities. *See, e.g.*, KOV_00002119-2444; KOV_00003872-3875; KOV_00003944-4044; KOV_00004061-4596; KOV_00004690-4800; KOV_00004802-4811; KOV_00004813-4828; KOV_00004839-5247; KOV_00005251-5303; KOV_00005305-5327; KOV_00005329-5334; KOV_00005336-5338; KOV_00005341-5372; KOV_00005374-5770; KOV_00005773-5818; KOV_00005820-5840; KOV_00005841-5851; KOV_00005852-5872; 2019-07-15 Email from M. Flanigan. Further, Kove will conduct a reasonable search for and produce additional documents that show conception and reduction to practice by the claimed priority date, to the extent such documents have not already been produced.

Request Nos. 7-9: Your request for "All documents, publications, academic papers, theses, notebooks, and patents authored or co-authored by the inventors of the Patents-In-Suit" is facially overbroad, irrelevant, and unduly burdensome. If there is a narrower, relevant subset of documents that Amazon is seeking, then we would be willing to consider such a request.

Request Nos. 9-11, 21: It is not clear from your letter what categories of documents you are requesting. As stated above, Kove will conduct a reasonable search for and produce additional documents that show conception and reduction to practice by the claimed priority date. With respect to the OverX and Xpress products, there were no sales. Further, Kove is not alleging that its current products practice the asserted patents. The requested sales documents, to the extent any exist, are not relevant.

Request Nos. 21-23: Kove will be making an additional production in the next few days.

Request Nos. 10, 34: As stated above, Kove is not alleging that its current products practice the asserted patents. The requested documents, to the extent any exist, are not relevant.

Request Nos. 4-5, 28: Amazon is requesting documents about its own products that are either already in Amazon's possession, publicly available, or privileged. Kove is not obligated to produce such documents.

Request No. 12: Kove is not presently aware of any products for which there is a marking requirement. Accordingly, Kove is unaware of any relevant documents to be produced.

Request Nos. 8, 30: Your request for documents showing any third-party products that Kove contends infringe the asserted patents is overbroad, irrelevant, unduly burdensome, and/or seeks privileged information. Please explain what non-privileged documents Amazon believes exist and why they are supposedly relevant.

Request No. 27: Amazon is requesting documents that are largely, if not entirely, in Amazon's possession. To the extent Kove identifies documents related to its willfulness claims that are not already in Amazon's possession, it will produce them.

November 1, 2019
Page 3

### 2) **Kove's Interrogatory Responses**

I can confirm that Kove has not withheld any documents on the basis that they contain information that is confidential, proprietary, and/or a trade secret. Kove will continue to designate its documents as confidential pursuant to the relevant provisions of the Protective Order.

Your alleged deficiencies for specific Interrogatories are addressed below:

Interrogatory No. 2: Notwithstanding Kove's disagreement with your characterization of Kove's response, Kove will supplement its response to this interrogatory.

Interrogatory No. 3: As with Request Nos. 8 and 30, you have not explained why third-party products are relevant. Further, as stated above, Kove is not presently aware of any products for which there could be a marking requirement.

Interrogatory No. 4: Notwithstanding Kove's disagreement with your characterization of Kove's response, Kove will supplement its response to this interrogatory.

Interrogatory No. 5: Your request that Kove "Identify each item of prior art, patent, publication, or product that existed prior to the September 13, 2000 filing date of the '170 patent that included disclosure related to the following features: (i) distributed hash tables, hashing, or hash functions, (ii) a hash function used to organize data location information, (iii) redirect information used to calculate a location of a server, or (iv) the use of an intermediate server between a client and a data storage entity containing data location information or separate storage of information about the location of a data object or data objects separate from the data object(s)" is facially overbroad, irrelevant, and unduly burdensome. Moreover, it improperly attempts to shift Amazon's burden of proving invalidity onto Kove. Kove is not obligated to respond to such a request.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

If Amazon would like to meet and confer about any of the above, please just let us know.

Best regards,

Jaime Cardenas-Navia