# **EXHIBIT Q**

353 N. CLARK STREET CHICAGO, IL 60654-3456

JENNER&BLOCK LLP

March 19, 2020

Michael G. Babbitt
Tel  +1 312 923 2879
mbabbitt@jenner.com

Michael Marvin
Reichman Jorgensen LLP
750 Third Avenue
Suite 2402
New York, NY 10017
(646) 970-2652
mmarvin@reichmanjorgensen.com

Re:     *Kove IO, Inc. v. Amazon Web Services*

Counsel,

Pursuant to Section 6(e)(2) of the Protective Order (Dkt. 55), I write to promptly notify you that AWS contests Kove's unsupported assertion of "attorney-client privilege and/or work product protection" and claw back request regarding the Kove production documents identified in your March 18, 2020 letter (KOV_00039114, KOV_00040527, KOV_00052509, KOV_00039111, KOV_00039112, KOV_00052511).

Those documents, on their face, do not appear to be privileged or attorney work product. None of the documents is a communication to or from an attorney, nor do the documents seek legal advice or contain any indicia that they constitute attorney work product. Indeed, your letter does not even specify whether you contend that these documents are privileged attorney-client communications or are work product.

In order for us to respond to your claw back request, we are entitled to the information that the Federal Rules require you to provide to support a claim of privilege. Therefore, we demand that you provide a detailed description of your basis for claiming privilege or work product protection for these documents **by the end of the day March 20**. Your description must include sufficient information for us to fully assess your claim of privilege, including at least the name and capacity of each individual from whom or to whom a document and any attachments were sent (including identifying which persons are lawyers); the date of the document and any attachments; the nature of the privilege or protection asserted; and an explanation of what the document is and why you contend it is privileged or otherwise protected from disclosure. *Cf. Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992); *see* Fed. R. Civ. P. 26(b)(5) and Advisory Committee Comments to 1993 Amendments. If you provide information which we agree establishes that the documents are privileged, then AWS will certify destruction of the documents

March 19, 2020
Page 2

in accord with Section 6(e)(1) by Monday, March 23. In the meantime, AWS will not use the identified documents for any purpose other than to assess the privilege claim. This March 23 deadline imposed by the Protective Order is why we must receive the basis of your privilege claim by March 20. If you do not agree to provide the basis for your claim of privilege/work product by close of business on March 20, please tell us that as soon as possible so that we may assess our options. AWS reserves the right to seek appropriate relief from the Court if necessary.

Moreover, until you sent us your letter, you gave us no indication that you have withheld any documents from Kove's production on the basis of privilege or work product. If you have withheld any documents on claim of privilege or work product, your failure to provide a privilege log is a plain violation of Federal Rule of Civil Procedure 26(b)(5). That violation has prejudiced AWS. If Kove had provided a timely privilege log, AWS would have had the opportunity to review the assertions of privilege and, if appropriate, seek judicial relief, early in discovery. As it stands, AWS has still not received a privilege log, even though the deadline for serving invalidity contentions has passed and the end of fact discovery is fast approaching.

If you have withheld any documents from production on claim of privilege or work product, please serve a complete privilege log by **March 26**. Your privilege log must include: (1) the name and capacity of each individual from whom or to whom a document and any attachments were sent (including identifying which persons are lawyers); (2) the date of the document and any attachments; (3) the type of document; (4) the Bates numbers of the documents, (5) the nature of the privilege or protection asserted; and (6) a description of the subject matter in sufficient detail to determine if legal advice was sought or revealed, or if the document constitutes work product. *See Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.*, 145 F.R.D. 84,88 (N.D. Ill. 1992); *see* Fed. R. Civ. P. 26(b)(5) and Advisory Committee Comments to 1993 Amendments. If you do not, we reserve the right to seek judicial relief.

Please also tell me when you expect to provide a substantive response to my March 12 letter related to these same documents. Your privilege assertion does not excuse your discovery obligations to produce the requested information, e.g., including all information related to these documents and facts and related metadata, etc. We remain concerned that you may have withheld these documents from AWS throughout many months of discovery and may now be trying to shield further discovery with unsupported privilege assertions.

Sincerely,

*/s/ Michael G. Babbitt*

Michael G. Babbitt

cc:   All Counsel of Record