IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KOVE IO, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:18-cv-08175 |
| AMAZON WEB SERVICES, INC., | ) | Hon. Rebecca R. Pallmeyer |
| | ) | |
|     Defendant. | ) | |
| | ) | |

**DEFENDANT'S SUPPLEMENT TO MOTION
TO CONDUCT *IN CAMERA* REVIEW AND TO COMPEL PRODUCTION**

Defendant Amazon Web Services, Inc. ("AWS"), files this Supplement to its Motion to Conduct *In Camera* Review and to Compel Production ("Motion to Compel") to address certain events which transpired after AWS filed its Motion to Compel. On the evening of April 23, 2020, Kove notified AWS that Kove was clawing back Exhibits N and O to the Motion to Compel under the terms of the Protective Order, asserting that those two documents are protected by the attorney-client privilege and were inadvertently produced. AWS does not agree with Kove's claim of privilege, but AWS will comply with its obligation under the Protective Order to destroy its copies of Exhibits N and O. In the interest of efficiency and to avoid the need to file a second Motion to Compel, given that those documents were already filed under seal with this Court, AWS requests leave to set forth its objections to these new privilege assertions in this Supplement. AWS requests that the Court review Exhibits N and O *in camera*, find that they are not privileged, and direct that Kove produce them.

In support this Supplement, AWS states as follows:

1. AWS filed its Motion to Compel on April 23, 2019, asking the Court to conduct an *in camera* review of 11 documents from Kove's privilege log.

1

2. Three of the exhibits to AWS's Motion to Compel (Exhibits E, N and O) were designated "Highly Confidential" by Kove. Prior to filing its Motion to Compel, on April 22, counsel for AWS emailed counsel for Kove to ask whether it would withdraw its designation of confidentiality over those three documents. Pending Kove's response, pursuant to the Protective Order, AWS filed the three exhibits designated as "Highly Confidential" under seal, to protect them from public disclosure, and filed an accompanying Motion to Seal.

3. After AWS filed its Motion to Compel, counsel for Kove sent counsel for AWS an email clawing back Exhibits N and O to the Motion to Compel, asserting that Exhibits N and O are protected by the attorney-client privilege.[1] The Protective Order now requires AWS to destroy its copies of those documents, and AWS will comply with the Protective Order.

4. The Court should review Exhibits N and O, hold that they are not privileged, and direct that Kove produce them. As explained in AWS's Motion to Compel, in its privilege log, Kove takes the position that Paul Carmichael was a lawyer who was referenced in certain documents over which Kove claims attorney-client privilege. Exhibits N and O are an agreement with Mr. Carmichael. Kove's email asserted that these documents are "privileged on their face." AWS disputes that Mr. Carmichael acted as a lawyer in connection with those communications. AWS further submits that Exhibits N and O do not contain any attorney-client privileged communication, and are not otherwise protected by the attorney-client privilege.

5. Even if Exhibits N and O were an engagement agreement between Kove and a lawyer, those documents would not be privileged. "[Attorney-client] privilege does not foreclose

---

[1] In its April 23 email, counsel for Kove agreed to withdraw its confidentiality designation over Exhibit E to AWS's Motion to Compel, the 1997 article by MIT professor David Karger, entitled "Consistent Hashing and Random Trees: Distributed Caching Protocols for Relieving Hot Spots on the World Wide Web." AWS therefore withdraws its request to file that document under seal, and contemporaneous with this filing, AWS is filing a copy of Exhibit E in the public record.

inquiry into the fact of representation itself or the dates upon which services are rendered as long as the substance of the attorney-client relationship is shielded from disclosure." *Sapia v. Board of Education of City of Chicago*, 351 F.Supp.3d 1125, 1132 (N.D. Ill. 2019). Rather, "[c]ommunications from attorney to client are privileged only if they constitute legal advice, or tend directly or indirectly to reveal the *substance* of a client confidence." *United States v. Defazio*, 899 F.2d 626, 635 (7th Cir. 1990). Thus, engagement letters with lawyers are not privileged unless they reveal the substance of legal advice. *See, e.g.*, *U.S. v. Leonard-Allen*, 739 F.3d 948, 953 (7th Cir. 2013) (holding that a "client intake form" is not protected by attorney-client privilege where it "does not reflect either the lawyer's thinking or the client's thinking, and it was not instrumental to the of the [] advice that [the attorney] provided"); *SEC v. Hollnagel*, No. 07 CV 4538, 2010 WL 11586980, at *17 (N.D. Ill. Jan. 22, 2010) (stating that "engagement agreements between a client and a law firm … generally are not privileged," and finding that engagement letter under review was not privileged because it "merely states the terms of the engagement and the general subject of the engagement" without "reveal[ing] the client's motive in seeking representation, litigation strategy, or particular areas of law researched").[2]

6. For these reasons, AWS asks the Court to conduct an *in camera* review of Exhibits N and O to its Motion to Compel, in addition to the other 11 documents identified that Motion, and if the Court determines that they are not privileged, to compel their production.

---

[2] The cited document is a report by a Special Master, but that report was later adopted by the District Court. *SEC v. Hollnagel*, No. 07 CV 4538 (N.D. Ill.), Dkt. 361.

| | |
|---|---|
| April 24, 2020 | Respectfully submitted, |
| | /s/ Terri L. Mascherin |
| Adam G. Unikowsky<br>JENNER & BLOCK LLP<br>1099 New York Ave. NW Suite 900<br>Washington, DC 20001<br>(202) 639-6000<br>aunikowsky@jenner.com | Terri L. Mascherin<br>Timothy J. Barron<br>Michael T. Werner<br>JENNER & BLOCK LLP<br>353 N. Clark St.<br>Chicago, IL 60654<br>(312) 222-9350<br>tmascherin@jenner.com<br>tbarron@jenner.com<br>mwerner@jenner.com |
| | *Attorneys for Amazon Web Services, Inc.* |

## CERTIFICATE OF SERVICE

      I hereby certify that on April 24, 2020, I caused a true and correct copy of the foregoing motion to be served on all counsel of record via electronic mail and pursuant to Federal and local rules.

      */s/ Michael T. Werner*
Michael T. Werner
Jenner & Block LLP
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350