# EXHIBIT G

| | |
|---|---|
| Kove IO, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Amazon Web Services, Inc., <br><br> Defendant. | Civil Action No. 1:18-cv-08175 <br><br> Judge Rebecca R. Pallmeyer <br><br> Jury Trial Demanded |

**PLAINTIFF KOVE IO, INC'S RESPONSES TO AMAZON WEB SERVICES' INITIAL NON-INFRINGEMENT AND INVALIDITY CONTENTIONS PURSUANT TO LPR 2.5**

Plaintiff, Kove IO, Inc. ("Plaintiff" or "Kove") submits its Initial Responses to Defendant Amazon Web Services, Inc.'s ("Defendant," "AWS," or "Amazon") Initial Non-Infringement And Invalidity Contentions, pursuant to Local Patent Rules ("LPR") 2.5 and the Report of Parties' Planning Meeting and Agreed Case Schedule (Dkt. 54). Attached hereto are Kove's Initial Responses to AWS's Invalidity Contentions, Exhibits 1A – 1E, 2A – 2E, and 3A – 3F, and Kove's Initial Responses to AWS's Non-Infringement Contentions Exhibits A – C.

I. **KOVE'S RESERVATIONS OF RIGHTS**

Kove's investigation, research, and analysis of the issues in this case are ongoing, and Kove expressly reserves the right to supplement its Initial Responses to Defendant's Invalidity Contentions as its investigation continues. Kove's Initial Responses correspond only to the contentions identified in Amazon's Initial Non-Infringement And Invalidity Contentions, dated August 6, 2019, relating to U.S. Patent Nos. 7,814,170 ("the '170 patent"), 7,103,640 ("the '640 patent"), and 7,233,978 ("the '978 patent") (collectively the "Patents-in-Suit") and the claims identified therein (the "Asserted Claims"). Kove's Initial Responses are necessarily limited to

1

information now known to it. As set forth in detail herein, Amazon's contentions fail to comply with the specificity requirements set forth in LPR 2.3. It is Amazon's burden to prove invalidity and unenforceability, but, as demonstrated in Kove's Initial Responses and accompanying claim charts, Amazon has failed to carry its burden for any asserted claim. The case has also not yet reached the stage where claim construction has been determined. In light of the foregoing, Kove reserves all rights to amend and/or supplement its contentions and responses as additional information becomes available.

II. **KOVE'S INITIAL RESPONSE TO AMAZON'S NON-INFRINGEMENT CONTENTIONS**

Kove's Initial Infringement Contentions are based on information then known to it and are necessarily limited by Amazon's deficient production of discovery concerning its accused products, including source code. Nevertheless, Kove's Initial Infringement Contentions set forth, on an element by element basis, where each asserted claim is found in the accused products, as required under LPR 2.2. Certain of Amazon's Initial Non-Infringement Contentions attempt to create insubstantial non-infringement positions that are unsupportable under the doctrine of equivalents. In those instances, Kove's Initial Responses to Amazon's Non-Infringement Contentions, attached hereto in Exhibits A and C, provide initial explanations of each function, way, and result that is equivalent to the asserted element, as permitted under LPR 2.5(d).

III. **KOVE'S INITIAL RESPONSE TO AMAZON'S INVALIDITY CONTENTIONS**

A. <u>**Response to AWS's Alleged Prior Art References**</u>

Amazon bears the burden of proving that each of its references qualify as pre-AIA 35 U.S.C. § 102 prior art, but it has failed to do so. Kove contends that each of its asserted claims has an effective priority date of July 8, 1998; in order to qualify as prior art, a reference must meet one or more of the conditions set forth in pre-AIA 35 U.S.C. § 102 (a)-(g). Amazon has

failed to show that at least the Sherman and Carpentier references qualify as prior art under any subsection of 35 U.S.C. § 102. In particular, Amazon has not met its burden of showing that Sherman is § 102 prior art, as Amazon has not established precisely when Sherman was published or otherwise became publicly available. Amazon has not met its burden with respect to Carpentier because Amazon relies on a priority date tied to a provisional application, which has not been shown to support the disclosures in Carpentier that Amazon relies upon; Amazon has also not produced the provisional application.

B. **Amazon's Failure to Identify Prior Art Products**

It is Amazon's burden to identify systems it alleges may be prior art as to any of the asserted claims. Amazon has not identified any such systems. Should Amazon be permitted to introduce prior art systems that it contends invalidates any asserted claim, Kove reserves the right to fully respond.

C. **Response to Amazon's Obviousness Contentions**

LPR 2.3 (b)(2) requires, inter alia, that "[i]f a combination of items of prior art allegedly makes a claim obvious, the Invalidity Contentions must identify each such combination and the reasons to combine such items." Amazon did not do so. Instead, it instead improperly offers generalized statements regarding knowledge allegedly attributable to persons of ordinary skill in the art and vague rationales on motivations to combine that lack rational underpinning. As articulated in more detail in Kove's Initial Responses, Exhibits 1A – 1, 2A – 2E, and 3A – 3F, Amazon fails to carry its burden of demonstrating not only that any given set of references *could be* combined to arrive at the claimed invention, but *why* a person of ordinary skill in the art would have been motivated do so.

D. **Response to AWS's Invalidity Contentions Under 35 U.S.C. § 112**

Kove denies that any asserted claim is invalid under 35 U.S.C. § 112 ¶ 1 or § 112 ¶ 2. Amazon's contentions fail to provide "a *detailed* statement" regarding invalidity under § 112, as required under LPR 2.3(4). Instead, for example, Amazon identifies various terms but provides no explanation, detailed or otherwise, as to why a person of ordinary skill in the art would not be able to ascertain the scope of the claim limitation. Regarding Amazon's claim of invalidity under § 112 ¶ 2, each of the identified claim limitations, read in light of their respective specifications and prosecution histories, informs those skilled in the art with reasonably certainty as to the scope of the invention. Nevertheless, Kove identifies at least the following intrinsic support for the claim terms AWS alleges are indefinite under 35 U.S.C. § 112:

- "each one of the data location servers is configured to determine" as found in claim 1 of the '170 patent
    - Amazon fails to provide any detail as to why a person of ordinary skill in the art would fail to understand the scope of this claim language, particularly when Amazon fails to have to any issue with "*configured to* store," which is part of the same claim. Thus, it appears that Amazon's claim of indefiniteness is limited to "each one of the data location servers" and "determine." In any case, the claim as a whole sufficiently particularly points out and distinctly claims the claimed subject matter.
    - Other Claim Support: Dependent claim 5
    - Specification Support:
        - '170 Patent at 1:19 – 25 (Microfiche Appendix); 14:42-15:49; 20:8-39
        - 60/153,709 Provisional at Figs. 1-2 (and related text); *Id*. at 3; *Id.* at 8-10; *Id*. at 26-29
    - File History Support:
        - '170 Prosecution History at 9/6/2009 Claims 17 & 18; *Id.* at 3/2/2009 Claims; *Id.* at 3/2/2009 Applicant Arguments / Remarks Made in Amendment; *Id*. at 2/13/2006 Claims 5-16

4

- ▪ '640 Prosecution History at 9/13/2000 Claims 5-16

- "programming logic … configured to return" as found in claim 6 of the '170 patent
    - o Amazon fails to provide any detail as to why a person of ordinary skill in the art would fail to understand the scope of this claim language, particularly when Amazon fails have any issue with "*programming logic ... configured to* receive" which is part of the same claim. Thus, it appears that Amazon's indefinite issue with this claim is limited to the term "return." In any case, the claim as a whole sufficiently particularly points out and distinctly claims the claimed subject matter.
    - o Other Claim Support: Dependent claim 13
    - o Specification Support:
        - ▪ '170 Patent at Fig. 9 (and describing text); Fig. 12 (and describing text); 1:19 – 25 (Microfiche Appendix); 6:50 – 7:4; 8:9-30; 9:23 – 29; 14:42 – 16:32; 17:26 – 19:27.
        - ▪ 60/153,709 Provisional at Figs. 1-2 (and related text); *Id*. at 3; *Id.* at 8 – 10; *Id*. at 26-29
    - o '170 Prosecution History at 2/13/2006 Claims 5-16; *Id.* at 9/6/2006 Claims 20-29; *Id.* at 3/2/2009 Claims 20-29; *Id.* at 3/2/2009 Applicant Arguments/Remarks Made in an Amendment;
    - o '640 Prosecution History at 9/13/2000 Claims 5-16

- "Executable code configured to execute …" as found in claims 17 and 18 of the '640 patent
    - o Amazon fails to provide any detail as to why a person of ordinary skill in the art would fail to understand the scope of this claim language. In any case, the claim as a whole sufficiently particularly points out and distinctly claims the claimed subject matter.
    - o Specification Support:
        - ▪ '640 Patent at Fig. 11-13 (describing server system); 1:16 – 22 (Microfiche Appendix); 7:29-9:4 (describing server executable commands); 17:9-19:14 (describing server and client configured to execute code)

- 60/153,709 Provisional at Figs. 1-2 (describing server system); *Id.* at 5-29 (describing message types and commands); *Id.* 8-10 & 26-29 (describing server and client configured to execute code)

- "transport protocol configured to transport" as found in claims 17 of the '978 patent
    - There is no "*transport* protocol configured to transport" in claim 17 of the '978 patent, as argued by Amazon. To the extent Amazon intended to mean "*transfer* protocol," Amazon fails to provide any detail as to why a person of ordinary skill in the art would fail to understand the scope of this claim language, particularly when Amazon has no issue with "transfer protocol," which is part of the same claim, or "transfer protocol," which is part of independent claim 10. Thus, it appears that Amazon's indefinite issue with this claim is limited to the term "configured to transport." In any case, the claim as a whole sufficiently particularly points out and distinctly claims the claimed subject matter.
    - Other Claim Support: Independent claim 10; independent claim 31
    - Specification Support
        - 978 Patent at Abstract ("The system and method utilize a transfer protocol configured to transport an ...."); 2:19-37; 2:53-3:4; 4:19-44
        - 640 Patent at Title; Abstract; 1:16 – 22 (Microfiche Appendix); 2:10-3:36; 4:25-35
        - 60/153,709 Provisional at Title, 2, 6, 7, 11, 26.
        - 60/209,070 Provisional App. at Introduction to the OverX Distributed Database Technology (OXDTT) at 3, 8, 13; Technical Description of the oxServer at 1-4, 7-9; Scalability in the OverX Distributed Data System at 1-2.
        - 60/277,408 Provisional App. at A Technical Introduction to the OverX Location Service at 2-4
    - File History Support
        - 978 Prosecution History at 6/1/2001 Claims 1-20 & 24-37; 2/22/2006 Applicant Arguments / Remarks Made in Amendment; 11/1/2006 Claims; 11/1/2006 Applicant Arguments / Remarks Made in Amendment

- 640 Prosecution History at 9/13/2000 Claims 1-16

- "associated with" as found in claims 1, 4, 6, and 13 of the '170 patent; claims 10, 17, and 18 of the '640 patent; claims 1, 7, 17, and 31 of the '978 patent
    o Amazon fails to provide any detail as to why a person of ordinary skill in the art would fail to understand the scope of this claim language. In any case, the claim as a whole sufficiently particularly points out and distinctly claims the claimed subject matter.
    o Specification Support
        - 170 Patent at Abstract; 2:14-29; 2:46-3:6; 3:14-25; 4:7-26; 6:50-7:5; 7:5-10:26; 14:41-63; 17:25-18:30; 20:17-30.
        - 640 Patent at Abstract; 1:34-3:35; 4:5-4:48; 6:45-10:4; 14:26-16:14; 20:4-38.
        - 978 Patent at Abstract; 1:37-3:24; 4:19-13:4; 14:60-15:45; 20:65-23:24:10.
        - 60/153,709 Provisional at 12, 17
        - 60/209,070 Provisional App. at Introduction to the OverX Distributed Database Technology (OXDTT) at 4, 6, 10, 15-16; Technical Description of the oxServer at 1-3, 5, 7; Scalability in the OverX Distributed Data System at 1, 3.
        - 60/277,408 Provisional App. at A Technical Introduction to the OverX Location Service at 2, 7
    o File History Support
        - 170 Prosecution History at 2/13/2006 Claims 1-16; *Id.* at 9/6/2006 Claims 17-32; 3/2/2009 Applicant Arguments / Remarks Made in an Amendment
        - 640 Prosecution History at 9/13/2000 Claims 1-16; 8/25/2004 Applicant Arguments / Remarks Made in an Amendment; 8/25/2004 Claims 1-23; 8/9/2005 Applicant Arguments / Remarks Made in an Amendment; 8/9/2005 Claims 24-49.
        - 978 Prosecution History at 6/1/2001 Claims 1-45; 2/22/2006 Applicant Arguments / Remarks Made in an Amendment; 11/1/2006 Applicant

Arguments / Remarks Made in an Amendment; 11/1/2006 Claims 1-45; 2/13/2007 Notice of Allowance

- "calculate" as found in claims 10, 17, and 18 of the '640 patent
    - Amazon fails to provide any detail as to why a person of ordinary skill in the art would fail to understand the scope of this claim language. In any case, the claim as a whole sufficiently particularly points out and distinctly claims the claimed subject matter.
    - Specification Support
        - 640 Patent at 14:26-16:13; 17:8-19:14
        - 60/153,709 Provisional at Figs. 1-2 (and related text); *Id*. at 3; *Id.* at 8-10; *Id*. at 26-29
    - File History Support
        - 640 Prosecution History at 8/9/2005 Claims; *Id.* at 8/9/2005 Applicant Arguments / Remarks Made in an Amendment

- "A portion..." as found in claim 17 and 30 of the '978 patent; claim 1, 8, 13, and 17 of the '170 patent; claim 24 of the '640 patent;
    - Amazon fails to provide any detail as to why a person of ordinary skill in the art would fail to understand the scope of this claim language. In any case, the claim as a whole sufficiently particularly points out and distinctly claims the claimed subject matter.
    - '978 patent at 19:50-20:46, 21:35-48, 21:50-22:16, Fig. 22
    - '978 FH at 02/22/2006 Applicant Arguments at 11-14; 11/01/2006 Applicant Arguments at 11-12
    - Originally Filed '978 Claims including claims 24, 29
    - Provisional 60/209,070 at 12-14, 41-42
    - '640 Patent at 1:16 – 22 (Microfiche Appendix); 1:58-67, 16:14-17:17
    - '640 FH at 08/09/2005 Applicant Remarks at Claim 48
    - '170 Patent at 1:58-67, 16:33-17:17
    - '170 FH at 09/06/2006 at Claim 17-18; 03/02/2009 Applicant Remarks at 8-9

- "Performance criterion..." as found in claim 17, 23, and 24 of the '978 patent;
    - Amazon fails to provide any detail as to why a person of ordinary skill in the art would fail to understand the scope of this claim language. In any case, the claim as a whole sufficiently particularly points out and distinctly claims the claimed subject matter.
    - '978 patent at 15:45-62, 19:50-20:46, 21:35-48, 21:50-22:16, Fig. 22
    - '978 FH at 02/22/2006 11/01/2006 Applicant Arguments at 11-12
    - Provisional 60/209,070 at 12-14, 29-34, 37-39
    - Provisional 60/277,408 at 7-8
    - '640 Patent at 16:14-52
    - Originally Filed '978 Claims including claims 24, 29, 30

- "Predetermined performance limit..." as found in claims 17 and 30 of the '978 patent
    - Amazon fails to provide any detail as to why a person of ordinary skill in the art would fail to understand the scope of this claim language. In any case, the claim as a whole sufficiently particularly points out and distinctly claims the claimed subject matter.
    - '978 patent at 21:50-22:16
    - '978 FH at 02/22/2006 11/01/2006 Applicant Arguments at 11-12
    - Provisional 60/209,070 at 29-34
    - Provisional 60/277,408 at 7-8
    - '640 Patent at 9:57-10:4
    - Originally Filed '978 Claims including claim 24

- "First data location server..." as found in claims 17 and 30 of the '978 patent; claim 10 of the '640 patent;
    - Amazon fails to provide any detail as to why a person of ordinary skill in the art would fail to understand the scope of this claim language. In any case, the claim as a whole sufficiently particularly points out and distinctly claims the claimed subject matter.

- o '978 patent at 19:50-20:46, 21:35-48, 21:50-22:16, Fig. 22
- o Provisional 60/209,070 at 12-14, 41-42
- o Provisional 60/277,408 at 4
- o Originally Filed '978 Claims including claims 24, 29, 35
- o '640 Patent at 1:16 – 22 (Microfiche Appendix); 8:63-9:2, 14:26-16:13, 17:8-18:16, Fig. 12
- o '640 FH at 08/09/2005 Applicant Remarks at Claim 33

- "Transaction rate limit..." as found in claim 25-26 of the '978 patent;
  - o Amazon fails to provide any detail as to why a person of ordinary skill in the art would fail to understand the scope of this claim language. In any case, the claim as a whole sufficiently particularly points out and distinctly claims the claimed subject matter.
  - o '978 patent at 15:45-62, 21:35-48
  - o Provisional 60/209,070 at 29-34, 37-39
  - o '640 Patent at 1:16 – 22 (Microfiche Appendix); 5:1-6:26; 13:57-14:25
  - o Originally Filed '978 Claims including claims 24, 29-33

- "Monitoring the performance criterion and automatically transferring the portion of identifiers and associated locations when the first location server reaches the predetermined limit..." as found in claim 30 of the '978 patent
  - o Amazon fails to provide any detail as to why a person of ordinary skill in the art would fail to understand the scope of this claim language. In any case, the claim as a whole sufficiently particularly points out and distinctly claims the claimed subject matter.
  - o '978 patent at 19:50-20:46, 21:35-48, 21:50-22:16, Fig. 22
  - o Provisional 60/209,070 at 12-14, 41-42
  - o Provisional 60/277,408 at 7
  - o Originally Filed '978 Claims including claim 37

Amazon also makes bare and unsupported allegations that certain of the asserted claims lack sufficient written description under 35 U.S.C. § 112, ¶ 1, however, Amazon's contentions are without merit. AWS contends that claim 17 of the '978 patent is invalid under both 35 U.S.C. § 112, ¶ 1, because the '978 patent specification allegedly does not disclose how to determine "a predetermined performance limit." As discussed above, the '978 patent describes at least one specific embodiment of the "predetermined performance limit." *See* '978 patent at 21:50-22:16. Based on this embodiment, one of ordinary skill in the art would be able to make and use the claimed invention.

AWS also contends that claim 17 is invalid under 35 U.S.C. § 112, ¶ 2 because the term "first data location server" lacks antecedent basis. Similarly, AWS contends that claims 25 and 26 are invalid under § 112, ¶ 2 because the term "transaction rate limit" lacks antecedent basis. Clerical or typographical errors resulting in inadvertent lack antecedent basis, however, does not per se render a term indefinite. *Microprocessor Enhancement Corp. v. Texas Instruments Inc.*, 520 F.3d 1367, 1376 (Fed. Cir. 2008) (noting "well-settled rule that claims are not necessarily invalid for a lack of antecedent basis"). One of ordinary skill in the art would reasonably ascertain the scope of "first data location server" to be one of a plurality of such servers, distinct from a "second data location server." Similarly, one of ordinary skill in the art would reasonably ascertain the scope of "the transaction rate limit" to be a "performance criterion" specified in claim 24.

AWS contends that claim 30 is purportedly also invalid under 35 U.S.C. § 112, ¶ 1 because the '978 patent specification does not disclose "monitoring the performance criterion and automatically transferring the portion of identifiers and associated locations when the first location server reaches the predetermined limit." As discussed above, the '978 patent describes at least one specific embodiment of the "monitoring the performance criterion and automatically transferring

11

the portion of identifiers and associated locations when the first location server reaches the predetermined limit." *See, e.g.,* '978 patent at 19:50-20:46, 21:35-48, 21:50-22:16, Fig. 22. Based on this embodiment, one of ordinary skill in the art could reasonably ascertain the full scope of the invention.

E. **Response to AWS's Invalidity Contentions Under 35 U.S.C. § 101**

As Kove explained in its Response Memorandum in Opposition to Amazon's Motion to Dismiss based on 35 U.S.C. § 101 (Dkt. 44), incorporated here by reference, the Kove Asserted Patents are rooted in computer technology and are eligible for patenting under § 101 and controlling Federal Circuit precedent. The patented technology is tailored to improving conventional database storage systems and provides specific distributed data storage architecture for improving functionality in computer networks. *See* Dkt. 1, 44 at 1.

Amazon further alleges that the asserted claims of the '978 patent and '170 patent are invalid for obviousness-type double patenting, in view of each other and the claims of the '640 patent. Consistent with the bulk of its contentions, Amazon's allegations in this regard are similarly devoid of specificity, in violation of LPR 2.3, and without merit. The '170 patent issued with a terminal disclaimer over both the '640 patent and the '978 patent, thereby obviating any issues of double-patenting.

F. **Response to AWS's Unenforceability Contentions**

Local Patent Rule 2.3(c) requires that Amazon "identify the acts allegedly supporting and all bases for the assertion of unenforceability" in its Initial Contentions. Amazon has not made any such allegations. Should Amazon be permitted to introduce claims of unenforceability in the future, Kove reserves the right to respond.

G. **AWS's Deficient Document Production**

Kove disagrees that Amazon has met its production obligations under LPR 2.1. In particular, Amazon has not produced documents corresponding to technical specifications and details relating to Accused Products Amazon S3 and Amazon DynamoDB.

Dated: September 6, 2019                                Respectfully submitted,

/s/     *Michael Flanigan*
Michael Flanigan

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
Holly H. Campbell
hcampbell@thompsoncoburn.com
Thompson Coburn LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500
Telecopier: (312) 580-2201

Sarah O. Jorgensen (*pro hac vice*)
sjorgensen@reichmanjorgensen.com
Reichman Jorgensen LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (650) 623-1403
Telecopier: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Reichman Jorgensen LLP
1615 M Street, NW, Suite 300
Washington, DC 20036
Telephone: (202) 894-7311
Telecopier: (650) 623-1449

Khue Hoang (*pro hac vice*)
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Wesley White (*proc hac vice*)
wwhite@reichmanjorgensen.com
Reichman Jorgensen LLP
100 Park Avenue, Suite 1600
New York, NY 10017
Telephone: (646) 921-1474
Telecopier: (650) 623-1449

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Shawna L. Ballard
sballard@reichmanjorgensen.com
Jennifer P. Estremera (*pro hac vice*)
jestremera@reichmanjorgensen.com
Phillip J. Lee (*pro hac vice*)
plee@reichmanjorgensen.com
Joachim B. Steinberg (*pro hac vice*)
jsteinberg@reichmanjorgensen.com
Michael G. Flanigan (State Bar No. 6309008)
mflanigan@reichmanjorgensen.com
Kate M. Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
Reichman Jorgensen LLP
303 Twin Dolphin Drive, Suite 600
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

|  | **ATTORNEYS FOR PLAINTIFF KOVE IO, INC.** |
|---|---|
|  | s/ Terri L. Mascherin |
| Adam G. Unikowsky<br>JENNER & BLOCK LLP<br>1099 New York Ave. NW Suite 900<br>Washington, DC 20001<br>(202) 639-6000<br>aunikowsky@jenner.com | Terri L. Mascherin<br>Michael Babbitt<br>Michael T. Werner<br>JENNER & BLOCK LLP<br>353 N. Clark St.<br>Chicago, IL 60654<br>(312) 222-9350<br>tmascherin@jenner.com<br>mbabbitt@jenner.com<br>mwerner@jenner.com<br><br>*Attorneys for Amazon Web Services, Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of September 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Michael Flanigan*
Michael Flanigan
