**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KOVE IO, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:18-cv-08175 |
| AMAZON WEB SERVICES, INC., | ) | Hon. Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY IN SUPPORT OF MOTION TO CONDUCT
*IN CAMERA* REVIEW AND TO COMPEL PRODUCTION BY AWS**

The attorney-client privilege constitutes a total bar on the discovery of another party's communications with its lawyers containing legal advice. The Seventh Circuit has held that the scope of attorney-client privilege should be confined to its "narrowest possible limits." *U.S. v. White*, 950 F.2d 426, 430 (7th Cir. 1991). Courts thus require parties invoking the privilege do so judiciously and carefully for only those documents that fall within its legitimate scope, and to provide factual support for their privilege claims. Kove fails on both accounts.

Rather, Kove has invoked and abandoned its claims of privilege as best suits its strategy. Kove initially produced many of the documents at issue in this motion with no claim of privilege; then when AWS sought to use those documents in support of its defenses, Kove "clawed back" the documents, claiming both attorney-client privilege and attorney work product protection over the documents. (Ex. H.) The parties engaged in extensive communications in which AWS stated its objections to Kove's claims of privilege, and Kove refused to withdraw its claims. However, once AWS filed its Motion to Compel, Kove readily abandoned many of its claims, producing the documents at issue either in their entirety or in redacted form.

Indeed, since AWS filed its Motion to Compel, Kove has fully abandoned its claim of privilege over six of the 13 documents identified in AWS's motion and has produced redacted versions of six others. Seven documents remain at issue:

- CTRL000006959 (the "Carmichael Letter"),[1] now produced in redacted form (Ex. R at ¶ 7; Ex. U);

- CTRL000020109-11 (the "Technical Documents"),[2] now produced in redacted form, but the entire content of these documents has been redacted (Ex. R at ¶ 8; Exs. W; X; Y); and

- CTRL0000019950, 19952, and 21381 (the "Overton Notes"),[3] CTRL0000019950 and CTRL0000021381 now produced in redacted form and CTRL0000019952 unproduced (Ex. R at ¶ 9; Exs. EE; FF).

For the reasons set forth in AWS's Motion and this Reply, AWS asks the Court to review those documents *in camera* and, if the Court agrees that Kove has failed to meet its burden to establish that the documents or redacted sections (as the case may be) are not privileged, order Kove to produce those documents.

## I. AWS Met Its Obligation to Meet and Confer.

As an initial argument, Kove asserts that AWS failed to meet and confer with Kove prior to filing its motion and claims that if AWS had met and conferred with Kove many of the issues presented could have been avoided. Kove's allegation is incorrect, not only because of Kove's shifting positions invoking the privilege, but also because the parties did engage in lengthy correspondence and discussions before AWS filed its motion. The parties exchanged numerous

---

[1] AWS refers to the Carmichael Letter as Document No. 27 in its Motion to Compel. (*See* Mot. at 9.)

[2] AWS refers to the Technical Documents as Document Nos. 9, 29, and 30 in its Motion to Compel. (See Mot. at 6-8, 11-12.)

[3] AWS refers to the Overton Notes as Document Nos. 1, 2, and 28 in its Motion to Compel. (*See* Mot. at 6, 10, 11-12.)

letters and emails, and AWS initiated a call to meet and confer on Kove's privilege claims on March 25. (Exs. A at ¶¶ 16-19; G; H; Q.)

In these communications, AWS stated its objections to Kove's privilege claims clearly, but Kove refused to reconsider any of its claims and gave no indication that it needed to investigate its claims further. (Ex. A at ¶ 18.) Instead, Kove made more clawback demands, insisting that AWS destroy its internal copies of its March 12 letter about the timing and deficiencies in Kove's February document production, as well as any other related work-product.[4] (Ex. DD.)

There is no doubt that the parties were at issue on Kove's assertions of privilege. In fact, just hours after AWS filed its Motion to Compel, Kove doubled-down on its broad claims of privilege, clawing back two of the exhibits to AWS's motion—the consulting agreement between Paul Carmichael and OverX and the fax transmittal of Carmichael's signature page, discussed in Section II below—both claims that Kove has since abandoned. (Ex. R at ¶ 3; *see also* Dkt No. 126, Defendant's Supplemental Motion for *In Camera* Review.)[5] Kove's assertion that AWS filed its motion "without warning" and that the issues could have been resolved if AWS had communicated with Kove rings hollow in light of these extensive communications and Kove's actions.

---

[4] It was that letter which triggered Kove's clawback of the documents at issue in AWS's motion. The letter quoted language from several of the documents produced by Kove. Kove claimed that language was privileged. Since then, Kove has abandoned its claims of privilege over much, if not all, of that language, reproducing the quoted documents with only partial redactions. (Ex. R at ¶ 2.)

[5] Citations to Exhibits A-Q refer to Exhibits attached to AWS's Motion to Compel. Citations to Exhibits R-FF refer to Exhibits attached to the present Reply in Support of AWS's Motion to Compel.

**II.      Kove Has Not Shown That the Carmichael Letter Is Privileged.**

Since AWS first corresponded with Kove regarding the Carmichael letter, Kove has provided three different, and conflicting, assertions regarding the basis for its claim of privilege over that letter.  None of those bases holds water.

Kove's first explanation for its claim of privilege over the Carmichael Letter came in a March 23 letter from Kove's counsel.  Kove had clawed back the Carmichael Letter on March 18.  (Ex. G.)  In the days that followed, AWS asked Kove to explain the basis for its claim of privilege over the Carmichael Letter, as well as for several other documents which Kove clawed back and which do not appear on their face to be privileged.  (Ex. Q.)  On March 23, Kove sent a letter explaining the bases for its privilege claims.  (Ex. H.)  Kove asserted that the Carmichael Letter:

> is a *note from John Overton to Paul Carmichael*, *an attorney who provides legal advice to OverX regarding its patent filings*.  The document *on its face seeks legal advice* regarding submissions to the U.S. Patent and Trademark Office and related issues, such as how to prosecute certain patent claims, and is protected by attorney-client privilege.

(*Id.*) (emphasis added.)  Thus, Kove took the position that the document was sent to Carmichael, that Carmichael was a lawyer who was advising OverX regarding patent filings, and that in the letter John Overton sought legal advice regarding OverX's patent filings from Carmichael in his capacity as OverX's patent attorney.  Kove maintained its privilege claim on that basis over AWS's objection in a conference call on March 25.  (Ex. A at ¶ 18.)  And on April 10, Kove provided a privilege log identifying Carmichael as the recipient of the letter and stating that the basis for privilege was "Note re: legal advice re: submission to USPTO re: prosecution of claims."  (Exs. A at ¶ 18; I.)

AWS filed its Motion to Compel challenging that assertion of privilege.  In its Motion, AWS showed, among other things, that the █████████████████████████████

██████████████████████████████████████████████████████████

████████████████████. (Exs. N, O.)[6]

Kove then changed its position regarding the supposed basis for its privilege claim.  After AWS's motion was filed, but before Kove filed its response, Kove requested another call to meet and confer on the issues raised in AWS's motion.  That call took place on May 12.  (Ex. R at ¶ 4.) On the May 12 call, Kove conceded that the Carmichael Letter was *not* sent to Mr. Carmichael and that the letter was *not* written to seek legal advice from Mr. Carmichael.  (*Id*.)  Kove's counsel stated that the Carmichael Letter was privileged because the contents of the letter reflect privileged communications that Mr. Overton previously had with a different lawyer.  (*Id*.)  AWS maintained its objection to Kove's privilege claim and asked Kove to provide a corrected privilege log identifying Kove's new basis for its claim.  (*Id*.)  On May 27, Kove produced a redacted version of the Carmichael Letter.  (Ex. R at ¶ 7; Ex. U.)

On June 1, Kove filed its response to AWS's motion.  In its response, Kove takes yet a third position regarding the basis for its claim of privilege over the Carmichael Letter.  Kove now claims that the Carmichael Letter is a draft letter that reflected Mr. Overton's memorialization of questions that he intended to pose to other counsel in the future.  (Resp. at 8; Ex. V.)

Kove's ever-shifting explanations regarding the circumstances surrounding the Carmichael Letter demonstrate why the party who asserts attorney-client privilege bears a burden to provide "factual material to prove the basis of privilege."  *Acosta v. Target Corp*., 281 F.R.D. 314, 323-24 (N.D. Ill. 2012) (rejecting claim of privilege over documents containing information that allegedly

---

[6] Kove clawed back Exhibits N and O to AWS's Motion to Compel hours after the motion was filed, claiming that they are attorney-client privileged.  (Ex. R at ¶ 3; see also Dkt No. 126, Defendant's Supplemental Motion for In Camera Review.)  Kove has since abandoned its claims of privilege over those documents.  (Ex. R at ¶ 3.)

reflected legal advice where the corporation "submitted no factual material to demonstrate that the allegedly privileged entries" were derived from legal advice). Kove's "mere conclusory statements will not suffice to meet that burden." *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 152 F.R.D. 132, 139 (N.D. Ill.1993).

Kove's newest explanation does not establish that the Carmichael Letter is privileged. As AWS showed in its Motion, ██████████████████████████████████████, not as a lawyer (Exs. N; O), and Kove has abandoned the position that Overton wrote to Carmichael in his capacity as a lawyer. Thus, the letter should be considered a draft communication between two non-lawyers. "Communications between [] non-attorneys reflecting their intent to seek legal advice reflect neither communications to an attorney nor legal advice from one." *The Sols. Team, Inc. v. Oak St. Health, MSO, LLC*, No. 17 CV 1879, 2020 WL 30602, at *4 (N.D. Ill. Jan. 2, 2020).

The cases cited by Kove to the contrary are wholly inapposite. In *Chen-Oster v. Goldman, Sachs & Co.*, the plaintiff inadvertently produced information that was contained in a database that plaintiff created at the direction of counsel in order to provide information requested by counsel. 293 F.R.D. 547, 554 (S.D.N.Y. 2013). The court found that the existence of the database was privileged because the information it contained was collected only as "an initial step towards providing the information to counsel." *Id.* It was "of no moment" that the information "reside[d] in the database for some period of time before being passed on to the attorneys" who requested it. *Id.*

*Shaffer* is similarly inapplicable. In *Schaffer*, the defendant claimed privilege over a memorandum that was prepared at the defendant's direction by one of its employees. *Shaffer v. Am. Med. Assoc'n*, 662 F.3d 439, 447 (7th Cir. 2011). The memorandum described facts and

circumstances surrounding an FMLA claim of a different employee against the defendant and was created for a meeting with counsel. *Id.* The court held that the memorandum was privileged. *Id.*

The circumstances here are wholly dissimilar to those in *Chen-Oster* or *Shaffer*. Kove does not argue that Overton drafted the Carmichael Letter to compile information at the request of counsel or in preparation for a meeting with counsel. Kove simply states that the Carmichael Letter describes questions that Overton intended to ask other counsel in the future. That is not a basis for privilege. *See The Sols. Team, Inc.*, 2020 WL 30602, at *4.

Now that Kove has produced the balance of the Carmichael Letter, AWS asks the Court to review *in camera* the portions that remain redacted and to order Kove to produce the letter in its entirety.

### III. Kove Has Not Shown That the Technical Documents Are Privileged.

Kove maintains its claim of privilege over the Technical Documents, which Kove states Overton prepared in advance of an interview with a USPTO examiner.[7] In its response, Kove asserts that the documents were prepared "for the purpose of obtaining legal advice," but AWS

---

[7] Kove states that these documents were attached to the note stating "these materials were not given to the patent examiner," a document which Kove clawed back on claim of attorney-client privilege, then reproduced after AWS filed its Motion to Compel. Kove goes to great effort to argue that the article by Dr. David Karger, cited in AWS's Motion, was *not* attached to that note. Regardless whether the Karger article was or was not attached to that note, from the face of the patents-in-suit, it is evident that Kove did not provide that reference to the patent examiners. (Exs. Z; AA; BB.) As AWS explained in its Motion to Compel, the Karger article was produced from Kove's files and it is a significant piece of prior art with respect to U.S. Patents Nos. 7,103,640 and 7,814,170. Yet Kove inexplicably withheld the Karger article from production to AWS for eight months—from the time it was collected in July 2019 until February 2020—thus withholding the fact that the inventor's files contained the article until days before AWS was required to serve its Final Unenforceability and Invalidity Contentions. The Karger article is a critical piece of prior art to the patents-in-suit, and the inventor's knowledge of that prior art is highly relevant.

submits that the documents contain no implicit or explicit request for legal advice.[8]  Nor do they appear to implicate legal advice that was given or received.[9]  Kove asserts that the Technical Documents are privileged because they were given to an attorney in advance of an interview with a patent examiner.  That is not sufficient to establish privilege.  Even if the documents contained a request for legal advice, any privilege was lost when Kove provided those documents to the patent examiner to explain the invention.  *McCook Metals L.L.C. v. Alcoa Inc.*, 192 F.R.D. 242, 251-53 (N.D. Ill. 2000).  The primary case relied upon by Kove to establish that technical documents "may" be privileged establishes this point.

In *McCook*, the court considered a multitude of privilege claims following a motion to compel, including several claims over an inventor's technical documents and diagrams that were created during patent prosecution.  The court recognized that the Seventh Circuit has not explicitly held whether such documents are privileged in the patent context and analogized to similar circumstances in tax and bankruptcy law.  *Id*. (considering cases where information provided from client to attorney to be provided in a tax return or bankruptcy petition was found not privileged).  The court found that when information, including technical invention information, is transmitted to an attorney with the intent of it being disclosed to a third-party, such as a patent examiner, there is no privilege.  *Id*.

> [I]n a patent context, we can expect that the Seventh Circuit would continue to construe the attorney-client privilege narrowly, allowing protection only for

---

[8] In the parties' pre-filing communications, Kove took a different position.  Kove asserted that these documents reflected a discussion of the inventor's patent prosecution strategy.  (Ex. R at ¶ 5.)

[9] Two of the Technical Documents were produced to AWS, clawed back on March 12, then reproduced to AWS with the entirety of their contents redacted on May 11; the third (the contents of which are likewise fully redacted) was not previously produced to AWS.   (Ex. R at ¶ 8; W; X; Y.)

attorney-client communications that are clearly seeking or giving legal advice, while disallowing the privilege for other types of attorney-client communications, such as transmittal of business or technical information, or information that is intended to be disclosed to a third party in unedited form.

*Id.* at 252. The court in *McCook* found the following categories of documents were *not* privileged: (1) "a summary of patents, patent applications, and invention reports[,]" (2) "interoffice memorandum containing . . . technical information with no request for legal advice" and (3) technical drawings and sketches, tables, and test results produced from the inventors . . . and sent to the [their attorneys]." The Technical Documents withheld by Kove are of the same nature as those found not privileged in *McCook*.

Further, Kove provides no evidence that these documents were ever provided to an attorney at all, let alone that they were provided with the intent that they not be disclosed to the examiner. Kove does not provide any email or cover letter transmitting the documents to an attorney, nor does it provide an affidavit from Mr. Overton, who allegedly transmitted the materials. As AWS explains above regarding the Carmichael Letter, Kove must provide "factual material" to prove the basis it asserts for its claim of privilege. *Acosta*, 281 F.R.D. at 323-24 Kove's "conclusory statements" that the Technical Documents were created to seek legal advice are not sufficient to meet that burden. *See Allendale*, 152 F.R.D. at 139. Kove has not met its burden to show that the Technical Documents are privileged.

### IV. The Court Should Review the Redacted Portions of the Overton Notes.

Kove initially produced one set of of the Overton Notes, then clawed that document back on March 12. (Ex. R at ¶ 9.) After AWS filed its Motion to Compel, Kove produced redacted versions of two of the sets of Overton Notes.. (*Id.*) Of course, AWS is unable to see the portions of the Overton Notes that Kove redacted, but the unredacted portions of the notes do not reflect

that any of their contents would be privileged. The third Overton Notes document has not been produced to AWS.

In the parties' pre-filing meet and confer, Kove asserted that these documents reflect the inventor's "prosecution strategy moving into the future." (Ex. R at ¶ 6.) In its response, as with the other documents at issue, Kove provides only conclusory statements that the Overton Notes are privileged. It is Kove's burden to establish the facts that underlie that claim. *See Acosta*, 281 F.R.D. at 323-24; *Allendale Mut. Ins. Co.*, 152 F.R.D. at 139. AWS thus asks the Court to review the redacted portions of the Overton Notes *in camera* and order them to be produced if it determines that they are not privileged.

## CONCLUSION

For the reasons set forth above and in its Motion to Compel, AWS asks the Court to conduct an *in camera* review of the documents that remain at issue and to compel production of any documents which the Court determines are not privileged.

June 8, 2020

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
(202) 639-6000
aunikowsky@jenner.com

Respectfully submitted,

*/s/ Terri L. Mascherin*

Terri L. Mascherin
Timothy J. Barron
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
tmascherin@jenner.com
tbarron@jenner.com
mwerner@jenner.com

*Attorneys for Amazon Web Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2020, I caused a true and correct copy of the foregoing motion to be served on all counsel of record via electronic mail and pursuant to Federal and local rules.

*/s/ Michael T. Werner*
Michael T. Werner
Jenner & Block LLP
353 N. Clark Street
Chicago, Illinois  60654
(312) 222-9350