# EXHIBIT T

Michael Marvin
Direct Dial: (646) 970-2652
mmarvin@reichmanjorgensen.com

750 Third Avenue
Suite 2402
New York, NY 10017

June 3, 2020

**By E-Mail**

Tim Barron
Jenner & Block LLP
353 North Clark St.
Chicago, IL 60654
tbarron@jenner.com

RE:  *Kove IO, Inc. v. Amazon Web Services, Inc.*, Case No. 18-cv-8175 (N.D. Ill.)

Counsel,

I write in response to your email of May 28, as well as your letter of May 18, regarding various AWS requests and the status of various disputes between the parties.  This letter memorializes what we conveyed to you on May 29 regarding such topics during the parties' meet and confer.

**Privilege Log**

In your email of May 28, you asked that Kove produce a revised privilege log reflecting Kove's "current basis for asserting privilege" over the redactions in the document originally produced with the Bates stamp KOV_00040527 (and reproduced with Bates stamp KOV_00057828).  As we explained during our May 29 meet and confer, by that date Kove had already served its revised privilege log, on May 27.  With respect to your claim that we "indicated in our call that the description in Kove's current privilege log is not correct" regarding the document originally produced with the Bates stamp KOV_00040527, we disagree.  Mr. Carmichael is the addressee of the document, as is evident from the document's face, and the description of why this document is privileged satisfies Kove's requirements under the Federal Rules.  Nevertheless, we have updated our privilege log to provide additional information beyond the requirements of the Federal Rules at your request.

**Confidentiality Designations**

As the parties have previously discussed, the Protective Order in this case sets forth a specific procedure for challenging confidentiality designations, which requires that the party disputing a confidentiality designation notify the producer "in writing of the basis of the dispute" and identify "the specific document[s] or thing[s] as to which the designation is disputed and propos[e] a new designation."  Protective Order Section 3(f).  It was not until May 11 that AWS

identified the challenged documents, and not until May 18 that AWS provided its broad explanation for the basis of its designation challenges.  As we explained in the meet and confer on May 29, Kove has subsequently been investigating the documents identified by AWS, and plans to reproduce documents for which Kove believes confidentiality designations can be removed or downgraded by the end of this week.

## Metadata

As we explained during the parties' meet and confer on May 29, Kove did not agree to provide additional metadata beyond what it has already provided for the documents in its production. Your assertions to the contrary in your letter of May 18 are incorrect.  Nevertheless, during the parties' meet and confer, we invited you to direct us to any applicable rule or order that required the production of such additional metadata, and we agreed to review any such authority.  As we explained in the May 29 meet and confer, the parties are not yet at impasse on this issue.

## Interrogatory No. 2

On the May 12 call between the parties, Kove agreed to supplement its response to Interrogatory No. 2 to provide a narrative response to the circumstances surrounding the conception and reduction to practice of the inventions claimed by the Patents-in-Suit.  As we explained during the meet and confer on May 29, Kove's investigation is ongoing, and it is still working to supplement its response.  Kove also agreed in the call on May 12 to continue to search for responsive documents relating to the circumstances surrounding the conception and reduction to practice of the inventions claimed by the Patents-in-Suit, although, as we have previously explained, Kove has already conducted an extensive search for these documents.  If we become aware of additional responsive documents, we will produce them.

Regards,

Michael Marvin

CC (by email):  Renato Mariotti (rmariotti@thompsoncoburn.com);
            Michael Parks (mparks@thompsoncoburn.com)