# EXHIBIT DD

| From: | Jaime F. Cardenas-Navia <jcardenas-navia@reichmanjorgensen.com> |
|---|---|
| Sent: | Tuesday, April 21, 2020 12:55 PM |
| To: | Mascherin, Terri L.; Rahul Sarkar; Unikowsky, Adam G.; Barron, Timothy J.; Werner, Michael T.; Garcia, Daniel O. |
| Cc: | RJ_Kove_AWS; 'rmariotti@thompsoncoburn.com'; Parks, Michael A. |
| Subject: | RE: Kove v. AWS |

External Email – Exercise Caution

Terri,

Although Kove continues to object to Amazon maintaining *any* of the information from the clawed-back documents in any form, to avoid burdening the Court during this time of global crisis, we will accept your redactions as sufficient. Please note that to the extent Amazon maintains any other copies of the letter or the privileged contents in any other form, they must also be destroyed or redacted. Further, any use of the clawed-back information by Amazon for any purpose would be a violation of the Protective Order.

Best regards,
Jaime

**Jaime F. Cardenas-Navia**
**REICHMAN JORGENSEN LLP**
750 Third Avenue, Suite 2400
New York, NY 10017
(646) 921-1474

**From:** Mascherin, Terri L. <TMascherin@jenner.com>
**Sent:** Wednesday, April 15, 2020 6:56 AM
**To:** Rahul Sarkar <rsarkar@reichmanjorgensen.com>; Jaime F. Cardenas-Navia <jcardenas-navia@reichmanjorgensen.com>; Unikowsky, Adam G. <AUnikowsky@jenner.com>; Barron, Timothy J. <TBarron@jenner.com>; Werner, Michael T. <MWerner@jenner.com>; Garcia, Daniel O. <DGarcia@jenner.com>
**Cc:** RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>; 'rmariotti@thompsoncoburn.com' <rmariotti@thompsoncoburn.com>; Parks, Michael A. <MParks@thompsoncoburn.com>
**Subject:** RE: Kove v. AWS

[EXTERNAL]
Rahul:

I take it from your email that the only authority you rely upon to demand that we redact our March 12 discovery letter is the protective order. We do not agree with your position that the order requires parties to redact their own discovery correspondence when documents are clawed back, and in my years of practice I have never received such a request. Nor do we agree that Kove has met its burden to show that any of the documents that you have clawed back are, in fact, protected by the attorney-client privilege (or the work product doctrine, a position which you now, correctly appear to have abandoned).

Nonetheless, to put this issue behind us, we are willing to make more limited redactions to the letter, removing references to the contents of the clawed-back documents (see the attachment). Your proposed redactions go far beyond the contents of the documents and are unwarranted.

I trust that this resolves the matter.

Regards,
Terri

**From:** Rahul Sarkar <rsarkar@reichmanjorgensen.com>
**Sent:** Tuesday, April 14, 2020 6:20 PM
**To:** Mascherin, Terri L. <TMascherin@jenner.com>; Jaime F. Cardenas-Navia <jcardenas-navia@reichmanjorgensen.com>; Unikowsky, Adam G. <AUnikowsky@jenner.com>; Barron, Timothy J. <TBarron@jenner.com>; Werner, Michael T. <MWerner@jenner.com>; Garcia, Daniel O. <DGarcia@jenner.com>
**Cc:** RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>; 'rmariotti@thompsoncoburn.com' <rmariotti@thompsoncoburn.com>; Parks, Michael A. <MParks@thompsoncoburn.com>
**Subject:** RE: Kove v. AWS

External Email – Exercise Caution
Hi Terri –

Our interest is in protecting against the continued disclosure of inadvertently produced information, regardless of the form. This is reflected in the plain terms of the PO itself, which accounts for destruction of "all information derived" from the inadvertent disclosure (Section 6(e)). There's no carve out for the form such derivations take, including correspondence. For clarity, we note that the correspondence containing the privileged information was created by Michael Babbitt, formerly of your law firm, and was not generated or replicated by us, i.e., there has been no waiver. *Criseen v. Gupta*, 2014 U.S. Dist. LEXIS 51100 at *14-19 (S.D. Ind. April 14, 2014) is instructive. It is contrary to terms of the PO and wholly improper for Amazon to continue to be in possession of the privileged information copied into its letter. Please confirm immediate destruction of all unredacted copies of Amazon's March 12th letter or otherwise provide your availability for a meet and confer tomorrow (April 15).

Best regards,
Rahul


Rahul Sarkar
REICHMAN JORGENSEN LLP
+1 (646) 970-2651 (direct)
rsarkar@reichmanjorgensen.com | www.reichmanjorgensen.com

**From:** Mascherin, Terri L. <TMascherin@jenner.com>
**Sent:** Monday, April 13, 2020 5:06 PM
**To:** Jaime F. Cardenas-Navia <jcardenas-navia@reichmanjorgensen.com>; Unikowsky, Adam G. <AUnikowsky@jenner.com>; Barron, Timothy J. <TBarron@jenner.com>; Werner, Michael T. <MWerner@jenner.com>; Garcia, Daniel O. <DGarcia@jenner.com>
**Cc:** RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>; 'rmariotti@thompsoncoburn.com' <rmariotti@thompsoncoburn.com>; Parks, Michael A. <MParks@thompsoncoburn.com>
**Subject:** RE: Kove v. AWS

[EXTERNAL]
Jaime:

We have previously certified to you that we have destroyed all copies of the documents that you clawed back. We do not believe it is appropriate to redact correspondence between the parties. If you have

authority requiring a lawyer to redact his or her own correspondence in this type of circumstance, please send it to us and we will consider it.

Also, Mike Babbitt is no longer with our firm. Please remove him from your distribution list and instead add my partner, Tim Barron (copied above).

Regards,
Terri

---

**From:** Jaime F. Cardenas-Navia <jcardenas-navia@reichmanjorgensen.com>
**Sent:** Monday, April 13, 2020 3:28 PM
**To:** Unikowsky, Adam G. <AUnikowsky@jenner.com>; Mascherin, Terri L. <TMascherin@jenner.com>; Babbitt, Michael <MBabbitt@jenner.com>; Werner, Michael T. <MWerner@jenner.com>; Garcia, Daniel O. <DGarcia@jenner.com>
**Cc:** RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>; 'rmariotti@thompsoncoburn.com' <rmariotti@thompsoncoburn.com>; Parks, Michael A. <MParks@thompsoncoburn.com>
**Subject:** Kove v. AWS

External Email – Exercise Caution
Counsel,

On March 18, 2020, we notified you that certain documents containing Kove's privileged information, as well as all copies and information derived therefrom, must be destroyed pursuant to Section 6(e) of the Protective Order. On April 1, 2020, we explained that Amazon's obligations to destroy Kove's privileged information extended at least to Amazon's March 12th letter, and we provided a redacted version of the letter for Amazon to use instead. On April 6, 2020, I reminded you of Amazon's obligations and requested confirmation that all copies of the original March 12th letter had been destroyed. It is now April 13, 2020, and we have not received a response.

Amazon must confirm by the **end of today** that it is in compliance with the Protective Order and has destroyed Kove's privileged information identified on March 18, 2020 as well as all copies and information derived therefrom, which includes all unredacted copies of Amazon's March 12th letter. If Amazon will not do so, then please provide your availability to meet and confer tomorrow and be prepared to explain why Amazon is not complying with the Protective Order.

Best regards,
Jaime

**Jaime F. Cardenas-Navia**
**REICHMAN JORGENSEN LLP**
750 Third Avenue, Suite 2400
New York, NY 10017
(646) 921-1474

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.
NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient,

or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.