**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Kove IO, Inc., | Civil Action No. 1:18-cv-08175 |
| Plaintiff, | Judge Rebecca R. Pallmeyer |
| v. | |
| Amazon Web Services, Inc., | |
| Defendant. | |

**KOVE IO, INC.'S SUR-REPLY MEMORANDUM IN OPPOSITION TO
AMAZON WEB SERVICES, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**

I. **ARGUMENT**

A. <u>**The Claims of the '170 and '640 Patents Are Not Proper ODP References.**</u>

AWS improperly seeks to use judge-made law to invalidate a statutorily-granted patent term. 35 U.S.C. § 154(b) governs the patent term adjustment ("PTA") granted to patents to compensate for delays by the U.S. Patent and Trademark Office ("PTO") during patent prosecution. §154(b)(1) sets forth specific types of delays by the PTO for which "the term of the patent ***shall be*** extended." 35 U.S.C. § 154(b)(1) (emphasis added). §154(b)(2) sets forth conditions that can reduce the amount of PTA that a patent receives, including that PTA cannot be granted when it would cause a patent's term to exceed the limits imposed by a terminal disclaimer. If there is no obviousness-type double patenting ("ODP") problem based on the original expiration dates, then the fact that one patent receives a PTA extending its expiration date does not create an ODP problem. This is the point of *Ezra* — the judge-made ODP doctrine cannot override a statutory entitlement to patent term — and so, for purposes of the ODP analysis, the Court should look at only the original expiration dates. *See Novartis AG v. Ezra Ventures LLC*, 909 F.3d 1367, 1374-75 (Fed. Cir. 2018) ("*Ezra*").

Kove's '978 patent was granted a PTA of 810 days. Because the '978 patent does not have any terminal disclaimers, §154(b)(2)(B) did not affect the amount of PTA that was provided. AWS does not contest the correctness of the PTO's determination of PTA. Nor does AWS claim that the '978 patent would be invalid for ODP in view of the '170 and '640 patents *without* its grant of PTA.

AWS instead asserts that the '978 patent is invalid because the PTA that it was properly granted *created* a situation where AWS contends that ODP *should* apply. According to AWS, a terminal disclaimer should have been entered by Kove on the '978 patent to disclaim any portion of its patent term beyond the expiration of the '640 and '170 patents. But to accept AWS's assertion would require elevating a judge-made doctrine over a statute, as requiring terminal disclaimers for the '978 patent based on ODP would effectively undo the grant of patent term provided for in §154(b). That

1

proposition was rejected in *Ezra*, 909 F.3d at 1375 ("Here, agreeing with Ezra would mean that a judge-made doctrine would cut off a statutorily-authorized time extension. We decline to do so.").

AWS cannot contest the statutory mandate of §154(b)(1) that the '978 patent's term "shall be extended," the inapplicability of §154(b)(2)(B) to the '978 patent, or that its argument would undermine a statute. AWS instead claims that, if Kove's position is correct, then §154(b)(2)(B) will never apply -- *i.e.*, it would be superfluous. AWS's assertion is incorrect; §154(b)(2)(B) *can* apply to prevent ODP.[1] One such illustration is shown in the timeline below:



In this hypothetical scenario, Patent A is filed on January 1, 2000 and is set to expire on January 1, 2020. Patent B is filed two years later and expires on January 1, 2022. Assuming Patent B's claims are determined to be patentably indistinct from those of Patent A, Patent B, as the later-expiring patent, must forgo any patent term beyond that of Patent A's, *i.e.*, it must terminally disclaim any patent term after January 1, 2020. *Gilead Scis., Inc. v. Natco Pharma Ltd.*, 753 F.3d 1208, 1217 (Fed. Cir. 2014).

---

[1] To the extent AWS is contending that §154(b)(2)(B) indicates when a patent must be terminally disclaimed, that argument has no merit. §154(b)(2)(B) merely provides a limit on the PTA that can be granted when a patent is already subject to a terminal disclaimer; it does not dictate when a terminal disclaimer is required. *See Novartis Pharms. Corp. v. Breckenridge Pharm. Inc.*, 909 F.3d 1355, 1366 at n.4 (Fed. Cir. 2018) ("Appellees point to the 'subject to any terminal disclaimers' language in the statute to argue that the '772 patent was subject to a terminal disclaimer once the '990 patent subsequently issued. But that argument lacks merit because it assumes this statutory language commands how to assess whether a given patent's term should be terminally disclaimed.").

Now further assume that Patent A and Patent B are each eligible for PTAs of 3 years under §154(b)(1). Patent A would then expire on January 1, 2023. Patent B, which has disclaimed any patent term beyond the expiration of Patent A, would, by operation of §154(b)(2)(B), receive just 1 of the 3 years of PTA for which it is eligible, and also expire on January 1, 2023. In effect, Patent B's patent term beyond the expiration of Patent A was terminally disclaimed to prevent an ODP problem, and §154(b)(2)(B) then limited the amount of PTA granted to Patent B to prevent the ODP problem from *re*-appearing. The bottom line is that when assessing ODP challenges, it is the original expiration dates that control.

This demonstrates that under a straightforward operation of §154(b), if there is an ODP problem that requires a terminal disclaimer *before* the grant of any PTA (as in the hypothetical above), then §154(b)(2)(B) serves to prevent a grant of PTA from exceeding the terminal disclaimer and *re*-creating an ODP problem. Conversely, if there was *not* an ODP problem before the grant of any PTA (as with Kove's '978 patent), then PTA cannot create an ODP problem that would require a terminal disclaimer and corresponding loss of duly granted PTA.[2] To find otherwise would run contrary to the Federal Circuit's finding that the judge-made doctrine of ODP should not be given primacy over statutorily granted patent term. *Ezra*, 909 F.3d at 1375.[3]

---

[2] This outcome is analogous to what the Federal Circuit held in *Ezra* with respect to PTE under §156. 909 F.3d at 1374 ("[I]f a patent, under its original expiration date without a PTE, should have been (but was not) terminally disclaimed because of obviousness-type double patenting, then this court's obviousness-type double patenting case law would apply, and the patent could be invalidated. However, if a patent, under its pre-PTE expiration date, is valid under all other provisions of law, then it is entitled to the full term of its PTE.").

[3] AWS makes much of the fact that the Federal Circuit in *Merck & Co. v. Hi-Tech Pharmacal Co*, 482 F.3d 1317 (Fed. Cir. 2007) distinguishes between PTA under §154 (which cannot cause a patent's term to exceed the limit imposed by a terminal disclaimer per §154(b)(2)(B)) and patent term extension ("PTE") under 35 U.S.C. § 156, which has no such limitation. Reply Br. at 4-5. This is a red herring. That distinction was noted in *Merck* because the patent at issue already had a terminal disclaimer, and so whether a grant of PTE could permit a patent's term to exceed the limit imposed by a terminal disclaimer was directly at issue. *Merck*, 482 F.3d at 1322. The difference in language was thus relied on for purposes of statutory interpretation. *Id.* Nothing in *Merck* suggests that the PTA statute is somehow more susceptible to being overruled by ODP than the PTE statute.

### B. Claim Construction and Fact Discovery Are Necessary Predicates to Any Determination of Obviousness-Type Double Patenting.

"Double patenting is an affirmative defense" that AWS must prove "by clear and convincing evidence." *Symbol Techs., Inc. v. Opticon, Inc.*, 935 F.2d 1569, 1580 (Fed. Cir. 1991). AWS attempts to shift its burden by arguing for the first time in its Reply that, "[i]n the face of AWS's Motion," "Kove must show some plausible argument that claim construction would establish a patentable distinction between the '978 patent and the '170 and '640 patents." Reply Br. at 6-7. AWS relies on the plausibility standard set forth in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)) and its application in *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927 (Fed. Cir. 2014). AWS's application of that standard is incorrect. The plausibility standard requires that, in order to defeat a Rule 12 motion, a complaint must be pled with "plausible claim[s]" for relief. *Anderson*, 570 F. App'x at 931. But AWS's Rule 12 motion does not allege deficiencies in Kove's Complaint. Rather, AWS's Motion challenges the '978 patent's presumption of validity, which can only be overcome by clear and convincing evidence, and is a burden that AWS (and only AWS) bears. *Procter & Gamble Co. v. Teva Pharm. USA, Inc.*, 566 F.3d 989, 994 (Fed. Cir. 2009); *Symbol Techs.*, 935 F.2d at 1580. The plausibility standard simply has no applicability to AWS's Motion.

In order to succeed on its Motion, AWS must show that the claims of the '978 patent, *when properly construed*, are patentably indistinct from the claims of the '640 and '170 patents. *Amgen Inc. v. F. Hoffman-La Roche Ltd*, 580 F.3d 1340, 1361 (Fed. Cir. 2009). AWS has not, and cannot, meet this "heavy and unshifting burden" at the pleading stage, when claim construction, fact discovery, and expert discovery, are all still unresolved.[4] *Symbol Techs., Inc.*, 935 F.2d at 1580; *Novartis AG v. Ezra*

---

[4] AWS cites the Federal Circuit's decision in *Geneva Pharms., Inc. v. GlaxoSmithKline PLC*, 349 F.3d 1373 (Fed. Cir. 2003) to argue that the Court need not "withhold judgment on an obviousness challenge until it has considered all relevant evidence" for "double patenting." Reply Br. at 12-13. But, *Geneva* does not stand for the proposition that the Court need not "consider[] all relevant evidence" to decide ODP. And *Geneva* only stated that objective considerations need not be examined in all cases, not that they could not be considered

4

*Ventures, LLC*, WL 5334464, at *3 (D. Del. Sept. 22, 2016), *aff'd*, 909 F.3d 1367 (Fed. Cir. 2018). AWS has scarcely attempted to meet its burden, choosing instead to ignore the significant differences between the claims. AWS's criticism that Kove did not engage in dueling claim construction arguments underscores this very issue – claim construction is a scheduled event *that has yet to happen*. The same is true of expert discovery and the rest of fact discovery. It is premature to attempt *ad hoc* claim construction arguments at the pleadings stage — much less a fact-based analysis of obviousness — and AWS gives no credible reason why the parties and the Court must engage in it now.

AWS's brief spotlights disputes yet to come. For example, claim 1 of the '978 patent recites "a second location server comprising a second set of location information," and neither the '640 patent nor the '170 patent disclose that claim limitation.[5] AWS has not provided argument or evidence showing how it contends that limitation is rendered obvious by the '640 and '170 patents, despite Kove's identification of the limitation. Dkt. 145, Ex. A at 1. And AWS's assertion that "Kove identifies only two claim terms appearing in the claims of the '978 patent that do not appear in the claims of the '640 and '170 patents," Reply Br. at 10, is untrue — Kove identified missing limitations for each contested claim of the '978 patent. Dkt. 145, Ex. A. These determinations cannot, and should not, be resolved at this stage. *See Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir. 2012) (holding that it is only "possible to decide [a motion] under Rule 12(c)" "[i]f the facts are uncontested").

**II. <u>CONCLUSION</u>**

For the foregoing reasons, AWS's Motion should be denied.

---

where relevant. *See also Eli Lilly & Co. v. Teva Parenteral Medicines, Inc.*, 689 F.3d 1368, 1380-81 (Fed. Cir. 2012); *Otsuka Pharm. Co. v. Sandoz, Inc.*, 678 F.3d 1280, 1297-98 (Fed. Cir. 2012).

[5] AWS's arguments improperly rely on the specification instead of on what is claimed. AWS cites *In re Basell Poliolefine Italia S.P.A*, 547 F.3d 1371 (Fed. Cir. 2008) to support its reliance on the specifications but misapplies its holding. *Basell* limited the use of the specification to explaining "the invention claimed in the patent." 547 F.3d at 1379. Thus, while the specification can clarify what is claimed, "[d]ouble patenting is altogether a matter of what is claimed." *Gen. Foods Corp. v. Studiengesellschaft Kohle mbH*, 972 F.2d 1272, 1277 (Fed. Cir. 1992). If the specification must be used, this indisputably is a claim construction issue that is premature at this stage.

June 19, 2020                                              Respectfully submitted,

                                                          /s/ Courtland L. Reichman

                                                          Renato Mariotti
                                                          rmariotti@thompsoncoburn.com
                                                          Holly H. Campbell
                                                          hcampbell@thompsoncoburn.com
                                                          Thompson Coburn LLP
                                                          55 E. Monroe St., 37th Floor
                                                          Chicago, IL 60603
                                                          Telephone: (312) 346-7500

Sarah O. Jorgensen (*pro hac vice*)                       Courtland L. Reichman (*pro hac vice*)
sjorgensen@reichmanjorgensen.com Reichman                 creichman@reichmanjorgensen.com
Jorgensen LLP                                             Shawna L. Ballard
1201 West Peachtree, Suite 2300                           (Identification No. 155188)
Atlanta, GA 30309                                         sballard@reichmanjorgensen.com
Telephone: (404) 609-1040                                 Jennifer P. Estremera (*pro hac vice*)
Telecopier: (650) 623-1449                                jestremera@reichmanjorgensen.com
                                                          Joachim B. Steinberg (*pro hac vice*)
Christine E. Lehman (*pro hac vice*)                      jsteinberg@reichmanjorgensen.com
clehman@reichmanjorgensen.com                             Michael G. Flanigan
Reichman Jorgensen LLP                                    (State Bar No. 6309008)
1615 M Street, NW, Suite 300                              mflanigan@reichmanjorgensen.com
Washington, DC 20036                                      Kate M. Falkenstien (*pro hac vice*)
Telephone: (202) 894-7310                                 kfalkenstien@reichmanjorgensen.com
Telecopier: (650) 623-1449                                Reichman Jorgensen LLP
                                                          100 Marine Parkway, Suite 300
Khue Hoang (*pro hac vice*)                               Redwood Shores, CA 94065
khoang@reichmanjorgensen.com                              Telephone: (650) 623-1401
Jaime F. Cardenas-Navia (*pro hac vice*)                  Telecopier: (650) 623-1449
jcardenas-navia@reichmanjorgensen.com
Wesley White (*pro hac vice*)                             *Attorneys for Kove IO, Inc.*
wwhite@reichmanjorgensen.com
Rahul Sarkar (*pro hac vice*)
rsarkar@reichmanjorgensen.com
Michael W. Marvin (*pro hac vice*)
mmarvin@reichmanjorgensen.com
Reichman Jorgensen LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965
Telecopier: (650) 623-1449

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2020, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                            /s/     *Holly Campbell*
                                                     Holly Campbell