# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., | Civil Action No. 1:18-cv-08175 |
| Plaintiff, | Judge Rebecca R. Pallmeyer |
| v. | |
| Amazon Web Services, Inc., | |
| Defendant. | |

## KOVE IO, INC.'S ANSWER TO
## AMAZON WEB SERVICES, INC.'S COUNTERCLAIMS

Plaintiff Kove IO, Inc. ("Kove") hereby provides its Answer to the counterclaims in Defendant Amazon Web Services, Inc.'s ("AWS") Answer, Additional Defenses, and Counterclaims ("AWS's Answer") (Dkt. No. 129). Unless specifically admitted below, Kove denies each and every allegation in AWS's Answer.

## THE PARTIES

1. Kove admits the allegations of Paragraph 1, based on information and belief that AWS has described itself accurately.

2. Kove admits the allegations of Paragraph 2.

## JURISDICTION AND VENUE

3. Kove admits the allegations of Paragraph 3.

4. Kove denies that its Complaint only accuses AWS of infringing three patent claims and that its Infringement Contentions accuse "additional" claims. Kove admits the remaining allegations of Paragraph 4.

5. Kove admits the allegations of Paragraph 5.

## FIRST COUNTERCLAIM: NON-INFRINGEMENT OF U.S. PATENT NO. 7,233,978

6. Kove repeats and incorporates by reference the entirety of its responses to Paragraphs 1-5 as if fully set forth herein.

7. Kove admits the allegations of Paragraph 7.

8. Kove admits the allegations of Paragraph 8.

9. Kove denies the allegations of Paragraph 9.

10. Kove denies the allegations of Paragraph 10.

11. Kove admits that AWS, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, requests a declaration of the Court that the claims of the '978 patent are not infringed. Kove denies the remaining allegations of Paragraph 11.

**SECOND COUNTERCLAIM: INVALIDITY OF U.S. PATENT NO. 7,233,978**

12. Kove repeats and incorporates by reference the entirety of its responses to Paragraphs 1-11 as if fully set forth herein.

13. Kove denies the allegations of Paragraph 13.

14. Kove denies the allegations of Paragraph 14.

15. Kove admits that AWS, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, requests a declaration of the Court that the claims of the '978 patent are invalid. Kove denies the remaining allegations of Paragraph 15.

**THIRD COUNTERCLAIM: UNENFORCEABILITY OF U.S. PATENT NO. 7,233,978**

16. Kove repeats and incorporates by reference the entirety of its responses to Paragraphs 1-15 as if fully set forth herein.

17. Kove admits that Mr. Kent Genin had some involvement with the prosecution of U.S. Patent Application No. 09/872,736 ("the '736 application"), the patent application that ultimately issued as the '978 patent. Kove denies the remaining allegations of Paragraph 17.

18. Kove admits the allegations of Paragraph 18.

19. Kove admits the allegations of Paragraph 19.

20. Kove admits that Mr. John K. Overton had some involvement in the prosecution of the '978 patent. Kove lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 20, and on that basis denies them.

21. Kove admits that there exists "a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability," and that this duty may extend to Mr. Genin, Mr. Overton, and Mr. Bailey. Kove lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 21, and on that basis denies them.

22. Kove admits that it produced during discovery in this litigation a document titled "Consistent Hashing and Random Trees: Distributed Caching Protocols for Relieving Hot Spots on the World Wide Web," by David Karger et al. and that Mr. Overton was the custodian for this document. Kove lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 22, and on that basis denies them.

23. Kove denies the allegations of Paragraph 23.

24. Kove denies the allegations of Paragraph 24.

25. Kove denies the allegations of Paragraph 25.

26. Kove denies the allegations of Paragraph 26.

27. Kove denies the allegations of Paragraph 27.

28. Kove admits that AWS, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, requests a declaration of the Court that the claims of the '978 patent are unenforceable. Kove denies the remaining allegations of Paragraph 28.

**FOURTH COUNTERCLAIM: UNPATENTABILITY OF U.S. PATENT NO. 7,233,978**

29. Kove repeats and incorporates by reference the entirety of its responses to Paragraphs 1-28 as if fully set forth herein.

30. Kove denies the allegations of Paragraph 30.

31. Kove denies the allegations of Paragraph 31.

32. Kove admits that AWS, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, requests a declaration of the Court that the claims of the '978 patent are unpatentable under 35 U.S.C. § 101. Kove denies the remaining allegations of Paragraph 32.

**FIFTH COUNTERCLAIM: NON-INFRINGEMENT OF U.S. PATENT NO. 7,814,170**

33. Kove repeats and incorporates by reference the entirety of its responses to Paragraphs 1-32 as if fully set forth herein.

34. Kove admits the allegations of Paragraph 34.

35. Kove admits the allegations of Paragraph 35.

36. Kove denies the allegations of Paragraph 36.

37. Kove denies the allegations of Paragraph 37.

38. Kove admits that AWS, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., requests a declaration of the Court that the claims of the '170 patent are not infringed. Kove denies the remaining allegations of Paragraph 38.

### SIXTH COUNTERCLAIM: INVALIDITY OF U.S. PATENT NO. 7,814,170

39. Kove repeats and incorporates by reference the entirety of its responses to Paragraphs 1-38 as if fully set forth herein.

40. Kove denies the allegations of Paragraph 40.

41. Kove denies the allegations of Paragraph 41.

42. Kove admits that AWS, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., requests a declaration of the Court that the claims of the '170 patent are invalid. Kove denies the remaining allegations of Paragraph 42.

### SEVENTH COUNTERCLAIM: UNENFORCEABILITY OF U.S. PATENT NO. 7,814,170

43. Kove repeats and incorporates by reference the entirety of its responses to Paragraphs 1-42 as if fully set forth herein.

44. Kove admits that Mr. Kent Genin had some involvement with the prosecution of U.S. Patent Application No. 11/354,224 ("the '224 application"), the patent application that ultimately issued as the '170 patent. Kove denies the remaining allegations of Paragraph 44.

45. Kove admits the allegations of Paragraph 45.

46. Kove admits the allegations of Paragraph 46.

47. Kove admits that Mr. John K. Overton had some involvement in the prosecution of the

'170 patent. Kove lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 47, and on that basis denies them.

48. Kove admits that there exists "a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability," and that this duty may extend to Mr. Genin, Mr. Overton, and Mr. Bailey. Kove lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 48, and on that basis denies them.

49. Kove admits that it produced during discovery in this litigation a document titled "Consistent Hashing and Random Trees: Distributed Caching Protocols for Relieving Hot Spots on the World Wide Web," by David Karger et al. and that Mr. Overton was the custodian for this document. Kove lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 49, and on that basis denies them.

50. Kove denies the allegations of Paragraph 50.

51. Kove denies the allegations of Paragraph 51.

52. Kove denies the allegations of Paragraph 52.

53. Kove denies the allegations of Paragraph 53.

54. Kove admits that AWS, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, requests a declaration of the Court that the claims of the '170 patent are unenforceable. Kove denies the remaining allegations of Paragraph 54.

**EIGHTH COUNTERCLAIM: UNPATENTABILITY OF U.S. PATENT NO. 7,814,170**

55. Kove repeats and incorporates by reference the entirety of its responses to Paragraphs 1-54 as if fully set forth herein.

56. Kove denies the allegations of Paragraph 56.

57. Kove denies the allegations of Paragraph 57.

58. Kove admits that AWS, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, requests a declaration of the Court that the claims of the '170 patent are unpatentable under 35 U.S.C. § 101. Kove denies the remaining allegations of Paragraph 58.

**NINTH COUNTERCLAIM: NON-INFRINGEMENT OF U.S. PATENT NO. 7,103,640**

59. Kove repeats and incorporates by reference the entirety of its responses to Paragraphs 1-58 as if fully set forth herein.

60. Kove admits the allegations of Paragraph 60.

61. Kove admits the allegations of Paragraph 61.

62. Kove denies the allegations of Paragraph 62.

63. Kove denies the allegations of Paragraph 63.

64. Kove admits that AWS, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, requests a declaration of the Court that the claims of the '640 patent are not infringed. Kove denies the remaining allegations of Paragraph 64.

**SECOND COUNTERCLAIM: INVALIDITY OF U.S. PATENT NO. 7,233,978**

65. Kove repeats and incorporates by reference the entirety of its responses to Paragraphs 1-64 as if fully set forth herein.

66. Kove denies the allegations of Paragraph 66.

67. Kove denies the allegations of Paragraph 67.

68. Kove admits that AWS, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, requests a declaration of the Court that the claims of the '640 patent are invalid. Kove denies the remaining allegations of Paragraph 68.

**ELEVENTH COUNTERCLAIM: UNENFORCEABILITY OF U.S. PATENT NO. 7,103,640**

69. Kove repeats and incorporates by reference the entirety of its responses to Paragraphs 1-68 as if fully set forth herein.

70. Kove admits that Mr. Kent Genin had some involvement with the prosecution of U.S. Patent Application No. 09/661,222 ("the '222 application"), the patent application that ultimately issued as the '222 patent. Kove denies the remaining allegations of Paragraph 70.

71. Kove admits the allegations of Paragraph 71.

72. Kove admits the allegations of Paragraph 72.

73. Kove admits that Mr. John K. Overton had some involvement in the prosecution of the '978 patent. Kove lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 73, and on that basis denies them.

74. Kove admits that there exists "a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability," and that this duty may extend to Mr. Genin, Mr. Overton, and Mr. Bailey. Kove lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 74, and on that basis denies them.

75. Kove admits that it produced during discovery in this litigation a document titled "Consistent Hashing and Random Trees: Distributed Caching Protocols for Relieving Hot Spots on the World Wide Web," by David Karger et al. and that Mr. Overton was the custodian for this document. Kove lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 75, and on that basis denies them.

76. Kove denies the allegations of Paragraph 76.

77. Kove denies the allegations of Paragraph 77.

78. Kove denies the allegations of Paragraph 78.

79. Kove denies the allegations of Paragraph 79.

80. Kove admits that AWS, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C.

§ 2201 *et seq.*, requests a declaration of the Court that the claims of the '978 patent are unenforceable. Kove denies the remaining allegations of Paragraph 80.

### TWELFTH COUNTERCLAIM: UNPATENTABILITY OF U.S. PATENT NO. 7,103,640

81. Kove repeats and incorporates by reference the entirety of its responses to Paragraphs 1-80 as if fully set forth herein.

82. Kove denies the allegations of Paragraph 82.

83. Kove denies the allegations of Paragraph 83.

84. Kove admits that AWS, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, requests a declaration of the Court that the claims of the '640 patent are unpatentable under 35 U.S.C. § 101. Kove denies the remaining allegations of Paragraph 84.

### THIRTEENTH COUNTERCLAIM: DOUBLE-PATENTING

85. Kove repeats and incorporates by reference the entirety of its responses to Paragraphs 1-84 as if fully set forth herein.

86. Kove denies the allegations of Paragraph 86.

87. Kove denies the allegations of Paragraph 87.

88. Kove admits that AWS, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, requests a declaration of the Court that the claims of the '978 patent are invalid under the doctrine of obviousness-type double patenting. Kove denies the remaining allegations of Paragraph 88.

### PRAYER FOR RELIEF

Kove denies AWS's allegations that it is entitled to or should be granted any relief in this matter, including the relief that Oath requests in Paragraphs (A) through (O).

### JURY DEMAND

Kove need not respond to AWS's statement about a jury demand.

June 22, 2020

Respectfully submitted,

*/s/ Courtland L. Reichman*

Renato Mariotti
rmariotti@thompsoncoburn.com
Holly H. Campbell
hcampbell@thompsoncoburn.com
Thompson Coburn LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500

Sarah O. Jorgensen (*pro hac vice*)
sjorgensen@reichmanjorgensen.com
Reichman Jorgensen LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (404) 609-1040
Telecopier: (650) 623-1449

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Shawna L. Ballard
(Identification No. 155188)
sballard@reichmanjorgensen.com
Jennifer P. Estremera (*pro hac vice*)
jestremera@reichmanjorgensen.com
Joachim B. Steinberg (*pro hac vice*)
jsteinberg@reichmanjorgensen.com
Michael G. Flanigan
(State Bar No. 6309008)
mflanigan@reichmanjorgensen.com
Kate M. Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
Reichman Jorgensen LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Reichman Jorgensen LLP
1615 M Street, NW, Suite 300
Washington, DC 20036
Telephone: (202) 894-7310
Telecopier: (650) 623-1449

Khue Hoang (*pro hac vice*)
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Wesley White (*pro hac vice*)
wwhite@reichmanjorgensen.com
Michael Matulewicz-Crowley (*pro hac vice*)
mmatulewicz-crowley@reichmanjorgensen.com
Rahul Sarkar (*pro hac vice*)
rsarkar@reichmanjorgensen.com
Michael W. Marvin (*pro hac vice*)
mmarvin@reichmanjorgensen.com
Reichman Jorgensen LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965
Telecopier: (650) 623-1449

*Attorneys for Kove IO, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2020, the foregoing document was electronically filed with the Clerk of the Court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Jaime F. Cardenas-Navia*

Jaime F. Cardenas-Navia