IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KOVE IO, INC., | ) | |
|                Plaintiff, | ) | |
| | ) | |
|    v. | ) | |
| | ) | Civil Action No. 1:18-cv-08175 |
| AMAZON WEB SERVICES, INC., | ) | |
| | ) | Hon. Rebecca R. Pallmeyer |
|                Defendant. | ) | |
| | ) | |
| | ) | |

**SUR-RESPONSE IN SUPPORT OF DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS**

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
(202) 639-6000
aunikowsky@jenner.com

Terri L. Mascherin
Timothy J. Barron
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
tmascherin@jenner.com
tbarron@jenner.com
mwerner@jenner.com

*Attorneys for Amazon Web Services, Inc.*

June 23, 2020

Kove opposes AWS's Rule 12(c) motion on two grounds: (1) the double patenting doctrine does not apply to term extensions under 35 U.S.C. § 154(b), and (2) the Court cannot adjudicate AWS's motion until it conducts claim construction and fact-finding. AWS's reply showed that both arguments conflict with Federal Circuit case law. In its sur-reply, Kove does not cite, let alone distinguish, that case law. Nor does Kove show that claim construction or fact-finding could save Kove from its double patenting problem. AWS's Rule 12(c) motion should be granted.

**I.     The '640 and '170 Patents Are Proper Reference Patents.**

Kove's sur-reply contends that the '640 and '170 patents cannot serve as reference patents because those patents would have expired on the same day as the '978 patent had the '978 patent not received a term extension under 35 U.S.C. § 154(b). Kove Sur-Reply 1-3. But as AWS has now pointed out twice, the Federal Circuit has explicitly held that the double patenting doctrine applies on the exact facts of this case. *Abbvie Inc. v. Mathilda & Terence Kennedy Inst. of Rheumatology Trust*, 764 F.3d 1366, 1373 (Fed. Cir. 2014) (double patenting doctrine applies when "[p]atents claiming overlapping subject matter that were filed at the same time … have different patent terms due to examination delays at the PTO"); *see* AWS Mot. 3; AWS Reply 3. Although AWS's reply brief block-quoted this discussion from *Abbvie*, Kove's sur-reply does not cite *Abbvie*. *Abbvie* continues to resolve this issue in AWS's favor.

Rather than address *Abbvie*, Kove again relies on *Novartis AG v. Ezra Ventures LLC*, 909 F.3d 1367 (Fed. Cir. 2018). Kove Sur-reply 1-2. But as AWS's reply brief explained, *Ezra* interpreted 35 U.S.C. § 156, not 35 U.S.C. § 154(b). Moreover, *Ezra* relied on *Merck & Co. v. Hi-Tech Pharmacal Co.*, 482 F.3d 1317 (Fed. Cir. 2007), which was based on the fact that Section 156 *differs* from Section 154. In particular, Section 154(b)(2)(B) limits term extensions when terminal disclaimers are filed, which makes sense only if term extensions under Section 154 could

result in invalidation for double patenting. By contrast, Section 156 includes no such provision. AWS Reply 3-5. Kove claims that *Merck* is a "red herring" and is relevant only when "the patent at issue already ha[s] a terminal disclaimer." Kove Sur-Reply 3 n.3. But in *Ezra*, the patent at issue did *not* have a terminal disclaimer, *see* 909 F.3d at 1370, yet *Ezra* explicitly relied on *Merck*'s reasoning concerning the difference between § 156 and § 154. Indeed, *Ezra* considered and rejected the exact argument Kove now advances: that "the *Merck* court's rationale only 'spoke to the impact of a new [Patent Term Extension] on preexisting terminal disclaimers.'" 909 F.3d at 1374. Thus, *Ezra*'s reasoning directly refutes Kove's position.

Kove insists that under AWS's position, "judge-made law" would override § 154(b). Kove Sur-Reply 1. But AWS's argument is grounded in the statutory text. As AWS's reply brief explained—and as *Ezra* confirms—Section 154(b)(2)(B) necessarily presupposes that the double patenting doctrine will limit term extensions under § 154(b). AWS Reply 3.

Recognizing that Section 154(b)(2)(B) poses a problem for its position, Kove's sur-reply argues that the double patenting doctrine limits term extensions under Section 154(b) only when two patents have different effective filing dates. Kove Sur-Reply 2-3. This argument fails for numerous reasons. First, it has no statutory basis. Nothing in Section 154(b)(2)(B) distinguishes between patents with the same filing date and patents with different filing dates.

Second, Kove's argument directly contradicts *Abbvie*, which makes clear that the double patenting doctrine applies even for patents "that were filed at the same time" but "have different patent terms due to examination delays at the PTO." 764 F.3d at 1373.

Third, Kove's theory is irreconcilable with the purpose of the double patenting doctrine: ensuring that "when a patent expires, the public is free to use not only the same invention claimed in the expired patent but also obvious or patentably indistinct modifications of that invention."

*Gilead Scis., Inc. v. Natco Pharma Ltd.*, 753 F.3d 1208, 1214 (Fed. Cir. 2014). That reasoning applies with the same force regardless whether patents are filed at the same or different times.

Fourth, Kove's theory is irreconcilable with its own acknowledgment that a terminal disclaimer was necessary for the '170 patent to overcome a double patenting rejection—as AWS pointed out in its Reply. AWS Reply 4.

Fifth, Kove's theory would produce absurd results. Suppose two indistinct patent applications are filed on the same day; the first patent receives no extension, and the second patent receives a three-year extension. Under Kove's theory, no terminal disclaimer is necessary for the second patent, and the patentee receives an extra three years of monopoly. Now, suppose a patent application is filed one day, and a second, indistinct application is filed the very next day. Again, the first patent receives no extension, and the second patent receives a three-year extension. Under Kove's theory, a terminal disclaimer *is* necessary for the second patent, and it loses the three-year extension. This outcome has no statutory basis and does not make sense.

## II. Kove Makes No Plausible Showing that Claim Construction Or Fact-Finding Would Make a Difference.

Kove insists that the Court should defer ruling on AWS's motion until claim construction and fact-finding. But AWS showed that claim construction and fact-finding could not possibly establish that the '978 patent is patentably distinct from the '640 and '170 patents because the three patents use the same claim terms and share the same specification. Under multiple Federal Circuit precedents, Kove cannot defeat AWS's motion to dismiss merely by speculating that claim construction or fact-finding might be helpful. Instead, Kove must propose claim constructions and explain how claim construction or fact-finding could affect the outcome. AWS Reply 7-8, 12. Here, dismissal is warranted because Kove steadfastly refuses to follow those precedents and offers no plausible showing that claim construction or fact-finding could affect the outcome.

3

Kove's sur-reply does not cite, let alone distinguish, those precedents. Instead, Kove cites *Symbol Techs., Inc. v. Opticon, Inc.*, 935 F.2d 1569, 1580 (Fed. Cir. 1991), and *Procter & Gamble Co. v. Teva Pharm. USA, Inc.*, 566 F.3d 989, 994 (Fed. Cir. 2009). Kove Sur-Reply 4. Neither case involved a motion to dismiss or said anything about whether claim construction or fact-finding are prerequisites for resolving a double patenting claim. Rather, *Symbol* merely states that patents are presumed valid, and that facts underlying a double patenting defense must be proved by clear and convincing evidence. 935 F.2d at 1580. Meanwhile, *Procter & Gamble* recites that "[n]on-statutory double patenting is a legal question reviewed without deference." 566 F.3d at 994. This supports AWS's argument that adjudication at the motion to dismiss stage is appropriate.

It is true, of course, that patents are presumed valid, and that facts underlying invalidity defenses—when relevant—must be proved by clear and convincing evidence. But defendants face the identical burden when alleging invalidity based on subject-matter ineligibility, *see Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019); *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018), yet as the Federal Circuit has repeatedly made clear in cases that Kove refuses to cite or distinguish, such invalidity defenses can be resolved at the motion to dismiss stage. AWS Reply 7-8, 12. And AWS has met its burden of overcoming the presumption of validity. AWS provided a detailed argument, accompanied by color-coded charts, showing that every claim term at issue in the '978 patent is substantively indistinguishable from claim terms in the '170 and '640 patents, and that all the claims relate back to the same specification.

Kove has now filed two briefs and still has not proposed any claim constructions or given any plausible argument that there is a substantive distinction between the claims. In its response brief, Kove highlighted two terms that appear in certain claims of the '978 patent: "cluster topology" and "application server." Kove Resp. 8. However, AWS has now twice explained that

4

claim construction of those terms could not possibly affect the outcome. AWS Mot. 12-14; AWS Reply 10-11. Kove's sur-reply now abandons its argument based on those claim terms.

In its sur-reply, Kove offers a new argument: claim construction of the phrase "a second location server comprising a second set of location information," which appears in claim 1 of the '978 patent, might establish a patentable distinction with the '640 and '170 patents. Kove Sur-Reply 5. But like Kove's first two tries, that limitation appears, in substantively indistinguishable form, in both reference patents. Claim 6 of the '170 patent recites: "if the location server lacks the location information for the desired entity … at least one other location server [is] known to have the location information for the desired entity." This "other location server"—which contains location information that the first location server lacks—is plainly a "second location server comprising a second set of location information," the phrase appearing in the '978 patent. Likewise, claim 18 of the '640 patent discloses a "plurality of data location servers containing location information," such that "if the data location server does not contain the location string … the different data location server contains the location string." Again, this plainly discloses a "second location server comprising a second set of location information." Notably, Kove does not propose any plausible construction of this phrase to give it a different meaning in the '978 patent than in the '170 and '640 patents; rather, it just suggests this term might have to be construed. That is insufficient to withstand a Rule 12(c) motion.

Nor does Kove offer any plausible argument that fact-finding could make a difference. As AWS has argued, discovery and expert testimony cannot establish a patentable distinction between claims that are, on their face, substantively identical. Kove does not respond to this argument or even hint at how fact-finding could possibly establish a patentable distinction. Kove's generic assertions that fact-finding is sometimes useful are insufficient to defeat a motion to dismiss.

5

| | |
|---|---|
| June 23, 2020 | Respectfully submitted, |
| | /s/ Terri L. Mascherin |
| Adam G. Unikowsky<br>JENNER & BLOCK LLP<br>1099 New York Ave. NW Suite 900<br>Washington, DC 20001<br>(202) 639-6000<br>aunikowsky@jenner.com | Terri L. Mascherin<br>Timothy Barron<br>Michael T. Werner<br>JENNER & BLOCK LLP<br>353 N. Clark St.<br>Chicago, IL 60654<br>(312) 222-9350<br>tmascherin@jenner.com<br>tbarron@jenner.com<br>mwerner@jenner.com |
| | *Attorneys for Amazon Web Services, Inc.* |

**CERTIFICATE OF SERVICE**

I, Michael Werner, an attorney at the law firm of Jenner & Block LLP, certify that on June 23, 2020, the foregoing Sur-Response In Support of Defendant's Motion for Judgment on the Pleadings was electronically served on counsel of record via the Court's ECF system.

/s/ Michael T. Werner
   Michael T. Werner