# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Kove IO, Inc.,

                Plaintiff,

     v.

Amazon Web Services, Inc.,

                Defendant.

Civil Action No. 1:18-cv-08175

Hon. Rebecca R. Pallmeyer

Jury Trial Demanded

**REDACTED VERSION OF
DOCUMENT FILED UNDER SEAL**

**KOVE IO, INC.'S MOTION TO COMPEL AMAZON WEB SERVICES, INC.
TO PRODUCE TECHNICAL DOCUMENTS AND TO
<u>PROVIDE SUPPLEMENTAL WITNESSES UNDER RULE 30(b)(6)</u>**

## TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................... 1

II.     STATEMENT OF LAW.................................................................................................. 1

   A.    Production of Technical Documents................................................................... 2

   B.    Depositions Pursuant to Rule 30(b)(6) ............................................................. 2

III.    ARGUMENT .................................................................................................................. 3

   A.    AWS's Refusal to Produce Certain Technical Documents................................. 3

   B.    AWS's Refusal to Provide Knowledgeable 30(b)(6) Witnesses ....................... 5

IV.     CONCLUSION ............................................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**  **Page(s)**

*Huntington Chase Condo. Assoc. v. Mid-Century Ins. Co.*,
 No. 16 C 4877, 2017 WL 440730 (N.D. Ill. Feb. 1, 2017)........................................................5

*I-Flow Corp. v. Apex Med. Techs., Inc.*,
 250 F.R.D. 508 (S.D. Cal. 2008) ............................................................................................2

*NessCap Co. v. Maxwell Techs., Inc.*,
 No. 07-cv-0704-JLS (BLM), 2008 WL 152417 (S.D. Cal. Jan. 16, 2008) .............................2

*Seaga Mfg. v. Intermatic Mfg.*,
 No. 13 C 50041, 2013 WL 3672964 (N.D. Ill. July 12, 2013) .............................................3, 9

*In re Sulfuric Acid Antitrust Litig.*,
 231 F.R.D. 351 (N.D. Ill. 2005)...............................................................................................5

*Videojet Sys. Int'l, Inc. v. Inkjet, Inc.*,
 No. 95 C 7016, 1997 WL 138008, at *1 (N.D. Ill. Mar. 19, 1997) ..........................................2

*Wachovia Sec., LLC v. NOLA, LLC*,
 248 F.R.D. 544 (N.D. Ill. 2008)...........................................................................................2, 3

Plaintiff Kove IO, Inc. ("Kove") respectfully requests the Court's assistance in resolving two discovery disputes with Defendant Amazon Web Services, Inc. ("AWS").  In particular, Kove seeks the production of: (1) targeted documents that describe the design and operation of key components in the accused products, and (2) supplemental witnesses who are sufficiently knowledgeable to testify regarding Topics 1, 4, and 6 of Kove's 30(b)(6) Notice of Deposition of AWS.

The parties have met and conferred in good faith about these issues multiple times (by email and phone), including most recently on May 29, 2020, but are unable to resolve these disputes.  The following counsel participated in the May 29th telephonic meet and confer:

On behalf of Kove: Renato Mariotti, Shawna Ballard, Jaime Cardenas-Navia.

On behalf of AWS: Terri Mascherin, Tim Barron, Michael Werner.

## I.     INTRODUCTION

Plaintiff Kove accuses AWS's "Amazon S3" and "DynamoDB" software products ("Accused Products") of infringing its patents-in-suit.  Despite a clear obligation to do so, AWS refuses to supplement its production with core documentary and testimonial discovery about the design and operation of certain key components of its Accused Products.  AWS does not dispute that the sought-after information is relevant to Kove's claims, nor does it contend that the information is not within its possession, custody, or control.  Rather, AWS maintains that Kove's document requests, despite being specifically enumerated and narrowly tailored, are too "burdensome."  And AWS refuses to designate additional witnesses for certain 30(b)(6) topics beyond the two already deposed (one witness per accused product), despite candid admissions by each that they *did not have knowledge* of topics for which they were designated.

## II.     STATEMENT OF LAW

Pursuant to Rule 37, a party may file a motion to compel discovery where another party's production is incomplete or a deponent fails to answer questions.  Fed. R. Civ. P. 37(a)(3), (4).  The

disposition of a motion to compel discovery pursuant to Rule 37(a) is within the sound discretion of the trial court. *Videojet Sys. Int'l, Inc. v. Inkjet, Inc.*, No. 95 C 7016, 1997 WL 138008, at *1 (N.D. Ill. Mar. 19, 1997). "The objecting party bears the burden of demonstrating the impropriety of the particular discovery matter in issue." *Videojet*, 1997 WL 138008, at *1.

### A.      Production of Technical Documents

LPR 2.1 requires the defendant in a patent infringement case to produce, as part of its initial disclosures, "documents sufficient to show the operation and construction of all aspects or elements of each accused apparatus, product, device, component, process, method or other instrumentality identified with specificity in the pleading of the party asserting patent infringement." LPR 2.1.[1] The defendant must then produce "any additional documentation showing the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its [initial infringement contentions]." LPR 2.4(a). Defendants have an ongoing obligation to supplement their production as the case progresses. LPR 1.7. This obligation necessarily extends to when a patent-holder serves amended infringement contentions.

### B.      Depositions Pursuant to Rule 30(b)(6)

Rule 30(b)(6) imposes a duty upon the corporation to designate an individual to testify who has knowledge about the subjects requested in the Rule 30(b)(6) notice. *Wachovia Sec., LLC v. NOLA, LLC*, 248 F.R.D. 544, 547 (N.D. Ill. 2008). The corporation must adequately prepare its corporate representative to "answer fully, completely, [and] unevasively, the questions posed by

---

[1] District Courts in California have interpreted nearly identical local patent rule language as requiring the accused infringer to produce "any and all documents describing the operation or structures of the patentee's accused devices." *I-Flow Corp. v. Apex Med. Techs., Inc.*, 250 F.R.D. 508, 511 (S.D. Cal. 2008) (citing *IXYS Corp. v. Advanced Power Tech., Inc.*, No. C 02-03942-MHP, 2004 WL 1368860, at *3 (N.D. Cal. June 16, 2004)); *see also NessCap Co. v. Maxwell Techs., Inc.*, No. 07-cv-0704-JLS (BLM), 2008 WL 152417, at *3 (S.D. Cal. Jan. 16, 2008) (finding that documents produced under local patent rules must be "sufficient to show the operation of the accused aspects of the products in order to allow the patentee to make *its own* determinations as to infringement") (emphasis original).

[the discovering party] as to the relevant subject matters." *Id.* (citing *Buycks-Roberson v. Citibank Fed. Sav. Bank*, 162 F.R.D. 338, 342 (N.D. Ill. 1995)). The responding party must produce more than one witness if necessary to respond to the relevant areas of inquiry. *Seaga Mfg. v. Intermatic Mfg.*, No. 13 C 50041, 2013 WL 3672964, at *2 (N.D. Ill. July 12, 2013).

Although not designed to be a memory contest, Rule 30(b)(6) requires corporation to make a good faith, conscientious effort to designate and prepare appropriate persons to testify fully and non-evasively about the subjects. *Id.* If it becomes apparent that the designee is unable to adequately respond to relevant questions on listed subjects, then the corporation has a duty to timely designate additional, supplemental witnesses as substitute deponents. *Id.* Courts often require a responsive party to produce another 30(b)(6) deposition witness who is prepared and educated as a remedy for the corporation's failure to present a proper witness. *Id.*

## III. ARGUMENT

### A. AWS's Refusal to Produce Certain Technical Documents

On June 10, 2019, Kove served Rule 34 document requests on AWS, seeking documents describing the design and operation of the accused products.[2] More than a year later, AWS's productions still do not include documents describing the design or operation of many key components of the accused products.

AWS maintains a "wiki" database of technical documents. AWS's wiki functions similarly to the well-known website Wikipedia.org and can be searched using keywords. On January 17, 2020, in an effort to expedite document discovery in light of approaching 30(b)(6) depositions, Kove requested

---

[2] For example, Kove's Request for Production No. 12 seeks "[d]ocuments and things sufficient to describe the functionality, operation, design, development, architecture, implementation, data flow, algorithms, testing, modes of operation, and capabilities of the Accused Products, including software requirements, hardware requirements, specifications, architecture documents, design reviews, design documents, flow diagrams, user manuals, product brochures, data sheets, administrative guides, data structure descriptions, and other user instructions." (Ex. 1, 2019-07-24 Document Request Response, at 10.) In response, AWS agreed to produce, *inter alia*, documents that describe the design and operations of the Accused Products. (*Id.* at 10-11.)

access to AWS's wiki on an outside counsel only basis so that it could conduct its own searching. In the alternative, Kove provided a list of 25 key search terms, which correspond to what Kove believes to be the most relevant components in the Accused Products. (Ex. 2, January 2020 Email Chain re Wiki Database, at 2.) Mindful of avoiding placing undue burden on AWS, Kove offered to try and minimize the amount of production needed, if the search results returned a large number of "hits." (*Id.*)

AWS refused on all counts, declining to make its wiki available or to provide any documents returned by the requested searches. (*Id.*) Instead, AWS contended that Kove is only entitled to 5 search terms. But the provisions AWS relies on for its position apply only to discovery of *emails*, not general documents. (*See* Ex. 3, Fed. Cir. Model Order Regarding E-Discovery in Patent Cases, at ¶ 11.) Indeed, Kove has no obligation even to provide the search term list that it did — it could have chosen to rest on its document requests. AWS should not be permitted to condition document production on Kove's agreement to reduce the scope of discovery to which it is entitled.

AWS's own engineers confirmed the existence of these missing technical documents. On January 29 and 30, 2020, Kove deposed James Sorenson and Seth Markle, AWS's software engineers and 30(b)(6) designees for certain technical topics. Mr. Sorenson testified as to the Amazon S3 product, and Mr. Markle testified as to the DynamoDB product. Each confirmed that the sought-after design and technical documents exist. (*E.g.*, Ex. 4, Sorenson Tr. at 182:16-186:24 (identifying "Wiki documents," "product manager" documents, "progress reports," and noting that "[m]ost likely there are a bunch of design documents.").)

On February 19, 2020, Kove sent a letter detailing the missing discovery that included a list of specific components for each Accused Product. (Ex. 5, 2020-02-19 Letter re Discovery, at 4.) AWS agreed to produce some documents but refused to search for or produce others. (Ex. 6, AWS 2020-03-02 Letter, at 3.) The parties met and conferred several times, including by phone on May 29, 2020,

but AWS maintains its refusal to provide the requested discovery. (Ex. 7, 2020-06-02 Letter, at 1-2.)

Pursuant to LPR 2.1 and Rule 34, Kove respectfully requests that AWS be ordered to produce documents describing the design and operation of the core components in the Accused Products, as identified in Appendix A hereto.

AWS has never disputed that these components are relevant to Kove's infringement theories – – nor can it, as these components map directly to claim limitations and are identified repeatedly in Kove's infringement contentions. (*See* Ex. 8, '978 patent, claims 1, 17 (exemplary asserted claims that recite "location servers," "location information," and "transferring" location information.) The design documents are also highly relevant to damages, as they may discuss, for example, alternative designs that were considered but not employed, why changes were made to the product over time, and the costs of various design choices.[3]

## B. AWS's Refusal to Provide Knowledgeable 30(b)(6) Witnesses

AWS software engineers, Messrs. Sorenson and Markle, were designated for Topics 1-6 for the DynamoDB and Amazon S3 products, respectively. Topics 1, 4, and 6 are produced below:

> Topic 1: The design, development, implementation, and operation of the Accused Products, Relevant Features, and Relevant Source Code, including any differences between releases and updates, and including with respect to the following source code packages: Dynamo DB's ███████████████████████████████████████████████ as well as S3's ████████████████████████████████████████████████████.

---

[3] AWS waived its ability to contest the production of these documents by agreeing to produce them in response to Kove's document requests. (*See* Ex. 1, 2019-07-24 Document Request Response, at 10.) *See Huntington Chase Condo. Assoc. v. Mid-Century Ins. Co.*, No. 16 C 4877, 2017 WL 440730, at *6 (N.D. Ill. Feb. 1, 2017) ("If [the party opposing discovery] failed to raise that objection when responding to the discovery request, the objection is waived."). Even if AWS did not waive its objections, AWS has never articulated any quantitative showing of undue burden, as it is required to do. *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351, 360-61 (N.D. Ill. 2005) ("In order to demonstrate undue burden, the [party opposing discovery] must provide affirmative proof in the form of affidavits or record evidence. . . . There is only the *ipse dixit* of counsel, and that is not sufficient.").

Topic 4: The processing of "get" and "put" requests in the Accused Products.

Topic 6: The history of the development of the Accused Products, including Your decisions to develop the Accused Products and Your decisions to implement the Relevant Features.

(Ex. 9, AWS Response to Kove 30(b)(6) Notice, at 4-5, 7-9.)

Over the relevant damages period, AWS sold 7 different "classes" of Amazon S3: (i) S3 Standard, (ii) S3 Standard-Infrequent Access, (iii) S3 One Zone-Infrequent Access, (iv) S3 Intelligent-Tiering, (v) S3 Reduced Redundancy Storage, (vi) S3 Glacier, and (vii) S3 Glacier Deep Archive. Mr. Markle admitted that he was not prepared to testify about S3 Glacier and S3 Glacier Deep Archive. (*See, e.g.*, Ex. 10, Markle Tr. at 239:21-242:12 ("Q. How are GET requests in Amazon S3 Glacier different than in S3 standard? A. They're completely separate systems that I actually can't speak to. I am -- ***I don't have a Glacier background***. . . . Q. Would your answers be the same for PUT requests? A. The same in that ***I don't know what Glacier does***[.]").)

Even for the classes of Amazon S3 with which Mr. Markle had familiarity, there were still significant gaps in his preparedness. The asserted claims require specialized "location servers" that store "location information." Half of the asserted claims for Amazon S3 involve transferring location information between location servers. The major Amazon S3 components involved in this process are identified in Topic 1 (*i.e.*, ██████████████████████████████). Mr. Markle was not able to describe this transfer process, even at a high level. (*See, e.g.*, *id.* at 259:2-6 ("Q. And how is it determined which ████████████████████████████? A. I'd have to look at the code. I don't know how it selects."), 266:25-267:8.)

Mr. Markle was also unable to testify about the operation of the relevant components of Amazon S3 for relevant time periods. (*See, e.g.*, *id.* at 251:8-13 ("Q. Okay. In preparation for today's deposition, ***did you do anything to prepare yourself to understand about changes in time from 2012 to now*** for these components we've been discussing? A. ***No.*** I did not look at the history."), 242:13-

6

243:17 ("A. I am not that familiar with their day-to-day to know what the series of changes have been recently."), 290:16-291:23.).

Mr. Sorenson was likewise inadequately prepared to testify regarding DynamoDB. For example, ███████████ and "get" requests are important aspects of Dynamo DB and are expressly called out in Topics 1 and 4. Mr. Sorenson gave contradictory testimony about the design and operation of █████████████ during a "get" request in the current implementation of DynamoDB. After initially testifying that, during a get request, ████████████████████████ (Ex. 4, Sorenson Tr. at 99:16-20 ("Q: Okay. So once the ████████████████████████████████████, right? A: Yes.")), Mr. Sorenson later testified that ████████████████████████████ during a get request (*id.* at 121:14-15 (A: "So █████████████████████████████████")), before conceding that he did not know (*id.* at 158:16-159:24 ("Whether it actually leverages that code in the production system, I am not sure.... Again, I would want to go to the code to make sure that that -- that that -- that path is actually executed . . . [w]hether it's leveraged or not, I would want to make sure that I'm giving you accurate information.")). Critically, ***Mr. Sorenson was unable to testify about whether*** ███████████ ***are ever even used during a "get" request***.[5] (*See id.*)

The current implementation of DynamoDB also uses a component called █████, which is identified in Topics 1 and 4. ***Mr. Sorenson did not know when*** ██████ ***was implemented, why*** ██████ ***was implemented, or how*** ████████████ ***were used before*** ███████ ***was implemented***, stating that he would be "speculating" and would have to "do research" to answer the questions. (*Id.* at 159:25-

---

[4] ██████████████████ are also referred to as ███████████████████████

[5] Kove cannot fully understand the operation of DynamoDB from the source code alone and needs a knowledgeable AWS deponent to fill in key gaps. (*See id.* at 158:16-159:24, 219:5-225:9 (testifying that multiple, parallel versions of similar functionality remained in the source code and could run in parallel or replace previous functionality).)

160:11 ("I don't have the specific date. . . . 2016 maybe. . . . 2014 maybe. I -- I'm speculating."),
188:17-19 ("Do you know why the decision was made to implement ███? A: I do not."), 162:20-
163:19 ("Q: And would ████████████████ ██████████████████████████████

███████ A: I am not sure how it did it in the past. I can speculate, but, you know, I would much
rather give you the accurate answer. . . . So we would, I think, have to do research on that.").)

Both depositions were also hindered by numerous improper objections by AWS's counsel.
This District does not permit speaking objections, but AWS's counsel repeatedly indulged in them,
despite being asked to stop. (*See, e.g.*, Ex. 10, Markle Tr. at 94:8-11 ("Objection. Confusing. I think
the testimony is that the date is what -- is the key part there."), 119:11-13, 122:7-17, 141:5-6, 176:9-
178:10, 210:5-8, 222:12-223:20.) Following some improper objections, the witnesses refused to
answer straightforward questions about the operation of the accused products. (*See, e.g.*, *id.* at 175:5-
177:23, 222:12-223:20 (witness refusing to answer whether the ████ can be used to determine a
location of information in light of repeated objections by AWS counsel).)

Kove raised the above issues in a February 19, 2020 letter and requested supplemental
witnesses to testify about the scope of Topics 1, 4, and 6. (Ex. 5, 2020-02-19 Letter re Discovery, at
5-7.) The parties met and conferred about these issues multiple times, most recently on May 29, 2020.
AWS has refused to offer supplemental deposition witnesses.

Kove respectfully requests that the Court order AWS to produce additional deposition
witnesses to testify about Topics 1, 4, and 6 of Kove's 30(b)(6) Notice for each of DynamoDB and
Amazon S3. AWS does not dispute the scope for which the witnesses were designated to testify or
that Kove is entitled to a prepared witness. AWS instead contends, in spite record evidence to the
contrary, that the witnesses were in fact sufficiently prepared. Remarkably, AWS's counsel have stated
during meet and confers that their witnesses will not be limited by their deposition testimony, and that

they may testify in much more detail during trial. This is manifestly prejudicial — Kove is entitled to discover the full breadth of a witness's knowledge during deposition, not ambushed by latter-prepared testimony at trial. *See Seaga Mfg. v. Intermatic Mfg.*, No. 13 C 50041, 2013 WL 3672964, at *2-3 (N.D. Ill. July 12, 2013) (ordering defendant to provide a supplemental 30(b)(6) witness that is adequately prepared).

## IV.   **CONCLUSION**

For the foregoing reasons, Kove respectfully requests that the Court order AWS to (1) produce documents describing the design and operation of the components in the Accused Products, as identified in Appendix A, within 14 days of the Court's order; and (2) make knowledgeable 30(b)(6) witnesses available for deposition for Topics 1, 4, and 6 at a mutually agreeable time, within 30 days of the Court's order.

July 28, 2020

Respectfully submitted,

*/s/ Khue V. Hoang*

Renato Mariotti
rmariotti@thompsoncoburn.com
Holly H. Campbell
hcampbell@thompsoncoburn.com
THOMPSON COBURN LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500

Sarah O. Jorgensen (*pro hac vice*)
sjorgensen@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (404) 609-1040
Telecopier: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
1615 M Street, NW, Suite 300
Washington, DC 20036
Telephone: (202) 894-7310
Telecopier: (650) 623-1449

Khue Hoang (*pro hac vice*)
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Wesley White (*pro hac vice*)
wwhite@reichmanjorgensen.com
Rahul Sarkar (*pro hac vice*)
rsarkar@reichmanjorgensen.com
Michael W. Marvin (*pro hac vice*)
mmarvin@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965
Telecopier: (650) 623-1449

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Shawna L. Ballard
(Identification No. 155188)
sballard@reichmanjorgensen.com
Jennifer P. Estremera (*pro hac vice*)
jestremera@reichmanjorgensen.com
Joachim B. Steinberg (*pro hac vice*)
jsteinberg@reichmanjorgensen.com
Michael G. Flanigan (State Bar No. 6309008)
mflanigan@reichmanjorgensen.com
Kate M. Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

*Attorneys for Kove IO, Inc.*

**APPENDIX A:**

**KEY COMPONENTS OF AMAZON S3 AND DYNAMODB**

**(Relevance in Parenthetical)**

Key Components of Amazon S3:
- ███████████ (queries the "location servers" for "location information")
- █████████████████ (the "location servers")
- ██████████ (the "location servers")
- ████████ (contains the "location information")
- ███████████ (processes requests for "location information" at the "location servers")
- ███████████ (determines which "location servers" store particular "location information")
- █████ (describes which "location server" stores particular "location information")
- ███ (the "data repository" servers)
- █████ (manages the storage of data on the "data repository" servers)
- █████ (manages the storage of data on the "data repository" servers)
- ████████ (monitors the "location servers" and determines when "location information" should be moved)
- ██████████ (processes the transfer of "location information" between "location servers")
- ████████ (processes the transfer of "location information" between "location servers")
- ██████ (processes the transfer of "location information" between "location servers")

Key Components of DynamoDB
- █████████ (queries the "location servers" for "location information")
- ███████ (queries the "location servers" for "location information")
- █████ (queries the "location servers" for "location information")
- ███ (queries the "location servers" for "location information")
- █████████████ (queries the "location servers" for "location information")
- █████████ (the "location servers")
- ███████████ (contains the "location information")
- █████ (used to query the "location servers" for "location information")
- ███████ (used to query the "location servers" for "location information")
- ████████ (used to query the "location servers" for "location information")
- █████ (the "data repository" servers)
- ██████ (determines when "location information" should be moved)
- ███████ (processes the transfer of "location information" between "location servers")
- █████████ (used to determine whether a "redirect" message is necessary)
- ████████ (contains the "redirect message" and the "location message")

11

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and exact copy of the foregoing, and all exhibits thereto, was filed electronically on July 28, 2020, with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all registered counsel of record or was emailed to all registered counsel of record.

*/s/ Khue V. Hoang*
Khue V. Hoang
