# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KOVE IO, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-08175 |
| | ) | |
| AMAZON WEB SERVICES, INC., | ) | Hon. Judge Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |
| | ) | |

**AWS'S RESPONSE AND OBJECTIONS TO PLAINTIFF'S**
**FIRST SET OF REQUESTS FOR PRODUCTION OF**
**DOCUMENTS AND THINGS (NOS. 1-119)**

Pursuant to Federal Rule of Civil Procedure 34 and the rules and orders of this Court, Defendant Amazon Web Services, Inc. ("AWS") hereby responds with the answers and objections set forth below to Plaintiff Kove IO, Inc.'s ("Kove") First Requests for Production of Documents and Things to Defendant Amazon (Nos. 1-119) dated June 10, 2019. AWS's investigation concerning the matters raised by Kove's Requests is continuing, and, pursuant to Federal Rule of Civil Procedure 26(e), AWS expressly reserves the right to amend and supplement these responses and its production of documents if it learns of additional responsive information not previously provided to Kove.

**GENERAL OBJECTIONS**

The following General Objections apply to Kove's First Requests for Production of Documents and Things to Defendant Amazon (Nos. 1-119) and are incorporated by reference into the individual responses contained herein. AWS's assertion of any General Responses and Objections, assertion of similar or additional objections, or partial answers in response to the Requests does not waive AWS's General Objections as set forth below.

1

1.      AWS objects to the extent the Requests seek information that is protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, joint defense privilege, or information that is otherwise not subject to discovery by virtue of Rule 26(b)(3) of the Federal Rules of Civil Procedure or any other privilege or doctrine recognized by law.

2.      AWS objects to the extent the Requests seek information not within AWS's possession, custody, or control.  AWS specifically objects to Kove's definition of "Amazon" as vague and overbroad to the extent that it purports to include any Amazon entity other than Amazon Web Services, Inc.  AWS responds to the Requests solely on its own behalf, and not on behalf of any other corporate entity, parent company, affiliate company, or company.

3.      AWS objects to the extent the Requests call upon AWS to investigate, collect, or disclose information that is neither relevant to any claim or defense in the litigation nor proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense compared to its likely benefit.

4.      AWS objects to the extent the Requests seek to impose greater burdens on AWS than those required by the Federal Rules of Civil Procedure or the rules and orders of this Court.

5.      AWS objects to the extent the Requests seek to impose obligations to produce ESI that exceed or are inconsistent with the obligations imposed by Federal and Local Rules or the parties' Agreed Joint Planning Report, filed on July 9, 2019, including any Requests which Kove contends seek the production of emails without following the specific guidelines and timelines for email production requests that are provided by the Northern District of Illinois's Local Patent

2

Rules for Electronically Stored Information and the Federal Circuit's E-Discovery Model Order. Additionally, AWS and Kove are meeting and conferring regarding an agreement to govern the scope of the parties' search for and production of ESI. AWS objects to searching for and producing Electronically Stored Information at this time until the parties' complete those discussions and reach agreement, or the Court rules upon that scope.

6.      AWS objects to the Requests because they are not reasonably limited to a relevant time period.

7.      AWS objects to the Requests as excessive in number, unduly burdensome and disproportionate to the needs of this case, duplicative of one another, and harassing. Kove's service of 119 Requests for Production at the start of discovery is wholly disproportionate to the needs of this case. As discovery progresses, AWS reserves the right to object and move the Court to limit any further Requests from Kove on these bases.

8.      AWS objects to the Requests to the extent they seek documents or information that are cumulative, duplicative, already known to Kove, or available to Kove from public sources or other less burdensome means.

9.      AWS objects to the Requests to the extent that they seek documents and things that are covered by a confidentiality agreement with another entity, unless the other entity consents to production of the covered documents and things.

10.      AWS objects to the Requests to the extent they are premature at this stage in discovery, for example, before the parties' depositions, document productions, infringement and invalidity contentions, claim construction, or expert discovery.

11.     By setting forth particular objections in response to the Requests, AWS does not intend to waive any objections not specifically set forth, and nothing herein should be construed as such a waiver.

12.     AWS objects to the definition of Amazon S3 and DynamoDB as Accused Products because it is vague, ambiguous, overbroad, unduly burdensome and disproportionate to the needs of this case, not directly related to a proper claim in this case, and not proportional to the needs of the case.  Plaintiff's Requests, as well as its Complaint and infringement contentions, fail to identify with particularity the Accused Products.

13.     Subject to the general and specific objections herein, AWS will produce relevant and non-privileged documents responsive to these Requests on a rolling basis beginning on July 24, 2019.

## OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1**

All documents identifying, describing, or referencing Your corporate structure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case because it seeks documents and things that are neither relevant to any claim or defense in the litigation nor proportional to the needs of the case at this time.  AWS objects to this Request because information about Amazon's corporate practices, such as annual and company reports, is publicly available and could therefore be located by Kove through less burdensome means.  AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "[a]ll documents . . . referencing . . . ."

**REQUEST FOR PRODUCTION NO. 2(a)**

Your organizational charts and corporate directories identifying Your employees whose work relates to or concerns any of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2(a)**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks documents sufficient to identify an innumerable number of employees whose work "relates to or concerns" Amazon S3 or DynamoDB that are neither relevant to any claim or defense in the litigation nor proportional to the needs of the case at this time.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which identify the AWS employees with most knowledge of relevant aspects of Amazon S3 and DynamoDB.

**REQUEST FOR PRODUCTION NO. 2(b)**

Documents sufficient to identify all locations in which You operate, run, license, offer for sale, import, or make the Accused Products and all documents discussing, reflecting, or evidencing plans for the future related to the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2(b)**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks documents relating to a myriad of different and unrelated aspects of Amazon S3 and DynamoDB that are neither relevant to any claim or defense in the litigation nor proportional to the needs of the case at this time. AWS also objects to this Request as nonsensical to the extent is seeks geographic locations where an intangible product or service is "offer[ed] for sale," "licence[d]," or "import[ed]."

5

AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "all locations," "make the Accused Products," and "plans for the future."

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which identify AWS offices with engineers who work directly on Amazon S3 and DynamoDB.

## REQUEST FOR PRODUCTION NO. 3

Documents sufficient to identify where (geographically) the Accused Products were and/or are developed, created, tested, maintained, licensed and/or sold.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3

AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "where (geographically)" as it relates to intangible products or services.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which identify AWS offices with engineers who work directly on Amazon S3 and DynamoDB.

## REQUEST FOR PRODUCTION NO. 4

Documents sufficient to identify all persons involved in the design or development of the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks documents to identify "all persons . . ." who were involved in the design or development of Amazon S3 and DynamoDB. AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "involved in . . . ."

6

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which identify employees who are most knowledgeable about the development of Amazon S3 and/or DynamoDB.

## REQUEST FOR PRODUCTION NO. 5

Documents sufficient to identify all persons involved in the operation of the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks documents and things sufficient to identify "all persons . . ." who are involved in the operation of Amazon S3 and DynamoDB. AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "involved in."

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which identify employees who are most knowledgeable about the operation of Amazon S3 and Dynamo DB.

## REQUEST FOR PRODUCTION NO. 6

Documents sufficient to identify all persons involved in the testing of the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks documents and things sufficient to identify "all persons . . ." who are involved in the testing of Amazon S3 and

2914281.10

DynamoDB. AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "testing of."

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which identify employees who are most knowledgeable about Amazon S3 and DynamoDB.

**REQUEST FOR PRODUCTION NO. 7**

Documents sufficient to identify all persons involved in the maintenance of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks documents and things sufficient to identify "all persons . . ." who are involved in the maintenance of Amazon S3 and DynamoDB. AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "involved in" and "maintenance."

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which identify employees who are most knowledgeable about Amazon S3 and DynamoDB.

**REQUEST FOR PRODUCTION NO. 8**

Documents sufficient to identify the product names, the version, model and release numbers, and other identifying information for each version, model, and release of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

AWS objects to this Request as vague and ambiguous, to the extent that it seeks product names, versions, and model and release numbers for AWS products and services that are not identified by a version, model, or release number.

8

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which provide information identifying versions or releases of Amazon S3 and DynamoDB.

## REQUEST FOR PRODUCTION NO. 9

Documents sufficient to identify the person(s) most knowledgeable regarding the conception, creation, development, maintenance, testing, and operation of the Accused Products, including each version, model, or release.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9

AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "conception," "creation," "maintenance," and "testing." AWS objects to this Request as duplicative of Requests Nos. 2(a), 4, 5, 6 and 7.

Subject to the foregoing general objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which identify AWS employees who are most knowledgeable regarding the development and operation of Amazon S3 and DynamoDB.

## REQUEST FOR PRODUCTION NO. 10

Documents sufficient to identify the range of dates during which You sold, offered for sale, licensed, used, or otherwise provided or made available each version, model, implementation, and/or release of the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10

AWS objects to this Request as vague and ambiguous, to the extent that it seeks information related to versions, models, or releases for AWS services that are not identified by a version, model, or release number. AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "used, or otherwise provided or made available."

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if

9

any, which identify the ranges of dates during which AWS sold, offered for sale, or licensed

Amazon S3 and DynamoDB.

## REQUEST FOR PRODUCTION NO. 11

All documents identifying, describing, or referencing functionality and improvements embodied in each version, model, and release of the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11

AWS objects to this Request as vague and ambiguous, to the extent that it seeks

information related to versions, models or releases for AWS services that are not identified by a

version, model, or release number. AWS objects to this Request as vague and ambiguous,

particularly with respect to the term(s) "functionality and improvements."

Subject to the foregoing general and specific objections, AWS will produce relevant and

non-privileged documents responsive to this Request within its possession, custody, or control, if

any, which describe the functionality of Amazon S3 and DynamoDB such as white papers, user

guides, developer guides, marketing and advertising materials, API reference guides, technical

manuals, and use cases.

## REQUEST FOR PRODUCTION NO. 12

Documents and things sufficient to describe the functionality, operation, design, development, architecture, implementation, data flow, algorithms, testing, modes of operation, and capabilities of the Accused Products, including software requirements, hardware requirements, specifications, architecture documents, design reviews, design documents, flow diagrams, user manuals, product brochures, data sheets, administrative guides, data structure descriptions, and other user instructions.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12

AWS objects to this Request as vague and ambiguous, particularly with respect to the

term(s) "functionality," "design," "modes of operation," and "capabilities." AWS objects to this

Request as duplicative of Request No. 11.

10

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which describe the functionality, design, and requirements of Amazon S3 and DynamoDB such as white papers, user guides, developer guides, marketing and advertising materials, API reference guides, technical manuals, and use cases.

## REQUEST FOR PRODUCTION NO. 13

All documents identifying, describing, or referencing the conception, benefits, development, testing, assessment, enhancement, modification, adoption, and implementation of each of the Accused Products, including but not limited to correspondence or other internal communications, market studies or assessments, A/B testing, surveys, focus group studies, consumer testing, web-based analytics (e.g. "Dashboard" reports), feature goals and objectives, proposals, budgets, internal reports, cost estimates, release schedules; or other documents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "all documents . . . " related to a myriad of different and unrelated aspects of Amazon S3 and DynamoDB. AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "referencing the conception," "adoption," "feature goals and objectives," and "other documents."

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, including white papers, customer use cases, consumer surveys or reports, market studies, or web analytics information.

## REQUEST FOR PRODUCTION NO. 14

The source code, executable software, and all documentation for the Accused Products and/or included with Accused Products (including but not limited to user's manuals, EULA, support documentation, etc.) for each version, model, and release of each of the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks production of the complete source code for the Accused Products. Amazon S3 and DynamoDB are highly complex and sophisticated software systems, and there are many aspects of these products that have no relation to Kove's allegations in this case. It would not be reasonable or proportionate to the needs of this case for AWS to produce the entire source code for these products. Furthermore, Kove has not shown the need for source code in this case, particularly in light of the scope of asserted claims and Kove's allegations to date. AWS also objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case with respect to the term(s) "all documentation . . . ."

Subject to the foregoing general and specific objections, AWS is willing meet and confer with Kove at the appropriate time to identify source code that may be relevant to show the operation of specific aspects of the accused products that are identified with specificity in Kove's pleading or infringement contentions, if any. Furthermore, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, such as white papers, use cases, user manuals, and developer guides for Amazon S3 and DynamoDB.

## REQUEST FOR PRODUCTION NO. 15

All documents identifying, describing, or referencing the development, revision history, refinement, evolution, testing, and internal use of each source code file produced by You in this case (including but not limited to the geographic location, (e.g., city, state and country) of such development, revision, refinement, evolution, testing, and internal use, the results, date or reason for each such revision, refinement, evolution, test, and/or internal use of each such source code file).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15

AWS objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case to the extent that it seeks documents and related to the

development of all aspects of Amazon S3 and DynamoDB. Amazon S3 and DynamoDB are

highly complex and sophisticated software systems, and there are many aspects of development

of these products that have no relation to Kove's allegations in this case. AWS objects to this

Request as vague and ambiguous, particularly with respect to the term(s) "refinement,"

"evolution," " source code file produced," "geographic location," and "reason for each such

revision."

Subject to the foregoing general and specific objections, AWS will produce relevant and

non-privileged documents responsive to this Request within its possession, custody, or control, if

any, which reflect the development of the relevant source code files once the parties have met

and conferred to identify the relevant source code and appropriate scope of source code

production and discovery in this case, if any.

## REQUEST FOR PRODUCTION NO. 16

All executable and non-executable software, and all documentation for or included with  the
Accused Product (including but not limited to user's manuals, user licensing agreements,
support documentation, etc.) for each version, model, and release of the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16

AWS objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case to the extent that it seeks documents and things related

to aspects of the Accused Products that have no relation to Kove's allegations in this case.

Subject to the foregoing general and specific objections, AWS will produce relevant and

non-privileged documents responsive to this Request within its possession, custody, or control,

including user manuals, developer guides, technical manuals, and white papers for Amazon S3

and DynamoDB.

## REQUEST FOR PRODUCTION NO. 17

All Documents, from 2012 to the present, describing or discussing written policies, procedures and guidelines related to Your servers, computers, mainframes, computer systems, electronic data and electronic media including but not limited to backup tape rotation and archival disk /or tape inventories, schedules, and/or logs; electronic data retention, preservation and destruction schedules, file naming conventions and standards, diskette, CD, DVD, and other removable media labeling standards, email storage conventions (e.g., limitations on mailbox sizes, storage locations, schedules and logs for storage).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 17

AWS objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" related to

its servers, computers, mainframes, computer systems, electronic data, and electronic media, the

overwhelming majority of which are unrelated to any claim or defense in this case. AWS objects

to this Request as vague and ambiguous, particularly with respect to the term(s) "written policies,

procedures and guidelines. AWS objects to this Request as duplicative of Request No. 78.

## REQUEST FOR PRODUCTION NO. 18

Running instances of the Accused Products, which may include production of passwords and login information for access to the Accused Products that require such information.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18

AWS objects to this Request as overly broad and unduly because it seeks documents and

things related to aspects of the Accused Products that have no relation to Kove's allegations in

this case. AWS objects to this Request as vague and ambiguous, particularly with respect to the

term(s) "[r]unning instances," and "access to the Accused Products."

## REQUEST FOR PRODUCTION NO. 19

All documents relating to Your design and development of the Accused Products including, without limitation, all documents showing who was involved in the development of the Accused

Products and the first circumstance when You made, operated, used, sold, or offered for sale the Accused Products and when the various versions of the Accused Products were developed, implemented, and/or acquired.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" related to the design and development of Amazon S3 and DynamoDB.  AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "involved in," "first circumstance," and "the various versions."  AWS objects to this Request as duplicative of Request Nos. 23, 24, 25, 27, 28, 29, and 31.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which identify the AWS employees with the most knowledge of the design and development of Amazon S3 and DynamoDB and which identify when Amazon S3 and DynamoDB were first sold or offered for sale.

**REQUEST FOR PRODUCTION NO. 20**

All documents identifying, describing, or referencing the use or operation of any of the Accused Products (including, but not limited to, documents providing training, education, instruction, or information on the operation of the Accused Products).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" related to any "use or operation" of Amazon S3 or Dynamo DB.   AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "use or operation of."

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if

any, such as consumer case studies, white papers, technical manuals, user guides, developer

guides, answers to frequently asked questions, and advertising and marketing materials.

## REQUEST FOR PRODUCTION NO. 21

All documents relating to the use, operation, or maintenance of the Accused Products and components thereof, including, without limitation, where such use, operation, or maintenance is by one or more third parties for the benefit of You, by one or more third parties at the direction or request of You, or by You in cooperation with one or more third parties.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21

AWS objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" related to

any "use, operation, or maintenance" of Amazon S3 or Dynamo DB.  AWS objects to this

Request as vague and ambiguous, particularly with respect to the term(s) "use, operation, or

maintenance," and "benefit of You."  AWS objects to this Request as duplicative of Request

Nos. 12, and 20.

Subject to the foregoing general and specific objections, AWS will produce relevant and

non-privileged documents responsive to this Request within its possession, custody, or control, if

any, such as consumer case studies, white papers, technical manuals, user guides, developer

guides, and answers to frequently asked questions, and advertising and marketing materials.

## REQUEST FOR PRODUCTION NO. 22

All documents that discuss, refer to, or evidence how subscribers, customers, users, partners, or distributors use, operate, or access the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 22

AWS objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" related to

how Amazon S3 or Dynamo DB are used or operated.  AWS objects to this Request to the extent

it seeks information not within AWS's possession, custody, or control, such as how third-parties

16

use AWS's products or services. AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "use, operate, or access AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "use, operation, or maintenance," and "benefit of You." AWS objects to this Request as duplicative of Requests Nos. 20 and 21.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, such as consumer case studies, white papers, technical manuals, user guides, developer guides, and answers to frequently asked questions, and advertising and marketing materials.

## REQUEST FOR PRODUCTION NO. 23

All documents that discuss, refer to, or evidence any proposal, decision, consideration, or deliberation in the development of the Accused Products, starting with the initial idea thereof.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 23

AWS objects to this Request as overly broad, unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" related to the development of Amazon S3 and DynamoDB. AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "any proposal, decision, consideration, or deliberation" and "the initial idea thereof."

## REQUEST FOR PRODUCTION NO. 24

All documents that discuss, refer to, or evidence any proposal, decision, consideration, or deliberation in the acquisition of the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 24

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" related to Amazon S3 and DynamoDB. AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "any proposal, decision, consideration, or deliberation." AWS objects

17

to this Request as vague and ambiguous, particularly with respect to the term(s) "any proposal, decision, consideration, or deliberation" and "acquisition."

## REQUEST FOR PRODUCTION NO. 25

All documents that discuss, refer to, or evidence any proposal, decision, consideration, or deliberation in the use, operation, or maintenance of the Accused Products (including, but not limited to, documents providing training, education, instruction, or information on the operation and/or maintenance of the Accused Products).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 25

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" related to Amazon S3 and DynamoDB   AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "any proposal, decision, consideration, or deliberation" and "use, operation, or maintenance."  AWS objects to this Request as duplicative of Requests Nos. 11, 12, 13, 14 , 15, 19, 20, 21, and 23.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, such as training guides and videos, technical manuals, user guides, developer guides, and answers to frequently asked questions.

## REQUEST FOR PRODUCTION NO. 26

All documents and other materials and things created, provided, maintained, edited, hosted or owned by You relating to the use of the Accused Products (including but not limited to user's manuals, instructions, developer's guides, tutorials, discussion boards, web pages, on-line videos, on-line instructions, FAQ's, developers conferences, user conferences, videos, etc.).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 26

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "all documents . . . relating to the use of" Amazon S3 and DynamoDB.  AWS objects to this Request as vague and ambiguous,

particularly with respect to the term(s) "developers conferences" and "user conferences." AWS objects to this Request as duplicative of Requests Nos. 11, 12, 13, 14 , 15, 19, 20, 21, 23, and 25.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, such as training guides and videos, technical manuals, user guides, developer guides, and answers to frequently asked questions.

## REQUEST FOR PRODUCTION NO. 27

Documents and other materials sufficient to show the date of first use for each of the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27

AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "first use."

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which identify the date of first sale or offer for sale of Amazon S3 and DynamoDB.

## REQUEST FOR PRODUCTION NO. 28

All documents that discuss, refer to, or evidence the costs of developing the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" related to costs associated with the development of Amazon S3 and DynamoDB. AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "evidence the costs of developing."

**REQUEST FOR PRODUCTION NO. 29**

All documents that discuss, refer to, or evidence the costs and expenses incurred by You in creating, marketing, operating, making, licensing, maintaining and selling the Accused Products or the access to or use thereof. The documents should include, but are not limited to, segmented cost and expense data by region, retailer, and/or vendor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

AWS objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case because it seeks documents and things related to

aspects of the Accused Products that have no relation to Kove's allegations in this case. AWS

objects to this Request as overly broad and unduly burdensome and disproportionate to the needs

of this case to the extent that it seeks "[a]ll documents" that refer to costs and expenses

associated with the Amazon S3 and DynamoDB. AWS objects to this Request as vague and

ambiguous, particularly with respect to the term(s) "evidence the costs and expenses,"

**REQUEST FOR PRODUCTION NO. 30**

All documents that discuss, refer to, or evidence the method and manner by which You track, record, and monitor the making, using, operating, accessing to, licensing, offering for sale, or sale of the Accused Products from 2012 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

AWS objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case because it seeks documents and things related to

aspects of the Accused Products that have no relation to Kove's allegations in this case. AWS

objects to this Request as overly broad and unduly burdensome and disproportionate to the needs

of this case to the extent that it seeks "[a]ll documents" relating to AWS's internal record

keeping. AWS objects to this Request as vague and ambiguous, particularly with respect to the

term(s) "track, record, and monitor" as it relates to the myriad of unrelated actions described by

this Request.

**REQUEST FOR PRODUCTION NO. 31**

Documents referring to the manufacture, creation, development, testing and/or use of the Accused Products in the United States by You, Your distributors, Your contractors, Your agents or other entities acting on Your behalf (including but not limited to documents referring to the creation, development, testing, marketing, customer support, customer training, operation, maintenance or sales of the Accused Products, or in connection with installation, configuration, training, or testing of the Accused Products at customer sites).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent it seeks documents related to aspects of Amazon S3 and DynamoDB that are unrelated to the claims at issue. AWS objects to this Request as vague and ambiguous given its undiscernible scope. AWS objects to this Request as duplicative of Requests Nos. 11, 12, 13, 14 , 15, 19, 20, 21, 23, 25, and 26.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, such as technical manuals, marketing and advertising materials, training videos, developer guides, and user guides.

**REQUEST FOR PRODUCTION NO. 32**

All documents showing how You or Your customers or others use, operate, access or otherwise make use of the Accused Products (including specifically the functionalities as set forth in Kove's infringement contentions) in the United States (including but not limited to any relevant customer-use studies, surveys, tracking data, or estimates).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" related to the use and operation of Amazon S3 and DynamoDB. AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "use, operate, access, or otherwise make use

of" and "customer-use studies, surveys, tracking data, or estimates." AWS objects to this Request as duplicative of Requests Nos. 11, 12, 13, 20, 21, 22, and 26.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, such as customer case studies, customer surveys, white papers, use cases, technical manuals, and user guides.

## REQUEST FOR PRODUCTION NO. 33

All documents referring to the storing and/or duplicating of the Accused Products in the United States by You, Your distributors, Your contractors, Your agents or other entities acting on Your behalf (including but not limited to explanations of such storing on or onto software management servers (for source code, executable code, non-executable code, and/or object code), on or onto master discs, on or onto distribution media (e.g., CD-ROMs, DVDs, disk drives, and/or computers) for sale or distribution to customers or other users, and on or onto servers or web caches for facilitating access to the Accused Products by customers or other users).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 33

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" related to the storage or duplication of Amazon S3 and DynamoDB, particularly given that neither of those issues is relevant to any of the claims or defenses in this case. AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "storing and/or duplicating."

## REQUEST FOR PRODUCTION NO. 34

All documents for the Accused Products, identifying the web server technology (e.g. Apache, etc.) which presently underlies or powers all servers which host, provide access to, or make available the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 34

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case because the technology underlying Amazon S3 and

DynamoDB is not related to any claim or defense in this case. AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "underlies or powers."

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which are sufficient to identify any web server technologies that AWS utilizes in order to provide Amazon S3 and DynamoDB.

## REQUEST FOR PRODUCTION NO. 35

All documents constituting, identifying, describing, or referencing customer complaints or concerns regarding the performance, operation, or service of the Accused Products and Your response to these complaints or concerns whether formal, informal, public, non-public, or otherwise.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 35

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent it seeks documents related to customer comments and feedback about aspects of Amazon S3 and DynamoDB that are not related to any claim or defense in this litigation. AWS objects to this Request to the extent that it seeks documents and things subject to the right to privacy of third-parties.

## REQUEST FOR PRODUCTION NO. 36

All documents identifying, describing, or referencing any meeting of officers, executives, or Board Directors prepared or maintained by You that concern or reference Kove, Kove's employees (past and/or present), and/or the Asserted Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 36

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent it seeks documents referencing "officers, executives, or Board Directors." Amazon objects to this request as vague and ambiguous, particularly with respect to the terms "officers," "executives," and "Board Directors."

Subject to the foregoing general objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which relate to meetings of AWS's Board of Directors and which reference Kove or the Asserted Patents.

## REQUEST FOR PRODUCTION NO. 37

All documents identifying, describing, or referencing Kove as competition and/or potential competition to You.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 37

AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "competition and/or potential competition."

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which reference Kove.

## REQUEST FOR PRODUCTION NO. 38

All documents identifying, describing, or referencing the date and/or circumstances giving rise to Your awareness of Kove, Kove's employees (past and/or present), and/or the Asserted Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 38

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that AWS's awareness of Kove or its employees is unrelated to any claim or defense in this litigation.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which reference Kove or the Asserted Patents.

24

**REQUEST FOR PRODUCTION NO. 39**

All documents identifying, describing, or referencing the date and/or circumstances giving rise to Your anticipation of litigation with Kove and/or litigation related to the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

Subject to the foregoing general objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which reference the anticipation of litigation with Kove.

**REQUEST FOR PRODUCTION NO. 40**

All documents identifying, describing, or referencing when, if ever, You sought the advice of counsel after and as a result of learning of the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

AWS objects to this Request as seeking documents protected by attorney-client privilege. AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "after and as a result of." AWS also objects to this Request as premature and improper in light of LPR 3.6.

**REQUEST FOR PRODUCTION NO. 41**

All documents and things identifying, describing, or referencing demonstrations, displays, exhibitions, illustrations, presentations, and/or showcases by Kove and/or Kove's employees (past and/or present), at conferences, expos, tradeshows, or in other private and non-private settings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent it seeks documents and things related to presentations by Kove and its employees that are unrelated to the Asserted Patents.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which reference Kove or the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 42**

All documents identifying, describing, or referencing discussions regarding potential business arrangements (including but not limited to partnerships, potential licensing agreements, and funding opportunities) between You and/or any third parties and Kove (or any past and/or present employee of Kove).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent it seeks documents related to "potential business arrangements" that are unrelated to the Asserted Patents or the claims in this case.

AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "potential business arrangements" and "any past . . . employee of Kove."

**REQUEST FOR PRODUCTION NO. 43**

All documents identifying, describing or referencing Kove' attempts to enter into  discussions with potential investors (including planned meetings or attempts to set meetings).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case because Kove's investors and funding are not relevant to the claims or defenses in this case.

**REQUEST FOR PRODUCTION NO. 44**

All documents identifying, describing or referencing Kove' business plan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case because Kove's business plan is not relevant to the claims or defenses in this case.

**REQUEST FOR PRODUCTION NO. 45**

All documents referencing the date, location and/or subject matter of any meetings between   You and Kove (or any past and/or present employee of Kove) or between You and a third party regarding Kove (or any past and/or present employee of Kove).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks documents and information that are unrelated to the Asserted Patents and any claim or defense in this litigation.  AWS objects to this Request because it seeks documents which, if any exist, could be found in Kove's own business records.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which relate to meetings between AWS and a third-party regarding Kove.

**REQUEST FOR PRODUCTION NO. 46**

All communications or documents referencing or containing communications exchanged between You and Kove (or any past and/or present employee of Kove).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll communication or documents" related to communications with Kove or any past employee of Kove.  AWS objects to this Request to the extent that it seeks documents or communications which, if any exist, are already in Kove's possession.

**REQUEST FOR PRODUCTION NO. 47**

All communications or documents referencing or containing communications exchanged between You and a third party regarding Kove, Kove's employees (past and/or present), and/or the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

AWS objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case to the extent that it seeks "[a]ll communication or

documents" related to Kove or to Kove's present or past employees.

**REQUEST FOR PRODUCTION NO. 48**

All documents and communications exchanged or created internally by You referencing  Kove
(or any past and/or present employee of Kove) and/or the Asserted Patents or referencing
meetings related to Kove (or any past and/or present employee of Kove) and/or the Asserted
Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

AWS objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case to the extent that it seeks "[a]ll communication or

documents" related to Kove.  AWS objects to this Request to the extent that it seeks documents

or communications which, if any exist, are already in Kove's possession.  AWS objects to this

Request as duplicative of Requests Nos. 45- 47.

**REQUEST FOR PRODUCTION NO. 49**

All documents exchanged between You and Kove (or any past and/or present employee of  Kove)
and all documents exchanged between You and a third party regarding Kove (or any past
and/or present employee of Kove) and/or the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49**

AWS objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case to the extent that it seeks "[a]ll communication or

documents" related to Kove.  AWS objects to this Request to the extent that it seeks documents

or communications which, if any exist, are already in Kove's possession.  AWS objects to this

Request as duplicative of Requests Nos. 45-48.

28

**REQUEST FOR PRODUCTION NO. 50**

All documents (including issued patents, file histories, etc.) relating to any patents assigned  to or owned by You that reference the Asserted Patents or reference a patent in which one of the following is a named inventor: John Overton and Stephen Bailey.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks documents and things that are not related to the Asserted Patents.  AWS objects to this Request because the information about patents owned by or assigned to AWS is publicly available to Kove.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, including patents assigned to or owned by AWS which reference the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 51**

All documents describing,  or referencing  the validity, invalidity, scope,  liability  for infringement by You, enforceability, non-enforceability, or licensing (either implied or express) of the Asserted Patents and/or opinions thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51**

AWS objects to this Request to the extent it prematurely seeks expert opinions and discovery.  AWS objects to this Request because it seeks documents and information that are protected by the attorney-client privilege or work-product doctrine.  AWS also objects to this Request as premature and improper in light of LPR 3.6.

**REQUEST FOR PRODUCTION NO. 52**

All documents used or otherwise relied upon, in whole or in part, by in-house or outside counsel in forming opinions concerning the Asserted Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 52

AWS objects to this Request because it seeks documents and information that are protected by the attorney-client privilege or work-product doctrine. AWS also objects to this Request as premature and improper in light of LPR 3.6.

## REQUEST FOR PRODUCTION NO. 53

All documents identifying, describing, or referencing any document that You believe anticipates, renders obvious, or otherwise invalidates the Asserted Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 53

AWS objects to this Request to the extent it prematurely seeks expert opinions and discovery. AWS objects to this Request because it seeks documents and information that are protected by the attorney-client privilege or work-product doctrine.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control on which AWS intends to rely to show that the Asserted Patents are invalid.

## REQUEST FOR PRODUCTION NO. 54

All documents containing or referencing communications between You (including Your counsel) and any third-party regarding any potential prior art directed at the Asserted Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 54

AWS objects to this Request to the extent it prematurely seeks expert opinions and discovery. AWS objects to this Request because it seeks documents and information that are protected by the attorney-client privilege or work-product doctrine.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, referencing communications with third-parties other than consulting experts regarding prior art to the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 55**

All documents constituting, identifying, describing, or referencing the results of any prior art search directed at the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55**

AWS objects to this Request to the extent it prematurely seeks expert opinions and discovery. AWS objects to this Request because it seeks documents and information that are protected by the attorney-client privilege or work-product doctrine.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control on which AWS intends to rely to show that the Asserted Patents are invalid.

**REQUEST FOR PRODUCTION NO. 56**

All documents You have identified as alleged prior art to the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56**

AWS objects to this Request to the extent it prematurely seeks expert opinions and discovery. AWS objects to this Request because it seeks documents and information that are protected by the attorney-client privilege or work-product doctrine. Amazon objects to this Request as premature and improper in light of LPR 2.3 and 2.4.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control on which AWS intends to rely to show that the Asserted Patents are invalid.

**REQUEST FOR PRODUCTION NO. 57**

All documents relating to alleged sales or public use of the Asserted Patents more than a year before the application date of the patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57**

AWS objects to this Request to the extent it prematurely seeks expert opinions and discovery.  AWS objects to this Request because it seeks documents and information that are protected by the attorney-client privilege or work-product doctrine.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which relate to sales or public use of any of the Asserted Patents more than a year before the application date of the relevant Asserted Patent(s).

**REQUEST FOR PRODUCTION NO. 58**

All documents identifying, describing, or referencing any communications between You and any other party regarding the Asserted Patents or this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58**

AWS objects to this Request to the extent it seeks documents protected by attorney-client privilege and the work-product doctrine.  Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any.

**REQUEST FOR PRODUCTION NO. 59**

All documents furnished or shown to any fact witness contacted, interviewed, or consulted  by You or Your agents or attorneys in connection with the Asserted Patents or this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59**

AWS objects to this Request to the extent it prematurely seeks expert opinions and discovery.  AWS objects to this Request because it seeks documents and information that are protected by the attorney-client privilege or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 60**

All documents constituting, identifying, describing, or referencing any document that You believe is relevant to the construction or interpretation of any claim in the Asserted Patents.

32

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60**

AWS objects to this Request to the extent it prematurely seeks expert opinions and

discovery.  AWS objects to this Request because it seeks documents and information that are

protected by the attorney-client privilege or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 61**

All documents identifying, describing, or referencing any analysis or efforts by You to
design products, including, without limitation the Accused Products, around the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61**

AWS objects to this Request because it assumes that Amazon S3 and DynamoDB

infringe the Asserted Patents.  Amazon S3 and DynamoDB do not infringe the Asserted Patents.

AWS objects to this Request to the extent it prematurely seeks expert opinions and discovery.

AWS objects to this Request because it seeks documents and information that are protected by

the attorney-client privilege or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 62**

All documents identifying, describing, or referencing persons who have knowledge of Your
analysis or efforts to design products, including without limitation the Accused Products,
around the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62**

AWS objects to this Request because it assumes that Amazon S3 and DynamoDB

infringe the Asserted Patents.  Amazon S3 and DynamoDB do not infringe the Asserted Patents.

AWS objects to this Request to the extent it prematurely seeks expert opinions and discovery.

AWS objects to this Request because it seeks documents and information that are protected by

the attorney-client privilege or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 63**

All documents identifying, describing, or referencing any potentially non-infringing  alternatives
to the Asserted Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 63

AWS objects to this Request because it assumes that Amazon S3 and DynamoDB

infringe the Asserted Patents.  Amazon S3 and DynamoDB do not infringe the Asserted Patents.

AWS objects to this Request to the extent it prematurely seeks expert opinions and discovery.

AWS objects to this Request because it seeks documents and information that are protected by

the attorney-client privilege or work-product doctrine.

## REQUEST FOR PRODUCTION NO. 64

All communications, opinions, letters, or other documents prepared by You or on Your
behalf, for submission to the United States Patent and Trademark Office, an auditor, a
governmental agency (including the Securities and Exchange Commission), or any third party
relating to the Asserted Patents or any potential liability for infringement related thereto.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 64

AWS objects to this Request because it seeks documents that are protected by the

attorney-client privilege and work-product doctrine.  AWS also objects to this Request as

premature and improper in light of LPR 3.6.

## REQUEST FOR PRODUCTION NO. 65

All documents identifying, describing, or referencing Your decision to request (or decision   not to
request) a reexamination or to petition (or not to petition) for an *inter partes* review of any  of
the Asserted Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 65

AWS objects to this Request because it seeks documents that are protected by the

attorney-client privilege and work-product doctrine.  AWS objects to this Request as nonsensical

because AWS has not requested a reexamination or petitioned for an *inter partes* review of any

of the Asserted Patents.

## REQUEST FOR PRODUCTION NO. 66

All documents identifying, describing, or referencing materials considered and/or used in   the
request of reexamination (or, petition for an *inter partes* review) of the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66**

AWS objects to this Request as nonsensical because AWS has not Requested a

reexamination or petitioned for an *inter partes* review of any of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 67**

All documents that discuss, refer to, or evidence the impact the Asserted Patents could have on You, including, without limitation, damages, liability, injunctive relief, or required product changes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67**

AWS objects to this Request because it seeks documents that are protected by the

attorney-client privilege and work-product doctrine.

**REQUEST FOR PRODUCTION NO. 68**

All documents that discuss, refer to, or evidence the quality, value, usability, performance, demand, or benefits of the inventions contained within the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68**

AWS objects to this Request as vague and ambiguous, particularly with respect to the

term(s) "quality, value, usability, performance, demand, or benefits." AWS objects to this

Request as prematurely seeking expert opinions. AWS objects to this Request because it seeks

documents that are protected by the attorney-client privilege and work-product doctrine.

**REQUEST FOR PRODUCTION NO. 69**

All documents mentioning or referencing any person identified by You in Your Initial Disclosures (and any Amendments thereto).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69**

AWS objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" which

mention or reference the persons identified in its Initial Disclosures, the majority of which would

have no relation to any claim or defense in this litigation.

**REQUEST FOR PRODUCTION NO. 70**

All documents mentioning or referencing any person identified by Kove in its Initial Disclosures (and any Amendments thereto).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" which mention or reference the persons identified in Kove's Initial Disclosures (which include disclosure of AWS employees), the majority of which would have no relation to any claim or defense in this litigation.

**REQUEST FOR PRODUCTION NO. 71**

All documents that support or relate to any of Your defenses (whether affirmative, equitable, or otherwise) or Your contentions and counterclaims in Your Answer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71**

AWS objects to this Request because it seeks documents that are protected by the attorney-client privilege and work-product doctrine. AWS objects to this Request as nonsensical to the extent it seeks documents related to AWS's "Answer," because AWS has not yet filed an Answer.

**REQUEST FOR PRODUCTION NO. 72**

All documents that support or relate to Your contention that this case is exceptional under 35 U.S.C. § 285 entitling You to an award of Your reasonable attorneys' fees and costs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72**

AWS objects to this Request because it seeks documents that are protected by the attorney-client privilege and work-product doctrine. AWS objects to this Request as nonsensical to the extent it seeks documents related to AWS's "contention that this case is exceptional," because AWS has not yet filed an Answer.

36

**REQUEST FOR PRODUCTION NO. 73**

All documents that discuss, refer to, or evidence any communications between You and any other party regarding Kove' patents or this litigation, including, without limitation, any joint defense agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73**

AWS objects to this Request as seeking information protected by the attorney-client

privilege or the work-product doctrine.

**REQUEST FOR PRODUCTION NO. 74**

All documents constituting, identifying, describing, or referencing any insurance policies relating to this lawsuit (including but not limited to all insurance or indemnity agreements under which some person or entity may be liable to reimburse You, in whole or in part, for a judgment, fees, or expenses in this matter).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74**

AWS objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case to the extent that AWS's insurance policies are not

relevant to any of the claims or defenses in this litigation.

**(NOTE: 75-76 NOT INCLUDED)**

**REQUEST FOR PRODUCTION NO. 77**

All documents constituting, identifying, describing, or referencing Your corporate licensing policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77**

AWS objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" related to

AWS's corporate licensing policies, including those policies that are not related to the Asserted

Patents or Amazon S3 and DynamoDB.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which describe AWS's intellectual property licensing policies.

## REQUEST FOR PRODUCTION NO. 78

All documents identifying, describing, or referencing Your document retention policies.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 78

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" related to AWS's document retention policies.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, setting forth AWS's document retention policies.

## REQUEST FOR PRODUCTION NO. 79

All documents identifying, describing, or referencing Your corporate policies and actual practices regarding patent searches, product clearances, right to use opinions, or other mechanisms, if any, to obtain licenses prior to general commercial availability of products and/or services so as to avoid infringement of patents, such as the Asserted Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 79

AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "product clearances," "right to use opinions," and "other mechanisms."

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, setting forth AWS's policies regarding third-party owned intellectual property.

**REQUEST FOR PRODUCTION NO. 80**

All documents identifying, describing, or referencing which Accused Products embody or relate to any patents or patent applications which You own, have an ownership interest in, or are subject to a license agreement involving You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80**

AWS objects to this Request as seeking documents and information protected by the attorney-client privilege and the work-product doctrine.

**REQUEST FOR PRODUCTION NO. 81**

All information regarding license agreements, settlement agreements, royalty agreements, technology transfers, covenants not to sue or authorization-to-use agreements (whether or not a formal agreement was reached in each of these cases), entered into by You concerning patents or patent applications that relate in any way to the Accused Products, including but not limited to the number and nationality of such patent(s), the entity who owns each such patent(s), the amount paid by You or to You in each such license, the date each such license was entered, the date the license took effect, the date or events upon which the license terminates, and the exclusive or non-exclusive nature of the license.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81**

AWS objects to this Request as overly broad and vague and ambiguous, particularly with respect to the term(s) "relate in any way to the Accused Products."

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request, within its possession, custody, or control, if any, relating to intellectual property licenses for Amazon S3 and DynamoDB.

**REQUEST FOR PRODUCTION NO. 82**

Documents sufficient to show the quantity sold, gross revenue, net revenue, cost of goods sold, and profits for Your sales of the Accused Products, on a month-to-month basis commencing from six years prior to the filing of this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks documents related to "quantity sold" "net revenue," "cost of goods sold," and "profits" related to sales of Amazon S3

39

and DynamoDB. AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "quantity sold" and "cost of goods sold." AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks highly confidential documents and information for products and services that Kove has not sufficiently identified as infringing the Asserted Patents.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which are sufficient to show gross sales and revenue information for DynamoDB and Amazon S3 for 2012-18.

## REQUEST FOR PRODUCTION NO. 83

Documents sufficient to show the incremental quantity sold, incremental gross revenue, incremental net revenue, incremental cost of goods sold, and profits for Your sales of the Accused Products, on a month-to-month basis commencing from six years prior to the filing of this lawsuit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 83

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks documents related to "incremental quantity sold," "incremental net revenue," "incremental cost of goods sold," and "profits" related to sales of Amazon S3 and DynamoDB on a "month-to-month basis." Amazon objects to this Request as vague and ambiguous, particularly with respect to the term "incremental." AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks highly confidential documents and information for products and services that Kove has not sufficiently identified as infringing the Asserted Patents. AWS objects to this Request as duplicative of Request No. 82.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if

40

2914281.10

any, which are sufficient to show gross sales and revenue information for DynamoDB and

Amazon S3 for 2012-18.

**REQUEST FOR PRODUCTION NO. 84**

All documents identifying, describing, or referencing profits and losses (e.g., profit and loss statements) for the business unit(s) responsible for revenue and/or sales relating to each of the Accused Products, beginning no later than three years before the first use of each of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84**

AWS objects to this Request as over broad and unduly burdensome and disproportionate

to the needs of this case because it seeks information regarding profits and losses which is not

relevant to this case, and information relating to sales which have no relation to Amazon S3 or

Dynamo DB. AWS objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case to the extent that it seeks highly confidential documents

and information for products and services that Kove has not sufficiently identified as infringing

the Asserted Patents.

Subject to the foregoing general and specific objections, AWS will produce relevant and

non-privileged documents responsive to this Request within its possession, custody, or control, if

any, which are sufficient to show sales and revenue information for S3 and DynamoDB for

2012-18.

**REQUEST FOR PRODUCTION NO. 85**

All documents identifying, describing, or referencing the commercial success and/or popularity of each of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85**

AWS objects to this Request as vague and ambiguous, particularly with respect to the

term(s) "commercial success and/or popularity."

2914281.10

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, such as consumer reviews, customer surveys, and blog posts and articles related to Amazon S3 and DynamoDB.

## REQUEST FOR PRODUCTION NO. 86

All documents identifying, describing, or referencing market reception of each of the Accused Products, including internal, third party, and end user reviews.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 86

AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "market reception." AWS objects to this Request to the extent it prematurely seeks expert opinions and discovery. AWS objects to this Request as duplicative of Request No. 85.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, such as consumer reviews, customer surveys, and blog posts and articles related to Amazon S3 and DynamoDB.

## REQUEST FOR PRODUCTION NO. 87

All documents identifying, describing, or referencing Your use of the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 87

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" related to Amazon S3 and DynamoDB. AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "use of." AWS objects to this Request as duplicative of Kove's numerous other Requests which seek documents describing the use of Amazon S3 and DynamoDB, including Requests Nos. 11, 12, 13, and 14.

**REQUEST FOR PRODUCTION NO. 88**

All documents identifying, describing, or referencing Your customers' use of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" related to Amazon S3 and DynamoDB. AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "use of." AWS objects to this Request as duplicative of Kove's numerous other Requests which seek documents describing the use of Amazon S3 and DynamoDB, including Requests Nos. 11, 12, 13, and 14.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, such as user manuals, instructional videos, case studies, white papers, use cases, and blog posts and articles.

**REQUEST FOR PRODUCTION NO. 89**

All documents identifying, describing, or referencing how You monetize or derive revenue from the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks highly confidential documents and information for products and services that Kove has not sufficiently identified as infringing the Asserted Patents. AWS objects to this Request as duplicative of Requests Nos. 31, 57, 82, 83, and 84.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if

43

any, which are sufficient to show sales and revenue information for Amazon S3 and DynamoDB

for 2012-18.

**REQUEST FOR PRODUCTION NO. 90**

All documents identifying, describing, or referencing the total amount, applicable royalty base, and applicable royalty rate paid by You to any third parties in connection with the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90**

AWS objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case to the extent that it seeks highly confidential documents

and information for products and services that Kove has not sufficiently identified as infringing

the Asserted Patents.

Subject to the foregoing general and specific objections, AWS will produce relevant and

non-privileged documents responsive to this Request within its possession, custody, or control, if

any, which are sufficient to identify any royalties paid by AWS to third-parties related to

Amazon S3 and DynamoDB.

**REQUEST FOR PRODUCTION NO. 91**

All of Your annual and quarterly reports (or equivalents) commencing from six years prior to the filing of this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91**

AWS objects to this Request as vague and ambiguous, particularly with respect to the

term(s) "or equivalents."

Subject to the foregoing general and specific objections, AWS will produce relevant and

non-privileged documents responsive to this Request within its possession, custody, or control, if

any, which constitute AWS's annual or quarterly reports during the identified time frame.

**REQUEST FOR PRODUCTION NO. 92**

All documents identifying, describing, or referencing the demand, value, revenue, profitability, and income from all versions of each of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks highly confidential documents and information for products and services that Kove has not sufficiently identified as infringing the Asserted Patents. AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" related to "the demand, value, revenue, profitability and income from" Amazon S3 and DynamoDB.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which are sufficient to show sales and revenue information for S3 and DynamoDB for 2012-18.

**REQUEST FOR PRODUCTION NO. 93**

Documents sufficient to demonstrate the accounting practices used by You to account for  sales, profit margin, cost, income for and/or from, or other financial benefit realized by You, related to the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case because AWS's accounting practices are irrelevant to any claim or defense in this case. AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "accounting practices used."

## REQUEST FOR PRODUCTION NO. 94

All documents identifying, describing, or referencing the follow-on sales for other products   (e.g., accessories, software, hardware, maintenance, extended warranties, etc.) based on the sales, launch and/or use of the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 94

AWS objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case to the extent that it seeks highly confidential documents

and information for products and services that Kove has not identified as infringing the Asserted

Patents.  AWS objects to this Request as vague and ambiguous, particularly with respect to the

term(s) "follow-on sales" and "other products."

## REQUEST FOR PRODUCTION NO. 95

All documents identifying, describing, or referencing the sale of other products or services   by You that result from the use of the Accused Products by Your subscribers, customers, partners, distributors (such as retail establishments), target audience(s) and/or other users. This includes, but is not limited to, documents related to the quantity sold, gross revenue, net revenue, cost of goods sold, and profit related to the sale of other products or services that result from the use of the Accused Products by Your subscribers, customers, partners, distributors (such as retail establishments), target audience(s) and/or other users.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 95

AWS objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case to the extent that it seeks highly confidential documents

and information for products and services that Kove has not sufficiently identified as infringing

the Asserted Patents and that have no relevance to this dispute.  AWS objects to this Request as

vague and ambiguous, particularly with respect to the term(s) "other products" and "result from

the use."

## REQUEST FOR PRODUCTION NO. 96

All documents identifying, describing, or referencing direct and/or indirect financial benefits that accrue to You through the use of the Accused Products by Your subscribers,

46

customers, partners, distributors (such as retail establishments), target audience(s) and/or other users.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 96

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks highly confidential documents and information for products and services that Kove has not sufficiently identified as infringing the Asserted Patents. AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "indirect financial benefit."

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which are sufficient to show sales and revenue information for Amazon S3 and DynamoDB for 2012-18.

## REQUEST FOR PRODUCTION NO. 97

All documents that discuss, refer to, or evidence any advertising, marketing, or sales materials related to any of the Accused Products, including, without limitation, television, video, internet, and radio advertisements related to the Accused Products, consumer surveys and market analyses.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 97

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks advertising, marketing, or sales materials for products or features that that do not relate to any claim or defense in this litigation.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, such as advertising or marketing materials, consumer surveys, and market studies for Amazon S3 and DynamoDB.

2914281.10

**REQUEST FOR PRODUCTION NO. 98**

All documents constituting, identifying, describing, or referencing the promotion, branding, marketing or advertising, by or for You, of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98**

AWS objects to this Request as duplicative of Request No. 97.

**REQUEST FOR PRODUCTION NO. 99**

All documents evidencing, identifying, describing or referencing the benefits and/or detriments of each of the Accused Products, including but not limited to presentations, brochures, surveys, usage statistics, promotional materials, advertisements, or websites.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that ii seeks documents or information about Amazon S3 and DynamoDB that describe "benefits or detriments" of each product that are unrelated to any of the claims or defenses in this litigation. AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "benefits and/or detriments."

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, such as user guides, technical manuals, developer guides, advertising and marketing materials, consumer surveys, and market studies for Amazon S3 and DynamoDB.

**REQUEST FOR PRODUCTION NO. 100**

All documents evidencing, identifying, describing or referencing the benefits derived by consumers when using each of the Accused Products, including but not limited to faster response, ease of use, improved access to content, improved product discovery, or other benefits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100**

AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "benefits derived by." AWS objects to this Request as duplicative of Request No. 99.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which describe the functionality of Amazon S3 and DynamoDB, such as white papers, use cases, developer and user guides, and advertising and marketing materials.

## REQUEST FOR PRODUCTION NO. 101

All documents evidencing, identifying, describing or referencing the benefits that You receive, derive, etc. from the use of each of the Accused Products, including but not limited to increased revenues, cost reductions, additional sales, enhanced brand image, or other benefits.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 101

AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "benefits that You receive, derive, etc." and "enhanced brand image." AWS objects to this Request as duplicative of Requests Nos. 31, 57, 82, 83, 84, 89, and 99.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which describe the revenue AWS has received from Amazon S3 and DynamoDB from 2012-18.

## REQUEST FOR PRODUCTION NO. 102

All documents evidencing, identifying, describing or referencing internal studies and/or industry studies performed to quantify the benefits of each of the Accused Products related to non-accused functionalities and/or competing technologies.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 102

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the given that it explicitly seeks documents related to "non-accused functionalities" of Amazon S3 and DynamoDB, which are not related to any claim or defense in the case. AWS objects to this Request as vague and ambiguous, particularly with

respect to the phrase "quantify the benefits of each of the Accused Products related to non-accused functionalities and/or competing technologies."

## REQUEST FOR PRODUCTION NO. 103

All documents evidencing, identifying, describing or referencing You negotiating, corresponding, offering, discussing, etc. the sale, use, or license of any of the Accused Products to anyone other than You.  This includes any costs, fees, or revenues associated with the negotiating, corresponding, offering, discussing, etc.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 103

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" related to a myriad of different and unrelated aspects of Amazon S3 and DynamoDB.  AWS objects to this Request as duplicative of several other Requests which seek "[a]ll documents" related to "negotiating, corresponding, offering, discussing, etc., the use, sale, or licensing" of Amazon S3 or DynamoDB.

## REQUEST FOR PRODUCTION NO. 104

All documents evidencing, identifying, describing or referencing the importance, significance, benefits, etc. to You, Your products and service offerings, and Your overall business strategy, as part of Your use of each of the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 104

AWS objects to this Request as vague and ambiguous, overly broad and unruly burdensome particularly with respect to the term(s) "importance,   significance, benefits, etc." and "overall business strategy."  AWS objects to this Request as duplicative of several other Requests, including Requests Nos. 11, 12, 13, 22, 25, and 26.

## REQUEST FOR PRODUCTION NO. 105

All documents evidencing, identifying, describing or referencing analyst reports pertaining   to You and/or Your use of each of the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 105

AWS objects to this Request as vague and ambiguous, particularly with respect to the

term(s) "analyst reports."

Subject to the foregoing general and specific objections, AWS will produce relevant and

non-privileged documents responsive to this Request within its possession, custody, or control, if

any, which are third-party analyses of Amazon S3 and DynamoDB.

## REQUEST FOR PRODUCTION NO. 106

All documents evidencing, identifying, describing or referencing Your possession or
access to patent applications submitted by Kove to the USPTO that were, at the time of Your
possession or access, confidential.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 106

AWS objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case to the extent that it seeks documents that are unrelated

to the Asserted Patents. AWS objects to this Request as vague and ambiguous, particularly with

respect to the term(s) "access to patent applications."

Subject to the foregoing general and specific objections, AWS will produce relevant and

non-privileged documents responsive to this Request within its possession, custody, or control, if

any, which reference the Asserted Patents.

## REQUEST FOR PRODUCTION NO. 107

Documents sufficient to identify where (geographically) the servers which host, provide  access
to, make available or which have hosted, provided access to, or made available the Accused
Products, are located.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 107

AWS objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case to the extent that the geographic locations of its servers

is unrelated to any claim or defense in this case. AWS objects to this Request as vague and

ambiguous, particularly with respect to the term(s) "host, provide access to, make available" as they relate to Amazon S3 and DynamoDB.

## REQUEST FOR PRODUCTION NO. 108

All documents constituting, identifying, describing, or referencing customer-use studies, surveys, reports, tracking data, estimates, statistics, metrics, analytics, web analytics (including, but not limited to, documents generated using web analytics software such as Omniture, Webtrends, Coremetrics, SiteSpect, SAS, Google Analytics, Bango Analytics, other similar analytic software, or any other analytic tool of which You are aware), page hits, conversion rates, profitability studies, and business plans regarding how and to what extent Your customers, users of the Accused Products, or others of whom You are aware, access and/or make use of the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 108

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" related to a myriad of different and unrelated aspects of Amazon S3 and DynamoDB. AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "to what extent Your customers . . . access and/or make us of."

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, such as customer surveys, consumer studies, or web analytics information.

## REQUEST FOR PRODUCTION NO. 109

Documents identifying the extent of U.S. and Worldwide use of each of the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 109

AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "extent of . . . use."

**REQUEST FOR PRODUCTION NO. 110**

All documents constituting, identifying, describing, or referencing internal and/or external studies regarding views of each of the Accused Products, including but not limited to studies discussing, identifying, describing, or referencing actual or potential revenue (through sales, advertisements, etc.) or costs associated with each view of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110**

AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "views of each Accused Product" and "costs associated with each view of." AWS objects to this Request as duplicative of several other Requests to the extent it seeks sales or revenue information related to Amazon S3 and DynamoDB.

**REQUEST FOR PRODUCTION NO. 111**

All documents and things referring or relating to the planning, research, design, development, creation, testing, manufacture, use, operation and project layout, and system architecture of the Accused Products, including memoranda, technical reports, testing data and reports, notes, e-mails, "white papers," specifications, flow charts, laboratory notebooks, pseudo-code, development records, timelines, invention disclosures, directory structure, file placement and libraries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" related to a myriad of different aspects of Amazon S3 and DynamoDB unrelated to any claims or defenses in this case. AWS also objects to this Request as vague and ambiguous, particularly with respect to the term(s) "planning, research, design, development, creation, testing, manufacture, use, operation and project layout, and system architecture." AWS objects to this Request as duplicative of the multiple prior Requests seeking documents related to the development, testing, use, and operation of Amazon S3 and DynamoDB.

**REQUEST FOR PRODUCTION NO. 112**

All documents constituting, identifying, describing, or referencing studies, experimentation, and/or testing performed by You or on Your behalf on one or more of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks"[a]ll documents" related to aspects of Amazon S3 and DynamoDB, including documents related to aspects of Amazon S3 and DynamoDB that are unrelated to the Asserted Claims. AWS objects to this Request as vague and ambiguous, particularly with respect to the term(s) "studies, experimentation, and/or testing." AWS objects to this Request as duplicative of several other Requests seeking documents related to the development, testing, use, and operation of Amazon S3 and DynamoDB.

**REQUEST FOR PRODUCTION NO. 113**

All documents supporting and refuting Your assertion that the Asserted Patents are not infringed, directly or indirectly, by You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113**

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" related to AWS's defenses to alleged infringement of the Asserted Patents. AWS objects to this Request to the extent it prematurely seeks expert opinions and discovery regarding the allegedly infringing features of Amazon S3 and DynamoDB as well as construction of the Asserted Claims. AWS objects to this Request because it seeks documents protected by the attorney client privilege or attorney work product doctrine.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which describe the relevant technical aspects of Amazon S3 and DynamoDB on which AWS intends to rely.

## REQUEST FOR PRODUCTION NO. 114

All documents supporting and refuting each of Your answers to Kove's interrogatories served on You.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 114

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" related to its answers to Kove's interrogatories. AWS objects to this Request because it seeks documents protected by the attorney client privilege or attorney work product doctrine.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, identified in or upon which AWS relied in preparing its responses to Kove's interrogatories.

## REQUEST FOR PRODUCTION NO. 115

All documents that You contend are relevant to a determination of a reasonable royalty in this case.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 115

AWS objects to this Request as vague and ambiguous, given that AWS has not yet made contentions as to a reasonable royalty. AWS objects to this Request to the extent it prematurely seeks expert opinions and discovery regarding the allegedly infringing features of Amazon S3 and DynamoDB, as well as construction of the Asserted Claims.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which AWS contends are relevant to a determination of a reasonable royalty in this case.

## REQUEST FOR PRODUCTION NO. 116

All documents that refer or relate to Your contentions as to reasonable royalties pursuant to 35 U.S.C. § 284 for infringement of the Asserted Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 116

AWS objects to this Request as vague and ambiguous, given that AWS has not yet made contentions as to a reasonable royalty. AWS objects to this Request to the extent it prematurely seeks expert opinions and discovery regarding the allegedly infringing features of Amazon S3 and DynamoDB, as well as construction of the Asserted Claims. AWS objects to this Request as duplicative of Request No. 115.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, which AWS contents are relevant to a determination of a reasonable royalty in this case.

## REQUEST FOR PRODUCTION NO. 117

All documents supporting and refuting any assertion by You as to the amount of reasonable royalty Kove would be entitled to for each Accused Products if the Asserted Patents are found to be valid and infringed by You.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 117

AWS objects to this Request to the extent it prematurely seeks expert opinions and discovery regarding the allegedly infringing features of Amazon S3 and DynamoDB, as well as construction of the Asserted Claims. AWS objects to this Request because it seeks documents protected by the attorney client privilege or attorney work product doctrine. AWS objects to this Request as duplicative of Requests No. 115 and 116.

2914281.10

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request, within its possession, custody, or control, if any, relating to IP licenses for Amazon S3 and DynamoDB.

## REQUEST FOR PRODUCTION NO. 118

All license agreements and/or settlement agreements (including covenants not to sue and  the like) relating to or covering any of the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 118

AWS objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks license or settlement agreements that relate to Amazon S3 and DynamoDB but are unrelated to the claims and defenses in this litigation.  AWS objects to this Request to the extent that it seeks documents that are protected by confidentiality agreements with third-parties.  AWS objects to this Request as duplicative of Request No. 81.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request, within its possession, custody, or control, if any, relating to IP licenses for Amazon S3 and DynamoDB.

## REQUEST FOR PRODUCTION NO. 119

The file histories of Your patents or patent applications in which You have cited or the examiner has cited the Patents-in-Suit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 119

AWS objects to this Request to the extent that files relating to U.S. patents are publicly available and could therefore be located by Kove through less burdensome means.

Subject to the foregoing general and specific objections, AWS will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if

any, which constitute the file histories of patents owned by or assigned to AWS in which AWS

or the examiner cited the Patents-in-Suit.

Dated: July 24, 2019                                    Respectfully Submitted,

                                                       AMAZON WEB SERVICES, INC.

                                                       By: */s/ Terri L. Mascherin*

                                                       Terri L. Mascherin
                                                       Michael Babbitt
                                                       Michael T. Werner
                                                       JENNER & BLOCK LLP
                                                       353 N. Clark Street
                                                       Chicago, IL 60654-3456
                                                       Telephone: 312 222-9350
                                                       Facsimile: 312 527-0484
                                                       tmascherin@jenner.com
                                                       mbabbitt@jenner.com
                                                       mwerner@jenner.com

                                                       Adam Unikowsky
                                                       (pro hac vice)
                                                       JENNER & BLOCK LLP
                                                       1099 New York Ave, NW
                                                       Washington, DC 20016
                                                       Telephone: 212 639-6041
                                                       Facsimile: 202 661-4925
                                                       aunikowsky@jenner.com

                                                       *Attorneys for Defendant Amazon Web
                                                       Services, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I, Michael Werner, an attorney at the law firm of Jenner & Block LLP, certify that on

July 24, 2019, the Foregoing **AWS'S RESPONSE TO PLAINTIFF'S FIRST SET OF**

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-119),** was

electronically served on counsel of record via email.

/s/ Michael T. Werner
Michael T. Werner

2914281.10