**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Kove IO, Inc.,

Plaintiff,

v.

Amazon Web Services, Inc.,

Defendant.

Civil Action No. 1:18-cv-08175

Hon. Rebecca R. Pallmeyer

Jury Trial Demanded

**REDACTED VERSION OF DOCUMENT FILED UNDER SEAL**

**KOVE'S MEMORANDUM IN OPPOSITION TO AMAZON WEB SERVICES, INC.'S SECOND MOTION TO COMPEL AMENDMENT OF FINAL INFRINGEMENT CONTENTIONS TO CONFORM WITH LOCAL PATENT RULES**

Kove IO, Inc. ("Kove") submits this Memorandum in Opposition ("Opposition") to the Second Motion to Compel Amendment of Final Infringement Contentions to Conform with Local Patent Rules ("Motion" or "Mot.") of Amazon Web Services, Inc. ("AWS").

## I. INTRODUCTION

This is AWS's second motion to compel Kove to amend its Final Infringement Contentions. Dkt. Nos. 90, 173. During the hearing on its prior motion, AWS asked the Court to require Kove to "***tell us which language in the claim terms each of these citations relate to*** so that we can respond to it when we do our final noninfringement contentions." Ex. 2,[1] 2020/03/16 Hr. Tr., at 16:16-19 (emphasis added). AWS pointedly stated that "***we are not asking the Court to order Kove to limit its citations to a certain number or to reduce the size of the contentions***. . . . We don't have any problem with Kove including all of these citations." *Id.* at 16:9-15 (emphasis added). AWS went on to suggest that "[o]ne way that would satisfy our concern, for example, would be to number each of the citations in this part of the claim chart for Claim 1b; and then when Kove refers to the 'first location server,' just include a parenthetical that has the numbers of the citations that relate to that." *Id.* at 17:19-24. Kove then suggested:

> MS. HOANG: So in this example -- let me see if I understand this so we don't pass one another.
>
> In this example, if there was, say – let's say, for example, a numbering scheme, and the number said consistent hasher square parenthetical 1; and you could search for that square parenthetical 1, and it would take you to Page 29 where it talks about the consistent hasher, that would be adequate?
>
> Because, again, it's just a matter of either searching for the square parenthetical 1 or searching for the word 'hasher' because the citations will be the same. They have to be the same.
>
> MS. MASCHERIN: ***That's fine.***

---

[1] The numbered exhibits (*e.g.*, "Ex. 2") cited herein refer to exhibits filed with AWS's Motion (Dkt. No. 173), while the lettered exhibits (*e.g.*, "Ex. A") refer to exhibits appended to this Opposition.

*Id.* at 25:5-17 (emphasis added).

The Court ordered Kove to "***make[] a better stab at linking each of the citations to specific claim terms or individual clauses within the claim terms, if that's possible***." *Id.* at 26:13-15 (emphasis added). Kove's counsel responded, without disagreement from AWS:

> MS. HOANG: We will do our best, your Honor.
>
> I guess, just so we don't wind up disappointing anyone, we will put in the corresponding numerical citation, I guess. It's not going to change the length, obviously. I think we all agree on that, that the citations aren't overvoluminous or anything like that. It's just a matter of perhaps more easily locating one element within a chart to a different place in the chart, and we will endeavor to do that, your Honor.
>
> But in terms of being able to distill it down to something that might be instantaneously understandable to someone not well versed in this, again, I continue to press that that is unlikely.

*Id.* at 26:16-27:3.

Kove's Second Amended Final Infringement Contentions ("Contentions") not only provide precisely what the Court ordered, they go well *beyond* that by pointing to specific subsets of citations that Kove believes are the "best" evidence it currently has available for each claim element.[2]

Having received what it asked the Court for (and more), AWS now seeks another bite at the same apple. But there is nothing more to be had. Kove has "link[ed] each of the citations to specific claim terms or individual clauses within the claim terms," as the Court ordered. Kove has provided specific source code line citations to individual claim elements and sub-elements. Kove

[2] Upon receiving Kove's Amended Final Infringement Contentions pursuant to the Court's order, AWS again complained to Kove, this time arguing that the *number of citations* were too numerous for it to review — something directly contrary to what it had represented to the Court. Rather than having AWS burden the Court with a second motion, Kove agreed to provide "best of" citations. After receiving that, AWS complained yet again, this time about "missing" source code citations. When Kove painstakingly pointed out that claim elements and sub-elements were paired with *precise* lines of source code, AWS then complained that the number of lines and source code packages are too voluminous. *See* Ex. 11, 2020/07/03 Letter from Kove to AWS.

has even highlighted which of its citations it believes to be the "best" evidence available to it.

Newly dissatisfied, AWS now complains that "Kove has not reduced the number of source code citations."[3] Mot. at 4. This not only is an about-face from AWS's position in the hearing where it conceded that "***we are not asking the Court to order Kove to limit its citations to a certain number or to reduce the size of the contentions …. We don't have any problem with Kove including all of these citations***," it is also improper.[4] Ex. 2, 2020/03/16 Hr. Tr., at 16:9-15 (emphasis added). Local Patent Rule 2.2 plainly does not require Kove to "limit its citations to a certain number" or to "reduce the size of its contentions."

AWS also seeds its Motion with repeated recitations of the *number* of source code lines cited, hoping perhaps, to overwhelm the Court with their numerosity. In doing so, AWS leaves out critical context. Although the Court self-describes as being "no software expert" (Ex. 2, 2020/03/16 Hr. Tr., at 21:23-22:4), expertise is not needed to understand that software products utilize *millions* of lines of code (especially those as complex as AWS's S3 accused product, which manages *trillions* of data objects[5]).[6] Kove's Contentions point to less than *2%* of the nearly *9*

---

[3] AWS begins its Motion by asking the Court "to direct Kove to identify the specific lines of code that allegedly meet each of these claim limitations." Mot. at 2. But as the Motion eventually makes clear, Kove already provided pinpoint line citations to AWS's code *months* ago.

[4] Kove understood from the Court's comments during the hearing that the issue is not the *amount* of evidence cited, but rather the way it was organized at the time:

> THE COURT: I am really struggling with this because I'm no software expert myself, but it really does look completely overwhelming to me.
>
> I wonder whether there is some way that you could, for example, provide your laundry list but then maybe highlight the best example of a place in the software where all of these things are exhibits.

Ex. 2, 2020/03/16 Hr. Tr. at 21:23-22:4. Kove's revised contentions provided the reorganization, as well as the "best example" indication the Court suggested.

[5] https://aws.amazon.com/blogs/aws/amazon-s3-the-first-trillion-objects/#:~:text=Late%20last%20week%20the%20number,every%20star%20in%20our%20Galaxy.

[6] Should the Court determine that expertise is required to evaluate whether the amount of code cited

*million lines of code* that AWS has made available for inspection. Goodrich Decl. at ¶¶ 16-22. This ratio underscores not only the vastness of the code associated with the accused products, but also the relative precision of Kove's contentions.

But perhaps the most compelling evidence that refutes AWS's hyperbolic claims that Kove's Contentions are "incomprehensible" (Mot. at 1, 3, 4) and "impossible" to understand (*id.* at 1, 5, 6, 9, 10, 12, 14) comes from AWS's own non-infringement contentions. AWS's Final Non-Infringement Contentions, served on August 13, 2020, directly respond to Kove's Contentions. Totaling nearly 500 pages, AWS's non-infringement contentions affirmatively cite to *hundreds of thousands of lines of its source code*, making evident that these quantities of code are par for the course in cases this like one.[7] Moreover, AWS's non-infringement contentions *directly* address Kove's source code citations, often pointing to them with specificity. In other words, when setting forth its own defensive contentions, AWS is well able to comprehend Kove's allegedly "incomprehensible" citations.

## II. ARGUMENT

AWS's Motion "asks the Court to direct Kove to identify the specific lines of code that allegedly meet each of" three claim limitations: "redirects," "hash functions" or "hash tables," and "predetermined performance limit." Mot. at 1-2. Kove's Contentions *already provide* this information. As set forth in detail below for the three claim elements at issue, the Contentions provide Kove's infringement theories, including the specific lines of source code that pertain to each sub-limitation.

AWS knows this, which is why the bulk of its Motion is spent arguing that Kove's source

by Kove is reasonable in the context of the asserted claim and accused products, Kove provides a Declaration ("Goodrich Decl.") by its technical expert, Dr. Michael Goodrich, attesting to the same.

[7] AWS's Final Non-infringement Contentions are appended hereto as Exhibits A-G.

code and line citations are actually too voluminous. But as AWS and its expert, Dr. Michael Mitzenmacher, well know, the accused products are comprised of many *millions* of lines of code, at least tens of thousands of lines of which are implicated in the accused functionality.

### A. Kove's Contentions Cite the Smallest Possible Subset of Code and Identify the "Best" Known Evidence for Each Limitation

Kove's infringement theories are set forth in three connected parts: **(1) a narrative description** explicitly mapping each claim limitation to the components of the Accused Products that read on that limitation; **(2) citations to exemplary source code files** which, in tandem, embody that mapping; and **(3) citations to the specific lines of code** within those exemplary files that are relevant to Kove's mapping and that are accompanied by a source code-level narrative description that identifies the key source code functions.

#### 1. Kove's Contentions Expressly Detail Where the "Redirect Message" Element is Found in DynamoDB

Kove's Contentions with respect to the "redirect message" are illustrative of its approach. Claim 17c of the '640 patent recites:

> [1] in response to receiving a data location request from a client to retrieve a location string associated with an identification string provided in the data location request,
> [2] transmitting a **redirect message** to the client if the identification string is not associated with a location string at the data location server,
> [3] wherein the **redirect message** contains information for use by the client to calculate a location of a different data location server in the plurality of data location servers, wherein the different data location server contains the location string.

Kove's Contentions divide claim 17c into the three sub-limitations shown above. For each sub-limitation, Kove provides a parenthetical description mapping the sub-limitation onto the specific components of DynamoDB that practice that sub-limitation. For example, Kove provides the following mapping for sub-limitation 2:

> **transmitting a redirect message to the client if the identification string is not associated with a location string at the data location server**


*see also* Ex. G, Source Code Citation 2, 5, 6, 7, 9).

Ex. 6, Kove's Contentions (Ex. C.), at 20-21 (coloring added).

The parenthetical description for sub-limitation 2 (in red text above) maps the transmission of the redirect message onto three DynamoDB operations: [REDACTED] Kove then cites to the eight exemplary source code files (green) that it believes most clearly describe those three operations.

For each source code file, Kove identifies citations to and descriptions of the relevant lines of source code within those files. For ease of readability (something AWS complained of it in its March 11, 2020 motion, which Kove has since addressed), Kove moved these citations into a separate Source Code Appendix, which is readily cross-referenced. For example, Kove's Source Code Appendix contains pinpoint citations to the lines of code, and verbal descriptions of the associated functions, for each aspect of [REDACTED] related to Kove's infringement theories. In particular, [REDACTED] The specific lines of source code pertaining to each function is identified in a parenthetical:



*See also, e.g.*,

Ex. 10, Kove's Contentions (Ex. G), at 4 (coloring added).

Similarly, Kove's citations to

*See also, e.g.*,

*Id.* (coloring added). Kove's citations to

The second DynamoDB operation that Kove maps to the transmission of the "redirect message," is embodied in the source code files

*See also, e.g.*,



[redacted]

*Id*. at 20 (coloring added). The function [redacted]

[redacted]

*See also, e.g.*, [redacted]

*Id*. at 28 (coloring added) [redacted]

The third operation that Kove maps onto the transmission of the "redirect message," [redacted] is embodied in [redacted]



*See also, e.g.*,

*Id.* at 4-5. Finally, to complete Kove's showing of the transmission of a "redirect message," Kove's citations to the files

### 2. Kove's Contentions Expressly Detail Where the "Hash Function" and "Hash Table" Elements Are Found in DynamoDB

In the same manner described above, Kove sets forth its theories of infringement for the "hash function" and "hash table" limitations in three logically connected parts. Kove's Contentions for claim 2 of the '170 patent are illustrative.

Claim 2 of the '170 patent recites, "The system of claim 1, wherein the location information comprises any portion of a **hash table** generated with the hash function." Kove's Contentions first provide a narrative (red), explaining how the claim maps to relevant components of Dynamo DB:

Each Accused Instrumentality is the system of claim 1, **wherein the location information comprises any portion of a hash table generated with the hash function**





> [redacted] *see also* Ex. G, Source Code Citation 2, 3, 4, 5).

Ex. 5, Kove's Contentions (Ex. B), at 26 (coloring added). The "location information" of claim 2 maps to the [redacted]

Kove also identifies seven exemplary source code files that embody the claim (green). Citations to [redacted]

> *See also, e.g.,* [redacted]

Ex. 10, Kove's Contentions (Ex. G), at 5, 11. [redacted]

embody the dependent limitations that claim 2 of the '170 patent inherits from claim 1.

### 3. Kove's Contentions Expressly Detail Where "Transferring a Portion of the Identifiers and Associated Locations" Based on a "Predetermined Performance Limit" Is Found in S3

Kove's Infringement Contentions for S3 clearly set forth its theories of infringement for claim 17e of the '978 patent. Claim 17e recites that the "location servers" appearing throughout the asserted claims must be capable of "transferring a portion of the identifiers and associated locations to a second data location server when a performance criterion of the first location server reaches a predetermined performance limit." Kove's Contentions read this limitation onto two sets of "location servers": For example, Kove maps limitation 17e to six triggering events that initiate the transfer of location information


transferring a portion of the identifiers and associated locations to a second data location server when a performance criterion of the first location server reaches a predetermined performance limit



[redacted] *see also* Ex. F, Source Code Citation 6, 12, 13;

Ex. 7, Kove's Contentions (Ex. D), at 30-31 (coloring added). [redacted] Kove cites nine exemplary source code files (green) that embody this mapping.

The files [redacted] are used to determine when the "predetermined performance limit" of claim 17e has been breached. For example, citations to [redacted]

*See also, e.g.,* [redacted]

*Id.* at 16 (coloring added). Similarly, citations to [redacted]

Citations to [redacted] embody the "transferring" limitation of claim 17e. In particular, citations to [redacted]



*See also, e.g.,*

Ex. 9, Kove's Contentions (Ex. F), at 16 (coloring added). Citations to

.[8]

### B. It Is Common for Vast Quantities of Source Code to Be Implicated in Infringement by Complex Software Products

For each limitation of each claim, Kove cites between five to ten source code files that it contends embodies and constitutes Kove's best known evidence of infringement for that limitation.[9] Each file cites to, at most, a few hundred lines of code.

To put this in perspective, the "thousands of lines" of code cited by the Source Code Appendices as a whole constitute less than ***2% of the more than 9 million lines of source code*** AWS has produced for Kove's review. Such citations are well below par for litigations involving

[8] AWS's Motion asserts in conclusory fashion that Kove's analysis for purportedly has the same deficiencies as Kove's analysis for (Mot. at 14.) Kove's analysis for is described with the same level of detail as the above-described analysis for

[9] AWS alleges that, "Rather than providing citations to specific lines of code, Kove has merely rearranged the laundry list of code citations, and Kove continues to cite entire code packages rather than specific lines of code." AWS Mot. at 1. Leaving aside the fact that AWS *moved for* – and the Court ordered – Kove to undertake the very "rearranging" that AWS now criticizes (*supra* at 1), Kove's Contentions identify source code *files*, not simply "packages," which sit at a higher level and have less granularity, as well as specific lines of code corresponding to each limitation and, where possible, sub-limitation.

complex software. For example, AWS's own expert, Dr. Mitzenmacher, has testified at trial that million lines of code can be infringing source code. Goodrich Decl. at ¶ 20. Furthermore, Kove's citations within its Source Code Appendix comprise citations to specific lines of code, and descriptive language linking those line-by-line citations to the proofs that they support.[10] Goodrich Decl. at ¶¶ 24-28.

AWS's responsive Final Non-Infringement Contentions demonstrate the clarity of Kove's source code citations. Goodrich Decl. at ¶¶ 29-30. For example, despite claiming in its Motion that Kove's source code citations with respect to the "hash table" limitation of claim 2 of the '170 patent are "incomprehensible" (Mot. at 6), AWS is nevertheless able to identify and critique the specific [REDACTED] contained in Kove's Contentions relating to the "hash table" limitation. *See* Ex. C, AWS Final Non-Infringement Contentions (Ex. B), at 39.

## III. CONCLUSION

For the foregoing reasons, AWS's Motion should be denied.

[10] By contrast, the Source Code Appendix cited by AWS's own Final Non-Infringement Contentions consists of undifferentiated citations to 268 source code files, comprising ***hundreds of thousands of lines of source code***, without any descriptive language setting forth what those citations allegedly prove. *See* Ex. G, AWS Final Non-Infringement Contentions (Appendix A).

August 17, 2020

Respectfully submitted,

/s/ *Khue V. Hoang*

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
Holly H. Campbell
hcampbell@thompsoncoburn.com
THOMPSON COBURN LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500

Sarah O. Jorgensen (*pro hac vice*)
sjorgensen@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (404) 609-1040
Telecopier: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
1615 M Street, NW, Suite 300
Washington, DC 20036
Telephone: (202) 894-7310
Telecopier: (650) 623-1449

Khue Hoang (*pro hac vice*)
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Wesley White (*pro hac vice*)
wwhite@reichmanjorgensen.com
Rahul Sarkar (*pro hac vice*)
rsarkar@reichmanjorgensen.com
Michael W. Marvin (*pro hac vice*)
mmarvin@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965
Telecopier: (650) 623-1449

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Jennifer P. Estremera (*pro hac vice*)
jestremera@reichmanjorgensen.com
Joachim B. Steinberg (*pro hac vice*)
jsteinberg@reichmanjorgensen.com
Michael G. Flanigan (State Bar No. 6309008)
mflanigan@reichmanjorgensen.com
Kate M. Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

*Attorneys for Kove IO, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Holly Campbell*
Holly Campbell