IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., <br><br>　　　　　　Plaintiff, <br><br>　v. <br><br>AMAZON WEB SERVICES, INC., <br><br>　　　　　　Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:18-cv-08175 <br> ) <br> ) Hon. Rebecca R. Pallmeyer <br> ) <br> ) <br> ) |

**REPLY BRIEF IN SUPPORT OF SECOND MOTION TO COMPEL
AMENDMENT OF FINAL INFRINGEMENT CONTENTIONS
TO CONFORM WITH LOCAL PATENT RULES**

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
(202) 639-6000
aunikowsky@jenner.com

Terri L. Mascherin
Timothy J. Barron
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
tmascherin@jenner.com
tbarron@jenner.com
mwerner@jenner.com

*Attorneys for Amazon Web Services, Inc.*

Kove's Second Amended Final Infringement Contentions do not comply with Rule 2.2(c) of this District's Local Patent Rules. As AWS's motion explained, those Contentions cite massive amounts of undifferentiated source code, while giving no indication of the actual functionality and source code that, according to Kove, satisfy the claim limitations.

Kove's response brief is an improvement over Kove's Second Amended Final Infringement Contentions. Unlike Kove's Second Amended Final Infringement Contentions, Kove's response brief explains the functionality in AWS's products that it accuses of infringement, and provides more specific citations to the portions of the source code which Kove contends show infringement. AWS believes that Kove's response brief is sufficiently clear to satisfy Kove's obligations under the Local Patent Rules, if the new, more specific explanations and citations are deemed to be amendments to Kove's Second Amended Final Infringement Contentions. Accordingly, AWS offered to withdraw its motion to compel so long as Kove agreed that its Second Amended Final Infringement Contentions with respect to the three functionalities raised in AWS's motion are limited to the specific contentions and supporting evidence provided in Kove's response brief. Ex. 1.

Kove, however, refused this offer. Ex. 2. The Court should grant AWS's motion and enter an order providing that Kove's contentions regarding the three functionalities at issue in AWS's motion ("redirect," "hash" limitations, and "predetermined performance limit") are limited to the contentions and supporting evidence provided in Kove's response brief.

**ARGUMENT**

**I.    Kove's Infringement Contentions Do Not Comply With Local Rule 2.2(c).**

As AWS has now explained in two motions to compel, Kove's infringement contentions do not comply with the Local Rules. In AWS's first motion, AWS explained, "Kove's contentions

for many claim elements are supposedly 'supported' by thousands of lines of irrelevant source code, often obfuscating whether Kove has cited *any* evidence relevant to the actual limitation being addressed." Dkt. 91, at 9. AWS elaborated:

> Kove should be required separately to pinpoint the specific source code that Kove contends proves infringement of each claim limitation. Indeed, Kove will plainly have to do that later on in this case. If AWS files a summary judgment motion, or if the case proceeds to trial, Kove will not be able to rely on this enormous and undifferentiated mass of documents and source code; it will have to sharpen its case and pinpoint the allegedly infringing code to the Court or to the jury. The purpose of Final Infringement Contentions is to ensure that Kove pinpoints that code *now*. Kove should not be permitted to bury the allegedly infringing code in hundreds of pages of citations, only to reveal a year from now the lines of source code it will *actually* be accusing of infringement as the case approaches trial. The LPRs are designed specifically to prevent the kind of sandbagging in which Kove is trying to engage.

*Id.* at 10–11.

The Court granted AWS's motion, characterizing the "laundry list" of code citations as "overwhelming." Dkt. 116 (3/16/2020 Transcript of Proceedings), at 21–22. As the Court explained, "if we are really going to be dealing with 74 dense pages of citations to code, I have to wonder how we are going to present this effectively to a jury. It's overwhelming even to me." *Id.* at 23.

Kove did not comply with the Court's order. In its Second Amended Final Infringement Contentions, Kove merely rearranged its citations by putting some citations in an appendix, while actually *adding* citations. Dkt. 173, at 3–6. As before, Kove buried the allegedly infringing code in hundreds of pages of citations, without revealing the actual functionality and supporting source code it is accusing of infringement. *Id.*

Kove's response brief argues that because AWS's software is complex, it should be permitted to cite many lines of code. *E.g.*, Dkt. 182, at 3–4, 13–14. Kove misses the point. The

2

problem is not the *volume* of code that Kove cites. The problem is that Kove's citations are *undifferentiated*. As AWS explained in its motion with respect to the "redirect" limitation:

> AWS's concern is not merely that Kove cites large volumes of code. AWS recognizes that DynamoDB is complicated and that large portions of the code may have at least some relevance to Kove's infringement theory. The problem is that Kove's code citations are undifferentiated. Due to Kove's citation to thousands of lines of code, it is impossible to tell which specific lines of code Kove relies upon to show that the "redirect message"—a key element of several asserted claims—ever occurs.

Dkt. 173, at 9. As this Court has already held, conclusory assertions of infringement, supported by thousands of undifferentiated lines of code, are insufficient to comply with the Local Rules.

## II. Kove's Infringement Contentions On The "Redirect" Limitations for DynamoDB Should Be Limited to the Contentions in the Response Brief.

Several asserted claims have limitations requiring a "redirect message" which points a "client" towards a "location server." Although Kove's Second Amended Final Infringement Contentions assert that AWS's DynamoDB product satisfies this limitation, it is impossible to tell from the Contentions *what* functionality, according to Kove, constitutes a "redirect message." Rather, Kove's Second Amended Final Infringement Contentions merely asserts, in conclusory fashion, that *something* in DynamoDB constitutes a "redirect message" while citing 64 code files containing 29,900 lines of code. Dkt. 173, at 6–8.

For example, Kove's Second Amended Final Infringement Contentions recite that DynamoDB satisfies the "redirect" limitation in part because ████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████ Dkt. 173, at 7. Absent from this narrative is an explanation of *where* in the software this functionality appears. Kove then cites tens of thousands of lines of source code in over 100 source

3

code files, without offering any indication of which source code actually does what Kove claims it does. *Id.*

Kove's response brief provides new information that is absent from its Second Amended Final Infringement Contentions. Kove now explains the functionality in DynamoDB that, in its view, constitutes a "redirect." For example, Kove states:



Dkt. 182, at 8. Further, in its brief, Kove highlights what it deems to be the relevant line of code in the function ▮ *Id.* at 7.

Thus, unlike Kove's Second Amended Final Infringement Contentions, Kove's brief identifies the aspect of DynamoDB that, it claims, is the "redirect message": ▮ Unlike Kove's Second Amended Final Infringement Contentions, Kove's brief identifies the function in AWS's software that allegedly is used to send the "redirect message": ▮ Finally, unlike Kove's Second Amended Final Infringement Contentions, Kove's brief provides a pinpoint citation to the code it relies on to establish such functionality, and does not bury it in thousands of lines of irrelevant source code.

Kove provides similar explanations for its positions on other aspects of the "redirect" limitation. *Id.* at 5–9. Again, in its brief Kove explains its position and cites the particular portions of the source code that, it claims, supports its position.

In AWS's view, Kove's new explanations are sufficiently clear to satisfy Kove's obligations under the Local Rules and to enable AWS and its experts to understand precisely what functions Kove contends perform the "redirect." To be clear, AWS strongly believes that ▮

4

██████████████████████████████ do not satisfy the "redirect" limitations, and AWS will make that argument in a summary judgment motion at the appropriate time. However, Kove's brief does at least provide sufficient information for AWS to comprehend Kove's *theory* as to what in DynamoDB constitutes the "redirect" and where it is in the code.

Accordingly, AWS offered to withdraw its motion if Kove stipulated that *this is its theory of infringement*. AWS asked Kove to agree that "Kove will not argue, for instance, that the alleged 'redirect message' is anything other than ██████████████████████████████ ██████████████████████████████ is in some place in the source code other than the highlighted portion identified in Kove's response brief." Ex. 1.

Kove, however, refused to agree to this stipulation, declaring AWS's request to be "premature[]." Ex. 2. It is not "premature." These are supposed to be Kove's *Final* Infringement Contentions. *Now* is the time for Kove to explain its theory of infringement. Kove's brief does that, but its Second Amended Final Infringement Contentions, as served, do not.

Of course, as Kove's letter correctly states (Ex. 2), the Local Rules permit amendments to infringement contentions if there is good cause. For instance, litigants may amend infringement contentions in response to a *Markman* ruling, new information about the parties' claim construction positions, or other good cause. However, the Local Rules do not permit a party to *withhold* its theories of infringement from its contentions for tactical advantage, as Kove seeks to do here.

Kove's refusal to limit its infringement contentions regarding the "redirect" limitations to the theory explained in its brief highlights the concern that AWS expressed in its motion to compel:

> AWS submits that, by citing thousands of lines of undifferentiated source code, Kove is seeking to obfuscate the fact that no "redirect" message ever occurs. AWS has extensively analyzed Kove's infringement contentions, and has located no code showing a

5

> "redirect message" as required by the claims. Dr. Mitzenmacher's declaration catalogues these efforts. Ex. 1, ¶¶ 53–55. As Dr. Mitzenmacher explains, he not only analyzed Kove's own descriptions of the source code in the infringement contentions, but also analyzed all of the underlying source code files on which Kove relies, and was unable to find any "redirect" functionality. Ex. 1, ¶¶ 54–57.

Dkt. 173, at 11. Kove still refuses to commit to an infringement theory, instead attempting to keep its options open to identify another "redirect" *somewhere* in those thousands of lines of code, at a later date. The Local Rules do not permit this strategy. The Court should limit Kove's contentions regarding the "redirect" limitations to the arguments and evidence provided in the response brief.

### III. Kove's Infringement Contentions On the "Hash" Limitations for DynamoDB Should Be Limited to the Contentions in the Response Brief.

Several asserted claims contain limitations related to "hash functions" or "hash tables." As AWS's motion explained, Kove accuses AWS's DynamoDB service of infringing these "hash function" or "hash table" claims, but it is impossible to tell from Kove's Second Amended Final Infringement Contentions what code purportedly carries out this alleged functionality. Dkt. 173, at 11–13. As with the "redirect" limitation, in its contentions, Kove gives short narrative descriptions, followed by citations to enormous amounts of undifferentiated code. *Id.* For example, as to "hash table," Kove's Second Amended Final Infringement Contentions state: ▇

▇

▇

▇ Dkt. 173, Ex. 5, at 26.

Kove then cites dozens of source code files, comprising tens of thousands of lines of code, without answering the basic questions that infringement contentions are supposed to answer: *what* is the accused "hash table," and *where* does it appear in the code? *Id.* at 11–13.

6

Once again, Kove's response brief provides an explanation that does not appear in its Second Amended Final Infringement Contentions. For example, Kove asserts:



Dkt. 182, at 10. It also cites source code supporting this explanation. *Id.* This answer is more specific than the statement in the Second Amended Final Infringement Contentions. It reveals what Kove thinks the hash table *is* ▮; *why* Kove thinks it is a hash table ▮ and *where* in the code Kove thinks the evidence is found (Kove offers pinpoint citations in ▮). AWS strongly believes that ▮ is not a "hash table" and will make that argument at summary judgment, but at least Kove's response brief now recites what Kove *thinks* is the hash table in DynamoDB and where it is allegedly found.

AWS offered to withdraw its motion to compel if Kove stipulated that this is Kove's theory of infringement: "Kove will not argue, for instance, that the alleged 'hash table' is anything other than ▮; or that the alleged hashing occurs outside of source code identified in Kove's response brief." Ex. 1. Again, Kove refused to agree to such a stipulation. The Court should limit Kove's contentions regarding the claim limitations involving a "hash function" or "hash table" to the arguments and evidence provided in the response brief.

7

### IV. Kove's Infringement Contentions On the "Predetermined Performance Limit" Limitations for S3 Should Be Limited to the Contentions in the Response Brief.

Claim 17 of the '978 patent includes the following limitation: "transferring a portion of the identifiers and associated locations to a second data location server when a performance criterion of the first location server reaches a *predetermined performance limit*." As AWS's motion explained, Kove's infringement contentions lists ▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ followed by a laundry list of source code files, without explaining where the alleged functionality appears in the list of files. Dkt. 173, at 13–14.

Once again, Kove's response brief provides more information on where Kove *thinks* the functionality appears. Dkt. 182, at 12–13. For example, Kove states: ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ *Id.* at 12. AWS strongly believes that Kove's explanations are insufficient to establish infringement: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇ is not a "predetermined performance limit." But at least AWS now knows what Kove's allegations are. The Court should limit Kove's contentions regarding the "predetermined performance limit" to the explanations and evidence provided in its response brief.

### CONCLUSION

For the reasons set forth above, the Court should direct Kove to amend its Second Amended Final Infringement Contentions such that it is limited to the contentions and supporting evidence in its response brief, Dkt. 182.

8

September 4, 2020

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
(202) 639-6000
aunikowsky@jenner.com

Respectfully submitted,

*/s/ Terri L. Mascherin*

Terri L. Mascherin
Timothy Barron
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
tmascherin@jenner.com
tbarron@jenner.com
mwerner@jenner.com

*Attorneys for Amazon Web Services, Inc.*

9

**CERTIFICATE OF SERVICE**

I, Timothy J. Barron, an attorney at the law firm of Jenner & Block LLP, certify that on September 4, 2020, the foregoing Reply Brief in Support of Second Motion To Compel Amendment Of Final Infringement Contentions To Conform With Local Patent Rules was electronically served on counsel of record via the Court's ECF system.

                                                             */s/ Timothy J. Barron*
                                                               Timothy J. Barron