IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Amazon Web Services, Inc., <br><br> Defendant. | Civil Action No. 1:18-cv-08175 <br><br> Hon. Rebecca R. Pallmeyer <br><br> Jury Trial Demanded <br><br> **REDACTED VERSION OF DOCUMENT FILED UNDER SEAL** |

**KOVE IO, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL
AMAZON WEB SERVICES, INC. TO PRODUCE TECHNICAL DOCUMENTS AND
TO PROVIDE SUPPLEMENTAL WITNESSES UNDER RULE 30(B)(6)**

Plaintiff Kove IO, Inc. ("Kove") hereby provides its reply in support of its Motion to Compel Amazon Web Services, Inc. ("AWS") to Produce Technical Documents and to Provide Supplemental Witnesses Under Rule 30(b)(6) ("Motion" or "Mot.").

### I. AWS BEARS THE BURDEN OF IDENTIFYING AND PRODUCING RESPONSIVE DOCUMENTS -- NOT KOVE

The Local and Federal Rules governing discovery are clear: the burden to identify and produce relevant documents that describe the design and operation of the accused products lies with the accused infringer. *See* LPR 2.1(b)(1) ("A party opposing a claim of patent infringement ***shall*** produce … documents sufficient to show the operation and construction of all aspects or element of each accused apparatus, product, device, component, process, method or other instrumentality identified with specificity in the pleading of the party asserting patent infringement.") (emphasis added); *see also* FRCP 26(b). Through its infringement contentions and in correspondence, Kove has provided AWS with more than sufficient information to identify and produce the relevant technical documents. *See, e.g.*, Mot. at Appendix A. AWS has no reasonable basis to refuse.

Because Kove has no way of knowing all the types of operation and design documents that AWS maintains (only AWS does), the discovery rules place the burden on AWS to identify and produce relevant documents. AWS does not contest (and therefore concedes) that the requested documents are relevant, that AWS is required under LPR 2.1(b) to produce all documents describing the operation of the accused products, or that it has waived all objections to producing design documents for the accused products. Mot. at 2, 5. AWS makes no attempt to quantify its purported "burden" of producing design and operation documents, as it is required to do to maintain a burden/proportionality objection. Mot. at 5 n.3. AWS instead asserts that, with respect to design documents, "[t]here is nothing to compel," while simultaneously complaining that

1

Kove's requests for wikis (which include design documents) are "inordinate." Opp. at 2. These contradictory positions cannot both be true, and in fact, neither are correct.

### A. AWS's Technical Document Production Remains Deficient

Even accounting for the production it made the day before its Opposition filing, there are still clear gaps in AWS's technical documentation. AWS's latest production consists primarily of "code review check-ins," which are incomprehensible as provided, as they lack the context of the source code from which they were generated. The remaining production relates only to a subset of the key components Kove identified in its Motion, meaning many are still missing.

By its own "hit count," AWS has produced *zero* documents that even mention two of the key components (much less fully describe their design and operation), and seven of the key components appear in less than 15 documents. Opp., Ex. 10 at 1. For a company of AWS's size and sophistication, and given the complexity of the accused products, the importance of the identified components, and the length of time over which they have operated (15 years for S3 and 8 years for DynamoDB), it is simply not credible that AWS does not have more relevant technical documents that describe these components.

Kove is unable to locate *any* documents that describe the design or operation of the identified components that date back to the inception of the accused products. These documents are relevant both to understanding the design and operation of the accused products during the relevant damages period, and to Kove's damages analysis (to show alternative designs that were considered but not employed, why changes were made to the product over time, and the costs of various design choices).[1]

---

[1] Because there are relevant technical documents that AWS has not produced, and because Kove is not insisting that *all* hits on its search terms be produced (only that the relevant technical documents be identified and produced), AWS's case citations are inapposite. Opp. at 3-4.

## II. AWS'S 30(B)(6) DESIGNEES WERE ADMITTEDLY UNPREPARED[2]

AWS does not deny that its 30(b)(6) witness, Mr. Markle, was not prepared to testify about the Glacier storage classes of S3. AWS instead alleges that Glacier is not accused of infringement. Opp. at 9-10. That is incorrect. Kove accuses *all* storage classes of S3, which necessarily includes Glacier. Kove's Complaint identifies S3 as an accused product and links to an article discussing its storage classes (ECF No. 1 at 8, 21 n.37); exhibits attached to the Complaint describe S3 storage classes, including Glacier (ECF No. 1, Ex. 17 at 6 ("Amazon S3 offers a range of storage classes designed for different use cases. These include … **GLACIER** for long-term archive.")). *See also* ECF No. 173, Ex. 4 at 1 ("For independent claim 1 and its dependent claim 2, Kove IO, Inc. ("Kove") accuses Amazon Web Services' ("Amazon") Amazon Simple Storage Service ("Amazon S3") of infringement *for any storage class of Amazon S3*, within any combination of cells, Availability Zones and/or Regions, and for all implementations and configurations (collectively, 'Accused Instrumentalities').") (emphasis added). AWS's own website lists Glacier among S3 storage classes. *See* https://aws.amazon.com/s3/storage-classes/ (identifying "S3 Glacier" and "S3 Glacier Deep Archive").

Kove is entitled to depose a 30(b)(6) knowledgeable about the accused Glacier product. Because AWS's original designee admitted that he was not qualified (Mot., Ex. 10, Markle Tr. at 239:21-242:12 ("I am -- ***I don't have a Glacier background***…. ***I don't know what Glacier***

---

[2] AWS criticizes the timing of Kove's Motion, noting six months have passed since the depositions took place. But as AWS knows, Kove raised its concerns in the weeks immediately following the depositions, on the good faith hope that the parties would be able to resolve the issues without burdening the Court. After it became clear that AWS would not voluntarily provide additional witnesses, this Court and the country were in the midst of pandemic-related shutdowns. In light of the Court's COVID-19-related General Orders extending all civil deadlines, Kove determined that it was not the right time to file a motion. Once deadlines were no longer being deferred by Court Order, Kove reached out to AWS again. When its renewed efforts proved unsuccessful, Kove filed its Motion.

*does*[.]") (emphasis added), AWS is obligated to provide someone who is.[3]

### A. Access to Source Code During the Deposition Would Not Have Cured AWS's Witnesses' Lack of Preparedness

Mr. Markle testified that he did not know "what Glacier does." Having access to source code in the middle of a deposition would not suddenly imbue him with knowledge, nor would it have been a fair use of time to have him attempt to learn the product on the fly.

Mr. Sorensen was unable to answer certain high-level questions about the accused Dynamo DB product and explicitly acknowledged that he would have to "do research" in order to answer them. Mot. at 5-6. AWS seeks to excuse Mr. Sorensen's inability to answer basic questions by blaming Kove for "refusing" to allow him to view source code during the deposition. Leaving aside the fact that Kove *did* at times permit the witnesses to review source code to answer questions, there is a difference between asking a witness code-level questions and then permitting them to review the code to answer, and asking a witness higher-level questions that they should be prepared to answer without having to "study" the code (and in the process squander valuable deposition time). Kove's examples of Mr. Sorensen's inability to answer are in the latter category, as they are asking about the operation of components specifically identified in Kove's 30(b)(6) Topics that are core to the operation of the accused products. There is no justification for AWS's designee's inability to answer those questions.[4]

---

[3] AWS attempts to excuse its witnesses' lack of preparedness by focusing on testimony where they were able to answer questions. This misses the point. Rule 30(b)(6) states that a corporation's designee(s) "***must*** testify about information known or reasonably available to the organization." (emphasis added). AWS surely possesses information about its own Glacier product and as such "***must***" provide a witness prepared to testify on the same. That a designee may have "some" information or be knowledgeable about other areas is irrelevant.

[4] More to the point, code access would not have provided Mr. Sorensen the answers to certain questions. As Mr. Sorenson testified, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Mot., Ex. 4, Sorenson Tr. at 158:16-159:24, 219:5-225:9. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Mr. Sorenson could have answered Kove's questions about ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ if he had spoken with them in preparation

B.  **AWS's Accused Products Evolved Over Time – Kove Is Entitled to Discover Information Relevant to Their Evolution**

AWS insists that no harm resulted from its witness's inability to testify about the operation of the accused products for past time periods because changes to the source code over time are "not relevant" to Kove's infringement theories. This is demonstrably untrue. Kove's infringement theories *do* vary over time to account for changes in the operation of the accused products, and so rely on source code and documents from multiple points in time. *See, e.g.*, ECF No. 173, Ex. 7, at 17 (citing both "▮▮▮▮" and "▮▮▮▮▮▮▮," S3 scaling services that were in use at different periods of time). The evolutionary nature of AWS's accused products is evidenced in AWS's own non-infringement theories, which also vary over time. For example, AWS makes a non-infringement argument related to ▮▮▮▮, a component that was implemented in DynamoDB several years ago. ECF No. 182, Ex. C, at 33. ▮▮▮▮ is the component for which Mr. Sorenson did not know when it was implemented, why it was implemented, or how the accused product for which he was designated operated before it was implemented. Mot. at 7-8. It would be particularly prejudicial if AWS were permitted to make non-infringement arguments based on aspects of its products that its 30(b)(6) witnesses were unable to testify about.

C.  **AWS's Improper Speaking Objections Hampered Discovery**

AWS's counsel's speaking objections significantly hampered Kove's ability to seek discovery. Mot. at 8. In one example, alerted by his counsel's objections, Mr. Markle repeatedly refused to answer the straightforward question of whether the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮:



---

for his deposition. Indeed, in its Final Non-infringement Contentions, AWS implicitly admits that ▮▮▮▮ *See, e.g.*, ECF No. 182, Ex. C, at 55 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"). But Mr. Sorenson could not answer that basic question, much less any follow-on questions about *how* it is used.

5

MR. BABBITT: Objection to form. Vague. Misleading. And to the extent you're calling for any kind of legal conclusion.

***

Q. ▮

MR. BABBITT: Same objections.

A. ▮

Q. ▮

MR. BABBITT: Same objections.

A. ▮.

Q. ▮

MR. BABBITT:· Same objections.

A. I wouldn't characterize it as that.

Q. Do you think my statement is incorrect? ▮

MR. BABBITT: Objection. Asked and answered.

A. ▮

Q. I appreciate that, and I'll probably ask those questions as well, but I'm hoping you can answer the question I asked.

MR. BABBITT: He's already answered the question.

A. I wouldn't characterize it like you're characterizing it.

Q. Is my statement incorrect?

MR. BABBITT: Asked and answered.

A. I wouldn't characterize it like you're characterizing it.

▮ is critical to the parties' positions on infringement. For example, AWS has taken the position that ▮ whereas Kove asserts that it does. AWS cannot rely on ▮ as a defense, while simultaneously limiting Kove's ability to take discovery on it.

### III. CONCLUSION

Kove respectfully requests that the Court order AWS to (1) produce documents describing the design and operation of the components in the Accused Products, as identified in Appendix A

to its Motion, within 14 days of the Court's order; and (2) make knowledgeable 30(b)(6) witnesses available for deposition for Topics 1, 4, and 6 at a mutually agreeable time, within 30 days of the Court's order.

September 4, 2020

Respectfully submitted,

*/s/ Khue V. Hoang*

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
Holly H. Campbell (State Bar No. 6320395)
hcampbell@thompsoncoburn.com
THOMPSON COBURN LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500

Sarah O. Jorgensen (*pro hac vice*)
sjorgensen@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (404) 609-1040
Telecopier: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
1615 M Street, NW, Suite 300
Washington, DC 20036
Telephone: (202) 894-7310
Telecopier: (650) 623-1449

Khue Hoang (*pro hac vice*)
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Wesley White (*pro hac vice*)
wwhite@reichmanjorgensen.com
Rahul Sarkar (*pro hac vice*)
rsarkar@reichmanjorgensen.com
Michael W. Marvin (*pro hac vice*)
mmarvin@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965
Telecopier: (650) 623-1449

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Shawna L. Ballard
(Identification No. 155188)
sballard@reichmanjorgensen.com
Jennifer P. Estremera (*pro hac vice*)
jestremera@reichmanjorgensen.com
Joachim B. Steinberg (*pro hac vice*)
jsteinberg@reichmanjorgensen.com
Michael G. Flanigan (State Bar No. 6309008)
mflanigan@reichmanjorgensen.com
Kate M. Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

*Attorneys for Kove IO, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing, and all exhibits thereto, was filed electronically on September 4, 2020, with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all registered counsel of record or was emailed to all registered counsel of record.

<u>/s/     Jaime F. Cardenas-Navia</u>
Jaime F. Cardenas-Navia
