# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., | Civil Action No. 1:18-cv-08175 |
| Plaintiff, | Hon. Rebecca R. Pallmeyer |
| v. | Jury Trial Demanded |
| Amazon Web Services, Inc., | |
| Defendant. | |

## KOVE IO, INC.'S MOTION TO STRIKE
## AMAZON WEB SERVICES, INC.'S INVALIDITY CONTENTIONS

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF FACTS ................................................................................................. 2

    A. AWS's First Amended Final Invalidity Contentions (FAFIC) ........................................ 2

    B. AWS's Second Amended Final Invalidity Contentions (SAFIC) ................................... 4

III. STATEMENT OF LAW .................................................................................................... 6

    A. Local Patent Rules 3.1(b): Limit on Prior Art Grounds and References ........................ 6

    B. Local Patent Rule 2.3(b)(1): Identification of Prior Art Systems ................................... 7

    C. Local Patent Rule 3.3: Production of Prior Art References ........................................... 7

    D. Local Patent Rule 3.4: Amendment of Final Contentions ............................................. 8

IV. ARGUMENT ..................................................................................................................... 9

    A. AWS'S SAFIC Violates the Local Patent Rules and Should be Stricken ...................... 9

    B. The Portions of AWS's FAFIC That Violate the LPR Should be Stricken .................. 10

        1. The FAFIC Exceeds the Limit of 4 Prior Art Grounds of Invalidity Per Claim ........... 10

        2. The FAFIC Exceed the Limit of 25 Prior Art References and Fail to Disclose Any Prior Art Systems ............................................................................................................... 11

V. CONCLUSION .................................................................................................................. 13

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*AVNET, Inc. v. MOTIO, Inc.*,
No. 12 C 2100, 2016 WL 3365430 (N.D. Ill. June 15, 2016) ............................................. 7, 11

*CoStar Realty Info., Inc. v. CIVIX-DDI, LLC*,
No. 12-C-4968, 2013 WL 12221613 (N.D. Ill. Aug. 8, 2013) ..................................... 6, 10, 11

*Fujitsu Ltd. v. Tellabs Operations, Inc.*,
Nos. 08-C-3379, 09-C-4530, 2012 WL 5444979 (N.D. Ill. Mar. 21, 2012) ............................. 8

*In re Koninklijke Philips Patent Litig.*,
No. 18-cv-01885-HSG, 2019 WL 2359206 (N.D. Cal. June 4, 2019) ................................ 7, 12

*Oil-Dri Corp. of Am. v. Nestle Purina PetCare Co.*,
No. 15-C-1067, 2018 WL 2765952 (N.D. Ill. June 9, 2018) ..................................................... 6

*Pactiv Corp. v. Multisorb Techs., Inc.*,
No. 10 C 461, 2013 WL 2384249 (N.D. Ill. May 29, 2013) ...................................... 10, 11, 12

*Peerless Indus., Inc. v. Crimson AV LLC*,
No. 11 C 1768, 2015 WL 1275908 (N.D. Ill. Mar. 17, 2015) .............................................. 7, 12

*Peerless Indus., Inc. v. Crimson AV, LLC*,
No. 11-C-1768, 2013 WL 6197096 (N.D. Ill. Nov. 27, 2013) .............................................. 8, 9

*Sloan Valve Co. v. Zurn Indus., Inc.*,
No. 10-C-204, 2013 WL 622951 (N.D. Ill. Feb. 20, 2013) ....................................................... 9

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
236 F. Supp. 3d 1110 (N.D. Cal. 2017) ................................................................................. 8, 9

*Wimo Labs LLC v. Polyconcept N.A, Inc.*,
358 F. Supp. 3d 761 (N.D. Ill. 2019) ......................................................................................... 6

Plaintiff Kove IO, Inc. ("Kove") hereby moves the Court to strike Amazon Web Services, Inc.'s ("AWS") Second Amended Final Invalidity Contentions in their entirety, as well as portions of AWS's First Amended Final Invalidity Contentions that exceed the limitations set forth in the Local Patent Rules.

I.   **INTRODUCTION**

AWS has served three sets of Final Invalidity Contentions thus far in this case. AWS served its first set of Final Invalidity Contentions ("FIC") on February 13, 2020, its First Amended Final Invalidity Contention ("FAFIC") on June 1, 2020, and its Second Amended Invalidity Contentions ("SAFIC") on July 11, 2020. Each violates of multiple sections of Local Patent Rules 2.3(b), 2.3(c), and 3.1(b), which set forth clear limits on the number of prior art references and invalidity grounds a defendant may put forward. In particular, AWS's FIC and FAFIC (i) include more than 4 prior art grounds of invalidity per claim, (ii) rely on more than 25 references per patent, and (iii) rely on two prior art systems, but fail to identify or chart any such systems, all in contravention of the LPR, which require in pertinent part:

> 2.3(b) Invalidity Contentions must contain the following information to the extent then known to the party asserting invalidity:
>
>> (1) an ***identification, with particularity, of up to twenty-five (25) items of prior art*** per asserted patent that allegedly invalidates each asserted claim.
>>
>> ***
>> (3) a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found. . .
>
> 3.1(b) Final Invalidity Contentions may rely on more than twenty-five (25) prior art references ***only by order of the Court upon a showing of good cause*** and absence of unfair prejudice to opposing parties.... Final Unenforceability and Invalidity Contentions are ***limited to four (4) prior art grounds per claim and four (4) non-prior art grounds***.

LPR 2.3, 3.1 (emphasis added).

When Kove notified AWS of its violations, AWS did not withdraw the improper references

1

and contentions nor did it seek leave of Court to include them. Instead, AWS used Kove's complaints as a pretense to *modify* and *add* to its contentions without seeking leave of Court. In addition to maintaining its reliance on more than 4 prior art grounds of invalidity per claim and more than 25 references per patent, AWS's SAFIC added new, previously undisclosed documents and materials, substantively modified the mapping of references to the claim limitations, and declared AWS's intent to rely on *even more* undisclosed references and arguments in the future.

Kove will be deeply prejudiced if AWS is permitted to sidestep the Local Patent Rules by relying on more than permitted number of invalidity references and theories and shifting its positions at will. Kove thus asks the Court to strike the improper portions of AWS's invalidity contentions.

## II. STATEMENT OF FACTS

### A. AWS's First Amended Final Invalidity Contentions (FAFIC)

AWS served its FAFIC on June 1, 2020. Ex. A, FAFIC. On June 9, 2020, Kove sent a letter explaining how the FAFIC violated LPR 2.3(b) and 3.1(b).[1] Ex. B, 2020-06-09 Letter. Specifically, the FAFIC identifies the permitted maximum of 4 prior art grounds for each claim in Section III (Ex. A,[2] at 6-12), but then recites additional prior art grounds throughout, including:

(1) the entirety of Section IV, which contains *dozens* of additional obviousness assertions based on groups of references, *e.g.*, *id.* at 20-22 (identifying 7+ "Redirection References" and asserting that the "redirect" claim limitations are obvious in light of any combination of these references);

(2) the many assertions in Amazon's claim charts that incorporate Section IV of the FAFIC, *e.g.*, *id.*, Ex. 1A, at 7 (referencing "the Load Balancing References");

---

[1] AWS criticized Kove for not taking issue with its violation of the LPR until after it had served its FAFIC, implying that Kove had waived its right to object when it failed to flag the same violations in AWS's FIC. AWS has a duty to comply with the Local Patent Rules. Kove reasonably assumed it had done so and did not tally AWS's references until Kove began preparing its Final Validity Contentions. By that point, AWS had served its equally non-compliant FAFIC. Once Kove became aware, it immediately notified AWS. Kove does not take issue with aspects of AWS's FAFIC that are unrelated to its violations of LPR 2.3(b), 2.3(c), and 3.1(b).

[2] References to lettered exhibits, such as "Ex. A." refer to exhibits to this motion. For clarity, Kove notes that the FAFIC and SAFIC themselves have exhibits, which are noted sequentially in citations. For example, page 1 of Exhibit 1A of the FAFIC is cited as "Ex. A, Ex. 1A, at 1."

2

(3) the assertions that a primary reference discloses a claim limitation when there is also an obviousness argument, *e.g.*, *id.*, Ex. 1A, at 7 ("... DNS discloses this element ... It would further be obvious to ...."); and

(4) the introduction to Section II of the FAFIC (*id.* at 2-3), where AWS asserts that it may rely on other references, both disclosed and undisclosed, to invalidate the asserted claims.

LPR 3.1(b).

AWS's FAFIC also identifies 27 references (25 documents and 2 systems) rather than the permitted 25. LPR 3.1(b), 2.3(b). The two systems in the FAFIC are called the Domain Name System ("DNS") and "Web Caching System." Ex. A, at 6. For the alleged DNS system, AWS did not identify any specific system (*e.g.*, a version, make, model, or year of such a system), as required by LPR 2.3(b), nor did it produce a copy of a system, as required by LPR 3.3. *Id.* In fact, although the FAFIC makes passing mention of documents that allegedly relate to unspecified implementations of DNS, AWS's claim charts rely only on a *single* document, "RFC1034". *E.g.*, Ex. A, Ex. 1A. Similarly, for the alleged "Web Caching System," AWS did not produce a system and its invalidity charts rely on only three documents: RFC1034 and "Sherman" and "Karger/Sherman." *E.g.*, Ex. A, Ex. 1B.

On June 12, 2020, the parties met and conferred about these issues telephonically. Declaration of J. Cardenas-Navia ("Decl."), ¶¶ 2-3. AWS indicated that it would make clear that it was only relying on 4 prior art grounds of rejection for each asserted claim and identify no more than 25 references. *Id.* AWS further stated that it did not intend to rely on any additional references for "DNS" and the "Web Caching System" other than those specifically identified in the FAFIC. *Id.* AWS further acknowledged that if it wished to rely on additional references, it would seek leave of the Court. *Id.*

Four days later, on June 16, 2020, the Patent Trial and Appeal Board ("PTAB") denied AWS's petition seeking *inter partes* review ("IPR") on one of Kove's asserted patents. Ex. C, PTAB Decision Denying IPR, at 1. AWS's IPR petition was primarily based on the RFC1034 reference. *Id.* at 7. The PTAB held that RFC1034 failed to disclose the claimed "identifier," a term that appears in all the

3

asserted claims in this litigation. *Id.* at 19-23; Dkt. No. 1, Exs. 4-6. AWS's FAFIC relies on RFC1034 to meet the "identifier" claim limitation for both its "DNS" and "Web Caching System" invalidity contentions. *E.g.*, Ex. A, Ex. 1A, at 1-4, Ex. 1B, at 15-18.

      **B.**      **AWS's Second Amended Final Invalidity Contentions (SAFIC)**

On June 18, 2020, 2 days after the PTAB's decision denying institution on AWS's IPR, AWS sent Kove a partial draft of how it proposed to amend its invalidity contentions for DNS. Ex. D, at 1-2; Ex. E, at 1-2. The draft presented an about-face from AWS's statements just days earlier. Rather than relying only on the previously-identified RFC1034, AWS *added* references it now alleges relate to DNS, including several never-before disclosed software versions of DNS (referred to as "BIND 8.x"). *Id.* AWS further declared it intended to rely on more not-yet-produced references. *Id.* On June 23, 2020, Kove sent AWS a letter detailing the improprieties of AWS's proposed amendments. Ex. F, 2020-06-23 Letter, at 1.

AWS served its Second Amended Final Invalidity Contentions ("SAFIC") on July 10, 2020. Ex. G. Notwithstanding its earlier assurances that it would amend its FAFIC to address Kove's complaints, AWS's newly served SAFIC contain the same violations and compound them with even more. A redline of the differences between the FAFIC and SAFIC was created using PDF comparison software and is attached as Exhibit H. Decl., ¶ 5.

The SAFIC violates LPR 3.1(b) by relying on more than 4 prior art grounds per claim and LPR 3.1(b). For instance, the SAFIC still has Section IV, a 14-page section that contains dozens of improper obviousness grounds of rejection — but now with additional, previously undisclosed references and arguments. Ex. G, SAFIC, Section IV, at 14-26; Ex. H, Redline, at 14-26.

The SAFIC also violates LPR 3.1(b) by relying on more than 25 references. Specifically, the SAFIC removes 4 of the 25 previously-identified references ("Litwin," "Ernestine," "Farber," and "Jenkins") and adds 17+ newly produced and previously unidentified materials ("Dasgupta," "BIND

4

and DNS," "RFC 882," "RFC 883," "RFC 1035," "RFC 2168," at least 7 versions of BIND, and 4 websites).[3] *Compare* Ex. A, at 3-6 *with* Ex. G, at 3-8; Ex. H, Redline, at 3-8. AWS's refusal to seek leave of Court to make its material substitutions and additions violates LPR 3.4.

With respect to the purported DNS system, AWS's SAFIC states that it can rely on *any version* of DNS from 1983 through at least 2000 (Ex. G, SAFIC, at 6), as well as "additional [unspecified] documents, opinions, and testimony to further show the operation of DNS as the case progresses" (*id.*, Ex. 1A, at 1). AWS's claim charts for DNS rely on materials that were produced after it served its FAFIC, and long after its FIC on February 13, 2020, which was the LPR 3.3 deadline for producing prior art references. LPR 3.3; Decl., ¶ 4. For the purported Web Caching System, which AWS now refers to as the "Cache Resolver System," AWS relies on a previously unidentified version of DNS (BIND 8.x) and supporting materials instead of the timely-disclosed RFC1034 reference, and similarly states its intent to rely on additional, undisclosed materials. Ex. G, SAFIC, at 7-8; *id.*, Ex. 1B, at 18.

AWS also substantively amended the claim charts in its SAFIC, both to rely on the new references and materials, and to alter existing theories that are independent of the new references. *See* Ex. H. These changes include:[4]

(1) New citations and analysis based on the previously undisclosed reference "DNS and BIND" throughout the claim charts, *e.g.*, Ex. H, Redline, Ex. 1, at 2-3, 11-12, 14, 17, 22-24, 38-39, 42, 44;

(2) New citations and analysis for the references "Karger '420/'628" throughout the claim charts, *e.g.*, *id.*, Ex. 1, at 7-10, 15-16, 58-59, 79-80;

(3) New citations and analysis based on the '170 patent throughout the claim charts, *e.g.*, *id.*, Ex. 1, at 14, 52, 76; and

(4) Changes to the substantive mapping of the "Neimat" reference to the claim limitations, including changing what is the purported "identifier" in Neimat, *e.g.*, *id.*, Ex. 1, at 45, 49-

---

[3] Between June 1, 2020, when AWS served its FAFIC, and July 10, 2020, when AWS served its SAFIC, AWS produced 20+ additional references and over 100 files (including source code) that purportedly relate to various implementation of DNS. Decl., ¶ 4.

[4] Changes to Exhibit 1 of the SAFIC are identified with pincites. Exhibits 2 and 3 of the SAFIC contain similar changes in substance and scope. *See* Ex. H, Exs. 2, 3.

5

50, 52-54, 57-59.

Kove notified AWS of these many deficiencies in its SAFIC in a letter sent on July 28, 2020, but AWS refused to address them. Ex. I, 2020-07-28 Letter, at 1-2; Ex. J, 2020-07-30 Letter, at 1-2.

## III.    STATEMENT OF LAW

### A.    Local Patent Rules 3.1(b): Limit on Prior Art Grounds and References[5]

LPR 3.1(b) states, *inter alia*:

> Final Invalidity Contentions may rely on more than **twenty-five (25) prior art references** only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties. For each claim alleged to be invalid, the Final Unenforceability and Invalidity Contentions are limited to **four (4) prior art grounds per claim** and four (4) non-prior art grounds…. Each assertion of anticipation and each combination of references shall constitute separate grounds.

LPR 3.1(b) (emphasis added). "The language of LPR 3.1 is clear and reflects the Rule's purpose," which is "to streamline patent litigation by . . . limiting the number of grounds on which a claim of invalidity may be based." *Wimo Labs LLC v. Polyconcept N.A, Inc.*, 358 F. Supp. 3d 761, 766 (N.D. Ill. 2019). After all, "[o]ne would not expect a party to actually advance, in a summary judgment motion or before a jury, hundreds, or even a hundred, or even several dozen separate bases to invalidate a patent claim." *Oil-Dri Corp. of Am. v. Nestle Purina PetCare Co.*, No. 15-C-1067, 2018 WL 2765952, at *2 (N.D. Ill. June 9, 2018). LPR 3.1 was adopted precisely "to prevent [such] abuses." *Id.* Accordingly, a party "may not gain an advantage . . . from their . . . misfeasance of not complying with Local Patent Rule 3.1." *CoStar Realty Info., Inc. v. CIVIX-DDI, LLC*, No. 12-C-4968, 2013 WL 12221613, at *1 (N.D. Ill. Aug. 8, 2013) (limiting late-amending party's references to those "explicitly identified in [its Final Contentions] submission").

---

[5] Several other district courts, including the Northern District of California, have adopted local patent rules nearly identical to those in this district. In addition to NDIL and 7th Cir. case law, this Motion also cites to decisions from these districts in the event the Court may find them helpful.

### B. Local Patent Rule 2.3(b)(1): Identification of Prior Art Systems

LPR 2.3(b), which is incorporated into LPR 3.1(b), states, *inter alia*:

> ***Prior art*** in the form of sales, offers for sale, or uses ***shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known***, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known.

LPR 2.3(b)(1) (emphasis added); LPR 3.1(b). Invalidity contentions must identify prior art "with particularity." *Peerless Indus., Inc. v. Crimson AV LLC*, No. 11 C 1768, 2015 WL 1275908, at *4 (N.D. Ill. Mar. 17, 2015) (citing LPR 2.3(b)(1)). In the case of prior art systems that were publicly used, known, or on sale, a *particular device* must be identified — not a *class* of devices. *See id.* (holding that defendant was limited to relying on the "Gennady brackets" that were specifically identified in the invalidity contentions and could not rely on other "Gennady brackets" whose model numbers had not been disclosed); *In re Koninklijke Philips Patent Litig.*, No. 18-cv-01885-HSG, 2019 WL 2359206, at *3 (N.D. Cal. June 4, 2019) (denying motion to amend invalidity contentions to add a specific combination of hardware ("Velo 1") and software ("Pocket Streets 97") as a prior art system, even where defendant had previously identified the hardware ("Velo 1") and a different version of the software ("Pocket Streets 98") in its invalidity contentions).

### C. Local Patent Rule 3.3: Production of Prior Art References

LPR 3.3 states, *inter alia*:

> ***With the Final Invalidity Contentions***, the party asserting invalidity of any patent claim ***shall produce or make available for inspection and copying: a copy or sample of all prior art*** identified pursuant to LPR 3.1(b), to the extent not previously produced, that does not appear in the file history of the patent(s) at issue.

LPR 3.3 (emphasis added). Defendants are only permitted to rely on prior art references that are timely disclosed in final invalidity contentions. *See AVNET, Inc. v. MOTIO, Inc.*, No. 12 C 2100, 2016 WL 3365430, at * (N.D. Ill. June 15, 2016) ("[I]f Motio wished to have [its expert] rely on

7

the White Paper, it should have identified that material as prior art in its L.P.R. 3.1 contentions or timely moved for leave to amend its contentions to include it.").

### D. Local Patent Rule 3.4: Amendment of Final Contentions

LPR 3.4 states:

A party may amend its Final Infringement Contentions or Final Non-infringement and Invalidity Contentions *only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the basis for the amendment*.

An example of a circumstance that may support a finding of good cause, absent undue prejudice to the non-moving party, includes a claim construction by the Court different from that proposed by the party seeking amendment.

The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions.

LPR 3.4 (emphasis added). "To demonstrate good cause to amend invalidity or infringement contentions, a party must demonstrate that it acted diligently and that the accused infringer would suffer no unfair prejudice if [it] were permitted to amend." *Peerless Indus., Inc. v. Crimson AV, LLC*, No. 11-C-1768, 2013 WL 6197096, at *5 (N.D. Ill. Nov. 27, 2013). The amending party bears the burden. *See, e.g.*, *Fujitsu Ltd. v. Tellabs Operations, Inc.,* Nos. 08-C-3379, 09-C-4530, 2012 WL 5444979, at *6 (N.D. Ill. Mar. 21, 2012). "[W]hen the [amending] party is unable to show diligence," the inquiry ends, and "there is 'no need to consider the question of prejudice.'" *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1113 (N.D. Cal. 2017) (quoting *O2 Micro*, 467 F.3d at 1368).[6]

"Diligence consists of two steps: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Id.* (internal quotation marks omitted). "In showing diligence, the relevant inquiry is not when the

---

[6] The Northern District of California's Local Patent Rules apply the same standard to motions to amend final contentions as the Northern District of Illinois'. *Compare* N.D. Cal. Patent L.R. 3-6 *with* N.D. Ill. L.P.R. 3.4.

8

party learned about the information, but when it could have made the discovery." *Sloan Valve Co. v. Zurn Indus., Inc.,* No. 10-C-204, 2013 WL 622951, at *2 (N.D. Ill. Feb. 20, 2013). "Furthermore, 'good cause requires more than a showing that new information has been revealed in discovery.'" Peerless, 2013 WL 6197096, at *5 (quoting *Fujitsu*, 2012 WL 5444979, at *6 (N.D. Ill. Mar. 21, 2012)). Absent a significant "'triggering event' justifying leave to amend," diligence usually cannot be shown. *Verinata*, 236 F. Supp. 3d at 1114-15.

## IV. ARGUMENT

That AWS's FAFIC and SAFIC violate the LPR is incontrovertible. The LPR sets forth numerical limits on prior art grounds and prior art references that both the FAFIC and SAFIC exceed. The LPR also requires identifying and charting prior art systems with specificity — which neither set of contentions do.

### A. AWS'S SAFIC Violates the Local Patent Rules and Should be Stricken

Assuming AWS miscounted or misapprehended the rules with its FAFIC, there is no mistaking the AWS's knowing and willful violation of the rules in its SAFIC. After specifically alerting AWS to its errors, Kove permitted AWS to serve amended contentions for the express purpose of *removing* the excessive prior art grounds and references and to *clarify* that it is not relying on any materials in support of its prior art systems other than those already disclosed. This mutual understanding was enshrined in the parties' July 2, 2020 Joint Motion for Modification of Case Schedule, which states:

> The purpose of the parties serving further amended infringement and invalidity contentions is to clarify their existing theories; ***it is not intended as an opportunity for either party to add new theories or make other amendments*** that, per Local Patent Rule 3.4, would require a timely showing of good cause and leave of the Court

Dkt. No. 165, at 1 n.1 (emphasis added).

Despite making this representation to the Court, AWS did not abide by it. *Supra* at Section II.B. AWS instead served amended contentions that contain numerous supplementations that

9

it *is not permitted to make* without moving for and receiving leave of the Court. *See, e.g.*, *CoStar Realty Info., Inc. v. CIVIX-DDI, LLC*, No. 12 C 7091, 2013 WL 12221613, at *1-2 (N.D. Ill. Aug. 8, 2013) ("CoStar/LoopNet are now trying to avoid the requirements of Local Patent Rule 3.1 by inserting references in an untimely manner[.]"); *Pactiv Corp. v. Multisorb Techs., Inc.*, No. 10 C 461, 2013 WL 2384249, at *3 (N.D. Ill. May 29, 2013) ("[To] allow[] Pactiv to rely on uncited portions of prior art is contrary to the high level of specificity required by this rule, which demands identification of wherein each alleged item of prior art each claim is found."). Because AWS refused to seek leave of the Court, its SAFIC should be stricken in its entirety, leaving AWS with its FAFIC, which must be corrected to bring it into compliance with the applicable LPR.

### B. The Portions of AWS's FAFIC That Violate the LPR Should be Stricken

#### 1. The FAFIC Exceeds the Limit of 4 Prior Art Grounds of Invalidity Per Claim

The FAFIC exceeds LPR 3.1(b)'s limit of 4 prior art grounds of invalidity per claim by claiming dozens of improper obviousness arguments:

> Furthermore, AWS describes here additional evidence of obviousness related to the subject matter as a whole and certain specific features of the Asserted Claims of the Patents-in-Suit. ***To the extent that Kove alleges that any of the prior art references charted in AWS's Exhibits 1-3 do not disclose one of the limitations described below, it would have been obvious to one of ordinary skill in the art before the time of invention, for example, to include the following features in a distributed storage system such as claimed by the Asserted Patents***. AWS also refers Kove to AWS's Initial Non-Infringement and Invalidity Contentions dated August 6, 2019 for additional information regarding the identified prior art and invalidity contentions, in particular, the claim charts which further illustrate where specifically in each item of prior art each element of each asserted claim is found. ***AWS intends to rely on such evidence to support its contention that one of ordinary skill in the art would have had reason to combine the identified prior art as claimed***.

*E.g.*, Ex. A, FAFIC, at 15 (emphasis added). In essence, AWS states that it will rely on invalidity arguments ***other than the 4 grounds in its claim charts*** to invalidate the patents. AWS then cites to references and arguments that are not included in its claim charts. *Id.* at 15-24. The claim charts themselves refer to these improper arguments, while improperly making both an anticipation and

10

obviousness argument for many claim terms. *E.g.*, *id.*, Ex. 1A, at 7 (arguing obviousness in the alternative and referencing "the Load Balancing References").

AWS attempts to dodge the LPR's express limits by casting its additional references as "background prior art." Ex. J, 2020-07-30 Letter, at 1. But Courts have rejected similar attempts to "circumvent" LPR requirements by characterizing additional obviousness arguments as "background" or "complementary to understanding the invalidity references." *See AVNET, Inc. v. MOTIO, Inc.*, No. 12 C 2100, 2016 WL 3365430, at * (N.D. Ill. June 15, 2016) (rejecting argument that reference "provides only background information on Business Objects and 'expounds upon' what is already in Motio's contentions, rather than introducing new theories of invalidity."); *Pactiv Corp.*, 2013 WL 2384249 at *1-3 ("[T]his Court agrees that parties should not be able to circumvent the disclosure requirements of our Local Patent Rules by offering such materials as background.").

Accordingly, all sections of the FAFIC that discuss these improper prior art grounds of invalidity should be stricken. Materials to be stricken are identified in Exhibit K in green highlighting

### 2. The FAFIC Exceed the Limit of 25 Prior Art References and Fail to Disclose Any Prior Art Systems

The FAFIC identifies 25 document references and 2 purported system references, for a total of 27 references, and exceeding LPR 3.1(b)'s limit of 25 total prior art references. *Supra* at Section II.A. *CoStar Realty Info., Inc. v. CIVIX-DDI, LLC*, No. 12 C 7091, 2013 WL 12221613, at *1-2 (N.D. Ill. Aug. 8, 2013) ("The court on May 21, 2013 granted CIVIX's motion to apply L.P.R. 3.1 and to limit CoStar/LoopNet to 25 references."). This violation may be easily remedied by removing the 2 system references, as no system was ever properly disclosed.

To disclose and rely on a prior art system, the LPR requires: (i) that a specific system be

identified with particularity, including at least the specific version of the system, the date it became publicly used, known, or sold, and how it became publicly used, known, or sold, (ii) that all supporting materials for the system be produced along with the contentions, and (iii) a claim chart that maps all the system supporting materials to each claim limitation. *See* LPR 2.3(b)(1), (3); LPR 3.1(b); LPR 3.3; *Peerless Indus., Inc. v. Crimson AV LLC*, No. 11 C 1768, 2015 WL 1275908, at *4 (N.D. Ill. Mar. 17, 2015) (limiting defendant to particular versions of a system that had been properly disclosed in invalidity contentions); *In re Koninklijke Philips Patent Litig.*, 18-cv-01885-HSG, 2019 WL 2359206, at *3 (N.D. Cal. June 4, 2019) (same); *Pactiv Corp.*, 2013 WL 2384249 at *3 (defendant precluded from relying on portions of prior art references that were not in claim charts). AWS's FAFIC do not sufficiently identify any prior art system; it relies only on discrete, document references.

The two prior art systems AWS purports to identify are "DNS" and the "Web Caching System." As AWS admits in its SAFIC, DNS is an evolving combination of software and hardware. Ex. G, at 6-7. In order to meet LPR requirements, AWS would have needed to identify a particular DNS implementation with specificity, produce the supporting materials it intends to rely on, and chart those materials to the asserted claims. But AWS neither identified, produced, nor charted any software or hardware. *E.g.*, Ex. A, at 6; *id.*, Ex. 1A, at 1-14; Decl., ¶ 4. The *only* reference AWS's FAFIC identify and chart in support of a purported DNS system is a single document, RFC1034, dated November 1987. *E.g.*, Ex. A, at 1-14. That is the only reference AWS should be permitted to rely on.

AWS's second purported system, the "Web Caching System," should be similarly limited. AWS's FAFIC identifies and charts only three documents — the same RFC1034 document it pointed to in DNS, and the "Sherman" and "Karger/Sherman" references. AWS did not cite to, rely on, or produce hardware, software, or any other materials.

In sum, all language in the FAFIC that refer to purported "systems" or reserve the right to

12

rely on materials that are not in the claim charts must be stricken. These portions have been identified in Exhibit K with blue highlighting.

## V. CONCLUSION

For the foregoing reasons, Kove respectfully requests that the Court (i) strike AWS's SAFIC in their entirety, (ii) order that AWS's FAFIC, with the highlighted portions identified in Exhibit K stricken, is AWS's operative set of invalidity contentions, and (iii) enter any other relief it deems just.

| | |
|---|---|
| September 14, 2020 | Respectfully submitted,<br><br>/s/ Khue V. Hoang<br><br>Renato Mariotti (State Bar No. 6323198)<br>rmariotti@thompsoncoburn.com<br>Holly H. Campbell (State Bar No. 6320395)<br>hcampbell@thompsoncoburn.com<br>THOMPSON COBURN LLP<br>55 E. Monroe St., 37th Floor<br>Chicago, IL 60603<br>Telephone: (312) 346-7500 |
| Sarah O. Jorgensen (*pro hac vice*)<br>sjorgensen@reichmanjorgensen.com<br>REICHMAN JORGENSEN LLP<br>1201 West Peachtree, Suite 2300<br>Atlanta, GA 30309<br>Telephone: (404) 609-1040<br>Telecopier: (650) 623-1449 | Courtland L. Reichman (*pro hac vice*)<br>creichman@reichmanjorgensen.com<br>Shawna L. Ballard<br>(Identification No. 155188)<br>sballard@reichmanjorgensen.com<br>Jennifer P. Estremera (*pro hac vice*)<br>jestremera@reichmanjorgensen.com<br>Michael G. Flanigan (State Bar No. 6309008)<br>mflanigan@reichmanjorgensen.com<br>Kate M. Falkenstien (*pro hac vice*)<br>kfalkenstien@reichmanjorgensen.com<br>REICHMAN JORGENSEN LLP<br>100 Marine Parkway, Suite 300<br>Redwood Shores, CA 94065<br>Telephone: (650) 623-1401<br>Telecopier: (650) 623-1449<br><br>*Attorneys for Kove IO, Inc.* |
| Christine E. Lehman (*pro hac vice*)<br>clehman@reichmanjorgensen.com<br>REICHMAN JORGENSEN LLP<br>1615 M Street, NW, Suite 300<br>Washington, DC 20036<br>Telephone: (202) 894-7310<br>Telecopier: (650) 623-1449 | |
| Khue Hoang (*pro hac vice*)<br>khoang@reichmanjorgensen.com<br>Jaime F. Cardenas-Navia (*pro hac vice*)<br>jcardenas-navia@reichmanjorgensen.com<br>Wesley White (*pro hac vice*)<br>wwhite@reichmanjorgensen.com<br>Rahul Sarkar (*pro hac vice*)<br>rsarkar@reichmanjorgensen.com<br>Michael W. Marvin (*pro hac vice*)<br>mmarvin@reichmanjorgensen.com<br>REICHMAN JORGENSEN LLP<br>750 Third Avenue, Suite 2400<br>New York, NY 10017<br>Telephone: (212) 381-1965<br>Telecopier: (650) 623-1449 | |

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and exact copy of the foregoing, and all exhibits thereto, was filed electronically on September 14, 2020 with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all registered counsel of record.

                                                   /s/    *Jaime F. Cardenas-Navia*
                                                          Jaime F. Cardenas-Navia