# EXHIBIT B


Jaime Cardenas-Navia
Direct Dial: (646) 921-1474
jcardenas-navia@reichmanjorgensen.com

750 Third Avenue
Suite 2400
New York, NY 10017

June 9, 2020

**By E-Mail**

Tim Barron
Jenner & Block LLP
353 North Clark St.
Chicago, IL 60654
tbarron@jenner.com

      RE:    *Kove IO, Inc. v. Amazon Web Services, Inc.*, Case No. 18-cv-8175 (N.D. Ill.)

Tim,

      I write regarding Amazon's Amended Final Invalidity Contentions ("Contentions"). They violate multiple provisions of the Local Patent Rules ("LPR").

### 1) LPR 3.1(b): Limitation on Prior Art Grounds

LPR 3.1(b) states, *inter alia*:

> For each claim alleged to be invalid, the Final Unenforceability and Invalidity Contentions are limited to *four (4) prior art grounds per claim* and four (4) non-prior art grounds. No claim asserted to be infringed shall be subject to more than eight (8) total grounds per claim. Each of the following shall constitute separate grounds: indefiniteness, lack of written description, lack of enablement, unenforceability, and non-statutory subject matter under 35 U.S.C. § 101. *Each assertion of anticipation and each combination of references shall constitute separate grounds*.

LPR 3.1(b) (emphasis added). Amazon's Contentions greatly exceed the express limit of four prior art grounds per claim.

      Specifically, Amazon identifies 4 prior art grounds of invalidity for each claim in Section III of its Contentions (pp. 6-12), but then identifies many additional prior art grounds throughout its Contentions. These include: (1) the entirety of Section IV, which contains numerous additional obviousness assertions based on groups of references (*e.g.*, "Data Location Server References"); (2) the assertions in Amazon's claim charts that reference Section IV of the Contentions (*e.g.*, page 7 of Exhibit 1A, referencing "the Load Balancing References"); (3) the assertions in Amazon's claim charts that a references discloses a claim limitation when there is also an obviousness argument (*e.g.*, page 7 of Exhibit 1A, first 2 paragraphs for claim 2); and (4) the introduction to Section II, where Amazon asserts that it may rely on other references, both disclosed and undisclosed, to invalidate the asserted claims.

These sections and assertions are in violation of LPR 3.1(b) and must be stricken from Amazon's Contentions.

### 2) **LPR 3.1(b): Limitation on Prior Art References and Failure to Disclose a System**

LPR 2.3(b)(1), which is incorporated by reference into LPR 3.1(b), states that Invalidity Contentions must contain "an identification, with particularity, of *up to twenty five (25) items of prior art* per asserted patent that allegedly invalidates each asserted claim." LPR 2.3(b) (emphasis added). LPR 3.1(b) further states that: "Final Invalidity Contentions may rely on more than twenty-five (25) prior art references *only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties*." LPR 3.1(b) (emphasis added). Amazon's Contentions exceed this clear limitation of 25 prior art references, as they purport to identify 2 systems — DNS and Web Caching — in addition to 25 documents. *See* Contentions, Sections II.A, II.B. The Contentions also assert that Amazon may rely on unspecified additional references. *See* Contentions, Section II.B; *id.* at Ex. 1A at 1. Because Amazon has neither sought nor received an Order from the Court permitting it to exceed the 25-reference limit of the LPR, all mention of references other than those specifically identified in Section II.A of the Contentions must be stricken.

The two systems that Amazon purports to rely on (DNS and Web Caching) must also be stricken from the Contentions because Amazon has failed to actually identify or provide support for any system. LPR 2.3(b) ("Prior art in the form of sales, offers for sale, or uses shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known."). For DNS, Amazon does not specify a particular implementation of DNS, provide a specific date for its public availability, or provide any source code for the system. Amazon instead relies entirely on a single document, RFC1034. *See, e.g.*, Contentions, Ex. 1A. For Web Caching, Amazon similarly fails to identify a specific system, an associated date, or provide supporting materials, and instead relies on the Sherman, Karger/Sherman, and RFC1034 references. *See id.*, Ex. 1B. Amazon has not shown that these references refer to the same system, and so they each must stand on their own, and cannot be used in support of some unspecified system. Moreover, Amazon failed to produce any prior art system by the Court-ordered deadline, pursuant to LPR 3.3, and may not in the future identify additional supporting documents or source code for these systems. LPR 3.3 ("With the Final Invalidity Contentions, the party asserting invalidity of any patent claim *shall produce* or make available for inspection and copying: *a copy or sample of all prior art* identified pursuant to LPR 3.1(b).") (emphasis added).

For at least these reasons, all references to these two systems must be stricken from the Contentions, as well as all language where Amazon asserts that it can rely on undisclosed references or support for any such system.

**********************************

Please confirm by close of business tomorrow that Amazon will serve amended Contentions that remove all references to the improper prior art grounds and prior art references,

as explained above.  If Amazon does not agree to do so, then provide your availability to meet and confer this Thursday, June 11th.


Sincerely,

Jaime Cardenas-Navia