# EXHIBIT F



Jaime Cardenas-Navia
Direct Dial: (646) 921-1474
jcardenas-navia@reichmanjorgensen.com

750 Third Avenue
Suite 2400
New York, NY 10017

June 23, 2020

**By E-Mail**

Tim Barron
Jenner & Block LLP
353 North Clark St.
Chicago, IL 60654
tbarron@jenner.com

  RE: *Kove IO, Inc. v. Amazon Web Services, Inc.*, Case No. 18-cv-8175 (N.D. Ill.)

Tim,

  I write in response to your June 18, 2020 email and in furtherance of my June 9, 2020 letter regarding Amazon's Amended Final Invalidity Contentions ("Contentions").

  My June 9th letter identified the multiple ways that Amazon's Contentions are not in compliance with the Local Patent Rules ("LPR"). It also explained what needed to be done to bring them into compliance, including reducing the number of references Amazon intends to rely on from the 27 identified in its Contentions down to the permitted cap of 25.

  During our June 12th call, you indicated that Amazon would provide a proposal for fixing these issues by Monday, June 15th. Of course, the only way for to Kove to assess whether Amazon's proposed amendments comply with the LPR is to see a full draft that would permit us to, among other things, tally the prior art count. Unfortunately, your proposal of June 18th does not provide that information. Moreover, Amazon appears to be taking the request to reduce it reference count as an opportunity to swap in brand new references. In particular, your proposal to add in new DNS-related references is not permitted under the LPR. Amazon is free to count the RFC1034 paper among its 25 references if it chooses, because that reference was timely disclosed, but the LPR do not permit the introduction of new references at this stage.

  So that we may resolve this expeditiously, please identify the 25 references Amazon intends to rely on for your invalidity positions, including the obviousness combinations, by close of business tomorrow, with the understanding that these 25 must be among the 27 Amazon disclosed on February 13, 2020.

  Finally, we did not agree that Second Amended Final Invalidity Contentions and Second Amended Final Infringement Contentions will be served on the same date. We will respond regarding Kove's Amended Final Infringement Contentions separately.

Sincerely,

Jaime Cardenas-Navia