# EXHIBIT I



Jaime Cardenas-Navia
Direct Dial: (646) 921-1474
jcardenas-navia@reichmanjorgensen.com

750 Third Avenue
Suite 2400
New York, NY 10017

July 28, 2020

**By E-Mail**

Tim Barron
Jenner & Block LLP
353 North Clark St.
Chicago, IL 60654
tbarron@jenner.com

RE: *Kove IO, Inc. v. Amazon Web Services, Inc.*, Case No. 18-cv-8175 (N.D. Ill.)

Tim,

I write regarding Amazon's Second Amended Final Invalidity Contentions ("Contentions").

My June 9th letter identified the multiple ways that Amazon's Amended Invalidity Contentions were not in compliance with the Local Patent Rules ("LPR"). It also explained what needed to be done to bring them into compliance, including (i) reducing the number of prior art grounds per claim to the permitted limit of 4; and (ii) reducing the number of references Amazon intends to rely on from 27 down to the permitted cap of 25.

In a June 15th letter, you provided a vague proposal of how these issues would be addressed. In response to our request for more clarity, on June 18th you provided an excerpt that, rather than removing the references that Amazon relied on to get under the 25 reference limit, actually *added new, previously undisclosed references*. In a June 23rd letter, we informed Amazon that this approach was improper and that Amazon must reduce the references it relies on down to 25. You then proposed, and we agreed, that the parties understood one another's positions and should proceed with serving amended contentions.

Unfortunately, Amazon's served Contentions continue to violate the LPR in the same ways as identified in my June 9th and June 23rd letters.

First, in violation of LPR 3.1(b), the Contentions continue to rely on more than the permitted four prior art grounds per claim that are identified in Section III. *See, e.g.*, Contentions at Sections I, IV, and Exs. 1-3 (obviousness arguments).

Second, the Contentions identify and rely on many new references, including "BIND & DNS," "Dasgupta," "RFC 882," "RFC 883," "RFC 1035," "RFC 2168," "BIND" (all versions), and "additional information. *See, e.g.*, Contentions at Section II. These references were not previously produced, which is a violation of LPR 3.3. More to the point, by including these additional references, Amazon has both *further* exceeded the limit of 25 references (LPR 3.1(b)) and substantively amended its contentions without seeking leave of the court (LPR 3.4).

Troublingly, Amazon seems to believe that it can rely on even more, as-yet unidentified references whenever it wants to. *See, e.g.*, Contentions, Ex. 1A at 1 ("AWS intends to rely on additional documents, opinions, and testimony to further show the operation of DNS as the case progresses.").

Third, in contravention of LPR 3.4, Amazon has substantively amended the mapping of references to the asserted claims in its claim charts, also without express leave of the Court. *See, e.g.*, Contentions, Ex. 1A at 2-3, 7-11, Ex. 1C at 45, 49-50, 51-54.

The parties have already conferred about these issues in detail multiple times. Accordingly, please let us know by the end of Thursday, July 30th, whether Amazon will serve invalidity contentions that are in full compliance with the LPR. To avoid any misunderstanding, such contentions must *remove* all the improper sections and language (as identified in my June 9th letter) and not contain anything not already present in Amazon's original Final Invalidity Contentions. If Amazon does not agree to revise its contentions in this way, then Kove will seek judicial intervention.

Kove is available to meet and confer tomorrow or Thursday if Amazon believes it may be fruitful to do so.

Sincerely,

Jaime Cardenas-Navia