# EXHIBIT J

July 30, 2020

Timothy J. Barron
Tel +1 312 923 8309
Fax +1 312 923 8409
TBarron@jenner.com

**VIA EMAIL**

Jaime F. Cardenas-Navia, Esq.
Reichman Jorgensen LLP
750 Third Avenue
Suite 2400
New York, NY 10017
jcardenas-navia@reichmanjorgensen.com

Re: *Kove IO, Inc. v. Amazon Web Services*

Dear Jaime:

We received your July 28, 2020 letter regarding Amazon's Second Amended Final Invalidity Contentions ("Contentions"). We disagree with your assertions, as discussed below. The Contentions comply with the Local Patent Rules and the changes AWS made were in direct response to the issues you raised in your June 9, 2020 letter.

First, Amazon's Contentions do comply with the Local Rule requirement that we identify no more than four prior art grounds per asserted patent claim (found in Section III of the Contentions) and no more than twenty-five items of prior art per claim (found in Section II.A). Section I's reservation of rights to supplement is subject to the Court's approval as provided in LPR 3.4. Section IV describes the background prior art, listed in Amazon's twenty-five items of prior art, which a person skilled in the art would consider as motivation to combine the prior art references identified in the obviousness arguments provided in the four prior art grounds. Exhibits 1-3 provide the reasons to combine the prior art references as required by LPR 2.3(b)(2).

Second, Amazon included additional items of prior art (and removed other items of prior art) in its list of twenty-five items of prior art directly in response to your June 9, 2020 letter. The list now includes the systems identified in Amazon's February 13, 2020 Final Unenforceability and Invalidity Contentions. Additionally, your letter asked Amazon to specifically identify the version of DNS on which Amazon intends to rely. In response to your stated concern, the Contentions identify the BIND 8.1 version of DNS. The list now also includes a book describing the operation of BIND 8.1 and a paper that evidences the background knowledge of a person skilled in the art.

It is disingenuous for Kove to ask Amazon to amend its contentions and then complain when it does so. Kove has been on notice of Amazon's intentions to use DNS as a prior art system since its February 13, 2020 Final Unenforceability and Invalidity Contentions and the patents-in-suit

themselves discuss DNS; Kove has not been prejudiced by the changes Amazon carried out at Kove's request.

Third, Amazon produced BIND 8.1 and a book that describes BIND 8.1, "BIND & DNS," with the Contentions. All of the other prior art identified in Section IX of Amazon's Contentions was previously produced. Amazon produced BIND 8.1 and the BIND & DNS book in direct response to Kove's request that Amazon identify a particular version of DNS.

Fourth, the changes to Amazon's invalidity claim charts are entirely nonsubstantive. Amazon merely added cites to the BIND & DNS book, which, as discussed above, we added in response to your request. Amazon also added additional cites to the Karger and Neimat prior art to try to make our contentions more clear, but only where these references were previously cited in its February 13, 2020 Final Unenforceability and Invalidity Contentions. Amazon added no prior art exhibits not already included in Section III of the Contentions, which is where Amazon identified its four prior art grounds per asserted patent claim.

We believe all of this is in compliance with the Local Rules and in furtherance of responding to your request that we amend the Contentions.

Very truly yours,

Timothy J. Barron