IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., | Civil Action No. 1:18-cv-08175 |
| Plaintiff, | Hon. Rebecca R. Pallmeyer |
| v. | Jury Trial Demanded |
| Amazon Web Services, Inc., | |
| Defendant. | |

**KOVE IO, INC.'S SUR-REPLY TO
AMAZON WEB SERVICES, INC.'S SECOND MOTION TO COMPEL AMENDMENT OF
FINAL INFRINGEMENT CONTENTIONS TO CONFORM WITH LOCAL PATENT RULES**

Pursuant to the Court's grant of leave (Dkt. No. 199), Kove IO, Inc. ("Kove") submits this Sur-Reply to Amazon Web Services, Inc.'s ("AWS") Second Motion to Compel Amendment of Final Infringement Contentions to Conform with Local Patent Rules ("Motion" or "Mot.").

## I. INTRODUCTION

AWS' Reply Brief is the culmination of its months-long attempt to improperly limit Kove's infringement positions. After expressly representing to this Court at the hearing on its prior motion that it was "***not asking the Court to order Kove to limit its citations to a certain number or to reduce the size of the contentions***" (Dkt. 182, Ex. 2, at 16:16-19), AWS complained to Kove to demand precisely such a reduction, insisting that the citations in Kove's Amended Final Infringement Contentions were too numerous for it to review. In an effort to avoid burdening this Court, Kove agreed to amend its Contentions a second time to provide exemplary "best of" citations for each claim limitation, so that AWS could, if it chose, focus its review of Kove's theories. But AWS complained again, this time arguing that Kove had not provided pinpoint citations to AWS's source code. When Kove pointed out that its Final Infringement Contentions ("Contentions") had, in fact, paired pinpoint source code citations to each asserted claim element and sub-element (*see, e.g.,* Dkt. 182, Ex. 11), AWS nevertheless brought its Motion to complain that those pinpoint citations comprised *too many lines* of code and to disingenuously complain that Kove's theories of infringement were "incomprehensible" and "impossible" to understand (Mot. at 1, 3-6, 9, 10, 12, 14).[1] Now, after reviewing Kove's Opposition Brief ("Opposition") and finding its explanations — which were based entirely on Kove's Contentions — "sufficiently clear," (Dkt. 193 at 4), AWS shifts its position yet again, this time arguing that Kove's Contentions

---

[1] AWS's complaint is disingenuous, not only because it continued to manufacture new dissatisfactions after each prior complaint was resolved, but also because AWS was very much able to comprehend Kove's infringement theories, as evidenced by its detailed responses to those theories in its Non-Infringement Contentions. *See* Dkt. 182 at 4, 14.

1

be "limited to the contentions and supporting evidence in its response brief." Dkt. No. 193 at 8. No provision of this Court's Local Patent Rules requires Kove's Contentions to be so limited, nor can AWS point to any case law that does. Kove is entitled to rely upon the full range of citations set forth in its Contentions.

Contrary to AWS's allegation, Kove has provided no "new information" in its Opposition. *Id*. at 4. In fact, the explanations that AWS deems "sufficiently clear to satisfy Kove's obligations under the Local Patent Rules" are *excerpts* of Kove's Contentions, accompanied by Kove's paraphrases of those excerpts. *Id.* at 1.

Finally, AWS's repeated allegation that the source code citations in Kove's Contentions are "undifferentiated" (Mot. at 1, 2, 3, 5, 6) is untenable: as both Kove's Opposition and attached expert declaration demonstrate, and AWS fails to address, **Kove's Contentions discretely map each asserted claim element and sub-element to pinpoint, line by line, source code citations, and explanatory descriptions of those citations**. *See, e.g.*, Dkt. No. 182 at 4-14; Dkt. No. 182, Goodrich Decl. at ¶¶ 24-28. AWS's actual complaint seems to be that the "thousands" of lines of code Kove has cited are too numerous. *Id*. at 3. As both AWS and its expert know, however, Kove's citations constitute less than 2% of the lines of code AWS has produced and are well below par for litigations involving such complex software.[2]

**II.  ARGUMENT**

    **A.  Kove has Provided No "New Information" in Its Opposition Brief**

Far from supplementing its Contentions with new information, Kove's Opposition Brief

---

[2] Both AWS's Final Validity Contentions and Non-Infringement Contentions are hundreds of pages long, rely on many thousands of lines of source code and other citations, and take considerable work to puzzle through. Measured by its own criteria, AWS's contentions are "undifferentiated," "incomprehensible," and "impossible" to understand. Kove reserves the right to hold AWS's to its own standards, should the Court find those standards to be appropriate.

describes its theories of infringement for the "redirect," "hash" and "predetermined performance based limit" by *excerpting* its Contentions and paraphrasing those excerpts. Kove merely set forth, without modification, the theories of infringement that already existed in its Contentions — there are no "amendments" to or "new" information added to those Contentions. Furthermore, because the excerpted evidence is *exemplary* and therefore not coextensive with the scope of evidence assembled, Kove would be severely prejudiced by having its Contentions limited to those excerpts.

With respect to the "redirect message," for example, AWS contends that Kove has added "new information" by describing ▮▮▮▮▮▮▮ Dkt. No. 193 at 4. In reality, all Kove did was excerpt the code citations for the file ▮▮▮▮▮▮▮ that maps to the "redirect message" and paraphrase the explanatory descriptions in those citations:



Dkt. No. 182 at 7-8. In other words, Kove's Contentions already contain descriptions for the ▮▮▮▮▮▮▮ Dkt. No. 182 at 5-6. Paraphrasing those descriptions do not modify or add to Kove's theory of infringement, and more importantly, should not somehow cause Kove's theories to be *limited* to them.

AWS also alleges that Kove's Opposition "provides an explanation that does not appear

3

in" its Contentions by describing the ▮▮▮▮▮▮▮▮▮▮. Dkt. No. 193 at 7. But Kove's Contentions explicitly map the "hash table" to the ▮▮▮▮▮▮ (in red below):



(*ee also* Ex. G, Source Code Citation 2, 3, 4, 5).

Dkt. No. 182 at 9-10. Tellingly, the very paragraph of Kove's Opposition that AWS singles out as containing a "new" explanation *quotes* from the excerpted source code citations that precede it — something AWS conveniently omits in its Reply:



Ex. 10, Kove's Contentions (Ex. G) at 5, 11. ▮▮▮▮▮▮▮ rendering those relationships a "portion" ▮▮▮▮▮▮▮ rendering the ▮▮▮▮▮ a "hash table generated by a hash function."

4

Dkt. No. 182 at 10.

Similarly, for the "predetermined performance limit" limitation, Kove's Opposition first excerpts the narrative mapping Kove provides in its Contentions of the claim element to the components of S3 that practice it, and then excerpts the exemplary source code citations that embody that mapping. Dkt. No. 182 at 11-13.

### B. The "Thousands" of Lines Kove Cites in Its Contentions Are Well Below Par Complex Software Patent Litigations, and the Local Patent Rules Do Not Limit the Number Kove May Cite

AWS's allegation of "undifferentiated" source code citations (Mot. at 1, 2, 3, 5, 6) is plainly belied by Kove's discrete mapping of each asserted claim element and sub-element to pinpoint, line by line, source code citations, as well as explanatory descriptions of those citations. *See, e.g.*, Dkt. No. 182 at 4-14; Dkt. No. 182, Goodrich Decl. at ¶¶ 24-28. AWS's real issue is with the *volume* of code citations (as evidenced by its accounting of the same throughout its briefs). But what AWS does not (and cannot) dispute is that the complexity of its software product (and indeed, software products in general) necessarily requires citing to large volumes of code.[3] Both parties' experts acknowledge as much, having dealt with matters where citations to *millions* of lines of infringing source code are par for the course. Dkt. No. 182, Goodrich Decl. at ¶¶ 20-22. Kove's contentions to date rely on less than 2% of the 9 million lines of code AWS produced for inspection. *Id*. at ¶ 22. In any event, the LPR place no upper limit on the number of lines that may be relied upon, and AWS points to no authority requiring such a limit, thus underscoring the overreach of its argument.

### III. CONCLUSION

For the foregoing reasons, AWS's motion should be denied.

---

[3] AWS's Non-Infringement Contentions cite to over 268 files and five thousand lines of discrete code.

September 15, 2020

Sarah O. Jorgensen (*pro hac vice*)
sjorgensen@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (404) 609-1040
Telecopier: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
1615 M Street, NW, Suite 300
Washington, DC 20036
Telephone: (202) 894-7310
Telecopier: (650) 623-1449

Khue Hoang (*pro hac vice*)
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Wesley White (*pro hac vice*)
wwhite@reichmanjorgensen.com
Rahul Sarkar (*pro hac vice*)
rsarkar@reichmanjorgensen.com
Michael W. Marvin (*pro hac vice*)
mmarvin@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965
Telecopier: (650) 623-1449

Respectfully submitted,

*/s/ Khue V. Hoang*

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
Holly H. Campbell (State Bar No. 6320395)
hcampbell@thompsoncoburn.com
THOMPSON COBURN LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Shawna L. Ballard
(Identification No. 155188)
sballard@reichmanjorgensen.com
Jennifer P. Estremera (*pro hac vice*)
jestremera@reichmanjorgensen.com
Michael G. Flanigan (State Bar No. 6309008)
mflanigan@reichmanjorgensen.com
Kate M. Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

*Attorneys for Kove IO, Inc.*

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing, and all exhibits thereto, was filed electronically on September 15, 2020, with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all registered counsel of record or was emailed to all registered counsel of record.

                                                */s/ Holly Campbell*
                                                Holly H. Campbell