# Exhibit E

June 4, 2020

Timothy J. Barron
Tel +1 312 923 8309
Fax +1 312 923 8409
TBarron@jenner.com

**VIA EMAIL**

Michael W. Marvin, Esq.
Reichman Jorgensen LLP
750 Third Avenue
Suite 2400
New York, NY 10017
mmarvin@reichmanjorgensen.com

Re:     *Kove IO, Inc. v. Amazon Web Services*

Dear Mr. Marvin:

I was disappointed in reading your June 2, 2020 letter purporting to memorialize the discussions between the parties and agreements on various outstanding discovery issues. Unfortunately, your letter contained numerous inaccuracies, which I attempt to correct below. The numbered points below respond in order to your letter's bullet points, *e.g.*, Point No. 1 in each section responds to your letter's first bullet point in that section.

**Technical Discovery**

1. We disagree the parties are at an impasse regarding Kove's requests for production relating to "design and operation documents" and Rule 30(b)(6) topics. As Kove has acknowledged, AWS has already produced to Kove numerous documents that fall within whatever Kove contends are "design and operation documents," including source code, white papers and "WIKIs." Because AWS believes it fully complied with Kove's requests, we asked you to provide more information on the types of documents Kove contends are responsive but which AWS did not produce; indeed, we repeatedly asked Kove to give examples of such documents so AWS knows what to search for. Kove agreed to do so in our May 12, 2020 call (as summarized in my follow-up correspondence), but Kove refused to do so on our call a week later. The parties have no dispute if Kove simply abides by its earlier agreement and explains what documents it wants our client to obtain.

   Nevertheless, in one last attempt to avoid the Court's involvement on this issue, AWS will agree to conduct an additional search of "WIKI" documents, which you appear to agree fall within the "design" category. In order to focus our additional search on documents that are relevant to the issues in the case, but do not generate an overwhelming and burdensome number of documents, we ask you to provide us with five search terms. AWS will run a search of WIKI documents using those terms, and we will

    expeditiously report back to you on the results of the search, including whether we believe some refinement of the search terms is necessary. Please let us know Kove's thoughts on this proposal.

2. We disagree with your characterization that AWS's response to Interrogatory No. 4 – which relates to "Material Differences" in source code – is "deficient." But we nevertheless agreed to discuss this issue again after we serve our Final Noninfringement Contentions on June 17.

3. AWS did agree that it will supplement its response to Interrogatory No. 7, which concerns the circumstances in which AWS adds or removes servers from certain of its fleets, by June 24.

4. You are mistaken that we "confirmed that videos collected from AWS, such as AMZ_KOVE_000064820-64820-648233, are improperly cut off." Rather, I simply confirmed that the version produced to Kove is the same version that we have and that we have asked our client to determine if a different, lengthier version exists. If so, AWS will produce these videos.

**Damages-Related Discovery**

1. AWS did not agree that it would produce "within the next couple of weeks" documents "relating to monthly U.S. volume revenue/revenue/cost/profit/total customer data for S3 and DynamoDB broken down by how each S3/DynamoDB service is priced to the extent that such documents are in AWS's possession." Rather, as we informed you concerning all of the damages-related requests which you have recently clarified, our client is searching to determine if such documents exist, and we will provide you with an update on the status of our client's search in the next couple of weeks.

2. Similarly, we informed you that AWS was searching for "documents relating to historical pricing lists, terms and sheets for DynamoDB and S3 pricing and service tiers over the entire damages period." We did not say that AWS expects to produce any such documents in the next couple of weeks. As with the other damages-related documents, we agreed to update you on the status of our client's search for these documents in the next couple of weeks.

3. AWS did agree that it would supplement its response to Interrogatory No. 6, which relates to financial information on the accused products.

4. We indicated that Amazon is in the process of determining if pre-2014 profit and loss statements for S3 and DynamoDB exist and are retrievable. If such documents exist and are retrievable, they will be collected and produced.

5. We did refuse Kove's request that AWS produce profit and loss statements covering AWS as a reporting segment, and not tied to the accused products. Although Kove asserted repeatedly that such documents were "relevant to Kove's damages case," Kove

    did not provide any logical basis of *how* those documents could be relevant to your damages case. In fact, we asked that you articulate a *Georgia-Pacific* factor to which these documents would be relevant, but received no response.

6. AWS did not agree that "it would look for and produce the telemetry, usage data and metrics data and analyses regarding speed, scalability and availability of Amazon S3 and Dynamo [sic], including any customer testing or customer or other surveys within its possession described in [Kove's] May 28 letter." Rather, we indicated that we had asked our client to search for such information. As with the other damages-related documents, we will report back to you on the status of that search within a couple of weeks. We also did not state, as you assert, that our forthcoming responses to Interrogatories No. 14 and 15 would identify such metrics.

**Miscellaneous Discovery**

1. The parties do disagree on whether a "substantive" response to Kove's Interrogatory No. 3, which requested information on noninfringing alternatives, is even possible given Kove's Final Infringement Contentions, which the Court found to be deficient. However, we did agree to re-evaluate our response to this interrogatory if Kove abided by its obligations under the Local Rules and Judge Pallmeyer's order directing Kove to provide more specific infringement contentions. As we informed you on the call, AWS will attempt to supplement its response to this Interrogatory if Kove in fact abided by its obligations and the Court's order – a matter we are still evaluating.

2. On Kove's Request for Production No. 118 concerning license agreements, we confirmed AWS is looking for and collecting responsive documents and, subject to our objections, we will produce those if and when we receive them. We also indicated that AWS is searching for documents responsive to Kove's Request Nos. 20-22, 30, 32 and 101 – which relate to non-AWS entities' use of Amazon S3 and DynamoDB – and that we will produce such documents if they exist. And, we informed you that on Kove's request that AWS supplement its response to Interrogatory No. 9 to provide information regarding the ways S3 is used by DynamoDB, we have asked our client for additional information and will supplemental our response, if necessary, in light of any such information.

3. AWS also agreed to supplement its responses to Kove's Interrogatory No. 2 regarding AWS's affirmative defenses. We estimated that AWS would supplement that interrogatory response by June 12.

**ESI Search-Term Discovery**

1. Finally, as we stated in the call, we are in the process of working with our client to identify AWS custodians knowledgeable about the topics identified in Jaime Cardenas-Navia's May 14 and 20 emails.

I will happily discuss any of these matters further at a convenient time.

Very truly yours,

Timothy J. Barron

TJB:rlu