# Exhibit F

Michael Marvin
Direct Dial: (646) 970-2652
mmarvin@reichmanjorgensen.com

750 Third Avenue
Suite 2402
New York, NY 10017

July 8, 2020

**By E-Mail**

Tim Barron
Jenner & Block LLP
353 North Clark St.
Chicago, IL 60654
tbarron@jenner.com

RE: *Kove IO, Inc. v. Amazon Web Services, Inc.*, Case No. 18-cv-8175 (N.D. Ill.)

Counsel,

I write in response to your letter of June 23, 2020, concerning Kove's proposed Electronically Stored Information ("ESI") search terms, custodians, and the status of AWS's document production and to follow-up on discovery that AWS promised to provide over a month ago.

**ESI Search Terms**

We disagree with your assertion that Kove's proposed search terms exceed the limit of five search-terms per custodian, as well as your assertion that the terms are not narrowly tailored. Under the applicable ESI rules, Kove's search terms fall within the limit of five search-terms per custodian and are narrowly tailored to the issues in this case.

As you note in your letter of June 23, the parties agreed to incorporate the Local Patent Rules for Electronically Stored Information ("Local Patent Rules for ESI") and to supplement such rules by following the Federal Circuit Model Order Regarding E-Discovery in Patent Cases. The Local Patent Rules for ESI provide that each party must limit its requests to a total of five search terms per custodian. LPR ESI 2.6(e). And the Local Patent Rules for ESI also provide that "[a] conjunctive combination of multiple words or phrases (e.g., 'computer' and 'system') narrows the search and shall count as a single search term." *Id*. The Local Patent Rules for ESI also provide that a "disjunctive combination of multiple words or phrases . . . shall count as a separate search term unless they are variants of the same word." *Id*. As you note, the Federal Circuit Model order contains identical provisions.

While the parties appear to agree on the rules governing ESI discovery, AWS misapplies those rules in evaluating Kove's search terms. I address each of the examples from your letter of June 23 in turn:

First, you point to Kove's set of "Technology Related Search Terms" as containing more than five terms, citing row 10 of the spreadsheet attached to my letter of May 28. While it is true that this row contains seven words, under the relevant ESI rules in this case, five of these words count collectively as just one term,[1] because they are "variants of the same word" under the Local Patent Rules for ESI and the Federal Circuit Model Order. Accordingly, row 10 only contains three terms in total. Nevertheless, while we believe that this set of terms complies with the relevant ESI rules, we have amended our search terms, attached, to only use five "words" in row 10. We assume, as you cite no other search string allegedly non-compliant for containing too many terms, that you agree the rest of the search strings fall under the five term per custodian limit; please confirm.

Second, you claim that Kove's proposed terms are not narrowly tailored to the particular issues of this case. This is facially incorrect from the search terms themselves, which contain extreme limitations on scope to only return documents that are relevant to Kove's case. Indeed, Kove has proposed terms narrowly tailored to the issues in this case that fully comply with the letter and spirit of the relevant ESI rules. The terms in rows 8 and 9, which you rely on to claim that Kove's terms are overly broad, in fact demonstrate just the opposite.

The terms in row 8 search for any document containing the word S3 within ten words of the following set of words: (invent! OR design! OR develop! OR oper! OR creat! OR algorithm OR test! OR mode OR capabilit! OR requirement OR hardware OR specification OR architecture OR "design review" OR "design reviews" OR "flow diagram" OR "flow diagrams" OR "block diagram" OR "block diagrams" OR "class diagram" OR "class diagrams" OR manual OR brochure OR "data sheet" OR "data sheets" OR guide OR "data structure" OR "data structures" OR maint! OR made OR use OR infring! OR non-infring! OR training OR educat! OR instruct! OR track OR complain! OR perform! function OR improv! OR optimiz! OR enhance! OR adopt! OR implement!). This set of terms is explicitly contemplated in the Local Patent Rules for ESI, which states that terms such as a party's "product name[] are inappropriate <u>unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.</u>" LPR ESI 2.6(e). By limiting its proposed search string to only documents that reference S3 within ten words of other words that are key to Kove's case, Kove's search terms narrowly focus on the universe of responsive documents, as contemplated by the relevant ESI rules. The same is true for the search string in row 9, which is based on the same template laid out in the Local Patent Rules for ESI, and which is narrowly tailored to return documents central to Kove's case.[2]

As before, while we disagree that Kove's proposed search terms are in any way non-compliant with the ESI rules, we propose the following as a potential path forward: Kove is willing to narrow its search strings further, such as by reducing the size of proximity connectors, based on the results of a hit report on the forthcoming set of custodians to be identified by AWS. If Kove's search terms are overbroad, the hit report will demonstrate just that, and we can further

---

[1] Specifically, I refer to the words "server," "node," "computer," "mainframe," and "system."
[2] The search string in row 10 is also narrowly tailored to the issues relevant to this case. Contrary to your assertion, this search string, which is limited by ten terms, is designed to only return documents bearing on AWS's policies and procedures for preserving documents, information, or programs on computers, servers, and the like. Such documents are clearly relevant to Kove's case.

narrow our proposed terms at that point. Kove can agree that running such a hit report in no way constitutes admission by AWS that it accepts Kove's search terms. Please let me know if AWS agrees to run hit reports.

**ESI Custodians**

As stated in my email of June 17, we have yet to hear from AWS regarding the identification of custodians knowledgeable about the topics identified in Jaime Cardenas-Navia's emails of May 14 and 20 that you agreed to provide. It has now been six weeks since Kove asked for such an identification. Please immediately identify such custodians or provide your availability to meet and confer regarding why AWS has not complied with its agreement to identify custodians.

**AWS Document Production**

It has now been over four weeks since you agreed to search for and produce documents missing from AWS's production regarding the topics identified under the headers "Damages-Related Discovery" and "Miscellaneous Discovery" in my letter of June 2. As stated in my email of June 17, we have not received any responsive production relevant to these topics, nor the promised "updates" regarding AWS's search for relevant documents. For example, although you stated in your letter of June 4 that you would update Kove regarding AWS's search for documents bearing on various damages topics in the "next couple of weeks," four weeks later we have yet to hear from you about the status of this search, nor have we received any responsive production. AWS's latest June 15 production, which contained, other than academic publications and videos, only public securities filings, does not satisfy AWS's discovery obligations with respect to any topic identified in my letter of June 2.

Finally, I was disappointed to read in your letter of June 4 the inaccurate statement that Kove has failed to explain why AWS profit and loss statements covering AWS as a reporting segment are relevant. In fact, Kove has repeatedly explained why such documents are relevant, during the parties' meet and confers on May 21 and May 29. For example, and without limitation, we have explained twice now how such documents are relevant to how AWS allocates cost between different products, which is relevant to analyzing product-level profitability, as well as commercial success. Relatedly, because the AWS segment of the business is so different from Amazon's retail business, when taking into account overall business operations (*e.g.*, operating expenses), an analysis at the AWS reporting level is more relevant than looking at this at the Amazon level. Moreover, we have also explained that notes to the unit level financials are relevant and potentially significant to an analysis of the product level financial data within the AWS unit. Also, we explained that a comparison of the financial data for the AWS unit to that for the accused products is indicative of the importance of the accused products and features. We have also explained that the AWS financial statements should be easy to locate so that the benefits of producing the data far outweigh any burden from collection. Please state your position with respect to whether AWS continues to refuse to produce AWS profit and loss statements covering AWS as a reporting segment.

As is apparent from the above, and to answer your question in your letter of June 23, we do believe it would be useful to meet and confer regarding AWS's continued deficient production.

Please provide your availability this week to discuss AWS's document production, as well as ESI to the extent you believe further discussions are necessary.

Regards,

Michael Marvin

CC (by email):  Renato Mariotti (rmariotti@thompsoncoburn.com);
                      Michael Parks (mparks@thompsoncoburn.com)