# Exhibit M

| From: | Unikowsky, Adam G. |
|---|---|
| To: | Michael Marvin; Barron, Timothy J.; Mascherin, Terri L.; Werner, Michael T. |
| Cc: | RJ_Kove_AWS; rmariotti@thompsoncoburn.com; "MParks@thompsoncoburn.com" |
| Subject: | RE: Kove IO, Inc. v. AWS, Inc. (NDIL 18-cv-8175) |
| Date: | Wednesday, September 30, 2020 12:08:51 PM |

**[EXTERNAL]**
Dear Michael,

This is a reference to volume 27, Bates-stamped AMZ_KOVE_000088413, produced on September 22.

**From:** Michael Marvin <mmarvin@reichmanjorgensen.com>
**Sent:** Tuesday, September 29, 2020 2:00 PM
**To:** Barron, Timothy J. <TBarron@jenner.com>; Mascherin, Terri L. <TMascherin@jenner.com>; Werner, Michael T. <MWerner@jenner.com>; Unikowsky, Adam G. <AUnikowsky@jenner.com>
**Cc:** RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>; rmariotti@thompsoncoburn.com; 'MParks@thompsoncoburn.com' <MParks@thompsoncoburn.com>
**Subject:** RE: Kove IO, Inc. v. AWS, Inc. (NDIL 18-cv-8175)

External Email – Exercise Caution

Tim,

I write to seek one point of clarification regarding your email below. Please identify which production volume produced last week you contend contains "company-level AWS P&L documents".

Regards,
Michael


Michael W. Marvin
Reichman Jorgensen LLP
750 Third Avenue
Suite 2400
New York, NY 10017
Direct: (646) 970-2652
mmarvin@reichmanjorgensen.com


**From:** Barron, Timothy J. <TBarron@jenner.com>
**Sent:** Monday, September 28, 2020 4:39 PM
**To:** Michael Marvin <mmarvin@reichmanjorgensen.com>; Mascherin, Terri L. <TMascherin@jenner.com>; Werner, Michael T. <MWerner@jenner.com>; Unikowsky, Adam G. <AUnikowsky@jenner.com>
**Cc:** RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>; rmariotti@thompsoncoburn.com; 'MParks@thompsoncoburn.com' <MParks@thompsoncoburn.com>

**Subject:** RE: Kove IO, Inc. v. AWS, Inc. (NDIL 18-cv-8175)

**[EXTERNAL]**
Michael,

Thank you for your email below regarding alleged production deficiencies and delays. We disagree with you that there are any deficiencies or delays as it relates to AWS's production. We have been working diligently to respond to Kove's overbroad and ill-defined requests for documents, and I can provide you with an update on those efforts below. I do not respond point-by-point to your email, but instead focus on the matters that appear to still be at issue.

First, as you know, today we are responding to Kove's Interrogatory No. 18, which will provide information on persons knowledgeable on the topics you requested, e.g., persons knowledgeable on the topics of marketing and advertising. As you will recall, AWS already identified five ESI custodians, as required, but Kove for its own reasons, did not accept those persons. Nevertheless, to avoid Court involvement, we have been working to try to identify persons responsive to Kove's vague categories, which will be set forth in the interrogatory responses. Once you've received that information, please contact us if you need anything further.

Second, regarding your assertion that AWS has not produced company-level financial documents, you are incorrect. As you know, we provided company-level AWS P&L documents last week. Other responsive financial documents we have produced include, for example AMZ_KOVE_000088413; 87328-87430; 81656-87430; 75589-75805. We are still following up with our client to determine if further documents Kove requested exist.

Third, you asked for documents showing the monthly revenue for Amazon S3 and DynamoDB from before 2014. We produced those documents at various time, including on August 26, 2020. See AMZ_KOVE_000087328-8740. If you believe there is additional information you require, please let us know. As we have informed you several times, Amazon's systems tracking this type of information changed in 2014 and thus obtaining data before that period is difficult.

Fourth, you requested documents describing the benefits accruing to AWS from S3 and DynamoDB. We have asked for those documents but have not identified any responsive documents. To clarify, we understood this as asking for documents describing benefits to AWS from S3 and DynamoDB, and not benefits to third parties, such as AWS customers. If we are misreading this request, please let us know.

Fifth, with respect to organization charts and corporate directories relating to the specific topics you requested, as we previously told you, AWS is not organized along the lines of your topics. Consequently, we have not yet located any responsive organization charts or corporate directories pertaining to these topics or that identify employees by these specific topics or groupings. We will happily meet and confer with you if you require further information.

Finally, as we have done all along, we continue to work with our client to identify and collect responsive documents. To the extent you believe other responsive documents exist that have not

been produced, please let us know and we will follow up with our client, and produce them.

We are available at your convenience to meet and confer if you would like to discuss any of the issues further.

Best regards,

Tim

---

**From:** Michael Marvin <mmarvin@reichmanjorgensen.com>
**Sent:** Thursday, September 17, 2020 2:54 PM
**To:** Barron, Timothy J. <TBarron@jenner.com>; Mascherin, Terri L. <TMascherin@jenner.com>; Werner, Michael T. <MWerner@jenner.com>; Unikowsky, Adam G. <AUnikowsky@jenner.com>
**Cc:** RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>; rmariotti@thompsoncoburn.com; 'MParks@thompsoncoburn.com' <MParks@thompsoncoburn.com>
**Subject:** Kove IO, Inc. v. AWS, Inc. (NDIL 18-cv-8175)

External Email – Exercise Caution

Tim,

I write about numerous outstanding production deficiencies and delays. These continued deficiencies and delays are hindering Kove's ability to identify follow-up discovery and to prepare for depositions. In particular, the parties have discussed AWS's failure to produce telemetry and usage data and metrics tied to the speed, scalability, and availability of Amazon S3 and DynamoDB since May. During the meet and confer between the parties on August 14 you stated that such telemetry and usage data had already been produced—a position we still believe is inaccurate—and you agreed to identify documents containing such information. *See also* 08-19-2020 Letter from T. Barron to M. Marvin (memorializing agreement to identify documents). However, over one month after agreeing to do so, AWS still has not identified documents that contain telemetry and usage data and metrics tied to the speed, scalability, and availability of Amazon S3 and DynamoDB. Moreover, AWS's production of only ~2,500 documents in a case of this scale speaks for itself. We would expect that productions pertaining to the requested metrics would equal at least the volume of documents you have produced thus far this case. Please confirm by next Tuesday that the metrics will be produced by no later than September 25.

I also write to follow up on the discussions between the parties regarding AWS's ESI custodians. On May 20, Mr. Cardenas-Navia requested that AWS identify custodians knowledgeable about the following topics: (1) marketing, advertising, and customer support related to speed, scalability, and availability for Amazon S3 and DynamoDB; (2) telemetry, usage data, and metrics regarding speed, scalability, and availability, including any customer testing (such as A/B testing), of Amazon S3 and DynamoDB; and (3) surveys, studies, analyses or purchase journey mapping relating to pricing, sales, and customer procurement and retention for Amazon S3 and DynamoDB, including any studies commissioned by AWS. Nearly four months later, AWS has yet to identify a single custodian knowledgeable on these topics. The delay is hindering Kove's ability to complete discovery and

depositions ahead of the discovery cut off deadline.   By next Tuesday, please identify the custodians, confirm that you are running the search terms we last circulated on such custodians and provide a date by which we can expect to begin receiving ESI productions from such custodians.

In addition, I have not received a response to my email from September 1, regarding the AWS company-level financial information that Kove has been requesting and providing information about since May.  Please confirm by the end of this week whether AWS will agree to produce such documents in accord with my email of September 1.  Otherwise, we will assume we are at an impasse.

Finally, as you will recall, and as memorialized in my letter correspondence, during the meet and confer on August 14 the parties discussed, and AWS agreed, to address the below list of discovery deficiencies.  I believe each of these deficiencies is still unresolved.  AWS's failure to proactively satisfy its production obligations needlessly delays the parties and prevents discovery from proceeding efficiently.
- Documents showing the pricing tiers for DynamoDB from 2012 to today.  AWS agreed to produce such documents by August 28.  These have not been produced.  By the end of this week, please provide a date certain for the production.
- Documents showing the terms and differences between different tiers of Amazon S3 and DynamoDB since 2006 and 2012, respectively, to today.  AWS agreed to produce such documents by August 28.  These have not been produced.  By the end of this week, please provide a date certain for the production.
- Documents showing the monthly revenue for Amazon S3 and DynamoDB from before 2014.  AWS agreed during the meet and confer on August 14 to determine whether such documents exist.  Please provide your availability to meet and confer this week or early next week to discuss.
- Documents describing the benefits accruing to AWS from S3 and DynamoDB.  AWS agreed on August 14 to search for such documents and to let Kove know by August 28 whether AWS's search had identified any responsive documents.   No such update was provided on August 28; please provide your availability to meet and confer this week or early next week to discuss.
- Organizational charts and corporate directories identifying employees knowledgeable about (1) marketing, advertising, and customer support related to speed, scalability, and availability for Amazon S3 and DynamoDB; (2) telemetry, usage data, and metrics regarding speed, scalability, and availability, including any customer testing (such as A/B testing), of Amazon S3 and DynamoDB; and (3) surveys, studies, or analyses or purchase journey mapping relating to pricing, sales, and customer procurement and retention for Amazon S3 and DynamoDB.  On August 14 you agreed to investigate whether such documents exist, and to let us know the results of your search. We have not received any response or update.  Please provide your availability to meet and confer this week or early next week to discuss.

Also, globally, considering the size of AWS, the foundational nature of the patented technology and the importance of the patented technology to AWS's core products and considering the scope of the document requests, the fact that AWS has only produced a few thousand responsive documents to date does not make sense.  This suggests that (a) AWS has not undertaken a sufficiently diligent or

reasonable effort to locate responsive documents to date, (b) the documents that should exist no longer exist for some reason, or (c) there is a forthcoming large production on the horizon.  Please provide your availability to meet and confer this week or early next week to discuss.

Regards,
Michael


Michael W. Marvin
REICHMAN JORGENSEN LLP
750 Third Avenue
Suite 2400
New York, NY 10017
Direct: (646) 970-2652
mmarvin@reichmanjorgensen.com

---

**Timothy J. Barron**

**Jenner & Block LLP**
353 N. Clark Street, Chicago, IL 60654-3456  |  jenner.com
+1 312 923 8309 | TEL
+1 312 593 0461 | MOBILE
+1 312 923 8409 | FAX
TBarron@jenner.com
Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

*NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.*