IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 1:18-cv-08175 |
| AMAZON WEB SERVICES, INC., ) | |
| ) | Hon. Rebecca R. Pallmeyer |
| Defendant. ) | |
| ) | |
| ) | |

**AWS'S MEMORANDUM IN OPPOSITION TO KOVE IO, INC.'S MOTION TO STRIKE AWS'S INVALIDITY CONTENTIONS**
<u>**AND IN SUPPORT OF MOTION FOR LEAVE TO AMEND**</u>

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
(202) 639-6000
aunikowsky@jenner.com

Terri L. Mascherin
Timothy J. Barron
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
tmascherin@jenner.com
tbarron@jenner.com
mwerner@jenner.com

*Attorneys for Amazon Web Services, Inc.*

AWS's consistent position in this case has been that the claims-in-suit are invalid in view of the Domain Name System (DNS), the system used to translate domain names into IP addresses on the Internet. DNS was well-known to the inventors: the specifications for all three patents-in-suit specifically address DNS. Although the inventors characterize the invention as an improvement on DNS, the alleged improvement does not appear in the language of the claims, which recite functionality that already appears in DNS. AWS therefore intends to argue that the claims-in-suit are anticipated or obvious in view of DNS.

AWS has consistently relied on the DNS *system*—not a printed publication—as the invalidating reference. Four months after AWS served its Final Invalidity Contentions, Kove objected that AWS's invalidity contentions did not adequately disclose the precise system to which AWS referred, and asked AWS to amend the contentions. Kove could not credibly claim confusion on what DNS is. Nevertheless, to address Kove's concern, AWS agreed to clarify its invalidity contentions. The parties jointly moved the Court for leave to modify the case schedule so as to serve clarified infringement and invalidity contentions, and the Court granted that motion. Dkt. 165, 167. AWS then clarified its invalidity contentions by identifying a precise version of DNS, serving source code corresponding to that version, and also identifying technical documents explaining DNS's functionality and history.

Showing that no good deed goes unpunished, Kove now asks the Court to strike AWS's Second Amended Final Invalidity Contentions because AWS supplied the very information that Kove claims was missing. According to Kove, AWS improperly amended its contentions without the Court's permission, even though: Kove requested the amendment; the parties jointly moved this Court to permit it; and AWS has relied on the DNS system all along, and merely clarified its contentions in response to Kove's request for clarification. Kove asks the Court to prevent AWS

1

from relying on DNS in its invalidity case, even though DNS is unquestionably prior art and was explicitly identified in AWS's original Final Invalidity Contentions.

The Court should deny this request. Kove has shown no basis for preventing AWS from relying on a crucial piece of prior art that AWS timely disclosed. In addition, because Kove insists that even AWS's Second Amended Final Invalidity Contentions are not clear enough, AWS has appended to this brief amended invalidity contentions that are intended to address Kove's concerns. To the extent leave is necessary, AWS cross-moves for leave to serve these contentions.

## BACKGROUND

The patents-in-suit are directed to systems and methods in which "clients" contact "location servers" to retrieve "location information" corresponding to "identifiers," and then use that "location information" to retrieve data corresponding to those "identifiers" from "data repositories." The specifications and priority applications characterize the patents as an improvement on the Domain Name System (DNS). In DNS, clients contact DNS servers to retrieve IP addresses, and then use those IP addresses to retrieve data from other servers. According to the specifications, the claimed invention (referred to as "NDTP") improves on DNS:

> DNS maintains a mapping between names and machines. NDTP and its associated servers maintain a mapping between entity identifiers and data locations. The identifier/location mapping maintained by NDTP servers is much more dynamic (more frequent updates), than the domain name/IP address mapping maintained by DNS. NDTP is designed to support very fast, very diverse, and very large scale mapping manipulations.

Dkt. 1-1, at Ex. 4, '640 patent, 20:9-17.

While the specifications and priority applications *state* that the invention improves on DNS, those alleged improvements do not show up in the claims. The claims contain no requirement of "much more dynamic" or "more frequent" updates, or "very fast, very diverse, and

2

very large scale mapping manipulations." Instead, AWS contends, the claims recite the same functionality that, according to the specifications, appear in DNS.[1]

In its Final Invalidity Contentions, served on February 13, 2020, AWS made clear that the DNS *system*—not a printed publication—was an anticipating reference. AWS identified DNS in a separate section called "Prior Art Systems," and its prior art invalidity grounds refer to the "Domain Name System." Dkt. 200-12, at 6-12. AWS explained that DNS referred to the same system as was described in the specifications. *See id.* at 6 ("[T]he inventors of the Patents-in-Suit used DNS, as apparent from the face of the Asserted Patents.").

Kove initially did not identify any lack of clarity in AWS's disclosure of DNS. Rather, Kove complained that a distinct section of AWS's contentions (related to indefiniteness) had insufficient detail. Ex. B. In response, on June 1, 2020, AWS served its First Amended Final Invalidity Contentions, which provided more detail on AWS's indefiniteness arguments.

After AWS served those amended contentions—four months after AWS served its Final Invalidity Contentions—Kove sent AWS a letter asserting, for the first time, that AWS's disclosure of the DNS system was insufficiently detailed. Dkt. 200-3. Counsel met and conferred to discuss Kove's new concern. Kove took the position that AWS must identify a specific version of DNS rather than referring to the DNS system generally.

AWS believed that both its original Final Invalidity Contentions and its First Amended Final Invalidity Contentions sufficiently identified DNS. Nevertheless, to avoid litigation over the issue, AWS agreed to amend its contentions. At the same time, AWS objected to the adequacy of

---

[1] The priority applications that led to the patents-in-suit also note the similarity of NDTP to DNS. *See, e.g.*, Ex. A, Section 3.1, at 6 ("[O]ne might view the NDTP server as generalizing the Internet Domain Name Service (DNS)."). They assert that the claimed invention "provides two critical additional features which DNS does not provide"—"arbitrary identifiers and locations," and "machine driven updates." *Id.* Those features do not appear in the claims, either.

3

Kove's First Amended Final Infringement Contentions. The parties therefore jointly moved to modify the case schedule to permit mutual amendments. The parties' motion recited: "Following discussions between the Parties about the sufficiency of the contentions, in an effort to avoid involving the Court, the Parties agree to serve Second Amended Final Infringement Contentions and Second Amended Final Invalidity Contentions by July 10, 2020." Dkt. 165. It further stated: "The purpose of the parties serving further amended infringement and invalidity contentions is to clarify their existing theories; it is not intended as an opportunity for either party to add new theories or make other amendments that, per Local Patent Rule 3.4, would require a timely showing of good cause and leave of the Court." *Id.* The Court granted the motion. Dkt. 167.

Consistent with the joint motion, AWS then clarified its contentions. It continued to rely on the DNS system. But in response to Kove's request, AWS amended its contentions to identify the specific version of DNS that was available at the relevant time (BIND 8.1), and also produced the source code for that version. In addition, AWS also identified and served documentation explaining how DNS worked at the relevant time, including a manual titled "DNS and BIND." AWS also added a discussion of DNS's history. Dkt. 200-8, at 6-7.

Kove then sent a letter to AWS complaining that AWS had improperly added new prior art to its invalidity contentions. Dkt. 200-10. AWS responded two days later, explaining that AWS was merely providing the information that Kove claimed was missing from the previous invalidity contentions. Dkt. 200-11. Six weeks later, Kove filed its motion to strike.

## ARGUMENT

After Kove complained that AWS provided insufficient information on the DNS system, AWS amended its invalidity contentions to provide that information. Kove now seeks to strike

4

AWS's invalidity contentions because AWS provided the very information Kove claimed was missing. The Court should reject that request.

## I. The Court Should Not Strike AWS's Second Amended Final Invalidity Contentions.

Kove asks the Court to strike AWS's Second Amended Invalidity Contentions because, according to Kove, AWS should have sought leave of court before serving them. But AWS *did* seek leave of court: the parties specifically agreed that AWS would serve a set of Second Amended Final Invalidity Contentions to address Kove's concerns regarding DNS, and the Court granted the parties' motion to modify the case scheduling order to allow service of those amended contentions. Dkt. 165, 167. In any event, if additional leave of court was required for the amendment, the Court should provide it. AWS has good cause, Kove cannot show prejudice, and granting leave would be consistent with the Court's order permitting Kove to amend its infringement contentions. *See* LPR 3.4 (A party may amend its contentions "upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the basis for the amendment.").

### A. AWS's Second Amended Final Invalidity Contentions merely clarified its contentions, and hence were authorized by the Court.

AWS's amendments in the Second Amended Final Invalidity Contentions were proper. The parties' joint motion stated that the parties would serve new invalidity and infringement contentions in order to "clarify their existing theories." Dkt. 165. That is exactly what AWS's Second Amended Final Invalidity Contentions did.

AWS's Final Invalidity Contentions stated that it is relying on the Domain Name System (DNS) as an invalidity reference—a system that the inventors addressed in the specifications. After Kove sought more detailed information from AWS on the specific version of DNS, AWS sought and received permission from the Court to modify the scheduling order so as to clarify its contentions. Then, it provided the information Kove requested—specifically, a specific software

5

implementation as well as background information on DNS's history and documentation regarding the DNS system. But the invalidating reference—the DNS system—remains the same. AWS simply clarified its existing theory of invalidity, as contemplated in the joint motion.

Kove claims that AWS added "17+ newly produced and previously unidentified materials," Dkt. 200, at 4, but it mischaracterizes the amendments to AWS's contentions. For example, Kove complains about the addition of "never-before disclosed software versions of DNS (referred to as 'BIND 8.x')," *id.*, and asks the Court to strike all references to BIND. The citation to the specific version of BIND responds directly to Kove's request to AWS to clarify its First Amended Final Invalidity Contentions. Those Contentions state: "As one example, the inventors of the Patents-in-Suit used DNS, as apparent from the face of the Asserted Patents." Dkt. 200-12, at 6. Kove complained: "Amazon does not specify a particular implementation of DNS, provide a specific date for its public availability, or provide any source code for the system." Dkt. 200-3, at 2. In its Second Amended Final Invalidity Contentions, AWS clarified:

> Based on the history of DNS, it is likely that the inventors were using a version of BIND 8. BIND 8 was used by Sherman and Karger/Sherman in the Cache Resolver system described below. Accordingly, for purposes of these contentions, AWS contends that BIND 8.1, a version of DNS and available as of May 1997, is a prior DNS system that anticipates and/or renders obvious claims of the Asserted Patents.

Dkt. 200-8, at 7. AWS also served that source code. Thus, far from changing its theories, AWS cited the same prior art as in its First Amended Final Invalidity Contentions—*i.e.*, the version of DNS presumptively used by the inventors—while adding information to clarify the version of DNS in response to Kove's stated concern that this information was missing.

Other purportedly "newly produced and previously unidentified materials" consist of historical or technical materials explaining DNS. In order to clarify what AWS meant by "DNS," AWS added a short background discussion to its Second Amended Final Invalidity Contentions.

In that discussion, AWS stated: "Paul Mockapetris created DNS in 1983 and the Internet Engineering Task Force published the original specifications for DNS (RFCs 882 and 883) in November of that year." Dkt. 200-8, at 6. It then traced the history of DNS's various versions, and cited four websites giving background information about the history of DNS and BIND (the standard software implementation of DNS). *Id.* It also identified the specifications from the Internet Engineering Task Force for DNS (RFC 1034, 1035, and 2168). *Id.* Finally, AWS added a citation to a manual entitled "DNS and BIND" which describes the DNS system at the relevant time. *Id.* at 7. The documents cited in this background discussion—*i.e.*, the specifications for DNS, the websites, and the manual—largely form the basis for Kove's assertion that AWS has improperly amended its invalidity contentions.[2] Far from materially altering its invalidity contentions, AWS merely provide additional background information on DNS, the reference AWS has relied upon from the start.

Likewise, with respect to the Cache Resolver System, Kove complains that "AWS relies on a previously unidentified version of DNS." Dkt. 200, at 5. But as AWS explained in all versions of its Final Invalidity Contentions, the Cache Resolver System explicitly relies on and incorporates DNS, and "all features and functionality of DNS are inherent to systems using DNS."

---

[2] The only other new reference identified by Kove is Dasgupta, which AWS added in a general paragraph providing background information on how the prior art, including DNS, discloses the concept of "separating information about the location of data." Dkt. 200-8, at 18. AWS did not chart Dasgupta or use it as a primary invalidity reference, and it is intended to support AWS's existing theories of invalidity rather than reflect a new theory of invalidity.

Kove also complains about certain additional minor changes to AWS's claim charts. Dkt. 200-8, at 5-6. These changes do not reflect any new prior art, or any new invalidity theories. Rather, they were intended to clarify AWS's contentions by providing slightly more detail on the mapping between the already-disclosed references and the claims.

7

Dkt. 200-12, at 6; Dkt. 200-8, at 8. Therefore, AWS's clarification of DNS also clarifies the Cache Resolver System, which incorporates DNS.

AWS acted appropriately. Because AWS was not altering its previously-disclosed theories of invalidity, but instead provided more specific information in support of those same theories, its Second Amended Final Invalidity Contentions were authorized by the Court's order modifying the case schedule. AWS did not require separate leave of court. *See Sloan Valve Co. v. Zurn Indus., Inc.*, No. 10 C 204, 2013 WL 622951, at *3, (N.D. Ill. Feb. 20, 2013) ("Sloan contends that the 'facts and data' it seeks to include 'do not themselves constitute a new contention, but instead provide evidentiary proof.' … Because the purpose of infringement contentions is to provide notice of the plaintiff's theories of infringement early in the case, and Sloan is not, by its own concession, seeking to change its theory, this proposed amendment to its contentions is unnecessary." (quotation marks and alterations omitted)).

Kove's "Statement of Facts" section also asserts in passing that the Second Amended Final Invalidity Contentions violate the Local Rules by relying on more than 25 references. Dkt. 200, at 4. That is not true. AWS lists 25 references, as required by the Local Rules. Although AWS mentions background historical materials in its discussion of DNS, Dkt. 200-8, at 6-7, it is not relying on those materials as independent pieces of prior art. Rather, it is relying on the DNS system. The materials cited in AWS's discussion merely give general background information on the history of that system. *Cf. IPA Techs., Inc. v. Amazon.com, Inc.*, No. 16-1266-RGA, Dkt. 172 (D. Del. Sept. 23, 2020) (permitting defendant to rely on multiple sources to explain how a single prior art system worked). Therefore, AWS's Second Amended Final Invalidity Contentions comply with the Local Rules in all respects.

B. <u>If leave of court is required, the Court should provide it.</u>

To the extent the Court concludes that AWS's Second Amended Final Invalidity Contentions require leave of court, the Court should provide it.

First, there is good cause for the amendment. AWS has clarified the precise version of DNS it is relying on, in response to Kove's stated concern that this information was missing. This will foreclose disputes later in the case over the adequacy of AWS's invalidity contentions. Indeed, if the Court grants Kove's motion to strike, AWS's contentions will revert to its First Amended Final Invalidity Contentions, which also rely on the DNS system as a primary invalidity reference. AWS will then serve an expert report relying on the DNS system, which will precipitate more disputes between the parties about the adequacy of AWS's invalidity contentions. Permitting AWS to amend its contentions now will preempt that dispute.

Second, Kove cannot claim any prejudice. Fact discovery has not closed and expert discovery has not started. *See, e.g., Oleksy v. Gen. Elec. Co.*, No. 06 C 1245, 2013 WL 3944174, at *4 (N.D. Ill. July 31, 2013) ("[T]he Court notes that there is still time before the fact discovery cut-off to take the necessary discovery on this issue.") The *Markman* hearing has not occurred. Indeed, courts have granted motions to amend invalidity contentions at later stages in the case, especially where, as here, the parties are not relying on any new references. *See, e.g.*, *Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-02066 SI, 2012 WL 1901198, at *2-3 (N.D. Cal. May 24, 2012) (holding that a party could amend contentions based on previously disclosed prior art reference after fact discovery was closed); *see also Immunex Corp. v. Sandoz Inc.*, No. 16-cv-01118, 2017 WL 8220728, at *3 (D.N.J. Oct. 19, 2017) (granting motion to amend after expert report relied on two references not adequately disclosed in the contentions).

Moreover, Kove could have raised this issue much earlier: it waited four months after AWS's Final Invalidity Contentions before objecting to AWS's disclosure of DNS, and waited six weeks after AWS served its Second Amended Final Invalidity Contentions to file this motion. In addition, the scheduling order contemplates that AWS will have the chance to amend its invalidity contentions in light of the *Markman* order, so Kove cannot assume that the invalidity contentions are final. *Cf. Sonix Tech. Co. v. Publ'ns Int'l, Ltd.*, No. 13-cv-2082, 2015 WL 4730155, at *6 (N.D. Ill. Aug. 10, 2015) (granting motion for leave to amend invalidity contentions in light of expert's statements regarding claim term during deposition). Finally, Kove cannot claim any unfair surprise given that AWS explicitly disclosed DNS in its Final Invalidity Contentions, and given that DNS is cited in the specifications. *See, e.g., Theranos, Inc. v. Fuisz Pharma LLC*, No. 5:11-cv-05236-PSG, 2013 WL 5487356, at *2 (N.D. Cal. Oct. 2, 2013) ("Defendants' face little prejudice because they were already on notice that Theranos planned to rely on" a previously disclosed prior art reference.).

Third, permitting AWS to amend its invalidity contentions would be consistent with how the Court has already treated Kove's infringement contentions. After Kove served Final Infringement Contentions that violated the Local Rules, AWS filed a motion to compel contentions complying with the Local Rules, which the Court granted. However, the Court did not strike Kove's deficient Final Infringement Contentions and bar Kove from accusing the products identified therein of infringement. Instead, it directed Kove to amend and supplement those Contentions. As a result, on the same day that AWS served its Second Amended Final Invalidity Contentions, Kove served its Second Amended Final Infringement Contentions, which contain thousands of lines of additional code citations. Dkt. 173, at 4-5 (explaining that Kove's Second

10

Amended Final Infringement Contentions add 25 additional source code files that do not appear in its Final Infringement Contentions).

Kove could have done what AWS did—it could have sought an order directing AWS to clarify its invalidity contentions relating to DNS. Indeed, AWS did so voluntarily, without a court order, upon Kove's request. Instead, Kove seeks to strike the very amendment that Kove requested. Even more, Kove's requested relief would, in effect, remove references to the DNS system from the Contentions, even though AWS has disclosed it from the outset. There is no basis for such inconsistent treatment of the parties.

## II. AWS's First and Second Amended Final Invalidity Contentions Comply with the Local Rules.

Kove also contends that AWS's First Amended Final Invalidity Contentions violate the Local Rules. Kove's arguments lack merit.

First, Kove asserts that AWS's First Amended Final Invalidity Contentions improperly exceeded LPR 3.1(b)'s limit of 4 prior art grounds of invalidity. That is incorrect. The Local Rules explicitly contemplate that Final Invalidity Contentions will identify 4 prior art grounds of invalidity per claim, and 25 pieces of prior art. LPR 3.1(b). Thus, the Local Rules expressly contemplate that the Final Invalidity Contentions will cite prior art other than the prior art that is expressly identified in the grounds of invalidity. This makes sense: patent defendants can use this prior art to make arguments pertinent to invalidity, even if this art is not directly being used as an invalidity ground. For example, if an expert witness argues that a skilled artisan would have combined two references, the expert witness can rely on that other prior art in order to convey the knowledge of a skilled artisan or the reason it would have made sense to combine the prior art.

Kove's citations do not support its argument. Kove cites *AVNET, Inc. v. MOTIO, Inc.*, No. 12 C 2100, 2016 WL 3365430 (N.D. Ill. June 15, 2016), and *Pactiv Corp. v. Multisorb Techs.,*

11

*Inc.*, No. 10 C 461, 2013 WL 2384249 (N.D. Ill. May 29, 2013). In both those cases, the court rejected a litigant's effort to rely on prior art as background information in its expert report when it was not disclosed in the invalidity contentions at all. *See AVNET*, 2016 WL 3365430, at *5 ("It would turn the local rule on its head to allow a defendant to withhold prior art references from its final invalidity contentions, only to spring them on the plaintiff in the defense expert report."); *Pactiv*, 2013 WL 2384249, at *3 ("Pactiv's experts are limited to the Invalidity Contentions it served on January 17, 2012. To allow an expert to go beyond those would render them useless and ignore the specificity requirements of the Local Patent Rule 2.3."). Here, AWS's Contentions disclosed the background prior art it intends to rely upon, consistent with the Local Rules.

Second, Kove states that AWS's First Amended Final Invalidity Contentions improperly disclosed 27 prior art references (25 documents and 2 systems), exceeding the maximum of 25. It is not clear why Kove is still complaining about this. Kove raised this issue after AWS served its First Amended Final Invalidity Contentions, and, in an effort to resolve the dispute, in its Second Amended Final Invalidity Contentions AWS pared the list down to 25 prior art references including the 2 systems. This issue is, therefore, moot.

Moreover, Kove's suggestion that this "violation" should be "remedied by removing the 2 system references," Dkt. 200, at 11, is absurd. In *all* versions of its final invalidity contentions, AWS has used the DNS system and the Cache Resolver system as primary invalidity references. The Court should not strip AWS of its right to rely on prior art systems that it has consistently cited since the outset of this litigation.

Kove urges the Court to rule that AWS may only rely on the printed publication known as RFC 1034, a document from the 1980s that summarizes certain aspects of DNS. However, AWS has consistently *not* relied on RFC 1034 as an invalidity ground. Instead, it has relied on the DNS

12

*system*.  Although AWS's invalidity contentions have cited disclosures from RFC 1034 as reflecting how the DNS system works, it is the *system*, not RFC 1034, that is AWS's invalidity reference.[3]  The claim charts in AWS's Second Amended Final Invalidity Contentions rely on other documentation disclosing DNS's functionality as well, illustrating that AWS relies on the system, not the publication.  *E.g.*, Dkt. 200-8, Ex. 1A at 2, 3 (relying on "DNS and BIND" manual).

In a Kafkaesque turn, Kove argues that the Court should strike references to the systems from AWS's First Amended Contentions because AWS did not identify the systems with "specificity."  Dkt. 200, at 12.  But that is precisely the objection that led AWS to identify BIND and the other references explaining the DNS system in its Second Amended Final Invalidity Contentions—the very contentions Kove now seeks to strike.[4]  It is evident that what Kove really wants is for the Court to preclude AWS from relying upon DNS at all, even though DNS is disclosed in the specifications and in all versions of AWS's invalidity contentions.  Kove has no basis for this extraordinary request.

### III. AWS Will Update Its Invalidity Contentions In View of Kove's Continued Concerns, and the Court Should Grant Leave to the Extent Necessary.

Although Kove's brief is ambiguous on this point, portions of Kove's brief suggest Kove thinks that AWS's Second Amended Final Invalidity Contentions still fail to provide adequate clarity on how DNS anticipates or renders obvious the claims.  In addition, in its Final Validity

---

[3] As Kove points out, AWS relied on RFC 1034 in its petition for *Inter Partes* Review in the Patent Office.  AWS did not rely on the DNS system because it was barred by statute from doing so: petitions for *Inter Partes* Review may only rely on printed publications, not systems.  However, no such restrictions exist in litigation.

[4] As for the Cache Resolver System, AWS characterizes this as a system because the printed publications describing the Cache Resolver System explicitly incorporate DNS by reference, so AWS intends to discuss elements of the DNS system when addressing the Cache Resolver System.

13

Contentions, Kove refuses to address DNS (as opposed to RFC 1034), claiming that AWS's Second Amended Final Invalidity Contentions were inadequate.

In AWS's view, Kove's Final Validity Contentions violate the Local Rules. If Kove felt that AWS's contentions were insufficiently clear, it should have moved to compel clearer contentions, rather than simply refusing to respond. Nevertheless, to avoid further motion practice and resolve this issue, AWS believes the best solution is to serve claim charts containing additional detail regarding the mapping between DNS and the claims. AWS has appended those claim charts to this brief. The charts include cites to the BIND 8.1 software as well as additional cites to the "DNS and BIND" manual that describes that software. (Ex. C.) These claim charts are intended to be directly responsive to Kove's stated concern that AWS's invalidity contentions do not adequately map the DNS system to the claims.

To the extent leave is necessary to serve these claim charts, AWS requests leave. For the reasons explained above, AWS has good cause because Kove has complained that AWS's arguments are insufficiently clear and has categorically refused to respond to them. Further, Kove has supplemented its Final Infringement Contentions in response to AWS's concern that they are insufficiently clear, so AWS should reciprocally be permitted to supplement its Final Invalidity Contentions in response to Kove's concern that they are insufficiently clear. Finally, there is no prejudice to Kove because AWS is relying on the same reference that it has always relied upon from the outset—the DNS system—and because expert discovery has not started. *Supra* at I.b.

## CONCLUSION

For the reasons set forth above, AWS requests that the Court deny Kove's Motion to Strike and grant AWS leave to serve its Second Amended Final Invalidity Contentions, including the amended claim charts appended to this response.

| | |
|---|---|
| October 9, 2020 | Respectfully submitted, |
| | */s/ Terri L. Mascherin* |
| Adam G. Unikowsky<br>JENNER & BLOCK LLP<br>1099 New York Ave. NW Suite 900<br>Washington, DC 20001<br>(202) 639-6000<br>aunikowsky@jenner.com | Terri L. Mascherin<br>Timothy Barron<br>Michael T. Werner<br>JENNER & BLOCK LLP<br>353 N. Clark St.<br>Chicago, IL 60654<br>(312) 222-9350<br>tmascherin@jenner.com<br>tbarron@jenner.com<br>mwerner@jenner.com<br><br>*Attorneys for Amazon Web Services, Inc.* |

**CERTIFICATE OF SERVICE**

I, Timothy Barron, an attorney at the law firm of Jenner & Block LLP, certify that on October 9, 2020, the foregoing AWS's Memorandum in Opposition to Kove IO, Inc.'s Motion to Strike AWS's Invalidity Contentions and in Support of Motion for Leave to Amend was electronically served on counsel of record via the Court's ECF system.

                                                 */s/ Timothy J. Barron*
                                                    Timothy J. Barron