IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 1:18-cv-08175 |
| AMAZON WEB SERVICES, INC., ) | |
| ) | Hon. Rebecca R. Pallmeyer |
| Defendant. ) | Magistrate Judge Sheila M. Finnegan |
| ) | |
| ) | |

**AWS'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS
REGARDING THIRD-PARTY LITIGATION FUNDING**

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
(202) 639-6000
aunikowsky@jenner.com

Terri L. Mascherin
Timothy J. Barron
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
tmascherin@jenner.com
tbarron@jenner.com
mwerner@jenner.com

*Attorneys for Amazon Web Services, Inc.*

AWS has sought information from Kove by way of document requests and interrogatories regarding any litigation funding with respect to this lawsuit. Kove has objected and refused to provide any information, asserting that the information that AWS seeks is not relevant.

AWS requests that the Court order Kove to produce litigation funding documents related to the Patents-in-Suit, including:

- All documents exchanged with Kove's third-party litigation funders or investors, including, but not limited to, the funding agreements themselves, as well as information provided by Kove to, and received by Kove from, the litigation funders or investors.
- All internal Kove documents concerning litigation funders or investors.

In addition, AWS requests that the Court order Kove to respond to AWS's interrogatory regarding third-party litigation funding. In this motion, AWS does not seek Kove's engagement agreements with its law firms, and does not seek information exclusively related to Kove's fee arrangements with its law firms.

AWS seeks this information because it is relevant and discoverable. Litigation funding agreements will shed light on the valuation of the patents and will rebut Kove's anticipated David-and-Goliath theme at trial. In addition, Kove's statements to its third party litigation funders, and its internal statements in connection with those negotiations, are relevant for impeachment purposes and will assist AWS's investigation of this case. Several recent cases have granted motions to compel discovery of third-party litigation funding agreements and related documents. The Court should follow that authority and grant AWS's motion to compel.

**BACKGROUND**

On June 20, 2019, AWS served Request for Production No. 34, which sought "All documents related to any communications between Kove and . . . other third parties related to the

1

Patents-in-Suit, this Action, or Amazon." Ex. 1. On February 12, 2020, AWS served Request for Production No. 45, which sought "Documents and correspondence concerning any financing, fee or contingency arrangements related to the Asserted Patents or this lawsuit, including the identity of any investors or funders of Kove's participation in this lawsuit." Ex. 2. On March 4, 2020, AWS served Interrogatory No. 14, requesting that Kove "[i]dentify all financing, fee, or contingency arrangements related to the Asserted Patents or this lawsuit, including the identity of any investors or funders of Kove's participation in this lawsuit." Ex. 3.

Kove refused to produce any communications with third-party litigation funders in response to Request for Production No. 34.[1] It refused to produce any documents in response to Request for Production No. 45.[2] Finally, it refused to serve a response to Interrogatory No. 14.[3]

On September 3, 2020, AWS sent Kove a letter explaining that documents concerning third-party litigation funding are relevant and discoverable, and requesting that they be produced. The letter also requested that Kove respond to AWS's Interrogatory No. 14. Alternatively, AWS requested that Kove serve a privilege log if it asserted that the materials responsive to these requests are protected by any privilege. Ex. 7.

Kove did not respond until October 12, 2020, when it categorically refused to respond to the discovery requests. Ex. 8. Its sole basis for refusing to do so was its position that the

---

[1] Kove objected to the discovery request on the grounds that it was overbroad, vague, ambiguous, not proportional to the needs of the litigation, and sought privileged information. *See* Ex. 4.

[2] Kove objected to the discovery request on the grounds that it sought documents that were irrelevant, and was unduly broad, burdensome, and disproportionate. Kove did not assert a privilege objection. *See* Ex. 5.

[3] Kove objected to the interrogatory on the grounds that it was vague, unclear and ambiguous, unduly broad and burdensome, disproportionate, and sought privileged information. *See* Ex. 6.

information sought was irrelevant. Kove did not include any responsive documents on its privilege log, and its responsive letter did not assert any privilege.

## ARGUMENT

The Court should direct Kove to produce documents related to litigation funding, and to answer AWS's interrogatory concerning litigation funding, because that information is relevant and discoverable.

### I. Litigation funding agreements and related documents are relevant and discoverable in patent litigation.

"[C]ourts have generally ruled that litigation funding agreements and related documents are relevant and discoverable in patent litigation." *Impact Engine, Inc. v. Google LLC*, Order on Joint Motion for Determination of Discovery Dispute, Case No. 19-cv-1301-CAB-DEB, Dkt. 101 (S.D. Cal. Aug. 12, 2020).

For instance, in *Odyssey Wireless, Inc. v. Samsung Elecs. Co.*, No. 3:15-cv-01738-H, 2016 WL 7665898 (S.D. Cal. Sept. 20, 2016), the patent defendant sought documents "concerning investments or potential investments by third parties," so as "to learn about valuations placed on the Odyssey patents prior to the present litigation." *Id.* at *2, *7. The court ruled that the documents were relevant: "Because Odyssey seeks damages from the alleged infringement of its patents, … valuations of Odyssey's patents are directly relevant to these claims." *Id.* at *7.

Likewise, in *Continental Circuits LLC v. Intel Corp.*, 435 F. Supp. 3d 1014 (D. Ariz. 2020), the patent defendant sought, as relevant here: "any final litigation funding agreements between Plaintiff and any third-party funders" and "the identities of all persons or entities (other than counsel) with a fiscal interest in the outcome of the litigation." *Id.* at 1018. The District Court had "little difficulty" finding this information to be relevant, holding that it "concern[s] Plaintiff's financial resources and could be used to refute any David vs. Goliath narrative at trial." *Id.* at

3

1019. Further, "[l]itigation funding agreements in a case such as this likely contain financial information related to the value of the litigation, and therefore to the value of the allegedly infringed patents, that will not be included in, or may contradict, the expert's report." *Id.*

Similarly, in *Acceleration Bay LLC v. Activision Blizzard, Inc.*, No. 16-453-RGA, 2018 WL 798731 (D. Del. Feb. 9, 2018), the patent defendants sought documents that the patentee provided to its litigation funder during its funder's due diligence. *Id.* at *1. The defendants argued that documents "may be relevant to central issues like validity and infringement, valuation, damages, royalty rates, pre-suit investigative diligence, and whether [Plaintiff] is an operating company." *Id.* at *3. The District Court agreed the communications were relevant, and directed the plaintiff "to produce what it provided in writing to [the litigation funder] or its counsel at the time of [the litigation funder's] due diligence." *Id.*

Most recently, in *Impact Engine*, the court found that "any litigation funding agreements and related documents are relevant to the patent infringement claims at issue here." Case No. 19-cv-1301-CAB-DEB (S.D. Cal.), Dkt. 101. The court concluded that such documents were "relevant to: (1) establish the value of the patents at issue; (2) obtain statements made by Impact Engine regarding the patents at issue; and (3) refute potential trial themes." *Id.*

**II.** **In this case, litigation funding agreements are relevant and discoverable.**

Under those authorities, the documents and information sought by AWS are relevant and discoverable for several reasons.

**A. <u>Valuation of the patents</u>**

First, as in *Odyssey*, *Continental*, and *Impact Engine*, the litigation funding agreements, and negotiations related to those agreements, are relevant to establish the value of the patents. Kove is seeking damages in this case based on a reasonable royalty. Kove's expert will

4

undoubtedly argue that Kove's patents are extremely valuable, and so a negotiation with AWS would have resulted in a high royalty. Kove's agreements and negotiations with its third-party litigation funders will shed light on the actual value of its patents outside the context of an expert report motivated by litigation. *See AM Int'l, Inc. v. Eastman Kodak Co.*, 100 F.R.D. 255, 258 (N.D. Ill. 1981) (crediting patent defendant's argument that "licensing and attempts to license are prolific sources of information regarding weaknesses in patents").

Moreover, such documents are particularly relevant here because there are *no* third-party licenses in Kove's production. Kove cannot reasonably claim that third-party litigation funding documents are irrelevant when it has produced no documents regarding how third parties have valued Kove's patents. Notably, during discovery, Kove has demanded, and received, numerous of AWS's third-party licenses. The ostensible purpose of this discovery was to determine how third parties valued the accused products. For the same reason, AWS is entitled to obtain discovery on how third parties valued the patents.

For these reasons, this case differs from *Fulton v. Foley*, No. 17-CV-8696, 2019 WL 6609298 (N.D. Ill. Dec. 5, 2019), on which Kove relied in refusing AWS's requested discovery. Ex. 8. Kove focused on *Fulton*'s statement that "litigation funding information is generally irrelevant to proving the claims and defenses in a case." Ex. 8; *see Fulton*, 2019 WL 6609298, at *2. But *Fulton* went on to state: "discovery issues are generally case-specific and deserve individual consideration that require courts to balance the concerns of relevancy and proportionality." *Id.*

Here, unlike in *Fulton*, there are case-specific reasons to order production of the documents. *Fulton* involved a lawsuit alleging that the plaintiff was falsely convicted of crimes he did not commit. *Id.* at *1. In that context, the value of the plaintiff's claims in the marketplace

5

was not relevant. By contrast, this is a patent case in which the plaintiff specifically intends to rely on a reasonable royalty as its measure of damages. The documents sought by AWS plainly shed light on the value of the patents in a negotiated agreement—especially given that there are no other documents in Kove's document production shedding any light on that question.

### B. Trial themes

Second, as in *Continental Circuits* and *Impact Engine*, the litigation funding agreements and associated documents are relevant to anticipated trial themes. Kove is undoubtedly going to pursue a David vs. Goliath theme: Paragraph 3 of its complaint recites that Kove "is a small, innovative product company competing in a field of behemoths, like AWS," and "cannot outspend these dominant global players." Dkt. 1. AWS is entitled to discovery that would show that Kove, too, is being funded by a "behemoth." *See Continental*, 435 F. Supp. 3d at 1019 (holding that litigation funding documents were discoverable to refute a David vs. Goliath narrative when "at least some evidence suggests that such a narrative will be asserted in this case").

### C. Statements by Kove

Third, Kove's own statements in its interactions with third-party litigation funders, including any information it provided to those funders, are relevant and discoverable. Kove's representatives undoubtedly intend to testify about the patents. AWS should be permitted to impeach them based on their own statements about the patents. Indeed, Kove's statements to litigation funders *about this case* are, by definition, relevant to this case. *See Impact Engine, supra*, at 4 ("statements made by Impact Engine regarding the patents at issue" were relevant to patent case); *Acceleration Bay*, 2018 WL 798731, at *3 (noting defendants' argument that "[c]ommon sense confirms the emails' relevance because Plaintiff would not have been providing irrelevant information about the patents to its prospective litigation financier to secure money to bring this

6

case" (quotation marks omitted)).  Likewise, to the extent Kove has any internal documents making statements about the patents in connection with negotiations with litigation funders, such documents would similarly be relevant for purposes of impeachment or to further investigate Kove's claims.

Notably, in *Fulton*, on which Kove relies as its basis for refusing discovery, the Court directed the plaintiff to turn over documents sent to its litigation funder. The Court observed: "It is possible that there are non-opinion, fact-based materials that do not involve the mental impressions of counsel in the documents that Plaintiff has provided [the litigation funder].  It is also possible that Plaintiff himself has made statements or representations about the facts of the case." 2019 WL 6609298, at *4.  The Court concluded that "these documents would be relevant information that could expand on the allegations of the Complaint, identify witnesses, and potentially be used for impeachment."  *Id.*  Thus, the Court "order[ed] Plaintiff to produce to Defendant all non-mental impressions, fact-based information and documents including any statements provided by Plaintiff directly, if any, that was provided to [the litigation funder]." *Id.* The Court should do the same here.

## CONCLUSION

For the reasons set forth above, the Court should compel Kove to produce:

- Documents exchanged with Kove's third-party litigation funders or investors, including, but not limited to, the funding agreements themselves, as well as information provided by Kove to, and received by Kove from, the litigation funders or investors.
- All internal Kove documents concerning litigation funders or investors.

In addition, the Court should compel Kove to answer AWS's interrogatory number 14 regarding third-party litigation funding.

| | |
|---|---|
| October 19, 2020 | Respectfully submitted,<br><br>*/s/ Terri L. Mascherin* |
| Adam G. Unikowsky<br>JENNER & BLOCK LLP<br>1099 New York Ave. NW Suite 900<br>Washington, DC 20001<br>(202) 639-6000<br>aunikowsky@jenner.com | Terri L. Mascherin<br>Timothy Barron<br>Michael T. Werner<br>JENNER & BLOCK LLP<br>353 N. Clark St.<br>Chicago, IL 60654<br>(312) 222-9350<br>tmascherin@jenner.com<br>tbarron@jenner.com<br>mwerner@jenner.com<br><br>*Attorneys for Amazon Web Services, Inc.* |

8

## **CERTIFICATE OF SERVICE**

I, Timothy Barron, an attorney at the law firm of Jenner & Block LLP, certify that on October 19, 2020, the foregoing motion was electronically served on counsel of record via the Court's ECF system.

*/s/ Timothy J. Barron*
Timothy J. Barron
