# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 1:18-cv-08175 |
| AMAZON WEB SERVICES, INC., ) | |
| ) | Hon. Judge Rebecca R. Pallmeyer |
| Defendant. ) | |
| ) | |
| ) | |

**AMAZON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-36)**

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
(202) 639-6000
aunikowsky@jenner.com

Terri L. Mascherin
Michael Babbitt
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
tmascherin@jenner.com
mbabbitt@jenner.com
mwerner@jenner.com

*Attorneys for Amazon Web Services, Inc.*

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Amazon Web Services, Inc. ("Amazon") submits this First Set of Requests for Production of Documents and Things to Plaintiff Kove IO, Inc. ("Kove"), seeking production of the following documents and things within the possession, custody, or control of Kove. Amazon requests that Kove respond to all requests and that Kove produce the requested documents and tangible things for inspection and copying within 30 days of service at the offices of Jenner & Block LLP, 353 N. Clark St., Chicago, IL, 60653, or as otherwise agreed in advance by the parties. These requests and the terms used herein shall be construed to require the fullest and most complete disclosure permitted by the Federal Rules of Civil Procedure.

## DEFINITIONS

For purposes of these requests, Amazon hereby incporoprates the definitions as proscribed in Amazon's First Set of Interrogatories (Nos. 1-9), as if fully set forth herein.

## INSTRUCTIONS

1. Any responsive documents, things, or information not disclosed by reason of a claim of privilege or other basis should be identified in writing by: (a) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

2. Documents shall be produced as they are kept in the ordinary course of business pursuant to Rule 34, including (a) providing information maintained in the ordinary course of business that indicates the source of the documents, (b) providing file folders, tabs, labels, directories, etc. maintained in the ordinary course of business along with their respective

documents, and (c) including attachments to documents as stored in the ordinary course of business.

3. If an objection is made on the grounds that the request is over broad and/or unduly burdensome, you must provide documents to the extent that the request is not over broad or burdensome and Amazon will reserve its right to pursue production of the broader request at a later date.

4. If a refusal to respond to a request is asserted on the grounds of burdensomeness, you should state in detail the reason(s) for your objection(s), including the nature of the inquiry and/or the number and nature of documents or records needed to be searched and/or produced, the location of the documents, the custodian of the documents, and the number of person hours and costs required to respond.

5. If any request is ambiguous or unclear to you, you are requested to contact the undersigned counsel as soon as possible so that the request can be clarified to avoid unnecessary delays in discovery.

6. If any responsive document is no longer in your possession or subject to your control, you should state what disposition was made of it, when such disposition was made, why such disposition was made and by whom such disposition was made. If any document herein requested was formerly in your possession, custody, or control and has been transferred, lost, or destroyed, you are requested to submit in lieu of each document a written statement which:

a. describes in detail the nature of the document;

b. identifies the person who prepared or authorized the document and, if applicable, the person to whom the document was sent;

c. specifies the date on which the document was prepared or transmitted;

d. identifies the person last known by you to have been in possession, custody, or control of the documents; and

e. specifies, if possible, the date on which the document was transferred, lost, or destroyed and, if destroyed, the conditions of and reasons for such destruction and the persons requesting and performing the destruction.

7. These requests shall be deemed continuing so as to require timely supplementation of responses if Kove learns of additional responsive documents, things, or information between the time of its initial responses and the time of trial pursuant to Rule 26(e).

8. Where an objection is made to any discovery request or sub-part thereof, the objection shall specifically state all grounds for the objection and whether otherwise responsive information, documents, or things are being withheld on the basis of the asserted objection. No part of a discovery request should be left unanswered merely because an objection is interposed to another part of that request.

9. Electronically stored information (ESI) shall be produced as single page .tiff format files imaged at 300 dpi. Name each .tiff file with a unique name matching the Bates number (image key) labeled on the corresponding page. Provide an image load file in Concordance delimited format that contains document boundaries. Produce the extracted, full text from the body of each document containing electronically stored information as a .txt file, except for certain file types identified below that are maintained in native format and reasonably require access to the native file. ESI shall include the location within the electronic data system from which the ESI was retrieved and the source of the electronic data, *i.e.*, the individual with whom the electronic data belongs. Any redacted or privileged material should be labeled clearly to show the redactions. For files created by Excel or other spreadsheet programs, PowerPoint or presentation programs,

database files, CAD files and any other file types that reasonably require viewing in their native format, please provide the file in native format with all metadata intact (and not as a .txt file). Where available, produce extracted metadata for each document in the form of a .txt file, and include the following fields:

| No. | Field | Description |
|---|---|---|
| 1 | DOCID | The bates label of the first page of the document |
| 2 | BATESRANGE | The bates range of the document |
| 3 | ATTACHRANGE | The bates label(s) of the family of documents |
| 4 | SUBJECT | Subject of email |
| 5 | DOCDATE | Document Date or Email Sent Date or operating system Date Last Modified for attachments and standalone electronic files; Time Last Modified for attachments and standalone electronic files |
| 6 | TIMESENT | Email sent time or operating system |
| 7 | AUTHORS | Author of Document or Email |
| 8 | RECIPIENTS | Recipient of Document or Email |
| 9 | CC | Copies |
| 10 | BCC | BCC (blind copies) |
| 11 | FOLDER | Email folder information |

10. Documents originally maintained in paper or other non-electronic format shall be produced as .tiff files and with load files for use with Relativity. Provide the extracted, full text in a .txt file using OCR, following the guidelines outlined in Paragraph 9 above.

**REQUESTS FOR PRODUCTION**

**Request No. 1:** All documents related to each of the legal and factual allegations, claims, defenses, and requests for relief in the Complaint as well as in any subsequently amended or supplemental pleadings in this Action.

**Request No. 2:** All documents referred to in the Complaint and documents referenced in preparation of the Complaint.

**Request No. 3:** All documents related to the inventions claimed in the Patents-in-Suit.

**Request No. 4:** All documents related to Kove's claim that Amazon infringes any claim of the Patents-in-Suit.

**Request No. 5:** All documents related to Amazon or any of its products or services, including S3 and/or DynamoDB.

**Request No. 6:** All documents related to the conception and reduction to practice of the inventions claimed in the Patents-in-Suit.

**Request No. 7:** All documents related to any research, design, testing or development of any invention claimed in the Patents-in-Suit or related to the subject matter of the Patents-in-Suit, including communications, inventor notes, laboratory notebooks, project proposals, memos, notes, inventor notebooks, drawings, specifications, documents related to testing, status or progress reports or summaries, development schedules or projections, invention disclosures, and technical documentation of any type.

**Request No. 8:** All documents related to every product, device, system, or service created, made, sold, used, distributed, given away, produced or manufactured by any entity, including Amazon, Kove, or the inventors of the Patents-in-Suit, that embodies, or that is capable of embodying, any claim of the Patents-in-Suit, including technical documentation, user guides, white papers, instruction manuals, and marketing or advertising materials.

**Request No. 9:** All documents related to any manufacture, use, sale, or offer for sale, by or on behalf of Kove, the inventor(s), or previous assignee(s), of any product, prototype, development version, commercial embodiment, or commercialization of any invention claimed in the Patents-in-Suit or product related to the subject matter of the Patents-in-Suit, including documents regarding any first use, sale, or offer for sale, and including manuals, brochures, marketing plans, business plans, strategic plans, and advertising and media campaigns.

**Request No. 10:** Documents sufficient to show all customers, purchasers, and distributors of each product, device, system, or service created, made, sold, used, distributed, given away, produced or manufactured by Kove that embodies, or that is capable of embodying, the Patents-in-Suit, including the amount of sales of each product to each customer, purchaser, or distributor by revenue and number of units.

**Request No. 11:** Documents sufficient to show the yearly sales revenue and profit of Kove, separated by product or service.

**Request No. 12:** All documents related to Kove's claim, if any, that it marked embodiments of the Patents-in-Suit with the patent number(s) in accordance with 35 U.S.C. § 287, and all documents related to Kove's claim, if any, that such marking was continuous from the first sale of those embodiments to the present.

**Request No. 13:** All documents related to your contention that each asserted claim of the Patents-in-Suit is infringed by Amazon.

**Request No. 14:** All documents related to the validity or invalidity of the Patents-in-Suit, including under 35 U.S.C. §§ 101, 102, 103, and/or 112, including all prior art.

**Request No. 15:** All documents related to any secondary considerations (*e.g.*, long-felt but unmet need, failures of others, commercial success) or "objective considerations" of non-

obviousness within the meaning of 35 U.S.C. § 103 relating to the validity of the Patents-in-Suit, whether supportive or contradictory.

**Request No. 16:** All documents related to any search performed by or on behalf of Kove, the inventor(s), or any previous assignee(s), for documents related to to the prior art or to the meaning, interpretation, patentability, validity, enforceability, construction, infringement, or scope of the Patents-in-Suit, any Related Patent, or any of their claims, including any references or things uncovered by such search.

**Request No. 17:** All documents related to any prior art that teaches : (i) distributed hash tables, hashing, or hash functions, (ii) a hash function used to organize data location information, (iii) redirect information used to calculate a location of a server, (iv) the use of an intermediate server between a client and a data storage entity containing data location information or storage of information about the location of a data object or data objects separate from the data object(s).

**Request No. 18:** All documents related to computer networking or computer architecture systems that existed prior to September 13, 2000 that involve the use of hashing, hash functions, or distributed hash tables.

**Request No. 19:** All documents related to any written or oral opinion or advice involving the prior art or the ownership, meaning, interpretation, patentability, validity, enforceability, infringement, construction, or scope of the Patents-in-Suit or any of their claims, including documents sufficient to identify the date and the preparer, speaker, or author and all recipients of such opinions or advice.

**Request No. 20:** Documents sufficient to show the claimed priorty date of the Patents-in-Suit.

**Request No. 21:** All documents related to your computation of damages claimed by Kove, including all documents related to alleged damages for a reasonable royalty under the Georgia Pacific factors, see 318 F. Supp. 1116, 1119-20 (S.D.N.Y. 1970), for lost profits under the Panduit factors, see 575 F.2d 1152, 1156 (6th Cir. 1978), for enhanced damages or willful patent infringement, for attorneys' fees and for any other damages or releief requested or claimed in this case.

**Request No. 22:** All documents related to any license, offer to license, or effort to license the Patents-in-Suit, the subject matter described or claimed in the Patents-in-Suit, or any intellectual property portfolio including the Patents-in-Suit, to any person, including documents relating to any licensing negotiations, notice letters, claim charts, claim constructions, infringement, draft licenses, agreements, exhibits, demand letters and cease and desist letters.

**Request No. 23:** All settlement agreements, covenants not to sue, and other agreements, including drafts thereof, entered into, considered by, or discussed by anyone, including Kove, or their licensees or sublicenses, or any inventor of the Patents-in-Suit, related to the Patents-in-Suit.

**Request No. 24:** All documents related to the inventorship of any invention claimed in the Patents-in-Suit, including documents regarding any person considered for inclusion or exclusion as an inventor.

**Request No. 25:** All documents related to Kove's allegations that Kove is the owner of the Patents-in-Suit and that Kove has the right to sue for infringement of the Patents-in-Suit.

**Request No. 26:** All documents related to the filing, prosecution, and maintenance of the Patents-in-suit and Related Patents including any deliberations about whether to file, prosecute,

acquire any use rights to or ownership interest in or maintain the patents-in-suit, including the files of all attorneys or agents involved.

**Request No. 27:** All documents related to Kove's claim, if any, that Amazon received actual notice of the Patents-in-Suit in accordance with 35 U.S.C. § 287 prior to the filing of the Complaint.

**Request No. 28:** All documents related to any investigation of Amazon Web Services' products or services, including S3 and DynamoDB, conducted by or for Kove.

**Request No. 29:** All documents related to the scope, meaning, interpretation, or construction of the claims of the Patents-in-Suit.

**Request No. 30:** All documents related to third-party products that Kove believes or has believed compete with any of Kove's products covered by one or more claims of the Patents-in-Suit, whether or not such third-party products are covered by any claims in the Patents-in-Suit.

**Request No. 31:** Documents sufficient to identify Kove's research and development, testing, design, patent activities, management, engineering, production, manufacturing, licensing, sales and marketing, technical services, and distribution functions, including the names and titles of all professional and managerial employees in such areas.

**Request No. 32:** All documents related to any litigation involving any of the Patents-in-Suit or any Related Patent, including any deposition transcripts and exhibits, affidavits, declarations, and recorded testimony by Kove, by any expert witness acting on Kove's behalf, or by any other person.

**Request No. 33:** All documents related to Kove's patent or intellectual property policies.

**Request No. 34:** All documents related to any communications between Kove and any actual, former, or potential customers, distributors, original equipment manufacturers,

wholesalers, business partners, or other third parties related to the Patents-in-Suit, this Action, or Amazon.

**Request No. 35:** All documents related to any oral or written report of any expert witness who may testify on your behalf in this Action, including documents supplied by or provided to any expert witness who may testify on your behalf in this Action and any documents to which such expert may refer.

**Request No. 36:** All documents that Plaintiffs may use as an exhibit in any trial, hearing, submission to the court, or deposition in this Action.

Dated: June 20, 2019

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
(202) 639-6000
aunikowsky@jenner.com

Respectfully submitted,

/s/ Terri L. Mascherin

Terri L. Mascherin
Michael Babbitt
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
tmascherin@jenner.com
mbabbitt@jenner.com
mwerner@jenner.com

*Attorneys for Amazon Web Services, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2019, I caused a true and correct copy of the foregoing:

**AMAZON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-36)**

to be served on all counsel of record via electronic mail and pursuant to Federal and local rules.

/s/ Michael Werner

Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
mwerner@jenner.com