# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KOVE IO, INC., | ) |
|                Plaintiff, | ) |
| | ) |
|    v. | ) |
| | ) Civil Action No. 1:18-cv-08175 |
| AMAZON WEB SERVICES, INC., | ) |
| | ) Hon. Judge Rebecca R. Pallmeyer |
|                Defendant. | ) |
| | ) |
| | ) |

**AMAZON'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS (NOS. 37-47)**

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
(202) 639-6000
aunikowsky@jenner.com

Terri L. Mascherin
Michael Babbitt
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
tmascherin@jenner.com
mbabbitt@jenner.com
mwerner@jenner.com

*Attorneys for Amazon Web Services, Inc.*

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Amazon Web Services, Inc. ("Amazon") submits this Second Set of Requests for Production of Documents and Things to Plaintiff Kove IO, Inc. ("Kove"), seeking production of the following documents and things within the possession, custody, or control of Kove. Amazon requests that Kove respond to all requests and that Kove produce the requested documents and tangible things for inspection and copying within 30 days of service at the offices of Jenner & Block LLP, 353 N. Clark St., Chicago, IL, 60653, or as otherwise agreed in advance by the parties. These requests and the terms used herein shall be construed to require the fullest and most complete disclosure permitted by the Federal Rules of Civil Procedure.

**DEFINITIONS**

For purposes of these interrogatories, the following words and phrases shall have the meanings indicated:

1. The term "Plaintiff" or "Kove" means Plaintiff Kove IO, Inc., its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors, and including all present or past owners of the Asserted Patents such as Kove Corp., Econnectix, LLC, Ecconnectix Corp., OverX, Inc., and/or Arctide, LLC.

2. The term "'170 patent" means U.S. Patent No. 7,815,170.

3. The term "'978 patent" means U.S. Patent No. 7,233,978.

4. The term "'640 patent" means U.S. Patent No. 7,103,640.

5. The term "Asserted Patents" means the '170 patent, the '978 patent, and the '640 patent, both individually or collectively as the context indicates.

6. The term "S3" refers to the Amazon Simple Storage Service, as described by Kove in the Complaint dated December 12, 2018 (Dkt. 1) ("the Complaint").

7. The term "DynamoDB" refers to Amazon's DynamoDB service, as described in the Complaint.

8. The term "Related Patent" means any application, continuation, continuation-in-part, divisional, or reissue applications, any patents that have issued from such related applications, and any patent or application from which such related applications claim priority or which are otherwise in the same family of patents.

9. The term "Prior Art" is used herein in the same sense that it is used in 35 U.S.C. §§ 102 & 103, and includes any patent, printed publication, prior knowledge, prior use, prior product, prior sale or offer of sale, or other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

10. "Document" or "documents" shall be interpreted in its broadest sense to mean, without limitation, all documents, e-mails, letters, memos, webpages, objects, or other electornic or tangible things discoverable under Federal Rule of Civil Procedure 34, including the original, all identical copies, and all non-conforming or non-identical drafts and copies thereof, whether different from the original by reason of any annotation made on such copies or otherwise.

11. "Communication" shall mean every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer, or exchange of information, whether orally or by document or whether face to face, by telephone, mail, personal delivery, email, or otherwise.

12. "Including" means including but not limited to the referenced subject.

13. "And" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these requests any information that might be deemed outside their scope by any other construction.

14. "All" and "any" mean both each and every.

15. "Relating to," "related to," and "referring to," shall mean, without limitation, in any way constituting, mentioning, referring to, referencing, describing, summarizing, evidencing, listing, indicating, relevant to, demonstrating, regarding, tending to prove or disprove, containing, reflecting, concerning, pertaining to, analyzing, explaining, or in any way logically or factually connected with the matter discussed.

**INSTRUCTIONS**

1. Any responsive documents, things, or information not disclosed by reason of a claim of privilege or other basis should be identified in writing by: (a) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

2. Documents shall be produced as they are kept in the ordinary course of business pursuant to Rule 34, including (a) providing information maintained in the ordinary course of business that indicates the source of the documents, (b) providing file folders, tabs, labels, directories, etc. maintained in the ordinary course of business along with their respective documents, and (c) including attachments to documents as stored in the ordinary course of business.

3. If an objection is made on the grounds that the request is overbroad and/or unduly burdensome, you must provide documents to the extent that the request is not overbroad or unduly burdensome and Amazon will reserve its right to pursue production of the broader request at a later date.

4. If a refusal to respond to a request is asserted on the grounds of burdensomeness, you should state in detail the reason(s) for your objection(s), including the nature of the inquiry and/or the number and nature of documents or records needed to be searched and/or produced, the location of the documents, the custodian of the documents, and the number of person hours and costs required to respond.

5. If any request is ambiguous or unclear to you, you are requested to contact the undersigned counsel as soon as possible so that the request can be clarified to avoid unnecessary delays in discovery.

6. If any responsive document is no longer in your possession or subject to your control, you should state what disposition was made of it, when such disposition was made, why such disposition was made and by whom such disposition was made. If any document herein requested was formerly in your possession, custody, or control and has been transferred, lost, or destroyed, you are requested to submit in lieu of each document a written statement which:

a. describes in detail the nature of the document;

b. identifies the person who prepared or authorized the document and, if applicable, the person to whom the document was sent;

c. specifies the date on which the document was prepared or transmitted;

d. identifies the person last known by you to have been in possession, custody, or control of the documents; and

e. specifies, if possible, the date on which the document was transferred, lost, or destroyed and, if destroyed, the conditions of and reasons for such destruction and the persons requesting and performing the destruction.

7. These requests shall be deemed continuing so as to require timely supplementation of responses if Kove learns of additional responsive documents, things, or information between the time of its initial responses and the time of trial pursuant to Rule 26(e).

8. Where an objection is made to any discovery request or sub-part thereof, the objection shall specifically state all grounds for the objection and whether otherwise responsive information, documents, or things are being withheld on the basis of the asserted objection. No part of a discovery request should be left unanswered merely because an objection is interposed to another part of that request.

9. Electronically stored information (ESI) shall be produced as single page .tiff format files imaged at 300 dpi. Name each .tiff file with a unique name matching the Bates number (image key) labeled on the corresponding page. Provide an image load file in Concordance delimited format that contains document boundaries. Produce the extracted, full text from the body of each document containing electronically stored information as a .txt file, except for certain file types identified below that are maintained in native format and reasonably require access to the native file. ESI shall include the location within the electronic data system from which the ESI was retrieved and the source of the electronic data, *i.e.*, the individual with whom the electronic data belongs. Any redacted or privileged material should be labeled clearly to show the redactions. For files created by Excel or other spreadsheet programs, PowerPoint or presentation programs, database files, CAD files and any other file types that reasonably require viewing in their native format, please provide the file in native format with all metadata intact (and not as a .txt file). Where available, produce extracted metadata for each document in the form of a .txt file, and include the following fields:

| No. | Field | Description |
|---|---|---|
| 1 | DOCID | The bates label of the first page of the document |
| 2 | BATESRANGE | The bates range of the document |
| 3 | ATTACHRANGE | The bates label(s) of the family of documents |
| 4 | SUBJECT | Subject of email |
| 5 | DOCDATE | Document Date or Email Sent Date or operating system Date Last Modified for attachments and standalone electronic files; Time Last Modified for attachments and standalone electronic files |
| 6 | TIMESENT | Email sent time or operating system |
| 7 | AUTHORS | Author of Document or Email |
| 8 | RECIPIENTS | Recipient of Document or Email |
| 9 | CC | Copies |
| 10 | BCC | BCC (blind copies) |
| 11 | FOLDER | Email folder information |

10. Documents originally maintained in paper or other non-electronic format shall be produced as .tiff files and with load files for use with Relativity. Provide the extracted, full text in a .txt file using OCR, following the guidelines outlined in Paragraph 9 above.

# REQUESTS FOR PRODUCTION

**Request No. 37:** Documents sufficient to show the past and present corporate structure of Kove including all past and present owners and ownership interests in the company during the term of the Asserted Patents.

**Request No. 38:** Business records of Kove and its predecessor entities or assignees of the Asserted Patents, including business plans, projections, presentations, charts, meeting minutes, and Board of Directors meeting minutes during the term of the Asserted Patents.

**Request No. 39:** All documents and commuincations regarding assignments of the Asserted Patents, including regarding all assignments, asset purchases, and license agreements.

**Request No. 40:** All OverX and Xpress presentations, user guides, manuals, tutorials, and technical introductions.

**Request No. 41:** All records and logs of electronic chats or conversations involving inventor John Overton relating to the Asserted Patents.

**Request No. 42:** Documents related to Kove's past and present financial condition, including balance sheets, income statements, cash flow statements, and profit and loss statements during the term of the Asserted Patents.

**Request No. 43:** Documents and communications related to actual or potential investors in Kove, or assignees of the Asserted Patents, including any financial documents or projections submitted to said investors.

**Request No. 44:** Documents related to the employment histories of the inventors of the Asserted Patents, including performance reviews, resumes, CVs, job histories, W-2s, and work product for Kove or its predecessor entities.

**Request No. 45:** Documents and correspondence concerning any financing, fee or contingency arrangements related to the Asserted Patents or this lawsuit, including the identity of any investors or funders of Kove's participation in this lawsuit.

**Request No. 46:** Agreements, licenses, settlements, negotiations, demands, and allegations of infringement by Kove or any of its predecessor entities or assignees related to the Asserted Patents or this lawsuit.

**Request No. 47:** All documents related to the Domain Name System (DNS), including RFC1034, as well as all documents and communications related to your knowledge of DNS.

Dated: February 12, 2020

Respectfully submitted,

/s/ Terri L. Mascherin

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
(202) 639-6000
aunikowsky@jenner.com

Terri L. Mascherin
Michael Babbitt
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
tmascherin@jenner.com
mbabbitt@jenner.com
mwerner@jenner.com

*Attorneys for Amazon Web Services, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2020, I caused a true and correct copy of the foregoing:

**AMAZON'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 37-47)**

to be served on all counsel of record via electronic mail and pursuant to Federal and local rules.

/s/ Michael T. Werner

Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
mwerner@jenner.com