# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 1:18-cv-08175 |
| AMAZON WEB SERVICES, INC., | ) |
| | ) Hon. Judge Rebecca R. Pallmeyer |
| Defendant. | ) |
| | ) |
| | ) |

**AMAZON'S SECOND SET OF INTERROGATORIES (NOS. 10−14)**

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
(202) 639-6000
aunikowsky@jenner.com

Terri L. Mascherin
Michael Babbitt
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
tmascherin@jenner.com
mbabbitt@jenner.com
mwerner@jenner.com

*Attorneys for Amazon Web Services, Inc.*

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3, Defendant Amazon Web Services, Inc. ("Amazon") requests that Plaintiff Kove IO, Inc. ("Kove"), within 30-days after service of these interrogatories, respond to this Second Set of Interrogatories (Nos. 10−14) in accordance with its obligations under the Federal Rules of Civil Procedure. These Interrogatories and the terms used herein shall be construed to require the fullest and most complete disclosure permitted by the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

For purposes of these interrogatories, the following words and phrases shall have the meanings indicated:

1. The terms "Plaintiff," "Kove," "You," and "Your," refers to Plaintiff Kove IO, Inc., its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors, and including all present or past owners of the Asserted Patents such as Kove Corp., Econnectix, LLC, Ecconnectix Corp., OverX, Inc., and/or Arctide, LLC.

2. The term "'170 patent" means U.S. Patent No. 7,815,170.

3. The term "'978 patent" means U.S. Patent No. 7,233,978.

4. The term "'640 patent" means U.S. Patent No. 7,103,640.

5. The term "Asserted Patents" means the '170 patent, the '978 patent, and the '640 patent, both individually or collectively as the context indicates.

6. The term "S3" refers to the Amazon Simple Storage Service, as described by Kove in the Complaint dated December 12, 2018 (Dkt. 1) ("the Complaint").

7. The term "DynamoDB" refers to Amazon's DynamoDB service, as described in the Complaint.

8. The term "Related Patent" means any application, continuation, continuation-in-part, divisional, or reissue applications, any patents that have issued from such related applications, and any patent or application from which such related applications claim priority or which are otherwise in the same family of patents.

9. The term "Prior Art" is used herein in the same sense that it is used in 35 U.S.C. §§ 102 & 103, and includes any patent, printed publication, prior knowledge, prior use, prior product, prior sale or offer of sale, or other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

10. The term "Kove Embodiment" refers to any Kove product, device, process, method, act, or other instrumentality that Kove contends practices any of the claimed inventions of the Asserted Patents, including the OverX and Xpress software identified in Kove's Final Infringement Contentions and Kove's Response to AWS Interrogatory No. 3.

11. "Document" or "documents" shall be interpreted in its broadest sense to mean, without limitation, all documents, e-mails, letters, memos, webpages, objects, or other electronic or tangible things discoverable under Federal Rule of Civil Procedure 34, including the original, all identical copies, and all non-conforming or non-identical drafts and copies thereof, whether different from the original by reason of any annotation made on such copies or otherwise.

12. "Communication" shall mean every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer, or exchange of information, whether orally or by document or whether face to face, by telephone, mail, personal delivery, email, or otherwise.

13. The terms "person" and "entity" as used herein both encompass individuals and entities of all types, including but not limited to natural persons, businesses, firms, partnerships, trusts, associations, organizations, governmental units, joint ventures, and corporations, etc.

14. "Including" means including but not limited to the referenced subject.

15. "And" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these requests any information that might be deemed outside their scope by any other construction.

16. "All" and "any" mean both each and every.

17. "Relating to," "related to," and "referring to," shall mean, without limitation, in any way constituting, mentioning, referring to, referencing, describing, summarizing, evidencing, listing, indicating, relevant to, demonstrating, regarding, tending to prove or disprove, containing, reflecting, concerning, pertaining to, analyzing, explaining, or in any way logically or factually connected with the matter discussed.

18. Except as limited in the above definitions, the definitions set forth in the Northern District of Illinois Local Rules are hereby incorporated by reference.

19. These interrogatories shall be deemed continuing so as to require timely supplementation of responses if Plaintiff learns of additional responsive documents, things, or information between the time of its initial responses and the time of trial pursuant to Rule 26(e).

**20.** Any responsive documents, things, or information not disclosed by reason of a claim of privilege or other basis should be identified in writing by: (a) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other

recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

## INTERROGATORIES

**Interrogatory No. 10:**

Provide a chart identifying specifically where each element of each Asserted Claim of the Asserted Patents is found within each Kove Embodiment, including pinpoint citations to the portions of any source code that identify specifically each element and all supporting evidence and documents.

**Interrogatory No. 11:**

Separately for each Kove Embodiment, describe in detail on a month-by-month basis and by customer: all revenues, income, sales, and profits generated or realized for licensing, sales, and/or distribution, including but not limited to: the number of products or services used in the United States by You or on Your behalf, the number of products or services sold, leased, licensed, or distributed in the United States by You or on Your behalf, as well as all revenues, costs, profits (gross and net), margins (gross and net), and any other financial benefit You have realized associated with the categories above; the location of the sales according to any and all definitions that You track in Your normal course of business (*e.g.*, the country where the product or service is at the time of sale, the country where the customer or user is signed up, the country where the server is, the country where the company recognizes the revenue), and a description of how You differentiate between U.S. sales and non-U.S. sales for internal or financial reporting purposes. Your answer should include an identification of all documents and communications related to Your answer (by Bates range) and the persons most knowledgeable about Your answer.

**Interrogatory No. 12:**

Describe each customer and target customer of each Kove Embodiment, including an identification of each customer, a description of the relationship with the customer (including the start and end dates of the relationship and an identification of meetings and communications), and whether the customer used or bought a Kove Embodiment, including in the course of a beta or test deployment. Your answer should include an identification of all documents and communications related to Your answer (by Bates range) and the persons most knowledgeable about Your answer.

**Interrogatory No. 13:**

Identify all persons with any ownership interest related to the Asserted Patents or this lawsuit, including a detailed description of the nature, extent, and dates of the ownership interest. Your answer should include an identification of all documents and communications related to Your answer (by Bates range) and the persons most knowledgeable about Your answer.

**Interrogatory No. 14:**

Identify all financing, fee, or contingency arrangements related to the Asserted Patents or this lawsuit, including the identity of any investors or funders of Kove's participation in this lawsuit. Your answer should include an identification of all documents and communications related to Your answer (by Bates range) and the persons most knowledgeable about Your answer.

| | |
|---|---|
| Dated: March 4, 2020 | Respectfully submitted,<br><br>/s/ Terri L. Mascherin |
| Adam G. Unikowsky<br>JENNER & BLOCK LLP<br>1099 New York Ave. NW Suite 900<br>Washington, DC 20001<br>(202) 639-6000<br>aunikowsky@jenner.com | Terri L. Mascherin<br>Michael Babbitt<br>Michael T. Werner<br>JENNER & BLOCK LLP<br>353 N. Clark St.<br>Chicago, IL 60654<br>(312) 222-9350<br>tmascherin@jenner.com<br>mbabbitt@jenner.com<br>mwerner@jenner.com<br><br>*Attorneys for Amazon Web Services, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2020, I caused a true and correct copy of the foregoing:

**AMAZON'S SECOND SET OF INTEROGATORIES (NOS. 10-14)**

to be served on all counsel of record via electronic mail and pursuant to Federal and local rules.

/s/ Michael Werner

Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
mwerner@jenner.com