# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., | |
| Plaintiff, | Civil Action No. 1:18-cv-08175 |
| v. | |
| Amazon Web Services, Inc., | |
| Defendant. | |

## KOVE'S AMENDED RESPONSES AND OBJECTIONS TO AMAZON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-36)

Plaintiff Kove IO, Inc. ("Plaintiff" or "Kove"), by and through its undersigned counsel, Federal Rules of Civil Procedure 26 and 34, the Northern District of Illinois Local Rules ("Local Rules"), and any applicable local procedures, laws, or Court orders, hereby serves the following amended objections and responses to Amazon Web Services, Inc.'s ("Defendant" or "Amazon") First Set of Requests for Production (the "Discovery Requests").

## PRELIMINARY STATEMENT

1.      Kove incorporates by reference each general objection set forth below into each specific response. The specific response may repeat a general objection for emphasis or any other reason and/or may also include one or more specific objections(s). The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

2.      Kove's responses to Amazon's requests are made to the best of Kove's present knowledge, information, and belief. Kove reserves the right to supplement or amend these responses should future investigation indicate that such supplementation or amendment is

1

necessary. Kove reserves the right to make any use of, introduce at any hearing or at trial, information or documents that are responsive to Amazon's requests, but discovered subsequent to Kove's service of these responses, including, but not limited to, any information or documents obtained in discovery herein.

3.     In responding to these requests, and subject to objections, Kove has conducted a reasonable search for responsive documents in one or more files where it would be reasonable to find them and produced documents on that basis.

4.     All documents will be produced subject to the protective order (Dkt. No. 55) entered in this case.

## GENERAL OBJECTIONS

Kove adopts and incorporates by reference the following General Objections in each of its specific answers to Defendant's First Set of Requests for Production:

1.     Kove objects to each and every request to the extent that it purports, through definitions, instructions, or otherwise, to impose burdens or duties on Kove inconsistent with, or not authorized by, the Federal Rules of Civil Procedure. In each such case, Kove declines to accept those additional burdens or duties and instead will comply with the Federal Rules of Civil Procedure.

2.     Kove objects to each and every request, definition, and instruction to the extent that it calls for a legal conclusion.

3.     Kove objects to each and every request, definition, and instruction to the extent that it does not identify the materials or information sought with reasonable particularity.

4.     Kove objects to each and every request to the extent that the requests are vague, ambiguous, overbroad, unduly burdensome, do not identify with particularity the documents or

information sought, or are otherwise incomprehensible.

5.       Kove objects to each and every request as premature to the extent that they seek disclosure of information in advance of the deadlines set by this Court, and to the extent that they seek information that is dependent on the claims, contentions, and theories raised by Kove throughout this litigation or during trial, as well as any information discovered throughout this litigation.

6.       Kove objects to Amazon's definitions and/or use of "document(s)," "person(s)," "thing(s)," "communication(s)," "information," "materials," "provided to," "reviewed by," "relates to," "related to," "relate to," "relating to," "regarding," "reflecting," "concerning," "showing," "sufficient to identify," "sufficient to show," "supporting," "refuting," "evidencing," "identify," "described," "referred to," "reviewed," "consulted," "considered," and "relied on" to the extent they require Kove to take action or to provide information that exceeds the scope of what is called for by the Federal Rules of Civil Procedure or Local Rules. Specifically, Kove objects to Amazon's purported definitions as follows:

     a.    "Electronically Stored information (ESI);"

     b.    "extracted metadata;" and

     c.    "fields"

7.       Kove objects to each and every request to the extent that it calls for Kove to form and then render an expert opinion, or to the extent that it requires disclosure of expert reports, analysis, findings or assessments that Kove is not yet required to disclose pursuant to the applicable rules and orders.

8.       Kove objects to each request to the extent that Amazon seeks documents or information that are not relevant to a claim or defense of any party, are not reasonably calculated

to lead to the discovery of admissible evidence, or not proportional to the needs of this litigation.

9. Kove objects to each request to the extent that it purports to require Kove to produce documents or information that are not within the possession, custody, or control of Kove.

10. Kove objects to the extent that the requests call for the production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable protective doctrine, privilege, or immunity. Any inadvertent production of any privileged document or information shall not constitute a waiver of any applicable objection or privilege. For purposes of responding to these demands, Kove will interpret each such request, definition, and instruction as excluding information subject to the attorney-client privilege and attorney work-product doctrine.

11. Kove objects to each and every request as overly broad and unduly burdensome to the extent that they seek disclosure of information that is more appropriately sought using other discovery vehicles (e.g., deposition, interrogatories, and expert reports).

12. Kove objects to each request to the extent it requests documents that are subject to non-disclosure or confidentiality agreements, protective orders, or other agreements or any applicable law having privacy, confidentiality or nondisclosure provisions, which prohibit the disclosure by Kove of the third party's information.

13. Kove objects to each request to the extent that it seeks the identification of "any," "all," or "each," person, document, or information.

14. Kove objects to Amazon's definition of "Plaintiff," "you," "your," and "Kove" as vague, ambiguous, overbroad, and unduly burdensome. Kove will interpret these terms to refer to Kove IO Inc. ("Kove").

15. Kove objects to all requests for production to the extent that Amazon seeks

electronic or other information not reasonably accessible due to undue burden or cost, this includes, by way of example, data on backup tapes, disaster recovery systems, and/or temporary, transient, residual, fragmented data, audio voicemail, instant messages, social networking data, or legacy data.

16.    Kove objects to each and every request, definition, and instruction as overly broad and unduly burdensome insofar as they are not limited in temporal scope or otherwise limited to a relevant time period.

**AMENDED RESPONSES TO REQUESTS**

Subject to and without waiving the foregoing General Objections, Plaintiff provides the following responses:

**REQUEST FOR PRODUCTION NO. 1**:

All documents related to each of the legal and factual allegations, claims, defenses, and requests for relief in the Complaint as well as in any subsequently amended or supplemental pleadings in this Action.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to each of the legal and factual allegations" and "relief in the Complaint as well as in any subsequently amended or supplemental pleadings." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest,

contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 2**:

All documents referred to in the Complaint and documents referenced in preparation of the Complaint.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague,

6

ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents referred to in the Complaint" and "documents referenced in preparation of the Complaint." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 3:**

All documents related to the inventions claimed in the Patents-in-Suit.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to the inventions claimed in the Patents-in-Suit." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

## REQUEST FOR PRODUCTION NO. 4:

All documents related to Kove's claim that Amazon infringes any claim of the Patents-in-Suit.

## AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Kove incorporates by reference the General Objections as if fully set forth herein. Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to Kove's claim" and "any claim of the Patents-in-Suit." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree

on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 5:**

All documents related to Amazon or any of its products or services, including S3 and/or DynamoDB.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to Amazon" and "any of its products or services." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 6:**

All documents related to the conception and reduction to practice of the inventions claimed in the Patents-in-Suit.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to the conception and reduction to practice." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this

Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

## REQUEST FOR PRODUCTION NO. 7:

All documents related to any research, design, testing or development of any invention claimed in the Patents-in-Suit or related to the subject matter of the Patents-in-Suit, including communications, inventor notes, laboratory notebooks, project proposals, memos, notes, inventor notebooks, drawings, specifications, documents related to testing, status or progress reports or summaries, development schedules or projections, invention disclosures, and technical documentation of any type.

## AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Kove incorporates by reference the General Objections as if fully set forth herein. Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to any research, design, testing or development," "any invention claimed in the Patents-in-Suit or related to the subject matter of the Patents-in-

Suit," and "invention disclosures, and technical documentation of any type." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 8:**

All documents related to every product, device, system, or service created, made, sold, used, distributed, given away, produced or manufactured by any entity, including Amazon, Kove, or the inventors of the Patents-in-Suit, that embodies, or that is capable of embodying, any claim of the Patents-in-Suit, including technical documentation, user guides, white papers, instruction

manuals, and marketing or advertising materials.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to every product, device, system, or service created," "produced or manufactured by any entity," and "any claim of the Patents-in-Suit." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated

14

protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 9:**

All documents related to any manufacture, use, sale, or offer for sale, by or on behalf of Kove, the inventor(s), or previous assignee(s), of any product, prototype, development version, commercial embodiment, or commercialization of any invention claimed in the Patents-in-Suit or product related to the subject matter of the Patents-in-Suit, including documents regarding any first use, sale, or offer for sale, and including manuals, brochures, marketing plans, business plans, strategic plans, and advertising and media campaigns.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to any manufacture," "any product, prototype, development version, commercial embodiment," "any invention claimed in the Patents-in-Suit," and "any first use, sale, or offer for sale." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available

to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to show all customers, purchasers, and distributors of each product, device, system, or service created, made, sold, used, distributed, given away, produced or manufactured by Kove that embodies, or that is capable of embodying, the Patents-in-Suit, including the amount of sales of each product to each customer, purchaser, or distributor by revenue and number of units.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "all customers, purchasers, and distributors of each product." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual

obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

## REQUEST FOR PRODUCTION NO. 11:

Documents sufficient to show the yearly sales revenue and profit of Kove, separated by product or service.

## AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad,

vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "yearly sales revenue and profit of Kove, separated by product or service." Kove further objects to this Discovery Request to the extent that it is not limited in time or scope. Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 12:**

All documents related to Kove's claim, if any, that it marked embodiments of the Patents-in-Suit with the patent number(s) in accordance with 35 U.S.C. § 287, and all documents related

to Kove's claim, if any, that such marking was continuous from the first sale of those embodiments to the present.

**<u>AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 12:</u>**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to Kove's claim" and "all documents related to Kove's claim." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Additionally, Kove objects to requests calling for electronically stored information (ESI)

that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 13:**

All documents related to your contention that each asserted claim of the Patents-in-Suit is infringed by Amazon.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to your contention." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any

statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

## REQUEST FOR PRODUCTION NO. 14:

All documents related to the validity or invalidity of the Patents-in-Suit, including under 35 U.S.C. §§ 101, 102, 103, and/or 112, including all prior art.

## AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to the validity or invalidity of the Patents-

in-Suit" and "prior art." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 15:**

All documents related to any secondary considerations (e.g., long-felt but unmet need, failures of others, commercial success) or "objective considerations" of non obviousness within the meaning of 35 U.S.C. § 103 relating to the validity of the Patents-in-Suit, whether supportive or contradictory.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "any secondary considerations." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work

product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 16:**

All documents related to any search performed by or on behalf of Kove, the inventor(s), or any previous assignee(s), for documents related to the prior art or to the meaning, interpretation, patentability, validity, enforceability, construction, infringement, or scope of the Patents-in-Suit, any Related Patent, or any of their claims, including any references or things uncovered by such search.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to any search performed by or on behalf of Kove," "any previous assignee(s)," and " any Related Patent, or any of their claims, including any references or things." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any

statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

## REQUEST FOR PRODUCTION NO. 17:

All documents related to any prior art that teaches: (i) distributed hash tables, hashing, or hash functions, (ii) a hash function used to organize data location information, (iii) redirect information used to calculate a location of a server, (iv) the use of an intermediate server between a client and a data storage entity containing data location information or storage of information about the location of a data object or data objects separate from the data object(s).

## AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to any prior art that teaches." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 18:**

All documents related to computer networking or computer architecture systems that existed prior to September 13, 2000 that involve the use of hashing, hash functions, or distributed

hash tables.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Kove incorporates by reference the General Objections as if fully set forth herein.  Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to computer networking or computer architecture systems."  Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control.  Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine.  Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 19:**

All documents related to any written or oral opinion or advice involving the prior art or the ownership, meaning, interpretation, patentability, validity, enforceability, infringement, construction, or scope of the Patents-in-Suit or any of their claims, including documents sufficient to identify the date and the preparer, speaker, or author and all recipients of such opinions or advice.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to any written or oral opinion or advice." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any

statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to show the claimed priority date of the Patents-in-Suit.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to any written or oral opinion or advice." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's

possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 21:**

All documents related to your computation of damages claimed by Kove, including all documents related to alleged damages for a reasonable royalty under the Georgia Pacific factors, see 318 F. Supp. 1116, 1119-20 (S.D.N.Y. 1970), for lost profits under the Panduit factors, see 575 F.2d 1152, 1156 (6th Cir. 1978), for enhanced damages or willful patent infringement, for attorneys' fees and for any other damages or relief requested or claimed in this case.

**<u>AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 21:</u>**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to your computation of damages claimed by Kove" and "all documents related to alleged damages for a reasonable royalty." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will

conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 22:**

All documents related to any license, offer to license, or effort to license the Patents-in-Suit, the subject matter described or claimed in the Patents-in-Suit, or any intellectual property portfolio including the Patents-in-Suit, to any person, including documents relating to any licensing negotiations, notice letters, claim charts, claim constructions, infringement, draft licenses, agreements, exhibits, demand letters and cease and desist letters.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to any license, offer to license, or effort to license," "any intellectual property portfolio including the Patents-in-Suit, "any person, including documents," and "any licensing negotiations, notice letters, claim charts, claim constructions, infringement." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine.  Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 23:**

All settlement agreements, covenants not to sue, and other agreements, including drafts thereof, entered into, considered by, or discussed by anyone, including Kove, or their licensees or sublicenses, or any inventor of the Patents-in-Suit, related to the Patents-in-Suit.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Kove incorporates by reference the General Objections as if fully set forth herein.  Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad,

vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll settlement agreements, covenants not to sue, and other agreements" "entered into, considered by, or discussed by anyone," and "any inventor of the Patents-in-Suit." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 24:**

All documents related to the inventorship of any invention claimed in the Patents-in-Suit, including documents regarding any person considered for inclusion or exclusion as an inventor.

## AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to the inventorship" "any invention claimed in the Patents-in-Suit," and "any person considered for inclusion or exclusion as an inventor." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will

35

conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 25:**

All documents related to Kove's allegations that Kove is the owner of the Patents-in-Suit and that Kove has the right to sue for infringement of the Patents-in-Suit.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to Kove's allegations." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available Additionally, Kove objects to requests calling for electronically stored information (ESI) that is

not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 26:**

All documents related to the filing, prosecution, and maintenance of the Patents-in-suit and Related Patents including any deliberations about whether to file, prosecute, acquire any use rights to or ownership interest in or maintain the patents-in-suit, including the files of all attorneys or agents involved.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited

to, with respect to the phrases "[a]ll documents related to the filing, prosecution," "any deliberations about whether to file," and "any use rights to or ownership interest in or maintain the patents-in-suit." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 27:**

All documents related to Kove's claim, if any, that Amazon received actual notice of the Patents-in-Suit in accordance with 35 U.S.C. § 287 prior to the filing of the Complaint.

**<u>AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 27:</u>**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to Kove's claim." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work

product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 28:**

All documents related to any investigation of Amazon Web Services' products or services, including S3 and DynamoDB, conducted by or for Kove.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to any investigation of Amazon Web Services' products or services." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

## REQUEST FOR PRODUCTION NO. 29:

All documents related to the scope, meaning, interpretation, or construction of the claims of the Patents-in-Suit.

## AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to the scope, meaning, interpretation, or construction of the claims." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third

party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 30:**

All documents related to third-party products that Kove believes or has believed compete with any of Kove's products covered by one or more claims of the Patents-in-Suit, whether or not such third-party products are covered by any claims in the Patents-in-Suit.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to third-party products" and "any claims in the Patents-in-Suit." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to identify Kove's research and development, testing, design, patent activities, management, engineering, production, manufacturing, licensing, sales and marketing,

technical services, and distribution functions, including the names and titles of all professional and managerial employees in such areas.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "all professional and managerial employees in such areas." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 32:**

All documents related to any litigation involving any of the Patents-in-Suit or any Related Patent, including any deposition transcripts and exhibits, affidavits, declarations, and recorded testimony by Kove, by any expert witness acting on Kove's behalf, or by any other person.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to any litigation involving any of the Patents-in-Suit" and "any deposition transcripts and exhibits, affidavits, declarations, and recorded testimony by Kove, by any expert witness acting on Kove's behalf, or by any other person." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any

statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 33:**

All documents related to Kove's patent or intellectual property policies.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to Kove's patent or intellectual property policies." Kove objects to this Discovery Request to the extent that it seeks information that is

outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 34:**

All documents related to any communications between Kove and any actual, former, or potential customers, distributors, original equipment manufacturers, wholesalers, business partners, or other third parties related to the Patents-in-Suit, this Action, or Amazon.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any

parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to any communications between Kove and any actual." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

## REQUEST FOR PRODUCTION NO. 35:

All documents related to any oral or written report of any expert witness who may testify on your behalf in this Action, including documents supplied by or provided to any expert witness who may testify on your behalf in this Action and any documents to which such expert may refer.

## AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents related to any oral or written report of any expert witness" and "any expert witness who may testify on your behalf in this Action and any documents to which such expert may refer." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

**REQUEST FOR PRODUCTION NO. 36:**

All documents that Plaintiffs may use as an exhibit in any trial, hearing, submission to the court, or deposition in this Action.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]ll documents that Plaintiffs may use as an exhibit in any trial." Kove objects to this Discovery Request to the extent that it seeks information that is outside Kove's possession, custody, or control. Kove objects to this Discovery Request to the extent that it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove.

Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms governing ESI production, nor have the parties discussed the identification of reasonable custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will conduct a reasonable search for and produce responsive, relevant, non-privileged, non-work product documents in its possession, custody or control, in accordance with the stipulated protective order entered by the court.

Dated: November 25, 2019

Respectfully submitted,

/s/ Jaime F. Cardenas-Navia
Jaime F. Cardenas-Navia

Sarah O. Jorgensen *(pro hac vice)*
sjorgensen@reichmanjorgensen.com
Reichman Jorgensen LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (650) 623-1403
Telecopier: (650) 623-1449

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
Thompson Coburn LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500
Telecopier: (312) 580-2201

Christine E. Lehman *(pro hac vice)*
clehman@reichmanjorgensen.com
Reichman Jorgensen LLP
818 Connecticut Avenue NW, Suite 850
Washington, DC 20006
Telephone: (202) 894-7311
Telecopier: (650) 623-1449

Courtland L. Reichman *(pro hac vice)*
creichman@reichmanjorgensen.com
Jennifer P. Estremera *(pro hac vice)*
jestremera@reichmanjorgensen.com
Joachim B. Steinberg *(pro hac vice)*
jsteinberg@reichmanjorgensen.com
Michael G. Flanigan (State Bar No. 6309008)
mflanigan@reichmanjorgensen.com
Kate M. Falkenstien *(pro hac vice)*
kfalkenstien@reichmanjorgensen.com
Reichman Jorgensen LLP
100 Marine Parkway Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

Khue Hoang *(pro hac vice)*
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia *(pro hac vice)*
jcardenas-navia@reichmanjorgensen.com
Wesley White *(pro hac vice)*
wwhite@reichmanjorgensen.com
Rahul Sarkar (pro hac vice)
rsarkar@reichmanjorgensen.com
Reichman Jorgensen LLP
100 Park Avenue, Suite 1600
New York, NY 10017
Telephone: (646) 921-1474
Telecopier: (650) 623-1449

**ATTORNEYS FOR PLAINTIFF
KOVE IO, INC.**

I hereby certify that on November 25, 2019, Kove's Amended Responses And Objections To Amazon's First Set of Requests For Production Of Documents And Things (Nos. 1-36) was served on counsel of record via email.

/s/ Jaime F. Cardenas-Navia
Jaime F. Cardenas-Navia