# EXHIBIT 5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Kove IO, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Amazon Web Services, Inc., <br><br> Defendant. | Civil Action No. 1:18-cv-08175 |

**KOVE, IO INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND SET OF REQUESTS FOR PRODUCTION NOS. 37-47**

Plaintiff Kove IO, Inc. ("Plaintiff" or "Kove"), by and through their undersigned counsel, Federal Rules of Civil Procedure 26 and 34, the Northern District of Illinois Local Rules ("Local Rules"), and any applicable local procedures, laws, or Court orders, hereby serve the following objections and responses to Amazon Web Services, Inc.'s ("Defendant" or "Amazon") Second Set of Requests for Production (the "Discovery Requests").

## **PRELIMINARY STATEMENT**

1. Kove incorporates by reference each general objection set forth below into each specific response. The specific response may repeat a general objection for emphasis or any other reason and/or may also include one or more specific objection(s). The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

2. Kove's responses to Amazon's requests are made to the best of Kove's present knowledge, information and belief. Kove reserves the right to supplement or amend these responses should future investigation indicate that such supplementation or amendment is

1

necessary. Kove reserves the right to make any use of, or introduce at any hearing or at trial, information or documents that are responsive to Amazon's requests, but discovered subsequent to Kove's service of these responses, including, but not limited to, any information or documents obtained in discovery herein.

3. In responding to these requests, and subject to objections, Kove has conducted a reasonable search for responsive documents where it would be reasonable to find them and produced documents on that basis. Kove has not searched in all places such documents could be found, but rather in those places it was reasonably likely to find responsive documents based on the needs of this case.

4. All documents have been and will be produced subject to the protective order (Dkt. No. 55) entered in this case.

## **GENERAL OBJECTIONS**

Kove adopts and incorporates by reference the following General Objections in each of its specific answers to Defendant's Second Set of Requests for Production Nos. 37-47.

1. Kove objects to each and every request to the extent that it purports, through definitions, instructions or otherwise, to impose burdens or duties on Kove inconsistent with, or not authorized by, the Federal Rules of Civil Procedure or the Local Rules. In each such case, Kove declines to accept those additional burdens or duties and instead will comply with its obligations under the Federal Rules of Civil Procedure and the Local Rules.

2. Kove objects to each and every request, definition and instruction to the extent that it calls for a legal conclusion.

3. Kove objects to each and every request, definition and instruction to the extent that it does not identify the materials or information sought with reasonable particularity.

4. Kove objects to each and every request to the extent that the requests are vague, ambiguous, overbroad, unduly burdensome, do not identify with particularity the documents or information sought or are otherwise incomprehensible.

5. Kove objects to each and every request as premature to the extent that they seek disclosure of information in advance of the deadlines set by this Court, and to the extent that they seek information that is dependent on the claims, contentions and theories raised by Kove throughout this litigation or during trial, as well as any information discovered throughout this litigation.

6. Kove objects to Amazon's definitions and/or use of "document(s)", "communication(s)," "relating to," "related to" and "referring to" to the extent they require Kove to take action or to prove information that exceeds the scope of what is called for by the Federal Rules of Civil Procedure or Local Rules.

7. Kove objects to each and every request to the extent that it calls for Kove to form and then render an expert opinion, or to the extent that it requires disclosure of expert reports, analysis, findings or assessments that Kove is not yet required to disclose pursuant to the applicable rules and orders.

8. Kove objects to each request to the extent that Amazon seeks documents or information that are not relevant to a claim or defense of any party and are not proportional to the needs of this litigation.

9. Kove objects to each request to the extent tit purports to require Kove to produce documents or information that are not within the possession, custody or control of Kove.

10. Kove objects to the extent that the requests call for production of documents protected by the attorney-client privilege, the attorney work product doctrine or any other

applicable protective doctrine, privilege or immunity. Any inadvertent production of any privileged document or information shall not constitute a waiver of any applicable objection or privilege. For purposes of responding to these demands, Kove will interpret each such request, definition and instruction as excluding information subject to the attorney-client privilege and attorney work-product doctrine.

11. Kove objects to each and every request as overly broad and unduly burdensome to the extent that they seek disclosure of information that is more appropriately sought using other discovery vehicles (e.g., deposition, interrogatories and expert reports).

12. Kove objects to each request to the extent it requests documents that are subject to non-disclosure or confidentiality agreements, protective orders or other agreements or any applicable law which prohibits the disclosure by Kove of the third party's information.

13. Kove objects to each request to the extent it seeks the identification of "any," "all," or "each" person, document or information.

14. Kove objects to Amazon's definitions of "Plaintiff," "You," "Yours," "Kove," "Patents-in-Suit" and "OverX, Inc." on the grounds that they render the relevant topics vague, ambiguous, overbroad, and unduly burdensome. Kove will interpret these terms to refer to Kove IO Inc. ("Kove").

15. Kove objects to all requests for production to the extent that Amazon seeks electronic or other information the retrieval of which is not proportional to the needs of the case due to undue burden or cost. This includes, by way of example, data on backup tapes, disaster recovery systems and/or temporary, transient, residual, fragmented data, audio voicemail, instant messages, social networking data or legacy data.

16. Kove objects to each and every request, definition and instruction as overly broad

and unduly burdensome insofar as they are not limited in temporal scope or otherwise limited to a relevant time period.

## RESPONSES TO REQUESTS

Subject to and without waiving the foregoing General Objections, Plaintiff provides the following responses:

**REQUEST FOR PRODUCTION NO. 37**

Documents sufficient to show the past and present corporate structure of Kove including all past and present owners and ownership interests in the company during the term of the Asserted Patents.

**RESPONSE:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent it seeks documents that are not relevant to any party's claims or defenses in this litigation, and as being unduly broad, unduly burdensome and disproportionate. Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrase "all past and present owners and ownership interests."

Kove further objects to this Discovery Request to the extent it seeks information, statements, opinions or other communications that are protected by attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.

Subject to and without waiving the foregoing general and specific objections, Kove will, to the extent it has not already done so, conduct a reasonable search for and produce, in accordance with the stipulated protective order entered by the Court, relevant and non-privileged documents responsive to this Request within its possession, custody or control, if any, which identify the past

and present corporate structure of Kove during the term of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 38**

Business records of Kove and its predecessor entities or assignees of the Asserted Patents, including business plans, projections, presentations, charts, meeting minutes, and Board of Directors meeting minutes during the term of the Asserted Patents.

**RESPONSE:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent it seeks documents that are not relevant to any party's claims or defenses in this litigation, and as being unduly broad, unduly burdensome and disproportionate. Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrase "business records" and "business plans, projections, presentations, charts, meeting minutes, and Board of Directors meeting minutes." Kove objects to this Discovery Request to the extent it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, statements, opinions or other communications that are protected by attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine. Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms of an order governing ESI production, nor have the parties discussed the identification of custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will, to the extent it has not already done so, conduct a reasonable search for and produce, in accordance with the stipulated protective order entered by the Court, relevant and non-privileged business plans, projections, presentations, charts, meeting minutes, and Board of Directors meeting minutes during the term of the Asserted Patents related to the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 39**

All documents and communications regarding assignments of the Asserted Patents, including regarding all assignments, asset purchases, and license agreements.

**RESPONSE:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any party's claims or defenses in this litigation, and as being unduly broad, unduly burdensome and disproportionate.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrase "all assignments, asset purchases, and license agreements." Kove objects to this Discovery Request to the extent it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that are protected by attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.

Subject to and without waiving the foregoing general and specific objections, Kove has

conducted a reasonable search for and produced, in accordance with the stipulated protective order entered by the Court, relevant and non-privileged documents responsive to this Request in its possession, custody or control, sufficient to show all assignments, asset purchases, and license agreements regarding the Asserted Patents as relevant to this action.

**REQUEST FOR PRODUCTION NO. 40**

All OverX and Xpress presentations, user guides, manuals, tutorials, and technical introductions.

**RESPONSE:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any party's claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Kove specifically objects to this Discovery Request on the ground that it is overly broad, vague, ambiguous and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrase "All . . . presentations, user guides, manuals, tutorials, and technical introductions." Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that are protected by attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine. Kove objects to this Discovery Request to the extent it seeks documents that are publicly available and are as available to Amazon as to Kove. Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms of an order governing ESI production, nor have the parties discussed the identification of custodians or search terms.

Subject to and without waiving the foregoing general and specific objections, Kove will, to the extent it has not already done so, conduct a reasonable search for and produce, in accordance with the stipulated protective order entered by the Court, relevant and non-privileged presentations, user guides, manuals, tutorials and technical introductions relating to the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 41**

All records and logs of electronic chats or conversations involving inventor John Overton relating to the Asserted Patents.

**RESPONSE:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent that it seeks documents that are not relevant to any party's claims or defenses in this litigation, and as being overly broad, unduly burdensome and disproportionate. Additionally, Kove objects to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms of an order governing ESI production, nor have the parties discussed the identification of custodians or search terms.

Kove specifically objects to this request on the grounds that it is overly broad, vague ambiguous and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "electronic chats or conversations" and "relating to the Asserted Patents."

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that are protected by attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.

Subject to and without waiving the foregoing general and specific objections, Kove will,

9

to the extent it has not already done so, conduct a reasonable search for and produce, in accordance with the stipulated protective order entered by the Court, relevant and non-privileged records responsive to this Request within its possession, custody or control, regarding any electronic conversations involving John Overton relating to the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 42**

Documents related to Kove's past and present financial condition, including balance sheets, income statements, cash flow statements, and profit and loss statements during the term of the Asserted Patents.

**RESPONSE:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent it seeks documents that are not relevant to any party's claims or defenses in this litigation, and as being unduly broad, unduly burdensome and disproportionate. Kove further objects that Amazon has not explained how the burden of collecting documents relating to Kove's financial condition during the term of the Asserted Patents is proportional to the needs of the proceedings or appropriate for purposes of discovery in this case.

Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous, and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrase "[d]ocuments related to Kove's past and present financial condition."

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that are protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine.

Subject to and without waiving the foregoing general and specific objections, Kove will,

to the extent it has not already done so, conduct a reasonable search for and produce, in accordance with the stipulated protective order entered by the Court, relevant and non-privileged documents responsive to this Request within its possession, custody or control concerning Kove's finances during the term of the Asserted Patents as relevant to this action.

**REQUEST FOR PRODUCTION NO. 43**

Documents and communications related to actual or potential investors in Kove, or assignees of the Asserted Patents, including any financial documents or projections submitted to said investors.

**RESPONSE:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent it seeks documents that are not relevant to any party's claims or defenses in this litigation, and as being unduly broad, unduly burdensome and disproportionate. Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[d]ocuments and communications related to actual or potential investors in Kove" and "assignees of the Asserted Patents." Kove objects to this Discovery Request to the extent it seeks information that is outside Kove's possession, custody or control. Kove objects to this Discovery Request to the extent it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that are protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Additionally, Kove objects

11

to requests calling for electronically stored information (ESI) that is not reasonably accessible without undue burden and expense, as the parties have yet to agree on the terms of an order governing ESI production, nor have the parties discussed the identification of custodians or search terms.

Subject to and without waiving the foregoing general and specific objections Kove will not search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 44**

Documents related to the employment histories of the inventors of the Asserted Patents, including performance reviews, resumes, CVs, job histories, W-2s, and work product for Kove or its predecessor entities.

**RESPONSE:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent it seeks documents that are not relevant to any party's claims or defenses in this litigation, and as being unduly broad, unduly burdensome and disproportionate. Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrase "employment histories of the inventors of the Asserted Patents." Kove objects to this Discovery Request to the extent it seeks information that is outside Kove's possession, custody or control. Kove objects to this Discovery Request to the extent it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that are protected by attorney-client privilege, the

work product doctrine, or any other applicable privilege or doctrine.

Subject to and without waiving the foregoing general and specific objections, Kove will, to the extent it has not already done so, conduct a reasonable search for and produce, in accordance with the stipulated protective order entered by the Court, relevant and non-privileged documents responsive to this Request within its possession, custody or control, if any, relating to the inventors' job histories, CVs and resumes and, to the extent it is able to so-identify, work product related to the Asserted Patents. Kove will not search for or produce the inventors' performance reviews, W-2s, or work product that is not related to the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 45**

Documents and correspondence concerning any financing, fee or contingency arrangements related to the Asserted Patents or this lawsuit, including the identity of any investors or funders of Kove's participation in this lawsuit.

**RESPONSE:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request as seeking documents that are not relevant to any party's claims or defenses in this litigation, and as being unduly broad, unduly burdensome and disproportionate. Kove further objects that Amazon has not explained how the burden of collecting documents response to this Request is proportional to the needs of the proceedings or appropriate for purposes of discovery in this case.

Subject to and based on Plaintiff's objections, Kove will not search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 46**

Agreements, licenses, settlements, negotiations, demands, and allegations of infringement

by Kove or any of its predecessor entities or assignees related to the Asserted Patents or this lawsuit.

**RESPONSE:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent it seeks documents that are not relevant to any party's claims or defenses in this litigation, and as being unduly broad, unduly burdensome and disproportionate. Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrases "[a]greements, licenses, settlements, negotiations, demands, and allegations of infringement," "Kove or any of its predecessor entities or assignees" and "related to the Asserted Patents." Kove objects to this Discovery Request to the extent it seeks information that is outside Kove's possession, custody or control. Kove objects to this Discovery Request to the extent it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that are protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove also objects to this Discovery Request to the extent it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation or other obligation owed to any third party.

Subject to and without waiving the foregoing general and specific objections, Kove will, to the extent it has not already done so, conduct a reasonable search for and produce, in accordance with the stipulated protective order entered by the Court, relevant and non-privileged documents

14

responsive to this Request within its possession, custody or control, if any, concerning agreements, licenses, settlements, negotiations, demands or allegations of infringement related to the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 47**

All documents related to the Domain Name System (DNS), including RFC1034, as well as all documents and communications related to your knowledge of DNS.

**RESPONSE:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Discovery Request to the extent it seeks documents that are not relevant to any party's claims or defenses in this litigation, and as being unduly broad, unduly burdensome and disproportionate. Kove specifically objects to this Discovery Request on the grounds that it is overly broad, vague, ambiguous and not proportional to the needs of this litigation, including, but not limited to, with respect to the phrase "[a]ll documents related to the Domain Name System (DNS), including RFC1034" and "all documents and communications related to your knowledge of DNS." Kove objects to this Discovery Request to the extent it seeks information that is outside Kove's possession, custody or control. Kove objects to this Discovery Request to the extent it seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation or other obligation owed to any third party.

Kove further objects to this Discovery Request to the extent it seeks information, any statements, opinions or other communications that are protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine.

Subject to and without waiving the foregoing general and specific objections, Kove will, to the extent it has not already done so, conduct a reasonable search for and produce, in accordance

with the stipulated protective order entered by the Court, relevant and non-privileged documents responsive to this Request within its possession, custody or control, if any, related to the Domain Name System (DNS), including RFC1034.

Dated: March 13, 2020

Respectfully submitted,

*/s/ Jaime Cardenas-Navia*
Jaime Cardenas-Navia

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
Thompson Coburn LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500
Telecopier: (312) 580-2201

Sarah O. Jorgensen (*pro hac vice*)
sjorgensen@reichmanjorgensen.com
Reichman Jorgensen LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (650) 623-1403
Telecopier: (650) 623-1449

Christine E. Lehman *(pro hac vice)*
clehman@reichmanjorgensen.com
Reichman Jorgensen LLP
1615 M Street, NW, Suite 300
Washington, DC 20036
Telephone: (202) 894-7311
Telecopier: (650) 623-1449

Jaime Cardenas-Navia *(pro hac vice)*
jcardenas-navia@reichmanjorgensen.com
Reichman Jorgensen LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (646) 921-1474
Telecopier: (650) 623-1449

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Jennifer P. Estremera (*pro hac vice*)
jestremera@reichmanjorgensen.com
Shawna L. Ballard (*pro hac vice*)
sballard@reichmanjorgensen.com
Joachim B. Steinberg (*pro hac vice*)
jsteinberg@reichmanjorgensen.com
Michael G. Flanigan (State Bar No. 6309008)
mflanigan@reichmanjorgensen.com
Kate M. Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
Reichman Jorgensen LLP
303 Twin Dolphin Drive, Suite 600
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

**ATTORNEYS FOR PLAINTIFF
KOVE IO, INC.**

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 13, 2020, the foregoing Responses and Objections to Defendant's Second Set of Requests for Production was electronically served upon the parties by electronic mail, at the addresses below:

>Adam G. Unikowsky
>JENNER &BLOCK LLP
>1099 New York Ave. NW Suite 900 Washington, DC 20001
>(202) 639-6000
>aunikowsky@jenner.com
>
>Terri L. Mascherin
>Michael Babbitt
>Michael T. Werner
>JENNER &BLOCK LLP
>353 N. Clark St.
>Chicago, IL 60654
>(312) 222-9350
>tmascherin@jenner.com
>mbabbitt@jenner.com
>mwerner@jenner.com
>
>
>*/s/ Jaime F. Cardenas-Navia*
>
>Jaime F. Cardenas-Navia