# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON WEB SERVICES, INC., <br><br> Defendant. | Civil Action No. 1:18-cv-08175 <br><br> Hon. Judge Rebecca R. Pallmeyer |

**KOVE'S RESPONSES AND OBJECTIONS TO AMAZON'S
SECOND SET OF INTERROGATORIES (NOS. 10-14)**

Plaintiff Kove IO, Inc. ("Kove"), by and through their undersigned counsel, Federal Rules of Civil Procedure 26 and 33, the Northern District of Illinois Local Rules ("Local Rules"), and any applicable procedures, laws, or Court orders, hereby serves the following objections and responses to the Second Set of Interrogatories ("Interrogatories") of Amazon Web Services, Inc. ("Defendant" or "Amazon").

**GENERAL OBJECTIONS**

1. Kove incorporates by reference each general objection in its First Amended Responses to Amazon's First Set of Interrogatories (Nos. 2-5) into each specific response. The specific response may repeat a general objection for emphasis or any other reason and/or may also include one or more specific objection(s). The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

2. Kove's responses to Amazon's Interrogatories are made to the best of Kove's present knowledge, information, and belief. Kove reserves the right to supplement or amend these responses should future investigation indicate that such supplementation or amendment is

1

necessary. Kove reserves the right to make any use of, introduce at any hearing or at trial, information or documents that are responsive to Kove's interrogatories, but discovered subsequent to Kove's service of these responses, including, but not limited to, any information or documents obtained in discovery.

## RESPONSES TO INTERROGATORIES (NOS. 10-14)

### INTERROGATORY NO. 10:

Provide a chart identifying specifically where each element of each Asserted Claim of the Asserted Patents is found within each Kove Embodiment, including pinpoint citations to the portions of any source code that identify specifically each element and all supporting evidence and documents.

### RESPONSE TO INTERROGATORY NO. 10:

In addition to its general objections, Kove objects to Amazon's request for Kove to search, identify, and catalogue document productions, communications, or things as an improper request for work product and an overbroad and unduly burdensome request to, for example, marshal evidence to which Amazon or its counsel also has equal access. Kove further objects to this Interrogatory as being compound and containing multiple subparts.

Kove further objects to this Interrogatory on the grounds that it is vague, unclear and ambiguous, unduly broad and burdensome, and disproportionate, including, without limitation, with respect to its use of the term "all supporting evidence and documents," "pinpoint citations," and "identify specifically each element." Kove also specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception.

Kove also objects to this Interrogatory as premature to the extent it seeks Kove's expert

opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules, and any applicable procedures, laws, or Court orders.

Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Subject to the foregoing general and specific objections, Kove responds as follows:

The inventions of claims 1 and 2 of the '170 patent and claims 1, 6, and 31 of the '978 patent were embodied in the OverX software as of May 15, 2001. The inventions of claims 6, 8, 12, 15 and 17 of the '170 patent, claims 17, 18, and 24 of the '640 patent, and claims 3, 10, and 14 of the '978 patent were embodied in the OverX software as of July 19, 2001.

Pursuant to Federal Rule of Civil Procedure 33(d), Kove identifies the following documents: KOV_00002119-2444; KOV_00003872-3875; KOV_00003944-4044; KOV_00004061-4596; KOV_00004690-4800; KOV_00004802-4811; KOV_00004813-4828; KOV_00004839-5247; KOV_00005251-5303; KOV_00005305-5327; KOV_00005329-5334; KOV_00005336-5338; KOV_00005341-5372; KOV_00005374-5770; KOV_00005773-5818; KOV_00005820-5840; KOV_00005841-5851; KOV_00005852-5872; KOV_00005900-5906; KOV_00015334-16045; KOV_00016067-16327; KOV_00016328-16968; KOV_00017069-17106; KOV_00017109-17112; KOV_00017120-17121; KOV_00017150-17288; KOV_00017299; KOV_00017352-17354; KOV_00017356-17359; KOV_00017362-17371; KOV_00017454-17484; KOV_00017844-17866, and the source code which has been made available for inspection to Amazon.

Kove may also rely on the testimony of witnesses, including of John Overton and Stephen Bailey.

Kove reserves the right to amend or supplement this response as discovery progresses.

**INTERROGATORY NO. 11:**

Separately for each Kove Embodiment, describe in detail on a month-by-month basis and by customer: all revenues, income, sales, and profits generated or realized for licensing, sales, and/or distribution, including but not limited to: the number of products or services used in the United States by You or on Your behalf, the number of products or services sold, leased, licensed, or distributed in the United States by You or on Your behalf, as well as all revenues, costs, profits (gross and net), margins (gross and net), and any other financial benefit You have realized associated with the categories above; the location of the sales according to any and all definitions that You track in Your normal course of business (*e.g.*, the country where the product or service is at the time of sale, the country where the customer or user is signed up, the country where the server is, the country where the company recognizes the revenue), and a description of how You differentiate between U.S. sales and non-U.S. sales for internal or financial reporting purposes. Your answer should include an identification of all documents and communications related to Your answer (by Bates range) and the persons most knowledgeable about Your answer.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to its general objections, Kove objects to Amazon's request for Kove to search, identify, and catalogue document productions, communications, or things as an improper request for work product and an overbroad and unduly burdensome request to, for example, marshal evidence to which Amazon or its counsel also has equal access. Kove further objects to this Interrogatory as being compound and containing multiple subparts.

Kove further objects to this Interrogatory on the grounds that it is vague, unclear and ambiguous, unduly broad and burdensome, and disproportionate, including, without limitation,

4

with respect to its use of the term "all documents and communications related to Your answer." Kove also specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception.

Kove also objects to this Interrogatory as premature to the extent it seeks Kove's expert opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules, and any applicable procedures, laws, or Court orders.

Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Subject to the foregoing general and specific objections, Kove responds as follows:

There was no licensing, sale, or distribution of any Kove Embodiment, and thus there are no associated revenues, income, sales, or profits associated with any licensing, sales, and/or distribution of any Kove Embodiment.

John Overton is knowledgeable about Kove's answer.

Kove reserves the right to amend or supplement this response as discovery progresses.

**INTERROGATORY NO. 12:**

Describe each customer and target customer of each Kove Embodiment, including an identification of each customer, a description of the relationship with the customer (including the start and end dates of the relationship and an identification of meetings and communications), and whether the customer used or bought a Kove Embodiment, including in the course of a beta or test deployment. Your answer should include an identification of all documents and communications related to Your answer (by Bates range) and the persons most knowledgeable about Your answer.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to its general objections, Kove objects to Amazon's request for Kove to search, identify, and catalogue document productions, communications, or things as an improper request for work product and an overbroad and unduly burdensome request to, for example, marshal evidence to which Amazon or its counsel also has equal access. Kove further objects to this Interrogatory as being compound and containing multiple subparts.

Kove further objects to this Interrogatory on the grounds that it is vague, unclear and ambiguous, unduly broad and burdensome, and disproportionate, including, without limitation, with respect to its use of the term "target customer," "a description of the relationship with the customer (including the start and end dates of the relationship and an identification of meetings and communications)," "beta or test deployment," and "all documents and communications related to Your answer." Kove also specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception.

Kove also objects to this Interrogatory as premature to the extent it seeks Kove's expert opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules, and any applicable procedures, laws, or Court orders.

Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Subject to the foregoing general and specific objections, Kove responds as follows:

There were no customers for any Kove Embodiment. Kove Embodiments were marketed to a variety of companies, including technology companies and financial institutions.

Pursuant to Federal Rule of Civil Procedure 33(d), Kove identifies the following documents: KOV_00029087; KOV_00029148; KOV_00030755; KOV_00030782; KOV_00034357; KOV_00034383; KOV_00034437; KOV_00042621; KOV_00042652; KOV_00042667; KOV_00052861; KOV_00052896; KOV_00052921; KOV_00052947; KOV_00053052; KOV_00053105; KOV_00053131; KOV_00053165; KOV_00053232; KOV_00053257; KOV_00053282; KOV_00053308; KOV_00053361; KOV_00053382; KOV_00053407; KOV_00053432; KOV_00053457; KOV_00053478; KOV_00053499; KOV_00053522; KOV_00053543; KOV_00055337; KOV_00054212; KOV_00054233; KOV_00055060; KOV_00055073; KOV_00055088; KOV_00055410; KOV_00055443; KOV_00055468; KOV_00055760; KOV_00055783; KOV_00055802; KOV_00055839; KOV_00055862; KOV_00055882; KOV_00056180; KOV_00057810.

John Overton is knowledgeable about Kove's answer.

Kove reserves the right to amend or supplement this response as discovery progresses.

**INTERROGATORY NO. 13:**

Identify all persons with any ownership interest related to the Asserted Patents or this lawsuit, including a detailed description of the nature, extent, and dates of the ownership interest. Your answer should include an identification of all documents and communications related to Your answer (by Bates range) and the persons most knowledgeable about Your answer.

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to its general objections, Kove objects to Amazon's request for Kove to search, identify, and catalogue document productions, communications, or things as an improper request for work product and an overbroad and unduly burdensome request to, for example, marshal evidence to which Amazon or its counsel also has equal access. Kove further objects to this

Interrogatory as being compound and containing multiple subparts.

Kove further objects to this Interrogatory on the grounds that it is vague, unclear and ambiguous, unduly broad and burdensome, and disproportionate, including, without limitation, with respect to its use of the term "all persons with any ownership interest related to the Asserted Patents or this lawsuit," "a description of the relationship with the customer (including the start and end dates of the relationship and an identification of meetings and communications)," "a detailed description of the nature, extent, and dates of the ownership interest," and "all documents and communications related to Your answer." Kove also specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception.

Kove also objects to this Interrogatory as premature to the extent it seeks Kove's expert opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules, and any applicable procedures, laws, or Court orders.

Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate, including, without limitation "any ownership interest related to . . . this lawsuit."

Subject to the foregoing general and specific objections, Kove responds as follows:

Kove identifies, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the documents beginning with the following Bates stamps: KOV_00000001; KOV_00000002; KOV_0000009; KOV_00000014; KOV_00000015; KOV_0000019; KOV_00000022; KOV_00000026; KOV_00000034; KOV_00000048; KOV_00000078; KOV_00000086; KOV_00000098; KOV_00000137; KOV_00000155; KOV_00000219; KOV_00000232;

KOV_00000811; KOV_00005873; KOV_00005888; KOV_00009947; and KOV_00009956.

John Overton is knowledgeable about Kove's answer.

Kove reserves the right to amend or supplement this response as discovery progresses.

**INTERROGATORY NO. 14:**

Identify all financing, fee, or contingency arrangements related to the Asserted Patents or this lawsuit, including the identity of any investors or funders of Kove's participation in this lawsuit. Your answer should include an identification of all documents and communications related to Your answer (by Bates range) and the persons most knowledgeable about Your answer.

**RESPONSE TO INTERROGATORY NO. 14:**

In addition to its general objections, Kove objects to Amazon's request for Kove to search, identify, and catalogue document productions, communications, or things as an improper request for work product and an overbroad and unduly burdensome request to, for example, marshal evidence to which Amazon or its counsel also has equal access. Kove further objects to this Interrogatory as being compound and containing multiple subparts.

Kove further objects to this Interrogatory on the grounds that it is vague, unclear and ambiguous, unduly broad and burdensome, and disproportionate, including, without limitation, with respect to its use of the term "all documents and communications related to Your answer." Kove also specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception.

Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation. *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 742 (N.D. Ill. 2014) (Documents evidencing structure and terms of third-

9

party funding were not relevant, and thus not discoverable).  Kove further objects to this Interrogatory as being unduly broad, unduly burdensome, and disproportionate, including, without limitation "all financing, fee, or contingency arrangements related to the Asserted Patents or this lawsuit, including the identity of any investors or funders of Kove's participation in this lawsuit."

On the basis of the foregoing specific and general objections, Kove declines to provide a response to this Interrogatory.

| Dated: June 19, 2020 | Respectfully submitted, |
|---|---|
| | */s/ Jaime F. Cardenas-Navia*<br>Jaime F. Cardenas-Navia |
| | Renato Mariotti (State Bar No. 6323198)<br>rmariotti@thompsoncoburn.com<br>Thompson Coburn LLP<br>55 E. Monroe St., 37th Floor<br>Chicago, IL 60603<br>Telephone: (312) 346-7500<br>Telecopier: (312) 580-2201 |
| Sarah O. Jorgensen (*pro hac vice*)<br>sjorgensen@reichmanjorgensen.com<br>Reichman Jorgensen LLP<br>1201 West Peachtree, Suite 2300<br>Atlanta, GA 30309<br>Telephone: (404) 609-1040<br>Telecopier: (650) 623-1449 | Courtland L. Reichman (*pro hac vice*)<br>creichman@reichmanjorgensen.com<br>Shawna Ballard (*pro hac vice*)<br>sballard@reichmanjorgsensen.com<br>Jennifer P. Estremera (*pro hac vice*)<br>jestremera@reichmanjorgensen.com<br>Joachim B. Steinberg (*pro hac vice*)<br>jsteinberg@reichmanjorgensen.com |
| Christine E. Lehman (*pro hac vice*)<br>clehman@reichmanjorgensen.com<br>Reichman Jorgensen LLP<br>818 Connecticut Ave NW, Suite 850<br>Washington, DC 20006<br>Telephone: (202) 894-7310<br>Telecopier: (650) 623-1449 | Michael G. Flanigan (*pro hac vice*)<br>mflanigan@reichmanjorgensen.com<br>Kate Falkenstien (*pro hac vice*)<br>kfalkenstien@reichmanjorgensen.com<br>Reichman Jorgensen LLP<br>100 Marine Parkway, Suite 300<br>Redwood Shores, CA 94065<br>Telephone: (650) 623-1401<br>Telecopier: (650) 623-1449 |
| Khue V. Hoang (*pro hac vice*)<br>khoang@reichmanjorgensen.com<br>Jaime F. Cardenas-Navia (*pro hac vice*)<br>jcardenas-navia@reichmanjorgensen.com<br>Michael Marvin (*pro hac vice*)<br>mmarvin@reichmanjorgensen.com<br>Rahul Sarakar (*pro hac vice*)<br>rsarkar@reichmanjorgensen.com<br>Reichman Jorgensen LLP<br>750 Third Avenue, Suite 2400<br>New York, NY 10017<br>Telephone: (212) 381-1965<br>Telecopier: (650) 623-1449 | |
| | **ATTORNEYS FOR PLAINTIFF KOVE IO, INC.** |

# VERIFICATION

I verify that I have reviewed the above responses, which are true to the best of my knowledge, information, and belief. I verify that Kove IO, Inc. ("Kove") collected factual information in the above responses from documents in the possession, custody, or control of Kove, or from persons with personal knowledge of the subject matter of the response, and with the assistance of counsel representing Kove. I am informed and believe that the matters stated herein are true and correct, and on that basis verify the response on behalf of Kove. To the extent Kove based the above responses on information collected from others, I verify not on personal knowledge, but on information and belief. I am authorized to make this verification for and on behalf of Kove. I declare under penalty of perjury that the foregoing is true and correct.

By: John Overton
Date: June 19, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2020, Kove's Responses and Objections to Amazon's Second Set of Interrogatories (Nos. 10-14) was served on counsel of record via email.

*/s/ Jaime F. Cardenas-Navia*
Jaime F. Cardenas-Navia
