# EXHIBIT 8



Jaime Cardenas-Navia
Direct Dial: (646) 921-1474
jcardenas-navia@reichmanjorgensen.com

750 Third Avenue
Suite 2400
New York, NY 10017

October 12, 2020

**By E-Mail**

Tim Barron
Jenner & Block LLP
353 North Clark St.
Chicago, IL 60654
tbarron@jenner.com

      RE:    *Kove IO, Inc. v. Amazon Web Services, Inc.*, Case No. 18-cv-8175 (N.D. Ill.)

Tim,

      I write in response to your letter dated September 3, 2020 requesting a supplemental response to Interrogatory 14 and documents responsive to Requests 34 and 45 (collectively "Requests"). Specifically, Interrogatory 14 seeks information regarding any "financing, fee, or contingency arrangements related to the Asserted Patents or this lawsuit, including the identity of any investors or funders of Kove's participation in this lawsuit." Likewise, Request 45 seeks "[d]ocuments or correspondence concerning" the same. Request 34, however, seeks "[a]ll documents related to any communications between Kove and . . . third parties related to the Patents-in-Suit, this Action, or Amazon." Although Kove has produced documents responsive to Request 34, AWS appears to seek additional production, including "third-party communications with litigation investors or funders."

      As we indicated in our previous correspondence, litigation funding information is simply not relevant to any claim or defense in this case. In your letter, you rely on Southern District of California case law to argue that such information is "discoverable in patent litigation." We disagree. The Northern District of Illinois has repeatedly recognized that "litigation funding information is generally irrelevant to proving the claims and defenses in a case." *Fulton v. Foley*, No. 17-CV-8696, 2019 WL 6609298, at *2 (N.D. Ill. Dec. 5, 2019) (collecting cases). Moreover, "discovery issues are generally case-specific," *id.* at *2, and your letter fails to identify any specific claims or defenses to which litigation funding information could be relevant. As AWS has not provided a "meaningful explanation to satisfy the requirement of relevancy," *Art Akiane LLC. v. Art & Soulworks LLC*, No. 19 C 2952, 2020 WL 5593242, at *6 (N.D. Ill. Sept. 18, 2020), Kove maintains its objections to the Requests to the extent they seek litigation funding information.

      Similarly, the Requests seek information regarding any "fee[] or contingency arrangements related to the Asserted Patents." But information regarding fee arrangements is similarly not relevant here and therefore equally not discoverable. *See, e.g.*, *Pizel v. Monaco Coach Corp.*, 224 F.R.D. 642, 644 (N.D. Ind. 2004) (denying a motion to compel and granting a protective order barring discovery of fee-arrangement documents because the fee arrangement was not relevant to any issue in the case); *see also Sullivan v. Conway*, No. 93 C 4947, 1995 WL 573421, at *4 (N.D.

Page 2

Ill. Sept. 27, 1995).  Given AWS's failure to articulate any claim or defense to which fee arrangements could be relevant, Kove maintains its objections to the Requests to the extent they seek fee arrangement information and declines to make productions accordingly.

Sincerely,

*[signature]*

Jaime Cardenas-Navia