# Exhibit A

| | |
|---|---|
| Kove IO, Inc., | Civil Action No. 1-18-cv-08175 |
| Plaintiff, | Hon. R. Pallmeyer<br>Action Filed: Dec. 12, 2018 |
| v. | **JURY TRIAL DEMANDED** |
| Amazon Web Services, Inc., | |
| Defendant. | |

## PLAINTIFF KOVE IO, INC.'S
## INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)

Plaintiff Kove IO, Inc ("Plaintiff" or "Kove"), by its undersigned counsel, hereby submits

the following initial disclosures to Defendant Amazon Web Services, Inc. ("Defendant" or

"Amazon"), pursuant to Fed. R. Civ. P. 26(a)(1).[1] Kove makes these initials disclosures based on

information now reasonably available to Kove, and reserves all rights, consistent with Rule

26(e), to modify, supplement, correct, clarify, or otherwise amend the disclosures made herein as

additional evidence and information becomes available. These initial disclosures are made

expressly subject to and without waiving any applicable privileges or exemptions from discovery

including, without limitation, the attorney-client privilege, the investigative privilege, and the

work product doctrine.

Subject to the foregoing, Kove provides the following information:

**A.      Individuals Likely to Have Knowledge Pursuant to Rule 26(a)(1)(A)(i)**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), Kove identifies the following persons as

having or potentially having knowledge of facts related to the issues in this case. Kove's

---

[1] Per Court order (Dkt. No. 41), all discovery relating to the Local Patent Rules have been stayed.

investigation is ongoing. Kove has conducted a diligent and good faith investigation to identify persons with relevant knowledge that Kove may use to support its claims or defenses. Any Kove employees who are listed should be contacted only through Kove's counsel. This identification of persons, however, is not intended to foreclose the identification of any other persons, including experts and other potential witnesses/custodians. Accordingly, Kove reserves the right to identify additional individuals at a later date. In making these disclosures, Kove does not waive its right to object, pursuant to the applicable Local and Federal Rules, to the deposition testimony of the individuals listed below.

| Name | Contact Information | Subject Matter |
|---|---|---|
| John Overton, Chief Executive Officer, Kove | Contact Kove's counsel of record. | Dr. Overton is a named inventor on U.S. Patent Nos. 7,814,170; 7,103,640; and 7,233,978. Dr. Overton may have knowledge relating to conception and reduction to practice, design, development, ownership, or sales relating to the patents-in-suit. |
| Stephen W. Bailey | Contact Kove's counsel of record. | Dr. Bailey is a named inventor on U.S. Patent Nos. 7,814,170; 7,103,640; and 7,233,978. Dr. Bailey may have knowledge relating to conception and reduction to practice, design, development, ownership, or sales relating to the patents-in-suit. |
| Amazon's former and current employees | The address and telephone number of these witnesses are or should be known to Amazon. | Amazon's former and current employees may have discoverable information or knowledge regarding design, development, structure, function, manufacture, operation, sale, use, distribution, benefits, impact on the relevant market, product marketing, and product development timeline |

| Name | Contact Information | Subject Matter |
|---|---|---|
| | | of the accused infringing products and services, including Amazon DynamoDB and Amazon Simple Storage Services (S3). |
| All individuals identified in Amazon's initial disclosures | | All persons identified in Amazon's initial disclosures may have material knowledge of facts relevant to the issues in this case. |

**B.** **Description by Category and Location of Documents, Electronically Stored Information, and Tangible Things Pursuant to Rule 26(a)(1)(A)(ii)**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), Kove provides the following descriptions, category and location, of non-privileged documents, electronically-stored information, and tangible things within its possession, custody, or control from which a subset of documents or things may be relevant and that Kove may use to support its claims or defenses:

1.  The complaint and its related exhibits;

2.  U.S. Pat. No. 7,814,170 ("'170 patent"); U.S. Pat. No. 7,103,640 ("'640 patent"); U.S. Pat. No. 7,233,978 ("'978 patent");

3.  Documents relating to the prosecution history of the '170, '640, and '978 patents; and

4.  Documents relating to the conception and reduction to practice of the '170, '640, and '978 patents.

The foregoing documents are located at Kove, 14 North Peoria Street Suite 2H, Chicago, Illinois 60607; and/or Reichman Jorgensen, LLP, 303 Twin Dolphin Dr. Suite 600 Redwood Shores, CA 94065.

**C.** **Computation of Damages Pursuant to Rule 26(a)(1)(A)(iii)**

Kove seeks damages in an amount adequate to compensate Kove for Amazon's infringement of the patents-in-suit at such time as Amazon ceases its infringing conduct, including

damages in the form of a reasonable royalty under 35 U.S.C. § 284. Insofar as the Court does not enter a permanent injunction, Kove seeks a compulsory forward royalty. Kove also seeks an accounting of damages. Kove will provide a detailed computation of damages after damages-related discovery is made available by Amazon and after such information has been evaluated by an expert. No computation of damages has yet been made or claimed. Kove awaits sales and profit information from Amazon concerning the accused infringing products and services.

In accordance with Fed. R. Civ. P. 26(a)(1)(E), a party's initial disclosures are based on information reasonably available to it. The calculation of Kove's damages depends on information that is not in Kove's possession.  Kove anticipates discovery regarding the following and other matters with respect to the computation of the damages due to Kove that includes, for example: (i) the extent of Amazon's infringement of the patents-in-suit and its impact, (ii) Amazon's financial and sales data, (information relating to the value, benefit, sales and profit that Amazon derived from the infringing features of the accused infringing products and services, including Amazon DynamoDB and Amazon S3), and (iii) the extent to which Amazon's infringement drives or assists Amazon in the sale of non-patented features and products.

Moreover, damages computations will be the subject of expert testimony. Further, the damages, costs and attorneys' fees due to Kove will continue to accrue during the course of this litigation making the computation premature. Accordingly, it is premature for Kove to calculate damages at this stage of the litigation. Kove will disclose its specific computation of damages in the context of and at the time the disclosure of expert testimony in accordance with Rule 26(a)(2).

D.      **Indemnity and Insurance Agreements Pursuant to Rule 26(a)(1)(A)(iv)**

Kove is currently not aware of any indemnity and/or insurance agreement under which any person or entity carrying on an insurance business may be liable to satisfy part of all of a

judgment entered in this action or to indemnify or reimburse for payments made to satisfy the

judgment.

Dated: April 19, 2019

Respectfully submitted,

/s/     Michael Flanigan
Michael Flanigan

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
Thompson Coburn LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500
Telecopier: (312) 580-2201

Sarah O. Jorgensen (*pro hac vice*)
sjorgensen@reichmanjorgensen.com
Reichman Jorgensen LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (650) 623-1403
Telecopier: (650) 623-1449

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Jennifer P. Estremera (*pro hac vice*)
jestremera@reichmanjorgensen.com
Phillip Lee (*pro hac vice*)
plee@reichmanjorgensen.com
Joachim B. Steinberg (*pro hac vice*)
jsteinberg@reichmanjorgensen.com
Michael G. Flanigan (State Bar No. 6309008)
mflanigan@reichmanjorgensen.com
Kate M. Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
Reichman Jorgensen LLP
303 Twin Dolphin Drive, Suite 600
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Reichman Jorgensen LLP
100 Park Avenue, Suite 1600
New York, NY 10017
Telephone: (646) 921-1474
Telecopier: (650) 623-1449

**ATTORNEYS FOR PLAINTIFF**
**KOVE IO, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 19, 2019, I caused a true and correct copy

of the foregoing Plaintiff Kove IO, Inc.'s Initial Disclosures to be electronically served upon the

parties and pursuant to Federal and local rules by electronic mail, at the addresses below:

Terri L. Mascherin
Michael Babbitt
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312 222-9350
Facsimile: 312 527-0484
tmascherin@jenner.com
mbabbitt@jenner.com
mwerner@jenner.com

Adam Unikowsky (pro hac vice)
JENNER & BLOCK LLP
1099 New York Ave, NW
Washington, DC 20016
Telephone: 212 639-6041
Facsimile: 202 661-4925
aunikowsky@jenner.com

*Attorneys for Defendant Amazon Web
Services, Inc.*

/s/      *Michael Flanigan*