# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., | Civil Action No. 1:18-cv-08175 |
| Plaintiff, | Hon. Rebecca R. Pallmeyer |
| v. | Jury Trial Demanded |
| Amazon Web Services, Inc., | |
| Defendant. | |

**KOVE IO, INC.'S OPPOSITION TO AMAZON WEB SERVICES, INC.'S MOTION FOR LEAVE TO AMEND ITS FINAL INVALIDITY CONTENTIONS**

Plaintiff Kove IO, Inc. ("Kove") submits this brief in opposition to Defendant Amazon Web Services, Inc's ("AWS") Motion to Amend Its Final Invalidity Contentions (Dkt. 216, the "Motion").

## I.     INTRODUCTION

Months after serving its Second Amended Final Invalidity Contentions, AWS finally seeks the Court's permission to substantively amend. AWS has not shown good cause, diligence, and the absence of prejudice required to amend — a particularly difficult showing when seeking to submit new prior art that has been around for over a decade, nine months after final invalidity contentions were first due. AWS has demonstrated no good cause to amend — it offers no explanation of why it realized only now that it wanted to assert additional prior art. It has demonstrated no diligence in seeking amendment, having offered no evidence of its efforts to diligently discover the prior art and having waited more than four months since it first mentioned the prior art, and nine months after final invalidity contentions were due, to seek leave. And it has not demonstrated a lack of prejudice to Kove, given the substantive shift in AWS's positions reflected in its proposed amendments, that claim construction briefing already is under way, the need for additional discovery on the new prior art and new theories, and the very limited remaining time to take any such discovery.

In any event, AWS cannot amend its invalidity contentions when its proposed amendments continue to violate the Local Patent Rules for all the reasons explained in Kove's accompanying Motion to Strike. AWS's proposed amendment only exacerbates the problems with its Second Amended Final Invalidity Contentions served in July. The proposed new invalidity charts add *even more* new references, and they do nothing to address the ways that the prior invalidity contentions already violated the Local Patent Rules. AWS was supposed to amend its contentions to fix those problems by *reducing* the number of asserted references. An

2

amendment that adds references and only *compounds* those flaws is not warranted.

## II. FACTS

AWS served its Final Invalidity Contentions in February 2020, and its First Amended Final Invalidity Contentions ("FAFIC") in June 2020. AWS then attempted to serve Second Amended Final Invalidity Contentions ("SAFIC") in July 2020. Kove has separately moved to strike the SAFIC for lack of compliance with the Local Patent Rules, and portions of the FAFIC that violate the Court's Local Patent Rules. *See* Motion to Strike, Dkt. 200.

When AWS responded to the Motion to Strike, it also filed a Motion to Amend. *See* Dkt. 216. It is somewhat ambiguous what version of its invalidity contentions AWS seeks to use in its Motion to Amend. AWS attaches proposed amended invalidity charts to its brief, *see* Dkt. 217-3, but it does not attach any new version of the invalidity contentions to which the invalidity charts would be attached. Kove assumes that AWS intends to use the version of its invalidity contentions from its SAFIC, replacing the charts with the ones attached to the Motion to Amend. But it is unclear. What it has attached are not, in any event, complete invalidity charts.

The substantive changes in the SAFIC are discussed at length in the parties' briefing on the Motion to Strike. The new invalidity charts attached to the Motion to Amend, however, add even more new references beyond the SAFIC. Taking as one example AWS's proposed amendments to its invalidity chart against the '170 patent based on DNS, that chart contains changes on nearly every claim, adding new quotations from the Albitz and Liu reference and citations to previously undisclosed BIND 8.1 source code. *See, e.g.*, Dkt. 217-3, Ex. 1A, at 3-23. AWS proposes to make similar changes to its other charts as well.

## III. ARGUMENT

### A. AWS Does Not Meet The Requirements For Amendment.

Local Patent Rule 3.4 sets out three requirements for leave to amend invalidity contentions: good cause, the absence of prejudice, and diligence in promptly seeking amendment. *See* Local Patent Rule 3.4 (allowing amendment by Court order "upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the basis for the amendment"); *Sonix Tech. Co. v. Publications Int'l, Ltd.*, 2015 WL 4730155, at *4 (N.D. Ill. Aug. 10, 2015). The purpose of these requirements is "to prevent a 'shifting sands' approach to claim construction by forcing the parties to 'crystallize their theories of the case early in litigation.'" *Fujitsu Ltd. v. Tellabs Operations, Inc.*, 2012 WL 5444979, at *4 (N.D. Ill. Mar. 21, 2012) (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed.Cir.2006)); *Sloan Valve Co. v. Zurn Indus., Inc.*, 2012 WL 6214608, at *2 (N.D. Ill. Dec. 13, 2012) (same). The amending party bears the burden of showing that the requirements of Rule 3.4 are met. *Fujitsu*, 2012 WL 5444979, at *6.

AWS has not met its burden on any of the three requirements. There is no good cause for AWS's belated addition of new invalidity positions, AWS did not diligently and promptly seek to amend, and Kove would be prejudiced by the belated amendment.

1. **Good Cause**

On the first prong, "[t]o demonstrate good cause to amend invalidity or infringement contentions, a party must demonstrate that it acted diligently and that the accused infringer would suffer no unfair prejudice if [it] were permitted to amend." *Peerless Indus., Inc. v. Crimson AV, LLC*, 2013 WL 6197096, at *5 (N.D. Ill. Nov. 27, 2013). "'[G]ood cause requires more than a showing that new information has been revealed in discovery.'" *Peerless*, 2013 WL 6197096, at *5 (quoting *Fujitsu*, 2012 WL 5444979, at *6). There is no good cause to amend invalidity contentions where the movant seeks merely to change "the consequences of the

strategic decisions they and their lawyers make." *R-Boc Representatives, Inc. v. Minemyer*, 66 F. Supp. 3d 1124, 1126 (N.D. Ill. 2014) (noting that "strategic decisions made in litigation . . . have consequences. And those who make them may not blithely act as though they had never been made.")

AWS claims that it has good cause to amend because its amendment merely "clarified the precise version of DNS it is relying on, in response to Kove's stated concern that this information was missing." AWS's Mem. in Opp. to Kove's Mot. to Strike ("Opp."), Dkt. 217, at 9; *see also id.* (claiming that "the parties are not relying on any new references"). To the contrary, as explained in Kove's reply brief in support of its Motion to Strike, filed herewith, AWS's amendment did not clarify its positions but rather added entirely new ones, and it still failed to fix the same violations of the Local Patent Rules that Kove raised with regard to AWS's earlier contentions. The Court need only reach this Motion to Amend after finding that AWS's SAFIC made substantive changes rather than clarifications, thus exceeding the scope of what the Court authorized in its July order permitting AWS to clarify its prior contentions. If the Court believes additional leave to amend is necessary, it has already *rejected* AWS's argument that its amendments are mere clarifications. The question in this motion is whether AWS has good cause to make substantive changes.

AWS offers only one reason why it would have good cause to make *substantive* changes to its invalidity positions: it claims that allowing amendment will avoid a later dispute over whether AWS's forthcoming expert reports exceed the bounds of its invalidity contentions. *See* Opp. at 9. This is hardly a "good cause" to amend. Were it so, every amendment would constitute good cause. A litigant need only make vague allegations in its invalidity chart, only to shift field later and add additional references by claiming it would head off later disputes.

5

Besides, AWS's argument is only about *deciding* this dispute over the scope of its invalidity contentions — not necessarily deciding it in AWS's favor. That is, a ruling in *either* party's favor will clarify whether or not AWS can raise its preferred arguments in its expert report. Far from "precipitat[ing] more disputes" during expert discovery, denying amendment would provide clarity; it would limit the theories AWS could rely upon in its expert report to those properly disclosed in the FAFIC, less any positions stricken for noncompliance with the Local Patent Rules.

It was AWS's burden to show good cause for its shifting positions — which requires more than a desire to change strategies. *See Boc Representatives, Inc.*, 66 F. Supp. 3d at 1126. It appears that AWS's amendment was triggered by its loss in its IPR proceedings, leading it to realize that the lone DNS reference in its FAFIC (the RFC1034 reference) would be insufficient prior art. But the fact that AWS's disclosed invalidity positions did not prevail in the IPR proceedings does not constitute good cause. AWS made a strategic decision about what prior art to assert, and nothing warrants allowing it to undo its decision.

### 2. Diligence

The second prong of the test for amendment requires AWS to show that it acted diligently. "Diligence consists of two steps: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Adv. Micro Devices, Inc. v. LG Elecs., Inc.*, 2017 WL 2774339, at *2 (N.D. Cal. June 26, 2017) (internal quotation marks and quotation omitted). "In showing diligence, the relevant inquiry is not when the party learned about the information, but when it could have made the discovery." *Sloan Valve Co. v. Zurn Indus., Inc.*, 2013 WL 6132598, at *2 (N.D. Ill. Nov. 20, 2013). "A party's failure to discover materials in its own possession sooner leans in

6

favor of finding that it was not diligent." *In re Koninklijke Philips Patent Litig.*, 2019 WL 2359206, at *2 (N.D. Cal. June 4, 2019). A delay of even a few months in seeking leave to amend demonstrates that a party has not acted diligently. *See, e.g.*, *Sloan Valve Co.*, 2013 WL 6132598, at *2 (holding that defendant had not shown "that it sought leave to add these invalidity contentions 'promptly upon discovery of the basis for the amendment'" because it filed the motion "nearly four months later" and "only did so in response to [Plaintiff's] motion for summary judgment") (quotation omitted); *Waters Indus., Inc. v. JJI Int'l, Inc.*, 2012 WL 5966534, at *3 (N.D. Ill. Nov. 28, 2012) (finding motion untimely because of a seven-month delay).

  Here, AWS has shown diligence neither in discovering the basis for amendment nor in seeking amendment. Indeed, the portion of AWS's brief addressing leave to amend, Opp. at 9-11, does not even directly address the diligence prong of the governing standard. AWS never asserts that it only recently discovered the new information it moves to add in its amendment. It offers no explanation why it could not have disclosed the new references and expanded description of its system references sooner. That silence alone is dispositive because the burden here is on AWS to show diligence.

  In any event, the facts demonstrate that AWS acted diligently neither in discovering the basis for its amendment nor in moving to amend. Regarding discovering the basis for amendment, AWS offers no explanation of how it discovered the new references it intends to add, including the BIND source code, the Albitz and Liu reference, and the other changes in the SAFIC discussed in the briefing on the Motion to Strike. Indeed, these references date back to at least 1998. *See* Dkt. 200-8 (SAFIC) at 5 (disclosing new Albitz and Liu book published in 1998). AWS never asserts that it previously lacked access to these materials, or that it did not

know they existed. Once AWS lost its IPR petition, it was able to find the new references in a matter of weeks, emailing a draft of the new references to Kove two days after the IPR decision. *See* Dkt. 200-6. AWS had an obligation to act with diligence all along, not just when its planned theory failed.[1] The desire to try a new strategy is not good cause, and disclosing a new strategy only when the prior one failed is not diligence.

Nor did AWS act diligently *after* it admittedly knew about the new references. AWS first sent Kove a draft of its proposed changes to the description of the DNS prior art system in June, adding a discussion of later versions of DNS and BIND. *See* Dkt. 200-6. Kove explicitly told AWS that its proposed substantive amendments would require leave of Court: Kove explained that "Amazon appears to be taking the request to reduce it[s] reference count as an opportunity to swap in brand new references. In particular, your proposal to add in new DNS-related references is not permitted under the [Local Patent Rules]. . . . [T]he [Local Patent Rules] do not permit the introduction of new references at this stage." Dkt. 200-7. But after that discussion, AWS did not file a motion to amend. Instead, AWS stipulated that it would only clarify its *existing* positions and would not add any information that would require leave of Court under Local Patent Rule 3.4. *See* Dkt. 165.

AWS then served amended invalidity contentions introducing new references, just as it

---

[1] At times, AWS appears to claim that it acted diligently *after* Kove alerted it to the shortcomings in its earlier invalidity contentions, and that it is Kove's fault for waiting too long to object to the invalidity contentions. *See, e.g.*, Opp. at 10. But that is not the relevant question for the diligence inquiry. AWS had an obligation to provide adequate invalidity contentions that complied with the Local Patent Rules, and it had to act diligently to do so. It was not Kove's burden to alert AWS to the problems with its contentions or ask AWS to amend. Regardless, AWS did not act promptly even after Kove alerted it to the problems with its FAFIC. Kove first sent AWS a letter about this issue on June 9, 2020, *see* Dkt. 200-2, but AWS waited until October to seek leave to amend — only after it faced a motion to strike for submitting substantively changed contentions without seeking leave first.

had agreed not to do, and despite Kove's clear warning that these substantive amendments would require a motion to amend. In July 2020, after receiving the SAFIC, Kove again wrote to AWS to explain that Local Patent Rule 3.4 requires leave of Court for such substantive amendments to the invalidity contentions. *See* Dkt. 200-10. Even then, AWS did not file a motion to amend. It waited another three months, until it finally was forced to respond to Kove's Motion to Strike. And when AWS did finally file its motion to amend, it made many *more* changes above and beyond what it had proposed in July, with no explanation why it waited even longer to make these additional amendments.

In short, AWS offers no explanation why it could or did discover the information it wishes to add only after Kove flagged this issue. And even then, AWS did not seek leave to amend for four months after Kove first raised these concerns and AWS first suggested it had new references to add. That timeline does not demonstrate the diligence required for amendment. *See, e.g.*, *Sloan Valve Co.*, 2013 WL 6132598, at *2 (denying motion to amend after four-month delay); *Waters Indus., Inc.*, 2012 WL 5966534, at *3 (finding motion untimely because of a seven-month delay).

### 3. **Prejudice**

There is no need to reach the third prong, prejudice, unless the other two prongs are met. Because AWS has not demonstrated diligence, there is no need to even reach the prejudice prong of the test for amendment. "[W]hen the [amending] party is unable to show diligence," the inquiry ends, and "there is 'no need to consider the question of prejudice.'" *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1113 (N.D. Cal. 2017) (quoting *O2 Micro*, 467 F.3d at 1368); *see also Fujitsu*, 2012 WL 5444979, at *7 (noting that "the plain language of

9

Local Patent Rule 3.4" demonstrates that the "failure to establish good cause warrants denial without consideration of any prejudice" to the other party).

However, should the Court reach it, AWS has also failed to show that Kove will not be prejudiced by the amendment. The introduction of a "new theory near the close of fact discovery" is inherently prejudicial. *Fujitsu*, 2012 WL 5444979, at *7 (noting that even figuring out how the new "theory differs from that which [the other party] has proffered before . . . in and of itself creates a problem"). Furthermore, it is especially prejudicial to introduce such theories after the parties have put forward their claim construction positions. *Id.* Here, claim construction briefing already is under way, with AWS having filed its opening brief and Kove's response due within a few weeks. The claim construction briefing will be complete by December, likely before the Court can even adjudicate this motion.

Permitting AWS to amend its invalidity contentions would unfairly prejudice Kove by ambushing it with new theories of invalidity. Addressing these new theories requires additional discovery and investigation, which is all the more prejudicial because the parties are nearing the close of fact discovery. The prejudice is underscored by the seriatim nature of AWS's amendments; not only did AWS attempt to disclose new references this summer, five months after the deadline for final contentions, but it now attempts to add *even more* new references in the invalidity charts it attaches to its Motion to Amend. Requiring Kove to parse the differences between AWS's new theories and its old ones and then develop responses to the new theories is necessarily prejudicial. *See Fujitsu*, 2012 WL 5444979, at *7. That is especially true when the parties are in the middle of claim construction, a process that is supposed to occur seven months or so after the disclosure of final invalidity contentions, in accordance with the Court's Estimated Patent Schedule. *Id.* Moreover, AWS's proposed amendment continues to violate the Local

10

Patent Rules, by exceeding the numerical limits on prior art references and invalidity grounds and failing to identify a particular version of each prior art system upon which it relies. In addition to the belated nature of the amendment, its noncompliance with the Local Patent Rules further prejudices Kove.

AWS offers three responses regarding prejudice, none of which has merit.

First, AWS argues that there is no prejudice because it is not disclosing any new references. *See* Opp. at 9 (claiming that "the parties are not relying on any new references); *id.* at 10 (claiming that "Kove cannot claim any unfair surprise given that AWS explicitly disclosed DNS in its" earlier invalidity contentions). Kove's reply brief in support of the Motion to Strike, filed herewith, explains in detail how the SAFIC in fact add new substantive positions. By AWS's logic, AWS would prevail on the Motion to Strike in the first place, insofar as its amendments only clarify its existing positions. If the Court reaches this Motion to Amend, it necessarily has already concluded — based on the materials filed with the Motion to Strike — that AWS seeks to introduce new positions, requiring leave beyond what was permitted in the July order.

Moreover, AWS's amendments add *even more* new references above and beyond what it added in its SAFIC in July. AWS adds additional quotations from its existing references. *See, e.g.*, Dkt. 217-3 (redlined new charts) at 3-9, 11, 14-15, 21-22. It also adds citations to wholly new references, including BIND source code. *See, e.g.*, *id.* at 3-4 (citing three new source code files, for example "file src/bin/named/db_defs.h"); *id.* at 5 (citing five new source code files); *id.* at 7-8, 10, 11-12, 14-16, 18, 21-23.[2] Kove is clearly prejudiced by the need to review and rebut

---

[2] These examples of new citations come from just one of AWS's invalidity charts (exhibit 1A to the invalidity contentions). The other invalidity charts similarly add many new quotations from existing references and citations to previously undisclosed source code.

dozens of new citations to source code which had previously not served as the basis for any of AWS's invalidity positions.

The prejudice is compounded because the new source code evidence is used to support entirely new *theories*. Most significantly, AWS now uses the BIND 8.1 source code to argue that BIND 8.1 anticipates through its use of hash tables. *See, e.g.*, Dkt. 217-3 at 3-4 (claiming that the source code "contains the definition of the (hash table) structure" and citing specific lines that "define the hash table structure," "define the structure stored in the hash table" and "contain code for looking up and modifying records in the hash table"). This exact language is repeated more than thirty times throughout the new invalidity charts — it is a significant change with far-reaching implications. Before AWS submitted this proposed amendment a few weeks ago, in both its FAFIC and SAFIC, it had been arguing that hash functions were *obvious*, not that DNS or BIND *anticipated* hash functions. *See* Dkt. 200-2 (FAFIC) at 7 (asserting obviousness based on DNS); *id.*, Ex. 1A, at 5 (describing the "obviousness of hash function"); Dkt. 200-8 (SAFIC) at 9 (asserting obviousness based on DNS); *id.*, Ex. 1A, at 6 (describing the "obviousness of hash function"). The argument that BIND *anticipates* hash functions not only relies upon new evidence (the BIND source code) but also uses that evidence to assert an entirely new theory.

Second, AWS argues that any prejudice is Kove's fault because it waited too long to object to AWS's improper invalidity contentions and to file this motion. Opp. at 10. As discussed *supra*, p. 8 n.1, it was AWS's obligation to serve invalidity contentions that complied with the Local Patent Rules, not Kove's obligation to point out AWS's mistakes. And AWS waited more than four months to seek leave to amend even after Kove warned AWS that it would need the Court's leave to add these new substantive positions.

12

Third, AWS argues that discovery is not yet closed, so Kove will not be prejudiced by the need to take additional discovery into AWS's new invalidity theories. Opp. at 9. But the cases AWS relies upon are distinguishable. As AWS admits, three of the four cases it relies upon involve amendments that did not disclose "any new references." *See* Opp. at 9 (citing *Kilopass Tech. Inc. v Sidense Corp.*, 2012 WL 1901198 (N.D. Cal. May 24, 2012); *Immunex Corp. v. Sandoz Inc.*, 2017 WL 8220748 (D.N.J. Oct. 19, 2017)); Opp. at 10 (citing *Theranos, Inc. v. Fuisz Pharma LLC*, 2013 WL 5487356 (N.D. Cal. Oct. 2, 2013)). That is a critical distinction when evaluating prejudice. The addition of new references requires new discovery, which concretely prejudices Kove. Indeed, the *Kilopass* court's leave to amend was expressly conditioned on the fact that the new invalidity contentions did not "'substantially depart' from the original contentions" and "reduce[d] the number of prior art references and the number of prior art combinations asserted." *Kilopass*, 2012 WL 1901198, at *3; *see also Immunex*, 2017 WL 8220748, at *3 (noting that "[c]ourts have allowed amendments when they are based upon previously disclosed, albeit not direct, references"). Here, in contrast, the proposed amendment *adds more* prior art references and substantively departs from the prior contentions.

In the lone case AWS cites involving substantive invalidity amendments, *Oleksy*, the defendant learned new information in a deposition, which alerted it to new invalidity grounds, and it then filed a motion to amend within six weeks. *See Oleksy v. Gen. Elec. Co.*, 2013 WL 3944174, at *2 (N.D. Ill. July 31, 2013). In discussing prejudice, the court emphasized that only three months had passed between the deadline for final invalidity contentions and the motion to amend. *Id.* at *4. Here, in contrast, more than eight months have passed since the deadline for AWS's final invalidity contentions. And in *Oleksy*, there were fourteen months of discovery remaining between the motion to amend and the close of fact discovery, leaving enough time for

13

necessary discovery about the new contentions. *Compare Oleksy*, Motion to Amend, Dkt. 337 (Mar. 14, 2013), *with Oleksy*, Scheduling Order, Dkt. 258 (Nov. 20, 2012) (setting close of fact discovery for May 30, 2013). Here, in contrast, there is only one month available between the filing of the motion to amend and the current close of fact discovery. *Compare* Motion to Amend, Dkt. 216 (Oct. 9, 2020), *with* Amended Scheduling Order, Dkt. 207 (Sep. 18, 2020) (setting current close of fact discovery for November 20, 2020). The contrast between the timeline in *Oleksy* and the timeline here only underscores the prejudice stemming from AWS's belated motion to amend.

### B. AWS's Amendment Should Be Denied Because Its New Contentions Do Not Comply With The Local Patent Rules.

Beyond failing to meet the requirements for amending, AWS's proposed amended invalidity contentions *still* do not comply with the Local Patent Rules. AWS attaches only its invalidity charts, and not the rest of its invalidity contentions, to its Motion to Amend. Kove believes that AWS wishes to amend to use the content from its SAFIC, but with these new invalidity charts substituted for the prior ones. As a threshold matter, what AWS seeks to submit are not even complete invalidity contentions, leaving the Court and Kove to guess what AWS intends to submit later.

It may be that AWS intends to mix and match, taking part of its SAFIC and adding them to the partial *Third* Amended Final Invalidity Contentions it attached to its Motion to Amend. Kove suspects, though it cannot be sure, that AWS's proposed amendment would involve similar content as in the first 38 pages of the SAFIC. *See* Dkt. 200-8. Those contentions do not comply with the Local Patent Rules. Kove's reply brief in support of its Motion to Strike, filed herewith, explains how the SAFIC violate the Local Patent Rules. The same problems require denying the motion to amend; AWS should not be allowed to amend its contentions in ways that violate the

14

Local Patent Rules.

The additional changes that AWS wishes to make to its invalidity charts further violate the Local Patent Rules. For example, the BIND 8.1 source code is not listed on AWS's list of 25 prior art references in the SAFIC. Its addition through the new invalidity charts further exceeds the 25-reference limit. As another example, anticipation by DNS or BIND is not included on the list of four permitted prior art grounds for claims 1, 2, or 12 of the '170 patent. *See* Dkt. 200-8 at 9 (asserting only obviousness). But AWS's proposed amendment adds arguments that the BIND source code anticipates hash functions, in response to those specific claims. *See* Dkt. 217-3 at 3, 5, 7-8, 10, 11-12, 14-15 (claim 1); *id.* at 15-16 (claim 2); *id.* at 22-23 (claim 12).[3] This use of the invalidity charts to exceed the list of four grounds per claim violates the limitation in Patent Local Rule 3.1(b).

## IV. CONCLUSION

For the foregoing reasons, Kove respectfully request that the Court deny AWS's belated Motion to Amend its invalidity contentions a third time.

---

[3] The same is true for claim 24 of the '640 patent, *compare* Dkt. 200-8 at 11 (listing only obviousness), *with* Dkt. 217-3 at 14 (asserting anticipation of hash functions based on new BIND source code), as well as claim 24 of the '978 patent, *compare* Dkt. 200-8 at 14 (listing only obviousness), *with* Dkt. 217-3 at 18-23, 25 (asserting anticipation of hash functions based on new BIND source code).

Dated: November 6, 2020

Sarah O. Jorgensen (*pro hac vice*)
sjorgensen@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (404) 609-1040
Telecopier: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
1615 M Street, NW, Suite 300
Washington, DC 20036
Telephone: (202) 894-7310
Telecopier: (650) 623-1449

Khue Hoang (*pro hac vice*)
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Wesley White (*pro hac vice*)
wwhite@reichmanjorgensen.com
Rahul Sarkar (*pro hac vice*)
rsarkar@reichmanjorgensen.com
Michael W. Marvin (*pro hac vice*)
mmarvin@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965
Telecopier: (650) 623-1449

Respectfully submitted,

*/s/ Courtland L. Reichman*

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
Holly H. Campbell (State Bar No. 6320395)
hcampbell@thompsoncoburn.com
THOMPSON COBURN LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Shawna L. Ballard
(Identification No. 155188)
sballard@reichmanjorgensen.com
Jennifer P. Estremera (*pro hac vice*)
jestremera@reichmanjorgensen.com
Michael G. Flanigan (State Bar No. 6309008)
mflanigan@reichmanjorgensen.com
Kate M. Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

*Attorneys for Kove IO, Inc.*

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and exact copy of the foregoing, and all exhibits thereto, was filed electronically on November 6, 2020, with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all registered counsel of record or was emailed to all registered counsel of record.


               */s/ Holly Campbell*
                 Holly H. Campbell