# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., | Civil Action No. 1:18-cv-08175 |
| Plaintiff, | Hon. Rebecca R. Pallmeyer |
| v. | Jury Trial Demanded |
| Amazon Web Services, Inc., | |
| Defendant. | |

## KOVE IO, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE AMAZON WEB SERVICES, INC.'S INVALIDITY CONTENTIONS

Plaintiff Kove IO, Inc. ("Kove") submits this reply brief in support of its Motion to Strike Defendant Amazon Web Services, Inc's ("AWS") Invalidity Contentions (Dkt. 200, the "Motion to Strike" or "Mot.").

## I.    <u>INTRODUCTION</u>

AWS's invalidity theories continue to morph and change long after the deadlines. The parties are in the middle of claim construction briefing — months after the deadline for AWS's invalidity contentions — and AWS seeks to change its references and theories yet again even now. It has had three bites at the apple, and now seeks a fourth.

When AWS submitted its first invalidity contentions in February 2020, Kove pointed out how they were deficient and AWS had to amend. AWS's second invalidity contentions (called the "FAFIC") were in violation of the rules in multiple ways. Kove pointed this out, and AWS agreed to fix them again. The parties entered a stipulation that forbid AWS from substantively changing its contentions or adding prior art references. This stipulation was signed by the Court. AWS then submitted its third invalidity contentions (called the "SAFIC"), which violated the rules yet again by expanding the prior art references. Indeed, its third contentions even include a brand new book that is cited repeatedly, and relies on general categories of prior art (as opposed to specific references) in violation of the rules. When Kove filed the present Motion to Strike pointing out AWS never sought leave to file new contentions, AWS filed a motion to amend seeking to change its contentions a fourth time. There is no cause for this fourth amendment, which is nine months late and after claim construction briefing has begun, as Kove argues in its separate opposition to the motion to amend.

This Motion to Strike concerns AWS's second and third invalidity contentions. The third contentions (the "SAFIC") violate the rules by adding references not previous disclosed in violation of the Court's order, by presenting more than four invalidity grounds per claim in

1

violation of the local rules, and by including vague catchall categories in violation of the case law.

If the third attempt (the "SAFIC") is stricken, that leaves AWS with its previous version (the "FAFIC"). Parts of the FAFIC violate the rules and therefore should be stricken. Those contentions exceeded the permitted number of prior art references and theories and included vague catchall prior art systems that the cases expressly forbid. Kove asks that the Court order AWS comply with the Local Patent Rules by removing improper references and theories. This is what AWS was supposed to have done under the Court's stipulation, instead of adding new material.

The point of the patent procedures, reflected in the Patent Local Rules, is to avoid a defendant constantly shifting prior art references and theories. The rules permit only 25 prior art references, which must be specifically identified without vague catchalls, and only four grounds of invalidity per claim. A defendant must use diligence and care in preparing its invalidity charts because later substantive changes are not permitted without meeting the stringent "good cause" standard. And that chart is submitted well in advance of claim construction briefing because it informs a months-long process of patent procedures and discovery that culminate in claim construction briefing and the Court's claim construction order. The rules are designed to avoid precisely the type of moving target AWS has presented through its attempts to provide four different invalidity contentions. Kove respectfully requests compliance with these rules by striking the SAFIC as lacking good cause, striking the portions of the FAFIC that violate the rules, and denying AWS's request to submit a fourth version of its invalidity contentions.

## II.    ARGUMENT

### A.    AWS Has Not Shown Good Cause To Substantively Change Its Invalidity Contentions, And Thus The SAFIC Should Be Stricken.

Because AWS's SAFIC contain many substantive changes, for which permission was neither sought nor received, they must be stricken in their entirety.

### 1.  The Changes In The SAFIC Require Leave Of The Court.

Local Patent Rule 3.4 allows amendments to invalidity contentions "only by order of the Court."  By stipulated motion this summer, the Court allowed AWS to submit its SAFIC.  *See* Dkt. 167 (granting motion at Dkt. 165).  The stipulation expressly allowed the parties only "to clarify their existing theories" and not "to add new theories or make other amendments that, per Local Patent Rule 3.4, would require a timely showing of good cause and leave of the Court."  Dkt. 165 at 1 n.1.  The key question is whether the SAFIC added new substantive invalidity positions — which was expressly not permitted.

### a.  "Albitz and Liu" And Other DNS-Related References Relate To Different Prior Art Systems And Were Not Timely Disclosed.

While AWS claims it was merely making clarifications, its amendments in the SAFIC substantively change its invalidity contentions.  As a threshold matter, if there was no substantive change, then the amendments would not be necessary in the first place.  But they are quite substantive.  For example, AWS adds a brand-new reference: a book entitled "DNS and BIND," written by Paul Albitz and Cricket Liu (the "Albitz and Liu" book).  *See* Dkt. 200-9 at 5 (redline showing addition as item number 19 on list of 25 references).  Adding a new prior art invalidity reference is self-evidently a change in its positions.

Adding the Albitz and Liu book is an important substantive shift in AWS's positions.  In its FAFIC, AWS relied upon just one reference, RFC1034, as its only evidence regarding its DNS system reference.  *See* Dkt. 200-2, Exs. 1A, 2A, 3A (regarding DNS, citing *only* RFC1034).  The RFC1034 reference was written in 1987.  *See* Dkt. 200-8 at 3.  But Albitz and Liu was written in 1998.  *Id.* at 5.  It thus refers to a different version of DNS more than a decade later.  *See id.* at 6 (discussing the progression of different versions of DNS).

In the SAFIC, AWS repeatedly cites the 1998 Albitz and Liu book in a shift away from its

previous 1987 reference. For example, it repeatedly cites Albitz and Liu for the point that, under

DNS, "[e]very domain has a unique name" that "uniquely identifies a single node in the tree." *See,*

*e.g.*, Dkt. 200-8, Ex. 1A, at 2-3; Ex. 1B at 20; Ex. 2A at 3; Ex. 2B at 15; Ex. 3A at 4; Ex. 3B at

22.[1] AWS also cites Albitz and Liu to argue that DNS supports "dynamic updates," which permit

"authorized updaters to add and delete resource records." Dkt. 200-8, Ex. 1A, at 10; Ex. 1B at 31.

This language replaces the prior invalidity charts' references to RFC1034, which made no

reference to dynamic updating. Dkt. 200-9 (redline) at 11, 38.[2]

In defense of adding a new prior art reference, AWS asserts that its prior art system was

the general category of "DNS." The problem is that the Local Patent Rules do not permit reliance

on general classifications — for good reason. A class of products is not prior art, it is just a

category, and so would allow a defendant to add or subtract particular prior art at will. Instead,

the Local Patent Rules require that patent defendants identify and rely on *specific* devices, not

entire *classes* of devices. *See, e.g.*, *Peerless Indus., Inc. v. Crimson AV LLC*, No. 11 C 1768, 2015

WL 1275908, at *4 (N.D. Ill. Mar. 17, 2015) (citing Local Patent Rules 2.3(b)(1) and holding that

the defendant was limited to relying on the "Gennady brackets" that were specifically identified

in the invalidity contentions and could not rely on other "Gennady brackets" whose model numbers

had not been disclosed); *see also In re Koninklijke Philips Patent Litig.*, 2019 WL 2359206, at *3

(N.D. Cal. June 4, 2019). AWS does not address this case law.

Here, relying on the general category of "DNS" as prior art is just the type of moving target

---

[1] This is not an exhaustive list of all the places AWS added references to Albitz and Liu, because there are dozens of examples.

[2] It bears noting that AWS only submitted its new Albitz and Liu reference when the U.S. Patent Trial & Appeal Board ("PTAB") rejected AWS's request for *inter partes* reexamination ("IPR") of Kove's U.S. Patent No. 7,233,978, which AWS sought on the basis of its 1987 RFC1034 reference. Unsuccessful with that reference before the PTAB, AWS now seeks to shift field in this case by adding additional references.

the case law forbids because there can be significant differences between different versions of the same device or system, even when they operate under the same name. This is a substantive amendment to its DNS system reference to encompass a different and later version of DNS. In making this argument, AWS pretends that "DNS" is a single system that existed from its inception in 1983 through at least 1998, when that plainly is not the case. That is like claiming that the "iPhone" is a single system that existed from the release of the first iPhone in 2007 through the iPhone 12 today. Obviously, the "iPhone" has undergone numerous changes to its hardware and software over its 13-year existence. So did "DNS" from 1983 to 1998. *See* Dkt. 200-8 at 6-7.

The broad language in the SAFIC (and the FAFIC, for that matter) that refers to "DNS" as a monolithic system and reserves the right to rely on additional evidence is the Trojan horse AWS can use to claim the right to rely on any evidence for any versions of "DNS" — precisely the moving target that is forbidden. The invalidity charts that AWS attached to its Opposition further prove this point, as they contain citations to source code for *yet another* version of "DNS," referred to as "BIND 8.1."[3] *See* Dkt. 217-3 at 3.

The Local Patent Rules and case law require production of and citation to specific prior art references to avoid this very problem. AWS only disclosed and charted RFC1034 as a specific DNS reference in its FAFIC, and therefore is limited to that specific disclosure — the case law is quite clear that a patent defendant's invalidity theories are limited to the specific disclosures and mappings that are timely disclosed in its invalidity charts. *See* Local Patent Rules 2.3(b), 3.3, 3.4;

---

[3] AWS argues that it has always made clear that it relied on the overall DNS system and not specifically RFC1034. *See* Dkt. 217 at 13. In addition to being contrary to the case law, the problem is that AWS cites its *Second* Amended Final Invalidity Contentions to show its reliance on other aspects of the DNS system. *Id.* This is exactly the point: AWS's new invalidity contentions attempt to rely on other aspects of DNS not disclosed in RFC1034, but its earlier invalidity contentions did not.

*Peerless Indus., Inc.*, 2015 WL 1275908, at *4; *In re Koninklijke Philips Patent Litig.*, 2019 WL 2359206, at *3.[4]

### b. AWS Does Not Seriously Dispute That The SAFIC Contain Multiple Additional Substantive Changes To The FAFIC.

The addition of the Albitz and Liu book is far from the only substantive change in the SAFIC. As Kove explained in its opening brief, there were at least three other substantive changes. *See* Mot., Dkt. 200 at 5. AWS also added:

- New citations and analysis for the references "Karger '420/'628" throughout the claim charts, *e.g.*, Dkt. 200-8, Ex. 1 at 7-10, 15-16, 58-59, 79-80;

- New citations and analysis based on the '170 patent throughout the claim charts, *e.g.*, *id.*, Ex. 1 at 14, 52, 76; and

- Changes to the substantive mapping of the "Neimat" reference to the claim limitations, including changing what is the purported "identifier" in Neimat, *e.g.*, *id.*, Ex. 1, at 45, 49-50, 52-54, 57-59.

AWS does not seriously contest that it made multiple, substantive changes to its invalidity theories.

AWS addresses the many other changes outlined in Kove's Motion to Strike only in a footnote, asserting without explanation that they are "minor changes" that "do not reflect any new prior art,

---

[4] Because the changes in AWS's SAFIC substantively alter its invalidity theories and do not merely provide additional support for existing theories, the *Sloan Valve* case that AWS cites is inapposite. Mot. at 8 (citing *Sloan Valve Co. v. Zurn Indus., Inc.*, No. 10 C 204, 2013 WL 622951, at *3, (N.D. Ill. Feb. 20, 2013)). Moreover, the case law recognizes a distinction between infringement contentions and invalidity contentions: infringement contentions need not cite all evidence that the patentee may rely on in support of its case, while invalidity contentions must do so. *Compare Sloan Valve*, 2013 WL 622951, at *3 (stating that patentee's expert may rely on evidence not disclosed in its infringement charts) *with Pactiv Corp. v. Multisorb Techs., Inc.*, No. 10 C 461, 2013 WL 2384249, at *3 (N.D. Ill. May 29, 2013) (limiting defendant's expert to relying on the cited portions of the references in defendant's invalidity charts). This difference stems from the language of the Local Patent Rules. *See* Local Patent Rules 2.2, 2.3. It acknowledges the reality that, for infringement, the patentee is collecting evidence about infringement over the course of the litigation and that the defendant knows at least as much about the accused products as the patentee if not substantially more; whereas for invalidity, prior art references are by their nature public, and so all relevant evidence can and should be compiled and disclosed as part of the defendant's invalidity contentions.

or any new invalidity theories." Dkt. 217 at 7 n.2.

For example, for the "Neimat" reference that AWS relies on, the redline between the FAFIC and the SAFIC show that AWS changed its invalidity theory for to two key claim terms. Specifically, for the claim term "identifier," which appears in every asserted claim, AWS's theory in its FAFIC was that this limitation is met by the "patient name in database" disclosure in Neimat. Dkt. 200-9, at Ex. 1C, at 45. But in the SAFIC, AWS alleges that the "identifier" is instead the "value generated from a patient's name." *Id.* For the claim term "location information," which is also used throughout the asserted claims, AWS likewise changed its position and now points to different disclosures in Neimat. *Id.* These changes in the mapping of Neimat to key claim terms were incorporated throughout the Neimat claim charts, causing cascading changes to AWS's invalidity theories. *Id.* at 45-67.

Changing what disclosure in a reference maps to a claim limitation, as AWS did repeatedly in its Neimat invalidity charts, is the very definition of changing an invalidity theory. It cannot be done without leave of the Court, which AWS did not seek or receive prior to serving its SAFIC. *See, e.g.*, *Netflix, Inc. v. Rovi Corp.*, No. 11-cv-06591-PJH (DMR), 2015 WL 3504969, at *2 (N.D. Cal. June 2, 2015). Indeed, Courts have held that patent defendants are limited not just to the *mappings* they provide in their invalidity contentions, but to the specific *portions* of prior art references that are disclosed in the invalidity charts. *Pactiv Corp. v. Multisorb Techs., Inc.*, No. 10 C 461, 2013 WL 2384249, at *3 (N.D. Ill. May 29, 2013) ("An 'exemplary chart' that allows Pactiv to rely on uncited portions of prior art is contrary to the high level of specificity required by this rule, which demands identification of wherein each alleged item of prior art each claim is found.").

The above-described changes in Neimat are representative of the many changes AWS

made to its invalidity contentions, and these additional changes must similarly be struck. Mot. at 4-5. Indeed, if these amendments were really of no consequence, then AWS would not have made them, and would not have filed its belated motion to amend its contentions to include them. Because they are substantive changes that require leave of the Court, and because leave was neither requested nor granted, the SAFIC should be struck.[5]

### 2. AWS Cannot Blame Kove For Its Changed Infringement Contentions.

AWS asserts that Kove cannot complain about the DNS-related amendments to the SAFIC because AWS merely made changes that Kove asked AWS to make. Dkt. 217 at 5-6. What AWS was permitted to do was unambiguously set out in the parties' stipulation, which was signed by the Court — namely "to clarify their existing theories" and not "to add new theories or make other amendments that, per Local Patent Rule 3.4, would require a timely showing of good cause and leave of the Court." Dkt. 165 at 1 n.1. The question here is whether AWS's SAFIC was just a clarification or substantive change. As shown above, adding references and changing theories was a substantive change. Nothing in the parties' discussions prior to the stipulation can change what the Court's order permitted.

In any event, Kove was clear in the correspondence that it did not agree to substantive changes in AWS' invalidity contentions. From the very first letter detailing Kove's concerns, Kove pointed out that AWS was limited to relying on the document references that it had charted and asked AWS to clarify the ambiguity created by its failure to specifically identify a system by

---

[5] AWS also asserts that it should be permitted to amend its FAFIC and SAFIC because Kove was permitted to amend its Final Infringement Contentions to address perceived deficiencies. This argument is legally irrelevant, and in any case, the two situations are very different. In amending its infringement contentions, Kove did not add new infringement theories. All AWS requested, and all Kove did, was more clearly identify which portions of Kove's *already-disclosed* evidence and analysis mapped to specific claim limitations (and sub-limitations where appropriate). No new evidence or theories were disclosed.

*removing* the language suggesting that AWS may rely on undisclosed evidence and theories.

> Moreover, Amazon failed to produce any prior art system by the Court-ordered deadline, pursuant to Local Patent Rules 3.3, and may not in the future identify additional supporting documents or source code for these systems. Local Patent Rules 3.3 ("With the Final Invalidity Contentions, the party asserting invalidity of any patent claim *shall produce* or make available for inspection and copying: *a copy or sample of all prior art* identified pursuant to Local Patent Rules 3.1(b).") (emphasis added).

> For at least these reasons, all references to these two systems must be stricken from the Contentions, as well as all language where Amazon asserts that it can rely on undisclosed references or support for any such system.

Dkt. 200-3 at 2. Additionally, when AWS provided a draft of some of its proposed amendments to its FAFIC that included new DNS-related references (*see* Dkt. 200-6), Kove responded that adding new references was improper.

> Moreover, Amazon appears to be taking the request to reduce it reference count as an opportunity to swap in brand new references. In particular, your proposal to add in new DNS-related references is not permitted under the LPR [Local Patent Rules]. Amazon is free to count the RFC1034 paper among its 25 references if it chooses, because that reference was timely disclosed, but the LPR do not permit the introduction of new references at this stage.

Dkt. 200-7 at 1. AWS has not and cannot point to any correspondence where Kove asked AWS to make the changes that are the subject of Kove's Motion to Strike.

To the contrary, Kove has been consistent that AWS must *remove* content from the FAFIC. The very point of Kove's initial complaint about the FAFIC was that AWS included in them unpermitted categories of prior art and other vague language not permitted. This was never an invitation to add additional references.

### B.  Portions Of The FAFIC Violate The Rules And Should Be Stricken.

Once the SAFIC are struck, AWS is left with the FAFIC as the governing invalidity contentions in this case. The FAFIC, in turn, violates Local Patent Rule 3.1(b) in two ways, which require striking noncompliant portions. First, they violate the Local Patent Rule permitting only four prior art grounds per claim. Second, they contain impermissible the open-ended catchall

language without identifying specific prior art references and theories.[6]

### 1. The Portions Of The FAFIC That Exceed The Four Permitted Prior Art Grounds Of Invalidity Should Be Stricken.

Local Patent Rule 3.1(b) limits parties to four prior art grounds per claim. Kove's Motion to Strike described how the FAFIC are riddled with additional and alternative grounds of invalidity. Mot. at 2-3, 10-11. This includes an entire section that sets forth dozens of obviousness arguments based on combinations of references, as well as the claim charts themselves, which argue obviousness as an *alternative* to anticipation rather than in lieu of anticipation, thus improperly doubling the number of prior art grounds of rejection. *Id. See, e.g.*, *Green Edge Enters., LLC v. Rubber Mulch Etc., LLC*, 620 F.3d 1287, 1297 (Fed. Cir. 2010) (describing anticipation and obviousness as "separate grounds" for invalidity).

AWS tries to cast these sections as mere "background," but that is not what the FAFIC themselves state.[7] The FAFIC expressly presents the arguments as obviousness arguments that AWS will make along with or as alternatives to its charted obviousness arguments. Dkt. 200-2 at 20-22 ("To the extent that Kove alleges that any of the prior art references charted in AWS's Exhibits 1-3 do not disclose one of the limitations described below, it would have been obvious to one of ordinary skill in the art before the time of invention, for example, to include the following features in a distributed storage system such as claimed by the Asserted Patents."); *id.*, Ex. 1A, at 7 (". . . DNS discloses this element . . . It would further be obvious to . . . ."). Indeed, AWS admits that it intends to use additional references besides those that it identified as comprising the four

---

[6] In addition, the FAFIC lists 27 references — 25 "patents and publications" and two systems. AWS apparently agrees to remove two of its references to meet the 25-reference limit. Dkt. 217 at 12. If so, this issue is moot as AWS suggests, so long as it, in fact, removes two references and does not add in other references under the umbrella of its unbounded "DNS system."

[7] Of course, if mere "background," they also should be unnecessary.

prior art grounds of invalidity. Dkt. 217 at 11 ("[T]he expert witness can rely on that other prior art in order to convey the knowledge of a skilled artisan *or the reason it would have made sense to combine the prior art*.") (emphasis added).

Courts have consistently rejected attempts to expand the scope of prior art theories by characterizing new material as merely "background." *See AVNET, Inc. v. MOTIO, Inc.*, 2016 WL 3365430, at *4 (N.D. Ill. June 15, 2016) (rejecting argument that reference "provides only background information . . . rather than introducing new theories of invalidity"); *Pactiv Corp.*, 2013 WL 2384249 at *1-3 (barring a party from "circumvent[ing] the disclosure requirements of our Local Patent Rules by offering such materials as background"). AWS attempts to distinguish *AVNET* and *Pactiv* because both of those cases addressed the admissibility of new "background" references in expert reports, rather than amended invalidity contentions. But the logic is the same. Experts cannot introduce new invalidity references in their reports by calling them background, and likewise AWS cannot include excess grounds of invalidity in its contentions by calling them background. AWS, like the defendants in *AVNET* and *Pactiv*, attempts to shoehorn in new material by arguing that it is just "background" in order to skirt the Local Patent Rules — just different Rules. Notably, AWS does not cite a single case supporting the notion that additional references can be incorporated as background to exceed the limits set forth by the Local Patent Rules.

AWS also attempts to justify the FAFIC's excess invalidity grounds by asserting a novel interpretation of the Local Patent Rules. AWS points to the fact that while only 4 prior art grounds of invalidity per claim are allowed, up to 25 references may be relied on. From this, AWS asserts that the Local Patent Rules "expressly contemplate that the Final Invalidity Contentions will cite prior art other than the prior art that is expressly identified in the grounds of invalidity." Dkt. 217 at 11. AWS apparently believes that it may disclose 25 total references, apply 4 to each claim, but

them generally incorporate the extra 21 prior art references *not* applied to a given claim in order "to make arguments pertinent to invalidity, even if this art is not directly being used as an invalidity ground." Dkt. 217 at 11. While a patent defendant may not need all 25 references in each of its four grounds of invalidity per claim, that does not mean that the 25 references permit the defendant to have more than four grounds of invalidity. The Local Patent Rules do no state that the patent defendant may rely on either 4 grounds of invalidity per claim *or* 25 references, whichever provides the greater number of invalidity theories. Such an interpretation would read out the 4 grounds per claim rule, and should be rejected.

Accordingly, all sections of the FAFIC that discuss these improper prior art grounds of invalidity should be stricken. *See* Dkt. 200-12 (portions to be struck identified in green).

### 2. The Local Patent Rules Do Not Permit Vague Catchalls, Such As Those Used In Support of "DNS" And "Web Caching System."

AWS's FAFIC vaguely identify two classes of systems — "DNS" and "Web Caching System" — and AWS intends to fill in the blanks at a later point in time. But the Local Patent Rules require that prior art systems be identified "with particularity." Local Patent Rules 2.3(b). Accordingly, Kove's Motion to Strike requested that the Court strike the language in the FAFIC that broadly identifies classes of systems and reserves various rights to make changes.

AWS responds that Kove is trying to prevent AWS from relying on DNS. That is not at all the case. All Kove is doing is requiring that AWS be limited to relying on the references that it properly disclosed and charted, which for "DNS," is RFC1034. Similarly, for the "Web Caching System," AWS relied on three documents, and so must be limited to those.

It further makes sense to remove the references to "systems" in the FAFIC because, as written, they add nothing beyond the existing list of 25 references. The only reason AWS wants to preserve the DNS system as a reference is that it wants to keep its options open by using DNS

as a catchall, encompassing every version of the DNS system and any undisclosed prior art references that discuss DNS. In sum, an invalidity chart is limited to only the prior art references disclosed, not vague catchalls to be filled in at a later time. *Peerless Indus., Inc. v. Crimson AV LLC*, No. 11 C 1768, 2015 WL 1275908, at *4 (N.D. Ill. Mar. 17, 2015) (citing Local Patent Rules 2.3(b)(1) and holding that the defendant was limited to relying on the specific prior art references disclosed, not vague descriptions of categories of prior art).

Additionally, before listing its prior art references, AWS purports to rely on a litany of categories of prior art not identified in its list, including "other prior art and testimony identified in" its August 2019 invalidity contentions; "the disclosures of any prior art references cited by either Kove or the Patent Office or otherwise raised during prosecution of any Kove patent application;" "the prosecution histories, and the prior art cited therein," of the patents AWS identified on its list of references; "any prior art, products, publications, documents, or information identified as a result of expert or fact discovery"; "any prior art or information identified or produced in connection with any other patent litigation or proceeding involving any related Kove patents;" and "prior art, information, and arguments made in the related *inter partes* review of the '978 patent filed by AWS on December 12, 2019." *See* Dkt. 200-2 at 2-3. To the extent these categories include any prior art not on AWS's list of 25 permitted references, AWS cannot rely on the additional, uncounted references beyond the 25-reference limit.

In short, all language in the FAFIC that refer to open-ended "systems" or reserve the right to rely on materials that are not in the claim charts must be stricken. *See* Dkt. 200-12 (portions to be struck identified in blue).

### 3. If The SAFIC Is Permitted, , Non-Compliant Portions Of The SAFIC Should Likewise Be Struck.

Should the Court not strike the SAFIC, then portions of it should be struck for violating

the Local Patent Rules in the same ways as the FAFIC.

First, like the FAFIC, the SAFIC exceed the limit on total prior art references under the Local Patent Rules. The primary change AWS made was to remove some prior art references to include its two system references within the 25-reference total cap. *See* Dkt. 200-8 at 5. This change at most makes AWS's list of prior references *appear* on face more compliant. But AWS still folds in dozens of references through its background sections and its broad system references encompassing many distinct versions, each of which is properly considered as a separate reference.

Second, just like the prior contentions, the SAFIC contains a lengthy discussion of additional "exemplary obviousness arguments and reasons to combine the identified prior art," which it then refers to throughout the claim charts. *See* Dkt. 200-8 at 14-26. Just as in the prior contentions, AWS continues to claim the right to rely on additional broad categories of prior art as "background," including "other prior art and testimony identified in AWS's" original invalidity contentions and prior art raised during prosecution of any of the inventors' patent applications." *Id.* at 2-3. Those aspects of the SAFIC continue to violate the Rules, and those portions should be stricken.

Third, the SAFIC repeatedly lists obviousness as one of the four permitted prior art grounds per claim, but then charts anticipation. This approach continues to violate Local Patent Rule 3.1(b)'s limit of four total prior art *grounds* per claim.

Fourth, like the FAFIC, the SAFIC continue to vaguely identify the alleged prior art systems in a way that leave open the possibility that AWS may shift to additional, different prior art systems and theories at some later time.

## C. **AWS's Motion Amend Its Invalidity Contentions Yet Again Should Be Denied.**

As stated more fully in Kove's simultaneously-filed opposition to AWS's motion to amend, AWS has the burden to establish good cause, diligence, and lack of prejudice to Kove — but

cannot establish any of those, and so its motion must fail.

## III.  <u>**CONCLUSION**</u>

For the foregoing reasons, Kove's Motion to Strike should be granted.

Dated: November 6, 2020

Respectfully submitted,

*/s/ Courtland L. Reichman*

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
Holly H. Campbell (State Bar No. 6320395)
hcampbell@thompsoncoburn.com
THOMPSON COBURN LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500

Sarah O. Jorgensen (*pro hac vice*)
sjorgensen@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (404) 609-1040
Telecopier: (650) 623-1449

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Shawna L. Ballard
(Identification No. 155188)
sballard@reichmanjorgensen.com
Jennifer P. Estremera (*pro hac vice*)
jestremera@reichmanjorgensen.com
Michael G. Flanigan (State Bar No. 6309008)
mflanigan@reichmanjorgensen.com
Kate M. Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
1615 M Street, NW, Suite 300
Washington, DC 20036
Telephone: (202) 894-7310
Telecopier: (650) 623-1449

*Attorneys for Kove IO, Inc.*

Khue Hoang (*pro hac vice*)
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Wesley White (*pro hac vice*)
wwhite@reichmanjorgensen.com
Rahul Sarkar (*pro hac vice*)
rsarkar@reichmanjorgensen.com
Michael W. Marvin (*pro hac vice*)
mmarvin@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965
Telecopier: (650) 623-1449

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of the foregoing, and all exhibits thereto, was filed electronically on November 6, 2020, with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all registered counsel of record or was emailed to all registered counsel of record.


/s/    *Holly Campbell*
Holly H. Campbell

17