IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 1:18-cv-08175 |
| AMAZON WEB SERVICES, INC., ) | |
| ) | Hon. Rebecca R. Pallmeyer |
| Defendant. ) | Hon. Sheila M. Finnegan, |
| ) | Magistrate Judge |
| ) | |

**AMAZON WEB SERVICES, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION
FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS**

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
(202) 639-6000
aunikowsky@jenner.com

Terri L. Mascherin
Timothy J. Barron
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
tmascherin@jenner.com
tbarron@jenner.com
mwerner@jenner.com

*Attorneys for Amazon Web Services, Inc.*

**INTRODUCTION**

It is undisputed that Kove has been on notice of AWS's intent to rely on the Domain Name Service (DNS) system since February 2020. AWS's February 13, 2020 Final Invalidity Contentions identified the DNS system as one of AWS's invalidity references.[1] AWS also explained in those contentions that the inventors of the patents-in-suit had referred to the DNS system in the specifications, and that AWS was relying on that system for its invalidity case.[2]

It is further undisputed that Kove waited four months to raise for the first time what it claimed was an alleged defect in those contentions—that AWS did not "specify a particular implementation of DNS."[3] Despite the delay, AWS proposed amending its contentions to more clearly identify that system.[4] The parties then jointly moved to extend the scheduling order to clarify their respective contentions.[5] And AWS's July 2020 Second Amended Final Invalidity Contentions identified the version of DNS that AWS presumed the inventors had used—BIND

---

[1] As AWS explained, Kove has known of AWS's reliance on DNS since the February 2020 Final Invalidity Contentions. *See*, *e.g.*, Dkt 217 at 2 (arguing DNS "was explicitly identified in AWS's original Final Invalidity Contentions"); *id*. at 3 ("In its Final Invalidity Contentions, served on February 13, 2020, AWS made clear that the DNS *system*—not a printed publication—was an anticipating reference."). Neither Kove's reply in support of its motion to strike nor its response to AWS's motion to amend disputes this. *Cf*. Dkt. 232 and 233.

[2] Ex. D at 6 ("AWS contends the underlying system as a whole constitutes the identified prior art for the purposes of these contentions."); *id*. (further explaining that DNS was publicly used and became well known around 1987, as reflected by RFC1034 and other prior art, including the patents-in-suit). AWS's June 1, 2020 First Amended Final Invalidity Contentions included the same language disclosing the DNS system. *Compare* Dkt. 200-2 at 5–6.

[3] Dkt. 200-3 (Kove's June 9, 2020 letter, quoting LPR 2.3(b) and further arguing that AWS did not "provide a specific date for its public availability" or "any source code for the system," and that AWS had listed more than 25 prior-art references, when including two systems).

[4] Dkt. 200-5 at 2; *see also* Ex. E (June 15, 2020 letter, referenced in Dkt. 200-5, proposing to amend AWS's contentions to include DNS in its "25 items of prior art," "more clearly identify the system," and "articulate how this description meets the requirements of LPR 2.3(b)").

[5] Dkt. 165. As other briefing explains, AWS earlier objected to Kove's infringement contentions.

8.1—and served that source code, a book describing that source code, and updated claim charts. AWS's presumption turned out to be correct—recently, after AWS responded to Kove's motion to strike, AWS deposed an inventor, and he confirmed that he had used the BIND DNS system. Ex. F at 147:2 – 148:17.

Nonetheless, Kove declined to address the DNS system in its August 13, 2020 Final Validity Contentions on the basis that "AWS has failed to sufficiently identify any version of any DNS system."[6] A month later, Kove also moved to strike AWS's July 2020 amended contentions and claim charts that Kove itself had requested, contending that AWS's efforts to accommodate Kove's requests for additional specificity are impermissible substantive amendments. Kove cannot maintain these inconsistent positions; so AWS moved to amend to the extent leave to amend is necessary.[7] And by ignoring this history and the reasons behind AWS's motion to amend, Kove's reply confirms that AWS has been diligent—immediately accommodating Kove's requests for clarification rather than resisting them—and that Kove cannot show any prejudice.

Thus, to the extent leave is necessary, AWS's motion to amend should be granted.

## ARGUMENT

There are two issues before the Court. *First*, AWS believes it has already received permission from the Court to serve its July 2020 Second Amended Final Invalidity Contentions, but if additional leave is necessary, it should be granted. *Second*, Kove has continued to insist (e.g., in

---

[6] *See* Dkt. 217 at 13-14; *see also* Ex. G at 3.

[7] As noted, AWS believes it has already received leave from the Court to serve its July 2020 contentions, through the Court's approval of the parties' Joint Motion to extend the scheduling order. *See* Dkt. 167. To the extent Kove has continued to object to the specificity in those July 2020 contentions, AWS also attached new claim charts to its motion to amend that rely on the same references (BIND 8.1 and the book describing it), but provide even more detail on the mapping between the references and the claims.

2

its August 2020 validity contentions) that even AWS's Second Amended Final Invalidity Contentions are insufficiently clear on the mapping between BIND 8.1 and the claims. AWS disagrees, but to moot any disputes, AWS has attached new claim charts adding detail. Again, to the extent leave is necessary to serve these new claim charts (which do not change the prior art or the obviousness theories at all), it should be granted as well.

## I. If Leave Is Necessary to Serve AWS's Second Amended Final Invalidity Contentions, It Should Be Granted.

### a. Leave is unnecessary because it has already been granted.

AWS's motion for leave should not be necessary, because AWS has already obtained leave to serve its Second Amended Final Invalidity Contentions. AWS's Final Invalidity Contentions identified the DNS system as its invalidity reference. AWS did so because the patents themselves referred to the DNS system, and AWS seeks to use the system referred to in the patents as its invalidating reference. AWS's Final Invalidity Contentions explicitly state that the inventors were using the DNS system, as stated on the face of the patents, thus signaling that AWS was referring to the same DNS system that the inventors were using. Ex. D at 6.

Four months after AWS served those contentions, Kove objected that "Amazon does not specify a particular implementation of DNS, provide a specific date for its public availability, or provide any source code for the system." Dkt. 200-3 at 2. Although Kove was doubtless aware of the version of DNS its own inventors were using, AWS agreed to clarify its contentions. At the time, AWS also objected that Kove's infringement contentions were so vague that they did not comply with the Local Rules. The parties then jointly moved the Court to enter an amended schedule providing that AWS would serve Second Amended Final Invalidity Contentions, and Kove would serve Second Amended Final Infringement Contentions, in order to clarify their respective theories. Dkt. 165, 167. AWS then served new contentions addressing Kove's concerns: AWS

3

identified a specific implementation of DNS (BIND 8.1), provided a date for its public availability (May 1997—before the earliest possible priority date), and served its source code. AWS also served a book about BIND, called "DNS and BIND," by Albitz and Liu, for purposes of explaining how the system works.

AWS's Second Amended Final Invalidity Contentions state that "it is likely that the inventors were using a version of BIND 8." Dkt. 200-8 at 7. Recently, AWS deposed one of the inventors, who testified that the inventors were indeed using BIND. Ex. F at 147:2 – 148:17.

Kove now claims that AWS has made an "important substantive shift" in its positions because the claim charts attached to its prior contentions addressed RFC 1034, a DNS standard published in 1987, rather than the DNS system. Dkt. 233 at 3; *see also* Dkt. 232 at 11 ("Kove's reply brief in support of the Motion to Strike [Dkt. 233], filed herewith, explains in detail how the SAFIC in fact add new substantive positions."). That is incorrect. AWS's Final Invalidity Contentions have *always* said that the DNS *system*—not RFC 1034—is the invalidating reference. AWS did cite RFC 1034 in its claim charts because it provides a well-known general overview of DNS's features, and therefore was a convenient reference for mapping the claims to DNS. But the Final Invalidity Contentions made clear that the DNS system was the reference. Ex. D at 6.

Kove argues that AWS's reference to "DNS" is a "moving target" because "there can be significant differences between different versions of the same device or system." Dkt. 233 at 4-5. AWS used "DNS" not to create a "moving target" but because it wanted to use the nomenclature from the patent itself, which refers to the reference as "DNS." Kove further claims: "The only reason AWS wants to preserve the DNS system as a reference is that it wants to keep its options open by using DNS as a catchall, encompassing every version of the DNS system and any undisclosed prior art references that discuss DNS." *Id*. at 12-13. The record contradicts this assertion:

4

when Kove sought clarification of what DNS system AWS was referring to, AWS agreed to clarify its contentions by identifying the specific version of DNS. It is therefore puzzling that Kove is fighting so hard to prevent AWS from eliminating the very ambiguity that Kove asked AWS to resolve.

Kove claims the parties' purpose for jointly moving to *clarify* the contentions was for AWS to simply *remove* its primary invalidity reference, *i.e.*, the DNS system. *Id*. at 9. This makes no sense. "Clarify" does not mean "remove." When Kove identified an alleged ambiguity in AWS's contentions (*i.e.*, which version of DNS was at issue), and the parties mutually agreed that AWS would clarify its contentions, the only logical interpretation of this agreement was that AWS would eliminate the ambiguity by identifying the specific version of DNS, which is exactly what AWS did. Moreover, the parties mutually agreed to extend the discovery schedule by six more weeks in order to permit discovery regarding the clarified contentions. The parties would not have done so if they merely intended for AWS to delete its primary invalidity reference.

Kove also complains about certain other changes in AWS's Second Amended Final Invalidity Contentions. *Id*. at 6-7. These changes are clarifications, as contemplated by the parties' joint motion. AWS did not change any prior art references or invalidity theories. Because the parties mutually agreed to clarify their contentions, AWS took the opportunity to add to its claim charts additional citations to the prior art it was already using to clarify how that art maps to the claims of the patents. AWS disagrees with Kove's assertions that it was altering its substantive mappings.

For instance, Kove argues that AWS changed the mapping of "identifier" in Neimat from the "patient name in a database" to the "value generated from a patient's name." *Id*. at 7. AWS, however, has consistently mapped "identifier" to Neimat's record key value. *See, e.g.*, Dkt. 200-

5

9, Exhibit 1C at 45 (citation to "Record key value"); *id.*, at 49-50 (unchanged citation to Neimat, 8:27-47). AWS's clarification was related merely to the use of a "patient name" as an example, clearly marked by "*e.g.*" *Id.*, Exhibit 1C at 45.

As another example, Kove argues that AWS "changed its position and now points to different disclosures in Neimat" for the term "location." Dkt. 233 at 7. AWS, however, maintains its mapping of "location information" to Neimat's "memory address"; it merely adds additional disclosures from Neimat to clarify that both a client and a server can generate a memory address. *See, e.g.*, Dkt. 200-9, Exhibit 1C at 45, 57. Therefore, the additional citations merely clarify how Neimat maps to the claims of the patents, as contemplated by the parties' agreement and the Court's order.

      b. <u>If leave is necessary, it should be granted.</u>

If the Court determines that it did not already grant leave for AWS to serve its Second Amended Final Invalidity Contentions when the Court granted the parties' joint motion to amend the scheduling order, it should grant leave now.

**Good Cause.** AWS has good cause for its motion to amend: AWS is trying, in good faith, to resolve Kove's concerns over the clarity of its contentions, and should be afforded the opportunity to do that.

It is common in patent discovery for one party to complain that the other party's contentions are insufficiently clear. Parties should be encouraged to accommodate each other's concerns while discovery is still ongoing to ensure that both parties can take adequate discovery, and then that cases can be resolved on the merits. Here, Kove complained that AWS's citation of the DNS system was insufficiently clear because it did not identify the precise version of the DNS system. AWS responded by identifying the precise version of the DNS system.

6

There is good cause to permit AWS to clarify its contentions: it would benefit AWS, Kove, and the Court. It would benefit AWS by ensuring that AWS can pursue its invalidity case based on the system initially disclosed in its invalidity contentions—the DNS system. It would benefit Kove by ensuring that Kove has all of the information it claims it needs to defend against AWS's invalidity case, with ample time left in fact discovery. And it would benefit the Court by mooting future post-discovery disputes over whether AWS's contentions were clear enough.

Indeed, that is exactly what happened with respect to Kove's infringement contentions. After Kove served its Final Infringement Contentions, AWS filed a motion to compel contentions compliant with the Local Rules. The Court granted the motion. Rather than striking Kove's contentions, it afforded Kove the opportunity to serve new, clearer contentions. Kove availed itself of the opportunity to do so: on the same day that AWS served its Second Amended Final Invalidity Contentions, Kove served its Second Amended Final Infringement Contentions, which added considerable new material, including citations to 25 new source code packages. Dkt. 173 at 4-5. AWS proposes proceeding down the same path with respect to its invalidity contentions.[8]

**Diligence**. Kove claims that AWS was not diligent because it should have identified BIND 8.1 in its original Final Invalidity Contentions. The concept of "diligence" is a poor fit to this case because AWS is not trying to add any newly discovered information. AWS made clear in its Final Invalidity Contentions that it was relying on the DNS system, which is specifically addressed in the patent itself. AWS admittedly did not anticipate at the time that Kove would say that AWS's

---

[8] In an effort to have its cake and eat it too, Kove asserts that both "the case law" and "the language of the Local Patent Rules" recognizes that "infringement contentions need not cite all evidence that the patentee may rely on in support of its case, while invalidity contentions must do so." Dkt. 233 at 6 n.4. However, neither the Local Patent Rules, nor the cases cited by Kove, hold or suggest that infringement contentions may be less clear than invalidity contentions.

7

reference to the DNS system was insufficiently clear. Indeed, Kove did not even raise this purported defect until four months after AWS served its contentions. When Kove did raise the issue, AWS diligently addressed all of Kove's requests for clarification. It is regrettable that Kove is using AWS's own willingness to be cooperative against AWS, baiting AWS into clarifying its contentions and then trumpeting that AWS is changing its contentions.

Kove theorizes that AWS is shifting positions because of the Patent Office's denial of institution of its IPR. Dkt. 232 at 7-8. That is not the case. Although AWS respectfully disagrees with the Patent Office's decision on the IPR (which is not binding on this Court), AWS relied on the DNS *system*—rather than only RFC 1034—in its Final Invalidity Contentions because of the differences between litigation in District Court and proceedings before the Patent Office. A patent defendant may rely on systems as prior art in District Court, but by statute, it must rely only on printed publications in the Patent Office. 35 U.S.C. § 311(b). In the District Court, AWS has always relied on the DNS *system*, not RFC 1034, as its invalidity reference. Indeed, it should be particularly compelling for a jury that AWS's invalidity reference is the reference recited in the patent—the DNS system—rather than a printed publication that the inventors may not have seen. AWS filed its Contentions relying upon the DNS system long before the Patent Office ruled on the IPR. Thus, AWS is not shifting positions.

Finally, Kove complains that AWS was not diligent because it waited until October to file its motion to leave to amend. Dkt. 232 at 8-9. There is an obvious reason for that: AWS reasonably thought it had already obtained permission when the parties jointly moved for schedule adjustments to permit both parties to clarify their respective contentions.

**Prejudice**. There is no prejudice to Kove. AWS served its Second Amended Final Invalidity Contentions on July 10, 2020. Fact discovery is still not closed. The parties recently moved

the Court to extend fact discovery until March 15, 2021, and the Court granted that extension. Dkt. 241, 242. In the four months since AWS served its Second Amended Final Invalidity Contentions, Kove has not attempted to take *any* fact discovery on BIND, DNS or on any other aspect of AWS's Second Amended Final Invalidity Contentions, except for one blanket interrogatory asking for the publication dates for all of AWS's prior art references. Certainly, Kove does not identify any other fact discovery it has not been able to take regarding BIND. Notably, invalidity references are typically the subject of expert rather than fact discovery.

Kove points out that the parties are currently in claim construction briefing. Dkt. 232 at 10. But AWS served its Second Amended Final Invalidity Contentions months before that briefing even started. It would have served those contentions even earlier had Kove requested clarification earlier. And Kove identifies no way in which these contentions are relevant to the claim construction briefing.

### c. <u>AWS's contentions comply with the local rules.</u>

Finally, Kove argues that AWS's Second Amended Final Invalidity Contentions violate the Local Patent Rules. Dkt. 233 at 14. They do not.

First, AWS lists 25 total prior art references and four combinations per claim, exactly as contemplated by the Local Rules. Contrary to Kove's argument, the DNS system is *one* reference. Although AWS gives a background discussion of DNS, and notes that there have been many versions of DNS over the years, AWS is explicit about the *specific*, *single* version of the DNS system it is relying upon as prior art. Dkt. 200-8 at 7. It is not skirting the 25-reference limit.

Second, AWS has charted, and intends to rely upon, only the four combinations explicitly identified in its contentions, as contemplated by the Local Rules. The Local Rules contemplate that a patentee may list 25 prior art references, and AWS has done that. As AWS explained in its

9

motion, to the extent AWS refers to references beyond the list of four combinations, it does so *not* as obviousness references, but instead to give background information about the state of the art and the knowledge of a skilled artisan. Dkt. 217 at 11-12.

Third, whenever AWS recites obviousness as a prior art ground, it is relying on obviousness, not anticipation. Contrary to Kove's assertion (Dkt. 233 at 14), AWS is not improperly smuggling in any anticipation theories.

Fourth, AWS's Second Amended Final Invalidity Contentions do not "vaguely identify the alleged prior art system." *Id.* The whole point of these contentions is to *not* do that but instead to identify the specific version of DNS at issue.

## II. The Court Should Permit AWS to Serve the New Claim Charts Attached to its Motion to Amend.

As AWS's Motion to Amend explained, Kove's Final Validity Contentions categorically refused to address the DNS system. Dkt. 216, Dkt. 217 at 13-14. AWS believes this was improper: AWS's contentions were clear enough, and if Kove disagreed, it should have filed a motion to compel (or met and conferred), rather than just refusing to respond. Nevertheless, to speed the case along, AWS has moved to serve even more detailed claim charts. AWS has added no new prior art and made no other changes to its contentions; it simply added more detailed citations to Albitz and Liu (the book that describes BIND) as well as to BIND 8.1 itself.

The Court should grant AWS's request to serve these updated claim charts. First, AWS has good cause for this amendment. AWS seeks to avoid unnecessary litigation over the insufficiency of Kove's Final Validity Contentions, in which Kove simply refuses to respond to AWS's contentions concerning BIND. AWS seeks to moot Kove's concerns by immediately addressing Kove's view that its contentions are not clear enough, even though AWS does not agree with that

10

position. For the same reason, AWS is being diligent: it is immediately addressing Kove's concerns rather than delaying the process.

Second, there is no prejudice to Kove. Again, these new claim charts rely on no new references or theories, but instead simply add more citations to the existing references. Kove does not identify any additional fact discovery that it would have to take in view of these contentions, or any respect in which they affect claim construction. In any event, fact discovery is still open. Dkt. 241, 242.

In response to these new claim charts, Kove makes a series of incorrect statements. First, Kove contends that AWS is adding "citations to wholly new references." Dkt. 232 at 11. It states that these charts cite "previously undisclosed BIND 8.1 source code." *Id.* at 3. Kove is incorrect. AWS added citations to BIND 8.1 and the Albitz and Liu book describing BIND. Those are the references that AWS had already added in its Second Amended Final Invalidity Contentions, which Kove moved to strike. The cited source code is the same source code that AWS served back in July, which precipitated Kove's motion to strike. There are no new references and no new code.

Next, Kove claims that AWS is asserting "entirely new theories." *Id.* at 12. Kove claims that AWS is, for the first time, arguing that DNS discloses hashing. *Id.* This is also incorrect. AWS has always argued that DNS discloses hashing. In AWS's originally served Final Invalidity Contentions, AWS argued that DNS anticipates the hashing claim in the '978 patent, while rendering obvious the hashing claims in the '170 and '640 patents. Ex. D at 7, 9-10, Ex. 3A at 6 ('978 patent, claim 6), Ex. 1A at 5-7, 11-12 ('170 patent, claims 1.f, 2, 12), Ex. 2A at 8 ('640 patent, claim 24). To support its obviousness arguments for the '170 and '640 patents, AWS argued that DNS discloses hashing, and charted the portion of RFC1034 that discloses hashing. *Id.*, Ex. 1A at 5-7, 11-12, Ex. 2A at 8 (quoting statement in RFC1034 that "many name servers internally form

11

tree or hash structures for the name space"). In its most recent claim charts, AWS continues to assert that DNS anticipates the hashing claim in the '978 patent, while rendering obvious the hashing claims in the '170 and '640 patents. And, it still argues, in support of its obviousness case, that DNS discloses hashing. Dkt. 200-8, Ex. 1A at 6, 8, 12; Ex. 2A at 9. There are no "entirely new theories."

Kove also complains that AWS's motion attaches only the DNS claim charts, rather than the full invalidity contentions. Dkt. 232 at 14-15. That is because only the charts changed. Everything else stayed the same. Kove took a similar approach when it served its Second Amended Final Infringement Contentions; it served only claim charts—not the cover pleading containing additional information required under the Local Rules—because Kove "did not amend any of [the cover document's] contents." Ex. H.

Next, Kove claims that "the BIND 8.1 source code is not listed on AWS's list of 25 prior art references." Dkt. 232 at 15. In fact, it is listed. AWS's list of prior art references identifies the DNS system. The contentions then expressly state that the DNS system refers to BIND 8.1, which was the version of DNS that the inventors likely relied on at the time. Dkt. 200-8 at 5-7.

Finally, Kove claims that for certain claims in the '170 and '640 patents, AWS has added an anticipation argument, even though it previously relied only on obviousness. Dkt. 232 at 15. This is incorrect. AWS continues to rely on obviousness for those claims, as before. AWS continues to argue, in support of its obviousness argument, that DNS discloses hashing, as before. *Supra*, at 11.

## CONCLUSION

The now-concluded briefing confirms that AWS has been diligent in seeking amendment. Indeed, AWS has accommodated Kove's requests for clarification rather than opposed them. And

permitting amendment will not cause any prejudice to Kove, as fact discovery remains open and the contentions do not impact the ongoing claim construction process. Thus, if leave is necessary, AWS's motion for leave to amend should be granted.

Dated: November 25, 2020

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
(202) 639-6000
aunikowsky@jenner.com

Respectfully Submitted,

AMAZON WEB SERVICES, INC.

By: */s/ Terri L. Mascherin*
Terri L. Mascherin
Timothy J. Barron
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
tmascherin@jenner.com
tbarron@jenner.com
mwerner@jenner.com

*Attorneys for Amazon Web Services, Inc.*

13

## **CERTIFICATE OF SERVICE**

      I, Timothy J. Barron, an attorney at the law firm of Jenner & Block LLP, certify that on November 25, 2020, the foregoing **AWS'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS** was electronically served on counsel of record via the Court's ECF system.

      /s/ Timothy J. Barron
        Timothy J. Barron
        JENNER & BLOCK LLP
        353 N. Clark St.
        Chicago, IL 60654
        (312) 222-9350