**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: 100% GRATED PARMESAN** | ) | No. 16 cv 5802 |
| **CHEESE MARKETING AND SALES** | ) | MDL No. 2705 |
| **PRACTICES LITIGATION** | ) | |
| | ) | |
| | ) | Hon. Gary S. Feinerman |
| | ) | United States District Court Judge |
| ***This Document Relates to All Cases on*** | ) | |
| ***the Wal-Mart Track*** | ) | |

**DEFENDANT WAL-MART STORES, INC.'S REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS THE AMENDED
<u>CONSOLIDATED CLASS ACTION COMPLAINT</u>**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ............................................................................................... ii

INTRODUCTION ................................................................................................................ 1

I.      ARGUMENT ............................................................................................................. 3

    A.  Plaintiffs Are Improperly Seeking Reconsideration
        Of This Court's Prior Decision.............................................................................. 3

    B.  Plaintiffs' Reliance Upon An Undisclosed Survey and Linguists'
        Opinions Do Not Cure The Deficiencies of the Amended Complaint ................. 5

    C.  Plaintiffs' State Consumer Protection Law Claims
        Remain Deficient ................................................................................................. 7

    D.  Plaintiffs' Warranty and Unjust Enrichment Claims Should Be Dismissed ..................... 10

    E.  The Law of the Case Doctrine Is Applicable And Should Compel
        Dismissal .............................................................................................................. 11

    F.  Plaintiffs Fail To Address Additional Grounds For Dismissal ........................................ 12

II.     CONCLUSION......................................................................................................... 12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*,
2017 WL 3642076 (N.D. Ill. Aug. 24, 2017) ...............................................2, 4, 8

*Am. Home Prod. Corp. v. Procter & Gamble Co.*,
871 F. Supp. 739 (D.N.J. 1994) ...............................................6

*Avitia v. Metro. Club of Chicago, Inc.*,
49 F.3d 1219 (7th Cir. 1995) ...............................................11

*Bank of Am., N.A. v. Knight*,
725 F.3d 815 (7th Cir. 2013) ...............................................7

*Broaddus v. Shields*,
665 F.3d 846 (7th Cir. 2011) ...............................................3

*Buetow v. A.L.S. Enter., Inc.*,
888 F. Supp. 2d 956 (D. Minn. 2012) ...............................................9

*Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*,
90 F.3d 1264, (7th Cir. 1996) ...............................................3

*Christianson v. Colt Indus. Operating Corporation*,
486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) ...............................................11

*Davis v. G.N. Mortg. Corp.*,
396 F.3d. 869 (7th Cir. 2005) ...............................................5

*DeMarco v. DepoTech Corp.*,
149 F. Supp. 2d 1212 (S.D. Cal. 2001) ...............................................6

*Evans v. City of Chicago*,
873 F.2d 1007 (7th Cir. 1989) ...............................................11

*Goldemberg v. Johnson & Johnson Consumer Cos.*,
8 F. Supp. 3d 467 (S.D.N.Y. 2014) ...............................................5

*Gonzalez-Koeneke v. West*,
791 F.3d 801 (7th Cir. 2015) ...............................................3

*Hill v. Tangherlini*,
724 F.3d 965 (7th Cir. 2013) ...............................................3

*Herron v. Best Buy Stores, L.P.*,
    2014 WL 5514176 (E.D. Cal. Oct. 31, 2014) .......................................................10

*Lam v. General Mills*,
    859 F. Supp. 2d 1097 (N.D. Cal. 2012) .............................................................5

*McCauley v. City of Chicago*,
    671 F.3d 611 (7th Cir. 2011) .............................................................................7

*Mohammed v. Sidecar Techs. Inc.*,
    2016 WL 6647946 (N.D. Ill. Nov. 10, 2016) .....................................................7

*Prohias v. Astrazeneca Pharm., L.P.*,
    958 So. 2d 1054 (Fla. 3d DCA 2007) ...............................................................9

*Reed v. Dynamic Pet Prods.*,
    2015 WL 4742202 (S.D. Cal. July 30, 2015) ....................................................10

*Rocha v. Rudd*,
    826 F.3d 905 (7th Cir. 2016) .............................................................................12

*Sabo v. Wellpet, LLC*,
    2017 WL 4563862 (N.D. Ill. Oct. 10, 2017) .....................................................6

*Williams v. Gerber*,
    552 F.3d 934 (9th Cir. 2008) .........................................................................3, 4

*York v. Andalou Naturals, Inc.*,
    2016 WL 7157555 (S.D. Ill. Dec. 8, 2016) ......................................................5

**Statutes**

Ala. Code 8-19-10(e) ...........................................................................................10

Cal. Civil Code § 1782(a) ....................................................................................10

Fla. Stat. Ann. § 501.212(1) ..................................................................................9

Florida's Deceptive and Unfair Trade Practices Act .............................................9

Minnesota Deceptive Trade Practices Act .............................................................9

State Consumer Protection Law .............................................................................7

**Other Authorities**

Rule 9(b) ...............................................................................................................12

iii

Plaintiffs' Consolidated Opposition to Wal-Mart Stores, Inc.'s ("Wal-Mart") Motion to Dismiss (Document 255) ("Pltf. Opp.") does not save their flawed Amended Consolidated Class Action Complaint (the "Amended Complaint" or "ACAC"). As set forth in Wal-Mart's opening brief, Plaintiffs' action must be dismissed in its entirety, because the Amended Complaint simply restates the claim that the Product[1] labels are misleading – a claim that this Court has already found, as a matter of law, to be insufficient. Plaintiffs concede or fail to rebut important points made in Wal-Mart's Opening Brief ("Opening Br.") (Document 240), and mischaracterize the Products' labels to avoid dismissal. In fact, Plaintiffs' Opposition reads as an improper motion for reconsideration of the Court's prior rulings on legal issues rather than opposition to a motion to dismiss. Plaintiffs assert that the Court misinterpreted the law applicable to their re-packaged allegations, but do not offer any basis for the Court to revisit its finding that the Product labels are not misleading.

Plaintiffs' invocation of "consumer surveys and expert statements" adds nothing to the Amended Complaint. Pltf. Opp. at 1. Plaintiffs continue to refer to an alleged "survey" which they claim demonstrates "the vast majority of purchasers surveyed … believe that the labels mean the Products are 100% cheese and fully grated," even though the Amended Complaint conspicuously failed to disclose the purported survey beyond that fleeting reference. Pltf. Opp. at 1-2. Even if such a survey exists, the Court has already determined the issue as a matter of law, and the reference to the undisclosed survey cannot save Plaintiffs' insufficient pleading on a motion to dismiss. Similarly, as set forth in Wal-Mart's Opening Brief, the linguists' opinions

---

[1] Capitalized terms herein have the same meaning as in Wal-Mart's Opening Brief. Wal-Mart also incorporates and adopts the arguments advanced by co-Defendants Albertsons Companies, Inc., Albertsons LLC (collectively, "Albertsons"), Supervalu Inc. ("Supervalu"), Publix Super Markets, Inc. ("Publix"), Target Corporation ("Target"), ICCO-Cheese Company, Inc. ("ICCO"), and the Kraft Heinz Company ("Kraft") in their separate opening briefs and reply briefs in support of their motions to dismiss Plaintiffs' action.

attached to the Amended Complaint cannot stand in place of adequate factual pleading or the Court's determination of the law as applied to the Product labels. Plaintiffs' other allegations regarding the shelf life of fully cured Parmesan cheese, and their conclusion that the Products contain "too much" cellulose, are also insufficient (and irrelevant) in light of the Court's finding that "Plaintiffs' claims are doomed by the readily accessible ingredient panels on the products that disclose the presence of non-cheese ingredients," and that "Defendants' labeling and marketing, when viewed as a whole, thus are not deceptive." *In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, No. 16 C 5802, 2017 WL 3642076, at *6 (N.D. Ill. Aug. 24, 2017)(" Opinion").[2]  The labels at issue remain the same labels that the Court considered in the context of Plaintiffs' prior Consolidated Class Action Complaint, and none of Plaintiffs' "new" allegations regarding the Product labels compel any different conclusion than the one previously reached by the Court. Finally, Plaintiffs' action should also be dismissed because Plaintiffs still fail to allege sufficient facts to establish the substantive elements of their claims against Wal-Mart under the applicable states' laws.

Because Plaintiffs' claims remain deficient, their action should be dismissed in its entirety. In its Opinion, the Court gave Plaintiffs time and an opportunity to "attempt to correct the deficiencies" identified in the Opinion, and made clear that, "[i]f they do not do so, the dismissals will convert automatically to dismissals with prejudice ..." 2017 WL 3642076 at *10. Plaintiffs have failed to correct the deficiencies previously identified and, therefore, their action

---

[2]     Plaintiffs' claims under the various state consumer protection statutes, as well as their warranty claims and unjust enrichment claims, are essentially unchanged from the prior complaint, and those claims were addressed at length in Wal-Mart's prior briefing in support of its motion to dismiss that complaint. *See* Document 168 (Wal-Mart's Memorandum In Support of Motion to Dismiss dated January 6, 2017) at 8-25; Document 190 (Wal-Mart's Reply dated March 3, 2017) at 5-15. To avoid burdening the Court with additional briefing on those issues, Wal-Mart respectfully refers the Court to those briefs and submits that the state consumer protection claims in the Amended Complaint should be dismissed for the same reasons.

should be dismissed with prejudice. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015) ("A district court acts within its discretion in denying leave to amend, either by dismissing a complaint with prejudice or by denying a post-judgment motion, when the plaintiff fails to demonstrate how the proposed amendment would cure the deficiencies in the prior complaint").

## I.   <u>ARGUMENT</u>

### A.   **Plaintiffs Are Improperly Seeking Reconsideration Of This Court's Prior Decision.**

Plaintiffs, relying mainly upon decisions from outside the Seventh Circuit, argue that the Court "misapplied the law on false advertising" in its prior decision and urge the Court to reverse its holding that the Product labels, read in their entirety (as the law requires) are not likely to mislead a reasonable consumer. *See* Pltf. Opp. at 1-3. Plaintiffs are essentially seeking reconsideration of the Court's prior decision, but it is well-settled that parties cannot seek reconsideration simply by "re-hashing previously rejected arguments" in an attempt to get the Court to revisit a prior legal ruling. *See, e.g., Caisse Nationale de Credit Agricole v. CBI Indus.*, Inc., 90 F.3d 1264, 1270 (7th Cir. 1996). Reconsideration is only appropriate "where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (**not of reasoning**), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (emphasis added) (*overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965, 968 (7th Cir. 2013)). None of these circumstances are present here, and thus there is no basis for the Court to revisit its prior conclusion that, as a matter of law, the Product labels are not misleading.

Plaintiffs rely primarily upon *Williams v. Gerber*, 552 F.3d 934 (9th Cir. 2008), to argue that this Court should not have read the Product labels in their entirety, including the ingredient

panel, in making its determination that the labels disclosed the presence of cellulose and were not misleading. *See*, *e.g*., Pltf. Opp. at 3, 4-5, 7. This Court, however, has already considered and distinguished *Williams* at length in its prior decision. *See* 2017 WL 3642076, at *7 (explaining, most significantly in this case, "Defendants' '100%' assertion is ambiguous, rendering *Williams* inapposite"). Plaintiffs' reliance on *Williams* fails to address the reason why the Court found that opinion to be distinguishable: namely, that the Court found the label here to be ambiguous, in contrast to the label in *Williams,* where the Ninth Circuit found there were deceptive marketing claims on the front of the packaging. In addition, Plaintiffs acknowledge but have no good answer to the questions posed by the Court at the last hearing:

> THE COURT: Is that a heavy lift, to pick up a canister and turn your wrist like this so you could see the back of the label?
> MR. BLOOD: I don't know if it's a heavy lift or not, but it's not a relevant--
> THE COURT: Is it a heavy lift for you? Are you able to do that?
> MR. BLOOD: I suspect I'm strong enough --
> THE COURT: Do you know anybody who isn't able to do that?
> MR. BLOOD: But it's not a relevant inquiry, though, your Honor.
> THE COURT: Well, answer my question. Do you know anybody who isn't able to actually pick up a canister of Parmesan cheese and turn their wrist so now they're looking -- instead of looking at the front, they're looking at the back?
> MR. BLOOD: Presumably, most people can do that.
> THE COURT: Okay.  So, how is that an investigation? An investigation is you go on the Internet.  You call people up. You go to the library. You do research. I'm just having trouble squaring your use of the term "investigation" with what is actually involved here.

Transcript of Hearing dated December 4, 2017 at 10:18-11:14 (emphasis added).

In its prior decision, the Court similarly considered the other cases that Plaintiffs argue are "distinguishable," *see* Pltf. Opp. at 6-9, and Plaintiffs do not argue that there has been any

4

significant change in the applicable law. Thus, there is no basis for the Court to revisit its earlier decision.[3]

In addition to attempting to re-litigate the Court's reading of the case law, Plaintiffs also rely for support upon decisions from outside this Circuit,[4] but such decisions are not binding on this Court and *Davis v. G.N. Mortg. Corp.* (which Plaintiffs notably do not address in their opposition) remains good law. 396 F.3d 869, 884 (7th Cir. 2005) ("[T]he allegedly deceptive act must be looked upon in light of the totality of the information made available to the plaintiff"). While Plaintiffs may disagree with the relevant precedent and the Court's reasoning, they cannot substitute their view of the law for the Court's. Plaintiffs' argument regarding the shelf life of certain hard cheeses, *see* Pltf. Opp. at 9-10, is similarly unavailing. *See* Pltf. Opp. at 9-10. Whether or not fully cured Parmesan cheese, or any other cheese, will keep for some period without refrigeration does not change the Court's analysis of the Product labels, and its commonsense recognition that a reasonable consumer would suspect that a shelf-stable unrefrigerated container of cheese expected to remain on a store shelf for some time would contain some ingredient other than the cheese to keep the cheese stable.

### B. Plaintiffs' Reliance Upon An Undisclosed Survey and Linguists' Opinions Do Not Cure The Deficiencies of the Amended Complaint.

Notably, Plaintiffs fail to refute any of the points made by Defendants regarding Plaintiffs' purported consumer survey or linguist opinions. The Amended Complaint did not

---

[3]    Plaintiffs also rely upon an unpublished decision from the Southern District of Illinois, *York v. Andalou Naturals, Inc.*, No. 16-CV-894-SMY-DGW, 2016 WL 7157555, at *1 (S.D. Ill. Dec. 8, 2016), in which that court denied a motion to dismiss a complaint alleging the misleading use of the term "natural" on certain hair care products. That case is also inapposite, however, because the court in that case – unlike the Court here – did not find that the label claim was ambiguous.

[4]    *See, e.g.*, Pltf. Opp. at 5-6, *citing Lam v. General Mills*, 859 F. Supp.2d 1097 (N.D. Cal. 2012) and *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467 (S.D.N.Y. 2014).

attach a copy of the survey that they refer to as the "gold standard for determining the advertising message conveyed to a reasonable consumer," Pltf. Opp. at 3, and provided only a self-serving summation of the purported findings of the survey. Nor did Plaintiffs plead any specific facts regarding the results of the alleged survey or how it was conducted to enable the Court to evaluate the conclusion they sought to draw from it. In any event, to the extent that Plaintiffs claim that their survey shows that the 100% Statement is misleading because consumers understand it to mean "nothing but cheese," that issue has already been decided as a matter of law.[5] In short, the survey – which is apparently not so persuasive that Plaintiffs chose to disclose it in their Amended Complaint – is irrelevant to the legal question of whether the Product labels are likely to mislead a reasonable consumer.

Plaintiffs also appear to concede the irrelevance of their linguists' opinions, and aside from a passing reference on page 2 of their brief, they do not address any of the numerous decisions holding that opinions, even if offered in the form of expert affidavits (which these are not), do not add anything to an otherwise deficient pleading. As set out in Wal-Mart's opening brief, for purposes of deciding a motion to dismiss, "averments in an expert affidavit carry no additional probative weight merely because they appear within an affidavit," and "[c]onclusory allegations and speculation carry no additional weight merely because a plaintiff placed them within the affidavit of a retained expert." *DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1222 (S.D. Cal. 2001). *See also Am. Home Prod. Corp. v. Procter & Gamble Co.,* 871 F. Supp. 739, 762 (D.N.J. 1994) (expert's "personal opinion as to what messages consumers received from an advertisement is not the legal standard by which the courts must determine

---

[5]     Plaintiffs do not even attempt to address *Sabo v. Wellpet, LLC*, No. 16 C 8550, 2017 WL 4563862, at *1 (N.D. Ill. Oct. 10, 2017), cited in Wal-Mart's opening brief (Document 240), in which this Court granted a motion to dismiss despite plaintiff's invocation of "surveys and scholarship" to bolster its allegations regarding damages.

whether consumers were misled") (*citing Johnson & Johnson-Merck Consumer Pharm. Co. v. Rhone-Poulenc Rorer Pharm., Inc*., 19 F.3d 125, 136 (3d Cir. 1994)).  The opinions add nothing to the Amended Complaint, and they are no obstacle to dismissal.

Plaintiffs Opposition also does not cure the generalized lack of factual detail in the Amended Complaint, which contains only naked assertions regarding Wal-Mart's conduct.  As set forth in Wal-Mart's Opening Brief, generalized allegations of liability that do not identify each defendant's alleged unlawful conduct are insufficient.[6] The ACAC mechanically recites that "Defendants" breached warranties (ACAC ¶ 46, 57), were unjustly enriched (*id.* ¶ 50), or violated the consumer fraud statutes of various states (*id.* ¶¶ 83, 108, 128, 155), but these are simply "legal conclusions and conclusory allegations merely reciting the elements of the claim," and "are not entitled to [a] presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Plaintiffs' Opposition Brief simply ignores this defect, but it is fatal to Plaintiffs' action.

## C. Plaintiffs' State Consumer Protection Law Claims Remain Deficient.[7]

As an initial matter, this Court has already concluded, as a matter of law, that the Product

---

[6]   *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) (dismissing generalized allegations that "the defendants looted the corporation" because "[a] complaint based on a theory of collective responsibility must be dismissed.").  *See also Mohammed v. Sidecar Techs. Inc.*, No. 16 C 2538, 2016 WL 6647946, at *9 (N.D. Ill. Nov. 10, 2016) (group pleading, wherein plaintiff "simply lumps the 'defendants' together and refers to them collectively throughout the complaint," and "fails to provide the individual defendants with sufficient notice of precisely what wrongdoing they are alleged to have committed," is "improper" and "reason enough to dismiss the complaint") (citing *Knight*, 725 F.3d at 818).

[7]   Plaintiffs' statutory consumer protection claims are brought under the laws of Minnesota, New York, Florida, New Jersey, Alabama and California.  The law applicable to these statutory claims was addressed at length in Wal-Mart's prior briefing in support of its motion to dismiss the original Complaint, and will not be repeated here. *See* Document 168 (Wal-Mart's Memorandum In Support of Motion to Dismiss dated January 6, 2017) at Sections VII through XIII, pages 12-24; Document 190 (Wal-Mart's Reply dated March 3, 2017) at 8-12.  Wal-Mart respectfully refers the Court to that briefing, and the points raised in Wal-Mart's opening brief on this motion to dismiss (Document 240) regarding these claims, including the applicable law.

labels at issue are not misleading. The Amended Complaint addresses the same labels that the Court previously reviewed, and Plaintiffs do not argue that there has been any change in the relevant law. Plaintiffs' statutory consumer fraud claims "all share a common requirement: to state a claim, a plaintiff must allege conduct that plausibly could deceive a reasonable consumer," 2017 WL 3642076 at *4, and because the labels are not misleading, each of the statutory claims must fail.

Plaintiffs continue to state, incorrectly, that "the labels state the products are 100% cheese," Pltf. Opp. at 1, but that is simply Plaintiffs' characterization. It is undisputed that the Great Value Product labels state that the Product is "100% Grated Parmesan Cheese." Plaintiffs do not dispute that the FDA has concluded that "grated cheese" can contain cellulose and other ingredients to prevent caking and prolong freshness, so Plaintiffs repeatedly read the word "grated" out of the Product description in an effort to create a misleading statement where there is none. *See, e.g.*, Pltf. Opp. at 1, 7, 13, 15, 16.

Plaintiffs also repeat their claim that the Great Value product "contain[s] excessive quantities of cellulose powder," *see* Pltf. Opp. at 2, thereby making the Product labels misleading, because the specific percentage of cellulose (allegedly 7.8% in the Great Value Product) is "more cellulose than necessary to achieve anti-caking effects." *Id*. at 13. As noted in Wal-Mart's prior brief, however, Plaintiffs have already alleged that the Great Value Product contained 7.8% cellulose in their prior Complaint, and the Court has already rejected the claim that the Products' labels were deceptive because they did not disclose the presence of cellulose. Nor do Plaintiffs allege that the Products contain cellulose in excess of any allowable amount as required under any applicable statute or regulation. Therefore, this allegation adds no weight to Plaintiffs' position.

To the extent that Plaintiffs attempt to rebut specific failings in the individual claims under the various state statutes, *see* Pltf. Opp. at 11-13, those issues do not save the Amended Complaint from the fundamental defects described above, nor are they meritorious in their own right. For example, Plaintiffs flatly claim that "there is no safe harbor" under any of the applicable statutes, because "[n]o legislation or regulation authorizes Defendants to use the 100% Claims." Pltf. Opp. at 12. But they do not dispute that the FDA permits the use of cellulose powder in grated cheese,[8] and Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") does not apply to "[a]n act or practice required or specifically permitted by federal or state law." Fla. Stat. Ann. § 501.212(1). Thus, Plaintiff Becky Sikes's FDUTPA claim should be dismissed on that ground as well. *See Prohias v. Astrazeneca Pharm., L.P.*, 958 So. 2d 1054, 1056 (Fla. 3d DCA 2007) (dismissing FDUTPA claim where drug manufacturers' promotional activity was supported by FDA-approved labeling and fell within FDUTPA's safe harbor provision).

Similarly, Plaintiffs assert that Plaintiff Rollinger states a claim under the Minnesota Deceptive Trade Practices Act ("MDTPA"), which requires that the Plaintiff seek only injunctive relief and act for the benefit of the public, *see Buetow v. A.L.S. Enter., Inc.*, 888 F. Supp. 2d 956, 960 (D. Minn. 2012), and cite for support an unreported decision in which the plaintiffs apparently requested injunctive relief. *See* Pltf. Opp. at 12. In this case, however, Rollinger is seeking to recover damages, and Minnesota courts "hone in on the relief sought by the plaintiff" when evaluating a MDTPA claim. *Buetow*, 888 F. Supp. 2d at 961. "[A] public benefit typically will be found when the plaintiff seeks relief primarily aimed at altering the defendant's conduct"

---

[8]     For a full discussion of and citations to the applicable FDA regulations and standard of identity applicable to the grated parmesan cheese Products, *see* Document 164 (Memorandum of Law in Support of Motions to Dismiss Consolidated Class Action Complaints Against Target Corporation and ICCO Cheese Company, Inc., filed January 6, 2017) at pp. 6-11. Wal-Mart incorporates that portion of Document 164 herein by reference.

rather than individual damages, which "merely enrich (or reimburse) the plaintiff to the defendant's detriment" and do not advance a public interest. *Id*.

Plaintiffs also repeat their specious argument with regard to Plaintiff Wills's ADTPA claim that Wal-Mart must "show[] that it maintained a place of business or held any assets in Alabama fifteen days prior to filing the action" in order to invoke the demand requirements of the Alabama statute. Pltf. Opp. at 12. Not only does the statute not place any burden on a defendant to "show" that it maintains a place of business, *see* Ala. Code 8-19-10(e), but Plaintiff Wills himself alleges that he purchased Great Value Products "at various Wal-Mart stores in Alabama over the past four years." ACAC ¶ 13.

Finally, Plaintiffs do not dispute that the CLRA requires that a consumer give notice at least thirty days before commencing an action for damages, Cal. Civil Code § 1782(a), but argue that Plaintiff Reeves' CLRA action is not barred for lack of notice because "Reeves has not sought damages for Wal-Mart's violation of the CLRA." Pltf. Opp at 13. Reeves, however, asserts a claim for "restitution and disgorgement," ACAC ¶ 155, and under the CLRA a claim for disgorgement or restitution is a claim for damages. *Reed v. Dynamic Pet Prods*., No. 15cv0987-WQH-DHB, 2015 WL 4742202, at *7 (S.D. Cal. July 30, 2015); *accord Herron v. Best Buy Stores, L.P*., No. 12-cv-02103-GEB-JFM, 2014 WL 5514176, at *3 (E.D. Cal. Oct. 31, 2014) (the difference between a claim for damages and a claim for restitution or disgorgement is illusory when plaintiff seeks a specific amount allegedly owed her, *i.e*. a sufficient amount of money to compensate her for her loss, or a sum of money to pay for some benefit the defendant received from her).

### D.    Plaintiffs' Warranty and Unjust Enrichment Claims Should Be Dismissed.

Plaintiffs' Opposition adds nothing to the deficient warranty and unjust enrichment

claims asserted in the Amended Complaint. Instead, Plaintiffs simply assert that the Court reached the wrong legal conclusion regarding whether Plaintiffs could have had an objectively reasonable belief that the Products contained nothing but cheese, despite the fact that the presence of cellulose and other ingredients was clearly disclosed on the Product labels. *See* Pltf. Opp. at 13-14 (warranty claims), 15 (unjust enrichment claims). Because the Amended Complaint still fails to adequately allege that the Product labels are misleading, the Plaintiffs' warranty and unjust enrichment claims must be dismissed.[9]

### E.    The Law of the Case Doctrine Is Applicable And Should Compel Dismissal.

Plaintiffs argue that the law of the case doctrine has no application outside the context of a ruling by an appellate court. Pltf. Opp. at 16. The doctrine, however, is designed to ensure that once an issue of law is litigated and decided, it should not be reopened absent some compelling circumstances. *See Evans v. City of Chicago,* 873 F.2d 1007, 1014 (7th Cir. 1989); *Christianson v. Colt Indus. Operating Corporation,* 486 U.S. 800, 815-16, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case). That principle applies here, where Plaintiffs are merely seeking to re-argue an issue of law already decided. While there is no doubt that a judge "may reexamine his earlier ruling", he should do so only "if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefited from it." *Avitia v. Metro. Club of Chicago, Inc.,* 49 F.3d 1219, 1227 (7th Cir. 1995). Plaintiffs have offered nothing that would suggest that the Court's prior ruling was incorrect, and there is no basis to rescind it.

---

[9]    Plaintiffs state that they are incorporating additional arguments from their prior briefing, but do not specify those arguments. Pltf. Opp. at 14, 16. Wal-Mart similarly incorporates its prior briefing, including reply briefing, regarding Plaintiffs' warranty and unjust enrichment claims. *See* Documents 168, 190.

### F.    <u>Plaintiffs Fail To Address Additional Grounds For Dismissal</u>

Plaintiffs do not address Wal-Mart's argument that the claims of the Amended Complaint that sound in fraud (Counts IV through XIV) fail to meet the heightened pleading requirements under Rule 9(b). Those claims do not plead with particularity the "who, what, when, where, and how" of any alleged fraudulent act by Wal-Mart. *See Rocha v. Rudd*, 826 F.3d 905, 911 (7th Cir. 2016). The Amended Complaint still recites only generalized allegations against both "Defendants," but does not contain any non-conclusory factual allegations regarding Wal-Mart's "alleged participation in the fraud." *Id.* Thus, Plaintiffs simply "lump[] together multiple defendants," which is impermissible. *Id.* (citation and internal quotation marks omitted). Accordingly, the fraud claims of the Amended Complaint should be dismissed for failure to adequately plead grounds for any relief against Wal-Mart.

Similarly, Defendants have previously raised and incorporated by reference their arguments regarding preemption of Plaintiffs' claims. *See* Document 240 at 15. Plaintiffs claim that the Court "did not accept Defendants' preemption arguments," Pltf. Opp. at 10, but it is more accurate to say that the Court did not reach or address those arguments in its prior decision, having found that Plaintiffs' claims lacked merit as a matter of law. Wal-Mart maintains, as set forth in previous briefing, that all of Plaintiffs' labeling claims are subject to dismissal pursuant to the safe harbor document or, in the alternative, preempted as set forth in detail in the prior briefing submitted by Defendant Kraft Heinz (see Document 170-1 at 13-16).

## II.    <u>CONCLUSION</u>

For all of the foregoing reasons, and the reasons set forth in Wal-Mart's Opening Brief, Wal-Mart respectfully requests that the Court dismiss Plaintiffs' action in its entirety, with prejudice.

Dated: February 8, 2018

Respectfully submitted,

*/s/ Francis A. Citera*
Francis A. Citera (ARDC # 6185263)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400  Telephone
(312) 456-8435  Facsimile
citeraf@gtlaw.com

*- and -*

David E. Sellinger
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
(973) 360-7900  Telephone
(973) 301-8410  Facsimile
sellingerd@gtlaw.com

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*