# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:18-cv-08175 |
| | ) |
| AMAZON WEB SERVICES, INC., | ) Hon. Rebecca R. Pallmeyer |
| | ) |
|     Defendant. | ) |
| | ) |

**DECLARATION OF ELIZABETH BERNARD IN SUPPORT OF AWS'S OPPOSITION TO KOVE'S MOTION TO COMPEL AWS TO TIMELY PROVIDE A WITNESS PURSUANT TO RULE 30(b)(6) (Dkt. 276)**

I, Elizabeth Bernard, declare as follows:

1. I am an attorney at Fisch Sigler LLP, counsel for Defendant Amazon Web Services, Inc. ("AWS") in the above-captioned action. I am duly licensed to practice law in the District of Columbia and am admitted to appear in this case *pro hac vice*. I make this Declaration of my own personal knowledge, and if compelled to testify, I could and would competently testify to the matters herein. I submit this Declaration in support of AWS's Opposition to Kove's Motion to Compel AWS to Timely Provide a Witness Pursuant to Rule 30(b)(6) (Dkt. 276).

## THE PARTIES' PRODUCTIONS

2. AWS has responded to 133 requests for production, 22 interrogatories, and 74 Rule 30(b)(6) deposition topics that Kove has served in this matter. Since February 5, 2021, Kove has served 73 additional requests for production, bringing the total to 206.

3. To date, AWS has produced 225,177 pages of documents,[1] and Kove has produced 62,143 pages of documents.[2] AWS also has produced 114,015 source code files and 315 deployment histories.

4. In many instances in its document production, Kove has produced each page of an item (e.g., a contract) as a separate "document."

5. For example, attached hereto as Exhibits 1–3, respectively, are true and correct copies of KOV_00037799–819 (a single contract that Kove produced as 21 separate "documents"), KOV_00036030–44 (a single contract that Kove produced as 15 "documents"), and KOV_00030485–569 (a single web article that Kove produced as 57 "documents"). And there are many other examples among the "documents" that Kove refers to in its motion.

6. In addition, at least a tenth of Kove's production consists of source code "documents," instead of being produced separately on a stand-alone computer, as AWS has done, consistent with the protective order.

**PREVIOUS RULE 30(b)(6) DEPOSITIONS**

7. On January 29, 2020, Kove conducted a Rule 30(b)(6) deposition of AWS principal software engineer James Sorenson on technical topics relating to the accused DynamoDB service. And on January 30, 2020, Kove conducted a Rule 30(b)(6) deposition of AWS principal software engineer Seth Markle on technical topics relating to the accused S3 service. True and correct copies of excerpts from the transcripts of these depositions are attached hereto as Exhibits 4 and 5, respectively.

---

[1] These pages include some native files that are produced as a single Bates number though these files may be in other forms, such as video files.

[2] This includes AWS's most recent production on February 22, 2021. At the time Kove filed its motion to compel, on February 10, 2021, AWS had produced 182,439 pages of documents.

# CORRESPONDENCE PRIOR TO KOVE'S MOTION

8. My firm began representing AWS as attorneys of record in this matter on November 16, 2020. (Dkt. 244, 245). And on December 3, 2020, the Court granted AWS's request to withdraw the appearances of its former counsel, Jenner & Block LLP. (Dkt. 249, 253).

9. After January 26, 2021 and prior to the filing of Kove's motion on February 10, 2021, the parties corresponded about several discovery issues, including Kove's December 17, 2020 and January 28, 2021 Notices of Deposition.

10. Kove attaches two such items of correspondence that it sent to AWS between January 26, 2021 and the filing of its motion. The first is Kove's February 8, 2021 letter (Dkt. 276-1, Ex. W), which lists 15 new subparts of information that Kove is seeking in response to its Interrogatory 22. A true and correct copy of the relevant set of Kove interrogatories is attached hereto as Exhibit 6. And the second is Kove's January 28, 2021 email (Dkt. 276-1, Ex. FF), asking for AWS's counsel's availability to meet and confer and simultaneously serving the January 28, 2021 Notice of Deposition, which hadn't been provided previously.

11. But Kove didn't attach any correspondence that AWS sent after January 26, 2021. This correspondence includes a letter I sent to Kove's counsel on January 29, 2021, noting that AWS had served its objections and responses to Kove's December 17, 2020 notice, and asking Kove to specify what it would like to discuss in a meet and confer as it failed to do so in response to AWS's prior request. A true and correct copy of my January 29, 2021 letter is attached as Exhibit 7.

12. The parties thereafter scheduled a meet and confer, which took place on February 2, 2021, as well as follow-up discussions, which took place on February 4 and 10, 2021.

13. On February 3, 2021, I sent Kove's counsel an email to follow up on the February 2 meet and confer. In that email, AWS confirmed Kove's agreement to provide additional information regarding the prior correspondence between the parties about source code as related to Topic No. 74 of the January 28, 2021 Notice of Deposition, as well as Kove's request AWS review the pending motion to compel regarding technical documents (Dkt. 177). AWS did so, and following this review, AWS requested that Kove withdraw its January 28, 2021 Notice of Deposition for the reasons stated therein and proceed with discussions regarding ESI search terms for any additional Wikis. A true and correct copy of my February 3, 2021 email is attached hereto as Exhibit 8.

14. Kove didn't respond to that AWS request until February 9, 2021, the evening before Kove filed its motion to compel.

15. More specifically, on February 5, 2021, Kove sent an email purporting to follow up on the parties' discussions. But instead of responding to AWS's request, it repeats the assertion that AWS's production is deficient because "less than 6,000 documents have been produced." A true and correct copy of Kove's February 5, 2021 email is attached as Exhibit 9.

16. On February 9, 2021, I emailed Kove's counsel and further explained how AWS proposed to proceed. I also indicated that Kove hadn't responded to my February 3, 2021 email regarding the withdrawal of the January 28, 2021 Notice of Deposition nor had Kove provided the prior correspondence to support Topic No. 74 that it agreed to during the February 2 meet and confer. That evening, Kove responded and stated that AWS's offer to search for narrower ESI search terms was inadequate, and that Kove disagreed that AWS has conducted a reasonable

search for technical documentation. Kove's counsel also provided the prior correspondence regarding the source code production it agreed to provide during the February 2 meet and confer. A true and correct copy of this February 9, 2021 email chain is attached hereto as Exhibit 10.

17. Though the parties conducted a meet and confer on February 10, 2021, the parties didn't specifically discuss the January 28, 2021 Notice of Deposition. The parties discussed an agreement regarding an extension of the fact discovery deadline that would allow for the remaining 30(b)(6) depositions to proceed following the completion of document production. AWS didn't retract its request that Kove withdraw the January 28, 2021 Notice of Deposition nor did AWS indicate that it didn't oppose this notice and Topic Nos. 71-74. AWS's position didn't change from the position provided in the February 3, 2021 email (Exhibit 8).

**FURTHER DISCOVERY AND CORRESPONDENCE**

18. Since the filing of Kove's motion, AWS has served Responses and Objections to Kove's January 28, 2021 Notice of Deposition. A true and correct copy of those Responses and Objections, served on February 17, 2021, is attached hereto as Exhibit 11. AWS has served Responses and Objections to each of the four previous 30(b)(6) Notices of Deposition served by Kove.

19. AWS also corrected Kove's misstatement that AWS hasn't produced certain financial information and confirmed it has produced the relevant financial information for the accused services in this case, as memorialized in a letter that I sent to Kove's counsel on February 19, 2021. A true and correct copy of that February 19, 2021 letter is attached hereto as Exhibit 12.

20. And once Kove confirms its final email production requests so AWS can complete custodian email production, AWS will begin providing dates for the remaining 30(b)(6)

5

depositions, as memorialized in an email that I sent to Kove's counsel on February 22, 2021. A true and correct copy of that February 22, 2021 email is attached hereto as Exhibit 13.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 24, 2021.

/s/ Elizabeth Bernard
Elizabeth Bernard