# Exhibit 9

# Kove v. AWS: 30(b)(6) Deposition Date

Adam Adler <aadler@reichmanjorgensen.com>

Fri 2/5/2021 10:31 PM

To: Elizabeth Bernard <Elizabeth.Bernard@fischllp.com>; Jaime Cardenas-Navia <jcardenas-navia@reichmanjorgensen.com>; Michael Marvin <mmarvin@reichmanjorgensen.com>; Adam Adler <aadler@reichmanjorgensen.com>; Aisha Mahmood Haley <amhaley@reichmanjorgensen.com>; Ariel Green <agreen@reichmanjorgensen.com>; Christine E. Lehman <clehman@reichmanjorgensen.com>; Christopher Jason <cjason@reichmanjorgensen.com>; Connor Houghton <choughton@reichmanjorgensen.com>; Courtland L. Reichman <creichman@reichmanjorgensen.com>; Cristina Beydoun <cbeydoun@reichmanjorgensen.com>; Frederic Vong <fvong@reichmanjorgensen.com>; Jaime Cardenas-Navia <jcardenas-navia@reichmanjorgensen.com>; Jared Rodgers <jrodgers@reichmanjorgensen.com>; Jodie Cheng <jcheng@reichmanjorgensen.com>; Karlanna M. Lewis <klewis@reichmanjorgensen.com>; Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>; Khue Hoang <khoang@reichmanjorgensen.com>; KOVE_AWS_PF <kove_aws_pf@reichmanjorgensen.com>; Marcella Occhicone <mocchicone@reichmanjorgensen.com>; Michael G. Flanigan <mflanigan@reichmanjorgensen.com>; Michael Marvin <mmarvin@reichmanjorgensen.com>; Michael Matulewicz-Crowley <mmatulewicz-crowley@reichmanjorgensen.com>; Mira Yohannes <myohannes@reichmanjorgensen.com>; Peter T. Mastroianni <pmastroianni@reichmanjorgensen.com>; Philip J. Eklem <peklem@reichmanjorgensen.com>; Rahul Sarkar <rsarkar@reichmanjorgensen.com>; Shawna L. Ballard <sballard@reichmanjorgensen.com>; Wesley White <wwhite@reichmanjorgensen.com>;

Cc: Kove Team <FS-Kove@fischllp.com>; rmariotti@thompsoncoburn.com <rmariotti@thompsoncoburn.com>;

Counsel,

I write to follow-up on Tuesday's discussion regarding Kove's 30(b)(6) topics that relate to "the existence, volume, location, custodians, retention, and collection and production efforts" for the core technical and damages documents in this case.  These topics are necessitated by continued deficiencies in AWS's document productions.  Kove first served its document requests on June 10, 2019.  To date, despite numerous correspondences detailing deficiencies and meets and confers about the same, less than 6,000 documents have been produced, with 2,300 of those produced pursuant to ESI search terms   By any objective standard, this volume is too low for a 3 patent case involving the core architecture of two of AWS's most valuable products, both of which have been in operation for many years.  Months of effort by us, detailing the types of documents that are missing and their relevance to this case, have not yielded the necessary discovery.

Fact discovery is closing soon.  We appreciate the progress that's been made in the past few weeks, but we still are not where we need to be in terms of substantive discovery.  As we'd discussed during this week's meet and confers, we believe that a necessary step to resolving the deficient discovery issues is to move forward with our 30(b)(6) notices concerning Topics 63  74   Please let us know by the close of business on Tuesday, February 9, whether AWS will make witness(es) available for deposition by no later than February 19.  If not, Kove will seek relief from the Court.  We're happy to continue working towards a mutually acceptable resolution, but given the already protracted delays and the upcoming scheduling deadlines, we need to press forward.

Additionally, we asked on Thursday whether, in light of AWS's many discovery deficiencies, it would agree to a 45-day extension of fact discovery.  Please let us know whether AWS agrees by close of business on Tuesday.

If AWS would like to meet and confer about either of these issues, we can be available on Monday afternoon

Regards,
Adam

Adam Adler
Reichman Jorgensen LLP
1710 Rhode Island Avenue, NW
12th Floor
Washington, DC 20036
Direct: (605) 623-1480
[aadler@reichmanjorgensen.com]aadler@reichmanjorgensen.com

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.