UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

IN RE: 100% GRATED PARMESAN
CHEESE MARKETING AND SALES
PRACTICES LITIGATION

*This Document Relates to all Cases on the
Albertsons and Supervalu Track*

Civil Action No. 16 CV 5802

MDL 2705

**Judge Gary S. Feinerman**

---

### ALBERTSONS COMPANIES, INC. AND ALBERTSON'S LLC, ANSWER
### TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Defendants Albertsons Companies, Inc. and Albertson's LLC, ("Defendants") by and through their undersigned counsel, deny each and every allegation in the Amended Consolidated Class Action Complaint of Plaintiffs ("Amended Complaint"), unless specifically admitted herein and further responds as follows:

### NATURE OF THE ACTION

1.      This consumer class action arises out of Defendants' misbranding and false and misleading advertising of their grated Parmesan cheese products (the "Products") as "100% Grated Parmesan Cheese" and "100% Grated Parmesan & Romano Cheese." Defendants' advertisements, including their labels, represent the Products as "100% Grated Parmesan Cheese" and "100% Grated Parmesan & Romano Cheese" (collectively, "100% Claims"), but these representations are false, misleading, and likely to deceive the reasonable consumer because the Products are not 100% cheese.

**ANSWER:**    The allegations set forth in Paragraph 1 relate to claims that have been dismissed and, therefore, no response is required. To the extent a response is required, the labels and advertising speak for themselves and the products are 100% Grated Parmesan Cheese, 100% Grated Parmesan & Romano Cheese, 100% Grated Parmesan Cheese, 100% Grated Parmesan & Romano Cheese, and deny the remaining allegations.

2.      Instead, rather than being comprised of all cheese, the Products contain powdered cellulose, an inexpensive filler derived from wood pulp. They also contain cheese cultures that are

not one of the types of cheeses listed on the label. The Products are not "100% Grated Parmesan Cheese" or "100% Grated Parmesan & Romano Cheese."

**ANSWER:** Defendants admit their products contain cellulose and cheese cultures and deny the remaining allegations set forth in Paragraph 2.

3. Nonetheless, according to a recent survey, the vast majority of consumers who purchase the Products believe the Products are 100% cheese and do not contain fillers or artificial ingredients. In fact, in excess of 85% of consumers believe that the label means the Products are 100% cheese and fully grated. Only a very small percentage believed the Products do not consist of 100% cheese.

**ANSWER:** The allegations set forth in Paragraph 3 relate to claims that have been dismissed and, therefore, no response is required. To the extent a response is required, Defendants are without sufficient information or personal knowledge to admit or deny the allegations set forth in Paragraph 3 and, therefore, deny all such allegations.

4. Further, the Products contain more cellulose powder than needed to achieve anticaking effects. That is, Defendants use the cellulose powder as filler. Defendants state, albeit in small print on the back of the Products' container, that the Products contain cellulose powder for anticaking purposes and omit the fact that the cellulose powder is included as a filler.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 4.

5. As a result of Defendants' deceptive and unfair practices, Plaintiffs and the Class members did not receive that which was promised.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 5.

6. Plaintiffs bring this action on behalf of themselves and all other similarly situated consumers to recover the amounts Plaintiffs and the Class members overpaid, to prevent Defendants from continuing to engage in their unlawful, deceptive, and unfair conduct, and to correct the false perception they have created in the marketplace through their misrepresentations and omissions of material facts.

**ANSWER:** Paragraph 6 is a procedural statement to which no response is required. To the extent any portion of the statement requires a response, Defendants deny all such allegations.

## JURISDICTION AND VENUE

7.      The Court has original subject matter jurisdiction over the case under 28 U.S.C. § 1332(d) because the case is brought as a class action under Fed. R. Civ. P. 23, at least one proposed Class member is of diverse citizenship from Defendants, the proposed Class includes more than 100 members, and the aggregate amount in controversy exceeds five million dollars, excluding interest and costs.

**ANSWER:**      Defendants do not contest that jurisdiction is appropriate before the Court

as set forth in paragraph 7.

8.      Venue is proper in this District under 28 U.S.C. § 1391 because Defendants engaged in substantial conduct relevant to Plaintiffs' claims within this District and have caused harm to Class members residing within this District.  Additionally, the lawsuits comprising this consolidated complaint have been transferred to this Court for coordinated pretrial proceedings pursuant to the Transfer Order of the JPML dated June 2, 2016.  Plaintiffs in the transferred actions reserve their rights of remand to the districts from which they were transferred at or before the conclusion of the pretrial proceedings.

**ANSWER:**      Defendants do not contest that venue is permissible for the purposes of this

action, without admitting that it is necessarily proper or convenient.

## PARTIES

9.      Plaintiff Ann Bell ("Bell") is a citizen of the State of Illinois, residing in Palatine, Illinois. Bell has purchased the Products, both the Essential Everyday "100% Grated Parmesan Cheese" and "100% Grated Parmesan & Romano Cheese," approximately two times per year from her local Jewel Osco retail store. Bell purchased the "100% Grated Parmesan Cheese" and the "100% Grated Parmesan & Romano Cheese" believing it was 100% Parmesan cheese and 100% Grated Parmesan & Romano cheese. Bell did not receive that which she was promised.

**ANSWER:**      Defendants lack knowledge or information sufficient to form a belief about

the truth of the allegations set forth in Paragraph 9 and, therefore, deny all such allegations.

10.      Plaintiff Dan Lang ("Lang") is a citizen of the State of Illinois, residing in Chicago, Illinois. Lang purchased the Essential Everyday "100% Grated Parmesan Cheese" several times from various Jewel Osco retail store locations. Lang purchased the "100% Grated Parmesan Cheese" believing it was 100% Parmesan cheese. Lang did not receive that which he was promised.

**ANSWER:**      Defendants lack knowledge or information sufficient to form a belief about

the truth of the allegations set forth in Paragraph 10 and, therefore, deny all such allegations.

3

11.     Plaintiff Michael Wills ("Wills") is a citizen of the State of Alabama, residing in Mumford, Alabama. Wills purchased at least six containers of the Essential Everyday "100% Grated Parmesan Cheese" at various stores in Alabama over the past four years. Wills purchased the "100% Grated Parmesan Cheese" believing it was 100% Parmesan cheese. Wills did not receive that which he was promised.

**ANSWER:**     All claims related to Defendants alleged activities in Alabama have been

dismissed and, therefore, no response is required to the allegations set forth in Paragraph 11.

12.     Defendant Albertsons LLC is a Delaware limited liability company headquartered in Boise, Idaho. It is wholly owned by AB Acquisition, LLC, a Delaware limited liability company. Albertsons operates more than 2,200 stores in thirty-three states and the District of Columbia under brands such as Albertsons, Safeway, Vons, Jewel-Osco, Shaw's, ACME Markets, Tom Thumb, Randalls, United Supermarkets, Pavilions, Star Market, and Carrs.

**ANSWER:**     Defendants admit that Defendant Albertson's LLC is a Delaware limited

liability company headquartered in Boise, Idaho, and states that it is wholly owned by Albertsons

Companies, Inc., a Delaware corporation.  Albertsons further states that it operates more than 2,300

stores in thirty-five states and the District of Columbia under brands such as Albertsons, Safeway,

Vons, Jewel-Osco, Shaw's, ACME Markets, Tom Thumb, Randalls, United Supermarkets, Pavilions,

Star Market, and Carrs, and denies the remaining allegations set forth in Paragraph 12.

13.     Defendant Albertsons Companies, Inc. is a Delaware corporation headquartered in Boise, Idaho.

**ANSWER:**     The Albertsons Defendants admit the allegations set forth in Paragraph 12.

14.     Defendant SuperValu, Inc. is a Delaware corporation with its headquarters in Eden Prairie, Minnesota. SuperValu owns, operates, or franchises approximately 3,470 stores comprised of: (1) 1,950 independent stores serviced primarily by SuperValu's food distribution business; (2) 1,331 Save-A-Lot stores, of which 950 are operated by licensee owners and (3) 191 traditional retail grocery stores.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief about

the truth of the allegations set forth in Paragraph 14 and, therefore, deny all such allegations.

15.     SuperValu, Inc. is the registered owner of the "Essential Everyday" trademark and distributes the Essential Everyday products, including the Products, to SuperValu and Albertsons stores.

4

**ANSWER:**      Defendants admit Supervalu, Inc. distributes Essential Everyday products, including the Products to Albertsons stores.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 15 and, therefore deny all such allegations.

16.      Defendants promote, distribute, market, and sell the Products and many other foods and beverages to consumers throughout the United States, including in Illinois, this District, and/or each of the jurisdictions and Districts from which Plaintiffs' actions were transferred pursuant to 28 U.S.C. § 1407.

**ANSWER:**      Defendants admit that they promote, distribute, market, and/or sell the Products and many other foods and beverages to consumers in the state of Illinois.  All claims pertaining Defendants and the state of Alabama have been dismissed and, therefore, no further response is required to the remaining allegations set forth in Paragraph 16.

## FACTUAL ALLEGATIONS

17.      Parmesan and Romano cheese have become increasingly popular with consumers. According to the United States Department of Agriculture, in 2015, output of Parmesan cheese rose 11% from 2014, to around 336 million pounds, while Romano production grew 20% to 54 million pounds.

**ANSWER:**      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 17 and, therefore, deny all such allegations.

18.      The Products' package labels prominently represent the Products as "100% Grated Parmesan Cheese" or "100% Grated Parmesan & Romano Cheese."  Representative packaging of the Products appears below:

5





**ANSWER:** Defendants admit the pictures in Paragraph 18 appear to be pictures of portions of the packaging of Essential Everyday 100% Grated Parmesan Cheese and 100% Grated Parmesan & Romano Cheese taken some time prior to the filing of the Amended Complaint and states that the packaging speaks for itself.

19. Contrary to Defendants' 100% Claims, the Products are not 100% cheese. In or around February 2016, an independent testing facility determined that a sample of Defendants' Products allegedly consisting of 100% grated cheese contained 8.8% cellulose.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 19.

20. Cellulose is an organic polymer. It is not cheese or any other type of dairy product. Its main use is in the production of paperboard and paper. Humans cannot digest cellulose, and it provides no nutritional calories. Cellulose is often used as a filler.

**ANSWER:** Defendants admit cellulose is an organic polymer and is not a cheese or dairy product. Defendants deny the remaining allegations set forth in Paragraph 20.

21. Because the Products are not all cheese, Defendants' advertising, including the labels, is false, misleading, unfair, deceptive, and intended to induce consumers to purchase the Products.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 21.

22. It is understandable that consumers believed what Defendants told them about these products. These cheeses—cured, dried hard Italian cheeses—keep a long time without refrigeration and do not clump. In fact, "[f]ully cured Parmesan cheese is very hard and keeps almost indefinitely." U.S. Patent No. 6,242,016 B1. The patent also explains that the grated Parmesan cheese usually available in the marketplace is dried after curing to a moisture level of about 12–18%. At this moisture level, "there is little problem of clumping or agglomeration of the grated cheese product." *Id.*

**ANSWER:** Defendants state that the statements in U.S. Patent No. 6,242,016 B1 speak for themselves and deny the remaining allegations set forth in Paragraph 22.

23. Defendants add powdered cellulose in amounts that exceed what is necessary for achieving anticaking effects in the Products.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 23.

24.     According to a recent survey conducted in connection with this litigation, the vast majority of consumers who purchase the Products believe the Products are 100% cheese and do not contain fillers or artificial ingredients. In fact, in excess of 85% of consumers believe that the label means the Products are 100% cheese and fully grated. Only a very small percentage believed the Products do not consist of 100% cheese.

**ANSWER:**     The allegations set forth in Paragraph 24 relate to claims that have been

dismissed and, therefore, no response is required.

25.     It is also understandable that consumers reasonably interpret the Products' labels as meaning the Products consist only of cheese. As explained by linguists Anne Curzan, Ph.D., Ezra Keshet, Ph.D., and Kyle Johnson, Ph.D., in two separate analyses of the phrase "100% Grated Parmesan Cheese," the phrase is linguistically subject to only one plausible interpretation, which is that the Product contains nothing other than grated parmesan cheese. *See* Report of Anne Curzan and Ezra Keshet, attached as Exhibit A; Report of Kyle Johnson, attached as Exhibit B.

**ANSWER:**     The allegations set forth in Paragraph 25 relate claims that have been

dismissed from this litigation and, therefore, no response is required.

26.     Some of Defendants' competitors no longer engage in the deceptive practice of labeling their grated cheese as "100% Grated Parmesan Cheese." After being sued, Publix Super Markets, Inc. changed the labels on its grated Parmesan cheese products by deleting "100%" from its "100% Grated Parmesan Cheese" representation.

**ANSWER:**     The allegations set forth in Paragraph 26 relate to claims that have been

dismissed from this litigation and, therefore, no response is required.

27.     After it was sued, Wal-Mart Stores, Inc. also dropped "100%" from its claim that its grated Parmesan cheese products were "100% Parmesan Grated Cheese" or "100% Grated Parmesan Cheese."

**ANSWER:**     The allegations set forth in Paragraph 27 relate to claims that have been

dismissed from this litigation and, therefore, no response is required.

28.     Plaintiffs and the Class members did not receive that which was promised and represented to them. Each has been exposed to Defendants' advertisements and has seen the Products' labels. Plaintiffs and the Class members overpaid for the Products they purchased.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 28.

29.     Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3), on behalf of a Class defined as follows:

All persons in the United States and its territories who purchased, other than for resale, Essential Everyday 100% Grated Parmesan Cheese or 100% Grated Parmesan & Romano Cheese products.

Excluded from the Class are: (1) Defendants and their officers and directors, agents, affiliates, subsidiaries, and authorized distributors and dealers; (ii) all Class members that timely and validly request exclusion from the Class; and (iii) the Judge presiding over this action.

**ANSWER:** Defendants acknowledge Plaintiffs have styled this matter as a purported class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and (3) and acknowledge Paragraph 29 purports to define a class. Defendants deny this case is appropriate for class certification and deny all remaining allegations in Paragraph 29.

30. Alternatively, Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of the following subclasses:

a. Illinois, and all states with laws at issue similar to Illinois, by Plaintiffs Lang and Bell ("Illinois Class"):

All persons who purchased, other than for resale, in the State of Illinois [and all states with laws at issue similar to Illinois] Essential Everyday 100% Grated Parmesan Cheese or 100% Grated Parmesan & Romano Cheese.

b. Alabama, and all states with laws at issue similar to Alabama, by Plaintiff Wills ("Alabama Class"):

All persons who purchased, other than for resale, in the State of Alabama [and all states with laws at issue similar to Alabama] Essential Everyday 100% Grated Parmesan Cheese or 100% Grated Parmesan & Romano Cheese.

Excluded from the Classes are: (i) Defendants and their officers and directors, agents, affiliates, subsidiaries, and authorized distributors and dealers; (ii) all Class members that timely and validly request exclusion from the Class; and (iii) the Judge presiding over this action.

**ANSWER:** Defendants acknowledge that Plaintiffs have styled this matter as a purported class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and (3) and acknowledge Paragraph 30 purports to define alternative classes. Defendants deny this case is appropriate for class certification and deny all remaining allegations in Paragraph 30.

31. Certification of Plaintiffs' claims for classwide treatment is appropriate because Plaintiffs can prove the elements of their claims on a classwide basis using the all such allegations

evidence as would be used to prove those elements in individual actions alleging the all such allegations claims.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 31.

32. The members of the Class are so numerous that joinder of the Class members would be impracticable.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 32.

33. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Such common questions of law or fact include, *inter alia*:

A. Whether Defendants engaged in the conduct alleged;

B. Whether Defendants misrepresented the content of the Products or misbranded them;

C. Whether Defendants' misrepresentations were false, deceptive, or likely to mislead a reasonable person;

D. Whether Defendants' Products contain more cellulose powder than needed to prevent caking;

E. Whether Defendants' representation that the Products' contents consisted of 100% cheese created an express warranty;

F. Whether Plaintiffs and the Class members paid for a product that they did not receive;

G. Whether Plaintiffs and the Class members have been damaged and, if so, the measure of such damages;

H. Whether Defendants unjustly retained a benefit conferred by Plaintiffs and the Class members, and;

I. Whether Plaintiffs and the Class members are entitled to equitable relief, including, but not limited to, a constructive trust, restitution, and injunctive relief.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 33.

34. Plaintiffs' claims are typical of the claims of the Class members because, among other things, Plaintiffs and the Class members were injured through the substantially uniform misconduct described above. Plaintiffs are advancing the all such allegations claims and legal theories on behalf of themselves and all Class members.

10

**ANSWER:** Defendants deny the allegations set forth in Paragraph 34.

35.     Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the Class members they seek to represent; they have retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiffs intend to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiffs and their counsel.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 35.

36.     A class action is also warranted under Fed. R. Civ. P. 23(b)(2), because Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole. Defendants have directed and continue to direct their conduct to all consumers in a uniform manner. Therefore, injunctive relief on a classwide basis is necessary to remedy continuing harms to Plaintiffs and the Class members caused by Defendants' continuing misconduct.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 36.

37.     A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other detriment suffered by Plaintiffs and the Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system should not be required to undertake such an unnecessary burden. Individualized litigation would also create a potential for inconsistent or contradictory judgments and increase the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 37.

## CLAIMS

## COUNT I

### Breach of Express Warranty on Behalf of the Nationwide Class, or in the Alternative, Plaintiffs' Respective State Classes

38.     Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference each of the answers set forth in the preceding paragraphs as though fully set forth herein.

11

39.     Defendants made affirmations of fact to Plaintiffs and the Class members relating to and describing the Products as 100% grated Parmesan, or 100% grated Parmesan and Romano. They also stated in fine print on the back side of the label that cellulose powder was added to prevent caking.

**ANSWER:**     The allegations set forth in the first sentence of Paragraph 39 relate to claims that have been dismissed and, therefore, no response is required.  Defendants further state that the labels referenced in Paragraph 39 speak for themselves and deny the remaining allegations set forth in Paragraph 39.

40.     Defendants' affirmations of fact and descriptions of the Products formed the basis of the bargain between Plaintiffs and the Class members and Defendants, creating an express warranty under Uniform Commercial Code, 2-313—an identical or substantially similar version of which has been and is currently enacted in each and every state.

**ANSWER:**     Paragraph 40 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 40.

41.     Defendants' Products were accompanied by an express warranty when placed in the stream of commerce by Defendants.

**ANSWER:**     Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 41.

42.     All conditions precedent have occurred or been performed.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 42 and affirmatively state that neither Defendant received notice from any Plaintiff of any alleged issue, nonconformance, or breach of warranty prior to the filing of this lawsuit.

43.     Defendants breached the express warranty by selling a product that did not conform to the affirmations of fact and descriptions. The Products are not 100% cheese, but rather contain other substances in addition to the type of cheese on the label. Further, the added cellulose powder exceeds the amount needed for anti-caking purposes.

**ANSWER:** The allegations set forth in the second sentence of Paragraph 43 relate to claims that have been dismissed and, therefore, no response is required. Defendants deny the remaining allegations set forth in Paragraph 43.

44. At the time of sale to Plaintiffs and the Class members, Defendants had actual knowledge that they breached express warranties with Plaintiffs and the Class members.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 44.

45. As the foreseeable and actual result of Defendants' breach of express warranty, Plaintiffs and the Class members were damaged.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 45.

## COUNT II

### Unjust Enrichment on Behalf of the Nationwide Class, or in the Alternative, on Behalf of Plaintiffs' Respective State Class

46. Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference each of the answers set forth in the preceding paragraphs as though fully set forth herein.

47. Defendants have been unjustly enriched to Plaintiffs' and the Class members' detriment as a result of their unlawful and wrongful retention of money conferred by Plaintiffs and the Class members, such that Defendants' retention of their money would be inequitable.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 47.

48. Defendants' unlawful and wrongful acts, as alleged above, enabled Defendants to unlawfully receive monies they would not have otherwise obtained.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 48.

49. Plaintiffs and the Class members have conferred benefits on Defendants, which Defendants have knowingly accepted and retained.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 49.

50. Defendants' retention of the benefits conferred by Plaintiffs and the Class members would be against fundamental principles of justice, equity, and good conscience.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 50.

51.     Plaintiffs and the Class members seek to disgorge Defendants' unlawfully retained profits and other benefits resulting from their unlawful conduct, and seek restitution and rescission for the benefit of Plaintiffs and the Class members.

**ANSWER:**     Defendants deny Plaintiffs are entitled to any of the remedies set forth in Paragraph 51.

52.     Plaintiffs and the Class members are entitled to the imposition of a constructive trust upon Defendants, such that their unjustly retained profits and other benefits are distributed equitably by the Court to and for the benefit of Plaintiffs and the Class members.

**ANSWER:**     Defendants deny Plaintiffs are entitled to any of the remedies set forth in Paragraph 52.

## COUNT III

### Breach of Implied Warranty of Merchantability on Behalf of the Nationwide Class, or in the Alternative, on Behalf of Plaintiffs' Respective State Class

53.     Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

**ANSWER:**     Defendants incorporate by reference each of the answers set forth in the preceding paragraphs as though fully set forth herein.

54.     Defendants, as the manufacturers, marketers, distributors, and sellers of the Products are merchants.

**ANSWER:**     The allegations in Paragraph 54 state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations.

55.     Plaintiffs and the Class members purchased Products that were manufactured and sold by Defendants in consumer transactions. The implied warranty of merchantability attended the sale of the Products.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 55 of the Amended Complaint and, therefore, deny all such allegations.

56.     To be merchantable, the Products must, at the least:

(a)     Pass without objection in the trade under the contract description;

14

(b)     In the case of fungible goods, be of fair average quality within the description;

(c)     Run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved;

(d)     Be adequately contained, packaged, and labeled as the agreement may require; and

(e)     Conform to the promises or affirmations of fact made on the container or label if any.

**ANSWER:**     Paragraph 56 is a statement of law to which no response is required.  To the extent a response is required, Defendants state that the Products were merchantable and deny any allegations to the contrary.

57.     The Products are not adequately contained, packaged and labeled because they are packaged as "100% Grated Parmesan Cheese" or "100% Grated Parmesan & Romano Cheese," but do not consist of 100% of the stated cheeses. Instead, they contain ingredients other than the cheeses stated on the front label.

**ANSWER:**     The allegations set forth in Paragraph 57 relate to claims that have been dismissed from the litigation and, therefore, no response is required.

58.     The Products do not conform to the promises and affirmations of fact made on their containers and labels because they do not consist of 100% of the stated cheeses as their packaging and labeling warrant.

**ANSWER:**     The allegations set forth in Paragraph 58 relate to claims that have been dismissed from the litigation and, therefore, no response is required.

59.     The Products do not pass without objection in the trade and are not of fair average quality within the contract description because they contain cellulose powder in excessive quantities.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 59.

60.     Plaintiffs and the other members of the Class did not receive the Products as warranted. The Products they purchased were worth less than the Products they were promised and expected.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 60.

15

61.     As a result of Defendants' breach of warranty, Plaintiffs and members of the Class suffered damages.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 61.

<u>**COUNT IV**</u>

<u>**Violation of the Alabama Deceptive Trade Practices Act ("ADTPA")**</u>
<u>**Ala. Code § 8-19-1, *et seq.* on Behalf of the Alabama Class**</u>

62.     Plaintiff Wills ("Plaintiff" for purposes of Count IV) repeats and realleges all of the preceding paragraphs as if fully set forth herein.

**ANSWER:**     Defendants incorporate by reference each of the answers set forth in the

preceding paragraphs as though fully set forth herein.

63.     The ADTPA makes unlawful deceptive acts or practices in the conduct of any trade or commerce such as the following: representing that goods have characteristics, ingredients, benefits, or qualities that they do not have; representing that goods are of a particular standard, quality, or grade, if they are of another; advertising goods or services with intent not to sell them as advertised; or engaging in any other unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce. Ala. Code § 8-19-5(5), (7), (9), (27).

**ANSWER:**     Count IV has been dismissed as to these Defendants and, therefore, no

response is required.

64.     Under the ADTPA, Plaintiff and the Class members and Defendants are persons, and Plaintiff and the Class members are consumers. Ala. Code § 8-19-3(2), (5).

**ANSWER:**     Count IV has been dismissed as to these Defendants and, therefore, no

response is required.

65.     Defendants sell and distribute the Products, which are goods, in trade or commerce. Ala. Code § 8-19-3(3), (6).

**ANSWER:**     Count IV has been dismissed as to these Defendants and, therefore, no

response is required.

66.     The conduct of Defendants, as set forth herein, constitutes unfair or deceptive acts or practices under the ADTPA, including but not limited to, representing and failing to disclose material facts on the Products' labeling and associated advertising, as described above, when they knew that the representations were false and misleading and that the omissions were of material facts they were obligated to disclose.

16

**ANSWER:** Count IV has been dismissed as to these Defendants and, therefore, no response is required.

67. Defendants' actions occurred in the course of trade or commerce. Ala. Code § 819-3(8).

**ANSWER:** Count IV has been dismissed as to these Defendants and, therefore, no response is required.

68. Defendants' actions impact the public interest because Plaintiff and the Class members were injured in exactly the all such allegations way as thousands of others who purchase the Products as a result of Defendants' generalized course of deception. All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendants' business.

**ANSWER:** Count IV has been dismissed as to these Defendants and, therefore, no response is required.

69. Plaintiff and the Class members were injured as a result of Defendants' conduct.

**ANSWER:** Count IV has been dismissed as to these Defendants and, therefore, no response is required.

70. Plaintiffs overpaid for the Products and did not receive the benefit of their bargain.

**ANSWER:** Count IV has been dismissed as to these Defendants and, therefore, no response is required.

71. Defendants' conduct proximately caused the injuries to Plaintiff and the Class members.

**ANSWER:** Count IV has been dismissed as to these Defendants and, therefore, no response is required.

72. Defendants are liable to Plaintiff and the Class members for damages in amounts to be proven at trial, including attorneys' fees, costs, and treble damages.

**ANSWER:** Count IV has been dismissed as to these Defendants and, therefore, no response is required.

17

73.     Pursuant to Ala. Code § 8-19-8, Plaintiffs will serve the Alabama Attorney General with a copy of this complaint as Plaintiff and the Class members seek injunctive relief.

**ANSWER:**     Count IV has been dismissed as to these Defendants and, therefore, no response is required.

## COUNT V

### Violation of the Illinois Deceptive Trade Practices and Consumer Fraud Act ("ICFA"), 815 ILCS 505/2 on Behalf of the Illinois Class

74.     Plaintiffs Bell and Lang ("Plaintiffs" for purposes of Count V) repeat and reallege all preceding paragraphs as if fully set forth herein.

**ANSWER:**     Defendants incorporate by reference each of the answers set forth in the preceding paragraphs as though fully set forth herein.

75.     The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2 prohibits unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, or misrepresentation in the conduct of any trade or commerce.

**ANSWER:**     Paragraph 75 contains a statement of law to which no response is required.

76.     Plaintiffs and the Class members are consumers who purchased the Products.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 76 of the Amended Complaint and, therefore, deny all such allegations.

77.     Defendants' conduct, described above, in misrepresenting and omitting material facts regarding the Products constitutes an unfair or deceptive practice and was and is likely to mislead a reasonable consumer, as detailed above.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 77.

78.     A reasonable consumer would consider the promise of receiving something other than as promised to be important when making a decision to purchase the Products.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 78 of the Amended Complaint and, therefore, deny all such allegations.

79. Defendants' practices were unfair because they offended public policy, were immoral, unethical, oppressive, and unscrupulous, and caused substantial injury to consumers.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 79.

80. Defendants' unfair and deceptive acts or practices were the foreseeable and actual cause of Plaintiffs and the Class members suffering actual damage on account of receiving a product that was not as advertised.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 80.

81. Plaintiffs and the Class members paid a particular price for a product in accordance with Defendants' representations. When they received a product that was not in conformity with those representations and their reasonable expectations, Plaintiffs and the Class members were damaged on account of receiving Products other than as advertised.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 81.

## **PRAYER FOR RELIEF**

Defendants deny Plaintiffs are entitled to any of the prayed relief and/or judgment against Defendants.

## **AFFIRMATIVE DEFENSES**

Defendants incorporate by reference the foregoing paragraphs in their entirety and assert the following Affirmative Defenses. By asserting these defenses, Defendants do not admit or acknowledge they bear the burden of proof on any issue and do not accept any burden they would not otherwise bear. Defendants reserve the right to amend this Answer with additional defenses and/or supplement their existing defenses as further information becomes available through discovery.

## **FIRST AFFIRMATIVE DEFENSE (Failure to State a Claim)**

1. Plaintiffs' Amended Complaint fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE (Equitable Defenses)

2.      Plaintiffs' claims are barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE (Failure to Mitigate)

3.      Plaintiffs' claims are barred because Plaintiffs failed to exercise reasonable care and diligence to mitigate any alleged damages, including, for example, returning the Product to the store for a refund or notify Defendants of their potential claims.

### FOURTH AFFIRMATIVE DEFENSE (Failure of Condition Precedent)

4.      Plaintiffs' claims fail because they did not provide Defendants with pre-suit notice of non-conformance or alleged breach of warranty.

### FIFTH AFFIRMATIVE DEFENSE (Adequate Legal Remedy)

5.      Plaintiffs' claims for equitable relief are barred because they have an adequate remedy at law.

### SIXTH AFFIRMATIVE DEFENSE (Statutes of Limitation)

6.      Plaintiffs' claims fail to the extent they were not commenced within the applicable statutes of limitation for the claims that have not been dismissed from this lawsuit.

### SEVENTH AFFIRMATIVE DEFENSE (No Injury)

7.      Plaintiffs' claims fail because Plaintiffs received the Product they purchased and have suffered no compensable injury.

### EIGHTH AFFIRMATIVE DEFENSE (Lack of Causation)

8.      Plaintiffs' claims fail because Defendants' actions were not the cause of their alleged injuries.

### NINTH AFFIRMATIVE DEFENSE (Lack of Privity)

9.      Plaintiffs' claims fail because they lack privity with Defendants.

**TENTH AFFIRMATIVE DEFENSE (Additional Affirmative Defenses)**

10.     Defendants have insufficient knowledge and/or information to currently be aware of all affirmative defenses that may be available.  Defendants expressly reserve the right to amend this Answer to assert additional affirmative defenses should discovery and/or other further factual investigation provide a basis to do so.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that the Court enter judgment against Plaintiffs as follows:

A.     Dismiss the Amended Complaint with prejudice;

B.     Entering judgment in favor of Defendants and against Plaintiffs;

C.     Awarding Defendants their reasonable attorneys' fees and costs incurred in connection with this case; and

D.     Awarding Defendants any and all other relief to which they may be entitled or which the Court deems just and proper.

Dated:  November 27, 2018                              Respectfully submitted,

/s/ Gary Hansen
Gary Hansen (admitted *pro hac vice*)
Heidi A.O. Fisher (admitted *pro hac vice*)
FOX ROTHSCHILD LLP
222 South Ninth Street - Suite 2000
Minneapolis, MN  55402-3338
Telephone:  612.607.7000
Facsimile:  612.607.7100
Email: ghansen@foxrothschild.com
          hfisher@foxrothschild.com

and

Joseph E. Collins
FOX ROTHSCHILD LLP
353 N. Clark St., Suite 3650
Chicago, IL 60654
Telephone: 312.517.9227
Facsimile: 312.517.9201
Email: jcollins@foxrothschild.com

*Counsel for Defendants Albertsons*
*Companies, Inc. and Albertson's LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was filed on November 27, 2018, with the Clerk of the Court by using the CM/ECF system, which will automatically serve and send email notification of such filing to all registered counsel of record.

/s/ Gary Hansen
Gary Hansen