# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICES LITIGATION | Civil Action No. 16 CV 5802 |
| | MDL 2705 |
| *This Document Relates to all Cases on the Albertsons and Supervalu Track* | Judge Gary S. Feinerman |

## MEMORANDUM IN SUPPORT OF MOTION BY ALBERTSONS COMPANIES, INC., ALBERTSONS LLC, AND SUPERVALU, INC. FOR PARTIAL JUDGMENT ON THE PLEADINGS AND PARTIAL SUMMARY JUDGMENT

Gary Hansen (admitted *pro hac vice*)
Heidi A.O. Fisher (admitted *pro hac vice*)
FOX ROTHSCHILD LLP
222 South Ninth Street, Suite 2000
Minneapolis, MN 55402-3338
Phone: 612.607.7000
ghansen@foxrothschild.com
hfisher@foxrothschild.com

Joseph E. Collins
FOX ROTHSCHILD LLP
353 N. Clark Street, Suite 3650
Chicago, IL 60654
Phone: 312.517.9227
jcollins@foxrothschild.com

*Counsel for Defendants Albertsons Companies, Inc., Albertsons LLC, and Supervalu Inc..*

## **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ...................................................................................................................I

INTRODUCTION ........................................................................................................................... 1

FACTUAL BACKGROUND .......................................................................................................... 2

ARGUMENT ................................................................................................................................... 3

I. DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PLEADINGS ON BELL'S AND LANG'S ICFA CLAIM IN COUNT V BECAUSE THE COMPLAINT DOES NOT ALLEGE A CAUSAL CONNECTION BETWEEN THE SUPPOSED MISREPRESENTATION AND THE PURPORTED INJURY. .......... 3

    A. LEGAL STANDARD. ........................................................................................ 4

    B. THE COURT SHOULD ENTER JUDGMENT ON THE ICFA CLAIMS FOR THE SAME REASONS IT DISMISSED OTHER CONSUMER PROTECTION CLAIMS. ....................................................................................... 4

II. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' REMAINING EXPRESS AND IMPLIED WARRANTY CLAIMS IN COUNTS I AND III BECAUSE PLAINTIFFS DID NOT PROVIDE THE REQUISITE PRE-SUIT NOTICE. ................................................................... 6

    A. LEGAL STANDARD. ........................................................................................ 6

    B. PLAINTIFFS' FAILURE TO PROVIDE EVIDENCE OF PRE-SUIT NOTICE ENTITLES DEFENDANTS TO SUMMARY JUDGMENT ON THE REMAINING EXPRESS AND IMPLIED WARRANTY CLAIMS. ........... 7

III. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON THE UNJUST ENRICHMENT CLAIMS IN COUNT II. ..................................................... 11

    A. BELL'S AND LANG'S UNJUST ENRICHMENT CLAIMS FAIL UNDER ILLINOIS LAW. ................................................................................................. 11

    B. WILLS' UNJUST ENRICHMENT CLAIM FAILS UNDER ALABAMA LAW. ................................................................................................................... 13

CONCLUSION .............................................................................................................................. 14

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*American Manufacturing Co. v. U.S. Shipping Board Emergency Fleet Corp.*,
    7 F.2d 565 (2d Cir. 1925)..................................................................................................9

*Anthony v. Country Life Manufacturing*,
    70 Fed. Appx. 379 (7th Cir. 2003).........................................................................9, 10, 11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...........................................................................................................4

*Association Benefit Services, Inc. v. Caremark Rx, Inc.*,
    493 F.3d 841 (7th Cir. 2007) ...........................................................................................12

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...........................................................................................................4

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986).........................................................................................................7

*Cleary v. Philip Morris Inc.*,
    656 F.3d 511 (7th Cir. 2011) ...........................................................................................12

*Coleman v. Ramada Hotel Operating Co.*,
    933 F.2d 470 (7th Cir. 1991) .............................................................................................6

*Connick v. Suzuki Motor Co, Ltd.*,
    675 N.E.2d 584 (Ill. 1996)..............................................................................................8, 9

*De Bouse v. Bayer AG*,
    922 N.E.2d 309 (Ill. 2009)..................................................................................................5

*Hammel v. Eau Galle Cheese Factory,*
    407 F.3d 852 (7th Cir. 2005) .............................................................................................6

*Hayes v. City of Chicago*,
    670 F.3d 810 (7th Cir. 2012) .............................................................................................4

*Haywood v. Massage Envy Franchising, LLC*,
    887 F.3d 329 (7th Cir. 2018) ..........................................................................................4, 5

*Hobbs v. General Motors Corp.*,
    134 F. Supp. 2d 1277 (M.D. Ala. 2001) ........................................................................8, 11

*Ibarrola v. Kind, LLC*,
    83 F. Supp. 3d 751 (N.D. Ill. 2015) ..............................................................................7, 8

*Jewell v. Seaboard Industries, Inc.*,
    667 So.2d 653 (Ala. 1995) ................................................................................................10

*Kennedy v. Polar-BEK & Baker Wildwood Partnership*,
    682 So.2d 443 (Ala. 1996) ................................................................................................13

*Landlock Natural Paving, Inc. v. Desin L.P.*,
    No. 12 C 2893, 2013 WL 4854361 (N.D. Ill.) ..................................................................12

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ............................................................................................................7

*Mulligan v. QVC, Inc.*,
    888 N.E.2d 1190 (Ill. App. Ct. 2008) ...........................................................................5, 11

*Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*,
    163 F.3d 449 (7th Cir. 1998) .........................................................................................3, 4

*Oshana v. Coca-Cola Co.*,
    472 F.3d 506 (7th Cir. 2006) .............................................................................................5

*Parker v. Bell Ford, Inc.*,
    425 So.2d 1101 (Ala. 1983) ......................................................................................7, 8, 9

*Pearson's Pharmacy, Inc. v. Express Scripts, Inc.*,
    505 F. Supp. 2d 1272 (M.D. Ala. 2007) ..........................................................................13

*Perona v. Volkswagen of Am., Inc.*,
    684 N.E.2d 859 (Ill. App. Ct. 1997) ..................................................................................7

*Reyes v. McDonald's Corp.*,
    Nos. 06 C 1604, 06 C 2813, 2006 WL 3253579 (N.D. Ill.) ..............................................8

*Smith v. Apple, Inc.*,
    No. 08-AR-1498-S, 2009 WL 3958096 (N.D. Ala.) ......................................................8, 9

*Spierer v. Rossman*,
    798 F.3d 5023 (7th Cir. 2015) ....................................................................................7, 10

*Steen v. Myers*,
    486 F.3d 1017 (7th Cir. 2007) ....................................................................................6, 10

*Vardaman v. Florence City Board of Education,*
    544 So.2d 962 (Ala. 1989) ................................................................................................13

*White v. Microsoft Corp.*,
   454 F. Supp. 2d 1118 (S.D. Ala. 2006) ................................................................................ 13

**Statutes**

810 ILCS 5/2-607(3)(A) (2016) .................................................................................................. 7

815 ILCS 505/10a (2016) ............................................................................................................ 5

**Other Authorities**

Ala. Code § 7-2-607 .................................................................................................................. 7, 9

Fed. R. Civ. P. Rule 12(b)(6) ....................................................................................................... 4

Fed. R. Civ. P. Rule 12(c) ................................................................................................... 1, 3, 4

Fed. R. Civ. P. 56(a) .................................................................................................................... 6

## **INTRODUCTION**

This Court's recent Dismissal Order dismissed half of the claims against Defendants Albertsons and Supervalu. The only claims in the Amended Complaint remaining against Albertsons are Counts I and III for breach of express and implied warranty (Illinois), Count V for violation of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), and Count II for unjust enrichment (Illinois). The only claims remaining against Supervalu are Count I for breach of express warranty (Alabama), Count V for violation of ICFA, and Count II for unjust enrichment (Illinois and Alabama).

The Court should enter judgment against Plaintiffs Lang and Bell on Count V (ICFA) for the same reason the Court dismissed other statutory fraud claims. The pleadings establish Lang and Bell purchased Defendants' Products without consulting the ingredients panel on the package. Lang and Bell have not satisfied ICFA's causation requirement because they cannot be injured by a representation on the ingredients panel they never saw. Because Lang and Bell have not stated a claim under ICFA, Albertsons and Supervalu are entitled to judgment in their favor pursuant to Rule 12(c) on Count V of the Amended Complaint.

The Court should enter summary judgment against Plaintiffs on Count I for breach of express warranty and Count III for breach of implied warranty (as to Albertsons only) because based on the record there can be no genuine dispute these Plaintiffs failed to provide Albertsons and Supervalu with the statutorily-required pre-suit notice. As established by the declarations of Kristin Walbourn and Shelby Brooks, neither Defendant received any pre-suit notice from any of Plaintiffs Bell, Lang, or Wills regarding any alleged breach of warranty in connection with their purchases of the Products. Because Plaintiffs did not comply with the Uniform Commercial Code's notice requirement, they cannot prevail on their warranty claims. Thus, Albertsons and

Supervalu are entitled to summary judgment on the remaining express and implied warranty claims.

The Court should enter summary judgment against Plaintiffs on their unjust enrichment claims in Count II because Wills has an adequate remedy at law and because the unjust enrichment claims rise and fall with Lang's and Bell's remaining claims, none of which should survive this motion. The Dismissal Order acknowledged these well-established arguments, but determined they need not be resolved when other claims were still pending. (Doc. 297 at 29–30.) They are now ripe for adjudication, and Albertsons and Supervalu are now entitled to summary judgment on Count II.

## FACTUAL BACKGROUND

Defendants Albertsons and Supervalu promoted, distributed, marketed, and/or sold grated parmesan cheese products ("Products") throughout the United States. (Doc. 227 at ¶¶ 1, 16; LR 56.1 Stmt. at ¶ 9.) Supervalu distributes the Products to Supervalu and Albertsons stores. (Doc. 227 at ¶ 15; LR 56.1 Stmt. at ¶ 10.) The Products' package labels stated "100% Grated Parmesan Cheese" or "100% Grated Parmesan & Romano Cheese." (Doc. 227 at ¶ 18; LR 56.1 Stmt. at ¶ 11.) The Products' package labels also stated: "INGREDIENTS: MILK, CHEESE CULTURE, SALT, ENZYMES, POWDERED CELLULOSE, ADDED TO PREVENT CAKING. CONTAINS MILK." (Doc. 157 at 11-12, Declaration of Catherine Proper, ¶¶ 4–5, Exs. A, B; Doc. 227 at ¶¶ 4, 39; LR 56.1 Stmt. at ¶ 12). Bell and Lang allege they purchased the Products at Albertsons' Jewel Osco stores in Illinois. (Doc. 227 at ¶¶ 9, 10; LR 56.1 Stmt. at ¶¶ 13, 22.) Wills alleges he purchased the Products in "various stores" in Alabama. (Doc. 227 at ¶ 11; LR 56.1 Stmt. at ¶ 30.)

Bell, Lang, and Wills allege they purchased the "100% Grated Parmesan Cheese" Product believing it was 100% Parmesan cheese. (Doc. 227 at ¶¶ 9-11; LR 56.1 Stmt. at ¶¶ 14, 23, 31.)

Bell alleges she purchased the "100% Grated Parmesan & Romano Cheese" Product believing it was 100% Grated Parmesan & Romano cheese. (Doc. 227 at ¶ 9; LR 56.1 Stmt. at ¶ 14.) Bell, Lang and Wills do not allege they read the ingredients list on the Products' packaging. (*See* Doc. 227 at ¶¶ 4, 39; LR 56.1 Stmt. at ¶¶ 16, 24, 32.) Bell, Lang and Wills do not allege they believed the Products "contain more cellulose powder than needed to achieve anticaking effects." (*See* Doc. 227 at ¶ 4; LR 56.1 Stmt. at ¶¶ 17, 25, 33.) The Court has previously determined from the allegations in the Complaint that because Bell, Lang and Wills purchased the Products believing them to be "100% Grated Parmesan Cheese" or "100% Grated Parmesan and Romano Cheese," the necessary implication is that they never consulted, let alone relied upon, the ingredient labels' assertion that cellulose was added to prevent caking. (Doc. 297 at 16; LR 56.1 Stmt. at ¶ 34.)

The Amended Complaint does not contain factual allegations that Bell, Lang or Wills provided either Albertsons or Supervalu with, or that either Albertsons or Supervalu received, pre-suit notice of express or implied warranty claims in connection with their purchases of the Products. (*See* Doc. 227, generally; LR 56.1 Stmt. at ¶¶ 17, 25, 35.) Prior to the filing of this action, neither Albertsons nor Supervalu received pre-suit notice by Bell, Lang or Wills of any express or implied warranty claims in connection with her purchases of the Products. (Ex. B, Declaration of Shelby Brooks on behalf of Albertsons, ¶ 5, Ex. A, Declaration of Kristin Walbourn on behalf of Supervalu, ¶ 6; LR 56.1 Stmt. ¶¶ 36-37.)

**ARGUMENT**

**I.     DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PLEADINGS ON BELL'S AND LANG'S ICFA CLAIM IN COUNT V BECAUSE THE COMPLAINT**

3

**DOES NOT ALLEGE A CAUSAL CONNECTION BETWEEN THE SUPPOSED MISREPRESENTATION AND THE PURPORTED INJURY.**

**A.     Legal Standard.**

Rule 12(c) permits a party to move for judgment on the pleadings, which consist of the "the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

**B.     The Court Should Enter Judgment on The ICFA Claims For The Same Reasons It Dismissed Other Consumer Protection Claims.**

The Court previously dismissed with prejudice Anticaking claims from this litigation under the consumer protection statues of Alabama, California, Florida, New Jersey, and New York, and certain Minnesota statutes, because those statutes all require reliance or causation, which the Amended Complaint did not allege. As explained by the Court:

> The operative complaints allege that Plaintiffs purchased Product believing them to be 100% Grated Parmesan Cheese." The necessary implication is that Plaintiffs never consulted, let alone relied upon, the ingredients labels' assertion that cellulose was added to prevent caking. This dooms Plaintiffs' claims under the above-referenced statutes, all of which required some form of causal connection between the alleged misrepresentation and the plaintiff's alleged injury.

(Doc. 297 at 16) (record citations omitted). Because causation is a necessary element of an ICFA claim, the Court's reasoning similarly dooms the ICFA claim made by Plaintiffs Bell and Lang.

4

The Seventh Circuit recently reaffirmed the Court may reject an ICFA claim at the pleading state for the failure to allege causation. *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 334 (7th Cir. 2018) (finding "a court may determine [causation] as a matter of law where 'only one conclusion is clearly evident'") (citing *Mulligan v. QVC, Inc.*, 888 N.E.2d 1190, 1199 (Ill. App. Ct. 2008)). The circumstances noted in *Haywood* are also present here.

To state a claim under the ICFA as a private party, Plaintiffs Bell and Lang must plausibly allege: (1) a deceptive act or promise by Defendants; (2) Defendants' intent that they rely on the deceptive act; (3) the deceptive act occurred during a course of conduct involving trade or commerce; and (4) actual damage *as a result of the deceptive act*. *Haywood*, 887 F.3d at 334 (emphasis added); *see also* 815 ILCS 505/10a (2016) (providing individual cause of action for violation resulting in "actual damages"). The alleged deceptive act must have been the "but-for" cause of the claimed damage. *Haywood*, 887 F.3d at 334; *Mulligan,* 888 N.E.2d at 1199. In other words, "the plaintiff must have actually been deceived by the defendant's alleged misrepresentations of fact." *Mulligan,* 888 N.E.2d at 1199; *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 513–14 (7th Cir. 2006) ("[T]o properly plead the element of proximate causation in a private cause of action for deceptive advertising under [ICFA], a plaintiff must allege that he was in some manner deceived.") (citations and quotations omitted).

Plaintiffs Bell and Lang base their ICFA claim on alleged representations on the Products' ingredients panel. (Doc. 227 ¶¶ 77, 81.) They do not plead, however, that they saw the ingredients panel prior to purchase and, as the Court previously held, "[t]he necessary implication [of Plaintiffs' allegations] is that Plaintiffs never consulted, let alone relied upon, the ingredients labels' assertion that cellulose was added to prevent caking." (Doc. 297 at 16.) The Illinois Supreme Court has held that a consumer who did not see the alleged misrepresentation cannot

5

prove ICFA's proximate cause requirement: "If a consumer has neither seen nor heard any such statement, then she cannot have relied on the statement and, consequently, cannot prove proximate cause." *De Bouse v. Bayer AG*, 922 N.E.2d 309, 316, 318–19 (Ill. 2009). Because Bell and Lang have not alleged legally cognizable ICFA claims, Defendants are entitled to judgment in their favor on Count V of the Amended Complaint.

## II. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' REMAINING EXPRESS AND IMPLIED WARRANTY CLAIMS IN COUNTS I AND III BECAUSE PLAINTIFFS DID NOT PROVIDE THE REQUISITE PRE-SUIT NOTICE.

The Court's Dismissal Order dismissed several breach of express and implied warranty claims against Defendants, leaving only an Alabama express warranty claim against Supervalu and Illinois express and implied warranty claims against Albertsons. Because the record demonstrates that Plaintiffs have no facts or evidence to substantiate the required pre-suit notice of their warranty claims to Defendants, the Court should enter summary judgment in favor of Defendants on the remaining warranty claims.

### A. Legal Standard.

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Coleman v. Ramada Hotel Operating Co.*, 933 F.2d 470, 473 (7th Cir. 1991). To survive a motion for summary judgment, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* (quotation omitted). The non-movant must produce "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Coleman*, 933 F.2d at 473. If the evidence is "merely colorable" or is "not significantly probative," summary judgment for the moving party is appropriate. *Coleman*, 933 F.2d at 473. As the Seventh Circuit has consistently held,

> summary judgment is 'not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince the trier of fact to accept its version of the events.'

*Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory,* 407 F.3d 852, 859 (7th Cir. 2005) (internal citations omitted)).

To be entitled to summary judgment, the moving party is not required to present any facts or evidence negating the non-moving party's claims. *Spierer v. Rossman,* 798 F.3d 5023, 508 (7th Cir. 2015) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). Rather, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Spierer,* 798 F.3d at 510 (quoting *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). Thus, if the movant shows the record contains no facts or evidence to support an element of a claim, and the non-movant does not come forward with such facts or evidence, summary judgment is appropriate. *Spierer,* 798 F.3d at 510. "Once the pleading phase ends, the plaintiffs' facts are no longer taken as true, but must be substantiated by evidence if challenged." *Id.*

### B. **Plaintiffs' Failure to Provide Evidence of Pre-Suit Notice Entitles Defendants to Summary Judgment on the Remaining Express and Implied Warranty Claims.**

Defendants are entitled to summary judgment on the remaining claims in Count I (Breach of Express Warranty) against Albertsons and Supervalu and Count III (Breach of Implied Warranty) against Albertsons because the record contains no facts or evidence of statutory pre-suit notice to Defendants. The U.C.C., as adopted in both Illinois and Alabama, requires pre-suit notice. 810 ILCS 5/2-607(3)(A) (2016); Ala. Code. § 7-2-607 (2016); *Parker v. Bell Ford, Inc.*, 425 So.2d 1101, 1102 (Ala. 1983) (affirming directed verdict and stating that notice, as required by Ala. Code § 7-2-607, is "a condition precedent to recovery"); *Perona v. Volkswagen of Am.,*

7

*Inc.*, 684 N.E.2d 859, 864 (Ill. App. Ct. 1997) (holding that failure to provide pre-suit notice is fatal to warranty claims in Illinois).

The notice requirement is not academic; it has an important purpose "to encourage parties to resolve the dispute short of litigation." *Ibarrola v. Kind, LLC,* 83 F. Supp. 3d 751, 760 (N.D. Ill. 2015). "The drafters of the U.C.C. contemplated that, by adding a notice requirement, adverse parties would . . . have an incentive to attempt settlement of breach of warranty claims prior to commencement of a suit." *Reyes v. McDonald's Corp.*, Nos. 06 C 1604, 06 C 2813, 2006 WL 3253579, at *3 (N.D. Ill.); *Hobbs v. Gen. Motors Corp.*, 134 F. Supp. 2d 1277, 1283 (M.D. Ala. 2001) ("The Alabama Supreme Court stated that there are three justifications for the notice requirement: to prevent stale claims, to allow the seller to marshal evidence for a defense, and to allow the seller to correct the defect or mitigate damages."). None of these goals can be met if proper pre-suit notice is not given. Therefore, Plaintiffs must give notice *before* filing a lawsuit, and the complaint itself is not pre-suit notice. *Ibarrola*, 83 F. Supp. 3d at 761 ("At this point, it would be impossible for [the plaintiff] to provide pre-litigation notice of the breach of warranty."); *Parker*, 425 So.2d at 1102 (stating that notice is "a condition precedent to recovery"); *Hobbs*, 134 F. Supp. 2d at 1285–86 (finding that filing lawsuit does not constitute notice). And, importantly, both Illinois and Alabama warranty law require that Plaintiffs give *direct notice* to Defendants that they believe the *particular* Product they purchased is defective—they may not rely on allegations of general knowledge to satisfy the pre-suit notice requirement. *Connick v. Suzuki Motor Co, Ltd*., 675 N.E.2d 584, 590–91 (Ill. 1996); *Smith v. Apple, Inc*., No. 08-AR-1498-S, 2009 WL 3958096, at *1 (N.D. Ala.).

For example, in *Connick*, a class action, the plaintiffs brought warranty claims against Suzuki based on alleged defects causing rollover risks in Samurai sport utility vehicles. The

8

plaintiffs argued they should be excused from the statutory pre-suit notice requirement because Suzuki had actual knowledge of a defect from (1) a report from a third-party consumer watchdog organization highlighting the risk of rollover, (2) investigations conducted by several state attorneys general into the defect resulting in a settlement between Suzuki and the states, (3) consumers commencing another class action in Pennsylvania, and (4) Plaintiffs filing of the *Connick* action itself. *Connick*, 675 N.E.2d at 590–91. The Illinois Supreme Court found that any such supposed notice amounted only to "generalized information concerning the Samurai product line," and did not establish that Suzuki had "actual knowledge of the alleged breach of *the particular products* purchased by *the named plaintiffs* in this lawsuit." *Id.* at 590 (emphasis added). The *Connick* court further held that for purposes of pre-suit notice, "[t]he notice 'of the breach' required is not of the facts, which the seller presumably knows quite as well as, if not better than, the buyer, but of *buyer's claim* that they constitute a breach." *Id.* (quoting *Am. Mfg. Co. v. U.S. Shipping Bd. Emergency Fleet Corp*., 7 F.2d 565, 566 (2d Cir. 1925)) (explaining further that "even if a manufacturer is aware of problems with a particular product line, the notice requirement of section 2-607 is satisfied only where the manufacturer is somehow apprised of the trouble with the particular product purchased by a particular buyer").

The Seventh Circuit, in *Anthony v. Country Life Manufacturing*, 70 Fed. Appx. 379 (7th Cir. 2003), applied *Connick* in a putative class action similar to the current case, affirming dismissal of breach of express and implied warranty claims alleging Country Life's nutritional bars contained substances which had not been approved by the Food and Drug Administration. The Seventh Circuit found that although Country Life surely knew the ingredients it used in its bars, "Country Life's knowledge of its own ingredients is insufficient under Illinois law to constitute actual knowledge of the alleged defect." *Id*. at 384.

9

Alabama law is in accord with Illinois law. The court in *Smith v. Apple, Inc.* found "[c]ontrary to plaintiffs' argument, a general awareness on Apple's part of alleged defects in its iPhone does not extinguish the purposes of the notice requirement, nor does it substitute for that requirement under Alabama law." 2009 WL 3958096, at *1; *see also Parker*, 425 So.2d at 1102 (finding that no notice was given after multiple complaints and attempt to repair where plaintiff failed to provide any notice that attempted repair did not resolve issue prior to filing suit).

The Amended Complaint does not contain any factual allegations establishing that either Defendant received pre-suit notice of any of Plaintiffs Bell's, Lang's, or Wills' warranty claims with respect to the particular cheese products he or she purchased. Rather, the Amended Complaint merely alleges—in the most conclusory matter—that "[a]ll conditions precedent have occurred or been performed." (Doc. 297 at 21; Doc. 227 at ¶ 42.) The Court found this bare allegation sufficient for purposes of pleading. However, those allegations are insufficient at the summary judgment stage. *Spierer,* 798 F.3d at 510 ("Once the pleadings phase ended, the plaintiffs' facts are no longer taken as true but must be substantiated by evidence if challenged.").

Notwithstanding Plaintiffs' burden to substantiate pre-suit notice by evidence, Defendants have reviewed their own records and have confirmed they did not receive pre-suit notice from any of Plaintiffs Bell, Lang, and Wills. (Ex. A ¶ 6; Ex. B ¶ 5.) This lack of evidence is unsurprising, given the generic, non-factual allegations in each of the three versions of these Plaintiffs' complaints. Indeed, in response to Defendants' motion to dismiss the initial consolidated complaint, Plaintiffs implicitly acknowledged the lack of notice, arguing instead that a different consumer had provided pre-suit notice to Wal-Mart.[1] (Doc. 185 at 34–35.) Plaintiffs may no longer

---

[1] The consumer (Bustamante) who allegedly provided pre-suit notice to Wal-Mart is not a plaintiff in the Amended Complaint against Wal-Mart or the Amended Complaint against any other Defendant in this MDL.

10

hide behind their general allegation and must come forward with evidence of pre-suit notice to avoid summary judgment against them.[2] *See Steen*, 486 F.3d at 1022 (summary judgment is the time to "put up or shut up" "when a party must show what evidence it has."). Because Plaintiffs cannot produce that evidence, Defendants are entitled to summary judgment as a matter of law on Plaintiffs' remaining breach of warranty claims. *Jewell v. Seaboard Indus., Inc.*, 667 So.2d 653, 661 (Ala. 1995) (affirming summary judgment because plaintiff did not give notice of a breach of an implied warranty); *Hobbs*, 134 F. Supp. 2d at 1283 (granting summary judgment on warranty claim due to lack of pre-suit notice); see also *Anthony v. Country Life Manufacturing*, 70 Fed. Appx. at 384 (affirming dismissal of putative class action for failure to provide pre-suit notice of warranty claims). The Court should grant summary judgment in favor of Defendants on the remaining express and implied warranty claims in Counts I and III of the Amended Complaint.

### III. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON THE UNJUST ENRICHMENT CLAIMS IN COUNT II.

Plaintiffs Bell's and Lang's unjust enrichment claims are based on the same alleged wrongdoing and subject matter as their ICFA and breach-of-warranty claims. Because those related claims fail for the reasons discussed above, their unjust enrichment claims also fail under Illinois law. Because Plaintiff Wills has alleged a contractual warranty relationship with Supervalu, which also fails for the reasons discussed above, he cannot maintain a quasi-contractual unjust enrichment claim under Alabama law.

#### A. Bell's and Lang's Unjust Enrichment Claims Fail Under Illinois Law.

Under Illinois law, an unjust enrichment claim "is not a separate cause of action that, standing alone, would justify an action for recovery." *Mulligan,* 888 N.E.2d at 1200. "Thus,

---

[2] If Plaintiffs had provided pre-suit notice, they would know they had done so and would be in possession of the supporting facts.

11

where the underlying claim for fraud is deficient, we have dismissed claims for unjust enrichment. As applied to the present case, in the absence of a private cause of action for consumer fraud, unjust enrichment cannot form the basis for liability." *Id.* at 1200 (internal citations omitted). Moreover, the Seventh Circuit has stated that unjust enrichment claims stand or fall with the other claims to which they are related:

> Unjust enrichment is a common-law theory of recovery or restitution that arises when the defendant is retaining a benefit to the plaintiff's detriment, and this retention is unjust. What makes the retention of the benefit unjust is often due to some improper conduct by the defendant. And usually this improper conduct will form the basis of another claim against the defendant in tort, contract, or statute. So, *if an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim – and, of course, unjust enrichment will stand or fall with the related claim.*

*Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) (emphasis added) (citing *Ass'n Benefit Servs, Inc. v. Caremark Rx, Inc.*, 493 F.3d 841, 855 (7th Cir. 2007) ("[W]here the plaintiff's claim of unjust enrichment is predicated on the same allegations of fraudulent conduct that support an independent claim of fraud, resolution of the fraud claim against the plaintiff is dispositive of the unjust enrichment claim as well."), *reh'g denied* (Nov. 15, 2011); *see also Landlock Natural Paving, Inc. v. Desin L.P.*, No. 12 C 2893, 2013 WL 4854361 (N.D. Ill. Sept. 11, 2013) (Feinerman, J.) (dismissing unjust enrichment claim because it was tied to dismissed statutory and common law fraud claims).

Bell's and Lang's theory of unjust enrichment is undeniably based on the same alleged conduct underlying Plaintiffs' ICFA and warranty claims. (*See* Doc. 227 at ¶ 48) ("Defendants' unlawful and wrongful acts, as alleged above, enabled Defendants to unlawfully receive monies they would not have otherwise obtained."). Because their statutory and warranty claims fail as a matter of law, their Illinois unjust enrichment claim also fails. *See Cleary*, 656 F.3d at 517; *Ibarraola,* 83 F. Supp. 3d at 760–61 ("Absent a plausible allegation of deception, the claim for

12

unjust enrichment must fail.") Accordingly, Albertsons and Supervalu are entitled to summary judgment on Bell's and Lang's unjust enrichment claims in Count II of the Amended Complaint.

### B. Wills' Unjust Enrichment Claim Fails Under Alabama Law.

Supervalu is entitled to summary judgment on Wills' unjust enrichment claim because Wills cannot simultaneously maintain an express warranty claim and a quasi-contractual unjust enrichment claim based on the same facts and relationship. "[U]nder Alabama law, an unjust enrichment claim sounds in the nature of quasi-contract, as the law equitably implies a contract between the parties to prevent the unjust enrichment of a defendant at the expense of a plaintiff." *White v. Microsoft Corp.*, 454 F. Supp. 2d 1118, 1132 (S.D. Ala. 2006). Thus, Wills' unjust enrichment cause of action "operates through the mechanism of an equitably-implied contract" between Wills and Supervalu "to reverse any unfair retention of a benefit by the latter to the detriment of the former." *Id*. The Alabama Supreme Court has also held, however, "that where an express contract exists between two parties, the law generally will not recognize an implied contract regarding the same subject matter." *Id.* (citing *Kennedy v. Polar-BEK & Baker Wildwood P'ship,* 682 So.2d 443, 447 (Ala. 1996) and *Vardaman v. Florence City Bd. of Educ.,* 544 So.2d 962, 965 (Ala. 1989)). Where a plaintiff has brought claims sounding in both express contract and quasi-contract as to the same subject matter, Alabama courts have deemed the quasi-contract claim not to be cognizable. *Id*. at 1133.

Here, Wills has alleged an express warranty that, according to Wills, governs the parties' relationship. The alleged warranty covers the same anticaking issue as to which Wills is asking the Court to imply a quasi-contractual relationship between the parties to prevent the alleged wrongful retention of money. Because the contract allegedly formed by the express and implied warranties covers the same subject matter and would have provided an adequate remedy at law, "it is unnecessary to indulge the legal fiction of implying such a contract to avoid an inequitable

13

outcome . . . ." *Id*. at 1133 (granting summary judgment for identical reasons); *Pearson's Pharmacy, Inc. v. Express Scripts, Inc.*, 505 F. Supp. 2d 1272, 1278 (M.D. Ala. 2007) (dismissing unjust enrichment claims based on fraud where "plaintiffs have an adequate remedy at law for damages under a theory of breach of contract"). Supervalu is entitled to summary judgment on Wills unjust enrichment claim in Count II of the Amended Complaint.

## CONCLUSION

Defendants Albertsons and Supervalu are entitled to judgment on all claims by Plaintiffs remaining in this action. The ICFA claim fails because Lang and Bell have not alleged a causal connection between an alleged misrepresentation and an alleged injury. The warranty claims fail because Plaintiffs have not provided facts or evidence establishing that pre-suit notice was provided by any of them to either Defendant. The unjust enrichment claim fails against Lang and Bell when their all other claims have failed, and when Wills has an adequate remedy under Alabama law. The Court should grant judgment against Plaintiffs and in favor of Albertsons and Supervalu.

Dated: December 6, 2018

Respectfully submitted,

/s/ Joseph E. Collins
Joseph E. Collins
FOX ROTHSCHILD LLP
353 N. Clark St., Suite 3650
Chicago, IL 60654
Telephone: 312.517.9227
Email: jcollins@foxrothschild.com

/s/ Gary Hansen
Gary Hansen (admitted *pro hac vice*)
Heidi A.O. Fisher (admitted *pro hac vice*)
FOX ROTHSCHILD LLP
222 South Ninth Street - Suite 2000
Minneapolis, MN 55402-3338
Telephone: 612.607.7000
Email: ghansen@foxrothschild.com
hfisher@foxrothschild.com

*Counsel for Defendants Albertsons Companies, Inc., Albertsons LLC, and Supervalu, Inc.*