UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICES LITIGATION<br><br>*This Document Relates to all Cases on the Albertsons and Supervalu Track* | Civil Action No. 16 CV 5802<br><br>MDL 2705<br><br>Judge Gary S. Feinerman |

**LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS BY DEFENDANTS ALBERTSONS COMPANIES, INC., ALBERTSONS LLC, AND SUPERVALU, INC. IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants Albertsons Companies, Inc., Albertsons LLC (jointly "Albertsons"), and Supervalu, Inc., pursuant to Local Rule 56.1, states the following material facts as to which they contend there is no genuine issue and that entitle them to partial summary judgment in their favor on Counts I-III of the Amended Consolidated Class Action Complaint ("Amended Complaint") as a matter of law.

**Parties**

1. Plaintiff Ann Bell ("Bell") is a citizen of the State of Illinois, residing in Palatine, Illinois. (Doc. 227 at ¶ 9.)

2. Plaintiff Dan Lang ("Lang") is a citizen of the State of Illinois, residing in Chicago, Illinois. (*Id.* at ¶ 10.)

3. Plaintiff Michael Wills ("Wills") is a citizen of the State of Alabama, residing in Mumford, Alabama. (*Id.* at ¶ 11.)

4. Defendant Albertsons LLC is a Delaware limited liability company headquartered in Boise, Idaho. (*Id.* at ¶ 12.)

5. Defendant Albertsons Companies, Inc. is a Delaware corporation headquartered in

Boise, Idaho. (*Id*. at ¶ 13.)

6. Defendant Supervalu, Inc. ("Supervalu") is a Delaware corporation with its headquarters in Eden Prairie, Minnesota. (*Id*. at ¶ 14.)

## Venue and Jurisdiction

7. The Court has original jurisdiction over the case under 28 U.S.C. § 1332(d) because the case is brought as a "class action" (as defined in 28 U.S.C. § 1332(d)(1)(B)), at least one of the proposed "class members" (as defined in 28 U.S.C. § 1332(d)(1)(D)) is a citizen of a State different from one of the Defendants, and the aggregate amount in controversy exceeds the sum or value of five million dollars, excluding interest and costs. (*See id*. at ¶ 7.)

8. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims in this action occurred. Additionally, the underlying lawsuits comprising this Amended Complaint have been transferred to this Court for coordinated pretrial proceedings pursuant to the Transfer Order of the JPML dated June 2, 2016. (*See id*. at ¶ 8.)

## Material Facts

9. Defendants promoted, distributed, marketed, and/or sold grated parmesan cheese products ("Products") throughout the United States. (*Id*. at ¶¶ 1, 16.)

10. Supervalu distributes the Products to Supervalu and Albertsons stores. (*Id*. at ¶ 15.)

11. The Products' package labels stated "100% Grated Parmesan Cheese" or "100% Grated Parmesan & Romano Cheese." (*Id*. at ¶ 18.)

12. The Products' package labels also stated: "INGREDIENTS: MILK, CHEESE CULTURE, SALT, ENZYMES, POWDERED CELLULOSE, ADDED TO PREVENT CAKING. CONTAINS MILK."

2



(Doc. 157 at 11-12, Declaration of Catherine Proper, ¶¶ 4–5, Exs. A, B, Doc. 227 at ¶¶ 4, 39).

**Bell**

13.     Bell alleges she purchased the Products at Albertsons' Jewel Osco stores in Illinois. (Doc. 227 at ¶ 9.)

14.     Bell alleges she purchased the "100% Grated Parmesan Cheese" Product believing it was 100% Parmesan cheese. (*Id*.)

15.     Bell alleges she purchased the "100% Grated Parmesan & Romano Cheese" Product believing it was 100% Grated Parmesan & Romano cheese. (*Id*.)

16.     Bell does not allege she read the ingredients list on the Products' packaging. (*See id*. at ¶¶ 4, 39.)

17.     Bell does not allege she believed the Products "contain more cellulose powder than needed to achieve anticaking effects." (*See id*. at ¶ 4.)

3

18. The Court has previously determined from the allegations in the Complaint that because Bell purchased the Products believing them to be "100% Grated Parmesan Cheese" or "100% Grated Parmesan and Romano Cheese," the necessary implication is that she never consulted, let alone relied upon, the ingredient labels' assertion that cellulose was added to prevent caking. (Doc. 297 at 16.)

19. The Amended Complaint does not contain factual allegations that Bell provided either Albertsons or Supervalu with, or that either Albertsons or Supervalu received, pre-suit notice of express or implied warranty claims in connection with her purchases of the Products. (*See* Doc. 227, generally.)

20. Prior to the filing of this action, Albertsons did not receive pre-suit notice by Bell of express or implied warranty claims in connection with her purchases of the Products. (Doc. 311, Ex. B, Declaration of Shelby Brooks on behalf of Albertsons, ¶ 5.)

21. Prior to the filing of this action, Supervalu did not receive pre-suit notice by Bell of express or implied warranty claims in connection with her purchases of the Products. (Doc. 311, Ex. A, Declaration of Kristin Walbourn on behalf of Supervalu, ¶ 6.)

**Lang**

22. Lang alleges he purchased the Products at Albertsons' Jewel Osco stores in Illinois. (Doc. 227 at ¶ 10.)

23. Lang alleges he purchased the "100% Grated Parmesan Cheese" Product believing it was 100% Parmesan cheese. (*Id*.)

24. Lang does not allege he read the ingredients list on the Products' packaging. (*See id*. at ¶¶ 4, 39.)

25. Lang does not allege he believed the Products "contain more cellulose powder than

4

needed to achieve anticaking effects." (*See id.* at ¶ 4.)

26. The Court has previously determined from the allegations in the Complaint that because Lang purchased the Products believing them to be "100% Grated Parmesan Cheese," the necessary implication is that he never consulted, let alone relied upon, the ingredient labels' assertion that cellulose was added to prevent caking. (Doc. 297 at 16.)

27. The Amended Complaint does not contain factual allegations that Lang provided either Albertsons or Supervalu with, or that either Albertsons or Supervalu received, pre-suit notice of express or implied warranty claims in connection with his purchases of the Products. (*See* Doc. 227, generally.)

28. Prior to the filing of this action, Albertsons did not receive pre-suit notice by Lang of express or implied warranty claims in connection with his purchases of the Products. (Doc. 311, Ex. B, Declaration of Shelby Brooks on behalf of Albertsons, ¶ 5.)

29. Prior to the filing of this action, Supervalu did not receive pre-suit notice by Lang of express or implied warranty claims in connection with his purchases of the Products. (Doc. 311, Ex. A, Declaration of Kristin Walbourn on behalf of Supervalu, ¶ 6.)

**Wills**

30. Wills alleges he purchased the Products in "various stores" in Alabama. (Doc. 227 at ¶ 11.)

31. Wills alleges he purchased the "100% Grated Parmesan Cheese" Product believing it was 100% Parmesan cheese. (*Id.*)

32. Wills does not allege he read the ingredients list on the Products' packaging. (*See id.* at ¶¶ 4, 39.)

33. Wills does not allege he believed the Products "contain more cellulose powder than

5

needed to achieve anticaking effects." (*See id*. at ¶ 4.)

34. The Court has previously determined from the allegations in the Complaint that because Wills purchased the Products believing them to be "100% Grated Parmesan Cheese," the necessary implication is that he never consulted, let alone relied upon, the ingredient labels' assertion that cellulose was added to prevent caking. (Doc. 297 at 16.)

35. The Amended Complaint does not contain factual allegations that Wills provided either Albertsons or Supervalu with, or that either Albertsons or Supervalu received, pre-suit notice of express or implied warranty claims in connection with her purchases of the Products. (*See* Doc. 227, generally.)

36. Prior to the filing of this action, Albertsons did not receive pre-suit notice by Wills of express or implied warranty claims in connection with his purchases of the Products. (Doc. 311, Ex. B, Declaration of Shelby Brooks on behalf of Albertsons, ¶ 5.)

37. Prior to the filing of this action, Supervalu did not receive pre-suit notice by Wills of express or implied warranty claims in connection with his purchases of the Products. (Doc. 311, Ex. A, Declaration of Kristin Walbourn on behalf of Supervalu, ¶ 6.)

Dated: December 6, 2018

Respectfully submitted,

/s/ Joseph E. Collins
Joseph E. Collins
FOX ROTHSCHILD LLP
353 N. Clark St., Suite 3650
Chicago, IL 60654
Telephone: 312.517.9227
Email: jcollins@foxrothschild.com

*Counsel for Defendants Albertsons Companies, Inc., Albertsons LLC, and Supervalu, Inc.*

/s/ Gary Hansen
Gary Hansen (admitted *pro hac vice*)
Heidi A.O. Fisher (admitted *pro hac vice*)
FOX ROTHSCHILD LLP
222 South Ninth Street - Suite 2000
Minneapolis, MN 55402-3338
Telephone: 612.607.7000
Email: ghansen@foxrothschild.com
       hfisher@foxrothschild.com