**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: 100% Grated Parmesan Cheese Marketing and Sales Practices Litigation | Case No. 1:16-cv-05802 (MDL No. 2705) |
| | The Hon. Gary S. Feinerman |
| *This Document Relates to All Cases on The Kraft Heinz Company Track* | |

**KRAFT HEINZ COMPANY'S ANSWER TO PLAINTIFFS'**
**AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

**JENNER & BLOCK LLP**

Dean N. Panos (Ill. Bar No. 6203600)
dpanos@jenner.com
353 N. Clark Street
Chicago, IL 60654
Tel.: (312) 222-9350

*-and-*

Kenneth K. Lee (admitted *pro hac vice*)
klee@jenner.com
Alexander M. Smith (admitted *pro hac vice*)
asmith@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
Tel.: (213) 239-5100

*Attorneys for Defendant*
The Kraft Heinz Company

Defendant The Kraft Heinz Company ("Kraft Heinz"), by and through its attorneys Jenner & Block LLP, hereby answers Plaintiffs' Amended Consolidated Class Action Complaint ("Complaint") and states as follows:

## NATURE OF ACTION

1.      This consumer class action arises out of Defendant's misbranding and false and misleading advertising of its grated Parmesan cheese products ("Product" or "Products") as "100% Grated Parmesan Cheese," "100% Grated Parmesan and Romano Cheese," and "100% Grated Three Cheese Blend." Defendant's advertisements, including its labels, represent the Products as "100% Grated Parmesan Cheese," "100% Grated Parmesan and Romano Cheese," and "100% Grated Three Cheese Blend" (collectively, "100% Claims"), but these representations are false, misleading, and likely to deceive the reasonable consumer because the Products are not 100% cheese.

Answer:  Kraft Heinz admits that this is a putative consumer class action in which Plaintiffs purport to challenge the advertising of Kraft Heinz's 100% Grated Parmesan Cheese, 100% Grated Parmesan and Romano Cheese, and 100% Grated Three Cheese Blend products. Kraft Heinz denies the remaining allegations in Paragraph 1 of the Complaint. Answering further, Kraft Heinz states that the Court has dismissed with prejudice all claims premised on the allegation that the "100% Claims" are false or misleading.

2.      Instead, rather than being comprised of 100% cheese that is grated, the Products contain powdered cellulose, an inexpensive filler derived from wood pulp. They also contain potassium sorbate and cheese cultures that are not one of the types of cheeses listed on the label. The Products are not "100% Grated Parmesan Cheese," "100% Grated Parmesan and Romano Cheese," and "100% Grated Three Cheese Blend."

Answer:  Kraft Heinz admits that the Kraft Heinz grated cheese products at issue in this case contain powdered cellulose, potassium sorbate, and cheese culture, all of which are permitted by the FDA for use in grated cheese products. Kraft Heinz denies the remaining allegations of Paragraph 2 of the Complaint.

1

3. Nonetheless, according to a recent survey, the vast majority of consumers who purchase the Products believe the Products are 100% cheese and do not contain fillers or artificial ingredients. In fact, in excess of 90% of consumers believe that the label means the Products are 100% cheese and fully grated. Only a very small percentage believed the Products do not consist of 100% cheese.

Answer: Kraft Heinz lacks knowledge or information sufficient to admit or deny the existence of the survey referenced in Paragraph 3 of the Complaint or its findings and on that basis denies the allegations of Paragraph 3 of the Complaint.

4. Further, the Products contain more cellulose powder than needed to achieve anticaking effects. That is, Defendant uses the cellulose powder as filler. Defendant states, albeit in small print on the back of the Products' container, that the Products contain cellulose powder for anticaking purposes and omits the fact that the cellulose powder is included as a filler.

Answer: Kraft Heinz admits that the grated parmesan cheese products at issue in this action state on the ingredient label: "cellulose powder to prevent caking." Kraft Heinz denies the remaining allegations of Paragraph 4 of the Complaint.

5. As a result of Defendant's deceptive and unfair practices, Plaintiffs and the other Class members did not receive that which was promised.

Answer: Denied.

6. Plaintiffs bring this action on behalf of themselves and all other similarly situated consumers to recover the amounts Plaintiffs and the other Class members overpaid, and to prevent Defendant from continuing to engage in its unlawful, deceptive, and unfair conduct, and to correct the false perception it has created in the marketplace through its misrepresentations and omissions of material facts.

Answer: Kraft Heinz admits that Plaintiffs purport to seek relief on behalf of themselves and putative class members. Kraft Heinz denies the remaining allegations of Paragraph 6 of the Complaint. Kraft Heinz specifically denies that its conduct was "unlawful, deceptive, and unfair," that it misrepresented or omitted any material facts, that a class should be certified, and that Plaintiffs "overpaid" or suffered any harm whatsoever.

## JURISDICTION AND VENUE

7.      The Court has original subject matter jurisdiction over the case under 28 U.S.C. § 1332(d) because the case is brought as a class action under Fed. R. Civ. P. 23, at least one proposed Class member is of diverse citizenship from Defendant, the proposed Class includes more than 100 members, and the aggregate amount in controversy exceeds five million dollars, excluding interest and costs.

Answer:  Paragraph 7 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is required, Kraft Heinz admits only that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(d).

8.      Venue is proper in this District under 28 U.S.C. § 1391 because Defendant engaged in substantial conduct relevant to Plaintiffs' claims within this District and has caused harm to Class members residing within this District.  Additionally, the lawsuits comprising this consolidated complaint have been transferred to this Court for coordinated pretrial proceedings pursuant to the Transfer Order of the Judicial Panel on Multidistrict Litigation, dated June 2, 2016.  Plaintiffs in the transferred actions reserve their rights of remand to the districts from which they were transferred at or before the conclusion of the pretrial proceedings.

Answer:  Paragraph 8 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is required, Kraft Heinz admits only that venue is proper under 28 U.S.C. §§ 1391 and 1407.

## PARTIES

9.      Plaintiff Samantha Lewin ("Lewin") is a citizen of the State of California, residing in San Francisco, California.  Around November of 2015, Lewin purchased a container of Kraft's "100% Grated Parmesan Cheese" for about $3.99 at a store in San Francisco, California.  Lewin purchased the "100% Grated Parmesan Cheese" believing it was 100% Parmesan cheese.  Lewin did not receive that which she was promised.

Answer:  Kraft Heinz denies that Ms. Lewin "did not receive that which she was promised." Kraft Heinz lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 9 of the Complaint and on that basis denies those allegations.

10. Plaintiff Yvette Nash ("Nash") is a citizen of the State of Illinois, residing in Chicago, Illinois. Around November of 2015, Nash purchased Kraft "100% Grated Parmesan and Romano Cheese" at her local Jewel grocery store. Nash ordinarily purchased Kraft "100% Grated Parmesan and Romano Cheese" about two times a year. Nash purchased the Kraft "100% Grated Parmesan and Romano Cheese" believing it was 100% Parmesan and Romano cheese. Nash did not receive that which she was promised.

Answer: Kraft Heinz denies that Ms. Nash "did not receive that which she was promised." Kraft Heinz lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 10 of the Complaint and on that basis denies those allegations.

11. Plaintiff Rosemary Quinn ("Quinn") is a citizen of the State of New York, residing in Katonah, New York. Quinn purchased containers of Kraft "100% Grated Parmesan Cheese" in New York and Connecticut. Quinn ordinarily purchased Kraft "100% Grated Parmesan Cheese" about once a week. Quinn purchased the Kraft "100% Grated Parmesan" believing it was 100% Parmesan cheese. Quinn did not receive that which she was promised.

Answer: Kraft Heinz denies that Ms. Quinn "did not receive that which she was promised." Kraft Heinz lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 11 of the Complaint and on that basis denies those allegations.

12. Plaintiff Larry Rollinger, Jr. ("Rollinger") is a citizen of the State of Minnesota, residing in St. Paul Park, Minnesota. Rollinger has purchased Kraft "100% Grated Parmesan Cheese" from various stores in Minnesota several times a year. Rollinger purchased the Kraft "100% Grated Parmesan Cheese" believing it was 100% Parmesan cheese. Rollinger did not receive that which he was promised.

Answer: Kraft Heinz denies that Mr. Rollinger "did not receive that which he was promised." Kraft Heinz lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 12 of the Complaint and on that basis denies those allegations.

13. Plaintiff Adam Weiss ("Weiss") is a citizen of the State of California, residing in Huntington Beach, California. Weiss ordinarily purchased Kraft "100% Grated Parmesan Cheese" from an Albertsons store in California several times a year. Weiss purchased the Kraft "100% Grated Parmesan Cheese" believing it was 100% Parmesan cheese. Weiss did not receive that which he was promised.

Answer: Kraft Heinz denies that Mr. Weiss "did not receive that which he was promised." Kraft Heinz lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 13 of the Complaint and on that basis denies those allegations.

14.     Plaintiff Ann Bell ("Bell") is a citizen of the State of Illinois, residing in Palatine, Illinois. Bell has regularly purchased Kraft "100% Grated Parmesan Cheese" at retail locations in Illinois, including her local Costco, Jewel Osco, Mariano's, Meijer, and Target. She has purchased the Products approximately once every two or three months. Bell purchased the Kraft "100% Grated Parmesan" believing it was 100% Parmesan cheese. Bell did not receive that which she was promised.

Answer: Kraft Heinz denies that Ms. Bell "did not receive that which she was promised." Kraft Heinz lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 14 of the Complaint and on that basis denies those allegations.

15.     Plaintiff Alfonso Fata ("Fata") is a citizen of the State of Florida, residing in Orlando, Florida. Fata has regularly purchased Kraft "100% Grated Parmesan Cheese" at retail locations in Florida, including Publix, Target, and Wal-Mart. He has purchased the Products approximately once or twice a month. Fata purchased the Kraft "100% Grated Parmesan" believing it was 100% Parmesan cheese. Fata did not receive that which he was promised.

Answer: Kraft Heinz denies that Mr. Fata "did not receive that which he was promised." Kraft Heinz lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 15 of the Complaint and on that basis denies those allegations.

16.     Plaintiff Michael Wills ("Wills") is a citizen of the State of Alabama, residing in Mumford, Alabama. Wills has purchased Kraft "100% Grated Parmesan Cheese" at retail locations in Alabama, including Winn-Dixie. He has purchased the Products several times over the last four years. Wills purchased the Kraft "100% Grated Parmesan" believing it was 100% Parmesan cheese. Wills did not receive that which he was promised.

Answer: Kraft Heinz denies that Mr. Wills "did not receive that which he was promised." Kraft Heinz lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 16 of the Complaint and on that basis denies those allegations.

17. Plaintiff Karen Ford ("Ford") is a citizen of the State of Michigan, residing in Dearborn Heights, Michigan. Ford has regularly purchased Kraft "100% Grated Parmesan Cheese" at retail locations in Plymouth, Michigan. She has purchased the Products several times a year. Ford purchased the Kraft "100% Grated Parmesan" believing it was 100% Parmesan cheese. Ford did not receive that which she was promised.

<u>Answer</u>: Kraft Heinz denies that Ms. Ford "did not receive that which she was promised."

Kraft Heinz lacks knowledge or information sufficient to admit or deny the remaining allegations

of Paragraph 17 of the Complaint and on that basis denies those allegations.

18. Defendant The Kraft Heinz Company is a Pennsylvania corporation co-headquartered in Chicago, Illinois, and Pittsburgh, Pennsylvania. Defendant promotes, distributes, markets, and sells the Products and many other foods and beverages to consumers throughout the United States, including in Illinois and this District.

<u>Answer</u>: Kraft Heinz denies that it is a Pennsylvania corporation and states that it is

incorporated under Delaware law. Kraft Heinz admits that it is co-headquartered in Chicago,

Illinois and Pittsburgh, Pennsylvania. Kraft Heinz admits that it promotes, distributes, markets,

and sells grated parmesan cheese products, but denies that it sells those products directly to

consumers.

## <u>FACTUAL ALLEGATIONS</u>

19. Kraft has been selling grated Parmesan cheese products since 1945, and since at least 1965, has distributed, marketed, and sold products advertised as 100% grated Parmesan cheese on a nationwide basis.

<u>Answer</u>: Kraft Heinz admits that its predecessor, Kraft Foods, began selling grated

parmesan cheese products in 1945 and has distributed, sold, and marketed products advertised as

"100% Grated Parmesan Cheese" since at least 1965.

20. Parmesan, Romano and Asiago cheese have become increasingly popular with consumers. According to the United States Department of Agriculture, in 2015, output of Parmesan cheese rose 11% from 2014, to around 336 million pounds, while Romano production grew 20% to 54 million pounds.

<u>Answer</u>: Kraft Heinz lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 20 of the Complaint and on that basis denies those allegations.

21. The Products' package labels prominently represent the Products as "100% Grated Parmesan Cheese," "100% Grated Parmesan & Romano Cheese," or "100% Grated Three Cheese Blend," consisting of Parmesan, Romano and Asiago cheese. Representative packaging of the Products appear as follows:

 

 

<u>Answer</u>: Kraft Heinz admits that some of its grated cheese products are labeled with the phrases "100% Grated Parmesan Cheese," "100% Grated Parmesan & Romano Cheese," and "100% Grated Three Cheese Blend." Kraft Heinz also admits that the labels depicted in Paragraph

21 of the Complaint appear to be images of the labeling for some of its grated cheese products. Kraft Heinz denies the remaining allegations of Paragraph 21 of the Complaint.

22. Various television commercials developed and paid for by Defendant throughout the years, including during the class period, have reinforced the message that the Products are comprised of only 100% real cheese.

Answer: Denied. Answering further, Kraft Heinz states that the Court has dismissed all claims challenging "the message that the Products are comprised of only 100% real cheese."

23. Contrary to Defendant's 100% Claims, the Products are not 100% cheese. In or around February 2016, an independent testing facility determined that a sample of Defendant's Products allegedly consisting of 100% grated Parmesan cheese actually contained 3.8% cellulose.

Answer: Kraft Heinz lacks knowledge or information sufficient to admit or deny that an independent testing facility determined that the sample referenced in Paragraph 23 of the Complaint contained 3.8% cellulose and on that basis denies that allegation. Kraft Heinz denies the remaining allegations of Paragraph 23 of the Complaint. Answering further, Kraft Heinz states that the Court has dismissed with prejudice any claims challenging the representation that "the products are not 100% cheese."

24. Cellulose is an organic polymer. It is not cheese or any other type of dairy product. Its main use is in the production of paperboard and paper. Humans cannot digest cellulose, and it provides no nutritional calories. Cellulose is often used as a filler. Potassium sorbate, also found in the Products, is a synthetic chemical additive used in some foods and personal care products.

Answer: Kraft Heinz admits that cellulose is an organic polymer. Kraft Heinz admits that cellulose is an indigestible fiber and that it contains no calories. Kraft Heinz admits that potassium sorbate is an antimycotic additive that is used to prevent the growth of mold. Kraft Heinz denies that it uses cellulose as a filler in its products. Kraft Heinz lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 24 of the Complaint and on that

basis denies those allegations.

25. Because the Products are not all cheese, Defendant's advertising, including its labels, is false, misleading, unfair, deceptive, and intended to induce consumers to purchase the Products.

Answer: Denied. Answering further, Kraft Heinz states that the Court has dismissed Plaintiffs' claims to the extent they are predicated on the allegation that Kraft Heinz's labeling is misleading because the products are "not all cheese."

26. It is understandable that consumers believed what Defendant told them about these products. These cheeses—cured, dried hard Italian cheeses—keep a long time without refrigeration and do not clump. As Kraft admits, "[f]ully cured Parmesan cheese is very hard and keeps almost indefinitely." U.S. Patent No. 6,242,016 B1. The patent also explains that the grated Parmesan cheese usually available in the marketplace is dried after curing to a moisture level of about 12–18%. At this moisture level, "there is little problem of clumping or agglomeration of the grated cheese product." *Id.*

Answer: Kraft Heinz admits that the excerpted quote in Paragraph 26 of the Complaint comes from U.S. Patent No. 6,242,016 B1, but denies that it has any relevance to this case. Kraft Heinz denies the remaining allegations of Paragraph 26 of the Complaint.

27. Defendant adds powdered cellulose in amounts that exceed what is necessary for achieving anticaking effects in the Products.

Answer: Denied.

28. Further, the Products' use of antimycotics, such as potassium sorbate, for the preservation of grated cheese products is far from a universal practice. Other similar products, such as Essential Everyday 100% Grated Parmesan, do not contain antimycotics. *See, e.g.*, ECF No. 158-1.

Answer: Kraft Heinz lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 28 of the Complaint and on that basis denies those allegations. Answering further, Kraft Heinz states that the Court has dismissed Plaintiffs' claims to the extent that they

allege that the presence of potassium sorbate renders Kraft Heinz's labeling deceptive because the products are not "100% cheese."

29.     According to a recent survey conducted in connection with this litigation, the vast majority of consumers who purchase the Products believe the Products are 100% cheese and do not contain fillers or artificial ingredients. In fact, in excess of 90% of consumers believe that the label means the Products are 100% cheese and fully grated. Only a very small percentage believed the Products do not consist of 100% cheese.

Answer: Kraft Heinz lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 29 of the Complaint and on that basis denies those allegations. Answering further, Kraft Heinz states that the Court has dismissed Plaintiffs' claims with prejudice to the extent that they allege that Kraft Heinz's grated parmesan cheese products are mislabeled because the products "do not consist of 100% cheese."

30.     It is also understandable that consumers reasonably interpret the Products' labels as meaning the Products consist only of cheese. As explained by linguists Anne Curzan, Ph.D., Ezra Keshet, Ph.D., and Kyle Johnson, Ph.D., in two separate analyses of the phrase "100% Grated Parmesan Cheese," the phrase is linguistically subject to only one plausible interpretation, which is that the Product contains nothing other than grated parmesan cheese. *See* Report of Anne Curzan and Ezra Keshet, attached as Exhibit A; Report of Kyle Johnson, attached as Exhibit B.

Answer: Kraft Heinz admits that Paragraph 30 of the Complaint purports to summarize the expert reports of Drs. Curzan, Keshet, and Johnson attached as Exhibit A and Exhibit B and states that those reports speak for themselves. Kraft Heinz denies the remaining allegations of Paragraph 30 of the Complaint. Answering further, Kraft Heinz states that the Court has dismissed Plaintiffs' claims with prejudice to the extent that they allege that Kraft Heinz's grated parmesan cheese products are mislabeled because consumers expect them to "contain[] nothing other than grated parmesan cheese."

31.     Some of Defendant's competitors no longer engage in the deceptive practice of labeling their grated cheese as "100% Grated Parmesan Cheese." After being sued, Publix Super Markets, Inc. changed the labels on its grated Parmesan cheese products by deleting "100%" from its "100% Grated Parmesan Cheese" representation.

Answer: Kraft Heinz lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 31 of the Complaint and on that basis denies those allegations. Answering further, Kraft Heinz states that the Court has dismissed Plaintiffs' claims with prejudice to the extent they allege that the practice of labeling grated cheese as "100% Grated Parmesan Cheese" is "deceptive."

32.     After it was sued, Wal-Mart Stores, Inc. also dropped "100%" from its claim that its grated Parmesan cheese products were "100% Parmesan Grated Cheese" or "100% Grated Parmesan Cheese."

Answer: Kraft Heinz lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 32 of the Complaint and on that basis denies those allegations

33.     Despite this, Defendant persists in selling the Products with false and misleading labels that omit the material fact that the Products contain substances other than Parmesan, Romano, or Asiago cheese, and that the amount of other substances is excessive and unnecessary.

Answer: Denied. Answering further, Kraft Heinz states that the Court has dismissed Plaintiffs' claims with prejudice insofar as they allege that Kraft Heinz's labels are "false and misleading" because they "omit the material fact that the Products contain substances other than . . . cheese."

34.     Plaintiffs and the Class members did not receive that which was promised and represented to them. Each has been exposed to Defendant's advertisements and has seen the Products' labels. Plaintiffs and the Class members overpaid for the Products they purchased.

Answer: Denied.

35.    Plaintiffs notified Defendant in writing about the allegations in this complaint, and in so doing, have satisfied all pre-suit demand and notice requirements.

Answer:  Denied.

## CLASS ALLEGATIONS

36.    Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), on behalf of a Class defined as follows:

All persons in the United States and its territories who purchased, other than for resale, Kraft 100% Grated Parmesan Cheese, Kraft 100% Grated Parmesan and Romano Cheese, or Kraft 100% Grated Three Cheese Blend products.

Excluded from the Class are: (i) Defendant and its officers and directors, agents, affiliates, subsidiaries, and authorized distributors and dealers; (ii) all Class members that timely and validly request exclusion from the Class; and (iii) the Judge presiding over this action.

Answer:  Paragraph 36 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is required, Kraft Heinz admits that Plaintiffs purport to bring this lawsuit as a class action on behalf of the putative class defined in Paragraph 36, but denies that class certification is appropriate.

37.    Alternatively, Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of the following subclasses:

A.    Illinois, and all states with laws at issue similar to Illinois, by Plaintiffs Nash and Bell ("Illinois Class"):

All persons who purchased, other than for resale, in the State of Illinois [and all states with laws at issue similar to Illinois] Kraft 100% Grated Parmesan Cheese, Kraft 100% Grated Parmesan and Romano Cheese, or Kraft 100% Grated Three Cheese Blend products.

B.    New York, and all states with laws at issue similar to New York, by Plaintiff Quinn ("New York Class"):

All persons who purchased, other than for resale, in the State of New York [and all states with laws at issue similar to New York] Kraft 100% Grated

Parmesan Cheese, Kraft 100% Grated Parmesan and Romano Cheese, or Kraft 100% Grated Three Cheese Blend products.

C.      Connecticut, and all states with laws at issue similar to Connecticut, by Plaintiff Quinn ("Connecticut Class"):

All persons who purchased, other than for resale, in the State of Connecticut [and all states with laws at issue similar to Connecticut] Kraft 100% Grated Parmesan Cheese, Kraft 100% Grated Parmesan and Romano Cheese, or Kraft 100% Grated Three Cheese Blend products.

D.      California, and all states with laws at issue similar to California, by Plaintiffs Weiss and Lewin ("California Class")

All persons who purchased, other than for resale, in the State of California [and all states with laws at issue similar to California] Kraft 100% Grated Parmesan Cheese, Kraft 100% Grated Parmesan and Romano Cheese, or Kraft 100% Grated Three Cheese Blend products.

E.      Minnesota, and all states with laws at issue similar to Minnesota, by Plaintiff Rollinger ("Minnesota Class")

All persons who purchased, other than for resale, in the State of Minnesota [and all states with laws at issue similar to Minnesota] Kraft 100% Grated Parmesan Cheese, Kraft 100% Grated Parmesan and Romano Cheese, or Kraft 100% Grated Three Cheese Blend products.

F.      Florida, and all states with laws at issue similar to Florida, by Plaintiff Fata ("Florida Class")

All persons who purchased, other than for resale, in the State of Florida [and all states with laws at issue similar to Florida] Kraft 100% Grated Parmesan Cheese, Kraft 100% Grated Parmesan and Romano Cheese, or Kraft 100% Grated Three Cheese Blend products.

G.      Alabama, and all states with laws at issue similar to Alabama, by Plaintiff Wills ("Alabama Class")

All persons who purchased, other than for resale, in the State of Alabama [and all states with laws at issue similar to Alabama] Kraft 100% Grated Parmesan Cheese, Kraft 100% Grated Parmesan and Romano Cheese, or Kraft 100% Grated Three Cheese Blend products.

H.      Michigan, and all states with laws at issue similar to Michigan, by Plaintiff Ford ("Michigan Class")

All persons who purchased, other than for resale, in the State of Michigan [and all states with laws at issue similar to Michigan] Kraft 100% Grated Parmesan Cheese, Kraft 100% Grated Parmesan and Romano Cheese, or Kraft 100% Grated Three Cheese Blend products.

Excluded from the Classes are: (i) Defendant and its officers and directors, agents, affiliates, subsidiaries, and authorized distributors and dealers; (ii) all Class members that timely and validly request exclusion from the Classes; and (iii) the Judge presiding over this action.

Answer: Paragraph 37 of the Complaint consists of a legal conclusion to which no response is required. To the extent a response is required, Kraft Heinz admits that Plaintiffs purport to bring this lawsuit as a class action on behalf of the putative subclasses defined in Paragraph 37, but denies that class certification is appropriate.

38.     Certification of Plaintiffs' claims for classwide treatment is appropriate because Plaintiffs can prove the elements of their claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

Answer: Paragraph 38 of the Complaint consists of a legal conclusion to which no response is required. To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 38 of the Complaint.

39.     The members of the Class are so numerous that joinder of the Class members would be impracticable.

Answer: Paragraph 39 of the Complaint consists of a legal conclusion to which no response is required. To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 39 of the Complaint.

40.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Such common questions of law or fact include, *inter alia*:

A.     Whether Defendant engaged in the conduct alleged;

B.    Whether Defendant misrepresented the content of the Products or misbranded them;

C.    Whether Defendant's 100% Claims are false, deceptive, and likely to mislead a reasonable person;

D.    Whether Defendant's Products contain more cellulose powder than needed to prevent caking;

E.    Whether Defendant's representation that the Products' contents consisted of 100% cheese created an express warranty;

F.    Whether Plaintiffs and the Class members paid for a product that they did not receive;

G.    Whether Plaintiffs and the Class members have been damaged and, if so, the measure of such damages;

H.    Whether Defendant unjustly retained a benefit conferred by Plaintiffs and the Class members; and

I.    Whether Plaintiffs and the Class members are entitled to equitable relief, including, but not limited to, a constructive trust, restitution, and injunctive relief.

Answer:  Paragraph 40 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 40 of the Complaint.

41.    Plaintiffs' claims are typical of the claims of the Class members because, among other things, Plaintiffs and the Class members were injured through the substantially uniform misconduct described above.  Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all Class members.

Answer:  Paragraph 41 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 41 of the Complaint.

42.    Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the other Class members they seek to represent; they have retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiffs intend to prosecute this action vigorously.  The

interests of the Class members will be fairly and adequately protected by Plaintiffs and their counsel.

Answer: Paragraph 42 of the Complaint consists of a legal conclusion to which no response is required. To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 42 of the Complaint.

43.     A class action is also warranted under Fed. R. Civ. P. 23(b)(2), because Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole. Defendant has directed and continues to direct its conduct to all consumers in a uniform manner. Therefore, injunctive relief on a classwide basis is necessary to remedy continuing harms to Plaintiffs and the Class members caused by Defendant's continuing misconduct.

Answer: Paragraph 43 of the Complaint consists of a legal conclusion to which no response is required. To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 43 of the Complaint.

44.     A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other detriment suffered by Plaintiffs and the Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for Class members to individually seek redress for Defendant's wrongful conduct. Even if Class members could afford individual litigation, the court system should not be required to undertake such an unnecessary burden. Individualized litigation would also create a potential for inconsistent or contradictory judgments and increase the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

Answer: Paragraph 44 of the Complaint consists of a legal conclusion to which no response is required. To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 44 of the Complaint.

## CLAIMS

### COUNT I
### Breach of Express Warranty
### On Behalf of the Nationwide Class,
### Or in the Alternative, Plaintiffs' Respective State Classes

45.     Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

Answer:  Kraft Heinz repeats and realleges its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

46.     Defendant made affirmations of fact to Plaintiffs and the Class members relating to and describing the Products as 100% grated Parmesan, Romano or a blend of specified types of cheese.  It also stated in fine print on the back of the label that cellulose powder was added to prevent caking.

Answer:   Kraft Heinz admits that it labeled the challenged products as "100% Grated Parmesan Cheese," "100% Grated Parmesan and Romano Cheese," and "100% Three Cheese Blend" and that the ingredient list of each of these products stated: "CELLULOSE POWDER TO PREVENT CAKING."   Kraft Heinz denies the remaining allegations of Paragraph 46 of the Complaint.

47.     Defendant's affirmations of fact and descriptions of the Products formed the basis of the bargain between Plaintiffs and the Class members and Defendant, creating an express warranty under Uniform Commercial Code, 2-313—an identical or substantially similar version of which has been and is currently enacted in each and every state.

Answer:  Denied.  Answering further, Kraft Heinz states that the Court has dismissed with prejudice all of Plaintiffs' breach of express warranty claims against Kraft Heinz except those arising under Alabama, California, Florida, and Minnesota law.

48.     Defendant's Products were accompanied by an express warranty when placed in the stream of commerce by Defendant.

Answer:  Denied.

49. All conditions precedent have occurred or been performed.

Answer: Denied.

50. Defendant breached the express warranty by selling a product that did not conform to the affirmations of fact and descriptions. The Products are not 100% cheese, but rather contain other substances in addition to the type of cheese on the label. Further, the added cellulose powder exceeds the amount needed for anti-caking purposes.

Answer: Kraft Heinz admits that the grated cheese products at issue in this lawsuit contain ingredients other than cheese, which are specifically permitted under applicable FDA regulations and which are fully disclosed on the labeling. Kraft Heinz denies the remaining allegations of Paragraph 50 of the Complaint. Answering further, Kraft Heinz states that the Court has dismissed Plaintiffs' claims to the extent they allege that Kraft Heinz's products were mislabeled because they "are not 100% cheese.'

51. At the time of sale to Plaintiffs and the Class members, Defendant had actual knowledge that it breached express warranties with Plaintiffs and the Class members.

Answer: Denied.

52. As the foreseeable and actual result of Defendant's breach of express warranty, Plaintiffs and the Class members were damaged.

Answer: Denied.

### COUNT II
### Unjust Enrichment
### On Behalf of the Nationwide Class,
### Or in the Alternative, On Behalf of Plaintiffs' Respective State Classes

53. Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

Answer: Kraft Heinz repeats and realleges its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

54. Defendant has been unjustly enriched to Plaintiffs' and the Class members' detriment as a result of its unlawful and wrongful retention of money conferred by Plaintiffs and the Class members, such that Defendant's retention of their money would be inequitable.

Answer:  Denied.

55. Defendant's unlawful and wrongful acts, as alleged above, enabled Defendant to unlawfully receive monies it would not have otherwise obtained.

Answer:  Denied.

56. Plaintiffs and the Class members have conferred benefits on Defendant, which Defendant has knowingly accepted and retained.

Answer:  Denied.

57. Defendant's retention of the benefits conferred by Plaintiffs and the Class members would be against fundamental principles of justice, equity, and good conscience.

Answer:  Denied.

58. Plaintiffs and the Class members seek to disgorge Defendant's unlawfully retained profits and other benefits resulting from its unlawful conduct, and seek restitution and rescission for the benefit of Plaintiffs and the Class members.

Answer:  Kraft Heinz admits that Plaintiffs seek restitution and rescission, but denies that Plaintiffs are entitled to such relief, that it "unlawfully retained" any profits, or that it engaged in any "unlawful conduct" whatsoever.  Kraft Heinz denies the remaining allegations of Paragraph 58 of the Complaint.

59. Plaintiffs and the Class members are entitled to the imposition of a constructive trust upon Defendant, such that its unjustly retained profits and other benefits are distributed equitably by the Court to and for the benefit of Plaintiffs and the Class members.

Answer:  Denied.

## COUNT III
## Breach of Implied Warranty of Merchantability
## On Behalf of Certain States

60.     Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

Answer:  Kraft Heinz repeats and realleges its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

61.     Plaintiffs and the Class members assert a claim for breach of implied warranty of merchantability on behalf of themselves and other Class members in the following states: Alaska; Arkansas; California; Colorado; Connecticut; Delaware; District of Columbia; Hawaii; Kansas; Louisiana; Maine; Maryland; Massachusetts; Michigan; Minnesota; Mississippi; Missouri; Montana; Nebraska; Nevada; New Hampshire; New Jersey; New Mexico; North Dakota; Oklahoma; Oregon; Pennsylvania; Rhode Island; South Carolina; South Dakota; Texas; Utah; Vermont; Virginia; West Virginia; and Wyoming.

Answer:  Kraft Heinz admits that Plaintiffs purport to bring claims for breach of the implied warranty of merchantability on behalf of putative class members in the states identified in Paragraph 61 of the Complaint, but denies that it is liable for breach of the implied warranty of merchantability.  Answering further, Kraft Heinz states that the Court has dismissed all claims against Kraft Heinz for breach of the implied warranty of merchantability except those claims brought under California, Connecticut, Michigan, and Minnesota law on behalf of putative class members in those states.

62.     Defendant, as the manufacturer, marketer, distributor, and seller of the Products is a merchant.

Answer:  Denied.

63.     Plaintiffs and the other Class members purchased the Products that were manufactured and sold by Defendant in consumer transactions.  The implied warranty of merchantability attended the sale of the Products.

Answer:  Denied.

64.     To be merchantable, the Products must be at least such as:

(a)     Pass without objection in the trade under the contract description;

(b)     In the case of fungible goods, are of fair average quality within the description;

(c)     Run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved;

(d)     Are adequately contained, packaged, and labeled as the agreement may require; and

(e)     Conform to the promises or affirmations of fact made on the container or label if any.

Answer:  Paragraph 64 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 64 of the Complaint.

65.     The Products are not adequately contained, packaged and labeled because they are packaged as "100% Grated Parmesan Cheese," "100% Grated Parmesan and Romano Cheese," and "100% Grated Three Cheese Blend," but do not consist of 100% of the stated cheeses.  Instead, they contain ingredients other than the cheeses stated on the front label.

Answer:  Denied.  Answering further, Kraft Heinz states that the Court has dismissed all claims for breach of the implied warranty of merchantability to the extent Plaintiffs allege that Kraft Heinz's grated cheese products "do not consist of 100% of the stated cheeses."

66.     The Products do not conform to the promises and affirmations of fact made on their containers and labels because they do not consist of 100% of the stated cheeses as their packaging and labeling warrant.

Answer:  Denied.

67.     The Products do not pass without objection in the trade and are not of fair average quality within the contract description because they contain cellulose powder in excessive quantities.

Answer:  Denied.

68.     Plaintiffs and the other members of the Class did not receive the Products as warranted.  The Products they purchased were worth less than the Products they were promised and expected.

<u>Answer</u>:  Denied.


69.     As a result of Defendant's breach of warranty, Plaintiffs and members of the Class suffered damages.

<u>Answer</u>:  Denied.


## COUNT IV
## Violation of the New York General Business Law § 349
## On Behalf of the New York Class

70.     Plaintiff Quinn ("Plaintiff" for purposes of Counts IV and V) repeats and realleges all preceding paragraphs as if fully set forth herein.

<u>Answer</u>:  Kraft Heinz repeats and realleges its answers to all preceding paragraphs of the Complaint as if fully set forth herein.


71.     New York General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce.

<u>Answer</u>:  No response is required to Paragraph 71 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under Section 349 of the New York General Business Law.  To the extent a response is required, Kraft Heinz admits that Section 349 of the New York General Business Law prohibits deceptive acts or practices in the conduct of any business, trade, or commerce, but denies that it has engaged in any such conduct or violated Section 349 of the New York General Business Law.


72.     Defendant made deceptive misrepresentations and omitted material facts in its labeling, marketing, packaging, and selling of the Products, as detailed above. As a result, the Products' labels are false, misleading, and deceptive.

Answer:  No response is required to Paragraph 72 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under Section 349 of the New York General Business Law.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 72 of the Complaint.

73.    A reasonable person would consider the 100% Claims to be material when deciding to purchase the Products.

Answer:  No response is required to Paragraph 73 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under Section 349 of the New York General Business Law.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 73 of the Complaint.

74.    Plaintiff and the other Class members were injured by reason of Defendant's violation of Section 349.  As a foreseeable and actual result of Defendant's deceptive conduct, Plaintiff and the other Class members overpaid for the Products.

Answer:  No response is required to Paragraph 74 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under Section 349 of the New York General Business Law.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 74 of the Complaint.

## **COUNT V**
### **Violation of the New York General Business Law § 350**
### **On Behalf of New York Class**

75.    Plaintiff Quinn ("Plaintiff" for purposes of Counts IV and V) repeats and realleges all preceding paragraphs as if fully set forth herein.

Answer:  Kraft Heinz repeats and realleges its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

76.    New York General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce.

Answer: No response is required to Paragraph 76 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under Section 350 of the New York General Business Law. To the extent a response is required, Kraft Heinz admits that Section 350 of the New York General Business Law prohibits false advertising in the conduct of any business, trade, or commerce, but denies that it has engaged in any such conduct or violated Section 350 of the New York General Business Law.

77.     Defendant made deceptive misrepresentations and omitted material facts in its labeling, marketing, packaging, and selling of the Products. The Products are not "100% Grated Parmesan Cheese," as advertised, as detailed above.

Answer: No response is required to Paragraph 77 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under Section 350 of the New York General Business Law. To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 77 of the Complaint.

78.     Defendant's conduct impacts consumers at large and is likely to mislead a reasonable consumer acting reasonably under the circumstances.

Answer: No response is required to Paragraph 78 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under Section 350 of the New York General Business Law. To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 78 of the Complaint.

79.     Defendant's conduct induced Plaintiff and the other Class members to purchase the Products.

Answer: No response is required to Paragraph 79 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under Section 350 of the New York General

Business Law. To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 79 of the Complaint.

80. As a foreseeable and actual result of Defendant's false advertising, Plaintiff and the other Class members were harmed.

Answer: No response is required to Paragraph 80 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under Section 350 of the New York General Business Law. To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 80 of the Complaint.

**COUNT VI**
**Violation of California Unfair Competition Law ("UCL"),**
**California Business & Professions Code § 17200, _et seq._**
**On Behalf of the California Class**

81. Plaintiffs Lewin and Weiss ("Plaintiffs" for purposes of Counts VI and VII) reassert and reallege all of the preceding paragraphs as if fully set forth herein.

Answer: Kraft Heinz repeats and realleges its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

82. The Unfair Competition Law, Business & Professions Code §§ 17200, et seq., prohibits any unlawful, fraudulent, or unfair business act or practice and any false or misleading advertising.

Answer: No response is required to Paragraph 82 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the UCL. To the extent a response is required, Kraft Heinz admits that the UCL prohibits certain unlawful, fraudulent, or unfair business acts and practices and false or misleading advertising, but denies that it has engaged in any such conduct or violated the UCL.

83. In the course of conducting business, Defendant committed unlawful business practices by, among other things, making representations (which also constitute advertising within the meaning of §§ 17200 and 17500) and omitted material facts

regarding the Products in its advertising campaign, including the Products' packaging, as set forth more fully herein. Defendant's conduct constitutes the adulteration and misbranding of the Products, as prohibited by Sections 110710, 110585, 110625, and 110765 of the California Health & Safety Code, the Food and Drug Administration's regulations, 21 C.F.R. §§ 101.18, and 21 U.S.C. §§ 342 and 343, because Defendant's advertising and labeling are false and misleading in that they assert the 100% Claims, when in fact they contain substances other than the stated cheeses, and Defendant added substances to the Products to increase their bulk or weight or reduce their quality or strength or make them appear better or of greater value than they are. Defendant has also violated the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 342–343, because it manufactured and introduced into interstate commerce adulterated and misbranded Products. This conduct constitutes violations of the unlawful prong of Section 17200.

Answer: No response is required to Paragraph 83 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the UCL. To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 82 of the Complaint.

84. In the course of conducting business, Defendant committed unfair business practices by, among other things, making the representations (which also constitute advertising within the meaning of §§ 17200 and 17500) and omitted material facts regarding the Products in its advertising campaign, including the Products' packaging, as detailed above. There is no societal benefit from false advertising, only harm. Plaintiffs and the other Class members paid for lower value products that were not what they purported to be. While Plaintiffs and the other Class members were harmed, Defendant was unjustly enriched by its false misrepresentations and omissions. As a result, Defendant's conduct is unfair, as it offended an established public policy. Further, Defendant engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

Answer: No response is required to Paragraph 84 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the UCL. To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 84 of the Complaint.

85. Defendant's conduct violated consumer protection, unfair competition, and truth in advertising laws in California and other states, resulting in harm to consumers. Defendant's acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition, and deceptive conduct towards consumers. This conduct violates the unlawful prong of Section 17200.

Answer:  No response is required to Paragraph 85 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the UCL.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 85 of the Complaint.

86.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

Answer:  No response is required to Paragraph 86 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the UCL.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 86 of the Complaint.

87.     In the course of conducting business, Defendant committed fraudulent business acts or practices by, among other things, making the representations (which also constitute advertising within the meaning of §§ 17200 and 17500) and omitting material facts regarding the Products in its advertising campaign, including on the Products' packaging and labeling, as detailed above. Defendant made the misrepresentations and omissions regarding the ingredients, character, and contents of its Products.

Answer:  No response is required to Paragraph 87 of **the** Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the UCL.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 87 of the Complaint.

88.     Plaintiffs have suffered injury in fact and lost money or property as a result of Defendant's conduct.

Answer:  No response is required to Paragraph 88 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the UCL.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 88 of the Complaint.

89.     Plaintiffs relied on Defendant's material misrepresentations and omissions, which are described above. Plaintiffs have suffered injury in fact and lost money as a result of Defendant's unlawful, unfair, and fraudulent practices.

Answer:  No response is required to Paragraph 89 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the UCL.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 89 of the Complaint.

90.     Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct in violation of Section 17200, entitling Plaintiffs and the other Class members to injunctive relief.  If Defendant continues to engage in the violations of Section 17200 described above, Plaintiffs will likely be deceived in the future when they shop for Defendant's Products, not knowing the true facts.

Answer:  No response is required to Paragraph 90 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the UCL.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 90 of the Complaint.

## COUNT VII
## Violation of the California Consumers Legal Remedies Act ("CLRA")
## California Civil Code §§ 1750, *et seq.*
## On Behalf of the California Class

91.     Plaintiffs Lewin and Weiss ("Plaintiffs" for purposes of Counts VI and VII) repeat and reallege the foregoing paragraphs as if fully set forth herein.

Answer:  Kraft Heinz repeats and realleges its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

92.     The Products are goods within the meaning of Section 1761(a).

Answer:  No response is required to Paragraph 92 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the CLRA. To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 92 of the Complaint.

93.     Defendant violated and continues to violate the CLRA by engaging in the following prohibited practices in transactions with Plaintiffs and the other Class members which Defendant intended to result in, and did result in, the sale of the Products:

A.     Representing that the Products have characteristics, ingredients, uses, benefits, or quantities which they do not have (Cal. Civ. Code § 1770(a)(5));

B.    Representing that the Products are of a particular standard, quality, or grade when they are of another (Cal. Civ. Code § 1770(a)(7));

C.    Advertising goods with intent not to sell them as advertised (Cal. Civ. Code § 1770(a)(9)); and

D.    Representing that the Products have been supplied in accordance with a previous representation when they have not (Cal. Civ. Code § 1770(a)(16)).

Answer:  No response is required to Paragraph 93 of the Complaint because the Court has dismissed all of Plaintiffs' claims under the CLRA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 93 of the Complaint.

94.    Defendant violated the CLRA by representing and failing to disclose material facts on the Products' labeling and associated advertising, as described above, when it knew that the representations were false and misleading and that the omissions were of material facts it was obligated to disclose.

Answer:  No response is required to Paragraph 94 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the CLRA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 94 of the Complaint.

95.    Pursuant to Section 1782(d), Plaintiffs, individually and on behalf of the other Class members, seek a Court order enjoining the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

Answer:  No response is required to Paragraph 95 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the CLRA.  To the extent a response is required, Kraft Heinz admits that Plaintiffs seek injunctive relief, restitution, and disgorgement, but denies that it was engaged in any wrongful conduct and denies that Plaintiffs are entitled to any relief whatsoever.

96.    Pursuant to Section 1782, Plaintiffs notified Defendant in writing by certified mail of the particular violations of Section 1770 and demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all

affected consumers of Defendant's intent to so act. A copy of the letter is attached to the underlying complaints filed in the transferred cases.

Answer: No response is required to Paragraph 96 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the CLRA. To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 96 of the Complaint.

97.     Defendant has failed to rectify or agree to rectify the problems associated with the actions detailed above and to give notice to all affected consumers within 30 days of the date of written notice. Plaintiffs therefore are entitled to, and hereby do seek, actual, punitive, and statutory damages for Defendant's violations of the CLRA. Defendant's conduct was knowing, fraudulent, wanton and malicious, thereby entitling Plaintiffs and the members of the Class to whom this claim applies to punitive damages.

Answer: No response is required to Paragraph 97 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the CLRA. To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 97 of the Complaint.

## COUNT VIII
### Violation of the Minnesota Prevention of Consumer Fraud Act ("MPCFA"), Minn. Stat. § 325F.68, *et seq.* On Behalf of the Minnesota Class

98.     Plaintiff Rollinger ("Plaintiff" for purposes of Counts VIII–XI) repeats and realleges all of the preceding paragraphs as if fully set forth herein.

Answer: Kraft Heinz repeats and realleges its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

99.     The MPCFA prohibits the act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby. Minn. Stat. § 325F.69, subd. 1.

Answer: No response is required to Paragraph 99 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the MPCFA. To the extent a response

is required, Kraft Heinz admits that the MPCFA prohibits the use of any fraud, false pretense, false promise, misrepresentation, misleading statement, or deceptive practice with the intention that others rely thereon in connection with the sale of merchandise, but denies that Kraft Heinz has engaged in any such conduct or violated the MPCFA.

100.    Defendant is a person within the meaning of Minn. Stat. § 325F.68, subd. 3.

Answer:  No response is required to Paragraph 100 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the MPFCA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 100 of the Complaint.

101.    The Products are merchandise within the meaning of Minn. Stat. § 325F.68, subd. 2.

Answer:  No response is required to Paragraph 101 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the MPFCA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 101 of the Complaint.

102.    Defendant made deceptive misrepresentations and omitted material facts in its labeling, marketing, and selling of the Products, as detailed above.  Defendant made the 100% Claims knowing them to be false, misleading, and deceptive.  Defendant knew the actual ingredients of the Products included substances other than cheese that made the 100% Claims false.

Answer:  No response is required to Paragraph 102 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the MPFCA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 102 of the Complaint.

103.    The Products are not 100% Parmesan, Romano and/or Asiago cheese, as advertised. Other ingredients, such as cellulose are in the Products.  Significant quantities of cellulose powder are added for purposes other than to prevent caking.  The Products contain cellulose powder in amounts that exceed what is reasonably necessary to achieve the intended anticaking effects and serve merely as cheap filler to increase bulk while diminishing value.

Answer:  No response is required to Paragraph 103 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the MPFCA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 103 of the Complaint.

104.    Defendant intended that Plaintiff and the other Class members rely on its deceptive misrepresentations and omissions of material facts when making decisions to purchase the Products.  Defendant knew or should have known that its conduct was misleading and deceptive.

Answer:  No response is required to Paragraph 104 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the MPFCA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 104 of the Complaint.

105.    Defendant's misrepresentations and omissions of material facts are likely to mislead a reasonable consumer.  A reasonable consumer would consider the 100% Claims and the excessive amount of cellulose in the Products material to a decision to purchase the Products.

Answer:  No response is required to Paragraph 105 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the MPFCA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 105 of the Complaint.

106.    Plaintiff and the other Class members reasonably relied on Defendant's misrepresentations and omissions of material fact and purchased the Products and paid the prices they paid in reliance thereon.

Answer:  No response is required to Paragraph 106 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the MPFCA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 106 of the Complaint.

107.    Pursuant to Minn. Stat. § 8.31, subd. 3a, Plaintiff brings this action to recover damages, together with costs, and disbursements, including costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the Court.

Answer:  No response is required to Paragraph 107 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the MPFCA.  To the extent a response is required, Kraft Heinz admits that Plaintiffs purport to seek damages, costs, disbursements, reasonable attorney's fees, and other equitable relief, but denies that Kraft Heinz has engaged in any wrongful conduct and denies that Plaintiffs are entitled to any relief whatsoever.

**COUNT IX**
**Violation of Minnesota Unlawful Trade Practices Act ("MUTPA")**
**Minn. Stat. §§ 325D.09, *et seq.***
**On Behalf of the Minnesota Class**

108.    Plaintiff Rollinger ("Plaintiff" for purposes of Counts VIII–XI) repeats and realleges all of the preceding paragraphs as if fully set forth herein.

Answer:  Kraft Heinz repeats and realleges its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

109.    Minnesota Statute § 325D.13 provides: "No person shall, in connection with the sale of merchandise, knowingly misrepresent, directly or indirectly, the true quality, ingredients or origin of such merchandise."

Answer:  No response is required to Paragraph 109 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the MUTPA.  To the extent a response is required, Kraft Heinz admits that Paragraph 109 accurately quotes the MUTPA, but denies that Kraft Heinz has violated it.

110.    Defendant is a person within the meaning of Minn. Stat. §325D.10, subd. a.

Answer:  No response is required to Paragraph 110 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the MUTPA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 110 of the Complaint.

111.    Plaintiff and the other Class members are persons within the meaning of Minn. Stat. § 325D.10, subd. a.

Answer:  No response is required to Paragraph 111 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the MUTPA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 111 of the Complaint.

112.    Defendant violated Section 325D.13 by making the 100% Claims in connection with the sale of the Products.

Answer:  No response is required to Paragraph 112 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the MUTPA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 112 of the Complaint.

113.    The Products are not 100% Parmesan, Romano and/or Asiago cheese, as advertised. The Products contain ingredients other than the stated cheeses.  Significant quantities of cellulose powder are added for purposes other than to prevent caking. The Products contain cellulose powder in amounts that exceed what is reasonably necessary to achieve the intended anticaking effects and serve merely as cheap filler to increase bulk while diminishing value.

Answer:  No response is required to Paragraph 113 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the MUTPA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 113 of the Complaint.

114.    Defendant made the misrepresentations and omissions of material facts knowing them to be false, misleading, and deceptive. Defendant knew the amount of excess cellulose in its Products.

Answer:  No response is required to Paragraph 114 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the MUTPA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 114 of the Complaint.

115.    Defendant's misrepresentations and omissions of material facts were material and likely to mislead a reasonable consumer, and Plaintiff and the other Class members were misled and deceived thereby.

Answer:  No response is required to Paragraph 115 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the MUTPA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 115 of the Complaint.

116.    Plaintiff and the other Class members reasonably relied on Defendant's misrepresentations and omissions of material facts and purchased the Products in reliance thereon. When they received a product that was not in conformity with Defendant's misrepresentations, Plaintiff and the other Class members were damaged on account of receiving Products worth less than as represented.

Answer:  No response is required to Paragraph 116 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the MUTPA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 116 of the Complaint.

117.    Pursuant to Minn. Stat. § 8.31, subd. 3a, Plaintiff brings this action to recover damages, together with costs, and disbursements, including costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the Court.

Answer:  No response is required to Paragraph 117 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the MUTPA.  To the extent a response is required, Kraft Heinz admits that Plaintiffs purport to seek damages, costs, disbursements, reasonable attorney's fees, and other equitable relief, but denies that Kraft Heinz has engaged in any wrongful conduct and denies that Plaintiffs are entitled to any relief whatsoever.

**COUNT X**
**Violation of Minnesota False Statement in Advertising Act ("FSAA"),**
**Minn. Stat. § 325F.67**
**On Behalf of the Minnesota Class**

118.    Plaintiff Rollinger ("Plaintiff" for purposes of Counts VIII–XI) repeats and realleges all of the preceding paragraphs as if fully set forth herein.

Answer:  Kraft Heinz repeats and realleges its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

119.     The FSAA broadly prohibits any person from making an untrue, deceptive, or misleading material assertion, representation, or statement in the sale or disposition of merchandise, securities, or services.

Answer:  No response is required to Paragraph 119 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the FSAA.  To the extent a response is required, Kraft Heinz admits that the FSAA prohibits certain untrue, deceptive, or misleading material assertions, representations, and statements in the sale or disposition of merchandise, securities, or services, but denies that Kraft Heinz has engaged in any such conduct.

120.     Defendant violated the FSAA because Defendant's misrepresentations and omissions of material facts were untrue, deceptive, and misleading material assertions, representations, or statements connected to the sale of the Products, which are merchandise.

Answer:  No response is required to Paragraph 120 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the FSAA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 120 of the Complaint.

121.     Defendant's misrepresentations induce consumers to view and rely on the representations in making decisions to purchase its Products.

Answer:  No response is required to Paragraph 121 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the FSAA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 121 of the Complaint.

122.     Defendant's misrepresentations and omissions of material facts are material representations or statements of fact and likely to mislead a reasonable consumer.

Answer:  No response is required to Paragraph 122 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the FSAA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 122 of the Complaint.

123.    Plaintiff and the other Class members were in fact misled by Defendant's misrepresentations and omissions of material facts.

Answer:  No response is required to Paragraph 123 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the FSAA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 123 of the Complaint.

124.    Plaintiff and the other Class members were damaged on account of receiving Products that were other than as represented.

Answer:  No response is required to Paragraph 124 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the FSAA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 124 of the Complaint.

125.    Pursuant to Minn. Stat. § 8.31, subd. 3a, Plaintiff brings this action to recover damages, together with costs, and disbursements, including costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the Court.

Answer:  No response is required to Paragraph 125 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the FSAA.  To the extent a response is required, Kraft Heinz admits that Plaintiffs purport to seek damages, costs, disbursements, reasonable attorney's fees, and other equitable relief, but denies that Kraft Heinz has engaged in any wrongful conduct and denies that Plaintiffs are entitled to any relief whatsoever.

## COUNT XI
## Violation of Minnesota Deceptive Trade Practices Act ("MDTPA"),
## Minn. Stat. § 325D.44, *et seq.*
## On Behalf of the Minnesota Class

126.    Plaintiff Rollinger ("Plaintiff" for purposes of Counts VII–XI) repeats and realleges all of the preceding paragraphs as if fully set forth herein.

Answer:  Kraft Heinz repeats and realleges its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

127.    The MDTPA defines the following practices in the course of business as deceptive trade practices:

   A.    Representing that goods have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have;

   B.    Representing that goods are of a particular standard, quality, or grade, if they are of another;

   C.    Advertising goods with intent not to sell them as advertised; and

   D.    Engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

   Answer:  No response is required to Paragraph 127 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the MDTPA.  To the extent a response is required, Kraft Heinz admits that the practices listed in Paragraph 127 of the complaint are defined as deceptive trade practices by the MTDPA, but denies that it has engaged in any of these practices.

128.    Defendant violated the MDTPA by making misrepresentations and omitting material facts regarding the Products, as detailed above.

   Answer:  No response is required to Paragraph 128 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the MDTPA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 128 of the Complaint.

129.    Defendant knew that its misrepresentations and omissions of material facts were untrue, false, misleading, and deceptive and that they would mislead reasonable consumers.

   Answer:  No response is required to Paragraph 129 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the MDTPA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 129 of the Complaint.

130.    Defendant continues to engage in this conduct, and Defendant's violations of the
MDTPA are ongoing.  Plaintiff and the other Class members are entitled to truthful
labeling and descriptions when they go shopping for consumer goods.  Defendant's
continued sale of the Products in deceptive packaging leads Plaintiff and the other
Class members to reasonably believe that Defendant has corrected its untruthful,
misleading, and deceptive conduct and that the Products now actually conform to
the law and Defendant's representations.  Therefore, Defendant's conduct has
caused, and is likely to continue to cause, confusion or misunderstanding.

Answer:  No response is required to Paragraph 130 of the Complaint because the Court has

dismissed all of Plaintiffs' claims against Kraft Heinz under the MDTPA.  To the extent a response

is required, Kraft Heinz denies the allegations of Paragraph 130 of the Complaint.

131.    Plaintiff and the other Class members seek to enjoin Defendant's conduct that
violates the MDTPA, and to recover costs and attorney's fees for Defendant's
willful violations of the MDTPA.

Answer:  No response is required to Paragraph 131 of the Complaint because the Court has

dismissed all of Plaintiffs' claims against Kraft Heinz under the MDTPA.  To the extent a response

is required, Kraft Heinz admits that Plaintiffs purport to seek injunctive relief, costs, and attorney's

fees, but denies that it has violated the MDTPA and denies that Plaintiffs are entitled to any relief

whatsoever.

## **COUNT XII**
**Violation of the Illinois Deceptive Practices and Consumer Fraud Act ("ICFA"),**
**815 ILCS 505/2**
**On Behalf of the Illinois Class**

132.    Plaintiffs Nash and Bell ("Plaintiffs" for purposes of Count XII) repeat and reallege
all preceding paragraphs as if fully set forth herein.

Answer:  Kraft Heinz repeats and realleges its answers to all preceding paragraphs of the

Complaint as if fully set forth herein.

133.    The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp.
Stat. 505/2 prohibits unfair methods of competition and unfair or deceptive acts or
practices, including but not limited to the use or employment of any deception,

fraud, false pretense, false promise, or misrepresentation in the conduct of any trade or commerce.

Answer: Paragraph 133 consists of a legal conclusion to which no response is required. To the extent a response is required, Kraft Heinz admits that the ICFA prohibits certain unfair methods of competition and unfair or deceptive acts or practices, but denies that it has engaged in any such conduct.

134. Plaintiffs and the other Class members are consumers who purchased the Products.

Answer: Kraft Heinz lacks information or knowledge sufficient to admit or deny the allegations of Paragraph 134 of the Complaint and on that basis denies those allegations.

135. Defendant's conduct, described above, in misrepresenting and omitting material facts regarding the Products constitutes an unfair or deceptive practice and was and is likely to mislead a reasonable consumer, as detailed above.

Answer: Denied.

136. A reasonable consumer would consider the promise of receiving something other than as promised to be important when making a decision to purchase the Products.

Answer: Denied.

137. Defendant's practices were unfair because they offended public policy, were immoral, unethical, oppressive, and unscrupulous, and caused substantial injury to consumers.

Answer: Denied.

138. Defendant's unfair and deceptive acts or practices were the foreseeable and actual cause of Plaintiffs and the other Class members suffering actual damage on account of receiving a product that was not as advertised.

Answer: Denied.

139. Plaintiffs and the other Class members paid a particular price for a product in accordance with Defendant's representations. When they received a product that

was not in conformity with those representations and their reasonable expectations, Plaintiffs and the other Class members were damaged on account of receiving Products other than as advertised.

<u>Answer</u>:  Denied.

## **COUNT XIII**
## **Violation of the Connecticut Unfair Trade Practices Act ("CUTPA"),**
## **Conn. Gen. Stat. § 42-110b**
## **On Behalf of the Connecticut Class**

140.    Plaintiff Quinn ("Plaintiff" for purposes of Count XIII) repeats and realleges all of the preceding paragraphs as if fully set forth herein.

<u>Answer</u>:  Kraft Heinz repeats and realleges its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

141.    Connecticut General Statute § 42-110b prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.

<u>Answer</u>: Paragraph 141 consists of a legal conclusion to which no response is required.  To the extent a response is required, Kraft Heinz admits that the CUTPA prohibits certain unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce, but denies that it has engaged in any such conduct.

142.    Plaintiff and the other Class members are consumers who purchased the Products.

<u>Answer</u>:  Kraft Heinz lacks information or knowledge sufficient to admit or deny the allegations of Paragraph 142 of the Complaint and on that basis denies those allegations.

143.    Defendant's conduct, as detailed above, constitutes unfair or deceptive practices and was and is likely to mislead a reasonable consumer.

<u>Answer</u>:  Denied.

144.    A reasonable consumer would consider the promise of receiving something other than as promised to be important when making a decision to purchase the Products.

Answer:  Denied.

145.   Defendant's practices were unfair because they offended public policy, were immoral, unethical, oppressive, and unscrupulous, and caused substantial injury to consumers.

Answer:  Denied.

146.   Defendant's unfair and deceptive acts or practices were the foreseeable and actual cause of Plaintiff and the other Class members suffering actual damage on account of receiving a product that was not in conformity with Defendant's representations.

Answer:  Denied.

147.   Plaintiff and the other Class members paid a particular price for a product in accordance with Defendant's representations and their reasonable expectations. When they received a product that failed to conform, Plaintiff and the other Class members were damaged.

Answer:  Denied.

## COUNT XIV
## Violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")
## Fla. Stat. §§ 501.201, *et seq.*
## On Behalf of the Florida Class

148.   Plaintiff Fata ("Plaintiff" for purposes of Count XIV) repeats and realleges all of the preceding paragraphs as if fully set forth herein.

Answer:  Kraft Heinz repeats and realleges its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

149.   The express purpose of FDUTPA is to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2). The FDUTPA declares such acts and practices to be unlawful. Fla. Stat. § 501.204(1).

Answer:  No response is required to Paragraph 149 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the FDUTPA.  To the extent a

response is required, Kraft Heinz admits that the FDUTPA prohibits certain unfair methods of competition and unconscionable, deceptive, or unfair acts or practices, but denies that it has engaged in any such conduct.

150.    The sale of the Products was a "consumer transaction" within the scope of FDUTPA.

Answer:  No response is required to Paragraph 150 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the FDUTPA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 150 of the Complaint.

151.    Plaintiff is a "consumer" as defined by Section 501.203, Florida Statutes.

Answer:  No response is required to Paragraph 151 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the FDUTPA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 151 of the Complaint.

152.    Defendant's Products are "goods" within the meaning of FDUTPA, and Defendant is engaged in "trade or commerce" within the meaning of FDUTPA.

Answer:  No response is required to Paragraph 152 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the FDUTPA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 152 of the Complaint.

153.    Defendant's unfair and deceptive practices are likely to mislead and have misled reasonable consumers, such as Plaintiff and members of the Class.

Answer:  No response is required to Paragraph 153 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the FDUTPA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 153 of the Complaint.

154. Defendant has violated FDUTPA by engaging in the unfair and deceptive practices described above, which offend public policies and are immoral, unethical, unscrupulous, and substantially injurious to consumers.

Answer: No response is required to Paragraph 154 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the FDUTPA. To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 154 of the Complaint.

155. Plaintiff and Class members have been aggrieved by Defendant's unfair and deceptive practices in violation of FDUTPA, in that they paid money for Defendant's mislabeled Products.

Answer: No response is required to Paragraph 155 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the FDUTPA. To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 155 of the Complaint.

156. Reasonable consumers rely on Defendant to honestly represent the true nature of the contents of the package.

Answer: No response is required to Paragraph 156 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the FDUTPA. To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 156 of the Complaint.

157. Defendant has deceived reasonable consumers, like Plaintiff and members of the Class, into believing the Products are something they are not; specifically that the Products are being supplied in accordance with representations.

Answer: No response is required to Paragraph 157 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the FDUTPA. To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 156 of the Complaint.

158. Pursuant to Sections 501.211(2) and 501.2105, Florida Statutes, Plaintiff and members of the Class make claims for damages, attorney's fees, and costs. The damages suffered by Plaintiff and the Class were directly and proximately caused by the deceptive, misleading, and unfair practices of Defendant. Pursuant to Section

501.211(1), Florida Statutes, Plaintiff and the Class seek injunctive relief for, *inter alia*, the Court to enjoin Defendant's above-described wrongful acts and practices and for restitution and disgorgement.

Answer:  No response is required to Paragraph 158 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the FDUTPA.  To the extent a response is required, Kraft Heinz admits that Plaintiffs purport to seek damages, attorney's fees, costs, injunctive relief, restitution, and disgorgement, but denies that it has engaged in any wrongful acts or practices and denies that Plaintiffs are entitled to any relief whatsoever.  Kraft Heinz denies the remaining allegations of Paragraph 158 of the Complaint.

159.   Plaintiff seeks all available remedies, damages, and awards as a result of Defendant's violations of FDUTPA.

Answer:  No response is required to Paragraph 159 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the FDUTPA.   To the extent a response is required, Kraft Heinz admits that Plaintiffs purport to seek all available remedies, damages, and awards, but denies that it has violated the FDUTPA and denies that Plaintiffs are entitled to any relief whatsoever.

### COUNT XV
### Violation of the Alabama Deceptive Trade Practices Act ("ADTPA")
### Ala. Code § 8-19-1, *et seq.*
### On Behalf of the Alabama Class

160.   Plaintiff Wills ("Plaintiff" for purposes of Count XV) repeats and realleges all of the preceding paragraphs as if fully set forth herein.

Answer:  Kraft Heinz repeats and realleges its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

161.   The ADTPA makes unlawful deceptive acts or practices in the conduct of any trade or commerce such as the following: representing that goods have characteristics, ingredients, benefits, or qualities that they do not have; representing that goods are

of a particular standard, quality, or grade, if they are of another; advertising goods or services with intent not to sell them as advertised; or engaging in any other unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce. Ala. Code § 8-19-5(5), (7), (9), (27).

Answer:  No response is required to Paragraph 161 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the ADTPA.  To the extent a response is required, Kraft Heinz admits that the ADTPA prohibits certain deceptive acts or practices in the conduct of trade or commerce, but denies that it has engaged in any such conduct.

162.    Under the ADTPA, Plaintiff and the Class members and Defendant are persons, and Plaintiff and the Class members are consumers. Ala. Code § 8-19-3(2), (5).

Answer:  No response is required to Paragraph 162 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the ADTPA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 162 of the Complaint.

163.    Defendant sells and distributes the Products, which are goods, in trade or commerce. Ala. Code § 8-19-3(3), (6).

Answer:  No response is required to Paragraph 163 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the ADTPA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 163 of the Complaint.

164.    The conduct of Defendant, as set forth herein, constitutes unfair or deceptive acts or practices under the ADTPA, including but not limited to, representing and failing to disclose material facts on the Products' labeling and associated advertising, as described above, when it knew that the representations were false and misleading and that the omissions were of material facts it was obligated to disclose.

Answer:  No response is required to Paragraph 164 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the ADTPA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 164 of the Complaint.

165.     Defendant's actions occurred in the course of trade or commerce. Ala. Code § 8-19-3(8).

Answer:  No response is required to Paragraph 165 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz claims under the ADTPA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 165 of the Complaint.

166.     Defendant's actions impact the public interest because Plaintiff and the Class members were injured in exactly the same way as thousands of others who purchase the Products as a result of Defendant's generalized course of deception.  All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendant's business.

Answer:  No response is required to Paragraph 166 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the ADTPA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 166 of the Complaint.

167.     Plaintiff and the Class members were injured as a result of Defendant's conduct.

Answer:  No response is required to Paragraph 167 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the ADTPA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 167 of the Complaint.

168.     Plaintiff and the Class members overpaid for the Products and did not receive the benefit of their bargain.

Answer:  No response is required to Paragraph 168 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the ADTPA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 168 of the Complaint.

169.     Defendant's conduct proximately caused the injuries to Plaintiff and the Class members.

<u>Answer</u>:  No response is required to Paragraph 169 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the ADTPA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 169 of the Complaint.

170.    Defendant is liable to Plaintiff and the Class members for damages in amounts to be proven at trial, including attorneys' fees, costs, and treble damages.

<u>Answer</u>:  No response is required to Paragraph 170 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the ADTPA.  To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 170 of the Complaint.

171.    Pursuant to Ala. Code § 8-19-8, Plaintiff will serve the Alabama Attorney General with a copy of this complaint, as Plaintiff and the Class members seek injunctive relief.

<u>Answer</u>: No response is required to Paragraph 171 of the Complaint because the Court has dismissed all of Plaintiffs' claims against Kraft Heinz under the ADTPA.  To the extent a response is required, Kraft Heinz lacks sufficient knowledge or information to admit the allegations of Paragraph 171 of the Complaint and on that basis denies those allegations.

### **COUNT XVI**
### **Violation of the Michigan Consumer Protection Act ("MCPA")**
### **Mich. Comp. Laws § 445.903, <i>et seq.</i>**
### **On Behalf of the Michigan Class**

172.    Plaintiff Ford ("Plaintiff" for purposes of Count XVI) repeats and realleges all of the preceding paragraphs as if fully set forth herein.

<u>Answer</u>:  Kraft Heinz repeats and realleges its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

173.    The MCPA prohibits "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce . . . ." Mich. Comp. Laws § 445.903(1).

Answer:   Paragraph 173 of the Complaint consists of a legal conclusion to which no response is required.   To the extent a response is required, Kraft Heinz admits that the MCPA prohibits certain unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce, but denies that it has engaged in any such conduct.

174.   Defendant violated the MCPA by, *inter alia*: representing that goods have characteristics, ingredients, benefits, or quantities that they do not have; representing that goods are of a particular standard or quality if they are of another; advertising or representing goods with intent not to dispose of those goods as advertised or represented; causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction; failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer; making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is; and failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner. Mich. Comp. Laws § 445.903(1)(c), (e), (g), (n), (s), (bb), (cc).

Answer:  Denied.

175.   At all relevant times, Plaintiff and the Class members were "person[s]" within the meaning of the Mich. Comp. Laws § 445.902(1)(d).

Answer:   Paragraph 175 of the Complaint consists of a legal conclusion to which no response is required.   To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 175 of the Complaint.

176.   At all relevant times, Defendant was a "person" engaged in "trade or commerce" within the meaning of the Mich. Comp. Laws § 445.902(1)(d) and (g).

Answer:   Paragraph 176 of the Complaint consists of a legal conclusion to which no response is required.   To the extent a response is required, Kraft Heinz denies the allegations of Paragraph 176 of the Complaint.

177.    In the course of its business, Defendant concealed and suppressed material facts concerning the Products. Defendant accomplished this by representing and failing to disclose material facts on the Products' labeling and associated advertising, as described above, when it knew that the representations were false and misleading and that the omissions were of material facts it was obligated to disclose.

Answer:  Denied.

178.    Defendant thus violated the MCPA by, at minimum employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of the Products.

Answer:  Denied.

179.    Defendant's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff and the Class members, about the true contents and quality of the Products.

Answer:  Denied.

180.    As a direct and proximate result of Defendant's violations of the MCPA, Plaintiff and the Class have suffered injury-in-fact and/or actual damage.

Answer:  Denied.

181.    Defendant's violations also present a continuing risk to Plaintiff and the Class as well as to the general public. Defendant's unlawful acts and practices complained of herein affect the public interest.

Answer:  Denied.

182.    Plaintiff and the Class seek injunctive relief to enjoin Defendant from continuing its unfair and deceptive acts; monetary relief against Defendant measured as the greater of actual damages in an amount to be determined at trial and statutory damages in the amount of $250 for Plaintiff and each Class member; reasonable attorneys' fees; and any other just and proper relief available under Mich. Comp. Laws § 445.911.

Answer:  Kraft Heinz admits that Plaintiffs purport to seek injunctive relief, actual and/or statutory damages, reasonable attorneys' fees, and other just and proper relief, but denies that it

has committed any "unfair and deceptive acts" and denies that Plaintiffs are entitled to any relief whatsoever.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully request that the Court enter judgment in their favor and against Defendant as follows:

A.    Certifying the Class under Federal Rule of Civil Procedure 23, as requested herein;

B.    Appointing Plaintiffs as Class Representatives and Plaintiffs' Interim Co-Lead Counsel as Class Counsel;

C.    Awarding Plaintiffs and the Class members actual, compensatory, statutory, and consequential damages;

D.    Awarding Plaintiffs and the Class members declaratory and injunctive relief;

E.    Awarding Plaintiffs and the Class members restitution and disgorgement;

F.    Imposing a constructive trust for the benefit of Plaintiffs and the Class members on the unjustly retained benefits conferred by Plaintiffs and the Class members upon Defendant;

G.    Awarding Plaintiffs and the Class members reasonable attorneys' fees, costs, and expenses; and

H.    Granting such other relief as the Court deems just and appropriate.

Answer:  Plaintiffs' prayer for relief consists of a summary of the relief they seek, to which no response is required.  To the extent a response is required, Kraft Heinz denies that Plaintiffs are entitled to any relief whatsoever and requests that Plaintiffs take nothing by way of their complaint.

## JURY TRIAL DEMAND

Plaintiffs, individually and on behalf of all others similarly situated, hereby request a jury trial, pursuant to Federal Rule of Civil Procedure 38, on all claims so triable.

Answer:  Kraft Heinz admits that Plaintiffs request a jury trial, and Kraft Heinz likewise requests a trial by jury.

## STATEMENT OF DEFENSES

### FIRST DEFENSE (FAILURE TO STATE A CLAIM)

The Complaint fails to state a claim on which relief can be granted because the representations on Kraft Heinz's labels, including the representation that cellulose is added "to prevent caking," are accurate and are not false or misleading. Further, the Complaint fails to allege any facts supporting Plaintiffs' allegations that they suffered any damages as a result of any act or omission on the part of Kraft Heinz, including any damages attributable to the use of the challenged "anticaking" statement.

### SECOND DEFENSE (LACK OF JUSTIFIABLE RELIANCE)

Plaintiffs' claims are barred, in whole or in part, because their interpretation of the phrase "100% Grated Parmesan Cheese" to mean that Kraft Heinz's grated parmesan cheese products contained no non-cheese ingredients whatsoever is unreasonable, and this phrase is not deceptive as a matter of law. Furthermore, because Plaintiffs claim that they relied solely on the phrase "100% Grated Parmesan Cheese" and did not review other aspects of the labeling disclosing the presence of cellulose and potassium sorbate, they cannot establish that they relied on or were deceived by the representation that cellulose is added "to prevent caking."

### THIRD DEFENSE (SAFE HARBOR)

Plaintiffs' claims are barred in whole or in part under the safe harbor doctrine to the extent that the conduct challenged in Plaintiffs' Complaint is permitted by federal and/or state law, including FDA regulations expressly allowing the use of powdered cellulose in grated cheeses to prevent caking and clumping.

## FOURTH DEFENSE (PREEMPTION)

Plaintiffs' claims are preempted in whole or in part under the federal Nutrition Labeling and Education Act, 21 U.S.C. § 341 *et seq.*, to the extent that Plaintiffs seek to impose labeling requirements on Kraft Heinz that are additional to, or different than, those required under federal law, by, among other things: (1) imposing liability on Kraft Heinz for selling grated cheese products that comply with the FDA's standard of identity for grated cheeses; and (2) imposing liability on Kraft Heinz for using powdered cellulose and potassium sorbate, which are expressly allowed under the relevant FDA regulations.

## FIFTH DEFENSE (UNCLEAN HANDS)

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands because, among other things, they unreasonably failed to review material on the labeling of Kraft Heinz's grated parmesan cheese products that would have dispelled any possibility of deception.

## SIXTH DEFENSE (WAIVER)

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver because, among other things, they purchased Kraft Heinz's grated parmesan cheese products with all of the relevant information about the presence of cellulose and potassium sorbate at their disposal.

## SEVENTH DEFENSE (ESTOPPEL)

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel because, among other things, their claim that they were deceived by the representation that cellulose is added "to prevent caking" is inconsistent with their earlier allegation that they relied exclusively on the representation "100% Grated Parmesan Cheese" and did not review the ingredient list, which is the portion of the label that discloses that cellulose is added to prevent caking.

**EIGHTH DEFENSE (RESERVATION OF ADDITIONAL DEFENSES)**

Kraft Heinz reserves the right to assert additional defenses as may become known to it through discovery or otherwise.


Dated: December 7, 2018

                                      Respectfully submitted,

                                      JENNER & BLOCK LLP

                                      By:  */s/ Dean N. Panos*

                                          Dean N. Panos
                                          353 N. Clark Street
                                          Chicago, IL 60654-3456
                                          Tel.:  (312) 222-9350
                                          dpanos@jenner.com

                                          Attorneys for Defendant
                                          The Kraft Heinz Company

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing document was filed on December 7, 2018 with the Clerk of the Court by using the CM/ECF system which will effect electronic service on all parties and attorneys registered to receive notifications via the CM/ECF system.


Dated:  December 7, 2018                              By:  _____*/s/ Dean N. Panos*_____
                                                                            Dean N. Panos