IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE MARKING AND SALES PRACTICES LITIGATION | Case No.: 1:16-CV-05802 (MDL No. 2705) |
| *This Document Relates to All Cases on the Target and Wal-Mart Tracks* | The Hon. Gary S. Feinerman |

## ANSWER BY ICCO-CHEESE COMPANY, INC.

Defendant ICCO Cheese Company, Inc. ("ICCO"), by and through its undersigned counsel, hereby submits this Answer to the Amended Consolidated Class Action Complaint Against Wal-Mart Stores, Inc. and ICCO-Cheese Company, Inc. ("Amended Complaint"), and states that ICCO denies each and every allegation in the Amended Complaint unless specifically admitted herein.

## NATURE OF THE ACTION

1. The allegations in Paragraph 1 of the Amended Complaint relate to claims that have been dismissed and, therefore, no response is required. To the extent a response is required, ICCO denies the allegations in this Paragraph.

2. ICCO admits that the grated parmesan cheese product that it manufactured for Wal-Mart contained cellulose and potassium sorbate, but denies all remaining allegations in Paragraph 2 of the Amended Complaint.

3. The allegations in Paragraph 3 of the Amended Complaint relate to claims that have been dismissed and, therefore, no response is required. To the extent a response is required, ICCO is without sufficient information or knowledge to admit or deny the allegations in Paragraph 3 and, therefore, denies them.

4. ICCO denies the allegations in Paragraph 4 of the Amended Complaint.

5. ICCO denies the allegations in Paragraph 5 of the Amended Complaint.

6. ICCO denies the allegations in Paragraph 6 of the Amended Complaint.

## JURISDICTION AND VENUE

7. ICCO does not contest that this Court has subject matter jurisdiction over this Action, but denies all class-related allegations in Paragraph 7 of the Amended Complaint.

8. ICCO does not contest that venue is appropriate in this Court, but does not admit that any damages or harm have been caused to any putative class members in Illinois or elsewhere, and ICCO reserves its rights in each of the districts from which Plaintiffs' individual cases were transferred to this Court.

## PARTIES

9. ICCO lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 9 of the Amended Complaint and, therefore, denies all such allegations, but with the exception of the allegation that "Rollinger did not receive that which he was promised," which allegation ICCO denies.

10. ICCO lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 10 of the Amended Complaint and, therefore, denies all such allegations, but with the exception of the allegation that "Ducorsky did not receive that which he was promised," which allegation ICCO denies.

11. ICCO lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 11 of the Amended Complaint and, therefore, denies all such allegations, but with the exception of the allegation that "Sikes did not receive that which he was promised," which allegation ICCO denies.

12. ICCO lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 12 of the Amended Complaint and, therefore, denies all such allegations, but with the exception of the allegation that "Schmoll did not receive that which he was promised," which allegation ICCO denies.

13. ICCO lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 13 of the Amended Complaint and, therefore, denies all such allegations, but with the exception of the allegation that "Wills did not receive that which he was promised," which allegation ICCO denies.

14. ICCO lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 14 of the Amended Complaint and, therefore, denies all such allegations, but with the exception of the allegation that "Reeves did not receive that which he was promised," which allegation ICCO denies.

15. The allegations in Paragraph 15 of the Amended Complaint are directed to Wal-Mart and, therefore, do not require a response by ICCO. To the extent that the allegations in this Paragraph require a response from ICCO, ICCO admits that during the time that it was supplying grated parmesan cheese to Wal-Mart, Wal-Mart sold grated parmesan cheese under the brand name "Great Value" and that the product's label speaks for itself, but ICCO lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 15 of the Amended Complaint, and therefore denies them.

16. ICCO admits the allegations in Paragraph 16 of the Amended Complaint, except that it denies the allegations that it is a "nationwide provider" or that it "conducts business in this District and elsewhere throughout the United States."

**FACTUAL ALLEGATIONS**

17. ICCO lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 17 of the Amended Complaint and, therefore, denies them.

18. ICCO admits that the images depicted in Paragraph 18 of the Amended Complaint are older versions of Wal-Mart's grated parmesan cheese containers, and states that the labels of these (and other product labels) speak for themselves. To the extent any remaining allegations in Paragraph 18 require a response, ICCO denies them. In addition, the allegations in this Paragraph relate to claims that have been dismissed from this litigation and, therefore, no response is required.

19. ICCO denies the allegations in Paragraph 19, with the exception of the allegation concerning what an "independent testing facility determined," which allegation ICCO is without sufficient information or knowledge to admit or deny and therefore, denies.

20. ICCO admits that cellulose is not a cheese or any other type of dairy product; admits that potassium sorbate is found in its grated parmesan cheese products and that it is an additive used in some foods. ICCO denies the remaining allegations in Paragraph 20 of the Amended Complaint.

21. ICCO denies the allegations in Paragraph 21 of the Amended Complaint.

22. ICCO states that the statements in U.S. Patent No. 6,242,016 B1 speak for themselves and denies the remaining allegations in Paragraph 22 of the Amended Complaint.

23. ICCO denies the allegations in Paragraph 23 of the Amended Complaint.

24. The allegations in Paragraph 24 of the Amended Complaint relate to claims that have been dismissed from this litigation and, therefore, no response is required.

25. The allegations in Paragraph 25 of the Amended Complaint relate to claims that have been dismissed from this litigation and, therefore, no response is required.

26.     The allegations in Paragraph 26 of the Amended Complaint relate to claims that have been dismissed from this litigation and, therefore, no response is required.

27.     The allegations in Paragraph 27 of the Amended Complaint pertain only to Wal-Mart Stores, Inc., and therefore no response from ICCO is required. In addition, the allegations in this Paragraph relate to claims that have been dismissed from this litigation and, therefore, no response is required.

28.     The allegations in Paragraph 28 of the Amended Complaint pertain only to Publix Super Markets, Inc., and therefore no response from ICCO is required. In addition, the allegations in this Paragraph relate to claims that have been dismissed from this litigation and, therefore, no response is required.

29.     ICCO denies the allegations in Paragraph 29 of the Amended Complaint.

30.     The allegations in Paragraph 30 of the Amended Complaint relate to claims that have been dismissed from this litigation and, therefore, no response is required.

31.     ICCO denies the allegations in Paragraph 31 of the Amended Complaint.

## CLASS ALLEGATIONS

32.     ICCO acknowledges Plaintiffs have styled this matter as a purported class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and (3) and acknowledges that Paragraph 32 of the Amended Complaint purports to define a class. ICCO, however, denies this case is appropriate for class certification and denies all remaining allegations in Paragraph 32.

33.     ICCO acknowledges Plaintiffs have styled this matter as a purported class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and (3) and acknowledges that Paragraph 33 of the Amended Complaint purports to define alternative classes. ICCO, however, denies this case is appropriate for class certification and denies all remaining allegations in Paragraph 33.

34. ICCO denies the allegations in Paragraph 34 of the Amended Complaint.

35. ICCO denies the allegations in Paragraph 35 of the Amended Complaint.

36. ICCO denies the allegations in Paragraph 36 of the Amended Complaint.

37. ICCO denies the allegations in Paragraph 37 of the Amended Complaint.

38. ICCO denies the allegations in Paragraph 38 of the Amended Complaint.

39. ICCO denies the allegations in Paragraph 39 of the Amended Complaint.

40. ICCO denies the allegations in Paragraph 40 of the Amended Complaint.

## CLAIMS

### COUNT I
### Breach of Express Warranty
### On Behalf of the Nationwide Class,
### Or in the Alternative, Plaintiffs' Respective State Classes

41. ICCO repeats and realleges each of its responses to Paragraphs 1-40 of the Amended Complaint set forth above.

42. The allegations in Paragraph 42 of the Amended Complaint relate to claims that have been dismissed from this litigation and, therefore, no response is required.

43. ICCO denies the allegations in Paragraph 43 of the Amended Complaint.

44. ICCO denies the allegations in Paragraph 44 of the Amended Complaint.

45. ICCO denies the allegations in Paragraph 45 of the Amended Complaint.

46. ICCO denies the allegations in Paragraph 46 of the Amended Complaint.

47. ICCO denies the allegations in Paragraph 47 of the Amended Complaint.

48. ICCO denies the allegations in Paragraph 48 of the Amended Complaint.

### COUNT II
### Unjust Enrichment
### On Behalf of the Nationwide Class,
### Or in the alternative, On Behalf of Plaintiffs' Respective State Classes

49. ICCO repeats and realleges each of its responses to Paragraphs 1-48 of the Amended Complaint set forth above.

50. ICCO denies the allegations in Paragraph 50 of the Amended Complaint.

51. ICCO denies the allegations in Paragraph 51 of the Amended Complaint.

52. ICCO denies the allegations in Paragraph 52 of the Amended Complaint.

53. ICCO denies the allegations in Paragraph 53 of the Amended Complaint.

54. ICCO denies the allegations in Paragraph 54 of the Amended Complaint.

55. ICCO denies the allegations in Paragraph 55 of the Amended Complaint.

**COUNT III**
**Breach of Implied Warranty of Merchantability**
**On behalf of the Nationwide Class,**
**Or in the Alternative, On Behalf of Plaintiffs' Respective State Classes**

56. ICCO repeats and realleges each of its responses to Paragraphs 1-55 of the Amended Complaint set forth above.

57. ICCO denies the allegations in Paragraph 57 of the Amended Complaint.

58. ICCO denies the allegations in Paragraph 58 of the Amended Complaint.

59. Paragraph 59 of the Amended Complaint contains legal conclusions to which no response is required, but to the extent that a response is required, ICCO denies them.

60. The allegations in Paragraph 60 of the Amended Complaint relate to claims that have been dismissed from this litigation and, therefore, no response is required.

61. The allegations in Paragraph 61 of the Amended Complaint relate to claims that have been dismissed from this litigation and, therefore, no response is required.

62. ICCO denies the allegations in Paragraph 62 of the Amended Complaint.

63. ICCO denies the allegations in Paragraph 63 of the Amended Complaint.

64. ICCO denies the allegations in Paragraph 64 of the Amended Complaint.

**COUNT IV**
**Violation of New York General Business Law § 349**
**On Behalf of the New York Class**

65-69. Count IV of the Amended Complaint was dismissed by the Court. Accordingly, Paragraphs 65 through 69 of the Amended Complaint do not require a response.

**COUNT V**
**Violation of New York General Business Law § 350**
**On Behalf of the New York Class**

70-75. Count V of the Amended Complaint was dismissed by the Court. Accordingly, Paragraphs 70 through 75 of the Amended Complaint do not require a response.

**COUNT VI**
**Violation of the Minnesota Prevention of Consumer Fraud Act ("MPCFA")**
**Minn. Stat. § 325F.68, *et seq.***
**On behalf of the Minnesota Class**

76-85. Count VI of the Amended Complaint was dismissed by the Court. Accordingly, Paragraphs 76 through 85 of the Amended Complaint do not require a response.

**COUNT VII**
**Violation of the Minnesota Unlawful Trade Practices Act ("MUTPA")**
**Minn. Stat. § 325D.09, *et seq.***
**On behalf of the Minnesota Class**

86-95. Count VII of the Amended Complaint was dismissed by the Court. Accordingly, Paragraphs 86 through 95 of the Amended Complaint do not require a response.

**COUNT VIII**
**Violation of the Minnesota False Statement in Advertising Act ("FSAA")**
**Minn. Stat. § 325F.67, *et seq.***
**On behalf of the Minnesota Class**

96-103. Count VIII of the Amended Complaint was dismissed by the Court. Accordingly, Paragraphs 96 through 103 of the Amended Complaint do not require a response.

**COUNT IX**
**Violation of the Minnesota Deceptive Trade Practices Act ("MDTPA")**
**Minn. Stat. § 325D.44, *et seq.***

**On behalf of the Minnesota Class**

104-109. Count VIII of the Amended Complaint was dismissed by the Court. Accordingly, Paragraphs 104 through 109 of the Amended Complaint do not require a response.

**COUNT X**
**Violation of Florida Deceptive and Unfair Trade Practices Act**
**Fla. Stat. Ann. § 501.201,** *et seq.*
**On behalf of the Florida Class**

110-121. Count X of the Amended Complaint was dismissed by the Court. Accordingly, Paragraphs 110 through 121 of the Amended Complaint do not require a response.

**COUNT XI**
**Violation of New Jersey Consumer Fraud Act,**
**N.J. Stat. § 56:8-1,** *et seq.*
**On behalf of the New Jersey Class**

122-129. Count XI of the Amended Complaint was dismissed by the Court. Accordingly, Paragraphs 122 through 129 of the Amended Complaint do not require a response.

**COUNT XII**
**Violation of Alabama Deceptive Trade Practices Act ("ADTPA"),**
**Ala. Code § 8-19-1,** *et seq.*
**On behalf of the Alabama Class**

130-141. Count XII of the Amended Complaint was dismissed by the Court. Accordingly, Paragraphs 130 through 141 of the Amended Complaint do not require a response.

**COUNT XIII**
**Violation of California Unfair Competition Law ("UCL")**
**California Business & Professions Code § 17200,** *et seq.*
**On behalf of the California Class**

142-150. Count XIII of the Amended Complaint was dismissed by the Court. Accordingly, Paragraphs 142 through 150 of the Amended Complaint do not require a response.

**COUNT XIV**
**Violation of California Consumer Legal Remedies Act ("CLRA")**
**California Civil Code §§ 1750,** *et seq.*
**On behalf of the California Class**

151-155. Count XIV of the Amended Complaint was dismissed by the Court. Accordingly, Paragraphs 151 through 155 of the Amended Complaint do not require a response.

## PRAYER FOR RELIEF

ICCO denies Plaintiffs are entitled to any of the prayed relief and/or a judgment against it.

## AFFIRMATIVE DEFENSES

ICCO incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses. By asserting these defenses, ICCO does not admit or acknowledge it bears the burden of proof on any issue and does not accept any burden that it would not otherwise bear. ICCO reserves the right to amend this Answer with additional defenses and/or supplement its existing defenses as further information becomes available through discovery.

1. The Amended Complaint fails to state a claim on which relief can be granted.
2. Plaintiffs' claims are barred by the doctrine of laches.
3. Plaintiffs' claims are barred by applicable statutes of limitations.
4. Plaintiffs' claims for equitable relief are barred because Plaintiffs have an adequate remedy at law.
5. Plaintiffs failed to take reasonable measures to mitigate their damages.
6. Plaintiffs' warranty claims fail because they failed to provide ICCO with pre-suit notice of their claims.
7. Plaintiffs' warranty claims are barred because Plaintiffs' purchases could not have been reasonably induced by any statements on the labels of the products at issue.

8. Plaintiffs are barred from revoking acceptance of the products at issue because their alleged non-conformity, even if true, would not substantially impair the value of the products to the Plaintiffs.

9. Plaintiffs' claims fail as to ICCO because ICCO's actions were not the cause of Defendants' alleged injury or damage.

10. The Amended Complaint and each purported cause of action asserted therein are barred because Plaintiffs and/or the putative class members did not suffer an injury in fact caused by reliance on any allegedly false or misleading statement by ICCO.

11. The Amended Complaint and each and every purported cause of action alleged therein are barred because in balancing the equities, the damages sought by Plaintiffs on behalf of the putative class members are far outweighed by the administrative costs of identifying and/or notifying the class members.

12. Plaintiffs lack standing to pursue certification of, or to represent, a nationwide class.

13. The Amended Complaint and each purported cause of action therein pleaded against ICCO is barred because ICCO cannot be liable for the acts of others who marketed products that ICCO manufactured.

14. Plaintiffs' claims are expressly preempted by The Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.* ("FDCA"), as amended by the Nutrition Labeling and Education Act, 21 U.S.C. §§ 341, *et seq.* ("NLEA").

15. Plaintiffs' claims should be dismissed under the primary jurisdiction doctrine.

ICCO reserves its right to supplement these Affirmative Defenses whenever discovery or other circumstances provide grounds to do so.

WHEREFORE, ICCO respectfully requests that the Court dismiss the Amended Complaint in its entirety and with prejudice; enter judgment in its favor on all claims in the Complaint; and award ICCO any relief that it deems appropriate, including attorneys' fees and the costs of this Action.

Respectfully submitted,

  /s/ Joshua A. Gilkin
**BOWIE & JENSEN, LLC**
Joshua A. Glikin (General Bar No.: 008107)
glikin@bowie-jensen.com
Matthew A.S. Esworthy (*pro hac vice*)
esworthy@bowie-jensen.com
Cynthia L. Polasko (*pro hac vice*)
polasko@bowie-jensen.com
Bowie & Jensen, LLC
210 West Pennsylvania Avenue, Suite 400
Towson, Maryland 21204
Phone: (410) 583-2400
Facsimile: (410) 583-2437

*Attorneys for Defendant ICCO Cheese Company, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was filed on December 10, 2018, with the Clerk of the Court by using the CM/ECF system, which will send a notice of the filing to all counsel of record.

  /s/ Joshua A. Glikin
Joshua A. Glikin
