## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICES LITIGATION | 16 CV 5802 |
| | MDL 2705 |
| | Judge Gary S. Feinerman |
| *This Document Relates to All Cases on the Wal-Mart Track* | |

## WALMART STORES, INC. ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Defendant Walmart Inc., f/k/a Wal-Mart Stores, Inc. ("Walmart") by and through their undersigned counsel, deny each and every allegation in the Amended Consolidated Class Action Complaint of Plaintiffs ("Amended Complaint"), unless specifically admitted herein and further responds as follows:

## NATURE OF THE ACTION

1.      This consumer class action arises out of Defendants' misbranding and false and misleading advertising of their grated Parmesan cheese products sold under the Great Value brand (the "Products") as "100% Grated Parmesan Cheese" and "100% Parmesan Grated Cheese." Defendants' advertisements, including labels, represent the Products as "100% Grated Parmesan Cheese" and "100% Parmesan Grated Cheese" (the "100% Claims"), but these representations are false, misleading, and likely to deceive the reasonable consumer because the Products are not 100% cheese.

**ANSWER:**  The allegations set forth in Paragraph 1 relate to claims that have been dismissed in their entirety and therefore no response is required.  (Dkt. 297).  To the extent that an answer is required, Walmart denies the allegations set forth in Paragraph 1.

2.      Instead, rather than being comprised of 100% cheese that is grated, the Products contain powdered cellulose, an inexpensive filler derived from wood pulp. They also contain potassium sorbate and cheese cultures that are not the type of cheese listed on the label. The Products are not "100% Grated Parmesan Cheese" and "100% Parmesan Grated Cheese."

**ANSWER:** Walmart admits that its product contains cellulose (added to prevent caking) and potassium sorbate (added to protect flavor). Walmart denies the remaining allegations set forth in Paragraph 2.

3. Nonetheless, according to a recent survey, the vast majority of consumers who purchase the Products believe the Products are 100% cheese and do not contain fillers or artificial ingredients. In fact, in excess of 85% of consumers believe that the label means the Products are 100% cheese and fully grated. Only a very small percentage believed the Products do not consist of 100% cheese.

**ANSWER:** The allegations set forth in Paragraph 3 relate to claims that have been dismissed in their entirety and therefore no response is required. (Dkt. 297). To the extent that an answer is required, Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 3 and, therefore, denies the allegations.

4. Further, the Products contain more cellulose powder than needed to achieve anticaking effects. That is, Defendants use the cellulose powder as filler. Defendants state, albeit in small print on the back of the Products' container, that the Products contain cellulose powder for anticaking purposes and omit the fact that the cellulose powder is included as a filler.

**ANSWER:** Walmart denies the allegations set forth in Paragraph 4.

5. As a result of Defendants' deceptive and unfair practices, Plaintiffs and the other Class members did not receive that which was promised.

**ANSWER:** Walmart denies the allegations set forth in Paragraph 5.

6. Plaintiffs bring this action on behalf of themselves and all other similarly situated consumers to recover the amounts Plaintiffs and the Class members overpaid, to prevent Defendants from continuing to engage in their unlawful, deceptive, and unfair conduct, and to correct the false perception Defendants have created in the marketplace through misrepresentations and omissions of material facts.

**ANSWER:** Walmart admits only that Plaintiffs purport to bring this action on behalf of a putative class. Walmart denies the remaining allegations set forth in Paragraph 6.

NJ 231082489v3

## JURISDICTION AND VENUE

7.      The Court has original subject matter jurisdiction over the case under 28 U.S.C. § 1332(d) because the case is brought as a class action under Fed. R. Civ. P. 23, at least one proposed Class member is of diverse citizenship from Defendants, the proposed Class includes more than 100 members, and the aggregate amount in controversy exceeds five million dollars, excluding interest and costs.

**ANSWER:** Walmart admits that this Court has subject matter jurisdiction and that Plaintiffs purport to bring this action on behalf of a putative class. Walmart denies the remaining allegations set forth in Paragraph 7.

8.      Venue is proper in this District under 28 U.S.C. § 1391 because Defendants engaged in substantial conduct relevant to Plaintiffs' claims within this District and have caused harm to Class members residing within this District. Additionally, the lawsuits comprising this consolidated complaint have been transferred to this Court for coordinated pretrial proceedings pursuant to the Transfer Order of the JPML dated June 2, 2016. Plaintiffs in the transferred actions reserve their rights of remand to the districts from which they were transferred at or before the conclusion of the pretrial proceedings.

**ANSWER:** Walmart admits that the Plaintiffs' claims have been transferred to this Court for coordinated pretrial proceedings pursuant to a Transfer Order of the JPML and that these Plaintiffs have filed what they describe as an Amended Consolidated Class Action Complaint. To the extent that a further answer is required, Walmart denies the remaining allegations set forth in Paragraph 8.

## PARTIES

9.      Plaintiff Larry Rollinger, Jr. ("Rollinger") is a citizen of the State of Minnesota, residing in St. Paul Park, Minnesota. Rollinger has purchased the Great Value "100% Grated Parmesan Cheese" or "100% Parmesan Grated Cheese" product several times over the past four years from a Wal-Mart store in Vadnais Heights, Minnesota. Rollinger purchased the "100% Grated Parmesan Cheese" or "100% Parmesan Grated Cheese" product believing it was 100% Parmesan cheese. Rollinger did not receive that which he was promised.

**ANSWER:** Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of Paragraph 9 and, therefore, denies the allegations. Walmart denies the remaining allegations set forth in Paragraph 9.

NJ 231082489v3

10. Plaintiff Alan Ducorsky ("Ducorsky") is a citizen of the State of New York, residing in Island Park, New York. Ducorsky has purchased the Great Value "100% Grated Parmesan Cheese" or "100% Parmesan Grated Cheese" product several times a year from Wal-Mart stores in Westbury, New York, Valley Stream, New York, and Levittown, New York. Ducorsky purchased the "100% Grated Parmesan Cheese" or "100% Parmesan Grated Cheese" product believing it was 100% Parmesan cheese. Ducorsky did not receive that which he was promised.

**ANSWER:** Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of Paragraph 10 and, therefore, denies the allegations. Walmart denies the remaining allegations set forth in Paragraph 10.

11. Plaintiff Becky Sikes ("Sikes") is a citizen of the State of Florida, residing in Melbourne, Florida. Sikes has purchased the Great Value "100% Grated Parmesan Cheese" or "100% Parmesan Grated Cheese" product several times a year from Wal-Mart stores in Melbourne, Florida, and Indialantic, Florida. Sikes purchased the "100% Grated Parmesan Cheese" or "100% Parmesan Grated Cheese" product believing it was 100% Parmesan cheese. Sikes did not receive that which she was promised.

**ANSWER:** Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of Paragraph 11 and, therefore, denies the allegations. Walmart denies the remaining allegations set forth in Paragraph 11.

12. Plaintiff Rita Schmoll ("Schmoll") is a citizen of the State of New Jersey, residing in Cherry Hill, New Jersey. Schmoll has purchased the Great Value "100% Grated Parmesan Cheese" or "100% Parmesan Grated Cheese" product several times a year from a Wal-Mart store in Cherry Hill, New Jersey. Schmoll purchased the "100% Grated Parmesan Cheese" or "100% Parmesan Grated Cheese" product believing it was 100% Parmesan cheese. Schmoll did not receive that which she was promised.

**ANSWER:** Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of Paragraph 12 and, therefore, denies the allegations. Walmart denies the remaining allegations set forth in Paragraph 12.

13. Plaintiff Michael Wills ("Wills") is a citizen of Alabama, residing in Mumford, Alabama. Wills purchased at least six containers of the Great Value "100% Grated Parmesan Cheese" or "100% Parmesan Grated Cheese" product at various Wal-Mart stores in Alabama over the past four years. Wills purchased the "100% Grated Parmesan Cheese" or "100% Parmesan Grated Cheese" product believing it was 100% Parmesan cheese. Wills did not receive that which he was promised.

**ANSWER:** Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of Paragraph 13 and, therefore, denies the allegations. Walmart denies the remaining allegations set forth in Paragraph 13.

14. Plaintiff Nancy Reeves ("Reeves") is a citizen of the State of California, residing in Imperial, California. Reeves has purchased the Great Value "100% Grated Parmesan Cheese" or "100% Parmesan Grated Cheese" product several times a year from a Wal-Mart store in El Centro, California. Reeves purchased the "100% Grated Parmesan Cheese" or "100% Parmesan Grated Cheese" product believing it was 100% Parmesan cheese. Reeves did not receive that which she was promised.

**ANSWER:** Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of Paragraph 14 and, therefore, denies the allegations. Walmart denies the remaining allegations set forth in Paragraph 14.

15. Defendant Wal-Mart Stores, Inc. is a Delaware corporation headquartered in Bentonville, Arkansas. At all times relevant hereto, Wal-Mart was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling "100% Grated Parmesan Cheese" under the brand name "Great Value." Wal-Mart is the registered owner of the trademark "Great Value." The Products' labels state they are distributed by Wal-Mart.

**ANSWER:** Walmart denies that it is in the business of designing, developing, manufacturing, testing, packaging, promoting and/or labeling "100% Grated Parmesan Cheese." Walmart admits the remaining allegations set forth in Paragraph 15.

16. Defendant ICCO-Cheese Company, Inc. is a New York corporation with its principal place of business located at 1 Olympic Drive, Orangeburg, New York 10962. It is a nationwide provider of prepared food products, including grated cheeses, sold under private, store- brand labels across the country. ICCO conducts business in this District and elsewhere throughout the United States.

**ANSWER:** Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 16 and, therefore, denies the allegations.

## FACTUAL ALLEGATIONS

17. Parmesan cheese has become increasingly popular with consumers. According to the United States Department of Agriculture, in 2015, output of Parmesan cheese rose 11% from 2014, to around 336 million pounds.

**ANSWER:** Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 17 and, therefore, denies the allegations.

18. The Products' package labels prominently represent the Products as "100% Grated Parmesan Cheese" and "100% Parmesan Grated Cheese." Representative packaging of the Products appear below:

**ANSWER:** Walmart admits that the photographs in Paragraph 18 depict portions of the packaging of certain Great Value products sold by Walmart.



19. Contrary to Defendants' 100% Claims, the Products are not 100% cheese. In or around February 2016, an independent testing facility determined that a sample of Defendants' Products allegedly consisting of 100% grated Parmesan cheese actually contained 7.8% cellulose.

**ANSWER:** The allegations set forth in Paragraph 19 relate to claims that have been dismissed in their entirety and therefore no response is required. (Dkt. 297). To the extent that an answer is required, Walmart denies the allegations set forth in Paragraph 19.

NJ 231082489v3

20.     Cellulose is an organic polymer. It is not cheese or any other type of dairy product.  Its main use is in the production of paperboard and paper. Humans cannot digest cellulose, and it provides no nutritional calories. Cellulose is often used as a filler. Potassium sorbate, also found in the Products, is a synthetic chemical additive used in some foods and personal care products.

**ANSWER:**  Walmart lacks knowledge or information sufficient to form a belief about

the truth of the allegations set forth in Paragraph 20 and, therefore, denies the allegations.

21.     Because the Products are not all cheese, Defendants' advertising, including their labels, is false, misleading, unfair, deceptive, and intended to induce consumers to purchase the Products.

**ANSWER:**  Walmart denies the allegations set forth in Paragraph 21.

22.     It is understandable that consumers believed what Defendants told them about these products. Parmesan cheese, a cured, dried hard Italian cheese—keeps a long time without refrigeration and does not clump. In fact, "[f]ully cured Parmesan cheese is very hard and keeps almost indefinitely." U.S. Patent No. 6,242,016 B1. The patent also explains that the grated Parmesan cheese usually available in the marketplace is dried after curing to a moisture level of about 12–18%. At this moisture level, "there is little problem of clumping or agglomeration of the grated cheese product." *Id.*

**ANSWER:**  Walmart lacks knowledge or information sufficient to form a belief about

the truth of the allegations set forth in Paragraph 22 and, therefore, denies the allegations.

23.     Defendants add powdered cellulose in amounts that exceed what is necessary for achieving anticaking effects in the Products.

**ANSWER:**  Walmart denies the allegations set forth in Paragraph 23.

24.     Further, the Products' use of antimycotics, such as potassium sorbate, for the preservation of grated cheese products is far from a universal practice. Other similar products, such as Essential Everyday 100% Grated Parmesan, do not contain antimycotics. *See, e.g.*, ECF No. 158-1.

**ANSWER:**  Walmart lacks knowledge or information sufficient to form a belief about

the truth of the allegations set forth in Paragraph 24 and, therefore, denies the allegations.

25.     According to a recent survey conducted in connection with this litigation, the vast majority of consumers who purchase the Products believe the Products are 100% cheese and do not contain fillers or artificial ingredients. In fact, in excess of 85% of consumers believe that the label means the Products are 100% cheese and fully grated. Only a very small percentage believed the Products do not consist of 100% cheese.

**ANSWER:**  The allegations set forth in Paragraph 25 relate to claims that have been dismissed in their entirety and therefore no response is required.  (Dkt. 297).  To the extent that an answer is required, Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 25 and, therefore, denies the allegations.

26.     It is also understandable that consumers reasonably interpret the Products' labels as meaning the Products consist only of cheese. As explained by linguists Anne Curzan, Ph.D., Ezra Keshet, Ph.D., and Kyle Johnson, Ph.D., in two separate analyses of the phrase "100% Grated Parmesan Cheese," the phrase is linguistically subject to only one plausible interpretation, which
is that the Product contains nothing other than grated parmesan cheese. *See* Report of Anne Curzan and Ezra Keshet, attached as Exhibit A; Report of Kyle Johnson, attached as Exhibit B.

**ANSWER:**  The allegations set forth in Paragraph 26 relate to claims that have been dismissed in their entirety and therefore no response is required.  (Dkt. 297).  To the extent that an answer is required, Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 26 and, therefore, denies the allegations.

27.     After being sued, Wal-Mart Stores, Inc. dropped "100%" from its claim that its grated Parmesan cheese products were "100% Parmesan Grated Cheese" or "100% Grated Parmesan Cheese."

**ANSWER:**  The allegations set forth in Paragraph 27 relate to claims that have been dismissed in their entirety and therefore no response is required.  (Dkt. 297).  To the extent that an answer is required, Walmart admits only that the labels of certain Great Value products were revised.

28.     After being sued, Publix Super Markets, Inc. changed the labels on its grated Parmesan cheese products by deleting "100%" from its "100% Grated Parmesan Cheese" representation.

**ANSWER:**  The allegations set forth in Paragraph 28 relate to claims that have been dismissed in their entirety and therefore no response is required.  (Dkt. 297).  To the extent that an answer is required, Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 28 and, therefore, denies the allegations.

29.     Wal-Mart and ICCO are co-participants in committing the acts of consumer fraud alleged, since ICCO manufactures, packages, and labels the Products so Wal-Mart can sell the Wal-Mart Products in its retail stores. As the manufacturer of the Wal-Mart Products, ICCO knowingly manufactured the Wal-Mart Products with the type and amount of substances other than cheese used in the Products. It also packaged and labeled the Products with the representation that the Products consisted of "100%" Parmesan cheese, knowing that the label was false.

**ANSWER:**  The allegations set forth in Paragraph 29 relate to claims that have been dismissed in their entirety and therefore no response is required.  (Dkt. 297).  To the extent that an answer is required, Walmart admits that ICCO manufactured, packaged and labeled the product at issue for sale at Walmart stores, but denies the remaining allegations set forth in Paragraph 29.

30.     Because of ICCO's actions in adding substances other than Parmesan to its "100%" Parmesan cheese products, the Wal-Mart Products consist of 7.8% cellulose, in addition to other non-cheese ingredients, and the representations it made on the packaging that it is "100% Grated Parmesan Cheese" and "100% Parmesan Grated Cheese" are false, misleading, and deceptive to consumers.

**ANSWER:**  The allegations set forth in Paragraph 30 relate to claims that have been dismissed in their entirety and therefore no response is required.  (Dkt. 297).  To the extent that an answer is required, Walmart denies the allegations set forth in Paragraph 30.

31.     Plaintiffs and the Class members did not receive that which was promised and represented to them. Each has been exposed to Defendants' advertisements and has seen the Products' labels. Plaintiffs and the Class members overpaid for the Products they purchased.

**ANSWER:**  Walmart denies the allegations set forth in Paragraph 31.

## CLASS ALLEGATIONS

32.     Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), on behalf of a Class defined as follows:

> All persons in the United States and its territories who purchased, other than for resale, Wal-Mart's "100% Grated Parmesan Cheese" or "100% Parmesan Grated Cheese" products.

Excluded from the Class are: (i) Defendants and their officers and directors, agents, affiliates, subsidiaries, and authorized distributors and dealers; (ii) all Class members that timely and validly request exclusion from the Classes; and (iii) the Judge presiding over this action.

**ANSWER:** Walmart admits that Plaintiffs purport to bring this action on behalf of a putative class. Walmart denies that this case is appropriate for class treatment and denies all remaining allegations set forth in Paragraph 32.

33.     Alternatively, Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of the following subclasses:

a)   Minnesota, and all states with laws at issue similar to Minnesota, by Plaintiff Rollinger ("Minnesota Class"):

All persons who purchased, other than for resale, in the State of Minnesota [and all states with laws at issue similar to Minnesota] Wal-Mart's "100% Grated Parmesan Cheese" or "100% Parmesan Grated Cheese" products.

b)   Florida, and all states with laws at issue similar to Florida, by Plaintiff Sikes ("Florida Class"):

All persons who purchased, other than for resale, in the state of Florida [and all states with laws at issue similar to Florida] Wal-Mart's "100% Grated Parmesan Cheese" or "100% Parmesan Grated Cheese" products.

c)   New York, and all states with laws at issue similar to New York, by Plaintiff Ducorsky ("New York Class")

All persons who purchased, other than for resale, in the state of New York [and all states with laws at issue similar to New York] Wal-Mart's "100% Grated Parmesan Cheese" or "100% Parmesan Grated Cheese" products.

d)   New Jersey, and all states with laws at issue similar to New Jersey, by Plaintiff Schmoll ("New Jersey Class")

All persons who purchased, other than for resale, in the state of New Jersey [and all states with laws at issue similar to New Jersey] Wal-Mart's "100% GratedParmesan Cheese" or "100% Parmesan Grated Cheese" products.

e)   Alabama, and all states with laws at issue similar to Alabama, by Plaintiff Wills ("Alabama Class")

All persons who purchased, other than for resale, in the state of Alabama [and all states with laws at issue similar to Alabama] Wal-Mart's "100% Grated Parmesan Cheese" or "100% Parmesan Grated Cheese" products.

f) California, and all states with laws at issue similar to California, by Plaintiff Reeves ("California Class")

All persons who purchased, other than for resale, in the state of California [and all states with laws at issue similar to California] Wal-Mart's "100% Grated Parmesan Cheese" or "100% Parmesan Grated Cheese" products.

Excluded from the Classes are: (i) Defendants and their officers and directors, agents, affiliates, subsidiaries, and authorized distributors and dealers; (ii) all Class members that timely and validly request exclusion from the Classes; and (iii) the Judge presiding over this action.

**ANSWER**: Walmart admits that Plaintiffs purport to bring this action on behalf of various putative subclasses. Walmart denies that this case is appropriate for class treatment and denies all remaining allegations set forth in Paragraph 33.

34. Certification of Plaintiffs' claims for classwide treatment is appropriate because Plaintiffs can prove the elements of their claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

**ANSWER**: Walmart denies the allegations of Paragraph 34.

35. The members of the Class are so numerous that joinder of the Class members would be impracticable.

**ANSWER**: Walmart denies the allegations of Paragraph 35.

36. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Such common questions of law or fact include, *inter alia*:

A. Whether Defendants engaged in the conduct alleged;

B. Whether Defendants misrepresented the content of the Products or misbranded them;

C. Whether Defendants' 100% Claims are false, deceptive, or likely to mislead a reasonable person;

D. Whether Defendants' Products contain more cellulose powder than needed to prevent caking;

E. Whether Defendants' representation that the Products' contents consisted of 100% cheese created an express warranty;

F. Whether Plaintiffs and the Class members paid for a product that they did not receive;

G.      Whether Plaintiffs and the Class members have been damaged and, if so, the measure of such damages;

H.      Whether Defendants unjustly retained a benefit conferred by Plaintiffs and the Class members; and

I.      Whether Plaintiffs and the Class members are entitled to equitable relief, including, but not limited to, a constructive trust, restitution, and injunctive relief.

**ANSWER:**  Walmart denies the allegations of Paragraph 36.

37.      Plaintiffs' claims are typical of the claims of the Class members because, among other things, Plaintiffs and the Class members were injured through the substantially uniform misconduct described above. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all Class members.

**ANSWER:**  Walmart denies the allegations of Paragraph 37.

38.      Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the other Class members they seek to represent; they have retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiffs intend to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiffs and their counsel.

**ANSWER:**  Walmart denies the allegations of Paragraph 38.

39.      A class action is also warranted under Fed. R. Civ. P. 23(b)(2), because Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole. Defendants have directed and continue to direct their conduct to all consumers in a uniform manner. Therefore, injunctive relief on a classwide basis is necessary to remedy continuing harms to Plaintiffs and the Class members caused by Defendants' continuing misconduct.

**ANSWER:**  Walmart denies the allegations of Paragraph 39.

40.      A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other detriment suffered by Plaintiffs and the Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system should not be required to undertake such an unnecessary burden. Individualized litigation would also create a potential for inconsistent or contradictory judgments, and increase the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the

benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

**ANSWER:** Walmart denies the allegations of Paragraph 40.

## CLAIMS

### COUNT I
### Breach of Express Warranty
### On Behalf of the Nationwide Class,
### Or in the Alternative, Plaintiffs' Respective State Classes

41.     Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

**ANSWER:** Walmart incorporates by reference each of its answers set forth above as though fully set forth herein.

42.     Defendants made affirmations of fact to Plaintiffs and the Class members relating to and describing the Products as 100% grated Parmesan cheese.

**ANSWER:** Walmart denies the allegations set forth in Paragraph 42.

43.     Defendants' affirmations of fact and descriptions of the Products formed the basis of the bargain between Plaintiffs and the Class members and Defendants, creating an express warranty under Uniform Commercial Code, 2-313—an identical or substantially similar version of which has been and is currently enacted in each and every state.

**ANSWER:** Walmart denies the allegations set forth in Paragraph 43.

44.     Defendants' Products were accompanied by an express warranty when placed in the stream of commerce by Defendants.

**ANSWER:** Walmart denies the allegations set forth in Paragraph 44.

45.     All conditions precedent have occurred or been performed.

**ANSWER:** Walmart denies the allegations set forth in Paragraph 45.

46.     Defendants breached the express warranty by selling a product that did not conform to the affirmations of fact and descriptions. The Products are not 100% cheese, but rather contain other substances in addition to the type of cheese on the label. Further, the added cellulose powder exceeds the amount needed for anti-caking purposes.

**ANSWER:** Walmart denies the allegations set forth in Paragraph 46.

47.     At the time of sale to Plaintiffs and the Class members, Defendants had actual knowledge that they breached express warranties with Plaintiffs and the Class members.

NJ 231082489v3

**ANSWER:**  Walmart denies the allegations set forth in Paragraph 47.

48.     As the foreseeable and actual result of Defendants' breach of express warranty, Plaintiffs and the Class members were damaged.

**ANSWER:**  Walmart denies the allegations set forth in Paragraph 48.

### COUNT II
### Unjust Enrichment
### On Behalf of the Nationwide Class,
### Or in the Alternative, On Behalf of Plaintiffs' Respective State Classes

49.     Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

**ANSWER:**  Walmart incorporates by reference each of its answers set forth above as though fully set forth herein.

50.     Defendants have been unjustly enriched to Plaintiffs' and the Class members' detriment as a result of their unlawful and wrongful retention of money conferred by Plaintiffs and the Class members, such that Defendants' retention of their money would be inequitable.

**ANSWER:**  Walmart denies the allegations set forth in Paragraph 50.

51.     Defendants' unlawful and wrongful acts, as alleged above, enabled Defendants to unlawfully receive monies they would not have otherwise obtained.

**ANSWER:**  Walmart denies the allegations set forth in Paragraph 51.

52.     Plaintiffs and the Class members have conferred benefits on Defendants, which Defendants have knowingly accepted and retained.

**ANSWER:**  Walmart denies the allegations set forth in Paragraph 52.

53.     Defendants' retention of the benefits conferred by Plaintiffs and the Class members would be against fundamental principles of justice, equity, and good conscience.

**ANSWER:**  Walmart denies the allegations set forth in Paragraph 53.

54.     Plaintiffs and the Class members seek to disgorge Defendants' unlawfully retained profits and other benefits resulting from their unlawful conduct, and seek restitution and rescission for the benefit of Plaintiffs and the Class members.

**ANSWER:**  Walmart denies the allegations set forth in Paragraph 54.

NJ 231082489v3

55.     Plaintiffs and the Class members are entitled to the imposition of a constructive trust upon Defendants, such that their unjustly retained profits and other benefits are distributed equitably by the Court to and for the benefit of Plaintiffs and the Class members.

**ANSWER:**  Walmart denies the allegations set forth in Paragraph 55.

<u>**COUNT III**</u>
<u>**Breach of Implied Warranty of Merchantability**</u>
<u>**On Behalf of the Nationwide Class,**</u>
<u>**Or in the Alternative, On Behalf of Plaintiffs' Respective State Classes**</u>

56.     Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

**ANSWER:**  Walmart incorporates by reference each of its answers set forth above as though fully set forth herein.

57.     Defendants, as the manufacturers, marketers, distributors, and sellers of the Products are merchants.

**ANSWER:**  Walmart denies the allegations set forth in Paragraph 57.

58.     Plaintiffs and the other Class members purchased Products that were manufactured and sold by Defendants in consumer transactions. The implied warranty of merchantability attended the sale of the Products.

**ANSWER:**  Walmart denies the allegations set forth in Paragraph 58.

59.     To be merchantable, the Products must, at the least:

(a)     Pass without objection in the trade under the contract description;

(b)     In the case of fungible goods, be of fair average quality within the description;

(c)     Run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved;

(d)     Be adequately contained, packaged, and labeled as the agreement may require; and

(e)     Conform to the promises or affirmations of fact made on the container or label if any.

**ANSWER:**  Paragraph 59 contains a statement of law to which no answer is required. To the extent that an answer is required, Walmart states that the Products were merchantable and denies any allegations to the contrary.

15

60.     The Products are not adequately contained, packaged, or labeled because they are packaged as "100% Grated Parmesan Cheese" or "100% Parmesan Grated Cheese," but the Products do not consist of 100% Parmesan cheese. Instead, they contain ingredients other than the cheeses stated on the front label.

**ANSWER:**  The allegations set forth in Paragraph 60 relate to claims that have been dismissed in their entirety and therefore no response is required.  (Dkt. 297).  To the extent that an answer is required, Walmart denies the allegations set forth in Paragraph 60.

61.     The Products do not conform to the promises and affirmations of facts made on their containers and labels because they do not consist of 100% Parmesan cheese as their packaging and labeling warrant.

**ANSWER:**  The allegations set forth in Paragraph 61 relate to claims that have been dismissed in their entirety and therefore no response is required.  (Dkt. 297).  To the extent that an answer is required, Walmart denies the allegations set forth in Paragraph 61.

62.     The Products do not pass without objection in the trade and are not of fair average quality within the contract description because they contain cellulose powder in excessive quantities.

**ANSWER:**  Walmart denies the allegations set forth in Paragraph 62.

63.     Plaintiffs and the Class members did not receive the Products as warranted. The Products they purchased were worth substantially less than the products they were promised and expected.

**ANSWER:**  Walmart denies the allegations set forth in Paragraph 63.

64.     As a result of Defendants' breach of warranty, Plaintiffs and members of the Class suffered damages.

**ANSWER:**  Walmart denies the allegations set forth in Paragraph 64.

## COUNT IV through COUNT XIII

In its Memorandum Opinion dated November 1, 2018 (DKT. 297) this Court dismissed Plaintiffs' "100% claims" in their entirety.   In addition, this Court dismissed Plaintiffs' "Anticaking Claims" under the New York General Business Law (Counts IV and V), the Minnesota Prevention of Consumer Fraud Act (Count VI), the Minnesota Unlawful Trade

Practices Act (Count VII), the Minnesota False Statement in Advertising Act (Count VIII), the Minnesota Deceptive Trade Practices Act (Count IX), the Florida Deceptive and Unfair Trade Practices Act (Count X), the New Jersey Consumer Fraud Act (Count XI), the Alabama Deceptive Trade Practices Act (Count XII), the California Unfair Competition Law (Count XIII), and the California Consumers Legal Remedies Act (Count XIV).

Accordingly, no response to allegations set forth in the remaining paragraphs of Plaintiffs' Amended Consolidated Complaint is required.

## PRAYER FOR RELIEF

Walmart denies Plaintiffs are entitled to any of the prayed relief and/or judgment against Walmart.

## AFFIRMATIVE DEFENSES

Walmart hereby pleads its Affirmative Defenses to the Amended Class Action Complaint ("Amended Complaint") without assuming the burden of proof when the law places the burden upon Plaintiff, and without prejudice to its Answer, as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claim for breach of express warranty alleged in the Amended Complaint are barred due to their failure to provide notice to Walmart of the purported breach.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claim for breach of express warranty are barred in whole or in part by the applicable statute of limitations. For example, actions for breach of express or implied warranties have a four-year statute of limitations under New Jersey law. N.J. Stat. Ann. § 12A: 2-725.

NJ 231082489v3

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part by the doctrines of waiver and estoppel. Consumers who were aware of the ingredients contained in the Products, whether as a result of reading the ingredient disclosure on the label, reading the ingredient disclosure online, or through any other means and nonetheless continued to purchase the Products have waived their claims premised on alleged misrepresentations on the Products' labels.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because Plaintiffs and the putative class lack Article III standing. When Plaintiffs and the putative class purportedly purchased the Products, they received exactly what was advertised on the label –100% Grated Parmesan Cheese containing the listed ingredients.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims alleged in the Class Action Complaint may not be properly certified or maintained as a class action.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, because any allegedly false statements or omissions allegedly made by Walmart were not material and were not the proximate cause of an injury suffered by Plaintiffs or the putative class members.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, because they did not suffer any damages.

NJ 231082489v3

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, because the damages sought are too speculative and remote.

### NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs and the putative class incurred any damages, the claims are barred, in whole or in part, because they failed to exercise reasonable care to avoid and/or mitigate those damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and putative class members may not recover under a theory of unjust enrichment because Plaintiffs and putative class members have failed to allege any cognizable "enrichment" of Walmart.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' and class members' claims are barred, in whole or in part, because Walmart is an innocent retailer.

### THIRTEENTH AFFIRMATIVE DEFENSE

Walmart reserves the right to assert additional affirmative defenses based on information learned during discovery.

NJ 231082489v3

Dated: December 10, 2018                    Respectfully submitted,


                                            /s/ Francis A. Citera_____
                                            *Attorneys for Defendant*
                                            *Wal-Mart Stores, Inc.*

Francis A. Citera (ARDC # 6185263)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400 Telephone
(312) 456-8435 Facsimile
citeraf@gtlaw.com

David E. Sellinger
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
(973) 360-7900 Telephone
(973) 301-8410 Facsimile
sellingerd@gtlaw.com
*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was filed on

December 10, 2018, with the Clerk of the Court by using the CM/ECF system which will send

a notice of filing to all counsel of record.



                                            */s/ Francis A. Citera*

NJ 231082489v3