# Exhibit 1



Jaime F. Cardenas-Navia
750 3rd Avenue, Suite 2400
New York, NY 10017
Direct Dial: (646) 921-1474
jcardenas-navia@reichmanjorgensen.com

March 25, 2021

**By E-Mail**

Elizabeth Bernard
Fisch Sigler LLP
5301 Wisconsin Ave NW 4th Fl.
Washington, DC 20015
Elizabeth.Bernard@fischllp.com

    RE:    *Kove IO, Inc. v. Amazon Web Services, Inc.*, Case No. 18-cv-8175 (N.D. Ill.)

Elizabeth,

I write to follow-up on my February 8, 2021 letter and in response to your February 19, 2021 letter. Several of the issues raised in both letters have since been addressed in separate correspondence and so are not addressed again here.

**Kove's Discovery Requests**

*Glacier:*

Your claim that the two Glacier storage classes ("Glacier" and "Glacier Deep Archive") (collectively, "Glacier") are not accused products is incorrect. Glacier is identified throughout AWS's own materials as storage classes within S3. *See, e.g.*, https://aws.amazon.com/s3/storage-classes/. Kove's Complaint references these storage classes, and its operative Infringement Contentions expressly accuse "*any* storage class of S3" (emphasis added). *See, e.g.*, ECF 1 at 8, 21 n.37; Infringement Contentions, Ex. A at 1. Your attempt to draw distinctions between the Glacier storage classes and other S3 storage classes based on release date and supposed differences in functionality makes no sense, as AWS agrees that storage classes such as "Infrequent Access" are in the case even though they were released at different points in time and have differences in how they operate as compared with S3 Standard.

Yesterday, Magistrate Judge Finnegan agreed with Kove that the Glacier products are subject to discovery and ordered AWS to produce a 30(b)(6) witness to testify about their design and operation. In light of that, please confirm by March 29 that AWS will, as a first step, produce documents sufficient to describe the design and operation of the Glacier products, and that it will do so by no later than April 2. If AWS contends that it has already produced these documents, then please identify them by Bates number. If AWS does not agree to produce these documents, which should have been produced long ago, then please provide your availability early next week to meet and confer about this issue.

*Deposition of Allan Vermeulen:*

On our February 10 meet and confer, you stated that you were looking to obtain deposition dates

for Mr. Vermeulen. Nearly a month and a half has passed, and you have not yet provided any such dates. Please provide proposed deposition dates for Mr. Vermeulen by no later than April 2.

**AWS's Discovery Requests**

*Interrogatories:*

Kove amended its response to AWS's Interrogatory 12 on February 12, 2021. The amended response, which was the result of substantial research into events that occurred at a separate company 20 years ago, now identifies numerous companies that were potential customers of OverX's products, as well as (where possible) the person(s) at each of those companies that OverX met with. Kove's response also identifies the documents containing marketing materials directed at these potential customers, and it has long stated that there were no customers for any Kove Embodiment. We are not aware of any beta or test deployments.

AWS now seeks additional, burdensome details about these target customers from long ago, including "a description of the relationship, the start and end dates of the relationship, [and] an identification of meetings and communications." 2021-02-19 Letter of E. Bernard, p. 4. AWS has not explained how this information could be relevant, much less proportional to the needs of the case. Please provide this information so that we may consider your request.

Your letter also vaguely asserts that Kove is supposedly not providing other information, such as sales, licensing, or marketing efforts after the issuance of the patents-in-suit. You provide no support for this assertion, other than the identification of the Econnectix website. The Econnectix website does not evince any sales, offers for sale, or licensing efforts, and marketing efforts are not within the scope of your Interrogatory. Regardless, we understand that AWS has already produced the Econnectix webpages that mention the relevant products. *See, e.g.*, AMZ_KOVE_000090261-90311. And to be clear, Kove is not withholding information responsive to AWS's Interrogatory 12 based on whether it occurred after the issuance of the patents-in-suit.

With respect to AWS's Interrogatory 10, Kove expects to serve an amended response by next Friday, April 2. As we have previously noted, the documents underlying Kove's response, including the source code for the Kove Embodiments and related documentation, have long been available to AWS.

Regarding AWS's Interrogatory 20, Kove's response already identifies the Quickbooks files that Kove produced that contain the requested information. Nonetheless, as a courtesy, we agreed to provide the information in a different file format and did so on March 1, in PDF and Excel format, as KOV_00062365-63304 and KOV_00063322-63369. We are producing a few more files, and expect to do so within the next week or two. Following that production, Kove will amend its interrogatory response to identify these documents.

Finally, you assert that Kove must now supplement its response to AWS's Interrogatory 7 because it purportedly has sufficient discovery to do so. That is demonstrably incorrect. As you know, Kove has long complained about AWS's deficient discovery, which includes lack of basic financial information (which is the subject of Kove's motion to compel, Dkt. 212), metrics (which we had none of until recently and still have just a few), cost information (which AWS is contesting), design alternatives, and marketing materials. Without this information, Kove cannot providing further accounting of damages. We ask again that AWS expeditiously supplement its

productions to provide the requested information.  If AWS is withholding any discovery (besides unit-level financials which are already the subject of a motion to compel), it must, pursuant to Rule 26, identify all withheld discovery immediately so that the parties can meet and confer about it.  In all cases, Kove will supplement its response to Interrogatory 7 when it is able to do so.


Sincerely,

Jaime Cardenas-Navia