UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICES LITIGATION<br><br>*This Document Relates to all Cases on the Publix Super Markets, Inc. Track* | Civil Action No. 16 CV 5802<br><br>MDL 2705<br><br>Judge Gary S. Feinerman |

# OPPOSITION BY PUBLIX SUPER MARKETS, INC. TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT

December 21, 2018

Joseph E. Collins
FOX ROTHSCHILD LLP
353 N. Clark Street, Suite 3650
Chicago, IL 60654
Phone: 312.517.9227
jcollins@foxrothschild.com

Gary Hansen (admitted *pro hac vice*)
Heidi A.O. Fisher (admitted *pro hac vice*)
FOX ROTHSCHILD LLP
222 South Ninth Street, Suite 2000
Minneapolis, MN 55402-3338
Phone: 612.607.7000
ghansen@foxrothschild.com
hfisher@foxrothschild.com

*Counsel for Defendant Publix Super Markets, Inc.*

# I. INTRODUCTION

The Court's November 1, 2018 Order ("Order") dismissed with prejudice Plaintiffs' Amended Consolidated Class Action Complaint ("Amended Complaint") against Publix Super Markets, Inc. ("Publix")—the third complaint by Plaintiff Rudder and the fourth by Plaintiff Pellitteri, and further ordered that Publix be terminated as a party to this multi-district litigation. Twenty-eight days following the entry of the Order, Plaintiffs filed a Rule 15 motion seeking leave to file yet another complaint against Publix, based primarily on a singular factual allegation that they long knew about, but chose not to include in their prior iterations. As set forth below, Plaintiffs have not filed an appropriate motion warranting relief from the Court's November 1, 2018 order, let alone demonstrating any extraordinary basis for granting such drastic relief under Rule 59(e) or 60(b). Nor have they offered an appropriate justification for permitting yet another amendment at this late stage of the proceedings, particularly where the amendment is based on information they strategically chose to withhold from the Amended Complaint. Indeed, Plaintiffs' counsel concede that the amendments are not intended to re-hash the issues set forth in the Order, and are interposed solely for the purpose of supplementing the record, ostensibly to appeal issues addressed in some complaints but not others. Amendment for this purpose is both improper and prejudicial to Publix. The Court should deny Plaintiffs' motion.

# II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Rudder and Pellitteri and are citizens of Florida. (PAC ¶¶ 9–10.)[1] Each allege they purchased Publix 100% Real Grated Parmesan Cheese and 100% Real Grated Romano Parmesan Cheese ("Product" or "Products") from a Publix Supermarket in Lake Worth, Florida. (*Id.*)

---

[1] "PAC" refers to Plaintiff's proposed Second Amended Consolidated Class Action Complaint against Publix. (Doc. 306-1).

Rudder and Pellitteri assert claims for themselves and for putative national and Florida classes of purchasers. (*Id*. ¶¶ 25–26.)

Rudder's first complaint and Pelliterri's second complaint[2] were both transferred to this Court for pretrial purposes, and they filed a consolidated complaint on December 27, 2016. (Doc. 143.) On August 24, 2017, the Court dismissed Plaintiffs consolidated complaint "with leave to amend." (Doc. 216.) Plaintiffs filed the Amended Complaint on October 19, 2017. (Doc. 226.)

On November 1, 2018, the Court issued a memorandum opinion and order granting Publix's Rule 12(b)(6) motion, dismissing the Amended Complaint with prejudice, and ordering Publix "dismissed from this litigation." (Doc. No. 297 at 32.) The Order similarly states: "Defendant Publix Super Markets's motion to dismiss [is] granted," and "[t]he Clerk is directed to terminate Publix Super Markets, Inc. and Target Corporation as party defendants." (Doc. No. 296.)

On November 28, 2018, Plaintiffs filed a motion seeking leave to file yet another amended complaint. (Doc. No. 306.) Plaintiffs' two-paragraph motion, brought only under Rule 15, suggests that the Court's dismissal order was somehow unclear because the Order was "silent" as to whether the dismissal was with or without prejudice. (*Id*.) The motion further asserts that the proposed complaint against Publix provides "additional factual allegations." The proposed complaint, which is attached to the motion, is almost entirely unchanged from the Amended Complaint.[3] It adds only the following allegations:

---

[2] Pellitteri originally filed a complaint styled *Pellitteri v. Publix Super Markets, Inc*., 1:16-CV-09420, in the Northern District of Illinois on September 30, 2016. Pellitteri voluntarily dismissed that case on October 21, 2016 and filed a new complaint in the Southern District of Florida, *Pellitteri v. Publix Super Markets, Inc.,* 9:16-81786, on October 25, 2016. Plaintiffs' Interim Co-Lead Counsel Ben Barnow has been counsel of record on all complaints by both plaintiffs.

[3] A redlined comparison of the PAC with the Amended Complaint is attached. (Ex. A.)

> ¶ 4. Further, the Products contain more cellulose powder than needed to achieve anticaking effects. That is, Defendant uses the cellulose powder as filler. Defendant states, albeit in small print on the back of the Products' container, that the Products contain cellulose powder for anticaking purposes and omits the fact that the cellulose powder is included as a filler.
>
> ¶ 14. An independent testing facility determined that a sample of Defendant's Products allegedly consisting of 100% grated Parmesan cheese actually contained 6.6% cellulose.
>
> ¶ 18. Defendant adds powdered cellulose in amounts that exceed what is necessary for achieving anticaking effects in the Products.
>
> ¶ 29.D. Whether Defendant's Products contained more cellulose power than needed to prevent caking.
>
> ¶ 63. The Products do not pass without objection in the trade are not of fair average quality within the contract description because they contain cellulose powder in excessive quantities.

(PAC ¶¶ 4, 14, 18, 29(D), 63.) The only new factual allegation—alleged in paragraph 14 of the proposed complaint—is that on some undisclosed date, an "independent testing facility" determined a sample of the Products contained 6.6% cellulose. Significantly, paragraph 14 in the Amended Complaint had previously alleged that "a significant portion of Defendant's Products is cellulose," ostensibly based on this same testing. (*See* Doc. 226 at ¶ 14).

During the November 28, 2018 status hearing, Plaintiffs' counsel advised the Court that they had just filed a Rule 15 motion just minutes prior to the hearing, and informed the Court that the proposed complaint attached to the motion adds the percentage of cellulose in the Products obtained from testing. When asked by the Court whether this additional information was known prior to filing the Amended Complaint, Plaintiffs' counsel stated that such information was known "a while ago," but—in contrast to the other complaints filed against other defendants—a decision was made to withhold such information from Plaintiffs' earlier-filed pleadings:

> MR. BLOOD: We have alleged the percentage of cellulose in the product.
> THE COURT: Okay. When did you learn that?

> MR. BLOOD: We learned that -- I'm not sure. We learned it a while ago, but it was -- you know, we didn't put it in the -- I don't know when we learned it, but we didn't put it in the -- any amended complaint until now.
>
> THE COURT: Okay. Did you know it before you filed the consolidated amended complaints?
>
> MR. BARNOW: If I could, your Honor, what we had – what we had were the Bloomberg reports, which because they were publicly announced, we were allowed to rely on those. There were people in the group that had done some tests on the Target one and also on Publix. There was a different state of knowledge with regard to those; but because they weren't publicly done by an independent organization, there was a decision made that it wasn't necessary under the case as it was presently – earlier filed and what the allegations had to be.

(Ex. B, 11/18/18 Tr. 13:16-14:9.) Plaintiffs' counsel also represented that the amendments were not being presented to "rehash" any of the issues raised and addressed in the Court's previous rulings, but were presented to "supplement" the record:

> …[W]e agree that whatever rulings the Court made to date would apply to these two amended pleadings. We understand that. We're not looking to rehash anything. We're looking to supplement something that is covered in all the other cases.

(*Id*. at 16:6-10.) At that same hearing, counsel for Publix cautioned on the record that because the Court dismissed the case against Publix with prejudice, the Seventh Circuit requires Plaintiffs to file a motion under Rule 59 or 60 as a prerequisite to seeking leave to amend. (*Id*. at 16:14-17.) Plaintiffs, however, elected to rely on their standalone Rule 15 motion.

### III. ARGUMENT

#### A. PLAINTIFFS' MOTION FAILS TO SATISFY RULE 59(e) OR 60(b)

Plaintiffs' two-paragraph motion seeks leave to file an amended complaint pursuant to Rule 15(a), stating only that the proposed complaint contains the percentage of cellulose, and Rule 15(a)(2) provides that "[t]he Court should freely give leave where justice so requires." (Doc. 306 at 2.) Putting aside that Plaintiffs fail to articulate why such amendments are required in the interests of justice, they overlook that Rule 15(a)'s presumption of liberality "disappears" after a

4

complaint is dismissed with prejudice. *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir. 1994); *see also First Nat'l Bank of Louisville v. Continental Ill. Nat'l Bank & Trust Co. of Chicago*, 933 F.2d 466, 468 (7th Cir. 1991). Where, as here, a complaint is dismissed with prejudice, a party seeking leave to amend must first satisfy the stringent requirements of Rule 59(e) or Rule 60(b).

The Court's Order dismissing the Amended Complaint is deemed to be with prejudice. (Doc. No. 297 at 32) (ordering that Publix is "dismissed from this litigation"); (Doc. No. 296) (order granting Publix's motion to dismiss and directing clerk to terminate Publix from the litigation). Plaintiffs' purported confusion is unwarranted, because it is well settled a dismissal order need not explicitly state "with prejudice." To the contrary, "[u]nless otherwise stated, dismissals pursuant to Rule 12(b)(6) are deemed to be with prejudice." *Harmon v. Gordon*, 712 F.3d 1044, 1054–55 (7th Cir. 2013) (citing *Paganis v. Blonstein*, 3 F.3d 1067, 1071 (7th Cir. 1993)); FED. R. CIV. P. 41(b) (stating that unless the order states otherwise, an involuntary dismissal is an adjudication on the merits). Simply put, silence means "with prejudice."

The Order also constitutes an appealable judgment because it dismisses the case against Publix in its entirety. "Judgment" is defined in Rule 54 to include "a decree or any order from which an appeal lies." FED. R. CIV. P. 54(a). A dismissal with prejudice is a final judgment on the merits. *Matter of Energy Co-op, Inc.*, 814 F.2d 1226, 1234-35 (7th Cir. 1987) quoting *Phillips v. Shannon*, 445 F.2d 460, 462 (7th Cir. 1971). In an MDL involving multiple cases, when a court dismisses one of the cases in its entirety the dismissal order is appealable, and thus, judgment has been entered. *Gelboim v. Bank of America Corp.*, 135 S.Ct. 897, 904–905 (2015) (holding that in an MDL an order disposing of one case entirely from an MDL is an appealable final decision).

Because the Order dismissing Publix with prejudice constitutes a judgment, the Plaintiffs may only "appeal the judgment or . . . seek leave to amend under Rule 15(a) *after* having the

5

judgment reopened under either Rule 59 or 60." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1111 (7th Cir. 1984), *certiorari denied*, 470 U.S. 1054 (1985) (emphasis added). Absent a motion brought under Rule 59(e) or 60(b), a district court lacks jurisdiction to review a post-judgment Rule 15(a) motion for leave to amend the complaint. *Paganis,* 3 F.3d at 1072–73.

Had Plaintiffs filed a Rule 59(e) motion later that same day (*i.e.*, within 28 days of the Order) to alter or amend the judgment, they would be required to "clearly establish either a manifest error of law or fact" or "present newly discovered evidence." FED. R. CIV. P. 59(e); *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir. 1995) (citation and quotations omitted). A Rule 59(e) motion is not an opportunity to resurrect old arguments or present previously available facts or evidence, nor does it "provide a vehicle for a party to undo its own procedural failures." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d at 1267). Alternatively, had Plaintiffs filed a timely Rule 60(b) motion to seek relief from the judgment, they would be required to establish "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . .; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b). Relief under Rule 60(b) is an "extraordinary remedy" granted only in "exceptional circumstances." *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006) (citations and quotations omitted).

Plaintiffs' two-paragraph motion does not seek relief from the Court's Order pursuant to Rule 59(e) or Rule 60(b) motion, nor can it be liberally construed to address—let alone satisfy—the exacting requirements set forth above. As a result, the Court lacks jurisdiction to hear

Plaintiffs' motion. "A motion for leave to amend filed without a Rule 59(e) or 60(b) motion is insufficient to confer jurisdiction." *Paganis v. Blonstein*, 3 F.3d 1067, 1073 (7th Cir. 1993); *see also Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("the district court lacks jurisdiction to entertain a motion for leave to amend the complaint unless the plaintiff also moves for relief from the judgment") (quoting *Camp v. Gregory*, 67 F.3d 1286, 1289–90 (7th Cir. 1995)). Because Publix's counsel cautioned that such a motion was required, any adverse consequence to Plaintiffs for failure to move under Rule 59(e) or 60(b) was self-inflicted.

Plaintiffs nevertheless lacked any good faith basis to seek relief from the Order. As stated on the record during the November 28, 2008 status hearing, the lone additional factual allegation, *i.e.*, the purported percentage of cellulose, was known by the Plaintiffs at the time they filed their Amended Complaint. Indeed, the Amended Complaint alleges "a significant portion of Defendant's Products are cellulose," a factual allegation ostensibly based on such testing. Cellulose test results were disclosed in several other complaints against other defendants, but Plaintiffs' counsel chose to withhold their private test results as to Publix. As such, even had Plaintiffs' filed a motion seeking relief from the Order, they would nevertheless fail to present "newly discovered evidence" or error in law or fact. FED. R. CIV. P. 59(e), 60(b); *see also Moro*, 91 F.3d at 876 (Rule 59(e) cannot be used to present evidence that was available earlier.)

Plaintiffs have no basis to presume the Court would permit them to withhold facts and only reveal them a little at a time, disclosing the bare minimum as they forced Publix and the Court to spend significant expense, time, and resources responding to a series of incrementally modified complaints. Indeed, the Seventh Circuit flatly rejects any such argument:

> Courts have rejected the argument that . . . [plaintiffs are] entitled to wait and see what the district court [says] before making any changes to the complaint— because it would impose unnecessary costs and inefficiencies on both the courts

7

> and the party opponents' and that 'plaintiffs do not get leisurely repeated bites at the apple, forcing a district judge to decide whether each successive complaint was adequate.

*Pugh v. Tribune Co.*, 521 F.3d 686, 698 (7th Cir. 2008) (quoting in part *ACA Fin. Guar. Corp. v. Advest, Inc.,* 512 F.3d 46, 57 (1st Cir. 2008)). In sum, because Plaintiffs have presented no exceptional circumstances, there is no basis for the Court to grant the extraordinary remedy of altering or amending the judgment. *Harrington v. City of Chicago,* 433 F.3d at 546.

B.  **PLAINTIFFS' MOTION FAILS TO SATISFY RULE 15**

As demonstrated above, "the presumption in favor of liberality in granting motions to amend . . . is *reversed* after judgment has been entered." *First Nat'l Bank of Louisville v. Continental Ill. Nat'l Bank & Trust Co. of Chgo,* 933 F.2d 466, 468 (7th Cir. 1991) (emphasis added); *see also Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir. 1994) (holding that "the presumption that leave to amend shall be freely given pursuant to Rule 15(a) disappears after judgment has been entered."). Indeed, after judgment, the moving "party . . . had better provide the district court with a good reason to grant its motion." *Id.* Here, the motion fails to state *any* reason for granting the motion, and Plaintiffs' counsel failed to offer any "good reason" to the Court during the November 28, 2018 status hearing.

The Court may deny leave to amend for variety of reasons, including undue delay, bad faith, dilatory motive, bad faith, undue prejudice to the opposing party, or futility of the amendment. *Sound of Music Co. v. Minn. Min. & Mfg. Co*., 477 F.3d 910, 922–23 (7th Cir. 2007). "In a post-judgment situation, delay without explanation is sufficient reason to deny a motion to amend." *Figgie Int'l Inc. v. Miller*, 966 F.2d 1178, 1181 (7th Cir. 1992). Moreover, "[a]mendment is futile if the added claim would not survive a motion to dismiss or a motion for summary judgment." *Kuhn v. United Airlines, Inc*., 640 Fed. Appx. 534, 537 (7th Cir. 2016). As set forth

below, Plaintiffs' proposed amendments are both untimely and futile.

1. **The Testing Results Were Previously Available To Plaintiffs**

The proposed complaint adds one factual allegation both known and available to Plaintiffs when they filed the Amended Complaint and its predecessors. The Amended Complaint already alleged that the Products contained a "significant portion" of cellulose, ostensibly based on Plaintiffs' testing of the Products. The proposed complaint merely includes the percentage of cellulose identified from such testing. As Plaintiffs' counsel conceded on the record at the November 28, 2018 hearing, Plaintiffs made a tactical decision to withhold the percentage in the Amended Complaint against Publix, in contrast to other complaints contemporaneously filed against other parties. Plaintiffs' second-guessing of their tactics and their after-the-fact shift in strategy are insufficient bases to both permit amendment and put Publix and the Court through significant cost, time and expense in responding to factual allegations that Plaintiffs admittedly had the ability to present long ago.

2. **Plaintiffs' Own Counsel Concedes the Proposed Amendments Are Futile**

A proposed amended claim is futile if it could not withstand a motion to dismiss or a motion for summary judgment. *Kuhn*, 640 Fed. Appx. at 537. Here, Plaintiffs' own counsel agreed during the November 28, 2018 status hearing that the Court's prior rulings would apply to the proposed amendments, Plaintiffs would not "rehash" the issues set forth in the Court's previous dismissal rulings, and that such amendments are interposed for the sole purpose of supplementing the record post-judgment and aligning Plaintiffs' theories with the theories of the other plaintiffs in an after-the-fact fashion:

> …[W]e agree that whatever rulings the Court made to date would apply to these two amended pleadings. We understand that. We're not looking to rehash anything. We're looking to supplement something that is covered in all the other cases.

9

Ex. B, 11/28/18 Tr. at 16:6-10.  Publix deems it highly improper to permit Plaintiffs' to amend their pleadings post-judgment for the sole purpose of supplementing the record with previously-available facts, ostensibly for the sole purpose of presenting additional issues on appeal.

Notwithstanding the representation by Plaintiffs' counsel, and in the interests of making a full record, Publix explains below why the additional factual and legal allegations do not alter the Court's judgment in any regard.  So as to not be overly-repetitive, Publix refers the Court to and incorporates by reference the arguments presented in their previously-filed motions to dismiss.

### a. *The Proposed "100% Claim" Is Unchanged*

Plaintiffs' "100% claims" in the Amended Complaint are repeated verbatim in the proposed complaint.  As such, Plaintiffs' proposed "100% claims" would remain subject to dismissal with prejudice for the reasons set forth in the Court's Order and Publix's previously-filed motions to dismiss.

### b. *The Proposed Claim for Violation of the Florida Deceptive and Unfair Trade Practices Act (Count I) Fails To Allege Causation*

Plaintiffs' proposed Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq*. ("FDUTPA"), claim is doomed for the same reasons the Court previously dismissed the same statutory claim alleged against other defendants in its Order. (Doc. # 296 at 15–19.) As the Court stated in its Order, several consumer statutes, including the FDUTPA, contain an element of proximate cause:

> The operative complaints allege that Plaintiffs purchased Product believing them to be 100% Grated Parmesan Cheese."  The necessary implication is that Plaintiffs never consulted, let alone relied upon, the ingredients labels' assertion that cellulose was added to prevent caking.  This dooms Plaintiffs' claims under the above-referenced statutes, all of which required some form of causal connection between the alleged misrepresentation and the plaintiff's alleged injury.

(Doc. 297 at 16) (record citations omitted); (*see id.*, footnote discussing Florida law.) The proposed complaint restates the same allegations already analyzed by the Court as insufficient to establish proximate cause. (306-1 at ¶ 9 (alleging that Plaintiff Pellitteri purchased the Product "believing it was 100% Romano and Parmesan cheese") and ¶ 10 (alleging that Plaintiff Rudder purchased the Product "believing it was 100% Parmesan cheese").) It does not and cannot add any facts or allegations that could change the Court's analysis or conclusions, because Plaintiffs cannot be misled by information they never saw. Accordingly, Plaintiffs' proposed amendments do not state a viable claim under the FDUTPA.

    c. ***The Proposed Claim for Breach of Express Warranty (Count II) Fails To Allege, Inter Alia, Justifiable Reliance***

"Under Florida law, an express warranty may arise only where justifiable reliance upon assertions or affirmations is part of the basis of the bargain." *Hobco, Inc. v. Tallahassee Assocs.*, 807 F. 2d 1529, 1533 (11th Cir. 1987); *see also Thursby v. Reynolds Metals Co.*, 466 So. 2d 245, 250 (Fla. Dist. Ct. App. 1984) ("While a wide variety of statements made by sellers have been found to be 'affirmations of fact,' an express warranty is generally considered to arise only where the seller asserts a fact of which the buyer is ignorant prior to the beginning of the transaction and on which the buyer justifiably relies as part of the 'basis of the bargain.'" (internal citations omitted)). The Court has already determined "Plaintiffs never consulted, let alone relied upon, the ingredients labels' assertion that cellulose was added to prevent caking," (Doc. 297 at 16). Clearly, then, Plaintiffs cannot plausibly allege that they *justifiably relied* on language on the label that they never saw. Therefore, the proposed express warranty claim fails to state a cause of action.

Moreover, even had Plaintiffs alleged that they read the ingredients panel, which they did not, Plaintiffs nevertheless fail to allege a cognizable breach of warranty. Neither Plaintiff alleged

11

what percentage of cellulose he or she believed to be "necessary" for anticaking purposes, nor did they allege that their beliefs were communicated to Publix. Moreover, their individual subjective beliefs or opinions as to what percentage is necessary to prevent caking cannot be a cognizable basis to assert a breach of warranty, either on behalf of themselves or a putative class. Otherwise, any consumer with a differing opinion as to what aspects of a product are necessary or unnecessary could assert a breach of warranty claim against a manufacturer or distributor, claiming that the labeling on the product purported to affirm the individual's subjective beliefs.

### d. The Proposed Claims for Breach of Express and Implied Warranty (Counts II and III) Fail To Allege Pre-Suit Notice

Florida law requires pre-suit notice as a condition precedent to asserting a breach of warranty claim. Fla. Stat. Ann. § 672.607(3)(a) (2016). The purpose of pre-suit notice is to give the seller the opportunity to remedy the defect and minimize the buyer's loss as well as the seller's own liability to the buyer. *See Gen. Matters, Inc. v. Paramount Canning Co.*, 382 So. 2d 1262, 1264 (Fl. Dist. Ct. App. 1980). The failure to provide pre-suit notice bars the plaintiff from any remedy. *See Burns v. Winnebago Indus., Inc.*, 492 Fed. App'x 44, 49 (11th Cir. 2012) (plaintiffs did not have a viable state warranty claim when they failed to give proper notice to the manufacturer); *Gen. Matters, Inc.*, 382 So. 2d at 1264–65 (plaintiff's failure to notify defendant of the alleged breach "ran counter to the purposes of Fl. Stat. Ann. § 672.607(3)(a)" and barred plaintiff from any remedy for the alleged breach); *see also Hummel v. Tamko Bldg. Prods.*, 303 F. Supp. 3d 1288, 1298 (M.D. Fla. 2017) (denying class certification because pre-suit notice is a "highly individualized inquiry" under Florida law)

The PAC does not set out any facts demonstrating that Publix received pre-suit notice of warranty claims from either Plaintiff. Rather, the Amended Complaint merely alleges in the most

12

conclusory fashion—*and only as to breach of express warranty*—that "[a]ll conditions precedent have occurred or been performed." (PAC ¶ 53.) Because there is no similar allegation in Count III, Plaintiffs' breach of implied warranty claim would not withstand a motion to dismiss and is futile. *See Gen. Matters, Inc.*, 382 So. 2d at 1263 (holding that failure to give pre-suit notice bars plaintiff from any remedy for breach of implied warranty of merchantability).[4]

### e. *The Proposed Claim for Unjust Enrichment (Count IV) Is Unchanged.*

Plaintiffs' unjust enrichment claims in the Amended Complaint are repeated verbatim in the proposed complaint. As such, Plaintiffs' proposed unjust enrichment claims would remain subject to dismissal with prejudice for the reasons set forth in the Court's Order and Publix's previously-filed motions to dismiss.

## V. CONCLUSION

Plaintiffs' post-judgment motion for leave to amend the complaint presents no extraordinary circumstances warranting such drastic relief. Plaintiffs have not filed an appropriate motion warranting relief from the Court's November 1, 2018 Order, let alone demonstrating any basis for such relief. Nor have they offered an appropriate justification for permitting yet another amendment at this stage of these proceedings, and any such amendment would be futile in any event. The Court should deny Plaintiffs' motion.

---

[4] As to Plaintiffs' express warranty claim, even if the conclusory "all conditions precedent" allegation is sufficient to plausibly allege pre-suit notice, Plaintiffs' counsel already conceded that only defendant Walmart received pre-suit notice, and the Court should require Plaintiffs to "put up or shut up" at the post-judgment stage as to whether they in fact satisfied this requirement.

Dated: December 21, 2018　　　　　　　　　　Respectfully submitted,

| | |
|---|---|
| Gary Hansen (admitted *pro hac vice*) | /s/ Joseph E. Collins |
| Heidi A.O. Fisher (admitted *pro hac vice*) | Joseph E. Collins |
| FOX ROTHSCHILD LLP | FOX ROTHSCHILD LLP |
| 222 South Ninth Street - Suite 2000 | 353 N. Clark St., Suite 3650 |
| Minneapolis, MN 55402-3338 | Chicago, IL 60654 |
| Telephone: 612.607.7000 | Telephone: 312.517.9227 |
| Email: ghansen@foxrothschild.com | Email: jcollins@foxrothschild.com |
| 　　　　hfisher@foxrothschild.com | |

*Counsel for Publix Super Markets, Inc*

## CERTIFICATE OF SERVICE

　　　　The undersigned hereby certifies that a copy of the foregoing document was filed on November 21, 2018, with the Clerk of the Court by using the CM/ECF system which will send a notice of filing to all counsel of record.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Joseph Collins