# EXHIBIT B

```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3
     IN RE:                              ) Case No. 16 C 5802
 4                                       )
     100% GRATED PARMESAN CHEESE         ) Chicago, Illinois
 5   MANUFACTURING AND SALES             ) November 28, 2018
     PRACTICES LITIGATION.               ) 9:30 a.m.
 6
 
 7                     TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE GARY FEINERMAN
 8

 9   APPEARANCES:

10   For the Plaintiffs:     BARNOW AND ASSOCIATES, P.C.
                             BY:  MR. BEN BARNOW
11                           One North LaSalle Street
                             Suite 4600
12                           Chicago, Illinois  60602
                             (312) 621-2000
13

14                           BLOOD HURST & O'REARDON, LLP
                             BY:  MR. TIMOTHY G. BLOOD
15                           501 West Broadway
                             Suite 1490
16                           San Diego, California  92101
                             (619) 338-1100
17

18   (via telephone          LEVI & KORSINSKY, LLP
     conference call)        BY:  MS. ANDREA CLISURA
19                           55 Broadway
                             10th Floor
20                           New York, New York  10006
                             (212) 363-7500
21
     Court Reporter:
22
                 CHARLES R. ZANDI, CSR, RPR, FCRR
23                     Official Court Reporter
                     United States District Court
24            219 South Dearborn Street, Room 2128
                       Chicago, Illinois  60604
25                  Telephone:  (312) 435-5387
             email:  Charles_zandi@ilnd.uscourts.gov
```

```
 1  APPEARANCES:  (Continued)

 2  For the Plaintiffs:      FINKELSTEIN, BLANKINSHIP,
                             FREI-PEARSON & GARBER
 3  (via telephone           BY:  MR. JOHN D. SARDESAI-GRANT
    conference call)         445 Hamilton Avenue
 4                           Suite 605
                             White Plains, New York  10601
 5                           (914) 298-3292

 6  For Defendants           FOX ROTHSCHILD, LLP
    Albertson, Supervalu,    BY:  MR. GARY HANSEN
 7  and Publix:                   MS. HEIDI A.O. FISHER (via
                                    telephone conference call)
 8                           222 South North Street
                             Suite 2000
 9                           Minneapolis, Minnesota  55402
                             (612) 607-7000
10

11  For Defendant            GREENBERG TRAURIG, LLP
    Wal-Mart Stores,         BY:  MR. FRANCIS A. CITERA
12  Inc.:                    77 West Wacker Drive
                             Suite 3100
13                           Chicago, Illinois  60601
                             (312) 456-8400
14

15                           GREENBERG TRAURIG, LLP
                             BY:  MR. DAVID E. SELLINGER
16                           500 Campus Drive
                             Suite 400
17                           Florham Park, New Jersey  07932
                             (973) 360-7925
18

19  For Defendant            JENNER & BLOCK, LLP
    Kraft Heinz Company:     BY:  MR. DEAN N. PANOS
20                           333 North Clark Street
                             Chicago, Illinois  60654
21                           (312) 222-9350

22  For Defendants Target    BOWIE & JENSEN, LLC
    Corporation and          BY:  MR. JOSHUA GLIKIN
23  ICCO-Cheese Company,     210 West Pennsylvania Avenue
    Inc.:                    Suite 400
24                           Towson, Maryland  21204
                             (410) 583-2400
25
```

```
 1  APPEARANCES:  (Continued)

 2  For Amicus Competitive      MR. M. FRANK BEDNARZ
    Enterprise Institute        1899 L Street, N.W.
 3  Center for Class Action     Washington, D.C. 20036
    Fairness:                   (917) 327-2392
 4
    (via telephone
 5  conference call)

 6


 7
    Also Present:               MR. MATTHEW RAY, Attorney for
 8                                             Plaintiffs.
    (via telephone
 9  conference call)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1    (Proceedings heard in open court:)
 2              THE CLERK:  16 C 5802, In Re: Grated Parmesan Cheese
 3    Marketing and Sales Practices.
 4              MR. BLOOD:  Good morning, your Honor.  Timothy Blood
 5    for the plaintiffs.
 6              MR. BARNOW:  Ben Barnow for plaintiffs.
 7              MR. PANOS:  Dean Panos on behalf of Kraft Heinz, your
 8    Honor.
 9              MR. GLIKIN:  Josh Glikin on behalf of ICCO-Cheese
10    Company, and to the extent Target needs to make argument, on
11    behalf of Target.
12              MR. CITERA:  Good morning, your Honor.  Frank Citera
13    on behalf of Wal-Mart.
14              MR. SELLINGER:  Good morning, your Honor.  David
15    Sellinger also on behalf of Wal-Mart.
16              MR. HANSEN:  Gary Hansen, Albertson's, Supervalu,
17    Publix.
18              THE COURT:  Good morning.  And do we have anybody on
19    the line for the Parmesan case?
20       (Bench conference, not reported.)
21              THE COURT:  Are you expecting anybody to appear by
22    phone?
23              MR. PANOS:  None for us.
24              MR. BLOOD:  I have not heard of anybody who's going
25    to --
```

| | |
|---|---|
| 1 | THE COURT: And do we have all the players here? |
| 2 | MR. BLOOD: Yes. |
| 3 | MR. PANOS: We do. |
| 4 | THE COURT: All right. |
| 5 | THE CLERK: Should I leave it open? |
| 6 | THE COURT: Yeah, let's leave it open just in case. |
| 7 | So, you can all be seated. |
| 8 | So, we're -- thank you for the status report and |
| 9 | the -- I mean the joint proposed schedule. So, the parties |
| 10 | have some relatively minor differences, with one exception, |
| 11 | on how things should go. |
| 12 | Let me -- on the answers, you know, it's the |
| 13 | motion -- the motions to dismiss were resolved on |
| 14 | November 1st, and I'm certainly not going to pick |
| 15 | November 28th for the defendant to file answers because that's |
| 16 | today. |
| 17 | When would be a comfortable date for the defendants |
| 18 | to file answers? I know you wrote the 15th. Can you do any |
| 19 | better than that, or is that -- is that something that you |
| 20 | need? |
| 21 | MR. CITERA: Judge, I think as we reported in the |
| 22 | past, given the season, it's a little difficult for us to get |
| 23 | input from Wal-Mart, so that was really a -- our best effort |
| 24 | to get something done was December 15th. You know, we |
| 25 | certainly can get it done by December 15th. If you want to |

1  shave off a day or two, I'm sure we could do that, but it
2  seems like we're kind of splitting hairs at this point.
3          THE COURT: Fine. On the line, who just joined?
4          MR. RAY: This is Matthew Ray for the plaintiffs.
5          THE COURT: Okay. In the Parmesan case?
6          MR. RAY: Yes. I'm sorry. Yes.
7          THE COURT: Very good. So, answer date, anything
8  from the plaintiffs?
9          MR. BARNOW: Yes, your Honor. First of all, I see
10 that we did receive one answer filed on behalf of Supervalu.
11 You know, while I'm sympathetic to people --
12         THE COURT: I'm sorry. Did we just have somebody
13 else join the line for the Parmesan case?
14         MS. CLISURA: This is Andrea Clisura with Levy &
15 Prusinsky.
16         THE COURT: And who do you represent?
17         MS. CLISURA: Plaintiffs.
18         THE COURT: So, we're in the midst of discussing the
19 answer date.
20         MR. BARNOW: Thank you, Judge. I see that Supervalu
21 did file their answer. I'm sure Supervalu does business at
22 this time of year also. There's nothing new in this case.
23 They've had the case for a long time. The case has been
24 pending for a long time.
25         While I'm sympathetic to the defendants' need and

1  desire to do business, I find it hard to believe that a
2  company of the size of Wal-Mart and all the attorneys they
3  have can't get an answer on file because they need to keep
4  doing their business.
5  　　　　The defendants want a remedy.  We've all waited a
6  long time.  Obviously, I'm not going to hold -- I wouldn't
7  hold them, nor do I think the Court would -- I apologize for
8  assuming what the Court might do -- to today; but I think we
9  can do better than December 15th.
10 　　　　THE COURT:  Okay.  And did somebody else join the
11 line?
12 　　　　MS. FISHER:  Yes, your Honor.  Heidi Fisher on behalf
13 of Supervalu and Albertson's.  I apologize for being late.
14 　　　　THE COURT:  No, you weren't late.  We were early.
15 And you were early, too, just not as early as we were.
16 　　　　So, let me just say the ruling -- somebody else just
17 joined the line.  And who is that?
18 　　　　MR. BEDNARZ:  Hi.  My name is Frank Bednarz, and I
19 represent one-time amicus Competitive Enterprise Institute
20 Center for Class Action Fairness.
21 　　　　THE COURT:  Okay.  And somebody else just joined the
22 line, and who is that?
23 　　　　MR. SELLINGER:  Could we have clarification of who
24 the prior appearance was?  We couldn't hear it very well.
25 　　　　THE COURT:  Right.  So, who just joined the line?

1    MR. SARDESAI-GRANT:  I'm sorry, your Honor.  This is
2  counsel for plaintiff in the Parmesan cheese matter.
3         THE COURT:  And could you repeat your name again?
4         MR. SARDESAI-GRANT:  I'm John (unintelligible) --
5         THE COURT:  Okay.  That -- that did not work at all.
6  You need to speak clearly and tell us who you are.
7         MR. SARDESAI-GRANT:  I'm sorry.  My name is John
8  Sardesai-Grant.  I apologize.  I just had some -- John
9  Sardesai-Grant, S-A-R-D-E-S-A-I hyphen G-R-A-N-T.  And I'm
10 with Finkelstein, Blankinship, Frei-Pearson & Garber.
11        THE COURT:  And you're for plaintiff, right?
12        MR. SARDESAI-GRANT:  Yes.
13        THE COURT:  And the gentleman who made his appearance
14 right before that, could you please state your name again and
15 who you represent?
16        MR. BEDNARZ:  Yes.  My name is Frank Bednarz,
17 B-E-D-N-A-R-Z, and I represent the Competitive Enterprise
18 Institute Center For Class Action Fairness.  We filed an
19 amicus over a year ago.
20        THE COURT:  All right.  You're shaking your head, but
21 you're not saying anything, and so I don't know what to do
22 with that.  And you need to speak into the microphone, please.
23        MR. CITERA:  No, no.  It's an open courtroom.
24 Obviously, I guess anyone can appear, your Honor.  But I think
25 the amicus brief that was filed is on an issue that's been

| | |
|---|---|
| 1 | resolved. We were just quizzing who -- whether this |
| 2 | individual has any further standing to address any of the |
| 3 | issues we may address today. |
| 4 | THE COURT: We'll cross that bridge if he wants to |
| 5 | address something. |
| 6 | MR. CITERA: Thank you. |
| 7 | THE COURT: All right. So, let's just say the |
| 8 | answers -- the last day to file answers will be December 10th. |
| 9 | The ruling came out on November 1st. I understand |
| 10 | Thanksgiving, but that's at most three days. And I think the |
| 11 | same holds in Arkansas as it does in Illinois. So, that's |
| 12 | more time than I would ordinarily give anyway, but let's just |
| 13 | say December 10th. |
| 14 | On the -- in terms of the ESI protocol, the |
| 15 | plaintiff's proposing December 15th, defendants January 15th. |
| 16 | Defendants, what are your thoughts on that? |
| 17 | MR. CITERA: The same issue, your Honor. I mean, |
| 18 | trying to get the attention of the folks in-house at Wal-Mart |
| 19 | is very difficult at this time of year. If we're talking |
| 20 | about the standard Northern District order, then we can |
| 21 | certainly work off that template; but trying to get input from |
| 22 | Wal-Mart is going to be difficult at this time of the year. |
| 23 | And Mr. Sellinger and I can certainly make our best efforts, |
| 24 | but we just need approval and input from Wal-Mart. |
| 25 | THE COURT: Okay. Plaintiff? |

1  MR. BARNOW: Judge, frankly, I'm happy that I don't
2  get -- it's obvious that Wal-Mart has a big staff of in-house
3  lawyers, I think, and can certainly call the outside lawyers.
4  I don't get how a general counsel office is suddenly busy
5  because there's big lines at the counters. They're not
6  handling the returns, the receipts, and the sales. I think
7  they should be able to handle it in a shorter time period than
8  January 15th.
9  THE COURT: Okay. Let's say December 20th for the
10 ESI protocols.
11 For the initial disclosures -- and this is still a
12 26(a)(1) case because it was filed before the MIDP standing
13 order went into effect, at least in this courtroom. So, let's
14 have the initial disclosures served by January 7th.
15 The discovery stay is lifted, so the parties can --
16 I would wait until you get the initial disclosures, but the
17 motion to dismiss has been granted in part and denied in part,
18 so we're no longer in a position where discovery ought to be
19 stayed.
20 In terms of the last day for plaintiffs to file
21 amended complaints against Target and Publix, aren't they --
22 haven't they been dismissed in their entirety?
23 MR. BARNOW: They have been, your Honor. Our view is
24 that due to the nature of the dismissal and other evidence
25 relating to their situation as well as the other plaintiffs,

1 and the fact that amendments should be liberally allowed and
2 the case is going to go forward, to not allow us to file an
3 amended is frankly going to result in piecemeal litigation.
4 Changes that we're going to make --
5     THE COURT: How so?
6     MR. BARNOW: How so? Because in the amendments, and
7 some of -- the amendments are not going to have that much in
8 the way of changes. They deal only with the amount of
9 cellulose that's included, which the Court, I'm sure you'll
10 recall, both with regard to Target and Publix to a different
11 degree, we did not specify the amount of cellulose. The
12 amendments, the proposed amendments --
13     THE COURT: How would it result in piecemeal
14 litigation?
15     MR. BARNOW: Well, if those are --
16     THE COURT: Because if this dismissal was with
17 prejudice, then you're precluded, at least with respect to the
18 plaintiffs, up to a certain point.
19     MR. BARNOW: First of all, it wouldn't allow us to
20 proceed with the issues of cellulose in terms of what we
21 consider being an omission, and not saying that it was used
22 for filler as well as for anticaking. The other thing is it
23 would trigger appeals for only part of the cases, not all the
24 cases; and that could surely result in multiple tracks and
25 inefficiencies.

1 　　　　　The reality, your Honor, we believe, and we're
2 relatively confident, that the defendants knew what the
3 percentage of cellulose was in their alleged 100 percent
4 whatever it was; and to foreclose us the ability to add that
5 specific information really doesn't serve justice, in our
6 view.  They knew what it was.  They shouldn't be allowed to
7 get out of the case when we can allege fairly the amount that
8 was included and put it on the same track --
9 　　　　　THE COURT:  Hasn't that train left the station?  I
10 mean, wasn't the time for you to make your allegation when the
11 issue was before the Court?
12 　　　　　MR. BARNOW:  Well, I don't think it's left the
13 station because sometimes trains, you know, they stop at a
14 particular place and pick up different loads, and trains have
15 different tracks.  They can make repeated trips.
16 　　　　　THE COURT:  Why didn't you make these allegations
17 when it was presented to me the first time around?
18 　　　　　MR. BARNOW:  First of all, we weren't sure that you
19 needed to have the specific amount of cellulose included.  I
20 still think we don't.  And the other hand was the nature --
21 　　　　　THE COURT:  Well, then, you have a good appeal point,
22 right?
23 　　　　　MR. BLOOD:  Well, your Honor --
24 　　　　　MR. BARNOW:  The other thing is the information we
25 had at the time with regard to those elements.  Anyway,

1 Mr. Blood.

2 MR. BLOOD: Your Honor, your opinion changed the way
3 we look at the case, and we weren't focused in the same way on
4 the case before your ruling as after the ruling. And so this
5 would really be our first time to amend to add facts that we
6 think will satisfy the Court's ruling as the Court analyzes
7 the litigation.

8 So, it's adding a couple of facts that we now have
9 and we can put into the complaint, and it's -- I think it's
10 fairly modest. We're not relitigating the 100 percent claim.
11 It just goes to the cellulose filler claim. And I think --
12 and now we can do it. We can do it with the specificity that
13 we believe the Court was looking for --

14 THE COURT: What do you know now that you didn't know
15 when the motion was pending?

16 MR. BLOOD: We have alleged the percentage of
17 cellulose in the product.

18 THE COURT: Okay. When did you learn that?

19 MR. BLOOD: We learned that -- I'm not sure. We
20 learned it a while ago, but it was -- you know, we didn't put
21 it in the -- I don't know when we learned it, but we didn't
22 put it in the -- any amended complaint until now.

23 THE COURT: Okay. Did you know it before you filed
24 the consolidated amended complaints?

25 MR. BARNOW: If I could, your Honor, what we had --

1    what we had were the Bloomberg reports, which because they
2    were publicly announced, we were allowed to rely on those.
3    There were people in the group that had done some tests on the
4    Target one and also on Publix.
5         There was a different state of knowledge with regard
6    to those; but because they weren't publicly done by an
7    independent organization, there was a decision made that it
8    wasn't necessary under the case as it was presently -- earlier
9    filed and what the allegations had to be.
10        Both cases reference the cellulose, no issue about
11   that.  There's no surprise to this with regard to the
12   defendants.
13        So, with regard to the importance of the
14   over-inclusion of cellulose and the situation that we have
15   with these previously existing tests, but not publicly
16   disclosed ones, we feel that this amendment is appropriate.
17        MR. BLOOD:  And the Court --
18        THE COURT:  Okay.  Let me -- I'm sorry.  Go ahead.
19        MR. BLOOD:  And also, the Court may recall that the
20   original thrust of the case was the fact that there was
21   cellulose in it, with the secondary fact being the amount of
22   cellulose.  So, the complaint, until the Court's ruling on
23   the motion to dismiss, was first and foremost premised on the
24   fact that cellulose existed despite the 100 percent claim, and
25   then the secondary argument was the cellulose was excessive.

1  And we allege that it was excessive in all of the complaints.
2  We just did not state the percentage of cellulose in those two
3  cases.
4      MR. BARNOW: If I might, your Honor, one other point,
5  because I haven't made it clear. There should be no extra
6  burden, because we agree that whatever rulings the Court made
7  to date would apply to these two amended pleadings. We
8  understand that. We're not looking to rehash anything. We're
9  looking to supplement something that is covered in all the
10 other cases and is in their knowledge. They know it.
11     And by the way, if we were to have some of our
12 discovery, I guarantee you this would not have been an issue.
13 They did a good job of not allowing discovery. That's another
14 issue that lives in my world. Why do courts stay discovery
15 when you have proportionality now?
16     And to give them a windfall because we didn't have
17 our discovery or because Bloomberg did not include their
18 products, I really think would not be proper, respectfully.
19     THE COURT: Okay. Well, in order to actually file a
20 complaint, you have to have a good faith basis, and you don't
21 get discovery before you file a complaint, so I don't think
22 that's a good point.
23     Publix and Target?
24     MR. HANSEN: Your Honor, Gary Hansen for Publix. One
25 additional fact that you may not be aware of and I just

1 learned on my little Apple phone here is they have filed a
2 motion today to amend Publix and Target complaints for hearing
3 on --

4 THE COURT: Well, that's what I was just going to
5 say. I was going to say if they want to file an amended
6 complaint, they should move under Rule 15(a)(2), and we'll
7 just brief it out.

8 MR. HANSEN: Well, actually, the argument we've been
9 hearing is the argument on that motion, but they have another
10 barrier before that. It was a dismissal with prejudice, as
11 your Honor noted. The Seventh Circuit is clear that when a
12 12(b)(6) motion is granted, it disposes of everything in the
13 case. That's with prejudice.

14 The Seventh Circuit is also clear that if it's a
15 motion to dismiss that's granted with prejudice, then they
16 need relief via Rule 59 or Rule 60 before they can even get
17 to the question of a Rule 15 motion. And they would need to
18 meet the strict --

19 THE COURT: It sounds like an argument against the
20 motion that was filed. So, the motion was filed this morning.
21 Would Publix and Target like to respond to the motion?

22 MR. HANSEN: Well, it's a motion that's noticed for
23 presentment -- excuse me, for presentment on the 5th.

24 THE COURT: No, I mean respond in writing.

25 MR. HANSEN: Yes, your Honor.

```
 1              THE COURT:  Okay.  And how long do you need?
 2              MR. HANSEN:  A week.
 3              THE COURT:  All right.  What about Target?
 4              MR. GLIKIN:  Your Honor, I'm flying around --
 5              THE COURT:  He just jammed you up really bad.
 6              MR. GLIKIN:  Yes, he did.  We didn't have a chance to
 7    confer.  I just found out about that motion.
 8              THE COURT:  Okay.
 9              MR. GLIKIN:  Your Honor, I would like until
10    January 7th, just because of my schedule from here until the
11    end of the year.
12              THE COURT:  Let's say -- let's say January -- I'm
13    sorry.  I'm sure you have some help.  So, let's strike the
14    motion -- the motion hearing on the motion that was filed this
15    morning.  Let's have the non-movants, Publix and Target,
16    respond by December 21st, and then let's have the plaintiffs'
17    reply by January 7th.  If you want to do it earlier, you can
18    do it earlier.
19              MR. BARNOW:  January 7th is fine, your Honor.
20              THE COURT:  I'm just trying to carve out time.
21         January 7th.  And then let's come in, Jackie, later
22    in the week of January 7th, assuming everybody's available.
23              THE CLERK:  One moment.  How about we set you for
24    January 10th at 9:15 a.m.
25              THE COURT:  Is that all right for everybody?
```

```
 1              MR. GLIKIN:  That's fine for me, your Honor, for
 2   Target.
 3              MR. HANSEN:  Yes, your Honor.
 4              MR. BARNOW:  Yes, your Honor.  Same for plaintiffs.
 5              THE COURT:  Good.  And the rest of you, you don't
 6   have to be here if you don't want to be here; but if you want
 7   to phone in, that's fine, too.
 8              As to the class certification motions, let me just --
 9   I'll just adopt the plaintiffs' proposal.  There's the
10   motion -- both sides agree the motion should be filed on
11   June 30th.  The plaintiffs would give the defendants six weeks
12   to respond.  I think that's fair.  And then a month for the
13   reply.  So, it will be June 30th, August 14th, September 13th.
14              If anybody gets jammed up by that schedule, of course
15   file a motion for an extension of time in that time frame.
16   But in terms of just putting down dates in an order, I think
17   these are reasonable for the time being.
18              So --
19              MR. CITERA:  Judge --
20              THE COURT:  Yeah.
21              MR. CITERA:  Just by way of explanation, our -- this
22   is Mr. Citera.  Our thought was that we assumed that
23   plaintiffs would file their class certification motion and
24   present -- or potentially present expert testimony.  And
25   you'll see in the schedule, there is no provision for expert
```

1  disclosures.
2  THE COURT: Right.
3  MR. CITERA: So, that's why we thought an extended
4  period was needed because we would need to depose the experts
5  and potentially identify new experts.
6  THE COURT: I understand. Why don't we take a look
7  at the motion for class certification. If there are experts
8  in there, then I think you'll have a really good argument to
9  bump out the briefing schedule; but let's cross that bridge
10 when we come to it.
11 Anything else either side would like to discuss?
12 MR. BARNOW: Nothing from plaintiffs, your Honor.
13 MR. PANOS: Nothing from Kraft Heinz, your Honor.
14 MR. HANSEN: No, your Honor.
15 MR. GLIKIN: No, thank you.
16 THE COURT: Anybody on the phone?
17 All right. Thank you. We'll see you -- or at least
18 some of you in January, and then I'll set another status
19 hearing at our January hearing for those -- if certain parties
20 do not appear in January. Thanks.
21 MR. BARNOW: Thank you, Judge.
   (Which were all the proceedings heard.)
22                         CERTIFICATE
   I certify that the foregoing is a correct transcript from
23 the record of proceedings in the above-entitled matter.
24 */s/Charles R. Zandi*                *December 6, 2018*
25 _____        _____
   Charles R. Zandi              Date
   Official Court Reporter