# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE: 100% GRATED PARMESAN CHEESE MARKING AND SALES PRACTICES LITIGATION** | ) ) ) ) | Case No.: 1:16-CV-05802 (MDL No. 2705) |
| ***This Document Relates to All Cases on the Target and Wal-Mart Tracks*** | ) ) ) ) | The Hon. Gary S. Feinerman |

## MEMORANDUM IN OPPOSITION TO
## PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINTS AGAINST TARGET CORPORATION AND ICCO-CHEESE CO., INC.

**BOWIE & JENSEN, LLC**

Joshua A. Glikin (General Bar No.: 008107)
glikin@bowie-jensen.com
Matthew A.S. Esworthy *(pro hac vice)*
esworthy@bowie-jensen.com
Cynthia L. Polasko *(pro hac vice)*
polasko@bowie-jensen.com
Bowie & Jensen, LLC
210 West Pennsylvania Avenue, Suite 400
Towson, Maryland 21204
(410) 583-2400

*Attorneys for Defendants Target*
*Corporation and ICCO-Cheese Co., Inc.*

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ……………………….. …………………………………………….. 1

II. RELEVANT BACKGROUND …………………………………………………… 2

    A. The Plaintiffs to the SAC……………………………………………………….. 2

    B. Relevant Procedural History ………………………………………………… 3

    C. The SAC and Plaintiffs' Admission Regarding the Absence
    of Any New Information ……………………………………………………….. 4

III. ARGUMENT …………………………………………………………………... 5

    A. PLAINTIFFS' MOTION FAILS TO SATISFY RULE59(e) OR 60(b)………..…… 5

    B. PLAINTIFFS' MOTION FAILS TO SATISFY RULE 15 ………………………… 6

        1. The Court Lacks Subject-Matter Jurisdiction Over All Plaintiffs, and over All
        State Law Claims Except for the Missouri and Illinois Law Claims by Zachary
        and Bell Against Target……………………………………………………….. 7

        2. Many of Plaintiffs' Proposed State Law Claims Could Not Survive a Rule
        12(b)(6) Motion, and so Plaintiffs' Motion Also Should be Denied, in Part, on
        These Separate Futility Grounds…………………………………………….. 10

            a. *The 100% Claims Have Not Survived a Motion to Dismiss*…….……..... 10

            b. *None of the Express Warranty Claims by the Four Plaintiffs Could Survive*
            *a Motion to Dismiss by Target and ICCO*..…………………………… 10

            c. *The Breach of Implied Warranty of Merchantability Claim Could not*
            *Survive a Motion to Dismiss by ICCO Under California, Illinois, and*
            *Florida Law*……………………………………………………………….. 13

            d. *The Unjust Enrichment Claim Could not Survive a Motion to Dismiss by*
            *Target and ICCO under Florida Law, or by ICCO under California and*
            *Illinois Law*..……………………………………………………………… 14

**Cases**

*Allstate Ins. Co. v. Daimler Chrysler*
　　No. 03 C 6107, 2004 U.S. Dist. LEXIS 3811 (N.D. Ill. Mar. 10, 2004)………..…….. 14

*Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*
　　390 F. Supp. 2d 1170 (M.D. Fla. 2005) …………….…..………………………… 14

*Arbaugh v. Y&H Corp.*
　　546 U.S. 500 (1999) …………….…………………………………………..…………. 7

*Ashley Square, Ltd. v. Contractors Supply of Orlando, Inc.*
　　532 So. 2d 710 (Fla. Dist. Ct. App. 1988) ………………….………..…………… 14

*Bietsch v. Sergeant's Pet Care Prods.*
　　No. 15 C 5432, 2016 U.S. Dist. LEXIS 32928 (N.D. Ill. Mar. 15, 2016)……….…..... 11

*Burr v. Sherwin Williams Co.*
　　268 P.2d 1041 (Cal. 1954) …………………………………..…………………… 13

*Cleary v. Philip Morris Inc.*
　　656 F.3d 511 (7th Cir. 2011) …………………………………….…………………… 15

*Clemens v. DaimlerChrysler Corp.*
　　534 F.3d 1017 (9th Cir. 2008)……………………………………..………………… 13

*Felley v. Singleton*
　　705 N.E.2d 930 (Ill. 1999) …………………………………….…………………….. 11

*Gelboim v. Bank of America Corp.*
　　135 S. Ct. 897 (2015)…………………………………………………………..……. 6

*Hobco, Inc. v. Tallahassee Assocs.*
　　807 F. 2d 1529 (11th Cir. 1987) …………………………………..……… 10

*In re Apple & AT&T iPad Unlimited Data Plan Litig.*
　　802 F. Supp. 2d 1070 (N.D. Cal. 2011) ………….………………………………….. 15

*In re ConAgra Foods, Inc.*
　　90 F. Supp. 3d 919 (C.D. Cal. 2015) ……………………………………………….... 12

*In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.*,
   MDL DOCKET NO. 33-1439, 2008 U.S. Dist. LEXIS 90136,
   (D. Or. Oct. 28, 2008)……………………………………………………..…………. 9

*In re Mortgage Elec. Registration Sys. Mers Litig*
   No. MD-09-02119-PHX-JAT, 2016 U.S. Dist. LEXIS 95898
   (D. Ariz. July 21, 2016)………………………………………………….........… 8

*In re Nexus 6P Prods. Liab. Litig.*
   293 F. Supp. 3d 888 (N.D. Cal. 2018) …………………………………………… 11

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices,*
*& Products Liab. Litig.*
   754 F.Supp.2d 1145 (C.D. Cal. 2010) ………………………………………... 9, 12, 13

*Interco, Inc. v. Randustrial Corp.*
   533 S.W.2d 257 (Mo. Ct. App. 1976) ……………………………………………... 12

*Jovine v. Abbott Labs., Inc.*
   795 F. Supp. 2d 1331 (S.D. Fla. 2011) …………………………………………… 14

*Kuhn v. United Airlines, Inc.*
   966 F.2d 1178 (7th Cir. 1992) …………………………………………………... 7

*Melchior v. New Line Productions, Inc.*
   131 Cal. Rptr. 2d. 347, 357 (Cal. Ct. App. 2003) ………………..………………… 15

*Paganis v. Blonstein*
   3 F.3d 1067 (7th Cir. 1993) …………………………………………………... 5, 6

*Smith v. Brown & Williamson Tobacco Corp.*,
   Case No. 96-0459-CV-W-3, 1999 U.S. Dist. LEXIS 21990
   (W.D. Mo. Jan. 29, 1999) ………………………………………………..………… 12

*Szajna v. Gen. Motors Corp.*
   503 N.E.2d 760 (Ill. 1986) …………………………………………………....... 14

*Thursby v. Reynolds Metals Co.*
   466 So. 2d 245 (Fla. Dist. Ct. App. 1984) ……………………………………... 10

*United States v. Cotton*
   535 U.S. 625 (2002) ………………………………………………………..……..…… 7

*Yvon v. Baja Marine Corp.*
   495 F. Supp. 2d 1179 (N.D. Fla. 2007)…….....…………………….…………………… 14

**STATUTES**

14 U.S.C. § 1407 …………………………………………………………………….. 9

28 U.S.C. § 1407 ……………………………………………………………........ 8

**FEDERAL RULES**

Fed. R. Civ. P. 12 ……...………………………………………….……………….. 7, 10

Fed. R. Civ. P. 15 ………………………………………………........ 1, 5, 6, 7, 10

Fed. R. Civ. P. 54 …………………………………………………..…….… 5

Fed. R. Civ. P. 58 …………………………………………………..…….… 5

Fed. R. Civ. P. 59(e) ……………………………………………………….. 1, 5, 6

Fed. R. Civ. P. 60(b) ……………………………………………………….. 1, 5, 6

# I.    INTRODUCTION

The Court should deny the Plaintiffs' Motion for Leave (the "Motion") to file a Second Amended Consolidated Class Action Complaint Against Defendants Target Corporation ("Target") and ICCO-Cheese Co., Inc. ("ICCO"), for the following reasons:

*First,* the dismissal of all claims against Target and ICCO in the Amended Complaint is with prejudice and constitutes a judgment on all claims in favor of both defendants.  Thus, the liberal amendment provisions of Fed. Civ. P. 15 do not apply here, nor do Plaintiffs have any standing to move to amend pursuant to Rule 15 without first making a Motion under Rule 59(e) or 60(b)—which they have not done.   Their time for moving under Rule 59(e) has expired.

*Second,* even if the Court were to treat Plaintiffs' Rule 15 Motion as a Rule 59(e) and/or Rule 60 motion, it would not come close to establishing grounds to reopen the judgment—nor could Plaintiffs meet their burden of establishing sufficient grounds under either post-judgment rule to warrant reopening the judgment.

*Third*, this Court also lacks subject-matter jurisdiction over two of the four named Plaintiffs to the proposed Second Amended Complaint (the "SAC," at Doc. 306-2), because they are not parties to any action against Target and ICCO that was transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML").  The Court also lacks subject matter jurisdiction with respect to the other two Plaintiffs' claims against ICCO, because those Plaintiffs' transferred actions do not name ICCO as a defendant (these Plaintiffs only sued Target).

*Fourth*, and alternatively, an amendment pursuant to Rule 15 should not be permitted on futility grounds with respect to: (i) any of the "100%" claims; (ii) the express warranty claims by all four Plaintiffs against Target and ICCO; (iii) the implied warranty claims against ICCO under California, Illinois, and Florida law; and (iv) the unjust enrichment claims against Target and ICCO under Florida law, and against ICCO under California and Illinois law.

## II. RELEVANT BACKGROUND

### A. The Plaintiffs to the SAC.

The four plaintiffs who now move to file the SAC ("Plaintiffs") are citizens of Florida (Alfonso Fata), California (Nancy Reeves), Missouri (Rodney Zachary), and Illinois (Ann Bell, formerly Ann Yankee). Each alleges they purchased Target's Market Pantry brand 100% Grated Parmesan Cheese (the "Product," which the SAC alleges to be manufactured, packaged, and labeled by ICCO). (SAC at ¶¶ 9-12, 16.) Plaintiffs assert claims for themselves and for national classes of purchasers, or alternatively, for classes of consumers in each of their home states. (*Id.* at ¶¶ 30-38.)

Fata is a party to a case originally transferred by the JPML, captioned *Quinn, et al. v. The Kraft Heinz Company, C.A.*, Case No. 7:16-01471 from the United States District Court for the Southern District of New York. (*See* Transfer Order, MDL No. 2705, at Doc. 142, attached hereto as **Exhibit 1**.) The transferred case, however, does not name either Target or ICCO as defendants. (*See id.*) The SAC does not allege that the "Fata" that seeks to bring claims against Target and ICCO is the same person who sued Kraft in the action that the JPML transferred.

Similarly, although the JPML transferred a case captioned *Reeves, et al v. Wal−Mart Stores, Inc.*, 16-1253, from the United States District Court for the Southern District of California, the transferred case does not name Target or ICCO as defendants. (*See* Reeves' transferred Amended Class Action Complaint, attached at **Exhibit 2**; *see also* CTO-2 at Doc. 8.) The SAC does not allege that the "Reeves" that seeks to bring claims against Target and ICCO is the same person who sued Wal-Mart in the action that the JPML transferred.

Zachary is the Plaintiff in a separate case that the JPML transferred to this Court from the Eastern District of Missouri, but his Complaint names only Target, not ICCO, as a defendant. (*See* Zachary's Class Action Complaint, attached at **Exhibit 3**; *see also* CTO at Doc. 6.) Plaintiff Bell's

action was originally filed in this Court and was reassigned as a member case of MDL 2705.  (*See* Order of the Executive Committee in case no. 1:16-cv-02873 (Doc. 37), attached at **Exhibit 4**.)  But like Zachary, Bell's reassigned Complaint names Target as a defendant but not ICCO.  (*See* Reassigned Complaint, attached at **Exhibit 5**.)

**B.     Relevant Procedural History.**

In their original Complaint, Plaintiffs' sole focus was the allegation that the phrase "100% Grated Parmesan Cheese" was false or misleading.  (Doc. 122 at ¶¶ 2, 18).  Plaintiffs' only claim with respect to the presence or quantity of cellulose in the Product was that, "Cellulose is often used as a filler."  (*Id.* at ¶ 16.)  They even conceded that "the Court correctly noted during the status hearing on January 9, 2017, [that] if Defendants had left off the '100%' and merely labeled the Products 'grated cheese,' we likely would not be here."  (Plaintiffs' Memorandum in Opposition to Motion to Dismiss Complaint, Doc. 185, at p. 23.)

After their "100%" claims were dismissed, Plaintiffs amended their original Complaint.  In that amendment, Plaintiffs asserted (for the first time) that "the Products contain more cellulose powder than needed to achieve anticaking effects" and that the statement printed "on the back of the Products' container, that the Products contain cellulose powder for anticaking purposes … omit[s] the fact that the cellulose powder is included as a filler."  (Amended Compl., Doc. 228, ¶ 4).  Yet the Plaintiffs still alleged that each of them purchased the Product "believing it was 100% Parmesan cheese" and that because the products contained ingredients other than cheese, they "did not receive that which [each] was promised."  (*Id.* ¶¶ 9-12.)

The Court granted Target and ICCO's 12(b)(6) motion and dismissed the Amended Complaint with prejudice on November 1, 2018, concluding that, "The 100% claims are dismissed in their entirety, as are all Anticaking claims against Target/ICCO …[.]"  (Memorandum and

Opinion, Doc. 297, at p. 31.)  Indeed, the Court specifically ordered that Target is "dismissed from this litigation."  (*Id.* at p. 32.)  The only claims that the Court permitted to proceed against ICCO are certain "anticaking" claims against ICCO in the separate Amended Class Action Complaint filed against ICCO and co-Defendant, Wal-Mart Stores, Inc.  (*See id.*)  The Court's separate Notification of Docket Entry states, in part: "The Clerk is directed to terminate Publix Super Markets, Inc. and Target Corporation as party defendants."  (Doc. 296.)

## C.  The SAC and Plaintiffs' Admission Regarding the Absence of Any New Information.

The SAC Plaintiffs wish to file makes only one substantive amendment to the dismissed Amended Complaint: "a significant portion of Defendants' Products is cellulose.  An independent testing facility determined that a sample of Defendant's Product allegedly consisting of 100% grated Parmesan actually contained 8.2% cellulose."  (*See* Redline comparing the Amended Complaint with the SAC, attached at **Exhibit 6**, at ¶ 19.)  The SAC does not state when the testing facility made the alleged determination, or when Plaintiffs learned the result.  (*See id.*)  Of course, Plaintiffs would have had to know the result in order to have possessed a good faith basis for alleging in the Amended Complaint that "the Products contain more cellulose powder than needed to achieve anticaking effects," and that "Defendants use the cellulose powder as filler." (Amended Compl., Doc. 228, ¶ 4.)  In other words, Plaintiffs must have known about the "independent testing facility's" determination at the time the Amended Complaint was filed.  And during the November 28, 2018 status hearing, Plaintiffs admitted that they had this information before filing the Amended Complaint:

> MR. BLOOD: We have alleged the percentage of cellulose in the product.
>
> THE COURT: Okay. When did you learn that?
>
> MR. BLOOD: …We learned it a while ago, … I don't know when we learned it, but we didn't put it in the -- any amended complaint until now.
>
> THE COURT: Okay. Did you know it before you filed the consolidated amended

4

complaints?

MR. BARNOW: If I could, your Honor, what we had – what we had were the Bloomberg reports, which because they were publicly announced, we were allowed to rely on those. There were people in the group that had done some tests on the Target one and also on Publix. There was a different state of knowledge with regard to those; but because they weren't publicly done by an independent organization, there was a decision made that it wasn't necessary under the case as it was presently – earlier filed and what the allegations had to be.

(Transcript, attached at **Exhibit 7**, at 13:16-14:9.) Plaintiffs' counsel also represented to the Court: "[W]e agree that whatever rulings the Court made to date would apply to these two amended pleadings. We understand that. We're not looking to rehash anything. We're looking to supplement something that is covered in all the other cases." (*Id*. at 15:6-10.)

### III. ARGUMENT

**A. PLAINTIFFS' MOTION FAILS TO SATISFY RULE 59(e) OR 60(b).**

The same arguments that Publix Super Markets, Inc. ("Publix") made on this subject in Section III.A. of its brief in opposition to Plaintiffs' Motion (*see* Doc. 324 (the "Publix Opposition")) apply to Plaintiffs' Motion to amend the Amended Complaint against Target and ICCO, and so Target and ICCO incorporate by reference as if set forth herein Section III.A. of the Publix brief. Like Publix, Target was "dismissed from this litigation" by the Court's November 1, 2018 Order docketed by the Clerk's Office the same day. That dismissal, as the Publix Opposition explains, was an adjudication on the merits and therefore constituted a judgment under Rules 54(a) and 58. The language in the Court's Order is unambiguous in its disposal of the entire action and denial of all relief as to Target. *E.g., Paganis v. Blonstein*, 3 F.3d 1067, 1071 (7th Cir. 1993) (rejecting the contention that Rule 58 "requires the district court to use certain magic words" or "special wording" rather than simply making it obvious that the plaintiffs are denied all relief). Thus, as explained by the Publix Opposition, the liberal amendment language of Rule 15 does not and cannot apply unless or until the Plaintiffs move under Rule 59(e) or 60(b) to reopen the

judgment (and the time to do so has expired under Rule 59(e)).

Although ICCO is not specifically identified as "dismissed from this litigation" by the Court's Order, the result with respect to ICCO is the same. There can be no doubt that all claims against ICCO were also dismissed in their entirety, as the Court's Order clearly denied Plaintiffs all relief as to ICCO. *Paganis*, 3 F.3d at 1071. Accordingly, the Order also acted as a dismissal with prejudice and a judgment in ICCO's favor. The fact that ICCO remains a party to a separate complaint against it and Wal-Mart is irrelevant to this conclusion. In the context of an MDL, an order disposing of a discrete case in its entirety qualifies as a final, appealable decision, even though claims in other cases transferred to the MDL remain undismissed. *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 904 (2015). Thus, "[w]hen the transferee court …in a multidistrict litigation grants a defendant's dispositive motion 'on all issues in some transferred cases, [those cases] become immediately appealable … while cases where other issues remain would not be appealable at that time.'" *Id.* at 906-07 (internal citation omitted).

Not only does Plaintiffs' Motion fail to seek relief from the Court pursuant to Rules 59(e) or 60(b), but also its bare-bones Rule 15(a) Motion cannot satisfy the rigorous standards of those post-judgment rules. Plaintiffs clearly lack any good-faith basis to seek relief from the Court's Order and to reopen the judgment, for the reasons explained in the Publix Opposition that Target and ICCO adopt as if set forth herein.

## B.  PLAINTIFFS' MOTION FAILS TO SATISFY RULE 15.

Setting aside Plaintiffs' inability satisfy Rules 59(e) or 60(b) (and their failure even to try), Plaintiffs also cannot satisfy the Rule 15 standard for obtaining leave to amend. As explained by Section III.B. of the Publix Opposition, Rule 15 no longer carries a presumption of liberality in granting motions to amend. (*See* Doc. 324 at Section III.B.) And, of course, this Court already granted Plaintiffs one opportunity to amend, after it dismissed their original consolidated

complaint and warned that courts usually give only one opportunity to amend. (Doc. 122 at p. 25.) Target and ICCO agree with the arguments in the Publix Opposition that: (1) the testing results were previously available to the Plaintiffs; and (2) Plaintiffs' own counsel concedes that the proposed amendments are futile, at least as to the "100%" consumer protection act claims. (*See* Doc. 324 at Section III.B.)

There are additional reasons, however, why the proposed amendment (to add the percentage of cellulose) would be futile as to Target and ICCO, specifically. Futility for purposes of Rule 15 includes that "the added claim would not survive a motion to dismiss or a motion for summary judgment." *Kuhn v. United Airlines, Inc.*, 966 F.2d 1178, 1181 (7th Cir. 1992). The SAC is not likely to survive a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction as to some of the Plaintiffs' claims against Target and ICCO. Many of the SAC's warranty and unjust enrichment claims are futile because they could not survive a Rule 12(b)(6) motion.

1.  **The Court Lacks Subject-Matter Jurisdiction Over All Plaintiffs, and Over All State Law Claims Except for the Missouri and Illinois Law Claims by Zachary and Bell Against Target.**

Although the Plaintiffs named in the SAC were plaintiffs to the original and amended complaints against Target and ICCO that were already dismissed, Fed. R. Civ. P. 12(h)(3) permits the Court to "determine at any time that it lacks subject-matter jurisdiction" and, if the Court finds it does not, then it "must dismiss the action." *See also Arbaugh v. Y&H Corp.,* 546 U.S. 500, 506 (1999) ("The objection that a court lacks subject-matter jurisdiction … may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and entry of judgment."); *United States v. Cotton*, 535 U.S. 625, 625 (2002) ("Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived."). The Court lacks subject-matter jurisdiction over the proposed claims against Target and ICCO by

Plaintiffs Fata and Reeves, over the proposed Missouri law claims by Plaintiff Zachary against ICCO, and over the proposed Illinois law claims by Plaintiff Bell against ICCO.

As a transferee Court in this MDL, the Court's power derives from and is constricted by 28 U.S.C. § 1407, which provides that, "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). The JPML is authorized to effectuate the transfers, but "[t]he panel shall give notice to the parties in all actions in which transfers . . . are contemplated, and such notice shall specify the time and place of any hearing to determine whether such transfer shall be made," at which time "material evidence may be offered by any party … that would be affected by the proceedings under this section …[.]" 28 U.S.C. § 1407(c). If the JPML orders a transfer, then the transferee court "may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings," but does not preside over the trial of the transferred actions. 28 U.S.C. § 1407(b). "Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated …[.]" 28 U.S.C. § 1407(a).

 "A plaintiff may not unilaterally add actions in the MDL that have not been pending in federal court elsewhere or which were not transferred to the transferee court through the MDL process." *In re Mortgage Elec. Regis. Sys. Mers Litig*, No. MD-09-02119-PHX-JAT, 2016 U.S. Dist. LEXIS 95898, at *74 (D. Ariz. July 21, 2016). In *In re Mortgage*, a federal court dismissed, for lack of subject-matter jurisdiction, claims by a plaintiff who "never filed his own case or had his case transferred to the court" by the JPML, because doing so would "directly contradict[] the appropriate procedures designated in 28 U.S.C. § 1407 for consolidating cases for pretrial

proceedings." *Id.* at *77-78. The court observed that "the majority of case law on this topic indicates that a transferee court's jurisdiction is not sufficiently invoked" under these circumstances. *Id.* at *79.

Thus, the Court lacks subject-matter jurisdiction over Plaintiffs Reeves and Fata, who are not Plaintiffs in any case transferred by the JPML that names Target or ICCO as Defendants. Although "Nancy Reeves" is a Plaintiff in a transferred case against Wal-Mart, and "Alfonso Fata" is a Plaintiff in a transferred case against Kraft, there is no allegation in the SAC that these two plaintiffs are the same persons named in the SAC, and the Court cannot assume that fact. Even if the SAC's plaintiffs were the same "Reeves" and "Fata," that fact would not establish subject-matter jurisdiction over their proposed claims against Target and ICCO, since neither was a defendant to the *Reeves* and *Quinn* actions that the JPML transferred. A transferee court "has no authority … to exercise subject matter jurisdiction over state law claims not transferred by the MDL Panel and over which this court lacks original jurisdiction." *In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.*, MDL DOCKET NO. 33-1439, 2008 U.S. Dist. LEXIS 90136, at *13 (D. Or. Oct. 28, 2008). As other courts have recognized, since "an MDL proceeding … is merely a collection of individual cases … MDL courts cannot lose sight of the separate and distinct nature of those actions" and should "take into account that the cases are destined to be returned to their transferee jurisdictions." *In re Toyota Motor Corp. Unintended Acceleration Mktg. Sales Practices, & Prods. Liab. Litig.*, 785 F. Supp. 2d 925, 930 (C.D. Cal. 2011) (internal citations omitted). In addition (but of equal importance) is the fact that, because Target and ICCO were not parties to the *Reeves* or *Quinn* Complaints, they did not participate in any JPML proceeding with respect to those cases, which is their statutory right under 14 U.S.C. § 1407(c).

Accordingly, the Court lacks subject-matter jurisdiction over the claims by Plaintiffs Reeves (California law) and Fata (Florida law), and the proposed amendments by those Plaintiffs are therefore futile. For the same reasons, the SAC claims against ICCO by Plaintiffs Bell (Illinois law) and Zachary (Missouri law) are futile because ICCO is not a defendant to those plaintiffs' transferred complaints.

**2. Many of Plaintiffs' Proposed State Law Claims Could Not Survive a Rule 12(b)(6) Motion, and so Plaintiffs' Motion Also Should be Denied, in Part, on These Separate Futility Grounds.**

**a. *The 100% Claims Have Not Survived a Motion to Dismiss.***

Because Plaintiffs propose to reassert the "100% claims" in the SAC, without any modification whatsoever, and in light of this Court's prior dismissal of all the "100% claims," there cannot be any doubt that all 100% claims in the SAC brought under the various consumer protection laws in Missouri, Florida, California, and Illinois are futile for purposes of Rule 15. (*See* SAC at Counts IV-VIII.)

**b. *None of the Express Warranty Claims by the Four Plaintiffs Could Survive a Motion to Dismiss by Target and ICCO.***

*Florida.* "Under Florida law, an express warranty may arise only where justifiable reliance upon assertions or affirmations is part of the basis of the bargain." *Hobco, Inc. v. Tallahassee Assocs.*, 807 F. 2d 1529, 1533 (11th Cir. 1987); *see also Thursby v. Reynolds Metals Co.*, 466 So. 2d 245, 250 (Fla. Dist. Ct. App. 1984) ("While a wide variety of statements made by sellers have been found to be 'affirmations of fact,' an express warranty is generally considered to arise only where the seller asserts a fact of which the buyer is ignorant prior to the beginning of the transaction and on which the buyer justifiably relies as part of the 'basis of the bargain.'" (internal citations omitted)). The Court has already determined "Plaintiffs never consulted, let alone relied upon, the ingredients labels' assertion that cellulose was added to prevent caking," (Doc. 297 at 16). Clearly,

then, Plaintiffs could not have *justifiably relied* on any assertions or affirmations made on the label. Therefore, Plaintiff Fata's express warranty claim in Count I would not survive a motion to dismiss as a matter of Florida law.

*Illinois.* "Some Illinois courts have suggested that reliance is an invariable requirement for an express warranty claim." *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 916 (N.D. Cal. 2018). Others hold that "a seller's representations create a rebuttable presumption of reliance by the buyer" in the context of an express warranty claim, *Bietsch v. Sergeant's Pet Care Prods.*, No. 15 C 5432, 2016 U.S. Dist. LEXIS 32928, at * 16 (N.D. Ill. Mar. 15, 2016), and that the presumption of reliance is rebutted where "the seller shows by clear affirmative proof <u>that the representations did not become part of the basis of the bargain</u>," *Felley v. Singleton*, 705 N.E.2d 930, 934 (Ill. 1999) (emphasis added). Those potentially inconsistent principles "can be harmonized based on the presence or absence of privity. When privity is lacking, the background rule mandates pleading and proving reliance. In contrast, when the plaintiff is in privity with the defendant, the defendant's representations about the product presumptively establish the reliance element." *In re Nexus*, 293 F. Supp. 3d at 917 (internal citations omitted).

Under either theory, Plaintiff Bell's Illinois law claim of breach of express warranty is futile. As to Target, with which she is in privity, she has already acknowledged, and this Court has found, that she did not look at or consider the ingredient label in purchasing the Product, and thus reliance is neither pleaded nor proved. As to ICCO (the manufacturer), with which she is not in privity, the presumption of reliance can be rebutted by the "clear affirmative proof" that Plaintiff Bell herself provides—the representations on the Products' ingredients labels did not become part of the basis for her purchase of the Product. Therefore, Plaintiff Bell's express warranty claim would not survive a motion to dismiss by Target and ICCO as a matter of Illinois law.

*California.* "To prevail on a breach of express warranty claim under California law, a plaintiff must prove that: '(1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) <u>the statement was part of the basis of the bargain</u>; and (3) the warranty was breached.'" *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 984 (C.D. Cal. 2015) (internal citation omitted) (emphasis added). "While this does not require that plaintiff relied on the individual advertisements, it does require that plaintiff <u>was actually exposed to the advertising</u>." *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig.*, 754 F.Supp.2d 1145, 1183 (C.D. Cal. 2010) (emphasis added)). Again, this Court has already determined that the Plaintiffs never consulted, let alone relied upon, Products labels' assertion that cellulose was added to prevent caking." In the absence of any allegation in the SAC that Plaintiff Reeves was aware of the statements regarding cellulose on the Products' labels, her express warranty claim would not survive a motion to dismiss by Target or ICCO. *See id.* at 1183 ("California law does not permit Plaintiffs, in the absence of specific allegations that they were aware of the statements made in a national advertising campaign, to base their express warranty claims on statements made in that national advertising campaign.")

*Missouri.* Missouri law likewise does not require reliance as an element of a breach of express warranty claim, but it does require proof "that the seller's statement or promise formed part of the benefit of the bargain." *Smith v. Brown & Williamson Tobacco Corp.*, Case No. 96-0459-CV-W-3, 1999 U.S. Dist. LEXIS 21990, at *26 (W.D. Mo. Jan. 29, 1999). Thus, there must still be proof that the statement "must at least have been read" by Plaintiffs in order for the express warranty claim to succeed. *Interco, Inc. v. Randustrial Corp.*, 533 S.W.2d 257, 262 (Mo. Ct. App. 1976) ("A brochure, catalogue or advertisement may constitute an express warranty. … However, the catalogue advertisement or brochure must have at least been read … as the U.C.C. requires the

proposed express warranty be part of the basis of the bargain."). Zachary's own allegations establish that he did not read the ingredient label, and so the label was not a part of the basis of the bargain between Zachary and Target or ICCO. For that reason, Plaintiff Zachary's express warranty claim in Count I would not survive a motion to dismiss under Missouri law.

> c. **The Breach of Implied Warranty of Merchantability Claim Could not Survive a Motion to Dismiss by ICCO Under California, Illinois, and Florida Law.**

*California.* California law requires that a plaintiff asserting a breach of implied warranty claim be in vertical privity with the defendant. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008). "The term 'vertical privity' refers to links in the chain of distribution of goods. If the buyer and seller occupy adjoining links in the chain, they are in vertical privity with each other." *In re Toyota Motor Corp.*, 754 F. Supp. 2d at 1183. Privity of contract is required in an action for breach of either express or implied warranty, and there is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale. *Burr v. Sherwin Williams Co.*, 268 P.2d 1041, 1048 (Cal. 1954). "In this state an exception to the requirement of privity has been made in cases involving foodstuffs, where it is held that an implied warranty of fitness for human consumption runs from the manufacturer to the ultimate consumer regardless of privity of contract." *Id.* at 1048 (emphasis added). ICCO is the manufacturer of the Product for Target, and Target is the retailer who sells the Product to consumers like Plaintiffs. Plaintiff Reeves and ICCO are not in vertical privity with each other, as they do not occupy "adjoining links" in the chain of distribution of the Products. Nor does California's exception to the privity requirement for foodstuffs apply here, as the implied warranty allegedly breached is not the implied warranty of fitness for human consumption. Accordingly, Plaintiff Reeves' claim for breach of implied warranty cannot succeed against ICCO.

*Illinois.* Plaintiffs' Illinois claims against ICCO for breach of implied warranty of

merchantability cannot succeed for the same reasons. *E.g.*, *Szajna v. Gen. Motors Corp.*, 503 N.E.2d 760, 767 (Ill. 1986) (holding that the Supreme Court of Illinois "decline[s] to abolish the privity requirement in implied-warranty economic-loss cases"). Because Plaintiff Bell alleges only economic losses, she can "can only maintain a cause of action against the immediate seller" of the Products—and that immediate seller cannot be ICCO, which the SAC alleges to be the manufacturer. *Allstate Ins. Co. v. Daimler Chrysler*, No. 03 C 6107, 2004 U.S. Dist. LEXIS 3811, at *5 (N.D. Ill. Mar. 10, 2004).

*Florida.* The law in Florida is even clearer: "an implied warranty cannot exist where there is no privity of contract." *Yvon v. Baja Marine Corp.*, 495 F. Supp. 2d 1179, 1183 (N.D. Fla. 2007); *see also Ashley Square, Ltd. v. Contractors Supply of Orlando, Inc.*, 532 So. 2d 710, 711 n.1 (Fla. Dist. Ct. App. 1988) ("[A] cause of action for breach of implied warranty of merchantability or fitness for a particular purpose appears to no longer exist in Florida in the absence of privity …."). Because Plaintiff Fata is not in privity with ICCO, the manufacturer, his claim of breach of implied warranty of merchantability could not survive a motion to dismiss brought by ICCO.

### d. The Unjust Enrichment Claim Could not Survive a Motion to Dismiss by Target and ICCO under Florida Law, or by ICCO under California and Illinois Law.

*Florida.* "It is well settled in Florida that unjust enrichment is an equitable remedy and is, therefore, not available where there is an adequate legal remedy. Thus, to properly state a claim for unjust enrichment, a party must allege that no adequate legal remedy exists." *Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) (footnote omitted). Moreover, "although a plaintiff ordinarily may plead in the alternative, here, if Plaintiff cannot prevail with his available legal remedies, he cannot prevail on his unjust enrichment claim." *Jovine v. Abbott Labs., Inc.*, 795 F. Supp. 2d 1331, 1341–42 (S.D. Fla. 2011) (dismissing unjust enrichment claim where plaintiff sought "recovery for the exact same wrongful

conduct as in his other claims"). The SAC does not allege that an adequate legal remedy does not exist for the (alleged) harm that Plaintiffs suffered, nor could Plaintiffs argue that none of the other claims, if proven, would provide them with an adequate legal remedy. Accordingly, there can be no unjust enrichment claim a matter of Florida law.

*California.* There is no cause of action for unjust enrichment under California law. *Melchior v. New Line Productions, Inc.*, 131 Cal. Rptr. 2d. 347, 357 (Cal. Ct. App. 2003) (also stating that "'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so"). Moreover, "plaintiffs can not [sic] assert unjust enrichment claims that are merely duplicative of statutory or tort claims." *In re Apple & AT&T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011). Because Plaintiff Reeves cannot prevail on her statutory or warranty claims against ICCO (for the reasons explained above), her unjust enrichment claim is futile as to ICCO.

*Illinois.* The Seventh Circuit recently opined, concerning unjust enrichment, that what makes " retention of the benefit unjust is often … some improper conduct by the defendant," which usually also forms "the basis of another claim against the defendant in tort, contract, or statute. So, if an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim" and will "stand or fall with the related claim." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011). Plaintiff Bell's claim for unjust enrichment under Illinois law is based on the same conduct that underlies her (futile) warranty claims against ICCO, and so it falls with those two claims as a matter of law.

<div style="margin-left: 40%;">

Respectfully submitted,

 */s/ Joshua A. Glikin*
**BOWIE & JENSEN, LLC**
Joshua A. Glikin (General Bar No.: 008107)
glikin@bowie-jensen.com

</div>

Matthew A.S. Esworthy (*pro hac vice*)
esworthy@bowie-jensen.com
Cynthia L. Polasko (*pro hac vice*)
polasko@bowie-jensen.com
Bowie & Jensen, LLC
210 West Pennsylvania Avenue, Suite 400
Towson, Maryland 21204
Phone: (410) 583-2400
Facsimile: (410) 583-2437

*Attorneys for Defendants Target*
*Corporation and ICCO-Cheese*
*Company, Inc.*

Dated: December 21, 2018

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was filed on December 21, 2018, with the Clerk of the Court by using the CM/ECF system which will send a notice of filing to all counsel of record.

/s/ Joshua A. Glikin