# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

| | |
|---|---|
| **IN RE:  100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICES LITIGATION** | MDL No. 2705 |
| **IN RE: KRAFT 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICES LITIGATION** | MDL No. 2707 |
| **IN RE: WAL-MART GREAT VALUE 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICES LITIGATION** | MDL No. 2708 |

## TRANSFER ORDER

**Before the Panel**:[*]  Before the Panel are three dockets involving allegations that the labeling and marketing of certain parmesan cheese products as "100%" grated parmesan cheese is false and misleading because the products allegedly contain filler – mainly, a food additive known as cellulose.[1]  The litigation stems from a news article published in February 2016, allegedly reporting that independent laboratory testing or other sources established the presence of significant amounts of cellulose in several brands, including Kraft 100% Grated Parmesan Cheese, Wal-Mart Great Value 100% Grated Parmesan Cheese, Target Market Pantry Parmesan 100% Grated Cheese, and Essential Everyday 100% Grated Parmesan Cheese (allegedly, a product of SuperValu and Albertsons).

In MDL No. 2705, plaintiffs in eight actions move under 28 U.S.C. § 1407 to centralize all actions involving the alleged mislabeling of any 100% grated parmesan cheese product in the Eastern District of Missouri.  They request that the MDL encompass the actions in their initial motion concerning Kraft and Wal-Mart, as well as potential tag-along actions involving Target, SuperValu, Albertsons, and the ICCO-Cheese Company.  In MDL No. 2707 and 2708, plaintiffs in two actions, through their shared counsel, move for centralization of the actions into separate MDLs, grouped by

---

[*]   Judge Lewis A. Kaplan, Judge Marjorie O. Rendell, and Judge Catherine D. Perry took no part in the decision of this matter.  Additionally, certain Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1]   The defendants in the actions on the motions are the Kraft Heinz Company and Kraft Heinz Foods Company (Kraft) and Wal-Mart Stores, Inc., and Wal-Mart Stores East, L.P. ("Wal-Mart"). Defendants in the potential tag-along actions are: Target Corporation; ICCO-Cheese Company, Inc.; SUPERVALU, Inc. (SuperValu); Albertsons Companies, LLC (Albertsons); and Safeway, Inc.

-2-

the primary corporate defendant but assigned to the same district, the Southern District of New York. Specifically, they ask for centralization of the Kraft actions in MDL No. 2707, the Wal-Mart actions in MDL No. 2708, and establishment of two separate MDLs for the potential tag-along actions – one for Target and one for SuperValu and Albertsons. The litigation currently consists of 16 actions pending in 9 districts, as listed on the attached schedules. The Panel has been notified of 33 potential tag-along actions in nine additional districts.[2]

All responding parties but one support centralization in some form.[3] The principal areas of disagreement are the scope of each MDL (a single, multi-product MDL or separate MDLs grouped by the product or primary corporate defendant) and the proposed transferee district. Defendants Wal-Mart, Target, SuperValu, Albertsons, and the ICCO-Cheese Company support centralization of all actions in a single, multi-product MDL. Wal-Mart requests the Eastern District of Missouri; Target and ICCO-Cheese request the District of Maryland and, alternatively, the Eastern District of Missouri; and SuperValu and Albertsons request the District of Minnesota. Defendant Kraft supports a Kraft-only MDL in the Northern District of Illinois and separate MDLs for the other defendants, arguing that industry-wide centralization is not appropriate. Plaintiffs in a total of 19 actions support centralization of all actions in a single, multi-product MDL, while plaintiffs in 14 actions request separate MDLs grouped by the product or primary corporate defendant. Most of the proponents of separate MDLs request assignment of the MDLs to the same transferee judge. Plaintiffs variously propose the Eastern District of Missouri, the Northern District of Illinois, the Southern District of New York, the District of Minnesota, the Western District of Pennsylvania, and the Southern District of Florida.

We find that common factual questions arise from plaintiffs' allegations that defendants deceived consumers by marketing products containing cellulose as "100%" grated parmesan cheese. Common factual issues will include the underlying laboratory testing, consumer perception of the labeling representation, the alleged impact on pricing, and ICCO's alleged role as a common supplier for Wal-Mart and other stores selling house brand "100%" grated parmesan cheese products. Additionally, all actions raise the common legal issue of the applicability and impact of federal regulations governing the labeling and contents of grated parmesan cheese products. There is little dispute that the actions overlap on at least these issues.

The parties' arguments focus on whether creation of a single, multi-product MDL or separate MDLs grouped by product or defendant will achieve greater efficiencies. The parties supporting

---

[2] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[3] A *pro se* plaintiff in one potential tag-along action (*Greenstein*) filed a letter the week after the Panel hearing expressing concerns over the status of his action and requesting an opportunity to present briefing. Because *Greenstein* is not on the motions, it is not squarely before us. Plaintiff will have an opportunity to state his position in response to a conditional transfer order covering the action, if issued. *See* Panel Rule 7.1.

-3-

creation of separate MDLs argue that this approach is necessary because (1) each defendant's labeling, marketing, manufacturing, and distribution practices will raise unique factual issues; (2) product-specific disputes can be more efficiently presented and resolved in separate dockets; and (3) defendants are direct competitors and thus, will need to protect against the disclosure of confidential manufacturing, marketing, and other information.

In response, the parties supporting a single, multi-product MDL argue that (1) all actions stem from the same news article and independent laboratory testing, which will result in common discovery; (2) the common issues regarding the nearly identical labeling will result in similar discovery and expert reports, including with respect to consumer perception and pricing; (3) overlapping discovery and motions practice concerning the validity of the independent laboratory testing will be significant, making centralization necessary to avoid inconsistent *Daubert* rulings; (4) a common supplier – ICCO-Cheese – undisputedly was the source of the Wal-Mart and Target products and potentially other house brands, making the creation of separate MDLs inefficient and impracticable; and (5) retailer-specific factual issues and protection of confidential proprietary information can be addressed by the entry of appropriate protective orders for each defendant.  They also note that there are several actions (including potential tag-alongs) that assert claims against two or more unaffiliated defendants, which would be difficult to sever and transfer into separate MDLs.[4] Indeed, nearly all parties agree that the actions at issue should be centralized before the same transferee judge, even if there are separate MDLs, because the proposed statewide and nationwide classes overlap substantially and present competing class definitions.

In our judgment, a single, multi-product MDL is necessary to ensure the just and efficient conduct of this litigation.  In many situations, we are hesitant to bring together actions involving separate defendants and products, but when, as here, there is significant overlap in the central factual issues, parties, and claims, we find that creation of a single MDL is warranted.[5]  A single MDL is the most appropriate vehicle for resolving defendants' challenges to the validity of the laboratory testing at issue, the anticipated common third-party discovery, discovery of any common suppliers, and management of the competing putative classes.  Although the advocates of separate MDLs have identified certain product-specific issues, Section 1407 does not require a complete identity of factual issues or parties as a prerequisite to transfer, and the presence of additional facts is not significant when the actions arise from a common factual core.[6]  We are confident that the transferee judge can accommodate any issues involving the different products and defendants, including confidentiality

---

[4]  To date, the Panel has been notified of six potential tag-along actions involving two or more unaffiliated defendants.

[5]  *See, e.g., In re: Walgreens Herbal Supplements Mktg. and Sales Practices Litg.* 109 F. Supp. 3d 1373 (J.P.M.L. 2015) (centralizing dockets involving four different brands of herbal supplements in a single MDL because of "significant overlap in the central factual issues, parties, and claims"; common expert discovery; and management of competing putative classes).

[6]  *See In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014).

-4-

and defendant-specific resolutions, in a manner that guarantees the just and efficient resolution of all cases.

We therefore find that the actions listed on the attached schedules involve common questions of fact and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification and *Daubert* motions; and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the Northern District of Illinois is the appropriate transferee district for this litigation.  This district provides a convenient and accessible forum for actions filed throughout the country regarding products sold nationwide.  Defendant Kraft and plaintiffs in ten actions support this district, where a significant number of actions are pending.  Kraft represents that its relevant headquarters office is located in this district, and that the majority of its documents and witnesses are located there.  This district also is centrally located relative to defendant Wal-Mart, which has its headquarters in Arkansas, the defendants in the potential tag-along actions, and the geographically dispersed plaintiffs.  Finally, centralization in this district allows us to assign this litigation to Judge Gary Feinerman, an able and experienced jurist who has not had the opportunity to preside over an MDL.  Judge Feinerman currently presides over one potential tag-along action involving Kraft, Target, and SuperValu.  We are confident that he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedules A, B, and C, and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Gary Feinerman for coordinated or consolidated pretrial proceedings under MDL No. 2705.

IT IS FURTHER ORDERED that the motions in MDL No. 2707 and 2708 are terminated.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Charles A. Breyer                    Ellen Segal Huvelle
R. David Proctor

**IN RE:  100% GRATED PARMESAN CHEESE**
**MARKETING AND SALES PRACTICES LITIGATION**                    MDL No. 2705

## SCHEDULE A

Central District of California

BUSTAMANTE, ET AL. v. WAL-MART STORES, INC., ET AL., C.A. No. 2:16-01265

Northern District of California

LEWIN v. KRAFT HEINZ FOODS COMPANY, C.A. No. 3:16-00823

Northern District of Florida

BROWN v. WAL-MART STORES, INC., C.A. No. 1:16-00050
GREENE v. KRAFT HEINZ FOOD COMPANY, C.A. No. 3:16-00077

Northern District of Illinois

AVERHART v. KRAFT HEINZ FOODS COMPANY, C.A. No. 1:16-02626

Southern District of Illinois

SCHULZE v. WAL-MART STORES, INC., C.A. No. 3:16-00208
MATECKI v. KRAFT HEINZ FOOD COMPANY, C.A. No. 3:16-00209

District of Minnesota

JACKSON v. WAL-MART STORES, INC., C.A. No. 0:16-00498
MORENO v. KRAFT HEINZ FOODS COMPANY, C.A. No. 0:16-00499

Eastern District of Missouri

EVANS v. KRAFT HEINZ FOOD COMPANY, C.A. No. 4:16-00257
HARWELL v. WAL-MART STORES, INC., C.A. No. 4:16-00265

Eastern District of New York

ADER, ET AL. v. KRAFT HEINZ FOODS COMPANY, C.A. No. 2:16-00963

Southern District of New York

MOSCHETTA v. WAL-MART STORES, INC., C.A. No. 7:16-01377

**IN RE: KRAFT 100% GRATED PARMESAN CHEESE
MARKETING AND SALES PRACTICES LITIGATION**                MDL No. 2707

## SCHEDULE B

Northern District of California

LEWIN v. KRAFT HEINZ FOODS COMPANY, C.A. No. 3:16-00823

Northern District of Florida

GREENE v. KRAFT HEINZ FOOD COMPANY, C.A. No. 3:16-00077

Northern District of Illinois

AVERHART v. KRAFT HEINZ FOODS COMPANY, C.A. No. 1:16-02626
HECHMER, ET AL. v. KRAFT HEINZ FOODS COMPANY, ET AL., C.A. No. 1:16-02687

Southern District of Illinois

MATECKI v. KRAFT HEINZ FOOD COMPANY, C.A. No. 3:16-00209

District of Minnesota

MORENO v. KRAFT HEINZ FOODS COMPANY, C.A. No. 0:16-00499

Eastern District of Missouri

EVANS v. KRAFT HEINZ FOOD COMPANY, C.A. No. 4:16-00257

Eastern District of New York

ADER, ET AL. v. KRAFT HEINZ FOODS COMPANY, C.A. No. 2:16-00963

Southern District of New York

QUINN, ET AL. v. THE KRAFT HEINZ COMPANY, C.A. No. 7:16-01471

**IN RE: WAL-MART GREAT VALUE 100% GRATED
PARMESAN CHEESE MARKETING AND SALES
PRACTICES LITIGATION**                                    MDL No. 2708

## SCHEDULE C

Central District of California

BUSTAMANTE, ET AL. v. WAL-MART STORES, INC., ET AL., C.A. No. 2:16-01265

Northern District of Florida

BROWN v. WAL-MART STORES, INC., C.A. No. 1:16-00050

Northern District of Illinois

HECHMER, ET AL. v. KRAFT HEINZ FOODS COMPANY, ET AL., C.A. No. 1:16-02687

Southern District of Illinois

SCHULZE v. WAL-MART STORES, INC., C.A. No. 3:16-00208

District of Minnesota

JACKSON v. WAL-MART STORES, INC., C.A. No. 0:16-00498

Eastern District of Missouri

HARWELL v. WAL-MART STORES, INC., C.A. No. 4:16-00265

Southern District of New York

MOSCHETTA v. WAL-MART STORES, INC., C.A. No. 7:16-01377
DUCORSKY, ET AL. v. WAL-MART STORES, INC., C.A. No. 7:16-01571