Michael McShane (SBN 127944)
mmcshane@audetlaw.com
S. Clinton Woods (SBN 246054)
cwoods@audetlaw.com
AUDET & PARTNERS, LLP
711 Van Ness Avenue, Suite 500
San Francisco California  94102-3229
Tel.:  415.568-2555
Fax:  415.568-2556

(*Additional Counsel listed on signature page*)

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY REEVES, RHONDA LORENZ, MICHAEL WILLS, AND MICHELLE WALKER, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>WAL-MART STORES, INC.,<br><br>        Defendant. | Case No.<br><br>**AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

1    1.    Plaintiffs Nancy Reeves, Rhonda Lorenz, Michael Wills, and Michelle

2 Walker file this Class Action Complaint on behalf of themselves and others similarly

3 situated, against Wal-Mart Stores, Inc. ("Wal-Mart" or "Defendant") demanding a

4 trial by jury, and allege as follows. Plaintiffs base the allegations in this Class Action

5 Complaint on personal knowledge as to matters related to Plaintiffs and on

6 information and belief as to all other matters, through the investigation of Plaintiffs'

7 counsel. Plaintiffs believe substantial evidentiary support exists for the allegations set

8 forth herein, and they seek a reasonable opportunity for discovery.

9                           **NATURE OF THE ACTION**

10    2.    Plaintiffs allege, on behalf of themselves and all others similarly situated

11 (the "Class," as defined below), that during the applicable liability period Defendant

12 falsely represents the Products contain 100% Grated Parmesan Cheese ingredients,

13 when, in fact, they contain cellulose powder. This lawsuit seeks to enjoin Defendant's

14 false and misleading practices and recover damages and restitution on behalf of the

15 Class under the applicable state laws.

16    3.    The deceptive and misleading products include the following, all of

17 which Defendant prominently labels as "100% Grated Parmesan Cheese":

18         •    Great Value Grated Parmesan Cheese, 8 ounces; and

19         •    Great Value Grated Parmesan Cheese, 16 ounces.

20 (collectively, the "Products").[1]

21    4.    During the Class Period, the words "100% Grated Parmesan Cheese"

22 were prominently displayed on the front label of the Products' packaging.

23    5.    Defendant systematically marketed and advertised the Products,

24 throughout the United States, as "100% Grated Parmesan Cheese" on the Products'

25 packaging, such that any consumer who purchased the Products, or who purchases the

26 _____

27 [1] Defendant may discontinue offering some products and regularly introduces new products that are
also falsely and misleadingly labeled "100% Grated Parmesan Cheese." Defendant may also market

28 and sell additional substantially similar products of which Plaintiff is unaware. Plaintiff will
ascertain the identity of these additional products through discovery.

AMENDED CLASS ACTION COMPLAINT

Products now or in the future, is exposed to Defendant's "100% Grated Parmesan Cheese" claims.

6.    However, to the detriment of consumers, including Plaintiffs and the Class members, Defendant's Products contain cellulose powder and, consequently, are not 100% Grated Parmesan Cheese.

7.    To label the Products as 100% Grated Parmesan Cheese creates consumer deception and confusion. A reasonable consumer purchases the Products believing they are 100% Grated Parmesan Cheese (i.e. they do not contain cellulose powder) based on the Products' labels. However, a reasonable consumer would not deem the Products to be 100% Grated Parmesan Cheese if he or she knew the Products contained cellulose powder.

8.    Defendant's misrepresentations about the Products were uniform and were communicated to Plaintiffs, and every other member of the Class, at every point of purchase and consumption throughout the Class Period.

9.    Plaintiffs bring this action for injunctive relief and statutory damages resulting from Defendant's illegal actions.

## PARTIES

10.    Plaintiff Nancy Reeves resides in Imperial, California. Within the past year, Plaintiff Reeves purchased the products from various Wal-Mart retail locations in Imperial County, California. The packaging of the Products Plaintiff Reeves purchased contained the representation that they were "100% Grated Parmesan Cheese." Plaintiff Reeves made these purchases in reliance on the representations on the Product packaging that the Products were "100% Grated Parmesan Cheese." Plaintiff Reeves does not consider a product containing excessive levels of cellulose powder to be "100% Grated Parmesan Cheese." If the Products were actually "100% Grated Parmesan Cheese," as represented on the Products' labels, Plaintiff Reeves would continue to purchase the Products.

11.     Plaintiff Rhonda Lorenz resides in Spring Hill, Kansas. Within the past year, Plaintiff purchased the Products from a Wal-Mart retail location in Iola, Kansas. The packaging of the Products Plaintiff Lorenz purchased contained the representation that they were "100% Grated Parmesan Cheese." Plaintiff Lorenz made these purchases in reliance on the representations on the Product packaging that the Products were "100% Grated Parmesan Cheese." Plaintiff Lorenz does not consider a product containing excessive levels of cellulose powder to be "100% Grated Parmesan Cheese." If the Products were actually "100% Grated Parmesan Cheese," as represented on the Products' labels, Plaintiff Lorenz would continue to purchase the Products.

12.     Plaintiff Michael Wills resides in Munford, Alabama. Within the past year, Plaintiff purchased the Products from a Wal-Mart retail location in Oxford, Alabama. The packaging of the Products Plaintiff Wills purchased contained the representation that they were "100% Grated Parmesan Cheese." Plaintiff Wills made these purchases in reliance on the representations on the Product packaging that the Products were "100% Grated Parmesan Cheese." Plaintiff Wills does not consider a product containing excessive levels of cellulose powder to be "100% Grated Parmesan Cheese." If the Products were actually "100% Grated Parmesan Cheese," as represented on the Products' labels, Plaintiff Wills would continue to purchase the Products.

13.     Plaintiff Michelle Walker resides in Lawton, Oklahoma. Within the past year, Plaintiff Walker purchased the products from various Wal-Mart retail locations in Oklahoma. The packaging of the Products Plaintiff Walker purchased contained the representation that they were "100% Grated Parmesan Cheese." Plaintiff Walker made these purchases in reliance on the representations on the Product packaging that the Products were "100% Grated Parmesan Cheese." Plaintiff Walker does not consider a product containing excessive levels of cellulose powder to be "100% Grated Parmesan Cheese." If the Products were actually "100% Grated Parmesan Cheese," as

AMENDED CLASS ACTION COMPLAINT

represented on the Products' labels, Plaintiff Walker would continue to purchase the Products.

14.     Defendant Wal-Mart Stores, Inc., is incorporated under the laws of the State of Arkansas, with its principal place of business at 702 Southwest 8th Street, Bentonville, Arkansas. Defendant manufacturers, markets, and sells Parmesan cheese products under the brand name Great Value.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. section 1332(d) in that: (1) this is a class action involving more than 100 class members; (2) Plaintiff Reeves is a citizen of the State of California, and Defendant is a citizen of the State of Arkansas; and (3) the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

16.     Pursuant to 28 U.S.C. section 1391(b)(2), venue is proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in Sacramento County, California.

## FACTUAL ALLEGATIONS

**A.      Defendant deliberately deceives consumers by falsely labeling the Products as 100% Grated Parmesan Cheese.**

17.     Defendant's labeling of the Products is shrewdly crafted to appear as though they contain nothing but 100% Grated Parmesan Cheese, thereby distinguishing the Products from other competing products.

18.     Currently, the Products prominently profess they are "100% Grated Parmesan Cheese" on the front label.

AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11



12
13
14
15
16
17
18
19
20
21
22
23



24    19.    The labeling of the Products was therefore designed to create consumer

25    belief that the Products are 100% Grated Parmesan Cheese.

26
27
28

AMENDED CLASS ACTION COMPLAINT

**B.     A reasonable consumer would not deem the Products to be 100% Grated Parmesan Cheese because they contain cellulose powder.**

20.     The ingredient declaration found in the nutrition fact panel on each product declares that they contain cellulose powder.

21.     A reasonable consumer would not believe a product containing cellulose powder is 100% Grated Parmesan Cheese.

22.     As guidance in ascertaining what a reasonable consumer believes the term 100% Grated Parmesan Cheese means, one can look to the Food and Drug Administration ("FDA"), which defines "parmesan" as cheese which is prepared from a very specifically defined procedure. *See* 21 C.F.R. § 133.165(a). The procedure defined by the FDA is as follows:

> Milk, which may be pasteurized or clarified or both, and which may be warmed, is subjected to the action of harmless lactic-acid-producing bacteria, present in such milk or added thereto. Sufficient rennet, or other safe and suitable milk-clotting enzyme that produces equivalent curd formation, or both, with or without purified calcium chloride in a quantity not more than 0.02 percent (calculated as anhydrous calcium chloride) of the weight of the milk, is added to set the milk to a semisolid mass. Harmless artificial coloring may be added. The mass is cut into pieces no larger than wheat kernels, heated, and stirred until the temperature reaches between 115[degrees] F and 125[degrees] F. The curd is allowed to settle and is then removed from the kettle or vat, drained for a short time, placed in hoops, and pressed. The pressed curd is removed and salted in brine, or dry-salted. The cheese is cured in a cool, ventilated room. The rind of the cheese may be coated or colored. A harmless preparation of enzymes of animal or plant origin capable of aiding in the curing or development of flavor of parmesan cheese may be added during the procedure, in such quantity that the weight of the solids of such preparation is not more than 0.1 percent of the weight of the milk used.

21 C.F.R. § 133.165(b).

23.     Nowhere within the FDA definition of the term "parmesan" does it allow for the introduction of cellulose powder.

24.     While the FDA does allow "grated" cheese to contain anticaking agents, the quantity thereof must "not exceed the amount reasonably required to accomplish its intended physical, nutritive, or other technical effect in food." 21 C.F.R. §§ 133.146(c)(2); 21 C.F.R. 172.5. Thus, any amount of cellulose powder in excess of

that required to provide anticaking effect, fall outside the FDA's definition of grated parmesan cheese.

25. Some manufacturers are adding excess anticaking agents, including cellulose, to their parmesan in order to reduce the amount actual cheese per unit, and thereby cut costs.[2] In fact, the CEO of one of Defendant's competitors estimated that as much as 20% of the parmesan cheese on the market has excess anticaking agents.

26. In an article published in 2015, it was reported that a random sampling of Parmesan canisters in Wisconsin were in excess of 25% cellulose.[3]

27. The problem became so pronounced that in 2013 the International Dairy Foods Association, and industry trade group, sent a letter to its members warning them against including excessive cellulose in parmesan.[4]

28. On information and belief, cellulose performs its intended anticaking effect at levels of 2 to 4 percent in parmesan cheese.[5]

29. Third-party testing confirmed that Defendant's Products contained 7.8% cellulose.[6] On information and belief, this is in excess of the amount required to perform its anticaking effect in the Products.

30. Defendant's labeling of the Products as 100% Grated Parmesan Cheese is false and misleading because the Products contain cellulose powder and are therefore not, in fact, 100% Grated Parmesan Cheese.

---

[2] *Adulterated Parmesan hurts the cheese industry*, 116(5) DAIRY FOODS 16, 18 (2015).
[3] Neal Schuman, *Adulterating grated Parmesan is a fraud*, 116(6) DAIRY FOODS 82 (2015).
[4] Constance E. Tipton, *Compliance with U.S. Federal Standard of Identity for Parmesan Cheese*, INTERNATIONAL DAIRY FOODS ASSOCIATION (July 30, 2013), *available at* http://www.dairiconcepts.com/wp-content/themes/dairi/pdfs/IDFA_Cheese_Adulteration_Warning.pdf.
[5] *See*, Lydia Mulvany, *The Parmesan Cheese You Sprinkle on Your Penne Could Be Wood*, BLOOMBERG BUSINESS (Feb. 16, 2016), *available at* http://www.bloomberg.com/news/articles/2016-02-16/the-parmesan-cheese-you-sprinkle-on-your-penne-could-be-wood; *see also* Neal Schuman, *Adulterating grated Parmesan is a fraud*, 116(6) DAIRY FOODS 82 (2015).
[6] *See*, Lydia Mulvany, *The Parmesan Cheese You Sprinkle on Your Penne Could Be Wood*, BLOOMBERG BUSINESS (Feb. 16, 2016), *available at* http://www.bloomberg.com/news/articles/2016-02-16/the-parmesan-cheese-you-sprinkle-on-your-penne-could-be-wood.

AMENDED CLASS ACTION COMPLAINT

31.   By falsely labeling the Products as 100% Grated Parmesan Cheese, Defendant deceives and misleads reasonable consumers.

**C.    Reasonable consumers purchase the Products because they have been deceived to believe they are 100% Grated Parmesan Cheese.**

32.   Defendant's labeling of the Products as 100% Grated Parmesan Cheese demonstrates its intent to persuade consumers the Products are 100% Grated Parmesan Cheese (i.e. do not contain cellulose powder). However, as described above, the Products contain cellulose powder.

33.   Despite the inclusion of cellulose powder, Defendant labels and markets the Products as 100% Grated Parmesan Cheese.

34.   Reasonable consumers, including Plaintiffs, purchased the Products based upon their belief the Products were 100% Grated Parmesan Cheese. However, a reasonable consumer would not deem the Products 100% Grated Parmesan Cheese if he or she knew they contained cellulose powder.

35.   Hence, Defendant's claims that the Products are 100% Grated Parmesan Cheese are false and misleading.

36.   Defendant profited from its false and misleading marketing of the Products. Consumers would not have purchased the Products had they known they were not 100% Grated Parmesan Cheese, or would have purchased a less expensive product.

**D.    Rule 9(b) Allegations**

37.   Federal Rule of Civil Procedure ("Rule") 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." As detailed in the paragraphs above, Plaintiffs have satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity:

38.   WHO: Defendant made material misrepresentations and failed to adequately disclose material facts as detailed herein. Except as identified herein,

Plaintiffs are unaware of, and therefore unable to identify, the true names and identities of those Defendant's employees or agents who are responsible for such material misrepresentations and/or omissions.

39.   WHAT: Defendant made material misrepresentations regarding the 100% Grated Parmesan Cheese quality of the Products. Specifically, Defendant misrepresented the Products by labeling them "100% Grated Parmesan Cheese." These representations were false and misleading because the Products contain cellulose powder and are therefore not 100% Grated Parmesan Cheese.

40.   WHEN: Defendant made the material misrepresentations, omissions, and non-disclosures detailed herein continuously at every point of purchase and consumption throughout the Class Period.

41.   WHERE: Defendant's material misrepresentations, omissions, and non-disclosures detailed herein were made, *inter alia*, on the packaging of the Products.

42.   HOW: Defendant made numerous, written material misrepresentations on the packaging of the Products which were designed to, and, in fact, did, mislead Plaintiffs and Class members into purchasing the Products.

43.   WHY: Defendant engaged in the material misrepresentations, omissions, and non-disclosures detailed herein for the express purpose of inducing Plaintiffs and other reasonable consumers to purchase and/or pay a premium for the Products based on their belief the Products were 100% Grated Parmesan Cheese. Defendant profited by selling the Products to unsuspecting consumers.

## **TOLLING OF THE STATUTE OF LIMITATIONS**

44.   The filing of this Class Action Complaint serves to toll and preserve the claims of the Class and other purchasers who were defrauded and injured by Defendant's wrongful and unlawful acts, and the commencement of this action suspends the applicable statute of limitations as to all asserted members of the Class who would have been parties had the suit been permitted to continue as a class action

1    until a district judge declines to certify a class, or certifies a class that excludes

2    particular persons.

3        45.   Defendant at all relevant times knew or should have known of the

4    problems and defects with Defendant's Products, and the falsity and misleading

5    nature of Defendant's statements, representations and warranties with respect to

6    Defendant's Products.  Defendant concealed and failed to notify Plaintiffs, the Class

7    members, and the public of such defects.

8        46.   Any applicable statute of limitation has therefore been tolled by

9    Defendant's knowledge, active concealment and denial of the facts alleged herein,

10   which behavior is ongoing.

11   <u>**CLASS ACTION ALLEGATIONS**</u>

12       47.   Plaintiffs bring this action as a class action pursuant to Federal Rule of

13   Civil Procedure 23. Plaintiffs seek to represent the following classes:

14           A.   The "California Class," which consists of: All consumers

15   within the State of California who purchased the Products

16   during the applicable liability period for their personal use,
     rather than for resale or distribution. Excluded from the

17   California Class are Defendant's current or former officers,
     directors, and employees; counsel for Plaintiffs and

18   Defendant; and the judicial officer to whom this lawsuit is

19   assigned.

20           B.   The "Kansas Class," which consists of: All consumers

21   within the State of Kansas who purchased the Products

22   during the applicable liability period for their personal use,
     rather than for resale or distribution. Excluded from the

23   Kansas Class are Defendant's current or former officers,
     directors, and employees; counsel for Plaintiffs and

24   Defendant; and the judicial officer to whom this lawsuit is

25   assigned.

26           C.   The "Alabama Class," which consists of: All consumers

27   within the State of Alabama who purchased the Products
     during the applicable liability period for their personal use,

28   rather than for resale or distribution. Excluded from the

Alabama Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiffs and Defendant; and the judicial officer to whom this lawsuit is assigned.

D.    The "Oklahoma Class," which consists of: All consumers within the State of Oklahoma who purchased the Products during the applicable liability period for their personal use, rather than for resale or distribution. Excluded from the Oklahoma Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiffs and Defendant; and the judicial officer to whom this lawsuit is assigned.

E.    The "Nationwide Class," which consists of: All consumers in the United States and its territories who purchased the Products during the applicable liability period for their personal use, rather than for resale or distribution. Excluded from the Nationwide Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiffs and Defendant; and the judicial officer to whom this lawsuit is assigned.

F.    The "Multi-State Class," which consists of: All consumers in Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Georgia, Hawaii, Idaho, Illinois, Indiana, Kansas, Kentucky, Maine, Massachusetts, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, or Wyoming who purchased the Products during the applicable liability period for their personal use, rather than for resale or distribution. Excluded from the Multi-State Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiffs and Defendant; and the judicial officer to whom this lawsuit is assigned.

AMENDED CLASS ACTION COMPLAINT

48.     The requirements of Federal Rule of Civil Procedure 23 are satisfied because:

A.     <u>Numerosity</u>: The members of each class are so numerous that joinder of all members is impracticable. While the exact number of class members is presently unknown to Plaintiffs, based on Defendant's volume of sales, Plaintiffs estimate each class numbers in the thousands.

B.     <u>Commonality</u>: There are questions of law and fact that are common to the class members and that predominate over individual questions. These include the following:

  i.  whether Defendant materially misrepresented to the class members that the Products are 100% Grated Parmesan Cheese;

  ii.  whether Defendant's misrepresentations and omissions were material to reasonable consumers;

  iii.  whether Defendant's labeling, marketing, and sale of the Products as 100% Grated Parmesan Cheese constitutes false advertising

  iv.  whether Defendant's conduct described above constitutes a breach of express warranty;

  v.  whether Defendant's conduct injured consumers and, if so, the extent of the injury; and

  vi.  the appropriate remedies for Defendant's conduct.

C.     <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the class members because Plaintiffs suffered the same injury as the class members—i.e., Plaintiffs purchased the Products based on Defendant's misleading representations that the Products were 100% Grated Parmesan Cheese when, in fact, they are not 100% Grated Parmesan Cheese because they contain cellulose powder.

D. <u>Adequacy</u>: Plaintiffs will fairly and adequately represent and protect the interests of the members of each class. Plaintiffs do not have any interests which are adverse to those of the class members. Plaintiffs have retained competent counsel experienced in class action litigation and intend to prosecute this action vigorously.

E. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Since the damages suffered by individual class members are relatively small, the expense and burden of individual litigation make it virtually impossible for the class members to seek redress for the wrongful conduct alleged, while an important public interest will be served by addressing the matter as a class action.

49. The prerequisites for maintaining a class action for injunctive or equitable relief under Federal Rule of Civil Procedure 23(b)(2) are met because Defendant acted or refused to act on grounds generally applicable to each class, thereby making appropriate final injunctive or equitable relief with respect to each class as a whole.

**FIRST CLAIM FOR RELIEF**

**<u>(Violation of the California Consumers Legal Remedies Act –</u>**

**<u>By the California Class)</u>**

50. Plaintiff Reeves incorporates by reference the allegations set forth above.

51. Plaintiff Reeves and the California Class members are "consumers" under the California Consumers Legal Remedies Act ("CLRA"), California Civil Code section 1761(d).

52. The Products are "goods" under California Civil Code section 1761(a).

AMENDED CLASS ACTION COMPLAINT

53.     The purchases of the Products by Plaintiff Reeves and the California Class members are "transactions" under California Civil Code section 1761(e).

54.     As alleged above, Defendant violated California Civil Code section 1770(a)(5) by representing the Products have characteristics, ingredients, uses, benefits, and qualities which they do not. Specifically, Defendant labels the Products as 100% Grated Parmesan Cheese, when in fact they contain cellulose powder.

55.     As alleged above, Defendant violated California Civil Code section 1770(a)(7) by representing the Products are of a particular standard, quality, or grade when they are of another. Specifically, Defendant labeled the Products as 100% Grated Parmesan Cheese, when in fact they contain cellulose powder.

56.     As alleged above, Defendant violated California Civil Code section 1770(a)(9) by advertising the Products are 100% Grated Parmesan Cheese when they are not.

57.     As alleged above, Defendant violated California Civil Code section 1770(a)(16) by representing that the Products supplied to Plaintiff and the California Class members are 100% Grated Parmesan Cheese, when they are not.

58.     Plaintiff Reeves and the California Class members relied on the representations by Defendant. Plaintiff Reeves and the California Class members would not have purchased the Products at the price offered if they had known, contrary to Defendant's representations, the Products were not 100% Grated Parmesan Cheese. Plaintiff Reeves and the California Class members suffered damages in that they would not have purchased the Products or would have paid less for an alternative.

59.     Plaintiff Reeves requests that this Court enjoin Defendant from continuing to employ the unlawful methods, acts, and practices alleged herein pursuant to California Civil Code § 1780(a)(2).  If Defendant is not restrained from engaging in these types of practices in the future, Plaintiff Reeves and other members of the Class will continue to suffer harm.

60.     This cause of action does not seek monetary damages at this point, but is limited solely to injunctive relief. Plaintiff Reeves will amend this Class Action Complaint to seek damages in accordance with the CLRA after providing Defendant with notice pursuant to California Civil Code section 1782.

61.     THEREFORE, Plaintiff Reeves prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF

### (Violation of the California False Advertising Law – By the California Class)

62.     Plaintiff Reeves incorporates by reference the allegations set forth above.

63.     The California False Advertising Law ("FAL"), California Business and Professions Code section 17500 *et seq.*, makes it unlawful for a person, firm, corporation, or association to induce the public to buy its Products by knowingly disseminating untrue or misleading statements about the products.

64.     Defendant's labeling and advertising include untrue and misleading representations that the Products are 100% Grated Parmesan Cheese. These representations were likely to deceive a reasonable consumer. If consumers knew the true facts regarding the Products, as detailed above, they would not have purchased them. Defendant knew, or reasonably should have known, that its representations concerning the Products were untrue and misleading. Defendant made the representations at issue with the intent to induce Plaintiff Reeves and the California Class members to purchase the Products. Plaintiff Reeves and the California Class members purchased the Products in reliance on the untrue and misleading representations by Defendant.

65.     Pursuant to California Business & Professions Code section 17535, Plaintiff Reeves and the California Class members seek restitution and an injunction barring Defendant from continuing its deceptive advertising practices.

66.     THEREFORE, Plaintiff Reeves prays for relief as set forth below.

**THIRD CLAIM FOR RELIEF**

**(Violation of the California Unfair Competition Law – By the California Class)**

67.     Plaintiff Reeves incorporates by reference the allegations set forth above.

68.     The California Unfair Competition Law, California Business and Professions Code section 17200 *et seq.*, prohibits any unlawful, unfair, or fraudulent business act or practice.

69.     Defendant's conduct is unlawful because it violates the CLRA, the FAL, as well as California Health & Safety Code section 110660, which states: "Any food is misbranded if its labeling is false or misleading in any particular."

70.     Defendant's conduct is unfair because it deceptively induced Plaintiff Reeves and the California Class members to purchase the Products when they otherwise would not have or would not have paid a premium for them. Defendant's conduct is fraudulent because, as alleged above, Defendant's representations concerning the Products were false and misleading, and Plaintiff Reeves and the California Class members relied on those representations in purchasing the Products.

71.     Plaintiff Reeves and the California Class members suffered injury in fact and lost money as a result of Defendant's conduct, since they purchased the Products in reliance on Defendant's misrepresentations and would not have purchased the Products or would not have paid a premium if they had known the true facts about the Products.

72.     Pursuant to California Business and Professions Code section 17203, Plaintiff Reeves and the California Class members seek restitution of the premium price paid for the Products, plus an injunction barring Defendant from continuing its deceptive advertising practices.

73.     THEREFORE, Plaintiff Reeves prays for relief as set forth below.

# FOURTH CLAIM FOR RELIEF

## (Violation of the Kansas Consumer Protection Act – By the Kansas Class)

74.    Plaintiffs incorporate by reference the allegations set forth above

75.    Plaintiff Lorenz and the Kansas Class members are "consumers" within the meaning of that term as used in the Kansas Consumer Protection Act (KCPA), K.S.A. § 50-623 *et seq.*; specifically, K.S.A. § 50-624(b).

76.    Defendant is a "supplier" under section 50-624(l) of the KCPA.

77.    The Products are "property" (which includes "real estate, goods, and intangible personal property") under section 50-624(j) of the KCPA.

78.    In the course of its business, Defendant engaged in deceptive acts or practices in connection with consumer transactions and thus violated the KCPA by labeling, marketing, and selling the Products as 100% Grated Parmesan Cheese when in fact they contain cellulose powder.

79.    By reason of its acts and omissions described in detail above, Defendant engaged in a deceptive act and practice by representing that the Products "have sponsorship, approval, accessories, characteristics, ingredients, uses, benefits or quantities that the do not have" in violation of K.S.A. §56-626(b)(1)(A).

80.    By reason of its acts and omissions described in detail above, Defendant engaged in a deceptive act and practice by representing that the Products "are of a particular standard, quality grade, style or model" when in fact "they are of another which differs materially form [Defendant's] representation" in violation of K.S.A. § 50-626(b)(1)(D).

81.    By reason of its acts and omissions described in detail above, Defendant engaged in a deceptive act and practice by employing "the willful use, in any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact" relative to the Products in violation of K.S.A. § 50-626(b)(2).

82.    By reason of its acts and omissions described in detail above, Defendant engaged in a deceptive act and practice by its "willful failure to state a material fact, or

AMENDED CLASS ACTION COMPLAINT

the willful concealment, suppression of a material fact" relative to the Products in violation of K.S.A. § 50-626(b)(3).

83.     Defendant's deceptive trade practices were likely to, and did deceive reasonable consumers, including Plaintiff Lorenz and the Kansas Class members, about the true nature of the Products.

84.     Plaintiff Lorenz and the Kansas Class members relied on Defendant's representations in making the decision to purchase the Products. Plaintiff Lorenz and the Kansas Class members would not have purchased the Products at the price offered if they had known that, contrary to Defendant's representations, the Products were not 100% Grated Parmesan Cheese.

85.     As a direct and proximate result of Defendant's deceptive trade practices, Plaintiff Lorenz and the Kansas Class Members sustained economic losses and other damages for which they are entitled to compensatory damages and to equitable and declaratory relief.

### FIFTH CLAIM FOR RELIEF

### (Violation of the Alabama Deceptive Trade Practices Act – By the Alabama Class)

86.     Plaintiffs incorporate by reference the allegations set forth above.

87.     Plaintiff Wills and the Alabama Class members are "consumers" within the meaning of that term as used in the Alabama Deceptive Trade Practices Act (ADTPA), Ala. Code § 8-19-1 *et seq*.; specifically, Ala. Code § 8-19-3(2).

88.     Defendant is a "person" under section 8-19-3(5) of the ADTPA.

89.     The Products are "goods" under section 8-19-3(3) of the ADTPA.

90.     In the course of its business, Defendant engaged in deceptive acts or practices in the conduct of trade or commerce and thus violated the ADPTA by labeling, marketing, and selling the Products as 100% Grated Parmesan Cheese when in fact they contain cellulose powder.

AMENDED CLASS ACTION COMPLAINT

91.     By reason of its acts and omissions described in detail above, Defendant engaged in a deceptive act or practice by representing that the Products "have sponsorship, approval, accessories, characteristics, ingredients, uses, benefits or qualities that the do not have" in violation of Ala. Code § 8-19-5(5).

92.     By reason of its acts and omissions described in detail above, Defendant engaged in a deceptive act and practice by representing that the Products "are of a particular standard, quality, or grade" when in fact "they are of another" in violation of Ala. Code. § 8-19-5(7).

93.     By reason of its acts and omissions described in detail above, Defendant engaged in a deceptive act and practice by advertising the Products "with intent not to sell them as advertised" in violation of Ala. Code § 8-19-5(9).

94.     By reason of its acts and omissions described in detail above, Defendant engaged in a deceptive act and practice by "[e]ngaging in any other unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce" in violation of Ala. Code § 8-19-5(27).

95.     Defendant's deceptive trade practices and acts were likely to, and did deceive reasonable consumers, including Plaintiff Wills and the Alabama Class members, about the true nature of the Products.

96.     Plaintiff Wills and the Alabama Class members relied on Defendant's representations in making the decision to purchase the Products. Plaintiff Wills and the Alabama Class members would not have purchased the Products at the price offered if they had known that, contrary to Defendant's representations, the Products were not 100% Grated Parmesan Cheese.

97.     As a direct and proximate result of Defendant's deceptive trade practices, Plaintiff Wills and the Alabama Class Members sustained economic losses and other damages for which they are entitled to compensatory damages and to equitable and declaratory relief.

AMENDED CLASS ACTION COMPLAINT

# SIXTH CLAIM FOR RELIEF

## (Violation of the Oklahoma Consumer Protection Act –

## By the Oklahoma Class)

98.    Plaintiffs incorporate by reference the allegations set forth above.

99.    Plaintiff Walker and the Oklahoma Class members are "persons" within the meaning of that term as used in the Oklahoma Consumer Protection Act (OCPA), 15 Okl. St. § 751 *et seq*.; specifically, 15 Okl. St. § 752(1).

100.    The Products are "merchandise" under section 752(7) of the OCPA.

101.    In the course of its business, Defendant engaged in deceptive, unfair, and unlawful trade acts or practices in connection with consumer transactions and thus violated the OCPA by labeling, advertising, marketing and selling the Products as 100% Grated Parmesan Cheese when in fact they contain cellulose powder.

102.    By reason of its acts and omissions described in detail above, Defendant engaged in an unlawful practice by making a false representation "knowingly or with reason to know, as to the characteristics, ingredients, uses, benefits, alterations, or quantities of the subject of a consumer transaction" in violation of 15 Okl. St. § 753(5).

103.    By reason of its acts and omissions described in detail above, Defendant engaged in an unlawful practice by representing, knowingly or with reason to know, that the Products are "of a particular standard, style or model" when they are of another in violation of 15 Okl. St. § 753(7).

104.    By reason of its acts and omissions described in detail above, Defendant engaged in an unlawful practice by advertising, "knowingly or with reason to know, the subject of a consumer transaction;" i.e., the Products, "with intent not to sell [them] as advertised" in violation of 15 Okl. St. § 753(8).

105.    By reason of its acts and omissions described in detail above, Defendant engaged in an unlawful practice by committing an "unfair trade practice" in violation of 15 Okl. St. § 753(20). For purposes of the OCPA, an "unfair trade practice" is

defined in 15 Okl. St. § 752(14) as "any practice which offends established public policy or if the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."

106.   By reason of its acts and omissions described in detail above, Defendant engaged in an unlawful practice by committing a "deceptive trade practice" in violation of 15. Okl. St. § 753(20). For purposes of the OCPA, a "deceptive trade practice" is defined as "a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person."

107.   Defendant's unlawful practices as described above were likely to, and did deceive reasonable consumers, including Plaintiff Walker and the Oklahoma Class members, about the true nature of the Products.

108.   Plaintiff Walker and the Oklahoma Class members relied on Defendant's representations in making the decision to purchase the Products. Plaintiff Walker and the Oklahoma Class members would not have purchased the Products at the price offered if they had known that, contrary to Defendant's representations, the Products were not 100% Grated Parmesan Cheese.

109.   As a direct and proximate result of Defendant's unlawful practices in violation of the OCPA, Plaintiff Walker and the Oklahoma Class members sustained economic losses for which they are entitled to compensatory damages and to equitable and declaratory relief.

### SEVENTH CLAIM FOR RELIEF

### (Negligent Misrepresentation under Arkansas Common Law – By the Nationwide Class)

110.   Plaintiffs incorporate by reference the allegations set forth above.

111.   As discussed above, Defendant represented that the Products were 100% Grated Parmesan Cheese.

112.   At the times Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

113.   At a minimum, Defendant negligently misrepresented and/or negligently omitted material facts about the Products.

114.   The negligent misrepresentations and omissions made by Defendant, upon which Plaintiffs and the Nationwide Class members reasonably and justifiably relied, were intended to induce and actually did induce Plaintiffs and the Nationwide Class members to purchase the Products.

115.   Plaintiffs and the Nationwide Class members would not have purchased the Products, at the price they did, if the true facts had been known.

116.   The negligent actions of Defendant caused damage to Plaintiffs and the Nationwide Class members, who are entitled to damages and other legal and equitable relief as a result.

117.   THEREFORE, Plaintiffs pray for relief as set forth below.

## EIGHTHCLAIM FOR RELIEF

### (Fraud under Arkansas Common Law – By the Nationwide Class)

118.   Plaintiffs incorporate by reference the allegations set forth above.

119.   As discussed above, Defendant provided Plaintiffs and the Nationwide Class members with false or misleading material information and failed to disclose material facts about the Products, including, but not limited to the claims regarding the Products' quality. These misrepresentations and omissions were made with knowledge of their falsehood.

120.   The misrepresentations and omissions made by Defendant, upon which Plaintiffs and the Nationwide Class members reasonably and justifiably relied, were intended to induce and actually did induce Plaintiffs and the Nationwide Class members to purchase the Products.

AMENDED CLASS ACTION COMPLAINT

121.   The fraudulent actions of Defendant caused damage to Plaintiffs and the Nationwide Class members, who are entitled to damages and other legal and equitable relief as a result.

122.   THEREFORE, Plaintiffs pray for relief as set forth below.

**NINTH CLAIM FOR RELIEF**

**(Unjust Enrichment under Arkansas Common Law –**

**By the Nationwide Class)**

123.      Plaintiffs incorporate by reference the allegations set forth above.

124.   Plaintiffs purchased the Products from Defendant, and Defendant received the benefit of the money paid by Plaintiffs for the Products.

125.   Defendant retained the money paid by Plaintiffs for the Products.

126.   As a result of the acts and omissions contained herein, Defendant is not entitled to the full amount of money paid by Plaintiffs to Defendant for the Products.

127.   Retention of the full amount of money paid by Plaintiffs to Defendant for the Products would be unjust.

128.   As a direct and proximate cause of Defendant's actions and omissions, Plaintiffs have been damaged in an amount to be proved a trial and are entitled to other legal and equitable relief as a result.

129.   THEREFORE, Plaintiffs pray for relief as set forth below.

**TENTH CLAIM FOR RELIEF**

**(Declaratory Relief under Arkansas Law – By the Nationwide Class)**

130.   Plaintiffs incorporate by reference the allegations set forth above.

131.   An actual and justiciable controversy has arisen and now exists between Plaintiffs and Defendant in that Defendant's marketing and sale of the Products is deceptive.

132.   Plaintiffs desire to exercise their right to a judicial determination under Arkansas Code § 16-111-104 and/or the analogous state statutes or common law

AMENDED CLASS ACTION COMPLAINT

which relate to declaratory relief, as to the parties' respective statutory and/or contractual rights regarding the marketing and sale of the Products.

133.  Such a judicial declaration is necessary and appropriate to determine the rights and duties of the respective parties with respect to the claims asserted by Plaintiffs adversely against Defendants.

134.  THEREFORE, Plaintiffs pray for relief as set forth below.

## ELEVENTH CLAIM FOR RELIEF

### (Breach of Express Warranty – By the Multi-State Class)

135.  Plaintiffs incorporate by reference the allegations set forth above.

136.  Plaintiffs and the Multi-State Class members formed a contract with Defendant at the time they purchased the Products. As part of that contract, Defendant represents the Products are 100% Grated Parmesan Cheese, as described above. These representations constitute express warranties and became part of the basis of the bargain between Plaintiffs and the Multi-State Class members, on the one hand, and Defendant, on the other.

137.  Defendant made the above-described representations to induce Plaintiffs and the Multi-State Class members to purchase the Products, and Plaintiffs and the Multi-State Class members relied on the representations in purchasing the Products.

138.  All conditions precedent to Defendant's liability under the above-referenced contract have been performed by Plaintiffs and the other Multi-State Class members.

139.  Defendant breached its express warranties about the Products because, as alleged above, the Products are not 100% Grated Parmesan Cheese. Defendant breached the following state warranty laws:

    A.    Alaska Stat. section 45.02.313;

    B.    A.R.S. section 47-2313;

    C.    A.C.A. section 4-2-313;

    D.    Cal. Comm. Code section 2313;

| | | |
|---|---|---|
| 1 | E. | Colo. Rev. Stat. section 4-2-313; |
| 2 | F. | Conn. Gen. Stat. section 42a-2-313; |
| 3 | G. | 6 Del. C. section 2-313; |
| 4 | H. | D.C. Code section 28:2-313; |
| 5 | I. | O.C.G.A. section 11-2-313; |
| 6 | J. | HRS section 490:2-313; |
| 7 | K. | Idaho Code section 28-2-313; |
| 8 | L. | 810 ILCS 5/2-313; |
| 9 | M. | Ind. Code section 26-1-2-313; |
| 10 | N. | K.S.A. section 84-2-313; |
| 11 | O. | KRS section 355.2-313; |
| 12 | P. | 11 M.R.S. section 2-313; |
| 13 | Q. | Mass. Gen. Laws Ann. ch. 106 section 2-313; |
| 14 | R. | Minn. Stat. section 336.2-313; |
| 15 | S. | Miss. Code Ann. section 75-2-313; |
| 16 | T. | R.S. Mo. Section 400.2-313; |
| 17 | U. | Mont. Code Anno. Section 30-2-313; |
| 18 | V. | Neb. Rev. Stat. section 2-313; |
| 19 | W. | Nev. Rev. Stat. Ann. section 104.2313; |
| 20 | X. | RSA 382-A:2-313; |
| 21 | Y. | N.J. Stat. Ann. section 12A:2-313; |
| 22 | Z. | N.M. Stat. Ann. section 55-2-313; |
| 23 | AA. | N.Y. U.C.C. Law section 2-313; |
| 24 | BB. | N.C. Gen. Stat. section 25-2-313; |
| 25 | CC. | N.D. Cent. Code section 41-02-30; |
| 26 | DD. | ORC Ann. section 1302.26; |
| 27 | EE. | 12A Okl. St. section 2-313; |
| 28 | FF. | Or. Rev. Stat. section 72-3130; |

AMENDED CLASS ACTION COMPLAINT

| | GG. | 13 Pa.C.S. section 2313; |
| | HH. | R.I. Gen. Laws section 6A-2-313; |
| | II. | S.C. Code Ann. section 36-2-313; |
| | JJ. | S.D. Codified Laws, section 57A-2-313; |
| | KK. | Tenn. Code Ann. section 47-2-313; |
| | LL. | Tex. Bus. & Com. Code section 2.313; |
| | MM. | Utah Code Ann. section 70A-2-313; |
| | NN. | 9A V.S.A. section 2-313; |
| | OO. | Va. Code Ann. section 59.1-504.2; |
| | PP. | Wash. Rev. Code Ann. section 62A.2-313; |
| | QQ. | W. Va. Code section 46-2-313; |
| | RR. | Wyo. Stat. section 34.1-2-313. |

140.   As a result of Defendant's breaches of express warranty, Plaintiffs and the other members of the Multi-State Class were damaged in the amount of the premium price they paid for the Products, in amounts to be proven at trial.

141.   THEREFORE, Plaintiffs prays for relief as set forth below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs on behalf of themselves and the Class seeks judgment in an amount to be determined at trial, as follows:

A.   For an order enjoining Defendant from continuing the unlawful practices set forth above;

B.   For an order requiring Defendant to disgorge and make restitution of all monies it acquired by means of the unlawful practices set forth above;

C.   For compensatory damages according to proof;

D.   For punitive damages according to proof;

E.   For reasonable attorneys' fees and costs of suit;

F.   For declaratory relief;

G.   For pre-judgment interest; and

H.     For such other relief as the Court deems proper.

**JURY DEMAND**

Plaintiff hereby demands a jury trial on all claims so triable.

Dated:  June 1, 2016                                   Respectfully submitted,

*/s/ Michael McShane*

Michael McShane (SBN 127944)
mmcshane@audetlaw.com
S. Clinton Woods (SBN 246054)
cwoods@audetlaw.com
**AUDET & PARTNERS, LLP**
711 Van Ness Avenue, Suite 500
San Francisco California  94102-3229
Tel.:     415.568.2555
Fax:     415.568.2556


**CUNEO GILBERT & LADUCA, LLP**
Charles J. LaDuca
charlesl@cuneolaw.com
Brendan S. Thompson
brendant@cuneolaw.com
8120 Woodmont Ave., Suite 810
Bethesda, MD 20814
Telephone:  202.789.3960
Facsimile:  202.789.1819


**HALUNEN LAW**
Melissa Wolchansky, MSBA #0387900
wolchansky@halunenlaw.com
Christopher J. Moreland, MSBA #0278142
moreland@halunenlaw.com
1650 IDS Center
80 S 8th Street
Minneapolis, MN 55402
Telephone: 612.605.4098
Facsimile: 612.605.4099

AMENDED CLASS ACTION COMPLAINT