## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RODNEY ZACHARY, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) ) CASE NO.: _____ |
| v. | ) ) |
| TARGET CORPORATION, | ) ) **JURY TRIAL DEMANDED** |
| Defendant. | ) ) ) |

## CLASS ACTION COMPLAINT

Plaintiff RODNEY ZACHARY, on behalf of himself and all others similarly situated and for his Class Action Complaint alleges as follows:

## NATURE OF THE ACTION

1.  Defendant Target Corporation has advertised and sold millions of containers of its Market Pantry branded "Parmesan 100% Grated Cheese" products as "100%" Parmesan cheese. However, on information and belief, such products are not in fact "100%" Parmesan cheese, but rather contain significant amounts of adulterants and fillers. Further, on information and belief, the "100%" Parmesan cheese consists of cellulose, a filler and anti-clumping agent derived from wood pulp.

2.  Plaintiff and the members of the Class, as defined herein, purchased Target's Market Pantry branded "100%" Parmesan cheese products because they were deceived into believing that the products were 100% Parmesan cheese. Because Target's Market Pantry branded "100%" Parmesan cheese products contain a substantial amount of fillers and are not "100%" Parmesan cheese, Plaintiff and members of the Class have been injured and have suffered an

1

ascertainable loss.

## PARTIES, JURISDICTION, AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(d)(2)(A) because this case is a class action where the aggregate claims of all Members of the putative Classes are in excess of $5,000,000.00, exclusive of interest and costs, and many of the Members of the putative Classes are citizens of different states than Defendant. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(d).

4. Venue is properly set in this District pursuant to 28 U.S.C. §1391(b) since Defendant transacts business within this judicial district. Likewise, a substantial part of the events giving rise to the claim occurred within this judicial district.

5. Consistent with the Due Process Clause of the Fifth and Fourteenth Amendments, the Court has personal jurisdiction over Defendant, because Defendant is present in the State of Missouri, such that requiring an appearance does not offend traditional notions of fair play and substantial justice.

6. This court has personal jurisdiction over Defendant pursuant to and consistent with the Constitutional requirements of Due Process in that Defendant, acting through its agents or apparent agents, committed one or more of the following:

    a. The transaction of any business within the state;

    b. The making of any contract within the state;

    c. The commission of a tortious act within this state; and

    d. The ownership, use, or possession of any real estate situated within this state.

7. Requiring Defendant to litigate these claims in Missouri does not offend traditional

notions of fair play and substantial justice and is permitted by the United States Constitution. All Plaintiff and Class Members' claims arise in part from conduct Defendant purposefully directed to Missouri. On information and belief, Defendant's "100%" Parmesan cheese products are sold at hundreds of its retail locations throughout the State of Missouri. On information and belief, Defendant avails itself of numerous advertising and promotional materials regarding its defective products specifically intended to reach consumers in Missouri, including but not limited to advertisements on local Missouri television programs, advertisements on local Missouri radio broadcasts, advertisements on billboards in Missouri and advertisements in print publications delivered to consumers in the State of Missouri.

8. Plaintiff and Class Members' claims arise out of Defendant's design, marketing and sale of "100%" Parmesan cheese products in the State of Missouri.

9. Defendant regularly conducts or solicits business and derives substantial revenue from goods used or consumed in, inter alia, the State of Missouri.

10. Defendant Target Corporation is a Minnesota corporation with headquarters in Minneapolis, Minnesota. Defendant maintains an agent for service of process at CT Corporation System, 120 South Central Ave., St. Louis, Missouri 63105.

11. At all times relevant hereto, Defendant Target Corporation was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Market Pantry branded "Parmesan 100% Grated Cheese."

12. Upon information and belief, at all relevant times, Defendant Target Corporation was present and doing business in the State of Missouri.

13. At all relevant times, Defendant Target Corporation transacted, solicited, and conducted business in the State of Missouri and derived substantial revenue from such business.

14. At all times relevant hereto, Defendant Target Corporation expected or should have expected that its acts would have consequences within the United States of America, and the State of Missouri in particular.

## FACTUAL ALLEGATIONS

15. Target's Market Pantry branded grated Parmesan cheese products are advertised as consisting of only one, simple ingredient – "100%" Parmesan cheese.

16. Target makes only one marketing representation on the label: the Product is "100%" Grated Parmesan Cheese. Consumers, including Plaintiff, reasonably rely on the label and believe Target's statement that the Product consists of "100%" Parmesan cheese means that no substitutes or fillers are present in the container. On information and belief, the Product does in fact contain fillers and substitutes, so the "100%" Parmesan claim is literally false and misleading to consumers, including Plaintiff.

17. On information and belief, a significant percentage of the Market Pantry branded grated Parmesan cheese products is not even cheese of any kind, but is rather fillers and additives. On information and belief, a significant percentage of the Market Pantry branded grated Parmesan cheese is cellulose, an anti-clumping agent derived from wood chips.

18. Defendant has made, and continues to make, unlawful, false, fraudulent, and misleading claims on the food labels of its Market Pantry branded "Parmesan 100% Grated Cheese" products.

## PLAINTIFFS' USE OF TARGET'S "100%" PARMESAN CHEESE PRODUCTS

19. Plaintiff Rodney Zachary is and was at all times alleged herein a citizen of the State of Missouri and currently resides in Florissant, Missouri.

20. Plaintiff Rodney Zachary purchased Target's Market Pantry branded "Parmesan 100% Grated Cheese" products on numerous occasions, including but not limited to, in or about 2015 within Florissant, Missouri. Plaintiff Rodney Zachary consumed Target's Market Pantry branded "Parmesan 100% Grated Cheese" products in or about 2015 within Florissant, Missouri.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action on his own behalf and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following class:

> All persons who purchased Target's Market Pantry branded "Parmesan 100% Grated Cheese" products in the United States of America for personal use.

22. As a further separate subclass ("Missouri Class"), Plaintiff also brings this action on behalf of purchasers who are domiciliary citizens of the state of Missouri, this subclass being defined as follows:

> All persons who purchased Target's Market Pantry branded "Parmesan 100% Grated Cheese" products in the State of Missouri for personal use.

Excluded from the Class are Defendant and its affiliates, parents, subsidiaries, employees, officers, agents, and directors. Also excluded is any trial judge who may preside over this cause.

23. The Members of the Class are so numerous that joinder of all Members is impracticable. On information and belief, hundreds of thousands of consumers have purchased Target's Market Pantry branded "Parmesan 100% Grated Cheese" products. Disposition of the claims of the proposed Class in a class action will provide substantial benefits to both the parties and the Court.

24. The rights of each member of the proposed Class were violated in a similar fashion based upon Defendants' uniform wrongful actions and/or inaction.

25. The following questions of law and fact are common to each proposed Class Member and predominate over questions that may affect individual Class Members:

a. Whether Defendant engaged in marketing and promotional activities which were likely to deceive consumers by omitting, suppressing, and/or concealing the true content of Target's Market Pantry branded "Parmesan 100% Grated Cheese" products;

b. Whether Defendant omitted, suppressed, and/or concealed material facts concerning Target's Market Pantry branded "Parmesan 100% Grated Cheese" products from consumers;

c. What the fair market value of Target's Market Pantry branded "Parmesan 100% Grated Cheese" products would have been throughout the class period but for Defendant's, its employees', agents', apparent agents', independent contractors', sales representatives', and/or liaisons', omissions, suppressions, and/or concealments concerning the true content of Target's Market Pantry branded "Parmesan 100% Grated Cheese" products;

d. Whether the prices which Defendant charged for Target's Market Pantry branded "Parmesan 100% Grated Cheese" products throughout the class period exceeded the fair market value Target's Market Pantry branded "Parmesan 100% Grated Cheese" products would have had but for Defendant's omissions, suppressions, and/or concealments;

e. Whether Plaintiff and the Class were deprived of the benefit of the bargain in purchasing Target's Market Pantry branded "Parmesan 100% Grated Cheese" products;

f. Whether the excessive prices that Defendant charged for Target's Market Pantry branded "Parmesan 100% Grated Cheese" products constituted unfair acts or practices in violation of the Missouri Merchandising Practices Act;

g. Whether Defendant's unconscionable actions occurred in connection with the Defendant's conduct of trade and commerce;

h. Whether Defendant's omissions, suppressions, and/or concealments of the content of Target's Market Pantry branded "Parmesan 100% Grated Cheese" products enabled Defendant to charge unfair or unconscionable prices for Target's Market Pantry branded "Parmesan 100% Grated Cheese" products;

i. Whether Defendant violated the Missouri Merchandising Practices Act through its course of unfair and/or deceptive conduct as alleged herein;

j. Whether Defendant was unjustly enriched at the expense of the Class members;

k. Whether Defendant's conduct in violation of the Missouri Merchandising Practices Act was willful and wanton; and

l.  Whether the Class has been damaged and, if so, the extent of such damages.

26. Plaintiff's claims are typical of the claims of absent Class Members. If brought individually, the claims of each Class Member would necessarily require proof of the same material and substantive facts, and seek the same remedies.

27. Plaintiff is willing and prepared to serve the Court and the proposed Class in a representative capacity. Plaintiff will fairly and adequately protect the interest of the Class and have no interests adverse to, or which directly and irrevocably conflicts with, the interests of other Members of the Class. Further, Plaintiff has retained counsel experienced in prosecuting complex class action litigation.

28. Defendant has acted or refused to act on grounds generally applicable to the proposed Class, thereby making appropriate equitable relief with respect to the Class.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual claims by the Class Members are impractical, as the costs of prosecution may exceed what any Class Member has at stake.

30. Members of the Class are readily ascertainable through Defendant's records and files and from other sources.

31. Prosecuting separate actions by individual Class Members would create a risk of inconsistent or varying adjudications that would establish incomparable standards of conduct for Defendant. Moreover, adjudications with respect to individual Class Members would, as a practical matter, be dispositive of the interests of other Class Members.

**TOLLING OF THE STATUTE OF LIMITATIONS**

32. The filing of this Class Action Complaint serves to toll and preserve the claims of the Class and other purchasers who were defrauded and injured by Defendant's wrongful and

unlawful acts, and the commencement of this action suspends the applicable statute of limitations as to all asserted members of the Class who would have been parties had the suit been permitted to continue as a class action until a district judge declines to certify a class, or certifies a class that excludes particular persons.

33. Defendant at all relevant times knew or should have known of the problems and defects with Target's Market Pantry branded "Parmesan 100% Grated Cheese" products, and the falsity and misleading nature of Defendants' statements, representations and warranties with respect to Target's Market Pantry branded "Parmesan 100% Grated Cheese" products. Defendant concealed and failed to notify Plaintiff, the Class members, and the public of such defects.

34. Any applicable statute of limitation has therefore been tolled by Defendant's knowledge, active concealment and denial of the facts alleged herein, which behavior is ongoing.

## COUNT I
### Missouri Merchandising Practices Act

35. Plaintiff and Class Members incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows.

36. This Count is brought pursuant to the Missouri Merchandising Practices Act, §407.010 et seq.

37. At all times material hereto, Plaintiff, the Class and Defendant, were persons within the meaning of Mo. Rev. Stat. §407.010(5).

38. At all times material hereto, Plaintiff and Class Members were purchasers within the meaning of Mo. Rev. Stat. §407.025.1.

39. At all times material hereto, Defendant conducted trade and commerce within the meaning of Mo. Rev. Stat. §407.010(7).

40. The Missouri Merchandising Practices Act, §407.020.1 et seq., provides in

8

pertinent part that:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce….in or from the state of Missouri, is declared to be an unlawful practice….Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation.

41. Beginning the first date Defendant placed its Market Pantry branded "Parmesan 100% Grated Cheese" products into the stream of commerce in Missouri and continuing through the present, Defendant, by and through its employees, agents, apparent agents, and/or sales representatives, engaged in concealment, suppressions, and/or omissions, misrepresentations, unlawful schemes and courses of conduct intended to induce Plaintiff and members of the Class to purchase Defendant's Market Pantry branded "Parmesan 100% Grated Cheese" products through one or more of the following unfair and/or deceptive acts and/or practices:

   a. Knowingly, intentionally, and/or recklessly omitted, suppressed, and/ or concealed the content of Target's Market Pantry branded "Parmesan 100% Grated Cheese" products;

   b. Knowingly, intentionally, and/or recklessly omitted, suppressed, and/or concealed the true nutritional value of Target's Market Pantry branded "Parmesan 100% Grated Cheese" products;

   c. Knowingly, intentionally, recklessly, or negligently omitted proper labels from being placed on its packaging, or otherwise calling attention to the actual ingredients in Target's Market Pantry branded "Parmesan 100% Grated Cheese" products;

   d. Omitted, suppressed, and/or concealed the content of Target's Market Pantry branded "Parmesan 100% Grated Cheese" products it manufactured, marketed, promoted, distributed, and/or sold.

42. The facts which Defendant omitted, suppressed, and/or concealed as alleged in the preceding paragraph were material in that they concerned facts that would have been

9

important to a reasonable consumer in making a decision whether to purchase Target's Market Pantry branded "Parmesan 100% Grated Cheese" products.

43. Defendants' conduct as alleged in the preceding paragraphs was unfair in that it (1) offended public policy; (2) it was immoral, unethical, oppressive, and/or unscrupulous; and/or (3) it caused substantial economic injury to consumers, namely Plaintiff and members of the Class.

44. Defendant's unfair and/or deceptive acts and/or practices alleged in the preceding paragraph occurred in connection with Defendant's conduct of trade and commerce in Missouri.

45. Defendant intended for Plaintiff and members of the Class to purchase Defendant's Market Pantry branded "Parmesan 100% Grated Cheese" products in reliance upon Defendant's unfair and/or deceptive acts and/or practices in the marketing, promotion, and sale of its Market Pantry branded "Parmesan 100% Grated Cheese" products.

46. Defendant's unfair and/or deceptive acts and/or practices were committed with willful and wanton disregard for whether or not Plaintiff and members of the Class would actually receive an appropriate product.

47. Defendant's unfair and/or deceptive acts and/or practices violate the Missouri Merchandising Practices Act, § 407.020.1.

48. As a direct and proximate result of Defendant's unfair and/or deceptive acts and/or practices, Plaintiff and members of the Class did not receive a safe and/or effective product when they purchased Target's Market Pantry branded "Parmesan 100% Grated Cheese" products.

49. Plaintiff and members of the Class have suffered actual damages in an amount

to be proven at trial, including all compensatory damages, punitive damages, attorney's fees and costs.

WHEREFORE, Plaintiff and the Class pray for Judgment in their favor and against Defendant on this Count I of their Complaint; for actual and compensatory damages; for punitive or exemplary damages; for costs, expenses and attorney fees as allowed by law; and for such other and further relief as this Court deems just and proper.

## COUNT II
## UNJUST ENRICHMENT

50. Plaintiff and Class Members incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows.

51. As stated with more particularity above, Defendant embarked on and carried out a common scheme of marketing and selling Target's Market Pantry branded "Parmesan 100% Grated Cheese" products by omitting, suppressing, and/or concealing the true content of Target's Market Pantry branded "Parmesan 100% Grated Cheese" products.

52. Defendant's practices were designed to result in Plaintiff and members of the Class purchasing Target's Market Pantry branded "Parmesan 100% Grated Cheese" products.

53. Defendant's practices further resulted in Plaintiff and members of the Class purchasing Target's Market Pantry branded "Parmesan 100% Grated Cheese" products without understanding the true content of Defendant's products or Defendant's omissions, suppressions, and/or concealment of material terms to increase its own ill-gotten profits.

54. The monies paid by Plaintiff and the Class Members to Defendant in the purchase of Target's Market Pantry branded "Parmesan 100% Grated Cheese" products conferred substantial benefits upon Defendant. Defendant knew of and appreciated the benefits conferred upon it by Plaintiff and the Class and accepted and retained these benefits,

11

which, in justice and fairness, should be refunded and paid over to Plaintiff and the Class in an amount to be proven at trial.

WHEREFORE, Plaintiff and the Class pray for Judgment in their favor and against Defendant on this Count II of their Complaint; for actual and compensatory damages; for punitive or exemplary damages; for costs, expenses and attorney fees as allowed by law; and for such other and further relief as this Court deems just and proper.

### COUNT III
### VIOLATION OF MAGNUSSON-MOSS WARRANTY ACT
### 15 U.S.C. §2301 et seq. ("MMWA")

55. Plaintiff and Class Members incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows.

56. At all times relevant hereto, there was in full force and effect the Magnuson-Moss Warranty Act, 15 U.S.C. §2301, et seq. ("MMWA").

57. Target's Market Pantry branded "Parmesan 100% Grated Cheese" products is a consumer product within the meaning of 15 U.S.C. §2301(1).

58. Plaintiff and Class Members are consumers as defined in 15 U.S.C. §2301(3). They are consumers because they are persons entitled under applicable state law to enforce against the warrantors the obligations of their express and implied warranties.

59. Defendant is a supplier and warrantor within the meaning of 15 U.S.C. §§2301(4), (5).

60. Pursuant to 15 U.S.C. §2310(e), Plaintiff is entitled to bring this class action and is not required to give Defendant or any of them notice and an opportunity to cure until such time as the Court determines the representative capacity of Plaintiff pursuant to Rule 23 of the Federal Rules of Civil Procedure.

61.     In connection with the sale of the Product, Defendant gave multiple written warranties as defined in 15 U.S.C. §2301(6), including but not limited to the written warranties enumerated in the foregoing incorporated paragraphs.

62.     In connection with the sale of the Product, Defendant gave multiple implied warranties as defined in 15 U.S.C. §2301(7), included but not limited to the implied warranty of merchantability and the implied warranty of fitness for a particular purpose. As a part of the implied warranty of merchantability, Defendant warranted that the Product was fit for its ordinary purpose as a "Parmesan 100% Grated Cheese" Product, would pass without objection in the trade as designed, manufactured and marked, and was adequately contained, packaged, and labeled. As part of the implied warranty of fitness for a particular purpose, Defendants warranted that the Product was a "Parmesan 100% Grated Cheese" Product as set forth in the incorporated allegations.

63.     Defendant is liable to Plaintiff and the Class members pursuant to 15 U.S.C. §2310(d)(1), because they breached all written warranties and all implied warranties, including implied warranties of merchantability and implied warranties of fitness for a particular purpose.

64.     Specifically, but without limitation, among the express warranties Defendants breached were that the Product is a "Parmesan 100% Grated Cheese" Product; the true nutritional value of Target's Market Pantry branded "Parmesan 100% Grated Cheese" products; and/or that the Product is free of adulterants and fillers.

65.     In much the same vein and for many of the same reasons and circumstances of material fact, Defendant has breached all implied warranties, including the implied warranty of merchantability. The Product is not fit for the ordinary purpose for which it is used, namely as a "Parmesan 100% Grated Cheese" Product.

66. Defendant also breached the implied warranty of merchantability as the Product would not pass without objection in the trade, for a variety of separate and independent inadequacies, including the Product's false labeling. The Product cannot pass in the trade as suitable given these defects, deficiencies, and falsehoods.

67. Again similarly, the Product breached the implied warranty of merchantability as being inadequately and improperly contained, packaged, and labeled. The Product was packaged and labeled as a "Parmesan 100% Grated Cheese" Product, when it is not. Rather, it contains a significant amount of fillers and adulterants. These deficiencies and falsehoods, and others as incorporated herein, breach the implied warranty of merchantability.

68. As the proximate cause and legal result of the breach of the aforementioned warranties regarding the Product as manufactured and/or supplied and/or distributed by Defendant and as a direct and legal result of the conduct of Defendant described herein, Plaintiff and the Class have been damaged directly, incidentally, and consequentially, including but not limited to the price paid for the Product.

WHEREFORE, Plaintiff and the Class pray for Judgment in their favor and against Defendant on this Count III of their Complaint; for actual and compensatory damages; for punitive or exemplary damages; for costs, expenses and attorney fees as allowed by law; and for such other and further relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff and Class Members demand a jury trial as to all claims and issues triable of right by a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Members of the proposed Class pray that this Honorable Court do the following:

A. Certify the matter as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure and order that notice be provided to all Class Members;

B. Designate Plaintiff as representative of the Class and the undersigned counsel as Class Counsel;

C. Award Plaintiff and the Class compensatory and punitive damages in an amount to be determined by the trier of fact;

D. Award Plaintiff and the Class statutory interest and penalties;

E. Award Plaintiff and the Class appropriate injunctive and/or declaratory relief;

F. Award Plaintiff and the Class their costs, prejudgment interest, and attorney fees; and

G. Grant such other relief as is just and proper.

Respectfully submitted,

THE DRISCOLL FIRM, P.C.

By:    ___/s/John J. Driscoll_____
JOHN J. DRISCOLL, #54729
PHILIP SHOLTZ, #57375
211 N. Broadway, 40th Floor
St. Louis, Missouri  63102
314-932-3232 telephone
314-932-3233 facsimile
john@thedriscollfirm.com
phil@thedriscollfirm.com

*Attorneys for Plaintiffs*