

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANN YANKEE, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) | Civil Action No. |
| v. ) | Judge: |
| KRAFT HEINZ FOODS COMPANY, TARGET CORPORATION, and SUPERVALU INC., ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |

### CLASS ACTION COMPLAINT

Plaintiff Ann Yankee ("Plaintiff"), brings this action on behalf of herself and all others similarly situated against defendants Kraft Heinz Foods Company ("Kraft"), Target Corporation ("Target"), and SuperValu Inc. ("SuperValu," together with Kraft and Target, "Defendants"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on her personal knowledge.

### NATURE OF THE ACTION

1.　　This is a class action against Defendants for falsely and misleadingly advertising that their grated Parmesan cheese products are 100% cheese. On the product packaging of Kraft's "100% Grated Parmesan Cheese" and "100% Grated Parmesan & Romano Cheese" (the "Kraft Products"), Target's Market Pantry brand "100% grated Parmesan cheese" (the "Target Product"), and SuperValu's Essential Everyday brand "100% Grated Parmesan Cheese" and "100% Grated Parmesan & Romano Cheese" (the "SuperValu Products," together with the Kraft Products and Target Product, the "Products"), each Defendant makes one prominent marketing

representation: the Product is "100%" grated Parmesan cheese or "100%" grated Parmesan & Romano Cheese. This representation is false.

2.     Belying the prominent claim on the front of the packaging for each product, Defendants include in small print on their ingredients lists "cellulose," an ingredient derived from wood fiber. Independent laboratory testing reveals that the Kraft Product contains 3.8% cellulose and the SuperValu Product contains 8.8% cellulose.[1] The Target Product contains not only cellulose, but also corn starch. None of these Products are in fact 100% Parmesan cheese or 100% Parmesan and Romano cheese as stated on their respective labels. Rather, each contains substantial amounts of fillers and additives.

3.     Cellulose is a non-digestible byproduct of wood pulp that food manufacturers may add to food as a filler ingredient to cut manufacturing costs. This use of cellulose and other fillers not only changes the nutritional makeup of the product from what it would be if it was actually 100% cheese, it means consumers are not getting a product with the qualities and characteristics that they bargained for.

4.     As a direct and proximate result of Defendants' false and misleading advertising claims and marketing practices, Plaintiff and the members of the Class, as defined herein, purchased the Products and paid more for the Products because they were deceived into believing that the Products were comprised of "100%" Parmesan cheese and/or "100%" Parmesan and Romano cheese. Because the Products contain significant amounts of fillers and additives and are not "100%" Parmesan or "100%" Parmesan and Romano cheese, Plaintiff and Class members have suffered an ascertainable and out-of-pocket loss.

---

[1] *See* http://www.bloomberg.com/news/articles/2016-02-16/the-parmesan-cheese-you-sprinkle-on-your-penne-could-be-wood.

2

5.     Plaintiff seeks relief in this action individually and on a class-wide basis for

breach of express and implied warranties, negligent misrepresentation, fraud, unjust enrichment,

and for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act

("ICFA"), 815 Ill. Comp. Stat. 505/1, *et seq.*

## THE PARTIES

6.     Plaintiff Ann Yankee is a resident of the State of Illinois, residing in Cook

County, Illinois. Plaintiff has regularly purchased the Kraft Products, Target Product, and

SuperValu Products from retail stores located in Illinois. Specifically, Plaintiff has purchased

the "100% Grated Parmesan Cheese" Kraft Product from her local Costco, Jewel Osco,

Mariano's, Meijer, and Target retail stores. She has purchased the Kraft Product "100% Grated

Parmesan Cheese" approximately once every two or three months throughout the Class Period.

Plaintiff has purchased the Target Product from her local Target retail store approximately once

every one or two months throughout the Class Period. Plaintiff has purchased the SuperValu

Products, both "100% Grated Parmesan Cheese" and "100% Grated Parmesan & Romano

Cheese," approximately two times per year from her local Jewel Osco retail store. She paid

approximately $3-4 for each Product. In purchasing the Products, Plaintiff read and relied on the

prominent representation on the front of the Products' labels – that the Products are "100%"

grated Parmesan cheese or "100%" grated Parmesan and Romano cheese. She reasonably

understood this representation to mean that the Products contained and consisted of only

Parmesan cheese or only Parmesan and Romano cheese, and did not contain other additives or

fillers. Plaintiff would not have purchased Defendants' Products or would not have paid as much

for the Products, had she known that the "100%" representation is false and misstates the

amount, percentage, and quality of Parmesan cheese in the container. Plaintiff suffered an injury

3

in fact and lost money as a result of Defendants' deceptive, misleading, false, unfair, and fraudulent practices, as described herein.

7.     Defendant Kraft Heinz Foods Company is a Pennsylvania corporation with headquarters in Pittsburgh, Pennsylvania and Chicago, Illinois. Defendant Kraft develops, manufactures, distributes, sells, and advertises its "100% Grated Parmesan Cheese" and "100% Grated Parmesan & Romano Cheese" nationwide, including in Illinois. Defendant Kraft has been and still is engaged in the business of distributing, marketing, and selling the Kraft Products throughout the United States.

8.     Defendant Target Corporation is a Minnesota corporation with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. Defendant Target markets its own line of grated Parmesan cheese labeled as "100% grated Parmesan cheese" and/or "Parmesan 100% Grated Cheese" under the brand name "Market Pantry" nationwide, including in Illinois.

9.     Defendant SuperValu Inc. is a Delaware corporation with its principal place of business at 11840 Valley View Road, Eden Prairie, Minnesota 55344. Defendant SuperValu markets and sells Essential Everyday brand "100% Grated Parmesan Cheese" and "100% Grated Parmesan & Romano Cheese" through grocery retailers nationwide, including in Illinois.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class members, the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from at least one Defendant.

4

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District as Defendants do business throughout this District, including selling and distributing the products at issue in this District, Defendant Kraft maintains one of its corporate headquarters in this District, and Plaintiff purchased the Products in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

12.     Consumers purchasing Defendants' grated Parmesan cheese products are presented with one prominent marketing claim on Defendants' Product packaging.  Defendants proclaim the Products contain either "100%" grated Parmesan cheese or "100%" grated Parmesan & Romano Cheese.

13.     This representation is easily visible in the images of the Target Product's packaging reproduced below:

5



14.     This representation is also easily visible in the images of the Kraft Product's

packaging reproduced below:



15.     Similarly, the representation is also easily visible in the images of the SuperValu

Products' packaging reproduced below:



16.     Plaintiff and other consumers rely on Defendants' claims that the Products consist of "100%" Parmesan cheese and/or "100%" Parmesan and Romano cheese in deciding to purchase the Products. They reasonably interpret and understand the claims to mean that the Products simply contain cheese – grated Parmesan and/or grated Parmesan and Romano – and no substitutes, additives, or fillers.

17.     However, Defendants' claims are untrue. Defendants' Products are not and do not contain 100% Parmesan cheese, 100% Parmesan and Romano cheese, or even 100% cheese. In fact, independent laboratory testing reveals that the SuperValu Product contains a substantial amount – at least 8.8% – of cellulose, a filler and additive derived from wood chips, and the

Kraft Product contains at least 3.8% cellulose.[2]  The Target Product contains not only cellulose, but also corn starch.  None of these products is 100% cheese.

18.     Not only is the "100%" grated Parmesan cheese claim false, but in the case of the SuperValu Product, the use of cellulose is particularly egregious and also deceptive and fraudulent because the amount of cellulose contained in the SuperValu Product is well in excess of any amount used to achieve any anticaking or anti-clumping effects.  Instead, the cellulose in Defendant SuperValu's Product serves purely as a filler and a means of cheating customers, which is specifically prohibited by the Food, Drug, and Cosmetic Act.  *See* 21 U.S.C. § 342(b)(4).

19.     Defendant Kraft has gone beyond the product label to represent that the Kraft Product contains 100% Parmesan cheese in its television advertising campaign.  In fact, Defendant Kraft has been making this false and misleading claim for decades.  For example, in a commercial that aired on television in 1990, Kraft boasts that "some grated toppings are 1/3 fats and fillers, but Kraft is 100% grated Parmesan."[3]  Below is a screenshot from the commercial:

---

[2] *See* http://www.bloomberg.com/news/articles/2016-02-16/the-parmesan-cheese-you-sprinkle-on-your-penne-could-be-wood.

[3] *See* https://www.youtube.com/watch?v=FIImRTxvvMk (last accessed 2/25/2016).



20. Defendants continue to make this false and misleading labeling claim regarding the composition, contents, and quality of their Products. In doing so, Defendants have misled and continue to mislead consumers throughout the United States and are able to charge more for their Products than they otherwise could.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of all persons in the United States who, within the relevant statute of limitations period (the "Class Period"), purchased the Products (the "Class").

22. Plaintiff also seeks to represent a subclass defined as all members of the Class who purchased the Products in Illinois (the "Subclass").

23. Excluded from the Class and Subclass are the Defendants, the officers and directors of the Defendants at all relevant times, members of their immediate families and their

legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

24.     Also excluded from the Class and Subclass are persons or entities that purchased the Products for purposes of resale.

25.     Plaintiff is a member of the Class and Subclass she seeks to represent.

26.     Members of the Class and Subclass are so numerous that joinder of all members is impractical. Although Plaintiff does not yet know the exact size of the Class, the Products are sold in retail locations throughout the United States, and on information and belief, members of the Class number in the hundreds of thousands.

27.     The Class and Subclass are ascertainable because their members can be identified by objective criteria – the purchase of Defendants' Products in the United States during the statute of limitations period. Individual notice can be provided to Class members "who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

28.     There are numerous questions of law and fact common to the Class and Subclass which predominate over any individual actions or issues, including but not limited to whether the labeling and marketing of the Products was false and misleading.

29.     Plaintiff's claims are typical of the claims of the members of the Class and Subclass as all members of the Class and Subclass are similarly affected by Defendants' wrongful conduct. Plaintiff has no interests antagonistic to the interests of the other members of the Class and Subclass.- Plaintiff and all members of the Class and Subclass have sustained economic injury arising out of Defendants' violations of common and statutory law as alleged herein.

30.    Plaintiff is an adequate representative of the Class and Subclass because her interests do not conflict with the interests of the Class and Subclass members she seeks to represent, she has retained counsel that is competent and experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of the Class and Subclass members will be fairly and adequately protected by Plaintiff and her counsel.

31.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members. Each individual Class and Subclass member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims are consistently adjudicated.

## COUNT I

### (Breach of Express Warranty)

32.    Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

33.    Plaintiff brings this Count individually and on behalf of the members of the Class and Subclass.

34.     In connection with the sale of the Products, Defendants issued express warranties that the Products consisted of "100%" Parmesan cheese and/or "100%" Parmesan and Romano cheese.

35.     Defendants' affirmations of fact and promises made to Plaintiff and the Class on the Product labels became part of the basis of the bargain between Defendants on the one hand, and Plaintiff and the Class members on the other, thereby creating express warranties that the Products would conform to Defendants' affirmations of fact, representations, promises, and descriptions.

36.     Defendants breached their express warranties because the Products are not, in fact, 100% Parmesan cheese, 100% Parmesan and Romano cheese, or even 100% cheese. Rather, they are comprised of a substantial amount of additives and fillers, including cellulose.

37.     As the manufacturers, suppliers, and/or sellers of the Products, Defendants had actual knowledge of the breach, and given the nature of the breach, i.e. false representations regarding the Products, Defendants necessarily had knowledge that all Products sold, including the specific Products purchased by the Plaintiff, were defective in that they were not 100% cheese as Defendants falsely warrantied. Additionally, the results of the independent laboratory tests that revealed that the Products were comprised of a substantial amount of additives and fillers, including cellulose, were made public prior to the filing of this Complaint.

38.     Plaintiff and Class members were injured as a direct and proximate result of Defendants' breach because: (a) they would not have purchased the Products or would not have paid as much for the Products if they had known the true facts; (b) they purchased and paid more for the Products due to the mislabeling; and (c) the Products did not have the characteristics, quality, or value as promised.

## COUNT II

### (Breach of Implied Warranty of Merchantability)

39.　　Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

40.　　Plaintiff brings this Count individually and on behalf of the members of the Class and Subclass.

41.　　The Uniform Commercial Code § 2-314 provides that, unless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. To be "merchantable," goods must, *inter alia*, "pass without objection in the trade under the contract description," "run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved," be "adequately contained, packaged, and labeled as the agreement may require," and "conform to the promise or affirmations of fact made on the container or label."

42.　　Defendants, by the acts described herein, impliedly warranted that the Products consisted of 100% grated Parmesan cheese and/or 100% grated Parmesan and Romano cheese. Defendants did so with the intent to induce Plaintiff and proposed Class members to purchase the Products.

43.　　Defendants were merchants with respect to the goods of this kind which were sold to Plaintiff and the Class, and there was in the sale to Plaintiff and other consumers an implied warranty that those goods were merchantable.

14

44.     Defendants breached their implied warranties because the Products do not have the quality, quantity, characteristics, or benefits as promised, and because the Products do not conform to the promises made on their labels.

45.     As the manufacturers, suppliers, and/or sellers of the Products, Defendants had actual knowledge of the breach, and given the nature of the breach, i.e. false representations regarding the Products, Defendants necessarily had knowledge that all Products sold, including the specific Products purchased by the Plaintiff, were defective in that they were not 100% Parmesan cheese and/or 100% Parmesan and Romano cheese as Defendants falsely warrantied. Additionally, the results of the independent laboratory tests that revealed that the Products were comprised of a substantial amount of additives and fillers, including cellulose, were made public prior to the filing of this Complaint.

46.     Plaintiff and proposed Class members were injured as a direct and proximate result of Defendants' breach because: (a) they would not have purchased the Products or would not have paid as much for the Products if they had known the true facts; (b) they purchased and paid more for the Products due to the implied warranties; and (c) the Products did not have the quality or value as impliedly warranted.

## COUNT III

### (Negligent Misrepresentation)

47.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

48.     Plaintiff brings this Count individually and on behalf of the members of the Class and Subclass.

49. As described herein, Defendants misrepresented that their Products consist of 100% Parmesan cheese and/or 100% Parmesan and Romano cheese, when in fact, the Products contain a substantial amount of additives and fillers, including cellulose.

50. At the time Defendants made the misrepresentations, they knew or should have known that their representations were false.

51. At a minimum, Defendants negligently mispresented material facts about the quality and contents of the Products.

52. The negligent misrepresentations made by Defendants, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase the Products.

53. Plaintiff and Class members would not have purchased the Products, or would not have paid as much for the Products, if the true facts had been known.

54. The negligent actions of Defendants caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT IV

### (Fraud)

55. Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

56. Plaintiff brings this Count individually and on behalf of the members of the Class and Subclass.

57. As described herein, Defendants falsely represented that their Products consist of 100% Parmesan cheese and/or 100% Parmesan and Romano cheese, when in fact, the Products

16

contain a substantial amount of additives and fillers, including cellulose. Defendants' false and misleading representations were made with knowledge of their falsehood.

58.     The misrepresentations made by Defendants, upon which Plaintiff and other Class members reasonably and justifiably relied, were intended to induce and did actually induce Plaintiff and Class members to purchase the Products.

59.     Defendants' fraudulent actions caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

**COUNT V**

**(Unjust Enrichment)**

60.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

61.     Plaintiff brings this Count individually and on behalf of the members of the Class and Subclass.

62.     Plaintiff and members of the Class conferred benefits on Defendants by purchasing the Products.

63.     Defendants have been unjustly enriched in retaining revenues derived from Plaintiff's and Class members' purchases of the Products. Retention of that revenue under these circumstances is unjust and inequitable because Defendants misrepresented facts concerning the characteristics, qualities, and value of the Products and caused Plaintiff and Class members to purchase the Products and to pay more for the Products, which they would not have done had the true facts been known.

64. Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and members of the Class is unjust and inequitable, Defendants must pay restitution to Plaintiff and members of the Class for its unjust enrichment, as ordered by the Court.

## COUNT VI

### (Illinois Consumer Fraud and Deceptive Business Practices Act,

### 815 Ill. Comp. Stat. 505/1, *et seq.*)

65. Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

66. Plaintiff brings this Count individually and on behalf of the members of the Subclass.

67. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1, *et seq.* (the "ICFA") protects consumers and competitors by promoting fair competition in commercial markets for goods and services.

68. The ICFA prohibits any unlawful, unfair, or fraudulent business acts or practices including the employment of any deception, fraud, false pretense, false advertising, misrepresentation, or the concealment, suppression, or omission of any material fact.

69. Section 2 of the ICFA provides in relevant part as follows:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2 (footnote omitted).

70.     The ICFA applies to Defendants' actions and conduct as described herein because it protects consumers in transactions that are intended to result, or which have resulted, in the sale of goods or services.

71.     Defendants are persons within the meaning of the ICFA.

72.     Plaintiff and other members of the Subclass are consumers within the meaning of the ICFA.

73.     Defendants' Products are merchandise within the meaning of the ICFA and the sale of their Products is considered trade or commerce under the ICFA.

74.     Defendants violated the ICFA by misrepresenting material facts about the Products. Specifically, Defendants represented that the Products consist of 100% Parmesan cheese and/or 100% Parmesan and Romano cheese, when Defendants knew or should have known the Products contain a substantial amount of additives and fillers, including cellulose.

75.     Defendants created its marketing materials with the intent that Plaintiff and other consumers would rely on the information provided.

76.     Defendants' misrepresentations to Plaintiff and members of the Subclass constitute unfair and deceptive acts and practices in violation of the ICFA.

77.     Had Defendants not engaged in the deceptive misrepresentation of material facts as described above, Plaintiff and Subclass members would not have purchased the Products or would have paid less for the Products.

78.     Plaintiff and Subclass members were damaged by Defendants' conduct directed towards consumers. As a direct and proximate result of Defendants' violation of the ICFA, Plaintiff and Subclass members have suffered harm in the form of monies paid for Defendants' Products. Plaintiff, on behalf of herself and the Subclass, seeks an order (1) requiring

19

Defendants to cease the unfair practices described herein; (2) awarding damages, interest, and reasonable attorneys' fees, expenses, and costs to the extent allowable; and/or (3) requiring Defendants to restore to Plaintiff and each Subclass member any money acquired by means of unfair competition.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

A.     Determining that this action is a proper class action;

B.     For an order declaring that the Defendants' conduct violates the statutes referenced herein;

C.     Awarding compensatory and punitive damages in favor of Plaintiff, members of the Class, and the Subclass against Defendants for all damages sustained as a result of the Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

D.     Awarding injunctive relief against Defendants to prevent Defendants from continuing its ongoing unfair, unconscionable, and/or deceptive acts and practices;

E.     For an order of restitution and/or disgorgement and all other forms of equitable monetary relief;

F.     Awarding Plaintiff and members of the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

G.     Awarding such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable in this action.

Dated: March 4, 2016                   Respectfully submitted:

By: /s/ Carol V. Gilden

Carol V. Gilden
**COHEN MILSTEIN SELLERS & TOLL, PLLC**

190 South LaSalle Street, Suite 1705
Chicago, Illinois 60603
Tel: (312) 357-0370
Fax: (312) 357-0369
Illinois Bar No.: 6185530
cgilden@cohenmilstein.com

Andrew N. Friedman
**COHEN MILSTEIN SELLERS & TOLL, PLLC**
1100 New York Avenue, NW
Suite 500, West Tower
Washington, DC 20005
Tel: (202) 408-4607
Fax: (202)408-4699
afriedman@cohenmilstein.com

Lori G. Feldman
Courtney E. Maccarone
Andrea Clisura
**LEVI & KORSINSKY LLP**
30 Broad Street, 24th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
lfeldman@zlk.com
aclisura@zlk.com
cmaccarone@zlk.com

Janine L. Pollack
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York 10016
Tel: (212) 545-4600
Fax: (212) 545-4653
pollack@whafh.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

### SUMMONS IN A CIVIL CASE

Ann Yankee
Plaintiff,

|  |  |
|---|---|
| CASE NUMBER: | 16-cv-02873 |
| ASSIGNED JUDGE: | Hon. Gary Feinerman |

V.

Kraft Heinz Foods Company, Target
Corporation and Supervalu, Inc.
Defendants.

DESIGNATED
MAGISTRATE JUDGE: Hon. Susan Cox

TO: (Name and address of Defendant)

Target Corporation
c/o CT Corporation System, Registered Agent
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Carol V. Gilden
Cohen Milstein Sellers & Toll, PLLC
190 S. LaSalle Street, Suite 1705
Chicago, IL 60603

an answer to the complaint which is herewith served upon you, _____21_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

THOMAS G. BRUTON, CLERK



_____
(By) DEPUTY CLERK

March 9, 2016

_____
DATE

## RETURN OF SERVICE

|  |  |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served: _____

_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____

_____

_____

☐  Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
|  |  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
          Date              *Signature of Server*

          _____
                    *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.