```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION


IN RE:                              )  Case No. 16 C 5802
                                    )
100% GRATED PARMESAN CHEESE         )  Chicago, Illinois
MANUFACTURING AND SALES             )  November 28, 2018
PRACTICES LITIGATION.               )  9:30 a.m.


                   TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE GARY FEINERMAN


APPEARANCES:

For the Plaintiffs:      BARNOW AND ASSOCIATES, P.C.
                         BY:  MR. BEN BARNOW
                         One North LaSalle Street
                         Suite 4600
                         Chicago, Illinois  60602
                         (312) 621-2000


                         BLOOD HURST & O'REARDON, LLP
                         BY:  MR. TIMOTHY G. BLOOD
                         501 West Broadway
                         Suite 1490
                         San Diego, California  92101
                         (619) 338-1100


(via telephone           LEVI & KORSINSKY, LLP
 conference call)        BY:  MS. ANDREA CLISURA
                         55 Broadway
                         10th Floor
                         New York, New York  10006
                         (212) 363-7500

Court Reporter:

                CHARLES R. ZANDI, CSR, RPR, FCRR
                     Official Court Reporter
                   United States District Court
              219 South Dearborn Street, Room 2128
                      Chicago, Illinois  60604
                     Telephone:  (312) 435-5387
              email:  Charles_zandi@ilnd.uscourts.gov
```

1  Mr. Blood.

2  MR. BLOOD: Your Honor, your opinion changed the way
3  we look at the case, and we weren't focused in the same way on
4  the case before your ruling as after the ruling. And so this
5  would really be our first time to amend to add facts that we
6  think will satisfy the Court's ruling as the Court analyzes
7  the litigation.

8  So, it's adding a couple of facts that we now have
9  and we can put into the complaint, and it's -- I think it's
10 fairly modest. We're not relitigating the 100 percent claim.
11 It just goes to the cellulose filler claim. And I think --
12 and now we can do it. We can do it with the specificity that
13 we believe the Court was looking for --

14 THE COURT: What do you know now that you didn't know
15 when the motion was pending?

16 MR. BLOOD: We have alleged the percentage of
17 cellulose in the product.

18 THE COURT: Okay. When did you learn that?

19 MR. BLOOD: We learned that -- I'm not sure. We
20 learned it a while ago, but it was -- you know, we didn't put
21 it in the -- I don't know when we learned it, but we didn't
22 put it in the -- any amended complaint until now.

23 THE COURT: Okay. Did you know it before you filed
24 the consolidated amended complaints?

25 MR. BARNOW: If I could, your Honor, what we had --

1 what we had were the Bloomberg reports, which because they
2 were publicly announced, we were allowed to rely on those.
3 There were people in the group that had done some tests on the
4 Target one and also on Publix.
5 　　　　　There was a different state of knowledge with regard
6 to those; but because they weren't publicly done by an
7 independent organization, there was a decision made that it
8 wasn't necessary under the case as it was presently -- earlier
9 filed and what the allegations had to be.
10 　　　　　Both cases reference the cellulose, no issue about
11 that. There's no surprise to this with regard to the
12 defendants.
13 　　　　　So, with regard to the importance of the
14 over-inclusion of cellulose and the situation that we have
15 with these previously existing tests, but not publicly
16 disclosed ones, we feel that this amendment is appropriate.
17 　　　　　MR. BLOOD: And the Court --
18 　　　　　THE COURT: Okay. Let me -- I'm sorry. Go ahead.
19 　　　　　MR. BLOOD: And also, the Court may recall that the
20 original thrust of the case was the fact that there was
21 cellulose in it, with the secondary fact being the amount of
22 cellulose. So, the complaint, until the Court's ruling on
23 the motion to dismiss, was first and foremost premised on the
24 fact that cellulose existed despite the 100 percent claim, and
25 then the secondary argument was the cellulose was excessive.

15

1  And we allege that it was excessive in all of the complaints.
2  We just did not state the percentage of cellulose in those two
3  cases.
4              MR. BARNOW:  If I might, your Honor, one other point,
5  because I haven't made it clear.  There should be no extra
6  burden, because we agree that whatever rulings the Court made
7  to date would apply to these two amended pleadings.  We
8  understand that.  We're not looking to rehash anything.  We're
9  looking to supplement something that is covered in all the
10 other cases and is in their knowledge.  They know it.
11             And by the way, if we were to have some of our
12 discovery, I guarantee you this would not have been an issue.
13 They did a good job of not allowing discovery.  That's another
14 issue that lives in my world.  Why do courts stay discovery
15 when you have proportionality now?
16             And to give them a windfall because we didn't have
17 our discovery or because Bloomberg did not include their
18 products, I really think would not be proper, respectfully.
19             THE COURT:  Okay.  Well, in order to actually file a
20 complaint, you have to have a good faith basis, and you don't
21 get discovery before you file a complaint, so I don't think
22 that's a good point.
23             Publix and Target?
24             MR. HANSEN:  Your Honor, Gary Hansen for Publix.  One
25 additional fact that you may not be aware of and I just