UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICES LITIGATION <br><br><br> *This Document Relates to All Cases on the Publix Super Markets, Inc. Track and the Target Corp. and ICCO-Cheese Co., Inc. Track* | 16 CV 5802 <br><br> MDL 2705 <br><br> Judge Gary S. Feinerman |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR
LEAVE TO FILE SECOND AMENDED CLASS ACTION
COMPLAINTS AGAINST TARGET CORPORATION AND
ICCO-CHEESE CO., INC. AND AGAINST PUBLIX SUPERMARKET**

Plaintiffs' motion for leave to file amended complaints asserting claims against Target Corporation and Icco-Cheese Co., Inc., and against Publix Supermarket (collectively, "Defendants") should be granted. Addressing the concerns stated in the Court's November 1, 2018 Order ("Order") regarding Plaintiffs' prior pleadings, the proposed amended complaints allege additional facts establishing (1) the amount of excessive quantities of cellulose contained in Publix and Target/ICCO's products, and (2) that Publix and Target/ICCO's product labels omitted cellulose was present as a filler while misrepresenting cellulose was included for anti-caking purposes.

Defendants' oppositions to the requested amendments ignore precedential authority and needlessly rehash arguments the Court already rejected. Regardless of whether the Order constitutes a judgment (it does not), Seventh Circuit authority provides that the proposed amendments must still be considered according to the same liberal amendment standard of Rule

15(a)(2).[1] Application of that standard makes clear Plaintiffs' amendments should be permitted, as the proposed amendments are made in good faith, will not prejudice any party, and will remedy the deficiencies identified by the Court's Order. Respectfully, Plaintiffs' motions should be granted.

## ARGUMENT

### A. No Judgment Was Entered

Subject to exceptions not relevant here, Rule 58(a) provides that "every judgment and amended judgment must be set out in a separate document." Rule 58(b) provides other requirements, including that the separate entry of judgment be signed by the clerk. The requirement of a separate entry of judgment is mandatory. *Brown v. Fifth Third Bank*, 730 F.3d 698, 700 (7th Cir. 2013) (emphasizing "the importance of compliance with Rule 58: The purpose of the separate judgment required by Fed. R. Civ. P. 58 is to let the parties (and the appellate court) know exactly what has been decided and when."). No separate judgment was entered in this case. As such, Plaintiffs' proposed amendments should be considered under Rule 15(a)(2).

Rather than address this precedential authority, Defendants instead cite to a myriad of procedurally inapposite cases and argue the Order was automatically "with prejudice" or should automatically constitute a judgment without more. Cases such as, *Paganis v. Blonstein*, 3 F.3d 1067, 1071 (7th Cir. 1993), in which a proper Rule 58 judgment was entered, and *Harmon v. Gordon*, 712 F.3d 1044, 1054–55 (7th Cir. 2013), where *res judicata* was held to bar a claim previously dismissed in another concluded lawsuit, are of no relevance to Plaintiffs' motion. Moreover, *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897 (2015), enhanced certain procedural rights of MDL plaintiffs. The decision did not render Rule 58 meaningless or eliminate the

---

[1] As used herein, "Rule" refers to the Federal Rules of Civil Procedure.

established policy of liberally allowing the amendment of pleadings in the MDL context, as Defendants wrongly suggest.

### B. Even if a Judgment Had Been Entered, the Liberal Standard of Fed. R. Civ. P. 15(a)(2) Would Apply

The liberal amendment policy of Rule 15(a)(2) applies to post-judgment motions requesting leave to amend a pleading. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 521 (7th Cir. 2015) ("we have repeatedly applied that same liberal policy of amendment when reviewing district court decisions on post-judgment motions for leave to amend."). Defendants ignore this entirely.

The styling of Plaintiffs' motions is immaterial. If the Court determines a judgment was entered (despite the lack of a separate entry of judgment), "a motion that seeks to challenge the merits of a ruling by a district court will automatically be considered as having been filed under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure." *Scott v. Bender*, 948 F. Supp. 2d 859, 864 (N.D. Ill. 2013) (citing *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994)). This is particularly appropriate where, as here, Plaintiffs' motion was brought within 28 days of the Order.

"Although leave to file a second amended complaint should be granted liberally, a district court may deny leave for several reasons including: 'undue delay, bad faith[,] or dilatory motive[,] ... undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004) (quoting *Park v. City of Chi.,* 297 F.3d 606, 612 (7th Cir. 2002)). "[M]ere delay, without a showing of prejudice, is not sufficient to deny the amendment." *Doherty v. Davy Songer, Inc.*, 195 F.3d 919, 922 (7th Cir. 1999).

Despite arguing at length that Plaintiffs' delay should bar the requested amendments, Defendants' do not explain how permitting the requested amendments would prejudice them. Nor

3

could they reasonably do so. The information reflected in Plaintiff's proposed amendments was long-known to Defendants. "The issue of undue delay generally arises when a plaintiff seeks leave to amend deep into the litigation." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014). Because "[t]he underlying concern is the prejudice to the defendant rather than the simple passage of time," the Seventh Circuit has observed "[u]ndue delay is unusual at the pleading stage." *Id*.

### C. Plaintiffs' Amendments Are Not Futile

The few additional facts contained in the proposed amended complaints will result in a different outcome pursuant to the Court's Order. *See Dubicz*, 377 F.3d at 791 (amendment was not futile, and reversing denial of leave to amend where the court's dismissal order "makes it clear that the first amended complaint was capable of being amended"). In dismissing Plaintiffs' anti-caking claims against Target/ICCO, the Order provides:

> [T]he Target/ICCO complaint does not allege how much cellulose is in the Target/ICCO product, and therefore cannot plausibly allege that the product includes more cellulose than necessary for anticaking purposes. *Compare* Doc. 225 at ¶¶ 23-24 (Kraft, 3.8%), Doc. 227 at ¶¶ 19-20 (Albertsons/SuperValu, 8.8%), *and* Doc. 229 at ¶¶ 19-20 (Wal-Mart/ICCO, 7.8%), *with* Doc. 228 at ¶ 19 (Target/ICCO, no percentage specified). It follows that the Anticaking claims against Target/ICCO do not satisfy Rule 9(b).

ECF No. 297 at 13. Plaintiffs' amendments to the proposed Publix and Target/ICCO complaints add the tested cellulose amounts the Court found lacking in the Order. Also responding to the Court's Order, Plaintiffs' proposed amendments to the Publix complaint add anti-caking claims. ECF No. 297 at 9.

In arguing that Plaintiffs' proposed claims for breach of express and implied warranty would be futile, Publix ignores that substantially identical anti-caking claims (against other defendants) under Florida breach of express warranty law were already upheld. *See* ECF No. 297

4

at 31. Publix's pre-suit notice argument is without merit and fails to point out that despite extensive prior briefing on this subject, the Court has not expressed any approval for this argument. *See e.g.* ECF No. 247, FN 12. Plaintiffs incorporate their prior briefing on these topics. ECF Nos. 185, 255. Because the claims in Plaintiffs' proposed amended complaints are well-pled consistent with the Court's Order, Defendants' futility arguments fail.

Similarly, Target/ICCO argues that certain of the claims in Plaintiffs' proposed amendment would be futile, despite the fact a great number of materially identical claims against other defendants have already been upheld by the Court under the anti-caking theory. *See* ECF No. 297, p. 31 (*inter alia*, Florida express warranty, Illinois express warranty, California express warranty, California and Florida implied warranty claims, and unjust enrichment claims under Illinois, Florida, and California law). Plaintiffs incorporate their prior briefing on these topics. ECF Nos. 185, 255.

Target/ICCO now raises, for the first time, the argument that the Court lacks subject-matter jurisdiction over the claims by Reaves and Fata and for claims against ICCO by Plaintiffs Bell and Zachary. The fact that Target/ICCO waited two years (and two motions to dismiss) to make this argument underscores the fact that they are wrong. If it was clear (as Target/ICCO must show to establish futility) that such an argument would render Plaintiffs' proposed amended complaints futile, Target/ICCO would have raised this at the outset. Simply put, Target/ICCO did not raise this defense earlier in the litigation because it fails. Each Plaintiff is party to a member case. Each Plaintiff filed a consolidated complaint against Target and ICCO, each of whom were named as defendants in member cases. To the extent Target or ICCO may have had a jurisdictional defense, it would have been one regarding these Plaintiffs' exercise of personal jurisdiction over Target/ICCO—not subject matter jurisdiction—and has therefore long since been waived. The

5

Court has subject matter jurisdiction over these claims because these Plaintiffs filed complaints against Target and ICCO before this Court and this Court properly has subject matter jurisdiction pursuant to 28 U.S.C § 1332(d). *See* ECF No. 228.

### D. Plaintiffs' Proposed Amendments Are in Good Faith

In drafting their prior Complaints against Defendants, Plaintiffs pled facts they in good faith believed sufficient to put Defendants on notice of the claims against them. That Plaintiffs decided to plead certain test results from a single, publicly available report in complaints filed against certain other defendants in this MDL, but not private testing results relating to Publix's and Target/ICCO's products, was not part of some devious plot. Plaintiffs reasonably did not believe the private testing results were needed. In response to the Court's Order finding to the contrary, Plaintiffs' proposed amended complaints allege facts relating to such private testing. As the Seventh Circuit has specifically identified, "[t]he need for a liberal amendment standard remains in the face of uncertain pleading standards after *Twombly* and *Iqbal*. *Runnion*, 786 F.3d at 523. Plaintiffs have acted in good faith in proposing such amendments.

### CONCLUSION

Permitting the proposed amendments is in the interests of justice and will not prejudice any party. Plaintiffs' proposed amendments should be permitted.

Dated: January 7, 2019　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　 s/  Ben Barnow

　　　　　　　　　　　　　　　　　　　　　　　Ben Barnow
　　　　　　　　　　　　　　　　　　　　　　　Erich P. Schork
　　　　　　　　　　　　　　　　　　　　　　　Barnow and Associates, P.C.
　　　　　　　　　　　　　　　　　　　　　　　1 North LaSalle St., Suite 4600
　　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60602
　　　　　　　　　　　　　　　　　　　　　　　b.barnow@barnowlaw.com

e.schork@barnowlaw.com
(312) 621-2000 (ph)
(312) 641-5504 (fax)

Timothy G. Blood
Blood Hurst & O'Reardon, LLP
501 West Broadway, Suite 1490
San Diego, CA 92101
tblood@bholaw.com
 (619) 338-1100 (ph)
(619) 338-1101 (fax)

Eduard Korsinsky
Andrea Clisura
Levi & Korsinsky LLP
30 Broad Street, 24th Floor
New York, NY 10004
ek@zlk.com
aclisura@zlk.com
(212) 363-7500 (ph)
(212) 363-7171 (fax)

*Plaintiffs' Interim Co-Lead Counsel*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was filed on January 7, 2019, with the Clerk of the Court by using the CM/ECF system which will send a notice of filing to all counsel of record.

/s/ Ben Barnow