**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICES LITIGATION <br><br> *This Document Relates to All Cases on the Albertsons and SuperValu Track* | Civil No. 1:16-cv-05802 <br> MDL 2705 <br><br> Judge Gary S. Feinerman |

**PLAINTIFFS' OPPOSITION TO MOTION BY ALBERTSONS COMPANIES, INC., ALBERTSONS LLC, AND SUPERVALU, INC. FOR PARTIAL JUDGMENT <u>ON THE PLEADINGS AND PARTIAL SUMMARY JUDGMENT</u>**

Plaintiffs Ann Bell, Dan Lang, and Michael Wills (collectively, "Plaintiffs") submit the following opposition to Defendants Albertsons Companies, Inc., Albertsons LLC, and Supervalu, Inc.'s (collectively, "Defendants") Motion for Partial Judgment on the Pleadings and Partial Summary Judgment ("Motion") on Plaintiffs' Amended Class Action Complaint against Defendants.[1]

**INTRODUCTION**

In February 2016, Bloomberg News disclosed an investigation conducted by the Food and Drug Administration ("FDA") that revealed that grated cheese labeled as 100% cheese actually contained cellulose, an inexpensive substance derived from wood pulp.[2] Independent testing of several brands of store-bought grated cheeses confirmed that they contained excessive amounts of cellulose. Specifically, third-party testing found that approximately 8.8% of the contents of the Defendants' Everyday Essential brand of grated parmesan cheese was cellulose, instead of parmesan cheese.[3]

After bringing two motions to dismiss, Defendants now bring a combined motion for partial judgment on the pleadings and for partial summary judgment just as discovery has begun. The Court should deny the Motion because Plaintiffs have alleged that Defendants promised to provide a certain quantity of grated parmesan cheese, but failed to do so and failed to reveal that they used cheap filler in place of the promised grated cheese far in excess of amounts purportedly

---

[1] Plaintiffs' *Amended Consolidated Class Action Complaint Against Albertsons Companies Inc., Albertsons LLC, and SuperValu Inc.* will be referred to as the "Amended Albertsons Compl." Amended Albertsons Compl., ECF No. 227.

[2] *See* Lydia Mulvany, *The Parmesan Cheese You Sprinkle on Your Penne Could Be Wood*, BLOOMBERG, *available at* https://www.bloomberg.com/news/articles/2016-02-16/the-parmesan-cheese-you-sprinkle-on-your-penne-could-be-wood (last visited Jan. 24, 2019); *see also* http://www.fda.gov/ICECI/EnforcementActions/WarningLetters/2013/ucm363201.htm.

[3] *See* Mulvany, *supra* note 2.

1

needed as an anticaking agent. Defendants cheated Plaintiffs and the members of the class by giving them less than promised on the label, proximately causing the damages sought. Defendants knew of their conduct and intended the willful consumer fraud for their unlawful gain.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendants sell "100% Grated Parmesan Cheese" and "100% Grated Parmesan & Romano Cheese" under the "Essential Everyday" private label (hereinafter the "Product").[4] In addition to the particular type of cheese, the Products also contain cellulose.[5] Cellulose is an organic polymer used in the production of paperboard and paper and is occasionally used as filler in food products.[6]

An independent laboratory determined the Products contained large amounts of cellulose, amongst the highest reported. Defendants failed to disclose that fact to consumers. Plaintiffs Lang, Bell, and Wills, among others, who initiated this action against various entities that manufacture and sell grated parmesan cheese, including Defendants. After the Court dismissed Plaintiffs' claims in the Consolidated Class Action Complaint, Plaintiffs filed the Amended Albertsons Complaint, which brings claims against Defendants for violation of the Illinois Deceptive Practices and Consumer Fraud Act ("ICFA"), 815 Ill. Comp. Stat. 505/2 (2018), violation of the Alabama Deceptive Trade Practices Act ("ADTPA"), Ala. Code § 8-19-1 (2018), *et seq.*, breach of express warranty, breach of the implied warranty of merchantability, and for unjust enrichment.[7]

On November 1, 2018, the Court issued its Memorandum Opinion and Order ("Order") regarding Defendants' motion to dismiss the Amended Albertsons Complaint. *See* Order, ECF No. 297. The Court dismissed Plaintiffs' claims for violation of the ADTPA and dismissed the ICFA

---

[4]     Amended Albertsons Compl., ¶¶ 1, 15, 16.

[5]     Amended Albertsons Compl., ¶ 19.

[6]     Amended Albertsons Compl., ¶ 20.

[7]     Amended Albertsons Compl. ¶¶ 38-81.

2

claims to the extent that they were based on Defendants' representation that the Products consisted of 100% grated parmesan cheese. *See id.* at 31. However, the Court permitted Plaintiffs to proceed on the ICFA claim on the theory that Defendants misrepresented and omitted that cellulose is used as filler in the Products. *See id.* Further, the Court denied Defendants' motion to dismiss with respect to the breach of warranty and unjust enrichment claims. Now, Defendants ask the Court to dismiss the claims that survived the already ruled on motion to dismiss.

## ARGUMENT

Defendants' Motion seeks judgment on the pleadings of Plaintiffs' ICFA claim, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and for partial summary judgment on Plaintiffs' warranty and unjust enrichment claims, pursuant to Federal Rule of Civil Procedure 56. Because Plaintiffs sufficiently alleged that Defendants' conduct proximately caused the damages they suffered, and because Plaintiffs raised a genuine issue of material fact as to Defendants' knowledge of the warranty claims before the action was initiated, the Court should deny the Motion.

**I.    PLAINTIFFS ADEQUATELY PLEAD CLAIMS UNDER THE ICFA.**

    **A.    Legal Standard.**

A motion to dismiss on the pleadings is treated the same as a motion for dismissal under Rule 12(b)(6). *In re Seagate Tech. LLC Litig.*, No. 16-cv-523, 2017 WL 3670779, *5 (N.D. Cal. Aug. 25, 2017) (citing *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)). As such, the court must accept as true all factual allegations in the complaint and make all reasonable inferences in favor of the nonmoving party. *See Wagner v. Teva Pharmaceuticals USA, Inc.*, 840 F.3d 355, 357–58 (7th Cir. 2016). A complaint survives a motion for judgment on the pleadings if it can "state a claim for relief that is plausible on its face." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550,

U.S. 544, 570 (2007)). A motion for judgment on the pleadings should be granted "[o]nly when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Moss*, 473 F.3d 694, 698 (7th Cir. 2007) (internal citation omitted).

## B. Plaintiffs Sufficiently Plead a Claim for Violation of the ICFA.

Defendants' motion for judgment on the pleadings is merely an attempt to get a second bite at the apple. The Court addressed in the Order the argument that Plaintiffs failed to allege a causal connection between Defendants' conduct and the harm suffered by Plaintiffs and class members. *See* Order, ECF No. 297, pp. 15-16 (stating that the Court will "consider [the causation] argument as to Albertsons/SuperValu . . . because the argument applies with equal force to them all."). After considering the argument, the Court denied Defendants' motion to dismiss with respect to Plaintiffs' ICFA claim. *See id.*, p. 31. The Court should do the same for Defendants' motion for partial judgment on the pleadings.

Plaintiffs sufficiently alleged causation. To state a claim for violation of the ICFA, Plaintiffs must prove: 1) a deceptive act or practice by Defendants; 2) that the act or practice occurred in the course of conduct involving trade or commerce; 3) that Defendants intended for Plaintiffs and class members to rely on the deception; and 4) damages that resulted from the deception. *See Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 180 (2005). Defendants contend only that the Amended Albertsons Complaint does not explicitly state that Plaintiffs Lang or Bell reviewed the ingredients panel on the back of the Product, and, therefore, did not rely on the misrepresentation on the Product. Defendants attempt to expand the causation requirement beyond the requirements of Illinois law.

While a plaintiff must prove that his or her injuries were proximately caused by the defendant's misrepresentations or omissions, Illinois does not require that the plaintiff have actually relied on the misrepresentation or omission. *See Connick v. Suzuki Motor Co., Ltd.*, 174 Ill. 2d 482, 501 (1996) ("Plaintiff's reliance is not an element of statutory consumer fraud"). Further, "the required allegation of proximate cause is minimal since that determination is best left to the trier of fact." *Id.* at 504 (citing *Petrauskas v. Wexenthaller Realty Management, Inc.*, 186 Ill. App. 3d 820, 832 (1st Dist. 1989).

Illinois uses the "foreseeability" test for proximate cause. *Rivera v. Garcia*, 401 Ill. App. 3d 602, 610 (1st Dist. 2010) (citation omitted); *Saika v. Ocwen Loan Servicing, LLC*, No. 18-cv-3888, 2018 WL 6433853, at *10 (N.D. Ill. Dec. 7, 2018) (Feinerman, J.) (applying the foreseeability test). That is, whether "a reasonable person could foresee that his conduct could lead to the injury complained of." *Rivera*, 401 Ill. App. 3d at 610 (citation omitted). Generally, proximate cause is an issue of fact to be determined by the jury. *See id.*

In this case, Plaintiffs have sufficiently alleged that the harm they and the other class members suffered was caused by Defendants' misrepresentations and omissions. By misrepresenting and omitting that the Product contains a significant amount of cellulose as filler, Defendants sold Plaintiffs and the other class members a smaller amount of cheese than promised. Plaintiffs and the other class members have been harmed in the same way one is harmed when buying one volume of product and get a significantly smaller volume.. Further, it is reasonably foreseeable to Albertson's that filler takes the place of cheese, allowing Defendants to save money, yet charge the same amount to consumers.

Moreover, the cases relied on by Defendants are inapposite. First, of the four cases cited by Defendants, only one was decided on a motion to dismiss, *Haywood v. Massage Envy*

5

*Franchises,* LLC, 887 F.3d 329 (7th Cir. 2018), while two were decided on summary judgment, *Mulligan v. QVC, Inc.*, 382 Ill. App. 3d 620 (1st Dist. 2008); *De Bouse v. Bayer*, 235 Ill. 2d 544 (2009), and another on a motion for class certification, *Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006). Second, even addressing the merits of Defendants' cases, they are inapplicable to the issue before the Court.

In *Haywood*, the plaintiff was given a gift certificate for a massage business. *See Haywood*, 887 F.3d at 332. After getting a massage, the plaintiff sued the defendant, alleging the defendant mispresented the length of its "1-hour massage" because, after speaking with the massage therapist and taking time to undress, the massage only lasted 50 minutes. *See id.* Addressing causation, the *Haywood* Court stated that the plaintiff not only failed to allege that her belief as to the length of the massage caused her to make the appointment, but also she failed to point to any statement that "caused her to pay for something she did not receive . . . ." *Id.* at 334. Instead, she booked the massage merely because she had a gift certificate. *See id.*

In contrast, here, Plaintiffs alleged that their injuries were caused by specific representations and omissions of material fact. Defendants failed to inform Plaintiffs and class members that cellulose was used in the Product as filler. Instead, Defendants affirmatively misrepresented that they used cellulose as an anticaking agent—no mention of filler yet tests show their grated cheese has one of the highest, if not the highest reported amounts of cellulose, over 8%. Plaintiffs did not receive that which was promised. As such, Plaintiffs sufficiently alleged that Defendants' conduct proximately caused their injuries.

In *De Bouse*, the court, on the defendant's motion for summary judgment, held that the plaintiff could not prove causation, because she stated during her deposition that she did not hear or see any statements from the defendant. *De Bouse*, 235 Ill. 2d at 554. Instead, the medication

was prescribed to the plaintiff by her physician. *See id.* at 551. The *De Bouse* Court held that the plaintiff must directly or indirectly receive a communication or advertisement from the defendant to maintain a claim for violation of the ICFA and cannot rely on a "market theory" of causation—*i.e.*, that the misrepresentation was made to others, which increased the overall price of the product. *See id.* at 555.

Similarly, in *Mulligan*, the plaintiff alleged that QVC violated the ICFA by misrepresenting the "retail value" of certain products that it sold. *See Mulligan*, 382 Ill. App. 3d at 622. However, the court granted summary judgment for QVC on the ICFA claim because the plaintiff admitted in her deposition that "she would have purchased the products from QVC even if QVC" did not make the misrepresentations. *See id.*

In contrast, in this case, Defendants' conduct and deceitful message was directed to Plaintiffs and other class members on the Product itself. Unlike *De Bouse*, Plaintiffs do not contend that statements were made only to a third party which, in turn, permitted Defendants to shortchange consumers. Instead, Plaintiffs contend that Defendants did not provide the quantity of cheese promised because they used cellulose as filler in the Product and therefore they were damaged.[8] Therefore, unlike in *Mulligan*, Plaintiffs have alleged that their damages were caused by Defendants' acts and omissions, which is sufficient to survive a Rule 12(c) motion.

Finally, *Oshana* is similarly inapplicable. In *Oshana*, the court affirmed the denial of a motion for class certification, finding that the plaintiff could not prove all class members were deceived by the misrepresentation, because "some people may have bought fountain Diet Coke *because* it contained saccharin . . . ." *Oshana*, 472 F.3d at 513-14. In this case, for the purposes of

---

[8] *See* Amended Albertsons Compl. ¶¶ 4, 77, 28.

a motion under Rule 12(c), the Court must accept as true Plaintiffs' allegations. The notion that consumers purchased the Products because they contain 8.8% cellulose filler is absurd.

Instead, this case is similar to the allegations in *Connick*, where the court found plaintiffs sufficiently alleged causation for a violation of the ICFA. *Connick*, 174 Ill. 2d at 505. In that case, the plaintiffs alleged, *inter alia*, that the defendant failed to disclose to consumers that a Suzuki Samurai vehicle was prone to roll over and had inadequate protection for passengers. *See id.* at 488. The Illinois Supreme Court held that the "omission or concealment of a material fact in the conduct of trade or commerce constitutes consumer fraud." *Id.* at 504. The Court permitted the ICFA claim to survive the motion to dismiss because the plaintiffs alleged that the defendant had actual knowledge of the defect, failed to disclose the defect to consumers, and the defect was a material fact. *Id.*

Similarly, in this case, Plaintiffs alleged that Defendants failed to disclose that the cellulose was used as filler in the Product. Defendants had actual knowledge that the cellulose was a filler, and not just used for anticaking. Further, Plaintiffs alleged that they did not receive the quantity of cheese promised. Therefore, Defendants' acts and omissions were material to the transactions. Therefore, Plaintiffs have sufficiently alleged a violation of the ICFA.

## II. DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' WARRANTY AND UNJUST ENRICHMENT CLAIMS.

### A. Legal Standard.

A motion for summary judgment under Federal Rule of Civil Procedure 56 should only be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005). In ruling on a motion for summary judgment,

the Court must construe all facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Bennett v. Roberts*, 295 F.3d 687, 694 (7th Cir. 2002). The court may not weigh the evidence or decide which testimony is more credible. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The court must "avoid[] the temptation to decide which party's version of the facts is more likely true." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003); *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 604 F.3d 490, 507 (7th Cir. 2010).

A genuine issue of fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Miller v. Am. Airlines, Inc.*, No. 03 C 7756, 2007 WL 489147, at *1 (N.D. Ill. Feb. 6. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material if it is capable of affecting the outcome under the substantive law governing the motion. *Miller*, 2007 WL 489147, at *2. To establish a genuine issue of fact, the non-moving party must present some evidence to identify the material facts that show there is a genuine issue for trial. *Id.* at *2. Therefore, the court will only grant a defendant's motion for summary judgment when, after viewing the facts in the light most favorable to the plaintiff, the defendant proves there are no genuine issues of material fact.

### B. Defendants had Actual Knowledge of the Breach of Warranty Claims before Plaintiffs Initiated this Action.

Defendants' sole argument in its Motion regarding Plaintiffs' claims for breach of express and implied warranty claims is that Plaintiffs did not give Defendants notice of the claims before initiating this action. However, Defendants ignore the fact that it had actual notice of the fact that the Product contained high amounts of cellulose before this action was filed. As such, because a genuine issue of material fact exists as to Defendants' knowledge of the defect in the Product, the Court should deny the Motion.

Ultimately, the notice requirement is an issue of fact for the jury. *In re Rust-Oleum*, 155 F. Supp. 3d at 801–02 (noting "the sufficiency and reasonableness of notice provided to the defendant is usually a fact question for the jury in many of the states at issue," including under Alabama and Illinois law) (internal quotations omitted). Further, numerous courts have held that the "notice requirement should not be applied stringently . . . ." *See Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 840 F.2d 730, 737 (9th Cir. 1998) (collecting cases).

Moreover, "[p]arties may be excused from the pre-litigation notice requirement when . . . the defendant had actual knowledge of the product's defect." *Biffar v. Pinnacle Foods Grp., LLC*, No. 16-cv-00873, 2016 WL 7429130, at *5 (S.D. Ill. Dec. 22, 2016) (in a case where "Defendant ha[d] actual knowledge that its Product contains artificial ingredients and . . . others ha[d] already alerted Defendant to the issues with its Product," finding "[w]hether and to what extent notice is sufficient is a question of fact not susceptible to a motion to dismiss").

Defendants' knowledge of the breach of warranties goes beyond the generalized knowledge allegations at issue in *Connick*, and *Anthony v. Country Life Manuf. LLC*, 70 F. App'x 379 (7th Cir. 2003). In *Anthony*, the plaintiff's sole allegation regarding the defendant's knowledge was that the defendant knew the ingredients in its product. *See Anthony*, 70 F. App'x at 384. Similarly, in *Connick*, the plaintiffs only included allegations of the defendant's "generalized knowledge about the safety concerns of third parties," which was insufficient to show the defendant had actual knowledge of the defects in the products. *Connick*, 174 Ill. 2d at 493.

In contrast, here, Plaintiffs have raised more than just a basic allegation that Defendants is aware of the ingredients in the Product. Defendants had actual knowledge that cellulose was used as filler in the Product.[9] For example, Product testing was conducted prior to the filing of the

---

[9] *See* Amended Albertsons Compl., ¶¶ 4, 19, 44.

complaints in February 2016,[10] which was widely publicized. In fact, a representative of certain stores selling the Products was quoted in the article that disclosed that independent testing confirmed that 8.8% of the Products consisted of cellulose.[11] Moreover, the FDA limits the use of cellulose to prevent caking to a maximum of 2% of the weight of the finished food product. *Grated Cheese; Amendment of the Standard of Industry*, 51 Fed. Reg. 30,210 (August 25, 1986) (codified at 21 C.F.R. § 133.146)). A reasonable inference is that, at least when Defendants were contacted by the author of the article regarding the finding that 8.8% of the Product is cellulose, they had actual knowledge that the Product breached the warranties. Thus, because the amount of cellulose in the Product is far greater than is needed or permitted to achieve the anticaking effects,[12] Defendants had actual knowledge that every individual who purchased the Product had a valid breach of warranty claim against Defendants.

As such, Plaintiffs have raised a genuine issue of material fact as to Defendants' knowledge of the breach prior to this action and whether a pre-litigation notice was required. Therefore, the Court should deny Defendants' Motion.

### C. Plaintiffs' Unjust Enrichment Claims.

The Court dismissed the unjust enrichment claims under the 100% cheese theory, but permitted the unjust enrichment claims to proceed under the Anticaking theory. *See* Opinion, ECF No. 297, pp. 29-31. Defendants now seek summary judgment on Plaintiffs Lang' and Bell's unjust enrichment claims under Illinois law contending that it is "based on the same alleged wrongdoing and subject matter as their ICFA and breach-of-warranty claims." *See* Motion, p. 11. SuperValu

---

[10] *See* Amended Albertsons Compl., ¶ 19.

[11] *See* Mulvany, *supra* note 2

[12] *See* Amended Albertsons Compl., ¶ 23.

11

contends the Alabama unjust enrichment claim fails because the Amended Albertsons Complaint alleges a contractual warranty claim—*i.e.*, the breach of express warranty. *Id.* However, the unjust enrichment claims survive Defendants' motion not only because the Court should not dismiss the ICFA and warranty claims, *see supra*, but also because the unjust enrichment claim is *not* based on the same wrongdoing and Plaintiffs are permitted to bring claims in the alternative.

### 1. Plaintiff Wills Is Permitted to Bring the Alabama Unjust Enrichment Claim in the Alternative.

SuperValu seeks dismissal of Plaintiff Wills' breach of express warranty claim as well as the unjust enrichment claim under Alabama law because Plaintiff Wills cannot allege a wrong arising out of a quasi-contract relationship (unjust enrichment) if he also alleges a wrong arising out of a contractual relationship (express warranty). *See* Motion, p. 13. SuperValu's logic is flawed and its argument without merit for an obvious reason: if the Court grants Defendants' Rule 12(c) motion and dismisses Plaintiff Will's express warranty claim, only Will's unjust enrichment claim remains. SuperValu failed to raise any other basis for this Court to dismiss Plaintiff Wills' unjust enrichment claim. Additionally, the Court has previously held that "it would be premature to dismiss unjust enrichment claims at the pleading stage simply because the plaintiff also pursues claims at law." *See* Opinion, ECF No. 297, p. 28.

Additionally, in the Court's Opinion on Defendants' motion to dismiss the Amended Albertsons Complaint, the Court specifically addressed this issue and permitted Plaintiff Wills to proceed on the unjust enrichment claim because Federal Rule of Civil Procedure 8(d)(2) permits parties to bring claims in the alternative. *See* Order, ECF No. 297, p. 28. The Court's prior holding has the same force on a motion for summary judgment. *See Archie v. Frank Cockrell Body Shop, Inc.*, 581 F. App'x 795, 799-800 (11th Cir. 2014) (applying Rule 8(d) in denying summary judgment).

Further, none of the cases cited by Defendants discuss whether Rule 8 permits a party to proceed on alternative theories. In fact, in *Kennedy v. Polar-BEK & Baker Wildwood P'ship*, 682 So. 2d 443 (Ala. 1996), which is cited by Defendants, the Alabama Supreme Court held that it was proper for the trial court to submit both the express and implied contract claims to the jury. *See id.* at 447 ("it was for the jury to decide whether an express contract existed, or an implied contract and we conclude that the trial court properly submitted both alternative contract theories to the jury."). As such, the Court should deny summary judgment on Plaintiff Wills' unjust enrichment claim.

### 2. Plaintiffs Lang and Bell Can Proceed on their Unjust Enrichment Claim.

Defendants contend that because the Illinois unjust enrichment claim is "based on the same alleged conduct underlying Plaintiffs' ICFA and warranty claims" they are entitled to summary judgment if those claims are dismissed. *See* Motion, p. 12. However, because Plaintiffs' ICFA and warranty claims survive the Motion, Plaintiffs' unjust enrichment claims survive as well. *See supra*, §§ I., II.B. Further, Defendants misconstrue the law regarding unjust enrichment claims.

The principle underlying the doctrine of unjust enrichment is that "[a] person who has been unjustly enriched at the expense of another is required to make restitution to the other." *Midcoast Aviation, Inc. v. Gen. Elec. Credit Corp.*, 907 F.2d 732, 737 (7th Cir. 1990) (quoting Restatement of Restitution § 1 (1937)). Plaintiffs' unjust enrichment claim should be interpreted as a quasi-contract claim seeking restitution. *See id.*; *see also, e.g.*, *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). To state a cause of action based on the theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of the benefit violates fundamental principles of justice, equity,

and good conscience. *See, e.g.*, *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. 1989). Plaintiffs have done this.

Defendants further contend that because the unjust enrichment claims are based on the same alleged wrongdoing as Plaintiffs' ICFA and breach of warranty claims, the claims must fall together. Defendants rely on *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 513 (7th Cir. 2011) for this proposition, but as this Court has recognized, *Cleary* should not be read so broadly. *See Muir v. NBTY, Inc.*, No. 15 C 9835, 2016 U.S. Dist. LEXIS 129494, at *29 (N.D. Ill. Sep. 22, 2016) ("This court is uncertain that *Cleary* establishes what Defendants say it does: that when an unjust enrichment claim rests on the same facts alleged in support of a consumer fraud action, dismissal of the consumer fraud claim dooms the unjust enrichment claim, as well."). Rather, *Muir* explained that *Cleary* held that dismissal of a consumer fraud cause of action for failure to state a claim may necessitate dismissal of the unjust enrichment claim where the basis for the unjust enrichment claim is based on the plaintiff's theory that the defendant engaged in an unfair business practice. *See id.*; *see also Landlock Nat'l Paving, Inc. v. Desin L.P.*, No. 12-cv-02893, 2013 WL 4854361, at *5 (N.D. Ill. Sept. 11, 2013) (Feinerman, J.) ("[A]bsent that the defendants engaged in an unfair practice, Siegel's unjust enrichment claim is not viable." (quoting *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010)). Regardless, Plaintiffs' claims for breach of warranty and violation of the consumer fraud statutes do not fail, so neither does their unjust enrichment claim. For this reason, Defendants' arguments should be rejected.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion for Partial Judgment on the Pleadings and for Partial Summary Judgment.

Dated: January 24, 2019	Respectfully submitted,

s/ Ben Barnow

Ben Barnow
Erich P. Schork
Barnow and Associates, P.C.
1 North LaSalle St., Suite 4600
Chicago, Illinois 60602
b.barnow@barnowlaw.com
e.schork@barnowlaw.com
(312) 621-2000 (ph)
(312) 641-5504 (fax)

Timothy G. Blood
Blood Hurst & O'Reardon, LLP
501 West Broadway
Suite 1490
San Diego, CA 92101
tblood@bholaw.com
 (619) 338-1100 (ph)
(619) 338-1101 (fax)

Eduard Korsinsky
Andrea Clisura
Levi & Korsinsky LLP
30 Broad Street, 24th Floor
New York, NY 10004
ek@zlk.com
aclisura@zlk.com
(212) 363-7500 (ph)
(212) 363-7171 (fax)

*Plaintiffs' Interim Co-Lead Counsel*

Thomas A. Zimmerman, Jr.
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 (ph)
(312) 440-4180 (fax)
tom@attorneyzim.com

Robert A. Clifford
Clifford Law Offices
120 N. LaSalle Street, 31st Floor
Chicago, IL 60602
(312) 899-9090
RAC@cliffordlaw.com

*Plaintiffs' Executive Committee for*
*SuperValu Inc. and Albertson's LLC Track*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on January 24, 2018, a copy of the foregoing document was electronically filed with the United States District Court, Northern District of Illinois, via the Court's CM/ECF filing system, which will send notification of such filing to counsel of record.

                                        *s/ Ben Barnow*
                                        Ben Barnow