# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICES LITIGATION<br><br>*This Document Relates to All Cases on the Albertsons and SuperValu Track* | Civil No. 1:16-cv-05802<br><br>MDL 2705<br><br>Judge Gary S. Feinerman |

**PLAINTIFFS' RESPONSE TO DEFENDANTS ALBERTSONS COMPANIES, INC., ALBERTSONS LLC, AND SUPERVALU, INC.'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

NOW COME Plaintiffs ANN BELL, DAN LANG, and MICHAEL WILLS (collectively, "Plaintiffs"), individually, and on behalf of all others similarly situated, by and through counsel, and for their *Response to Defendants Albertsons Companies, Inc., Albertsons LLC, and Supervalu, Inc.'s Local Rule 56.1 Statement of Material Facts in Support of Their Motion for Partial Summary Judgment*, state as follows:

1. Plaintiff Ann Bell ("Bell") is a citizen of the State of Illinois, residing in Palatine, Illinois. (Doc. 227 at ¶ 9.)

      **Response:**    **Admitted.**

2. Plaintiff Dan Lang ("Lang") is a citizen of the State of Illinois, residing in Chicago, Illinois. (*Id.* at ¶ 10.)

      **Response:**    **Admitted.**

3. Plaintiff Michael Wills ("Wills") is a citizen of the State of Alabama, residing in Mumford, Alabama. (*Id.* at ¶ 11.)

**Response:** **Admitted.**

4. Defendant Albertsons LLC is a Delaware limited liability company headquartered in Boise, Idaho. (*Id*. at ¶ 12.)

**Response:** **Admitted.**

5. Defendant Albertsons Companies, Inc. is a Delaware corporation headquartered in Boise, Idaho. (*Id*. at ¶ 13.)

**Response:** **Admitted.**

6. Defendant Supervalu, Inc. ("Supervalu") is a Delaware corporation with its headquarters in Eden Prairie, Minnesota. (*Id*. at ¶ 14.)

**Response:** **Admitted.**

**Venue and Jurisdiction**

7. The Court has original jurisdiction over the case under 28 U.S.C. § 1332(d) because the case is brought as a "class action" (as defined in 28 U.S.C. § 1332(d)(1)(B)), at least one of the proposed "class members" (as defined in 28 U.S.C. § 1332(d)(1)(D)) is a citizen of a State different from one of the Defendants, and the aggregate amount in controversy exceed the sum of value of five million dollars, excluding interest and costs. (*See id*. at ¶ 7.)

**Response:** **Admitted.**

8. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims in the action occurred. Additionally, the underlying lawsuits comprising this Amended Complaint have been transferred to this Court for coordinated pretrial proceedings pursuant to the Transfer Order of the JPML dated June 2, 2016. (*See id*. at ¶ 8.)

**Response:** **Admitted.**

## Material Facts

9. Defendants promoted, distributed, marketed, and/or sold grated parmesan cheese products ("Products") throughout the United States. (*Id.* at ¶¶ 1, 16.)

   **Response:** Admitted.

10. Supervalu distributes the Products to Supervalu and Albertsons stores. (*Id.* at ¶ 15.)

    **Response:** Admitted.

11. The Products' package label stated "100%" Grated Parmesan Cheese" or "100% Grated Parmesan & Romano Cheese." (*Id.* at ¶ 18.)

    **Response:** Admitted.

12. The Products' package label also stated: "INGREDIENTS: MILK, CHEESE CULTURE, SALT, ENZYMES, POWDERED CELLULOSE, ADDED TO PREVENT CAKING. CONTAINS MILK." (Doc. 157 at 11-12, Declaration of Catherine Proper, ¶¶ 4–5, Exs. A, B, Doc. 227 at ¶¶ 4, 39).

    **Response:** Admitted.

**Bell**

13. Bell alleges she purchased the Products at Albertsons' Jewel Osco stores in Illinois. (Doc. 227 at ¶ 9.)

    **Response:** Admitted.

14. Bell alleges she purchased the "100% Grated Parmesan Cheese" Product believing it was 100% Parmesan cheese. (*Id.*)

    **Response:** Admitted.

15. Bell alleges she purchased the "100%" Grated Parmesan & Romano Cheese" Product believing it was 100% Grated Parmesan & Romano cheese. (*Id.*)

    **Response:** Admitted.

16. Bell does not allege she read the ingredients list on the Products' packaging. (*See id*. at ¶¶ 4, 39.)

> **Response:** **Plaintiffs object to the statement as immaterial and incorrectly implying that such an allegation was required—it was not. Plaintiffs also object because the absence of an allegation regarding an event in a complaint does not constitute a fact that the event did not occur. Subject to these objections and to the extent the statement is limited to whether Plaintiffs expressly allege in the complaint that Bell read the ingredients list, Plaintiffs admit the statement. Plaintiffs otherwise deny the statement. *See* ECF No. 227, ¶ 28 ("Plaintiffs and the Class members did not receive that which was promised and represented to them. Each has been exposed to Defendants' advertisements and has seen the Products' labels"). *See also* ECF No. 227, ¶¶ 4, 39, 40.**

17. Bell does not allege she believed the Products "contain more cellulose powder than needed to achieve anticaking effects." (*See id*. at ¶ 4.)

> **Response:** **Denied. *See* ECF No. 227, ¶ 23 ("Defendants add powdered cellulose in amounts that exceed what is necessary for achieving anticaking effects in the products"). *See* ECF No. 227, ¶ 4.**

18. The Court has previously determined from the allegations in the Complaint that because Bell purchased the Products believing them to be "100% Grated Parmesan Cheese" or "100% Grated Parmesan and Romano Cheese," the necessary implication is that she never consulted, let alone relied upon, the ingredient labels' assertions that cellulose was added to prevent caking. (Doc. 297 at 16.)

> **Response:** **This statement is composed of improper argument and conjecture. Plaintiffs object to this statement as containing legal arguments (as opposed to facts) that are not proper under Local Rule 56.1. *See FirstMerit Bank*, 2014 WL 6065817, *6-7. Because the statement does not set forth a fact, much less a material fact, Plaintiffs deny the statement.**

19. The Amended Complaint does not contain factual allegations that Bell provided either Albertsons or Supervalu with, or that either Albertsons or Supervalu received, pre-suit notice of express or implied warranty claims in connection with her purchases of the Products. (*See* Doc. 227, generally.)

> **Response:** **Plaintiffs object to the statement as immaterial, incorrectly implying that such an allegation was required, and containing legal arguments that are not proper under Local Rule 56.1.** ***See FirstMerit Bank***, **2014 WL 6065817, \*6-7. Plaintiffs also object because the absence of an allegation regarding an event in a complaint does not constitute a fact that the event did not occur. Subject to these objections and to the extent the statement is limited to whether the complaint expressly alleges that "Bell provided either Albertsons or Supervalu with, or that either Albertsons or Supervalu received, pre-suit notice of express or implied warranty claims in connection with her purchases of the products," Plaintiffs admit it does not.**

20. Prior to the filing of this action, Albertsons did not receive pre-suit notice by Bell of express or implied warranty claims in connection with her purchases of the Products. (Doc. 311, Ex. B, Declaration of Shelby Brooks on behalf of Albertsons, ¶ 5.)

> **Response:** **Plaintiffs object to this statement as it contains factual and legal arguments that are not proper under Local Rule 56.1.** ***See FirstMerit Bank***, **2014 WL 6065817, \*6-7. To the extent that this statement involves facts in the sole possession of Defendants prior to an opportunity for Plaintiffs to take any discovery, Plaintiff objects to Defendants' motion as premature. To the extent that a response is required, Plaintiff denies that Albertsons did not have notice of Bell's claims against it. Defendants had actual knowledge that cellulose was used as filler in the Product. Product testing was conducted prior to the filing of the complaints in February 2016, which was widely publicized.** ***See*** **https://www.bloomberg.com/news/articles/2016-02-16/the-parmesan-cheese-you-sprinkle-on-your-penne-could-be-wood. A corporate representative was quoted in the article that disclosed that independent testing confirmed that 8.8% of the Product consisted of**

5

> cellulose. To the extent this statement is limited to the issue of whether Albertsons received a pre-suit notice letter from Bell, admitted.

21. Prior to the filing of this action, Supervalu did not receive a pre-suit notice by Bell of express or implied warranty claims in connection with her purchases of the Products. (Doc. 311, Ex. A, Declaration of Kristin Walbourn on behalf of Supervalu, ¶ 6.)

> **Response:** **Plaintiffs object to this statement as it contains factual and legal arguments that are not proper under Local Rule 56.1.** *See FirstMerit Bank*, **2014 WL 6065817, \*6-7. To the extent that this statement involves facts in the sole possession of Defendants prior to an opportunity for Plaintiffs to take any discovery, Plaintiff objects to Defendants' motion as premature. To the extent that a response is required, Plaintiff denies that Supervalu did not have notice of Bell's claims against it. Defendants had actual knowledge that cellulose was used as filler in the Product. Product testing was conducted prior to the filing of the complaints in February 2016, which was widely publicized.** *See* **https://www.bloomberg.com/news/articles/2016-02-16/the-parmesan-cheese-you-sprinkle-on-your-penne-could-be-wood. A corporate representative was quoted in the article that disclosed that independent testing confirmed that 8.8% of the Product consisted of cellulose. To the extent this statement is limited to the issue of whether Supervalu received a pre-suit notice letter from Bell, admitted.**

**Lang**

22. Lang alleges he purchased the Products at Albertsons' Jewel Osco stores in Illinois. (Doc. 227 at ¶ 10.)

> **Response:** **Admitted.**

23. Lang alleges he purchased the "100% Grated Parmesan Cheese" Product believing it was 100% Parmesan cheese. (*Id.*)

> **Response:** **Admitted.**

24. Lang does not allege he read the ingredients list on the Products' packaging. (*See id*. at ¶¶ 4, 39.)

> **Response:** **Plaintiffs object to the statement as immaterial and incorrectly implying that such an allegation was required—it was not. Plaintiffs also object because the absence of an allegation regarding an event in a complaint does not constitute a fact that the event did not occur. Subject to these objections and to the extent the statement is limited to whether Plaintiffs expressly allege in the complaint that Lang read the ingredients list, Plaintiffs admit the statement. Plaintiffs otherwise deny the statement.** ***See* ECF No. 227, ¶ 28 ("Plaintiffs and the Class members did not receive that which was promised and represented to them. Each has been exposed to Defendants' advertisements and has seen the Products' labels").** ***See also* ECF No. 227, ¶¶ 4, 39, 40.**

25. Lang does not allege he believed the Products "contain more cellulose powder than needed to achieve anticaking effects." (*See id*. at ¶4.)

> **Response:** **Denied. *See* ECF No. 227, ¶ 23 ("Defendants add powdered cellulose in amounts that exceed what is necessary for achieving anticaking effects in the products"). *See also* ECF No. 227, ¶ 4.**

26. The Court has previously determined from allegations in the Complaint that because Lang purchased the Products believing them to be "100% Grated Parmesan Cheese," the necessary implication is that he never consulted, let alone relied upon, the ingredient labels' assertion that cellulose was added to prevent caking. (Doc. 297 at 16.)

> **Response:** **This statement is composed of improper argument and conjecture. Plaintiffs object to this statement as containing legal arguments (as opposed to facts) that are not proper under Local Rule 56.1. *See FirstMerit Bank*, 2014 WL 6065817, \*6-7. Because the statement does not set forth a fact, much less a material fact, Plaintiffs deny the statement.**

27. The Amended Complaint does not contain factual allegations that Lang provided either Albertsons or Supervalu with, or that either Albertsons or Supervalu received, pre-suit notice

of express or implied warranty claims in connection with his purchases of the Products. (*See* Doc. 227, generally.)

> **Response:** **Plaintiffs object to the statement as immaterial, incorrectly implying that such an allegation was required, and containing legal arguments that are not proper under Local Rule 56.1.** ***See FirstMerit Bank*****, 2014 WL 6065817, \*6-7. Plaintiffs also object because the absence of an allegation regarding an event in a complaint does not constitute a fact that the event did not occur. Subject to these objections and to the extent the statement is limited to whether the complaint expressly alleges that "Lang provided either Albertsons or Supervalu with, or that either Albertsons or Supervalu received, pre-suit notice of express or implied warranty claims in connection with her purchases of the products," Plaintiff admits it does not.**

28. Prior to the filing of this action, Albertsons did not receive pre-suit notice by Lang of express or implied warranty claims in connection with his purchase of the Products. (Doc. 311, Ex. B Declaration of Shelby Brooks on behalf of Albertsons, ¶ 5.)

> **Response:** **Plaintiffs object to this statement as it contains factual and legal arguments that are not proper under Local Rule 56.1.** ***See FirstMerit Bank*****, 2014 WL 6065817, \*6-7. To the extent that this statement involves facts in the sole possession of Defendants prior to an opportunity for Plaintiffs to take any discovery, Plaintiff objects to Defendants' motion as premature. To the extent that a response is required, Plaintiff denies that Albertsons did not have notice of Lang's claims against it. Defendants had actual knowledge that cellulose was used as filler in the Product. Product testing was conducted prior to the filing of the complaints in February 2016, which was widely publicized.** ***See*** **https://www.bloomberg.com/news/articles/2016-02-16/the-parmesan-cheese-you-sprinkle-on-your-penne-could-be-wood. A corporate representative was quoted in the article that disclosed that independent testing confirmed that 8.8% of the Product consisted of cellulose. To the extent this statement is limited to the issue of whether Albertsons received a pre-suit notice letter from Lang, admitted.**

29. Prior to the filing of this action, Supervalu did not receive pre-suit notice by Lang of express or implied warranty claims in connection with his purchases of the Products. (Doc. 311, Ex. A, Declaration of Kristin Walbourn on behalf of Supervalu, ¶ 6.)

> **Response:** **Plaintiffs object to this statement as it contains factual and legal arguments that are not proper under Local Rule 56.1.** *See FirstMerit Bank*, **2014 WL 6065817, \*6-7. To the extent that this statement involves facts in the sole possession of Defendants prior to an opportunity for Plaintiffs to take any discovery, Plaintiff objects to Defendants' motion as premature. To the extent that a response is required, Plaintiff denies that Supervalu did not have notice of Lang's claims against it. Defendants had actual knowledge that cellulose was used as filler in the Product. Product testing was conducted prior to the filing of the complaints in February 2016, which was widely publicized.** *See* **https://www.bloomberg.com/news/articles/2016-02-16/the-parmesan-cheese-you-sprinkle-on-your-penne-could-be-wood. A corporate representative was quoted in the article that disclosed that independent testing confirmed that 8.8% of the Product consisted of cellulose. To the extent this statement is limited to the issue of whether Supervalu received a pre-suit notice letter from Lang, admitted.**

**Wills**

30. Wills alleges he purchased the Products in "various stores" in Alabama. (Doc. 227 at ¶ 11.)

> **Response:** **Admitted.**

31. Wills alleges he purchased the "100% Grated Parmesan Cheese" Product believing it was 100% Parmesan cheese. (*Id.*)

> **Response:** **Admitted.**

32. Wills does not allege he read the ingredients list on the Products' packaging. (*See id.* at ¶¶ 4, 39.)

> **Response:** **Plaintiffs object to the statement as immaterial and incorrectly implying that such an allegation was required—it was not. Plaintiffs also object because the absence of an allegation regarding an event in a complaint does not constitute a fact that the event did not occur. Subject to these objections and to the extent the statement is limited to whether Plaintiffs expressly allege in the complaint that Wills read the ingredients list, Plaintiffs admit the statement. Plaintiffs otherwise deny the statement. *See* ECF No. 227, ¶ 28 ("Plaintiffs and the Class members did not receive that which was promised and represented to them. Each has been exposed to Defendants' advertisements and has seen the Products' labels"). *See also* ECF No. 227, ¶¶ 4, 39, 40.**

33. Wills does not allege he believed the Products "contain more cellulose powder than needed to achieve anticaking effects." (*See id*. at ¶ 4.)

> **Response:** **Denied. *See* ECF No. 227, ¶ 23 ("Defendants add powdered cellulose in amounts that exceed what is necessary for achieving anticaking effects in the products"). *See* ECF No. 227, ¶ 4.**

34. The Court has previously determined from the allegations in the Complaint that because Wills purchased the Products believing them to be "100% Grated Parmesan Cheese," the necessary implication is that he never consulted, let alone relied upon, the ingredients labels' assertion that cellulose was added to prevent caking. (Doc. 297 at 16.)

> **Response:** **This statement is composed of improper argument and conjecture. Plaintiffs object to this statement as containing legal arguments (as opposed to facts) that are not proper under Local Rule 56.1. *See FirstMerit Bank*, 2014 WL 6065817, \*6-7. Because the statement does not set forth a fact, much less a material fact, Plaintiffs deny the statement.**

35. The Amended Complaint does not contain factual allegations that Wills provided either Albertsons of Supervalu with, or that either Albertsons of Supervalu received, pre-suit notice of express or implied warranty claims in connection with h[is] purchases of the Products. (See Doc. 227, generally.)

> **Response:** **Plaintiffs object to the statement as immaterial, incorrectly implying that such an allegation was required, and containing legal arguments that are not proper under Local Rule 56.1. *See FirstMerit Bank*, 2014 WL 6065817, \*6-7. Plaintiffs also object because the absence of an allegation regarding an event in a complaint does not constitute a fact that the event did not occur. Subject to these objections and to the extent the statement is limited to whether the complaint expressly alleges that "Wills provided either Albertsons or Supervalu with, or that either Albertsons or Supervalu received, pre-suit notice of express or implied warranty claims in connection with her purchases of the products," Plaintiff admits it does not.**

36. Prior to the filing of this action, Albertsons did not receive pre-suit notice by Wills of express or implied warranty claims in connection with his purchases of the Products. (Doc. 311, Ex. B, Declaration of Shelby Brooks on behalf of Albertsons, ¶ 5.)

> **Response:** **Plaintiffs object to this statement as it contains factual and legal arguments that are not proper under Local Rule 56.1. *See FirstMerit Bank*, 2014 WL 6065817, \*6-7. To the extent that this statement involves facts in the sole possession of Defendants prior to an opportunity for Plaintiffs to take any discovery, Plaintiff objects to Defendants' motion as premature. To the extent that a response is required, Plaintiff denies that Albertsons did not have notice of Wills' claims against it. Defendant had actual knowledge that cellulose was used as filler in the Product. Product testing was conducted prior to the filing of the complaints in February 2016, which was widely publicized. *See* https://www.bloomberg.com/news/articles/2016-02-16/the-parmesan-cheese-you-sprinkle-on-your-penne-could-be-wood. A corporate representative was quoted in the article that disclosed that independent testing confirmed that 8.8% of the Product consisted of cellulose. To the extent this statement is limited to the issue of whether Albertsons received a pre-suit notice letter from Wills, admitted.**

11

37. Prior to the filing of this action, Supervalu did not receive pre-suit notice by Wills of express or implied warranty claims in connection with his purchases of the Products. (Doc. 311, Ex. A, Declaration of Kristin Walbourn on behalf of Supervalu, ¶ 6.)

> **Response:** **Plaintiffs object to this statement as it contains factual and legal arguments that are not proper under Local Rule 56.1.** *See FirstMerit Bank*, **2014 WL 6065817, \*6-7. To the extent that this statement involves facts in the sole possession of Defendants prior to an opportunity for Plaintiffs to take any discovery, Plaintiff objects to Defendants' motion as premature. To the extent that a response is required, Plaintiff denies that Supervalu did not have notice of Wills' claims against it. Defendants had actual knowledge that cellulose was used as filler in the Product. Product testing was conducted prior to the filing of the complaints in February 2016, which was widely publicized.** *See* **https://www.bloomberg.com/news/articles/2016-02-16/the-parmesan-cheese-you-sprinkle-on-your-penne-could-be-wood. A corporate representative was quoted in the article that disclosed that independent testing confirmed that 8.8% of the Product consisted of cellulose. To the extent this statement is limited to the issue of whether Supervalu received a pre-suit notice letter from Wills, admitted.**

Dated: January 24, 2019

Respectfully submitted,

s/ Ben Barnow

Ben Barnow
Erich P. Schork
Barnow and Associates, P.C.
1 North LaSalle St., Suite 4600
Chicago, Illinois 60602
b.barnow@barnowlaw.com
e.schork@barnowlaw.com
(312) 621-2000 (ph)
(312) 641-5504 (fax)

Timothy G. Blood
Blood Hurst & O'Reardon, LLP
501 West Broadway
Suite 1490

San Diego, CA 92101
tblood@bholaw.com
 (619) 338-1100 (ph)
(619) 338-1101 (fax)

Eduard Korsinsky
Andrea Clisura
Levi & Korsinsky LLP
30 Broad Street, 24th Floor
New York, NY 10004
ek@zlk.com
aclisura@zlk.com
(212) 363-7500 (ph)
(212) 363-7171 (fax)

*Plaintiffs' Interim Co-Lead Counsel*

Thomas A. Zimmerman, Jr.
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 (ph)
(312) 440-4180 (fax)
tom@attorneyzim.com

Robert A. Clifford
Clifford Law Offices
120 N. LaSalle Street, 31st Floor
Chicago, IL 60602
(312) 899-9090
RAC@cliffordlaw.com

*Plaintiffs' Executive Committee for
SuperValu Inc. and Albertson's LLC Track*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on January 24, 2018, a copy of the foregoing document was electronically filed with the United States District Court, Northern District of Illinois, via the Court's CM/ECF filing system, which will send notification of such filing to counsel of record.

                                      *s/ Ben Barnow*
                                      Ben Barnow