UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

| | |
|---|---|
| **IN RE: 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICES LITIGATION** | **Civil Action No. 16 CV 5802** |
| | **MDL 2705** |
| *This Document Relates to all Cases on the Albertsons and Supervalu Track* | **Judge Gary S. Feinerman** |

---

**REPLY MEMORANDUM BY ALBERTSONS COMPANIES, INC., ALBERTSONS LLC, AND SUPERVALU, INC. IN FURTHER SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND PARTIAL SUMMARY JUDGMENT**

Gary Hansen (admitted *pro hac vice*)
Heidi A.O. Fisher (admitted *pro hac vice*)
FOX ROTHSCHILD LLP
222 South Ninth Street, Suite 2000
Minneapolis, MN 55402
Phone: 612.607.7000
ghansen@foxrothschild.com
hfisher@foxrothschild.com

Joseph E. Collins
FOX ROTHSCHILD LLP
353 N. Clark Street, Suite 3650
Chicago, IL 60654
Phone: 312.517.9227
jcollins@foxrothschild.com

*Counsel for Defendants Albertsons Companies, Inc., Albertsons LLC, and Supervalu, Inc.*

### I. INTRODUCTION

In response to the motion by Defendants Albertsons and Supervalu for judgment as a matter of law on their remaining claims, Plaintiffs offer two compelling admissions: (1) the Amended Complaint does not allege they read the ingredients list (Doc. 336-1 at ¶¶ 16, 24), and (2) they did not in fact provide pre-suit notice to Defendants (Doc. 297 at ¶¶ 20, 29, 36). Having offered no legally cognizable exception to these fatal deficiencies, Defendants Albertsons and Supervalu are entitled to judgment in their favor on all remaining claims by Plaintiffs remaining in this action. The Court should grant Defendants' motion in its entirety.

### II. ARGUMENT

Defendants Albertsons and Supervalu are entitled to judgment in their favor on all claims by Plaintiffs remaining in this action. As explained in more detail below:

- Albertsons is entitled to judgment on the pleadings in its favor on Count V (ICFA) because Bell and Lang admit Count V fails to allege proximate cause.

- Albertsons and Supervalu are entitled to summary judgment in their favor on Count I (breach of express warranty) because Plaintiffs admit in their response that they did not give pre-suit notice, a condition precedent to an express warranty claim.

- If the Court grants summary judgment in favor of Albertsons on Counts I and V, Albertsons is entitled to summary judgment in its favor on Count II (unjust enrichment) because Bell and Lang do not and cannot dispute that Illinois law prohibits an independent cause of action for unjust enrichment.

- If the Court grants summary judgment in favor of Supervalu on Count I, Supervalu is entitled to summary judgment in its favor on Count II (unjust enrichment) because under Alabama law Wills cannot maintain his unjust enrichment claim if it is based on same subject matter set forth in his express warranty claim.

**A. BELL AND LANG ADMIT THEY FAILED TO PLEAD ICFA'S PROXIMATE CAUSE REQUIREMENT**

Plaintiffs Bell and Lang base their ICFA claim in Count V on alleged representations on the Products' ingredients panel. (Doc. 227 ¶¶ 77, 81.) They do not plead, however, that they actually saw the ingredients panel prior to purchase. Count V also fails to plead that these same

representations were the proximate or "but-for" cause of Bell's and Lang's alleged injuries. Because the Court previously dismissed several other state consumer statutory claims in this MDL for failure to plead proximate cause, and because similarly "ICFA requires that the plaintiff was deceived in some manner and damaged by the deception," *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513-14 (7th Cir. 2006), Defendants moved this Court for judgment on the pleadings against Bell and Lang on Count V.

In response, Plaintiffs Bell and Lang admit Count V fails to plead they read the ingredients list. (Doc. 336-1 at ¶¶ 16, 24.) This admission by Plaintiffs is no surprise. As the Court aptly recognized at the dismissal stage, Plaintiffs' purported belief the Products contained "100% cheese" is entirely at odds with the information on the ingredients panel. If Bell and Lang alleged they read the ingredients panel, it would constitute an admission that their "100% cheese" allegations were presented in bad faith, entitling Defendants as the prevailing party to a statutory award of attorneys' fees and costs.[1] Because Bell and Lang admit their ICFA claim fails to allege they were deceived by the representations on the ingredients list, disposition in Defendants' favor is warranted on Count V.

Bell and Lang also fail to refute that under ICFA "the plaintiff must have actually been deceived by the defendant's alleged misrepresentations of fact." *Mulligan v. QVC, Inc.*, 888 N.E.2d 1190, 1199 (Ill. App. Ct. 2008); *see also De Bouse v. Bayer AG*, 922 N.E.2d 309, 316 (Ill. 2009) ("[T]o maintain an action under [ICFA], the plaintiff must actually be deceived by a statement or omission that is made by the defendant."); *Oshana,* 472 F.3d at 513–14 (7th Cir.

---

[1] While Rule 8(d)(3) permits a plaintiff to assert inconsistent *theories*, a plaintiff may only plead inconsistent *facts* if they are "legitimately in doubt about the facts in question." *Am. Int'l Adjustment Co. v. Galvin*, 86 F.3d 1455, 1461 (7th Cir. 1996). Here, Bell and Lang cannot be legitimately in doubt about what language they saw—or did not see—on the Products' labels.

2006) ("[T]o properly plead the element of proximate causation in a private cause of action for deceptive advertising under [ICFA], a plaintiff must allege that he was in some manner deceived.") (citations and quotations omitted). Instead of responding to Defendants' argument that they failed to allege proximate cause, Bell and Lang respond to a straw man argument of their own creation. Specifically, they unilaterally rewrite Defendants' proximate cause argument into a "reliance" argument: "Defendants contend only that . . . [Bell and Lang] did not *rely* on the misrepresentation on the Product." (Doc. 336 at 5 (emphasis added)). Bell and Lang then refute this straw man argument as "beyond the requirements of Illinois law" because "reliance is not an element of [ICFA]." (*Id*. at 5-6.) "While it is true, as Plaintiffs argue, that the ICFA does not require reliance, the statute does require proximate causation. As explained above, this means that class members must have seen the alleged misrepresentations." *Mednick v. Precor, Inc.*, 320 F.R.D. 140, 150 (N.D. Ill. 2017) (citations omitted). Consistent with ICFA's proximate causation requirement, Defendants argue Bell and Lang *never saw the representation*, and not whether or not they relied on a representation they never saw. As such, the Court may disregard Bell's and Lang's efforts to withstand an adverse judgment by refuting arguments never presented by Defendants.

Citing no judicial exception to ICFA's proximate cause requirement, Bell and Lang next attempt to distinguish *Mulligan*, *De Bause*, and *Oshana* because they were not decided on a motion to dismiss.[2] To the extent Bell and Lang suggest that causation cannot be decided at the pleading stage, the Seventh Circuit's recent decision in *Haywood v. Massage Envy Franchising, LLC*, 887

---

[2] *De Bause* was decided on summary judgment, based on the plaintiff's admission in deposition testimony that she never saw the advertisements at issue. *Mulligan* was also decided on summary judgment, but highlighted "the lack of proximate cause may be determined by the court as a matter of law where there is no genuine issue of material fact or only one conclusion is clearly evident." *Mulligan*, 888 N.E.2d at 1199. *Oshana,* which was decided at the class certification stage, highlights that consumers who were not deceived by the advertisement cannot recover under ICFA.

3

F.3d 329, 334 (7th Cir. 2018) recognized that a court may determine causation on a motion to dismiss where, as here, "only one conclusion is clearly evident." *Haywood*, 887 F.3d at 334 (citing *Mulligan*, 888 N.E.2d at 1199). Indeed, this Court previously dismissed with prejudice other state consumer claims from this litigation for failure to plead causation. (Doc. 297 at 16) (record citations omitted). Similarly, because causation is a necessary element of an ICFA claim, Count V may also be disposed of at the pleading stage.

Finally, Bell and Lang argue that *Haywood* is factually "inapposite." To the contrary, *Haywood* is illustrative. In *Haywood*, the plaintiff, after "visiting the Massage Envy website," used a Massage Envy gift card to purchase a one-hour massage session, but the massage itself purportedly lasted only 50 minutes. *Haywood*, 887 F.3d at 332. The plaintiff in *Haywood* brought an ICFA claim against Massage Envy, alleging that the website falsely advertised one-hour massage sessions without conspicuously disclosing that the actual massage would last only 50 minutes. *Id*. at 331. Affirming the district court's dismissal of plaintiff's ICFA claim with prejudice, the Seventh Circuit in *Haywood* held that the plaintiff failed to sufficiently allege proximate cause because she failed to plead "a specific deceptive representation" on the website "regarding the one-hour massage session" that caused her to book the appointment:

> Here, the only reasonable conclusion is that Massage Envy's representations regarding the one-hour massage session were not the but-for cause of any alleged injury. There is no allegation in the complaint that her belief about the length of the massage caused Haywood to make the appointment. To the contrary, the only reasonable and plausible inference is that only the receipt of a gift card caused her to book a massage; the alleged deceptive representations did not influence that decision. Her failure to cite a specific deceptive representation that caused her to pay for something she did not receive is particularly problematic in light of Rule 9(b)'s heightened standard. She cannot, based on these allegations, establish that Massage Envy's alleged deception was the but-for cause of her injury, and her claims fail as a result.

*Haywood*, 887 F.3d at 334 (citations and quotations omitted). Similarly, Bell and Lang fail to allege any deceptive representations that they saw on the ingredients list before purchasing the

4

Products. Moreover, because Bell and Lang contemporaneously allege that they believed the Products consisted of 100% cheese, "only one conclusion is clearly evident:" they could not have plausibly read the ingredients panel. Under *Haywood*, Bell and Lang's admitted failure to sufficiently allege ICFA's proximate cause requirement in support of their fraud-based claim warrants judgment in Defendants' favor on Count V.

## B. PLAINTIFFS ADMIT THEY FAILED TO PROVIDE PRE-SUIT NOTICE

Plaintiffs have consistently represented in numerous different pleadings and memoranda that they satisfied "all conditions precedent" to maintaining a cause of action against Defendants for breach of warranty. Their response to Defendants' LR 56.1 statement, however, demonstrates that Plaintiffs in fact did not do so. Specifically, Plaintiffs admit that they did not provide pre-suit notice to Defendants (Doc. 297 at ¶¶ 20, 29, 36), a statutory precondition to maintaining a breach of warranty action under both Illinois and Alabama law. 810 ILCS 5/2-607(3)(A) (2016); ALA. CODE. § 7-2-607 (2016). Based on these admissions, Defendants are entitled to the entry of summary judgment in their favor on the remaining warranty claims in Count I (Breach of Express Warranty) against Albertsons and Supervalu and Count III (Breach of Implied Warranty) against Albertsons.

Faced with certain summary judgment, Plaintiffs ask the Court to overturn decades of Illinois and Alabama jurisprudence to preserve their deficient claims.[3] Regarding Illinois law, Bell and Lang argue that the Court should reject the Illinois Supreme Court's holding in *Connick v. Suzuki Motor Co, Ltd.*, 675 N.E.2d 584 (Ill. 1996) and *Anthony v. Country Life Manufacturing*, 70 Fed. Appx. 379 (7th Cir. 2003), in favor of *Biffar v. Pinnacle Foods Grp., LLC*, No. 16-cv-00873,

---

[3] Plaintiffs also argue that the "sufficiency and reasonableness of notice is an issue of fact for the jury," but fail to explain how that argument applies where, as here, they did not provide *any* notice whatsoever.

5

2016 WL 7429130 (S.D. Ill.) (holding that the plaintiff's allegations of actual notice were sufficient to defeat a Rule 12(b)(6) motion to dismiss). As set forth in Albertsons' opening memorandum, *Connick*—the seminal Illinois decision on pre-suit notice—rejected an automobile owner's allegations of actual notice based on rollover defects present in that particular model automobile being highlighted in a consumer watchdog report, and that same rollover defect resulting in various settlements between the automobile manufacturer and the attorneys general of various states. The Illinois Supreme Court in *Connick* held that this widespread, highly publicized third party notice of serious safety defects associated with the same model automobile the plaintiff purchased was insufficient to satisfy the plaintiff's pre-suit notice requirement, and the plaintiff still needed to personally notify the defendant of the warranty problems with his particular transaction. *Connick*, 675 N.E.2d at 590–91. The *Connick* court further held that for purposes of pre-suit notice, "[t]he notice 'of the breach' required is not of the facts, which the seller presumably knows quite as well as, if not better than, the buyer, but of *buyer's claim* that they constitute a breach." *Id. Anthony* applied *Connick* in a similar matter, requiring the plaintiff to provide notice to the defendant of his particular claim of breach of warranty. *Anthony*, 70 Fed. Appx. at 384.

*Biffar*, the lone case cited by Bell and Lang, did not overrule over two decades of Illinois precedent, and subsequent decisions in this District have criticized such outlier district court decisions as inapposite. For example, in *Block v. Lifeway Foods, Inc.*, Judge Kennelly criticized such non-binding rulings as running contrary to the principles outlined in *Connick* and *Anthony*:

> The Court recognizes that other judges in this district have considered similar facts and concluded that a company's awareness that an entire product line does not conform to its representations about the product is sufficient to allege actual knowledge….This Court is not bound by those rulings and, respectfully, believes that they run contrary to the principles outlined in *Connick* and *Anthony*…. The purpose of this strict notice requirement … is to give effect to the UCC's preference that a breach that does not result in personal injury be cured without a lawsuit….A company that is generally aware of problems with a particular product

6

line will still be unable to resolve breach of warranty claims without a lawsuit if it is unaware which consumers claim to have suffered a breach. Because Block does not allege that he suffered a personal injury from purchasing and consuming Lifeway's kefir, his failure to notify Lifeway of his concern with his particular purchase defeats his claims for breach of warranties.

*Biffar*, 2017 WL 3895565 at *6. Similarly, the article referenced by Bell and Lang, which purportedly tested one sample of the Product and stated the opinion of a "cheese analyst" as to the range of cellulose needed to prevent caking,[4] fails to notify Albertsons which particular consumers claim to have suffered a breach in connection with their particular purchases. Moreover, the article does not state anywhere that the Products purchased by Bell and Lang contain the same percentage of cellulose as the sample,[5] or that Bell and Lang shared the same beliefs regarding the amount of cellulose necessary to prevent caking. Under *Connick*, this article is insufficient as a matter of Illinois law to excuse Bell's and Lang's failure to provide pre-suit notice.

Regarding Wills' warranty claim, as demonstrated in Supervalu's opening memorandum, Alabama law is in accord with Illinois law. *See*, *e.g.*, *Smith v. Apple, Inc.*, No. 08-AR-1498-S, 2009 WL 3958096, at *1 (N.D. Ala.) ("Contrary to plaintiffs' argument, a general awareness on Apple's part of alleged defects in its iPhone does not extinguish the purposes of the notice requirement, nor does it substitute for that requirement under Alabama law."); *Jewell v. Seaboard Indus., Inc.*, 667 So.2d 653, 661 (Ala. 1995) (affirming summary judgment because plaintiff did not give notice of a breach of an implied warranty); *Parker v. Bell Ford, Inc.*, 425 So.2d 1101,

---

[4] Contrary to Plaintiffs' characterization of the article, the article does not state that Defendants used cellulose "as filler" and not to prevent caking. Moreover, Plaintiffs' representation that the FDA limits the use of cellulose to "a maximum of 2 percent of the weight of the finished product" is false. The actual language requires that each "cheese ingredient" used "is present at a *minimum* level of 2 percent of the weight of the finished food." *See* 21 CFR 133.146(b) (emphasis added).

[5] The Amended Complaint does not indicate whether Bell or Lang caused the Products they purchased to be tested for cellulose, or what method the independent testing facility referenced in the article used to measure cellulose.

7

1102 (Ala. 1983) (granting directed verdict where "the record reveals no evidence from which the jury could reasonably infer that Parker gave notice of the defect prior to the filing of this suit"). Wills fails to cite a single Alabama case holding to the contrary, and also fails to distinguish the above Alabama precedent in any regard. As such, summary judgment against Wills is similarly warranted.

### C. PLAINTIFFS CANNOT ESCAPE JUDGMENT ON THE REMAINING UNJUST ENRICHMENT CLAIMS

As demonstrated in Albertsons' opening memorandum, under Illinois law unjust enrichment "is not a separate cause of action that, standing alone, would justify an action for recovery." *Mulligan v. QVC, Inc.*, 888 N.E.2d at 1200; *see also Saletech, LLC v. East Balt., Inc.*, 20 N.E.2d 796, (Ill. App. Ct. 2014) ("Unjust enrichment does not constitute an independent cause of action."). Bell and Lang offer nothing but silence in response to this well-settled authority, a tacit acknowledgement that they cannot maintain a standalone claim for unjust enrichment. As such, an adverse judgment on their remaining ICFA and warranty claims dooms their sole remaining unjust enrichment claim. Because Albertsons is entitled to judgment in its favor on Bell's and Lang's ICFA and warranty claims, Albertsons is similarly entitled to judgment in its favor on Bell's and Lang's remaining unjust enrichment claim in Count II.

Regarding Wills, under Alabama law his breach of warranty claim legally precludes his quasi-contractual claim for unjust enrichment. *See*, *e.g.*, *Kennedy v. Polar-BEK & Baker Wildwood P'ship*, 682 So.2d 443, 447 (Ala. 1996); *Vardaman v. Florence City Bd. of Educ.*, 544 So.2d 962, 965 (Ala. 1989)); *White v. Microsoft Corp.*, 454 F. Supp. 2d 1118, 1133 (S.D. Ala. 2006) ("[W]here a plaintiff has brought claims sounding in both express contract and quasi-contract as to the same subject matter, Alabama courts have deemed the quasi-contract claim not to be cognizable."); *see also Boyington v. Bryan*, 174 So.3d 347, 357 (Ct. App. Ala. 2014) ("Regarding

8

the unjust enrichment claim, we note that our supreme court has recognized [] where an express contract exists between two parties, the law generally will not recognize an implied contract regarding the same subject matter.") (citations and quotations omitted). In response, Wills argues Supervalu's "logic is flawed" and "its argument without merit" because, according to Wills, if the Court "dismisses" Wills' warranty claim, it would be "premature" to "dismiss" his unjust enrichment claim, citing the Court's prior dismissal order. (Doc. 336 at 13.) Supervalu's motion, however, seeks *judgment as a matter of law* on both Wills' express warranty claims and unjust enrichment claims, not *dismissal*. If the Court enters judgment against Wills on his express warranty claim, he is precluded from pursuing a quasi-contractual claim based on the same subject matter under Alabama law. As such, it is Wills' logic that is "flawed" and his argument that is "without merit."

As a last gasp, Wills argues that procedurally he can plead an unjust enrichment claim "in the alternative" to his express warranty claim under Rule 8(d)(2). This argument fails for two reasons. First, Wills did not plead his unjust enrichment claim in the alternative: he incorporates Count I's express warranty allegations in Count II for unjust enrichment. (*See* Doc. 227 at ¶ 46.) This alone eviscerates his argument. *See, e.g., Gulf Coast Mineral, LLC v. Tryall Omega, Inc.*, No. 2:14-CV-1264-WKW [WO], 2016 WL 344960, \*4 (M.D. Ala.) (finding that because the plaintiff's unjust enrichment counts "incorporates all of the paragraphs that precede it," the "complaint simultaneously pleads an express contract (and breach thereof) and unjust enrichment," and "[u]nder these facts, Alabama law precludes [the plaintiff] from succeeding on the unjust enrichment claim."). Second, even had Wills pled in the alternative, which he did not, he cannot proceed on his unjust enrichment claim if the Court grants summary judgment against Wills on his breach of express warranty claim based on the failure to satisfy all conditions precedent, *e.g.*, give

pre-suit notice. Any such judgment against Wills presumes in his favor that there are no issues of material fact, including the existence of a valid express warranty between the parties. As for Wills' attempt to distinguish *Kennedy*, in that case the plaintiff was permitted to present both his express and implied contract claims to a jury because the existence of a written contract was a disputed material fact at trial. As such, the entry of summary judgment against Wills on his express warranty claim in Count I dooms his unjust enrichment claim in Count II as a matter of law.

### III.  CONCLUSION

For the reasons set forth above and in their opening memorandum, Defendants Albertsons Companies, Inc., Albertsons LLC and Supervalu, Inc. move the Court for the entry of judgment in favor of all Defendants on Counts I and II of the Amended Complaint (Doc. 227), and the entry of judgment in favor of Albertsons Companies, Inc. and Albertsons LLC on Counts III and V of the Amended Complaint.

Dated: February 7, 2019

Respectfully submitted,

/s/ *Joseph E. Collins*

Gary Hansen (admitted pro hac vice)
Heidi A.O. Fisher (admitted pro hac vice)
FOX ROTHSCHILD LLP
222 South Ninth Street - Suite 2000
Minneapolis, MN 55402
Telephone: 612.607.7000
Email:   ghansen@foxrothschild.com
         hfisher@foxrothschild.com

Joseph E. Collins
FOX ROTHSCHILD LLP
353 N. Clark St., Suite 3650
Chicago, IL 60654
Telephone: 312.517.9227
Email: jcollins@foxrothschild.com

*Counsel for Defendants Albertsons Companies, Inc., Albertsons LLC, and Supervalu, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2019, I caused a copy of the foregoing to be served to be served on counsel of record via ECF pursuant to Local Rule 5.5(a)(3) and the General Order on Electronic Case Filing of the United States District Court, Northern District of Illinois.

/s/ Joseph E. Collins