# Exhibit 5

# FISCH SIGLER LLP

5301 Wisconsin Avenue NW | Fourth Floor | Washington, DC 20015 USA

March 12, 2021                                                                **Elizabeth Bernard**
*Attorney*
Elizabeth.Bernard@FischLLP.com
Direct: +1.202.362.3529
Main:  +1.202.362.3500

**VIA EMAIL**

Mr. Jaime F. Cardenas-Navia
Reichman Jorgensen Lehman & Feldberg LLP
750 Third Avenue, Suite 2400
New York, NY 10017
jcardenas-navia@reichmanjorgensen.com

                 Re:      *Kove IO, Inc. v. Amazon Web Services, Inc.*
                           Case No. 18-cv-8175 (N.D. Ill.)

Dear Jaime:

       Thank you for your March 8, 2021 email regarding the email production request process governed by the Local Patent Rules for Electronically Stored Information ("LPR ESI") and the Federal Circuit Model Order Regarding E-Discovery in Patent Cases ("Model Order") in this case. AWS made a production today to complete Kove's two confirmed email production requests for Messrs. Vermeulen and Vogels.

       Kove, however, continues to fail to comply with the governing LPR ESI and Model Order for its three remaining email production requests. LPR ESI 2.6(a) states that "[t]o obtain emails parties must propound specific email production requests." And the Model Order further requires that "[e]mail production requests shall only be propounded for specific issues." Model Order at ¶ 7. Kove originally requested that AWS investigate and propose email custodians for three topics related to the accused S3 and DynamoDB services. In response, AWS performed an internal investigation and proposed custodians identified as the most knowledgeable about Kove's requested topics, as well as most likely to have responsive emails available given AWS's retention policies. AWS began identifying these proposed custodians beginning almost three months ago on December 18, 2020, based on its good faith and reasonable investigation. Those individuals are Christoph Bartenstein, Robbie Wright, and Jeff Wierer. But instead of confirming these custodians, Kove demanded AWS collect the emails, run Kove's proposed search terms, and report the results before Kove would agree to those custodians. AWS rejected Kove's demand on February 9, 2021, as it violates the LPR ESI and Model Order. And now, a month later, Kove has rejected all custodians proposed by AWS and ostensibly abandoned the topics it originally requested. Indeed, Kove proposes an entirely new list of four custodians (one more than its entitled to) for AWS to investigate, including Andrew Jassy, the Chief Executive Officer of AWS.

       None of these individuals had primary responsibility for the accused services and so the email production requests for these custodians are improper. Mr. Jassy oversees the entire

operation of AWS, including at least 200 different products and services, of which S3 and DynamoDB are only two. Thus, a request for this custodian is facially improper as it isn't even targeted to the accused services, let alone specific issues in this case as required by the LPR ESI and Model Order. *See* Model Order at ¶ 7. AWS therefore objects to Kove's request it investigate Mr. Jassy's emails.

Similarly, for the other three individuals on Kove's list, none of these individuals have had any direct involvement in the topics requested by Kove for the accused services nor any of the specific issues in this case. Jeff Barr is Chief Evangelist at AWS, whose main focus is developer awareness of AWS and the AWS Blog, covering all products and services at AWS. Adam Selipsky and Ariel Kelman, who are both no longer at AWS, had executive-level responsibilities across AWS's entire global business. Thus, any email production requests for these individuals also fails to comply with the requirement that email discovery focus on specific issues. Nonetheless, in an effort to move discovery forward, AWS has investigated the emails available for these individuals. For Mr. Barr, AWS has approximately 15 GB of emails available. AWS can't determine the date range until the data is further processed and searched, a cost and burden that AWS isn't obligated to undertake until Kove confirms Mr. Barr as one of the remaining three custodians. For Mr. Kelman, AWS has approximately 6 GB of emails preserved. And as with Mr. Barr's emails, AWS can't determine the date range for Mr. Kelman's emails until the data is further processed and searched. For Mr. Selipsky, as he left AWS in August 2016, over two years before Kove filed this case, AWS no longer has any emails available.

If Kove insists on proceeding with Mr. Barr and Mr. Kelman as two of its three remaining email custodians, please confirm and provide the search terms. Without waiving its objections, AWS will proceed with the collection of these emails and will run the search terms. Kove should also confirm its final email production custodian without further delay. As Kove is aware, the process of producing emails can't be completed in just days or even a few weeks. Indeed, AWS's still waiting for Kove to produce its emails in response to AWS's requests, which AWS confirmed on January 15. Kove must propound its remaining email production requests shortly to provide sufficient time for AWS to complete the process by April 30. AWS won't agree to postpone or delay the end of fact discovery due to Kove's failure to timely confirm its remaining email production requests and conform those requests to the LPR ESI and Model Order. We therefore look forward to receiving Kove's final email production request by March 31. Thank you.

Sincerely,

*/s/ Elizabeth Bernard*

Elizabeth Bernard