# Exhibit 6



Jaime F. Cardenas-Navia
750 3rd Avenue, Suite 2400
New York, NY 10017
Direct Dial: (646) 921-1474
jcardenas-navia@reichmanjorgensen.com

April 14, 2021

**By E-Mail**

Jeffrey Saltman
Fisch Sigler LLP
5301 Wisconsin Ave NW 4th Fl.
Washington, DC 20015
Jeffrey.Saltman@FischLLP.com

RE: *Kove IO, Inc. v. Amazon Web Services, Inc.*, Case No. 18-cv-8175 (N.D. Ill.)

Jeffrey,

I write to follow-up on my March 31, 2021 letter and in response to certain parts of your April 7, 2021 letter.[1]

**ESI**

*Number of ESI Custodians:*

We have not yet received a response to our request for an additional 5 ESI custodians. *See* 2021/03/31 Letter from J. Cardenas-Navia. The ESI process can take significant time, as evidenced by the fact that Kove only recently received the full production for the first two of its ESI custodians. To ensure that discovery continues to move forward, we need to know as soon as possible whether AWS agrees to increase the number of custodians. If AWS does not, then we intend to raise this issue with the Court.

Accordingly, please let us know as soon as possible, and by no later than Monday, April 19, whether, pursuant to Local Patent Rule for ESI 2.6(d), AWS agrees to provide ESI for 5 additional custodians.

*Selection of ESI Custodians:*

AWS's response to Interrogatory No. 18, which seeks knowledgeable persons that could serve as appropriate ESI custodians, remains deficient (see below). Nonetheless, we hereby identify the following three ESI custodians:

---

[1] As is generally the case in Kove's written correspondence, this letter does not seek to address point-by-point all the assertions in your letter, and so the fact that certain statements are not specifically addressed should not be interpreted as waiver or acquiescence to them. I feel compelled, however, to respond to your baseless characterization of Kove's efforts to obtain the discovery owed to it under the Federal and Local Rules as a "gambit." We hope to continue to engage in constructive efforts to obtain the discovery the parties need and resolve our disputes without involving the Court, and unfounded accusations and hyperbole are neither productive nor conducive to these efforts.

1) Andy Jassy
2) Ariel Kelman
3) Arun Sundaram

Please promptly provide the time periods for which their emails have been preserved so that we may confirm that these are suitable ESI custodians. I again note that Kove provided this information (and undertook the corresponding expense) for its ESI custodians at AWS's request. *See, e.g.*, 2021/01/05 Letter from J. Cardenas-Navia. We appreciate that AWS provided information about the size of emails (*i.e.*, GB) possessed by Mr. Kelman. *See* 2021/03/12 Letter from E. Bernard. This information is not sufficiently helpful, however, as the size of emails can be heavily skewed by the inclusion of large attachments. Also, as we have stressed a number of times, we are particularly interested in ESI during the early years of the accused products, in part because AWS has produced so few documents from that time period. Knowing the size of emails for a custodian does not give us any insight into whether we would be getting these earlier-in-time emails.

With respect to Mr. Jassy, it is well known that he was instrumental in the decision to launch Amazon's first cloud computing services, most notably Amazon S3, and led its initial launch and subsequent development. *See, e.g.*, https://www.cnet.com/news/andy-jassy-new-amazon-ceo-steps-into-the-spotlight-after-building-a-profit-machine/#:~:text=In%20a%20foreword%20to%20a,Storage%20Service%2C%20or%20Amazon%20S3. ("In a foreword to a 2017 book about cloud computing, Jassy wrote that his team took an internal software tool developed to increase efficiency in Amazon's engineering teams and made it into a valuable product for other businesses, too. This led to the creation of Amazon Simple Storage Service, or Amazon S3"). He necessarily has highly relevant information and unique insight relating to the issues in this case and is an appropriate ESI custodian. For example, we expect that he has ESI that is highly relevant to the hypothetical negotiation, including the business and strategic reasons for developing the accused products and the role of S3 in relation to Amazon's cloud computing ambitions. We also expect that he would have ESI related to early marketing efforts, design considerations, and the knowledge of other companies' technology and patents, such as Kove and its asserted patents. Accordingly, please promptly confirm that AWS will proceed with Mr. Jassy as an ESI custodian.

Finally, so that AWS can provide hit counts, below are Kove's search terms for Mr. Jassy, Mr. Kelman, and Mr. Sundaram:

| |
|---|
| S3 AND (price OR pricing OR (rate w/5 charge) OR fee OR tier OR scale OR scalability OR speed OR availability OR durability OR durable OR throughput OR "bucket size" OR "bytes uploaded" OR (first-byte w/5 latency) OR (total-request w/5 latency) OR "total time" OR (elapsed w/4 time) OR downstream OR "A/B" OR survey! OR (conjoint w/2 study) OR (conjoint w/2 analysis) OR "focus group" OR telemetry OR "journey map" OR "journey mapping" OR Omniture OR Webtrends OR Coremetrics OR SiteSpect) |
| (DB OR DynamoDB) AND (price OR pricing OR (rate w/5 charge) OR fee OR tier OR scale OR scalability OR speed OR availability OR durability OR durable OR (replicat! w/5 latency) OR (successful-request w/5 latency) OR (write w/5 latency) OR (elapsed w/4 time) OR downstream OR "samplecount" OR (sample w/2 count) OR "A/B" OR survey! OR (conjoint |

> w/2 study) OR (conjoint w/2 analysis) OR "focus group" OR telemetry OR "journey map" OR "journey mapping" OR Omniture OR Webtrends OR Coremetrics OR SiteSpect)

*Non-Custodial E-mail Accounts:*

We have still not received information about certain non-custodial email accounts. *See* 2021/04/02 Letter of A. Adler at 4. Please confirm that you are looking into this issue and provide a date by when you will provide the requested information.

*Privilege Logs for ESI Discovery:*

We have not received a response to Kove's proposal that the parties use categorical privilege logs. *See* 20201/03/22 Letter from A. Adler. AWS stated during the meet and confer between the parties on March 19 that it would consider agreeing to the use of categorical privilege logs following review of a model log. Kove provided such a model log on March 22, but has not received a response from AWS. Please let us know whether AWS will agree to categorical privilege logs. In addition, as agreed during the March 19 meet and confer, please confirm that AWS agrees that communications post-dating the filing of the Complaint (and with staff working under direction of counsel (*e.g.*, filing clerks, secretaries, and paralegals)) will not be logged.

**Interrogatory 18**

Your April 17 letter fails to acknowledge or address the deficiencies in AWS's response to Interrogatory 18 that were clearly identified in my March 31 letter. Specifically, Interrogatory 18 requests that AWS identify the two most knowledgeable persons about certain subject matter during specific time periods; yet, for many of the persons identified in AWS's response, AWS does not identify the corresponding time period(s) during which the persons are purportedly most knowledgeable. This information is clearly called for by the interrogatory and is not provided. You also have not explained, or offered to correct, the repetitive language in AWS's response that appears to have been included in error. 2021/03/31 Letter of J. Cardenas-Navia at 1-2. Please confirm by April 21 that you will supplement AWS's response to Interrogatory 18 to address these deficiencies.

*******************************************

As stated in Mr. Adler's April 9 letter, we are available to meet and confer about the ongoing discovery issues on Monday, April 19 between 11am and 1pm eastern time. Please let us know if a time within this window works, or provide alternate times early next week when AWS is available.

Sincerely,

Jaime Cardenas-Navia