# Exhibit 11



5301 Wisconsin Avenue NW | Fourth Floor | Washington, DC 20015 USA

June 2, 2021

**Jeffrey M. Saltman**
Partner
Jeffrey.Saltman@FischLLP.com
Direct: +1.202.362.3640
Main: +1.202.362.3500

<u>VIA EMAIL</u>

Adam Adler
Reichman Jorgensen Lehman & Feldberg LLP
1710 Rhode Island Avenue, NW
12th Floor
Washington, DC 20036
aadler@reichmanjorgensen.com

Re: *Kove IO, Inc. v. Amazon Web Services, Inc.*
Case No. 18-cv-8175 (N.D. Ill.)

Dear Adam:

Thank you for your May 26 letter, Kove's Notice of Deposition of Jeff Barr, and Amended Notice of Deposition of James Sorenson. We're working on available deposition dates for these witnesses, and will provide further information as it becomes available.

We object to Kove's Notice of Deposition of Andrew Jassy under the apex doctrine and thus decline to produce him for deposition. The Northern District of Illinois has applied the apex doctrine to "protect high-level executives from being deposed when any of four circumstances exist: (1) the [executive] has no unique personal knowledge of the matter in dispute; (2) the information can be garnered from other witnesses or (3) other discovery methods; and (4) sitting for the deposition would impose a hardship in light of the [executive's] other duties."[1] All four circumstances apply here.

Mr. Jassy is the Chief Executive Officer of AWS, and thus the highest-ranking AWS executive. He oversees AWS's entire operation, spanning at least 200 different products, only two of which are relevant here. In addition to his current responsibilities as AWS's CEO, Mr. Jassy will become Amazon's CEO in July.

As the Northern District has made clear, "mere knowledge isn't enough to require a deposition: the [executive] must have unique personal knowledge."[2] Kove hasn't demonstrated

---

[1] *See Little v. JB Pritzker for Governor*, No. 18 C 6954, 2020 WL 868528, at *1 (N.D. Ill. Feb. 21, 2020) (citing *Murillo v. Kohl's Corp.*, No. 16-CV-196, 2016 WL 6090862, at *2 (E.D. Wis. Oct. 18, 2016)) (internal quotation marks omitted). *See also*, Fed.R.Civ.P. 26(b)(2); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681-82 (7th Cir. 2002).

[2] *Little*, 2020 WL 868528, at *2 (quoting *In re Yasmin and Yaz*, No. 3:09-md-02100, 2011 WL 3759699, at *2 (S.D. Ill. Aug. 18, 2011)).

that Mr. Jassy's knowledge is unique.³ Indeed, Kove's citations to various public documents to support its assertions don't show otherwise.⁴ Rather, they indicate that other members of the S3 team have the same knowledge of the disputed matters.⁵ And AWS has agreed to produce two early members of that team, Messrs. Vermeulen and Sorenson, for deposition.

To be sure, Kove can obtain any information Mr. Jassy may have from other deponents. For example, Mr. Vermeulen attended the early meetings discussing S3 and has personal knowledge on its development.⁶ His deposition is scheduled for June 4. And Mr. Sorenson had early involvement with S3, as well. Kove doesn't address why it won't be able to obtain the information on the early meetings and development of S3 from Mr. Vermeulen, Mr. Sorenson, or other AWS witnesses.⁷ And as the Eastern District of Wisconsin has explained, "an apex

---

³ Indeed, Kove's statements in disagreeing with AWS's position that Mr. Jassy's ESI would be duplicative of the ESI already collected from Mr. Vermeulen and Mr. Vogels support that Mr. Jassy's knowledge isn't unique. *See* May 18, 2021 Adler Letter to Saltman and Bernard (noting that Mr. Jassy is listed in the To: or CC: line less than 4% of the time in emails spanning a 10-year period and nearly two-thirds of the time provided only a one word response when in the From: line). Mr. Jassy was included in these emails to keep him informed, and they don't reflect his participation as a uniquely knowledgeable witness. *In re Yasmin and Yaz*, 2011 WL 3759699, at *6. Further, in the instances that Mr. Jassy provided more than a one or two-word response, his input was as a senior executive, e.g., seeking clarification of data or providing requested approvals. And those emails indicate others have at least the same knowledge as Mr. Jassy relating to the topics addressed.

⁴ *See* May 18, 2021 Adler Letter to Saltman and Bernard.

⁵ *See, e.g.,* https://www.cnet.com/news/andy-jassy-new-amazon-ceo-steps-into-the-spotlight-after-building-a-profit-machine/ ("Jassy wrote that *his team* took an internal software tool developed to increase efficiency in Amazon's engineering teams and made it into a valuable product for other businesses) (emphasis added); https://www.aboutamazon.com/news/aws/the-deceptively-simple-origins-of-aws ("*The early S3 team* had to puzzle out what was really needed for storage on the internet… *the team* sketched out key elements for the distributed system that would become S3… One analogy *for what the S3 team built*… And while *the S3 team anticipated* that people would be keen for an online storage service… While S3 may have scaled *beyond the team's initial imaginations*, the fundamental approach *they engineered* is still at the core of the service.") (emphasis added).

⁶ March 19, 2021 Adler Letter to Saltman and Bernard. *See also*, April 19, 2021 Saltman Letter to Cardenas-Navia, n.7 (noting Mr. Vermeulen authored a 2004 "S3 Design" document and attended the early S3 meetings).

⁷ *Little*, 2020 WL 868528, at *2.

deposition is generally inappropriate… when the requested information can be garnered from more knowledgeable subordinates."[8]

Finally, sitting for a deposition would impose hardship on Mr. Jassy. He is AWS's Chief Executive Officer and involved with aspects of AWS's entire product offering. And Mr. Jassy is currently preparing to become Amazon's CEO in less than two months. Mr. Jassy's duties would be unreasonably disrupted by having to prepare and sit for a deposition.[9]

For all these reasons, AWS objects to Kove's Notice of Deposition of Mr. Jassy and declines to produce him for a deposition. Please confirm Kove will withdraw its notice of deposition. Thank you.

Sincerely,

Jeffrey M. Saltman

---

[8] *Murillo*, 2016 WL 6090862, at *4 (citation omitted).

[9] *Little*, 2020 WL 868528, at *2 (finding that requiring a deposition would "clearly impose a hardship" when the proposed deponent's duties require his full-time attention at all times).