# Exhibit 15



**FISCH SIGLER** LLP

5301 Wisconsin Avenue NW | Fourth Floor | Washington, DC 20015 USA

June 18, 2021                                                         **Elizabeth Bernard**
*Attorney*
Elizabeth.Bernard@FischLLP.com
Direct: +1.202.362.3529
Main: +1.202.362.3500

**VIA EMAIL**

Taylor Mauze, Esq.
Reichman Jorgensen LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
tmauze@reichmanjorgensen.com

            Re:     *Kove IO, Inc. v. Amazon Web Services, Inc.*
                      Case No. 18-cv-8175 (N.D. Ill.)

Dear Taylor:

        Thank you for your June 16 letter. I write to address Kove's incorrect recitation of the events relating to its May 26, 2021 Rule 30(b)(1) notice for Mr. Andrew Jassy's deposition and Kove's request for Mr. Jassy as an email custodian. AWS will address the remainder of the topics in your June 16 letter under separate cover.

        Contrary to your letter, AWS isn't effectively depriving Kove of a material witness in lodging its objections to Kove's deposition notice for Mr. Jassy. Rather, as explained in AWS's June 2 letter, AWS is asserting a long-applied doctrine that protects high-level executives from being deposed when they have no unique personal knowledge or the requested discovery can be obtained through less intrusive means,[1] including through depositions of "more knowledgeable subordinates."[2] Indeed, Mr. Allan Vermeulen, the lead engineer involved in S3's creation, demonstrated his in-depth knowledge of S3's early development during his deposition. Mr. Vermeulen also testified that Mr. Jassy doesn't have unique personal knowledge.[3] Kove will also be deposing Mr. Sorenson, who, with Mr. Vermeulen, was a member of the early S3 development

---

[1] *See* June 2, 2021 Letter from Saltman to Adler (citing *Little v. JB Pritzker for Governor*, No. 18 C 6954, 2020 WL 868528, at *1 (N.D. Ill. Feb. 21, 2020)).

[2] *Murillo v. Kohl's Corp.*, No. 16-CV-196, 2016 WL 6090862, at *4 (E.D. Wis. Oct. 18, 2016). AWS explained the several reasons the apex doctrine applies here in its June 2, 2021 letter and won't repeat all of them here. *See* June 2, 2021 Saltman Letter to Adler.

[3] *See*, *e.g.*, Dep. Tr. of A. Vermeulen ("Vermeulen Dep.") at 38:3-18; 393:17-394:2.

team. Kove's June 16 letter fails to address why Mr. Vermeulen and/or Mr. Sorenson can't provide the information it seeks.[4] AWS stands by its objection to Mr. Jassy's deposition.

AWS also disagrees with Kove's characterization of the events relating to identification of Mr. Jassy as an email custodian and that it has been dilatory in responding to Kove's requests. AWS agrees that Kove first identified Mr. Jassy as an email custodian in a March 8 email.[5] On March 12, four days later, AWS responded objecting to Mr. Jassy noting Mr. Jassy's role as CEO.[6] Thirty-three days later, on April 14, Kove re-listed Mr. Jassy as an email custodian and proposed search terms.[7]

Five days later, on April 19, AWS re-explained its objections to Mr. Jassy as an email custodian and also noted those search terms were the same "as the other email custodians, including Messrs. Vogels and Vermeulen."[8] AWS pointed out that it already produced information on the launch and development of S3 from other custodians, and in the recovered Wikis.[9] AWS also stated the proposed search terms violated LPR ESI, the Model Order, and were already shown to be objectionable and overbroad.[10]

The parties then conducted a meet and confer on April 30, 2021. After the meet and confer, both Kove and AWS provided their accounts of the discussion.[11] Those accounts didn't match. To be clear, AWS never agreed to Mr. Jassy as an email custodian and has reasserted its objections on the issue multiple times.[12] During the April 30 meet and confer, in an effort to find common ground, AWS "indicated that it was willing to consider a proposal from Kove for very narrow

---

[4] *Little v. JB Pritzker for Governor*, No. 18 C 6954, 2020 WL 868528, at *2 (N.D. Ill. Feb. 21, 2020).

[5] March 8, 2021 Email from J. Cardenas-Navia.

[6] March 12, 2021 Bernard Letter to Cardenas-Navia, at 1-2.

[7] *See* April 14, 2021 Cardenas-Navia Letter to Saltman, at 2-3.

[8] April 19, 2021 Saltman Letter to Cardenas-Navia, at 3.

[9] *Id*. at 2-3.

[10] *Id*. at 3-4.

[11] *See* May 7, 2021 Adler Letter to Saltman and Bernard; May 11, 2021 Bernard Letter to Cardenas-Navia and Adler.

[12] April 19, 2021 Saltman Letter to Cardenas-Navia, at 3; May 11, 2021 Bernard Letter to Cardenas-Navia and Adler, at 6-7 (detailing the events of the April 30, 2021 meet and confer).

search terms and time period."[13] Rather than provide the proposal AWS requested, Kove asserted that its previously proposed terms were "appropriate" and didn't offer a limit on their temporal scope either.[14] AWS pointed out these issues in its May 11 letter.[15]

Kove responded by first claiming AWS had presented "conflicting positions" regarding whether it would accept Kove's identification of Mr. Jassy as an email custodian.[16] But AWS's positions were never conflicting. AWS never agreed to Mr. Jassy as an email custodian. Rather, AWS stated during the April 30 meet and confer, and in its May 11 letter, that it would consider Mr. Jassy as an email custodian if Kove would provide a set of very narrow search terms with a limited temporal scope.[17] But Kove has failed to do so. Instead, Kove admitted it made no previous effort to distinguish the search terms it proposed for Mr. Jassy's email from those proposed for the other email custodians.[18] Then Kove proposed only minimal adjustments, such as changing one delimiter from "w/65" to "w/50" and reducing the temporal scope from 14 years to 12 years.[19] But these proposed revisions again failed to narrow the scope of the Kove's search terms as AWS repeatedly requested and thus Kove's proposal facially didn't address AWS's standing objections.

As AWS explained during the June 15, 2021 meet and confer, Kove hasn't proposed narrow search terms for Mr. Jassy's emails. The adjustments result in search term strings of the same scope as the original set and aren't tailored to any specific issue in the case. Indeed, Kove's proposed searches aren't directed to the issues on which it contends Mr. Jassy has unique knowledge. For example, Kove has repeatedly asserted that Mr. Jassy has unique knowledge regarding the early development and launch of S3 in 2004-2006.[20] But its proposed search terms

---

[13] May 11, 2021 Bernard Letter to Cardenas-Navia and Adler, at 7.

[14] May 7, 2021 Adler Letter to Saltman and Bernard, at 10.

[15] May 11, 2021 Bernard Letter to Cardenas-Navia and Adler, at 6-7.

[16] May 18, 2021 Adler Letter to Saltman and Bernard, at 2. Kove's May 18 letter included information it asserted demonstrates Mr. Jassy's unique knowledge and that his ESI wouldn't be duplicative or cumulative of the documents AWS has already produced. *Id.* at 2. AWS addressed those assertions in its June 2 letter. *See* June 2, 2021 Saltman Letter to Adler, at n.3, n.5.

[17] May 11, 2021 Bernard Letter to Cardenas-Navia and Adler, at 7.

[18] May 18, 2021 Adler Letter to Saltman and Bernard, at 3.

[19] *Id.* (Specifically, Kove "replaced 'W/65' with 'W/50' in the first and second strings, replaced 'AND' with 'W/100' in the third and fourth strings" and revised the temporal scope from the original 2006-2020 to 2006-2018).

[20] April 14, 2021 Cardenas-Navia Letter to Saltman, at 2 (citing Mr. Jassy's alleged unique knowledge of the launch and development of S3, any hypothetical negotiation, "the business and
(continued...)

seek emails from 2006-2018 and aren't targeted towards S3's development. For example, it's unclear how the term "DynamoDB w/50 telemetry" is related to the early development of S3.

So Kove didn't propose email search terms that "are reasonably narrow in both time and subject matter" as it contends.[21] And based on the history, Kove didn't spend "two months iterating the terms, trying to craft something that would capture necessary information and satisfy AWS's nebulous demands."[22] LPR ESI 2.6(e) and the Model Order require email search terms be narrowly tailored to particular issues in the case for which email is warranted. Kove's four search terms don't comply with these Rules and Order governing email discovery in this case.

As it originally offered during the April 30 meet and confer, and restated several times since, AWS is willing to consider very narrowly tailored search terms for Mr. Jassy's emails, both in terms of subject matter and scope. Absent such a proposal, AWS agrees that the parties are at an impasse on this issue.

Sincerely,

Elizabeth Bernard

Elizabeth Bernard

---

strategic reasons for developing the accused products," "the role of S3 in relation to Amazon's cloud computing ambitions," "early marketing efforts," "design considerations," "and the knowledge of other companies' technology and patents, such as Kove" as support for his identification as an ESI custodian); May 18, 2021 Adler Letter to Saltman and Bernard, at 2 (citing Mr. Jassy's alleged unique knowledge of "S3, which Mr. Jassy helped architect," "the decisions surrounding the creation of Amazon S3," and his "central role in the design, concept, development and overall product, go-to-market strategy and trajectory for S3" as support for his identification as an ESI custodian).

[21] June 16, 2021 Mauze Letter to Saltman and Bernard, at 1.

[22] *Id.*