UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICES LITIGATION<br><br>*This Document Relates to All Cases on the Wal-Mart and ICCO-Cheese Company Track* | 16 CV 5802<br><br>MDL 2705<br><br>The Honorable Gary S. Feinerman |

**STIPULATION AND PROPOSED ORDER PROTECTING PRIVILEGE**

This Stipulated Clawback Order shall govern the protection of documents which may reasonably be subject to the attorney-client privilege or work-product protection. This Stipulated Clawback Order shall also govern productions made by any third party who is subpoenaed in this action unless otherwise agreed to by the issuing party and the third party.

The parties hereto have agreed to produce documents deemed discoverable under applicable rules, and that are not privileged or subject to work-product protection under applicable rules and law. Nevertheless, some documents subject to the attorney-client privilege or work-product protection (together, "Protected Documents") may inadvertently be disclosed to the other party during the course of this litigation.

The parties desire to establish a mechanism to avoid waiver of privilege or work-product protection as a result of the disclosure of Protected Documents. Accordingly, pursuant to FRE 502 (d) and (e), the parties agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

1.   If, during the course of this litigation, a party reasonably determines that is has produced a Protected Document:

> (a)   the Producing Party upon becoming aware of the disclosure must promptly notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the

      Federal Rules of Civil Procedure 26(b)(5)(A), setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

  (b)  the Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

  2.  To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraph 1(a), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

  3.  The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.

  4.  This Order shall be interpreted to provide the maximum protection allowed to the producing party by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Documents under this Order. If for any reason, however, a Court finds that this Order is inapplicable to the Protected Documents, then Rule 502(b) will apply in its absence

  5.  Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or work-product protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Producing Party retains the burden of establishing the privileged or protected nature of the Protected Document. Except for determination of the claim of privilege or other protection, the Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

  6.  Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or work-product protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order.

  7.  By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of FRE 502 (d) and (e).

SO ORDERED.

Dated:

_____
U.S. District Judge
U.S. Magistrate Judge

Respectfully submitted,

Dated: May 13, 2019

BLOOD HURST & O'REARDON, LLP
By: *s/ Timothy G. Blood*

Timothy G. Blood (149343CA)
Thomas J. O'Reardon II (247952CA)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
tblood@bholaw.com
toreardon@bholaw.com

Ben Barnow
Erich P. Schork
Jeffrey Blake
BARNOW AND ASSOCIATES, P.C.
1 North LaSalle Street, Suite 4600
Chicago, IL 60602
Tel: 312/621-2000
b.barnow@barnowlaw.com
e.schork@barnowlaw.com
j.blake@barnowlaw.com

Eduard Korsinsky
Courtney Maccarone
LEVI & KORSINSKY LLP
30 Broad Street, 24th Floor
New York, NY 10004
Tel: 212/363-7500
ek@zlk.com
cmaccarone@zlk.com

*Plaintiffs' Interim Co-Lead Counsel*

| | |
|---|---|
| Dated: March 15, 2019 | JENNER & BLOCK LLP |
| | By: *s/ Dean N. Panos* |
| | Dean N. Panos<br>353 N. Clark Street<br>Chicago, IL 60654<br>Tel: 312/222-9350<br>dpanos@jenner.com |
| | *Attorneys for Defendant Kraft Heinz Company* |
| Dated: March 15, 2019 | FOX ROTHSCHILD LLP |
| | By: *s/ Joseph E. Collins* |
| | Gary Hansen<br>222 South Ninth Street - Suite 2000<br>Minneapolis, MN 55402-3338<br>Tel: 612/607-7000<br>ghansen@foxrothschild.com |
| | Joseph E. Collins<br>321 N. Clark St., Suite 1600<br>Chicago, IL 60654<br>Tel: 312/517-9200<br>jcollins@foxrothschild.com |
| | *Attorneys for Defendants Albertsons, LLC;*<br>*Albertson Companies, Inc.; and Supervalu, Inc.* |
| Dated: March 15, 2019 | BOWIE & JENSEN, LLC |
| | By: *s/ Joshua A. Glikin* |
| | Joshua A. Glikin<br>29 W. Susquehanna Ave., Suite 600<br>Towson, MD 21204<br>Tel: 410/583-2400<br>glikin@bowie-jensen.com |
| | *Attorneys for Defendants ICCO-Cheese*<br>*Company, Inc.* |

| | |
|---|---|
| Dated: March 15, 2019 | GREENBERG TRAURIG LLP |
| | By: *s/ Francis A. Citera* |
| | Francis A. Citera<br>77 West Wacker Drive, Suite 3100<br>Chicago, Illinois 60601<br>Tel: 312/456-8400 |
| | David E. Sellinger<br>500 Campus Drive, Suite 400<br>Florham Park, New Jersey 07932<br>Tel: 973/360-7900<br>sellingerd@gtlaw.com |
| | *Attorneys for Defendants Wal-Mart Stores, Inc.; and Wal-Mart Stores East, L.P.* |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was filed on May 13, 2019 with the Clerk of the Court by using the CM/ECF system which will send a notice of filing to all counsel of record.

/s/ Francis A. Citera