# Exhibit B



Taylor Mauze
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Direct Dial: (650) 623-5078
tmauze@reichmanjorgensen.com

June 16, 2021

**By Email**

Jeffrey Saltman
Fisch Sigler LLP
5301 Wisconsin Ave NW 4th Fl.
Washington, DC 20015
Jeffrey.Saltman@fischllp.com

Elizabeth Bernard
Fisch Sigler LLP
5301 Wisconsin Ave NW 4th Fl.
Washington, DC 20015
Elizabeth.Bernard@fischllp.com

RE: *Kove IO, Inc. v. Amazon Web Services, Inc.*, Case No. 18-cv-8175 (N.D. Ill.)

Dear Counsel,

Thank you for the call on Tuesday, June 15, 2021. We write to memorialize the substance of our conversation.

**Deposition Notice and ESI Production of Andrew Jassy**

We understand the parties to be at an impasse as to the deposition of Mr. Jassy. AWS stated that, despite Kove's May 26, 2021 Rule 30(b)(1) deposition notice, it will not make Mr. Jassy available for deposition, citing the reasons set forth in its June 2, 2021 letter. Kove maintains that it is entitled to depose Mr. Jassy, who has unique personal knowledge relevant to the claims at issue in this case that cannot be garnered from other sources. *See, e.g., Little v. JB Pritzker*, No. 18-cv-6954, 2020 U.S. Dist. LEXIS 29805, at *6 (N.D. Ill. Feb. 21, 2020) (collecting cases).

We also understand that the parties are at an impasse as to the collection and production of Mr. Jassy's ESI. Kove identified Mr. Jassy as an ESI custodian over two months ago (*see* 04-14-2021 J. Cardenas-Navia Letter) and provided narrow, targeted search terms (*see* 05-18-2021 A. Adler Letter (proposing further narrowed search terms)). Nevertheless, AWS has refused to run a hit count and has not offered any counter-proposal, instead vaguely stating that it may potentially agree to search terms if they were somehow further narrowed.

Kove maintains that its proposed search terms are reasonably narrow in both time and subject matter. Kove spent two months iterating the terms, trying to craft something that would capture necessary information and satisfy AWS's nebulous demands. The parties are now 44 days from the close of fact discovery, and Kove has received neither confirmation that AWS will search for and produce Mr. Jassy's ESI, nor even a hit count. These dilatory tactics are extremely prejudicial to Kove, at least for the reasons that it has effectively deprived Kove of an ESI custodian and a material witness. Kove will seek relief from the Court.

**Vermeulen Depo Follow-Up**

On June 10, 2021, Kove circulated correspondence asking for follow-up productions in light of the Vermeulen deposition. *See* 06-10-2021 T. Mauze Letter. On our meet and confer call, AWS indicated a response to the correspondence is forthcoming, and we look forward to receiving it promptly.

**Econnectix Website**

In the meet and confer, Kove stated that a production of the Econnectix websites and a letter explaining the same will be provided shortly. Kove had previously notified AWS that the Econnectix website was hosted through a virtual server, and that the website and the virtual machine hosting it had been decommissioned entirely in 2019. *See* 04-30-2021 M. Marvin Letter. As stated in the meet and confer, Kove has located back-up copies of the website and is restoring and reviewing them for production.

**Kove Wikis & Document Production**

Kove notified AWS that it expects to complete its review and production of documents from its wikis by the end of the week. AWS requested clarification as to Kove's document productions under the custodian "Kove." Kove explained that all productions made under the "Kove" custodian are produced from materials and persons in the possession, control, and direction of Kove. Kove is not required to further detail counsel's procedures in performing reasonable searches. *See Gross v. Chapman*, 2020 WL 4336062, at *2 (N.D. Ill. July 28, 2020) ("Discovery about discovery" is only appropriate when "one party's discovery compliance has reasonably been drawn into question."); *In re Caesars Entertainment Operating Co.*, 2018 WL 2431636, at *13 (N.D. Ill. May 29, 2018) (same).

**Supplemental Interrogatory Responses**

Despite it not being on the parties' agenda,[1] the parties also discussed supplementing interrogatory responses. Kove indicated that it will serve a supplemental response to AWS's Interrogatory No. 12 by next week. AWS inquired as to whether Kove would supplement its response to AWS's Interrogatory No. 7. As explained in Kove's operative response ("Kove's Second Amended Response to AWS's First Set of Interrogatories (No. 7)"), "the computation of damages will be the subject of expert discovery, and expert report and disclosure deadlines have not been set and expert discovery has not begun." *See Woodfold MGF, Inc. v. EMI Porta Opco LLC*, No. 18-cv-3984 (N.D. Ill. Aug. 6, 2019) ("The Court finds that it is reasonable for [patentee] to defer disclosing its reasonable royalty rate as part of its damages calculations until further discovery has taken place, including potential expert discovery that can illuminate this

---

[1] The June 15, 2021 email of E. Bernard neglects to mention that its questions regarding Kove's supplementation of certain interrogatories was also not on the agenda for the call. Despite it not being the agenda, we answered AWS's questions regarding AWS's Interrogatory No. 12 and stated that we would look into the status of Kove's response to Interrogatory No. 7 (and have now responded just one day later). By contrast, AWS refused to even agree to look into the issues within the next two days, and has yet to respond. While we agree that the parties should not seek to surprise one another on meet and confers with unexpected issues, it is incorrect and misleading to suggest that Kove somehow derailed the call by asking the same off-agenda questions that AWS did—particularly given how long Kove has been requesting information about AWS's supplementation of its interrogatories and given the upcoming close of fact discovery. AWS must not manufacture procedural obstacles to deny providing Kove the discovery it is due.

calculation."). In keeping with this objection, Kove will provide its computation of damages in its expert reports and will not supplement its response to provide a computation of damages ahead of that time. As also explained in Kove's operative response, AWS has failed to produce adequate information and documents in connection with nearly two dozen discovery topics. AWS has not cured those deficiencies since Kove served its supplemental response. As AWS cures its damages-related discovery deficiencies and Kove's investigation progresses, Kove will supplement its response to Interrogatory No. 7 as appropriate.

Following up on prior correspondence, Kove asked AWS whether and when it will supplement its responses to certain interrogatories. *See, e.g.*, 03-05-2021 A. Adler Letter; 06-012021 J. Cardenas-Navia Letter. AWS was not able to provide this information on the call and would not commit to doing so within two days. *See* June 15, 2021 email of J. Cardenas-Navia. We again request that AWS promptly provide this information.

**Kove's Objections to AWS's 30(b)(6) Notices**

The parties were able to make the following progress on Kove's objections to AWS's October 6, 2020 30(b)(6) topics:

- Topic 7: AWS clarified that "development of the inventions" means "conception and reduction to practice."

- Topic 8: AWS confirmed that it is most interested in the financial condition of the companies at the time of the hypothetical negotiation up through the damages period, with relevance decreasing the further away in time from the date of the hypothetical negotiation. AWS further confirmed that "capitalization" refers to the valuation of the assets of the companies. Finally, AWS states that it believes it is entitled to information from Arctide, as a predecessor entity of plaintiff. Kove clarified that Arctide is, factually, not a predecessor entity of Kove.

- Topic 9: AWS confirmed that "history" is superfluous in this topic, and that AWS intends to direct this topic towards information on the corporate structure and organization of Kove and its predecessor entities. Kove indicated that it is amenable to providing a witness as to the corporate structure and organization of Kove and its predecessor entities.[2]

- Topics 11-13: AWS asserts that it is entitled to do its own exploration of all Kove products listed in Kove's Response to AWS's Interrogatory No. 18, even for several products (e.g., Xpress Disk) that bear no relation to the patents-in-suit. Kove has produced technical documents describing the design and operation of these products that show that they are unrelated to the patents-in-suit; despite this, AWS insists on taking discovery for Topics 11-13 for these irrelevant products, seemingly alleging relevance based entirely on distorting the language in marketing materials. The design and operation of any Kove products is not within the scope of Topics 11-13, and Kove products for which AWS has failed to show relevance to this case are also not properly within the scope of Topics 11-13.

Kove maintains that our objections speak for themselves, but appreciates the clarity provided by AWS on the intended scope of its 30(b)(6) topics.

---

[2] As noted above, Kove maintains that Arctide is not a predecessor entity.

Relatedly, AWS served a 30(b)(6) Notice on February 2, 2020 that it maintains is not obviated by its October 6, 2020 Notice, despite clear overlaps in the topics. We will send a separate letter asking you to identify what, if any, matters for examination are covered by the February 2 Notice topics that are not covered by corresponding topics in the October 6 Notice.

Despite the parties' productive conversation, we were unable to complete discussion of the full set of AWS's 30(b)(6) topics. Accordingly, please confirm AWS's availability for the parties to continue their meet and confer to discuss Topics 14–20, as well as Kove's June 11 letter regarding outstanding discovery issues (06-11-2021 A. Adler Letter), on Thursday, June 24, 2021 at 11:00am ET.

Best Regards,

Taylor Mauze

CC (by email): Renato Mariotti (rmariotti@thompsoncoburn.com);
Michael Parks (mparks@thompsoncoburn.com)