# Exhibit K



Michael Marvin
Direct Dial: (310) 600-0834
mmarvin@reichmanjorgensen.com

750 Third Avenue
Suite 2400
New York, NY 10017

February 3, 2021

**By E-Mail**

Elizabeth Bernard
Fisch Sigler LLP
5301 Wisconsin Ave NW
Fourth Floor
Washington, DC 20015
Elizabeth.Bernard@fischllp.com

RE: *Kove IO, Inc. v. Amazon Web Services, Inc.*, Case No. 18-cv-8175 (N.D. Ill.)

Elizabeth,

I write in response to your January 27, 2021 letter and the email correspondence between the parties regarding ESI discovery.

**AWS's Additional Proposed ESI Custodians**

AWS's demand that Kove agree to AWS's proposed custodians without seeing a hit count report has no basis in the Local Patent Rules for Electronically Stored Information ("LPR ESI") or the analogous Federal Circuit Model Order Regarding E-Discovery in Patent Cases ("Fed. Cir. Model Order") and runs contrary to well-established practices in ESI discovery.

Nothing in the LPR ESI nor the Fed. Cir. Model Order provides that a party must unilaterally identify custodian, search terms, and time frame in one shot. Rather, the rules contemplate a collaborative approach between the parties: LPR ESI 2.6 specifically provides that "[t]he parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe." LPR ESI 2.6(c); Fed. Cir. Model Order § 9 (same). This comports with the common practice in ESI discovery of exchanging hit count reports as part of the negotiation of custodians and search terms.

Your reliance on LPR ESI 2.6(d), moreover, misreads the plain language of the Rule. Kove agrees that the each requesting party is limited to ESI discovery from 5 email custodians, but the Rule does not limit the number of custodians that the parties discuss as part of ESI discussions to 5. Any other reading would be nonsensical.

Finally, to the extent that you suggest that it would be unfair to require AWS to collect ESI from its proposed custodians before Kove accepts them, I note that the well-established rule in this district is that a party is required to conduct a reasonable inquiry before proposing an ESI custodian. *DR Distributors, LLC*, 2021 WL 185082, at *81 (N.D. Ill. Jan. 19, 2021).

Accordingly, we urge AWS to reconsider its refusal to run hit count reports for its proposed custodians.

### **Vogels and Vermuelen Search Terms**

I was disappointed to read that AWS is just now raising the complaint — well after AWS first generated a list of hit counts — that Kove's proposed search terms do not comply with LPR ESI. AWS's previous counsel raised this issue previously in *July*, and Kove has gone through several rounds of revisions to its proposed search terms at AWS's request. *See, e.g.*, July 16, 2020 Letter from M. Babbitt to M. Marvin. Nevertheless, I respond to each of your specific complaints—many of which have previously been raised and addressed by the parties—below.

First, you argue that it is inappropriate for Kove's search terms to "contain the name of the accused products as search terms," referencing LPR ESI 2.6(e). The section you reference states:

> Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.

LPR ESI 2.6(e). This is precisely what Kove's search terms do, as each product name is combined with a narrowing search criterion (using a limiter). Terms such as "DynamoDB AND speed" are specifically tailored to the benefits of the relevant technology and cannot be said to be "indiscriminate."

Second, you state that Kove has not demonstrated the need for broad ESI discovery. I respectfully must disagree. Since May 2020, Kove has been explaining to AWS that it needs ESI discovery on specific topics that are not covered by source code, revenue, and public pricing and performance information for the Accused Products.[1] Moreover, the importance of the relevant technology to the Accused Products, the size of the Accused Products, and the relevant time period, which extends back to 2006, all further inform the scope of ESI discovery on this case, which should be broad.

As to the specific terms, we disagree that the number of hits generated from Mr. Vemuelen's files and Mr. Vogels' files using the "W/65" limiter is too high. Using the "W/65" limiter generates 9,454 documents for Mr. Vermeulen and 3,669 documents for Mr. Vogels, which is appropriate given the nature of this case, the foundational technology at issue, the significant benefits and revenue that AWS derived from the use of the patented technology, the core roles of these custodians in the development and conception of the accused technology, the long time-frame of their involvement, and the fact that the parties substantially narrowed ESI and the burdens associated with it by agreeing to not modify the LPR ESI's default limit of five ESI custodians in the context of a case where there are likely hundreds of custodians with key information about the fundamental technology at issue in this case.

---

[1] I note further that, to the extent that you suggest AWS has made a fulsome production of revenue, public pricing and performance information for the Accused Products, the parties know this to not be true. *See* January 5, 2021 Letter from Jaime Cardenas-Navia to Elizabeth Bernard.

More importantly, in deciding whether a search term is appropriate, it is inappropriate to focus on the quantity of results generated by a search, without also considering the quality of those results. If Kove's proposed terms are hitting on documents not relevant to this case, we are open to reviewing any support AWS would like to share (*e.g.*, a random sample or a specific category of irrelevant documents implicated by the proposed search terms). *See Finisar Corp. v. Nistica, Inc.*, 2014 WL 12887160, at *3 (N.D. Cal. Dec. 12, 2014) ("[I]f a party insists that a search term results in too many hits, the party will have ... to provide the opposing party with the number of hits and specific examples of irrelevant documents captured by the search."). Absent any such evidence, please confirm that AWS will agree to produce the documents hit on by the search strings using the "W/65" limiter.

⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯

To the extent you believe further discussion of any of the above is necessary, please be prepared to discuss it during the meet and confer between the parties this Thursday, February 4.

Sincerely,

Michael Marvin

CC (by email):  Renato Mariotti (rmariotti@thompsoncoburn.com);
Michael Parks (mparks@thompsoncoburn.com)