# Exhibit L

# FISCH SIGLER LLP

5301 Wisconsin Avenue NW | Fourth Floor | Washington, DC 20015 USA

February 9, 2021

**Elizabeth Bernard**
Attorney
Elizabeth.Bernard@FischLLP.com
Direct: +1.202.362.3529
Main: +1.202.362.3500

**VIA EMAIL**

Mr. Michael W. Marvin
Reichman Jorgensen LLP
750 Third Avenue, Suite 2400
New York, NY 10017
mmarvin@reichmanjorgensen.com

Re: *Kove IO, Inc. v. Amazon Web Services, Inc.*
Case No. 18-cv-8175 (N.D. Ill.)

Dear Michael:

Thank you for your February 3, 2021 letter regarding the email production request process governed by the Local Patent Rules for Electronically Stored Information ("LPR ESI" or "Rules") in this case.

### Kove's Email Production Requests for Messrs. Vogels and Vermeulen

Kove requests that AWS review an additional 13,000 hits from "damages-related" search terms for technical custodians Messrs. Vogel and Vermeulen. Despite the improper nature of Kove's search terms and the large number of hits, in an effort to move this process forward and without waiving any of its objections, AWS will proceed with the review of the hit results from the "W/65" search term for Messrs. Vogels and Vermeulen's emails, with the understanding that this will complete the email production requests for these two custodians.

For completeness, though, I note that your letter misstates the positions expressed in my January 27, 2021 letter. For example, my letter stated that Kove's search terms contravene the Rules, not because they include the names of the accused products but because "email search terms such as 'DynamoDB AND price' or 'S3 AND speed' aren't narrowly tailored to any particular issue in this case." (*See* 1/27/2021 Bernard Letter to Marvin.) And your letter conflates general ESI discovery with email discovery. The two are distinct. My letter and the issue between the parties is focused on email discovery as described in LPR ESI 2.6 and not on broader ESI discovery. While ESI is meant to target general discovery, email should only be "propounded for specific issues" with search terms "narrowly tailored to particular issues." *See* Federal Circuit Model Order Regarding E-Discovery in Patent Cases ("Model Order") at ¶ 7; LPR ESI 2.6(e); *see also DCG Sys., Inc. v. Checkpoint Techs., LLC*, No. 11-CV-03792 PSG, 2011 WL 5244356, at *1 (N.D. Cal. Nov. 2, 2011). It is thus in this framework that Kove's email demands are clearly overbroad.

### Kove's Remaining Email Production Requests Per LPR ESI 2.6

Kove's continued demand that AWS collect and process the emails of three AWS employees, run Kove's search terms, and provide hit count reports before Kove will confirm the email custodians in accordance with the LPR ESI lacks support in the Local Rules, the Model Order, or the case Kove cited.

LPR ESI 2.6(a) states that "[t]o obtain emails parties must propound specific email production requests." Rule 2.6(c) further states that "[e]mail production requests shall identify the custodian, search terms, and time frame." Therefore, in accordance with the Rules, Kove must propound specific email production requests identifying the custodian, search terms, and time frame. AWS has worked with Kove to identify the relevant custodians and undertaken its own internal investigation to identify the proper custodians. As indicated in my December 18th email, January 15th letter, my January 20th email, and in AWS's amended response to Interrogatory No. 18, the three custodians AWS proposed are the individuals AWS has identified as most knowledgeable about Kove's requested topics.

LPR ESI 2.6(d) also states that "[e]ach requesting party shall limit its email production request to a total of five custodians per party *for all such requests*." (emphasis added). Thus, all email production requests by Kove, including the collecting, processing, and searching of emails, are limited to a total five custodians. The Rules don't provide for the approach now demanded by Kove to conduct the collection and search of custodians that Kove hasn't confirmed.[1] Kove has proceeded with the collection, processing, and searching for two custodians. Per LPR ESI 2.6(d), AWS will collect, process, and run search terms for the email production for three more custodians. Accordingly, AWS isn't refusing to run hit reports for the custodians it has proposed to Kove. AWS will run the search terms once Kove confirms its remaining specific email production requests, limited to three custodians as permitted by the Rules.

In addition to being precluded by the plain language of the Rule, Kove's demand places a disproportionate discovery burden on AWS and is contrary to the goals of the Local Rules and the Model Order. Kove isn't requesting mere negotiation or discussion of custodians. Kove is requesting that AWS collect and process emails, run search terms, and provide hit reports without committing to a custodian. Kove's approach thus places no limits on the number of custodian emails that it can demand be collected, processed, and run against search terms before committing to custodians for its remaining email production requests. But as both parties agreed on our February 4, 2021 meet and confer, collecting email and running search terms is a time-

---

[1] Kove hasn't identified any other Rule that it contends permits or governs the process that Kove now demands, and the plain language of LPR ESI 2.6 shows that the process Kove proposes isn't contemplated in the Local Rules.

consuming and costly process.[2] Indeed, Kove indicated that it needed at least two weeks to collect, process, and apply search terms to its own custodians' emails. Moreover, such an approach is contrary to the goals of rules and model orders governing email discovery. For instance, as stated on pages 2-3 of the Introduction to the Model Order:

> The goal of this Model Order is to promote economic and judicial efficiency by streamlining e-discovery, particularly email production, and requiring litigants to focus on the proper purpose of discovery—the gathering of material information—rather than permitting unlimited fishing expeditions. … Moreover, email production requests should be focused on a particular issue for which that type of discovery is warranted.

Kove's demand to test unlimited custodians and search terms is contrary to this goal and isn't focused on particular issues for which email discovery is warranted as the Model Order requires. *See also Hoist Fitness Sys., Inc. v. TuffStuff Fitness Int'l, Inc.*, No. 17-CV-1388-ABK-Kx, 2019 WL 121195, at *4 (C.D. Cal. Jan. 7, 2019) ("Email discovery is not presumptively relevant to litigation").

To be sure, Rule 2.6 also states that "[t]he parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe." AWS has now proposed eight email custodians to Kove, and Kove has rejected five, while three remain subject to the instant discussion.[3] For these three, AWS interviewed several employees over the course of weeks to investigate custodians for the specific topics requested in Kove's correspondence.[4] AWS then began identifying proposed custodians beginning almost two months ago on December 18, 2020, based on this good faith and reasonable investigation. And AWS has never refused to discuss any custodians with Kove. AWS has thus complied with this Rule and continues to try to cooperate with Kove to move this process forward.

Thus, AWS reiterates its request that Kove please confirm Jeff Wierer, Robbie Wright, and Christoph Bartenstein as Kove's three remaining email custodians and its specific email

---

[2] *See also* Introduction to Model Order at fn. 2 (identifying the main cost areas for e-discovery), 2 ("Excessive e-discovery, including disproportionate, overbroad email production requests, carry staggering time and production costs that have a debilitating effect on litigation.").

[3] The rejected AWS custodians include Seth Markle, Jason Sorenson, Liz Coddington, Alan Park, and Jonathan Sullivan. Kove itself identified the two custodians it is proceeding with now, Werner Vogels and Allan Vermeulen; thus, Kove remains free to propose custodians.

[4] Indeed, during these interviews, AWS discussed with each employee ESI, including non-email ESI such as document folders or repositories at AWS, responsive to the topics and other requests for production, and as Kove is aware, AWS is in the process of collecting and producing information gathered from those interviews. Therefore, AWS is in compliance with its separate non-email ESI obligations, and the *DR Distributors, LLC* case cited by Kove is inapposite, as the issue here is email collection and production governed by the specific provisions of LPR ESI 2.6.

production requests or provide specific email production requests that identify Kove's three additional custodians in accordance with LPR ESI 2.6 without further delay.

     We are available to meet and confer regarding the three remaining email discovery custodians on Wednesday, February 10 at 12:30pm ET. Please let us know if this time works for Kove and circulate an invite, or please propose another date and time. Thank you.

     Sincerely,

     */s/ Elizabeth Bernard*

     Elizabeth Bernard