**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICES LITIGATION | Civil No. 1:16-cv-05802<br>MDL 2705<br><br>Judge Gary S. Feinerman |
| *This Document Relates to All Cases* | |

**JOINT STATUS REPORT**

Pursuant to the Order of the Court of July 16, 2019 [Doc. 369], plaintiffs Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr., Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, and Rodney Zachary, (collectively "Plaintiffs"), with defendants The Kraft Heinz Company, Publix Super Markets, Inc., Albertsons LLC, Albertsons Companies, Inc., SuperValu, Inc., Target Corporation, ICCO-Cheese Company, Inc., and Wal-Mart Stores, Inc. (together with Plaintiffs, the "Parties") submit this Joint Status Report on whether judgment should be entered as to claims that have been dismissed with prejudice.[1]

**Plaintiffs' Statement.**[2]

Judgment on all claims dismissed with prejudice is warranted. Among other things, this will terminate the Publix and Target/ICCO track and result in final adjudication of certain

---

[1] If the Court agrees with the parties' positions, the parties will prepare an order for the Court's consideration.

[2] Nothing in this statement shall be construed to waive any party's positions, including Plaintiffs' potential appeal of the Court's prior rulings.

1

underlying actions subsumed by these tracks, namely *Rudder v. Publix Super Markets Inc.*, Case No. 16-cv-11272, *Pellitteri v. Publix Super Markets Inc.*, Case No. 16-cv-11273, and *Zachary v. Target Corp.*, Case No. 16-cv-06172. In addition, as explained below, entry of partial final judgment pursuant to Fed. R. Civ. P. 54(b) is warranted on the other claims dismissed with prejudice, along with certain ones against Walmart/ICCO that have been dismissed in prior orders.

Upon entry of judgment, certain plaintiffs whose claims have all been dismissed by the Court and who have not merged their cases for pretrial purposes with other plaintiffs suing remaining defendants will have the right to appeal. *See Gelboim v. Bank of Am.*, 135 S. Ct. 897, 904 (2015) (order disposing of one of the discrete cases in MDL in its entirety qualifies under 28 U.S.C. § 1291 as an appealable final decision).

Federal Rule of Civil Procedure 54(b) permits entry of a partial final judgment when "all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties." *Lottie v. W. Am. Ins. Co., of Ohio Cas. Grp. of Ins. Companies*, 408 F.3d 935, 938 (7th Cir. 2005). The Seventh Circuit recognizes "some obvious advantages to 54(b) certification" in an MDL where the closely related appeals can be decided by one appellate court prior to remand to the transferor courts. *FedEx Ground Package Sys., Inc. v. U.S. Judicial Panel on Multidistrict Litig.*, 662 F.3d 887, 890 (7th Cir. 2011). It would be more efficient and just for the 100% claims to be adjudicated now by the Seventh Circuit once and for all, rather than for some now in the Seventh Circuit and then again at various times by various circuit courts embracing the numerous transferor courts after the cases are remanded and tried.

The Supreme Court sanctioned the use of Rule 54(b) to bring in on appeal the parties whose claims are partially but not fully adjudicated in an MDL dismissal order that acts as a final

adjudication for others. *Gelboim*, 135 S. Ct. at 906. In such circumstances, use of Rule 54(b) alleviates, rather than aggravates, risks of piecemeal litigation. *Gelboim v. Bank of Am. Corp.*, 823 F.3d 759, 769 (2d Cir. 2016) (appeal of issue regarding the antitrust injury of four groups of plaintiffs where the decision was a final adjudication of only one group).

As in *Gelboim*, there is no just reason for delay here. 54(b) certification of all claims dismissed with prejudice allows for the consolidation and final resolution of the issues relating to Plaintiffs' 100% claims that will necessarily be presented to the Seventh Circuit by appeals of certain Plaintiffs as of right. The policies and aims of the MDL statute, 28 U.S.C. § 1407, are served by the certification of appeal, because if the appellate court reverses, the cases will again proceed on a coordinated basis and pretrial issues (the issues on appeal) will be coordinated. Courts of appeals afford special deference to the discretionary case management decisions of the MDL court. *In re Deepwater Horizon*, 907 F.3d 232, 235 (5th Cir. 2018). Given that there are anticipated appeals raising issues that affect all Plaintiffs equally, namely the 100% claims, judicial efficiency would be served by permitting all to appeal, and no just reason for delay exists. Therefore, Fed. R. Civ. P. 54(b) certification on all of Plaintiffs' claims dismissed with prejudice is warranted. This applies with equal force to the claims of Plaintiffs on the Walmart/ICCO track who have had their statutory claims and New York express warranty claim dismissed, as well.

In order to achieve the desired efficiencies of coordination, the proceedings before this Court should be stayed pending resolution of the appeal.

**Defendants' Statement.**

Defendants do not object to the Court entering judgment as set forth above.

3

**Additional Statement of Defendants Albertsons LLC, Albertsons Companies, Inc., and Supervalu, Inc.**

Defendants Albertsons LLC, Albertsons Companies, Inc., and Supervalu, Inc. further state that entry of partial final judgment pursuant to Fed. R. Civ. P. 54(b) is warranted on the claims adjudicated by the Court in their favor pursuant to their motion for partial summary judgment and motion for partial judgment on the pleadings.

                                              Respectfully submitted,

Dated: July 31, 2019                  BARNOW AND ASSOCIATES, P.C.

                                              By: s/ Ben Barnow

Ben Barnow
BARNOW AND ASSOCIATES, P.C.
1 North LaSalle Street, Suite 4600
Chicago, IL 60602
Tel: 312/621-2000
b.barnow@barnowlaw.com

Timothy G. Blood
BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619-338-1100
tblood@bholaw.com

Eduard Korsinsky
LEVI & KORSINSKY LLP
30 Broad Street, 24th Floor
New York, NY 10004
Tel: 212/363-7500
ek@zlk.com

*Plaintiffs' Interim Co-Lead Counsel*

| | |
|---|---|
| Dated: July 31, 2019 | JENNER & BLOCK LLP<br><br>By: s/ Dean N. Panos<br>Dean N. Panos<br>353 N. Clark Street<br>Chicago, IL 60654<br>Tel: 312/222-9350<br>dpanos@jenner.com<br><br>*Attorneys for Defendant Kraft Heinz Company* |
| Dated: July 31, 2019 | FOX ROTHSCHILD LLP<br><br>By: s/ Joseph Collins<br>Joseph Collins<br>FOX ROTHSCHILD LLP<br>321 N. Clark St. Suite 1600<br>Chicago, IL 60654<br>Tel: 312-517-9201<br>jcollins@foxrothschild.com<br><br>*Attorneys for Defendants Albertsons, LLC; Albertson Companies, Inc.; Supervalu, Inc.; and Publix Super Markets Inc.* |
| Dated: July 31, 2019 | BOWIE & JENSEN, LLC<br><br>By: s/ Joshua A. Glikin<br>Joshua A. Glikin<br>29 W. Susquehanna Ave., Suite 600<br>Towson, MD 21204<br>Tel: 410/583-2400<br>glikin@bowie-jensen.com<br><br>*Attorneys for Defendants Target Corporation and ICCO-Cheese Company, Inc.;* |
| Dated: July 31, 2019 | GREENBERG TRAURIG LLP<br><br>By: s/ Francis A. Citera<br><br>Francis A. Citera<br>77 West Wacker Drive, Suite 3100<br>Chicago, IL 60601<br>Tel: 312/456-8413<br>citeraf@gtlaw.com |

5

David E. Sellinger
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Tel: 973/360-7900
sellingerd@gtlaw.com

*Attorneys for Defendants Wal-Mart Stores, Inc.*

Case: 1:16-cv-05802 Document #: 371 Filed: 07/31/19 Page 6 of 7 PageID #:2677

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2019, I electronically filed the foregoing Joint Status Report with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Ben Barnow