UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICES LITIGATION | 16 CV 5802 |
| | MDL 2705 |
| *This Document Relates to All Cases on the Publix Super Markets, Inc. Track and the Target Corp. and ICCO-Cheese Co., Inc. Track* | Judge Gary S. Feinerman |

## DOCKETING STATEMENT

Plaintiffs-Appellants Ann Bell, Alfonso Fata, Carmen Pellitteri, Nancy Reeves, Erin Rudder, and Rodney Zachary, (collectively "Plaintiffs"), hereby respectfully submit their Docketing Statement pursuant to Circuit Rule 3(c)(1).

### I. Jurisdiction of the District Court

The district court has jurisdiction under 28 U.S.C. § 1332(d), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is brought as a class action in which at least one class member is a citizen of a state that is diverse from defendant-appellees.

Ann Bell is a citizen of Illinois, Alfonso Fata is a citizen of Florida, Nancy Reeves is a citizen of California, and Rodney Zachary is a citizen of Missouri. Defendant-appellee Target Corporation is Minnesota corporation with its principal place of business in Minnesota. Defendant-appellee ICCO-Cheese Company, Inc., is a New York corporation with its principal place of business in New York.

Carmen Pellitteri and Erin Rudder are citizens of Florida. Defendant-appellee Publix Super Markets Inc. is a Florida corporation with its principal place of business in Florida.

## II. Jurisdiction of the Appellate Court

Plaintiffs state that entry of judgment has yet to occur, but is anticipated shortly with respect to the cases brought by Carmen Pellitteri, Erin Rudder, and Rodney Zachary. Upon entry of judgment in these cases that are part of a multidistrict litigation, jurisdiction of the appellate court will lie pursuant to 28 U.S.C. § 1291. *See Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897 (2015).

As for Ann Bell, Alfonso Fata, and Nancy Reeves, Plaintiffs have sought entry of partial final judgment under Fed. R. Civ. P. 54(b) and certification of appeal under 28 U.S.C. § 1292(b). Such certifications, if granted, would bring all five tracks of the MDL—including the cases brought by Bell, Fata, Reeves, and other plaintiffs against defendants Kraft Heinz Company, Wal-Mart Stores, Inc., ICCO-Cheese Company, Inc., SuperValu, Inc., Albertsons Companies, Inc., and Albertsons LLC—into an appeal posture for consolidation with the appeal of Plaintiffs Pellitteri, Rudder, and Zachary. The Parties are currently drafting a joint statement and proposed orders for the district court's consideration and entry, which are currently due August 19, 2019. A status hearing is currently set for August 27, 2019. Should the district court enter an order of certification of appeal pursuant to 28 U.S.C. § 1292(b), Plaintiffs will timely file in this Court their petition for permission to appeal.

Plaintiffs have filed their notice of appeal within 30 days of the Court's Memorandum Opinion and Order of July 16, 2019, but prior to entry of judgment on their cases. "A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." Fed. R. App. P. 4(a)(2). They have done this because certain defendants have contended and may again contend that judgment

was entered on November 1, 2018. Docs. # 324, 325. Plaintiffs argued that there has been no judgment, and even if judgment was entered on November 1, 2018, their motions for leave to file their amended complaints filed within the 28 days of November 1, 2018, should be construed as motions to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). Doc. # 327. If Plaintiffs' motions are so construed then their notice of appeal filed on August 15, 2019, would be timely filed within 30 days of the order deciding their Rule 59 motion, which occurred on July 16, 2019. *See* Fed. R. App. P. 4(a)(4)(iv).

### III. Prior or Related Appellate Proceedings

There are no prior or related appellate proceedings.

### IV. Additional Disclosures

No criminal conviction is being appealed, nor has the district court designated prior litigation as satisfying the criteria of 28 U.S.C. § 1915(g). Furthermore, none of the parties to this litigation appears in an official capacity. This case does not represent a collateral attack on a criminal conviction.

DATED:    August 15, 2019                Respectfully submitted,

                                         s/ Ben Barnow

                                         Ben Barnow
                                         BARNOW AND ASSOCIATES, P.C.
                                         1 North LaSalle Street, Suite 4600
                                         Chicago, IL 60602
                                         Tel: 312/621-2000
                                         b.barnow@barnowlaw.com

                                         Timothy G. Blood
                                         BLOOD HURST & O'REARDON, LLP
                                         501 West Broadway, Suite 1490
                                         San Diego, CA 92101
                                         Tel: 619-338-1100

tblood@bholaw.com

Eduard Korsinsky
LEVI & KORSINSKY LLP
30 Broad Street, 24th Floor
New York, NY 10004
Tel: 212/363-7500
ek@zlk.com

*Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2019 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/  Ben Barnow

Ben Barnow