# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICES LITIGATION<br><br>*This Document Relates to All Cases* | Civil No. 1:16-cv-05802<br>MDL 2705<br><br>Judge Gary S. Feinerman |

## JOINT STATUS REPORT

Pursuant to the Order of the Court of August 7, 2019 [Doc. 369], plaintiffs Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr., Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, and Rodney Zachary, (collectively "Plaintiffs"), with defendants The Kraft Heinz Company, Publix Super Markets, Inc., Albertsons LLC, Albertsons Companies, Inc., SuperValu, Inc., Target Corporation, ICCO-Cheese Company, Inc., and Wal-Mart Stores, Inc. (together with Plaintiffs, the "Parties") submit this Joint Status Report.

### Component Cases that Should Be Dismissed in Their Entirety

Because of the Court's disposition of Plaintiffs' claims to date, the following cases should be dismissed in their entirety and judgment directed in defendants' favor: Case Nos. 16-cv-11272 in favor of Publix, 16-cv-11273 in favor of Publix, and 16-cv-06172 in favor of Target. *See* Plaintiffs' Proposed Order, Exhibit 1.

### Stay of All Claims and Cases

All parties agree to stay all claims and cases that have survived the Defendants' dispositive

motions, including all proceedings in the MDL and any remaining claims pending before this Court. This stay is without prejudice to any of Plaintiffs' positions and rights or Defendants' ability to raise or assert any defenses with respect to any of these cases or claims, including claims by Plaintiffs not named in any of the consolidated complaints.

**Partial Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b)**

The Court should find that partial final judgment is appropriate with regard to issues relating to Plaintiffs' "100% claims," as that term is used in the Court's November 1, 2018 Memorandum Opinion and Order (Doc. #297) and July 16, 2019, Memorandum Opinion and Order (Doc. #370) (collectively, "Orders"). Federal Rule of Civil Procedure 54(b) permits entry of a partial final judgment when "all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties." *Lottie v. W. Am. Ins. Co., of Ohio Cas. Grp. of Ins. Companies*, 408 F.3d 935, 938 (7th Cir. 2005). The Seventh Circuit recognizes "some obvious advantages to 54(b) certification" in an MDL where the closely related appeals can be decided by one appellate court prior to remand to the transferor courts. *FedEx Ground Package Sys., Inc. v. U.S. Judicial Panel on Multidistrict Litig.*, 662 F.3d 887, 890 (7th Cir. 2011). "[D]istrict courts may grant certifications under [Fed. R. Civ. P. 54(b)], thereby enabling plaintiffs in actions that have not been dismissed in their entirety to pursue immediate appellate review." *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 906 (2015).

In this case, a distinct claim has been fully resolved with respect to all of the parties as required under *Lottie*, 408 F.3d at 938.

The Anticaking claims, as that term is used in the Orders, are entirely distinct from the 100% claims. The Anticaking claims implicate the function of cellulose in the product and what levels of cellulose would be appropriate and legally permissible to perform that function.

The test to determine whether these are truly separate claims "is whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the court would have to go over the same ground that it had covered in the first appeal." *Lottie*, 408 F.3d at 939 (quoting *Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1162 (7th Cir. 1997)). In this case, the evidence and facts that would be used to support the 100% claims generally covers different ground.

The Court should enter partial final judgment pursuant to Fed. R. Civ. P. 54(b) on all counts of Docs. 225, 227, 228, and 229 to the extent they assert 100% claims because there is no just reason for delay. It would be more efficient and just for the 100% claims to be adjudicated now by the Seventh Circuit, rather than some now in the Seventh Circuit and then again at various times by various circuit courts embracing the numerous transferor courts after the cases are remanded and tried. Under these circumstances, use of Rule 54(b) alleviates, rather than aggravates, risks of piecemeal litigation. *Gelboim v. Bank of Am. Corp.*, 823 F.3d 759, 769 (2d Cir. 2016) (appeal of issue regarding the antitrust injury of four groups of plaintiffs where the decision was a final adjudication of only one group), *remanded from* 135 S. Ct. 897 (2015). Judicial economy will be promoted by having the appeal of the Court's ruling determined expeditiously, rather than waiting until the claims against the remaining defendants are resolved. No appellate court will have to decide the same issues (namely, the 100% claims) more than once even if there are subsequent appeals.

Accordingly, pursuant to Fed. R. Civ. P. 54(b) and because there is no just reason for delay, the Clerk of Court should be directed to enter partial final judgment on all counts of Docs. 225, 227, 228, and 229 to the extent they assert the 100% claims.

## Certification Pursuant to 28 U.S.C. § 1292(b)

In addition to entering partial final judgment on the 100% claims and any related issues, the Court should also certify the 100% claims and any related issues for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). "There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Id.*

The parties agree that there are controlling questions of law in this case, although they disagree as to how that question should be framed. Plaintiffs maintain that the controlling question of law in this case is whether an allegedly false, deceptive, or misleading statement made on the front of the package can be disclaimed on the back so that a reasonable consumer cannot be misled as a matter of law. Defendants maintain that the controlling questions of law are: (i) whether an ambiguous statement susceptible of multiple potential meanings, such as the challenged 100% claims, can be deceptive or misleading as a matter of law when other representations on the packaging clarify the meaning of that statement; and (ii) whether Plaintiffs' 100% claims are preempted by the Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, et seq., as amended by the Nutrition Labeling and Education Act, 21 U.S.C. §§ 341, et seq.

Regardless of how the questions are framed, the parties agree that these questions satisfy all five of the Ahrenholz criteria:

Question of Law. The question of whether the 100% claims are actionable as pled presents a question of law.

Controlling and Contestable. Whether the 100% claims are actionable as pled presents a controlling and contestable question. A reversal of the Court will mean Plaintiffs' claims are adequately pled and an affirmance will result in numerous claims remaining dismissed.

Advance the Litigation. Section 1292(b) requires this Court to certify that an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). In construing this provision, the Seventh Circuit has emphasized that "all that section 1292(b) requires as a precondition to an interlocutory appeal . . . is that an immediate appeal *may* materially advance the ultimate termination." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 556 (7th Cir. 2012) (emphasis added). It also made clear that an interlocutory appeal may satisfy this requirement if it increases the chance that the case will settle. *See id.* ("[U]ncertainty about the status of the destruction claim may delay settlement (almost all class actions are settled rather than tried), and by doing so further protract the litigation. That is enough to satisfy the 'may materially advance' clause of section 1292(b); neither the statutory language nor the case law requires that if the interlocutory appeal should be decided in favor of the appellant the litigation will end then and there, with no further proceedings in the district court."). Here, an immediate appeal of the 100% claims will eliminate the lingering uncertainty about the status of the 100% claim and might facilitate a potential settlement of this action. This shows that an interlocutory appeal may materially advance the ultimate termination of this litigation.

Reasonable Time. There is no fixed deadline for seeking interlocutory review of a district court's order; instead, the determination of whether the parties sought review within a "reasonable time" is a fact-bound, context-driven question. *See generally Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000) ("There is no time limit in the statute or in any applicable rules for seeking the district judge's permission to appeal under 1292(b),"). Here,

5

even though the Court dismissed the 100% claims in November 2018, the parties justifiably waited to seek interlocutory review until the resolution of the parties' motions for judgment on the pleading and summary judgment motions concerning Plaintiffs' alternative "anticaking" theory. Shortly after the Court ruled on those motions, the parties and the Court began to discuss the best procedural mechanisms to facilitate an immediate appeal, including certification of an interlocutory appeal under 28 U.S.C. § 1292(b). Under the circumstances of this case, that suffices to establish that the parties' interlocutory appeal was not "inexcusably dilatory." *Richardson Elecs.*, 202 F.3d at 958.

Exhibit 2 is a proposed order pursuant to Fed. R. Civ. P. 54(b) and 28 U.S.C. § 1292(b) for the Court's consideration.

Respectfully submitted,

Dated: August 19, 2019     BARNOW AND ASSOCIATES, P.C.

By: s/ Ben Barnow

Ben Barnow
BARNOW AND ASSOCIATES, P.C.
1 North LaSalle Street, Suite 4600
Chicago, IL 60602
Tel: 312/621-2000
b.barnow@barnowlaw.com

Timothy G. Blood
BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619-338-1100
tblood@bholaw.com

Eduard Korsinsky
LEVI & KORSINSKY LLP
30 Broad Street, 24th Floor
New York, NY 10004
Tel: 212/363-7500
ek@zlk.com

*Co-Lead Counsel*

Dated: August 19, 2019          JENNER & BLOCK LLP

By: s/ Dean N. Panos
Dean N. Panos
353 N. Clark Street
Chicago, IL 60654
Tel: 312/222-9350
dpanos@jenner.com

*Attorneys for Defendant Kraft Heinz Company*

Dated: August 19, 2019          FOX ROTHSCHILD LLP

By: s/ Joseph Collins
Joseph Collins
FOX ROTHSCHILD LLP
321 N. Clark St. Suite 1600
Chicago, IL 60654
Tel: 312-517-9201
jcollins@foxrothschild.com

*Attorneys for Defendants Albertsons, LLC; Albertson Companies, Inc.; Supervalu, Inc.; and Publix Super Markets Inc.*

Dated: August 19, 2019          BOWIE & JENSEN, LLC

By: s/ Joshua A. Glikin
Joshua A. Glikin
29 W. Susquehanna Ave., Suite 600
Towson, MD 21204
Tel: 410/583-2400
glikin@bowie-jensen.com

*Attorneys for Defendants Target Corporation and ICCO-Cheese Company, Inc.*

Dated: August 19, 2019        GREENBERG TRAURIG LLP

<u>By: s/ Francis A. Citera</u>
Francis A. Citera
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Tel: 312/456-8413
citeraf@gtlaw.com

*Attorney for Defendants Wal-Mart Stores, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2019, I electronically filed the foregoing Joint Status Report with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/Ben Barnow