# EXHIBIT 2

| | |
|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICES LITIGATION<br><br>*This Document Relates to All Cases* | 1:16-cv-5802<br><br>MDL No. 2705<br><br>**District Judge Gary S. Feinerman** |

# [PROPOSED] ORDER

The Parties have submitted a joint statement regarding entry of partial final judgment of the 100% claims pursuant to Fed. R. Civ. P. 54(b) and certification pursuant to 28 U.S.C. § 1292(b).

The Court hereby finds that partial final judgment on the 100% claims, as those claims are identified in the Memorandum Opinion and Orders dated November 1, 2018 (Doc. # 297) and July 16, 2019 (Doc. # 370) is appropriate. Federal Rule of Civil Procedure 54(b) permits entry of a partial final judgment when "all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties." *Lottie v. W. Am. Ins. Co., of Ohio Cas. Grp. of Ins. Companies*, 408 F.3d 935, 938 (7th Cir. 2005). The Seventh Circuit recognizes "some obvious advantages to 54(b) certification" in an MDL where the closely related appeals can be decided by one appellate court prior to remand to the transferor courts. *FedEx Ground Package Sys., Inc. v. U.S. Judicial Panel on Multidistrict Litig.*, 662 F.3d 887, 890 (7th Cir. 2011). "[D]istrict courts may grant certifications under [Fed. R. Civ. P. 54(b)], thereby enabling plaintiffs in actions that have not been dismissed in their entirety to pursue immediate appellate review." *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 906 (2015).

The Court finds that the 100% claims are separate and distinct from the remaining claims

and that the evidence and facts that would be used to support the 100% claims generally covers different ground.

The Court finds that there is no just reason for delay.

Accordingly, the Court finds that partial final judgment pursuant to Fed. R. Civ. P. 54(b), is appropriate on claims to the extent they assert the 100% claims in Doc. 225, Doc. 227, Doc. 228, and Doc. 229.

In the alternative, pursuant to 28 U.S.C. § 1292(b), the Court additionally certifies for appeal the 100% claims, as those claims are identified in the Memorandum Opinion and Orders dated November 1, 2018 (Doc. # 297) and July 16, 2019 (Doc. # 370).

The Clerk of Court is directed to enter partial final judgment on claims to the extent they assert the 100% claims in Doc. 225, Doc. 227, Doc. 228, and Doc. 229. All proceedings in the MDL and the remaining claims pending before the Court are stayed pending the appeal of the partial final judgment and § 1292(b) issue.

This Order shall not be construed to waive any party's positions, including Plaintiffs' potential appeal of the Court's prior rulings.

IT IS SO ORDERED.

DATED:

United States District Judge