# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICES LITIGATION | 16 CV 5802 |
| | MDL 2705 |
| | Judge Gary S. Feinerman |

## AMENDED NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that plaintiffs Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr., Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, and Rodney Zachary (collectively, "Plaintiffs), hereby appeal to the United States Court of Appeals for the Seventh Circuit from the final judgments and partial final judgment of the Honorable Gary Feinerman, United States District Court for the Northern District of Illinois, on August 26, 2019, as follows:

Rodney Zachary with respect to judgment in 16-cv-6172 (ECF No. 8);

Erin Rudder with respect to judgment in 16-cv-11272 (ECF No. 10);

Carmen Pellitteri with respect to judgment in 16-cv-11273 (ECF No. 11);

Ann Bell, Alfonso Fata, Karen Ford, Samantha Lewin, Yvette Nash, Rosemary Quinn, Larry Rollinger, Jr., Adam Weiss, and Michael Wills with respect to partial final judgment (ECF No. 381) as to the 100% claims in the consolidated amended class action complaint against the Kraft Heinz Company (ECF No. 225);

Ann Bell, Dan Lang, and Michael Wills with respect to partial final judgment (ECF No. 381) as to the 100% claims in the consolidated amended class action complaint against Albertsons Companies, Inc., Albertsons LLC, and SuperValu, Inc. (ECF No. 227);

Ann Bell, Alfonso Fata, and Nancy Reeves with respect to partial final judgment (ECF No. 381) as to the 100% claims in the consolidated amended class action complaint against Target Corporation and ICCO-Cheese Company, Inc. (ECF No. 228);

Alan Ducorsky, Becky Sikes, Larry Rollinger, Jr., Rita Schmoll, Michael Wills, and Nancy Reeves with respect to partial final judgment (ECF No. 381) as to the 100% claims in the consolidated amended class action complaint against Wal-Mart Stores, Inc. and ICCO-Cheese Company, Inc. (ECF No. 229); and

Plaintiffs also appeal all orders and rulings subsumed within the judgments, including the Orders entered on August 24, 2017, November 1, 2018, and July 16, 2019.


DATED:         September 9, 2019                    Respectfully submitted,


                                                   s/  Ben Barnow

                                                   Ben Barnow
                                                   BARNOW AND ASSOCIATES, P.C.
                                                   205 West Randolph Street, Suite 1630
                                                   Tel: 312/621-2000
                                                   b.barnow@barnowlaw.com

                                                   Timothy G. Blood
                                                   BLOOD HURST & O'REARDON, LLP
                                                   501 West Broadway, Suite 1490
                                                   San Diego, CA 92101
                                                   Tel: 619-338-1100
                                                   tblood@bholaw.com

                                                   Eduard Korsinsky
                                                   LEVI & KORSINSKY LLP
                                                   30 Broad Street, 24th Floor
                                                   New York, NY 10004
                                                   Tel: 212/363-7500
                                                   ek@zlk.com

                                                   *Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Ben Barnow

Ben Barnow

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICES LITIGATION | 16 CV 5802 <br><br> MDL 2705 <br><br> Judge Gary S. Feinerman |

### DOCKETING STATEMENT

Plaintiffs-Appellants Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr., Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, and Rodney Zachary (collectively, "Plaintiffs), hereby respectfully submit their Docketing Statement pursuant to Circuit Rule 3(c)(1).

### I.    Jurisdiction of the District Court

The district court had jurisdiction under 28 U.S.C. § 1332(d), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is brought as a class action in which at least one class member is a citizen of a state that is diverse from defendants-appellees. The table below shows the parties' citizenship:

| Party | Citizenship |
|---|---|
| Ann Bell | Illinois |
| Alan Ducorsky | New York |
| Alfonso Fata | Florida |
| Karen Ford | Michigan |
| Dan Lang | Illinois |
| Samantha Lewin | California |
| Yvette Nash | Illinois |
| Rosemary Quinn | New York |
| Nancy Reeves | California |
| Larry Rollinger, Jr. | Minnesota |
| Erin Rudder | Florida |
| Carmen Pellitteri | Florida |

| Rita Schmoll | New Jersey |
|---|---|
| Becky Sikes | Florida |
| Adam Weiss | California |
| Michael Wills | Alabama |
| Rodney Zachary | Missouri |
| Albertsons Companies, Inc. | Delaware corporation<br>Principal place of business in Idaho |
| Albertsons LLC | Delaware limited liability company<br>Principal place of business in Idaho |
| ICCO-Cheese Company, Inc. | New York corporation<br>Principal place of business in New York |
| The Kraft Heinz Company | Delaware corporation<br>Principal place of business in Illinois |
| Publix Super Markets Inc. | Florida corporation<br>Principal place of business in Florida |
| SuperValu, Inc. | Delaware corporation<br>Principal place of business in Minnesota |
| Target Corporation | Minnesota corporation<br>Principal place of business in Minnesota |
| Wal-Mart Stores, Inc. | Delaware corporation<br>Principal place of business in Arkansas |

## II.     Jurisdiction of the Appellate Court

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. On August 26, 2019, the district court entered final judgment against Plaintiffs Carmen Pellitteri, Erin Rudder, and Rodney Zachary and dismissed their cases, which were consolidated with numerous other actions before the district court after transfer for coordinated or consolidated pretrial proceedings by the Judicial Panel on Multidistrict Litigation. Also on August 26, 2019, the district court entered "final judgment under Civil Rule 54(b) . . . as to the '100% claims' in the consolidated amended class action complaints [225]] [227] [228] [229]." Plaintiffs-Appellants timely filed their notice of appeal on September 9, 2019.

## III.     Prior or Related Appellate Proceedings

*Ann Bell, et al. v. Albertsons Companies, Inc., et al.*, Case No. 19-2581 (7th Cir. docketed August 15, 2019) is a related appellate proceeding that is currently pending. Plaintiffs-Appellants

Ann Bell, Alfonso Fata, Carmen Pellitteri, Nancy Reeves, Erin Rudder, and Rodney Zachary

filed a notice of appeal as a precaution in the event the district court's Memorandum Opinion and

Order of July 16, 2019 was construed as a disposition of their Civil Rule 59(e) motion to alter or

amend judgment. Plaintiffs have maintained that was not the case, and now judgment has been

entered on August 26, 2019, confirming Plaintiffs' position. In their docketing statement in Case

No. 19-2581, they explained that the parties requested that final judgment be entered in the cases

of Rudder, Pellitteri, and Zachary, and Civil Rule 54(b) final judgment be entered with respect to

the "100% claims" of Ann Bell, Alfonso Fata, Nancy Reeves, as well as the other plaintiffs who

had asserted claims, in the consolidated amended class action complaints. Now that judgment

has been entered as requested, Plaintiffs-Appellants submit that joinder or consolidation of this

appeal with Appeal No. 19-2581 is warranted.

## IV.    Additional Disclosures

No criminal conviction is being appealed, nor has the district court designated prior

litigation as satisfying the criteria of 28 U.S.C. § 1915(g). Furthermore, none of the parties to this

litigation appears in an official capacity. This case does not represent a collateral attack on a

criminal conviction.


DATED:        September 9, 2019                    Respectfully submitted,


                                                  s/  Ben Barnow
                                                  —————————————

                                                  Ben Barnow
                                                  BARNOW AND ASSOCIATES, P.C.
                                                  205 West Randolph Street, Suite 1630
                                                  Tel: 312/621-2000
                                                  b.barnow@barnowlaw.com

Timothy G. Blood
BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
tblood@bholaw.com

Eduard Korsinsky
LEVI & KORSINSKY LLP
30 Broad Street, 24th Floor
New York, NY 10004
Tel: 212/363-7500
ek@zlk.com

*Co-Lead Counsel*

4

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2019 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/  Ben Barnow

Ben Barnow

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE | ) | 16 C 5802 |
| MARKETING AND SALES PRACTICES | ) | MDL 2705 |
| LITIGATION | ) | |
| | ) | Judge Gary Feinerman |
| This Document Relates to All Cases | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants in this multidistrict litigation are purveyors of grated parmesan cheese

products with labels stating "100% Grated Parmesan Cheese" or some variation thereof.

Plaintiffs allege that they were misled by the labels because the products contain ingredients

other than cheese—in particular, a nontrivial amount of cellulose.  After the Judicial Panel on

Multidistrict Litigation consolidated these suits before the undersigned judge, Doc. 1, Plaintiffs

filed five consolidated class action complaints, which allege violations of various state consumer

protection statutes, breaches of express and implied warranty, and unjust enrichment.  Docs. 120-

123, 143.  Defendants move to dismiss the complaints under Federal Rules of Civil Procedure

12(b)(1) and 12(b)(6).  Docs. 156, 160, 163, 167, 173.  The Rule 12(b)(1) motions are denied,

but the Rule 12(b)(6) motions are granted.

## Background

On a facial challenge to subject matter jurisdiction under Rule 12(b)(1) or a motion to

dismiss under Rule 12(b)(6), the court assumes the truth of the operative complaints' factual

allegations, though not their legal conclusions.  *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d

1082, 1087 (7th Cir. 2016) (Rule 12(b)(6)); *Apex Dig. Inc. v. Sears, Roebuck & Co.*, 572 F.3d

440, 443-44 (7th Cir. 2009) (Rule 12(b)(1)).  The court must also consider "documents attached

to the complaint[s], documents that are critical to the complaint[s] and referred to in [them], and

information that is subject to proper judicial notice," along with additional facts set forth in Plaintiffs' brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013). Where a complaint attaches only part of a relevant document, the court may consider the entire document if the defendant appends it to its motion. *See Rosenblum v. Travelbyus.com*, 299 F.3d 657, 661-62 (7th Cir. 2002) (holding that the court could consider the remainder of a contract referenced in the complaint, where the plaintiff "appended only a part of the relevant instrument" and the defendant attached the rest). The facts are set forth as favorably to Plaintiffs as those materials allow, and all reasonable inferences are drawn in their favor. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth those facts at the pleading stage, the court does not vouch for their accuracy. *See Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 384 (7th Cir. 2010).

Defendants The Kraft Heinz Company, Albertsons Companies, Inc. and Albertsons LLC (together, "Albertsons"), Supervalu, Inc., Target Corporation, Wal-Mart Stores, Inc., ICCO-Cheese Company, Inc., and Publix Super Markets, Inc. design, develop, manufacture, sell, test, package, label, distribute, promote, market, and/or advertise grated parmesan cheese products. Doc. 120 at ¶¶ 16-17; Doc. 121 at ¶¶ 10-14; Doc. 122 at ¶¶ 11-12; Doc. 123 at ¶¶ 13-14; Doc. 143 at ¶ 9. The products all bore labels stating "100% Grated Parmesan Cheese," Doc. 120 at ¶¶ 7, 9-15; Doc. 121 at ¶¶ 7-9; Doc. 122 at ¶¶ 7-11; Doc. 123 at ¶¶ 7-12, or some similar variation, Doc. 120 at ¶ 8 ("100% Grated Parmesan and Romano Cheese"); Doc. 122 at ¶¶ 7-8, 10 ("Parmesan 100% Grated Cheese"); Doc. 123 at ¶¶ 7-12 ("100% Parmesan Grated Cheese"); Doc. 143 at ¶ 7 ("100% Real Grated Romano Parmesan Cheese"); *id.* at ¶ 8 ("100% Real Grated Parmesan Cheese"); *see also* Doc. 120 at ¶ 20 ("100% Grated Three Cheese Blend"). In

addition, Kraft "developed and paid for [television commercials] throughout the years and the class period [which] reinforced the message that the Products are comprised of only 100% real cheese." Doc. 120 at ¶ 21.

Plaintiffs are consumers who purchased Defendants' products at grocery stores around the country. Doc. 120 at ¶¶ 7-15; Doc. 121 at ¶¶ 7-9; Doc. 122 at ¶¶ 7-10; Doc. 123 at ¶¶ 7-12; Doc. 143 at ¶¶ 7-8. Plaintiffs purchased the products believing that they contained only cheese, and nothing else. Doc. 120 at ¶¶ 7-15; Doc. 121 at ¶¶ 7-9; Doc. 122 at ¶¶ 7-10; Doc. 123 at ¶¶ 7-12; Doc. 143 at ¶¶ 7-8. The products, however, contain not just cheese, but also anywhere from 3.8% to 8.8% cellulose, an organic polymer with no nutritional value that is "often used as a filler." Doc. 120 at ¶¶ 19, 22 (complaint against Kraft, alleging 3.8% cellulose); Doc. 121 at ¶¶ 16, 18 (complaint against Albertsons and Supervalu, alleging 8.8% cellulose); Doc. 122 at ¶¶ 16, 18 (complaint against Target and ICCO, not specifying a percentage); Doc. 123 at ¶¶ 17-18, 20 (complaint against Wal-Mart and ICCO, alleging 7.8% cellulose); Doc. 143 at ¶¶ 11, 13 (complaint against Publix, alleging "a significant portion" of cellulose). Some of the products also contained other ingredients, including potassium sorbate, Doc. 120 at ¶ 19; Doc. 122 at ¶ 16; Doc. 123 at ¶ 18, and corn starch, Doc. 122 at ¶¶ 15-16.

Each product has an ingredient list somewhere on its label, and each ingredient list disclosed the non-cheese ingredients. Doc. 157 at 11-12; Doc. 162 at 14; Doc. 164-1; Doc. 168-1; Doc. 174 at 8. While "100% Grated Parmesan Cheese" (and the other, similar descriptions) are prominently featured on the products' front labels, the ingredient lists are smaller, less conspicuous, and located near the nutritional facts on the rear labels. Doc. 157 at 11-12; Doc. 162 at 14; Doc. 164-1; Doc. 168-1; Doc. 174 at 8. Each ingredient list states that the cellulose is

added "to prevent caking."  Doc. 157 at 11-12; Doc. 162 at 14; Doc. 164-1; Doc. 168-1; Doc. 174 at 8.

As a representative example, Kraft's "100% Grated Parmesan Cheese" packaging includes, on the back of the container, the following list in a relatively small, all-capital-letters font: "Ingredients: Parmesan Cheese (pasteurized part-skim milk, cheese culture, salt, enzymes), cellulose powder to prevent caking, potassium sorbate to protect flavor."  Doc. 162 at 14.  The "100% Grated Parmesan Cheese" description is featured prominently on the front label.  *Ibid*. The packaging advises purchasers to "refrigerate after opening," *ibid*., plainly indicating that the unopened product is shelf-stable and need not be refrigerated.

The following images show the products' general appearance and the labels' layout and design.

 

Doc. 162 at 14 (Kraft).



Doc. 168-1 at 2 (Wal-Mart and ICCO).



Doc. 174 at 8 (Publix).



Doc. 157 at 12 (Albertsons and Supervalu).



Doc. 164-1 at 2 (Target and ICCO).

### Discussion

Defendants seek dismissal under Rule 12(b)(1) for lack of Article III standing and under Rule 12(b)(6) for failure to state a claim. Because standing is jurisdictional, the court must consider it before reaching the merits. *See Hinrichs v. Speaker of House of Representatives of Ind. Gen. Assembly*, 506 F.3d 584, 590 (7th Cir. 2007).

### I.     Article III Standing

Defendants assert that Plaintiffs do not adequately plead two necessary components of Article III standing, injury and causation. Doc. 164 at 23-25. The Supreme Court recently reiterated the requirements for Article III standing:

> [T]he irreducible constitutional minimum of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements.

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations and internal quotation marks omitted); *see also Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 966 (7th Cir. 2016) ("[Plaintiffs] must demonstrate that they have 'suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision.'") (quoting *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013)).

Plaintiffs' alleged injuries are financial. They claim that they purchased a product worth less than what they paid because it contained non-cheese ingredients, and also that they received something different—and less valuable—than what they were promised, because the front label misleadingly states that the product is 100% cheese. Doc. 120 at ¶ 24; Doc. 121 at ¶ 20; Doc. 122 at ¶ 20; Doc. 123 at ¶ 22; Doc. 143 at ¶ 15. For the reasons given in *In re Aqua Dots*

*Products Liability Litigation*, 654 F.3d 748 (7th Cir. 2011), these allegations are sufficient to establish standing.

The plaintiffs in *Aqua Dots* sued the manufacturer and distributors of a children's toy consisting of little beads that could be fused together to create designs. *Id*. at 749. When swallowed, a chemical in the beads metabolized into gamma-hydroxybutyric acid, commonly known as the "date rape" drug. *Ibid*. Children who swallowed a large number of beads became sick, with some falling into comas. *Id*. at 749-50. The plaintiffs were not physically injured children or their parents, but instead were the parents of children who suffered no physical injury. *Id*. at 750. The Seventh Circuit held that the plaintiffs had Article III standing. According to the court, the fact that the plaintiffs "did not suffer physical injury, … [did] not mean that they were uninjured. The plaintiffs' loss is financial: they paid more for the toys than they would have, had they known of the risks the beads posed to children. A financial injury creates standing." *Id*. at 751; *see also United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 686 (1973) (noting that "those who could show economic harm" have standing) (citation omitted).

The same result obtains here. The complaints allege, among other things, that Plaintiffs overpaid for Defendants' products because the non-cheese ingredients made the products less valuable than what they cost. Doc. 120 at ¶ 24; Doc. 121 at ¶ 20; Doc. 122 at ¶ 20; Doc. 123 at ¶ 22; Doc. 143 at ¶ 15. As in *Aqua Dots,* that is sufficient to establish standing. *See Muir v. Playtex Prods., LLC*, 983 F. Supp. 2d 980, 986-87 (N.D. Ill. 2013) (holding that the plaintiff had standing where she alleged that she paid a premium for a diaper-disposal product based on the false representation that it had been "Proven #1 in Odor Control"); *Lipton v. Chattem, Inc.*, 2012 WL 1192083, at *3-4 (N.D. Ill. Apr. 10, 2012) (same, where the plaintiff alleged that she paid

8

more for a weight loss product than she would have paid had she known that it contained

hexavalent chromium); *Askin v. Quaker Oats Co.*, 818 F. Supp. 2d 1081, 1084 (N.D. Ill. 2011)

(same, where the plaintiff alleged that she paid a premium for a food product based on the

defendant manufacturer's false representations that the product did not contain unhealthy trans

fats); *Chacanaca v. Quaker Oats Co.*, 752 F. Supp. 2d 1111, 1124-25 (N.D. Cal. 2010) (same);

*Gonzalez v. Pepsico, Inc.*, 489 F. Supp. 2d 1233, 1240-41 (D. Kan. 2007) (same, where the

plaintiff alleged that she paid more for beverages than they were worth because they potentially

contained benzene). And if Plaintiffs are correct that Defendants' labels are misleading, then the

complaints—which assert that Plaintiffs viewed the allegedly misleading labels and formed a

belief that the products contained only cheese—provide an adequate basis to conclude that the

challenged conduct caused their injuries. *See Muir*, 983 F. Supp. 2d at 991 (holding that the

plaintiff adequately alleged causation because "it suffices at the pleading stage to allege that the

plaintiff incurred a financial injury upon purchasing a product based on the defendant's

deceptive statements"). The complaints therefore allege an injury-in-fact that is sufficiently

concrete and particularized, fairly traceable to Defendants' conduct, and redressable by the court.

Defendants' other "standing" arguments are not standing arguments at all. Albertsons

and Supervalu contend that Plaintiffs' injuries are merely conjectural, not concrete, because

"'100% cheese' is *not* what Supervalu's labels promised" and because "Supervalu's labels were

in full compliance with FDA regulations." Doc. 157 at 18. Target and ICCO contend that there

is no causation because Plaintiffs "do not allege how or why they formed th[e] belief" that the

products contained only cheese, given that the labels (in Target and ICCO's view) do not make

any such representations when viewed as a whole. Doc. 164 at 25. Those arguments are just

merits arguments repackaged as standing arguments. *See Aurora Loan Servs., Inc. v. Craddieth*,

442 F.3d 1018, 1024 (7th Cir. 2006) ("The point is not that to establish standing a plaintiff must establish that a right has been infringed; that would conflate the issue of standing with the merits of the suit.  It is that he must have a colorable *claim* to such a right.").  Plaintiffs therefore have standing to pursue their claims.

## II.     Merits

### A.     Consumer Protection Claims

Plaintiffs bring claims under various state consumer protection statutes: Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1 *et seq.* ("ADPTA"), Doc. 120 at 29-30; Doc. 121 at 11-12; Doc. 123 at 23-25; California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"), Doc. 120 at 19-20; Doc. 122 at 20-21; Doc. 123 at 27-28; California Unfair Competition Law, Cal. Bus. & Profs. Code § 17200 *et seq.* ("UCL"), Doc. 120 at 17-19; Doc. 122 at 18-20; Doc. 123 at 25-27; Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b ("CUTPA"), Doc. 120 at 26-27; Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* ("FDUTPA"), Doc. 120 at 27-29; Doc. 122 at 16-18; Doc. 123 at 20-22, Doc. 143 at 8-10; Illinois Deceptive Practices and Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), Doc. 120 at 25-26; Doc. 121 at 10-11; Doc. 122 at 13-14; Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903 *et seq.* ("MCPA"), Doc. 120 at 31-32; Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09 *et seq.* ("MUTPA"), Doc. 120 at 22-23; Doc. 123 at 17-18; Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44 *et seq.* ("MDTPA"), Doc. 120 at 24-25; Doc. 123 at 19-20; Minnesota False Statement in Advertising Act, Minn. Stat. § 325F.67 ("MFSAA"), Doc. 120 at 23-24; Doc. 123 at 18-19; Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68 *et seq.* ("MPCFA"), Doc. 120 at 21-22; Doc. 123 at 15-17; Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 *et seq.*

("MMPA"), Doc. 122 at 14-16; New Jersey Consumer Fraud Act, N.J. Stat. § 56:8-1 *et seq*.

("NJCFA"), Doc. 123 at 22-23; and New York General Business Law §§ 349, 350 ("NYGBL"),

Doc. 120 at 15-16; Doc. 123 at 14-15.

      The parties cite precedents applying these laws interchangeably and agree that, while

they differ in certain particulars, all share a common requirement: to state a claim, a plaintiff

must allege conduct that plausibly could deceive a reasonable consumer. *See*, *e.g.*, Doc. 162 at

16 & n.4 ("The state laws invoked by Plaintiffs require proof that the challenged statement is

likely to mislead a reasonable consumer."); Doc. 185 at 31 & n.14 ("Generally, state consumer

protection claims alleging deceptive trade practices may be satisfied by proof that a statement is

likely to mislead a reasonable consumer."); *see also*, *e.g.*, *Ebner v. Fresh, Inc.*, 838 F.3d 958,

965 (9th Cir. 2016) ("Plaintiff's claims under [UCL and CLRA] are governed by the reasonable

consumer test.") (citation omitted); *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 755-57 (7th

Cir. 2014) (holding that the question of whether a "reasonable consumer" would likely be

deceived was common to all members of a proposed class that included Alabama consumers

suing under state consumer protection law) (citing *Chrysler Corp. v. Schiffer*, 736 So. 2d 538,

543-44 (Ala. 1999)); *ibid*. (holding the same for New Jersey consumers) (citing *Turf Lawnmower

Repair, Inc. v. Bergen Record Corp.*, 655 A.2d 417, 430 (N.J. 1995)); *Fink v. Time Warner

Cable*, 714 F.3d 739, 741 (2d Cir. 2013) ("To prevail on their consumer fraud claims under New

York and California law, Plaintiffs must establish that Time Warner's allegedly deceptive

advertisements were likely to mislead a reasonable consumer acting reasonably under the

circumstances."); *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007)

("[D]eception [under the FDUTPA] occurs if there is a representation, omission, or practice that

is likely to mislead the consumer acting reasonably in the circumstances … .") (quoting *PNR,*

*Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So.2d 773, 777 (Fla. 2003)); *In re Gen. Mills Glyphosate Litig.*, 2017 WL 2983877, at \*5-6 (D. Minn. July 12, 2017) (applying the "reasonable consumer" standard when analyzing motion to dismiss a class action complaint asserting violations of the MPCFA, the MDTPA, and other consumer protection laws); *Nelson v. MillerCoors, LLC*, 2017 WL 1403343 (E.D.N.Y. Mar. 31, 2017) ("The reasonable consumer standard applies to [NYGBL] section 349 and 350 claims … ."); *Thornton v. Pinnacle Foods Grp. LLC*, 2016 WL 4073713, at \*3 (E.D. Mo. Aug. 1, 2016) (inquiring whether "a reasonable consumer would be deceived by a product label" when examining an MMPA claim); *Smith v. Wells Fargo Bank, N.A.*, 158 F. Supp. 3d 91, 101 (D. Conn. 2016) ("[A] plaintiff can plead a deceptive act or practice [under CUTPA] by establishing … the defendant made a representation, omission, or other practice likely to mislead consumers … [and] the plaintiff, a consumer, interpreted the message reasonably under the circumstances … .") (citing *Caldor, Inc. v. Heslin*, 577 A.2d 1009, 1013 (Conn. 1990)), *aff'd*, 666 F. App'x 84 (2d Cir. 2016); *Phillips v. DePaul Univ.*, 19 N.E.3d 1019, 1031 (Ill. App. 2014) ("[T]he analysis [under the ICFA] must consider whether the act was deceptive as reasonably understood in light of all the information available to plaintiffs.") (emphasis omitted); *Dix v. Am. Bankers Life Assurance Co. of Fla.*, 415 N.W.2d 206, 209 (Mich. 1987) (asking under the MCPA whether "a reasonable person would have relied on" the allegedly deceptive representations); *Curtis v. Philip Morris Cos.*, 2004 WL 2776228, at \*4 (Minn. Dist. Ct. Nov. 29, 2004) (holding that under Minnesota consumer protection law, whether marketing is deceptive turns on whether "it has the capacity to mislead consumers, acting reasonably under the circumstances … (i.e. to entice a reasonable consumer to purchase the product)").

Thus, for purposes of state consumer protection statutes, "a statement is deceptive if it creates a likelihood of deception or has the capacity to deceive." *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001); *see also Ebner*, 838 F.3d at 965 ("Plaintiff[s] must show that members of the public are likely to be deceived.") (internal quotation marks omitted). "Whether an advertisement is misleading must be judged by the effect it would have on a reasonable consumer." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1161 (9th Cir. 2012). So on a motion to dismiss, the question is "whether the allegedly false and misleading statements can be read to create a likelihood of deception or to have the capacity to deceive" a reasonable consumer. *Bober*, 246 F.3d at 938. To clear this bar, there must be "more than a mere possibility that [a] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. Rather, the reasonable consumer standard requires a probability that a significant portion of the general consuming public … , acting reasonably in the circumstances, could be misled." *Ebner*, 838 F.3d at 965 (internal quotation marks and citations omitted); *see also Fink*, 714 F.3d at 741 ("To prevail on their consumer fraud claims … Plaintiffs must establish that [the] allegedly deceptive advertisements were likely to mislead a reasonable consumer acting reasonably under the circumstances."); *Zlotnick*, 480 F.3d at 1284 ("[D]eception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment."). "This standard requires a showing of probable, not possible, deception." *Zlotnick*, 480 F.3d at 1284 (internal quotation marks omitted). Put another way, "a representation does not become 'false and deceptive' merely because it will be unreasonably misunderstood by an insignificant and unrepresentative segment of the class of persons to whom the representation is addressed." *Davis*, 691 F.3d at 1162 (internal citation omitted).

Although a marketing practice's deceptiveness is often a question of fact inappropriate for resolution at the pleading stage, *see ibid.*, "the primary evidence in a false advertising case is the advertising itself," *Williams v. Gerber Prods Co.*, 552 F.3d 934, 938 (9th Cir. 2008); *accord Fink*, 714 F.3d at 742. It therefore "is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink*, 714 F.3d at 741.

The "allegedly deceptive act must be looked upon in light of the totality of the information made available to the plaintiff." *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 884 (7th Cir. 2005); *see also Fink*, 714 F.3d at 742 ("[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial."); *Tudor v. Jewel Food Stores, Inc.*, 681 N.E.2d 6, 8 (Ill. 1997). This means that the "context of the packaging as a whole" must be considered in evaluating whether deception has occurred. *Williams*, 552 F.3d at 393 n.3; *see also Freeman v. Time, Inc.*, 68 F.3d 285, 290 (9th Cir. 1995). So even if a statement on a package or advertisement might be ambiguous or unclear in isolation, "the presence of a disclaimer or similar clarifying language may defeat a claim of deception." *Fink*, 714 F.3d at 742; *see also Freeman*, 68 F.3d at 290 ("Any ambiguity that [the plaintiff] would read into any particular statement is dispelled by the promotion as a whole.").

These principles yield this rule: Where a plaintiff contends that certain aspects of a product's packaging are misleading in isolation, but an ingredient label or other disclaimer would dispel any confusion, the crucial issue is whether the misleading content is ambiguous; if so, context can cure the ambiguity and defeat the claim, but if not, then context will not cure the deception and the claim may proceed. *Compare Williams*, 552 F.3d at 939 (holding that deceptive marketing claims survived a motion to dismiss where there were "a number of features

14

of the [front of the packaging] … which could likely deceive a reasonable consumer," and a consumer thus "should [not] be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list"), *and Thornton*, 2016 WL 4073713, at *3 ("As for Pinnacle's 'ingredient list defense,' the Court finds it plausible that a consumer might rely on the representation 'Nothing Artificial' without looking at the ingredients … ."), *and Ackerman v. Coca-Cola Co.*, 2010 WL 2925955, at *17 (E.D.N.Y. July 21, 2010) ("[I]t seems clear that such an impression was precisely what defendant intended to convey. If that were not the case, it is difficult to understand what defendant had in mind. Accordingly, I cannot conclude as a matter of law that the statements could not have been reasonably relied on by consumers.") (citation omitted), *with Bober*, 246 F.3d at 939 (holding that, although the defendants' marketing statements were open to misinterpretation, the plaintiff failed to state a claim because other information available to consumers would "dispel[] any tendency to deceive that the statements at issue might otherwise have had"), *and Freeman*, 68 F.3d at 290 ("Any ambiguity that Freeman would read into any particular statement is dispelled by the promotion as a whole."), *and Workman v. Plum Inc.*, 141 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (holding that, where "a reasonable consumer would simply not … assume that the size of the items pictured [on the front of a package] directly correlated with their predominance [in the product]," and where "any potential ambiguity could be resolved by the back panel of the products," the packaging was not deceptive).

In other words, while a reasonable consumer, lulled into a false sense of security by an unavoidable interpretation of an allegedly deceptive statement, may rely upon it without further investigation, *see Williams*, 552 F.3d at 939 (depicting certain fruits prominently on a product called "fruit juice snacks" was deceptive, where neither "those fruits [n]or their juices [we]re

contained in the product," even though the ingredient list accurately revealed the product's ingredients), consumers who interpret ambiguous statements in an unnatural or debatable manner do so unreasonably if an ingredient label would set them straight, *see McKinnis v. Kellogg USA*, 2007 WL 4766060, at *3-5 (C.D. Cal. Sept. 19, 2007) (holding that a reasonable consumer would check the ingredient list to determine whether there was actual fruit in "Froot Loops" breakfast cereal, where the product's allegedly misleading characteristics included the "fanciful" word "F-R-O-O-T" in its name, depictions of "ring-shaped cereal resembling fruit" and "illustrations of fruit surrounding [a] banner stating 'NATURAL FRUIT FLAVORS,'" but not any "specific affirmation" that the product contained actual fruit). This distinction rests on the principle that, when product descriptions are merely vague or suggestive, "[e]very reasonable shopper knows the devil is in the details." *Workman*, 141 F. Supp. 3d at 1035. Indeed, Plaintiffs concede that an "ingredient list … may … clarify potential ambiguities" under the reasonable consumer standard. Doc. 185 at 20.

Turning to the present suits, the description "100% Grated Parmesan Cheese" is ambiguous—as are the other, similar descriptions of Defendants' products—so Plaintiffs' claims are doomed by the readily accessible ingredient panels on the products that disclose the presence of non-cheese ingredients. Although "100% Grated Parmesan Cheese" *might* be interpreted as saying that the product is 100% cheese and nothing else, it also might be an assertion that 100% of the cheese is parmesan cheese, or that the parmesan cheese is 100% grated. Reasonable consumers would thus need more information before concluding that the labels promised only cheese and nothing more, and they would know exactly where to look to investigate—the ingredient list. Doing so would inform them that the product contained non-cheese ingredients. *See Williams*, 552 F.3d at 939-40 ("[R]easonable consumers expect that the ingredient list

16

contains more detailed information about the product … ."); *Workman*, 141 F. Supp. 3d at 1035 (same); *McKinnis*, 2007 WL 4766060, at *4 ("[T]he side panel lists all of the ingredients, which do not include fruit. Plaintiffs cannot claim surprise over these labels, which have long been required on food products and are familiar to a reasonable consumer."). Defendants' labeling and marketing, when viewed as a whole, thus are not deceptive.

Plaintiffs take a different view, casting this case as one about "affirmative misrepresentations," not ambiguous statements. Doc. 185 at 34. But, as noted, there are at least three reasonable ways to interpret "100% Grated Parmesan Cheese"—and Plaintiffs' nothing-but-cheese reading is, in context, the weakest of the three. The products are packaged and shelf-stable at room temperature, a quality that reasonable consumers know is not enjoyed by pure cheese. Cheese is a dairy product, after all, and reasonable consumers are well aware that pure dairy products spoil, grow blue, green, or black fuzz, or otherwise become inedible if left unrefrigerated for an extended period of time. *See Veal v. Citrus World, Inc.*, 2013 WL 120761, at *4 n.4 (N.D. Ala. Jan. 8, 2013) ("The plaintiff makes much ado about believing the packaged containers of orange juice contained 'fresh squeezed' orange juice. As a matter of common sense, whatever is in a container on a store shelf with an expiration date some weeks hence cannot contain 'fresh' anything. Even if the product began its life as 'fresh squeezed orange juice,' common sense dictates that by the time the same makes its way to a grocery store and sits on a shelf waiting purchase, it is no longer 'fresh.'"); *Red v. Kraft Foods, Inc.*, 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012) ("Plaintiffs' theory of the case is that the packaging suggests the product is *healthy* and contains a *significant amount* of vegetables, because the packaging boasts that the crackers are made with real vegetables and depicts vegetables. The fact remains that the product is a box of crackers, and a reasonable consumer will be familiar

17

with the fact of life that a cracker is not composed of primarily fresh vegetables.") (internal quotation marks omitted).

Plaintiffs protest that "there is no contention that cellulose has anything to do with the Products' shelf life or that a reasonable consumer should be expected to know whether or not cellulose is connected to shelf life," Doc. 185 at 35, and that reasonable consumers cannot be expected to understand "intricacies relating to the shelf life and processing of" grated cheese, *id.* at 36. All of that is beside the point. It does not matter whether reasonable consumers would expect to find *cellulose* (or any other specific additive) in a container of unrefrigerated, shelf-stable cheese; they would still suspect that *something* other than cheese might be in the container, and so would turn it around, enabling them to learn the truth from a quick skim of the ingredient label. *See Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 758 (N.D. Ill. 2015) ("Even though a reasonable consumer may not understand everything that happens to sugar cane before its derivative can be added as an ingredient in Vanilla Blueberry Clusters, a reasonable consumer would know that all sugar cane-derived sweeteners suitable for human consumption must be at least partially refined.").

In pressing the contrary result, Plaintiffs rely primarily on two cases. Both are distinguishable. In *Williams v. Gerber Products Co.*, the plaintiffs alleged deceptive marketing of fruit snacks for toddlers. 552 F.3d at 936. As relevant here, they claimed that the "use of the words 'Fruit Juice' juxtaposed alongside images of fruits such as oranges, peaches, strawberries, and cherries" was deceptive because the snacks contained no juice from any of those fruits and instead only white grape juice from concentrate; they further alleged that the statement "made 'with real fruit juice and other all natural ingredients'" was deceptive because "the two most prominent ingredients were corn syrup and sugar." *Ibid.* The Ninth Circuit held that those

allegations sufficed to state a claim, observing that the product's label "potentially suggest[ed] *(falsely)* that [the prominently pictured] fruits or their juices were contained in the product," and concluding that because the "all natural ingredients" statement "could easily be interpreted by consumers as a claim that all the ingredients in the product were natural, *which appears to be false*," a reasonable consumer might be deceived even though the ingredient label was accurate. *Id*. at 939 (emphases added). Key to the Ninth Circuit's conclusion was that the allegedly deceptive term "Fruit Juice" on the front of the package was an affirmatively false impression; there was no ambiguity. *Ibid*. ("We disagree with the district court that reasonable consumers should be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list … ."); *see also Ebner*, 838 F.3d at 966 ("Stated straightforwardly, *Williams* stands for the proposition that *if* the defendant commits an act of deception, the presence of fine print revealing the truth is insufficient to dispel that deception."). Here, by contrast, Defendants' "100%" assertion is ambiguous, rendering *Williams* inapposite. *See Workman*, 141 F. Supp. 3d at 1036-37 (distinguishing *Williams* as "limited to affirmative misrepresentations"); *Manchouck v. Mondelez Int'l Inc.*, 2013 WL 5400285 at *3 (N.D. Cal. Sept. 26, 2013) (same).

It bears mention that additional contextual factors in *Williams* weighed in favor of finding deception. As the Ninth Circuit noted, the plaintiffs there alleged that they "sought healthy snacks for their children (ages two and three)" and "trusted the Gerber name," and thus "the claim that [the product] is 'just one of a variety of nutritious Gerber Graduates foods and juices that have been specifically designed to help toddlers grow up strong and healthy' adds to the potential deception." *Williams*, 552 F.3d at 936, 939. Here, given the cheese products' shelf-stability, context and common sense weigh in the opposite direction. *See Red*, 2012 WL

5504011, at *3 ("[A] number of courts have dismissed [UCL] claims as a matter of law post-*Williams*, especially where … the claim alleges that a consumer will read a true statement on a package and will then disregard well-known facts of life and assume things about the products *other than* what the statement actually says.") (internal quotation marks omitted).

Plaintiffs' second principal authority, *Gubala v. CVS Pharmacy, Inc.*, 2016 WL 1019794, (N.D. Ill. Mar. 15, 2016), does not help them either because it, too, involved an unambiguous misrepresentation. The alleged misleading statement in *Gubala* was clear; the product was called "Whey Protein Powder" and promised "26 grams of high-quality protein" on the label, but it actually contained 21.8 grams of whey protein and 4.2 grams of "free form amino acids and other non-protein ingredients, which are cheaper and less nutritionally beneficial." *Id*. at *1. The court held that the alleged "use of the term 'protein' to include both actual protein and non-protein substances" created "a disputed issue of fact whether the Product name is misleading in that it suggests that the protein in the Product is comprised exclusively of pure whey protein." *Id*. at *12. So the challenged statement in *Gubala* had a clear, specific import that was false, because "protein" unambiguously does not include "non-protein ingredients." *See ibid*. (likening the facts of *Gubala* to another case in which the plaintiffs "sufficiently alleged that the collective effect of the challenged statements was to mislead a reasonable consumer"). As discussed, the same is not true of "100% Grated Parmesan Cheese."

## B. Express Warranty Claims

Plaintiffs' express warranty claims suffer from the same fatal flaw as their consumer protection claims: A reasonable consumer would not understand Defendants' labels to warrant that the products contain only cheese. As the parties agree, the express warranty claims can succeed only if a "reasonable consumer could plausibly read [Defendants' statements] to be

20

specific, factual representations that the products contain" solely cheese, but must fail if the labels, viewed objectively, make no such promise. Doc. 185 at 45 (quoting *Bohac v. Gen. Mills Inc.*, 2014 WL 1266848, at *9 (N.D. Cal. Mar. 26, 2014)); *see also*, *e.g.*, *id.* at 44-45 (Plaintiffs arguing, in opposition to dismissal of the express warranty claims, that "*a reasonable buyer* would be justified in relying on [the alleged cheese-only promise] … in navigating the marketplace," and that "[p]laintiffs and other consumers *reasonably understood* these statements to mean the Products were 100% cheese") (internal quotation marks omitted) (emphases added); Doc. 157 at 29-30 (Albertsons and Supervalu arguing that "Plaintiffs cannot ignore the express and unambiguous statement on the labels that the grated cheese products include cellulose as an anticaking agent and claim a conflicting *subjective interpretation or expectation* that the products contained 'all cheese'") (emphasis added); Doc. 164 at 27 (ICCO and Target arguing that "no defendant can be liable for warranties that they did not make, and that are based upon *subjective interpretations* that ignore the ingredient list on the Products' labels.") (emphasis added). In other words, the question is whether Plaintiffs' (alleged) subjective belief that the products promised only cheese was objectively reasonable, and for the reasons given above, the answer is no. Defendants' express warranty claims thus fall along with their consumer protection claims. *See Bohac*, 2014 WL 1266848, at *9 (holding that express warranty claims, like consumer protection claims, can succeed only where "a reasonable consumer could plausibly read [the terms at issue] to be specific factual representations that the products contain no non-natural ingredients").

This conclusion follows from the basic contract principles that govern express warranty claims. *See*, *e.g.*, *Burns v. Winnebago Indus., Inc.*, 492 F. App'x 44, 48 (11th Cir. 2012) ("Florida courts generally treat warranties like contracts … .") (collecting cases); *Loeffel Steel*

*Prods., Inc. v. Delta Brands, Inc.*, 379 F. Supp. 2d 968, 983 (N.D. Ill. 2005) ("Express warranties are contractual in nature … ."); *Ex parte Miller*, 693 So. 2d 1372, 1376 (Ala. 1997) ("Express warranties should be treated like any other type of contract and interpreted according to general contract principles.").  Those principles require courts to look to the entire contract—or, for an express warranty claim, product label—and construe ambiguous terms in light of the document as a whole.  *See Premcor USA, Inc. v. Am. Home Assurance Co.*, 400 F.3d 523, 529 (7th Cir. 2005) (holding that a contract term should be interpreted "in light of the contract as a whole" to resolve its "apparent ambiguity" when "viewed out of context").  As explained above, a reasonable consumer would not understand "100% Grated Parmesan Cheese" to warrant that the product contains only cheese without first inspecting the ingredient list, because "100% Grated Parmesan Cheese" is ambiguous.  *See Chin v. Gen. Mills, Inc.*, 2013 WL 2420455, at *7 (D. Minn. June 3, 2013) (holding that express warranty claims under New York and New Jersey law failed because "'100% Natural' cannot be viewed in isolation and must be read in the context of the entire package, including the ingredient panel"); *Specialized Mach. Transp., Inc. v. Westphal*, 872 So. 2d 424, 426 (Fla. App. 2004) ("[T]he meaning is not to be gathered from any one phrase, but from a general view of the whole writing, with all of its parts being compared, used, and construed, each with reference to the others.").  That defeats Plaintiffs' express warranty claims as a matter of law.

### C.    Implied Warranty of Merchantability Claims

Plaintiffs' implied warranty of merchantability claims fail for the same reason: Defendants' labels cannot reasonably be read to promise that the products contain only cheese. Defendants argue that because their products were fit for ordinary use as grated cheese, they breached no implied warranty of fitness.  Doc. 162 at 33-34; Doc. 164 at 27; *see also* Doc. 168 at

22-23 ("The Complaint lacks any allegation suggesting that the Products were not fit for their ordinary purpose or could not be consumed or used as grated Parmesan cheese."); Doc. 174 at 18 ("[T]he grated cheese was of merchantable quality and fit to consume as grated cheese."). Plaintiffs' sole response is that the products "do not conform to the promise made on their label that they are 100% cheese," citing several cases that refuse to dismiss implied warranty claims concerning food products that, while edible, fell short of promises on their labels.  Doc. 185 at 50; *see also id*. at 50-51 ("Plaintiffs paid for '100%' cheese and received a product that was comprised partially of non-cheese filler and thus not merchantable *as such*.") (emphasis added).

Even assuming Plaintiffs are correct that making a specific promise and then failing to satisfy it could breach the implied warranty of merchantability even though the product is otherwise fit for ordinary use—an arguable proposition, *see Ackerman*, 2010 WL 2925955, at *25 ("A warranty of merchantability … does not mean that the product will fulfill a buyer's every expectation but rather simply provides for a minimum level of quality.") (internal quotation marks omitted)—the labels here make no promise that the product consists of cheese only.  It follows that Plaintiffs' implied warranty claims fail, too.  *See Sugawara v. Pepsico, Inc.*, 2009 WL 1439115, at *5 (E.D. Cal. May 21, 2009) (holding that "because the Product packaging was not misleading or deceptive … Plaintiff received exactly what was described on the box," and so failed to state an implied warranty claim).

### D.  Unjust Enrichment Claims

Although the parties skirmish over the particularities of various States' unjust enrichment laws, Plaintiffs acknowledge that, generally speaking, "[t]o state a cause of action based on the theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of the benefit violates

23

fundamental principles of justice, equity, and good conscience." Doc. 185 at 51. Plaintiffs' only basis for asserting that Defendants' marketing violated principles of justice, equity, and good conscience is their contention that "Defendants marketed their Products as '100%' grated cheese" while delivering something less, and so "deceived" them. *Ibid.*

For the reasons set forth above, that is not a reasonable characterization of Defendants' conduct. No reasonable consumer would think Plaintiffs delivered something other than what their labels promised. So Plaintiffs' unjust enrichment claims fail, too. *See Bober*, 246 F.3d at 943 ("[I]n the absence of any deception on the part of the defendants, the requisite violation of 'fundamental principles of justice, equity, and good conscience' is not present."); *Girard v. Toyota Motor Sales, U.S.A., Inc.*, 316 F. App'x 561, 563 (9th Cir. 2008) (holding that the plaintiff's "unjust enrichment claim also fails since [the defendant's] non-deceptive advertising does not entitle [the plaintiff] to restitutionary relief"); *Hillen v. Blistex, Inc.*, 2017 WL 2868997, at *4 (N.D. Ill. July 5, 2017) ("Plaintiff's failure to plead any actionable deception eviscerates not only her fraud claims but her unjust enrichment claim as well. … I agree with defendant that because it sells all of the ointment it claims to … it was not unjustly enriched by plaintiff's purchases of the product.") (internal quotation marks and citations omitted); *Storey v. Attends Healthcare Prod., Inc.*, 2016 WL 3125210, at *13 (E.D. Mich. June 3, 2016) (holding under Michigan law that the plaintiffs could not succeed on their unjust enrichment claim because they had "not established that it would be inequitable for Defendant to retain the benefit that Plaintiffs (indirectly) conferred on Defendant," where they did not "set forth facts that would make plausible their conclusory allegations" that a product was unsafe and, as such, "the Court [could not] conclude that Plaintiffs did not get what they paid for"); *cf. Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290-91 (S.D.N.Y. 2014) (holding under New York law that, where

24

"Plaintiffs claim that they purchased Smart Balance because of Defendants' purported misrepresentations," "if [their] other claims are defective, an unjust enrichment claim cannot remedy the defects") (internal quotation marks omitted).

### Conclusion

For the foregoing reasons, Defendants' motions to dismiss are granted. The complaints are dismissed without prejudice to Plaintiffs' filing amended complaints that attempt to correct the deficiencies identified above. *See Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) ("Ordinarily, … a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed."). Plaintiffs have until September 14, 2017 to amend their complaints. If they do not do so, the dismissals will convert automatically to dismissals with prejudice, and judgment will be entered. If Plaintiffs amend their complaints, Defendants shall answer or otherwise plead by October 5, 2017.

August 24, 2017

_____
United States District Judge

25

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE | ) | |
| MARKETING AND SALES PRACTICES | ) | 16 C 5802 |
| LITIGATION | ) | MDL 2705 |
| | ) | |
| | ) | Judge Gary Feinerman |
| This Document Relates to All Cases | ) | |
| | ) | |

### MEMORANDUM OPINION AND ORDER

Defendants in this multidistrict litigation are purveyors of grated parmesan cheese

products with labels stating "100% Grated Parmesan Cheese" or some variation thereof.  After

the Judicial Panel on Multidistrict Litigation assigned these suits to the undersigned judge, Doc.

1, Plaintiffs filed five consolidated class action complaints, Docs. 120-123, 143, which alleged

that they were misled by the labels because the products contain non-cheese ingredients such as

cellulose.  Defendants moved to dismiss the complaints under Civil Rules 12(b)(1) and 12(b)(6).

The court denied the Rule 12(b)(1) motions but granted the Rule 12(b)(6) motions without

prejudice to repleading.  Docs. 215-216 (reported at 275 F. Supp. 3d 910 (N.D. Ill. 2017)).

Plaintiffs then filed five amended consolidated class action complaints.  Doc. 225

(against Kraft Heinz Company); Doc. 226 (against Publix Super Markets, Inc.); Doc. 227

(against Albertsons Companies, Inc., Albertsons LLC, and SuperValu, Inc.); Doc. 228 (against

Target Corp. and ICCO-Cheese Company, Inc.); Doc. 229 (against Wal-Mart Stores, Inc. and

ICCO-Cheese Company, Inc.).  Like the initial complaints, the amended complaints allege that

Plaintiffs were misled by the "100% Grated Parmesan Cheese" labels because the products

contained cellulose and other non-cheese ingredients.  In addition, the amended complaints

except for the one against Publix allege that the products' ingredient lists are misleading because

they say that the cellulose was added to prevent caking, when in fact it also acted as filler.

1

Defendants move to dismiss the amended complaints under Civil Rule 12(b)(6), Docs. 237, 238, 243, 246, 249, incorporating by reference many of the arguments they made in litigating the motions to dismiss the initial complaints. The motions are granted in part and denied in part.

### Background

On a Rule 12(b)(6) motion, the court assumes the truth of the operative complaints' factual allegations, though not their legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint[s], documents that are critical to the complaint[s] and referred to in [them], and information that is subject to proper judicial notice," along with additional facts set forth in Plaintiffs' brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Plaintiffs as those materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth the facts at the pleading stage, the court does not vouch for their accuracy. *See Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 384 (7th Cir. 2010).

Defendants Kraft Heinz Company, Albertsons Companies, Inc., Albertsons LLC (the Albertsons entities will be referred to together as "Albertsons"), SuperValu, Inc., Target Corporation, Wal-Mart Stores, Inc., ICCO-Cheese Company, Inc., and Publix Super Markets, Inc., design, develop, manufacture, sell, test, package, label, distribute, promote, market, and/or advertise grated parmesan cheese products. Doc. 225 at ¶ 19; Doc. 226 at ¶ 10; Doc. 227 at ¶ 16; Doc. 228 at ¶¶ 13-14; Doc. 229 at ¶¶ 15, 29. (Albertsons and SuperValu, as close corporate relatives, are named in one complaint. Doc. 227. ICCO manufactures the products for both

Target and Wal-Mart, and is named as a defendant in both the Target and Wal-Mart complaints. (Docs. 228-229.)  The products all bore labels stating "100% Grated Parmesan Cheese," Doc. 225 at ¶ 21; Doc. 227 at ¶ 18; Doc. 228 at ¶ 17; Doc. 229 at ¶ 18, or some variation thereof, Doc. 225 at ¶ 21 ("100% Grated Parmesan & Romano Cheese" and "100% Grated Three Cheese Blend"); Doc. 226 at ¶ 12 ("100% Real Grated Romano Parmesan Cheese" and "100% Real Grated Parmesan Cheese"); Doc. 227 at ¶ 18 ("100% Grated Parmesan and Romano Cheese"); Doc. 228 at ¶ 17 ("Parmesan 100% Grated Cheese"); Doc. 229 at ¶ 18 ("100% Parmesan Grated Cheese"). For ease of exposition, the variations will be ignored.  Publix and Wal-Mart removed the term "100%" from their labels after this litigation began.  Doc. 225 at ¶¶ 31-32; Doc. 226 at ¶¶ 19-20; Doc. 227 at ¶¶ 26-27; Doc. 228 at ¶¶ 26-27; Doc. 229 at ¶ 27-28.

The products are comprised largely of cured, dried hard Italian cheeses that can keep (*e.g.*, not spoil or clump) a long time without refrigeration.  Doc. 225 at ¶ 26; Doc. 226 at ¶ 15; Doc. 227 at ¶ 22; Doc. 228 at ¶ 21; Doc. 229 at ¶ 22.  The products also include a small but nontrivial percentage of cellulose, an organic polymer with no nutritional value that is "often used as a filler."  Doc. 225 at ¶¶ 23-24 (Kraft, 3.8%); Doc. 226 at ¶ 13 (Publix, "a significant portion"); Doc. 227 at ¶¶ 19-20 (Albertsons/SuperValu, 8.8%); Doc. 228 at ¶ 19 (Target/ICCO, no percentage specified); Doc. 229 at ¶¶ 19-20 (Wal-Mart/ICCO, 7.8%).  Some of the products contain other ingredients, including potassium sorbate, Doc. 225 at ¶ 24; Doc. 226 at ¶ 13; Doc. 228 at ¶ 19; Doc. 229 at ¶ 20, and corn starch, Doc. 228 at ¶ 19.

Each product container has an ingredient list that discloses the non-cheese ingredients. Doc. 239 at 6; Doc. 240 at 7-8; Doc. 244 at 7-8; Doc. 247 at 7; Doc. 250 at 6-7.  While "100% Grated Parmesan Cheese" is prominently featured on the containers' front labels, the ingredient lists are smaller, less conspicuous, and located near the nutritional facts on the rear labels.  Doc.

239 at 6; Doc. 240 at 7-8; Doc. 244 at 7; Doc. 247; Doc. 250 at 6-7. A more detailed description of the products' appearance and labeling, along with representative images, are set forth in this court's earlier opinion on the motions to dismiss the initial consolidated class action complaints. 275 F. Supp. 3d at 915-17.

Plaintiffs are consumers who purchased Defendants' products at grocery stores in Alabama (Kraft, Albertsons/SuperValu, Wal-Mart/ICCO), California (Kraft, Target/ICCO, Wal-Mart/ICCO), Connecticut (Kraft), Florida (Kraft, Publix, Target/ICCO, Wal-Mart/ICCO), Illinois (Kraft, Albertsons/SuperValu, Target/ICCO), Michigan (Kraft), Minnesota (Kraft, Wal-Mart/ICCO); Missouri (Target/ICCO), New Jersey (Wal-Mart/ICCO), and New York (Kraft, Wal-Mart/ICCO). Doc. 225 at ¶¶ 9-17; Doc. 226 at ¶¶ 8-9; Doc. 227 at ¶¶ 9-11; Doc. 228 at ¶¶ 9-12; Doc. 229 at ¶¶ 9-14. Plaintiffs purchased the products believing that they contained only cheese. Doc. 225 at ¶¶ 9-17; Doc. 226 at ¶¶ 8-9; Doc. 227 at ¶¶ 9-11; Doc. 228 at ¶¶ 9-12; Doc. 229 at ¶¶ 9-14. Plaintiffs allege that they are not alone in that belief; the operative complaints reference a survey, conducted in connection with this litigation, purporting to find that more than 85-90% of consumers stated that they believed that the products "are 100% cheese and fully grated." Doc. 225 at ¶ 29; Doc. 226 at ¶ 17; Doc. 227 at ¶ 24; Doc. 228 at ¶ 24; Doc. 229 at ¶ 25. In addition, two reports authored by linguistics professors opine that the phrase "100% Grated Parmesan Cheese" is "linguistically subject to only one plausible interpretation … that the Product contains nothing other than grated parmesan cheese." Doc. 225 at ¶ 30; Doc. 226 at ¶ 18; Doc. 227 at ¶ 25; Doc. 228 at ¶ 25; Doc. 229 at ¶ 26.

Each amended complaint except the one against Publix adds a claim not made in the initial complaints: that although the ingredient lists state that cellulose is added "to prevent caking," Doc. 239 at 6; Doc. 240 at 7; Doc. 244 at 7; Doc. 247 at 7; Doc. 250 at 7, the amount of

cellulose added exceeds what is necessary to prevent caking, Doc. 225 at ¶ 27; Doc. 227 at ¶ 23; Doc. 228 at ¶ 22; Doc. 229 at ¶ 23, and thus the cellulose must also serve the undisclosed purpose of acting as filler, Doc. 225 at ¶ 4; Doc. 227 at ¶ 4; Doc. 228 at ¶ 2; Doc. 229 at ¶ 4.

### Discussion

The amended complaints assert violations of various state consumer protection statutes, breaches of express and implied warranty, and unjust enrichment stemming from two alleged misrepresentations: (1) the representation on the containers' front labels that the products are "100% Grated Parmesan Cheese," when in fact they contain non-cheese ingredients ("100% claims"); and (2) the representation on the ingredient lists that cellulose is used to prevent caking, when in fact it is also used as filler ("Anticaking claims"). The 100% claims are dismissed, while the Anticaking claims are dismissed in large part.

### I. 100% Claims

The court's earlier opinion—familiarity with which is assumed—dismissed the 100% claims on the ground that, given the context provided by the ingredient lists and the products' placement on unrefrigerated shelves, no reasonable consumer could be misled by the "100% Grated Parmesan Cheese" labels into thinking that the products were 100% cheese. 275 F. Supp. 3d at 919-27. Plaintiffs contend that three new allegations in the amended complaints warrant a different result: (1) a consumer survey showing that "the vast majority of purchasers" believed, based on the labels, that the products are "100% cheese and fully grated"; (2) two reports from linguistics professors opining that "100% Grated Parmesan Cheese" is susceptible only to the interpretation that the products "consist entirely of grated parmesan cheese"; and (3) a Kraft patent stating that fully cured parmesan cheese "keeps almost indefinitely." Doc. 255 at 7-8. Those new allegations do not save the 100% claims.

A.    **Consumer Protection Claims**

The state consumer protection statutes that Plaintiffs invoke, and the framework adopted to evaluate claims brought under those statutes, are set forth in the court's earlier opinion. 275 F. Supp. 3d at 919-23. In short, when "a plaintiff contends that certain aspects of a product's packaging are misleading in isolation, but an ingredient label or other disclaimer would dispel any confusion, the crucial issue is whether the misleading content is ambiguous; if so, context [such as an ingredient label] can cure the ambiguity and defeat the claim, but if not, then context will not cure the deception and the claim may proceed." *Id*. at 922; *see also Solak v. Hain Celestial Grp., Inc.*, 2018 WL 1870474, at *5 (N.D.N.Y. Apr. 17, 2018) (adopting this rule under New York and California law); *Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 334 (E.D.N.Y. 2018) (same under New York law). The court declines Plaintiffs' invitation, Doc. 255 at 10-15, to reconsider that standard.

As for applying the standard, the court's earlier opinion held that "the description '100% Grated Parmesan Cheese' is ambiguous," reasoning that although "'100% Grated Parmesan Cheese' *might* be interpreted as saying that the product is 100% cheese and nothing else, it also might be an assertion that 100% of the cheese is parmesan cheese, or that the parmesan cheese is 100% grated." *Id*. at 923. In challenging that conclusion, Plaintiffs cite two reports from linguistics professors opining that the phrase "100% Grated Parmesan Cheese" conveys only the message that the products consist entirely of cheese. Doc. 255 at 7-8. The linguists do not advance Plaintiffs' cause. As an initial matter, a reasonable consumer—the touchstone for analysis under the consumer fraud statutes—does not approach or interpret language in the manner of a linguistics professor. *See Rugg v. Johnson & Johnson*, 2018 WL 3023493, at *2 (N.D. Cal. June 18, 2018) (noting that a "reasonable consumer need not be exceptionally acute

6

and sophisticated," and that "the reasonable consumer test focuses on the perspective of ordinary minds") (internal quotation marks omitted).

In any event, the reports do not indicate that the professors examined the phrase "100% Grated Parmesan Cheese" in the context of shelf-stable, unrefrigerated containers of cheese. As the court explained, that context is important given that the "products are packaged and shelf-stable at room temperature, a quality that reasonable consumers know is not enjoyed by pure cheese," and that "reasonable consumers are well aware that pure dairy products spoil, grow blue, green, or black fuzz, or otherwise become inedible if left unrefrigerated for an extended period of time." 275 F. Supp. 3d at 923. Even assuming (incorrectly) that reasonable consumers view language through the same lens as linguistics professors, because the linguists did not take account of that context, their opinions are valueless in deciding whether "100% Grated Parmesan Cheese" is ambiguous.

Plaintiffs also cite consumer surveys purporting to show that the "vast majority" of consumers believe that "100% Grated Parmesan Cheese" means that the product contains only cheese. Doc. 255 at 7-9. Those surveys are valueless as well. As the Seventh Circuit has held, it is "well settled" that a court, on its own, may "determine as a matter of law" that "an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (7th Cir. 2013). The Seventh Circuit has also recognized that "context is crucial" in that, "under certain circumstances, the presence of a disclaimer or similar clarifying language may defeat a claim of deception." *Ibid*. Accordingly, consumer surveys do not assist the analysis where, as here, the court can determine as a matter of law that the challenged statement is ambiguous standing alone and particularly given its context. *See Goldman v. Bayer AG*, 2017 WL 3168525, at *10 (N.D. Cal. July 26, 2017) (denying leave to amend after

dismissing statutory consumer fraud claims, even though the plaintiff wished to "arrange for consumer surveys to be conducted," because surveys would not assist the plaintiff in plausibly "alleg[ing] that he was deceived by information that is plainly accurate"); *cf. Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 201 (3d Cir. 2014) (in a Lanham Act suit, noting that "words may be used plainly enough and carry baseline meanings such that consumer survey evidence is irrelevant"). Moreover, it bears mention that the surveys find that some consumers do *not* believe that the products are 100% cheese; the disagreement between those consumers and those who *do* believe that the products are 100% cheese supports, rather than refutes, the notion that the label is ambiguous.

Finally, Plaintiffs cite a Kraft patent teaching a method for manufacturing grated parmesan cheese, which states that "[f]ully cured Parmesan cheese is very hard and keeps almost indefinitely," and a U.S. Department of Agriculture Food Safety and Inspection Service webpage, which states that, "[a]s a general rule … grated Parmesan do[es] not require refrigeration for safety, but … will last longer if kept refrigerated." Doc. 255 at 16 & n.1. These materials do not render unambiguous the phrase "100% Grated Parmesan Cheese." There is no reason to believe that either the patent or the Department of Agriculture report would be familiar to a reasonable consumer with an ordinary understanding of how dairy products generally fare when unrefrigerated. In any event, by saying that pure grated parmesan "keeps *almost* indefinitely" and, "[a]s a *general* rule," "will last *longer* if kept refrigerated," the materials necessarily imply that pure grated parmesan will *not* keep indefinitely if left unrefrigerated. The materials therefore do not undermine the court's view that a reasonable consumer would not presume that a shelf-stable dairy product was 100% cheese or would disregard the "well-known fact[] of life" that pure dairy products spoil if left unrefrigerated. *Red v. Kraft Foods, Inc.*, 2012

WL 5504011, at *3-4 (C.D. Cal. Oct. 25, 2012) (dismissing a statutory consumer fraud claim on the ground that "it strains credulity to imagine that a reasonable consumer will be deceived into thinking a box of crackers … contains huge amounts of vegetables simply because there are pictures of vegetables and the true phrase 'Made with Real Vegetables' on the box").

For these reasons, Plaintiffs' new allegations do not save their 100% claims to the extent they arise under state consumer fraud statutes.

### B.     Warranty and Unjust Enrichment Claims

As the court's earlier opinion explained, Plaintiffs' warranty and unjust enrichment claims may succeed only if a reasonable consumer could plausibly understand the label "100% Grated Parmesan Cheese," on a shelf-stable dairy product whose easily accessible ingredient list identifies non-cheese ingredients, to mean that the product contains only cheese.  275 F. Supp. 3d at 925-27.  Because a reasonable consumer would not reach that understanding, particularly given the important contextual clues discussed above and in the earlier opinion, the warranty and unjust enrichment 100% claims are dismissed.  *Ibid*.

## II.    Anticaking Claims

As noted, the operative complaints also claim that the products' ingredient lists (except for Publix's) falsely assert that cellulose is added only to prevent caking, when in fact it also serves as "filler."  Doc. 255 at 8.

### A.     Rules 8(a)(2) and 9(b)

Defendants argue that the Anticaking claims fail to satisfy the pleading requirements of Rule 8(a)(2).  Doc. 239 at 16-17; Doc. 240 at 15-17; Doc. 244 at 15-17; Doc. 250 at 11 n.4; Doc. 267 at 8.  To satisfy Rule 8(a), a plaintiff need only provide "enough detail[] … to present a story that holds together."  *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).  Upon

accomplishing this task, the plaintiff receives "the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007)).  With the exceptions noted below, the Anticaking claims satisfy this standard.

Plaintiffs allege the following.  Grated parmesan "usually available in the marketplace" is cured and dried in such a way that there is "little problem of clumping or agglomeration," so there is little need to ensure that grated parmesan does not clump or "cake."  Doc. 225 at ¶ 26; Doc. 227 at ¶ 22; Doc. 228 at ¶ 21; Doc. 229 at ¶ 22.  Yet the ingredient lists assert that cellulose is added to prevent caking.  Doc. 225 at ¶ 4; Doc. 227 at ¶ 4; Doc. 228 at ¶ 4; Doc. 229 at ¶ 4. This assertion is false or misleading because the products contain more cellulose than necessary to accomplish this "anticaking" purpose.  Doc. 225 at ¶¶ 4, 23; Doc. 227 at ¶¶ 4, 19; Doc. 228 at ¶¶ 4, 22; Doc. 229 at ¶¶ 4, 19.  The excess cellulose serves as "filler," a use that the labels do not disclose.  Doc. 225 at ¶ 24; Doc. 227 at ¶ 20; Doc. 228 at ¶ 2; Doc. 229 at ¶ 20.

These allegations provide Defendants sufficient "notice of what the case is all about"— that their ingredient lists falsely suggest that cellulose is used only to prevent caking—and show "how, in the plaintiff's mind at least, the dots should be connected"—that the products contain suspiciously high percentages of cellulose given that grated parmesan cheese is unlikely to clump or "cake."  *Swanson*, 614 F.3d at 405.  No more is required under Rule 8(a)(2).

Defendants also contend that the Anticaking claims fail to satisfy the more stringent pleading requirements of Rule 9(b).  Doc. 239 at 19; Doc. 240 at 17; Doc. 244 at 17.  Plaintiffs do not dispute that their claims (except for those under New York law) are subject to Rule 9(b). Doc. 185 at 37 & n.16.  That concession is correct; because Plaintiffs' allegations sound in fraud, Rule 9(b) applies.  *See Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir.

10

2007) ("A claim that 'sounds in fraud'—in other words, one that is premised upon a course of fraudulent conduct—can implicate Rule 9(b)'s heightened pleading requirements."); *see also*, *e.g.*, *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 334-35 (7th Cir. 2018) (Illinois consumer fraud statute); *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (California consumer fraud statutes); *E-Shops Corp. v. U.S. Bank N.A.*, 678 F.3d 659, 665 (8th Cir. 2012) (Minnesota consumer fraud statutes); *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (New Jersey consumer fraud statute). And the court need not decide whether Rule 9(b) applies to Plaintiffs' New York law claims—which are brought only against Kraft and Wal-Mart/ICCO—because, as explained below, Plaintiffs have pleaded those claims with enough particularity to satisfy Rule 9(b).

"Rule 9(b) requires a pleading to state with particularity the circumstances constituting fraud." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014) (internal quotation marks omitted). As a general matter, a plaintiff must describe the "who, what, when, where, and how of the fraud." *Ibid.* (quoting *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011)). That said, the "requisite information" needed to satisfy the Rule "may vary on the facts of a given case," *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 442 (7th Cir. 2011), and a "plaintiff who provides a general outline of [a] fraud scheme sufficient to reasonably notify the defendants of their purported role in the fraud" will comply with Rule 9(b), *In re Rust-Oleum Restore Mktg., Sales Practices & Prod. Liab. Litig.*, 155 F. Supp. 3d 772, 812 (N.D. Ill. 2016) (quotation marks omitted) (collecting cases); *see also Camasta*, 761 F.3d at 737 (noting that a plaintiff need not "provide the precise date, time, and location that he saw [an] advertisement or every word that was included on it").

With the exceptions noted below, the Anticaking claims satisfy these requirements because Plaintiffs allege that Defendants (the "who") misrepresented on their ingredient lists (the "where" and "how") the role of cellulose in their products (the "what"), which were purchased by Plaintiffs at retail locations (the "when"). *See Wagner v. Gen. Nutrition Corp.*, 2017 WL 3070772, at *8 (N.D. Ill. July 19, 2017) ("By including the relevant labels in the [operative complaint], alleging what the information on the labels means, alleging the results of the various scientific studies [suggesting that glutamine supplements do not have the benefits claimed on the products' labels], and alleging how the information on the labels deceived him, Plaintiff has met his pleading burden [under Rules 8(a) and 9(b)]."); *Murillo v. Kohl's Corp.*, 197 F. Supp. 3d 1119, 1130 (E.D. Wis. 2016) (same, where the plaintiffs alleged the date they visited the stores, the items they purchased, the "regular" prices of the purchased merchandise, and the "sale" prices on the merchandise); *Aliano v. Louisville Distilling Co., LLC*, 115 F. Supp. 3d 921, 930-31 (N.D. Ill. 2015) (same, where the plaintiff alleged that "specific statements … on [the defendants' products'] label and website caused him to believe the whiskey was distilled, aged, and finished in small batches in Kentucky"). This is all that is necessary under Rule 9(b).

Target/ICCO argue that the Anticaking claims against them do not provide sufficient detail to satisfy Rule 8(a)—let alone Rule 9(b)—because Plaintiffs do "not even allege how much cellulose is in the product that ICCO makes for Target." Doc. 239 at 17. Target/ICCO are right. The particularity requirement of Rule 9(b) is "designed to discourage a sue first, ask questions later philosophy," *Pirelli*, 631 F.3d at 441 (internal quotation marks omitted), and to "force[] the plaintiff to conduct a careful pretrial investigation" so as to operate "as a screen against spurious fraud claims," *Fid. Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005). The Target/ICCO complaint alleges only that Plaintiffs

believe that Target's product contains excess cellulose; unlike the complaints against Albertsons, Kraft, and Wal-Mart/ICCO, the Target/ICCO complaint does not allege how much cellulose is in the Target/ICCO product, and therefore cannot plausibly allege that the product includes more cellulose than necessary for anticaking purposes. *Compare* Doc. 225 at ¶¶ 23-24 (Kraft, 3.8%), Doc. 227 at ¶¶ 19-20 (Albertsons/SuperValu, 8.8%), *and* Doc. 229 at ¶¶ 19-20 (Wal-Mart/ICCO, 7.8%), *with* Doc. 228 at ¶ 19 (Target/ICCO, no percentage specified). It follows that the Anticaking claims against Target/ICCO do not satisfy Rule 9(b).

Wal-Mart/ICCO argue that Plaintiffs fail to plead any "non-conclusory factual allegations regarding Wal-Mart's alleged participation in the fraud." Doc. 240 at 17 (Wal-Mart) (internal quotation marks omitted); *see* Doc. 237 at 2 (ICCO joining Wal-Mart's brief). As the Seventh Circuit has held, "because fair notice is the most basic consideration underlying Rule 9(b), in a case involving multiple defendants, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Rocha v. Rudd*, 826 F.3d 905, 911 (7th Cir. 2016) (internal quotation marks omitted). The Wal-Mart/ICCO complaint alleges that several named plaintiffs purchased "100% Grated Parmesan Cheese" products at Wal-Mart stores in different States, Doc. 229 at ¶¶ 9-14; that Wal-Mart is "the registered owner of the trademark 'Great Value,'" the brand name under which the products were sold, *id*. at ¶ 15; and that Wal-Mart and ICCO are "co-participants in committing the acts of consumer fraud alleged," *id*. at ¶ 29. These allegations do not impermissibly "lump[] together" ICCO and Wal-Mart; to the contrary, they provide Wal-Mart with sufficient notice of its alleged participation in the fraud. *Rocha*, 826 F.3d at 911; *see also United States ex rel. Derrick v. Roche Diagnostics Corp.*, 2018 WL 2735090, at *5 (N.D. Ill. June 7, 2018) (noting that the plaintiff "would not be expected to know the particulars of [the defendant's] internal operations," and holding that the "critical question"

13

under Rule 9(b) is simply whether the plaintiff's allegations are sufficient "to inform each

defendant of the nature of his alleged participation in the fraud") (internal quotations omitted);

*Clay Fin. LLC v. Mandell*, 2017 WL 3581142, at *7 (N.D. Ill. Aug. 18, 2017) (same).

Finally, Albertsons contends that because Plaintiffs fail to allege that they "purchased any

product from any store owned, operated, or connected in any way to Albertsons" in Alabama, the

Alabama claims against Albertsons should be dismissed. Doc. 192 at 10-11. Albertsons is

correct. The Albertsons/SuperValu complaint alleges that "six containers of Essential Everyday

'100% Grated Parmesan Cheese,'" a brand whose trademark is owned by SuperValu, were

purchased "at various stores in Alabama." Doc. 227 at ¶¶ 11, 15. There is no indication,

however, that the products were purchased at a store owned by Albertsons in Alabama or that

Albertsons played any other role in the distribution, marketing, or sale of the products purchased

in Alabama. It follows that the Anticaking claims against Albertsons under Alabama law are

dismissed.

*   *   *

In sum, the Anticaking claims against Target/ICCO are dismissed, as are the Alabama

Anticaking claims against Albertsons. The Anticaking claims against SuperValu, Kraft, and

Wal-Mart/ICCO, and the Anticaking claims against Albertsons other than those under Alabama

law, survive Rules 8(a)(2) and 9(b), although they face the additional hurdles set forth below.

**B.      Statutory Consumer Protection Claims**

Plaintiffs assert claims under the following state consumer protection statutes against

Albertsons/SuperValu, Kraft, and/or Wal-Mart/ICCO: Alabama Deceptive Trade Practices Act,

Ala. Code § 8-19-1 *et seq*. ("ADPTA"), Doc. 225 at ¶¶ 160-171 (Kraft); Doc. 227 at ¶¶ 62-73

(Albertsons/SuperValu); Doc. 229 at ¶¶ 130-141 (Wal-Mart/ICCO); California Consumers Legal

Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"), Doc. 225 at ¶¶ 91-97 (Kraft); Doc. 229 at ¶¶ 151-155 (Wal-Mart/ICCO); California Unfair Competition Law, Cal. Bus. & Profs. Code § 17200 *et seq.* ("UCL"), Doc. 225 at ¶¶ 81-90 (Kraft); Doc. 229 at ¶¶ 142-150 (Wal-Mart/ICCO); Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b ("CUTPA"), Doc. 225 at ¶¶ 140-147 (Kraft); Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* ("FDUTPA"), Doc. 225 at ¶¶ 148-159 (Kraft); Doc. 229 at ¶¶ 110-121 (Wal-Mart/ICCO); Illinois Deceptive Practices and Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), Doc. 225 at ¶¶ 132-139 (Kraft); Doc. 227 at ¶¶ 74-81 (Albertsons/SuperValu); Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903 *et seq.* ("MCPA"), Doc. 225 at ¶¶ 172-182 (Kraft); Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09 *et seq.* ("MUTPA") pursuant to Minn. Stat. § 8.31 sub div. 3a, Doc. 225 at ¶¶ 108-117 (Kraft); Doc. 229 at ¶¶ 86-95 (Wal-Mart/ICCO); Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44 *et seq.* ("MDTPA"), Doc. 225 at ¶¶ 126-131 (Kraft); Doc. 229 at ¶¶ 104-109 (Wal-Mart/ICCO); Minnesota False Statement in Advertising Act, Minn. Stat. § 325F.67 ("MFSAA") pursuant to Minn. Stat. § 8.31 sub div. 3a, Doc. 225 at ¶¶ 118-125 (Kraft); Doc. 229 at ¶¶ 96-103 (Wal-Mart/ICCO); Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68 *et seq.* ("MPCFA"), pursuant to Minn. Stat. § 8.31 sub div. 3a, Doc. 225 at ¶¶ 98-107 (Kraft); Doc. 229 at ¶¶ 76-85 (Wal-Mart/ICCO); New Jersey Consumer Fraud Act, N.J. Stat. § 56:8-1 *et seq.* ("NJCFA"), Doc. 229 at ¶¶ 122-129 (Wal-Mart/ICCO); and New York General Business Law §§ 349, 350 ("NYGBL"), Doc. 225 at ¶¶ 170-180 (Kraft); Doc. 229 at ¶¶ 65-75 (Wal-Mart/ICCO).

Wal-Mart contends that Plaintiffs have no Anticaking claim under the consumer protection statutes of Alabama, California, Florida, New Jersey, or New York, or the MPCFA,

15

MUTPA, or MFSAA, because they do not allege that they were "injured as a result of any conduct by Wal-Mart." Doc. 168 at 28; *see id*. at 25, 27-28, 29, 31-34. The court will consider this argument as to Albertsons/SuperValu, Kraft, and ICCO as well because Defendants generally joined each other's arguments (from the motions to dismiss the original complaints and the present motions), and because the argument applies with equal force to them all.

The operative complaints allege that Plaintiffs purchased the products believing them to be "100% Grated Parmesan Cheese." Doc. 225 at ¶¶ 9-17; Doc. 227 at ¶¶ 9-11; Doc. 229 at ¶¶ 9-14. The necessary implication is that Plaintiffs never consulted, let alone relied upon, the ingredient labels' assertion that cellulose was added to prevent caking. This dooms Plaintiffs' claims under the above-referenced statutes, all of which require some form of causal connection between the alleged misrepresentation and the plaintiff's alleged injury. *See Dolphin LLC v. WCI Communities, Inc.*, 715 F.3d 1243, 1250 (11th Cir. 2013) (holding that the defendant was entitled to summary judgment on a FDUTPA claim where the plaintiff "made no allegation and presented no evidence that the alleged misleading statement caused [its] damages");[*] *Sateriale v.*

---

[*] Some explanation is warranted as to the FDUTPA. "To state an FDUTPA claim, [a plaintiff] must allege (1) a deceptive act or unfair trade practice; (2) causation; and (3) actual damages." *Dolphin LLC*, 715 F.3d at 1250. Courts have split on the precise role that causation or reliance plays in alleging an FDUTPA claim. Some courts hold that the "FDUTPA does not require proof of actual, individualized reliance; rather, it requires only a showing that the practice was likely to deceive a reasonable consumer." *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 515 (6th Cir. 2015); *see also Cold Stone Creamery, Inc. v. Lenora Foods I, LLC*, 332 F. App'x 565, 567 (11th Cir. 2009) (same). Others hold that where a plaintiff does not allege that the misrepresentation played some role in her alleged damages, particularly where the plaintiff has not actually seen the alleged misrepresentation, she fails to adequately allege an FDUTPA claim. *See Dolphin LLC*, 715 F.3d at 1250 (cited in the text); *Molina v. Aurora Loan Servs., LLC*, 635 F. App'x 618, 627 (11th Cir. 2015) (holding that the plaintiff failed to state an FDUTPA claim where she "made no allegation as to causation; she did not allege that, but for the quoted statement on [the defendants'] websites, she would not have applied for (or would have received) a loan modification"); *Kais v. Mansiana Ocean Residences, LLC*, 2009 WL 825763, at *1-2 (S.D. Fla. Mar. 26, 2009) (dismissing an FDUTPA claim where the plaintiff did not "state that the[] alleged deceptive acts caused him to enter into the contract with Defendant or caused him

*R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 793-94 (9th Cir. 2012) (holding that because the

plaintiffs' UCL and CLRA claims sounded in fraud, they had to prove reliance); *Marcus v. BMW*

*of N. Am., LLC*, 687 F.3d 583, 606 (3d Cir. 2012) (noting that while the NJCFA does not

"require proof of reliance … the alleged unlawful practice must be a proximate cause of the

plaintiff's ascertainable loss"); *Bykov v. Radisson Hotels, Int'l Inc.*, 221 F. App'x 490 (8th Cir.

2007) (holding that the plaintiff failed to establish the casual nexus required by the MFSAA and

the MPCFA where he alleged that statements on Radisson's website regarding room rates at a

hotel were misleading, but had "never examined the Radisson website … prior to staying at the

hotel"); *Friest v. Luxottica Grp. S.P.A.*, 2016 WL 7668453, at *7 (D.N.J. Dec. 16, 2016)

(dismissing NJCFA claims where the plaintiff did not "sufficiently allege[] that the

advertisement caused [his] purported loss," as the complaint did not "allege Plaintiff saw the

advertisement before purchasing prescription glasses from Defendants"); *Goldemberg v. Johnson*

*& Johnson Consumer Cos., Inc.*, 8 F. Supp. 3d 467, 480 (S.D.N.Y. 2014) ("To properly allege

causation [under NYGBL § 349], a plaintiff must state in his complaint that he has seen the

misleading statements of which he complains before he came into possession of the products he

purchased."); *Ackerman v. Coca-Cola Co.*, 2010 WL 2925955, at *22 (E.D.N.Y. July 21, 2010)

("To prevail on a claim under [NY]GBL § 350, a plaintiff must demonstrate reliance on

defendants' false advertising."); *Cooper v. Bristol-Myers Squibb Co.*, 2009 WL 5206130, at *9

(D.N.J. Dec. 30, 2009) (dismissing an ADTPA claim because the plaintiff "fail[ed] to allege with

---

to act differently in any way"). The court agrees with the latter set of decisions, including the
Eleventh Circuit's published decision in *Dolphin LLC*, which affirmed the district court's
holding that the plaintiff's failure to allege that it "relied on the allegedly misleading statement in
signing the contract … is fatal to [its] claim because an FDUTPA claim must allege that the
deceptive act or unfair practice actually caused plaintiff's claimed damages." *Dolphin, LLC v.
WCI Communities, Inc.*, 2008 WL 6894512, at *5 (S.D. Fla. Feb. 20, 2008).

specificity the connection between Defendants' conduct and Plaintiff's resultant injury"); *Grp. Health Plan, Inc. v. Philip Morris Inc.*, 621 N.W.2d 2, 13 (Minn. 2001) (holding that, for purposes of MPCFA, MUTPA, and MFSAA claims brought pursuant to Minn. Stat. § 8.31, "[c]ausation is … a necessary element of an action to recover damages," and that "where … plaintiffs allege that their damages were caused by deceptive, misleading, or fraudulent statements … as a practical matter it is not possible that the damages could be caused by a violation without reliance on the statements or conduct alleged to violate the statues"). Accordingly, Plaintiffs' Anticaking claims under the ADTPA, CLRA, UCL, FDUTPA, NJCFA, NYGBL, MPCFA, MUTPA, and MFSAA are dismissed.

Finally, Defendants argue that the MDTPA claims fail because "injunctive relief is the sole remedy under th[is] statute," Doc. 168 at 26, and because Plaintiffs have "not plausibly alleged that they are likely to suffer future harm from [Defendants'] alleged misrepresentations," Doc. 162 at 26; *see* Doc. 168 at 17-18, 26. Defendants are right that injunctive relief is the sole remedy available under the MDTPA. *See Johnson v. Bobcat Co.*, 175 F. Supp. 3d 1130, 1140 (D. Minn. 2016) ("[U]nder Minnesota law, the sole statutory remedy for [a plaintiff's MDTPA claim] is injunctive relief."); *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1070 (D. Minn. 2013) (same). And the "general rule" is "that consumer plaintiffs cannot seek injunctive relief once they are aware of a deceptive practice." *Forth v. Walgreen Co.*, 2018 WL 1235015, at *14 (N.D. Ill. Mar. 9, 2018) (distinguishing cases in which plaintiffs "plausibly allege that they will have no choice but to be injured in the future") (collecting cases); *cf. Johnson v. Wal-Mart Stores Inc.*, 2016 WL 3753663, at *3 (S.D. Ill. July 14, 2016) (denying injunctive relief under the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA") because the "plaintiffs' awareness of the defendants' tendency to mislabel products means the plaintiffs can avoid future harm by

18

exercising consumer choice" and not purchasing the defendants' products). This is so because once a plaintiff is aware of the defendant's allegedly unlawful "sales practices, he is not likely to be harmed by the practices in the future." *Camasta*, 761 F.3d at 740-41 (denying injunctive relief under the IUDTPA); *see also Demedicis v. CVS Health Corp.*, 2017 WL 569157, at *2 (N.D. Ill. Feb. 13, 2017) (dismissing an IUDTPA claim where the plaintiff had not "alleged that he is likely to keep buying products from Defendants with the knowledge of their allegedly deceptive practices," and noting that because the plaintiff "is now aware that Defendants allegedly deceptively label products … [he] is not likely to be harmed in the future"); *Mednick v. Precor, Inc.*, 2016 WL 5390955, at *8-9 (N.D. Ill. Sept. 27, 2016) (collecting cases).

The amended complaints do not adequately allege that Plaintiffs will purchase Defendants' products again now that they are aware of Defendants' alleged misrepresentations. Doc. 225 at ¶ 130; Doc. 229 at ¶ 108. It follows that Plaintiffs may not seek injunctive relief, and because only injunctive relief is available under the MDTPA, their MDTPA Anticaking claims are dismissed.

* * *

In sum, Plaintiff's Anticaking claims under the ADTPA, CLRA, UCL, FDUTPA, MPCFA, MUTPA, MFSAA, MDTPA, NJCFA, and NYGBL are dismissed. The Anticaking claims under the CUTPA (against Kraft), ICFA (against Kraft and Albertsons/SuperValu), and MCPA (against Kraft) may proceed.

### C.    Express Warranty Claims

Like the statutory consumer fraud claims, the express warranty claims allege that although the products' ingredient lists state that cellulose was added to prevent caking, the

19

amount of cellulose exceeded what was necessary for anticaking purposes. Doc. 225 at ¶¶ 46, 50; Doc. 228 at ¶¶ 40, 44; Doc. 229 at ¶ 46.

Kraft contends that Plaintiffs cannot bring an express warranty claim on behalf of a nationwide class given the "material and significant differences in express warranty law across the fifty states." Doc. 162 at 30-31. This contention is premature and more appropriately addressed during class certification proceedings. True enough, Rule 23(c)(1)(A) provides that the court may reject a plaintiff's attempt to represent a class as soon as it becomes obvious that she will be unable to satisfy Rule 23. *See* Fed. R. Civ. P. 23(c)(1)(A) ("At an early practicable time after a person sues … as a class representative, the court must determine by order whether to certify the action as a class action."). In limited circumstances, that time can arise at the pleading stage. *See Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011); *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829-30 (N.D. Ill. 2013).

But Seventh Circuit precedent teaches that certifying multistate or nationwide classes is not categorically prohibited. *See Martin v. Reid*, 818 F.3d 302, 308 (7th Cir. 2016) (noting, in a state law warranty and consumer fraud case, that Seventh Circuit precedent should not be understood to hold that "nationwide classes are impermissible as a matter of law"); *Pella Corp. v. Saltzman*, 606 F.3d 391, 393 (7th Cir. 2010) ("While consumer fraud class actions present problems that courts must carefully consider before granting certification, there is not and should not be a rule that they never can be certified."). Indeed, the Seventh Circuit has upheld decisions to certify a nationwide class so long as "the central questions in the litigation are the same for all class members." *Pella Corp.*, 606 F.3d at 394. Accordingly, class certification analysis is necessarily contextual, and the context—including whether and how to create subclasses—is better explored in this case under Rule 23, on a developed record, than under Rule 12. *See id.* at

396; *Alea v. Wilson Sporting Goods Co.*, 2017 WL 5152344, at *7 (N.D. Ill. Nov. 7, 2017);

*Kostovetsky v. Ambit Energy Holdings, LLC*, 2016 WL 105980, at *8 (N.D. Ill. Jan. 8, 2016).

Albertsons/SuperValu and Wal-Mart/ICCO argue that the express warranty claims should

be dismissed because Plaintiffs failed to provide them with pre-suit notice. Doc. 157 at 27-28;

Doc. 168 at 20-21. Yet the Albertsons/SuperValu and Wal-Mart/ICCO complaints allege that

"[a]ll conditions precedent [of the express warranty claims] have occurred or been performed,"

Doc. 227 at ¶ 42; Doc. 229 at ¶ 45, which suffices at this stage to satisfy Plaintiffs' obligation to

allege that they met the notice requirement. Where, as here, notice is a "condition precedent" to

asserting an express warranty claim, a plaintiff may rely on such general allegations. *See* Fed. R.

Civ. P. 9(c) ("In pleading conditions precedent, it suffices to allege generally that all conditions

precedent have occurred or been performed."); *Kmart Corp. v. Footstar, Inc.*, 2010 WL

1541296, at *4-5 (N.D. Ill. Apr. 14, 2010) (noting that courts "have allowed parties seeking

insurance coverage to plead conditions precedent" by alleging simply that "all of the conditions

precedent to coverage provided in the Policy have been complied with"); *Smith v. Apple, Inc.*,

2009 WL 3958096, at *1 (N.D. Ala. Nov. 4, 2009) (treating notice as a condition precedent for

breach of warranty); *Collins v. Pfizer*, 2009 WL 126913, at *2 (S.D. Ind. Jan. 20, 2009) (same,

"[u]nless some exception applies").

Kraft and Albertsons/SuperValu contend that the Alabama, Connecticut, Florida, Illinois,

and Michigan express warranty claims should be dismissed because Plaintiffs "lack vertical

privity of contract with Defendants." Doc. 157 at 30-32; *see also* Doc. 162 at 32-33. Plaintiffs

implicitly concede that lack of privity can defeat an express warranty claim, but argue that the

privity requirement is waived when: (1) the plaintiff relies on a manufacturer's written

representations; (2) the plaintiff is an "intended beneficiary of the contract for sale"; or (3) the

plaintiff purchased a product from an agent of the manufacturer. Doc. 185 at 47-48. Plaintiffs are correct as to Alabama, Florida, and Illinois, but not as to the other States.

Where, as here, a plaintiff would not expect a retailer to provide her with "detailed information" about a product and the warranty is reflected in the manufacturer's advertisements, Florida law does not require the plaintiff to establish privity between herself and the manufacturer. *See Alea*, 2017 WL 5152344, at *4-5 (analyzing Florida law in detail). Alabama similarly permits express warranty claims where a manufacturer "intended to extend the express warranty [at issue] directly to the ultimate purchaser," which is alleged to be the case here. *Johnson v. Anderson Ford, Inc.*, 686 So.2d 224, 228-29 (Ala. 1996). (Albertsons/SuperValu argue that this exception does not apply because Plaintiffs do not allege that SuperValu was a remote manufacturer of the Essential Everyday 100% Grated Parmesan Cheese. Doc. 192 at 13. However, it is reasonable to conclude, when drawing all reasonable inferences in Plaintiffs' favor, that SuperValu falls within this exception given the complaints' allegation that SuperValu is "the registered owner of the 'Essential Everyday' trademark and distributes [these] products" to various stores. Doc. 227 at ¶ 15.)

These exceptions to the privity requirement do not apply under Connecticut law. Plaintiffs contend that Connecticut will relax the privity requirement where a plaintiff "relies on a manufacturer's written representations," Doc. 185 at 46-47, but this exception applies only where the plaintiff suffers a physical injury—not where, as here, only economic injury is alleged. *See Hamon v. Digliani*, 174 A.2d 294, 297 (Conn. 1961) (holding that the plaintiff could maintain an express warranty claim against a manufacturer arising from its advertising where she was "severely burned" after the manufacturer's detergent spilled on her); *Fraiser v. Stanley Black & Decker, Inc.*, 109 F. Supp. 3d 498, 506-07 (D. Conn. 2015) (noting that under

22

Connecticut law, "the privity requirement is relaxed where injured parties seek warranty recovery for personal injury damages—but parties seeking to state a claim for breach of express warranty for economic losses … still have to establish privity"); *Cavanaugh v. Subaru of Am., Inc.*, 2017 WL 2293124, at *3 (Conn. Super. Ct. May 4, 2017) (same). Plaintiffs' fallback position, that Connecticut "recognizes an exception to the privity requirement where other avenues of recovery are foreclosed," Doc. 185 at 47 n.19, is inapplicable here, as the Connecticut statutory consumer protection and unjust enrichment claims have not been dismissed.

Plaintiffs also contend that Michigan creates an exception where the consumer purchases a product from the manufacturer's agent. Doc. 185 at 48. Yet Plaintiffs plead no facts suggesting an agency relationship between Kraft—the only defendant whose products Plaintiffs purchased in Michigan—and the "retail locations in Plymouth, Michigan" where they acquired Kraft's products. Doc. 225 at ¶ 17.

Finally, Plaintiffs contend that Illinois will relax its privity requirements when a plaintiff relies on a manufacturer's written representations, is the intended beneficiary of the sale, or purchases a product from an agent of the manufacturer. Doc. 185 at 46-48. The first two exceptions do not apply here. As to the first, Plaintiffs fail to allege that they saw, let alone relied on, Defendants' anticaking representations. As to the second, while it is true that the Illinois privity requirement is relaxed when a manufacturer "knows the identity, purpose and requirements of the dealer's customer and manufactured or delivered the goods specifically to meet those requirements," the exception applies only where the manufacturer is aware of the individual customer's identity—a situation not alleged here. *Canadian Pac. Ry. Co. v. Williams-Hayward Protective Coatings, Inc.*, 2005 WL 782698, at *12-13 (N.D. Ill. Apr. 6, 2005) (holding that the exception applied where a remote manufacturer delivered goods specifically to

meet the plaintiff's requirements); *see also Schwebe v. AGC Flat Glass N. Am., Inc.*, 2013 WL 2151551, at *4 (N.D. Ill. May 16, 2013) ("This Court reads this privity exception narrowly to apply to cases where the component manufacturer knows the identity of the manufacturer's customer."); *Walsh v. Ford Motor Co.*, 588 F. Supp. 1513, 1529 (D.D.C. 1985) (holding that the exception did not apply where there had "been neither direct dealing by Ford with the ultimate consumer nor were the vehicles manufactured to the requirements of the ultimate user").

As to the third exception to the privity requirement under Illinois law, Defendants do not dispute the existence of an agency exception. Accordingly, the Illinois express warranty claim against Albertsons survives, as Plaintiffs adequately allege the existence of an agency relationship between the "various Jewel Osco retail store locations" at which the Illinois plaintiffs bought Essential Everyday "100% Grated Parmesan Cheese" and Albertsons, which "operates" stores under the "Jewel-Osco" brand. Doc. 227 at ¶¶ 9-10, 12; *see Johnke v. Espinal-Quiroz*, 2016 WL 454333, at *9 (N.D. Ill. Feb. 5, 2016) ("Ordinarily, the question of whether an agency relationship existed is a question of fact that is not properly resolved on a motion to dismiss."). The Illinois express warranty claims against Kraft and SuperValu, by contrast, are dismissed, as Plaintiffs fail to plead any facts suggesting the existence of an agency relationship between those defendants and the locations in Illinois where the plaintiffs acquired the products. Doc. 225 at ¶¶ 10 ("local Jewel grocery store"), 14 ("local Costco, Jewel Osco, Mariano's, Meijer, and Target"); Doc. 227 at ¶¶ 9-10 ("Jewel Osco retail store").

Finally, as Wal-Mart notes, Plaintiffs cannot assert a New York express warranty claim because such a claim requires "proof of reliance" and Plaintiffs make clear that they never actually saw the Anticaking statements. Doc. 168 at 23-24; *see In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 410 (S.D.N.Y. 2015); *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F.

Supp. 3d 467, 482 (S.D.N.Y. Mar. 27, 2014) (noting that to "state a claim for breach of express warranty under New York law, a plaintiff must allege … the buyer's reliance on th[e] warranty as a basis for the contract with the immediate seller"); *Weiner v. Snapple Beverage Corp.*, 2010 WL 3119452, at *11 (S.D.N.Y. Aug. 5, 2010).  Likewise, Plaintiffs do not allege that they relied on Kraft's Anticaking statements, so the New York express warranty claim against Kraft is dismissed as well.

*  *  *

In sum, the Connecticut, Michigan, and New York express warranty claims are dismissed, as are the Illinois express warranty claims against Kraft and SuperValu.  The express warranty claims under Alabama law (against Kraft, SuperValu, and Wal-Mart/ICCO), California law (against Kraft and Wal-Mart/ICCO), Florida law (against Kraft and Wal-Mart/ICCO), Illinois law (against Albertsons only), Minnesota law (against Kraft and Wal-Mart/ICCO), and New Jersey law (against Wal-Mart/ICCO) may proceed.

## D.    Implied Warranty Claims

Plaintiffs allege that Albertsons/SuperValu, Kraft, and Wal-Mart/ICCO breached an implied warranty of merchantability because their products "do not pass without objection in the trade and are not of … average quality within the contract description because they contain cellulose powder in excessive quantities."  Doc. 225 at ¶ 67; Doc. 227 at ¶ 59; Doc. 229 at ¶ 62. Defendants' arguments regarding pre-suit notice and multistate classes, Doc. 157 at 27-28; Doc. 162 at 32; Doc. 168 at 20-21, fail for the reasons set forth above in discussing the express warranty claims.

Kraft and Wal-Mart/ICCO contend that the implied warranty claims fail because Plaintiffs do not allege that their products were "inedible" or lacked "even the most basic degree of fitness of ordinary use."  Doc. 162 at 33; *see also* Doc. 168 at 22-23.  Yet the statutes

25

governing implied warranty claims in the States (Alabama, California, Connecticut, Florida,
Illinois, Michigan, Minnesota, New Jersey, and New York) where Plaintiffs purchased the
Albertsons, Kraft, and Wal-Mart/ICCO products require not only that goods be fit for ordinary
use, but also that they "[c]onform to the promises or affirmations of fact made on the container
or label if any." Ala. Code. § 7-2-314(2)(f); *see also* Cal. Com. Code § 2314(2)(f); Conn. Gen.
Stat. § 42a-2-314(2)(f); Fla. Stat. Ann. § 672.314(2)(f); 810 ILCS 5/2-314(2)(f); Mich. Comp.
Laws § 440.2314(2)(f); Minn. Stat. Ann. § 336.2-314(2)(f); N.J. Stat. Ann. § 12A:2-314(2)(f);
N.Y. U.C.C. Law § 2-314(2)(f). As their text suggests, those statutes permit a plaintiff alleging
solely a misrepresentation on a product's label to pursue an implied warranty claim. *See Perez v.
Monster Inc.*, 149 F. Supp. 3d 1176, 1186 (N.D. Cal. 2016) (California law) ("Here … Mr. Perez
alleges a false promise or affirmation of fact made on the container or label [of the product].
Accordingly, the Court shall not dismiss [his] state law implied warranty claim."); *In re Ferrero
Litig.*, 794 F. Supp. 2d 1107, 1118 (S.D. Cal. 2011) (same under California law, where the
plaintiff alleged that the manufacturer of Nutella falsely stated that it was "healthy" or
"nutritious" breakfast food, even though the product was otherwise "fit for its ordinary purpose
of consumption"); *In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales
Practices & Prod. Liab. Litig.*, 2017 WL 2646286, at \*12-13 (E.D. Va. June 20, 2017) (holding
that implied warranty claims under California, Florida, Illinois, and New York law, in which the
plaintiff alleged that the defendant's products did not conform to the promises or affirmations
made on the label, survived summary judgment); *In re ConAgra Foods, Inc.*, 908 F. Supp. 2d
1090, 1111-12 (C.D. Cal. 2012) (holding that New Jersey implied warranty claims could proceed
where the plaintiffs "alleged that Wesson Oils do not conform to the representation on their
labels that they are '100% Natural'").

Albertsons/SuperValu argue that the Alabama and Illinois implied warranty claims should be dismissed for lack of privity. Doc. 157 at 30-32. The Alabama implied warranty claims are dismissed because Plaintiffs do not cite, and the court has not found, any exceptions to the general rule that, "in cases of strictly economic harm," the absence of privity "is fatal to an implied warranty claim" under Alabama law. *Johnson v. Anderson Ford, Inc.*, 686 So.2d 224, 228 (Ala. 1996). The Illinois implied warranty claims survive only as to Albertsons. As explained above, Plaintiffs adequately allege the existence of an agency relationship between Albertsons and the retailers where Plaintiffs purchased the Albertsons product, but not between SuperValu and those retailers.

Kraft suggests in passing that the California, Connecticut, and Michigan implied warranty claims against it fail for lack of privity. Doc. 162 at 34 n.19. Because Kraft does not cite any case law in support, it forfeits the argument for purposes of this motion. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court."); *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010) ("[P]erfunctory and underdeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."). (Kraft cannot benefit from Albertsons/SuperValu's privity arguments under Alabama or Illinois law because Plaintiffs do not bring Alabama or Illinois implied warranty claims against Kraft. Doc. 225 at 16.)

Finally, Wal-Mart/ICCO argue that the New York implied warranty claims should be dismissed because Plaintiffs do not allege reliance. Doc. 168 at 23-24 (Wal-Mart); Doc. 164 at 28 (ICCO adopting Wal-Mart's brief). However, Wal-Mart/ICCO cite no authority for the proposition that reliance is an element of a New York implied warranty claim, and thus forfeit

the argument for purposes of this motion. *See G & S Holdings*, 697 F.3d at 538; *Judge*, 612
F.3d at 557.

* * *

In sum, Plaintiffs' Alabama and Illinois implied warranty claims against SuperValu are
dismissed, while the other implied warranty claims may proceed.

### E.    Unjust Enrichment Claims

Finally, Plaintiffs bring unjust enrichment claims against Albertsons/SuperValu, Kraft,
and Wal-Mart/ICCO. Doc. 225 at ¶¶ 53-59; Doc. 227 at ¶¶ 46-52; Doc. 229 at ¶¶ 49-55.
Defendants' arguments regarding the propriety of nationwide classes, Doc. 162 at 28, fail for the
reasons set forth above in discussing the express warranty claims.

Defendants contend that the unjust enrichment claims should be dismissed because the
laws of Alabama, California, Connecticut, Florida, Minnesota, New Jersey, and New York do
not permit such claims if the plaintiff has an "adequate remedy at law." Doc. 157 at 33-34; Doc.
162 at 28-29; Doc. 168 at 28, 30, 32. True enough, some courts dismiss unjust enrichment
claims where a plaintiff also pursues tort, contract, or state consumer protection claims based on
the same allegedly wrongful conduct. *See*, *e.g.*, *Licul v. Volkswagen Grp. of Am., Inc.*, 2013 WL
6328734, at *7-8 (S.D. Fla. Dec. 5, 2013); *Arena Dev. Grp., LLC v. Naegele Commc'ns, Inc.*,
2008 WL 1924179, at *5 (D. Minn. Apr. 29, 2008). Yet there is an equally robust line of cases
holding that because Rule 8(d)(2) permits parties to "set out two or more statements of a claim or
defense alternatively or hypothetically," it would be premature to dismiss unjust enrichment
claims at the pleading stage simply because the plaintiff also pursues claims at law. *See*, *e.g.*,
*Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762-63 (9th Cir. 2015) (reinterpreting an
unjust enrichment claim as a quasi-contract claim, and holding that the fact that it might be
"duplicative of or superfluous to [the plaintiff's] other claims … was not grounds for dismissal");

*McMillan v. Lowe's Home Ctrs., LLC*, 2016 WL 232319, at *7 (E.D. Cal. Jan. 20, 2016) (declining to dismiss an unjust enrichment claim "on the ground that it is duplicative of relief available under plaintiff's false advertising and consumer fraud claims"); *In re Fluidmaster, Inc.*, 149 F. Supp. 3d 940, 963 (N.D. Ill. 2016) (same); *Gate Techs., LLC v. Delphix Capital Mkts., LLC*, 2013 WL 3455484, at *5-6 (S.D.N.Y. July 9, 2013) (same); *Talon Indus., LLC v. Rolled Metal Prods., Inc.*, 2016 WL 11325768, at *2 (D.N.J. Apr. 12, 2016) (same); *PNY Techs., Inc. v. Salhi*, 2013 WL 4039030, at *7 (D.N.J. Aug. 5, 2013) (same); *Marty v. Anheuser-Busch Cos., LLC*, 43 F. Supp. 3d 1333, 1349-50 (S.D. Fla. 2014) (same); *see also In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 2015 WL 3988488, at *36 (N.D. Ill. June 29, 2015) (observing that dismissing unjust enrichment claims as duplicative of other claims "is not a widely-accepted theory for dismissal at the motion-to-dismiss stage"). The court agrees with the second line of cases and thus declines to dismiss the unjust enrichment claims at the pleading stage on the ground that they are duplicative of the warranty or consumer protection claims.

Albertsons/SuperValu and Kraft contend that Plaintiffs' Alabama and Illinois unjust enrichment claims "rise and fall" with the Alabama and Illinois warranty and state consumer protection claims because the underlying allegations rest on the same underlying conduct. Doc. 157 at 33; Doc. 162 at 30. In *Cleary v. Philip Morris Inc.*, 656 F.3d 511 (7th Cir. 2011), the Seventh Circuit held that because the "improper conduct" underlying an ICFA claim and an unjust enrichment claim "was insufficient to support" the ICFA claim, it was also "insufficient to establish unjust enrichment." *Id*. at 518. There is no reason to run this issue to ground, however; because the Alabama express warranty claims against SuperValu and Kraft, the ICFA claims against Albertsons/SuperValu and Kraft, and the Illinois express and implied warranty claims

against Albertsons survive dismissal, there remain several claims on which to ground the Alabama and Illinois unjust enrichment claims.

Finally, Kraft argues that the Michigan unjust enrichment claims fail because Michigan law requires a plaintiff to show that he "directly conferred a benefit on the defendant." Doc. 162 at 29 (quoting *Storey v. Attends Healthcare Prods., Inc.*, 2016 WL 3125210, at \*12 (June 3, 2016)) (emphasis omitted). Courts have split on whether Michigan unjust enrichment law requires that a plaintiff confer a direct benefit on a defendant, or whether a benefit "may be unjustly obtained by a defendant through an intermediary." *Compare Schechner v. Whirlpool Corp.*, 237 F. Supp. 3d 601, 617-18 (E.D. Mich. 2017) ("To state a claim for unjust enrichment, Michigan law requires a direct benefit or some sort of direct interaction between Plaintiffs and Whirlpool."), *In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 426-28 (S.D.N.Y. 2017), *and Los Gatos Mercantile, Inc. v. E.I. DuPont De Nemours & Co.*, 2015 WL 4755335, at \*29 (N.D. Cal. Aug. 11, 2015), *with State Farm Mut. Auto. Ins. Co. v. Vital Cmty. Care, P.C.*, 2018 WL 2194019, at \*8 (E.D. Mich. May 14, 2018) (holding that "individual participants in a fraud scheme who benefitted indirectly can be liable under an unjust enrichment theory"), *In re Opana Er Antritrust Litig.*, 2016 WL 4245516, at \*2-3 (N.D. Ill. Aug. 11, 2016) (holding that the critical inquiry under Michigan law is whether the plaintiff's detriment and the defendant's benefit are related), *In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, 2015 WL 5458570, at \*18 (D. Mass. Sept. 16, 2015) (noting that courts have held that Michigan unjust enrichment law does "not necessarily require a plaintiff to plead a conferral of a direct benefit"), *and Hoving v. Transnation Title Ins. Co.*, 545 F. Supp. 2d 662, 670 (E.D. Mich. 2008) ("Numerous cases have held that a benefit may be unjustly obtained by a defendant through an intermediary, especially if there is some wrongdoing on the defendant's part."). The court

believes that the latter cases have the better of the argument, and accordingly will allow the Michigan unjust enrichment claims to proceed.

* * *

In sum, other than those dismissed under Rule 9(b), the Anticaking unjust enrichment claims may proceed.

### Conclusion

The 100% claims are dismissed in their entirety, as are all Anticaking claims against Target/ICCO and all Anticaking claims under Alabama law against Albertsons. The Anticaking claims under the ADTPA, CLRA, UCL, FDUTPA, MUTPA, MDTPA, MFSAA, MPCFA, NJCFA, and NYGBL are dismissed as well. The Anticaking claims under Connecticut, Michigan, and New York express warranty law are dismissed, as are the Anticaking claims against Kraft and SuperValu under Illinois express warranty law. The Anticaking claims against SuperValu under Alabama and Illinois implied warranty law are also dismissed.

Plaintiffs may proceed on their Anticaking claims against Kraft under the CUTPA, ICFA, and MCFA, and against Albertsons/SuperValu under the ICFA. They may proceed with their Anticaking express warranty claims against Kraft under Alabama, California, Florida, and Minnesota law; against Albertsons under Illinois law; against SuperValu under Alabama law; and against Wal-Mart/ICCO under Alabama, California, Florida, Minnesota, and New Jersey law. They may proceed with their Anticaking implied warranty claims against Kraft under California, Connecticut, Michigan, and Minnesota law; against Albertsons under Illinois law; and against Wal-Mart/ICCO under Alabama, California, Florida, New Jersey, New York, and Minnesota law. Finally, Plaintiffs may proceed with their Anticaking unjust enrichment claims against Kraft, Albertsons/SuperValu, and Wal-Mart/ICCO, except for the claims against

Albertsons under Alabama law.  No Anticaking claims may proceed against Publix and Target, which are dismissed from this litigation.

November 1, 2018                                    _____

United States District Judge

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE | ) | |
| MARKETING AND SALES PRACTICES | ) | 16 C 5802 |
| LITIGATION | ) | MDL 2705 |
| | ) | |
| | ) | Judge Gary Feinerman |
| This Document Relates to All Cases | ) | |

<u>**M**EMORANDUM **O**PINION AND **O**RDER</u>

Defendants in this multidistrict litigation are purveyors of grated parmesan cheese

products with labels stating "100% Grated Parmesan Cheese" or some variation thereof.  After

the Judicial Panel on Multidistrict Litigation assigned these suits to the undersigned judge, Doc.

1, Plaintiffs filed five consolidated class action complaints, Docs. 120-123, 143, which alleged

that they were misled by the "100% Grated Parmesan Cheese" labels because the products

contained non-cheese ingredients such as cellulose.  Defendants moved to dismiss the complaints

under Civil Rules 12(b)(1) and 12(b)(6).  The court denied the Rule 12(b)(1) motions but granted

the Rule 12(b)(6) motions without prejudice to repleading.  Docs. 215-216 (reported at 275 F.

Supp. 3d 910 (N.D. Ill. 2017)).

Plaintiffs then filed five amended consolidated class action complaints.  Doc. 225

(against Kraft Heinz Company); Doc. 226 (against Publix Super Markets, Inc.); Doc. 227

(against Albertsons Companies, Inc., Albertsons LLC, and SuperValu, Inc.); Doc. 228 (against

Target Corp. and ICCO-Cheese Company, Inc.); Doc. 229 (against Wal-Mart Stores, Inc. and

ICCO-Cheese Company, Inc.).  Like the initial complaints, the amended complaints allege that

Plaintiffs were misled by the "100% Grated Parmesan Cheese" labels because the products in

fact contained cellulose.  In addition, the amended complaints except for the one against Publix

1

allege that the products' ingredient lists were misleading because they represented that the cellulose was added to prevent caking, when in fact the cellulose also acted as filler.

Defendants moved to dismiss the amended complaints under Rule 12(b)(6). Docs. 237, 238, 243, 246, 249. Those motions were granted as to the claims based on the "100% Grated Parmesan Cheese" label (the "100% claims") and granted in part and denied in part as to the claims based on the ingredient lists' representation that cellulose was added to prevent caking (the "Anticaking claims"), and Publix and Target/ICCO were dismissed as defendants. Docs. 296-297 (reported at 348 F. Supp. 3d 797 (N.D. Ill. 2018)). Plaintiffs now move under Rule 15(a)(2) to amend their complaints to allege an Anticaking claim against Publix and to cure the defects in their Anticaking claim against Target/ICCO, Doc. 306; Albertsons/SuperValu moves under Rule 56 for partial summary judgment and under Rule 12(c) for partial judgment on the pleadings, Doc. 309; and Kraft moves under Rule 12(c) for judgment on the pleadings, Doc. 314. Plaintiffs' motion is denied, and Albertsons/SuperValu's and Kraft's respective motions are granted in part and denied in part.

**Background**

When considering Albertsons/SuperValu's motion for partial summary judgment, the facts are construed as favorably to Plaintiffs, the non-movants, as the record and local Rule 56.1 permit. *See Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018). When considering Albertsons/SuperValu's and Kraft's Rule 12(c) motions, the court assumes the truth of the operative complaints' well-pleaded factual allegations, though not their legal conclusions. *See Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018). The court must also consider "documents attached to the complaint[s], documents that are critical to the complaint[s] and referred to in [them], and information that is subject to proper judicial

notice," along with additional facts set forth in Plaintiffs' opposition briefs, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013) (internal quotation marks omitted); *see also N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The facts are set forth as favorably to Plaintiffs as those materials allow. *See Brown v. Dart*, 876 F.3d 939, 940 (7th Cir. 2017). The court must assume the truth of the facts relevant to each motion, but does not vouch for them. *See Donley v. Stryker Sales Corp.*, 906 F.3d 635, 636 (7th Cir. 2018); *Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

A detailed description of Plaintiffs' allegations appears in the court's prior opinions, familiarity with which is assumed. In brief, Defendants Kraft Heinz Company, Albertsons Companies, Inc., Albertsons LLC (the two Albertsons entities will be referred to together as "Albertsons"), SuperValu, Inc., Target Corporation, Wal-Mart Stores, Inc., ICCO-Cheese Company, Inc., and Publix Super Markets, Inc. design, develop, manufacture, sell, test, package, label, distribute, promote, market, and/or advertise grated parmesan cheese products. Doc. 225 at ¶ 19; Doc. 226 at ¶ 10; Doc. 227 at ¶ 16; Doc. 228 at ¶¶ 13-14; Doc. 229 at ¶¶ 15, 29. (Albertsons and SuperValu, close corporate relatives, are named in one complaint. Doc. 227. ICCO manufactures the products for both Target and Wal-Mart, and is named as a defendant in both the Target and Wal-Mart complaints. Docs. 228-229.) At all relevant times, Defendants' products bore labels stating "100% Grated Parmesan Cheese," Doc. 225 at ¶ 21; Doc. 227 at ¶ 18; Doc. 228 at ¶ 18; Doc. 229 at ¶ 18, or some variation thereof, Doc. 225 at ¶ 21; Doc. 226 at ¶ 12; Doc. 227 at ¶ 18; Doc. 228 at ¶ 18; Doc. 229 at ¶ 18.

Defendants' products are comprised largely of cured, dried hard Italian cheeses, Doc. 225 at ¶ 26; Doc. 226 at ¶ 15; Doc. 227 at ¶ 22; Doc. 228 at ¶ 21; Doc. 229 at ¶ 22, but also include a

small but nontrivial percentage of cellulose, an organic polymer with no nutritional value that is "often used as a filler." Doc. 225 at ¶¶ 23-24 (Kraft, 3.8%); Doc. 226 at ¶ 13 (Publix, "a significant portion"); Doc. 227 at ¶¶ 19-20 (Albertsons/SuperValu, 8.8%); Doc. 228 at ¶ 19 (Target/ICCO, no percentage specified); Doc. 229 at ¶¶ 19-20 (Wal-Mart/ICCO, 7.8%). Each product's ingredient list, located on the rear label, lists cellulose and asserts that the cellulose is used to prevent "caking." Doc. 225 at ¶ 4; Doc. 227 at ¶ 4; Doc. 228 at ¶ 4; Doc. 229 at ¶ 4. However, grated parmesan "usually available in the marketplace" is cured and dried in such a way that there is "little problem of clumping or agglomeration," so there in fact is little need to ensure that grated parmesan does not clump or "cake." Doc. 225 at ¶ 26; Doc. 227 at ¶ 22; Doc. 228 at ¶ 21; Doc. 229 at ¶ 22. According to the U.S. Food and Drug Administration ("FDA"), dried cheese products should be, at most, 2% cellulose. Grated Cheeses; Amendment of the Standard of Identity, 51 Fed. Reg. 30,210, 30,210 (Aug. 25, 1986). After commissioning an independent laboratory to test several cured, dried cheese products, Bloomberg reported that many such products contained significantly more than 2% cellulose and specified the percentage of cellulose found in the Albertsons/SuperValu, Wal-Mart/ICCO, and Kraft products. *See* Lydia Mulvaney, *The Parmesan Cheese You Sprinkle on Your Penne Could Be Wood*, Bloomberg (Feb. 16, 2016, 4:00 AM), https://www.bloomberg.com/news/articles/2016-02-16/the-parmesan-cheese-you-sprinkle-on-your-penne-could-be-wood.

Plaintiffs are consumers who purchased Defendants' products at grocery stores in Alabama (Kraft, Albertsons/SuperValu, Wal-Mart/ICCO), California (Kraft, Target/ICCO, Wal-Mart/ICCO), Connecticut (Kraft), Florida (Kraft, Publix, Target/ICCO, Wal-Mart/ICCO), Illinois (Kraft, Albertsons/SuperValu, Target/ICCO), Michigan (Kraft), Minnesota (Kraft, Wal-Mart/ICCO), Missouri (Target/ICCO), New Jersey (Wal-Mart/ICCO), and New York

(Kraft, Wal-Mart/ICCO).  Doc. 225 at ¶¶ 9-17; Doc. 226 at ¶¶ 8-9; Doc. 227 at ¶¶ 9-11; Doc. 228 at ¶¶ 9-12; Doc. 229 at ¶¶ 9-14.  Plaintiffs purchased the products believing that they contained only cheese.  Doc. 225 at ¶¶ 9-17; Doc. 226 at ¶¶ 8-9; Doc. 227 at ¶¶ 9-11; Doc. 228 at ¶¶ 9-12; Doc. 229 at ¶¶ 9-14.  In addition, in every amended complaint except the one against Publix, Plaintiffs allege that the products' ingredient lists stated that cellulose was added "to prevent caking," Doc. 225 at ¶ 46; Doc. 227 at ¶ 39; Doc. 228 at ¶ 40; Doc. 229 at ¶ 4, but that the amount of cellulose exceeded what was necessary to prevent caking, Doc. 225 at ¶ 27; Doc. 227 at ¶ 23; Doc. 228 at ¶ 22; Doc. 229 at ¶ 23, and therefore that the cellulose must also serve the undisclosed purpose of acting as filler, Doc. 225 at ¶ 4; Doc. 227 at ¶ 4; Doc. 228 at ¶ 2; Doc. 229 at ¶ 4.

## Discussion

### I.      Standing

As noted, Plaintiffs' 100% claims have been dismissed, leaving only their Anticaking claims.  Kraft argues that Plaintiffs cannot bring those claims in federal court because their allegations do not satisfy the causation requirement of Article III standing.  Doc. 316 at 19-21. As the court explained in its more recent opinion in this case—and as reiterated below— Plaintiffs by necessary implication allege in the operative complaints that they did not see the Anticaking representation on the products' ingredient labels before purchase.  348 F. Supp. 3d at 810.  Kraft reasons that because Plaintiffs never saw the Anticaking representation, they cannot have sustained an injury that is "fairly traceable to" that statement and thus do not have standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

Kraft's argument fails for the reasons given in the court's first opinion in this case.  275 F. Supp. 3d at 918-19.  As the court explained, under *In re Aqua Dots Products Liability*

*Litigation*, 654 F.3d 748, 750-51 (7th Cir. 2011), a plaintiff has standing to bring a consumer

protection claim if the allegedly deceptive practice caused her to pay more for the product than

she otherwise would have paid.  That test is satisfied here: If Defendants had disclosed on their

labels that cellulose was added in part as filler, at least some consumers would not have

purchased the products or would not have been willing to pay as much for them, which—

applying basic supply-and-demand principles—would have driven down the price for all

consumers, even those who did not read the labels.  Indeed, that Defendants included the

Anticaking representation on the products' ingredient labels—even though, as they conceded at

the motion hearing, the representation is not required by law, Doc. 341—strongly suggests that

the representation helped Defendants sell more cheese at higher prices, thereby driving up the

price for all consumers.  Plaintiffs therefore have Article III standing to pursue the Anticaking

claims.

## II.     **Plaintiffs' Motion for Leave to Amend as to Publix and Target/ICCO**

Plaintiffs move for leave to file second amended consolidated complaints against Publix

and Target/ICCO.  Doc. 306.  The court's more recent opinion dismissed Publix and Target as

defendants after holding that Plaintiffs did not bring an Anticaking claim against Publix and that

their Anticaking claims against Target/ICCO were too vague to satisfy federal pleading standards

because they did not allege the percentage of cellulose in the Target/ICCO products.  348

F. Supp. 3d at 803, 808, 818.  Plaintiffs attempt in their proposed second amended complaints to

remedy both defects by bringing Anticaking claims against Publix and by alleging the amount of

cellulose in the Publix and Target/ICCO products.  Doc. 306 at 2.

The parties dispute which standard governs Plaintiffs' motion.  Plaintiffs contend that the

lenient Rule 15(a)(2) standard applies.  Doc. 306 at 2; Doc. 327 at 2-4.  Publix and Target/ICCO

contend that the court's more recent order must be considered a final judgment dismissing all claims against them with prejudice, and therefore that the more demanding standards for amending a judgment under Rule 59(e) or Rule 60(b) govern. Doc. 324 at 5-9; Doc. 325 at 10-11. The court need not resolve the dispute because Plaintiffs' motion fails even under the more lenient Rule 15(a)(2) standard.

Rule 15(a)(2) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). That said, district courts "have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Right Field Rooftops, LLC v. Chi. Cubs Baseball Club, LLC*, 870 F.3d 682, 693 (7th Cir. 2017). Although a plaintiff ordinarily should be given at least one opportunity to amend, *see Pension Trust Fund for Operating Eng'rs v. Kohl's Corp.*, 895 F.3d 933, 941 (7th Cir. 2018), she is not entitled to additional opportunities if she fails to remedy defects apparent at the time of the prior amendment, nor is she entitled to amend if she made a considered, strategic choice not to include information known to her at that time. *See Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 855 (7th Cir. 2017) (affirming the district court's denial of leave to amend to assert an ADA claim where the plaintiff "could have alleged the ADA claim at the beginning of the suit," "[t]he lengthy delay could not be justified by newly discovered information," and "the [district] court suggested that the delay was strategic"); *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014) ("Outland presented no excuse for omitting … three [proposed legal] theories originally, and the unexplained delay looks more like procedural gamesmanship than legitimate ignorance or oversight."); *First Wis. Fin. Corp. v. Yamaguchi*, 812 F.2d 370, 373 (7th Cir. 1987) ("By its own account, First Wisconsin did not try to amend the complaint for six

months after learning of Yamaguchi's complicity. First Wisconsin explains that it waited because it did not want to risk a postponement of the trial scheduled for May 1986. This damns rather than justifies the delay, however; First Wisconsin concedes that it tried to split this case and, for its own convenience, obtain two trials. District courts are entitled to protect themselves, and other litigants whose cases would be affected, against such strategic conduct.").

Here, Plaintiffs were on notice after the court issued its first opinion, which dismissed without prejudice their 100% claims, that those claims suffered from serious and potentially irremediable defects. When Plaintiffs filed their amended complaints, they not only repleaded their 100% claims, but also added Anticaking claims (except against Publix), undoubtedly because they realized that their 100% claims might again be dismissed. Docs. 225 at ¶ 50; Doc. 227 at ¶ 43; Doc. 228 at ¶ 44; Doc. 229 at ¶ 46. To support their Anticaking claims against Kraft, Wal-Mart/ICCO, and Albertsons/SuperValu, Plaintiffs alleged the percentage of cellulose in those Defendants' products, but their Target/ICCO amended complaint did not allege comparable information about the Target/ICCO product. Doc. 225 at ¶ 23; Doc. 227 at ¶ 19; Doc. 229 at ¶ 19.

At a hearing shortly after Plaintiffs filed their present motion for leave to amend, the court asked them to explain the discrepancies between the Publix amended complaint (which did not bring an Anticaking claim) and Target/ICCO amended complaint (which brought an Anticaking claim but did not allege the amount of cellulose in the Target/ICCO product), on the one hand, and the amended complaints against the other Defendants (which brought Anticaking claims and alleged the amount of cellulose in the other Defendants' products), on the other. In response, Plaintiffs stated that even though "there were people in the [Plaintiff] group that had done some tests" to determine the amount of cellulose in the Publix and Target/ICCO products,

Plaintiffs decided to base their Anticaking allegations solely on the Bloomberg data—which did not include the amounts of cellulose in the Target/ICCO and Publix products—because the Bloomberg tests were "publicly done by an independent organization."  Doc. 324-2 at 14-15; *see also* Doc. 327 at 6 ("Plaintiffs decided to plead certain test results from a single, publicly available report in complaints filed against certain other defendants in this MDL, but not private testing results relating to Publix's and Target/ICCO's products … .").

Thus, when they filed their amended complaints, Plaintiffs knew that their 100% claims might not survive, were sufficiently attuned to that danger that they added Anticaking claims, and had the information needed to allege the amount of cellulose in *all* Defendants' products, including the Publix and Target/ICCO products.  Yet Plaintiffs' amended complaint against Target/ICCO did not allege the percentage of cellulose in the Target/ICCO product, and their amended complaint against Publix did not bring an Anticaking claim at all.  Those choices had consequences during the second round of Rule 12(b)(6) motions: (1) with the dismissal of Plaintiffs' amended 100% claims against Publix, Publix was dismissed from the suit altogether because there were no Anticaking claims to consider; and (2) the court was put to the task of evaluating whether the Anticaking claims against Target/ICCO could survive dismissal given that Plaintiffs did not allege the percentage of cellulose in the Target/ICCO product, and held that they could not, which led to the dismissal of the Target/ICCO amended complaint in its entirety.  348 F. Supp. 3d at 803, 808, 818.

Given these circumstances, Plaintiff will not be given an opportunity to do in second amended complaints against Publix and Target/ICCO what they should and easily could have done in their first amended complaints.  The court "can only assume that [Plaintiffs'] decisions not to attempt" to plead an Anticaking claim against Publix despite having information about the

percentage of cellulose in the Publix product, and not to use the information they had to allege the percentage of cellulose in the Target/ICCO product, "were strategic, and so their attempts to take those steps now are unavailing." *Lowinger v. Oberhelman*, 924 F.3d 360, 370 (7th Cir. 2019). Plaintiffs certainly were entitled to withhold the Anticaking claim from the Publix amended complaint, and to withhold the percentage of cellulose in the Target/ICCO product from the Target/ICCO amended complaint, and hope that their claims against those Defendants would nonetheless satisfy federal pleading standards. But having gambled and lost, Plaintiffs "must live with the consequences of [their] strategic decision." *Int'l Coll. of Surgeons v. City of Chicago*, 153 F.3d 356, 366 (7th Cir. 1998); *see also Dyson, Inc. v. SharkNinja Operating LLC*, 2019 WL 1454509, at *9 (N.D. Ill. Mar. 31, 2019) (collecting cases).

In so holding, the court acknowledges that "[d]elay by itself is normally an insufficient reason to deny a motion for leave to amend. Delay must be coupled with some other reason … , [t]ypically, … prejudice to the non-moving party … ." *Liebhart v. SPX Corp.*, 917 F.3d 952, 965 (7th Cir. 2019). But there are reasons other than delay to deny leave to amend here, namely, Plaintiffs' strategic conduct in purposely omitting from the Publix and Target/ICCO amended complaints the claim (as to Publix) and factual content (as to Publix and Target/ICCO) they now seek to add. Granting leave to amend would be particularly inappropriate as to Publix because Publix's motion to dismiss the original complaint expressly highlighted the weaknesses in the 100% claim for which the new Anticaking claim is designed to compensate. Doc. 174 at 7-13. An amendment at this late stage, following two hard-fought Rule 12(b)(6) rounds that took significant time and effort for the parties to litigate and for the court to resolve, would therefore prejudice Publix and Target/ICCO by "forcing [them] to articulate [even more] reasons for dismissal, and, at the same time providing [Plaintiffs] with the opportunity to correct mistakes

10

facially apparent since the first complaint after the defendants had shown their hand." *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 759 (7th Cir. 2002).

For these reasons, Plaintiffs' motion for leave to file second amended complaints against Publix and Target/ICCO is denied.

## III.    Consumer Protection Claims

The court's more recent opinion dismissed Plaintiffs' Anticaking claims under the Alabama, California, Florida, Minnesota, New Jersey, and New York consumer protection statutes, reasoning that those statutes "require some form of causal connection between the alleged misrepresentation and the plaintiff's alleged injury" and that the Anticaking representation could not have caused (under the causation standard applicable to those statutes) Plaintiffs' injury because they did not see that representation prior to purchase.  348 F. Supp. 3d at 809-11.  Kraft and Albertsons/SuperValu now argue that Plaintiffs' claims under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b ("CUTPA"), Doc. 225 at ¶¶ 140-147 (Kraft), the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903 *et seq*. ("MCPA"), Doc. 225 at ¶¶ 172-182 (Kraft), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFA"), Doc. 225 at ¶¶ 132-139 (Kraft); Doc. 227 at ¶¶ 74-81 (Albertsons/SuperValu), fail on the same ground.  Doc. 311 at 9-11; Doc. 316 at 12-14. (Contrary to Plaintiffs' understanding, Doc. 336 at 5, the court's more recent opinion did not consider and reject those arguments, as no Defendant has yet argued that causation is a necessary element of a CUTPA, ICFA, or MCPA claim.)

Plaintiffs retort that their Kraft and Albertsons/SuperValu amended complaints do, in fact, allege that they saw the ingredient lists' Anticaking representations because the complaints allege that (1) each Plaintiff saw the label on Defendants' products, (2) the label contained an Anticaking representation, and (3) Defendants' "affirmations of fact and descriptions of the

11

Products formed the basis of the bargain between" Plaintiffs and Defendants. Doc. 335 at 11-12 (citing Doc. 225 at ¶¶ 34, 46-47); *but see* Doc. 336 at 5 (admitting that the amended complaints do not "explicitly state" that the Plaintiffs saw the ingredient list). That is an implausible reading of the amended complaints. The amended complaints' allegations that the Anticaking representations formed the basis of the bargain between Defendants and Plaintiffs is disregarded because the court does not credit a complaint's legal conclusions in resolving a Rule 12(c) motion. *See Bishop*, 900 F.3d at 397. Plaintiffs' factual allegations, which the court does credit, show that Plaintiffs saw the *100% statement* on the products' labels and inferred from that statement that the products contained no non-cheese ingredients. Doc. 225 at ¶¶ 9-17; Doc. 227 at ¶¶ 9-11. Had Plaintiffs *also* seen the ingredient lists, they of course would have known that the products contained cellulose—and thus could not possibly have alleged as an essential predicate of their 100% claims that they were fooled into thinking that the products were composed of 100% cheese. Doc. 225 at ¶ 46; Doc. 227 at ¶ 39. Therefore, the only plausible inference from Plaintiffs' well-pleaded factual allegations is that they did not read the products' ingredient lists before purchase. 348 F. Supp. 3d at 810.

Plaintiffs' failure to allege that they saw the ingredient lists' Anticaking representations dooms their ICFA, CUTPA, and MCPA claims. ICFA does not require a plaintiff to prove reliance, but it does require the plaintiff to show that the ICFA violation proximately caused her damages. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513-14 (7th Cir. 2006) ("[A] damages claim under the ICFA requires that the plaintiff was deceived in some manner and damaged by the deception."); *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 593 (Ill. 1996) ("[A] valid claim must show that the consumer fraud proximately caused plaintiff's injury."). "[T]o properly plead the element of proximate causation in a private cause of action for deceptive advertising brought

under the [ICFA], a plaintiff must allege that he was, in some manner, deceived." *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 134, 164 (Ill. 2002); *see also Oshana*, 472 F.3d at 513-14 ("[A] damages claim under the ICFA requires that the plaintiff was deceived in some manner and damaged by the deception."). As noted, Plaintiffs did not see the ingredient lists' Anticaking representations, so those representations could not possibly have deceived them. Plaintiffs therefore have no viable Anticaking claim under ICFA.

As under ICFA, a CUTPA plaintiff need not show reliance, but must prove proximate cause. *See Landmark Inv. Grp., LLC v. CALCO Const. & Dev. Co.*, 124 A.3d 847, 868 (Conn. 2015); *Hinchliffe v. Am. Motors Corp.*, 440 A.2d 810, 814 (Conn. 1981) (holding that a CUTPA plaintiff must prove that the challenged practice caused her to suffer an "ascertainable loss" by demonstrating that she "purchased an item partially as a result of an unfair or deceptive practice or act and that the item is different from that for which [s]he bargained"); *see also Collins v. Anthem Health Plans, Inc.*, 880 A.2d 106, 120 (Conn. 2005) ("emphasiz[ing] that, in order for a class member to obtain relief from the defendant under [CUTPA], the plaintiffs must prove, inter alia, that that class member suffered a loss that was caused by the challenged policies of the defendant," and holding that individualized inquiries were required to determine "whether the challenged business policies were the cause of [each plaintiff's] injury"); *D'Angelo Dev. & Const. Corp. v. Cordovano*, 995 A.2d 79, 89-90 (Conn. App. 2010) (holding that the plaintiffs could not recover under CUTPA because they did not establish that the challenged practice caused their damages). Plaintiffs contend that a plaintiff may satisfy CUTPA's causation requirement merely by alleging that the defendant's statement was false or likely to mislead. Doc. 335 at 19 (citing *Izzarelli v. R.J. Reynolds Tobacco Co.*, 117 F. Supp. 2d 167, 176 (D. Conn. 2000)). That contention cannot be reconciled with the Connecticut Supreme Court's

holding that "in order to prevail in a CUTPA action, a plaintiff must establish both that the defendant has engaged in a prohibited act *and* that, as a result of this act, the plaintiff suffered an injury." *Abrahams v. Young & Rubicam, Inc.*, 692 A.2d 709, 712 (Conn. 1997) (internal quotation marks omitted). Kraft therefore is entitled to judgment on Plaintiffs' Anticaking claim under CUTPA.

As for the MCPA, Plaintiffs acknowledge that they must plead reliance to state an MCPA claim based on a fraudulent misrepresentation, but they argue that they need not plead reliance to state an MCPA claim based on a material omission. Doc. 335 at 17. Plaintiffs contend that their Anticaking claim is omission-based, alleging that Kraft misled consumers by stating that cellulose was used to prevent caking while omitting the fact that it also was used as filler. *Id*. at 17-18. But an omission can ground an MCPA claim only if it is "material," *i.e.*, only if it is "important to the transaction or affects the consumer's decision to enter into the transaction." *Zine v. Chrysler Corp.*, 600 N.W.2d 384, 398 (Mich. App. 1999). The Anticaking representation and corresponding "filler" omission could not have been material to Plaintiffs' decisions to buy the Kraft product because they did not see the ingredient label, and thus they neither knew that the product contained cellulose nor saw the representation (that cellulose was used to prevent caking) that allegedly made Kraft's failure to disclose additional information (that the cellulose was also as filler) deceptive and misleading. Kraft therefore is entitled to judgment on the Anticaking claims under MCPA. *See ibid*. (holding that the plaintiff did not state an MCPA claim where the omission did not affect the plaintiff's decision to purchase the product). Nor does reframing the Anticaking claim as omission-based change the outcome under ICFA or CUTPA because, under both statutes, the plaintiff must show that the omission contributed in some way to the plaintiff's damages, and the Anticaking representation cannot have done so

14

because Plaintiffs did not see it. *See De Bouse v. Bayer*, 922 N.E.2d 309, 316 (Ill. 2009) ("[W]e have repeatedly emphasized that in a consumer fraud action, the plaintiff must actually be deceived by a statement or omission. If there has been no communication with the plaintiff, there have been no statements and no omissions. In such a situation, a plaintiff cannot prove proximate cause."); *Haesche v. Kissner*, 640 A.2d 89, 92 (Conn. 1994) (affirming judgment on a CUPTA claim based on the defendant's failure to warn the plaintiff that a BB gun could cause eye injuries, where the summary judgment record showed that the plaintiff would have used the BB gun anyway).

Accordingly, Plaintiffs' ICFA, CUTPA, and MCPA claims against Kraft and their ICFA claims against Albertsons/SuperValu are dismissed. Given this disposition, the court need not reach Kraft's argument that Plaintiffs cannot state a claim under those statutes because the Anticaking representation is accurate and not misleading. Doc. 316 at 14-16.

## II.    Express and Implied Warranty Claims

### A.    Albertsons/SuperValu

Albertsons/SuperValu's second Rule 12(b)(6) motion sought dismissal of the amended complaint's express and implied warranty claims on the ground that Plaintiffs did not provide Albertsons/SuperValu with pre-suit notice in a reasonable time as required by 810 ILCS 5/2-607(3)(a) and Ala. Code § 7-2-607(3)(a). Doc. 157 at 27-28. The court rejected that argument because the amended complaint alleged generally that Plaintiffs satisfied all conditions precedent to their warranty claims. 348 F. Supp. 3d at 812-13, 815. Albertsons/SuperValu now move for summary judgment based on evidence that they did not, in fact, receive pre-suit notice from Plaintiffs. Doc. 311 at 11-16. In response, Plaintiffs admit that they did not send Albertsons or SuperValu a pre-suit notice letter, Doc. 336-1 at ¶¶ 20-21, 28-29, 36-37, but they argue that the

notice requirement was satisfied because the Bloomberg article gave Albertsons/SuperValu actual notice of the defect at the heart of the Anticaking claims. Doc. 336 at 10-12.

Under Illinois warranty law, "direct notice is not required when … the seller has actual knowledge of the defect of the particular product." *Connick*, 675 N.E.2d at 589. "Actual knowledge" for this purpose does not mean knowledge of "the facts" underlying the plaintiff's claim—"which the seller presumably knows quite as well as, if not better than, the buyer"—but rather knowledge "of [the] *buyer's claim* that [those facts] constitute a breach." *Id*. at 590 (internal quotation marks omitted). Put another way, "[i]t is essential that the seller be notified that this *particular transaction* is troublesome and must be watched." *Ibid*. (internal quotation marks omitted). Thus, the actual knowledge exception to the direct notice requirement "is satisfied only where the manufacturer is somehow apprised of the trouble with the particular product purchased by a particular buyer"—not where "a manufacturer is aware of problems with a particular product line." *Ibid*. Applying that principle in *Connick*, the Supreme Court of Illinois held that the defendant did not have actual knowledge that the car it sold to the plaintiffs posed certain safety risks, even though the very same risks had caused a consumer organization to give that make and model a "not acceptable" rating and had prompted investigations by seven state attorneys general. *Id*. at 589-91; *see also Anthony v. Country Life Mfg., LLC*, 2002 WL 31269621, at *4 (N.D. Ill. Oct. 9, 2002) (holding that the defendant did not have actual knowledge of the plaintiff's claim that the defendant's snack bars contained unwholesome ingredients, even though the defendants knew that those ingredients were in their snack bars), *aff'd*, 70 F. App'x 379 (7th Cir. 2003).

Here, Plaintiffs argue that Albertsons/SuperValu had actual knowledge that cellulose was used as filler because Bloomberg published a report showing that its product was 8.8% cellulose,

16

while FDA standards provided that a dried cheese product should be 2% cellulose or less.  Doc. 336 at 11-12.  At best, Plaintiffs allege that Albertsons/SuperValu was aware of "problems with [its] particular product line."  *Connick*, 675 N.E.2d at 590.  This falls far short of an allegation that Albertsons/SuperValu was on notice that the "particular transaction[s]" in which the "particular product[s]" at issue were "purchased by [the] particular buyers" now bringing suit were "troublesome and must be watched."  *Id*. at 590.  Accordingly, Albertsons/SuperValu did not receive adequate pre-suit notice under Illinois warranty law.

As for the Alabama warranty claims, Plaintiffs make no argument and cite no authority to support their contention that Alabama law recognizes an actual knowledge exception to the notice requirement, thereby forfeiting the issue.  *See M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").  Even if Alabama recognized an actual knowledge exception, *but see Smith v. Apple, Inc.*, 2009 WL 3958096, at *1 (N.D. Ala. Nov. 4, 2009) ("declin[ing] plaintiffs' invitation to create" an exception to the notice requirement for circumstances where the defendant is "aware of the alleged defects," and predicting that the Alabama Supreme Court would not endorse such an exception) (internal quotation marks omitted), Plaintiffs have forfeited any argument that the Alabama actual notice exception differs from the Illinois exception, which as shown above is not satisfied here.

For these reasons, Albertsons/SuperValu is entitled to judgment on Plaintiffs' Illinois and Alabama express and implied warranty claims.

## B.     Kraft

Kraft moves under Rule 12(c) for judgment on the Connecticut implied warranty claims, the Florida express warranty claims, and the Minnesota and California express and implied

warranty claims on the ground that Plaintiffs do not allege reliance (Florida, Minnesota, and California) or privity (Connecticut and California). Doc. 316 at 16-18. (Again, Plaintiffs are wrong to say that the court already "upheld" those warranty claims against all challenges to their sufficiency. Doc. 335 at 11. Kraft did not previously raise, and the court has not yet decided, the reliance and privity issues presented in the current motion.)

Kraft contends that a plaintiff can bring a Connecticut implied warranty claim only if she is in privity with the defendant. Doc. 316 at 16-17. Plaintiffs effectively concede that they are not in privity with Kraft and admit that privity is ordinarily required. But citing *Hamon v. Digliani*, 174 A.2d 294, 297-98 (Conn. 1961), Plaintiffs argue that Connecticut law relaxes the privity requirement where (1) "the manufacturer or producer makes representations in his advertisements or by the labels on his products as an inducement to the ultimate purchaser," (2) the purchaser "buys the product in reliance on the representations," and (3) she "later suffers an injury because the product fails to conform to them." Doc. 335 at 21.

That argument fails for two reasons. First, as noted, Plaintiffs did not see the ingredient label's Anticaking representation, and thus could not have bought "the product[s] in reliance on" it. Second, as the court explained in its more recent opinion, the exception described in *Hamon* applies only when the product causes physical injury, which is not alleged here. 348 F. Supp. 3d at 813. Kraft therefore is entitled to judgment on the Connecticut implied warranty claims.

Kraft next contends that a plaintiff can bring a Florida express warranty claim only if she relied on the warranty. Doc. 316 at 17-18. The great weight of authority—including every Florida intermediate appellate court decision the parties cite, *see In re Zimmer, NexGen Knee Implant Prod. Liab. Litig.*, 884 F.3d 746, 751 (7th Cir. 2018) (instructing that where a state's highest court has not resolved an issue of state law, a federal court should follow decisions

18

issued by the state intermediate appellate court absent a strong countervailing reason)—supports Kraft's position. *See*, *e.g.*, *Hobco, Inc. v. Tallahassee Assocs.*, 807 F.2d 1529, 1533 (11th Cir. 1987) ("Under Florida law, an express warranty may arise only where justifiable reliance upon assertions or affirmations is part of the basis of the bargain."); *Royal Typewriter Co. v. Xerographic Supplies Corp.*, 719 F.2d 1092, 1101 (11th Cir. 1983) (similar); *Spolski Gen. Contractor, Inc. v. Jett-Aire Corp. Aviation Mgmt. of Cent. Fla.*, 637 So. 2d 968, 970 (Fla. App. 1994) (affirming judgment on the pleadings on an express warranty claim, in part, because the plaintiff did not plead reliance); *Thursby v. Reynolds Metals Co.*, 466 So. 2d 245, 250 (Fla. App. 1984) ("[A]n express warranty is generally considered to arise only where the seller asserts a fact … on which the buyer justifiably relies as part of the basis of the bargain.") (internal quotation marks omitted); *Escambia Chem. Corp. v. Indus.-Marine Supply Co.*, 223 So. 2d 773, 775 (Fla. App. 1969) (similar). Given this authority, including the Eleventh Circuit's published decisions in *Hobco* and *Royal Typewriter*, the court declines Plaintiffs' invitation to follow *Southern Broadcast Group, LLC v. Gem Broadcasting, Inc.*, 145 F. Supp. 2d 1316, 1324 (M.D. Fla. 2001), *aff'd without opinion sub nom. S. Broad. v. GEM Broad.*, 49 F. App'x 288 (11th Cir. 2002), which reached the opposite conclusion.

Plaintiffs retort that *Southern Broadcast Group* finds support in Comment 3 to the Uniform Commercial Code's express warranty provision, which states that "affirmations of fact made by the seller about the goods during a bargain are regarded as part of the description of those goods; hence no particular reliance on such statements need be shown in order to weave them into the fabric of the agreement." U.C.C. § 2-313 cmt. n.3. But Florida courts have held that they are not bound by U.C.C. comments, *see PMT NPL Fin. 2015-1 v. Centurion Sys., LLC*, 257 So. 3d 516, 519 n.2 (Fla. App. 2018); *Corfan Banco Asuncion Paraguay v. Ocean Bank*, 715

So. 2d 967, 971 (Fla. App. 1998), and, more to the point, have consistently held (notwithstanding Comment 3) that reliance is required to state an express warranty claim. It also bears noting that Comment 3 has appeared in the U.C.C. commentary since 1952, *see* U.C.C. § 2-313 (Am. Law Inst. & Unif. Law Comm'n 1952); *see also Carter Hawley Hale Stores, Inc. v. Conley*, 372 So. 2d 965, 968 (Fla. App. 1979) (quoting the comment)—long before the above-cited Eleventh Circuit and Florida appellate decisions were issued. Accordingly, Kraft is entitled to judgment on the Florida express warranty claims.

Kraft next argues that Plaintiffs must allege reliance to state express or implied warranty claims under Minnesota law. Doc. 316 at 17-18. Minnesota law is somewhat unsettled on that point. The Minnesota Supreme Court endorsed a reliance requirement in *Midland Loan Financial Co. v. Madsen*, 14 N.W.2d 475, 481 (Minn. 1944), and applied that requirement in *Alley Construction Co. v. State*, 219 N.W.2d 922, 924-25 (Minn. 1974). (Contrary to Plaintiffs' understanding, Doc. 335 at 25, *Midland* did not limit the reliance rule to cases alleging observable defects, but rather held categorically that reliance is required and pointed to observable defects merely as an example of a situation where the requirement would not be met.) In setting forth the elements of a warranty claim in *Peterson v. Bendix Home Systems, Inc.*, 318 N.W.2d 50, 52-53 (Minn. 1982), however, the court did not mention reliance or cite *Midland* or *Alley*. The plaintiff in *Lyon Financial Services, Inc. v. Illinois Paper & Copier Co.*, 848 N.W.2d 539 (Minn. 2014), brought that discrepancy to the Minnesota Supreme Court's attention, arguing that *Peterson* had implicitly overruled *Midland* and *Alley*, but the court did not reach that issue. *See id*. at 544 n.6.

Federal courts are bound by state supreme court decisions interpreting state law. *See Wash. State Dep't of Licensing v. Cougar Den, Inc.*, 139 S. Ct. 1000, 1010 (2019); *Trytko v.*

20

*Hubbell, Inc.*, 28 F.3d 715, 719 (7th Cir. 1994). *Midland* directly addressed the issue at hand, holding that reliance is a required element of a Minnesota warranty claim; *Peterson* did not expressly overrule *Midland* or explicitly hold that reliance was not required; and *Lyon Financial* did not resolve whether *Midland* remains good law. Therefore, despite the uncertainty created by *Peterson*, the court will follow the Minnesota Supreme Court's only explicit pronouncement on the issue (in *Midland*) and hold that Plaintiffs must show reliance to succeed on an express or implied warranty claim. *See Hendricks v. Callahan*, 972 F.2d 190, 194 (8th Cir. 1992) (following *Midland*'s reliance rule, in part, "because the Minnesota Supreme Court has not expressly overruled *Midland*"); *Residential Funding Co. v. Americash*, 2014 WL 3577312, at *2 n.3 (D. Minn. July 21, 2014) (same, given the Minnesota Supreme Court's decision not to resolve the issue in *Lyon Financial*). Although Plaintiffs are correct that at least one unpublished, non-precedential Minnesota intermediate court decision went the other way, *see Krause v. City of Elk River*, 2015 WL 3823093, at *3 & n.2 (Minn. App. June 22, 2015), intermediate state court opinions countermanding state supreme court decisions do not relieve federal courts of their obligation to follow state supreme court decisions. *See Luna v. United States*, 454 F.3d 631, 636 (7th Cir. 2006) (holding that the district court erred in failing to follow a state supreme court decision and instead adhering to later intermediate appellate court decisions suggesting that the supreme court case was wrongly decided). Accordingly, because Plaintiffs have not alleged that they relied on the ingredient labels' Anticaking representations, Kraft is entitled to judgment on the Minnesota express and implied warranty claims.

Finally, Kraft argues that California requires express warranty plaintiffs to plead reliance. As in Minnesota, the issue is unsettled in California. Pre-U.C.C. California Supreme Court decisions held that express warranty plaintiffs must plead and prove reliance. *See, e.g., Burr v.*

21

*Sherwin Williams Co.*, 268 P.2d 1041, 1048-49 (Cal. 1954) (holding that reliance is required absent privity); *Grinnell v. Charles Pfizer & Co.*, 79 Cal. Rptr. 369, 378 (Cal. App. 1969) (holding that reliance is an "essential ingredient[ ]" of any express warranty claim). But the court later recognized in *Hauter v. Zogarts*, 534 P.2d 377 (Cal. 1975) (en banc), that the U.C.C.'s adoption in California worked "a significant change in the law of warranties" by replacing the traditional reliance element with a requirement that the challenged representation form the "basis of the bargain." *Id.* at 383 (citing *Grinnell*). Specifically, *Hauter* held that this basis-of-the-bargain requirement either "shift[ed] the burden of proving non-reliance to the seller" or "eliminat[ed] the concept of reliance altogether." *Id.* at 384. *Hauter* found support for each of those competing views in the U.C.C. commentary and scholarly work on the subject, and ultimately declined to decide between them. *Ibid.* (citing Cal. Com. Code § 2313 cmt. nn.3-4).

No consensus on that question has emerged since *Hauter*. Most decisions hold that the basis-of-the-bargain requirement has one of three effects: (1) eliminating the reliance requirement, *see*, *e.g.*, *Weinstat v. Dentsply Internat., Inc.*, 103 Cal. Rptr. 3d 614, 626-29 (Cal. App. 2010); *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 513 (6th Cir. 2015); *In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888, 915-16 (N.D. Cal. 2018); *Karim v. Hewlett-Packard Co.*, 311 F.R.D. 568, 574-75 (N.D. Cal. 2015); (2) keeping the reliance requirement, but shifting the burden to the defendant to show that the "bargain d[id] not rest at all on the representation," *Keith v. Buchanan*, 220 Cal. Rptr. 392, 398 (Cal. App. 1985); *see also*, *e.g.*, *Davis v. Louisiana-Pac. Corp.*, 2008 WL 2030495, at *12 (Cal. App. May 13, 2008); *Ibrahim v. Ford Motor Co.*, 214 Cal. App. 3d 878, 890 (1989); *Wilson v. Metals, USA, Inc.*, 2017 WL 2972608, at *13 (E.D. Cal. July 12, 2017); *Karim v. Hewlett-Packard Co.*, 2014 WL 555934, at *6 (N.D. Cal. Feb. 10, 2014); or (3) changing the role of reliance where the parties are in privity, but maintaining the

reliance requirement where the parties are not in privity, *see Hardage Hotels X, LLC v. First Co.*,
2010 WL 1512138, at \*9 (Cal. App. Apr. 16, 2010); *Wiley v. Yihua Int'l Grp.*, 2009 WL
3720903, at \*6 (Cal. App. Nov. 9, 2009); *Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 546
(C.D. Cal. 2012); *Coleman v. Bos. Sci. Corp.*, 2011 WL 3813173, at \*4 (E.D. Cal. Aug. 29,
2011).

Two considerations persuade the court that the California Supreme Court likely would
not adopt the first approach and eliminate the reliance requirement altogether, but instead would
adopt the second or third approaches and merely modify the requirement. First, the second and
third approaches have greater purchase with California Courts of Appeal. This court has not
identified, and the parties have not cited, any California Court of Appeal case other than
*Weinstat* to have eliminated the reliance requirement altogether, while multiple California Court
of Appeal decisions have adopted either the second or third approaches. Second, as noted,
reliance and privity played important roles in the California Supreme Court's pre-U.C.C
jurisprudence, suggesting that, if asked to choose between two defensible approaches that are
equally consistent with the U.C.C. commentary, the state supreme court would preserve at least
some role for reliance. *See Sutula-Johnson v. Office Depot, Inc.*, 893 F.3d 967, 971 (7th Cir.
2018) ("Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), our role is to decide
questions of state law as we predict the [state] [s]upreme [c]ourt would decide them.");
*Hendricks v. Novae Corp. Underwriting*, 868 F.3d 542, 547 (7th Cir. 2017) ("When a state
supreme court has not squarely addressed a question, our task is to predict what the state's
highest court would do if presented with the same issue.") (internal quotation marks omitted).
As an additional consideration, even if the three theories' likelihood of adoption were in
equipoise, this court would follow the Seventh Circuit's instruction to favor a "narrower

interpretation [of state law] which restricts liability"—here, one of the two approaches that preserves some role for reliance—over a "more expansive interpretation which creates substantially more liability"—here, the approach that eliminates the reliance requirement altogether. *Home Valu, Inc. v. Pep Boys*, 213 F.3d 960, 963 (7th Cir. 2000); *see also Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 635-36 (7th Cir. 2007) (same); *S. Ill. Riverboat Casino Cruises, Inc. v. Triangle Insulation & Sheet Metal Co.*, 302 F.3d 667, 676 (7th Cir. 2002) (same).

Having determined that the California Supreme Court would not adopt the first approach, the court need not decide between the second and third approaches because Kraft would prevail under either—Plaintiffs are not in privity with Kraft, and the Kraft amended complaint necessarily shows that Plaintiffs did not rely on the Anticaking representation prior to purchase. Kraft therefore is entitled to judgment on the California express warranty claims.

Kraft argues that it is also entitled to judgment on the California implied warranty claims because implied warranty claims based on a product's failure to "conform to the promises or affirmations of fact" on the label rise or fall with express warranty claims based on the same representation. Doc. 316 at 17 n.5 (quoting *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1106 (N.D. Cal. 2017), and *Hendricks v. StarKist Co.*, 30 F. Supp. 3d 917, 933 (N.D. Cal. 2014)); Doc. 338 at 17 (same). Plaintiffs do not respond to that argument, thereby forfeiting the issue and the California implied warranty claims. *See Lee v. Ne. Illinois Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1054 (7th Cir. 2019) ("[The forfeiture] rule applies when a party fails to develop arguments related to a discrete issue or when a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss."); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("We apply [the forfeiture] rule … where a litigant

effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss.").

Accordingly, Kraft is entitled to judgment on the California, Florida, and Minnesota express warranty claims and the California, Minnesota, and Connecticut implied warrant claims.

## IV.    Unjust Enrichment Claims

Albertsons/SuperValu and Kraft move for judgment on all remaining unjust enrichment claims against them.

Kraft contends that the Illinois unjust enrichment claims fail because Plaintiffs do not sufficiently allege that they suffered a detriment or that there was a "connection between the detriment and the defendant's retention of the benefit." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 518-19 (7th Cir. 2011). (Kraft relies on *Cleary* for judgment on Plaintiffs' unjust enrichment claims under New York, Connecticut, Minnesota, Florida, California, Alabama, and Michigan law, Doc. 316 at 18-19, but *Cleary* interpreted Illinois law, and Kraft makes no argument and cites no authority to support the proposition that *Cleary* reflects the law of any other State.  Accordingly, any such argument is forfeited.  *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court."); *Alioto*, 651 F.3d at 721 ("We apply [the forfeiture] rule where a party fails to develop arguments related to a discrete issue … .").)  In *Cleary*, a class of Illinois cigarette purchasers to whom the health risks of cigarettes were not adequately disclosed argued that they could prevail on an unjust enrichment claim against the cigarette manufacturer without proving "deception, causation, or actual harm with regard to individual members of the plaintiff class." *Cleary*, 656 F.3d at 518.  The Seventh Circuit disagreed, holding that "the mere violation of a consumer's legal right to know about a product's

risks … cannot support a claim that the manufacturer unjustly retained the revenue from the product's sale to the consumer's detriment." *Id*. at 519. As the Seventh Circuit explained, a plaintiff must show a "greater connection" between the unjust enrichment and the detriment to the plaintiff—for example, that "the revenue was obtained in a manner that caused injury to the plaintiffs, or … by deceiving the plaintiffs, or … by an inadvertent misrepresentation relied upon by the plaintiffs." *Id*. at 519-20.

Plaintiffs maintain that they have shown the requisite connection by alleging that they suffered damages as a result of the Anticaking representation. Doc. 335 at 27-28. The only damages that can be inferred from the Kraft amended complaint are the kinds of damages that support Plaintiffs' standing, namely, the generalized effect of the Anticaking representation on the Kraft product's purchase price. But *Cleary* held that that a consumer cannot make out an unjust enrichment claim merely by alleging that the defendant withheld information about a product's undesirable qualities, even though disclosure of such information would have affected overall consumer behavior in such a way as to drive down the price for every consumer. *See Cleary*, 656 F.3d at 518-20 (holding that the plaintiffs did not state an unjust enrichment claim where they alleged that the defendants had not adequately disclosed cigarettes' health hazards and that the omission was "to plaintiffs' detriment"). It follows that a plaintiff cannot establish the requisite connection between her detriment and the defendant's alleged unjust enrichment by showing that the defendant's representations or omissions affected the price that all consumers paid. Accordingly, Kraft is entitled to judgment on the Illinois unjust enrichment claims against it; the same holds for the materially identical Illinois unjust enrichment claims against Albertsons/SuperValu.

SuperValu argues that the Alabama unjust enrichment claims fail because: (1) unjust enrichment under Alabama law "sounds in the nature of quasi-contract," (2) courts generally do not find implied contracts, including quasi-contracts, where the parties have entered into an express contract concerning the same subject matter, (3) the allegations supporting Plaintiffs' express warranty claim show that the parties entered into an express contract based on the Anticaking representations, and therefore, (4) Plaintiffs cannot maintain an unjust enrichment cause of action based on an implied quasi-contract. Doc. 311 at 18-19 (citing *White v. Microsoft Corp.*, 454 F. Supp. 2d 1118, 1132 (S.D. Ala. 2006) (collecting cases)). That argument fails to persuade. Although Plaintiffs cannot recover for unjust enrichment if an express contract covers the same subject matter, they still may pursue express warranty claims and unjust enrichment claims in the alternative so long as a factfinder could plausibly determine that no express contract existed. *See* Fed. R. Civ. P. 8(d)(2); *Kennedy v. Polar-BEK & Baker Wildwood P'ship*, 682 So. 2d 443, 447 (Ala. 1996) (holding that "the existence of an express contract … [is] a question of fact" and that a court "may recognize an implied contract where the existence of an express contract on the same subject matter is not proven"). SuperValu has not even attempted to establish that an express contract indisputably existed here, and thus it has not shown that Plaintiffs are precluded from pleading unjust enrichment in the alternative.

SuperValu retorts that if the court grants its motion for summary judgment as to the Alabama express warranty claims—which, for the reasons given above, the court has done—then the court must also find that there was an express warranty in the first place. Doc. 338 at 10-11. That is incorrect. SuperValu is entitled to judgment on the Alabama express warranty claim because *even if* the Anticaking representation created an express warranty under Alabama law, Plaintiffs *still* could not recover because they did not provide SuperValu with adequate pre-suit

notice. In so holding, the court did not reach the question whether the Anticaking representation in fact created an express warranty, and SuperValu has not provided any argument or cited any case law showing that it did, thereby forfeiting the issue. *See G & S Holdings*, 697 F.3d at 538; *Alioto*, 651 F.3d at 721. Accordingly, SuperValu is not entitled to judgment on the Alabama unjust enrichment claims.

In sum, Plaintiffs' Illinois unjust enrichment claims against Albertsons/SuperValu and Kraft are dismissed, but their remaining unjust enrichment claims can proceed.

### Conclusion

Plaintiffs' motion for leave to file second amended complaints against Publix and Target/ICCO is denied. The claims against Publix and Target/ICCO remain dismissed.

As to Kraft, Plaintiffs' CUTPA, ICFA, and MCPA claims; their California, Florida, and Minnesota express warranty claims; their California, Connecticut, and Minnesota implied warranty claims; and their Illinois unjust enrichment claims are dismissed. Plaintiffs' New York, Connecticut, Minnesota, Florida, California, Alabama, and Michigan unjust enrichment claims against Kraft may proceed, along with their Alabama express warranty claims and Michigan implied warranty claims (neither of which were addressed in Kraft's Rule 12(c) motion).

As to Albertsons/SuperValu, Plaintiffs' ICFA claims; their Illinois and Alabama express warranty claims; their Illinois implied warranty claims; and their Illinois unjust enrichment claim are dismissed. Plaintiffs' Alabama unjust enrichment claim against SuperValu may proceed. As there are no remaining claims against Albertsons, it is dismissed as a defendant.

The dismissed claims against Publix, Target/ICCO, Kraft, and Albertsons/SuperValu are dismissed with prejudice. Plaintiffs were on notice of the reliance and causation issues that resulted in the dismissals at least since the court issued its more recent opinion. They have not

proposed, in either their motion for leave to amend or their responses to Kraft's and Albertsons/SuperValu's present motions, a way to amend their complaint to sufficiently allege reliance or causation. Moreover, Plaintiffs have from the beginning of this litigation known what information they saw and relied upon at the time they purchased Defendants' products. Permitting them to amend those allegations at this late stage, following three protracted and resource-intensive rounds of briefing, would prejudice Defendants and waste judicial resources. *See Thompson*, 300 F.3d at 759 (holding that defendants are prejudiced when they are forced to respond to new allegations that could have been raised earlier in the litigation).

July 16, 2019

_____
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.3.1**
**Eastern Division**

In Re: 100% Grated Parmesan Cheese Marketing and
Sales Practices Litigation, et al.

                                                    Plaintiff,

v.
                                                    Case No.:
                                                    1:16−cv−05802
                                                    Honorable Gary
                                                    Feinerman

Albertson Companies, Inc, et al.

                                                    Defendant.


## NOTIFICATION OF DOCKET ENTRY


This docket entry was made by the Clerk on Monday, August 26, 2019:

      MINUTE entry before the Honorable Gary Feinerman:At the parties' request [379] and with the court's agreement, final judgment under Civil Rule 54(b) is entered as to the "100% claims" in the consolidated amended class action complaints [225] [227] [ 228] [229]. See 11/1/2018 order and opinion [296][297] (dismissing the "100% claims" of all Plaintiffs against all Defendants). Given the Civil Rule 58 judgments entered in three MDL cases (16 C 6172, 16 C 11272, 16 C 11273), the court certifies that there is no just reason for delaying the entry of final judgment in the remaining MDL cases on the "100% claims." See Gelboim v. Bank of Am. Corp., 135 S. Ct. 897, 906 (2015) ("District courts may grant certifications under... Rule [54(b)], thereby enabling plaintiffs in actions that have not been dismissed in their entirety to pursue immediate appellate review."); FedEx Ground Package Sys., Inc. v. U.S. JPML, 662 F.3d 887, 890 (7th Cir. 2011) (noting the "obvious advantages" of this approach). There is no need for a separate certification under 28 U.S.C. 1292(b). Also at the parties' request [379] and with the court's agreement [379], all remaining claims in this MDL are stayed pending resolution of the forthcoming appeals.Mailed notice.(jlj, )


**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

APPEAL,MDL 2705,PROTO,ROWLAND

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6.3.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:16-cv-05802
## Internal Use Only

In Re: 100% Grated Parmesan Cheese Marketing and Sales Practices Litigation

Assigned to: Honorable Gary Feinerman

Member cases:

Date Filed: 06/02/2016

Jury Demand: Defendant

Nature of Suit: 890 Other Statutory Actions

Jurisdiction: Federal Question

- 1:16-cv-02626
- 1:16-cv-02687
- 1:16-cv-05816
- 1:16-cv-05808
- 1:16-cv-05813
- 1:16-cv-05814
- 1:16-cv-05805
- 1:16-cv-05812
- 1:16-cv-05804
- 1:16-cv-05817
- 1:16-cv-05818
- 1:16-cv-05820
- 1:16-cv-06174
- 1:16-cv-06160
- 1:16-cv-06161
- 1:16-cv-06179
- 1:16-cv-06172
- 1:16-cv-06170
- 1:16-cv-06171
- 1:16-cv-06181
- 1:16-cv-06165
- 1:16-cv-06166
- 1:16-cv-06182
- 1:16-cv-06168
- 1:16-cv-06177
- 1:16-cv-06178
- 1:16-cv-06175
- 1:16-cv-06176
- 1:16-cv-06183

1:16-cv-06173
1:16-cv-06162
1:16-cv-06169
1:16-cv-05810
1:16-cv-06158
1:16-cv-06159
1:16-cv-06163
1:16-cv-06668
1:16-cv-05807
1:16-cv-05806
1:16-cv-05811
1:16-cv-06164
1:16-cv-03306
1:16-cv-02873
1:16-cv-05265
1:16-cv-03016
1:16-cv-02971
1:16-cv-04667
1:16-cv-03987
1:16-cv-09447
1:16-cv-11269
1:16-cv-11272
1:16-cv-11273
1:17-cv-00949

Case in other court:  19-02581
Cause: 28:1331 Federal Question

**In Re**

**In Re: 100% Grated Parmesan Cheese
Marketing and Sales Practices Litigation**

**Plaintiff**

**Rosemary Quinn**                                    represented by  **Ben Barnow**
                                                                     Barnow and Associates, P.C.
                                                                     205 West Randolph
                                                                     Suite 1630
                                                                     Chicago, IL 60606
                                                                     (312) 621-2000
                                                                     Email: b.barnow@barnowlaw.com
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

**Todd Seth Garber**
Finkelstein Blankinship, Frei- Pearson &
Garber, LLP
445 Hamilton Ave, Suite 605
White Plains, NY 10601
914-298-3283
Email: tgarber@fbfglaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Alfonso Fata**      represented by   **Ben Barnow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd Seth Garber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Alan Ducorsky**      represented by   **Ben Barnow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd Seth Garber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kristie Perkins**      represented by   **Phillip Timothy Howard**
Howard & Associates
2120 Killarney Way
Suite 125
Tallahassee, FL 32309
850-298-4455
Email: tim@howardjustice.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Chrissy Sellers**      represented by   **Phillip Timothy Howard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kiara Cruz**      represented by   **Alexander Jan-Yura Korolinsky**
16640 sw 145 ave

Miami, FL 33177
3059057406
Email: korolinsky@outlook.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Melissa Leigh Randolph**                    represented by    **Grey Tesh**
515 N. Flagler Drive
Suite P300
West Palm Beach, FL 33401
561-600-4166
Email: gt@greytesh.com
*ATTORNEY TO BE NOTICED*

**William Charles Wright**
William C. Wright Law Offices
319 Clematis St.
West Palm Beach, FL 33401
561-514-0904
Email: willwright@wrightlawoffice.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Jones**                    represented by    **Gary F. Lynch**
Carlson Lynch Sweet & Kilpela, LLP
1133 Penn Avenue
5th Floor
Pittsburgh, PA 15222
(412)-322-9243
Email: glynch@carlsonlynch.com
*ATTORNEY TO BE NOTICED*

**John J Driscoll**
The Driscoll Firm
211 N. Broadway
40th Floor
St. Louis, MO 63102
(314) 932-3232
Email: john@thedriscollfirm.com
*ATTORNEY TO BE NOTICED*

**Philip Sholtz**
Goldberg Segalla
8000 Maryland Ave.
Suite 640
St. Louis, MO 63105
314-446-3375

Email: psholtz@goldbergsegalla.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Chauncy Ellison**                    represented by **Gary F. Lynch**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

                                       **John J Driscoll**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

                                       **Philip Sholtz**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Alyson Davies**                      represented by **John J Driscoll**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

                                       **Philip Sholtz**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

                                       **Richard W. Schulte**
                                       Wright & Schulte, LLC
                                       865 S. Dixie Dr.
                                       Vandalia, OH 45377
                                       (937) 435-7500
                                       Email: rschulte@yourlegalhelp.com
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Debra Lee**                          represented by **John J Driscoll**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

                                       **Philip Sholtz**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

                                       **Richard W. Schulte**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Kenneth Manfredi** | represented by | **Fletcher V Trammell** |
| | | Laminack, Pirtle & Martines |
| | | 5020 Montrose Blvd. |
| | | 9th Floor |
| | | Houston, TX 77006 |
| | | 713-292-2750 |
| | | Email: info@trammellpc.com |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |

**John J Driscoll**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Sholtz**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Michael Campana**          represented by     **Adam R. Gonnelli**
The Sultzer Law Group PC
280 Highway 35
Suite 304
Red Bank, NJ 07701
(732) 741-4290
Email: gonnellia@thesultzerlawgroup.com
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Charlene Agles**          represented by     **Alexander M Smith**
Jenner and Block LLP
633 West Fifth Street Suite 3600
Los Angeles, CA 90071
213-239-5100
Email: asmith@jenner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ean M Schreiber**
Schreiber and Schreiber Inc
16633 Ventura Boulevard Suite 711
Encino, CA 91436
818-789-2577
Email: ean@schreiberlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edwin C Schreiber**

Schreiber and Schreiber Inc

16633 Ventura Boulevard Suite 711

Encino, CA 91436

818-789-2577

Email: ed@schreiberlawfirm.com

*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Eric A Schreiber**

Schreiber and Schreiber Inc

16633 Ventura Boulevard Suite 711

Encino, CA 91436

818-789-2577

Email: eric@schreiberlawfirm.com

*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Peggy J Reali**

The Markham Law Firm

750 B Street Suite 1950

San Diego, CA 92101

619-399-3995

Email: preali@markham-law.com

*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Quentin Alexandre Roberts**

Finkelstein Thompson LLP

1 California Street

Suite 900

San Francisco, CA 94111

(415) 398-8700

Email: qroberts@zlk.com

*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Thomas J. O'Reardon , II**

Blood Hurst & O'Reardon LLP

501 West Broadway, Suite 1490

San Diego, CA 92101

619-338-1100

Email: toreardon@bholaw.com

*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Timothy Gordon Blood**

Blood Hurst & O'reardon, Llp
501 West Broadway, Suite 1490
San Diego, CA 92101
(619) 338-1100
Email: tblood@bholaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter L Haines**
United Employees Law Group PC
5500 Bolsa Avenue Suite 201
Huntington Beach, CA 92649
310-234-5678
Email: walter@whaines.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gordon Morris Fauth , Jr.**
Finkelstein Thompson LLP
1935 Addison Street Suite A
Berkeley, CA 94704
(510) 233-8961
Email: gfauth@finkelsteinthompson.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rosanne Mah**
Levi & Korsinsky, LLP
44 Montgomery Street, Suite 650
San Francisco, CA 94104
(415) 373-1671
Email: rmah@zlk.com
*ATTORNEY TO BE NOTICED*

**Rosemary M. Rivas**
Levi & Korsinsky, LLP
44 Montgomery Street
Suite 650
San Francisco, CA 94104
415-373-1671
Email: rrivas@zlk.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Andrew Matecki**             represented by   **John J Driscoll**
                                                (See above for address)
                                                *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Philip Sholtz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nancy Reeves**      represented by **Ben Barnow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sean Clinton Woods**
Audet & Partners, LLC
711 Van Ness Ave
Suite 500
San Francisco, CA 94102
415-568-2555
Email: cwoods@audetlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Andrew Mcshane**
Audet & Partners Llp
711 Van Ness Avenue
Suite 500
San Francisco, CA 94102
(415) 568-2555
Email: mmcshane@audetlaw.com
*ATTORNEY TO BE NOTICED*

**S. Clinton Woods**
Audet & Partners, LLP
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
(415) 568-2555
Email: cwoods@audetlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rhonda Lorenz**      represented by **Sean Clinton Woods**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Andrew Mcshane**

(See above for address)
*ATTORNEY TO BE NOTICED*

**S. Clinton Woods**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Wills**      represented by   **Ben Barnow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sean Clinton Woods**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Andrew Mcshane**
(See above for address)
*ATTORNEY TO BE NOTICED*

**S. Clinton Woods**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michelle Walker**      represented by   **Sean Clinton Woods**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Andrew Mcshane**
(See above for address)
*ATTORNEY TO BE NOTICED*

**S. Clinton Woods**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Greene**      represented by   **Brandon Stewart Morris**
The Morris Firm, PLLC
309 W. Gregory St.
Pensacola,, FL 32502
(850) 503-2626
Email: morris@mfirm.net

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John J Driscoll**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Sholtz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jose Brown**                    represented by **Brandon Stewart Morris**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *PRO HAC VICE*
                                              *ATTORNEY TO BE NOTICED*

                                              **John J Driscoll**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

                                              **Philip Sholtz**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Debra Jackson**                 represented by **Angela Beranek Brandt**
                                              Larson King, LLP
                                              30 E 7th St Ste 2800
                                              St Paul, MN 55101-4922
                                              651-312-6544
                                              Email: abrandt@larsonking.com
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

                                              **John J Driscoll**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

                                              **Philip Sholtz**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Hara**                    represented by  **Brant D. Penney**
                                                    Reinhardt Wendorf & Blanchfield
                                                    W-1050 First National Bank Bldg.
                                                    332 Minnesota Street
                                                    St. Paul, MN 55101
                                                    (651) 287-2100
                                                    Email: b.penney@rwblawfirm.com
                                                    *PRO HAC VICE*
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Andrea Hogan**                    represented by  **Brant D. Penney**
                                                    (See above for address)
                                                    *PRO HAC VICE*
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Larry Rollinger, Jr**             represented by  **Ben Barnow**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Brant D. Penney**
                                                    (See above for address)
                                                    *PRO HAC VICE*
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tara Franklin**                   represented by  **Richard J. Lantinberg**
                                                    The Wilner Firm, PA
                                                    2nd Floor
                                                    444 E Duval St
                                                    Jacksonville, FL 32202
                                                    904/446-9817
                                                    Email: Rlantinberg@wilnerfirm.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sheldon Spector**                 represented by  **Jayne Goldstein**
                                                    Shepherd Finkelman Miller & Shah
                                                    1625 N. Commerce Parkway
                                                    Suite 320
                                                    Ft.Lauderdale, FL 33326
                                                    (954) 903-3170
                                                    Email: jgoldstein@sfmslaw.com
                                                    *ATTORNEY TO BE NOTICED*

**Matthew L Tuccillo**
Pomerantz LLP
600 Third Ave
20th Floor
New York, NY 10017
(860) 493-6292
Email: mltuccillo@pomlaw.com
*TERMINATED: 09/26/2016*

**Patrick Vincent Dahlstrom**
Pomerantz LLP
Ten South La Salle Street, Suite 3505
Chicago, IL 60603
(312) 377-1181
Email: pdahlstrom@pomlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Janine Hechmer**                              represented by **Lori G. Feldman**
                                                Levi & Korsinsky LLP
                                                30 Broad Street, 24th Floor
                                                New York, NY 10004
                                                (212) 363-7500
                                                Email: lfeldman@zlk.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Andrea Clisura**
                                                Levi & Korsinsky LLP
                                                55 Broadway, 10th Floor
                                                New York, NY 10006
                                                (212) 363-7500
                                                Email: aclisura@zlk.com
                                                *TERMINATED: 03/22/2019*
                                                *PRO HAC VICE*

                                                **Carl V. Malmstrom**
                                                Wolf Haldenstein Adler Freeman & Herz
                                                LLC
                                                111 W. Jackson St.
                                                Suite 1700
                                                Chicago, IL 60604
                                                (312) 984-0000
                                                Email: malmstrom@whafh.com
                                                *ATTORNEY TO BE NOTICED*

**Courtney Maccarone**
Levi & Korsinsky, LLP
50 Broadway
10th Floor
New York, NY 10006
212-363-7500
Email: cmaccarone@zlk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Janine L Pollack**
The Sultzer Law Group, PC
351 W. 54th St.
Suite 1C
New York, NY 10019
(845) 483-7100
Email: pollackj@thesultzerlawgroup.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Theodore Beloyeannis Bell**
Ahern & Associates P.C.
8 South Michigan Ave., Ste. 3600
Chicago, IL 60603
7735803318
Email:
theo.bell@ahernandassociatespc.com
*TERMINATED: 11/13/2018*

**Plaintiff**

**Elizabeth Bidgood**           represented by  **Lori G. Feldman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrea Clisura**
(See above for address)
*TERMINATED: 03/22/2019*
*PRO HAC VICE*

**Carl V. Malmstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Courtney Maccarone**
(See above for address)
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Janine L Pollack**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Theodore Beloyeannis Bell**
(See above for address)
*TERMINATED: 11/13/2018*

**Plaintiff**

**Adam Weiss**                                  represented by **Ben Barnow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Patty Morelos**

**Plaintiff**

**Fiona Lynch**                                 represented by **Eugene Y. Turin**
Mcguire Law, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
(312) 893-7002
Email: eturin@mcgpc.com
*ATTORNEY TO BE NOTICED*

**Evan M Meyers**
McGuire Law, P.C.
55 W. Wacker Drive
9th Floor
Chicago, IL 60601
312 893 7002
Email: emeyers@mcgpc.com
*ATTORNEY TO BE NOTICED*

**John J Driscoll**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Sholtz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Yvette Ramona Knight Nash**                    represented by **Ben Barnow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erich Paul Schork**
Barnow and Associates, P.C.
205 West Randolph Street
Suite 1630
Chicago, IL 60606
(312) 621-2000
Email: e.schork@barnowlaw.com
*ATTORNEY TO BE NOTICED*

**Jeffrey Daniel Blake**
Barnow And Associates, P.C.
1630
205 West Randolph
Chicago, IL 60606
(312) 621-2000
Email: j.blake@barnowlaw.com
*ATTORNEY TO BE NOTICED*

**Rajesh Kanuru**
Kanuru Law Group, P.C.
105 W. Adams
Suite 2325
Chicago, IL 60603
3128559330
Email: rkanuru@kanurulaw.com

**Plaintiff**

**Ann Yankee**                    represented by **Ben Barnow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carol V Gilden**
Cohen Milstein Sellers & Toll PLLC
190 S. LaSalle Street
Suite 1705
Chicago, IL 60603
(312) 357-0370
Email: cgilden@cohenmilstein.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Courtney Maccarone**
Levi & Korsinsky, LLP
30 Broad Street
Suite 2400
New York, NY 10004
212-363-7500
Email: cmaccarone@zlk.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lori G. Feldman**
(See above for address)
*TERMINATED: 05/30/2017*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Andrea Clisura**
(See above for address)
*TERMINATED: 03/22/2019*
*PRO HAC VICE*

**Plaintiff**

**Karen Ford**     represented by **Ben Barnow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles E. Schaffer**
Levin Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106
(215) 592-1500
Email: cschaffer@lfsblaw.com
*ATTORNEY TO BE NOTICED*

**Michael Andrew Mcshane**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Lewis**     represented by **Michael Andrew Mcshane**
(See above for address)
*ATTORNEY TO BE NOTICED*

**S. Clinton Woods**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Samantha Lewin**    represented by **Ben Barnow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yeremey Olegovich Krivoshey**
Bursor & Fisher, P.A.
1990 North California Blvd, Suite 940
Walnut Creek, CA 94596
(925) 300-4455
Email: ykrivoshey@bursor.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**George Brahler**    represented by **Cari C Laufenberg**
Keller Rohrback Llp
1201 3rd Avenue
Suite 3200
Seattle, WA 98101
(206) 623-1900
Email: claufenberg@kellerrohrback.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tana Lin**
Keller Rohrback Law Offices LLP
1201 Third Avenue
Suite 3200
Seattle, WA 98101
(206) 623.1900
Email: tlin@kellerrohrback.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Marc Moschetta**    represented by **Jason P. Sultzer**
The Sultzer Law Group
85 Civic Center Plaza Suite 104
Poughkeepsie, NY 12601
(774) 705-7747
Email: sultzerj@thesultzerlawgroup.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert Demario**
     represented by **Jason P. Sultzer**
     (See above for address)
     *LEAD ATTORNEY*
     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Camilla DeMario**
     represented by **Jason P. Sultzer**
     (See above for address)
     *LEAD ATTORNEY*
     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Veronica Sutton**
     represented by **Jason P. Sultzer**
     (See above for address)
     *LEAD ATTORNEY*
     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sheila Garland**
     represented by **Jason P. Sultzer**
     (See above for address)
     *LEAD ATTORNEY*
     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nena Simon**
     represented by **Jason P. Sultzer**
     (See above for address)
     *LEAD ATTORNEY*
     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Britney Cooper**
     represented by **Jason P. Sultzer**
     (See above for address)
     *LEAD ATTORNEY*
     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nevina Saitta**
     represented by **Jason P. Sultzer**
     (See above for address)
     *LEAD ATTORNEY*
     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joseph Landara**                          represented by **Jason P. Sultzer**
                                            (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Renita Myers**                            represented by **Jason P. Sultzer**
                                            (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Larry Tucker**                            represented by **Jason P. Sultzer**
                                            (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jeffrey Dowdy**                           represented by **Jason P. Sultzer**
                                            (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Phyliss Lynn**                            represented by **Jason P. Sultzer**
                                            (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jenelle Craggette**                       represented by **Jason P. Sultzer**
                                            (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jason Martin**                            represented by **Jason P. Sultzer**
                                            (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Russell Levy**                            represented by **Jason P. Sultzer**
                                            (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Efrain Ruiz**                    represented by **Jason P. Sultzer**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Carl Nitz**                      represented by **Jason P. Sultzer**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Derrick Sims**                   represented by **Jason P. Sultzer**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ronald Saitta**                  represented by **Jason P. Sultzer**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Catherine Higens**               represented by **Christopher Phillip Taylor Tourek**
                                                Cafferty Clobes Meriwether & Sprengel,
                                                LLP
                                                150 S. Wacker
                                                Suite 3000
                                                Chicago, IL 60602
                                                (312) 782-4880
                                                Email: ctourek@caffertyclobes.com
                                                *TERMINATED: 12/13/2016*
                                                *ATTORNEY TO BE NOTICED*

                                                **David Max Oppenheim**
                                                Bock, Hatch, Lewis and Oppenheim, LLC
                                                134 N. LaSalle St.
                                                Suite 1000
                                                Chicago, IL 60602
                                                (312) 658-5500
                                                Email: david@classlawyers.com
                                                *ATTORNEY TO BE NOTICED*

                                                **James Michael Smith**
                                                Doherty Smith

105 W. Madison Street
Suite 1500
Chicago, IL 60602
866-825-6787
Email: jsmith@dohertysmith.com
*ATTORNEY TO BE NOTICED*

**Julia Lynn Mohan**
Roetzel & Andress LPA
30 N Lasalle Street
Suite 2800
Chicago, IL 60602
(312) 580-1200
Email: jmohan@ralaw.com
*TERMINATED: 07/13/2017*

**Phillip A. Bock**
Bock Law Firm, LLC dba Bock, Hatch,
Lewis & Oppenheim, LLC
134 N. La Salle St.
Suite 1000
Chicago, IL 60602
(312) 658-5500
Email: phil@classlawyers.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ryan Schmidt**                    represented by **Christopher Phillip Taylor Tourek**
(See above for address)
*TERMINATED: 12/13/2016*
*ATTORNEY TO BE NOTICED*

**David Max Oppenheim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Michael Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lynn Mohan**
(See above for address)
*TERMINATED: 07/13/2017*

**Phillip A. Bock**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Yvonne Averhart**                          represented by   **James Patrick Batson**
                                                             Langone, Batson & Lavery LLC
                                                             17 N. Wabash
                                                             Suite 500
                                                             Chicago, IL 60604
                                                             (312) 720-9191
                                                             Email: jbatson@langonebatson.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Mark T. Lavery**
                                                             UpRight Law LLC
                                                             79 W. Monroe
                                                             Tenth Floor
                                                             Chicago, IL 60603
                                                             312-792-9533
                                                             Email: mlavery@uprightlaw.com
                                                             *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Charles Bundy**

**Plaintiff**

**Cindy Bustamante**

**Plaintiff**

**Rita Schmoll**                             represented by   **Ben Barnow**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Barbara Reinbott**

**Plaintiff**

**Becky Sikes**                              represented by   **Ben Barnow**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Richard Evans**

**Plaintiff**

**Taniesha Harwell**

**Plaintiff**

**Dallas Moreno**

**Plaintiff**

**Beverly Schulze**

**Plaintiff**

**Rodney Zachary**                    represented by   **Ben Barnow**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dan Lang**                          represented by   **Ben Barnow**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Kristofer S. Riddle**
                                                       Clifford Law Offices, P.c.
                                                       120 N. Lasalle Street
                                                       Suite 3100
                                                       Chicago, IL 60602
                                                       (312) 899-9090
                                                       Email: ksr@cliffordlaw.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Robert A. Clifford**
                                                       Clifford Law Offices, P.C.
                                                       120 North LaSalle Street
                                                       31st Floor
                                                       Chicago, IL 60602
                                                       (312) 899-9090
                                                       Email: rac@cliffordlaw.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Shannon Marie McNulty**
                                                       Clifford Law Offices
                                                       120 North LaSalle Street
                                                       Suite 3100
                                                       Chicago, IL 60602
                                                       (312)899-9090
                                                       Email: smm@cliffordlaw.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Thomas A. Zimmerman , Jr.**
Zimmerman Law Offices, P.C.
77 West Washington Street
Suite 1220
Chicago, IL 60602
(312) 440-0020
Email: tom@attorneyzim.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maebetty Kirby**
Zimmerman Law Offices, P.c.
77 W. Washington Street
1220
Chicago, IL 60602
(312) 440-0020
Email: maebetty@attorneyzim.com
*TERMINATED: 06/12/2018*

**Nickolas J. Hagman**
Zimmerman Law Offices, P.C.
77 W. Washington St.
Suite 1220
Chicago, IL 60602
(312) 440-0020
Email: nick@attorneyzim.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jeanette Costoso**                    represented by  **Jason T. Brown**
Brown, LLC
500 North Michigan Ave.
Suite 600
Chicago, IL 60611
(877) 561-0000
Email: jtb@jtblawgroup.com
*ATTORNEY TO BE NOTICED*

**Patrick S. Almonrode**
JTB Law Group LLC
155 Second St.
Suite 4
Jersey City, NJ 07302
(201) 630-0000
Email: patalmonrode@jtblawgroup.com
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ann Bell**                                              represented by  **Eduard Korsinsky**
   Levi & Korsinsky LLP
   30 Broad Street
   24th Floor
   New York, NY 10004
   (212)363-7500
   Email: ek@zlk.com
   *LEAD ATTORNEY*
   *ATTORNEY TO BE NOTICED*

   **Ben Barnow**
   (See above for address)
   *ATTORNEY TO BE NOTICED*

   **Courtney Maccarone**
   (See above for address)
   *PRO HAC VICE*
   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Eric Tamayo**                                          represented by  **Robert C Schubert**
   Schubert Jonckheer & Kolbe LLP
   Three Embarcadero Center
   Suite 1650
   San Francisco, CA 94111
   (415)788-4220
   Email: rschubert@schubertlawfirm.com
   *LEAD ATTORNEY*
   *ATTORNEY TO BE NOTICED*

   **Willem F. Jonckheer**
   Schubert Jonckheer & Kolbe Llp
   Three Embarcadero Center
   Suite 1650
   San Francisco, CA 94111
   (415) 788-4220
   Email: wjonckheer@schubertlawfirm.com
   *LEAD ATTORNEY*
   *PRO HAC VICE*
   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Erin Rudder**                                          represented by  **Richard J. Lantinberg**
   (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ben Barnow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Carmen Pellitteri**      represented by **Richard J. Lantinberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ben Barnow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Chmielewski**      represented by **Phillip Bock**
Bock, Hatch, Lewis & Oppenheim, LLC
134 N La Salle Street
Suite 1000
Chicago, IL 60602
312/658-5500
Email: phil@classlawyers.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Albertson Companies, Inc**      represented by **Colby Anne Kingsbury**
Faegre Baker Daniels LLP
311 S. Wacker Dr.
#4400
Chicago, IL 60606
(312)212-6573
Email: Colby.Kingsbury@FaegreBD.com
*TERMINATED: 08/04/2016*
*LEAD ATTORNEY*

**Gary Hansen**
Fox Rothschild LLP
222 South Ninth Street
Suite 2000 - Campbell Mithun Tower
Minneapolis, MN 55402
(612) 607-7000
Email: ghansen@foxrothschild.com

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Heidi A.O. Fisher**
Fox Rothschild LLP
222 South Ninth Street, Suite 2000
Minneapolis, MN 55402
(612) 607-7450
Email: hfisher@foxrothschild.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Samuel John Tunheim**
Fox Rothschild LLP
222 South Ninth Street, Suite 2000
Minneapolis, MN 55402
(612) 607-7245
Email: stunheim@foxrothschild.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph Edward Collins**
Fox Rothschild LLP
321 N. Clark Street, 16th Floor
Chicago, IL 60654
(312) 517-9227
Email: jcollins@foxrothschild.com
*ATTORNEY TO BE NOTICED*

**Kate E Middleton**
Faegre Baker Daniels LLP
311 S. Wacker Drive
Suite 4300
Chicago, IL 60606
(312) 212-6500
Email: kate.middleton@faegrebd.com
*TERMINATED: 08/04/2016*

**Robert J Rohrberger**
Fox Rothschild LLP
75 Eisenhower Parkway
Suite 200
Roseland, NJ 07068
(973) 994-7543

Email: rrohrberger@foxrothschild.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah L. Brew**
Faegre Baker Daniels LLP
90 S 7th St #2200
Minneapolis, MN 55402
612-766-7470
Email: sarah.brew@faegrebd.com
*TERMINATED: 08/04/2016*
*PRO HAC VICE*

**Defendant**

**Albertsons, LLC**                    represented by **Colby Anne Kingsbury**
(See above for address)
*TERMINATED: 08/04/2016*
*LEAD ATTORNEY*

**Gary Hansen**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Heidi A.O. Fisher**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Samuel John Tunheim**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph Edward Collins**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate E Middleton**
(See above for address)
*TERMINATED: 08/04/2016*

**Robert J Rohrberger**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah L. Brew**
(See above for address)
*TERMINATED: 08/04/2016*
*PRO HAC VICE*

**Defendant**

**Supervalu, Inc.**                     represented by **Colby Anne Kingsbury**
(See above for address)
*TERMINATED: 08/04/2016*
*LEAD ATTORNEY*

**Gary Hansen**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Heidi A.O. Fisher**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Samuel John Tunheim**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph Edward Collins**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate E Middleton**
(See above for address)
*TERMINATED: 08/04/2016*

**Robert J Rohrberger**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah L. Brew**
(See above for address)

*TERMINATED: 08/04/2016*
*PRO HAC VICE*

**Defendant**

**Wal-Mart Stores, Inc.**       represented by   **DAVID E. SELLINGER**
GREENBERG TRAURIG LLP
500 CAMPUS DR SUITE 400
FLORHAM PARK, NJ 07932
973-360-7920
Email: sellingerd@gtlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Eric Sellinger**
Greenberg Traurig, Llp
500 Campus Drive
Suite 400
Florham Park, NJ 07932
(973) 360-7925
Email: sellingerd@gtlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Francis A Citera**
Greenberg Traurig, LLP.
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
(312) 456-8400
Email: citeraf@gtlaw.com
*ATTORNEY TO BE NOTICED*

**John F. Gibbons**
Greenberg Traurig, LLP.
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
(312) 456-8400
Email: gibbonsj@gtlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kraft Heinz Company**       represented by   **Alexander M Smith**
(See above for address)
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dean Nicholas Panos**
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654
(312)222-9350
Email: dpanos@jenner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth Kiyul Lee**
Jenner & Block LLP
633 West 5th Street, Suite 3500
Los Angeles, CA 90071
(213) 239-5152
Email: klee@jenner.com
*TERMINATED: 05/31/2019*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Defendant**

**Target Corporation**                    represented by **Cynthia Lynn Polasko**
Bowie & Jensen LLC
Suite 400
210 West Pennsylvania Avenue
Towson, MD 21204
(410) 583-2400
Email: polasko@bowie-jensen.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua Glikin**
Bowie & Jensen, LLC
210 West Pennsylvania Ave
Suite 400
Towson, MD 21204
(410) 583-2400
Email: glikin@bowie-jensen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick Buckler**
Womble Carlyle Sandridge & Rice, LLP
100 Light Street

26th Floor
Baltimore, MD 21202
(410) 545-5826
Email: pbuckler@wcsr.com
*TERMINATED: 02/02/2017*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Eileen Marie Letts**
Zuber Lawler & Del Duca LLP
55 West Monroe
Suite 600
Chicago, IL 60603
(312) 346-1100
Email: eletts@zuberlaw.com
*ATTORNEY TO BE NOTICED*

**Joelle Marnie Shabat**
Swanson, Martin & Bell
330 North Wabash
Suite 3300
Chicago, IL 60611
(312) 346-1100
Email: jshabat@smbtrials.com
*TERMINATED: 08/02/2016*

**Martin Peter Greene**
Zuber Lawler & Del Duca LLP
55 West Monroe
Suite 600
Chicago, IL 60603
(312) 346-1100
Email: mgreene@zuberlaw.com
*ATTORNEY TO BE NOTICED*

**Matthew Anselm Sodaro Esworthy**
Bowie & Jensen, LLC
210 W. Pennsylvania Ave., Suite 400
Towson, MD 21111
(410) 583-2400
Email: esworthy@bowie-jensen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**ICCO-Cheese Company, Inc.**          represented by    **Cynthia Lynn Polasko**
                                                          (See above for address)

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua Glikin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick Buckler**
(See above for address)
*TERMINATED: 02/02/2017*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Matthew Anselm Sodaro Esworthy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Wal-Mart Stores East**

**Defendant**

**Publix Super Markets, Inc.**  represented by **Heidi A.O. Fisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ted C. Craig**
GrayRobinson, PA
Suite 3200
333 SE 2nd Ave
Miami, FL 33131
305-913-6780
Email: ted.craig@gray-robinson.com
*ATTORNEY TO BE NOTICED*

**Service List**  represented by **Angela Beranek Brandt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annick Marie Persinger**
Bursor & Fisher, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
(925) 300-4455

Email: apersinger@bursor.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brant D. Penney**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brian A Wood**
Lind Jensen Sullivan & Peterson, PA
901 Marquette Ave. S., Ste. 1300
Mpls, MN 55402
612-333-3637
Email: brian.wood@lindjensen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles E. Schaffer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher M. Hohn**
Thompson Coburn Llp
One Us Bank Plaza
Suite 2500
Saint Louis, MO 63101
(314) 552-6159
Email: chohn@thompsoncoburn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Craig B Sanders**
Sanders Law, PLLC
100 Garden City Plaza
Ste 500
Garden City, NY 11530
(516) 203-7600
Email: csanders@sanderslawpllc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**D. Aaron Rihn**
Peirce Law Offices
707 Grant St

2500 Gulf Tower
Pittsburgh, PA 15219
412-281-7229
Email: arihn@peircelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**David Michael Barshay**
Barshay Sanders PLLC
444 N. Michigan Ave.
Suite 1200
Chicago, IL 60611
(516)203-7600
Email: dbarshay@barshaysanders.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**David P Graham**
Dykema Gossett, PLLC
4000 Wells Fargo Center
90 South Seventh Street
Mpls, MN 55402
612-486-1521
Email: dgraham@dykema.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**David Pastor**
Pastor Law Office, LLP
63 Atlantic Avenue
3rd Floor
Boston, MA 02110
617-742-9700
Email: dpastor@pastorlawoffice.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Jan Paul Miller**
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6365
Email: jmiller@thompsoncoburn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Jason T. Brown**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason P. Sultzer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John J Driscoll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John S. Stapleton**
Hangley Aronchick Segal and Pudlin
One Logan Square
27th Floor
Philadelphia, PA 19103
215-496-7048
Email: jstapleton@hangley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Hale Claydon**
Greenberg Traurig, LLP
77 W. Wacker Drive
Suite 3100
Chicago, IL 60601
312 456 1022
Email: claydonj@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth Kiyul Lee**
(See above for address)
*TERMINATED: 05/31/2019*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Kristina Kaluza**
Dykema Gossett PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
612-486-1520
Email: kkaluza@dykema.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lawrence Timothy Fisher**
Bursor & Fisher, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
925-300-4455
Email: ltfisher@bursor.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lionel Z. Glancy**
Glancy Prongay & Murray LLP
1925 Century Park East
Suite 2100
Los Angeles, CA 90067-2722
310-201-9150
Email: info@glancylaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marc L Godino**
Glancy Prongay & Murray LLP
1925 Century Park East Suite 2100
Los Angeles, CA 90067
310-201-9150
Email: mgodino@glancylaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Reinhardt**
Reinhardt Wendorf & Blanchfield
W1050 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101
(651) 287-2100
Email: m.reinhardt@rwblawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew J. Preusch**
Keller Rohrback, LLP
1129 State Street, Suite 8
Santa Barbara, CA 93101
805-456-1496
Email: mpreusch@kellerrohrback.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Andrew Mcshane**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Patrick S. Almonrode**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paul Joseph Ferak**
Greenberg Traurig, LLP.
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
(312) 456-8400
Email: FerakP@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip Sholtz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Preston W. Leonard**
LEONARD LAW OFFICE, PC
63 Atlantic Avenue
3rd Floor
Boston, MA 02110
617-329-1295
Email: pleonard@theleonardlawoffice.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert H Bernstein**
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
(973) 360-7900
Email: bernsteinrob@gtlaw.com
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Roger L Scott**
Greenberg Traurig LLP
3161 Michelson Drive Suite 1000
Irvine, CA 92612
949-732-6500
Email: scottro@gtlaw.com
*LEAD ATTORNEY*

**Sean Clinton Woods**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tana Lin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd M Friedman**
Law Offices of Todd M. Friedman
21550 Oxnard St.
Suite 780
Woodland Hills, CA 91367
(877) 206-4741
Email: tfriedman@toddflaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd D. Muhlstock**
The Muhlstock Law Firm PC
100 Garden City Plaza
Garden City, NY 11530
516-203-7632
Email: Todd@MuhlstockLaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yeremey Olegovich Krivoshey**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Adam R. Gonnelli**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Brandon Stewart Morris**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Eric Sellinger**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dean Nicholas Panos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph Lipari**
The Sultzer Law Group
77 Water Street
8th Floor
New York, NY 10005
(646) 722-4266
Email: liparij@thesultzerlawgroup.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael W. Meredith , PHV**
Keller Rohrback, LLP
1201 3rd Avenue
Suite 3200
Seattle, WA 98101
2016-623-1900
Email: Michael.Meredith@klgates.com
*TERMINATED: 08/17/2018*
*PRO HAC VICE*

V.

**Amicus**

**Competitive Enterprise Institute Center for Class Action Fairness**    represented by **Anna St. John**
Competitive Enterprise Institute Center for Class Action Fai
12th Floor
1899 L St. NW
Washington, DC 20036
(917) 327-2392

Email: anna.stjohn@cei.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**M. Frank Bednarz**
Hamilton Lincoln Law Institute-Center for
Class Action
1145 E. Hyde Park Blvd
Apt. 3A
Chicago, IL 60615
801-706-2690
Email: frank.bednarz@hlli.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Select all / clear | Docket Text |
|---|---|---|---|
| 06/02/2016 | 1 | ☐ 123.21KB | TRANSFER Order of 6/2/2016 from MDL Panel establishing MDL 2705. Case No. 16cv5802 master docket. (mr, ) (Entered: 06/03/2016) |
| 06/03/2016 | 2 | ☐ 17.40KB | MAILED MDL Lead Case Established Letter to Counsel of Record. (mr, ) (Entered: 06/03/2016) |
| 06/06/2016 | 3 | ☐ 149.58KB | MOTION by Service List for extension of time to file answer regarding other 1 /*Defendant Wal-Mart Stores, Inc. Unopposed Motion for Extension of Time to Answer or Otherwise Plead (Southern District of Illinois Case No.: 3:16-CV-208-SMY-SCW)* (Claydon, Jonathan) (Entered: 06/06/2016) |
| 06/06/2016 | 4 | ☐ 131.99KB | *Unopposed* NOTICE of Motion by Jonathan Hale Claydon for presentment of motion for extension of time to file answer,, motion for relief, 3 before Honorable Gary Feinerman on 6/14/2016 at 09:00 AM. (Claydon, Jonathan) (Entered: 06/06/2016) |
| 06/07/2016 | 5 | ☐ 4.40KB | MINUTE entry before the Honorable Gary Feinerman:Motion for extension of time to answer 3 is granted. The deadline for Defendant Wal-Mart Stores to answer or otherwise plead to the complaint in the Shulze Action is vacated and will be re-set at the initial status hearing. Motion hearing set for 6/14/2016 4 is stricken.Mailed notice. (jlj, ) (Entered: 06/07/2016) |
| 06/13/2016 | 6 | ☐ 396.83KB | CONDITIONAL TRANSFER ORDER (CTO-1) from the Judicial Panel on Multidistrict Litigation, transferring cases to become part of MDL 2705. (mr, ) (Entered: 06/14/2016) |
| 06/24/2016 | 7 | ☐ 4.31KB | MINUTE entry before the Honorable Gary Feinerman: Status hearing set for 7/20/2016 at 10:30 a.m. Case Management Order No. 1 to follow shortly. Mailed notice. (jlj, ) (Entered: 06/24/2016) |

| | | | |
|---|---|---|---|
| 06/27/2016 | 8 | ☐ 282.59KB | CONDITIONAL TRANSFER ORDER (CTO-2) from the Judicial Panel on Multidistrict Litigation, transferring cases to become part of MDL 2705. (mr, ) (Entered: 06/27/2016) |
| 06/27/2016 | 9 | ☐ 36.13KB | MDL Case Management Order No. 1, written by the Honorable Gary Feinerman on 6/27/2016.Mailed notice.(jlj, ) (Entered: 06/27/2016) |
| 06/27/2016 | 10 | ☐ 78.18KB | NOTICE by Brandon Stewart Morris of Change of Address (Morris, Brandon) (Entered: 06/27/2016) |
| 06/29/2016 | 11 | ☐ 101.77KB | NOTICE by Mark Reinhardt of Change of Address (Reinhardt, Mark) (Entered: 06/29/2016) |
| 06/29/2016 | 12 | ☐ 13.57KB | ATTORNEY Appearance for Defendants Albertson Companies, Inc, Albertsons, LLC, Supervalu, Inc. by Colby Anne Kingsbury (Kingsbury, Colby) (Entered: 06/29/2016) |
| 06/29/2016 | 13 | ☐ 13.54KB | ATTORNEY Appearance for Defendants Albertson Companies, Inc, Albertsons, LLC, Supervalu, Inc. by Kate E Middleton (Middleton, Kate) (Entered: 06/29/2016) |
| 06/29/2016 | 14 | ☐ 274.15KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-12102373. (Brew, Sarah) (Entered: 06/29/2016) |
| 07/06/2016 | 15 | ☐ 196.35KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-12118017. (Sellinger, David) (Entered: 07/06/2016) |
| 07/06/2016 | 16 | ☐ 304.37KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-12119362. *Appearing on behalf of Alm, Karen and Ader, Dawn (ED-NY)* (Muhlstock, Todd) (Entered: 07/06/2016) |
| 07/06/2016 | 17 | ☐ 26.25KB | ATTORNEY Appearance for Defendant Kraft Heinz Company by Dean Nicholas Panos (Panos, Dean) (Entered: 07/06/2016) |
| 07/06/2016 | 18 | ☐ 8.56KB | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Kraft Heinz Company (Panos, Dean) (Entered: 07/06/2016) |
| 07/07/2016 | 19 | ☐ 4.31KB | MINUTE entry before the Honorable Gary Feinerman:Applications to appear pro hac vice 14 15 and 16 are granted.Mailed notice. (jlj, ) (Entered: 07/07/2016) |
| 07/07/2016 | 20 | ☐ 17.71KB | Corporate Disclosure Statement by Supervalu, Inc. (Kingsbury, Colby) (Entered: 07/07/2016) |
| 07/07/2016 | 21 | ☐ 17.11KB | Corporate Disclosure Statement by Albertsons, LLC (Kingsbury, Colby) (Entered: 07/07/2016) |
| 07/07/2016 | 22 | ☐ 17.09KB | Corporate Disclosure Statement by Albertson Companies, Inc (Kingsbury, Colby) (Entered: 07/07/2016) |
| 07/08/2016 | 23 | ☐ 4.32KB | MINUTE entry before the Honorable Gary Feinerman: Status hearing set for 7/20/2016 7 is stricken and re-set for 8/4/2016 at 10:00 a.m.Mailed notice. (jlj, ) (Entered: 07/08/2016) |

| 07/08/2016 | 24 | ☐ 4.35KB | MINUTE entry before the Honorable Gary Feinerman:Case Management Order No. 1 9 is amended. The initial status hearing set for 7/20/2016 is stricken and re-set for 8/4/2016 at 10:00 a.m. Mailed notice. (jlj, ) (Entered: 07/08/2016) |
| --- | --- | --- | --- |
| 07/08/2016 | 25 | ☐ 4.35KB | MINUTE entry before the Honorable Gary Feinerman:Case Management Order No. 1 9 is further amended as follows. Paragraphs 7, 9, and 11 are amended to extend the 7/13/2016 deadlines to 7/20/2016. Mailed notice. (jlj, ) (Entered: 07/08/2016) |
| 07/13/2016 | 26 | ☐ 100.32KB | ATTORNEY Appearance for Defendant Wal-Mart Stores, Inc. by David Eric Sellinger (Sellinger, David) (Entered: 07/13/2016) |
| 07/13/2016 | 27 | ☐ 99.42KB | ATTORNEY Appearance for Defendant Wal-Mart Stores, Inc. by John F. Gibbons (Gibbons, John) (Entered: 07/13/2016) |
| 07/13/2016 | 28 | ☐ 98.84KB | ATTORNEY Appearance for Defendant Wal-Mart Stores, Inc. by Francis A Citera (Citera, Francis) (Entered: 07/13/2016) |
| 07/13/2016 | 29 | ☐ 98.44KB | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Wal-Mart Stores, Inc. (Sellinger, David) (Entered: 07/13/2016) |
| 07/13/2016 | 30 | ☐ 248.37KB | ATTORNEY Appearance for Amicus Competitive Enterprise Institute Center for Class Action Fairness by Michael Frank Bednarz (Bednarz, Michael) (Entered: 07/13/2016) |
| 07/13/2016 | 31 | ☐ 48.88KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-12144203. (St. John, Anna) (Entered: 07/13/2016) |
| 07/13/2016 | 32 | ☐ 370.92KB | MOTION by Amicus Competitive Enterprise Institute Center for Class Action Fairness to file instanter *its Amicus Curiae Brief* (Attachments: # 1 Amicus Brief for Competitive Enterprise Institutes Center for Class Action Fairness, # 2 Local Rule 3.2 Notification)(Bednarz, Michael) (Entered: 07/13/2016) |
| 07/13/2016 | 33 | ☐ 64.00KB | NOTICE of Motion by Michael Frank Bednarz for presentment of motion to file instanter, 32 before Honorable Gary Feinerman on 7/18/2016 at 09:00 AM. (Bednarz, Michael) (Entered: 07/13/2016) |
| 07/14/2016 | 34 | ☐ 4.30KB | MINUTE entry before the Honorable Gary Feinerman:Application to appear pro hac vice 31 is granted. Mailed notice. (jlj, ) (Entered: 07/14/2016) |
| 07/14/2016 | 35 | ☐ 13.59KB | ATTORNEY Appearance for Defendants Albertson Companies, Inc, Albertsons, LLC, Supervalu, Inc. by Sarah L. Brew (Brew, Sarah) (Entered: 07/14/2016) |
| 07/14/2016 | 36 | ☐ 4.41KB | MINUTE entry before the Honorable Gary Feinerman:Motion of Competitive Enterprise Institute's Center for Class Action Fairness for leave to file instanter its amicus curiae brief 32 is granted. Amicus should file its brief as a separate docket entry. Motion hearing set for 7/18/2016 33 is stricken.Mailed notice. (jlj, ) (Entered: 07/14/2016) |

| 07/14/2016 | [37](#) | ☐ 208.29KB | Brief of Amicus Curiae by Competitive Enterprise Institute Center for Class Action Fairness (St. John, Anna) (Entered: 07/14/2016) |
|---|---|---|---|
| 07/14/2016 | [38](#) | ☐ 84.42KB | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Wal-Mart Store East, LLC (Sellinger, David) (Docket Text Modified by the Clerk's Office on 7/14/2016) (rm, ). (Entered: 07/14/2016) |
| 07/19/2016 | [39](#) | ☐ 17.06KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-12160330. (Buckler, Patrick) (Entered: 07/19/2016) |
| 07/19/2016 | [40](#) | ☐ 27.02KB | ATTORNEY Appearance for Defendants ICCO-Cheese Company, Inc., Target Corporation by Joshua Glikin (Glikin, Joshua) (Entered: 07/19/2016) |
| 07/20/2016 | [41](#) | ☐ 8.38KB | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by ICCO-Cheese Company, Inc. (Glikin, Joshua) (Entered: 07/20/2016) |
| 07/20/2016 | [42](#) | ☐ 8.76KB | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Target Corporation (Glikin, Joshua) (Entered: 07/20/2016) |
| 07/20/2016 | [43](#) | ☐ 4.31KB | MINUTE entry before the Honorable Gary Feinerman:Application to appear pro hac vice [39](#) is granted. Mailed notice. (jlj, ) (Entered: 07/20/2016) |
| 07/20/2016 | [44](#) | ☐ 318.02KB | STATUS Report *Defendants' and Certain Plaintiffs' Status Conference Statement* by Adam Weiss, Patty Morelos (Attachments: # [1](#) Attachment 1)(Blood, Timothy) (Entered: 07/20/2016) |
| 07/20/2016 | [45](#) | ☐ 127.09KB | ATTORNEY Appearance for Plaintiff Fiona Lynch by Yevgeniy Y. Turin (Turin, Yevgeniy) (Entered: 07/20/2016) |
| 07/20/2016 | [46](#) | ☐ 3.04MB | STATUS Report *Moschetta Group's Status Conference Statement and Application for Leadership Positions* by Fiona Lynch (Attachments: # [1](#) Exhibit 1 Declaration of Jason Sultzer, # [2](#) Exhibit A to Declaration of Jason Sultzer, # [3](#) Exhibit 2 Declaration of Jayne A. Goldstein, # [4](#) Exhibit A to Declaration of Jayne A. Goldstein, # [5](#) Exhibit 3 Declaration of Evan M. Meyers, # [6](#) Exhibit 4 Declaration of David Pastor, # [7](#) Exhibit A to Declaration of David Pastor, # [8](#) Exhibit 5 Declaration of Adam R. Gonnelli, # [9](#) Exhibit A to Declaration of Adam R. Gonnelli, # [10](#) Exhibit 6 Declaration of Marc L. Godino, # [11](#) Exhibit A to Declaration of Marc L. Godino, # [12](#) Exhibit 7 Declaration of Rosemary M. Rivas, # [13](#) Exhibit A to Declaration of Rosemary M. Rivas)(Turin, Yevgeniy) (Entered: 07/20/2016) |
| 07/22/2016 | [47](#) | ☐ 60.75KB | ATTORNEY Appearance for Plaintiffs Elizabeth Bidgood, Janine Hechmer by Carl Vincent Malmstrom (Malmstrom, Carl) (Entered: 07/22/2016) |
| 07/22/2016 | [48](#) | ☐ 0.64MB | MOTION by Movant Yvette Ramona Knight Nash to reassign case *(Agreed)* (Attachments: # [1](#) Exhibit A: Class Action Complaint)(Barnow, Ben) (Entered: 07/22/2016) |

| | | | |
|---|---|---|---|
| 07/22/2016 | 49<br>189.14KB | ☐ | NOTICE of Motion by Ben Barnow for presentment of motion to reassign case 48 before Honorable Gary Feinerman on 8/2/2016 at 09:00 AM. (Barnow, Ben) (Entered: 07/22/2016) |
| 07/25/2016 | 50<br>60.72KB | ☐ | ATTORNEY Appearance for Plaintiffs Elizabeth Bidgood, Janine Hechmer by Janine L Pollack (Pollack, Janine) (Entered: 07/25/2016) |
| 07/26/2016 | 51<br>4.34KB | ☐ | MINUTE entry before the Honorable Gary Feinerman:Hearing on Plaintiff's agreed motion for reassignment 48 set for 8/2/2016 49 is stricken and re-set for 8/4/2016 at 10:00 a.m.Mailed notice. (jlj, ) (Entered: 07/26/2016) |
| 07/28/2016 | 52<br>62.44KB | ☐ | ATTORNEY Appearance for Plaintiffs Rhonda Lorenz, Nancy Reeves, Michelle Walker, Michael Wills, Karen Ford, John Lewis by Michael Andrew Mcshane (Mcshane, Michael) (Entered: 07/28/2016) |
| 07/29/2016 | 53<br>158.10KB | ☐ | MOTION by Defendant Kraft Heinz Company to reassign case *(Agreed)* (Attachments: # 1 Exhibit A)(Panos, Dean) (Entered: 07/29/2016) |
| 07/29/2016 | 54<br>9.72KB | ☐ | NOTICE of Motion by Dean Nicholas Panos for presentment of motion to reassign case 53 before Honorable Gary Feinerman on 8/4/2016 at 10:00 AM. (Panos, Dean) (Entered: 07/29/2016) |
| 08/02/2016 | 55<br>115.86KB | ☐ | ATTORNEY Appearance for Plaintiffs Elizabeth Bidgood, Janine Hechmer, Ann Yankee by Lori G. Feldman (Feldman, Lori) (Entered: 08/02/2016) |
| 08/02/2016 | 56<br>59.40KB | ☐ | ATTORNEY Appearance for Defendant Sheldon Spector by Patrick Vincent Dahlstrom (Dahlstrom, Patrick) (Entered: 08/02/2016) |
| 08/02/2016 | 57<br>59.38KB | ☐ | ATTORNEY Appearance for Defendant Sheldon Spector by Jayne Goldstein (Goldstein, Jayne) (Entered: 08/02/2016) |
| 08/02/2016 | 58<br>59.96KB | ☐ | ATTORNEY Appearance for Plaintiffs John Lewis, Rhonda Lorenz, Nancy Reeves, Michelle Walker, Michael Wills by S. Clinton Woods (Woods, S. Clinton) (Entered: 08/02/2016) |
| 08/02/2016 | 59<br>139.86KB | ☐ | Defendants' Supplemental Status Conference STATEMENT by Albertson Companies, Inc, Albertsons, LLC, ICCO-Cheese Company, Inc., Kraft Heinz Company, Supervalu, Inc., Target Corporation, Wal-Mart Stores, Inc. (Gibbons, John) (Entered: 08/02/2016) |
| 08/02/2016 | 60<br>4.38KB | ☐ | MINUTE entry before the Honorable Gary Feinerman:Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 3361828, Access Code: 4082461 for the status hearing on 8/4/2016 at 10:00 a.m.Mailed notice. (jlj, ) (Entered: 08/02/2016) |
| 08/02/2016 | 61<br>0.65MB | ☐ | MOTION by Defendants ICCO-Cheese Company, Inc., Target Corporation to reassign case *(Agreed)* (Attachments: # 1 Exhibit A)(Buckler, Patrick) (Entered: 08/02/2016) |
| 08/02/2016 | 62<br>23.50KB | ☐ | NOTICE of Motion by Patrick Buckler for presentment of motion to reassign case 61 before Honorable Gary Feinerman on 8/4/2016 at 10:00 |

| | | | AM. (Buckler, Patrick) (Entered: 08/02/2016) |
|---|---|---|---|
| 08/03/2016 | 63 | ☐ 4.59KB | MINUTE entry before the Honorable Gary Feinerman:Agreed motions to reassign case 48 , 53 and 61 are granted. The court recommends to the Executive Committee that it reassign Nash v. Kraft Heinz Foods Co., 16 C 5265; Higens v. Kraft Heinz Foods Co., No. 16 C 3016; and Lynch v. ICCO-Cheese Company, No. 16 C 2971, to be part of In re: 100% Grated Parmesan Cheese Marketing and Sales Practices Litigation, No. 16 C 5802 (MDL 2705) (Feinerman, J.). Because they are being incorporated into MDL 2705, those three cases should be terminated as separate cases for administrative purposes. Motion hearings set for 8/4/2016 51 , 54 and 62 are stricken.Mailed notice. (jlj, ) (Entered: 08/03/2016) |
| 08/03/2016 | 64 | ☐ 99.69KB | ATTORNEY Appearance for Plaintiff Fiona Lynch by Evan M Meyers (Meyers, Evan) (Entered: 08/03/2016) |
| 08/03/2016 | 65 | ☐ 33.21KB | ATTORNEY Appearance for Plaintiffs Jose Brown, Alyson Davies, Chauncy Ellison, Michael Greene, Debra Jackson, Michael Jones, Debra Lee, Fiona Lynch, Kenneth Manfredi, Andrew Matecki by Philip Sholtz (Attachments: # 1 Exhibit Plaintiffs List)(Sholtz, Philip) (Entered: 08/03/2016) |
| 08/03/2016 | 66 | ☐ 29.71KB | MOTION by Defendants Albertson Companies, Inc, Albertsons, LLC, Supervalu, Inc. to substitute attorney (Middleton, Kate) (Entered: 08/03/2016) |
| 08/03/2016 | 67 | ☐ 29.35KB | NOTICE of Motion by Kate E Middleton for presentment of motion to substitute attorney 66 before Honorable Gary Feinerman on 8/9/2016 at 09:00 AM. (Middleton, Kate) (Entered: 08/03/2016) |
| 08/03/2016 | 68 | ☐ 83.56KB | ATTORNEY Appearance for Plaintiff Samantha Lewin by Krivoshey Olegovich Yeremey (Yeremey, Krivoshey) (Entered: 08/03/2016) |
| 08/03/2016 | 69 | ☐ 71.98KB | ATTORNEY Appearance for Plaintiff George Brahler by Tana Lin (Lin, Tana) (Entered: 08/03/2016) |
| 08/04/2016 | 70 | ☐ 33.21KB | ATTORNEY Appearance for Plaintiffs Jose Brown, Alyson Davies, Chauncy Ellison, Michael Greene, Debra Jackson, Michael Jones, Debra Lee, Fiona Lynch, Kenneth Manfredi, Andrew Matecki by John J Driscoll (Attachments: # 1 Exhibit Plaintiffs List)(Driscoll, John) (Entered: 08/04/2016) |
| 08/04/2016 | 71 | ☐ 59.51KB | ATTORNEY Appearance for Movant Yvette Ramona Knight Nash by Ben Barnow (Barnow, Ben) (Entered: 08/04/2016) |
| 08/04/2016 | 72 | ☐ 59.56KB | ATTORNEY Appearance for Movant Yvette Ramona Knight Nash by Erich Paul Schork (Schork, Erich) (Entered: 08/04/2016) |
| 08/04/2016 | 73 | ☐ 59.59KB | ATTORNEY Appearance for Plaintiffs Michael Hara, Andrea Hogan, Larry Rollinger, Jr by Brant D. Penney (Penney, Brant) (Entered: 08/04/2016) |

| 08/04/2016 | 74 | ☐ 65.90KB | ATTORNEY Appearance for Plaintiffs Britney Cooper, Jenelle Craggette, Camilla DeMario, Robert Demario, Jeffrey Dowdy, Sheila Garland, Joseph Landara, Russell Levy, Phyliss Lynn, Jason Martin, Marc Moschetta, Renita Myers, Carl Nitz, Efrain Ruiz, Nevina Saitta, Ronald Saitta, Nena Simon, Derrick Sims, Derrick Sims, Veronica Sutton, Larry Tucker by Jason P. Sultzer (Attachments: # 1 Supplement)(Sultzer, Jason) (Entered: 08/04/2016) |
| --- | --- | --- | --- |
| 08/04/2016 | 75 | ☐ 4.55KB | MINUTE entry before the Honorable Gary Feinerman:Status hearing held. Applications to serve in Plaintiffs' leadership structure (or to supplement a prior application) shall be filed by 8/11/2016; responses due by 8/18/2016. Motion for substitution of attorney 66 is granted. Attorneys Sarah L. Brew, Colby Anne Kingsbury, and Kate E. Middleton are terminated as counsel for Defendants Alberton Companies, Inc., Albertsons, LLC, and Supervalu, Inc. Substitute counsel may file their appearances. The 8/9/2016 motion hearing 67 is stricken. Mailed notice. (jlj, ) (Entered: 08/04/2016) |
| 08/04/2016 | 76 | ☐ 59.54KB | ATTORNEY Appearance for Plaintiff Karen Ford by Charles E. Schaffer (Schaffer, Charles) (Entered: 08/04/2016) |
| 08/04/2016 | 77 | ☐ 56.66KB | ATTORNEY Appearance for Defendants Albertson Companies, Inc, Albertsons, LLC, Supervalu, Inc. by Joseph Edward Collins (Collins, Joseph) (Entered: 08/04/2016) |
| 08/04/2016 | 80 | ☐ 4.85MB | MOTION by unknown party David Greenstein to remand to California State Court. (Exhibits) (bg, ) (Entered: 08/05/2016) |
| 08/05/2016 | 78 | ☐ 0.93MB | ATTORNEY Appearance for Plaintiffs CATHERINE HIGENS, Ryan Schmidt by Julia Lynn Titolo (Titolo, Julia) (Entered: 08/05/2016) |
| 08/05/2016 | 79 | ☐ 0.90MB | ATTORNEY Appearance for Plaintiffs CATHERINE HIGENS, Ryan Schmidt by David Max Oppenheim (Oppenheim, David) (Entered: 08/05/2016) |
| 08/08/2016 | 81 | ☐ 4.33KB | MINUTE entry before the Honorable Gary Feinerman:Motion to remand 80 is denied without prejudice for failure to comply with Local Rule 5.3(b).Mailed notice. (jlj, ) (Entered: 08/08/2016) |
| 08/08/2016 | 82 | ☐ 93.81KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-12229199. (Laufenberg, Cari) (Entered: 08/08/2016) |
| 08/08/2016 | 83 | ☐ 50.21KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-12231592. (Clisura, Andrea) (Entered: 08/08/2016) |
| 08/09/2016 | 84 | ☐ 136.27KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-12233411. (Hansen, Gary) (Entered: 08/09/2016) |
| 08/09/2016 | 85 | ☐ 148.50KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-12233438. (Fisher, Heidi) (Entered: 08/09/2016) |
| 08/09/2016 | 86 | ☐ 130.33KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-12233471. (Tunheim, Samuel) (Entered: 08/09/2016) |

Case: 1:16-cv-05802 Document #: 388 Filed: 09/10/19 Page 144 of 175 PageID #:3035

| 08/09/2016 | 87 | ☐ 4.32KB | MINUTE entry before the Honorable Gary Feinerman:Applications to appear pro hac vice 82 , 83 , 84 , 85 , 86 are granted. Mailed notice. (jlj, ) (Entered: 08/09/2016) |
|---|---|---|---|
| 08/10/2016 | 88 | ☐ 4.40KB | MINUTE entry before the Honorable Gary Feinerman:Status hearing set for 9/12/2016 at 10:00 a.m. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing on 9/12/2016 at 10:00 a.m.Mailed notice. (jlj, ) (Entered: 08/10/2016) |
| 08/11/2016 | 89 | ☐ 2.70MB | MOTION by Plaintiffs Elizabeth Bidgood, George Brahler, Jose Brown, Alyson Davies, Alan Ducorsky, Chauncy Ellison, Alfonso Fata, Karen Ford, Tara Franklin, Michael Greene, Michael Hara, Janine Hechmer, Andrea Hogan, Debra Jackson, Michael Jones, Debra Lee, Samantha Lewin, John Lewis, Rhonda Lorenz, Kenneth Manfredi, Andrew Matecki, Patty Morelos, Yvette Ramona Knight Nash, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Michelle Walker, Adam Weiss, Michael Wills, Ann Yankee, becky sikes, Yvonne Averhart, Charles Bundy, Cindy Bustamante, Rita Schmoll, Barbara Reinbott, becky sikes, Richard Evans, Taniesha Harwell, DALLAS MORENO, Beverly Schulze, Rodney Zachary for Appointment of Interim Co-Lead Counsel and Plaintiffs' Executive Committee (Attachments: # 1 Exhibit A: Ben Barnow Resume, # 2 Exhibit B: Timothy G. Blood Resume, # 3 Exhibit C: Lori G. Feldman Resume, # 4 Group Exhibit D: Resumes of Proposed Plaintiffs' Executive Committee)(Barnow, Ben) (Entered: 08/11/2016) |
| 08/11/2016 | 90 | ☐ 283.87KB | MEMORANDUM by Charlene Agles, Michael Campana, Britney Cooper, Jenelle Craggette, Camilla DeMario, Robert Demario, Jeffrey Dowdy, Sheila Garland, Joseph Landara, Russell Levy, Fiona Lynch, Phyliss Lynn, Jason Martin, Marc Moschetta, Renita Myers, Carl Nitz, Efrain Ruiz, Nevina Saitta, Ronald Saitta, Nena Simon, Derrick Sims, Sheldon Spector, Veronica Sutton, Larry Tucker *Supplemental Memorandum in Support of the Moschetta Group's Application for Lead Counsel* (Turin, Yevgeniy) (Entered: 08/11/2016) |
| 08/15/2016 | 91 | ☐ 0.79MB | MOTION of David his case Greenstein to remand to California State Court by Unknown David Greenstein (nsf, ) (Entered: 08/16/2016) |
| 08/15/2016 | 92 | ☐ 0.70MB | NOTICE of Motion by David Greenstein for presentment of MOTION of David his case Greenstein to remand to California State Court 91 (nsf, ) Modified on 8/17/2016 (nsf, ). (Entered: 08/16/2016) |
| 08/16/2016 | 93 | ☐ 125.59KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-12259317. (Rohrberger, Robert) (Entered: 08/16/2016) |
| 08/17/2016 | 94 | ☐ 4.32KB | MINUTE entry before the Honorable Gary Feinerman:Hearing on motion to remand 91 set for 8/24/2016 at 9:00 a.m. 92 .Mailed notice. (jlj, ) (Entered: 08/17/2016) |
| 08/18/2016 | 95 | ☐ 400.34KB | RESPONSE by Defendants Albertson Companies, Inc, Albertsons, LLC, ICCO-Cheese Company, Inc., Supervalu, Inc., Target Corporation, Wal- |

| | | | |
|---|---|---|---|
| | | | Mart Stores, Inc., Wal-Mart Stores East to order on motion to substitute attorney,,, terminate hearings,,, add and terminate attorneys,, 75 (Sellinger, David) (Entered: 08/18/2016) |
| 08/18/2016 | 96 | ☐ 174.08KB | RESPONSE by Plaintiffs Catherine Higens, Ryan Schmidt to memorandum, 90 , status report,,, 46 , motion for miscellaneous relief,,, 89 *to Applications for Interim Lead Counsel* (Titolo, Julia) (Entered: 08/18/2016) |
| 08/18/2016 | 97 | ☐ 239.36KB | RESPONSE by Plaintiffs Yvonne Averhart, Elizabeth Bidgood, George Brahler, Jose Brown, Charles Bundy, Cindy Bustamante, Alyson Davies, Alan Ducorsky, Chauncy Ellison, Richard Evans, Alfonso Fata, Karen Ford, Tara Franklin, Michael Greene, Michael Hara, Taniesha Harwell, Janine Hechmer, Andrea Hogan, Debra Jackson, Michael Jones, Debra Lee, Samantha Lewin, John Lewis, Rhonda Lorenz, DALLAS MORENO, Kenneth Manfredi, Andrew Matecki, Patty Morelos, Yvette Ramona Knight Nash, Rosemary Quinn, Nancy Reeves, Barbara Reinbott, Larry Rollinger, Jr, Rita Schmoll, Beverly Schulze, Michelle Walker, Adam Weiss, Michael Wills, Ann Yankee, Rodney Zachary, becky sikes *to the Moschetta Group's Application for Appointment* (Barnow, Ben) (Entered: 08/18/2016) |
| 08/18/2016 | 98 | ☐ 297.36KB | RESPONSE by Plaintiffs Charlene Agles, Michael Campana, Britney Cooper, Jenelle Craggette, Camilla DeMario, Robert Demario, Jeffrey Dowdy, Sheila Garland, Joseph Landara, Russell Levy, Fiona Lynch, Phyliss Lynn, Jason Martin, Renita Myers, Carl Nitz, Efrain Ruiz, Nevina Saitta, Ronald Saitta, Nena Simon, Derrick Sims, Sheldon Spector, Veronica Sutton, Larry Tucker *The Moschetta Group's Response in Further Support of its Application for Leadership Positions* (Turin, Yevgeniy) (Entered: 08/18/2016) |
| 08/22/2016 | 99 | ☐ 4.30KB | MINUTE entry before the Honorable Gary Feinerman:Application to appear pro hac vice 93 is granted. Mailed notice. (jlj, ) (Entered: 08/22/2016) |
| 08/22/2016 | 100 | ☐ 4.44KB | MINUTE entry before the Honorable Gary Feinerman:Hearing on motion to remand 91 set for 8/24/2016 at 9:00 a.m. 94 is re-set for 10:30 a.m. TIME CHANGE ONLY. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the motion hearing on 8/24/2016 at 10:30 a.m.Mailed notice. (jlj, ) (Entered: 08/22/2016) |
| 08/23/2016 | 101 | ☐ 453.46KB | RESPONSE by Kraft Heinz Companyin Opposition to MOTION by Unknown David Greenstein to remand 91 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Panos, Dean) (Entered: 08/23/2016) |
| 08/23/2016 | 102 | ☐ 55.80KB | ATTORNEY Appearance for Plaintiff Yvonne Averhart by Mark T. Lavery (Lavery, Mark) (Entered: 08/23/2016) |
| 08/24/2016 | 103 | ☐ 170.86KB | ORDER VACATING Conditional Transfer Order and Vacating the September 29, 2016, Hearing Session Order signed by the MDL Panel. |

| | | | (mr, ) (Entered: 08/24/2016) |
|---|---|---|---|
| 08/24/2016 | 104 | ☐ 4.44KB | MINUTE entry before the Honorable Gary Feinerman:Motion hearing held. For the reasons stated on the record, David Greenstein motion to remand 91 is denied without prejudice to his bringing his motion in California or, if the case is transferred to this court, in this court. Status hearing set for 9/12/2016 88 shall stand.Mailed notice. (jlj, ) (Entered: 08/25/2016) |
| 09/06/2016 | 105 | ☐ 46.74KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-12331992. (Lee, Kenneth) (Entered: 09/06/2016) |
| 09/06/2016 | 106 | ☐ 220.20KB | NOTICE OF EMAIL NOTIFICATION FAILURE, for document # 105 sent to Attorney Matthew L Tuccillo returned as: Unknown Address Error. Mailed to attorney Matthew L Tuccillo a Letter re: bounce back email and a Notification of Change of Address form. Notices have been set to No. Counsel must email the Clerk's Office at Docketing_ILND@uscourts.gov when a Notification of Change of Address has been filed to ensure electronic notification is reset. (ek, ) (Entered: 09/07/2016) |
| 09/07/2016 | 107 | ☐ 80.34KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-12334153. (Smith, Alexander) (Docket Text Modified by the Clerk's Office on 9/7/2016) (rm, ). (Entered: 09/07/2016) |
| 09/07/2016 | 108 | ☐ 4.32KB | MINUTE entry before the Honorable Gary Feinerman:Applications to appear pro hac vice 105 and 107 are granted. Mailed notice. (jlj, ) (Entered: 09/07/2016) |
| 09/09/2016 | 109 | ☐ 4.42KB | MINUTE entry before the Honorable Gary Feinerman: Status hearing set for 9/12/2016 88 is stricken and re-set for 9/22/2016 at 10:30 a.m. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing on 9/22/2016 at 10:30 a.m.Mailed notice. (jlj, ) (Entered: 09/09/2016) |
| 09/16/2016 | 110 | ☐ 16.56KB | Case Management Order No. 2 written by the Honorable Gary Feinerman on 9/16/2016. Majority Plaintiffs' motion for appointment of interim co-lead counsel 89 is granted. Moschetta Group's application for leadership positions 46 is denied. Enter order regarding interim co-lead counsel and executive committee. At the 9/22/2016 status hearing 109 , the parties shall be prepared to address whether and, if so, how these cases should be tracked. Mailed notice.(jlj, ) (Entered: 09/16/2016) |
| 09/16/2016 | 111 | ☐ 29.12KB | ORDER REGARDING INTERIM CO-LEAD COUNSEL AND EXECUTIVE COMMITTEE writtten by the Honorable Gary Feinerman on 9/16/2016:Mailed notice.(jlj, ) (Entered: 09/16/2016) |
| 09/21/2016 | 112 | ☐ 64.48KB | ATTORNEY Appearance for Plaintiffs Elizabeth Bidgood, Janine Hechmer, Ann Yankee by Andrea Clisura (Clisura, Andrea) (Entered: 09/21/2016) |
| 09/22/2016 | 113 | ☐ 4.38KB | MINUTE entry before the Honorable Gary Feinerman:Status hearing held and continued to 1/9/2017 at 10:00 a.m. Plaintiffs shall file four |

| | | | |
|---|---|---|---|
| | | | consolidated complaints by 11/3/2016. Defendants shall answer or otherwise plead to the complaints by 12/16/2016.Mailed notice. (jlj, ) (Entered: 09/22/2016) |
| 09/23/2016 | 114 | ☐ 201.20KB | MOTION by Attorney Matthew L. Tuccillo to withdraw as attorney for Sheldon Spector. No party information provided (Tuccillo, Matthew) (Entered: 09/23/2016) |
| 09/23/2016 | 115 | ☐ 123.66KB | NOTICE of Motion by Matthew L Tuccillo for presentment of motion to withdraw as attorney 114 before Honorable Gary Feinerman on 9/28/2016 at 09:00 AM. (Tuccillo, Matthew) (Entered: 09/23/2016) |
| 09/26/2016 | 116 | ☐ 4.38KB | MINUTE entry before the Honorable Gary Feinerman:Motion to withdraw as attorney 114 is granted. Attorney Matthew Tuccillo is terminated as counsel for Plaintiff Sheldon Spector. Motion hearing set for 9/28/2016 115 is stricken.Mailed notice. (jlj, ) (Entered: 09/26/2016) |
| 10/03/2016 | 117 | ☐ 121.88KB | TRANSFER ORDER from the Judicial Panel on Multidistrict Litigation, transferring case to become part of MDL 2705. (mr, ) (Entered: 10/03/2016) |
| 10/13/2016 | 118 | ☐ 231.52KB | NOTICE of Voluntary Dismissal by Fiona Lynch (Turin, Yevgeniy) (Entered: 10/13/2016) |
| 10/17/2016 | 119 | ☐ 4.38KB | MINUTE entry before the Honorable Gary Feinerman:Plaintiff in 16 C 2971 has filed a notice of voluntary dismissal 118 , the terms of which are set forth therein. The Clerk is directed to administratively close Case 16 C 2971 (N.D. Ill.).Mailed notice. (jlj, ) (Entered: 10/17/2016) |
| 10/18/2016 | | | On October 18, 2016 the Clerk audited this case file and discovered that Attorneys Christopher M. Hohn and Joelle Marnie Shabat are not receiving electronic notice. The Clerk modified CM/ECF to provide notice to the attorneys. The record indicates you are counsel of record in this case. If you are no longer representing this client, you must file a notice of withdraw from this case pursuant to LR 83.17. (lf, ) (Entered: 10/18/2016) |
| 11/03/2016 | 120 | ☐ 0.61MB | *Consolidated Class Action* AMENDED complaint by Samantha Lewin, Rosemary Quinn, Yvette Ramona Knight Nash, Karen Ford, Michael Wills, Larry Rollinger, Jr, Adam Weiss, Ann Yankee, Alfonso Fata against Kraft Heinz Company (Barnow, Ben) (Entered: 11/03/2016) |
| 11/03/2016 | 121 | ☐ 474.84KB | *Consolidated Class Action* AMENDED complaint by Dan Lang, Michael Wills, Ann Yankee against Albertson Companies, Inc, Albertsons, LLC, Supervalu, Inc. (Barnow, Ben) (Entered: 11/03/2016) |
| 11/03/2016 | 122 | ☐ 0.53MB | *Consolidated Class Action* AMENDED complaint by Nancy Reeves, Rodney Zachary, Ann Yankee, Alfonso Fata against ICCO-Cheese Company, Inc., Target Corporation (Barnow, Ben) (Entered: 11/03/2016) |
| 11/03/2016 | 123 | ☐ 0.54MB | *Consolidated Class Action* AMENDED complaint by Nancy Reeves, Alan Ducorsky, Michael Wills, becky sikes, Larry Rollinger, Jr, Rita Schmoll |

| | | | |
|---|---|---|---|
| | | | against ICCO-Cheese Company, Inc., Wal-Mart Stores, Inc. (Barnow, Ben) (Entered: 11/03/2016) |
| 11/07/2016 | 124 | ☐ 25.21KB | MOTION by Attorney Joelle Marnie Shabat to withdraw as attorney for Target Corporation. No party information provided (Shabat, Joelle) (Entered: 11/07/2016) |
| 11/07/2016 | 125 | ☐ 28.77KB | NOTICE of Motion by Joelle Marnie Shabat for presentment of motion to withdraw as attorney 124 before Honorable Gary Feinerman on 11/14/2016 at 09:00 AM. (Shabat, Joelle) (Entered: 11/07/2016) |
| 11/11/2016 | 126 | ☐ 4.37KB | MINUTE entry before the Honorable Gary Feinerman:Motion to withdraw as attorney 124 is granted. Attorney Joelle Shabat is terminated as counsel for Defendant Target Corporation. Motion hearing set for 11/14/2016 125 is stricken. Mailed notice. (jlj, ) (Entered: 11/11/2016) |
| 11/17/2016 | 127 | ☐ 214.99KB | NOTICE by Carl V. Malmstrom of Change of Address (Malmstrom, Carl) (Entered: 11/17/2016) |
| 11/17/2016 | 128 | ☐ 49.18KB | NOTICE by Theodore Beloyeannis Bell of Change of Address (Bell, Theodore) (Entered: 11/17/2016) |
| 11/17/2016 | 129 | ☐ 249.35KB | ATTORNEY Appearance for Plaintiffs Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, Ann Yankee, Rodney Zachary by Ben Barnow (Barnow, Ben) (Entered: 11/17/2016) |
| 11/18/2016 | 130 | ☐ 109.67KB | MOTION by Defendant Wal-Mart Stores, Inc. for extension of time to file answer regarding amended complaint 122 , amended complaint 120 , amended complaint 121 , amended complaint 123 (Citera, Francis) (Entered: 11/18/2016) |
| 11/18/2016 | 131 | ☐ 108.08KB | NOTICE of Motion by Francis A Citera for presentment of motion for extension of time to file answer, motion for relief,,, 130 before Honorable Gary Feinerman on 11/23/2016 at 09:00 AM. (Citera, Francis) (Entered: 11/18/2016) |
| 11/21/2016 | 132 | ☐ 4.39KB | MINUTE entry before the Honorable Gary Feinerman:Motion for extension of time to answer 130 is granted. The time for Defendants to answer the operative complaints is extended to noon Central time on 1/6/2017. Motion hearing set for 11/23/2016 131 is stricken.Mailed notice. (jlj, ) (Entered: 11/21/2016) |
| 12/12/2016 | 133 | ☐ 33.78KB | MOTION by Attorney Christopher P.T. Tourek to withdraw as attorney for Catherine Higens, Ryan Schmidt. No party information provided (Tourek, Christopher) (Entered: 12/12/2016) |
| 12/12/2016 | 134 | ☐ 35.98KB | NOTICE of Motion by Christopher Phillip Taylor Tourek for presentment of motion to withdraw as attorney 133 before Honorable Gary Feinerman on 12/15/2016 at 09:00 AM. (Tourek, Christopher) (Entered: 12/12/2016) |

| 12/12/2016 | 135 | ☐ 148.10KB | CONDITIONAL TRANSFER ORDER (CTO-3) from the Judicial Panel on Multidistrict Litigation, transferring cases to become part of MDL 2705 (mr, ) (Entered: 12/12/2016) |
|---|---|---|---|
| 12/12/2016 | 136 | ☐ 146.81KB | CONDITIONAL TRANSFER ORDER (CTO-4) from the Judicial Panel on Multidistrict Litigation, transferring cases to become part of MDL 2705 (mr, ) (Entered: 12/12/2016) |
| 12/12/2016 | 137 | ☐ 141.01KB | CONDITIONAL TRANSFER ORDER (CTO-5) from the Judicial Panel on Multidistrict Litigation, transferring cases to become part of MDL 2705 (mr, ) (Entered: 12/12/2016) |
| 12/13/2016 | 138 | ☐ 4.39KB | MINUTE entry before the Honorable Gary Feinerman:Motion to withdraw as attorney 133 is granted. Attorney Christopher P.T. Tourek is terminated as counsel for Plaintiffs Catherine Higens and Ryan Schmidt. Motion hearing set for 12/15/2016 134 is stricken.Mailed notice. (jlj, ) (Entered: 12/13/2016) |
| 12/13/2016 | 139 | ☐ 4.41KB | MINUTE entry before the Honorable Gary Feinerman:By 1/4/2017, the parties (including Publix Super Markets) shall file a status report setting forth their joint view or competing views regarding how the MDL should accommodate and incorporate the suits against Publix Super Markets. Mailed notice. (jlj, ) (Entered: 12/13/2016) |
| 12/22/2016 | 140 | ☐ 0.77MB | MOTION by Plaintiffs Carmen Pellitteri, Erin Rudder for leave to file *Consolidated Class Action Complaint Against Publix Super Markets, Inc.* (Attachments: # 1 Exhibit A: [Proposed] Consolidated Class Action Complaint)(Barnow, Ben) (Entered: 12/22/2016) |
| 12/22/2016 | 141 | ☐ 338.02KB | NOTICE of Motion by Ben Barnow for presentment of motion for leave to file 140 before Honorable Gary Feinerman on 1/3/2017 at 09:00 AM. (Barnow, Ben) (Entered: 12/22/2016) |
| 12/27/2016 | 142 | ☐ 4.42KB | MINUTE entry before the Honorable Gary Feinerman:Motion for leave to file consolidated class action complaint against Publix Super Markets, Inc. 140 is granted. Plaintiffs Pellitteri and Rudder shall file as a separate docket entry their consolidated class action complaint against Publix. Motion hearing set for 1/3/2017 141 is stricken.Mailed notice. (jlj, ) (Entered: 12/27/2016) |
| 12/27/2016 | 143 | ☐ 438.89KB | *Consolidated Class Action* AMENDED complaint by Carmen Pellitteri, Erin Rudder against Publix Super Markets, Inc. (Barnow, Ben) (Entered: 12/27/2016) |
| 12/28/2016 | 144 | ☐ 64.97KB | MOTION by Defendants Albertson Companies, Inc, Albertsons, LLC, Supervalu, Inc. for leave to file excess pages *for principal Motion to Dismiss Brief* (Fisher, Heidi) (Entered: 12/28/2016) |
| 12/28/2016 | 145 | ☐ 51.38KB | NOTICE of Motion by Heidi A.O. Fisher for presentment of motion for leave to file excess pages 144 before Honorable Gary Feinerman on 1/3/2017 at 09:00 AM. (Fisher, Heidi) (Entered: 12/28/2016) |

| | | | |
|---|---|---|---|
| 12/29/2016 | 146 | ☐ 10.07KB | MOTION by Defendant Kraft Heinz Company for leave to file *a Memorandum of Law in Excess of 15 pages* (Panos, Dean) (Entered: 12/29/2016) |
| 12/29/2016 | 147 | ☐ 9.64KB | NOTICE of Motion by Dean Nicholas Panos for presentment of motion for leave to file 146 before Honorable Gary Feinerman on 1/4/2017 at 09:00 AM. (Panos, Dean) (Entered: 12/29/2016) |
| 12/29/2016 | 148 | ☐ 61.21KB | STATUS Report *(Joint) re Publix Suits* by Publix Super Markets, Inc. (Hansen, Gary) (Entered: 12/29/2016) |
| 12/30/2016 | 149 | ☐ 153.22KB | MOTION by Defendants ICCO-Cheese Company, Inc., Target Corporation, Wal-Mart Stores, Inc. for leave to file excess pages *on Defendants Motions to Dismiss Plaintiffs Consolidated Class Action Complaints* (Citera, Francis) (Entered: 12/30/2016) |
| 12/30/2016 | 150 | ☐ 150.16KB | NOTICE of Motion by Francis A Citera for presentment of motion for leave to file excess pages 149 before Honorable Gary Feinerman on 1/4/2017 at 09:00 AM. (Citera, Francis) (Entered: 12/30/2016) |
| 12/30/2016 | 151 | ☐ 4.44KB | MINUTE entry before the Honorable Gary Feinerman:Motions for leave to file excess pages 144 , 146 , and 149 are granted. Defendants may file oversized initial briefs, of up to 25 pages, in support of their forthcoming motions to dismiss. Motion hearings set for 1/3/2017 and 1/4/2017 145 , 147 and 150 are stricken.Mailed notice. (jlj, ) (Entered: 12/30/2016) |
| 01/03/2017 | 152 | ☐ 4.35KB | MINUTE entry before the Honorable Gary Feinerman:By agreement 148 , Defendant Publix Super Markets will file its motion to dismiss and supporting memorandum by 1/11/2017.Mailed notice. (jlj, ) (Entered: 01/03/2017) |
| 01/03/2017 | 153 | ☐ 43.30KB | Quarterly Report by Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, Rodney Zachary (Barnow, Ben) (Entered: 01/03/2017) |
| 01/04/2017 | 🔒 | | (Court only) Status hearing set for 1/9/2017 at 10:00 a.m. 113 . (jlj, ) (Entered: 01/04/2017) |
| 01/04/2017 | 154 | ☐ 4.39KB | MINUTE entry before the Honorable Gary Feinerman:Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing on 1/9/2017 at 10:00 a.m.Mailed notice. (jlj, ) (Entered: 01/04/2017) |
| 01/05/2017 | 155 | ☐ 4.42KB | MINUTE entry before the Honorable Gary Feinerman: Status hearing set for 1/9/2017 at 10:00 a.m. 113 is re-set for 10:30 a.m. TIME CHANGE ONLY. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing.Mailed notice. (jlj, ) (Entered: 01/05/2017) |

| 01/05/2017 | 156 | ☐ 32.26KB | MOTION by Defendants Supervalu, Inc., Albertsons, LLC, Albertson Companies, Inc to dismiss *Consolidated Class Action Complaint* (Fisher, Heidi) (Entered: 01/05/2017) |
| 01/05/2017 | 157 | ☐ 306.21KB | MEMORANDUM by Albertson Companies, Inc, Albertsons, LLC, Supervalu, Inc. in support of motion to dismiss 156 *Consolidated Class Action Complaint* (Fisher, Heidi) (Entered: 01/05/2017) |
| 01/05/2017 | 158 | ☐ 0.79MB | AFFIDAVIT by Defendants Albertson Companies, Inc, Albertsons, LLC, Supervalu, Inc. in Support of MOTION by Defendants Supervalu, Inc., Albertsons, LLC, Albertson Companies, Inc to dismiss *Consolidated Class Action Complaint* 156 - *Declaration of Catherine Proper* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Fisher, Heidi) (Entered: 01/05/2017) |
| 01/05/2017 | 159 | ☐ 25.72KB | NOTICE of Motion by Heidi A.O. Fisher for presentment of motion to dismiss 156 before Honorable Gary Feinerman on 1/9/2017 at 10:30 AM. (Fisher, Heidi) (Entered: 01/05/2017) |
| 01/06/2017 | 160 | ☐ 8.61KB | MOTION by Defendant Kraft Heinz Company to dismiss *Plaintiffs' Consolidated Class Action Complaint* (Panos, Dean) (Entered: 01/06/2017) |
| 01/06/2017 | 161 | ☐ 8.65KB | NOTICE of Motion by Dean Nicholas Panos for presentment of motion to dismiss 160 before Honorable Gary Feinerman on 1/9/2017 at 10:30 AM. (Panos, Dean) (Entered: 01/06/2017) |
| 01/06/2017 | 162 | ☐ 0.56MB | MEMORANDUM by Kraft Heinz Company in support of motion to dismiss 160 (Attachments: # 1 Declaration)(Panos, Dean) (Entered: 01/06/2017) |
| 01/06/2017 | 163 | ☐ 11.42KB | MOTION by Defendants ICCO-Cheese Company, Inc., Target Corporation to dismiss *Plaintiffs' Consolidated Class Action Complaints* (Glikin, Joshua) (Entered: 01/06/2017) |
| 01/06/2017 | 164 | ☐ 285.30KB | MEMORANDUM by ICCO-Cheese Company, Inc., Target Corporation in support of motion to dismiss 163 *Consolidated Class Action Complaints* (Attachments: # 1 Exhibit 1)(Glikin, Joshua) (Entered: 01/06/2017) |
| 01/06/2017 | 165 | ☐ 0.63MB | Request for JUDICIAL NOTICE in SUPPORT OF ITS MOTION TO DISMISS by Kraft Heinz Company (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Panos, Dean) (Entered: 01/06/2017) |
| 01/06/2017 | 166 | ☐ 38.52KB | NOTICE of Motion by Joshua Glikin for presentment of motion to dismiss 163 before Honorable Gary Feinerman on 1/9/2017 at 10:30 AM. (Glikin, Joshua) (Entered: 01/06/2017) |
| 01/06/2017 | 167 | ☐ 128.60KB | MOTION by Defendant Wal-Mart Stores, Inc. to dismiss *Pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(6), and 9(b)* (Citera, Francis) (Entered: 01/06/2017) |

| 01/06/2017 | 168 | ☐ 0.69MB | MEMORANDUM by Wal-Mart Stores, Inc. in support of motion to dismiss 167 (Attachments: # 1 Exhibit A)(Citera, Francis) (Entered: 01/06/2017) |
|---|---|---|---|
| 01/06/2017 | 169 | ☐ 123.81KB | NOTICE of Motion by Francis A Citera for presentment of motion to dismiss 167 before Honorable Gary Feinerman on 1/9/2017 at 10:30 AM. (Citera, Francis) (Entered: 01/06/2017) |
| 01/07/2017 | 170 | ☐ 230.36KB | NOTICE by Kraft Heinz Company // NOTICE of ERRATA (Attachments: # 1 CORRECTED MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS 160 )(Panos, Dean) (Entered: 01/07/2017) |
| 01/09/2017 | 171 | ☐ 4.51KB | MINUTE entry before the Honorable Gary Feinerman:Status hearing held and continued to a date and time to be identified shortly. By the close of business on 1/11/2017, the parties shall contact the Courtroom Deputy with mutually agreeable dates from 3/7/2017 and 3/16/2017. Motion hearing held. Plaintiffs' responses to the motions to dismiss 156 160 163 167 and to Publix's forthcoming motion to dismiss shall be filed by 2/10/2017; replies due by 3/3/2017.Mailed notice. (jlj, ) (Entered: 01/09/2017) |
| 01/10/2017 | 172 | ☐ 9.98KB | NOTICE by Jayne Goldstein of Change of Address *and Firm Affiliation* (Goldstein, Jayne) (Entered: 01/10/2017) |
| 01/10/2017 | 173 | ☐ 33.18KB | MOTION by Defendant Publix Super Markets, Inc. to dismiss *Consolidated Class Action Complaint* (Fisher, Heidi) (Entered: 01/10/2017) |
| 01/10/2017 | 174 | ☐ 311.54KB | MEMORANDUM by Publix Super Markets, Inc. in support of motion to dismiss 173 *Consolidated Class Action Complaint* (Fisher, Heidi) (Entered: 01/10/2017) |
| 01/10/2017 | 175 | ☐ 0.58MB | AFFIDAVIT by Defendant Publix Super Markets, Inc. in Support of MOTION by Defendant Publix Super Markets, Inc. to dismiss *Consolidated Class Action Complaint* 173 - *Declaration of Steve O'Hara* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Fisher, Heidi) (Entered: 01/10/2017) |
| 01/10/2017 | 176 | ☐ 26.48KB | NOTICE of Motion by Heidi A.O. Fisher for presentment of motion to dismiss 173 before Honorable Gary Feinerman on 1/17/2017 at 09:00 AM. (Fisher, Heidi) (Entered: 01/10/2017) |
| 01/11/2017 | 177 | ☐ 4.36KB | MINUTE entry before the Honorable Gary Feinerman: Because a briefing schedule 171 has already been set on Defendant Publix's motion to dismiss 173 , the 1/17/2017 motion hearing 176 is stricken. Mailed notice. (pjg, ) (Entered: 01/11/2017) |
| 01/12/2017 | 178 | ☐ 4.41KB | MINUTE entry before the Honorable Gary Feinerman:At the request of the parties, status hearing set for 3/14/2017 at 10:00 a.m. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing.Mailed notice. (jlj, ) (Entered: 01/12/2017) |

| | | | |
|---|---|---|---|
| 02/01/2017 | [179](#) | ☐ 21.64KB | MOTION by Attorney Patrick R. Buckler to withdraw as attorney for ICCO-Cheese Company, Inc., Target Corporation. No party information provided (Glikin, Joshua) (Entered: 02/01/2017) |
| 02/01/2017 | [180](#) | ☐ 35.87KB | NOTICE of Motion by Joshua Glikin for presentment of motion to withdraw as attorney [179](#) before Honorable Gary Feinerman on 2/6/2017 at 09:00 AM. (Glikin, Joshua) (Entered: 02/01/2017) |
| 02/02/2017 | [181](#) | ☐ 4.39KB | MINUTE entry before the Honorable Gary Feinerman:Motion to withdraw as attorney [179](#) is granted. Attorney Patrick Buckler is terminated as counsel for Defendants Target Corp. and ICCO-Cheese Co. Motion hearing set for 2/6/2017 [180](#) is stricken.Mailed notice. (jlj, ) (Entered: 02/02/2017) |
| 02/02/2017 | [182](#) | ☐ 135.27KB | TRANSFER ORDER dated 2/2/2017 from the Judicial Panel on Multidistrict Litigation, transferring cases to become part of MDL 2705. (mr, ) (Entered: 02/06/2017) |
| 02/06/2017 | [183](#) | ☐ 5.98MB | MOTION for Remand to State Court by David Greenstein. (ph, ) (Entered: 02/09/2017) |
| 02/06/2017 | [184](#) | ☐ 5.98MB | NOTICE of Motion by David Greenstein for presentment of motion for Remand to State Court [183](#) before Honorable Gary Feinerman on 2/14/2017 at 09:00 AM. (ph, ) (Entered: 02/09/2017) |
| 02/10/2017 | [185](#) | ☐ 0.64MB | MEMORANDUM by Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, Rodney Zachary in Opposition to motion to dismiss [173](#) , motion to dismiss [160](#) , motion to dismiss [167](#) , motion to dismiss [156](#) , motion to dismiss [163](#) *Plaintiffs' Consolidated Opposition to Motions to Dismiss by Defendants Albertsons Companies, Inc., Albertsons LLC, and Supervalue, Inc.; Target Corporation and ICCO-Cheese Company, Inc.; Wal-Mart Stores, Inc.; Kraft Heinz Company; and Publix Super Markets, Inc.* (Blood, Timothy) (Entered: 02/10/2017) |
| 02/13/2017 | [186](#) | ☐ 12.33KB | Notice of Settlement by Kraft Heinz Company (Panos, Dean) (Entered: 02/13/2017) |
| 02/13/2017 | [187](#) | ☐ 4.36KB | MINUTE entry before the Honorable Gary Feinerman:Given the notice of settlement [186](#) , motion to remand [183](#) is entered and continued to 3/14/2017 at 10:00 a.m. Motion hearing set for 2/14/2017 [184](#) is stricken.Mailed notice. (jlj, ) (Entered: 02/13/2017) |
| 03/03/2017 | [188](#) | ☐ 148.96KB | REPLY by Kraft Heinz Company to MOTION by Defendant Kraft Heinz Company to dismiss *Plaintiffs' Consolidated Class Action Complaint* [160](#) */Reply Memorandum of Law in Support of Motion to Dismiss* (Panos, Dean) (Entered: 03/03/2017) |
| 03/03/2017 | [189](#) | ☐ 173.27KB | Supplemental Request for JUDICIAL NOTICE in SUPPORT OF ITS MOTION TO DISMISS by Kraft Heinz Company (Attachments: # [1](#) |

| | | | |
|---|---|---|---|
| | | | Exhibit A)(Panos, Dean) (Entered: 03/03/2017) |
| 03/03/2017 | [190](#) | ☐ 251.34KB | REPLY by Wal-Mart Stores, Inc. to memorandum in opposition to motion,, [185](#) (Citera, Francis) (Entered: 03/03/2017) |
| 03/03/2017 | [191](#) | ☐ 49.08KB | REPLY by Defendants ICCO-Cheese Company, Inc., Target Corporation to memorandum in support of motion [164](#) (Glikin, Joshua) (Entered: 03/03/2017) |
| 03/03/2017 | [192](#) | ☐ 258.76KB | REPLY by Defendants Albertson Companies, Inc, Albertsons, LLC, Publix Super Markets, Inc., Supervalu, Inc. to motion to dismiss [156](#) *Consolidated Complaint* (Hansen, Gary) (Entered: 03/03/2017) |
| 03/10/2017 | [193](#) | ☐ 223.38KB | RESPONSE by Plaintiffs Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, Rodney Zachary to other [189](#) *Plaintiffs' Opposition to Defendant Kraft Heinz Company's Supplemental Request for Judicial Notice in Support of its Motion to Dismiss* (Blood, Timothy) (Entered: 03/10/2017) |
| 03/13/2017 | [194](#) | ☐ 24.04KB | REPLY by Defendant Kraft Heinz Company to Response, [193](#) *// Kraft Heinz's Reply In Support Of Supplemental Request For Judicial Notice* (Panos, Dean) (Entered: 03/13/2017) |
| 03/14/2017 | [195](#) | ☐ 4.33KB | MINUTE entry before the Honorable Gary Feinerman:Motion hearing held. Argument held on the pending motions to dismiss. Status hearing set for 5/4/2017 at 10:00 a.m. Mailed notice. (jlj, ) (Entered: 03/14/2017) |
| 03/23/2017 | [196](#) | ☐ 13.87KB | STIPULATION of Dismissal *with Prejudice* (Lee, Kenneth) (Entered: 03/23/2017) |
| 03/24/2017 | [197](#) | ☐ 4.33KB | MINUTE entry before the Honorable Gary Feinerman:Given the stipulation of dismissal of Plaintiff Greenstein's case [196](#) , motion to remand [183](#) is denied as moot.Mailed notice. (jlj, ) (Entered: 03/24/2017) |
| 04/03/2017 | [198](#) | ☐ 42.30KB | Quarterly Report by Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, Rodney Zachary (Barnow, Ben) (Entered: 04/03/2017) |
| 04/26/2017 | [199](#) | ☐ 4.49KB | MINUTE entry before the Honorable Gary Feinerman: Status hearing set for 5/4/2017 [195](#) is stricken and re-set for 6/14/2017 at 10:00 a.m. Any party that would like a status hearing before that date should contact the Courtroom Deputy. The motions to dismiss remain under submission. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing.Mailed notice. (jlj, ) (Entered: 04/26/2017) |
| 05/23/2017 | [200](#) | ☐ 12.57KB | ATTORNEY Appearance for Plaintiff Charlene Agles by Gordon Morris Fauth, Jr (Fauth, Gordon) (Entered: 05/23/2017) |

| 05/25/2017 | 201 | ☐ 170.20KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-13214382. (Korsinsky, Eduard) (Entered: 05/25/2017) |
| 05/25/2017 | 202 | ☐ 11.25KB | MOTION by Plaintiff Ann Bell to substitute attorney *Eduard Korsinsky for Lori G. Feldman* (Feldman, Lori) (Entered: 05/25/2017) |
| 05/25/2017 | 203 | ☐ 9.06KB | NOTICE of Motion by Lori G. Feldman for presentment of motion to substitute attorney 202 before Honorable Gary Feinerman on 6/6/2017 at 09:00 AM. (Feldman, Lori) (Entered: 05/25/2017) |
| 05/30/2017 | 204 | ☐ 4.43KB | MINUTE entry before the Honorable Gary Feinerman:Application to appear pro hac vice 201 is granted. Motion to substitute attorney 202 is granted. Attorney Lori Feldman is terminated as counsel for Plaintiff Ann Bell (formerly Yankee). Substitute counsel may file his appearance for that plaintiff. Motion hearing set for 6/6/2017 203 is stricken.Mailed notice. (jlj, ) (Entered: 05/30/2017) |
| 06/05/2017 | 205 | ☐ 49.33KB | NOTICE by Joshua Glikin of Change of Address (Glikin, Joshua) (Entered: 06/05/2017) |
| 06/12/2017 | 206 | ☐ 145.96KB | ATTORNEY Appearance for Plaintiff Ann Bell by Eduard Korsinsky (Korsinsky, Eduard) (Entered: 06/12/2017) |
| 06/13/2017 | 207 | ☐ 4.49KB | MINUTE entry before the Honorable Gary Feinerman: Status hearing set for 6/14/2017 199 is stricken and re-set for 7/17/2017 at 10:30 a.m. Any party that would like a status hearing before that date should contact the Courtroom Deputy. The motions to dismiss remain under submission. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing. Mailed notice. (jlj, ) (Entered: 06/13/2017) |
| 06/30/2017 | 208 | ☐ 339.75KB | Quarterly Report by Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, Rodney Zachary (Barnow, Ben) (Entered: 06/30/2017) |
| 07/12/2017 | 209 | ☐ 37.75KB | MOTION by Attorney Julia L. Titolo to withdraw as attorney for Michael Chmielewski, Catherine Higens, In Re: 100% Grated Parmesan Cheese Marketing and Sales Practices Litigation, Ryan Schmidt. No party information provided (Titolo, Julia) (Entered: 07/12/2017) |
| 07/12/2017 | 210 | ☐ 33.99KB | NOTICE of Motion by Julia Lynn Titolo for presentment of motion to withdraw as attorney 209 before Honorable Gary Feinerman on 7/18/2017 at 09:00 AM. (Titolo, Julia) (Entered: 07/12/2017) |
| 07/12/2017 | 211 | ☐ 4.49KB | MINUTE entry before the Honorable Gary Feinerman: The status hearing set for 7/17/2017 207 is stricken and re-set to 8/17/2017 at 10:30 a.m. Any party that would like a status hearing before that date should contact the Courtroom Deputy. The motions to dismiss remain under submission. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing. |

| | | | Mailed notice (lcw, ) (Entered: 07/12/2017) |
|---|---|---|---|
| 07/13/2017 | 212 | ☐ 4.37KB | MINUTE entry before the Honorable Gary Feinerman: Julia Titolo 's motion for leave to withdraw as counsel 209 is granted. Attorney Julia Titolo is terminated as counsel for Plaintiffs. The 7/18/2017 motion hearing 210 is stricken. Mailed notice (lcw, ) (Entered: 07/13/2017) |
| 07/18/2017 | 213 | ☐ 4.42KB | MINUTE entry before the Honorable Gary Feinerman:At the request of the parties, status hearing set for 8/17/2017 211 is stricken and re-set for 8/21/2017 at 9:15 a.m. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing.Mailed notice. (jlj, ) (Entered: 07/18/2017) |
| 08/18/2017 | 214 | ☐ 4.45KB | MINUTE entry before the Honorable Gary Feinerman: Status hearing set for 8/21/2017 213 is stricken and re-set for 9/14/2017 at 9:15 a.m. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing. A ruling on the pending motions to dismiss will issue shortly.Mailed notice. (jlj, ) (Entered: 08/18/2017) |
| 08/24/2017 | 215 | ☐ 4.59KB | MINUTE entry before the Honorable Gary Feinerman:For the reasons set forth in the accompanying Memorandum Opinion and Order, Defendants' motions to dismiss 156 160 163 167 173 are denied in part (as to Rule 12(b)(1)) and granted in part (as to Rule 12(b)(6)). The consolidated amended class action complaints 120 121 122 123 143 are dismissed without prejudice. Plaintiffs have until 9/14/2017 to amend their complaints. If they do not do so, the dismissals will convert automatically to dismissals with prejudice, and judgment will be entered. If Plaintiffs amend their complaints, Defendants shall answer or otherwise plead by 10/5/2017.Mailed notice. (jlj, ) (Entered: 08/24/2017) |
| 08/24/2017 | 216 | ☐ 0.53MB | MEMORANDUM Opinion and Order written by the Honorable Gary Feinerman on 8/24/2017.Mailed notice.(jlj, ) (Entered: 08/24/2017) |
| 09/11/2017 | 217 | ☐ 4.45KB | MINUTE entry before the Honorable Gary Feinerman: Because Plaintiffs have until 9/14/2017 to amend their complaints, status hearing set for 9/14/2017 214 is stricken and re-set to 9/21/2017 at 9:15 a.m. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing. Mailed notice. (jlj, ) (Entered: 09/11/2017) |
| 09/11/2017 | 218 | ☐ 282.17KB | MOTION by Plaintiffs Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, Rodney Zachary for extension of time to amend *their complaints* (Barnow, Ben) (Entered: 09/11/2017) |
| 09/11/2017 | 219 | ☐ 333.01KB | NOTICE of Motion by Ben Barnow for presentment of motion for extension of time to amend, 218 before Honorable Gary Feinerman on 9/14/2017 at 09:00 AM. (Barnow, Ben) (Entered: 09/11/2017) |

| 09/12/2017 | 220 ☐ 4.50KB | MINUTE entry before the Honorable Gary Feinerman:Motion for extension of time to amend 218 is granted. The time for Plaintiffs to file their amended complaints is extended to 10/5/2017. Motion hearing set for 9/14/2017 219 is stricken. Status hearing set for 9/21/2017 217 is stricken and re-set for 10/10/2017 at 9:30 a.m. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing. Mailed notice. (jlj, ) Modified on 10/6/2017 (jlj, ). (Entered: 09/12/2017) |
| 10/03/2017 | 221 ☐ 338.24KB | Quarterly Report by Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, Rodney Zachary (Barnow, Ben) (Entered: 10/03/2017) |
| 10/05/2017 | 222 ☐ 18.61KB | MOTION by Plaintiffs Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, Rodney Zachary for extension of time *to File Amended Complaints* (Barnow, Ben) (Entered: 10/05/2017) |
| 10/05/2017 | 223 ☐ 333.22KB | NOTICE of Motion by Ben Barnow for presentment of extension of time, 222 before Honorable Gary Feinerman on 10/10/2017 at 09:00 AM. (Barnow, Ben) (Entered: 10/05/2017) |
| 10/06/2017 | 224 ☐ 4.49KB | MINUTE entry before the Honorable Gary Feinerman:Motion for extension of time 222 is granted. The time for Plaintiffs to file their amended complaints is extended to 10/19/2017. Motion hearing set for 10/10/2017 223 is stricken. Status hearing set for 10/10/2017 220 is stricken and re-set for 10/26/2017 at 9:30 a.m. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing. Mailed notice. (jlj, ) (Entered: 10/06/2017) |
| 10/19/2017 | 225 ☐ 1.14MB | *Consolidated Class Action* AMENDED complaint by Samantha Lewin, Rosemary Quinn, Yvette Ramona Knight Nash, Karen Ford, Michael Wills, Larry Rollinger, Jr, Adam Weiss, Ann Bell, Alfonso Fata against Kraft Heinz Company (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Barnow, Ben) (Entered: 10/19/2017) |
| 10/19/2017 | 226 ☐ 0.96MB | *Consolidated Class Action* AMENDED complaint by Carmen Pellitteri, Erin Rudder against Publix Super Markets, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Barnow, Ben) (Entered: 10/19/2017) |
| 10/19/2017 | 227 ☐ 1.00MB | *Consolidated Class Action* AMENDED complaint by Dan Lang, Michael Wills, Ann Bell against Albertson Companies, Inc, Albertsons, LLC, Supervalu, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Barnow, Ben) (Entered: 10/19/2017) |

| 10/19/2017 | 228 ☐ 1.06MB | *Consolidated Class Action* AMENDED complaint by Nancy Reeves, Rodney Zachary, Ann Bell, Alfonso Fata against ICCO-Cheese Company, Inc., Target Corporation (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Barnow, Ben) (Entered: 10/19/2017) |
|---|---|---|
| 10/19/2017 | 229 ☐ 1.08MB | *Consolidated Class Action* AMENDED complaint by Nancy Reeves, Alan Ducorsky, Michael Wills, Larry Rollinger, Jr, Becky Sikes, Rita Schmoll against ICCO-Cheese Company, Inc., Wal-Mart Stores, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Barnow, Ben) (Entered: 10/19/2017) |
| 10/20/2017 | 230 ☐ 4.35KB | MINUTE entry before the Honorable Gary Feinerman:At the 10/26/2017 status hearing 224 , the court will ask Defendants whether they intend to answer or move to dismiss the amended complaints. Mailed notice. (jlj, ) (Entered: 10/20/2017) |
| 10/25/2017 | 231 ☐ 4.43KB | MINUTE entry before the Honorable Gary Feinerman: Status hearing set for 10/26/2017 at 9:30 a.m. 224 is re-set for 9:45 a.m. TIME CHANGE ONLY. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing.Mailed notice. (jlj, ) (Entered: 10/25/2017) |
| 10/26/2017 | 232 ☐ 4.49KB | MINUTE entry before the Honorable Gary Feinerman:Status hearing held and continued to 12/4/2017 at 2:00 p.m. Defendants shall file their motions to dismiss by 11/30/2017; Plaintiffs' responses due by 1/19/2018; replies due by 2/2/2018. Motion hearing set for 2/20/2018 at 9:15 a.m. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing.Mailed notice. (jlj, ) (Entered: 10/26/2017) |
| 10/27/2017 | 233 ☐ 66.88KB | WITHDRAWING *Rosemary Rivas and Quentin Roberts* as counsel for Plaintiff Charlene Agles and substituting Rosanne Mah as counsel of record (Mah, Rosanne) (Entered: 10/27/2017) |
| 11/02/2017 | 234 ☐ 60.80KB | ATTORNEY Appearance for Plaintiff Charlene Agles by Rosanne Mah (Mah, Rosanne) (Entered: 11/02/2017) |
| 11/06/2017 | 235 ☐ 34.39KB | NOTICE by Timothy Gordon Blood of Change of Address *Notification of Change of Address* (Blood, Timothy) (Entered: 11/06/2017) |
| 11/13/2017 | 236 ☐ 4.42KB | MINUTE entry before the Honorable Gary Feinerman: Status hearing set for 12/4/2017 at 2:00 p.m. 232 is re-set for 1:45 p.m. TIME CHANGE ONLY. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing. Mailed notice. (jlj, ) (Entered: 11/13/2017) |
| 11/30/2017 | 237 ☐ 11.97KB | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *by ICCO-Cheese Company, Inc., Target Corporation* (Glikin, Joshua) (Entered: 11/30/2017) |
| 11/30/2017 | 238 ☐ 80.47KB | MOTION by Defendant Wal-Mart Stores, Inc. to dismiss *the Amended Consolidated Class Action Complaint* (Citera, Francis) (Entered: 11/30/2017) |

| 11/30/2017 | [239](#) | ☐ 67.97KB | MEMORANDUM by ICCO-Cheese Company, Inc., Target Corporation in support of Motion to Dismiss for Failure to State a Claim [237](#) (Glikin, Joshua) (Entered: 11/30/2017) |
| 11/30/2017 | [240](#) | ☐ 0.67MB | MEMORANDUM by Wal-Mart Stores, Inc. in support of motion to dismiss [238](#) (Attachments: # [1](#) Exhibit A)(Citera, Francis) (Entered: 11/30/2017) |
| 11/30/2017 | [241](#) | ☐ 10.50KB | NOTICE of Motion by Francis A Citera for presentment of motion to dismiss [238](#) before Honorable Gary Feinerman on 12/5/2017 at 10:30 AM. (Citera, Francis) (Entered: 11/30/2017) |
| 11/30/2017 | [242](#) | ☐ 4.41KB | MINUTE entry before the Honorable Gary Feinerman:Hearing on motion to dismiss amended consolidated class action complaints against Target Corporation and ICCO-Cheese Company [237](#) and motion to dismiss the amended consolidated class action complaint [238](#) set for 12/5/2017 [241](#) is re-set for 12/4/2017 at 1:45 p.m.Mailed notice. (jlj, ) (Entered: 11/30/2017) |
| 11/30/2017 | [243](#) | ☐ 63.62KB | MOTION by Defendants Supervalu, Inc., Albertsons, LLC, Albertson Companies, Inc to dismiss *Amended Consolidated Class Action Complaint* (Fisher, Heidi) (Entered: 11/30/2017) |
| 11/30/2017 | [244](#) | ☐ 2.11MB | MEMORANDUM by Albertson Companies, Inc, Albertsons, LLC, Supervalu, Inc. in support of motion to dismiss [243](#) *Amended Consolidated Class Action Complaint* (Attachments: # [1](#) Exhibit 1)(Fisher, Heidi) (Entered: 11/30/2017) |
| 11/30/2017 | [245](#) | ☐ 52.37KB | NOTICE of Motion by Heidi A.O. Fisher for presentment of motion to dismiss [243](#) before Honorable Gary Feinerman on 12/4/2017 at 01:45 PM. (Fisher, Heidi) (Entered: 11/30/2017) |
| 11/30/2017 | [246](#) | ☐ 63.51KB | MOTION by Defendant Publix Super Markets, Inc. to dismiss *Amended Consolidated Class Action Complaint* (Fisher, Heidi) (Entered: 11/30/2017) |
| 11/30/2017 | [247](#) | ☐ 2.08MB | MEMORANDUM by Publix Super Markets, Inc. in support of motion to dismiss [246](#) *Amended Consolidated Class Action Complaint* (Attachments: # [1](#) Exhibit 1)(Fisher, Heidi) (Entered: 11/30/2017) |
| 11/30/2017 | [248](#) | ☐ 52.58KB | NOTICE of Motion by Heidi A.O. Fisher for presentment of motion to dismiss [246](#) before Honorable Gary Feinerman on 12/4/2017 at 01:45 PM. (Fisher, Heidi) (Entered: 11/30/2017) |
| 11/30/2017 | [249](#) | ☐ 14.17KB | MOTION by Defendant Kraft Heinz Company to dismiss *Amended Consolidated Class Action Complaint Against The kraft Heinz Company* (Panos, Dean) (Entered: 11/30/2017) |
| 11/30/2017 | [250](#) | ☐ 190.62KB | MEMORANDUM by Kraft Heinz Company in support of motion to dismiss [249](#) *Amended Consolidated Class Action Complaint Against The Kraft Heinz Company* (Panos, Dean) (Entered: 11/30/2017) |

| 11/30/2017 | 251 <br> ☐ <br> 14.97KB | NOTICE of Motion by Dean Nicholas Panos for presentment of motion to dismiss 249 before Honorable Gary Feinerman on 12/4/2017 at 01:45 PM. (Panos, Dean) (Entered: 11/30/2017) |
|---|---|---|
| 12/04/2017 | 252 <br> ☐ <br> 4.40KB | MINUTE entry before the Honorable Gary Feinerman:Status hearing held and continued to 2/20/2018 at 2:00 p.m. Motion hearing held. Motions to dismiss 237 238 243 246 249 are entered and continued. For the reasons stated on the record, discovery remains stayed.Mailed notice. (jlj, ) (Entered: 12/04/2017) |
| 12/04/2017 | 253 <br> ☐ <br> 4.38KB | MINUTE entry before the Honorable Gary Feinerman:Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing on 2/20/2018 at 2:00 p.m.Mailed notice. (jlj, ) (Entered: 12/04/2017) |
| 01/03/2018 | 254 <br> ☐ <br> 339.01KB | Quarterly Report by Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, Rodney Zachary (Barnow, Ben) (Entered: 01/03/2018) |
| 01/19/2018 | 255 <br> ☐ <br> 511.47KB | MEMORANDUM by Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, Rodney Zachary in Opposition to motion to dismiss 238 , Motion to Dismiss for Failure to State a Claim 237 , motion to dismiss 246 , motion to dismiss 249 , motion to dismiss 243 *Plaintiffs' Consolidated Opposition to Defendants' Motions to Dismiss Amended Consolidated Class Action Complaints* (Blood, Timothy) (Entered: 01/19/2018) |
| 01/19/2018 | 256 <br> ☐ <br> 420.95KB | MOTION by Plaintiffs Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, Rodney Zachary for leave to file excess pages *Plaintiffs' Motion to Exceed the Page Limit for Plaintiffs' Consolidated Opposition to Defendants' Motions to Dismiss Amended Consolidated Class Action Complaints* (Blood, Timothy) (Entered: 01/19/2018) |
| 01/19/2018 | 257 <br> ☐ <br> 336.57KB | NOTICE of Motion by Timothy Gordon Blood for presentment of motion for leave to file excess pages,, 256 before Honorable Gary Feinerman on 1/25/2018 at 09:00 AM. (Blood, Timothy) (Entered: 01/19/2018) |
| 01/22/2018 | 258 <br> ☐ <br> 4.39KB | MINUTE entry before the Honorable Gary Feinerman:Plaintiffs' motion to exceed the page limit for Plaintiffs' consolidated opposition to Defendants' motions to dismiss amended consolidated class action complaints 256 is granted. Motion hearing set for 1/25/2018 257 is stricken.Mailed notice. (jlj, ) (Entered: 01/22/2018) |

| 01/30/2018 | 259 | ☐ 13.35KB | MOTION by Defendants ICCO-Cheese Company, Inc., Target Corporation for extension of time to file response/reply as to memorandum in opposition to motion,, 255 (Glikin, Joshua) (Entered: 01/30/2018) |
| 01/30/2018 | 260 | ☐ 22.88KB | NOTICE of Motion by Joshua Glikin for presentment of motion for extension of time to file response/reply 259 before Honorable Gary Feinerman on 2/5/2018 at 09:00 AM. (Glikin, Joshua) (Entered: 01/30/2018) |
| 01/31/2018 | 261 | ☐ 4.40KB | MINUTE entry before the Honorable Gary Feinerman:Motion for extension of time to file 259 is granted. The time for Defendants to reply in support of their motion to dismiss is extended to 2/9/2018. Strike 260. Motion hearing set for 2/5/2018 260 is stricken. Mailed notice. (jlj, ) (Entered: 01/31/2018) |
| 02/06/2018 | 262 | ☐ 72.52KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-14089163. (Polasko, Cynthia) (Entered: 02/06/2018) |
| 02/06/2018 | 263 | ☐ 112.55KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-14090330. (Attachments: # 1 Exhibit 1)(Esworthy, Matthew) (Entered: 02/06/2018) |
| 02/08/2018 | 264 | ☐ 247.74KB | REPLY by Wal-Mart Stores, Inc. to MOTION by Defendant Wal-Mart Stores, Inc. to dismiss *the Amended Consolidated Class Action Complaint* 238 (Citera, Francis) (Entered: 02/08/2018) |
| 02/09/2018 | 265 | ☐ 110.69KB | MEMORANDUM by Kraft Heinz Company in support of motion to dismiss 238 *the Amended Consolidated Class Action Complaint* (Panos, Dean) (Entered: 02/09/2018) |
| 02/09/2018 | 266 | ☐ 110.69KB | REPLY by Defendant Kraft Heinz Company to motion to dismiss 249 *Amended Consolidated Class Action Complaint Against The Kraft Heinz Company* (Panos, Dean) (Entered: 02/09/2018) |
| 02/09/2018 | 267 | ☐ 155.19KB | REPLY by Defendants Albertson Companies, Inc, Albertsons, LLC, Publix Super Markets, Inc., Supervalu, Inc. to motion to dismiss 246 , motion to dismiss 243 *Amended Consolidated Class Action Complaint* (Fisher, Heidi) (Entered: 02/09/2018) |
| 02/09/2018 | 268 | ☐ 30.44KB | REPLY by Defendants ICCO-Cheese Company, Inc., Target Corporation to Motion to Dismiss for Failure to State a Claim 237 (Glikin, Joshua) (Entered: 02/09/2018) |
| 02/14/2018 | 269 | ☐ 4.32KB | MINUTE entry before the Honorable Gary Feinerman:Applications to appear pro hac vice 262 and 263 are granted. Mailed notice. (jlj, ) (Entered: 02/14/2018) |
| 02/20/2018 | 270 | ☐ 4.33KB | MINUTE entry before the Honorable Gary Feinerman:Status hearing held and continued to 4/17/2018 at 9:15 a.m. Argument held on the pending motions to dismiss.Mailed notice. (jlj, ) (Entered: 02/21/2018) |

| 02/21/2018 | 271 | ☐ 4.39KB | MINUTE entry before the Honorable Gary Feinerman:Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing on 4/17/2018 at 9:15 a.m.Mailed notice. (jlj, ) (Entered: 02/21/2018) |
|---|---|---|---|
| 02/21/2018 | 272 | ☐ 27.46KB | NOTICE by Brant D. Penney of Change of Address (Penney, Brant) (Entered: 02/21/2018) |
| 02/21/2018 | 273 | ☐ 83.61KB | NOTICE OF EMAIL NOTIFICATION FAILURE, for document # 271 , 272 sent to Attorney Rajesh Kanuru returned as: Unknown Address Error. Mailed to attorney Rajesh Kanuru a letter re: bounce back email and a Notification of Change of Address form. Notices have been set to No. Counsel must email the Clerk's Office at Docketing_ILND@uscourts.gov when a Notification of Change of Address has been filed to ensure electronic notification is reset. (ek, ) (Entered: 02/22/2018) |
| 04/03/2018 | 274 | ☐ 339.40KB | Quarterly Report by Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, Rodney Zachary (Barnow, Ben) (Entered: 04/03/2018) |
| 04/13/2018 | 275 | ☐ 4.42KB | MINUTE entry before the Honorable Gary Feinerman: Status hearing set for 4/17/2018 270 is stricken and re-set for 5/31/2018 at 9:15 a.m. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing. Mailed notice. (jlj, ) (Entered: 04/13/2018) |
| 04/13/2018 | 276 | ☐ 53.52KB | NOTICE OF EMAIL NOTIFICATION FAILURE, for document # 275 sent to Attorney Roger L Scott returned as: Unknown address error. Mailed to attorney Roger L Scott a letter re: bounce back email and a Notification of Change of Address form. Notices have been set to No. Counsel must email the Clerks Office at Docketing_ILND@ilnd.uscourts.gov when a Notification of Change of Address has been filed to ensure electronic notification is reset. (jk, ) (Entered: 04/16/2018) |
| 04/18/2018 | 277 | ☐ 4.43KB | MINUTE entry before the Honorable Gary Feinerman:At the request of the parties, status hearing set for 5/31/2018 275 is stricken and re-set for 6/4/2018 at 9:15 a.m. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing. Mailed notice. (jlj, ) (Entered: 04/18/2018) |
| 05/30/2018 | 278 | ☐ 4.41KB | MINUTE entry before the Honorable Gary Feinerman: Status hearing set for 6/4/2018 277 is stricken and re-set for 7/12/2018 at 9:15 a.m. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing. Mailed notice. (jlj, ) (Entered: 05/30/2018) |
| 06/01/2018 | 279 | ☐ 4.42KB | MINUTE entry before the Honorable Gary Feinerman:At the request of the parties, status hearing set for 7/12/2018 278 is stricken and re-set for |

| | | | |
|---|---|---|---|
| | | | 7/16/2018 at 9:15 a.m. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing. Mailed notice. (jlj, ) (Entered: 06/01/2018) |
| 06/11/2018 | 280 | ☐ 77.25KB | MOTION by Attorney Maebetty Kirby to withdraw as attorney for Dan Lang. No party information provided (Zimmerman, Thomas) (Entered: 06/11/2018) |
| 06/11/2018 | 281 | ☐ 9.11KB | NOTICE of Motion by Thomas A. Zimmerman, Jr for presentment of motion to withdraw as attorney 280 before Honorable Gary Feinerman on 6/21/2018 at 09:00 AM. (Zimmerman, Thomas) (Entered: 06/11/2018) |
| 06/12/2018 | 282 | ☐ 4.36KB | MINUTE entry before the Honorable Gary Feinerman:Motion to withdraw as attorney 280 is granted. Attorney Maebetty Kirby terminated as counsel for Plaintiff Dan Lang. Motion hearing set for 6/21/2018 281 is stricken.Mailed notice. (jlj, ) (Entered: 06/12/2018) |
| 07/03/2018 | 283 | ☐ 371.51KB | Quarterly Report by Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, Rodney Zachary (Barnow, Ben) (Entered: 07/03/2018) |
| 07/11/2018 | 284 | ☐ 4.42KB | MINUTE entry before the Honorable Gary Feinerman: Status hearing set for 7/16/2018 279 is stricken and re-set for 8/13/2018 at 9:15 a.m. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing.Mailed notice. (jlj, ) (Entered: 07/11/2018) |
| 07/13/2018 | 285 | ☐ 4.42KB | MINUTE entry before the Honorable Gary Feinerman:At the request of the parties, status hearing set for 8/13/2018 284 is stricken and re-set for 8/27/2018 at 10:15 a.m. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing.Mailed notice. (jlj, ) (Entered: 07/13/2018) |
| 08/16/2018 | 286 | ☐ 84.31KB | MOTION by Attorney Michael Meredith to withdraw as attorney for George Brahler. No party information provided (Laufenberg, Cari) (Entered: 08/16/2018) |
| 08/16/2018 | 287 | ☐ 83.85KB | NOTICE of Motion by Cari C Laufenberg for presentment of motion to withdraw as attorney 286 before Honorable Gary Feinerman on 9/12/2018 at 09:00 AM. (Laufenberg, Cari) (Entered: 08/16/2018) |
| 08/17/2018 | 288 | ☐ 4.37KB | MINUTE entry before the Honorable Gary Feinerman:Motion to withdraw as attorney 286 is granted. Attorney Michael Meredith is terminated as counsel for Plaintiff George Brahler. Motion hearing set for 9/12/2018 287 is stricken.Mailed notice. (jlj, ) (Entered: 08/17/2018) |
| 08/23/2018 | 289 | ☐ 4.42KB | MINUTE entry before the Honorable Gary Feinerman: Status hearing set for 8/27/2018 285 is stricken and re-set for 9/24/2018 at 10:00 a.m. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status |

| | | | hearing.Mailed notice. (jlj, ) (Entered: 08/23/2018) |
|---|---|---|---|
| 09/05/2018 | [290](#) | ☐ 156.85KB | NOTICE by Andrea Clisura of Change of Address (Clisura, Andrea) (Entered: 09/05/2018) |
| 09/18/2018 | [291](#) | ☐ 16.85KB | NOTICE by Janine L Pollack of Change of Address *Firm, Telephone Number and Email Address* (Pollack, Janine) (Entered: 09/18/2018) |
| 09/21/2018 | [292](#) | ☐ 4.42KB | MINUTE entry before the Honorable Gary Feinerman:Status hearing set for 9/24/2018 [289](#) is stricken and re-set for 10/18/2018 at 10:00 a.m. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing.Mailed notice. (jlj, ) (Entered: 09/21/2018) |
| 10/03/2018 | [293](#) | ☐ 371.02KB | NOTICE by Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, Rodney Zachary *of filing Quarterly Report* (Barnow, Ben) (Entered: 10/03/2018) |
| 10/18/2018 | [294](#) | ☐ 4.46KB | MINUTE entry before the Honorable Gary Feinerman:Status hearing held and continued to 11/15/2018 at 9:30 a.m. The parties shall file a joint status report with a proposed discovery and dispositive motion schedule by 11/5/2018. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing.Mailed notice. (jlj, ) (Entered: 10/18/2018) |
| 10/25/2018 | [295](#) | ☐ 64.99KB | NOTICE by Carl V. Malmstrom of Change of Address (Malmstrom, Carl) (Entered: 10/25/2018) |
| 11/01/2018 | [296](#) | ☐ 5.46KB | MINUTE entry before the Honorable Gary Feinerman:For the reasons set forth in the accompanying Memorandum Opinion and Order, Defendant Target/ICCO's motion to dismiss [237](#) and Defendant Publix Super Markets's motion to dismiss [246](#) are granted, and Defendant Wal-Mart's motion to dismiss [238](#) , Defendant Supervalu/Albertson's motion to dismiss [243](#) , and Defendant Kraft Heinz's motion to dismiss [249](#) are granted in part and denied in part. The 100% claims are dismissed in their entirety, as are all Anticaking claims against Target/ICCO and all Anticaking claims under Alabama law against Albertsons. The Anticaking claims under the ADTPA, CLRA, UCL, FDUTPA, MUTPA, MDTPA, MFSAA, MPCFA, NJCFA, and NYGBL are dismissed as well. The Anticaking claims under Connecticut, Michigan, and New York express warranty law are dismissed, as are the Anticaking claims against Kraft and SuperValu under Illinois express warranty law. The Anticaking claims against SuperValu under Alabama and Illinois implied warranty law are also dismissed. Plaintiffs may proceed on their Anticaking claims against Kraft under the CUTPA, ICFA, and MCFA, and against Albertsons/SuperValu under the ICFA. They may proceed with their Anticaking express warranty claims against Kraft under Alabama, California, Florida, and Minnesota law; against Albertsons under Illinois |

| | | | |
|---|---|---|---|
| | | | law; against SuperValu under Alabama law; and against Wal-Mart/ICCO under Alabama, California, Florida, Minnesota, and New Jersey law. They may proceed with their Anticaking implied warranty claims against Kraft under California, Connecticut, Michigan, and Minnesota law; against Albertsons under Illinois law; and against Wal-Mart/ICCO under Alabama, California, Florida, New Jersey, New York, and Minnesota law. Finally, Plaintiffs may proceed with their Anticaking unjust enrichment claims against Kraft, Albertsons/SuperValu, and Wal-Mart/ICCO, except for the claims against Albertsons under Alabama law. The Clerk is directed to terminate Publix Super Markets, Inc. and Target Corporation as party defendants. The remaining defendants shall answer the surviving portions of the operative complaints by 11/28/2018.Mailed notice. (jlj, ) (Entered: 11/01/2018) |
| 11/01/2018 | 297 | ☐ 266.04KB | MEMORANDUM Opinion and Order written by the Honorable Gary Feinerman on 11/1/2018.Mailed notice.(jlj, ) (Entered: 11/01/2018) |
| 11/05/2018 | 298 | ☐ 4.49KB | MINUTE entry before the Honorable Gary Feinerman:At the parties' request, status hearing set for 11/15/2018 294 is stricken and re-set for 11/28/2018 at 9:15 a.m. The parties shall file a joint status report with a proposed discovery and dispositive motion schedule by 11/19/2018. Attorneys who wish to participate by telephone should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing.Mailed notice. (jlj, ) (Entered: 11/05/2018) |
| 11/08/2018 | 299 | ☐ 11.61KB | MOTION by Attorney Theodore B. Bell to withdraw as attorney for Elizabeth Bidgood, Janine Hechmer. No party information provided (Malmstrom, Carl) (Entered: 11/08/2018) |
| 11/08/2018 | 300 | ☐ 11.33KB | NOTICE of Motion by Carl V. Malmstrom for presentment of motion to withdraw as attorney 299 before Honorable Gary Feinerman on 11/15/2018 at 09:00 AM. (Malmstrom, Carl) (Entered: 11/08/2018) |
| 11/13/2018 | 301 | ☐ 4.43KB | MINUTE entry before the Honorable Gary Feinerman:Motion to withdraw as attorney 299 is granted. Attorney Theodore Bell is terminated as counsel for Plaintiff Janine Hechmer and Elizabeth Bidgood. Motion hearing set for 11/15/2018 300 is stricken. The Clerk is directed to terminate Attorney Bell in No. 16 C 2687 as well.Mailed notice. (jlj, ) (Entered: 11/13/2018) |
| 11/19/2018 | 302 | ☐ 216.30KB | STATUS Report *(Joint Proposed Schedule on Discovery and Dispositive Motions)* by Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, Rodney Zachary (Barnow, Ben) (Entered: 11/19/2018) |
| 11/20/2018 | 303 | ☐ 4.41KB | MINUTE entry before the Honorable Gary Feinerman: Status hearing set for 11/28/2018 at 9:15 a.m. 298 is re-set for 9:30 a.m. TIME CHANGE ONLY. Attorneys who wish to participate by telephone should call Toll- |

| | | | Free Number: (877) 336-1828, Access Code: 4082461. Mailed notice. (jlj, ) (Entered: 11/20/2018) |
|---|---|---|---|
| 11/27/2018 | 304 | ☐ 301.18KB | ANSWER to amended complaint , ANSWER to amended complaint by Albertson Companies, Inc, Albertsons, LLC(Hansen, Gary) (Entered: 11/27/2018) |
| 11/27/2018 | 305 | ☐ 302.53KB | ANSWER to amended complaint , ANSWER to amended complaint by Supervalu, Inc.(Hansen, Gary) (Entered: 11/27/2018) |
| 11/28/2018 | 306 | ☐ 2.53MB | MOTION by Plaintiffs Ann Bell, Alfonso Fata, Carmen Pellitteri, Nancy Reeves, Erin Rudder, Rodney Zachary for leave to file *Second Amended Consolidated Class Action Complaints Against Publix and Target/ICCO* (Attachments: # 1 Exhibit A - Proposed Second Amended Complaint Against Publix, # 2 Exhibit B - Proposed Second Amended Complaint Against Target/ICCO)(Barnow, Ben) (Entered: 11/28/2018) |
| 11/28/2018 | 307 | ☐ 369.78KB | NOTICE of Motion by Ben Barnow for presentment of motion for leave to file, 306 before Honorable Gary Feinerman on 12/5/2018 at 09:00 AM. (Barnow, Ben) (Entered: 11/28/2018) |
| 11/28/2018 | 308 | ☐ 4.74KB | MINUTE entry before the Honorable Gary Feinerman:Status hearing held and continued to 1/10/2019 at 9:15 a.m. Plaintiffs' motion for leave to file second amended class action complaints against Defendants Publix, Target, and ICCO 306 is entered and continued. Response(s) due by 12/21/2018; reply due by 1/7/2019. The 12/5/2018 motion hearing 307 is stricken. The remaining defendants shall answer the surviving portions of the operative complaints by 12/10/2018. The parties shall provide their proposed ESI Protocols by 12/20/2018. Rule 26(a)(1) disclosures shall be served 1/7/2019. Plaintiffs' motion for class certification shall be filed by 6/30/2019; responses due by 8/14/2019; replies due by 9/13/2019. Attorneys who wish to participate by telephone at the next status hearing should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing.Mailed notice. (jlj, ) (Entered: 11/29/2018) |
| 12/06/2018 | 309 | ☐ 27.98KB | MOTION by Defendants Supervalu, Inc., Albertsons, LLC, Albertson Companies, Inc for partial summary judgment *MOTION BY ALBERTSONS COMPANIES, INC., ALBERTSONS LLC, AND SUPERVALU, INC. FOR PARTIAL JUDGMENT ON THE PLEADINGS AND PARTIAL SUMMARY JUDGMENT* (Collins, Joseph) (Entered: 12/06/2018) |
| 12/06/2018 | 310 | ☐ 9.86KB | NOTICE of Motion by Joseph Edward Collins for presentment of motion for partial summary judgment, 309 before Honorable Gary Feinerman on 12/11/2018 at 09:00 AM. (Collins, Joseph) (Entered: 12/06/2018) |
| 12/06/2018 | 311 | ☐ 373.12KB | MEMORANDUM by Albertson Companies, Inc, Albertsons, LLC, Supervalu, Inc. in support of motion for partial summary judgment, 309 (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Collins, Joseph) (Entered: 12/06/2018) |

| 12/06/2018 | 312 | ☐ 102.16KB | RULE 56 LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS BY DEFENDANTS ALBERTSONS COMPANIES, INC., ALBERTSONS LLC, AND SUPERVALU, INC. IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT Statement by Albertson Companies, Inc, Albertsons, LLC, Supervalu, Inc. regarding motion for partial summary judgment, 309 (Collins, Joseph) (Entered: 12/06/2018) |
| 12/07/2018 | 313 | ☐ 170.44KB | ANSWER to amended complaint by Kraft Heinz Company(Panos, Dean) (Entered: 12/07/2018) |
| 12/07/2018 | 314 | ☐ 12.60KB | MOTION by Defendant Kraft Heinz Company for judgment on the pleadings (Panos, Dean) (Entered: 12/07/2018) |
| 12/07/2018 | 315 | ☐ 11.85KB | NOTICE of Motion by Dean Nicholas Panos for presentment of motion for judgment on the pleadings 314 before Honorable Gary Feinerman on 12/12/2018 at 09:00 AM. (Panos, Dean) (Entered: 12/07/2018) |
| 12/07/2018 | 316 | ☐ 121.69KB | MEMORANDUM by Kraft Heinz Company in support of motion for judgment on the pleadings 314 (Panos, Dean) (Entered: 12/07/2018) |
| 12/07/2018 | 317 | ☐ 4.38KB | MINUTE entry before the Honorable Gary Feinerman:At the parties' request, hearing on Defendants' motion for partial judgment on the pleadings and partial summary judgment 309 set for 12/11/2018 310 is stricken and re-set for 12/12/2018 at 9:00 a.m.Mailed notice. (jlj, ) (Entered: 12/07/2018) |
| 12/10/2018 | 318 | ☐ 213.06KB | ANSWER to amended complaint by ICCO-Cheese Company, Inc.(Glikin, Joshua) (Entered: 12/10/2018) |
| 12/10/2018 | 319 | ☐ 266.19KB | ANSWER to amended complaint by Wal-Mart Stores, Inc.(Citera, Francis) (Entered: 12/10/2018) |
| 12/12/2018 | 320 | ☐ 4.57KB | MINUTE entry before the Honorable Gary Feinerman: Motion hearing held. Defendants Supervalu/Albertsons' motion for partial summary judgment 309 and Defendant Kraft Heinz's motion for judgment on the pleadings 314 are entered and continued. Plaintiffs' responses shall be filed by 1/17/2019; replies due by 01/31/2019. The 1/10/2019 status hearing is stricken and reset to 2/05/2019 at 9:30 a.m. Attorneys who wish to participate by telephone at the next status hearing should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing. Mailed notice (mw, ) (Entered: 12/12/2018) |
| 12/20/2018 | 321 | ☐ 14.63KB | MOTION by Defendant Kraft Heinz Company for extension of time */Defendants' Unopposed Motion to Extend Deadline to Provide ESI Protocol* (Panos, Dean) (Entered: 12/20/2018) |
| 12/20/2018 | 322 | ☐ 14.00KB | NOTICE of Motion by Dean Nicholas Panos for presentment of extension of time 321 before Honorable Gary Feinerman on 1/7/2019 at 09:00 AM. (Panos, Dean) (Entered: 12/20/2018) |

| 12/21/2018 | 323 | ☐ 4.38MB | MINUTE entry before the Honorable Gary Feinerman. Defendants' extension motion 321 is granted. The time for Defendants to serve their respective ESI protocols to Plaintiffs is extended to 1/14/2019. The 1/7/2019 motion hearing 322 is stricken. Mailed notice (lk, ) (Entered: 12/21/2018) |
| --- | --- | --- | --- |
| 12/21/2018 | 324 | ☐ 1.48MB | RESPONSE by Publix Super Markets, Inc.in Opposition to MOTION by Plaintiffs Ann Bell, Alfonso Fata, Carmen Pellitteri, Nancy Reeves, Erin Rudder, Rodney Zachary for leave to file *Second Amended Consolidated Class Action Complaints Against Publix and Target/ICCO* 306 *OPPOSITION BY PUBLIX SUPER MARKETS, INC. TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Collins, Joseph) (Entered: 12/21/2018) |
| 12/21/2018 | 325 | ☐ 4.09MB | RESPONSE by ICCO-Cheese Company, Inc., Target Corporationin Opposition to MOTION by Plaintiffs Ann Bell, Alfonso Fata, Carmen Pellitteri, Nancy Reeves, Erin Rudder, Rodney Zachary for leave to file *Second Amended Consolidated Class Action Complaints Against Publix and Target/ICCO* 306 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Glikin, Joshua) (Entered: 12/21/2018) |
| 01/03/2019 | 326 | ☐ 371.06MB | Quarterly Report by Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, Rodney Zachary (Barnow, Ben) (Entered: 01/03/2019) |
| 01/07/2019 | 327 | ☐ 499.33KB | REPLY by Ann Bell, Alfonso Fata, Carmen Pellitteri, Nancy Reeves, Erin Rudder, Rodney Zachary to response in opposition to motion, 324 , response in opposition to motion, 325 (Barnow, Ben) (Entered: 01/07/2019) |
| 01/16/2019 | 328 | ☐ 214.04KB | MOTION by Plaintiffs Ann Bell, Alfonso Fata, Karen Ford, Samantha Lewin, Yvette Ramona Knight Nash, Rosemary Quinn, Larry Rollinger, Jr, Adam Weiss, Michael Wills for extension of time to file response/reply as to order on motion for partial summary judgment,,,, order on motion for judgment on the pleadings,,, motion hearing,,, terminate hearings,,, set motion and R&R deadlines/hearings,, 320 , motion for judgment on the pleadings 314 *Unopposed* (Blood, Timothy) (Entered: 01/16/2019) |
| 01/16/2019 | 329 | ☐ 206.49KB | NOTICE of Motion by Timothy Gordon Blood for presentment of motion for extension of time to file response/reply, 328 before Honorable Gary Feinerman on 1/22/2019 at 09:00 AM. (Blood, Timothy) (Entered: 01/16/2019) |
| 01/17/2019 | 330 | ☐ 4.54MB | MINUTE entry before the Honorable Gary Feinerman:Motion for extension of time 328 is granted. The time for Plaintiffs to respond to Defendant Kraft's motion for judgment on the pleadings 314 is extended |

| | | | |
|---|---|---|---|
| | | | to 1/24/2019; reply due by 2/7/2019. Motion hearing set for 1/22/2019 329 is stricken. The status hearing set for 2/5/2019 314 is stricken and re-set for 2/14/2019 at 2:00 p.m. Attorneys who wish to participate by telephone at the next status hearing should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing. Mailed notice. (jlj, ) (Entered: 01/17/2019) |
| 01/17/2019 | 331 | ☐ 4.38KB | MINUTE entry before the Honorable Gary Feinerman:By agreement, the briefing schedule on Defendant Supervalu/Albertson's motion for judgment on the pleadings 309 shall be the same as the briefing schedule 330 on Defendant Kraft's motion for judgment on the pleadings 314 .Mailed notice. (jlj, ) (Entered: 01/17/2019) |
| 01/24/2019 | 332 | ☐ 86.88KB | MOTION by Plaintiffs Ann Bell, Alfonso Fata, Karen Ford, Samantha Lewin, Yvette Ramona Knight Nash, Rosemary Quinn, Larry Rollinger, Jr, Adam Weiss, Michael Wills for leave to file excess pages *Plaintiffs' Unopposed Motion to Exceed Local Rule 7.1 Page Limit* (Blood, Timothy) (Entered: 01/24/2019) |
| 01/24/2019 | 333 | ☐ 82.61KB | *Notice of Plaintiffs' Unopposed Motion to Exceed Local Rule 7.1 Page Limit* NOTICE of Motion by Timothy Gordon Blood for presentment of motion for leave to file excess pages, 332 before Honorable Gary Feinerman on 1/28/2019 at 09:30 AM. (Blood, Timothy) (Entered: 01/24/2019) |
| 01/24/2019 | 334 | ☐ 4.42KB | MINUTE entry before the Honorable Gary Feinerman:Plaintiffs' unopposed motion for leave to file excess pages 332 is granted. Plaintiff is given leave to file a twenty-one page memorandum in opposition to Defendant Kraft Heinz Company's motion for judgment on the pleadings. Motion hearing set for 1/28/2019 333 is stricken. Mailed notice. (jlj, ) (Entered: 01/24/2019) |
| 01/24/2019 | 335 | ☐ 300.80KB | RESPONSE by Ann Bell, Alfonso Fata, Karen Ford, Samantha Lewin, Yvette Ramona Knight Nash, Rosemary Quinn, Larry Rollinger, Jr, Adam Weiss, Michael Willsin Opposition to MOTION by Defendant Kraft Heinz Company for judgment on the pleadings 314 *Plaintiffs' Opposition to Defendant Kraft Heinz Company's Motion for Judgment on the Pleadings* (Blood, Timothy) (Entered: 01/24/2019) |
| 01/24/2019 | 336 | ☐ 0.73MB | RESPONSE by Ann Bell, Dan Lang, Michael Willsin Opposition to MOTION by Defendants Supervalu, Inc., Albertsons, LLC, Albertson Companies, Inc for partial summary judgment *MOTION BY ALBERTSONS COMPANIES, INC., ALBERTSONS LLC, AND SUPERVALU, INC. FOR PARTIAL JUDGMENT ON THE PLEADINGS AND PARTIAL SUMMARY JUDGMENT 309 (Attachments: # 1 Exhibit Response to Defendants' Statement of Facts)(Barnow, Ben) (Entered: 01/24/2019)* |
| 01/30/2019 | 337 | ☐ 4.44KB | MINUTE entry before the Honorable Gary Feinerman:At the parties' request, the status hearing set for 2/14/2019 330 is stricken and re-set for |

| | | | |
|---|---|---|---|
| | | | 2/19/2019 at 10:15 a.m. Attorneys who wish to participate by telephone at the next status hearing should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing.Mailed notice. (jlj, ) (Entered: 01/30/2019) |
| 02/07/2019 | 338 | ☐ 124.42KB | REPLY by Kraft Heinz Company to response in opposition to motion, 335 / Reply in Support of Defendant Kraft Heinz Company's Motion for Judgment on the Pleadings (Panos, Dean) (Entered: 02/07/2019) |
| 02/07/2019 | 339 | ☐ 243.95KB | REPLY by Defendants Albertson Companies, Inc, Albertsons, LLC, Supervalu, Inc. to motion for partial summary judgment, 309 REPLY MEMORANDUM BY ALBERTSONS COMPANIES, INC., ALBERTSONS LLC, AND SUPERVALU, INC. IN FURTHER SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND PARTIAL SUMMARY JUDGMENT (Collins, Joseph) (Entered: 02/07/2019) |
| 02/15/2019 | 340 | ☐ 4.37KB | MINUTE entry before the Honorable Gary Feinerman: Status hearing set for 2/19/2019 at 10:15 a.m. 337 is re-set for 10:30 a.m. TIME CHANGE ONLY. The court will have questions regarding the pending motions.Mailed notice. (jlj, ) (Entered: 02/15/2019) |
| 02/19/2019 | 341 | ☐ 4.48KB | MINUTE entry before the Honorable Gary Feinerman:Status hearing held and continued to 4/11/2019 at 2:00 p.m. The parties reported on the progress of discovery. Oral argument held on the pending motions, which are taken under advisement. Attorneys who wish to participate by telephone at the next status hearing should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing.Mailed notice. (jlj, ) (Entered: 02/19/2019) |
| 03/05/2019 | 342 | ☐ 0.51MB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-15557514. (Maccarone, Courtney) (Entered: 03/05/2019) |
| 03/14/2019 | 343 | ☐ 4.30KB | MINUTE entry before the Honorable Gary Feinerman:Motion to appear pro hac vice 342 is granted.Mailed notice. (jlj, ) (Entered: 03/14/2019) |
| 03/15/2019 | 344 | ☐ 171.63KB | STIPULATION Stipulation for Producing Documents and ESI (Blood, Timothy) (Entered: 03/15/2019) |
| 03/19/2019 | 345 | ☐ 60.74KB | ATTORNEY Appearance for Plaintiffs Ann Bell, Elizabeth Bidgood, Janine Hechmer by Courtney Maccarone (Maccarone, Courtney) (Entered: 03/19/2019) |
| 03/21/2019 | 346 | ☐ 189.88KB | MOTION by Attorney Andrea Clisura to withdraw as attorney for Ann Bell, Elizabeth Bidgood, Janine Hechmer. No party information provided (Maccarone, Courtney) (Entered: 03/21/2019) |
| 03/21/2019 | 347 | ☐ 115.47KB | NOTICE of Motion by Courtney Maccarone for presentment of motion to withdraw as attorney 346 before Honorable Gary Feinerman on 3/26/2019 at 09:00 AM. (Maccarone, Courtney) (Entered: 03/21/2019) |
| 03/22/2019 | 348 | ☐ 4.40KB | MINUTE entry before the Honorable Gary Feinerman: Plaintiffs motion to withdraw appearance of Andrea Clisura 346 is granted. Attorney |

| | | | Andrea Clisura is terminated as counsel for Plaintiffs Ann Bell, Elizabeth Bidgood, and Janine Hechmer. Motion hearing set for 03/26/2019 347 is stricken. Mailed notice. (jjr, ) (Entered: 03/22/2019) |
|---|---|---|---|
| 03/27/2019 | 349 | ☐ 250.41KB | Stipulated order for producing documents and ESI Signed by the Honorable Gary Feinerman on 3/27/2019.Mailed notice.(jlj, ) (Entered: 03/27/2019) |
| 04/03/2019 | 350 | ☐ 371.50KB | Quarterly Report by Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, Rodney Zachary (Barnow, Ben) (Entered: 04/03/2019) |
| 04/05/2019 | 351 | ☐ 4.44KB | MINUTE entry before the Honorable Gary Feinerman:At the parties' request, the status hearing set for 4/11/2019 341 is stricken and re-set for 5/29/2019 at 10:00 a.m. Attorneys who wish to participate by telephone at the next status hearing should call Toll-Free Number: (877) 336-1828, Access Code: 4082461 for the status hearing.Mailed notice. (jlj, ) (Entered: 04/05/2019) |
| 04/11/2019 | 352 | ☐ 0.90MB | MOTION by Plaintiffs Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, Rodney Zachary for protective order *Joint Motion for Entry of Agreed Confidentiality Order* (Attachments: # 1 Exhibit A: Proposed Agreed Confidentiality Order, # 2 Exhibit B: Redlined Proposed Agreed Confidentiality Order)(Barnow, Ben) (Entered: 04/11/2019) |
| 04/11/2019 | 353 | ☐ 363.81KB | *JOINT* NOTICE of Motion by Ben Barnow for presentment of motion for protective order,, 352 before Honorable Gary Feinerman on 4/18/2019 at 09:00 AM. (Barnow, Ben) (Entered: 04/11/2019) |
| 04/15/2019 | 354 | ☐ 4.35KB | MINUTE entry before the Honorable Gary Feinerman:Motion for protective order 352 is granted. Enter agreed confidentiality order. Motion hearing set for 4/18/2019 353 is stricken. Mailed notice. (jlj, ) (Entered: 04/15/2019) |
| 04/15/2019 | 355 | ☐ 201.20KB | PROTECTIVE Order Signed by the Honorable Gary Feinerman on 4/15/2019.Mailed notice.(jlj, ) (Entered: 04/15/2019) |
| 04/23/2019 | 356 | ☐ 94.52KB | NOTICE by M. Frank Bednarz of Change of Address (Bednarz, M.) (Entered: 04/23/2019) |
| 05/13/2019 | 357 | ☐ 196.18KB | STIPULATION *and Proposed Order Protecting Privilege* (Citera, Francis) (Entered: 05/13/2019) |
| 05/14/2019 | 358 | ☐ 243.79KB | STIPULATION AND PROPOSED ORDER PROTECTING PRIVILEGE. Signed by the Honorable Gary Feinerman on 5/14/2019. Mailed notice. (jjr, ) (Entered: 05/14/2019) |

| 05/23/2019 | 359 | ☐ 4.42KB | MINUTE entry before the Honorable Gary Feinerman: Status hearing set for 5/29/2019 at 10:00 a.m. 351 is re-set for 10:30 a.m. TIME CHANGE ONLY. Attorneys who wish to participate by telephone at the next status hearing should call Toll-Free Number: (877) 336-1828, Access Code: 4082461. Mailed notice. (jjr, ) (Entered: 05/23/2019) |
| 05/29/2019 | 360 | ☐ 4.40KB | MINUTE entry before the Honorable Gary Feinerman:Status hearing held and continued to 7/9/2019 at 10:00 a.m. Attorneys who wish to participate by telephone at the next status hearing should call Toll-Free Number: (877) 336-1828, Access Code: 4082461.Mailed notice. (jlj, ) (Entered: 05/29/2019) |
| 05/30/2019 | 361 | ☐ 12.61KB | MOTION by Attorney Kenneth K. Lee to withdraw as attorney for Kraft Heinz Company. No party information provided (Lee, Kenneth) (Entered: 05/30/2019) |
| 05/30/2019 | 362 | ☐ 12.74KB | NOTICE of Motion by Kenneth Kiyul Lee for presentment of motion to withdraw as attorney 361 before Honorable Gary Feinerman on 6/4/2019 at 09:00 AM. (Lee, Kenneth) (Entered: 05/30/2019) |
| 05/31/2019 | 363 | ☐ 4.37KB | MINUTE entry before the Honorable Gary Feinerman:Motion to withdraw as attorney 361 is granted. Attorney Kenneth Kiyul Lee is terminated as counsel for Defendant Kraft Heinz Company. Motion hearing set for 6/4/2019 362 is stricken.Mailed notice. (jlj, ) (Entered: 05/31/2019) |
| 06/17/2019 | 364 | ☐ 279.29KB | MOTION by Plaintiffs Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills for extension of time *to File Plaintiffs' Motion for Class Certification* (Barnow, Ben) (Entered: 06/17/2019) |
| 06/17/2019 | 365 | ☐ 366.23KB | *Unopposed* NOTICE of Motion by Ben Barnow for presentment of extension of time, 364 before Honorable Gary Feinerman on 6/20/2019 at 09:00 AM. (Barnow, Ben) (Entered: 06/17/2019) |
| 06/19/2019 | 366 | ☐ 4.53KB | MINUTE entry before the Honorable Gary Feinerman:Motion for extension of time 364 is granted. The deadline for filing a class certification motion is extended to 9/30/2019; responses due by 11/14/2019; replies due by 12/16/2019. Motion hearing set for 6/20/2019 365 is stricken.The status hearing set for 7/9/2019 360 is stricken and re-set for 7/30/2019 at 9:15 a.m. Attorneys who wish to participate by telephone at the next status hearing should call Toll-Free Number: (877) 336-1828, Access Code: 4082461.Mailed notice. (jlj, ) (Entered: 06/19/2019) |
| 06/26/2019 | 367 | ☐ 4.43KB | MINUTE entry before the Honorable Gary Feinerman:At the parties' request, the status hearing set for 7/30/2019 366 is stricken and re-set for 8/7/2019 at 9:15 a.m. Attorneys who wish to participate by telephone at the next status hearing should call Toll-Free Number: (877) 336-1828, Access Code: 4082461.Mailed notice. (jlj, ) (Entered: 06/26/2019) |

| 07/03/2019 | 368 | ☐ 371.39KB | Quarterly Report by Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, Rodney Zachary (Barnow, Ben) (Entered: 07/03/2019) |
|---|---|---|---|
| 07/16/2019 | 369 | ☐ 5.29KB | MINUTE entry before the Honorable Gary Feinerman:For the reasons set forth in the accompanying Memorandum Opinion and Order, Plaintiffs' motion for leave to amend 306 is denied, Defendant Albertsons/SuperValu's motion for partial judgment on the pleadings and partial summary judgment 309 is granted in part and denied in part, and Defendant Kraft Heinz's motion for judgment on the pleadings 314 is granted in part and denied in part. As to Kraft, the CUTPA, ICFA, and MCPA claims; the California, Florida, and Minnesota express warranty claims; the California, Connecticut, and Minnesota implied warranty claims; and the Illinois unjust enrichment claims are dismissed. The New York, Connecticut, Minnesota, Florida, California, Alabama, and Michigan unjust enrichment claims against Kraft may proceed, along with the Alabama express warranty claims and Michigan implied warranty claims. As to Albertsons/SuperValu, the ICFA claims; the Illinois and Alabama express warranty claims; the Illinois implied warranty claims; and the Illinois unjust enrichment claims are dismissed. The Alabama unjust enrichment claims against SuperValu may proceed. The dismissed claims against Defendants Publix, Target/ICCO, Kraft, and Albertsons/SuperValu are dismissed with prejudice. As there are no remaining claims against Albertsons, Publix, and Target, those defendants are terminated as party defendants. By 7/31/2019, the parties shall file a status report setting forth their joint view or competing views as to whether judgment should be entered as to the claims that have been dismissed with prejudice.Mailed notice. (jlj, ) (Entered: 07/16/2019) |
| 07/16/2019 | 370 | ☐ 235.24KB | MEMORANDUM Opinion and Order written by the Honorable Gary Feinerman on 7/16/2019.Mailed notice.(jlj, ) (Entered: 07/16/2019) |
| 07/31/2019 | 371 | ☐ 196.28KB | STATUS Report *(JOINT)* by Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, Rodney Zachary (Barnow, Ben) (Entered: 07/31/2019) |
| 08/01/2019 | 372 | ☐ 4.54KB | MINUTE entry before the Honorable Gary Feinerman: As suggested in the status report 371 , the parties shall submit a proposed order that enters final judgment on all cases in the Publix and Target/ICCO tracks; in doing, the parties might consider whether the order should include not only Case Nos. 16 C 11272, 16 C 11273, and 16 C 6172, but also Case Nos. 16 C 11269, 17 C 949, 16 C 6170, and 16 C 6179. As also suggested in the status report, the parties shall submit a proposed order for all cases in the other tracks that enters a Rule 54(b) partial final judgment as to the 100% claims.Mailed notice. (jlj, ) (Entered: 08/01/2019) |

| | | | |
|---|---|---|---|
| 08/07/2019 | 373 | ☐ 4.62KB | MINUTE entry before the Honorable Gary Feinerman:Status hearing held and continued to 8/27/2019 at 10:00 a.m. By 8/19/2019, the parties shall file a joint status report setting forth their joint or competing views regarding: (1) which of the component cases should be dismissed in their entirety; (2) whether the 100% claims in the remaining cases should be subject to a Civil Rule 54(b) order and/or a 28 U.S.C. § 1292(b) certification; and (3) what should be done with the Anti-Caking claims in the remaining cases. Attorneys who wish to participate by telephone at the next status hearing should call Toll-Free Number: (877) 336-1828, Access Code: 4082461.Mailed notice. (jlj, ) (Entered: 08/07/2019) |
| 08/15/2019 | 374 | ☐ 117.26KB | NOTICE of appeal by Ann Bell, Alfonso Fata, Carmen Pellitteri, Nancy Reeves, Erin Rudder, Rodney Zachary regarding orders 216 , 370 , 297 Filing fee $ 505, receipt number 0752-16141401. Receipt number: n (Barnow, Ben) (Entered: 08/15/2019) |
| 08/15/2019 | 375 | ☐ 129.37KB | DOCKETING Statement by Ann Bell, Alfonso Fata, Carmen Pellitteri, Nancy Reeves, Erin Rudder, Rodney Zachary regarding notice of appeal 374 (Barnow, Ben) (Entered: 08/15/2019) |
| 08/15/2019 | 376 | ☐ 141.01KB | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 374 (las, ) (Entered: 08/15/2019) |
| 08/15/2019 | 377 | ☐ 13.16MB | TRANSMITTED to the 7th Circuit the short record on notice of appeal 374 . Notified counsel (las, ) (Entered: 08/15/2019) |
| 08/15/2019 | 378 | ☐ 65.65KB | ACKNOWLEDGMENT of receipt of short record on appeal regarding notice of appeal 374 ; USCA Case No. 19-2581 (las, ) (Entered: 08/15/2019) |
| 08/19/2019 | 379 | ☐ 275.45KB | STATUS Report by Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, Rodney Zachary (Attachments: # 1 Text of Proposed Order Proposed Order 1, # 2 Text of Proposed Order Proposed Order 2)(Barnow, Ben) (Entered: 08/19/2019) |
| 08/26/2019 | 380 | ☐ 4.42KB | MINUTE entry before the Honorable Gary Feinerman:The status hearing set for 8/27/2019 373 is stricken and re-set for 9/10/2019 at 9:15 a.m. Attorneys who wish to participate by telephone at the next status hearing should call Toll-Free Number: (877) 336-1828, Access Code: 4082461.Mailed notice. (jlj, ) (Entered: 08/26/2019) |
| 08/26/2019 | 381 | ☐ 4.91KB | MINUTE entry before the Honorable Gary Feinerman:At the parties' request 379 and with the court's agreement, final judgment under Civil Rule 54(b) is entered as to the "100% claims" in the consolidated amended class action complaints 225 227 [ 228] 229 . See 11/1/2018 order and opinion 296 297 (dismissing the "100% claims" of all Plaintiffs against all Defendants). Given the Civil Rule 58 judgments entered in three MDL cases (16 C 6172, 16 C 11272, 16 C 11273), the court certifies |

| | | | |
|---|---|---|---|
| | | | that there is no just reason for delaying the entry of final judgment in the remaining MDL cases on the "100% claims." See Gelboim v. Bank of Am. Corp., 135 S. Ct. 897, 906 (2015) ("District courts may grant certifications under... Rule [54(b)], thereby enabling plaintiffs in actions that have not been dismissed in their entirety to pursue immediate appellate review."); FedEx Ground Package Sys., Inc. v. U.S. JPML, 662 F.3d 887, 890 (7th Cir. 2011) (noting the "obvious advantages" of this approach). There is no need for a separate certification under 28 U.S.C. 1292(b). Also at the parties' request 379 and with the court's agreement 379 , all remaining claims in this MDL are stayed pending resolution of the forthcoming appeals.Mailed notice. (jlj, ) (Entered: 08/26/2019) |
| 09/03/2019 | 382 | ☐ 68.77KB | NOTICE by Erich Paul Schork of Change of Address (Schork, Erich) (Entered: 09/03/2019) |
| 09/03/2019 | 383 | ☐ 66.77KB | NOTICE by Jeffrey Daniel Blake of Change of Address (Blake, Jeffrey) (Entered: 09/03/2019) |
| 09/05/2019 | 384 | ☐ 4.42KB | MINUTE entry before the Honorable Gary Feinerman:The status hearing set for 9/10/2019 380 is stricken and re-set for 1/13/2020 at 9:15 a.m. Attorneys who wish to participate by telephone at the next status hearing should call Toll-Free Number: (877) 336-1828, Access Code: 4082461.Mailed notice. (jlj, ) (Entered: 09/05/2019) |
| 09/09/2019 | 385 | ☐ 75.96KB | NOTICE of appeal by Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, Rodney Zachary regarding orders 216 , 381 , 370 , 297 Receipt number: 0752-16217859. (Barnow, Ben) Modified on 9/9/2019 (gcy, ). (Entered: 09/09/2019) |
| 09/09/2019 | 386 | ☐ 92.47KB | DOCKETING Statement by Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Ramona Knight Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Larry Rollinger, Jr, Erin Rudder, Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, Rodney Zachary regarding notice of appeal, 385 (Barnow, Ben) (Entered: 09/09/2019) |
| 09/10/2019 | 387 | ☐ 141.09KB | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal, 385 . (jh, ) (Entered: 09/10/2019) |

View Selected

or

Download Selected

Total filesize of selected documents (MB):

Maximum filesize allowed (MB): 30