# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KOVE IO, INC., ) | |
|           Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-08175 |
| ) | |
| AMAZON WEB SERVICES, INC., ) | Hon. Judge Rebecca R. Pallmeyer |
| ) | |
|           Defendant. ) | |
| ) | |

**FIRST NOTICE OF 30(b)(6) DEPOSITION
TO KOVE IO, INC. BY AMAZON WEB SERVICES, INC.**

**PLEASE TAKE NOTICE** that on March 25, 2020, at 9:30am, Defendant Amazon Web Services, Inc. ("AWS") shall take the deposition upon oral examination of Plaintiff Kove IO, Inc. ("Kove"), or as otherwise agreed by the parties. The deposition will continue from day to day until completed, and shall be taken before a duly certified court reporter and notary public or other person authorized by law to administer oaths at the offices of Jenner & Block LLP, 353 N. Clark Street, Chicago, Illinois. The deposition will be recorded by stenographic means and by videotape.

Pursuant to Fed. R. Civ. P. 30(b)(6), Kove shall designate one or more officers, directors, agents or other representatives who consent to testify on its behalf, to testify as to matters known or reasonably available to Kove regarding the topics listed herein. To the extent more than one deponent is identified, Kove shall state in advance of the deposition which portions of this notice each deponent is prepared to address.

The attached Appendix A includes definitions and topics for examination.

Dated: February 12, 2020

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
(202) 639-6000
aunikowsky@jenner.com

Respectfully submitted,

/s/ Terri L. Mascherin

Terri L. Mascherin
Michael Babbitt
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
tmascherin@jenner.com
mbabbitt@jenner.com
mwerner@jenner.com

*Attorneys for Amazon Web Services, Inc.*

# **APPENDIX A**

# **DEFINITIONS**

1. The term "Plaintiff" or "Kove" means Plaintiff Kove IO, Inc., its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors, and including all present or past owners of the Asserted Patents such as Kove Corp., Econnectix, LLC, Ecconnectix Corp., OverX, Inc., and/or Arctide, LLC.

2. The term "'170 patent" means U.S. Patent No. 7,815,170.

3. The term "'978 patent" means U.S. Patent No. 7,233,978.

4. The term "'640 patent" means U.S. Patent No. 7,103,640.

5. The term "Asserted Patents" means the '170 patent, the '978 patent, and the '640 patent, both individually or collectively as the context indicates.

6. The term "S3" refers to the Amazon Simple Storage Service, as described by Kove in the Complaint dated December 12, 2018 (Dkt. 1) ("the Complaint").

7. The term "DynamoDB" refers to Amazon's DynamoDB service, as described in the Complaint.

8. The term "Related Patent" means any application, continuation, continuation-in-part, divisional, or reissue applications, any patents that have issued from such related applications, and any patent or application from which such related applications claim priority or which are otherwise in the same family of patents.

9. The term "Prior Art" is used herein in the same sense that it is used in 35 U.S.C. §§ 102 & 103, and includes any patent, printed publication, prior knowledge, prior use, prior product, prior sale or offer of sale, or other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

10. "Document" or "documents" shall be interpreted in its broadest sense to mean, without limitation, all documents, e-mails, letters, memos, webpages, objects, or other electronic or tangible things discoverable under Federal Rule of Civil Procedure 34, including the original, all identical copies, and all non-conforming or non-identical drafts and copies thereof, whether different from the original by reason of any annotation made on such copies or otherwise.

11. "Communication" shall mean every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer, or exchange of information, whether orally or by document or whether face to face, by telephone, mail, personal delivery, email, or otherwise.

12. "Including" means including but not limited to the referenced subject.

13. "And" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these requests any information that might be deemed outside their scope by any other construction.

14. "All" and "any" mean both each and every.

15. "Relating to," "related to," and "referring to," shall mean, without limitation, in any way constituting, mentioning, referring to, referencing, describing, summarizing, evidencing, listing, indicating, relevant to, demonstrating, regarding, tending to prove or disprove, containing, reflecting, concerning, pertaining to, analyzing, explaining, or in any way logically or factually connected with the matter discussed.

## **TOPICS FOR EXAMINATION**

In accordance with Fed R. Civ. P. 30(b)(6), AWS identifies the following topics for examination at this time:

1. The Asserted Patents and Related Patents.

2. Background of the technology related to the Asserted Patents, including, for example, computer networking and architecture, distributed systems and databases, scaling, load balancing, methods and systems for locating data objects in a database, redirection in a distributed system or database, distributed hash tables, hashing and hash functions, partitioned name spaces, collisions, splitting and caching.

3. Prior Art related to the Asserted Patents and Related Patents, including references cited during the prosecution of the Asserted Patents and references identified in AWS' Initial Invalidity Contentions dated August 6, 2019 or Final Invalidity Contentions dated February 11, 2020.

4. The alleged priority date of each Asserted Claim of the Asserted Patents, including the alleged conception and reduction to practice of the invention(s) described in the Asserted Patents and, for any Asserted Claim that claims priority to an earlier application, where each element of the Asserted Claim is allegedly found in the earlier application.

5. The prosecution of the Asserted Patents and Related Patents, including any decisions on how to distinguish the alleged inventions from the prior art and to disclose or not disclose information to the Patent Office.

6. The meaning and construction of the terms used in the specifications and claims of the Asserted Patents and the related intrinsic and extrinsic evidence.

7. The factual basis of any alleged evidence of secondary considerations of obviousness related to the Asserted Claims, including alleged commercial success, long felt but unresolved need, failure of others, industry praise, teaching away, unexpected results, and copying.

8. The research, design, development, testing, sale, offer for sale, and marking of products, devices, systems, or services created or offered by Kove and by any present or past owners or assignees of the Asserted Patents, such as including OverX and Xpress software.

9. The business of Kove and of any present or former owners or assignees of the Asserted Patents, including related to research and development, engineering, manufacturing, licensing, sales and marketing, customers, distribution, technical services, sales and profits, and investors.

10. The relationship of any present or former owners or assignees of the Asserted Patents to Kove and to the Asserted Patents.

11. All agreements, licenses, settlements, negotiations, demands, and allegations of infringement by Kove or by any present or former owners or assignees of the Asserted Patents related to the Asserted Patents or this lawsuit.

12. All financing, fee or contingency arrangements related to the Asserted Patents or this lawsuit, including the identity of any investors or funders of Kove's participation in this lawsuit, and all related correspondence.

13. Kove's knowledge of AWS and AWS products or services, including the Accused Products, AWS S3 and AWS DynamoDB.

14. Kove's allegations of infringement against AWS related to the Asserted Patents, including all facts that support or refute Kove's allegations of infringement.

15. All factual bases related to the validity or invalidity of the Asserted Patents.

      16.     All factual bases related to Kove's claimed damages in this lawsuit.

      17.     Kove's document collection and production in this lawsuit and Kove's document retention policies.

## **CERTIFICATE OF SERVICE**

I, Michael Werner, an attorney at the law firm of Jenner & Block LLP, certify that on February 12, 2020, the foregoing **FIRST NOTICE OF 30(b)(6) DEPOSITION TO KOVE IO, INC. BY AMAZON WEB SERVICES, INC.,** was electronically served on counsel of record via email.

/s/ Michael T. Werner
Michael T. Werner