# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KOVE IO, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-08175 |
| | ) | |
| AMAZON WEB SERVICES, INC., | ) | Hon. Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S RULE 30(b)(6) NOTICE OF DEPOSITION
TO PLAINTIFF KOVE IO, INC.**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6) and 45, Defendant shall take the deposition upon oral examination of Plaintiff Kove IO, Inc. ("Kove") electronically as detailed in the attached addendum concerning the topics listed on the attached Schedule A. The deposition shall take place beginning on November 3, 2020 at 9:00 a.m., Central Standard Time and continuing from day to day until completed. The deposition shall be taken before an officer, notary public, or other person authorized to administer oaths, and the testimony shall be recorded by stenographic and video means by a certified court reporter.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Kove shall designate one or more officers, directors, managing agents or other representatives to testify on its behalf to matters known or reasonably available to Kove regarding the topics listed herein. To the extent more than one deponent is identified, Kove shall state at least five days before the deposition which portions of this notice each deponent is prepared to address.

1

Dated: October 6, 2020            AMAZON WEB SERVICES, INC.

By:    */s/ Terri L. Mascherin*

Terri L. Mascherin
Timothy J. Barron
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312 222-9350
Facsimile: 312 527-0484
tmascherin@jenner.com
tbarron@jenner.com
mwerner@jenner.com

Adam Unikowsky
(*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Ave, NW
Washington, DC 20016
Telephone: 212 639-6041
Facsimile: 202 661-4925
aunikowsky@jenner.com

*Attorneys for Defendant Amazon Web Services, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KOVE IO, INC., | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-08175 |
| | ) | |
| AMAZON WEB SERVICES, INC., | ) | Hon. Rebecca R. Pallmeyer |
| | ) | |
|         Defendant. | ) | |
| | ) | |

**ADDENDUM TO DEFENDANT'S RULE 30(B)(6)
NOTICE OF DEPOSITION TO PLAINTIFF KOVE IO, INC.**

**PLEASE TAKE NOTICE** that Defendant shall take the deposition of Plaintiff Kove IO, Inc. ("Kove") by remote audio-video conference on November 3, 2020 commencing at 9 a.m.

**PLEASE TAKE FURTHER NOTICE** that:

1. The deposition will be conducted remotely, using audio-visual conference technology;

2. The court reporter will report the deposition from a location separate from the witness;

3. Counsel for the parties and their clients will be participating from various, separate locations;

4. The court reporter will administer the oath to the witness remotely;

5. The witness will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on camera;

6. Each participating attorney may be visible to all other participants, and their statements will be audible to all participants;

3

7. All exhibits will be provided simultaneously and electronically to the witness and all participants;

8. The court reporter will record the testimony;

9. The deposition may be recorded electronically; and

10. Counsel for all parties will be required to stipulate on the record:

    a. Their consent to this manner of deposition; and

    b. Their waiver of any objection to this manner of deposition, including any objection to the admissibility at trial of this testimony based on this manner of deposition.

# SCHEDULE A

# DEFINITIONS

The following definitions apply to the Matters for Examination, unless specified otherwise:

1. The term "Plaintiff" or "Kove" means Plaintiff Kove IO, Inc., its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors, and including all present or past owners of the Asserted Patents such as Kove Corp., Econnectix LLC, Econnectix Corporation, OverX, Inc., and/or Arctide, LLC.

2. The term "Kove Corporation" means Kove Corporation, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

3. The term "Econnectix LLC" means Econnectix LLC, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

4. The term "Econnectix Corporation" means Econnectix Corporation, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

5. The term "OverX" means OverX, Inc., its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

6. The term "Arctide" means Arctide LLC, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

7. The term "'170 patent" means U.S. Patent No. 7,815,170.

8. The term "'978 patent" means U.S. Patent No. 7,233,978.

9. The term "'640 patent" means U.S. Patent No. 7,103,640.

10. The terms "Asserted Patents" or "Patents-in-Suit" mean the '170 patent, the '978 patent, and the '640 patent, both individually or collectively as the context indicates.

11. The term "S3" refers to the Amazon Simple Storage Service, as described by Plaintiff in the Complaint in this action, dated December 12, 2018 (Dkt. 1) ("the Complaint").

12. The term "DynamoDB" refers to Amazon's DynamoDB service, as described in the Complaint.

13. The term "Related Patent" means any application, continuation, continuation-in-part, divisional, or reissue applications—including any applications enumerated on the face of the patents-in-suit—any patents that have issued from such related applications, and any patent or application from which such related applications claim priority or which are otherwise in the same family of patents.

14. The term "predecessor entities" means OverX, Econnectix LLC, Econnectix Corporation, Kove Corporation, and Arctide.

15. The term "Prior Art" is used herein in the same sense that it is used in 35 U.S.C. §§ 102 and 103, and includes any patent, printed publication, prior knowledge, prior use, prior product, prior sale or offer of sale, or other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

16. The term "University of Chicago" or "University" shall mean the University of Chicago and any of its affiliated schools or departments, including but not limited to the Pritzker School of Medicine.

17. "Including" means including but not limited to the referenced subject.

18. "And" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these requests any information that might be deemed outside their scope by any other construction.

19. "All" and "any" mean both each and every.

20. "Relating to," "related to," and "referring to," shall mean, without limitation, in any way constituting, mentioning, referring to, referencing, describing, summarizing, evidencing, listing, indicating, relevant to, demonstrating, regarding, tending to prove or disprove, containing, reflecting, concerning, pertaining to, analyzing, explaining, or in any way logically or factually connected with the matter discussed.

## MATTERS FOR EXAMINATION

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants identify the following matters for examination:

1. The facts alleged in the Complaint dated December 12, 2018 (Dkt. 1).

2. Conception and reduction to practice of the inventions described in the patents-in-suit and related patents.

3. Prior art to the patents-in-suit and the related patents, including prior art known to the named inventors.

4. Prosecution of the patents-in-suit and related patents.

5. Inventorship for the patents-in-suit, including the contribution of each inventor to each claim in the patents-in-suit.

6. Ownership of the patents-in-suit from the time of the filing of the first related application to the present, including any assignments or other transactions—including licensing arrangements or agreements—concerning the patents-in-suit or related patents.

7. The use of facilities of the University of Chicago, Pritzker School of Medicine, or the University of Chicago Hospitals for development of the inventions claimed in the patents-in-suit.

8. Kove's financial condition from its founding—including predecessor entities—to the present, including but not limited to its quarterly and annual revenue, expenses, profits, and capitalization.

9. Kove's corporate structure, history and organization from founding to the present, including any predecessor entities.

10. Your knowledge, if any, of inequitable conduct by any inventor, employee, or attorney for Kove or the predecessor entities.

11. Any development, sale, or offer to sell any software, products, or systems by Kove or any of its predecessor entities, including but not limited to software, products or systems that embody the patents-in-suit.

12. The sale or promotion of any software or products or systems by Kove or any of its predecessor entities, including but not limited to software, products or systems that embody the patents-in-suit.

13. Patent marking, or the lack thereof, of software, products or systems created or sold by Kove, including but not limited to software, products or systems that embody the patents-in-suit.

14. Kove's first knowledge of AWS's alleged infringement, including the date(s) of first knowledge of the accused products, S3 and DynamoDB.

15. All facts which may support any claim for damages Kove alleges against AWS, including any facts Kove alleges or intends to allege would be relevant to a hypothetical license negotiation concerning a reasonable royalty.

16. Any royalties ever received or requested by Kove for licensing of the patents-in-suit, or payments received or requested for products or services that relied in any part on the

inventions underlying the patents-in-suit or related patents, including any valuations of the patents-in-suit or related patents by Kove or outside investors.

17. Any advertising or marketing by Kove or its predecessor entities—including informal communications with potential customers—and including any analysis of competitors or others using technologies similar to the inventions underlying the patents-in-suit, decisions whether to use comparative advertisement or to otherwise refer to potential competitors in offering products or services.

18. All finances of Kove or its predecessor entities, including investors, investments, working capital, expenses, revenue, and profits, and including any internal allocations of the value of the patents-in-suit or related patents.

19. The capacity of Kove or its predecessor entities to offer products and services to customers, including any analysis of the size of Kove or number of employees of Kove in relation to the amount of services provided.

20. The reasons Kove did not file suit against AWS until December 12, 2018.

**CERTIFICATE OF SERVICE**

    I, Timothy J. Barron, an attorney at the law firm of Jenner & Block LLP, certify that on October 6, 2020, the foregoing Defendant's Rule 30(b)(6) Notice of Deposition to Plaintiff Kove IO, Inc. and Schedule A thereto, were electronically served on counsel of record via electronic mail.

                                                    */s/ Timothy J. Barron*
                                                    Timothy J. Barron