# Exhibit E

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KOVE IO, INC., ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-08175 |
| ) | |
| AMAZON WEB SERVICES, INC., ) | Hon. Rebecca R. Pallmeyer |
| ) | |
|       Defendant. ) | |
| ) | |

**DEFENDANT'S RULE 30(b)(6) NOTICE OF DEPOSITION
TO PLAINTIFF KOVE IO, INC.**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6) and 45, Defendant shall take the deposition upon oral examination of Plaintiff Kove IO, Inc. ("Kove") concerning the categories listed on the attached Schedule A. The deposition shall take place beginning on June 16, 2021 at 9am CT, or at a time and place as agreed to by the parties, but no later than June 18, 2021. The deposition will be recorded by stenographic, sound and video means.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Kove shall designate one or more officers, directors, managing agents or other representatives to testify on its behalf to matters known or reasonably available to Kove regarding the topics listed herein. Kove should provide the name of the deponent no later than five business days before the deposition. To the extent more than one deponent is identified, Kove shall state at least five business days before the deposition which portions of this notice each deponent is prepared to address.

Date: May 20, 2021                                    Respectfully submitted,

                                                    AMAZON WEB SERVICES, INC.

*/s/ Elizabeth Bernard*
Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Elizabeth Bernard (*pro hac vice*)
*elizabeth.bernard@fischllp.com*
Adam A. Allgood (*pro hac vice*)
*adam.allgood@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Fourth Floor
Washington, DC 20015
202.362.3500

*Attorneys for Defendant Amazon Web Services, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KOVE IO, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-08175 |
| | ) | |
| AMAZON WEB SERVICES, INC., | ) | Hon. Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ADDENDUM TO DEFENDANT'S RULE 30(B)(6)**
**NOTICE OF DEPOSITION TO PLAINTIFF KOVE IO, INC.**

**PLEASE TAKE NOTICE** that Defendant may take the deposition of Plaintiff Kove IO, Inc. ("Kove") by remote audio-video conference on or before June 16, 2021 commencing at 9 a.m CT.

**PLEASE TAKE FURTHER NOTICE** that if the deposition is conducted remotely:

1. The deposition will be conducted remotely, using audio-visual conference technology;

2. The court reporter will report the deposition from a location separate from the witness;

3. Counsel for the parties and their clients will be participating from various, separate locations;

4. The court reporter will administer the oath to the witness remotely;

5. The witness will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on camera;

6. Each participating attorney may be visible to all other participants, and their statements will be audible to all participants;

7. All exhibits will be provided simultaneously and electronically to the witness and all participants;

8. The court reporter will record the testimony;

9. The deposition may be recorded electronically; and

10. Counsel for all parties will be required to stipulate on the record:

    a. Their consent to this manner of deposition; and

    b. Their waiver of any objection to this manner of deposition, including any objection to the admissibility at trial of this testimony based on this manner of deposition.

# SCHEDULE A

# DEFINITIONS

The following definitions apply to the Matters of Examination, unless specified otherwise:

1.	The term "Plaintiff" or "Kove" means Plaintiff Kove IO, Inc., its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors, and including all present or past owners of the Asserted Patents such as Kove Corp., Econnectix LLC, Econnectix Corporation, OverX, Inc., and/or Arctide, LLC.

2.	The term "Kove Corporation" means Kove Corporation, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

3.	The term "Econnectix LLC" means Econnectix LLC, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

4.	The term "Econnectix Corporation" means Econnectix Corporation, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

5.	The term "OverX" means OverX, Inc., its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

6.	The term "Arctide" means Arctide LLC, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

7.	The term "'170 patent" means U.S. Patent No. 7,815,170.

8.	The term "'978 patent" means U.S. Patent No. 7,233,978.

9.	The term "'640 patent" means U.S. Patent No. 7,103,640.

10.	The terms "Asserted Patents" or "Patents-in-Suit" mean the '170 patent, the '978 patent, and the '640 patent, both individually or collectively as the context indicates.

11. The term "S3" refers to the Amazon Simple Storage Service, as described by Plaintiff in the Complaint in this action, dated December 12, 2018 (Dkt. 1) ("the Complaint").

12. The term "DynamoDB" refers to Amazon's DynamoDB service, as described in the Complaint.

13. The term "Related Patent" means any application, continuation, continuation-in-part, divisional, or reissue applications - including any applications enumerated on the face of the patents-in-suit – any patents that have issued from such related applications, and any patent or application from which such related applications claim priority or which are otherwise in the same family of patents.

14. The term "Kove Embodiment" refers to any Kove product, device, process, method, act, or other instrumentality that Kove contends practices any of the claimed inventions of the Asserted Patents, including the OverX and Xpress software, OverX Location Servers (OXLS), Xpress Association Database, XTN for Telecommunications, XRN for Registry Services, XSN for Storage Services, and Xpress Database software products identified in Kove's Final Infringement Contentions and each of Kove's responses to AWS Interrogatory Nos. 3 and 18 or any product that incorporates the identified software products.

15. The term "predecessor entities" means any predecessor to Kove IO, Inc., including without limitation OverX, Econnectix LLC, Econnectix Corporation, Kove Corporation, and Arctide.

16. "Including" means including but not limited to the referenced subject.

17. "And" and "or", as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these requests any information that might be deemed outside their scope by any other construction.

18. "All" and "any" mean both each and every.

19. "Relating to," "related to," and "referring to," shall mean, without limitation, in any way constituting, mentioning, referring to, referencing, describing, summarizing, evidencing, listed, indicating, relevant to, demonstrating, regarding, tending to prove or disprove, containing, reflecting, concerning, pertaining to, analyzing, explaining, or in any way logically or factually connected with the matter discussed.

## MATTERS FOR EXAMINATION

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants identify the following matters for examination:

1. Existence, location, and preservation of Kove and/or Econnectix electronically stored information relating to the Kove Embodiments, including all steps taken by Kove to preserve information regarding the Kove Embodiments since July 2014, its ability to reconstruct that information, and the identification of any virtual machines or electronically stored information that Kove has decommissioned, repurposed, deleted, or destroyed since July 2014.

2. The deletion of the Econnectix website in March 2015 and all circumstances concerning and surrounding the deletion, including the individuals involved, why the website was deleted and not maintained, and the identification of webpages, whitepapers or any other information that was deleted.

3. Kove's first awareness of AWS, including without limitation the Amazon S3 and DynamoDB services, and the facts relating to Kove's meetings with attorneys in 2014 and 2015, including the meetings referenced on Kove's September 16, 2020 privilege log.

4. The decommissioning and repurposing of the virtual machine in August 2019, including all circumstances surrounding the decommissioning and repurposing, the individuals

involved, why the virtual machine was decommissioned and how it was repurposed, and the identification of all information on the virtual machine that was deleted and is no longer available.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2021, I caused a true and correct copy of the foregoing:

**DEFENDANT'S RULE 30(b)(6) NOTICE OF DEPOSITION TO PLAINTIFF KOVE IO, INC.** to be served on all counsel of record via electronic mail.

*/s/ Elizabeth Bernard*
Elizabeth Bernard