# Exhibit F

## Re: Kove v. AWS: Scheduling the Deposition of John Overton

Elizabeth Bernard

Wed 6/16/2021 4:54 PM

To: Khue Hoang <khoang@reichmanjorgensen.com>; Kove Team <FS-Kove@fischllp.com>;

Cc: RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>;

Hi Khue,

Thank you for your email. To be clear, AWS isn't asking for Mr. Overton to sit for a deposition for 4 days over 3 separate instances. At most, AWS requested that Mr. Overton be deposed for seven hours for his Rule 30(b)(1) deposition per the Federal Rules. It's Kove's choice to designate Mr. Overton as the sole Kove Rule 30(b)(6) witness for all of AWS's topics. But given that Mr. Overton is Kove's sole Rule 30(b)(6) witness, a named inventor, a founder of Over X, has produced his own set of documents, and was involved with all of Kove's predecessor entities (including Arctide), 4 days is more than reasonable.

At this time, based on Kove's representation yesterday that it has recovered the materials from the virtual machine, AWS has tabled the topics in the May 20, 2021 Rule 30(b)(6) Notice pending review of the information provided in Kove's forthcoming letter and the substance of the document production. Assuming that the spoliation issue is resolved, the parties should be able to come to an agreement on three consecutive days for Mr. Overton's Rule 30(b)(1) deposition and AWS's Rule 30(b)(6) deposition.

AWS is also waiting on Kove's wiki production, other document production issues (such as confirmation of the custodial collection), and supplemental interrogatory responses before it can proceed with Mr. Overton's substantive deposition. Given the uncertain nature of the timing of that discovery, AWS can't accept the dates Kove has proposed for his deposition.

Regardless, the length of Mr. Overton's deposition is an issue the parties need to resolve. Please let me know if Kove will agree to provide Mr. Overton for three days total for his 30(b)(6) and 30(b)(1) depositions. If not, this is an issue that should be raised with the court in the next status report. Thank you.

Regards,
Elizabeth


**Elizabeth Bernard** | **Fisch Sigler LLP**
+1.202.362.3529 (o)
+1.202.557.8950 (m)

---

**From:** Khue Hoang <khoang@reichmanjorgensen.com>
**Date:** Friday, June 11, 2021 at 2:32 PM
**To:** Elizabeth Bernard <Elizabeth.Bernard@fischllp.com>, Kove Team <FS-Kove@fischllp.com>
**Cc:** RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Subject:** RE: Kove v. AWS: Scheduling the Deposition of John Overton

Hi Elizabeth,

AWS is asking Mr. Overton to sit for 4 days of depositions, over 3 separate instances. That is not reasonable. AWS's 30(b)(6) topics on its allegations of spoliation can be dealt with at the same time as its other 30(b)(6) topics (all subject to our objections) – there is no reason to spread the process out over separate depositions and force Kove and Mr. Overton to incur the time and expense associated with splitting them apart. The same is true of Mr. Overton's 30(b)(1) deposition. Much of what AWS can reasonably ask of Mr. Overton in his 30(b)(1) deposition will overlap with the topics set forth in your 30(b)(6) Notices – there is no cause to make him sit twice to offer the same testimony on the same questions.

We therefore must decline your request to take Mr. Overton's deposition over multiple, separate occurrences. He is available on any two consecutive days July 6-9 or July 13-14, subject to our objections and the parties' mandatory meet and confer obligation. Please let us know by no later than June 18 which two days to reserve.

Thank you,
Khue

---

**From:** Elizabeth Bernard <Elizabeth.Bernard@fischllp.com>
**Sent:** Wednesday, June 9, 2021 4:23 PM
**To:** Khue Hoang <khoang@reichmanjorgensen.com>; Adam Adler <aadler@reichmanjorgensen.com>; Kove Team <FS-Kove@fischllp.com>
**Cc:** RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Subject:** Re: Kove v. AWS: Scheduling the Deposition of John Overton

**[EXTERNAL]**
Hi Khue,

Thank you for your email and for confirming that John Overton will be Kove's sole 30(b)(6) designee. As discussed in my prior email, we need to proceed with the deposition of Kove regarding the spoliation issues raised in AWS's May 20 30(b)(6) notice. Given Mr. Overton's availability, June 24 works for that deposition. Please let me know if Kove agrees to proceed on that date.

AWS can then proceed with the substantive 30(b)(6) deposition of Kove and Mr. Overton's 30(b)(1) deposition in July. Given that Mr. Overton is Kove's only 30(b)(6) designee and will also be deposed in his individual capacity, AWS will need more than two days for his deposition (the same amount of time Kove will take with just one of AWS's witnesses, James Sorenson). So please let me know Mr. Overton's availability for two days in July for his 30(b)(6) deposition and one day for his 30(b)(1) deposition.

Further, we disagree that Kove's production is substantially complete for at least the reasons articulated in my May 14 letter, which Kove hasn't responded to. Thank you.

Regards,
Elizabeth


**Elizabeth Bernard** | **Fisch Sigler LLP**
+1.202.362.3529 (o)
+1.202.557.8950 (m)

---

**From:** Khue Hoang <khoang@reichmanjorgensen.com>
**Date:** Monday, June 7, 2021 at 3:30 PM
**To:** Elizabeth Bernard <Elizabeth.Bernard@fischllp.com>, Adam Adler <aadler@reichmanjorgensen.com>, Kove

Team <FS-Kove@fischllp.com>
**Cc:** RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Subject:** RE: Kove v. AWS: Scheduling the Deposition of John Overton

Hi Elizabeth,

John Overton will be Kove's designee for each of AWS's 30(b)(6) topics, subject to our objections. We will make Mr. Overton available for a maximum of two consecutive days (14 hours on the record), with his 30(b)(1) deposition running concurrently. We believe this is the most efficient approach and provides AWS ample time to conduct its requested discovery. Requiring Mr. Overton to sit for multiple depositions is unreasonable, unnecessary, and unduly burdensome. He is the CEO of Kove and has intense demands on his time.

As previously offered, we are prepared to go forward with Mr. Overton's deposition on June 23-24, in. Mr. Overton can also be available on any two consecutive dates July 6-9 or July 13-14. The deposition can proceed in person, in Chicago, or by video.

Please let us by no later than COB Wednesday, June 9, which dates work for you. Please note that Mr. Overton will not be able to continue to hold the June 23-24 dates after this Wednesday, and requests that you confirm by no later than Jun 18 as to the July dates.

Relatedly, Kove's production is (and has been) substantially complete for some time now. We expect to supplement our interrogatory responses and make any additional production reasonably in advance of June 23.

Thank you,
Khue

---

**From:** Elizabeth Bernard <Elizabeth.Bernard@fischllp.com>
**Sent:** Friday, June 4, 2021 4:26 PM
**To:** Adam Adler <aadler@reichmanjorgensen.com>; Kove Team <FS-Kove@fischllp.com>
**Cc:** RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Subject:** Re: Kove v. AWS: Scheduling the Deposition of John Overton

**[EXTERNAL]**
Hi Adam,

Thank you for your email and providing Mr. Overton's June availability. AWS confirms that it will take the deposition of Mr. Overton on June 24 as Kove's corporate representative for Topic Nos. 1-4 from AWS's May 20, 2021 Rule 30(b)(6) notice. Please confirm the deposition can proceed in-person in Chicago.

For AWS's remaining Rule 30(b)(6) Topics, since Kove hasn't completed its document production or its supplemental interrogatories, AWS will take a two-day deposition of Mr. Overton as a 30(b)(6) witness later in July. Mr. Overton's Rule 30(b)(1) deposition will proceed on a separate day. Also, please let me know how many other 30(b)(6) deponents you anticipate Kove putting forth. Thank you.

Regards,
Elizabeth


**Elizabeth Bernard** | **Fisch Sigler LLP**
+1.202.362.3529 (o)
+1.202.557.8950 (m)

**From:** Adam Adler <aadler@reichmanjorgensen.com>
**Date:** Tuesday, June 1, 2021 at 1:46 PM
**To:** Elizabeth Bernard <Elizabeth.Bernard@fischllp.com>, Kove Team <FS-Kove@fischllp.com>
**Cc:** RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Subject:** RE: Kove v. AWS: Scheduling the Deposition of John Overton

Dear Counsel,

I'm writing to follow-up on the below correspondence. Please let us know whether the dates proposed below would work for you for the deposition of Mr. Overton.

Regards,
Adam

**From:** Adam Adler <aadler@reichmanjorgensen.com>
**Sent:** Thursday, May 27, 2021 12:53 PM
**To:** Elizabeth Bernard <Elizabeth.Bernard@fischllp.com>; Kove Team <FS-Kove@fischllp.com>
**Cc:** RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Subject:** Kove v. AWS: Scheduling the Deposition of John Overton

Hi Elizabeth,

We expect that John Overton will be Kove's primary corporate designee with respect to AWS's 30(b)(6) topics. We will identify the specific topics for which he is designated after the parties conduct their Rule 30(b)(6) meet and confer, but in order to secure time on his calendar, we'd like to discuss timing for the deposition now. Mr. Overton can be available for up to two consecutive days, June 23-24. To the extent you wish to depose him as a 30(b)(1) witness, that will need to be completed within this two-day period as well.

Please let us know whether these dates work for you. Mr. Overton is expected to testify in Chicago, IL.

Regards,
Adam


Adam Adler
REICHMAN JORGENSEN LLP
1710 Rhode Island Avenue, NW
12th Floor
Washington, DC 20036
Direct: (605) 623-1480
[aadler@reichmanjorgensen.com]aadler@reichmanjorgensen.com

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.
NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for

*delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.*

*NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.*