# Exhibit N

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KOVE IO, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-08175 |
| | ) | |
| AMAZON WEB SERVICES, INC., | ) | Hon. Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |
| | ) | |

## AWS'S RESPONSES AND OBJECTIONS TO KOVE'S FIFTH SUPPLEMENTAL NOTICE OF DEPOSITION OF AWS (TOPIC NOS. 75-83)

Pursuant to Federal Rule of Civil Procedure 30 and the rules and orders of this Court, Defendant Amazon Web Services, Inc. ("AWS") hereby responds with the responses and objections set forth below to Plaintiff Kove IO, Inc.'s ("Kove") Fifth Supplemental Notice of Deposition of AWS (Topic Nos. 75-83), dated March 1, 2021. The following objections and responses are based on AWS's current knowledge, information, and belief after making a reasonable inquiry. AWS reserves the right to supplement its objections and responses to Kove's 30(b)(6) topics as discovery progresses and additional information pertinent to this action becomes available.

## GENERAL OBJECTIONS

The General Objections stated in AWS's Responses and Objections to Kove's Notice of 30(b)(6) Deposition of Amazon (Topic Nos. 1-35), Kove's Supplemental Notice of Deposition of Amazon (Topic Nos. 36-43), Kove's Notice of Second Supplemental 30(b)(6) Deposition of AWS (Topic Nos. 44-62), Kove's Notice of Third Supplemental 30(b)(6) Deposition of AWS (Topic Nos. 63-70), and Kove's Notice of Fourth Supplemental 30(b)(6) Deposition of AWS (Topic Nos. 71-74) are hereby incorporated by reference as though stated explicitly in the individual responses

contained herein. AWS's assertion of any General Objections, assertion of similar or additional objections, or agreement to produce a witness in response to an individual Topic does not waive AWS's General Objections as set forth below.

1.   AWS objects to each Topic to the extent it purports to impose burdens and duties that exceed the scope of reasonable and permissible discovery under the Federal Rules of Civil Procedure, the Local Civil or Patent Rules for the United States District Court for the Northern District of Illinois, and/or any other orders or pronouncements of the Court, including any Topics which seek the identification of custodians and the location of emails without following the specific guidelines for email production requests that are provided by the Northern District of Illinois's Local Patent Rules.

2.   AWS objects to each Topic to the extent it is vague, ambiguous, compound, overbroad, unduly burdensome, unreasonably cumulative, and/or duplicative.

3.   AWS objects to each Topic to the extent it seeks information that is not relevant to the claims or defenses of any party to the action and/or not proportional to the needs of the case concerning any claim or defense in this action.

4.   AWS objects to each Topic to the extent it seeks information not in the possession, custody, and/or control of AWS.

5.   AWS objects to each Topic to the extent it seeks information that is already in possession of parties to this action and/or has already been produced to Kove, that is as readily available to Kove as it is to AWS, or to the extent Kove seeks information that is cumulative or duplicative of Kove's first seventy-four 30(b)(6) deposition topics.

6.   AWS objects to each Topic to the extent it seeks information that is premature at this stage in discovery.

7.   AWS objects to each Topic to the extent it seeks information protected by the attorney-client privilege, attorney-work product doctrine, and/or any other applicable privilege or immunity from discovery. Any inadvertent production of information protected by the attorney-client privilege, work product doctrine, or other immunity shall not constitute a waiver of such privilege or immunity.

8.   AWS objects to each Topic to the extent it seeks information subject to confidentiality obligations owed to third parties that prohibit or restrict its disclosure by AWS.

9.   AWS objects to each Topic to the extent it does not contain any geographical or temporal limitations and/or seeks information outside the relevant time frame of this action. In particular, AWS objects to each Request to the extent it seeks information regarding operation of the services outside of the United States, before the applicable damages period, and after the expiration of the patents-in-suit.

10. AWS objects to each Topic to the extent it assumes disputed facts, facts not in evidence, or legal conclusions. By setting forth objections and responses, AWS does not admit or deny any such facts or legal conclusions assumed by the Topics.

11. AWS objects to each Topic to the extent it calls for a legal conclusion and/or will be the subject of expert testimony.

12. AWS objects to each Topic to the extent the Topics are not limited to the accused products in this case.

13. AWS objects to Kove's use of the terms "Accused Product" and "Accused Products" as overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case to the extent it seeks to include within their scope any products not explicitly identified in Kove's Infringement Contentions or any supplements and/or amendments thereto. AWS interprets the

terms "Accused Product" and "Accused Products" to refer to Simple Storage Service ("S3") and DynamoDB. Specifically, AWS won't provide witnesses to testify regarding Glacier, as it's a separate system from Simple Storage Service that isn't identified in Kove's Infringement Contentions and therefore it isn't an accused product in this case.

14. AWS objects to Kove's definition of "Asserted Patents" and "Patents-in-Suit" to the extent Kove attempts to include any patent other than United States Patent Nos. 7,814,170, 7,233,978, and 7,103,640.

15. AWS objects to Kove's use of the term "Relevant Features" as overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case to the extent it seeks to include within the scope any features not explicitly identified in Kove's Infringement Contentions or any supplements and/or amendments thereto. AWS interprets the term "Relevant Features" to refer to the Simple Storage Service ("S3") and DynamoDB features identified in Kove's Infringement Contentions and any supplements and/or amendments thereto.

16. AWS objects to Kove's use of the term "Relevant Component" as overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case to the extent it seeks to include within the scope any features not explicitly identified in Kove's Infringement Contentions or any supplements and/or amendments thereto. AWS interprets the term "Relevant Component" to refer to the Simple Storage Service ("S3") and DynamoDB components identified in Kove's Infringement Contentions and any supplements and/or amendments thereto.

17. AWS objects to Kove's use of the terms "AWS," "Amazon," "Defendant," "You," and "Your" as overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case to the extent it seeks to include within their scope all of AWS's parent, subsidiary, and affiliated companies, persons who are no longer employed by AWS, and other persons who have

not been identified and are unknowable. In responding to these Topics, AWS interprets the terms "AWS," "Amazon," "Defendant," "You," and "Your" to refer to Amazon Web Services, Inc., the defendant in this case.

18. AWS objects to Kove's use of the term "Other Amazon Entity" as overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs to the case to the extent that it includes within its scope any Amazon entity other than Amazon Web Services, Inc. Any witness AWS will produce will testify solely on AWS's behalf and not on behalf of any other corporate entity, parent company, affiliate company, or company. AWS will only produce witnesses to the extent they are knowledgeable about information within the possession, custody or control of AWS.

19. AWS objects to each Topic to the extent it assumes that the accused products meet any limitation of the asserted claims of the patents-in-suit. By setting forth objections and responses, AWS does not admit that any of the accused products meet any limitations of the asserted claims of the patents-in-suit.

20. That AWS has not lodged a particular objection to one of Kove's Topics does not constitute a concession that any of Kove's Topics is proper or proportional to the needs of the case.

21. AWS may designate information discussed during the deposition as subject to a confidentiality designation under the Protective Order entered in this action, and AWS objects to the presence of any persons beyond those authorized to access that information.

22. AWS objects to the extent Kove seeks a single deponent for all Topics. To the extent AWS agrees to provide a witness, AWS may designate a single witness or multiple witnesses for separate depositions depending on the specific subject matter of the Topic(s) and the availability of suitable and knowledgeable witnesses. AWS may thus provide a witness to testify regarding one of the

Topics below in conjunction with one or more of the previously served seventy Topics at a mutually agreeable date and time.

All of these General Objections are hereby incorporated into each specific response set forth below for each Topic and have the same force and effect as though fully set forth therein.

## TOPICS

### TOPIC NO. 75

The tiers of service You have offered in connection with the Accused Products, including how those tiers have changed over time and the level of performance associated with each offering.

### RESPONSE TO TOPIC NO. 75

AWS objects to this Topic as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information not related to the Accused Products or Relevant Features as identified in Kove's Infringement Contentions. AWS objects to the use of the phrase "level of performance associated with each offering" as vague and ambiguous as it's unclear what Kove seeks and AWS won't be able to properly prepare a witness as a result. AWS objects to this Request as overly broad and unduly burdensome because it is not reasonably limited in time, geography, or scope. Specifically, AWS objects to providing information responsive to this Request outside of the United States, prior to the applicable damages period in this case, and after the expiration of the patents-in-suit.

Subject to the foregoing general and specific objections, AWS will provide a witness to testify on this Topic regarding the tiers of service offered for Simple Storage Service and DynamoDB. AWS won't provide a witness to testify regarding other AWS services.

### TOPIC NO. 76

The costs associated with the Accused Products, including maintenance costs, hardware costs, and development costs.

**RESPONSE TO TOPIC NO. 76**

AWS objects to this Topic as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information not related to the Accused Products or Relevant Features as identified in Kove's Infringement Contentions. Specifically, AWS objects to this Request to the extent it seeks information regarding the specific hardware configurations and infrastructure for Simple Storage Service and DynamoDB services. AWS objects to this Request as overly broad and unduly burdensome because it is not reasonably limited in time, geography, or scope. Specifically, AWS objects to providing information responsive to this Request outside of the United States, prior to the applicable damages period in this case, and after the expiration of the patents-in-suit.

Subject to the foregoing general and specific objections, AWS will provide a witness to testify regarding the costs as allocated and accounted for Simple Storage Service and DynamoDB in the ordinary course of business by AWS for the relevant damages period in the United States. AWS won't provide a witness to testify regarding other AWS services.

**TOPIC NO. 77**

The extent to which costs associated with the Accused Products overlap with costs associated with other AWS products, and how You allocate and/or account for any overlapping costs.

**RESPONSE TO TOPIC NO. 77**

AWS objects to this Topic as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information not related to the Accused Products or Relevant Features as identified in Kove's Infringement Contentions. AWS objects to the use of the phrase "overlapping costs" as vague and ambiguous as it's unclear what Kove seeks and AWS won't be able to prepare a witness as a result. AWS objects to this Request as overly broad and unduly burdensome because it is not reasonably limited in time, geography,

or scope. Specifically, AWS objects to providing information responsive to this Request outside of the United States, prior to the applicable damages period in this case, and after the expiration of the patents-in-suit.

Subject to the foregoing general and specific objections, AWS will provide a witness to testify on this Topic regarding the costs as allocated and accounted for Simple Storage Service and DynamoDB in the ordinary course of business by AWS for the relevant damages period in the United States. AWS won't provide a witness to testify regarding other AWS services.

**TOPIC NO. 78**

AWS products that use, rely on, or incorporate the Accused Products, including the nature, extent, and significance of that use, and any financial relationships for such use.

**RESPONSE TO TOPIC NO. 78**

AWS objects to this Topic as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information not related to the Accused Products or Relevant Features as identified in Kove's Infringement Contentions. AWS also objects to this Topic as overbroad as AWS cannot prepare a witness on how each and every AWS service uses the Accused Products. AWS objects to the use of the phrases "use, rely on, or incorporate," "nature, extent and significance" and "any financial relationships" as overly broad and vague and ambiguous as it's unclear what Kove seeks and AWS cannot prepare a witness as a result. AWS objects to this Request as overly broad and unduly burdensome because it is not reasonably limited in time, geography, or scope. Specifically, AWS objects to providing information responsive to this Request outside of the United States, prior to the applicable damages period in this case, and after the expiration of the patents-in-suit.

Subject to the foregoing general and specific objections, AWS will provide a witness to testify on this Topic regarding how AWS tracks the usage of Simple Storage Service and

DynamoDB in its financial system in the ordinary course of business for the relevant damages period in the United States. AWS won't provide a witness to testify regarding other AWS services.

**TOPIC NO. 79**

The nature and extent to which the Accused Products are used by any Other Amazon Entity or any product or service operated by any Other Amazon Entity.

**RESPONSE TO TOPIC NO. 79**

AWS objects to this Topic as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information not related to the Accused Products or Relevant Features as identified in Kove's Infringement Contentions. AWS objects to this Topic on the basis that information regarding the "nature and extent" to which "any Other Amazon Entity or any product or service operated by any Other Amazon Entity" uses Simple Storage Service or DynamoDB is not within the possession, custody, or control of AWS or reasonably available to AWS such that it could prepare a witness. AWS objects to the term "nature" as overly broad and vague and ambiguous as it's unclear what Kove seeks and AWS cannot prepare a witness as a result. AWS objects to this Request as overly broad and unduly burdensome because it is not reasonably limited in time, geography, or scope. Specifically, AWS objects to providing information responsive to this Request outside of the United States, prior to the applicable damages period in this case, and after the expiration of the patents-in-suit. AWS objects to this Topic to the extent it is duplicative and/or cumulative of other Topics and testimony, including Topic No. 13.

Subject to the foregoing general and specific objections, AWS will provide a witness to testify on this Topic regarding how AWS tracks the usage of Simple Storage Service and DynamoDB in its financial system in the ordinary course of business for the relevant damages period in the United States. AWS won't provide a witness to testify regarding other AWS services.

**TOPIC NO. 80**

How AWS accounts or charges for use of the Accused Products by any Other Amazon Entity.

**RESPONSE TO TOPIC NO. 80**

AWS objects to this Request as overly broad and unduly burdensome because it is not reasonably limited in time, geography, or scope. Specifically, AWS objects to producing information responsive to this Request outside of the United States, prior to the applicable damages period in this case, and after the expiration of the patents-in-suit. AWS objects to the AWS objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, and/or any other applicable privilege or immunity from discovery.

Subject to the foregoing general and specific objections, AWS will provide a witness to testify on this Topic regarding how AWS accounts or charges for the use of Simple Storage Service and DynamoDB by related Amazon entities as accounted for in the ordinary course of business by AWS for the relevant damages period in the United States. AWS won't provide a witness to testify regarding other AWS services.

**TOPIC NO. 81**

Competitors of the Accused Products, including the differences between the Accused Products and the competitors, and the advantages and disadvantages of the Accused Products relative to any competing products.

**RESPONSE TO TOPIC NO. 81**

AWS objects to this Topic as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information not related to the Accused Products or Relevant Features as identified in Kove's Infringement Contentions. AWS objects to this Topic as overly broad to the extent it encompasses a potentially innumerable number of products, as the use of the term "competitors" is subjective and vague and ambiguous. AWS

10

objects to this Request as overly broad and unduly burdensome because it is not reasonably limited in time, geography, or scope. Specifically, AWS objects to providing information responsive to this Request outside of the United States, prior to the applicable damages period in this case, and after the expiration of the patents-in-suit. AWS objects to the AWS objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, and/or any other applicable privilege or immunity from discovery.

Because this Topic is overbroad as written, AWS is willing to meet and confer regarding its scope.

**TOPIC NO. 82**

Your relationship with Aneeta Mishra and Aneeta Mishra X LLC.

**RESPONSE TO TOPIC NO. 82**

AWS objects to this Topic as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case. AWS has no relationship with either Aneeta Mishra or Aneeta Mishra X LLC and therefore has no corporate witnesses who could testify on this topic.

Because AWS has no relationship with either Aneeta Mishra or Aneeta Mishra X LLC, AWS objects to providing a witness on this topic, but is willing to meet and confer.

**TOPIC NO. 83**

Any Communication between AWS and any third parties regarding this litigation or any request for reexamination of any of the patents asserted in this litigation, including Reexamination Control No. 90/014,552. This topic includes communications between AWS and Aneeta Mishra, Aneeta Mishra X LLC, Paul Carmichael, Jonathan Riel, Chris Cope, or Michael Roizen. This topic also includes communications between AWS and any current or former employees of OverX, Inc., Econnectix LLC, Econnectix Corporation, Arctide LLC, Kove IO, Inc., Founders Capital Corporation, Brinks Gilson & Lione, University of Chicago, University of Chicago Medical Center, or any other third-party entity subpoenaed by AWS or identified in AWS's Initial Disclosures.

**RESPONSE TO TOPIC NO. 83**

AWS objects to this Topic as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case. AWS has had no communications with any of the persons or entities listed in this Topic regarding this litigation and therefore has no corporate witnesses who could testify on this topic. And the communications of AWS's outside counsel with third parties in connection with this litigation aren't an appropriate topic for corporate testimony. AWS objects to this Topic to the extent that "AWS" includes outside counsel of AWS in this litigation. AWS objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, and/or any other applicable privilege or immunity from discovery.

Because AWS has had no communications with any of the persons or entities listed in this Topic regarding this litigation, AWS objects to providing a witness on this topic but is willing to meet and confer.

Dated: March 19, 2021

Respectfully Submitted,

AMAZON WEB SERVICES, INC.

By:   */s/ Elizabeth Bernard*

Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Adam A. Allgood (*pro hac vice*)
*adam.allgood@fischllp.com*
Elizabeth Bernard (*pro hac vice*)
*elizabeth.bernard@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Ave NW
Fourth Floor
Washington, D.C. 20015
(202) 362-3500

*Attorneys for Defendant Amazon Web
Services, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 19, 2021, I electronically served the foregoing document on counsel of record via email.


<u>*/s/ Elizabeth Bernard*</u>
Elizabeth Bernard