# Exhibit F



Karlanna M. Lewis
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Direct Dial: (650) 623-1438
klewis@reichmanjorgensen.com

August 26, 2021

**Via Email**

Elizabeth Bernard
Fisch Sigler LLP
5301 Wisconsin Ave NW 4th Fl.
Washington, DC 20015
Elizabeth.Bernard@fischllp.com

      Re:    *Kove IO, Inc. v. Amazon Web Services, Inc.*, Case No. 18-cv-8175 (N.D. Ill.)

Counsel,

      Throughout this litigation, Kove has maintained the position that discovery into litigation financing, including litigation funding, is improper on grounds of privilege and relevance.[1] In view of questions to Mr. Connolly on the subject, our objections and instructions – which were limited only to questioning that sought to illicit protected testimony – were necessary and appropriate to maintain our position. Your characterizations to the contrary are not supported by the transcript of the proceeding.

      Mr. Connolly was made available for deposition in accordance with AWS's Rule 30(b)(1) notice. AWS was permitted to question him for up to 7 hours, but chose to end after approximately 4 hours and 20 minutes. During that time, Kove interposed 27 objections, 11 of which were on the basis of privilege. As the table below (assembled from the Final Transcript ("Tr.")) shows, the majority of privilege-related objections were concentrated in roughly 30 mintues of deposition time.[2] Most were directed to questions regarding litigation funding and related documents that were clawed back for privilege.[3] Each was warranted, and as the transcription shows, none bear any evidence of the "abuses" AWS accuses Kove of engaging in.

---

[1] *See* Kove's Responses to AWS's Request for Production Nos. 34-35 and Interrogatory No. 14. AWS moved to compel discovery related to Kove's interactions with third-party litigation funders, exclusive of any agreements with its law firms (Dkt. 222 at 1), but withdrew its motion (Dkt. 239) after Kove represented it has "never entered into any agreement with any third-party to fund the present litigation." Nov. 5, 2020 Cardenas-Navia Ltr. to Barron.

[2] Kove's other objections took seconds to interpose and presumably are not the subject of your letter.

[3] Upon discovering its inadvertent production of privileged matter, Kove immediately notified AWS of the same, provided written request of the clawback pursuant to the terms of the Protective Order, and provided updated privilege log entries a few days later on August 19.

| Time On the Record (CT) | Time Off the Record (CT) | Time Elapsed | # Privilege Objections | # Non-Privilege Objections |
|---|---|---|---|---|
| 8:59 | 10:02 | 1 hour 3 min | 2 | 8 |
| 10:06 | 10:17 | 11 min | 1 | - |
| 10:31 | 10:35 | 4 min | 1 | - |
| 10:46 | 10:51 | 5 min | 3 | - |
| 11:04 | 11:16 | 12 min | 4 | 1 |
| 11:18 | 11:30 | 12 min | - | - |
| 11:40 | 11:52 | 12 min | - | 1 |
| 12:50 | 13:59 | 1 hour 9 min | - | 4 |
| 14:12 | 15:23 | 1 hour 11 min | - | 2 |
| 15:40 | 15:41 | 1 min | - | - |

Kove's objections and instructions not to answer on issues of privilege were "necessary to preserve" the objections. Fed. R. Civ. P. 30(c)(2); *see also Medline Indus. v. Lizzo*, No. 08 C 5867, 2009 WL 3242299, at *1 (N.D. Ill. Oct. 6, 2009). The same is true of Kove's positions with respect to limiting discovery into irrelevant subject matter. *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (noting that considerations of both relevance and proportionality now govern the scope of discovery).

We believe the relevant case law in this district supports our position, the propriety of which will, of course, be decided by the Court. *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 740 (N.D. Ill. 2014) (denying a motion to compel, finding that "[t]he details about how any recovery is to be divided between [party] and the funder if [party] wins the case . . . have nothing to do with the claims or defenses in the case"); *Fulton v. Foley*, No. 17-CV-8696, 2019 WL 6609298, at *2-3 (N.D. Ill. Dec. 5, 2019) ("litigation funding information is generally irrelevant" and is "designed to be confidential"); *Art Akiane LLC. v. Art & Soulworks LLC*, No. 19 C 2952, 2020 WL 5593242, at *6 (N.D. Ill. Sept. 18, 2020) (same). "Decisions on relevancy are made on a case-by-case basis and each is dependant on surrounding facts, circumstances, and issues." *Art Akiane*, 2020 WL 5593242, at *5 (citing 1C. Mueller & L. Kirkpatrick, Federal Evidence, § 4.3 at 568 (3d ed. 2003)). As we represented during the deposition, we will file a Motion for Protective Order on the discoverability of litigation funding and expect to do so no later than the Court's September 2nd deadline.

As to your allegations of "coaching" and other "misconduct," none are supported by the record. Where AWS's questions implicated privileged information, Kove cautioned Mr. Connolly to answer "yes" or "no" as a threshold step, to avoid inadvertent disclosures.[4] AWS was free, and often did, follow up with additional questions; if the questions did not implicate privileged information, no objection was drawn, and Mr. Connolly responded. In two instances, AWS's questions caused Mr. Connolly to be confused about whether a response would implicate privilege. In the first instance, after Mr. Connolly indicated he was "not sure how to answer [the] question," it was *AWS* who asked whether he "need[ed] a break to talk to your counsel." Tr. 70:13-71:2. In the second instance, he (for the first and *only* time) asked to confer with counsel and did so. *Id.* at 89:14-22. Once back on the record, Mr. Connolly testified that his conference with counsel did not affect his testimony. *Id.* at 90:11-92:6. As the record makes plain, there was no misconduct evident in anything that transpired. A deponent is permitted to confer with counsel during a deposition for the purpose of determining whether a response would disclose privileged

---

[4] AWS has instructed its own witnesses similarly. *See, e.g.,* Barr Tr. 13:8-13; Walsh Tr. 8:24-9:7.

2

information. *Hall v. Clifton Precision, a Div. of Litton Sys., Inc.*, 150 F.R.D. 525, 529 (E.D. Pa. 1993) ("[A] private conference between witness and attorney is permissible if the purpose of the conference is to decide whether to assert a privilege."); *Chapsky v. Baxter v. Mueller Div., Baxter Healthcare Corp.*, No. 93 C 6524, 1994 WL 327348, at *1 (N.D. Ill. July 6, 1994) (same); *Simkus v. United Airlines*, No. 13-CV-04388, 2015 WL 800392, at *1 (N.D. Ill. Feb. 24, 2015) (same).

For these reasons, we decline to make Mr. Connolly available for a second deposition.

Regards,

*/s/ Karlanna M. Lewis*

Karlanna M. Lewis

cc: Renato Mariotti, Esq.

3