# Exhibit 6

# FISCH SIGLER LLP

5301 Wisconsin Avenue NW | Fourth Floor | Washington, DC 20015 USA

March 22, 2021

**Elizabeth Bernard**
*Attorney*
Elizabeth.Bernard@FischLLP.com
Direct: +1.202.362.3529
Main:  +1.202.362.3500

**VIA EMAIL**

Mr. Adam Adler
Reichman Jorgensen Lehman & Feldberg LLP
1710 Rhode Island Avenue, NW, 12th Floor
Washington, DC 20036
aadler@reichmanjorgensen.com

Re: *Kove IO, Inc. v. Amazon Web Services, Inc.*
Case No. 18-cv-8175 (N.D. Ill.)

Dear Adam:

Thank you for the meet and confer on Friday, March 19. For the first time during the meet and confer, Kove's claimed that the extensive discovery requested regarding AWS's actual performance metrics and system hardware details is relevant to non-infringing alternatives in this case. *See, e.g.,* Kove's 7th Set of RFPs. Kove hasn't disclosed this theory previously and its response to Interrogatory No. 7, which explicitly requests Kove's basis for damages, is devoid of any such discussion. Specifically, it's AWS's understanding that Kove now claims that such information is relevant because non-infringing alternatives must be "acceptable" throughout the damages period and that the requested information shows what is acceptable from a performance and hardware cost and replacement standpoint. But Kove's analysis misapprehends that the performance or costs that AWS's has actually achieved through its services isn't the measure of acceptability of a non-infringing alternative at the time of the hypothetical negotiation. Simply put, in a reasonable royalty analysis, the existence or possible availability of non-infringing alternatives are based on customer demand and what is commercially acceptable in the market just prior to the hypothetical negotiation, not whether the non-infringing alternative is a substitute for AWS's *actual* services and performance over the damages period.

Kove's newly disclosed theory conflates the concept of an "acceptable non-infringing alternative" under a lost-profits damages model with the analysis under a reasonable royalty. *See, e.g.*, *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1380 (Fed. Cir. 2017); *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152 (6th Cir. 1978). In this case, Kove ostensibly seeks a reasonable royalty as the alleged measure of damages, which is determined by the hypothetical negotiation at the time of first infringement. *See generally Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970); Kove's

FISCH SIGLER LLP

- 2 -

August 5, 2019 Response to Interrogatory No. 7.[1] The consideration of non-infringing alternatives isn't required in a reasonable royalty analysis like it is in lost profits, but it can "play a role" as the parties during the hypothetical negotiation may take into account the availability of non-infringing alternatives at the time that the infringement first began. *See Carnegie Mellon Univ. v. Marvell Tech. Group*, 2012 WL 3686736, at *4 (W.D. Pa. Aug. 24, 2012) (citing *Mars v. Coin Acceptors*, 527 F.3d 1359, 1373 (Fed. Cir. 2008)). Furthermore, *Mars* and *Carnegie Mellon* make clear that in the context of a reasonable royalty analysis, it's the *possibility* of non-infringing alternatives that matters. *See Mars,* 527 F.3d at 1373 (reducing the royalty rate because the defendant "did not have—but probably could have designed —an acceptable alternative"); *Carnegie Mellon*, 2012 WL 3686736 at *4 (denying plaintiff's *Daubert* motion regarding defendant's reasonable royalty analysis because of the possibility of non-infringing alternatives); *see also Zygo Corp. v. Wyko Corp.,* 79 F.3d 1563, 1571-72 (Fed. Cir. 1996) (the possibility of a non-infringing alternative "is a factor relevant to the determination of a proper royalty during hypothetical negotiations"). This makes sense, as a hypothetical licensee such as AWS shouldn't be expected to pay a significant royalty if there were other alternatives that are significantly less expensive than the proposed royalty.

But "acceptable non-infringing alternatives" don't play the same role in a reasonable royalty determination as lost profits because to prove lost profits requires a "but for" and binary, yes or no determination as to whether an alternative is "acceptable" over the damages or "accounting" period. That's simply not the analysis during the hypothetical negotiation, which is focused on the expectations of the parties at the time of first infringement. *See Aqua Shield v. Inter Pool Cover Team*, 774 F.3d 766, 770 (Fed. Cir. 2014) ("In hypothetical-negotiation terms, the core economic question is what the infringer, in a hypothetical pre-infringement negotiation under hypothetical conditions, would have anticipated the profit-making potential of use of the patented technology to be, compared to using non-infringing alternatives."); *see also Interactive Pictures Corp. v. Infinite Pictures, Inc*., 274 F.3d 1371, 1385 (Fed. Cir. 2001) (expectations govern, not actual results); *Georgia-Pacific,* 318 F. Supp. at 1120 (considering "[t]he utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results"). Indeed, the Federal Circuit has found that it is incorrect to replace "the hypothetical inquiry into what the parties would have anticipated, looking forward when negotiating, with a backward-looking inquiry into what turned out to have happened."[2] *Aqua Shield*, 774 F.3d at 772. Thus, for example, information from 2018 is far from meaningful data to

---

[1] Kove's interrogatory response isn't even clear on this point, and to the extent it seeks lost profits, it must inform AWS immediately and provide the basis for such a claim. Kove must provide the bases for any reasonable royalty claim in this case as well.

[2] And to the extent the Federal Circuit has allowed use of actual profit information in "an indirect and limited" manner, *see, e.g., Aqua Shield*, 774 F.3d at 770, AWS's actual profits for the services have already been provided to Kove in this case.

**FISCH SIGLER** LLP

- 3 -

predict a party's expectations surrounding a hypothetical negotiation in e.g., 2006.[3] *See. e.g.,* Kove's RFP No. 204.

And even if non-infringing alternatives must be "acceptable" throughout the damages period in a reasonable royalty analysis as Kove ostensibly claims, the focus is on whether the hypothetical market and consumers want products with specific advantages or performance, not whether AWS's services *actually* have achieved certain, specific performance metrics over the years and the alternative can match that performance. *See Grain Processing Corp. v. Am. Maize-Products Co.*, 185 F.3d 1341, 1355 (Fed. Cir. 1999) ("Consumer demand defines the relevant market and relative substitutability among products therein."). Indeed, a non-infringing alternative need not have the patented feature in order to be deemed "acceptable." *See SmithKline Diagnostics, Inc. v. Helena Labs. Corp.,* 926 F.2d 1161, 1166 (Fed. Cir. 1991) ("[B]y definition, noninfringing products do not represent an embodiment of the invention."); *see also Carnegie Mellon*, 2012 WL 3686736, at *4 n.6 ("In the reasonable royalty context, the Court notes that it appears that alternatives need not even be 'effectively identical' in performance."). Thus, it makes no sense for Kove to claim that AWS's actual performance or costs for services with the alleged infringing features over the years create a baseline for that data and therefore are a relevant measure for an alternative to be "acceptable."

And the actual costs of specific hardware devices of the services are irrelevant for many other reasons. As AWS indicated in its objections and responses to Kove's requests for production, a single server or piece of physical hardware doesn't just host a single alleged relevant feature or software object but hosts other software objects and services, not implicated by Kove's allegations. So there's no one-to-one cost for a software object identified by Kove and a piece of hardware, such as a server. Therefore, AWS's entire hardware costs have no relevance to the hypothetical negotiation. *See Riles v. Shell Expl. & Prod. Co.,* 298 F.3d 1302, 1312 (Fed. Cir. 2002) (finding that the cost of an entire platform including the alleged infringing technology "would have little, if any, relevance in the hypothetical negotiation."). Because there's no one-to-one correlation between the cost of a single server and any software object or feature that Kove has identified as relevant in this case, this information isn't useful or relevant to the analysis as it's not indicative of any marginal costs for the patented technology or any non-infringing alternative that's necessarily implemented in discrete software objects and code.

And as discussed during the meet and confer, Kove's requests are facially overbroad. For example, the "make and model" and actual frequency of replacement of the physical hardware from 2006 to 2020 isn't relevant under any non-infringing alternatives analysis, especially when the "damages period" is December 12, 2012 to September 25, 2020. *See, e.g.*, Kove's 6th Set of RFPs.

---

[3] Here, it is particularly concerning that during the meet and confer Kove was unable to fully confirm its contention regarding the date of first infringement, a key date for the reasonable royalty analysis, stating that Kove believes this was the date the earliest patent issued, but was unsure.

FISCH SIGLER LLP

- 4 -

Importantly, Kove bears the burden of proof on damages and hasn't made any claim in this case regarding non-infringing alternatives, including whether there are or aren't any relevant non-infringing alternatives. Specifically, Kove hasn't responded to AWS's Interrogatory No. 7 seeking its damages contentions and calculations in this case, despite AWS's repeated requests and Kove bearing the burden of proof. As AWS stated during the meet and confer, Kove's requests are thus overbroad and Kove must narrow its broad requests to any actual alleged non-infringing alternatives it claims are relevant to the damages analysis in this case. AWS thus requests that Kove supplement its response to Interrogatory No. 7 to provide the factual and legal bases for its reasonable royalty damages in this case. Kove has requested extensive information that is resulting in significant time and cost for AWS to locate, collect, and produce in this case, including performance metrics, without articulating a viable damages theory to support those requests. After Kove supplements its response to AWS's Interrogatory No. 7, AWS can then consider the relevant and appropriate scope of Kove's requests. Kove's response should provide a clearer understanding of damages contentions in this case.[4] To the extent Kove continues to fail to respond to this Interrogatory, AWS will seek to preclude Kove's expert from relying on information not disclosed in Kove's response.

We are available for the continued meet and confer on Thursday, March 25 at 3 pm ET to discuss Kove's response to Interrogatory No. 7 and the other issues regarding embodiments discovery raised in my February 19 letter that Kove's hasn't responded to and the parties didn't get a chance to discuss during the March 19 meet and confer. Please let us know if this works for Kove or propose another time this week for the meet and confer. AWS will be forced to seek the Court's intervention if Kove continues to delay meeting its discovery obligations in this case and responding to AWS's requests. AWS hopes to avoid involving the Court, but AWS can't continue to standby while Kove ignores AWS's correspondence and requests for weeks, only to fail to supplement its discovery, like it has for Interrogatory Nos. 10 and 20. We look forward to a productive discussion and a date certain by which Kove will remedy these deficiencies that have been outstanding for months. Thank you.

Sincerely,

*/s/ Elizabeth Bernard*

Elizabeth Bernard

---

[4] Notably, Kove claimed its purported damages calculation to the Court in effort to get extensive document production from AWS, but now refuses to provide that computation and bases to AWS. That's improper.