# Exhibit 32

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Amazon Web Services, Inc., <br><br> Defendant. | Civil Action No. 1:18-cv-08175 <br><br> Judge Rebecca R. Pallmeyer <br><br> Jury Trial Demanded |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-119)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Kove IO, Inc. ("Kove") requests that Defendant Amazon Web Services, Inc. ("Amazon") produce for inspection and copying the documents and things requested below in accordance with the definitions and instructions provided herein. Production shall take place within thirty (30) days of service of this request, at the offices of Reichman Jorgensen LLP, 303 Twin Dolphin Drive, Suite 600, Redwood Shores, California 94065, or at such location and time as the parties may agree.

**DEFINITIONS**

1. "Amazon," "Defendant," "You," and "Your" mean Amazon Web Services, Inc. and any of its corporate parents, subsidiaries, divisions, or departments, and any of its present or former officers, directors, employees, members, representatives, or any others acting on its behalf.

2. "Kove" and "Plaintiff" mean Kove IO, Inc., as well as any of its corporate parents, subsidiaries, divisions, or departments, and any of its present or former officers, directors, employees, members, representatives, or any others acting on its behalf.

3. "Asserted Patents" or "Patents-in-Suit" mean the patents asserted by Kove in its

1

operative Complaint in this litigation, including United States Patent Nos. 7,814,170, 7,233,978, and 7,103,640.

4. "Asserted Claim(s)" means all claims that You are accused of infringing, including those claims identified in Kove's Infringement Contentions or any amendments or supplements thereto.

5. "Accused Product" means any product, application, or feature identified in Kove's operative Complaint, including, but not limited to, Amazon S3 and Amazon DynamoDB, any product, application, or feature identified in Kove's Infringement Contentions or any amendments or supplements thereto, and/or any Amazon product, application, service, or feature that uses distributed hash tables.

6. "Communication" means any contact, whether in person, in writing, oral, formal, informal, by telephone, or any method whereby knowledge, facts or information is imparted or transmitted from one person or entity to another or to a file.

7. "Document" or "documents" mean the original and all copies of any written, printed, typed, photocopied, photographic, and recorded matter of any kind or character (including, but not limited to, magnetic, mechanical, or electronic recordings), however produced or reproduced, and any tangible thing which, in whole or in part, illustrates or conveys information in Your possession, custody, or control, whether produced or stored on paper, cards, tapes, disks, belts, charts, film, computer storage devices, cellular phones, "smart" phones, microfilm, wires, cables, magnetic and electronic recordings, sound recordings, computer printouts, or records. The term includes, but is not limited to, data, data compilations, and other electronically stored information, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form (e.g., computer

memory); as well as electronic mail and instant messaging, text messaging, video messaging, correspondence, memoranda, studies, maps, analyses, diagrams, scraps of paper, notes, applications, drawings, charts, graphs, plans, photographs, video tapes, audio tapes, computer disks, computer hard drives, contracts, agreements, working papers, drafts, reports of investigations or inspections of any kind, opinions of consultants or experts, diaries, minutes, calendars, field notes, logs, checks, receipts, images, and the like.

8. "Identify," when referring to a person or persons, means to state the current name, address and telephone number of the person about whom the information is sought. When referring to individuals, please state the name of their present or last known employer, their office or title, if any, and their job description. Also, please state the nature and dates of their affiliation with any party to this litigation and their office or title, job description and duties during such affiliation.

9. "Identify," when used with respect to an act (including an alleged omission), communication, occurrence, statement or conduct (herein collectively called "act"), means to:

    a. describe the substance of the event or events constituting such act and state the date when such act occurred;

    b. identify each and every person participating in such act;

    c. identify all other persons (if any) present when such act occurred;

    d. state whether any minutes, notices, memoranda, or other records of such act were made;

    e. state whether such record now exists; and

    f. identify the person or persons presently having possession, custody or control of each such record.

3

10. "Identify," when referring to a document, means to provide, as to each such document, the following information:

    a. its date;

    b. its title, if it has one; all identifying numbers, if any; all other identifying or categorizing designations; and a brief description of it (such as letter, memorandum, manuscript, notes, etc.);

    c. its subject matter;

    d. the name, title and address of each person who wrote, signed, initialed, dictated or otherwise participated in the creation of the document;

    e. the name, title and address of each addressee, and of each other person receiving a copy of it;

    f. its present location, and the name and address of its present custodian;

    g. if the document is not an original, the name and address of the custodian of the original; and

    h. any other designation necessary to sufficiently identify the document so that a copy of it may be ordered or obtained from its custodian.

If any such document was, but is no longer, in Your possession, custody or control, or in existence, state its present location or the date and manner of its disposition.

11. "Identify," when referring to a corporate entity or entities, shall mean to state the full corporate name and the date and place of incorporation, if known, and its present address and telephone number.

12. "Person" shall mean individual, corporation, non-profit corporation, sole proprietorship, partnership, limited partnership, professional association, joint venture, agency,

agent, trust and/or any other legal entity.

13. "Refer" or "relate to" or "concerning" (or any form thereof) shall mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or being relevant to. As indicated, the term necessarily includes information which is in opposition to, as well as in support of, Your position(s) and claim(s) in this action.

14. "All" shall be construed as "all and each."

15. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope

16. The use of the singular form of any word includes the plural and vice versa.

## GENERAL PROVISIONS AND INSTRUCTIONS

17. You are requested to produce all the requested documents in your possession, custody, or control, regardless of the physical location of the documents.

18. Your obligation to provide the information sought by the requests for production herein ("Requests") is continuing, and should you discover new documents responsive to the Requests after initial responses are provided, you are obligated to supplement your responses as appropriate to the full extent provided for by the Federal Rules of Civil Procedure or any other applicable law.

19. All documents shall be produced in the same order and format as they are kept or maintained in the ordinary course of business. If any documents have been removed from the files in which they were found for purposes of producing them in response to these Requests, for each such document, identify the file(s) in which the document was originally located.

20. You are to produce each document requested, together with all non-identical copies and drafts of such document. Documents attached to each other should not be separated when being produced in response to these Requests.

21. If no documents exist that are responsive to a particular Request, that fact should be stated in your response to that Request.

22. If any document is withheld based on any claim of privilege, protection, or immunity, you are required to provide a detailed privilege log containing, separately and for each document withheld, an explanation of the claim being asserted and the following information: (a) the date the document was created, and the dates of any revisions to the document; (b) the identity of the author(s) of the document; (c) the identity of the recipient(s) or addressee(s) of the document; (d) the identity of the person(s) from whom the document was received, if not the author(s); (e) the basis for withholding the document, including the nature of the privilege or protection asserted; and (f) a description of the subject matter of the document sufficient to allow the Court, if necessary, to determine the appropriateness of the privilege or protection claimed.

23. If any requested document cannot be produced in full, you are to produce it to the extent possible, indicating which document, or portion of such document, is being withheld, and the reason that the document, or portion of such document, is being withheld.

24. If a document or group of documents responsive to these Requests once existed, but has been destroyed or discarded, for each such document or group of documents: (a) identify the document or group of documents; (b) state when the document or group of documents was destroyed or discarded; (c) state why the document or group of documents was destroyed or discarded; (d) identify the persons most knowledgeable about the contents of the document or group of documents; and (e) describe the circumstances under which the document or group of

6

documents was destroyed or discarded.

**REQUEST FOR PRODUCTION NO. 20**

All documents identifying, describing, or referencing the use or operation of any of the Accused Products (including, but not limited to, documents providing training, education, instruction, or information on the operation of the Accused Products).

**REQUEST FOR PRODUCTION NO. 21**

All documents relating to the use, operation, or maintenance of the Accused Products and components thereof, including, without limitation, where such use, operation, or maintenance is by one or more third parties for the benefit of You, by one or more third parties at the direction or request of You, or by You in cooperation with one or more third parties.

**REQUEST FOR PRODUCTION NO. 22**

All documents that discuss, refer to, or evidence how subscribers, customers, users, partners, or distributors use, operate, or access the Accused Products.

**REQUEST FOR PRODUCTION NO. 23**

All documents that discuss, refer to, or evidence any proposal, decision, consideration, or deliberation in the development of the Accused Products, starting with the initial idea thereof.

**REQUEST FOR PRODUCTION NO. 24**

All documents that discuss, refer to, or evidence any proposal, decision, consideration, or deliberation in the acquisition of the Accused Products.

**REQUEST FOR PRODUCTION NO. 25**

All documents that discuss, refer to, or evidence any proposal, decision, consideration, or deliberation in the use, operation, or maintenance of the Accused Products (including, but not limited to, documents providing training, education, instruction, or information on the operation and/or maintenance of the Accused Products).

**REQUEST FOR PRODUCTION NO. 26**

All documents and other materials and things created, provided, maintained, edited, hosted or owned by You relating to the use of the Accused Products (including but not limited to user's manuals, instructions, developer's guides, tutorials, discussion boards, web pages, on-line videos, on-line instructions, FAQ's, developers conferences, user conferences, videos, etc.).

**REQUEST FOR PRODUCTION NO. 27**

Documents and other materials sufficient to show the date of first use for each of the Accused Products.

**REQUEST FOR PRODUCTION NO. 28**

All documents that discuss, refer to, or evidence the costs of developing the Accused Products.

**REQUEST FOR PRODUCTION NO. 29**

All documents that discuss, refer to, or evidence the costs and expenses incurred by You in creating, marketing, operating, making, licensing, maintaining and selling the Accused Products or the access to or use thereof. The documents should include, but are not limited to, segmented cost and expense data by region, retailer, and/or vendor.

**REQUEST FOR PRODUCTION NO. 30**

All documents that discuss, refer to, or evidence the method and manner by which You track, record, and monitor the making, using, operating, accessing to, licensing, offering for sale, or sale of the Accused Products from 2012 to the present.

**REQUEST FOR PRODUCTION NO. 31**

Documents referring to the manufacture, creation, development, testing and/or use of the Accused Products in the United States by You, Your distributors, Your contractors, Your agents

**REQUEST FOR PRODUCTION NO. 85**

All documents identifying, describing, or referencing the commercial success and/or popularity of each of the Accused Products.

**REQUEST FOR PRODUCTION NO. 86**

All documents identifying, describing, or referencing market reception of each of the Accused Products, including internal, third party, and end user reviews.

**REQUEST FOR PRODUCTION NO. 87**

All documents identifying, describing, or referencing Your use of the Accused Products.

**REQUEST FOR PRODUCTION NO. 88**

All documents identifying, describing, or referencing Your customers' use of the Accused Products.

**REQUEST FOR PRODUCTION NO. 89**

All documents identifying, describing, or referencing how You monetize or derive revenue from the Accused Products.

**REQUEST FOR PRODUCTION NO. 90**

All documents identifying, describing, or referencing the total amount, applicable royalty base, and applicable royalty rate paid by You to any third parties in connection with the Accused Products.

**REQUEST FOR PRODUCTION NO. 91**

All of Your annual and quarterly reports (or equivalents) commencing from six years prior to the filing of this lawsuit.

**REQUEST FOR PRODUCTION NO. 92**

All documents identifying, describing, or referencing the demand, value, revenue, profitability, and income from all versions of each of the Accused Products.

**REQUEST FOR PRODUCTION NO. 93**

Documents sufficient to demonstrate the accounting practices used by You to account for sales, profit margin, cost, income for and/or from, or other financial benefit realized by You, related to the Accused Products.

**REQUEST FOR PRODUCTION NO. 94**

All documents identifying, describing, or referencing the follow-on sales for other products (e.g., accessories, software, hardware, maintenance, extended warranties, etc.) based on the sales, launch and/or use of the Accused Products.

**REQUEST FOR PRODUCTION NO. 95**

All documents identifying, describing, or referencing the sale of other products or services by You that result from the use of the Accused Products by Your subscribers, customers, partners, distributors (such as retail establishments), target audience(s) and/or other users. This includes, but is not limited to, documents related to the quantity sold, gross revenue, net revenue, cost of goods sold, and profit related to the sale of other products or services that result from the use of the Accused Products by Your subscribers, customers, partners, distributors (such as retail establishments), target audience(s) and/or other users.

**REQUEST FOR PRODUCTION NO. 96**

All documents identifying, describing, or referencing direct and/or indirect financial benefits that accrue to You through the use of the Accused Products by Your subscribers,

customers, partners, distributors (such as retail establishments), target audience(s) and/or other users.

**REQUEST FOR PRODUCTION NO. 97**

All documents that discuss, refer to, or evidence any advertising, marketing, or sales materials related to any of the Accused Products, including, without limitation, television, video, internet, and radio advertisements related to the Accused Products, consumer surveys and market analyses.

**REQUEST FOR PRODUCTION NO. 98**

All documents constituting, identifying, describing, or referencing the promotion, branding, marketing or advertising, by or for You, of the Accused Products.

**REQUEST FOR PRODUCTION NO. 99**

All documents evidencing, identifying, describing or referencing the benefits and/or detriments of each of the Accused Products, including but not limited to presentations, brochures, surveys, usage statistics, promotional materials, advertisements, or websites.

**REQUEST FOR PRODUCTION NO. 100**

All documents evidencing, identifying, describing or referencing the benefits derived by consumers when using each of the Accused Products, including but not limited to faster response, ease of use, improved access to content, improved product discovery, or other benefits.

**REQUEST FOR PRODUCTION NO. 101**

All documents evidencing, identifying, describing or referencing the benefits that You receive, derive, etc. from the use of each of the Accused Products, including but not limited to increased revenues, cost reductions, additional sales, enhanced brand image, or other benefits.

**REQUEST FOR PRODUCTION NO. 102**

All documents evidencing, identifying, describing or referencing internal studies and/or industry studies performed to quantify the benefits of each of the Accused Products related to non-accused functionalities and/or competing technologies.

**REQUEST FOR PRODUCTION NO. 103**

All documents evidencing, identifying, describing or referencing You negotiating, corresponding, offering, discussing, etc. the sale, use, or license of any of the Accused Products to anyone other than You. This includes any costs, fees, or revenues associated with the negotiating, corresponding, offering, discussing, etc.

**REQUEST FOR PRODUCTION NO. 104**

All documents evidencing, identifying, describing or referencing the importance, significance, benefits, etc. to You, Your products and service offerings, and Your overall business strategy, as part of Your use of each of the Accused Products.

**REQUEST FOR PRODUCTION NO. 105**

All documents evidencing, identifying, describing or referencing analyst reports pertaining to You and/or Your use of each of the Accused Products.

**REQUEST FOR PRODUCTION NO. 106**

All documents evidencing, identifying, describing or referencing Your possession or access to patent applications submitted by Kove to the USPTO that were, at the time of Your possession or access, confidential.

**REQUEST FOR PRODUCTION NO. 107**

Documents sufficient to identify where (geographically) the servers which host, provide access to, make available or which have hosted, provided access to, or made available the Accused Products, are located.

**REQUEST FOR PRODUCTION NO. 108**

All documents constituting, identifying, describing, or referencing customer-use studies, surveys, reports, tracking data, estimates, statistics, metrics, analytics, web analytics (including, but not limited to, documents generated using web analytics software such as Omniture, Webtrends, Coremetrics, SiteSpect, SAS, Google Analytics, Bango Analytics, other similar analytic software, or any other analytic tool of which You are aware), page hits, conversion rates, profitability studies, and business plans regarding how and to what extent Your customers, users of the Accused Products, or others of whom You are aware, access and/or make use of the Accused Products.

**REQUEST FOR PRODUCTION NO. 109**

Documents identifying the extent of U.S. and Worldwide use of each of the Accused Products.

**REQUEST FOR PRODUCTION NO. 110**

All documents constituting, identifying, describing, or referencing internal and/or external studies regarding views of each of the Accused Products, including but not limited to studies discussing, identifying, describing, or referencing actual or potential revenue (through sales, advertisements, etc.) or costs associated with each view of the Accused Products.

| | |
|---|---|
| Dated: June 10, 2019 | Respectfully submitted,<br><br>/s/     *Phillip Lee*<br>Phillip Lee<br><br>Renato Mariotti (State Bar No. 6323198)<br>rmariotti@thompsoncoburn.com<br>Thompson Coburn LLP<br>55 E. Monroe St., 37th Floor<br>Chicago, IL 60603<br>Telephone: (312) 346-7500<br>Telecopier: (312) 580-2201 |
| Sarah O. Jorgensen (*pro hac vice*)<br>sjorgensen@reichmanjorgensen.com<br>Reichman Jorgensen LLP<br>1201 West Peachtree, Suite 2300<br>Atlanta, GA 30309<br>Telephone: (650) 623-1403<br>Telecopier: (650) 623-1449<br><br>Jaime F. Cardenas-Navia (*pro hac vice*)<br>jcardenas-navia@reichmanjorgensen.com<br>Reichman Jorgensen LLP<br>100 Park Avenue, Suite 1600<br>New York, NY 10017<br>Telephone: (646) 921-1474<br>Telecopier: (650) 623-1449 | Courtland L. Reichman (*pro hac vice*)<br>creichman@reichmanjorgensen.com<br>Jennifer P. Estremera (*pro hac vice*)<br>jestremera@reichmanjorgensen.com<br>Phillip Lee (*pro hac vice*)<br>plee@reichmanjorgensen.com<br>Joachim B. Steinberg (*pro hac vice*)<br>jsteinberg@reichmanjorgensen.com<br>Michael G. Flanigan (State Bar No. 6309008)<br>mflanigan@reichmanjorgensen.com<br>Kate M. Falkenstien (*pro hac vice*)<br>kfalkenstien@reichmanjorgensen.com<br>Reichman Jorgensen LLP<br>303 Twin Dolphin Drive, Suite 600<br>Redwood Shores, CA 94065<br>Telephone: (650) 623-1401<br>Telecopier: (650) 623-1449<br><br>**ATTORNEYS FOR PLAINTIFF<br>KOVE IO, INC.** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 10, 2019, the foregoing First Set of Requests for Production of Documents And Things to Defendants Amazon Web Services, Inc. was electronically served upon the parties by electronic mail, at the addresses below:

>Adam G. Unikowsky
>JENNER &BLOCK LLP
>1099 New York Ave. NW Suite 900
>Washington, DC 20001
>(202) 639-6000
>aunikowsky@jenner.com
>
>Terri L. Mascherin
>Michael Babbitt
>Michael T. Werner
>JENNER &BLOCK LLP
>353 N. Clark St.
>Chicago, IL 60654
>(312) 222-9350
>tmascherin@jenner.com
>mbabbitt@jenner.com
>mwerner@jenner.com
>
>*/s/ Phillip Lee*
>
>Phillip Lee