# Exhibit 1



Adam Adler
1710 Rhode Island Avenue, NW
12th Floor
Washington, DC 20036
Direct Dial: (650) 623-1480
aadler@reichmanjorgensen.com

May 6, 2021

**By E-Mail**

Elizabeth Bernard
Fisch Sigler LLP
5301 Wisconsin Ave NW 4th Fl.
Washington, DC 20015
Elizabeth.Bernard@fischllp.com

    RE:    *Kove IO, Inc. v. Amazon Web Services, Inc.*, Case No. 18-cv-8175 (N.D. Ill.)

Dear Counsel,

I write to provide an overview of our understanding of AWS's responses and production commitments with respect to Kove's RFPs 1-133,[1] as well as to revisit several lingering deficiencies and ambiguities in AWS's positions. This letter does not attempt to address the adequacy (or lack thereof) of AWS's productions to date, but serves only to clarify and confirm what Kove understands AWS's positions to be.

Kove requests that you review the contents of this letter and provide the requested confirmations and any necessary corrections by May 14, 2021 so that the parties can promptly meet and confer to discuss any disagreements.

*Boilerplate Objections*

As we discussed with AWS's prior counsel last fall, the majority of AWS's responses limit the scope of its productions based on improper boilerplate objections.

In particular, nearly every response contains a boilerplate objection that asserts, without explanation, that the request is "overly broad and unduly burdensome and disproportionate to the needs of this case" and/or "vague and ambiguous." As Kove explained in connection with AWS's objections to Kove's 7th Set of RFPs (*see* 3/19/21 Letter from A. Adler to AWS) and in connection with AWS's objections to Kove's 30(b)(6) topics (*see* 3/11/21 Letter from A. Adler to AWS), AWS bears the burden of explaining its objections and justifying any refusal to provide requested information or documents. "An objector's burden cannot be met by an invocation of the same

---

[1] RFPs 1-133 correspond to Kove's 1st through 5th sets of RFPs. Kove has addressed—and will continue to address — AWS's responses to Kove's 6th and 7th sets of RFPs separately.

Page 1

baseless, often abused litany that the requested discovery is 'vague, ambiguous, overly broad, unduly burdensome,' or that it is 'not reasonably calculated to lead to the discovery of admissible evidence.'" *BankDirect Cap. Fin., LLC v. Cap. Premium Fin., Inc.*, 2017 WL 5890923, at *2 (N.D. Ill. Nov. 29, 2017). AWS's objections are exactly the kind of objections admonished in *BankDirect* and similar cases.

AWS also often limits the scope of its production to what it deems "relevant," but does not expressly identify what documents it is withholding based on its objections. As addressed in prior communications, this does not comport with the law. Rule 34 requires parties to "state with specificity the ground for objecting and [to] state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34; *Lloyd v. Whirlpool Corp.*, 2020 WL 8115869, at *4 (N.D. Ill. Oct. 27, 2020) (Finnegan, M.J.) ("The Court overrules this general objection since Whirlpool fails to indicate whether it is withholding any responsive documents based on the objection."); *Gabiola v. Mugshots.com, LLC*, 2019 WL 426143, at *2 (N.D. Ill. Feb. 4, 2019) ("Defendants must supplement their responses ... and state affirmatively and specifically whether they are withholding any documents or information based on any of their objections.").

For any response for which AWS does not state what responsive, non-privileged categories of documents are being withheld (*e.g.,* RFPs 13, 14, 16, 20-22, 25-26, 31-32, 34, 36-39, 41, 50, 58, 85-86, 88, 91, 97, 99, 108, and 127-133) we assume there are no such categories being withheld. If this is incorrect for any request, please promptly identify the request(s) and the withheld documents with specificity.

Further, with respect to the metrics, telemetry, usage data, surveys, studies, analyses or purchase journey mappings related portions of RFPs 13, 32, and 127, we understand that AWS is searching for and producing the categories of documents identified in our correspondence on these matters (*see* Kove's letters from 10/15/20, 1/5/21, 2/8/21). If this this is incorrect, please promptly identify what AWS is not searching for and/or producing.

### *Duplicative Refusals*

AWS objected to numerous requests, including RFPs 17, 87, 98, 103, 104, 110, 111, and 112, as duplicative of others. Through our meet and confers, we understand that AWS is not withholding or refusing to search for responsive documents from its production based on this objection. If this is incorrect for any request, please promptly identify the request(s) and the withheld documents with specificity.

### *RFPs With No Statement As to Scope of Search*

In AWS's initial response to Kove's RFPs, there were several requests for which AWS did not agree to produce documents but also did not state the basis for its objection, other than through boilerplate language. Through correspondence and meet and confers, Kove understands that AWS now agrees to produce documents in response to certain of these requests. Because AWS has not amended its initial written response, Kove writes to confirm its understanding of what AWS has agreed to produce. Please let us know promptly if any of the below are incorrect.

Page 2

RFPs 23-24 relate to the development and acquisition of the Accused Products. We understand that AWS agrees to search for and produce responsive documents relating to the development and acquisition of the Relevant Features[2] for the Accused Products.

RFP 28 relates to the costs of developing the Accused Products. We understand AWS agrees to search for and produce documents sufficient to show the costs of developing the Accused Products and Relevant Features of the Accused Products.

RFP 29 generally relates to costs of operating, maintaining, and selling the Accused Products. We understand that AWS agrees to search for and produce documents responsive to this request as relates to the Relevant Features of the Accused Products, and that AWS will search for and produce documents sufficient to show the costs of selling and licensing the Accused Products.

RFP 93 seeks documents relating to AWS's accounting practices. We understand that AWS is producing documents responsive to this request.

RFPs 94-95 seek documents relating to convoyed sales. We understand that AWS is producing documents responsive to these requests.

RFP 102 seeks documents that quantify the benefits of the Accused Products, as compared to non-accused products and competing products. Based on previous discussions and correspondence, including Kove's letter from January 5, 2021, we understand that AWS is collecting and producing documents responsive to this request.

In addition to the RFPs specifically discussed above, Kove would like AWS to confirm that it has conducted a reasonable search for documents responsive to RFPs 42-44, 46-49, and 71. If AWS has not searched for and produced documents responsive to these RFPs, or if AWS has excluded documents from the scope of its search, please promptly explain why.

### *AWS's Privilege and Expert Discovery Objections (RFPs 51, 53, 59-68, 73, 80, 125-126)*

AWS objected to RFPs 51, 59-67, 73, 80, and 125-126 on the basis of premature expert discovery and privilege and did not agree to produce any documents in response.[3]

AWS's "expert discovery" objections misapprehend the reasonable scope of Kove's requests, which seek only *factual* information (as all discovery requests do). That such information may eventually be used by an expert cannot shield it from discovery.

Moreover, Kove's requests are not limited to discovery over which AWS may legitimately claim privilege, i.e., they are not limited to documents prepared by attorneys and thus encompass documents that are not subject to any applicable privileges or protections. Additionally, the parties have already agreed that they will not log post-complaint privileged materials.

---

[2] Relevant Features are defined in the Second Set of RFPs.
[3] AWS made the same objection with respect to RFP 68, but the parties resolved the objection through prior meet and confers. *See* Kove's January 5, 2021 letter. We understand that AWS will produce responsive documents, notwithstanding its objection.

Please confirm that AWS will produce documents responsive to these requests and that it will promptly provide an updated privilege log for any pre-complaint documents withheld on that basis.

*Financial RFPs (RFPs 82-83, 92, 96)*

RFPs 82-83, 92, and 96 seek financial documents relating to the Accused Products sufficient to show the quantity of sales and revenues (RFP 82) and incremental quantities of sales and revenues (RFP 83), documents relating to the demand, value, and profitability of the Accused Products (RFP 92), and documents that describe the financial benefits associated with the Accused Products (RFP 96). We have had numerous discussions about these topics and requests over the past year.

For RFP 96, our understanding is that AWS is collecting and producing documents in accord with numbered-paragraph 8 in our January 5, 2021 letter. For the remainder of these RFPs, our understanding is that AWS is searching for and collecting responsive documents dating back to 2006 due to the hypothetical negotiation date. Please let us know promptly if any of the above are incorrect.

*RFP 2*

RFP 2 seeks "organizational charts and corporate directories identifying Your employees whose work relates to or concerns any of the Accused Products." As reflected in our January 5, 2021 letter, Kove's understanding is that AWS is not standing on its objections to this RFP and is instead producing documents responsive to this request, including the information identified as item 9 in our January 5, 2021 letter. Please let us know promptly if this is not correct.

*Second RFP 2*

Kove's second RFP 2 seeks "documents sufficient to identify all locations in which You operate, run, license, offer for sale, import, or make the Accused Products and all documents discussing, reflecting, or evidencing plans for the future related to the Accused Products." In response, AWS only agreed to produce documents that "identify AWS offices with engineers who work directly on Amazon S3 and Dynamo DB."

That response improperly narrows the RFP, since AWS may "operate, run, license, offer for sale, import, or make" outside of its offices. For instance, AWS may operate remote servers, or may run the Accused Products remotely. Moreover, the employees responsible for marketing may work outside of "AWS offices with engineers." This RFP seeks documents sufficient to show where each of those actions take place—and, in particular, documents sufficient to show that those actions took place in the United States.

In its objections, AWS claimed that this RFP "is nonsensical" because the Accused Products are "intangible." But AWS does not dispute that it operates, runs, licenses, sells, and makes the

Page 4

Accused Products. Please confirm that AWS will search for and produce documents responsive to this request, as written and served.

### RFP 3

RFP 3 seeks "documents sufficient to identify where (geographically) the Accused Products were and/or are developed, created, tested, maintained, licensed and/or sold." As with Second RFP 2, AWS only agreed to produce documents that "identify AWS offices with engineers who work directly on Amazon S3 and Dynamo DB."

Once again, that response excludes location information that is not tied to offices (e.g., information pertaining to remote servers) and excludes information pertaining to non-engineers (e.g., AWS's marketing team). There is no basis to limit Kove's discovery in this way.

Please confirm that AWS will search for and produce documents responsive to this request, as written and served.

### RFP 11

RFP 11 seeks "all documents identifying, describing, or referencing functionality and improvements embodied in each version, model, and release of the Accused Products." In response, AWS agreed to produce responsive documents that "describe the functionality of Amazon S3 and Dynamo DB." We understand that the scope of your response captures and includes version- model- or release- specific documents and documents relating to the improvements of the Accused Products. Please let us know if this incorrect.

### RFP 12

RFP 12 seeks "documents and things sufficient to describe the functionality, operation, design, development, architecture, implementation, data flow, algorithms, testing, modes of operation, and capabilities of the Accused Products, including software requirements, hardware requirements, specifications, architecture documents, design reviews, design documents, flow diagrams, user manuals, product brochures, data sheets, administrative guides, data structure descriptions, and other user instructions."

AWS agreed to produce documents that "describe the functionality, design, and requirements" the Accused Products, but did not agree to produce any of the other categories identified in this RFP.

Please confirm that AWS will search for and produce documents responsive to this request, as served, and that AWS is not withholding or refusing to search for documents relating to the operation, development, architecture, implementation, data flow, algorithms, testing, modes of operations, and capabilities of the Accused Products, including at least each category of documents referenced in the request ("software requirements ... and other user instructions").

In light of the parties' recent correspondence regarding the relevance of hardware requirements (*see* 3/22/21 letter from E. Bernard to Kove; 4/2/21 letter from A. Adler to AWS), please further confirm that AWS will search for and produce documents that describe, in particular, the hardware requirements and specifications for the Accused Products, as requested.

Page 5

*RFP 19*

RFP 19 seeks "all documents relating to Your design and development of the Accused Products." To avoid confusion and provide greater specificity, the request identified three distinct categories of requested documents:

   a. Documents showing who was involved in the development of the Accused Products;
   b. Documents describing the first circumstance in which AWS made, operated, used, sold, or offered to sell the Accused Products; and
   c. Documents that show when the various versions of the Accused Products were developed, implemented, or acquired.

AWS only agreed to produce documents that "identify the AWS employees with the most knowledge of the design and development of Amazon S3 and DynamoDB and which identify when Amazon S3 and DynamoDB were first sold or offered for sale."

Based on the parties' correspondence and the parties' meet and confers, Kove's understanding is that AWS has searched for and produced—and is continuing to search for and produce—documents responsive to this request, as served. Let us know if that understanding is incorrect.

*RFP 27*

RFP 27 seeks "documents and other materials sufficient to show the date of first use for each of the Accused Products." AWS agreed to produce documents that identify "the date of first sale or offer for sale," but did not agree to produce documents that identify the date of *first use*. This request is relevant to damages and the date of the hypothetical negotiation.

Please confirm that AWS will search for and produce documents responsive to this request, as served.

*RFP 36*

RFP 36 seeks "all documents identifying, describing, or referencing any meeting of officers, executives, or Board Directors prepared or maintained by You that concern or reference Kove, Kove's employees (past and/or present), and/or the Asserted Patents." AWS agreed to produce documents that "relate to meetings of AWS's Board of Directors and which reference Kove or the Asserted Patents." This request is relevant to knowledge, intent and willfulness. AWS did not agree to produce documents relating to non-board meetings between officers, executives, or members of the board, and did not agree to produce documents that reference Kove employees.

Please confirm that AWS will search for and produce documents responsive to this request, as served, and that AWS is not withholding or refusing to search for any categories of documents included in the request.

*RFP 54*

RFP 54 seeks documents "containing or referencing" communications regarding potential prior art. AWS only agreed to produce documents "referencing" the requested communications. Please

confirm that AWS will search for and produce documents responsive to this request, as served, and that AWS is not withholding or refusing to search for documents based on a distinction between "containing" and "referencing."

### RFP 79

RFP 79 seeks "all documents identifying, describing, or referencing Your corporate policies and actual practices regarding patent searches, product clearances, right to use opinions, or other mechanisms, if any, to obtain licenses prior to general commercial availability of products and/or services so as to avoid infringement of patents, such as the Asserted Patents." AWS agreed to produce documents "setting forth AWS's policies regarding third-party owned intellectual property."

Please confirm that AWS will search for documents responsive to the request, as served, and that AWS is not withholding or refusing to search for documents based on a distinction between "setting forth" and "identifying, describing or referencing." Please also confirm that AWS's search is not limited to the policies themselves, but also includes documents that identify, describe or reference, AWS's actual practices. Finally, please confirm that AWS will search for documents relating to each of the categories identified in the RFP (e.g., patent searches and product clearances), and that AWS does not intend to limit the scope of this RFP through its general reference to "policies regarding third-party owned intellectual property."

### RFP 89

RFP 89 seeks "all documents identifying, describing, or referencing how You monetize or derive revenue from the Accused Products." AWS agreed to produce documents "sufficient to show sales and revenue information for Amazon S3 and DynamoDB for 2012-18."

As discussed in several meet and confers, documents relating to AWS's and its affiliates' use of the Accused Products are materially important to Kove's claims, including damages. By limiting AWS's response to "sales and revenue information," it is unclear whether AWS is excluding documents relating to AWS's other methods for monetizing or deriving revenue from the Accused Products, including, for example, revenue derived from using the Accused Products to promote other AWS services, from using the Accused Products to increase the efficiency of other AWS services, or from licensing. AWS's response also potentially excludes documents relating to revenue or monetization from 2019 and 2020.

Please confirm that AWS is searching for and producing documents responsive to this request, as served.

### RFP 90

RFP 90 seeks "all documents identifying, describing, or referencing the total amount, applicable royalty base, and applicable royalty rate paid by You to any third parties in connection with the Accused Products." AWS agreed to produce documents "sufficient to identify any royalties paid by AWS to third-parties related to Amazon S3 and DynamoDB."

Please confirm that AWS will search for and produce documents responsive to this request, as served, including documents "describing or referencing" royalties. Please also confirm that

AWS's reference to "any royalties" encompasses the "total amount, applicable royalty base, and applicable royalty rate" of the royalty, as specified in the request.

### RFPs 100 and 101

RFPs 100 and 101 have been the topic of numerous meet and confers. As reflected by our January 5, 2021 letter, we understand that AWS is producing document relating to the benefits derived by AWS in connection with use of the Accused Products by AWS, as well as by AWS affiliates, partners, and consumers. This includes documents describing the benefits to AWS associated with the ability to scale and therefore maintain and grow its market presence and market share, the benefits that AWS and its customers and partners receive from the patented architecture (e.g., the redirect features and the use of hash functions to distribute, store and retrieve information), the benefits that AWS and its customers and partners receive from the ability to offer increased speed, durability, reliability, and availability, and the benefits that AWS receives when customers using Dynamo DB or S3 purchase other services or products from AWS. Per the text of RFP 101, increased revenue, additional sales, cost savings, and enhanced brand image are included within benefits to AWS for purposes of RFP 101. Please let us know if this is incorrect.

### RFP 105

RFP 105 has been the topic of numerous meet and confers. As confirmed in our January 5, 2021 letter, we understand that AWS is searching for and producing documents evidencing, identifying, describing, or referencing analyst reports related to the Accused Products' underlying architecture, use of hash functions, and redirect functionalities, or the benefits of speed, scalability, durability, or availability for the Accused Products. Please let us know if this is incorrect.

### RFP 113

RFP 113 seeks "all documents supporting and refuting Your assertion that the Asserted Patents are not infringed, directly or indirectly, by You." AWS agreed to produce documents that "describe the relevant technical aspects of Amazon S3 and DynamoDB on which AWS intends to rely," but did not agree to produce documents that refute AWS's assertions of noninfringement.

Please confirm that AWS will search for and produce documents responsive to all aspects of this request, as served, and not just the documents that are favorable to AWS.

### RFP 117

RFP 117 seeks "all documents supporting and refuting any assertion by You as to the amount of reasonable royalty Kove would be entitled to for each Accused Products if the Asserted Patents are found to be valid and infringed by You." AWS agreed to produce documents "relating to IP licenses for Amazon S3 and DynamoDB." As you know, the amount of a reasonable royalty depends on a variety of factors other than IP licenses for the Accused Products. Please confirm that AWS will search for and produce documents responsive to this request, as served.

### RFP 118

RFP 118 seeks "all license agreements and/or settlement agreements (including covenants not to sue and the like) relating to or covering any of the Accused Products." AWS agreed to produce

documents "relating to IP licenses for Amazon S3 and DynamoDB," but did not agree to produce any settlement agreements. Please confirm that AWS is not excluding settlement agreements from the scope of its search and production.

### *RFPs 120-121*

RFPs 120-121 seek documents "describing, evidencing, discussing, analyzing, evaluating, relating to or showing the importance, value, usability, performance, demand, or benefits" to AWS (RFP 120) and AWS's customers (RFP 121) in connection with the scalability of the Accused Products.

Pursuant to meet and confer discussions last fall, and as reflected by our January 5, 2021 letter, it is our understanding that AWS will search for and produce documents responsive to these RFPs. Please let us know if this is incorrect.

### *RFPs 122-123*

RFPs 122-123 seek documents "describing, evidencing, discussing, analyzing, evaluating, relating to or showing the importance, value, usability, performance, demand, or benefits" to AWS (RFP 122) and AWS's customers (RFP 123) in connection with the durability and reliability of the Accused Products.

Pursuant to meet and confer discussions last fall, and as reflected by our January 5, 2021 letter, it is our understanding that AWS will search for and produce documents responsive to these RFPs. Please let us know if this is incorrect.

### *RFP 124*

RFP 124 seeks documents relating to the benefits of the Relevant Features of the Accused Products to AWS's customers and distributors. AWS did not agree to produce documents, but agreed to meet and confer with Kove to obtain additional clarity regarding the documents encompassed by the request. Kove and AWS have discussed this request on numerous occasions. Pursuant to meet and confer discussions last fall, and as reflected by our January 5, 2021 letter, it is our understanding that AWS will search for and produce documents responsive to this RFP. Please let us know if this is incorrect.

Best Regards,

Adam Adler