# Exhibit 7



Jaime F. Cardenas-Navia
750 3rd Avenue, Suite 2400
New York, NY 10017
Direct Dial: (646) 921-1474
jcardenas-navia@reichmanjorgensen.com

March 31, 2021

**By E-Mail**

Elizabeth Bernard
Fisch Sigler LLP
5301 Wisconsin Ave NW 4th Fl.
Washington, DC 20015
Elizabeth.Bernard@fischllp.com

      RE:    *Kove IO, Inc. v. Amazon Web Services, Inc.*, Case No. 18-cv-8175 (N.D. Ill.)

Elizabeth,

I write regarding AWS's March 12 and March 26 supplemental responses to Kove's Interrogatory 18 and in response to your March 12, 2021 letter about AWS's Electronically Stored Information ("ESI").

**Interrogatory 18**

Interrogatory 18 is straightforward: it asks AWS to identify the two people most knowledgeable about six particular aspects of the Accused Products during specific periods of time. Kove served this Interrogatory on August 20, 2020, in part because of AWS's months' long refusal to identify pertinent ESI custodians. More than seven months later, AWS's response continues to be deficient.

AWS's March 12 response was deficient because it did not specify during what ***time periods*** the identified individuals (Gary Taylor, Seth Markle, Allan Vermeulen, James Sorenson, Donal Walsh) were allegedly most knowledgeable about the Accused Products. As you know, job responsibilities change, and people come and go over time. Without the benefit of understanding who was responsible for what when, we cannot identify the pertinent custodians for the relevant time frames. Further, from what we're able to deduce from the limited information provided, it appears that AWS did not identify *anyone* as most knowledgeable for the 2006-2012 time period for the S3 product for at least five of the six categories. This includes the category of "marketing and advertising," for which Kove has been seeking appropriate ESI custodians since last summer. Other categories for which AWS's response is deficient include "design and architecture" — another category for which Kove has long been seeking appropriate ESI custodians — as well as "telemetry" and "surveys."

Your March 12 email conceded that AWS's response to Interrogatory 18 was deficient and promised that AWS would supplement again, which you did on March 26. Unfortunately, the amended response remains deficient because it still does not correlate individuals (Gary Taylor, Alan Park, Seth Markle, Allan Vermeulen, James Sorenson, Rande Blackman) with the time periods when they were allegedly most knowledgeable about certain aspects of the Accused Products. This makes it difficult for Kove to tell whether or not any gaps persist. Confusingly,

the response also repeats the same sentence about marketing and advertising at the start of sections that address other subject matter.[1] Please supplement the interrogatory to include the time periods for which each individual has knowledge, explain why the same language is repeated multiple times in the response, and if needed, identify additional individuals so as to fully respond to the interrogatory.

AWS's delays in providing a fulsome response are among the reasons why Kove has found it necessary to serve additional requests for discovery and engage in motion practice, and why significant extensions to the case schedule have been necessary. Please fully and clearly respond to Interrogatory 18, including time period information, by no later than next Friday, April 9.

**ESI**

*Number of ESI Custodians:*

It has become clear from the discovery we've now seen that 5 custodians are insufficient for the issues in this case. As demonstrated by AWS's response to Interrogatory 18, the persons who have knowledge of the accused products change frequently, meaning that there are no individual custodians that cover the full relevant time frame, much less for the full scope of relevant subject matter. Indeed, AWS's response to Interrogatory 18 identifies *21* different people with knowledge of key information at various points in time, and its initial disclosures identify several more.

Further, AWS's productions to date have been overwhelmingly from 2016 and later, meaning that email may be the primary (and in some instances only) way to obtain document discovery from earlier time periods. For example, (1) the marketing documents AWS has recently produced are from 2016 or later, (2) AWS has represented that the wikis are overwritten over time and so they likely reflect AWS's more recent understanding of design and operation, and (3) AWS has represented that it only stores many of its metrics going back 2 years in time.

In sum, for each area of relevant subject matter and for each accused product, it is clear that, for ESI purposes, *at least* two custodians are needed to cover the entire relevant time period (i.e., 2006 forward). In light of this, pursuant to Local Patent Rule for ESI 2.6(d), **Kove requests an additional 5 ESI custodians** (for a total of 10). Please let us know by next Wednesday, April 7, if AWS agrees.

*Selection of ESI Custodians:*

We are continuing to review AWS's March 26 supplement to Interrogatory 18. Your demand that Kove commit to its remaining custodians just days after providing a response — and a deficient one at that — is unreasonable. Kove began requesting ESI from AWS last summer, but AWS has

---

[1] The following language identifying persons knowledgeable about "marketing and advertising" is repeated throughout the response in sections focused on other subject matter: "Without waiving its objections and subject thereto, AWS identifies Robbie Wright, Lowell Anderson, Paul Duffy, Arun Sundaram, and, based on AWS's investigation, Alyssa Henry as persons with knowledge of marketing and advertising of S3, and Seayoung Rhee, Giselle Goicochea, Dave Lang and Swami Sivasubramanian as persons with knowledge of marketing and advertising of DynamoDB." For example, this sentence is found in the section dealing with "telemetry." Please provide a corrected response that deletes this sentence from sections where it's not pertinent or explain why it is.

still not provided sufficient information or productions.[2]  In light of this, your prior threat of not agreeing to extend the close of fact discovery to permit Kove to complete ESI discovery appears to be nothing more than a naked attempt to deny Kove the discovery it is due.  *See* 2021-03-12 Letter of E. Bernard.  We appreciate that the parties are close to agreeing to extend the current schedule by 90 days (*see* 2021-03-30 E-mail of J. Saltman), and encourage AWS to continue working cooperatively with Kove to provide the necessary discovery.

We expect to reach out in the next week or so to confirm the 3 remaining custodians under the current limit of 5 ESI custodians, as well as to identify the additional 5 custodians.  We hope that you will work with us to determine whether these are appropriate custodians, as is required by Local Patent Rule for ESI 1.2.


Sincerely,

Jaime Cardenas-Navia

---

[2] By way of contrast, Kove expects to complete AWS's far more recent requests for ESI in a matter of weeks.