**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KOVE IO, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 18 C 8175 |
| ) | |
| AMAZON WEB SERVICES, INC. ) | Judge Rebecca R. Pallmeyer |
| ) | |
| Defendant. ) | |

**ORDER**

For the reasons discussed below, Plaintiff's motion to strike Defendant's invalidity contentions [200] is granted in part and denied in part, and Defendant's motion to amend its invalidity contentions [216], by adding additional detail to its claim charts, is granted.

**BACKGROUND**

Kove IO, Inc. ("Kove") has sued Amazon Web Services, Inc. ("AWS") for alleged infringement of three patents: U.S. Patent Nos. 7,103,640 (the "'640 patent"), 7,233,978 (the "'978 patent"), and 7,814,170 (the "'170 patent"). The patents-in-suit disclose a distributed data storage technology that can be used for large-scale cloud storage. Kove has moved to strike AWS's Second Amended Final Invalidity Contentions ("SAFIC") in their entirety, as well as portions of AWS's First Amended Final Invalidity Contentions ("FAFIC"), for failure to comply with the Local Patent Rules ("LPR"). (*See* Kove Mot. to Strike [200].) AWS opposes the motion, but in the alternative, AWS asks leave to amend its invalidity contentions. (*See* AWS Mem. in Opp'n to Mot. to Strike [217] (hereinafter "AWS Opp'n"); AWS Mot. to Amend [216].)

AWS served its first set of Final Invalidity Contentions ("FIC") on February 13, 2020, followed by its First Amended Final Invalidity Contentions ("FAFIC") on June 1, 2020. (*See* FAFIC, Ex. A to Mot. to Strike [200-2].) The parties then jointly moved to clarify their respective invalidity and infringement contentions. (*See* Joint Mot. for Modification of Case Schedule [165].) The parties stipulated in their joint motion, however, that they intended only "to *clarify existing theories*" and that neither party sought "to add new theories or make other amendments that, per Local Patent Rule 3.4, would require a timely showing of good cause and leave of the Court." (*Id*. at 1 n.1 (emphasis added).) The court granted the motion and issued a new scheduling order, setting a deadline of July 10, 2020 for AWS to file its third set of invalidity contentions, the SAFIC. (*See* Minute Entry of 7/6/20 [166]; Scheduling Order of 7/6/20 [167].) As explained below, the crux of the parties' dispute in these pending motions is whether the changes AWS made to its invalidity contentions violate the agreement set forth in the joint motion, or whether AWS should have sought leave of court to make substantive changes to its contentions.

**I.      Motion to Strike**

Kove contends that AWS's FAFIC violates Local Patent Rule 3.1(b) by (1) including more than four prior art grounds of invalidity per claim, (2) relying on more than 25 references per patent, and (3) relying on two prior art systems, but failing to identify or chart any such systems.

(Kove Mot. to Strike at 1.) The two prior art systems are referred to in the FAFIC as the Domain Name System ("DNS") and the "Web Caching System." Kove objects that AWS did not identify a specific version, model, or year of the DNS system or produce a copy of the system. (*Id*. at 3.) Instead, AWS's claim charts for DNS rely primarily on a single document: "RFC1034," short for "DNS RFC1034 Domain names – Concepts and Facilities" by Mockapetris (1987). (*See, e.g.*, Invalidity Claim Chart Against the '170 patent, Ex. 1A to FAFIC, at 1–5.) For the Web Caching System, AWS similarly did not produce a copy of the system, and its claim charts rely on only three documents: RFC1034, "Sherman," and "Karger/Sherman." (*See, e.g.*, Invalidity Claim Chart Against the '170 Patent, Ex. 1B to FAFIC, at 15–36).

Kove further objects that the FAFIC identifies the maximum of four prior art grounds for each claim in Section III ("Selection of Current Grounds of Invalidity"), but then recites additional prior art grounds throughout, including: (1) the entirety of Section IV ("Exemplary Obviousness Arguments and Reasons to Combine the Identified Prior Art"), which contains "dozens of obviousness assertions based on groups of references"; (2) assertions in the claim charts that incorporate Section IV of the FAFIC, (3) assertions that a primary reference discloses a claim limitation as well as an obviousness argument, and (4) the introduction to Section II ("Current Identification of Prior Art for Patents-in-Suit"), where AWS forecasts the possibility that it will rely on additional references not yet disclosed. (Kove Mot. to Strike at 2–3; *see, e.g.*, FAFIC at 2 ("AWS reserves the right to rely on the prior art identified herein as well as the other prior art and testimony identified in AWS's Initial Non-Infringement and Invalidity Contentions dated August 6, 2019 and/or other information as the case progresses."); FAFIC at 15 ("The evidence and information referenced [in the claim charts] is exemplary and representative of AWS's invalidity contentions at this time. The charts are not meant to be a complete recitation or explanation of the evidence in support of AWS's contentions and/or limiting in any way."))

When Kove raised concerns about these matters (*see* Letter of 6/9/20, Ex. B to Mot. to Strike [200-3]), AWS allegedly modified its contentions improperly, without seeking leave to amend, in several ways: by adding new, previously undisclosed documents and materials; by substantively modifying the mapping of references to the claim limitations; and by confirming that it would rely on more undisclosed references in the future. (Kove Mot. to Strike at 2; *see generally* SAFIC, Ex. G to Mot. to Strike [200-8].) Kove argues that it will be prejudiced by these changes and asks the court to strike this set of contentions (the SAFIC) in their entirety. It further requests that portions of the FAFIC that do not comply with the LPR also be stricken. (*See* Ex. K to Mot. to Strike [200-12] (highlighting such portions in blue and green).) Alternatively, if the court denies Kove's motion to strike the SAFIC, Kove requests that the corresponding portions it identified in the FAFIC be stricken from the SAFIC. (Kove Reply [232] at 13–14.)

While these matters were being disputed, AWS was also seeking *inter partes* review ("IPR") of one of the patents-in-suit. AWS's petition to the Patent Trial and Appeal Board ("PTAB") was based primarily on a claim that the patent was invalid because it was anticipated or rendered obvious by RFC1034. On June 16, 2020, the PTAB denied AWS's petition. (*See* PTAB Decision, Ex. C to Mot. to Strike [200-4].) The PTAB determined that RFC1034 does not disclose the claimed "identifier," a term that appears in all of the asserted claims. (*Id*. at 19–23.) Kove suggests that AWS improperly amended the FAFIC in response to the PTAB's decision by adding new references in support of its DNS and Web Caching System invalidity contentions, including a previously undisclosed software version of DNS known as "BIND 8.1." (Kove Mot. to Strike at 4; *see also* Kove Reply at 4 n.2.) AWS disagrees, arguing that it relied on RFC1034 in its IPR petition, rather than the DNS system, because IPR petitions may rely only on printed publications, not systems. (AWS Opp'n at 13 n.3; *see also* AWS Reply [248] at 8 (citing 35 U.S.C. § 311(b)).)

According to Kove, the SAFIC compounded rather than corrected the LPR violations Kove identified in the FAFIC. Specifically, the SAFIC removed 4 of the 25 previously identified references, but added more than 17 new references. (*Id*. at 4–5.) AWS now refers to the Web Caching System as the "Cache Resolver System" and relies on additional supporting materials that were not disclosed at the time it filed its initial FIC. (*Id*. at 5.) Kove identifies what it believes to be the following substantive changes to the claim charts in the SAFIC: (1) new citations and analysis based on the previously undisclosed reference "DNS and BIND" (also referred to as the "Albitz and Liu book"), (2) new citations and analysis for the references "Karger '420/'628," (3) new citations and analysis based on the '170 patent, and (4) changes to the substantive mapping of the "Neimat" reference to the claim limitations, including changing the mapping of "identifier" and "location information" in Neimat. (*Id*.; *see also* Kove Reply at 6.) Kove believes that the changes to the Neimat claim chart "caus[ed] cascading changes to AWS's invalidity theories." (Kove Reply at 7.) AWS responds that it "has consistently mapped 'identifier' to Neimat's record key value," and that its clarification was "related merely to the use of a 'patient name' as an example." (AWS Reply at 5–6 (citing Redline Comparison of SAFIC to FAFIC [200-9] (hereinafter "Redline"), Ex. 1C at 45, 49–50.) Similarly, AWS's alteration to "location information" in its Neimat chart "merely adds additional disclosures from Neimat to clarify that both a client and a server can generate a memory address." (AWS Reply at 6 (citing Redline, Ex. 1C at 45, 57).)

In response to Kove's argument that AWS added "17+ newly produced and previously unidentified materials" (Kove Mot. to Strike at 4), AWS insists that it added this information in response to Kove's request for clarification. For example, AWS added a section on the history of DNS, including citations to four websites, the specifications from the Internet Engineering Task Force for DNS (published in 1983), and the "DNS and BIND" manual. (AWS Opp'n at 7 (citing SAFIC at 6–7).) The only other new reference is "Dasgupta," which AWS added to provide background information "on how the prior art, including DNS, discloses the concept of 'separating information about the location of data.'" (AWS Opp'n at 7 n.2 (quoting SAFIC at 7).) AWS notes that it did not add the Dasgupta reference to its claim charts, which confirms that inclusion of this reference in the SAFIC was merely "to support AWS's existing theories of invalidity rather than reflect a new theory of invalidity." (AWS Opp'n at 7 n.2.) Similarly, AWS argues that the Cache Resolver System (previously labeled in the FIC as the Web Caching System) is not a new reference because it relies on and incorporates DNS.

## II. Motion to Amend

AWS maintains that its "consistent position in this case has been that the claims-in-suit are invalid in view of the Domain Name System (DNS)." As AWS observes, the specifications for all three patents-in-suit discuss DNS. (AWS Opp'n at 1; *see, e.g.*, '640 patent, Ex. 4 to Compl. [1-1], col. 20:9–17.) According to Defendant, AWS served its FAFIC in response to Kove's concern that its contentions related to indefiniteness lacked sufficient detail. (AWS Opp'n at 3.) AWS then served its SAFIC in response to Kove's subsequent objection that its contentions did not adequately disclose the precise version of DNS that AWS believes invalidates the claims: BIND 8.1. (*Id*.) AWS also provided source code for BIND 8.1 and technical documents explaining DNS's functionality and history. (*Id*. at 4; *see also* SAFIC at 6–7.) Thus, AWS contends, any changes it made in its SAFIC were non-substantive, clarifying edits that did not require AWS to seek leave of court in order to file them.

As AWS reads the court's scheduling order of July 6, 2020, that order granted AWS leave to amend its FAFIC. To the extent that the changes in the SAFIC were not contemplated by that order, AWS seeks leave to amend. There is good cause for amendment, AWS argues, because providing a more specific version of DNS (BIND 8.1) will foreclose subsequent disputes about its

3

expert report's reliance on the DNS system. (*See* AWS Opp'n at 9.) There is no prejudice to Kove, AWS argues, because fact discovery has not closed and expert discovery has not begun. AWS also observes that the parties will have an opportunity to amend their contentions after claim construction, so its invalidity contentions are not strictly final at this stage of the litigation. (*Id*. at 9–10.) AWS argues that granting it leave to amend now would be consistent with this court's decision to direct Kove to amend its infringement contentions, rather than striking them in their entirety, when AWS filed a motion to compel compliance with the LPR. (*Id*. at 10–11; *see* Minute Entry of 3/16/2020 [97]).) Finally, AWS points out that Kove's Final Validity Contentions do not respond to AWS's arguments based on DNS at all. (*See* Ex. G to AWS Reply [248-4] at 3.) To the extent that is because the SAFIC was unclear, AWS seeks leave to amend the SAFIC by adding supplemental invalidity charts to respond to some of Kove's concerns. (*See* Supplemental Claim Charts, Ex. C to Mot. to Am. [217-3].)

## **LEGAL STANDARD**

The Local Patent Rules ("LPR") state in relevant part:

**LPR 2.3(b)** Invalidity Contentions must contain the following information to the extent then known to the party asserting invalidity:
(1) an identification, with particularity, of up to twenty five (25) items of prior art per asserted patent that allegedly invalidates each asserted claim. . . .

(3) a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found . . . .

**LPR 3.1(b)** . . . Final Invalidity Contentions may rely on more than twenty-five (25) prior art references only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties. For each claim alleged to be invalid, the Final Unenforceability and Invalidity Contentions are limited to four (4) prior art grounds per claim and four (4) non-prior art grounds. . . . Each assertion of anticipation and each combination of references shall constitute separate grounds.

**LPR 3.3** With the Final Invalidity Contentions, the party asserting invalidity of any patent claim shall produce or make available for inspection and copying: a copy or sample of all prior art identified pursuant to LPR 3.1(b), to the extent not previously produced, that does not appear in the file history of the patents(s) at issue. . . .

**LPR 3.4** A party may amend its Final Infringement Contentions or Final Non-Infringement and Invalidity Contentions only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the basis for the amendment. . . .

LPR 2.3(b) requires that invalidity contentions identify prior art "with particularity." *Peerless Indus., Inc. v. Crimson AV LLC*, No. 11 C 1768, 2015 WL 1275908, at *4 (N.D. Ill. Mar. 17, 2015) (citing LPR 2.3(b)(1)). The goal of LPR 3.1(b) is "to streamline patent litigation by . . . limiting the number of grounds on which a claim of invalidity may be based," but the rule "does not purport to dictate or limit the proof that may be offered in support of a specific example of a claim based on a permissible ground." *Wimo Labs LLC v. Polyconcept N.A., Inc.*, 358 F. Supp. 3d 761, 766 (N.D. Ill. 2019). At the same time, "[o]ne would not expect [a party] to actually advance, in a summary judgment motion or before a jury, hundreds, or even a hundred, or even

4

several dozen separate bases to invalidate a patent claim." *Oil-Dri Corp. of Am. v. Nestle Purina PetCare Co.*, No. 15 C 1067, 2018 WL 2765952, at *2 (N.D. Ill. June 9, 2018). Possible grounds of invalidity include "indefiniteness, lack of written description, lack of enablement, unenforceability, and non-statutory subject matter under 35 U.S.C. § 101," as well as anticipation and obviousness. LPR 3.1(b). Parties may only rely on prior art references that are timely disclosed in final invalidity contentions. *See* LPR 3.3; *AVNET, Inc. v. MOTIO, Inc.*, No. 12 C 2100, 2016 WL 3365430, at *4 (N.D. Ill. June 15, 2016).

Under LPR 3.4, to establish "good cause to amend invalidity or infringement contentions, a party must demonstrate that it acted diligently and that the accused infringer would suffer no unfair prejudice if [it] were permitted to amend." *Peerless Indus., Inc. v. Crimson AV LLC*, No. 11 C 1768, 2013 WL 6197096, at *5 (N.D. Ill. Nov. 27, 2013) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,* 467 F.3d 1355, 1366–68 (Fed. Cir. 2006)). "In showing diligence, the relevant inquiry is not when the party learned about the information, but when it could have made the discovery." *Sloan Valve Co. v. Zurn Indus., Inc.*, No. 10 C 204, 2013 WL 622951, at *2 (N.D. Ill. Feb. 20, 2013). "[G]ood cause requires more than a showing that new information has been revealed in discovery." *Fujitsu Ltd. v. Tellabs Operations, Inc.,* Nos. 08 C 3379, 09 C 4530, 2012 WL 5444979, at *6 (N.D. Ill. Mar. 21, 2012). When the amending party fails to demonstrate diligence in moving to amend, there is "no need to consider the question of prejudice" to the nonmoving party. *O2 Micro*, 467 F.3d at 1368.

## ANALYSIS

The central question presented in both motions is whether AWS's SAFIC went beyond clarifying its existing theories, as contemplated by the parties' joint motion and the July 6, 2020 scheduling order. (*See* [165], [167].) If so, AWS should have sought leave to amend pursuant to LPR 3.4. In considering whether Kove's objections have merit, the court recognizes, first, that at least some of the changes AWS made in its SAFIC were good faith responses to Kove's requests for clarification. In particular, AWS's clarification that it is referring to the BIND 8.1 version of DNS was within the scope of the parties' joint motion because it clarifies AWS's invalidity theories on the basis of DNS. (*See* [265] at 1 n.1.) Therefore, although AWS did not provide a copy of the BIND 8.1 source code, as required by LPR 3.3, until it served its SAFIC, the court overrules Kove's objection on this point.

Similarly, Kove's objection that Section II of the FAFIC included more than 25 references is rendered moot by the changes that AWS made to its prior art list in the SAFIC. That list now includes just 25 references, including the DNS system, the Cache Resolver System, the RFC1034 document, and the Albitz and Liu book. (*See* SAFIC at 3–5; Redline at 3–5.) AWS has stipulated that its reference to DNS in this list refers specifically to BIND 8.1; AWS will therefore not be permitted to rely on a different version of DNS later in the litigation. (*See* SAFIC at 7 ("AWS contends that BIND 8.1, a version of DNS and available as of May 1997, is a prior art DNS system that anticipates and/or renders obvious claims of the Asserted Patents, as described herein."); AWS Reply at 4.) This does not mean, however, that AWS is limited to the RFC1034 document as support for its invalidity contention; AWS has consistently maintained that it is relying on the DNS system, and that RFC1034 simply explains how the DNS system works. (*See* AWS Opp'n at 12–13.) In other words, AWS may use BIND 8.1 and the Albitz and Liu book as two of its 25 prior art references. Another change to the SAFIC is the addition of the Dasgupta reference, which also appears in the prior art list. AWS contends that this reference is not charted or used as a "primary invalidity reference." (*See* AWS Opp'n at 7 n.2; *see also* SAFIC at 18, 21 (citing Dasgupta).) Again, because it appears that the reference does not reflect a substantive change in AWS's invalidity theories, AWS may use Dasgupta as one of its prior art references.

Kove argues that other portions of the SAFIC rely on references not listed in Section II.A, meaning that the SAFIC still exceeds the 25-reference maximum. *See* LPR 3.1(b). AWS responds that the "background historical materials" that appear in its discussion of DNS in Section II.B are not independent pieces of prior art, so they do not count toward its limit of 25 prior art references. (AWS Opp'n at 8; *see* SAFIC at 6–7.) For support, AWS points to an out-of-circuit decision in which a district court allowed a defendant to rely on multiple sources to explain how a prior art system worked. *See* Order, *IPA Techs., Inc. v. Amazon.com, Inc.*, No. 16-1266-RGA (D. Del. Sept. 23, 2020), ECF No. 172. AWS has not suggested, however, that the District of Delaware's local patent rules are congruent with this district's LPR. Kove, for its part, has identified cases in this district rejecting attempts to exceed the 25-reference limit through the use of background information. *See AVNET*, 2016 WL 3365430, at *5 (striking portions of an expert report relying on background material not listed as a prior art reference in final invalidity contentions); *Pactiv Corp. v. Multisorb Techs., Inc.*, No. 10 C 461, 2013 WL 2384249, at *3 (N.D. Ill. May 29, 2013) (same). AWS is correct that both *AVNET* and *Pactiv* involved background references in expert reports, rather than the invalidity contentions themselves. But as Kove notes, AWS cannot point to any case allowing additional background sources above the limit in LPR 3.1(b). The court therefore grants Kove's request to strike references not contained in the list in Section II.A of the SAFIC. (*See* SAFIC at 6–7.)

Kove further argues that the court should not permit AWS to circumvent LPR 3.1(b) by including additional combinations of references as exemplary obviousness grounds in Section IV of the SAFIC. *See* LPR 3.1(b) ("Each assertion of anticipation and each combination of references shall constitute separate grounds.") Section III of the SAFIC properly identifies four prior art grounds of invalidity. (*See* SAFIC at 8–14.) But by combining Section III with Section IV, and referring to Section IV throughout the claim charts, AWS could potentially argue dozens of additional combinations of references in support of its obviousness arguments. At this stage, the court is uncertain precisely how many combinations of references AWS is proposing because Section III is organized by claims, while Section IV is organized by claim terms. (*Compare id.*, *with id.* at 17–26.) There is also language in Section III suggesting that Section IV supports AWS's non-prior art grounds for invalidity, such as indefiniteness, as well. (*See e.g., id.* at 9 ("These non-prior art grounds are further supported by Sections IV–VII.")) In the interest of avoiding further motion practice on this issue, the court concludes that AWS may rely on only the precise combinations of references listed in Section III for its obviousness grounds of invalidity, but the explanations in Section IV may inform that analysis. Kove's request to strike Section IV in its entirety, as well as its request to strike references to Section IV in the claim charts, are denied. Similarly, the court construes AWS's reservation-of-rights language in Section I of the SAFIC (and the FAFIC) not as an attempt to circumvent LPR 3.1(b)'s cap on the number of prior art references, but as a reminder that it may seek leave to amend for good cause under LPR 3.4. (*See* SAFIC at 1–2.) With that understanding, there is no need to strike this language from the SAFIC.

Next, Kove argues that AWS improperly amended the SAFIC by adding an anticipation argument in its invalidity grounds for the '170 and '640 patents. AWS responds that Kove is incorrect, and in any event anticipation by DNS is not a new theory: "In AWS's originally served Final Invalidity Contentions, AWS argued that DNS anticipates the hashing claim in the '978 patent, while rendering obvious the hashing claims in the '170 and '640 patents." (AWS Reply at 11 (citing FIC at 7, 9–10, Ex. 3A at 6 ('978 patent, claim 6), Ex. 1A at 5–7, 11–12 ('170 patent, claims 1.f, 2, 12), Ex. 2A at 8 ('640 patent, claim 24)).) "In its most recent claim charts, AWS continues to assert that DNS anticipates the hashing claim in the '978 patent, while rendering obvious the hashing claims in the '170 and '640 patents. And, it still argues, in support of its obviousness case, that DNS discloses hashing." (AWS Reply at 12 (citing SAFIC, Ex. 1A at 6, 8,

6

12; Ex. 2A at 9).) The court has reviewed these citations and agrees with AWS's characterization. Similarly, the court has reviewed the changes to the Neimat mapping in the SAFIC claim charts and concludes that they are not significant changes requiring leave to amend. (*See* AWS Reply at 5–6 (citing Redline Ex. 1C at 45, 49–50, 57).)

Finally, the court grants AWS's request for leave to amend the portions of its invalidity charts that provide greater detail on DNS mapping. (*See* Supplemental Claim Charts [217-3] (corresponding to SAFIC, Ex. 1A, Ex. 2A, and Ex. 3A)). AWS has demonstrated good cause to amend because Kove refused to address the DNS system in its Final Validity Contentions, apparently because Kove contends that AWS's SAFIC were inadequate. (*See* AWS Opp'n at 13–14.) AWS has shown diligence in seeking leave to amend because it did so within one month of Kove's motion to strike. In any event, AWS does not appear to be adding newly discovered references or information; rather, it is providing more detailed citations to the Albitz and Liu book and BIND 8.1 itself. Kove will not be prejudiced by the supplemental charts because, as discussed above, they clarify AWS's existing theories by providing additional detail about the specific version of DNS that AWS is relying on: BIND 8.1. Moreover, fact discovery has not yet closed. *See Oleksy v. Gen. Elec. Co.*, No. 06 C 1245, 2013 WL 3944174, at *4 (N.D. Ill. July 31, 2013) (granting leave to amend final invalidity contentions where fact discovery had not yet concluded); Minute Entry of 8/17/2021 [388] ("[T]he deadline for the Close of Initial Fact Discovery is extended to 11/19/2021."). Kove cannot simultaneously complain that AWS's contentions are unclear and then deny them the opportunity to clarify them.

## CONCLUSION

Kove's motion to strike [200] is granted in part and denied in part. Kove's request to strike AWS's SAFIC in their entirety is denied, but its request to strike background references not listed in Section II.A of the SAFIC is granted. AWS's motion to amend its contentions [216] by serving supplemental claim charts is granted. AWS is ordered to serve a complete version of its invalidity contentions complying with this order by October 8, 2021.

ENTER:

Dated: September 17, 2021

_____
REBECCA R. PALLMEYER
United States District Judge