# Exhibit V

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Kove IO, Inc., | Civil Action No. 1:18-cv-08175 |
| Plaintiff, | Judge Rebecca R. Pallmeyer |
| v. | Jury Trial Demanded |
| Amazon Web Services, Inc., | |
| Defendant. | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-119)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Kove IO, Inc. ("Kove") requests that Defendant Amazon Web Services, Inc. ("Amazon") produce for inspection and copying the documents and things requested below in accordance with the definitions and instructions provided herein. Production shall take place within thirty (30) days of service of this request, at the offices of Reichman Jorgensen LLP, 303 Twin Dolphin Drive, Suite 600, Redwood Shores, California 94065, or at such location and time as the parties may agree.

**<u>DEFINITIONS</u>**

1.     "Amazon," "Defendant," "You," and "Your" mean Amazon Web Services, Inc. and any of its corporate parents, subsidiaries, divisions, or departments, and any of its present or former officers, directors, employees, members, representatives, or any others acting on its behalf.

2.     "Kove" and "Plaintiff" mean Kove IO, Inc., as well as any of its corporate parents, subsidiaries, divisions, or departments, and any of its present or former officers, directors, employees, members, representatives, or any others acting on its behalf.

3.     "Asserted Patents" or "Patents-in-Suit" mean the patents asserted by Kove in its

1

operative Complaint in this litigation, including United States Patent Nos. 7,814,170, 7,233,978, and 7,103,640.

4.      "Asserted Claim(s)" means all claims that You are accused of infringing, including those claims identified in Kove's Infringement Contentions or any amendments or supplements thereto.

5.      "Accused Product" means any product, application, or feature identified in Kove's operative Complaint, including, but not limited to, Amazon S3 and Amazon DynamoDB, any product, application, or feature identified in Kove's Infringement Contentions or any amendments or supplements thereto, and/or any Amazon product, application, service, or feature that uses distributed hash tables.

6.      "Communication" means any contact, whether in person, in writing, oral, formal, informal, by telephone, or any method whereby knowledge, facts or information is imparted or transmitted from one person or entity to another or to a file.

7.      "Document" or "documents" mean the original and all copies of any written, printed, typed, photocopied, photographic, and recorded matter of any kind or character (including, but not limited to, magnetic, mechanical, or electronic recordings), however produced or reproduced, and any tangible thing which, in whole or in part, illustrates or conveys information in Your possession, custody, or control, whether produced or stored on paper, cards, tapes, disks, belts, charts, film, computer storage devices, cellular phones, "smart" phones, microfilm, wires, cables, magnetic and electronic recordings, sound recordings, computer printouts, or records. The term includes, but is not limited to, data, data compilations, and other electronically stored information, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form (e.g., computer

memory); as well as electronic mail and instant messaging, text messaging, video messaging, correspondence, memoranda, studies, maps, analyses, diagrams, scraps of paper, notes, applications, drawings, charts, graphs, plans, photographs, video tapes, audio tapes, computer disks, computer hard drives, contracts, agreements, working papers, drafts, reports of investigations or inspections of any kind, opinions of consultants or experts, diaries, minutes, calendars, field notes, logs, checks, receipts, images, and the like.

8. "Identify," when referring to a person or persons, means to state the current name, address and telephone number of the person about whom the information is sought. When referring to individuals, please state the name of their present or last known employer, their office or title, if any, and their job description. Also, please state the nature and dates of their affiliation with any party to this litigation and their office or title, job description and duties during such affiliation.

9. "Identify," when used with respect to an act (including an alleged omission), communication, occurrence, statement or conduct (herein collectively called "act"), means to:

   a. describe the substance of the event or events constituting such act and state the date when such act occurred;

   b. identify each and every person participating in such act;

   c. identify all other persons (if any) present when such act occurred;

   d. state whether any minutes, notices, memoranda, or other records of such act were made;

   e. state whether such record now exists; and

   f. identify the person or persons presently having possession, custody or control of each such record.

10.    "Identify," when referring to a document, means to provide, as to each such document, the following information:

   a.   its date;

   b.   its title, if it has one; all identifying numbers, if any; all other identifying or categorizing designations; and a brief description of it (such as letter, memorandum, manuscript, notes, etc.);

   c.   its subject matter;

   d.   the name, title and address of each person who wrote, signed, initialed, dictated or otherwise participated in the creation of the document;

   e.   the name, title and address of each addressee, and of each other person receiving a copy of it;

   f.   its present location, and the name and address of its present custodian;

   g.   if the document is not an original, the name and address of the custodian of the original; and

   h.   any other designation necessary to sufficiently identify the document so that a copy of it may be ordered or obtained from its custodian.

If any such document was, but is no longer, in Your possession, custody or control, or in existence, state its present location or the date and manner of its disposition.

11.    "Identify," when referring to a corporate entity or entities, shall mean to state the full corporate name and the date and place of incorporation, if known, and its present address and telephone number.

12.    "Person" shall mean individual, corporation, non-profit corporation, sole proprietorship, partnership, limited partnership, professional association, joint venture, agency,

agent, trust and/or any other legal entity.

13.     "Refer" or "relate to" or "concerning" (or any form thereof) shall mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or being relevant to.  As indicated, the term necessarily includes information which is in opposition to, as well as in support of, Your position(s) and claim(s) in this action.

14.     "All" shall be construed as "all and each."

15.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope

16.     The use of the singular form of any word includes the plural and vice versa.

## GENERAL PROVISIONS AND INSTRUCTIONS

17.     You are requested to produce all the requested documents in your possession, custody, or control, regardless of the physical location of the documents.

18.     Your obligation to provide the information sought by the requests for production herein ("Requests") is continuing, and should you discover new documents responsive to the Requests after initial responses are provided, you are obligated to supplement your responses as appropriate to the full extent provided for by the Federal Rules of Civil Procedure or any other applicable law.

19.     All documents shall be produced in the same order and format as they are kept or maintained in the ordinary course of business.  If any documents have been removed from the files in which they were found for purposes of producing them in response to these Requests, for each such document, identify the file(s) in which the document was originally located.

20.     You are to produce each document requested, together with all non-identical copies and drafts of such document.  Documents attached to each other should not be separated when being produced in response to these Requests.

21.     If no documents exist that are responsive to a particular Request, that fact should be stated in your response to that Request.

22.     If any document is withheld based on any claim of privilege, protection, or immunity, you are required to provide a detailed privilege log containing, separately and for each document withheld, an explanation of the claim being asserted and the following information: (a) the date the document was created, and the dates of any revisions to the document; (b) the identity of the author(s) of the document; (c) the identity of the recipient(s) or addressee(s) of the document; (d) the identity of the person(s) from whom the document was received, if not the author(s); (e) the basis for withholding the document, including the nature of the privilege or protection asserted; and (f) a description of the subject matter of the document sufficient to allow the Court, if necessary, to determine the appropriateness of the privilege or protection claimed.

23.     If any requested document cannot be produced in full, you are to produce it to the extent possible, indicating which document, or portion of such document, is being withheld, and the reason that the document, or portion of such document, is being withheld.

24.     If a document or group of documents responsive to these Requests once existed, but has been destroyed or discarded, for each such document or group of documents: (a) identify the document or group of documents; (b) state when the document or group of documents was destroyed or discarded; (c) state why the document or group of documents was destroyed or discarded; (d) identify the persons most knowledgeable about the contents of the document or group of documents; and (e) describe the circumstances under which the document or group of

documents was destroyed or discarded.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

**REQUEST FOR PRODUCTION NO. 1**

All documents identifying, describing, or referencing Your corporate structure.

**REQUEST FOR PRODUCTION NO. 2**

Your organizational charts and corporate directories identifying Your employees whose work relates to or concerns any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 2**

Documents sufficient to identify all locations in which You operate, run, license, offer for sale, import, or make the Accused Products and all documents discussing, reflecting, or evidencing plans for the future related to the Accused Products.

**REQUEST FOR PRODUCTION NO. 3**

Documents sufficient to identify where (geographically) the Accused Products were and/or are developed, created, tested, maintained, licensed and/or sold.

**REQUEST FOR PRODUCTION NO. 4**

Documents sufficient to identify all persons involved in the design or development of the Accused Products.

**REQUEST FOR PRODUCTION NO. 5**

Documents sufficient to identify all persons involved in the operation of the Accused Products.

**REQUEST FOR PRODUCTION NO. 6**

Documents sufficient to identify all persons involved in the testing of the Accused Products.

8

**REQUEST FOR PRODUCTION NO. 7**

Documents sufficient to identify all persons involved in the maintenance of the Accused Products.

**REQUEST FOR PRODUCTION NO. 8**

Documents sufficient to identify the product names, the version, model and release numbers, and other identifying information for each version, model, and release of the Accused Products.

**REQUEST FOR PRODUCTION NO. 9**

Documents sufficient to identify the person(s) most knowledgeable regarding the conception, creation, development, maintenance, testing, and operation of the Accused Products, including each version, model, or release.

**REQUEST FOR PRODUCTION NO. 10**

Documents sufficient to identify the range of dates during which You sold, offered for sale, licensed, used, or otherwise provided or made available each version, model, implementation, and/or release of the Accused Products.

**REQUEST FOR PRODUCTION NO. 11**

All documents identifying, describing, or referencing functionality and improvements embodied in each version, model, and release of the Accused Products.

**REQUEST FOR PRODUCTION NO. 12**

Documents and things sufficient to describe the functionality, operation, design, development, architecture, implementation, data flow, algorithms, testing, modes of operation, and capabilities of the Accused Products, including software requirements, hardware requirements, specifications, architecture documents, design reviews, design documents, flow diagrams, user

manuals, product brochures, data sheets, administrative guides, data structure descriptions, and other user instructions.

## REQUEST FOR PRODUCTION NO. 13

All documents identifying, describing, or referencing the conception, benefits, development, testing, assessment, enhancement, modification, adoption, and implementation of each of the Accused Products, including but not limited to correspondence or other internal communications, market studies or assessments, A/B testing, surveys, focus group studies, consumer testing, web-based analytics (e.g. "Dashboard" reports), feature goals and objectives, proposals, budgets, internal reports, cost estimates, release schedules; or other documents.

## REQUEST FOR PRODUCTION NO. 14

The source code, executable software, and all documentation for the Accused Products and/or included with Accused Products (including but not limited to user's manuals, EULA, support documentation, etc.) for each version, model, and release of each of the Accused Products.

## REQUEST FOR PRODUCTION NO. 15

All documents identifying, describing, or referencing the development, revision history, refinement, evolution, testing, and internal use of each source code file produced by You in this case (including but not limited to the geographic location, (e.g., city, state and country) of such development, revision, refinement, evolution, testing, and internal use, the results, date and/or reason for each such revision, refinement, evolution, test, and/or internal use of each such source code file).

**REQUEST FOR PRODUCTION NO. 16**

All executable and non-executable software, and all documentation for or included with the Accused Product (including but not limited to user's manuals, user licensing agreements, support documentation, etc.) for each version, model, and release of the Accused Products.

**REQUEST FOR PRODUCTION NO. 17**

All Documents, from 2012 to the present, describing or discussing written policies, procedures and guidelines related to Your servers, computers, mainframes, computer systems, electronic data and electronic media including but not limited to backup tape rotation and archival disk or tape inventories, schedules, and/or logs; electronic data retention, preservation and destruction schedules, file naming conventions and standards, diskette, CD, DVD, and other removable media labeling standards, email storage conventions (e.g., limitations on mailbox sizes, storage locations, schedules and logs for storage).

**REQUEST FOR PRODUCTION NO. 18**

Running instances of the Accused Products, which may include production of passwords and login information for access to the Accused Products that require such information.

**REQUEST FOR PRODUCTION NO. 19**

All documents relating to Your design and development of the Accused Products including, without limitation, all documents showing who was involved in the development of the Accused Products and the first circumstance when You made, operated, used, sold, or offered for sale the Accused Products and when the various versions of the Accused Products were developed, implemented, and/or acquired.

**REQUEST FOR PRODUCTION NO. 20**

All documents identifying, describing, or referencing the use or operation of any of the Accused Products (including, but not limited to, documents providing training, education, instruction, or information on the operation of the Accused Products).

**REQUEST FOR PRODUCTION NO. 21**

All documents relating to the use, operation, or maintenance of the Accused Products and components thereof, including, without limitation, where such use, operation, or maintenance is by one or more third parties for the benefit of You, by one or more third parties at the direction or request of You, or by You in cooperation with one or more third parties.

**REQUEST FOR PRODUCTION NO. 22**

All documents that discuss, refer to, or evidence how subscribers, customers, users, partners, or distributors use, operate, or access the Accused Products.

**REQUEST FOR PRODUCTION NO. 23**

All documents that discuss, refer to, or evidence any proposal, decision, consideration, or deliberation in the development of the Accused Products, starting with the initial idea thereof.

**REQUEST FOR PRODUCTION NO. 24**

All documents that discuss, refer to, or evidence any proposal, decision, consideration, or deliberation in the acquisition of the Accused Products.

**REQUEST FOR PRODUCTION NO. 25**

All documents that discuss, refer to, or evidence any proposal, decision, consideration, or deliberation in the use, operation, or maintenance of the Accused Products (including, but not limited to, documents providing training, education, instruction, or information on the operation and/or maintenance of the Accused Products).

**REQUEST FOR PRODUCTION NO. 26**

All documents and other materials and things created, provided, maintained, edited, hosted or owned by You relating to the use of the Accused Products (including but not limited to user's manuals, instructions, developer's guides, tutorials, discussion boards, web pages, on-line videos, on-line instructions, FAQ's, developers conferences, user conferences, videos, etc.).

**REQUEST FOR PRODUCTION NO. 27**

Documents and other materials sufficient to show the date of first use for each of the Accused Products.

**REQUEST FOR PRODUCTION NO. 28**

All documents that discuss, refer to, or evidence the costs of developing the Accused Products.

**REQUEST FOR PRODUCTION NO. 29**

All documents that discuss, refer to, or evidence the costs and expenses incurred by You in creating, marketing, operating, making, licensing, maintaining and selling the Accused Products or the access to or use thereof. The documents should include, but are not limited to, segmented cost and expense data by region, retailer, and/or vendor.

**REQUEST FOR PRODUCTION NO. 30**

All documents that discuss, refer to, or evidence the method and manner by which You track, record, and monitor the making, using, operating, accessing to, licensing, offering for sale, or sale of the Accused Products from 2012 to the present.

**REQUEST FOR PRODUCTION NO. 31**

Documents referring to the manufacture, creation, development, testing and/or use of the Accused Products in the United States by You, Your distributors, Your contractors, Your agents

13

or other entities acting on Your behalf (including but not limited to documents referring to the creation, development, testing, marketing, customer support, customer training, operation, maintenance or sales of the Accused Products, or in connection with installation, configuration, training, or testing of the Accused Products at customer sites).

## REQUEST FOR PRODUCTION NO. 32

All documents showing how You or Your customers or others use, operate, access or otherwise make use of the Accused Products (including specifically the functionalities as set forth in Kove's infringement contentions) in the United States (including but not limited to any relevant customer-use studies, surveys, tracking data, or estimates).

## REQUEST FOR PRODUCTION NO. 33

All documents referring to the storing and/or duplicating of the Accused Products in the United States by You, Your distributors, Your contractors, Your agents or other entities acting on Your behalf (including but not limited to explanations of such storing on or onto software management servers (for source code, executable code, non-executable code, and/or object code), on or onto master discs, on or onto distribution media (e.g., CD-ROMs, DVDs, disk drives, and/or computers) for sale or distribution to customers or other users, and on or onto servers or web caches for facilitating access to the Accused Products by customers or other users).

## REQUEST FOR PRODUCTION NO. 34

All documents for the Accused Products, identifying the web server technology (e.g. Apache, etc.) which presently underlies or powers all servers which host, provide access to, or make available the Accused Products.

14

**REQUEST FOR PRODUCTION NO. 35**

All documents constituting, identifying, describing, or referencing customer complaints or concerns regarding the performance, operation, or service of the Accused Products and Your response to these complaints or concerns whether formal, informal, public, non-public, or otherwise.

**REQUEST FOR PRODUCTION NO. 36**

All documents identifying, describing, or referencing any meeting of officers, executives, or Board Directors prepared or maintained by You that concern or reference Kove, Kove's employees (past and/or present), and/or the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 37**

All documents identifying, describing, or referencing Kove as competition and/or potential competition to You.

**REQUEST FOR PRODUCTION NO. 38**

All documents identifying, describing, or referencing the date and/or circumstances giving rise to Your awareness of Kove, Kove's employees (past and/or present), and/or the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 39**

All documents identifying, describing, or referencing the date and/or circumstances giving rise to Your anticipation of litigation with Kove and/or litigation related to the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 40**

All documents identifying, describing, or referencing when, if ever, You sought the advice of counsel after and as a result of learning of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 41**

All documents and things identifying, describing, or referencing demonstrations, displays, exhibitions, illustrations, presentations, and/or showcases by Kove and/or Kove's employees (past and/or present), at conferences, expos, tradeshows, or in other private and non-private settings.

**REQUEST FOR PRODUCTION NO. 42**

All documents identifying, describing, or referencing discussions regarding potential business arrangements (including but not limited to partnerships, potential licensing agreements, and funding opportunities) between You and/or any third parties and Kove (or any past and/or present employee of Kove).

**REQUEST FOR PRODUCTION NO. 43**

All documents identifying, describing or referencing Kove' attempts to enter into discussions with potential investors (including planned meetings or attempts to set meetings).

**REQUEST FOR PRODUCTION NO. 44**

All documents identifying, describing or referencing Kove' business plan.

**REQUEST FOR PRODUCTION NO. 45**

All documents referencing the date, location and/or subject matter of any meetings between You and Kove (or any past and/or present employee of Kove) or between You and a third party regarding Kove (or any past and/or present employee of Kove).

**REQUEST FOR PRODUCTION NO. 46**

All communications or documents referencing or containing communications exchanged between You and Kove (or any past and/or present employee of Kove).

**REQUEST FOR PRODUCTION NO. 47**

All communications or documents referencing or containing communications exchanged between You and a third party regarding Kove, Kove's employees (past and/or present), and/or the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 48**

All documents and communications exchanged or created internally by You referencing Kove (or any past and/or present employee of Kove) and/or the Asserted Patents or referencing meetings related to Kove (or any past and/or present employee of Kove) and/or the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 49**

All documents exchanged between You and Kove (or any past and/or present employee of Kove) and all documents exchanged between You and a third party regarding Kove (or any past and/or present employee of Kove) and/or the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 50**

All documents (including issued patents, file histories, etc.) relating to any patents assigned to or owned by You that reference the Asserted Patents or reference a patent in which one of the following is a named inventor: John Overton and Stephen Bailey.

**REQUEST FOR PRODUCTION NO. 51**

All documents describing, or referencing the validity, invalidity, scope, liability for infringement by You, enforceability, non-enforceability, or licensing (either implied or express) of the Asserted Patents and/or opinions thereof.

**REQUEST FOR PRODUCTION NO. 52**

All documents used or otherwise relied upon, in whole or in part, by in-house or outside counsel in forming opinions concerning the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 53**

All documents identifying, describing, or referencing any document that You believe anticipates, renders obvious, or otherwise invalidates the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 54**

All documents containing or referencing communications between You (including Your counsel) and any third-party regarding any potential prior art directed at the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 55**

All documents constituting, identifying, describing, or referencing the results of any prior art search directed at the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 56**

All documents You have identified as alleged prior art to the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 57**

All documents relating to alleged sales or public use of the Asserted Patents more than a year before the application date of the patents.

**REQUEST FOR PRODUCTION NO. 58**

All documents identifying, describing, or referencing any communications between You and any other party regarding the Asserted Patents or this litigation.

**REQUEST FOR PRODUCTION NO. 59**

All documents furnished or shown to any fact witness contacted, interviewed, or consulted by You or Your agents or attorneys in connection with the Asserted Patents or this litigation.

**REQUEST FOR PRODUCTION NO. 60**

All documents constituting, identifying, describing, or referencing any document that You believe is relevant to the construction or interpretation of any claim in the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 61**

All documents identifying, describing, or referencing any analysis or efforts by You to design products, including, without limitation the Accused Products, around the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 62**

All documents identifying, describing, or referencing persons who have knowledge of Your analysis or efforts to design products, including without limitation the Accused Products, around the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 63**

All documents identifying, describing, or referencing any potentially non-infringing alternatives to the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 64**

All communications, opinions, letters, or other documents prepared by You or on Your behalf, for submission to the United States Patent and Trademark Office, an auditor, a governmental agency (including the Securities and Exchange Commission), or any third party relating to the Asserted Patents or any potential liability for infringement related thereto.

**REQUEST FOR PRODUCTION NO. 65**

All documents identifying, describing, or referencing Your decision to request (or decision not to request) a reexamination or to petition (or not to petition) for an *inter partes* review of any of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 66**

All documents identifying, describing, or referencing materials considered and/or used in the request of reexamination (or, petition for an *inter partes* review) of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 67**

All documents that discuss, refer to, or evidence the impact the Asserted Patents could have on You, including, without limitation, damages, liability, injunctive relief, or required product changes.

**REQUEST FOR PRODUCTION NO. 68**

All documents that discuss, refer to, or evidence the quality, value, usability, performance, demand, or benefits of the inventions contained within the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 69**

All documents mentioning or referencing any person identified by You in Your Initial Disclosures (and any Amendments thereto).

**REQUEST FOR PRODUCTION NO. 70**

All documents mentioning or referencing any person identified by Kove in its Initial Disclosures (and any Amendments thereto).

**REQUEST FOR PRODUCTION NO. 71**

All documents that support or relate to any of Your defenses (whether affirmative, equitable, or otherwise) or Your contentions and counterclaims in Your Answer.

**REQUEST FOR PRODUCTION NO. 72**

All documents that support or relate to Your contention that this case is exceptional under 35 U.S.C. § 285 entitling You to an award of Your reasonable attorneys' fees and costs.

**REQUEST FOR PRODUCTION NO. 73**

All documents that discuss, refer to, or evidence any communications between You and any other party regarding Kove' patents or this litigation, including, without limitation, any joint defense agreement.

**REQUEST FOR PRODUCTION NO. 74**

All documents constituting, identifying, describing, or referencing any insurance policies relating to this lawsuit (including but not limited to all insurance or indemnity agreements under which some person or entity may be liable to reimburse You, in whole or in part, for a judgment, fees, or expenses in this matter).

**REQUEST FOR PRODUCTION NO. 77**

All documents constituting, identifying, describing, or referencing Your corporate licensing policies.

**REQUEST FOR PRODUCTION NO. 78**

All documents identifying, describing, or referencing Your document retention policies.

**REQUEST FOR PRODUCTION NO. 79**

All documents identifying, describing, or referencing Your corporate policies and actual practices regarding patent searches, product clearances, right to use opinions, or other mechanisms, if any, to obtain licenses prior to general commercial availability of products and/or services so as to avoid infringement of patents, such as the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 80**

All documents identifying, describing, or referencing which Accused Products embody or relate to any patents or patent applications which You own, have an ownership interest in, or are subject to a license agreement involving You.

**REQUEST FOR PRODUCTION NO. 81**

All information regarding license agreements, settlement agreements, royalty agreements, technology transfers, covenants not to sue or authorization-to-use agreements (whether or not a formal agreement was reached in each of these cases), entered into by You concerning patents or patent applications that relate in any way to the Accused Products, including but not limited to the number and nationality of such patent(s), the entity who owns each such patent(s), the amount paid by You or to You in each such license, the date each such license was entered, the date the license took effect, the date or events upon which the license terminates, and the exclusive or non-exclusive nature of the license.

**REQUEST FOR PRODUCTION NO. 82**

Documents sufficient to show the quantity sold, gross revenue, net revenue, cost of goods sold, and profits for Your sales of the Accused Products, on a month-to-month basis commencing from six years prior to the filing of this lawsuit.

**REQUEST FOR PRODUCTION NO. 83**

Documents sufficient to show the incremental quantity sold, incremental gross revenue, incremental net revenue, incremental cost of goods sold, and profits for Your sales of the Accused Products, on a month-to-month basis commencing from six years prior to the filing of this lawsuit.

**REQUEST FOR PRODUCTION NO. 84**

All documents identifying, describing, or referencing profits and losses (e.g., profit and loss statements) for the business unit(s) responsible for revenue and/or sales relating to each of the Accused Products, beginning no later than three years before the first use of each of the Accused Products.

**REQUEST FOR PRODUCTION NO. 85**

All documents identifying, describing, or referencing the commercial success and/or popularity of each of the Accused Products.

**REQUEST FOR PRODUCTION NO. 86**

All documents identifying, describing, or referencing market reception of each of the Accused Products, including internal, third party, and end user reviews.

**REQUEST FOR PRODUCTION NO. 87**

All documents identifying, describing, or referencing Your use of the Accused Products.

**REQUEST FOR PRODUCTION NO. 88**

All documents identifying, describing, or referencing Your customers' use of the Accused Products.

**REQUEST FOR PRODUCTION NO. 89**

All documents identifying, describing, or referencing how You monetize or derive revenue from the Accused Products.

**REQUEST FOR PRODUCTION NO. 90**

All documents identifying, describing, or referencing the total amount, applicable royalty base, and applicable royalty rate paid by You to any third parties in connection with the Accused Products.

**REQUEST FOR PRODUCTION NO. 91**

All of Your annual and quarterly reports (or equivalents) commencing from six years prior to the filing of this lawsuit.

**REQUEST FOR PRODUCTION NO. 92**

All documents identifying, describing, or referencing the demand, value, revenue, profitability, and income from all versions of each of the Accused Products.

**REQUEST FOR PRODUCTION NO. 93**

Documents sufficient to demonstrate the accounting practices used by You to account for sales, profit margin, cost, income for and/or from, or other financial benefit realized by You, related to the Accused Products.

**REQUEST FOR PRODUCTION NO. 94**

All documents identifying, describing, or referencing the follow-on sales for other products (e.g., accessories, software, hardware, maintenance, extended warranties, etc.) based on the sales, launch and/or use of the Accused Products.

**REQUEST FOR PRODUCTION NO. 95**

All documents identifying, describing, or referencing the sale of other products or services by You that result from the use of the Accused Products by Your subscribers, customers, partners, distributors (such as retail establishments), target audience(s) and/or other users. This includes, but is not limited to, documents related to the quantity sold, gross revenue, net revenue, cost of goods sold, and profit related to the sale of other products or services that result from the use of the Accused Products by Your subscribers, customers, partners, distributors (such as retail establishments), target audience(s) and/or other users.

**REQUEST FOR PRODUCTION NO. 96**

All documents identifying, describing, or referencing direct and/or indirect financial benefits that accrue to You through the use of the Accused Products by Your subscribers,

customers, partners, distributors (such as retail establishments), target audience(s) and/or other users.

**REQUEST FOR PRODUCTION NO. 97**

All documents that discuss, refer to, or evidence any advertising, marketing, or sales materials related to any of the Accused Products, including, without limitation, television, video, internet, and radio advertisements related to the Accused Products, consumer surveys and market analyses.

**REQUEST FOR PRODUCTION NO. 98**

All documents constituting, identifying, describing, or referencing the promotion, branding, marketing or advertising, by or for You, of the Accused Products.

**REQUEST FOR PRODUCTION NO. 99**

All documents evidencing, identifying, describing or referencing the benefits and/or detriments of each of the Accused Products, including but not limited to presentations, brochures, surveys, usage statistics, promotional materials, advertisements, or websites.

**REQUEST FOR PRODUCTION NO. 100**

All documents evidencing, identifying, describing or referencing the benefits derived by consumers when using each of the Accused Products, including but not limited to faster response, ease of use, improved access to content, improved product discovery, or other benefits.

**REQUEST FOR PRODUCTION NO. 101**

All documents evidencing, identifying, describing or referencing the benefits that You receive, derive, etc. from the use of each of the Accused Products, including but not limited to increased revenues, cost reductions, additional sales, enhanced brand image, or other benefits.

**REQUEST FOR PRODUCTION NO. 102**

All documents evidencing, identifying, describing or referencing internal studies and/or industry studies performed to quantify the benefits of each of the Accused Products related to non-accused functionalities and/or competing technologies.

**REQUEST FOR PRODUCTION NO. 103**

All documents evidencing, identifying, describing or referencing You negotiating, corresponding, offering, discussing, etc. the sale, use, or license of any of the Accused Products to anyone other than You. This includes any costs, fees, or revenues associated with the negotiating, corresponding, offering, discussing, etc.

**REQUEST FOR PRODUCTION NO. 104**

All documents evidencing, identifying, describing or referencing the importance, significance, benefits, etc. to You, Your products and service offerings, and Your overall business strategy, as part of Your use of each of the Accused Products.

**REQUEST FOR PRODUCTION NO. 105**

All documents evidencing, identifying, describing or referencing analyst reports pertaining to You and/or Your use of each of the Accused Products.

**REQUEST FOR PRODUCTION NO. 106**

All documents evidencing, identifying, describing or referencing Your possession or access to patent applications submitted by Kove to the USPTO that were, at the time of Your possession or access, confidential.

**REQUEST FOR PRODUCTION NO. 107**

Documents sufficient to identify where (geographically) the servers which host, provide access to, make available or which have hosted, provided access to, or made available the Accused Products, are located.

**REQUEST FOR PRODUCTION NO. 108**

All documents constituting, identifying, describing, or referencing customer-use studies, surveys, reports, tracking data, estimates, statistics, metrics, analytics, web analytics (including, but not limited to, documents generated using web analytics software such as Omniture, Webtrends, Coremetrics, SiteSpect, SAS, Google Analytics, Bango Analytics, other similar analytic software, or any other analytic tool of which You are aware), page hits, conversion rates, profitability studies, and business plans regarding how and to what extent Your customers, users of the Accused Products, or others of whom You are aware, access and/or make use of the Accused Products.

**REQUEST FOR PRODUCTION NO. 109**

Documents identifying the extent of U.S. and Worldwide use of each of the Accused Products.

**REQUEST FOR PRODUCTION NO. 110**

All documents constituting, identifying, describing, or referencing internal and/or external studies regarding views of each of the Accused Products, including but not limited to studies discussing, identifying, describing, or referencing actual or potential revenue (through sales, advertisements, etc.) or costs associated with each view of the Accused Products.

**REQUEST FOR PRODUCTION NO. 111**

All documents and things referring or relating to the planning, research, design, development, creation, testing, manufacture, use, operation and project layout, and system architecture of the Accused Products, including memoranda, technical reports, testing data and reports, notes, e-mails, "white papers," specifications, flow charts, laboratory notebooks, pseudo-code, development records, timelines, invention disclosures, directory structure, file placement and libraries.

**REQUEST FOR PRODUCTION NO. 112**

All documents constituting, identifying, describing, or referencing studies, experimentation, and/or testing performed by You or on Your behalf on one or more of the Accused Products.

**REQUEST FOR PRODUCTION NO. 113**

All documents supporting and refuting Your assertion that the Asserted Patents are not infringed, directly or indirectly, by You.

**REQUEST FOR PRODUCTION NO. 114**

All documents supporting and refuting each of Your answers to Kove's interrogatories served on You.

**REQUEST FOR PRODUCTION NO. 115**

All documents that You contend are relevant to a determination of a reasonable royalty in this case.

**REQUEST FOR PRODUCTION NO. 116**

All documents that refer or relate to Your contentions as to reasonable royalties pursuant to 35 U.S.C. § 284 for infringement of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 117**

All documents supporting and refuting any assertion by You as to the amount of reasonable royalty Kove would be entitled to for each Accused Products if the Asserted Patents are found to be valid and infringed by You.

**REQUEST FOR PRODUCTION NO. 118**

All license agreements and/or settlement agreements (including covenants not to sue and the like) relating to or covering any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 119**

The file histories of Your patents or patent applications in which You have cited or the examiner has cited the Patents-in-Suit.

Dated: June 10, 2019

Respectfully submitted,

/s/      *Phillip Lee*
Phillip Lee

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
Thompson Coburn LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500
Telecopier: (312) 580-2201

Sarah O. Jorgensen (*pro hac vice*)
sjorgensen@reichmanjorgensen.com
Reichman Jorgensen LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (650) 623-1403
Telecopier: (650) 623-1449

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Jennifer P. Estremera (*pro hac vice*)
jestremera@reichmanjorgensen.com
Phillip Lee (*pro hac vice*)
plee@reichmanjorgensen.com
Joachim B. Steinberg (*pro hac vice*)
jsteinberg@reichmanjorgensen.com
Michael G. Flanigan (State Bar No. 6309008)
mflanigan@reichmanjorgensen.com
Kate M. Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
Reichman Jorgensen LLP
303 Twin Dolphin Drive, Suite 600
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Reichman Jorgensen LLP
100 Park Avenue, Suite 1600
New York, NY 10017
Telephone: (646) 921-1474
Telecopier: (650) 623-1449

**ATTORNEYS FOR PLAINTIFF**
**KOVE IO, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 10, 2019, the foregoing First Set of

Requests for Production of Documents And Things to Defendants Amazon Web Services, Inc.

was electronically served upon the parties by electronic mail, at the addresses below:

Adam G. Unikowsky
JENNER &BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
(202) 639-6000
aunikowsky@jenner.com

Terri L. Mascherin
Michael Babbitt
Michael T. Werner
JENNER &BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
tmascherin@jenner.com
mbabbitt@jenner.com
mwerner@jenner.com

*/s/ Phillip Lee*

Phillip Lee