# Exhibit O

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Amazon Web Services, Inc., <br><br> Defendant. | Civil Action No. 1:18-cv-08175 |

**KOVE IO, INC.'S RESPONSES AND OBJECTIONS TO
DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF NOS. 1-9**

Plaintiff Kove IO, Inc. ("Plaintiff" or "Kove"), by and through their undersigned counsel, Federal Rules of Civil Procedure 26 and 33, the Northern District of Illinois Local Rules ("Local Rules"), L.R. 33.1, and any applicable local procedures, laws, or Court orders, hereby serve the following objections and responses to Amazon Web Services, Inc. ("Defendant" or "Amazon")'s First Set of Requests of Interrogatories (the "Interrogatories").

**PRELIMINARY STATEMENT**

1.      Kove incorporates by reference each general objection set forth below into each specific response. The specific response may repeat a general objection for emphasis or any other reason and/or may also include one or more specific objections(s). The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

2.      Kove's responses to Amazon's Interrogatories are made to the best of Kove's present knowledge, information, and belief. Kove reserves the right to supplement or amend these responses should future investigation indicate that such supplementation or amendment is

1

necessary. Kove reserves the right to make any use of, introduce at any hearing or at trial, information or documents that are responsive to Kove's interrogatories, but discovered subsequent to Kove's service of these responses, including, but not limited to, any information or documents obtained in discovery herein.

## GENERAL OBJECTIONS

1. Kove adopts and incorporates by reference the following General Objections in each of its specific answers to Defendant's First Set of Interrogatories to Plaintiff Nos. 1-9:

2. Kove objects to the Interrogatories to the extent that they purport, through definitions, instructions, or otherwise, to impose burdens or duties on Kove inconsistent with, or not authorized by, the Federal Rules of Civil Procedure. In each such case, Kove declines to accept those additional burdens or duties and instead will comply with the Federal Rules of Civil Procedure.

3. Kove objects to the Interrogatories to the extent they are vague, ambiguous, compound, overly broad, unduly burdensome, oppressive, not reasonably limited in time or scope, seeking irrelevant information, and not reasonably calculated to lead to the discovery of admissible evidence.

4. Kove objects to the Interrogatories to the extent that they seek "any" or "all" information or documents of a certain description where it would be unduly burdensome to search for and describe "all" information or documents technically responsive to those Interrogatories. Kove will not produce "any" or "all" information or documents where it would be unduly burdensome to do so, but will provide information or documents reasonably sufficient to respond to the subject matter of the Interrogatories.

5. Kove objects to the Interrogatories to the extent that they require Kove to furnish

or produce any information or documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, protection, or restriction, or which is otherwise not discoverable under the Federal Rules of Civil Procedure, applicable statutes, or common law.

6. Kove objects to the Interrogatories to the extent that they require Kove to furnish or produce any information or documents that contain confidential and/or proprietary research, development, or commercial information, and/or confidential and/or proprietary trade secrets. Kove will furnish or produce any such information or documents pursuant to the Stipulated Protective Order which will be entered in this case.

7. Kove objects to the Interrogatories to the extent that they purport to require Kove to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party. Kove will provide such information to the extent it is able to, but may need either the consent of the relevant third party or a court order compelling production.

8. Kove objects to the Interrogatories to the extent that they require Kove to furnish or produce any information or documents which are in the possession, custody or control of third parties, Amazon, or Amazon's agents and counsel, or are otherwise of public record and, therefore, are equally accessible and available to Amazon.

9. Kove objects to the Interrogatories to the extent to which they require Kove to furnish or produce any information or documents which are not in its possession, custody, or control.

10. Kove objects to the Interrogatories to the extent to which they require Kove to furnish or produce any information or documents regarding confidential and/or proprietary research, development, or commercial information, and/or confidential and/or proprietary trade

3

secrets other than that confidential and/or proprietary research, development, or commercial information and/or confidential and/or proprietary trade secrets which Kove identifies in the Complaint. Kove also objects to the Interrogatories to the extent to which they require Kove to furnish or produce any information or documents regarding misappropriation, misuse, or improper disclosure involving Persons other than those identified in the Complaint. Accordingly, Kove's responses are limited to information or documents regarding the confidential and/or proprietary research, development, or commercial information, and/or confidential and/or proprietary trade secrets identified in the Complaint, and misappropriation, misuse, or improper disclosure involving Persons identified in the Complaint.

11. Kove objects to the Interrogatories to the extent that they call for legal conclusions. Kove's responses and any production of documents shall not be construed as providing a legal conclusion concerning the meaning or application of any term or phrase in the Interrogatories.

12. Kove objects to the Interrogatories to the extent that they call for Kove to form and then render an expert opinion, or to the extent that they require disclosure of expert reports, analysis, findings or assessments that Kove is not yet required to disclose pursuant to the applicable rules and orders.

13. Kove objects to the Interrogatories and the instructions and definitions contained therein, and made a part thereof, to the extent that they attempt to alter the plain meaning of understanding of any term or attempt to impose obligations on Kove that are inconsistent with and/or in addition to those required under the Federal Rules of Civil Procedure.

14. Kove objects to Amazon's definitions of "Plaintiff," "You," "Yours," "Kove," and "OverX, Inc." on the grounds that they render the relevant topics vague, ambiguous, overbroad, and unduly burdensome. Kove will interpret these terms to refer to Kove IO Inc. ("Kove").

4

15. Kove's investigation of facts and discovery of documents and other information relating to the claims at issue in this action is continuing. Therefore, Kove's responses will be based only upon such information and documents as are available to, and known to, Kove at the time of such responses. Kove anticipates that further investigation and analysis of the claims at issue in this action may disclose additional information requested by Amazon and, therefore, Kove reserves the right to modify and/or supplement any and all of its responses as additional information is obtained or becomes available or known to Kove.

16. In responding to the Interrogatories, Kove does not waive, intends to preserve, and is preserving the following:

    a. All objections to competency, relevance, materiality, privilege, and admissibility;

    b. All rights to object on any ground to the use of any of the responses herein or documents produced in any subsequent proceeding including the trial of this or any other action;

    c. All rights to object on any ground to any further Interrogatories; and

    d. All rights to revise, correct, supplement, clarify, and/or amend any of the responses herein at any time.

17. Kove's responses are made subject to these General Objections and will be limited in accordance with these General Objections. Failure to specifically mention each General Objection in each response does not constitute a waiver of any General Objection, and all are considered incorporated in each response by reference.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the names, addresses, and telephone numbers of all persons who you believe have knowledge relating to the events, transactions, or occurrences that gave rise to or relate to this

**INTERROGATORY NO. 3:**

Identify every product, device, system, or service created, made, sold, used, distributed, given away, produced, or manufactured by any person or entity, including Amazon, Kove, the inventors named on the face of the Patents-in-Suit or any third-party, that embodies, or that is capable of embodying, any asserted claim of the Patents-in-Suit. For every product, device, system, or service created, made, sold, used, distributed, given away, produced, or manufactured by Kove, identify the means by which the product, device, system, or service is marked pursuant to 35 U.S.C. § 287.

**RESPONSE:**

In addition to its general objections, Kove specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception. Kove further objects to this Interrogatory on the grounds that it is vague, unclear and ambiguous including, without limitation, with respect to its use of the terms "every product," "any third-party," and "any asserted claim of the Patents-in-Suit." Kove further objects to this Interrogatory to the extent it is not reasonably limited in time or scope.

Kove understands this Interrogatory to the extent that it uses the terms "every product," "any third-party," and "any asserted claim of the Patents-in-Suit" to include circumstances and events alleged in the Complaint filed on December 12, 2018 in this litigation.

Kove also objects to this Interrogatory to the extent it purports to require Kove to marshal its evidence in advance of deadlines prescribed by the Federal Rules, Local Rules and any applicable local procedures, laws, or Court orders.

Kove also objects to this Interrogatory as premature to the extent it seeks Kove's expert

opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules and any applicable local procedures, laws, or Court orders.

Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate, as Amazon has not answered Kove's Complaint or pled any counterclaims or defenses.

Kove reserves the right to update this Interrogatory response as discovery continues and as Kove furthers its investigation, and reserves the right to rely on facts, documents, testimony, or other evidence that may develop or come to its attention through the ordinary course of this case

Subject to the foregoing general and specific objections, to the extent Kove can understand this Interrogatory, Kove responds as follows:

Amazon and third-party users of the Accused Instrumentalities, as that term is defined in the Initial Infringement Contentions and any amendments or supplements thereto, infringe the Asserted Claims, as described in Kove's Initial Infringement Contentions served on July 7, 2019.

The inventions claimed in some or all of the asserted claims of the patents-in-suit are embodied in some or all versions of the following product: the OverX software. Source code related to the embodying product is made available for inspection in Reichman Jorgensen's Redwood Shores office.

Kove incorporates by reference its Initial Infringement Contentions and any amendments or supplements thereto.

**INTERROGATORY NO. 4:**

Describe in detail the factual and legal bases that you allege support your contention that each asserted patent claim of the Patents-in-Suit is not invalid based on prior art under 35 U.S.C.

Dated: August 5, 2019

Respectfully submitted,

*/s/ Michael Flanigan*
Michael Flanigan

| | |
|---|---|
| Sarah O. Jorgensen *(pro hac vice)*<br>sjorgensen@reichmanjorgensen.com<br>Reichman Jorgensen LLP<br>1201 West Peachtree, Suite 2300<br>Atlanta, GA 30309<br>Telephone: (650) 623-1403<br>Telecopier: (650) 623-1449 | Renato Mariotti (State Bar No. 6323198)<br>rmariotti@thompsoncoburn.com<br>Thompson Coburn LLP<br>55 E. Monroe St., 37th Floor<br>Chicago, IL 60603<br>Telephone: (312) 346-7500<br>Telecopier: (312) 580-2201 |
| Christine E. Lehman *(pro hac vice)*<br>clehman@reichmanjorgensen.com<br>Reichman Jorgensen LLP<br>1615 M Street, NW, Suite 300<br>Washington, DC 20036<br>Telephone: (202) 894-7311<br>Telecopier: (650) 623-1449 | Courtland L. Reichman *(pro hac vice)*<br>creichman@reichmanjorgensen.com<br>Jennifer P. Estremera *(pro hac vice)*<br>jestremera@reichmanjorgensen.com<br>Shawna L. Ballard<br>sballard@reichmanjorgensen.com<br>Phillip Lee *(pro hac vice)*<br>plee@reichmanjorgensen.com<br>Joachim B. Steinberg *(pro hac vice)*<br>jsteinberg@reichmanjorgensen.com<br>Michael G. Flanigan (State Bar No. 6309008)<br>mflanigan@reichmanjorgensen.com<br>Kate M. Falkenstien *(pro hac vice)*<br>kfalkenstien@reichmanjorgensen.com<br>Reichman Jorgensen LLP<br>100 Marine Parkway Suite 300<br>Redwood Shores, CA 94065<br>Telephone: (650) 623-1401<br>Telecopier: (650) 623-1449 |
| Jaime Cardenas-Navia *(pro hac vice)*<br>jcardenas-navia@reichmanjorgensen.com<br>Reichman Jorgensen LLP<br>100 Park Avenue, Suite 1600<br>New York, NY 10017<br>Telephone: (646) 921-1474<br>Telecopier: (650) 623-1449 | |
| | **ATTORNEYS FOR PLAINTIFF**<br>**KOVE IO, INC.** |

## **VERIFICATION OF ANSWERS**

     I, John Overton, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the forgoing Answers to Defendant's First Set of Interrogatories are true and correct to the best of my knowledge and belief, based on information and records available to me.

Executed on August 7, 2019.

                                                                   By: John Overton

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                            /s/ *Michael Flanigan*
                                            Michael Flanigan