# Exhibit J

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KOVE IO, INC., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-08175 |
| ) | |
| AMAZON WEB SERVICES, INC., ) | Hon. Rebecca R. Pallmeyer |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S RULE 30(b)(6) NOTICE OF DEPOSITION
TO PLAINTIFF KOVE IO, INC.**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6) and 45, Defendant shall take the deposition upon oral examination of Plaintiff Kove IO, Inc. ("Kove") concerning the categories listed on the attached Schedule A. The deposition shall take place at a date and time as agreed to by the parties. The deposition will be recorded by stenographic, sound and video means.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Kove shall designate one or more officers, directors, managing agents or other representatives to testify on its behalf to matters known or reasonably available to Kove regarding the topics listed herein. Kove should provide the name of the deponent no later than ten days before the deposition. To the extent more than one deponent is identified, Kove shall state at least ten days before the deposition which portions of this notice each deponent is prepared to address.

| | |
|---|---|
| Date: August 20, 2021 | Respectfully submitted, |
| | AMAZON WEB SERVICES, INC. |
| | */s/ Jeffrey M. Saltman* <br> Alan M. Fisch <br> *alan.fisch@fischllp.com* <br> R. William Sigler <br> *bill.sigler@fischllp.com* <br> Jeffrey M. Saltman (*pro hac vice*) <br> *jeffrey.saltman@fischllp.com* <br> Elizabeth Bernard (*pro hac vice*) <br> *elizabeth.bernard@fischllp.com* <br> Adam A. Allgood (*pro hac vice*) <br> *adam.allgood@fischllp.com* <br> FISCH SIGLER LLP <br> 5301 Wisconsin Avenue NW <br> Fourth Floor <br> Washington, DC 20015 <br> 202.362.3500 |
| | *Attorneys for Defendant Amazon Web Services, Inc.* |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KOVE IO, INC., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-08175 |
| ) | |
| AMAZON WEB SERVICES, INC., ) | Hon. Rebecca R. Pallmeyer |
| ) | |
| Defendant. ) | |
| ) | |

**ADDENDUM TO DEFENDANT'S RULE 30(B)(6)
NOTICE OF DEPOSITION TO PLAINTIFF KOVE IO, INC.**

**PLEASE TAKE NOTICE** that Defendant may take the deposition of Plaintiff Kove IO, Inc. ("Kove") by remote audio-video conference on a date and time agreed to by the parties.

**PLEASE TAKE FURTHER NOTICE** that if the deposition is conducted remotely:

1. The deposition will be conducted remotely, using audio-visual conference technology;

2. The court reporter will report the deposition from a location separate from the witness;

3. Counsel for the parties and their clients will be participating from various, separate locations;

4. The court reporter will administer the oath to the witness remotely;

5. The witness will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on camera;

6. Each participating attorney may be visible to all other participants, and their statements will be audible to all participants;

7. All exhibits will be provided simultaneously and electronically to the witness and all participants;

8. The court reporter will record the testimony;

9. The deposition may be recorded electronically; and

10. Counsel for all parties will be required to stipulate on the record:

    a. Their consent to this manner of deposition; and

    b. Their waiver of any objection to this manner of deposition, including any objection to the admissibility at trial of this testimony based on this manner of deposition.

## SCHEDULE A

## DEFINITIONS

The following definitions apply to the Matters of Examination, unless specified otherwise:

1. The term "Plaintiff" or "Kove" means Plaintiff Kove IO, Inc., its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors, and including all present or past owners of the Asserted Patents such as Kove Corp., Econnectix LLC, Econnectix Corporation, OverX, Inc., and/or Arctide, LLC.

2. The term "Kove Corporation" means Kove Corporation, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

3. The term "Econnectix LLC" means Econnectix LLC, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

4. The term "Econnectix Corporation" means Econnectix Corporation, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

5. The term "OverX" means OverX, Inc., its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

6. The term "Arctide" means Arctide LLC, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

7. The term "Investment Memorandum" means any document offering call options, bonds, or any other investment involving an interest in or related to the potential proceeds or a portion of the potential proceeds of this litigation, including any settlement and/or damages award.

8. "Including" means including but not limited to the referenced subject.

9. "And" and "or", as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these requests any information that might be deemed outside their scope by any other construction.

10. "All" and "any" mean both each and every.

11. "Relating to," "related to," and "referring to," shall mean, without limitation, in any way constituting, mentioning, referring to, referencing, describing, summarizing, evidencing, listed, indicating, relevant to, demonstrating, regarding, tending to prove or disprove, containing, reflecting, concerning, pertaining to, analyzing, explaining, or in any way logically or factually connected with the matter discussed.

## MATTERS FOR EXAMINATION

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant identifies the following matters for examination:

1. Efforts by Kove to attract investors based on potential proceeds and outcome of this litigation.

2. The identification and contents of any Investment Memorandum.

3. The purpose of any Investment Memorandum and the circumstances surrounding its creation, including when it was created, all persons involved in its creation and drafting, its contents, and the content of any appendices, and why it was created and drafted.

4. The identity of all third parties who received any Investment Memorandum and details regarding distribution of the Investment Memorandum to any third party.

5. The identity of each third party, if any, that made any investment in Kove and/or provided funds to John Overton that involved the proceeds or potential proceeds, in whole or in part, in this litigation.

6. Any communications and meetings between Kove and/or John Overton and any third parties regarding any Investment Memorandum and/or any investment involving the proceeds or potential proceeds, in whole or in part, of this litigation.

7. Kove's and/or John Overton's meetings with Burford Finance, GS Capital, Validity Capital, or any other third party, regarding this litigation, including any discussions regarding any Investment Memorandum or any investment involving the proceeds or potential proceeds, in whole or in part, of this litigation.

8. The identification and contents of any Value-Added Reseller Agreements entered into, negotiated, or considered between Kove and any third party and the circumstances of the agreement, including all negotiations and discussions related to the agreement.

9. Any actions taken by Kove or third parties as a result of, or pursuant to, any Value-Added Reseller Agreements, including the sale, distribution, license, offer to sell, or offer to license, of any products.

10. The identification and contents of any Master Service Agreements entered into, negotiated, or considered between Kove and any third party and the circumstances of the agreement or potential agreement, including all negotiations and discussions related to the agreement or potential agreement.

11. Any actions taken by Kove or any third party as a result of, or pursuant to, any Master Services Agreements, including the sale, distribution, license, offer to sell, or offer to license of any products.

12. The existence, location, custodians, retention, collection, and production of documents responsive to the document requests propounded on Kove in this litigation, including

the search and collection of documents from Kove's current and former employees and any other documents under Kove's possession, custody, or control.

13. Any agreement, whether oral or written, with any third party that involves any reimbursement or payment, in whole or in part, in relation to funding this litigation, including any agreements to fund any portion of the costs for this litigation other than an agreement with Reichman Jorgensen.

14. Any agreement, whether oral or written, with any third party that involves any payment to Kove and/or John Overton which Kove and/or John Overton is obligated to (or otherwise will) repay, with or without interest or a bonus, with the proceeds or potential proceeds obtained from either the settlement of, or any damages collected as a result of, this litigation.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2021, I caused a true and correct copy of the foregoing:

**DEFENDANT'S RULE 30(b)(6) NOTICE OF DEPOSITION TO PLAINTIFF KOVE IO, INC.** to be served on all counsel of record via electronic mail.

*/s/ Jeffrey M. Saltman*
Jeffrey M. Saltman