# Exhibit L

# FISCH SIGLER LLP

5301 Wisconsin Avenue NW | Fourth Floor | Washington, DC 20015 USA

June 30, 2021

**Elizabeth Bernard**
*Attorney*
Elizabeth.Bernard@FischLLP.com
Direct: +1.202.362.3529
Main:  +1.202.362.3500

**VIA EMAIL**

Jaime F. Cardenas-Navia
Reichman Jorgensen Lehman & Feldberg LLP
750 Third Avenue, Suite 2400
New York, NY 10017
jcardenas-navia@reichmanjorgensen.com

Taylor Mauze
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
tmauze@reichmanjorgensen.com

Re:  *Kove IO, Inc. v. Amazon Web Services, Inc.*
Case No. 18-cv-8175 (N.D. Ill.)

Dear Counsel:

Thank you for your June 16 letters.[1] I write primarily in response to the portions addressing AWS's Fed. R. Civ. P. Rule 30(b)(6) topics and Kove's corresponding objections to their scope.[2] AWS disagrees with several of Kove's June 15 meet and confer summary points relating to Topics 7-9 and 11-13 of AWS's October 6, 2020 Rule 30(b)(6) notice ("October Notice"). And AWS disagrees that the topics in its February 2, 2020 Rule 30(b)(6) notice ("February Notice") and October Notice are largely overlapping. AWS also addresses Kove's document production below.

**The Parties' June 15 Meet and Confer Discussion Regarding the October Notice Topics**

Kove states that, with respect to Topic 7, "AWS clarified that 'development of the inventions' means 'concepton and reduction to practice.'"[3] Kove is mistaken, however, since AWS didn't limit Topic 7's scope so narrowly. Rather, AWS agreed that the alleged conception and reduction to practice of the inventions will likely be the focus of testimony under that topic. AWS

---

[1] I address both Kove's June 16 Mauze Letter to Saltman and Bernard and Kove's June 16 Cardenas-Navia Letter to Saltman below.

[2] AWS has already addressed some portions of Kove's June 16 Mauze Letter to Saltman and Bernard. *See* June 2, 2021 Saltman Letter to Adler and June 18, 2021 Bernard Letter to Mauze (addressing Kove's deposition notice to Andrew Jassy and Kove's identification of him as an ESI custodian); June 23, 2021 Bernard Letter to Mauze (addressing Kove's June 10, 2021 A. Vermeulen deposition follow-up letter); June 24 Saltman email to Cardenas-Navia (addressing AWS's supplementation of its interrogatory responses). AWS won't repeat that information here.

[3] June 16 Mauze Letter to Saltman and Bernard, at 3.

FISCH SIGLER LLP

- 2 -

also intends to explore the remaining aspects of the topic's full scope, including, but not limited to diligence between the alleged conception and reductions to practice and further development after the alleged inventions were reduced to practice.

With respect to Topic 8, AWS again confirms that it's "most interested in the financial condition of the companies at or around the time of the hypothetical negotiation up through the damages period."[4] Further, to be clear, AWS's confirmation of what it's most interested in and the focus of the deposition on this topic doesn't preclude its ability to explore the full scope of relevant, non-privileged information under Topic 8.

Kove also states that Arctide "factually" isn't a predecessor company, despite not objecting to AWS's definition of "predecessor entities," which explicitly includes Arctide.[5] Please confirm Kove's position is that Arctide isn't a predecessor company to Kove, the plaintiff, and that it's a third-party in this case.

AWS didn't confirm that "'history' is superfluous"[6] in Topic 9. Instead, "history" captures AWS's intent to explore Kove's corporate structure and organization, beginning with the corporate structure and organization of each of Kove's predecessor companies through the present. Please confirm Kove will provide a witness who can address the full scope of that information.

AWS disagrees that Topics 11-13 are limited in scope to only those products Kove believes embody the the patents-in-suit.[7] AWS is entitled to the discovery required to determine whether each of the products identified by either party is an embodiment of the asserted claims, notwithstanding Kove's position on the issue.[8] AWS is entitled to probe Kove's corporate representative regarding this information and the documents Kove has produced so that it may assess whether any of those additional products embody the claimed subject matter. Please confirm that Kove's witness on topics 11-13 will be prepared to address their full scope.

---

[4] June 16 Mauze Letter to Saltman and Bernard, at 3.

[5] June 16 Mauze Letter to Saltman and Bernard, at n2.

[6] *Id*. at 3.

[7] *Id*.

[8] *Compare* Kove's Supplemental Reponse to Interrogatory Nos. 10 and 18 *with* AWS's Supplemental Response to Interrogatory No. 20. *See also, Lucas-Milhaupt, Inc. v. Bellman-Melcor, LLC*, No. 11 C 7557, 2012 WL 101261956, at *5 (N.D. Ill. May 12, 2012) (requiring patentee to produce information that "will reasonably allow Defendant to determine whether [patentee's] products practice the patented invention").

**The Topics in the February Notice and the October Notice Aren't Overlapping**

      Kove asserts that many of the topics in the February Notice and the October Notice are "largely overlapping" and provides a table attempting to show "corresponding" topics.[9] AWS disagrees. AWS notes that Kove doesn't contend that Topics 1-5 and 8-16 in the February Notice cover subject matter that isn't relevant to the claims and defenses in this litigation. Nor could it. Rather, Kove requests that AWS "explain with specificity what matters for examination (if any) [it] intends to cover" under the listed February Notice topics that aren't included within the October Notice topics.[10] AWS intends to cover relevant, non-privileged information within the scope of each of the listed February Notice topics. And Kove is required to properly prepare its witnesses to testify as to the relevant, non-privileged information within their full scope. Kove can lodge objections where appropriate, but AWS isn't required to preview the specific areas it intends to cover. And AWS isn't over its limit of 30(b)(6) topics and so can include the February 30(b)(6) in those it intends to cover with Kove's corporate designee.[11]

      Moreover, Kove's table matching allegedly "corresponding" topics in the two notices isn't accurate. By way of example, topic 1 in the February Notice is "[t]he Asserted Patents and Related Patents."[12] Kove "matched" this topic with topics 13 and 15 in the October Notice. Those topics relate to patent marking and damages and so aren't equivalent to topic 1 in the February Notice.[13] The same is true of most of the other "corresponding" topic matches.[14] Thus, AWS disagrees that it's required to provide justification for seeking corporate testimony within the scope of its February and October Notices. Further, Kove's assertion that AWS must do so conflicts with Kove's own practices in serving overlapping Rule 30(b)(6) topics.[15]

---

[9] June 16 Cardenas-Navia Letter to Saltman, at 1.

[10] *Id.*

[11] As discussed previously, AWS's October 30(b)(6) Notice supersedes its August Notice.

[12] AWS's February Notice, at 3.

[13] AWS's October Notice, at 8.

[14] *Compare* AWS's February Notice Topic 8, at 4 to AWS's October Notice Topics 11 and 13, at 8; AWS's February Notice Topic 9, at 4 to AWS's October Notice Topics 8 and 9, at 8; AWS's February Notice Topic 10, at 4 to AWS's October Notice Topics 6 and 9, at 7-8. These aren't exhaustive examples.

[15] *See, e.g.*, Kove's Topic Nos. 1 and 36 both seek testimony on the operation of the Relevant Features; Kove's Topic Nos. 23 and 81 both seek testimony with respect to comparisons between the Accused Products and competitors' products; Kove's Topic Nos. 37 and 54 both seek testimony relating to telemetry data and usage of the Relevant Features over the Relevant Time

(continued...)

**FISCH SIGLER** LLP

- 4 -

So all of AWS's Rule 30(b)(6) notice topics from its February and October Notices remain operative. And Kove should prepare a corporate witness to testify with respect to their full scope.

**Kove's Improper Insertion of "Kove" as Custodian**

In response to AWS's request during the June 15 meet and confer, Kove "explained that all production made under the 'Kove' custodian [was] produced from materials and persons in the possession, control, and direction or Kove."[16] But Kove's designation of the custodian as "Kove" for large portions of its production deprives AWS of being to determine who provided the documents or where they were located. Thus, AWS can't effectively prepare for the deposition of Kove or any of its employees. So unsurprisingly, Kove's practice doesn't comply with the case law that requires a party to include "the identity of the custodian or person from whom the documents were obtained."[17] To the extent Kove is aware of the specific persons who supplied any of the 2,066 documents that designate "Kove" as the custodian, please provide a list of such information by Bates number. Please let me know by July 6 whether Kove will update its production to identify the proper custodian for documents labeled with "Kove" as the custodian.

AWS has responded to Kove's correspondence in a timely manner and has addressed each of the issues raised. AWS looks forward to Kove's responses to the deficiencies raised in Kove's production and discovery responses, as well as Kove's supplemental interrogatory responses. Thank you.

Sincerely,

*Elizabeth Bernard*

Elizabeth Bernard

---

Period; Kove's Topic Nos. 40 and 45 both seek testimony relating to accounting practices. These aren't exhaustive examples.

[16] June 16 Mauze Letter to Saltman and Bernard, at 2.

[17] Fed. R. Civ. P. 34(b)(2)(E)(i) (requiring production of documents as they're kept in the ordinary course of business or organized and labeled by category of request). Since Kove's production isn't organized and labeled by category of request, the documents need to be produced as they're kept in the ordinary course of business. This requires Kove to "[a]t a minimum… provide information about each document which ideally would include, in some fashion, the identity of the custodian or person from whom the documents were obtained…" *Pass & Seymour, Inc. v. Hubbell Inc.*, 255 F.R.D. 331, 337 (N.D.N.Y. 2008).