**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| Kove IO, Inc., | Civil Action No. 1:18-cv-08175 |
| Plaintiff, | Hon. Rebecca R. Pallmeyer |
| v. | Hon. Sheila M. Finnegan |
| Amazon Web Services, Inc., | Magistrate Judge |
| Defendant. | Jury Trial Demanded |

**KOVE IO, INC.'S OPPOSITION IN PART TO AMAZON WEB SERVICE'S
MOTION TO MAINTAIN UNDER SEAL LIMITED PORTIONS OF
THE COURT'S OCTOBER 15, 2021 ORDER**

Kove IO, Inc. hereby opposes in part Amazon Web Services, Inc.'s Motion to Maintain Under Seal Limited Portions of the Court's October 15, 2021 Order.

The Court's October 15, 2021 Order granted in part and denied without prejudice in part Kove's Motion to Compel Discovery of Andrew Jassy. Dkt. 351. The Order was originally entered under seal. Dkt. No. 441. The Order referred to specific facts AWS chose to provide in support of its arguments (Dkt. 361 at *e.g.*, 5, FN 19, 7, FN 20, FN 64), including "hit count" values associated with searches that were run on electronically stored information, such as emails. AWS seeks to redact, *inter alia*, those hit count values from the Court's Order.[1] Dkt. 442; Dkt. 442-2 (Ex. B at pages 5, 7, FN 1). Kove's objections are limited to those particular values; Kove does not object to the other information AWS wants to redact.

The Seventh Circuit holds that "there is a strong presumption in the United States that documents filed in court be open to the public." *Union Oil Co. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000); *see also In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010) ("Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality."). "A party seeking [to file a document under seal] must explain how disclosure would cause harm and why the harm predicted warrants secrecy." *Caprarola v. Helzberg's Diamond Shops, Inc.*, No. 13 C 6493, 2014 WL 12936983, at *3 (N.D. Ill. May 1, 2014) (citation omitted): *see also* LPR26.2(e) (redactions can only be made to public records for "good cause shown").

AWS's reasons for redacting the hit count values do not rise to the level of good cause required to keep them from the public. The only support AWS provides is a statement from its Senior Corporate Counsel saying "[t]he search 'hit' counts from AWS's searches of its custodians'

---

[1] Kove did not file a motion to maintain any of the information in the Court's Order under seal.

1

emails should remain confidential as they reflect AWS's internal process for ESI collection and the results of that collection which, if revealed, could prejudice AWS in potential future cases." Dkt. 442-1 (Ex. A at ¶ 3). This, however, is not sufficient reason to seal these numbers from the public, in part because there is no discernable correlation between "AWS's internal process for ESI collection" and the "hit count" values or how such values, if made public, could "prejudice AWS in potential future cases." This Court has found speculative allegations of future risk due to disclosure insufficient to justify sealing. *Kotoklo v. Robert Karpinski & Depaul Univ.*, No. 20-cv-0635, 2021 WL 4516362, *2 (N.D. Ill. Apr. 12, 2021) (finding "a desire to avoid 'embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records'") (internal citations omitted); *see also Saunders v. City of Chicago*, No. 12-cv-9158, No. 12-cv-9170, No. 12-cv-9184, 2017 WL 3082036, at *5 (N.D. Ill. July 19, 2017) (finding "risk of unfair and inaccurate media attention" insufficient basis to seal). In addition, AWS's inclusion of hit counts in its brief opposing Kove's Motion to Compel appear to have affected the Court's decision to deny the motion in part without prejudice, giving rise to a presumption of public access as to that information, which AWS has not overcome. *City of Greenville, Ill. v. Syngenta Crop Prot., LLC*, 764 F.3d 695, 697 (7th Cir. 2014) ("Documents that affect the disposition of federal litigation are presumptively open to public view ... unless a statute, rule, or privilege justifies confidentiality.") (quoting *In re Specht,* 622 F.3d 697, 701 (7th Cir.2010)).

For these reasons, AWS's Motion to redact hit count values from the Court's October 15, 2021 Order should be denied.

| | |
|---|---|
| Dated: October 25, 2021 | Respectfully submitted, |
| | /s/ *Khue V. Hoang* |

| | |
|---|---|
| Khue V. Hoang *(pro hac vice)* <br> khoang@reichmanjorgensen.com <br> Jaime Cardenas-Navia *(pro hac vice)* <br> jcardenas-navia@reichmanjorgensen.com <br> Michael W. Marvin *(pro hac vice)* <br> mmarvin@reichmanjorgensen.com <br> REICHMAN JORGENSEN LEHMAN & FELDBERG LLP <br> 750 Third Avenue, Suite 2400 <br> New York, NY 10017 <br> Telephone: (212) 381-1965 <br> Facsimile: (650) 623-1449 | Renato Mariotti (State Bar No. 6323198) <br> rmariotti@thompsoncoburn.com <br> Holly H. Campbell (State Bar No. 6320395) <br> hcampbell@thompsoncoburn.com <br> THOMPSON COBURN LLP <br> 55 E. Monroe St., 37th Floor <br> Chicago, IL 60603 <br> Telephone: (312) 346-7500 <br> Facsimile: (312) 580-2201 |
| Christine E. Lehman *(pro hac vice)* <br> clehman@reichmanjorgensen.com <br> Adam Adler *(pro hac vice)* <br> aadler@reichmanjorgensen.com <br> Phil Eklem *(pro hac vice)* <br> peklem@reichmanjorgensen.com <br> REICHMAN JORGENSEN LEHMAN & FELDBERG LLP <br> 1710 Rhode Island Ave, NW, 12th Floor <br> Telephone: (202) 894-7310 <br> Facsimile: (650) 623-1449 | Courtland L. Reichman *(pro hac vice)* <br> creichman@reichmanjorgensen.com <br> Shawna L. Ballard (Identification No. 155188) <br> sballard@reichmanjorgensen.com <br> Kate M. Falkenstien *(pro hac vice)* <br> kfalkenstien@reichmanjorgensen.com <br> Karlanna M. Lewis *(pro hac vice)* <br> klewis@reichmanjorgensen.com <br> Taylor Mauze *(pro hac vice)* <br> tmauze@reichmanjorgensen.com <br> REICHMAN JORGENSEN LEHMAN & FELDBERG LLP <br> 100 Marine Parkway, Suite 300 <br> Redwood Shores, CA 94065 <br> Telephone: (650) 623-1401 <br> Facsimile: (650) 623-1449 |
| | **ATTORNEYS FOR PLAINTIFF KOVE IO, INC.** |

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of October, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*Khue V. Hoang*
Khue Hoang
