IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., *Plaintiff*, v. AMAZON WEB SERVICES, INC., *Defendant*. | Case No. 1:18-cv-8175 |

### AWS'S REPLY IN SUPPORT OF MOTION TO COMPEL SUFFICIENT TIME TO DEPOSE JOHN K. OVERTON AND NON-EMAIL ESI DOCUMENTS

Alan M. Fisch
alan.fisch@fischllp.com
R. William Sigler
bill.sigler@fischllp.com
Jeffrey M. Saltman (*pro hac vice*)
jeffrey.saltman@fischllp.com
Lisa Phillips (*pro hac vice pending*)
lisa.phillips@fischllp.com
Adam A. Allgood (*pro hac vice*)
adam.allgood@fischllp.com
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Fourth Floor
Washington, DC 20015
202.362.3500

*Attorneys for Amazon Web Services, Inc.*

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 2

    A. Kove's Opposition Confirms That AWS's Request for an Additional Day to Depose Overton Is Warranted. ...................................................................................2

    B. The Court Should Grant AWS's Request to Compel Unproduced ESI ........................6

    C. Kove's Response Confirms That the Court Should at Least Required Kove to Identify the Individuals Associated with Its "Kove" Custodian Documents. ................9

III. CONCLUSION ................................................................................................................... 11

I.     **INTRODUCTION**

Federal Rule of Civil Procedure 30(d)(1) provides that courts "must allow additional time" for a deposition "if needed to fairly examine the deponent." Here, Kove's Response confirms that AWS's modest request for an additional day to depose Dr. Overton is necessary to ensure that AWS can fairly examine him. Kove confirms that Overton is Kove's sole designee on all substantive AWS Rule 30(b)(6) topics, and the principal Kove witness on all facts relating to the three asserted patents and all attempts to license or commercialize those patents. Indeed, Kove acknowledges that, as its "CEO and an inventor of the patents-in-suit, Dr. Overton possesses detailed knowledge of the company and most of the facts relevant to this case."[1]

Kove's Response also asserts that AWS's request to compel non-email ESI is moot. But Kove's recent document production confirmed that's not so. That production showed that Kove failed to produce non-email ESI from its relevant custodians, and still hasn't complied with its obligations under the Federal Rules to search for and produce such documents.[2] Indeed, AWS's first deposition of a Kove witness (Keith Connolly) confirmed that Kove never searched his computer. And when Kove recently did so, it found additional relevant documents, some of which Connolly had described at his deposition.[3] Kove also hasn't produced documents from the computers of two other custodians (Andy Poling and Brian Toonen). And Kove continues to ignore its obligation to identify the individuals associated with the documents it produced and tagged with the "Kove" custodian, despite its Response indicating that Kove has such

---

[1] Dkt. 434 at 5.

[2] AWS's motion focused on the five custodians that, based on Kove's representations, are likely to have relevant information: Overton, Stephen Bailey, Andy Poling, Brian Toonen, and Keith Connolly. There may be additional custodians as well.

[3] *See* Dkt. 434 at 14. For example, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Dkt. 392-13 at 44:18. After AWS's Motion, Kove searched his computer and produced ▇▇▇▇. *See* Ex. M.

1

information.[4] Kove doesn't explain why it refuses to provide it, despite AWS's requests in the present motion and repeatedly before that.[5]

Thus, for the reasons detailed here and in AWS's motion, this Court should grant AWS an additional day to depose Overton, compel Kove to produce all relevant non-email ESI documents from its custodians, and compel Kove to identify the individuals associated with its "Kove"-tagged documents.

## II.  ARGUMENT

### A.  Kove's Opposition Confirms That AWS's Request for an Additional Day to Depose Overton Is Warranted.

Federal Rule of Civil Procedure 30(d)(1) provides a default of seven hours for each individual and 30(b)(6) deposition. Of course, that default limit isn't set in stone.[6] Where, as here, a party designates one witness to respond to most or all 30(b)(6) topics, courts often grant reasonable requests to extend the default time limit. This Court did so in *Canal Barge Co. v. Commonwealth Edison Co.*[7] Likewise, in *Brennan v. Ford Motor Co.*, the District of New Mexico granted additional time beyond "the default durational limit," where the "the corporate representative [was] a single witness for all topics."[8] And AWS's request for similar relief is warranted here.

---

[4] *See* Dkt. 434 at 14 (Kove stating that it didn't find "unique" or "non-duplicative documents" when searching Poling's computer, but not identifying which documents duplicative of the "Kove"-tagged documents it found, which would've likely been prepared by or associated with this witness).

[5] *See*, *e.g.*, Dkt. 392 at 12 ("[I]f Kove has already searched for and produced these documents…, this Court should require Kove to comply with its obligations under Rule 34(b)(2)(E)(i) and identify where these documents came from and who prepared them."); *id*. at 13 (similar).

[6] Even *United States Sec. & Exch. Comm'n v. Kandalepas*, which Kove quotes and discusses in its brief, describes the seven-hour limit as a "default." No. 18-cv-2637, 2018 WL 4005201, at *1 (N.D. Ill. Aug. 22, 2018); *see also*, *e.g.*, Fed. R. Civ. P. 30, Comment on 2000 Amendment ("It is expected that in most instances the parties and the witness will make reasonable accommodations."); Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2103 (3d ed.) (noting that the rules don't provide clear directions for all scenarios).

[7] *See* Dkt. 392 at 8 (citing No. 98-cv-509, 2001 WL 817853, at *3–4 (N.D. Ill. July 19, 2001)).

[8] No. 14-cv-6, 2016 WL 10592217, at *3 (D.N.M. Feb. 1, 2016); *accord Unknown Party v. Arizona Bd. of Regents*, No. 18-cv-1623, 2021 WL 2291380, at *1 (D. Ariz. June 4, 2021).

Contrary to Kove's arguments, AWS's Motion detailed the many reasons why this Court should grant AWS's request.[9] As AWS explained, Kove designated Overton on 38 of 41 AWS Rule 30(b)(6) topics.[10] About a year before Kove did so, AWS also had noticed Overton's individual deposition. Kove's brief doesn't dispute that Rule 30(d)(1)'s default provision applies to both the individual and Rule 30(b)(6) depositions, presumptively giving AWS a total of 14 hours.[11] But Kove refused to agree to more than that.[12] That refusal ignores that Overton is a named inventor on all three asserted patents. He was personally involved in the formation of Kove and its predecessors, all efforts to license or commercialize those patents, and the prior sales and purchases of the patents.[13] Most of Kove's 25 interrogatory responses refer to Overton and relevant personal knowledge that he alone possesses.[14]

Kove's Response doesn't dispute these facts; rather, it confirms that Overton is the principal Kove witness on all facts relating to the asserted patents and Kove activities.[15] As noted,

---

[9] *See* Dkt. 392. For instance, Kove's brief begins by stating that "AWS does not even cite the 'good cause' standard." Dkt. 434 at 1. That's incorrect, as AWS's motion quoted the "good cause" statement that Kove now relies on. *Compare* Dkt. 392 at 7, n.32. Moreover, "good cause" appears only in a Committee Comment. AWS thus also quoted the controlling language of the Rule, which states that the Court "must allow additional time … if needed to fairly examine the deponent." Fed. R. Civ. P. 30(d)(1).

[10] Dkt. 392-7 at 3 (June 7, 2021 Kove email designating Overton for all 41 AWS topics); Dkt. 392-9 at 1 (Aug. 13, 2021 Kove email changing its designee to Poling on three topics). AWS's motion attached AWS's Rule 30(b)(6) notices listing these 41 topics. *See* Dkt. 392-4, 392-5, & 392-6. Kove's Response also attached identical, redundant copies. *See* Dkt. 434-8, 434-9, & 434-10.

[11] *See, e.g.*, Dkt. 434 at 5 ("Kove has even compromised by offering that the entire 14 hours can be for both Rule 30(b)(6) questions and Rule 30(b)(1) questions – *i.e.*, Kove is not insisting that it is a separate seven hours for each."); *see also* Dkt. 392 at 6 (noting it's well established that a witness may sit for both an individual deposition and a Rule 30(b)(6) deposition, each with a separate seven-hour limit).

[12] *E.g.*, Dkt. 392-7 at 1–2 (June 11, 2021 Kove email); Dkt. 392 at 3 (citing follow-up communications).

[13] *See* Dkt. 392 at 1; Dkt. 361-4 at 2 (Kove's Rule 26 disclosures).

[14] *See* Dkt. 392 at 1 (noting that this includes Kove's responses to AWS Interrogatories Nos. 1–2, 6, 8, 10–13, 15–20, and 22, and quoting two exemplary responses attached as exhibits).

[15] These activities include ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g., id.* (quoting Kove interrogatory response relating to licensing); Dkt. 1 at ¶ 3 (Kove alleging in complaint that it's "small, innovative product company" that "sells

3

Kove acknowledges that as CEO and an inventor of the patents-in-suit, Dr. Overton possesses detailed knowledge of the company and most relevant facts.[16]

In addition to the breadth of Overton's knowledge and Kove's designation of him on all substantive (i.e., non-discovery) Rule 30(b)(6) topics, AWS's Motion explained that basic notions of fairness further supported its request. Kove has served 90 Rule 30(b)(6) topics that will require AWS to designate at least 10 total employees to testify.[17] Yet Kove refused more than 14 hours for Overton, the same amount of time Kove received to depose just one AWS witness, ▮▮▮▮.[18] And Kove would receive the same amount of time for any other AWS designee that Kove deposes in an individual capacity.[19] For all these reasons, as further detailed in AWS's Motion, there's good cause for AWS's request for additional time.

And Kove fails to refute that showing. Kove attempts to rely on the apex doctrine, but that contradicts Kove's arguments in its motion to compel discovery from Andy Jassy, CEO of AWS's parent, Amazon.com.[20] And Kove's comparison of Overton to Jassy is apples to oranges. Overton is an inventor on the asserted patents. As in *Dyson, Inc. v. Sharkninja Operating LLC*, a case that Kove relied on in its motion to compel, "there is no doubt that [Overton] possesses

---

hardware and data management technology" and is "competing in a field of behemoths, like AWS").

[16] Dkt. 434 at 5.

[17] *See* Dkt. 392 at 7. To the extent that the AWS topics for which Kove designated Overton are duplicative, as Kove argues, this merely highlights the greater discovery burden that AWS has shouldered, and the lengths that AWS has gone to accommodate Kove's demands. *See id.*

[18] *Id.* ▮▮▮▮.
Dkt. 434 at 9. ▮▮▮▮

[19] Kove argues that despite Sorenson's knowledge, Kove deposed him "for less than 14 hours." Dkt. 434 at 9. It wasn't less by much, though. And Sorenson also has answered written deposition questions in connection with the Court's resolution of a previous discovery dispute.

[20] *Compare* Dkt. 434 at 1, 7–8 (describing Overton's important role within the company, which precludes him from sitting for a lengthy deposition) *with* Dkt. 351 at 14 (arguing "Jassy's business responsibilities do not make his deposition sufficiently burdensome").

relevant information."[21] Jassy doesn't arguably possess comparable information.[22] And many employees, shareholders, other companies, and members of the public (e.g., those who rely on its platforms to sell products or host websites) are impacted by Jassy's job performance. Regardless of how critical Overton may be to Kove, he can't say the same, if only for the reason that Kove's current activities mostly are related to this case.[23] Thus, Kove's apex-doctrine argument lacks merit.

Kove's suggestion that AWS should wait and see whether it needs more than 14 hours also lacks merit. Kove principally relies on *U.S. Sec. & Exch. Comm'n v. Kandalepas*, where this Court distinguished *Canal Barge* (which preemptively granted additional time) on the basis that the *Canal Barge* "motion to extend the deposition time concerned a Rule 30(b)(6) deposition," and many substantive topics.[24] Further, unlike *Canal Barge*, this Court noted in *Kandalepas* that the government had already questioned the witness "for many hours in connection with its preliminary investigation."[25] The present case resembles *Canal Barge* more than *Kandalepas*. Moreover, *Kandalepas* emphasizes that whether to grant additional time "depends heavily on the circumstances of each case."[26] Here, unlike in *Kandalepas* or *Canal Barge*, the parties are nearing the end of a thirty-plus-month discovery period. And AWS was obligated to comply with a

---

[21] No. 1:14-cv-779, 2016 WL 1613489, at *2 (N.D. Ill. Apr. 22, 2016).

[22] *Cf. id.* (noting that drawings produced by Dyson's CEO "suggest[ed] that he had a hands-on role in the development of the products in this suit"); Dkt. 434 at 13, n.17 ("Kove employees other than Dr. Overton have little if any knowledge that is relevant to this lawsuit.").

[23] Although Kove's representations haven't been consistent on this topic, Kove's Response states that it "has not been commercializing the technology of the patents-in-suit for the last 15 years." Dkt. 434 at 13. Additionally, as noted, Connolly's duties at Kove included meeting with third-party litigation funders.

[24] No. 18-cv-2637, 2018 WL 4005201, at *3 (N.D. Ill. Aug. 22, 2018).

[25] *Id.*

[26] *Id.*

5

Court deadline for bringing motions to compel.[27] For these reasons, among others,[28] AWS's request here for additional time in advance of Overton's deposition is warranted.

### B. The Court Should Grant AWS's Request to Compel Unproduced ESI.

The Court also should grant AWS's request to compel Kove's unproduced non-email ESI, as Kove still hasn't complied with its obligations under the Federal Rules to search for and produce these documents from its custodians. Kove contends that it was only required to conduct a reasonable search of locations that it deemed "reasonably likely" to contain relevant information.[29] But that argument lacks merit, particularly given the circumstances here. Before this motion, Kove refused to "further detail counsel's procedures in performing reasonable searches," arguing that such disclosure "is only appropriate when 'one party's discovery compliance has reasonably been drawn into question.'"[30] Given Connolly's deposition and other information that's come to light, Kove's compliance has been drawn into question. And contrary to what Kove contends, as further detailed below, Kove's failure to produce non-email ESI documents isn't moot.

Here, during AWS's first deposition of a Kove witness, Kove Business Manager Keith Connolly ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[31]

---

[27] Dkt. 392 at 9 (citing the latest, relevant Amended Scheduling Order and Minute Entry at that time).

[28] For instance, Kove's arguments ignore the realities of planning and taking a deposition. If AWS might be limited to 14 hours, AWS wouldn't be able to follow-up on or explore topics in the same way as if an additional day (if necessary) was confirmed. And this would be prejudicial given the importance of the witness and Kove's designation of him on all substantive AWS 30(b)(6) topics. Also, AWS previously noted that "Kove's speaking objections and witness coaching" caused significant delays in the Connolly deposition. Dkt. 392 at 9. *Kandalepas* states that such conduct is another circumstance that can warrant additional deposition time. 2018 WL 4005201, at *2. And in addition to the above, AWS's modest request is half what this Court granted in *Canal Barge* (i.e., two extra days for 30(b)(6) topics in that case).

[29] Dkt. 434 at 11.

[30] Dkt. 392-10 at 2 (quoting *Gross v. Chapman*, 2020 WL 4336062, at *2 (N.D. Ill. July 28, 2020)).

[31] *See* Dkt. 392-13 at 45:19–22. Later, at the meet-and-confer on August 27, 2021, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Dkt. 392 at 5, 11.

███████████████████████████████████████████

███████████████████████████████████████[32] But Kove's production hadn't included the documents Connolly described (e.g., ██████).[33] Two weeks ago, after AWS's Motion raised the issue, Kove finally searched for and produced at least some documents from Connolly's work laptop.[34]

That production confirms that Kove's custodians have relevant non-email ESI documents on their laptops.[35] For example, ████████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████████████.[36] ████████████████████████████████████ ███████████████████████████.[37] AWS didn't have the opportunity to question Connolly about these at his deposition. AWS also intends to investigate whether, due to Kove's failure to search Connolly's computer until now, or any failure to search his previous work laptops, other such relevant documents weren't preserved.

In addition, Kove hasn't produced documents from the computers of two other custodians (Toonen and Poling). Regarding Toonen, Kove contends that he no longer works for Kove and

---

[32] Dkt. 392-13 at 44:14–20, 47:6–8.

[33] *See* Dkt. 392 at 5–6.

[34] *See* Dkt. 434 at 14 (Kove stating that its recent search of Connolly's laptop found 26 new documents). As noted, this production included an NDA, which related to Amazon. *See* n. 3, *supra*.

[35] Kove's recent production also belies Kove's assertions that it conducted a reasonable search. As noted, Kove identified five ESI custodians likely to have relevant information. According to Kove, Connolly and Poling are the only two who are employees, other than Overton. It isn't burdensome or unreasonable for Kove to search for locally stored information on the laptops of two employees it identified. And if Kove had asked Connolly the basic questions that AWS did at his deposition, then Kove should've known that its production was missing Connolly's locally stored documents.

[36] Ex. N.

[37] Ex. O.

they can't search his personal devices.[38] But Kove should've preserved and should be able to search his work laptop. Indeed, Kove produced emails ▮▮▮▮▮  ▮▮▮▮▮.[39] And even if Toonen left Kove shortly before the December 2018 case filing, Kove's privilege log ▮▮▮▮▮ ▮▮▮▮▮.[40] In its response, Kove for the first time indicated that it may not have maintained those documents. To the extent it hasn't, it could have spoliation implications to the extent those documents weren't maintained elsewhere.

For Poling, Kove states that it hasn't located any non-duplicative documents on his laptop.[41] But before AWS's Motion, Kove repeatedly refused to provide any information about the searches it had conducted for ESI. Only now does Kove's Response claim that Kove searched Poling's and Connolly's work laptops. At best, it's unclear that Kove's belated searches uncovered all relevant documents responsive to AWS's discovery demands. Notably, Connolly testified that ▮▮▮▮▮.[42] ▮▮▮▮▮.[43] But Kove doesn't state that it has done so. And AWS hasn't had an opportunity to depose Poling on these issues.

---

[38] Dkt. 434 at 13.

[39] Ex. P (▮▮▮▮▮); see also Ex. Q (▮▮▮▮▮).

[40] Ex. R at Entry 45.

[41] Dkt. 434 at 14. But the lack of non-email documents with Poling listed as custodian illustrates the problem with producing documents that Poling possesses with "Kove" as custodian. In preparing to depose Poling, AWS wouldn't be able to associate any documents that are on his laptop and so wouldn't be able to fully depose him on the scope of those documents.

[42] Dkt. 392-13 at 47:12–48:15. This is another instance where Kove's counsel interposed speaking objections that obstructed the fair examination of this witness. *See id*.

[43] *See id*. (▮▮▮▮▮).

Further, as explained in the briefing of Kove's pending motion for a protective order, Connolly ████████████████████████████████████████████████████████████████████████████████████████. But Kove has refused to produce those documents that it considers related to ████████████. This came to light in connection with Connolly's deposition, when Kove clawed back two such documents. Only afterward did Kove add them to its privilege log. And Kove's pending motion for a protective order suggested there are other such documents that Kove hasn't searched for or noted on any log, stating:

> Kove provided the updated log as to these two documents only because they were the subject of a specific dispute at the deposition .... Kove has no obligation to log irrelevant documents.[44]

Given the above and Connolly's duties, he likely has documents relating to litigation funding on his computer. Thus, if the Court declines to grant Kove a protective order, the Court should order Kove to search for and produce those documents.

### C. Kove's Response Confirms That the Court Should at Least Require Kove to Identify the Individuals Associated with Its "Kove" Custodian Documents.

In AWS's Motion, and beforehand, AWS repeatedly requested information associating the documents tagged with the "Kove" custodian with the individuals who prepared them, or from whom they were obtained, so that AWS could effectively prepare for its depositions of Kove's witnesses.[45] Kove doesn't dispute that it chose to produce these documents as kept in the usual course of business.[46] Thus, Kove was obliged to provide basic information that enables

---

[44] Dkt. 400 at 3. As discussed in the briefing of that motion, the full scope of the ████████████ ████████ Kove withheld is further obscured because Kove precluded AWS from asking questions about other such relevant documents and non-privileged communications with third parties.

[45] *See* Dkt. 392 at 4–5, 11–13; Dkt. 392-11 (June 30, 2021 AWS letter) at 4; Dkt. 392-12 (July 19, 2021 AWS letter) at 1–2; Dkt. 392-10 at 1–2 (Aug. 5, 2021 AWS email).

[46] *See* Dkt. 434 at 9–14; *see also* Dkt. 392 at 9–10; Fed. R. Civ. P. 34(b)(2)(E)(i).

9

AWS to make use of the documents, including the identification information AWS requested.[47] Indeed, AWS cited six cases demonstrating that courts routinely require disclosing parties, like Kove, to identify who prepared documents and provide related information.[48] But Kove didn't cite or attempt to distinguish any of those cases.[49] Nor did Kove cite any contrary law that arguably relieves Kove of its obligations under Rule 34 to produce the requested information.

Instead, Kove claims that there's "no additional custodial information to provide for 'Kove' tagged documents."[50] But as Kove's Response demonstrates, that's incorrect. Specifically, Kove states that it recently searched Connolly's and Poling's laptops, and that it didn't find many "unique" or "non-duplicative" relevant documents.[51] But Kove didn't identify the "Kove" custodial documents that it found were also stored on those laptops, or produce those documents with Connolly or Poling tagged as the relevant custodian. Kove knows, or should know, which "Kove" custodial documents were on Connolly's laptop, and which were on Poling's (or another employee's). Regardless of whether the documents are duplicative, this information could be used to prepare for AWS's depositions of Kove's witnesses. But Kove hasn't explained or supported its continued, blanket refusal to provide any information associating employees with particular documents, despite AWS's repeated requests.

---

[47] *See* Dkt. 392 at 9–10; *Pass & Seymour, Inc. v. Hubbell Inc.*, 255 F.R.D. 331, 334 (N.D.N.Y. 2008) (explaining disclosing party's obligation to provide information on how documents are kept "to allow the requesting party to make meaningful use of [them]," including from whom the documents were obtained); *see also* Fed. R. Civ. P. 34, Committee Note on 2006 Amendment (ESI should be subject to requirements that protect against "production in ways that raise unnecessary obstacles for the requesting party.").

[48] Dkt. 392 at 10, n.50 (citing, *inter alia*, *Pass & Seymour*, *supra*).

[49] *See* Dkt. 434.

[50] *Id*. at 11.

[51] Dkt. 434 at 14. According to Kove, its search "showed no non-duplicative documents from Poling." *Id*. Connolly had 26 documents, 17 of which were created in 2020 and 2021, meaning they did not exist when Kove conducted its original search; the other 9 are cumulative of documents already in AWS's possession.

Moreover, Kove has avoided stating that it lacks metadata or other information allowing it to easily identify who uploaded the "Kove" custodial documents to its servers. Such information is routinely available in cloud computing environments. And regardless, if the realm of "Kove" custodial documents at issue is as limited as Kove claims (i.e., about 200 documents),[52] then it should be no trouble for Kove to determine which of its few custodians or employees produced them (e.g., by asking, during the custodial interviews that Kove conducted).

Accordingly, this Court should at least require Kove to disclose all information identifying who prepared the "Kove" custodial documents, as AWS requested.[53]

## III. CONCLUSION

Given Overton's personal knowledge and designation on 30(b)(6) topics, three days to depose him is reasonable and necessary, as demonstrated above and in AWS's motion. In addition, the Court should require Kove to abide by its Rule 34 obligations. This includes searching and producing non-email ESI, and identifying the individuals associated with the documents that Kove chose to produce as kept in the usual course of business.

---

[52] Kove states that it arrived at this figure by excluding Kove Wikis, Amazon-owned patents, and miscellaneous publicly available documents. Dkt.434 at 10. Due to Kove's refusals to respond to AWS's requests or provide this information earlier, AWS can't confirm that the documents at issue are so limited.

[53] *See*, *e.g.*, Dkt. 392 at 12 ("[I]f Kove has already searched for and produced these documents …, this Court should require Kove to comply with its obligations under Rule 34(b)(2)(E)(i) and identify where these documents came from and who prepared them."); *id*. at 4–5, 11–13.

11

Respectfully submitted,

*/s/ R. William Sigler*
Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Lisa Phillips (*pro hac vice pending*)
*lisa.phillips@fischllp.com*
Adam A. Allgood (*pro hac vice*)
*adam.allgood@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Fourth Floor
Washington, DC 20015
202.362.3500

*Attorneys for Amazon Web Services, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 28, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois, via the CM/ECF system, which will send notice to all counsel of record who have consented to service by electronic means.

                                                    */s/ R. William Sigler*