IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc.,<br><br>               Plaintiff,<br><br>   v.<br><br>Amazon Web Services, Inc.,<br><br>               Defendant. | Civil Action No. 1:18-cv-08175<br><br>Hon. Rebecca R. Pallmeyer<br>Hon. Sheila M. Finnegan<br>Magistrate Judge<br><br>Jury Trial Demanded |

**KOVE IO, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL HARDWARE,
<u>METRICS, & PREDECESSOR PRODUCT INFORMATION</u>**

**TABLE OF CONTENTS**

**Pages**

I. INTRODUCTION ........................................................................................................... 1
II. KOVE'S REQUESTS ARE PROPER ............................................................................ 2
III. KOVE'S REQUESTS ARE TIMELY ............................................................................ 4
IV. THE REQUESTED DISCOVERY IS RELEVANT AND ESSENTIAL TO KOVE'S DAMAGES CASE ......................................................................................................... 5
    a. The Requested Hardware Information is Relevant and Should Be Compelled. .............. 5
    b. The Requested Metrics Information and Kove's Interrogatory No. 14 are Relevant and Should Be Compelled. ................................................................. 6
    c. The Predecessor Product Information is Relevant and Should Be Compelled. .............. 7
V. THE REQUESTED DISCOVERY IS PROPORTIONAL TO THE NEEDS OF THE CASE AND DOES NOT CREATE UNDUE BURDEN. ................................................ 9
VI. CONCLUSION ............................................................................................................. 11

I.      INTRODUCTION

AWS, through various excuses, seeks to evade ordinary discovery obligations. It predicates its continued refusal to produce relevant, proportional documents on a handful of manufactured procedural arguments.

*First*, AWS's allegation that Kove's requests came only through letters is incorrect. Kove's requests were made via formal requests for production under Rule 26. Kove attempted to resolve AWS's objections through correspondence that narrowed Kove's requests to specifically-identified information. Not only did Kove serve formal discovery requests and follow up letters, it repeatedly "met and conferred" with AWS as per LR 37.2.

*Second*, AWS's allegation that the requests were untimely is belied by the facts. The initial requests were served more than *two years* ago, and discovery remains ongoing.

*Third*, there is no legal support for AWS's demand that Kove meet a heightened standard of relevance. Kove has shown that the information requested is directly relevant to claims and defenses in this case. The Federal Rules and Local Rules make plain that discovery need only be calculated to lead to relevant discovery, as balanced against a requirement of proportionality (burden). As narrowed, Kove's requests meet both requirements. The burden shifts to AWS to prove they are improper, and it cannot do so.

*Fourth*, AWS's attempt to demonstrate undue burden ignores the fact that the requests seek only tailored and detailed information that AWS demonstrably keeps in the normal course of business. Through various series of correspondence, Kove has refined its requests to pinpoint the information it needs and knows AWS has; any burden in collecting and producing that information is therefore not undue.

Kove respectfully requests that the Court grant its motion to compel and order AWS to produce the requested information.

**II.     KOVE'S REQUESTS ARE PROPER**

Rule 34 provides that Kove may serve requests that "describe with reasonable particularity each item or category of items to be inspected" and "may specify the form or forms in which electronically stored information is to be produced." Fed. R. Civ. P. 34. Kove's requests do exactly that.

In response to the RFPs at issue, AWS either refused to produce documents for long stretches of time, or agreed to search for and produce documents but without indicating whether it was withholding any responsive documents in violation of Rule 34.[1] Rule 34 requires the producing party to "state whether any responsive materials are being withheld on the basis of [an] objection." Fed. R. Civ. P. 34(b)(2)(C); *State Nat'l Ins. Co., Inc. v. Burns*, 2021 WL 2174478, at *3 (N.D. Ill. Mar. 1, 2021); *Lloyd v. Whirlpool Corp.*, 2020 WL 8115869, at *4 (N.D. Ill. Oct. 27, 2020) (Finnegan, M.J.) ("The Court overrules this general objection since Whirlpool fails to indicate whether it is withholding any responsive documents based on the objection."); *Gabiola v. Mugshots.com*, LLC, 2019 WL 426143, at *2 (N.D. Ill. Feb. 4, 2019) ("Defendants must supplement their responses . . . and state affirmatively and specifically whether they are withholding any documents or information based on any of their objections.").

Kove began by sending letter correspondence inquiring about the status of productions.[2] The letters also provided detailed examples of types of information covered by

---

[1] Dkt. 277 ¶¶ 4, 5; Dkt. 409 Ex. 27 at 8-9; Dkt. 409 Ex. 28 at 3; Dkt. 403 Ex. 1 at 1. Kove has previously detailed the back-and-forth between the parties to secure comprehensive responses to its Requests. *See* Dkt. 277 (Decl. of J. Cardenas-Navia.) Where appropriate, Kove will cite that declaration and its exhibits in order to maintain cites within the record.

[2] *See, e.g.,* Dkt. 277 ¶¶ 5, 7, 9, 11, 12; Dkt. 409 Ex. 1; Dkt. 409 Ex. 2.

2

particularly-identified RFPs that were missing from AWS's productions.[3] These follow-up correspondences do not constitute "new" discovery requests.

In fact, AWS agreed to this very process for sorting through discovery issues. The parties jointly proposed, and the Court ordered, a Scheduling Order specifically noting that "neither party [would be] foreclosed from follow-up requests for documents within the scope of previously served document requests."[4] Kove did just that. AWS should not be heard to complain about a procedure it agreed to.[5]

AWS's cited case law deals with discovery requests made *solely* through informal means and as such are inapposite and distinguishable. For example, in *Garrison v. Dutcher*, the court denied a motion to compel because requests were made in a letter, and no formal discovery request was ever made. 2008 WL 938159, at *2 (W.D. Mich. Apr. 7, 2008). AWS's other cited cases are not germane for similar reasons. See *Rustom v. Rustom*, 2018 WL 3105926, at *2 (N.D. Ill. June 25, 2018) (denying discovery requests via informal emails and subpoenas to opposing counsel as improper under Rule 34); *Ousterhout. v. Zukowski*, 2016 WL 3675564, at *4 (N.D. Ill. Apr. 5, 2016), *report and recommendation adopted*, 2016 WL 3612086 (N.D. Ill. July 6, 2016) (denying motion to compel where only informal requests had been made); *Sithon Maritime Co. v. Mansion*, 1998 WL 182785, at *2 (D. Kan. Apr. 10, 1998) (same); *Troutman v. Louisville Metro Dep't of Corr.*, 2018 WL 3873588, at *3 (W.D. Ky. Aug. 15, 2018) (same).

---

[3] *See, e.g.*, Dkt. 409 Ex. 1 at 5 (laying out specific metrics Kove seeks and noting that they are "responsive to RFPs 12, 108, and 131"); Dkt. 409 Ex. 2.

[4] Dkt. 320, entered at Dkt. 321.

[5] *See* Dkt. 405 Ex. 11 at 1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Even letter requests – though not what occurred here – have been found in certain circumstances to "warrant carving an exception to the rule" that informal discovery requests "cannot [] be the basis for a motion to compel." *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 2005 WL 8168287, at *1 (D. Ohio Jan. 7, 2005). In *JGR*, the Court granted a motion to compel where "Defendant ha[d] been remarkably uncooperative during the discovery process and should not be permitted to benefit from the delays resulting from such behavior due to a mere formality." *Id.* AWS has been similarly "uncooperative during the discovery process" by continuously stonewalling or delaying discovery.[6] Instead of reasonably cooperating in the discovery process, AWS has evaded, obstructed, or obfuscated, both in its formal responses and in follow-on efforts to target necessary discovery. A ready example are the misleading arguments it makes in its responsive brief, including objecting to discovery requests as overbroad and vague on the one hand, then maintaining that efforts to narrow and define those requests constitute new discovery on the other.

Kove issued proper discovery requests, followed up in good faith, clarified and narrowed the requests where appropriate, and repeatedly met and conferred with AWS in attempts to resolve disputes without involving the Court. AWS's argument that discovery should be denied because Kove followed the process it agreed to is beyond cavil and should be disregarded.

## III. KOVE'S REQUESTS ARE TIMELY

The requests at issue were served on June 10, 2019;[7] October 2, 2020;[8] February 5, 2021;[9]

---

[6] *See, e.g.*, Dkt. 212 (granted at Dkt. 359 (noting, at 5, that "the burden of producing the requested information is low," and "Kove need not prove its damages theory on the merits at this stage to gain access to AWS's financial information")); 3/24/21 Hr'g Tr. at 4:13-15, 9:4-19 (granting Kove's motion for technical documents (Dkt. 176)).

[7] Dkt. 409 Ex. 5.

[8] Dkt. 409 Ex. 10.

[9] Dkt. 409 Ex. 12.

4

February 12, 2021;[10] and June 11, 2021.[11] All were served within the discovery period, and many have been outstanding for years. Discovery remains open. Kove's Motion to Compel was timely filed in accordance with the Court-ordered deadline.[12]

Kove continued to follow-up on its requests through to the time it filed its Motion.[13] In light of Kove's diligence, the metrics, hardware, and predecessor products issues remain live. *See Ousterhout*, 2016 WL 3675564, at *2 (declining to find a motion to compel untimely where "nothing in [opposing party's] response brief suggests that he thought that the [moving party] no longer took issue with [opposing party's] ESI.").

### IV. THE REQUESTED DISCOVERY IS RELEVANT AND ESSENTIAL TO KOVE'S DAMAGES CASE

AWS demands a higher standard of relevance than required by the governing case law, which "allows 'discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . .'." *E.E.O.C. v. Supervalu, Inc.*, 2010 WL 5071196, at *10 (N.D. Ill. Dec. 7, 2010) (quoting Fed. R. Civ. P. 26(b)(1)).

Not only is the information sought *likely* to lead to relevant evidence, it *is* directly relevant and important to Kove's damages case.

#### a. The Requested Hardware Information is Relevant and Should Be Compelled.

The accused software products run on hardware.[14] Different software imposes different burdens on hardware, which impacts cost and performance. The requested hardware information is therefore relevant to determining the "cost to produce an exact replica" as well as "the cost to

---

[10] Dkt. 409 Ex. 13.
[11] Dkt. 409 Ex. 16.
[12] Dkt. 390.
[13] *See, e.g.*, Dkt. 409 Ex. 1 at 5; Dkt. 409 Ex. 14 at 7; Dkt. 409 Ex. 18 at 2; Dkt. 409 Ex. 26.
[14] Dkt. 428 ("Opp.") at n.10.

5

recreate the equivalent level of utility" of the accused products. *See Cement-Lock v. Gas Tech. Inst.*, 618 F. Supp. 2d 856, 864 (N.D. Ill. 2009) (explaining the cost savings methodology for computing damages).

AWS's only argument against the relevance of the requested hardware information is that Kove's cited cases "address issues that aren't relevant here, like the calculation of intellectual property devaluation and lost profits damages, or simply define the methodology for calculating cost savings."[15] AWS misses the point. By showing how the requested discovery would be admissible and imperative to issues in this case, Kove's cases show how *important* this information is.

### b. The Requested Metrics Information and Kove's Interrogatory No. 14 are Relevant and Should Be Compelled.

The requested metrics information plays a critical role in establishing damages. AWS's only argument in opposition is that Kove "never specifically connects its requests to th[e] damages theories."[16] To the contrary, Kove has tied the requested information to specific damages theories with as much specificity as is has available to it. What AWS demands far exceeds what is reasonable (or even logical) – AWS wants Kove to detail specific information it has never seen and is known only to AWS.

For example, Kove's Interrogatory No. 14 (as narrowed by the parties to address AWS's complaint that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ requests only the 50 "key performance

---

[15] Opp. at 7.
[16] Opp. at 10-11.
[17] Dkt. 409 Ex. 9 at 10 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Opp. at 11 ("As AWS has explained, there are ▓▓▓▓▓▓ performance metrics for S3 and DynamoDB."); Dkt. 428 Ex. D at 27:21-28:15 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dkt. 428 Ex. F at 4 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

6

indicators" that AWS "use[s] to measure the performance of each of the Relevant Features and Each Accused Product."[18] Kove explained why and how this information is relevant to evaluating the benefits of the inventions so that Kove may assign value to the same elements that AWS does.[19] That articulation of relevance more than suffices under any reasonable application of Rule 26. But AWS contends that until Kove somehow successfully *guesses* at what metrics AWS maintains, or how AWS might value them, the information is not relevant. By avoiding answering Kove's Interrogatory No. 14 and similar requests about metrics, AWS has been successful in blockading discovery into this important area and unnecessarily prolonging the discovery process.

  c. *The Predecessor Product Information is Relevant and Should Be Compelled.*

Here too AWS fails to substantively challenge the relevance of the requested information. Its argument in opposition centers around the conclusory assertion that "Kove hasn't shown that it's entitled to discovery on these unaccused products."[20] AWS accuses Kove of not explaining why what AWS has already produced is insufficient, or how the requested discovery "provides additional information about the operation of the accused services."[21] But as Kove has explained, the relevance of the predecessor products is two-fold: First, in order to understand the development of the accused products (which is uncontestably relevant), Kove needs discovery of their predecessor products because those predecessor products *are* the development of the accused products.[22] ▉▉▉▉▉▉▉▉▉▉▉ for example, led directly to DynamoDB (accused), ▉

---

[18] Dkt. 409 Ex. 7 at 9 (interrogatory 14 as served); Dkt. 409 Ex. 14 at 7 (narrowing the scope of interrogatory 14).
[19] Dkt. 409 at 10-11.
[20] Opp. at 13.
[21] *Id.* at 13-14.
[22] Mot. at 12.

███████████████████████████████ [23] Second, Kove is entitled to predecessor products as non-infringing alternatives (NIAs) to the accused products – i.e., directly relevant to its damages theory.[24] This is not a far-fetched theory – a non-infringing alternative is required by the case law for key damage analyses Kove intends to assert, and AWS's documents indicate that ███████ for example, appears to be the most viable non-infringing alternative.[25] Kove is entitled to discovery sufficient to assess that possibility and how it may factor into damages, including technical and financial information.

AWS argues that Kove has not formally identified predecessor products as non-infringing alternatives.[26] That seems to put the cart before the horse. Kove stated in its brief that it is pursuing this information as a non-infringing alternative. Once it does the discovery, and it is time to formally rely on the product as a non-infringing alternative, Kove will formally identify it as such. The empty formalism AWS seeks is no reason for defying discovery. Kove's brief put AWS on notice that it seeks to use non-infringing alternatives and how it seeks to use them and, if the brief is not enough, Kove can provide a formal declaration. Either way, the information is relevant as a non-infringing alternative.

---

[23] In the present Motion, Kove seeks information on ███████ as a direct predecessor to the accused DynamoDB product (via RFP Nos. 211, 216, and 222). Also before the Court is motions practice regarding ███████ more generally. *See* Dkt. 437 at 3-6 & n.5 (explaining how the two motions relate to distinct, but overlapping issues).

[24] Courts in this district typically grant discovery into potential non-infringing alternatives. *See, e.g., Baxter Int'l, Inc. v. Bectom, Dickinson & Co.*, 2020 WL 424918, at *7 (N.D. Ill. Jan. 27, 2020) ("Although courts may have identified non-infringing alternatives that are available to the accused infringer as a factor in determining reasonable royalty damages, this recognition does not necessarily exclude *other* non-infringing alternatives from the relevant scope of discovery. . . . An accused infringer need not have the ability to sell the non-infringing alternative before the alternative's features can be compared to those of the accused product for valuation purposes.") (emphasis in original).

[25] Dkt. 409 Ex. 3 ███████████████████████████████████████

[26] Opp. at 14.

AWS's one cited case in support—*Sensor Electronic Technology, Inc. v. Bolb, Inc.*—is inapposite, since it was based on local rules that do not apply in this district.[27] 2019 WL 570758, at *3 (N.D. Cal. Feb. 12, 2019).[28] Specifically, the court held that plaintiff's requests were "premature" because the plaintiff had not identified the product as a non-infringing alternative, *as required* by the Northern District of California's local rules. This district does not require that kind of disclosure, and the current schedule does not allow for Kove to receive the discovery at a later date. Regardless, when viewed in context of the discovery record, Kove's requests cannot be deemed "premature," as AWS has known since at least June 2021 that Kove is investigating predecessor products ▮▮▮▮▮▮ as non-infringing alternatives.[29]

V. **THE REQUESTED DISCOVERY IS PROPORTIONAL TO THE NEEDS OF THE CASE AND DOES NOT CREATE UNDUE BURDEN.**

"Adherence to the Rules is not up to the whim of a party . . . ." *Rustom v. Rustom*, 2018 WL 3105926, at *2. AWS cannot hide behind boilerplate objections and recitations claiming undue burden and lack of proportionality to Kove's requests.[30] Fed. R. Civ. P. 26(b)(2)(B) ("On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost."). The actual burden for AWS to produce the requested information is reasonable. Kove's requests boil down to three categories of information: metrics; hardware; and predecessor products. There is no dispute AWS maintains exactly this sort of information. ▮▮▮▮▮▮

---

[27] *Id.*
[28] *Id.*
[29] *See, e.g.*, Dkt. 409 Ex. 4 at 2; Dkt. 409 Ex. 16 at 10 (RFP 216 seeking information on ▮▮▮▮▮▮

[30] *See generally, e.g.*, Dkt. 409 Ex. 15; Dkt. 409 Ex. 19; Opp.; Dkt. 403 Ex. 1 at 1-2; Ex. 36 (submitted with this Reply, continuing the Exhibit numbering from Dkt. 409).

███████████████████████████████████████████████████████████████████████[31] AWS's documents also show it tracks hardware information with granularity,[32] and maintains technical and financial information for its products. It is AWS' burden to demonstrate with particular facts and evidence why the discovery sought unduly burdensome. *Medicines Co. v. Mylan, Inc.*, 2013 WL 120245, at *2 (N.D. Ill. Jan. 9, 2013) ("The burden rests upon the objecting party to show why a particular discovery request is improper.") (quoting *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006)); Fed. R. Civ. P. 26(b)(2)(B). It has not done so – any party can simply declare information burdensome. The question is the facts and evidence to support those allegations, which AWS is unable to provide, particularly in light of the concessions of its witnesses.

The scope of the information Kove requests is closely tailored, specifically-identified, and proven to already exist in forms readily accessible for production. This tailoring and narrowing is the result of an iterative process between the parties in which Kove has continuously focused its requests to ease burden on AWS and to yield only the information Kove needs to meet its proofs. Having failed to articulate any particular burden,[33] AWS should not be permitted to evade Kove's requests. *See* Fed. R. Civ. P. 26 Advisory Committee's Note (2015) ("Nor is the change intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional.").

---

[31] Ex. 37 ████████████████████████████████████████████

[32] Dkt. 409-Ex. 32 ███████████████████████████████████████████████████████████████

[33] For example, with regard to Kove's metrics requests, AWS's argument on proportionality boils down to three sentences asserting that "collection isn't proportional to the needs of the case" because it would ████ ██████████████████████████████████████████████████████ Opp. at 11.

10

VI.     CONCLUSION

In light of the foregoing, Kove respectfully requests that the Court grant its Motion to Compel Hardware, Metrics, & Predecessor Product Information (Dkt. 409), and order AWS to produce information relevant and responsive to Kove's requests; namely, for the time period 2006 through 2020: (1) documents sufficient to provide costs information, storage capacity, throughput capacity, and utilization levels for AWS's infringing hardware components; (2) documents sufficient to provide partition information,[34] the number of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (3) a substantive response to Kove's Interrogatory 14; and (4) documents sufficient to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[34] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Dated: October 28, 2021.

Respectfully submitted,

*/s/ Khue V. Hoang*

Khue V. Hoang *(pro hac vice)*
khoang@reichmanjorgensen.com
Jaime Cardenas-Navia *(pro hac vice)*
jcardenas-navia@reichmanjorgensen.com
Michael W. Marvin *(pro hac vice)*
mmarvin@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965
Facsimile: (650) 623-1449

Christine E. Lehman *(pro hac vice)*
clehman@reichmanjorgensen.com
Adam Adler *(pro hac vice)*
aadler@reichmanjorgensen.com
Phil Eklem *(pro hac vice)*
peklem@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1710 Rhode Island Ave, NW, 12th Floor
Telephone: (202) 894-7310
Facsimile: (650) 623-1449

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
Holly H. Campbell (State Bar No. 6320395)
hcampbell@thompsoncoburn.com
THOMPSON COBURN LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500
Facsimile: (312) 580-2201

Courtland L. Reichman *(pro hac vice)*
creichman@reichmanjorgensen.com
Shawna L. Ballard (Identification No. 155188)
sballard@reichmanjorgensen.com
Kate M. Falkenstien *(pro hac vice)*
kfalkenstien@reichmanjorgensen.com
Taylor N. Mauze *(pro hac vice)*
tmauze@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

**ATTORNEYS FOR PLAINTIFF
KOVE IO, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Khue V. Hoang*
Khue Hoang