IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc.,<br><br>                Plaintiff,<br><br>    v.<br><br>Amazon Web Services, Inc.,<br><br>                Defendant. | Civil Action No. 1:18-cv-08175<br><br>Hon. Rebecca R. Pallmeyer<br>Hon. Sheila M. Finnegan,<br>Magistrate Judge<br><br>Jury Trial Demanded |

**KOVE IO, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO ENFORCE
COMPLIANCE WITH COURT ORDER AND TO COMPEL VARIOUS DISCOVERY**

**TABLE OF CONTENTS**

I. AWS DID NOT COMPLY WITH THE COURT'S ORDER TO PRODUCE WIKIS. .......... 1

II. THE SIZE AND COMPLEXITY OF THIS CASE JUSTIFY ADDITIONAL ESI CUSTODIANS. ................................................................................................................ 4

III. AWS IMPROPERLY REFUSES TO ANSWER KOVE'S INTERROGATORIES. ............. 7

IV. AWS'S RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION ARE DEFICIENT. ..................................................................................................................... 9

V. CONCLUSION. ............................................................................................................... 13

Plaintiff Kove IO, Inc. ("Kove") submits this reply brief in support of its Motion to Enforce Compliance with Court Order and to Compel Various Discovery (ECF No. 403).

Kove's motion simply seeks to compel AWS to honor its basic discovery obligations. AWS variably asserts that Kove waited too long to move on the issues (but does not dispute Kove moved by the deadline), that AWS faces an undue burden fulling basic discovery obligations (without asserting any particular basis), or that the issues are too numerous for adjudication (which amounts to saying that the more AWS refuses to comply, the less it can be adjudicated by a court). None of these arguments are persuasive, nor do they change the fact that AWS has not satisfied its discovery obligations by failing to comply with the Court's prior Order to produce complete Wikis, to respond to all Kove interrogatories, and to substantively respond to the document requests at issue.

Kove also moves to compel AWS to provide three additional ESI custodians. Notably, AWS does not dispute that the size and complexity of this case justify additional ESI custodians, nor that the custodians at issue possess relevant and unique information. The burden associated with collecting from the additional custodians is minimal, and outweighed by the importance of the additional discovery Kove seeks.

## I. AWS DID NOT COMPLY WITH THE COURT'S ORDER TO PRODUCE WIKIS.

AWS has consistently refused to produce complete versions of its Wikis, after this Court's Order requiring it do so. Rather than explain its lack of compliance, AWS tries to improperly shift the burden to Kove, and raises new arguments regarding the burden associated with complying with the Court's Order. None of these arguments holds weight, nor do they absolve AWS of its obligations to comply with a Court order.

When the Court ordered AWS to run Kove's search terms to produce Wikis, it was with

1

respect to a limited set of 25 search terms.[1]  The Court ordered the parties to work together to test the efficacy of the terms by "sampling" them, which the parties did.  This exercise greatly narrowed the universe of what AWS had to review and provide to Kove.  But instead of receiving complete versions of the sampled documents, Kove got a large number of incomplete documents with missing content and broken links.  It would be one thing if the documents were missing content because they had been lost to time and can truly no longer be retrieved.  But that is not the case.  AWS admits that only *some* of the content *may* be impossible to retrieve, but refuses to say which.  Instead, AWS will only review its own documents for missing content if Kove first tells it which ones it should look for.  Although Kove is not required to do so, it has already identified the documents that AWS produced in fragmented form, and can provide a list of such documents to AWS.

This constant burden-shifting and game-playing must stop.  Kove already provided 25 search terms to cull down the universe of Wiki documents; AWS refused to provide any documents for those search terms unless Kove cut them down *further*, forcing Kove to move to compel; and Kove then worked with AWS in good faith through the sampling exercise ordered by the Court, which narrowed the universe more still.  Now, even under Court order to provide a twice-narrowed set of documents, AWS tries to set up new hurdles for Kove to jump before it can get relevant information.[2]

---

[1] *See* ECF No. 303 at 12:2-15:4.

[2] Trying to distract from its obligations and shift blame to Kove, AWS raises the baseless argument that a one-sentence statement in the parties' joint status report of June 24, 2021, excused AWS from complying with the Court's Order.  Opp. at 2; *see also* ECF No. 348 at 2.  AWS puts far too much weight in the statement, which merely acknowledged that AWS had physically produced the documents the Court ordered it to produce.  It was not an "affirmation" that AWS had complied with the Court's Order in substance, nor was it a waiver of Kove's right to enforce AWS's production of incomplete documents months before the deadline for Kove to do.

AWS inexplicably argues that Kove's motion is untimely. AWS is incorrect: the deadline to move on pending discovery disputes was September 9, 2021, and Kove filed the present motion by that date. Kove's motion is therefore timely. In fact, although Kove has been seeking to resolve this dispute with AWS since May 7, 2021, AWS did not respond on the issue, and the issue was not ripe, until June 23, 2021.[3]

These are AWS's documents, and AWS is the party ordered to produce their full contents.[4] If some are not in its possession, then so be it; but for those that are, AWS must make them available. AWS's attempt to shift the burden by arguing that *Kove* should identify the Wikis that AWS will reproduce with their full contents is nonsensical.[5] Kove has no way of knowing what information is omitted from the fragmented Wikis, so Kove cannot evaluate which Wikis should be reproduced or which may be less important. Nor should Kove be required to accept a further limitation on the production of Wikis after the parties have already limited – and the Court ordered production of – the scope of Wiki discovery.

There also is no undue burden associated with reproducing the Wikis. First, Kove only moved to compel "the reproduction of Wikis with working in-line images" from AWS's current (as opposed to its former) Wiki system; in other words, AWS need only reproduce those Wikis that are capable of being collected with embedded media.[6] Second, the process of actually

---

[3] *See* Ex. A; Ex. B.

[4] Included in Kove's motion to compel is the reproduction of Wikis with missing embedded media that were not produced pursuant to the Court's March 26, 2021 Order.

[5] *See* Opp. at 4-5.

[6] *See* Mot. at 3 n.3; *see also* Mot at 2 n.2.

3

reproducing the Wikis is minimal, entailing only exporting to PDF.[7] And finally, identifying the documents that need to be reproduced is straightforward, and would only require AWS to look through the ▓▓▓ produced Wikis to determine which are missing embedded media.[8] Kove therefore respectfully requests the Court to enforce its Order and compel AWS (once again) to produce the full contents of the Wikis in its possession that are capable of being produced with embedded images.

## II. THE SIZE AND COMPLEXITY OF THIS CASE JUSTIFY ADDITIONAL ESI CUSTODIANS.

Kove requests email discovery for three additional custodians, given the size and complexity of this case. AWS does not dispute Kove's showing of a distinct need for the additional discovery sought; nor has AWS established that collecting and producing such information would impose an undue burden, as discussed below. Under such circumstances, the importance of the additional email discovery sought by Kove outweighs any minimal burden on AWS.

Kove readily meets the standard to increase the number of email custodians; it has shown "a distinct need based on the size, complexity, and issues of the specific case."[9] The email discovery Kove has to date is insufficient because it does not cover a more recent time period. Kove needs emails from these additional custodians given the complexity and size of the products at issue, the fact that the infringement period spans nearly 15 years, and the dispersed nature of

---



[7] ▓▓▓

[8] Opp. at 5. ▓▓▓

[9] N.D. Ill. LPR ESI 2.6(d).

relevant information.[10]  Specifically, each of the custodians from whom Kove seeks email discovery – Swami Sivasubramanian, Robbie Wright, and Giselle Goicochea – possesses unique, relevant, and material information that Kove requires, as laid out in Kove's opening brief.[11]

Instead of directly responding to Kove's showing that there is a need for additional custodians, AWS argues that Kove does not deserve emails from these custodians because it first focused on custodians from an earlier time period.[12] AWS's argument defies logic: Kove selected its original email custodians based on those custodians' intimate involvement with the accused products during their inception and early post-launch years.[13] Based on the review of all discovery provided by AWS to date, however, Kove learned that those custodians' information is deficient. Kove requires additional email discovery because the original email custodians do not have email for key categories of information for more recent time periods.  This is not a case of "buyer's remorse" for the originally chosen custodians, but rather reflects the fact that the relevant information is held by many individuals within AWS and the time period spans many years.  Despite Kove's best efforts to receive the discovery it requires from only five email custodians, it

---

[10] *See* Mot. at 3-4.

[11] *See id.* at 6-7.

[12] *See* Opp. at 6-7.  AWS also asserts that the parties agreed to disfavor email discovery in this case.  *See* Opp. at 7 ("And emails are only one component of discovery, which the parties agreed to disfavor.").  Kove is unaware of any such agreement, and does not agree that the parties agreed to disfavor email discovery.

[13] Each of the email custodians that are the subject of the present motion ███████████████  *See* Mot. at 5 ███████████████████████████████████████████████████████████████████████████████ The AWS custodians from whom Kove has already received ESI do not have information relevant to marketing and advertising ███████████████████████████████████████████████████████████████████████████████ *ee* ECF No. 403.6 (AWS's Second Supplemental Responses and Objections to Kove's Sixth Set of Interrogatories) at 4 (Interrogatory No. 18).  The other two ESI custodians from whom Kove has received ESI – Werner Vogels, Vice President and Chief Technology Officer, and Allan Vermeulen, Distinguished Engineer – have technical roles within AWS, and do not have ESI related to marketing and advertising for the accused products.  *See* Mot. at 5.

still has a distinct need for additional custodians.

AWS's disclosures support Kove's position that there is a distinct and particularized need for additional email discovery.[14] For Sivasubramanian and Goicochea, on the one hand, and Wright, on the other, AWS identified each as ███████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ████████████████████[15] And AWS explained in its discovery responses that each individual has relevant knowledge from the recent period.[16] That AWS repeatedly identified these individuals supports Kove's position that these three custodians have relevant knowledge. Kove has shown a distinct and particularized need for email discovery from each email custodian, each of whom AWS has attested possess relevant information for the accused products from the relevant time period.[17]

Finally, AWS makes only general assertions of undue burden, asserting that "AWS estimates that using the search terms . . . ███████████████████████████████ But AWS does not appear to have even run search term hit counts for Kove's additional requested email custodians: ████████████████████████████████████████████████████ ███████████████████████████████████

---

[14] See Opp. at 7.

[15] See ECF No. 432.11 (AWS's Amended Responses and Objections to Kove's Sixth Set of Interrogatories) at 4-6.

[16] ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

[17] Indeed, given the 21 individuals identified by AWS as knowledgeable about certain key categories of information, Kove's request for only three additional email custodians reflects the reasonableness of Kove's position.

[18] Opp. at 8; see also ECF No. 432.1 ¶ 5.

███████████████[19] AWS's assertion of undue burden therefore amounts to nothing more than speculative and conclusory allegations that collecting and producing additional email would be burdensome; under the law of this Circuit, that is insufficient.[20] ████████████████████████████████████████████

### III.    AWS IMPROPERLY REFUSES TO ANSWER KOVE'S INTERROGATORIES.

AWS tries to have it both ways: it seeks to impose one counting methodology for Kove's interrogatories and a wholly different counting methodology for AWS's own interrogatories. AWS should be held to the bilateral standard the parties applied to their treatment of interrogatories during the past two years of litigation. If AWS believed that Kove's interrogatories were in fact multiple interrogatories, then AWS should have objected at the time it served its earlier responses and objections (as required by Rule 33) rather than waiting until years down the road when its objection is prejudicial to Kove.[21] AWS's own choice to serve subpart-ladened interrogatories of its own belies the sincerity of its complaint.

For two years, both AWS and Kove served interrogatories with subparts, and both AWS and Kove responded to those interrogatories without objecting to them as compound. For AWS to change the way it counts interrogatories at this point in discovery smacks of gamesmanship –

---

[19] ECF No. 432.1 ¶ 5.

[20] *See Eley v. Herman*, 2005 WL 3115304, at *1 (N.D. Ind. Nov. 21, 2005) ("to resist discovery as unduly burdensome, [a party] must adequately demonstrate the nature and extent of the claimed burden by making a specific showing as to how disclosure of the requested documents and information would be particularly burdensome." (quotation and internal quotation marks omitted)).

[21] AWS now argues that Kove's earlier interrogatories contain subparts that should be counted as more than one interrogatory. But Rule 33 is clear: AWS did not timely raise a compound objection to Kove's Interrogatory Nos. 1-21 and as a result waived those objections. *See* Mot. at 10. AWS cannot cure its earlier waiver by now objecting to Kove's Interrogatories 22-25 and it cannot retroactively apply its objection. *See id.*

especially when Kove has already provided substantive responses to all 25 of AWS's interrogatories with subparts. What is fair and equitable in these circumstances is to hold AWS to the same standard as Kove and continue with the parties' previous counting methodology.

In all events, Kove's interrogatories are proper under Rule 33, as subparting interrogatories is a common practice permitted in this Court, and Kove's interrogatories concern a common theme and provide added specificity about what information Kove would consider responsive to the request.[22] For example, Interrogatory No. 22 should be counted as only one interrogatory, as the main thrust is storage class/configuration and the items listed in the interrogatory merely add specificity on what information Kove would consider responsive to the topic.[23] That Kove provided AWS with guidance as to the kinds of information it believes are responsive to Interrogatory No. 22 does not convert the interrogatory to six separate interrogatories, as AWS asserts.[24] Indeed, in defending its own interrogatories and Interrogatory No. 20 in particular, AWS

---

[22] *See* Mot. at 8-9. Far from "unrelated subcategories of information," these are merely examples Kove included to guide AWS. Kove often included in its interrogatories guidance as to the specific categories of information that would be responsive: in Interrogatory No. 12, which inquires into "the reasons why [AWS] implemented the Relevant Features in the Accused Instrumentalities," Kove identified "studies, treatises, consultants, employees or reports You considered" as categories of relevant information; and in Interrogatory No. 13, which inquires into "projections pertaining to the implementation and/or use of the Accused Instrumentalities and/or the Relevant Features," Kove identified "profit and cost projections and/or any other projections for any other metric used to measure the performance of the Accused Instrumentalities and/or the Relevant Features" as relevant categories of information. *See* Ex. C at 9 (Interrogatories Nos. 12-13).

[23] *See* Ex. D at 9-10 (asking AWS to describe each storage class and configuration for each accused product, and identifying specific categories of information that Kove considers responsive, such as information regarding the identity of the storage class/configuration, the products and services offered related to the storage class/configuration, and the pricing of the products and services related to the storage class/configuration).

[24] Indeed, in the context of patent cases, courts count interrogatories inquiring into multiple products and patents as one interrogatory where the patents "cover similar technology" and the accused products "incorporate similar or in some cases identical technology." *See Keranos, LLC v. Silicon Storage Tech., Inc.*, 2013 WL 5763738, at (E.D. Tex. Aug. 5, 2013) (holding that interrogatory seeking information regarding three patents and multiple accused products counts as one interrogatory), *vacated in part on other grounds*, 797 F.3d 1025 (Fed. Cir. 2015); *Erfindergemensichaft Uropep GbR v. Eli Lilly and Co.*, 315 F.R.D. 191, 199 (E.D. Tex. 2016) (interrogatory seeking information regarding three related patent applications counts as one interrogatory, as applications were "sufficiently related that they can properly be

stated that the "items listed in the interrogatory merely add specificity on what information AWS would consider responsive on that topic."[25] Once again, AWS should not be permitted to hold itself to one standard while demanding the Court to hold Kove to a different standard.

As explained in Kove's opening brief, under AWS's own counting methodology, AWS has served at least 49 distinct interrogatories – far more than the permissible 25 interrogatories in this case.[26] Tellingly, AWS does not dispute these counts.[27] Instead, it argues that certain discovery responses provided by Kove somehow justified AWS's use of compound interrogatories, but points to no authority for the assertion that its grievances about Kove's discovery responses relieved AWS of its obligation to comply with Rule 33.[28] If AWS had legitimate objections to Kove's discovery responses, it could have filed a motion to compel. It never did. This "whataboutism" does not give AWS cover for trying to hold Kove to a different standard. Accordingly, Kove requests the Court issue an order compelling AWS to respond to Kove's Interrogatory Nos. 23-25.

## IV. AWS'S RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION ARE DEFICIENT.

Rule 34 requires AWS to clearly identify the categories of documents it excludes from its searches or withholds from production, yet it refuses to comply with these basic tenets.[29] Kove's

---

the subject of a single inquiry"); *see also Finjan, Inc. v. Qualys Inc.*, 2020 WL 4923964, at *1 (N.D. Cal. Aug. 21, 2020) (holding that interrogatory seeking information for each asserted patent and accused product would count as one interrogatory, as movant did not show that the patents or products were "sufficiently different from each other . . . that they should be considered different topics.").

[25] Opp. at 12.

[26] *See* Mot. at 11-12. Other AWS interrogatories similarly contain discrete subparts that would count as individual interrogatories under AWS's counting methodology. *See, e.g.*, Ex. E at 4-5 (Interrogatories Nos. 23-24); Ex. F at 4-5 (Interrogatories Nos. 2, 7).

[27] *See* Opp. at 9-10.

[28] Opp. at 11.

[29] FRCP 34; Mot. at 12.

request is simple and straightforward: for the RFPs identified in Kove's brief, AWS should comply with Rule 34 and state that it (1) has conducted or will conduct a reasonable search for responsive documents, (2) has produced or will produce responsive documents, and (3) if not produced, its objection "must state whether any responsive materials are being withheld on the basis of that objection."[30]

AWS's response is revealing: it *does not even address* AWS's obligations or its failure to identify this information. Its opposition brief contains no mention of Rule 34 and no argument that AWS's current responses meet the standard. Instead (and once again), it tries to improperly shift burdens to Kove , distracting from its own failure to follow the rules. Predictably, AWS lists the many hoops through which it demands Kove jump before AWS has to provide this *basic information*.[31] Each of AWS's assertions is incorrect and easily dismissed, and in any event has no bearing on AWS's obligations under Rule 34:

- **Kove's requests are not generalized or numerous.** Kove already reduced the number of responses it seeks to compel and specifically identified those 30 requests in its opening brief.[32]

- **Kove did not wait too long to file this motion.** Kove timely filed by the deadline and was not required to file earlier.[33] Even so, to the extent AWS complains of delay between this motion and its service of RFP responses, that was a problem of its own making. Only recently did AWS indicate (for the first time) that it was withholding documents from its productions despite no such statement in the

---

[30] Mot. at 14.

[31] AWS's laundry list of distractions includes: (1) Kove's requests are too numerous; (2) Kove waited too long; (3) Kove does not provide enough examples of AWS's objections; (4) Kove did not adequately meet and confer and include that information in its motion; (5) Kove must separately identify each of the discovery requests and objections, and reasons it believes the responses are inadequate for each request; and (6) Kove must prove relevance for each request before AWS has to comply with Rule 34.

[32] Kove does not understand why AWS claims that Kove seeks supplemental responses to "all 237 of Kove's RFPs." Opp. at 13.

[33] *See supra* at 3 (noting deadline to move on pending discovery disputes was September 9, 2021). That AWS again argues waiver of a motion that was timely filed speaks to its insincerity.

10

written responses that it served two years ago.[34]

- **Kove has plenty of examples of AWS's ambiguous RFP responses.** Kove identified 30 ambiguous RFP responses and selected RFP No. 3 as an example of how AWS waited two years to reveal that it was withholding documents from its production.[35] That Kove did not cite additional examples is of no consequence. RFP No. 12 is an additional example of AWS's gamesmanship in shifting positions and withholding documents from production.[36] And RFP Nos. 96 and 218 are additional examples and are addressed in Kove's Reply in Support of its Motion to Compel AWS to Produce Information Regarding Usage, Financial, and Hypothetical Negotiation Data.[37]

- **Kove did meet and confer.** Kove met and conferred with AWS on this issue in May and August of this year.[38]

- **Kove satisfied the local rules.** Kove identified the specific RFPs by number, discussed AWS's common approach to objections, and explained why Kove was moving to compel, including specific examples of AWS's failure to comply with Rule 34.[39] Kove need not copy and paste each request, objection and argument into its motion.[40] And it cannot do so within page limits. That AWS defiantly

---

[34] Mot. at 15 (RFP 12).

[35] Mot. at 15.

[36] *See* ECF No. 403.5 at 9-10. As Kove explained to AWS on May 6, 2021, AWS's response was insufficient under Rule 34 because although "AWS agreed to produce documents that 'describe the functionality, design, and requirements' [of] the Accused Products . . . [it] did not agree to produce any of the other categories identified in [the] RFP." *See* ECF No. 403.2.

[37] See Kove's Reply in Support of its Motion to Compel AWS to Produce Information Regarding Usage, Financial, and Hypothetical Negotiation Data at 9.

[38] On May 6, 2021, Kove first sent a letter to AWS notifying it that its responses to specific RFPs were inappropriate, and requested that AWS confirm for RFPs 2b, 3, 12, 27, 36, 54, 79, 89, 90, 113, and 117-118 that it was searching for and producing documents in response to the requests as served, *i.e.*, that it was not withholding any categories of information that AWS had failed to state it would not produce; and also requested for RFPs 51, 59-67, 73, 80, and 125-126 that AWS agree to promptly provide a privilege log. The parties subsequently met and conferred telephonically on this issue on August 27, 2021, during which time AWS refused to confirm that it would search for and produce documents responsive to the RFPs "as served," as memorialized in a letter sent by Kove's counsel. Kove also stated in its letter that it "understands the parties to be at an impasse on these issues." *See* Ex. G. Kove therefore did attempt to resolve this dispute with AWS through the meet and confer process before filing the present motion in satisfaction of the procedural requirements of Local Rule 37.2.

[39] Mot. at 14 (specific RFPs), 14-15 (AWS's ambiguous requests and why responses should be compelled), and 15 (example of RFP).

[40] *See Charvat v. Valente*, 82 F. Supp. 3d 713, 720-22 (N.D. Ill. 2015) (although objections to 28 RFPs and 8 interrogatories were "too numerous" for the Court to explicitly address each, it nevertheless ordered

11

refuses to fulfill its discovery obligations for so many requests does not limit Kove's ability to file a motion on them – it would reward the wrong party.

- **Kove need not prove relevance of each request just to receive basic information from AWS.** This is not a dispute about relevance objections. It is a dispute about AWS's failure to provide basic information under Rule 34 about what it is or is not producing in this case. Even if relevance were the standard for this type of motion to compel, surely there is no question that AWS's information about whether it is withholding documents in response to RFPs is relevant to a party's claim or defense in this case.[41]

Finally, with respect to the RFPs to which AWS objected on the grounds of privilege,[42] AWS misinterprets Kove's request. Kove does not seek to compel AWS to associate documents with its logs.[43] Nor does the fact that AWS provided a privilege log on June 21 address Kove's complaint.[44] Rather, Kove seeks to compel information regarding whether AWS searched for documents in response to the RFPs at all. For each of the relevant RFPs, AWS objected on the grounds of privilege without stating whether it would produce relevant and non-privileged documents.[45] For example, in response to RFP 59, which seeks "documents furnished or shown to any fact witness contacted, interviewed, or consulted by You or Your agents or attorneys in connection with the Asserted Patents or this litigation," AWS states:[46]

---

Defendants' compliance and provided specific guidance on a handful of objections). To require otherwise would only incentive bad behavior: the more AWS flouts the rules, the less space Kove has for arguments in its motion to compel. AWS cannot refuse to comply with Rule 34 on a large scale and then benefit from its own obfuscation. That Kove must compel AWS to meet its basic obligations on dozens of RFPs is not Kove's fault.

[41] Fed. R. Civ. P. 26(b)(1).

[42] Specifically, these are RFPs 51, 59, 67, 73, 80, 125, 126, and 231.

[43] *See* Opp. at 15.

[44] *Id.*

[45] Kove made AWS aware of the nature of its complaint in May 2021. *See* ECF No. 403.2 at 3 (noting that Kove's RFPs are "not limited to discovery over which AWS may legitimately claim privilege," and asking AWS to confirm that it will "produce documents responsive to these requests.").

[46] ECF No. 403.5.

>AWS objects to this Request to the extent it prematurely seeks expert opinions and discovery. AWS objects to this Request because it seeks documents and information that are protected by the attorney-client privilege or work-product doctrine.

Based on AWS's response, Kove cannot tell whether AWS searched for documents in response to this RFP at all, or whether it declined to do so based on its assertion of privilege. Kove therefore seeks an order compelling AWS to explain whether it has conducted any search in response to the RFPs and is withholding documents, just as Rule 34 requires. What Kove requests would require little effort. Surely AWS knows whether or not it is withholding documents, or if it refused to search documents based on privilege.

## V. CONCLUSION.

For the reasons set forth above, Kove respectfully requests that the Court order AWS to (1) produce complete Wikis; (2) provide ESI for three additional custodians; (3) respond to Kove Interrogatories Nos. 23-25; and (4) substantively respond to certain RFPs.

Dated: October 28, 2021

Respectfully submitted,

*Khue V. Hoang*

Khue V. Hoang *(pro hac vice)*
khoang@reichmanjorgensen.com
Jaime Cardenas-Navia *(pro hac vice)*
jcardenas-navia@reichmanjorgensen.com
Michael W. Marvin *(pro hac vice)*
mmarvin@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965
Facsimile: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Adam Adler (*pro hac vice*)
aadler@reichmanjorgensen.com
Phil Eklem (*pro hac vice*)
peklem@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1710 Rhode Island Ave, NW, 12th Floor
Telephone: (202) 894-7310
Facsimile: (650) 623-1449

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
Holly H. Campbell (State Bar No. 6320395)
hcampbell@thompsoncoburn.com
THOMPSON COBURN LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500
Facsimile: (312) 580-2201

Courtland L. Reichman *(pro hac vice)*
creichman@reichmanjorgensen.com
Shawna L. Ballard (Identification No. 155188)
sballard@reichmanjorgensen.com
Kate M. Falkenstien *(pro hac vice)*
kfalkenstien@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

**ATTORNEYS FOR PLAINTIFF
KOVE IO, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*Khue V. Hoang*
Khue Hoang
