# Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., <br><br>　　　　　Plaintiff, <br><br>　v. <br><br>AMAZON WEB SERVICES, INC., <br><br>　　　　　Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:18-cv-08175 <br> ) <br> ) Hon. Judge Rebecca R. Pallmeyer <br> ) <br> ) <br> ) |

## AMAZON'S FIRST SET OF INTERROGATORIES (NOS. 1-9)

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
(202) 639-6000
aunikowsky@jenner.com

Terri L. Mascherin
Michael Babbitt
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
tmascherin@jenner.com
mbabbitt@jenner.com
mwerner@jenner.com

*Attorneys for Amazon Web Services, Inc.*

**Interrogatory No. 2:** Identify the earliest priority date of each asserted claim of each Patent-in-Suit, including identification of (i) the circumstances related to the conception and reduction to practice of the inventions claimed by the Patents-in-Suit and all related evidence and documents, and (ii) any Related Application to which Kove asserts that any of the Patents-in-Suit is entitled to claim priority along with claim charts showing where each element of the asserted claim is found in the Related Application.

**Interrogatory No. 3:** Identify every product, device, system, or service created, made, sold, used, distributed, given away, produced, or manufactured by any person or entity, including Amazon, Kove, the inventors named on the face of the Patents-in-Suit or any third-party, that embodies, or that is capable of embodying, any asserted claim of the Patents-in-Suit. For every product, device, system, or service created, made, sold, used, distributed, given away, produced, or manufactured by Kove, identify the means by which the product, device, system, or service is marked pursuant to 35 U.S.C. § 287.

**Interrogatory No. 4:** Describe in detail the factual and legal bases that you allege support your contention that each asserted patent claim of the Patents-in-Suit is not invalid based on prior art under 35 U.S.C. § 102 and 103, if you so contend, including what you contend is the scope and content of the prior art, the difference between the claimed invention and the prior art, the level of ordinary skill in the art, and all purported evidence of secondary considerations or objective evidence relevant to the analysis under § 103, see *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007).

**Interrogatory No. 5:** Identify each item of prior art, patent, publication, or product that existed prior to the September 13, 2000 filing date of the '170 patent that included disclosure related to the following features: (i) distributed hash tables, hashing, or hash functions, (ii) a

hash function used to organize data location information, (iii) redirect information used to calculate a location of a server, or (iv) the use of an intermediate server between a client and a data storage entity containing data location information or separate storage of information about the location of a data object or data objects separate from the data object(s).

**Interrogatory No. 6:** Identify each employee or agent of Kove who has or had any knowledge or awareness of Amazon Web Services or any of its products or services, including S3 and DynamoDB, along with a statement of the nature of the knowledge of each person relating to each such product or service, including an identification of the product or service and the earliest date upon which each such person was aware of each such product or service or of any alleged infringement by Amazon related to any of these products or services.

**Interrogatory No. 7:** Provide a computation of all categories of damages claimed by Kove, including a computation of your alleged damages for a reasonable royalty under the *Georgia Pacific* factors, see 318 F. Supp. 1116, 1119-20 (S.D.N.Y. 1970), for lost profits under the *Panduit* factors, see 575 F.2d 1152, 1156 (6th Cir. 1978), for enhanced damages or willful patent infringement, for attorneys fees, and for any other damages or relief requested or claimed in this case, and identify all documents or other evidentiary material upon which such computation is based.

**Interrogatory No. 8:** Identify all licenses or agreements, whether oral or written, related to the Patents-in-Suit, including an identification of the parties to each license, the date of each license, a summary of the material terms of each license and each Kove owner, officer, director, or employee with any knowledge related to any of the identified licenses or agreements, and a description of the nature of the knowledge of each person relating to each such license or agreement.

**Interrogatory No. 9:** Describe in detail the factual and legal bases for your allegation that Amazon's actions constitute willful patent infringement, if you so contend, including a detailed explanation of the circumstances under which Kove first became aware of Amazon's alleged infringement for each Patent-in-Suit.

Dated: June 20, 2019

Respectfully submitted,

/s/ Terri L. Mascherin

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
(202) 639-6000
aunikowsky@jenner.com

Terri L. Mascherin
Michael Babbitt
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
tmascherin@jenner.com
mbabbitt@jenner.com
mwerner@jenner.com

*Attorneys for Amazon Web Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2019, I caused a true and correct copy of the foregoing:

**AMAZON'S FIRST SET OF INTEROGATORIS (NOS. 1-9)**

to be served on all counsel of record via electronic mail and pursuant to Federal and local rules.

/s/ Michael Werner

Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
mwerner@jenner.com