IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Amazon Web Services, Inc., <br><br> Defendant. | Civil Action No. 1:18-cv-08175 <br><br> Hon. Rebecca R. Pallmeyer <br><br> Jury Trial Demanded |

**KOVE IO, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER REGARDING DISCOVERY INTO LITIGATION FINANCING**

TABLE OF CONTENTS

*I.  Under The Case Law, Discussions With Third-party Litigation Funders Are Not Discoverable Absent A Specific Showing Of Relevance, Which Has Not Been Here.*..................... 1

   A.  Speculation That Litigation Funding Might Be Relevant Does Not Satisfy AWS's Burden To Show Specific Relevance.................................................................................................... 1

   B.  The Clawed-back Documents Are Irrelevant And Are Protected Under The Work Product Doctrine And Attorney Client Privilege. ................................................................................. 4

*II.  AWS Had Full Opportunity To Depose Mr. Connolly – A Second Deposition Is Unwarranted And Unduly Burdensome.*........................................................................................ 5

   A.  Kove's Privilege Objections Were Limited And Proper.................................................... 6

   B.  AWS's Allegation Of "Coaching" Is Spurious. ............................................................... 7

   C.  AWS Fails To Demonstrate Good Cause To Re-depose Mr. Connolly. ......................................... 8

*III.  Conclusion* .................................................................................................................... 9

## TABLE OF AUTHORITIES

Cases

*Acceleration Bay LLC v. Activision Blizzard, Inc.*,
  No. 16-cv-453, 2018 WL 798731 (D. Del. Feb. 9, 2018) ....................................................... 2, 3

*Equity Residential v. Kendall Risk Mgmt., Inc.*,
  246 F.R.D. 557 (N.D. Ill. 2007) ..................................................................................................... 6

*Fulton v. Foley*, No. 17-CV-8696,
  2019 WL 6609298 (N.D. Ill. Dec. 5, 2019) ................................................................................. 1

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
  318 F. Supp. 1116 (S.D.N.Y. 1970), *modified sub nom. Georgia-Pac. Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971) ............................................................... 2

*Impact Engine, Inc. v. Google LLC*,
  No. 19-cv-1301, 2020 U.S. Dist. LEXIS 145636 (S.D. Cal. Aug. 12, 2020) ........................... 2, 3

*Miller UK Ltd. v. Caterpillar, Inc.*,
  17 F. Supp. 3d 711 (N.D. Ill. 2014) ..................................................................................... 1, 2, 4

*Summers v. Electro–Motive Diesel, Inc.*,
  13-cv-1312, 2014 WL 5100606 (N.D. Ill. Oct.10, 2014) ........................................................... 8

Rule

Fed. R. Civ. Pro. 30 ...................................................................................................................... 5, 8

Kove submits this Reply in support of its Motion for Protective Order Regarding Discovery Into Litigation Financing (Dkt. 400) and in response to AWS's brief in opposition to the same (Dkt. 425).

I.  **UNDER THE CASE LAW, DISCUSSIONS WITH THIRD-PARTY LITIGATION FUNDERS ARE NOT DISCOVERABLE ABSENT A SPECIFIC SHOWING OF RELEVANCE, WHICH HAS NOT BEEN HERE.**

The facts support application of the generally held rule in this district and courts throughout the country that discussions with third parties about funding litigation are irrelevant and/or protected as attorney work product. *Fulton v. Foley*, No. 17-CV-8696, 2019 WL 6609298, at *2 (N.D. Ill. Dec. 5, 2019) (collecting cases). AWS's Opposition offers only speculative and unsupported allegations of relevance which are insufficient to defeat the presumption.

 A. **Speculation That Litigation Funding Might Be Relevant Does Not Satisfy AWS's Burden To Show Specific Relevance.**

"'[D]iscovery . . . has ultimate and necessary boundaries' and limitations, 'one of which comes into existence when inquiry touches upon the irrelevant . . . .'" *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 721 (N.D. Ill. 2014) (quoting *Hickman v. Taylor,* 329 U.S. 495 507–08 (1947)). "The Supreme Court has cautioned that the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery where necessary." *Miller UK*, 17 F. Supp. 3d at 721 (collecting cases). "[D]iscovery issues are generally case-specific and deserve individual consideration that require courts to balance the concerns of relevancy and proportionality." *Fulton*, 2019 WL 6609298 at *2.

This Court has found that "litigation funding documents have no bearing on evidence that is needed to prove a claim or defense at a trial or establish the amount of damages that a jury should award" (*id*. at *3) and that "details about how any recovery is to be divided between [plaintiff] and

1

the funder if [plaintiff] wins the case . . . have nothing to do with the claims or defenses in this case." *Miller UK*, 17 F. Supp. 3d at 740.

AWS's arguments boil down to two theories: (1) discussions with potential funders may be relevant to licensing value under the *Georgia-Pacific* factors, and more generally, to "real-world" licensing negotiations (Dkt. 425 at 9); and (2) such discussions may inform whether there's a "level-playing field so smaller competitors like Kove can compete fairly" (*id.* at 10). As a threshold matter, if these arguments were sufficient, they would be true in all cases, and litigation funding and the general rule would be that litigation funding is admissible, exactly the opposite of existing law.

Further, AWS's first theory fails because litigation financing is *not* patent licensing – indeed, no license is even granted. The *Georgia-Pacific* factors do not mention litigation funding, nor can AWS cite to a single case that considers the two in the same breath. In fact, the two primary cases AWS cites in support – *Impact Engine, Inc. v. Google LLC*, No. 19-cv-1301, 2020 U.S. Dist. LEXIS 145636 (S.D. Cal. Aug. 12, 2020) and *Acceleration Bay LLC v. Activision Blizzard, Inc.*, No. 16-cv-453, 2018 WL 798731 (D. Del. Feb. 9, 2018) – never mention licensing or the *Georgia-Pacific* factors at all. Moreover, Kove never entered into an agreement with any litigation funder; even if the *Georgia-Pacific* factors do somehow take litigation funding into account, presumably it would be to consider completed agreements, not mere discussions which never crystalized into terms.[1]

AWS's second theory strains credulity, apparently resting on the presumption that if Kove obtained financing, it would be on (more) equal footing with a (much) larger company like AWS

---

[1] The *Georgia-Pacific* factors speak only in terms of entered licenses, not fruitless discussions. *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970), *modified sub nom. Georgia-Pac. Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971).

– fares no better. Kove has never entered into a third-party litigation funding agreement. It remains a small operating company with 7 employees.[2] AWS remains a multi-billion-dollar company, one of the largest ever to exist in the world.[3]

The few cases AWS cites where discovery was permitted into litigation funding are distinguishable. *Impact Engine*, for example, acknowledges that there is a "split of authority on whether a plaintiff's source of litigation funding is within the scope of relevant discovery," noting that cases in the Districts of Nevada and New Jersey have found litigation funding to be irrelevant and off limits to discovery. *Impact Engine*, 19-cv-1301, Dkt. 101 at 3 (quoting *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 312 (D. Nev. 2019)).

In allowing discovery in its case, the *Impact* court cited cases where litigation funding agreements were "directly relevant" to "valuations place on the patents . . . prior to the present litigation" or to "refute any David vs. Goliath narrative at trial." *Impact Engine,* 19-cv-1301, Dkt. 101 at 3 (internal citations omitted). Because Kove never entered into any such agreements, those holdings are inapposite. Similarly, in *Acceleration Bay*, the dispute centered around a financing agreement entered into between the plaintiff and a funder. *Acceleration Bay*, 2018 WL 798731 at *1. The court found the agreement and surrounding documents to be relevant but offered no insight as to why. AWS's arguments parrot defendants' contentions but make no effort to apply them to the facts of this case. It is not enough to simply assert that litigation funding "may be relevant to central issues like validity and infringement, valuation, damages, royalty rates, pre-suit investigative diligence, and whether [Plaintiff] is an operating company" (*id.* at *3) without

---

[2] Kove has already handed over its financials as part of discovery; AWS is well aware of what Kove's financial position is.
[3] *See* https://www.barrons.com/articles/amazon-stock-web-services-worth-half-a-trillion-dollars-51559060451. No conceivable amount of funding would put Kove anywhere within AWS's orbit.

making even the barest effort to explain to why litigation funding information is relevant, particularly where a critical factor (the existence of a funding agreement) is missing.

The Court should follow the general presumption and find that litigation funding is non-discoverable as irrelevant, that AWS has not met its burden by demonstrating sufficient relevance, and that Kove is entitled to a Protective Order precluding discovery into its litigation funding efforts.

### B. The Clawed-back Documents Are Irrelevant And Are Protected Under The Work Product Doctrine And Attorney Client Privilege.

Among the materials Kove's counsel (and Kove employees working with and at the direction of counsel) prepared because of this litigation are documents detailing payout terms and calculations relating to the litigation.[4] This Court has found that information of this kind (e.g., "details about how any recovery is to be divided between Miller and the funder if Miller wins the case and what happens if it does not") are irrelevant because they "have nothing to do with the claims or defenses in the case – contrary to [defendant's] arguments to the contrary." *Miller UK*, 17 F. Supp. 3d at 740.

In addition, these documents are protected under the work product doctrine and attorney client privilege because they reflect counsel's theories and mental impressions regarding this case and potential future cases and were communicated internally for the purpose of giving or receiving legal advice. This Court, in *Miller UK*, held that documents created "because of" a litigation are protectable, even if they were prepared to assist in a business decision. *Miller UK*, 17 F. Supp. 3d at 734-35 (applying the "because of" test set forth in *Binks Mfg. Co. v. National Presto Industries, Inc.*, 709 F.2d 1109, 1119 (7th Cir. 1983) for assessing work product doctrine protection). Because of the sensitive and protected nature of the documents, Kove requested they be clawed back,

---

[4] One of the clawed back documents also includes information regarding potential future litigation.

pursuant to the relevant provisions of the Protective Order in this case. Dkt. 55 at ¶ 6. Despite their lack of relevance, Kove nevertheless logged the documents on its privilege log, primarily because AWS made issue of them in Mr. Connolly's deposition. Ex. G at rows 61 and 62. As the privilege log details, the document logged in row 61 was prepared by a Kove employee (Doyle) and sent internally to another Kove employee (Connolly); the document itself was prepared in conjunction with Rob Dellenbach, Kove's outside counsel, and reflects his work product. *Id.* at row 61. Similarly, the document logged in row 62 was prepared by counsel and sent internally to Kove. If the Court finds that these documents are relevant and potentially subject to discovery, Kove is prepared to submit them for in camera review so the Court may assess whether they are protected under the privilege doctrines.

Throughout the deposition of Mr. Connolly AWS engaged in improper badgering, continuing to seek testimony on privileged subject matter. As AWS has now issued 30(b)(6) topics forcing the issue and making clear its intention to continue to seek privileged testimony, and to prevent similar abuse by AWS at future depositions, a protective order is necessary.

**II.    AWS HAD FULL OPPORTUNITY TO DEPOSE MR. CONNOLLY – A SECOND DEPOSITION IS UNWARRANTED AND UNDULY BURDENSOME.**

AWS had opportunity to depose Mr. Connolly on any non-privileged topic for the full 7 hours permitted by Rule 30(b)(1). AWS chose to spend some of its time pressing on privileged issues and then voluntarily ended the deposition early (after approximately 4.5 hours), presumably because it had no more facts it wanted to elicit. AWS's allegations that counsel "obstructed" testimony and "coached" Mr. Connolly into "trying to change prior testimony" are directly refuted by the record and do not justify a second bite at the apple. Mr. Connolly should not be forced to take time out of work to endure another deposition.

### A. Kove's Privilege Objections Were Limited And Proper.

During Mr. Connolly's deposition, AWS's repeated questioning into areas protected by the work product doctrine and attorney-client communications forced counsel to interpose nine privilege-based objections and instructions in the span of approximately 30 minutes on the record. Kove also objected to many of these questions as not relevant. These exchanges occur on pages 54-82 of the Connolly Transcript, which was included as Ex. D to Kove's Motion. Dkt. 400, Ex. D. Two of the nine instances were instructions not to answer a question asking Mr. Connolly to reveal the substance of Kove's discussions with a litigation financing company, at which Kove's counsel was present.[5] *Id.* at 55:1-56:7. The other six instances involved cautioning Mr. Connolly not to reveal privileged communications in responding to questions that implicated attorney work product or attorney-client communications; some of these questions related to "payouts" to Kove's litigation counsel.[6] Dkt. 400, Ex. D at 56:19-57:2; 64:11-22; 67:16-68:11; 69:7-71:18; 75:13-76:21; 77:2-82:8.

Kove has a duty to protect attorney work product and attorney-client communications from disclosure or risk waiver. *Equity Residential v. Kendall Risk Mgmt., Inc.*, 246 F.R.D. 557, 563-64 (N.D. Ill. 2007). When AWS choses to ask (irrelevant) questions about privileged and work product matter, it cannot be heard to complain that Kove objects. The objections and instructions interposed during Mr. Connolly's deposition were in service of that duty and were limited to

---

[5] AWS's Opposition incorrectly states that "Mr. Connolly testified he was part of a group of **non-attorney** Kove employees who met with a third-party funder," citing the deposition transcript at 53:4-56:13. Dkt. 425 at 4 (emphasis added). AWS leaves out testimony given immediately thereafter where AWS's counsel asked ▓▓▓ and Mr. Connolly responded "Yes" ▓▓▓. Dkt. 400, Ex. D at 57:8-14.

[6] Despite a clear representation to the Court that it was not seeking discovery into agreements between Kove and its law firms (Dkt. 222 at 1), AWS asked Mr. Connolly questions about ▓▓▓. *See, e.g.*, Dkt. 400, Ex. D at 80:1-8. If AWS is permitted discovery into Kove's arrangements with its legal counsel, then Kove would expect to be allowed to investigate the same topic with AWS and its counsel.

6

instances in which AWS's questions directly called for disclosure of protected information or were broad enough to potentially cause the witness to inadvertently disclose protected information.[7] Moreover, these objections were concentrated in a very short amount of time, commensurate with AWS's choice to delve into protected topics. Once AWS decided to move on, it deposed Mr. Connolly for another 2.5 hours without incident, before deciding to end the deposition.

### B. AWS's Allegation Of "Coaching" Is Spurious.

AWS repeats its allegation that Kove "instruct[ed] Mr. Connolly off the record how to answer a pending question" and that "Mr. Connolly tri[ed] to change prior testimony based on that [instruction.]" Dkt. 425 at 5. In support, AWS includes an excerpt of the transcript that shows the exact opposite of what it alleges:



This exchange – which Kove allowed into the record without objection – shows that Mr. Connolly gave the same answer he had intended to give, and that counsel did not stop him or tell him how to answer – there was no "change" to prior testimony stated or implied. Indeed, AWS makes no

---

[7] Footnote 26 of AWS's Opposition criticizes Kove for instructing Mr. Connolly to respond to open-ended questions that implicated disclosure of protected information with a "yes or no." Such instructions are commonly used to guard against inadvertent disclosure – in fact, AWS itself uses the same instruction with its witnesses. Dkt. 400, Ex. F at 2 n.4. The deposing party is free to continue asking follow-up questions, which AWS often did. Dkt. 400, Ex. D at 56:19-60:17; 67:16-68:17; 69:11-75:9; 75:13-76:14; 88:13-90:17; 92:10-20; 94:11-99:4.

attempt to tie the record to its accusation, nor is there any evidence supporting AWS's allegation of coaching.

### C. AWS Fails To Demonstrate Good Cause To Re-depose Mr. Connolly.

When a witness has already been deposed, Rule 30(a)(2) requires that the party seeking to re-depose the witness must obtain leave of court. Fed. R. Civ. Pro. 30(a)(2). This district requires a showing of good cause before a deposition may be continued. *Summers v. Electro–Motive Diesel, Inc*., 13-cv-1312, 2014 WL 5100606, at *3 (N.D. Ill. Oct.10, 2014). AWS has not made a showing of good cause.

AWS's only argument in support of a second deposition is that Kove's counsel engaged in allegedly "improper conduct." Dkt. 425 at 12. But as detailed above, AWS's claims of obstruction and coaching are devoid of merit, and can hardly explain why AWS chose not to use the additional 2.5 hours it had available on the record. Kove's counsel interposed objections and instructions where necessary to protect against improper questioning and inadvertent disclosure of protected information. *Supra* at 6 (citing Dkt. 400, Ex. D at 55:1-56:7; 56:19-57:2; 64:11-22; 67:16-68:11; 69:7-71:18; 75:13-76:21; 77:2-82:8).

These disputes were confined to the time AWS chose to press the witness to divulge protected information (approximately 30 minutes on the record); once AWS moved off these subjects, it deposed Mr. Connolly for another few hours without incident.

It is important to note that AWS had full and fair opportunity to elicit **fact** testimony from Mr. Connolly relating to Kove's funding attempts, which it did without issue. Dkt. 400, Ex. D at 56:19-60:17; 67:16-68:17; 69:11-75:9; 75:13-76:14; 88:13-90:17; 92:10-20; 94:11-99:4. It is also important to note that AWS chose to end its deposition early, leaving nearly 2.5 of the 7 hours it had available unused. In light of these facts and the arguments above, AWS should not be permitted to re-depose Mr. Connolly.

### III. CONCLUSION

For the foregoing reasons, Kove requests the Court enter a protective order confirming the irrelevance and privileged nature of the sought litigation funding information.

Dated: October 28, 2021

Respectfully submitted,

*/s/ Khue V. Hoang*

Khue V. Hoang *(pro hac vice)*
khoang@reichmanjorgensen.com
Jaime Cardenas-Navia *(pro hac vice)*
jcardenas-navia@reichmanjorgensen.com
Michael W. Marvin *(pro hac vice)*
mmarvin@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965
Facsimile: (650) 623-1449

Christine E. Lehman *(pro hac vice)*
clehman@reichmanjorgensen.com
Adam Adler *(pro hac vice)*
aadler@reichmanjorgensen.com
Phil Eklem *(pro hac vice)*
peklem@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1710 Rhode Island Ave, NW, 12th Floor
Telephone: (202) 894-7310
Facsimile: (650) 623-1449

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
Holly H. Campbell (State Bar No. 6320395)
hcampbell@thompsoncoburn.com
THOMPSON COBURN LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500
Facsimile: (312) 580-2201

Courtland L. Reichman *(pro hac vice)*
creichman@reichmanjorgensen.com
Shawna L. Ballard (Identification No. 155188)
sballard@reichmanjorgensen.com
Kate M. Falkenstien *(pro hac vice)*
kfalkenstien@reichmanjorgensen.com
Karlanna M. Lewis *(pro hac vice)*
klewis@reichmanjorgensen.com
Taylor Mauze *(pro hac vice)*
tmauze@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

**ATTORNEYS FOR PLAINTIFF
KOVE IO, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of October, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                           *Khue V. Hoang*
                                                           Khue Hoang