# Exhibit D

| | |
|---|---|
| **From:** | Jeff Saltman |
| **To:** | Adam Adler; Kove Team |
| **Cc:** | RJ_Kove_AWS |
| **Subject:** | Re: Kove v. AWS: Request for Meet and Confer |
| **Date:** | Wednesday, July 7, 2021 5:43:36 PM |

**[EXTERNAL]**

Hi Adam,

Thank you for your email. AWS has previously responded in detail, either through correspondence or during the parties' extensive meet and confers, to each of the issues broadly identified in your email. For instance, AWS has confirmed that it would be producing infrastructure and hardware costs for the accused services as discussed during the parties' May 11 meet and confer. AWS has also confirmed that it produced videos following a reasonable search and it would be unduly burdensome to produce hundreds, if not thousands, more, as Kove requested. AWS also addressed the testimony of Mr. Vermeulen regarding embedded wiki images, which confirmed that it's not possible to collect the wikis with images for production in this litigation.

In addition, several demands by Kove aren't supported by any discovery request, and instead reflect improper demands made through correspondence, as AWS has repeatedly pointed out. And for other demands, such as Kove's RFPs 146, 147 and 183, it remains unclear exactly what Kove seeks that hasn't been produced in this case and how it is relevant and proportional to the needs of the case.

It therefore isn't useful or productive to simply attach Kove's previously-responded to correspondence to a broad list of discovery it claims AWS won't produce. AWS has expended a significant amount of time and effort responding to Kove's serial correspondence, and Kove's ignoring of this correspondence and apparent refusal to reconsider or narrow its demands isn't in good faith. AWS has compromised several times in an effort to move this case forward, and remains willing to do so, but Kove continues to make facially unreasonable and overbroad discovery demands, disregarding the demonstrated burden to AWS and its disproportionality to the needs of the case.

Accordingly, before the next meet and confer, AWS asks Kove to please respond to AWS's correspondence and specifically explain:

- How hundreds, if not thousands, of unspecified videos are relevant and proportional to the needs of the case or whether Kove can identify a reasonable list of 5-10 additional videos for production;
- How the extensive customer-specific pricing information Kove demands is relevant and proportional to the needs of this case, including specifically how it's relevant to any damages claim Kove has identified in this case and all supporting case law;
- How AWS's production of hardware and infrastructure costs isn't sufficient, including what specific non-infringing alternatives Kove claims are relevant to its request for additional hardware-related information;
- The relevance of any additional demands for metrics in this case and the specific outstanding

RFPs for the metrics set forth in Kove's 4/30/21 and 5/31/21 letters, including Kove's response to AWS's position that the metrics aren't requested by any discovery requests, including RFPs 12, 108, and 131;

- Kove's position on how it's relevant and proportional to the needs of the case to demand AWS recollect and reproduce wikis individually with embedded images, to the extent even possible, given AWS's creation of the wiki database for this case and Kove's failure to request wikis with embedded images until well after Kove's motion to compel and AWS's wiki production; and

- What Kove seeks in response to RFPs 146, 147 and 183 that hasn't already been produced and their relevance and proportionality to the needs of the case.

The parties can schedule a meet and confer promptly following Kove's response to address any remaining issues. Thank you.

Regards,
Jeff

**Jeffrey Saltman** | Fisch Sigler LLP | **Partner**
+1.202.362.3640 (o)
+1.202.258.5781 (m)

**From:** Adam Adler <aadler@reichmanjorgensen.com>
**Date:** Friday, July 2, 2021 at 6:11 PM
**To:** Kove Team <FS-Kove@fischllp.com>
**Cc:** RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Subject:** Kove v. AWS: Request for Meet and Confer

Dear Counsel,

Kove would like to schedule a meet and confer on certain issues. From your letters of June 29, 2021 and June 2, 2021, we understand that AWS will not produce the following requested discovery:

1. Pricing, revenue, usage, and rate information, as summarized in Kove's 6/15/2021 letter.
2. Hardware-related information, as summarized in Kove's 5/11/21 and 4/16/21 letters.
3. Documents in response to Kove RFP 183.
4. Documents in response to Kove RFPs 146-147.
5. Metrics set forth in Kove's 4/30/21 and 5/31/21 letters.
6. Broadcast videos.
7. Embedded images in Wikis.

Please let us know your availability to meet and confer on these issues. Kove is available on July 6, at 2:00 PM EST.

The purpose of this meeting is to meet and confer in a good faith effort to resolve as many of these

as possible or otherwise determine whether motions practice is necessary. Kove's position on each of these issues is set forth in detail in previous correspondence and are reattached here for your convenience. If AWS has any compromises or alternate positions to advance, please send us your position or proposal in writing at least 24 hours before our meet and confer so that we can make the call as efficient as possible. Also, we think it will be helpful to record the call (using the Zoom record feature), in order to have a clean record of what is discussed. We will of course send you a copy of the recording at the conclusion of the call.

Regards,
Adam

Adam Adler

REICHMAN JORGENSEN LLP

1710 Rhode Island Avenue, NW

12th Floor

Washington, DC 20036

Direct: (605) 623-1480

aadler@reichmanjorgensen.com

*NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.*