**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KOVE IO, INC., | |
| *Plaintiff*, | Case No. 1:18-cv-8175 |
| v. | |
| AMAZON WEB SERVICES, INC., | |
| *Defendant*. | |

**AWS'S SUR-REPLY IN OPPOSITION TO KOVE'S MOTION TO COMPEL
PRODUCTION OF INFORMATION REGARDING USAGE, FINANCIAL,
AND HYPOTHETICAL NEGOTIATION DATA (DKT. NO. 405)**

Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Lisa Phillips (*pro hac vice*)
*lisa.phillips@fischllp.com*
Adam A. Allgood (*pro hac vice*)
*adam.allgood@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Fourth Floor
Washington, DC 20015
202.362.3500

*Attorneys for Amazon Web Services, Inc.*

## TABLE OF CONTENTS

I.    AWS Has Produced the S3 Usage and Revenue Information Requested in Kove's Motion to Compel. ........................................................................................................ 2

II.   AWS Also Has Produced the Requested Internal Cost Allocation Information. ................... 4

Local Rule 37.2 exists to avoid unnecessary litigation over issues that parties could resolve through good-faith efforts. Indeed, the rule's purpose is "[t]o curtail undue delay and expense in the administration of justice."[1] Kove's Reply, though, confirms that Kove is continuing to unnecessarily litigate the issues here and foregoing good-faith efforts to resolve them.

As AWS explained in its Response, Kove's motion raised several demands that Kove hadn't discussed with AWS before filing. And, after receiving Kove's motion, AWS searched for and began producing the information responsive to these demands.[2] For instance, before Kove filed its Reply, AWS produced detailed usage information for the accused S3 service and documents showing the costs and cost allocation for internal usage of the two accused services. Yet, Kove didn't provide these documents to the Court with its Reply, choosing instead to only address them in passing. But failing to address why a party's production isn't sufficient—as Kove has done here—leads to unnecessary motions practice in much the same way that failing to confer does. And when movants engage in this tactic, courts routinely deny motions to compel, based on similar reasoning as when movants fail to properly meet and confer.[3] For this reason, as well as those set forth below and in AWS's Response, this Court should deny the portions of

---

[1] LR 37.2.

[2] *See* Dkt. 422 at 1 ("AWS will search for and collect that information now that it's aware of Kove's request."). Notably, Kove's motion cited a laundry list of requests (including Kove's RFPs 22, 30, 84, 87-89, 93, 96, 101, 108, 131, 140-42, 144, 146-47, 155, 157-180, 183, 206-08, and 212), without quoting any RFPs that Kove contends cover the more specific requests in Kove's motion. And as AWS's Response explained, AWS had already produced, *inter alia*, documents detailing usage of the accused services, broken down between external customers, internal AWS users, and CDO users.

[3] *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steels Minn., LLC*, No. 09-cv-3037, 2012 WL 12894762, at *2-3 (D. Minn. Feb. 22, 2012) (denying motion that was "unclear in identifying with specificity the alleged insufficiencies of [other parties'] document production," and admonishing movant for failing to comply with related D. Minn. LR 37.2); *Abiomed Inc. v. Maquet Cardiovascular LLC*, No. 16-cv-10914, 2019 WL 13089053, at *3 (D. Mass. Nov. 22, 2019) (similar); *All. of Auto. Manufacturers, Inc. v. Jones*, No. 4:08-cv-555, 2014 WL 12848659, at *7, 9 (N.D. Fla. Jan. 7, 2014) (similar); *compare* Dkt. 422 at 1, 6-7 (collecting cases denying motions under LR 37.2).

Kove's Motion regarding usage, internal costs, and internal cost allocation.[4]

**I.     AWS HAS PRODUCED THE S3 USAGE AND REVENUE INFORMATION RE-QUESTED IN KOVE'S MOTION TO COMPEL.**

In its Motion, Kove for the first time requested that AWS produce information on (i.e., documents sufficient to show) the overall "usage of the Accused Products, by pricing category (including, for example, by storage tier, service-level, and, where appropriate, by region), by each of (a) AWS, (b) Amazon.com, Inc., and (c) external customers."[5] As AWS's Response explained, AWS began searching for this information after receiving that Motion.[6] Specifically, AWS's financial teams compiled usage data for each pricing category of the accused services, broken down between external, internal, and CDO users as far back as is available.[7]

AWS then collected and produced the data for S3 on October 22, 2021, six days before Kove filed its Reply.[8] Two of the documents that AWS produced are attached as Exhibit AA and Exhibit BB.[9] Exhibit AA includes detailed usage data by pricing category. For example, it includes the following categories of usage by external, internal, and CDO users for the years in which the data is available:[10]

- For storage, ██████████████████████████████████████████████

---

[4] Beyond the limited scope of this sur-reply, AWS's Response also explained that the Court should deny these portions of Kove's motion due to a failure to properly meet and confer and the remaining portions of Kove's motion because they aren't proportional to the needs of the case.

[5] Dkt. 405 at 16.

[6] Dkt. 422 at 6-8. And contrary to Kove's statements, the parties didn't confer regarding the detailed overall usage and revenue information Kove's Motion requested. Indeed, the parties' pre-motion conference and the letter Kove's Reply cites centered on RFPs 146-47. Dkt. 468 at 3 (citing Ex. 36 to Dkt. 405 at 2). Those RFP's requested usage information broken out by individual internal customer. Ex. Y to Dkt. 422.

[7] Declaration of J. Saltman ("Saltman Decl.") at ¶ 3.

[8] AWS expects to produce similar information for DynamoDB usage by the end of November.

[9] Native versions of these two exhibits have also been provided to the Court.

[10] ████████████████████████████████████████████



- For data transfers (included in the BW tab in Exhibit AA),

Exhibit BB contains similar information for revenue, though that information is limited to external users ████████████████████████████████████████.[11]

Despite AWS producing those documents before Kove filed its Reply, Kove didn't attach them as exhibits or provide specific reasons why they don't meet Kove's demands.[12] Moreover, the parties discussed AWS's production two days before Kove filed its Reply.[13] During that call, Kove raised two technical concerns. Specifically, Kove's counsel indicated that ███████ ██████████████████████████ on Exhibit AA, and that ████████████████████ ████████ in Exhibit BB. Consistent with the purpose of Local Rule 37.2's confer requirement, AWS is currently investigating whether that information is available.[14] Kove didn't raise any other concerns with those two spreadsheets on the parties' call.[15]

Thus, because AWS has collected the detailed usage information that Kove's Motion to

---

[11] AWS previously produced similar revenue information for DynamoDB. Ex. I to Dkt. 422.

[12] Dkt. 468 at 2 (discussing generally that the documents produced are deficient).

[13] Saltman Decl. at ¶ 4 (discussing Oct. 26 call). And contrary to Kove's characterization, during an earlier October 25 meet and confer, AWS provided additional detail on information contained in its October 22 production. Ex. CC at 2.

[14] Saltman Decl. at ¶ 4.

[15] *Id*. During that call, Kove also requested ███████████████████████████████ █████████████████████████████████████████████████████.

compel requested, that portion of the Motion should be denied as moot. In addition, each of Kove's failure to (1) request this information before the Motion, (2) meet-and-confer under Rule 37.2, and (3) explain why AWS's production was deficient, independently justifies denying the Motion.[16]

## II. AWS ALSO HAS PRODUCED THE REQUESTED INTERNAL COST ALLOCATION INFORMATION.

Kove's Motion also requested that AWS produce information to "(c) show how AWS allocated the costs, profits, and benefits of the Accused Products to internal customers, AWS services, and/or Amazon.com, Inc.; and (d) show, on an annual basis, the amount of costs, profits, and benefits of the Accused Products that AWS allocated to internal customers, AWS services, and/or Amazon.com, Inc."[17] In its Response, ████████████████████████████████ ████████████████████████████████.[18] AWS also noted that it had included the requested cost allocation information in its response to Kove Interrogatory No. 6, but would search for documents sufficient to show how AWS allocates costs to internal usage and cost data regarding that usage, to the extent it can be located after a reasonable search.[19]

AWS then asked AWS central finance to locate this data.[20] When they did so, AWS produced it. Specifically, ████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████

---

[16] See note 3, *supra* (collecting cases); *see also* Dkt. 422 at 6-8.

[17] Dkt. 405 at 16.

[18] Dkt. 422 at 3-4, 9.

[19] Dkt. 422 at 9-10.

[20] Saltman Decl. at ¶ 6.

4

████████████████████████████████████████████████████████████
████████████████████████████████████████ [21]

As explained in AWS's Response, ████████████████████████████████████
████████████████████████████. [22]

AWS also inquired about the actual costs associated with internal usage and requested

that data for as far back as AWS maintains it. [23] ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████. [25] They then collected that data for as far back as AWS maintains it, and with as

much detail as available. AWS produced that data for both S3 and DynamoDB, which are at-

tached as Exhibits EE and FF. ████████████████████████████████ [26]

Thus, AWS has produced documents sufficient to show how it allocates costs to internal

usage and cost data regarding that usage. And the portion of Kove's Motion regarding those is-

sues should be denied for the same reasons as the usage-information portion, as detailed above.

---

[21] Ex. DD at 7.

[22] Dkt. 422 at 9. ████████████████████████████████████ Saltman Decl.
at ¶ 9; Ex. GG ████████████████████; Ex. HH ████████████████.

[23] Saltman Decl. at ¶ 6.

[24] *Id*. at ¶ 8.

[25] *Id*. AWS asked about internal AWS usage in addition to CDO usage and ████████████
████████████████. *Id*.

[26] *See* Ex. FF.

Dated: November 15, 2021                    Respectfully submitted,

                                            */s/ R. William Sigler*
                                            Alan M. Fisch
                                            *alan.fisch@fischllp.com*
                                            R. William Sigler
                                            *bill.sigler@fischllp.com*
                                            Jeffrey M. Saltman (*pro hac vice*)
                                            *jeffrey.saltman@fischllp.com*
                                            Lisa Phillips (*pro hac vice*)
                                            *lisa.phillips@fischllp.com*
                                            Adam A. Allgood (*pro hac vice*)
                                            *adam.allgood@fischllp.com*
                                            FISCH SIGLER LLP
                                            5301 Wisconsin Avenue NW
                                            Fourth Floor
                                            Washington, DC 20015
                                            202.362.3500

                                            *Attorneys for Amazon Web Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois, via the CM/ECF system, which will send notice to all counsel of record who have consented to service by electronic means.

*/s/ R. William Sigler*
R. William Sigler