# Exhibit A



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/019,034 | 11/19/2021 | 7233978 | | 3927 |

7590        12/23/2021

BRINKS HOFER GILSON & LIONE
P.O. BOX 10395
CHICAGO, IL 60610

| EXAMINER |
|---|
| CAMPBELL, JOSHUA D |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 12/23/2021 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

**UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

FISCH SIGLER LLP
5301 WISCONSIN AVENUE, NW
FOURTH FLOOR
WASHINGTON, DC 20015

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/019,034* .

PATENT UNDER REEXAMINATION *7233978* .

ART UNIT *3992* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| | Control No. | Patent Under Reexamination |
|---|---|---|
| ***Order Granting Request For Ex Parte Reexamination*** | 90/019,034 | 7233978 |
| | Examiner | Art Unit | AIA (FITF) Status |
| | JOSHUA D CAMPBELL | 3992 | No |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>11/19/2021</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐   PTO-892,   b)☑   PTO/SB/08,   c)☐   Other: _____

1. ☑   The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

| /JOSHUA D CAMPBELL/ Primary Examiner, Art Unit 3992 | | |
|---|---|---|

cc:Requester ( if third party requester )

## Decision on Request

1)      A substantial new question (SNQ) of patentability affecting claims 1, 3, 6, 10, 14, 17, 23, 24, 30, and 31 of United States Patent Number 7,233,978 (hereinafter "Overton") is raised by the request for *ex parte* reexamination filed 19 November 2021.

## *Information Disclosure Statement*

2)      Where the IDS citations are submitted but not described, the examiner is only responsible for cursorily reviewing the references. The initials of the examiner on the PTO-1449 indicate only that degree of review unless the reference is either applied against the claims, or discussed by the examiner as pertinent art of interest, in a subsequent office action.

See Guidelines for Reexamination of Cases in View of In re Portola Packaging, Inc., 110 F.3d 786, 42 USPQ2d 1295 (Fed. Cir. 1997), 64 FR at 15347, 1223 Off. Gaz. Pat. Office at 125 (response to comment 6).

Consideration by the examiner of the information submitted in an IDS means that the examiner will consider the documents in the same manner as other documents in Office search files are considered by the examiner while conducting a search of the prior art in a proper field of search. The initials of the examiner placed adjacent to the citations on the PTO-1449 or PTO/SB/08A and 08B or its equivalent mean that the information has been considered by the examiner to the extent noted above.

Regarding IDS submissions MPEP 2256 recites the following: "Where patents, publications, and other such items of information are submitted by a party (patent owner) in compliance with the requirements of the rules, the requisite degree of consideration to be given to such information will be normally limited by the degree to which the party filing the information citation has explained the content and relevance of the information."

## Affidavits, Declarations, or Other Written Evidence

3)      The Examiner recognizes that a declaration by Joseph B. Greene (Exhibit 6) has been referenced in support of Third Party Requester. The declaration has been considered and made of record. The Examiner further notes that affidavits or declarations or other written evidence which explain the contents or pertinent dates of prior art patents or printed publications in more detail may be considered in reexamination (see: MPEP 2258(I)(E)), but any rejection must be based upon the prior art patents or printed publications as explained by the affidavits or declarations or other written evidence. The rejection in such circumstances cannot be based on the affidavits or declarations or other written evidence as such, but must be based on the prior art patents or printed publications. In the instant case, the submitted Greene Declaration at least further explains the contents of the prior art patents and printed publications in more detail.

## Prior art cited in the Request

4)      The present request indicates that the Requester considers that a substantial new question of patentability is raised as to claims 1, 3, 6, 10, 14, 17, 23, 24, 30, and 31 of the Overton patent by the following prior art references:

      a.      **ONAG** – "Oracle Names Administrator's Guide, Release 2.0"

      b.      **OSG** – "Oracle DBA Survival Guide, 1st ed."

      c.      **McGarvey** – U.S. Patent No. 5,777,989

      d.      **Rajani** – U.S. Patent No. 5,301,286

## Prosecution History

5)      The Overton patent application was assigned serial number 09/872,736, filed June 1, 2001. During the original prosecution, the Overton application initially included claims 1-45.  The Overton

application was a continuation-in-part of application 09/661,222, filed on September 13, 2000 (U.S.

Patent 7,103,640), a continuation-in-part of application 09/503,441, filed on February 14, 2000

(abandoned), a continuation-in-part of application 09/367,461, filed on August 13, 1999 (abandoned), a

continuation-in-part of application 09/111,896, filed on July 8, 1998 (abandoned).  The Overton

application also relied on Provisional Applications 60/277,408, filed on March 19, 2001 and 60/209,070,

filed on June 2, 2000.  On December 6, 2004, the examiner mailed a requirement for restriction/election

that restricted the claims in to two groups.  In the response filed January 6, 2005, the patent owner elected

with traverse group II (claims 24-45) for examination.  The claims as they were originally filed were

rejected over Lumelsky et al. in view of Bowman-Amuah.  In response to this rejection applicant

amended the claims as follows in the response filed November 1, 2006, using original claims 1, 17, and

24 (renumbered as claims 1, 10, and 17 when allowed) as example:

> 1.    (Currently Amended) A system ~~having a plurality of location servers~~ for
> managing location information and providing location information to location queries, the
> system comprising:
>
>    ~~a transfer protocol comprising an identifier and at least one location~~
> ~~associated with the identifier, wherein the identifier uniquely specifies an entity and~~
> ~~wherein each location specifies a location of data in a network pertaining to the entity;~~
>
>    a ~~first~~ location server containing ~~a first set of~~ location information
> corresponding to at least one entity, the location information ~~comprising an identifier and~~
> ~~at least one location string associated with the identifier, wherein the identifier identifies~~
> ~~an entity and the location string specifies a location of data pertaining to the entity~~
> ~~formatted according to the transfer protocol, and wherein the location of data for the~~
> ~~location comprises an application server in communication with the network;~~
>
>    ~~a second location server comprising a second set of location information,~~
> ~~wherein at least a portion of the second set of location information differs from the first~~
> ~~set of location information;~~ and
>
>    programming logic stored on ~~each of the location servers~~ ~~the location~~
> ~~server~~ responsive to a location query identifying a desired entity to return a location
> message, the location message comprising ~~all~~ ~~at least one location of data pertaining to~~
> ~~locations associated with the desired entity,~~ ~~wherein the location server returns the~~
> ~~location message if the location server~~ ~~receiving the location query~~ contains location
> information for the desired entity.

17.    (Currently Amended)  A system ~~having a plurality of location servers~~ for managing location information and providing ~~data~~ location information to location queries, the system comprising:

~~a transfer protocol comprising an identifier and at least one location association, wherein the identifier uniquely specifies an entity and wherein each location specifies a location pertaining to the entity;~~

a plurality of location servers containing location information corresponding to a plurality of entities, the location information formatted according to a ~~the~~ transfer protocol configured for manipulating location information, and comprising at least one application server address, wherein the plurality of location servers are arranged in a ~~server~~ cluster topology such that each location server contains a unique set of location information ~~portion~~ of an aggregate set of the location information; and

programming logic stored on each of the plurality of location servers responsive to a location query for a desired identifier to return one of a location message, wherein a queried location server returns a location message if the queried location server contains location information for the desired identifier, and a redirect message if the queried location server does not contain location information relevant to the desired identifier, wherein the redirect message comprises information for finding a location server having ~~a list of all of the plurality of location servers containing~~ location information related to the desired identifier.

24.    (Currently Amended)  A method of scaling at least one of capacity and transaction rate capability in a location server ~~capacity and transaction rate capability~~ in a system having a plurality of location servers for storing and retrieving location information, wherein each of the plurality of location servers stores unique set of location information of an aggregate set of location information, the method comprising:

providing a transfer protocol configured to transport identifier and location information, the location information specifying the location of information related ~~relevant~~ to the identifier;

~~providing a first location server~~ storing location information formatted according to the transfer protocol at a first location server;

receiving an identifier and a location relevant to the identifier at the first location server;

storing the received location in a location store at the first data location server, the location store comprising a plurality of identifiers, each identifier associated with at least one location, wherein the received location is associated with the received identifier in the location store; and

> transferring a portion of the identifiers and associated locations to a
> second data location server when a performance criterion of the first location server
> reaches a predetermined performance limit.

The patent owner also provided arguments in reference to the amendments made, again using claim 24 as

example, patent owner argued the following:

> Lumelsky's "transient replica" refers to a multimedia object, not location
> information. Therefore, Lumelsky teaches transferring data objects to additional servers
> but does not teach transferring portions of location information to additional servers
> separate from data objects. Lumelsky fails to teach or suggest the separate
> management of location information pertaining to the data, therefore Lumelsky does not
> teach transferring a portion of the identifiers and associated locations to a second data
> location server when a performance criterion of the first location server reaches a
> predetermined performance limit as claimed in claim 24.
>
> Thus, Lumelsky does not teach either (a) a method of scaling at least one of
> location server capacity and transaction rate capability in a system for storing and
> retrieving location information, or (b) transferring a portion of the identifiers and
> associated locations to a second data location server when a performance criterion of
> the first location server reaches a predetermined performance limit. Also, Applicants
> have amended claim 24 to note that different sets of location information are maintained
> on each of the location servers to further emphasize the difference between Lumelsky
> and the invention of claim 24.
> For at least these reasons, Applicants submit that independent Claim 24 is
> patentable over Lumelsky. Claims 25-37 are dependent claims, therefore their
> allowability directly follows from the allowability of independent claim 24.

The claims withdrawn via the restriction requirement were reintroduced and entered into examination by

the examiner based on the amendments and arguments made. The previous rejections of the claims under

Lumelsky et al. and/or of Bowman-Amuah were withdrawn in response to the amendments and

arguments made. The application was passed to allowance in the Notice of Allowance mailed February

13, 2007. The examiner made the following statement of reasons for allowance in the notice of

allowance:

In interpreting the claims, in light of the specification and the applicant's arguments, the Examiner finds the claimed invention to be patentably distinct from the prior art of record. Lumelsky et al., US Pat. No. 6,466,980 B1, teaches the invention substantially as claimed. Lumelsky teaches a system and method for capacity shaping in an internet environment to enable network management functions such as load balancing. Lumelsky also teaches a replica directory (66) for storing location information of a data object to retrieve all replicas of the data object using the user provided unique object identifier (See Lumelsky, col. 9, lines 22 – col. 10, line 3).

However, the prior art of record fails to teach or suggest individually or in combination a system in which a location query requests from multiple servers location information, separate from the data objects to which the location information pertains, to be returned to the requestor. The Examiner finds the applicant's arguments in page 10, lines 9-27 of the amendment filed November 1, 2006 to be persuasive. The applicant argued in substance that Lumelsky does not teach a system and method for management of location information separate from the data to which the location information pertains, but instead relates to manipulation of the actual data (multimedia objects in Lumelsky) rather than just the location information for that data.

Following the issuance of the Overton patent, IPR2020-00276 was requested to challenge claims 1, 3, 6, 10, 14, 17, 23, 24, 30, and 31 in view of "Network Working Group RFC 1034", Neimat (U.S. Patent 5,542,087), and "Load Management in Distributed Video Servers". On June 16, 2020, the PTAB issued a decision Denying Institution of *Inter Partes* Review because the petition failed to demonstrate a reasonable likelihood that petitioner would prevail in establishing the unpatentability of the claims in question.

Thus, as it currently stands based on the prosecution history of the Overton application, it appears that the claims of the Overton patent were allowed at least in part based on the limitations regarding location query requests and how the servers respond to said requests with location information separate from the actual data to which the location information points. For example, said allowable subject matter is encompassed by limitations such as "programming logic stored on each of the location servers responsive to a location query identifying a desired entity to return a location message, the location message comprising at least one location of data pertaining to the desired entity, if the location server

receiving the location query contains location information for the desired entity" found in claim 1,

"programming logic stored on each of the plurality of location servers responsive to a location query for a

desired identifier to return one of a location message, wherein a queried location server returns a location

message if the queried location server contains location information for the desired identifier, and a

redirect message if the queried location server does not contain location information relevant to the

desired identifier, wherein the redirect message comprises information for finding a location server

having location information related to the desired identifier" found in patent claim 10 (originally claim

17), and "transferring a portion of the identifiers and associated locations to a second data location server

when a performance criterion of the first location server reaches a predetermined performance limit"

found in patent claim 17 (original claim 24).

### *Priority and Patent Term*

6)      As mentioned above, the Overton patent was a continuation-in-part of application 09/661,222,

filed on September 13, 2000 (U.S. Patent 7,103,640), a continuation-in-part of application 09/503,441,

filed on February 14, 2000 (abandoned), a continuation-in-part of application 09/367,461, filed on August

13, 1999 (abandoned), a continuation-in-part of application 09/111,896, filed on July 8, 1998

(abandoned).  The Overton application also relied on Provisional Applications 60/277,408, filed on March

19, 2001 and 60/209,070, filed on June 2, 2000.

MPEP 2701(I) states the following:

*A patent granted on a continuation, divisional, or continuation-in-part application that was filed*

*on or after June 8, 1995, will have a term which ends twenty years from the filing date of earliest*

*application for which a benefit is claimed under 35 U.S.C. 120, 121, 365(c), or 386(c)  regardless*

*of whether the application for which a benefit is claimed under 35 U.S.C. 120, 121, or 365(c)*

*was filed prior to June 8, 1995.*

Based on the citation above, the Overton patent is expired. The term of twenty years from the filing date of the earliest filed application (09/111,896, filed on July 8, 1998) for which a benefit is claimed plus the term adjustment of 810 days under 35 U.S.C. 154(b) has passed. The patent expired on September 25, 2000.

7)        37 C.F.R. 1.530(j) states, "No enlargement of claim scope. No amendment may enlarge the scope of the claims of the patent or introduce new matter. ***No amendment may be proposed for entry in an expired patent. Moreover, no amendment, other than the cancellation of claims, will be incorporated into the patent by a certificate issued after the expiration of the patent.***" (emphasis added). Thus, because the patent is expired no amendments of the claims will be allowed aside from the cancellation of claims.

Additionally, in making the determination of whether to order reexamination, the Office will determine the proper meaning of the patent claims by giving the claims their broadest reasonable interpretation consistent with the specification (see In re Yamamoto, 740 F.2d 1569 (Fed. Cir. 1984)), except in the case of an expired patent (in a reexamination involving claims of an expired patent, claim construction is pursuant to the principle set forth by the court in Phillips v. AWH Corp., 415 F.3d 1303, 1316, 75 USPQ2d 1321, 1329 (Fed. Cir. 2005) (words of a claim "are generally given their ordinary and customary meaning" as understood by a person of ordinary skill in the art in question at the time of the invention, see Ex parte Papst-Motoren, 1 USPQ2d 1655 (Bd. Pat. App. & Inter. 1986)).

### Substantial New Question of Patentability

8)        The italicized sections of claim 1 and claim 10 are utilized by the examiner to show how specific teachings of the proposed references create a substantial new question of patentability.

1. A system having a plurality of location servers for managing location information and providing location information to location queries, the system comprising:

a first location server containing a first set of location information corresponding to at

    least one entity, the location information comprising an identifier and at least one

    location string associated with the identifier, wherein the identifier identifies an entity

    and the location string specifies a location of data pertaining to the entity

a second location server comprising a second set of location information, wherein at least

    a portion of the second set of location information differs from the first set of location

    information; and

*programming logic stored on each of the location servers responsive to a location query*

    *identifying a desired entity to return a location message, the location message*

    *comprising at least one location of data pertaining to the desired entity, if the*

    *location server receiving the location query contains location information for the*

    *desired entity.*


10. A system having a plurality of location servers for managing location information and

providing location information to location queries, the system comprising:

    a plurality of location servers containing location information corresponding to a plurality

        of entities, the location information formatted according to a transfer protocol

        configured for manipulating location information, and comprising at least one

        application server address, wherein the plurality of location servers are arranged in a

        cluster topology such that each location server contains a unique set of location

        information of an aggregate set of the location information; and

    *programming logic stored on each of the plurality of location servers responsive to a*

        *location query for a desired identifier to return one of a location message, wherein a*

        *queried location server returns a location message if the queried location server*

        *contains location information for the desired identifier, and a redirect message if the*

        *queried location server does not contain location information relevant to the desired*

*identifier, wherein the redirect message comprises information for finding a location*

*server having location information related to the desired identifier.*

### ONAG in view of OSG

9)      The Request shows that ONAG and OSG provide teachings relevant to the determination of

patentability regarding the following limitations, for claim 1:

*programming logic stored on each of the location servers responsive to a location query*

*identifying a desired entity to return a location message, the location message comprising at*

*least one location of data pertaining to the desired entity, if the location server receiving the*

*location query contains location information for the desired entity.*

ONAG describes a portable software that runs on a variety of computer platforms

(pages 62-63 of ONAG).  An example found on page 129 of ONAG shows a query and the

systems response, reproduced below:

```
NAMESCTL> QUERY BONES.DEM.MEDICINE A.SMD
Total response time:    0.04 seconds
Response status:        normal, successful completion
Authoritative answer:   yes
Number of answers:      1
Canonical name:         bones.dem.medicine
TTL:                    1 day
Alias translations:
    from:               bones.dem.medicine
    to:                 bones.dem.medicine
Answers:
    data type is "a.smd"
        Syntax is ADDR:...{DESCRIPTION=(ADDRESS=
    {COMMUNITY=tcp}{PROTOCOL=TCP}{Host=cowboy}
    {Port=1522}}{CONNECT_DATA={SID=rodeo}}}
```

As can be seen in the example above, the request from the client for location information

results in a response ("Answers") which provides the location information for the desired

entity (see also page 109 of ONAG).

OSG describes an SQL query to be used explicitly to "determine the location of your data files" (page 152 of OSG).



The ONAG and OSG references were not previously discussed by the examiner nor applied to claims 1, 17, 23, 24, 30, and/or 31 in the prior examination of the patent as discussed above. Additionally, claims 1, 17, 23, 24, 30, and/or 31 were not subject to any Final Written Decision in view of ONAG or OSG in the IPR proceeding discussed above.

It is agreed that ONAG in view of the OSG raises a substantial new question of patentability with respect to at least independent claim 1 of the Overton patent. There is a substantial likelihood that an examiner would consider these new, non-cumulative technological teachings important in deciding whether or not these claims are patentable.

Accordingly, ONAG in view of the OSG raises a substantial new question of patentability with respect to at least independent claim 1 of the Overton patent, a question which has not been decided in a previous examination of the Overton patent nor was there a final holding of invalidity by the Federal Courts regarding the Overton patent.

### ONAG in view of OSG and McGarvey

10)     The Request shows that ONAG, OSG, and McGarvey provide teachings relevant to the

determination of patentability regarding the following limitations, for claim 10:

> *programming logic stored on each of the plurality of location servers responsive to a location*
>
> *query for a desired identifier to return one of a location message, wherein a queried location*
>
> *server returns a location message if the queried location server contains location information*
>
> *for the desired identifier, and a redirect message if the queried location server does not*
>
> *contain location information relevant to the desired identifier, wherein the redirect message*
>
> *comprises information for finding a location server having location information related to the*
>
> *desired identifier.*

ONAG describes a portable software that runs on a variety of computer platforms

(pages 62-63 of ONAG).  An example found on page 129 of ONAG shows a query and the

systems response, reproduced below:

```
NAMESCTL> QUERY BONES.DEM.MEDICINE A.SMD
Total response time:      0.04 seconds
Response status:          normal, successful completion
Authoritative answer:     yes
Number of answers:        1
Canonical name:           bones.dem.medicine
TTL:                      1 day
Alias translations:
     from:                bones.dem.medicine
     to:                  bones.dem.medicine
Answers:
     data type is "a.smd"
          Syntax is ADDR:...{DESCRIPTION={ADDRESS=
     {COMMUNITY=tcp}{PROTOCOL=TCP}{Host=cowboy}
     {Port=1522}}{CONNECT_DATA={SID=rodeo}}}
```

As can be seen in the example above, the request from the client for location information

results in a response ("Answers") which provides the location information for the desired

entity (see also page 109 of ONAG).

ONAG also discusses request forwarding or alternatively disabling request forwarding and instead responding to said request with the address of another Names Server that can answer the request (page 137 of ONAG).

OSG describes an SQL query to be used explicitly to "determine the location of your data files" (page 152 of OSG).

This information should start you on the way to understanding Oracle data files. Later chapters discuss the objects that you place within a data file and maintenance of the tablespaces and data file. For now, ensure that you understand what these data files are and their relationship with tablespaces. The following is the SQL query that enables you to determine the location of your data files:

```
SQL> select * from sys.dba_data_files;

FILE_NAME
-----------------------------------------------------------------
  FILE_ID TABLESPACE_NAME          BYTES   BLOCKS STATUS
-----------------------------------------------------------------
C:\ORANT\DBS\wdbers.ora
        3 ROLLBACK_DATA          3145728     3800 AVAILABLE

C:\ORANT\DBS\wdbtemp.ora
        4 TEMPORARY_DATA         2887152     3600 AVAILABLE

C:\ORANT\DBS\wdbuser.ora
        2 USER_DATA              3145728     3800 AVAILABLE

C:\ORANT\DBS\wdbsyst.ora
        1 SYSTEM                10485760     5120 AVAILABLE

SQL>
```

Additionally, McGarvey describes the functionality and hierarchy of name servers. McGarvey states, "In the TCP/IP name resolution process, a name resolution query is sent to the name server by the host, and if the query is successful, the name server returns a reply containing the host address. A particular name server may contain information on only a subset of the domain namespace, but the name server typically belongs to a hierarchy of name servers, and if it does, either it communicates with other members of the hierarchy to attempt to resolve host names, **or it returns information referring the client to another server in the hierarchy, so that the client can redirect the query.**" (column 1, lines 39-49 of McGarvey, emphasis added, see also column 5, lines 3-32).

The ONAG, OSG, McGarvey references were not previously discussed by the examiner nor applied to claims 3, 10, and/or 14 in the prior examination of the patent as discussed above. Additionally,

claims 3, 10, and/or 14 were not subject to any Final Written Decision in view of ONAG, OSG, or

McGarvey in the IPR proceeding discussed above.

It is agreed that ONAG in view of the OSG and McGarvey raises a substantial new question of

patentability with respect to at least independent claim 10 of the Overton patent. There is a substantial

likelihood that an examiner would consider these new, non-cumulative technological teachings important

in deciding whether or not these claims are patentable.

Accordingly, ONAG in view of the OSG and McGarvey raises a substantial new question of

patentability with respect to at least independent claim 10 of the Overton patent, a question which has not

been decided in a previous examination of the Overton patent nor was there a final holding of invalidity

by the Federal Courts regarding the Overton patent.


### ONAG in view of OSG and Rajani

11)      The Rajani reference has been cited in combination with the ONAG and OSG references in the

Request as part of the proposed rejections. The Rajani reference was not previously discussed by the

examiner nor applied to claims 1 and 6 in the prior examination or *Inter Partes* Review of the patent as

discussed above. The Rajani reference, in combination with the ONAG and OSG references raises an

SNQ at least based on the discussion of the ONAG and OSG references above. The Request shows that

ONAG and OSG provide teachings that are relevant to the limitations noted above which may have been

material in determining the patentability of the Overton patent claims at the time of allowance.

It is agreed that the consideration of Rajani in combination with ONAG and OSG raises an SNQ

with respect to at least independent claim 1 and thus dependent claim 6 of the Overton patent as pointed

out above. There is a substantial likelihood that a reasonable examiner would consider these teachings

important in deciding whether or not these claims are patentable.

Accordingly, the combination of the Rajani reference with the ONAG and OSG references raises

a substantial new question of patentability with respect to at least independent claim 1 of the Overton

patent, which question has not been decided in a previous examination of the Overton patent nor was

there a final holding of invalidity by the Federal Courts regarding the Overton patent.

## Scope of Reexamination

12)      Claim 1, 3, 6, 10, 14, 17, 23, 24, 30, and 31 will be reexamined as requested.

## *Conclusion*

13)      Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the

provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding.

Additionally, 35 U.S.C. 305 requires that reexamination proceedings "will be conducted with special

dispatch" (37 CFR 1.550(a)).  Extension of time in *ex parte* reexamination proceedings are provided for

in 37 CFR 1.550(c).

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise

the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No.

7,233,978 throughout the course of this reexamination proceeding.  See MPEP §§ 2207, 2282 and 2286.

All correspondence relating to this ex parte reexamination proceeding should be directed as

follows:

By U.S. Postal Service Mail to:

     Mail Stop Ex Parte Reexam
     ATTN: Central Reexamination Unit
     Commissioner for Patents
     P.O. Box 1450
     Alexandria, VA 22313-1450

By FAX to:

     (571) 273-9900

Central Reexamination Unit

By hand to:

Customer Service Window
Randolph Building
401 Dulany St.
Alexandria, VA 22314

By EFS-Web:

Registered users of EFS-Web may alternatively submit such correspondence via the electronic
filing system EFS-Web, at

https://efs.uspto.gov/efile/myportal/efs-registered

EFS-Web offers the benefit of quick submission to the particular area of the Office that needs to
act on the correspondence. Also, EFS-Web submissions are "soft scanned" (i.e., electronically uploaded)
directly into the official file for the reexamination proceeding, which offers parties the opportunity to
review the content of their submissions after the "soft scanning" process is complete.

Any inquiry concerning this communication or earlier communications from the Reexamination

Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the Central

Reexamination Unit at telephone number (571) 272-7705.

/JOSHUA D CAMPBELL/
Primary Examiner, Art Unit 3992

Conferees:

/ADAM L BASEHOAR/
Primary Examiner, Art Unit 3992

/ALEXANDER J KOSOWSKI/
Supervisory Patent Examiner, Art Unit 3992

**Reexamination**

| Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|
| 90/019,034 | 7233978 |
| **Certificate Date** | **Certificate Number** |
| | |

| Requester Correspondence Address: ☐    Patent Owner ☑    Third Party |
|---|
| FISCH SIGLER LLP<br>5301 WISCONSIN AVENUE, NW<br>FOURTH FLOOR<br>WASHINGTON, DC 20015 |

| **LITIGATION REVIEW** ☑ | JDC<br>(examiner initials) | 09 December 2021<br>(date) |
|---|---|---|
| | Case Name | Director Initials |
| 1:18cv8175 – Open | | |

| COPENDING OFFICE PROCEEDINGS | |
|---|---|
| **TYPE OF PROCEEDING** | **NUMBER** |
| Inter Partes Review | IPR2020-00276 (Denied Institution) |

| | |
|---|---|
| | |

| Search Notes | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 90/019,034 | 7233978 |
| | Examiner | Art Unit |
| | JOSHUA D CAMPBELL | 3992 |

| CPC - Searched* | | |
|---|---|---|
| Symbol | Date | Examiner |
| | | |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| Symbol | Date | Examiner |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| Search Notes | | |
|---|---|---|
| Search Notes | Date | Examiner |
| Reviewed patented file's prosecution history, the request, and proposed prior art | 12/09/2021 | JDC |

| Interference Search | | | |
|---|---|---|---|
| US Class/CPC Symbol | US Subclass/CPC Group | Date | Examiner |
| | | | |

| | |
|---|---|
| | |

PTO/SB/08b (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

Substitute for form 1449/PTO

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT

*(Use as many sheets as necessary)*

| | | | | |
|---|---|---|---|---|
| Sheet | 1 | of | 2 | |

| *Complete if Known* | |
|---|---|
| Application Number | ~~Not Yet Assigned~~ 90/019,034 |
| Filing Date | June 1, 2001 |
| First Named Inventor | John K. Overton  3992 |
| Art Unit | ~~N/A~~ |
| Examiner Name | ~~Not Yet Assigned~~  ~~Campbell~~ |
| Attorney Docket Number | N/A |

## U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | US 7,233,978 | 06-19-2007 | Overton et al. | |
| | 4 | US 5,777,989 | 07-07-1998 | McGarvey | |
| | 5 | US 5,301,286 | 04-05-1994 | Rajani | |
| | 7 | US 7,103,640 | 09-13-2000 | Overton et al. | |
| | 8 | US 7,814,170 | 10-12-2010 | Overton et al. | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document — Country Code[3] Number[4] Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

## NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
|---|---|---|---|
| | 2 | LARRY NEUMANN & MARY OWEN, Oracle Names Administrator's Guide, Release 2.0 (1996 Oracle Corp., Redwood City, CA) (223 pages) | |
| | 3 | JOSEPH B. GREENE, Oracle DBA Survival Guide, 1st ed., ISBN: 0672306816 (October 1, 1995 Sams Publishing, Indianapolis, Ind.) (Part 1-346 pages, Part 2-446 pages) | |
| | 6 | Declaration of Joseph B. Greene Under 37 C.F.R. § 1.132 (108 pages) | |
| | 9 | Prosecution History of US Patent No. 7,103,640 (589 pages) | |
| | 10 | Prosecution History of US Patent No. 7,233,978 (443 pages) | |
| | 11 | Prosecution History of US Patent No. 7,814,170 (305 pages) | |
| | 12 | Departments of Informatics, Oracle V2, Virtual Exhibitions in Informatics, University of Klagenfurt (September 30, 2019), http://cs-exhibitions.uni-klu.ac.at/index.php?id=403 (2 pages) | |
| | 13 | STEVEN BOBROWSKI, CYNTHIA CHIN–LEE, CINDY CLOSKEY, JOHN FRAZZINI, & DANNY SOKOLSKY, Oracle7 Server Concepts, Release 7.3 (February 1996, Oracle Corp., Redwood City, CA) (525 pages) | |
| | 14 | GEORGE KOCH & KEVIN LONEY, Oracle: The Complete Reference, Electronic Edition, ISBN: 0078822858, (1996, Oracle Press) (Excerpts, 9 pages) | |
| | 15 | KEVIN LONEY, Oracle DBA Handbook, 7.3 Edition, ISBN: 0078822890, (1997, McGraw-Hill Osborne Media) (Excerpts, 14 pages) | |

| Examiner Signature | /JOSHUA D CAMPBELL/ | Date Considered | 12/09/2021 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.  [1] Applicant's unique citation designation number (optional).  [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04.  [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3).  [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.  [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible.  [6] Applicant is to place a check mark here if English language Translation is attached.

PTO/SB/08b (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | **Complete if Known** | |
|---|---|---|---|---|
| | | | Application Number | Not Yet Assigned |
| | | | Filing Date | February 13, 2006 |
| | | | First Named Inventor | John K. Overton |
| | | | Art Unit | N/A |
| | | | Examiner Name | Not Yet Assigned |
| Sheet | 2 | of | 2 | Attorney Docket Number | N/A |

### U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3] Number[4] Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

### NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
|---|---|---|---|
| | 16 | Kove IO, Inc. v. Amazon Web Services, Inc., 1:18-cv-08175 (N.D. Ill.), Kove's Memorandum in Opposition to Amazon Web Services, Inc.'s Motion for Judgment on the Pleadings, D.I. 145 (May 29, 2020) (16 pages) | |
| | 17 | Kove IO, Inc. v. Amazon Web Services, Inc., 1:18-cv-08175 (N.D. Ill.), Joint Claim Construction Chart (Updated), D.I. 382 (August 11, 2021) (7 pages) | |
| | 18 | Declaration of Sylvia D. Hall-Ellis, Ph.D. Under 37 C.F.R. § 1.132 Regarding Publication of Oracle Names Administrator's Guide, Release 2.0 (Exhibit 2) (61 pages) | |
| | 19 | Library of Congress Catalog Listing for Joseph B. Greene, Oracle DBA Survival Guide, 1st ed. ISBN: 0672306816 (Sams Publishing, Indianapolis, Ind.) (1 page) | |
| | 20 | Amazon Web Services, Inc., v. Kove IO, Inc., IPR2020-00276, Paper 11 (Patent Owner's Preliminary Response) (PTAB March 19, 2020) (58 pages) | |
| | 21 | Amazon Web Services, Inc., v. Kove IO, Inc., IPR2020-00276, Paper 23 (Decision) (PTAB March 19, 2020) (25 pages) | |
| | 22 | Oracle - Investor Relations – FAQ, Frequently Asked Questions, https://investor.oracle.com/faq/default.aspx (last accessed October 4, 2021) (5 pages) | |
| | 23 | Kove IO, Inc. v. Amazon Web Services, Inc., 1:18-cv-08175 (N.D. Ill.), Kove IO, Inc.'s Final Enforceability and Validity Contentions (August 13, 2020) (20 pages) | |
| | 24 | NSN 7610-01-448-8459, 7610014488459, ISO Group Defense and Aerospace Supply Chain Partner, https://www.iso-group.com/NSN/7610-01-448-8459 (last accessed on October 12, 2021) (5 pages) | |

| Examiner Signature | /JOSHUA D CAMPBELL/ | Date Considered | 12/09/2021 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /J.D.C/