**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KOVE IO, INC.,

*Plaintiff*,

v.

AMAZON WEB SERVICES, INC.,

*Defendant*.

Case No. 1:18-cv-8175

**AWS'S MOTION TO STAY CASE PENDING OUTCOME OF *EX PARTE* REEXAMINATIONS**

Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Lisa Phillips (*pro hac vice*)
*lisa.phillips@fischllp.com*
Matthew R. Benner (*pro hac vice pending*)
*matthew.benner@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Fourth Floor
Washington, DC 20015
202.362.3500

*Attorneys for Amazon Web Services, Inc.*

# TABLE OF CONTENTS

I. INTRODUCTION ....................................................................................................1

II. BACKGROUND ....................................................................................................2

A. *Ex Parte* Reexaminations....................................................................................2

B. AWS's EPR Requests ...........................................................................................3

C. Status of This Matter.............................................................................................4

III. LEGAL STANDARD.............................................................................................5

IV. THE RELEVANT FACTORS CONFIRM THAT A STAY IS WARRANTED. ................5

A. A Stay Pending the EPRs Will Simplify the Issues for Trial. ....................................6

B. A Stay Will Reduce the Burden on the Parties and the Court. ..................................8

C. A Stay Won't Unduly Prejudice or Tactically Disadvantage Kove. ............................9

V. EXCEPTIONAL CIRCUMSTANCES SUPPORT THIS MOTION'S FILING. ................11

VI. CONCLUSION.....................................................................................................13

**TABLE OF AUTHORITIES**

**Cases**

*454 Life Sciences Corp. v. Ion Torrent Systems, Inc.*,
No. 15-cv-595, 2016 WL 6594083 (D. Del. Nov. 7, 2016) ........ 6

*Baxter Int'l, Inc. v. CareFusion Corp.*,
No. 15-cv-9986, 2017 WL 11624669 (N.D. Ill. May 31, 2017) ........ 2, 10, 11

*Baxter Int'l, Inc. v. Fresenius Med. Care Holdings, Inc.*,
No. 08-cv-2389, 2008 WL 4395854 (N.D. Ill. Sept. 25, 2008) ........ 5

*Black & Decker Inc. v. Positec USA, Inc.*,
No. 13-cv-3075, 2013 WL 5718460 (N.D. Ill. Oct. 1, 2013) ........ 9

*Brit. Telecommc'ns PLC v. IAC/InterActiveCorp*,
No. 18-cv-366, 2020 WL 5517283 (D. Del. Sept. 11, 2020) ........ 1, 5, 6, 8

*Cascades Computer Innovation, LLC v. SK hynix Inc.*,
No. 11-cv-4356, 2012 WL 2086469 (N.D. Ill. May 25, 2012) ........ 6, 10

*CIVIX v. Nat'l Ass'n of Realtors*,
No. 05-cv-6869, 2007 WL 7759150 (N.D. Ill. Sept. 17, 2007) ........ 2, 5, 13

*ClearPlay v. Dish Network LLC*,
2:14-cv-191, 2021 WL 2515008 (D. Utah June 18, 2021) ........ 12

*Contour IP Holding, LLC v. GoPro, Inc.*,
No. 17-cv-4738, 2018 WL 6574188 (N.D. Cal. Dec. 12, 2018) ........ 2, 8

*Ethicon, Inc. v. Quigg*,
849 F.2d 1422 (Fed. Cir. 1988) ........ 5

*Evolutionary Intelligence, LLC v. Yelp, Inc.*,
No. 13-cv-3587, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) ........ 10

*E-Watch, Inc. v. Lorex Canada, Inc.*,
No. 4:12-cv-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013) ........ 8

*Finjan, Inc. v. Symantec Corp.*,
139 F. Supp. 3d 1032 (N.D. Cal. 2015) ........ 1, 6

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
721 F.3d 1330 (Fed. Cir. 2013) ........ 6

*Gould v. Control Laser Corp.*,
705 F.2d 1340 (Fed. Cir. 1983) ........ 2, 13

*Gramm v. Deere & Co.*,
No. 3:14-cv-575, 2016 WL 10789859 (N.D. Ind. Sept. 12, 2016) ........................................... 5

*Huawei Techs., Co. v. Samsung Elecs. Co.*,
No. 3:16-cv-2787, 2018 WL 1471715 (N.D. Cal. Mar. 26, 2018)....................................... 2, 9

*Ignite USA, LLC v. Pac. Mkt. Int'l, LLC*,
No. 14-cv-856, 2014 WL 2505166 (N.D. Ill. May 29, 2014) ................................................... 9

*In re Rambus, Inc.*,
753 F.3d 1253 (Fed. Cir. 2014) .................................................................................................. 7

*JAB Distributors, LLC v. London Luxury, LLC*,
No. 09C5831, 2010 WL 1882010 (N.D. Ill. May 11, 2010)......................................... 3, 5, 6, 7

*Medline Indus., Inc. v. C.R. Bard, Inc.*,
No. 17-cv-7216, 2019 WL 10948865 (N.D. Ill. Sept. 10, 2019) ......................................... 1, 7

*MLC Intell. Prop., LLC v. Micron Tech., Inc.*,
No. 14-cv-3657, 2017 WL 4948560 (N.D. Cal. Nov. 1, 2017) ................................................. 7

*NFC Tech. LLC v. HTC Am., Inc.*,
No. 2:13-cv-1058, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ........................................... 9

*Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*,
No. 15-cv-1067, 2015 WL 13650951 (N.D. Ill. May 5, 2015)............................................. 1, 6

*PersonalWeb Techs., LLC v. Apple Inc.*,
69 F. Supp. 3d 1022 (N.D. Cal. 2014) ................................................................................... 6, 9

*PersonalWeb Techs., LLC v. Facebook, Inc.*,
No. 13-cv-1356, 2014 WL 116340 (N.D. Cal. Jan. 13, 2014) .................................................. 2

*Procter & Gamble v. Kraft Foods Global, Inc.*,
549 F.3d 842 (Fed. Cir. 2008)..................................................................................................... 5

*Putco, Inc. v. Carjamz Com Inc.*,
No. 20-cv-50109, 2021 WL 4926499 (N.D. Ill. Mar. 2, 2021)............................................ 5, 10

*Raytheon Co. v. Samsung Elecs. Co.*,
No. 2:15-cv-341, 2016 WL 11639659 (E.D. Tex. Feb. 22, 2016) .......................................... 10

*Robern, Inc. v. Glasscrafters, Inc.*,
No. 16-cv-1815, 2017 WL 132841 (D.N.J. Jan. 13, 2017) ........................................................ 7

*SCA Hygiene Prod. Aktiebolag v. Tarzana Enters., LLC*,
No. 17-cv-4395, 2017 WL 5952166 (C.D. Cal. Sept. 27, 2017) .............................................. 8

*Small Axe Enters. v. Takeya USA Corp.*,
No. 19-cv-2473, 2020 WL 4342554 (C.D. Cal. Mar. 30, 2020) ........ 6

*Smartflash LLC v. Apple Inc.*,
621 F. App'x 995 (Fed. Cir. 2015) ........ 8

*Sorensen v. Black & Decker Corp.*,
No. 06-cv-1572, 2007 WL 2696590 (S.D. Cal. Sept. 10, 2007) ........ 7, 9

*Sun-Flex Co. v. Softview Computer Prod. Corp.*,
No. 89-cv-296, 1989 WL 117976 (N.D. Ill. Sept. 27, 1989) ........ 10

*TC Tech. LLC v. Sprint Corp.*,
No. 16-cv-153, 2021 WL 4521045 (D. Del. Oct. 4, 2021) ........ 7

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
No. 12-cv-5501-SI, 2015 WL 435457 (N.D. Cal. Feb. 2, 2015) ........ 10

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014) ........ 6

*Visual Interactive Phone Concepts, Inc. v. Samsung Telecommc'ns Am., LLC*,
No. 11-cv-12945, 2012 WL 1049197 (E.D. Mich. Mar. 28, 2012) ........ 11

*Wi-LAN Inc. v. Huizhou TCL Mobile Commc'n Co.*,
No. 8:19-cv-870, 2020 WL 1269837 (C.D. Cal. Feb. 7, 2020) ........ 9

**Other Authorities**

35 U.S.C. § 301 ........ 2

35 U.S.C. § 303 ........ 2

35 U.S.C. § 304 ........ 2

35 U.S.C. § 305 ........ 3, 10

LPR 3.4 ........ 4

LPR 3.5 ........ 2, 11, 13

*Northern District of Illinois Adopts Local Patent Rules*,
9 J. Marshall Rev. Intell. Prop. L. 202 (2009) ........ 12

## I. INTRODUCTION

With a decision issued this past Monday, January 10, 2022, the U.S. Patent and Trademark Office (PTO) has now granted AWS's requests for *ex parte* reexamination (EPR) of all 20 claims that Kove asserts here across its three patents-in-suit. Given this development, AWS requests a stay of this case pending the completion of the reexaminations.

All three relevant factors favor a stay. First, a stay will simplify the issues in this case, and potentially moot them. It would eliminate the risk of the Court and parties devoting significant resources to adjudicating and litigating claims that the PTO finds invalid in the reexaminations. And this factor strongly favors a stay where, as here, the PTO is reviewing all asserted claims. Federal Circuit Judge Bryson recently emphasized this in staying a Delaware case he's presiding over by designation, stating that there's a "very strong likelihood that [PTO proceedings] will simplify the issues for trial" where the PTO is reviewing every asserted claim.[1] Second, the case remains at a relatively early stage, with no trial date set. Many of the most resource-intensive tasks still lie ahead, including extensive further fact discovery, expert discovery, dispositive motions, and trial itself. Indeed, the six pending discovery motions and effective stay of future case deadlines until those discovery motions are resolved demonstrate this. And this Court and others have repeatedly granted stays pending PTO proceedings in other cases at this stage or later.[2] Third, a stay won't unduly prejudice Kove, which waited six years after both of

[1] *Brit. Telecommc'ns PLC v. IAC/InterActiveCorp*, No. 18-cv-366, 2020 WL 5517283, at *9 (D. Del. Sept. 11, 2020); *see also Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, No. 15-cv-1067, 2015 WL 13650951, at *2 (N.D. Ill. May 5, 2015) ("Because the PTO's reexamination may narrow or dispose of claims, arguments, and defenses, this factor weighs in favor of [a stay]…. This is especially true where all the asserted patents are under review.") (internal quotation omitted); *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1036 (N.D. Cal. 2015) (A stay "is particularly likely to simplify the case when a party has obtained PTO review of each of the asserted claims.") (internal quotation omitted).

[2] *See*, *e.g.*, *Medline Indus., Inc. v. C.R. Bard, Inc.*, No. 17-cv-7216, 2019 WL 10948865, at *1 (N.D. Ill. Sept. 10, 2019) (staying case during expert discovery); *CIVIX v. Nat'l Ass'n of Realtors*, No. 05-cv-6869,

the accused products were on the market to file this suit. Monetary damages are all that's available to compensate Kove for any infringement, and those damages are no longer accruing since the patents are expired. For these reasons and others detailed below, a stay is warranted pending the outcome of the reexaminations.[3]

## II. BACKGROUND

### A. *Ex Parte* Reexaminations

EPR is an administrative proceeding that the PTO conducts to evaluate the validity of an issued patent.[4] As the Federal Circuit has explained, Congress intended this proceeding to be a "useful and necessary alternative for challengers" to "test the validity of … patents in an efficient and relatively inexpensive manner."[5] Thus, under 35 U.S.C. § 302, "[a]ny person at any time may file a request for [EPR] of any claim of a patent," based on prior-art patents or printed publications. The PTO then has three months to decide whether the request raises a "substantial new question of patentability."[6] If so, it grants the request and initiates the EPR.[7]

---

2007 WL 7759150, at *1 (N.D. Ill. Sept. 17, 2007) (staying case three months after close of fact discovery); *Baxter Int'l, Inc. v. CareFusion Corp.*, No. 15-cv-9986, 2017 WL 11624669, at *5 (N.D. Ill. May 31, 2017) (staying case after significant discovery and claim construction briefing); *Brit. Telecommc'ns*, 2020 WL 5517283, at *9 (staying case two months before trial); *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-cv-2787, 2018 WL 1471715, at *1 (N.D. Cal. Mar. 26, 2018) (staying case after close of fact discovery); *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 13-cv-1356, 2014 WL 116340, at *3 (N.D. Cal. Jan. 13, 2014) (staying case when a "claim construction order has been issued and the close of fact discovery is fast approaching," but a "substantial portion of the work—expert discovery, summary judgment, pre-trial preparation, and trial itself—lies ahead"); *Contour IP Holding, LLC v. GoPro, Inc.*, No. 17-cv-4738, 2018 WL 6574188, at *1 (N.D. Cal. Dec. 12, 2018) (similar).

[3] The parties conferred on the relief requested in this motion, and Kove confirmed that it opposes. And as detailed below, the "exceptional circumstances" required under Local Patent Rule 3.5(b) for filing a motion to stay at this stage (i.e., after final contentions have been served) also is satisfied. Among other reasons, the institution of EPR on all the asserted claims provides such exceptional circumstances. And thus, to the extent leave is required for consideration of this motion, it should be afforded.

[4] *See* 35 U.S.C. § 301, *et seq*.

[5] *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) (quoting legis. history).

[6] 35 U.S.C. § 303(a).

[7] 35 U.S.C. §§ 303–304.

Once initiated, the PTO conducts an EPR on an expedited basis.[8] According to the latest PTO statistics, the average initiated EPR takes about 16 months from the filing of the request to the final decision, or certificate.[9] The patentee may then appeal the EPR result to the Patent Board and the Federal Circuit. And 78.6 percent of EPRs initiated at the request of a third party (i.e., not the patentee or PTO itself) result in one or more of the claims at issue being cancelled or amended.[10]

**B. AWS's EPR Requests**

On November 19, 2021, AWS filed three requests for EPR, which collectively requested EPR of all 20 asserted patent claims of Kove's three patents-in-suit. On December 23, 2021, the PTO granted two of those requests, and initiated EPRs of all asserted claims of Kove's U.S. Patent Nos. 7,103,640 and 7,233,978.[11] And on January 10, 2022, the PTO granted AWS's third request, and initiated EPR of all asserted claims of Kove's U.S. Patent No. 7,814,170.[12]

Each of AWS's EPR requests relied on multiple prior-art references that Kove didn't bring to the PTO's attention, and the PTO didn't consider, during the original prosecution of the patents-in-suit. Based on AWS's arguments and submitted expert evidence, the PTO found that each EPR request raised a "substantial new question of patentability" affecting Kove's asserted

[8] *See* 35 U.S.C. § 305 ("All reexamination proceedings," including agency appeals, "will be conducted with special dispatch."). During the proceeding, Examiners communicate with patentees, similar to patent prosecution. *See JAB Distributors, LLC v. London Luxury, LLC*, No. 09C5831, 2010 WL 1882010, at *2 (N.D. Ill. May 11, 2010) ("The intent … is to 'start over' in the PTO with respect to the limited examination areas."). The party that requested the EPR typically has no further role.

[9] *See* Ex. A at 2. These most recent statistics, for the quarter ending December 2020 (also available at https://www.uspto.gov/learning-and-resources/statistics/reexamination-information), list the "Average Months to EP Certificate" as 16.12. In the year before, the statistics were similar. *See id*. at 4.

[10] Ex. B (*Ex Parte* Reexamination Filing Data - September 30, 2020) at 2 (§ 10.b).

[11] *See* Dkt. 487-1 (Order in Reexamination No. 90/019,034, granting EPR of '978 patent claims); Dkt. 487-2 (Order in Reexamination No. 90/019,036, granting EPR of '640 patent claims).

[12] Ex. C (Order in Reexamination No. 90/019,035, granting EPR of '170 patent claims).

patent claims.[13] Per PTO procedure, each decision was vetted and signed by a primary Examiner and two conferring Examiners. And if the PTO decides after concluding the reexaminations that the claims are invalid, this would result in the cancellation of those claims, potentially mooting this lawsuit.

**C. Status of This Matter**

No trial date is set. The parties also haven't begun any expert discovery. And although the parties have conducted substantial fact discovery, significant portions of it may remain outstanding, as discussed in the six separately briefed motions to compel or for a protective order that are currently pending.[14]

Additionally, on December 17, 2021, this Court entered its claim construction ruling, triggering the parties' duty to submit a proposed schedule for the remaining case events.[15] But given the number of discovery motions and their potential impact on the remaining discovery and other deadlines, the parties requested permission to instead submit a proposed schedule within 14 days of the resolution of those six motions.[16] On January 3, 2022, this Court granted that request.[17] At the same time, this Court also approved the parties' requested extension of post-claim-construction deadlines to amend contentions under Local Patent Rule 3.4.[18]

---

[13] *E.g.*, *id*. at 2.

[14] *See* Dkt. 393, 397, 400, 403, 405, & 409.

[15] *See* Dkt. 484; Dkt. 52 at 7 (parties agreeing to submit proposed deadlines within 14 days of ruling); Dkt. 54 (approving agreement).

[16] Dkt. 488.

[17] Dkt. 489.

[18] *Id*. ("As proposed, the parties will exchange drafts of proposed affirmative amended contentions … by January 27, 2022. Parties will meet and confer as needed … [and] file motions to amend their respective contentions as unopposed or opposed by February 24, 2022.").

## III. LEGAL STANDARD

The Federal Circuit has "consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent."[19] Whether to grant a stay is entrusted to a district court's sound discretion.[20] This Court considers three factors in exercising that discretion: "(1) whether the stay will simplify the issues in question and streamline the trial; (2) whether the stay will reduce the burden of litigation on the parties and on the court; and (3) whether the stay will unduly prejudice or tactically disadvantage the nonmoving party."[21]

## IV. THE RELEVANT FACTORS CONFIRM THAT A STAY IS WARRANTED.

This Court's jurisprudence has long favored stays pending PTO reviews. As this Court stated in *CIVIX v. National Association of Realtors*, there's a "liberal policy in favor of granting motions to stay proceedings pending the outcome of PTO reexamination proceedings."[22] Indeed, that decision explained that "[t]he stay of pending litigation to enable PTO review of contested patents was one of the specified purposes" of the legislation that created EPRs.[23] This Court should allow the PTO to fulfill that purpose here, as all three relevant factors favor a stay.

---

[19] *Procter & Gamble v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008); *accord Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988).

[20] *E.g.*, *Baxter Int'l, Inc. v. Fresenius Med. Care Holdings, Inc.*, No. 08-cv-2389, 2008 WL 4395854, at *2 (N.D. Ill. Sept. 25, 2008).

[21] *Putco, Inc. v. Carjamz Com Inc.*, No. 20-cv-50109, 2021 WL 4926499, at *1 (N.D. Ill. Mar. 2, 2021) (granting stay pending IPR); *see also Oil-Dri*, 2015 WL 13650951, at *1 ("Courts have analyzed motions to stay pending [IPR] using the same framework as a motion to stay pending [EPR]."); *JAB Distributors*, 2010 WL 1882010, at *1 (listing same factors in different order).

[22] 2007 WL 7759150, at *5; *accord Gramm v. Deere & Co.*, No. 3:14-cv-575, 2016 WL 10789859, at *2 (N.D. Ind. Sept. 12, 2016).

[23] *CIVIX*, 2007 WL 7759150, at *4; *see also Brit. Telecommc'ns*, 2020 WL 5517283, at *4 ("Early versions of the 1980 statute contained a section providing for a stay of court proceedings during reexamination" that "was omitted on the ground that it was unnecessary," since courts had inherent authority to "prevent costly pretrial maneuvering which attempts to circumvent the reexamination procedure.").

**A. A Stay Pending the EPRs Will Simplify the Issues for Trial.**

In *JAB Distributors, LLC v. London Luxury, LLC*, this Court observed that a stay pending EPR "may have numerous benefits, including streamlining the case, simplifying or eliminating remaining issues, promoting settlement, alleviating discovery problems, providing the Court with the PTO's expert review of prior art, and reducing the length and expense of litigation."[24] And Federal Circuit Judge Bryson similarly noted the benefits of a stay when sitting by designation in *British Telecommunications PLC v. IAC/InterActiveCorp*.[25] In particular, he described "whether the stay is likely to simplify the issues at trial" as the "most important factor bearing on whether to grant a stay."[26] And he found that this factor strongly favors a stay where the PTO initiates review proceedings on all asserted claims, thus potentially resolving the whole lawsuit.[27]

Here, the PTO has initiated EPRs on all the asserted claims of the three patents-in-suit. If the PTO ultimately cancels Kove's asserted claims, it would moot the patent-infringement allegations based on them that Kove currently is litigating before this Court.[28] As in *British Telecommunications*, this has the potential to resolve this lawsuit. But even if the EPRs don't result in the

---

[24] 2010 WL 1882010, at *2.

[25] 2020 WL 5517283.

[26] *Id*. at *9.

[27] *See id*.; *accord Oil-Dri*, 2015 WL 13650951, at *2; *Finjan*, 139 F. Supp. 3d at 1036; *Small Axe Enters. v. Takeya USA Corp.*, No. 19-cv-2473, 2020 WL 4342554, at *2 (C.D. Cal. Mar. 30, 2020) (staying case where "reexamination could significantly simplify this action—potentially disposing of the suit entirely"); *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014) (finding in related context that PTO review of all asserted claims weighed "heavily in favor of a stay"); *Cascades Computer Innovation, LLC v. SK hynix Inc.*, No. 11-cv-4356, 2012 WL 2086469, at *2 (N.D. Ill. May 25, 2012) (granting stay where reexamination of only asserted claim "will greatly simplify the issues"); *454 Life Sciences Corp. v. Ion Torrent Systems, Inc.*, No. 15-cv-595, 2016 WL 6594083, at *3 (D. Del. Nov. 7, 2016) (finding "very strong likelihood that [IPRs] will simplify the issues for trial" where PTO was reviewing all asserted claims); *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1027 (N.D. Cal. 2014) (staying case, despite substantial discovery, as "landscape of the litigation could change dramatically in light of any PTAB ruling").

[28] *E.g.*, *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a [patent]

cancellation of all the asserted claims, it's likely that they will result in the invalidation of some. According to the most recent PTO statistics, only in 21.4 percent of similar EPRs are all claims at issue confirmed without amendment or cancellation.[29] And given such statistics, this Court has repeatedly found that the potential simplification of the issues for trial favors a stay pending EPR.[30]

Additionally, here all three of the patents-in-suit have expired.[31] This means Kove can't amend any of the asserted claims in the EPRs to avoid invalidity.[32] Cancellation of the asserted claims thus is more likely. As Judge Bryson explained in another recent case, "if the examiner finds the challenged claims to be flawed—as the PTO statistics indicate has occurred approximately 80 percent of the time in reexamination proceedings—cancellation of the claims is the only option."[33] Thus, courts find that the likelihood of simplifying the issues for trial more heavily tips the scales toward a stay in situations where, as here, EPRs involve expired patents.[34]

---

claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot.").

[29] *See* Ex. B at 2 (§ 10.b).

[30] *Medline*, 2019 WL 10948865, at *2 (finding this factor to favor stay in part based on PTO statistics); *JAB Distributors*, 2010 WL 1882010, at *5 (same, noting "very real possibility that, if this litigation proceeds in tandem with [EPRs], the parties will have wasted their resources litigating issues that ultimately may be mooted").

[31] According to Kove, the '640 and '170 patents expired on April 8, 2020, and the '978 patent expired on September 25, 2020. *E.g.*, Dkt. 145 at 3.

[32] *See In re Rambus, Inc.*, 753 F.3d 1253, 1256 (Fed. Cir. 2014) (noting "patentee is unable to make claim amendments" in EPR involving expired patent); *TC Tech. LLC v. Sprint Corp.*, No. 16-cv-153, 2021 WL 4521045, at *6 (D. Del. Oct. 4, 2021) ("[N]o amendment, other than the cancellation of claims, will be incorporated into the patent by a certificate issued after [its] expiration.") (quoting 37 C.F.R. 1.530(j)).

[33] *TC Tech.*, 2021 WL 4521045, at *6.

[34] *See*, *e.g.*, *Sorensen v. Black & Decker Corp.*, No. 06-cv-1572, 2007 WL 2696590, at *6 (S.D. Cal. Sept. 10, 2007) (finding "significant likelihood" that EPR will affect validity of claims at issue because "no amendments can be offered to an expired patent"); *Robern, Inc. v. Glasscrafters, Inc.*, No. 16-cv-1815, 2017 WL 132841, at *4 (D.N.J. Jan. 13, 2017) (noting "likelihood for cancellation … may be increased due to the fact that [patent] is expired and not subject to amendment"); *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, No. 14-cv-3657, 2017 WL 4948560, at *3 (N.D. Cal. Nov. 1, 2017) (similar).

Accordingly, for at least the above reasons, the final decisions in the EPRs will simplify the issues and trial, and this factor strongly favors a stay.

**B. A Stay Will Reduce the Burden on the Parties and the Court.**

Although the parties and the Court already have expended significant resources on this matter, what remains to be done is most relevant to the analysis of this factor.[35] Here, no trial date is set, and the parties haven't begun any expert discovery. And although the parties have conducted significant discovery, more resource-intensive aspects of this case are yet to come. Based on a similar state of affairs in *British Telecommunications*, Judge Bryson found this factor to favor a stay. He explained that "[w]hile there has been substantial progress in this case, the most burdensome parts of the case for the parties and the court—preparation for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future."[36] The same is true here, where this factor also favors a stay.

Other courts, including the Federal Circuit, have similarly emphasized the importance of trial in connection with this factor, even when the parties already have conducted voluminous discovery. For instance, in *Smartflash LLC v. Apple Inc.*, the Federal Circuit held that the district court had abused its discretion when it denied a stay prior to trial, since "[d]espite the substantial time and effort already spent in this case, the most burdensome task is yet to come."[37] Here, as in *Smartflash* and similar cases, the trial and other work still on the horizon favors a stay.[38]

---

[35] *See*, *e.g.*, *SCA Hygiene Prod. Aktiebolag v. Tarzana Enters., LLC*, No. 17-cv-4395, 2017 WL 5952166, at *3 (C.D. Cal. Sept. 27, 2017) ("[T]he more relevant question is 'whether discovery is nearing completion' as opposed to what has already occurred."); *E-Watch, Inc. v. Lorex Canada, Inc.*, No. 4:12-cv-3314, 2013 WL 5425298, at *3 (S.D. Tex. Sept. 26, 2013) (finding case "not so advanced" that a stay would be inappropriate, as there was "more work ahead of the parties and the Court than behind").

[36] 2020 WL 5517283, at *6.

[37] 621 F. App'x 995, 1005 (Fed. Cir. 2015).

[38] *See also*, *e.g.*, *Contour*, 2018 WL 6574188, at *1 (staying case after claim construction and "substantial

Moreover, as noted, this Court and others have repeatedly granted a stay pending PTO proceedings in other cases that are at this stage of litigation or later, when the circumstances otherwise justify a stay.[39] And here, more than in many other cases, the burdens of the ongoing fact discovery process have fallen especially heavy on the Court, in the form of six pending discovery motions. If the asserted claims are cancelled, the issues presented in those motions will be moot. And for that and the other reasons above, this factor strongly favors a stay.

**C. A Stay Won't Unduly Prejudice or Tactically Disadvantage Kove.**

This Court has repeatedly explained that the delay inherent in reexamination proceedings isn't enough for this factor to weigh against a stay. For instance, this Court stated in *Ignite USA, LLC v. Pacific Marketing International, LLC*, that "the fact that the IPRs will cause some degree of delay, in and of itself, is not dispositive of whether a party will suffer undue prejudice."[40] Yet that is all the undue prejudice or tactical disadvantage that Kove could be able to show here.

Kove didn't seek a preliminary injunction in this matter, and denies selling any products that practice its claimed inventions.[41] On comparable facts, this Court has repeatedly discounted arguments that such a plaintiff would suffer any undue prejudice or tactical disadvantage from a

---

discovery," as "several costlier stages of pretrial preparation remain, not to mention the trial itself"); *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *3 (E.D. Tex. Mar. 11, 2015) (staying case, as "the bulk of the expenses that the parties would incur in pretrial work and trial preparation are still in the future"); *PersonalWeb v. Apple*, 69 F. Supp. 3d at 1026 ("[W]hile much had been done, much remains, and the remaining work is costly."); *Huawei*, 2018 WL 1471715, at *1 (similar).

[39] *See* note 2, *supra*.

[40] No. 14-cv-856, 2014 WL 2505166, at *3 (N.D. Ill. May 29, 2014); *accord Black & Decker Inc. v. Positec USA, Inc.*, No. 13-cv-3075, 2013 WL 5718460, at *1 (N.D. Ill. Oct. 1, 2013); *Sorensen*, 2007 WL 2696590, at *4 ("The general prejudice of having to wait for resolution [of EPR] is not a persuasive reason to deny the motion for stay"); *Wi-LAN Inc. v. Huizhou TCL Mobile Commc'n Co.*, No. 8:19-cv-870, 2020 WL 1269837, at *2 (C.D. Cal. Feb. 7, 2020) ("[D]elay alone is insufficient to establish prejudice.").

[41] *See* Dkt. 432-16 at 5 (stating "[t]here was no licensing, sale, or distribution of any Kove Embodiment" in response to AWS Interrogatory No. 11); Dkt. 432 at 11 (discussing response).

stay, since any harm that Kove allegedly suffered would be compensable by monetary damages.[42] Here, as noted, with all three patents-in-suit expired there's no issue of future damages, further confirming that monetary damages would be adequate redress for any infringement.[43]

Moreover, any delay that results from staying this matter is unlikely to be very long. As noted, the PTO is required to conduct EPRs, as well as any agency appeals, on an expedited basis.[44] For that reason, this Court has previously found arguments that staying pending EPR would result in prejudice to be unpersuasive.[45] Indeed, based on the latest statistics, the estimated time that the PTO will complete all three reexaminations of Kove's patents is only 14 months from now (i.e., 16 months from November 2021 filing).[46] The time that the PTO takes to conduct EPRs also has continually decreased since the 2012 introduction of the *inter partes* review (IPR) proceeding that's currently more popular with challengers.[47]

And Kove's delay in filing this case further undercuts any asserted undue prejudice or

---

[42] *Putco*, 2021 WL 4926499, at *2 (noting that plaintiff's "failure to seek a preliminary injunction," among other things, "demonstrate that [its] concerns about potential delay or strategic disadvantage are overstated"); *Baxter v. CareFusion*, 2017 WL 11624669, at *4 (observing that "opting not to pursue preliminary injunctive relief can weigh against a finding of undue prejudice"); *Cascades*, 2012 WL 2086469, at *2 (finding that 16 month stay during reexamination wouldn't cause undue prejudice to non-practicing entity); *see also Evolutionary Intelligence, LLC v. Yelp, Inc.*, No. 13-cv-3587, 2013 WL 6672451, at *8 (N.D. Cal. Dec. 18, 2013) (If "plaintiff does not market any products or services covered by the patents-in-suit and does not seek a preliminary injunction," then it "can be fully restored … with monetary relief" and "[t]his factor would strongly favor granting the stay.").

[43] *See*, *e.g.*, *Raytheon Co. v. Samsung Elecs. Co.*, No. 2:15-cv-341, 2016 WL 11639659, at *1 (E.D. Tex. Feb. 22, 2016) ("The asserted patent is expired, and thus there is no possibility of continuing harm to Raytheon from infringement.").

[44] *See* 35 U.S.C. § 305 ("All reexamination proceedings under this section … will be conducted with special dispatch.").

[45] *See Sun-Flex Co. v. Softview Computer Prod. Corp.*, No. 89-cv-296, 1989 WL 117976, at *1 (N.D. Ill. Sept. 27, 1989).

[46] *See* Ex. A at 2.

[47] IPRs were enacted as part of the America Invents Act. In the year before, 2011, there were about four times as many EPR filings (734) as in 2020, or in any other recent year. Ex. B. at 1. And the average EPR in 2011 lasted about 26 months. *See* Ex. D at 1 (showing quarterly statistics ranging from 21.1 to 31.8). In 2007–10, the average EPR usually lasted over 30 months. *See id*. at 2–5.

tactical disadvantage. The accused S3 product has been on the market since 2006, and the accused DynamoDB product since early 2012. Yet Kove waited until December 2018 to file this case. In analogous circumstances, this Court has found it "difficult to accept" arguments "that a relatively short delay" of between eight and 16 months for IPR decisions was unfairly prejudicial.[48] Here, the 14 months that it likely will take for final decisions in the EPRs isn't, either.

Additionally, in many ways this case already is stayed, at least with respect to the parties. As Kove agreed, this Court postponed setting all deadlines, except for certain deadlines involving amendment of contentions, pending this Court's decisions on the six outstanding discovery motions (four of which Kove filed).[49] So regardless of this stay request, Kove may not be able to proceed to trial with its patent-infringement claims for some time, depending on when the Court will be able to resolve the motions. A stay pending EPR thus may not result in any delay.

Accordingly, the timing of AWS's EPR requests hasn't caused any undue prejudice or tactical disadvantage. And all three factors favor a stay.

## V. EXCEPTIONAL CIRCUMSTANCES SUPPORT THIS MOTION'S FILING.

Local Patent Rule 3.5(b) states that "exceptional circumstances" are required for any party to move to stay "pending any proceeding in the [PTO] after the due date for service of that party's Final Contentions pursuant to LPR 3.2." This Court hasn't yet issued any decisions addressing what qualifies as "exceptional circumstances" or whether a separate motion for leave

48 *Baxter v. CareFusion*, 2017 WL 11624669, at *4 (noting "it appears the allegedly infringing products were on the market for well over ten years before Baxter filed suit," and concluding that "Baxter showed no sense of urgency in enforcing its patents"); *see also Ignite*, 2014 WL 2505166, at *3 (finding that two-year delay in filing complaint "further indicates that Ignite will not suffer undue prejudice from a stay"); *Visual Interactive Phone Concepts, Inc. v. Samsung Telecommc'ns Am., LLC*, No. 11-cv-12945, 2012 WL 1049197, at *1 (E.D. Mich. Mar. 28, 2012) (finding lack of undue prejudice where accused product was sold on market for one year before complaint).

49 *See* Dkt. 488 & 489.

establishing this is required.[50] But for many reasons, detailed below, AWS respectfully submits that they're present here. And thus, the Court should consider and grant the motion.[51]

To begin with, the PTO has ordered reexamination of all the asserted claims, and AWS's requests for EPR relied on new prior-art references that Kove didn't cite during the original prosecutions, and the PTO has never considered. In *ClearPlay v. Dish Network LLC*, when interpreting a nearly identical local rule, the District of Utah found that such facts satisfy "exceptional circumstances."[52] There, defendant DISH had requested a stay "over three years after the deadline for final non-infringement contentions" had expired.[53] But as that court explained:

> DISH filed its requests for reexamination of all of ClearPlay's asserted claims soon after its discovery of two of the references forming the basis of these requests and could not have filed these plenary requests until making this discovery. More importantly, the court agrees that the USPTO's decision to reexamine *all* the claims in this case renders the circumstances here exceptional because of the greater likelihood of reexamination proceedings nearing this case towards its complete resolution. Considering these facts, the court concludes that DISH has demonstrated exceptional circumstances.[54]

Here, the PTO's decision to reexamine all the asserted claims similarly qualifies as exceptional. And the justification for a stay here is further strengthened because the delay isn't as long as in *ClearPlay*, and the PTO initiated the EPRs based entirely on never-before-considered prior art

---

[50] This Court adopted the first version of LPR 3.5 in 2009. As two members of the rules committee stated, "[t]he view of the Court and the working group was that this would, among other things, discourage parties from strategically requesting a stay in belated fashion." Judge Matthew F. Kennelly and Edward D. Manzo, *Northern District of Illinois Adopts Local Patent Rules*, 9 J. Marshall Rev. Intell. Prop. L. 202, 204 (2009). Other patent-heavy districts (e.g., in California, Texas, and Delaware) don't have a similar rule, limiting the analogous authorities.

[51] And indeed, the facts and law supporting a stay here are largely the same as those supporting the required exceptional circumstances. For expediency and absent contra instructions in the rules, AWS thus addresses LPR 3.5(b)'s requirement in this motion. Should the Court prefer a separate motion for leave establishing such exceptional circumstances, AWS will so file one.

[52] 2:14-cv-191, 2021 WL 2515008 (D. Utah June 18, 2021) (granting stay despite parties having begun expert discovery and trial date set approx. three months away).

[53] *Id*. at *3.

[54] *Id*.

that AWS recently uncovered.[55]

Further, LPR 3.5 should be interpreted consistent with Congress's intent that EPRs provide challengers an "alternative" forum to test the validity of patent claims in a "relatively inexpensive manner."[56] So in addition to circumstances found sufficient in *ClearPlay*, this Court should consider the vast amount of discovery that Kove has sought, AWS has produced, and Kove still is seeking in this matter.[57]

## VI. CONCLUSION

A stay would simplify this case, be fair to all parties, and ensure the efficient use of judicial resources. The facts here satisfy all three stay factors, as well as the requirements of LPR 3.5(b). Thus, this Court should stay this case until the final resolution of the EPR proceedings concerning Kove's asserted patent claims.

---

[55] By contrast, in the *ClearPlay* EPR requests, "at least one of the prior art references [was] known to [defendant] DISH since 2017." *Id*.

[56] *Gould*, 705 F.2d at 1342 (quoting legislative history); *see also CIVIX*, 2007 WL 7759150, at *2 (noting Congress intended EPRs to reduce "costly" litigation).

[57] As noted in response to a pending discovery motion, "Kove has issued 237 RFPs and 90 30(b)(6) topics. AWS has produced 28,116 documents from 27 different custodians and 114,015 source code files. [And] Kove has deposed four AWS 30(b)(6) witnesses," as well as "three AWS 30(b)(1) witnesses," and will likely depose nine more in total. Dkt. 432 at 8 n.45.

Dated: January 13, 2022

Respectfully submitted,

*/s/ R. William Sigler*

Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Lisa Phillips (*pro hac vice*)
*lisa.phillips@fischllp.com*
Matthew R. Benner (*pro hac vice pending*)
*matthew.benner@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Fourth Floor
Washington, DC 20015
202.362.3500

*Attorneys for Amazon Web Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois, via the CM/ECF system, which will send notice to all counsel of record who have consented to service by electronic means.

*/s/ R. William Sigler*
R. William Sigler