# Exhibit C

U̲NITED S̲TATES P̲ATENT AND T̲RADEMARK O̲FFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/019,035 | 11/19/2021 | 7814170 | | 7078 |

757          7590          01/10/2022
Crowell/BGL
P.O. BOX 10395
CHICAGO, IL 60610

| EXAMINER |
|---|
| WASSUM, LUKE S |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 01/10/2022 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



**UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

FISCH SIGLER LLP
5301 WISCONSIN AVENUE NW
FOURTH FLOOR
WASHINGTON, DC 20015

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/019,035* .

PATENT UNDER REEXAMINATION  *7814170* .

ART UNIT *3992* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting Request For Ex Parte Reexamination* | **Control No.** | **Patent Under Reexamination** |
|---|---|---|
| | 90/019,035 | 7814170 |
| | **Examiner** | **Art Unit** | **AIA (FITF) Status** |
| | Luke S Wassum | 3992 | No |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed 11/19/2021 has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐   PTO-892,      b)☑   PTO/SB/08,      c)☐   Other: _____

1. ☑  The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

| | | /LUKE S WASSUM/ Primary Examiner, Art Unit 3992 |
|---|---|---|

cc:Requester ( if third party requester )

Application/Control Number: 90/019,035                                     Page 2
Art Unit: 3992

## Decision Granting *Ex Parte* Reexamination

A substantial new question of patentability affecting claims 1, 2, 6, 8, 9, 12, and 15 of United States Patent Number 7,814,170 ("the '170 patent") is raised by the request for *Ex Parte* Reexamination filed 19 November 2021 ("the Request"). Claims 1, 2, 6, 8, 9, 12, and 15 are subject to reexamination.

The application which issued as the '170 patent was application no. 11/354,224 ("the '224 application"), filed 13 February 2006.

## Priority

The '170 patent is a continuation of U.S. Patent Application 09/661,222, filed 13 September 2000, now U.S. Patent 7,103,640, which is a continuation-in-part of U.S. Patent Application 09/111,896, filed 8 July 1998, now abandoned.

The '170 patent also claims priority under 35 U.S.C. § 119(e) to U.S. Provisional Application 60/153,709, filed 14 September 1999.

Therefore, the earliest claimed priority date of the '170 application is 8 July 1998, *to the extent that the claimed subject matter is fully supported.*

Application/Control Number: 90/019,035                                   Page 3
Art Unit: 3992

## Claim Interpretation

The Office notes that the '170 patent contains a specific reference to several

earlier filed applications to which priority is claimed under 35 U.S.C. § 120.  The '170

patent is also subject to two terminal disclaimers, limiting the patent term not to extend

beyond the expiration of related patents 7,103,640 ("the '640 patent") and 7,233,978 ("the

'978 patent").  Since both the '640 patent and the '978 patent have expired, the '170

patent has likewise expired.

In a reexamination proceeding involving claims of an expired patent, claim

construction pursuant to the principle set forth by the court in *Phillips v. AWH Corp.,* 415

F.3d 1303, 1316, 75 USPQ2d 1321, 1329 (Fed. Cir. 2005) (words of a claim "are generally

given their ordinary and customary meaning" as understood by a person of ordinary

skill in the art in question at the time of the invention) should be applied since the

expired claim are not subject to amendment.  See *Ex parte Papst-Motoren,* 1 USPQ2d 1655

(Bd. Pat. App. & Inter. 1986).

Upon review of the original specification and prosecution history, the examiner

has found several instances of lexicographic definitions.

Specifically, the following terms were defined at col. 4, lines 8-27:

Identifier/identifier string – a unique string with which zero or more locations

strings are associated in a network distributed tracking protocol (NDTP) server.

Application/Control Number: 90/019,035                                           Page 4
Art Unit: 3992

Data location/location – a string that is a member of a set of strings associated
with an identifier string in an NDTP server.

NDTP client/client – a network-attached component that initiates update or
lookup of identifier/location mappings from an NDTP server with NDTP request
messages.

Location server[1]/server – a network-attached component that maintains a set of
identifier/location mappings that are modified or returned in response to NDTP request
messages from NDTP clients.

These claim terms will be interpreted consistent with Patent Owner's
lexicographical definitions. Since these terms have been expressly defined in Patent
Owner's disclosure, these definitions will take precedence over any other proposed
construction.


In addition, Patent Owner offered proposed construction for a number of other
claim terms during pending litigation[2].

Specifically, Patent Owner proposed the following claim term construction:

---

[1] The Office notes that the term 'location server', although claimed, does not appear in Patent Owner's
specification. That said, the analogous term 'NDTP server' *is* defined in the specification. The claimed
'location server' will be interpreted consistent with the 'NDTP server' definition provided in the
specification.
[2] *Kove IO, Inc. v. Amazon Web Services, Inc.*, 1:18cv08175 (N.D. Ill.)

Application/Control Number: 90/019,035                                           Page 5
Art Unit: 3992

Location information – information pertaining to one or more locations of data and/or identities of one or more location servers.

Hash table – a data structure that stores values in a table, where values are stored and retrieved by applying a hash function to an input and using the function result as an index into the table.

A hash function used to organize the data location information across the plurality of location servers – a hash function that maps identifier strings to one or more of the data location servers.

Data pertaining to the entity – data pertaining to a person or thing (real, digital, or abstract).

Requester does not object to the proposed construction for the purposes of the instant reexamination proceeding (see Request, pages 14-15).

These claim terms will be interpreted consistent with the above construction.

**The Claimed Invention**

The invention provides a network distributed tracking wire transfer protocol for storing and retrieving data across a distributed data collection. The protocol includes a location string for specifying the network location of data associated with an entity in

Application/Control Number: 90/019,035                                   Page 6
Art Unit: 3992

the distributed data collection, and an identification string for specifying the identity of

an entity in the distributed data collection. According to the protocol, the length of the

location string and the length of the identification string are variable, and an association

between an identification string and a location string can be spontaneously and

dynamically changed. The network distributed tracking wire transfer protocol is

application independent, organizationally independent, and geographically

independent. A method for using the protocol in a distributed data collection

environment and a system for implementing the protocol are also provided. See

Abstract.


### Relevant Prosecution History

The '224 application was originally filed with claims 1-16. A preliminary

amendment canceled claims 1-16 and added new claims 17-32.

In a first action mailed 28 October 2008, the Office rejected all claims under 35

U.S.C. § 102, and rejected independent claims 17, 20, and 30 under non-statutory double

patenting.

After extensive claim amendments, the prior art rejections were withdrawn,

while the double patenting rejections were maintained, in a final rejection mailed 2

September 2009.

Application/Control Number: 90/019,035                                      Page 7
Art Unit: 3992

After the filing of a terminal disclaimer, the Office mailed a notice of allowance

on 18 November 2009.

Therein, the reasons for allowance of independent claim 17 (issued claim 1) was

the use of a hash function to organize the data location information across a plurality of

data location servers, and wherein the data location server containing the desired data

location information is determined based on the application of a hash function to the

identifier string.

The reason for allowance of independent claims 20 and 30 (issued claims 6 and

15 respectively) was that the location server returns a redirect message comprising a list

of at least one other location server known to have the location information for the

desired entity in the case where the location server lacks such location information.


**Information Disclosure Statement**

Applicants' Information Disclosure Statement (IDS), filed 19 November 2021, has

been received and entered into the record.  Since the IDS complies with the provisions

of MPEP § 2280, the references cited therein have been considered by the examiner.

See attached form PTO-1449.

Application/Control Number: 90/019,035                                      Page 8
Art Unit: 3992

## The Substantial New Question of Patentability

The standard for establishing a Substantial New Question of Patentability is

defined in the following sections of the MPEP:

MPEP § 2242(I) provides, in pertinent part:

> A prior art patent or printed publication raises a substantial question
> of patentability where there is a substantial likelihood that a
> reasonable examiner would consider the prior art patent or printed
> publication important in deciding whether or not the claim is
> patentable.

Over the course of the original prosecution of the '224 application, the

limitations that were not found in the prior art were

data location information for a plurality of data entities is stored in the data

location server network, at least one of the plurality of data location servers includes

location information associated with the identifier string, each one of the plurality of

data location servers comprises a processor and a portion of the data location

information, *the portion of the data location information included in a corresponding one of*

*the data location servers is based on a* <u>*hash function*</u> *used to organize the data location*

Application/Control Number: 90/019,035                    Page 9
Art Unit: 3992

*information across the plurality of data location servers*, and each one of the data location servers is configured to *determine the at least one of the plurality of data location servers based on the <u>hash function</u> applied to the identifier string* (issued independent claim 1); and

programming logic is configured to return, in response to a location query related to a desired entity, a location message… if the location server contains location information for the desired entity, and wherein the programming logic is further configured to *return <u>a redirect message</u> if the location server lacks the location information for the desired entity, the redirect message comprising <u>a list of at least one other location server known to have the location information</u> for the desired entity* (issued independent claims 6 and 15).

Thus, prior art which teaches or suggests the above-cited claim features would raise a Substantial New Question of Patentability with respect to claims 1, 2, 6, 8, 9, 12, and 15 of the '170 patent.

Application/Control Number: 90/019,035                                Page 10
Art Unit: 3992

### Prior Art Cited in the Request

The following reference was cited by the third party Requester in the Request for

*Ex Parte* Reexamination:

*Oracle Names Administrator's Guide, Release 2.0* (Oracle Corp., Redwood City,

CA) ("OracleNamesAdminGuide")

Joseph B. Greene, *Oracle DBA Survival Guide*, 1st ed. (Sams Publishing,

Indianapolis. Ind.), ISBN: 0672306816 ("OracleSG")

U.S. Patent 5,777,989 to John McGarvey ("**McGarvey**")

U.S. Patent 5,301,286 to Purshotam Rajani ("**Rajani**")


None of the references relied upon by the Requester were of record or considered

by the Office during the original prosecution of the '224 application.


### Proposed Substantial New Question of Patentability

*Ex Parte* Reexamination of claims 1, 2, 6, 8, 9, 12, and 15 of the '170 patent has

been requested, based upon the following issues presented in the form of proposed

claim rejections:

<u>Issue 1</u>: Whether claims 1 and 2 are obvious under 35 U.S.C. § 103(a) in view of

OracleNamesAdminGuide, OracleSG, and **Rajani**.

Application/Control Number: 90/019,035                                    Page 11
Art Unit: 3992

Issue 2: Whether claims 6, 8, and 15 are obvious under 35 U.S.C. § 103(a) in view

of ~~OracleNamesAdminGuide~~, ~~OracleSG~~, and **McGarvey**.

Issue 3: Whether claims 9 and 12 are obvious under 35 U.S.C. § 103(a) in view of

~~OracleNamesAdminGuide~~, ~~OracleSG~~, **McGarvey**, and **Rajani**.

## Analysis

The Examiner agrees that based upon the following analysis, the teachings of the

cited prior art raises a substantial new question of patentability with regard to claims 1,

2, 6, 8, 9, 12, and 15 of the '170 patent.

### Issue 1: ~~OracleNamesAdminGuide~~, ~~OracleSG~~, and **Rajani**

The combination of ~~OracleNamesAdminGuide~~, ~~OracleSG~~, and **Rajani** raises a

substantial new question of patentability with respect to claims 1 and 2 of the '170

patent, for the reasons discussed below.

With respect to claim 1, ~~OracleNamesAdminGuide~~ discloses an Oracle 7

distributed database management system (DBMS) for managing data stored in a

distributed network. The DBMS allows users to request and manage data that is

located in the distributed system using Oracle Names Servers.

Application/Control Number: 90/019,035                                    Page 12
Art Unit: 3992

The Oracle Names Servers store names and addresses for network services such as databases, as well as the names and addresses of other Oracle Names Servers. After services (e.g., databases) have been defined in Oracle Names, users only need to refer to them by name to connect to a database or network service (see page 23).

The Names Server has a single purpose: to resolve or assist in resolving a client-initiated name request. It interprets the request, then looks up the name in its cache, then sends the response back to the client (pages 52-53).

OracleSG discloses that Oracle 7 utilizes the use of a rule-based optimizer in executing SQL queries in the Oracle 7 database manager. Specifically, it is disclosed that hashing is utilized by the rule-based optimizer in order to execute queries in the most effective manner (see page 633 et seq.).

Rajani discloses hashing the locations of data entities (e.g., files) to make them more easily accessible. For instance, claim 1 discloses a method of locating a file in memory whereby said file is identified by a name comprising a component in a sequence of N components identifying a path name associated with said file, including storing each component in an available location of a first table of locations such that the address of said available location defines a unique identify value of the component

Application/Control Number: 90/019,035                                        Page 13
Art Unit: 3992

stored thereat, and deriving for each component an associated hashing number and

storing in a second table of locations at a location identified by said hashing number the

address of the available location (col. 8, lines 38-60).

    Also disclosed is a process of locating or creating a record associated with a file

that is either being stored or unloaded from one memory through the use of a hash

table and a string space table.  Upon receipt of the file, or path name (e.g., /etc/services),

the computer maps the path name into a unique identity that can be used to locate the

file after it has been stored.  Specifically, the computer generates each identity by

passing each component of the pathname through a conventional hashing algorithm to

obtain a memory offset.  The computer then retrieves from the hash table the contents of

the location defined by the offset, which is used as an index into the string space table

where the desired component can be retrieved (col. 4, lines 1-63 et seq.).


    Thus, the combination of ~~Oracle Names Admin Guide~~, ~~OracleSG~~, and **Rajani**

discloses the claimed data location information for a plurality of data entities is stored

in the data location server network, at least one of the plurality of data location servers

includes location information associated with the identifier string, each one of the

plurality of data location servers comprises a processor and a portion of the data

location information, *the portion of the data location information included in a corresponding*

Application/Control Number: 90/019,035                                        Page 14
Art Unit: 3992

*one of the data location servers is based on a <u>hash function</u> used to organize the data location*

*information across the plurality of data location servers*, and each one of the data location

servers is configured to *determine the at least one of the plurality of data location servers based*

*on the <u>hash function</u> applied to the identifier string* (issued independent claim 1).


      In light of these teachings, there is a substantial likelihood that a reasonable

examiner would consider the combination of ~~OracleNamesAdminGuide~~, ~~OracleSG~~,

and **Rajani** important in deciding whether or not claim 1 (and therefore also dependent

claim 2) of the '170 patent are patentable.

      The teachings of the combination of ~~OracleNamesAdminGuide~~, ~~OracleSG~~, and

**Rajani** are new and non-cumulative with respect to the teachings of the prior art

applied during the prosecution of the '170 application. Furthermore, the teachings of

the combination of ~~OracleNamesAdminGuide~~, ~~OracleSG~~, and **Rajani** have not been

considered in a final holding of invalidity by a federal court. Accordingly, the

combination of ~~OracleNamesAdminGuide~~, ~~OracleSG~~, and **Rajani** raises a substantial

new question of patentability with regard to claims 1 and 2 that has not been decided in

a previous examination, reexamination, or other proceeding before the Office.

Application/Control Number: 90/019,035                                    Page 15
Art Unit: 3992

Issue 2: ~~OracleNamesAdminGuide, OracleSG, and~~ **McGarvey**

The combination of ~~OracleNamesAdminGuide, OracleSG, and~~ **McGarvey**
raises a substantial new question of patentability with respect to claims 6, 8, and 15 of
the '170 patent, for the reasons discussed below.


With respect to claims 6 and 15, ~~OracleNamesAdminGuide~~ discloses an Oracle 7
distributed database management system (DBMS) for managing data stored in a
distributed network. The DBMS allows users to request and manage data that is
located in the distributed system using Oracle Names Servers.

The Oracle Names Servers store names and addresses for network services such
as databases, as well as the names and addresses of other Oracle Names Servers. After
services (e.g., databases) have been defined in Oracle Names, users only need to refer to
them by name to connect to a database or network service (see page 23).

The Names Server has a single purpose: to resolve or assist in resolving a client-
initiated name request. It interprets the request, then looks up the name in its cache,
then sends the response back to the client (pages 52-53).

Additionally, ~~OracleNamesAdminGuide~~ discloses that when configured with
name request forwarding off (for instance, for performance reasons), if a Names Server

Application/Control Number: 90/019,035                                    Page 16
Art Unit: 3992

receives a request for data that it cannot fulfill, the Names Server simply tells the

requestor the address of the Names Server that can answer the request (page 137).

Thus, the combination of ~~OracleNamesAdminGuide~~, ~~OracleSG~~, and **McGarvey**

discloses the claimed programming logic is configured to return, in response to a

location query related to a desired entity, a location message… if the location server

contains location information for the desired entity, and wherein the programming

logic is further configured to *return* _a redirect message_ *if the location server lacks the location*

*information for the desired entity, the redirect message comprising* _a list of at least one other_

_location server known to have the location information_ *for the desired entity* (issued

independent claims 6 and 15).

In light of these teachings, there is a substantial likelihood that a reasonable

examiner would consider the combination of ~~OracleNamesAdminGuide~~, ~~OracleSG~~,

and **McGarvey** important in deciding whether or not claims 6 and 15 (and therefore

also dependent claim 8) of the '170 patent are patentable.

The teachings of the combination of ~~OracleNamesAdminGuide~~, ~~OracleSG~~, and

**McGarvey** are new and non-cumulative with respect to the teachings of the prior art

applied during the prosecution of the '170 application. Furthermore, the teachings of

Application/Control Number: 90/019,035                                Page 17
Art Unit: 3992

the combination of ~~OracleNamesAdminGuide~~, ~~OracleSG~~, and **McGarvey** have not

been considered in a final holding of invalidity by a federal court. Accordingly, the

combination of ~~OracleNamesAdminGuide~~, ~~OracleSG~~, and **McGarvey** raises a

substantial new question of patentability with regard to claims 6, 8, and 15 that has not

been decided in a previous examination, reexamination, or other proceeding before the

Office.


      Issue 3: ~~OracleNamesAdminGuide~~, ~~OracleSG~~, **McGarvey,** and **Rajani**

      The combination of ~~OracleNamesAdminGuide~~, ~~OracleSG~~, **McGarvey**, and

**Rajani** raises a substantial new question of patentability with respect to dependent

claims 9 and 12 of the '170 patent, by virtue of the inclusion of

~~OracleNamesAdminGuide~~, ~~OracleSG~~, and **McGarvey** (a combination of references

which itself raises a substantial new question of patentability as discussed above with

respect to Issue 2).

Application/Control Number: 90/019,035                                    Page 18
Art Unit: 3992

## Conclusion

As discussed above, the prior art cited in the request raises a SNQ as to the
claims of the '170 patent. Specifically, there is a substantial likelihood that a reasonable
examiner would consider the new non-cumulative teachings of
~~OracleNamesAdminGuide~~, ~~OracleSG~~, **McGarvey**, ~~and~~ **Rajani**, regarding the claimed
feature of:

data location information for a plurality of data entities is stored in the data

location server network, at least one of the plurality of data location servers includes

location information associated with the identifier string, each one of the plurality of

data location servers comprises a processor and a portion of the data location

information, *the portion of the data location information included in a corresponding one of*

*the data location servers is based on a <u>hash function</u> used to organize the data location*

*information across the plurality of data location servers*, and each one of the data location

servers is configured to *determine the at least one of the plurality of data location servers*

*based on the <u>hash function</u> applied to the identifier string* (issued independent claim 1);
and

programming logic is configured to return, in response to a location query

related to a desired entity, a location message… if the location server contains

Application/Control Number: 90/019,035                                      Page 19
Art Unit: 3992

location information for the desired entity, and wherein the programming logic is

further configured to *return a redirect message if the location server lacks the location*

*information for the desired entity, the redirect message comprising a list of at least one other*

*location server known to have the location information for the desired entity* (issued

independent claims 6 and 15) as discussed above, to be important in deciding

whether or not the claims are patentable.


      Extensions of time under 37 CFR 1.136(a) will not be permitted in these

proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and

not to parties in a reexamination proceeding.  Additionally, 35 U.S.C. 305 requires that

*ex parte* reexamination proceedings "will be conducted with special dispatch" (37

CFR 1.550(a)).  Extensions of time in *ex parte* reexamination proceedings are provided

for in 37 CFR 1.550(c).


      The Patent Owner is reminded of the continuing responsibility under 37 CFR

1.565(a), to apprise the Office of any litigation activity, or other prior or concurrent

proceeding, involving U.S. Patent No. 7,814,170 throughout the course of this

reexamination proceeding.  See MPEP §§ 2207, 2282 and 2286.

Application/Control Number: 90/019,035                                                    Page 20
Art Unit: 3992

     The Patent Owner is reminded that any proposed amendment to the specification and/or claims in the reexamination proceeding must comply with the provisions of 37 C.F.R. § 1.530(d)-(j), must be formally presented pursuant to 37 C.F.R. § 1.52(a) and (b), and must include any fees required by 37 C.F.R. § 1.20(c). See MPEP § 2250(IV) for examples to assist in the preparation of proper amendments in reexamination proceedings.

Application/Control Number: 90/019,035 Page 21
Art Unit: 3992

**All** correspondence relating to this *ex parte* reexamination proceeding should be

directed:

By EFS-Web:       Registered Users may submit correspondence via EFS-Web, at
                  https://efs.uspto.gov/efile/myportal/efs-registered.

By Mail to:       Mail Stop *Ex Parte* Reexam
                  Central Reexamination Unit
                  Commissioner for Patents
                  United States Patent & Trademark Office
                  P.O. Box 1450
                  Alexandria, VA 22313-1450

By FAX to:        (571) 273-9900
                  Central Reexamination Unit

By hand:          Customer Service Window
                  Randolph Building
                  401 Dulany Street
                  Alexandria, VA 22314


EFS-Web offers the benefit of quick submission to the particular area of the

Office that needs to act on the correspondence.  Also, EFS-Web submissions are "soft-

scanned" (i.e., electronically uploaded) directly into the official file for the

reexamination proceeding, which offers parties the opportunity to review the content of

their submission after the "soft scanning" process is complete.

Application/Control Number: 90/019,035                                              Page 22
Art Unit: 3992

Any inquiry concerning this communication should be directed to the Central

Reexamination Unit at telephone number 571-272-7705.


/LUKE S WASSUM/
Primary Examiner, Art Unit 3992


Conferees:

/ANGELA M LIE/
Primary Examiner, Art Unit 3992


Michael Fuelling /MF/
Supervisory Patent Examiner, AU 3992


lsw
9 December 2021