IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Amazon Web Services, Inc., <br><br> Defendant. | Civil Action No. 1:18-cv-08175 <br><br> Hon. Rebecca R. Pallmeyer <br><br> Jury Trial Demanded |

**KOVE IO, INC.'S MOTION TO ENFORCE COMPLIANCE WITH COURT ORDER**

**CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................. 2

III. AWS'S FAILURE TO COMPLY WITH THE COURT'S JULY 14 ORDER ...................... 2

   A. The Court Ordered AWS to Produce AWS-Level Financial Information, Including Allocation Information. ............................................................................................. 2

   B. AWS's Productions Are Facially Deficient. ............................................................ 3

   C. The Court Should Award Kove Reasonable Attorneys' Fees and Costs Associated With This Enforcement Motion. .................................................................................... 7

IV. CONCLUSION ............................................................................................................... 8

## TABLE OF AUTHORITIES

*Amarei v. City of Chicago,*
 2016 WL 3693425 (N.D. Ill. July 12, 2016) ............................................................................. 9

*Bovinett v. HomeAdvisor, Inc.*,
 2020 WL 133040 (N.D. Ill. Mar. 23, 2020) ............................................................................. 8

*Domanus v. Lewicki*,
 742 F.3d 290 (7th Cir. 2014) .................................................................................................... 7

*e360 Insight, Inc. v. Spamhaus Project*,
 658 F.3d 637 (7th Cir. 2011) .................................................................................................... 8

*Yahnke v. Cnty. of Kane*,
 2014 WL 1673739 (N.D. Ill. Apr. 28, 2014) ............................................................................ 8

Plaintiff Kove IO, Inc. ("Kove") moves for an order to enforce Defendant Amazon Web Services, Inc.'s ("AWS") compliance with this Court's July 14, 2021 Order (ECF. No. 359) requiring AWS to produce AWS-level financial information (the "Order"). The parties have met and conferred in good faith multiple times, including by phone on November 15, 2021 and January 7, 2022, and multiple times in writing between October 2021 and January 2022, but have been unable to resolve their disputes.[1]

I.  **INTRODUCTION**

In response to the Court's Order granting Kove's Motion to Compel AWS-level financial information ("Motion"), AWS produced one document — a single made-for-litigation spreadsheet containing selectively curated information no doubt drawn from source data and other information that AWS refuses to produce. Despite the clear deficiencies in AWS's productions and numerous attempts by Kove to dislodge more information, AWS asserts that it has satisfied its obligations under the Order, leaving Kove no choice but to seek further assistance from the Court. In granting Kove's Motion, the Court held that AWS-level financial information is relevant and discoverable. But AWS has chosen to view the Order through the narrowest of lenses, unreasonably constraining its substantive scope in order to justify AWS's limited production. As the Court has already recognized — and as other of AWS's own documents confirm — AWS has the relevant information Kove seeks and is obligated to produce it. Kove respectfully requests another order compelling AWS to produce the sought-after financial information within 14 days of the Court's directive. Kove also requests reasonable attorneys' fees and costs for having to bring this enforcement motion.

---

[1] The following counsel participated in the November 15 and January 7 telephonic meet and confers:
<u>On behalf of Kove</u>:  Adam Adler and Philip Eklem
<u>On behalf of AWS</u>:  Jeffrey Saltman and Lisa Phillips

1

## II. BACKGROUND

The Court granted Kove's Motion to Compel AWS to produce "AWS-level financial information," including financial statements such as "cash flow statements, income statements, balance sheet statements, and profit-and-loss statements, as well as any contemporaneously created financial disclosures or explanatory footnotes that would accompany and explain the financial statements." ECF No. 359 at 1-2. In response, AWS produced one document (Exhibit 1) that appears to be a profit-and-loss statement for 2014–2020, which includes only high-level fixed cost line-items and no explanatory information (*i.e.*, no information with which to interpret how the line items are calculated or what they include or exclude).[2] AWS asserts this document satisfies its obligations under the Court's Order.[3]

## III. AWS'S FAILURE TO COMPLY WITH THE COURT'S JULY 14 ORDER

### A. The Court Ordered AWS to Produce AWS-Level Financial Information, Including Allocation Information.

The Court granted, in full, Kove's motion to compel the production of "AWS-level financial information." ECF No. 212 at 2, 10; ECF No. 359 at 1-2, 5. AWS-level financials include information that would enable Kove "to evaluate whether AWS has costs that accrue at the unit (rather than product) level that should be allocated across products," including "notes and calculations that bear on how to allocate any such costs among the various products in the unit." ECF No. 212 at 6. This information is important to Kove's damages case for the specific reasons

---

[2] Prior to the Court's Order, during the pendency of the briefing, AWS produced three documents containing some financial information, including a four-line spreadsheet attached to Kove's Motion. *See* Dkt. 225 at 3. As Kove explained in its original Motion briefing, these documents are inadequate. *See*, *e.g.*, Motion (Dkt. 212) at 6 (explaining that AWS's four-line spreadsheet attached thereto as Ex. N (filed under seal at Dkt. 213) was inadequate); Opposition (Dkt. 225) at 3 and Ex 2 thereto (Dkt. 225-2) (citing Ex. 2, explaining why AWS's supplemental production of two additional documents was inadequate).

[3] Ex. 2 (10/5/2021 Letter from J. Saltman) ("AWS has complied with this order and collected and produced responsive documents."); Ex. 3 (11/8/2021 Letter from J. Saltman) ("AWS has complied with the Court's Order that it produce the specified AWS-wide financials to the extent that information exists.").

2

articulated in its original briefing, including their relevance to determining costs associated with S3 and DynamoDB for purposes of calculating a reasonable royalty. *Id*. at 5–8; ECF No. 230 at 3–8. In particular, AWS-level financials help reveal whether product-level costs allocations accurately reflect that product's costs or if they should be adjusted in light of how costs are allocated unit wide. Importantly, notes and calculations accompanying AWS-level financial information are critical to understanding how cost allocations and other core accounting matters work. The Court's Order granting relief confirms the necessity of this discovery.

### B. AWS's Productions Are Facially Deficient.

AWS's productions lack critical detail. AWS's post-Order, single-sheet production contains only high-level, rolled up numbers with *none* of the requested explanatory details:[4]



---

[4] Ex. 1 (AMZ_KOVE_000483316).

3

This document does not indicate which costs are included in each line-item, which discrete costs drive each line-item total, or what drives year-over-year differences in these costs. For example, the document shows ███████████████████████████████████ but provides no information as to what is included in those ███████████. The explanatory notes that typically accompany financial statements are the key to understanding the underlying source data and accounting (including which costs are allocated and where). Without those notes, Kove will have difficulty conducting its cost allocation analysis.[5] Resolving this handicap was a primary purpose of Kove's Motion.

AWS suggests that there is no more information to produce, but that is simply not true.[6] There is information that underlies the handpicked line items. There is information that shows how the numbers were assembled. There are assumptions and allocations that went into rolling up the hundreds of millions of dollars reflected in AWS's single-sheet production. AWS did not provide any of that, leaving Kove to interpret hieroglyphics without a Rosetta Stone. It strains credulity to believe AWS, a multi-billion company, does not have non-litigation financial statements and information.

To be sure, the information Kove seeks exists. AWS produced (including as part of a large ESI production) two documents that demonstrate it has detailed financial statements and accompanying disclosures that go well beyond that produced in response to the Order. Exs. 4 and

---

[5] That this is a made-for-litigation document does not excuse the lack of explanatory details. AWS chose to assemble information in a non-ordinary-course-of-business format but must also produce *all* the required information, including the underlying disclosures and details necessary to understand the document's contents. It obviously was created from underlying information – that is the information Kove seeks.

[6] Ex. 3 (11/8/2021 Letter from J. Saltman).

5.[7] These documents, which cover only a fraction of the relevant timeframe, appear to be routinely generated and are exemplary of information Kove has long sought and ultimately moved on, and that the Court already ordered be produced.

Exhibit 4 is ███████████████████████████████████ It contains financial statements and accompanying footnotes and disclosures directly responsive to Kove's longstanding discovery requests, and eventually its Motion. For example, the first page of Exhibit 4 embeds an AWS profit-and-loss statement for FY 16 through FY 18, and the remainder of Exhibit 4 sets forth detailed accompanying disclosures and further financial statements. But this document (which covers only a fraction of the relevant time period) was not provided in response to months of meet and confers or the Court's Order. Rather, AWS produced Exhibit 4 only because it happened to hit on an ESI search term.[8] The happenstance with which Kove received this document underscores that AWS has not made reasonable efforts to search for the ordered information, in defiance of the Court's order.

Of note, Exhibit 4 contains the same general categories of information included in the document AWS produced in response to the court order—but with greater granularity. For example, the document AWS produced in response to the Order simply listed ██████████ as a single rolled-up line item.[9] Exhibit 4 contains the same information but also explains that

---

[7] Ex. 4 is a 58-page document that AWS produced on June 23, 2021. Ex. 5 is a 10-page document that AWS produced on October 22, 2021. Exhibit 4 corresponds to AMZ_KOVE_000470420. Exhibit 5 corresponds to AMZ_KOVE_000487423.

[8] Specifically, Exhibit 4 was produced as part of an ESI collection because it happened to contain terms responsive to Kove's e-mail search queries. The document was not collected from AWS Finance, nor was it identified by AWS as part of an investigation for responsive documents. *See* Exs. 2 and 3 (describing AWS's investigation resulting in only the document attached as Ex. 1). This explains how AWS ended up producing Exhibit 4, while not producing any similar reports over time or any of the financial statements underlying the report. In other words, AWS cannot point to the production of Exhibit 4 as evidence that it conducted a reasonable search for responsive documents.

[9] Ex. 1 at row 17.

5



Exhibit 4 also provides a similar level of detail for each of the rolled-up categories at issue,[10] as well as narrative explanations, footnotes, and annotations.[11]

Exhibit 4 exemplifies the type of information AWS routinely generates, yet intentionally withheld from production, even in response to the Court's Order. There are more "Exhibit 4s" out there, and AWS should be compelled to produce them.[12]

---

[10] *See, e.g.*, Ex. 4 at 1-3, 14-19, 30-31 (revenue, including an analysis of how S3 contributes to AWS-level revenue figures), 3-5, 43-44, 52 (variable costs)

[11] *See, e.g.*, Ex. 4 at 1-6, Tables 1-3, and 5.

[12] When Kove realized Exhibit 4's contents, it called that to AWS's attention and specifically requested production of such documents for the full timeframe. Ex. 6 (2022-01-03 Letter from P. Eklem) at 1; Ex. 7 (2022-01-07 Letter from P. Eklem) at 2–3. AWS would not indicate whether it has searched for documents like Exhibit 4, and has not produced any additional documents in response to Kove's requests. *Id*. Given the many months that discovery into AWS's financial information has been pending, Kove cannot continue to wait while AWS does its best delay resolution of this issue.

6

Exhibit 5 confirms the existence of yet more responsive documents.[13] Exhibit 5 references "Income Statements" and "Cost Assignment" reports that identify unallocated AWS-level costs.[14] It also references "deliverables" that likely contain additional AWS-level financial statements and disclosures.[15] But the existence of Exhibit 5's internally referenced documents was never identified as responsive to the Court's Order. AWS should be compelled to produce all "Income Statements," "Cost Assignment" reports, and other "deliverables" that are responsive to the Court's Order for the relevant time periods.[16]

### C. The Court Should Award Kove Reasonable Attorneys' Fees and Costs Associated With This Enforcement Motion.

AWS has not offered any supportable explanation for its failure to comply with the Court's Order. Where, as here, a party makes little or no effort to comply with a court order, an award of attorneys' fees and costs are appropriate. Fed. R. Civ. P. 37(b)(2)(C) ("[T]he Court must order the disobedient party ... to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified ... ."); *see also Domanus v. Lewicki*, 742 F.3d 290, 296–97 (7th Cir. 2014) (upholding sanctions against a defendant where its "efforts to comply with

---

[13] The parties previously addressed Exhibit 5 in their respective sur-replies relating to Kove's motion to compel service-specific financial information. *See* Dkt. 405, 474, 480. As explained in that briefing, the information Kove sought in that motion is distinct from the information Kove seeks here. *See* Dkt. 405 at 8 n.9. Specifically, Exhibit 5 references documents that likely contain *AWS-unit level* financial statements and disclosures responsive to the July 14 Order and it also references *other* documents that contain key information about the *service/product-level* cost allocations relevant to Kove's motion to compel such information (*see* Dkt. 480 at 3-5).

[14] Ex. 5 at 7 (presenting a screenshot of an "Income Statement" that shows "the unassigned AWS Infrastructure [Operational Expenses] as defined by Cost Group Center C260."); *id.* (describing how AWS allocates unit-level costs and presenting a screenshot of a "Cost Assignment" report showing how AWS assigned costs to internal and external users).

[15] *See* Ex. 5 at 2 Tbl.2.

[16] As with Exhibit 4, Kove also called Exhibit 5 to AWS's attention and requested production of the materials it referenced (*see* Ex. 6 at 1 and Ex. 7 at 2–3) but received nothing in response. *See* footnote 12, *supra*.

7

the magistrate's production orders were minimal, at best"); *Yahnke v. Cnty. of Kane*, 2014 WL 1673739, at *3 (N.D. Ill. Apr. 28, 2014) (adopting recommendation to compel document production and impose sanctions in view of "repeated attempts to narrow what discovery [defendant] think[s] is relevant in this matter). Accordingly, Kove respectfully requests that AWS be ordered to pay reasonable attorneys' fees and expenses incurred in the filing and resolution of this Motion to Enforce. Kove should not have needed to repeatedly remind AWS of its obligation to comply with the Court's Order or to have to move to enforce it. *See e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642–43 (7th Cir. 2011) (imposing sanctions for failure to comply with discovery order); *Bovinett v. HomeAdvisor, Inc.*, 2020 WL 1330407, at *3–4 (N.D. Ill. Mar. 23, 2020) (awarding attorneys' fees in connection with a motion for sanctions).

### IV. CONCLUSION

For the reasons stated above, Kove respectfully requests that the Court enforce its July 14 order by requiring AWS to:

1. Search for and produce AWS-level financial information, as set forth in Kove's original motion (Dkt. 212) and as adopted by the Court in its July 14 Order, including, for example,
    a) documents of the same kind as Exhibit 4 to this Motion (AMZ_KOVE_000470420);
    b) the financial statements and spreadsheets that were used as the source files for the explanatory tables and spreadsheets embedded or pasted into Exhibit 4;
    c) responsive income statements and cost assignment reports of the kind referenced in Exhibit 5 (AMZ_KOVE_000487423); and
    d) "deliverables" referenced in Table 2 of Exhibit 5 that contain AWS-level financial information responsive to the July 14 Order.
2. Pay Kove's reasonable attorneys' fees incurred in connection with this Motion.

8

3. Produce the required documents within 14 days of the Court's order on this Motion.[17]

Dated: January 19, 2022

Khue V. Hoang *(pro hac vice)*
khoang@reichmanjorgensen.com
Jaime Cardenas-Navia *(pro hac vice)*
jcardenas-navia@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965
Facsimile: (650) 623-1449

Christine E. Lehman *(pro hac vice)*
clehman@reichmanjorgensen.com
Adam Adler *(pro hac vice)*
aadler@reichmanjorgensen.com
Phil Eklem *(pro hac vice)*
peklem@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1710 Rhode Island Ave, NW, 12th Floor
Telephone: (202) 894-7310
Facsimile: (650) 623-1449

Respectfully submitted,

*/s/Khue V. Hoang*

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
Holly H. Campbell (State Bar No. 6320395)
hcampbell@thompsoncoburn.com
THOMPSON COBURN LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500
Facsimile: (312) 580-2201

Courtland L. Reichman *(pro hac vice)*
creichman@reichmanjorgensen.com
Shawna L. Ballard (Identification No. 155188)
sballard@reichmanjorgensen.com
Kate M. Falkenstien *(pro hac vice)*
kfalkenstien@reichmanjorgensen.com
Taylor Mauze (pro hac vice)
tmauze@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

**ATTORNEYS FOR PLAINTIFF
KOVE IO, INC.**

---

[17] *See Amarei v. City of Chicago*, 2016 WL 3693425, at *5 (N.D. Ill. July 12, 2016) (ordering production of documents within 10 days).

9

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of January 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

<i>/s/ Khue V. Hoang</i><br>
Khue V. Hoang