# EXHIBT 8

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 5620 | **DATE** | 6/5/2008 |
| **CASE TITLE** | New Medium Technologies vs. Barco NV et al. | | |

## DOCKET ENTRY TEXT

The Court grants Defendants' motion to supplement [704] and denies Defendants' motion to stay [702]. Defendants must supplement their claim construction brief on or before 6/13/08.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

      Two motions are before the Court. First, Defendants Syntax-Brillian Corporation and Barco N.V. have moved to stay proceedings in this action pending the resolution of a patent reexamination currently being conducted by the Patent and Trademark Office ("PTO"). On April 7, 2008, the PTO granted Plaintiff's Request for Reexamination of claim 10 of United States Patent No. 6,870,964 (the '964 patent). Defendants contend that the Court should stay the current proceedings with respect to the '964 patent as well as Patent No. 6,529, 637 (the '637 patent) and Patent No. 5,424,780 (the '780 patent), both of which belong to the same "patent family" as the '964 patent. The Court has discretion to stay an action when the PTO grants a reexamination. *Viskase Corp. v. American Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001) ("The court is not required to stay judicial resolution in view of the reexaminations."); *see also Medichem, S.A. v. Rolabo*, S.L., 353 F.3d 928, 936 (Fed. Cir. 2003). A Court may, for example, grant a stay where the reexamination would potentially streamline the resolution of the case, or where the PTO's expertise would help resolve the claims. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). A decision to stay proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *See Landis v. North Am. Co.*, 299 U.S. 254-55 (1936); *see also Texas Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005) (citing *Landis* with approval); *Ethicon v. Quigg,* 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (same).

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

**STATEMENT (CONT.)**

Here, the PTO's decision on reexamination will do little, if anything, to reduce or eliminate the matters before the Court. Each of the products that Plaintiffs accuse of infringing claim 10 of the '964 patent are also accused of infringing the '780 and '637 patents. As such, even if the PTO were to invalidate claim 10 of the '964 patent, the Court would still be required to resolve similar claims for the same products with respect to the '780 and '637 patents. Moreover, Defendants' argument that the PTO may, in the course of the reexamination, provide additional expertise into that claim is not well taken. The PTO has already examined claim 10 on one prior occasion, and has also previously considered the "new" prior art references (at issue in the '964 reexamination) in connection with the prosecution of the '780 and '637 patents. More importantly, any insight that the PTO may possibly add to the interpretation of the claim is outweighed by the interests of fairness. The Court and the parties have devoted substantial resources to this litigation in the course of the greater than 32 months that it has been pending, and any further delay would serve to prejudice Plaintiffs. The Court has set a firm date for a claim construction hearing, which it intends to keep. In addition, the Court notes that Defendants' decision to wait until January 28, 2008 to seek a reexamination – despite having known of the referenced prior art long before this litigation commenced – suggests a dilatory motive. For these reasons, Defendants' motion for stay is denied.

In their second motion, Defendants have moved to supplement their claim construction briefs in light of materials recently issued by the PTO in connection with the patents at issue in this case, and in light of a recent opinion from the Court of Appeals in the Federal Circuit. Because the recent decisions by the PTO and the Federal Circuit may bear some relevance on the construction of a disputed claim, the Court grants Defendants' motion to supplement. Defendants must supplement their claim construction brief on or before June 13.