# EXHIBT 10

ORAL ORDER: Having reviewed the parties' letter of November 22 (D.I. 1092), IT IS HEREBY ORDERED that: (1) the hearing on December 22 will be by videoconference, with Defendant to provide the necessary arrangements (to include provision for public access without the ability for anyone not associated with a party to speak or interfere with the proceeding); (2) the parties will each be allocated 2 hours and 15 minutes for their presentation; (3) the hearing will begin at 8:30 a.m. eastern time; (4) the parties' agreements with respect to presentation materials and order of terms are ADOPTED; and (5) the Court will also hear argument on the pending motion to disqualify the special master (D.I. 1059) and the objections to the special master's denial of that motion (see D.I. 1076, 1085). IT IS FURTHER ORDERED that Defendant's motion to stay (D.I. 1049; see also D.I. 1050, 1064, 1078) is DENIED. None of the factors the Court considers in exercising its discretion favors a stay. It is unlikely the requested stay - which will be of indeterminate and likely quite substantial length - would meaningfully simplify this case, which involves 11 asserted patents, only one of which is the subject of an instituted inter partes review. Other PTO proceedings underway do not carry with them any statutory estoppel effect. Additionally, while there is much yet to do in this case, the Court and the parties have also invested massive resources into this 2.5 year-old case, including litigating a jury trial, a preliminary injunction motion, substantial post-trial motions, and a mandamus to the Federal Circuit. The stage of the proceedings strongly disfavors a stay. Finally, Plaintiff considers itself a competitor of Defendant's, and a stay would severely prejudice and potentially destroy Plaintiff. On the other hand, Defendant identifies no meaningful prejudice to it from continuing to litigate on the schedule that has been set for quite some time (and which accommodates Defendant's previous position that it was anxious to litigate the seven patents-in-suit it is asserting). ORDERED by Judge Leonard P. Stark on 12/6/21. (ntl) (Entered: 12/06/2021)

As of December 7, 2021, PACER did not contain a publicly available document associated with this docket entry. The text of the docket entry is shown above.

*Cirba, Inc. d/b/a Densify et al v. VMware, Inc.*
1-19-cv-00742 (DDE), 12/6/2021, docket entry 1101