IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., | |
| Plaintiff, | Civil Action No. 1:18-cv-08175 |
| v. | Hon. Rebecca R. Pallmeyer |
| AMAZON WEB SERVICES, INC., | Jury Trial Demanded |
| Defendant. | |

### KOVE IO, INC.'S UNOPPOSED MOTION TO AMEND ITS FINAL INFRINGEMENT AND VALIDITY CONTENTIONS

Pursuant to Local Patent Rule 3.4 and the January 3, 2022 Minute Entry (ECF No. 489), Plaintiff Kove IO, Inc. ("Kove") hereby moves the Court for leave to amend its Second Amended Final Infringement Contentions and its Final Validity Contentions and serve its Third Amended Final Infringement Contentions and First Amended Final Validity Contentions. Kove's proposed amended contentions, with changes shown in redline, are attached as Exhibits A and B.

A party may amend its Final Contentions "by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the basis for the amendment." LPR 3.4. With respect to Kove's infringement contentions, good cause exists because Kove's amendments are in response to the Court's Claim Construction Order, entered on December 17, 2021 (ECF No. 484). In particular, Kove's amendments are in response to the Court's construction of the claim term "data pertaining to the entity." *See* Ex. A; ECF No. 484 at 31-34. AWS is not unfairly prejudiced by the amendments, as it has reviewed Kove's

amendments and does not oppose them,[1] fact discovery is ongoing, and expert report and discovery deadlines have not yet been set. Kove is moving for leave to amend its infringement contentions in the time set forth by the Court. (ECF No. 489). Accordingly, Kove respectfully requests that it be permitted to serve its amended infringement contentions. *See* LPR 3.4 ("An example of a circumstance that may support a finding of good cause, absent undue prejudice to the nonmoving party, includes a claim construction by the Court different from that proposed by the party seeking amendment.").

Good cause exists for Kove's amendments to its validity contentions because the changes are in response to theories and evidence that were not in the case until AWS served its Third Amended Final Invalidity Contentions on October 7, 2021. Specifically, Kove is responding to (1) additional analysis of DNS and BIND and (2) obviousness analyses in Section IV of AWS's invalidity contentions cover pleading.[2] *See* ECF No. 418 at 6-7; Ex. B. Again, AWS is not prejudiced by these amendments, as it has reviewed them and is not opposed to them, fact discovery is ongoing, and expert report and discovery deadlines have not yet been set. Further, Kove's motion to amend its validity contentions is timely. *See, e.g, Themapure, Inc. v. Giertsen Co. of Ill.*, 2011 WL 6196912, at *3 (N.D. Ill. Dec. 11, 2012) (Lefkow, J.) (motions seeking leave to amend contentions are timely where they are filed diligently after learning of new information). Kove therefore respectfully requests that its amendments to its validity contentions be entered. *See Sloan Valve Co. v. Zurn Indus.*, 2012 U.S. Dist. LEXIS 176554, *14 (N.D. Ill. Dec. 13, 2012) (St.

---

[1] The parties discussed the proposed amendments by e-mail correspondence and by phone on Thursday, February 10, 2022. Present at the meet and confer were Jaime Cardenas-Navia and Taylor Mauze for Kove; and Jeff Saltman and Lisa Phillips for AWS.

[2] Kove is amending its validity contentions to reserve its right to respond to any of the Section IV obviousness arguments that AWS is permitted to make. Kove does so without waiving any of its rights to argue that any or all of AWS's Section IV is improper because it does not support the obviousness grounds that AWS identifies in Section III of its cover pleading. *See* ECF No. 418 at 6.

Eve, J.) ("[T]he Court grants [Defendant's] Motion for Leave to Amend its Non-infringement, Invalidity/Unenforceability Contentions to the extent that those amendments are necessary to respond to the permissible amendments to Amended Final Infringement Contentions.").

Accordingly, for the foregoing reasons, Kove respectfully requests that the Court grant its Motion to Amend and permit Kove leave to serve its Third Amended Final Infringement Contentions and its First Amended Final Validity Contentions.

Dated: February 24, 2022

Respectfully submitted,

   /s/   *Jaime F. Cardenas-Navia*

Khue V. Hoang (*pro hac vice*)
khoang@reichmanjorgensen.com
Jaime Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965
Facsimile: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Adam Adler (*pro hac vice*)
aadler@reichmanjorgensen.com
Phil Eklem (*pro hac vice*)
peklem@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1710 Rhode Island Ave, NW, 12th Floor
Telephone: (202) 894-7310
Facsimile: (650) 623-1449

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
Holly H. Campbell (State Bar No. 6320395)
hcampbell@thompsoncoburn.com
THOMPSON COBURN LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500
Facsimile: (312) 580-2201

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Shawna L. Ballard (Identification No. 155188)
sballard@reichmanjorgensen.com
Kate M. Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
Taylor N. Mauze (*pro hac vice*)
tmauze@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

**ATTORNEYS FOR PLAINTIFF
KOVE IO, INC.**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 24, 2022, the foregoing document was served via email on the attorneys of record who have consented to service by electronic means.

                 /s/ *Jaime F. Cardenas-Navia*
                 Jaime F. Cardenas-Navia