**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KOVE IO, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON WEB SERVICES, INC., <br><br> Defendant. | Civil Action No. 1:18-cv-08175 <br><br> Judge Matthew F. Kennelly <br><br> Jury Trial Demanded |

**JOINT STATUS REPORT**

Pursuant to the Court's March 8, 2022 order (Dkt. 514) and April 18, 2022 minute entry (Dkt. 519), Plaintiff Kove IO, Inc. ("Kove") and Defendant Amazon Web Services, Inc. ("AWS") (collectively, the "Parties") respectfully submit this Joint Status Report.

**Case Background**

Kove filed this patent infringement lawsuit on December 12, 2018, alleging that AWS infringed three of Kove's patents: U.S Patent No. 7,814,170 ("the '170 patent"); U.S Patent No. 7,103,640 ("the '640 patent"); and U.S Patent No. 7,233,978 ("the '978 patent") (collectively, "the Kove Patents"). Dkt. 1. The Kove Patents relate to a computer system for managing data in a distributed server network, including through the use of intermediate servers and hash functions. Kove alleges that two AWS products—Amazon S3 and Amazon DynamoDB—infringe various asserted claims of the Kove Patents. AWS denies infringement and contends the asserted claims of the Kove Patents are invalid, among other defenses.

**Procedural History**

Kove filed this case on December 12, 2018. Dkt. 1. On April 5, 2019, AWS moved to dismiss the complaint, claiming that the Kove Patents are invalid under § 101. Dkt. 38. The motion was denied on March 23, 2020. Dkt. 110.

On December 19, 2019, AWS filed an *inter partes* review ("IPR") request with the Patent Trial and Appeal Board, alleging that Kove's '980 patent was invalid as anticipated or obvious over prior art references, including the Domain Name Service (DNS) database system. The Patent Board declined to institute the review. It issued a decision on June 16, 2020 finding that AWS had not demonstrated that there was a reasonable likelihood that the '980 patent was invalid based on the cited references. AWS's request for rehearing of the decision was denied on November 12, 2020.

On March 11, 2020, AWS moved to compel Kove to amend its final infringement contentions. Dkt. 90. The motion was granted on March 16, 2020. Dkt. 97. Kove accordingly updated its infringement contentions.

On May 1, 2020, AWS filed a motion for judgment on the pleadings on the grounds that several claims of the '978 patent were invalid for obviousness-type double patenting. Dkt. 133. That motion was stricken without prejudice to renewal on March 26, 2021. Dkt. 304.

On July 27, 2020, AWS filed a second motion to compel Kove to amend its final infringement contentions. Dkt. 173. That motion was deemed "withdrawn without prejudice" by the Court on February 19, 2021. Dkt. 284. The Court clarified that ruling on June 28, 2021. Dkt. 354.

On July 23, 2020, a third-party unrelated to AWS filed an *ex parte* reexamination request with the Patent Office, seeking to invalidate the '640 patent based on a combination of various publications. The Patent Office declined to institute the reexamination, concluding that the cited publications did not raise a substantial new question of patentability.

On July 28, 2020, Kove filed a motion to compel AWS to produce technical documents and to provide supplemental 30(b)(6) witnesses on technical issues. Dkt. 176. That motion was granted in part on March 24, 2021 by Magistrate Judge Finnegan. Dkt. 301. AWS filed written objections on April 9, 2021. Dkt. 322. The Court overruled AWS's objections on April 20, 2021, but limited the pertinent deposition to two hours. Dkt. 335.

On September 14, 2020, Kove filed a motion to strike AWS's invalidity contentions. Dkt. 200. In response, AWS sought leave to amend its invalidity contentions. Dkt. 216. On September 17, 2021 the Court granted Kove's motion in part, and granted AWS leave to amend its contentions. Dkt. 418.

On October 2, 2020, Kove filed a motion compel AWS to produce financial information. Dkt. 212. That motion was granted on July 14, 2021. Dkt. 359.

Claim construction briefing began in October 2020 and was completed in February 2021. Dkt. 219; Dkt. 279. The Court held a claim construction hearing on July 23, 2021, and issued a claim construction decision on December 17, 2021. Dkt. 484.

On February 10, 2021, Kove filed a motion to compel AWS to provide corporate testimony on how AWS stores and maintains documents. Dkt. 276. AWS sought a protective order on the same issues. Dkt. 286. On March 24, 2021, the Court denied both requests. Dkt. 301.

On June 25, 2021, Kove filed a motion to compel discovery from AWS's former CEO (who subsequently became Amazon.com's CEO), Andrew Jassy. Dkt. 351. That motion was granted in part and denied without prejudice in part on October 15, 2021. Dkt. 441.

In August 2021, as the fact discovery deadline approached and at the joint request of the Parties, the Court entered an order requiring the Parties to file motions regarding all pending discovery disputes by September 9, 2021. *See* Dkt. 390. In connection with that deadline, Kove filed four motions: (1) a motion for a protective order regarding litigation funding (Dkt. 400); (2) a motion to compel AWS to comply with the Court's March 24, 2021 order regarding production of technical documents, to provide ESI from additional custodians, to provide a substantive response to several interrogatories, and to supplement its written response to Kove's document requests (Dkt. 403); (3) a motion to compel AWS to produce usage and financial information pertaining to the accused products (Dkt. 405); and (4) a motion to compel AWS to provide technical information relating to the hardware used to run the accuse products, the metrics used to quantify the operation of the accused products, and predecessor products (Dkt. 409). AWS filed two motions: (1) a motion to compel sufficient time to depose John Overton (Kove's CEO and one of the listed co-inventors of the Kove Patents) and production of non-email ESI documents, Dkt. 392, and (2) a motion for a protective order regarding several of Kove's document requests and 30(b)(6) topics. Dkt. 397.

On January 19, 2022, Kove filed a motion to compel AWS to comply with the Court's previous order, from July 2021 (Dkt. 359), that required AWS to produce additional financial information. Dkt. 493.

On January 26, 2022, the Court issued an order (Dkt. 497) resolving four of the then-pending discovery motions (Dkts. 392, 397, 400, and 403). Kove's motion for a protective order regarding discovery into litigation funding was granted; the other three motions were granted in part and denied in part.

On January 28, 2022, the Court heard argument on the remaining motions (Dkts. 405, 409, 493) and issued an order continuing the motions pending the outcome of additional document productions and a 30(b)(6) document deposition of AWS. Dkt. 504.

### Stay of the Case

On November 19, 2021, AWS filed requests for *ex parte* reexaminations of all the asserted claims in the three Kove Patents with the Patent & Trademark Office ("PTO"). On December 23, 2021, the PTO granted AWS's reexamination requests for the '640 and '978 patents, and on January 10, 2022, the PTO granted the reexamination request for the '170 patent. On January 13, 2022, AWS filed a motion to stay this case, pending the outcome of those reexaminations. Dkt. 490. On March 8, 2022, the Court granted AWS's motion and stayed the case in light of the *ex parte* reexaminations, and requested a status update no later than September 7, 2022. Dkt. 515.

### Status of the *Ex Parte Reexaminations*

A party seeking to challenge the patentability of one or more claims of a patent may file a request for *ex parte* reexamination with the PTO. Upon granting a reexamination request, the PTO reexamines the challenged claims of the patent and issues an "office action" assessing the patentability of those claims. The PTO initially issues a "Non-Final Office Action" that may reject one or more claims as unpatentable over prior art references, and that may also confirm the

5

patentability of one or more claims. The patent owner then has the opportunity to file a reply addressing the issues raised by the PTO. Upon receiving the patent owner's reply, the PTO makes a final determination as to whether the claims under reexamination are patentable over the cited prior art references. If they are, the PTO issues a reexamination certificate. Otherwise, the PTO issues a "Final Office Action" rejecting one or more claims as unpatentable. The patent owner may appeal such a Final Office Action to the Patent Trial and Appeal Board. There is no statutory timeline by which these events are required to occur.

All three Kove Patents are under reexamination. The PTO issued Non-Final Office Actions rejecting all asserted claims of the '640 patent (claims 17-18 and 24) and '170 patent (claims 3-5, 7, 10-11, 13-14, and 16-17) as obvious over the cited prior art references on August 4, 2022, and May 11, 2022, respectively. Kove has submitted a reply with respect to each. With respect to the '978 patent, the PTO issued a Non-Final Office Action in which it confirmed the patentability of claims 17, 23-24, and 30 and rejected claims 1, 3, 6, 10, 14, and 31 as obvious over the cited prior art references. A response to the Non-Final Office Action will be filed by September 28, 2022.

**AWS's Second Reexamination Request for the '978 Patent**

AWS filed a second request for the reexamination of claims 17, 23-24, and 30 of the '978 patent on August 31, 2022. The PTO has not yet determined whether it will grant the second request for reexamination of claims 17, 23-24, and 30 the '978 patent. If the PTO denies the request, then there is no further action. If the PTO grants the request, then it will issue an Office Action to which Kove will reply, with the possibility of subsequent proceedings as described above.

**Issues Remaining After the Stay Is Lifted**

At the time the stay was entered, several discovery motions were fully briefed and argued, but not yet decided. The motions were denied without prejudice in light of the stay, and include:

| Dkt. No. | Name |
|---|---|
| 405 | Kove's Motion to Compel Amazon Web Services to Produce Information Regarding Usage, Financial, and Hypothetical Negotiation Data |
| 409 | Kove IO, Inc.'s Motion to Compel Hardware, Metrics, & Predecessor Product Information |
| 493 | Kove IO, Inc.'s Motion to Enforce Compliance with Court Order |
| 513 | Joint Motion to Set Scheduling for Service of Responsive Contentions (not argued) |

In addition, at the time the stay was entered, the parties were engaging on several discovery issues, including issues relating to the Court's discovery orders from October 15, 2021 (Dkt. 441), January 26, 2022 (Dkt. 497), and January 28, 2022 (Dkts. 504, 505).

The parties were also working to schedule and complete depositions. Prior to the stay, Kove had taken three 30(b)(1) fact depositions. Kove had also deposed five AWS corporate designees pursuant to Rule 30(b)(6). AWS had designated three additional corporate designees, but the parties agreed to wait to take those depositions pending resolution of Kove's discovery motions. There are several additional 30(b)(6) topics for which AWS has not designated a witness. Prior to the stay, AWS had taken two 30(b)(1) depositions, and noticed a 30(b)(6) deposition of Kove.

At the time the stay was entered, the close of discovery was tied to the Court's resolution of the then-pending discovery motions. Discovery was scheduled to close on the later of February 18, 2022, or 60 days after the parties had complied with the Court's orders arising from its resolution of the then-pending discovery motions. Dkt. 453. At the joint request of the Parties,

the Court has previously extended the close of discovery on six other occasions. Dkt. 242; Dkt. 280; Dkt. 321; Dkt. 349; Dkt. 358; Dkt. 388.

Dated: September 7, 2022

Respectfully Submitted,

| KOVE IO, INC. | AMAZON WEB SERVICES, INC. |
|---|---|
| By: /s/ Khue V. Hoang | By: /s/ R. William Sigler |
| Renato Mariotti (State Bar No. 6323198)<br>renatto.mariotti@bclplaw.com<br>BRYAN CAVE LEIGHTON PAISNER LLP<br>161 North Clark Street, Suite 4300,<br>Chicago, IL 60601<br>Telephone: (312) 602-5037 | Alan M. Fisch<br>alan.fisch@fischllp.com<br>R. William Sigler<br>bill.sigler@fischllp.com<br>Jeffrey M. Saltman (*pro hac vice*)<br>jeffrey.saltman@fischllp.com<br>Lisa N. Phillips (*pro hac vice*)<br>lisa.phillips@fischllp.com<br>FISCH SIGLER LLP<br>5301 Wisconsin Ave, NW<br>Suite 400<br>Washington, D.C. 20015<br>Telephone: (202) 362-3500 |
| Holly H. Campbell (State Bar No. 6320395)<br>hcampbell@thompsoncoburn.com<br>THOMPSON COBURN LLP<br>55 E. Monroe St., 37th Floor<br>Chicago, IL 60603<br>Telephone: (312) 346-7500 | |
| Courtland L. Reichman (*pro hac vice*)<br>creichman@reichmanjorgensen.com<br>Shawna Ballard (*pro hac vice*)<br>sballard@reichmanjorgsensen.com<br>Taylor Mauze (*pro hac vice*)<br>tmauze@reichmanjorgensen.com<br>REICHMAN JORGENSEN LEHMAN &<br>FELDBERG LLP<br>100 Marine Parkway, Suite 300<br>Redwood Shores, CA 94065<br>Telephone: (650) 623-1401 | *Attorneys for Defendant Amazon Web Services, Inc.* |
| Khue V. Hoang (*pro hac vice*)<br>khoang@reichmanjorgensen.com<br>Jaime F. Cardenas-Navia (*pro hac vice*) | |

jcardenas-navia@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Adam Adler (*pro hac vice*)
aadler@reichmanjorgensen.com
Phil Eklem (*pro hac vice*)
peklem@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 894-7310

*Attorneys for Plaintiff Kove IO, Inc.*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and exact copy of the foregoing was filed electronically on September 7, 2022, with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all registered counsel of record.

                                                    */s/ Khue Hoang*
                                                    Khue Hoang