IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc.,<br><br>                Plaintiff,<br><br>   v.<br><br>Amazon Web Services, Inc.,<br><br>                Defendant. | Civil Action No. 1:18-cv-08175<br><br>Hon. Matthew F. Kennelly<br><br>Jury Trial Demanded |

**<u>KOVE IO, INC.'S MOTION TO LIFT STAY</u>**

**TABLE OF CONTENTS**

<u>Page</u>

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................... 1

    A. AWS's Early Attempts to Challenge Patentability and Delay Discovery .................... 2

    B. AWS's Reexamination Requests and Stay Motion ....................................................... 3

III. STATUS OF THE REEXAMINATIONS ......................................................................... 4

IV. THE STAY SHOULD BE LIFTED BECAUSE FURTHER PTO PROCEEDINGS WILL NOT SIGNIFICANTLY AFFECT THE NATURE OR SCOPE OF FACT DISCOVERY ...................................................................................................................... 5

    A. The Circumstances Have Changed With The Progression Of the Reexaminations. .... 6

    B. A Continued Stay Unduly Prejudices Kove .................................................................. 7

    C. A Practical Solution Is To Permit Fact Discovery To Be Completed, By Which Time The Remaining Reexamination Proceedings Should Be Completed. .................. 9

V. CONCLUSION ................................................................................................................ 10

Plaintiff Kove IO, Inc. (Kove) respectfully moves the Court to lift the stay currently in place, as discussed at the status conference of September 14, 2022.

## I. INTRODUCTION

The circumstances of the case have changed such that a stay no longer makes sense. Since the stay was imposed, the Patent and Trademark Office ("PTO") found seven of the claims in two patents asserted by Kove to be patentable. Indeed, just yesterday, the PTO determined that all claims of the '640 patent are patentable, rejecting the arguments in the reexamination request filed by Amazon Web Services, Inc. ("AWS"). This means the case will go forward at least as to those claims. Fact discovery will be materially unchanged by the remaining PTO proceedings – i.e., regardless of how the PTO rules on the remaining claims, fact discovery should not change. Thus, there is no reason to wait to complete fact discovery.

Once resumed, fact discovery should complete within three to four months. By that time, the remaining reexamination proceedings also should be completed, and the case can move forward without interruption. In the unlikely event the PTO proceedings are not completed by then, the possibility of stay can be revisited. In the meantime, Kove can avoid the undue prejudice of lost employees and documents and fading memories (already a problem), with no additional burden on the Court or the parties.

## II. BACKGROUND

Kove filed this lawsuit on December 12, 2018 against AWS, alleging infringement of U.S. Patent Nos. 7,103,640 ("the '640 patent"), 7,223,978 ("the '978 patent"), and 7,814,170 ("the '170 patent") (collectively, the "Asserted Patents").[1] Dkt. 1. The accused products—Simple Storage

---

[1] The '170 patent is a continuation of the '640 patent, and the two patents share a specification. Dkt. 484 at 1. The '978 patent is a continuation-in-part of the '640 patent. *Id.* at 5.

Service ("S3") and DynamoDB—are products that require innovative technology to operate given their tremendous storage needs. Previous technologies would not allow efficient storage and access with the hyperscale required by these products. For example, as of March 2021, S3 stored over one hundred *trillion* objects,[2] while DynamoDB handles over 100 million requests *per second*.[3] Kove's Asserted Patents provide foundational technology that serves as the backbone for both accused products, allowing it to operate at this large scope and scale. *See, e.g*, Dkt. 1.

### A. AWS's Early Attempts to Challenge Patentability and Delay Discovery

The Complaint was filed in December 2018. Dkt. 1. AWS moved to dismiss under Rule 12, alleging unpatentability of all claims under § 101. Dkt. 38. In parallel, AWS moved to stay discovery and all Local Patent Rule deadlines, pending resolution of its § 101 motion. Dkt. 39. The Court granted a stay in part, suspending deadlines (but not Rule 26(a)(1) disclosures) for approximately one month, until oral argument was held on the motion to dismiss. Dkt. 41. The Court restarted discovery shortly after oral argument on May 30, 2019. The following year, on March 23, 2020, the Court denied AWS's § 101 motion. Dkt. 110.

In late 2019, AWS filed a petition for *inter partes* review ("IPR") of the '978 patent, which sought to invalidate the patent on various grounds.[4] The petition was unsuccessful, and the Patent Trial and Appeal Board ("PTAB") declined to even institute the proceedings. AWS chose not to file IPR petitions for the other two asserted patents and is now time-barred from doing so.[5] AWS

---

[2] https://aws.amazon.com/blogs/aws/amazon-s3s-15th-birthday-it-is-still-day-1-after-5475-days-100-trillion-objects.

[3] https://aws.amazon.com/blogs/aws/amazon-prime-day-2022-aws-for-the-win.

[4] IPR2020-00276.

[5] 35 U.S.C. § 315(b) ("An inter partes review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner ... is served with a complaint alleging infringement of the patent.").

also did not request *ex parte* reexamination of any patent until it filed the requests in November 2021, nearly three years after the case was filed, although it was always free to do so.[6]

With respect to discovery, AWS's case-long strategy of stall, delay, and obfuscation is detailed in Kove's brief opposing the initial stay. Dkt. 502 at 3-4. In sum, AWS repeatedly resisted relevant and material discovery, forcing Kove to seek (and obtain) relief from the Court.[7] Even in the face of Court orders, AWS found ways to delay disclosure, ultimately resulting in Kove filing two motions to enforce Court orders.[8] *See* Dkt. 403 at 1-2; Dkt. 493.

### B. AWS's Reexamination Requests and Stay Motion

AWS filed requests for reexamination for all Asserted Patents on November 19, 2021. The PTO instituted these proceedings for the '640 and '978 patents in December 2021 and for the '170 patent in January 2022. AWS then filed its motion to stay pending reexamination in January 2022, more than 17 months after the deadline set forth in Local Patent Rule 3.5(b), and over three years after this case was filed.[9] Dkt. 490.

Kove opposed the stay motion, based in part on Local Patent Rule 3.5, which states that "[a]bsent exceptional circumstances, no party may file a motion to stay the lawsuit pending any

---

[6] "*Inter partes* review" and "*ex parte* reexaminations" are distinct proceedings. Petitions for IPRs are filed before the PTAB, while requests for reexaminations are filed with the PTO. IPRs are governed by 37 C.F.R. §§ 42.100-42.123, and must be filed within one year from the date of service of a complaint for patent infringement. Reexams are governed by 37 C.F.R. §§ 1.501-1.570, and may be filed at any time.

[7] *See* Dkt. 521 (joint status report) at 3-4 (summarizing Kove's discovery motions, and the outcome of those motions).

[8] Kove's first motion to enforce (Dkt. 403) was granted. *See* Dkt. 497 at 26-28 (agreeing that AWS's production of blank documents failed to comply with the Court's previous order requiring AWS to produce additional documents). Kove's second motion to enforce (Dkt. 493) was pending at the time the stay was entered and was struck by the Court without prejudice to refile, as were all pending motions. Dkt. 515 at 10.

[9] LPR 3.5(b) provides that "[a]bsent exceptional circumstances," a party may not, after its deadline for serving final contentions, move for a stay pending reexamination of a patent in suit. AWS served its final infringement contentions in August 2020.

3

proceeding in the [PTO] after the due date for service of that party's Final Contentions pursuant to LPR 3.2." Kove argued no such "exceptional circumstances" existed because AWS offered no reason why it could not have found the prior art cited in its requests earlier. Dkt. 502 at 1, 4-6. Kove also explained that, because AWS's alleged infringement dates back more than 15 years, discovery is needed from throughout those years, and delay threatens further loss of relevant documentation, employee turnover, and faded memories (at a time when relevant documents already have been lost or destroyed and employees with knowledge have left). *Id.* at 9-10.

On March 8, 2022, the Court granted AWS's motion to stay. Dkt. 515 at 9-10. The Court found that although it was "not clear" that the reexaminations would result in a significant reduction of the burden of litigation on the parties (*id.* at 6), it nevertheless was persuaded that the issues *for trial* "would be simplified if the USPTO cancelled any of Kove's patent claims" (*id.* at 5). The Court then ordered a status update in September 2022, which permitted reevaluation as to whether a further stay was warranted.

### III. STATUS OF THE REEXAMINATIONS

To date, the PTO has determined that seven of the 19 claims at issue are patentable, including four claims from the '978 patent (claims 17, 23-24, and 30)[10] and – just yesterday – all asserted claims from the '640 patent (claims 17-18 and 24)[11] (together, the "Allowed Claims"). Reexamination as to the Allowed Claims is complete.[12]

---

[10] Reexamination Control No. 90/019,034, June 28, 2022 Office Action at 2, 35-36 (attached as Exhibit 4).

[11] Reexamination Control No. 90/019,036, September 22, 2022 Notice of Intent to Issue Ex Parte Reexamination Certificate (attached as Exhibit 5).

[12] As detailed in the Joint Status Report (Dkt. 521) and as discussed during the September 14 telephonic Status Conference (Dkt. 523), AWS recently filed a second request for reexamination in connection with the claims of the '978 patent that have already been allowed. That second request was not part of AWS's motion to stay, and therefore is not a proper basis for maintaining the current stay, consistent with the

For the '170 patent, the PTO issued an Office Action on May 11, 2022, conducted an Examiner Interview on July 21, 2022, and received Kove's response to the Office Action on August 11, 2022 (the Examiner Interviews for the '170 and '640 patents were consolidated, and took place at the same time).

With respect to the other claims of the '978 patent, the PTO issued an Office Action on June 28, 2022, conducted an Examiner Interview on September 12, 2022, and will receive Kove's response to the Office Action on September 28, 2022.

### IV. THE STAY SHOULD BE LIFTED BECAUSE FURTHER PTO PROCEEDINGS WILL NOT SIGNIFICANTLY AFFECT THE NATURE OR SCOPE OF FACT DISCOVERY.

In deciding whether to lift a stay, courts consider whether "the circumstances that called for imposing [the] stay" have changed, such that the stay is no longer necessary. *JAB Distributors, LLC v. London Luxury, LLC*, 2010 WL 3023163, at *1 (N.D. Ill. June 29, 2010). This assessment turns on the same factors courts use to decide whether to impose a stay in the first place, including whether continuing the stay would "(1) unduly prejudice or tactically disadvantage the non-moving party, (2) simplify the issues in question and streamline the trial, [and] (3) reduce the burden of litigation on the parties and on the court." *Helferich Patent Licensing, LLC v. N.Y. Times Co.*, 2012 WL 1813665, at *1 (N.D. Ill. May 8, 2012) (considering stay factors when deciding whether to continue a stay and, separately, whether to stay a related case); *Se-Kure Controls, Inc. v. Sennco Solutions, Inc.*, 2010 WL 4823594, at *1 (N.D. Ill. Nov. 19, 2010).

---

Court's comments at the hearing. The Court indicated that a stay based on the new '978 reexamination request would be considered separately, should AWS choose to file another motion to stay.

5

### A. The Circumstances Have Changed With The Progression Of the Reexaminations.

The facts that gave rise to the stay have materially changed. At the time the case was stayed, *all* of the asserted claims were subject to reexamination, which left open the possibility that the reexams could eliminate all the claims in case. Dkt. 515 at 5-6. And since the reexaminations had only just commenced, there was no indication as to how quickly they might proceed. *Id.* at 5.

In the months since, the PTO has determined the patentability of the Allowed Claims and made substantial and material progress in resolving the remaining claims. Importantly, that these claims have emerged means that the remainder of the reexamination proceedings will not meaningfully change fact discovery, so there is no further reason to hold it up. The Allowed Claims involve all the accused products and implicate overlapping features, technical issues, and damages as the claims still under review.

The Court's claim construction order helps makes clear the substantive overlap among the asserted claims. Dkt. 484. The Allowed Claims involve the same claim terms (and hence the same technical issues) as the other claims. *See generally id*. Thus, no matter what happens with the remaining reexams, fact discovery will necessarily involve, for example, the accused products' use of "location servers," "identifiers," and "location information." *See* Dkt. 484 at 12, 19. As another example, the discovery motions that were pending prior to the stay (Dkt. 405; Dkt. 409; Dkt. 493) seek information that is just as relevant to the Allowed Claims as to the other claims, such that Kove's requested relief is unaffected, regardless of how the remaining reexamination proceedings are resolved. In short, there is no significant fact discovery that can be carved out or avoided regardless of how the PTO rules on remaining claims.

### B. A Continued Stay Unduly Prejudices Kove.

Given that fact discovery will not change, Kove will be severely prejudiced by continuing the stay. This case was filed in 2018, and proceeded for years, and most of discovery, before the stay. When the reexaminations began, there was a chance that fact discovery could be unnecessary, or changed substantially. That no longer is the case, and therefore the prejudice is only to Kove, which must risk the loss of evidence as the case waits. Indeed, the case already has suffered from AWS's employees with knowledge leaving the company, memories fading, and documents being lost or destroyed – delaying longer risks exacerbating that prejudice with no corresponding benefit. *See* Dkt. 502 at 9-10.

Many of the disputes in this case center around the development of the accused products and events that took place as far back as ███████████████████████████████████ ███████████████ Additional delay increases the likelihood that relevant memories will fade from the minds of witnesses and relevant information will be lost, either through routine deletion or the inability to locate and assemble it from the immeasurably vast amounts of data in AWS's possession.[13] *See, e.g., Cooper Notification, Inc. v. Twitter, Inc.*, 2010 WL 5149351, at *4 (D. Del. Dec. 13, 2010) ("Resuming this litigation after a protracted stay would likely raise issues with stale evidence, faded memories, and lost documents.").

For example, each of the witnesses who were involved in the formation of AWS or the foundational development of the accused products has either retired, left Amazon, or switched to a substantially different role, such that they are less likely to remember the information Kove seeks. In deposition, numerous AWS witnesses already have had a difficult time remembering past

---

[13] Litigation holds purportedly exist, but, as illustrated by the examples herein, they have not eliminated the problem of lost evidence.

events. *See, e.g.*, Ex. 1 (Vermeulen Tr.) at 76:13–17 ██████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ████████████████████████████████████████████ This problem is compounded by questionable institutional memory. For instance, AWS's Director of Finance testified he ██████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████.[14]

AWS's document retention practices compound the harm. By its own admission, AWS ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ████████ Additional delay can only exacerbate these problems and increase the already substantial challenges Kove faces in acquiring the evidence it needs to meet its proofs.

---

[14] https://www.linkedin.com/in/li-jennifer-li-b899233 (showing that Li joined AWS in 2018).

8

### C. A Practical Solution Is To Permit Fact Discovery To Be Completed, By Which Time The Remaining Reexamination Proceedings Should Be Completed.

Given that fact discovery will not be meaningfully changed by the remaining reexamination proceedings, a practical solution would be to lift the stay and let fact discovery move forward. By the time fact discovery is completed, the remaining reexamination proceedings should be completed given their current pace, and expert discovery can promptly follow. If there is a reason for a further stay, it can be taken up at that time. Such an approach would balance the need for the case to move along promptly, not place any additional burden on the Court or the parties, and allow for another look in the unlikely event a stay is required before expert discovery.

Fact discovery is near completion. The parties expect to propose, as they did in the prior scheduling order before it was obviated by the stay, that the close of fact discovery be tied to the Court's resolution of pending discovery motions. Dkt. 453. Under such an order, AWS would have 45 days to comply with any discovery orders (including those from the four unresolved motions) and discovery closes 60 days after that (for a total of 105 days after the last discovery motion is resolved). *Id.* Building in time for resolution of this motion and the pending discovery motions, fact discovery would be closed in approximately five or six months from now.

By then, the reexamination proceeding should be concluded. Those proceedings have moved along more quickly than expected. The PTO has fully resolved its reexamination of the Allowed Claims, and has made substantial progress with respect to the remaining claims. *See supra* at 4-5. All reexamination proceedings on the '640 patent were concluded yesterday (with all claims surviving), and with the other two patents on approximately the same schedule, even by conservative estimates, the proceedings will be completed by the time fact discovery is concluded. This timing is in line with more recent statistics from the PTO, which show that reexaminations

are beginning to move more quickly than historically was the case. *See* Dkt. 490 at 10; Dkt. 507 at 9.

Thus, the second factor – simplifying the issues and streamlining trial – favors lifting the stay in light of the changed circumstances. Waiting for completion of the reexamination proceedings before completing fact discovery will do nothing to simplify the issues or streamline trial. Nothing as to the remaining fact discovery will change regardless of how the PTO rules.

Finally, the third factor – reducing the burden on the court and the parties – also favors lifting the stay. There is no additional burden on the Court from lifting the stay now given fact discovery will be unchanged by further PTO proceedings. By February or March, when fact discovery is expected to close, the reexamination proceedings should be completed, in which case expert discovery and other proceedings will follow. In the unlikely event those proceedings are not completed, then a stay request can be taken up at that time. There is no reason to hold off on restarting fact discovery when it can be completed in the meantime.

## V. CONCLUSION

Accordingly, Kove respectfully requests the Court lift the stay in this case.

Dated: September 23, 2022

Khue V. Hoang *(pro hac vice)*
khoang@reichmanjorgensen.com
Jaime Cardenas-Navia *(pro hac vice)*
jcardenas-navia@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Adam Adler (*pro hac vice*)
aadler@reichmanjorgensen.com
Phil Eklem (*pro hac vice*)
peklem@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 894-7310

Respectfully submitted,

*/s/ Khue Hoang*

Renato Mariotti (State Bar No. 6323198)
renatto.mariotti@bclplaw.com
Holly H. Campbell (State Bar No. 6320395)
holly.campbell@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Suite 4300
Chicago, IL 60601
Telephone: (312) 602-5000

Courtland L. Reichman *(pro hac vice)*
creichman@reichmanjorgensen.com
Shawna L. Ballard (Identification No. 155188)
sballard@reichmanjorgensen.com
Taylor Mauze *(pro hac vice)*
tmauze@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401

**ATTORNEYS FOR PLAINTIFF
KOVE IO, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of September 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                                         */s/ Khue Hoang*
                                                                         Khue Hoang