**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KOVE IO, INC.,

     *Plaintiff,*

    v.

AMAZON WEB SERVICES, INC.,

     *Defendant.*

Case No. 1:18-cv-8175

## AWS'S OPPOSITION TO KOVE'S MOTION TO LIFT STAY AND MOTION TO STAY PENDING ADDITIONAL REEXAMINATION

Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Lisa Phillips (*pro hac vice*)
*lisa.phillips@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Suite 400
Washington, DC 20015
202.362.3500

*Attorneys for Amazon Web Services, Inc.*

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ................................................................................................... 1

II.  BACKGROUND .................................................................................................... 2

     A.   *Ex Parte* Reexaminations ............................................................................. 2

     B.   AWS's EPRs of Kove's Patents .................................................................. 2

     C.   Judge Pallmeyer's Stay Order ..................................................................... 5

III. ARGUMENT ......................................................................................................... 6

     A.   KOVE IDENTIFIES NO CHANGE IN CIRCUMSTANCES THAT WARRANTS
          LIFTING THE STAY BEFORE THE PTO FINISHES ITS WORK .......................... 6

     B.   THE RELEVANT FACTORS SUPPORT CONTINUING THE STAY. ................... 7

          1.   Undue Prejudice ................................................................................. 7

          2.   Simplification of the Issues .............................................................. 10

          3.   Burden on the Parties and the Court ................................................ 12

     C.   CONTINUING THE STAY SHOULD INCLUDE FACT DISCOVERY ................. 14

IV.  CONCLUSION .................................................................................................... 15

# TABLE OF AUTHORITIES

## Cases

*Auto. Techs. Int'l, Inc. v. Am. Honda Motor Co.*,
  No. 06-cv-187, 2009 WL 2969566 (D. Del. Sept. 15, 2009) .................................................... 6

*Baxter Int'l, Inc. v. Becton, Dickinson & Co.*,
  No. 17-cv-7576, 2018 WL 11189348 (N.D. Ill. Nov. 26, 2018) ............................................ 9

*Baxter Int'l, Inc. v. CareFusion Corp.*,
  No. 15-cv-9986, 2017 WL 11624669 (N.D. Ill. May 31, 2017) ........................................ 8, 10

*Brit. Telecommc'ns PLC v. IAC/InterActiveCorp*,
  No. 1:18-cv-366, 2020 WL 5517283 (D. Del. Sept. 11, 2020) .............................................. 14

*Canady v. Erbe Elektromedizin GmbH*,
  271 F. Supp. 2d 64 (D.D.C. 2002) ........................................................................................ 6

*CIVIX v. Nat'l Ass'n of Realtors*,
  No. 05-cv-6869, 2007 WL 7759150 (N.D. Ill. Sept. 17, 2007) .......................................... 1, 6

*ClearPlay v. Dish Network LLC*,
  No. 2:14-cv-191, 2021 WL 2515008 (D. Utah June 18, 2021) .............................................. 5

*Cook Inc. v. Endologix, Inc.*,
  No. 1:09-cv-1248, 2010 WL 2265203 (S.D. Ind. June 2, 2010) ............................................ 7

*Cook Inc. v. Endologix, Inc.*,
  No. 1:09-cv-1248, Dkt. 46 (S.D. Ind. Apr. 13, 2010) ........................................................ 7, 12

*Dataquill Ltd. v. High Tech Computer Corp.*,
  No. 08-cv-543, 2009 WL 1391537 (S.D. Cal. May 14, 2009) .............................................. 12

*Evolutionary Intelligence, LLC v. Yelp, Inc.*,
  No. 13-cv-3587, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) ............................................ 9

*Gould v. Control Laser Corp.*,
  705 F.2d 1340 (Fed. Cir. 1983) ............................................................................................ 2

*Ignite USA, LLC v. Pac. Mkt. Int'l, LLC*,
  No. 14-cv-856, 2014 WL 2505166 (N.D. Ill. May 29, 2014) ................................................ 8

*In re Bass*,
  314 F.3d 575 (Fed. Cir. 2002) .............................................................................................. 4

*JAB Distribs., LLC v. London Luxury, LLC*,
  No. 09-cv-5831, 2010 WL 1882010 (N.D. Ill. May 11, 2010) ............................................ 11

ii

*KLA-Tencor Corp. v. Nanometrics, Inc.*,
    No. 05-cv-3116, 2006 WL 708661 (N.D. Cal. Mar. 16, 2006) ................................................ 11

*Methode Elec., Inc. v. Infineon Techs. Corp.*,
    No. 99-cv-21142, 2000 WL 35357130 (N.D. Cal. Aug. 7, 2000) ..................................... 11, 12

*Murata Mach. USA v. Daifuku Co.*,
    830 F.3d 1357 (Fed. Cir. 2016) ......................................................................................... 6

*Norix Grp., Inc. v. Corr. Techs., Inc.*,
    542 F. Supp. 3d 824 (N.D. Ill. 2021) ......................................................................... 8, 10, 12

*Patlex Corp. v. Mossinghoff*,
    758 F.2d 594 (Fed. Cir. 1985) ........................................................................................... 1

*Putco, Inc. v. Carjamz Com Inc.*,
    No. 20-cv-50109, 2021 WL 4926499 (N.D. Ill. Mar. 2, 2021) ................................................ 8

*Sloan Valve Co. v. Zurn Indus., Inc.*,
    No. 10-cv-204, 2012 WL 4049361 (N.D. Ill. Sept. 13, 2012) ................................................ 12

*St. Clair Intell. Prop. Consultants, Inc. v. Canon Inc.*,
    412 F. App'x 270 (Fed. Cir. 2011) .................................................................................... 12

**Other Authorities**

35 U.S.C. § 301 ................................................................................................................ 2

35 U.S.C. § 303(a) ............................................................................................................ 4

35 U.S.C. § 305 ................................................................................................................ 2

35 U.S.C. § 307(a) ............................................................................................................ 4

37 C.F.R. § 1.565(c) .......................................................................................................... 1

Judge Matthew F. Kennelly and Edward D. Manzo, *Northern District of Illinois Adopts Local Patent Rules*, 9 J. Marshall Rev. Intell. Prop. L. 202 (2009) ....................................................... 5

## I.     INTRODUCTION

As this Court has recognized, "[t]he stay of pending litigation to enable PTO review of contested patents was one of the specified purposes" for Congress' creation of *ex parte* reexamination.[1] Consistent with that purpose, Judge Pallmeyer stayed this case after the PTO granted AWS's three requests for EPR collectively challenging all asserted claims of Kove's three patents-in-suit. The PTO completed two of these three reexaminations well ahead of the parties' previous estimates. And the PTO should be permitted to complete its review of the third patent-in-suit before the Court and parties begin again to devote resources to the litigation of issues relating to the patents-in-suit.

Indeed, most of the claims that Kove has asserted here are from the '978 patent, for which reexamination remains ongoing. At present, six of the ten asserted claims from that patent stand rejected, and AWS's follow-up request for EPR of the other four asserted '978 claims is pending. If that request is granted, the PTO will likely merge it with the original '978 EPR proceeding, and ultimately issue a final decision addressing all ten claims.[2] And with the majority of asserted claims still under PTO scrutiny, re-starting the case now would be imprudent. As Judge Pallmeyer stated in staying the case, "the issues would be simplified if the USPTO cancelled any of Kove's patent claims."[3] Here, the PTO's upcoming decisions may allow the Court and parties to forego consuming resources on any issues—including infringement, invalidity, and damages—pertaining to an entire patent.

---

[1] *CIVIX v. Nat'l Ass'n of Realtors*, No. 05-cv-6869, 2007 WL 7759150, at *4 (N.D. Ill. Sept. 17, 2007) (quoting *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 606 (Fed. Cir. 1985)).

[2] *See* 37 C.F.R. § 1.565(c) ("If *ex parte* reexamination is ordered while a prior *ex parte* reexamination proceeding is pending," the two proceedings "will usually be merged and result in the issuance and publication of a single certificate.").

[3] Dkt. 515 at 5.

1

And a further, modest pause won't prejudice Kove. As Judge Pallmeyer detailed, the patents are all expired, and Kove waited twelve years after the accused products were first offered to file its case, caused numerous scheduling delays, and didn't seek an injunction.[4] Thus, and as further detailed below, no change in circumstances justifies Kove's request to lift the stay, which should remain in place while the PTO finishes its work in reexamining the validity of the majority of the asserted claims.

## II. BACKGROUND

### A. *Ex Parte* Reexaminations

The EPR procedure permits "any party to petition the patent office to review the efficacy of a patent, subsequent to its issuance, on the basis of new information about preexisting technology which may have escaped review at the time of the initial examination."[5] The PTO must conduct all EPRs on an expedited basis.[6] When AWS requested the stay here, the latest PTO statistics indicated that, on average, comparable EPRs concluded about 16 months after filing.[7] And 78.6 percent of the time, they result in one or more claims being cancelled or amended.[8]

### B. AWS's EPRs of Kove's Patents

In November 2021, AWS filed three requests for EPR that collectively challenged the 19 asserted claims. Each request relied on prior-art references that AWS had recently discovered, and that Kove hadn't brought to the PTO's attention during the original prosecution. On January

---

[4] *Id*. at 4 ("Kove conveniently minimizes its own role in hindering the discovery process by waiting so many years to bring this case. Kove never sought a preliminary injunction, nor did it ever sell products that practiced the patents—which have now expired anyway.").

[5] H.R. REP. 96-1307(I), at 3 (1980); *accord Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983); *see also* 35 U.S.C. § 301, *et seq.*

[6] 35 U.S.C. § 305 ("All reexamination proceedings … will be conducted with special dispatch.").

[7] Dkt. 490 at 3 (citing Dkt. 490-1 (Ex. A)).

[8] *Id*. (citing Dkt. 490-2 (Ex. B)).

10, 2022, the PTO issued the last of three decisions granting AWS's requests and initiating EPR of all asserted claims.[9] Each proceeding's status is summarized below.

**'978 Patent (Reexamination No. 90/019,034):** Ten of Kove's 19 asserted claims are from the '978 patent—namely, claims 1, 3, 6, 10, 14, 17, 23, 24, 30, and 31. On June 28, 2022, the PTO issued a Non-Final Office Action rejecting claims 1, 3, 6, 10, 14, and 31.[10] As explained in that action, the Reexamination Specialist determined that one of AWS's references, Oracle-NamesAdminGuide, disclosed the location server and location information limitations included in all ten asserted '978 claims.[11] But the Reexamination Specialist declined to reject four claims (17, 23, 24, and 30), based on the finding that AWS's cited prior-art references didn't teach or render obvious independent claim 17's step of "transferring a portion of the identifiers and associated locations to a second data location server when a performance criterion of the first location server reaches a predetermined performance limit."[12]

Given that claim 17's "transferring" step would've been obvious to one skilled in the art, and all other elements of the claims that include it are common to the six rejected claims, AWS filed a second request for EPR (No. 90/019,109), based on three prior-art references (Boukobza, OracleUnleashed, and Yocum) that each confirms the obviousness of this element.[13] As noted, if the PTO grants this follow-up request,[14] it likely will merge the new proceeding with the original

---

[9] *See* Dkt. 487-1, 487-2, & 490-3 (Orders finding that AWS raised a "substantial new question of patentability" affecting Kove's asserted claims in Reexamination Nos. 90/019,034 (for '978 patent); 90/019,036 (for '640 patent); and 90/019,035 (for '170 patent)).

[10] Dkt. 526-4.

[11] *Id.* at 5-9.

[12] *Id.* at 35-36.

[13] Reexamination No. 90/019,109, filed August 31, 2022.

[14] As Kove previously argued, "the USPTO grants over 90% of all reexam requests, making such grants run-of-the-mill." Dkt. 502 at 5 n.5 (citing Dkt. 490-2).

EPR.[15] Additionally, until the PTO issues a reexamination certificate under 35 U.S.C. § 307(a)—and the PTO hasn't yet, here—it retains jurisdiction to consider or reconsider the patentability of any challenged '978 claim, including claims 17, 23, 24, and 30.[16]

The PTO has until December 1, 2022 to decide whether to grant AWS's second request for EPR of claims 17, 23, 24, and 30.[17] But given the swift decisions granting the other EPR requests and the ongoing reexamination of other '978 claims, an earlier decision is more likely.[18]

**'170 Patent (Reexamination 90/019,035):** Six '170 patent claims are asserted. On September 27, 2022, after Kove moved to lift the stay, the PTO issued a Notice of Intent to Issue Ex Parte Reexamination Certificate (NIRC) confirming these claims.[19]

**'640 Patent (Reexamination 90/019,036):** Only three of the asserted claims are from the '640 patent. Kove's motion asserts that "just yesterday, the PTO determined that all claims of the '640 patent are patentable, rejecting the arguments in [AWS's] reexamination request."[20] But the PTO didn't give the three challenged claims (nor "all" claims of the '640 patent) quite such a ringing endorsement. On September 22, 2022, the PTO issued a NIRC concluding that AWS's art didn't render obvious the "re-direct message" limitations in these claims.[21] But the NIRC

---

[15] *See*, *e.g.*, *In re Bass*, 314 F.3d 575, 576 (Fed. Cir. 2002) (affirming this procedure where Examiner initially found claims allowable and issued a "Notice of Intent to Issue Reexamination Certificate," then rejected those claims after merging original proceeding with second EPR request by the same party, based on the same prior art plus some additional evidence).

[16] *Id*. at 577.

[17] *See* 35 U.S.C. § 303(a).

[18] *See* Dkt. 487-1, 487-2, & 490-3 (granting previous EPR requests either one month or one and a half months after filing).

[19] Ex. A (Sept. 27, 2022 NIRC).

[20] Dkt. 526 at 1; *accord id*. at 4, 9.

[21] Dkt. 526-5.

didn't provide any reasoning in support of its conclusions, apart from a citation to Kove's response and a statement that the art doesn't "set a population threshold" or display a "home neighborhood"—terms with no connection to Kove's patents or the challenged claims. On September 27, AWS emailed the PTO Director, explaining that the NIRC's statement of why the claims were allowed appeared to have been copied-and-pasted from a decision in a prior, unrelated reexamination conducted by the same examiner.[22] Two days later, the PTO issued a new NIRC, deleting the erroneous statement, but giving no further explanation for confirming these claims.[23]

### C. Judge Pallmeyer's Stay Order

AWS requested the present stay on January 13, 2022.[24] And on March 8, 2022, Judge Pallmeyer granted that request.[25] In doing so, Judge Pallmeyer analyzed the relevant stay factors, as further discussed in connection with each factor, below. At that time, no trial date was set, two discovery motions remained pending, and the parties hadn't begun any expert discovery.[26] Additionally, Judge Pallmeyer found that there were "exceptional circumstances" justifying the stay under Local Patent Rule 3.5(b).[27] Kove's motion doesn't ask this Court to reconsider that finding, or argue that continuing the stay requires anything further under Rule 3.5(b).[28]

---

[22] Ex. B, at 1-2.

[23] Ex. C (Sept. 29, 2022 NIRC). Notably, each EPR of Kove's patents was assigned to a different Examiner, so the results thus far don't suggest that the forthcoming '978 EPR decisions will go the same way, or that they will lack expert analysis from the PTO that may assist in this action.

[24] Dkt. 490.

[25] Dkt. 515.

[26] Dkt. 504 (Minute Entry); Dkt. 521 (Status Report).

[27] Dkt. 515 at 7–10; *see also* Dkt. 490 at 11–13 (AWS's motion discussing authorities supporting this finding, including *ClearPlay v. Dish Network LLC*, No. 2:14-cv-191, 2021 WL 2515008 (D. Utah June 18, 2021) and Judge Matthew F. Kennelly and Edward D. Manzo, *Northern District of Illinois Adopts Local Patent Rules*, 9 J. Marshall Rev. Intell. Prop. L. 202, 204 (2009)).

[28] *See* Dkt. 526 at 3 (Kove discussing Rule 3.5(b) only in background section of its motion).

## III.    ARGUMENT

### A.    KOVE IDENTIFIES NO CHANGE IN CIRCUMSTANCES THAT WAR-RANTS LIFTING THE STAY BEFORE THE PTO FINISHES ITS WORK.

As the Federal Circuit stated in *Murata Machinery USA v. Daifuku Co.*, "[a] court may lift a stay if the circumstances supporting the stay have changed such that the stay is no longer appropriate."[29] Kove acknowledges that this assessment turns on the same factors that Judge Pallmeyer considered when granting AWS's stay motion.[30] Accordingly, courts routinely deny motions to lift a stay pending EPRs that fail to identify any significant change in circumstances, or that repeat arguments that a court already considered when granting the stay.[31]

For instance, in *Canady v. Erbe Elektromedizin GmbH*, the District Court for the District of Columbia denied a request to lift a stay because it failed to identify any new circumstances that imposed a hardship or that altered the court's earlier disposition.[32] In doing so, the court noted the public policy favoring a stay pending EPRs.[33] As the court stated:

> [W]here issues require technical expertise and that expertise is available through an administrative agency, the court should allow that agency to come to a final deter-mination before rendering a decision on that issue.[34]

---

[29] 830 F.3d 1357, 1361 (Fed. Cir. 2016); *accord Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 75 (D.D.C. 2002) ("[T]he court may abandon its imposed stay of litigation if the circumstances that persuaded the court to impose the stay in the first place have changed signifi-cantly."); *see also* Dkt. 526 at 5 (similar, from Kove).

[30] Dkt. 526 at 5 (stating that these factors include whether the stay would "(1) unduly prejudice or tactically disadvantage the non-moving party, (2) simplify the issues in question and stream-line the trial, [and] (3) reduce the burden of litigation on the parties and on the court").

[31] *See, e.g., Canady*, 271 F. Supp. 2d 64; *Auto. Techs. Int'l, Inc. v. Am. Honda Motor Co.*, No. 06-cv-187, 2009 WL 2969566, at *2 (D. Del. Sept. 15, 2009) ("It follows that where there are no new circumstances that impose hardship on the plaintiff or that change the court's earlier disposi-tion imposing the stay, the plaintiff's motion to lift the stay should be denied.").

[32] 271 F. Supp. 2d at 76–77.

[33] *Id.* at 75; *accord CIVIX*, 2007 WL 7759150, at *5.

[34] 271 F. Supp. 2d at 75.

And given the court's calculation that "the PTO's determination should be forthcoming in a matter of months," the court declined to proceed with litigation while the EPRs were underway.[35]

Similarly, in *Cook Inc. v. Endologix, Inc.*, the plaintiff moved to lift a stay after the PTO concluded one of two EPRs, each corresponding to a patent-in-suit.[36] But the Southern District of Indiana declined to lift the stay, due to the ongoing EPR.[37] As the court explained, the plaintiff's "undue prejudice" argument still lacked merit for the same reason as when the stay was granted—namely, that the expiration of the patents-in-suit meant that money damages would adequately compensate for any delay.[38] Additionally, the court observed that "the PTO's expedient review of the [first] patent suggests that the [second] patent will receive similar treatment."[39]

Here, as in *Canady*, *Cook*, and other cases, Kove fails to identify a significant change in circumstances that justifies lifting the stay. As in *Cook*, Kove repeats arguments on undue prejudice that Judge Pallmeyer already rejected because of Kove's patents' expiration. And as further discussed below, the PTO's swift decisions in two of the EPRs here supports allowing the PTO to complete the '978 patent EPRs before this case proceeds.

### B. THE RELEVANT FACTORS SUPPORT CONTINUING THE STAY.

#### 1. Undue Prejudice

The first factor considers whether a stay will "unduly prejudice or tactically disadvantage

---

[35] *Id*. at 77.

[36] No. 1:09-cv-1248, Dkt. 46 at 1 (S.D. Ind. Apr. 13, 2010).

[37] *Id*.

[38] *Id*.

[39] *Id*. at 1–2; *see also Cook Inc. v. Endologix, Inc.*, No. 1:09-cv-1248, 2010 WL 2265203, at *1 (S.D. Ind. June 2, 2010) (in subsequent decision, two months later, detailing this history and lifting stay due to conclusion of second EPR).

the non-moving party."[40] As Judge Pallmeyer found in her March 2022 decision, "this factor favors AWS."[41] In reaching that conclusion, Judge Pallmeyer duly considered Kove's arguments about AWS's purported delays, and "the indefinite but potentially considerable length of *ex parte* reexaminations."[42] But as she found, Kove's arguments ignored its own conduct:

> Kove's sense of urgency appears to be significantly exaggerated, and Kove conveniently minimizes its own role in hindering the discovery process by waiting so many years to bring this case. Kove never sought a preliminary injunction, nor did it ever sell products that practiced the patents—which have now expired anyway. These factors all suggest that any prejudice resulting from a delay will not be *undue* prejudice.[43]

And Judge Pallmeyer's conclusion comports with other cases, where this Court and others have repeatedly found that circumstances similar to those here—i.e., that Kove waited twelve years to file, caused scheduling delays, didn't seek an injunction, and had expired patents—favor a stay.[44]

Kove's present motion merely repeats the arguments that Judge Pallmeyer rejected on this factor.[45] As during the prior stay briefing, Kove doesn't explain why it waited until December 2018 to file this case when the accused S3 product has been on the market since 2006, and the accused DynamoDB product since early 2012.[46] And Kove ignores that its long delay in filing suit caused many of the discovery disputes that it now blames on AWS, as Judge Pallmeyer

---

[40] Dkt. 515 at 3 (quoting *Norix Grp., Inc. v. Corr. Techs., Inc.*, 542 F. Supp. 3d 824, 830 (N.D. Ill. 2021)).

[41] *Id*. at 5.

[42] *Id*. at 3.

[43] *Id*. at 4 (emphasis in original).

[44] *Id*. at 4–5 (citing and quoting *Putco, Inc. v. Carjamz Com Inc.*, No. 20-cv-50109, 2021 WL 4926499, at *2 (N.D. Ill. Mar. 2, 2021); *Ignite USA, LLC v. Pac. Mkt. Int'l, LLC*, No. 14-cv-856, 2014 WL 2505166, at *3 (N.D. Ill. May 29, 2014); *Baxter Int'l, Inc. v. CareFusion Corp.*, No. 15-cv-9986, 2017 WL 11624669, at *4 (N.D. Ill. May 31, 2017)).

[45] *Id*. at 3–4; *compare*, *e.g.*, Dkt. 526 at 7–8 *with* Dkt. 502 at 9–10 (relying on same Vermeulen testimony and arguments regarding 15-year period for which Kove is seeking discovery).

[46] *See* Dkt. 507 at 5–6.

recognized in her stay decision and at a hearing in January.[47] This Kove conduct also prejudiced AWS's ability to defend this matter on validity grounds, as Judge Pallmeyer noted.[48] Kove's patents claim priority back to the early dot.com era, based on a July 8, 1998 patent application.[49] And as AWS explained when requesting the stay, software from two decades ago is ancient history, and finding prior art from that time is a Herculean task.[50]

Kove also ignores other delays that it caused during this litigation.[51] And Kove continues to ignore that its patents have expired and that it doesn't sell competing products, meaning that AWS cannot infringe Kove's patents during the stay, and damages would adequately compensate any past infringement.[52]

That the reexaminations are well ahead of schedule also cuts against Kove's "undue prejudice" arguments. When requesting the present stay, AWS cited statistics showing that the three EPRs would likely conclude about 16 months after filing (i.e., March 2023).[53] Kove disputed that, arguing that the EPRs may not "be resolved so quickly," and could take "upwards of 2

---

[47] *See* Dkt. 515 at 4; Dkt. 507 at 5–6; Dkt. 505 at 38:15–18 (Court: "I recognize also significant concerns about the fact that we are looking at data from a long time ago maintained in, I think, probably a variety of different places in different ways.").

[48] Dkt. 515 at 9–10; Dkt. 507 at 11–13.

[49] *E.g.*, Dkt. 507 at 11 (citing Dkt. 490-3 at 2).

[50] *Id*. at 11–13.

[51] *See* Dkt. 515 at 3–4; Dkt. 507 at 7–8; *see also* Dkt. 505 at 43:15–20 (Kove: "We are well aware that this case has taken a very, very long time. We are not laying the blame squarely on anyone. We understand that the situation has just unspooled over a far longer period of time than would otherwise be desirable. Some of it, candidly, yes, was due to trial schedules by us.").

[52] *See* Dkt. 515 at 4–5; Dkt. 490 at 9–10; Dkt. 507 at 5–6; *Baxter Int'l, Inc. v. Becton, Dickinson & Co.*, No. 17-cv-7576, 2018 WL 11189348, at *2 (N.D. Ill. Nov. 26, 2018); *Evolutionary Intelligence, LLC v. Yelp, Inc.*, No. 13-cv-3587, 2013 WL 6672451, at *8 (N.D. Cal. Dec. 18, 2013).

[53] *E.g.*, Dkt. 490 at 10.

9

years."[54] But Kove's concerns have so far proved unwarranted, since the PTO has proceeded much quicker than the parties estimated when arguing before Judge Pallmeyer. Indeed, AWS filed the three EPR requests in November 2021. By January 10, 2022 (i.e., more than a month earlier than required), the PTO had granted those requests and initiated the EPRs. Now two of those EPRs have resolved after just ten months—six months shy of what AWS argued, and more than a year faster than Kove's prediction. And this Court has previously found it "difficult to accept" arguments that such a "relatively short delay" can be unduly prejudicial.[55]

Thus, Kove acknowledges in its motion that the EPRs "have moved along more quickly than expected."[56] That was before the PTO's most recent decision, which resolved the '170 patent EPR. And allowing the PTO to complete review of the '978 patent isn't unduly prejudicial.

## 2. Simplification of the Issues

The second factor considers whether the stay will "simplify the issues in question and streamline the trial."[57] Judge Pallmeyer found that "[t]his factor clearly favors AWS."[58] In doing so, she explained that "it is indisputable that the issues would be simplified if the USPTO cancelled any of Kove's patent claims," and this "could have various streamlining effects on this case."[59] The developments in the EPRs so far don't warrant a different conclusion.

---

[54] Dkt. 502 at 8 (further arguing that this two years doesn't account for possible Kove appeals).

[55] *Baxter v. CareFusion*, 2017 WL 11624669, at *4; *see also* Dkt. 515 at 5 ("Court after court has found that the delay inherent to a stay pending EPR is not, by itself, unduly prejudicial to the party attempting to enforce its patent rights.").

[56] Dkt. 526 at 9.

[57] Dkt. 515 at 5 (quoting *Norix Grp.*, 542 F. Supp. 3d at 830).

[58] *Id*.

[59] *Id*. at 5–6 (further explaining that stay "may have numerous benefits, including streamlining the case, simplifying or eliminating remaining issues, promoting settlement, alleviating discovery problems, providing the Court with the PTO's expert review of prior art, and reducing the

Indeed, about a third of the 19 total asserted claims are still under review—and subject to a non-final rejection. If the PTO grants AWS's follow-up request on the remaining four asserted '978 claims, over half the asserted claims will still be under review.[60] Courts routinely find that the potential simplification favors a stay, and grant or continue stays, even when not all claims are under review.[61] As Judge Pallmeyer stated, the elimination of any asserted claim and its elements simplifies the issues in this case, including infringement, invalidity, and other disputed issues. And as discussed above, cases such as *Canady* and *Cook* confirm that each incremental step forward in the review process shouldn't be a basis to lift a stay, especially when the PTO is moving swiftly and the plaintiff hasn't shown undue prejudice.

Kove argues that there's "substantive overlap among the asserted claims," citing Judge Pallmeyer's *Markman* decision construing disputed claim terms from all three patents.[62] But that would further support continuing the stay, as courts routinely find that such overlap favors a stay in cases where some of the asserted claims or patents aren't subject to reexamination.[63] And

---

length and expense of litigation") (quoting *JAB Distribs., LLC v. London Luxury, LLC*, No. 09-cv-5831, 2010 WL 1882010, at *2 (N.D. Ill. May 11, 2010)).

[60] Contrary to what Kove suggests, this Court may consider this EPR request as part of the totality of the circumstances. For instance, in *Canady*, the defendants filed additional EPR requests several months after the court stayed the action. In denying plaintiff's motion to lift the stay, the court noted that the PTO had issued an office action rejecting some claims of the same patent, and this supported defendant's position that the subsequent requests weren't filed for a dilatory purpose. 271 F. Supp. 2d at 76–77. Here, too, AWS didn't file its August 2022 EPR request for any dilatory purpose, as the office action rejecting six '978 claims further confirms.

[61] *See, e.g.*, *Methode Elec., Inc. v. Infineon Techs. Corp.*, No. 99-cv-21142, 2000 WL 35357130, at *3 (N.D. Cal. Aug. 7, 2000) (staying litigation where one patent-in-suit had issued from reexamination, but the other patent remained in reexamination); *KLA-Tencor Corp. v. Nanometrics, Inc.*, No. 05-cv-3116, 2006 WL 708661, at *4 (N.D. Cal. Mar. 16, 2006) (similar).

[62] Dkt. 526 at 6.

[63] *KLA-Tencor*, 2006 WL 708661, at *4 ("When there are overlapping issues between the reexamined patents and other patents in suit, courts have found staying the entire case to be warranted."); *accord Dataquill Ltd. v. High Tech Computer Corp.*, No. 08-cv-543, 2009 WL

here, based on what Kove argued to overcome prior art in the '170 and '640 patent EPRs, AWS will ask this Court to revisit the construction of disputed claim terms found in all three patents. Kove has made numerous arguments in these EPRs to overcome the prior art and thus narrow the scope of the asserted claims. As this Court has recognized, this is "relevant prosecution history when interpreting claims."[64] And the upcoming Kove arguments and decisions in the '978 patent EPRs will provide further evidence on the proper scope of the claims, and also may introduce additional claim construction issues that AWS will ask the Court to address. It thus would be more efficient for the Court and parties to await the PTO's completion of its reexaminations of the '978 patent—and thus have a complete picture of the remaining valid claims and associated claim construction issues—before re-starting the case.

For its part, Kove doesn't address the simplification factor, except in four conclusory lines on its motion's last page.[65] Given that and the other reasons above, no significant change in circumstances alters Judge Pallmeyer's conclusion that this factor strongly favors a stay.

### 3. Burden on the Parties and the Court

The third factor considers whether a stay will "reduce the burden of litigation on the parties and the court."[66] Judge Pallmeyer didn't find this factor significant when granting the motion to stay.[67] But "[t]o the extent that a USPTO decision will simplify the legal issues in this case,"

---

1391537, at *4 (S.D. Cal. May 14, 2009); *Methode*, 2000 WL 35357130, at *3; *Cook, supra*.

[64] *Sloan Valve Co. v. Zurn Indus., Inc.*, No. 10-cv-204, 2012 WL 4049361, at *7 (N.D. Ill. Sept. 13, 2012) (quoting *St. Clair Intell. Prop. Consultants, Inc. v. Canon Inc.*, 412 F. App'x 270, 275 (Fed. Cir. 2011)).

[65] Dkt. 526 at 10.

[66] Dkt. 515 at 6 (quoting *Norix Grp.*, 542 F. Supp. 3d at 830).

[67] *Id*. at 7.

she found it "plausible that [this] will simultaneously reduce the burden of the litigation."[68]

The only paragraph in Kove's motion addressing this factor repeats Kove's argument on the scope of discovery, which Judge Pallmeyer already considered.[69] And it ignores that proceeding with fact discovery now might impose undue burdens on AWS. Indeed, AWS will be forced to expend significant resources in obtaining discovery to support its invalidity contentions against 10 claims that the PTO may cancel. This includes fact and expert discovery on the prior art, as well as the nature and history of the claimed invention. And circumstances have changed such that this factor more strongly favors continuing the stay than when AWS filed its stay motion. For instance, Kove designated its principal, John Overton, to testify on virtually all AWS Rule 30(b)(6) topics.[70] Overton is named as inventor on all patents-in-suit, and was personally involved in the formation of Kove and its predecessors and all efforts to commercialize the patents.[71] Overton also met with the Examiner for interviews during all three EPRs. Yet, Kove has refused to make him available for more than the default deposition time.[72] After AWS moved to stay, Judge Pallmeyer denied AWS's then-pending motion for an additional day to depose Overton.[73] Thus, if fact discovery proceeds, AWS will need to devote some of its limited time depos-

---

[68] *Id*. at 6.

[69] *See id*. at 6–7 (crediting Kove argument that "the scope of discovery might be only minimally affected by a USPTO decision that cancels only some claims, because many patent claims concern the same products and features"); Dkt. 526 at 10 (Kove arguing that "[t]here is no additional burden on the Court" because "fact discovery will be unchanged by further PTO proceedings").

[70] I.e., every topic except three related to spoliation issues in this litigation. Dkt. 392 at 3 n.11.

[71] *E.g.*, *id*. at 1 (noting that 15 of Kove's 25 interrogatory responses refer to Overton and relevant personal knowledge that he possesses).

[72] *E.g.*, Dkt. 392 at 1.

[73] Dkt. 497 at 3.

ing Kove's primary witness on topics related to the '978 patent, and claims that the PTO may in-validate. And this burden on AWS further supports continuing the present stay.

Moreover, courts consider what remains to be done in a case, including the trial, as being most relevant to the burden factor.[74] Here, expert discovery hasn't begun. And it shouldn't be-fore the PTO rules on the asserted '978 claims and the parties know whether their experts must address the elements unique to those claims.[75] Additionally, at a January 28 hearing on two Kove motions to compel fact discovery that Judge Pallmeyer didn't resolve before the stay, Kove stated that significant fact discovery was still outstanding, including the bulk of the party and third-party depositions.[76] And when litigation is still at this relatively early stage, courts often find that this favors a stay.[77]

### C.  CONTINUING THE STAY SHOULD INCLUDE FACT DISCOVERY

Kove argues that, if nothing else, fact discovery should proceed because it "will not be meaningfully changed by the remaining reexamination proceedings."[78] Judge Pallmeyer already considered the possibility that this may occur when granting the stay, so it isn't a significant

---

[74] *E.g.*, Dkt. 490 at 8; *Brit. Telecommc'ns PLC v. IAC/InterActiveCorp*, No. 1:18-cv-366, 2020 WL 5517283, at *6 (D. Del. Sept. 11, 2020) (Federal Circuit Judge Bryson, by designation, find-ing burden to favor stay where "there has been substantial progress," but "the most burdensome parts of the case for the parties and the court—preparation for trial, going through the trial pro-cess, and engaging in post-trial motions practice—all lie in the future").

[75] For instance, unlike the asserted claims from the other patents, '978 claim 1 and its dependents include the limitation that "at least a portion of the second set of location information differs from the first set of location information"; '978 claim 10 describes "cluster topology"; and '978 claims 23, 24, 30 include multiple additional elements or sub-elements unique to those claims.

[76] *E.g.*, Dkt. 505 at 40:2–6 (Kove counsel: "I don't see discovery completing because we haven't really – aren't more than halfway through the number of depositions we have yet to take, the ma-jority of which, just by a sheer count, are of Amazon witnesses.").

[77] *See* Dkt. 507 at 4–5 (collecting and discussing cases); *see also* Dkt. 490 at 8.

[78] Dkt. 526 at 9.

change in circumstances that justifies lifting the stay now.[79] And as detailed above, the burden of potentially unnecessary '978-related discovery supports continuing the stay as-is.

## IV.    CONCLUSION

Allowing the PTO to complete its work will simplify this case, be fair to all parties, and ensure the efficient use of judicial resources. Judge Pallmeyer found that the relevant factors support staying this case until the PTO finishes, and they do still. And Kove doesn't identify a significant change in circumstances that makes the stay no longer appropriate. Accordingly, this Court should deny Kove's motion, and grant AWS's request to continue the stay through the PTO's determination of both EPRs on the '978 patent.

---

[79] *See* Dkt. 515 at 6–7.

Dated: October 7, 2022

Respectfully submitted,

/s/ R. William Sigler
Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Lisa Phillips (*pro hac vice*)
*lisa.phillips@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Suite 400
Washington, DC 20015
202.362.3500

*Attorneys for Amazon Web Services, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 7, 2022, I electronically filed the foregoing with the

Clerk of the Court for the United States District Court for the Northern District of Illinois, via the

CM/ECF system, and served a copy on all counsel of record via email.

*/s/ R. William Sigler*
R. William Sigler
