# Exhibit A

# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/019,035 | 11/19/2021 | 7814170 | | 7078 |

184647          7590          09/27/2022
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway
Suite 300
Redwood City, CA 94065

| EXAMINER |
|---|
| WASSUM, LUKE S |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 09/27/2022 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



**UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

FISCH SIGLER LLP
5301 WISCONSIN AVENUE NW
FOURTH FLOOR
WASHINGTON, DC 20015

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. _90/019,035_ .

PATENT UNDER REEXAMINATION _7814170_ .

ART UNIT _3992_ .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Notice of Intent to Issue Ex Parte Reexamination Certificate* | **Control No.** 90/019,035 | **Patent Under Reexamination** 7814170 | |
|---|---|---|---|
| | **Examiner** Luke S Wassum | **Art Unit** 3992 | **AIA Status** No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

1. ☑ Prosecution on the merits is (or remains) closed in this *ex parte* reexamination proceeding. This proceeding is subject to reopening at the initiative of the Office or upon petition. *Cf.* 37 CFR 1.313(a). A Certificate will be issued in view of
   (a) ☑ Patent owner's communication(s) filed: <u>11 August 2022</u>.
   (b) ☐ Patent owner's failure to file an appropriate timely response to the Office action mailed: ____.
   (c) ☐ Patent owner's failure to timely file an Appeal Brief (37 CFR 41.31).
   (d) ☐ The decision on appeal by the ☐ Board of Patent Appeals and Interferences ☐ Court dated ____
   (e) ☐ Other: ____.

2. The Reexamination Certificate will indicate the following:
   (a) Change in the Specification: ☐ Yes ☑ No
   (b) Change in the Drawing(s): ☐ Yes ☑ No
   (c) Status of the Claim(s):
      (1) Patent claim(s) confirmed: <u>1-2,6,8-9,12 and 15</u>.
      (2) Patent claim(s) amended (including dependent on amended claim(s)): ____
      (3) Patent claim(s) canceled: ____.
      (4) Newly presented claim(s) patentable: ____.
      (5) Newly presented canceled claims: ____.
      (6) Patent claim(s) ☐ previously ☐ currently disclaimed: ____
      (7) Patent claim(s) not subject to reexamination: <u>3-5,7,10-11,13-14 and 16-17</u>.

3. ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on ____.

4. ☑ Note the attached statement of reasons for patentability and/or confirmation. Any comments considered necessary by patent owner regarding reasons for patentability and/or confirmation must be submitted promptly to avoid processing delays. Such submission(s) should be labeled: "Comments On Statement of Reasons for Patentability and/or Confirmation."

5. ☐ Note attached NOTICE OF REFERENCES CITED (PTO-892).

6. ☑ Note attached LIST OF REFERENCES CITED (PTO/SB/08 or PTO/SB/08 substitute).

7. ☐ The drawing correction request filed on ____ is: ☐approved ☐disapproved.

8. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
   a) ☐ All   b) ☐ Some*   c) ☐None of the certified copies have
      ☐been received.
      ☐not been received.
      ☐been filed in Application No. ____.
      ☐been filed in reexamination Control No. ____.
      ☐been received by the International Bureau in PCT Application No. ____.

   * Certified copies not received: ____.

9. ☐ Note attached Examiner's Amendment.

10. ☐ Note attached Interview Summary (PTO-474).

11. ☐ Other: ____.

**All correspondence** relating to this reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this Office action.

| | /LUKE S WASSUM/ Primary Examiner, Art Unit 3992 |
|---|---|

cc: Requester (if third party requester)

Application/Control Number: 90/019,035                                          Page 2
Art Unit: 3992

## *Ex Parte* Reexamination

A request for *Ex Parte* Reexamination of claims 1, 2, 6, 8, 9, 12, and 15 of United

States Patent Number 7,814,170 ("the '170 patent") was filed 19 November 2021 ("the

Request").  The '170 patent issued to **John K. Overton et al.** on 12 October 2010, from

5       application number 11/354,224 ("the '224 application"), filed 13 February 2006.

The Office mailed a Decision granting reexamination of claims 1, 2, 6, 8, 9, 12,

and 15 on 12 January 2022.

A non-final Office action, rejecting claims 1, 2, 6, 8, 9, 12, and 15, was mailed on

11 May 2022.

10      Claims 1, 2, 6, 8, 9, 12, and 15 are subject to reexamination.

## Related Proceedings

After examiner's independent review of the '170 patent and its prosecution

history, the examiner notes that there is current ongoing litigation (detailed on the

15      Reexamination sheet, document code RXFILJKT).  The examiner has failed to locate any

previous reexaminations (*ex parte* or *inter partes*), supplemental examinations, or other

post issuance proceedings.

Application/Control Number: 90/019,035                                        Page 3
Art Unit: 3992

### Priority

The '170 patent is a continuation of U.S. Patent Application 09/661,222, filed 13

September 2000, now U.S. Patent 7,103,640, which is a continuation-in-part of U.S.

Patent Application 09/111,896, filed 8 July 1998, now abandoned.

5          The '170 patent also claims priority under 35 U.S.C. § 119(e) to U.S. Provisional

Application 60/153,709, filed 14 September 1999.

Therefore, the earliest claimed priority date of the '170 application is 8 July 1998,

*to the extent that the claimed subject matter is fully supported.*


10                               **Claim Interpretation**

The Office notes that the '170 patent contains a specific reference to several

earlier filed applications to which priority is claimed under 35 U.S.C. § 120.  The '170

patent is also subject to two terminal disclaimers, limiting the patent term not to extend

beyond the expiration of related patents 7,103,640 ("the '640 patent") and 7,233,978 ("the

15   '978 patent").  Since both the '640 patent and the '978 patent have expired, the '170

patent has likewise expired.

In a reexamination proceeding involving claims of an expired patent, claim

construction pursuant to the principle set forth by the court in *Phillips v. AWH Corp.,* 415

F.3d 1303, 1316, 75 USPQ2d 1321, 1329 (Fed. Cir. 2005) (words of a claim "are generally

Application/Control Number: 90/019,035                                    Page 4
Art Unit: 3992

given their ordinary and customary meaning" as understood by a person of ordinary

skill in the art in question at the time of the invention) should be applied since the

expired claim are not subject to amendment.  See *Ex parte Papst-Motoren*, 1 USPQ2d 1655

(Bd. Pat. App. & Inter. 1986).

5

During pending litigation[1] involving the Patent Owner and Requester, a number

of claim terms were construed, as follows:

Identifier/identifier string – a unique string that identifies an individual entity,

and with which zero or more locations strings are associated in a location server.

10          Data location/location – an encoding that is a member of a set of associations

with an identifier in a location server, and that specifies where data pertaining to the

entity identified in the identifier is stored.

Location server/server – a network-attached component that maintains a set of

identifier/location mappings that are modified or returned in response location request

15          messages from [] clients.

Location information – information pertaining to one or more locations of data

and/or the identities of one or more location servers.

---

[1] *Kove IO, Inc. v. Amazon Web Services, Inc.*, 1:18cv08175 (N.D. Ill.)

Application/Control Number: 90/019,035                                    Page 5
Art Unit: 3992

Hash table – a data structure that stores values in a table, where values are stored and retrieved by applying a hash function to an input and using the function result as an index into the table.

A hash function used to organize the data location information across the

5    plurality of data location servers…based on the hash function applied to the identifier string – the portion of the data location information included in a corresponding one of the data location servers is based on a hash function that maps identifier strings to one or more of the data location servers, and each one of the data location servers is configured to determine the at least one of the plurality of data location servers based

10   on the hash function applied to the identifier string.

Data pertaining to the entity – data pertaining to a person or thing (real, digital, or abstract) distinct from that data.

These claim terms will be interpreted by the Office consistent with the above

15   construction.

## The Claimed Invention

The invention provides a network distributed tracking wire transfer protocol for storing and retrieving data across a distributed data collection. The protocol includes a

Application/Control Number: 90/019,035                                          Page 6
Art Unit: 3992

location string for specifying the network location of data associated with an entity in

the distributed data collection, and an identification string for specifying the identity of

an entity in the distributed data collection.  According to the protocol, the length of the

location string and the length of the identification string are variable, and an association

5      between an identification string and a location string can be spontaneously and

dynamically changed.  The network distributed tracking wire transfer protocol is

application independent, organizationally independent, and geographically

independent.  A method for using the protocol in a distributed data collection

environment and a system for implementing the protocol are also provided.  See

10     Abstract.

### Prior Art Cited in the Request

The following reference was cited by the third party Requester in the Request for

*Ex Parte* Reexamination:

15     *Oracle Names Administrator's Guide, Release 2.0* (Oracle Corp., Redwood City,

CA) ("**OracleNamesAdminGuide**")

Joseph B. Greene, *Oracle DBA Survival Guide*, 1st ed. (Sams Publishing,

Indianapolis, Ind.), ISBN: 0672306816 ("**OracleSG**")

U.S. Patent 5,777,989 to John McGarvey ("**McGarvey**")

Application/Control Number: 90/019,035                                          Page 7
Art Unit: 3992

U.S. Patent 5,301,286 to Purshotam Rajani ("**Rajani**")

None of the references relied upon by the Requester were of record or considered

by the Office during the original prosecution of the '224 application.

5

**Information Disclosure Statements**

The Patent Owners' Information Disclosure Statements, filed 12 and 13 July 2022

and 13 September 2022, have been received and entered into the record.

The prior art cited on the IDSs have been considered, with the exception of

10      entries 18-41 of the IDS filed 12 July 2022 and entry 8 of the IDS filed 22 September 2022.

With respect to item 18 (12 July IDS), this entry is a duplicate of that of item 17.

With respect to item 19 (12 July IDS), this entry merely lists a number of

reexamination proceedings (including the instant proceeding). This is not a proper

citation of non-patent literature, nor have copies of any papers been included for

15      consideration.

With respect to item numbers 8 (22 September IDS) and 20-41 (12 July IDS), these

entries fail to comply with the provisions of 37 C.F.R. § 1.98(b), regarding the proper

citation of publications. The cited documents are apparently court filings in related

Application/Control Number: 90/019,035 Page 8
Art Unit: 3992

litigation, but the citations on the IDS appear to be file names. Contrast the improper

citations of items 20-41 with the properly cited items 42 and 43.


With respect to the Information Disclosure Statement(s) considered with this

5    action, the information cited has been considered as described in the MPEP. Note that

MPEP §§ 2256 and 2656 indicate that the degree of consideration to be given to such

information will be normally limited by the degree to which the party filing the

information citation has explained the content and relevance of the

information. Information that does not appear to be "patents or printed publications"

10   as identified in 35 U.S.C. 301 have been considered to the same extent.


**Patent Owner's Response**

A response to the non-final Office action ("**Response**") was filed by Patent

Owner on 11 August 2022. The Response included remarks, supported by a Declaration

15   under 37 C.F.R. § 1.132 by Michael T. Goodrich, Ph.D., accompanied by supporting

exhibits.


<u>Claim Construction</u>

Application/Control Number: 90/019,035                                  Page 9
Art Unit: 3992

In Section IV.C of the Response (pages 17-23), Patent Owner presents various arguments with respect to the proper construction of certain claim terms, particularly in light of terms that have been construed by the court in relation to related litigation involving the '170 patent.

5       Although not binding on the Office, the court's claim construction is adopted for the sake of consistency amongst the different proceedings involving the '170 patent. See relevant discussion above.

Claim 1

10      In Section IV.E.2 of the Response (pages 32-34), Patent Owner argues that the cited prior art fails to disclose or render obvious the claimed feature that <u>each one of the data location servers is configured to determine the at least one of the plurality of data location servers</u>. This argument is persuasive.

15      **OracleNamesAdminGuide** discloses the mechanism by which a location request is resolved amongst Names Servers. Specifically, if the Names Server receiving the request does not know the location of the desired entity, it passes the request along to other servers in the hierarchy. This process is illustrated in Fig. C-4 on page 191:



Figure C – 4  Network Messages in a Multi-Level Foreign Name Resolution

However, the claims require that any given location server have the ability to

determine the location of a desired data item by applying a hash function to the

identifier string.  If Oracle's Names Server had this ability, there would be no need to

5    pass requests up and down a hierarchy of Names Servers; it could determine on its own

the Names Server having the desired information and send the request directly to that

Names Server.

While **OracleSG** discloses the use of hashing in resolving queries, it fails to

disclose the use of hashing by any given location server (i.e., by any given Names

10    Server) to determine the location server/Names Server that contains the desired location

information.

**Rajani** similarly discloses the use of a hash function in resolving a query, in this

case retrieving a file from backup memory.  It is silent, however, with respect to the

Application/Control Number: 90/019,035                                                    Page 11
Art Unit: 3992

claimed ability of each location server to determine the location server containing the

desired location information by applying a hash function to the identifier string.

Furthermore, the use of hash functions was well known in the database art long

before the date of the invention.  The fact that Oracle failed to utilize such a hashing

5    scheme in distributing location data across its location servers (i.e., Names Servers)

gives evidence that modifying Oracle to implement such a scheme would not have been

obvious to a POSITA at the time of the invention.


For these reasons, the rejection of independent claims 1, as well as dependent

10   claim 2, is <u>withdrawn</u>.


<u>Claim 6</u>

In Section IV.G.1 of the Response (pages 44-47), Patent Owner argues that the

prior art of record fails to disclose the claimed <u>redirect message comprising a list of at</u>

15   <u>least one other location server known to have the location information for the desired</u>

<u>entity</u>.  Importantly, the list must include a location server *known to have the desired*

*location information*.  This argument is persuasive.

*Ex Parte Reexamination – E/P Notice of Intent to Issue Reexamination Certificate*

Application/Control Number: 90/019,035                                    Page 12
Art Unit: 3992

Returning to Fig. C-4 of the **OracleNamesAdminGuide**, Oracle's Names Servers forward name requests up and down a hierarchy of Names Servers until the Names Server containing the desired information is reached, and the desired information is returned in the same way, traversing the network of Names Servers.

5      This fact gives evidence to the fact that any given Names Server has no information regarding which specific Names Server stores a desired information item. Were any given Names Server to have such information, then the Names Server would simply pass the request directly to that Names Server, instead of forwarding the request up and down a hierarchy of Names Servers.

10     Since any given Names Server has no information regarding which specific Names Server stores a requested item, there would be no way for the Names Server to include such information in a redirect message returned to the requesting device.

**OracleSG** includes no relevant disclosures with respect to the claimed redirect message.

15     With respect to the claimed redirect message, **McGarvey** discloses that if a given name server is unable to resolve a request, "it returns information referring the client to another server in the hierarchy, so that the client can redirect the query." (col. 1, lines 43-49). However, as noted above, the claimed redirect message is required to include the location server *known to have the location information of the desired entity*. Similar to

Application/Control Number: 90/019,035                                     Page 13
Art Unit: 3992

the disclosure of **OracleNamesAdminGuide**, **McGarvey's** redirect message merely

refers the requesting client to <u>another server</u> in the hierarchy, so the client can query

that server. There is no disclosure that the server so referred is *known* to include the

desired information.

5

      For these reasons, the rejections of independent claim 6, as well as dependent

claims 8, 9, and 12, are <u>withdrawn</u>.


      <u>Claim 15</u>

10      In Section IV.G.1 of the Response (pages 44-47), Patent Owner argues that the

prior art of record fails to disclose the claimed <u>sending a redirect message to the client</u>

<u>… the redirect message identifying which of the plurality of location servers includes</u>

<u>the location information</u> [for the desired entity]. As above with respect to claim 6, the

redirect message must identify the location server *that includes the desired location*

15 *information*. For the reasons discussed above, this argument is persuasive.


      Furthermore, in Section IV.G.2 of the Response (page 47), Patent Owner argues

that the prior art of record fails to disclose the claimed redirect message <u>to the client</u>.

This argument is also persuasive.


*Ex Parte Reexamination – E/P Notice of Intent to Issue Reexamination Certificate*

Application/Control Number: 90/019,035                                    Page 14
Art Unit: 3992

At page 137 of the **OracleNamesAdminGuide**, it is disclosed that name request

forwarding for a Names Server can be configured to OFF.  It is under these conditions

that the Names Server, instead of forwarding the request to other Names Servers to get

5     the answer, instead "simply tells the requestor the address of the Names Server that can

answer the request."

However, as pointed out by Patent Owner, it is also disclosed that this feature

only applies to requests from other Names Servers, and not to requests from clients.

Specifically, under the Usage Notes, **OracleNamesAdminGuide** discloses that

10    "This setting is intended only for Names Servers that _have no local clients_ and are

_exclusively handling requests from foreign Names Servers_." (emphasis added).

Thus, **OracleNamesAdminGuide** fails to disclose the claimed "sending a

redirect message <u>to the client</u>", as is required by claim 15.

15    For these reasons, the rejection of independent claim 15 is <u>withdrawn</u>.

**Allowable Subject Matter**

Claims 1, 2, 6, 8, 9, 12, and 15 are confirmed.

_Ex Parte Reexamination – E/P Notice of Intent to Issue Reexamination Certificate_

Application/Control Number: 90/019,035                                    Page 15
Art Unit: 3992

### STATEMENT OF REASONS FOR PATENTABILITY AND/OR CONFIRMATION

The following is an examiner's statement of reasons for patentability and/or

confirmation of the claims found patentable in this reexamination proceeding:

5

Independent claim 1 is directed to a system for managing data stored in a

distributed network, the system comprising (*inter alia*) a data location server network

comprising a plurality of data location servers, wherein data location information for a

plurality of data entities is stored in the data location server network, at least one of the

10    plurality of data location servers includes location information associated with an

identifier string identifying the data entity, each one of the plurality of data location

servers comprises a portion of the data location information based on a hash function

used to organize the data location information across the plurality of data location

servers, and *each one of the data location servers is configured to determine the at least one of*

15    *the plurality of data location servers based on the hash function applied to the identifier string*.

The prior art of record fails to teach this feature.

Claim 2 incorporates these features from independent claim 1, and is confirmed

on the same basis.

*Ex Parte Reexamination – E/P Notice of Intent to Issue Reexamination Certificate*

Application/Control Number: 90/019,035                                Page 16
Art Unit: 3992

Independent claim 6 is directed to a system for managing data location

information and providing the data location information in response to location queries,

the system comprising (*inter alia*) programming logic configured to return a redirect

message if the location server lacks the location information for the desired entity, *the*

5      *redirect message comprising a list of at least one other location server known to have the location*

*information for the desired entity.*

The prior art of record fails to teach this feature.

Claims 8, 9, and 12 incorporate these features from independent claim 6, and are

confirmed on the same basis.

10

Independent claim 15 is directed to a method of handling location queries in a

network, the network comprising a plurality of location servers including data location

information, the method comprising (*inter alia*) receiving a location query from a client

at one of the plurality of location servers, the location query requesting location

15      information identifying a location of a data entity included in the data entities, and

sending a redirect message to the client in response to determining the one of the

plurality of location servers fails to include the location information, *the redirect message*

*identifying which of the plurality of location servers includes the location information.*

Application/Control Number: 90/019,035                                    Page 17
Art Unit: 3992

The prior art of record fails to teach this feature.

Any comments considered necessary by PATENT OWNER regarding the above

statement must be submitted promptly to avoid processing delays. Such submission by

5    the patent owner should be labeled: "Comments on Statement of Reasons for

Patentability and/or Confirmation" and will be placed in the reexamination file.

Application/Control Number: 90/019,035                                      Page 18
Art Unit: 3992

<h1 style="text-align:center">Conclusion</h1>

**Extensions of time under 37 CFR 1.136(a) do not apply in reexamination**

**proceedings.** The provisions of 37 CFR 1.136 apply only to "an applicant" and not to

parties in a reexamination proceeding. Further, in 35 U.S.C. 305 and in 37 CFR 1.550(a),

5    it is required that reexamination proceedings "will be conducted with special dispatch

within the Office."

**Extensions of time in reexamination proceedings are provided for in 37 CFR**

**1.550(c).** A request for extension of time must specify the requested period of extension

and it must be accompanied by the petition fee set forth in 37 CFR 1.17(g). Any request

10   for an extension in a third party requested ex parte reexamination must be filed on or

before the day on which action by the patent owner is due, and the mere filing of a

request will not effect any extension of time. A request for an extension of time in a

third party requested ex parte reexamination will be granted only for sufficient cause,

and for a reasonable time specified.  Any request for extension in a patent owner

15   requested ex parte reexamination (including reexamination ordered under 35 U.S.C.

257) for up to two months from the time period set in the Office action must be filed no

later than two months from the expiration of the time period set in the Office action.  A

request for an extension in a patent owner requested ex parte reexamination for more

than two months from the time period set in the Office action must be filed on or before

Application/Control Number: 90/019,035                                    Page 19
Art Unit: 3992

the day on which action by the patent owner is due, and the mere filing of a request for

an extension for more than two months will not effect the extension.  The time for

taking action in a patent owner requested ex parte reexamination will not be extended

for more than two months from the time period set in the Office action in the absence of

5    sufficient cause or for more than a reasonable time.


        The Patent Owner is reminded of the continuing responsibility under 37 CFR

1.565(a), to apprise the Office of any litigation activity, or other prior or concurrent

proceeding, involving U.S. Patent No. 7,814,170 throughout the course of this

10    reexamination proceeding.  The third party requester is also reminded of the ability to

similarly apprise the Office of any such activity or proceeding throughout the course of

this reexamination proceeding.  See MPEP §§ 2207, 2282 and 2286.


        The Patent Owner is reminded that any proposed amendment to the

15    specification and/or claims in the reexamination proceeding must comply with the

provisions of 37 C.F.R. § 1.530(d)-(j), must be formally presented pursuant to 37 C.F.R. §

1.52(a) and (b), and must include any fees required by 37 C.F.R. § 1.20(c).  See MPEP §

2250(IV) for examples to assist in the preparation of proper amendments in

reexamination proceedings.

Application/Control Number: 90/019,035                                        Page 20
Art Unit: 3992

    In order to ensure full consideration of any amendments, affidavits or

declarations, or other documents as evidence of patentability, such documents must be

submitted in response to this Office action.  Submissions after the next Office action,

5    which is intended to be a final action, will be governed by the requirements of 37

    CFR 1.116, after final rejection and 37 CFR 41.33 after appeal, which will be strictly

    enforced.

    Any document filed by the Patent Owner must be served on the third party

10    requester (or requesters in a merged proceeding) in the reexamination proceeding in the

    manner provided by 37 C.F.R. § 1.248.  See 37 C.F.R. § 1.550(f) and MPEP § 2266.03.

Application/Control Number: 90/019,035                                   Page 21
Art Unit: 3992

       **All** correspondence relating to this *ex parte* reexamination proceeding should be

directed:

By EFS-Web:     Registered Users may submit correspondence via EFS-Web, at
              https://efs.uspto.gov/efile/myportal/efs-registered.

5

By Mail to:      Mail Stop *Ex Parte* Reexam
              Central Reexamination Unit
              Commissioner for Patents
              United States Patent & Trademark Office

10             P.O. Box 1450
              Alexandria, VA 22313-1450

By FAX to:      (571) 273-9900
              Central Reexamination Unit

15

By hand:        Customer Service Window
              Randolph Building
              401 Dulany Street
              Alexandria, VA 22314

20

       EFS-Web offers the benefit of quick submission to the particular area of the

Office that needs to act on the correspondence.  Also, EFS-Web submissions are "soft-

scanned" (i.e., electronically uploaded) directly into the official file for the

reexamination proceeding, which offers parties the opportunity to review the content of

25   their submission after the "soft scanning" process is complete.

*Ex Parte Reexamination – E/P Notice of Intent to Issue Reexamination Certificate*

Application/Control Number: 90/019,035                                      Page 22
Art Unit: 3992

      Any inquiry concerning this communication should be directed to the Central

Reexamination Unit at telephone number 571-272-7705.


/LUKE S WASSUM/
Primary Examiner, Art Unit 3992


Conferees:

/ANGELA M LIE/
Primary Examiner, Art Unit 3992



Michael Fuelling /MF/
Supervisory Patent Examiner
Art Unit 3992


5    lsw
     13 September 2022

| **Issue Classification** | **Application/Control No.** | | **Applicant(s)/Patent Under Reexamination** |
|---|---|---|---|
| | 90/019,035 | | 7814170 |
| | **Examiner** | | **Art Unit** |
| | Luke S Wassum | | 3992 |

**CPC**

| Symbol | | | | | Type | Version |
|---|---|---|---|---|---|---|
| G06F | / | 16 | / | 182 | F | 2019-01-01 |
| G06F | / | 16 | / | 148 | I | 2019-01-01 |
| H04L | / | 61 | / | 4552 | I | 2022-05-01 |

**CPC Combination Sets**

| Symbol | | | | Type | Set | Ranking | Version |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 7 | |
| /LUKE S WASSUM/ Primary Examiner, Art Unit 3992 | 13 September 2022 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 10 |

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 90/019,035 | 7814170 |
| | **Examiner** | **Art Unit** |
| | Luke S Wassum | 3992 |

**INTERNATIONAL CLASSIFICATION**

**CLAIMED**

| G06F | | 15 | | 16 |
|---|---|---|---|---|

**NON-CLAIMED**

| | | | |
|---|---|---|---|

**US ORIGINAL CLASSIFICATION**

| CLASS | SUBCLASS |
|---|---|
| 709 | 217 |

**CROSS REFERENCES(S)**

| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | | |
|---|---|---|---|---|---|---|
| 709 | 219 | | | | | |

| NONE | | Total Claims Allowed: |
|---|---|---|
| (Assistant Examiner) | (Date) | 7 |

| /LUKE S WASSUM/ | 13 September 2022 | O.G. Print Claim(s) | O.G. Print Figure |
|---|---|---|---|
| Primary Examiner, Art Unit 3992 | | | |
| (Primary Examiner) | (Date) | 1 | 10 |

U.S. Patent and Trademark Office

Part of Paper No.: 20220912

| **Issue Classification** | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 90/019,035 | 7814170 |
| | **Examiner** | **Art Unit** |
| | Luke S Wassum | 3992 |

| ☐ Claims renumbered in the same order as presented by applicant | ☐ CPA | ☐ T.D. | ☐ R.1.47 |
|---|---|---|---|

**CLAIMS**

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 10 | 10 | | | | | | | | | | | | |
| 2 | 2 | 11 | 11 | | | | | | | | | | | | |
| 3 | 3 | 12 | 12 | | | | | | | | | | | | |
| 4 | 4 | 13 | 13 | | | | | | | | | | | | |
| 5 | 5 | 14 | 14 | | | | | | | | | | | | |
| 6 | 6 | 15 | 15 | | | | | | | | | | | | |
| 7 | 7 | 16 | 16 | | | | | | | | | | | | |
| 8 | 8 | 17 | 17 | | | | | | | | | | | | |
| 9 | 9 | | | | | | | | | | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 7 | |
| /LUKE S WASSUM/ Primary Examiner, Art Unit 3992 | 13 September 2022 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 10 |

U.S. Patent and Trademark Office

Part of Paper No.: 20220912

| *Reexamination* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 90/019,035 | 7814170 |
| | **Certificate Date** | **Certificate Number** |
| | | C1 |

---

**Requester Correspondence Address:** ☐   **Patent Owner** ☑   **Third Party**

FISCH SIGLER LLP
5301 WISCONSIN AVENUE NW
FOURTH FLOOR
WASHINGTON, DC 20015

---

| **LITIGATION REVIEW** ☑ | /lsw/ (examiner initials) | 13 September 2022 (date) |
|---|---|---|
| | Case Name | Director Initials |
| Kove IO, Inc. v. Amazon Web Services, Inc. 1:18cv08175 (open) | | |

---

| COPENDING OFFICE PROCEEDINGS | |
|---|---|
| **TYPE OF PROCEEDING** | **NUMBER** |
| | |

|  |  |
|---|---|
|  |  |

| *Search Notes* | **Application/Control No.** | **Applicant(s)/Patent Under Reexamination** |
|---|---|---|
| | 90/019,035 | 7814170 |
| | **Examiner** | **Art Unit** |
| | Luke S Wassum | 3992 |

| **CPC - Searched*** | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| **CPC Combination Sets - Searched*** | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| **US Classification - Searched*** | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| **Search Notes** | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| Reviewed prosecution history of appn. 11/354,224 | 12/07/2021 | lsw |
| Reviewed related reexams 90/019,034 & 90/019,036 | 12/07/2021 | lsw |
| Litigation Search | 12/09/2021 | lsw |
| Litigation Search | 09/12/2022 | lsw |

| **Interference Search** | | | |
|---|---|---|---|
| **US Class/CPC Symbol** | **US Subclass/CPC Group** | **Date** | **Examiner** |
| | | | |

|  |  |
|---|---|
| | |

Doc code: IDS                                                                                          PTO/SB/08a (01-10)
Doc description: Information Disclosure Statement (IDS) Filed                          Approved for use through 07/31/2012. OMB 0651-0031
                                                                                      U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

|  |  |
|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | |

| | |
|---|---|
| Application Number | 90019035 |
| Filing Date | 2021-11-19 |
| First Named Inventor | John K. Overton |
| Art Unit | 3992 |
| Examiner Name | Luke S. Wassum |
| Attorney Docket Number | KOVE-170EPR035 |

**U.S.PATENTS**                                                          Remove

| Examiner Initial* | Cite No | Patent Number | Kind Code¹ | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
|  | 1 | 5230047 |  | 1993-07-20 | Frey |  |
|  | 2 | 5542087 |  | 1996-07-30 | Neimat |  |
|  | 3 | 5884072 |  | 1999-03-16 | Rasmussen |  |
|  | 4 | 5893924 |  | 1999-04-13 | Bahls |  |
|  | 5 | 5959577 |  | 1999-09-28 | Fan |  |
|  | 6 | 5974421 |  | 1999-10-26 | Krishnaswamy |  |
|  | 7 | 6014667 |  | 2000-01-11 | Jenkins |  |
|  | 8 | 6212521 |  | 2001-04-03 | Minami |  |

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /L.S.W/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | | |
|---|---|---|
| Application Number | 90019035 | |
| Filing Date | 2021-11-19 | |
| First Named Inventor | John K. Overton | |
| Art Unit | 3992 | |
| Examiner Name | Luke S. Wassum | |
| Attorney Docket Number | KOVE-170EPR035 | |

| | | | | | |
|---|---|---|---|---|---|
| | 9 | 6341311 | 2002-01-22 | Smith | |
| | 10 | 6377991 | 2002-04-23 | Smith | |
| | 11 | 6430618 | 2002-08-06 | Karger | |
| | 12 | 6430622 | 2002-06-06 | Aiken | |
| | 13 | 6453404 | 2002-09-17 | Bereznyi | |
| | 14 | 6470389 | 2002-10-22 | Chung | |
| | 15 | 6553420 | 2003-04-22 | Karger | |
| | 16 | 6564252 | 2003-05-13 | Hickman | |
| | 17 | 6748437 | 2004-06-08 | Mankude | |
| | 18 | 6775687 | 2004-08-10 | Binding | |
| | 19 | 6807632 | 2004-10-19 | Carpentier | |

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /L.S.W/

Case: 1:18-cv-08175 Document #: 530-2 Filed: 10/07/22 Page 33 of 53 PageID #:18448

| | | | |
|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | Application Number | 90019035 | |
| | Filing Date | 2021-11-19 | |
| | First Named Inventor | John K. Overton | |
| | Art Unit | 3992 | |
| | Examiner Name | Luke S. Wassum | |
| | Attorney Docket Number | KOVE-170EPR035 | |

| 20 | 7389305 | 2008-06-17 | Kindig |
|---|---|---|---|
| 21 | 7415468 | 2008-08-19 | Benno |

If you wish to add additional U.S. Patent citation information please click the Add button. | Add |

## U.S.PATENT APPLICATION PUBLICATIONS    Remove

| Examiner Initial* | Cite No | Publication Number | Kind Code¹ | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | | | | | |

If you wish to add additional U.S. Published Application citation information please click the Add button. | Add |

## FOREIGN PATENT DOCUMENTS    Remove

| Examiner Initial* | Cite No | Foreign Document Number³ | Country Code²ⁱ | Kind Code⁴ | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T⁵ |
|---|---|---|---|---|---|---|---|---|
| | 1 | 2229291 | CA | | 1998-10-10 | Chiang | | |
| | 2 | 2216504 | CA | | 1997-09-19 | Yamano | | |
| | 3 | 00/05663 | WO | | 2000-02-03 | Baclawski | | |
| | 4 | 99/011078 | WO | | 1999-03-04 | Brohoff | | |

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /L.S.W/

Case: 1:18-cv-08175 Document #: 530-2 Filed: 10/07/22 Page 34 of 53 PageID #:18449

| | | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | Application Number | 90019035 |
| | Filing Date | 2021-11-19 |
| | First Named Inventor | John K. Overton |
| | Art Unit | 3992 |
| | Examiner Name | Luke S. Wassum |
| | Attorney Docket Number | KOVE-170EPR035 |

| | 5 | 98/003923 | WO | 1998-01-29 | Ernestine | |
| | 6 | 99/40514 | WO | 1999-08-12 | Farber | |
| | 7 | 98/039715 | WO | 1998-09-11 | Guha | |

| If you wish to add additional Foreign Patent Document citation information please click the Add button | Add |
|---|---|

**NON-PATENT LITERATURE DOCUMENTS** | Remove

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T⁵ |
|---|---|---|---|
| | 1 | Baker et al., Distributed cooperative Web servers, Computer Networks 31 (1999) 1215-1229 | |
| | 2 | Browne et al., Location-Independent Naming for Virtual Distributed Software Repositories, AT&T Bell Laboratories (1995) | |
| | 3 | Dynamic Load Balancing on Web-server Systems by Valeria Cardellini et al., IEEE Internal Computing, vol. 3, no. 3, pp. 28-39, May-June 1999 | |
| | 4 | Devin et al., Design and Implementation of DDH: A Distributed Dynamic Hashing Algorithm, Univ. Cal. Berkeley (1993) | |
| | 5 | Hua et al., An Adaptive Data Placement Scheme for Parallel Database Computer Systems, IBM Mid-Hudson Laboratories (1990) | |
| | 6 | Kangasharju et al., Locating Copies of Objects Using the Domain Name System, Institut Eurecom (1999) | |

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /L.S.W/

**INFORMATION DISCLOSURE STATEMENT BY APPLICANT**
( Not for submission under 37 CFR 1.99)

| | |
|---|---|
| Application Number | 90019035 |
| Filing Date | 2021-11-19 |
| First Named Inventor | John K. Overton |
| Art Unit | 3992 |
| Examiner Name | Luke S. Wassum |
| Attorney Docket Number | KOVE-170EPR035 |

| | | |
|---|---|---|
| | 7 | Karger et al., Consistent Hashing and Random Trees: Distributed Caching Protocols for Relieving Hot Spots on the World Wide Web (1997) |
| | 8 | Karger et al., Web Caching with Consistent Hashing, MIT Laboratory for Computer Science (1999) |
| | 9 | Lewis et al., The Core Legion Object Model, Univ. of Virginia Dept. of Comp. Sci. (1996) |
| | 10 | Litwin, Linear Hashing: A New Tool for File and Table Addressing, I.N.R.I.A. (Le Chesnay, France) (1980) |
| | 11 | Mockapetris, DNS RFC 1034 Domain names – Concepts and Facilities, Network Working Group (Nov. 1987) |
| | 12 | Neuman, Scale in Distributed Systems by Neuman, Univ. So. Cal. Inf. Scie. Inst. (1994) |
| | 13 | Sherman, Distributed Web Caching System with Consistent Hashing, Mass. Inst. Tech. Dept. of Elec. Eng. And Comp. Sci. (1999) |
| | 14 | Tannenbaum et al., A Model for Worldwide Tracking of Distributed Objects, Vrije Universiteit Amsterdam (1996) |
| | 15 | Terry, Distributed Name Servers: Naming and Caching in Large Distributed Computing Environments, Arpa Order No. 4871 (1985) |
| | 16 | Venkatasubramanian et al., Load Management in Distributed Video Servers, Hewlett-Packard Laboratories (1997) |
| | 17 | Dasgupta, Resource Location in Very Large Networks, New York Univ. Dept. of Comp. Sci. (1994) |

EFS Web 2.1.17

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | 90019035 |
| | Filing Date | 2021-11-19 |
| | First Named Inventor | John K. Overton |
| | Art Unit | 3992 |
| | Examiner Name | Luke S. Wassum |
| | Attorney Docket Number | KOVE-170EPR035 |

| | | |
|---|---|---|
| | 18 | ~~Dasgupta, Resource Location in Very Large Networks, New York Univ. Dept. of Comp. Sci. (1994)~~ |
| | 19 | ~~Reexamination Control Nos. 90/019,034, 90/019,035, 90/019,036 (currently pending)~~ |
| | 20 | ~~2019-08-06_AWS_Initial_Invalidity_Contentions~~ |
| | 21 | ~~2019-08-06_Exhs_1-3_Initial_Invalidity_Contentions~~ |
| | 22 | ~~2020-02-13_AWS_Final_Invalidity_Contentions~~ |
| | 23 | ~~2020-02-13_Exhibit_1_170_Patent_Final_Prior_Art_Chart~~ |
| | 24 | ~~2020-02-13_Exhibit_2_640_Patent_Final_Prior_Art_Chart~~ |
| | 25 | ~~2020-02-13_Exhibit_3_978_Patent_Final_Prior_Art_Chart~~ |
| | 26 | ~~2020-06-01_AWS_Amended_Final_Invalidity_Contentions~~ |
| | 27 | ~~2020-06-01_Exhibit_1_170_Patent_Final_Prior_Art_Chart~~ |
| | 28 | ~~2020-06-01_Exhibit_2_640_Patent_Final_Prior_Art_Chart~~ |

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /L.S.W/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | | |
|---|---|---|
| Application Number | | 90019035 |
| Filing Date | | 2021-11-19 |
| First Named Inventor | | John K. Overton |
| Art Unit | | 3992 |
| Examiner Name | | Luke S. Wassum |
| Attorney Docket Number | | KOVE-170EPR035 |

| | | | |
|---|---|---|---|
| | 29 | ~~2020-06-04_Exhibit_3_978_Patent_Final_Prior_Art_Chart~~ | |
| | 30 | ~~2020-07-10_AWS_Second_Amended_Final_Invalidity_Contentions~~ | |
| | 31 | ~~2020-07-10_Exhibit_1_170_Patent_Final_Prior_Art_Chart~~ | |
| | 32 | ~~2020-07-10_Exhibit_2_640_Patent_Final_Prior_Art_Chart~~ | |
| | 33 | ~~2020-07-10_Exhibit_3_978_Patent_Final_Prior_Art_Chart~~ | |
| | 34 | ~~2021-10-08_AWS_Third_Amended_Final_Invalidity_Contentions~~ | |
| | 35 | ~~2021-10-08_Exhibit_1_170_Patent_Final_Prior_Art_Chart~~ | |
| | 36 | ~~2021-10-08_Exhibit_2_640_Patent_Final_Prior_Art_Chart~~ | |
| | 37 | ~~2021-10-08_Exhibit_3_978_Patent_Final_Prior_Art_Chart~~ | |
| | 38 | ~~2022-01-27_AWS_Fourth_Amended_Final_Invalidity_Contentions~~ | |
| | 39 | ~~2022-01-27_Exhibit_1_170_Patent_Final_Prior_Art_Chart~~ | |

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /L.S.W/

| | | | |
|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( **Not for submission under 37 CFR 1.99)** | Application Number | 90019035 | |
| | Filing Date | 2021-11-19 | |
| | First Named Inventor | John K. Overton | |
| | Art Unit | 3992 | |
| | Examiner Name | Luke S. Wassum | |
| | Attorney Docket Number | KOVE-170EPR035 | |

| | | | | |
|---|---|---|---|---|
| | ~~40~~ | ~~2022-01-27_Exhibit_2_640_Patent_Final_Prior_Art_Chart~~ | | |
| | ~~41~~ | ~~2022-01-27_Exhibit_3_978_Patent_Final_Prior_Art_Chart~~ | | |
| | 42 | Memorandum and Opinion Order for Claim Construction in Kove IO, Inc., v. Amazon Web Services, Inc., Case No. 1:18-cv-08175, Dkt. 484 (N.D. Ill. Dec. 17, 2021). | | |
| | 43 | Joint Claim Construction Chart (Updated) in Kove IO, Inc., v. Amazon Web Services, Inc., Case No. 1:18-cv-08175, Dkt. 382 (N.D. Ill. Aug 11, 2021). | | |

| If you wish to add additional non-patent literature document citation information please click the Add button | Add |
|---|---|

| **EXAMINER SIGNATURE** | | | |
|---|---|---|---|
| Examiner Signature | /LUKE S WASSUM/ | Date Considered | 09/12/2022 |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through a citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04. [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3). [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [5] Applicant is to place a check mark here if English language translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /L.S.W/

Case: 1:18-cv-08175 Document #: 530-2 Filed: 10/07/22 Page 39 of 53 PageID #:18454

| | |
|---|---|
| Application Number | 90019035 |
| Filing Date | 2021-11-19 |
| First Named Inventor | John K. Overton |
| Art Unit | 3992 |
| Examiner Name | Luke S. Wassum |
| Attorney Docket Number | KOVE-170EPR035 |

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT
( Not for submission under 37 CFR 1.99)

## CERTIFICATION STATEMENT

Please see 37 CFR 1.97 and 1.98 to make the appropriate selection(s):

That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(1).

**OR**

☐ That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(2).

See attached certification statement.

The fee set forth in 37 CFR 1.17 (p) has been submitted herewith.

A certification statement is not submitted herewith.

## SIGNATURE

A signature of the applicant or representative is required in accordance with CFR 1.33, 10.18. Please see CFR 1.4(d) for the form of the signature.

| Signature | | Date (YYYY-MM-DD) | |
|---|---|---|---|
| Name/Print | | Registration Number | |

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 1 hour to complete, including gathering, preparing and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /L.S.W/

## Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.  The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these record s.

2.  A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.  A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.  A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.  A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6.  A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.  A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.  A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.  A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /L.S.W/

Doc code: IDS
Doc description: Information Disclosure Statement (IDS) Filed

PTO/SB/08a (01-10)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

**INFORMATION DISCLOSURE STATEMENT BY APPLICANT**
( Not for submission under 37 CFR 1.99)

| | |
|---|---|
| Application Number | 90019035 |
| Filing Date | 2021-11-19 |
| First Named Inventor | John K. Overton |
| Art Unit | 3992 |
| Examiner Name | Luke S. Wassum |
| Attorney Docket Number | KOVE-170EPR035 |

## U.S.PATENTS  [Remove]

| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | 6122664 | | 2000-09-02 | Boukobza et al. | |
| | 2 | 5617568 | | 1997-04-01 | Ault et al. | |
| | 3 | 6230183 | | 2001-05-08 | Yocum et al. | |

If you wish to add additional U.S. Patent citation information please click the Add button.  [Add]

## U.S.PATENT APPLICATION PUBLICATIONS  [Remove]

| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | | | | | |

If you wish to add additional U.S. Published Application citation information please click the Add button.  [Add]

## FOREIGN PATENT DOCUMENTS  [Remove]

| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2] i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T[5] |
|---|---|---|---|---|---|---|---|---|
| | 1 | | | | | | | |

EFS Web 2.1.17

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /L.S.W/

| | |
|---|---|
| | Application Number | 90019035 |
| **INFORMATION DISCLOSURE** | Filing Date | 2021-11-19 |
| **STATEMENT BY APPLICANT** | First Named Inventor | John K. Overton |
| ( Not for submission under 37 CFR 1.99) | Art Unit | 3992 |
| | Examiner Name | Luke S. Wassum |
| | Attorney Docket Number | KOVE-170EPR035 |

| If you wish to add additional Foreign Patent Document citation information please click the Add button | Add |
|---|---|

**NON-PATENT LITERATURE DOCUMENTS**   Remove

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T⁵ |
|---|---|---|---|
| | 1 | Joseph B. Greene, Oracle8 Server Unleashed, (Sams Publishing, Indianapolis, Ind.), published August 2, 1998 (Part 1-241 pages, Part 2-241 pages, Part 3-241 pages, Part 4-241 pages) | |
| | 2 | Declaration of Joseph B. Greene Under 37 C.F.R. § 1.132 (211 pages) | |
| | 3 | Departments of Informatics, Oracle V2, Virtual Exhibitions in Informatics, University of Klagenfurt (September 30, 2019) (2 pages) | |
| | 4 | STEVEN BOBROWSKI, CYNTHIA CHIN-LEE, CINDY CLOSKEY, JOHN FRAZZINI, & DANNY SOKOLSKY, Oracle7 Server Concepts, Release 7.3 (Oracle Corp., Redwood City, CA), published 1996 (525 pages) | |
| | 5 | George Koch & Kevin Loney, Oracle: The Complete Reference, Electronic Edition (Oracle Press), ISBN: 0078822858 (Excerpts, 9 pages)   *pages 469-471 & 476-478* | |
| | 6 | Kevin Loney, Oracle DBA Handbook, 7.3 Edition (McGraw-Hill Osborne Media) ISBN: 0078822890, published 1997 (Excerpts, 14 pages))   *pages 11-14, 250-253, & 431-433* | |
| | 7 | Oracle - Investor Relations - FAQ, Frequently Asked Questions (5 pages) | |
| | ~~8~~ | ~~970_Reexamination_Request_Cls_17-30~~ | |
| | 9 | NSN 7610-01-448-8459, 7610014488459, ISO Group Defense and Aerospace Supply Chain Partner, https://www.iso-group.com/NSN/7610-01-448-8459 (5 pages) | |

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /L.S.W/

Case: 1:18-cv-08175 Document #: 530-2 Filed: 10/07/22 Page 43 of 53 PageID #:18458

| | | | |
|---|---|---|---|
| | | Application Number | 90019035 |
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | | Filing Date | 2021-11-19 |
| | | First Named Inventor | John K. Overton |
| | | Art Unit | 3992 |
| | | Examiner Name | Luke S. Wassum |
| | | Attorney Docket Number | KOVE-170EPR035 |

| | | | |
|---|---|---|---|
| | 10 | Kove's Memorandum in Opposition to Amazon Web Services, Inc.'s Motion for Judgment on the Pleadings in Kove IO, Inc. v. Amazon Web Services, Inc., Civil Action No. 1:18-cv-08175 (N.D. Ill.) | |
| | 11 | Kove IO, Inc.'s Final Enforceability and Validity Contentions in Kove IO, Inc. v. Amazon Web Services, Inc., Civil Action No. 1:18-cv-08175 (N.D. Ill.) | |

| If you wish to add additional non-patent literature document citation information please click the Add button | Add |
|---|---|

**EXAMINER SIGNATURE**

| Examiner Signature | /LUKE S WASSUM/ | Date Considered | 09/14/2022 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through a citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04. [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3). [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [5] Applicant is to place a check mark here if English language translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /L.S.W/

Case: 1:18-cv-08175 Document #: 530-2 Filed: 10/07/22 Page 44 of 53 PageID #:18459

| | |
|---|---|
| Application Number | 90019035 |
| Filing Date | 2021-11-19 |
| First Named Inventor | John K. Overton |
| Art Unit | 3992 |
| Examiner Name | Luke S. Wassum |
| Attorney Docket Number | KOVE-170EPR035 |

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT
( Not for submission under 37 CFR 1.99)

## CERTIFICATION STATEMENT

Please see 37 CFR 1.97 and 1.98 to make the appropriate selection(s):

That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(1).

**OR**

☐ That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(2).

See attached certification statement.

☒ The fee set forth in 37 CFR 1.17 (p) has been submitted herewith.

A certification statement is not submitted herewith.

## SIGNATURE
A signature of the applicant or representative is required in accordance with CFR 1.33, 10.18. Please see CFR 1.4(d) for the form of the signature.

| Signature | /Khue V. Hoang/ | Date (YYYY-MM-DD) | 2022-09-13 |
|---|---|---|---|
| Name/Print | Khue V. Hoang | Registration Number | 44767 |

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 1 hour to complete, including gathering, preparing and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /L.S.W/

Case: 1:18-cv-08175 Document #: 530-2 Filed: 10/07/22 Page 45 of 53 PageID #:18460

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.  The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these record s.

2.  A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.  A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.  A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.  A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6.  A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.  A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.  A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.  A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /L.S.W/

Doc code: IDS
Doc description: Information Disclosure Statement (IDS) Filed

PTO/SB/08a (01-10)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

**INFORMATION DISCLOSURE STATEMENT BY APPLICANT**
( Not for submission under 37 CFR 1.99)

| | |
|---|---|
| Application Number | 90019035 |
| Filing Date | 2021-11-19 |
| First Named Inventor | John K. Overton |
| Art Unit | 3992 |
| Examiner Name | Luke S. Wassum |
| Attorney Docket Number | KOVE-170EPR035 |

### U.S.PATENTS    Remove

| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | | | | | |

If you wish to add additional U.S. Patent citation information please click the Add button.    Add

### U.S.PATENT APPLICATION PUBLICATIONS    Remove

| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | | | | | |

If you wish to add additional U.S. Published Application citation information please click the Add button.    Add

### FOREIGN PATENT DOCUMENTS    Remove

| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2]i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T[5] |
|---|---|---|---|---|---|---|---|---|
| | 1 | | | | | | | |

If you wish to add additional Foreign Patent Document citation information please click the Add button    Add

### NON-PATENT LITERATURE DOCUMENTS    Remove

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T[5] |
|---|---|---|---|

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /L.S.W/

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | Application Number | 90019035 |
|---|---|---|
| | Filing Date | 2021-11-19 |
| | First Named Inventor | John K. Overton |
| | Art Unit | 3992 |
| | Examiner Name | Luke S. Wassum |
| | Attorney Docket Number | KOVE-170EPR035 |

| | | | |
|---|---|---|---|
| | 1 | Cormen et al., An Introduction to Algorithms, The MIT Press, Cambridge, Massachusetts, London, England (1996)   pages 219-244 | |
| | 2 | Tanenbaum, Computer Networks, 3rd. Ed., Prentice Hall PTR (1994)   pages 720-723 | |
| | 3 | Cheriton et al., Decentralizing a Global Naming Service for Improved Performance and Fault Tolerance, ACM Transactions on Computer Systems, Vol. 7, No. 2, May 1989, pages 147-183. | |
| | 4 | Reexamination Control No. 90/014,552, Order Denying Request for Ex Parte Reexamination of U.S. Patent No. 7,103,640, dated September 9, 2020. | |
| | 5 | Dictionary of Scientific and Technical Terms, 4th Ed., McGraw-Hill (1989)   page 860 | |
| | 6 | Dongarra et al., Distribution of Mathematical Software Via Electronic Mail, Communications of the ACM, Vol. 30 No. 5, May 1987. | |
| | 7 | Mockapetris, Domain Names - Concepts and Facilities, Network Working Group (RFC 1034), Nov. 1987 | |
| | 8 | Mockapetris, Domain Names - Implementations and Specifications, Network Working Group (RFC 1035), Nov. 1987 | |
| | 9 | Sollins et al., Functional Requirements for Uniform Resource Names, Network Working Group (RFC 1737), Dec. 1994 | |
| | 10 | Hashing Rehashed, Dr.Dobb's, April 1, 1996, http://www.drdobbs.com/database/hashing-rehashed/184409859 | |
| | 11 | Browne et al., Location-Independent Naming for Virtual Distributed Software Repositories, AT&T Bell Laboratories, Association of Computing Machinery (1995) | |

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /L.S.W/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | 90019035 |
| --- | --- | --- |
| | Filing Date | 2021-11-19 |
| | First Named Inventor | John K. Overton |
| | Art Unit | 3992 |
| | Examiner Name | Luke S. Wassum |
| | Attorney Docket Number | KOVE-170EPR035 |

| | 12 | Browne et al., Management of the NHSE - a Virtual Distributed Digital Library, Univ. of Tenn. Oak Ridge National Lab, March 27, 1995. | |
| --- | --- | --- | --- |
| | 13 | Jaeger et al., Preserving Integrity in Remote File Location and Retrieval, IEEE Proceedings of SNDSS, 1996. | |
| | 14 | Moore et al., Resource Cataloging and Distribution System, Univ. of Tenn., January 1997. | |
| | 15 | Fagg et al., Scalable Networked Information Processing Environment (SNIPE), Association of Computing Technology 1997 | |
| | 16 | McGregor et al., Fingerprinting - A Technique for File Identification and Maintenance, Software Practice & Experience, John Wiley and Sons, December 1982. | |
| | 17 | Knuth, The Art of Computer Programming, Vol. 3, Addison-Wesley Publishing Company, 1973.<br>          pages 389-393 & 481-542 | |
| | 18 | Kernighan et al., The C Programming Language, 2nd Ed., Prentice-Hall Software Series, 1988.<br>          pages 143-145 | |
| | 19 | Browne at al., The National HPCC Software Exchange, Computational System & Performance, IEEE Computational Science & Engineering, Summer 1995. | |
| | 20 | Request for Ex Parte Reexamination in Control No. 90/014,552, Filed July 30, 2020. | |
| | 21 | U.S. Provisional Patent Application No. 60/209,070, filed June 2, 2000. | |
| | 22 | U.S. Provisional Patent Application No. 60/277,408, filed March 19, 2001. | |

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /L.S.W/

Case: 1:18-cv-08175 Document #: 530-2 Filed: 10/07/22 Page 49 of 53 PageID #:18464

| | | | |
|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( **Not for submission under 37 CFR 1.99**) | Application Number | 90019035 | |
| | Filing Date | 2021-11-19 | |
| | First Named Inventor | John K. Overton | |
| | Art Unit | 3992 | |
| | Examiner Name | Luke S. Wassum | |
| | Attorney Docket Number | KOVE-170EPR035 | |

| | | | |
|---|---|---|---|
| | 23 | van Steen et al., A Model for Worldwide Tracking of Distributed Objects, Vrije Universiteit, Amsterdam. | |
| | 24 | Hua et al., An Adaptive Data Placement Scheme for Parallel Database Computer Systems, IBM Mid-Hudson Laboratories, Proceedings of the 16th VLDB Conference, Brisbane, Australia (1990). | |
| | 25 | Subramanian et al., An Analysis of Diffusive Load-Balancing, Association of Computing Machinery (1994) | |
| | 26 | Karger et al., Consistent Hashing and Random Trees: Distributed Caching Protocols for Relieving Hot Spots on the World Wide Web, Association of Computing Machinery (1997). | |
| | 27 | Dahlin et al., Cooperative Caching: Using Remote Client Memory to Improve File System Performance, University of California at Berkeley. | |
| | 28 | Cheriton et al., Decentralizing a Global Naming Service for Improved Performance and Fault Tolerance, Stanford University, Association of Computing Machinery (1989). | |
| | 29 | Decision denying institution of inter partes review in Amazon Web Services, Inc. v. Kove IO, Inc., IPR2020-00276, Paper 23 (P.T.A.B. June 16, 2020). | |
| | 30 | Decision denying Petitioner's request for rehearing in Amazon Web Services, Inc. v. Kove IO, Inc., IPR2020-00276, Paper 25 (P.T.A.B. November 12, 2020). | |
| | 31 | Declaration of Dr. Jon Weissman in Amazon Web Services, Inc. v. Kove IO, Inc., IPR2020-00276. | |
| | 32 | Li et al., Distributed Cooperative Apache Web Server, Association of Computing Machinery (2001). | |
| | 33 | Baker et al., Distributed Cooperative Web Servers, Computer Networks 31 (1999). | |

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /L.S.W/

Case: 1:18-cv-08175 Document #: 530-2 Filed: 10/07/22 Page 50 of 53 PageID #:18465

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | Application Number | 90019035 |
|---|---|---|
| | Filing Date | 2021-11-19 |
| | First Named Inventor | John K. Overton |
| | Art Unit | 3992 |
| | Examiner Name | Luke S. Wassum |
| | Attorney Docket Number | KOVE-170EPR035 |

| | | | |
|---|---|---|---|
| | 34 | Sherman et al., Distributed Web Caching System with Consistent Hashing, Mass. Inst. of Tech. (1999). | |
| | 35 | Mockapetris, Domain Names - Concepts and Facilities, Network Working Group (RFC 1304) (Nov. 1987) | |
| | 36 | Birrell et al., Grapevine: An Exercise in Distributed Computing, Association of Computing Machinery, Communications of the ACM, Vol. 25, No. 4 (1982). | |
| | 37 | Ross, Hash Routing for Collections of Shared Web Caches, IEEE Network (Nov./Dec. 1997). | |
| | 38 | Litwin, Linear Hashing: A New Tool For File And Table Addressing, IEEE (1980) | |
| | 39 | Litwin et al., LH* – Linear Hashing for Distributed Files, Association of Computing Machinery (1993) | |
| | 40 | Venkatasubramanian et al., Load Management in Distributed Video Servers, IEEE (1997) | |
| | 41 | Browne et al., Location-Independent Naming for Virtual Distributed Software Repositories, Association of Computing Machinery (1995) | |
| | 42 | Stonebraker et al., Mariposa: a wide-area distributed database system, The VLDB Journal (1996) | |
| | 43 | MEMORANDUM IN SUPPORT OF MOTION TO DISMISS submitted by Amazon Web Services in Kove IO, Inc. v. Amazon Web Services, Inc., Civil Action No. 1:18-cv-08175, Dkt. No. 38 (N.D. Ill. Apr. 5, 2019). | |
| | 44 | Bradner, The Internet Standards Process – Revision 3, Network Working Group (RFC 2026) (Oct. 1996). | |

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /L.S.W/

Case: 1:18-cv-08175 Document #: 530-2 Filed: 10/07/22 Page 51 of 53 PageID #:18466

| | | Application Number | 90019035 |
|---|---|---|---|
| | | Filing Date | 2021-11-19 |
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | | First Named Inventor | John K. Overton |
| | | Art Unit | 3992 |
| | | Examiner Name | Luke S. Wassum |
| | | Attorney Docket  Number | KOVE-170EPR035 |

| | 45 | 5/30/2019 Oral Hearing Transcript in Kove IO, Inc. v. Amazon Web Services, Inc., Civil Action No. 1:18-cv-08175 (N.D. Ill.). | |
|---|---|---|---|
| | 46 | Petition for Inter Partes Review of U.S. Patent No. 7,233,978 in Amazon Web Services, Inc., v. Kove IO, Inc., IPR2020-00276 (Dec. 12, 2019) | |
| | 47 | Patent Owner's Preliminary Response in Amazon Web Services, Inc., v. Kove IO, Inc., IPR2020-00276  (March 19, 2020). | |
| | 48 | Daniel et al., Resolutoin of Uniform Resource Identifiers using the Domain Name System, Network Working Group (RFC 2168) (June 1997) | |
| | 49 | Neuman, Scale in Distributed Systems, Readings in Distributed Computing Systems. IEEE Computer Society Press, 1994. | |
| | 50 | Lewis et al., The Core Legion Object Model, IEEE Proceedings of HPDC-5 '96 (1996) | |

| If you wish to add additional non-patent literature document citation information please click the Add button | Add |
|---|---|

| **EXAMINER SIGNATURE** | | | |
|---|---|---|---|
| Examiner Signature | /LUKE S WASSUM/ | Date Considered | 09/12/2022 |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through a citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04.  [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3).  [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.  [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible.  [5] Applicant is to place a check mark here if English language translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /L.S.W/

|  | Application Number | 90019035 |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | Filing Date | 2021-11-19 |
|  | First Named Inventor | John K. Overton |
|  | Art Unit | 3992 |
|  | Examiner Name | Luke S. Wassum |
|  | Attorney Docket Number | KOVE-170EPR035 |

### CERTIFICATION STATEMENT

Please see 37 CFR 1.97 and 1.98 to make the appropriate selection(s):

    That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(1).

**OR**

☐    That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(2).

    See attached certification statement.

☒    The fee set forth in 37 CFR 1.17 (p) has been submitted herewith.

    A certification statement is not submitted herewith.

### SIGNATURE

A signature of the applicant or representative is required in accordance with CFR 1.33, 10.18. Please see CFR 1.4(d) for the form of the signature.

| Signature | /Khue V. Hoang/ | Date (YYYY-MM-DD) | 2022-07-13 |
|---|---|---|---|
| Name/Print | Khue V. Hoang | Registration Number | 44767 |

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 1 hour to complete, including gathering, preparing and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /L.S.W/

## Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.      The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these record s.

2.      A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.      A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.      A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.      A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6.      A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.      A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.      A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.      A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /L.S.W/