# Exhibit B

**Subject:** RE: Reexamination 90/019,036: Patent Examination Quality
**Date:** Wednesday, September 28, 2022 at 4:04:24 PM Eastern Daylight Time
**From:** Khue Hoang
**To:** kathi.vidal@uspto.gov
**CC:** Naveed Hasan, Kove Team, Joe Edell

Dear Director Vidal,

I am counsel for patent owner, Kove IO, Inc. in the subject *ex parte* reexamination proceedings (90/019,036).

We are surprised and concerned by Mr. Edell and his client AWS's attempt to interfere improperly in this proceeding by sending an email inviting the Director to "consider" a recent notice of intent to issue an *ex parte* reexamination certificate confirming patentability of all challenged claims of a Kove patent.

As per clear Office policies, AWS – who is no mere member of the "public" but rather the third-party requester in this *ex parte* reexam – is barred from filing any more papers in the proceeding. *See* 37 C.F.R. § 1.535 ("The third party requester is not permitted to file any further papers after his or her reply to the patent owner's statement.") (patent owner did not file a statement in this matter); *see also* MPEP § 2251. Office policies also prohibit AWS's counsel (practitioners) from contacting examiners and "the Office as a whole" – which includes the Director. MPEP § 2212.01 ("Patent practitioners must not make improper inquiries of members of the patent examining corps and the Office as a whole. *See* 37 CFR 11.804."). Other policies prohibit Office employees from responding to inquiries like Mr. Edell's. MPEP § 2212.01 ("Examiners should not discuss or answer inquiries from third parties (i.e., parties who are not the patent owner) in reexamination proceedings. . . . Only questions on strictly procedural matters, i.e., not directed to any specific reexamination proceeding, may be discussed by the [Central Reexamination Unit,] [Supervisory Patent Reexamination Specialist,] or [Technology Center Quality Assurance Specialist] with that party.").

AWS's flouting of these clear prohibitions amounts to a thinly veiled attempt to seek Director review of an examiner decision it does not like, using (by AWS's own admission) an obvious clerical error as pretext. As the Federal Circuit recently confirmed, "[35 U.S.C.] § 306 bars requesters from obtaining review of the decision reached after the *ex parte* reexamination is conducted—a bar that extends to review of procedural irregularities if they amount to an attempt to set aside the outcome of the reexamination." *Alarm.com Inc. v. Hirshfeld*, 26 F.4th 1348, 1359 (Fed. Cir. 2022). Thus, to the extent AWS's email is viewed to be a request for review of the Examiner's decision on substantive or procedural grounds, it is statutorily prohibited.

For these reasons, AWS's improper correspondence should be disregarded.

Sincerely,
Khue Hoang
Counsel for Patent Owner, Kove IO

---

**From:** Joe Edell <Joe.Edell@fischllp.com>
**Sent:** Tuesday, September 27, 2022 3:02 PM
**To:** kathi.vidal@uspto.gov
**Cc:** Khue Hoang <khoang@reichmanjorgensen.com>; Naveed Hasan <nhasan@reichmanjorgensen.com>; Kove Team <FS-Kove@fischllp.com>
**Subject:** Reexamination 90/019,036: Patent Examination Quality

**[EXTERNAL]**
Dear Director Vidal,

I am counsel for Requester Amazon Web Services, Inc. and write to bring to your attention a concern about patent examination quality in Reexamination Control No. 90/019,036.

On September 22, 2022, the Examiner issued the attached notice of intent to issue an *ex parte* reexamination certificate confirming the patentability of all challenged claims (17, 18, and 24) of U.S. Patent No. 7,103,640. In explaining why the proposed obviousness grounds were overcome, the Examiner stated in paragraph 11: "Specifically, the cited prior arts do not set a population threshold nor do they display message only with the home neighborhood and selections of the nearby neighborhoods." This statement appears to have been copied verbatim from a different reexamination unrelated to the '640 Patent—indeed, the same Examiner previously included the exact same sentence in the notice of intent to issue an *ex parte* reexamination certificate in Reexamination Control No. 90/014,693. (*See* attached September 17, 2021 notice at ¶8).

The single sentence of paragraph 11 is the only explanation the Examiner provided for why the challenged claims in the '640 Patent were confirmed. The challenged '640 Patent claims, '640 Patent specification, and prior art uniformly don't reference or discuss setting a population threshold, displaying a message, or selecting a neighborhood. And patent owner didn't raise any arguments in the reexamination about the prior art failing to disclose these concepts.

This September 22 notice thus appears to illustrate the decline in patent examination quality for which you have expressed concern. A patent's examination history should provide meaningful information to the patent owner and the public toward the claimed invention's scope and the claim terms' meanings. But the Examiner's notice here relies on terms and technical features that aren't present in the patent or prior art references.

The public—which includes the requester—would benefit from clarity or further information about the Examiner's decision. Indeed, patent owner has asserted the challenged patent against requester in a patent infringement action pending in the Northern District of Illinois (Case No. 1:18-cv-8175), seeking by its own account multi-hundreds of millions of dollars in damages. This past Friday, patent owner moved to lift the stay in that case, basing its motion in-part on the outcome set forth in the September 22 notice. (*See e.g.*, ECF No. 527 at 1, 4).

Thank you for your time and consideration of this matter.

Best regards,
Joe Edell
Counsel for Requester Amazon Web Services, Inc.


**Joseph Edell** | **Fisch Sigler LLP** | **Attorney**
+1.202.362.3524 (o)
+1.301.806.7562 (m)

5301 Wisconsin Avenue NW, Fourth Floor
Washington, DC 20015 USA
Biography | Firm Victories | LinkedIn
*NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended*

*recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.*