**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Kove IO, Inc., | Civil Action No. 1:18-cv-08175 |
| Plaintiff, | Hon. Matthew F. Kennelly |
| v. | Jury Trial Demanded |
| Amazon Web Services, Inc., | |
| Defendant. | |

**KOVE IO, INC.'S REPLY IN SUPPORT OF ITS MOTION TO LIFT STAY**

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION .......................................................................................................... 1

II. EVEN MORE HAS CHANGED SINCE KOVE FILED ITS MOTION TO LIFT THE STAY. ................................................................................................................ 2

III. ALL THREE STAY FACTORS WEIGH FIRMLY IN FAVOR OF LIFTING THE STAY. ................................................................................................................ 2

    A. A Continued Stay Will Not Simplify Issues or Reduce the Burdens of Litigation (Factors 2 and 3). ............................................................................... 3

    B. Kove Will Be Prejudiced By A Continued Stay (Factor 1), And At This Point AWS's Request Is About Gaining An Impermissible Tactical Advantage. ........... 4

        1. The Current Circumstances Warrant Lifting The Stay. .............................. 4

        2. AWS's Recent Conduct Betrays An Improper Dilatory Motive. ............... 5

    C. AWS's Other Arguments Fall Flat. ......................................................................... 8

        1. There is No Need to Wait for a Reexamination Certificate. ....................... 8

        2. "PTO Guidance" is Not Relevant to This Proceeding. .............................. 9

IV. CONCLUSION ............................................................................................................. 9

i

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Canady v. Erbe Elektromedizin GmbH*,
    271 F. Supp. 2d 64 (D.D.C. 2002) .......................................................................................3

*Cook Inc. v. Endologix, Inc*,
    2010 WL 2265203 (S.D. Ind. June 2, 2010) ........................................................................8

*Dataquill Ltd. v. High Tech Computer Corp.*,
    2009 WL 1391537 (S.D. Cal. May 14, 2009)........................................................................3

*Fifth Mkt., Inc. v. CME Grp., Inc.*,
    2013 WL 3063461 (D. Del. June 19, 2013)...........................................................................6

*General Plastic Industrial Co., Ltd. v. Canon Kabushiki Kaisha*,
    IPR2016-01357, Paper No. 19 (PTAB Sept. 6, 2017) ..........................................................6

*Google LLC v. Uniloc Luxembourg S.A.*,
    IPR2017-01665, Paper No. 10 (PTAB Jan. 11, 2018)..........................................................6

*JAB Distributors, LLC v. London Luxury, LLC*,
    2010 WL 3023163 (N.D. Ill. June 29, 2010)......................................................................2, 8

*K/S Himpp v. Hear-Wear Techs., LLC*,
    751 F.3d 1362 (Fed. Cir. 2014).............................................................................................7

*KLA-Tencor Corp. v. Nanometrics, Inc.*,
    2006 WL 708661 (N.D. Cal. Mar. 16, 2006)........................................................................3

*Methode Elecs., Inc. v. Infineon Techs. Corp.*,
    2000 WL 35357130 (N.D. Cal. Aug. 7, 2000) ......................................................................3

*Ohio Willow Wood Co. v. Alps S. Corp.*,
    2009 WL 361091 (S.D. Ohio Feb. 6, 2009)...........................................................................6

*In re Vivint, Inc.*,
    14 F.4th 1342 (Fed. Cir. 2021) .........................................................................................6, 7

**Federal Statutes**

35 U.S.C. § 325(d) ........................................................................................................................6

M.P.E.P. § 2251 ...........................................................................................................................8

## I.  INTRODUCTION

The circumstances have changed—a stay no longer makes sense.  At the time the stay was entered, all 19 asserted claims across all three asserted patents were under reexamination by the PTO.  Since then, 13 of the 19 asserted claims have been deemed patentable, including each of the asserted claims from the '640 and '170 patents and four of the asserted claims from the '978 patent. Proceedings on the six remaining claims are close to completion.  In light of this progress, there is no longer any possibility that reexam proceedings could meaningfully reduce the issues in the case or ease the burdens of litigation—no matter what, this case will proceed with all three asserted patents, both accused products, and the same core set of infringement positions and invalidity theories.  In particular, nothing about fact discovery will change that could justify further delay.

AWS cannot (and does not) meaningfully dispute any of that.  AWS does not identify any issues that would be simplified or resolved by a continued stay, nor does it offer any explanation as to how the sole remaining reexam would change how the parties conduct fact discovery.  For example, AWS argues that "expert analysis from the PTO . . . may assist in this action," Dkt. 530 ("Ans. Br.") at 5-6 & n.23, even though any PTO analysis would relate exclusively to prior art references that have not been (and can no longer be) asserted in this case.  *See* L.P.R. 2.3(b), 3.4 (invalidity contentions must identify prior art on which defendant intends to rely, and cannot be modified without good cause); Dkt. 418 at 7 (AWS invalidity contentions due on October 8, 2021). For another example, AWS argues that a stay could somehow assist with claim construction, Ans. Br. at 12, even though claim construction completed last December, Dkt. 484, and the deadline for proposing terms was over two years ago in September 2020, Dkt. 190.

AWS retreats to arguing that the stay should be maintained based on AWS's *new* reexam request (its third challenge to the '978 patent).  But the Court already rejected that notion at the recent status conference.  The Court explained that AWS's new reexamination request could *not*

be used as a basis to maintain the stay, and stated that if AWS thought its new reexam request warranted a stay, AWS would need to file a motion for a *new* stay. *See* Dkt. 523. AWS chose not to file such a motion.

## II. EVEN MORE HAS CHANGED SINCE KOVE FILED ITS MOTION TO LIFT THE STAY.

When Kove filed its motion to lift the stay, the PTO had already determined all asserted claims from the '640 patent are patentable, along with four of the asserted claims from the '978 patent. Dkt. 526 ("Motion") at 4. Since then, on September 27, 2022, the PTO determined that all seven asserted claims of the '170 patent are patentable.[1] This means that now, the PTO has rejected AWS' reexamination arguments completely as to two patents, and for the third, it has rejected those arguments as to several claims. When it first sought a stay, AWS asserted that Kove's patents would be invalidated. Instead, the majority of AWS' arguments have been rejected by the PTO. All that remains to be decided are a few additional claims of the third patent, which will not change how this case proceeds through fact discovery.

## III. ALL THREE STAY FACTORS WEIGH FIRMLY IN FAVOR OF LIFTING THE STAY.

The relevant legal standard in deciding whether to lift a stay is to consider whether the circumstances that gave rise to the stay have changed, such that the stay is no longer necessary. *JAB Distributors, LLC v. London Luxury, LLC*, 2010 WL 3023163, at *1 (N.D. Ill. June 29, 2010); Ans. Br. at 6. All three "stay factors" – (1) whether a stay will unduly prejudice or tactically disadvantage the party opposing the stay, (2) whether a stay will simplify or streamline the case, and (3) whether a stay will reduce the burdens of litigation – favor lifting the stay.

---

[1] Ans. Br., Ex. A.

2

## A. A Continued Stay Will Not Simplify Issues or Reduce the Burdens of Litigation (Factors 2 and 3).

A continued stay will not simplify issues or reduce the burdens of litigation. No matter what, this case will continue with respect to all three asserted patents, both accused products, and the same infringement and invalidity theories. *See* Motion at 6. In other words, nothing that happens in the remaining reexams will narrow the scope of fact discovery. At most, continuing the stay would have a minimal effect on expert discovery or subsequent proceedings (and in any event, by then, all reexam proceedings should be resolved). Thus, there is nothing to be gained by extending the stay. *See id.* at 9-10.

AWS does not dispute that there is significant overlap between the six claims still under review and the thirteen Allowed Claims of the '978 patent. Nor does AWS identify any issue in fact discovery (or beyond) that would benefit from a stay. Instead, AWS claims that similarities between the Allowed Claims and the claims under review warrant extending the stay, rather than lifting it. Ans. Br. at 11 & n.63. But as AWS's cases make clear, that is only true where the outstanding reexam proceeding could "significantly affect the litigation."[2] Thus, it is unsurprising that the cases on which AWS relies for this point involve stays that were imposed in the earliest

---

[2] *KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 WL 708661, at *4 (N.D. Cal. Mar. 16, 2006); *Dataquill Ltd. v. High Tech Computer Corp.*, 2009 WL 1391537, at *4 (S.D. Cal. May 14, 2009) (same); *Methode Elecs., Inc. v. Infineon Techs. Corp.*, 2000 WL 35357130, at *3 (N.D. Cal. Aug. 7, 2000) (same, granting stay to avoid possibility of "two separate tutorials and two claim construction hearings"); *Cook v. Endologix, Inc.*, No. 9-cv-1248, Dkt. 46 at 1 (attached as Ex. 6) (denying motion to lift stay to avoid "duplicating these proceedings"); *see also Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 66 (D.D.C. 2002) ("The defendants correctly indicate that the PTO's determination is expected to narrow or resolve many issues in this litigation."). Indeed, *Canady* is distinguishable on its facts (it involved only one patent and a *sui generis* procedural history), and even there the court acknowledged it would be appropriate to lift the stay where it is clear that the parties would "proceed with litigation, no matter the outcome from the PTO," where "the PTO indicated that its determination would not invalidate all claims of the patent," and where the reexaminations "were not pursued expeditiously." 271 F. Supp. 2d at 77.

stages of litigation, prior to claim construction, final contentions, identification of prior art, or meaningful discovery. By contrast, the parties in this case served final contentions over two years ago, have completed claim construction, and have engaged in extensive fact discovery.

AWS asserts that completing fact discovery now "might impose undue burdens on AWS" as AWS "will be forced to expend significant resources in obtaining discovery to support its invalidity contentions" against the claims under review. Ans. Br. at 13. But AWS fails to state what that extra discovery might be—for good reason, there is none. The question is whether the prior art contains each and every limitation in the challenged claims, and Kove is not aware of any fact discovery needed on those issues. In fact, essentially the same (if not identical) prior art is asserted in this case for the claims already found patentable and the claims still under review. In other words, there does not appear to be any prior art that would be excluded if the claims under review are rejected. So, there would be no material difference in fact discovery.

AWS speculates that the deposition of a named inventor (John Overton) could be different, but it is not clear how that would be the case, and AWS fails to explain how its questions of Mr. Overton would be different.[3]

**B.      Kove Will Be Prejudiced By A Continued Stay (Factor 1), And At This Point AWS's Request Is About Gaining An Impermissible Tactical Advantage.**

**1.      The Current Circumstances Warrant Lifting The Stay.**

The stay has prejudiced, and will continue to prejudice, Kove by making it more difficult to obtain the evidence needed to prove its case. Seven months have already passed, and a continued stay would only serve to work further harm without any real simplification of the case

---

[3] AWS also claims that it does not have enough time to depose Mr. Overton, but that argument already was rejected by the Court. Dkt. 497 at 3 (denying AWS's "[p]reemptive request" to depose Mr. Overton for three days).

or easing the burdens on the Court. AWS does not deny that further delay will make discovery more difficult, nor does AWS dispute that the passage of time is a factor that supports lifting the stay. Instead, it simply references the Stay Order and suggests (without credibility) that nothing has changed, but ignores that most of the claims have been found patentable, or how an even longer delay disproportionately harms Kove, which bears a burden of proof that must be met by evidence in AWS' possession.

The prejudice Kove faces could be addressed by lifting the stay and allowing completion of fact discovery. This would allow Kove to head off further spoliation or memory loss, while also allowing the Court to revisit the stay in the (unlikely) event that fact discovery concludes before the outstanding reexams. AWS acknowledged this approach but did not offer a meaningful response. Ans. Br. at 14.

AWS spends much of its response attempting to blame Kove for "delays that it caused during this litigation." That statement is incredibly misleading—as explained in detail in Kove's opposition to the stay, this case has been plagued by dilatory conduct from AWS, including AWS's refusal to produce documents, comply with Court orders, or produce knowledgeable corporate designees. Ans. Br. at 3-4; Motion at 3. AWS alleges Kove delayed by filing this case in 2018 and not earlier. That is not a delay in these proceedings. And in all events, it took time for the details of AWS' products—which are closely guarded secrets, and highly complex—to seep into the public record so as to justify this case. AWS cannot at the same time keep its information secret then blame its adversary for not having filed the case sooner.

### 2. AWS's Recent Conduct Betrays An Improper Dilatory Motive.

AWS's actions over the last several months—including its filing of a new (third) PTO challenge to the '978 patent, and its improper interference with the reexamination of the '640 patent—further support the conclusion that AWS is using reexamination proceedings for purposes

of maximizing a tactical advantage through delay.

Since Kove filed this lawsuit, AWS has made three attempts to invalidate the Allowed Claims of the '978 patent at the PTO—first through an IPR petition (the PTO declined to institute), second through the reexamination request that gave rise to the current stay (the PTO recognized the patentability of the four Allowed Claims of the '978 patent), and third through an *additional* reexamination request (surgically targeting the Allowed Claims) after they lost the first.

These kinds of serial petitions are improper, as they suggest that the defendant has "adopted a strategy of raising piecemeal PTO challenges ... in order to prolong [the] litigation," and that "a continuation of the stay might result in undue prejudice." *Fifth Mkt., Inc. v. CME Grp., Inc.*, 2013 WL 3063461, at *1 n.1 (D. Del. June 19, 2013) (granting motion to lift stay based, in part, on the defendant's serial attempts to delay the case through PTO proceedings, which the court described as "impermissibly tactical"); *see also Ohio Willow Wood Co. v. Alps S. Corp.*, 2009 WL 361091, at *2 (S.D. Ohio Feb. 6, 2009) (granting motion to lift stay, explaining that "[t]he Court ... granted a stay on the grounds that the reexamination process might result in simplification of the issues for trial. Abuse of the reexamination process, however, cannot be rewarded by an indefinite stay of litigation to the prejudice of the patent holder.").

Serial challenges like AWS's are frequently rejected by the PTO, as they constitute "undesirable, incremental petition[s]." *In re Vivint, Inc.*, 14 F.4th 1342, 1354 (Fed. Cir. 2021); *see also* 35 U.S.C. § 325(d); *Google LLC v. Uniloc Luxembourg S.A.*, IPR2017-01665, Paper No. 10 at 21-22 (PTAB Jan. 11, 2018) (relying on rationale in *General Plastic Industrial Co., Ltd. v. Canon Kabushiki Kaisha*, IPR2016-01357, Paper No. 19 at 9, 17-18 (PTAB Sept. 6, 2017) (precedential)). Indeed, the Federal Circuit recently ordered the PTO to terminate a reexamination proceeding where the petitioner engaged in similar tactics, on the grounds that such petitions

constitute "abuse of process." *Vivint*, 14 F.4th at 1353.[4]

AWS is now trying to use its new reexamination request as a basis to keep the stay in place and delay the case further.[5] Ans. Br. at 1, 3-4 & n.15. As the Court recognized at the recent status conference, that argument is improper—if AWS thinks its new reexam request justifies a stay, it should have filed a motion for a new stay, where it would face the heavy burden of identifying exceptional circumstances (based on *current* circumstances) to explain why a stay would be warranted so long after the submission of final invalidity contentions.[6] *See* Dkt. 523; L.P.R. 3.5(b).

In addition to filing new petitions, AWS has sought to interfere with the PTO's reexamination proceedings, and was reprimanded by the PTO for doing so. On September 27, 2022, AWS violated PTO rules by asking the PTO to revisit its decision to allow all asserted claims of the '640 patent.[7] Under PTO rules, third party requesters like AWS are "not permitted to file

---

[4] On October 6, 2022, Kove petitioned the PTO to terminate AWS's second request for reexamination of the '978 patent on the grounds that the request "is an 'undesirable, incremental' challenge amounting to an abuse of process." Ex. 8 (Kove's petition for summary termination of reexamination) at 1-2 (internal quotation marks omitted) (quoting *In re Vivint, Inc.*, 14 F.4th 1342, 1353 (Fed. Cir. 2021)).

[5] AWS claims that its new reexamination request (which has not yet been granted) justifies continuing the stay based on its view that the PTO "will likely merge [a new reexamination] with the original '978 EPR proceeding." Ans. Br. at 1. That assertion is incorrect. *First*, AWS's new request for reexamination has not been granted, and so should play no role in determining whether the stay should remain in place. *Second*, AWS is simply incorrect with respect to the PTO's rules on merging proceedings. The relevant PTO regulation states: "If the prosecution in an ongoing ex parte reexamination proceeding has terminated (e.g., a Notice of Intent to Issue Reexamination Certificate has issued), the ex parte reexamination proceedings will generally not be merged (consolidated) with a subsequent reexamination proceeding or reissue application." ___. Because reexamination of the allowed claims has terminated, the PTO is not likely to merge the reexamination with a new reexamination. *See K/S Himpp v. Hear-Wear Techs., LLC*, 751 F.3d 1362, 1364 (Fed. Cir. 2014) (noting that the PTO declined to merge two proceedings that were on different timelines).

[6] Under AWS's reasoning, nothing would prevent AWS from using a fifth, sixth, or seventh reexam request to keep the stay in place indefinitely. That cannot be the rule.

[7] Ans. Br. Ex. B at 3 (9-27-22 e-mail from AWS to Kathi Vidal, Director of the PTO).

any further papers" once a request for reexamination has been granted. M.P.E.P. § 2251. In response to AWS's submission, the PTO determined that AWS had made an "improper email submission[]" and stated that AWS's letter was "not appropriate." Ex. 7 (10/3/22 PTO letter to AWS) at PDF p. 4 (describing AWS's letter as an "improper email submission," "not appropriate").[8]

### C. AWS's Other Arguments Fall Flat.

AWS makes a host of additional arguments throughout its brief that do not fit squarely within any of the three factors.

#### 1. There is No Need to Wait for a Reexamination Certificate.

AWS suggests that the stay should remain in place until the PTO issues "reexamination certificate[s]" on the Allowed Claims. Ans. Br. at 3-4. Some background is needed to understand AWS's argument. Upon the completion of a reexamination, the PTO issues a "Notice of Intent to Issue Reexamination Certificate" (NIRC). That Notice does not formally conclude the PTO proceeding; the PTO technically has the ability to reopen the examination and issue additional office actions up until the time it issues a formal "reexamination certificate." In practice, however, the PTO almost never reopens the reexamination. *JAB*, 2010 WL 3023163, at *2 ("[T]he PTO is not likely to reconsider its patentability determination after issuing an NIRC.").

The PTO has issued an NIRC with respect to all of the Allowed Claims, but has not yet issued any reexamination certificates. AWS suggests that the Court should wait to lift the stay until the reexamination certificates issue. Ans. Br. at 3-4. That argument has been almost uniformly rejected by the courts, given that NIRCs almost always result in certificates. The same

---

[8] On September 29, 2022, the PTO issued a revised office action that once again recognized the patentability of all asserted claims of the '640 patent. Ans. Br., Ex. C.

is true here. *JAB*, 2010 WL 3023163, at \*2 (lifting stay and citing cases on this point); *Cook Inc. v. Endologix, Inc*, 2010 WL 2265203, at \*1 (S.D. Ind. June 2, 2010) ("As Bob Dylan sang in 'Subterranean Homesick Blues,' 'You don't need a weatherman to know which way the wind blows.' And you don't need a Reexamination Certificate to know that this case is now poised to move forward.").

### 2.      "PTO Guidance" is Not Relevant to This Proceeding.

AWS suggests the Court should maintain the stay because "expert analysis from the PTO ... may assist in this action." Ans Br. at 5-7 & n.23. But the PTO's analysis in connection with the outstanding reexam cannot help the Court, since it involves prior art that was not disclosed in AWS's invalidity contentions, and so not useable in this litigation. *See* L.P.R. 2.3(b), 3.4 (invalidity contentions must identify prior art on which defendant intends to rely and cannot be modified without good cause); Dkt. 418 at 7 (AWS invalidity contentions due on Oct. 8, 2021).[9]

Along the same lines, AWS suggests that the outstanding reexamination "may introduce additional claim construction issues." Ans. Br. at 12. What "issues" are at play? AWS does not say. Nor does AWS offer any explanation as to why it would even be allowed to introduce "additional" issues for claim construction, given that the deadline for proposing terms and constructions was over two years ago in September 2020, Dkt. 190, and that the Court issued its claim construction ruling last December, Dkt. 484.

## IV.    CONCLUSION

Kove respectfully requests that the Court grant the Motion and lift the stay.

---

[9] It is ironic that AWS uses beneficial PTO guidance as a basis to maintain the stay, given their assertion that the PTO's NIRC on the '640 patent "didn't provide any reasoning in support of its conclusions, apart from a citation to Kove's response and a statement that the art doesn't 'set a population threshold' or display a 'home neighborhood'— terms with no connection to Kove's patents or the challenged claims." Ans. Br. 4-5.

Dated: October 21, 2022

Respectfully submitted,

/s/ Khue Hoang

Khue V. Hoang *(pro hac vice)*
khoang@reichmanjorgensen.com
Jaime Cardenas-Navia *(pro hac vice)*
jcardenas-navia@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965
Facsimile: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Adam Adler (*pro hac vice*)
aadler@reichmanjorgensen.com
Phil Eklem (*pro hac vice*)
peklem@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 894-7310
Facsimile: (650) 623-1449

Renato Mariotti (State Bar No. 6323198)
renatto.mariotti@bclplaw.com
Holly H. Campbell (State Bar No. 6320395)
holly.campbell@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Suite 4300
Chicago, IL 60601
Telephone: (312) 602-5000

Courtland L. Reichman *(pro hac vice)*
creichman@reichmanjorgensen.com
Shawna L. Ballard (Identification No. 155188)
sballard@reichmanjorgensen.com
Taylor Mauze *(pro hac vice)*
tmauze@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

**ATTORNEYS FOR PLAINTIFF
KOVE IO, INC.**

10

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st of October, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Khue Hoang*
Khue Hoang