IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON WEB SERVICES, INC., <br><br> Defendant. | Civil Action No. 1:18-cv-08175 <br><br> Judge Matthew F. Kennelly <br><br> Jury Trial Demanded |

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Entry (Dkt. 534), Plaintiff Kove IO, Inc. ("Kove") and Defendant Amazon Web Services, Inc. ("AWS") (collectively, the "Parties") submit this joint status report, including their respective proposed schedules as described below.

On March 8, 2022, the Court stayed this case pending the outcome of three *ex parte reexamination* proceedings. Dkt. 515. On September 23, 2022, Kove filed a motion to lift the stay. Dkt. 526. AWS initially opposed that motion, Dkt. 530, but withdrew its opposition upon the conclusion of the three reexamination proceedings. Dkt. 533.

At the time the stay was entered, several discovery motions were fully briefed and argued, but not yet decided. Dkt. 521 at 7. At oral argument for those motions, the Court ordered AWS to produce additional documents, 1/28/22 Hr'g Tr. at 11:4-9, and to designate a knowledgeable witness to testify as to AWS's accounting practices and as to how information relating to those practices is maintained, *id.* at 19:8-21:12. The Parties disagree as to whether AWS complied with those orders. However, the stay was entered before the Parties could bring that dispute to the Court's attention.

In granting the stay, the Court denied all then-pending motions without prejudice. Dkt. 521 at 7. Prior to entry of the stay, the close of discovery was tied to the resolution of those motions. *Id.* The Parties' respective positions on the schedule in the case are set forth below.

| Kove's Proposed Date | AWS's Proposed Date | Event |
|---|---|---|
| 11/5/22 | 11/5/22 | Stay lifted. |
| 11/10/22 | 11/10/22 | Contested motions pending at the time the stay was entered (Dkt. 405, 409, 493), along with all associated briefing, deemed by the Court as resubmitted. |
| 11/15/22 | AWS opposes providing amended contentions pending resolution of claim construction issues | Parties refile Joint Motion to Set Scheduling for Service of Responsive Contentions with revised dates |
| 11/18/22 | N/A | The Parties shall complete compliance with the Court's January 26, 2022 order (Dkt. 497) |
| 11/23/22 | 11/23/22 | Meet and confer regarding any discovery issues outstanding at time of stay, and issues related to the timeframe for the Parties' compliance with the Court's January 26, 2022 order (Dkt. 497) |
| Kove opposes AWS's request to reopen claim construction | 11/30/22 | Exchange of Proposed Claim Terms to Be Construed Along with Proposed Constructions[1] |
| | 12/7/22 | Meet and Confer to Select No More than 10 Terms to Be Presented to Court for Construction |
| | 1/9/23 | Opening Claim Construction Brief (AWS) |
| | 1/30/23 | Responsive Claim Construction Brief (Kove) |
| | 2/13/23 | Reply Claim Construction Brief (AWS) |
| | 2/27/23 | Joint claim construction chart due |

---

[1] The Parties may only propose terms impacted in scope by the EPRs.

|  |  |  |
|---|---|---|
|  | 3/17/23 | Deadline to exchange exhibits for claim construction hearing |
|  | 3/21/23 [*estimated*] | Claim construction hearing |
| Order +30 days | Order +45 days | Time to comply with any discovery orders related to outstanding discovery motions (Dkt. 405, 409, 493); parties must certify their compliance to opposing party within three days of compliance. |
| Compliance +14 days |  | Meet and confer to resolve any issues with purported compliance; parties must file any motion relating to compliance issues within 14 days from the meet and confer. |
| Compliance +45 days[2] | 4/21/23 | Close of fact discovery |
| The remaining deadlines in this case through dispositive motions are set forth in Local Patent Rules 5.1, 5.2, and 6.1, and are tied to the close of fact discovery. | | |

**<u>Kove's Proposal</u>**

There are three disputed issues in connection with the parties' proposals: claim construction, the date for close of fact discovery, and the amount of time for parties to comply with any court-ordered discovery.

<u>Claim Construction.</u>  Claim construction was completed long ago: briefing concluded in February 2021 (Dkt. 273); a hearing was held in July 2021 (Dkt. 477); and the Court issued its claim construction decision in December 2021 (Dkt. 484).  AWS's request to reopen claim construction is unfounded, and Kove objects to the request as untimely and not supported by any intervening event.  AWS's own case law (cited below) show that courts only reopen claim

---

[2] Under Kove's proposal, the close of fact discovery would be 45 days after parties certify compliance with the order that fully resolves the outstanding discovery motions.  For avoidance of doubt, the 45-day period would begin 30 days after the last-in-time discovery order is issued by the Court.

3

construction to resolve actual disputes about specific claim terms that impact issues in the case.[3] AWS has not identified any such issues to Kove nor have the parties met and conferred. Rather than setting a schedule for full claim construction, the Court should direct the parties to meet and confer to identify any actual disputes between the parties that would impact any issue in this case.

<u>Close of Fact Discovery.</u> Kove's proposal ties the close of discovery to the court's resolution of the outstanding motions. This is consistent with what the parties agreed to before the stay was entered, Dkt. 453, and with AWS's view (stated below) that any additional productions will "need to be completed, analyzed, and potentially followed up on before many of the depositions can proceed." Kove's proposal ensures that the parties will have sufficient time to review any additional productions and to take the resulting depositions.

<u>Time to Comply with Discovery Orders.</u> Kove proposes the parties be required to provide any ordered discovery within 30 days, i.e, the amount of time specified by the rules of civil procedure for compliance with discovery requests. AWS increases that number to 45 days without any demonstrated cause.

**AWS's Proposal**

<u>Claim Construction</u>. AWS has proposed limited claim construction exchanges and briefing for terms that Kove narrowed to overcome the prior art during the EPRs. Courts routinely revisit claim construction to address such narrowing arguments made during EPRs and other post-grant

---

[3] *See*, *e.g.*, *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, 2018 WL 4616255, at *6 (N.D. Cal. Sept. 26, 2018) ("To the extent that the file history changed as a result of the *ex parte* reexamination ***and there is an actual dispute between the parties***, the Court must reconsider claim construction." (emphasis added).

4

proceedings.[4] In conferring for purposes of this submission, AWS provided Kove with a written explanation of the basis for its request for further claim construction, including the three key ways that Kove had narrowed the scope of its asserted claims in the EPRs. Kove responded by maintaining that there was no basis for further construction of any claim terms. So, there is an actual and meaningful dispute between the parties on the proper scope and interpretation of the asserted claims. If it would be helpful for the Court, AWS can submit additional briefing to explain in detail how Kove's arguments in the EPRs affect the construction of specific terms.[5]

<u>Close of Fact Discovery.</u> Regarding the remaining disputes in the schedule, in her stay order, Judge Pallmeyer recognized the Parties' agreement that much more discovery remains.[6] Indeed, the Parties have taken less than half of the anticipated depositions, including the depositions of Kove, multiple AWS non-technical 30(b)(6) witnesses,[7] at least two other AWS 30(b)(1) witness Kove had previously noticed, and third parties. The Parties were in the process of collecting and producing documents in response to the Court's discovery orders. And there are two outstanding discovery motions that might lead to more document collection and production. All of these productions will need to be completed, analyzed, and potentially followed up on before

---

[4] *See, e.g., MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 14-cv-03657, 2018 WL 4616255, at *6 (N.D. Cal. Sept. 26, 2018) (revisiting claim construction of two terms following an *ex parte* reexamination); *Kim v. Earthgrains Co.*, 766 F. Supp. 2d 866, 870-71 (N.D. Ill. 2011) (revisiting claim construction of new and pre-existing terms following amendment of the asserted patent).

[5] In the alternative, AWS is amenable to submit briefing on how specific claim terms should be construed or reconstrued as a result of the EPRs.

[6] Order Granting Motion to Stay, Dkt. 515, at 4.

[7] Kove has served 90 30(b)(6) topics and AWS anticipates producing at least five additional 30(b)(6) witnesses to address the remaining topics.

many of the depositions can proceed. Thus, in the schedule above, AWS proposes that discovery closes on April 21, 2023, which should allow sufficient time to conduct the depositions, complete document productions, and resolve any outstanding discovery disputes. And AWS's schedule also proposes that the Parties' meet and confer by November 23, 2022 to attempt to resolve any pre-stay discovery disputes rather than delve immediately into potentially unnecessary motions practice.

Time to Comply with Discovery Orders. Consistent with Dkt. 453, AWS proposes that the Parties comply with any discovery order within 45 days from when the order issues and certify their compliance to the opposing party within three days of compliance. Should a party be unable to reasonably comply with the discovery order within forty-five days, the Parties shall meet and confer on an alternative schedule for compliance. AWS further proposes that the receiving party identify any issues with purported compliance within fourteen days and that the Parties meet and confer in good faith within ten days to resolve the identified issues. If the Parties are unable to resolve their dispute, they may file a motion with the Court within fourteen days after the meet and confer discussions. Further, AWS proposes a meet and confer by November 23, 2022 to discuss the timeframe to comply with the Court's January 26, 2022 Order (Dkt. 457) given the intervening stay and the number of issues resolved in that order.

Dated: November 9, 2022

Respectfully Submitted,

| | |
|---|---|
| KOVE IO, INC. | AMAZON WEB SERVICES, INC. |
| By: /s/ Khue V. Hoang | By: /s/ R. William Sigler |
| Renato Mariotti (State Bar No. 6323198)<br>renatto.mariotti@bclplaw.com<br>Holly H. Campbell (State Bar No. 6320395)<br>holly.campbell@bclplaw.com<br>BRYAN CAVE LEIGHTON PAISNER LLP<br>161 North Clark Street, Suite 4300<br>Chicago, IL  60601<br>Telephone: (312) 602-5037<br><br>Courtland L. Reichman (*pro hac vice*)<br>creichman@reichmanjorgensen.com<br>Shawna L. Ballard (*pro hac vice*)<br>sballard@reichmanjorgsensen.com<br>Taylor Mauze (*pro hac vice*)<br>tmauze@reichmanjorgensen.com<br>REICHMAN JORGENSEN LEHMAN &<br>FELDBERG LLP<br>100 Marine Parkway, Suite 300<br>Redwood Shores, CA 94065<br>Telephone: (650) 623-1401<br><br>Khue V. Hoang (*pro hac vice*)<br>khoang@reichmanjorgensen.com<br>Jaime F. Cardenas-Navia (*pro hac vice*)<br>jcardenas-navia@reichmanjorgensen.com<br>REICHMAN JORGENSEN LEHMAN &<br>FELDBERG LLP<br>750 Third Avenue, Suite 2400<br>New York, NY 10017<br>Telephone: (212) 381-1965<br><br>Christine E. Lehman (*pro hac vice*)<br>clehman@reichmanjorgensen.com<br>Adam Adler (*pro hac vice*) | Alan M. Fisch<br>alan.fisch@fischllp.com<br>R. William Sigler<br>bill.sigler@fischllp.com<br>Jeffrey M. Saltman (*pro hac vice*)<br>jeffrey.saltman@fischllp.com<br>Lisa N. Phillips (*pro hac vice*)<br>lisa.phillips@fischllp.com<br>FISCH SIGLER LLP<br>5301 Wisconsin Ave, NW<br>Suite 400<br>Washington, D.C. 20015<br>Telephone: (202) 362-3500<br><br>*Attorneys for Defendant Amazon Web Services, Inc.* |

7

aadler@reichmanjorgensen.com
Philip Eklem (*pro hac vice*)
peklem@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 894-7310


*Attorneys for Plaintiff Kove IO, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of the foregoing was filed electronically on November 9, 2022, with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all registered counsel of record.

*/s/ Khue Hoang*
Khue Hoang