IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., | Civil Action No. 1:18-cv-08175 |
| Plaintiff, | Judge Matthew F. Kennelly |
| v. | Jury Trial Demanded |
| AMAZON WEB SERVICES, INC., | |
| Defendant. | |

## JOINT STATUS REPORT

Pursuant to the Court's order at the November 10, 2022 status conference, Plaintiff Kove IO, Inc. ("Kove") and Defendant Amazon Web Services, Inc. ("AWS") (collectively, the "Parties") submit this joint status report, which includes the parties' respective proposals for the dates by which AWS must comply with outstanding court orders.

**Agreed-Upon Deadlines**

| Court Order | Dkt. No. | Order Date | Agreed-Upon Deadline |
|---|---|---|---|
| AWS must produce documents and custodial ESI relating to SimpleDB | 497 | 1/26/2022 | 11/30/2022 |
| AWS must reproduce "wiki" documents with embedded images | 497 | 1/26/2022 | 11/30/2022 |
| AWS must produce ESI from Giselle Goicochea | 497 | 1/26/2022 | 11/30/2022 |
| AWS must supplement its responses to Kove's requests for production | 497 | 1/26/2022 | 11/30/2022 |
| AWS must produce ESI from Andy Jassy | 441 | 10/15/2021 | 11/30/2022 |
| AWS must produce ESI from Robbie Wright. | 497 | 1/26/2022 | 12/9/2022 |

**Disputed Deadlines**

| Court Order | Dkt. No. | Order Date | Kove Position | AWS Position |
|---|---|---|---|---|
| AWS must produce ESI from Swami Sivasubramanian. | 497 | 1/26/2022 | Kove provided search terms on March 2, 2022.<br><br>AWS must produce ESI by 12/9/22.<br><br>*(See Kove's Statement below).* | Parties must agree on ESI search terms by 11/30/22. AWS to produce documents as a result of the agreed upon search terms by 12/23/22.<br><br>*(See AWS's Statement below).* |
| AWS must comply with the 7/14/21 order (Dkt. 359) by 2/11/21. | 504; 1/28/22 Hr'g Tr. | 1/28/2022 | AWS has not complied with the 7/14/21 order.<br><br>Kove's motion to enforce (Dkt. 493) should be granted and AWS should fully comply within 14 days of the order.<br><br>*(See Kove's Statement below).* | AWS has complied with the Court's Order at the 1/28/22 Hearing (Dkt. 504)<br><br>*(See AWS's Statement below).* |
| AWS must produce the remainder of usage data by pricing category by 2/11/21. | 504; 1/28/22 Hr'g Tr. | 1/28/2022 | AWS did not comply.<br><br>Kove's motion to compel financial information (Dkt. 405) should be granted and AWS should fully comply within 14 days of the Court order.<br><br>*(See Kove's Statement below).* | AWS has complied with the Court's Order at the 1/28/22 Hearing (Dkt. 504)<br><br>*(See AWS's Statement below).* |
| AWS must provide a knowledgeable 30(b)(6) witness re: how AWS stores and maintains internal accounting documents. | 504; 1/28/22 Hr'g Tr. | 1/28/2022 | AWS's 30(b)(6) witness was not sufficiently prepared.<br><br>AWS agrees to provide a replacement witness. The replacement deposition should be ordered to be completed by no later than 12/9/22. | AWS's witness was sufficiently prepared, but AWS will nonetheless provide an additional witness. AWS will identify the witness and will provide proposed dates for the |

2

|  |  |  | *(See Kove's Statement below).* | deposition by 11/23/22. And the deposition will be completed on or before 12/23/22.<br><br>*(See AWS's Statement below).* |
|---|---|---|---|---|

**Kove's Statement**

**ESI**.  The Court ordered AWS to produce ESI from Mr. Sivasubramanian on 1/26/22.  AWS's opposition to Kove's currently-proposed search terms centers on AWS's claim that the search terms hit on too many documents (not on any claim that the terms are irrelevant or unconnected to the issues in the case).  "[I]f a party insists that a search term results in too many hits, the party will have ... to provide the opposing party with the number of hits and specific examples of irrelevant documents captured by the search." *Finisar Corp. v. Nistica, Inc.*, 2014 WL 12887160, at *3 (N.D. Cal. Dec. 12, 2014).  AWS offers no such examples of irrelevant documents here.

More importantly, the document counts AWS provides (373,609 documents for the entire production, and 45,478 in connection with one search term) are artificially inflated and do not accurately reflect the number of document "hits" responsive to Kove's proposed terms.  Kove's proposed terms hit on only 30,335 documents (likely less, because the figure is pre-deduplication).  AWS's much larger numbers correspond to "document families" associated with the document hits.  In the ordinary course, document families include e-mail attachments and embedded files.  Document families can also include "junk" files such as images in signature blocks.  That appears to be the case here.  For example, the search term "(S3) AND (narrative OR pager)" returned 966

3

documents, with 45,478 "family" documents.[1] Kove has no interest in junk documents, and proposed that, if AWS is unable to detect and remove "junk" files, AWS would only produce the main documents and a limited number of family documents.[2] AWS agrees this approach is feasible and that it could be implemented in two days (or less). Thus, Kove seeks an order requiring AWS to implement this approach and to produce the ESI by no later than December 9, 2022.

**Orders issued at the 1/28/22 Hearing; Timing for Replacement Deposition.** The Court held oral argument on Dkt. 405, Dkt. 409, and Dkt. 493 on 1/28/22. AWS argued Kove's motions should be denied because AWS intended to produce some of what Kove sought.[3] The Court ordered AWS to produce any additional documents within 14 days (by 2/11/22) ("the Document Orders").[4] AWS also argued that documents sought in Kove's Finance Motion (Dkt. 405) do not

---

[1] Kove and AWS previously encountered this problem in connection with a different ESI custodian. There, AWS confirmed that a clear majority of family documents (1,100 out of 1,791) were "non-content bearing files" (i.e. "system files"). It appears that AWS has not yet removed such non-content bearing files from the hit counts for all of Kove's search terms for Mr. Sivasubramanian.

[2] Under Kove's proposal, AWS would use standard ESI tools to remove junk files. Then, AWS would provide all documents that hit on Kove's search terms (plus the accompanying cover e-mail, if any) and any document "family" with ten or less total documents. AWS would also provide metadata for all family documents so that Kove can request additional documents if there is reason to think they contain substantive information.

[3] AWS argued that the Court should deny Kove's Motion to Enforce (Dkt. 493) and the first item of requested relief in Kove's Finance Motion (Dkt. 405 at 16). Dkt. 505 (1/28/22 Hr'g Tr. ("Hr'g Tr.")) at 7:6-25 (motion to enforce), 13:3-8 (first item of requested relief in Kove's Finance Motion).

[4] Hr'g Tr. at 10:18-20, 21:13-20.

exist.[5] Kove pointed to specific AWS documents that show the requested documents *do* exist.[6] To resolve the dispute, the Court ordered AWS to provide a knowledgeable 30(b)(6) witness to testify as to how AWS stores and maintains internal accounting documents ("the Deposition Order").[7]

AWS did not produce what it promised. Its supplemental document productions were sparse and did not provide the information or documents sought in the pending motions. And the Court-ordered deposition confirmed that further responsive documents do, in fact, exist. The Court could grant the pending motions on the present record considering that there is no evidence that the supplemental productions satisfy the requests at issue. That said, supplemental briefing could assist the Court by providing a full explanation as to why AWS's post-hearing productions are insufficient and how the document deposition confirmed the existence of the documents Kove seeks. Kove will provide a supplemental submission on these issues by November 21, 2022 for the Court to consider at its discretion.

By way of example, in connection with Kove's Motion to Enforce the 7/14/21 order (Dkt. 493), AWS's post-hearing production consisted of a single document that lacked critical information sought in Kove's motion, including how costs are allocated to the accused products. Dkt. 493 at 2-3. AWS's production in connection with Kove's Finance Motion (Dkt. 405) was also insufficient, as it did not provide any additional usage data in connection with the accused

---

[5] AWS argued that the Court should deny the second item of requested relief in Kove's Finance Motion (Dkt. 405 at 16). Hr'g Tr. at 13:15-18. Kove's Finance Motion seeks to compel AWS to produce six categories of documents. Dkt. 405 at 16. The Court only heard argument with respect to the first two categories.

[6] Hr'g Tr. at 14:3-15:15 (discussing Exhibit DD to AWS's sur-reply to Kove's Finance Motion, Dkt. 474-6).

[7] Hr'g Tr. at 19:17-20:1, 21:19-22.

Amazon S3. Dkt. 480 at 1-2 (identifying gaps in AWS's production of S3 usage data). Kove brought these deficiencies to AWS's attention on February 24, 2022, but AWS has not cured them.

AWS also failed to comply with the Court's Deposition Order. AWS's corporate designee was unable to answer basic questions about AWS's internal accounting documents and systems.[8] AWS's designee *did*, however, corroborate Kove's understanding that AWS has additional information and documents regarding AWS's accounting practices, and that AWS could access that information in "minutes."[9]

Kove requests that its Finance Motion (Dkt. 405) and Motion to Enforce (Dkt. 493) be granted and AWS be ordered to comply in full within 14 days of the Court order. With respect to the document deposition, AWS has agreed to provide a replacement witness. However, the parties disagree as to the date by which that deposition must be completed.

Kove proposes that the replacement deposition take place no later than December 9, 2022. This would provide AWS with three weeks to prepare its witness. Kove's proposed date also ensures Kove will have sufficient time to review any additional documents produced from the deposition in a timely fashion. With holidays on the horizon, a later date would mean Kove would not obtain any follow-up documents until at least mid-January, which is unacceptable given the volume of depositions to be completed before the close of discovery in March.

---

[8] For example, AWS's designee had no knowledge of AWS's accounting systems or documents prior to 2019, despite the fact that the damages period extends back to 2012. Kove will provide full citations and additional examples in its supplemental submission.

[9] For example, Mr. Gasper confirmed that much of the information Kove seeks is stored in AWS's accounting database and can be accessed in "minutes." Kove will provide full citations and additional examples in its supplemental submission.

**AWS's Statement**

Kove's effort to cast AWS as recalcitrant is misplaced. As Judge Pallmeyer recognized when she was considering these issues, Kove is demanding documentation and data that stretches back nearly two decades, and AWS's accounting and other systems weren't structured to be used for the production of such information in a patent litigation many years later. *See* Dkt. 505 at 38 (Judge Pallmeyer: "I am concerned about the burden, I have got to say. Recognizing that I think there is some important information that Kove is going to need with respect to the damages issues, I recognize also significant concerns about the fact that we are looking at data from a long time ago maintained in, I think, probably a variety of different places in different ways."). Indeed, AWS maintains this data to support its business functions, and not to align with a *Georgia-Pacific* factors damages analysis or Kove's repeated demands for more granularity.

AWS has complied with the Court's order regarding production of AWS-wide financial data. As AWS stated at the January 28 hearing, it was awaiting certain internal SEC-related approvals before making its production. AWS stated that it would obtain the final approvals and produce the data by February 11, which it did along with other AWS-wide financial documents it was able to locate after a reasonable search. The produced data includes the additional granularity on costs and revenues by quarter on an AWS-wide basis for as far back as AWS maintains the data, i.e., January 2014. So, the documents comply with the Court's order and Kove's document request that AWS produce documents "identifying, describing, or referencing profits and losses (e.g., profit and loss statements) for the business unit(s) responsible for revenue and/or sales relating to each of the Accused Products [i.e., AWS]." *See* Dkt. 359 at 1.

Similarly, AWS produced additional data on usage of the accused products by pricing category after the January 28 hearing. After Kove identified certain subcategories that it asserted

7

were missing from the usage data, AWS investigated and produced the information that was available (which, again, dated back to January 2014). After further discussions with the appropriate AWS finance teams, AWS confirmed that it produced all of the detail it maintains on both internal and external usage of the two accused services.

As to the deposition of AWS's finance witness, the Court's order contemplated a narrow deposition on how AWS maintains its accounting information regarding internal usage. Dkt. 505 at 21. At the deposition, Kove questioned AWS's witness, Kevin Gasper, Finance Director for S3 (the larger of the two accused services) for nearly a full day regarding the locations and existence of financial documents. AWS disagrees that Mr. Gasper wasn't prepared to discuss the topic. Kove's own post-deposition conduct shows this, as Kove requested eight categories of documents about which Mr. Gasper testified.[10] Nonetheless, to move discovery forward and avoid further motions practice, AWS will provide an additional witness on the areas for which Kove asserts Mr. Gasper was unable to testify. AWS will provide the deponent's name and date for the deposition by November 23, 2022, with the deposition to occur no later than December 23, 2022.

As to the production of ESI from Swami Sivasubramanian, the breath of Kove's requested discovery makes its proposed December 9 production deadline unworkable, as AWS presently best estimates that the current proposed search terms would generate 373,609 documents to review before de-duplication. This figure is after the removal of several categories of non-substantive attachments that reduced the number substantially. More particularly, the Parties began negotiating search terms after the Court's January 26, 2022 order and post-stay negotiations restarted this week. Kove has proposed five search terms for this custodian and has broken down four of them

---

[10] AWS has collected many of the non-duplicative, responsive documents it was able to locate after a reasonable search prior to the stay and will begin producing those documents within the next week.

8

into either five or seven subparts. For example, one search term has been broken down into seven subparts. The total documents that would need to be reviewed for just one of those seven subparts of one of five search terms is currently 45,478. Kove has also never requested, and the parties have never discussed, AWS providing a sampling of those results in order to assess their relevance.

And Kove has demanded that all of the results from each of the subparts for each of the search terms should be reviewed for production in some fashion.[11] Last night at 7:56 pm CT, Kove proposed what it believes is a technical solution for culling the search term results to a manageable number. AWS discussed whether Kove's proposed solution is technically feasible with its vendor. Although AWS's e-discovery vendor said that the proposal is workable, in order to implement it, the vendor will have to develop custom searches that must be completed, at least in part, manually. According to the vendor, that process will take at least two days to complete. In addition, since the proposed solution hasn't yet been implemented, there is no way for AWS to know whether implementing it will effectively decrease the number of documents to be reviewed to a number that allows AWS to commit to completing production by a certain date. For all of these reasons, AWS proposes that the Parties agree to the search terms for the production of ESI from Swami Sivasubramanian by November 30, 2022 and that AWS produce the documents resulting from any agreed upon search terms by December 23, 2022.

---

[11] Over four search terms, Kove has proposed a total of 24 subparts, in addition to term five (which Kove hasn't broken into subparts). And Kove has asked AWS to agree to perform Kove's technical narrowing solution on the search results for all of those subparts. AWS's position is that each of the subparts amounts to a separate search term since each includes unrelated terms as part of its search string.

9

Dated: November 16, 2022

Respectfully Submitted,

| KOVE IO, INC. | AMAZON WEB SERVICES, INC. |
|---|---|
| By: /s/ Khue V. Hoang | By: /s/ R. William Sigler |

KOVE IO, INC.

Renato Mariotti (State Bar No. 6323198)
renatto.mariotti@bclplaw.com
Holly H. Campbell (State Bar No. 6320395)
holly.campbell@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Suite 4300
Chicago, IL 60601
Telephone: (312) 602-5037

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Shawna L. Ballard (*pro hac vice*)
sballard@reichmanjorgsensen.com
Taylor Mauze (*pro hac vice*)
tmauze@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401

Khue V. Hoang (*pro hac vice*)
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Adam Adler (*pro hac vice*)
aadler@reichmanjorgensen.com
Philip Eklem (*pro hac vice*)
peklem@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &

AMAZON WEB SERVICES, INC.

Alan M. Fisch
alan.fisch@fischllp.com
R. William Sigler
bill.sigler@fischllp.com
Jeffrey M. Saltman (*pro hac vice*)
jeffrey.saltman@fischllp.com
Lisa N. Phillips (*pro hac vice*)
lisa.phillips@fischllp.com
FISCH SIGLER LLP
5301 Wisconsin Ave, NW
Suite 400
Washington, D.C. 20015
Telephone: (202) 362-3500

*Attorneys for Defendant Amazon Web Services, Inc.*

FELDBERG LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 894-7310

*Attorneys for Plaintiff Kove IO, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of the foregoing was filed electronically on November 16, 2022, with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all registered counsel of record.

*/s/ Khue Hoang*
Khue Hoang
