**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Kove IO, Inc., | |
| Plaintiff, | Civil Action No. 1:18-cv-08175 |
| v. | Hon. Matthew F. Kennelly |
| Amazon Web Services, Inc., | Jury Trial Demanded |
| Defendant. | |

**KOVE IO, INC.'S RESPONSE TO AWS'S MOTION FOR
<u>ADDITIONAL CLAIM CONSTRUCTION BRIEFING</u>**

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.     INTRODUCTION ................................................................................................. 1

II.    BACKGROUND ................................................................................................. 2

     A.    Claim Construction ................................................................................... 2

     B.    Reexamination Proceedings ..................................................................... 2

III.   ARGUMENT ...................................................................................................... 4

     A.    Kove's Descriptions of Structures as "Non-Hierarchical" or "Clusters" Disclaimed Nothing, But Rather Explained the Scope of the Claims as Written. ....................................................................................................... 5

     B.    Kove's Statements Regarding Location Servers' Capabilities Likewise Merely Explain the Claim Scope as Written and as Already Construed. .................... 8

     C.    Kove's Statements Regarding "Resolving Requests" Were Providing General Background About the Patents, Not Disavowing Claim Scope. .............................. 10

     D.    AWS's Proposed Constructions Stray Far Beyond the Alleged Disclaimers. .......... 12

IV.    CONCLUSION ................................................................................................ 15

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Federal Cases**

*Aylus Networks, Inc. v. Apple Inc.*,
   856 F.3d 1353 (Fed. Cir. 2017)............................................................................10, 13

*Comput. Docking Station Corp. v. Dell, Inc.*,
   519 F.3d 1366 (Fed. Cir. 2008)...................................................................................11

*Epistar Corp. v. Int'l Trade Comm'n*,
   566 F.3d 1321 (Fed. Cir. 2009).............................................................................4, 5, 8

*Eolas Techs. Inc. v. Microsoft Corp.*,
   399 F.3d 1325 (Fed. Cir. 2005).....................................................................................8

*FastVDO LLC v. AT&T Mobility LLC*,
   2016 WL 9408692 (S.D. Cal. Oct. 13 2016) ...............................................................11

*Green Pet Shop Enters. v. Maze Innovations, Inc.*,
   2016 WL 7451629 (N.D. Ill. Dec. 28, 2016) (Kennelly, J.) ............................ *passim*

*Grober v. Mako Prods., Inc.*,
   686 F.3d 1335 (Fed. Cir. 2012)............................................................................11, 12

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
   521 F.3d 1351 (Fed. Cir. 2008)...................................................................................15

*Omega Eng'g, Inc. v. Raytek Corp.*,
   334 F.3d 1314 (Fed. Cir. 2003)...................................................................................10

*Roemer v. Peddie*,
   132 U.S. 313 (1889).....................................................................................................10

*Storage Tech. Corp. v. Cisco Sys., Inc.*,
   329 F.3d 823 (Fed. Cir. 2003).......................................................................................5

*Teleflex, Inc. v. Ficosa N. Am. Corp.*,
   299 F.3d 1313 (Fed. Cir. 2002).....................................................................................5

*Thorner v. Sony Computer Entm't Am. LLC*,
   669 F.3d 1362 (Fed. Cir. 2012).................................................................................5, 7

*U.S. Surgical Corp. v. Ethicon, Inc.*,
   103 F.3d 1554 (Fed.Cir.1997).......................................................................................8

**Rules**

LPR 3.1 ...................................................................................................................................2

**Regulations**

37 CFR § 1.104(c) ..................................................................................................................3

37 CFR § 1.111 ......................................................................................................................3

37 CFR § 1.550(b) .................................................................................................................3

37 CFR § 1.570 ......................................................................................................................3

**Other Authorities**

MPEP 2271 ............................................................................................................................3

## I.     INTRODUCTION

This Court held a *Markman* hearing and resolved the parties' claim construction disputes a year ago.  But now that the reexamination proceedings AWS instigated have wrapped up in Kove's favor, with the Patent Office confirming the validity of nearly all the challenged claims, AWS wants the Court to reopen claim construction.

AWS's only argument for why it should get a second bite at claim construction is that scattered snippets from the reexamination record add up to prosecution disclaimer.  But courts do not lightly find disclaimer.  The standard is an exacting and demanding one, requiring a clear and unmistakable disavowal of claim scope—an unambiguous, intentional choice to narrow a patent's claims in order to secure their patentability over the prior art.  AWS cannot meet this heavy burden.

AWS contends that Kove's statements to the Patent Office narrowed its claims in three ways.  None comes close to a clear and unmistakable disavowal.  AWS's first two arguments, involving Kove's statements about "non-hierarchical" (or "cluster") structures and location servers' capabilities, fail because the cited statements did not narrow Kove's claims, but merely described what the claims' plain language already include.  Description is not disavowal, much less clearly and unmistakably so.  Nor are patent applicants or owners responding to an examiner's concerns limited to regurgitating the exact words of their claims, lest they inadvertently narrow them with every additional word they write.

The third alleged disclaimer fares no better.  AWS's argument rests on a statement Kove made when discussing the technology in general, not on anything Kove said to overcome the prior art, so disclaimer does not even come into play.  And in any event, the statement is ambiguous and does not meet the clear and unmistakable disavowal standard.

Finally, AWS's proposed claim constructions have little to do with the alleged disclaimers, betraying a much larger requested redo of the claim construction process.

The Court should deny AWS's Motion.

## II.    BACKGROUND

Kove filed a complaint against AWS in December 2018, alleging infringement of U.S. Patent Nos. 7,103,640 ('640 patent), 7,233,978 ('978 patent), and 7,814,170 ('170 patent). Pursuant to LPR 3.1, Kove narrowed its case to nineteen asserted claims: claims 17, 18, and 24 of the '640 patent, claims 1-2, 6, 8, 12, and 15 of the '170 patent, and claims 1, 3, 6, 10, 14, 17, 23-24, 30-31 of the '978 patent. All nineteen claims remain in dispute.[1]

### A.    Claim Construction

The parties filed agreed-upon constructions for the following terms across all three patents: "location," "identifier/identifier string/identification string," "hash table," and "data location server network." Dkt. 382 at 6. The parties offered competing proposed constructions for five terms: "location information," "location server," "client," "based on a hash function used to organize the data location information across the plurality of data location servers . . . based on the hash function applied to the identifier string," and "data pertaining to the entity." *Id.* at 4-5. The Court held a claim construction (*Markman*) hearing in July 2021, Dkt. 365, and in December 2021 issued an order construing the five disputed terms, Dkt. 484.

### B.    Reexamination Proceedings

On December 19, 2019, AWS filed an *inter partes* review ("IPR") request with the Patent Trial and Appeal Board ("PTAB"), alleging Kove's '978 patent was invalid as anticipated or obvious over certain prior art references. The PTAB decline to institute review, issuing a decision on June 16, 2020 finding that AWS had not demonstrated that there was a reasonable likelihood

---

[1] The Patent Office found claims 1 and 31 of the '978 patent unpatentable during reexamination. *See* Dkt. 532-2 (Final Office Action). Kove has until December 27, 2022 to appeal. For now, these claims remain in this case, but that may change.

that the '978 patent was invalid based on the cited references.  AWS's request for rehearing of the decision was denied on November 12, 2020.

On July 23, 2020, a third-party filed an *ex parte* reexamination request with the Patent Office, seeking to invalidate the '640 patent based on a combination of various publications.  The Patent Office declined to institute the reexamination, concluding that the cited publications did not raise a substantial new question of patentability.

In November 2021, AWS tried again, this time requesting *ex parte* reexaminations of each asserted patent.[2]  The requests challenged claims 17, 18, and 24 of the '640 patent, claims 1-2, 6, 8-9, 12, and 15 of the '170 patent, and claims 1, 3, 6, 10, 14, 17, 23-24, and 30-31 of the '978 patent.  *See* Dkts. 487-1, 487-2, & 490-3. The Patent Office initiated reexamination proceedings on those patents in January 2022.  It found four of AWS's challenged claims (claims 17, 23, 24, and 30 of the '978 patent) patentable without further proceedings, and it reexamined the others. *See* Dkt. 526-5 (June 28, 2022 Non-Final Office Action in Reexamination No. 90/019,034).

Kove and the patent examiner exchanged writings as to whether the prior art cited by the examiner invalidated the claims in Kove's patents, as is typical in this process.[3]  Kove explained why its invention, as stated in the claims, was different from the cited prior art—again a routine part of the patent prosecution process.

---

[2] Reexamination No. 90/019,034 ('978 patent), Reexamination No. 90/019,035 ('170 patent), and Reexamination No. 90/019,036 ('640 patent).  *See* Dkt. 487-1, 487-2, & 490-3.

[3] In reexamination proceedings, the Patent Office issues an "office action," identifying which claims are being reexamined (and which are not), the prior art references at issue, and the examiner's reasons for rejecting the claims over the references.  *See e.g.,* 37 CFR § 1.104(c). A patentee may then submit a response, including reasons why it disagrees with examiner's rejections.  *See e.g., id.* §§ 1.111, 1.550(b).  The examiner may issue further offices actions, or (as the case for all the reexams at issue here) it can issue a Notice of Intent to Issue Reexamination Certificate, identifying which claims it believes are patentable (and which are not).  *See e.g., id.* § 1.570; MPEP 2271.

At the conclusion of this process, the Patent Office determined that all claims were patentable (*i.e.*, valid) except two (claims 1 and 31 of the '978 patent). *See* Dkt. 532-1 (Notice of Intent to Issue *Ex Parte* Reexamination Certificate in the Reexam of the '640 Patent); 530-2 (Notice of Intent to Issue *Ex Parte* Reexamination Certificate in the Reexam of the '170 Patent); and 532-2 (Final Office Action in the Reexam of the '978 Patent).

The current dispute is whether claim construction should be reopened because Kove's statements in the reexamination proceedings constitute a clear and unmistakable disavowal of claim scope. According to Appendix A of its Motion, AWS seeks to reopen claim construction of twenty-one claims across the three patents. Curiously, AWS argues that there was express disavowal as to claim 5 of the '170 patent, but that claim is not asserted in this case and was not the subject of reexamination. AWS also claims express disavowal as to four other claims (claims 17, 23, 24, and 30 of the '978 patent) that were found patentable at the outset, before Kove made any statements distinguishing prior art. *See* Dkt. 526-5. That makes no sense because none of Kove's statements to the Patent Office during the reexamination related to these five claims. Kove could not have expressly and unambiguously disclaimed that which it did not even discuss.[4]

## III. ARGUMENT

AWS's sole argument for reopening claim construction is that Kove's statements during the reexamination proceedings amounted to prosecution disclaimer. Dkt. 539 at 6-14. As the party alleging disclaimer, AWS bears the burden of establishing it. *See Epistar Corp. v. Int'l Trade Comm'n*, 566 F.3d 1321, 1334 (Fed. Cir. 2009) ("*Epistar*"). AWS has not met "the demanding standard for finding a disclaimer." *Avid Tech., Inc. v. Harmonic, Inc.*, 812 F.3d 1040, 1045 (Fed.

---

[4] AWS recently filed yet another reexamination request (Reexamination Control No. 90/019,034), this time as to claims 17, 23, 24, and 30 of the '978 patent (the same ones the Patent Office confirmed without further proceedings the last time around). The Patent Office has not yet issued an office action or made any determinations of patentability in this new proceeding.

Cir. 2016) ("*Avid Tech.*"); *see also Green Pet Shop Enters. v. Maze Innovations, Inc.*, 2016 WL 7451629, at *3 (N.D. Ill. Dec. 28, 2016) (Kennelly, J.) ("*Green Pet Shop*") ("The standard for disavowal of claim scope is exacting.").

Longstanding Federal Circuit "precedent requires that the alleged disavowing actions or statements made during prosecution be both clear and unmistakable." *Avid Tech.*, 812 F.3d at 1045 (attribution omitted); *see also Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 833 (Fed. Cir. 2003) ("clear and unambiguous disavowal of claim scope"); *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1324 (Fed. Cir. 2002) (statements of "manifest exclusion or restriction, representing a clear disavowal of claim scope"); Dkt. 539 at 9 (AWS acknowledging the need to show that Kove's statements "clearly and unambiguously disavow[ed] claim scope"). If "the alleged disavowal is ambiguous, or even amenable to multiple reasonable interpretations," there is no prosecution disclaimer. *Avid Tech.*, 812 F.3d at 1045 (cleaned up). The disavowal must also be intentional. *See, e.g.*, *Epistar*, 566 F.3d at 1334 (requiring the party alleging disclaimer to "establish [that] the inventors demonstrate[d] an intent to deviate from the ordinary and accustomed meaning of a claim term" through "expressions of manifest exclusion or restriction, representing a clear disavowal of claim scope") (internal quotation marks omitted). The result of prosecution disclaimer is a claim that is narrower than its plain language otherwise says. *See Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362, 1366 (Fed. Cir. 2012); *Green Pet Shop*, 2016 WL 7451629, at *3.

AWS contends that Kove's statements during the reexaminations narrowed the claims in three ways. It is wrong on all three.

**A.   Kove's Descriptions of Structures as "Non-Hierarchical" or "Clusters" Disclaimed Nothing, But Rather Explained the Scope of the Claims as Written.**

During the reexaminations, Kove made various statements explaining the structural

relationship among location servers in certain claims, describing that relationship as "non-hierarchical" or involving "clusters." AWS collects a handful of these statements, arguing that they constitute disavowal across all claims. Dkt. 539 at 9-11. These examples are representative:

- "In contrast, claims 17 and 18 recites a *non-hierarchical* cluster configuration." Dkt. 539-2 at 23 (emphasis in original) ('640 patent reexam) (cited at Dkt. 539 at 10 n.53).

- "In contrast, claims 1, 6, and 15 of the '170 patent require networks with *non-hierarchical* (or "cluster") configurations of location servers that enable each server in the network to know which location server contains the location(s) of the desired data." Dkt. 539-3 at 25 (emphasis in original) ('170 patent reexam) (cited at Dkt. 539 at 10 n.53).

- "In contrast, independent claims 10 and 14 and dependent claim 3 of the '978 patent require networks with *non-hierarchical* (or "cluster") configurations of location servers that enable each server in the network to ***know*** which location server contains the location(s) of the desired data." Dkt. 539-4 at 35 (emphasis in original) ('978 patent reexam) (cited at Dkt. 539 at 10 n.52).

Because the statements do not narrow or otherwise alter the scope of any claim, disclaimer does not apply. *See Avid Tech.*, 812 F.3d at 1045; *Green Pet Shop*, 2016 WL 7451629, at *3. Kove was merely explaining what the claim scope already is. Other statements in the reexam record that AWS ignores confirm this point. For example, Kove explained that language already in the challenged claims of the '640 patent expressly claims "non-hierarchical" configurations:[5]

> This **non-hierarchical cluster composition is expressly claimed in claims 17 and 18**, through the requirement that "each" (i.e. all) of the data location servers be similarly configured to respond to a client request with the aforementioned information. Dkt. 539-2 at 39 (emphasis added).

> Claim 17 describes a data location server network in a non-hierarchical cluster configuration. ***This configuration is embodied in element [17.e],*** which specifies that each one of the plurality of data location servers in the data location server network must be configured to execute claim element [17.f]. *Id.* at 26 (emphasis added).

---

[5] The phrases "non-hierarchical," "cluster," and "non-hierarchical cluster configuration" are used interchangeably. *See* e.g., Dkt. 539.2 at 22-26. AWS does not contend the phrases are substantively different, and appear to treat them synonymously (if redundantly) in its proffered constructions of the terms "network" and "system." *See* Dkt. 539 Appendix A.

Similar to claim 17, **claim 18 claims a data location server network in a non-hierarchical cluster configuration. This configuration is embodied in element [18.f]**, which specifies that each one of the of the plurality of data location servers in the data location server network be configured to execute claim elements [18.g-h]. *Id.* at 41 (emphasis added).

Kove provided similar explanations for only the relevant claims of the '170 and '978 patents[6]:

> **Claim 6's non-hierarchical configuration is embodied in the requirement** that the location server must be able to return a "direct message" where "the redirect message compris[es] a list of at least one other location server *known* to have the location information for the desired entity. *Id*. at 26 (emphasis added).

> **Claim 15 contains a similar requirement** that location servers in the network be capable of returning "redirect messages" identifying other servers in the network with the desired information. This is embodied in the limitation "the redirect message identifying without of the plurality of location servers includes the location information. *Id* (emphasis added).

> Claim 1 requires that each server in the data location server network have the capability of determining the location of the requested information based on applying the hash function. **These features exemplify the non-hierarchical cluster configuration** required in claim 1. *Id.* (emphasis added).

AWS does not explain why it thinks any of Kove's statements substantively narrow any claim relative to its plain meaning, as would be required for prosecution disclaimer. *See Thorner*, 669 F.3d at 1366; *Green Pet Shop*, 2016 WL 7451629, at *3. AWS does not engage with Kove's repeated explanations in the reexams that the descriptors "non-hierarchical" and "cluster" merely reflect the claims' plain meaning. Rather, it argues only that the words "non-hierarchical" and "cluster" must amount to a disavowal of claim scope because those words do not appear in the claims (aside from claim 10 of the '978 patent's use of "cluster topology"). Dkt. 539 at 9-11. That

---

[6] Notably, Kove did <u>not</u> make any statements regarding "non-hierarchical" or "cluster" for claims not being reexamined (claims 17, 23, 24, 30 of the '978 patent and claim 5 of the '170 patent) or for claims that do not include claim language evidencing such a structure (claims 1 and 31 of the '978 patent). AWS ignores this, sweeping in all asserted claims, without offering any justification for doing so.

does not carry AWS's heavy burden of showing that Kove clearly "disavowed" any scope of any claim. *Epistar*, 566 F.3d at 1334.

Consider a simple analogy: Assume a patent claims a "shape comprising four straight lines that meet in four right angles." And assume a prior art reference discloses circular shapes. To explain the claim in terms relevant to that asserted art, the patentee might say that the patent claims a "non-circular" shape. By AWS's logic, that would be a disavowal because the word "non-circular" is not in the claim. That is not correct. Describing the claim as "non-circular" does not make its scope any narrower than what its plain language says. The claim already requires that the shape be non-circular, just in different words: "four straight lines that meet in four right angles." It would be redundant and confusing to inject "non-circular" into the claim's construction; there is no point excluding something that is already not there. Just as "non-circular" disavows nothing about the claimed shape, Kove's use of the words "non-hierarchical" and "cluster" to explain how the scope of its claims as written differed from the prior art is not a "clear and unmistakable" disavowal of claim scope. *See Avid Tech.*, 812 F.3d at 1045 (attribution omitted); *Eolas Techs. Inc. v. Microsoft Corp.*, 399 F.3d 1325, 1337-38 (Fed. Cir. 2005).

AWS's campaign to cast description as disclaimer would create a revolving door of claim construction, forcing courts to construe—and reconstrue—claims any time their language is discussed in a way that does not simply repeat it verbatim. Patent owners would be put to a choice of either risking erroneous invalidation by refusing to explain their claims to the Patent Office or submitting to endless claim construction whenever they try to describe what the claims mean. That is not the law. *See, e.g.*, *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed.Cir.1997) (claim construction "is not an obligatory exercise in redundancy").

**B.** **Kove's Statements Regarding Location Servers' Capabilities Likewise Merely Explain the Claim Scope as Written and as Already Construed.**

AWS next argues that Kove's statements explaining the capabilities of the location servers discussed in certain claims amounted to prosecution disclaimer. Dkt. 539 at 11-12. That argument fails for the same reason as AWS's argument about "non-hierarchical" and "clusters": The statements AWS seizes on merely describe what the claim language already says—as already construed by this Court—without narrowing or altering the claims' scope.

For example, AWS focuses on this statement from Kove's response in the '640 reexam:

> The[] invention, as embodied in the claims of the '640 patent, enables a client to retrieve data by sending a query to **any server** in the network, not just servers organized by a tree, and having that server be capable of providing information that permits the client to calculate the location of a second server known to contain the requested information. Claims 17 and 18 therefore require **every server** in the network be able to return information for calculating the location of the server that contains the requested information.

Dkt. 539-2 at 10 (some emphasis omitted). AWS leaves out important context. In the same filing, Kove explained how these characteristics are already required "[b]y [the claims'] plain language," which it quoted at length:

> Claims 17 and 18 require that "**each of the plurality of data location servers** having computer executable code [be] configured to" carry out specific activity. In particular, each location server must be able to "transmit[] a **redirect message** to the client if the identification string is not associated with a location string at the data location server, wherein **the redirect message contains information for use by the client to calculate a location of a different data location server** in the plurality of data location servers, wherein **the different data location server contains the location string**." By its plain language, the claim requires that each (i.e., every) location server must be configured to return information that the client uses to determine a second location server that contains the sought-after location string, if the first queried location server does not contain that location string.

*Id.* at 23-24 (emphasis modified). This is another way of saying what AWS's quoted statement says: that each location server must "be capable of providing information that permits the client to calculate the location of a second server known to contain the requested information." *Id.* at 10. Kove's statement did not alter the scope of the claim; it merely explained it.

The same is true of Kove's statements in the '170 and '978 patent reexaminations for

certain claims.  *See e.g.,* Dkt. 539-3 at 25-29, 32; 539-4 at 33-40.  As noted, Kove's statements

apply only to claims that were subject to reexamination.  *See e.g.,* Dkt 539-2 at 23-26; 539-3 at 25-

29; 539-4 at 33-40.  AWS offers no justification for why it believes *all* asserted claims should be

construed based on statements made only as to certain claims.  *See supra*, n.6.

### C.  Kove's Statements Regarding "Resolving Requests" Were Providing General Background About the Patents, Not Disavowing Claim Scope.

AWS's third argument takes a different tack, asserting that when Kove explained what its

invention is capable of—to help orient the examiner—prosecution disclaimer triggered.  Dkt. 539

at 12-13.  In the "Overview of the Technology" section of each reexamination, Kove wrote:

> The structured relationships of the invention allow clients to access data in distributed environments through a non-hierarchical, limitlessly scalable, server structure **that enables** retrieval of requested information in not more than two iterations.

Dkt. 539-2 at 10 (emphasis added); *accord* Dkt. 539-3 at 11; Dkt. 539-4 at 12.  Kove did not say

(unambiguously or otherwise) that the invention (or any particular claim) *must* operate in a way

that requires retrieving requested information in not more than two iterations.

More fundamentally, Kove never suggested that this capability is why the prior art

references are overcome.  The whole point of prosecution disclaimer is to prevent patentees from

saying one thing "to the examiner *to induce a patent grant*," and then taking a broader view of the

claim when asserting it in court.  *See, e.g.*, *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1359-

60 (Fed. Cir. 2017) (emphasis added, attribution omitted, collecting cases); *Omega Eng'g, Inc. v.

Raytek Corp.*, 334 F.3d 1314, 1324 (Fed. Cir. 2003) ("prosecution disclaimer attaches" when "the

patentee has unequivocally disavowed a certain meaning *to obtain his patent*" (emphasis added));

*see also Roemer v. Peddie*, 132 U.S. 313, 317 (1889) (emphasis added) ("when a patentee, on the

rejection of his application, inserts in his specification, *in consequence*, limitations and restrictions

*for the purpose of obtaining his patent*, he cannot" later construe away those limitations and

10

restrictions (emphasis added)). Here, by contrast, Kove's description of the invention's capabilities were neither directed at nor necessary to overcome the prior art, so disclaimer does not apply. *See Comput. Docking Station Corp. v. Dell, Inc.*, 519 F.3d 1366, 1375 (Fed. Cir. 2008) (when "remarks made to distinguish claims from the prior art are broader than *necessary to distinguish* the prior art, the full breadth of the remark is not a clear and unambiguous disavowal of claim scope" (emphasis added; cleaned up)); *see also Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1342 (Fed. Cir. 2012) (holding that "reexamination commentary" describing the prior art but not distinguishing the invention based on that description "cannot fairly limit the characteristics of the claim term"); *FastVDO LLC v. AT&T Mobility LLC*, 2016 WL 9408692, at *8 (S.D. Cal. Oct. 13 2016) ("Here, the patentees are merely providing a description of the invention claimed in the Seshadri '501 patent. The patentees do not distinguish their claimed invention from the Seshadri '501 patent on the basis of Seshadri performing this particular function.").

AWS attempts to connect Kove's statement to the prior art by pointing to Kove's characterization of the prior art as *possibly* requiring "numerous" iterations. Dkt. 539 at 12-13 & n.65; *see* Dkt. 539-2 at 23 ("As [an] example in [the Oracle Names prior art reference] shows, . . . even a modestly sized environment with a handful of servers may take numerous iterations to return a query."). That does not move the needle. For one, AWS does not explain how it gets from "numerous" to its proposed limit of "two or fewer steps." Dkt. 539 at 12. Moreover, Kove's "numerous iterations" characterization was not the basis it relied on to overcome the Oracle Names reference. Kove's argument was that Oracle Names discloses only hierarchical configurations of location servers, whereas the relevant Kove claims under reexamination require non-hierarchical structures, as embodied by the claims' plain language and detailed in the reexamination record. *See e.g.,* Dkt. 539-2 at 23-26; 539-3 at 25-29; 539-4 at 33-40. *See supra* pp. 5-8.

11

In addition to the statements not being made for the purpose of overcoming prior art, they fall far short of "the demanding standard for finding a disclaimer" because they are not a "clear and unmistakable" disavowal. *Avid Tech.*, 812 F.3d at 1045. At the very least, Kove's statements are "amenable to multiple reasonable interpretations," which precludes a finding of disclaimer. *Id.* (attribution omitted). Indeed, this Court has declined to find prosecution disclaimer in circumstances with similar ambiguity. *See Green Pet Shop*, 2016 WL 7451629, at *4 (finding that statements made during prosecution were ambiguous and not disavowals because it was "not unmistakable that [the patent owner] was attempting to distinguish the cited reference based on [the allegedly limiting characteristic]; it is just as likely that [the patent owner] was attempting to distinguish it based on [a different characteristic]").

### D. AWS's Proposed Constructions Stray Far Beyond the Alleged Disclaimers.

Instead of attempting to link its proposed claim constructions to the alleged disclaimers it says warrant reconstruing the claims, AWS relegates them to an appendix. Dkt. 539 at Appendix A. That appendix reveals a wide gulf between AWS's prosecution disclaimer arguments and what it wants from a second bite at the claim construction apple.

For starters, AWS proposes constructions for claims that were not at issue in any reexamination. Claims 17, 23, 24, and 30 of the '978 patent were never reexamined because the examiner found them patentable at the outset, before Kove made any arguments about them. *See* Dkt. 526-5. Nevertheless, and without explanation, AWS suggests that those four claims should be limited based on statements Kove made about *other* claims, and in particular, limitations within those other claims that are *not* present in the four claims. Dkt. 539 at Appendix A. That is not an appropriate basis for prosecution disclaimer. *Grober*, 686 F.3d at 1342 (finding no disclaimer of the term "payload platform" where the patentee's statements distinguishing the prior art were based on other claim terms). Similarly, AWS suggests that claims 1 and 31 of the '978 patent

12

should be subject to disclaimer regarding the "non-hierarchical" description, *see* Dkt. 539 at 21, even though Kove expressly *did not* describe those claims that way, *see e.g.,* Dkt. 539-4 at 33-40. Next, AWS inexplicably includes claim 5 of the '170 patent in its chart, even though that claim has never been asserted in this action and the subject of any reexamination.

AWS's proposals as to the claims that are actually implicated by its prosecution disclaimer argument fare no better. Putting aside for the moment that Kove's statements do not satisfy the exacting disclaimer standard, they still would not support any of AWS's proposed constructions. A few examples illustrate the point.[7]

First, AWS proposes construing the terms "network" and "system" to mean "[network/system] **arranged in a non-hierarchical, cluster topology**." Dkt. 539 at Appendix A. But none of Kove's allegedly disclaiming statements dealt with "networks" or "systems." Kove's statements were describing the non-hierarchical (or cluster) structure of certain *location servers* within a network, as described in certain claims. *See e.g.,* Dkt. 539-2 at 23-26; 539-3 at 23-29; 539-4 at 33-40; *supra* pp. 5-8. AWS does not explain why it uses that description of location servers to instead limit the terms "network" and "system." That matters because, wrongly construed, those terms would present AWS with a noninfringement theory: hierarchical *networks* or *systems* (as distinct from hierarchical location servers within a network) would not infringe. Nothing in the reexamination record supports this mistaken construction.

Second, AWS proposes modifying the Court's construction of "location server" to add the phrase "**for satisfying every request for the location of data on the network**" and "**at least one**

---

[7] Kove focuses here on the disconnect between AWS's disclaimer argument and its proposed connections. To be clear, Kove's position is that AWS's proposed constructions are wrong for many more reasons. But because there is no good reason to reopen claim construction, there is no need to litigate the merits of its proposals.

of (1) identifier/location mappings **or (2) information about the location of such mappings** …
in response to **all** location request messages….” Dkt. 539 at Appendix A. Kove's alleged
disclaimers do not support any of these limitations. Kove explained in its reexamination papers
that the claim requires that location servers be "*capable*" of providing certain information. *See
e.g.,* Dkt. 539-2 at 10; 539-3 at 26; Dkt. 539-4 at 35-37. AWS transforms that statement into a
requirement that the location servers "satisfy every request" (without defining what counts as
"satisfying" a request). Being "capable" of satisfying a request and in fact "satisfying" that request
are two different things, and so the alleged disclaimer does not support AWS's added requirement.

AWS's addition of "at least one of … information about the location of such mappings …"
also makes no sense. The Court's construction of "location servers" requires they maintain
"identifier/location mappings that are modified or returned in response to location request
messages…." (Dkt. 484 at 19). Depending on which patent is at issue, that returned information
is either "one or more identifiers and their associated locations" (which is the ordered construction
for the term "location information" as used in '978 patent claims, Dkt. 484 at 12, 15) or
"information pertaining to one or more locations of data and/or the identities of one or more
location servers" (construction of "location information" for claims of the '170/'640 patents, *id.*).
This distinction matters because the '978 patent has a different specification than the '170/'640
patents (which share a specification) – the Court recognized this and construed "location
information" differently.[8] AWS's construction removes this distinction through its addition of the
phrase "information about the location of such mappings."

Finally, AWS proposes adding "**without performing any request iterations**" to the terms

---

[8] Unsurprisingly, AWS advocated during claim construction for a single construction of
"location information" among all three patents but the Court disagreed.

"'providing' / 'determin[e/ing]'" and "'return' / 'sending' / 'transmit[s/ting]' a redirect message." Dkt. 539 at Appendix A. AWS also proposes adding "**in two or fewer request iterations**" to "'retrieving' location information or servers." *Id.* It is not at all clear how AWS gets from the purported "two or fewer" iterations disclaimer to "without performing any request iterations," or even what AWS means by "request iterations," a term Kove never used. And as discussed above, "two or fewer" is itself an unexplained leap from "numerous" and not a "clear and unmistakable disavowal" necessary to impact claim scope. *See supra* p. 10-12. So this, too, has little to do with AWS's asserted justification for reopening claim construction.

The point of these examples is that AWS is requesting a brand new claim construction process, years after the fact, on the grounds of express disavowal, but its proposed constructions bear little relationship to the prosecution history statements at issue. Disavowal is being used as a pretext for a wholesale redo of claim construction, now that discovery is nearing completion and the case is not going as it hoped.

## IV.    CONCLUSION

Because AWS has not identified any "clear and unmistakable" disavowal of claim scope, it has not carried its burden under "the demanding standard for finding a disclaimer." *Avid Tech.*, 812 F.3d at 1045 (attribution omitted); *Green Pet Shop*, 2016 WL 7451629, at *3. AWS offers no other argument for its view that there is a "fundamental dispute regarding the scope of [any] claim term," *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1352 (Fed. Cir. 2008), and so there is no basis for the Court to reopen claim construction.[9]

---

[9] Kove does not disagree that in cases where there are disavowals requiring a new claim construction process, it would be more efficient to address them in advance of expert reports, where experts must rely on the Court's construction in opining on infringement and validity. But there are no such disavowals in this case, so there is no need for a new claim construction process.

Dated: December 21, 2022

Respectfully submitted,

*/s/ Khue Hoang*

Khue V. Hoang *(pro hac vice)*
khoang@reichmanjorgensen.com
Jaime Cardenas-Navia *(pro hac vice)*
jcardenas-navia@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
400 Madison Avenue
New York, NY 10017
Telephone: (212) 381-1965
Facsimile: (650) 560-3501

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Adam Adler *(pro hac vice)*
aadler@reichmanjorgensen.com
Phil Eklem *(pro hac vice)*
peklem@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 894-7310
Facsimile: (650) 560-3501

Renato Mariotti (State Bar No. 6323198)
renatto.mariotti@bclplaw.com
Holly H. Campbell (State Bar No. 6320395)
holly.campbell@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Suite 4300
Chicago, IL 60601
Telephone: (312) 602-5000

Courtland L. Reichman *(pro hac vice)*
creichman@reichmanjorgensen.com
Shawna L. Ballard (Identification No. 155188)
sballard@reichmanjorgensen.com
Taylor Mauze *(pro hac vice)*
tmauze@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Facsimile: (650) 560-3501

**ATTORNEYS FOR PLAINTIFF
KOVE IO, INC.**

16

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of December, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Khue Hoang*
Khue Hoang