IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON WEB SERVICES, INC., <br><br> Defendant. | Civil Action No. 1:18-cv-08175 <br><br> Judge Matthew F. Kennelly <br><br> Jury Trial Demanded <br><br> **FILED UNDER SEAL** |

## JOINT STATUS REPORT

Pursuant to the Court's November 29, 2022 order (Dkt. 541), Plaintiff Kove IO, Inc. ("Kove") and Defendant Amazon Web Services, Inc. ("Amazon" or "AWS") (collectively, the "Parties") submit this joint status report on the outstanding discovery motions (Dkts. 405, 409). The Court had ordered the Parties to provide two status reports in connection with those motions: an initial status report on December 19, 2022 (submitted at Dkt. 551), and an updated status report on December 30, 2022. This is the second of those reports.

## KOVE'S STATEMENT

Kove recognizes that the Court just today entered an Order (Dkt. 562) that may moot this status report. However, Kove understands that the Parties are still under Court order to provide an updated report. Dkt. 541.

Below is the updated status Kove intended to provide before seeing the Court's Order. Kove looks forward to discussing these issues at the upcoming January 3 status conference.

\*\*

In the two weeks since the previous status report, the Parties have narrowed the outstanding issues. Specifically, AWS agreed to (1) complete productions on the agreed-to categories in the Parties' December 19 Joint Status Report (categories 1.a-1.b and 2.b-2.e from Kove's Proposed Order); (2) produce information regarding cost, utilization, and capacity of the specific subcomponents (category 2.a from Kove's Proposed Order) by January 13; and (3) provide declarations and tailored document depositions regarding its search and collection efforts with respect to each category.

Because Amazon is producing most of the outstanding documents on the same date as this status report, Kove has not had the opportunity to review the productions. Kove will assess the sufficiency of Amazon's productions after it has had a reasonable opportunity to review them and, as needed, take the document depositions.

Two issues remain in dispute: (1) the timing and duration of document depositions and declarations; and (2) Kove's request for pricing, usage, and revenue data for AWS's top internal and external customers.

**(1)** **Timing and Duration of Declarations and Depositions**

AWS continues to maintain that large swaths of the requested information either do not exist or cannot be located, despite documentary and testimonial evidence suggesting the opposite. Much of what AWS has produced is raw data that cannot easily be interpreted, and AWS refuses to explain what the information is or how the documents relate to Kove's categories of requested information. As a result, Kove cannot evaluate the sufficiency of AWS's search efforts or productions until after the agreed-upon document depositions, at which point, AWS may need to locate and produce additional documents.

Under AWS's proposal [from prior to the Court's order], Kove would not complete those document depositions until January 27, 2023 at the earliest – seven weeks before the close of fact discovery. Given the significant amount of work that must be completed before fact discovery closes (including over a dozen fact depositions), Kove requests that AWS provide its document declarations by January 6, 2023, and that the Parties complete document depositions by January 20.

As it stands, Kove contemplates that the fact discovery cutoff likely will need to be extended in order to have sufficient time to review AWS' productions and complete discovery. If AWS's proposal is adopted, it would require an additional extension.

The Parties disagree on the length of the document depositions. The amount of time needed for each deposition will depend, of course, on the specific categories at issue, the scope and volume of documents AWS claims it is unable to locate, and the substance of the accompanying document declarations. Because AWS has not yet provided the above information, this cannot be determined at this time. Accordingly, to the extent needed to be decided now, Kove requests that the depositions proceed as set forth in the Federal Rules (no more than seven hours for a witness), and Kove will seek to keep the depositions to no more than time necessary. If the Court prefers, however, this issue also can be decided once more information is available.

**(2)** **Top Customer Data (Kove Proposed Order Categories 1.c and 1.d)**

As explained in the previous status report and in the underlying briefing, not all AWS customers are equal. Dkt. 551 at 3-4; Dkt. 405 at 12-15; Dkt. 468 at 9-12. AWS ███████ ███████████████████████████████████████████████. It does this across all

facets of its business, including for example, in ███████████████ ███████████████████████████████████████████ Indeed, as explained in the underlying briefing, AWS even ███████████████████████████████████.[5] Moreover, a document from AWS's most recent production (produced yesterday) shows that AWS's product design ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

The fact that AWS ████████████████████████████████████████████████████████████████████████████—would be top of mind at the hypothetical negotiation and would drive AWS's valuation of and negotiation for Kove's invention – Kove's patented invention is more useful to █████████████. Thus, information as to how AWS's top customers use, value, and pay for the accused products (and, particularly, whether and how much they use features (i.e., pricing categories) of those products that implicate Kove's invention) is critical to Kove's damages theory. The same is true with respect to the top internal AWS customers, who ████████████████████████████████████████, and

---

[1] *See* Dkt. 468 at 11 & n.32 ("Indeed, even AWS recognizes that ███████████████, and so ████████████████████████████.") (citing Dkt. 468 Ex. B)).

[2] *See* Dkt. 468 Ex. A (provided to the Court as an Excel document) at "revenue by customer rank summ")

[3] *See* Ex. B (AMZ_KOVE_000386354) (listing ████████████████████████████████████████ that speak directly to Kove's invention).

[4] *See* Dkt. 493 Ex. 4 at 30 (████████████████████████████████████████████████████████████████████████").

[5] *See* Dkt. 468 Ex. L (███████████████████████).

[6] Ex. C (AMZ_KOVE_000527795) at 1. The document also shows that AWS uses a "███████ ███████ *Id.*

███████████████████████████████████████████████████████ at the hypothetical negotiation.[7]

AWS maintains the information Kove seeks for both internal and external customers but refuses to produce that information. None of AWS's purported justifications satisfy the high bar needed to resist discovery.

As to usage data, AWS claims that Kove can simply *assume* that aggregate data for all AWS customers can be used to draw conclusions regarding AWS's *top* customers, such that Kove's request for more information is not proportional. But AWS has not provided any statistical backup or support to justify that assumption. There is a reason for this: that assumption is a well-known statistical fallacy.[8] That fallacy is on full display here, where the most significant customers are statistical outliers. *See* Dkt. 468 at 10-11 ████████████████████████

████████████████████████████████████████████████████████████████

████████ Indeed, it may be that the assumption AWS asks Kove to make would serve to reduce its damages by underrepresenting the importance of the invention. Kove provided a more extensive discussion on this issue in its Reply Brief for this motion. *See id.* at 9-14; Dkt. 551 at 4

████████████████████████████████████████████████████████████████

AWS's assumption further fails because ████████████████████████████████████ . As explained above and in previous briefing,[9] AWS does not simply rely on aggregate data when

---

[7] *See* Dkt. 468 at 12-14.

[8] *See* "Ecological Fallacy," https://en.wikipedia.org/wiki/Ecological_fallacy ("An ecological fallacy ... is a formal fallacy in the interpretation of statistical data that occurs when inferences about the nature of individuals are deduced from inferences about the group to which those individuals belong.").

[9] *See* Dkt. 468 at 11 & n.32; *supra* at 3-4 and accompanying footnotes.

it makes decisions, but ███████████████████████████████████████████████████████.

Kove is entitled to do the same.

With respect to pricing information, AWS is on even weaker footing, since ███████████

████████████████████████████████████████████████████████████ Instead, ████

██████████████████████████████████████████████████████████████. *See*

Dkt. 405 at 12; Dkt. 468 at 11-12. Thus, Kove still does not know the prevailing rates for key usage categories.

In the previous status report, AWS stated it would search for "snapshots of usage and revenue information by customer at particular points in time." Dkt. 551 at 10. AWS is no longer asking the Court to adopt that proposal and has not included it in its proposed order. Thus, the Court's choice is between AWS' proposal that it produce nothing, or Kove's proposal as to the targeted information necessary for Kove's damages case.

All that remains is AWS's claim of undue burden. As explained in the previous joint status report, AWS's assertion of burden is not credible and does not satisfy AWS's evidentiary burden for such a claim. *See* Dkt. 551 at 4-5 (citing *Jenkins v. White Castle Mgmt. Co.*, 2014 WL 3809763, at *2 (N.D. Ill. Aug. 4, 2014), for the proposition that claims of burden "must be shown by a particular and specific demonstration of fact."). The conclusory declaration on which AWS relies does not address or acknowledge the specific information Kove seeks, does not account for Kove's narrowing of its request (Kove now only seeks information for the Top 50 internal customers rather than from all internal customers), and does not even purport to speak to the burden associated with obtaining information relating to S3.

6

In all events, the significance of the information Kove seeks—information ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ AWS made from Kove's patent invention, and that is necessary for its damages case—in tandem with the fact that the information is (apparently) not available elsewhere would still warrant granting Kove's request for this information.

**AMAZON'S STATEMENT**

Amazon is in receipt of the Court's Order on Kove's pending discovery motions (Dkt. 562). That Order resolves all open issues regarding those motions, even mooting the need for this status report. There are no remaining issues presently pending before this Court.

Leading up to the Court's ruling, Amazon had been in active discussions on an omnibus negotiation with Kove, where each side gave and took. Those negotiations reached intermediate resolution, but the Parties never reached a full agreement regarding all open issues. Kove's attempt to now apply portions of the Parties' negotiations is misplaced because the Court's Order has superseded them and achieves complete resolution, which the Parties weren't able to achieve.

The Court's Order also likely moots the status conference, scheduled for 8:45 am CT on Tuesday, January 3. To the extent the Court maintains that conference on the calendar, Amazon will appear, but asserts that it has no issues for the Court to resolve.

Dated: December 30, 2022

Respectfully Submitted,

| KOVE IO, INC. | AMAZON WEB SERVICES, INC. |
|---|---|
| By: */s/ Khue V. Hoang* | By: */s/ R. William Sigler* |

Renato Mariotti (State Bar No. 6323198)
renatto.mariotti@bclplaw.com
Holly H. Campbell (State Bar No. 6320395)
holly.campbell@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Suite 4300
Chicago, IL 60601
Telephone: (312) 602-5037

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Shawna L. Ballard (*pro hac vice*)
sballard@reichmanjorgsensen.com
Taylor Mauze (*pro hac vice*)
tmauze@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401

Khue V. Hoang (*pro hac vice*)
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
Telephone: (212) 381-1965

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Adam Adler (*pro hac vice*)
aadler@reichmanjorgensen.com
Philip Eklem (*pro hac vice*)
peklem@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &

Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Lisa N. Phillips (*pro hac vice*)
*lisa.phillips@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Ave, NW
Suite 400
Washington, D.C. 20015
Telephone: (202) 362-3500

*Attorneys for Defendant Amazon Web Services, Inc.*

FELDBERG LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 894-7310

Taylor Mauze (*pro hac vice*)
tmauze@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
7500 Rialto Blvd., Suite 1-250
Austin, TX 78735
Telephone: (650) 623-1401

*Attorneys for Plaintiff Kove IO, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of the foregoing was filed electronically on December 30, 2022, with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all registered counsel of record and was also served via email on counsel of record.

*/s/ Khue V. Hoang*