# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., *Plaintiff*, v. AMAZON WEB SERVICES, INC., *Defendant*. | Case No. 1:18-cv-8175 |

## AMAZON'S REPLY IN FURTHER SUPPORT OF MOTION FOR ADDITIONAL CLAIM CONSTRUCTION BRIEFING

Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Lisa Phillips (*pro hac vice*)
*lisa.phillips@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Suite 400
Washington, DC 20015
202.362.3500

*Attorneys for Amazon Web Services, Inc.*

**TABLE OF CONTENTS**

I. INTRODUCTION ..........................................................................................................1

II. ARGUMENT ................................................................................................................2

    A. Kove's Response Confirms That the Court Should Grant Amazon's Request for Additional Claim Construction Briefing. ........................................................2

    B. The Record Supports Amazon's Showing That a Second Round of Claim Construction Briefing is Warranted. ...............................................................5

    C. Kove's Belated Critique of Amazon's Proposed Constructions Lacks Merit. .............8

    D. Kove Confirms That Separate Claim-Construction Briefing Is Appropriate. .............10

III. CONCLUSION .............................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*01 Communique Lab'y, Inc. v. Citrix Sys., Inc.*,
 No. 1:06-cv-253, 2015 WL 3681065 (N.D. Ohio June 12, 2015) ............................................. 1

*3M Innovative Props. Co. v. Avery Dennison Corp.*,
 350 F.3d 1365 (Fed. Cir. 2003) .............................................................................................. 7

*3Shape A/S v. Align Tech., Inc.*,
 No. 18-cv-886, 2020 WL 2188857 (D. Del. May 6, 2020) ........................................................ 6

*Am. Piledriving Equip., Inc. v. Geoquip, Inc.*,
 637 F.3d 1324 (Fed. Cir. 2011) .............................................................................................. 8

*Andersen Corp. v. Fiber Composites, LLC*,
 474 F.3d 1361 (Fed. Cir. 2007) .............................................................................................. 6

*Aylus Networks, Inc. v. Apple Inc.*,
 856 F.3d 1353 (Fed. Cir. 2017) ..................................................................................... 5, 8, 9

*CIVIX v. Nat'l Ass'n of Realtors*,
 No. 05-cv-6869, 2007 WL 7759150 (N.D. Ill. Sept. 17, 2007) ................................................... 4

*Computer Docking Station Corp. v. Dell, Inc.*,
 519 F.3d 1366 (Fed. Cir. 2008) .............................................................................................. 6

*Finjan, Inc. v. Symantec Corp.*,
 No. 14-cv-2998, 2016 WL 6563342 (N.D. Cal. Nov. 4, 2016) ................................... 1, 3, 5, 10

*Hill-Rom Servs., Inc. v. Stryker Corp.*,
 755 F.3d 1367 (Fed. Cir. 2014) .............................................................................................. 5

*In re Papst Licensing Digit. Camera Pat. Litig.*,
 778 F.3d 1255 (Fed. Cir. 2015) .............................................................................................. 2

*Kim v. Earthgrains Co.*,
 766 F. Supp. 2d 866 (N.D. Ill. 2011) ...................................................................................... 1

*MLC Intellectual Prop., LLC v. Micron Tech., Inc.*,
 No. 14-cv-03657, 2018 WL 4616255 (N.D. Cal. Sept. 26, 2018) ......................................... 1, 5

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
 521 F.3d 1351 (Fed. Cir. 2008) .............................................................................................. 4

*Pacing Techs., LLC v. Garmin Int'l, Inc.*,
 778 F.3d 1021 (Fed. Cir. 2015) .............................................................................................. 6

*Phillips v. AWH Corp.*,
    415 F.3d 1303 (Fed. Cir. 2005) .................................................................................................. 1

*Rosenbaum v. United States*,
    No. 22-cv-1253, 2022 WL 3585188 (N.D. Ill. Aug. 22, 2022) .................................................. 4

*Tech. Props. Ltd. LLC v. Huawei Techs. Co.*,
    849 F.3d 1349 (Fed. Cir. 2017) ............................................................................................. 7, 9

*TMC Fuel Injection Sys., LLC v. Ford Motor Co.*,
    682 F. App'x 895 (Fed. Cir. 2017) ............................................................................................ 7

*X One, Inc. v. Uber Techs., Inc.*,
    440 F. Supp. 3d 1019 (N.D. Cal. 2020) .................................................................................... 1

**Other Authorities**

LPR 1.1 ................................................................................................................................... 1, 2, 3

LPR 4.1 ................................................................................................................................. 2, 3, 10

LPR 4.2 ................................................................................................................................. 2, 8, 10

LPR 4.3 ..................................................................................................................................... 2, 10

LPR, preamble ............................................................................................................................... 8

**I.     INTRODUCTION**

The question presently before the Court is whether the circumstances support Amazon's request for additional claim construction briefing to address Kove's statements in recent *ex parte* reexamination proceedings.[1] This is a common request in cases involving post-*Markman* reexamination. It's commonly granted,[2] and should be granted here, too. As Amazon's motion detailed, to overcome the Patent Office's initial rejection of 15 of the 19 claims that Kove is asserting here, Kove repeatedly stated that these claims "require" a particular structure.[3] These and other such statements weren't available earlier in this case, but have now become part of Kove's patents' prosecution history.[4] And they limit the asserted claims in three ways that are dispositive of Kove's infringement allegations.

Kove's response ignores the question presented, and these reasons for answering the question affirmatively. This is despite Kove necessitating Amazon's motion by opposing Amazon's request to set a schedule for additional claim construction briefing.[5] Instead, Kove devotes its

---

[1] *See* LPR 1.1 ("The Court may modify the obligations and deadlines of the LPR based on the circumstances of any particular case.").

[2] *See*, *e.g.*, *Finjan, Inc. v. Symantec Corp.*, No. 14-cv-2998, 2016 WL 6563342, at *2 (N.D. Cal. Nov. 4, 2016) (finding "good cause" under N.D. Cal. patent rules "for additional claim construction briefing" and second *Markman* hearing to address plaintiff's statements in Patent Office proceeding "arguably" narrowing asserted claims); *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 14-cv-03657, 2018 WL 4616255, at *6 (N.D. Cal. Sept. 26, 2018) (revisiting claim construction to address two terms following *ex parte* reexamination); *01 Communique Lab'y, Inc. v. Citrix Sys., Inc.*, No. 1:06-cv-253, 2015 WL 3681065, at *2 (N.D. Ohio June 12, 2015) (similar); *see also X One, Inc. v. Uber Techs., Inc.*, 440 F. Supp. 3d 1019, 1040–46 (N.D. Cal. 2020) (revisiting claim construction in connection with other motions and concluding that arguments in *inter partes* review further limited claims); *Kim v. Earthgrains Co.*, 766 F. Supp. 2d 866, 870–71 (N.D. Ill. 2011) (similar).

[3] *E.g.*, Dkt. 539-2 (Ex. A) at 23 n.2; Dkt. 539-3 (Ex. B) at 25; Dkt. 539-4 (Ex. C) at 35.

[4] *See generally Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005) ("[T]he prosecution history can often inform the meaning of the claim language by demonstrating how the inventor understood the invention and whether the inventor limited the invention in the course of prosecution, making the claim scope narrower than it would otherwise be.").

[5] Dkt. 535 (Joint Status Report) at 2; Dkt. 539-7 (Ex. F).

entire brief to arguing—prematurely—the merits of the underlying claim-construction disputes stemming from Kove's recent reexamination statements. Indeed, Kove doesn't cite a single case addressing a request for additional claim construction proceedings. Nor does Kove attempt to distinguish Amazon's cited cases, or respond to Amazon's arguments supporting the present such request.

Thus, in substance, if not form, Amazon's present motion for additional claim construction briefing is unopposed. Amazon asks that the Court grant the motion and, as requested, "set a schedule for additional claim construction briefing to address the fundamental disputes that have arisen since the *Markman* hearing, due to Kove's statements in the *ex parte* reexaminations."[6]

## II. ARGUMENT

### A. Kove's Response Confirms That the Court Should Grant Amazon's Request for Additional Claim Construction Briefing.

As Amazon explained, Federal Circuit law holds that "a district court may (and sometimes must) revisit, alter, or supplement its claim constructions."[7] Consistent with this, LPR 4.1–4.3 provide a default schedule for "Claim Construction Proceedings," beginning with the exchange of proposed terms for construction, two weeks after final infringement contentions. And LPR 1.1 further provides that this Court "may modify the obligations and deadlines of the LPR based on the circumstances of any particular case."

The LPR don't set forth a particular legal standard that applies to an exercise of discretion under LPR 1.1, or to a request for a second round of claim construction proceedings. But

---

[6] Dkt. 539 at 15. As noted in the motion, some of the dates in the schedule Amazon previously proposed (Dkt. 535 at 2) have passed. If the Court directs, Amazon will confer with Kove and propose a schedule.

[7] *In re Papst Licensing Digit. Camera Pat. Litig.*, 778 F.3d 1255, 1261 (Fed. Cir. 2015) (This is required "to the extent necessary to ensure that final constructions serve their purpose of genuinely clarifying the scope of claims for the finder of fact."); Dkt. 539 at 5, n. 28 (quoting additional authorities).

2

jurisdictions with similar systems of patent rules have required parties to show "good cause." This is illustrated, for example, in *Finjan, Inc. v. Symantec Corp.*, as discussed throughout Amazon's motion.[8] There, after the district court *Markman* hearing, the patent owner made arguments in a Patent Office proceeding that "arguably" limited the asserted claims.[9] And, as Amazon explained, "when applying local patent rules similar to this Court's, the [*Finjan*] court found 'good cause' for additional claim construction briefing and a second *Markman* hearing, before the close of discovery and dispositive motions."[10] Analogous decisions from other courts reach similar conclusions.[11]

Kove doesn't make any arguments or cite any law on what a party must show to justify a modification to the LPR. And Kove doesn't address the five cases that Amazon cited to show that "courts routinely revisit claim construction to address narrowing arguments that patent owners make during post-grant proceedings."[12] In all those cases, the courts first determine that additional claim construction is warranted, then resolve the disputed issues (via separate briefing, or otherwise). Further, Kove doesn't argue that Amazon failed to show good cause for the requested additional claim construction briefing, or that any stricter standard applies under the LPR. Indeed, Kove doesn't cite any cases addressing requests for additional claim construction, in any circumstances, much less any involving a request based on statements that a patent owner made to the Patent Office after claim construction proceedings in district court. Thus, Kove has waived any argument that Amazon failed to meet any standard applicable to a request for an additional round

---

[8] No. 14-cv-2998, 2016 WL 6563342, at *1 (N.D. Cal. Nov. 4, 2016).

[9] *Id*. at *2.

[10] Dkt. 539 at 7 (quoting 2016 WL 6563342, at *3); *see also id.* n.3 (further quoting *Finjan*'s explanation for finding "good cause to depart from the default deadlines and obligations of the Patent Local Rules").

[11] Dkt. 539 at 1 n.4 (collecting cases). This is also consistent with provisions in the LPR that, for instance, require parties to show "good cause" for the construction more than ten disputed terms. LPR 4.1(b).

[12] Dkt. 539 at 1; *see also id*. n.4 (collecting cases); *id*. at 5–8 (citing LPR 1.1 and further discussing cases).

3

of claim construction.[13] And if Kove attempts to raise such arguments for the first time in its sur-reply, this Court shouldn't consider them.

In addition, Federal Circuit law requires courts to resolve fundamental disputes between the parties on claim scope when timely raised before trial. As stated in *O2 Micro*: "When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it."[14] Here, Kove doesn't dispute that its arguments during the reexaminations have become part of the prosecution history,[15] and that Amazon couldn't have raised those statements during the claim construction proceedings before Judge Pallmeyer. Given that Kove's brief focuses entirely on the merits of whether Kove's statements to the Patent Office constitute disavowal, it further confirms that fundamental disputes requiring construction are present here.[16]

Rather than substantively responding to Amazon's motion, Kove argues that Amazon has not met "the demanding standard for finding a disclaimer."[17] But that would be the focus of the additional briefing that Amazon requested, and Kove opposed. Hence, Amazon's motion asked the Court to set a briefing schedule.[18] Consistent with the LPR, *Finjan*, and other authorities, Amazon's motion showed good cause for this request. Amazon's motion didn't request that the Court

---

[13] *See*, *e.g.*, *Rosenbaum v. United States*, No. 22-cv-1253, 2022 WL 3585188, at *4 (N.D. Ill. Aug. 22, 2022) ("Rosenbaum does not respond to the City's argument, and therefore waives any opposition.").

[14] *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008); *see also* Dkt. 539 at 5–6 (citing and quoting additional authorities).

[15] *E.g.*, *CIVIX v. Nat'l Ass'n of Realtors*, No. 05-cv-6869, 2007 WL 7759150, *3 (N.D. Ill. Sept. 17, 2007).

[16] *See also* Dkt. 553 at 4 (Kove stating: "The current dispute is whether claim construction should be reopened because Kove's statements in the reexamination proceedings constitute a clear and unmistakable disavowal of claim scope.").

[17] *Id.*; *see also id.* at 12, 15 (same). Kove's brief seems to rest entirely on this paradoxical and unsupported premise that unless a party has already "carried its burden under 'the demanding standard for finding a disclaimer[,]' … there is no basis for the Court to reopen claim construction." *Id.* at 15 (Conclusion).

[18] Dkt. 539 at 15 (further noting Amazon previously requested briefing schedule in Nov. 9 status report).

4

find disclaimer or adopt any proposed construction.[19] At bottom, nothing justifies Kove's apparent or feigned confusion about the request for additional briefing that's currently pending.

## B. The Record Supports Amazon's Showing That a Second Round of Claim Construction Briefing is Warranted.

Unlike the alleged infringer's claim-construction position in *Finjan*, which was merely "arguable," here the record strongly supports Amazon's position that Kove's statements in the reexaminations further limited the asserted claims.[20] For instance, as Amazon's motion highlighted, Kove emphasized in each of the three reexaminations at issue that its asserted claims "require" non-hierarchical structure.[21] Courts have repeatedly found similar statements to constitute unequivocal and unambiguous disavowals, including in one of the authorities Kove cited: *Aylus Networks, Inc. v. Apple Inc*.[22] In that case, the Federal Circuit found that:

> Aylus's repeated statements that claims 2 and 21 "require that ... only the control point proxy logic[] be invoked," and that "only 'the CPP is invoked,'" represent an unequivocal and unambiguous disavowal.[23]

The Federal Circuit thus affirmed the district court's construction of a claim term to reflect how the disavowal limited the asserted claims.[24] And other cases confirm that there's no meaningful difference between the statements in *Aylus* and Kove's repeated "require" statements here.[25]

---

[19] *Cf. id*. at 13–14 (twice stating that Amazon would further confer on constructions as LPR contemplate).

[20] *See Finjan*, 2016 WL 6563342, at *2 (granting motion for additional claim construction briefing based on statements "arguably" constituting disavowal); *accord MLC IP*, 2018 WL 4616255, at *6 ("To the extent that the file history changed as a result of the *ex parte* reexamination and there is an actual dispute between the parties, the Court must reconsider claim construction."); *see also* Dkt. 539 at 8 n.44 (noting *Finjan* court, after conducting second *Markman* hearing, ultimately declined to find disavowal).

[21] *E.g.*, Dkt. 539-2 (Ex. A) at 23, n. 2; Dkt. 539-3 (Ex. B) at 25; Dkt. 539-4 (Ex. C) at 35.

[22] Dkt. 553 at 10 (citing 856 F.3d 1353 (Fed. Cir. 2017)).

[23] *Aylus*, 856 F.3d at 1363 (alterations in original, internal citations omitted).

[24] *Id*.

[25] *Hill-Rom Servs., Inc. v. Stryker Corp.*, 755 F.3d 1367, 1372 (Fed. Cir. 2014) ("[S]tatements such as 'the present invention requires'" express disavowal.); *Pacing Techs., LLC v. Garmin Int'l, Inc.*, 778 F.3d 1021,

Another example, also highlighted in Amazon's motion, is Kove's statement that certain limitations "cannot be met in hierarchical configurations."[26] Again, case law confirms that this language, too, constitutes a disavowal of hierarchical configurations.[27] If the Court grants Amazon's request for additional briefing, and the parties are unable to agree on constructions that appropriately reflect Kove's statements without further intervention,[28] Amazon will further show that Kove disavowed claim scope in the three ways Amazon's motion identified.

And the claim-constructions arguments in Kove's brief aren't just premature, they're also legally incorrect. For instance, Kove argues that "disclaimer does not apply" if its statements were broader than necessary to overcome prior art. But Kove supports this with a misleading quotation from the Federal Circuit's *Computer Docking Station* decision, omitting words to change the meaning, as shown below:

> **Kove:** *See Comput. Docking Station Corp. v. Dell, Inc.*, 519 F.3d 1366, 1375 (Fed. Cir. 2008) (when "remarks made to distinguish claims from the prior art are broader than *necessary to distinguish* the prior art, the full breadth of the remark is not a clear and unambiguous disavowal of claim scope" (emphasis added; cleaned up)).[29]
>
> ***Computer Docking Station*:** And if the specification expressly defines a claim term and "remarks made to distinguish claims from the prior art are broader than necessary to distinguish the prior art, the full breadth of the remark is not 'a clear and unambiguous disavowal of claim scope as required to depart from the meaning of the term provided in the written description.'"[30]

---

1024 (Fed. Cir. 2015) ("We have found disclaimer when the specification indicated that, for 'successful manufacture,' a particular step was 'require[d].'") (quoting *Andersen Corp. v. Fiber Composites, LLC*, 474 F.3d 1361, 1367 (Fed. Cir. 2007)); *3Shape A/S v. Align Tech., Inc.*, No. 18-cv-886, 2020 WL 2188857, at *6 (D. Del. May 6, 2020) (finding statements about what patent "requires" to be disavowal, and rejecting argument that they "merely describe[d] one non-limiting manner by which the claimed invention differs from the prior art"), *adopted*, 2020 WL 7695898 (Dec. 28, 2020) (Stark, J.).

[26] Dkt. 539-4 (Ex. C) at 36; Dkt. 539-3 (Ex. B) at 26.

[27] *E.g.*, *Zoran Corp. v. Mediatek, Inc.*, No. 04-cv-2619, 2005 WL 2206725, at *16 (N.D. Cal. Sept. 9, 2005).

[28] As noted, the parties previously reached agreements on several disputed claim terms. Dkt. 539 at 2.

[29] Dkt. 553 at 11 (verbatim, including "(emphasis added; cleaned up)" notation).

[30] *Computer Docking Station Corp. v. Dell, Inc.*, 519 F.3d 1366, 1375 (Fed. Cir. 2008) (quoting *3M*

6

As the Federal Circuit has repeatedly held, the scope of disavowal "is not limited to what is absolutely necessary to avoid a prior art reference; patentees may surrender more than necessary."[31] *Computer Docking Station* describes an exception to that rule that applies when "the specification expressly defines a claim term" and the argued disavowal contradicts the inventor's lexicography. But rather than attempting to show that this exception applies here, Kove omits those portions of the passage.

Kove also argues that several statements that Amazon quoted are "merely explaining what the claim scope already is."[32] But Kove doesn't dispute that these statements used terms that aren't found in the asserted claims (e.g., "non-hierarchical" structure, not more than two "iterations"). And the claim language doesn't otherwise include the three ways that Kove's statements further limited its monopoly. Indeed, Amazon previously mapped the claim language, as written, to the prior art cited in Amazon's November 2021 reexamination requests. When granting those requests, the Patent Office agreed that this prior art appeared to disclose all limitations of all 19 asserted claims.[33] And the Patent Office reached similar conclusions in the non-final actions that initially rejected 15 of the asserted claims. It was only after Kove's statements and argument about what the asserted claims require that the Patent Office changed course on most (i.e., 13) of the initially rejected claims. And the public, including Amazon, is entitled to rely on those statements in

---

*Innovative Props. Co. v. Avery Dennison Corp.*, 350 F.3d 1365, 1371 (Fed. Cir. 2003)).

[31] *Tech. Props. Ltd. LLC v. Huawei Techs. Co.*, 849 F.3d 1349, 1359 (Fed. Cir. 2017); *accord TMC Fuel Injection Sys., LLC v. Ford Motor Co.*, 682 F. App'x 895, 899 (Fed. Cir. 2017) ("It is immaterial whether or not TMC needed to make such a broad disclaimer in order to traverse the prior art."); 1 Annotated Patent Digest (Matthews) § 6:20 ("As a general proposition," disclaimers may surrender "more than necessary to distinguish over the prior art.").

[32] Dkt. 553 at 6.

[33] *See, e.g.*, Dkt. 490-3 at 16 (concluding, for example, "[t]hus, the combination of OracleNamesAdmin-Guide, OracleSG, and McGarvey discloses [elements of asserted '170 claims 6 and 15]," and finding that this raises substantial new question of patentability as required by statute).

understanding the scope of Kove's claimed inventions.[34]

If the Court permits Amazon the opportunity to file an opening claim construction brief on these issues, as requested, Amazon would show that Kove's statements further limited the asserted claims in the three ways Amazon's motion identified.

### C. Kove's Belated Critique of Amazon's Proposed Constructions Lacks Merit.

As their preamble states, the LPR "provide a standardized structure for claim construction proceedings, requiring the parties to identify and exchange position statements regarding disputed claim language before presenting disputes to the Court." Amazon proposed following this structure when addressing the disputes that arose after the Court's claim construction order.[35] This included dates for serving proposed constructions and conferring, consistent with the Court's desire to "promote a meaningful exchange regarding the contested points."[36] Kove opposed this schedule.[37]

Nevertheless, before filing this motion, Amazon sent Kove proposed constructions that incorporated the three ways that Kove limited the asserted claims during the reexaminations. Amazon also revised its proposed constructions to address three objections that Kove raised during a November 16 meet-and-confer.[38] And Amazon has remained willing to consider additional objections. But Kove refused to participate further in conferring, instead choosing the inefficient path of raising various objections for the first time in opposition to this motion.

For instance, Kove complains that Amazon is seeking to limit asserted '978 patent claims

---

[34] *See Aylus*, 856 F.3d at 1359–60; *see also*, *e.g.*, Dkt. 539-2 (Ex. A) at 23 n.2 (Kove acknowledging specification describes hierarchical embodiments). To be clear, disavowal doesn't require the Patent Office to adopt Kove's arguments. *E.g.*, *Am. Piledriving Equip., Inc. v. Geoquip, Inc.*, 637 F.3d 1324, 1336 (Fed. Cir. 2011) (finding disavowal even though "examiner explicitly disagreed with [patentee's statement]").

[35] Dkt. 535 at 2.

[36] LPR 4.2, comment.

[37] *E.g.*, Dkt. 535 at 3 (Kove objecting to request "as untimely and not supported by any intervening event").

[38] Dkt. 539 at 5; *see also id.*, Appendix A.

17, 23, 24, and 30 "without explanation," based on "statements Kove made about other claims."[39] Kove could've asked, and Amazon would've provided an explanation.[40] Or Amazon could've done so in an opening claim construction brief, if Kove had agreed to Amazon filing one. In any event, the objection lacks merit. Inventors are held to their statements during prosecution or reexamination to ensure that the public has notice of the scope of claimed invention. As the Federal Circuit has stated, "[t]he question is what a person of ordinary skill would understand the patentee to have disclaimed during prosecution, not what a person of ordinary skill would think the patentee needed to disclaim."[41] To obtain the allowance of initially rejected '978 patent claims, Kove made statements about the scope of the "invention" as a whole, and about terms that those claims share with '978 claims 17, 23, 24, and 30.[42] So long as those statements are clear and unambiguous, the public is entitled to rely on them. Amazon isn't aware of, and Kove doesn't explain, any basis to adopt inconsistent constructions based on when each claim emerged from reexamination.

Kove also objects to Amazon "inexplicably includ[ing] claim 5 of the '170 patent in its chart, even though that claim has never been asserted."[43] But this, too, could've been addressed without court intervention, since that claim was inadvertently included in the chart Amazon provided to Kove before filing the motion, and Amazon isn't seeking any additional claim construction proceedings based on that claim. And, as the motion stated, Amazon remains "willing to

---

[39] Dkt. 553 at 12 (incorrectly stating that these four claims "were never reexamined").

[40] *See generally* Dkt. 539-7 (showing that Kove received chart, and knew its contents, on Nov. 15).

[41] *Tech. Props.*, 849 F.3d at 1359; *accord*, *e.g.*, *Aylus*, 856 F.3d at 1359–60.

[42] *See*, *e.g.*, Dkt. 539 at 12, n.60 & n.62 (citing Dkt. 539-4 (Ex. C) at 12). As explained in previous briefing, the first '978 reexamination confirmed claims 17, 23, 24, and 30 based on a limitation unique to those claims. *See* Dkt. 530 at 3. Amazon didn't serve any proposed constructions related to that limitation.

[43] Dkt. 553 at 13. Kove's brief discusses this claim on at least three different occasions. *See id.* at 4, 7, 13; *see also id.* at 1 (arguing, without specifics, that proposed constructions "betray[] a much larger requested redo of the claim construction process").

9

further confer and refine these proposals, as the LPRs contemplate, should the Court schedule further claim construction briefing."[44]

### D. Kove Confirms That Separate Claim-Construction Briefing Is Appropriate.

As Amazon explained, addressing the new claim-construction issues in separate briefing, rather than in dispositive motions, would streamline the litigation.[45] Kove didn't dispute this, stating "Kove does not disagree that in cases where there are disavowals requiring a new claim construction process, it would be more efficient to address them in advance of expert reports."[46] And Kove's apparent eagerness to brief the merits of the claim-construction issues further confirms that the separate briefing Amazon requested wouldn't burden the parties. Accordingly, if the Court grants Amazon's motion, the Court should schedule separate briefing, similar to the provisions of LPR 4.1–4.3 or the schedule proposed in the November 9 joint status report (Dkt. 535).

### III. CONCLUSION

Kove opposed additional claim construction briefing, requiring this motion. But Kove's brief is entirely devoted to the merits of the claim-construction disputes that Amazon identified, suggesting that Kove no longer objects to what Amazon's motion requested—i.e., "a schedule for additional claim construction briefing to address the fundamental disputes that have arisen since the *Markman* hearing, due to Kove's statements in the *ex parte* reexaminations."[47] Accordingly, the Court should grant Amazon's motion.

---

[44] Dkt. 539 at 14.

[45] *Id*. at 14–15 (responding to Court's suggestion that these issues may be addressed in dispositive motions).

[46] Dkt. 553 at 15, n.9. Kove doesn't identify what cases it's referring to. To the extent Kove suggests that a court must find disavowal before beginning a new claim construction process, that's unsupported and contrary to the cases Amazon cited (e.g., *Finjan*, *supra*).

[47] Dkt. 539 at 15.

Dated: January 5, 2023                                            Respectfully submitted,

*/s/ R. William Sigler*
Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Lisa Phillips (*pro hac vice*)
*lisa.phillips@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Suite 400
Washington, DC 20015
202.362.3500

*Attorneys for Amazon Web Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois, via the CM/ECF system, and served a copy on all counsel of record via email.

/s/ R. William Sigler