IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Amazon Web Services, Inc., <br><br> Defendant. | Civil Action No. 1:18-cv-08175 <br><br> Hon. Matthew F. Kennelly <br><br> Jury Trial Demanded |

**KOVE IO, INC.'S SURREPLY IN OPPOSITION TO
AWS'S MOTION FOR ADDITIONAL CLAIM CONSTRUCTION BRIEFING**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 2

    A. AWS's Unsupported Announcement of a Dispute Does Not Justify Reopening Claim Construction. ................................................................................................ 2

    B. AWS Offers No Reason to Think That It Can Meet the Exacting Standard for Prosecution Disclaimer. ......................................................................................... 5

    C. AWS Still Cannot Tie Its Proposed Constructions to the Alleged Disclaimers. ............ 9

III. CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*01 Communique Lab., Inc. v. Citrix Sys., Inc.*,
    2015 WL 3681065 (N.D. Ohio June 12, 2015)..................................................................4, 5, 6

*3Shape A/S v. Align Tech., Inc.*,
    2020 WL 2188857 (D. Del. May 6, 2020).................................................................................7

*3Shape A/S v. Align Tech., Inc.*,
    2020 WL 7695898 (D. Del. Dec. 28, 2020)...............................................................................7

*Avid Tech., Inc. v. Harmonic, Inc.*,
    812 F.3d 1040 (Fed. Cir. 2016)...........................................................................................2, 3, 9

*Aylus Networks, Inc. v. Apple Inc.*,
    856 F.3d 1353 (Fed. Cir. 2017).................................................................................................7

*Computer Docking Station Corp. v. Dell, Inc.*,
    519 F.3d 1366 (Fed. Cir. 2008).................................................................................................8

*Eolas Techs., Inc. v. Microsoft Corp.*,
    399 F.3d 1325 (Fed. Cir. 2005).................................................................................................9

*Epistar Corp. v. Int'l Trade Comm'n*,
    566 F.3d 1321 (Fed. Cir. 2009).................................................................................................2

*Finjan, Inc. v. Symantec Corp.*,
    2016 WL 6563342 (N.D. Cal. Nov. 4, 2016) .......................................................................4, 5

*Green Pet Shop Enters. v. Maze Innovations, Inc.*,
    2016 WL 7451629 (N.D. Ill. Dec. 28, 2016) (Kennelly, J.).....................................................2

*Grober v. Mako Prods, Inc.*,
    686 F.3d 1335 (Fed. Cir. 2012).............................................................................................8, 10

*Hill–Rom Servs., Inc. v. Stryker Corp.*,
    755 F.3d 1367 (Fed. Cir. 2014).................................................................................................7

*Kim v. Earthgrains Co.*,
    766 F. Supp. 2d 866 (N.D. Ill. 2011) .......................................................................................4

*MLC Intellectual Prop., LLC v. Micron Tech., Inc.*,
    2018 WL 4616255 (N.D. Cal. Sept. 26, 2018) ........................................................................4

*O'Neal v. Reilly*,
 961 F.3d 973 (7th Cir. 2020) ...................................................................................................4

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
 521 F.3d 1351 (Fed. Cir. 2008).......................................................................................2, 3, 5

*Pacing Techs., LLC v. Garmin Int'l, Inc.*,
 778 F.3d 1021 (Fed. Cir. 2015)...................................................................................................7

*U.S. Surgical Corp. v. Ethicon, Inc.*,
 103 F.3d 1554 (Fed. Cir. 1997)...................................................................................................3

*X One, Inc. v. Uber Techs., Inc.*,
 440 F. Supp. 3d 1019 (N.D. Cal. 2020) ..................................................................................4

*Zoran Corp. v. Mediatek, Inc.*,
 2005 WL 2206725 (N.D. Cal. Sept. 9, 2005) ......................................................................7, 8

**Rules**

N.D. Ill. LPR 1.1 ..............................................................................................................................5

I.      **INTRODUCTION**

After repeated attempts to invalidate Kove's patents at the Patent Office, AWS now asks for another chance at claim construction. Reopening claim construction would come at a high cost, delaying this case and taxing both the parties' and the Court's resources. The Court should not lightly embark on such a course, and there is no good reason to do so here.

AWS's argument in favor of reopening claim construction was that cherrypicked statements in the reexamination record add up to prosecution disclaimer. That, AWS said, created a fundamental dispute about claim scope and justified redoing the construction. As Kove explained, that argument was meritless. AWS's arguments for disclaimer fall far short of its heavy burden of showing a clear and unmistakable disavowal of claim scope. Nor has AWS established that additional briefing would enable it to satisfy that burden.

In its reply, AWS takes a different tack. Now it says that it need not show disclaimer after all and complains that Kove was not allowed to respond to its disclaimer argument because that is what the additional briefing would be for—though AWS does not explain how yet another brief would help it establish what its first two attempts have not. Put another way, AWS contends that it is entitled to additional briefing on claim construction because it wants a different construction, and if anyone argues otherwise, that just confirms that there is a dispute about the construction. That circular approach is not required by Federal Circuit law, is not supported by AWS's handful of district court cases, and would grind this and every other patent case to an indefinite halt. Parties could continuously announce disputes with the construction—including the Court's construction, which is the one AWS takes issue with here—and require courts to endlessly reconstrue claims.

Under any standard, including the one AWS initially advocated and the new one its reply lands on, AWS has offered no good reason to reopen claim construction.

1

## II. ARGUMENT

### A. AWS's Unsupported Announcement of a Dispute Does Not Justify Reopening Claim Construction.

The question raised by AWS's motion is whether there is a "fundamental dispute regarding the scope of a claim term" that warrants reopening claim construction. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008); Dkt. 539 at 1, 5-6 (AWS invoking this standard). AWS said that there is such a dispute in this case because Kove's statements during reexamination amounted to prosecution disclaimer. Dkt. 539 at 1-2, 8-13. As Kove's response explained, AWS cannot satisfy "[t]he demanding standard for finding a disclaimer." *Avid Tech., Inc. v. Harmonic, Inc.*, 812 F.3d 1040, 1045 (Fed. Cir. 2016); *see Epistar Corp. v. Int'l Trade Comm'n*, 566 F.3d 1321, 1334 (Fed. Cir. 2009) (party alleging disclaimer bears the burden); *Green Pet Shop Enters. v. Maze Innovations, Inc.*, 2016 WL 7451629, at *3 (N.D. Ill. Dec. 28, 2016) (Kennelly, J.) ("The standard for disavowal of claim scope is exacting."); Dkt. 553 at 4-12. Because AWS's only argument that there is a "fundamental dispute" lacks merit, reopening claim construction is not appropriate.

AWS's counterargument boils down to the view that there is a dispute because it wants to reopen claim construction and Kove disagrees. *See, e.g.*, Dkt. 571 at 4 (arguing that because Kove's response disputes "whether Kove's statements to the Patent Office constitute disavowal, it further confirms that [there are] fundamental disputes requiring construction"). That is not how this works.

For starters, the "fundamental dispute" discussed in *O2 Micro* was one "regarding the scope of a claim term," not one about whether there should be more claim construction or what the construction should say. *See* 521 F.3d at 1362. Without a fundamental dispute about "what the patentee covered by the claims, for use in the determination of infringement," there is no need

2

for claim construction. *Id.* (quoting *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997)). *O2 Micro* held that a "dispute over the scope of the asserted claims"—there, whether a limitation applied only under certain circumstances or "at all times without exception"—was "a question of law" that should not have been left for the jury to resolve. *See id.* at 1360-63; *see also id.* at 1360 ("When the parties raise an actual dispute regarding the proper scope of the[] claims [asserted to be infringed], the court, not the jury, must resolve that dispute."); *id.* at 1361 ("In this case, the 'ordinary' meaning of a term does not resolve the parties' dispute" over "the scope of that claim term."). Nothing about the Federal Circuit's assignment of legitimate disputes over claim scope to the Court rather than the jury requires the Court to hold new claim construction proceedings whenever a party says it wants a different construction. Because AWS cannot meet its burden to show a "clear and unmistakable" disavowal of claim scope, *Avid Tech.*, 812 F.3d at 1045, it has not presented any dispute over claim scope that requires the Court's intervention. *See* Dkt. 553 at 4-12.

AWS's contrary position would require never-ending claim construction in every patent case. Any time a party declares a disagreement about claim construction—whether or not meritorious—the parties and the Court would be bogged down in new claim construction proceedings. Indeed, AWS's disagreement here is with the Court's construction just as much as it is with Kove; Kove's position is that the Court's construction should not change. Nothing in *O2 Micro* or any other binding authority Kove can find requires courts to engage in the pointless exercise AWS demands. *See U.S. Surgical*, 103 F.3d at 1568 (Claim construction "is not an obligatory exercise in redundancy.").

AWS's handful of nonprecedential cases is not to the contrary. That other district courts have found that other disputes, based on the records before them, warranted additional claim

3

construction does not establish that AWS's mere declaration of a dispute—without any reason to think that the high bar for finding a disavowal of claim scope is satisfied here—entitles it to another bite at the apple. *See Finjan, Inc. v. Symantec Corp.*, 2016 WL 6563342, at *2 (N.D. Cal. Nov. 4, 2016) (finding "fundamental disputes"); *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, 2018 WL 4616255, at *6-12 (N.D. Cal. Sept. 26, 2018) (adopting new constructions where the defendant established "clear disavowals of claim scope," but refusing to change other constructions where the defendant failed to meet that standard); *01 Communique Lab., Inc. v. Citrix Sys., Inc.*, 2015 WL 3681065, at *2 n.4 (N.D. Ohio June 12, 2015) (noting that the court had ordered additional claim construction briefing at a hearing on a motion to lift a stay at which the plaintiff essentially conceded the issue, declining to reconsider that decision, and accordingly citing no authority); *X One, Inc. v. Uber Techs., Inc.*, 440 F. Supp. 3d 1019, 1032 (N.D. Cal. 2020) (on a summary judgment motion, noting that courts are "required to construe only those terms that are in controversy, and only to the extent necessary to resolve the controversy," and concluding that claim construction was necessary to resolve the motion (cleaned up)), *appeal voluntarily dismissed*, No. 20-1657 (Fed. Cir. Apr. 29, 2021); *Kim v. Earthgrains Co.*, 766 F. Supp. 2d 866, 869-70 (N.D. Ill. 2011) (determining at the summary judgment stage that "an updated claim construction [was] necessary" because "the reissued patent contains different language" that the court had already ruled "was a material limitation of the scope of the patent"), *aff'd*, 451 F. App'x 922 (Fed. Cir. 2011).

For the first time in its reply brief, AWS argues that the Court should apply a "good cause" standard to its motion—and complains that Kove did not explicitly direct its arguments to that purported standard or argue "that any stricter standard applies under the" Local Patent Rules. Dkt. 571 at 2-3. AWS has forfeited any argument for a "good cause" standard. *O'Neal v. Reilly*,

961 F.3d 973, 974 (7th Cir. 2020) ("[W]e have repeatedly recognized that district courts are entitled to treat an argument raised for the first time in a reply brief as waived."). AWS's motion argued that *O2 Micro* requires reopening claim construction where there is a "fundamental dispute on claim scope," and that there is such a dispute here because Kove's statements during the reexamination amounted to disclaimer. Dkt. 539 at 5-8 (capitalization altered). It cited the Local Patent Rules only for the proposition that the Court "may modify the obligations and deadlines of the LPR based on the circumstances of any particular case." *Id.* at 6 (quoting N.D. Ill. LPR 1.1). And it mentioned "good cause" only in describing what a different district court said about a different case. *Id.* at 1, 7 & n.40 (quoting *Finjan*, 2016 WL 6563342, at *2); *see also id.* at 5-6 ("legal standard" section without any mention of "good cause"). Nowhere did AWS say that "good cause" was the test—or that this Court should grant its motion for any reason other than the one it advanced: the alleged disclaimers in the reexamination proceedings. As Kove's response explained, because there were no such disclaimers, there is no dispute entitling AWS to a redo of claim construction. Dkt. 553 at 4-12. Anyhow, as explained below, Amazon cannot even satisfy its newly proposed standard.

    **B. AWS Offers No Reason to Think That It Can Meet the Exacting Standard for Prosecution Disclaimer.**

AWS all but concedes that it has not met the exacting standard for disclaimer on this record, arguing instead that it will try to do so if it gets the additional briefing it wants. Dkt. 571 at 4; *see also id.* at 4-5 (AWS claiming that it "didn't request that the Court find disclaimer"). But there is no point wasting the Court's and the parties' resources on additional briefing when AWS has offered no reason to think that briefing would enable it to meet its burden.

AWS's current position is a stark departure from its motion. In its motion, AWS acknowledged that disclaimer occurs only where "the patentee clearly and unambiguously

5

disavows claim scope during prosecution." Dkt. 539 at 8-9. Applying that standard, AWS attempted to show that "Kove limited the scope of the asserted claims in three key ways," *id.* at 9, presenting six pages of argument on that point, *id.* at 8-13. *See id.* at 11 (calling Kove's statements "clear and unmistakable disclaimers"); *id.* at 12 (again); *id.* at 13 (contending that unless claim construction is reopened, Kove will not "be held to its representations during the reexaminations, as Federal Circuit law requires"). And AWS attempted to show that its proposed constructions "incorporate Kove's arguments and disclaimers." *Id.* at 13-14.

As explained in Kove's response, those arguments were meritless. Dkt. 553 at 5-12. Instead of defending the position it originally took, AWS now complains that Kove should not have addressed AWS's arguments at all. Dkt. 571 at 2, 4-5. According to AWS, "that would be the focus of the additional briefing [it] requested." *Id.* at 4. In other words, AWS's position is that it is entitled to another chance at claim construction because it says there is disclaimer, and nobody is allowed to say otherwise—or even expect AWS to provide support for its view—until it gets that extra chance. *See id.* (asserting, without citing any legal authority, that by disagreeing that "Kove's statements to the Patent Office constitute disavowal," Kove "confirm[ed] that fundamental disputes requiring construction are present here"). That makes no sense.

What little AWS's reply says about whether there was a disavowal does not move the needle. First, AWS argues that Kove used the word "require" during the reexamination proceedings and cites other cases where that word was part of a clear and unmistakable disclaimer. Dkt. 571 at 5. Here, by contrast, Kove's uses of the word "require" were about what the claims already require, which cannot be disavowal. Restating the existing requirements of a patent is not disavowal. And as AWS' cases confirm, disclaimer is not a question of magic words; the question is whether the patentee "unequivocally and unambiguously disavow[ed] a certain meaning to

6

obtain a patent." *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1359 (Fed. Cir. 2017); *see id.* at 1363-64 (holding that the patentee's statement that the claims "require that only the control point proxy logic be invoked" unambiguously meant that a different logic "cannot be invoked," and rejecting the patentee's argument that "'only' the CPP logic is *required* to be invoked," but other logic is not "*precluded* from being invoked" (cleaned up)); *Hill–Rom Servs., Inc. v. Stryker Corp.*, 755 F.3d 1367, 1372 (Fed. Cir. 2014) (stating that the test is whether "the patentee has demonstrated a clear intention to limit the claim scope using words or expressions of manifest exclusion or restriction," providing examples of statements that might qualify, and concluding that the standard was not met (cleaned up)); *Pacing Techs., LLC v. Garmin Int'l, Inc.*, 778 F.3d 1021, 1024-26 (Fed. Cir. 2015) (holding that the specification at issue "contain[ed] a clear and unmistakable statement of disavowal or disclaimer" because of statements it made about the "objects of the present invention"—read "[i]n the context of this patent"—but noting that such statements "will not always rise to the level of disclaimer"); *3Shape A/S v. Align Tech., Inc.*, 2020 WL 2188857, at *6 (D. Del. May 6, 2020) (applying *Aylus* and finding a "clear and unmistakable disclaimer" where a party's statement about what the invention "requires" was made to distinguish a particular prior art reference, without any focus on the word "requires"), *adopted*, 2020 WL 7695898 (D. Del. Dec. 28, 2020). So too for AWS's argument about "cannot be met," for which it cites only a district court case that finds—without citing authority or suggesting that those words automatically amount to disclaimer—that a statement in the specification at issue was a disavowal. Dkt. 571 at 6 & n.27; *see Zoran Corp. v. Mediatek, Inc.*, 2005 WL 2206725, at *16 (N.D. Cal. Sept. 9, 2005).

      Second, AWS argues that disclaimers can be "broader than necessary to overcome prior art." Dkt. 571 at 6-7. That is beside the point. What Kove argued is that the alleged disclaimers

7

regarding "resolving requests" were providing general background and were not explaining "why the prior art references are overcome." Dkt. 553 at 10 (capitalization altered). And because they were "neither *directed at* nor necessary to overcome the prior art," there was no disclaimer. *Id.* at 11 (emphasis added). AWS cites no authority for the proposition that general background statements can amount to a clear and unambiguous disclaimer. Nor does it dispute Kove's point that these statements were not directed at the prior art. *See* Dkt. 571 at 6-7. Whatever it might say about AWS's strawman argument, AWS's quibble with one of the five precedential cases Kove cited for this point does not undercut the argument Kove was actually making. *Id.* at 6 (arguing with Kove's parenthetical for *Computer Docking Station Corp. v. Dell, Inc.*, 519 F.3d 1366 (Fed. Cir. 2008), rather than the proposition for which Kove cited it). As *Computer Docking Station* also says, "[p]rosecution disclaimer does not apply, for example, if the applicant simply describes features of the prior art and does not distinguish the claimed invention based on those features." 519 F.3d at 1375. That was the point. Dkt. 553 at 11 (citing *Computer Docking Station* for the proposition that "Kove's description[s] of the invention's capabilities were neither directed at nor necessary to overcome the prior art, so disclaimer does not apply"); *see also Grober v. Mako Prods, Inc.*, 686 F.3d 1335, 1342 (Fed. Cir. 2012) (holding that "reexamination commentary" describing the prior art but not distinguishing the invention based on that description "cannot fairly limit the characteristics of the claim term") (cited at Dkt. 553 at 11).

  Finally, AWS argues that Kove's statements are disavowals because they "used terms that aren't found in the asserted claims." Dkt. 571 at 7-8. That is not the test. By AWS's logic, any attempt at description is disclaimer, and so patentees can never respond to the Patent Office with anything more than a copy of the patent without triggering disclaimer (or at least endless claim construction). *See* Dkt. 553 at 8. Describing or explaining the claims in response to the examiner's

8

concerns without changing the claims' scope is not the "clear and unmistakable" disavowal of claim scope required by binding precedent. *See Avid Tech.*, 812 F.3d at 1045 (attribution omitted); *Eolas Techs., Inc. v. Microsoft Corp.*, 399 F.3d 1325, 1337-38 (Fed. Cir. 2005).

At the end of the day, AWS cannot even satisfy the "good cause" standard it belatedly advocates. AWS does not suggest any reason to find "good cause" for reopening claim construction other than the alleged disclaimers. AWS tried and failed to establish disclaimer in its motion. It tried and failed again in parts of its reply, while also claiming that it need not do so. It does not suggest that it is missing any information that it needs to satisfy its heavy burden; after all, its whole argument is about statements that "have now become part of Kove's patents' prosecution history," which is available to AWS. Dkt. 571 at 1. Yet AWS promises that the third brief will be where it finally shows disclaimer, saying that if the Court grants its motion, it "would show that Kove's statements further limited the asserted claims in the three ways [its] motion identified." Dkt. 571 at 8. AWS offers no reason to believe its say-so that yet another round of briefing will allow it to satisfy the demanding standard for disclaimer.

### C. AWS Still Cannot Tie Its Proposed Constructions to the Alleged Disclaimers.

As Kove's response explains, AWS's proposed claim constructions include claims that Kove made no arguments about in the reexamination proceedings because the examiner found them patentable at the outset (claims 17, 23, 24, and 30 of the '978 patent) and even a claim that has never been asserted in this action or the subject of any reexamination (claim 5 of the '170 patent). Dkt. 553 at 12-13. And for the remaining claims, AWS's constructions are not supported by the alleged disclaimers. *Id.* at 13-15. For example, AWS wants to construe "network" and "system" based on statements about the structure of location servers within a network—not about any "networks" or "systems" themselves. *Id.* at 13. Should there be additional briefing, the precise claim constructions would be discussed.

9

AWS concedes that it cannot seek a construction of claim 5 of the '170 patent, which it says it "inadvertently included." Dkt. 571 at 9-10. As for claims 17, 23, 24, and 30 of the '978 patent, AWS asserts that shared terms should be construed the same way. *Id.* at 9. That misses the point. AWS does not dispute that its disclaimer arguments rest on statements Kove made about limitations that are not present in claims 17, 23, 24, and 30 of the '978 patent. *See* Dkt. 553 at 12 (making this point). Nor does it dispute that statements about the meaning of one term are not an appropriate basis for finding disclaimer as to a different term. *See Grober*, 686 F.3d at 1342 (holding that statements that did not "unambiguously focus on the characteristics" of a term, "let alone distinguish [that term] from the prior art," "cannot fairly limit the characteristics of [that] claim term"); Dkt. 553 at 12.

For the remaining claims—the ones that were at least arguably the subject of the alleged disclaimers—AWS does not respond at all to Kove's argument that the alleged disclaimers do not support (and have little to do with) its proposed constructions. *Compare* Dkt. 553 at 13-15 (providing examples), *with* Dkt. 571 at 8-10 (no response). But that is a question for another day should AWS have made even its threshold showing of disclaimer to warrant additional briefing, which it has not.

With little to say on the substance, AWS resorts to a made-up rule that any point not specifically made in a meet-and-confer cannot be made in a brief. *See* Dkt. 571 at 8-10. AWS understandably cites no authority for that position. The meet-and-confer process worked as intended: After the parties reached an impasse on whether to reopen claim construction, AWS chose to move for relief from the Court. AWS bears the burden on its motion. AWS's failure to carry that burden is its own responsibility, not Kove's.

### III. CONCLUSION

For these reasons, AWS's motion to reopen claim construction should be denied.


| | |
|---|---|
| Dated: January 12, 2023 | Respectfully submitted, |
| | */s/ Khue V. Hoang* |
| Khue V. Hoang (*pro hac vice*)<br>khoang@reichmanjorgensen.com<br>Jaime F. Cardenas-Navia (*pro hac vice*)<br>jcardenas-navia@reichmanjorgensen.com<br>REICHMAN JORGENSEN LEHMAN &<br>FELDBERG LLP<br>400 Madison Avenue, Suite 14D<br>New York, NY 10017<br>Telephone: (212) 381-1965<br>Facsimile: (650) 560-3501 | Renato Mariotti (State Bar No. 6323198)<br>renatto.mariotti@bclplaw.com<br>Holly H. Campbell (State Bar No. 6320395)<br>holly.campbell@bclplaw.com<br>BRYAN CAVE LEIGHTON PAISNER LLP<br>161 North Clark Street, Suite 4300<br>Chicago, IL 60601<br>Telephone: (312) 602-5000 |
| Christine E. Lehman (*pro hac vice*)<br>clehman@reichmanjorgensen.com<br>Adam Adler (*pro hac vice*)<br>aadler@reichmanjorgensen.com<br>Philip Eklem (*pro hac vice*)<br>peklem@reichmanjorgensen.com<br>REICHMAN JORGENSEN LEHMAN &<br>FELDBERG LLP<br>1909 K Street, NW, Suite 800<br>Washington, DC 20006<br>Telephone: (202) 894-7310<br>Facsimile: (650) 560-3501 | Courtland L. Reichman (*pro hac vice*)<br>creichman@reichmanjorgensen.com<br>Shawna L. Ballard (*pro hac vice*)<br>sballard@reichmanjorgensen.com<br>Savannah Carnes (*pro hac vice*)<br>scarnes@reichmanjorgensen.com<br>REICHMAN JORGENSEN LEHMAN &<br>FELDBERG LLP<br>100 Marine Parkway, Suite 300<br>Redwood Shores, CA 94065<br>Telephone: (650) 623-1401<br>Facsimile: (650) 560-3501 |
| Taylor Mauze (*pro hac vice*)<br>tmauze@reichmanjorgensen.com<br>Navid Bayar (*pro hac vice*)<br>nbayar@reichmanjorgensen.com<br>REICHMAN JORGENSEN LEHMAN &<br>FELDBERG LLP<br>7500 Rialto Blvd., Suite 1-250<br>Austin, TX 78735<br>Telephone: (650) 623-1401<br>Facsimile: (650) 560-3501 | |

**ATTORNEYS FOR PLAINTIFF
KOVE IO, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of January, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Khue V. Hoang*
Khue V. Hoang