IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> AMAZON WEB SERVICES, INC., <br><br> *Defendant*. | Case No. 1:18-cv-8175 <br><br> Hon. Matthew F. Kennelly |

# AMAZON'S MOTION FOR LEAVE TO AMEND ITS FINAL INVALIDITY CONTENTIONS

Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Lisa Phillips (*pro hac vice*)
*lisa.phillips@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Suite 400
Washington, DC 20015
202.362.3500

*Attorneys for Amazon Web Services, Inc.*

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND .............................................................................................................. 2

    A. Kove's Arguments to Overcome Prior Art in the November 2021 EPRs ...................... 2

    B. Based on Kove's Disclaimers, Amazon Identifies Additional Claim-Construction Issues and Relevant Prior Art. ........................................................................................ 3

III. LEGAL STANDARD ...................................................................................................... 4

IV. ARGUMENT .................................................................................................................... 4

    A. Amazon Has Good Cause to Amend Its Invalidity Contentions to Address Kove's Post-Claim Construction Disclaimers. .......................................................................... 4

    B. Amazon Acted Diligently in Amending Its Invalidity Contentions. ............................. 8

    C. There Is No Prejudice to Kove. ...................................................................................... 9

V. CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*01 Communique Lab'y, Inc. v. Citrix Sys., Inc.*,
   No. 1:06-cv-253, 2015 WL 3681065 (N.D. Ohio June 12, 2015) .............................. 6

*Finjan, Inc. v. Symantex Corp.*,
   No. 14-cv-2998, 2016 WL 6563342 (N.D. Cal. Nov. 4, 2016) ................................... 6

*Kim v. Earthgrains Co.*,
   766 F. Supp. 2d 866 (N.D. Ill. 2011) ........................................................................ 6

*MLC Intellectual Prop., LLC v. Micron Tech., Inc.*,
   No. 14-cv-03657, 2018 WL 4616255 (N.D. Cal. Sept. 26, 2018) .............................. 6

*Olesky v. General Elec. Co.*,
   No. 06-cv-1245, 2013 WL 3944174 (N.D. Ill. July 31, 2013) ................................... 5

*Oy Ajat, Ltd. v. Vatech Am., Inc.*,
   2012 WL 1067900 (D. N.J. March 29, 2012) ........................................................... 8

*Positive Techs., Inc. v. Sony Elecs., Inc.*,
   2013 WL 322556 (N.D. Cal. January 28, 2013) .................................................... 8, 9

*Sloan Valve Co. v. Zurn Indus., Inc.*,
   No. 10-cv-204, 2012 WL 4049361 (N.D. Ill. Sept. 13, 2012) ................................... 7

*Sonix Tech. Co., Ltd. v. Publications Int'l, Ltd.*,
   No. 13-cv-2082, 2015 WL 4730155 (N.D. Ill. August 10, 2015) .............................. 5

*X One, Inc. v. Uber Techs., Inc.*,
   440 F. Supp. 3d 1019 (N.D. Cal. 2020) .................................................................... 6

## I. INTRODUCTION

Amazon intends to raise additional proposed claim-constructions during summary judgment briefing, as the Court has instructed. Those constructions are based on Kove's statements in *ex parte* reexamination proceedings (EPRs) that limited the asserted claims' scope. The parties have already agreed, and the Court has ordered, that Kove's statements and Amazon's proposed constructions warranted amendment of the parties' respective infringement, validity, and non-infringement contentions.[1] Indeed, in Kove's unopposed motion to amend its infringement and validity contentions to address Amazon's proposed constructions, it stated:

> Good cause exists for Kove's amendments to [the latest versions of its contentions] to address the proposed claim constructions of AWS, as presented in AWS's Motion for Additional Claim Construction Briefing (ECF No. 539, App'x A). The Court denied AWS's request for additional claim construction briefing without prejudice for AWS to present them during summary judgment. Kove thus seeks to address AWS's proposed claim constructions.[2]

Yet, Kove opposes Amazon having the same opportunity to address the same issues in its proposed amended invalidity contentions.

Just as it supported Kove's motion to amend, good cause also supports Amazon's request to amend its invalidity contentions. In preparing its previous invalidity contentions, Amazon couldn't have anticipated Kove's disclaimers—which Kove made later, while this case was stayed, to overcome the prior art that Amazon identified to the Patent Office. And Amazon's prior invalidity contentions naturally are silent as to the new claim limitations that Kove's disclaimers would add, thus requiring Amazon to amend its contentions to address them.

Amazon's proposed amendments also won't prejudice Kove. The amendments seek only

---

[1] *See* Dkt. 589, 592, 593.

[2] Dkt. 592 at 2. For example, Kove amended its infringement theories to address Amazon's proposed constructions, which are based on Kove's disclaimers in the EPRs. Dkt. 591-3 – 591-5.

to include prior art grounds that Amazon presented to the Patent Office in currently pending EPR requests that Amazon filed in February. And Amazon served its proposed amendments on Kove on March 2, 2023, over nine weeks before the May 5 fact discovery deadline, thus allowing Kove sufficient time to provide responsive contentions and take further discovery if it so chooses.

Thus, and as further detailed below, Amazon should be granted leave to amend its invalidity contentions to address Kove's statements made during EPRs.

## II. BACKGROUND

Amazon last sought leave to amend its final invalidity contentions to address the Court's claim construction order.[3] The Court granted Amazon's unopposed motion.[4] Consistent with that order, Amazon served its fourth amended invalidity contentions on March 7, 2022.

### A. Kove's Arguments to Overcome Prior Art in the November 2021 EPRs

As the Court knows from recent briefing, Amazon filed three requests for *ex parte* reexaminations in November 2021.[5] Between March 8 and November 5, 2022, the Court stayed this case pending the EPRs.[6] After the initial rejections of the asserted claims in the EPRs,[7] Kove filed responses in each proceeding with arguments for overcoming the cited prior art.[8] For example, Kove argued that all asserted claims require non-hierarchical structure.[9] The Patent Office then issued final actions rejecting asserted claims 1 and 31 of the '978 patent, but rescinding the prior

---

[3] Dkt. 508.

[4] Dkt. 512.

[5] *E.g.*, Dkt. 539 at 2-3 (Amazon's motion for additional claim construction briefing).

[6] Dkt. 534.

[7] Dkt. 539-5, 539-6 (initially rejecting all asserted '640 and '170 claims); Dkt. 526-4 (initially rejecting six of ten asserted '978 claims).

[8] Dkt. 539-2, 539-3, 539-4 (Kove's responses).

[9] *See* Dkt. 539-2 at 10, 23-26; Dkt. 539-3 at 11, 25-29; Dkt. 539-4 at 12, 35-40. Kove further argued that every location server has data for every network request. *See* Dkt. 539-2 at 10; Dkt. 539-3 at 23; Dkt. 539-4 at 36.

rejections for the other asserted claims.[10]

> **B.** **Based on Kove's Disclaimers, Amazon Identifies Additional Claim-Construction Issues and Relevant Prior Art.**

Four days after this Court lifted the stay, Amazon identified to Kove three ways that Kove had narrowed the scope of the asserted claims in the EPRs.[11] And in November 2022, Amazon moved for additional claim construction briefing based on those disclaimers.[12] On January 13, 2023, the Court denied that motion "without prejudice to the presentation of the claim construction arguments during briefing on summary judgment."[13]

Shortly after the Court's order, the parties conferred and agreed to serve amended contentions addressing Kove's disclaimers and Amazon's proposed constructions by March 2, 2023.[14] On that date, Amazon served its proposed Fifth Amended Final Unenforceability and Invalidity Contentions.[15] These contentions included prior art and grounds directly addressing Kove's disclaimers.[16] Nonetheless, on March 6, 2023, Kove informed Amazon that it opposed these proposed amendments to Amazon's contentions.[17] Per LR 37.2, the parties then engaged in a telephonic

---

[10] *E.g.*, Dkt. 539 at 3-4.

[11] Dkt. 535 at 4–5; Dkt. 539 at 4 ("Kove narrowed the scope of its invention to cover: (1) location servers in non-hierarchical, cluster structures, (2) which each contain the relevant location information or information to locate the relevant location information, (3) and can resolve the request in two or fewer steps.").

[12] Dkt. 539; *see also* Dkt. 536 (minute entry for Nov. 10, 2022 hearing).

[13] Dkt. 579.

[14] Ex. B (Feb. 13, 2023 email from Kove to Amazon). The Parties also agreed on a new deadline to serve responsive contentions addressing the Court's December 17, 2021 claim-construction order, as the previous deadline to do so had been interrupted by the stay.

[15] Ex. A (Amazon's proposed Fifth Amended Final Unenforceability and Invalidity Contentions).

[16] As further detailed below, Amazon previously filed new EPR requests on Feb. 16, 2023, that include the same prior art addressing Kove's disclaimers in the earlier EPRs.

[17] Ex. C (March 6, 2023 email from Kove to Amazon).

3

conference on March 7 between counsel[18] and further correspondence in an effort to resolve this issue,[19] but the parties were unable to reach a resolution.

## III. LEGAL STANDARD

Under LPR 3.4, a party may amend final non-infringement or invalidity contentions "only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the basis for the amendment."[20] LPR 3.4 further provides that "[a]n example of a circumstance that may support a finding of good cause, absent undue prejudice to the non-moving party, includes a claim construction by the Court different from that proposed by the party seeking amendment."[21]

## IV. ARGUMENT

### A. Amazon Has Good Cause to Amend Its Invalidity Contentions to Address Kove's Post-Claim Construction Disclaimers.

As explained in recent briefing, Kove's arguments in the reexaminations limited the scope of the asserted claims in three key ways to overcome the prior art that Amazon submitted.[22] Specifically, Kove stated that its inventions only cover: (1) location servers in non-hierarchical, cluster structures, where each location server (2) contains the relevant location information, or information to locate the relevant location information, and (3) can resolve the request in two or fewer

---

[18] The parties conducted this call at 1 p.m. CT on March 7, with Jeff Saltman, Ken Fung, and Andrew Ramos participating for Amazon, and Khue Hoang and Jaime Cardenas-Navia participating for Kove.

[19] *See, e.g.*, Ex. D (March 9, 2023 email from Kove to Amazon). Kove's proposed amendments to its infringement contentions and validity contentions to address Amazon's claim constructions, and Amazon's non-infringement contentions in response, remained unopposed.

[20] LPR 3.4.

[21] LPR 3.4.

[22] Dkt. 539, 8–13.

steps.²³ Amazon thus proposed constructions incorporating Kove's disclaimers.²⁴ Amazon then sought and obtained the Court's permission to raise claim-construction arguments based on those disclaimers.²⁵ And for similar reasons, Amazon now respectfully requests leave to amend its invalidity contentions to assert prior art directly addressing Kove's disclaimers.

Indeed, because Kove's disclaimers occurred during the reexaminations and after Amazon had served its invalidity contentions, Amazon couldn't have incorporated them into its prior contentions.²⁶ And Amazon couldn't have anticipated this before the EPRs because the limitations that Kove's disclaimers add are absent from the claims, the specifications, the previous prosecution history, Kove's previous claim-construction arguments, and the Court's claim-construction order. There was no reason for Amazon to consider limitations absent from the record when performing its original prior art search and in preparing its earlier contentions.²⁷ Amazon's pre-stay invalidity contentions thus are silent as to the added limitations, necessitating the present request to amend.

In fact, the parties agree about the necessity of amending their respective contentions to address the proposed constructions.²⁸ Thus, as shown above, Kove filed an unopposed motion to amend its contentions to address Amazon's proposed constructions. In that motion, Kove argued

---

²³ Dkt. 539, 9–13.

²⁴ Dkt. 539, 13–14.

²⁵ Amazon intends to raise these claim-construction arguments at summary judgment, consistent with the Court's January 13 order. Dkt. 579.

²⁶ Dkt. 539, 6–8.

²⁷ *See, e.g., Sonix Tech. Co., Ltd. v. Publications Int'l, Ltd.*, No. 13-cv-2082, 2015 WL 4730155, at *6 (N.D. Ill. August 10, 2015) (granting defendant's motion for leave to amend invalidity contentions to include an indefiniteness argument of a claim term previously agreed to as given its "ordinary meaning" after patent owner's deposition statement informing "his opinion about the scope and content of the prior art."); *see also, e.g., Olesky v. General Elec. Co.*, No. 06-cv-1245, 2013 WL 3944174, at *2–4 (N.D. Ill. July 31, 2013) (granting defendants motion for leave to amend invalidity contentions to include new prior art references discovered in the course of responding to discovery requests.).

²⁸ Ex. E (Feb. 8, 2023 Kove email to Amazon).

that good cause existed for its amendments "to address the proposed claim constructions of AWS."[29] Similarly, Amazon filed an unopposed to amend its non-infringement contentions to incorporate those constructions.[30] And on March 19, this Court granted both motions.[31]

Despite this agreement, Kove opposes Amazon's related request to amend its invalidity contentions to address those contentions. According to Kove, "it was not anticipated that AWS would seek to make such a substantial change to its invalidity contentions, and Kove does not believe such a change is warranted under the local patent rules."[32] But contrary to what Kove asserts, this district has explained that good cause exists for amending invalidity contentions when plaintiffs make new statements that alter the scope of claims. For instance, in *Sonix Tech. Co. v. Publications Int'l, Ltd.*, this Court stated: "[t[o the extent that [plaintiff] relies on [its expert's] understanding of [the claim term] to differentiate the claimed invention from the prior art, Defendants have a right to respond to such an argument."[33] And when patent owners make statements in response to post-grant proceedings that materially affect claim construction after the *Markman* hearing, this Court and others generally hold that defendants should be given an opportunity to address those statements.[34] This is only fair, given that statements made during reexamination

---

[29] Dkt. 592 at 2. For example, Kove amended its infringement theories to address Amazon's proposed constructions, which are based on Kove's disclaimers in the EPRs. Dkt. 591-3 – 591-5.

[30] Dkt. 589.

[31] Dkt. 593.

[32] Ex. D (Mar. 9, 2023 email from Kove to Amazon).

[33] 2015 WL 4730155, at *6–7.

[34] *See, e.g., Finjan, Inc. v. Symantex Corp.*, No. 14-cv-2998, 2016 WL 6563342, at *2 (N.D. Cal. Nov. 4, 2016) (also granting briefing on statements in co-pending litigation); *X One, Inc. v. Uber Techs., Inc.*, 440 F. Supp. 3d 1019, 1040–46 (N.D. Cal. 2020) (revisiting claim construction and concluding that arguments in *inter partes* review further limited claims); *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 14-cv-03657, 2018 WL 4616255, at *6 (N.D. Cal. Sept. 26, 2018) (revisiting claim construction to address two terms following ex parte reexamination); *01 Communique Lab'y, Inc. v. Citrix Sys., Inc.*, No. 1:06-cv-253, 2015 WL 3681065, at *2 (N.D. Ohio June 12, 2015) (similar); *Kim v. Earthgrains Co.*, 766 F. Supp. 2d 866, 870–71 (N.D. Ill. 2011) (revisiting claim construction following amendment of asserted patent).

proceedings become part of the prosecution history.[35]

Further, this district explained in *Sloan Valve Co. v. Zurn Indus., Inc.* that a defendant's motion for leave to amend should be granted "to the extent that those amendments are necessary to respond to the permissible amendments to [the plaintiff's contentions]."[36] Here, as noted, this Court has already granted Kove leave to amend its own infringement contentions to address its EPR statements.[37] The parties agreed that this was necessary.

And Amazon's proposed amendments to its invalidity contentions are also necessary to address Kove's contentions. For example, in the EPRs, Kove limited the scope of all asserted claims by arguing to the Patent Office that they "require *non-hierarchical* structure."[38] Amazon's additional invalidity grounds address this statement. Namely, the prior-art reference Oracle Names Administrator's Guide teaches that the system components include SQL*Net functionalities allowing users to request data located in the system using Names Servers in a flat, non-hierarchical configuration that mirrors Kove's statements.[39] Amazon's other additional prior-art references—Steen and Skagerwall—disclose the same.[40] And Amazon's additional invalidity grounds specifically disclose the two other Kove narrowing statements that each location server contains the

---

[35] *CIVIX v. Nat'l Ass'n of Realtors*, No. 05-cv-6869, 2007 WL 7759150, at *3 (N.D. Ill. Sept. 17, 2007); *accord Sloan Valve Co. v. Zurn Indus., Inc.*, No. 10-cv-204, 2012 WL 4049361, at *7 (N.D. Ill. Sept. 13, 2012) (such statements "are relevant prosecution history when interpreting claims").

[36] *Sloan Valve Co.*, 2012 WL 6214608, at *4 (granting "Motion for Leave to Amend its Non-infringement, Invalidity/Unenforceability Contentions").

[37] Dkt. 593.

[38] *See, e.g.*, Dkt. 539-2 at 23, n. 2 (describing asserted '640 claims 17 and 18) (emphasis in original); *accord, e.g.*, Dkt. 539-3 at 25 (Asserted '170 claims 1, 6, and l5 "require networks with *non-hierarchical* (or 'cluster') configurations of location servers…."); Dkt. 539-4 at 35 (similar, in '978 reexamination).

[39] *See, e.g.*, Ex. A (internal Ex. 1A to Amazon's proposed amended contentions) at 2–6; *id*. (internal Ex. 2A to same) at 2–8; *id*. (internal Ex. 3A to same) at 2–15.

[40] *See, e.g.*, *id*. (internal Ex. 1A to Amazon's proposed amended contentions) at 23 (Steen); *id*. at (internal Ex. 1B to Amazon's proposed amended contentions) at 69-70 (Skagerwall).

relevant location information, or information to locate the relevant location information, and can resolve the request in two or fewer steps.[41] As such, Amazon requests leave to include prior art grounds that address Kove's new, unanticipated claim limitations.[42]

### B. Amazon Acted Diligently in Amending Its Invalidity Contentions.

Kove made its disclaimers in the EPRs in August and September of 2022, during the stay.[43] Four days after the Court lifted the stay, Amazon notified the Court of Kove's statements and requested additional claim construction.[44] Consistent with the Court's guidance, and after the Parties reached an impasse regarding Amazon's request, Amazon moved for additional claim construction briefing.[45] After the Court denied Amazon's motion without prejudice to addressing the claim-construction issues at summary judgment, the parties met and conferred about the service of amended contentions addressing Amazon's proposed constructions.[46] Per the parties' agreement, Amazon served invalidity and non-infringement contentions that address Amazon's proposed constructions on March 2. Kove served its amended infringement contentions on the same day. And Amazon is filing this motion for leave by March 24, the date the parties agreed to for such motions.

Amazon thus acted diligently in amending its contentions, consistent with the parties' agreements. Under LPR 3.4, Amazon can't unilaterally amend its invalidity contentions. And

---

[41] *See generally id.* (internal Exs. 1A, 1B, 2A, 2B, 3A, 3B, 3C, and 3D).

[42] *See, e.g.*, *Oy Ajat, Ltd. v. Vatech Am., Inc.*, 2012 WL 1067900, at *22 (D. N.J. March 29, 2012) (granting Defendant's motion to amend invalidity contentions, finding good cause and no prejudice to plaintiff in including art presented to the USPTO in *inter partes* reexamination of the patents-in-suit); *Positive Techs., Inc. v. Sony Elecs., Inc.*, 2013 WL 322556, at *3 (N.D. Cal. January 28, 2013) (granting defendant's motion to amend invalidity contentions to add art after claim construction, stating that "the Court's Claim Construction Order and the inclusion of the [patent's] invention claim in [plaintiff's] *Markman* brief made it reasonable for defendants to dig even deeper than they had previously").

[43] *See* Dkt. 539-2, 539-3, & 539-4 (Kove's responses to non-final office actions).

[44] *E.g.*, Dkt. 535 at 4–5.

[45] Dkt. No. 539.

[46] Ex. B (February 13, 2023 email from Kove to Amazon).

Amazon properly sought the Court's ruling on its motion for additional claim construction briefing before conferring with Kove and agreeing on a timetable for seeking leave.[47] If the Court had granted such briefing and it resulted in a second claim-construction order, this would've determined whether any such amendments were necessary. After all, under LPR 3.4, "[a]n example of a circumstance that may support a finding of good cause, absent undue prejudice to the non-moving party, includes a claim construction by the Court." So, Amazon acted diligently throughout the claim construction and amendment process.

### C. There Is No Prejudice to Kove.

The close of fact discovery is May 5. Amazon served its proposed amended invalidity contentions on March 2. This timing affords Kove the allotted 28 days to respond to Amazon's amended contentions, as provided by LPR 3.2. It also gives sufficient time for Kove to take any additional discovery if it so chooses.[48] And Amazon has told Kove that it's willing to discuss a short extension of the 28 day response deadline.[49] By contrast, after Kove served its amended infringement contentions addressing Amazon's claim constructions, Amazon had only eleven days to ensure that its amended non-infringement contentions fully responded to Kove's (i.e., the amended contentions permitted by the Court's March 19 order).[50]

Moreover, Amazon's proposed amendments comply with the LPR requirements for the number of references and grounds. LPR 3.1(b) provides that a defendant's final invalidity contentions are limited to four prior art grounds per claim, and Amazon's proposed amended

---

[47] *Positive Techs., Inc.*, 2013 WL 322556, at *3 (finding defendant acted diligently in seeking amendment of its invalidity contentions to add new prior art four months after the Court's claim-construction order).

[48] *See* Dkt. 581. The deadline for the close of fact discovery is May 5, 2023, and deadline for opening expert reports is June 20, 2023. *Id*.

[49] Ex. F (Mar. 13, 2023 email from Amazon to Kove).

[50] *See* Ex. D (Mar. 9 email from Kove to Amazon) (stating that Amazon "will provide any edits to [its non-infringement] contentions by Monday, March 13").

9

invalidity contentions are limited to four grounds.[51] LPR 3.1(b) further provides that such contentions are limited to twenty-five prior art references. Again, Amazon's proposed amended invalidity contentions meet that requirement.[52] And although Amazon is including two new invalidity grounds, they're necessary to address the new limitations added by Kove's disclaimers.

Further, Kove knew of Amazon's reliance on these prior art references before the parties' exchange of proposed amended contentions, since the invalidity grounds that Amazon now seeks to include are the same as those that the Patent Office is currently considering. Those grounds—namely, (a) Oracle Names Admin Guide, Oracle Unleashed, Steen, and Wolff,[53] (b) Skagerwall alone or with Wolff,[54] and (c) Oracle Names Admin Guide, Oracle Unleashed, Steen, Yocum, and/or Boukobza[55]—all rely on the same prior art and arguments that Amazon presented to the Patent Office in its February 16, 2023 EPR requests.[56] And for all the above reasons, Kove won't be prejudiced by the Court granting leave to amend.

## V. CONCLUSION

In the EPRs, Kove's arguments to overcome the prior art limited the scope of its asserted monopoly to location servers in non-hierarchical, cluster structures, with each location server containing information to resolve every request in two or fewer steps. Those arguments resulted in new claim-construction issues in this litigation that Amazon couldn't have anticipated. Under PLR 3.4, Amazon has good cause to amend its invalidity contentions to incorporate the proposed

---

[51] *See* Ex. A at 81–82 (listing respective charts that remove prior grounds and identify the four invalidity grounds per asserted claim).

[52] *See* Ex. A at 4–6 (identifying a total of twenty-five references).

[53] *See* Ex. A (internal Exs. 1A, 2A, 3A).

[54] *See* Ex. A (internal Exs. 1B, 2B, 3B).

[55] *See* Ex. A (internal Exs. 3C, 3D).

[56] *See Ex Parte* Reexamination Nos. 90/019,162, 90/019,165, and 90/019,166 (requesting EPR of asserted '170, '640, and '978 patent claims).

constructions based on Kove's EPR arguments. Since Amazon has been diligent in seeking amendment, and Kove won't be prejudiced, Amazon thus respectfully requests leave to amend its final invalidity contentions to address Kove's EPR disclaimers.

Dated: March 23, 2023

Respectfully submitted,

*/s/ R. William Sigler*
Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Lisa Phillips (*pro hac vice*)
*lisa.phillips@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Suite 400
Washington, DC 20015
202.362.3500

*Attorneys for Amazon Web Services, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 23, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois, via the CM/ECF system, and served a copy on all counsel of record via email.

                                                      */s/ R. William Sigler*
                                                      R. William Sigler