**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KOVE IO, INC., | Civil Action No. 1:18-cv-08175 |
| Plaintiff, | Judge Matthew F. Kennelly |
| v. | Jury Trial Demanded |
| AMAZON WEB SERVICES, INC., | |
| Defendant. | |

**JOINT STATUS REPORT**

Pursuant to the Court's January 13, 2023 Minute Entry (Dkt. 579), Plaintiff Kove IO, Inc. ("Kove") and Defendant Amazon Web Services, Inc. ("AWS") (collectively, the "Parties") submit this joint status report, which includes the parties' update on discovery.

## I.     Deposition Schedule

Kove's Statement: While Kove has sought to work with AWS to schedule depositions, the vast majority of outstanding depositions have yet to be scheduled. AWS recently notified Kove that it intends to designate eleven 30(b)(6) witnesses to cover the remaining topics. To date, the parties have only scheduled two of those eleven depositions (AWS would not even begin scheduling depositions until March 20, 2023; and the first dates they proposed coincide with the first days of Passover). Deposition scheduling has been complicated by the fact that AWS refuses to designate any witnesses in connection with any of the Rule 30(b)(6) deposition topics in Kove's January 31, 2023 deposition notice. As explained below, Kove intends to file a motion to compel compliance this week.

AWS also has yet to provide dates for any of Kove's five outstanding 30(b)(1) deposition notices (all but one of which were served *years* ago). Similarly, despite being represented by AWS's counsel from Fisch Sigler, neither Amazon.com nor Amazon Technologies, Inc. ("ATI") (two related third-parties subpoenaed by Kove in October 2021) have offered any dates for their designees. AWS has also yet to even state which of the 13 third-party depositions it intends to move forward with, much less provide dates for them. By contrast, Kove has proposed timeframes for all of its witnesses whose deposition AWS has indicated it intends to take.

Kove requests that AWS identify which of the 13 third-party depositions it intends to take by no later than this Friday, March 31, and propose dates for all of them that Kove's attorneys do not represent by no later than next Wednesday, April 5. Kove further requests that AWS offer dates for all 30(b)(6) witnesses and 30(b)(1) witnesses by next Wednesday, April 5. This is necessary to enable the parties to complete fact discovery within the Court-ordered deadline of May 5, 2023. As it stands, AWS may spring 20+ depositions on Kove in the last week or two of fact discovery, which may exceed Kove's attorneys' capacity to handle.

AWS's Statement: AWS has worked cooperatively with Kove to schedule depositions, and will continue to do so. Such deposition scheduling has been complicated by, among other things, Kove's service of 90 deposition topics covering a broad array of subjects, for which AWS will produce at least eleven 30(b)(6) witnesses. As such, AWS continued conferring with Kove on the scope of Kove's topics in February. And, soon after AWS believed that the parties had reached agreement on scope issues,[1] AWS began offering dates for these depositions. This negotiation and scheduling process has also been further complicated by Kove's service of a

---

[1] Kove recently indicated in correspondence that it believes the scope of several of its topics hasn't yet been resolved. Kove's failure to raise these issues during the parties' recent (and multiple) meet and confers has also hindered the process.

"replacement" 30(b)(6) notice seeking to add nine additional 30(b)(6) topics beyond the 90-topic limit, as detailed further below. Nonetheless, AWS has offered dates for four of its 30(b)(6) witnesses and will offer more this week. Kove has thus far rejected two of the offered dates, including a third proposed alternative date for one of those witnesses.

AWS is also working diligently to schedule the noticed 30(b)(1) depositions, but notes that Kove served one of these notices only yesterday and another is to Mr. Jassy (addressed below), and Kove has recently demanded additional searching and production of one of the other noticed deponent's email before that deposition can occur. And, as Kove knows, AWS is in the process of narrowing the number of third party depositions, and will work cooperatively with Kove to schedule those and Kove's deponents.

## II.     **Deposition of Andy Jassy**

Kove's Statement:  Kove previously moved to compel the production of AWS's vision document, known as the "Six Pager," and the deposition of AWS's then-CEO, Andrew Jassy.  Dkt. 351.  On October 15, 2021, the Court granted Kove's motion to produce the Six Pager, and denied the motion for Jassy's deposition without prejudice and with leave to renew the motion after Kove reviewed the Six Pager.  Dkt. 441.  Over a year after the Court ordered the Six Pager be produced, AWS claims it cannot locate the document, despite not even asking Jassy (the author of the document) to look for it.  Kove attempted to seek this information elsewhere, but current and former high-level AWS employees could not testify to the details of the Six Pager.  Contrary to AWS's argument below, Kove has been diligent in pursuing this information as set forth in its motion. Accordingly, Kove filed a renewed motion to compel Jassy's deposition earlier today.

AWS's Statement: On October 15, 2021, the Court denied Kove's motion to compel the deposition of Mr. Jassy, who succeeded Jeff Bezos as CEO of Amazon.com in July 2021. The

Court's Order stated that this was without prejudice to renewing the motion "[i]f, after reviewing the 'six-pager' and completing the Rule 30(b)(6) and other depositions, [Kove] is able to demonstrate that it has been unable to obtain information on specific topics that bear on the elements of the claims or the alleged damages, and that Jassy has unique knowledge of this information." (Dkt. 441 at 17.) Kove hasn't completed taking the Rule 30(b)(6) and other noticed depositions, so the Court's conditions for renewing the motion haven't been met.

Nonetheless, Kove asked in a January 13, 2023 letter that Mr. Jassy be produced for deposition. AWS responded on February 8, 2023 with a nine-page letter detailing why none of the information in Kove's letter justified revisiting the issue of Mr. Jassy's deposition or suggested that Mr. Jassy has unique personal knowledge warranting his deposition. AWS's February 8 letter also further detailed its exhaustive search to locate the six-pager document reportedly authored in 2003, i.e., over 15 years before Kove brought this suit and 18 years before Kove first sought this document or Kove identified Mr. Jassy as a potential witness. That the document wasn't located is the obvious result of Kove's delays, and not the sinister conduct that Kove has suggested.

The only reply to AWS's February 8 letter came over one month later, on March 10. That email reply from Kove stated in full: "We're troubled that you've never found the six-pager and refuse to make Jassy available for a deposition. Were you planning to identify another person who can provide the specific details of what the six-pager said and how it was used by Jassy and other executives? Please let us know by C.O.B. Monday."

AWS responded the next business day, March 13, reiterating that the Court's Order found that Kove's "rationale for needing to depose Jassy about the content or creation of the 'six-pager' is speculative" (Dkt. 441 at 16) and that remains true. AWS's March 13 response also detailed the additional, new deposition testimony that further confirmed that Mr. Jassy was responsible for

AWS at a high level and wouldn't have any unique, personal knowledge that might justify his deposition. And AWS again noted the difficulties in locating a document reportedly authored two decades ago. Kove didn't respond. Instead, Kove filed a second motion to compel Mr. Jassy's deposition while the parties were exchanging drafts of this status report.

III.    **Kove's January Deposition Notice**

Kove's Statement: On January 31, 2023, Kove served an updated 30(b)(6) deposition notice that sought to replace or modify several Kove 30(b)(6) topics. These topics were meant to address AWS's objections, account for information and documents received in response to the Court's December 30, 2022 discovery order, and avoid disputes about the scope of previously-served topics. AWS refuses to designate *any* witnesses in connection with these topics. Contrary to AWS's assertions, the topics in Kove's notice do not exceed the 90-topic limit, and AWS has not yet provided testimony on any of the modified or withdrawn topics. In fact, in total, Kove seeks testimony on 87 topics, which is below the 90-topic limit. Moreover, each of the replacement topics is subsumed by previously served topics; yet AWS refuses to confirm that its witnesses will be prepared to address these more targeted issues. The parties have recently reached impasse on this issue, and Kove intends to file a motion to compel compliance this week.

AWS's Statement: Kove omits that the Court limited the parties to 90 Rule 30(b)(6) topics. Specifically, on April 8, 2021, and per the parties' agreement, the Court issued an order setting discovery limits in the case. Those limits included "90 30(b)(6) topics per party." (Dkt. No. 321.) The parties' joint motion and the Court's order state that the parties had reached such agreements on discovery limits to "streamline the remaining discovery to complete." (Dkt. Nos. 320, 321).

Kove served its full allotment of 90 topics before the case was stayed. And AWS had already responded to all 90 before Kove served its "replacement" notice containing nine new

topics. What's more, AWS undertook the significant burden to successfully move for a protective order on two of the topics that Kove now seeks to replace with new topics. (See Dkt. 497 at 12-18.) And the parties had already completed negotiations on the scope of two of the topics (Nos. 82 and 83) that Kove is now attempting to replace, and AWS already produced a witness to testify on a portion of another of those topics (No. 39).

Kove's nine new topics would bring its total to 99 30(b)(6) topics, in violation of the 90-topic limit. Kove's attempt to exceed this discovery limit follows a pattern in this case, as the Court previously ruled that Kove served interrogatories exceeding the 25-interrogatory limit. (Dkt. 497 at 30-35.) And Kove's position now, 22 months after the Court's order setting the limits, would unduly expand, rather than streamline, discovery. AWS detailed these points to Kove in correspondence, and also provided case law in support. *See, e.g. Walker v, Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 588 (C.D. Cal. 1999) (stating that every discovery request that "is served" counts towards a numerical limit, and a party can't "unilaterally withdraw [requests] after they are served, particularly after the responding party incurs the burden of preparing and serving objections"). AWS has repeatedly asked Kove to provide any contrary law supporting Kove's position. Kove has provided none.

## IV.    Rule 45 Subpoenas

Kove's Statement: Kove intends to file a motion to compel Amazon.com and ATI to comply with subpoenas that Kove served in October 2021. Kove has attempted to work with Amazon and ATI to come to resolution on these issues without moving the Court, but these efforts have proved fruitless.  After months of negotiation and commitments, Amazon recently withdrew its prior commitments to look for and produce certain identified documents and to provide witnesses on certain deposition topics.  Amazon has yet to produce any responsive documents and

ATI has only produced a handful. Amazon has also indicated that it intends to move to quash one or more deposition topics in the subpoenas. Amazon and ATI, as related third-parties, have indicated that they consent to resolving this dispute before this Court. Kove thus intends to file a motion to enforce the subpoenas in this Court this week to ensure that documents and witnesses will be produced in time. Further, AWS's position that this is an end-run around party discovery deadlines is inaccurate. There was no deadline for third-party discovery, AWS has consistently taken the position that it would not produce Amazon or other affiliates' information, and these third-parties (not AWS) are the parties expected to have the information sought. Also, AWS's characterization of the scope of the information sought is inaccurate.

Amazon.com and ATI Statement: Amazon.com and ATI are third-parties. Kove subpoenaed each for documents and deposition testimony only after the July 28, 2021 deadline for serving RFPs on AWS (*See* Dkt. 358), and reaching the 90-deposition topic limit for AWS. Third-parties aren't obligated to answer discovery in the same manner as parties and are shielded by the Federal Rules from unduly burdensome, duplicative discovery.

Despite Kove's effort to make an end-run around these deadlines and limitations, Amazon.com and ATI attempted to resolve the subpoenas without burdening the Court. ATI agreed to designate a witness for 18 of its subpoena's 21 topics, even though Kove could have sought much of the covered information from AWS itself. ATI also searched for documents which Kove could have (and should have) sought from AWS during the discovery period, including for example, the agreements AWS employees sign regarding assignment of inventions. Nonetheless, Kove still demands responses to the subpoenas as written or as inadequately limited after months of negotiation. This includes, for example, seeking information on any and all

7

investments Amazon.com has made over a 15-year period—the breadth of which, again, stems from Kove's decade-plus delay in bringing this case.

Amazon.com and ATI are still working to resolve the disputed issues, and agreed to provide Kove with information on potential resolutions by tomorrow. Amazon.com and ATI will continue those efforts to narrow the disputed issues and avoid unnecessary motions practice.

## V.     <u>Motions Practice</u>

<u>Kove's Statement:</u> As described above, Kove (1) has filed a motion to compel the deposition of Andrew Jassy, and intends to promptly file motions to compel regarding (2) Kove's January supplemental deposition notice, and (3) Kove's Rule 45 subpoenas.  Since the stay was lifted, Kove has been diligent in its meet and confer efforts regarding discovery issues so that the parties could identify areas of agreement and impasse.  However, it has been difficult to bring these issues to an impasse due in part to AWS's changing positions on certain discovery that they had previously agreed to search for and provide and now refuse to produce, and given the need to narrow the issues presented to the Court to the extent feasible. At this point, the issues have been narrowed to the three set forth above.  Fact discovery closes on May 5, 2023 and the Court has stated this date will not be extended.  Dkt. 580 ("No further requests to extend **this date** will be entertained.") (emphasis in the original). Because of the late stage of discovery, Kove proposes an expedited briefing schedule with respect to its motions to the extent convenient to the Court.  Kove proposes that responsive briefs be due within seven days, and reply briefs be due three days thereafter.

As for Kove's motion to compel compliance with its January deposition notice, Kove disagrees with AWS's position that briefing is unnecessary and believes normal briefing will facilitate resolution of this issue by the Court.

The Court's order stated that it will set a further status hearing at a later date. Kove respectfully requests a status hearing at the Court's earliest convenience in order to resolve issues in advance of the discovery cutoff.

AWS's Statement: Kove hasn't provided any explanation for how it has met the conditions for renewing its motion to compel Mr. Jassy's deposition. Hence, additional motions practice on that issue shouldn't be permitted at this time, as it would only serve to harass AWS and unnecessarily waste taxpayer and party resources. But, if the Court intends to consider Kove's second motion to depose Mr. Jassy, AWS should be afforded at least 10 days to respond in writing, given the prior full briefing and decision on this issue, and that it involves Amazon.com's CEO. And Kove's claim of exigent circumstances is of its own making, as, for instance, Kove waited 30 days to reply to AWS's nine-page, substantive response on this issue.

AWS doesn't believe that briefing on Kove's replacement 30(b)(6) notice is necessary for either party. That issue is straightforward, and AWS is prepared to argue it, if necessary, at a status hearing. That would also allow the 30(b)(6) depositions to proceed with this Kove-created issue determined. Should the Court nonetheless want briefing, AWS asks that it be limited to three pages per side, to avoid unnecessarily consuming taxpayer and party resources.

Amazon.com and ATI agreed that motions regarding Kove's subpoenas to them may be heard in this Court so long as the new matter for such motions is marked as related to this case. The disputes on these subpoenas involve the rights of third-parties to not be unduly burdened (including due to a lengthy temporal scope resulting from Kove's delay in filing suit) and specific issues relating to what information is potentially relevant to patent damages in the underlying case. Thus, any such motions should be addressed in a separate matter, and, should the Court want

briefing, Amazon.com and ATI respectfully request at least 10 days to respond to any Kove motion.

Dated: March 28, 2023

Respectfully Submitted,

KOVE IO, INC.

AMAZON WEB SERVICES, INC.

By: */s/ Courtland L. Reichman*

By: */s/ R. William Sigler*

Renato Mariotti (State Bar No. 6323198)
renatto.mariotti@bclplaw.com
Holly H. Campbell (State Bar No. 6320395)
holly.campbell@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Suite 4300
Chicago, IL 60601
Telephone: (312) 602-5037

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Shawna L. Ballard (*pro hac vice*)
sballard@reichmanjorgensen.com
Savannah Carnes (*pro hac vice*)
scarnes@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401

Khue V. Hoang (*pro hac vice*)
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
Telephone: (212) 381-1965

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Adam Adler (*pro hac vice*)
aadler@reichmanjorgensen.com
Philip Eklem (*pro hac vice*)
peklem@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &

Alan M. Fisch
alan.fisch@fischllp.com
R. William Sigler
bill.sigler@fischllp.com
Jeffrey M. Saltman (*pro hac vice*)
jeffrey.saltman@fischllp.com
Lisa N. Phillips (*pro hac vice*)
lisa.phillips@fischllp.com
FISCH SIGLER LLP
5301 Wisconsin Ave, NW
Suite 400
Washington, D.C. 20015
Telephone: (202) 362-3500

*Attorneys for Defendant Amazon Web Services, Inc. and Third-Parties Amazon.com and Amazon Technologies, Inc.*

FELDBERG LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 894-7310

Taylor Mauze (*pro hac vice*)
tmauze@reichmanjorgensen.com
Navid Bayar (*pro hac vice*)
nbayar@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
7500 Rialto Blvd., Suite 1-250
Austin, TX 78735
Telephone: (650) 623-1401

***ATTORNEYS FOR PLAINTIFF***
***KOVE IO, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Courtland L. Reichman*
Courtland L. Reichman