# Exhibit B

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| Kove IO, Inc. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:18-cv-08175 |
| Amazon Web Services, Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                        Amazon Technologies, Inc.

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Attachment A

| Place: The Law Offices of Reichman Jorgensen Lehman and Feldberg LLP, 750 Third Avenue, Suite 2400, New York, NY 10017 | Date and Time: 11/17/2021 9:00 am |
|---|---|

The deposition will be recorded by this method:   stenographic, audio, and/or video recordation

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attachment B

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/27/2021

*CLERK OF COURT*            OR      /s/ *[signature]*

     *Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Kove IO, Inc. , who issues or requests this subpoena, are:
Khue Hoang, 750 Third Avenue, Suite 2400, New York, NY 10017, khoang@reichmanjorgensen.com, (646) 921-0704

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:18-cv-08175

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment A**

Pursuant to the accompanying Subpoena to Testify at a Deposition in a Civil Action, which also commands the production documents, information, and objects (the "Subpoena") and Rules 34 and 45 of the Federal Rules of Civil Procedure, Plaintiff Kove IO, Inc. ("Kove") hereby requests that Amazon Technologies, Inc. produce a witness to testify regarding the Deposition Topics listed below at the date and location specified in the Subpoena, unless otherwise agreed to by Kove and Amazon Technologies, Inc.

**DEFINITIONS AND INSTRUCTIONS**

As used in this document, the following words and phrases shall have the meanings indicated:

1. The terms "Plaintiff" or "Kove" mean Kove IO, Inc., as well as any of its corporate parents, subsidiaries, divisions, or departments, and any of its present or former officers, directors, employees, members, representatives, or any others acting on its behalf.

2. "You," or "Your" mean Amazon Technologies, Inc. or any of its subsidiaries or affiliates other than Amazon.com, Inc., including any present or former officers, directors, employees, members, representatives, or any others acting on its behalf.

3. "Amazon.com, Inc." or "Amazon" mean Amazon.com, Inc., any of its present or former officers, directors, employees, members, representatives, or any others acting on its behalf.

4. "Asserted Patents" or "Patents-in-Suit" mean the patents asserted by Kove in its operative Complaint in this litigation, including United States Patent Nos. 7,814,170; 7,103,640; and 7,233,978, as well as their respective corresponding patent applications and publications thereof.

5. "Associated Patents and Applications" means all patents and patent applications that are continuations or continuations-in-part of the subject patent(s) or application(s), and all prior patents and patent applications of which the subject patent(s) or application(s) is(are) a continuation, continuation-in-part, non-provisional application, or national stage application.

6. "Business Venture" means any transactions, licenses, sales, purchases, settlements, or agreements involving intellectual property, including patents.

7. "Document" or "documents" mean the original and all copies of any written, printed, typed, photocopied, photographic, and recorded matter of any kind or character (including, but not limited to, magnetic, mechanical, or electronic recordings), however produced or reproduced, and any tangible thing which, in whole or in part, illustrates or conveys information in Your possession, custody, or control, whether produced or stored on paper, cards, tapes, disks, belts, charts, film, computer storage devices, cellular phones, "smart" phones, microfilm, wires, cables, magnetic and electronic recordings, sound recordings, computer printouts, or records. The term includes, but is not limited to, data, data compilations, and other electronically stored information, stored in any medium from which information can be obtained

either directly or, if necessary, after translation by the responding party into a reasonably usable form (e.g., computer memory); as well as electronic mail and instant messaging, text messaging, video messaging, correspondence, memoranda, studies, maps, analyses, diagrams, scraps of paper, notes, applications, drawings, charts, graphs, plans, photographs, video tapes, audio tapes, computer disks, computer hard drives, contracts, agreements, working papers, drafts, reports of investigations or inspections of any kind, opinions of consultants or experts, diaries, minutes, calendars, field notes, logs, checks, receipts, images, and the like.

8. The use of the singular form of any word includes the plural and vice versa.

9. "Including" means including but not limited to the referenced subject.

10. "And" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these requests any information that might be deemed outside their scope by any other construction.

11. "All" and "any" mean both each and every. "Relating to," "related to," and "referring to," shall mean, without limitation, in any way constituting, mentioning, referring to, referencing, describing, summarizing, evidencing, listing, indicating, relevant to, demonstrating, regarding, tending to prove or disprove, containing reflecting, concerning, pertaining to, analyzing, explaining, or in any way logically or factually connected with the matter discussed.

12. In responding to these Requests, You are required to furnish all information that is available to You or subject to Your reasonable inquiry, including information in the possession of Your present and former attorneys, accountants, advisors, representatives, agents, employees, or other persons directly or indirectly employed by or connected with You, and anyone else otherwise subject to Your control. All Documents and Things that respond, in whole or in part, to any portion of the Requests below shall be produced in their entirety, including all attachments and enclosures.

13. Each Request shall be deemed continuing, so as to require supplemental or mandatory responses should You obtain additional or different responsive information subsequent to Your initial responses.

14. By this Request, You are to produce all the requested documents in your possession, custody, or control, regardless of the physical location of the documents.

15. All documents shall be produced in the same order and format as they are kept or maintained in the ordinary course of business. If any documents have been removed from the files in which they were found for purposes of producing them in response to these Requests, for each such document, identify the file(s) in which the document was originally located.

16. You are to produce each document requested, together with all non-identical copies and drafts of such document. Documents attached to each other should not be separated when being produced in response to these Requests.

17. If no documents exist that are responsive to a particular Request, that fact should be stated in your response to that Request.

2

18. If any document is withheld based on any claim of privilege, protection, or immunity, you are required to provide a detailed privilege log that complies with Fed. R. Civ. P. 26 and contains, separately and for each document withheld, an explanation of the claim being asserted and the following information: (a) the date the document was created, and the dates of any revisions to the document; (b) the identity of the author(s) of the document; (c) the identity of the recipient(s) or addressee(s) of the document; (d) the identity of the person(s) from whom the document was received, if not the author(s); (e) the basis for withholding the document, including the nature of the privilege or protection asserted; and (f) a description of the subject matter of the document sufficient to allow the Court, if necessary, to determine the appropriateness of the privilege or protection claimed.

19. If any requested document cannot be produced in full, you are to produce it to the extent possible, indicating which document, or portion of such document, is being withheld, and the reason that the document, or portion of such document, is being withheld.

20. If a document or group of documents responsive to these Requests once existed, but has been destroyed or discarded, for each such document or group of documents: (a) identify the document or group of documents; (b) state when the document or group of documents was destroyed or discarded; (c) state why the document or group of documents was destroyed or discarded; (d) identify the persons most knowledgeable about the contents of the document or group of documents; and (e) describe the circumstances under which the document or group of documents was destroyed or discarded.

**REQUESTS FOR PRODUCTION**

**DEPOSITION TOPIC NO. 1**

Amazon's target return on investment (or equivalent metric) and investment hurdle rate (or equivalent metric) between 2003 and 2020.

**DEPOSITION TOPIC NO. 2**

The target or projected return on investment (or equivalent metric) and investment hurdle rate (or equivalent metric) for forming Amazon Technologies, Inc.

**DEPOSITION TOPIC NO. 3**

The target or projected return on investment (or equivalent metric) and investment hurdle rate (or equivalent metric) for products or services developed or Business Ventures engaged in by Amazon Technologies, Inc.

**DEPOSITION TOPIC NO. 4**

The actual return on investment (or equivalent metric) between 2003 and 2020 for the investment into Amazon Technologies, Inc.

**DEPOSITION TOPIC NO. 5**

The actual return on investment (or equivalent metric) between 2003 and 2020 for products or services developed or Business Ventures engaged in by Amazon Technologies, Inc.

**DEPOSITION TOPIC NO. 6**

Your first awareness of the Asserted Patents and their Associated Patents and Applications, including (a) the date when You first became aware; (b) the circumstances under which You became aware; (c) the person(s) involved; (d) the content of any related communications or documents; and (e) the actions taken by You as a result of becoming aware, including any communications with employees of AWS or Amazon.

**DEPOSITION TOPIC NO. 7**

Procedures and policies related to invention disclosures from AWS employees, applying for patents, submitting patent applications, and technology transfer from 2000 to the present.

**DEPOSITION TOPIC NO. 8**

Procedures and policies relating to communicating with AWS employees about patents and patent applications assigned to You by AWS employees or filed on behalf of AWS employees by You or a third party.

**DEPOSITION TOPIC NO. 9**

Overlap in management, ownership, or control between Amazon Technologies, Inc. and AWS or Amazon.com from 2000 to the present.

4

**DEPOSITION TOPIC NO. 10**

Documents and communications involving You or any AWS employee (including Swaminathan Sivasubramanian, David R. Richardson, Christopher L. Scofield, and Bradley E. Marshall) regarding any of the Asserted Patents or Associated Patents and Applications.

**DEPOSITION TOPIC NO. 11**

Documents shared between you and any AWS employee or any third party regarding any of the Asserted Patents or Associated Patents and Applications.

**DEPOSITION TOPIC NO. 12**

Standard agreements between AWS employees and AWS, Amazon.com, and/or You that relate to patents or patent applications, including any obligations to assign rights in patents or patent applications or to assist or cooperate in the prosecution of patents, from 2000 to the present.

**DEPOSITION TOPIC NO. 13**

Policies, procedures, and/or practices of AWS, Amazon Technologies, Inc., and/or Amazon.com of requiring, obligating, or requesting that AWS employees assign their patent rights (including their rights as inventors), to AWS, Amazon.com, or Amazon Technologies, Inc., including employee handbooks, employee manuals, employment agreements, and the like.

**DEPOSITION TOPIC NO. 14**

Policies, procedures, and/or practices of AWS, Amazon Technologies, Inc., and Amazon.com regarding having named inventors on patent applications assist or cooperate with the prosecution of patents, from 2000 to the present.

**DEPOSITION TOPIC NO. 15**

Your general policies and procedures related to notifying employees or agents of AWS or Amazon.com regarding the prosecution of patents that pertain to products developed or commercially exploited by AWS or Amazon.com.

**DEPOSITION TOPIC NO. 16**

Your general policies and procedures related to notifying employees or agents of AWS or Amazon regarding third party patents and patent applications identified during prosecution of AWS and Amazon patents that may be infringed by AWS or Amazon products or services.

**DEPOSITION TOPIC NO. 17**

The identity of any of Your employees or officers that are also employees or officers of AWS.

**DEPOSITION TOPIC NO. 18**

U.S. patent Application No. 13/042,301 and its Associated Patents and Applications that mention any of the Asserted Patents or the Asserted Patents' Associated Patents and Applications.

**DEPOSITION TOPIC NO. 19**
   The execution of the Patent Assignment recorded at Reel/Frame No. 025914/0374.

**DEPOSITION TOPIC NO. 20**
   The history, development, operations, and corporate structure of Amazon Technologies, Inc.

**DEPOSITION TOPIC NO. 21**
   The relationship between Amazon Technologies, Inc. and AWS, including the services that Amazon Technologies, Inc. and AWS provide for one another and their corporate relationship.

**Attachment B**

Pursuant to the accompanying Subpoena to Testify at a Deposition in a Civil Action, which also commands the production documents, information, and objects (the "Subpoena") and Rules 34 and 45 of the Federal Rules of Civil Procedure, Plaintiff Kove IO, Inc. ("Kove") hereby requests that Amazon Technologies, Inc. produce documents and things responsive to the Requests for Production listed below at the date and location specified in the Subpoena, unless otherwise agreed to by Kove and Amazon Technologies, Inc.

**DEFINITIONS AND INSTRUCTIONS**

As used in this document, the following words and phrases shall have the meanings indicated:

1. The terms "Plaintiff" or "Kove" mean Kove IO, Inc., as well as any of its corporate parents, subsidiaries, divisions, or departments, and any of its present or former officers, directors, employees, members, representatives, or any others acting on its behalf.

2. "You," or "Your" mean Amazon Technologies, Inc. or any of its subsidiaries or affiliates other than Amazon.com, Inc., including any present or former officers, directors, employees, members, representatives, or any others acting on its behalf.

3. "Amazon.com, Inc." or "Amazon" mean Amazon.com, Inc., any of its present or former officers, directors, employees, members, representatives, or any others acting on its behalf.

4. "Asserted Patents" or "Patents-in-Suit" mean the patents asserted by Kove in its operative Complaint in this litigation, including United States Patent Nos. 7,814,170; 7,103,640; and 7,233,978, as well as their respective corresponding patent applications and publications thereof.

5. "Associated Patents and Applications" means all patents and patent applications that are continuations or continuations-in-part of the subject patent(s) or application(s), and all prior patents and patent applications of which the subject patent(s) or application(s) is(are) a continuation, continuation-in-part, non-provisional application, or national stage application.

6. "Business Venture" means any transactions, licenses, sales, purchases, settlements, or agreements involving intellectual property, including patents.

7. "Document" or "documents" mean the original and all copies of any written, printed, typed, photocopied, photographic, and recorded matter of any kind or character (including, but not limited to, magnetic, mechanical, or electronic recordings), however produced or reproduced, and any tangible thing which, in whole or in part, illustrates or conveys information in Your possession, custody, or control, whether produced or stored on paper, cards, tapes, disks, belts, charts, film, computer storage devices, cellular phones, "smart" phones, microfilm, wires, cables, magnetic and electronic recordings, sound recordings, computer printouts, or records. The term includes, but is not limited to, data, data compilations, and other electronically stored information, stored in any medium from which information can be obtained

either directly or, if necessary, after translation by the responding party into a reasonably usable form (e.g., computer memory); as well as electronic mail and instant messaging, text messaging, video messaging, correspondence, memoranda, studies, maps, analyses, diagrams, scraps of paper, notes, applications, drawings, charts, graphs, plans, photographs, video tapes, audio tapes, computer disks, computer hard drives, contracts, agreements, working papers, drafts, reports of investigations or inspections of any kind, opinions of consultants or experts, diaries, minutes, calendars, field notes, logs, checks, receipts, images, and the like.

8. The use of the singular form of any word includes the plural and vice versa.

9. "Including" means including but not limited to the referenced subject.

10. "And" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these requests any information that might be deemed outside their scope by any other construction.

11. "All" and "any" mean both each and every. "Relating to," "related to," and "referring to," shall mean, without limitation, in any way constituting, mentioning, referring to, referencing, describing, summarizing, evidencing, listing, indicating, relevant to, demonstrating, regarding, tending to prove or disprove, containing reflecting, concerning, pertaining to, analyzing, explaining, or in any way logically or factually connected with the matter discussed.

12. In responding to these Requests, You are required to furnish all information that is available to You or subject to Your reasonable inquiry, including information in the possession of Your present and former attorneys, accountants, advisors, representatives, agents, employees, or other persons directly or indirectly employed by or connected with You, and anyone else otherwise subject to Your control. All Documents and Things that respond, in whole or in part, to any portion of the Requests below shall be produced in their entirety, including all attachments and enclosures.

13. Each Request shall be deemed continuing, so as to require supplemental or mandatory responses should You obtain additional or different responsive information subsequent to Your initial responses.

14. By this Request, You are to produce all the requested documents in your possession, custody, or control, regardless of the physical location of the documents.

15. All documents shall be produced in the same order and format as they are kept or maintained in the ordinary course of business. If any documents have been removed from the files in which they were found for purposes of producing them in response to these Requests, for each such document, identify the file(s) in which the document was originally located.

16. You are to produce each document requested, together with all non-identical copies and drafts of such document. Documents attached to each other should not be separated when being produced in response to these Requests.

17. If no documents exist that are responsive to a particular Request, that fact should be stated in your response to that Request.

18. If any document is withheld based on any claim of privilege, protection, or immunity, you are required to provide a detailed privilege log that complies with Fed. R. Civ. P. 26 and contains, separately and for each document withheld, an explanation of the claim being asserted and the following information: (a) the date the document was created, and the dates of any revisions to the document; (b) the identity of the author(s) of the document; (c) the identity of the recipient(s) or addressee(s) of the document; (d) the identity of the person(s) from whom the document was received, if not the author(s); (e) the basis for withholding the document, including the nature of the privilege or protection asserted; and (f) a description of the subject matter of the document sufficient to allow the Court, if necessary, to determine the appropriateness of the privilege or protection claimed.

19. If any requested document cannot be produced in full, you are to produce it to the extent possible, indicating which document, or portion of such document, is being withheld, and the reason that the document, or portion of such document, is being withheld.

20. If a document or group of documents responsive to these Requests once existed, but has been destroyed or discarded, for each such document or group of documents: (a) identify the document or group of documents; (b) state when the document or group of documents was destroyed or discarded; (c) state why the document or group of documents was destroyed or discarded; (d) identify the persons most knowledgeable about the contents of the document or group of documents; and (e) describe the circumstances under which the document or group of documents was destroyed or discarded.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**
Documents sufficient to show Amazon's target return on investment (or equivalent metric) and investment hurdle rate (or equivalent metric) between 2003 and 2020.

**REQUEST FOR PRODUCTION NO. 2**
Documents sufficient to show the target or projected return on investment (or equivalent metric) and investment hurdle rate (or equivalent metric) for forming Amazon Technologies, Inc.

**REQUEST FOR PRODUCTION NO. 3**
Documents sufficient to show the target or projected return on investment (or equivalent metric) and investment hurdle rate (or equivalent metric) for products or services developed or Business Ventures engaged in by Amazon Technologies, Inc.

**REQUEST FOR PRODUCTION NO. 4**
Documents sufficient to show the actual return on investment (or equivalent metric) between 2003 and 2020 for the investment into Amazon Technologies, Inc.

**REQUEST FOR PRODUCTION NO. 5**
Documents sufficient to show the actual return on investment (or equivalent metric) between 2003 and 2020 for products or services developed or Business Ventures engaged in by Amazon Technologies, Inc.

**REQUEST FOR PRODUCTION NO. 6**
Documents sufficient to show and describe Your first awareness of the Asserted Patents and their Associated Patents and Applications, including (a) the date when You first became aware; (b) the circumstances under which You became aware; (c) the person(s) involved; (d) the content of any related communications or documents; and (e) the actions taken by You as a result of becoming aware, including any communications with employees of AWS or Amazon.

**REQUEST FOR PRODUCTION NO. 7**
Documents describing procedures and policies related to invention disclosures from AWS employees, applying for patents, submitting patent applications, and technology transfer from 2000 to the present.

**REQUEST FOR PRODUCTION NO. 8**
Documents describing procedures and policies relating to communicating with AWS employees about patents and patent applications assigned to You by AWS employees or filed on behalf of AWS employees by You or a third party.

**REQUEST FOR PRODUCTION NO. 9**
Documents sufficient to show any overlap in management, ownership, or control between Amazon Technologies, Inc. and AWS or Amazon.com from 2000 to the present.

**REQUEST FOR PRODUCTION NO. 10**

Documents and communications involving You or any AWS employee (including Swaminathan Sivasubramanian, David R. Richardson, Christopher L. Scofield, and Bradley E. Marshall) regarding any of the Asserted Patents or Associated Patents and Applications.

**REQUEST FOR PRODUCTION NO. 11**

All documents shared between you and any AWS employee or any third party regarding any of the Asserted Patents or Associated Patents and Applications.

**REQUEST FOR PRODUCTION NO. 12**

Standard agreements between AWS employees and AWS, Amazon.com, and/or You that relate to patents or patent applications, including any obligations to assign rights in patents or patent applications or to assist or cooperate in the prosecution of patents, from 2000 to the present.

**REQUEST FOR PRODUCTION NO. 13**

Documents sufficient to show the policies, procedures, and/or practices of AWS, Amazon Technologies, Inc., and/or Amazon.com of requiring, obligating, or requesting that AWS employees assign their patent rights (including their rights as inventors), to AWS, Amazon.com, or Amazon Technologies, Inc., including employee handbooks, employee manuals, employment agreements, and the like.

**REQUEST FOR PRODUCTION NO. 14**

Documents sufficient to show the policies, procedures, and/or practices of AWS, Amazon Technologies, Inc., and Amazon.com regarding having named inventors on patent applications assist or cooperate with the prosecution of patents, from 2000 to the present.

**REQUEST FOR PRODUCTION NO. 15**

Documents sufficient to show Your general policies and procedures related to notifying employees or agents of AWS or Amazon.com regarding the prosecution of patents that pertain to products developed or commercially exploited by AWS or Amazon.com.

**REQUEST FOR PRODUCTION NO. 16**

Documents sufficient to show Your general policies and procedures related to notifying employees or agents of AWS or Amazon regarding third party patents and patent applications identified during prosecution of AWS and Amazon patents that may be infringed by AWS or Amazon products or services.

**REQUEST FOR PRODUCTION NO. 17**

Documents sufficient to identify any of Your employees or officers that are also employees or officers of AWS.

**REQUEST FOR PRODUCTION NO. 18**

All documents and communications relating to U.S. patent Application No. 13/042,301 and its Associated Patents and Applications that mention any of the Asserted Patents or the Asserted Patents' Associated Patents and Applications.

**REQUEST FOR PRODUCTION NO. 19**

All documents and communications related to the execution of the Patent Assignment recorded at Reel/Frame No. 025914/0374.

**REQUEST FOR PRODUCTION NO. 20**

Documents sufficient to describe the history, development, operations, and corporate structure of Amazon Technologies, Inc.

**REQUEST FOR PRODUCTION NO. 21**

Documents sufficient to describe the relationship between Amazon Technologies, Inc. and AWS, including the services that Amazon Technologies, Inc. and AWS provide for one another and their corporate relationship.