# EXHIBIT A

# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/019,165 | 02/17/2023 | 7814170 | | 7078 |

184647          7590          03/29/2023
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway
Suite 300
Redwood City, CA 94065

| EXAMINER |
|---|
| CAMPBELL, JOSHUA D |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 03/29/2023 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

 **UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

FISCH SIGLER LLP
5301 WISCONSIN AVENUE NW
SUITE 400
WASHINGTON, DC 20015

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/019,165* .

PATENT UNDER REEXAMINATION *7,814,170* .

ART UNIT *3992* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| *Order Granting Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/019,165 | 7814170 |

| | Examiner | Art Unit | AIA (FITF) Status |
|---|---|---|---|
| | JOSHUA D CAMPBELL | 3992 | No |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed 02/17/2023 has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐  PTO-892,  b)☑  PTO/SB/08,  c)☐  Other: _____

1. ☑  The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

| /JOSHUA D CAMPBELL/ Primary Examiner, Art Unit 3992 | | |
|---|---|---|

cc:Requester ( if third party requester )

U.S. Patent and Trademark Office
PTOL-471G(Rev. 01-13)                           **Office Action in *Ex Parte* Reexamination**                   Part of Paper No. 20230316

Application/Control Number: 90/019,165                                        Page 2
Art Unit: 3992

**Decision on Request**

1)      A substantial new question (SNQ) of patentability affecting claims 1, 2, 6, 8, 9, 12, and 15 of

United States Patent Number 7,814,170 (hereinafter " '170 Patent") is raised by the request for *ex parte*

reexamination filed 17 February 2023.

**Information Disclosure Statement**

2)      Where the IDS citations are submitted but not described, the examiner is only responsible for

cursorily reviewing the references. The initials of the examiner on the PTO-1449 indicate only that degree

of review unless the reference is either applied against the claims, or discussed by the examiner as

pertinent art of interest, in a subsequent office action.

See Guidelines for Reexamination of Cases in View of In re Portola Packaging, Inc., 110 F.3d

786, 42 USPQ2d 1295 (Fed. Cir. 1997), 64 FR at 15347, 1223 Off. Gaz. Pat. Office at 125 (response to

comment 6).

Consideration by the examiner of the information submitted in an IDS means that the examiner

will consider the documents in the same manner as other documents in Office search files are considered

by the examiner while conducting a search of the prior art in a proper field of search. The initials of the

examiner placed adjacent to the citations on the PTO-1449 or PTO/SB/08A and 08B or its equivalent

mean that the information has been considered by the examiner to the extent noted above.

Regarding IDS submissions MPEP 2256 recites the following: "Where patents, publications, and

other such items of information are submitted by a party (patent owner) in compliance with the

requirements of the rules, the requisite degree of consideration to be given to such information will be

normally limited by the degree to which the party filing the information citation has explained the content

and relevance of the information."

**Affidavits, Declarations, or Other Written Evidence**

3)      The Examiner recognizes that declarations by Sylvia D. Hall-Ellis (Exhibit 18) and Joseph B.

Greene (Exhibit 19) have been referenced in support of Third Party Requester. The declarations have

been considered and made of record. The Examiner further notes that affidavits or declarations or other

written evidence which explain the contents or pertinent dates of prior art patents or printed publications

in more detail may be considered in reexamination (see: MPEP 2258(I)(E)), but any rejection must be

based upon the prior art patents or printed publications as explained by the affidavits or declarations or

other written evidence. The rejection in such circumstances cannot be based on the affidavits or

declarations or other written evidence as such, but must be based on the prior art patents or printed

publications. In the instant case, the Hall-Ellis Declaration provides information regarding the publication

date of the ONAG and Oracle Unleashed references, while the submitted Greene Declaration at least

further explains the contents of the prior art patents and printed publications in more detail.


**Prior art cited in the Request**

4)      The present request indicates that the Requester considers that a substantial new question of

patentability is raised as to claims 1, 2, 6, 8, 9, 12, and 15 of the '170 Patent by the following prior art

references:

      a.      **Skagerwall** – U.S. Patent No. 6,473,781

      b.      **Wolff** – U.S. Patent No. 6,185,601

      c.      **ONAG** – "Oracle Names Administrator's Guide, Release 2.0"

      d.      **Oracle Unleashed** – "Oracle8 Server Unleashed"

      e.      **Steen** – "Locating Objects in Wide-Area Systems"

Application/Control Number: 90/019,165                                    Page 4
Art Unit: 3992

## Prosecution History

5)      The '170 Patent application was assigned serial number 11/354,224 (hereinafter " '224

application"), filed February 13, 2006.  During the original prosecution, the '224 application after a

preliminary amendment included claims 17-32.  The '224 application was a continuation of application

09/661,222, filed on September 13, 2000 (U.S. Patent 7,103,640), a continuation-in-part of application

09/111,896, filed on July 8, 1998 (abandoned).  The '170 application also relied on Provisional

Applications 60/153,709, filed on September 14, 1999.

In a first action mailed 28 October 2008, the Office rejected all claims under 35 U.S.C. § 102, and

rejected independent claims 17, 20, and 30 under non-statutory double patenting.

After extensive claim amendments, the prior art rejections were withdrawn, while the double

patenting rejections were maintained, in a final rejection mailed 2 September 2009.

After the filing of a terminal disclaimer, the Office mailed a notice of allowance on June 25,

2010, the examiner gave the following reasons for allowance:

> The prior art of record fails to teach neither singly nor in combination, the claimed
> limitations of "a data location server network comprising a plurality of data location
> servers, wherein data location information for a plurality of data entities is stored in the
> data location server network, at least one of the plurality of data location servers includes location
> information associated with the identifier string, each one of the plurality of data location servers
> comprises a processor and a portion of the data location information, *the portion of the data*
> *location information included in a corresponding one of the data location servers is based on a*
> *hash function used to organize the data location information across the plurality of data location*
> *servers, and each one of the data location servers is configured to determine the at least one of*
> *the plurality of data location servers based on the hash function applied to the identifier string.*"
> (emphasis added) as stated in claims 17, and " programming logic stored on the location server,
> wherein the programming logic is configured to return, in response to a location query related to a
> desired entity, a location message, the location message in conformance with the transfer protocol

and comprising at least one location associated with the desired entity, wherein the programming

logic is further configured to return the location message if the location server contains location

information for the desired entity, and *wherein the programming logic is further configured to*

*return a redirect message if the location server lacks the location information for the desired*

*entity, the redirect message comprising a list of at least one other location server known to have*

*the location information for the desired entity*." (emphasis added) as stated in claim 20 and

similarly in claim 35. These limitations, in conjunction with other limitations in the independent

claim, are not specifically disclosed or remotely suggested in the prior art of record. A review of

claims 17-20, 22-29, and 33-37 indicated claims 17-20, 22-29, and 33-37 are allowable over the

prior art of record.

(Notice of Allowance mailed June 25, 2010 in the '224 application)

Following the issuance of the '170 patent, *Ex Parte* reexamination control no. 90/019,035 was requested

to challenge claims 1, 2, 6, 8, 9, 12, and 15 in view of ONAG, OracleSG ("Oracle DBA Survival Guide,

1st ed."), McGarvey (U.S. Patent No. 5,777,989), and Rajani (U.S. Patent No. 5,301,286). On September

27, 2022, a Notice of Intent to Issue a Reexamination Certificate was mailed confirming the patentability

of claims 1, 2, 6, 8, 9, 12, and 15. The examiner gave the following reasons for confirmation of said

claims:

Independent claim 1 is directed to a system for managing data stored in a distributed

network, the system comprising (*inter alia*) a data location server network comprising a plurality

of data location servers, wherein data location information for a plurality of data entities is stored

in the data location server network, at least one of the plurality of data location servers includes

location information associated with an identifier string identifying the data entity, each one of

the plurality of data location servers comprises a portion of the data location information based on

a hash function used to organize the data location information across the plurality of data location

servers, and *each one of the data location servers is configured to determine the at least one of*

*the plurality of data location servers based on the hash function applied to the identifier string*.

Application/Control Number: 90/019,165                                                        Page 6
Art Unit: 3992

The prior art of record fails to teach this feature.

Claim 2 incorporates these features from independent claim 1, and is confirmed on the same basis.

Independent claim 6 is directed to a system for managing data location information and providing the data location information in response to location queries, the system comprising (*inter alia*) programming logic configured to return a redirect message if the location server lacks the location information for the desired entity, *the redirect message comprising a list of at least one other location server known to have the location information for the desired entity*.

The prior art of record fails to teach this feature.

Claims 8, 9, and 12 incorporate these features from independent claim 6, and are confirmed on the same basis.

Independent claim 15 is directed to a method of handling location queries in a network, the network comprising a plurality of location servers including data location information, the method comprising (*inter alia*) receiving a location query from a client at one of the plurality of location servers, the location query requesting location information identifying a location of a data entity included in the data entities, and sending a redirect message to the client in response to determining the one of the plurality of location servers fails to include the location information, *the redirect message identifying which of the plurality of location servers includes the location information*.

The prior art of record fails to teach this feature.

                                    (Notice of Intent to Issue Reexamination Certificate mailed

                                    September 27, 2022 in Reexamination Control No. 90/019,035)

Thus, as it currently stands based on the prosecution history of the '170 application and reexamination control no. 90/019,034, it appears that the claims of the '170 Patent were allowed and confirmed at least in part based on the following limitations:

*each one of the data location servers is configured to determine the at least one of the plurality of*

*data location servers based on the hash function applied to the identifier string.*

(claim 1)

*wherein the programming logic is further configured to return a redirect message if the location*

*server lacks the location information for the desired entity, the redirect message comprising a*

*list of at least one other location server known to have the location information for the*

*desired entity.* (claim 6)

*sending a redirect message to the client in response to determining the one of the plurality of*

*location servers fails to include the location information, the redirect message identifying*

*which of the plurality of location servers includes the location information.*

(claim 15)

### Priority and Patent Term

6)      As mentioned above, the '170 Patent was a continuation of application 09/661,222, filed on

September 13, 2000 (U.S. Patent 7,103,640), a continuation-in-part of application 09/111,896, filed on

July 8, 1998 (abandoned).  The '170 application also relied on Provisional Applications 60/153,709, filed

on September 14, 1999.

MPEP 2701(I) states the following:

*A patent granted on a continuation, divisional, or continuation-in-part application that was filed*

*on or after June 8, 1995, will have a term which ends twenty years from the filing date of earliest*

*application for which a benefit is claimed under 35 U.S.C. 120, 121, 365(c), or 386(c)  regardless*

*of whether the application for which a benefit is claimed under 35 U.S.C. 120, 121, or 365(c)*

*was filed prior to June 8, 1995.*

Based on the citation above, the '170 Patent is expired. The term of twenty years from the filing date of the earliest filed application (09/111,896, filed on July 8, 1998) for which a benefit is claimed plus the term adjustment of 749 days under 35 U.S.C. 154(b) has passed.

7)      37 C.F.R. 1.530(j) states, "No enlargement of claim scope. No amendment may enlarge the scope of the claims of the patent or introduce new matter. ***No amendment may be proposed for entry in an expired patent. Moreover, no amendment, other than the cancellation of claims, will be incorporated into the patent by a certificate issued after the expiration of the patent.***" (emphasis added). Thus, because the patent is expired no amendments of the claims will be allowed aside from the cancellation of claims.

Additionally, in making the determination of whether to order reexamination, the Office will determine the proper meaning of the patent claims by giving the claims their broadest reasonable interpretation consistent with the specification (see In re Yamamoto, 740 F.2d 1569 (Fed. Cir. 1984)), except in the case of an expired patent (in a reexamination involving claims of an expired patent, claim construction is pursuant to the principle set forth by the court in Phillips v. AWH Corp., 415 F.3d 1303, 1316, 75 USPQ2d 1321, 1329 (Fed. Cir. 2005) (words of a claim "are generally given their ordinary and customary meaning" as understood by a person of ordinary skill in the art in question at the time of the invention, see *Ex parte* Papst-Motoren, 1 USPQ2d 1655 (Bd. Pat. App. & Inter. 1986)).

The examiner agrees with the Request that claims 1, 2, 6, 8, 9, 12, and 15 do not appear to be fully supported by the 09/111,896 application (pages 10 and 11 of the Request). The '170 Patent is a continuation-in-part of application '896, however because of this lack of support claims 1, 2, 6, 8, 9, 12, and 15 are not granted the benefit of the July 8, 1998 filing date. The proper effective filing date of claims 1, 2, 6, 8, 9, 12, and 15 is September 14, 1999, the filing date of provisional application no. 60/153,709.

Application/Control Number: 90/019,165                                               Page 9
Art Unit: 3992

### *Claim Interpretation*

8)      Upon review of the original specification and prosecution history, the examiner has found several

instances of lexicographic definitions.

Specifically, the following terms were defined at col. 4, lines 8-27:

Identifier/identifier string – a unique string with which zero or more locations strings are

associated in a network distributed tracking protocol (NDTP) server.

Data location/location – a string that is a member of a set of strings associated with an identifier

string in an NDTP server.

NDTP client/client – a network-attached component that initiates update or lookup of

identifier/location mappings from an NDTP server with NDTP request messages.

Location server[1]/server – a network-attached component that maintains a set of identifier/location

mappings that are modified or returned in response to NDTP request messages from NDTP clients.

These claim terms will be interpreted consistent with Patent Owner's lexicographical definitions.

Since these terms have been expressly defined in Patent Owner's disclosure, these definitions will take

precedence over any other proposed construction.


In addition, Patent Owner offered proposed construction for a number of other claim terms during

pending litigation[2].

Specifically, Patent Owner proposed the following claim term construction:

Location information – information pertaining to one or more locations of data and/or identities

of one or more location servers.

---

[1] The Office notes that the term 'location server', although claimed, does not appear in Patent Owner's
specification.  That said, the analogous term 'NDTP server' *is* defined in the specification.  The claimed
'location server' will be interpreted consistent with the 'NDTP server' definition provided in the
specification.
[2] *Kove IO, Inc. v. Amazon Web Services, Inc.*, 1:18cv08175 (N.D. Ill.)

Application/Control Number: 90/019,165                                   Page 10
Art Unit: 3992

Hash table – a data structure that stores values in a table, where values are stored and retrieved by applying a hash function to an input and using the function result as an index into the table.

A hash function used to organize the data location information across the plurality of location servers – a hash function that maps identifier strings to one or more of the data location servers.

Data pertaining to the entity – data pertaining to a person or thing (real, digital, or abstract).

These claim terms will be interpreted consistent with the above construction.

## Substantial New Question of Patentability

9)      The italicized sections of claim 1 and claim 6 are utilized by the examiner to show how specific teachings of the proposed references create a substantial new question of patentability.

1.   A system for managing data stored in a distributed network, the system comprising:

a data repository configured to store a data entity, wherein an identifier string identifies the data entity; and

a data location server network comprising a plurality of data location servers, wherein data location information for a plurality of data entities is stored in the data location server network, at least one of the plurality of data location servers includes location information associated with the identifier string, each one of the plurality of data location servers comprises a processor and a portion of the data location information, the portion of the data location information included in a corresponding one of the data location servers is based on a hash function used to organize the data location information across the plurality of data location servers, and *each one of the data location servers is configured to determine the at least one of the plurality of data location servers based on the hash function applied to the identifier string.*

6.   A system for managing data location information and providing the data location

information in response to location queries, the system comprising:

   a location server configured to receive a location addition request, the location addition

      request formatted in conformance with a transfer protocol, the location addition

      request comprising an identifier and at least one location to associate with the

      identifier, wherein the identifier identifies an entity and wherein each of the at least

      one location specifies a location of data in a network pertaining to the entity;

wherein the location server includes a processor; and

programming logic stored on the location server, wherein the programming logic is

      configured to return, in response to a location query related to a desired entity, a

      location message, the location message in conformance with the transfer protocol and

      comprising at least one location associated with the desired entity, wherein the

      programming logic is further configured to return the location message if the location

      server contains location information for the desired entity, *and wherein the*

      *programming logic is further configured to return a redirect message if the location*

      *server lacks the location information for the desired entity, the redirect message*

      *comprising a list of at least one other location server known to have the location*

      *information for the desired entity.*


**Skagerwall in view of Wolff**

10)   The Request shows that Skagerwall and Wolff provide teachings relevant to the determination of

patentability regarding the following limitations, for claim 1 and claim 6:

   *each one of the data location servers is configured to determine the at least one of the plurality of*

      *data location servers based on the hash function applied to the identifier string.*

Skagerwall describes the ability of a primary directory server to identify the location a desired object using a lookup request (column 12, line 63-column 13, line 6; column 10, lines 21-26; and column 11, lines 37-45 of Skagerwall).

Wolff describes alternate path determination and redirection command across a network (Abstract and column 5, lines 24-38 of Wolff).

*programming logic is further configured to return a redirect message if the location server lacks the location information for the desired entity, the redirect message comprising a list of at least one other location server known to have the location information for the desired entity.*

Skagerwall describes the ability of a primary directory server to identify the location a desired object using a lookup request (column 12, line 63-column 13, line 6; column 10, lines 21-26; and column 11, lines 37-45 of Skagerwall).

Wolff describes alternate path determination and redirection command across a network (Abstract and column 5, lines 24-38 of Wolff).

The Skagerwall and Wolff references were not previously discussed by the examiner nor applied to claims 1, 2, 6, 8, 9, 12, and 15 in the prior examination of the '170 Patent as discussed above.

It is agreed that Skagerwall in view of the Wolff raises a substantial new question of patentability with respect to at least independent claims 1, 6, and 15 of the '170 Patent. There is a substantial likelihood that an examiner would consider these new, non-cumulative technological teachings important in deciding whether or not these claims are patentable.

Accordingly, Skagerwall in view of the Wolff raises a substantial new question of patentability with respect to at least independent claims 1, 6, and 15 of the '170 Patent, a question which has not been decided in a previous examination of the '170 Patent nor was there a final holding of invalidity by the Federal Courts regarding the '170 Patent.

Application/Control Number: 90/019,165                                      Page 13
Art Unit: 3992

### ONAG in view of Oracle Unleashed and Steen

11)     The Request shows that ONAG, Oracle Unleashed, and Steen provide teachings relevant to the

determination of patentability regarding the following limitations, for claim 1 and claim 6:

*each one of the data location servers is configured to determine the at least one of the plurality of*

*data location servers based on the hash function applied to the identifier string.*

ONAG describes a portable software that runs on a variety of computer platforms

(pages 62-63 of ONAG).  An example found on page 129 of ONAG shows a query and the

systems response, reproduced below:

```
NAMESCTL> QUERY BONES.DEM.MEDICINE A.SMD
Total response time:    0.04 seconds
Response status:        normal, successful completion
Authoritative answer:   yes
Number of answers:      1
Canonical name:         bones.dem.medicine
TTL:                    1 day
Alias translations:
    from:               bones.dem.medicine
    to:                 bones.dem.medicine
Answers:
    data type is "a.smd"
        Syntax is ADDR:...(DESCRIPTION=(ADDRESS=
    (COMMUNITY=tcp)(PROTOCOL=TCP)(Host=cowboy)
    (Port=1522))(CONNECT_DATA=(SID=rodeo)))
```

As can be seen in the example above, the request from the client for location information

results in a response ("Answers") which provides the location information for the desired

entity (see also page 109 of ONAG).

Steen describes the each subnode should be aware of how the directory node with

which it communicates is partitioned, allowing the avoidance of querying the management

service each time a subnode needs to communicate with its parent or children (page 108 of

Steen).

Oracle Unleashed describes the benefits of using hash function instead of an index

(pages 394 and 638 of Oracle Unleashed).

Application/Control Number: 90/019,165                                            Page 14
Art Unit: 3992

*programming logic is further configured to return a redirect message if the location server lacks*

*the location information for the desired entity, the redirect message comprising a list of at*

*least one other location server known to have the location information for the desired entity.*

ONAG describes a portable software that runs on a variety of computer platforms

(pages 62-63 of ONAG).  An example found on page 129 of ONAG shows a query and the

systems response, reproduced below:

```
NAMESCTL> QUERY BONES.DEM.MEDICINE A.SMD
Total response time:    0.04 seconds
Response status:        normal, successful completion
Authoritative answer:   yes
Number of answers:      1
Canonical name:         bones.dem.medicine
TTL:                    1 day
Alias translations:
    from:               bones.dem.medicine
    to:                 bones.dem.medicine
Answers:
    data type is "a.smd"
        Syntax is ADDR:...{DESCRIPTION={ADDRESS=
    {COMMUNITY=tcp}{PROTOCOL=TCP}{Host=cowboy}
    {Port=1522}}{CONNECT_DATA={SID=rodeo}}}
```

As can be seen in the example above, the request from the client for location information

results in a response ("Answers") which provides the location information for the desired

entity (see also page 109 of ONAG).

Steen describes the each subnode should be aware of how the directory node with

which it communicates is partitioned, allowing the avoidance of querying the management

service each time a subnode needs to communicate with its parent or children (page 108 of

Steen).

Oracle Unleashed describes the benefits of using hash function instead of an index

(pages 394 and 638 of Oracle Unleashed).

Application/Control Number: 90/019,165                                    Page 15
Art Unit: 3992

The ONAG, Oracle Unleashed, and Steen references were not previously discussed by the

examiner nor applied to claims 1, 2, 6, 8, 9, 12, and 15 in the prior examination of the '170 Patent as

discussed above. The ONAG reference was discussed in the prior reexamination of the '170 Patent, but it

was not discussed in combination with the Oracle Unleashed and Steen references as presented in the

request.

It is agreed that ONAG in view of the Oracle Unleashed and Steen raises a substantial new

question of patentability with respect to at least independent claims 1, 6, and 15 of the '170 Patent. There

is a substantial likelihood that an examiner would consider these new, non-cumulative technological

teachings important in deciding whether or not these claims are patentable.

Accordingly, ONAG in view of the Oracle Unleashed and Steen raises a substantial new question

of patentability with respect to at least independent claims 1, 6, and 15 of the '170 Patent, a question

which has not been decided in a previous examination of the '170 Patent nor was there a final holding of

invalidity by the Federal Courts regarding the '170 Patent.


**Steen in view of Skagerwall and Wolff**

12)      The Request shows that Steen, Skagerwall, and Wolff provide teachings relevant to the

determination of patentability regarding the following limitations, for claim 1 and claim 6:

> *each one of the data location servers is configured to determine the at least one of the plurality of*
>
> > *data location servers based on the hash function applied to the identifier string.*
>
> *programming logic is further configured to return a redirect message if the location server lacks*
>
> > *the location information for the desired entity, the redirect message comprising a list of at*
> >
> > *least one other location server known to have the location information for the desired entity.*

Steen describes the each subnode should be aware of how the directory node with

which it communicates is partitioned, allowing the avoidance of querying the management

service each time a subnode needs to communicate with its parent or children (page 108 of

Steen).

Skagerwall describes the ability of a primary directory server to identify the location a

desired object using a lookup request (column 12, line 63-column 13, line 6; column 10, lines

21-26; and column 11, lines 37-45 of Skagerwall).

Wolff describes alternate path determination and redirection command across a

network  (Abstract and column 5, lines 24-38 of Wolff).


*programming logic is further configured to return a redirect message if the location server lacks*

*the location information for the desired entity, the redirect message comprising a list of at*

*least one other location server known to have the location information for the desired entity.*

Steen describes the each subnode should be aware of how the directory node with

which it communicates is partitioned, allowing the avoidance of querying the management

service each time a subnode needs to communicate with its parent or children (page 108 of

Steen).

Skagerwall describes the ability of a primary directory server to identify the location a

desired object using a lookup request (column 12, line 63-column 13, line 6; column 10, lines

21-26; and column 11, lines 37-45 of Skagerwall).

Wolff describes alternate path determination and redirection command across a

network  (Abstract and column 5, lines 24-38 of Wolff).


The Steen, Skagerwall, and Wolff references were not previously discussed by the examiner nor

applied to claims 1, 2, 6, 8, 9, 12, and 15 in the prior examination of the '170 Patent as discussed above.

It is agreed that Steen in view of Skagerwall and Wolff raises a substantial new question of

patentability with respect to at least independent claims 1, 6, and 15 of the '170 Patent.  There is a

substantial likelihood that an examiner would consider these new, non-cumulative technological teachings

important in deciding whether or not these claims are patentable.

Application/Control Number: 90/019,165                                      Page 17
Art Unit: 3992

Accordingly, Steen in view of Skagerwall and Wolff raises a substantial new question of

patentability with respect to at least independent claims 1, 6, and 15 of the '170 Patent, a question which

has not been decided in a previous examination of the '170 Patent nor was there a final holding of

invalidity by the Federal Courts regarding the '170 Patent.

## Scope of Reexamination

13)      Claim 1, 2, 6, 8, 9, 12, and 15 will be reexamined as requested.

## *Conclusion*

14)      Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the

provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding.

Additionally, 35 U.S.C. 305 requires that reexamination proceedings "will be conducted with special

dispatch" (37 CFR 1.550(a)).  Extension of time in *ex parte* reexamination proceedings are provided for

in 37 CFR 1.550(c).

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise

the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No.

7,814,170 throughout the course of this reexamination proceeding.  See MPEP §§ 2207, 2282 and 2286.

All correspondence relating to this ex parte reexamination proceeding should be directed as

follows:


By U.S. Postal Service Mail to:

        Mail Stop Ex Parte Reexam
        ATTN: Central Reexamination Unit
        Commissioner for Patents
        P.O. Box 1450
        Alexandria, VA 22313-1450

Application/Control Number: 90/019,165                                      Page 18
Art Unit: 3992

By FAX to:

     (571) 273-9900
     Central Reexamination Unit

By hand to:

     Customer Service Window
     Randolph Building
     401 Dulany St.
     Alexandria, VA 22314

By EFS-Web:

     Registered users of EFS-Web may alternatively submit such correspondence via the electronic filing system EFS-Web, at

     https://efs.uspto.gov/efile/myportal/efs-registered

     EFS-Web offers the benefit of quick submission to the particular area of the Office that needs to act on the correspondence. Also, EFS-Web submissions are "soft scanned" (i.e., electronically uploaded) directly into the official file for the reexamination proceeding, which offers parties the opportunity to review the content of their submissions after the "soft scanning" process is complete.

     Any inquiry concerning this communication or earlier communications from the Reexamination

Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the Central

Reexamination Unit at telephone number (571) 272-7705.

/JOSHUA D CAMPBELL/
Primary Examiner, Art Unit 3992

Conferees:

/ADAM L BASEHOAR/
Primary Examiner, Art Unit 3992

/ALEXANDER J KOSOWSKI/
Supervisory Patent Examiner, Art Unit 3992

Application/Control Number: 90/019,165                                          Page 19
Art Unit: 3992

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 90/019,165 | 7814170 |
| | Examiner | Art Unit |
| | JOSHUA D CAMPBELL | 3992 |

| CPC - Searched* | | |
|---|---|---|
| Symbol | Date | Examiner |
| | | |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| Symbol | Date | Examiner |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| Search Notes | | |
|---|---|---|
| Search Notes | Date | Examiner |
| Reviewed patented file's prosecution history, the request, and proposed prior art | 03/20/2023 | JDC |
| P-TACTS for AIA Proceedings | 03/20/2023 | JDC |
| PDP for continuity data | 03/20/2023 | JDC |
| Reviewed reexamination file wrappers 90/019035, 90/019034, 90/019036 | 03/20/2023 | JDC |

| Interference Search | | | |
|---|---|---|---|
| US Class/CPC Symbol | US Subclass/CPC Group | Date | Examiner |
| | | | |

| | |
|---|---|
| | |

| *Reexamination* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 90/019,165 | 7814170 |
| | Certificate Date | Certificate Number |
| | | |

---

**Requester Correspondence Address:** ☐  **Patent Owner** ☑  **Third Party**

FISCH SIGLER LLP
5301 WISCONSIN AVENUE NW
SUITE 400
WASHINGTON, DC 20015

---

| **LITIGATION REVIEW** ☑ | JDC<br>(examiner initials) | 17 February 2023<br>(date) |
|---|---|---|
| Case Name | | Director Initials |
| 1:18cv8175 (Open) | | |

---

| COPENDING OFFICE PROCEEDINGS | |
|---|---|
| **TYPE OF PROCEEDING** | **NUMBER** |
| | |

---

| | |
|---|---|
| | |

U.S. Patent and Trademark Office                                               DOC. CODE **RXFILJKT**

PTO/SB/08a (07-09)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | **Complete if Known** | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Application Number | Not Yet Assigned |
| | Filing Date | **02-13-2006** |
| | First Named Inventor | John K. Overton |
| | Art Unit | N/A |
| | Examiner Name | Not Yet Assigned |
| Sheet   1   of   5 | Attorney Docket Number | |

### U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 2 | US- 6,473,781 | 10-27-1998 | Skagerwall | |
| | 8 | US- 7,233,978 | 06-19-2007 | Overton | |
| | 3 | US- 6,185,601 | 04-15-1998 | Wolff | |
| | 7 | US- 7,103,640 | 09-13-2000 | Overton | |
| | 1 | US- 7,814,170 | 02-13-2006 | Overton | |
| | 37 | US- 6,122,664 | 06-27-1997 | Boukobza | |
| | 38 | US- 6,230,183 | 03-11-1998 | Yocum | |
| | 39 | US- Pat. App No. 09/111,896 | 07-08-1998 | Overton | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3] Number[4] Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0031. Public burden for this form is estimated to average 2 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. **DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. If filing this completed form by mail, send to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /J.D.C/

PTO/SB/08b (07-09)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | **Complete if Known** | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Application Number | Not Yet Known |
| | Filing Date | 02-13-2006 |
| | First Named Inventor | John K. Overton |
| | Art Unit | N/A |
| | Examiner Name | Not Yet Assigned |
| Sheet  2  of  5 | Attorney Docket Number | |

**NON PATENT LITERATURE DOCUMENTS**

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
|---|---|---|---|
| | 5 | LARRY NEUMANN & MARY OWEN, Oracle Names Administrator's Guide, Release 2.0 (1996 Oracle Corp., Redwood City, CA) (223 pages) | |
| | 6 | Joseph B. Greene, Oracle8 Server Unleashed, (Sams Publishing, Indianapolis, Ind.), published August 2, 1998 (Part 1-241 pages, Part 2-241 pages, Part 3-241 pages, Part 4-241 pages) | |
| | 9 | **Original Prosecution History of the '640 Patent** | |
| | 10 | **Original Prosecution History of the '978 Patent** | |
| | 11 | **Original Prosecution History of the '170 Patent** | |
| | 12 | Departments of Informatics, Oracle V2, Virtual Exhibitions in Informatics, University of Klagenfurt (September 30, 2019) (2 pages) | |
| | 13 | STEVEN BOBROWSKI, CYNTHIA CHIN–LEE, CINDY CLOSKEY, JOHN FRAZZINI, & DANNY SOKOLSKY, Oracle7 Server Concepts, Release 7.3 (Oracle Corp., Redwood City, CA), published 1996 (525 pages) | |
| | 14 | George Koch & Kevin Loney, Oracle: The Complete Reference, Electronic Edition (Oracle Press), ISBN: 0078822858 (Excerpts, 9 pages) | |
| | 15 | Kevin Loney, Oracle DBA Handbook, 7.3 Edition (McGraw-Hill Osborne Media) ISBN: 0078822890, published 1997 (Excerpts, 14 pages)) | |
| | 16 | Kove IO, Inc. v. Amazon Web Services, Inc., 1:18-cv-08175 (N.D. Ill.), Kove's Memorandum in Opposition to Amazon Web Services, Inc.'s Motion for Judgment on the Pleadings (22 pages) | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0031. Public burden for this information collection is estimated to average 2 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. **DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.** If filing this completed form by mail, send to: **Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /J.D.C/

PTO/SB/08b (07-09)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | | | | **Complete if Known** | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | Not Yet Assigned |
| | | | | Filing Date | 02-13-2006 |
| | | | | First Named Inventor | John K. Overton |
| | | | | Art Unit | N/A |
| | | | | Examiner Name | Not Yet Assigned |
| Sheet | 3 | of | 5 | Attorney Docket Number | |

### NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
|---|---|---|---|
| | 17 | Kove IO, Inc. v. Amazon Web Services, Inc., 1:18-cv-08175 (N.D. Ill.), Joint Claim Construction Chart (Updated) (7 pages) | |
| | 18 | Declaration of Sylvia D. Hall-Ellis, Ph.D. Under 37 C.F.R. § 1.132 Regarding Publi- cation of Oracle Names Administrator's Guide, Release 2.0 and Oracle8 Server Unleashed (67 pages) | |
| | 20 | Amazon Web Services, Inc., v. Kove IO, Inc., IPR2020-00276, Paper 11 (Patent Owner's Preliminary Response) (58 pages) | |
| | 21 | Amazon Web Services, Inc., v. Kove IO, Inc., IPR2020-00276, Paper 23 (Decision) (PTAB March 19, 2020) (25 pages) | |
| | 22 | Oracle - Investor Relations — FAQ, Frequently Asked Questions (5 pages) | |
| | 23 | Kove IO, Inc. v. Amazon Web Services, Inc., 1:18-cv-08175 (N.D. Ill.), Kove IO, Inc.'s Final Enforceability and Validity Contentions (20 pages) | |
| | 24 | NSN 7610-01-448-8459, 7610014488459, ISO Group Defense and Aerospace Supply Chain Partner, https://www.iso-group.com/NSN/7610-01-448-8459 (5 pages) | |
| | 25 | Kove IO, Inc. v. Amazon Web Services, Inc., 1:18-cv-08175 (N.D. Ill.), Motion For Addl Claim Construction (Updated), D.I. 484 (November 28, 2022) | |
| | 26 | Kove IO, Inc. v. Amazon Web Services, Inc., 1:18-cv-08175 (N.D. Ill.), Motion For Addl Claim Construction, D.I. 539 (November 28, 2022) | |
| | 27 | Kove IO, Inc. v. Amazon Web Services, Inc., 1:18-cv-08175 (N.D. Ill.), Minute Entry, D.I. 580 (January 14, 2023) | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0031. Public burden for this information collection is estimated to average 2 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. **DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.** If filing this completed form by mail, send to: **Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /J.D.C/

PTO/SB/08b (07-09)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

Substitute for form 1449/PTO

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT

*(Use as many sheets as necessary)*

| | | | |
|---|---|---|---|
| **Complete if Known** | | | |
| **Application Number** | Not Yet Assigned | | |
| **Filing Date** | 02-13-2006 | | |
| **First Named Inventor** | John K. Overton | | |
| Art Unit | N/A | | |
| Examiner Name | Not Yet Assigned | | |

| Sheet | 4 | of | 5 | Attorney Docket Number | |
|---|---|---|---|---|---|

## NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
|---|---|---|---|
| | 28 | File Wrapper For '170 Patent Reexamination Control Number 90/019,035 | |
| | 29 | File Wrapper For '640 Patent Reexamination Control Number 90/019,036 | |
| | 30 | File Wrapper For '978 Patent Reexamination Control Number 90/019,034 | |
| | 31 | File Wrapper For '978 Patent Reexamination Control Number 90/019,109 | |
| | 32 | ACM Digital Library TOC | |
| | 33 | Yigd Bejerano et al., "An Efficient Mobility Management Strategy for Personal Communication Systems," Department of Electrical Engineering Technion - Israel Institute of Techology, pp. 215-222 (1998) | |
| | 34 | C. Ballintijn et al., "Lightweight Crash Recovery in a Wide-area Location Service," VU Research Portal, pp. 1-13 (October 1998) | |
| | 35 | Evaggelia Pitoura et al., "An Efficient Hierarchical Scheme for Locating Highly Mobile Users," Department of Computer Science, University of Iowa, pp. 218-225 (1998) | |
| | 36 | Amin Vahdat et al., "Active Naming: Programmable Location and Transport of Wide-Area Resources" (November 1998) | |
| | 19 | Declaration of Joseph B. Greene Under 37 C.F.R. § 1.132 ("Greene Decl.") (202 pages) | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

\*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0031. Public burden for this form is estimated to average 2 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. **DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.** If filing this completed form by mail, send to: **Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /J.D.C/

PTO/SB/08b (07-09)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| | Complete if Known |
|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* Substitute for form 1449/PTO | |

| | | |
|---|---|---|
| Application Number | Not Yet Assigned |
| Filing Date | 02-13-2006 |
| First Named Inventor | John K. Overton |
| Art Unit | N/A |
| Examiner Name | Not Yet Assigned |

| Sheet | 5 | of | 5 | Attorney Docket Number | |
|---|---|---|---|---|---|

### NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
|---|---|---|---|
| | 4 | Maarten van Steen et al., "Locating Objects in Wide-Area Systems," IEEE Communications Magazine, Vol. 36, Issue 1, pp. 104-09 (Jan. 1998) ("Steen") (6 pages) | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Examiner Signature | /JOSHUA D CAMPBELL/ | Date Considered | 03/16/2023 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0031. Public burden for this form is estimated to average 2 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. **DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.** If filing this completed form by mail, send to: **Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /J.D.C/

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. The United States Patent and Trademark Office (USPTO) collects the information in this record under authority of 35 U.S.C. 2. The USPTO's system of records is used to manage all applicant and owner information including name, citizenship, residence, post office address, and other information with respect to inventors and their legal representatives pertaining to the applicant's/owner's activities in connection with the invention for which a patent is sought or has been granted. The applicable Privacy Act System of Records Notice for the information collected in this form is COMMERCE/PAT-TM-7 Patent Application Files, available in the Federal Register at 78 FR 19243 (March 29, 2013). https://www.govinfo.gov/content/pkg/FR-2013-03-29/pdf/2013-07341.pdf

Routine uses of the information in this record may include disclosure to: 1) law enforcement, in the event that the system of records indicates a violation or potential violation of law; 2) a Federal, state, local, or international agency, in response to its request; 3) a contractor of the USPTO having need for the information in order to perform a contract; 4) the Department of Justice for determination of whether the Freedom of Information Act (FOIA) requires disclosure of the record; 5) a Member of Congress submitting a request involving an individual to whom the record pertains, when the individual has requested the Member's assistance with respect to the subject matter of the record; 6) a court, magistrate, or administrative tribunal, in the course of presenting evidence, including disclosures to opposing counsel in the course of settlement negotiations; 7) the Administrator, General Services Administration (GSA), or their designee, during an inspection of records conducted by GSA under authority of 44 U.S.C. 2904 and 2906, in accordance with the GSA regulations and any other relevant (i.e., GSA or Commerce) directive, where such disclosure shall not be used to make determinations about individuals; 8) another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)); 9) the Office of Personnel Management (OPM) for personnel research purposes; and 9) the Office of Management and Budget (OMB) for legislative coordination and clearance.

If you do not furnish the information requested on this form, the USPTO may not be able to process and/or examine your submission, which may result in termination of proceedings, abandonment of the application, and/or expiration of the patent.

# Additional Uses

Additional USPTO uses of the information in this record may include disclosure to: 1) the International Bureau of the World Intellectual Property Organization, if the record is related to an international application filed under the Patent Cooperation Treaty;  2) the public i) after publication of the application pursuant to 35 U.S.C. 122(b), ii) after issuance of a patent pursuant to 35 U.S.C. 151, iii) if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections, or an issued patent, or iv) without publication of the application or patent under the specific circumstances provided for by 37 CFR 1.14(a)(1)(v)-(vii); and/or 3) the National Archives and Records Administration, for inspection of records.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /J.D.C/