IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., | Civil Action No. 1:18-cv-08175 |
| Plaintiff, | Judge Matthew F. Kennelly |
| v. | Jury Trial Demanded |
| AMAZON WEB SERVICES, INC., | |
| Defendant. | |

**KOVE'S OPPOSITION TO AWS'S MOTION FOR LEAVE TO
AMEND ITS FINAL INVALIDITY CONTENTIONS**

**TABLE OF CONTENTS**

                                                                                          <u>Page</u>

I.     Introduction ...........................................................................................................................1

II.    Background ...........................................................................................................................2

III.   Argument ..............................................................................................................................2

     A.  AWS Has Not Demonstrated Good Cause Because Its Proposed Amendments Are Unrelated to Its Proposed Claim Constructions Or Kove's Amendments ..........................4

         1.  AWS Failed to Show That Its Proposed Claim Constructions Are Material to Its New Invalidity Theories ...............................................................................................5

         2.  AWS Failed to Show That Its Proposed Claim Constructions Are Responsive to Kove's Amended Contentions ...................................................................................8

         3.  AWS Is Improperly Seeking to Amend Its Invalidity Theories Even If Its Proposed Constructions Are Not Adopted .......................................................................9

     B.  AWS Has Not Shown Diligence Because AWS Has Long Known About, or Should Have Known About, the References It Seeks to Add ...............................................................10

     C.  AWS's Amendments Will Unfairly Prejudice Kove By Forcing It to Respond to Complex New Invalidity Theories At the Tail End of Fact Discovery ...........................................11

IV.   Conclusion .........................................................................................................................12

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
  Case No. 12-cv-00630, 2013 WL 3246094 (N.D. Cal. July 27, 2011) .............................. 6, 9

*Clearlamp, LLC, v. LKQ Co.*,
  No. 12 C 2533 (N.D. Ill. July 2, 2015) .................................................................................. 10

*Genentech, Inc. v. Univ. of Penn.*,
  Case No. C 10–2037, 2011 WL 3204579 (N.D. Cal. July 27, 2011) ....................................... 6

*Kolcraft Enterprises, Inc. v. Chicco USA, Inc.*,
  No. 1:09-cv-03339 (N.D. Ill. July 9, 2017) ........................................................................... 11

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006) ............................................................................................... 4

*Oy Ajat, Ltd. v. Vatech Am., Inc.*,
  2012 WL 1067900 (D. N.J. Mar. 29, 2012) ............................................................................ 8

*Positive Techs., Inc. v. Sony Elecs., Inc.*,
  No. C 11–2226 SI, 2013 WL 322556 (N.D. Cal. Jan. 28, 2013) ............................................. 8

*Silicon Labs., Inc. v. Cresta Tech. Corp.*,
  No. 14-CV-03227-PSG, 2015 WL 13449672 (N.D. Cal. Dec. 21, 2015) ........................... 5, 6

*Sloan Valve Co., v. Zurn Indus., Inc.*,
  No. 1:10-cv-00204, 2012 WL 6214608 ............................................................................... 6, 8

*Sonix Tech. Co., Ltd. v. Publications Int'l, Ltd.*,
  No. 13-cv-2082, 2015 WL 4730155 (N.D. Ill. Aug. 10, 2015) ............................................... 8

*Thermapure, Inc. v. Giertsen Co. of Ill.*,
  10 C 4724, 2012 WL 6196912 (N.D. Ill. Dec. 11, 2012) ...................................................... 10

*Trading Techs, Int'l, Inv. v. BCG Partners, Inc.*,
  10 C 715, 2011 WL 3946581 (N.D. Ill. Sept. 2, 2011) ......................................................... 10

*Trading Techs. Int'l. v. IBG LLC*,
  1:10-cv-007151 (N.D. Ill. Dec. 19, 2019) ......................................................................... 6, 11

**Law Review Articles**

Judge Matthew Kennelly & Edward D. Manzo, *Northern District of Illinois
  Adopts Local Patent Rules*, 9 J. MARSHALL REV. INTELL. PROP. L. 202 (2010) .................. 4, 7

**Rules**

Rule 3.4 ............................................................................................................................. 4, 5, 11

Plaintiff Kove IO, Inc. ("Kove") hereby files its opposition to Defendant Amazon Web Services, Inc.'s ("AWS") Motion for Leave to Amend Its Final Invalidity Contentions ("Motion" or "Mot.") (Dkt. 596).

## I. INTRODUCTION

If AWS were seeking to amend its final invalidity contentions to properly account for the claim constructions that AWS intends to seek at summary judgment, Kove would not oppose. Indeed, Kove did not oppose AWS's recent amendments to its non-infringement contentions, and Kove just amended its own infringement and validity contentions; in all instances, the amendments were proper because they were directly tied to AWS's impending claim construction arguments.

AWS's proposed amendments to its invalidity contentions, by contrast, are of a different kind. Through its amendments, AWS seeks to add two new invalidity theories for every asserted claim. While the theories are new, they are based on references that AWS has long known about (or should have), and so AWS would ordinarily not be able to add them at this late stage of the case. Yet AWS is seeking to do so nonetheless, purportedly because the changes are permitted due to its new claim constructions positions. They are not.

While a change in claim construction — or here, a potential change in claim construction — *can* be a valid basis for amending contentions, not *every* change in claim construction is a basis for *any* amendment to contentions. Were it otherwise, this District's Local Patent Rules, and its goal of avoiding a "shifting sands" approach to infringement and invalidity theories, would be seriously undermined. Unhappy with how their theories panned out over the course of fact discovery, parties could simply raise a new claim construction dispute and then leverage the dispute to amend their contentions to include different, unexpected theories.

Thus, when there is a change in claim construction, parties can only add new invalidity theories

1

when the claim construction is *material* to the theories. This means that the party seeking to amend must not have been able to assert the new theories, but for the change in claim construction. If the party could have asserted the new theories earlier, but did not, then there is no good cause to amend.

AWS's Motion does not even attempt to meet the materiality standard. AWS simply makes vague assertions that its new invalidity theories "address" its proposed claim constructions — which of course they do. But AWS does not attempt to explain, with any particularity, how its new invalidity theories even relate to its proposed claim constructions, much less how the materiality requirement is met. And, as explained below, because AWS's proposed claim constructions are narrower than the operative claim constructions, AWS cannot make this showing.

AWS's request for leave to amend its final invalidity contentions should be denied for these and other reasons addressed herein.

## II. BACKGROUND

This case was filed on December 12, 2018, and so has been pending for over 4 years. Final Infringement and Invalidity Contentions were first served on February 13, 2020. Nearly two years later, in November 2021, AWS filed three requests for *ex parte* reexaminations that sought to invalidate all the asserted claims in this case. *See* Dkt. 487-1, 487-2, & 490-3. Then, in October and November of 2022, the Patent Office concluded their reexaminations of Kove's patents: 17 of the 19 claims were confirmed as patentable. *See* Dkt. 532-1 (Notice of Intent to Issue Ex Parte Reexamination Certificate in the Reexam of the '640 Patent); 530-2 (Notice of Intent to Issue Ex Parte Reexamination Certificate in the Reexam of the '170 Patent); and 532-2 (Final Office Action in the Reexam of the '978 Patent).

Following its largely unsuccessful reexaminations, AWS sought to reopen claim construction by claiming that Kove limited the scope of the asserted claims through statements of disclaimer allegedly made during the reexaminations. Dkt. 539. In January 2023, this Court denied the motion

without prejudice, explaining that additional claim construction arguments could be considered during summary judgment briefing. Dkt. 579.

To try to head off any supplementation of contentions or expert reports after the resolution of AWS's new claim construction arguments, the parties agreed to a proposal for exchanging proposed amendments to their contentions to account for the possibility that the claim constructions could be adopted. Kove was always clear, and AWS agreed, that the purpose of these exchanges was to provide amendments that are necessitated by AWS's new claim construction positions. *See, e.g.*, Ex. B at 2 ("3/2/2023: parties exchange proposed amendments to ALL contentions based on Amazon's new claim constructions[.]"); *id.* at 1 ("This is acceptable to Amazon[.]").

The agreed-upon proposal involved potentially two exchanges of contentions. In the first exchange, the parties provided their proposed amendments necessitated by AWS's claim construction arguments for all their contentions. In the second exchange, if needed, the parties could exchange further amended contentions that accounted for anything unexpected in the other parties' contentions. For example, it was possible that AWS may need to further amend its non-infringement contentions to address a Kove infringement theory that applies under AWS's potential claim constructions that AWS did not address in its initially exchanged contentions. Kove's hope was that the parties would provide amendments narrowly tailored to the proposed new constructions, there would be no objections, and the parties could then both file unopposed motions to amend their respective contentions.

That is what happened with Kove's infringement and validity contentions and AWS's non-infringement contentions, and the amended contentions have all been approved by the Court. But it did not happen with AWS's invalidity contentions. Rather than, for example, amend its claim charts only to address the potential new claim limitations, AWS completely removed two invalidity grounds

3

for each asserted claim (based on various combinations of a total of 5 references), and replaced them with two new invalidity grounds for each asserted claim (based on various combinations of a total of 8 completely different references). Dkt. 596-1, at 9-15. During meet and confers, AWS did not provide any explanation for how the new references and invalidity theories were necessitated by claim construction. Kove indicated that it opposed AWS's amendments to its invalidity contentions, and AWS filed its present Motion. *See* Ex. A, at 1, 4-5.

### III. ARGUMENT

Local Patent Rule 3.4 provides that a party may amend its final contentions "only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the basis for the amendment." L.P.R. 3.4; *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366-67 (Fed. Cir. 2006); *see generally* Judge Matthew Kennelly & Edward D. Manzo, *Northern District of Illinois Adopts Local Patent Rules*, 9 J. MARSHALL REV. INTELL. PROP. L. 202, 216 (2010) ("Parties are not locked irrevocably into their final contentions. To amend them, however, a party must obtain leave of court on a showing of good cause and the absence of unfair prejudice to opposing parties."). AWS has failed to show that any of these requirements are met, and so its Motion must be denied.

#### A. AWS Has Not Demonstrated Good Cause Because Its Proposed Amendments Are Unrelated to Its Proposed Claim Constructions Or Kove's Amendments

AWS alleges that it has good cause to amend its invalidity contentions for two reasons. First, to account for potential changes to the claim construction due to statements Kove made during the reexaminations of the asserted patents. Dkt. 596, at 4-7. Second, so that it may respond to amendments to Kove's infringement and validity contentions that were recently approved by the Court. Dkt. 596, at 7-8; Dkt. 593. While both purported bases ***could*** in the abstract constitute good cause, neither does so here. This is because AWS has failed to show, and cannot show, that

4

its proposed amendments are tailored to addressing its proposed claim constructions or Kove's amended contentions.

### 1. AWS Failed to Show That Its Proposed Claim Constructions Are Material to Its New Invalidity Theories

Under Local Patent Rule 3.4, a claim construction ruling different than the one proposed by a party *may* constitute good cause to amend contentions. *See* L.P.R. 3.4 ("An example of a circumstance that *may* support a finding of good cause, absent undue prejudice to the non-moving party, includes a claim construction by the Court different from that proposed by the party seeking amendment.") (emphasis added). For a change in claim construction to *actually* serve as good cause for amendments, the claim construction must be "material" to a party's new theories. *See Silicon Labs., Inc. v. Cresta Tech. Corp.*, No. 14-CV-03227-PSG, 2015 WL 13449672 at *1 (N.D. Cal. Dec. 21, 2015) ("Although an adverse claim construction can give rise to good cause, it does so 'not because the construction happens to be different but because that difference is material to a party's theory of [invalidity.]'") (alteration in original).[1] And for a change in claim construction to be material to proposed amendments to invalidity contentions, the new invalidity theories cannot have been viable under the previous claim construction.

For example, in *Silicon Labs*, the defendant moved for leave to amend its invalidity contentions, arguing that the court's claim construction ruling permitted amendment. 2015 WL 13449672, at *1. The court disagreed, explaining that "an adverse claim construction can give rise to good cause," but that "[a] party cannot show good cause merely by pointing to the court's decision to reject a construction the party would have preferred." *Id.* The court held that "[w]hen 'a theory of

---

[1] The Northern District of California has a standard for amending contentions that is nearly identical to this District's standard, and so the districts often look to one another's law as persuasive authority. Both Kove and AWS have cited to case law from the Northern District of California in support of their arguments related to amending contentions. *See, e.g.*, Dkt. 91, at 8; Dkt. 172, at 2, 9-10; Dkt 172, at 9-10; Dkt. 200.

5

[invalidity] falls within the party's proffered construction and also falls within the court's construction, the difference is not material and does not provide good cause to amend the contentions' to add the new theory." *Id.* (quoting *Apple Inc. v. Samsung Elecs. Co.*, Case No. 12-cv-00630, 2013 WL 3246094, at \*5 (N.D. Cal. July 27, 2011)); *see Genentech,* Inc*. v. Univ. of Penn.*, Case No. C 10–2037, 2011 WL 3204579, at \*2 (N.D. Cal. July 27, 2011); Ex. E, *Trading Techs. Int'l. v. IBG LLC*, 1:10-cv-007151, at 1 (N.D. Ill. Dec. 19, 2019) (denying motion to amend invalidity contentions where "Defendants suggestion that the proposed amendment is purely in response to this Court's claim construction Order is belied by the record and its own Motion"). Said another way, amended references are only appropriate if they are within the scope for the *new* claim construction but outside the scope of the *prior* claim construction. In effect, the materiality test collapses into a "but for" test.

This requirement makes sense. If a new claim construction could open the door to new invalidity theories regardless of the relationship between those theories and the new construction, then *any* new (or even alleged) claim construction could serve as a pretext for bringing in invalidity theories that should have been asserted earlier. This would invite rampant gamesmanship and undermine a primary purpose of the Local Patent Rules, which is to get the parties to settle on their theories of infringement and validity relatively early on so the parties understand what they are litigating about.

"The purpose of the local patents rules is to prevent a shifting sands approach to claim construction by forcing the parties to crystallize their theories of the case early in litigation." *Sloan Valve Co., v. Zurn Indus., Inc.*, No. 1:10-cv-00204, 2012 WL 6214608, at \*2 (cleaned up); *see also* Judge Matthew Kennelly & Edward D. Manzo, *Northern District of Illinois Adopts Local Patent Rules*, 9 J. MARSHALL REV. INTELL. PROP. L. 202, 216 (2010). In this case, the parties have engaged in extensive motion practice about the operative final contentions. *See, e.g.*, Dkts. 91, 96, 172, 183, 192, 203, 216, 217, 232, 233, 248, 508, 511, 589, 592, 596. The materiality standard, which limits

good cause when there is a change in claim construction that brings in new invalidity theories that were not previously viable, preserves the integrity of the Local Patent Rules.

The concept of materiality, and how it applies here, is further illustrated using the diagram below. It is undisputed that AWS's proposed claim constructions would narrow the scope of the asserted claims. *See* Dkt. 539, at 4-5; Dkt. 596, at 3, 4-8. The outer circle ("CC 1") thus represents the claim scope under the operative claim constructions, while the inner circle ("CC 2") represents the narrower claim scope that would exist under the claim constructions that AWS is seeking.



To show that its proposed claim constructions are material to its new invalidity theories, AWS must demonstrate that its new invalidity theories fall within its proposed constructions (CC 2), but not within the existing constructions (CC 1). As this diagram shows, that is impossible. This is because any invalidity theories that fall within AWS's narrower constructions (R1, R2, R3, R4) necessarily also fall within the current constructions. As such, AWS cannot meet the materiality standard.

Indeed, AWS does not even try to. Throughout its Motion, AWS only makes vague, generalized assertions that the references of its new invalidity theories relate to its proposed claim

7

constructions. Dkt. 596, at 4-5. Pointing to conclusory assertions in the contentions or the entirety of the charts is insufficient to meet AWS's burden to show that its proposed claim constructions are material to its new invalidity theories. *See id.* at 7-8 (stating that "Amazon's other additional prior-art references . . . disclose the same"); *id.*, at fn.41 (AWS citing the entirety of its new invalidity claim charts).

None of the cases AWS cites found good cause under similar circumstances to those present here. *See Sonix Tech. Co., Ltd. v. Publications Int'l, Ltd.*, No. 13-cv-2082, 2015 WL 4730155, at *13-14 (N.D. Ill. Aug. 10, 2015) (finding good cause to amend invalidity contentions to respond to plaintiff's expert's new opinion only disclosed during deposition testimony); *Sloan Valve Co. v. Zurn Indus., Inc.*, No. 1:10-cv-00204, 2012 WL 6214608, at *4 (N.D. Ill. Dec. 13, 2012) (finding good cause where amended contentions responded directly to plaintiff's amended infringement contentions); *Oy Ajat, Ltd. v. Vatech Am., Inc.*, 2012 WL 1067900, at *22 (D. N.J. Mar. 29, 2012) (finding good cause where defendant sought to amend contentions prior to the *Markman* hearing); *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. C 11–2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013) (finding good cause to permit a response to plaintiff's *Markman* briefing and the claim construction order, which changed the circumstances of the case).

### 2. AWS Failed to Show That Its Proposed Claim Constructions Are Responsive to Kove's Amended Contentions

AWS also contends that its amended invalidity contentions are justified because they are responsive to Kove's recently amended infringement and validity contentions. Dkt. 596, at 4, 7. This assertion is demonstrably incorrect.

To account for the possibility that AWS's new claim construction positions may be adopted by the Court, the parties agreed to simultaneously exchange all proposed contention amendments responsive to the new constructions. *See* Ex. B, at 1-2. Pursuant to this agreement, on March 2, 2023,

8

Kove provided its amended infringement and validity contentions, and AWS provided its amended non-infringement and invalidity contentions. Thus, March 2 was the first time that AWS became aware of Kove's amendments to its operative contentions. The parties also agreed that, on March 10, 2023, the parties could provide further amended contentions that took into account the other parties' March 2 contentions. *See id.*

AWS, however, did not further alter its invalidity contentions after receiving Kove's amended contentions. AWS is seeking leave to amend the invalidity contentions that it provided to Kove as part of the March 2 exchange. Accordingly, none of the changes AWS is seeking to make to its invalidity contentions were to respond to Kove's amended contentions. Kove's recently amended contentions thus cannot provide good cause for AWS to amend its invalidity contentions.

### 3. AWS Is Improperly Seeking to Amend Its Invalidity Theories Even If Its Proposed Constructions Are Not Adopted

In correspondence between the parties, AWS indicated that the amended invalidity contentions that are the subject of its Motion would only be operative if its proposed claim constructions were adopted. *See, e.g.*, Ex. A, at 3 ("Amazon has selected the four grounds identified in its Proposed Fifth Amended Final Unenforceability and Validity Contentions pursuant to LPR 3.1, which are contingent on the Court's adoption of Amazon's proposed constructions."). Yet, AWS's Motion is not contingent on its constructions being adopted. This is not proper. The only potential good cause for AWS's amendments is that the amendments are needed to address potential new claim constructions. If there are no new claim constructions, there is no basis for amendment. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, No. 12-CV-0630-LHK PSG, 2013 WL 3246094, at *4 (N.D. Cal. June 26, 2013) ("Concern over the possibility of a loss at claim construction does not amount to good cause.").

For all the reasons stated above, AWS has failed to demonstrate good cause, and its Motion

9

should be denied irrespective of whether or not Kove is prejudiced (which it would be). Ex. C, *Clearlamp, LLC, v. LKQ Co.*, No. 12 C 2533, at 4 (N.D. Ill. July 2, 2015) ("Because Clearlamp has failed to show good cause, the court need not delve into whether LKQ would suffer prejudice if Clearlamp were allowed to amend its final infringement contentions.").

### B. AWS Has Not Shown Diligence Because AWS Has Long Known About, or Should Have Known About, the References It Seeks to Add

In addition to requiring good cause, the Local Patent Rules require the moving party "to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." *Trading Techs, Int'l, Inv. v. BCG Partners, Inc.*, 10 C 715, 2011 WL 3946581 (N.D. Ill. Sept. 2, 2011). The relevant diligence inquiry is not when a party learned about the information, but when it could have made the discovery. *Thermapure, Inc. v. Giertsen Co. of Ill.*, 10 C 4724, 2012 WL 6196912 (N.D. Ill. Dec. 11, 2012).

AWS argues that it has been diligent since Kove made statements during reexamination proceedings that purportedly altered the construction of certain claim terms in the asserted patents. Dkt. 596, at 8-9. But because AWS's proposed amendments are unrelated to the new claim constructions that AWS alleges should apply, the constructions cannot serve as the precipitating event from which diligence must be shown. L.P.R. 3.4 ("A party may amend its Final . . . Invalidity Contentions only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of **the basis for the amendment**.") (emphasis added).

Without being able to rely on the purported change in claim construction as a basis for its amendments, AWS cannot establish diligence. Indeed, we know that AWS knew about at least the Oracle Name Admin Guide reference since at least November 2021 because that is when it included that reference in its reexamination filings for the '978, '170, and '640 Patents (90/019,034; 90/019,035;

10

and 90/019,036). *See* Dkt. 487-1, 487-2, 490. Also, AWS should have known about Skagerwall, which is a publicly available patent reference, since shortly after the case began in December 2018. This is so because the reference has been publicly available at least since it issued on October 29, 2002, and its relevance, if any, is the same under the prior construction as it is for AWS's proposed new construction. *See* Ex. D, *Kolcraft Enterprises, Inc. v. Chicco USA, Inc.*, No. 1:09-cv-03339 (N.D. Ill. July 9, 2017) (declining Defendant's motion to amend invalidity contentions because "[d]efendant knew of the references long ago" and the claims "have been at issue well after [d]efendant knew of the references."); Ex. E, *Trading Techs. Int'l. v. IBG LLC*, 1:10-cv-007151 (Dec. 19, 2019).

### C. AWS's Amendments Will Unfairly Prejudice Kove By Forcing It to Respond to Complex New Invalidity Theories At the Tail End of Fact Discovery

Local Patent Rule 3.4 also requires that the party seeking amendment must make "a showing of . . . absence of unfair prejudice to opposing parties." L.P.R. 3.4. This case has been ongoing since 2018 and the close of fact discovery is just over a month away. If the court were to permit amendments, Kove would be required to respond to the many new invalidity theories in AWS's contentions, which are based on many combinations of references that have not previously been asserted. Moreover, these new references and theories may well alter the landscape of the case, which has been settled for much of fact discovery. Indeed, unfair prejudice has been found under highly similar circumstances. As stated in *Trading Techs.*:

> Moreover, Plaintiff would be unfairly prejudiced if the Court were to permit amendment. This case first landed on the Court's docket nearly ten years ago. In the past several months, the Court has granted multiple extensions and provided each party with ample opportunity to develop its position. Now, after some progress has been made in the case and expert disclosures and dispositive motions are in sight, Defendants would upend the diligent work done by the parties and the Court. Requiring Plaintiff to respond to these proposed amended invalidity contentions would expand the scope of the case and further delay the advancement of this litigation. Defendants Motion for Leave to Amend [1228] is denied.

Ex. E, *Trading Techs.*, 1:10-cv-007151 (N.D. Ill. Dec. 19, 2019). AWS's Motion should therefore

11

also be denied because of the ensuing prejudice to Kove of permitting these substantial amendments at this late stage of the litigation.

## IV. CONCLUSION

For the foregoing reasons, Kove respectfully requests that the Court deny AWS's Motion for Leave to Amend its Final Invalidity Contentions.

| | |
|---|---|
| Dated: March 31, 2023 | Respectfully submitted, |
| |   /s/   *Jaime F. Cardenas-Navia* |

| | |
|---|---|
| Khue V. Hoang *(pro hac vice)*<br>khoang@reichmanjorgensen.com<br>Jaime F. Cardenas-Navia *(pro hac vice)*<br>jcardenas-navia@reichmanjorgensen.com<br>REICHMAN JORGENSEN LEHMAN & FELDBERG LLP<br>400 Madison Avenue, Suite 14D<br>New York, NY 10017<br>Telephone: (212) 381-1965<br>Facsimile: (650) 560-3501<br><br>Christine E. Lehman (*pro hac vice*)<br>clehman@reichmanjorgensen.com<br>Adam Adler (*pro hac vice*)<br>aadler@reichmanjorgensen.com<br>Phil Eklem (*pro hac vice*)<br>peklem@reichmanjorgensen.com<br>REICHMAN JORGENSEN LEHMAN & FELDBERG LLP<br>1909 K Street NW, Suite 800<br>Washington, D.C. 20006<br>Telephone: (202) 894-7310<br>Facsimile: (650) 560-3501 | Renato Mariotti (State Bar No. 6323198)<br>rmariotti@thompsoncoburn.com<br>Holly H. Campbell (State Bar No. 6320395)<br>hcampbell@thompsoncoburn.com<br>THOMPSON COBURN LLP<br>55 E. Monroe St., 37th Floor<br>Chicago, IL 60603<br>Telephone: (312) 346-7500<br>Facsimile: (312) 580-2201<br><br>Courtland L. Reichman *(pro hac vice)*<br>creichman@reichmanjorgensen.com<br>Shawna L. Ballard (Identification No. 155188)<br>sballard@reichmanjorgensen.com<br>REICHMAN JORGENSEN LEHMAN & FELDBERG LLP<br>100 Marine Parkway, Suite 300<br>Redwood Shores, CA 94065<br>Telephone: (650) 623-1401<br>Facsimile: (650) 560-3501<br><br>**ATTORNEYS FOR PLAINTIFF KOVE IO, INC.** |

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of March 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                   */s/ Jaime F. Cardenas-Navia*
                                                   Jaime F. Cardenas-Navia