# Exhibit B

| | |
|---|---|
| **From:** | Jaime Cardenas-Navia |
| **To:** | Jeff Saltman; RJ_Kove_AWS |
| **Cc:** | Kove Team |
| **Subject:** | RE: Kove v. Amazon: Amended Contentions |
| **Date:** | Monday, February 13, 2023 5:26:00 PM |

Confirmed.

Jaime F. Cardenas-Navia
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
(646) 921-1474

**From:** Jeff Saltman <Jeffrey.Saltman@fischllp.com>
**Sent:** Monday, February 13, 2023 5:23 PM
**To:** Jaime Cardenas-Navia <jcardenas-navia@reichmanjorgensen.com>; RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>
**Subject:** Re: Kove v. Amazon: Amended Contentions

**[EXTERNAL]**

Thanks, Jaime. This is acceptable to Amazon with the one addition that the parties provide their written positions at least one day in advance of any meet and confer. Please confirm that Kove agrees with that addition.

Regards,
Jeff

**Jeffrey Saltman** | **Fisch Sigler LLP** | **Partner**
+1.202.362.3640 (o)
+1.202.258.5781 (m)

**From:** Jaime Cardenas-Navia <jcardenas-navia@reichmanjorgensen.com>
**Date:** Monday, February 13, 2023 at 5:14 PM
**To:** Jeff Saltman <Jeffrey.Saltman@fischllp.com>, RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>
**Subject:** RE: Kove v. Amazon: Amended Contentions

Hi Jeff,

Thank you for the email and the call just now. While we disagree with your characterization of events, as discussed, we can agree to your proposal with a modification to the first deadline:

- 2/23/2023: Amazon to serve its amended non-infringement contentions to address the Court's claim construction order; Kove to serve its amended validity contentions to address the Court's claim construction order
- 3/2/2023: parties exchange proposed amendments to ALL contentions based on Amazon's new claim constructions, as well as any proposed amendments responsive to the Final Contentions previously served
- 3/7/2023: parties meet and confer regarding proposed amendments to contentions (written positions provided in advance)
- 3/10/2023: if needed, parties exchange updated proposed amendments to ALL contentions
- 3/15/2023: if needed, parties meet and confer (written positions provided in advance)
- 3/17/2023: parties file motions to amend contentions if unopposed. If opposed, parties file motions to amend by 3/24/2023

Please confirm that this is acceptable to AWS.

Best,
Jaime

Jaime F. Cardenas-Navia
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
(646) 921-1474

---

**From:** Jeff Saltman <Jeffrey.Saltman@fischllp.com>
**Sent:** Monday, February 13, 2023 4:31 PM
**To:** Jaime Cardenas-Navia <jcardenas-navia@reichmanjorgensen.com>; RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>
**Subject:** Re: Kove v. Amazon: Amended Contentions

**[EXTERNAL]**

Hi Jaime,

Thank you for your email. But we disagree with your email's recitation of the facts, interpretation of the LRs, and allegations of sandbagging. Indeed, and among other things, we approached Kove to discuss a mutual, orderly schedule for updated contentions last month, and, before the stay, the parties had proceeded with a round of contention amendments in the order contemplated by the Local Rules (i.e., with affirmative contentions being served first followed by responsive contentions).

Nonetheless, to move the case forward and attempt to narrow the remaining disputed issues, we can agree to proceed with simultaneous service of the contentions that address Amazon's proposed constructions, if Kove will agree to the below schedule. This schedule results in the entire process

being completed just one week after Kove's proposal, with that additional time being necessary due to the acceleration of certain of Amazon's contentions. Per your prior emails' statements that Kove prefers that the parties agree on a schedule and would consider minor amendments to its proposed schedule, we believe that this should resolve this issue.

- 2/23/2023: Amazon to serve its amended non-infringement contentions to address the Court's claim construction order
- 3/2/2023: parties exchange proposed amendments to ALL contentions based on Amazon's new claim constructions, as well as any proposed amendments responsive to the Final Contentions previously served
- 3/7/2023: parties meet and confer regarding proposed amendments to contentions (written positions provided in advance)
- 3/10/2023: if needed, parties exchange updated proposed amendments to ALL contentions
- 3/15/2023: if needed, parties meet and confer (written positions provided in advance)
- 3/17/2023: parties file motions to amend contentions if unopposed.  If opposed, parties file motions to amend by 3/24/2023

Please let me know if Kove agrees. If not, we can be available tomorrow morning (ET) to discuss. Thank you.

Regards,
Jeff


**Jeffrey Saltman** | **Fisch Sigler LLP** | **Partner**
+1.202.362.3640 (o)
+1.202.258.5781 (m)

---

**From:** Jaime Cardenas-Navia <jcardenas-navia@reichmanjorgensen.com>
**Date:** Monday, February 13, 2023 at 2:54 PM
**To:** Jeff Saltman <Jeffrey.Saltman@fischllp.com>, RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>
**Subject:** RE: Kove v. Amazon: Amended Contentions

Hi Jeff,

As I stated in my previous email, Local Patent Rule 3.4 governs the amendment of infringement- and invalidity-related contentions, and it requires that the parties act with diligence and without prejudicing the non-moving party.  The events giving rise to AWS's new claim construction positions occurred many months ago, and Kove did not stop (nor could it have) AWS from filing a motion to amend its contentions since then.  It has also been a month since AWS's motion for additional claim construction was denied.  Yet AWS's proposal seeks an additional month, until mid-April (Apr. 11), to

provide its final non-infringement positions. In short, after knowing its alternative claim construction positions for more than 4 months, AWS seeks to withhold them from Kove until barely more than 3 weeks before the close of fact discovery. AWS's new proposal, in which AWS does not provide its final non-infringement positions until Mar. 28, fares no better. Kove would have barely more than a month to seek any additional discovery implicated by AWS's as-of-yet-unknown non-infringement positions. The LPRs are specifically designed to avoid this kind of sandbagging.

There is nothing in LPR 3.4 that requires the party with the burden of proof to amend their contentions first, as AWS proposes. The LPR you appear to be referring to as purportedly supporting AWS's proposal govern the *initial* exchange of contentions, not *amendments* to contentions. If AWS contends that LPR 3.4 requires the party with the burden of proof to amend first and the responding party to amend afterwards, please provide supporting authority. Moreover, as you know, Kove's position is that the Court has already construed the claims and AWS's alleged new claim constructions lack merit. Kove cannot guess at whether or how AWS will apply any of those alternative constructions to its contentions.

Kove's proposal that the parties exchange all proposed amendments to contentions at the same time (on Feb. 22) and then having an opportunity to serve proposed amendments that take the other sides' position into account (on Mar. 3) addresses the concern of serial amendments. By contrast, AWS's proposal – which requires Kove to provide its amended infringement contentions first – would be highly inefficient and likely result in Kove having to again amend its infringement contentions after receiving AWS's non-infringement contentions.

Kove will proceed with serving its proposed amendments to ALL contentions based on AWS's new claim constructions on Feb. 22. Kove suggests that AWS do the same to minimize the ongoing prejudice to Kove, and then proceed with Kove's proposed schedule (reproduced below).

- 2/22/2023: parties exchange proposed amendments to ALL contentions based on AWS's new claim constructions, as well as any proposed amendments responsive to the Final Contentions served on 2/8/2023
- 2/28/2023: parties meet and confer regarding proposed amendments to contentions (written positions provided in advance)
- 3/3/2023: if needed, parties exchange updated proposed amendments to ALL contentions
- 3/8/2023: if needed, parties meet and confer (written positions provided in advance)
- 3/10/2023: parties file motions to amend contentions if unopposed. If opposed, parties file motions to amend by 3/17/2023

Kove would much prefer that the parties agree on a process for exchanging proposed amendments to contentions, but that desire for cooperation cannot be used by AWS to coerce Kove into accepting a proposal that violates the LPR and prejudices Kove. I am available today from 4-5pm ET to discuss. Please let me know if a time within that window works for a call.

Best,
Jaime

Jaime F. Cardenas-Navia
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
(646) 921-1474

---

**From:** Jeff Saltman <Jeffrey.Saltman@fischllp.com>
**Sent:** Monday, February 13, 2023 12:08 PM
**To:** Jaime Cardenas-Navia <jcardenas-navia@reichmanjorgensen.com>; RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>
**Subject:** Re: Kove v. Amazon: Amended Contentions

**[EXTERNAL]**
Hi Jaime,

We're in receipt of Kove's contentions served late Friday night. We're reviewing them for any issues or inconsistencies with Kove's prior contentions. And, though we don't believe Kove's unilateral approach is helpful or appropriate, to move discovery forward we'll plan to serve noninfringement contentions responding to Kove's amended infringement contentions next week.

As we're meeting Kove's demand to address the contentions in two sets (i.e., under the Court's present constructions and under Amazon's proposed additional constructions), we'd appreciate Kove agreeing to our proposed sequence for exchanging the second set of contentions in an orderly fashion, which follows the sequence set forth in the LRs. We understand Kove's desire to proceed efficiently with this set of contentions, and thus propose the below accelerated timeline. Proceeding with this approach will allow each party to appropriately formulate their responsive positions (i.e., Amazon can provide its non-infringement positions in response to Kove's infringement contentions and Kove can address Amazon's invalidity theories after receiving Amazon's invalidity contentions). Otherwise, it's likely the parties' contentions will be ships passing in the night, requiring additional revisions and disputes.

> 3/1 (Wednesday): Serve amended Affirmative Contentions
> By 3/6: Meet and Confer regarding Affirmative Contentions (written positions in advance)
> By 3/10: Provide any Amendments to the Affirmative Contentions
> By 3/14: Parties indicate whether Affirmative Contentions are opposed or unopposed
> By 3/17: File motions for leave (if unopposed); if opposed, file by 3/21
> 3/21: Serve amended responsive contentions (based on assumptions motions for leave will be granted)
> By 3/24: Meet and confer regarding Responsive Contentions (written positions provided in advance)
> By 3/28: Serve any Amendments to Responsive Contentions
> By 3/31: Parties indicate whether Responsive Contentions are opposed or unopposed
> By 4/4: File motions for leave (if unopposed); if opposed, file by 4/10

As noted earlier, I can be available today to discuss this proposed schedule, and any adjustments that Kove would like us to consider.

For completeness, I note that Kove's accusations regarding diligence and prejudice lack merit. Amazon asked Kove in November to agree to have the Court address Amazon's proposed additional constructions then. But Kove opposed, and the Court ultimately deferred ruling on these constructions until summary judgment. This was a foreseeable outcome from Kove's opposition and blaming Amazon for the timing of serving amended contentions doesn't align with the facts. Indeed, Amazon is working as efficiently as possible to complete the contentions process and seeking Kove's cooperation along the way. But Kove's opposition thus far to any of our proposals and unilateral service of contentions is slowing the process and requiring Amazon to perform additional work (e.g., draft and serve multiple rounds of contentions, rather than a consolidated set).

Thank you.

Regards,
Jeff

**Jeffrey Saltman** | **Fisch Sigler LLP** | **Partner**
+1.202.362.3640 (o)
+1.202.258.5781 (m)

---

**From:** Jeff Saltman <Jeffrey.Saltman@fischllp.com>
**Date:** Friday, February 10, 2023 at 6:06 PM
**To:** Jaime Cardenas-Navia <jcardenas-navia@reichmanjorgensen.com>, RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>
**Subject:** Re: Kove v. Amazon: Amended Contentions

Hi Jaime,

Thank you for your email. Kove cannot unilaterally decide on a new schedule for supplemental contentions by serving its contentions. Further, under Amazon's proposed schedule, we would serve our responsive contentions on March 30, not mid-April as you mentioned.

And Amazon has been diligent. Typically, the parties would amend their contentions following the Court's claim construction ruling. The Court recently ruled that it wouldn't rule on Amazon's proposed constructions until summary judgment. This necessitated the need for both parties to supplement their contentions based on those potential constructions. And Amazon's responsive contentions would be first served six weeks before the close of fact discovery and three months before opening expert reports. This would alleviate any prejudice to Kove. Further, as Kove has the burden of proof, Amazon cannot provide its non-infringement positions until it understands Kove's positions based on those proposed constructions. If you have any cases regarding your proposed

departure from the Local Patent Rules, please provide them.

As I mentioned, we're willing to discuss the parties' proposals and a potential compromise and can do so on Monday. Thank you.

Regards,
Jeff

**Jeffrey Saltman** | **Fisch Sigler LLP** | **Partner**
+1.202.362.3640 (o)
+1.202.258.5781 (m)

---

**From:** Jaime Cardenas-Navia <jcardenas-navia@reichmanjorgensen.com>
**Date:** Friday, February 10, 2023 at 5:35 PM
**To:** Jeff Saltman <Jeffrey.Saltman@fischllp.com>, RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>
**Subject:** RE: Kove v. Amazon: Amended Contentions

Hi Jeff,

We cannot accept your proposal.  Under the Local Patent Rules, parties can only amend their contentions "upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the basis for the amendment."  LPR 3.4.  The basis for AWS's proposed amendments to its contentions are alternative claim construction positions (which we disagree with) based on statements made by Kove many months ago.  We see no justification for AWS to wait until mid-April to provide proposed amendments to its non-infringement contentions under these alternate constructions – moreover, doing so violates the LPR's diligence requirement and would unfairly and significantly prejudice Kove, as we would not have sufficient time to take AWS's amended contentions into account before the close of fact discovery.

Kove will proceed with serving its Third Amended Final Infringement Contentions and its First Amended Validity Contentions later today.  Kove will then provide proposed amendments to its contentions under AWS's alternate claim constructions, in accordance with the schedule set forth in my February 8 email.  Kove is willing to discuss slight amendments to its proposed schedule, but cannot agree to delay things by much, and certainly not to the degree you propose.  If AWS proceeds on such an unnecessarily lengthy schedule, Kove will oppose AWS's amendments as lacking in diligence and unfairly prejudicing Kove.

Best,
Jaime

Jaime F. Cardenas-Navia
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP

400 Madison Avenue, Suite 14D
New York, NY 10017
(646) 921-1474

**From:** Jeff Saltman <Jeffrey.Saltman@fischllp.com>
**Sent:** Friday, February 10, 2023 12:35 PM
**To:** Jaime Cardenas-Navia <jcardenas-navia@reichmanjorgensen.com>; RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>
**Subject:** Re: Kove v. Amazon: Amended Contentions

**[EXTERNAL]**

Hi Jaime,

Thank you for your email and your time on the phone earlier this week. Below is Amazon's proposal. As discussed, we don't believe there are grounds to adjust the order of providing amended contentions. Consistent with the local patent rules, the party with the burden of proof should proceed first. In the proposal below, all of the contentions would incorporate both the Court's claim constructions and Amazon's proposed additional constructions.

3/2: Serve amended Affirmative Contentions
By 3/9: Meet and Confer regarding Affirmative Contentions (written positions in advance)
By 3/14: Provide any Amendments to the Affirmative Contentions
By 3/17: Parties indicate whether Affirmative Contentions are opposed or unopposed
By 3/21: File motions for leave (if unopposed); if opposed, file by 3/28
3/30: Serve amended responsive contentions (based on assumptions motions for leave will be granted)
By 4/6: Meet and confer regarding Responsive Contentions (written positions provided in advance)
By 4/11: Serve any Amendments to Responsive Contentions
By 4/14: Parties indicate whether Responsive Contentions are opposed or unopposed
By 4/18: File motions for leave (if unopposed); if opposed, file by 4/25

Please let me know Kove's position and I'm available to discuss this further on Monday. Thank you.

Regards,
Jeff

**Jeffrey Saltman** | **Fisch Sigler LLP** | **Partner**
+1.202.362.3640 (o)
+1.202.258.5781 (m)

**From:** Jaime Cardenas-Navia <jcardenas-navia@reichmanjorgensen.com>
**Date:** Wednesday, February 8, 2023 at 10:19 AM
**To:** Jeff Saltman <Jeffrey.Saltman@fischllp.com>, RJ_Kove_AWS

<RJ_Kove_AWS@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>
**Subject:** RE: Kove v. Amazon: Amended Contentions

Hi Jeff,

Thank you for the call yesterday. Following up, here is what we propose:

- 2/8/2023: parties serve amended Final Contentions (based on claim construction order and as approved by Court per ECF 512)
- 2/22/2023: parties exchange proposed amendments to ALL contentions based on AWS's new claim constructions, as well as any proposed amendments responsive to the Final Contentions served on 2/8/2023
- 2/28/2023: parties meet and confer regarding proposed amendments to contentions (written positions provided in advance)
- 3/3/2023: if needed, parties exchange updated proposed amendments to ALL contentions
- 3/8/2023: if needed, parties meet and confer (written positions provided in advance)
- 3/10/2023: parties file motions to amend contentions if unopposed. If opposed, parties file motions to amend by 3/17/2023

The above proposal allows for contentions to be amended expeditiously so that the parties can take them into account as we complete fact discovery. Any proposal in which Kove is required to amend its infringement contentions before AWS amends its non-infringement contentions would prejudice Kove and raise questions as to AWS's diligence in addressing the new claim constructions that it has insisted on injecting into the case.

Please let us know AWS's position on this issue as soon as you can.

Best,
Jaime

Jaime F. Cardenas-Navia
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
(646) 921-1474

---

**From:** Jeff Saltman <Jeffrey.Saltman@fischllp.com>
**Sent:** Monday, February 6, 2023 12:09 PM
**To:** RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>
**Subject:** Kove v. Amazon: Amended Contentions

**[EXTERNAL]**
Counsel,

Thank you for your time on the phone on Thursday. Regarding your proposal on conducting two rounds of amended contentions, we'd like to better understand the timing of your proposal. For example, when would the first round of amended contentions be completed under your proposed schedule and what are the operative dates for the second round of contentions?

Based on the schedule for the last set of contentions, it appears that doing two rounds of contentions would potentially push the final contentions up until expert reports. Please let me know so that we can consider your proposal. Thank you.

Regards,
Jeff

**Jeffrey M. Saltman** | **Fisch Sigler LLP** | **Partner**
+1.202.362.3640 (o)
+1.202.258.5781 (m)

5301 Wisconsin Avenue NW, Fourth Floor
Washington, DC 20015 USA

Biography | Firm Victories | LinkedIn

*NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.*
*NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.*
*NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.*
*NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.*