# Exhibit C

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CLEARLAMP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12 C 2533 |
| | ) | |
| v. | ) | Judge Joan H. Lefkow |
| | ) | |
| LKQ CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Clearlamp, LLC's motion for leave to amend its final infringement contentions (dkt. 98) is denied. See Statement.

**STATEMENT**

**I.     Background**

Clearlamp, LLC ("Clearlamp") is the holder of U.S. Patent No. 7,297,364 ("the '364 patent") entitled, "Method for Refurbishing Lamp Surfaces." (*See* dkt. 19-1.) Clearlamp alleges that LKQ Corporation ("LKQ") has infringed and continues to infringe the '364 patent by using "the methods claimed by the '364 Patent to refurbish motor vehicle head and tail lamps for re-use and re-sale." (Dkt. 19 ("Am. Compl.") ¶ 9.)

Clearlamp filed suit on April 5, 2012 and amended its complaint on June 28, 2012. (Dkts. 1, 19.) Then, Clearlamp served its initial infringement contentions, asserting that LKQ's lamp refurbishing process infringed the '364 patent under 35 U.S.C. §§ 271(a), (b), and (c). (Dkt. 103-1 Exh. 2 at 2–3.) The initial infringement contentions also stated that each claim of the '364 patent included the step of "removing the lamp from a motor vehicle." (Dkt 103-1 Exh. 2, Exh. A at 4, 45.) In response, LKQ asserted in its initial non-infringement contentions that it "does not perform, nor does it instruct others to perform, the step of removing a lamp from a motor vehicle." (Dkt. 103-2 Exh. 3, Exh. A at A-1, A-7.) Similarly, LKQ's responses and objections to Clearlamp's first set of interrogatories suggested that LKQ does not remove headlamps from motor vehicles. Indeed, LKQ's responses provided that "[t]he first step of LKQ's refinishing process involves the delivery of candidate head lamps to LKQ's facility from either LKQ's salvage yards or from third party salvage companies." (Dkt. 103-3 Exh. 4 at 9.)

On October 18, 2012, the court stayed the case while the parties participated in *inter partes* review at the United States Patent and Trademark Office. (Dkts. 43, 49.) The court lifted the stay on April 17, 2014 and discovery resumed. (Dkt. 62.) Later, the court suspended the

1

filing of motions for summary judgment and claim construction on August 14, 2014 pending Clearlamp's appeal of the *inter partes* review proceeding to the Federal Circuit.  (Dkt. 77.)

Following resolution of the appeal, the court entered a scheduling order on April 3, 2015.  (Dkt. 87.)  In accordance with that schedule, Clearlamp filed its final infringement contentions on May 1, 2015, again asserting that LKQ's refurbishing process infringed the '364 patent and that each claim includes the step of "removing the lamp from the motor vehicle."  (Dkt. 103-4 Exh. 5 at 1; dkt. 103-4 Exh. 5, Exh. A at 3.)  Clearlamp acknowledged "that in some instances LKQ may not perform the step of removing the lamp from the motor vehicle" but asserted that, "[i]n such instances, LKQ is a joint infringer with the entity that performs the step of removing the lamp from the motor vehicle."  (Dkt. 103-4 Exh. 5 at 5.)  In its final non-infringement contentions, LKQ responded,

> LKQ does not perform, nor does it instruct others to perform, the step of removing a lamp from a motor vehicle, for lamps it receives from salvage yards. . . .  Specifically, at least for lamp cores LKQ purchases from these third-party sellers, LKQ itself does not remove any lamps from any motor vehicles.  Moreover, these transactions with third-party core providers are arms-length transactions and thus the actions of those third-parties cannot be attributed to LKQ.  LKQ does not exercise control over such third-parties and is not engaged in a joint enterprise with these parties, and thus cannot be liable for direct infringement under a joint infringement theory with the third-parties.

(Dkt. 103-5 Exh. 6, Exh. A at A2-A3.)  As such, LKQ argued that it did not infringe the '364 patent "because it does not perform or exercise control over each step of" the asserted claims.  (Dkt. 103-5 Exh. 6 at 3 (citations omitted).)

Clearlamp contends that the argument contained in LKQ's final non-infringement contentions amounts to a material change in LKQ's position.  Thus, Clearlamp seeks to amend its final infringement contentions to add that LKQ's refurbishing process infringes the '364 patent under 35 U.S.C. § 271(g), which provides, "Whoever without authority imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer."  According to Clearlamp, LKQ could be held liable under that subsection even if does not perform every step of the refurbishing process.

## II.     Legal Standard

Local Patent Rule 3.4 provides that a party may amend its final infringement contentions only by order of court "upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the basis for the amendment."  The moving party has the burden of proof to show good cause and the absence of prejudice.  *Oleksy* v. *Gen. Elec. Co.*, No. 06 C 1245, 2013 WL 3944174, at *2 (N.D. Ill. July 31, 2013) (citations omitted).  To show good cause, the moving party must show diligence in seeking the amendment.  *See O2*

*Micro Int'l Ltd.* v. *Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006); *Fujitsu Ltd.* v. *Tellabs Operations, Inc.*, Nos. 08 C 3379, 09 C 4530, 2012 WL 5444979, at *4 (N.D. Ill. Mar. 21, 2012). Determining whether a party has satisfied the good cause requirement is within the discretion of the district court. *See MEMC Elec. Materials, Inc.* v. *Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1380 n.5 (Fed. Cir. 2005).

### III. Analysis

Clearlamp has not demonstrated good cause to amend its final infringement contentions because its actions demonstrate a lack of diligence. As noted above, LKQ's initial non-infringement contentions dated September 7, 2012 provided that "LKQ does not perform, nor does it instruct others to perform, the step of removing a lamp from a motor vehicle." (Dkt. 103-2 Exh. 3, Exh. A at A-1, A-7.) Similarly, LKQ's interrogatory responses dated October 5, 2012 provided that "[t]he first step of LKQ's refinishing process involves the delivery of candidate head lamps to LKQ's facility from either LKQ's salvage yards or from third party salvage companies." (Dkt. 103-3 Exh. 4 at 9.) Thus, Clearlamp had notice of LKQ's position in the fall of 2012 and, while LKQ elaborated on its argument in its final non-infringement contentions, Clearlamp cannot now argue that LKQ's final non-infringement contentions represent a material change in LKQ's position. Indeed, Clearlamp acknowledged LKQ's position in its final infringement contentions. (*See* dkt. 103-4 Exh. 5 at 5 ("Clearlamp understands that in some instances LKQ may not perform the step of removing the lamp from the motor vehicle.").)

Clearlamp also argues that the uncertainty of the law of joint infringement indicates that there is good cause to allow it to amend its final infringement contentions. Clearlamp's argument is unpersuasive. With respect to direct infringement, the state of the law throughout this litigation has been "that direct infringement requires a single party to perform every step of a claimed method"; if "multiple parties combine to perform every step of a claimed method, the claim is directly infringed only if . . . every step is attributable" to a single, controlling party. *Muniauction, Inc.* v. *Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008) (citing *BMC Res., Inc.* v. *Paymentech, L.P.*, 498 F.3d 1373, 1380–81 (Fed. Cir. 2007)). Thus, LKQ's position that it did not perform the step of removing the lamp from the vehicle would have been legally relevant to Clearlamp's direct infringement claim at all times in this case.

It is true that at the time of Clearlamp's initial infringement contentions and LKQ's initial non-infringement contentions, a plaintiff could establish induced infringement of a method patent without proving that all "steps were committed by a single entity." *See Akami Techs., Inc.* v. *Limelight Networks*, 692 F.3d 1301, 1306 (Fed. Cir. 2012), *rev'd and remanded*, --- U.S. ---, 134 S. Ct. 2111, 189 L. Ed. 2d 52 (2014). But that decision was reversed on June 2, 2014. 134 S. Ct. at 2120. Accordingly, Clearlamp had notice of the state of the law well in advance of May 1, 2015 when it served its final infringement contentions.

Finally, Clearlamp contends that the addition of 35 U.S.C. § 271(g) "is more akin to a claim or cause of action than a new infringement contention as that term is commonly understood" and cites *Audionics Sys., Inc.* v. *AAMP of Florida, Inc.*, No. CV 12-10763, 2014 WL 3563311 (C.D. Cal. Mar. 12, 2014), in support. (Dkt. 103 at 7–8.) In that case, AAMP sought to amend its final infringement contentions to add, among other things, a contention that

3

Audionics imported fully assembled products into the United States in violation of 35 U.S.C. § 271(a).  *Audionics Sys., Inc.*, 2014 WL 3563311, at *4.  In finding that it did not need to address that proposed contention, the court explained that the new infringement theory was "not really an infringement contention . . . but rather a claim or cause of action, and one that appears to have been asserted in AAMP's complaint."  *Id.*  The court deemed AAMP's motion for leave to amend its final infringement contentions unnecessary because the theory was already pleaded in AAMP's complaint.  *See id.*  Relying on this case, Clearlamp argues that its amended complaint reflects the language of § 271(g).  Whether or not the complaint might be read to comprehend a § 271(g) claim, the time for Clearlamp to have made its theories of liability known was in its final infringement contentions.  It cannot now amend those contentions in the guise of amending a complaint that is barely relevant at this point in the litigation.

Because Clearlamp has failed to show good cause, the court need not delve into whether LKQ would suffer prejudice if Clearlamp were allowed to amend its final infringement contentions.  *See O2 Micro Int'l Ltd.*, 467 F.3d at 1368 ("Having concluded that the district court could properly conclude that [the patent holder] did not act diligently in moving to amend its infringement contentions, we see no need to consider the question of prejudice to [the accused infringer].").  For the reasons stated above, Clearlamp's motion to amend its final infringement contentions will be denied.

Date:   July 2, 2015

_____
U.S. District Judge Joan H. Lefkow

4