# Exhibit E

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.1
Eastern Division

Trading Technologies International, Inc.

                              Plaintiff,

v.                                                            Case No.: 1:10−cv−00715
                                                             Honorable Virginia M. Kendall

IBG LLC, et al.

                              Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, December 19, 2019:

      MINUTE entry before the Honorable Virginia M. Kendall. Motion hearing held on 12/19/2019. Following the Court's claim construction Order from 12/5/19, Defendants seek leave to amend their Final Invalidity Contentions [1228]. Local Patent Rule 3.4 provides that "[a] party may amend its Final Infringement Contentionsonly by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the basis for the amendment."; One such "example of a circumstance that may support a finding of good cause, absent undue prejudice to the non−moving party, includes a claim construction by the Court different from that proposed by the party seeking amendment." LPR 3.4 (emphasis added). Defendants' proposed amendment would present the contention that '996 Patent is invalid for indefinitenessan argument previously advanced by Defendants and disposed of by the Court. (Dkt. [1063]). Not only does the instant Motion attempt to find a back door to the Court's prior ruling, but Defendants suggestion that the proposed amendment is purely in response to this Court's claim construction Order is belied by the record and its own Motion. Defendants have been on notice of Plaintiff's construction of the relevant terms since as early as 2012 and no later than June 2019. See (Dkt. [1228]) (noting that Plaintiff disclosed their construction on June 13, 2019). Therefore, Defendants' framing of the delay as a mere week is more accurately considered a six−month delay. As such, Defendants have failed to demonstrate good cause, nor have they acted promptly in seeking amendment. Moreover, Plaintiff would be unfairly prejudiced if the Court were to permit amendment. This case first landed on the Court's docket nearly ten years ago. In the past several months, the Court has granted multiple extensions and provided each party with ample opportunity to develop its position. Now, after some progress has been made in the case and expert disclosures and dispositive motions are in sight, Defendants would upend the diligent work done by the parties and the Court. Requiring Plaintiff to respond to these proposed amended invalidity contentions would expand the scope of the case and further delay the advancement of this litigation. Defendants Motion for Leave to Amend [1228] is denied. Plaintiff's Motion to seal [1231] is granted. Mailed notice(lk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.