# Exhibit A

# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/019,166 | 02/17/2023 | 7103640 | | 7777 |

| | | |
|---|---|---|
| 184647 7590 04/04/2023 | | |
| Reichman Jorgensen Lehman & Feldberg LLP | | |
| 100 Marine Parkway | | |
| Suite 300 | | |
| Redwood City, CA 94065 | | |

| EXAMINER |
|---|
| CRAVER, CHARLES R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/04/2023 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

 **UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

FISCH SIGLER LLP
5301 WISCONSIN AVENUE NW
SUITE 400
WASHINGTON, DC 20015

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/019,166* .

PATENT UNDER REEXAMINATION  *7103640* .

ART UNIT *3992* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| *Order Granting Request For Ex Parte Reexamination* | Control No. 90/019,166 | Patent Under Reexamination 7103640 | |
|---|---|---|---|
| | Examiner CHARLES R CRAVER | Art Unit 3992 | AIA (FITF) Status No |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed 02/17/2023 has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐    PTO-892,    b)☑    PTO/SB/08,    c)☑    Other: ORDER

1. ☐    The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

| /CHARLES R CRAVER/ Reexamination Specialist, Art Unit 399 | | |
|---|---|---|

cc:Requester ( if third party requester )

Application/Control Number: 90/019,166                                                Page 2
Art Unit: 3992

## DECISION ORDERING EX PARTE REEXAMINATION

### *Notice of Pre-AIA or AIA Status*

The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

# I.    Summary

A Substantial New Question of Patentability (SNQ) affecting claims 17, 18, and 24 of U.S. Patent 7,103,640 B1 to Overton *et al.* (hereinafter "the '640 Patent") is raised by the Request for reexamination filed February 17, 2023 by the Requester for the reasons set forth below.

Reexamination has been requested of claims 17, 18, and 24 of the '640 Patent. The '640 Patent to Overton *et al.* issued September 5, 2006 based on U.S. Patent Application Ser. No. 09/661,222 filed September 9, 2000, with an earliest possible effective filing date of July 8, 1998. The '640 Patent is still enforceable.

# II.    Related Proceedings and Matters

The '640 Patent under this determination is currently under litigation. See, *inter alia*, *Kove IO, Inc. v. Amazon Web Services, Inc.*, 1:18-cv-08175 (N.D. Ill.).

The '640 Patent is not currently subject to a Reissue proceeding, nor is it subject to a pending post-grant proceeding before the Patent Trial and Appeal Board.

The Patent Owner is reminded of the continuing responsibility under 37 CFR 1.565(a), to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the instant '640 Patent throughout the course of this reexamination proceeding.

### *Information Disclosure Statement*

Where the IDS citations are submitted but not described, the examiner is only responsible for cursorily reviewing the references. The initials of the examiner on the PTO-1449 indicate only that degree of review unless the reference is either applied against the claims, or discussed by the examiner as pertinent art of interest, in a subsequent office action.

See Guidelines for Reexamination of Cases in View of *In re Portola Packaging, Inc.*, 110 F.3d 786, 42 USPQ2d 1295 (Fed. Cir. 1997), 64 FR at 15347, 1223 Off. Gaz. Pat. Office at 125 (response to comment 6).

Consideration by the examiner of the information submitted in an IDS means that the examiner will consider the documents in the same manner as other documents in Office search files are considered by the examiner while conducting a search of the prior art in a proper field of search. The initials of the examiner placed adjacent to the citations on the PTO-1449 or PTO/SB/08A and 08B or its equivalent mean that the information has been considered by the examiner to the extent noted above.

Regarding IDS submissions MPEP 2256 recites the following: "Where patents, publications, and other such items of information are submitted by a party (patent owner) in compliance with the requirements of the rules, the requisite degree of consideration to be given to such information will be normally limited by the degree to which the party filing the information citation has explained the content and relevance of the information."

Application/Control Number: 90/019,166                                    Page 4
Art Unit: 3992

### *Declaration*

The Examiner notes the Declaration of Sylvia D. Hall-Ellis, Ph.D under 37 C.F.R.

§ 1.132 as to the publication date of the OracleNamesAdminGuide reference as well as

the Declaration of Joseph B. Greene under 37 C.F.R. § 1.132. The Examiner further

notes as to the Hall-Ellis Declaration that affidavits or declarations or other written

evidence which explain the contents or pertinent dates of prior art patents or printed

publications in more detail may be considered in reexamination. MPEP 2258 I. E. In any

subsequent action on the merits the Greene Declaration will be addressed inasmuch as

it is relied upon by Requestor in any proposed rejections.

## III.   Request

In the Request, Requester asserts that an SNQ is raised over claims of the '640

Patent by the following references:

U.S. Patent 6,473,781 B1 to Skagerwall *et al.* ("Skagerwall");

U.S. Patent 6,185,601 B1 to Wolff ("Wolff");

Oracle Names Administrator's Guide, Release 2.0 (Oracle Corp., Redwood City,

CA), published 1996 ("OracleNamesAdminGuide"');

Joseph B. Greene, Oracle 8 Server: Unleashed, 1st ed. (Sams Publishing,

Indianapolis, Ind.) ISBN: 0672312076, January 1998 ("OracleUnleashed");

Maarten van Steen, et al., "Locating Objects in Wide-Area Systems," IEEE

Communications Magazine, Vol. 36, Issue 1, pp. 104-09, ISBN: 0163-6804

(January 1998) ("Steen");

In the Request, Requester asserts that an SNQ is raised over issued claims 1-18 by the above references as follows[1]:

**SNQ 1)** Requester asserts that Skagerwall and Wolff together raise a substantial new question of patentability as to claims 17, 18, and 24 of the '640 Patent.

**SNQ 2)** Requester asserts that OracleNamesAdminGuide, OracleUnleashed, and Steen together raise a substantial new question of patentability as to claims 17, 18, and 24 of the '640 Patent.

**SNQ 3)** Requester asserts that Steen and Wolff together raise a substantial new question of patentability as to claims 17, 18, and 24 of the '640 Patent.

**SNQ 4)** Requester asserts that Steen, Wolff, and Skagerwall altogether raise a substantial new question of patentability as to claims 17, 18, and 24 of the '640 Patent.

---

[1] The Request combines SNQs 3 and 4 together, however the Examiner has separated them here for clarity.

Application/Control Number: 90/019,166                                              Page 6
Art Unit: 3992

# IV.  Patent Background

Issued independent claims 17 and 18 are as follows:

17. A system for retrieving data location information for data stored in a distributed network, the

system comprising:

a plurality of data repositories configured to store data, wherein the data is associated with a

respective identifier string in each data repository;

a data location server network having a plurality of data location servers, each of the plurality of

data location servers containing location strings associated with respective identifier

strings and each of the plurality of data location servers having computer executable

code configured to execute the following steps:

in response to receiving a data location request from a client to retrieve a location string

associated with an identification string provided in the data location request, transmitting

a redirect message to the client if the identification string is not associated with a location

string at the data location server, wherein the redirect message contains information for

use by the client to calculate a location of a different data location server in the plurality

of data location servers, wherein the different data location server contains the location

string.

18. A system for retrieving data location information for data stored in a distributed network, the

system comprising:

a data repository configured to store data, wherein the data is associated with an identifier

string;

a client responsive to a data query to query a data location server for location information

associated with the identifier string;

a data location server network comprising a plurality of data location servers, at least one of the

plurality of data location servers containing location information associated with the

identifier string, wherein each of the plurality of data location servers comprises

computer executable code configured to execute the following steps in response to

receiving a data location request from the client:

if the data location server contains the location string associated with the identification string

provided in the data location request, the data location server transmits location

information for use by the client to calculate a location of the data associated with the

identification string;

if the data location server does not contain the location string associated with the identification

string, the location server transmits a redirect message to the client, wherein the redirect

message contains redirect information for use by the client to calculate a location of a

different data location server in the plurality of data location servers, wherein the

different data location server contains the location string.


The '640 Patent teaches towards a device and method for locating data stored in

a distributed network wherein, in response to a client query for particular data

associated with an identifier, a location server in a non-hierarchical network of location

servers retrieves a network address of an element storing the data. If the location server

does not contain the location information, it sends a redirect notice to the client that may

be used to determine another location server to query. '640 Patent at Abstract and at

2:12-27, 14:29-31.

In the prosecution of the instant '640 Patent, the underlying 09/661,222

Application was filed September 13, 2000 with claims 1-6 with claims 1, 5, and 12 being

independent. Following a non-final rejection mailed February 25, 2004 rejecting all

claims over U.S. Patent 5,764,906 to Edelstein *et al.* and U.S. Patent 6,418,441 to Call,

an amendment filed August 25, 2004 amended independent claims 1, 5, and 12

requiring a request, response, and redirect message (claim 1), the first server being

responsive to a client request to provide a redirect message (claim 5), and a step of

responding to the client with a redirect message (claim 12). Following a subsequent

rejection rejecting claims 1-4 and 17-18 under 35 U.S.C. § 101 as being directed to non-

statutory subject matter, rejecting claims 1-23 as indefinite, and rejecting claims 1-23

over the Beitz NPL reference, U.S. Patent 5,950,173 to Perkowski, U.S. Patent

5,978,773 to Hudetz, and the Call reference, Patent Owner further amended the claims

August 9, 2005, canceling claims 1-23 and adding new claims 24-49, claims 23, 33, 41,

and 42 being independent. A notice of allowability was subsequently mailed November

14, 2005 including an Examiner's amendment to change claim numbering. No reasons

for allowance were provided.

Notably, following payment of the issue fee, a certificate of correction was

requested and granted, adding a benefit under 35 U.S.C. § 120 as a continuation-in-part

of U.S. Patent Application Ser. No. 09/111,896 filed July 8, 1998.

### *Subsequent Reexaminations*

The '640 Patent has been subject to two previous *ex parte* reexamination

requests.

In the first, *ex parte* reexamination 90/014,552, reexamination of claims 17, 18,

and 24 were requested over a number of references which do not overlap with this

request. The 90/014,552 *ex parte* reexamination request was denied September 9,

2020.

Application/Control Number: 90/019,166                                    Page 9
Art Unit: 3992

In the second *ex parte* reexamination, reexamination was ordered in *ex parte* reexamination proceeding 90/019,036 over references including one which overlaps with the instant proceeding, namely OracleNamesGuide.

On November 2, 2002, Public Law 107-273 was enacted. Title III, Subtitle A, Section 13105, part (a) of the Act revised the reexamination statute by adding the following new last sentence to 35 U.S.C. 303(a) and 312(a):

"The existence of a substantial new question of patentability is not precluded by the fact that a patent or printed publication was previously cited by or to the Office or considered by the Office."

For any reexamination ordered on or after November 2, 2002, the effective date of the statutory revision, reliance on previously cited/considered art, i.e., "old art," does not necessarily preclude the existence of a substantial new question of patentability (SNQ) that is based exclusively on that old art. Rather, determinations on whether a SNQ exists in such an instance shall be based upon a fact-specific inquiry done on a case-by-case basis. Here, the OracleNamesGuide reference is asserted with another two references that were not previously discussed by the Office or applied by the Examiner against the instant claims and is being read in a new light.

Thus references that teach more than the prior art of record with regard to the claims, particularly the matter added to attain allowance of the claims, may be considered to be non-cumulative to the record.

# V.    Claim Construction and Filing Date

The instant '640 patent is expired. In a reexamination proceeding involving claims of an expired patent, claim construction pursuant to the principle set forth by the court in *Phillips v. AWH Corp.,* 415 F.3d 1303, 1316, 75 USPQ2d 1321, 1329 (Fed. Cir. 2005) (words of a claim "are generally given their ordinary and customary meaning" as understood by a person of ordinary skill in the art in question at the time of the invention) should be applied since the expired claim are not subject to amendment. See *Ex parte Papst-Motoren*, 1 USPQ2d 1655 (Bd. Pat. App. & Inter. 1986). The statutory presumption of validity, 35 U.S.C. 282, has no application in reexamination. *In re Etter,* 756 F.2d 852, 225 USPQ 1 (Fed. Cir. 1985).

37 C.F.R. § 1.530(j) states, "No enlargement of claim scope. No amendment may enlarge the scope of the claims of the patent or introduce new matter. No amendment may be proposed for entry in an expired patent. Moreover, no amendment, other than the cancellation of claims, will be incorporated into the patent by a certificate issued after the expiration of the patent." (emphasis added). Thus, because the patent is expired no amendments of the claims will be allowed aside from the cancellation of claims.

Requester asserts that the instant claims are not entitled to the earliest effective filing date claimed, namely that of the parent 09/111,896 non-provisional application of which the instant '640 Patent is a continuation-in-part. Request at 9-10.

Rejections may be made in reexamination proceedings based on intervening patents or printed publications where the patent claims under reexamination are entitled

only to the filing date of the patent and are not supported by an earlier foreign or United

States patent application whose filing date is claimed. For example, under 35 U.S.C.

120, the effective date of these claims would be the filing date of the application which

resulted in the patent. Intervening patents or printed publications are available as prior

art under *In re Ruscetta*, 255 F.2d 687, 118 USPQ 101 (CCPA 1958), and *In re van

Langenhoven*, 458 F.2d 132, 173 USPQ 426 (CCPA 1972). See MPEP § 211. See also

*In re NTP*, Inc., 654 F.3d 1268, 99 USPQ2d 1500 (Fed. Cir. 2011) (holding that the

Office is not prohibited from performing a 35 U.S.C. 112  written description priority

analysis during reexamination). See MPEP § 2258 I. C.

   Here Requester asserts that various limitations in claims 17 and 18 are not

disclosed in the parent non-provisional application in such a manner that one of ordinary

skill in the art would have determined the inventor of the '640 Patent claims to have

been in possession of the claimed invention as of the earlier filing date, as follows:

1. A location string specifying data entity location, as required by elements
   17.c,
2. 18.d, and 18.h;
3. The contents of the location servers be indexed, as required by claim 24;
4. The contents of the location servers be organized according to a hash
   table, as required by claim 24;
5. Each location server having information to calculate which location server
   contains the requested location information, as required by claim elements
   17.f2 and 18.h;
6. Returning/sending a redirect message if the location server lacks the
   requested location information, as required by elements 17.f2 and 18.h;
   and

    7. The redirect message comprises information for calculating the location of a location server known to have the requested location information, as required by claim elements 17.f2 and 18.h.

Request at 9-10.

Here the Examiner agrees as to at least claims 17 and 18 (the independent claims at issue), that the instant claims are not supported by the 09/111,896 Patent application for the reasons set forth in the Request at 9-10 and thus intervening art such as Skagerwall and OracleUnleashed may apply in this proceeding. It is also noted that, even if the claims were fully supported by the parent application, at least one SNQ asserted by Requestor, namely SNQ 3, would apply as it is based solely on non-intervening art.

# VI.   Prior Art References

## *Skagerwall*

Skagerwall teaches generally towards a location server network with a flat architecture, including further a system of directory servers for provisioning information related to tagged objects. Data objects stored on application servers are associated with object data stored on the directory servers including retrieval information using a tag. Skagerwall at FIG 1, 1:9-13, 4:12-20, 9:18-31, and 10:39-40.

Skagerwall is prior art under pre-AIA 35 USC 102(e) as intervening art.

Application/Control Number: 90/019,166                                              Page 13
Art Unit: 3992

## *Wolff*

Wolff teaches towards load rebalancing on a distributed network whereby a network server may provide a redirect message to a client to provide the client with information as to another server which may satisfy the request. Wolff at 5:25-38.

Wolff is prior art under pre-AIA 35 USC 102(e).


## *OracleNamesAdminGuide*

OracleNamesAdminGuide teaches towards location server networks using various architectures using name servers between clients requesting data and servers storing data requested by the clients. A name server utilizes a name associated with the request to provide a network location for the appropriate node associated with the name to allow a connection. OracleNamesAdminGuide at 20-23, 33-44, 52-53, and 128-129.

OracleNamesAdminGuide is prior art under pre-AIA 35 USC 102(b).


## *OracleUnleashed*

OracleUnleashed teaches towards the Oracle system through version 8.1, notably including lookup systems in relational database management systems, including transparency to the client such that the user need not know specific location information for data in the system but rather a gateway node will map a data request to different physical machines in the network on which the requested data resides. Users of a client device will query location information on a relational database like Oracle8 and determine the location of data. OracleUnleashed at 38-45, 85, 179, 273, and 452.

OracleUnleashed is prior art under pre-AIA 35 USC 102(a) as intervening art.

Application/Control Number: 90/019,166                                    Page 14
Art Unit: 3992

## *Steen*

Steen teaches towards using various topologies in a location server network, wherein a directory system is used to resolve an object name to another string of information which may comprise location information for a contact record, wherein a client may use the string of information to obtain object contact address information. Steen at Abstract and at 104-108.

Steen is prior art under pre-AIA 35 USC 102(a).

# VII.  SNQs Raised by the Request

### *Substantial New Question of Patentability*

For "a substantial new question of patentability'" (SNQ) to be present, it is only necessary that:

A.  The prior art patents and or printed publications raise a substantial question of patentability regarding at least one claim, i.e., the teaching of the prior art patents and printed publications is such that a reasonable examiner would consider the teaching to be important in deciding whether or not the claim is patentable; it is not necessary that the prior art establish a prima facie case of unpatentability; and

B.  The same question of patentability as to the claim has not been decided by the Office in a previous examination or pending reexamination of the patent or in a final holding of invalidity by the Federal Courts in a decision on the merits involving the claim.

**SNQ 1)** Requester asserts that Skagerwall and Wolff together raise a substantial

new question of patentability as to claims 17, 18, and 24 of the '640 Patent.

As noted above, the Skagerwall and Wolff references together disclose a similar

system to that of claims 17, 18, and 24 of the '640 Patent, notably as to the limitations in

independent claims 17 and 18 as to returning a redirect message if a location server

lacks location information for the desired identification information comprising

information for use to determine a location of a different data location server. As further

noted by Requester in pp. 28-31 (describing Skagerwall), pp. 31-32 (describing Wolff),

and pp. 73-96 (in detail describing application of the references to the claims) of his

Request, the references would thus have been considered by a reasonable Examiner to

be germane to patentability of the claims. The Skagerwall and Wolff references thus

raise a substantial new question of patentability over claims 17, 18, and 24 of the '640

Patent, said question not having been decided in a previous examination of the Patent,

nor considered in holding of invalidity by Federal Court.

**SNQ 2)** Requester asserts that OracleNamesAdminGuide, OracleUnleashed,

and Steen together raise a substantial new question of patentability as to claims

17, 18, and 24 of the '640 Patent.

As noted above, the OracleNamesAdminGuide, OracleUnleashed, and Steen

references together disclose a similar system to that of claims 17, 18, and 24 of the '640

Patent, notably as to the limitations in independent claims 17 and 18 as to returning a

redirect message if a location server lacks location information for the desired

identification information comprising information for use to determine a location of a

different data location server. As further noted by Requester in pp. 37-72 (describing the

two Oracle references), pp. 32-37 (describing Steen), and pp. 96-176 (in detail

describing application of the references to the claims) of his Request, the references

would thus have been considered by a reasonable Examiner to be germane to

patentability of the claims. The OracleNamesAdminGuide, OracleUnleashed, and Steen

references thus raise a substantial new question of patentability over claims 17, 18, and

24 of the '640 Patent, said question not having been decided in a previous examination

of the Patent, nor considered in holding of invalidity by Federal Court.

> **SNQ 3)** Requester asserts that Steen and Wolff together raise a substantial new
>
> question of patentability as to claims 17, 18, and 24 of the '640 Patent.

> As noted above, the Steen and Wolff references together disclose a similar

system to that of claims 17, 18, and 24 of the '640 Patent, notably as to the limitations in

independent claims 17 and 18 as to returning a redirect message if a location server

lacks location information for the desired identification information comprising

information for use to determine a location of a different data location server. As further

noted by Requester in pp. 31-32 (describing Wolff), pp. 32-37 (describing Steen), and

pp. 197-220 (in detail describing application of the references to the claims) of his

Request, the references would thus have been considered by a reasonable Examiner to

be germane to patentability of the claims. The Steen and Wolff references thus raise a

substantial new question of patentability over claims 17, 18, and 24 of the '640 Patent,

said question not having been decided in a previous examination of the Patent, nor

considered in holding of invalidity by Federal Court.

Application/Control Number: 90/019,166                                    Page 17
Art Unit: 3992

**SNQ 4)** Requester asserts that Steen, Wolff, and Skagerwall altogether raise a

substantial new question of patentability as to claims 17, 18, and 24 of the '640

Patent.

As noted above, the Steen, Wolff, and Skagerwall references together disclose a

similar system to that of claims 17, 18, and 24 of the '640 Patent, notably as to the

limitations in independent claims 17 and 18 as to returning a redirect message if a

location server lacks location information for the desired identification information

comprising information for use to determine a location of a different data location server.

As further noted by Requester in pp. 28-31 (describing Skagerwall), pp. 31-32

(describing Wolff), pp. 32-37 (describing Steen), and pp. 197-220 (in detail describing

application of the references to the claims) of his Request, the references would thus

have been considered by a reasonable Examiner to be germane to patentability of the

claims. The Steen, Wolff, and Skagerwall references thus raise a substantial new

question of patentability over claims 17, 18, and 24 of the '640 Patent, said question not

having been decided in a previous examination of the Patent, nor considered in holding

of invalidity by Federal Court.

# VIII. Conclusion

A substantial new question of patentability is thus raised over issued claims 17, 18, and 24 for the reasons set forth above. Reexamination is hereby ordered over claims 17, 18, and 24 of the '836 Patent.

It is noted that Requester has only requested reexamination of claims 17, 18, and 24 of the '640 Patent. The Office's determination in both the order for reexamination and the examination stage of the reexamination under 35 U.S.C. 302 will generally be limited solely to a review of the claim(s) for which reexamination was requested. If the Requester was interested in having all of the claims reexamined, requester had the opportunity to include them in its request for reexamination. However, if the Requester chose not to do so, those claim(s) for which reexamination was not requested will generally not be reexamined by the Office. It is further noted that 35 U.S.C. 302 requires that "[t]he request must set forth the pertinency and manner of applying cited prior art to every claim for which reexamination is requested." If the Requester fails to apply the art to certain claims, then the Requester is not statutorily entitled to reexamination of such claims.

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding.  Additionally, 35 U.S.C. 305 requires that reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extension of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

The Patent Owner is again reminded of the continuing responsibility under 37

CFR 1.565(a), to apprise the Office of any litigation activity, or other prior or concurrent

proceeding, involving the instant '836 Patent throughout the course of this

reexamination proceeding.

**All** correspondence relating to this ex parte reexamination proceeding should be

directed:

By Mail to:      Mail Stop *Ex Parte* Reexam
                      Central Reexamination Unit
                      Commissioner for Patents
                      United States Patent & Trademark Office
                      P.O. Box 1450
                      Alexandria, VA 22313-1450

By FAX to:      (571) 273-9900
                      Central Reexamination Unit

By hand:        Customer Service Window
                      Randolph Building
                      401 Dulany Street
                      Alexandria, VA 22314

Effective July 9, 2007, the U.S. Patent and Trademark Office began accepting requests
for reexamination, and "follow-on" papers (i.e., subsequent correspondence in
reexamination proceedings) submitted via the Office's Web-based electronic filing
system (EFS-Web). The Office has updated the Legal Framework for EFS-Web to set
forth that requests for reexamination, and proper reexamination "follow-on" papers
(see MPEP § 2267) are permitted to be submitted using EFS-Web. The current version
of the Legal Framework for EFS-Web is at: **www.uspto.gov/patents- application-
process/filing-online/legal-framework-efs-web**.


After the filing of the request for *ex parte* reexamination, any letters sent to the U.S.

Patent and Trademark Office relating to the resulting *ex parte* reexamination proceeding

should identify the proceeding by the number of the patent undergoing reexamination,

the reexamination request control number assigned, the art unit, and the name of the

examiner.

Any inquiry concerning this communication should be directed to the Central

Reexamination Unit at telephone number (571) 272-7705.


Signed:


/CHARLES R CRAVER/
Reexamination Specialist, Art Unit 3992

Conferees:
/JOSHUA D CAMPBELL/
Primary Examiner, Art Unit 3992

/ALEXANDER J KOSOWSKI/
Supervisory Patent Examiner, Art Unit 3992

| *Reexamination* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 90/019,166 | 7103640 |
| | Certificate Date | Certificate Number |
| | | |

| Requester Correspondence Address: ☐ | Patent Owner ☑ | Third Party |
|---|---|---|

FISCH SIGLER LLP
5301 WISCONSIN AVENUE NW
SUITE 400
WASHINGTON, DC 20015

| LITIGATION REVIEW ☑ | CC | 27 March 2023 |
|---|---|---|
| | (examiner initials) | (date) |
| | Case Name | Director Initials |
| Kove IO, Inc. v. Amazon Web Services, Inc., 1:18-cv-08175 (N.D. Ill.) | | |

| COPENDING OFFICE PROCEEDINGS | |
|---|---|
| TYPE OF PROCEEDING | NUMBER |
| NONE | |

| /CHARLES R CRAVER/ | |
|---|---|
| Reexamination Specialist, Art Unit 3992 | |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 90/019,166 | 7103640 |
| | Examiner | Art Unit |
| | CHARLES R CRAVER | 3992 |

| CPC - Searched* | | |
|---|---|---|
| Symbol | Date | Examiner |
| | | |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| Symbol | Date | Examiner |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| Search Notes | | |
|---|---|---|
| Search Notes | Date | Examiner |
| file history, family and file wrapper search | 03/27/2023 | cc |
| litigation search | 03/27/2023 | cc |
| PTAB P-TACTS search, *no appeals or AIA trials found* | 03/27/2023 | cc |

| Interference Search | | | |
|---|---|---|---|
| US Class/CPC Symbol | US Subclass/CPC Group | Date | Examiner |
| | | | |

| /CHARLES R CRAVER/ Reexamination Specialist, Art Unit 3992 | |
|---|---|
| | |

PTO/SB/08a (07-09)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | **Complete if Known** | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Application Number | Not Yet Assigned |
| | Filing Date | **09-13-2000** |
| | First Named Inventor | John K. Overton |
| | Art Unit | N/A |
| | Examiner Name | Not Yet Assigned |
| Sheet 1 of 5 | Attorney Docket Number | |

## U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 5 | US-6,473,781 | 10-27-1998 | Skagerwall | |
| | 8 | US-7,233,978 | 06-19-2007 | Overton | |
| | 6 | US-6,185,601 | 04-15-1998 | Wolff | |
| | 7 | US-7,103,640 | 09-13-2000 | Overton | |
| | 1 | US-7,814,170 | 02-13-2006 | Overton | |
| | 37 | US-6,122,664 | 06-27-1997 | Boukobza | |
| | 38 | US-6,230,183 | 03-11-1998 | Yocum | |
| | 39 | US-Pat. App No. 09/111,896 | 07-08-1998 | Overton | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document — Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | /CHARLES R CRAVER/ | Date Considered | 03/27/2023 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1]Applicant's unique citation designation number (optional). [2]See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3]Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4]For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5]Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6]Applicant is to place a check mark here if English language Translation is attached.

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0031. Public burden for this form is estimated to average 2 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. **DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.** If filing this completed form by mail, send to: **Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /C.R.C/

PTO/SB/08b (07-09)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

Substitute for form 1449/PTO

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT

*(Use as many sheets as necessary)*

| | | | | |
|---|---|---|---|---|
| Sheet | 2 | of | 5 | |

| **Complete if Known** | |
|---|---|
| Application Number | Not Yet Assigned |
| Filing Date | 09-13-2000 |
| First Named Inventor | John K. Overton |
| Art Unit | N/A |
| Examiner Name | Not Yet Assigned |
| Attorney Docket Number | |

## NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
|---|---|---|---|
| | 5 | LARRY NEUMANN & MARY OWEN, Oracle Names Administrator's Guide, Release 2.0 (1996 Oracle Corp., Redwood City, CA) (223 pages) | |
| | 6 | Joseph B. Greene, Oracle8 Server Unleashed, (Sams Publishing, Indianapolis, Ind.), published August 2, 1998 (Part 1-241 pages, Part 2-241 pages, Part 3-241 pages, Part 4-241 pages) | |
| | 9 | **Original Prosecution History of the '640 Patent** | |
| | 10 | **Original Prosecution History of the '978 Patent** | |
| | 11 | **Original Prosecution History of the '170 Patent** | |
| | 12 | Departments of Informatics, Oracle V2, Virtual Exhibitions in Informatics, University of Klagenfurt (September 30, 2019) (2 pages) | |
| | 13 | STEVEN BOBROWSKI, CYNTHIA CHIN–LEE, CINDY CLOSKEY, JOHN FRAZZINI, & DANNY SOKOLSKY, Oracle7 Server Concepts, Release 7.3 (Oracle Corp., Redwood City, CA), published 1996 (525 pages) | |
| | 14 | George Koch & Kevin Loney, Oracle: The Complete Reference, Electronic Edition (Oracle Press), ISBN: 0078822858 (Excerpts, 9 pages) | |
| | 15 | Kevin Loney, Oracle DBA Handbook, 7.3 Edition (McGraw-Hill Osborne Media) ISBN: 0078822890, published 1997 (Excerpts, 14 pages)) | |
| | 16 | Kove IO, Inc. v. Amazon Web Services, Inc., 1:18-cv-08175 (N.D. Ill.), Kove's Memorandum in Opposition to Amazon Web Services, Inc.'s Motion for Judgment on the Pleadings (22 pages) | |

| Examiner Signature | /CHARLES R CRAVER/ | Date Considered | 03/27/2023 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0031. Public burden for this form is estimated to average 2 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. **DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. If filing this completed form by mail, send to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*
ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /C.R.C/

PTO/SB/08b (07-09)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | Complete if Known | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Application Number | Not Yet Assigned |
| | Filing Date | 09-13-2000 |
| | First Named Inventor | John K. Overton |
| | Art Unit | N/A |
| | Examiner Name | Not Yet Assigned |
| Sheet **3** of **5** | Attorney Docket Number | |

### NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
|---|---|---|---|
| | 17 | Kove IO, Inc. v. Amazon Web Services, Inc., 1:18-cv-08175 (N.D. Ill.), Joint Claim Construction Chart (Updated) (7 pages) | |
| | 18 | Declaration of Sylvia D. Hall-Ellis, Ph.D. Under 37 C.F.R. § 1.132 Regarding Publi-cation of Oracle Names Administrator's Guide, Release 2.0 and Oracle8 Server Unleashed (67 pages) | |
| | 20 | Amazon Web Services, Inc., v. Kove IO, Inc., IPR2020-00276, Paper 11 (Patent Owner's Preliminary Response) (58 pages) | |
| | 21 | Amazon Web Services, Inc., v. Kove IO, Inc., IPR2020-00276, Paper 23 (Decision) (PTAB March 19, 2020) (25 pages) | |
| | 22 | Oracle - Investor Relations — FAQ, Frequently Asked Questions (5 pages) | |
| | 23 | Kove IO, Inc. v. Amazon Web Services, Inc., 1:18-cv-08175 (N.D. Ill.), Kove IO, Inc.'s Final Enforceability and Validity Contentions (20 pages) | |
| | 24 | NSN 7610-01-448-8459, 7610014488459, ISO Group Defense and Aerospace Supply Chain Partner, https://www.iso-group.com/NSN/7610-01-448-8459 (5 pages) | |
| | 25 | Kove IO, Inc. v. Amazon Web Services, Inc., 1:18-cv-08175 (N.D. Ill.), Motion For Addl Claim Construction (Updated), D.I. 484 (November 28, 2022) | |
| | 26 | Kove IO, Inc. v. Amazon Web Services, Inc., 1:18-cv-08175 (N.D. Ill.), Motion For Addl Claim Construction, D.I. 539 (November 28, 2022) | |
| | 27 | Kove IO, Inc. v. Amazon Web Services, Inc., 1:18-cv-08175 (N.D. Ill.), Minute Entry, D.I. 580 (January 14, 2023) | |

| Examiner Signature | /CHARLES R CRAVER/ | Date Considered | 03/27/2023 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0031. Public burden for this form is estimated to average 2 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. If filing this completed form by mail, send to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /C.R.C/

PTO/SB/08b (07-09)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

Substitute for form 1449/PTO

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT

*(Use as many sheets as necessary)*

| Complete if Known | |
|---|---|
| Application Number | Not Yet Assigned |
| Filing Date | 09-13-2000 |
| First Named Inventor | John K. Overton |
| Art Unit | N/A |
| Examiner Name | Not Yet Assigned |
| Attorney Docket Number | |

| Sheet | 5 | of | 5 |
|---|---|---|---|

## NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
|---|---|---|---|
| | 4 | Maarten van Steen et al., "Locating Objects in Wide-Area Systems," IEEE Communications Magazine, Vol. 36, Issue 1, pp. 104-09 (Jan. 1998) ("Steen") (6 pages) | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Examiner Signature | /CHARLES R CRAVER/ | Date Considered | 03/27/2023 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0031. Public burden for this form is estimated to average 2 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. **DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.** If filing this completed form by mail, send to: **Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /C.R.C/

PTO/SB/08b (07-09)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | Not Yet Assigned |
| | | | | Filing Date | 09-13-2000 |
| | | | | First Named Inventor | John K. Overton |
| | | | | Art Unit | N/A |
| | | | | Examiner Name | Not Yet Assigned |
| Sheet | 5 | of | 5 | Attorney Docket Number | |

### NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
|---|---|---|---|
| | 4 | Maarten van Steen et al., "Locating Objects in Wide-Area Systems," IEEE Communications Magazine, Vol. 36, Issue 1, pp. 104-09 (Jan. 1998) ("Steen") (6 pages) | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Examiner Signature | /CHARLES R CRAVER/ | Date Considered | 03/27/2023 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0031. Public burden for this form is estimated to average 2 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. **DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.** If filing this completed form by mail, send to: **Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /C.R.C/

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. The United States Patent and Trademark Office (USPTO) collects the information in this record under authority of 35 U.S.C. 2. The USPTO's system of records is used to manage all applicant and owner information including name, citizenship, residence, post office address, and other information with respect to inventors and their legal representatives pertaining to the applicant's/owner's activities in connection with the invention for which a patent is sought or has been granted. The applicable Privacy Act System of Records Notice for the information collected in this form is COMMERCE/PAT-TM-7 Patent Application Files, available in the Federal Register at 78 FR 19243 (March 29, 2013). https://www.govinfo.gov/content/pkg/FR-2013-03-29/pdf/2013-07341.pdf

Routine uses of the information in this record may include disclosure to: 1) law enforcement, in the event that the system of records indicates a violation or potential violation of law; 2) a Federal, state, local, or international agency, in response to its request; 3) a contractor of the USPTO having need for the information in order to perform a contract; 4) the Department of Justice for determination of whether the Freedom of Information Act (FOIA) requires disclosure of the record; 5) a Member of Congress submitting a request involving an individual to whom the record pertains, when the individual has requested the Member's assistance with respect to the subject matter of the record; 6) a court, magistrate, or administrative tribunal, in the course of presenting evidence, including disclosures to opposing counsel in the course of settlement negotiations; 7) the Administrator, General Services Administration (GSA), or their designee, during an inspection of records conducted by GSA under authority of 44 U.S.C. 2904 and 2906, in accordance with the GSA regulations and any other relevant (i.e., GSA or Commerce) directive, where such disclosure shall not be used to make determinations about individuals; 8) another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)); 9) the Office of Personnel Management (OPM) for personnel research purposes; and 9) the Office of Management and Budget (OMB) for legislative coordination and clearance.

If you do not furnish the information requested on this form, the USPTO may not be able to process and/or examine your submission, which may result in termination of proceedings, abandonment of the application, and/or expiration of the patent.

# Additional Uses

Additional USPTO uses of the information in this record may include disclosure to: 1) the International Bureau of the World Intellectual Property Organization, if the record is related to an international application filed under the Patent Cooperation Treaty;  2) the public i) after publication of the application pursuant to 35 U.S.C. 122(b), ii) after issuance of a patent pursuant to 35 U.S.C. 151, iii) if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections, or an issued patent, or iv) without publication of the application or patent under the specific circumstances provided for by 37 CFR 1.14(a)(1)(v)-(vii); and/or 3) the National Archives and Records Administration, for inspection of records.

# Bibliographic Data

Application No:    **90/019,166**

| | | | |
|---|---|---|---|
| Foreign Priority claimed: | ○ Yes | ⦿ No | |
| 35 USC 119 (a-d) conditions met: | ☐ Yes | ☑ No | ☐ Met After Allowance |
| Verified and Acknowledged: | /CHARLES R CRAVER/ | | |
| | Examiner's Signature | | Initials |
| Title: | NETWORK DISTRIBUTED TRACKING WIRE TRANSFER PROTOCOL | | |

| FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 02/17/2023 **RULE** | 709 | 3992 | |

**APPLICANTS**

**INVENTORS**

7103640,

KOVE IO, INC. (Assignee), Chicago, IL, UNITED STATES

Andrew Landers Ramos FISCH SIGLER LLP (3rd Pty Req), Washington, DC, UNITED STATES

**CONTINUING DATA**

This application is a REX of 09661222 09/13/2000 PAT 7103640

09661222 has PRO of 60153709 09/14/1999

**FOREIGN APPLICATIONS**

**IF REQUIRED, FOREIGN LICENSE GRANTED\*\***

**STATE OR COUNTRY**

**ADDRESS**

Reichman Jorgensen Lehman & Feldberg LLP

100 Marine Parkway

Suite 300

Redwood City, CA 94065

UNITED STATES

**FILING FEE RECEIVED**

$275