IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., *Plaintiff*, v. AMAZON WEB SERVICES, INC., *Defendant*. | Case No. 1:18-cv-8175<br><br>Judge Matthew F. Kennelly |

## AMAZON'S OPPOSITION TO KOVE'S SECOND MOTION TO COMPEL DISCOVERY OF ANDREW JASSY

Alan M. Fisch
alan.fisch@fischllp.com
R. William Sigler
bill.sigler@fischllp.com
Jeffrey M. Saltman (*pro hac vice*)
jeffrey.saltman@fischllp.com
Lisa N. Phillips (*pro hac vice*)
lisa.phillips@fischllp.com
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Suite 400
Washington, DC 20015
202.362.3500

*Attorneys for Amazon Web Services, Inc.*

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND .................................................................................................................. 3

    A. Judge Finnegan's Ruling............................................................................................4

    B. The Document Kove Calls The "Six-Pager" ..............................................................5

    C. Kove Failed to Respond to Amazon's Correspondence on This Issue Before Filing This Motion. ....................................................................................................7

III. ARGUMENT........................................................................................................................ 8

    A. Judge Finnegan Previously Rejected Kove's Arguments Based on the Testimony of Messrs. Vermeulen and Barr. .................................................................................9

    B. There's Still Nothing Showing That the Document Kove Seeks Contained Any Specific Information Helpful for Kove. ...................................................................10

    C. Alyssa Henry's Deposition Further Confirms That Mr. Jassy Lacks "Unique Personal Knowledge of the Matter in Dispute." ......................................................12

    D. Kove Doesn't Explain Why It Waited to File This Motion. .....................................14

I. **INTRODUCTION**

As detailed when Kove previously moved for the same relief, Andy Jassy succeeded Jeff Bezos as Amazon's CEO in 2021, placing him at the helm of the one of the world's largest companies, with close to two million employees. In his previous role as head of Amazon Web Services, Mr. Jassy oversaw more than 200 different products, only two of which are accused here. The "apex doctrine"—a term that refers to the application of Rule 26 in such situations—protects leaders like Mr. Jassy from discovery abuses like the unnecessary and burdensome deposition that Kove is requesting.[1] Mr. Jassy has no unique personal knowledge justifying a deposition in this matter. And Amazon has produced or will produce other witnesses knowledgeable on Kove's 90-in-total 30(b)(6) topics, which alone are already disproportionate to the needs of this case.

One of those witnesses, Alyssa Henry, the original General Manager of accused product S3, provided the only additional testimony about Mr. Jassy's role after Kove's first motion. At her February 21 deposition, Ms. Henry's responses to Kove's questioning—which included 61 questions expressly referring to Mr. Jassy by name—reinforced that Kove's demand for Mr. Jassy's deposition is unjustified. Among other things, she testified ███████████████████████████████████████████████████████████████████████████. Kove's motion doesn't quote any of Ms. Henry's testimony.

Kove's motion also continues to mischaracterize what Magistrate Judge Finnegan found about a twenty-year-old document that Kove has dubbed "the six-pager." As she stated in her October 15, 2021 order, Kove's "rationale for needing to depose Jassy about the content or creation of the 'six-pager' is speculative."[2] In other words, there was nothing showing that this document

---

[1] See Dkt. 361 at 1 ("Indeed, 19 more cases against Amazon have been filed in this court since Kove filed this one, and the plaintiff in each could argue that Jassy has relevant but high-level information.").

[2] Dkt. 441 at 16.

1

"contains any specific information about the accused products that will be helpful to Plaintiff."[3] That's still so now, after additional discovery. Kove's motion ignores that, as Ms. Henry testified, a six-pager is a type of Amazon document, i.e., a narrative, that would be printed out for use at a meeting. Amazon eschews the use of the PowerPoints that dominate at other companies, and Amazon employees use six-page written documents nearly every day to set out planning and organization. That one of these documents used in a 2003 meeting can't be located some 20 years later isn't surprising or sinister, contrary to Kove's efforts to elevate it and manufacture a potential spoliation claim. Significantly, ▅▅▅▅▅▅▅ of documents and emails that Amazon has produced in his matter haven't revealed anything about this document's contents that makes this Kove motion less speculative than last time. And Kove has now deposed three high-level Amazon executives who testified that they either read this document or assisted with drafting it.[4] None indicated that this document contained specific information helpful to Kove.

And Kove's correspondence before filing this motion further shows that its renewed request to depose Mr. Jassy is meritless. In a nine-page February 8 letter, Amazon addressed largely the same arguments and exhibits that now appear in Kove's motion, including explaining that there still was no indication that "the six-pager" contained any specific information that may be helpful here.[5] A month later, on March 10, Kove responded with a three-sentence email asking Amazon to identify another witness to "provide the specific details of what the six-pager said and how it was used by Jassy and other executives."[6] If there were any doubt, that Kove request confirms that deposing Mr. Jassy or anyone else on this topic would be a fishing expedition based on speculation,

---

[3] *Id*.

[4] These include Ms. Henry, Allan Vermeulen (former CTO of AWS), and Jeff Barr (Chief Evangelist).

[5] Ex. 1. Cited exhibits are attached to the accompanying Declaration of Alan M. Fisch.

[6] Dkt. 601-15.

as Judge Finnegan found. Indeed, the discovery record now more strongly supports denial. And the only other change in circumstances, i.e., a different jurist, doesn't justify a different outcome.

At bottom, Kove's motion continues Kove's efforts to frustrate the resolution of this action and increase costs, thereby putting value into its case. But discovery isn't meant to be a tool for increasing the perceived value of the patents that Kove waited over 12 years after the first alleged infringement to assert. Amazon is eager to complete discovery, reach the merits, and show that it doesn't infringe Kove's patents and that those patents are invalid, if the Patent Office doesn't cancel the remaining asserted claims first.[7] Kove's second motion to depose Mr. Jassy again seeks to delay and increase the costs for achieving that merits-based resolution, and should be denied.

## II. BACKGROUND

In the first 25 months of discovery, Kove didn't identify Mr. Jassy as a possible witness in this case.[8] But that changed soon after the announcement of Mr. Jassy's new position as Amazon's CEO. As detailed in the previous briefing,[9] Mr. Jassy was announced as the next CEO of Amazon.com on February 2, 2021. Three days later, Kove served the request for production of the six-pager, based on a New York Times article about Mr. Jassy. This was followed by the May 26, 2021 deposition notice, but no explanation from Kove on why it was seeking Mr. Jassy's testimony. Eventually, on July 6, 2021, Kove's Third Amended Initial Disclosures identified Mr. Jassy as a witness on: "History of AWS and the development and launching of Amazon S3; benefits of speed, performance, scalability, and availability of S3."[10] But, inconsistent with both Kove

---

[7] As indicated in recent filings, 14 of Kove's 18 asserted claims are currently under reexamination, and a decision on whether to reexamine the remaining four is expected any day. *See* Dkt. 612 & 618.

[8] *See* Dkt. 361 at 2.

[9] *See id*.

[10] Dkt. 361-4 at 8.

motions, Kove also identified seven other witnesses as having such knowledge.[11] Yet on June 25, 2021, Kove filed its previous motion to compel Mr. Jassy's deposition.[12] In support, Kove relied on the deposition testimony of Allan Vermeulen (defendant's former CTO) and emails purportedly showing that Mr. Jassy had unique, personal knowledge relevant to this matter.[13]

### A.  Judge Finnegan's Ruling

On October 15, 2021, Magistrate Judge Finnegan denied Kove's motion to compel Mr. Jassy's deposition. The order states that this was without prejudice "[i]f, after reviewing the 'six-pager' and completing the Rule 30(b)(6) and other depositions, [Kove] is able to demonstrate that it has been unable to obtain information on specific topics that bear on the elements of the claims or the alleged damages, and that Jassy has unique knowledge of this information."[14]

In denying Kove's motion, Judge Finnegan credited Amazon's argument that Mr. Jassy didn't have personal knowledge that can't be obtained from other sources (e.g., Vermeulen, Barr, and others).[15] She also noted that the voluminous ESI that Amazon had already produced showed that Mr. Jassy was involved at a high level, and thus lacks any unique knowledge that might justify his deposition.[16] And she rejected Kove's argument that Mr. Jassy is "'uniquely positioned to

---

[11] *See* Dkt. 361 at 3.

[12] Dkt. 351.

[13] After filing its reply, Kove also obtained leave to file a third brief to address the deposition of Amazon witness Jeff Barr. Dkt. 379 (Addendum in Support of Reply); *see also* Dkt. 384 (Amazon's response). Kove argued that Mr. Barr was "unable to provide information [that] Jassy possesses" on four topics, including the "[c]ontents and trajectory of the six-pager." Dkt. 379 at 3.

[14] Dkt. 441 at 17.

[15] *Id*. at 11–12; *see also id*. at 12 ("Plaintiff waited until March 8, 2021, just one month after Amazon made an announcement that Jassy would be taking over as CEO, before mentioning for the first time that it 'may' request emails from him."); *id*. (noting that, even before his promotion, Mr. Jassy was the highest-ranking executive of AWS and oversaw "more than 200 different products, only two of which are relevant here").

[16] Dkt. 441 at 13 ("[I]n emails spanning a 10-year period…, Jassy is listed in the To: or CC: line in less than 4%, 'with most of his responses spanning one word.' [Dkt. 361 at 12].").

4

testify as to how and why' Amazon S3 became 'critical to other services offered by AWS.'"[17]

On one topic only, Judge Finnegan found that Mr. Jassy "may have unique knowledge"—namely, "his creation of the 'six-pager.'"[18] But due to the absence of information about what might be in it, she concluded that Kove's "rationale for needing to depose Jassy about the content or creation of the 'six-pager' is speculative."[19] Nonetheless, Judge Finnegan was "persuaded that the 'six-pager' meets the bar for relevance," and she ordered Amazon to produce it, in part because Amazon didn't argue that it would be burdensome to produce this one "small document."[20]

### B. The Document Kove Calls The "Six-Pager"

Kove first requested the 2003 meeting narrative based on a New York Times article about Mr. Jassy, three days after he was announced as Amazon's new CEO.[21] This article doesn't mention either accused product or indicate that this twenty-year old document would be relevant to any issue in this case apart from its general connection to the defendant's origins. Consistent with that, Amazon argued in opposition to the prior motion that it was irrelevant as "a non-technical document that Jassy reportedly authored before AWS or any of the accused products existed, before the asserted patents issued, and before the time period for which Kove is claiming damages."[22]

Amazon's business culture is popularly known for using this type of document, referred to

---

[17] Dkt. 441 at 15 (quoting Kove's briefing).

[18] *Id*. at 15–16

[19] *Id*. at 16.

[20] *Id*. at 9 ("Moreover, AWS does not claim it would be burdensome or difficult to produce this small document that already is in hand."). Kove has quoted the phrase "already is in hand" to suggest that Amazon must have the document. As Amazon's Feb. 8 letter explained, Judge Finnegan didn't cite anything supporting that. And the motion and Amazon's opposition didn't address possession of the document. Rather, the only time possession seems to have come up in the briefing is an unsupported (and unclear) statement in Kove's reply. *See* Dkt. 369 at 13 ("ESI limitations have no bearing on the six-page document Jassy unquestionably authored, has possession of, and is responsive to production requests served months ago.").

[21] Dkt. 351-17 at 46 (RFP No. 182); *see also* Dkt. 352-3 (the article itself).

[22] Dkt. 361 at 15.

5

by some Amazonians as "narratives." As explained on Amazon's website, "a narrative is a document that everyone at Amazon uses to set out team, organization, or individual planning, typically for the year ahead. It is limited to a maximum of six pages."[23] █████████████████████

█████████████████████████████████████████████ █████████████████████

████████████████ It thus replaces, for example, PowerPoint in other business cultures.

As Amazon has explained to Kove, it conducted an exhaustive search for this document after the October 21, 2021 order.[26] █████████████████████████████████████

█████████ ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████. But Amazon has been unable to locate this document reportedly authored in 2003. That's unsurprising, given the purpose of narratives, and that this one would've been created to be printed and read at a meeting that occurred some 20 years ago. Consistent with this, ████████████████████████████████████████

████████████████████████████████████████████████████████████—also haven't uncovered this document or any indication that it includes relevant information.

Additionally, it should be noted that the document-related portions of Kove's previous motion to compel primarily related to Mr. Jassy's ESI and Kove's repeated refusal to provide search



---

[23] Startups: How to Use Amazon's Narrative Process to Set Goals and Think Clearly, Howard, Richard (Sept. 25, 2019), *https://aws.amazon.com/blogs/startups/startup-advice-how-to-write-a-narrative/*.

[24] Ex. 2 (Henry Tr.) at 35:15–36:20.

[25] *Id.*; *see also id*. at 34:12–24.

[26] *See, e.g.*, Ex. 1 at 4.

[27] *See* Dkt. 601-14 at 25–26.

terms that didn't result in an excessive number of hits, rather than the "six-pager."[28] But Judge Finnegan concluded that Kove's search terms weren't "'narrowly tailored to particular issues' as required by LPR ESI 2.6(e)."[29] The parties thereafter agreed to less excessive search terms, and Amazon completed producing Mr. Jassy's ESI shortly after this Court lifted the stay.

### C. Kove Failed to Respond to Amazon's Correspondence on This Issue Before Filing This Motion.

Kove initially re-raised its request to depose Mr. Jassy in a January 13, 2023 letter based on largely the same arguments that it makes in the present motion.[30] This included referencing the majority of Amazon-produced documents now attached as exhibits to the motion. Amazon responded on February 8, 2023, in a nine-page letter detailing why none of the information that Kove referenced justified revisiting the issue.[31] In addition, Amazon described its search for the 2003 meeting narrative document, and noted the difficulty in finding such a document printed 15 years before Kove filed suit.[32] Kove's motion doesn't attach its January 13 letter, or Amazon's February 8 response, as exhibits.

The only reply to Amazon's 9-page letter came a month later, on March 10. That Kove email stated in full:

> We're troubled that you've never found the six-pager and refuse to make Jassy available for a deposition. Were you planning to identify another person who can provide the specific details of what the six-pager said and how it was used by Jassy

---

[28] *See*, *e.g.*, Dkt. 361 at 2 ("Kove's demand for emails and ESI from Jassy is similarly abusive and contrary to law. Kove ignores the ESI rules that it agreed to at the case's outset, which require email discovery to be 'narrowly tailored' to focus on 'particular issues.'"); *see also id*. at 3–7 (detailing history of Kove search terms that resulted in tens of thousands of hits).

[29] Dkt. 441 at 6.

[30] Ex. 3 (Kove's Jan. 13, 2023 letter).

[31] Ex. 1.

[32] *Id*. at 4. As noted in previous briefing, S3 has been on the market since March 2006.

and other executives? Please let us know by C.O.B. Monday."[33]

Amazon responded the next business day, March 13, reiterating that Judge Finnegan found that Kove's "rationale for needing to depose Jassy about the content or creation of the 'six-pager' is speculative," and that remains true.[34] This March 13 response also observed that the recent deposition testimony from Ms. Henry further confirmed that Mr. Jassy had high-level responsibilities and wouldn't have any unique, personal knowledge that might justify his deposition. And, given that Kove's request for "specific details of what the six-pager said" confirmed that its request was still based purely on speculation, Amazon declined Kove's request to identify another witness on this topic "absent a further explanation of the basis" for Kove's request.

Kove didn't respond. Instead, 15 days later, it filed this motion.

### III.    ARGUMENT

As numerous district courts have observed, "deposition notices directed at [the] 'apex' of corporate management" carry "a tremendous potential for abuse or harassment."[35] Under the "apex doctrine," as Judge Finnegan explains in her order, courts protect such high-ranking executives from being deposed if any of four circumstances exist: "(1) the official has no unique personal knowledge of the matter in dispute; (2) the information can be garnered from other witnesses; (3) the information can be garnered from other discovery methods; or (4) sitting for the deposition would impose a hardship in light of the officer's other duties."[36] Overall, the goal is to prevent high-ranking corporate executives "from being run through the wringer of civil discovery"

---

[33] Dkt. 601-15.

[34] *Id*. (Amazon's March 13 email, included in Kove's Ex. N, quoting Dkt. 441 at 16).

[35] *E.g.*, *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. 05-cv-4374, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007) (collecting cases); *Murillo v. Kohl's Corp.*, No. 16-cv-196, 2016 WL 6090862, at *4 (E.D. Wis. Oct. 18, 2016) (same, and granting protective order to prevent unnecessary apex deposition).

[36] Dkt. 441 at 10 (quoting *DeLeon-Reyes v. Guevara*, No. 18-cv-2312, 2021 WL 3109662, at *3 (N.D. Ill. July 22, 2021)).

unnecessarily.[37] This isn't a special privilege available only to the elite few. It's simply what's necessary to "protect apex employees 'from annoyance, embarrassment, oppression, or undue burden or expense' as contemplated by Rule 26(c)(1)."[38] And based on Mr. Jassy's position, the apex doctrine's protections are particularly appropriate here.[39]

### A. Judge Finnegan Previously Rejected Kove's Arguments Based on the Testimony of Messrs. Vermeulen and Barr.

As Amazon explained to Judge Finnegan, Mr. Jassy's previous position as the highest-ranking executive of Amazon Web Services involved overseeing all of its more than 200 different services, only two of which are relevant here. And the record—including the deposition testimony of Messrs. Vermeulen and Barr—showed that Mr. Jassy had high-level, cumulative knowledge, not the required unique personal knowledge.[40]

Indeed, as it does now, Kove previously relied on the Vermeulen and Barr depositions when presenting its arguments to Judge Finnegan. But she rejected Kove's various arguments based on that testimony, such as that Mr. Jassy is "'uniquely positioned to testify as to how and why' Amazon S3 became 'critical to other services offered by AWS.'"[41] As she explained:

> Vermeulen testified [that] he is a "very technical person" while Jassy is a "business-oriented person." [Doc. 351-2, at 38]. Nevertheless, Vermeulen made clear that "the entire team [had] full responsibility for the entire product." (*Id.*). Though Jassy had "more responsibility for overall thinking about what market segments we were going to approach" and "how we would position our products, what our pricing strategy would be" (*id.*), these are not topics Plaintiff attributed to Jassy in its Third Amended Initial Disclosures served on July 6, 2021. (Doc. 361-4, at 9) (stating that

---

[37] *Id.* at 10–11 (quoting *Dyson, Inc. v. Sharkninja Operating LLC*, No. 14-cv-779, 2016 WL 1613489, at *1 (N.D. Ill. Apr. 22, 2016)).

[38] *Id.*

[39] *See Apple Inc. v. Samsung Electronics Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) ("[T]he closer [a person] is to the apex of some particular peak in the corporate mountain range, … the more appropriate the protections of the apex doctrine become.").

[40] *See, e.g.*, Dkt. 361 at 7–12; Dkt. 441 at 12.

[41] Dkt. 441 at 15 (quoting Kove's briefing).

9

Jassy has knowledge about the "[h]istory of AWS and the development and launching of Amazon S3; benefits of speed, performance, scalability, and availability of S3."). And in those same disclosures, Plaintiff identified 12 other individuals as having knowledge about marketing, pricing, and pricing strategy, as well as speed, performance, scalability, and availability of S3. (*Id.* at 4-10).

Significantly, Plaintiff has served eight Rule 30(b)(6) deposition notices covering 90 topics, many of which Plaintiff now claims are uniquely within Jassy's knowledge…. If Plaintiff can obtain the information it needs from Rule 30(b)(6) witnesses (as yet to be determined), then it cannot establish that Jassy has "unique" personal knowledge that is unavailable from other sources.[42]

Consistent with Judge Finnegan's determination, courts hold that "an apex deposition is generally inappropriate… when the requested information can be garnered from more knowledgeable subordinates."[43] Here, Kove could obtain any information that Mr. Jassy may have on the development of S3 from other deponents, including Vermeulen and James Sorenson, who began working on S3 over a year before its 2006 launch and whom Kove deposed in in 2020 and 2021. Mr. Vermeulen, for example, testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ And in addition to these and other 30(b)(1) deponents, Kove has also deposed AWS's corporate witnesses about the subjects it now contends are uniquely within Mr. Jassy's knowledge. This includes Topic 6, which asks about: "The history of the development of the Accused Products," including decisions to "implement the Relevant Features."[45]

### B. There's Still Nothing Showing That the Document Kove Seeks Contained Any Specific Information Helpful for Kove.

As in its previous motion, Kove offers bald speculation that "[t]he Six Pager relied on what

---

[42] *Id.* at 13–14 (citing *Hallmark Licensing LLC v. Dickens Inc.*, No. 17-cv-2149, 2018 WL 6573435, at *5 (E.D.N.Y. Dec. 13, 2018)); *see also id.* at 15 (rejecting Kove argument "that Jassy should be deposed simply because he 'may have different facts or perspectives'"). Yesterday, on April 5, 2023, Kove served amended initial disclosures attributing the same topics to Mr. Jassy as in the version Judge Finnegan considered.

[43] *Murillo*, 2016 WL 6090862, at *4 (citation omitted).

[44] *See, e.g.*, Dkt. 361-15 at 34:6–35:25, 78:17–24, 126:6–132:5; *see also* Dkt. 351-4 at 1; Dkt. 351-10 at 3.

[45] Dkt. 361-16 at 9. Another is Topic 28, which asks about: "The pricing of the Accused Products, including the manner in which You derive or establish Your pricing." *Id.* at 12.

would become the accused S3 product as a justification for forming AWS."[46] Once again, this appears to be based on nothing except the fact that Amazon provides cloud computing services. There's no indication that this document discussed particular products, or even any features that could perhaps be associated with particular products, much less anything showing that it "relied on what would become" S3, as Kove asserts. And that's still so after ▮▮▮▮▮ of Amazon discovery and 10 depositions of Amazon current and former employees.

Indeed, Amazon has produced ▮▮▮▮▮ of emails from Mr. Jassy's files, as Kove selected him as an ESI custodian. The document at-issue, including any specific information it contained, didn't come up in those searches. Amazon also didn't find it when conducting other searches for relevant documents throughout this matter, or in specifically searching for it. And none of the produced documents attached as exhibits to Kove's motion mention it.

Additionally, Kove has now deposed three witnesses (Allan Vermeulen, Jeff Barr, and Alyssa Henry) who reviewed the document or testified that they worked on early drafts. Yet Kove continues to omit deposition testimony from these witnesses that undermines its arguments. For instance, Kove omits ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ And all three provided some general information about the contents that doesn't support Kove's speculation or warrant deposing Mr. Jassy about it.[49] They

---

[46] Dkt. 601 at 4. For this, Kove cites the same blog post from Jeff Barr, also cited in the previous motion, stating that Jassy "outlin[ed] a broad collection of services." Kove ignores that it asked Barr about this at deposition, and he confirmed that the six-pager didn't identify specific services. Ex. 5 at 88:23–24.

[47] Ex. 4 (Vermuelen Tr.) at 87:19–21.

[48] Ex. 5 (Barr Tr.) at 88:23–24.

[49] *See id*. at 90:22–91:3 (Barr: "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"); Ex. 4 at 87:23–24 (Vermeulen: ▮▮▮▮▮▮▮▮▮

11

did have trouble remembering details. But that's no wonder, given the age of the document and the purpose of narrative documents like this one. And Mr. Vermeulen further confirmed that there's nothing surprising about Amazon's inability to find a document printed out for a meeting some 20 years ago, that isn't attached to any of the voluminous later emails and other discovery produced in this matter. As Mr. Vermeulen, who retired in 2021, testified:



### C. Alyssa Henry's Deposition Further Confirms That Mr. Jassy Lacks "Unique Personal Knowledge of the Matter in Dispute."

The only deposition that Judge Finnegan didn't consider the first time around is that of Ms. Henry. Yet, Kove's motion doesn't quote any of Ms. Henry's testimony. This is because it undermines Kove's motion. Indeed, Ms. Henry further confirmed that Mr. Jassy would, at most, have high-level knowledge that doesn't justify Kove's burdensome request to depose him.[51] For instance, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[52] In other words, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[53] And, removing any doubt, Ms. Henry further testified that ▇▇▇▇▇▇

---

▇▇▇▇▇▇▇▇▇▇▇▇▇); Ex. 2 at 65:3 (Henry: ▇▇▇▇▇▇▇▇▇▇); *see also* Ex. 4 at 89:20–22 (Vermeulen: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇).

[50] Ex. 4 at 88:9–14; *see also id*. at 88:19 (testifying that finding it today "would be quite a challenge").

[51] As previously explained, preparing for and sitting for a deposition would disrupt Jassy's ability to fulfill his responsibilities as CEO of one of the world's largest companies. Dkt. 361 at 12.

[52] Ex. 2 at 33:11–17.

[53] *Id*.; *see also id*. at 32:18–33:5 (Ms. Henry testifying that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇); *id.* at 156:8–21, 177:19–178:4 (testifying, in response to hypotheticals, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇).

12

██████████████████████████████████████████████████████.[54]

Additionally, despite her former position as General Manager of S3, Kove asked Ms. Henry fewer substantive questions than expected about that accused product, or topics such as its early pricing or marketing, about which Ms. Henry had extensive knowledge. Rather, Kove used its time with Ms. Henry—a third party whom Kove compelled to testify via subpoena—to conduct a fishing expedition about Mr. Jassy. Kove asked 61 questions expressly referring to Mr. Jassy by name.[55] But Kove's motion doesn't quote any of Ms. Henry's responses, or her other testimony.

And Ms. Henry's deposition further confirms that there's nothing surprising or nefarious about Amazon's inability to find the 20-year-old document Kove seeks. Specifically, she detailed how narratives like this one would be used at Amazon—facts that Kove's counsel seemed unaware of, despite Kove's previous and continued insistence on the document's relevance.[56] For instance, when Kove's attorney asked Ms. Henry about narratives that she would've prepared, she testified:



---

[54] *Id*. at 49:16–51:4.

[55] This doesn't include the countless other questions that Kove asked without using Mr. Jassy's name about various interactions or communications with him. *See, e.g., id.* at 23:24–24:17.

[56] *See, e.g.*, Dkt. 369 at 12 (asserting, without citing anything in the record, that the six-pager "describes the vision for the architecture and significance of S3").



Overall, the record makes clear that Mr. Jassy drafted the narrative at issue for the purpose of a discussion on the decision to form Amazon Web Services. That it hasn't been found 20 years after it served that purpose, due to Kove's delay in asserting its patents, is unremarkable. And there's no indication that it includes any specific information on the S3 accused product, released three years later, or the DynamoDB accused product, released nine years later.

### D. Kove Doesn't Explain Why It Waited to File This Motion.

The fact discovery deadline is fast approaching. As the Court knows, Amazon has been working to schedule and prepare witnesses for Kove's 90 Rule 30(b)(6) topics, while responding to Kove's demands to add nine more topics beyond the 90 topic limit and for various new discovery.[58] Last week, Amazon also proposed dates for eight more of its Rule 30(b)(6) witnesses, covering eight groupings of the 90 topics. Yet, Kove doesn't explain why it waited until March 28 to file this motion (while also demanding expedited treatment, Dkt. 603 at 8), when the parties should

---

[57] Ex. 2 at 33:15–34:20.

[58] *See* Dkt. No. 603 at 1–2, 5–6.

be focusing on completing those tasks, even though Kove had all the cited documents for at least four months (and some, more than two years).

Specifically, Kove attaches as exhibits a total of 14 Amazon-produced documents. As shown in the chart below, Amazon produced all these documents no later than November 18, 2022, when it finished producing Mr. Jassy's ESI. And in some instances—namely, Exhibits J, S, U, and V—Amazon produced them before Kove filed its previous motion. And Kove had Exhibit L before filing its reply and its court-permitted third brief (Dkt. 379) in support of that motion.

| Kove Ex. | Date Produced | Bates Numbers |
|---|---|---|
| D | Nov. 18, 2022 (Amazon Vol. 62) | AMZ_KOVE_000491407–09 |
| E | Nov. 18, 2022 (Amazon Vol. 62) | AMZ_KOVE_000491433–35 |
| F | Nov. 18, 2022 (Amazon Vol. 62) | AMZ_KOVE_000491442–45 |
| G | Nov. 18, 2022 (Amazon Vol. 62) | AMZ_KOVE_000490843–45 |
| H | Nov. 18, 2022 (Amazon Vol. 62) | AMZ_KOVE_000490846–48 |
| I | Nov. 18, 2022 (Amazon Vol. 62) | AMZ_KOVE_000491608 |
| J | Feb. 11, 2022 (Amazon Vol. 58) | AMZ_KOVE_000487905–11 |
| K | May 17, 2021 (Amazon Vol. 44) | AMZ_KOVE_000454324–31 |
| L | Jul. 6, 2021 (Amazon Vol. 50) | AMZ_KOVE_000480009–10 |
| R | Nov. 18, 2022 (Amazon Vol. 62) | AMZ_KOVE_000491430–32 |
| S | Apr. 23, 2021 (Amazon Vol. 42) | AMZ_KOVE_000444305–07 |
| T | Feb. 11, 2022 (Amazon Vol. 58) | AMZ_KOVE_000487544–51 |
| U | Mar. 12, 2021 (Amazon Vol. 36) | AMZ_KOVE_000236918–21 |
| V | Jan. 21, 2021 (Amazon Vol. 33) | AMZ_KOVE_000091123–24 |

In addition, Amazon previously detailed why these exhibits don't justify Mr. Jassy's deposition in its February 8 letter.[59] None show unique personal knowledge any more than the documents Judge Finnegan considered. Kove never substantively responded to that letter.

Given all the above, including Judge Finnegan's previous finding that Kove's request was speculative, as well as Kove's mischaracterizations, history of excessive discovery requests, and transparent efforts to inflate the value of this case, this Court should deny Kove's motion.

---

[59] Ex. 1 at 6–9.

Dated: April 6, 2023                                Respectfully submitted,

<div style="margin-left: 40%;">

*/s/ Alan M. Fisch*
Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Lisa Phillips (*pro hac vice*)
*lisa.phillips@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Suite 400
Washington, DC 20015
202.362.3500

*Attorneys for Amazon Web Services, Inc.*

</div>

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 6, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois, via the CM/ECF system, which served a copy on all counsel of record.

                                           */s/ Alan M. Fisch*
                                            Alan M. Fisch