**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KOVE IO, INC., | Civil Action No. 1:18-cv-08175 |
| Plaintiff, | |
| v. | Judge Matthew F. Kennelly |
| AMAZON WEB SERVICES, INC., | |
| Defendant. | |

## NON-PARTIES AMAZON.COM, INC. AND AMAZON TECHNOLOGIES, INC.'S OPPOSITION TO KOVE'S MOTION TO ENFORCE COMPLIANCE WITH SUBPOENAS (DKT. 609) AND MOTION TO QUASH

Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Lisa Phillips (*pro hac vice*)
*lisa.phillips@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Suite 400
Washington, DC 20015
202.362.3500

*Attorneys for Amazon.com, Inc. and Amazon Technologies, Inc.*

## <u>TABLE OF CONTENTS</u>

I.  INTRODUCTION ............................................................................................................... 1

II.  STATEMENT OF FACTS .................................................................................................. 2

III.  LEGAL STANDARD........................................................................................................... 6

IV.  ARGUMENT ...................................................................................................................... 7

   A.  The ROI Requests Seek Irrelevant Information and Are Unduly Burdensome................. 7

   B.  Kove Has Used the Subpoenas to Avoid Discovery Limits. ............................................. 9

   C.  The Amazon Third Parties' Motion to Quash is Timely. .................................................. 11

   D.  ATI Has Complied with All Non-ROI Requests. .............................................................. 13

V.  CONCLUSION.................................................................................................................... 14

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Alexander v. F.B.I.*,
  186 F.R.D. 21 (D.D.C. 1998) ................................................................................... 12

*Amerimax Real Est. Partners, Inc. v. Re/Max Int'l, Inc.*,
  No. 06-cv-06574, 2008 WL 4498947 (N.D. Ill. Aug. 5, 2008) ............................... 11

*Astrazeneca AB v. Apotex Corp.*,
  985 F. Supp. 2d 452 (S.D.N.Y. 2013), *aff'd in part, rev'd in part*, 782 F.3d 1324 (Fed. Cir.
  2015) .......................................................................................................................... 8

*BNSF Ry. Co. v. Alere, Inc.*,
  No. 3:18-cv-00291, 2018 WL 2267144 (S.D. Cal. May 17, 2018) .......................... 12

*Builders Ass'n of Greater Chicago v. City of Chicago*,
  No. 96-cv-01122, 2001 WL 1002480 (N.D. Ill. Aug. 30, 2001) ............................... 7

*Burns v. Bank of Am.*,
  No. 03-cv-01685, 2007 WL 1589437 (S.D.N.Y. June 4, 2007) ............................... 10

*Concord Boat Corp. v. Brunswick Corp.*,
  169 F.R.D. 44 (S.D.N.Y. 1996) ............................................................................... 12

*Craigville Tel. Co. v. T-Mobile USA, Inc.*,
  No. 19-cv-7190, 2022 WL 17740419 (N.D. Ill. Dec. 16, 2022) ............................... 7

*Dugan v. J. Pease, Inc.*,
  No. 07-cv-00407, 2007 WL 9815644 (N.D. Ill. May 9, 2007) ................................... 9

*Emerus Hosp. Partners, LLC v. Health Care Serv. Corp.*,
  No. 13-cv-08906, 2016 WL 11810443 (N.D. Ill. June 1, 2016) ................................ 7

*Forsythe v. Midland Funding LLC*,
  No. 18-cv-03276, 2019 WL 245459 (E.D.N.Y. Jan. 17, 2019) ............................... 10

*Georgia-Pacific Corp. v. United States Plywood Corp.*,
  318 F. Supp. 1116 (S.D.N.Y. 1970) ...................................................................... 1, 8

*Haworth, Inc. v. Herman Miller, Inc.*,
  998 F.2d 975 (Fed.Cir.1993) ................................................................................... 11

*Hernandez v. City of Corpus Christi*,
  No. 2:10-cv-00186, 2011 WL 2194254 (S.D. Tex. June 6, 2011) ........................... 10

*HTG Capital Partners, LLC v. Doe(s)*,
  No. 15-cv-02129, 2015 WL 5611333 (N.D. Ill. Sept. 22, 2015) ............................... 9

ii

*In re Broiler Chicken Antitrust Litig.*,
No. 16-cv-08637, 2022 WL 2257179 (N.D. Ill. June 23, 2022)............................................. 10

*In re Denture Cream Prod. Liab. Litig.*,
292 F.R.D. 120 (D.D.C. 2013)............................................................................................ 12

*In re: Mod. Plastics Corp.*,
890 F.3d 244 (6th Cir. 2018) ............................................................................................... 7

*Katz v. Batavia Marine & Sporting Supplies, Inc.*,
984 F.2d 422 (Fed. Cir. 1993)............................................................................................. 9

*Kirschner v. Klemons*,
No. 99-cv-04828, 2005 WL 1214330 (S.D.N.Y. May 19, 2005) ............................................ 9

*Lang v. Colonial Penn Life Ins. Co.*,
No. 21-cv-06290, 2022 WL 4465719 (N.D. Ill. Sept. 26, 2022)............................................ 10

*LG Elecs., Inc. v. Motorola, Inc.*,
No. 10-cv-03179, 2010 WL 3075755 (N.D. Ill. Aug. 5, 2010) .............................................. 11

*Little v. JB Pritzker for Governor*,
No. 18-cv-06954, 2020 WL 1939358 (N.D. Ill. Apr. 22, 2020)............................................. 10

*Lymon v. Chamberlain*,
No. 17-cv-50093, 2020 WL 6940985 (N.D. Ill. Nov. 24, 2020) ............................................ 7

*Nova Biomedical Corp. v. i-STAT Corp.*,
182 F.R.D. 419 (S.D.N.Y. 1998) ........................................................................................ 11

*Papst Licensing GmbH & Co. KG v. Apple, Inc.*,
No. 17-cv-01853, 2017 WL 1233047 (N.D. Ill. Apr. 4, 2017)............................................. 9

*Parker v. Four Seasons Hotels, Ltd.*,
291 F.R.D. 181 (N.D. Ill. 2013)........................................................................................... 7

*Robinson v. Stanley*,
No. 06-cv-05158, 2010 WL 1005736 (N.D. Ill. 2010) ........................................................ 7

*Securitas Elec. Sec., Inc. v. DeBon*,
No. 1:20-cv-05323, 2021 WL 4461284 (S.D.N.Y. Sept. 29, 2021) ...................................... 11

*Securitas Electronic Security, Inc. v. DeBon*,
No. 1:20-cv-05323 (S.D.N.Y.)............................................................................................. 9

*Thomas v. IEM, Inc.*,
No. 3:06-cv-00886, 2008 WL 695230 (M.D. La. March 12, 2008) ....................................... 10

*Tresóna Multimedia, LLC v. Legg*,
No. 15-cv-04834, 2015 WL 4911093 (N.D. Ill. Aug. 17, 2015) ........................................ 7, 11

*Uniloc USA, Inc. v. Microsoft Corp.*,
632 F.3d 1292 (Fed. Cir. 2011) ...................................................................................... 8

*Wood v. Mut. Redevelopment Houses, Inc.*,
No. 14-cv-07535, 2019 WL 6174369 (S.D.N.Y. Nov. 19, 2019) ...................................... 10

*Young v. Verizon's Bell Atl. Cash Balance Plan*,
No. 05-cv-07314, 2007 WL 4277438 (N.D. Ill. Dec. 3, 2007) .......................................... 13

*Youtoo Techs., LLC v. Twitter, Inc.*,
No. 3:16-cv-00764, 2017 WL 10126169 (N.D. Tex. Dec. 12, 2017) .................................. 13

**STATUTES**

Fed. R. Civ. P. 45(d)(1) ..................................................................................................... 7, 9

Fed. R. Civ. P. 45(d)(3)(A)(iv) .......................................................................................... 7, 12

## I.    INTRODUCTION

Kove has moved to compel third parties Amazon.com, Inc. and Amazon Technologies, Inc. to produce documents and testimony detailing each entity's required return on investments for acquisitions.[1] Kove has demanded this information over an 18-year period, from 2003 to 2020—the start of which predates the founding of the Defendant Amazon Web Services and the launch of both accused products, and the filing of the underlying lawsuit by 15 years. But none of the 15 *Georgia-Pacific* factors for calculating reasonable royalty patent damages involves the requested rate of return and hurdle rate information.[2] Thus, this isn't information that Kove and the Defendant would consider at the hypothetical negotiation for determining a reasonable royalty.

Indeed, Kove's actions in the underlying case hammer home the irrelevance of such information. Despite serving 25 interrogatories, 90 30(b)(6) deposition topics, and 237 requests for production, Kove didn't seek this type of ROI information from the Defendant.[3] And the lack of any relevance of such information from the Amazon Third Parties is even more pronounced, as such information would involve different parties (Amazon.com or ATI instead of the Defendant) and a different type of transaction (an acquisition instead of a license).

Further, Kove's motion comes after the Amazon Third Parties have produced information in response to the subpoenas that is at least potentially relevant to the issues in the underlying case and commensurate with their obligations as third parties. For instance, ATI agreed to produce

---

[1] The "ROI requests" include all Topics and RFPs in the Amazon.com, Inc. ("Amazon.com") Subpoena and Topics and RFPs 1-2, and 4 in the Amazon Technologies, Inc. ("ATI") Subpoena. Amazon.com and ATI are referred to collectively in this brief as the "Amazon Third Parties."

[2] *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

[3] Kove did belatedly serve a topic in its January 2023 8th Supplemental 30(b)(6) notice relating to ROI information. But that notice was improper, as Kove had already reached the court-imposed limit of 90 topics. *See* Dkt. 321 at 1.

documents in response to all of the non-ROI requests and testimony on all of the non-ROI deposition topics, i.e., 18 out of the 21 noticed topics in its subpoena.

Kove's motion and demands for testimony from Amazon entities that aren't parties to the underlying case comprise just the latest efforts by Kove to frustrate resolution and increase costs, thereby putting value into its case. But Rule 45 third party discovery isn't intended to facilitate such gambits. For these reasons and those detailed further below, the Amazon Third Parties ask the Court to deny Kove's motion, and quash the Amazon.com subpoena—which is wholly directed to ROI information—and the portion of the ATI subpoena seeking ROI information.[4]

## II. STATEMENT OF FACTS

In the underlying case, Kove sued Amazon Web Services in December 2018 alleging that two products out of the over 200 that Amazon Web Services offers, S3 and DynamoDB, infringe Kove's patents. The parties agreed that, after July 28, 2021, neither party could issue additional discovery that requires a response within 30 days, such as requests for production.[5] The parties also agreed that the number of 30(b)(6) topics would be limited to 90—a total which Kove reached shortly thereafter.[6]

Three months after this deadline passed, on October 27, 2021, Kove served Amazon.com and ATI with the subpoenas at issue here. Amazon.com is retail company founded in July 1994, which formed Defendant Amazon Web Services, Inc. in March 2006.[7] ATI is an Amazon entity

---

[4] For clarity, this includes Amazon.com subpoena Topics and RFPs 1-5 and ATI subpoena Topics and RFPs 1, 2, and 4.

[5] Dkt. 358 at 1; Dkt. 447 at ¶ 8 ("[T]he Parties recognize that the deadline to serve written discovery requests requiring a response within 30 days under the FRCP was July 28, 2021, and the present agreed-to extension of the Close of Initial Fact Discovery does not extend, revive, or otherwise impact that past deadline.").

[6] Dkt. 321 at 1. Kove served its 90th topic on August 2, 2021.

[7] The Defendant is a direct, wholly owned subsidiary of Amazon.com. Dkt. 35 at 1.

that invests in research and development, as well as intellectual property protection. Kove's subpoenas sought testimony and documents regarding the Amazon Third Parties' investment practices, such as their expected return on investment and hurdle rates (i.e., the rate of return required on an acquisition).[8] Notably, Kove didn't seek this type of information from the Defendant in its original 90 30(b)(6) topics. The ATI subpoena also sought information on ATI's patent licensing and prosecution practices and ATI's relationship with the Defendant.[9]

The Amazon Third Parties provided written objections to the subpoenas on November 16, 2021, before the subpoenas' date of compliance.[10] The Amazon Third Parties objected to the subpoenas' topics and RFPs as irrelevant, duplicative, and unduly burdensome.[11] To avoid unnecessarily consuming Amazon and taxpayer resources, the Amazon Third Parties didn't immediately move to quash (although they reserved the right to do so). Instead, they chose to try to negotiate with Kove for a proper scope for the topics and requests.[12]

Kove and the Amazon Third Parties then met and conferred regarding the objections in January 2022.[13] Negotiations continued until the underlying case was stayed a short time later. After the stay was lifted eight months later,[14] Kove and the Amazon Third Parties restarted

---

[8] *See* Dkt. 609-2, Ex. A to Kove's Motion to Enforce (Attachment A) at 3 (Topics 1-5); Dkt. 609-3, Ex. B to Kove's Motion to Enforce (Attachment A) at 4 (Topics 1, 2, and 4).

[9] Dkt. 609-3, Ex. B to Kove's Motion to Enforce (Topics and RFPs 6-21).

[10] Exs. 1-2, November 16, 2021 objection letters from L. Phillips to K. Hoang.

[11] The Amazon Third Parties made additional objections not discussed herein.

[12] The Amazon Third Parties both "reserve[d] the right to seek to quash or limit the Subpoena[s] if necessary." Ex. 1, November 16, 2021 objection letters from L. Phillips to K. Hoang.

[13] The Amazon Third Parties and Kove exchanged further correspondence negotiating the scope of the subpoenas before the January 7, 2021 meet and confer. *See, e.g.*, Ex. 3, December 2, 2021 letter from P. Eklem to L. Phillips; Ex. 4, December 14, 2021 letter from L. Phillips to P. Eklem; Ex. 5, December 24, 2021 letter from P. Eklem to L. Phillips.

[14] The stay lasted 243 days. Dkt. 534.

negotiations on December 6, 2022, when Kove responded to the Amazon Third Parties' March 7, 2022 letter.[15] In total, the Amazon Third Parties have met and conferred with Kove eight times and exchanged 21 letters negotiating the subpoenas' scope, all in an effort to reach an amicable resolution on these issues and avoid burdening the court with motions practice.[16]

Through those negotiations, ATI agreed to provide testimony and documents on 18 of the 21 topics and RFPs 3 and 5-21, as narrowed through the parties' correspondence.[17] For example, for Topics 3 and 5, and their corresponding RFPs, ATI ████████████████████████████ ████████████████████ Through its search, ████████████████████████████ ████████████████████████. Because Kove has repeatedly stated that it isn't seeking the production of duplicative documents or information in response to the subpoenas, the Amazon Third Parties' productions don't include documents previously produced by the Defendant, such as file histories of the patents Kove had identified.[18]

In response to its subpoena, Amazon.com ████████████████████████████ ████████████████.[19] Then, in January 2023, Kove demanded that Amazon.com search for acquisition reports and email communications discussing acquisitions of companies whose

---

[15] Kove responded to the Amazon Third Parties' letter, Dkt. 609-5, Ex. D to Kove's Motion to Enforce, on December 6, 2022, Ex. 6, December 6, 2022 letter from P. Eklem to L. Phillips.

[16] Before the stay, the Amazon Third Parties and Kove met and conferred on January 9, 2021. After the stay, in 2023, they met and conferred on February 3, 16, 27, and 28, and on March 24, 30, and 31.

[17] *See, e.g.*, Dkt. 609-16, Ex. O to Kove's Motion to Enforce, at 1.

[18] For example, ATI produced 295 pages of file history for U.S. Patent Application No. 13/042,301 in its response to RFP 18. But it didn't produce the 2,668 pages of file histories that the Defendant had already produced. *See* Ex. 7, February 9, 2023 letter from L. Phillips to N. Bayar, at 2 ████████████████ ████████████████████████████████).

[19] The Defendant produced these documents on February 11, 2022 with Amazon.com marked as the custodian. Amazon.com informed Kove of these documents before their production and consistently reminded Kove that its search was ongoing.

technology was incorporated into any of the Defendant's products since its formation in 2006.[20] These reports detail Amazon.com's acquisition of other companies. As Amazon.com reminded Kove at the time, ███████████████████████████████████████████ and Local Patent ESI Rule 2.6(a) forbade Kove's request for related email communications.[21] Nonetheless, counsel for the Amazon Third Parties stated that ████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████████████[23]

And the review of an exemplary public version of an acquisition report that Kove provided and Kove's acquisition list reinforced the irrelevance of such reports. The exemplary report ███████ ████████████████████████████████████████████████████████████ ████████ i.e., technology wholly unrelated to the two accused cloud computing products.[24] And many of the acquired companies on Kove's list also appeared to have nothing to do with any subject matter at issue in the underlying case—including, for instance, ██████████████████

---

[20] Dkt. 609-8, Ex. G to Kove's Motion to Enforce, at 2-3.

[21] *Id.* at 3; *see also* Ex. 7, February 9, 2023 letter from L. Phillips to N. Bayar, at 4 (████████████ ███████████████████████████████████████████ ).

[22] Dkt. 609-10, Ex. I to Kove's Motion to Enforce, at 2.

[23] Kove's motion's attempt to magnify this erroneous statement and suggest bad intent is misplaced. The statement Kove points to is one line of text within 34 letters that undersigned counsel has exchanged with Kove about discovery in just the past three months. *See* Dkt. 609-16, Ex. O to Kove's Motion to Enforce, at 2 ("████████████████████████████████████████████████████████████").

[24] Dkt. 609-8, Ex. G to Kove's Motion to Enforce, at 2, 5-18; Ex. 8, January 13, 2023 letter from L. Phillips to P. Eklem, at 3.



.

And, for the ROI deposition topics, both Amazon Third Parties offered to

.[25] Kove rejected that offer.[26] Then, after the Amazon Third Parties

informed Kove of their intention to move to quash the subpoenas' ROI topics, Kove attempted to

accept a portion of the previously refused offer.[27] In a further attempt to resolve the issue, the

Amazon Third Parties

[28] Kove didn't respond to this offer and filed the instant motion on March 30, 2023.[29]

## III.    LEGAL STANDARD

When issuing third-party subpoenas, Rule 45(d)(1) requires the serving party to "take

reasonable steps to avoid imposing undue burden or expense on a person subject to the

subpoena."[30] If the serving party fails do so, the Court is charged with enforcing this duty.[31] Rule

---

[25] Dkt. 609-15, Ex. N to Kove's Motion to Enforce.

[26] Dkt. 609-11, Ex. J to Kove's Motion to Enforce, at 1-2 (refusing the Amazon Third Parties' offer on March 9).

[27] Kove's counteroffer didn't cover all of the remaining ROI topics. Dkt. 609-14, Ex. M to Kove's Motion to Enforce, at 1-2 (attempting to accept a portion of the Amazon Third-Parties' previously rejected offer on March 28).

[28] Dkt. 609-16, Ex. O to Kove's Motion to Enforce, at 2 (                                                     ).

[29] The Amazon Third Parties note that Kove filed this motion as part of the underlying case, to which they are not parties, even though they are represented by the same counsel as the Defendant.

[30] Fed. R. Civ. P. 45(d)(1); *see also Emerus Hosp. Partners, LLC v. Health Care Serv. Corp.*, No. 13-cv-08906, 2016 WL 11810443, at *4 (N.D. Ill. June 1, 2016) ("[T]he federal rules place an enhanced duty on protecting a nonparty—who is providing involuntary assistance to the parties—from undue burden and expense.") (citing Fed. R. Civ. P. 45(d)(1), advisory committee notes (1991)).

[31] Fed. R. Civ. P. 45(d)(1) ("The court for the district where compliance is required must enforce this duty and impose an appropriate sanction…on a party or attorney who fails to comply.").

45(d)(3)(A)(iv) also allows courts, on timely motion, to quash or modify any subpoena that subjects a person to an undue burden.[32] And courts in this district have explained "[n]on-party status 'is a significant factor to be considered,'"[33] since a non-party "cannot be called to answer discovery in the same way a party would."[34]

## IV.   ARGUMENT

### A.   The ROI Requests Seek Irrelevant Information and Are Unduly Burdensome.

The subpoenas' ROI requests should be quashed, as none seek information relevant to the claims or defenses in the case.[35] These requests seek information on non-parties' return on investment and hurdle rates over 18 years, from 2003 to 2020. The start of that period predates the founding of the Defendant and the launch of S3 by three years, the launch of DynamoDB by nine years, and Kove's filing of the lawsuit by 15 years.[36] Such information is irrelevant, and doubly so when it's from a third party. As noted, return on investment and hurdle rate information for acquisitions doesn't fall within any of the fifteen *Georgia-Pacific* factors that the parties—i.e., Kove and Amazon Web Services—would consider at the hypothetical negotiation of a license.[37]

---

[32] Fed. R. Civ. P. 45(d)(3)(A)(iv). Courts may also quash unduly burdensome subpoenas *sua sponte*. *See Lymon v. Chamberlain*, No. 17-cv-50093, 2020 WL 6940985, at *3 (N.D. Ill. Nov. 24, 2020).

[33] *Tresóna Multimedia, LLC v. Legg*, No. 15-cv-04834, 2015 WL 4911093, at *2 (N.D. Ill. Aug. 17, 2015) (quoting *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 188 (N.D. Ill. 2013).

[34] *Craigville Tel. Co. v. T-Mobile USA, Inc.*, No. 19-cv-7190, 2022 WL 17740419, at *3 (N.D. Ill. Dec. 16, 2022) (citing *Robinson v. Stanley*, No. 06-cv-05158, 2010 WL 1005736, at *3 (N.D. Ill. 2010)).

[35] Fed. R. Civ. P. 26(b)(1).

[36] As such, the subpoenas are also temporally overbroad. *See, e.g.*, *In re: Mod. Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018) (affirming effective sanctions on party that misused the subpoena power by "seeking numerous categories of documents spanning [a] nine-year period" from "several non-party recipients"); *Builders Ass'n of Greater Chicago v. City of Chicago*, No. 96-cv-01122, 2001 WL 1002480, at *2 (N.D. Ill. Aug. 30, 2001) (quashing subpoenas covering twenty-three years).

[37] *Georgia-Pacific*, 318 F. Supp., at 1120.

And as such information isn't relevant for a party to the underlying case, it can't be relevant for non-parties such as the Amazon Third Parties.

Indeed, Kove's motion states only generally that this acquisition-related information would be relevant to what the Defendant would accept at the hypothetical negotiation. But Kove hasn't provided any basis or case law demonstrating how acquisitions involving non-parties would affect the hypothetical negotiation. The cases Kove cites are inapposite and highlight the relevance of financial data about licensing, not acquisitions.[38] For instance, in *Astrazeneca AB v. Apotex Corp.*, the district court explained that a patent holder negotiating a license would consider whether a royalty "is sufficient in light of the potential impacts of the license," its "expected return on investment" on the license, and "the license's overall alignment with corporate strategy."[39] And in *Uniloc USA, Inc. v. Microsoft Corp.*, the Federal Circuit explained that the portion of profit that the licensees customarily paid as a royalty in a license would also be relevant to the hypothetical negotiation.[40]

Those cases align with the information that ATI has agreed to provide.[41] Specifically, since ATI ███████████████████████████████████████████████████████████████ ████████████████████████████████. But the remaining ATI topics seek ROI information about either Amazon.com (Topic 1) or the formation of or investment into ATI itself (Topics 2 and 4) over an 18-year period. None of those topics relate to licensing.

---

[38] Dkt. 609 at 9.

[39] *Astrazeneca AB v. Apotex Corp.*, 985 F. Supp. 2d 452, 475 (S.D.N.Y. 2013), *aff'd in part, rev'd in part*, 782 F.3d 1324 (Fed. Cir. 2015).

[40] *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1317 (Fed. Cir. 2011).

[41] No documents were located that include this information, but ATI has agreed to designate a witness on those topics.

Kove's insistence on the full scope of the ROI topics also violates Rule 45's obligation to avoid imposing undue burden or expense on third parties.[42] That the ROI topics seek irrelevant information in itself imposes an undue burden. As a court in this district previously explained, "the question of 'undue burden' hinges on the relevance of the documents, not on the logistical difficulties of production."[43] Hence, a subpoena seeking irrelevant subject matter should be quashed even where the burden of compliance would not be onerous or the subpoenaed party had previously agreed to provide responsive testimony.[44] For example, in *Katz v. Batavia Marine & Sporting Supplies, Inc.*, the subpoenaed party agreed to provide responsive testimony but, because the subpoena was overbroad and covered irrelevant information, the Federal Circuit affirmed a decision quashing it.[45] Similarly here, the ROI requests in Kove's subpoena to the Amazon Third Parties are overbroad, seeking irrelevant information over an 18-year period, and the Court should quash them.

**B. Kove Has Used the Subpoenas to Avoid Discovery Limits.**

---

[42] Fed. R. Civ. P. 45(d)(1); *see also HTG Capital Partners, LLC v. Doe(s)*, No. 15-cv-02129, 2015 WL 5611333, at *3 (N.D. Ill. Sept. 22, 2015) ("[N]on-party status is a factor in weighing the burden of compliance against the benefit of production. Non-parties are afforded this consideration because they have a different set of expectations than parties. While parties to a lawsuit must accept the invasive nature of discovery, non-parties experience an 'unwanted burden.'") (internal citations and quotation marks omitted); *Papst Licensing GmbH & Co. KG v. Apple, Inc.*, No. 17-cv-01853, 2017 WL 1233047, at *3 (N.D. Ill. Apr. 4, 2017) (explaining that other factors in determining whether a subpoena poses an undue burden include "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.").

[43] *Dugan v. J. Pease, Inc.*, No. 07-cv-00407, 2007 WL 9815644, at *2 n.3 (N.D. Ill. May 9, 2007); *see also Securitas Elec. Sec., Inc. v. DeBon*, No. 1:20-cv-05323 (S.D.N.Y.) Memorandum and Order (D.I. 61), at 9 (finding a subpoena to be unduly burdensome when it seeks irrelevant information).

[44] *Kirschner v. Klemons*, No. 99-cv-04828, 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005); *see also Dugan*, 2007 WL 9815644, at *2 n.3 ("[T]he question of 'undue burden' hinges on the relevance of the documents, not on the logistical difficulties of production.").

[45] *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424-25 (Fed. Cir. 1993).

This Court should also quash the subpoenas' ROI requests because Kove has used third-party discovery to avoid the discovery limitations that the Court has imposed. As many district courts have stated, third party subpoenas aren't "meant to provide an end-run around the regular discovery process under Rules 26 and 34."[46] And here, Kove had the opportunity to seek the requested information from the Defendant. But Kove already used its allotment of 90 deposition topics and allowed the August 2021 deadline for serving production requests to pass without asking the Defendant for the information. Thus, Kove shouldn't be permitted to seek that discovery from non-parties now.

And Kove must show that it first sought this information from the Defendant before it can move to compel it from non-parties, like the Amazon Third Parties.[47] Courts routinely deny motions to compel against third parties when this prerequisite isn't met.[48] For example, in *LG Electronics v. Motorola*, a court in this jurisdiction denied the defendants' motion to compel production of emails from a third party after the defendants had failed to request them during party

---

[46] *Forsythe v. Midland Funding LLC*, No. 18-cv-03276, 2019 WL 245459, at *2 (E.D.N.Y. Jan. 17, 2019) (quoting *Burns v. Bank of Am.*, No. 03-cv-01685, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007)); *see also Wood v. Mut. Redevelopment Houses, Inc.*, No. 14-cv-07535, 2019 WL 6174369, at *9 (S.D.N.Y. Nov. 19, 2019) (noting that Rule 45 subpoenas shouldn't be used as a means of engaging in discovery after a discovery deadline has passed); *Hernandez v. City of Corpus Christi*, No. 2:10-cv-00186, 2011 WL 2194254, at *1 (S.D. Tex. June 6, 2011) (similar); *Thomas v. IEM, Inc.*, No. 3:06-cv-00886, 2008 WL 695230, at *2 (M.D. La. March 12, 2008) (similar) (quoting *Burns*, 2007 WL 1589437, at *14); *In re Broiler Chicken Antitrust Litig.*, No. 16-cv-08637, 2022 WL 2257179, at *4 (N.D. Ill. June 23, 2022) (warning litigants not to use related proceedings to evade discovery orders).

[47] *See Little v. JB Pritzker for Governor*, No. 18-cv-06954, 2020 WL 1939358, at *7 (N.D. Ill. Apr. 22, 2020) ("Before seeking discovery from a non-party…, a litigant must first attempt to obtain the discovery from another party in the lawsuit if it appears that the party would have the information that the litigant seeks. If the litigant fails to obtain the information from the other party, the litigant must provide a reasonable explanation for why it was unable to do so.").

[48] *See, e.g., id.* (denying motion to compel non-party to produce documents where defendant produced "only one email thread" in response to a similar request, but plaintiff didn't claim defendant was unable to produce additional documents nor move to compel them); *Lang v. Colonial Penn Life Ins. Co.*, No. 21-cv-06290, 2022 WL 4465719, at *8 (N.D. Ill. Sept. 26, 2022) (ordering the plaintiff to "first attempt to retrieve" responsive documents, to the extent any were relevant, from the defendant before seeking them from a third party).

discovery.[49] So, even if the subpoenas sought relevant information, Kove was obligated to first seek it from the Defendant. Kove failed to do so, and thus the subpoenas' ROI requests should be quashed as duplicative or cumulative.[50]

### C. The Amazon Third Parties' Motion to Quash is Timely.

Rule 45 provides that upon a subpoenaed third party's timely motion, a subpoena that poses an undue burden should be quashed.[51] Although Rule 45 doesn't define "timely," courts have found that timeliness can extend past a subpoena's stated date of compliance.[52] For example, courts have granted motions to quash filed nine months after the subpoena's service, despite the fact that the subpoenaed entity never asserted objections.[53] And courts consider even untimely motions when unusual circumstances exist.[54] Unusual circumstances have been found where: "(1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; ... (2) the subpoenaed witness is a nonparty acting in good faith; ... and (3) counsel for witness and counsel for subpoenaing party were in contact concerning the witness' compliance prior to the time the

---

[49] *LG Elecs., Inc. v. Motorola, Inc.*, No. 10-cv-03179, 2010 WL 3075755, at *6 (N.D. Ill. Aug. 5, 2010) (citing *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed.Cir.1993) (requiring the plaintiff to 'seek discovery from its party opponent before burdening the nonparty' with discovery requests)).

[50] *Tresóna*, 2015 WL 4911093, at *3 (citing Fed. R. Civ. P. 26(b)(2)).

[51] Fed. R. Civ. P. 45(d)(3)(A)(iv).

[52] In the 1991 amendments to the Federal Rules, "timely" replaced "promptly and in any event at or before the time specified in the subpoena for compliance therewith." Thus, under the amendments, "it is reasonable to assume…that the subpoenaed party has at least as much time to move to quash as it previously did." *Nova Biomedical Corp. v. i-STAT Corp.*, 182 F.R.D. 419, 422 (S.D.N.Y. 1998).

[53] One example is *Securitas v. DeBon*, in which the Plaintiff DeBon served third-party JMC a subpoena dated December 9, 2020. JMC and DeBon negotiated the subpoenas and, at one point, agreed to limit the subpoenas' temporal scope. On September 10, 2021, JMC filed a motion to quash, which the Court granted on September 29, 2021. *Securitas Elec. Sec., Inc. v. DeBon*, No. 20-cv-05323, 2021 WL 4461284 (S.D.N.Y. Sept. 29, 2021).

[54] *Amerimax Real Est. Partners, Inc. v. Re/Max Int'l, Inc.*, No. 06-cv-06574, 2008 WL 4498947, at *2 (N.D. Ill. Aug. 5, 2008) ("[A] court may generally excuse untimely objections in unusual circumstances and for good cause.").

witness challenged [the] legal basis for the subpoena."[55] And only one of these circumstances need exist for a court to consider untimely objections.[56]

Here, the Amazon Third Parties timely served their formal objections to the subpoenas. Following those objections, the Amazon Third Parties and Kove have spent approximately seven months actively negotiating the subpoenas.[57] In that time, the Amazon Third Parties have made numerous concessions and offers of compromise to try to avoid burdening the court. For example, ATI agreed to designate a witness and search for documents on 18 of 21 topics and RFPs. But after Kove demanded that Amazon.com and ATI schedule depositions on the full scope of certain noticed topics, despite the preceding discussions,[58] and informed the Amazon Third Parties of their intention to move to compel,[59] the Amazon Third Parties informed Kove that they would move to quash the remaining deposition topics under Rule 45(d)(3)(A)(4),[60] which they've done here.

Accordingly, the motion to quash is timely, contrary to Kove's arguments. And, even if it were untimely, all three of the "unusual circumstances" outlined above are present, thus warranting the court's consideration of the motion.

---

[55] *Alexander v. F.B.I.*, 186 F.R.D. 21, 34 (D.D.C. 1998) (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996)); *see also In re Denture Cream Prod. Liab. Litig.*, 292 F.R.D. 120, 124 (D.D.C. 2013) (considering the non-party Sarfez Entities' untimely objections because they contacted plaintiff regarding the legal basis of their objections before plaintiff moved to compel).

[56] *BNSF Ry. Co. v. Alere, Inc.*, No. 3:18-cv-00291, 2018 WL 2267144, at *8 (S.D. Cal. May 17, 2018).

[57] Negotiations began when the Amazon Third Parties sent Kove their objections on November 16, 2021. Negotiations were paused from when the case was stayed on March 8, 2022 until Kove responded to the Amazon Third Parties' pre-stay letter on December 6, 2022. Negotiations effectively ended when Kove demanded compliance in its March 9, 2023 letter. In total, negotiations lasted under seven months.

[58] Dkt. 609-11, Ex. J to Kove's Motion to Enforce, at 1-2. *See also* Dkt. 609-12, Ex. K to Kove's Motion to Enforce, at 2 ("Kove's intention to 'proceed with questioning regarding all listed topics' is unreasonable. As they have since first responding and objecting to the scope of the subpoenas, Amazon.com and ATI reserve their rights to seek to quash or otherwise limit them.").

[59] Dkt. 609-13, Ex. L to Kove's Motion to Enforce.

[60] *Id.*

### D.  ATI Has Complied with All Non-ROI Requests.

ATI produced all documents within the negotiated scope of the non-ROI requests that it could identify after a reasonable search, and agreed to provide corresponding testimony.[61] ATI's production didn't include documents already in the Defendant's possession, custody, or control because, as Kove explained early in negotiations, its "████████████████████████████████ ███████████████████."[62] For example, ████████████████████████████████████ ███████████████████████████████████████████."[63] And ATI didn't produce publicly available file histories already produced in the underlying case.[64] ████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████

ATI can't produce additional responsive documents because it hasn't found any. And, of course, as the case law recognizes, no one can "produce what they do not have."[65] Thus, as ATI has already "complete[d] its on-going search efforts and produce[d] the responsive documents in its possession,"[66] the Court should deny Kove's motion regarding the non-ROI requests.

---

[61] "Non-ROI requests" include all Topics and RFPs not included in footnote 1's definition of "ROI requests" (i.e., ATI Topics and RFPs 3 and 5-21).

[62] Ex. 9, January 10, 2022 letter from P. Eklem to L. Phillips and J. Saltman, at 2. *See also id.* ("██ ████████████████████████████████████████████████████████████████████ ███████████████████████████████"); Ex. 7, February 9, 2023 letter from L. Phillips to N. Bayar, at 2 ("██ ████████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ██").

[63] Dkt. 609 at 6 (referencing RFPs 10 and 11).

[64] *See also* Ex. 7, February 9, 2023 letter from L. Phillips to N. Bayar, at 2 n.7.

[65] *Young v. Verizon's Bell Atl. Cash Balance Plan*, No. 05-cv-07314, 2007 WL 4277438, at *5 (N.D. Ill. Dec. 3, 2007); *see also Youtoo Techs., LLC v. Twitter, Inc.*, No. 3:16-cv-00764, 2017 WL 10126169, at *5 (N.D. Tex. Dec. 12, 2017) (holding that "mere speculation that additional responsive documents exist….is an insufficient basis for compelling discovery").

[66] Dkt. 609 at 6.

## V.     CONCLUSION

Kove has demanded that the Amazon Third Parties provide discovery on information that would be irrelevant even if sought from the Defendant. Indeed, as shown, information on rates of return for acquisitions isn't relevant to any of the factors for determining a license at the hypothetical negotiation. And ATI has fully responded to its subpoena's non-ROI requests. Thus, and for all the reasons detailed above, the Amazon Third Parties respectfully request that the Court deny Kove's motion and grant their motion to quash the subpoenas' ROI requests.

Dated: April 7, 2023                    Respectfully submitted,

                                        */s/ R. William Sigler*
                                        _____
                                        Alan M. Fisch
                                        *alan.fisch@fischllp.com*
                                        R. William Sigler
                                        *bill.sigler@fischllp.com*
                                        Jeffrey M. Saltman (*pro hac vice*)
                                        *jeffrey.saltman@fischllp.com*
                                        Lisa Phillips (*pro hac vice*)
                                        *lisa.phillips@fischllp.com*
                                        FISCH SIGLER LLP
                                        5301 Wisconsin Avenue NW
                                        Suite 400
                                        Washington, DC 20015
                                        202.362.3500

                                        *Attorneys for Third-Parties Amazon.com, Inc.*
                                        *and Amazon Technologies, Inc.*

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois, via the CM/ECF system, which will serve a copy on all counsel of record.

*/s/ R. William Sigler*
R. William Sigler
