# Exhibit 1

# FISCH SIGLER LLP

5301 Wisconsin Avenue NW | Fourth Floor | Washington, DC 20015 USA

November 16, 2021

**Lisa Phillips**
*Attorney*
Lisa.Phillips@FischLLP.com
Direct: +1.202.362.3521
Main: +1.202.362.3500

<u>**VIA EMAIL**</u>

Khue Hoang
Reichman Jorgensen LLP
750 Third Avenue, Suite 2400
New York, NY 10017
khoang@reichmanjorgensen.com

      Re:    *Kove IO, Inc. v. Amazon Web Services, Inc.*,
                Case No. 18-cv-8175 (N.D. Ill.)

Dear Khue:

      I write in response to Kove's Rule 45 subpoena for testimony and documents to Amazon.com, Inc. ("Amazon"), dated October 27, 2021 ("Subpoena"). Below are Amazon's objections and responses to the topics for testimony and categories of documents requested.[1]

      This is Kove's second Rule 45 subpoena to Amazon.[2] Repeated subpoenas to the same non-party that cover overlapping topics are disfavored.[3] And preparing witnesses and producing documents responsive to the full scope of the recently served topics and requests would be unduly burdensome and not proportional to the needs of this case.[4] Amazon isn't a party to this Litigation

---

[1] Amazon's general objections to the Subpoena's scope, definitions, and instructions are incorporated into each of the specific topic and request responses below, whether or not they're repeated in the response.

[2] Kove's first Rule 45 Subpoena to Amazon was dated June 7, 2021. Amazon provided its objections by letter on June 21, 2021, and produced responsive, non-privileged documents within its possession, custody, or control to the extent they weren't already produced by Amazon Web Services, Inc. ("AWS").

[3] *Tresóna Multimedia, LLC v. Legg*, No. 15 C 4834, 2015 WL 4911093, at *5 (N.D. Ill. Aug. 15, 2015) (quashing subpoena as duplicative of other discovery requests, overbroad, and irrelevant).

[4] Many of the Subpoena requests seek either testimony or documents over an 18-year time period or have unlimited temporal scope. Any relevance of testimony or documents going that far back in time doesn't outweigh the burden on Amazon as a non-party to collect, review, and produce them. *See id*. (explaining that "status as a non-party, the relevance of the discovery sought, the subpoenaing party's need for the documents, the breadth of the request and the burden imposed on

(continued...)

FISCH SIGLER LLP

- 2 -

and that status is a "significant factor to be considered" in determining whether a subpoena's burden is undue.[5] Kove's Subpoena seeks documents it could have requested in its first subpoena to Amazon, and in some cases, is duplicative of the first set of subpoena requests. ATI also objects to the time and place for deposition and production of documents. To the extent any document production or deposition occurs, it will be at a mutually agreeable time and location.

Additionally, it's Amazon's understanding that Kove has served similar requests on AWS, and that AWS has already offered witnesses or searched for and produced responsive, non-privileged documents in response to those requests. Thus, it's improper for Kove to seek duplicative or cumulative testimony and production from Amazon.[6]

In addition to these general objections, Amazon also objects to the definitions of several terms as follows:

- "Plaintiff" or "Kove" as unduly burdensome, calling for legal conclusions, and vague, as it requires Amazon (a third party to the litigation) to identity Kove IO, Inc.'s corporate parents, subsidiaries, divisions, or departments, and any of its present or former officers, directors, employees, representatives, or any others acting on its behalf.

- "Amazon," "You," or "Your" as overbroad, unduly burdensome, and not proportional to the needs of the case. In these responses, Amazon has interpreted the terms "Amazon," "You," or "Your" as Amazon.com, Inc., the subpoenaed entity.

- "Document" or "documents" as overbroad, unduly burdensome, and not proportional to the needs of the case. Further, the definitions of these terms conflict with LPR ESI

---

the subpoenaed party" are balanced to determine whether compliance causes an undue burden). This is especially so since it's Amazon's understanding that Kove has served similar deposition topics and requests for production on AWS. And AWS has designated witnesses and has searched for (and produced) responsive, non-privileged documents. Indeed, it's Amazon's understanding that several Fed. R. Civ. P. 30(b)(6) depositions of AWS have already been completed and the corresponding topics closed. Likewise, none of the Subpoena's testimony topics or document requests include any geographical limitation. Information relating to Amazon's activity outside of the United States isn't relevant.

[5] *Little v. JB Pritzker for Governor,* No. 18 C 6954, 2020 WL 1939358, at *2 (N.D. Ill. Apr. 22, 2020); *accord Rossman v. EN Eng'g, LLC,* 467 F. Supp. 3d 586, 590 (N.D. Ill. 2020) ("Non-parties are afforded this special consideration, because [they] have a different set of expectations than parties.") (internal quotation omitted).

[6] *Little*, 2020 WL 1939358, at *7 ("Parties and non-parties are not on the same footing during discovery... Accordingly, a non-party subpoena seeking information that is readily available from a party through discovery may be quashed as duplicative or cumulative.") (internal quotation omitted); *Rossman*, 467 F. Supp. 3d at 590 (same).

FISCH SIGLER LLP

- 3 -

2.6(a), since they encompass the production of emails and other forms of electronic correspondence that, as a third party, Amazon isn't required to search for or produce.

Amazon also objects to any instruction seeking more information than that required to allow Kove to assess any claim of privilege or protection from discovery under Fed. R. Civ. P. 26(b)(5) and/or Fed. R. Civ. P. 45(e)(2)(A)(ii). Amazon's specific objections and responses are provided below.

**Amazon's Responses to the Deposition Topics**

Deposition Topic No. 1 seeks testimony on "Your target return on investment (or equivalent metric) and investment hurdle rate (or equivalent metric) between 2003 and 2020." Amazon objects to the undefined terms "target return on investment," "equivalent metric," and "investment hurdle rate" as ambiguous, since they could have multiple applicable definitions. Amazon also objects to this Topic as vague, in that it doesn't specify what investment it's directed to. Thus, the Topic, as written, isn't relevant to any issues in the case or proportional to the needs of the case. Amazon further objects to this Topic because it's unclear how information over an 18-year period is relevant or proportional to the needs of the case. Any marginal relevance of information going back that far in time doesn't outweigh the burden on Amazon, as a non-party, to prepare a witness to testify on this Topic's expansive temporal scope.[7] Because this Topic is duplicative, irrelevant, not proportional to the needs of the case, and unduly burdensome as written, Amazon is willing to meet and confer regarding the Topic.[8]

Deposition Topic No. 2 seeks testimony on "[t]he target or projected return on investment (or equivalent metric) and investment hurdle rate (or equivalent metric) for forming AWS." Amazon objects to the undefined terms "target or projected return on investment," "equivalent metric," and "investment hurdle rate" as ambiguous, since they could have multiple applicable definitions. Further, Amazon objects to the extent that this Topic seeks information about AWS as a whole, and its full scope isn't relevant to the claims or defenses. Indeed, the Topic isn't limited to the two accused services in the case, S3 and DynamoDB. Additionally, Amazon understands that Kove has served similar Fed. R. Civ. P. 30(b)(6) deposition Topics on AWS, including Kove's Topic No. 33, which seeks testimony about the founding of AWS.[9] It isn't appropriate to seek

---

[7] *See*, *e.g.*, *Bonutti v. Lehman Bros.,* No. 05 C 4409, 2005 WL 2848441 (N.D. Ill. Oct. 27, 2005) (modifying scope of document subpoena's timeframe from fourteen years to two).

[8] *See*, *e.g.* , *Koch v. Greenburg*, No. 07 Civ. 9600 (BSJ)(DF), 2009 WL 2143634, at *3 (S.D.N.Y. July 14, 2009) (quashing subpoena request encompassed by another request).

[9] Kove IO, Inc.'s Notice of Deposition of AWS, served on December 10, 2019, at 13.

duplicative testimony from a non-party,[10] especially when AWS has agreed to provide a witness to testify on that topic. Because this Topic is vague, ambiguous, not relevant or proportional to the needs of the case as written, and duplicative of corporate testimony Kove has already sought from AWS, Amazon is willing to meet and confer regarding the Topic.

Deposition Topic No. 3 seeks testimony on "[t]he target or projected return on investment (or equivalent metric) and investment hurdle rate (or equivalent metric) for developing any AWS product or service, including the Accused Products." Amazon objects to the undefined terms "target or projected return on investment," "equivalent metric," and "investment hurdle rate" as ambiguous, since they could have multiple applicable definitions. Further, Amazon objects to this Topic because the full scope, specifically as to "any AWS product or service," is overboard and doesn't identify what information Kove seeks with reasonable particularity. Given this Topic's breadth, covering any AWS product or service, there's no way Amazon would be able to prepare a witness to testify on its full scope. Further, Amazon objects to the full scope of this Topic because information regarding all AWS products or services isn't relevant and isn't proportional to the needs of the case. Amazon also objects to this Topic as overly broad and unduly burdensome because it doesn't include a temporal scope. Amazon objects to providing information after 2006, as that information should be sought from AWS. Because this Topic is ambiguous, irrelevant, and isn't proportional to the needs of the case, Amazon is willing to meet and confer regarding the Topic.

Deposition Topic No. 4 seeks testimony on "[t]he actual return on investment (or equivalent metric) between 2003 and 2020 for the investment into AWS." Amazon objects to the undefined terms "actual return on investment," "equivalent metric," and "investment into AWS" as ambiguous, since they could have multiple applicable definitions. Further, Amazon objects to the phrases "the investment into AWS," as it doesn't identify what information Kove seeks with reasonable particularity, and thus Amazon can't properly prepare a witness. Indeed, AWS is a subsidiary of Amazon, so it's unclear how to determine Amazon's "investment into AWS." Amazon also objects to the 18-year scope of this Topic as irrelevant and not proportional to the needs of the case. For the purposes of providing its objections with respect to this Topic, Amazon interprets "the investment into AWS" to mean the amount of money Amazon initially spent on AWS. Amazon further objects to this Topic to the extent that it seeks information related to AWS as a whole, as that full scope isn't relevant to the claims or defenses in the case. Because this Topic is ambiguous, irrelevant, and not proportional to the needs of the case, Amazon is willing to meet and confer regarding the Topic.

---

[10] *See*, *e.g.*, *Burns v. Bank of Am.*, No. 03 CIV. 1685 RMB JCF, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) (granting motion to quash where subpoena was duplicative of discovery requests served on defendant); *Lemoine v. Mossberg Corp.*, 3:18-CV-01270 (KAD), 2020 WL 3316119, *1 (D. Conn. 2020) ("If the Plaintiffs believed that the Defendants responses to its discovery requests were deficient in any regard, then the appropriate course would have been to file a motion to compel, not to serve a subpoena.").

FISCH SIGLER LLP

- 5 -

Deposition Topic No. 5 seeks testimony on "[t]he actual return on investment (or equivalent metric) between 2003 and 2020 for the Accused Products." Amazon objects to the undefined terms "actual return on investment" and "equivalent metric" as ambiguous, since they could have multiple applicable definitions. Amazon objects to the temporal scope of this Topic to the extent it includes an 18-year period. Further, there could be no return on investment prior to the launch of either of the accused services. And Amazon objects because testimony on this Topic should have been sought from AWS during the discovery period. Because this Topic is duplicative, irrelevant, not proportional to the needs of the case, and unduly burdensome as written, Amazon is willing to meet and confer regarding the Topic.

**Amazon's Responses to the Requests for Production**

Request for Production No. 1 seeks "[d]ocuments sufficient to show Your target return on investment (or equivalent metric) and investment hurdle rate (or equivalent metric) between 2003 and 2020." Amazon objects to the undefined terms "target return on investment," "equivalent metric," and "investment hurdle rate" as ambiguous, since they could have multiple applicable definitions. Amazon also objects to this Request as vague, in that it doesn't specify what investment it's directed to. Thus, the Request, as written, isn't relevant to any issues in the case or proportional to the needs of the case. Amazon further objects to the 18-year temporal scope of this Request, as it includes time periods which aren't relevant and is overly broad, unduly burdensome, and not proportional to the needs of the case. Any marginal relevance of documents going back 18 years doesn't outweigh the burden on Amazon to collect, review, and produce them.[11] Because this Request is irrelevant, not proportional to the needs of the case, duplicative, and unduly burdensome, Amazon won't produce documents responsive to this Request.

Request for Production No. 2 seeks "[d]ocuments sufficient to show the target or projected return on investment (or equivalent metric) and investment hurdle rate (or equivalent metric) for forming AWS." Amazon objects to the undefined terms "target or projected return on investment," "equivalent metric," and "investment hurdle rate" as ambiguous, since they could have multiple applicable definitions. Amazon also objects to the extent that this Request seeks information about AWS as a whole, as that full scope isn't relevant to the claims or defenses. Indeed, the Request isn't limited to the two accused services in this case, S3 and DynamoDB.

Amazon also objects to this Request to the extent that it's duplicative of Kove's previous Fed. R. Civ. P. 45 subpoena to Amazon. Request for Production ("RFP") No. 24 in that subpoena sought "[d]ocuments relating to the creation of AWS that reference, relate to, or discuss the… potential benefits, profitability, and demand associated with scalable online storage or scalable online databases." The present Request for Production No. 2 overlaps since, to the extent such a document exists, a document sufficient to show Amazon's returns on investment for AWS "relates to" the creation of AWS and references potential profitability, rendering it within the scope of the

---

[11] *See Bonutti*, 2005 WL 2848441, at *3 (finding that subpoena's request for documents over 14-year period "cannot be justified").

- 6 -

previous subpoena's RFP 24. Amazon previously responded to RFP 24, indicating that it was Amazon's understanding that AWS had already searched for and produced responsive documents.[12] Subpoenaing a third party twice to request the same documents is improper, especially when, as discussed below, those documents were already the subject of requests to a party to the litigation. Amazon also offered to meet and confer regarding its objections to the previous subpoena, but Kove never responded.

And this Request is duplicative of Kove's RFP 210 to AWS.[13] That Request seeks "[d]ocuments relating to the decision of whether to create AWS…" To the extent a document discusses potential return on investment for AWS's formation, it would have been responsive to RFP 210. It's not appropriate to seek documents from a non-party when they are available and have already been requested from a party to the litigation.[14] Thus, Because this Request is irrelevant, not proportional to the needs of the case, duplicative, and unduly burdensome, Amazon won't produce documents responsive to this Request.

Request for Production No. 3 seeks "[d]ocuments sufficient to show the target or projected return on investment (or equivalent metric) and investment hurdle rate (or equivalent metric) for developing any AWS product or service, including the Accused Products." Amazon objects to the undefined terms "target or potential return on investment," "equivalent metric," and "investment hurdle rate" as ambiguous, since they could have multiple applicable definitions. Amazon further objects to this Request because its full scope—specifically, documents concerning all "AWS products or services—is irrelevant, unduly burdensome, and not proportional to the needs of the case. Amazon objects to this Request as overly broad and unduly burdensome because it doesn't include a temporal limitation.

Further, Amazon objects to this Request to the extent it seeks documents relating to DynamoDB, as it's Amazon's understanding that Kove served a similar request on AWS. Specifically, Kove's RFP 211 to AWS seeks "[d]ocuments relating to the decision to develop

---

[12] June 21, 2021 L. Phillips Letter to K. Hoang, at 10.

[13] Kove IO, Inc.'s Eighth Set of RFPs to AWS (Nos. 207-219), dated June 11, 2021, at 9.

[14] *Tresóna*, 2015 WL 4911093, at *3 ("A plaintiff does not demonstrate a compelling need to seek duplicative third-party requests simply because a party in the underlying action fails to comply with document requests for the same information."); *Parker v. Four Seasons Hotels, Ltd.,* 291 F.R.D. 181, 188 (N.D. Ill. 2013) (quashing plaintiff's subpoena served on non-party as duplicative of discovery requests that plaintiff previously directed to, or could've directed to, defendant); *Ameritox, Ltd. v. Millennium Lab'ys, Inc.*, No. 12-cv-7493, 2012 WL 6568226, at *2–3 (N.D. Ill. Dec. 14, 2012) (granting motion to quash non-party subpoenas "because the requests are cumulative and duplicative of discovery requests made to the party to the litigation").

DynamoDB…"[15] Documents sufficient to show any target or potential return on investment for the development of DynamoDB, to the extent any exist, would be responsive to that request to AWS. As discussed above, courts disfavor requests served upon third parties when the documents are the subject of requests to a party to the litigation.[16] And, to the extent they exist, its Amazon's understanding that AWS has already produced responsive, non-privileged documents relating to the decision to develop DynamoDB that were located after a reasonable search.

Amazon also objects to this Request to the extent it seeks documents that "reference, relate to, or discuss the actual or potential… profitability… associated with scalable online storage or scalable online databases," and is duplicative of RFP 24 in Kove's previously served subpoena to Amazon. As discussed above, courts disfavor duplicative subpoenas. And Amazon already explained that its understanding was that AWS collected and produced the responsive, non-privileged documents it located after a reasonable search that were sought by Kove's previous RFP 24 to Amazon.

Because this Request is irrelevant, not proportional to the needs of the case, unduly burdensome, and duplicative, Amazon won't produce documents in response to this Request.[17]

Request for Production No. 4 seeks "[d]ocuments sufficient to show the actual return on investment (or equivalent metric) between 2003 and 2020 for the investment into AWS." Amazon objects to the undefined terms "actual return on investment," "equivalent metric," and "investment into AWS" as ambiguous, since they could have multiple applicable definitions. Amazon also objects to this Request as vague and ambiguous because it seeks documents regarding "the investment into AWS" and it's unclear what investment or investments Kove is referencing. Indeed, AWS is a subsidiary of Amazon, so it's unclear how to determine Amazon's "investment into AWS." Amazon also objects to the 18-year scope of this Request as irrelevant and not proportional to the needs of the case. Amazon further objects to this Request to the extent that it seeks information related to AWS as a whole, as that full scope isn't relevant to the claims or defenses in the case.

Amazon also objects to Request for Production No. 4 to the extent it overlaps with RFP 24 in Kove's first subpoena to Amazon. As noted, RFP 24 sought "[d]ocuments relating to the creation of AWS that reference, relate to or discuss the actual… benefits, profitability..."[18]

---

[15] Kove IO, Inc.'s Eighth Set of RFPs to AWS (Nos. 207-219), dated June 11, 2021, at 9.

[16] *See* note 14, *supra*; *see also Lemoine*, 2020 WL 3316119, at *1 ("[C]ourts have consistently granted motions to quash where the subpoenaed documents were requested from or could have been requested from the party-opponent during the normal course of discovery.").

[17] *See Rossman, LLC*, 467 F. Supp. 3d at 590.

[18] Kove's June 7, 2021 Rule 45 Subpoena to Amazon.com, Attachment A, at 7.

**FISCH SIGLER** LLP

- 8 -

Documents sufficient to show the actual return on investment into AWS overlap with the scope Kove's previous RFP 24 to Amazon. To the extent that this Request overlaps with RFP 24, it's duplicative and improper. Because this Request is irrelevant, not proportional to the needs of the case, unduly burdensome, and duplicative, Amazon won't produce documents in response to this Request.

Request for Production No. 5 seeks "[d]ocuments sufficient to show the actual return on investment (or equivalent metric) between 2003 and 2020 for the Accused Products." Amazon objects to the undefined terms "actual return on investment" and "equivalent metric" as ambiguous, since they could have multiple applicable definitions. Amazon objects to the temporal scope of this Request to the extent it includes an 18-year period. Further, there could be no return on investment prior to the launch of either of the accused services. Amazon objects since these documents should have been (and as explained above with respect to Kove's RFP 211, to some extent, were) sought from AWS during the discovery period.[19]

Amazon also objects to this Request as duplicative of RFP 24 of Kove's first subpoena to Amazon. Again, RFP 24 sought documents that "reference, relate to, or discuss the actual or potential… profitability… associated with scalable online storage or scalable online databases."[20] Documents sufficient to show the actual return on investment for the Accused Products are within the scope of RFP 24 since actual return on investment is inextricably linked to profitability. As Amazon already explained in its previous response, to the extent they exist, AWS already produced the responsive, non-privileged documents located after a reasonable search. Because this Request is irrelevant, not proportional to the needs of the case, unduly burdensome, and duplicative, Amazon won't produce documents in response to this Request.

Amazon also reserves its right to seek to quash or limit the Subpoena if necessary, but hopes to avoid burdening the Court with such a motion. To that end, Amazon is willing to meet and confer regarding its objections.

Sincerely,

Lisa Phillips

---

[19] *Layman v. Junior Players Golf Acad., Inc.*, 314 F.R.D. 379, 386 (D.S.C. 2016) (finding subpoena was an improper attempt to circumvent the discovery deadline); *Thomas v. IEM, Inc.*, Civil Action No. 06-886-B-M2, 2008 WL 695230, at *2 (M.D. La. Mar. 12, 2008) (holding plaintiff wasn't permitted "to employ a Rule 45 subpoena to avoid the discovery deadline").

[20] Kove's June 7, 2021 Rule 45 Subpoena to Amazon.com, Attachment A, at 7.