# Exhibit 2

# FISCH SIGLER LLP

5301 Wisconsin Avenue NW | Fourth Floor | Washington, DC 20015 USA

November 16, 2021

**VIA EMAIL**

**Lisa Phillips**
**Attorney**
Lisa.Phillips@FischLLP.com
Direct: +1.202.362.3521
Main: +1.202.362.3500

Khue Hoang
Reichman Jorgensen LLP
750 Third Avenue, Suite 2400
New York, NY 10017
khoang@reichmanjorgensen.com

Re:   *Kove IO, Inc. v. Amazon Web Services, Inc.*,
       Case No. 18-cv-8175 (N.D. Ill.)

Dear Khue:

I write in response to Kove's Rule 45 subpoena for testimony and documents to Amazon Technologies, Inc. ("ATI"), dated October 27, 2021 ("Subpoena"). Below are ATI's objections and responses to the Topics for testimony and categories of documents requested.[1]

As served, the Subpoena is overbroad and not proportional to the needs of the case. And preparing witnesses and producing documents responsive to the full scope of the Subpoena's topics and requests would be unduly burdensome to ATI, which isn't a party to the litigation.[2] Non-party status is a "significant factor to be considered" in determining whether a subpoena's burden is

---

[1] ATI's general objections to the Subpoena's scope, its definitions, and instructions are incorporated into each of the specific topic and request responses below whether or not, repeated in the response.

[2] Many of the Subpoena requests either call for testimony or documents over a 22-year period or have unlimited temporal scope. The relevance of testimony or documents going that far back in time doesn't outweigh the burden on ATI as a non-party to produce them. *Tresóna Multimedia, LLC v. Legg*, No. 15 C 4834, 2015 WL 4911093, at *5 (N.D. Ill. Aug. 15, 2015) ("status as a non-party, the relevance of the discovery sought, the subpoenaing party's need for the documents, the breadth of the request and the burden imposed on the subpoenaed party" are balanced to determine whether compliance would cause an undue burden). This is especially so since it's ATI's understanding that Kove has served similar deposition topics and requests for production on AWS. And AWS has designated witnesses and has searched for (and produced) responsive, non-privileged documents. Indeed, it's ATI's understanding that several Fed. R. Civ. P. 30(b)(6) depositions of AWS have already been completed and the corresponding topics closed. Likewise, none of the Subpoena's testimony topics or document requests include any geographical limitation. Information relating to ATI's activity outside of the United States is not relevant.

**FISCH SIGLER** LLP

- 2 -

undue.[3] ATI also objects to the time and place for deposition and production of documents. To the extent any document production or deposition occurs, it will be at a mutually agreeable time and location.

ATI objects to the Subpoena's topics and requests to the extent they use a Fed. R. Civ. P. 45 subpoena in an effort to obtain testimony from a third party beyond agreed upon discovery deadlines instead of timely requesting the information and documents sought from AWS, the party to the litigation.[4]

In addition to these general objections, ATI also objects to the definitions of several terms as follows:

- "Plaintiff" or "Kove" as unduly burdensome, calling for legal conclusions, and vague because it requires ATI (a third party to the litigation) to identify Kove IO, Inc.'s corporate parents, subsidiaries, divisions or departments, and any of its present or former officers, directors, employees, representatives, or any others acting on its behalf.

- "You" or "Your" as overbroad, unduly burdensome, and not proportional to the needs of the case. In these responses ATI has interpreted the terms "You" or "Your" as Amazon Technologies, Inc., the subpoenaed entity.

- "Amazon.com, Inc." or "Amazon" as overbroad and unduly burdensome because it requires ATI to identify Amazon.com, Inc.'s "present and former" personnel or "any others acting on its behalf." In these responses, ATI has interpreted the terms "Amazon.com, Inc." or "Amazon" as Amazon.com, Inc., the entity.

- "Asserted Patents" and "Patents-in-Suit" as overbroad, unduly burdensome, and calling for legal conclusions because it requires ATI to identify patents that are at issue in a Litigation of which it is a non-party and includes all respective corresponding applications and publications thereof.

---

[3] *Little v. JB Pritzker for Governor,* No. 18 C 6954, 2020 WL 1939358, at *2 (N.D. Ill. Apr. 22, 2020); *accord Rossman v. EN Eng'g, LLC*, 467 F. Supp. 3d 586, 590 (N.D. Ill. 2020) ("Non-parties are afforded this special consideration, because [they] have a different set of expectations than parties.") (internal quotation omitted).

[4] *Layman v. Junior Players Golf Acad., Inc.*, 314 F.R.D. 379, 386 (D.S.C. 2016) (finding a subpoena was an improper attempt to circumvent the scheduling order's discovery deadline); *Thomas v. IEM, Inc.*, Civil Action No. 06-886-B-M2, 2008 WL 695230, at *2 (M.D. La. Mar. 12, 2008) (holding plaintiff wasn't permitted "to employ a Rule 45 subpoena to avoid the discovery deadline").

**FISCH SIGLER** LLP

- 3 -

- "Associated Patents and Applications" as overbroad and unduly burdensome because it requires ATI to identify "all" patents, patent applications, prior patents, and patent applications that are continuations, continuations-in-part, non-provisional applications or national stage applications of the subject patents or applications.

- "Business Venture" as overbroad, unduly burdensome, and not proportional to the needs of the case. The term's breadth, as Kove has defined it, encompasses large amounts of irrelevant information. Because ATI is unable to determine exactly what Kove is seeking, ATI is willing to meet and confer on the scope of this term and adjust its responses accordingly, if necessary.

- "Document" or "documents" as overbroad, unduly burdensome, and not proportional to the needs of the case. Further, the definitions of these terms conflict with LPR ESI 2.6(a) since they encompass the production of emails and other forms of electronic correspondence that, as a third party, ATI isn't required to search for or produce.

ATI also objects to any instruction seeking more information than that required to allow Kove to assess any claim of privilege or protection from discovery under Fed. R. Civ. P. 26(b)(5) and/or Fed. R. Civ. P. 45(e)(2)(A)(ii). ATI's specific objections and responses are provided below.

**ATI's Responses to the Deposition Topics**

Deposition Topic No. 1 seeks testimony on "Amazon's target return on investment (or equivalent metric) and investment hurdle rate (or equivalent metric) between 2003 and 2020." ATI objects to the undefined terms "target return on investment," "equivalent metric," and "investment hurdle rate" as ambiguous since they could have multiple applicable definitions. ATI also objects to this Topic as vague in that it doesn't specify what investment it is directed to. Thus, this Topic isn't relevant or proportional to the needs of the case because it isn't related to the Accused Products in the case. And ATI objects to the extent it seeks information regarding Amazon.com, Inc., a separate entity. Further, it's ATI's understanding that Kove included this same deposition Topic in its October 27, 2021 Fed. R. Civ. P. 45 subpoena to Amazon. This Topic is duplicative of Deposition Topic 1 in that subpoena. And because it seeks information relating to Amazon.com, not ATI, ATI objects to the Topic as seeking information outside of its possession, custody or control. ATI also objects to this Topic as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks information over an 18-year time period.[5] Because this Topic is duplicative, irrelevant, not proportional to the needs of the case, and unduly burdensome, ATI is willing to meet and confer on the Topic.

Deposition Topic No. 2 seeks testimony on "[t]he target or projected return on investment (or equivalent metric) and investment hurdle rate (or equivalent metric) for forming Amazon

---

[5] *See, e.g., Bonutti v. Lehman Bros.,* No. 05 C 4409, 2005 WL 2848441 (N.D. Ill. Oct. 27, 2005) (modifying scope of document subpoena's timeframe from fourteen years to two).

**FISCH SIGLER** LLP

- 4 -

Technologies, Inc." ATI objects to the undefined terms "target or projected return on investment," "equivalent metric," and "investment hurdle rate" as ambiguous since they could have multiple applicable definitions. ATI also objects to this Topic as overly broad and unduly burdensome because it doesn't include a temporal limitation. ATI also objects to this Topic as unrelated to the claims or defenses in the case, and thus irrelevant and not proportional to the needs of the case. Because this Topic is duplicative, irrelevant, not proportional to the needs of the case, and unduly burdensome ATI is willing to meet and confer on the Topic.

Deposition Topic No. 3 seeks testimony on "[t]he target or projected return on investment (or equivalent metric) and investment hurdle rate (or equivalent metric) for products or services developed or Business Ventures engaged in by Amazon Technologies, Inc." ATI objects to the undefined terms "target or projected return on investment," "equivalent metric," and "investment hurdle rate" as ambiguous since they could have multiple applicable definitions. ATI also objects to the Topic as irrelevant, overly broad, and unduly burdensome to the extent it uses Kove's definition of the term "Business Venture" as explained in ATI's General Objections. And ATI further objects to this Topic, to the extent it understands the term Business Ventures, since it isn't relevant or proportional to the claims and defenses of this case.[6] ATI objects to this Topic as irrelevant and not proportional to the needs of the case because target or projected investment returns or investment hurdle rates (as those terms are understood by ATI) for a third-party entity are not relevant to the claims or defenses in this case. ATI objects to this Topic as overbroad and unduly burdensome because it doesn't include any temporal scope. ATI also objects to this Topic because it hasn't developed any relevant products or services, including those accused in this case. Because this Topic is irrelevant, not proportional to the needs of the case, and unduly burdensome, ATI is willing to meet and confer on the Topic.

Deposition Topic No. 4 seeks testimony on "[t]he actual return on investment (or equivalent metric) between 2003 and 2020 for the investment into Amazon Technologies, Inc." ATI objects to the undefined terms "actual return on investment," "equivalent metric," and "investment into Amazon Technologies, Inc." as ambiguous since they could have multiple applicable definitions. ATI objects to the phrase "the investment into Amazon Technologies, Inc." because it doesn't identify what information Kove seeks with reasonable particularity or specify which investment it's referring to or what entity or person made the unspecified investment, and thus ATI can't properly prepare a witness. Indeed, ATI is a subsidiary of Amazon so it's unclear how to determine Amazon's "investment into" ATI. ATI also objects to the 18-year scope of this Topic as irrelevant and not proportional to the needs of the case. ATI also objects because the information sought isn't relevant to the claims and defenses and so not relevant or proportional to the needs of the case. Because this Topic is irrelevant, not proportional to the needs of the case, and unduly burdensome, ATI is willing to meet and confer on the Topic.

---

[6] Information regarding "any" transactions, licenses, sales, purchase, settlements, or agreements involving intellectual property isn't relevant and proportional to the needs of the case.

FISCH SIGLER LLP

- 5 -

Deposition Topic No. 5 seeks testimony on "[t]he actual return on investment (or equivalent metric) between 2003 and 2020 for products or services developed or Business Ventures engaged in by Amazon Technologies, Inc." ATI objects to the undefined terms "actual return on investment" and "equivalent metric" as ambiguous since they could have multiple applicable definitions. ATI also objects to the Topic as irrelevant, overly broad, and unduly burdensome using Kove's definition of the term "Business Venture" as explained in ATI's General Objections. And ATI further objects to this Topic, to the extent it understands the term Business Ventures, since it isn't relevant or proportional to the claims and defenses of this case.[7] ATI objects to this Topic as irrelevant and not proportional to the needs of the case as the return on investment for a third-party entity isn't relevant to the claims or defenses in this case. ATI also objects to the 18-year scope of this Topic as irrelevant and not proportional to the needs of the case. ATI also objects to this Topic because it hasn't developed any relevant products or services, including those accused in this case. Because this Topic is irrelevant, not proportional to the needs of the case, and unduly burdensome, ATI is willing to meet and confer on the Topic.

Deposition Topic No. 6 seeks testimony on "[y]our first awareness of the Asserted Patents and their Associated Patents and Applications, including (a) the date when You first became aware; (b) the circumstances under which You became aware; (c) the person(s) involved; (d) the content of any related communications or documents; and (e) the actions taken by You as a result of becoming aware, including any communications with employees of AWS or Amazon." This Topic is duplicative of Kove's Rule 30(b)(6) Deposition Topic 7 to AWS.[8] Duplicative discovery, especially when available from a party to the litigation, is improper and runs contrary to Rule 45's requirement that Kove "take reasonable steps to avoid imposing undue burden or expense" on a third party like ATI.[9] Further, a third party's knowledge regarding the Asserted Patents isn't relevant or proportional to the needs of the case. ATI further objects to the extent this Topic seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery. Because this Topic is irrelevant, not proportional to the needs of the case, and duplicative of information sought from AWS, ATI is willing to meet and confer on the Topic.

Deposition Topic No. 7 seeks testimony on "[p]rocedures and policies related to invention disclosures from AWS employees, applying for patents, submitting patent applications, and technology transfer from 2000 to the present." ATI objects to the terms "procedures" and "policies" as overbroad, vague, and ambiguous in that it is unclear specifically what information

---

[7] Information regarding "any" transactions, licenses, sales, purchase, settlements, or agreements involving intellectual property isn't relevant and proportional to the needs of the case.

[8] Kove's First Notice of Deposition of AWS, December 10, 2019, at 9.

[9] Fed. R. Civ. P. 45(d)(1); *see also Rossman*, 467 F. Supp. 3d at *590 (A non-party subpoena seeking information that is readily available from a party through discovery may be quashed as duplicative or cumulative).

**FISCH SIGLER** LLP

- 6 -

Kove seeks. ATI objects to this Topic because it is unclear how information over a 22-year period is relevant or proportional to the needs of the case. The relevance of information going back that far in time doesn't outweigh the burden on ATI as a non-party to prepare a witness to testify on its expansive temporal scope. And ATI objects to this Topic because the time period predates the formation of AWS. Further, it is ATI's understanding that Kove has served similar Fed. R. Civ. P. 30(b)(6) deposition Topics on AWS, including Kove's Topic No. 9 and Kove's Topic No. 10, which seek testimony about AWS's policies and procedures for determining whether products or features (including the Accused Products and Relevant Features) infringe, and subsequent actions taken.[10] It is not appropriate to seek duplicative testimony from a non-party,[11] especially when AWS has agreed to provide a witness to testify on those topics. Furthermore, it is ATI's understanding that Kove has been aware since at least 2019 that AWS employees may have submitted invention disclosures.[12] It is improper to use third party subpoenas as an end run around case-imposed discovery deadlines and limits.[13] ATI also objects since testimony on this Topic should have been sought from AWS during the discovery period, to the extent it wasn't already. ATI further objects to the extent this Topic seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery. Because this Topic is overbroad, unduly burdensome, and duplicative of information sought from AWS, ATI is willing to meet and confer regarding the Topic.

Deposition Topic No. 8 seeks testimony on "[p]rocedures and policies relating to communicating with AWS employees about patents and patent applications assigned to You by AWS employees or filed on behalf of AWS employees by You or a third party." ATI objects to the terms "procedures" and "policies" as overbroad, vague, and ambiguous in that it is unclear specifically what testimony Kove seeks. ATI also objects to this Topic as overly broad and unduly burdensome because it doesn't include a temporal scope. ATI objects to this Topic as seeking

---

[10] Kove's First Notice of Deposition of AWS, December 10, 2019, at 9-10.

[11] *See e.g., Burns v. Bank of Am.*, No. 03 CIV. 1685 RMB JCF, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) (granting motion to quash where subpoena was duplicative of discovery requests served on defendant); *see also Lemoine v. Mossberg Corp.*, 3:18-CV-01270 (KAD), 2020 WL 3316119, *1 (D. Conn. 2020) ("If the Plaintiffs believed that the Defendants responses to its discovery requests were deficient in any regard, then the appropriate course would have been to file a motion to compel, not to serve a subpoena…").

[12] For example, AWS's July 24, 2019 response to Kove's Interrogatory No. 1. AWS's Responses and Objections to Kove's First Set of Interrogatories, cites to several patents assigned to ATI.

[13] *Mortgage Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 566-67 (W.D.N.C. 2002) (finding that Rule 45 subpoenas can't be used "to circumvent the requirements of a court-mandated discovery deadline"); *Integra LifeSciences I, Ltd. v. Merck KGAA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999) ("Case law establishes that subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case.").

**FISCH SIGLER** LLP

- 7 -

irrelevant information to the extent it includes patents unrelated to the underlying litigation. AWS also objects to this Topic as Kove could have sought this information from AWS in discovery in the underlying case. It is not proper to seek testimony from a non-party in order to circumvent discovery deadlines and limits.[14] ATI further objects to the extent this Topic seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery. Because this Topic is overbroad as written, unduly burdensome, seeks irrelevant information, and the information should have been sought from AWS, ATI is willing to meet and confer on this Topic.

Deposition Topic No. 9 seeks testimony on "[o]verlap in management, ownership, or control between Amazon Technologies, Inc. and AWS or Amazon.com from 2000 to the present." ATI objects to the Topic that a 22-year temporal scope is not relevant or proportional to the needs of the litigation.[15] ATI also objects because its ATI's understanding that Kove has served similar Fed. R. Civ. P. 30(b)(6) deposition Topics on AWS, including Kove's Topic No. 33 which seeks testimony about the corporate structure of AWS and its relation to Amazon and its other subsidiaries.[16] It is not appropriate to seek duplicative testimony from a non-party,[17] especially when AWS has agreed to provide a witness to testify on that topic. ATI objects to this topic as irrelevant and not proportional to the needs of the case because it doesn't relate to any claim or defense in the case. And ATI objects to this topic to the extent it seeks ATI's overlap with another third party, Amazon.com. Furthermore, it is ATI's understanding that this Topic is related to the subject of a pending Motion for a Protective Order filed by AWS for Kove's Rule 30(b)(6) Topic 85, which seeks testimony regarding the overlap of directors, officers, or employees between Amazon and AWS.[18] Because this Topic is duplicative of information sought from AWS, overly broad, unduly burdensome, and not relevant or proportional to the needs of the case, ATI is willing to meet and confer on the Topic.

Deposition Topic No. 10 seeks testimony on "[d]ocuments and communications involving

---

[14] *Id.*

[15] *See Bonutti*, 2005 WL 2848441, at *3 ("requiring production of documents from a fourteen-year period cannot be justified").

[16] Kove IO, Inc.'s Notice of Deposition of AWS, December 10, 2019, at 13.

[17] *See, e.g.*, *Burns*, 2007 WL 1589437, at *14 (granting motion to quash where subpoena was duplicative of discovery requests served on defendant); *see also Lemoine*, 2020 WL 3316119, at *1 ("If the Plaintiffs believed that the Defendants responses to its discovery requests were deficient in any regard, then the appropriate course would have been to file a motion to compel, not to serve a subpoena…").

[18] Kove IO, Inc.'s Sixth Supplemental Notice of Deposition of Amazon Web Services, Inc., May 01, 2021, at 9.

FISCH SIGLER LLP

- 8 -

You or any AWS employee (including Swaminathan Sivasubramanian, David R. Richardson, Christopher L. Scofield, and Bradley E. Marshall) regarding any of the Asserted Patents or Associated Patents and Applications." ATI objects to this Topic overbroad in that it seeks documents and communications involving any AWS employee regarding "any" of the Asserted Patents or Associated Patents and Applications because it doesn't identify what information Kove seeks with reasonable particularity. ATI objects to this Topic as overly broad and unduly burdensome because it doesn't include a temporal limitation. ATI also objects because this Topic is duplicative of Kove's Rule 30(b)(6) Deposition Topic 7 to AWS.[19] Duplicative discovery, especially when available from a party to the litigation, is improper and runs contrary to Rule 45's requirement that Kove "take reasonable steps to avoid imposing undue burden or expense" on a third party like ATI.[20] ATI also objects to this Topic to the extent that Kove has known ATI was an assignee for U.S. Patent No. 8,239,571 since at least 2019,[21] but delayed to seek testimony from ATI in an attempt to improperly obtain discovery outside the agreed upon discovery limits and deadlines.[22] ATI objects since testimony on this Topic should have been sought from AWS during the discovery period, to the extent it wasn't. ATI further objects to the extent this Topic seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery. Because this Topic is overbroad, unduly burdensome, and duplicative of information sought from AWS, ATI is willing to meet and confer regarding the Topic.

Deposition Topic No. 11 seeks testimony on "[d]ocuments shared between you and any AWS employee or any third party regarding any of the Asserted Patents or Associated Patents and Applications." ATI objects to this Topic as vague, ambiguous, and overbroad in that it requests "documents" shared between ATI and "any AWS employee" or "any third party." Testimony about documents shared between ATI and any AWS employee or any third party regarding the "Asserted Patents or Associated Patents and Applications" isn't relevant and proportional to the needs of the case. ATI also objects to this Topic to the extent it attempts to evade discovery deadlines because the information could have been requested from AWS at any time during the discovery process. ATI further objects to the extent this Topic seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery. Because this Topic is overbroad as written, unduly burdensome, and

---

[19] Kove's First Notice of Deposition of Amazon dated December 10, 2019, at 9.

[20] Fed. R. Civ. P. 45(d)(1); *see also Rossman*, 467 F. Supp. 3d at *590 (A non-party subpoena seeking information that is readily available from a party through discovery may be quashed as duplicative or cumulative).

[21] U.S. Patent No. 8,239,571 was included as part of AWS's initial response to Kove's Interrogatory No. 1 (AMZ_KOVE_000058768). AWS's Responses and Objections to Kove's First Set of Interrogatories, on July 24, 2019, at 4.

[22] *Supra* note 13.

- 9 -

the information should have been sought from AWS, ATI is willing to meet and confer on this Topic.

Deposition Topic No. 12 seeks testimony on "[s]tandard agreements between AWS employees and AWS, Amazon.com, and/or You that relate to patents or patent applications, including any obligations to assign rights in patents or patent applications or to assist or cooperate in the prosecution of patents, from 2000 to the present." ATI objects to the undefined term "standard agreements" because it is vague. ATI objects to the 22-year temporal scope of this Topic because it includes time periods which aren't relevant and is overly broad, unduly burdensome, and not proportional to the needs of the case. ATI also objects as this Topic is not relevant or proportional to the needs of the case to the extent it seeks information regarding agreements between AWS employees and AWS or Amazon.com, Inc., each a separate entity from ATI. ATI objects to this Topic to the extent it seeks information from third parties that isn't within ATI's possession, custody, or control. ATI objects since testimony on this Topic should have been sought from AWS during the discovery period. ATI also objects to this Topic since Kove has known ATI was a patent assignee since at least 2019,[23] and courts disfavor third party discovery that could be obtained from the party to the litigation within the appropriate discovery limits. Because this Topic is irrelevant, unduly burdensome, and could have been obtained from AWS, ATI is willing to meet and confer regarding the Topic.

Deposition Topic No. 13 seeks testimony on "[p]olicies, procedures, and/or practices of AWS, Amazon Technologies, Inc., and/or Amazon.com of requiring, obligating, or requesting that AWS employees assign their patent rights (including their rights as inventors), to AWS, Amazon.com, or Amazon Technologies, Inc., including employee handbooks, employee manuals, employment agreements, and the like." ATI objects to the terms "policies," "procedures," "practices," and "the like" as overbroad because they are vague and undefined. ATI objects to this Topic as overbroad and unduly burdensome because it includes no temporal limitation. ATI also objects as this Topic is not relevant and proportional to the needs of the case since it seeks information regarding AWS employees and policies of AWS and Amazon.com, Inc., each a separate entity from ATI. ATI objects to this Topic to the extent it seeks information from third parties that isn't within ATI's possession, custody, or control. ATI also objects to this Topic to the extent it attempts to evade discovery deadlines because the information could have been requested from AWS at any time during the discovery process. As discussed above, this is improper. Because this Topic is irrelevant, not proportional to the needs of the case, and should have been sought from AWS, ATI is willing to meet and confer on the Topic.

Deposition Topic No. 14 seeks testimony on "[p]olicies, procedures, and/or practices of AWS, Amazon Technologies, Inc., and Amazon.com regarding having named inventors on patent applications assist or cooperate with the prosecution of patents, from 2000 to the present." ATI objects to the undefined phrases "policies," "procedures," "practices," "assist," and "cooperate"

[23] AWS's Responses and Objections to Kove's First Set of Interrogatories, on July 24, 2019 cites to several patents assigned to ATI.

FISCH SIGLER LLP

- 10 -

because they are vague and undefined. Amazon further objects to this Topic because it is unclear how information over a 22-year period is relevant or proportional to the needs of the case. The relevance of information going back that far in time doesn't outweigh the burden on ATI as a non-party to prepare a witness to testify on its expansive temporal scope. ATI objects to this Topic as unduly burdensome because it's duplicative of Topic 12. ATI also objects as this Topic is not relevant or proportional to the needs of the case to the extent it seeks information regarding AWS and Amazon, each a separate entity from ATI. ATI objects to this Topic to the extent it seeks information from third parties that isn't within ATI's possession, custody, or control. ATI also objects to this Topic to the extent it attempts to evade discovery deadlines because the information could have been requested from AWS at any time during the discovery process. As discussed above, this is improper. Because this Topic is overbroad, irrelevant, and not proportional to the needs of the case, and should have been sought from AWS, ATI is willing to meet and confer on the Topic.

Deposition Topic No. 15 seeks testimony on "[y]our general policies and procedures related to notifying employees or agents of AWS or Amazon.com regarding the prosecution of patents that pertain to products developed or commercially exploited by AWS or Amazon.com." ATI objects to the undefined phrases "general policies and procedures" and "that pertain to products" as vague and overbroad since it is unclear what information Kove seeks. As ATI understands this Topic it is overbroad and not proportional to the needs of the case because it encompasses a large amount of irrelevant information, unrelated to the issues in the case. ATI also objects to the undefined term "commercially exploited" because it could have multiple applicable definitions. ATI objects to this Topic as overly broad and unduly burdensome because it doesn't include a temporal scope. ATI objects to the full scope of this Topic as irrelevant, unduly burdensome, and not proportional to the needs of the case in that it seeks testimony that pertains to any product developed or commercially exploited (to the extent ATI understands those terms) by Amazon.com, whose products aren't at issue in the case. Because the Topic is irrelevant, overly broad, and not proportional to the needs of the case, ATI is willing to meet and confer on the Topic.

Deposition Topic No. 16 seeks testimony on "[y]our general policies and procedures related to notifying employees or agents of AWS or Amazon regarding third party patents and patent applications identified during prosecution of AWS and Amazon patents that may be infringed by AWS or Amazon products or services." ATI objects to the undefined phrase "general policies and procedures" as vague and overbroad in that encompasses a large amount of irrelevant information. ATI objects to this Topic as overly broad and unduly burdensome because it doesn't include a temporal scope. ATI objects to this Topic as irrelevant, unduly burdensome, and not proportional to the needs of the case because it isn't related to any claim or defense in the case. ATI objects because it is ATI's understanding that Kove has a served an overlapping Fed. R. Civ. P. 30(b)(6) deposition Topic on AWS. Kove's Topic No. 9 seeks "[AWS's] general policies and procedures…for determining whether a product or feature of a product may infringe a patent…"[24]

---

[24] Kove's First Notice of Deposition of Amazon dated December 10, 2019, at 9.

- 11 -

It is not appropriate to seek duplicative testimony from a non-party,[25] especially when AWS has agreed to provide a witness to testify on that topic. ATI objects to this Topic to the extent it seeks information regarding Amazon products or services, as Amazon products or services aren't at issue in the case. ATI objects to this Topic to the extent it seeks information regarding third party patents and patent applications which aren't at issue in the case. ATI further objects to the extent this Topic seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery. Because the Topic is irrelevant, not proportional to the needs of the case, and duplicative of information sought from AWS, ATI is willing to meet and confer on the Topic.

Deposition Topic No. 17 seeks testimony on "[t]he identity of any of Your employees or officers that are also employees or officers of AWS." ATI objects to this Topic because it is not relevant to the claims and defenses, and thus not proportional to the needs of the case. Furthermore, it is ATI's understanding that this Topic is related to subject to a pending Motion for a Protective Order filed by AWS for Kove's Rule 30(b)(6) Topic 85, which seeks testimony regarding the overlap of directors, officers, or employees between Amazon and AWS.[26] To the extent it's not covered by that motion, ATI also objects to this Topic because this information should have been sought from AWS during the discovery period. ATI objects to this Topic because it uses a Fed. R. Civ. P. 45 subpoena in an effort to obtain testimony from a third party beyond agreed upon discovery deadlines instead of timely requesting information from a party to the litigation.[27] Because this Topic is irrelevant, not proportional to the needs of the case, and should have been sought from AWS, ATI is willing to meet and confer on the Topic.

Deposition Topic No. 18 seeks testimony on "U.S. patent [*sic*] Application No. 13/042,301 and its Associated Patents and Applications that mention any of the Asserted Patents or the Asserted Patents' Associated Patents and Applications." ATI objects to this Topic as an improper attempt to circumvent discovery deadlines considering Kove has had awareness of U.S. Patent Application No. 13/042,301 since at least 2019 when AWS produced and directed Kove toward U.S. Patent No. 8,239,571.[28] As discussed above, this attempt to end-run around the discovery deadline is improper as the information should have been sought from AWS during the discovery period. ATI objects to this as overbroad and unduly burdensome to the extent it seeks all information regarding "U.S. patent Application No. 13/042,301 and its Associated Patents and

---

[25] *See e.g., Burns*, 2007 WL 1589437, at *14; *see also Lemoine*, 2020 WL 3316119, at *1.

[26] Kove IO, Inc.'s Sixth Supplemental Notice of Deposition of Amazon Web Services, Inc., May 1, 2021, at 9.

[27] *Layman*, 314 F.R.D. at 386 (finding a subpoena was an improper attempt to circumvent the scheduling order's discovery deadline); *Thomas*, 2008 WL 695230, at *2 (holding plaintiff wasn't permitted "to employ a Rule 45 subpoena to avoid the discovery deadline").

[28] *Id*. *See also*, *supra* note 21.

- 12 -

Applications" without limitation. ATI further objects to the extent this Topic seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery. Because this Topic is overbroad, unduly burdensome, and should have been sought from AWS, ATI is willing to meet and confer on the Topic.

Deposition Topic No. 19 seeks testimony on "[t]he execution of the Patent Assignment recorded at Reel/Frame No. 025914/0374." ATI objects to this Topic as an improper attempt to circumvent discovery deadlines considering Kove has had awareness of U.S. Patent Application No. 13/042,301 since at least 2019 when AWS produced and directed Kove toward U.S. Patent No. 8,239,571.[29] As discussed above, this attempt to end-run around the discovery deadline is improper as the information should have been sought from AWS during the discovery period. Furthermore, ATI objects as patent assignments are public information. ATI further objects to the extent this Topic seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery. Because this information should have been sought from AWS during the discovery period, ATI is willing to meet and confer on the Topic.

Deposition Topic No. 20 seeks testimony on "[t]he history, development, operations, and corporate structure of Amazon Technologies, Inc." ATI objects to this Topic as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks information regarding a third party and isn't related to the Accused Products. ATI objects to this Topic as overly broad and unduly burdensome because it doesn't include a temporal scope. ATI also objects to this Topic to the extent it seeks information not in the possession, custody, and/or control of ATI. Because this Topic is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case, ATI is willing to meet and confer on the Topic.

Deposition Topic No. 21 seeks testimony on "[t]he relationship between ATI and AWS, including the services that Amazon Technologies, Inc. and AWS provide for one another and their corporate relationship." ATI objects to the undefined term "relationship" as vague, overbroad, and unduly burdensome. ATI objects to this Topic as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks information not related to the Accused Products or any other claim or defense in the case. ATI objects to this Topic as overly broad and unduly burdensome because it doesn't include a temporal scope. ATI responds that it is ATI's understanding that Kove has a served similar Fed. R. Civ. P. 30(b)(6) deposition Topic on AWS. Kove's Topic No. 33 seeks in part the "relationship [of AWS] to other Amazon.com subsidiaries…" ATI objects to this Topic as an improper attempt to circumvent the discovery deadline since the information should have been sought from AWS, to the extent it wasn't already sought from AWS. As discussed above, this attempt to end-run discovery is improper. Because this Topic is duplicative, irrelevant, not proportional to the needs of the case, and should have been sought from AWS, ATI is willing to meet and confer on the Topic.

---

[29] *Supra* notes 21 and 27.

**FISCH SIGLER** LLP

- 13 -

**ATI's Responses to the Requests for Production**

Request for Production No. 1 seeks "[d]ocuments sufficient to show Amazon's target return on investment (or equivalent metric) and investment hurdle rate (or equivalent metric) between 2003 and 2020." ATI objects to the undefined terms "target return on investment," "equivalent metric," and "investment hurdle rate" as ambiguous since they could have multiple applicable definitions. ATI also objects to this Request as vague in that it doesn't specify what investment it is directed to. Thus, this Request isn't relevant or proportional to the needs of the case. And ATI objects to the extent it seeks information regarding Amazon.com, Inc., a separate entity. Further, it's ATI's understanding that Kove included this same Request in its October 27, 2021 Fed. R. Civ. P. 45 subpoena to Amazon. This Request is duplicative of Document Request 1 in that subpoena. And, because it seeks documents relating to Amazon, not ATI, ATI objects to the Request as seeking information outside of its possession, custody, or control. Further, ATI objects to this Request as seeking documents that aren't relevant to any claims or defenses in the case. ATI objects to the 18-year temporal scope of this Request because it includes time periods which aren't relevant and is overly broad, unduly burdensome, and not proportional to the needs of the case. Even if ATI did have possession, custody, or control over responsive documents, the marginal relevance of documents going back 18 years doesn't outweigh the burden on ATI to collect, review, and produce them.[30] Because any responsive documents, to the extent they exist and are relevant, should be sought from another source, Kove hasn't shown it's unable to obtain them, providing them would be unduly burdensome, and the requested documents are irrelevant and not proportional to the needs of the case, ATI won't produce documents responsive to this Request.

Request for Production No. 2 seeks "[d]ocuments sufficient to show the target or projected return on investment (or equivalent metric) and investment hurdle rate (or equivalent metric) for forming Amazon Technologies, Inc." ATI objects to the undefined terms "target or projected return on investment," "equivalent metric," and "investment hurdle rate" as ambiguous since they could have multiple applicable definitions. ATI also objects to this Request as overly broad and unduly burdensome because it doesn't include a temporal limitation. ATI also objects to this Request as unrelated to the defendant, AWS, or the Accused Products, and thus irrelevant and not proportional to the needs of the case. Because this Request is irrelevant, not proportional to the needs of the case, overbroad, and unduly burdensome, ATI won't produce documents responsive to this Request.

Request for Production No. 3 seeks "[d]ocuments sufficient to show the target or projected return on investment (or equivalent metric) and investment hurdle rate (or equivalent metric) for products or services developed or Business Ventures engaged in by Amazon Technologies, Inc." ATI objects to the undefined terms "target or projected return on investment," "equivalent metric,"

---

[30] *See Bonutti*, 2005 WL 2848441, at *3 (finding that subpoena's request for documents over 14-year period "cannot be justified").

**FISCH SIGLER** LLP

- 14 -

and "investment hurdle rate" as ambiguous since they could have multiple applicable definitions. ATI also objects to the Request as irrelevant, overly broad, and unduly burdensome to the extent it uses Kove's definition of the term "Business Venture" as explained in ATI's General Objections. And ATI further objects to this Request, to the extent it understands the term Business Ventures, since it isn't relevant or proportional to the claims and defenses of this case.[31] ATI objects to this Request as irrelevant and not proportional to the needs of the case because target or projected investment returns or investment hurdle rates (as those terms are understood by ATI) for a third-party entity are not relevant to the claims or defenses in this case. ATI objects to this Request as overly broad and unduly burdensome because it doesn't include any temporal scope. ATI also objects to this Request because it hasn't developed any relevant products or services, including those accused in the case. Because this Request is irrelevant, unduly burdensome, and not proportional to the needs of the case, ATI won't produce responsive documents.

Request for Production No. 4 seeks "[d]ocuments sufficient to show the actual return on investment (or equivalent metric) between 2003 and 2020 for the investment into Amazon Technologies, Inc." ATI objects to the undefined terms "actual return on investment," "equivalent metric," and "investment into Amazon Technologies, Inc." as ambiguous since they could have multiple applicable definitions. ATI also objects to this Request as vague and ambiguous since it seeks documents regarding "the investment into Amazon Technologies, Inc." because it is unclear what investment or investments Kove is referencing or what entity or person made the unspecified investment. ATI objects to the 18-year temporal scope of this Request because it includes time periods which aren't relevant and is overly broad, unduly burdensome, and not proportional to the needs of the case. The marginal relevance of documents going back 18 years doesn't outweigh the burden on ATI to collect, review, and produce responsive documents.[32] ATI also objects as the information sought isn't relevant to the claims and defenses or proportional to the needs of the case. Because this Request is irrelevant, not proportional to the needs of the case, and unduly burdensome, ATI won't produce documents responsive to this Request.

Request for Production No. 5 seeks "[d]ocuments sufficient to show the actual return on investment (or equivalent metric) between 2003 and 2020 for products or services developed or Business Ventures engaged in by Amazon Technologies, Inc." ATI objects to the undefined terms "actual return on investment" and "equivalent metric" as ambiguous since they could have multiple applicable definitions. ATI also objects to the Request as irrelevant, overly broad, and unduly burdensome using Kove's definition of the term "Business Venture" as explained in ATI's General Objections. And ATI further objects to this Request, to the extent it understands the term Business Ventures, since it isn't relevant or proportional to the claims and defenses of this case. ATI objects to this Request as not relevant to the claims and defenses and not proportional to the needs of the case because actual return on investment (as that term is understood by ATI) for a third-party entity

---

[31] As noted, information regarding "any" transactions, licenses, sales, purchase, settlements, or agreements involving intellectual property isn't relevant and proportional to the needs of the case.

[32] *See Bonutti*, 2005 WL 2848441, at *3.

**FISCH SIGLER** LLP

- 15 -

isn't relevant to the claims or defenses in this case. ATI further objects to this Request as irrelevant and not proportional to the needs of the case as documents over an 18-year period regarding ATI are not related to the claims or defenses in the case. ATI also objects to this Request because it hasn't developed any relevant products or services, including those accused in this case. Because this Request is irrelevant, overly broad, not proportional to the needs of the case, and unduly burdensome, ATI won't produce documents responsive to this Request.

Request for Product No. 6 seeks "[d]ocuments sufficient to show and describe Your first awareness of the Asserted Patents and their Associated Patents and Applications, including (a) the date when You first became aware; (b) the circumstances under which You became aware; (c) the person(s) involved; (d) the content of any related communications or documents; and (e) the actions taken by You as a result of becoming aware, including any communications with employees of AWS or Amazon." ATI objects to the undefined terms "first awareness," "circumstances," "aware," "any related communications," and "actions" as vague, ambiguous, and overbroad because it's unclear what instances, circumstances and communications Kove is requesting documents sufficient to show. ATI also objects to this Request as overly broad and unduly burdensome because it doesn't include a temporal limitation. Further, this Request conflicts with LPR ESI 2.6(a) since documents, to the extent they exist, include emails and other forms of electronic communications. Further, a third party's knowledge regarding the Asserted Patents isn't relevant or proportional to the needs of the case. ATI also objects to the extent that this Request seeks documents protected by the attorney client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

Further, this Request is duplicative, in part, of Kove's Requests for Production 38 and 40 to AWS. RFP 38 seeks "[a]ll documents identifying, describing, or referencing the date and /or circumstances giving rise to your awareness of … the asserted patents."[33] To the extent AWS's awareness overlaps with ATI's awareness, those documents would have been collected and produced. It's not appropriate to seek documents from a non-party when they are available and have been requested from a party to the litigation.[34] Because this Request is irrelevant, not proportional to the needs of the case, unduly burdensome, and duplicative of information sought from AWS, ATI won't produce documents responsive to this Request.

---

[33] Kove's First Set of Requests for Production, June 10, 2019, at 15.

[34] *Tresóna*, 2015 WL 4911093, at *3 ("A plaintiff doesn't demonstrate a compelling need to seek duplicative third-party requests simply because a party in the underlying action fails to comply with document requests for the same information."); *Parker v. Four Seasons Hotels, Ltd.,* 291 F.R.D. 181, 188 (N.D. Ill. 2013) (quashing the plaintiff's subpoena served upon a non-party because the documents sought were duplicative of discovery requests directed to the defendant or previously could have been the subject of discovery); *Ameritox, Ltd. v. Millennium Labs, Inc.*, No. 12-cv-7493, 2012 WL 6568226, at *2–3 (N.D. Ill. Dec. 14, 2012) (granting a motion to quash nonparty subpoenas "because the requests are cumulative and duplicative of discovery requests made to the party to the litigation").

FISCH SIGLER LLP

- 16 -

Request for Production No. 7 seeks "[d]ocuments describing procedures and policies related to invention disclosures from AWS employees, applying for patents, submitting patent applications, and technology transfer from 2000 to the present." ATI objects to the undefined terms "procedures" and "policies" as vague and it is unclear what Kove is referring to. ATI objects to the 22-year temporal scope of this Request because it includes time periods which aren't relevant and is overly broad, unduly burdensome, and not proportional to the needs of the case. The marginal relevance of documents going back 22 years doesn't outweigh the burden on ATI to collect, review, and produce responsive documents.[35] And ATI objects to this Request as the time period predates the formation of AWS.

Furthermore, ATI objects to the extent that this Request seeks documents that aren't in ATI's custody, possession, or control and should be sought from AWS. Furthermore, it is ATI's understanding that Kove has been aware since at least 2019 that AWS employees may have submitted patent applications.[36] ATI also objects to this Request to the extent that it attempts to circumvent the regular discovery process. This Request seeks documents pertaining to AWS and as such cannot "employ a Rule 45 subpoena to avoid the discovery deadline and to obtain documents…that could have been requested pursuant to a Rule 34 document request well before that deadline."[37] Courts "consistently" quash subpoenas where the documents were or could have been requested from a party to the litigation during the normal course of discovery.[38] Because this Request is unduly burdensome, not proportional to the needs of the case, and should have been sought from AWS, ATI won't produce documents responsive to this Request.

Request for Production No. 8 seeks "[d]ocuments describing procedures and policies relating to communicating with AWS employees about patents and patent applications assigned to You by AWS employees or filed on behalf of AWS employees by You or a third party." ATI objects to the undefined terms "policies," "procedures," and "communicating" as ambiguous since they could have multiple applicable definitions and it is unclear what Kove is referring to. ATI objects to this Request as overly broad and unduly burdensome because it doesn't include a temporal limitation. ATI objects to this Request as seeking irrelevant information to the extent it includes patents unrelated to the underlying litigation. ATI also objects to this Request as Kove could have sought this information from AWS in discovery in the underlying case. Furthermore, ATI objects to this Request as irrelevant and not proportional to the needs of the case to the extent it seeks information on third party's filing patents on behalf of AWS employees. ATI also objects

---

[35] *See Bonutti*, 2005 WL 2848441, at *3.

[36] For example, AWS's July 24, 2019 response to Kove's Interrogatory No. 1. AWS's Responses and Objections to Kove's First Set of Interrogatories, cites to several patents assigned to ATI.

[37] *Thomas*, 2008 WL 695230, at *2.

[38] *See, e.g., Burns*, 2007 WL 1589437, at *14; *Lemoine*, 2020 WL 3316119 at *1.

FISCH SIGLER LLP

- 17 -

to this Request to the extent it attempts to end-run proper discovery procedures. It's improper to use a Fed. R. Civ. P. 45 subpoena as a means to skirt discovery deadlines and limits.[39] ATI also objects to the extent that this Request seeks documents protected by the attorney client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery. Because this Request is irrelevant, overly broad, unduly burdensome, not proportional to the needs of the case, and the information should have been sought from AWS, ATI will not produce documents responsive to this Request.

Request for Production No. 9 seeks "[d]ocuments sufficient to show any overlap in management, ownership, or control between Amazon Technologies, Inc. and AWS or Amazon.com from 2000 to the present." ATI objects to the 22-year scope of this Request because it includes time periods which aren't relevant and is overly broad, unduly burdensome, and not proportional to the needs of the case. As discussed above, the marginal relevance of documents going back 22 years doesn't outweigh the burden on ATI to collect, review, and produce responsive documents.[40] ATI also objects to this Request as irrelevant in that it seeks documents about the overlap between ATI and Amazon.com, both non-parties to the litigation. ATI objects to this Request as irrelevant and not proportional to the needs of the case because it doesn't relate to any claim or defense in the case. ATI also objects to this Request since it overlaps with Request for Production 232 to AWS which seeks documents sufficient to show the relationship between AWS and ATI.[41] As discussed above, courts disfavor requests served upon third parties when the documents are the subject of requests to a party to the litigation.[42] Because this Request is irrelevant, not proportional to the needs of the case, unduly burdensome, and duplicative of information sought from AWS, ATI won't produce documents responsive to this Request.

Request for Production No. 10 seeks "[d]ocuments and communications involving You or any AWS employee (including Swaminathan Sivasubramanian, David R. Richardson, Christopher L. Scofield, and Bradley E. Marshall) regarding any of the Asserted Patents or Associated Patents and Applications." ATI objects to this Request as vague, overbroad, irrelevant, and not proportional to the needs of the case in that it requests documents and communications involving any AWS employee regarding "any Asserted Patents or Associated Patents and Applications." Furthermore, ATI also objects to this Request as overly broad and unduly burdensome because it doesn't include a temporal limitation. And ATI objects that responsive documents, to the extent they exist, should be sought from AWS. Further, this Request conflicts with LPR ESI 2.6(a) since ATI as a non-party isn't required to collect and produce documents to the extent they exist as emails and other forms of electronic communications. ATI also objects to the extent that this

---

[39] *Id.*

[40] *See Bonutti*, 2005 WL 2848441 at *3.

[41] Kove's Ninth Set of Requests for Production, June 14, 2021, at 14.

[42] *See, Lemoine*, 2020 WL 3316119 at *1.

**FISCH SIGLER** LLP

- 18 -

Request seeks documents protected by the attorney client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery. ATI also objects to this Request to the extent that it attempts to circumvent the regular discovery process. This Request seeks documents pertaining to AWS employees and as such Kove can't "employ a Rule 45 subpoena to avoid the discovery deadline and to obtain documents…that could have been requested pursuant to a Rule 34 document request well before that deadline."[43] Courts "consistently" quash subpoenas where the documents were or could have been requested from a party to the litigation during the normal course of discovery.[44] Because this Request is irrelevant, not proportional to the needs of the case, and the information should have been sought from AWS during the discovery period, ATI will not produce documents responsive to this Request.

Request for Production No. 11 seeks "[a]ll documents shared between you and any AWS employee or any third party regarding any of the Asserted Patents or Associated Patents and Applications." ATI objects to this Request as vague, ambiguous, and overbroad in that it requests "all documents" shared between ATI and "any AWS employee" or "any third party." Documents shared between ATI and any third party regarding the Asserted Patents aren't relevant and proportional to the needs of the case. ATI also objects to this Request to the extent it attempts to circumvent discovery deadlines. Kove could have requested these documents from AWS at any time during the discovery process, yet Kove improperly delayed and utilized a third-party subpoena instead.[45] ATI also objects to the extent this Request overlaps with Kove's Request for Production 50 to AWS, which seeks all documents relating to any patents that reference the Asserted Patents or that name John Overton or Stephen Bailey as an inventor.[46] ATI further objects to the extent this Request seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery. Because this Request is not proportional to the needs of the case, overly broad, unduly burdensome, and duplicative of information sought from AWS, ATI will not produce documents responsive to this Request.

Request for Production No. 12 seeks "[s]tandard agreements between AWS employees and AWS, Amazon.com, and/or You that relate to patents or patent applications, including any obligations to assign rights in patents or patent applications or to assist or cooperate in the prosecution of patents, from 2000 to the present." ATI objects to the undefined term "standard agreements" as ambiguous since it could have multiple applicable definitions. ATI objects to the 22-year temporal scope of this Request because it includes time periods which aren't relevant and

---

[43] *Thomas*, 2008 WL 695230 at *2.

[44] *See e.g.*, *Burns*, 2007 WL 1589437 at *14; *Lemoine*, 2020 WL 3316119 at *1.

[45] *See Burns*, 2007 WL 1589437 at *14; *see also Layman*, 314 F.R.D. at 386; *Thomas*, 2008 WL 695230 at *2.

[46] Kove's First Set of Requests for Production, June 10, 2019, at 17.

FISCH SIGLER LLP

- 19 -

is overly broad, unduly burdensome, and not proportional to the needs of the case. As discussed above, the marginal relevance of documents going back 22 years doesn't outweigh the burden on ATI to collect, review, and produce responsive documents. ATI also objects as this Request is not relevant proportional to the needs of the case to the extent it seeks information regarding agreements between AWS employees and AWS or Amazon.com, Inc., each a separate entity from ATI. ATI objects to this Request to the extent it seeks documents which aren't within ATI's possession, custody, or control. ATI also objects to this Request in that it attempts to sidestep discovery deadlines with a Fed. R. Civ. P. 45 subpoena because Kove could have requested these documents from AWS during the discovery period. Courts do not allow parties to employ such subpoenas to avoid discovery deadlines and obtain documents that could have been requested pursuant to Fed. R. Civ. P. 34 document requests.[47] Because this Request is not proportional to the needs of the case, unduly burdensome, and should have been sought from AWS, ATI will not produce documents responsive to this Request.

Request for Production No. 13 seeks "[d]ocuments sufficient to show the policies, procedures, and/or practices of AWS, Amazon Technologies, Inc., and/or Amazon.com of requiring, obligating, or requesting that AWS employees assign their patent rights (including their rights as inventors), to AWS, Amazon.com, or Amazon Technologies, Inc., including employee handbooks, employee manuals, employment agreements, and the like." ATI objects to the undefined terms "policies," "procedures," "practices," and "the like" as overbroad because they are vague and undefined. ATI also objects to the scope of this Request because it includes documents which aren't relevant and is overly broad, unduly burdensome, and not proportional to the needs of the case because it isn't limited to specific patents. ATI also objects to this Request to the extent it is employing a Fed. R. Civ. P. 45 subpoena as a means to obtain documents from a party to the litigation outside discovery deadlines and limits by seeking documents from and about AWS. As discussed above, this is improper. Because this Request seeks policies, procedures, and/or practices pertaining to AWS, these documents should have been sought from AWS. ATI objects to this Request to the extent it seeks documents which aren't within ATI's possession, custody, or control. Because this Request is not proportional to the needs of the case, overly broad, unduly burdensome, and should have been sought from AWS, ATI will not produce documents responsive to this Request.

Request for Production No. 14 seeks "[d]ocuments sufficient to show the policies, procedures, and/or practices of AWS, Amazon Technologies, Inc., and Amazon.com regarding having named inventors on patent applications assist or cooperate with the prosecution of patents, from 2000 to the present." ATI objects to the terms "policies," "procedures," "practices," "assist," and "cooperate" as vague because they are undefined. ATI objects to the temporal scope of this Request because it includes a 22-year period. ATI further objects to this Request because it is unclear how documents over a 22-year period are relevant or proportional to the needs of the case. The marginal relevance of documents going back that far in time doesn't outweigh the burden on ATI as a non-party search for, review, and produce documents related to its expansive temporal

---

[47] *Supra* notes 37 and 38.

**FISCH SIGLER** LLP

- 20 -

scope. ATI objects to this Request as unduly burdensome because it's duplicative of Request 12. ATI also objects to this Request to the extent it is employing a Fed. R. Civ. P. 45 subpoena as a means to obtain documents from a party to the litigation outside discovery deadlines and limits by seeking documents from and about AWS. As discussed above, this is improper. Because this Request seeks policies, procedures, and/or practices (as ATI understands these terms) pertaining to AWS, these documents should have been sought from AWS. ATI objects to this Request to the extent it seeks documents which aren't within ATI's possession, custody, or control. Because this Request is irrelevant, overly broad, not proportional to the needs of the case, unduly burdensome, and should have been sought from AWS, ATI will not produce documents responsive to this Request.

Request for Production No. 15 seeks "[d]ocuments sufficient to show Your general policies and procedures related to notifying employees or agents of AWS or Amazon.com regarding the prosecution of patents that pertain to products developed or commercially exploited by AWS or Amazon.com." ATI objects to the undefined phrases "general policies and procedures" and "that pertain to products" as vague and overbroad in that they encompass large amounts of irrelevant documents, unrelated to the issues in the case. ATI also objects to the undefined term "commercially exploited" because it could have multiple applicable definitions. ATI objects to this Request as overly broad and unduly burdensome in that it doesn't include a temporal scope. ATI objects to the full scope of this Request as irrelevant, unduly burdensome, and not proportional to the needs of the case in that it seeks documents that pertain to any product developed or commercially exploited (to the extent ATI understands those terms) by Amazon.com, whose products aren't at issue in the case. Because this Request is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case, ATI will not produce documents responsive to this Request.

Request for Production No. 16 seeks "[d]ocuments sufficient to show Your general policies and procedures related to notifying employees or agents of AWS or Amazon regarding third party patents and patent applications identified during prosecution of AWS and Amazon patents that may be infringed by AWS or Amazon products or services." ATI objects to the undefined phrase "general policies and procedures" as vague and overbroad in that encompasses a large amount of irrelevant documents. ATI objects to this Request as overly broad and unduly burdensome in that it doesn't include a temporal scope. ATI objects to this Request as irrelevant, unduly burdensome, and not proportional to the needs of the case because it isn't related to any claim or defense in the case. ATI objects to this Request as overly broad and irrelevant to the extent it seeks information regarding Amazon products or services, as Amazon products or services aren't at issue in the case. ATI objects to this Request as overly broad and irrelevant to the extent it seeks information regarding third party patents and applications which aren't at issue in the case. ATI further objects to the extent this Request seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery. Because this Request is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case, ATI will not produce documents responsive to this Request.

**FISCH SIGLER** LLP

- 21 -

Request for Production No. 17 seeks "[d]ocuments sufficient to identify any of Your employees or officers that are also employees or officers of AWS." ATI objects to this Request because it is not relevant to the claims and defenses in the case, and thus not proportional to the needs of the case. ATI also objects to this Request an improper use of a Fed. R. Civ. P. Rule 45 subpoena to avoid discovery deadlines, which courts disfavor and consistently quash.[48] To the extent this information is relevant and proportional to the needs of the case, Kove should have sought any responsive documents from AWS. Because this Request is irrelevant, not proportional to the needs of the case, unduly burdensome, and should have been sought from AWS, ATI will not produce documents responsive to this Request.

Request for Production No. 18 seeks "[a]ll documents and communications relating to U.S. patent [*sic*] Application No. 13/042,301 and its Associated Patents and Applications that mention any of the Asserted Patents or the Asserted Patents' Associated Patents and Applications." ATI objects to this Request as an improper attempt to circumvent discovery deadlines considering Kove has been aware of U.S. Patent Application No. 13/042,301 since at least July 2019 when AWS produced and directed Kove toward U.S. Patent No. 8,239,571 in its response to Kove's Interrogatory No. 1.[49] Further, this Request conflicts with LPR ESI 2.6(a) since ATI as a non-party isn't required to collect and produce communications to the extent they include emails and other forms of electronic communications. ATI objects to this Request as overbroad and unduly burdensome to the extent it seeks all documents and communications regarding "U.S. patent Application No. 13/042,301 and its Associated Patents and Applications" without limitation. ATI also objects to the extent that this Request seeks documents protected by the attorney client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery. ATI also objects to this Request an improper use of a Fed. R. Civ. P. Rule 45 subpoena to avoid discovery deadlines, which courts disfavor and consistently quash.[50] To the extent this information is relevant and proportional to the needs of the case, Kove should have sought any responsive documents from AWS during the discovery period. Because this Request is irrelevant, not proportional to the needs of the case, unduly burdensome, and should have been sought from AWS, ATI will not produce documents responsive to this Request.

Request for Production No. 19 seeks "[a]ll documents and communications related to the execution of the Patent Assignment recorded at Reel/Frame No. 025914/0374." ATI objects because this Request conflicts with LPR ESI 2.6(a) since it likely encompasses the production of emails and other forms of electronic communications and ATI, as a non-party, isn't required to collect and produce them. ATI also objects to the extent that this Request seeks documents

---

[48] *Supra* notes 37 and 38.

[49] U.S. Patent No. 8,239,571 was included as part of AWS's initial response to Kove's Interrogatory No. 1 (AMZ_KOVE_000058768). AWS's Responses and Objections to Kove's First Set of Interrogatories, on July 24, 2019, at 4.

[50] *Supra* notes 37 and 38.

FISCH SIGLER LLP

- 22 -

protected by the attorney client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery. This Request is duplicative of Kove's RFP 119 to AWS. RFP 119 seeks "[t]he file histories of Your patents or patent applications in which you have cited or the examiner has cited the Patents-in-Suit."[51] A document that relates to a patent assignment would have been collected and produced by AWS as part of the file histories responsive to that requests. To the extent not covered by that RFP, ATI also objects to this Request as an improper attempt to end run discovery deadlines because Kove knew of U.S. Patent No. 8,239,571 since at least 2019, patent assignments are public knowledge, and Kove should have requested this information from AWS during the discovery period. Because this Request is irrelevant, overly broad, not proportional to the needs of the case, unduly burdensome, and duplicative, ATI will not produce documents responsive to this Request.

Request for Production No. 20 seeks "[d]ocuments sufficient to describe the history, development, operations, and corporate structure of Amazon Technologies, Inc." ATI objects to this Request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks information regarding a third party and isn't related to the Accused Products. ATI objects to this Request as overly broad and unduly burdensome because it doesn't include a temporal scope. ATI also objects to this Request to the extent it seeks documents not in the possession, custody, and/or control of ATI. Because this Request is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case, ATI won't produce documents responsive to the Request.

Request for Production No. 21 seeks "[d]ocuments sufficient to describe the relationship between ATI and AWS, including the services that Amazon Technologies, Inc. and AWS provide for one another and their corporate relationship." ATI objects to this Request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks documents not related to the Accused Products or any other claim or defense in the case. ATI objects to this Request as overly broad and unduly burdensome because it doesn't include a temporal scope. ATI also objects to this Request because it is fully duplicative of Kove's RFP 232 to AWS. That Request seeks "[d]ocuments sufficient to show the relationship between AWS and Amazon Technologies, Inc…"[52] Because this Request is irrelevant, overly broad, unduly burdensome, and duplicative, ATI won't produce documents responsive to this Request.

---

[51] Kove's First Set of Requests for Production, June 10, 2019, at 29.

[52] Kove's Ninth Set of Requests for Production, June 14, 2021, at 14.

**FISCH SIGLER** LLP

- 23 -

ATI also reserves its right to seek to quash or limit the Subpoena if necessary, but hopes to avoid burdening the Court with such a motion. To that end, ATI is willing to meet and confer regarding its objections.

Sincerely,

Lisa Phillips