**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Kove IO, Inc., | Civil Action No. 1:18-cv-08175 |
| Plaintiff, | Hon. Matthew F. Kennelly |
| v. | Jury Trial Demanded |
| Amazon Web Services, Inc., | |
| Defendant. | |

**KOVE IO, INC.'S MOTION TO COMPEL
AWS TO PROVIDE CORPORATE TESTIMONY ON TWO DISCRETE ISSUES**

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................... 1

BACKGROUND ............................................................................................................. 2

      A.     Kove's Deposition Notices ........................................................................ 2

      B.     Issues In Dispute ...................................................................................... 2

      C.     Compliance With Local Rule..................................................................... 3

LEGAL STANDARD....................................................................................................... 4

ARGUMENT .................................................................................................................. 4

      A.     Topics 82 and 83 Were Properly Served And The Court Should Compel AWS To Provide Testimony Pursuant To These Topics.................................................. 4

      B.     Each of the Disputed Issues Fits Within Kove's Previously Served Deposition Topics........................................................................................................... 6

            1.     Issue One: Non-Infringing Predecessor Products (Topic 62) .................... 7

            2.     Issue Two: Service-Level Agreements (Topics 61 and 28)........................ 9

            3.     Kove's January Notice Does Not Concede Topic Scope.......................... 10

CONCLUSION............................................................................................................. 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Beloit Liquidating Trust v. Century Indem. Co.*,
　2003 WL 355743 (N.D. Ill. Feb. 13, 2003) ...................................................................4

*Century Surety Co. v. Smith*,
　2014 WL 7666061 (D. Colo. Jan. 21, 2015)..............................................................10

*Centurylink Commc'ns LLC v. Peerless Network, Inc.*,
　2020 WL 11647818 (N.D. Ill. Jan 28, 2020)................................................................5

*Dongguk Univ. v. Yale Univ.*,
　270 F.R.D. 70 (D. Conn. 2010)...................................................................................6

*Gile v. United Airlines, Inc.*,
　95 F.3d 492 (7th Cir. 1996) .........................................................................................4

*Kodish v. Oakbrook Terrace Fire Prot. Dist.*,
　235 F.R.D. 447 (N.D. Ill. 2006)...................................................................................4

*Patterson v. Avery Dennison Corp.*,
　281 F.3d 676 (7th Cir. 2002) .......................................................................................4

*Playboy Enters. Int'l, Inc. v. Smartitan Pte. Ltd.*,
　2011 WL 5529928 (N.D. Ill. Nov. 14, 2011) ..............................................................6

*Prism Techs. LLC v. Sprint Spectrum L.P.*,
　849 F.3d 1360 (Fed. Cir. 2017)...................................................................................8

*Seaga Mfg., Inc. v. Intermatic Mfg. Ltd.*,
　2013 WL 3672964 (N.D. Ill. July 12, 2013)................................................................5

**Rules**

Federal Rule of Civil Procedure 26(c) ................................................................................4

Federal Rule of Civil Procedure 30 ....................................................................................6

Federal Rule of Civil Procedure 30(b)(6) ...................................................................4, 5, 6

## INTRODUCTION

Kove seeks to compel corporate testimony on two discrete, specifically identified issues: non-infringing predecessor products and performance guarantees tied to the core benefits of the patented invention. AWS refuses to provide that testimony. AWS has not claimed that the information Kove seeks is irrelevant or that it would be too burdensome to prepare a witness to testify on these issues. Nor could it: AWS has either agreed or been ordered to produce documents on these very issues. Instead, AWS refuses to provide the requested testimony on procedural grounds.

There are two sets of deposition notices at issue, each of which independently justifies Kove's requested relief: (1) a January Notice, which *expressly* identifies the issues on which Kove seeks testimony (in Topics 82 and 83, and in a modified version of Topic 62), and (2) earlier-served notices, which cover the disputed issues but with broader language (Topics 28, 61, and 62). AWS refuses to provide the requested testimony in connection with *any* of the noticed topics.

AWS claims that the January Notice is invalid because the Notice withdrew and replaced topics. But there is no authority prohibiting replacement topics, especially where, as here, AWS had "no corporate witness who could testify" as to the withdrawn topics. As to the earlier-served notices, AWS claims that the issues in dispute fall outside the scope of the noticed topics. But even a cursory examination of Kove's topics shows that AWS is mistaken. Kove therefore moves to compel testimony about these issues under Kove Topics 82 and 83 or, alternatively, under Kove Topics, 28, 61 and 62.

Kove requests expedited briefing of this Motion in light of the upcoming May 5, 2023 fact discovery cut-off.

# BACKGROUND

## A.  Kove's Deposition Notices

At the parties' request, the Court entered an order limiting discovery to "90 30(b)(6) topics per party."  Dkt. 321.  In December 2019, Kove noticed the deposition of AWS and identified 35 topics.  Ex. A.  AWS objected to each topic and did not agree to provide testimony for many of the noticed topics.  *See* Ex. B.  As discovery continued and Kove obtained additional information, Kove served additional 30(b)(6) topics.  Ex. D; Ex. E.  AWS continued to object to each and every topic and refused to provide the requested testimony as to many of the topics.  *See, e.g.*, Ex. C O&Rs; Ex. F.

In an effort to address some of these objections, Kove served a Supplemental Notice in January.  Ex. I (the "January Notice").  The January Notice responded to AWS's objections by modifying topics that AWS claimed not to understand or to which it had objected.  The Notice also withdrew and replaced topics for which AWS refused to provide corporate testimony.  With the exception of one topic in the January Notice, AWS's position is that Kove previously served 90 topics and could not modify, withdraw, or replace previously-served Topics, even for Topics 82 and 83, to which AWS objected and said it had no corporate witness to provide, and for Topic 62, which was modified in direct response to AWS's objections.  Ex. J (Letter from AWS, dated February 10, 2023).  AWS also refused to provide the requested testimony even though they were subsumed by various Topics in Kove's original set of 90 topics.  Ex. K (Email from AWS, dated March 22, 2023).

## B.  Issues In Dispute

In this motion, Kove seeks testimony on two discrete issues.  The first issue—which

corresponds to Topics 62[1] and 82—relates to non-infringing predecessor products or designs that AWS considered and rejected when designing the Accused Products, including ███████████ ██████ Kove has already sought and obtained an order requiring AWS to produce documents on these issues.  *See* Dkt. 562 at 2 (ordering production of "documents relating to the design, development, and rejection of predecessor products").  As explained in previous briefing, information regarding these predecessor products is relevant to damages, since it speaks to the benefit and value AWS obtained from the infringing designs, as compared to the alternative designs they rejected.  *See* Dkt. 409 at 13-14 (recognizing predecessor products and rejected designs as potential non-infringing alternatives).

The second issue—which corresponds to Topics 28, 61, and 83—relates to "Service Level Agreements" (SLAs).  SLAs are quality-of-service guarantees that AWS offers to customers.  To back-up the guarantee, SLAs promise customers a pricing discount or refund if AWS fails to provide the promised level of performance.  *See, e.g.*, Ex. R (AWS Response to ROG 22) at 27-28; Ex. V (example SLA).  With respect to the Accused Products, AWS offers SLAs relating to availability (i.e., uptime), and ███████████████████████

Information regarding SLAs is uniquely valuable, as it shows the monetary value that AWS and its customers assign to increased availability—one of the key benefits of Kove's invention.

AWS refuses to provide testimony with respect to either issue.

### C.  Compliance With Local Rule

The parties met and conferred at length—in writing and over phone conversations—about whether AWS would provide the sought-after testimony pursuant to either Topics 82 and 83 or 62

---

[1] Kove's January Notice modified Topic 62 in direct response to AWS's objections to the original Topic 62.  As explained *infra* at 7-8, both versions of Topic 62 (original and as-modified) cover predecessor products.

as modified in the January Notice or under the originally served Topic 28, 61, and 62.  *See, e.g.*, Ex. L; Ex. M; Ex. S, Ex. T.  AWS refused.  *See, e.g.*, Ex. M; Ex. S; Ex. U.  The parties discussed these issues on multiple occasions, most recently over the phone on March 30th.

## LEGAL STANDARD

Under Rule 30(b)(6), business entities must designate an individual knowledgeable about subjects requested in a Rule 30(b)(6) deposition notice.  *See Beloit Liquidating Trust v. Century Indem. Co.*, 2003 WL 355743, at *2 (N.D. Ill. Feb. 13, 2003).  "Before restricting discovery, the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it," and "society's interest in . . . 'truthseeking.'"  *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).  "The burden rests upon the objecting party to show why a particular discovery request is improper."  *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006).  In the context of motions to compel, "district court[s] may grant or deny the motion in whole or in part, and similar to ruling on a request for a protective order under Rule 26(c), the district court may fashion a ruling appropriate for the circumstances of the case."  *Gile v. United Airlines, Inc.,* 95 F.3d 492, 496 (7th Cir. 1996).

## ARGUMENT

### A. Topics 82 and 83 Were Properly Served And The Court Should Compel AWS To Provide Testimony Pursuant To These Topics

The Court should order AWS to provide corporate testimony on the disputed issues pursuant to Topics 82 and 83 in Kove's January Notice.  *See* Ex. I at 12-23.  As explained above, Topics 82 and 83 are replacement topics.  Kove withdrew the originally-served version of these topics after AWS stated that it had no information to provide and "therefore has no corporate witness who could testify on this topic."  Ex. F at 11-12; *see also* Ex. I at 12-13.  The parties'

4

dispute with respect to these topics turns on whether this withdrawal was proper.

AWS's position seems to be that the Court's order setting a 90-topic limit precludes Kove from withdrawing or modifying topics. The order says no such thing. Instead, the parties agreed to limit 30(b)(6) testimony to "90 30(b)(6) topics per party." Dkt. 320. Kove seeks testimony for fewer than 90 topics. Thus, the parties' agreement does not serve as any obstacle to the topics set forth in Kove's January notice. AWS's interpretation artificially and improperly reads the word "served" into the parties' agreement and the Court's order.

Moreover, prohibiting Kove from withdrawing topics on which AWS had no corporate witness who could testify is inconsistent with the case law, which recognizes the burden associated with 30(b)(6) witnesses stems from preparing the witnesses for testimony not from drafting written objections and responses. *See, e.g.*, *Seaga Mfg., Inc. v. Intermatic Mfg. Ltd.*, 2013 WL 3672964, at *2 (N.D. Ill. July 12, 2013) (burden arises from "[p]reparing a Rule 30(b)(6) designee"); *Centurylink Commc'ns LLC v. Peerless Network, Inc.*, 2020 WL 11647818, at *1 (N.D. Ill. Jan 28, 2020) (burden arises from "educating and presenting a representative deponent"). AWS did not prepare a witness to testify on Topics 82 and 83 (which were served in January), so it cannot claim prejudice or burden with respect to those topics.

Also, as explained above, the issues covered by Topic 82 (non-infringing predecessor products**)** and Topic 83 (performance guarantees and rebates tied to one of the core benefits of the patented invention) are both important to damages. *See supra* at 3. For Topic 82, the significance of the predecessor products was highlighted by court-ordered ESI documents from the files of AWS's former CEO, Mr. Jassy, just a few months before Kove served the January Notice. *See* Dkt. 601 Exs. D, E. Further, AWS has collected and produced documents for each of these topics,

so there should be no undue burden associated with preparing witnesses to testify to these issues. *See supra* at 3.

### B. Each of the Disputed Issues Fits Within Kove's Previously Served Deposition Topics.

AWS's basis for refusing to provide testimony on the disputed issues for the topics served before January 2023 (i.e., Topics 28, 61, and original Topic 62), is its view that the issues are not covered by such topics. AWS's argument misreads the purpose of noticing 30(b)(6) topics. The purpose of 30(b)(6) topics is to put the deposed party on notice of the issues that will be explored at deposition so that the deposed party can identify and prepare its witnesses. *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010).

Given the inherent ambiguity in written words, it is not possible for deposition topics to expressly identify every possible sub-issue they encompass. This is why Rule 30 requires parties to confer in advance of a deposition. *See* Fed. R. Civ. P. 30(b)(6) (requiring parties to "confer in good faith about the matters for examination."); *see also Playboy Enters. Int'l, Inc. v. Smartitan Pte. Ltd.*, 2011 WL 5529928, at *1 (N.D. Ill. Nov. 14, 2011) ("To facilitate such preparation in accordance with Rule 30(b)(6), counsel are encouraged to meet and confer prior to that deposition regarding the areas of inquiry Playboy intends to cover so that there is no doubt about the subjects the witness should be prepared to address.").

Here, Kove's topics and follow-up correspondence put AWS on notice regarding Kove's intended areas of inquiry. That should be the end of the matter. But even under AWS's more restrictive reading, a cursory examination of Kove's topics confirms that the original Kove topics cover the information Kove seeks.

### 1.  Issue One: Non-Infringing Predecessor Products (Topic 62)

| Kove Topic | Issue On Which Kove Seeks Testimony |
|---|---|
| Topic 62: The non-infringing alternatives to the patented technology for Amazon S3 and DynamoDB, including the costs necessary to implement each non-infringing alternative, the financial impact of the implementation of each non-infringing alternatives, and the commercial acceptability to Amazon and its customers. Ex. D at 11. | Non-infringing predecessor products or designs that AWS considered and rejected when designing the Accused Products, including ████████████████████████████ |

Kove Topic 62 seeks testimony regarding non-infringing alternatives.  Yet, AWS refuses to provide testimony on non-infringing predecessor products.  AWS has not offered any substantive justification for its refusal to provide the requested testimony.

The Predecessor products are potential non-infringing alternatives.  Indeed, Kove has successfully moved the Court to order AWS to produce documents relating to these products, for that exact reason.  Dkt. 409 at 14 ("Predecessor products . . . may also be relevant to the consideration of non-infringing alternatives[.]"); Dkt. 562 at 2 (granting motion); *see also* Ex. N (Kove response to AWS Interrogatory on damages, dated April 4, 2023) at 24.

This view of the topic is confirmed by Kove's response to AWS objections.  AWS initially objected to Topic 62 on the grounds that the term "non-infringing alternative" "is a legal determination and AWS can't prepare a corporate witness to testify what may be considered a 'potentially non-infringing alternative' . . ."  Ex. C (AWS Amended O&Rs) at 37; Ex. B (AWS O&Rs) at 17.  To accommodate these objections, Kove modified the topic to clarify the scope of requested testimony and accommodate AWS's objection.  Specifically, Kove replaced the term "non-infringing alternatives" with a defined term that expressly identified predecessor products as an area of intended inquiry.  *See* Ex. I (January Notice) at 9 (Kove seeks testimony on "designs

that were considered and rejected by AWS during the design and development of the Accused Products ████████████████████████████████ AWS cannot object to a topic as improper, and then resist reasonable efforts to cure the purported deficiency.

In the lead-up to this motion, AWS suggested that in August 2021, the parties agreed to a narrower scope for Topic 62.[2] Specifically, AWS suggested that the parties agreed to limit the scope of the then-defined term "Alternatives" to exclude the predecessor products at issue here. That is not so. Topic 62 was not discussed by the parties in 2021;[3] instead this topic was first discussed by the parties over the past few months. Moreover, the defined term "Alternatives" is not used in the original version of Topic 62, so a discussion in 2021 about the scope of that term could not have related to Topic 62.

Irrespective, Kove would be entitled to clarify its intended scope of inquiry to account for recent discovery—including discovery from AWS's founder and former CEO, Mr. Jassy, that confirmed the significance of predecessor products and rejected designs. *See* Dkt. 601 Exs. D, E; *cf.* Ex. O (AWS agreeing that the scope of depositions would "potentially be impacted" by the then-pending discovery motions, and refusing to proceed with any depositions until the then-pending motions practice was resolved).

Testimony about non-infringing predecessor products that were ████████████ ████████████████████████████████████████████████████████████████████ ████████████ is important to the hypothetical negotiation and relevant to damages. *See Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1376 (Fed. Cir. 2017) ("A price for a

---

[2] *See* Ex. M (Email from AWS, dated April 4, 2023).

[3] Prior to the stay, the parties conferred regarding the scope of 26 topics: 7-10, 15-17, 26, 29, 30, 32, 37-38, 39, 43, 54, 55, 56, 63, and 82-88. *See* Ex. P; Ex. Q; Ex. W. These discussions did not include Topic 62, as AWS sought to limit the discussion to topics that would be covered in the then-upcoming depositions. *See* Ex. P ("AWS proposes that the parties focus [on] the Topics by confirmed witness.").

hypothetical license may appropriately be based on consideration of the costs and availability of non-infringing alternatives[.]" (cleaned up)). And there is no undue burden associated with asking AWS to testify about the subject matters in its production documents.

### 2. Issue Two: Service-Level Agreements (Topics 61 and 28)

| Kove Topic | Issue On Which Kove Seeks Testimony |
|---|---|
| Topic 61: The importance of speed, scalability, and availability to Amazon S3 and DynamoDB and the Relevant Features. Ex. D at 11.<br><br>Topic 28: The pricing of the Accused Products, including the manner in which You derive or establish Your pricing and any analyses or studies associated with your pricing. Ex. A at 12 | AWS's Service Level Agreements (SLAs) for the Accused Products as they relate to pricing or speed, scalability or availability to Amazon S3 and Dynamo DB and the Relevant Features |

Kove seeks corporate testimony on AWS's Service Level Agreements (SLAs). The testimony Kove seeks falls squarely within the scope of Topics 61 and 28. As explained above, SLAs guarantee that the Accused Products will meet particular performance standards, and entitle customers to pricing discounts or refunds if AWS fails to meet those standards. Information regarding SLAs falls squarely within the scope of Topic 61, since SLAs quantify the importance of product performance (along dimensions included in the SLAs) and incorporate key performance thresholds. Separately, information regarding SLAs falls squarely within Topic 28, since the performance guarantees are implemented through changes to product pricing.

As with the other topics in this motion, the parties did not reach any prior agreement regarding the scope of Topics 28 or 61. Nor did the parties confer on these topics prior to January 2023. *See supra* n.5.

9

### 3. Kove's January Notice Does Not Concede Topic Scope

The topics in Kove's January Notice are more specific than those that came before. AWS has suggested that the greater level of precision in the January Notice amounts to a concession that the testimony Kove seeks is not covered by the previously-served topics. Not so. Kove served the January Notice as a response to AWS's object-to-everything approach in an attempt to avoid disputes.

As explained above, when AWS agreed to provide testimony, it frequently—and unilaterally—construed Kove's topics narrowly, leading to persistent "scope" objections in Kove's 30(b)(6) depositions. For example, in Kove's most recent 30(b)(6) deposition, AWS made over 150 scope objections. *See generally*, Ex. G (Nathan Hunt Tr.). In the deposition before that, AWS objected to scope *over 200* times. *See generally*, Ex. H (Kevin Gasper Tr.). Kove served its January Notice to avoid similar scope disputes and disruptions in upcoming depositions, and to remove any doubt or uncertainty as to the issues Kove intended to pursue.

Parties routinely serve overlapping deposition topics to reduce uncertainty and help the noticed party identify and prepare witnesses. In this sense, the overlap between Kove's January Notice and its previously-served topics is a feature, not a bug. *See Century Surety Co. v. Smith*, 2014 WL 7666061, at *4 (D. Colo. Jan. 21, 2015) ("The notice identifies 55 topics to be covered—but most of the topics are related to each other and are used redundantly to clarify and narrow the discussion. For example, topics 24 and 25 . . . could have been stated as one item, and stating them as two items does not thereby double their burden.").

### CONCLUSION

For the reasons herein, Kove respectfully requests that the Court compel AWS to provide testimony under Kove's Topics 82 and 83 in the January Notice or alternatively, to include Issues 1 and 2 briefed herein within the scope of testimony provided under Topics 28, 61 and 62.

Dated: April 7, 2023

Respectfully submitted,

*/s/ Adam Adler*

Khue V. Hoang *(pro hac vice)*
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia *(pro hac vice)*
jcardenas-navia@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
Telephone: (212) 381-1965
Facsimile: (650) 560-3501

Christine E. Lehman *(pro hac vice)*
clehman@reichmanjorgensen.com
Adam Adler *(pro hac vice)*
aadler@reichmanjorgensen.com
Philip Eklem *(pro hac vice)*
peklem@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 894-7310
Facsimile: (650) 560-3501

Taylor Mauze *(pro hac vice)*
tmauze@reichmanjorgensen.com
Navid Bayar *(pro hac vice)*
nbayar@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
7500 Rialto Blvd., Suite 1-250
Austin, TX 78735
Telephone: (650) 623-1401
Facsimile: (650) 560-3501

Renato Mariotti (State Bar No. 6323198)
renatto.mariotti@bclplaw.com
Holly H. Campbell (State Bar No. 6320395)
holly.campbell@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Suite 4300
Chicago, IL 60601
Telephone: (312) 602-5000

Courtland L. Reichman *(pro hac vice)*
creichman@reichmanjorgensen.com
Shawna L. Ballard (*pro hac vice*)
sballard@reichmanjorgensen.com
Savannah Carnes *(pro hac vice)*
scarnes@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Facsimile: (650) 560-3501

***ATTORNEYS FOR PLAINTIFF
KOVE IO, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of April, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Adam Adler*
Adam Adler