# Exhibit J

# FISCH SIGLER LLP

5301 Wisconsin Avenue NW | Fourth Floor | Washington, DC 20015 USA

February 10, 2023

**Lisa Phillips**
**Partner**
Lisa.Phillips@FischLLP.com
Direct: +1.202.362.3521
Main:  +1.202.362.3500

**VIA EMAIL**

Navid Bayar
Reichman Jorgensen Lehman & Feldberg LLP
7500 Rialto Blvd., Suite I-250
Austin, TX 78735
nbayar@reichmanjorgensen.com

Re:    *Kove IO, Inc. v. Amazon Web Services, Inc.*,
Case No. 18-cv-8175 (N.D. Ill.)

Dear Navid:

Thank you for your time on the February 2 meet and confer and for your February 6 letter. I've addressed the issues raised in your letter relating to the parties' discussion below. The issues related to the Rule 45 subpoenas were addressed under separate cover.[1]

**Amazon Will Offer Werner Vogels for Deposition, but Maintains its Objections with Respect to Andy Jassy's Deposition**

In your letter, you requested an update by February 8 regarding Mr. Vogel's and Mr. Jassy's depositions.[2] Although Amazon stated that it would try to have an answer to Kove by early this week, it also noted that, given their positions, it may require more time. In an effort to avoid unnecessary motions practice and move discovery forward, Amazon is willing to offer Mr. Vogels for deposition and is working on available dates. And Amazon has responded regarding Mr. Jassy's deposition under separate cover.[3]

**Scheduling Each Party's Noticed Fact and Corporate Depositions**

Amazon agrees that the parties should begin working on deposition scheduling. To that end, Amazon asked Kove on the meet and confer to look into Mr. Overton's and Mr. Poling's availability for deposition. And Amazon also asked about deposition availability for the

---

[1] *See* February 9, 2023 L. Phillips letter to N. Bayar.

[2] February 6, 2023 N. Bayar letter to Counsel, at 2.

[3] *See* February 8, 2023 A. Fisch letter to C. Reichman.

**FISCH SIGLER** LLP

- 2 -

subpoenaed third-parties.[4] Please let me know availability so that the deposition schedule may be planned accordingly.

With respect to Kove's Rule 30(b)(6) topics, as noted during the meet and confer, before the stay, the parties came to agreement on the scope of some of them during an August 6, 2021 meet and confer, specifically, Topic Nos. 7, 8, 9, 10, 26, 29, 30, 32, 55, 56, 82, and 83.[5]

But, many of Kove's other Rule 30(b)(6) topics are objectionable as to scope and specificity, among other issues. During last week's meet and confer, Kove asked which of its Rule 30(b)(6) topics Amazon believes still require discussion. In the interest of cooperating to facilitate deposition scheduling, Amazon would be amenable to a meet and confer late next week to discuss Kove's Rule 30(b)(6) Topic Nos. 22, 24, 25, 31, 34, 35, 41, 42, 52, 62, 70, and 81. Please let me know when you're available. Once the parties agree on the scope of these topics, Amazon will be able to provide the number of designees and related information (and will provide specific topic number designations 10 days prior to each designee's deposition).

Further, to the extent Kove doesn't accept Amazon's written responses which indicate the scope on which it will offer a witness on the remaining topics (*i.e.*, those not listed in the above paragraphs or in n.5 below), please let me know so that the parties may schedule another meet and confer to discuss them. Please also provide the specific topic numbers well in advance of any scheduled meet and confer. Amazon will not agree to meet on confer with respect to topics on which Kove hasn't given prior notice.

**Kove's Attempt to Withdraw, Replace, and/or Modify Certain Rule 30(b)(6) Topics is Improper**

On January 31, Kove served a supplemental Rule 30(b)(6) deposition notice, which purports to withdraw and replace Topic Nos. 27, 39, 60, 82, 83, 84, and 85, as well as, modify Topic Nos. 40 and 62. In the accompanying correspondence, you acknowledge that the notice addresses duplicative topics, topics that were the subject of Amazon's successful request for a protective order, and "topics that are no longer a priority with the evolution of the case and case discovery."[6] Amazon objects to Kove's improper attempt to skirt the limits on the number of Rule

---

[4] Specifically, these are at least Arctide, LLC, Robert Dellenbach, Founder's Capital Corp., Josiah Lee Auspitz, and Michael Pechette. Although Reichman accepted service of the subpoena to Brian Toonen, it's unclear whether Reichman is representing him. Please let me know one way or the other.

[5] In addition, Kove's Topic Nos. 1-6, 15-17, 37-39, 43, 54, and 63 were completed prior to the stay. Further, the Court determined that Topic Nos. 71-74 were unnecessary. Dkt. 303, 40:2-10. So, Amazon won't offer a witness on those topics.

[6] January 31, 2023 N. Bayar letter to Counsel.

FISCH SIGLER LLP

- 3 -

30(b)(6) topics by "withdrawing" previously served topics, after Amazon served its responses and objections to them.[7]

Courts have found that, when discovery requests with a numerical limit are served, whether or not they are answered, they count towards the applicable limit.[8] And nothing in the rules allows a propounding party, like Kove, "to unilaterally 'withdraw' [discovery requests] after they are served, particularly after the responding party incurs the burden of preparing and serving objections…"[9] This makes good sense given that if it weren't the case, a party could withdraw its discovery requests after the opposing party served its responses and objections, "circumvent[ing] the whole purpose of the numerical limit…"[10]

Here, the parties agreed to, and the Court ordered, a limit of 90 Rule 30(b)(6) topics per party.[11] As there's a numerical limit on the number of Rule 30(b)(6) topics, Kove isn't permitted to withdraw and replace and modify previously-served topics well after Amazon served its responses and objections – in some cases over three years later. Kove even attempts to rewrite its deposition Topic Nos. 84 and 85, which Amazon not only responded to, but was forced to undertake motions practice to address. Further, Amazon already provided testimony for Topic No. 39, which Kove is attempting to withdraw and replace with an alternative topic that is unrelated to the original. Thus, please confirm Kove will withdraw this deposition notice in full. If Kove refuses to do so, please provide case law supporting your position that the notice is proper in advance of the next meet and confer and be prepared to discuss the issue.

**Amended Contentions Logistics**

Thank you for Kove's February 8 email regarding the contentions. As discussed during last week's meet and confer, Amazon's position is that it isn't efficient for the parties to proceed with serving the amended contentions relating to the Court's claim construction order, followed by a second round to address Kove's reexamination-related disclaimers. Amazon is still considering the issue and will respond with its proposal under separate cover.

---

[7] Amazon reserves its right to serve formal objections and responses to the January 31 notice.

[8] *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 588 (C.D. Cal. 1999) (finding that, Rule 33(a) by its "express terms, make[s] it… clear that *every* interrogatory which is *served*, including any discrete subparts, shall be counted against the numerical limit.") (emphasis in original).

[9] *Id. See also*, *Robinson v. Mathis*, Case. No. 220CV02435SHLATC, 2021 WL 6804133, at n.10 (W.D. Tenn. Sept. 14, 2021) (same).

[10] *Walker*, 186 F.R.D. at 588; *Robinson,* 2021 WL 6804133, at n.10.

[11] Dkt. 320, at ¶ 4.a; Dkt. 321, at ¶ 1.

**FISCH SIGLER** LLP

- 4 -

\*\*\*\*\*\*\*\*\*

  Amazon agrees that the parties should schedule another meet and confer but we aren't available today. Amazon is available at 3:00pm ET on Monday, February 13. If that time works, please circulate dial in information for the call. Thank you.

      Sincerely,

      Lisa Phillips