**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KOVE IO, INC.,

     *Plaintiff,*

   v.

AMAZON WEB SERVICES, INC.,

     *Defendant.*

Case No. 1:18-cv-8175

████████████████████

<u>**AMAZON WEB SERVICES, INC.'S OPPOSITION TO
KOVE'S MOTION TO COMPEL (DKT. 629)**</u>

Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Lisa Phillips (*pro hac vice*)
*lisa.phillips@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Suite 400
Washington, DC 20015
202.362.3500

*Attorneys for Amazon Web Services, Inc.*

**<u>TABLE OF CONTENTS</u>**

I.    INTRODUCTION ............................................................................................................. 1

II.   BACKGROUND ............................................................................................................... 4

    A.    April 2021: The Court Imposes the 90-Topic Limit ................................................. 4

    B.    August 2021: Kove Serves Its Remaining Seven Allotted Topics .............................. 5

    C.    January 2023: Kove Attempts to Exceed the 90-Topic Limit ...................................... 6

    D.    Kove's Present Motion on Topics 82 and 83 ............................................................. 8

III.  ARGUMENT ...................................................................................................................... 9

    A.    Kove Misrepresents the Law in Attempting to Exceed the Court-Ordered 90-Topic
           Limit. ........................................................................................................................... 9

    B.    Kove's New Topics 82 and 83 Seek Different Information Than What Kove Sought
           and Amazon Responded to in Kove's 90 Properly Served Topics. ........................... 12

IV.  CONCLUSION ............................................................................................................... 15

i

## I.     INTRODUCTION

Two years ago, the Court set a limit of 90 Rule 30(b)(6) topics and limits on other types of discovery. It did so to "streamline the remaining discovery to complete."[1] Kove's Eighth Supplemental Notice of Deposition of Amazon, served in January, did the opposite. It added nine additional 30(b)(6) topics, thus bringing Kove's total to 99 topics. Amazon objected to Kove's unilateral attempt to breach the court-ordered limits. This wasn't an academic objection, either—Kove's Eighth notice sought to withdraw and replace a host of topics that Amazon had already responded to and prepared witnesses for, or had successfully moved for a protective order on. Yet, Kove has declined to withdraw this improper notice, or seek leave to exceed the limit. And its motion, which now seeks to withdraw and replace two topics (82 and 83) that it served over two years ago, is premised on Kove's misrepresentation of this court's law and the discovery record.

Kove asserts that this court's case law permits the withdrawal and replacement of topics if the opposing party hasn't yet prepared a witness to testify in response.[2] That's untrue. The two cases Kove cites don't address this issue at all, and contain only the unremarkable statement that preparing 30(b)(6) witnesses can be burdensome.[3] And though searches of this court's case law uncovered none specifically on point, other courts have forbidden gambits like Kove's here. The most instructive of these is a 1999 California case, *Walker v. Lakewood Condominium Owners Association*, where the court explained that allowing a party to "withdraw" previously served discovery requests or deem them "revised" would "circumvent the whole purpose of the numerical

---

[1] Dkt. 321 at 1; *see also* Dkt. 320 (joint motion) at 2.

[2] *See* Dkt. 629 at 5.

[3] *See Seaga Mfg., Inc. v. Intermatic Mfg. Ltd.*, 2013 WL 3672964, at *2 (N.D. Ill. July 12, 2013) (preparing "a Rule 30(b)(6) designee may be an onerous and burdensome task"); *Centurylink Commc'ns LLC v. Peerless Network, Inc.*, 2020 WL 11647818, at *1 (N.D. Ill. Jan 28, 2020) (preparing a witness "can be burdensome").

limit and harass an opponent."[4] And Kove's motion shows that its new notice—if permitted—would do exactly that. Kove contends that the court's order didn't set any limit on the number of topics that Kove could serve, only the number it would actually take testimony on. If that were correct, Kove could serve (for example) 900 topics, and force Amazon to respond in writing, negotiate scope, conduct interviews to determine the appropriate witnesses, and prepare them. And then Kove could withdraw 810 topics and only take testimony on 90. If allowed, that would vastly expand, and not streamline, discovery.[5]

And, even if Kove's portrayal of the law were correct, Amazon *did* prepare a witness to testify on both topics 82 and 83 in 2021—contrary to Kove's repeated assertion in its motion that Amazon only objected to these topics and stated that it had no witness who could testify in response.[6] As further detailed below, Amazon responded in writing to these topics in March 2021. After further investigation and conferring with Kove on scope, Amazon designated and prepared a witness, █████████████████████████████████, to testify on these and other topics. And the parties set a date for that deposition in August 2021. It ultimately had to be rescheduled, and then the case was stayed. But Amazon indisputably prepared a witness on topics 82 and 83, a fact that Kove omits from its motion.

And Kove's new topics don't fall within the scope of previously served topics 82 and 83, for which Amazon had prepared ████████. For example, Kove's previously served Topic 82

---

[4] 186 F.R.D. 584, 588 (C.D. Cal. 1999) ; *see also Robinson v. Mathis*, No. 2:20-cv-2435, 2021 WL 6804133, at n.10 (W.D. Tenn. Sept. 14, 2021) (denying attempt to withdraw an interrogatory and replace it with another to stay under limit); *McClellan v. Kern County Sheriff's Office*, No. 1:10-cv-0386, 2015 WL 5732242, at *1 (E.D. Cal. Sept. 28, 2015) (holding that an interrogatory served and objected to counted against numerical limit).

[5] And as detailed below, it would be contrary to Kove's proposal that led to the court's order setting the limits. Namely, in a March 2021 email to Amazon, Kove proposed that "each party may serve 30 additional RFPs, 20 additional 30b6 Topics, and 75 total RFAs."

[6] *See* Dkt. 629 at 1, 2, 4.

2

asked about: "Your relationship with Aneeta Mishra and Aneeta Mishra X LLC."[7] And Kove now seeks to replace this topic with a request for testimony on:

> Products or designs AWS deemed insufficient or rejected in favor of the Accused Products (e.g., ██████████████████████████), including the actual or anticipated performance of those products or designs, the reasons why AWS rejected those products or designs, and how AWS accounted for those shortcomings when designing the Accused Products.[8]

As Amazon explained before this motion, this new topic is completely unrelated to the previous Topic 82. And, as further detailed below, it isn't encompassed by the other topics that Kove now relies on as an alternative basis for the relief that its motion seeks (e.g., Topic 62).[9] Indeed, if it were so included, that would beg the question of why Kove served a replacement topic.

Given Kove's misrepresentation of the law and facts about the two topics at-issue, fee-shifting here is appropriate. Amazon has devoted significant resources to responding to this motion, which followed Kove's refusal of Amazon's proposals in the March 28 status report aimed at expediting resolution and reducing party and taxpayer expense. Specifically, Amazon proposed addressing this issue orally at a hearing, or limiting briefing on it to three pages per side.[10] Kove declined these proposals, and filed its 10-page motion 10 days later.[11] Further, before this briefing, Kove's excessive Eighth notice required Amazon to devote resources to extensive correspondence and numerous meet and confers on the issue. And this isn't the first time Kove has tried to unilaterally exceed discovery limits in this case and forced Amazon to expend resources in response, as

---

[7] These names came from an unrelated Patent Office filing.

[8] Dkt. 629-10 at 12; *see also* Dkt. 629 at 1, 10 (Kove's motion requesting testimony on new Topic 82).

[9] *See generally* Dkt. 629-14 ("For example, in our 2021 negotiations regarding the scope of the original topics, non-infringing alternatives was never contemplated to encompass 'predecessor products or designs for S3 that were deemed insufficient.' To be sure, when Kove wanted to seek information on those products, it did so explicitly in other discovery requests (*see*, *e.g.*, RFP 216).").

[10] Dkt. 603 at 9.

[11] Dkt. 629.

the Court previously ruled that Kove served interrogatories exceeding the 25-interrogatory limit.[12]

Kove's motion should be denied, and Amazon awarded its fees.

## II.    BACKGROUND

### A.    April 2021: The Court Imposes the 90-Topic Limit

On April 8, 2021, Magistrate Judge Finnegan issued an order setting discovery limits in

this case, including the limit of "90 30(b)(6) topics per party."[13] As stated in the order, the Court

adopted these agreed-to limits to "streamline the remaining discovery to complete" in this case.[14]

This order followed a slew of earlier discovery motions, including Kove motions to compel

Amazon "to Provide Supplemental Witnesses Under Rule 30(b)(6)" (Dkt. 176) and "Timely Pro-

vide a Witness Pursuant to Rule 30(b)(6)" (Dkt. 276). At a March 24, 2021 hearing, Magistrate

Judge Finnegan denied those motions as stated on the record.[15] And the parties began negotiating

the limits in the April 8, 2021 order after that hearing.

Initially, Kove had proposed serving 20 more Rule 30(b)(6) topics. As stated in Kove's

March 30, 2021 email:

> Kove does not believe any restrictions on the parties serving additional written dis-
> covery are warranted. Nevertheless, in an effort to avoid burdening the Court, Kove
> proposed the following compromise: each party may *serve* 30 additional RFPs, 20

---

[12] Dkt. 497 at 30–35.

[13] Dkt. 321.

[14] *Id*.; *see also* Dkt. 320 (joint motion) at 2.

[15] Dkt. 301. Specifically, Judge Finnegan rejected Kove's arguments that two Amazon Rule 30(b)(6) wit-
nesses (i.e., the S3 and DynamoDB technical witnesses testifying on Topics 1–6) were unprepared. Dkt.
303 at 19:20–24 ("[B]oth witnesses had extensive knowledge and, by and large, were able to answer the
questions that you would expect a prepared witness to be able to handle at a 30(b)(6) deposition."); *see also
id*. 19:20–31:21 (rejecting other Kove arguments, but ordering Amazon to provide small number of written
answers (i.e., on Glacier service that Amazon had argued was irrelevant, or where witnesses needed to
conduct research/view source code); *id*. at 36:3–12 (denying Kove motion to take expedited depositions on
topics 63–70, relating to discovery about discovery); *id*. at 39:12–40:10 (denying Kove motion to compel
depositions on topics 71–74, but without prejudice to revisiting if Kove shows that there are "other reposi-
tories of documents that haven't been searched").

additional 30b6 Topics, and 75 total RFAs.[16]

By this time, however, Kove had already served many more discovery requests than Amazon, including 83 Rule 30(b)(6) topics,[17] more than twice as many as Amazon.[18] Amazon thus explained that "an overall limit on written discovery is more equitable," and counter-proposed:

- 230 Requests for Production
- 90 30(b)(6) Topics
- 75 Requests for Admission.[19]

In response, Kove agreed to the "limit of 90 30(b)(6) topics (as you proposed)" and the "limit of 75 RFAs," but negotiated additional concessions on RFPs—namely, 240, rather than 230, "with the understanding that neither party is foreclosed from follow-up requests for documents within the scope of previously-served document requests."[20] Kove didn't seek any similar understanding on previously served Rule 30(b)(6) topics, or further discuss them, before preparing and filing the joint motion asking the Court to adopt the parties' agreements.[21]

### B.    August 2021: Kove Serves Its Remaining Seven Allotted Topics

In the months following the Court's April 7, 2021 order, Kove served seven more topics, bringing its total to exactly 90. This included Kove's May 10, 2021 Sixth Supplemental Notice (Topics 84–85) and August 2, 2021 Seventh Supplemental Notice (Topics 86–90).[22] In September

---

[16] Ex. 1 (emphasis added).

[17] This includes seven of the nine topics Kove now seeks to replace or modify—i.e., 27, 39, 40, 60 62, 82, and 83. *See*, *e.g.*, Dkt. 629-6 (Mar. 1, 2021 "Fifth Supplemental Notice," with Topics 75–83).

[18] *See* Dkt. 392 at 2.

[19] Ex. 2 at 2 (Amazon's Mar. 30, 2021 email).

[20] *Id*. at 1–2 (Kove's Mar. 31, 2021 response).

[21] *See generally id*. at 1 (Amazon's Apr. 1, 2021 email); Dkt. 320 (joint motion).

[22] *See*, *e.g.*, Dkt. 397-3 (Seventh Supplemental Notice). On August 23, 2021, Amazon served responses and objections to Kove's Seventh Supplemental Notice. Amazon similarly served responses and objections after the original December 10, 2019 notice and the six previous supplemental notices.

2021, Amazon moved for a protective order on two of those topics—specifically, Topics 84 and 85.[23] And in January 2022, Judge Pallmeyer granted that motion.[24]

### C. January 2023: Kove Attempts to Exceed the 90-Topic Limit

At a January 13, 2023 hearing, the Court imposed a firm deadline for fact discovery to be completed by May 5, 2023.[25] Two and a half weeks later, on January 31, 2023, Kove served its ninth 30(b)(6) deposition notice (i.e., the "Eighth Supplemental Notice").[26] In this notice, Kove unilaterally purported to withdraw and replace previously served Topics 27, 60, 82, 83, 84, and 85.[27] In addition, Kove purported to modify previously served Topics 40 and 62 to now seek damages information.[28]

In its accompanying letter, Kove recognized that this new notice sought to replace topics that Amazon "objected to or refused to prepare a witness for, topics from which [Amazon] received a protective order, or topics that are no longer a priority with the evolution of the case and case discovery."[29] Kove's letter ignored that Kove had served each replaced or modified topic, except Topics 84 and 85, before agreeing to the 90-topic limit in the Court's April 8, 2021 order. It also ignored the significant burden that AWS had already undertaken in successfully moving for a protective order on Topics 84 and 85, which Kove now sought to replace with new topics more than

---

[23] Dkt. 397.

[24] *See* Dkt. 497 at 12–18. On Topic 85, for example, Amazon explained that Kove had reinterpreted it "to implicate specific subject matter that was not previously discussed" and the topic "does not encompass." *Id*. at 14. In granting the protective order, Judge Pallmeyer found that "Kove's understanding about Topic No. 85 is difficult to square with its plain text," and that "it appears Kove has been evasive with AWS during the parties' communications." *Id*. at 15.

[25] Dkt. 579.

[26] Dkt. 629-10 (Kove Ex. I).

[27] *Id*. at 10–14.

[28] *Id*. at 11–12.

[29] Ex. 3 (Kove's Jan. 31, 2023 letter) at 1.

a year after Judge Pallmeyer's order on that motion.[30]

The parties thereafter exchanged lengthy correspondence on the issues raised by the Eighth Supplemental Notice. For instance, the parties had repeatedly conferred in connection with the previously served topics, and Amazon explained that it had identified and prepared witnesses based on those discussions and the language of previously served topics.[31] In addition, Amazon explained that some of the new topics were entirely unrelated to what the parties had discussed, and others didn't clarify or narrow the previously served topics because they included new, broader language.[32] Amazon also explained that "under the Federal Rules, the proper way to eliminate uncertainty on the scope of already served Rule 30(b)(6) topics is to negotiate their scope in response to the opposing party's objections," not to serve new topics years later.[33]

Despite that, Amazon still evaluated the new topics and discussed them with Kove. And Amazon agreed to provide a witness on the new version of Topic 40. As Amazon explained, it was the only one that was narrower than what Kove had previously served (and consistent with this Court's December 30, 2022 order on outstanding discovery motions).[34]

---

[30] *See* Dkt. 497 at 12–18. The "Eighth Supplemental Notice" also purports to withdraw Topic 39, which it states that Kove "previously withdrew." Dkt. 629-10 at 10–11; *see also* Dkt. 397-3 (Aug. 2, 2021 Seventh Supplemental Notice) at 10. AWS produced a witness that testified on a portion of that topic. And, two months after its alleged withdrawal, Kove complained that witness wasn't properly prepared on Topic No. 39. *See* Ex. 4 at 2 (Kove's October 4, 2021 letter).

[31] *See, e.g.*, Dkt. 629-22 at 1 (Mar. 24 email: "Amazon has already agreed to offer and in some cases offered witnesses within the agreed upon scope of the topics Kove properly served"); *see also, e.g.*, Dkt. 629-17 & 629-18 (Kove exhibits with emails previously discussing or scheduling conferences).

[32] *See, e.g.*, Dkt. 629-22 at 5 (Mar. 22 email: "The newly served topics replace the term 'non-infringing alternatives' with 'Alternatives.' That new term encompasses not just the identified non-infringing alternatives but also includes competitors' products, solutions maintained by customers, 'custom or individually created solutions,' and designs that were considered when implementing the accused services.").

[33] *See, e.g.*, *id.* at 1 (citing previous explanation in Amazon's Feb. 10 letter, Dkt. 629-11).

[34] Dkt. 629-14 (Kove's Ex. M); *see also id.* (Amazon confirming that it still intends to proceed with depositions on the originally served topics); Dkt. 562 (December 30, 2022 order) at 1–2.

### D. Kove's Present Motion on Topics 82 and 83

Kove's motion is more limited than its "Eighth Supplemental Notice," in that it belatedly seeks to insert into this case only two of the new topics in the notice. These new Topics 82 and 83 call for testimony on (i) rejected products or designs stretching back over two decades ago and (ii) AWS's Service Level Agreements.[35] These topics would replace the previous Topics 82 and 83 in Kove's Fifth Supplemental Notice, served on March 1, 2021.

As noted, Kove's previously served Topic 82 requested testimony on: "Your relationship with Aneeta Mishra and Aneeta Mishra X LLC."[36] And previously served Topic 83 requested testimony on any Amazon communications with the same, plus communications with other third parties and Kove predecessors. Specifically, Topic 83 stated:

> Any Communication between AWS and any third parties regarding this litigation or any request for reexamination of any of the patents asserted in this litigation, including Reexamination Control No. 90/014,552. This topic includes communications between AWS and Aneeta Mishra, Aneeta Mishra X LLC, Paul Carmichael, Jonathan Riel, Chris Cope, or Michael Roizen. This topic also includes communications between AWS and any current or former employees of OverX, Inc., Econnectix LLC, Econnectix Corporation, Arctide LLC, Kove IO, Inc., Founders Capital Corporation, Brinks Gilson & Lione, University of Chicago, University of Chicago Medical Center, or any other third-party entity subpoenaed by AWS or identified in AWS's Initial Disclosures.[37]

Amazon responded to these topics by investigating whether it had communicated with any of the

---

[35] *See* Dkt. 629-10 at 12 (New Topic 82: "Products or designs AWS deemed insufficient or rejected in favor of the Accused Products (e.g., ███████████████), including the actual or anticipated performance of those products or designs, the reasons why AWS rejected those products or designs, and how AWS accounted for those shortcomings when designing the Accused Products."); *id.* at 13 (New Topic 83: "AWS's Service Level Agreements (SLAs) for the Accused Products, including, for example, how AWS determines thresholds and compensations in SLAs, how the SLAs have changed over time, the significance of SLAs to AWS customers, how SLAs are used in marketing the Accused Products, and the consequences of AWS's failure to meet SLA guarantees.").

[36] Dkt. 629-10 (Kove Ex. E) at 10.

[37] *Id.*

8

15 referenced people or entities. On March 19, 2021, it then provided written responses and objections setting forth the results of that investigation, initially objected to providing a witness because of those results, and offered to meet and confer with Kove.[38]

As Kove's motion omits, the parties then conferred on these topics and Amazon's objections, as they have throughout this matter. And after negotiations, Amazon agreed to produce a witness on both previously served Topics 82 and 83. Specifically, Amazon designated ████ ██ on these topics, plus several other topics, and prepared him for his deposition in mid-August 2021.[39] The parties initially scheduled his deposition for August 16, 2021.[40] And when this had to be rescheduled for ████████, Amazon offered to make him available on September 21. The parties then continued to negotiate on this deposition (and others impacted by multiple discovery motions in September 2021), and it wasn't completed before the stay.[41]

## III.    ARGUMENT

### A.    Kove Misrepresents the Law in Attempting to Exceed the Court-Ordered 90-Topic Limit.

As detailed above, Kove reached the court-ordered 90-topic limit in August 2021. The parties negotiated this limit in March–April 2021, Kove agreed to it, and the parties jointly moved the Court to adopt it on April 7, 2021.[42] At that time, Kove had already served 83 topics, including

---

[38] *See* Dkt. 629-7 (Amazon's Responses and Objections to Kove's Fifth Supplemental Notice) at 11–12.

[39] *E.g.*, Ex. 5 (Kove's Aug. 10, 2021 letter).

[40] This was despite Kove unilaterally attempting to expand these and other topics through letters sent shortly before the deposition. *E.g.*, *id.* (Kove confirming deposition and detailing various expectations about what Amazon must do to prepare ████████ to testify about these topics); Ex. 6 (Amazon's Aug. 23, 2021 letter explaining that Kove's list of expectations would expand topics beyond what parties had discussed).

[41] Ex. 7 (additional correspondence).

[42] Dkt. 320.

both topics that it now seeks to replace via this motion. And Amazon had already raised the burdensome nature of those 83 topics in the discovery motions that had been pending before Judge Finnegan. Consistent with the parties' negotiations, Kove then served exactly seven more 30(b)(6) topics, with Kove's Seventh Supplemental Notice reaching the 90-topic limit on August 2, 2021.

Kove doesn't justify its attempts to skirt the court-ordered limit 18 months later, first via its January 31, 2023 Eight Supplemental Notice, and now via this motion. Indeed, Kove seeks to unilaterally withdraw and replace previously served topics that Amazon has already served responses and objections to, investigated, and prepared its witnesses to answer. But the Federal Rules provide a mechanism for clarifying and narrowing the scope of topics, which is to negotiate their scope in response to the opposing party's objections.[43] And they don't allow a party like Kove to circumvent discovery limits by replacing discovery requests that it previously served (and that Amazon responded to and otherwise acted on) with new requests. Rather, case law applying the Rules teaches that discovery requests count against a numerical limit when served, and can't be unilaterally withdrawn, especially after the receiving party responds.

In *Walker v. Lakewood Condominium Owners Association*, for instance, the court denied a defendant's motion to compel responses to interrogatories that exceeded the 25-interrogatory limit.[44] The defendant had argued that an additional set of interrogatories didn't exceed that limit because it had withdrawn previously served interrogatories that the plaintiff had provided written objections to, but didn't substantively answer. The court found that "every interrogatory which is served, and causes a responding party to undertake the burden of preparing and serving objections

---

[43] Fed. R. Civ. P. 30(b)(6). Indeed, the Advisory Committee Notes for the 2020 Amendment to Rule 30 "directs the serving party and the named organization to confer before or promptly after the notice… is served about the matters for examination" to promote "[c]andid exchanges about the purposes of the deposition … [that] may clarify and focus the matters for examination."

[44] 186 F.R.D. at 589.

to the interrogatory, is counted against the numerical 25 interrogatory limit."[45] That court further explained that, otherwise, allowing a propounding party to "withdraw" previously-served discovery requests or characterize them as a "revised set" would "circumvent the whole purpose of the numerical limit and harass an opponent."[46] Similarly, the court in *Robinson v. Mathis* denied a plaintiff's attempt to withdraw an interrogatory and replace it with another to stay under a 30 interrogatory limit.[47] That court explained that a "propounding party cannot 'avoid or sidestep the numerical limit' on interrogatories by 'withdrawing' them after they are served, particularly not after the responding party has incurred the burden of preparing and serving objections."[48]

This is precisely what Kove is trying to do here with its deposition topics. And Kove has yet to provide any contrary law to these cases, despite Amazon asking Kove to provide it before Kove filed this motion.[49] To be sure, Kove's motion cites none, as its portrayal of this district's case law is false. Specifically, Kove's motion at page five states:

> [P]rohibiting Kove from withdrawing topics on which AWS had no corporate witness who could testify is inconsistent with the case law, which recognizes the burden associated with 30(b)(6) witnesses stems from preparing the witnesses for testimony not from drafting written objections and responses. *See, e.g.*, *Seaga Mfg., Inc. v. Intermatic Mfg. Ltd.*, 2013 WL 3672964, at *2 (N.D. Ill. July 12, 2013) (burden arises from "[p]reparing a Rule 30(b)(6) designee"); *Centurylink Commc'ns*

---

[45] *Id.* at 587.

[46] *Id.* at 588; *see also McClellan*, 2015 WL 5732242, at *1 (E.D. Cal. Sept. 28, 2015) ("An interrogatory need not be answered, but merely served and properly objected to, in order to count against the numerical limit."); *cf. Benas v. Baca*, No. 2:00-cv-11507, 2003 WL 21697750, at *1 (C.D. Cal. July 16, 2003) (holding that interrogatories could be withdrawn and replaced because the receiving party hadn't yet responded).

[47] 2021 WL 6804133, at n.10.

[48] *Id.* (quoting *Walker*, 186 F.R.D. at 588).

[49] Amazon asked Kove to provide case law that would support Kove's position on at least three occasions, including in meet and confers and by email. Kove provided no cases that would support its position before filing this motion, and didn't distinguish the cases that Amazon cited. *See*, *e.g.*, Dkt. 629-11 (Amazon's Feb. 10, 2023 letter) at 3 ("[P]lease provide case law supporting your position that the notice is proper in advance of the next meet and confer"); Dkt. 629-22 at 5 (Amazon's Mar. 22, 2023 email: "As we've requested before, if you have any opposing case law on point for us to consider, please provide it."); *see also* Ex. 8 (Amazon's Mar. 30, 2023 email) (similar).

*LLC v. Peerless Network, Inc.*, 2020 WL 11647818, at *1 (N.D. Ill. Jan 28, 2020) (burden arises from "educating and presenting a representative deponent").

But *Seaga* and *Centurylink* don't state that the burden associated with Rule 30(b)(6) is from preparing witnesses, rather than responding in writing. And the sentence in Magistrate Judge Johnston's *Seaga* decision, which Kove quotes in the parenthetical above, states:

> Preparing a Rule 30(b)(6) designee may be an onerous and burdensome task, but this consequence is merely an obligation that flows from the privilege of using the corporate form to do business.[50]

Likewise, the sentence in Magistrate Judge Fuentes's *Centurylink* decision that Kove quotes states:

> But by its very terms, Rule 30(b)(6) recognizes that the task of educating and presenting a representative deponent to testify on the topics in the notice can be burdensome, and thus the rule requires the "matters for examination" to be "describe[d] with reasonable particularity."[51]

Here, Amazon has incurred the burden in fully responding and objecting to all originally served topics. As detailed above, Amazon also has incurred the burden of preparing and designating a witness, █████████, for previously served Topics 82 and 83, the two topics that Kove is seeking to replace via this motion. Amazon then scheduled that deposition, worked to reschedule it, and also responded to lengthy Kove correspondence raising various new discovery issues in connection with it. But Kove now seeks to unilaterally replace these topics with wholly different topics that address completely different subject matter.

**B.     Kove's New Topics 82 and 83 Seek Different Information Than What Kove Sought and Amazon Responded to in Kove's 90 Properly Served Topics.**

If Kove's new Topics 82 and 83 were truly important to damages, as Kove alleges, then Kove should have served them in its 90 allotted topics. To be sure, before Kove reached the 90-

---

[50] *Seaga*, 2013 WL 3672964, at *2.

[51] *Centurylink*, 2020 WL 11647818, at *1.

topic limit, it had already served RFPs and interrogatories on predecessor products and SLAs.[52] It was Kove's choice to forego serving deposition topics on those subjects, and instead serve the topics that it now says aren't a priority.[53] Permitting Kove to replace such previously served topics would obviate the usefulness of court-ordered and agreed-to limits on discovery, and would only further exacerbate the burdens caused by Kove's previous (and ongoing) discovery conduct.

And Kove's new Topics 82 and 83 differ in substantial ways from the properly served topics, including the previous versions of Topics 82 and 83 (which are completely unrelated) and Topics 28, 61, and 62 (i.e., all the topics that Kove now argues included the substance of the new Topics 82 and 83). And these differences aren't academic. For instance, Topic 62 originally related to the subject matter of non-infringing alternatives.[54] Contrary to Kove's assertion that "earlier-served notices … cover the disputed issues but with broader language,"[55] Kove has supplied an expansive definition to the term "Alternatives" that would significantly expand the scope of the previously served topics. This, presumably, is one reason why Kove unilaterally served new topics, rather than relying on or conferring regarding the scope of those previously served topics. Specifically, in the definition section of Kove's January 31, 2023 Eighth Supplemental Notice, Kove replaced the term "non-infringing alternatives" with "Alternatives."[56] According to Kove, this new term encompasses not just the identified non-infringing alternatives, but also competitors' products, solutions maintained by customers, "custom or individually created solutions," and designs

---

[52] See Dkt. 629-19 (Amazon's detailed, 50-page response to Kove interrogatory on SLAs); Dkt. 403-7 (Kove's Eighth Set of RFPs, served June 11, 2021) at 9–10 (RFP 211 re: ████████ and RFP 216 re: █ ████████); Dkt. 397-4 (Kove's Ninth Set of RFPs, served June 14, 2021) at 10 (RFP 222 re: S4).

[53] E.g., Ex. 3 at 1; see also Dkt. 629-7 at 11–12 (Amazon explaining that it has no relationship with Aneeta Mishra before Kove agreed to 90-topic limit).

[54] Dkt. 629-12 at 1 (March 22, 2023 Email from L. Phillips to N. Bayar).

[55] Dkt. 629 at 1.

[56] Dkt. 629-10 at 9.

that were considered when developing the Accused Products.[57] Thus, the topics referencing the new definition of "Alternatives"—including Kove's modified Topic 62—aren't narrowing clarifications made in response to Amazon's original objections to that topic, as Amazon explained in its subsequent objections and correspondence.[58]

Moreover, Kove's new definition of "Alternatives" makes its current requests for testimony overly broad. Kove is seeking information about non-infringing alternatives from 20 years ago, including 20-year-old competitors' products, solutions maintained by customers, and the other broad categories that Kove includes in its notice. Kove already asked former Amazon CTO Allan Vermeulen questions on this topic. Due to the long passage of time, ██████████ ██████████████████.[59] Nonetheless, he provided extensive testimony in response to Kove's questions about S3 design decisions, ████████, and related matters.[60] And again, Kove served other discovery on predecessor products years ago, but chose not to use its 90 Rule 30(b)(6) topics to cover the broad categories of information that it is seeking now.

Likewise, previous Topics 61 and 28 don't mention the SLAs that Amazon has used since 2007. The existence of these SLAs is public knowledge.[61] And Kove already obtained discovery on them, including when recently deposing Alyssa Henry.[62] The information Kove is demanding on them is overly broad (i.e., testimony on such agreements going back 16 years, which is far different than general testimony about availability). And again, Kove served an interrogatory (on

---

[57] *Id*.; *see also* Dkt. 629 at 10 (Kove's request for relief, seeking testimony "under Kove's Topics 82 and 83 in the January Notice").

[58] *See* Dkt. 629-4 (Amazon's Apr. 9, 2021 response and objections on Topic 62).

[59] Ex. 9 (Vermeulen Tr.) at 121:8–12.

[60] *See id*. at 100:14–103:15 (S4); 116:18–134:24 ("other predecessor[s] or other designs that you considered"); 201:4–202:2 (potential alternatives); 242:7–247:8 (similar).

[61] *Prior Version(s) of Amazon S3 Service Level Agreement*, https://aws.amazon.com/s3/sla/historical/.

[62] *See* Dkt. 622-3 (Henry Tr.) at 179:8–181:24.

October 22, 2020) and RFPs specifically about SLAs, but chose not to use topics on them, and then later agreed to the 90-topic limit.[63] This Court shouldn't allow Kove to undo that choice and harass Amazon with these belated discovery requests.

## IV.    CONCLUSION

Kove's motion is premised on Kove's misrepresentation of this court's law and the discovery record. The Federal Rules and applicable case law applying them foreclose machinations like Kove's. Indeed, if permitted, Kove's late topic replacement would undermine the purpose of discovery limits and unfairly burden Amazon, which already responded to and prepared a witness to testify on the previously served topics. Kove's motion should be denied, and fees should be shifted given Kove's conduct.

---

[63] *See*, *e.g.*, Dkt. 629-19 (Amazon's interrogatory response addressing SLAs). On October 22, 2020, Kove also served its Fifth Set of FFPs, wherein RFP 131 requested documents on SLAs.

Dated: April 13, 2023

Respectfully submitted,

*/s/ R. William Sigler*
Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Lisa Phillips (*pro hac vice*)
*lisa.phillips@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Suite 400
Washington, DC 20015
202.362.3500

*Attorneys for Amazon Web Services, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 13, 2023, I electronically filed the foregoing with the Clerk

of the Court for the United States District Court for the Northern District of Illinois, via the

CM/ECF system, and served a copy on all counsel of record via email.

*/s/ R. William Sigler*
R. William Sigler
