**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KOVE IO, INC., | Civil Action No. 1:18-cv-08175 |
| Plaintiff, | Judge Matthew F. Kennelly |
| v. | Jury Trial Demanded |
| AMAZON WEB SERVICES, INC., | |
| Defendant. | |

**JOINT STATUS REPORT**

Pursuant to the Court's April 4, 2023 Minute Entry (Dkt. 617), Plaintiff Kove IO, Inc. ("Kove") and Defendant Amazon Web Services, Inc. ("Amazon") (collectively, the "Parties") submit this joint status report.

**I.      Expert Reports**

The Parties expect to serve their respective opening expert reports on July 3, 2023, in accordance with the Court's May 24, 2023 order (Dkt. 650). Rebuttal reports are scheduled to be served on Aug. 18, 2023, and expert depositions are scheduled to be completed by Sept. 8, 2023.

**II.     Motions Practice**

Kove's Statement: Currently before the Court is AWS's Motion to Compel Additional Deposition of John Overton (Dkt. 651). Kove's responsive brief will be filed today, June 29, 2023. Kove opposes AWS's motion for the reasons set forth in its brief. Kove will be prepared to present argument at the July 6 hearing as the Court permits.

Additionally, Kove expects to file a motion relating to AWS's spoliation of key performance metrics for the accused products. The metrics at issue are targeted metrics that AWS

was long on notice to preserve. ████████████████████████ While AWS

produced the performance metric data in question for more recent years, it failed to ████████

████ or otherwise preserve the metrics going back in time resulting in years of lost data.  AWS

has informed Kove that there are no alternative means to obtain the deleted information.

The spoliated metrics are important to Kove's expert analyses which will be finalized and

exchanged on July 3, including experts' analyses of Kove's damages and the benefits of the

patented invention.  Kove has been working with AWS in hopes of coming to a reasonable solution

for dealing with the spoliated evidence.  AWS has suggested Kove could "extrapolate" some (but

not all) data back in time (but only for some period of time) using some unidentified form of

statistical analysis, which AWS could still challenge as improper and unreliable. As Kove has

explained to AWS, this convoluted proposal fails to address the prejudice Kove faces from AWS's

destruction of evidence.

<u>Amazon's Statement:</u> Amazon respectfully asks the Court to grant its Motion to Compel

Additional Deposition of John Overton (Dkt. 652), for the reasons set forth in Amazon's briefing.

Amazon will be prepared to further support that motion at the July 6 hearing.

Additionally, Kove's assertions of spoliation are incorrect, as Amazon will detail in

response to any Kove motion on the topic. In short, Amazon has fully satisfied its obligations to

preserve and produce performance metrics-related discovery.  Among other things, Amazon

████████████████████████████████████████████████████████

████████████████████████████████████ and produced three

corporate witnesses for 20 hours of 30(b)(6) testimony on those metrics.[1] Amazon provided this

---

[1] That is three more hours on this subject alone than Kove provided in total on all 30(b)(6) topics in the case. *See* Dkt. 652 at 1-2 (detailing that Amazon has produced seventeen 30(b)(6) witnesses

discovery after the Parties conducted months-long negotiations to identify which of the metrics that Amazon maintains for the accused products Kove believed to be relevant to its case.

To move the case forward and avoid unnecessarily consuming taxpayer and party resources with motions practice, Amazon has nonetheless engaged Kove in discussions about how to resolve Kove's purported spoliation concerns since Kove raised them on May 4, 2023, the day before the close of fact discovery. This has included a proposal from Amazon whereby the parties' damages experts would extrapolate certain of the data going back further in time, as is typically done in patent infringement cases when needed. Amazon last offered to discuss this proposal with Kove on June 12, but hasn't received a response, or heard anything further from Kove on this issue until Kove raised it in this report, over two weeks later.

III.    **Case Schedule**

<u>Kove's Statement</u>:  Kove respectfully requests the Court set pre-trial and trial dates for this matter.  The Court has recognized that this case is long-in-the-tooth (it has been pending since December 2018) and has cautioned the parties that requests for changes to the schedule delaying the case would not be entertained.  (Dkt. 582).  Amazon's request to defer a trial setting until after summary judgement and *Daubert* is unwarranted and a backdoor attempt at delay.  Kove currently asserts 17 claims across 3 patents against Amazon's accused products.  All 17 of those claims were previously subjected to *ex parte* reexamination at Amazon's behest and all were confirmed patentable by the Patent Office.  Amazon has since filed a second round of reexam requests on those same claims (in February 2023).  The Patent Office denied reexam as to three of the claims and the others remain in progress, with no date certain for completion (unlike *inter partes* reexam,

---

for over 100 hours of testimony, while Kove has provided less than 17 hours of such testimony across just two witnesses and refused to produce Dr. Overton for more).

there are no statutory deadlines on when *ex parte* reexams must be decided).  This district's LPR 3.5 exists to discourage parties from using late-filed Patent Office proceedings to strategically delay the case.  Amazon's pending reexam requests, which were filed *years* after the LPR 3.5 deadline, should play no role in delaying trial.

      <u>Amazon's Statement</u>: Amazon respectfully submits that it would be more prudent to set pre-trial and trial dates after the Court decides the Parties' summary judgment and *Daubert* motions, which will impact the substantive and temporal parameters of trial (if it remains necessary). Setting pre-trial and trial dates at that time would also allow the continuing *ex parte* reexaminations of 14 of the 17 asserted claims to progress,[2] and provide further clarity on the remaining scope of the case. Prior reexaminations have resulted in the cancellation of some asserted claims, and Kove's own representations to the Patent Office have already reshaped the scope of the case, leading to the Court's consideration of Amazon's additional proposed claim constructions at summary judgment. The ongoing reexaminations—and Kove's actions in them— will likely result in further reshaping of the case. Indeed, it's reasonable to expect that Kove will make additional representations in the current reexaminations that impact claim scope, or for the Patent Office to cancel more claims, thus impacting the claims, products, and witnesses involved at any trial.

---

[2] Amazon has also filed a petition with the Patent Office Director that, if granted, would result in the reexamination of the three remaining asserted claims.

Dated: June 29, 2023

Respectfully Submitted,

KOVE IO, INC.

By: */s/ Khue V. Hoang*

Renato Mariotti (State Bar No. 6323198)
renatto.mariotti@bclplaw.com
Holly H. Campbell (State Bar No. 6320395)
holly.campbell@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Suite 4300
Chicago, IL 60601
Telephone: (312) 602-5037

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Shawna L. Ballard (*pro hac vice*)
sballard@reichmanjorgensen.com
Gina H. Cremona (*pro hac vice*)
gcremona@reichmanjorgensen.com
Navid Bayar (*pro hac vice*)
nbayar@reichmanjorgensen.com
Savannah Carnes (*pro hac vice*)
scarnes@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401

Khue V. Hoang (*pro hac vice*)
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
Telephone: (212) 381-1965

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Adam Adler (*pro hac vice*)

AMAZON WEB SERVICES, INC.

By: */s/ R. William Sigler*

Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Lisa N. Phillips (*pro hac vice*)
*lisa.phillips@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Ave, NW
Suite 400
Washington, D.C. 20015
Telephone: (202) 362-3500

*Attorneys for Defendant Amazon Web
Services, Inc.*

5

aadler@reichmanjorgensen.com
Philip Eklem (*pro hac vice*)
peklem@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 894-7310

Taylor Mauze (*pro hac vice*)
tmauze@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
7500 Rialto Blvd., Suite 1-250
Austin, TX 78735
Telephone: (650) 623-1401

***ATTORNEYS FOR PLAINTIFF***
***KOVE IO, INC.***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and exact copy of the foregoing was filed electronically on June 29, 2023, with the Clerk of the Court and thereby served upon all counsel of record.

*/s/ R. William Sigler*
R. William Sigler
