IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON WEB SERVICES, INC., <br><br> Defendant. | Civil Action No. 1:18-cv-08175 <br><br> Judge Matthew F. Kennelly <br><br> Jury Trial Demanded |

**AMAZON'S NOTICE OF RELATED PROCEEDINGS**

Amazon hereby respectfully provides this notice of recent events in the United States Patent & Trademark Office's ongoing reexaminations of the patents-in-suit, in which 14 of the 17 asserted claims here are under review.

More particularly, on July 3, 2023, Kove filed its reply to the Patent Office's April 3, 2023 Office Action rejecting claims 17, 23-24, and 30 of the '978 patent—claims that are all asserted here against Amazon. (*See* Ex. A, Kove's July 3 Reply.) In that reply, Kove made further statements limiting the scope of these claims in an attempt to maintain their validity over the prior art.

For example, in describing prior art reference Ault's alleged single server system, Kove argued that using multiple location servers, as independent claim 17 does, requires a means to "*determine which file location server to query based on the distribution* of the file locations across the multiple file location servers." (*Id.* at 34.) Kove then argued that: "Absent these teachings, a [person of ordinary skill in the art] would not be able to configure the Ault-Yocum combination with Boukabza's import/export tables functionality *to satisfy the requirements [of] claim element 17.e.*" (*Id.*) But independent claim element 17.e only requires there to be a second

location server, with no requirement for determining or knowing which server to send a query. It states:

> transferring a portion of the identifiers and associated locations to a second data location server when a performance criterion of the first location server reaches a predetermined performance limit.

Nor is there any such determining or knowledge requirement anywhere else in claim 17. And dependent claims 23, 24, and 30 are equally silent on this determining requirement. In contrast, every other asserted claim from all three asserted patents recites a requirement for determining/knowing which server to query. For example, claim 1 of the '170 Patent requires that "each one of the data location servers is configured to *determine the at least one of the plurality of data location servers based on the hash function* applied to the identifier string." Kove's incorporation of this requirement into claims 17, 23-24, and 30 of the '978 patent limits their scope.

      Kove's resort to such arguments further limiting the scope of the asserted claims was expected, as Amazon noted in the June 29 Joint Status Report (Dkt. 656). And it's reasonable to expect that Kove will make additional representations impacting claim scope in the ongoing reexaminations of the other two-patents-in-suit, as well. This, and the other reasons detailed in Amazon's portion of the status report, counsel against setting pre-trial and trial dates until after the reexaminations further progress and dispositive motions are decided. Indeed, Kove's prior and new claim scope-limiting statements at the Patent Office will need to be addressed here at summary judgment, and also in claim construction proceedings in Kove's newly-filed case asserting the same three patents against Google. (*See Kove IO, Inc. v. Google LLC*, No. 1:23-cv-04244.) And any change in constructions or cancellation of claims by the Patent Office will materially impact the scope of this case.

Dated: July 5, 2023                                        Respectfully Submitted,

                                                           AMAZON WEB SERVICES, INC.


                                                           By: */s/ R. William Sigler*
                                                           Alan M. Fisch
                                                           alan.fisch@fischllp.com
                                                           R. William Sigler
                                                           bill.sigler@fischllp.com
                                                           Jeffrey M. Saltman (*pro hac vice*)
                                                           jeffrey.saltman@fischllp.com
                                                           Lisa N. Phillips (*pro hac vice*)
                                                           lisa.phillips@fischllp.com
                                                           FISCH SIGLER LLP
                                                           5301 Wisconsin Ave, NW
                                                           Suite 400
                                                           Washington, D.C. 20015
                                                           Telephone: (202) 362-3500

                                                           *Attorneys for Defendant Amazon Web Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                                             */s/ R. William Sigler*
                                                                             R. William Sigler