# Exhibit 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON WEB SERVICES, INC., <br><br> Defendant. | Civil Action No. 1:18-cv-08175 <br><br> **Jury Trial Demanded** |

**KOVE'S OBJECTIONS AND RESPONSES TO AWS'S FEBRUARY 12, 2020
NOTICE OF 30(b)(6) DEPOSITION OF KOVE**

Plaintiff Kove IO, Inc. ("Kove") provides the following objections and responses to Defendant Amazon Web Services, Inc.'s ("AWS") Rule 30(b)(6) Notice of Deposition of Kove, served on February 12, 2020.

**GENERAL OBJECTIONS**

Kove incorporates by reference the General Objections stated in Kove's Objections and Responses to AWS's Notice of 30(b)(6) Deposition of Kove (Topic Nos. 1-17) as though stated explicitly in the individual responses contained herein. Kove's assertion of any General Objections, assertion of similar or additional objections, or agreement to produce a witness in response to an individual Topic does not waive Kove's General Objections.

1. Kove objects to each Topic to the extent that it purports, through definitions, instructions, or otherwise, to impose burdens or duties on Kove inconsistent with, or not authorized by, the Federal Rules of Civil Procedure. In each such case, Kove declines to accept those additional burdens or duties and instead will comply with the Federal Rules of Civil Procedure.

1

2. Kove objects to each Topic, definition, and instruction to the extent that it calls for a legal conclusion.

3. Kove objects to each Topic, definition, and instruction to the extent that it does not identify the materials or information at issue with reasonable particularity.

4. Kove objects to each Topic to the extent that the Topics are vague, ambiguous, overbroad, unduly burdensome, do not identify with particularity the documents or information at issue, or are otherwise incomprehensible.

5. Kove objects to each Topic to the extent that the Topics do not describe with reasonable particularity the matters for examination.

6. Kove objects to each Topic to the extent that it calls for Kove to form and then render an expert opinion, or to the extent that it requires disclosure of expert reports, analysis, findings, or assessments that Kove is not yet required to disclose pursuant to the applicable rules and orders.

7. Kove objects to each Topic to the extent that AWS seeks information that is not relevant to a claim or defense of any party or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

8. Kove objects to each Topic to the extent that it purports to require Kove to assemble information that is not within the possession, custody, or control of Kove.

9. Kove objects to each Topic to the extent it calls for testimony protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable protective

doctrine, privilege, or immunity. Any inadvertent production of any privileged information shall not constitute a waiver of any applicable objection or privilege. For purposes of responding to these demands, Kove will interpret each such Topic, definition, and instruction as excluding information subject to the attorney-client privilege and attorney work-product doctrine.

10. Kove objects to each Topic to the extent it requests information that is subject to non-disclosure or confidentiality agreements, protective orders, or other agreements or any applicable law having privacy, confidentiality, or nondisclosure provisions, which prohibit the disclosure by Kove of the third party's information.

11. Kove objects to each Topic to the extent that it seeks the identification of "any," "all," or "each," person, document, or information.

12. Kove objects to each Topic to the extent it seeks information not in the possession, custody, and/or control of Kove.

13. Kove objects to each Topic to the extent it seeks information that is already in the possession of parties to this action and/or has already been produced to AWS, that is as readily available to AWS as it is to Kove by less burdensome means, or to the extent AWS seeks information that is cumulative or duplicative of other 30(b)(6) deposition Topics.

14. Kove objects to each Topic to the extent that AWS seeks information not reasonably accessible due to undue burden or cost.

15. Kove objects to each and every Topic, definition, and instruction as overly broad and unduly burdensome insofar as they are not limited in temporal scope or otherwise limited to a relevant time period.

16. Kove objects to AWS's definitions of "Plaintiff" and "Kove" on the grounds that they render the relevant Topics overly broad, unduly burdensome, vague, ambiguous, and not

3

proportional to the needs of the case. Kove will interpret these terms to refer to Kove IO, Inc.

17. Kove objects to AWS's definition of "Related Patent" on the grounds that it renders the relevant topics overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case.

**TOPICS**

**TOPIC NO. 1:**

The Asserted Patents and Related Patents.

**RESPONSE TO TOPIC NO. 1:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and does not identify with particularity the documents or information at issue. Kove further objects that this Topic is vague, ambiguous, and overbroad as to the phrase "related patents." Kove objects to this Topic to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove further objects to this Topic to the extent it seeks expert testimony or calls for a legal conclusion. Kove further objects to this Topic as being duplicative of Topic Nos. 1-6, 10-13, 15 in AWS's October 6, 2020 30(b)(6) Notice.

Subject to Kove's objections, Kove will produce one or more witness(es) to testify generally about the Asserted Patents.

**TOPIC NO. 2:**

Background of the technology related to the Asserted Patents, including, for example, computer networking and architecture, distributed systems and databases, scaling, load balancing, methods and systems for locating data objects in a database, redirection in a distributed system or database, distributed hash tables, hashing and hash functions, partitioned name spaces, collisions, splitting and caching.

**RESPONSE TO TOPIC NO. 2:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects that this Topic is vague, ambiguous, overbroad, and unduly burdensome as to the phrase

"background of the technology" and "computer networking and architecture, distributed systems and databases, scaling, load balancing, methods and systems for locating data objects in a database, redirection in a distributed system or database, distributed hash tables, hashing and hash functions, partitioned name spaces, collisions, splitting and caching." Kove further objects to this Topic to the extent it seeks expert testimony and calls for a legal conclusion. Kove further objects to this Topic to the extent that it purports to require Kove to assemble information that is not within the possession, custody, or control of Kove. Kove further objects to this Topic to the extent it seeks information that is already in the possession of parties to this action and/or has already been produced to AWS, that is as readily available to AWS as it is to Kove by less burdensome means, or to the extent AWS seeks information that is cumulative or duplicative of other 30(b)(6) deposition Topics, for example Topic Nos. 1, 2, and 3 in AWS's October 6, 2020 30(b)(6) Notice.

Subject to Kove's objections, Kove will produce one or more witness(es) to testify generally about the technology related to the Asserted Patents.

**TOPIC NO. 3:**

Prior Art related to the Asserted Patents and Related Patents, including references cited during the prosecution of the Asserted Patents and references identified in AWS' Initial Invalidity Contentions dated August 6, 2019 or Final Invalidity Contentions dated February 11, 2020.

**RESPONSE TO TOPIC NO. 3:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Topic to the extent it seeks information that is protected by attorney-client privilege and the work product doctrine. Kove also objects that this Topic is vague, ambiguous, overbroad, and unduly burdensome as to the phrase "Prior Art related to the Asserted Patents and Related Patents" and "references cited during the prosecution of the Asserted Patents and references

6

identified in AWS' Initial Invalidity Contentions dated August 6, 2019 or Final Invalidity Contentions dated February 11, 2020." Kove further objects to this Topic to the extent it seeks expert testimony and calls for a legal conclusion. Kove further objects to this Topic as being duplicative of Topic Nos. 3 and 4 in AWS's October 6, 2020 30(b)(6) Notice.

Subject to Kove's objections, Kove will produce one or more witness(es) to testify generally about the identification of alleged prior art references during prosecution.

**TOPIC NO. 4:**

The alleged priority date of each Asserted Claim of the Asserted Patents, including the alleged conception and reduction to practice of the invention(s) described in the Asserted Patents and, for any Asserted Claim that claims priority to an earlier application, where each element of the Asserted Claim is allegedly found in the earlier application.

**RESPONSE TO TOPIC NO. 4:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Topic to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove also objects that this Topic is vague, ambiguous, overbroad, and unduly burdensome as to the phrases "alleged conception and reduction to practice of the invention(s) described in the Asserted Patents" and "where each element of the Asserted Claim is allegedly found in the earlier application." Kove further objects to the extent this Topic seeks expert opinion and calls for a legal conclusion. Kove further objects to this Topic as being duplicative of Topic No. 2 in AWS's October 6, 2020 30(b)(6) Notice.

Subject to Kove's objections, Kove will produce one or more witness(es) to testify generally about the facts related to the conception and reduction to practice of the Asserted Claims

of the Asserted Patents.

**TOPIC NO. 5:**

The prosecution of the Asserted Patents and Related Patents, including any decisions on how to distinguish the alleged inventions from the prior art and to disclose or not disclose information to the Patent Office.

**RESPONSE TO TOPIC NO. 5:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Topic to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove also objects that this Topic is vague, ambiguous, overbroad, and unduly burdensome as to the phrases "related patents" and "any decisions on how to distinguish the alleged inventions from the prior art." Kove further objects to this Topic to the extent it seeks expert testimony or calls for a legal conclusion. Kove objects to this Topic to the extent it seeks information that is already in the possession of parties to this action and/or has already been produced to AWS or that is otherwise publicly available to AWS, and that is as readily available to AWS as it is to Kove by less burdensome means. Kove further objects to this Topic as being duplicative of Topic Nos. 3, 4, and 10 in AWS's October 6, 2020 30(b)(6) Notice.

Subject to Kove's objections, Kove will produce one or more witness(es) to testify generally about the facts related to the prosecution of the Asserted Patents and any decisions to disclose or not disclose information to the Patent Office.

**TOPIC NO. 6:**

The meaning and construction of the terms used in the specifications and claims of the Asserted Patents and the related intrinsic and extrinsic evidence.

8

**RESPONSE TO TOPIC NO. 6:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove also objects that this Topic is vague, ambiguous, overbroad, and unduly burdensome as to the phrases "meaning . . . of the terms" and "related intrinsic and extrinsic evidence." Kove objects to this Topic to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove further objects to this Topic to the extent it seeks expert testimony or calls for a legal conclusion.

Subject to Kove's objections, Kove will produce one or more witness(es) to testify generally about the specifications of the Asserted Patents.

**TOPIC NO. 7:**

The factual basis of any alleged evidence of secondary considerations of obviousness related to the Asserted Claims, including alleged commercial success, long felt but unresolved need, failure of others, industry praise, teaching away, unexpected results, and copying.

**RESPONSE TO TOPIC NO. 7:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove also objects that this Topic is vague, ambiguous, overbroad, and unduly burdensome as to the phrase "any alleged evidence of secondary considerations of obviousness." Kove objects to this Topic to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove further objects to this Topic to the extent it seeks expert testimony or calls for a legal conclusion. Kove further objects to this Topic to the extent it seeks information that is already in the possession of parties to this action and/or has already been produced to AWS, that is as readily available to AWS as it is to Kove by less burdensome means.

Subject to Kove's objections, Kove will produce one or more witness(es) to testify generally about the facts related to secondary considerations of nonobviousness of the Asserted Patents.

**TOPIC NO. 8:**

The research, design, development, testing, sale, offer for sale, and marking of products, devices, systems, or services created or offered by Kove and by any present or past owners or assignees of the Asserted Patent, such as including OverX and Xpress software.

**RESPONSE TO TOPIC NO. 8:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Topic to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove further objects that this Topic is vague, ambiguous, overbroad, and unduly burdensome as to the phrases "research, design, development, testing, sale, offer for sale, and marking," and "any present or past owners or assignees of the Asserted Patent, such as including OverX and Xpress software." Kove further objects to this Topic to the extent it seeks information unrelated to the Asserted Patents. Kove further objects to this Topic to the extent it seeks expert testimony or calls for a legal conclusion. Kove further objects to this Topic as being duplicative of Topic Nos. 11 and 13 in AWS's October 6, 2020 30(b)(6) Notice.

Subject to Kove's objections, Kove will produce one or more witness(es) to testify generally about the facts related to the research, design, development, testing, sale, offer for sale, and marking of products, devices, systems, or services created or offered by Kove as related to the Asserted Patents.

10

**TOPIC NO. 9:**

The business of Kove and of any present or former owners or assignees of the Asserted Patents, including related to research and development, engineering, manufacturing, licensing, sales and marketing, customers, distribution, technical services, sales and profits, and investors.

**RESPONSE TO TOPIC NO. 9:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Topic to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove further objects to this Topic as vague, ambiguous, overbroad, and unduly broad as to the phrases "The business of Kove," "any present or former owners or assignees of the Asserted Patents" and "research and development, engineering, manufacturing, licensing, sales and marketing, customers, distribution, technical services, sales and profits, and investors." Kove further objects to this Topic to the extent it seeks information unrelated to the Asserted Patents. Kove further objects to this Topic to the extent it seeks expert testimony or calls for a legal conclusion. Kove further objects to this Topic as being duplicative of Topic Nos. 8 and 9 in AWS's October 6, 2020 30(b)(6) Notice.

Subject to Kove's objections, Kove will produce one or more witness(es) to testify generally about the business of Kove.

**TOPIC NO. 10:**

The relationship of any present or former owners or assignees of the Asserted Patents to Kove and to the Asserted Patents.

**RESPONSE TO TOPIC NO. 10:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Topic to the extent it seeks information that is protected by attorney-client privilege,

the work product doctrine, or any other applicable privilege or doctrine. Kove further objects to this Topic as vague, ambiguous, overbroad, and unduly burdensome as to the phrase "[t]he relationship of any present or former owners or assignees." Kove further objects to this Topic to the extent it calls for a legal conclusion. Kove further objects to this Topic as being duplicative of Topic Nos. 6 and 9 in AWS's October 6, 2020 30(b)(6) Notice.

Subject to Kove's objections, Kove will produce one or more witness(es) to testify generally about the owners and assignees of the Asserted Patents.

**TOPIC NO. 11:**

All agreements, licenses, settlements, negotiations, demands, and allegations of infringement by Kove or by any present or former owners or assignees of the Asserted Patents related to the Asserted Patents or this lawsuit.

**RESPONSE TO TOPIC NO. 11:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects that this Topic is vague, ambiguous, overbroad, and unduly burdensome as to the phrases "all agreements, licenses, settlements, negotiations, demands and allegations of infringement . . . by any present or former owners or assignees" and "related to the Asserted Patents or this lawsuit." Kove objects to this Topic to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove further objects to the extent this Topic seeks expert opinion or calls for a legal conclusion. Kove further objects to this Topic as being duplicative of Topic No. 16 in AWS's October 6, 2020 30(b)(6) Notice.

Subject to Kove's objections, Kove will produce one or more witness(es) to testify generally about the facts related to Kove's licensing of the Asserted Patents.

**TOPIC NO. 12:**

All financing, fee or contingency arrangements related to the Asserted Patents or this lawsuit, including the identity of any investors or funders of Kove's participation in this lawsuit, and all related correspondence.

**RESPONSE TO TOPIC NO. 12:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Topic as irrelevant, vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of this case. AWS has not identified the relevance of Kove's financing. Kove objects to this Topic to the extent it seeks information that is protected by the attorney-client privilege and the work product doctrine. Kove further objects to this Topic to the extent it seeks expert testimony or calls for a legal conclusion. Kove further objects to this Topic as being duplicative of Topic No. 18 in AWS's October 6, 2020 30(b)(6) Notice

Kove will not produce a witness for this Topic.

**TOPIC NO. 13:**

Kove's knowledge of AWS and AWS products or services, including the Accused Products, AWS S3 and AWS DynamoDB.

**RESPONSE TO TOPIC NO. 13:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Topic to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove further objects that this Topic is vague, ambiguous, overbroad, and unduly burdensome as to the phrase "knowledge of AWS and AWS products or services." Kove further objects to the extent this Topic seeks expert opinion or calls for a legal conclusion. Kove further objects to this Topic as being duplicative of

13

Topic No. 14 in AWS's October 6, 2020 30(b)(6) Notice

Subject to Kove's objections, Kove will produce one or more witness(es) to testify generally about the facts related to Kove's knowledge of the Accused Products.

**TOPIC NO. 14:**

Kove's allegations of infringement against AWS related to the Asserted Patents, including all facts that support or refute Kove's allegations of infringement.

**RESPONSE TO TOPIC NO. 14:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Topic as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "Kove's allegations of infringement" and "all facts that support or refute Kove's allegations of infringement." Kove objects to this Topic to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove further objects to the extent this Topic seeks expert opinion or calls for a legal conclusion. Kove further objects to this Topic as being duplicative of Topic Nos. 1 and 14 in AWS's October 6, 2020 30(b)(6) Notice. Kove further objects to this Topic to the extent it seeks information that is already in the possession of parties to this action and/or has already been produced to AWS, that is as readily available to AWS as it is to Kove by less burdensome means.

Subject to Kove's objections, Kove will produce one or more witness(es) to testify generally about the Asserted Patents.

**TOPIC NO. 15:**

All factual bases related to the validity or invalidity of the Asserted Patents.

**RESPONSE TO TOPIC NO. 15:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove

14

objects to this Topic to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove objects to this Topic as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all factual bases related to the validity or invalidity of the Asserted Patents." Kove further objects to the extent this Topic seeks expert opinion and calls for a legal conclusion. Kove further objects to this Topic to the extent it seeks information that is already in the possession of parties to this action and/or has already been produced to AWS or that is otherwise publicly available to AWS, and that is as readily available to AWS as it is to Kove by less burdensome means. Kove further objects to this Topic as being duplicative of Topic No. 3 in AWS's October 6, 2020 30(b)(6) Notice.

Subject to Kove's objections, Kove will produce one or more witness(es) to testify generally about the Asserted Patents.

**TOPIC NO. 16:**

All factual bases related to Kove's claimed damages in this lawsuit.

**RESPONSE TO TOPIC NO. 16:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Topic as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all factual bases related to Kove's claimed damages." Kove objects to this Topic to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove further objects to the extent this Topic seeks expert opinion or calls for a legal conclusion. Kove further objects to this Topic as being duplicative of Topic No. 15 in AWS's October 6, 2020 30(b)(6) Notice. Kove further objects to this Topic to the extent it seeks information that is already in the possession of parties to this action and/or has already been produced to AWS, that is as readily available to AWS as it is to Kove by less

15

burdensome means.

Subject to Kove's objections, Kove will produce one or more witness(es) to testify generally about the benefits provided by the technology of the Asserted Patents.

**TOPIC NO. 17:**

Kove's document collection and production in this lawsuit and Kove's document retention policies.

**RESPONSE TO TOPIC NO. 17:**

Kove incorporates by reference the General Objections as if fully set forth herein. Kove objects to this Topic to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Kove further objects to this Topic as vague, ambiguous, overbroad, and unduly burdensome as to the phrases "document collection and production" and "document retention policies."

Subject to Kove's objections, Kove will produce one or more witness(es) to testify generally about Kove's document collection and production in this lawsuit and Kove's document retention policies.

| | |
|---|---|
| Dated: March 30, 2023 | Respectfully submitted, |
| | */s/ Jaime F. Cardenas-Navia*<br>Jaime F. Cardenas-Navia |
| Khue V. Hoang (*pro hac vice*)<br>khoang@reichmanjorgensen.com<br>Jaime F. Cardenas-Navia (*pro hac vice*)<br>jcardenas-navia@reichmanjorgensen.com<br>REICHMAN JORGENSEN LEHMAN &<br>FELDBERG LLP<br>400 Madison Avenue, Suite 14D<br>New York, NY 10017<br>Telephone: (212) 381-1965 | Renato Mariotti (State Bar No. 6323198)<br>renatto.mariotti@bclplaw.com<br>Holly H. Campbell (State Bar No. 6320395)<br>holly.campbell@bclplaw.com<br>BRYAN CAVE LEIGHTON PAISNER LLP<br>161 North Clark Street, Suite 4300<br>Chicago, IL 60601<br>Telephone: (312) 602-5037 |
| Christine E. Lehman (*pro hac vice*)<br>clehman@reichmanjorgensen.com<br>Adam Adler (*pro hac vice*)<br>aadler@reichmanjorgensen.com<br>Philip Eklem (*pro hac vice*)<br>peklem@reichmanjorgensen.com<br>REICHMAN JORGENSEN LEHMAN &<br>FELDBERG LLP<br>1909 K Street, NW, Suite 800<br>Washington, DC 20006<br>Telephone: (202) 894-7310 | Courtland L. Reichman (*pro hac vice*)<br>creichman@reichmanjorgensen.com<br>Shawna L. Ballard (*pro hac vice*)<br>sballard@reichmanjorgensen.com<br>Savannah Carnes (*pro hac vice*)<br>scarnes@reichmanjorgensen.com<br>REICHMAN JORGENSEN LEHMAN &<br>FELDBERG LLP<br>100 Marine Parkway, Suite 300<br>Redwood Shores, CA 94065<br>Telephone: (650) 623-1401 |
| Taylor Mauze (*pro hac vice*)<br>tmauze@reichmanjorgensen.com<br>Navid Bayar (*pro hac vice*)<br>nbayar@reichmanjorgensen.com<br>REICHMAN JORGENSEN LEHMAN &<br>FELDBERG LLP<br>7500 Rialto Blvd., Suite 1-250<br>Austin, TX 78735<br>Telephone: (650) 623-1401 | |
| ***ATTORNEYS FOR PLAINTIFF***<br>***KOVE IO, INC.*** | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2023, Kove's Responses and Objections to AWS's February 12, 2020 Notice of 30(b)(6) Deposition of Kove (Topic Nos. 1-17) was served on counsel of record via email.

                                        */s/ Jaime F. Cardenas-Navia*
                                        Jaime F. Cardenas-Navia