# Exhibit 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KOVE IO, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-08175 |
| | ) | |
| AMAZON WEB SERVICES, INC., | ) | Hon. Judge Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |
| | ) | |

## FIRST NOTICE OF 30(b)(6) DEPOSITION
## TO KOVE IO, INC. BY AMAZON WEB SERVICES, INC.

**PLEASE TAKE NOTICE** that on March 25, 2020, at 9:30am, Defendant Amazon Web Services, Inc. ("AWS") shall take the deposition upon oral examination of Plaintiff Kove IO, Inc. ("Kove"), or as otherwise agreed by the parties. The deposition will continue from day to day until completed, and shall be taken before a duly certified court reporter and notary public or other person authorized by law to administer oaths at the offices of Jenner & Block LLP, 353 N. Clark Street, Chicago, Illinois. The deposition will be recorded by stenographic means and by videotape.

Pursuant to Fed. R. Civ. P. 30(b)(6), Kove shall designate one or more officers, directors, agents or other representatives who consent to testify on its behalf, to testify as to matters known or reasonably available to Kove regarding the topics listed herein. To the extent more than one deponent is identified, Kove shall state in advance of the deposition which portions of this notice each deponent is prepared to address.

The attached Appendix A includes definitions and topics for examination.

Dated: February 12, 2020

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
(202) 639-6000
aunikowsky@jenner.com

Respectfully submitted,

/s/ Terri L. Mascherin

Terri L. Mascherin
Michael Babbitt
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
tmascherin@jenner.com
mbabbitt@jenner.com
mwerner@jenner.com

*Attorneys for Amazon Web Services, Inc.*

## APPENDIX A

## DEFINITIONS

1.      The term "Plaintiff" or "Kove" means Plaintiff Kove IO, Inc., its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors, and including all present or past owners of the Asserted Patents such as Kove Corp., Econnectix, LLC, Ecconnectix Corp., OverX, Inc., and/or Arctide, LLC.

2.      The term "'170 patent" means U.S. Patent No. 7,815,170.

3.      The term "'978 patent" means U.S. Patent No. 7,233,978.

4.      The term "'640 patent" means U.S. Patent No. 7,103,640.

5.      The term "Asserted Patents" means the '170 patent, the '978 patent, and the '640 patent, both individually or collectively as the context indicates.

6.      The term "S3" refers to the Amazon Simple Storage Service, as described by Kove in the Complaint dated December 12, 2018 (Dkt. 1) ("the Complaint").

7.      The term "DynamoDB" refers to Amazon's DynamoDB service, as described in the Complaint.

8.      The term "Related Patent" means any application, continuation, continuation-in-part, divisional, or reissue applications, any patents that have issued from such related applications, and any patent or application from which such related applications claim priority or which are otherwise in the same family of patents.

9.      The term "Prior Art" is used herein in the same sense that it is used in 35 U.S.C. §§ 102 & 103, and includes any patent, printed publication, prior knowledge, prior use, prior product, prior sale or offer of sale, or other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

10.     "Document" or "documents" shall be interpreted in its broadest sense to mean, without limitation, all documents, e-mails, letters, memos, webpages, objects, or other electronic or tangible things discoverable under Federal Rule of Civil Procedure 34, including the original, all identical copies, and all non-conforming or non-identical drafts and copies thereof, whether different from the original by reason of any annotation made on such copies or otherwise.

11.     "Communication" shall mean every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer, or exchange of information, whether orally or by document or whether face to face, by telephone, mail, personal delivery, email, or otherwise.

12.     "Including" means including but not limited to the referenced subject.

13.     "And" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these requests any information that might be deemed outside their scope by any other construction.

14.     "All" and "any" mean both each and every.

15.     "Relating to," "related to," and "referring to," shall mean, without limitation, in any way constituting, mentioning, referring to, referencing, describing, summarizing, evidencing, listing, indicating, relevant to, demonstrating, regarding, tending to prove or disprove, containing, reflecting, concerning, pertaining to, analyzing, explaining, or in any way logically or factually connected with the matter discussed.

## TOPICS FOR EXAMINATION

In accordance with Fed R. Civ. P. 30(b)(6), AWS identifies the following topics for examination at this time:

1.      The Asserted Patents and Related Patents.

2.      Background of the technology related to the Asserted Patents, including, for example, computer networking and architecture, distributed systems and databases, scaling, load balancing, methods and systems for locating data objects in a database, redirection in a distributed system or database, distributed hash tables, hashing and hash functions, partitioned name spaces, collisions, splitting and caching.

3.      Prior Art related to the Asserted Patents and Related Patents, including references cited during the prosecution of the Asserted Patents and references identified in AWS' Initial Invalidity Contentions dated August 6, 2019 or Final Invalidity Contentions dated February 11, 2020.

4.      The alleged priority date of each Asserted Claim of the Asserted Patents, including the alleged conception and reduction to practice of the invention(s) described in the Asserted Patents and, for any Asserted Claim that claims priority to an earlier application, where each element of the Asserted Claim is allegedly found in the earlier application.

5.      The prosecution of the Asserted Patents and Related Patents, including any decisions on how to distinguish the alleged inventions from the prior art and to disclose or not disclose information to the Patent Office.

6.      The meaning and construction of the terms used in the specifications and claims of the Asserted Patents and the related intrinsic and extrinsic evidence.

7.     The factual basis of any alleged evidence of secondary considerations of obviousness related to the Asserted Claims, including alleged commercial success, long felt but unresolved need, failure of others, industry praise, teaching away, unexpected results, and copying.

8.     The research, design, development, testing, sale, offer for sale, and marking of products, devices, systems, or services created or offered by Kove and by any present or past owners or assignees of the Asserted Patents, such as including OverX and Xpress software.

9.     The business of Kove and of any present or former owners or assignees of the Asserted Patents, including related to research and development, engineering, manufacturing, licensing, sales and marketing, customers, distribution, technical services, sales and profits, and investors.

10.    The relationship of any present or former owners or assignees of the Asserted Patents to Kove and to the Asserted Patents.

11.    All agreements, licenses, settlements, negotiations, demands, and allegations of infringement by Kove or by any present or former owners or assignees of the Asserted Patents related to the Asserted Patents or this lawsuit.

12.    All financing, fee or contingency arrangements related to the Asserted Patents or this lawsuit, including the identity of any investors or funders of Kove's participation in this lawsuit, and all related correspondence.

13.    Kove's knowledge of AWS and AWS products or services, including the Accused Products, AWS S3 and AWS DynamoDB.

14.    Kove's allegations of infringement against AWS related to the Asserted Patents, including all facts that support or refute Kove's allegations of infringement.

15.    All factual bases related to the validity or invalidity of the Asserted Patents.

16.     All factual bases related to Kove's claimed damages in this lawsuit.

17.     Kove's document collection and production in this lawsuit and Kove's document retention policies.

## <u>CERTIFICATE OF SERVICE</u>

I, Michael Werner, an attorney at the law firm of Jenner & Block LLP, certify that on February 12, 2020, the foregoing **FIRST NOTICE OF 30(b)(6) DEPOSITION TO KOVE IO, INC. BY AMAZON WEB SERVICES, INC.,** was electronically served on counsel of record via email.

/s/ Michael T. Werner
Michael T. Werner

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KOVE IO, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-08175 |
| | ) | |
| AMAZON WEB SERVICES, INC., | ) | Hon. Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S RULE 30(b)(6) NOTICE OF DEPOSITION**
**TO PLAINTIFF KOVE IO, INC.**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6) and 45, Defendant shall take the deposition upon oral examination of Plaintiff Kove IO, Inc. ("Kove") concerning the categories listed on the attached Schedule A. The deposition shall take place beginning on September 15, 2020 at 9:00 a.m. at the offices of Jenner & Block LLP, 353 North Clark St., Chicago, IL 60654, or at a time and place as agreed to by the parties. The deposition will be recorded by stenographic, sound and video means.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Kove shall designate one or more officers, directors, managing agents or other representatives to testify on its behalf to matters known or reasonably available to Kove regarding the topics listed herein. To the extent more than one deponent is identified, Kove shall state at least five days before the deposition which portions of this notice each deponent is prepared to address.

1

Dated: August 20, 2020

AMAZON WEB SERVICES, INC.

By:  */s/ Terri L. Mascherin*

Terri L. Mascherin
Timothy J. Barron
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312 222-9350
Facsimile: 312 527-0484
tmascherin@jenner.com
tbarron@jenner.com
mwerner@jenner.com

Adam Unikowsky
(*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Ave, NW
Washington, DC 20016
Telephone: 212 639-6041
Facsimile: 202 661-4925
aunikowsky@jenner.com

*Attorneys for Defendant Amazon Web
Services, Inc.*

**SCHEDULE A**

**DEFINITIONS**

The following definitions apply to the Matters for Examination, unless specified otherwise:

1. The term "Plaintiff" or "Kove" means Plaintiff Kove IO, Inc., its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors, and including all present or past owners of the Asserted Patents such as Kove Corp., Econnectix LLC, Econnectix Corporation, OverX, Inc., and/or Arctide, LLC.

2. The term "Kove Corporation" means Kove Corporation, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

3. The term "Econnectix LLC" means Econnectix LLC, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

4. The term "Econnectix Corporation" means Econnectix Corporation, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

5. The term "OverX" means OverX, Inc., its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

6. The term "Arctide" means Arctide LLC, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

7. The term "'170 patent" means U.S. Patent No. 7,815,170.

8. The term "'978 patent" means U.S. Patent No. 7,233,978.

9. The term "'640 patent" means U.S. Patent No. 7,103,640.

10. The terms "Asserted Patents" or "Patents-in-Suit" mean the '170 patent, the '978 patent, and the '640 patent, both individually or collectively as the context indicates.

3

11. The term "S3" refers to the Amazon Simple Storage Service, as described by Plaintiff in the Complaint in this action, dated December 12, 2018 (Dkt. 1) ("the Complaint").

12. The term "DynamoDB" refers to Amazon's DynamoDB service, as described in the Complaint.

13. The term "Related Patent" means any application, continuation, continuation-in-part, divisional, or reissue applications—including any applications enumerated on the face of the patents-in-suit—any patents that have issued from such related applications, and any patent or application from which such related applications claim priority or which are otherwise in the same family of patents.

14. The term "predecessor entities" means OverX, Econnectix LLC, Econnectix Corporation, Kove Corporation, and Arctide.

15. The term "Prior Art" is used herein in the same sense that it is used in 35 U.S.C. §§ 102 and 103, and includes any patent, printed publication, prior knowledge, prior use, prior product, prior sale or offer of sale, or other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

16. The term "University of Chicago" or "University" shall mean the University of Chicago and any of its affiliated schools or departments, including but not limited to the Pritzker School of Medicine.

17. "Including" means including but not limited to the referenced subject.

18. "And" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these requests any information that might be deemed outside their scope by any other construction.

19. "All" and "any" mean both each and every.

4

20. "Relating to," "related to," and "referring to," shall mean, without limitation, in any way constituting, mentioning, referring to, referencing, describing, summarizing, evidencing, listing, indicating, relevant to, demonstrating, regarding, tending to prove or disprove, containing, reflecting, concerning, pertaining to, analyzing, explaining, or in any way logically or factually connected with the matter discussed.

## MATTERS FOR EXAMINATION

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants identify the following matters for examination:

1. The facts alleged in the Complaint dated December 12, 2018 (Dkt. 1).

2. Conception and reduction to practice of the inventions described in the patents-in-suit and related patents.

3. Prior art to the patents-in-suit and the related patents, including prior art known to the named inventors.

4. Prosecution of the patents-in-suit and related patents.

5. Inventorship for the patents-in-suit, including the contribution of each inventor to each claim in the patents-in-suit.

6. Ownership of the patents-in-suit from the time of the filing of the first related application to the present, including any assignments or other transactions—including licensing arrangements or agreements—concerning the patents-in-suit or related patents.

7. The use of facilities of the University of Chicago, Pritzker School of Medicine, or the University of Chicago Hospitals for development of the inventions claimed in the patents-in-suit.

8.      Kove's financial condition from its founding—including predecessor entities—to the present, including but not limited to its quarterly and annual revenue, expenses, profits, and capitalization.

9.      Kove's corporate structure, history and organization from founding to the present, including any predecessor entities.

10.     Your knowledge, if any, of inequitable conduct by any inventor, employee, or attorney for Kove or the predecessor entities.

11.     Any development, sale, or offer to sell any software, products, or systems by Kove or any of its predecessor entities, including but not limited to software, products or systems that embody the patents-in-suit.

12.     The sale or promotion of any software or products or systems by Kove or any of its predecessor entities, including but not limited to software, products or systems that embody the patents-in-suit.

13.     Patent marking, or the lack thereof, of software, products or systems created or sold by Kove, including but not limited to software, products or systems that embody the patents-in-suit.

14.     Kove's first knowledge of AWS's alleged infringement, including the date(s) of first knowledge of the accused products, S3 and DynamoDB.

15.     All facts which may support any claim for damages Kove alleges against AWS, including any facts Kove alleges or intends to allege would be relevant to a hypothetical license negotiation concerning a reasonable royalty.

16.     Any royalties ever received or requested by Kove for licensing of the patents-in-suit, or payments received or requested for products or services that relied in any part on the

inventions underlying the patents-in-suit or related patents, including any valuations of the patents-in-suit or related patents by Kove or outside investors.

17.     Any advertising or marketing by Kove or its predecessor entities—including informal communications with potential customers—and including any analysis of competitors or others using technologies similar to the inventions underlying the patents-in-suit, decisions whether to use comparative advertisement or to otherwise refer to potential competitors in offering products or services.

18.     All finances of Kove or its predecessor entities, including investors, investments, working capital, expenses, revenue, and profits, and including any internal allocations of the value of the patents-in-suit or related patents.

19.     The capacity of Kove or its predecessor entities to offer products and services to customers, including any analysis of the size of Kove or number of employees of Kove in relation to the amount of services provided.

20.     The reasons Kove did not file suit against AWS until December 12, 2018.

## CERTIFICATE OF SERVICE

I, Timothy J. Barron, an attorney at the law firm of Jenner & Block LLP, certify that on August 20, 2020, the foregoing Defendant's Rule 30(b)(6) Notice of Deposition to Plaintiff Kove IO, Inc. and Schedule A thereto, were electronically served on counsel of record via electronic mail.

*/s/ Timothy J. Barron*
Timothy J. Barron

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KOVE IO, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-08175 |
| | ) | |
| AMAZON WEB SERVICES, INC., | ) | Hon. Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S RULE 30(b)(6) NOTICE OF DEPOSITION**
**TO PLAINTIFF KOVE IO, INC.**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6) and 45, Defendant shall take the deposition upon oral examination of Plaintiff Kove IO, Inc. ("Kove") electronically as detailed in the attached addendum concerning the topics listed on the attached Schedule A. The deposition shall take place beginning on November 3, 2020 at 9:00 a.m., Central Standard Time and continuing from day to day until completed. The deposition shall be taken before an officer, notary public, or other person authorized to administer oaths, and the testimony shall be recorded by stenographic and video means by a certified court reporter.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Kove shall designate one or more officers, directors, managing agents or other representatives to testify on its behalf to matters known or reasonably available to Kove regarding the topics listed herein. To the extent more than one deponent is identified, Kove shall state at least five days before the deposition which portions of this notice each deponent is prepared to address.

1

Dated: October 6, 2020                    AMAZON WEB SERVICES, INC.

                                          By:  _/s/ Terri L. Mascherin_____

                                          Terri L. Mascherin
                                          Timothy J. Barron
                                          Michael T. Werner
                                          JENNER & BLOCK LLP
                                          353 N. Clark Street
                                          Chicago, IL 60654-3456
                                          Telephone: 312 222-9350
                                          Facsimile: 312 527-0484
                                          tmascherin@jenner.com
                                          tbarron@jenner.com
                                          mwerner@jenner.com

                                          Adam Unikowsky
                                          (*pro hac vice*)
                                          JENNER & BLOCK LLP
                                          1099 New York Ave, NW
                                          Washington, DC 20016
                                          Telephone: 212 639-6041
                                          Facsimile: 202 661-4925
                                          aunikowsky@jenner.com

                                          *Attorneys for Defendant Amazon Web*
                                          *Services, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KOVE IO, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-08175 |
| | ) | |
| AMAZON WEB SERVICES, INC., | ) | Hon. Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ADDENDUM TO DEFENDANT'S RULE 30(B)(6)
NOTICE OF DEPOSITION TO PLAINTIFF KOVE IO, INC.**

**PLEASE TAKE NOTICE** that Defendant shall take the deposition of Plaintiff Kove IO, Inc. ("Kove") by remote audio-video conference on November 3, 2020 commencing at 9 a.m.

**PLEASE TAKE FURTHER NOTICE** that:

1. The deposition will be conducted remotely, using audio-visual conference technology;

2. The court reporter will report the deposition from a location separate from the witness;

3. Counsel for the parties and their clients will be participating from various, separate locations;

4. The court reporter will administer the oath to the witness remotely;

5. The witness will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on camera;

6. Each participating attorney may be visible to all other participants, and their statements will be audible to all participants;

3

7.     All exhibits will be provided simultaneously and electronically to the witness and all participants;

8.     The court reporter will record the testimony;

9.     The deposition may be recorded electronically; and

10.    Counsel for all parties will be required to stipulate on the record:

   a.   Their consent to this manner of deposition; and

   b.   Their waiver of any objection to this manner of deposition, including any objection to the admissibility at trial of this testimony based on this manner of deposition.

## SCHEDULE A

## DEFINITIONS

The following definitions apply to the Matters for Examination, unless specified otherwise:

1.      The term "Plaintiff" or "Kove" means Plaintiff Kove IO, Inc., its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors, and including all present or past owners of the Asserted Patents such as Kove Corp., Econnectix LLC, Econnectix Corporation, OverX, Inc., and/or Arctide, LLC.

2.      The term "Kove Corporation" means Kove Corporation, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

3.      The term "Econnectix LLC" means Econnectix LLC, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

4.      The term "Econnectix Corporation" means Econnectix Corporation, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

5.      The term "OverX" means OverX, Inc., its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

6.      The term "Arctide" means Arctide LLC, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

7.      The term "'170 patent" means U.S. Patent No. 7,815,170.

8.      The term "'978 patent" means U.S. Patent No. 7,233,978.

9.      The term "'640 patent" means U.S. Patent No. 7,103,640.

10.     The terms "Asserted Patents" or "Patents-in-Suit" mean the '170 patent, the '978 patent, and the '640 patent, both individually or collectively as the context indicates.

11.     The term "S3" refers to the Amazon Simple Storage Service, as described by Plaintiff in the Complaint in this action, dated December 12, 2018 (Dkt. 1) ("the Complaint").

12.     The term "DynamoDB" refers to Amazon's DynamoDB service, as described in the Complaint.

13.     The term "Related Patent" means any application, continuation, continuation-in-part, divisional, or reissue applications—including any applications enumerated on the face of the patents-in-suit—any patents that have issued from such related applications, and any patent or application from which such related applications claim priority or which are otherwise in the same family of patents.

14.     The term "predecessor entities" means OverX, Econnectix LLC, Econnectix Corporation, Kove Corporation, and Arctide.

15.     The term "Prior Art" is used herein in the same sense that it is used in 35 U.S.C. §§ 102 and 103, and includes any patent, printed publication, prior knowledge, prior use, prior product, prior sale or offer of sale, or other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

16.     The term "University of Chicago" or "University" shall mean the University of Chicago and any of its affiliated schools or departments, including but not limited to the Pritzker School of Medicine.

17.     "Including" means including but not limited to the referenced subject.

18.     "And" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these requests any information that might be deemed outside their scope by any other construction.

19.     "All" and "any" mean both each and every.

20.     "Relating to," "related to," and "referring to," shall mean, without limitation, in any way constituting, mentioning, referring to, referencing, describing, summarizing, evidencing, listing, indicating, relevant to, demonstrating, regarding, tending to prove or disprove, containing, reflecting, concerning, pertaining to, analyzing, explaining, or in any way logically or factually connected with the matter discussed.

## MATTERS FOR EXAMINATION

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants identify the following matters for examination:

1.     The facts alleged in the Complaint dated December 12, 2018 (Dkt. 1).

2.     Conception and reduction to practice of the inventions described in the patents-in-suit and related patents.

3.     Prior art to the patents-in-suit and the related patents, including prior art known to the named inventors.

4.     Prosecution of the patents-in-suit and related patents.

5.     Inventorship for the patents-in-suit, including the contribution of each inventor to each claim in the patents-in-suit.

6.     Ownership of the patents-in-suit from the time of the filing of the first related application to the present, including any assignments or other transactions—including licensing arrangements or agreements—concerning the patents-in-suit or related patents.

7.     The use of facilities of the University of Chicago, Pritzker School of Medicine, or the University of Chicago Hospitals for development of the inventions claimed in the patents-in-suit.

8.      Kove's financial condition from its founding—including predecessor entities—to the present, including but not limited to its quarterly and annual revenue, expenses, profits, and capitalization.

9.      Kove's corporate structure, history and organization from founding to the present, including any predecessor entities.

10.      Your knowledge, if any, of inequitable conduct by any inventor, employee, or attorney for Kove or the predecessor entities.

11.      Any development, sale, or offer to sell any software, products, or systems by Kove or any of its predecessor entities, including but not limited to software, products or systems that embody the patents-in-suit.

12.      The sale or promotion of any software or products or systems by Kove or any of its predecessor entities, including but not limited to software, products or systems that embody the patents-in-suit.

13.      Patent marking, or the lack thereof, of software, products or systems created or sold by Kove, including but not limited to software, products or systems that embody the patents-in-suit.

14.      Kove's first knowledge of AWS's alleged infringement, including the date(s) of first knowledge of the accused products, S3 and DynamoDB.

15.      All facts which may support any claim for damages Kove alleges against AWS, including any facts Kove alleges or intends to allege would be relevant to a hypothetical license negotiation concerning a reasonable royalty.

16.      Any royalties ever received or requested by Kove for licensing of the patents-in-suit, or payments received or requested for products or services that relied in any part on the

inventions underlying the patents-in-suit or related patents, including any valuations of the patents-in-suit or related patents by Kove or outside investors.

17.     Any advertising or marketing by Kove or its predecessor entities—including informal communications with potential customers—and including any analysis of competitors or others using technologies similar to the inventions underlying the patents-in-suit, decisions whether to use comparative advertisement or to otherwise refer to potential competitors in offering products or services.

18.     All finances of Kove or its predecessor entities, including investors, investments, working capital, expenses, revenue, and profits, and including any internal allocations of the value of the patents-in-suit or related patents.

19.     The capacity of Kove or its predecessor entities to offer products and services to customers, including any analysis of the size of Kove or number of employees of Kove in relation to the amount of services provided.

20.     The reasons Kove did not file suit against AWS until December 12, 2018.

## **CERTIFICATE OF SERVICE**

I, Timothy J. Barron, an attorney at the law firm of Jenner & Block LLP, certify that on October 6, 2020, the foregoing Defendant's Rule 30(b)(6) Notice of Deposition to Plaintiff Kove IO, Inc. and Schedule A thereto, were electronically served on counsel of record via electronic mail.


*/s/ Timothy J. Barron*
Timothy J. Barron

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KOVE IO, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-08175 |
| | ) | |
| AMAZON WEB SERVICES, INC., | ) | Hon. Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S RULE 30(b)(6) NOTICE OF DEPOSITION
TO PLAINTIFF KOVE IO, INC.**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6) and 45, Defendant shall take the deposition upon oral examination of Plaintiff Kove IO, Inc. ("Kove") concerning the categories listed on the attached Schedule A. The deposition shall take place beginning on June 16, 2021 at 9am CT, or at a time and place as agreed to by the parties, but no later than June 18, 2021. The deposition will be recorded by stenographic, sound and video means.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Kove shall designate one or more officers, directors, managing agents or other representatives to testify on its behalf to matters known or reasonably available to Kove regarding the topics listed herein. Kove should provide the name of the deponent no later than five business days before the deposition. To the extent more than one deponent is identified, Kove shall state at least five business days before the deposition which portions of this notice each deponent is prepared to address.

Date: May 20, 2021               Respectfully submitted,

                                  AMAZON WEB SERVICES, INC.

                                  */s/ Elizabeth Bernard*
                                  Alan M. Fisch
                                  *alan.fisch@fischllp.com*
                                  R. William Sigler
                                  *bill.sigler@fischllp.com*
                                  Jeffrey M. Saltman (*pro hac vice*)
                                  *jeffrey.saltman@fischllp.com*
                                  Elizabeth Bernard (*pro hac vice*)
                                  *elizabeth.bernard@fischllp.com*
                                  Adam A. Allgood (*pro hac vice*)
                                  *adam.allgood@fischllp.com*
                                  FISCH SIGLER LLP
                                  5301 Wisconsin Avenue NW
                                  Fourth Floor
                                  Washington, DC 20015
                                  202.362.3500

                                  *Attorneys for Defendant Amazon Web Services, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KOVE IO, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-08175 |
| | ) | |
| AMAZON WEB SERVICES, INC., | ) | Hon. Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ADDENDUM TO DEFENDANT'S RULE 30(B)(6) NOTICE OF DEPOSITION TO PLAINTIFF KOVE IO, INC.

**PLEASE TAKE NOTICE** that Defendant may take the deposition of Plaintiff Kove IO, Inc. ("Kove") by remote audio-video conference on or before June 16, 2021 commencing at 9 a.m CT.

**PLEASE TAKE FURTHER NOTICE** that if the deposition is conducted remotely:

1. The deposition will be conducted remotely, using audio-visual conference technology;

2. The court reporter will report the deposition from a location separate from the witness;

3. Counsel for the parties and their clients will be participating from various, separate locations;

4. The court reporter will administer the oath to the witness remotely;

5. The witness will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on camera;

6. Each participating attorney may be visible to all other participants, and their statements will be audible to all participants;

7. All exhibits will be provided simultaneously and electronically to the witness and all participants;

8. The court reporter will record the testimony;

9. The deposition may be recorded electronically; and

10. Counsel for all parties will be required to stipulate on the record:

     a. Their consent to this manner of deposition; and

     b. Their waiver of any objection to this manner of deposition, including any objection to the admissibility at trial of this testimony based on this manner of deposition.

**SCHEDULE A**

**DEFINITIONS**

The following definitions apply to the Matters of Examination, unless specified otherwise:

1.        The term "Plaintiff" or "Kove" means Plaintiff Kove IO, Inc., its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors, and including all present or past owners of the Asserted Patents such as Kove Corp., Econnectix LLC, Econnectix Corporation, OverX, Inc., and/or Arctide, LLC.

2.        The term "Kove Corporation" means Kove Corporation, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

3.        The term "Econnectix LLC" means Econnectix LLC, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

4.        The term "Econnectix Corporation" means Econnectix Corporation, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

5.        The term "OverX" means OverX, Inc., its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

6.        The term "Arctide" means Arctide LLC, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

7.        The term "'170 patent" means U.S. Patent No. 7,815,170.

8.        The term "'978 patent" means U.S. Patent No. 7,233,978.

9.        The term "'640 patent" means U.S. Patent No. 7,103,640.

10.        The terms "Asserted Patents" or "Patents-in-Suit" mean the '170 patent, the '978 patent, and the '640 patent, both individually or collectively as the context indicates.

11.     The term "S3" refers to the Amazon Simple Storage Service, as described by Plaintiff in the Complaint in this action, dated December 12, 2018 (Dkt. 1) ("the Complaint").

12.     The term "DynamoDB" refers to Amazon's DynamoDB service, as described in the Complaint.

13.     The term "Related Patent" means any application, continuation, continuation-in-part, divisional, or reissue applications - including any applications enumerated on the face of the patents-in-suit – any patents that have issued from such related applications, and any patent or application from which such related applications claim priority or which are otherwise in the same family of patents.

14.     The term "Kove Embodiment" refers to any Kove product, device, process, method, act, or other instrumentality that Kove contends practices any of the claimed inventions of the Asserted Patents, including the OverX and Xpress software, OverX Location Servers (OXLS), Xpress Association Database, XTN for Telecommunications, XRN for Registry Services, XSN for Storage Services, and Xpress Database software products identified in Kove's Final Infringement Contentions and each of Kove's responses to AWS Interrogatory Nos. 3 and 18 or any product that incorporates the identified software products.

15.     The term "predecessor entities" means any predecessor to Kove IO, Inc., including without limitation OverX, Econnectix LLC, Econnectix Corporation, Kove Corporation, and Arctide.

16.     "Including" means including but not limited to the referenced subject.

17.     "And" and "or", as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these requests any information that might be deemed outside their scope by any other construction.

18.     "All" and "any" mean both each and every.

19.     "Relating to," "related to," and "referring to," shall mean, without limitation, in any way constituting, mentioning, referring to, referencing, describing, summarizing, evidencing, listed, indicating, relevant to, demonstrating, regarding, tending to prove or disprove, containing, reflecting, concerning, pertaining to, analyzing, explaining, or in any way logically or factually connected with the matter discussed.

## MATTERS FOR EXAMINATION

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants identify the following matters for examination:

1.     Existence, location, and preservation of Kove and/or Econnectix electronically stored information relating to the Kove Embodiments, including all steps taken by Kove to preserve information regarding the Kove Embodiments since July 2014, its ability to reconstruct that information, and the identification of any virtual machines or electronically stored information that Kove has decommissioned, repurposed, deleted, or destroyed since July 2014.

2.     The deletion of the Econnectix website in March 2015 and all circumstances concerning and surrounding the deletion, including the individuals involved, why the website was deleted and not maintained, and the identification of webpages, whitepapers or any other information that was deleted.

3.     Kove's first awareness of AWS, including without limitation the Amazon S3 and DynamoDB services, and the facts relating to Kove's meetings with attorneys in 2014 and 2015, including the meetings referenced on Kove's September 16, 2020 privilege log.

4.     The decommissioning and repurposing of the virtual machine in August 2019, including all circumstances surrounding the decommissioning and repurposing, the individuals

involved, why the virtual machine was decommissioned and how it was repurposed, and the identification of all information on the virtual machine that was deleted and is no longer available.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2021, I caused a true and correct copy of the foregoing:

**DEFENDANT'S RULE 30(b)(6) NOTICE OF DEPOSITION TO PLAINTIFF KOVE IO,**

**INC.** to be served on all counsel of record via electronic mail.

*/s/ Elizabeth Bernard*
Elizabeth Bernard

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KOVE IO, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-08175 |
| | ) | |
| AMAZON WEB SERVICES, INC., | ) | Hon. Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S RULE 30(b)(6) NOTICE OF DEPOSITION
TO PLAINTIFF KOVE IO, INC.**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6) and 45, Defendant shall take the deposition upon oral examination of Plaintiff Kove IO, Inc. ("Kove") concerning the categories listed on the attached Schedule A. The deposition shall take place at a date and time as agreed to by the parties. The deposition will be recorded by stenographic, sound and video means.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Kove shall designate one or more officers, directors, managing agents or other representatives to testify on its behalf to matters known or reasonably available to Kove regarding the topics listed herein. Kove should provide the name of the deponent no later than ten days before the deposition. To the extent more than one deponent is identified, Kove shall state at least ten days before the deposition which portions of this notice each deponent is prepared to address.

Date: August 20, 2021

Respectfully submitted,

AMAZON WEB SERVICES, INC.

*/s/ Jeffrey M. Saltman*
Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Elizabeth Bernard (*pro hac vice*)
*elizabeth.bernard@fischllp.com*
Adam A. Allgood (*pro hac vice*)
*adam.allgood@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Fourth Floor
Washington, DC 20015
202.362.3500

*Attorneys for Defendant Amazon Web Services, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KOVE IO, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-08175 |
| | ) | |
| AMAZON WEB SERVICES, INC., | ) | Hon. Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>ADDENDUM TO DEFENDANT'S RULE 30(B)(6)<br>NOTICE OF DEPOSITION TO PLAINTIFF KOVE IO, INC.</u>

**PLEASE TAKE NOTICE** that Defendant may take the deposition of Plaintiff Kove IO, Inc. ("Kove") by remote audio-video conference on a date and time agreed to by the parties.

**PLEASE TAKE FURTHER NOTICE** that if the deposition is conducted remotely:

1. The deposition will be conducted remotely, using audio-visual conference technology;

2. The court reporter will report the deposition from a location separate from the witness;

3. Counsel for the parties and their clients will be participating from various, separate locations;

4. The court reporter will administer the oath to the witness remotely;

5. The witness will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on camera;

6. Each participating attorney may be visible to all other participants, and their statements will be audible to all participants;

7. All exhibits will be provided simultaneously and electronically to the witness and all participants;

8. The court reporter will record the testimony;

9. The deposition may be recorded electronically; and

10. Counsel for all parties will be required to stipulate on the record:

    a. Their consent to this manner of deposition; and

    b. Their waiver of any objection to this manner of deposition, including any objection to the admissibility at trial of this testimony based on this manner of deposition.

## SCHEDULE A

## DEFINITIONS

The following definitions apply to the Matters of Examination, unless specified otherwise:

1. The term "Plaintiff" or "Kove" means Plaintiff Kove IO, Inc., its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors, and including all present or past owners of the Asserted Patents such as Kove Corp., Econnectix LLC, Econnectix Corporation, OverX, Inc., and/or Arctide, LLC.

2. The term "Kove Corporation" means Kove Corporation, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

3. The term "Econnectix LLC" means Econnectix LLC, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

4. The term "Econnectix Corporation" means Econnectix Corporation, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

5. The term "OverX" means OverX, Inc., its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

6. The term "Arctide" means Arctide LLC, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

7. The term "Investment Memorandum" means any document offering call options, bonds, or any other investment involving an interest in or related to the potential proceeds or a portion of the potential proceeds of this litigation, including any settlement and/or damages award.

8. "Including" means including but not limited to the referenced subject.

9.      "And" and "or", as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these requests any information that might be deemed outside their scope by any other construction.

10.     "All" and "any" mean both each and every.

11.     "Relating to," "related to," and "referring to," shall mean, without limitation, in any way constituting, mentioning, referring to, referencing, describing, summarizing, evidencing, listed, indicating, relevant to, demonstrating, regarding, tending to prove or disprove, containing, reflecting, concerning, pertaining to, analyzing, explaining, or in any way logically or factually connected with the matter discussed.

## <u>MATTERS FOR EXAMINATION</u>

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant identifies the following matters for examination:

1.      Efforts by Kove to attract investors based on potential proceeds and outcome of this litigation.

2.      The identification and contents of any Investment Memorandum.

3.      The purpose of any Investment Memorandum and the circumstances surrounding its creation, including when it was created, all persons involved in its creation and drafting, its contents, and the content of any appendices, and why it was created and drafted.

4.      The identity of all third parties who received any Investment Memorandum and details regarding distribution of the Investment Memorandum to any third party.

5.      The identity of each third party, if any, that made any investment in Kove and/or provided funds to John Overton that involved the proceeds or potential proceeds, in whole or in part, in this litigation.

6. Any communications and meetings between Kove and/or John Overton and any third parties regarding any Investment Memorandum and/or any investment involving the proceeds or potential proceeds, in whole or in part, of this litigation.

7. Kove's and/or John Overton's meetings with Burford Finance, GS Capital, Validity Capital, or any other third party, regarding this litigation, including any discussions regarding any Investment Memorandum or any investment involving the proceeds or potential proceeds, in whole or in part, of this litigation.

8. The identification and contents of any Value-Added Reseller Agreements entered into, negotiated, or considered between Kove and any third party and the circumstances of the agreement, including all negotiations and discussions related to the agreement.

9. Any actions taken by Kove or third parties as a result of, or pursuant to, any Value-Added Reseller Agreements, including the sale, distribution, license, offer to sell, or offer to license, of any products.

10. The identification and contents of any Master Service Agreements entered into, negotiated, or considered between Kove and any third party and the circumstances of the agreement or potential agreement, including all negotiations and discussions related to the agreement or potential agreement.

11. Any actions taken by Kove or any third party as a result of, or pursuant to, any Master Services Agreements, including the sale, distribution, license, offer to sell, or offer to license of any products.

12. The existence, location, custodians, retention, collection, and production of documents responsive to the document requests propounded on Kove in this litigation, including

the search and collection of documents from Kove's current and former employees and any other documents under Kove's possession, custody, or control.

13.      Any agreement, whether oral or written, with any third party that involves any reimbursement or payment, in whole or in part, in relation to funding this litigation, including any agreements to fund any portion of the costs for this litigation other than an agreement with Reichman Jorgensen.

14.      Any agreement, whether oral or written, with any third party that involves any payment to Kove and/or John Overton which Kove and/or John Overton is obligated to (or otherwise will) repay, with or without interest or a bonus, with the proceeds or potential proceeds obtained from either the settlement of, or any damages collected as a result of, this litigation.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 20, 2021, I caused a true and correct copy of the foregoing:

**DEFENDANT'S RULE 30(b)(6) NOTICE OF DEPOSITION TO PLAINTIFF KOVE IO,**

**INC.** to be served on all counsel of record via electronic mail.

*/s/ Jeffrey M. Saltman*
Jeffrey M. Saltman
