# Exhibit G

HIGHLY CONFIDENTIAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Amazon Web Services, Inc., <br><br> Defendant. | Civil Action No. 1:18-cv-08175 <br><br> Judge Rebecca R. Pallmeyer <br><br> Jury Trial Demanded |

**KOVE'S FINAL INFRINGEMENT CONTENTIONS UNDER LOCAL PATENT RULE 3.1**

**HIGHLY CONFIDENTIAL**

In compliance with Local Patent Rule ("LPR") 3.1, Kove IO, Inc. ("Kove") hereby submits its Final Infringement Contentions ("Contentions") for Amazon Web Services, Inc. ("Amazon"). Consistent with LPR 3.1, these Contentions disclose Kove's theories of infringement with sufficient specificity to provide Amazon with notice of its infringement, using the information reasonably available to Kove.

Fact discovery is still ongoing, and Amazon has not yet made available a significant amount of the discovery that it is required to produce, including Amazon's core technical documents, source code, responses to written discovery requests, and deposition testimony. Moreover, claim construction has not yet begun, and Kove is not aware of Amazon's claim construction positions. Kove reserves the right to modify, amend, retract, and/or supplement these Contentions (including any further articulation of theories of infringement, including under the doctrine of equivalents, and adding, removing, or otherwise modifying the asserted claims and/or accused instrumentalities) as additional evidence and information becomes available to Kove, as Kove's understanding of this information changes, in light of any claim construction order from the Court, or as otherwise appropriate, in accordance with the Federal Rules of Civil Procedure and the applicable Local Rules. Further, these Contentions should not be interpreted as indirectly providing Kove's definitive view on the proper construction of the asserted claims. Finally, as per LPR 3.1, these Contentions are not required to disclose all evidence that Kove may rely on in support of its theories, and Kove reserves all rights to rely on additional evidence as the case progresses.

## I. Identification of the Asserted Claims

Kove asserts the following claims of U.S. Patent Nos. 7,814,170 ("the '170 Patent"), 7,103,640 ("the '640 Patent"), and 7,233,978 ("the '978 Patent"):

'170 Patent: claims 1, 2, 6, 8, 12, 15

'640 Patent: claims 17, 18, 24

'978 Patent: claims 1, 3, 6, 10, 14, 17, 23, 24, 30, 31

## II. Identification of Each Accused Instrumentality

Each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of Amazon can be found in the attached claims charts. *See* Exhibit A ('170 Patent for Amazon S3), Exhibit B ('170 Patent for DynamoDB), Exhibit C ('640 Patent for DynamoDB), Exhibit D ('978 Patent for Amazon S3), Exhibit E ('978 Patent for DynamoDB).

Droplets is entitled to damages for the Accused Instrumentalities from December 12, 2012 (*i.e.*, six years prior to the filing of the Complaint) through the respective expiration dates of the asserted patents or when Amazon ceases to infringe, whichever occurs first. Kove's infringement theories — which are based on the evidence currently known to Kove, including source code, source code revisions, source code deployment history, source code comments, diff analysis of the source code, the produced .git repository, and other documentary and testimonial evidence, including what is cited in the claim charts (*see also* Sorensen Tr. at 207:4-225:2, 231:4-34; Markle Tr. at 125:10-132:8, 287:15-295:20) — are intended to be representative across the entire damages period.

## III. Identification of Direct Infringement

Amazon directly infringes all asserted claims under 35 U.S.C. § 271(a) as it makes, uses, offers to sell, sells, and imports the Accused Instrumentalities. Amazon designs, tests, makes, and maintains the Accused Instrumentalities, uses the Accused Instrumentalities itself, and sells and offers to sell the Accused Instrumentalities to its customers and the public. Amazon also uses the Accused Instrumentalities by putting them into service and controlling them as a whole and deriving benefit from that use and control.

Claim charts identifying specifically where each element of each asserted claim is found

within each Accused Instrumentality, literally and/or under the doctrine of equivalents, are attached in Exhibits A-E.

## IV. Identification of Indirect Infringement

Amazon indirectly infringes all asserted claims as follows:

Induced Infringement:

Amazon has actively induced the infringement of all asserted claims under 35 U.S.C. § 271(b). Amazon has had knowledge of its infringement of all asserted claims since at least the filing of this case (*see* Section VI below). Amazon has actively induced the infringing use of the Accused Instrumentalities by all parties that use the Accused Instrumentalities, including by Amazon itself, Amazon.com, Inc. and its related corporate entities, and Amazon's customers. These parties infringe the asserted claims in violation of 35 U.S.C. § 271(a) by using the Accused Instrumentalities in an infringing manner. For example, Amazon induces these parties to directly infringe the asserted claims by marketing, advertising, and providing instructions, support, and technical assistance for the use of the Accused Instrumentalities in an infringing manner.

For example, Amazon provides several support websites that instruct on the use of the Accused Instrumentalities, including, without limitation: "Getting Started Resource Center"[1]; "Cloud Solutions"[2]; "AWS Documents"[3]; "AWS Support"[4]; and "AWS Customer Success."[5] These exemplary instructional documentations explain how to use the Accused Instrumentalities

---

[1] Getting Started Resource Center, available at https://aws.amazon.com/getting-started/.
[2] Cloud Solutions Find the right solution by application or industry, available at https://aws.amazon.com/solutions/.
[3] AWS Documentation Find user guides, developer guides, API references, tutorials, and more, available at https://aws.amazon.com/documentation/.
[4] AWS Support, available at https://aws.amazon.com/premiumsupport/.
[5] AWS Customer Success, available at https://aws.amazon.com/solutions/case-studies/.

to store and retrieve data. In addition, Amazon provides a "step-by-step tutorial [that] will help you store your files in the cloud using Amazon Simple Storage Solution (Amazon S3). Amazon S3 is a service that enables you to store your data (referred to as objects) in at massive scale. In this tutorial, you will create an Amazon S3 bucket, upload a file, retrieve the file and delete the file."[6]

Amazon also provides answers on its website to popular topics, posts, and questions that developers, users, or operators may have about the Amazon Accused Instrumentalities.[7] For instance, AWS News Blog provides updates on Amazon S3.[8] Likewise, Amazon educates users about features and developments of the Accused Instrumentalities: "AWS holds events both online and in-person to bring the cloud computing community together to connect, collaborate, and learn from AWS experts."[9] Users can also get help by directly asking Amazon support developers.[10] Amazon further provides instructional videos to teach users how to use the Amazon Instrumentalities.[11]

In addition, Amazon provides Amazon S3 and DynamoDB manuals to help the customer understand, setup, and use the Accused Instrumentalities, along with user manuals for all Amazon products and services, which may be accessed through links at https://aws.amazon.com/documentation/. Amazon also provides Tools for using the Accused

---

[6] Store and Retrieve a File with Amazon S3, available at https://aws.amazon.com/getting-started/tutorials/backup-files-to-amazon-s3/.

[7] AWS News Blog, available at https://aws.amazon.com/blogs.

[8] Barr, J., Amazon S3 Update: New Storage Class and General Availability of S3 Select, available at https://aws.amazon.com/blogs/aws/amazon-s3-update-new-storage-class-general-availability-of-s3-select/ .

[9] AWS Events & Webinars available at https://aws.amazon.com/about-aws/events/.

[10] *See* AWS Support, available at https://aws.amazon.com/premiumsupport/.

[11] Getting Started Videos, https://aws.amazon.com/getting-started/videos/; Amazon S3, http://amzn.to/2iNk9IA; Introduction to Amazon S3, https://youtu.be/rKpKHulqYOQ.

Instrumentalities, such as SDKs (software development kits), IDE (integrated development environment) Toolkits, and Command Line Tools.[12]

As yet another example, Amazon promotes collaborating with "partners and customers" and encourages architects to work "with AWS field sales, pre-sales, training and support teams to help partners and customers learn and use AWS services such as Amazon Elastic Compute Cloud (EC2), Amazon Simple Storage Service (S3), Amazon SimpleDB/RDSdatabases, AWS Identity and Access Management (IAM), etc."[13]  *See also* AMZ_KOVE_000064567-64819; AMZ_KOVE_000046571-46733; AMZ_KOVE_000061900-61910; AMZ_KOVE_000065619-65649; AMZ_KOVE_000065650-65712; AMZ_KOVE_000064567-64819; Sorenson Tr. at 232:10-239:25; Markle Tr. at 104:23-114:11.

Contributory Infringement:

Amazon contributorily infringes all asserted claims under 35 U.S.C. § 271(c). Amazon has had knowledge of its infringement of all asserted claims since at least the filing of this case (*see* Section VI below). Amazon has provided components of the Accused Instrumentalities, which constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. For example, these components include:

- Amazon S3: ███████████████████████████████████████████████████████████████

- DynamoDB: ████████████████████████████████████████████████████████████████████████████████████████

---

[12] Tools for Amazon Web Services, available at https://aws.amazon.com/tools/.
[13] Amazon Jobs, Cloud Infrastructure Architect - Chicago - Job ID: 583645 (Attached as Ex. 23 to the Complaint).

The Accused Instrumentalities are known by Amazon to be especially made or especially adapted for use in the manner claimed in this patent.

Kove incorporates by reference its response to Amazon's Interrogatory No. 9, and any amendments or supplements thereto.

## V. Priority Date to Which Each Asserted Claim Allegedly is Entitled

The asserted claims are entitled to the following priority dates:

'170 Patent

- Claims 1, 2, 6, 8, 12, 15, 17: at least as early as October 28, 1999

'640 Patent

- Claims 17, 18, 24: at least as early as October 28, 1999

'978 Patent

- Claims 1, 31: at least as early as July 8, 1998
- Claims 3, 6, 10, 14: at least as early as October 28, 1999
- Claims 17, 23, 24, 30: at least as early as June 2, 2000

Kove incorporates by reference its response to Amazon's Interrogatory No. 2, and any amendments or supplements thereto.

## VI. Identification of the Basis for Willful Infringement

Amazon's actions show that its patent infringement for all asserted claims has been willful. Amazon was given actual notice of the asserted patents and how Amazon infringes the asserted patents at least since December 12, 2018 when the Complaint was filed. Amazon has been provided subsequent, additional notice through Kove's Initial Infringement Contentions, these Final Infringement Contentions, the discovery process, and in forthcoming documents, such as Kove's expert reports. Moreover, Amazon knows how its Accused Instrumentalities operate.

Amazon is also aware of the validity of the asserted patents, at least through Kove's Initial Validity Contentions, the discovery process, and in forthcoming documents, such as Kove's Final Validity Contentions and expert reports. Moreover, Amazon has knowledge of the prior art. Additionally, Amazon retained Dr. Jonathan Weissman, who previously worked on behalf of Arctide with respect to the asserted patents.

Despite becoming aware of and/or willfully blinding itself to its infringement of the asserted patents, Amazon has nonetheless continued to engage in and has escalated its infringing activities by continuing to develop, advertise, and make available the Accused Instrumentalities. Amazon has made no attempts to design around the asserted patents or otherwise stop its infringing behavior.

Kove incorporates by reference its response to Amazon's Interrogatory No. 9, and any amendments or supplements thereto.

**VII. Identification of Its Own Products That Practice the Claimed Inventions**

The inventions claimed in some or all asserted claims are embodied in some or all versions of the following product: the OverX and Xpress software. Source code for the embodying products has been made available for inspection in Reichman Jorgensen's Redwood Shores office.

Kove incorporates by reference its response to Amazon's Interrogatory No. 3, and any amendments or supplements thereto.

Dated: February 13, 2020

Respectfully submitted,

*/s/ Jaime F. Cardenas-Navia*
Jaime F. Cardenas-Navia

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
THOMPSON COBURN LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500
Telecopier: (312) 580-2201

Sarah O. Jorgensen (*pro hac vice*)
sjorgensen@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (650) 623-1403
Telecopier: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
1615 M Street, NW, Suite 300
Washington, DC 20036
Telephone: (202) 894-7311
Telecopier: (650) 623-1449

Khue Hoang (*pro hac vice*)
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Wesley White (*pro hac vice*)
wwhite@reichmanjorgensen.com
Rahul Sarkar (*pro hac vice*)
rsarkar@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (646) 921-1474
Telecopier: (650) 623-1449

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Jennifer P. Estremera (*pro hac vice*)
jestremera@reichmanjorgensen.com
Joachim B. Steinberg (*pro hac vice*)
jsteinberg@reichmanjorgensen.com
Michael G. Flanigan (State Bar No. 6309008)
mflanigan@reichmanjorgensen.com
Kate M. Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

**ATTORNEYS FOR PLAINTIFF
KOVE IO, INC.**

HIGHLY CONFIDENTIAL

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 13, 2020, the foregoing was served by electronic mail, at the addresses below:

>Adam G. Unikowsky
>JENNER & BLOCK LLP
>1099 New York Ave. NW, Suite 900
>Washington, DC 20001
>(202) 639-6000
>aunikowsky@jenner.com
>
>Terri L. Mascherin
>Michael Babbitt
>Michael T. Werner
>JENNER & BLOCK LLP
>353 N. Clark St.
>Chicago, IL 60654
>(312) 222-9350
>tmascherin@jenner.com
>mbabbitt@jenner.com
>mwerner@jenner.com

>*/s/ Jaime F. Cardenas-Navia*
>Jaime F. Cardenas-Navia