# Exhibit I

███████████████

HIGHLY CONFIDENTIAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Amazon Web Services, Inc., <br><br> Defendant. | Civil Action No. 1:18-cv-08175 <br><br> Judge Rebecca R. Pallmeyer <br><br> Jury Trial Demanded |

**KOVE'S SECOND SUPPLEMENTAL NOTICE OF DEPOSITION OF AMAZON**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Kove IO, Inc. ("Kove" or "Plaintiff"), through its counsel, will take the deposition of Amazon Web Services, Inc. ("Amazon" or "Defendant") regarding the supplemental subject matters set forth in the topics ("Topics") below, which shall be interpreted in accordance with the following instructions and definitions.

The deposition will take place at a mutually agreeable time and location, and continue from day to day, until completed. The deposition will occur before a notary public, court reporter or any other person qualified to administer oaths, will be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Illinois (Local Rules), and may be recorded by stenographic, sound, video, audiovisual and/or any other appropriate means.

The deposition will be taken for the purpose of discovery, for use at trial or any hearing int his matter and for any other purpose permitted by the Federal Rules of Civil Procedure. Amazon shall identify one or more officers, directors or managing agents, or designate other persons who

consent to testify on its behalf for each Topic. The persons designated must testify about information known or reasonably available to Amazon. To the extent each individual will rely on documents or information not yet produced in this litigation, Amazon shall produce those documents or information as soon as possible and no less than five (5) days before the deposition is scheduled to take place.

## DEFINITIONS

1. "Amazon," "Defendant," "You," and "Your" mean Amazon Web Services, Inc. and any of its corporate parents, subsidiaries, divisions, or departments, and any of its present or former officers, directors, employees, members, representatives, or any others acting on its behalf.

2. "Kove" and "Plaintiff" mean Kove IO, Inc., as well as any of its corporate parents, subsidiaries, divisions, or departments, and any of its present or former officers, directors, employees, members, representatives, or any others acting on its behalf.

3. "Asserted Patents" or "Patents-in-Suit" mean the patents asserted by Kove in its operative Complaint in this litigation, including United States Patent Nos. 7,814,170, 7,233,978, and 7,103,640.

4. "Relevant Features" shall mean:

    a. In connection with Amazon S3, or Amazon S3 in combination with any production, application, service, or feature identified in Kove's Infringement Contentions or any amendments or supplements thereto:

        1. [REDACTED]
        [REDACTED]
        [REDACTED]

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇

- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇
- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
  - ▇
- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

b. In connection with DynamoDB, or DynamoDB in combination with any product, application, service, or feature identified in Kove's Infringement Contentions or any amendments or supplements thereto:

1. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

   - ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇
   - ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇

4. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇

   - ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
   - ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
   - ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
   - ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇



5. "Relevant Time Period" means from January 1, 2005, through the expiration of the Asserted Patents.

6. "License" means any agreement, contract, or undertaking pursuant to which You have licensed or received right to one or more patents or patent applications, including any covenants not to use of covenants not to assert.

7. "Hypothetical Negotiation" means the hypothetical negotiation described in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970).

8. "Communication" means any contact, whether in person, in writing, oral, formal, informal, by telephone, or any method whereby knowledge, facts or information is imparted or transmitted from one person or entity to another or to a file.

9. "Document" or "documents" mean the original and all copies of any written, printed, typed, photocopied, photographic, and recorded matter of any kind or character (including, but not limited to, magnetic, mechanical, or electronic recordings), however produced or reproduced, and any tangible thing which, in whole or in part, illustrates or conveys information in Your possession, custody, or control, whether produced or stored on paper, cards, tapes, disks, belts, charts, film, computer storage devices, cellular phones, "smart" phones, microfilm, wires, cables, magnetic and electronic recordings, sound recordings, computer printouts, or records. The term includes, but is not limited to, data, data

compilations, and other electronically stored information, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form (*e.g.*, computer memory); as well as electronic mail and instant messaging, text messaging, video messaging, correspondence, memoranda, studies, maps, analyses, diagrams, scraps of paper, notes, applications, drawings, charts, graphs, plans, photographs, video tapes, audio tapes, computer disks, computer hard drives, contracts, agreements, working papers, drafts, reports of investigations or inspections of any kind, opinions of consultants or experts, diaries, minutes, calendars, field notes, logs, checks, receipts, images, and the like.

10. "Identify," when referring to a person or persons, means to state the current name, address and telephone number of the person about whom the information is sought. When referring to individuals, please state the name of their present or last known employer, their office or title, if any, and their job description. Also, please state the nature and dates of their affiliation with any party to this litigation and their office or title, job description and duties during such affiliation.

11. "Identify," when used with respect to an act (including an alleged omission), communication, occurrence, statement or conduct (herein collectively called "act"), means to:

    a.  describe the substance of the event or events constituting such act and state the date when such act occurred;

    b.  identify each and every person participating in such act;

    c.  identify all other persons (if any) present when such act occurred;

    d.  state whether any minutes, notices, memoranda, or other records of such act

    were made;

  e. state whether such record now exists; and

  f. identify the person or persons presently having possession, custody or control of each such record.

12. "Identify," when referring to a document, means to provide, as to each such document, the following information:

  a. its date;

  b. its title, if it has one; all identifying numbers, if any; all other identifying or categorizing designations; and a brief description of it (such as letter, memorandum, manuscript, notes, etc.);

  c. its subject matter;

  d. the name, title and address of each person who wrote, signed, initialed, dictated or otherwise participated in the creation of the document;

  e. the name, title and address of each addressee, and of each other person receiving a copy of it;

  f. its present location, and the name and address of its present custodian;

  g. if the document is not an original, the name and address of the custodian of the original; and

  h. any other designation necessary to sufficiently identify the document so that a copy of it may be ordered or obtained from its custodian.

If any such document was, but is no longer, in Your possession, custody or control, or in existence, state its present location or the date and manner of its disposition.

13. "Identify," when referring to a corporate entity or entities, shall mean to state the full

corporate name and the date and place of incorporation, if known, and its present address and telephone number.

14. "Person" shall mean individual, corporation, non-profit corporation, sole proprietorship, partnership, limited partnership, professional association, joint venture, agency, agent, trust and/or any other legal entity.

15. "Refer" or "relate to" or "concerning" (or any form thereof) shall mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or being relevant to. As indicated, the term necessarily includes information which is in opposition to, as well as in support of, Your position(s) and claim(s) in this action.

16. "All" shall be construed as "all and each."

17. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope

18. The use of the singular form of any word includes the plural and vice versa.

**TOPICS**

**TOPIC NO. 44:**

The pricing and pricing models for all pricing and service tiers of DynamoDB and Amazon S3, including the bases for, analyses, studies or methodology regarding, Amazon's pricing for the Relevant Time Period.

**TOPIC NO. 45:**

The methods and accounting practices through which Amazon recognizes revenue for and allocates cost to DynamoDB and Amazon S3, as well as the methods and accounting practices through which Amazon allocates revenue, costs and profit from Dynamo DB and S3 to different regions.

**TOPIC NO. 46:**

Amazon's financial statements, including profit and loss statements, balance sheets and cash flow statements, covering Amazon Web Services, Inc., as a reporting segment.

**TOPIC NO. 47:**

The historical pricing, terms, and price sheets for all pricing and service tiers of DynamoDB and Amazon S3 over the Relevant Time Period, including the different pricing and service tiers Amazon has offered for DynamoDB and Amazon S3 over the Relevant Time Period.

**TOPIC NO. 48:**

The importance, value, demand, or benefit to Amazon or Amazon customers, partners, distributors (such as retail establishments), target audience(s) and/or other users regarding the

ability of DynamoDB and AmazonS3 to "scale," their "scalability," or their ability to perform at "any scale."

**TOPIC NO. 49:**

The importance, value, demand, or benefit to Amazon or Amazon customers, partners, distributors (such as retail establishments), target audience(s) and/or other users regarding the speed of DynamoDB and Amazon S3, including throughput, first-byte latency, total-request latency, replication latency, successful-request latency, and write latency.

**TOPIC NO. 50:**

The importance, value, demand, or benefit to Amazon or Amazon customers, partners, distributors (such as retail establishments), target audience(s) and/or other users of the ability of DynamoDB and Amazon S3 to "promote high data durability" or "high data reliability," including, without limitation, by decoupling data access from where it is stored within DynamoDB and Amazon S3.

**TOPIC NO. 51:**

United States financial information for Amazon S3, DynamoDB and their Relevant Features for the Relevant Time Period.

**TOPIC NO. 52:**

Projections pertaining to Amazon S3, DynamoDB, including the implementation and/or use of the Relevant Features, including all profit and cost projections and/or any other metric used to measure the performance of the Relevant Features.

**TOPIC NO. 53:**

Marketing and advertising for Amazon S3, DynamoDB, including marketing and advertising regarding speed, scalability, and availability and the Relevant Features for the Relevant Time Period.

**TOPIC NO. 54:**

Telemetry, usage, metrics, surveys, studies, A/B testing and analyses related to the use, importance and value of Amazon S3, DynamoDB and their Relevant Features for the Relevant Time Period, including telemetry, usage data, surveys, studies and metrics regarding speed, scalability, and availability.

**TOPIC NO. 55:**

Amazon's patent licensing practices related to Amazon S3, DynamoDB, and the technologies related to the patents-in-suit.

**TOPIC NO. 56:**

Any patent License from a third party related to the Relevant Features, and all facts and circumstances that resulted in the execution of each License.

**TOPIC NO. 57:**

The Licenses You contend would have been considered in the Hypothetical Negotiation in this case, the basis for your contention, and all facts and circumstances that resulted in the execution of such Licenses.

**TOPIC NO. 58:**

Monthly United States volume, revenue, cost, profit and total customer data for Amazon S3 broken down by service tier and how each Amazon S3 service level is priced (e.g., based on

storage, requests, data retrievals, data transfer, management, and replication) for the Relevant time Period.

**TOPIC NO. 59:**

Monthly United States volume, revenue, cost, profit and total customer data for DynamoDB broken down by service tier and how each DynamoDB service is priced (e.g., based on read requests, write requests, data storage, backup, data transfer) for the Relevant Time Period.

**TOPIC NO. 60:**

Monthly United States volume, revenue, cost, profit and total customer data for Amazon S3 broken down by service tier and how each Amazon S3 service level is priced (e.g., based on storage, requests, data retrievals, data transfer, management, and replication) for the Relevant time Period.

**TOPIC NO. 61:**

The importance of speed, scalability, and availability to Amazon S3 and DynamoDB and the Relevant Features.

**TOPIC NO. 62:**

The non-infringing alternatives to the patented technology for Amazon S3 and DynamoDB, including the costs necessary to implement each non-infringing alternative, the financial impact of the implementation of each non-infringing alternatives, and the commercial acceptability to Amazon and its customers..

Dated: July 28, 2020

Respectfully submitted,

*/s/ Jaime F. Cardenas-Navia*
Jaime F. Cardenas-Navia

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
Thompson Coburn LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500
Telecopier: (312) 580-2201

Sarah O. Jorgensen (*pro hac vice*)
sjorgensen@reichmanjorgensen.com
Reichman Jorgensen LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (404) 609-1965
Telecopier: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Reichman Jorgensen LLP
818 Connecticut Avenue, NW, Suite 850
Washington, DC 20006
Telephone: (202) 894-7310
Telecopier: (650) 623-1449

Khue Hoang (*pro hac vice*)
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Wesley White (*pro hac vice*)
wwhite@reichmanjorgensen.com
Michael Marvin (*pro hac vice*)
mmarvin@reichmanjorgensen.com
Rahul Sarkar (*pro hac vice*)
rsarkar@reichmanjorgensen.com
Reichman Jorgensen LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965
Telecopier: (650) 623-1449

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Jennifer P. Estremera (*pro hac vice*)
jestremera@reichmanjorgensen.com
Joachim B. Steinberg (*pro hac vice*)
jsteinberg@reichmanjorgensen.com
Michael G. Flanigan (State Bar No. 6309008)
mflanigan@reichmanjorgensen.com
Kate M. Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
Reichman Jorgensen LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

**ATTORNEYS FOR PLAINTIFF
KOVE IO, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 28, 2020, Plaintiff's Second Supplemental Notice of Deposition of Amazon was electronically served by electronic mail, at the addresses below:

>Adam G. Unikowsky
>JENNER & BLOCK LLP
>1099 New York Ave. NW Suite 900 Washington, DC 20001
>(202) 639-6000
>aunikowsky@jenner.com
>
>Terri L. Mascherin
>Tim Barron
>Michael T. Werner
>JENNER & BLOCK LLP
>353 N. Clark St. Chicago, IL 60654
>(312) 222-9350
>tmascherin@jenner.com
>tbarron@jenner.com
>mwerner@jenner.com
>
>
>*/s/ Jaime F. Cardenas-Navia*
>Jaime F. Cardenas-Navia