# Exhibit L



Adam Adler
1710 Rhode Island Avenue, NW
12th Floor
Washington, DC 20036
Direct Dial: (650) 623-1480
aadler@reichmanjorgensen.com

March 5, 2021

**By E-Mail**

Elizabeth Bernard
Fisch Sigler LLP
5301 Wisconsin Ave NW 4th Fl.
Washington, DC 20015
Elizabeth.Bernard@fischllp.com

     RE:    *Kove IO, Inc. v. Amazon Web Services, Inc.*, Case No. 18-cv-8175 (N.D. Ill.)

Dear Counsel,

I write to bring to your attention numerous deficiencies in AWS's interrogatory responses. As explained below, the majority of responses fail to provide meaningful information and fall far short of what is required under the federal and local rules. We have raised several of these deficiencies before, without any meaningful resolution. To avoid confusion, and to crystallize any issues that may be in dispute, I provide, with respect to each interrogatory, a discrete list of the information Kove seeks that has not been provided to date.

As a reminder, all of your supplemental responses should identify documents related to the response, and should identify the persons most knowledgeable about your response.

### *Impasse*

We have had numerous meet and confer meetings about Interrogatory 18 and are at an impasse.

### *Interrogatory 18*

Interrogatory 18 seeks the identification of individuals who are knowledgeable regarding the development, operation, marketing, and pricing of the accused products, from the inception of the products through the present. To date, you have not provided sufficient identification across the Relevant Time Periods. We brought these deficiencies to your attention several times in prior meet and confer calls, and raised it again most recently in our letter of February 8, 2021. We have explained how lack of this basic information is impeding discovery, including our ability to identify the appropriate ESI custodians. Your complaint that our request is not specific enough is unfounded, as the interrogatory specifically asks for knowledgeable custodians as to particular categories of information within specific time periods.

On or before March 12, please provide a supplemental response that identifies knowledgeable witnesses for each Relevant Time Period. Absent a meaningful supplementation, we will consider the parties to be at an impasse.

### *Remaining Interrogatories*

Please let us know by March 12 which of the below interrogatories you will supplement and please provide all such supplements by March 19. For each interrogatory that you do not agree to supplement, please provide us with your availability on March 16 or March 17 for a meet and confer call.

### *Interrogatory 1*

Interrogatory 1 seeks information regarding AWS's first awareness of the asserted patents. Your response does not provide the requested information. You assert that AWS became aware of the *alleged infringement* upon receiving Kove's complaint. But knowledge of infringement allegations is not the same as knowledge of the asserted patents. Your response also includes citations to documents that cite the asserted patents. Those citations, however, do not provide information as to the facts and circumstances surrounding AWS's *first* awareness. Please supplement your answer so that it includes at least the following information:

- When AWS first became aware of each of the asserted patents.

- A description of the circumstances surrounding AWS's first awareness, including the persons involved.

- A description of any investigation or action AWS made upon learning of the asserted patents, including any investigations related to potential infringement or the validity of the Asserted patents.

### *Interrogatory 2*

Interrogatory 2 asks AWS to identify the factual and legal bases for each of its counterclaims and affirmative defenses. Your response fails to provide the requested information in connection with several of your defenses. Please supplement the response to include the factual and legal bases for the following assertions contained in your Answer and Counterclaims:

- AWS's assertion that "Plaintiff has not established that the chain of title of the patents-in-suit extends directly from the named inventors to Kove IO, Inc."

- AWS's assertion that Kove "failed to properly mark any of their relevant products or materials," including the assertion that Kove had products to which the marking requirement would apply.

- AWS's assertion that Kove's claim is barred by "one or more" of laches, equitable estoppel, acquiescence, waiver, unclean hands, or "other equitable principles."

- AWS's assertion that Kove lacks standing. The documents included in your 33(d) response do not reveal (whether directly or indirectly) any defect in Kove's ownership of the patents.

*Interrogatory 3*

Interrogatory 3 seeks information regarding purported non-infringing alternatives (NIAs) to the asserted claims. Critically, your response lacks sufficient detail about the implementation and operation of the proposed NIAs for Kove to understand any of them. AWS's proposed NIAs are described at such a high level of generality that they do not provide any actionable information regarding how they would function.

For example, for S3's infringement of claim 1 of the '978 patent, your response states:



As another example, for S3's infringement of claim 1 of the '170 patent, you state: Again, you provide no information about what code would be modified, how the code would be modified, or what other system changes would be needed to implement the purported NIA. You also do not describe at a meaningful level of detail any of (i)

AWS has thus failed to adequately articulate any NIAs.

Your response also omits several details specifically requested by the interrogatory, including:

- When each NIA first became available or feasible.
- The costs (including fiscal, time, and manpower) that would be required for you to develop or acquire each NIA.
- Any advantages and disadvantages of each NIA, as compared to AWS's current approach, including with respect to performance, function or acceptability.

Please supplement your response to cure these deficiencies and provide the requested information as to each asserted NIA. Please also identify any NIAs that you contend could serve as a substitute for either accused product with respect to all of the claims asserted against that product.

*Interrogatory 5*

Interrogatory 5 seeks information regarding when each accused product was first offered for sale in the United States. Your response states when the S3 and DynamoDB products were publicly *announced* but does not provide the date that the products were first offered *for sale*. In fact, one of your documents, AMZ_KOVE_61904,

[REDACTED]. Likewise, your response does not provide any information regarding when AWS or Amazon.com, Inc. started using the accused products. Please supplement your response so that it includes at least the following information for each accused product:

- The date that the accused product was first offered for sale in the United States.
- The date that the product was first used by Amazon.com, Inc., and any Amazon entity other than AWS.
- For each accused product, identify the date that the product was first used internally by AWS.
- For each accused product, provide each designation you have used to refer to the accused product (*e.g.*, SKU, internal project name, different version names, etc.)

## *Interrogatory 6*

Interrogatory 6 seeks month-level financial information for the accused products for the relevant damages period, including U.S. and non-U.S. sales, revenues, profits, margins, and other financial benefits you realize from the use and sale of the accused products. Interrogatory 6 also seeks information regarding how you differentiate between U.S. and non-U.S.-based sales.

Your response does not provide the requested information. While you claim that some of the requested information "may be determined from documents produced by AWS," and cited through reference to Rule 33(d), the cited documents do not actually contain the requested information. Please supplement your response so that it includes at least the following information for each accused product:

- U.S. and non-U.S. sales, revenues, costs, profits (gross and net), and margins (gross and net), month-by-month, and customer-by-customer.
- Any financial benefits you have realized from the accused product that is not captured in the previous bullet, including financial benefits derived from AWS' internal use of the accused products, or from Amazon.com, Inc.'s use of the accused products.
- The location of your sales, and how AWS distinguishes (if at all) between U.S. and international sales.

## *Interrogatory 7*

Interrogatory 7 seeks information regarding location servers in the accused products. Your response does not provide sufficient information regarding when, how, and why location servers are removed from the accused products. Your response asserts that "in general" a location server is removed when [REDACTED] but it does not explain what conditions actually lead to removal, nor does it explain how the removal process takes place. Likewise, while you assert that server removal [REDACTED] you do not provide any information regarding the *actual* frequency with which servers are removed. Finally, your invocation of Rule 33(d) is inappropriate—instead of citing specific documents that contain the requested information, you cite the entirety of your source code

production.  Those blanket citations do not satisfy your discovery obligations.  Please supplement your response so that it includes at least the following information:

- A more complete and detailed explanation as to when, how, and why location servers are removed from the accused products, including whether removal is performed in an automated fashion, or whether it requires human approval or intervention.
- Citations to specific documents supporting all aspects of your response to interrogatory 7.

### *Interrogatory 9*

Interrogatory 9 seeks information regarding how the accused products are used by other Amazon products or services, including those of AWS and Amazon.com, Inc.  Your response does not provide the requested information.  Please supplement your response so that it includes at least the following information:

- The nature and extent to which each accused product is used by other AWS products or services.
- The nature and extent to which each accused product is used by products or services of Amazon.com, Inc. or any other Amazon entity (other than AWS).

### *Interrogatory 10*

Interrogatory 10 seeks information regarding the most common use cases for each of the accused products.  Your response does not provide the requested information.  Instead of providing a narrative response, you cite a handful of documents pursuant to Rule 33(d).  However, the cited documents do not identify the *most common* use cases for each of the accused products, and do not provide *any* information regarding DynamoDB.  While a few of the cited documents pertain to S3, most are wholly unresponsive or only provide information as to how *particular* customers use the product.  Please supplement your response so that it includes at least the following information:

- A specific description of the most common use cases for each accused product.

### *Interrogatory 11*

Interrogatory 11 seeks information regarding assignments, licenses, sub licenses, or any other grants or transfers of rights relating to the accused products.  Your response does not provide the requested information.  Instead of providing a narrative response, you cite a handful of documents pursuant to Rule 33(d).  But the cited documents do not relate to the accused products in any meaningful way.  For example, ███████████████████████████████████████████████████████████████████████████████████████████████████  Please amend your response so that it includes the following information for each accused product:

- A specific identification and description of all Transfer of Rights agreements relating to the product, including an explanation as to how each transfer relates to the accused product.

*__Interrogatory 12__*

Interrogatory 12 seeks information regarding why you implemented the relevant features of the accused products. Your response does not provide the requested information. While your response describes the *functionality* of several components, it does not explain how or why you decided to implement those features. Please supplement your response so that it includes at least the following information for each Relevant Feature:

- The reasons why you implemented the Relevant Feature.
- An identification and description of all studies, treatises, consultants, employees or reports you consulted before implementing the Relevant Feature.
- A description of each alternative feature or design you considered before implementing the Relevant Feature.
- An explanation as to why you decided not to use or implement the alternative features and designs.

*__Interrogatory 13__*

Interrogatory 13 seeks information regarding projections relating to the accused product. Your response does not provide the requested information. Instead of providing a narrative response, you cite a handful of documents pursuant to Rule 33(d). But the cited documents only include "actual" financial data—they do not contain any projections, nor do they contain a description of any projections, any narrative discussions describing or explaining the basis for any projections, or the non-financial projections sought by the interrogatory. Please supplement your response so that it includes a detailed description of your projections, along with accompanying narrative descriptions and discussions, relating to the accused products in each of the following categories:

- Projections relating to the implementation of the accused product (*e.g.*, ███████████████████████████████████████████).
- Projections relating to the use of the accused products (*e.g.*, user adoption rates, number of inodes) and the impact of speed, scalability, durability or availability on such usage.
- Projections related to customer demand and customer needs with respect to the benefits of speed, scalability, durability, or availability for the accused products.
- Projections that AWS used to make marketing decisions relating to the benefits of speed, scalability, durability, or availability for the accused products.
- Projections that AWS used to make competitive positioning decisions relating to the benefits of speed, scalability, durability, or availability for the accused products.
- Projections that AWS used to make pricing decisions for the accused products, including pricing decisions related to the various pricing tiers.
- Projections that AWS used for development and design decisions with respect to the accused underlying architecture, ███████████████████████████████████████████.
- Projections relating to the finances of the accused product (*e.g.*, estimated costs, profits, revenues).

*Interrogatory 14*

Interrogatory 14 seeks information regarding the metrics you use to measure the performance of the relevant features of the accused products. Your response does not provide the requested information. Instead, you state that AWS maintains "over 10,000" metrics, but do not provide information as to any of them. We have had numerous meet and confers about this, dating back to mid last year. Please supplement your response so that it includes at least the following information:

- An identification of the 50 types of metrics that AWS deems most significant to its past and present evaluation of the accused product's performance relating to the accused underlying architecture, use of hash functions, redirect functionalities, or the benefits of speed, scalability, durability, or availability for the accused products.

- An identification of the 25 types of metrics that AWS used most often for purposes of making marketing decisions relating to the accused underlying architecture, use of hash functions, redirect functionalities, or the benefits of speed, scalability, durability, or availability for the accused products.

- An identification of the 25 types of metrics that AWS used most often for purposes of making pricing decisions for the accused products, including pricing decisions related to the various pricing tiers.

- An identification of the 25 types of metrics that AWS used most often for development and design decisions with respect to the accused underlying architecture, KFCs, Brick Manager, use of hash functions, or redirect functionalities for the accused products.

- An identification of any listings or indices maintained by AWS with respect to performance metrics for the accused products.

*Interrogatory 15*

Interrogatory 15 seeks information regarding your studies, testing (including A/B testing), analyses, and reports relating to the performance of each relevant feature of the accused products (collectively "Tests and Studies"). We have had numerous meet and confers about this as well. To date, you have not offered a substantive response to this interrogatory notwithstanding our numerous discussions about the type of studies, tests, analyses and reports we are focused on. Instead, in your response, dated June 8, 2020, you simply assert that your investigation is ongoing. As we have previously corresponded about and discussed on numerous occasions, we are particularly focused on studies, testing, A/B testing, analyses, reports and presentations with respect to the underlying architecture, use of hash functions, and redirect functionalities, or the benefits of speed, scalability, durability, or availability for the accused products. Please provide a response that includes:

- An identification of the Tests and Studies that AWS used to evaluate the accused product's performance relating to the accused underlying architecture, use of hash functions, redirect functionalities, or the benefits of speed, scalability, durability, or availability for the accused products.

- An identification of Tests and Studies that AWS used for prior marketing decisions relating the benefits of speed, scalability, durability, or availability for the accused products.

- An identification of the Tests and Studies that AWS used for pricing decisions for the accused products, including pricing decisions related to the various pricing tiers.
- An identification Tests and Studies that AWS used in its prior development and design decisions with respect to the accused underlying architecture, KFCs, Brick Manager, use of hash functions, or redirect functionalities for the accused products.

## Interrogatory 16

Interrogatory 16 seeks information regarding the direct and indirect financial benefits arising from the accused products based on their ability to perform at any scale. Your response does not provide the requested information. Instead of providing a narrative response, you cite a handful of documents pursuant to Rule 33(d). Those documents, however, only provide "high level" and "global" information regarding the accused products and do not even *mention* scalability. Please supplement your response so that it includes at least the following information:

- A description of the direct and indirect financial benefits that accrue to you, Amazon.com, Inc., or any other customer, partner, or distributor based on the scalability of the accused products. This may include, for example:
  - A description of the products, applications, functions, and features that are enabled for AWS and its customers by the scalability of the accused products.
  - A description of how the scalability of the accused products facilitates or contributes to the provision of other AWS services, and how AWS benefits financially from those other services.
  - A description of how scalability impacts the costs of maintaining or operating the accused products.

## Interrogatory 17

Interrogatory 17 seeks information regarding AWS's communication with third parties regarding this litigation. To date, AWS has not offered a substantive response. Please provide a substantive response to this interrogatory.

## Interrogatory 19

Interrogatory 19 asks you to identify the dates you contend represent the earliest priority date for each of the asserted claims. To date, you have not offered a substantive response to this interrogatory, despite having access to all the materials needed to respond for many months. Please provide a substantive response to this interrogatory.

## Interrogatory 20

Interrogatory 20 requests in-part that AWS identify any products or services that embody any of the asserted claims, to state weather AWS contends any of those products were subject to a marking requirement under 35 U.S.C. § 287, and to state AWS's position as to whether the marking requirement was satisfied. AWS's response is deficient, as it fails to identify the products for which AWS contends a marking requirement applies, and fails to explain whether or why the purported requirement has been met. Particularly in light of Kove's February 12, 2021

supplementation of its response to AWS's Interrogatory 18 — which clearly identifies the products that embody the patents-in-suit and states whether they were made, sold, or offered for sale — AWS must supplement its response to Interrogatory 20 and provide the requested information.

***Interrogatory 22***

Interrogatory 22 seeks information regarding the storage classes and configurations that have been offered in connection with the accused products, including class specifications, pricing, and monthly metrics. Your response does not provide the requested information. In particular, your response does not provide a timewise breakdown of the various storage classes, configurations, and pricing for either accused product, nor does it provide *any* information regarding metrics. Kove brought these deficiencies to your attention several times, including, most recently, on February 8, 2021, in which we provided—at your request—a specific description regarding the kind of metrics sought by this interrogatory.

You responded to that letter on February 19, 2021, and asserted that the descriptions provided in our February 8 letter amounted to "fifteen additional subparts" to the interrogatory. That statement is incorrect—each of the metrics identified in Kove's February 8 letter are directly within the scope of Interrogatory 22(iv) as originally served.

Your February 19 letter also requested information regarding the relevance and proportionality of Interrogatory 22. Information regarding the tiers of service and product pricing are obviously relevant to damages. Information regarding product metrics—including the metrics identified in our February 8 letter—are also relevant to damages, since they relate to the technical and financial benefits of the infringing features of the accused products and provide a baseline against which AWS's proposed non-infringing alternatives can be measured.

In your February 19 letter, you stated that AWS would "investigate the metrics requested in [Kove's 2/8/21] letter" and agreed to produce metrics relating to S3 and DB "early next week." That was two weeks ago. Please provide the promised information and data regarding metrics, and supplement your response to Interrogatory 22.

Best Regards,

*[signature: Adam Adler]*

Adam Adler