# Exhibit V

███████████████████



Adam Adler
1909 K Street, NW Suite 800
Washington, DC 20006
(650) 623-1480
aadler@reichmanjorgensen.com

May 12, 2023

**By Email**

Jeffrey Saltman
Fisch Sigler LLP
5301 Wisconsin Ave NW 4th Fl.
Washington, DC 20015
Jeffrey.Saltman@fischllp.com

  RE: *Kove IO, Inc. v. Amazon Web Services, Inc.*, Case No. 18-cv-8175 (N.D. Ill.)

Dear Counsel,

  I write to summarize our discussion and agreed-upon next steps on the outstanding issues from the Szafir, Sung, Singh, Walsh, and Hayden depositions. As we explained on our calls, it is essential that each of these issues is fully resolved as soon as possible.

### *Szafir Deposition*

  AWS agreed to provide a verified statement from Mr. Szafir that includes each item of information requested in Kove's May 3, 2023 letter (bullet points 1-10). AWS also agreed to cure the production deficiencies identified in that letter (bullet points 11-18), and to include in Mr. Szafir's statement a description of each new document produced.

  AWS also agreed to provide the information shown in Exhibit 25 (AMZ_KOVE_000528556) with the greater level of granularity/additional cost categories shown in Exhibit 21 (AMZ_KOVE_000528620), if that data is available.

  AWS agreed to work with the S3 ████████ to search for and produce additional "█████"—of the kind shown in Exhibit 62 of the Singh deposition (AMZ_KOVE_000452526).

  If any item of information or requested data is unavailable, please so state in Mr. Szafir's statement.

  AWS acknowledged that, depending on what additional information is produced, it may need to produce Mr. Szafir for a supplemental deposition. Kove and AWS agreed to revisit this issue once the production is complete and Kove has had reasonable opportunity to review.

### *Sung Deposition*

  AWS agreed to provide a verified statement from Ms. Sung that includes each item of information requested in Kove's May 5, 2023 letter (bullet points 1-7). AWS also agreed to cure each of the production deficiencies identified in that letter (bullet points 8-13), and to include in Ms. Sung's statement a description of each new document produced.

  With respect to DynamoDB's profit and loss statements, AWS agreed to produce a single profit and loss statement that includes information for DynamoDB for as far back as it is available in AWS's ████████.

If any item of information or requested data is unavailable, please so state in Ms. Sung's statement.

AWS acknowledged that, depending on what additional information is produced, it may need to produce Ms. Sung for a supplemental deposition. Kove and AWS agreed to revisit this issue once the production is complete and Kove has had reasonable opportunity to review.

### *Singh Deposition*

AWS agreed to provide a verified statement from Mr. Singh that includes each item of information requested in Kove's May 4, 2023 letter (bullet points 1-12). Please ensure that the verified statement explains how the metric in Exhibit 68 differs from the metric shown in Exhibit 21. According to Mr. Singh, both exhibits purport to show average ▮▮▮▮▮▮▮▮, but the metrics differ substantially.

AWS also agreed to provide (a) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for as far back as the data is available, and to do so at the tp90, 99, and 99.9 levels and (b) the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ at the tp90, 99, and 99.9 levels for as far back as the data is available.

AWS agreed to supplement its metrics productions by providing data at the tp90, 99, and 99.9 levels for as far back as the data is available for a "reasonable number" of previously produced metrics. The following metrics should be reproduced at the indicated percentile values: Singh Exhibits 8-12, and 22.[1]

AWS should describe each new document or data set it produces in Mr. Singh's verified statement. If any item of information or requested data is unavailable, please so state in Mr. Singh's statement.

AWS acknowledged that, depending on what additional information is produced, it may need to produce Mr. Singh for a supplemental deposition. Kove and AWS agreed to revisit this issue once the production is complete and Kove has had reasonable opportunity to review.

### *Walsh Deposition*

AWS agreed to provide a verified statement from Mr. Walsh that includes the first three items of information requested in Kove's May 4, 2023 letter (bullet points 1-3). AWS also agreed to provide the data it had intended to produce (but, through mistake, did not produce) in Exhibits 3, 27A-27D and 28A-28D. With respect to the data in Exhibit 3, AWS should provide that data at the tp50, 99, and 99.7 percentile levels.

AWS also agreed to provide (a) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for as far back as the information is available, at the tp50, 99, 99.7, and 100 levels, (b) latency data for each of the ▮▮▮▮▮▮▮▮▮ for as far back as the information is available at the tp50, 99, and 99.7 levels, (c) data showing the  on a daily or monthly basis for as far back as the data is available, at the tp 50, 99, and 99.7 levels, (d) the data shown in

---

[1] These correspond to Bates numbers 401268, 401269, 401270, 401271, 401272, and 527782.

Exhibit 1 (AMZ_KOVE_000390577) for the US-WEST-1 region for as far back as the data is available, and (e) the notes sheet Mr. Walsh referenced and relied on during the deposition.

AWS also agreed to supplement its metrics productions by providing data at the tp50, 99, and 99.7 levels for as far back as the data is available for a "reasonable number" of previously produced metrics. The following metrics should be reproduced at the indicated percentile values: Walsh Exhibits 2, 6-7, 14.[2]

AWS should describe each new document or data set it produces in Mr. Walsh's verified statement. If any item of information or requested data is unavailable, please so state in Mr. Walsh's verified statement.

AWS acknowledged that, depending on what additional information is produced, it may need to produce Mr. Walsh for a supplemental deposition. If there is a supplemental deposition, AWS agreed that Mr. Walsh would be prepared to answer questions regarding the two documents AWS failed to produce prior to the deposition. AWS further agreed that, in the absence of a supplemental deposition, AWS would be willing to provide corporate testimony through written deposition regarding the late-produced documents. Kove and AWS agreed to revisit this issue once the production is complete and Kove has had reasonable opportunity to review.

### *AWS's Spoliation of Evidence*

As explained in Kove's May 4, 2023 letters regarding the Walsh and Singh depositions, AWS failed to take steps to preserve relevant metrics data.

With respect to ▅▅▅▅▅▅▅▅▅▅ information, AWS previously agreed to stipulate that, for purposes of this litigation, the ▅▅▅▅▅▅▅▅▅ information it has provided (i.e., the information contained in Exhibits 27A-D and 28A-D, as well as in any replacement or supplemental versions of those documents) can be treated as *representative across time*. This means, for example, that if the ▅▅▅▅▅▅▅▅ data shows that ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ in DynamoDB in 2021, then Kove can assume—*and AWS will not challenge*—that ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ in DynamoDB in 2013. **AWS reaffirmed its intent to honor this agreement during our meet and confer.**

With regards to the other categories of spoliation outlined in Kove's letters on the Walsh and Singh depositions, AWS agreed to provide a written proposal for how to rectify AWS's failure to adequately preserve data. **Please provide your written proposal by May 15.**

### *Hayden Deposition*

Thank you for producing an updated privilege log, in response to Kove's May 4, 2023 letter. Given AWS's stated time constraints, AWS was not able to confer on the other issues raised by Mr. Hayden's deposition. *See* Kove's 5-4-23 Letter. The parties have a meet and confer scheduled for Monday, May 15 at 2pm ET.

### *Scheduling the Blackman Deposition*

---

[2] These correspond to Bates numbers 390559, 390558, 390570, and 390574.

Kove noticed Rande Blackman's 30(b)(1) deposition on October 4, 2021—more than nineteen months ago—and followed up several times to schedule his deposition. *See* Kove's 4-11-23 Letter; G. Cremona 4-17-23 Email. AWS never proposed a date, claiming that "Mr. Blackman is unreachable until the end of April." *See* L. Phillips 4-18-23 Email. When Kove followed up again on April 28, AWS responded that "he isn't currently reachable." *See* L. Phillips 4-28-23 Email; G. Cremona 4-28-23 Email. Kove emailed again on May 4, but AWS did not reply. *See* S. Carnes 5-4-23 Email. Discovery has since closed.

During the meet and confer, AWS stated that it *still* has been unable to contact Blackman. **We request a date certain for Blackman's deposition the week of May 15, 2023.** Absent that, please provide a written explanation of all AWS's efforts to contact Blackman and their results by May 15.

### *Scheduling and Logistics*

AWS's failure to adequately comply with the Court's discovery orders, to adequately prepare its corporate designees, and to schedule a deposition for a current employee, have placed Kove at a severe disadvantage at this late stage in the case. The missing information and documents are necessary for Kove's expert reports, which are due in a matter of weeks.

We appreciate AWS's agreement to provide the missing information and documents as soon as possible. **Productions must be completed by May 19 and all supplemental depositions must be completed by May 26.**

Once AWS has completed its productions, Kove will promptly review the productions and determine if a supplemental deposition is necessary. **Please provide, by May 17, the witnesses' availability for supplemental depositions, which, if necessary, will be completed by May 26.**

Best Regards,

Adam Adler