# Exhibit 7

HIGHLY CONFIDENTIAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., | Civil Action No. 1:18-cv-08175 |
| Plaintiff, | Hon. Rebecca R. Pallmeyer |
| v. | Jury Trial Demanded |
| Amazon Web Services, Inc., | |
| Defendant. | |

**KOVE'S THIRD AMENDED FINAL INFRINGEMENT CONTENTIONS
UNDER LOCAL PATENT RULE 3.1**

In compliance with Local Patent Rule ("LPR") 3.1, the Court's December 30, 2021 Order (Dkt. No. 488), and the Court's February 25, 2022 Order (Dkt. No. 512), Kove IO, Inc. ("Kove") hereby submits its Third Amended Final Infringement Contentions ("Contentions") for Amazon Web Services, Inc. ("Amazon"). Consistent with LPR 3.1, these Contentions disclose Kove's theories of infringement with sufficient specificity to provide Amazon with notice of its infringement, using the information reasonably available to Kove.

Fact discovery is still ongoing, and relevant document and deposition discovery remains. Kove reserves the right to modify, amend, retract, and/or supplement these Contentions (including any further articulation of theories of infringement, including under the doctrine of equivalents, and adding, removing, or otherwise modifying the asserted claims and/or accused instrumentalities) as additional evidence and information becomes available to Kove, as Kove's understanding of this information changes, in light of any further claim construction order from the Court, or as otherwise appropriate, in accordance with the Federal Rules of Civil Procedure and the applicable Local Rules. Further, these Contentions should not be interpreted as indirectly providing Kove's definitive view on the proper construction of the asserted claims. Finally, as per LPR 3.1, these Contentions are not required to disclose all evidence that Kove may rely on in support of its theories, and Kove reserves all rights to rely on additional evidence as the case progresses. These Contentions are in accordance with the Court's December 17, 2021 claim construction order and are to be read and understood as a whole.

I.  **Identification of the Asserted Claims**

Kove asserts the following claims of U.S. Patent Nos. 7,814,170 ("the '170 Patent"), 7,103,640 ("the '640 Patent"), and 7,233,978 ("the '978 Patent"):

'170 Patent: claims 1, 2, 6, 8, 12, 15

'640 Patent: claims 17, 18, 24

'978 Patent: claims 1, 3, 6, 10, 14, 17, 23, 24, 30, 31

## II. Identification of Each Accused Instrumentality

Each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of Amazon can be found in the attached claims charts. *See* Exhibit A ('170 Patent for Amazon S3), Exhibit B ('170 Patent for DynamoDB), Exhibit C ('640 Patent for DynamoDB), Exhibit D ('978 Patent for Amazon S3), Exhibit E ('978 Patent for DynamoDB), Exhibit F (Amazon S3 Source Code Appendix), Exhibit G (DynamoDB Source Code Appendix).

Droplets is entitled to damages for the Accused Instrumentalities from December 12, 2012 (*i.e.*, six years prior to the filing of the Complaint) through the respective expiration dates of the asserted patents or when Amazon ceases to infringe, whichever occurs first. Kove's infringement theories — which are based on the evidence currently known to Kove, including source code, source code revisions, source code deployment history, source code comments, diff analysis of the source code, the produced .git repository, and other documentary and testimonial evidence, including what is cited in the claim charts (*see also* Sorensen Tr. at 207:4-225:2, 231:4-34; Markle Tr. at 125:10-132:8, 287:15-295:20) — are intended to be representative across the entire damages period.

## III. Identification of Direct Infringement

Amazon directly infringes all asserted claims under 35 U.S.C. § 271(a) as it makes, uses, offers to sell, sells, and imports the Accused Instrumentalities. Amazon designs, tests, makes, and maintains the Accused Instrumentalities, uses the Accused Instrumentalities itself, and sells and offers to sell the Accused Instrumentalities to its customers and the public. Amazon also uses the Accused Instrumentalities by putting them into service and controlling them as a whole and deriving benefit from that use and control.

Kove incorporates by reference its response to Amazon's Interrogatory No. 3, and any amendments or supplements thereto.

| | |
|---|---|
| Dated: March 7, 2022 | Respectfully submitted, |
| | /s/ Jaime F. Cardenas-Navia |

Khue V. Hoang (*pro hac vice*)
khoang@reichmanjorgensen.com
Jaime Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Michael W. Marvin (*pro hac vice*)
mmarvin@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965
Facsimile: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Adam Adler (*pro hac vice*)
aadler@reichmanjorgensen.com
Phil Eklem (*pro hac vice*)
peklem@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1710 Rhode Island Ave, NW, 12th Floor
Telephone: (202) 894-7310
Facsimile: (650) 623-1449

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
Holly H. Campbell (State Bar No. 6320395)
hcampbell@thompsoncoburn.com
THOMPSON COBURN LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500
Facsimile: (312) 580-2201

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Shawna L. Ballard (Identification No. 155188)
sballard@reichmanjorgensen.com
Kate M. Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of March 2022, the foregoing was served by electronic mail to the attorneys of record.

> */s/ Jaime F. Cardenas-Navia*
> Jaime F. Cardenas-Navia