# Exhibit 32

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| *In re*: Reexam of U.S. Patent No. 7,233,978 | Confirmation No.: 3927 |
| Control No. 90/019,034 | Art Unit: 3992 |
| Filed: November 19, 2021 | Examiner: CAMPBELL, Joshua D. |
| For: **Method and Apparatus For Managing Location Information In a Network Separate From The Data To Which The Location Information Pertains** | Atty. Docket: |

## Patent Owner's Reply to Office Action in *Ex Parte* Reexamination

*Mail Stop "Ex Parte* Reexam*"*
Attn: Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Commissioner:

Patent Owner hereby replies to the Office Action dated June 28, 2022, issued in the above-captioned *ex parte* reexamination. The due date for reply is September 28, 2022, based on the Office's granting of a petition for an extension of time. No additional fees are believed to be necessary, however, to prevent abandonment of this reexamination, please contact the undersigned representative for payment information.

1

## *Status of the Claims*

A listing of each claim under reexamination is provided below. Although no claim amendments are proposed in this response, the patent owner nonetheless provides this listing of original claims from U.S. Patent No. 7,233,978 to Overton et al. ("the '978 patent") for ease of reference and review.

The following claims are subject to *ex parte* reexamination:

1. (Patent Claim) A system having a plurality of location servers for managing location information and providing location information to location queries, the system comprising:

a first location server containing a first set of location information corresponding to at least one entity, the location information comprising an identifier and at least one location string associated with the identifier, wherein the identifier identifies an entity and the location string specifies a location of data pertaining to the entity

a second location server comprising a second set of location information, wherein at least a portion of the second set of location information differs from the first set of location information; and

programming logic stored on each of the location servers responsive to a location query identifying a desired entity to return a location message, the location message comprising at least one location of data pertaining to the desired entity, if the location server receiving the location query contains location information for the desired entity.

3. (Patent Claim) The system of claim 1, wherein the programming logic further comprises logic responsive to the location query to return one of a location message or a redirect message, wherein the location server receiving the query returns the location message if the queried location server contains location information for the desired entity, and wherein the queried location server returns a redirect message if the queried location server lacks location information for the desired entity, the redirect message comprising information for finding a location server known to have location information relevant to the location query.

6. (Patent Claim) The system of claim 1, wherein the location information in the location server is maintained in an indexed location store indexed by a hash table.

10. (Patent Claim)  A system having a plurality of location servers for managing location information and providing location information to location queries, the system comprising:

a plurality of location servers containing location information corresponding to a plurality of entities, the location information formatted according to a transfer protocol configured for manipulating location information, and comprising at least one application server address, wherein the plurality of location servers are arranged in a cluster topology such that each location server contains a unique set of location information of an aggregate set of the location information; and

programming logic stored on each of the plurality of location servers responsive to a location query for a desired identifier to return one of a location message, wherein a queried location server returns a location message if the queried location server contains location information for the desired identifier, and a redirect message if the queried location server does not contain location information relevant to the desired identifier, wherein the redirect message comprises information for finding a location server having location information related to the desired identifier.

14. (Patent Claim)  A method of handling location queries in a network, the network comprising a plurality of location servers, each location server containing a unique set of location information of an aggregate set of location information correlating each of a plurality of identifiers with at least one location, the method comprising:

receiving a location query from a client at one of the plurality of location servers, the location query requesting an entity's location;

sending a location response message to the client if the queried location server contains location information relevant to an entity identified in the query, the location response message comprising location information identifying at least one application server containing information relevant to the entity identified in the query; and

sending a redirect message to the client if the queried location server does not contain data location information relevant to the entity identified in the query, the redirect message comprising information for finding a location server storing the entity identified in the query.

17. (Patent Claim)  A method of scaling at least one of capacity and transaction rate capability in a location server in a system having a plurality of location servers for storing and retrieving location information, wherein each of the plurality of location servers stores

unique set of location information of an aggregate set of location information, the method comprising:

providing a transfer protocol configured to transport identifier and location information, the location information specifying the location of information related to the identifier;

storing location information formatted according to the transfer protocol at a first location server;

receiving an identifier and a location relevant to the identifier at the first location server;

storing the received location in a location store at the first data location server, the location store comprising a plurality of identifiers, each identifier associated with at least one location, wherein the received location is associated with the received identifier in the location store; and

transferring a portion of the identifiers and associated locations to a second data location server when a performance criterion of the first location server reaches a predetermined performance limit.

23. (Patent Claim) The method of claim 17, wherein the performance criterion comprises an amount of available persistent storage space in the first location server.

24. (Patent Claim) The method of claim 17, wherein the performance criterion comprises a transaction rate limit.

30. (Patent Claim) The method of claim 17, wherein transferring a portion of the identifiers and associated locations to a second location server when a performance criterion of the first data location server reaches a predetermined performance limit further comprises monitoring the performance criterion and automatically transferring the portion of identifiers and associated locations when the first location server reaches the predetermined limit.

31. (Patent Claim) A system for managing location information and providing location information to location queries, the system comprising:

a location server operating in accordance with a transfer protocol, the transfer protocol comprising instructions for manipulating an identifier and at least one location associated with the identifier, wherein the identifier uniquely specifies an entity and wherein each location specifies a location of data in a network pertaining to the entity, the location server containing location information corresponding to at least one entity and formatted

according to the transfer protocol, and wherein the location of data for the location comprises an application server in communication with the network; and

    programming logic stored on the location server responsive to a location query identifying a desired entity to return a location message, the location message comprising locations associated with the desired entity, wherein the location server returns the location message if the location server contains location information for the desired entity.

data challenging, particularly where data is added or removed dynamically. ['978 patent, 1:38-44].

The Inventors of the '978 patent predicted networking would become ubiquitous and data would become explosive, years before it actually happened. The Inventors understood that maintaining a static relationship of data and its location in traditional distributed data collection environments (*i.e.*, tree structures) would become untenable, given the growing unreliability of locating and retrieving dispersed data, particularly where the data in the components of the network could change location, unbeknownst to one another. The Inventors invented a protocol that dynamically creates relationships between data and its locations using an algorithm or function. That is, the Inventors invented a protocol that replaced storing caches and state information across the network, with a stateless approach that allows clients to compute the location of data's location information based on a dynamically created relationship between the data and its location. The Inventors sought to find a way to achieve seamless dynamic and spontaneous global search and retrieval of data across a distributed network. The result are the claims embodying the Inventors' network distributed tracking protocol ("NDTP").

### *1.* **The problems with the existing systems**

The Inventors studied then-existing systems to determine if there were ways to improve efficiency and scalability in locating and retrieving distributed data. They concluded that conventional systems were fundamentally limited in the types of searches that could be performed and the forms of data returned based on the search. ['978 patent, 1:45-55]. For example, the '978 patent states, "One example is where a client requests files based on a subject, like a person's name. In the search results, therefore, only text files of peoples' names may be retrieved. Another problem in current retrieval systems is that the client may receive text and image files in the search results, but could not seamlessly access the image files. Yet another problem in current retrieval systems is that video and sound files related to the request may not even be found in the search results. For example, a doctor might be able to retrieve medical records on a specific patient, but cannot view an MRI or X-Ray results associated with that record." [*Id.*, 1:55-58].

The Inventors understood the challenges that existed in locating and retrieving data in a distributed data collection environment and addressed the challenges with the inventions of the '978 patent. Their invention, as embodied in the claims of the '978 patent, enables a client to retrieve data through *any server* in the network and *receiving in response the location information associated with a desired entity*. Claims 1, 10, 14, and 31 (and their dependent claims) require the servers in the network to provide the relevant location information. In other words, *any queried server will either have the requested information or will identify which other server contains the requested information*. The structured relationships of the invention allow clients to access data in distributed environments through a non-hierarchical, limitlessly scalable, server structure that enables retrieval of requested information in not more than two iterations.

The '978 patent also maintains one to many relationships between identifiers and locations of data distributed across a network. [*See e.g., id.,* 8:14-25]. For example, the '978 patent states "The NDTP server efficiently maintains and dispenses one to many relationships between identifiers and locations. In other words, an identifier may be associated with any number of locations. In embodiments where the location information relates to locations of application servers containing data or routing information for finding data, the NDTP server is updated to indicate an association between the identifier and the application server's location when data for a particular identifier is added to an application server. When a query is performed for an identifier, the NDTP server supplies the set of application servers in which data may be found for that identifier." [*Id*].

This allows for efficient tracking of location of information associated with an individual entity in a distributed data network. Specifically, the '978 patent explains "An 'entity identifier' or an 'identifier' is a unique encoding, which may be a string in one embodiment, with which zero or more data location specifiers are associated in an NDTP server. A 'data location' or 'location' is an encoding, for example a string, that is a member of a set of associations with an identifier in an NDTP server. An 'NDTP client' or a 'client' is a network-attached component that initiates add, delete, lookup and update of identifier/location mappings, or associations, from an NDTP server with NDTP request messages. An 'NDTP server' or a 'server' is a network-attached component that maintains a set of identifier/location mappings that are modified or returned in response to NDTP request messages from clients."



FIG. 18

While these depictions may look similar at a high level, they obscure the critical differences between ONAG and the claimed invention of the '978 patent. These differences become apparent when the "network" is examined to see *how servers and their relationships are structured*:



**Patent Owner's Figure C**

Oracle Names depends on a *hierarchical* structure where a client can only query to the node immediately "above" or "below" it in the "tree." If the queried server does not have the requested information, that server forwards the query to the next higher node and so on until it reaches the root server. The root server, if it has the desired information registered, will

forward the request down successive nodes until it arrives at the server last known to have the information. As the example in Fig. C-4 shows, and as explained on pages 190-192 of ONAG, even a modestly sized environment with a handful of servers may take numerous iterations to return a query.[2] [Goodrich Decl., ¶¶ 52-57].

The Name Servers in ONAG's hierarchical configuration do not have any knowledge of what is stored in other Names Server in the network, beyond their direct children. [ONAG, p. 191]. If a queried server or its direct children do not have the requested information, the server knows only to forward a query to the next Names Server up the tree. *Names Servers are ignorant as to what information other Names Servers beyond their direct children may have and have no way of finding out.* This was the common and accepted configuration at the time of the invention. [Goodrich Decl., ¶¶ 52-57]. .

In contrast, independent claims 10 and 14 and dependent claim 3 of the '978 patent require networks with *non-hierarchical* (or "cluster") configurations of location servers that enable each server in the server network to *know* which location server contains the location(s) of the desired data. For example, if a queried server receives a request for the data locations associated with a particular identifier but does not have it, that server will return a message to indicating which other server in the network contains the requested information. This configuration "collapses" the hierarchical composition of Oracle Names, making it entirely different in practice and principle from what ONAG discloses. ONAG in no way teaches or suggests something so fundamentally different from the architecture of the Oracle Names system. [Goodrich Decl., ¶¶ 35-43, 52-57].

### 3. ONAG lacks the non-hierarchical cluster structure required to satisfy the requirements of independent claims 10 and 14 and dependent claim 3

Independent claims 10 and 14 and dependent claim 3 require, expressly or impliedly, a non-hierarchical cluster configuration of locations servers in a network. For example, claim 10 recites "**the plurality of location servers are arranged in a cluster topology** such that each location server contains a unique set of location information of an aggregate set of the

---

[2] ONAG cautions that a "network can have no more than five well-known Names Servers, that is, Names Servers that use the Dynamic Discovery Option." [ONAG., pp. 28, 32, 60].

location information [...] **programming logic stored on each of the plurality of location servers responsive to a location query** for a desired identifier to return one of a location message [...] a redirect message if the queried location server does not contain location information relevant to the desired identifier, **wherein the redirect message comprises information for finding a location server having location information related to the desired identifier**." As such, claim 10 explicitly recites that the location servers are arranged in a cluster topology. Furthermore, claim 10 requires each location server be configured to transmit a redirect message comprising information to for finding a location server having location information. Therefore, these limitations require a non-hierarchical cluster configuration. [Goodrich Decl., ¶¶ 35-43, 52-57]. These limitations cannot be met in hierarchical configurations such as Names Server because *each* location server in tree-structures *do not necessarily store* information for finding the location server having the desired location information. [*Id*]. Turning off request forwarding, as taught by ONAG, does not enable servers in the Names network to meet this limitation [*see infra*, pp. 28-29 and 44-45]. [Goodrich Decl., ¶¶ 35-43, 52-57].

Claim 14's non-hierarchical configuration is embodied in the requirement that the location server must be able to receive a location query from a client and return a "**redirect message to the client** if the queried location server does not contain data location information relevant to the entity identified in the query, **the redirect message comprising information for finding a location server storing the entity identified in the query**." [Goodrich Decl., ¶¶ 35-43, 52-57]. . Similar to claim 10, these limitations cannot be met in hierarchical configurations such as Names Server because location servers in tree-structures *do not necessarily store* information for finding the location server having the desired location information. [*Id*]. Furthermore, these limitations cannot be met in hierarchical configurations such as Names Server because location servers in tree-structures do not receive a location query from a client and return a redirect message to the client. [*Id*]. Turning off request forwarding, as taught by ONAG, does not enable servers in the Names network to meet this limitation [*see infra*, pp. 28-29 and 44-45]. [Goodrich Decl., ¶¶ 35-43, 52-57].

Claims 3 contains a similar requirement that location servers in the network be capable of returning "redirect messages" where the "**redirect message** comprising information for finding a location server **known to have location information relevant to the location**

In order to satisfy the requirements of independent claims 10 and 14 and dependent claim 3, Names Service would have to abandon its "tree" composition that is the center of its organizational structure in favor of a non-hierarchical one where any given server is able to return either the requested information or information useable by the client to locate the server with the requested information. Nothing in ONAG states or suggests that such elimination of hierarchical structures would be desirable. [Goodrich Decl., ¶¶ 35-43, 52-57].

### F. ONAG and OracleSG do not render claims 1 and 31 obvious

#### 1. Claim 1

For ease of reference, claim 1 is reproduced below:

> **[1.pre]** A system having a plurality of location servers for managing location information and providing location information to location queries, the system comprising:
>
> **[1.a]** a first location server containing a first set of location information corresponding to at least one entity, the location information comprising an identifier and at least one location string associated with the identifier,
>
> **[1.b]** wherein the identifier identifies an entity and the location string specifies a location of data pertaining to the entity
>
> **[1.c]** a second location server comprising a second set of location information, wherein at least a portion of the second set of location information differs from the first set of location information; and
>
> **[1.d]** programming logic stored on each of the location servers responsive to a location query identifying a desired entity to return a location message,
>
> **[1.e]** the location message comprising at least one location of data pertaining to the desired entity, if the location server receiving the location query contains location information for the desired entity.

>> *a)* **The combination of ONAG and Oracle SG do not teach or suggest an "identifier" that uniquely identifies a single entity, as required by claim 1**

Rajani describes using a hash function to retrieve a file from backup memory. (Rajani, 4:1-62 and 8:38-40). However, Rajani is completely silent regarding identifiers and the associated locations of data across a network. Rajani does not teach or suggest organizing identifiers and the associated locations in location server using a hash table. Therefore, Rajani does not teach or suggest location information "maintained in an indexed location store indexed by a hash table," as recited by claim 6. [Goodrich Decl., ¶¶ 96-99].

### b) A POSA would not be motivated to modify ONAG with OracleSG and/or Rajani to satisfy claim 6's requirements

The asserted references are devoid of any reasoning to motivate maintaining location information in an indexed location store indexed by a hash table. Such reasoning is present on the record only in '978 specification. Therefore, the combination of ONAG, OracleSG, and/or Rajani is an exercise of impermissible hindsight, and not modifications or combinations a POSA would have made at the time of the invention.

Furthermore, a POSA would not have had reasonable expectation of success for satisfying claim 6's requirements by modifying ONAG and OracleSG or ONAG, OracleSG and Rajani. In order to establish a reasonable expectation of success, the Examiner must show "a reasonable expectation of achieving what is claimed in the patent-at-issue." *Intelligent Bio-Sys., Inc. v. Illumina Cambridge Ltd.*, 821 F.3d 1359, 1367 (Fed. Cir. 2016); *see also Teva Pharms. USA, Inc. v. Corcept Therapeutics, Inc.*, 18 F.4th 1377, 1380-1382 (Fed. Cir. 2021). The Examiner has not shown how or why a POSA would have a reasonable expectation of success in combining ONAG with one or more of OracleSG and Rajani to arrive at the limitation in question, at the time of the invention.

Attempting to modify ONAG to enable maintaining location information in an indexed location store indexed by a hash table in the Name Servers requires significant reengineering and reconfiguration of ONAG. Therefore, a POSA would not have had a reasonable expectation of success to configure ONAG to satisfy claim 6's requirement. [Goodrich Decl., ¶¶ 96-99].

### V. *Secondary Considerations of Non-Obviousness*

a full and complete reply has been made to the outstanding Office Action and, as such, the present reexamination proceeding is in condition for a Notice of Intent to Issue a Reexamination Certificate. If the Examiner believes, for any reason, that personal communication will expedite this proceeding, the Examiner is invited to telephone the undersigned at the number provided.

Prompt and favorable consideration of this Reply is respectfully requested.

Respectfully submitted,

REICHMAN JORGENSEN LEHMAN & FELDBERG LLC


/Naveed Hasan/
Naveed Hasan, Reg. No. 72,688
Signed under 37 C.F.R. § 1.34 Acting in a Representative Capacity for Patent Owner

Date: __September 28, 2022__

1909 K Street, NW, Suite 800
Washington, DC 20006
(202)