# Exhibit 33

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| *In re*: Reexam of U.S. Patent No. 7,233,978 | Confirmation No.: 3927 |
| Control No. 90/019,034 | Art Unit: 3992 |
| Filed: November 19, 2021 | Examiner: CAMPBELLK, Joshua D. |
| For: **Method and Apparatus For Managing Location Information In a Network Separate From The Data To Which The Location Information Pertains** | Atty. Docket: |

# DECLARATION OF MICHAEL T. GOODRICH, PH.D.

KOV_00226143

## VII. CLAIMS 3, 10, and 14

35. It is my opinion that a POSITA at the time of this invention would understand claims 3, 10, and 14, through various limitations in each of the claims, to require a non-hierarchical cluster configuration as taught by the '978 patent.

36. Specifically, claim 10 recites "the plurality of location servers are arranged in a cluster topology such that each location server contains a unique set of location information of an aggregate set of the location information [...] programming logic stored on each of the plurality of location servers responsive to a location query for a desired identifier to return one of a location message [...] a redirect message if the queried location server does not contain location information relevant to the desired identifier, wherein the redirect message comprises information for finding a location server having location information related to the desired identifier."

37. A POSITA at the time of this invention would understand the aforementioned limitations of claim 10 connotes a non-hierarchical cluster configuration as taught by the '978 patent. (*See e.g.*, '978 patent, 18:38-19:3). As an initial matter, claim 10 explicitly states that the location servers are arranged in a cluster topology. For example, claim 10 requires that every location server in the server network is configured to transmit a redirection message that includes information to find the location server storing the desired location information. *See, e.g., id.* at 18:64-19:3 (which expressly discloses an embodiment of "As discussed above, if the client does not receive the data requested, it will receive a redirection response message (NDTP RDR RSP) from the contacted server 120a (arrow 2). The client then uses the information it receives to ask another server 120b for the operations the client wants to initiate (arrow 3). A successful response from the second server 120b is then sent to the client (arrow 4)."). Therefore, claim 10

11

KOV_00226154

and/or McGarvey.

89. A POSITA would not be motivated to modify ONAG with OracleSG and McGarvey to achieve the requirements of claims 3, 10, and 14 because doing so would require extensive reengineering and redesigning of ONAG. As an initial matter, ONAG teaches away from using Dynamic Discovery for complicated networks. (Oracle Admin, 21). ONAG explicitly states, "If you have a *simple* existing network that is growing, the Dynamic Discovery Option is a good choice." (Oracle Admin, 21) (emphasis added). ONAG teaches that Dynamic Discovery (or "DDO") is "not a good choice" and is "not suitable" for "large, enterprise-scale networks." (Oracle Admin, 21). A POSITA would understand Oracle Admin's teaches to discourage the use of DDO in combination with large-scale networks. Furthermore, ONAG teaches that its Dynamic Discovery Option only works with SQL*Net 2.3. (Oracle Admin, 21). In view of this, a POSITA would not have a reasonable expectation of success in modifying or combining ONAG with one or more of the complex networks described in OracleSG and/or McGarvey to achieve the requirements of claims 3, 10, and 14.

90. Furthermore, ONAG describes a hierarchical tree structure and claims 3, 10, and 14 requires a non-hierarchical cluster configuration. Therefore, attempting to modify ONAG with OracleSG and McGarvey to achieve the requirements of claims 3, 10, and 14 would require abandoning Oracle Admin's hierarchical structure and reconfiguring ONAG such that Names Servers are configured to transmit a redirect message indicating information to find the Names Server that includes the requested location information.

91. These modifications to ONAG would be non-trivial to a POSITA at the time of the invention. Furthermore, the required modifications to ONAG are not taught or suggested in OracleSG or McGarvey nor were they readily known in the art at the time. As such, the

26

KOV_00226169

reengineering and redesign of ONAG would be so extensive that a POSITA would not have a reasonable expectation of success of achieving the requirements of claims 3, 10, and 14.

92. A POSITA would not be motivated to modify ONAG with OracleSG and McGarvey to achieve the requirements of claims 3, 10, and 14 because doing so would change the principle operation underpinning ONAG.

93. ONAG's principle operation involves traversing a hierarchical tree configuration of Names Severs to retrieve a network address. Attempting to modifying ONAG to satisfy claims 3, 10, and 14 requirements would involve abandoning ONAG's hierarchical structure, requiring substantial reconstruction and redesign of ONAG's elements (e.g., Names Servers).

94. Furthermore, ONAG explicitly prevents clients from redirecting their own request. (ONAG, 137). As such, Names Servers are restricted from transmitting the redirect messages to the clients. (ONAG, 137).

95. Therefore, attempting to modify ONAG to satisfy claim 14's requirements would require modifying ONAG system such that the client can receive redirect message. This would require substantial redesign and reconfiguration of the ONAG's elements.

## XI. A PERSON OF ORDINARY SKILL IN THE ART (POSITA) WOULD NOT BE MOTIVATED TO MODIFY ONAG WITH ORACLESG AND/OR RAJANI TO SATISFY THE REQUIREMENTS OF CLAIM 6

96. In my opinion, a POSITA would not be motivated or find it obvious to modify ONAG with one or more of OracleSG and/or Rajani to satisfy the requirements of claim 6.

97. Claim 6 requires identifiers and their associated locations are maintained in an indexed location store indexed by a hash table.

98. ONAG, OracleSG, and/or Rajani are devoid of any reasoning to motivate

KOV_00226170

maintaining location information in an indexed location store indexed by a hash table. Therefore, in my opinion, absent using the '978 Patent as a guide in hindsight, the teachings in ONAG, OracleSG, and/or Rajani would not motivate a POSITA to maintain identifiers and their associated locations in an indexed location store.

99. Furthermore, in my opinion, modifying ONAG to enable maintaining location information in an indexed location store indexed by a hash table in the Name Servers requires significant reengineering and reconfiguration of ONAG. Therefore, a POSA would not have had a reasonable expectation of success to configure ONAG with one or more of OracleSG and/or Rajani to satisfy claim 6's requirements.

I declare under penalty of perjury under the laws of California and the United States of America that the above facts are true and correct.

Executed on September 28, 2022.

_____
Dr. Michael T. Goodrich