# Exhibit 34



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/019,035 | 11/19/2021 | 7814170 | | 7078 |

184647          7590          07/27/2022
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway
Suite 300
Redwood City, CA 94065

| EXAMINER |
|---|
| WASSUM, LUKE S |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 07/27/2022 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

FISCH SIGLER LLP
5301 WISCONSIN AVENUE NW
FOURTH FLOOR
WASHINGTON, DC 20015

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/019,035*.

PATENT UNDER REEXAMINATION *7814170*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| | Control No. | Patent Under Reexamination |
|---|---|---|
| **Ex Parte Reexamination Interview Summary** | 90/019,035 | 7814170 |
| | Examiner | Art Unit | AIA (FITF) Status |
| | Luke S Wassum | 3992 | No |

All participants (USPTO personnel, patent owner, patent owner's representative):

| (1) Luke Wassum | (3) Inventor John Overton |
|---|---|
| (2) SPE Michael Fuelling; Primary Simon Ke | (4) Attorneys Khue Hoang and Naveed Hasan |

Date of Interview: 21 July 2022

Type:   a) ☐ Telephonic    b) ☑ Video Conference
        c) ☐ Personal (copy given to:   1) ☐ patent owner    2) ☐ patent owners representative)

Exhibit shown or demonstration conducted:   d) ☐ Yes   e) ☑ No.
   If Yes, brief description: ____

Agreement with respect to the claims  f) ☐ was reached.   g) ☑ was not reached.   h) ☐ N/A.
Any other agreement(s) are set forth below under "Description of the general nature of what was agreed to..."

Claim(s) discussed: 1-2,5-6,8-9,12 and 15 .

Identification of prior art discussed: Oracle .

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
See Continuation Sheet .

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims patentable, if available, must be attached. Also, where no copy of the amendments that would render the claims patentable is available, a summary thereof must be attached.)


A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION MUST INCLUDE PATENT OWNER'S STATEMENT OF THE SUBSTANCE OF THE INTERVIEW. (See MPEP § 2281). IF A RESPONSE TO THE LAST OFFICE ACTION HAS ALREADY BEEN FILED, THEN PATENT OWNER IS GIVEN **ONE MONTH** FROM THIS INTERVIEW DATE TO PROVIDE THE MANDATORY STATEMENT OF THE SUBSTANCE OF THE INTERVIEW
(37 CFR 1.560(b)). THE REQUIREMENT FOR PATENT OWNERS STATEMENT CAN NOT BE WAIVED.
**EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

/LUKE S WASSUM/
Primary Examiner, Art Unit 3992

cc: Requester (if third party requester)

Continuation of Description of the general nature of what was agreed to if an agreement was reached, or any other comments:

The inventor began with a general discussion of the invention and how it is different from contemporary systems at the time of the invention. Specifically, prior art systems such as DNS operate in a hierarchical fashion, while the claimed invention operates in a cluster configuration, which allows for much greater scalability.

Claim construction was also discussed, particularly with respect to the terms 'identifier string/identifier', 'data location/location', 'location server/server', and 'data pertaining to an entity', in light of district court claim construction.

Also discussed was the separation of data from location information. The examiners and attorneys discussed the proper interpretation of 'data' and 'data entity', and whether the claim language is broad enough for the data/data entity to be mapped to the Oracle databases of the prior art. Were this to be the case, the data repositories would be mapped to the servers on which the databases are stored. In that case, the data entities (embodied by databases) would be stored separate from the location information (resident on the Oracle Names Servers), such as illustrated in Fig. 2-1, page 32, of the Oracle Names Administrator's Guide. Patent Owner believes that the claimed data/data entity would be analogous to a single record within the database, and not the database itself. This issue will be addressed in Patent Owner's formal response.

Finally, Patent Owner discussed how the prior art fails to disclose the claimed 'redirect message.' One key, present in the claim language of the '640 patent, is the fact that the redirect message allows the client to calculate the location of the location server containing the desired location information.
The '170 patent, however, only requires that the redirect message identify a location server that includes the desired location information.
The examiner noted Oracle's disclosure that a Names Server can be configured such that when it receives a request for location information it does not store, it "simply tells the requestor the address of the Names Server that can answer the request." Oracle Names Administration Guide, page 137. This disclosure would seem to teach the claimed redirect message comprising a list of at least one other location server known to have the location information of the desired entity ('170 patent, claim 6), and the claimed redirect message identifying which of the plurality of location servers includes the location information ('170 patent, claim 15). Patent Owner's position is that despite the language used in the reference, Oracle does not guarantee that the Names Server at the returned address does in fact contain the requested location information. This issue will be addressed in more detail in Patent Owner's formal response.