# Exhibit 38

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| *In re:* Reexam of U.S. Patent No. 7,103,640 | Confirmation No.: 7777 |
| Control No. 90/019,036 | Art Unit: 3992 |
| Filed: November 19, 2021 | Examiner: KE, Peng |
| For: **Network Distributed Tracking Wire Transfer Protocol** | Atty. Docket: KOVE-640EPR036 |

## Patent Owner's Reply to Office Action in *Ex Parte* Reexamination

*Mail Stop "Ex Parte* **Reexam"**
Attn: Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Commissioner:

Patent Owner hereby replies to the Office Action dated May 4, 2022, issued in the above-captioned *ex parte* reexamination. The due date for reply is August 4, 2022, based on the Office's June 9, 2022 Decision on Petition for Extension of Time in Reexamination granting Patent Owner's petition for an extension of time. No additional fees are believed to be necessary, however, to prevent abandonment of this reexamination, please contact the undersigned representative for payment information.

## *Status of the Claims*

A listing of each claim under reexamination is provided below. Although no claim amendments are proposed in this response, the patent owner nonetheless provides this listing of original claims from U.S. Patent No. 7,103,640 to Overton et al. ("the '640 patent") for ease of reference and review.

The following claims are subject to *ex parte* reexamination:

17. (Patent Claim) A system for retrieving data location information for data stored in a distributed network, the system comprising:

a plurality of data repositories configured to store data, wherein the data is associated with a respective identifier string in each data repository;

a data location sewer network having a plurality of data location servers, each of the plurality of data location servers containing location strings associated with respective identifier strings and each of the plurality of data location servers having computer executable code configured to execute the following steps:

in response to receiving a data location request from a client to retrieve a location string associated with an identification string provided in the data location request, transmitting a redirect message to the client if the identification string is not associated with a location string at the data location server, wherein the redirect message contains information for use by the client to calculate a location of a different data location server in the plurality of data location servers, wherein the different data location server contains the location string.

18. (Patent Claim) A system for retrieving data location information for data stored in a distributed network, the system comprising: a data repository configured to store data, wherein the data is associated with an identifier string;

a client responsive to a data query to query a data location server for location information associated with the identifier string;

a data location server network comprising a plurality of data location servers, at least one of the plurality of data location servers containing location information associated with the

identifier string, wherein each of the plurality of data location servers comprises computer executable code configured to execute the following steps in response to receiving a data location request from the client:

if the data location server contains the location String associated with the identification string provided in the data location request, the data location server transmits location information for use by the client to calculate a location of the data associated with the identification string:

if the data location server does not contain the location string associated with the identification string, the location server transmits a redirect message to the client, wherein the redirect message contains redirect information for use by the client to calculate a location of a different data location server in the plurality of data location servers, wherein the different data location server contains the location string.

24. (Patent Claim) The system of claim 18, wherein the location information comprises a portion of a hash table distributed over the plurality of data location servers.

## *Remarks*

Claims 17-18 and 24 of the '640 patent are currently subject to *ex parte* reexamination. Claims 17-18 and 24 stand rejected in the Office Action dated May 4, 2022 ("Office Action"). Claims 1-16, 19-23 and 25 are not subject to reexamination. Patent Owner respectfully traverses the pending rejections. Based on the following remarks, and the Declaration of M. T. Goodrich submitted herewith, Patent Owner respectfully requests that the Examiner reconsider and withdraw the outstanding rejections.

The following Table of Contents is included for ease of reference:

I.    STATUS OF RELATED MATTERS .....................................................................................6

II.   INFORMATION DISCLOSURE STATEMENTS ..............................................................6

III.  STATEMENT OF SUBSTANCE OF EXAMINER INTERVIEW ....................................6

IV.   RESPONSE TO SUBSTANTIVE REJECTIONS IN THE OFFICE ACTION ..................6

    A.  Relevant Prosecution History ......................................................................................7

    B.  Overview of the Technology ........................................................................................7

        1.  The problems with the existing systems ...............................................................8

        2.  The '640 patent claims overcome the limitations of pre-existing systems........11

    C.  Claim Construction ....................................................................................................15

        1.  Claim Construction Summary Table ..................................................................16

        2.  Claims 17 and 18 in view of the claim constructions .......................................16

    D.  Reasons for continued patentability...........................................................................20

    E.  Oracle Names and the '640 Patent Invention Are Fundamentally Different Protocols.. ...............................................................................................................................21

        1.  Oracle Names lacks the non-hierarchical cluster structure required to enable every server in the network to return information useable by the client to locate the server that contains the requested information .............................................23

    F.  Oracle Admin, OracleSG, and McGarvey, alone or in combination, fail to render claims 17 obvious for at least four reasons...............................................................26

1. Claim elements [17.e] and [17.f] are not taught or suggested by the asserted references .................................................................................26

2. The asserted references do not teach or suggest transmitting a "redirect message" to the client that "contains information for use by the client to calculate a location of a different data location server in the plurality of data location servers, wherein the different data location server contains the location string," as required by element [17.e] .............................................................29

3. Oracle Admin, OracleSG, and McGarvey do not teach or suggest an identifier string that identifies an entity and is associated with data, as required by claim 17 .......................................................................................................33

4. POSA would not be motivated to modify Oracle Admin or combine it with OracleSG or McGarvey .............................................................................38

G. Oracle Admin, OracleSG, and McGarvey, alone or in combination, do not render Claim 18 obvious for at least the same reasons discussed with respect to Claim 17. 41

H. Oracle Admin, OracleSG, McGarvey, and Rajani do not render claim 24 obvious...42

1. The combination of Oracle Admin with Rajani does not satisfy claim 24's requirements ...........................................................................................43

2. A POSA would not find it obvious to modify Oracle Admin with OracleSG or Rajani to satisfy claim 24 .......................................................................43

3. A POSA would not be motivated to modify Oracle Admin-McGarvey with OracleSG or Rajani to satisfy the claim 24 requirements ...............................44

I. Secondary Considerations of Non-Obviousness .......................................................46

1. Long felt but unsolved needs ....................................................................46

2. Failure of others and unexpected results..........................................................48

3. Commercial success...................................................................................51

V. CONCLUSION.............................................................................................................53

## I.   STATUS OF RELATED MATTERS

The '640 patent is the subject of litigation in *Kove IO, Inc., v. Amazon Web Services, Inc.*, Case No. 1:18-cv-08175 (N.D. Ill.).

## II.   INFORMATION DISCLOSURE STATEMENTS

Patent Owner previously submitted an information disclosure statement (IDS) on July 12, 2022.

## III.   STATEMENT OF SUBSTANCE OF EXAMINER INTERVIEW

Patent Owner thanks Examiners Peng (Simon) Ke and Luke Wassum and Supervisory Patent Examiner Fuelling for an Interview held July 21, 2022 with Co-Inventor John Overton and Patent Owner's representatives Khue Hoang (Reg. No. 44,767) and Naveed Hasan (Reg. No. 72,688). The Interview was conducted for this reexamination, as well as the co-pending reexamination of related U.S. Patent No. 7,814,170 (Control No. 90/019,035). The Interview included discussions regarding the background and history of the invention, interpretations of certain claims being reexamined, and the deficiencies of the applied references, both individually and when combined, with respect to particular claim terms.

Examiner Ke requested Patent Owner provide further clarification about certain aspects of the claims, including the term "data" and "calculate" as recited in claims 17 and 18 of the '640 patent. In this Response, Patent Owner provides the requested clarifications, as well as additional support for the patentability of the reexamined claims over the asserted prior art, whether considered individually or in combination.

## IV.   RESPONSE TO SUBSTANTIVE REJECTIONS IN THE OFFICE ACTION

The Office Actions includes three rejections:

Claims 17 and 18 are rejected under pre-AIA 35 U.S.C. § 103(a) as allegedly being obvious over OracleNamesAdminGuide (hereinafter "Oracle Admin") in view of OracleSG and in further view of McGarvey.

Claim 24 is rejected under pre-AIA 35 U.S.C. § 103(a) as allegedly being obvious over Oracle Admin in view of OracleSG and in further view of McGarvey and in further view of Rajani.

caches the answer and returns it to the root. 7. The root caches the answer and returns it to the preferred Names Server in region DR1. 8. The preferred Names Server caches the answer and returns it to the client. 9. The client establishes a connection to the destination server." (*Id.*, 190-191).

Retrieving a network address in the tree-node configuration shown in Figure C-4 require nine (9) traversals up, down, and back through the hierarchal structure. (*Id.*). As such, the organizational structure in Figure C-4 is limited in its efficiency by its underlying network paths and network relationships that require queries to make hierarchical traversals until it finds the server with the sought-after information (assuming the information exists somewhere in the network).

The Inventors understood the challenges that existed in locating and retrieving data in a distributed data collection environment and addressed the challenges with the inventions of the '640 patent. Their invention, as embodied in the claims of the '640 patent, enables a client to retrieve data by *sending a query to **any** server in the network*, not just servers organized by a tree, and having that server *be capable of providing information that permits the client to calculate the location of a second server **known to contain** the requested information*. Claims 17 and 18 therefore require ***every*** *server* in the network be able to return information for calculating the location of the server that contains the requested information. In other words, any first queried server will either have the requested information or will provide the client with the information to find the requested information in the client's next query. The structured relationships of the invention allow clients to access data in distributed environments through a non-hierarchical, limitlessly scalable, server structure that enables retrieval of requested information in not more than two iterations.

For reasons discussed more fully below, prior art systems, including names services like Oracle Names are not configured in the manner required by claims 17 and 18, nor would combining the Oracle system with the other cited prior art references render any claim obvious. Moreover, a lack of motivation to make any such combinations, as well as significant indicia of non-obviousness make it clear that the invention of claims 17 and 18 would not have been obvious to a person of ordinary skill in the art (POSA).

As explained above and more fully below, Oracle Names depends on a *hierarchical* structure where a client can only query to the node immediately "above" or "below" it in the "tree." If the queried server does not have the requested information, that server forwards the query to the next higher node and so on until it reaches the root server. The root server, if it has the desired information registered, will forward the request down successive nodes until it arrives at the server last known to have the information. As the example in Fig. C-4 shows, and as explained on pages 190-192 of Oracle Admin, even a modestly sized environment with a handful of servers may take numerous iterations to return a query. [1]

In contrast, claims 17 and 18 recites a *non-hierarchical* cluster configuration.[2] A client can send a query to *any* server in the network – not just its local region, as taught by Oracle Admin (*see* Oracle Admin, p. 190). If the queried server does not have the requested information, that server (as are all servers in the data location server network) is configured to return a message to the client containing information that the client can then use to calculate the location of the server that does have the requested information. In other words, the '640 patent requires that *each and every* server in the data location server network have the capability of transmitting information to the client that the client then processes to determine the server that contains its requested information. This configuration "collapses" the hierarchical composition of Oracle Names, making it entirely different in practice and principle from what Oracle Admin discloses. Oracle Admin in no way teaches that Oracle Names network servers have this capability.

> ### *1.* Oracle Names lacks the non-hierarchical cluster structure required to enable every server in the network to return information useable by the client to locate the server that contains the requested information

Claims 17 and 18 require that "*each of the plurality of data location servers* having computer executable code *[be] configured to*" carry out specific activity. In particular, each location server must be able to "transmit[] a redirect message to the client if the identification string is not associated with a location string at the data location server, wherein the *redirect*

---

[1] Oracle Admin cautions that a "network can have no more than five well-known Names Servers, that is, Names Servers that use the Dynamic Discovery Option." (Oracle Admin., pp. 28, 32, 60).

[2] Although the '640 specification discloses hierarchical applications for NDTP as possible embodiments, claims 17 and 18 require *non-hierarchical* structure, as explained here and throughout this Reply.

*Inc. v. Corcept Therapeutics, Inc.*, 18 F.4th 1377, 1380-1382 (Fed. Cir. 2021). Here, the basis for the Examiner's conclusion as to reasonable expectation of success is unclear and appears to employ impermissible hindsight. In any regard, the Examiner does not consider the incompatibility of the asserted references with the '640 patent.

As described above, the '640 patent is significantly different than conventional naming systems. Specifically, the '640 patent teaches the ability to linearly scale location servers using a cluster formation which allows each location server to receive data location requests for location strings from any client and transmit information needed to calculate the location of the location string to the any client. This non-hierarchical cluster composition is expressly claimed in claims 17 and 18, through the requirement that "each" (i.e., all) of the data location servers be similarly configured to respond to a client request with the aforementioned information. In contrast, naming systems like Oracle Names imposes a hierarchical tree structure that limits queries to be received by a client's local or preferred server, and servers are not configured to provide the aforementioned information.

Like Oracle Names, McGarvey is a TCP/IP name resolution system. (McGarvey, Abstract). And, like Oracle Names, McGarvey describes names servers that are distributed in hierarchical tree structures. (McGarvey, 1:40-49; 5:3-35).

Neither Oracle Admin nor McGarvey contemplate a non-hierarchical cluster configuration. Any attempt to modify Oracle Admin or McGarvey would require a wholesale collapsing of the hierarchical tree and a fundamental change as to what information is provided by Names Servers, i.e., a listing of network addresses only. Moreover, Oracle Admin and McGarvey do not contemplate *clients* redirecting requests or calculating server locations for themselves. As such, modifying (or combining) Oracle Admin with OracleSG and/or McGarvey to achieve claim 17's requirements would require significant modifications that may result in constructing a completely different system. Therefore, a POSA would not have had reasonable expectation of success to modify Oracle Admin (with or without OracleSG) with McGarvey to meet the claim requirements of claim 17. (Goodrich Decl. ¶ 39-50).

> c) *Modifying Oracle Admin or combine it with one or more of OracleSG, and/or McGarvey to satisfy claim 17's requirements changes the principle operation underpinning Oracle Admin*

states that DynamoDB "delivers low-latency performance at any scale"[7], has a throughput capacity that is "practically unlimited"[8], and has "99.999% availability"[9].

## V. CONCLUSION

All of the stated grounds of rejection have been properly traversed, accommodated, or rendered moot. The Patent Owner therefore respectfully requests that the Examiner reconsider all presently outstanding rejections and that they be withdrawn. The Patent Owner believes that a full and complete reply has been made to the outstanding Office Action and, as such, the present reexamination proceeding is in condition for a Notice of Intent to Issue a Reexamination Certificate. If the Examiner believes, for any reason, that personal communication will expedite this proceeding, the Examiner is invited to telephone the undersigned at the number provided.

Prompt and favorable consideration of this Reply is respectfully requested.

Respectfully submitted,

REICHMAN JORGENSEN LEHMAN & FELDBERG LLC

/Naveed Hasan/
Naveed Hasan, Reg. No. 72,688
Signed under 37 C.F.R. § 1.34 Acting in a Representative Capacity for Patent Owner

Dated: August 4, 2022
1909 K Street, NW, Suite 800
Washington, DC 20006
(202) 894-7305

---

[7] Exhibit I (https://aws.amazon.com/blogs/database/amazon-dynamodb-auto-scaling-performance-and-cost-optimization-at-any-scale/).

[8] Exhibit J (https://aws.amazon.com/dynamodb/faqs/?trk=94bf4df1-96e1-4046-a020-b07a2be0d712&sc_channel=ps&sc_campaign=acquisition&sc_medium=ACQ-P|PS-GO|Brand|Desktop|SU|Database|DynamoDB|L|S|EN|Text|LE&ef_id=Cj0KCQjwuaiXBhCCARIsAKZL13n_9aEOrFdTIWqnipW7mQbvIbqDk_kV84UNDDs5wDKIfmkitIZHRbUaAgoZEALw_wcB:G:s&s_kwcid=AL!4422!3!610000101513!e!!g!!aws%20dynamodb)

[9] Exhibit K (https://aws.amazon.com/dynamodb/).