# Exhibit 76

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Amazon Web Services, Inc., <br><br> Defendant. | Civil Action No. 1:18-cv-08175 |

**KOVE'S FIRST AMENDED RESPONSE TO**
**AWS'S THIRD SET OF INTERROGATORIES (NO. 18)**

Plaintiff Kove IO, Inc. ("Plaintiff" or "Kove"), by and through their undersigned counsel, Federal Rules of Civil Procedure 26 and 33, the Northern District of Illinois Local Rules ("Local Rules"), and any applicable procedures, laws, or Court orders, hereby serves the following first amended responses to the Third Set of Interrogatories ( "Interrogatories") (No. 18) of Amazon Web Services, Inc. ("Defendant" or "AWS").

**PRELIMINARY STATEMENT**

1.   Kove incorporates by reference each general objection in its First Amended Responses to AWS's First Set of Interrogatories (Nos. 2-5) into each specific response. The specific response may repeat a general objection for emphasis or any other reason and/or may also include one or more specific objections(s). The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

2.   Kove's responses to AWS's Interrogatories are made to the best of Kove's present knowledge, information, and belief. Kove reserves the right to supplement or amend these responses should future investigation indicate that such supplementation or amendment is

1

necessary. Kove reserves the right to make any use of, introduce at any hearing or at trial, information or documents that are responsive to Kove's interrogatories, but discovered subsequent to Kove's service of these responses, including, but not limited to, any information or documents obtained in discovery herein.

**AMENDED RESPONSE TO INTERROGATORRIES (NO. 18)**

**INTERROGATORY NO. 18:**

Identify all products, devices, systems, or services created, made, sold, used, distributed, given away, produced or manufactured by Kove, its predecessor entities, or the named inventors of the Patents-in-Suit from 1995 to and including 2020, including the Kove Products & Services. For each item identified, include a detailed description of its purposes and functions, including whether Kove asserts that the item does or does not embody the patents-in-suit, and the reasons Kove makes this assertion.

**FIRST AMENDED RESPONSE TO INTERROGATORY NO. 18:**

In addition to its general objections, Kove objects to AWS's request for Kove to search, identify, and catalogue document productions, communications, or other things as an improper request for work product and an overbroad and unduly burdensome request to, for example, marshal evidence to which AWS or its counsel has equal access. Kove further objects to this Interrogatory as being compound and containing multiple subparts.

Kove further objects to this Interrogatory on the grounds that it is vague, unclear and ambiguous, unduly broad and burdensome, and disproportionate, including, without limitation, with respect to its use of the term "all products, devices, systems, or services created, made, sold, used, distributed, given away, produced, or manufactured by Kove" and "detailed description of its purposes and functions." Kove will respond with respect to the Kove Products & Services.

Kove also specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception.

Kove also objects to this Interrogatory as premature to the extent it seeks opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules, and any applicable procedures, laws, or Court orders.

Kove also objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Subject to the foregoing general and specific objections, Kove responds as follows:

OverX created the OverX Location Servers (OXLS). The technology was then transferred to Econnectix, and Econnectix referred to OXLS as the Xpress Association Database. Additionally, XTN for Telecommunications, XRN for Registry Services, XSN for Storage Services, and the Xpress Database are the same as OXLS; the different names were used by Econnectix to indicate different use cases. Each of these products, which are the same, embody the patents-in-suit. None was sold, distributed, given away, or otherwise provided to any third party. OXLS is a data retrieval architecture with the ability to dynamically update associations between keys and the locations where the associated data is stored. *See, e.g.*, KOV_00003944; KOV_00003965; KOV_00003986; KOV_00003986; KOV_00004007; KOV_00004024; KOV_00004026; KOV_00004061; KOV_00004063; KOV_00004083; KOV_00005790-5840.

Econnectix created Xpress Disk (XPD). Additionally, Xpress Disk for Metadata Controllers (XMC) is the same as XPD; the different names were used by Econnectix to indicate different use cases. These products, which are the same, do not embody the patents-in-suit. These

3

products were made and sold. XPD is a solid-state disk that uses DRAM-based storage to provide improved performance compared with traditional storage systems. XPD is a data storage device that does not pertain to locating and retrieving data over a distributed network, and does not embody the patents-in-suit. *See, e.g.*, KOV_00005350; KOV_00015334; KOV_00015460; KOV_00015486; KOV_00015537; KOV_00044924; KOV_00044961. XMC is an enterprise class storage accelerator product sold as a standard fibre-channel disk appliance that offers gigabytes per second read and write throughput. It is a hardware device that improves the local i/o speed and throughput of the particular server on which it was installed, and does not pertain to any architecture involving the location and retrieval of data across a distributed network. It does not embody the patents-in-suit. *See, e.g.*, KOV_00044924.

Econnectix created Xpress for FileMaker (XFM). This product was made and sold. XFM is a hardware product that combines a multi-core CPU running FileMaker Server with a fully integrated storage system that enables a FileMaker database of any size to be backed up in one second. XFM is used to backup databases, and does not pertain to locating and retrieving data over a distributed network. It does not embody the patents-in-suit. *See, e.g.,* KOV_00023936; KOV_00043373; KOV_00043392; KOV_00044823; KOV_00051468.

With respect to the purposes and functions of each of the Kove Products & Services, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Kove identifies the following documents: KOV_00005350, KOV_00015334, KOV_00015460, KOV_00015486, KOV_00015537, KOV_00023936, KOV_00043373, KOV_00043392, KOV_00044924, KOV_00044961, and KOV_00051468.

Kove also incorporates by reference its response to Interrogatory No. 10.

Kove reserves the right to amend or supplement this response as discovery progresses.

4

| Dated: February 12, 2021 | Respectfully submitted, |
|---|---|
| | /s/ Khue Hoang |

| | |
|---|---|
| Courtland L. Reichman (*pro hac vice*) | Renato Mariotti (State Bar No. 6323198) |
| creichman@reichmanjorgensen.com | rmariotti@thompsoncoburn.com |
| Shawna Ballard (*pro hac vice*) | Holly H. Campbell (State Bar No. 6320395) |
| sballard@reichmanjorgsensen.com | |
| Kate Falkenstien (*pro hac vice*) | hcampbell@thompsoncoburn.com |
| kfalkenstien@reichmanjorgensen.com | THOMPSON COBURN LLP |
| Michael Marvin (*pro hac vice*) | 55 E. Monroe St., 37th Floor |
| mmarvin@reichmanjorgensen.com | Chicago, IL 60603 |
| REICHMAN JORGENSEN LEHMAN | Telephone: (312) 346-7500 |
| & FELDBERG LLP | Telecopier: (312) 580-2201 |
| 100 Marine Parkway, Suite 300 | |
| Redwood Shores, CA 94065 | Khue V. Hoang (*pro hac vice*) |
| Telephone: (650) 623-1401 | khoang@reichmanjorgensen.com |
| Fax: (650) 623-1449 | Jaime F. Cardenas-Navia (*pro hac vice*) |
| | Jcardenas-navia@reichmanjorgensen.com |
| Christine E. Lehman (*pro hac vice*) | Rahul Sarkar (*pro hac vice*) |
| clehman@reichmanjorgensen.com | rsarkar@reichmanjorgensen.com |
| Adam Adler (*pro hac vice*) | REICHMAN JORGENSEN LEHMAN & |
| aadler@reichmanjorgensen.com | FELDBERG LLP |
| Philip Eklem (*pro hac vice*) | 750 Third Avenue, Suite 2400 |
| peklem@reichmanjorgensen.com | New York, NY 10017 |
| REICHMAN JORGENSEN LEHMAN | Telephone: (646) 921-1474 |
| & FELDBERG LLP | Fax: (650) 623-1449 |
| 1710 Rhode Island Ave, NW, 12th Floor | |
| Washington, DC 20036 | |
| Telephone: (202) 894-7310 | **ATTORNEYS FOR PLAINTIFF** |
| Fax: (650) 623-1449 | **KOVE IO, INC.** |

## VERIFICATION

I verify that I have reviewed the above responses, which are true to the best of my knowledge, information, and belief. I verify that Kove IO, Inc. ("Kove") collected factual information in the above responses from documents in the possession, custody, and control of Kove, or from persons with personal knowledge of the subject matter of the responses, and with the assistance of counsel representing Kove. I am informed and believe that the matters stated therein are true and correct, and on that basis verify the response on behalf of Kove. To the extent Kove based the above responses on information collected from others, I verify not on personal knowledge, but on information and belief. I am authorized to make this verification for and on behalf of Kove. I declare under penalty of perjury that the foregoing is true and correct.

By: John Overton
Date: February 12, 2021

# CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2021, Kove's First Amended Response to AWS's Third Set of Interrogatories (No. 18) was served on counsel of record via email.

/s/ *Jaime F. Cardenas-Navia*
Jaime F. Cardenas-Navia