# Exhibit K12

**Exhibit 1A: Invalidity Claim Chart Against U.S. Patent No. 7,814,170 in View of the Domain Name System (DNS)**

AWS asserts that U.S. Patent No. 7,814,170 ("the '170 patent") claims 6, 8, and 15 are anticipated by, and claims 1, 2, and 12 are obvious in view of, the BIND 8.1 version of DNS, the operation of which is described in BIND and DNS, RFC 1034, Sherman, and Karger/Sherman. DNS qualifies as prior art under pre-AIA 35 U.S.C. § 102(a), (b), and/or (f), e.g., because it was publicly available in May 1997, more than a year before Kove's October 28, 1999 claimed priority date for the '170 patent. Karger '618/420 is prior art under pre-AIA 35 U.S.C. § 102(a), (b), and/or (f), e.g., because it has a priority date of March 15, 1998. The citations below are representative of where specifically in the item of prior art each element of each asserted claim may be found, and AWS reserves the right to rely on other portions of the prior art, versions of the cited documents, and/or evidence to show the invalidity of the asserted claims, including all evidence referenced in the accompanying contentions.

Furthermore, the following list includes examples of specifically where certain '170 patent claim elements are found in DNS:
- Client: Client
- Identifier: Domain name
- Location information: Resource records ("RRs")
- Location server: Name server
- Data repository: Host data or mailbox data
- Hash function: Hash structures

| U.S. Patent No. 7,814,170 | Domain Name System (DNS) and, for Claims 1, 2, and 12, Karger '618/420 |
|---|---|
| **[1.Preamble]** A system for managing data stored in a distributed network, the system comprising: | If this claim language is interpreted to cover the Accused Products, as Kove appears to contend, then DNS discloses this element, for example, as described below.<br><br>In general, DNS discloses a system having a plurality of DNS name servers that manage location information, such as DNS resource records, and provide location information to location queries, called standard queries in DNS. Each DNS name server is attached to a DNS network and maintains a set of domain name/address mappings that are modified or returned in response to standard queries from clients.<br><br>"NAME SERVERS are server programs which hold information about the domain tree's structure and set information. A name server may cache structure or set information about any part of the domain tree, but in general a particular name server has complete information about a subset of the domain space, and pointers to other |

| U.S. Patent No. 7,814,170 | Domain Name System (DNS) and, for Claims 1, 2, and 12, Karger '618/420 |
|---|---|
|  | name servers that can be used to lead to information from any part of the domain tree." (RFC1034, 6.)<br><br>"[Q]uery operations are attempts to extract specific types of information from a particular set. A query names the domain name of interest and describes the type of resource information that is desired. For example, the Internet uses some of its domain names to identify hosts; queries for address resources return Internet host addresses." (*Id.*)<br><br>In response to a query, a "name server either answers the question posed in the query, refers the requester to another set of name servers, or signals some error condition." (*Id.*, 16.)<br><br>"The principal activity of name servers is to answer standard queries." (*Id.*, 22.)<br><br>*See also* Paul Albitz and Cricket Liu, DNS and BIND, 4, O'Reilly & Associates, Inc., 3rd ed. 1998 ("Programs called *name servers* constitute the server half of DNS's client-server mechanism. Name servers contain information about some segment of the database and make it available to clients, called *resolvers*." (emphasis original)). |
| **[1.a]** a data repository configured to store a data entity, wherein an identifier string identifies the data entity; and | If this claim language is interpreted to cover the Accused Products, as Kove appears to contend, then DNS discloses this element, for example, as described below.<br><br>"We should be able to use names to retrieve host addresses, mailbox data, and other as yet undetermined information. All data associated with a name is tagged with a type, and queries can be limited to a single type." (RFC1034, 3.)<br><br>The name space is "used for hosts, mailboxes, etc." (*Id.*, 9). "A convention for mapping between object names and domain names [is needed as] [t]his describes how information about an object is accessed." (*Id.*) "The mailbox HOSTMASTER@SRI-NIC.ARPA is represented as a domain name by HOSTMASTER.SRI-NIC.ARPA." (*Id.*, 9-10.) |

| U.S. Patent No. 7,814,170 | Domain Name System (DNS) and, for Claims 1, 2, and 12, Karger '618/420 |
|---|---|
| | *See also* Paul Albitz and Cricket Liu, DNS and BIND, O'Reilly & Associates, Inc., 3rd ed. 1998: "Every domain has a unique name." (p. 5, *see also* 7.) "Each host on a network has a domain name, which points to information about the host." (p. 6.) "[A] domain name uniquely identifies a single node in the tree." (p. 13.) "The hosts are … represented by domain names. … Domain names at the leaves of the tree generally represent individual hosts, and they may point to network addresses, hardware information, and mail routing information. Domain names in the interior of the tree can name a host *and* can point to information about the domain. Interior domain names … can represent both the domain that they correspond to and a particular host on the network. For example, *hp.com* is both the name of the Hewlett-Packard Company's domain and the domain name of a host that runs HP's main web server." (pp. 15-16, *see also* 19-20.) |
| **[1.b]** a data location server network comprising a plurality of data location servers, | If this claim language is interpreted to cover the Accused Products, as Kove appears to contend, then DNS discloses this element, for example, as described below.<br><br>"In any system that has a distributed database, a particular name server may be presented with a query that can only be answered by some other server." (RFC1034, 4.)<br><br>"[I]n general a particular name server has complete information about a subset of the domain space, and pointers to other name servers that can be used to lead to information from any part of the domain tree." (*Id.*, 6.)<br><br>"Name servers are the repositories of information that make up the domain database. The database is divided up into sections called zones, which are distributed among name servers." (*Id.*, 18.)<br><br>"A given name server will typically support one or more zones, but this gives it authoritative information about only a small section of the domain tree." (*Id.*, 19.) |
| **[1.c]** wherein data location information for a plurality of data entities is stored in the data location server network, | If this claim language is interpreted to cover the Accused Products, as Kove appears to contend, then DNS discloses this element, for example, as described below. |

| U.S. Patent No. 7,814,170 | Domain Name System (DNS) and, for Claims 1, 2, and 12, Karger '618/420 |
|---|---|
| | The "primary goal" of DNS "is a consistent name space which will be used for referring to resources." (*Id.*, 2.)

RFC1034 states that "hosts" and "mailboxes" are a "normal" part of the name space. (*Id.*, 9.)

"DNS can be used to hold naming information for some kind of object" using "a convention for mapping between object names and domain names." (*Id.*)

"The domain name space is a tree structure. Each node and leaf on the tree corresponds to a resource set (which may be empty). ... The domain name of a node is the list of the labels on the path from node to the root of the tree." (*Id.*, 7.) "A domain name identifies a node. Each node has a set of resource information, which may be empty. The set of resource information associated with a particular name is composed of separate resource records (RRs)." (*Id.*, 11-12.) A particular RR includes the "owner" "which is the domain name where the RR is found" and the "type," which may be "A" "a host address," "CNAME," which "identifies the conical name of an alias," "HINFO," which "identifies the CPU and OS used by a host," or "MX," which "identifies a mail exchange." (*Id.*, 12.)

"In addition to relevant records, the name server may return RRs that point toward a name server that has the desired information or RRs that are expected to be useful in interpreting the relevant RRs. For example, a name server that doesn't have the requested information may know a name server that does; a name server that returns a domain name in a relevant RR may also return the RR that binds that domain name to an address." (*Id.*, 17.)

A domain name is represented by a "dotted quad" in symbolic form (e.g., SRI-NIC.ARPA) and associated address of the domain name is a "dotted quad" in numeric form, the so-called IP-address (e.g., 26.0.0.73). This example is shown below from RFC1034. |

| U.S. Patent No. 7,814,170 | Domain Name System (DNS) and, for Claims 1, 2, and 12, Karger '618/420 |
|---|---|
| | ```
SRI-NIC.ARPA.   A      26.0.0.73
                A      10.0.0.51
                MX     0 SRI-NIC.ARPA.
                HINFO  DEC-2060 TOPS20
``` |
| | (*Id.*, 37.) |
| [1.d] at least one of the plurality of data location servers includes location information associated with the identifier string, | If this claim language is interpreted to cover the Accused Products, as Kove appears to contend, then DNS discloses this element, for example, as described below.<br><br>"A domain name identifies a node." (*Id.*, 11.)<br><br>"Conceptually, each node and leaf of the domain name space tree names a set of information, and query operations are attempts to extract specific types of information from a particular set. A query names the domain name of interest and describes the type of resource information that is desired. For example, the Internet uses some of its domain names to identify hosts; queries for address resources return Internet host addresses." (*Id.*, 6.)<br><br>For example, the identifier "vaxa.isi.edu" has two IP addresses shown below.<br><br>```
For example, we might show the RRs carried in a message as:

    ISI.EDU.          MX    10 VENERA.ISI.EDU.
                      MX    10 VAXA.ISI.EDU.
    VENERA.ISI.EDU.   A     128.9.0.32
                      A     10.1.0.52
    VAXA.ISI.EDU.     A     10.2.0.27
                      A     128.9.0.33
```<br><br>(*Id.*, 14.)<br><br>"In addition to relevant records, the name server may return RRs that point toward a name server that has the desired information or RRs that are expected to be useful in interpreting the relevant RRs. For example, a name server that doesn't have the requested information may know a name server that does; a name server that returns a |

5

| U.S. Patent No. 7,814,170 | Domain Name System (DNS) and, for Claims 1, 2, and 12, Karger '618/420 |
|---|---|
| | domain name in a relevant RR may also return the RR that binds that domain name to an address." (*Id.*, 17.) |
| [1.e] each one of the plurality of data location servers comprises a processor and a portion of the data location information, | If this claim language is interpreted to cover the Accused Products, as Kove appears to contend, then DNS discloses this element, for example, as described below.<br><br>See above evidence regarding claim limitation 1.b.<br><br>RFC1034 discloses that name servers are "server programs" (*id.*, 6) that respond to queries with a DNS response answer. A server necessarily includes a processor.<br><br>DNS name servers contain "DNS software" that is run when a name server is locating information contained in a RR responsive to a location query. (*Id.*, 15.)<br><br>RFC1034 discloses that DNS name servers "answer standard queries" and that they send "response[s]" that "are carried in a standard message format." (*Id.*, 22.)<br><br>RCF 1034 discloses that the "sheer size of the database" requires that it be "maintained in a distributed manner, with local caching" wherein a portion of the data location information is stored on each name server. (*Id.*, 2.)<br><br>"In addition to relevant records, the name server may return RRs that point toward a name server that has the desired information or RRs that are expected to be useful in interpreting the relevant RRs. For example, a name server that doesn't have the requested information may know a name server that does; a name server that returns a domain name in a relevant RR may also return the RR that binds that domain name to an address." (*Id.*, 17.)<br><br>"The actual algorithm used by the name server will depend on the local OS and data structures used to store RRs." (*Id.*, 24.) |
| [1.f] the portion of the data location information included in a corresponding one of the data location servers is based | If this claim language is interpreted to cover the Accused Products, as Kove appears to contend, then DNS discloses this element, for example, as described below. |

| U.S. Patent No. 7,814,170 | Domain Name System (DNS) and, for Claims 1, 2, and 12, Karger '618/420 |
|---|---|
| on a hash function used to organize the data location information across the plurality of data location servers, and | "The owner name is often implicit, rather than forming an integral part of the RR. For example, many name servers internally form tree or hash structures for the name space, and chain RRs off nodes." (*Id.*, 13.)<br><br>"Before the DNS can be used to hold naming information for some kind of object, two needs must be met:<br>- A convention for mapping between object names and domain names. This describes how information about an object is accessed.<br>- RR types and data formats for describing the object.<br>These rules can be quite simple or fairly complex. Very often, the designer must take into account existing formats and plan for upward compatibility for existing usage. Multiple mappings or levels of mapping may be required.<br>For hosts, the mapping depends on the existing syntax for host names which is a subset of the usual text representation for domain names, together with RR formats for describing host addresses, etc. Because we need a reliable inverse mapping from address to host name, a special mapping for addresses into the IN-ADDR.ARPA domain is also defined.<br>For mailboxes, the mapping is slightly more complex. The usual mail address <local-part> <mail-domain> is mapped into a domain name by converting <local-part> into a single label (regardless of dots it contains), converting <mail-domain> into a domain name using the usual text format for domain names (dots denote label breaks), and concatenating the two to form a single domain name. Thus the mailbox HOSTMASTER@SRI-NIC.ARPA is represented as a domain name by HOSTMASTER.SRI-NIC.ARPA. An appreciation for the reasons behind this design also must take into account the scheme for mail exchanges [RFC-974] ." (*Id.*, 9-10.)<br><br>"In addition to relevant records, the name server may return RRs that point toward a name server that has the desired information or RRs that are expected to be useful in interpreting the relevant RRs. For example, a name server that doesn't have the requested information may know a name server that does; a name server that returns a domain name in a relevant RR may also return the RR that binds that domain name to an address." (*Id.*, 17.) |

| U.S. Patent No. 7,814,170 | Domain Name System (DNS) and, for Claims 1, 2, and 12, Karger '618/420 |
|---|---|
| | **Obviousness of Hash Function:** To the extent that Kove contends that DNS does not disclose this limitation, and this claim is construed to require a hash function, the subject matter as a whole of each claim, including this limitation, would have been obvious to one of skill in the art before the invention. The specification of the asserted patents themselves concede that the "preferably applied" hash function used to organize the data location information across the plurality of data location servers was "well-known" in computer science. ('170 patent, col. 15:12-18.) Numerous other publications before the filing of the Patents-in-Suit describe the use of hash functions to organize location information across servers in distributed systems. Courts have also recognized that hash functions are "generic and basic mathematical or algorithmic functions that do not make a patent inventive." *Symantec Corp. v. Zscaler, Inc.*, No. 17-cv-04426-JST, 2018 WL 1456678, at *7 (N.D. Cal. March 23, 2018). One skilled in the art would be familiar with the use of hashing in a distributed network. Karger '618/420 states that it was well understood "for clients to use a standard hash function to determine from which server to request a document." ('420 patent, 3:23-50; '618 patent, 3:18-44.) "In one embodiment, the mapping of requests [e.g., for a document] and resources [e.g., servers] to the mathematical mapping space is accomplished with a hash function. A hash function takes an input (k) and returns an output in a given range. Hash functions can be used to allocate pointers or keys to a location in a hash table, which is a data structure having a specified number of locations or 'slots.' If h(k) is a hash function, key (k) is said to hash to a hash table location h(k). A goal in designing a hash function is for each key (k) to be equally likely to hash to any of the locations in the hash table. An approach to achieve this is to derive the hash function in a way that is expected to be independent of any patterns that might exist in the data." ('420 patent, 10:22-34; '618 patent, 10:13-25.) Karger '420/618 discloses a "consistent hashing" function, which "avoids increasing load and spread when the number of servers changes." ('420 patent, 6:29-41; '618 patent, 6:21-33.) "Networked distributed file systems, groups of computers that store large amounts of data on an intranet or internet, and have too much information to effectively serve on one server, can use the invention to great benefit." ('420 patent, 19:47-50; '618 patent, 18:14-17.) Thus, one skilled in the art would recognize that consistent hashing as taught by Karger '420/618 |

| U.S. Patent No. 7,814,170 | Domain Name System (DNS) and, for Claims 1, 2, and 12, Karger '618/420 |
|---|---|
| | could be used to improve the operation of a distributed system such as DNS when a server is added to or removed from that system. |
| [1.g] each one of the data location servers is configured to determine the at least one of the plurality of data location servers based on the hash function applied to the identifier string. | If this claim language is interpreted to cover the Accused Products, as Kove appears to contend, then DNS discloses this element, for example, as described below.<br><br>See above evidence regarding claim limitation 1.f.<br><br>Where resource records are organized on a plurality of name servers using a hash function applied to the domain name, it would be further obvious to use the hash function applied to the domain name to determine the name server that stores a portion of the resource records.<br><br>"In any system that has a distributed database, a particular name server may be presented with a query that can only be answered by some other server. The two general approaches to dealing with this problem are 'recursive', in which the first server pursues the query for the client at another server, and 'iterative', in which the server refers the client to another server and lets the client pursue the query." (*Id.*, 4.)<br><br>"Before the DNS can be used to hold naming information for some kind of object, two needs must be met:<br>- A convention for mapping between object names and domain names. This describes how information about an object is accessed.<br>- RR types and data formats for describing the object.<br>These rules can be quite simple or fairly complex. Very often, the designer must take into account existing formats and plan for upward compatibility for existing usage. Multiple mappings or levels of mapping may be required.<br>For hosts, the mapping depends on the existing syntax for host names which is a subset of the usual text representation for domain names, together with RR formats for describing host addresses, etc. Because we need a reliable inverse mapping from address to host name, a special mapping for addresses into the IN-ADDR.ARPA domain is also defined. |

| U.S. Patent No. 7,814,170 | Domain Name System (DNS) and, for Claims 1, 2, and 12, Karger '618/420 |
|---|---|
| | For mailboxes, the mapping is slightly more complex. The usual mail address <local-part> <mail-domain> is mapped into a domain name by converting <local-part> into a single label (regardles of dots it contains) , converting <mail-domain> into a domain name using the usual text format for domain names (dots denote label breaks), and concatenating the two to form a single domain name. Thus the mailbox HOSTMASTER@SRI-NIC.ARPA is represented as a domain name by HOSTMASTER.SRI-NIC.ARPA. An appreciation for the reasons behind this design also must take into account the scheme for mail exchanges [RFC-974] ." (*Id.*, 9-10.)<br><br>"Using the query domain name, QTYPE, and QCLASS, the name server looks for matching RRs. In addition to relevant records, the name server may return RRs that point toward a name server that has the desired information or RRs that are expected to be useful in interpreting the relevant RRs. For example, a name server that doesn't have the requested information may know a name server that does; a name server that returns a domain name in a relevant RR may also return the RR that binds that domain name to an address." (*Id.*, 17.) |
| [2] The system of claim 1, wherein the location information comprises any portion of a hash table generated with the hash function. | If this claim language is interpreted to cover the Accused Products, as Kove appears to contend, then DNS discloses this element, for example, as described below.<br><br>"The owner name is often implicit, rather than forming an integral part of the RR. For example, many name servers internally form tree or hash structures for the name space, and chain RRs off nodes." (*Id.*, 13.)<br><br>"In addition to relevant records, the name server may return RRs that point toward a name server that has the desired information or RRs that are expected to be useful in interpreting the relevant RRs. For example, a name server that doesn't have the requested information may know a name server that does; a name server that returns a domain name in a relevant RR may also return the RR that binds that domain name to an address." (*Id.*, 17.)<br><br>It would be further obvious to organize the results of a hash function into a "hash structure" in the form of a table. |

| U.S. Patent No. 7,814,170 | Domain Name System (DNS) and, for Claims 1, 2, and 12, Karger '618/420 |
|---|---|
| | **Obviousness of Hash Function:** To the extent that Kove contends that DNS does not disclose this limitation, and this claim is construed to require a hash function, the subject matter as a whole of each claim, including this limitation, would have been obvious to one of skill in the art before the invention. The specification of the asserted patents themselves concede that the "preferably applied" hash function used to organize the data location information across the plurality of data location servers was "well-known" in computer science. ('170 patent, col. 15:12-18.) Numerous other publications before the filing of the Patents-in-Suit describe the use of hash functions to organize location information across servers in distributed systems. Courts have also recognized that hash functions are "generic and basic mathematical or algorithmic functions that do not make a patent inventive." *Symantec Corp. v. Zscaler, Inc.*, No. 17-cv-04426-JST, 2018 WL 1456678, at *7 (N.D. Cal. March 23, 2018). One skilled in the art would be familiar with the use of hashing in a distributed network. Karger '618/420 states that it was well understood "for clients to use a standard hash function to determine from which server to request a document." ('420 patent, 3:23-50; '618 patent, 3:18-44.) "In one embodiment, the mapping of requests [e.g., for a document] and resources [e.g., servers] to the mathematical mapping space is accomplished with a hash function. A hash function takes an input (k) and returns an output in a given range. Hash functions can be used to allocate pointers or keys to a location in a hash table, which is a data structure having a specified number of locations or 'slots.' If h(k) is a hash function, key (k) is said to hash to a hash table location h(k). A goal in designing a hash function is for each key (k) to be equally likely to hash to any of the locations in the hash table. An approach to achieve this is to derive the hash function in a way that is expected to be independent of any patterns that might exist in the data." ('420 patent, 10:22-34; '618 patent, 10:13-25.) Karger '420/618 discloses a "consistent hashing" function, which "avoids increasing load and spread when the number of servers changes." ('420 patent, 6:29-41; '618 patent, 6:21-33.) "Networked distributed file systems, groups of computers that store large amounts of data on an intranet or internet, and have too much information to effectively serve on one server, can use the invention to great benefit." ('420 patent, 19:47-50; '618 patent, 18:14-17.) Thus, one skilled in the art would recognize that consistent hashing as taught by Karger '420/618 |

| U.S. Patent No. 7,814,170 | Domain Name System (DNS) and, for Claims 1, 2, and 12, Karger '618/420 |
|---|---|
| | could be used to improve the operation of a distributed system such as DNS when a server is added to or removed from that system. |
| **[6.Preamble]** A system for managing data location information and providing the data location information in response to location queries, the system comprising: | See above evidence regarding the preamble of claim 1. |
| **[6.a]** a location server configured to receive a location addition request, the location addition request formatted in conformance with a transfer protocol, the location addition request comprising an identifier and at least one location to associate with the identifier, wherein the identifier identifies an entity and wherein each of the at least one location specifies a location of data in a network pertaining to the entity; | See above evidence regarding claim limitation 1.b.<br><br>RFC1034 discloses a DNS protocol for implementing domain name facilities wherein location addition requests are made to the name servers. (*Id.*, 1.)<br><br>For example, RCF1034 discloses that a location addition request to a name server takes place when a name server "cach[es] retrieved data and … refresh[es] data." (*Id.*, 5.)<br><br>"A domain name identifies a node. Each node has a set of resource information, which may be empty. The set of resource information associated with a particular name is composed of separate resource records (RRs). The order of RRs in a set is not significant, and need not be preserved by name servers, resolvers, or other parts of the DNS.<br>When we talk about a specific RR, we assume it has the following:<br>owner    which is the domain name where the RR is found.<br>type    which is an encoded 16 bit value that specifies the type of the resource in this resource record. Types refer to abstract resources." (*Id.*, 11-12.)<br><br>"RRs are represented in binary form in the packets of the DNS protocol, and are usually represented in highly encoded form when stored in a name server or resolver." (*Id.*, 13.)<br><br>BIND 8 supports DNS dynamic updates. This feature "permits authorized updaters to add and delete resource records from a zone for which the server is authoritative." (DNS and BIND, 231.) "Dynamic update permits more than the simple addition and deletion of records. Updaters can add or delete individual resource records, delete |

| U.S. Patent No. 7,814,170 | Domain Name System (DNS) and, for Claims 1, 2, and 12, Karger '618/420 |
|---|---|
| | RRsets …, or even delete all records associated with a given name." (*Id.*) "For the most part, dynamic update functionality is used by programs … [that] use the *ns_update()* routine to create update messages and send them to an authoritative server for the zone that contains the domain name." (*Id.*, 231-232.) |
| [6.b] wherein the location server includes a processor; and | See above evidence regarding claim limitations 1.b and 1.e. |
| [6.c] programming logic stored on the location server, wherein the programming logic is configured to return, in response to a location query related to a desired entity, a location message, the location message in conformance with the transfer protocol and comprising at least one location associated with the desired entity, wherein the programming logic is further configured to return the location message if the location server contains location information for the desired entity, and wherein the programming logic is further configured to return a redirect message if the location server lacks the location information for the desired entity, the redirect message comprising a list of at least one other location server known to have the location information for the desired entity. | If this claim language is interpreted to cover the Accused Products, as Kove appears to contend, then DNS discloses this element, for example, as described below.<br><br>DNS name servers contain programming logic such as "DNS software" that is run when a name server is locating information contained in a RR responsive to a location query. (*Id.*, 15.)<br><br>"In any system that has a distributed database, a particular name server may be presented with a query that can only be answered by some other server. The two general approaches to dealing with this problem are 'recursive', in which the first server pursues the query for the client at another server, and 'iterative', in which the server refers the client to another server and lets the client pursue the query." (*Id.*, 4.)<br><br>RCF1034 discloses that name servers contain programming logic that "defines procedures for accessing the data and for referrals to other name servers. The domain system also defines procedures for caching retrieved data and for periodic refreshing of data defined by the system administrator." (*Id.*, 5.)<br><br>RFC1034 discloses that name servers include "server programs" (*id.*, 6) that respond to queries with a DNS response answer.<br><br>"Queries are messages which may be sent to a name server to provoke a response. … The response by the name server either answers the question posed in the query, refers the requester to another set of name servers, or signals some error condition." (*Id.*, 15-16.) |

| U.S. Patent No. 7,814,170 | Domain Name System (DNS) and, for Claims 1, 2, and 12, Karger '618/420 |
|---|---|
| | "A standard query specifies a target domain name (QNAME), query type (QTYPE), and query class (QCLASS) and asks for RRs which match." (*Id.*, 16.)<br><br>"Using the query domain name, QTYPE, and QCLASS, the name server looks for matching RRs. In addition to relevant records, the name server may return RRs that point toward a name server that has the desired information or RRs that are expected to be useful in interpreting the relevant RRs. For example, a name server that doesn't have the requested information may know a name server that does; a name server that returns a domain name in a relevant RR may also return the RR that binds that domain name to an address. For example, a mailer tying [sic, trying] to send mail to Mockapetris@ISI.EDU might ask the resolver for mail information about ISI.EDU, resulting in a query for QNAME=ISI.EDU, QTYPE=MX, QCLASS=IN. The response's answer section would be" as follows. (*Id.*, 17.)<br><br>```
ISI.EDU.         MX      10 VENERA.ISI.EDU.
                 MX      10 VAXA.ISI.EDU.

while the additional section might be:

VAXA.ISI.EDU.    A       10.2.0.27
                 A       128.9.0.33
VENERA.ISI.EDU.  A       10.1.0.52
                 A       128.9.0.32
```<br><br>(*Id.*) The additional section is provided "[b]ecause the server assumes that if the requester wants mail exchange information, it will probably want the addresses of the mail exchanges soon afterward." (*Id.*)<br><br>RFC1034 discloses that DNS name servers "answer standard queries" and that they send "response[s]" that "are carried in a standard message format." (*Id.*, 22.) |

| U.S. Patent No. 7,814,170 | Domain Name System (DNS) and, for Claims 1, 2, and 12, Karger '618/420 |
|---|---|
| | "The actual algorithm used by the name server will depend on the local OS and data structures used to store RRs." (*Id.*, 24.)<br><br>"In addition to relevant records, the name server may return RRs that point toward a name server that has the desired information or RRs that are expected to be useful in interpreting the relevant RRs. For example, a name server that doesn't have the requested information may know a name server that does; a name server that returns a domain name in a relevant RR may also return the RR that binds that domain name to an address." (*Id.*, 17.)<br><br>*See also* Section 6.2 providing example queries and responses. (*Id.*, 39-50.) Sections 6.2.6 and 6.2.7 disclose examples of responses with a referral. (*Id.*, 44-46.)<br><br>*See also* Paul Albitz and Cricket Liu, DNS and BIND, 27-30, 247, O'Reilly & Associates, Inc., 3rd ed. 1998 (describing that the response may contain the answer or a referral to other name servers). |
| [8] The system of claim 6, wherein each of a plurality of location servers in the network stores only a portion of the data location information. | See above evidence regarding claim limitation 1.e. |
| [12] The system of claim 9, wherein the indexed location store comprises a string store indexed by a hash table distributed across a plurality of servers. | If this claim language is interpreted to cover the Accused Products, as Kove appears to contend, then DNS discloses this element, for example, as described below.<br><br>"The owner name is often implicit, rather than forming an integral part of the RR. For example, many name servers internally form tree or hash structures for the name space, and chain RRs off nodes." (RFC1034, 13.)<br><br>RCF1034 discloses that resource records can be stored on name servers as "binary strings." (*Id.*, 13.) Moreover, the Patents-in-Suit recognize that "location" is not a requirement for its data servers as "NDTP can be used for any application in which one-to-zero or one-to-many associations among strings are to be maintained and accessed on a network. In applications of NDTP other than distributed databases, the |

15

| U.S. Patent No. 7,814,170 | Domain Name System (DNS) and, for Claims 1, 2, and 12, Karger '618/420 |
|---|---|
| | term identifier is likely to make sense in most cases, but the term location may not." ('170 patent, 20:30-37.) The Microfiche Appendix filed with the '170 patent provides software code that demonstrates that location is not necessary for the operation of the data servers.<br><br>*See also* Paul Albitz and Cricket Liu, DNS and BIND, 6, O'Reilly & Associates, Inc., 3rd ed. 1998 ("Domain names are used as indexes into the DNS database.").<br><br>**Obviousness of Hash Function:** To the extent that Kove contends that DNS does not disclose this limitation, and this claim is construed to require a hash function, the subject matter as a whole of each claim, including this limitation, would have been obvious to one of skill in the art before the invention. The specification of the asserted patents themselves concede that the "preferably applied" hash function was "well-known" in computer science. (*See, e.g.*, '170 patent, col. 15:12-18.) Numerous other publications before the filing of the Patents-in-Suit describe the use of hash functions in distributed systems. Courts have also recognized that hash functions are "generic and basic mathematical or algorithmic functions that do not make a patent inventive." *Symantec Corp. v. Zscaler, Inc.*, No. 17-cv-04426-JST, 2018 WL 1456678, at *7 (N.D. Cal. March 23, 2018). One skilled in the art would be familiar with the use of hashing in a distributed network. Karger '618/420 states that it was well understood "for clients to use a standard hash function to determine from which server to request a document." ('420 patent, 3:23-50; '618 patent, 3:18-44.) Karger also discloses a consistent hashing algorithm applicable to distributed systems. "In one embodiment, the mapping of requests [e.g., for a document] and resources [e.g., servers] to the mathematical mapping space is accomplished with a hash function. A hash function takes an input (k) and returns an output in a given range. Hash functions can be used to allocate pointers or keys to a location in a hash table, which is a data structure having a specified number of locations or 'slots.' If h(k) is a hash function, key (k) is said to hash to a hash table location h(k). A goal in designing a hash function is for each key (k) to be equally likely to hash to any of the locations in the hash table. An approach to achieve this is to derive the hash function in a way that is expected to be independent of any patterns that might exist in the data." ('420 patent, 10:22-34; '618 patent, 10:13- |

| U.S. Patent No. 7,814,170 | Domain Name System (DNS) and, for Claims 1, 2, and 12, Karger '618/420 |
|---|---|
| | 25.) Karger '420/618 discloses a "consistent hashing" function, which "avoids increasing load and spread when the number of servers changes." ('420 patent, 6:29-41; '618 patent, 6:21-33.) "Networked distributed file systems, groups of computers that store large amounts of data on an intranet or internet, and have too much information to effectively serve on one server, can use the invention to great benefit." ('420 patent, 19:47-50; '618 patent, 18:14-17.) Thus, one skilled in the art would recognize that consistent hashing as taught by Karger '420/618 could be used to improve the operation of a distributed system such as DNS when a server is added to or removed from that system. |
| [15.Preamble] A method of handling location queries in a network, the network comprising a plurality of location servers including data location information, the method comprising: | See above evidence regarding the preamble of claim 1. |
| [15.a] correlating each one of a plurality of identifiers with at least one of a plurality of locations in the network, each one of the plurality of identifiers identifying a respective one of a plurality of data entities, wherein the data entities are stored in corresponding locations in the network; | See above evidence regarding claim limitations 1.a and 1.d. |
| [15.b] receiving a location query from a client at one of the plurality of location servers, the location query requesting location information identifying a location of a data entity included in the data entities; | See above evidence regarding claim limitation 6.c. |
| [15.c] determining which of the plurality of location servers includes the location information; | See above evidence regarding claim limitation 6.c. |

| U.S. Patent No. 7,814,170 | Domain Name System (DNS) and, for Claims 1, 2, and 12, Karger '618/420 |
|---|---|
| **[15.d]** sending a location response message to the client in response to determining the one of the plurality of location servers includes the location information, the location response message comprising the location information; and | See above evidence regarding claim limitation 6.c. |
| **[15.e]** sending a redirect message to the client in response to determining the one of the plurality of location servers fails to include the location information, the redirect message identifying which of the plurality of location servers includes the location information. | See above evidence regarding claim limitation 6.c. |