# Exhibit K20

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON WEB SERVICES, INC., <br><br> Defendant. | Civil Action No. 1:18-cv-08175 <br><br> Hon. Rebecca R. Pallmeyer |

**THIRD AMENDED INITIAL DISCLOSURES BY
DEFENDANT AMAZON WEB SERVICES, INC.**

Pursuant to Fed. R. Civ. P. 26(a)(1) and the rules and orders of this Court including the Local Patent Rules, Defendant Amazon Web Services, Inc. ("AWS"), through its attorneys, Fisch Sigler LLP, hereby provides the following third amended initial disclosures to Plaintiff Kove IO, Inc. ("Kove").

These disclosures are based upon information reasonably available to AWS as of this date. By making these disclosures, AWS does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Rather, AWS's disclosures represent a good faith effort to identify information that it reasonably believes is discoverable and that AWS may use to support its claims or defenses, as required by Fed. R. Civ. P. 26(a)(1). AWS expressly reserves the right to amend or modify these disclosures based on additional information obtained through discovery or other means.

AWS also expressly reserves the right to object to the production of documents and things from the categories identified or testimony from the witnesses identified on any applicable bases.

All of the disclosures set forth below are made subject to the above objections and qualifications and are subject to supplementation as permitted under the Rules.

## I. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Pursuant to Rule 26(a)(1)(A)(i), AWS identifies the following individuals who may have discoverable information that AWS may use to support its claims or defenses, based on its reasonable investigation and the pleadings filed to date. Any individuals listed below who are current or former employees of AWS are to be contacted only through the undersigned counsel for AWS.

| Person and Name, Address, and Telephone Number (if known) | General Subject of Knowledge |
|---|---|
| John K. Overton | Inventor of patents-in-suit; co-founder of Kove IO predecessor entities; and prosecution of the patents-in-suit |
| Stephen W. Bailey | Inventor of patents-in-suit; prosecution of the patents-in-suit |
| James Sorenson<br>410 Terry Ave. N<br>Seattle WA 98109 | Senior Principal Engineer at Amazon Web Services with knowledge of technology related to DynamoDB |
| Seth Markle<br>410 Terry Ave. N<br>Seattle WA 98109 | Principal Software Engineer at Amazon Web Services with knowledge of technology related to Amazon Simple Storage Service |
| Rick Sears<br>410 Terry Ave. N<br>Seattle WA 98109 | Senior Manager/Engineer at Amazon Web Services with knowledge of technology related to Amazon Simple Storage Service |
| Alan Park<br>410 Terry Ave. N<br>Seattle WA 98109 | Senior Finance Manager at Amazon Web Services with knowledge of financial information related to DynamoDB |
| Jonathan Sullivan<br>410 Terry Ave. N<br>Seattle WA 98109 | Senior Finance Manager at Amazon Web Services with knowledge of financial information related to S3 |
| Liz Coddington<br>410 Terry Ave. N<br>Seattle WA 98109 | Director of Finance with general knowledge related to the history and background of AWS |

| Person and Name, Address, and Telephone Number (if known) | General Subject of Knowledge |
|---|---|
| Rande Blackman<br>410 Terry Ave. N<br>Seattle WA 98109 | Senior Software Developer at Amazon Web Services with knowledge of technology related to DynamoDB and general knowledge related to the history and background of AWS |
| Allan Vermeulen<br>To be determined | Former Distinguished Engineer at Amazon Web Services with knowledge of technology related to S3 and general knowledge related to the history and background of AWS |
| Robbie Wright<br>410 Terry Ave. N<br>Seattle WA 98109 | Head of Product Marketing, AWS Storage Services, with knowledge related to the marketing of S3 |
| Jeff Wierer<br>410 Terry Ave. N<br>Seattle WA 98109 | Senior Product Manager with knowledge related to the product management and non-technical aspects of DynamoDB |
| Christoph Bartenstein<br>410 Terry Ave. N<br>Seattle WA 98109 | Director of Product Management with knowledge related to the product management and non-technical aspects of S3 |
| Giselle Goicochea<br>410 Terry Ave. N<br>Seattle WA 98109 | Senior Product Marketing Manager with knowledge related to the marketing of DynamoDB |
| Seayoung Rhee<br>410 Terry Ave. N<br>Seattle WA 98109 | Senior Product Marketing Manager with knowledge related to the marketing of DynamoDB |
| David Zipkin<br>410 Terry Ave. N<br>Seattle WA 98109 | Former Head of Product Management with knowledge related to the product management and non-technical aspects of S3 |
| Lowell Anderson<br>410 Terry Ave. N<br>Seattle WA 98109 | Product Marketing Manager with knowledge related to the marketing of S3 |
| Tom Johnston<br>410 Terry Ave. N<br>Seattle WA 98109 | Product Manager with knowledge related to the product management and non-technical aspects of S3 |

| | |
|---|---|
| Paul Duffy<br>410 Terry Ave. N<br>Seattle WA 98109 | Former Head of Product Marketing with knowledge related to the marketing of S3 |
| Dave Lang<br>410 Terry Ave. N<br>Seattle WA 98109 | Former Product Manager with knowledge related to the product management and non-technical aspects of DynamoDB |
| Swami Sivasubramanian<br>410 Terry Ave. N<br>Seattle WA 98109 | Former General Manager with knowledge related to the product management and non-technical aspects of DynamoDB |
| Arun Sundaram<br>410 Terry Ave. N<br>Seattle WA 98109 | Former Product Manager with knowledge related to the product management and non-technical aspects of S3 |
| Donal Walsh<br>410 Terry Ave. N<br>Seattle WA 98109 | Head of Engineering for DynamoDB with knowledge related to performance metrics for DynamoDB |
| Shivpal Singh<br>410 Terry Ave. N<br>Seattle WA 98109 | Senior Manager, Software Engineering for S3 Storage with knowledge related to performance metrics for S3 |
| Dr. David Karger<br>To be contacted through AWS's counsel | MIT Professor with knowledge related to the prior art for the patents-in-suit |
| Paul Vixie<br>Farsight Security, Inc.<br>177 Bovet Rd Ste 180<br>San Mateo CA 94402 | Public availability and publication of the DNS and BIND 8.1 system in May 1997 |
| Scott Delman<br>Association of Computing Machinery<br>1601 Broadway, 10th Floor<br>New York NY 10019 | Public availability and publication of the prior art references |
| Robert Carolina<br>Internet Systems Consortium, Inc.<br>PO Box 360<br>Newmarket NH 03857 | Public availability and publication of the DNS and BIND 8.1 system in May 1997 |
| Rhea Howard<br>O'Reilly Media, Inc.<br>1005 Gravenstein Highway North<br>Sebastopol CA 95472 | Public availability and publication of the prior art references |

| Gerard Grenier<br>Institute of Electrical and Electronics Engineers<br>445 Hoes Lane<br>Piscataway NJ 08854 | Public availability and publication of the prior art references |
|---|---|
| OEC Graphics<br>555 W. Waukau Avenue<br>Oshkosh WI 54902 | Kove's sales of embodiments of the patents-in-suit in the United States |
| Regeneron Pharmaceuticals<br>777 Old Saw Mill River Road<br>Tarrytown NY 10591 | Kove's sales of embodiments of the patents-in-suit in the United States |
| Bonded Builders Service Corporation<br>11101 Roosevelt Blvd. N.<br>St. Petersburg FL 33716 | Kove's sales of embodiments of the patents-in-suit in the United States |
| Robert Dellenbach<br>Dellenbach Venture Counsel<br>2801 Waterman Boulevard, Suite 270<br>Fairfield CA 94534 | Kove's corporate structure, business, capital, funding, transactions and financials |
| Katherine Zimmerman<br>Massachusetts Institute of Technology<br>105 Broadway, Building NE36, Suite 6101<br>Cambridge MA 02142 | Public availability and publication of the prior art references |
| Paul Carmichael<br>11525 Upland Way<br>Cupertino CA 95014 | History of OverX, Econnectix and/or other assignees of patents-in-suit, including efforts at product development, investments, and marketing, as well as prosecution of the patents-in-suit |
| Richard Riggs<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit; development and sales of products at OverX, Econnectix and/or other assignees of patents-in-suit |
| Andy Poling<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit; development of software at OverX, Econnectix and/or other assignees of patents-in-suit |
| Keith Connolly<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit; development of software at OverX, Econnectix and/or other assignees of patents-in-suit |

| | |
|---|---|
| Brian Toonen<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit; development of software at OverX, Econnectix and/or other assignees of patents-in-suit |
| Joseph Argonne<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit; development of software at OverX, Econnectix and/or other assignees of patents-in-suit |
| Andrew Terrel<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit; development of software at OverX, Econnectix and/or other assignees of patents-in-suit |
| Jonathan Riehl<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit; development of software at OverX, Econnectix and/or other assignees of patents-in-suit |
| Chris Cope<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit; development of software at OverX, Econnectix and/or other assignees of patents-in-suit |
| Matthew Jacob<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit; development of software at OverX, Econnectix and/or other assignees of patents-in-suit |
| Martin Koldyke<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit, including investments in the companies; management, marketing, financing, and governance of OverX, Econnectix and/or other assignees of patents-in-suit |

| Person and Name, Address, and Telephone Number (if known) | General Subject of Knowledge |
|---|---|
| Michael Roizen<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit, including investments in the companies; development of software at OverX, Econnectix and/or other assignees of patents-in-suit; management, marketing, financing and governance of OverX, Econnectix and/or other assignees of patents-in-suit |
| Charles Sum<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit, including investments in the companies; management, marketing, financing, and governance of OverX, Econnectix and/or other assignees of patents-in-suit |
| Donald Rumsfeld<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit including investments in the companies; management, marketing, financing, and governance of OverX, Econnectix and/or other assignees of patents-in-suit |
| Theodore Tussing<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit including investments in the companies; management, marketing, financing, and governance of OverX, Econnectix and/or other assignees of patents-in-suit |
| Andrew McNally IV<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit, including investments in the companies; management, marketing, financing, and governance of OverX, Econnectix and/or other assignees of patents-in-suit |
| Sandy McNally<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit; development of software at OverX, Econnectix and/or other assignees of patents-in-suit |
| Ian Foster<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit, including investments in the companies; management, marketing, financing, and governance of OverX, Econnectix and/or other assignees of patents-in-suit |

| Person and Name, Address, and Telephone Number (if known) | General Subject of Knowledge |
|---|---|
| Carl Kesselman<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit, including investments in the companies; management, marketing, financing and governance of OverX, Econnectix and/or other assignees of patents-in-suit |
| Edgar D. Jannotta, Jr.<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit, including investments in the companies; management, marketing, financing, and governance of OverX, Econnectix and/or other assignees of patents-in-suit |
| Thomas A. Reynolds, Jr.<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit, including investments in the companies; management, marketing, financing, and governance of OverX, Econnectix and/or other assignees of patents-in-suit |
| James Denny<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit, including investments in the companies; management, marketing, financing, and governance of OverX, Econnectix and/or other assignees of patents-in-suit |
| Isaac Applebaum<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit, including investments in the companies; management, marketing, financing, and governance of OverX, Econnectix and/or other assignees of patents-in-suit |
| Robert Boolbol<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit; development of software at OverX, Econnectix and/or other assignees of patents-in-suit; management, marketing, financing, and governance of OverX, Econnectix and/or other assignees of the patents-in-suit |
| Terry Robbins<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit; management, marketing, financing, and governance of OverX, Econnectix and/or other assignees of patents-in-suit |
| Art Clark | History of OverX, Econnectix and/or other |

| Person and Name, Address, and Telephone Number (if known) | General Subject of Knowledge |
|---|---|
| To be determined | assignees of patents-in-suit; management, marketing, financing, and governance of OverX, Econnectix and/or other assignees of patents-in-suit |
| Timothy Bryant<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit; management, marketing, financing, and governance of OverX, Econnectix and/or other assignees of patents-in-suit; prosecution of the patents-in-suit |
| Beverley Lietzau<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit; management, marketing, financing, and governance of OverX, Econnectix and/or other assignees of patents-in-suit; prosecution of the patents-in-suit |
| John Kohler<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit; management, marketing, financing, and governance of OverX, Econnectix and/or other assignees of patents-in-suit |
| Jeff Wilson<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit; development of software at OverX, Econnectix and/or other assignees of patents-in-suit |
| John Yin<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit; development of software at OverX, Econnectix and/or other assignees of patents-in-suit |
| Tom Morchok<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit; development of software at OverX, Econnectix and/or other assignees of patents-in-suit |
| Michael Moritz<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit; development of software at OverX, Econnectix and/or other assignees of patents-in-suit |
| Michael Pechette<br>To be determined | History of OverX, Econnectix and/or other assignees of patents-in-suit; assignment of the patents-in-suit or applications thereto; financial matters relating to OverX, Econnectix and/or other assignees of patents-in-suit |

| Person and Name, Address, and Telephone Number (if known) | General Subject of Knowledge |
|---|---|
| Jonathan E. Retsky<br>Bryan Cave Leighton Paisner LLP<br>161 N. Clark St., Chicago, IL 60610<br>312.602.5000 | Preparation and prosecution of the patents-in-suit; knowledge of prior art to the patents-in-suit |
| William A. Webb<br>2249 N. Geneva Terrace<br>Chicago, IL 60614<br>773.248.5832 | Preparation and prosecution of the patents-in-suit; knowledge of prior art to the patents-in-suit |
| Joseph F. Hetz<br>Brinks Gilson & Lione<br>455 N. Cityfront Plaza Drive<br>Chicago, IL 60611<br>312.321.4200 | Preparation and prosecution of the patents-in-suit; knowledge of prior art to the patents-in-suit |
| Kent E. Genin<br>Brinks Gilson & Lione<br>455 N. Cityfront Plaza Drive<br>Chicago, IL 60611<br>312.321.4200 | Preparation and prosecution of the patents-in-suit; knowledge of prior art to the patents-in-suit |
| Scott W. Brim<br>Brinks Gilson & Lione<br>455 N. Cityfront Plaza Drive<br>Chicago, IL 60611<br>312.321.4200 | Preparation and prosecution of the patents-in-suit; knowledge of prior art to the patents-in-suit |
| Michael E. Hussey<br>Brinks Gilson & Lione<br>201 N. Illinois Street<br>Indianapolis, IN 46204<br>371.636.0886 | Preparation and prosecution of the patents-in-suit; knowledge of prior art to the patents-in-suit |
| Any individual identified in Kove's initial disclosures (original or amended), interrogatory responses or in deposition testimony of Kove's witnesses | |

AWS does not represent that the list above identifies every witness it may use to support its claims or defenses in this action. Moreover, as to the subjects of knowledge for the foregoing persons, AWS incorporates by reference any and all topics to which such persons have testified or will testify in addition to the topics listed above, as if set forth here in full. AWS expressly reserves

the right to identify and call as witnesses additional persons if AWS learns during the course of its investigation and discovery that such persons have knowledge of relevant matters.

For example, AWS anticipates that at least the following categories of witnesses may be identified following completion of appropriate discovery: (i) persons with information regarding the design, structure, or functionality of AWS and/or Kove's products; (ii) persons with information regarding validity and prior art of the patents-in-suit; (iii) persons with information regarding the prosecution of the patents-in-suit; (iv) persons with information regarding any licensing of and/or a reasonable royalty for the patents-in-suit; and (v) persons with information regarding conception and reduction to practice of the inventions disclosed in the patents-in-suit.

## II. DESCRIPTION OF DOCUMENTS THAT MAY BE USED TO SUPPORT DEFENSES

Pursuant to Rule 26(a)(1)(A)(ii), AWS identifies the following categories of documents within AWS's possession, custody, or control which may be used by AWS to support its claims and/or defenses:

A. Documents showing the operation and construction of all aspects or elements of each Accused Product;

B. Documents relating to the design, development, sale, and marketing of the Accused Products;

C. Documents relating to the technology used in the Accused Products;

D. Documents, communications and correspondence relating to the structure, operation, management, and history of AWS;

E. Documents relating to prior art to the patents-in-suit and related patents;

F. Documents relating to file histories of the patents-in-suit and related patents;

G. A statement of the gross sales revenue from the Accused Products for the six (6) year period preceding the filing of the complaint;

The foregoing documents are located at Amazon Technologies, Inc., 410 Terry Ave. N Seattle, WA 98109, and/or Fisch Sigler LLP, 5301 Wisconsin Ave NW, Fourth Floor, Washington, DC 20015.

## III. COMPUTATION OF DAMAGES

AWS is unaware of any damages suffered by Kove. AWS may seek a declaration from the Court that this suit is exceptional and seek an award of costs, expenses, and attorneys' fees. AWS reserves the right to seek damages for any counterclaims against Kove that AWS brings as its investigation in this litigation continues.

## IV. IDENTIFICATION OF INSURANCE AGREEMENTS

Pursuant to Rule 26(a)(1)(A)(iv), AWS states that it is not presently aware of any insurance agreements applicable to this litigation.

## V. INITIAL DISCLOSURE DOCUMENT PRODUCTION

Pursuant to LPR 2.1(b), AWS has produced the following documents related to its Initial Disclosures, bearing bates numbers AMZ_KOVE_000000001 - AMZ_KOVE_000046570.

A. **AWS Documentation** – The document production that accompanied AWS's Initial Disclosures includes AWS product documentation, such as: product overviews; white papers; developer guides; user guides; API reference guides; workbooks; answers to frequently asked questions; glossaries of terms; descriptions of key product features; step-by-step instructions for using the products; articles and blog posts on key features and use cases; general service level agreements; pricing structures; case studies; etc. (*See e.g.*, AMZ_KOVE_000000001 - AMZ_KOVE_000012897; AMZ_KOVE_000012900

- AMZ_KOVE_000013137.) AWS states that these documents are sufficient to show the operation and construction of all elements of each Accused Product identified with specificity as allegedly infringing a claim of the Kove asserted patents in the Complaint dated December 12, 2018 (Dkt. 1). AWS has since produced additional documents that show the operation and construction of these elements.

B. **Prior Art** – The document production that accompanied AWS's Initial Disclosures includes prior art related to the Kove asserted patents. (*See, e,g.*, AMZ_KOVE_000013138 - AMZ_KOVE_000018156; AMZ_KOVE_000044829 - AMZ_KOVE_000045411; AMZ_KOVE_000046384 - AMZ_KOVE_000046570.) These documents represented each item of prior art of which AWS was aware at the early stage of the case when it filed its Original Invalidity Contentions that may anticipate or render obvious a claim of the Kove asserted patents. AWS has since identified additional prior art in its Invalidity Contentions, which prior art is incorporated by reference. Further, AWS reserves the right to rely on all prior art and materials cited in the prosecution history files of the Kove asserted patents and related patents. (*See, e,g.*, AMZ_KOVE_000018157 - AMZ_KOVE_000044828; AMZ_KOVE_000045412 - AMZ_KOVE_000046383.)

C. **Gross Sales Revenue** – The document production that accompanied AWS's Initial Disclosures includes a statement of the gross sales revenue for DynamoDB for 2012-18. (*See, e,g.*, AMZ_KOVE_000012898 - AMZ_KOVE_000012899.) This document is HIGHLY CONFIDENTIAL. AWS has since produced additional

documents that show detailed information regarding the revenue of DynamoDB and S3. (*See, e.g.,* AMZ_KOVE_000061695; AMZ_KOVE_000065595-97; AMZ_KOVE_000075781.)

AWS reserves all rights to supplement this production in accordance with the Fed. R. Civ. P. and the rules and orders of this Court, including the Local Patent Rules, as this case progresses. For example, AWS reserves the right to supplement this production after Kove provides its infringement contentions, and after claim construction proceedings, fact and expert discovery, third party discovery, summary judgment, pre-trial proceedings, and/or at any other appropriate time in this case. Among other things, AWS expects that it will discover additional prior art relevant to the Kove asserted patents, for example, in connection with the exchange of contentions and discovery.

Dated: April 2, 2021

Respectfully Submitted,

AMAZON WEB SERVICES, INC.

By: */s/ R. William Sigler*

Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Adam A. Allgood (*pro hac vice*)
*adam.allgood@fischllp.com*
Elizabeth Bernard (*pro hac vice*)
*elizabeth.bernard@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Ave NW
Fourth Floor
Washington, D.C. 20015
202.362.3500

*Attorneys for Defendant Amazon Web Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2021 I caused a true and correct copy of the foregoing Third Amended Initial Disclosures by Defendant Amazon Web Services, Inc. to be served on all counsel of record via electronic mail and pursuant to Federal and local rules.

*/s/ R. William Sigler*
R. William Sigler