# Exhibit K25

| | |
|---|---|
| From: | Ken Fung |
| To: | Jaime Cardenas-Navia; Jeff Saltman; Kove Team |
| Cc: | RJ_Kove_AWS |
| Subject: | Re: Kove v. AWS - Contention Amendments |
| Date: | Monday, March 13, 2023 2:27:55 PM |

**[EXTERNAL]**

Hello Jaime,

Thank you for your email and time on the phone to discuss the proposed amended contentions. Below are Amazon's responses to the points you raised in your email.

- Kove's Proposed Fourth Amended Final Infringement Contentions: We are in receipt of Kove's Friday email. Amazon has no further objections.
- Amazon's Proposed Second Amended Final Non-Infringement Contentions: Amazon intends to serve its proposed amended non-infringement contentions later today addressing Kove's proposed amendments to its fourth amended final infringement contentions served on March 2, 2023.
- Amazon's Proposed Fifth Amended Final Unenforceability and Validity Contentions:
  - As we stated, Amazon's proposed fifth amended final unenforceability and validity contentions are contingent on the Court's adoption of Amazon's proposed constructions reflecting Kove's statements in reexaminations of the Patents-in-Suit that materially alter the scope of the claims (see Dkt. 539). If one or more of Amazon's proposed constructions are not adopted by the Court, Amazon expressly reserves the right to rely on Amazon's Fourth Amended Final Unenforceability and Invalidity Contentions.
  - Regarding the two grounds removed. As an initial matter, Amazon has not removed the two references, DNS and Cache Resolver System, from its contentions. For example, DNS is still relied upon as a secondary reference to both the grounds based on primary references Neimat and Minami. And both DNS and Cache Resolver System are relied upon as they provide evidence of the background knowledge and common sense of those of ordinary skill in the art at the alleged time of invention of the Patents-in-Suit. And as we stated, the two invalidity grounds based on OracleNamesAdminGuide, OracleUnleashed, Steen, and Wolff and Skagerwall alone or with Wolff were included as a result of Kove's statements in reexaminations of the Patents-in-Suit that materially alter the scope of the claims and the Court's ruling on Amazon's motion for additional claim construction briefing (Dkt. No. 579). As such, Amazon has selected the four grounds identified in its Proposed Fifth Amended Final Unenforceability and Validity Contentions pursuant to LPR 3.1, which are contingent on the Court's adoption of Amazon's proposed constructions.
  - Amazon intends to move forward with its proposed invalidity contentions served on March 2, 2023 and anticipates filing its motion for leave to amend by the schedule agreed upon by the parties. As discussed during the meet and confer, good cause for Amazon's amendments exist given Kove's statements during the reexaminations and Amazon's proposed constructions. Amazon couldn't have predicted that Kove would make these statements during the reexaminations and so couldn't have included these

positions in the contentions served in March 2022. Amazon agrees that Kove should have sufficient time to respond to Amazon's invalidity contentions so as to not prejudice Kove. And Kove has been on notice of Amazon's proposed amendments since March 2, 2023. Amazon doesn't believe that the delay that Kove proposes in providing its validity contentions is warranted. As LPR 3.2(b) provides, "[not] later than 28 days after . . . Each party asserting patent infringement shall serve "Final Enforceability and Validity Contentions" in response to any "Final Unenforceability and Invalidity Contentions."" We are happy to discuss a short extension for Kove given the circumstances, but we see no justification for Kove to wait until at least mid-April to provide proposed amendments to its validity contentions under these alternate constructions. Moreover, doing so violates the LPR's diligence requirement and would unfairly and significantly prejudice Amazon, as we would not have sufficient time to take Kove's amended contentions into account before the close of fact discovery.
- Kove's Proposed Third Amended Final Validity Contentions: We are in receipt of Kove's Friday email. Amazon has no further objections.

Best,
Ken

**Ken Fung | Fisch Sigler LLP**
+1.650.362.8207 (o)
+1.510.828.8170 (m)

---

**From:** Jaime Cardenas-Navia <jcardenas-navia@reichmanjorgensen.com>
**Date:** Thursday, March 9, 2023 at 3:50 PM
**To:** Jeff Saltman <Jeffrey.Saltman@fischllp.com>, Kove Team <FS-Kove@fischllp.com>
**Cc:** RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Subject:** Kove v. AWS - Contention Amendments

Jeff,

Thank you for the meet and confer on Tuesday. I write to summarize where we understand the parties to be with respect to the amended infringement and invalidity-related contentions and to provide Kove's proposal on how to handle its opposition to certain of AWS's proposed amendments.

- Kove's Proposed Fourth Amended Final Infringement Contentions:
  - Kove will provide any edits to these contentions by tomorrow, March 10, including any edits related to the issues raised in the March 6 email of Ken Fung. As stated on the call, Kove's proposed amendments reflect its best efforts to map its additional theories to the claim limitations where Kove believes they may apply. Kove's contentions are intended to be viewed as a whole, and analysis for one claim limitation may be applicable to additional claim limitations.
  - Kove confirmed that it is not asserting claims 1 and 31 of the '978 patent (though it is asserting claims that depend on claim 1).

- The parties do not presently have a dispute about these contentions.
    - The parties agree that additional edits to all contentions will be made in redline against the previously served contentions.
- AWS's Proposed Second Amended Final Non-Infringement Contentions:
    - AWS will provide any edits to these contentions by Monday, March 13.
    - The parties do not presently have a dispute about these contentions.
- AWS's Proposed Fifth Amended Final Unenforceability and Validity Contentions
    - AWS contends that these contentions are contingent on the outcome of its new claim construction positions. Specifically, if any of AWS's four proposed claim constructions (Dkt. 539, App'x. A) are adopted by the Court, then these would be the operative contentions. Alternatively, if none of AWS's four proposed constructions are adopted by the Court, then its previously served Fourth Amended Final Unenforceability and Validity Contentions would be operative.
    - On the call, AWS did not have a firm position on whether the references that it removed in these contentions (e.g., DNS and Cache Server) would no longer meet certain claim limitations if any of its its proposed claim constructions were adopted. Please provide AWS's position on this issue.
    - Kove opposes the proposed amendments to AWS's contentions, including its efforts to bring in different references and invalidity arguments. It was not anticipated that AWS would seek to make such a substantial change to its invalidity contentions, and Kove does not believe such a change is warranted under the local patent rules.
    - Kove proposes that, if AWS intends to amend its contentions as proposed, then it file its motion when it is ready to do so. If AWS prevails in amending its contentions, then at that point, Kove will provide its proposed responsive validity contentions. This is the standard procedure when a party seeks to make the type of amendments that AWS is seeking, and it would be prejudicial to Kove to force it to respond to multiple new invalidity theories based on many new references at this very late stage, and particularly when such theories are unlikely to become part of the case.
- Kove's Proposed Third Amended Final Validity Contentions
    - Kove will provide any edits to these contentions, based solely on AWS's four proposed claim constructions and not on AWS's change in invalidity theories, by tomorrow. Kove expects to make some additional edits to account for AWS's proposed claim constructions.
    - The parties do not presently have a dispute about these contentions.

Please let me know if AWS disagrees with any of the above or if it would be helpful to discuss any of these issues.

Best,
Jaime

Jaime F. Cardenas-Navia
Reichman Jorgensen Lehman & Feldberg llp
400 Madison Avenue, Suite 14D
New York, NY 10017

(646) 921-1474

*NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.*