# Exhibit K26



Jaime F. Cardenas-Navia
400 Madison Avenue, Suite 14D
New York, NY 10017
Direct Dial: (646) 921-1474
jcardenas-navia@reichmanjorgensen.com

August 3, 2023

**By E-Mail**

Bill Sigler
Fisch Sigler LLP
5301 Wisconsin Ave NW 4th Fl.
Washington, DC 20015
bill.sigler@fischllp.com

   RE: *Kove IO, Inc. v. Amazon Web Services, Inc.*, Case No. 18-cv-8175 (N.D. Ill.)

Counsel,

  We write to call your attention to certain of Mr. Greene's opinions in Sections V.B, VIII, and IX of his July 3, 2023 Expert Report. These sections pertain to issues of patent eligibility under § 101, claim construction, and double patenting, all of which involve questions of law to be decided by the Court and therefore are not fully within the purview of experts. *See Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33-JRG-RSP, 2016 WL 98745, at *3 (E.D. Tex. Jan. 8, 2016) ("The Court is responsible for deciding disputed questions of law, and the Federal Circuit has consistently disfavored reliance on expert testimony as the basis for legal conclusions."). As such, Mr. Greene is not permitted to provide opinion testimony on aspects of these issues, and his inclusion of them in his report is improper. We ask that AWS withdraw the pertinent sections of Mr. Greene's report and confirm that he will not provide testimony relating thereto at trial.

  **Section 101.** Mr. Greene's opinions in Section VIII of his report regarding whether the Asserted Patents claim eligible subject matter under § 101 are improper. *See, e.g.*, *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33-JRG-RSP, 2016 WL 98745, at *3 (E.D. Tex. Jan. 8, 2016) (finding that an expert's "analysis of the law and his ultimate legal conclusions are not helpful expert testimony and are therefore inadmissible," with respect to the expert's opinions regarding patent-eligible subject matter under § 101); *ICON Health & Fitness, Inc. v. Polar Electro Oy*, 243 F. Supp. 3d 1229, 1241–42 (D. Utah 2017) (striking expert report because "patent-eligible subject matter is a question of law" and the report's "legal conclusions invade the province of the Court"). What's more, the Court has already ruled on Section 101 and found that the asserted claims are not directed to an abstract idea under *Alice* step 1, thereby ending any question of patentability under Section 101. *See* Dkt. 110. This provides yet another reason why Mr. Greene's opinions on this issue are improper and must be withdrawn.

  **Claim Construction.** Section V.B of Mr. Greene's report regarding AWS's alternative proposed claim constructions are also inappropriate. As you well know, issues of claim construction must be resolved by the Court and cannot be presented to the jury. *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344 (Fed. Cir. 2016) (reiterating that "it is improper for juries to hear conflicting expert testimony on the correctness of a claim construction, given the risk of confusion"); *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2006) (expert testimony based on impermissible construction is "irrelevant" and "could prejudice

and confuse the jury"). As the Court has ordered (Dkt. 580), the appropriate time to address AWS's alternative claim construction theories is during summary judgment briefing, at which time Mr. Greene may provide a supportive expert declaration. But no such opinions may be included in his Rule 26 expert report.

**Double Patenting.** Section IX of Mr. Greene's report contains analysis relating to whether certain patents constitute double patenting references, which is an issue of law, and so should not be addressed by an expert. Greene Rpt., § IX, ¶ 282 ("Because the '640 and '170 Patents expired earlier, they are double patenting references against the '978 Patent."). This is improper and must be removed.

Please confirm by no later than August 7 that AWS withdraws Sections VIII and V.B of Mr. Greene's report and the pertinent parts of Section IX, as well as any other opinions present in his July 3, 2023 report relating to the claim construction, Section 101, and double patenting issues identified above, and that Mr. Greene will not testify on these issues at trial.

Sincerely,

Jaime Cardenas-Navia