# Exhibit K27

# FISCH SIGLER LLP
5301 Wisconsin Avenue NW | Fourth Floor | Washington, DC 20015 USA

August 8, 2023

R. William Sigler
**Partner**
Bill.Sigler@FischLLP.com
Direct: +1.202.362.3520
Main: +1.202.362.3500

**VIA EMAIL**

Jaime F. Cardenas-Navia
Reichman Jorgensen Lehman & Feldberg LLP
750 Third Avenue, Suite 2400
New York, NY 10017
jcardenas-navia@reichmanjorgensen.com

    Re:    *Kove IO, Inc. v. Amazon Web Services, Inc.*
              Case No. 18-cv-8175 (N.D. Ill.)

Dear Jaime:

    Thank you for your letter of August 3, 2023, regarding Kove's objections to certain sections of Mr. Greene's July 3, 2023 Expert Report. In your letter, Kove argues that patent eligibility under § 101, claim construction, and double patenting "involve questions of law" and "therefore are not fully within the purview of experts."[1] As you seem to acknowledge by using the word "fully," all of these determinations may involve underlying factual issues. And parties routinely offer expert testimony on such issues—with Kove doing so earlier in this case, for instance.[2] It thus isn't clear, as an initial matter, why Kove is now requesting that Amazon withdraw the relevant sections of Mr. Greene's report in their entireties.[3] Each of Kove's objections also lacks merit for the further reasons addressed below.

    **Claim Construction**: Amazon confirms that it won't offer expert testimony at trial in support of adopting its alternative proposed constructions. But, as noted in your letter, the Court ruled that Amazon may further address the claim construction issues during summary judgment briefing.[4] Thus, Amazon intends to rely on the opinions stated in Section V.B of Mr. Greene's report when moving for summary judgment. Please let us know if this resolves Kove's objection.

---

[1] August 3, 2023 Letter from J. Cardenas-Navia to B. Sigler ("August 3 Letter") at 1.

[2] *See*, *e.g.*, Dkt. 247-1 (Declaration of Michael T. Goodrich).

[3] August 3 Letter at 2 (requesting withdrawal of "Sections VIII and V.B of Mr. Greene's report and the pertinent parts of Section IX," without identifying objected-to parts of Section IX).

[4] *Id*. (citing Dkt. 580).

To the extent Kove demands the withdrawal of Section V.B, notwithstanding the above, the law cited in your letter doesn't support striking any portion of an expert report on the basis that it's relevant to summary judgment, not trial. Notably, Rule 26(a)(2)(B)(i) requires "a complete statement of all opinions the witness will express and the basis and reasons for them." That disclosure isn't specifically limited to opinions that a witness will express at trial. And courts set deadlines for expert disclosure before dispositive motions, as the Court did here, with this in mind. For instance, in *Rowe International Corp. v. Ecast, Inc.*, Judge Kennelly explained that:

> Rule 26(a)(2)(C) specifically allows the Court to set a schedule that requires expert disclosures earlier than the default …. This is precisely what the Court did in this case ... with an eye toward the likelihood of the very summary judgment motions that the parties have now filed. Thus, the purpose of the discovery deadlines set by the Court was to have the evidence—including expert evidence, on which both sides rely heavily—exchanged well in advance of both the summary judgment deadline and the trial date, so that the parties would know where they stood on the issues.[5]

Further, here Amazon and Kove jointly requested—and the Court adopted—the current schedule in part to allow the parties' expert reports to address Amazon's alternative proposed constructions. As the parties stated in the joint proposal for expert discovery and dispositive motion briefing that Kove filed:

> [T]he Parties' technical experts may need to address alternative claim constructions on certain terms, which the Court provided leave for Amazon to argue at summary judgment (*See* Dkt. 580). Thus, the proposed schedule provides 2.5 additional weeks each for opening and rebuttal expert reports beyond the default deadlines in LPR 5.1 but maintains the default deadlines for expert depositions and filing dispositive motions under LPRs 5.2 and 6.1.[6]

As such, we don't understand the basis for any contrary and unnecessary request that Amazon withdraw Mr. Greene's opinion, then offer it later in connection with summary judgment. Absent further explanation of your objection then, Amazon won't withdraw Section V.B.

**Section 101:** The cases that you cite don't mandate striking any opinions in Section VIII of Mr. Greene's report. In *Genband US LLC v. Metaswitch Networks Corp.*, the Texas Magistrate Judge recognized that expert testimony "supplying background facts about the nature of the art" can sometimes be "helpful when deciding a question of law such as subject matter eligibility."[7] And the decision in *ICON Health & Fitness, Inc. v. Polar Electro Oy* doesn't involve an expert

---

[5] 586 F. Supp. 2d 924, 935 (N.D. Ill. 2008).

[6] Dkt. 581 at 2.

[7] No. 2:14-cv-33, 2016 WL 98745, at *3 (E.D. Tex. Jan. 8, 2016).

report or "striking [an] expert report," contrary to your letter's characterization.[8] Rather, *ICON Health* merely reiterates the general rule that "on a motion for judgment on the pleadings, the court considers only the Complaint, the Answer, and the documents attached as exhibits to either."[9]

Here, Mr. Greene's report provides background facts about the nature of the art relevant to patent eligibility under § 101. Additionally, though the Court previously denied Amazon's motion to dismiss on § 101 grounds, Mr. Greene explains in his report that his opinions rely on some new facts and developments that came after the Court's decision on that motion. So, absent further explanation of your objection, Amazon won't withdraw Section VIII.

**Double Patenting:** Your letter argues, without further explanation, that Amazon should withdraw parts of Section IX "containing analysis relating to whether certain patents constitute double patenting references, which is an issue of law."[10] As you know, Amazon previously moved for judgment on the pleadings on this double-patenting issue.[11] When opposing that motion, Kove relied on "the fact-intensive nature of the inquiry," arguing that the Court shouldn't decide it without the benefit of "expert testimony necessary to resolve these questions."[12] Based on the parties' representations, the Court struck the motion without prejudice to renewal.[13] Kove's current objection appears to be inconsistent with its previous representations to Amazon and the Court. Thus, absent further explanation of your objection, Amazon won't withdraw Section IX.

If Kove would like to further discuss these issues, please let me know. Thank you.

Sincerely,

Bill Sigler

---

[8] August 3 Letter at 1.

[9] 243 F. Supp. 3d 1229, 1241 (D. Utah 2017).

[10] August 3 Letter at 2.

[11] Dkt. 131.

[12] Dkt. 145 at 4.

[13] Dkt. 304.