# Exhibit K37

Page 417

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

KOVE IO, INC.,                )
                              )
        Plaintiff,            )
                              )
v.                            )   No. 1:18-cv-08175
                              )
AMAZON WEB SERVICES, INC.,    )
                              )
        Defendant.            )
_____)   VOLUME II

HIGHLY CONFIDENTIAL

Video-recorded deposition of JOHN OVERTON, PH.D., taken at 161 North Clark Street, Chicago, Illinois, before Donna M. Kazaitis, IL-CSR, RPR, CRR, commencing at the hour of 8:06 a.m. on Wednesday, May 17, 2023.

_____

DIGITAL EVIDENCE GROUP
1730 M Street, NW, Suite 812
Washington, D.C. 20036
(202) 232-0646

Page 427

 1　representing the defendant, Amazon.
 2　　　　　THE VIDEOGRAPHER:  Will the court
 3　reporter please swear in the witness.
 4　　　　　　　JOHN OVERTON, PH.D.,
 5　having been previously duly sworn, was examined
 6　and testified further as follows:
 7　　　　　　　　EXAMINATION
 8　　　　　　　　(Resumed)
 9　BY MR. SIGLER:
10　　　Q.　Welcome back, Mr. Overton.
11　　　A.　Good morning.
12　　　Q.　Did you do anything last evening to
13　prepare for your deposition time today?
14　　　A.　I did not.
15　　　Q.　Did you speak with your attorney last
16　night in preparing for the deposition today?
17　　　A.　I did not.
18　　　Q.　Let's go back to Exhibit 52 that we
19　were discussing towards the end of the day
20　yesterday.
21　　　A.　I have it.
22　　　Q.　If you could go to Page 9, please.

1   calls for speculation.

2           THE WITNESS:  Well, I see that there's

3   the date on the metadata that says created date

4   time of '99.

5   BY MR. SIGLER:

6       Q.   So this document has a created date of

7   January 3, 1999; right?

8       A.   As expressed on that page, yes.

9       Q.   You filed the application that became

10  the '640 Patent on September 13, 2000; right?

11      A.   Yes.

12      Q.   And that's more than a year after

13  January 3, 1999; right?

14      A.   Yes.

15      Q.   Did you submit this paper to the

16  Patent Office when you applied for the '640

17  Patent?

18      A.   I don't know.  I don't know why I

19  would have.  This is very different than our

20  invention.

21      Q.   Why don't you -- you have the '640

22  Patent?

1　　　　Q.　It says: "I acknowledge the duty to
2　disclose information which is material to the
3　patentability as defined in Title 37 of the Code
4　of Federal Regulations Section 1.56a."  Do you see
5　that?
6　　　　A.　I do.
7　　　　Q.　And by signing this declaration you
8　acknowledged that duty described there; right?
9　　　　A.　Yes.
10　　　　Q.　Did you understand that you had a duty
11　to provide the Patent Office with all relevant
12　prior art that you were aware of when you applied
13　for your patents?
14　　　　　　MR. CARDENAS-NAVIA:  Objection,
15　mischaracterizes the document.
16　　　　　　THE WITNESS:  I don't understand.
17　BY MR. SIGLER:
18　　　　Q.　Did you understand that you had this
19　duty described in the declaration here to disclose
20　information material to patentability?
21　　　　A.　Yes, as I understood that, yes.
22　　　　Q.　And did you understand that as part of

1           MR. CARDENAS-NAVIA: Objection to
2   form, vague, calls for speculation, lack of
3   foundation.
4           THE WITNESS: Could you restate that?
5   BY MR. SIGLER:
6      Q. Let me ask you this: Are there any
7   differences in the claims between your three
8   patents?
9           MR. CARDENAS-NAVIA: Objection to
10   form, vague.
11          THE WITNESS: That's also a legal
12   conclusion I think.
13   BY MR. SIGLER:
14      Q. Okay. I thought you testified a few
15   moments ago that the Karger paper wasn't material
16   to the inventions claimed in your patents. Is
17   that what you said?
18      A. When I looked at the abstract or some
19   portion of it as I was reading it, it was talking
20   about caching. And what we were doing was not
21   about caching.
22      Q. You were able to determine on your own

1  that that paper wouldn't be material to the

2  examiner's examination of your applications;

3  right?

4       A.   I don't know that I'm expert in any of

5  this.  But when I looked at that, it would never

6  occur to me that that would be germane because

7  that's about caching and one of the critical

8  components, not the only one, but one very

9  foundational component of our patents and of the

10 technology is to eliminate caching.  You can

11 deploy it that way but that's not the part that's

12 the most distinctive.

13      Q.   And that's your view; right?

14      A.   I think it's -- yes, yes, that's my

15 view.

16      Q.   Can you take out the '978 Patent,

17 please.

18      A.   Sure.

19      Q.   And what exhibit number is that?

20      A.   12.

21      Q.   Can you turn to the claims, please?

22      A.   Sure.

1  STATE OF ILLINOIS )

2  COUNTY OF C O O K )

3      I, Donna M. Kazaitis, CRR, RPR, IL-CSR

4  No. 084-003145, do hereby certify:

5      That the foregoing deposition of JOHN

6  OVERTON, PH.D. was taken before me at the time and

7  place therein set forth, at which time the witness

8  was put under oath by me;

9      That the testimony of the witness and all

10 objections made at the time of the examination

11 were recorded stenographically by me, were

12 thereafter transcribed under my direction and

13 supervision and that the foregoing is a true

14 record of same.

15     I further certify that I am neither counsel

16 for nor related to any party to said action, nor

17 in any way interested in the outcome thereof.

18     IN WITNESS WHEREOF, I have subscribed my name

19 this 30th day of May, 2023.

20         _____

21         DONNA M. KAZAITIS, IL-CSR, RPR, CRR

22         IL-CSR License No. 084-003145