# Exhibit K129



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/019,034 | 11/19/2021 | 7233978 | | 3927 |

184647    7590    06/28/2023
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway
Suite 300
Redwood City, CA 94065

| EXAMINER |
|---|
| CAMPBELL, JOSHUA D |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 06/28/2023 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

FISCH SIGLER, LLP
5301 WISCONSIN AVENUE, NW
FOURTH FLOOR
WASHINGTON, DC 20015

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/019,034* .

PATENT UNDER REEXAMINATION *7233978* .

ART UNIT *3992* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

|  | Control No. | Patent Under Reexamination |
|---|---|---|
| **Notice of Intent to Issue Ex Parte Reexamination Certificate** | 90/019,034 | 7233978 |
| | Examiner<br>JOSHUA D CAMPBELL | Art Unit<br>3992 | AIA Status<br>No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

1. ☑ Prosecution on the merits is (or remains) closed in this *ex parte* reexamination proceeding. This proceeding is subject to reopening at the initiative of the Office or upon petition. *Cf.* 37 CFR 1.313(a). A Certificate will be issued in view of
   (a) ☐ Patent owner's communication(s) filed: _____.
   (b) ☑ Patent owner's failure to file an appropriate timely response to the Office action mailed: 27 October 2022.
   (c) ☐ Patent owner's failure to timely file an Appeal Brief (37 CFR 41.31).
   (d) ☐ The decision on appeal by the ☐ Board of Patent Appeals and Interferences ☐ Court dated _____
   (e) ☐ Other: _____.

2. The Reexamination Certificate will indicate the following:
   (a) Change in the Specification: ☐ Yes ☑ No
   (b) Change in the Drawing(s): ☐ Yes ☑ No
   (c) Status of the Claim(s):
      (1) Patent claim(s) confirmed: 3,6,10,14,17,23-24 and 30.
      (2) Patent claim(s) amended (including dependent on amended claim(s)): _____.
      (3) Patent claim(s) canceled: 1 and 31.
      (4) Newly presented claim(s) patentable: _____.
      (5) Newly presented canceled claims: _____.
      (6) Patent claim(s) ☐ previously ☐ currently disclaimed: _____.
      (7) Patent claim(s) not subject to reexamination: 2,4-5,7-9,11-13,15-16,18-22 and 25-29.

3. ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

4. ☑ Note the attached statement of reasons for patentability and/or confirmation. Any comments considered necessary by patent owner regarding reasons for patentability and/or confirmation must be submitted promptly to avoid processing delays. Such submission(s) should be labeled: "Comments On Statement of Reasons for Patentability and/or Confirmation."

5. ☐ Note attached NOTICE OF REFERENCES CITED (PTO-892).

6. ☑ Note attached LIST OF REFERENCES CITED (PTO/SB/08 or PTO/SB/08 substitute).

7. ☐ The drawing correction request filed on _____ is: ☐approved ☐disapproved.

8. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
   a) ☐ All   b) ☐ Some*   c) ☐None of the certified copies have
       ☐been received.
       ☐not been received.
       ☐been filed in Application No. _____.
       ☐been filed in reexamination Control No. _____.
       ☐been received by the International Bureau in PCT Application No. _____.

   * Certified copies not received: _____.

9. ☑ Note attached Examiner's Amendment.

10. ☐ Note attached Interview Summary (PTO-474).

11. ☐ Other: _____.

**All correspondence** relating to this reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this Office action.

/JOSHUA D CAMPBELL/
Primary Examiner, Art Unit 3992

cc: Requester (if third party requester)

## DETAILED ACTION

1) This Office action addresses claims 1, 3, 6, 10, 14, 17, 23, 24, 30, and 31 of United States Patent Number 7,233,978 (hereinafter " '978 patent") for which it has been determined in the Order Granting Ex Parte Reexamination mailed January 12, 2022, regarding Reexamination Control No. 90/019,034 (hereinafter the "Order") that a substantial new question of patentability was raised in the Request for *Ex Parte* reexamination filed on November 19, 2021 (hereinafter the "Request").

2) This reexamination prosecution is now terminated, and this action is a Notice of Intent to Issue Ex Parte Reexamination Certificate (NIRC).

3) The Patent Owner (PO) failed to properly respond to the Final Rejection mailed on October 27, 2022 within the proper time period including granted extensions. The period for response expired on March 27, 2023.

> *(d) If the patent owner fails to file a timely and appropriate response to any Office action or any written statement of an interview required under § 1.560(b), the prosecution in the ex parte reexamination proceeding will be a terminated prosecution, and the Director will proceed to issue and publish a certificate concluding the reexamination proceeding under § 1.570 in accordance with the last action of the Office.*
>
> (see 37 C.F.R. 1.550)

4) As required, the examiner must now cancel all claims that are rejected and objected via an examiner's amendment.

> *(a) In a reexamination proceeding under this chapter, when the time for appeal has expired or any appeal proceeding has terminated, the Director will issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable, confirming any claim of the patent*

> *determined to be patentable, and incorporating in the patent any proposed amended or new claim determined to be patentable.* (see 35 U.S.C. 307(a))
>
> *Thus, at the time the NIRC is to be issued, the examiner should ensure that all rejected and objected to claims are canceled. The examiner should issue an examiner's amendment canceling any such claims not already canceled.* (see MPEP §2250 section III)

In this proceeding, original claims 1 and 31 remain rejected.

### *Examiner's Amendment*

5) An examiner's amendment to the record appears below. The changes made by this examiner's amendment will be reflected in the reexamination certificate to issue in due course.

<u>In the claims:</u>

1. (**Canceled** by the examiner)

31. (**Canceled** by the examiner)

### *Status of Claims*

6) Claims 1 and 31 are canceled by the Examiner's Amendment.

7) Claims 3, 6, 10, 14, 17, 23, 24, and 30 are confirmed.

8) Claims 2, 4, 5, 7-9, 11-13, 15, 16, 18-22, and 25-29 are not subject to reexamination.

### *Information Disclosure Statement*

9) Where the IDS citations are submitted but not described, the examiner is only responsible for cursorily reviewing the references. The initials of the examiner on the PTO-1449 indicate only that degree of review unless the reference is either applied against the claims, or discussed by the examiner as pertinent art of interest, in a subsequent office action.

See Guidelines for Reexamination of Cases in View of In re Portola Packaging, Inc., 110 F.3d 786, 42 USPQ2d 1295 (Fed. Cir. 1997), 64 FR at 15347, 1223 Off. Gaz. Pat. Office at 125 (response to comment 6).

Consideration by the examiner of the information submitted in an IDS means that the examiner will consider the documents in the same manner as other documents in Office search files are considered by the examiner while conducting a search of the prior art in a proper field of search. The initials of the examiner placed adjacent to the citations on the PTO-1449 or PTO/SB/08A and 08B or its equivalent mean that the information has been considered by the examiner to the extent noted above.

Regarding IDS submissions MPEP 2256 recites the following: "Where patents, publications, and other such items of information are submitted by a party (patent owner) in compliance with the requirements of the rules, the requisite degree of consideration to be given to such information will be normally limited by the degree to which the party filing the information citation has explained the content and relevance of the information."

## *Priority and Patent Term*

10)　　The '978 patent was a continuation-in-part of application 09/661,222, filed on September 13, 2000 (U.S. Patent 7,103,640), a continuation-in-part of application 09/503,441, filed on February 14, 2000 (abandoned), a continuation-in-part of application 09/367,461, filed on August 13, 1999 (abandoned), a continuation-in-part of application 09/111,896, filed on July 8, 1998 (abandoned). The Overton application also relied on Provisional Applications 60/277,408, filed on March 19, 2001 and 60/209,070, filed on June 2, 2000.

MPEP 2701(I) states the following:

*A patent granted on a continuation, divisional, or continuation-in-part application that was filed on or after June 8, 1995, will have a term which ends twenty years from the filing date of earliest application for which a benefit is claimed under 35 U.S.C. 120, 121, 365(c), or 386(c) regardless*

*of whether the application for which a benefit is claimed under 35 U.S.C. 120, 121, or 365(c) was filed prior to June 8, 1995.*

Based on the citation above, the Overton patent is expired. The term of twenty years from the filing date of the earliest filed application (09/111,896, filed on July 8, 1998) for which a benefit is claimed plus the term adjustment of 810 days under 35 U.S.C. 154(b) has passed. The patent expired on September 25, 2020.

11) 37 C.F.R. 1.530(j) states, "No enlargement of claim scope. No amendment may enlarge the scope of the claims of the patent or introduce new matter. **No amendment may be proposed for entry in an expired patent. Moreover, no amendment, other than the cancellation of claims, will be incorporated into the patent by a certificate issued after the expiration of the patent.**" (emphasis added). Thus, because the patent is expired no amendments of the claims will be allowed aside from the cancellation of claims.

Additionally, in making the determination of whether to order reexamination, the Office will determine the proper meaning of the patent claims by giving the claims their broadest reasonable interpretation consistent with the specification (see In re Yamamoto, 740 F.2d 1569 (Fed. Cir. 1984)), except in the case of an expired patent (in a reexamination involving claims of an expired patent, claim construction is pursuant to the principle set forth by the court in Phillips v. AWH Corp., 415 F.3d 1303, 1316, 75 USPQ2d 1321, 1329 (Fed. Cir. 2005) (words of a claim "are generally given their ordinary and customary meaning" as understood by a person of ordinary skill in the art in question at the time of the invention, see Ex parte Papst-Motoren, 1 USPQ2d 1655 (Bd. Pat. App. & Inter. 1986)).

### Statement of Reasons for Patentability and/or Confirmation

12) Claims 3, 6, 10, 14, 17, 23, 24, and 30 are confirmed over the prior art that was explained in the request and determined to raise a substantial new question of patentability in the order granting reexamination because the art of record does not teach:

> *wherein the programming logic further comprises logic responsive to the location query to return one of a location message or a redirect message, wherein the location server receiving the query returns the location message if the queried location server contains location information for the desired entity, and wherein the queried location server returns a redirect message if the queried location server lacks location information for the desired entity, the redirect message comprising information for finding a location server known to have location information relevant to the location query.*
> 
> (as found in claim 3)

> *wherein the location information in the location server is maintained in an indexed location store indexed by a hash table.* (as found in claim 6)

> *wherein a queried location server returns a location message if the queried location server contains location information for the desired identifier, and a redirect message if the queried location server does not contain location information relevant to the desired identifier, wherein the redirect message comprises information for finding a location server having location information related to the desired identifier.*
> 
> (as found in claim 10)

> *sending a redirect message to the client if the queried location server does not contain data location information relevant to the entity identified in the query, the redirect message comprising information for finding a location server storing the entity identified in the query.* (as found in claim 14)

> *transferring a portion of the identifiers and associated locations to a second data location server when a performance criterion of the first location server reaches a predetermined performance limit.*　　　　　　　　(as found in claim 17)

In a reexamination proceeding involving claims of an expired patent, claim construction pursuant to the principle set forth by the court in Phillips v. AWH Corp., 415 F.3d 1303, 1316, 75 USPQ2d 1321, 1329 (Fed. Cir. 2005) (words of a claim "are generally given their ordinary and customary meaning" as understood by a person of ordinary skill in the art in question at the time of the invention) should be applied since the expired claim are not subject to amendment. See *Ex parte* Papst-Motoren, 1 USPQ2d 1655 (Bd. Pat. App. & Inter. 1986).

In regards to independent claims 10 and 14 and dependent claim 3, the claims all require the use of a "redirect message comprising information for finding a location server known to have location information relevant to the location query" (as found in claim 3, similar language in claims 10 and 14). Oracle's Names Servers forward name requests up and down a hierarchy of Names Servers until the Names Server containing the desired information is reached, and the desired information is returned in the same way, traversing the network of Names Servers. This fact gives evidence to the fact that any given Names Server has no information regarding which specific Names Server stores a desired information item. Were any given Names Server to have such information, then the Names Server would simply pass the request directly to that Names Server, instead of forwarding the request up and down a hierarchy of Names Servers. Since any given Names Server has no information regarding which specific Names Server stores a requested item, there would be no way for the Names Server to include such information in a redirect message returned to the requesting device.

In regards to dependent claim 6, the claim requires that "the location information in the location server is maintained in an indexed location store indexed by a hash table." If Oracle's Names Server had this ability, there would be no need to pass requests up and down a hierarchy of Names Servers; it could determine on its own the Names Server having the desired information and send the request directly to

that Names Server. While OSG discloses the use of hashing in resolving queries, it fails to disclose the use of hashing at any given location server (i.e., by any given Names Server) to determine the location server/Names Server that contains the desired location information.

In regards to independent claim 17 (and by dependency, claims 23, 24, and 30), the claim requires explicitly "transferring a portion of the identifiers and associated locations to a second data location server" when a performance criterion reaches a limit. Under the Phillips construction, the ordinary and customary meaning as understood by a person of ordinary skill in the art at the time of the invention of the requirement of explicitly "transferring a portion of the identifiers and associated locations to a second data location server" would require that the identifiers and associated locations first be stored on the first data location server and then be transferred from said first location server to said second location server. The mere concept of having more than one location servers that contain potentially different identifiers and associated locations as discussed in the ONAG and OSG references in combination with the discussions of optimization found in ONAG and OSG does not actually teach the act of "transferring a portion of the identifiers and associated locations to a second data location server when a performance criterion of the first location server reaches a predetermined performance limit" as it is claimed. Neither the McGarvey nor the Rajani references cure the deficiencies of the teachings of the ONAG and OSG references. Therefore, none of the references considered in this reexamination proceeding properly disclose at least the discussed limitations of the claimed invention, either alone or in combination.

13)     Any comments considered necessary by PATENT OWNER regarding the above statement must be submitted promptly to avoid processing delays. Such submission by the patent owner should be labeled: "Comments on Statement of Reasons for Patentability and/or Confirmation" and will be placed in the reexamination file.

## Conclusion

All correspondence relating to this ex parte reexamination proceeding should be directed as follows:

By U.S. Postal Service Mail to:

Mail Stop Ex Parte Reexam
ATTN: Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

By FAX to:

(571) 273-9900
Central Reexamination Unit

By hand to:

Customer Service Window
Randolph Building
401 Dulany St.
Alexandria, VA 22314

By EFS-Web:

Registered users of EFS-Web may alternatively submit such correspondence via the electronic filing system EFS-Web, at

https://efs.uspto.gov/efile/myportal/efs-registered

EFS-Web offers the benefit of quick submission to the particular area of the Office that needs to act on the correspondence. Also, EFS-Web submissions are "soft scanned" (i.e., electronically uploaded) directly into the official file for the reexamination proceeding, which offers parties the opportunity to review the content of their submissions after the "soft scanning" process is complete.

Any inquiry concerning this communication or earlier communications from the Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

/JOSHUA D CAMPBELL/
Primary Examiner, Art Unit 3992


Conferees:

/ADAM L BASEHOAR/
Primary Examiner, Art Unit 3992

/ALEXANDER J KOSOWSKI/
Supervisory Patent Examiner, Art Unit 3992