# Exhibit K132



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/019,035 | 11/19/2021 | 7814170 | | 7078 |

| | | | |
|---|---|---|---|
| 184647 | 7590 | 09/27/2022 | |

Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway
Suite 300
Redwood City, CA 94065

| EXAMINER |
|---|
| WASSUM, LUKE S |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 09/27/2022 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

**UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

FISCH SIGLER LLP
5301 WISCONSIN AVENUE NW
FOURTH FLOOR
WASHINGTON, DC 20015

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/019,035* .

PATENT UNDER REEXAMINATION *7814170* .

ART UNIT *3992* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| *Notice of Intent to Issue*<br>*Ex Parte Reexamination Certificate* | **Control No.**<br>90/019,035 | **Patent Under Reexamination**<br>7814170 |
|---|---|---|
| | **Examiner**<br>Luke S Wassum | **Art Unit**<br>3992 | **AIA Status**<br>No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

1. ☑ Prosecution on the merits is (or remains) closed in this *ex parte* reexamination proceeding. This proceeding is subject to reopening at the initiative of the Office or upon petition. *Cf.* 37 CFR 1.313(a). A Certificate will be issued in view of
    (a) ☑ Patent owner's communication(s) filed: <u>11 August 2022</u>.
    (b) ☐ Patent owner's failure to file an appropriate timely response to the Office action mailed: _____.
    (c) ☐ Patent owner's failure to timely file an Appeal Brief (37 CFR 41.31).
    (d) ☐ The decision on appeal by the ☐ Board of Patent Appeals and Interferences ☐ Court dated _____
    (e) ☐ Other: _____.

2. The Reexamination Certificate will indicate the following:
    (a) Change in the Specification: ☐ Yes  ☑ No
    (b) Change in the Drawing(s):  ☐ Yes  ☑ No
    (c) Status of the Claim(s):
        (1) Patent claim(s) confirmed: <u>1-2,6,8-9,12 and 15</u>.
        (2) Patent claim(s) amended (including dependent on amended claim(s)): _____
        (3) Patent claim(s) canceled: _____.
        (4) Newly presented claim(s) patentable: _____.
        (5) Newly presented canceled claims: _____.
        (6) Patent claim(s) ☐ previously ☐ currently disclaimed: _____
        (7) Patent claim(s) not subject to reexamination: <u>3-5,7,10-11,13-14 and 16-17</u>.

3. ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

4. ☑ Note the attached statement of reasons for patentability and/or confirmation. Any comments considered necessary by patent owner regarding reasons for patentability and/or confirmation must be submitted promptly to avoid processing delays. Such submission(s) should be labeled: "Comments On Statement of Reasons for Patentability and/or Confirmation."

5. ☐ Note attached NOTICE OF REFERENCES CITED (PTO-892).

6. ☑ Note attached LIST OF REFERENCES CITED (PTO/SB/08 or PTO/SB/08 substitute).

7. ☐ The drawing correction request filed on _____ is: ☐approved ☐disapproved.

8. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All  b) ☐ Some*  c) ☐None of the certified copies have
        ☐been received.
        ☐not been received.
        ☐been filed in Application No. _____.
        ☐been filed in reexamination Control No. _____,
        ☐been received by the International Bureau in PCT Application No. _____.

    * Certified copies not received: _____.

9. ☐ Note attached Examiner's Amendment.

10. ☐ Note attached Interview Summary (PTO-474).

11. ☐ Other: _____.

**All correspondence** relating to this reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this Office action.

| /LUKE S WASSUM/<br>Primary Examiner, Art Unit 3992 |
|---|

cc: Requester (if third party requester)

### *Ex Parte* Reexamination

A request for *Ex Parte* Reexamination of claims 1, 2, 6, 8, 9, 12, and 15 of United

States Patent Number 7,814,170 ("the '170 patent") was filed 19 November 2021 ("the

Request").  The '170 patent issued to **John K. Overton et al.** on 12 October 2010, from

5      application number 11/354,224 ("the '224 application"), filed 13 February 2006.

The Office mailed a Decision granting reexamination of claims 1, 2, 6, 8, 9, 12,

and 15 on 12 January 2022.

A non-final Office action, rejecting claims 1, 2, 6, 8, 9, 12, and 15, was mailed on

11 May 2022.

10     Claims 1, 2, 6, 8, 9, 12, and 15 are subject to reexamination.

### Related Proceedings

After examiner's independent review of the '170 patent and its prosecution

history, the examiner notes that there is current ongoing litigation (detailed on the

15     Reexamination sheet, document code RXFILJKT).  The examiner has failed to locate any

previous reexaminations (*ex parte* or *inter partes*), supplemental examinations, or other

post issuance proceedings.

## Priority

The '170 patent is a continuation of U.S. Patent Application 09/661,222, filed 13

September 2000, now U.S. Patent 7,103,640, which is a continuation-in-part of U.S.

Patent Application 09/111,896, filed 8 July 1998, now abandoned.

5          The '170 patent also claims priority under 35 U.S.C. § 119(e) to U.S. Provisional

Application 60/153,709, filed 14 September 1999.

Therefore, the earliest claimed priority date of the '170 application is 8 July 1998,

*to the extent that the claimed subject matter is fully supported.*

## Claim Interpretation

10

The Office notes that the '170 patent contains a specific reference to several

earlier filed applications to which priority is claimed under 35 U.S.C. § 120.  The '170

patent is also subject to two terminal disclaimers, limiting the patent term not to extend

beyond the expiration of related patents 7,103,640 ("the '640 patent") and 7,233,978 ("the

15    '978 patent").  Since both the '640 patent and the '978 patent have expired, the '170

patent has likewise expired.

In a reexamination proceeding involving claims of an expired patent, claim

construction pursuant to the principle set forth by the court in *Phillips v. AWH Corp.*, 415

F.3d 1303, 1316, 75 USPQ2d 1321, 1329 (Fed. Cir. 2005) (words of a claim "are generally

given their ordinary and customary meaning" as understood by a person of ordinary

skill in the art in question at the time of the invention) should be applied since the

expired claim are not subject to amendment.  See *Ex parte Papst-Motoren*, 1 USPQ2d 1655

(Bd. Pat. App. & Inter. 1986).

5

      During pending litigation[1] involving the Patent Owner and Requester, a number

of claim terms were construed, as follows:

      <u>Identifier/identifier string</u> – a unique string that identifies an individual entity,

and with which zero or more locations strings are associated in a location server.

10      <u>Data location/location</u> – an encoding that is a member of a set of associations

with an identifier in a location server, and that specifies where data pertaining to the

entity identified in the identifier is stored.

      <u>Location server/server</u> – a network-attached component that maintains a set of

identifier/location mappings that are modified or returned in response location request

15      messages from [] clients.

      <u>Location information</u> – information pertaining to one or more locations of data

and/or the identities of one or more location servers.

---

[1] *Kove IO, Inc. v. Amazon Web Services, Inc.*, 1:18cv08175 (N.D. Ill.)

Hash table – a data structure that stores values in a table, where values are stored

and retrieved by applying a hash function to an input and using the function result as

an index into the table.

A hash function used to organize the data location information across the

5      plurality of data location servers…based on the hash function applied to the identifier

string – the portion of the data location information included in a corresponding one of

the data location servers is based on a hash function that maps identifier strings to one

or more of the data location servers, and each one of the data location servers is

configured to determine the at least one of the plurality of data location servers based

10     on the hash function applied to the identifier string.

Data pertaining to the entity – data pertaining to a person or thing (real, digital,

or abstract) distinct from that data.


These claim terms will be interpreted by the Office consistent with the above

15     construction.


**The Claimed Invention**

The invention provides a network distributed tracking wire transfer protocol for

storing and retrieving data across a distributed data collection.  The protocol includes a

location string for specifying the network location of data associated with an entity in

the distributed data collection, and an identification string for specifying the identity of

an entity in the distributed data collection.  According to the protocol, the length of the

location string and the length of the identification string are variable, and an association

5    between an identification string and a location string can be spontaneously and

dynamically changed.  The network distributed tracking wire transfer protocol is

application independent, organizationally independent, and geographically

independent.  A method for using the protocol in a distributed data collection

environment and a system for implementing the protocol are also provided.  See

10   Abstract.


### Prior Art Cited in the Request

The following reference was cited by the third party Requester in the Request for

*Ex Parte* Reexamination:

15   *Oracle Names Administrator's Guide, Release 2.0* (Oracle Corp., Redwood City,

CA) ("**OracleNamesAdminGuide**")

Joseph B. Greene, *Oracle DBA Survival Guide*, 1st ed. (Sams Publishing,

Indianapolis. Ind.), ISBN: 0672306816 ("**OracleSG**")

U.S. Patent 5,777,989 to John McGarvey ("**McGarvey**")

U.S. Patent 5,301,286 to Purshotam Rajani ("**Rajani**")


None of the references relied upon by the Requester were of record or considered

by the Office during the original prosecution of the '224 application.

5

### Information Disclosure Statements

The Patent Owners' Information Disclosure Statements, filed 12 and 13 July 2022

and 13 September 2022, have been received and entered into the record.

The prior art cited on the IDSs have been considered, with the exception of

10    entries 18-41 of the IDS filed 12 July 2022 and entry 8 of the IDS filed 22 September 2022.

With respect to item 18 (12 July IDS), this entry is a duplicate of that of item 17.

With respect to item 19 (12 July IDS), this entry merely lists a number of

reexamination proceedings (including the instant proceeding). This is not a proper

citation of non-patent literature, nor have copies of any papers been included for

15    consideration.

With respect to item numbers 8 (22 September IDS) and 20-41 (12 July IDS), these

entries fail to comply with the provisions of 37 C.F.R. § 1.98(b), regarding the proper

citation of publications. The cited documents are apparently court filings in related

litigation, but the citations on the IDS appear to be file names.  Contrast the improper

citations of items 20-41 with the properly cited items 42 and 43.


        With respect to the Information Disclosure Statement(s) considered with this

5    action, the information cited has been considered as described in the MPEP.  Note that

MPEP §§ 2256 and 2656 indicate that the degree of consideration to be given to such

information will be normally limited by the degree to which the party filing the

information citation has explained the content and relevance of the

information.  Information that does not appear to be "patents or printed publications"

10   as identified in 35 U.S.C. 301 have been considered to the same extent.


**Patent Owner's Response**

        A response to the non-final Office action ("**Response**") was filed by Patent

Owner on 11 August 2022.  The Response included remarks, supported by a Declaration

15   under 37 C.F.R. § 1.132 by Michael T. Goodrich, Ph.D., accompanied by supporting

exhibits.


        <u>Claim Construction</u>

In Section IV.C of the Response (pages 17-23), Patent Owner presents various

arguments with respect to the proper construction of certain claim terms, particularly in

light of terms that have been construed by the court in relation to related litigation

involving the '170 patent.

5          Although not binding on the Office, the court's claim construction is adopted for

the sake of consistency amongst the different proceedings involving the '170 patent.  See

relevant discussion above.


          Claim 1

10         In Section IV.E.2 of the Response (pages 32-34), Patent Owner argues that the

cited prior art fails to disclose or render obvious the claimed feature that <u>each one of the</u>

<u>data location servers is configured to determine the at least one of the plurality of data</u>

<u>location servers</u>.  This argument is persuasive.


15         **OracleNamesAdminGuide** discloses the mechanism by which a location request

is resolved amongst Names Servers.  Specifically, if the Names Server receiving the

request does not know the location of the desired entity, it passes the request along to

other servers in the hierarchy.  This process is illustrated in Fig. C-4 on page 191:



Figure C – 4 Network Messages in a Multi-Level Foreign Name Resolution

However, the claims require that any given location server have the ability to determine the location of a desired data item by applying a hash function to the identifier string. If Oracle's Names Server had this ability, there would be no need to

5   pass requests up and down a hierarchy of Names Servers; it could determine on its own the Names Server having the desired information and send the request directly to that Names Server.

While **OracleSG** discloses the use of hashing in resolving queries, it fails to disclose the use of hashing by any given location server (i.e., by any given Names

10  Server) to determine the location server/Names Server that contains the desired location information.

**Rajani** similarly discloses the use of a hash function in resolving a query, in this case retrieving a file from backup memory. It is silent, however, with respect to the

claimed ability of each location server to determine the location server containing the

desired location information by applying a hash function to the identifier string.

   Furthermore, the use of hash functions was well known in the database art long

before the date of the invention.  The fact that Oracle failed to utilize such a hashing

5  scheme in distributing location data across its location servers (i.e., Names Servers)

gives evidence that modifying Oracle to implement such a scheme would not have been

obvious to a POSITA at the time of the invention.


   For these reasons, the rejection of independent claims 1, as well as dependent

10  claim 2, is <u>withdrawn</u>.


   <u>Claim 6</u>

   In Section IV.G.1 of the Response (pages 44-47), Patent Owner argues that the

prior art of record fails to disclose the claimed <u>redirect message comprising a list of at</u>

15  <u>least one other location server known to have the location information for the desired</u>

<u>entity</u>.  Importantly, the list must include a location server *known to have the desired*

*location information.*  This argument is persuasive.

Returning to Fig. C-4 of the **OracleNamesAdminGuide**, Oracle's Names Servers forward name requests up and down a hierarchy of Names Servers until the Names Server containing the desired information is reached, and the desired information is returned in the same way, traversing the network of Names Servers.

5          This fact gives evidence to the fact that any given Names Server has no information regarding which specific Names Server stores a desired information item. Were any given Names Server to have such information, then the Names Server would simply pass the request directly to that Names Server, instead of forwarding the request up and down a hierarchy of Names Servers.

10          Since any given Names Server has no information regarding which specific Names Server stores a requested item, there would be no way for the Names Server to include such information in a redirect message returned to the requesting device.

**OracleSG** includes no relevant disclosures with respect to the claimed redirect message.

15          With respect to the claimed redirect message, **McGarvey** discloses that if a given name server is unable to resolve a request, "it returns information referring the client to another server in the hierarchy, so that the client can redirect the query." (col. 1, lines 43-49). However, as noted above, the claimed redirect message is required to include the location server *known to have the location information of the desired entity*. Similar to

the disclosure of **OracleNamesAdminGuide**, **McGarvey's** redirect message merely

refers the requesting client to <u>another server</u> in the hierarchy, so the client can query

that server. There is no disclosure that the server so referred is *known* to include the

desired information.

5

    For these reasons, the rejections of independent claim 6, as well as dependent

claims 8, 9, and 12, are <u>withdrawn</u>.


    <u>Claim 15</u>

10    In Section IV.G.1 of the Response (pages 44-47), Patent Owner argues that the

prior art of record fails to disclose the claimed <u>sending a redirect message to the client</u>

<u>… the redirect message identifying which of the plurality of location servers includes</u>

<u>the location information</u> [for the desired entity]. As above with respect to claim 6, the

redirect message must identify the location server *that includes the desired location*

15    *information*. For the reasons discussed above, this argument is persuasive.


    Furthermore, in Section IV.G.2 of the Response (page 47), Patent Owner argues

that the prior art of record fails to disclose the claimed redirect message <u>to the client</u>.

This argument is also persuasive.

At page 137 of the **OracleNamesAdminGuide**, it is disclosed that name request

forwarding for a Names Server can be configured to OFF. It is under these conditions

that the Names Server, instead of forwarding the request to other Names Servers to get

5      the answer, instead "simply tells the requestor the address of the Names Server that can

answer the request."

However, as pointed out by Patent Owner, it is also disclosed that this feature

only applies to requests from other Names Servers, and not to requests from clients.

Specifically, under the Usage Notes, **OracleNamesAdminGuide** discloses that

10      "This setting is intended only for Names Servers that _have no local clients_ and are

_exclusively handling requests from foreign Names Servers_." (emphasis added).

Thus, **OracleNamesAdminGuide** fails to disclose the claimed "sending a

redirect message <u>to the client</u>", as is required by claim 15.

15      For these reasons, the rejection of independent claim 15 is <u>withdrawn</u>.

## Allowable Subject Matter

Claims 1, 2, 6, 8, 9, 12, and 15 are confirmed.

**STATEMENT OF REASONS FOR PATENTABILITY AND/OR CONFIRMATION**

The following is an examiner's statement of reasons for patentability and/or

confirmation of the claims found patentable in this reexamination proceeding:

5

Independent claim 1 is directed to a system for managing data stored in a

distributed network, the system comprising (*inter alia*) a data location server network

comprising a plurality of data location servers, wherein data location information for a

plurality of data entities is stored in the data location server network, at least one of the

10    plurality of data location servers includes location information associated with an

identifier string identifying the data entity, each one of the plurality of data location

servers comprises a portion of the data location information based on a hash function

used to organize the data location information across the plurality of data location

servers, and *each one of the data location servers is configured to determine the at least one of*

15    *the plurality of data location servers based on the hash function applied to the identifier string*.

The prior art of record fails to teach this feature.

Claim 2 incorporates these features from independent claim 1, and is confirmed

on the same basis.

Independent claim 6 is directed to a system for managing data location information and providing the data location information in response to location queries, the system comprising (*inter alia*) programming logic configured to return a redirect message if the location server lacks the location information for the desired entity, *the*

5      *redirect message comprising a list of at least one other location server known to have the location information for the desired entity.*

The prior art of record fails to teach this feature.

Claims 8, 9, and 12 incorporate these features from independent claim 6, and are confirmed on the same basis.

10

Independent claim 15 is directed to a method of handling location queries in a network, the network comprising a plurality of location servers including data location information, the method comprising (*inter alia*) receiving a location query from a client at one of the plurality of location servers, the location query requesting location

15     information identifying a location of a data entity included in the data entities, and sending a redirect message to the client in response to determining the one of the plurality of location servers fails to include the location information, *the redirect message identifying which of the plurality of location servers includes the location information*.

The prior art of record fails to teach this feature.

Any comments considered necessary by PATENT OWNER regarding the above

statement must be submitted promptly to avoid processing delays.  Such submission by

5    the patent owner should be labeled: "Comments on Statement of Reasons for

Patentability and/or Confirmation" and will be placed in the reexamination file.

## Conclusion

**Extensions of time under 37 CFR 1.136(a) do not apply in reexamination**

**proceedings.** The provisions of 37 CFR 1.136 apply only to "an applicant" and not to

parties in a reexamination proceeding. Further, in 35 U.S.C. 305 and in 37 CFR 1.550(a),

5   it is required that reexamination proceedings "will be conducted with special dispatch

within the Office."

**Extensions of time in reexamination proceedings are provided for in 37 CFR**

**1.550(c).** A request for extension of time must specify the requested period of extension

and it must be accompanied by the petition fee set forth in 37 CFR 1.17(g). Any request

10  for an extension in a third party requested ex parte reexamination must be filed on or

before the day on which action by the patent owner is due, and the mere filing of a

request will not effect any extension of time. A request for an extension of time in a

third party requested ex parte reexamination will be granted only for sufficient cause,

and for a reasonable time specified.  Any request for extension in a patent owner

15  requested ex parte reexamination (including reexamination ordered under 35 U.S.C.

257) for up to two months from the time period set in the Office action must be filed no

later than two months from the expiration of the time period set in the Office action.  A

request for an extension in a patent owner requested ex parte reexamination for more

than two months from the time period set in the Office action must be filed on or before

the day on which action by the patent owner is due, and the mere filing of a request for

an extension for more than two months will not effect the extension.  The time for

taking action in a patent owner requested ex parte reexamination will not be extended

for more than two months from the time period set in the Office action in the absence of

5    sufficient cause or for more than a reasonable time.


The Patent Owner is reminded of the continuing responsibility under 37 CFR

1.565(a), to apprise the Office of any litigation activity, or other prior or concurrent

proceeding, involving U.S. Patent No. 7,814,170 throughout the course of this

10   reexamination proceeding.  The third party requester is also reminded of the ability to

similarly apprise the Office of any such activity or proceeding throughout the course of

this reexamination proceeding.  See MPEP §§ 2207, 2282 and 2286.


The Patent Owner is reminded that any proposed amendment to the

15   specification and/or claims in the reexamination proceeding must comply with the

provisions of 37 C.F.R. § 1.530(d)-(j), must be formally presented pursuant to 37 C.F.R. §

1.52(a) and (b), and must include any fees required by 37 C.F.R. § 1.20(c).  See MPEP §

2250(IV) for examples to assist in the preparation of proper amendments in

reexamination proceedings.

In order to ensure full consideration of any amendments, affidavits or

declarations, or other documents as evidence of patentability, such documents must be

submitted in response to this Office action.  Submissions after the next Office action,

5    which is intended to be a final action, will be governed by the requirements of 37

CFR 1.116, after final rejection and 37 CFR 41.33 after appeal, which will be strictly

enforced.


Any document filed by the Patent Owner must be served on the third party

10    requester (or requesters in a merged proceeding) in the reexamination proceeding in the

manner provided by 37 C.F.R. § 1.248.  See 37 C.F.R. § 1.550(f) and MPEP § 2266.03.

        **All** correspondence relating to this *ex parte* reexamination proceeding should be

directed:

By EFS-Web:        Registered Users may submit correspondence via EFS-Web, at
                   https://efs.uspto.gov/efile/myportal/efs-registered.

5

By Mail to:        Mail Stop *Ex Parte* Reexam
                   Central Reexamination Unit
                   Commissioner for Patents
                   United States Patent & Trademark Office
10                 P.O. Box 1450
                   Alexandria, VA 22313-1450


By FAX to:         (571) 273-9900
                   Central Reexamination Unit
15

By hand:           Customer Service Window
                   Randolph Building
                   401 Dulany Street
                   Alexandria, VA 22314

20

        EFS-Web offers the benefit of quick submission to the particular area of the

Office that needs to act on the correspondence.  Also, EFS-Web submissions are "soft-

scanned" (i.e., electronically uploaded) directly into the official file for the

reexamination proceeding, which offers parties the opportunity to review the content of

25      their submission after the "soft scanning" process is complete.

Any inquiry concerning this communication should be directed to the Central

Reexamination Unit at telephone number 571-272-7705.

/LUKE S WASSUM/
Primary Examiner, Art Unit 3992


Conferees:

/ANGELA M LIE/
Primary Examiner, Art Unit 3992


Michael Fuelling /MF/
Supervisory Patent Examiner
Art Unit 3992

5    lsw
     13 September 2022