# Exhibit K145

The responsibility of compliance with 37 CFR 1.555 rests on all such individuals. Any fraud practiced or attempted on the Office or any violation of the duty of disclosure through bad faith or intentional misconduct by any such individual results in noncompliance with 37 CFR 1.555(a). This duty of disclosure is consistent with the duty placed on patent applicants by 37 CFR 1.56. Any such issues raised by the patent owner or the third party requester during a reexamination proceeding will merely be noted as unresolved questions under 37 CFR 1.552(c).

All such individuals who fail to comply with 37 CFR 1.555(a) do so at the risk of diminishing the quality and reliability of the reexamination certificate issuing from the proceeding.

However, the material to patentability standard set forth in 37 CFR 1.56(b), which is applicable to patent applications, and not the standard set forth in 37 CFR 1.555(b), applies in *ex parte* reexamination proceedings ordered under 35 U.S.C. 257 (as a result of a supplemental reexamination proceeding). Like patent application examination, *ex parte* reexamination proceedings ordered under 35 U.S.C. 257 are not limited to patents and printed publications. In contrast, the material to patentability standard under 37 CFR 1.555(b), which is applicable to *ex parte* reexaminations filed under 35 U.S.C. 302, is limited to patents and printed publications. Any reference to "applicant" in 37 CFR 1.56(b) will be read as "patent owner" in the context of *ex parte* reexamination proceedings ordered under 35 U.S.C. 257, because these proceedings are only available to a patent owner. See MPEP § 2818.01; see also MPEP Chapter 2000.

See MPEP § 2282 (*ex parte* reexamination) and MPEP § 2686 (*inter partes* reexamination) for the patent owner's duty to disclose prior or concurrent proceedings in which the patent is or was involved.

## 2281 Interviews in *Ex Parte* Reexamination Proceedings [R-07.2015]

*37 CFR 1.560 Interviews in ex parte reexamination proceedings.*

(a) Interviews in *ex parte* reexamination proceedings pending before the Office between examiners and the owners of such patents or their attorneys or agents of record must be conducted in the Office at such times, within Office hours, as the respective examiners may designate. Interviews will not be permitted at any other time or place without the authority of the Director. Interviews for the discussion of the patentability of claims in patents involved in *ex parte* reexamination proceedings will not be conducted prior to the first official action. Interviews should be arranged in advance. Requests that reexamination requesters participate in interviews with examiners will not be granted.

(b) In every instance of an interview with an examiner in an *ex parte* reexamination proceeding, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the patent owner. An interview does not remove the necessity for response to Office actions as specified in § 1.111. Patent owner's response to an outstanding Office action after the interview does not remove the necessity for filing the written statement. The written statement must be filed as a separate part of a response to an Office action outstanding at the time of the interview, or as a separate paper within one month from the date of the interview, whichever is later.

Interviews are permitted in an *ex parte* reexamination proceeding. In the *ex parte* proceeding, only *ex parte* interviews between the examiner and patent owner and/or the patent owner's representative are permitted. Requests by third party requesters to participate in interviews or to attend interviews will not be granted. However, it is permitted for a Paralegal or Legal Instruments Examiner (or support staff in general) to telephone a requester to discuss a request that fails to comply with the filing date requirements for filing a reexamination request, because there is no reexamination proceeding yet.

In person interviews between examiner and the owners of patents undergoing *ex parte* reexamination or their attorneys or agents must be had in the Office at its Alexandria location or one of the Office's satellite locations at such times, within Office hours when building security permits public admission, as the respective examiners may designate. Telephonic and videoconferencing interviews are permitted in *ex parte* reexamination proceedings according to the guidelines set forth in MPEP § 713.01 for *ex parte* prosecution of applications. See MPEP § 713.01 for more information on the general policies on how an interview may be conducted.

Where a panel review has been conducted for an action in a reexamination proceeding, every effort will be made to have the panel members present at

an interview requested by the patent owner to discuss that action. An interview initiated by the examiner to obtain an amendment to render the reexamined claims patentable might not have the panel members participating in the interview.

Interviews for the discussion of the patentability of claims in patents involved in reexamination proceedings will ordinarily not be had prior to the first Office action following the order for reexamination and any submissions pursuant to 37 CFR 1.530 and 1.535. Such interviews will be permitted prior to the first Office action *only* where the examiner initiates the interview for the purpose of providing an amendment which will make the claims patentable and the patent owner's role is passive. The patent owner's role (or patent owner's attorney or agent) is limited to agreeing to the change or not. The patent owner should not otherwise discuss the case on the merits during this interview.

The patent owner's questions on purely procedural matters may be answered by the examiner at any time during the proceeding.

Where any party who is not the patent owner requests information as to the merits of a reexamination proceeding, the examiner will not conduct an interview with that party to provide the information. Only questions on strictly procedural matters, i.e., not directed to any specific reexamination proceeding, may be discussed with that party. The party who is not the patent owner should be referred by the examiner to the Central Reexamination Unit (CRU) Supervisory Patent Reexamination Specialist (SPRS) or Technology Center (TC) Quality Assurance Specialist (QAS) to address any such questions on strictly procedural matters. See MPEP § 2212.01. The following guidelines are to be followed in determining whether a question is strictly directed to a procedural matter: (A) any information which a person could obtain by reading the file (which is open to the public) is procedural, and it may be discussed only to the extent of the information provided in the public file; (B) a matter not available from a reading of the file is considered as relating to the merits of the proceeding, and may not be discussed. Thus, for example, a question relating to when the next Office action will be rendered is improper as it relates to the merits of the proceeding (because this information cannot be obtained from a reading of the file). Such a question by a party who is not the patent owner should not be responded to by the examiner or any other official. As another example, a question regarding how the examiner is interpreting a claim limitation relates to the merits of the proceeding, and may not be discussed. If the examiner has set forth an interpretation of a claim limitation in an Office action, the examiner may only quote the Office action. The interpretation may not be further discussed, because any further information cannot be obtained from a reading of the file.

The examiner must complete an *Ex Parte* Interview Summary form PTOL-474 for each interview held where a matter of substance has been discussed (see MPEP § 713.04). If practicable, a copy of the form should be given to the patent owner at the conclusion of the interview. The original should be made of record in the reexamination file, and a copy should be mailed to any third party requester and the patent owner, if not already provided with a copy.

The general procedure for conducting interviews and recording same is described at MPEP § 713.01 - § 713.04.

Pursuant to 35 U.S.C. 305, however, "[a]ll reexamination proceedings … will be conducted with special dispatch within the Office." Accordingly, there are additional procedural requirements to facilitate the statutory mandate for "special dispatch."

In the case where the patent owner desires to initiate an interview, the patent owner should initially contact the examiner in charge of the proceeding to indicate what issues are sought to be discussed, and to determine if an interview will be granted. If the examiner agrees to grant the interview, the patent owner must file, at least three (3) working days prior to the interview, an informal written statement of the issues to be discussed at the interview, and an informal copy of any proposed claims to be discussed, unless examiner waives this requirement. The copy of these materials is to be submitted by facsimile transmission (FAX) directly to the examiner or hand-carried to the examiner so as to avoid the possibility of delay in matching the

materials with the file. The informal copies that are considered by the examiner will be made of record in the reexamination proceeding as an attachment to the Interview Summary form PTOL-474 completed by the examiner after the interview. These preliminary steps are for the purpose of providing structure to the interview so as to facilitate the statutory mandate for special dispatch.

The duration of the interview will not exceed one hour, unless the patent owner files a petition under 37 CFR 1.182 showing sufficient cause where more time is needed. In a reexamination proceeding, the invention should be well defined after the patent has issued, and it is simply a matter of defining the claims over art applied, to the extent such is deemed necessary. An hour of time in a structured planned interview should be sufficient to accomplish this, and in those rare instances where it is not, a patent owner may show cause to extend the time. During the interview, the examiner is always free to extend the duration of the interview to discuss issues that the examiner deems appropriate for (further) discussion. Such an extension of the duration of the interview is permitted at the examiner's sole discretion.

Only one interview may be requested after an Office action and prior to filing the response to that action, absent a showing of good cause to conduct a second interview during this period. The showing of good cause will explain why the information to be presented could not have been presented sooner, given the statutory requirement for "special dispatch" in reexamination. It is to be noted that a party requesting a second interview after final rejection must provide an advance showing that would "convince" a reasonable examiner that "it will expedite the issues for appeal or disposal of the application." See MPEP § 713.09.

**PATENT OWNER'S STATEMENT OF THE INTERVIEW**

In every instance of an interview with the examiner, a patent owner's statement of the interview, including a complete written statement of the reasons presented at the interview as warranting favorable action, **must** be filed by the patent owner. 37 CFR 1.560(b). The written statement must be filed either as a separate paper within one month after the date of the interview, or as a separate part of a response to an outstanding Office action, whichever is later.

The requirement for a patent owner's statement of the interview cannot be waived by the examiner. It should be noted that, pursuant to 37 CFR 1.550(d), the failure to file a written statement of an interview as required under 37 CFR 1.560(b) will result in the termination of the reexamination prosecution (in the same way that failure to timely respond to an Office action results in the termination of the reexamination prosecution).

## 2282 Notification of Existence of Prior or Concurrent Proceedings and Decisions Thereon [R-07.2015]

*37 CFR 1.565 Concurrent office proceedings which include an ex parte reexamination proceeding.*

(a) In an *ex parte* reexamination proceeding before the Office, the patent owner must inform the Office of any prior or concurrent proceedings in which the patent is or was involved such as interferences, reissues, *ex parte* reexaminations, *inter partes* reexaminations, or litigation and the results of such proceedings. See § 1.985 for notification of prior or concurrent proceedings in an *inter partes* reexamination proceeding.

*****

It is important for the Office to be aware of any prior or concurrent proceedings in which a patent undergoing *ex parte* reexamination is or was involved, and any results of such proceedings. In accordance with 37 CFR 1.565(a), the patent owner is required to provide the Office with information regarding the existence of any such proceedings, and the results thereof, if known. This requirement includes supplemental examination proceedings and reviews before the Patent Trial and Appeal Board in addition to the examples provided in 37 CFR 1.565(a) reproduced above. Ordinarily, no submissions of any kind by third parties filed after the date of the order are entered into the reexamination or patent file while the reexamination proceeding is pending. However, in order to ensure a complete file, with updated status information regarding prior or concurrent proceedings regarding the patent under reexamination, the Office will, at any time, accept from any parties, for entry into the reexamination file, copies of notices of suits and other proceedings involving the patent and copies of decisions or papers filed in the court from