# Exhibit 83

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KOVE IO, INC., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-08175 |
| ) | |
| AMAZON WEB SERVICES, INC., ) | Hon. Matthew Kennelly |
| ) | |
| Defendant. ) | |
| ) | **HIGHLY CONFIDENTIAL** |

**FIRST AMENDED FINAL NONINFRINGEMENT CONTENTIONS OF
DEFENDANT AMAZON WEB SERVICES, INC.**

Pursuant to the Local Patent Rules, the Court's February 25, 2022 Minute Entry (Dkt. No. 512) granting Motions to Amend Final Infringement and Invalidity Contentions (Dkt. Nos. 508, 510, and 511)), the Parties' agreement on amending contentions, and in light of the Court's December 17, 2021 Claim Construction Memorandum Opinion and Order (Dkt. No. 484), Defendant Amazon Web Services, Inc. ("Amazon") provides the following First Amended Final Noninfringement Contentions to Plaintiff Kove IO, Inc. ("Kove") for the Asserted Claims of the Patents-in-Suit, as defined herein. This disclosure contains the information required by LPR 3.2 and 2.3(a).

## I. RESERVATIONS OF RIGHTS

These noninfringement contentions are limited to the Asserted Claims, which Amazon defines as the claims identified in Kove's Third Amended Final Infringement Contentions for U.S. Patent Nos. 7,814,170 ("the '170 patent"), 7,103,640 ("the '640 patent"), and 7,233,978 ("the '978 patent") (collectively the "Patents-in-Suit"). In its infringement contentions, Kove identifies the following Asserted Claims:

'170 Patent: claims 1, 2, 6, 8, 12, 15

'640 Patent: claims 17, 18, 24

'978 Patent: claims 1, 3, 6, 10, 14, 17, 23, 24, 30, 31

However, because Kove listed claim 12 as an asserted claim, which depends from claim 9 and is identified in Kove's Exhibit B, Amazon provides noninfringement contentions for claim 9 and claim 12. And Amazon provides noninfringement contentions for the remainder of the Asserted Claims that Kove identified.

These contentions are necessarily limited because Kove has not properly identified any Amazon product or service as infringing any Asserted Claim of any of the Patents-in-Suit with

the specificity required by the Local Patent Rules. The deficiencies in Kove's Final Infringement Contentions, First Amended Final Infringement Contentions, Second Amended Final Infringement Contentions, and Third Amended Final Infringement Contentions have impeded Amazon's ability to understand how Kove contends Amazon's S3 and DynamoDB infringe the asserted claims. Amazon, therefore, reserves the right to supplement and/or amend these contentions in the event Kove provides additional information.

These contentions are based on Amazon's current knowledge, understanding, and belief based on the facts and information available at this time and are subject to supplementation and/or amendment as provided in the Local Rules, the Federal Rules of Civil Procedure, and/or any order of this Court. Amazon has not yet completed its investigation, collection of information, or analysis, and reserves the right to supplement and/or amend these contentions.

These contentions are based on Amazon's present understanding of Kove's interpretation of the Asserted Claims as advanced by Kove in its Third Amended Final Infringement Contentions.

Amazon reserves the right to supplement and/or amend these contentions based on claim construction rulings or arguments made in support thereof. In particular, Kove has made certain statements regarding the Patents-in-suit during related *ex parte* reexaminations of the Patents-in-Suit that materially alter the scope of the Asserted Claims. And the Court has allowed presentation of Amazon's additional claim construction positions during motions for summary judgment (Dkt. No. 580). The noninfringement contentions do not incorporate those claim construction positions since the parties have agreed to serve those contentions at a later date. Nothing in these contentions should be deemed to be an admission or contention with respect to the proper construction or scope of any terms in the Asserted Claims.

Amazon's noninfringement contentions contain pinpoint citations to source code demonstrating that Kove's infringement contentions are incorrect. Amazon reserves the right to rely on the source code files in Amazon's appendix to explain the operation of Amazon's software. In addition, Amazon reserves the right to cite any source code files cited by Kove, or source code files that are dependencies or inputs into to those files.

## II.  AMAZON'S S3 AND DYNAMODB DO NOT INFRINGE ANY CLAIM OF THE PATENTS-IN-SUIT

Neither of the accused Amazon systems, S3 or DynamoDB, infringes any claim of any of the three Patents-in-Suit. As explained in the accompanying claim charts, Exhibits A through E, Kove has not met its burden of proving either product satisfies each limitation of any of the Asserted Claims. In the accompanying claim charts, Exhibits A-E, Amazon provides a detailed response to Kove's contentions, as follows:

Exhibit A: Amazon S3 Does Not Infringe Claims 1 and 2 of the '170 Patent;

Exhibit B: Amazon DynamoDB Does Not Infringe Claims 1, 2, 6, 8, 9, 12, and 15 of the '170 Patent;

Exhibit C: Amazon DynamoDB Does Not Infringe Claims 17, 18, and 24 of the '640 Patent;

Exhibit D: Amazon S3 Does Not Infringe Claims 1, 6, 17, 23, 24, 30, and 31 of the '978 Patent; and

Exhibit E: Amazon DynamoDB Does Not Infringe Claims 1, 3, 6, 10, 14, 17, 23, 24, 30, and 31 of the '978 Patent.

Kove is not entitled to any damages both because it cannot establish that Amazon infringed any claim of any of the Patents-in-Suit, and because it has not proven damages. Amazon will provide additional bases for its damages position in its damages expert reports as set forth by the Court's case schedule (Dkt. No. 582).

## III.  AMAZON'S S3 AND DYNAMODB DO NOT DIRECTLY OR INDIRECTLY INFRINGE ANY CLAIM OF THE PATENTS-IN-SUIT

The accompanying claim charts, Exhibits A-E, explain why Amazon's S3 and DynamoDB systems do not directly infringe any Asserted Claim of any of the Patents-in-Suit. Kove has also not established that Amazon indirectly infringes any of these claims under 35 U.S.C. § 271(b).

### A. Kove Has Not Established That Amazon Induced Infringement Of Any Claim Of The Patents-In-Suit

Kove has offered no evidence of induced infringement. Kove has not established that (1) Amazon actively encouraged infringement, (2) Amazon knew that the acts Amazon purportedly induced constituted patent infringement, or (3) the alleged encouraging acts actually resulted in direct patent infringement.

As explained in the accompanying claim charts, Kove has not established direct infringement. In addition, the materials Kove cites in its Third Amended Final Infringement Contentions do not show that Amazon actively encouraged any third party to infringe. None of those materials refers to the Patents-in-Suit or to any claim elements that Kove must prove to establish direct infringement. At most, Kove's cited documents explain how a potential user can use certain features of Amazon's S3 and DynamoDB systems. These materials do not show either active encouragement of infringement or knowledge by anyone at Amazon that the acts purportedly induced would constitute direct patent infringement. And Kove has not established that Amazon had the requisite knowledge of the Patents-in-Suit for induced infringement.

In addition, Kove fails to identify a person or organization that it contends Amazon induced to infringe. Without such proof, Kove has not established induced infringement.

### B. Kove Has Not Established That Amazon Contributorily Infringed Any Claim Of The Patents-In-Suit

Kove has offered no evidence of contributory infringement. Contributory infringement

requires proof that (1) direct infringement exists, (2) the accused infringer knew the combination of its own components with those of a third party was both patented and infringing, (3) the Amazon components have no substantial noninfringing uses, and (4) the components are a material part of the invention. Kove does not establish any of these requirements.

As explained in the accompanying claim charts, Kove has not established direct infringement. In addition, the materials Kove cites in its Third Amended Final Infringement Contentions do not show that Amazon or any individual at Amazon knew that the combination of S3's or DynamoDB's software with acts or components of a third party were patented or infringing. Nor has Kove even attempted to establish that Amazon's software has no substantial noninfringing uses or that any features of S3 or DynamoDB are a material part of the claimed inventions. Kove offers only conclusory statements on these elements without supporting reasoning or evidence. And Kove has not established that Amazon had the requisite knowledge of the Patents-in-Suit for contributory infringement.

Dated: February 23, 2023    Respectfully Submitted,

Amazon WEB SERVICES, INC.

By: */s/ Jeffrey M. Saltman*

Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Lisa N. Phillips (*pro hac vice*)
*lisa.phillips@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Suite 400
Washington, DC 20015

202.362.3500

*Attorneys for Defendant Amazon Web Services, Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 23, 2023, the foregoing First Amended Final Noninfringement Contentions of Defendant Amazon Web Services, Inc., was electronically served on counsel of record via email.

>  */s/ Jeffrey M. Saltman*
>  Jeffrey M. Saltman

# Appendix A: Additional Source Code File Citations

S3 and DynamoDB consist of numerous source code files working together. Although Amazon's responses to Kove's Third Amended Final Infringement Contentions identify the specific lines of code supporting Amazon's First Amended Final Noninfringement Contentions, that code interacts with other source code files, including the files listed below. To explain the operation of Amazon's software, Amazon reserves the right to cite these source code files. In addition, Amazon reserves the right to cite any source code files cited by Kove, or source code files that are dependencies or inputs into to those files.

I. S3



