# Exhibit 89

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC.,<br><br>            Plaintiff,<br><br>v.<br><br>AMAZON WEB SERVICES, INC.,<br><br>            Defendant. | Civil Action No. 1:18-cv-08175<br><br>Hon. Matthew F. Kennelly<br><br>Jury Trial Demanded |

**REBUTTAL EXPERT REPORT OF ANANTH GRAMA REGARDING
U.S. PATENT NOS. 7,103,640, 7,233,978, AND 7,814,170**

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

**TABLE OF CONTENTS**

I. INTRODUCTION AND BACKGROUND ........................................................................1
   A. Qualifications ........................................................................................................3
   B. Other Matters ........................................................................................................8
   C. Compensation ........................................................................................................8
   D. Materials Reviewed ...............................................................................................8
II. PERSON OF ORDINARY SKILL IN THE ART ............................................................9
III. STATE OF THE ART .....................................................................................................12
   A. References Considered .......................................................................................12
   B. Technology Background ....................................................................................15
      1. Distributed Database Management ............................................................15
      2. The Oracle Database Management System ...............................................17
      3. Cloud Computing ......................................................................................23
      4. Load Balancing .........................................................................................24
      5. Data Organization .....................................................................................26
        a. Range Partitioning ............................................................................26
        b. Round-Robin ....................................................................................28
        c. Hashing .............................................................................................29
      6. Caching .....................................................................................................30
      7. Re-Routing Requests ................................................................................32
        a. Forwarding .......................................................................................33
        b. Redirection .......................................................................................33
      8. Domain Name Services ............................................................................35
   C. Known Technologies in the State of the Art ......................................................36
IV. KOVE AND THE ASSERTED PATENTS ....................................................................39
   A. Kove .....................................................................................................................39
   B. General Description of the Asserted Patents ......................................................41
   C. Priority Date ........................................................................................................45
   D. Summary of the Asserted Claims .......................................................................47
V. AMAZON AND THE ACCUSED PRODUCTS .............................................................53
   A. Simple Storage Service ("S3") ............................................................................56
   B. DynamoDB ("DDB") ..........................................................................................63
VI. EXAMINATION HISTORY OF THE ASSERTED PATENTS .....................................69
   A. History of the '640 Patent ...................................................................................70
   B. History of the '978 Patent ...................................................................................73
   C. History of the '170 Patent ...................................................................................78
VII. SOURCE CODE REVIEW .............................................................................................81
VIII. TESTING OF THE ACCUSED AMAZON PRODUCTS .............................................84

IX. BACKGROUND ON PATENT LAW ..................................................................................................99

X. CLAIM CONSTRUCTION ............................................................................................................101

    A. The Court's Constructions................................................................................................ 101

    B. Additional Construction Is Required Due to Kove's Limiting Statements In The *Ex Parte* Reexaminations. ................................................................................................................. 103

XI. AMAZON DOESN'T INFRINGE THE ASSERTED CLAIMS UNDER THE CURRENT CLAIM CONSTRUCTIONS. ........................................................................................................................110

    A. DDB Doesn't Infringe the Asserted Claims. .................................................................... 111
        1. DDB Does Not Use the Required "Identifier-Location" Associations.....................111
        2. DDB Lacks the Required "Location Server." ........................................................ 114
        3. DDB Doesn't Use the Required Hashing Methods. ................................................ 117
        4. DDB Doesn't Use the Required Redirect Messages. ............................................. 119
        5. DDB Doesn't Infringe the Transfer Claims. ........................................................... 123

    B. S3 Doesn't Infringe the S3 Asserted Claims. ................................................................... 126
        1. S3 Does Not Use the Claimed "Identifier-Location" Associations. ....................... 127
        2. S3 Lacks the Claimed "Location Server." .............................................................. 131
        3. S3 Doesn't Use the Required Hashing Methods. ................................................... 138
        4. S3 Doesn't Use the Required Redirect Messages. ................................................. 141
        5. S3 Doesn't Infringe the Transfer Claims. ............................................................... 144

XII. AMAZON DOESN'T INFRINGE THE ASSERTED PATENTS UNDER THE ADDITIONAL PROPOSED CLAIM CONSTRUCTIONS .................................................................................................................152

    A. DDB Doesn't Infringe the Asserted Claims. .................................................................... 153
        1. DDB Is Hierarchical................................................................................................ 153
        2. DynamoDB Has No Location Servers That Can Respond To Any Request On The Network. ........... 157
        3. DynamoDB Requires More Than Two Hops To Obtain Some Location Information......................... 158

    B. S3 Doesn't Infringe the S3 Asserted Claims. ................................................................... 161
        1. S3 Is Hierarchical. ................................................................................................... 161
        2. S3 Has No Location Servers That Can Respond To Any Request On The Network. ......................... 168
        3. S3 Requires More Than Two Iterations To Locate Data........................................ 170

XIII. AMAZON DOESN'T INFRINGE THE ASSERTED PATENTS UNDER THE DOCTRINE OF EQUIVALENTS ................................................................................................................................176

    A. S3 Doesn't Infringe the Asserted Patents Under the Doctrine of Equivalents. ..................... 176

    B. DDB Doesn't Infringe the Asserted Patents Under the Doctrine of Equivalents. ................. 180

XIV. ANY ALLEGED BENEFITS ASSOCIATED WITH THE ASSERTED PATENTS ARE LIMITED ........184

    A. The Scope of The Asserted Patents Is Limited. ................................................................ 187

    B. The Scope Of The Redirect Claims Is Narrow And The Benefits Are Limited. .................... 190

    C. The Scope Of The Hashing Claims Is Narrow And The Benefits Are Limited. .................... 192

    D. The Scope of The Transfer Claims Is Narrow And The Benefits Are Limited. ..................... 194

    E. The Benefits of The Asserted Patents to S3 Are Minimal. ............................................... 195
        1. Dr. Goodrich's Determination of the Average BM Lookup Time. .........................200
        2. Dr. Goodrich's Estimates of BM Performance at Higher Percentiles. ................... 204
        3. Dr. Goodrich's Cost of BM Capacity without the Kache............................................ 208

    4.   Dr. Goodrich's Availability and Over-provisioning......................................................................209
    5.   Dr. Goodrich's Analysis of the S3 Metrics Ignores that Amazon Could Have Used a Different Cache Design Rather than Serving all Requests from the Brick Manager Fleet. ..................................................211
  F.   Dr. Goodrich's Analysis of The DDB Metrics Is Also Flawed............................................. 214
    1.   Dr. Goodrich's Assumptions on a PMC Removed System are Incorrect................................216
    2.   Dr. Goodrich Inflates The Importance of Certain Characteristics of DDB. ........................218

XV.  AMAZON'S PRODUCED PATENT PURCHASE AGREEMENTS AND LICENSES INVOLVE SIMILAR TECHNOLOGY THAT IS COMPARABLE TO THE ASSERTED PATENTS......................................222
  A.   ███████████████████████████ ............................................................................. 223
  B.   ███████████████████████████ ............................................................................. 225
  C.   ████████████████████████████████████ ........................................ 227
  D.   ██████████████ .................................................................................................................. 229
  E.   ██████████████████████████████████████████ ........................ 230
  F.   ███████████████████████████ ............................................................................. 231
  G.   ████████████████████████████████████ Patent License Agreement ......................................................................................................................... 233
  H.   ████████████████████ ....................................................................................... 235
  I.   ████████████████████████████████ ............................................................. 236
  J.   ████████████████████████ ............................................................................... 239

XVI.  NON-INFRINGING ALTERNATIVES EXISTED FOR THE ASSERTED CLAIMS OF THE ASSERTED PATENTS. ..............................................................................................................................................240
  A.   There Were Multiple Non-Infringing Alternatives Available For S3. .................................. 242
  B.   There Were Multiple Non-Infringing Alternatives Available For DDB. .............................. 244

**I.     INTRODUCTION AND BACKGROUND**

1.     I have been retained in the above-captioned matter by Amazon Web Services, Inc. ("Amazon" or "Defendant") to investigate and opine on certain issues relating to U.S. Patent Nos. 7,814,170[1] ("the '170 patent"), 7,103,640[2] ("the '640 patent"), and 7,233,978[3] ("the '978 patent") (collectively, the "Asserted Patents") that Kove IO, Inc. ("Kove" or "Plaintiff") has asserted against Amazon's Simple Storage Service ("S3") and DynamoDB ("DDB") (together, the "Accused Products").

2.     Per Kove's March 2, 2023 Fourth Amended Final Infringement Contentions, Kove has asserted claims 1, 2, 6, 8, 12, and 15 of the '170 patent, claims 17, 18, and 24 of the '640 patent, and claims 3, 6, 10, 14, 17, 23, 24, and 30 of the '978 patent (the "Asserted Claims") against at least one of the Accused Products. For DDB, Kove has asserted all of these claims, while for S3, Kove only asserts claims 1 and 2 of the '170 patent and claims 6, 17, 23, 24, and 30 of the '978 patent (the "S3 Asserted Claims").[4] Dr. Goodrich offers the conclusion that S3 directly infringes claims 17, 18, and 24 of the '640 patent, but this appears to be an error, as he only provides analysis of S3's alleged infringement of the S3 Asserted Claims, consistent with Kove's infringement contentions.[5] Accordingly, I have limited my analysis to the asserted claims in this case that Dr. Goodrich actually analyzed. To the extent Dr. Goodrich supplements his opinions, I reserve the right to provide corresponding supplemental analysis.

---

[1] KOV_00197981.
[2] KOV_00038863.
[3] KOV_00059914.
[4] Ex. A and D to Kove's March 2, 2023 Fourth Amended Final Infringement Contentions.
[5] Goodrich Report, p.1 and Ex. D.

3. As detailed in this report, I have come to the following opinions:

   a. S3 doesn't infringe directly or under the doctrine of equivalents any of the S3 Asserted Claims using the current claim constructions;

   b. S3 doesn't infringe directly or under the doctrine of equivalents any of the S3 Asserted Claims using Amazon's additional proposed claim constructions;

   c. DDB doesn't infringe directly or under the doctrine of equivalents any of the Asserted Claims using the current claim constructions;

   d. DDB doesn't infringe directly or under the doctrine of equivalents any of the Asserted Claims using Amazon's additional proposed claim constructions;

   e. Amazon's additional proposed claim constructions are correct and warranted;

   f. The Asserted Claims are narrow and have limited benefits;

   g. Licenses and purchase agreements produced by Amazon include technology similar to the technology of the Asserted Patents; and

   h. There were multiple available and acceptable non-infringing alternatives to the Asserted Claims.

4. The above opinions reflect my own personal knowledge and experience, independent analysis, personal review of relevant materials, and independent judgment. My opinions and explanations are consistent with the general knowledge and understanding of the field. As a result, portions of this report may be substantially similar to opinions and statements in reports or declarations authored by other experts relating to the present technology or the Asserted Patents.

5. My report and opinions are based on the presently known facts and history of the Asserted Patents, Asserted Claims, and Accused Products. I reserve the right to supplement or

technology disclosed in this patent relates to security in networking. It relates to receiving data between parties, and keys are used to encrypt data on each side.

520. The technology described in this patent provides availability, durability, and performance to network connections and routing. Indeed, Mr. Hayden stated that the '730 patent teaches "how you store, locate, index, [and] retrieve data that could be encrypted into, for example, S3."[691] But because this patent is focused on security, they are less comparable than the patents in other agreements I have reviewed. But it still generally relates to the idea of how you store and locate data, as Mr. Hayden identified.

## XVI. NON-INFRINGING ALTERNATIVES EXISTED FOR THE ASSERTED CLAIMS OF THE ASSERTED PATENTS.

521. I understand that alternative technologies or design choices that could have been implemented and that don't infringe the asserted claims are referred to as non-infringing alternatives. As expressed throughout this report, it is my opinion that Amazon doesn't infringe the Asserted Patents. Nonetheless, in analyzing potential non-infringing alternatives, I have been asked to assume that Amazon infringes the Asserted Patents based on Kove's infringement theories.

522. I understand that non-infringing alternatives to an infringing product or service must be feasible and acceptable. I understand that the feasibility of a non-infringing alternative includes whether the defendant, at the time of first alleged infringement could have readily implemented the alternative, whether the alternative was well known in the field, and whether the defendant had the necessary know-how to make or use the non-infringing alternative. I further un-

---

[691] 4/24/2023 S. Hayden Dep. Tr. at 182:17-183:2.

derstand that non-infringing alternatives are not required to have existed at the time of first infringement. Rather, a defendant must demonstrate merely that the alternative was more than a theoretical possibility, and that the alternative was acceptable.

523. For each of the following non-infringing alternatives, I have analyzed them for both acceptability of performance and availability to Amazon at the time. I have determined that all of them would have been both easy to implement with only coding changes and no additional hardware. This aligns with the testimony I have read from the engineering teams and in Amazon's interrogatory responses, which explained that all of these code changes to S3 would have been inexpensive to implement at the time of first infringement.[692] Based on my analysis of these alternatives, Amazon could have implemented the alternatives for S3 in no more than 20 days of a senior programmer's time. And Amazon could have implemented the alternatives for DDB in no more than 34 days of a senior programmer's time. And senior programmers would charge from between $250 and $500 per hour for their time. For example, Amazon's Tim Rath testified that some of these implementations were so simple that if he "were actually modifying the code to do this, [he] could probably modify the code to do this within one day [by him]self.").[693] Further, Amazon's James Hamilton confirmed that there are "certainly" "a bunch of S3 clones out there that are easy to point to" that seek to "clone the S3 interface and attempt to implement the same thing that S3 is."[694] And Mr. Hamilton confirmed that these viable alternatives to S3 have been

---

[692] Supplemental and Amended Responses to Plaintiff's First Set of Interrogatories (Nos. 1-6), dated April 13, 2023, p. 20.

[693] 05/05/23 T. Rath Dep. Tr. at 252:15-253:13.

[694] 04/27/23 J. Hamilton Dep. Tr. at 178:21-179:18.

implemented by companies with limited resources.[695] Allan Vermeulen also confirmed that, during the initial development of S3, different components from viable alternatives, such as S4, could have been implemented in the design of S3.[696]

524. I have also determined that any change in performance would be insignificant. In fact, in some applications, the changes could improve S3 and DDB for the customer.

### A. There Were Multiple Non-Infringing Alternatives Available For S3.

525. I understand that for S3 the earliest date of alleged first infringement was June 19, 2007. Based on my analysis of the Asserted Claims and the S3 product, there were multiple ways to change the system to implement non-infringing alternatives at that time. From my review of the deposition testimony and my own experience coding and revising code, I further understand that these software changes would have been implementable with minimal burden on Amazon and could have been achieved quickly. I discuss some of these alternatives below and have discussed some above, as well.[697]

526. For example, claim 1 of the '170 patent and its dependents require that a "portion of the data location information included in a . . . data location server[] is based on a hash function used to organize the data location information across the plurality of data location servers." Kove contends that the consistent hasher used in S3 satisfies this limitation. As I have explained, S3

---

[695] See 04/27/23 J. Hamilton Dep. Tr. at 183:8-21 ("It's remarkable how small companies can produce great results. And so if you look at some of those clones, like I mentioned R2, it's actually a relatively small company. And so the engineering resources they will have put into it are not extraordinary.")

[696] See, e.g., 05/23/23 A. Vermeulen Dep. Tr. at 41:16-21 ("So could we have started from a different place where we had some of the S4 components. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Would that have worked? Sure.")

[697] See Sections XIV.E.5., XIV.F.1.

551. I declare that all statements made herein of my knowledge are true, and that all statements made on information and belief are believed to be true, and that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code.

Dated: 8/18/2023

Dr. Ananth Grama