# Exhibit 101

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 1:18-cv-08175 |
| AMAZON WEB SERVICES, INC., ) | |
| ) | Hon. Rebecca R. Pallmeyer |
| Defendant. ) | |
| ) | |
| ) | |

**FINAL NONINFRINGEMENT CONTENTIONS OF
DEFENDANT AMAZON WEB SERVICES, INC.**

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
(202) 639-6000
aunikowsky@jenner.com

Terri L. Mascherin
Timothy J. Barron
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
tmascherin@jenner.com
tbarron@jenner.com
mwerner@jenner.com

*Attorneys for Amazon Web Services, Inc.*

Pursuant to the Local Patent Rules, the Report of Parties' Planning Meeting and Agreed Case Schedule (Dkt. 54), and the Amended Scheduling Orders (Dkts. 114-115, 128, 137, 167, 180), Defendant Amazon Web Services, Inc. ("AWS") provides the following Final Noninfringement Contentions to Plaintiff Kove IO, Inc. ("Kove") for the Asserted Claims of the Patents-in-Suit, as defined herein. This disclosure contains the information required by LPR 3.2 and 2.3(a).

## I.  RESERVATIONS OF RIGHTS

These noninfringement contentions are limited to the Asserted Claims, which AWS defines as the claims identified in Kove's Second Amended Final Infringement Contentions for U.S. Patent Nos. 7,814,170 ("the '170 patent"), 7,103,640 ("the '640 patent"), and 7,233,978 ("the '978 patent") (collectively the "Patents-in-Suit"). In all three versions of its final infringement contentions, Kove provided claim charts for claims 1, 2, 6, 8, 9, 12, and 15 of the '170 patent, claims 17, 18, and 24 of the '640 patent, and claims 1, 3, 6, 10, 14, 17, 23, 24, 30, and 31 of the '978 patent. Kove dropped its assertion with respect to claim 17 of the '170 patent, which was listed in its Identification of Asserted Claims dated December 2, 2019. Kove did not list claim 9 of the '170 patent in its December 2, 2019 identification of asserted claims or its February 13, 2020 and June 1, 2020 final infringement contentions cover pleadings and, thus, AWS understands that claim 9 of the '170 patent is not asserted. However, because Kove listed claim 12, which depends from claim 9, as an asserted claim, AWS provides noninfringement contentions for claim 9 and claim 12. AWS does not provide noninfringement contentions for claim 17 of the '170 patent in its Exhibit B because Kove expressly abandoned its infringement contentions for that claim.

These contentions are necessarily limited because Kove has not properly identified any AWS product or service as infringing any Asserted Claim of any of the Patents-in-Suit with the specificity required by the Local Patent Rules. The deficiencies in Kove's Final Infringement Contentions, First Amended Final Infringement Contentions, and Second Amended Final Infringement Contentions have impeded AWS's ability to understand how Kove contends AWS's S3 and DynamoDB infringe the asserted claims. AWS, therefore, reserves the right to supplement and/or amend these contentions in the event AWS's pending motion to compel is granted and/or Kove provides this required information.

These contentions are based on AWS's current knowledge, understanding, and belief based on the facts and information available at this time and are subject to supplementation and/or amendment as provided in the Local Rules, the Federal Rules of Civil Procedure, and/or any order of this Court. AWS has not yet completed its investigation, collection of information, or analysis, and reserves the right to supplement and/or amend these contentions.

These contentions are based on AWS's present understanding of Kove's interpretation of the Asserted Claims as advanced by Kove in its Second Amended Final Infringement Contentions. Nothing in these contentions should be regarded as necessarily reflecting the proper construction of the claims or a construction of the claims AWS agrees with or proposes. AWS disputes Kove's apparent claim constructions and intends to propose alternative constructions.

AWS reserves the right to supplement and/or amend these contentions based on claim construction rulings or arguments made in support thereof. Nothing in these contentions should be deemed to be an admission or contention with respect to the proper construction or scope of any terms in the Asserted Claims.

AWS's noninfringement contentions contain pinpoint citations to source code demonstrating that Kove's infringement contentions are incorrect. AWS reserves the right to rely on the source code files in AWS's appendix to explain the operation of AWS's software. In addition, AWS reserves the right to cite any source code files cited by Kove, or source code files that are dependencies or inputs into to those files.

## II. AMAZON'S S3 AND DYNAMODB DO NOT INFRINGE ANY CLAIM OF THE PATENTS-IN-SUIT

Neither of the accused AWS systems, S3 or DynamoDB, infringes any claim of any of the three Patents-in-Suit. As explained in the accompanying claim charts, Exhibits A through E, Kove has not met its burden of proving either product satisfies each limitation of any of the Asserted Claims. In the accompanying claim charts, Exhibits A-E, AWS provides a detailed response to Kove's contentions, as follows:

Exhibit A: AWS S3 Does Not Infringe Claims 1 and 2 of the '170 Patent;

Exhibit B: AWS DynamoDB Does Not Infringe Claims 1, 2, 6, 8, 9, 12, and 15 of the '170 Patent;

Exhibit C: AWS DynamoDB Does Not Infringe Claims 17, 18, and 24 of the '640 Patent;

Exhibit D: AWS S3 Does Not Infringe Claims 1, 6, 17, 23, 24, 30, and 31 of the '978 Patent; and

Exhibit E: AWS DynamoDB Does Not Infringe Claims 1, 3, 6, 10, 14, 17, 23, 24, 30, and 31 of the '978 Patent.

Kove is not entitled to any damages both because it cannot establish that AWS infringed any claim of any of the Patents-in-Suit, and because it has not proven damages. AWS will provide additional bases for the absence of any damages after Kove offers its theories of damages.

### III. AMAZON'S S3 AND DYNAMODB DO NOT DIRECTLY OR INDIRECTLY INFRINGE ANY CLAIM OF THE PATENTS-IN-SUIT

The accompanying claim charts, Exhibits A-E, explain why AWS's S3 and DynamoDB systems do not directly infringe any Asserted Claim of any of the Patents-in-Suit. Kove has also not established that AWS indirectly infringes any of these claims under 35 U.S.C. § 271(b).

#### A. Kove Has Not Established That AWS Induced Infringement Of Any Claim Of The Patents-In-Suit

Kove has offered no evidence of induced infringement. Kove has not established that (1) AWS actively encouraged infringement, (2) AWS knew that the acts AWS purportedly induced constituted patent infringement, or (3) the alleged encouraging acts actually resulted in direct patent infringement.

As explained in the accompanying claim charts, Kove has not established direct infringement. In addition, the materials Kove cites in its Second Amended Final Infringement Contentions do not show that AWS actively encouraged any third party to infringe. None of those materials refers to the Patents-in-Suit or to any claim elements that Kove must prove to establish direct infringement. At most, Kove's cited documents explain how a potential user can use certain features of Amazon's S3 and DynamoDB systems. These materials do not show either active encouragement of infringement or knowledge by anyone at AWS that the acts purportedly induced would constitute direct patent infringement.

In addition, Kove fails to identify a person or organization that it contends AWS induced to infringe. Without such proof, Kove has not established induced infringement.

#### B. Kove Has Not Established That AWS Contributorily Infringed Any Claim Of The Patents-In-Suit

Kove has offered no evidence of contributory infringement. Contributory infringement requires proof that (1) direct infringement exists, (2) the accused infringer knew the combination

of its own components with those of a third party was both patented and infringing, (3) the AWS components have no substantial noninfringing uses, and (4) the components are a material part of the invention. Kove does not establish any of these requirements.

As explained in the accompanying claim charts, Kove has not established direct infringement. In addition, the materials Kove cites in its Second Amended Final Infringement Contentions do not show that AWS or any individual at AWS knew that the combination of S3's or DynamoDB's software with acts or components of a third party were patented or infringing. Nor has Kove even attempted to establish that AWS's software has no substantial noninfringing uses or that any features of S3 or DynamoDB are a material part of the claimed inventions. Kove offers only conclusory statements on these elements without supporting reasoning or evidence.

August 13, 2020

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
(202) 639-6000
aunikowsky@jenner.com

Respectfully submitted,

/s/ Terri L. Mascherin

Terri L. Mascherin
Timothy Barron
Michael T. Werner
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
tmascherin@jenner.com
tbarron@jenner.com
mwerner@jenner.com

*Attorneys for Amazon Web Services, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2020, I caused a true and correct copy of the foregoing:

**FINAL NONINFRINGEMENT CONTENTIONS
OF DEFENDANT AMAZON WEB SERVICES, INC.**

to be served on all counsel of record via electronic mail and pursuant to Federal and local rules.

    /s/ Timothy J. Barron
    Timothy J. Barron
    JENNER & BLOCK LLP
    353 N. Clark St.
    Chicago, IL 60654
    (312) 222-9350

# Appendix A: Additional Source Code File Citations

S3 and DynamoDB consist of numerous source code files working together. Although AWS's responses to Kove's Infringement Contentions identify the specific lines of code supporting AWS's noninfringement contentions, that code interacts with other source code files, including the files listed below. To explain the operation of AWS's software, AWS reserves the right to cite these source code files. In addition, AWS reserves the right to cite any source code files cited by Kove, or source code files that are dependencies or inputs into to those files.

**I.     S3**



