**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KOVE IO, INC., | Civil Action No. 1:18-cv-08175 |
| Plaintiff, | Judge Matthew F. Kennelly |
| v. | Jury Trial Demanded |
| AMAZON WEB SERVICES, INC., | |
| Defendant. | |

**[JOINT] SCHEDULE**

Plaintiff Kove IO, Inc. ("Kove") and Defendant Amazon Web Services, Inc. ("Amazon") (collectively, the "Parties") submit this joint proposed schedule for *Daubert* Motions, Motions *in Limine*, and Pretrial exchanges.

## I.     Pending Motions

**Kove's Position:** On September 8, 2023, Kove filed a Motion for Sanctions for Spoliation of Evidence.   Dkt. 679.   On September 13, the Court stayed "[b]riefing on the motion for sanction…pending resolution of dispositive motions." Dkt. 681.

Kove's Motion details AWS's spoliation of evidence under Rule 37(e)(1).  As relief for AWS's sanctionable conduct, Kove requested that the Court provide a curative instruction on AWS's spoliation, preclude AWS and its experts from challenging extrapolations Kove's expert made to account for the spoliated data (including by striking those arguments from AWS's expert report), and award Kove's costs and fees for bringing the motion.  These are appropriate remedies under Rule 37.  Fed. R. Civ. P. 37(e)(1), 2015 Advisory Committee Notes (sanctions for spoliation can include "forbidding the party that failed to preserve information from putting on certain

information" or "exclud[ing] a specific item of evidence to offset prejudice"). The sanctions motion is not a *Daubert* motion, which involves determining the reliability and validity of an expert's methodology under Rule 702. Thus, AWS's attempt to reframe the spoliation motion as a *Daubert* is baseless and is a tactical maneuver to limit Kove's actual *Daubert* motions. The sanctions motion deals with AWS's misconduct, not the qualifications or scientific basis for its expert's opinions. AWS's assertion that the motion is untimely is an argument on the merits of the motion, which should be taken up with the briefing, not as bar to filing the motion in the first place. In all events, AWS is incorrect—Kove's motion details the timeline of events, including AWS's request that Kove wait to file its motion until after expert reports were served.

Additionally, Kove has identified a small number of clerical errors in its filed brief and will move for leave to file a corrected version when the stay on briefing is lifted or as soon as the Court otherwise permits.

**Amazon's Position:** Kove's position confirms that its motion for sanctions is untimely. Kove filed the motion seeking discovery sanctions nearly 2.5 years after Kove learned of the metrics retention period, more than four months after the close of discovery (May 5, 2023), and five months after the April 7, 2023 Court-ordered filing date for any further motions relating to fact discovery. *See* Dkt. 611. Kove only sought to discuss the issue after that May 5 discovery deadline, and Amazon raised in that meet and confer that expert reports could moot it, thus avoiding the consumption of Court and party resources on unnecessary motions practice. But that post-discovery meet and confer doesn't make Kove's motion timely. Indeed, Kove should have filed its motion promptly after learning about the issue over two years earlier, with discovery ongoing and potential ways to ameliorate any purported prejudice available. Instead, Kove waited five months after the Court-ordered April 7, 2023 filing deadline and four months after the close of fact

discovery to file. As the motion is untimely, it should not be considered after the Court resolves the summary judgment motions.

Should the Court nonetheless consider the motion, its pages should count for the briefing on *Daubert* motions and motions to strike. The motion seeks an order striking portions of Amazon's expert's report purportedly challenging Kove's expert's performance metrics extrapolation methodology, i.e., its reliability and validity. *See* Dkt. 679 at 14. And Kove has previously agreed that such motions should be handled with *Daubert* motions. Indeed, in a September 1, 2023 joint status report, the parties stated that "[t]he Court has not set a date for *Daubert* challenges or motions to strike relating to expert testimony. The Parties seek the Court's guidance on when it would like such briefing completed..." Dkt. 675 at 2. And on September 6, 2023, the Court ruled on the September status report, noting that any *Daubert* or motions to strike should be filed later unless those motions affected summary judgment. *See* Dkt. 676. Two days later, Kove filed its motion for sanctions, having not mentioned it in the status report. Dkt. 679.

Thus, Kove shouldn't be permitted to circumvent the page limits below through its motion for sanctions. Should Kove wish the Court to consider that motion as filed, the motion's 15 pages should count against Kove's page limit for *Daubert* motions and motions to strike. Otherwise, Kove would effectively get 35 pages of offensive expert-related briefing, while Amazon would be limited to 20. Indeed, under Kove's interpretation, parties would be able to file an unlimited number of motions to strike expert testimony under the guise of a Rule 37 motion. Thus, to maintain equity, Amazon proposes that each side be permitted 25 pages of *Daubert* briefing and

that Kove re-assert its arguments to exclude portions of Amazon's expert's report due to alleged spoliation within those 25 pages.[1]

## II. *Daubert* **and Other Expert-Related Motions**

The Parties provide the following proposal to address any remaining *Daubert* or motions to strike expert testimony not already briefed as part of Summary Judgment, per the Court's Order (Dkt. 676).

| Due Date | Motion | Kove's Proposed Page Limit | Amazon's Proposed Page Limit* |
|---|---|---|---|
| Feb. 22, 2024 | Opening *Daubert* Motion | 20 pages | 25 pages |
| Mar. 7, 2024 | Responsive *Daubert* Motion | 20 pages | 25 pages |
| Mar. 14, 2024 | Reply *Daubert* Motion | 10 pages | 12 pages |

*Page limit includes Kove's spoliation related arguments.

## III. **Pretrial Conference and Motions** *in Limine*

At the July 6, 2023 status hearing, the Court set a trial date of April 1, 2024, Final Pretrial Conference date of March 21, 2024, and Final Pretrial Order date of February 26, 2024. Based on these dates and the Court's Final Pretrial Standing Order, the Parties propose the following schedule for the remainder of the case:

| Due Date | Event |
|---|---|
| Feb. 5, 2024 | Plaintiff provides an initial draft pretrial order to Defendant |
| Feb. 9, 2024 | Exchange each party's draft exhibit lists |

[1] Kove's motion also requests a permissive inference jury instruction. Dkt. 679 at 14. Thus, if the Court would prefer, the motions *in limine* page limit could be adjusted to 25 pages with Kove incorporating its spoliation arguments into that briefing. In that case, the *Daubert* briefing should be limited to 20 pages for the opening and response brief, and 10 pages for the reply.

4

| Feb. 9, 2024 | Exchange of affirmative deposition designations[2] |
|---|---|
| Feb. 9, 2024 | Plaintiff provides an initial draft of voir dire questions and jury instructions |
| Feb. 12, 2024 | Defendant provides a response to Plaintiff's draft pretrial order |
| Feb. 16, 2024 | Defendant provides a response to Plaintiff's draft voir dire questions and jury instructions |
| Feb. 19, 2024 | Meet and confer to discuss draft pretrial order, jury instructions, and voir dire questions |
| Feb. 19, 2024 | Exchange objections to other side's designations and counter-deposition designations |
| Feb. 21, 2024 | Exchange objections to exhibits lists |
| Feb. 23, 2024 | Exchange objections to counter-deposition designations, including incomplete/fairness objection designations and asserted basis of admissibility for affirmative deposition designations |
| Feb. 25, 2024 | Exchange updated draft exhibit lists and updated objections to exhibit lists |
| Feb. 25, 2024 | Exchange asserted basis of admissibility for counter-deposition designations |
| Feb. 26, 2024 | Final Pretrial Order (set by the Court) |
| Mar. 7, 2024 | Motions *in limine* (20-page limit) |
| Mar. 14, 2024 | Responses to motions *in limine* (20-page limit) |
| Mar. 21, 2024 | Final Pretrial Conference (1:30 pm) (set by the Court) |
| Apr. 1, 2024 | Jury Trial (set by the Court) |

---

[2] The parties have agreed that each will endeavor to provide half of their designations by this date and the remainder by Feb. 12, 2024.

Dated: February 5, 2024

Respectfully submitted,

KOVE IO, INC.

AMAZON WEB SERVICES, INC.

By: */s/ Courtland L. Reichman*
Courtland L. Reichman (*pro hac vice*)
*creichman@reichmanjorgensen.com*
Shawna L. Ballard (*pro hac vice*)
*sballard@reichmanjorgensen.com*
Gina H. Cremona (*pro hac vice*)
*gcremona@reichmanjorgensen.com*
Navid Bayar (*pro hac vice*)
*nbayar@reichmanjorgensen.com*
Savannah Carnes (*pro hac vice*)
*scarnes@reichmanjorgensen.com*
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401

By: */s/ Jeffrey M. Saltman*
Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Lisa N. Phillips (*pro hac vice*)
*lisa.phillips@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Ave, NW, Suite 400
Washington, D.C. 20015
Telephone: (202) 362-3500

***Attorneys for Defendant Amazon Web
Services, Inc.***

Renato Mariotti (State Bar No. 6323198)
*renatto.mariotti@bclplaw.com*
Holly H. Campbell (State Bar No. 6320395)
*holly.campbell@bclplaw.com*
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Suite 4300
Chicago, IL 60601
Telephone: (312) 602-5037

Khue V. Hoang (*pro hac vice*)
*khoang@reichmanjorgensen.com*
Jaime F. Cardenas-Navia (*pro hac vice*)
*jcardenas-navia@reichmanjorgensen.com*
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
Telephone: (212) 381-1965

Christine E. Lehman (*pro hac vice*)
*clehman@reichmanjorgensen.com*
Adam Adler (*pro hac vice*)
*aadler@reichmanjorgensen.com*
Philip Eklem (*pro hac vice*)
*peklem@reichmanjorgensen.com*

REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 894-7310

Taylor Mauze (*pro hac vice*)
*tmauze@reichmanjorgensen.com*
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
901 S. Mopac Expressway, Bldg. 1, Ste. 300
Austin, TX 78746
Telephone: (650) 623-1401

***Attorneys for Plaintiff***
***Kove IO, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and exact copy of the foregoing was filed on February 5, 2024, with the Clerk of the Court and also served via email upon all counsel of record.

*/s/ Courtland L. Reichman*
Courtland L. Reichman
