**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Kove IO, Inc., | Civil Action No. 1:18-cv-08175 |
| Plaintiff, | |
| | Hon. Matthew F. Kennelly |
| v. | |
| Amazon Web Services, Inc., | Jury Trial Demanded |
| Defendant. | |

**KOVE IO, INC.'S MOTION TO BIFURCATE AMAZON'S
<u>INEQUITABLE CONDUCT AND OTDP DEFENSES</u>**

## TABLE OF CONTENTS

I. INTRODUCTION ..............................................................................................................1

II. FACTUAL BACKGROUND ..........................................................................................1

III. ARGUMENT ...................................................................................................................2

    A. Amazon's Inequitable Conduct Claim Should be Bifurcated. .............................3

        1. Inequitable Conduct is a Question of Law with No Right to a Jury. ........3

        2. Bifurcation Will Avoid Prejudicing Kove and Will Promote Judicial Economy. ...................................................................................................3

        3. Amazon Will Not Be Prejudiced By Bifurcation. ...................................5

    B. Amazon's Obviousness-Type Double Patenting Claim Should be Bifurcated. ...7

IV. CONCLUSION ................................................................................................................8

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Agfa Corp. v. Creo Prods., Inc.*,
    451 F.3d 1366 (Fed. Cir. 2006)...................................................................................3

*Am. Calcar, Inc. v. Am. Honda Motor Co., Inc.*,
    651 F.3d 1318 (Fed. Cir. 2011)...................................................................................3

*Applera Corp. v. MJ Rsch. Inc.*,
    363 F. Supp. 2d 261 (D. Conn. 2005).........................................................................8

*Auto. Ass'n v. Mitek Sys., Inc.*,
    2014 WL 8186642 (W.D. Tex. July 29, 2014) .........................................................4, 5

*Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*,
    2007 WL 3208540 (D. Ariz. Oct. 30, 2007) ..............................................................3

*In re Basell Poliolefine Italia S.P.A.*,
    547 F.3d 1371 (Fed. Cir. 2008)...................................................................................7

*In re Biogen '755 Pat. Litig.*,
    2018 WL 3613162 (D.N.J. July 26, 2018)................................................................4, 5

*Chlopek v. Fed. Ins. Co.*,
    499 F.3d 692 (7th Cir. 2007) ......................................................................................2

*CytoLogix Corp. v. Ventana Med. Sys., Inc.*,
    424 F.3d 1168 (Fed. Cir. 2005)...................................................................................8

*Eli Lilly & Co. v. Barr Lab'ys, Inc.*,
    251 F.3d 955 (Fed. Cir. 2001).....................................................................................7

*Engineered Prods. Co. v. Donaldson Co.*,
    313 F. Supp. 2d 951 (N.D. Iowa 2004).......................................................................8

*eTool Dev., Inc v. Nat'l Semiconductor Corp.*,
    2011 WL 12677158 (E.D. Tex. Dec. 12, 2011) (Bryson, J., sitting by designation) ............4

*Georgia–Pacific Corp. v. United States Gypsum Co.*,
    195 F.3d 1322 (Fed. Cir. 1999)...................................................................................7

*GS Cleantech Corp. v. Adkins Energy LLC*,
    951 F.3d 1310 (Fed. Cir. 2020)...................................................................................3

*J &M Industries v. Raven Industries*,
574 F. Supp. 3d 941 (D. Kan. 2021) ..............................................................6, 7

*Krocka v. City of Chicago*,
203 F.3d 507 (7th Cir. 2000) ............................................................................2

*Liqwd, Inc. v. L'Oreal USA, Inc.*,
2019 WL 365708 (D. Del. Jan. 30, 2019) ......................................................4, 6

*M-I LLC v. FPUSA, LLC*,
2021 WL 8946454 (W.D. Tex. Feb. 3, 2021) ....................................................7

*PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*,
225 F.3d 1315 (Fed. Cir. 2000) ........................................................................3

*Pfizer, Inc. v. Teva Pharms. USA, Inc.*,
518 F.3d 1353 (Fed. Cir. 2008) ........................................................................7

*Refac Int'l Ltd. v. Matsushita Elec. Corp. of Am.*,
1990 WL 269885 (D.N.J. Nov. 14, 1990) ........................................................7

*SB IP Holdings LLC v. Vivint, Inc.*,
2023 WL 3681685 (E.D. Tex. Apr. 25, 2023) ................................................4, 6

*THK Am., Inc. v. NSK, Ltd.*,
1996 WL 33398071 (N.D. Ill. Jan. 9, 1996) ..................................................5, 6

*Trading Techs. Int'l, Inc. v. eSpeed, Inc.*,
507 F. Supp. 2d 870 (N.D. Ill. 2007) ....................................................2, 3, 5, 6

*Volkman v. Ryker*,
736 F.3d 1084 (7th Cir. 2013) ..........................................................................2

**Rules**

Fed. R. Civ. P. 42(b) ...........................................................................................2

**Constitutional Provisions**

Seventh Amendment ........................................................................................2, 7

Plaintiff Kove IO, Inc ("Kove") respectfully moves the Court to bifurcate Defendant Amazon Web Services, Inc.'s ("Amazon") inequitable conduct and obviousness-type double patenting ("OTDP") defenses from the upcoming jury trial.

## I.    INTRODUCTION

Two of Amazon's defenses are decided by the Court, not the jury—inequitable conduct and OTDP.  Courts routinely bifurcate these types of defenses, for which there is no jury trial right and the Court is the fact finder.  It therefore is unsurprising that the Seventh Circuit provides no jury instructions on these issues—indeed, the pattern instructions specifically state that inequitable conduct is for the Court and not the jury.

This is already an extraordinarily complex case that will be a challenge to try to the jury within the time limits.  And adding these issues threatens to confuse the jury with complicated matters of law, to Kove's prejudice.  Trying these bench trial issues before the jury also risks a new trial if the jury's verdict is contaminated by the irrelevant issues, as other courts have found.  This is particularly true because the issues are factually and legally distinct—they do not overlap with the issues otherwise before the jury.  Indeed, the one piece of prior art that is the basis for Amazon's inequitable conduct claim is not at issue in Amazon's invalidity defense to be decided by the jury.  Judicial economy and streamlining the issues for the jury strongly favor bifurcation.  The Court can either hold a separate bench trial after the verdict, or as other courts have done, hear evidence and argument relating to these defenses outside the presence of the jury.

## II.    FACTUAL BACKGROUND

Amazon previously asserted a wide array of legal defenses to Kove's patent infringement claims.  After the Court's summary judgment ruling (Dkt. 739), Amazon's Section 101 patent ineligibility, equitable estoppel, and waiver defenses have been removed from the case.  *Id.* at 68.

1

Besides non-infringement and invalidity, Amazon has two other defenses that remain at-issue: inequitable conduct and OTDP. *Id.* Amazon's inequitable conduct claim is narrow: it asserts that the inventor of the Asserted Patents, Dr. Overton, failed to disclose one material reference to the U.S. Patent and Trademark Office ("PTO") during prosecution, a 1997 article by David Karger entitled "Consistent Hashing and Random Trees: Distributed Caching Protocols for Relieving Hot Spots on the World Wide Web" ("the 1997 Karger Article"). Dkt. 739 at 64. The 1997 Karger Article is not asserted by Amazon as prior art against the asserted patents. Trying this issue involves testimony from the inventors, Drs. Overton and Baily, as well as experts.

Amazon's OTDP claim is similarly narrow, particularly after the Court's summary judgment decision. The Court struck significant portions of Amazon's expert's report, leaving him with a narrow opinion that there are no differences between the claims of the '978 patent and the '640 and '170 patents. Dkt. 739 at 44-45. This claim involves testimony of two experts.

## III.  ARGUMENT

Civil Rule 42 provides district courts discretion to bifurcate issues and claims into separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize[.]"  Fed. R. Civ. P. 42(b).  "The district court may bifurcate a trial provided that this ruling 1) serves the interests of judicial economy or is done to prevent prejudice to a party; 2) does not unfairly prejudice the non-moving party; and 3) does not violate the Seventh Amendment." *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000); *see also, e.g.*, *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 507 F. Supp. 2d 870, 871 (N.D. Ill. 2007) (citing *Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007)). The district court has broad discretion in deciding whether to bifurcate claims.  *See Volkman v. Ryker*, 736 F.3d 1084, 1089 (7th Cir. 2013).

### A. Amazon's Inequitable Conduct Claim Should be Bifurcated.

#### 1. Inequitable Conduct is a Question of Law with No Right to a Jury.

"Inequitable conduct is equitable in nature, with no right to a jury, and the trial court has the obligation to resolve the underlying facts of materiality and intent." *Am. Calcar, Inc. v. Am. Honda Motor Co., Inc.*, 651 F.3d 1318, 1333 (Fed. Cir. 2011). *See also GS Cleantech Corp. v. Adkins Energy LLC*, 951 F.3d 1310, 1331 (Fed. Cir. 2020) ("Given that inequitable conduct is based in equity, there is no right to a jury trial."); *PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1318 (Fed. Cir. 2000) ("The defense of inequitable conduct is entirely equitable in nature, and thus not an issue for a jury to decide."). Indeed, the Seventh Circuit Model Jury Instructions do not include instructions on inequitable conduct, and instead state the following: "[t]he Committee did not include a jury instruction regarding inequitable conduct because it is an issue for the court, not the jury." Federal Civil Jury Instructions of the Seventh Circuit: Inequitable Conduct § 11.3.7 (2008 rev.) (citing *Agfa Corp. v. Creo Prods., Inc.*, 451 F.3d 1366, 1371-72 (Fed. Cir. 2006)).

#### 2. Bifurcation Will Avoid Prejudicing Kove and Will Promote Judicial Economy.

Bifurcation is appropriate here because the evidence of alleged inequitable conduct has the potential to cause significant prejudice to Kove and to disrupt this already complicated trial from proceeding efficiently. District courts frequently bifurcate inequitable conduct for separate bench trials because of the potential prejudice to plaintiffs, such as from the jury hearing evidence of alleged improper conduct before the PTO that is only relevant to equitable issues and jury confusion of which evidence goes to which claim. *See, e.g.*, *Trading Techs. Int'l, Inc.*, 507 F. Supp. 2d at 873; *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 2007 WL 3208540 (D. Ariz. Oct. 30, 2007) (bifurcating and declining an advisory jury, finding patentee would likely

3

suffer extreme prejudice if the inequitable conduct issues were presented to the jury). Putting such issues before a jury "risks contaminating the jury's consideration of infringement and validity and would likely result in more time during the jury phase of the trial spent discussing limiting instructions." *In re Biogen '755 Pat. Litig.*, 2018 WL 3613162, at *4 (D.N.J. July 26, 2018) (citing Patent Case Management Judicial Guide, Third Edition § 8.1.1.1.1 (2016) ("[A]llegations of inventor misconduct before the USPTO relevant to an inequitable conduct defense, while irrelevant to infringement, may influence a jury's decision on that issue by suggesting that the inventor is untrustworthy.")).

Bifurcation is particularly appropriate where the evidence of alleged inequitable conduct differs from other invalidity evidence to be presented to the jury, such that presenting inequitable conduct to the jury will not promote any efficiencies. *See United Servs.s Auto. Ass'n v. Mitek Sys., Inc.*, 2014 WL 8186642, *1-2 (W.D. Tex. July 29, 2014) (ordering a separate bench trial of inequitable conduct since the accused infringer failed to show that the inequitable conduct allegations were based on the same evidence as its invalidity defenses); *eTool Dev., Inc v. Nat'l Semiconductor Corp.*, 2011 WL 12677158, *1 (E.D. Tex. Dec. 12, 2011) (Bryson, J., sitting by designation). Indeed, bifurcation of inequitable conduct is so common that it has become "standard practice" in patent-heavy districts across the country. *See Liqwd, Inc. v. L'Oreal USA, Inc.*, 2019 WL 365708, *2 (D. Del. Jan. 30, 2019) (bifurcating inequitable conduct, explaining that the "court's standard practice" is to permit defendants to try "inequitable conduct counterclaims to the bench following the jury trial, on a schedule to be determined by the district judge."); *SB IP Holdings LLC v. Vivint, Inc.*, 2023 WL 3681685, *1 (E.D. Tex. Apr. 25, 2023) (bifurcating inequitable conduct following the court's "standard practice" of conducting an inequitable conduct bench trial during jury deliberations or after the verdict has been received).

Here, Amazon's inequitable conduct claim has no factual overlap with any issues that will be before the jury. The entire claim is based on Kove's inventors allegedly withholding a single piece of prior art, the 1997 Karger Article, during prosecution. But the 1997 Karger Article is not asserted as an invalidity reference by Amazon. That is, the 1997 Karger Article will not be put to the jury as invalidating prior art, will not be discussed by Amazon's experts in the context of invalidity, and at bottom has nothing to do with the jury trial. Because there is no factual overlap between the inequitable conduct evidence and the other invalidity evidence, it will not promote judicial economy to have the jury consider it. *See United Servs. Auto. Ass'n*, 2014 WL 8186642, \*1-2 (W.D. Tex. July 29, 2014). Instead, the Court must still make its own factual findings and ultimately decide the inequitable conduct claims as a matter of law; an advisory jury will not reduce the burden on the Court or promote judicial economy.

Further, permitting the jury to hear otherwise-irrelevant evidence and argument about inequitable conduct threatens great prejudice to Kove. As courts in this district have recognized, "[i]t is the patent, not the patentee, on trial before the jury." *Trading Techs.*, 507 F. Supp. 2d at 873 (citing *THK Am., Inc. v. NSK, Ltd.*, 1996 WL 33398071, at \*1 (N.D. Ill. Jan. 9, 1996). It risks the jury being swayed on its actual duties—determining infringement, validity, and damages—by evidence that has nothing to do with its decisions, is highly technical, and involves understanding the practices and requirements of the PTO. For these reasons, inequitable conduct evidence here "risks contaminating the jury's consideration of infringement and validity," *In re Biogen*, 2018 WL 3613162, at \*4. This prejudice, or a different ruling by the Federal Circuit on the merits of the inequitable conduct claim, could require a retrial of the merits, whereas bifurcation would insulate the jury's verdict from contamination.

### 3. Amazon Will Not Be Prejudiced By Bifurcation.

There is no prejudice to Amazon from bifurcation. Either way, its evidence will be heard

and its defense adjudicated.

There will almost always be some overlap in witnesses such as inventors and experts in a jury trial and in an inequitable conduct bench trial, yet courts across the country have still held separate bench trials as a matter of "standard practice." *Liqwd*, 2019 WL 365708, at *2; *SB IP Holdings*, 2023 WL 3681685, at *1. And if necessary, the Court could follow the approach taken by this District in other cases, including *Trading Technologies* and *THK*, by hearing "testimony regarding inequitable conduct on selected days after the jury has been dismissed," rather than hold a separate bench trial at a later date. *Trading Techs.*, 507 F. Supp. 2d at 872; *see also THK*, 1996 WL 33398071 at *2 ("evidence and arguments relating exclusively to inequitable conduct [were] presented to the Court outside the presence of the jury in the afternoon after the jury has been dismissed for the day"). The same thing could be done here, as there are only a few witnesses that would testify about inequitable conduct at all, and that testimony could easily be accomplished in a few hours during breaks or after the jury retires for the day. And of course the issue could be tried later on a convenient schedule if still needed.

Amazon contends that the Court should ask the jury for an advisory verdict, but none of the authority Amazon cited in correspondence leading up to this motion supports doing so here. For instance, in *J &M Industries v. Raven Industries*, 574 F. Supp. 3d 941, 950-51 (D. Kan. 2021), the court used an advisory jury on inequitable conduct, but there were significantly different facts in that case—most notably, that the prior art at issue in the inequitable conduct claim was exactly the same prior art that made up the invalidity defense. Indeed, in denying a motion in limine to preclude evidence of inequitable conduct, the court found that the jury would "hear a lot about Western Ag prior art in the invalidity portion of the trial" and that there were therefore overlapping issues between the materiality prong of inequitable conduct and the invalidity issues for the jury.

*See J&M*, Case No. 16-2723-JWB, Dkt. 371 at 39-40 (D. Kan. July 16, 2021) (attached as Ex. A).[1]

The same was true in *M-I LLC v. FPUSA, LLC*, 2021 WL 8946454, at *5 (W.D. Tex. Feb. 3, 2021), where the court relied on a number of circumstances not present here in choosing to use an advisory jury, including significant overlap in testimony, a common piece of prior art, and prejudice to the defendant from its foreign witnesses needing to attend two trials. Here, those circumstances are not present, where the prior art does not overlap and there is no concern about witness availability.

## B. Amazon's Obviousness-Type Double Patenting Claim Should be Bifurcated.

The Court also should bifurcate the OTDP issues from the jury trial. Double patenting is a question of law. *See In re Basell Poliolefine Italia S.P.A.*, 547 F.3d 1371, 1375 (Fed. Cir. 2008); *Pfizer, Inc. v. Teva Pharms. USA, Inc.*, 518 F.3d 1353, 1363 (Fed. Cir. 2008). "Generally, an obviousness-type double patenting analysis entails two steps. First, as a matter of law, a court construes the claim in the earlier patent and the claim in the later patent and determines the differences. Second, the court determines whether the differences in subject matter between the two claims render the claims patentably distinct." *Eli Lilly & Co. v. Barr Lab'ys, Inc.*, 251 F.3d 955, 968 (Fed. Cir. 2001) (citing *Georgia–Pacific Corp. v. United States Gypsum Co.*, 195 F.3d 1322, 1326, (Fed. Cir. 1999). While the factual questions involved in an OTDP claim are "parallel" to those in a regular obviousness challenge, they "do not overlap" and therefore do not give rise to a jury right under the Seventh Amendment. *See Refac Int'l Ltd. v. Matsushita Elec. Corp. of Am.*, 1990 WL 269885, at *7 (D.N.J. Nov. 14, 1990). Instead, ODTP "is very specific: It compares a subsequent patent to a previous one issued to the same inventor. By contrast, obviousness under Section 103 is general: it compares a new patent to all prior art." *Id.*

District courts often try OTDP issues to the bench because they raise questions of law. *See,*

---

[1] The Court also noted, but did not decide, that the plaintiff may have waived its argument against a jury trial on inequitable conduct. *See J&M*, 574 F. Supp. 3d at 951; Ex. A at 38-39.

*e.g.*, *Engineered Prods. Co. v. Donaldson Co.*, 313 F. Supp. 2d 951, 993 (N.D. Iowa 2004) ("[T]he double-patenting defense will be tried to the court, because it is a question of law[.]") (citations omitted); *Applera Corp. v. MJ Rsch. Inc.*, 363 F. Supp. 2d 261, 262 (D. Conn. 2005) (explaining that the Court reached "findings of fact and conclusions of law" regarding ODP based upon, inter alia, deposition testimony not introduced at trial as well as evidence submitted at trial). Asking the jury to decide claim scope directly contravenes controlling authority, *CytoLogix Corp. v. Ventana Med. Sys., Inc.*, 424 F.3d 1168, 1172-73 (Fed. Cir. 2005) ("[T]he parties also presented expert witnesses who testified before the jury regarding claim construction, and counsel argued conflicting claim constructions to the jury. This was improper, and the district court should have refused to allow such testimony[.]"), and determining differences in subject matter is a legal question. In fact, the Seventh Circuit does not have any model jury instructions for obviousness-type double patenting, which makes sense because the issue does not go to the jury.

Here, the Court should bifurcate OTDP to avoid prejudice to Kove and promote judicial economy, for the same reasons as discussed above as to the inequitable conduct defense. Again, Amazon faces no prejudice from having the OTDP claims bifurcated. It has only one witness (its expert Greene) who will testify about OTDP, and there is no reason he cannot finish that testimony outside the presence of the jury or at a separately-scheduled bench trial. Indeed, given the purely legal issues involved, the issues can be decided largely on briefing.

## IV. CONCLUSION

For the reasons stated above, Kove respectfully requests the Court to bifurcate Amazon's inequitable conduct and OTDP claims from the jury trial.

Dated: February 19, 2024

Respectfully submitted,

*/s/ Courtland L. Reichman*

Khue V. Hoang *(pro hac vice)*
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia *(pro hac vice)*
jcardenas-navia@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
Telephone: (212) 381-1965
Facsimile: (650) 560-3501

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Adam Adler (*pro hac vice*)
aadler@reichmanjorgensen.com
Philip Eklem (*pro hac vice*)
peklem@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 894-7310
Facsimile: (650) 560-3501

Taylor Mauze (*pro hac vice*)
tmauze@reichmanjorgensen.com
Navid Bayar (*pro hac vice*)
nbayar@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
901 S. Mopac Expressway, Building 1, Suite 300
Austin, TX 78746
Telephone: (650) 623-1401
Facsimile: (650) 560-3501

Renato Mariotti (State Bar No. 6323198)
renatto.mariotti@bclplaw.com
Holly H. Campbell (State Bar No. 6320395)
holly.campbell@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Suite 4300
Chicago, IL 60601
Telephone: (312) 602-5000

Courtland L. Reichman *(pro hac vice)*
creichman@reichmanjorgensen.com
Shawna L. Ballard (*pro hac vice*)
sballard@reichmanjorgensen.com
Savannah Carnes *(pro hac vice)*
scarnes@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Facsimile: (650) 560-3501

***ATTORNEYS FOR PLAINTIFF
KOVE IO, INC.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 19th day of February, 2024, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Courtland L. Reichman*
Courtland L. Reichman
