# Exhibit A

```
                     04/05/2021    J&M v. RAVEN    16-2723    1

 1              IN THE UNITED STATES DISTRICT COURT
                       DISTRICT OF KANSAS
 2

 3  J&M INDUSTRIES, INC.,

 4           Plaintiff,

 5       vs.                              District Court
                                          Case Number
 6  RAVEN INDUSTRIES, INC.,               16-2723-JWB-KGG

 7           Defendant.

 8

 9           TRIAL TRANSCRIPT OF PROCEEDINGS

10
         On the 5th day of April, 2021 at 1:30 p.m. came on
11  to be heard in the MOTIONS HEARING in the above-entitled
    and numbered cause before the HONORABLE JOHN W. BROOMES,
12  Judge of the United States District Court for the
    District of Kansas, Sitting in Wichita.
13       Proceedings recorded by mechanical stenography.
         Transcript produced by computer.
14

15
    APPEARANCES
16
         The Plaintiff, J&M Industries, appeared by and
17  through:
         Mr. Lynn Preheim
18       Stinson Leonard Street LLP - Wichita
         1625 N. Waterfront Parkway
19       Suite 300
         Wichita, Kansas 67206
20
         Ms. Emily Gummer
21       Carver Darden Koretzky Tessier Finn Blossman &
    Areaux LLC
22       Energy Centre
         Suite 3100
23       1100 Poydras Street
         New Orleans, LA 70163
24

25


                  Jana L. McKinney, CSR, RPR, CRR, RMR
                       United States Court Reporter
                          PH. (316) 315-4268
```

Case 2:16-cv-02723-JWB   Document 371   Filed 07/16/21   Page 37 of 77
Case: 1:18-cv-08175 Document #: 750-1 Filed: 02/19/24 Page 3 of 7 PageID #:46761

04/05/2021     J&M v. RAVEN     16-2723     37

1 evidence that the pictures depict its internal strapping

2 system attached in a non-infringing manner that is

3 material at trial?

4          I don't know what they are going to say.  I don't

5 think Raven has to produce the photographer.  They have

6 to establish that the photo is basically what it purports

7 to be.  What it is, what's it showing?

8          And I think you'll be able to sort that out

9 because whenever they try to get it admitted at trial,

10 I'll look at the foundation that gets laid through the

11 presented witness.

12          So that motion is denied without prejudice.

13          Next thing I have is Docket 309.  J&M motion in

14 limine on inequitable conduct.  J&M wants to exclude any

15 evidence from any Raven defense of inequitable conduct in

16 arguing inequitable conduct and wants the issue to be

17 decided solely by the Court.  And that any evidence

18 pertaining to the claim is not relevant to the claims the

19 jury must decide.  And in presenting it in the same

20 proceeding will only confuse the jury and prejudice J&M.

21          Raven argues the Court correctly recognized on

22 summary judgment that the parties agreed in the pretrial

23 order to try this case and to be tried to a jury.

24 Further, it contends there is substantial overlap of

25 factual issues related to inequitable conduct and the

04/05/2021       J&M v. RAVEN       16-2723       38

1  invalidity claims such that the Seventh Amendment

2  requires submission of the factual underlying issues to

3  the jury.

4       It also argues that courts routinely submit the

5  fact of prejudice for inequitable conduct to a jury for

6  an advisory ruling and, alternatively, contends that the

7  Court should submit it to the jury on that basis.  And

8  that J&M has got to show an unfair prejudice.

9       Now, I have looked at this several different ways.

10 I saw the cases that you all cited and Court's seen a

11 number of them, given the different ways on this issue,

12 depending on how the contested issue fits into the rest

13 of the case.

14      I note this:  I went back and looked at J&M's

15 answer to Raven's counterclaims.  It would have been a

16 good place to point out that this claim can be tried to a

17 jury.

18      Instead, J&M denied that Raven was entitled to

19 relief requested, except that Raven is entitled to a jury

20 trial on all issues that may be tried by a jury.

21      And then I went back to the pretrial order; same

22 thing.  No mention of any claims having to go to a bench

23 trial.

24      Paragraph 9 of the pretrial order specifically

25 says this case will be tried by a jury.  That whole

```
                    04/05/2021    J&M v. RAVEN    16-2723    39
```

1 section is on trial.  Not one mention of the Court having

2 to take up any issues.

3         When I look at overlap, I haven't looked at your

4 jury instructions yet but it seems to me that the

5 materiality question that will have to be evaluated on

6 the inequitable conduct is probably going to overlap

7 considerably with the invalidity contentions that this

8 prior art invalidated the -- the patent and that the

9 failure to disclose it was inequitable.

10        I don't know precisely that the instructions will

11 track, you know, the same elements in describing

12 materiality and whatever the jury has to decide in

13 evaluating validity but it seems like there's going to be

14 a lot of overlap there.

15        Everything I'm reading in all these filings is

16 Western Ag, Western Ag.  I know we are going to hear a

17 lot about Western Ag prior art in the invalidity portion

18 of the trial.  I'm authorized to submit things to the

19 jury in any event on an advisory basis and to the extent

20 some of this materiality question goes to the facts that

21 they basically have a right to have a jury determine, I

22 think all of that weighs in favor of presenting all of

23 this to a jury and, ultimately, I have to decide that the

24 issue of inequitable conduct, then it looks to me like

25 the jury is going to have questions to answer that are

04/05/2021     J&M v. RAVEN     16-2723     40

1  related to that and the jury's findings are nothing more
2  than advisory.
3          I think they might prove to be helpful in an
4  advisory capacity and help the Court sort this out.  So
5  that motion is going to be denied.
6          MR. PREHEIM:  Your Honor, may I inquire quickly?
7          Given that ruling is there a -- are you looking
8  when we submit our draft jury instructions for a special
9  question on materiality?
10         If they're going to operate in that fashion how do
11 you want us to address jury instructions given this
12 ruling?
13         THE COURT:  I think that you all ought to
14 collaborate.  You know better than I do at this stage
15 what sorts of questions are going to bear on this claim
16 and be in everyone's best interests if you can figure out
17 what the special questions ought to be and if you're
18 going to fight about whether it's appropriate to have the
19 jury render an advisory verdict ultimately on the
20 ultimate issue of whether there was inequitable conduct,
21 then present any competing authority you think runs in
22 your favor.  If you can agree on it given the fact that I
23 am going to give it to them any way, just allow them to
24 render an advisory verdict, then I guess you don't need
25 to do that.

04/05/2021     J&M v. RAVEN     16-2723     41

1        That concludes J&M's motions in limine.  Now I'll
2   turn to Raven's motions in limine filed at Docket Entry
3   310.
4        First one is to preclude mention of -- by J&M
5   photos of some machinery at J&M facility actually taken
6   in 2014.
7        J&M doesn't oppose the motion but argues the
8   evidence of regular employees regularly toured J&M
9   facilities should not be excluded.  To the extent that
10  comes up, that doesn't trouble me but, otherwise, the
11  motion is granted as uncontested.
12       Next, Docket 311, it is motion in limine number 2
13  about a dinner conversation where Raven seeks to exclude
14  evidence that during a 2014 dinner conversation a Raven
15  employee said that Raven intended to crush J&M and there
16  was nothing J&M could do about it.
17       Raven argues his testimony is not relevant,
18  pointing out the Court dismissed J&M's claim for willful
19  infringement on summary judgement; that it should be
20  excluded on Rule 403.
21       J&M argues that the testimony is relevant to the
22  jury's damage is relevant because it relates to the
23  amount of the reasonable royalty from Raven's
24  infringement; bears on the commercial relationship
25  between the licensor, J&M, and the licensee, Raven; two