# Exhibit H

REICHMAN JORGENSEN LLP

Michael Marvin  
Direct Dial: (646) 970-2652  
mmarvin@reichmanjorgensen.com

750 Third Avenue  
Suite 2402  
New York, NY 10017

June 2, 2020

**By E-Mail**

Tim Barron  
Jenner & Block LLP  
353 North Clark St.  
Chicago, IL 60654  
tbarron@jenner.com

      RE: *Kove IO, Inc. v. Amazon Web Services, Inc.*, Case No. 18-cv-8175 (N.D. Ill.)

Counsel,

I write following the parties' meet and confer on May 29 to memorialize the discussions between the parties and agreements on various outstanding discovery issues. Below, by category of discovery issue, is our understanding of what AWS has agreed to provide. Please confirm by June 4 that you agree with our understanding.

**Technical Discovery**

- With respect to the discussion regarding design and operation documents and 30(b)(6) topics, the parties are at an impasse.
- With respect to Interrogatory No. 4, which is deficient because it fails to identify AWS's own view of material differences between implementations of the Accused Products over time, you indicated that the parties should revisit the issue following service of AWS's non-infringement contentions, as AWS is not likely to make non-infringement arguments that depend on the specific implementation of the Accused Products at different points in time. The parties agreed to discuss AWS's response to Interrogatory No. 4 the week of June 17th.
- With respect to Interrogatory No. 7, you confirmed that AWS will supplement its response to provide a narrative response by June 24.
- You confirmed that videos collected from AWS, such as AMZ_KOVE_000064820-64823, are improperly cut off. You confirmed that you have asked your client to search for versions of videos of produced that are not cut off, and you agreed to produce such videos if they exist.

**Damages-Related Discovery**

- AWS agreed that it would produce documents relating to monthly U.S. volume/revenue/cost/profit/total customer data for S3 and DynamoDB broken down by how each S3/DynamoDB service is priced, to the extent such documents are in AWS's possession. AWS expects to produce these items within the next couple of weeks.
- AWS agreed that it would produce documents relating to historical pricing lists, terms, and sheets for DynamoDB and S3 pricing and service tiers over the entire damages period, as well as pricing information for any customers that pay something different from the list price. AWS expects to produce these items within the next couple of weeks.
- AWS agreed that it would also supplement its response to Interrogatory No. 6, as appropriate, to provide information requested in my letter of May 28 within the next couple of weeks.
- You stated with respect to our request for profit and loss statements for S3 and DynamoDB, from before 2014, that you are in the process of determining where such documents are located, and you confirmed that once you locate and collect such documents, you will produce them.
- You refused our request that AWS produce profit and loss statements covering AWS as a reporting segment. We explained that such documents are relevant to Kove's damages case, is specifically responsive to RFPs Nos. 82-85, 89, 9 and 101, and should not pose a burden to collect. We believe the parties are at an impasse on this issue.
- AWS agreed that it would look for and produce the telemetry, usage data, and metrics data and analyses regarding speed, scalability and availability of Amazon S3 and Dynamo, including any customer testing or customer or other surveys, within its possession described in my May 28 letter. You stated you would report back within a couple of weeks about what you have found, including your collection and production status. You also explained that your forthcoming responses to Interrogatories No. 14 and 15 would identify such metrics.

**Miscellaneous Discovery**

- The parties continue to disagree as to whether there is a need for AWS to delay in its substantive response to Interrogatory No. 3, which was served on June 10, 2019. As we have repeatedly explained, AWS has all the information it needs to identify any non-infringing alternatives, and we believe AWS is obligated to amend its response immediately.
- With respect to RFP No. 118, you confirmed that AWS is collecting responsive documents and that you will produce them once you receive them. Similarly, you confirmed that you will supplement your response to Interrogatory No. 11 to identify responsive documents once AWS collects such documents.
- You also confirmed that your client is currently searching for documents responsive to RFPs Nos. 20-22, 30, 32, and 101, regarding non-AWS entities use of Amazon S3 and DynamoDB, and that you will produce such documents once your client collects them.
- With respect to our request that AWS supplement its response to Interrogatory No. 9 to provide information regarding the ways in which S3 is used by DynamoDB, and vice versa, you confirmed that you have asked your client for additional information based on this interrogatory, and will supplement your response if you receive further information.

- You also confirmed that you expect to supplement your response to Interrogatory No. 2. You provided an estimate that you would supplement by June 12 and told us that you would let us know if you need additional time.

**ESI Search-Term Discovery**

- You confirmed that you are in the process of working with your client to identify AWS custodians knowledgeable about the topics identified in Jaime Cardenas-Navia's emails of May 14 and 20, and would get us a proposal by two weeks from May 29. You also indicated that you would further review the ESI protocols and get back to us shortly regarding the ESI search terms

Regards,

Michael Marvin

CC (by email): Renato Mariotti (rmariotti@thompsoncoburn.com);
Michael Parks (mparks@thompsoncoburn.com)