# Exhibit BB

| From: | Savannah Carnes |
|---|---|
| Sent: | Friday, May 19, 2023 6:04 AM |
| To: | Jeff Saltman |
| Cc: | RJ_Kove_AWS; Kove Team |
| Subject: | RE: Kove v. Amazon: Historical Metrics |

| Follow Up Flag: | Follow up |
|---|---|
| Flag Status: | Flagged |

Hi Jeff,

Thank you for noting that "the average number of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ [AWS] has produced (and to the extent it produces additional similar data) are representative" back to ▮▮▮▮▮▮. Because actual data has been lost, we cannot verify whether this is in fact the case. But, as per your statements, we understand that should Kove treat the produced data as representative, AWS will not challenge any such treatment.

We propose a similar approach with respect to ▮▮▮▮▮▮—that AWS stipulate Kove may treat any produced metrics as representative of actual missing data over time. We don't understand what you mean by "extrapolated back in time" or how that differs (if at all) from representativeness.

In order for us to move forward, we need (1) a verified declaration from AWS that AWS destroyed, deleted, or purged metrics during the course of this litigation and, as a result, for the metric types that AWS has produced or will produce, AWS does not have any additional *actual* metrics data, including metrics data ordered produced in Dkt. 562 ("Information sufficient to show the distribution of data in the Accused Productions [sic] annually from 2006-2020"); and (2) an agreement that Kove may treat produced metrics as representative of missing metrics of the same type and that AWS will not challenge (by way of cross-examination, rebuttal opinions, *Daubert*, MILs or otherwise) the treatment of such metrics as representative, Kove's extrapolations based on such treatment, or the methodologies Kove uses to extrapolate based on any such treatment.

Please let us know asap if AWS will agree to provide such a stipulation.

Best regards,
Savannah

---

**From:** Jeff Saltman <Jeffrey.Saltman@fischllp.com>
**Sent:** Monday, May 15, 2023 4:25 PM
**To:** RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>
**Subject:** Kove v. Amazon: Historical Metrics

**[EXTERNAL]**
Counsel,

I'm writing to follow up on the parties' meet and confer discussion of the timeframe for the metrics data. As noted, Amazon doesn't agree that there was any spoliation or that a duty arose for Amazon to retain all available metrics relating to both S3 and DynamoDB beginning when Kove filed suit in December 2018. As you know there are over 10,000 metrics for each of these services and retaining that data, even for ▮▮▮▮▮▮, is extraordinarily expensive. Further to your suggestion that Amazon should have retained certain specific metrics beginning in December 2018 (or soon

thereafter), Amazon could not have predicted that metrics would be relevant to the case at all, much less which specific metrics Kove would request. Indeed, Amazon still disputes that many of the metrics Kove has requested are relevant to the claims or defenses in the case.

Nonetheless, to move discovery forward and avoid disputes on this issue, Amazon would agree that the metrics data it produced can be extrapolated back in time to the time period to which Amazon would have had the data had it retained all of ▓▓▓▓ when the case was first filed. For example, the trends from the data Amazon produced could be extrapolated back to that time. For some of the data, this will be back to ▓▓▓▓▓▓▓▓ as ▓▓▓▓ retains ▓▓▓▓▓▓▓ of data. But for other metrics, Amazon has already produced all of the available data since some metrics weren't tracked until after 2016. For those, Amazon has produced all of the available data.

Further, as we explained, the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ for DynamoDB is only available as a snapshot in time for ▓▓▓▓▓▓. So, even if Kove's position that the data should have been retained as of the date of the complaint, the earliest retained data would have been from ▓▓▓▓▓▓▓▓, not back to ▓▓▓. Amazon agrees that the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ it has produced (and to the extent it produces additional similar data) are representative for that time period (i.e., the period in which Amazon would have had the data had it retained all of ▓▓▓▓ when the case was filed). And that the average number of ▓▓▓▓▓▓▓▓▓▓▓▓ will move directionally with the ▓▓▓▓▓▓▓▓▓, which Amazon has provided.

Thank you.


**Jeffrey M. Saltman** | **Fisch Sigler LLP** | **Partner**
+1.202.362.3640 (o)
+1.202.258.5781 (m)

5301 Wisconsin Avenue NW, Fourth Floor
Washington, DC 20015 USA
Biography | Firm Victories | LinkedIn