# Exhibit EE

| From: | Jeff Saltman |
|---|---|
| To: | Savannah Carnes |
| Cc: | RJ_Kove_AWS; Kove Team |
| Subject: | Re: Kove v. Amazon: Historical Metrics |
| Date: | Thursday, May 25, 2023 1:51:47 PM |

**[EXTERNAL]**

Hi Savannah,

Thank you for your email. Because of the nature of the data, ▇▇▇▇▇▇▇ and performance metrics are treated differently under Amazon's proposed solution. Specifically, with respect to ▇▇▇▇▇▇▇, Amazon agrees that it won't challenge Kove's treatment of that data as representative for the applicable period (back to ▇▇▇▇▇▇▇) since it is only retained for ▇▇▇▇▇▇. As I noted in my initial proposal, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ will move directionally with the ▇▇▇▇▇▇▇. Amazon provided the ▇▇▇▇▇▇▇.

But Amazon has provided performance metrics over a much larger temporal scope than ▇▇▇▇▇. And as I noted, in some cases for performance metrics that were initiated after 2016, the performance metric was provided over its full available temporal scope. For other performance metrics, based on the data Amazon has produced for example, there may be a trend showing that the metric has generally decreased (or increased) over time from the beginning of the available data to the end. Extrapolating back means that a similar trend at a similar rate as the change over the available data period (which is known) would continue into the past. So, for performance metrics, it's calculating trends in the known data that are then applied to the earlier time period.

Regarding your request for a verified declaration, Amazon cannot agree. As we've noted, we don't agree that a duty arose for Amazon to retain all available metrics relating to both S3 and DynamoDB beginning when Kove filed suit in December 2018. Amazon has provided its proposal as a means to move discovery to closure and avoid consuming resources on unnecessary disputes. And, as we stated during the recent meet and confers Amazon agrees it won't challenge Kove's experts' use of the available data in order to support time periods where data isn't available. But Amazon won't simply agree not to cross-examine or disagree with the way in which they do so. For example, if Kove's experts picked the lowest available ▇▇▇▇ number and asserted that value should be the ▇▇▇▇ figure during the full time period predating the available data, Amazon's experts should be able to provide their own opinions countering that assertion and to provide their own calculations regarding the trends observed in the available performance metrics data and the application of them to the time period where data is no longer available.

Thank you.

Regards,
Jeff

**Jeffrey Saltman** | **Fisch Sigler LLP** | **Partner**
+1.202.362.3640 (o)
+1.202.258.5781 (m)

**From:** Savannah Carnes <scarnes@reichmanjorgensen.com>
**Date:** Friday, May 19, 2023 at 9:03 AM
**To:** Jeff Saltman <Jeffrey.Saltman@fischllp.com>
**Cc:** RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>, Kove Team <FS-Kove@fischllp.com>
**Subject:** RE: Kove v. Amazon: Historical Metrics

Hi Jeff,

Thank you for noting that "the average number of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ [AWS] has produced (and to the extent it produces additional similar data) are representative" back to ▇▇▇▇▇▇▇▇. Because actual data has been lost, we cannot verify whether this is in fact the case. But, as per your statements, we understand that should Kove treat the produced data as representative, AWS will not challenge any such treatment.

We propose a similar approach with respect to ▇▇▇▇▇▇▇▇—that AWS stipulate Kove may treat any produced metrics as representative of actual missing data over time. We don't understand what you mean by "extrapolated back in time" or how that differs (if at all) from representativeness.

In order for us to move forward, we need (1) a verified declaration from AWS that AWS destroyed, deleted, or purged metrics during the course of this litigation and, as a result, for the metric types that AWS has produced or will produce, AWS does not have any additional *actual* metrics data, including metrics data ordered produced in Dkt. 562 ("Information sufficient to show the distribution of data in the Accused Productions [sic] annually from 2006-2020"); and (2) an agreement that Kove may treat produced metrics as representative of missing metrics of the same type and that AWS will not challenge (by way of cross-examination, rebuttal opinions, *Daubert*, MILs or otherwise) the treatment of such metrics as representative, Kove's extrapolations based on such treatment, or the methodologies Kove uses to extrapolate based on any such treatment.

Please let us know asap if AWS will agree to provide such a stipulation.

Best regards,
Savannah

**From:** Jeff Saltman <Jeffrey.Saltman@fischllp.com>
**Sent:** Monday, May 15, 2023 4:25 PM
**To:** RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>
**Subject:** Kove v. Amazon: Historical Metrics

**[EXTERNAL]**
Counsel,

I'm writing to follow up on the parties' meet and confer discussion of the timeframe for the metrics data. As noted, Amazon doesn't agree that there was any spoliation or that a duty arose for Amazon to retain all available metrics relating to both S3 and DynamoDB beginning when Kove filed suit in December 2018. As you know there are over 10,000 metrics for each of these services and retaining that data, even for █████, is extraordinarily expensive. Further to your suggestion that Amazon should have retained certain specific metrics beginning in December 2018 (or soon thereafter), Amazon could not have predicted that metrics would be relevant to the case at all, much less which specific metrics Kove would request. Indeed, Amazon still disputes that many of the metrics Kove has requested are relevant to the claims or defenses in the case.

Nonetheless, to move discovery forward and avoid disputes on this issue, Amazon would agree that the metrics data it produced can be extrapolated back in time to the time period to which Amazon would have had the data had it retained all of ████ when the case was first filed. For example, the trends from the data Amazon produced could be extrapolated back to that time. For some of the data, this will be back to ████████████ as █████ retains █████████ of data. But for other metrics, Amazon has already produced all of the available data since some metrics weren't tracked until after 2016. For those, Amazon has produced all of the available data.

Further, as we explained, the ████████████████████████████████████████████ for DynamoDB is only available as a snapshot in time for ███████. So, even if Kove's position that the data should have been retained as of the date of the complaint, the earliest retained data would have been from ██████████████, not back to ████. Amazon agrees that the █████████████████████████████████████████ data it has produced (and to the extent it produces additional similar data) are representative for that time period (i.e., the period in which Amazon would have had the data had it retained all of █████ when the case was filed). And that the average number of ████████████████ will move directionally with the ████████████, which Amazon has provided.

Thank you.


**Jeffrey M. Saltman** | **Fisch Sigler LLP** | **Partner**
+1.202.362.3640 (o)
+1.202.258.5781 (m)

5301 Wisconsin Avenue NW, Fourth Floor
Washington, DC 20015 USA
Biography | Firm Victories | LinkedIn

*NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.*