# Exhibit RR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Amazon Web Services, Inc., <br><br> Defendant. | Civil Action No. 1:18-cv-08175 <br><br> Judge Rebecca R. Pallmeyer <br><br> Jury Trial Demanded |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-6)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Kove IO, Inc. ("Kove") requests that Defendant Amazon Web Services, Inc. ("Amazon") answer the following interrogatories ("Interrogatories") within 30 days of service hereof, in writing and under oath.

**DEFINITIONS**

The following Interrogatories are to be answered with reference to the definitions set forth below, each of which shall be deemed to be a material part of each Interrogatory.

1. "Amazon," "Defendant," "You," and "Your" mean Amazon Web Services, Inc. and any of its corporate parents, subsidiaries, divisions, or departments, and any of its present or former officers, directors, employees, members, representatives, or any others acting on its behalf.

2. "Kove" and "Plaintiff" mean Kove IO, Inc., as well as any of its corporate parents, subsidiaries, divisions, or departments, and any of its present or former officers, directors, employees, members, representatives, or any others acting on its behalf.

3. "Asserted Patents" or "Patents-in-Suit" mean the patents asserted by Kove in its operative Complaint in this litigation, including United States Patent Nos. 7,814,170, 7,233,978,

1

and 7,103,640.

4. "Asserted Claim(s)" means all claims that You are accused of infringing, including those claims identified in Kove's Infringement Contentions or any amendments or supplements thereto.

5. "Accused Product" means any product, application, service, or feature identified in Kove's operative Complaint, including, but not limited to, Amazon S3 and Amazon DynamoDB, any Amazon product, application, service, or feature identified in Kove's Infringement Contentions or any amendments or supplements thereto, and/or any Amazon product, application, service, or feature that uses distributed hash tables.

6. "Communication" means any contact, whether in person, in writing, oral, formal, informal, by telephone, or any method whereby knowledge, facts or information is imparted or transmitted from one person or entity to another or to a file.

7. "Document" or "documents" mean the original and all copies of any written, printed, typed, photocopied, photographic, and recorded matter of any kind or character (including, but not limited to, magnetic, mechanical, or electronic recordings), however produced or reproduced, and any tangible thing which, in whole or in part, illustrates or conveys information in Your possession, custody, or control, whether produced or stored on paper, cards, tapes, disks, belts, charts, film, computer storage devices, cellular phones, "smart" phones, microfilm, wires, cables, magnetic and electronic recordings, sound recordings, computer printouts, or records. The term includes, but is not limited to, data, data compilations, and other electronically stored information, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form (e.g., computer memory); as well as electronic mail and instant messaging, text messaging, video messaging,

correspondence, memoranda, studies, maps, analyses, diagrams, scraps of paper, notes, applications, drawings, charts, graphs, plans, photographs, video tapes, audio tapes, computer disks, computer hard drives, contracts, agreements, working papers, drafts, reports of investigations or inspections of any kind, opinions of consultants or experts, diaries, minutes, calendars, field notes, logs, checks, receipts, images, and the like.

8. "Identify," when referring to a person or persons, means to state the current name, address and telephone number of the person about whom the information is sought. When referring to individuals, please state the name of their present or last known employer, their office or title, if any, and their job description. Also, please state the nature and dates of their affiliation with any party to this litigation and their office or title, job description and duties during such affiliation.

9. "Identify," when used with respect to an act (including an alleged omission), communication, occurrence, statement or conduct (herein collectively called "act"), means to:

   a. describe the substance of the event or events constituting such act and state the date when such act occurred;

   b. identify each and every person participating in such act;

   c. identify all other persons (if any) present when such act occurred;

   d. state whether any minutes, notices, memoranda, or other records of such act were made;

   e. state whether such record now exists; and

   f. identify the person or persons presently having possession, custody or control of each such record.

10. "Identify," when referring to a document, means to provide, as to each such

document, the following information:

    a. its date;

    b. its title, if it has one; all identifying numbers, if any; all other identifying or categorizing designations; and a brief description of it (such as letter, memorandum, manuscript, notes, etc.);

    c. its subject matter;

    d. the name, title and address of each person who wrote, signed, initialed, dictated or otherwise participated in the creation of the document;

    e. the name, title and address of each addressee, and of each other person receiving a copy of it;

    f. its present location, and the name and address of its present custodian;

    g. if the document is not an original, the name and address of the custodian of the original; and

    h. any other designation necessary to sufficiently identify the document so that a copy of it may be ordered or obtained from its custodian.

If any such document was, but is no longer, in Your possession, custody or control, or in existence, state its present location or the date and manner of its disposition.

11. "Identify," when referring to a corporate entity or entities, shall mean to state the full corporate name and the date and place of incorporation, if known, and its present address and telephone number.

12. "Person" shall mean individual, corporation, non-profit corporation, sole proprietorship, partnership, limited partnership, professional association, joint venture, agency, agent, trust and/or any other legal entity.

13. "Refer" or "relate to" or "concerning" (or any form thereof) shall mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or being relevant to. As indicated, the term necessarily includes information which is in opposition to, as well as in support of, Your position(s) and claim(s) in this action.

14. "All" shall be construed as "all and each."

15. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope

16. The use of the singular form of any word includes the plural and vice versa.

**GENERAL PROVISIONS AND INSTRUCTIONS**

17. All information is to be divulged which is in Your possession, custody or control or within the possession, custody or control of Your attorneys, investigators, agents, employees or other representatives of You or Your attorneys or anyone else from whom You have a superior right to compel production.

18. Each Interrogatory must be answered separately in writing. However, if the answer to any Interrogatory would be the same as the answer to any other Interrogatory, the answer may be incorporated by reference.

19. If You object to any Interrogatory in part, respond to such Interrogatory fully to the extent that it is not objected to and set forth specifically all grounds upon which the objection is based.

20. If You object to any Interrogatory, or any subparagraph or subpart of any Interrogatory, on the basis of privilege (attorney-client communications, work product or any

other alleged privilege), for all information withheld state:

    a. the date and place of the communication or document underlying the withheld information;

    b. the identity of each person who was present at or who participated in such communication or the author(s) and recipient(s) of the document;

    c. the type of communication;

    d. the general subject matter of the information;

    e. the Interrogatory seeking the information; and

    f. the nature of the privilege or other reason for not providing the information.

21. If You cannot answer any particular Interrogatory, please:

    a. identify any documents that might contain material which, in Your opinion, is relevant to the answer sought; and

    b. identify any individual or entity that You believe might have knowledge of material which, in Your opinion, is relevant to the answer sought.

22. The following rules of construction apply to these Interrogatories:

    a. the term "all" shall be construed to mean each or any and the terms "each" or "any" shall be construed to mean all as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope;

    b. the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope;

    c. the use of the singular form of any word includes the plural and vice versa;

  d. any Interrogatory propounded in the masculine shall include the feminine and vice versa; and

  e. any Interrogatory propounded in the present tense shall include the past tense and vice versa.

23. All requests for discovery in this case are continuing. In the event that any information comes to Your attention subsequent to serving Your responses to these Interrogatories, which information is responsive to any Interrogatory below or which would alter or change in any way a response, and which was not included in Your responses to the Interrogatory below, such additional information shall be furnished as soon as possible without further request.

# INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify and explain all factual and legal bases supporting Your contention that Your infringement of the Patents-in-Suit is not knowing, willful, and deliberate, including the circumstances surrounding Your first awareness of the Patents-in-Suit (as well as its applications and any publications thereof), including: (a) the date of first awareness, (b) the persons involved, (c) the content of any related communications or documents, and (d) all actions taken by You as a result of becoming aware, including any investigation by You or any opinion sought by You relating to infringement or invalidity. Your answer should include an identification of all documents and communications related to Your answer (by Bates range) and the persons most knowledgeable about Your answer.

**INTERROGATORY NO. 2:**

Identify all factual and legal bases for each of Your counterclaims and affirmative defenses in this action. Your answer should include an identification of all documents and communications related to Your answer (by Bates range) and the persons most knowledgeable about Your answer.

**INTERROGATORY NO. 3:**

Identify any acceptable, available, non-infringing alternatives or substitutes, to any of the inventions claimed in any of the asserted claims of the Patents-in-Suit that You are aware of or that You intend to rely upon for any purpose. Your explanation should include, without limitation, a description of each such alternative on a claim-by-claim and element-by-element basis for each of the Patents-in-Suit; when each such alternative became available or will become available to You; why You believe each such alternative is an acceptable, available, non-infringing alternative (including the specific claims and limitations of the Patents-in-Suit that the alternative would avoid

infringing); the costs that are required or that would be required for You to develop or acquire each such alternative; the time that is required or would be required by You to develop each such alternative; the manpower that is required or would be required by You to develop each such alternative; the advantages and disadvantages of the alternative to You as compared to Your current approach; and any impact (however measured by You) that each such alternative would have, if implemented by You, on the performance, function or acceptability of each Accused Product. Your answer should include an identification of all documents and communications related to Your answer (by Bates range) and the persons most knowledgeable about Your answer.

**INTERROGATORY NO. 5:**

Identify each Accused Product, and for each such Accused Product, indicate: the date that Accused Product was first offered for sale in the United States, and if no longer offered for sale in the United States, the last date on which that Accused Product was offered for sale in the United States; and each designation ever known or used by You in connection with that Accused Product (*e.g.*, by model number, sub-model number, part number, trade name, catalog number, SKU, code name, internal project name, etc.). Your answer should include an identification of all documents and communications related to Your answer (by Bates range) and the persons most knowledgeable about Your answer.

**INTERROGATORY NO. 6:**

Separately for each Accused Product, describe in detail on a month-by-month basis (commencing from six years prior to the filing of this lawsuit) and by customer: all revenues, income, sales, and profits generated or realized for licensing, sales, and/or distribution, including but not limited to: the number of products or services used in the United States by You or on Your behalf, the number of products or services sold, leased, licensed, or distributed in the United States

by You or on Your behalf, as well as all revenues, costs, profits (gross and net), margins (gross and net), and any other financial benefit You have realized associated with the categories above; the location of the sales according to any and all definitions that You track in Your normal course of business (e.g., the country where the product or service is at the time of sale, the country where the customer or user is signed up, the country where the server is, the country where the company recognizes the revenue), and a description of how You differentiate between U.S. sales and non-U.S. sales for internal or financial reporting purposes. Your answer should include an identification of all documents and communications related to Your answer (by Bates range) and the persons most knowledgeable about Your answer.

Dated: June 10, 2019

Respectfully submitted,

/s/      *Phillip Lee*
Phillip Lee

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
Thompson Coburn LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500
Telecopier: (312) 580-2201

Sarah O. Jorgensen (*pro hac vice*)
sjorgensen@reichmanjorgensen.com
Reichman Jorgensen LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (650) 623-1403
Telecopier: (650) 623-1449

Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Reichman Jorgensen LLP
100 Park Avenue, Suite 1600
New York, NY 10017
Telephone: (646) 921-1474
Telecopier: (650) 623-1449

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Jennifer P. Estremera (*pro hac vice*)
jestremera@reichmanjorgensen.com
Phillip Lee (*pro hac vice*)
plee@reichmanjorgensen.com
Joachim B. Steinberg (*pro hac vice*)
jsteinberg@reichmanjorgensen.com
Michael G. Flanigan (State Bar No. 6309008)
mflanigan@reichmanjorgensen.com
Kate M. Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
Reichman Jorgensen LLP
303 Twin Dolphin Drive, Suite 600
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

**ATTORNEYS FOR PLAINTIFF
KOVE IO, INC.**

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 10, 2019, the foregoing Plaintiff's First Set of Interrogatories to Defendants Amazon Web Services, Inc. was electronically served upon the parties by electronic mail, at the addresses below:

>Adam G. Unikowsky
>JENNER &BLOCK LLP
>1099 New York Ave. NW Suite 900
>Washington, DC 20001
>(202) 639-6000
>aunikowsky@jenner.com
>
>Terri L. Mascherin
>Michael Babbitt
>Michael T. Werner
>JENNER &BLOCK LLP
>353 N. Clark St.
>Chicago, IL 60654
>(312) 222-9350
>tmascherin@jenner.com
>mbabbitt@jenner.com
>mwerner@jenner.com
>
>
>*/s/ Phillip Lee*
>Phillip Lee