# Exhibit 11

| | |
|---|---|
| Kove IO, Inc.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Amazon Web Services, Inc.,<br><br>　　　　　Defendant. | Civil Action No. 1:18-cv-08175<br><br>Hon. Matthew F. Kennelly<br><br>Jury Trial Demanded |

**KOVE IO, INC'S THIRD AMENDED FINAL ENFORCEABILITY AND VALIDITY CONTENTIONS**

Plaintiff Kove IO, Inc. ("Kove") hereby submits its Third Amended Final Enforceability and Validity Contentions ("Contentions") in response to Defendant Amazon Web Services, Inc.'s ("AWS") Fourth Amended Final Invalidity Contentions ("FAFIC"), pursuant to Local Patent Rule ("LPR") 3.2 and 3.4, the Amended Scheduling Order (ECF No. 180), the Court's Order entered on September 17, 2021 (ECF No. 418), the Court's Claim Construction Order (ECF No. 484), the Court's Minute Entry following the Claim Construction Order (ECF No. 489), and the Court's January 14, 2023 Minute Entry (Dkt. No. 580).

**I.　KOVE'S RESERVATIONS OF RIGHTS**

It is AWS's burden to prove invalidity and unenforceability by clear and convincing evidence, but, as demonstrated in Kove's Contentions, AWS has failed to carry its burden for any asserted claim. Kove's Contentions are necessarily limited to information now known to it.

Kove herein addresses, as best as it is presently able to based on the limited information available, AWS's new claim construction proposals, as set forth in Appendix A to AWS's Motion for Additional Claim Construction Briefing (Dkt. 539). In doing so, Kove in no way agrees with

1

Further, AWS's recitation of "load balancing" fails to show every element of the claim limitation "transferring a portion of the identifiers and associated locations to a second data location server when a performance criterion of the first location server reaches a predetermined performance limit" or similarly-recited variations were disclosed or obvious. *See* '978 Patent at 27:40-43.

Dated: March 2, 2023

Respectfully submitted,

*/s/    Jaime F. Cardenas-Navia*
Jaime F. Cardenas-Navia

| | |
|---|---|
| Khue V. Hoang (*pro hac vice*) | Renato Mariotti (State Bar No. 6323198) |
| khoang@reichmanjorgensen.com | renatto.mariotti@bclplaw.com |
| Jaime F. Cardenas-Navia (*pro hac vice*) | Holly H. Campbell (State Bar No. 6320395) |
| jcardenas-navia@reichmanjorgensen.com | holly.campbell@bclplaw.com |
| REICHMAN JORGENSEN LEHMAN & FELDBERG LLP | BRYAN CAVE LEIGHTON PAISNER LLP |
| 400 Madison Avenue, Suite 14D | 161 North Clark Street, Suite 4300 |
| New York, NY 10017 | Chicago, IL  60601 |
| Telephone: (212) 381-1965 | Telephone: (312) 602-5037 |
| | |
| Christine E. Lehman (*pro hac vice*) | Courtland L. Reichman (*pro hac vice*) |
| clehman@reichmanjorgensen.com | creichman@reichmanjorgensen.com |
| Adam Adler (*pro hac vice*) | Shawna L. Ballard (*pro hac vice*) |
| aadler@reichmanjorgensen.com | sballard@reichmanjorgensen.com |
| Philip Eklem (*pro hac vice*) | REICHMAN JORGENSEN LEHMAN & FELDBERG LLP |
| peklem@reichmanjorgensen.com | 100 Marine Parkway, Suite 300 |
| REICHMAN JORGENSEN LEHMAN & FELDBERG LLP | Redwood Shores, CA 94065 |
| 1909 K Street, NW, Suite 800 | Telephone: (650) 623-1401 |
| Washington, DC 20006 | |
| Telephone: (202) 894-7310 | Taylor Mauze (*pro hac vice*) |
| | tmauze@reichmanjorgensen.com |
| | Navid Bayar (*pro hac vice*) |
| | nbayar@reichmanjorgensen.com |
| | REICHMAN JORGENSEN LEHMAN & FELDBERG LLP |
| | 7500 Rialto Blvd., Suite 1-250 |
| | Austin, TX 78735 |
| | Telephone: (650) 623-1401 |
| | |
| | *Attorneys for Plaintiff Kove IO, Inc.* |

EXHIBIT 3A: U.S. 7,233,978 Validity Claim Chart in View of DNS et al.

AWS purports to assert that U.S. Patent No. 7,233,978 ("the '978 patent") claims 3, 6, 10, and 14 are anticipated by, and claims 17, 23, 24, 30 are obvious in view of, the BIND 8.1 version of DNS. AWS further alleges that the operation of DNS is described in BIND and DNS, RFC 1034, RFC 1035, RFC 2168, Sherman, and Karger/Sherman. But AWS has failed to (1) sufficiently identify any version of any DNS system, (2) produce any such system, (3) establish that any such system was in operation, publicly used, sold, or offered for sale before the priority date of the Asserted claims, and (4) establish that any of the documents AWS identifies refer to any identified system much less the same system. Moreover, AWS failed to do any of the above within the timeframe required under the LPR and ordered by the Court. AWS's "DNS" reference is thus limited only to the document RFC1034.[1] AWS has also failed to establish that any non-patent materials were sufficiently publicly available so as to qualify as prior art, including BIND and DNS, RFC 1034, RFC 1035, RFC 2168, Sherman, and Karger/Sherman.

| U.S. Patent No. 7,233,978 | Domain Name System (DNS) and, for Claims 17, 23, 24, and 30, Neimat, and, for Claim 24, Venkatasubramanian[2,3] |
|---|---|
| **[1.Preamble]** A system having a plurality of location servers for managing location information and providing location information to location queries, the system comprising: | To the extent the preamble is limiting, Kove denies that this element is disclosed by DNS.<br><br>*See* claim [1.a-1.c] re "location server" and "location information." |
| **[1.a]** a first location server containing a first set of location information corresponding to at least one entity, the location information | Kove denies that this element is disclosed in DNS.<br><br>There is no "location server" disclosed by DNS. The "name servers" of DNS are not capable of modifying identifier/location mappings in response to location request |

---

[1] While AWS has failed to timely identify any evidence in support of its DNS-based contentions other than RFC1034, Kove's analysis applies equally to any DNS-related reference.

[2] Kove uses the information currently available to it to provide its responses to AWS's Fourth Amended Final Invalidity Contentions ("FAFIC") and reserves all rights to rely on additional evidence in support of its Contentions. Amazon bears the burden of proof on invalidity, which it has not met; it is not Kove's burden to show validity. Kove need not respond to any anticipation or obviousness analysis that is not set forth with specificity in the Exhibits to the FAFIC. Moreover, the parties are still engaged in discovery and expert discovery has not yet begun. For at least these reasons, Kove reserves the right to modify, amend, retract, and/or supplement these Contentions, including with regard to further deficiencies in Amazon's invalidity positions and identification of secondary considerations of non-obviousness, as permitted under the Federal Rules of Civil Procedure and the LPR.

[3] Kove incorporates by reference Exhibit 3C of its Contentions, which discusses Neimat. Kove further incorporates by reference its Patent Owner Preliminary Response and the PTAB Board's decision denying institution for IRP2020-00276. .

| U.S. Patent No. 7,233,978 | Domain Name System (DNS) and, for Claims 17, 23, 24, and 30, Neimat, and, for Claim 24, Venkatasubramanian[2,3] |
|---|---|
| comprising an identifier and at least one location string associated with the identifier, wherein the identifier identifies an entity and the location string specifies a location of data pertaining to the entity | messages (from clients). The specification of the '978 patent describes "location server", which it refers to as a "NDTP server," as "a network-attached component that maintains a set of identifier/location mappings that are *modified* or returned in response to NDTP request messages from clients." '978 patent at 4:19-38 (emphasis added). Specifically, the "location servers" of the '978 patent are capable of updating their identifier/location mappings in response to "update" requests originating from client machines connected to the network. *See id.* (describing a "client" as a "network-attached component" that "initiate[s] update" operations on location servers). For example, when data associated with a particular identifier is added to a particular data repository machine, the location servers responsible for storing the location mappings for that identifier are "updated to indicate an association between the identifier and the application server's location." '978 patent at 8:14-25. The identifier/location mappings within each "location server" are updated *dynamically* and spontaneously as data associated with an identifier is added to a new location. *See, e.g.,* '978 patent at Abstract, Background.<br><br>By contrast, the "name servers" disclosed by DNS maintain *static* mappings between domain names and IP addresses, which are refreshed at pre-determined intervals by downloading a master file that needs to first be physically edited by a system administrator. RFC1034 at 6-7, 28. "Name servers" do not update their mappings dynamically, i.e. "in response to" update requests from client machines that are sent in real time as changes to identifier/location mappings occur, as contemplated by the '978 patent. Instead, name servers only refresh themselves at pre-determined intervals with new zone data physically edited by system administrators. The name servers of DNS also cannot determine which other name servers store location information for an identifier, as that information is not stored. Nor do name servers have identifier/location mappings, as they do not have identifiers and do not have locations that are associated with identifiers/entities. Resource records encompass many types of data that are not locations. Clients in DNS cannot update identifier/location mappings in name servers. |

| U.S. Patent No. 7,233,978 | Domain Name System (DNS) and, for Claims 17, 23, 24, and 30, Neimat, and, for Claim 24, Venkatasubramanian[2,3] |
|---|---|
| | DNS does not disclose an "identifier" or an "identifier [that]t identifies an entity" or a "location string [that] specifies a location of data pertaining to the entity." An "identifier" is expressly described in the '978 patent as "a *unique* encoding, which may be a string in one embodiment, with which zero or more data location specifiers are associated in an NDTP server." '978 patent at 4:19-43 (emphasis added). The identifier string must "be unique to a particular entity," '978 patent at 7:62-67, i.e. it cannot identify more than one data entity. By contrast, the "domain name" designated by AWS as the "identifier string" does not constitute a unique string as described in the specification of the '978 patent because each domain name can correspond to multiple host IP addresses or mailboxes, which constitute the "data entities" under Amazon's theory of invalidity. *See, e.g.*, RFC1034 at 14 (showing the domain names "Venera.ISI.EDI" and "VAXA.ISI.EDU" as each corresponding to two different IP addresses, or hosts), 17 (showing the domain names "Venera.ISI.EDI" and "VAXA.ISI.EDI" as resolving to all mailboxes ending in ISI.EDU). The purported location strings in DNS thus correspond to multiple entities, not the uniquely identified entity.<br><br>DNS does not disclose "location information." The '978 patent describes "location information" as "one or more identifiers and their associated locations." *See, e.g.*, '978 patent at 2:28-42, 4:55-57, claims 1, 10, 14, 17. As described above, DNS does not disclose identifiers or locations. |
| [1.b] a second location server comprising a second set of location information, wherein at least a portion of the second set of location information differs from the first set of location information; and | Kove denies that this element is disclosed by DNS.<br><br>*See* claim [1.a].<br><br>As explained above, DNS does not disclose a "location server" or "location information." |
| [1.c] programming logic stored on each of the location servers responsive to a location query identifying a desired entity to return a location message, the location message comprising at least one location of data pertaining to the | Kove denies that this element is disclosed by DNS.<br><br>*See* claim [1.a]. |

| U.S. Patent No. 7,233,978 | Domain Name System (DNS) and, for Claims 17, 23, 24, and 30, Neimat, and, for Claim 24, Venkatasubramanian[2,3] |
|---|---|
| desired entity, if the location server receiving the location query contains location information for the desired entity. | As explained above, DNS does not disclose a "location server," "location information," or "location." |
| [3] The system of claim 1, wherein the programming logic further comprises logic responsive to the location query to return one of a location message or a redirect message, wherein the location server receiving the query returns the location message if the queried location server contains location information for the desired entity, and wherein the queried location server returns a redirect message if the queried location server lacks location information for the desired entity, the redirect message comprising information for finding a location server known to have location information relevant to the location query. | Kove denies that this element is disclosed by DNS.

*See* claim [1.a].

As explained above, DNS does not disclose a "location server," "location information," or "location."

DNS does not disclose a "redirect message" or any of this claim limitation because the name servers to which DNS queries are forwarded are not "known to have the location information for the desired entity." Because the domain name space of DNS is split into "separate sets of local information called zones" which are managed by different entities, name servers generally do not know which other name servers contains the resource records to answer a given query. RFC1034 at 6-7. Consequently, multiple redirects are often necessary. *See* RFC1034 at 17-18 (describing the "essential task" of name servers as answering queries "using data in *its zones*" and describing name servers as capable of making referrals to other name servers that are merely "closer" to the desired information) (emphasis added). Crucially, "a name server that doesn't have the requested information *may know* a name server that does." RFC1034 at 17 (emphasis added). Unlike the "redirect message" claimed by the '978 patent, DNS discloses no function whereby a name server can *actually know* which name server contains the desired resource records. *See, e.g.,* '170 patent at 14:43-15:35. The names servers of DNS are not configured to determine which other name server stores particular IP addresses for a request, as they are organized in a hierarchical tree structure that is not based on a hash function and are merely programmed to get "closer" to a name server with the requested information. Only for certain requests, with canonical names, can a name server identify a name server to respond to a request, but this functionality does not apply to *each* name server with respect to any given domain name and it is not based on a |

| U.S. Patent No. 7,233,978 | Domain Name System (DNS) and, for Claims 17, 23, 24, and 30, Neimat, and, for Claim 24, Venkatasubramanian[2,3] |
|---|---|
| | hash function applied to a domain name. RFC1034 at 3-4, 14-15, 18-19, 25-26. *See* [claim 6.c]. |
| [6] The system of claim 1, wherein the location information in the location server is maintained in an indexed location store indexed by a hash table. | *See* claim [1.a].<br><br>As explained above, DNS does not disclose a "location server," "location information," or "location."<br><br>DNS does not describe the purported location information "maintained in an indexed location store indexed by a hash table." DNS at most vaguely describes a tree or hash structure, which does not store location information and is not at a location server. |
| [10.Preamble] A system having a plurality of location servers for managing location information and providing location information to location queries, the system comprising: | To the extent the preamble is limiting, Kove denies that this element is disclosed by DNS.<br><br>*See* claim [1pre-1.c, 10.a-10.b]. |
| [10.a] a plurality of location servers containing location information corresponding to a plurality of entities, the location information formatted according to a transfer protocol configured for manipulating location information, and comprising at least one application server address, wherein the plurality of location servers are arranged in a cluster topology such that each location server contains a unique set of location information of an aggregate set of the location information; and | Kove denies that this element is disclosed by DNS.<br><br>*See* claim [1pre-1.c].<br><br>As explained above, DNS does not disclose a "location server," or "location information," and the location information is not "formatted according to a transfer protocol configured for manipulating location information."<br><br>DNS does not describe "wherein the plurality of location servers are arranged in a cluster topology such that each location server contains a unique set of location information of an aggregate set of the location information." DNS requires that each organization that maintains a portion of the domain name space must maintain "redundant" name servers. (DNS, at 4 ("Each organization that has responsibility for a particular set of domains will provide *redundant name servers*, either on the |

| U.S. Patent No. 7,233,978 | Domain Name System (DNS) and, for Claims 17, 23, 24, and 30, Neimat, and, for Claim 24, Venkatasubramanian[2,3] |
|---|---|
|  | organization's own hosts or other hosts that the organization arranges to use.") (emphasis added); *see also id.*, at 6 ("Authoritative information is organized into units called ZONEs, and these zones can be automatically distributed to the name servers which provide *redundant service* for the data in a zone.") (emphasis added), 19 ("By administrative fiat, *we require every zone to be available on at least two servers*, and many zones have more redundancy than that.") (emphasis added), 21 ("Once the proper name for the new subzone is selected, the new owners should be required to demonstrate *redundant name server support*.") (emphasis added), 34 ("The reason for *two of each* is for *redundancy*.") (emphasis added).) DNS thus discloses that there will be *at least two* name servers with the same name space information, which AWS contends is the claimed "location information." |
| [10.b] programming logic stored on each of the plurality of location servers responsive to a location query for a desired identifier to return one of a location message, wherein a queried location server returns a location message if the queried location server contains location information for the desired identifier, and a redirect message if the queried location server does not contain location information relevant to the desired identifier, wherein the redirect message comprises information for finding a location server having location information related to the desired identifier. | Kove denies that this element is disclosed by DNS.<br><br>*See* claim [1.a-1.c, 3].<br><br>As explained above, DNS does not disclose "location server," "location information," "location message," "identifier," or "redirect message." |
| [14.Preamble] A method of handling location queries in a network, the network comprising a plurality of location servers, each location server containing a unique set of location information of an aggregate set of location information correlating each of a plurality of | To the extent the preamble is limiting, Kove denies that this element is disclosed by DNS.<br><br>*See* claim [1pre-1.c, 10.pre-10.b]. |

EXHIBIT 3A: U.S. 7,233,978 Validity Claim Chart in View of DNS et al.

| U.S. Patent No. 7,233,978 | Domain Name System (DNS) and, for Claims 17, 23, 24, and 30, Neimat, and, for Claim 24, Venkatasubramanian[2,3] |
|---|---|
| identifiers with at least one location, the method comprising: | |
| [14.a] receiving a location query from a client at one of the plurality of location servers, the location query requesting an entity's location; | Kove denies that this element is disclosed by DNS.<br><br>*See* claim [1a-1.c, 10.a-10.b] for discussion of "location query," "client," "location server," "location," and "entity." |
| [14.b] sending a location response message to the client if the queried location server contains location information relevant to an entity identified in the query, the location response message comprising location information identifying at least one application server containing information relevant to the entity identified in the query; and | Kove denies that this element is disclosed by DNS.<br><br>*See* claim [1a-1.c, 10.a-10.b]. |
| [14.c] sending a redirect message to the client if the queried location server does not contain data location information relevant to the entity identified in the query, the redirect message comprising information for finding a location server storing the entity identified in the query. | Kove denies that this element is disclosed by DNS.<br><br>*See* claim [1a-1.c, 3, 10.a-10.b]. |
| [17.Preamble] A method of scaling at least one of capacity and transaction rate capability in a location server in a system having a plurality of location servers for storing and retrieving location information, wherein each of the plurality of location servers stores unique set of location information of an aggregate set of location information, the method comprising: | To the extent the preamble is limiting, Kove denies that this element is disclosed by DNS.<br><br>*See* claim [1pre-1.c, 10.pre-10.b, 17.a-17.e]. |
| [17.a] providing a transfer protocol configured to transport identifier and location information, | Kove denies that this element is disclosed by DNS. |

7

| U.S. Patent No. 7,233,978 | Domain Name System (DNS) and, for Claims 17, 23, 24, and 30, Neimat, and, for Claim 24, Venkatasubramanian[2,3] |
|---|---|
| the location information specifying the location of information related to the identifier; | *See* claim [1pre-1.c, 10.pre-10.b]. |
| [17.b] storing location information formatted according to the transfer protocol at a first location server; | Kove denies that this element is disclosed by DNS.<br><br>*See* claim [1pre-1.c, 10.pre-10.b]. |
| [17.c] receiving an identifier and a location relevant to the identifier at the first location server; | Kove denies that this element is disclosed by DNS.<br><br>*See* claim [1pre-1.c, 10.pre-10.b]. |
| [17.d] storing the received location in a location store at the first data location server, the location store comprising a plurality of identifiers, each identifier associated with at least one location, wherein the received location is associated with the received identifier in the location store; and | Kove denies that this element is disclosed by DNS.<br><br>*See* claim [1pre-1.c, 10.pre-10.b]. |
| [17.e] transferring a portion of the identifiers and associated locations to a second data location server when a performance criterion of the first location server reaches a predetermined performance limit. | Kove denies that this element is disclosed by DNS or other references, or that it is rendered obvious.<br><br>*See* claim [1pre-1.c, 10.pre-10.b].<br><br>With respect to "load balancing" and this claim limitation, AWS has not provided an adequate explanation or rationale as to why or how the person of ordinary skill in the art ("POSA") would have combined DNS with any alleged knowledge or skill in the art or any of the specifically identified references to arrive at the inventions claimed, or even that such a combination was technically feasible. AWS resorts to conclusory assertions of general knowledge, common sense, and skill in the art, which are insufficient to supply the claim limitations missing from DNS's disclosure. AWS asserts that DNS would have been combined with any of the specifically identified references because (1) the "concept of transferring |

| U.S. Patent No. 7,233,978 | Domain Name System (DNS) and, for Claims 17, 23, 24, and 30, Neimat, and, for Claim 24, Venkatasubramanian[2,3] |
|---|---|
| | information from one server to another when the server is full, for example, is obvious and conventional in the field of computer science"; and (2) "One of skill would have been motivated to do so, for example, for the obvious benefit of improving system performance, speed, and efficiency." These statements are vague, overbroad, and conclusory, and insufficient to supply a motivation to combine. AWS's flawed logic results in an erroneous conclusion that the POSA would have been motivated to combine load balancing with any disclosure. Further, the mere fact that references are supposedly in the same field of endeavors falls short of any adequate rationale and reasoned analysis as to why a person of ordinary skill in the art would combine certain references; it is merely the jumping-off point in assessing whether a claimed invention may be obvious. Further, the references AWS seeks to combine are non-analogous art and/or change the basic principles under which the references were designed to operate, and thus the POSA would not have been motivated to combine them. AWS improperly resorts to hindsight reconstruction to cherry-pick among isolated disclosures in the prior art to allegedly arrive at the claimed inventions. Moreover, the specifically identified references do not disclose one or more of the claim limitations for the reasons given with respect to those individual references, to the extent those references were even addressed by AWS.<br><br>Further, Neimat does not disclose at least "identifiers," "locations," "data location server," "predetermined performance limit," or the claimed relationships among them. The servers in Neimat do not store or return data location information. The servers instead store records and relationships between memory addresses and server addresses. Further, Neimat does not disclose "transferring a portion of the identifiers and associated locations to a second data location server when a performance criterion of the first location server reaches a predetermined performance limit." Neimat instead discloses moving half the files in a storage location to a new location when there is a collision, not a performance criterion or predetermined performance limit. Exhibit 3C is hereby incorporated by reference. |

| U.S. Patent No. 7,233,978 | Domain Name System (DNS) and, for Claims 17, 23, 24, and 30, Neimat, and, for Claim 24, Venkatasubramanian[2,3] |
|---|---|
| | AWS thus fails to adduce a single reference that either discloses or suggests the claimed limitation, and AWS's references neither teach nor suggest the load balancing and scaling problem that the '978 patent is directed to solve. The POSA would have no rationale to combine DNS with Neimat (or any other reference); to the contrary, for the reasons above, DNS and Neimat teach away from the claimed invention. |
| [23] The method of claim 17, wherein the performance criterion comprises an amount of available persistent storage space in the first location server. | Kove denies that this element is disclosed by DNS or other references, or that it is rendered obvious.<br><br>*See* claim [17.a-17.e]. Further, AWS wholly failed to provide a basis for why this claim limitation is obvious. |
| [24] The method of claim 17, wherein the performance criterion comprises a transaction rate limit. | Kove denies that this element is disclosed by DNS or other references, or that it is rendered obvious.<br><br>*See* claim [17.a-17.e]. Further, AWS wholly failed to provide a basis for why this claim limitation is obvious.<br><br>Further, Venkatasubramanian does not disclose at least "identifiers," "locations," "data location server," "predetermined performance limit," or the claimed relationships among them. The servers in Venkatasubramanian do not store or return data location information. Further, Venkatasubramanian does not disclose "transferring a portion of the identifiers and associated locations to a second data location server when a performance criterion of the first location server reaches a predetermined performance limit wherein the performance criterion comprises a transaction rate limit." Venkatasubramanian is directed to video streaming, and purports to provide an example of load management that involves replications, which actually teaches away from the claimed inventions. |

| U.S. Patent No. 7,233,978 | Domain Name System (DNS) and, for Claims 17, 23, 24, and 30, Neimat, and, for Claim 24, Venkatasubramanian[2,3] |
|---|---|
| | AWS thus fails to adduce a single reference that either discloses or suggests the claimed limitation, and AWS's references neither teach nor suggest the load balancing and scaling problem that the '978 patent is directed to solve. The POSA would have no rationale to combine DNS with Neimat or Venkatasubramanian (or any other reference); to the contrary, for the reasons above, DNS, Neimat, and Venkatasubramanian teach away from the claimed invention. |
| [30] The method of claim 17, wherein transferring a portion of the identifiers and associated locations to a second location server when a performance criterion of the first data location server reaches a predetermined performance limit further comprises monitoring the performance criterion and automatically transferring the portion of identifiers and associated locations when the first location server reaches the predetermined limit. | Kove denies that this element is disclosed by DNS or other references, or that it is rendered obvious.<br><br>See claim [17.a-17.e]. Further, AWS wholly failed to provide a basis for why this claim limitation is obvious. |