**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Kove IO, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Amazon Web Services, Inc.,<br><br>Defendant. | Civil Action No. 1:18-cv-08175<br><br>Hon. Matthew F. Kennelly<br><br>Jury Trial Demanded |

**FINAL PRETRIAL ORDER**

Pursuant to the Court's November 2020 revised standing order on preparation of final pretrial orders, the undersigned respectfully submit the following proposed final pretrial order containing each of the applicable categories of materials identified in the Court's standing order:

1. Jurisdiction. A concise statement of the basis for federal subject matter jurisdiction. The parties do not dispute jurisdiction. (*see* **Attachment 1**).

2. Claims. A short statement of Plaintiff's claims and a short statement of Defendant's defenses and counterclaims (*see* **Attachment 2**).

3. Relief Sought. A statement of the relief which Plaintiff requests from the Court for its claims and which Defendant seeks for its counterclaims (*see* **Attachment 3**).

4. Witnesses. A list of names and addresses of all witnesses who will or may be called by each party, with a statement of any objections to the calling or to the qualification of any witness on the list (*see* **Attachment 4**); and deposition designations for each witness whose deposition testimony will be used, as well as objections to any of the testimony, and a concise statement of

the asserted basis of admissibility (*see* **Attachments 4A** (Kove) **and 4B** (Amazon)).[1] The parties will provide in a USB drive the transcripts of the depositions which include objections to designations that the Court may be called to rule upon.

The parties have agreed as follows:

a. The listing of a witness on a party's witness list does not require the party to call that witness to testify, call that witness in any particular order, and does not imply or establish that the listing party has the power to compel the live testimony of that witness or make that witness available to the opposing party.

b. If a party adjusts a person on its witness list from a will call to a may call, the other party shall have five calendar days to provide deposition designations for that witness. The adjusting party shall then have two calendar days to provide counter-designations and objections. The opposing party shall then have one day to provide a basis for admissibility and objections to counter-designations, and any fairness designations. However, no changes from will call to may call will be permitted after March 22, 2024 at 5:00pm CT, absent agreement of the parties or with leave of the Court.

c. Any witness not listed in the final pretrial order will be precluded from testifying absent a showing of good cause, except that each party reserves the right to call such rebuttal witnesses (who are not presently identifiable) as may be necessary, or witnesses to establish foundation for, or to authenticate, documents.

[1] **[Kove's Position:** See Section 5, below, for explanation of exhibit list and deposition designations. **AWS's Position:** AWS has responded in Section 5 below to Kove's explanation.]

d.  By 7:00 p.m. two calendar days before a witness will be called to testify live, including a direct examination of an adverse witness, the name of the witness will be identified by email to opposing counsel, and, if multiple witnesses are identified, the expected order of presentation.

e.  A party's designation of deposition testimony is not an admission that such testimony is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to designate the testimony. Each party reserves the right to object to the admissibility of any prior designation offered by the other party, at the time such evidence is offered, in view of the specific context in which such testimony is offered.

f.  Unless otherwise agreed to between the parties, the party offering deposition testimony (other than for the purpose of impeachment or cross examination) shall identify the deposition testimony intended to be offered from previously exchanged designations by 7:00 p.m. three calendar days prior to the testimony being offered into the record, if multiple witnesses are identified, the expected order of presentation, the manner in which the deposition will be used (i.e., by video or reading the transcript into the record), and identify any exhibits it intends to move into evidence via the deposition testimony. The party receiving the designations shall inform the opposing party of any objections and counter-designations, the manner in which the counter-designations will be used (i.e., by video or reading the transcript into the record), and any exhibits it intends to move into evidence via the deposition testimony by 7:00 p.m. two calendar days prior to the testimony being offered into the record. The party offering the deposition testimony shall inform

the opposing party of any objections to counter-designations and of any fairness/completeness designations by 8:00 p.m. two calendar days prior to the testimony being offered into the record. The opposing party shall inform the party offering the deposition testimony of any objections to fairness/completeness designations by 9:00 p.m. two calendar days prior the testimony being offered into the record, and the parties will meet and confer by 9:30 p.m. that same day. Issues related to deposition designations must be brought to the attention of the Court's Courtroom Deputy one calendar day before the witness is to be called. The parties have provided the Court with copies of the deposition transcripts for those depositions with objections via USB. If the parties are unable to resolve the objections in good faith before then, the parties will provide the Court with a cover letter identifying the name of the witness, the unresolved objections, a brief indication (i.e., no more than one sentence per objection per party) of the basis for the objection, and the offering party's basis for admissibility, one calendar day before the deposition is to be used. Any transcripts of testimony (excluding testimony given during this trial) must have been previously designated by the parties and cleared of any outstanding objections before being shown to the jury.

g. The party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter-designations and fairness/completeness designations and shall provide a final version of the video to the other party by 9:00 p.m. one calendar day before it is to be shown to the jury or state in writing that the deposition testimony will be instead read into the record. All irrelevant and redundant material, including stricken or withdrawn questions,

colloquy between counsel, and objections, will be eliminated when the deposition testimony is read or viewed at trial.

h. When the witness is called to testify by deposition testimony at trial, the party calling the witness shall provide the Court with two copies of the transcript of the designations, counter-designations, and fairness/completeness designations that will be read or played. The parties will be charged for all time taken to read or play their designations and counter designations according to (i) if read, the proportion of lines of testimony for its designations to the total number of lines of testimony read, or (ii) if played, by the actual time that elapses from the time the deposition testimony is presented according to the proportions to be provided by the parties.

i. For those witnesses whose deposition testimony will be presented, the parties shall be permitted to make brief transition statements to introduce the witnesses by name, position or title, the company to which he or she is associated, and one non-argumentative sentence indicating the general subject matter of the testimony, the time for which shall be charged to the party offering the witness's testimony, unless otherwise agreed to by the parties. However, counsel shall not be permitted to argue or comment on the evidence during transition statements.

j. For those witnesses whose deposition testimony will be presented by video deposition testimony designations, counter-designations, and counter-counter-designations from a single deposition will be introduced at trial together in the sequence in which the testimony originally occurred. **[AWS's Proposal:** Consistent with Section 4.h. above and how video testimony will be played, this also applies to testimony read into the record. Otherwise, the testimony read out of

order would be confusing to the jury.] **[Kove's Proposal:** For those witnesses whose deposition testimony will be read into the record, the offering party will read its excerpts of testimony first, and then the other party will read its excerpts of testimony second. This proposal keeps the presentation from being interrupted and disjointed for the jury, and confusing about which party is presenting which testimony. Of course, if there are a few extra lines added under the rule of completeness, that is appropriate, but the wholesale hijacking of the spoken testimony to add the other party's evidence into the record is not. If the opponent wants to introduce its own evidence from a witness, there is no reason that cannot occur on "cross" or the party's case in chief.**]**

5. Exhibits. A schedule of all exhibits a party may seek to have admitted as evidence at trial, identified by trial exhibit number, with a brief description of each exhibit, and any objections to each exhibit (*see* **Attachments 5**, **5A** (Kove), **and 5B** (Amazon)).

The parties have agreed as follows:

a. Except for demonstrative exhibits, exhibits to be used solely for impeachment, and Rule 1006 exhibits[2], this pretrial order contains the maximum universe of exhibits each party will seek to have admitted into evidence, whether on direct examination

[2] The parties agree that Rule 1006 exhibits need not be included on a party's pre-trial exhibit list and will be disclosed with sufficient and reasonable notice for review and/or objection, but at least **two days** in advance of anticipated use, provided that any exhibits from which a particular Rule 1006 exhibit is derived have been disclosed on the parties' exhibit lists (including any supplements thereto). Any Rule 1006 exhibit must be disclosed to the opposing party along with a comprehensive list of source material upon which it relies, including, if applicable, by identification of specific trial exhibit number. Objections to Rule 1006 exhibits, meet and confers relating to them, and the presentation to the Court of such disputes will otherwise follow the procedure outlined in 5.b. The parties will include any such admitted Rule 1006 exhibits on the final exhibit list provided to the Court after trial.

or cross-examination, as well as all objections to the admission of such exhibits, neither of which shall be supplemented without approval as provided herein. **[AWS's Position:** Notwithstanding the foregoing, each party may be permitted to supplement its exhibits list prior to the Final Pretrial Conference with no more than 20 additional exhibits. Any supplemental exhibit list must be served with sufficient time for the other side to provide objections prior to the Final Pretrial Conference.**]** [**Kove's Position:** There is no reason to supplement the exhibit list after the filing of the Pretrial Order, and thus no additional language is necessary here.**]** A party may offer any exhibit appearing on either party's exhibit list, either in direct examination of its own witness or on cross-examination of an adverse witness.

b. A party will identify exhibits to be used in connection with direct examination, by 7:00 p.m. the night before their intended use, and objections will be provided no later than 8:00 p.m. the night before their intended use. The parties shall meet and confer telephonically in an attempt to resolve any objections to the exhibits at 9:00 p.m. the day the objections are provided. The parties will cooperate in seeking to have the Court resolve any disputes prior to the introduction of the exhibit.

c. The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

d. The parties stipulate that all exhibits produced by any party or third party by subpoena are deemed authentic in this case to the extent the documents were created by the producing party. **[Kove's Proposal:** Exhibits not objected to will be received into evidence by the operation of the Final Pretrial Order without the need

for additional foundation testimony.**]** **[AWS's Proposal:** To be admitted into evidence, an exhibit must be addressed in witness testimony presented to the jury at trial, regardless of whether the exhibits is objected to in the Final Pretrial Order.**]** Objections as to evidence, including foundation and authenticity, shall be made based on a good-faith belief that there is a basis to challenge the admission of the evidence.

e. The parties will exchange demonstratives and a list of exhibits that they intend to use in their opening statements by 3:00 p.m. on the day before opening statements. Photos or electronic images of any physical demonstrative to be used in the opening must be made available at the same time. The parties will provide any objections to such demonstratives or exhibits by 5:00 p.m. on the day before opening statements, and the parties shall meet and confer telephonically about any objections by 6:30 p.m. that same day. If the parties cannot resolve the objections, any unresolved issues will be addressed with the Court in the morning immediately prior to opening statements. The parties agree that any changes to the disclosed materials made after 3:00 p.m. on the day before opening statements are made will be non-substantive (e.g., edits to font, layout, format, or to correct typographical errors) unless made in response to, and for the purpose of, resolving an objection. If any of the disclosed materials substantively change after 3:00 p.m. on the day before opening statements are made, the party intending to use the disclosed materials will promptly notify the opposing party of the substantive change(s). Absent order from the Court, these deadlines may be amended by agreement of the parties.

f.  A party will provide demonstrative exhibits to be used in connection with direct examination by 7:00 p.m. the day before their intended use, and objections will be provided not later than 8:00 p.m. the night before their intended use. The parties shall meet and confer telephonically in an attempt to resolve any objections to the exhibits at 9:00 p.m. the day the objections are provided. The parties will cooperate in seeking to have the Court resolve any disputes prior to the introduction of the exhibit. The parties agree that any changes to the disclosed materials made after 7:00 p.m. on the day before their intended use will be non-substantive (e.g., edits to font, layout, format, or to correct typographical errors) unless made in response to, and for the purpose of, resolving an objection. If any of the disclosed materials substantively change after 7:00 p.m. on the day before their intended use, the party intending to use the demonstrative will promptly notify the opposing party of the change(s).

g.  The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF or other electronic form labeled with the exhibit or demonstrative number. Any demonstrative that includes an animation, flash file, or similar moving image shall be exchanged in a manner sufficient to permit the receiving party to see the animation, flash file, or moving images. Exchange of large boards is not required, and these demonstrative exhibits may be exchanged in 8½" x 11" format with the PDF/electronic exhibits being exchanged at that same time. In addition, blow-ups or highlights of exhibits or parts of exhibits or testimony that contain no additional markings, commentary, or alterations, are not required to be provided to the other side in advance of their use.

h. The above procedures regarding disclosure of demonstratives and exhibits do not apply to exhibits used for impeachment or cross examination of a witness, or any demonstrative created during testimony, none of which need to be provided to the other side in advance of their use.

i. **[Kove's Position:** Kove is cognizant of the Court's concern regarding the size of exhibit lists. Kove notes that it has listed approximately 1580 exhibits, and AWS has listed approximately 590. Given the parties' agreed procedures for resolving evidentiary disputes at trial, the burden on the Court is expected to be minimal, and the presence of exhibits on the list is expected to streamline and simplify the trial.

For context, approximately half of Kove's listed exhibits are from its expert reports, most of which would be summarized in demonstrative decks or Rule 1006 summaries. And more than 200 are Amazon patents also to be used in Rule 1006 summaries. The Rule 1006 summaries will be provided in lieu of admitting the underlying documents at trial. Those underlying documents, however, need to be available (i.e., on the exhibit list) should they be required by the Federal Rules or contested by AWS. Approximately 80% of the exhibits on Kove's list are documents produced by Amazon.

The parties have agreed to a procedure to minimize the burden on the Court. The parties agreed that the attached exhibit lists are the maximum universe of documents to be admitted into evidence (outside of demonstrative exhibits, exhibits solely used for impeachment, or Rule 1006 exhibits).[3] The parties agreed to identify exhibits to be used in connection with direct examination the day before intended use, and the parties will meet and confer regarding any

[3] The parties agreed that Rule 1006 exhibits must be disclosed at least two days in advance of their anticipated use at trial provided that **any exhibits from which a particular Rule 1006 exhibit is derived must be on the party's exhibit list**.

objections. The parties will cooperate in seeking to have the Court resolve any remaining disputes, most likely the morning before trial begins. Few disputes are expected to remain by that point.

The presence of exhibits on the exhibit list is intended to simplify and streamline trial. Most of the exhibits will be used to compile Rule 1006 (summary of voluminous evidence) exhibits by the experts. By agreement or rule, the underlying documents must be on the exhibit list. Furthermore, the presence of documents on the exhibit list obviates unnecessary disputes. All too often, a missing document leads to jury arguments that a witness' word must be taken on a subject because there was no corroborating document (e.g., "you didn't see a document on this -- they're just asking you to take their word for it") even if there is a document that plainly corroborates the information.[4] The presence of documents on the exhibit list reduces or eliminates that possibility because such an argument would be met by simply admitting the related document.

At this stage, it is unknown what elements of the action AWS will actually contest at trial (and there are dozens of potentials). Kove cannot cut a meaningful number of exhibits without running the risk of failing to meet its burden of proof – but again, the presence of the documents on the list tends to reduce the number of disputed issues.

The number of documents in this case is consistent with other cases of this complexity and size tried by counsel, and the procedures in place have resulted in minimal burden on the Court.

[4] Kove asked AWS whether it would agree to not make such arguments. It would not agree.

Similar procedures are in place to narrow during trial the number of deposition designations. The parties have agreed to provide the narrowed list and objections to the Court a full day in advance of their anticipated use (i.e., the day before their intended use). The number of disputes for resolution by the Court is expected to be minimal. For the reasons discussed above, the presence of a backstop of deposition designations is expected to streamline the trial, and is necessary because it is unknown what AWS will contest or which witnesses it will bring, so the testimony needs to be available – not having it available risks Kove's substantial rights for failure to meet its burden of proof, while the availability of these designations should streamline the trial by avoiding sideshows about otherwise incontestable facts.

AWS's proposal to limit Kove's exhibits is unworkable and threatens substantial prejudice. Meaningful numbers of exhibits cannot be cut without jeopardizing Kove's ability to meet its burden of proof, particularly through the use of Rule 1006 exhibits. Kove worked diligently to pare this list down from over 3,000 exhibits, and the current list reflects the documents that it may well need at trial depending on what arguments AWS ends up making. It cannot be the case that AWS can force Kove to limit the exhibits on the list and then move for judgment as a matter of law under Rule 50, or argue to the jury for a verdict in its favor, based on missing documents. This case is extraordinarily complex given the technology involved and AWS's insistence on litigating every issue even if not fairly in dispute. In short, forcing Kove to cut needed documents would result in severe prejudice. And it is unnecessary because the parties' process will minimize disputes and the burden on the Court. Even under AWS's proposal, the Court would have to rule on hundreds of objections before trial without argument

or context.[5] Under the parties' agreed procedure, there should be fewer than only one or two dozen disputes, which can be efficiently presented in the morning with context and a brief argument.**]**

j. **[AWS's Position:** Consistent with the Court's Order, AWS has sought to streamline its exhibits and deposition designations. So AWS objects to Kove's inclusion of the statement above seeking to explain Kove's 1,591 exhibits and over 70 pages of deposition designations. Following the Court's expressed concern regarding the size of exhibit lists during the February 8 hearing and the Court's order requiring "the parties to confer in an attempt to pare down their exhibit lists" (Dkt. 741, at 3), AWS narrowed its exhibits to the approximately 590-item list it provided to Kove on February 9. AWS also provided 13 pages of deposition designations. AWS is currently working through Kove's objections to AWS's exhibit list and expects to further pare down its list. AWS undertook this effort with the goal of having issues related to exhibits and deposition designations decided at the Final Pretrial Conference to avoid the parties having to spend part of their allotted time resolving these issues and consuming Court and jury time during trial. So, AWS objects to Kove's inclusion of the statement to explain its excessive exhibit list and deposition designations. Further, AWS would be amenable to a Court-imposed exhibit limit of 500 or fewer exhibits to further streamline the issues. And Kove's suggestion that AWS's objections to around 25% of Kove's exhibits present an undue burden is misplaced. As is typical, AWS's exhibit objections fall into distinct groups, such as those subject to in limine motions and third-party documents containing hearsay. AWS's objections can be

[5] AWS has objected to almost 400 exhibits. Kove has objected to 20 exhibits (aside from *Daubert*/MIL challenges).

resolved for those groups, instead of by individual objection. So, they can be addressed efficiently by the parties and the Court.]

6. Type and length of trial. The Court has reserved approximately two weeks for trial, setting aside 44 hours in total, not counting jury selection. (Dkts. 663, 741). The Court has allocated the 44 hours evenly between the parties, with 22 hours per side. Dkt. 741. The parties agree that the presentation of evidence shall follow the burden of proof:

Phase I: Kove's case-in-chief on infringement, willfulness, and damages.

Phase II: Amazon's response on infringement and damages; and case-in-chief on patent invalidity [and unenforceability, to the extent permitted].

Phase III: Kove's rebuttal on infringement, willfulness, and damages; and response on patent invalidity [and unenforceability, to the extent permitted].

Phase IV: Amazon's rebuttal on patent invalidity [and unenforceability, to the extent permitted].

[**AWS' Position:** The parties shall be permitted to elicit facts through fact witnesses regarding topics that may be relevant to a later phase of the case (e.g., asking the inventors about prior art in Kove's case-in-chief), such that each live fact witness need only testify once.]

[**Kove's Position:** There is no need for the qualification set forth in AWS's Position. It appears the only way this would come up is in Kove's case in chief, and it is unclear how or why a fact witness would need to be questioned on invalidity issues, which are the purview of expert witnesses. Further, it would be confusing to the jury. It tends to suggest that Kove has a burden of proof on validity issues, when in fact the burden is on AWS by clear and convincing evidence. If AWS is permitted to stray beyond the scope of direct, hijacking the examination by asking fact witnesses about validity, then Kove would have to include validity question on direct, which suggests it has some burden of proof. The

well-established practice is for the parties to present their cases in accordance with the burdens of proof – a practice grounded in not confusing the jury.

The bracketed language in the Order of Proof above relates to Kove's Motion to Bifurcate, discussed below.**]**

The Parties present their position on what issues the jury trial will decide below.

**[Kove's Position:** This will be a jury trial on all issues except inequitable conduct and obviousness-type double patenting ("OTDP"), which are to be tried to the Court (bench trial). Kove has filed a motion to bifurcate these issues from the jury trial (Dkt. 750).**]**

[**AWS's Position:** The inequitable conduct and OTDP defenses should be tried with the remainder of the case as the evidence and witnesses greatly overlap with those for other jury issues (e.g., infringement and invalidity). AWS will provide its detailed positions on these issues in the opposition to Kove's motion, to be filed on February 27.**]**

7. Proposed findings and conclusions. **[AWS's Position:** In the event the Court grants Kove's motion to bifurcate, AWS's proposed findings of fact and conclusions of law on inequitable conduct and OTDP are attached hereto and submitted via flash drive in Microsoft Word format. (*see* **Attachment 7B** (AWS).**] [Kove's Position:** Kove's position, as articulated in its Motion to Bifurcate (Dkt. 750), is that two of Amazon's defenses are to be decided by the Court, not the jury: inequitable conduct and OTDP. Kove's proposed findings of fact and conclusions of law on these issues are attached hereto and submitted via flash drive in Microsoft Word format. (*see* **Attachment 7A** (Kove).**]**

8. Proposed voir dire questions. For a jury trial, proposed voir dire questions and corresponding objections (*see* **Attachment 8**).

9. Proposed jury instructions. A listing of agreed jury instructions (numbered consecutively) and disputed jury instructions (contained separately and numbered consecutively), including supporting authority for disputed instructions and objections thereto (*see* **Attachments 9A** (Agreed) **and 9B** (Disputed)).

The parties agree to play The Federal Judicial Center's patent tutorial video, The Patent Process: An Overview for Jurors and have included references to it in the proposed preliminary jury instructions.

Narrowing of claims: The Parties have been discussing a narrowing of the asserted claims and invalidity theories in the case. The Parties will seek to agree on the scope of that narrowing and will file a joint stipulation with their proposed agreement or respective proposals by no later than March 14, 2024.

Counsel for the parties believe that they have complied with the requirements in the Court's standing order on preparation and submission of a proposed final pretrial order.

This Order will control the course of the trial and may not be amended except by consent of the parties, or by order of the Court to prevent manifest injustice.

Respectfully Submitted,

KOVE IO, INC.

By: /s/ Courtland L. Reichman

Renato Mariotti (State Bar No. 6323198)
renatto.mariotti@bclplaw.com
Holly H. Campbell (State Bar No. 6320395)
holly.campbell@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Suite 4300
Chicago, IL 60601
Telephone: (312) 602-5037

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Shawna L. Ballard (*pro hac vice*)
sballard@reichmanjorgensen.com
Jennifer P. Estremera *(pro hac vice)*
jestremera@reichmanjorgensen.com
Gina H. Cremona (*pro hac vice*)
gcremona@reichmanjorgensen.com
Navid Bayar (*pro hac vice*)
nbayar@reichmanjorgensen.com
Savannah Carnes (*pro hac vice*)
scarnes@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401

Khue V. Hoang (*pro hac vice*)
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
Telephone: (212) 381-1965

AMAZON WEB SERVICES, INC.

By: /s/ R. William Sigler

Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Lisa N. Phillips (*pro hac vice*)
*lisa.phillips@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Ave, NW, Suite 400
Washington, D.C. 20015
Telephone: (202) 362-3500

Ken K. Fung
*ken.fung@fischllp.com*
FISCH SIGLER LLP
400 Concar Drive
San Mateo, CA 94402
Telephone: (202) 362-3500

*Attorneys for Defendant Amazon Web Services, Inc.*

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Adam Adler (*pro hac vice*)
aadler@reichmanjorgensen.com
Philip Eklem (*pro hac vice*)
peklem@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 894-7310

Amy Ruhland (*pro hac vice*)
aruhland@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
901 S. Mopac Expressway, Bldg. 1, Suite 300
Austin, TX 78746
Telephone: (650) 623-1401
Facsimile: (650) 560-3501

***ATTORNEYS FOR PLAINTIFF***
***KOVE IO, INC.***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of February, 2024, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Courtland L. Reichman*
Courtland L. Reichman