**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Kove IO, Inc., | Civil Action No. 1:18-cv-08175 |
| Plaintiff, | Hon. Matthew F. Kennelly |
| v. | Jury Trial Demanded |
| Amazon Web Services, Inc., | |
| Defendant. | |

**FINAL PRETRIAL ORDER
(ATTACHMENT 9A – AGREED PROPOSED JURY INSTRUCTIONS)**

**PROPOSED JURY INSTRUCTIONS.** *For a jury trial, proposed jury instructions are to be included both in the written pretrial order but need not be separately submitted on a flash drive or otherwise. The Seventh Circuit Model Jury Instructions, both criminal and civil, are to be used to the extent they apply. If Illinois law provides the applicable standards for a particular claim, the Illinois Pattern Instructions should be used for the substantive elements of the particular cause of action.*

A. *Agreed instructions. The parties are directed to confer and agree upon jury instructions to the extent possible, prior to the submission of the jury instructions to the Court. Agreed proposed instructions should be marked as such and shall be numbered consecutively.*

B. *Disputed instructions. Unagreed proposed instructions shall be numbered, shall identify the proponent of the instruction, and shall include supporting authority. Objections to any proposed instructions must be set forth in writing and shall include supporting authority.*

The parties agree on the following proposed jury instructions:

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., | Civil Action No. 1:18-cv-08175 |
| Plaintiff, | Hon. Matthew F. Kennelly |
| v. | Jury Trial Demanded |
| Amazon Web Services, Inc., | |
| Defendant. | |

## AGREED [PROPOSED] PRELIMINARY JURY INSTRUCTIONS

# TABLE OF CONTENTS

1. GENERAL INSTRUCTIONS ................................................................................. 1

    1.1    FUNCTIONS OF THE COURT AND THE JURY ............................................ 1

    1.2    DUTIES OF JURORS ................................................................................. 2

2. THE EVIDENCE ............................................................................................. 3

    2.1    CONSIDERATION OF TESTIMONY ......................................................... 4

    2.2    WEIGHING THE EVIDENCE; DIRECT AND CIRCUMSTANTIAL EVIDENCE ................................................................................................. 5

    2.3    WEIGHING THE EVIDENCE; INFERENCES ................................................ 6

    2.4    RULINGS ON OBJECTIONS ..................................................................... 7

    2.5    WHAT IS NOT EVIDENCE ...................................................................... 8

3. THE PARTIES AND THE NATURE OF THE CASE – SEE DISPUTED ...................... 10

4. PATENTS GENERALLY ................................................................................... 11

    4.1    THE PATENT CLAIMS -- SEE DISPUTED .................................................... 12

5. ISSUES TO BE DECIDED ................................................................................. 13

6. PREPONDERENCE OF THE EVIDENCE / CLEAR AND CONVINCING EVIDENCE ...................................................................................................... 14

7. PERSON OF ORDINARY SKILL -- SEE DISPUTED .................................................. 15

8. INFRINGEMENT – GENERAL ........................................................................... 16

    8.1    DIRECT INFRINGEMENT -- SEE DISPUTED ............................................... 17

    8.2    WILLFUL INFRINGEMENT -- SEE DISPUTED ............................................. 18

9. INVALIDITY – GENERAL ................................................................................. 19

    9.1    INVALIDITY – ANTICIPATION  -- SEE DISPUTED ..................................... 20

    9.2    INVALIDITY – OBVIOUSNESS .................................................................. 21

    9.3    INVALIDITY – OBVIOUSNESS-TYPE DOUBLE PATENTING – SEE DISPUTED ............................................................................................... 22

    9.4    INVALIDITY – WRITTEN DESCRIPTION AND ENABLEMENT ............... 23

10. UNENFORCEABILITY – INEQUITABLE CONDUCT – SEE DISPUTED .................. 24

11. DAMAGES – SEE DISPUTED ............................................................................ 25

12. RULES GOVERNING CONDUCT OF JURORS ..................................................... 26

    12.1    HOW THE TRIAL WILL PROCEED ........................................................... 28

# 1. GENERAL INSTRUCTIONS

## 1.1 FUNCTIONS OF THE COURT AND THE JURY[1]

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

One of my duties is to decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

---

[1] Source: *10X Genomics, Inc. v. Nanostring Technologies, Inc.*, No. 1:21-cv-653-MFK, Dkt. 294 at 1 (D. Del. Nov. 13, 2023) ("*10X* Preliminary Instructions"). *See also* Federal Civil Jury Instructions Of The Seventh Circuit ("Model Civil Instructions") (Sample Preliminary Instructions – Introductory paragraphs).

## 1.2    DUTIES OF JURORS[2]

Members of the jury, I will now instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow bias, public opinion, sympathy, or prejudice to influence your decision in any way.

Nothing I say now, and nothing I say or do during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

---

[2] Source: Model Civil Instructions (1.01 – Functions of the Court and the Jury).

**2. THE EVIDENCE**[3]

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and any facts that I may instruct you to find or the parties may agree or stipulate to.

A stipulation is an agreement between both sides that certain facts are true.

---

[3] Source: *10X* Preliminary Instructions, at 3; Model Civil Instructions (Sample Preliminary Instructions – Evidence in the Case).

## 2.1    CONSIDERATION OF TESTIMONY[4]

You will have to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also have to decide what weight, if any, you give to the testimony of each witness.  I will give you additional instructions about this at the end of the trial.

During the trial, I may ask a witness a question myself.  Do not assume that because I ask questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

During the trial, certain testimony will be presented to you by the reading of deposition testimony and/or deposition video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Pay close attention to the testimony as it is given.  At the end of the trial you must make your decision based on what you recall of the evidence.  You will not have a written transcript to consult.

---

[4] Source:  *10X* Preliminary Instructions, at 4; Model Civil Instructions (Sample Preliminary Instructions - Credibility of Witnesses), (Sample Preliminary Instructions – Judge's Questions), (1.05 - Deposition Testimony), (Sample Preliminary Instructions – No Transcript Available to Jury).

## 2.2 WEIGHING THE EVIDENCE; DIRECT AND CIRCUMSTANTIAL EVIDENCE[5]

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, *direct evidence* that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." *Circumstantial evidence* that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. When the time comes to deliberate on your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

---

[5] Source: Model Civil Instructions (Sample Preliminary Instructions – Direct and Circumstantial Evidence).

**2.3    WEIGHING THE EVIDENCE; INFERENCES[6]**

You should use common sense in weighing the evidence and consider the evidence in light of your observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

---

[6] Source: *10X* Preliminary Instructions, at 5; Model Civil Instructions (Sample Preliminary Instructions – Inferences).

**2.4    RULINGS ON OBJECTIONS[7]**

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions about how you should decide this case. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been, and you should not draw any inferences or conclusions from the question itself.

---

[7] Source: Model Civil Instructions (Sample Preliminary Instructions – Rulings on Objections).

## 2.5    WHAT IS NOT EVIDENCE[8]

Certain things are not to be considered as evidence. I will list them for you:

First, if I tell you to disregard any testimony or exhibits or strike any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may see or hear outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you take during this trial are only aids to your memory. The notes are not evidence.  If you do not take notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollections or impression of each juror about the testimony.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose.

---

[8] Source: *10X* Preliminary Instructions, at 6; Model Civil Instructions (1.06—What is Not Evidence), (Sample Preliminary Instructions – What is Not Evidence; Evidence for Limited Purposes), (Sample Preliminary Instructions – Note-Taking - Allowed).

I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.

**3.**       **THE PARTIES AND THE NATURE OF THE CASE –** *SEE* **DISPUTED**

## 4. PATENTS GENERALLY[9]

To help you understand what patents are and how they are obtained, you will now be shown a video produced by the Federal Judicial Center.  The video will run for approximately 17 minutes.  At the conclusion of the video, I will provide you with additional instructions.

[*The video will be played*]

---

[9] Source: *10X* Preliminary Instructions, at 8.

## 4.1 THE PATENT CLAIMS -- *SEE* DISPUTED

**5.  ISSUES TO BE DECIDED**[10]

I will now give you some information about the law and the issues that will be presented to you at this trial.  At the close of the trial, I will give you specific instructions about the law you are to follow as you deliberate to reach your verdict.  You must follow the law as I describe it to you.

---

[10] Source: Model Preliminary Patent Instructions (11.1.6—Issues to be Decided)

**6.     PREPONDERENCE OF THE EVIDENCE / CLEAR AND CONVINCING EVIDENCE[11]**

In these instructions, I will use the terms "preponderance of the evidence" and "clear and convincing evidence."

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

When I say that a particular party must prove something by "clear and convincing evidence," this is what I mean: When you have considered all of the evidence, you must be convinced that it is highly probable that it is true.  This is a higher burden of proof than "more probably true than not true."  Clear and convincing evidence must persuade you that it is "highly probably true."

---

[11]  Source: *10X* Preliminary Instructions, at 11; Model Preliminary Patent Instructions (11.1.11 – Burden of Proof).

**7.     PERSON OF ORDINARY SKILL -- *SEE* DISPUTED**

## 8.    INFRINGEMENT – GENERAL[12]

Kove contends that AWS has infringed its patents.  AWS denies these contentions.  Kove is required to prove infringement by a preponderance of the evidence. This means that Kove must persuade you that its infringement contentions are more probably true than not true.

Next, I will describe Kove's contentions regarding the issue of infringement.

---

[12] Source: *10X* Preliminary Instructions, at 13; Model Preliminary Patent Instructions (11.1.9 – Infringement; Burden of Proof).

**8.1 DIRECT INFRINGEMENT -- *SEE* DISPUTED**

**8.2    WILLFUL INFRINGEMENT -- *SEE* DISPUTED**

## 9.    INVALIDITY – GENERAL[13]

AWS contends that the asserted claims of the '640, '170, and '978 Patents are invalid. Only a valid patent may be infringed.  Kove denies that these claims are invalid.

The law presumes each claim of these patents to be valid.  For this reason, AWS has the burden of proving invalidity by clear and convincing evidence.

If you find that any one of the requirements for a valid patent is not met for a patent claim, then that claim is invalid. You must consider the issue of validity separately for each claim that is at issue.

I will now explain to you briefly the legal requirements for each of the grounds on which AWS relies to contend that the Kove Patent claims are invalid.  I will provide more details for each ground in my final instructions.

---

[13] Source: *10X* Preliminary Instructions, at 18; Model Preliminary Patent Instructions (11.1.14 – Invalidity).

**9.1 INVALIDITY – ANTICIPATION  --** *SEE* **DISPUTED**

## 9.2    INVALIDITY – OBVIOUSNESS[14]

AWS contends that the asserted claims of the Kove Patents are invalid for obviousness.

A patent claim is invalid for obviousness if a person with an ordinary level of skill in the field of the invention who knew about all the prior art existing at the time of the invention would have come up with the invention at that time.  Unlike anticipation, obviousness may be shown by considering more than one item of prior art.

I will provide you with a more specific definition following the conclusion of the evidence.

---

[14] Source: Model Preliminary Patent Instructions (11.1.16 Invalidity – Obviousness).

**9.3      INVALIDITY – OBVIOUSNESS-TYPE DOUBLE PATENTING – *SEE* DISPUTED**

## 9.4    INVALIDITY – WRITTEN DESCRIPTION AND ENABLEMENT[15]

AWS contends that the asserted claims of the Kove Patents are invalid because the patents do not contain a written description of the invention and/or do not contain an enabling description of the invention.   To succeed on this contention, AWS must prove by clear and convincing evidence that:

- The specification section of the Patent does not contain an adequate written description of each and every requirement of the particular patent claim that is at issue; or

- The specification section of the Patent does not contain enough information to enable a person of ordinary skill in the field of the invention to make and use the invention without undue experimentation.

I will explain in more detail at the end of the case how you decide these issues.

---

[15] Source: *10X* Preliminary Instructions, at 20; Model Preliminary Patent Instructions (11.1.17 – Invalidity – Written Description/Claiming Requirements).

**10. UNENFORCEABILITY – INEQUITABLE CONDUCT – *SEE* DISPUTED**

**11.    DAMAGES –** *SEE* **DISPUTED**

## 12. RULES GOVERNING CONDUCT OF JURORS[16]

First, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them.  You must not let others discuss the case with you. If anyone tries to talk to you about the case, please let me or the court security staff know about it immediately;

Second, do not read or listen to anything touching on this case in any way. By that I mean, if there may be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case, including using the Internet. Everything you need to know about the case will be presented in court.

Most or all of you use cell phones, smart phones, tablets, and other portable electronic devices, as well as laptops and other computers. You must not use these or other electronic devices to communicate with anyone about the case or to get information about the case, about the parties, or about any of the witnesses or lawyers involved in the case. You may not communicate with anyone about the case on your cell phone, through email, text messaging, social media, Facebook, Snapchat, Twitter, Instagram, or through any blog or website. You may not use any similar technology or social media to get information about this case, even if I have not specifically mentioned it here.

---

[16] Source: *10X* Preliminary Instructions, at 22-23; Model Civil Instructions (Sample Preliminary Instructions – Jury Conduct).

Third, you must not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

## 12.1    HOW THE TRIAL WILL PROCEED[17]

The trial will proceed in the following manner:

First, Kove's attorney may make an opening statement.  Next, AWS's attorney may make an opening statement. An opening statement is not evidence but rather is simply a summary of what the attorney expects the evidence to be.

After the opening statements, Kove will call witnesses and present evidence. Then, AWS will have an opportunity to call witnesses and present evidence. After the parties' main cases are completed, Kove may be permitted to present rebuttal evidence [and AWS may be permitted to present sur-rebuttal evidence].

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to this case.

After that, you will go to the jury room to deliberate on your verdict.

---

[17] Source: *10X* Preliminary Instructions, at 24; Model Civil Instructions (Sample Preliminary Instructions – Order of Trial).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Kove IO, Inc.,

        Plaintiff,

    v.

Amazon Web Services, Inc.,

        Defendant.

Civil Action No. 1:18-cv-08175

Hon. Matthew F. Kennelly

Jury Trial Demanded

## AGREED [PROPOSED] FINAL JURY INSTRUCTIONS

# TABLE OF CONTENTS

1. GENERAL INSTRUCTIONS ........................................................................................ 1

1.1 DUTIES OF THE JURY .......................................................................................... 1

1.2 NO INFERENCE FROM JUDGE'S QUESTIONS .................................................. 2

2. THE EVIDENCE ...................................................................................................... 3

2.1 WHAT IS NOT EVIDENCE .................................................................................... 4

2.2 EVALUATING WITNESS TESTIMONY ............................................................... 6

2.3 EXPERT WITNESSES ............................................................................................. 7

2.4 WEIGHING AND CONSIDERING THE EVIDENCE ........................................... 8

2.5 Definition of "Direct" and "circumstantial" evidence ............................................ 9

3. THE PATENT SYSTEM ......................................................................................... 10

3.1 THE PARTS OF A PATENT .................................................................................. 11

3.2. THE PATENT CLAIMS – See DISPUTED ........................................................... 12

3.3 INDEPENDENT AND DEPENDeNT CLAIMS ..................................................... 13

3.4 "COMPRISING" – See DISPUTED ....................................................................... 14

3.5 INFRINGEMENT; INTERPRETATION OF THE PATENT CLAIMS ................. 15

3.6 INTERPRETATION OF THE PATENT CLAIMS  – See DISPUTED .................... 16

4. PREPONDERANCE OF THE EVIDENCE / CLEAR AND CONVINCING
EVIDENCE .................................................................................................................. 17

4.1 "PERSON OF ORDINARY SKILL"  – SEE DISPUTED ...................................... 18

5. DIRECT INFRINGEMENT  – SEE DISPUTED .................................................... 19

5.1 DIRECT INFRINGEMENT – DEPENDENT CLAIMS .......................................... 20

5.2 INFRINGEMENT – DEFINITION OF "EQUIVALENT" ..................................... 21

5.3 DETERMINING INFRINGEMENT  – See DISPUTED .......................................... 22

6. WILLFUL INFRINGEMENT  – SEE DISPUTED ................................................. 23

7. INVALIDITY – GENERAL  – SEE DISPUTED .................................................... 24

7.2 INVALIDITY – WRITTEN DESCRIPTION – SEE DISPUTED ........................... 25

7.3 INVALIDITY – ENABLEMENT ............................................................................ 26

7.4 DEFINITION OF "PRIOR ART"  – SEE DISPUTED ............................................ 27

7.5 ANTICIPATION – SEE DISPUTED ...................................................................... 28

7.6 OBVIOUSNESS ..................................................................................................... 29

7.7     OBVIOUSNESS – ADDITIONAL FACTORS INDICATING NONOBVIOUSNESS  – SEE DISPUTED ................................................................................. 31

7.8     OBVIOUSNESS – COMBINING OF PRIOR ART REFERENCES  – SEE DISPUTED ................................................................................................................. 32

7.10    INEQUITABLE CONDUCT  – SEE DISPUTED ...................................................... 34

8.          DAMAGES – GENERAL – SEE DISPUTED.......................................................... 35

8.1     DATE OF COMMENCEMENT OF DAMAGES  – SEE DISPUTED .......................... 36

8.2     REASONABLE ROYALTY  – SEE DISPUTED........................................................... 37

9.          DELIBERATIONS BY THE JURY ........................................................................ 38

9.1     COMMUNICATION WITH THE COURT .................................................................... 39

9.2     REACHING A VERDICT.............................................................................................. 40

# 1. GENERAL INSTRUCTIONS

## 1.1 DUTIES OF THE JURY[1]

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow bias, public opinion, sympathy, or prejudice to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

---

[1] Source: *10X Genomics, Inc. v. Nanostring Technologies, Inc.*, 1:21-cv-653-MFK, Dkt. 300 at 1 (D. Del. Nov. 16, 2023) (hereinafter "*10X* Final Instructions"). *See also* Federal Civil Jury Instructions Of The Seventh Circuit (hereinafter "Model Civil Instructions") (1.01 – Functions of the Court and the Jury).

## 1.2    NO INFERENCE FROM JUDGE'S QUESTIONS[2]

During this trial, I have asked [a] witness[es] [a] question[s] myself. Do not assume that because I asked [a] question[s] I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

---

[2] Source: Model Civil Instructions (1.02 – No Inference from Judge's Questions).

## 2.    THE EVIDENCE[3]

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and the stipulations.

A stipulation is an agreement between both sides that certain facts are true.

[I have taken judicial notice of certain facts. You must accept those facts as proved.]

---

[3] Source: *10X* Final Instructions, at 2; Model Civil Instructions (1.04 – Evidence).

## 2.1    WHAT IS NOT EVIDENCE[4]

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

---

[4] Source: *10X* Final Instructions, at 3; Model Civil Instructions (1.06 – What is Not Evidence), (1.07 – Note-taking), (1.09 – Limited Purpose of Evidence).

Finally, you will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

## 2.2    EVALUATING WITNESS TESTIMONY[5]

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- The ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- The witness's memory;

- Any interest, bias, or prejudice the witness may have;

- The witness's intelligence;

- The manner of the witness while testifying;

- And the reasonableness of the witness's testimony in light of all the evidence in the case.

During the trial, certain testimony was presented to you by deposition video and/or the reading of depositions.  You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

---

[5] Source: *10X* Final Instructions, at 4; Model Civil Instructions (1.13 – Testimony of Witnesses (Deciding What to Believe)), (1.05 – Deposition Testimony).

## 2.3    EXPERT WITNESSES[6]

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

---

[6] Source: *10X* Final Instructions, at 5; Model Civil Instructions (1.21 – Expert Witnesses).

**2.4     WEIGHING AND CONSIDERING THE EVIDENCE[7]**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists.  In law we call this "inference."  A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in the case.

---

[7] Source: *10X* Final Instructions, at 6; Model Civil Instructions (1.08 – Consideration of All Evidence Regardless of Who Produced), (1.11 – Weighing the Evidence).

## 2.5  DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE[8]

You may have heard the phrases "direct evidence" and "circumstantial evidence."  Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.  Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, *direct evidence* that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining."  *Circumstantial evidence* that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You should decide how much weight to give to any evidence.  In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

---

[8] Source: Model Civil Instructions (1.12 – Definition of "Direct" and "Circumstantial" Evidence).

### 3.    THE PATENT SYSTEM[9]

At the beginning of the trial, I gave you some general information about patents and the patent system and a brief overview of the patent laws relevant to this case. I will now give you more detailed instructions about those aspects of patent law that specifically relate to this case.

---

[9] Source: *10X* Final Instructions, at 7; Pattern Jury Instructions of the Seventh Circuit (Patents) (hereinafter "Model Patent Instructions") (11.2.1 – The Patent System).

## 3.1     THE PARTS OF A PATENT[10]

You have been provided with a copy of the patents involved in this case.  Please look at one of those—the '640 Patent—as I identify its different sections. Other patents are also involved in this case.  I am using this particular patent as an example to describe the various parts of a patent.

The first page of the '640 Patent provides identifying information, including the date the patent issued and patent number along the top; the name of the inventor, the filing date; the assignee, which is the company or individual that owned the patent on the date it was issued; and a list of documents considered in the Patent Office during the time the patent was being sought.

The next part of the patent, which is sometimes referred to as the specification, begins with a brief statement about the subject matter of the invention, which is called an abstract. This is found on the first page.

Next are the drawings, which appear as Figures 1 to 13 on pages 3 to 14.  The drawings depict various aspects or features of the invention. They are described in words later in the patent.

A description of the invention appears next.  In this portion of the patent, each page is divided into two columns, which are numbered at the top of the page. The lines on each page are also numbered. A description of the '640 Patent begins at column 1, line 1, and continues to column 20, line 46.  It includes a background section, a summary of the invention, and a detailed description of the invention, including some specific examples.

The description of the invention is followed by one or more numbered paragraphs, which are called the claims.

---

[10] *10X* Final Instructions, at 8; Model Patent Instructions (11.2.3 – The Parts of a Patent).

**3.2. THE PATENT CLAIMS –** *SEE* **DISPUTED**

## 3.3      INDEPENDENT AND DEPENDENT CLAIMS[11]

There are two types of patent claims, independent claims and dependent claims. An independent claim stands on its own and does not refer to any other claim of the patent. A dependent claim refers to at least one other claim in the patent. A dependent claim includes each of the requirements of the other claims to which it refers, as well as the requirements in the dependent claim itself, even though it does not repeat those requirements of the other claims.

Earlier I described a hypothetical patent claim for a table that described the tabletop, four legs, and glue to hold the legs and tabletop together. That is an example of an independent claim, which I will call claim 1. In that same hypothetical patent, a dependent claim, which I will call claim 2, might state, "the table of claim 1, where the tabletop is square." In this situation, in order to infringe dependent claim 2, it would not be enough for Kove to prove that AWS made a table with a square tabletop – Kove would also have to prove that, as stated in claim 1, the table has four legs and glue to hold the legs and tabletop together.

---

[11] Source: *10X* Final Instructions, at 11; Model Patent Instructions (11.2.6 – Independent and Dependent Claims).

**3.4** **"COMPRISING" –** *SEE* **DISPUTED**

**3.5     INFRINGEMENT; INTERPRETATION OF THE PATENT CLAIMS[12]**

The owner of a patent has the right to prevent others from making, using, offering for sale, selling, and importing the invention covered by the patent.  A product or process infringes a patent if that product or process is covered by at least one claim of the patent.

I will tell you the meaning of any disputed terminology in the patent claims.  You must use the meanings I give you when you decide whether the patent is infringed and whether it is invalid.

---

[12] Source: *10X* Final Instructions, at 13; Model Patent Instructions (11.2.5 – Infringement: Interpretation of the Patent Claims).

**3.6    INTERPRETATION OF THE PATENT CLAIMS  – *SEE* DISPUTED**

**4.** **PREPONDERANCE OF THE EVIDENCE / CLEAR AND CONVINCING EVIDENCE**[13]

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

When I say that a particular party must prove something by "clear and convincing evidence," this is what I mean: When you have considered all of the evidence, you are convinced that it is highly probable that it is true. This is a higher burden of proof than "more probably true than not true." Clear and convincing evidence must persuade you that it is "highly probably true."

---

[13] Source: *10X* Final Instructions, at 16; Model Civil Instructions (1.27 – Burden of Proof), (1.28 – Clear and Convincing Evidence).

**4.1** **"PERSON OF ORDINARY SKILL" – *SEE* DISPUTED**

**5.**     **DIRECT INFRINGEMENT – *SEE* DISPUTED**

**5.1     DIRECT INFRINGEMENT – DEPENDENT CLAIMS**[14]

To determine whether a dependent patent claim has been infringed, you must compare AWS's product to both the dependent claim and the claim to which it refers.  For example, if claim 2 is dependent from claim 1, claim 2 may say, "2. The product according to claim 1, wherein . . . ."  In this situation, dependent claim 2 cannot be "literally" infringed unless claim 1 is also infringed.  For this reason, in the example, you would have to compare AWS's product to all the requirements of both claims 1 and 2 when deciding infringement of claim 2.

---

[14] Source: *10X* Final Instructions, at 18; Model Patent Instructions (11.2.11.1 – Infringement - Definition).

## 5.2    INFRINGEMENT – DEFINITION OF "EQUIVALENT"[15]

A part of AWS's product is equivalent to a claim requirement if a person of ordinary skill in the field of the invention would regard any differences between them as insubstantial.

A part is also equivalent to a claim requirement if it performs substantially the same function, in substantially the same way, to reach substantially the same result.

One factor you may consider in making the determination of equivalence is whether a person of ordinary skill in the field of the invention would have regarded AWS's part or step to be interchangeable with the claim requirement.

In determining infringement by equivalence, you must still use the meanings for the claim requirements that I have provided.

---

[15] Source: *10X* Final Instructions, at 19; Model Patent Instructions (11.2.11.2 - Infringement – Doctrine of Equivalents).

**5.3    DETERMINING INFRINGEMENT  – *SEE* DISPUTED**

**6. WILLFUL INFRINGEMENT – *SEE* DISPUTED**

**7.    INVALIDITY – GENERAL  –** *SEE* **DISPUTED**

**7.2 INVALIDITY – WRITTEN DESCRIPTION –** *SEE* **DISPUTED**

## 7.3    INVALIDITY – ENABLEMENT[16]

The law requires that the "specification" section of the patent contain enough information to enable a person of ordinary skill in the field of the invention to make and use the invention, without an unreasonable amount of experimentation.  A patent does not have to state information that persons of ordinary skill in the field would be likely to know or could obtain without undue effort.

AWS contends that claims 17, 18, and 24 of the '640 Patent; claims 1, 2, 6, 8, 12, and 15 of the '170 Patent; and claims 3, 6, 10, 14, 17, 23, 24, and 30 of the '978 Patent are invalid because their specifications fail to meet this requirement.

To succeed on this contention, AWS must prove that the specification does not enable a person of ordinary skill in the field of the invention to make and use products covered by the full scope of the claim, without an unreasonable amount of experimentation.  Whether the amount of experimentation is unreasonable depends on the complexity of the field of the invention and the level of expertise and knowledge of persons of ordinary skill in that field.

If AWS proves this as to a particular claim by clear and convincing evidence, you should find that claim invalid.

.

---

[16]  Source: Model Patent Instructions (11.3.2.2 – Specification Requirements - Enablement).

**7.4    DEFINITION OF "PRIOR ART"  – *SEE* DISPUTED**

**7.5    ANTICIPATION – *SEE* DISPUTED**

## 7.6    OBVIOUSNESS[17]

AWS contends that claims 17, 18, and 24 of the '640 Patent; claims 1, 2, 6, 8, 12, and 15 of the '170 Patent; and claims 3, 6, 10, 14, 17, 23, 24, and 30 of the '978 Patent are invalid because they are obvious.

In order to show that the claimed invention is obvious, AWS must prove, by clear and convincing evidence as to the particular claim you are considering, that a person of ordinary skill in the field of the invention, who knew about all the prior art existing at the time the invention was made, would have come up with the invention at that time.  Unlike anticipation, which allows you to consider only a single item of prior art, obviousness may be shown by considering one or more items of prior art in combination.

In deciding obviousness, you should put yourself in the position of a person with ordinary skill in the field at the time the invention was made.  You must not use hindsight; in other words, you may not consider what is known now or what was learned from the Kove Patents.  In addition, you may not use the Kove Patents as a roadmap for selecting and combining items of prior art.

In making your decision regarding obviousness, you are to consider each of the following factors:

1. The scope and content of the prior art. You may consider prior art that was reasonably relevant to the problem the inventor faced that a person of ordinary skill would consider in attempting to solve the problem.

2. Any differences between the prior art and the invention in the patent claim that you are considering.

3. The level of ordinary skill in the field of the invention at the time the invention was made.

_____

[17] Source: Model Patent Instructions (11.3.8 – Obviousness [Pre-AIA and Post-AIA]).

4. Additional factors, if any, that indicate that the invention was obvious or not obvious. I will define them in the next instruction.

**7.7     OBVIOUSNESS – ADDITIONAL FACTORS INDICATING NONOBVIOUSNESS – *SEE* DISPUTED**

**7.8  OBVIOUSNESS – COMBINING OF PRIOR ART REFERENCES  – *SEE DISPUTED***

**7.9    OBVIOUSNESS-TYPE DOUBLE PATENTING  – *SEE* DISPUTED**

**7.10 INEQUITABLE CONDUCT – *SEE* DISPUTED**

**8.**     **DAMAGES – GENERAL –** *SEE* **DISPUTED**

**8.1    DATE OF COMMENCEMENT OF DAMAGES – *SEE* DISPUTED**

**8.2    REASONABLE ROYALTY  – *SEE* DISPUTED**

## 9.    DELIBERATIONS BY THE JURY[18]

Upon retiring to the jury room, you must select a presiding juror.  The presiding juror will preside over your deliberations and will be your representative here in court.  Forms of verdict have been prepared for you.

[Read the verdict form.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

---

[18] Source: *10X* Final Instructions, at 38; Model Civil Instructions (1.32 – Selection of Presiding Juror; General Verdict).

## 9.1    COMMUNICATION WITH THE COURT[19]

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

---

[19] Source: *10X* Final Instructions, at 39; Model Civil Instructions (1.33 – Communication with Court).

## 9.2    REACHING A VERDICT[20]

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

---

[20] Source: *10X* Final Instructions, at 40; Model Civil Instructions (Disagreement Among Jurors).