IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., *Plaintiff*, v. AMAZON WEB SERVICES, INC., *Defendant*. | Case No. 1:18-cv-8175 |

## AWS'S RESPONSE TO KOVE'S MOTION TO BIFURCATE AWS'S INEQUITABLE CONDUCT AND OTDP DEFENSES

Alan M. Fisch
alan.fisch@fischllp.com
R. William Sigler
bill.sigler@fischllp.com
Jeffrey M. Saltman *(pro hac vice)*
jeffrey.saltman@fischllp.com
Lisa N. Phillips *(pro hac vice)*
lisa.phillips@fischllp.com
FISCH SIGLER LLP
5301 Wisconsin Avenue NW Suite 400
Washington, D.C. 20015
202.362.3500

Ken K. Fung (*pro hac vice*)
ken.fung@fischllp.com
FISCH SIGLER LLP
400 Concar Drive
San Mateo, CA 94402
Telephone: (202) 362-3500

*Attorneys for Amazon Web Services, Inc.*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

    I.    KOVE'S MOTION TO BIFURCATE INEQUITABLE CONDUCT SHOULD BE DENIED ........................................................................................................... 3

    II.    KOVE'S MOTION TO BIFURCATE OTDP SHOULD ALSO BE DENIED ............ 8

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Abbvie Inc. v. Kennedy Inst. of Rheumatology Tr.*,
 764 F3d 1366, 1378 (Fed. Cir. 2014) .................................................................................... 8

*Agfa Corp. v. Creo Prods., Inc.*,
 451 F.3d 1366, 1375 (Fed. Cir. 2006) ................................................................................ 2, 8

*Alfred E. Mann Found. for Scientific Research v. Cochlear Corp.*,
 Case No. CV 07-8108, 2014 WL 12586105 (C.D. Cal. Jan. 3, 2014) ......................... 2, 3, 6, 7

*Bard Peripheral Vascular, Inc. v. W.L. Gore & Assoc., Inc.*,
 No. CV 03-0597, 2007 WL 3208540 (D. Ariz. Oct. 30, 2007) ................................................ 8

*Cabinet Vision v. Cabnetware*,
 129 F.3d 595, 600 (Fed. Cir. 1997) ........................................................................................ 8

*Cornell Univ. v. Hewlett-Packard Co.*,
 No. 01-CV-1974, 2006 WL 2739678 (N.D.N.Y. Sept. 25, 2006) ........................................ 1, 2

*Dippin' Dots, Inc. v. Mosey*,
 476 F.3d 1337 (Fed. Cir. 2007) .............................................................................................. 2

*eTool Dev., Inc. v. Nat'l Semiconductor Corp.*,
 Case No. 2:08-CV-196, 2011 WL 12677158 (E.D. Tex. Dec. 12, 2011) ................................. 6

*Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*,
 No. C 03-1431, 2006 WL 1646108 (N.D. Cal. June 12, 2006) ........................................... 6, 8

*In re Biogen '755 Pat. Litig.*,
 Civil Action No.: 10-2734, 2018 WL 3613162 (D.N.J. July 26, 2018) .................................... 8

*Innovation Ventures, LLC v. NVE, Inc.*,
 Case No. 08-11867, 2016 WL 266396 (E.D. Mich. Jan 21, 2016) .......................................... 8

*J&M Indus., Inc. v. Raven Indust., Inc.*,
 574 F.Supp.3d 941 (D. Kan. Dec. 6, 2021) ............................................................................ 2

*Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro, S.A. DE C.V.*,
 No. 4:02-cv-40327, 2004 WL 5508752 (S.D. Iowa Sept. 9, 2004) ..................................... 2, 7

*Lone Star Tech. Innovations, LLC v. ASUSTEK Computer Inc.*,
 No. 6:19-CV-00059, 2022 WL 1498784 (E.D. Tex. Mar. 18, 2022) ..................................... 3, 9

*Medtronic Xomed, Inc. v. Gyrus ENT LLC*,
 440 F. Supp.2d 1333 (M.D. Fla. 2006) ................................................................................... 5

*M-I LLC v. FPUSA, LLC*,
 No. 5:15-CV-406, 2021 WL 8946454 (W.D. Tex. Feb. 3, 2021) ........................................ 2, 5, 7

*Ormco Corp v. Align Tech, Inc.*,
 Case No. SACV 03-16 CAS (ANx), 2009 WL 10668458 ....................................................... 6, 8

*Refac Int'l Ltd. v. Matsushita Elec. Corp. of Am.*,
 Civ. A No. 88-2586, 1990 WL 269885 (D.N.J. Nov. 14, 1990) ................................................... 9

*Sanofi-Aventis Deutschland GmbH v. Glenmark Pharma. Inc.*,
 821 F.Supp.2d 681 (D.N.J. 2011) (OTDP advisory verdict) .................................................... 3, 9

*Slade Gorton & Co., Inc. v. Millis*,
 794 F.Supp. 175 (E.D.N.C. 1992) ............................................................................................ 3, 9

*St. Jude Medical, Inc. v. Access Closure, Inc.*,
 729 F.3d 1369, 1375 (Fed. Cir. 2013) ........................................................................................... 8

*Target Tech. Co., LLC v. Williams Advanced Materials, Inc.*,
 No. SA CV 04-1083, 2007 WL 6201689 (C.D. Cal. Feb. 6, 2007).................................... 2, 7, 8

*THK Am. v. NSK, Ltd.*,
 No. 90 C 6049, 1996 WL 33398071 (N.D. Ill. Jan. 9, 1996) ........................................................ 7

*Trading Techs. Int'l, Inc. v. eSpeed, Inc.*,
 507 F.Supp.2d 870 (N.D. Ill. 2007) ........................................................................................... 1, 8

*Transclean Corp. v. Bridgewood Servs, Inc.*,
 101 F.Supp.2d 788 (D. Minn. 2000)...................................................................................... 2, 6, 7

*United Servs. Auto. Ass'n v. Mitek Sys., Inc.*,
 No. SA-12-CA-282, 2014 WL 8186642 (W.D. Tex. July 29, 2014)............................................ 6

*WebXchange Inc. v. Dell Inc.*,
 C.A. No. 08-132-JJF, 2009 WL 5173485 (D. Del. Dec. 30, 2009) (same) ............................. 1, 6

*Whitewater W. Indus., Ltd. v. Pacific Surf Designs, Inc.*,
 Case No. 3:17-cv-01118, 2019 WL 2211897 (S. D. Cal. May 22, 2019) ............................ 2, 5, 7

**Rules**

Fed.R.Civ.P. 39(c)(1) ....................................................................................................................... 8

**INTRODUCTION**

Dividing a trial is the exception, not the norm. As this Court and others have stated: "[b]ifurcation in patent cases, as in all cases, is the exception, not the rule."[1] And to diverge from the rule, the party seeking bifurcation must show that the issues to be separated are distinct. Indeed, "bifurcation is not suitable where the same witnesses may be required to testify at both stages, and where the evidence pertaining to the issues to be separately tried can reasonably be expected to overlap."[2] Kove fails to show this distinction. Instead, the documentary evidence and witness testimony for inequitable conduct and obviousness-type double patenting (OTDP) will significantly overlap with the evidence and testimony for infringement and invalidity.

On inequitable conduct, Kove asserts that there's "no factual overlap with any issues that will be before the jury."[3] That's incorrect. Kove omits that the Karger Paper[4] forming the basis for inequitable conduct will be addressed by fact and expert witnesses during the infringement phase. Kove's infringement expert, Dr. Goodrich, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. AWS's noninfringement expert Dr. Ananth Grama has opined that this functionality doesn't infringe, and fact witnesses including AWS's Allan Vermeulen and Seth Markle will testify ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. So will Dr. John Overton, Kove's co-inventor and CEO. He testified at deposition that the Karger Paper discusses "a very, very different concept than" the asserted patents.[5] Kove also asserts that the Karger Paper won't

---

[1] *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 507 F.Supp.2d 870, 871 (N.D. Ill. 2007); *WebXchange Inc. v. Dell Inc.*, C.A. No. 08-132-JJF, 2009 WL 5173485, at *2 (D. Del. Dec. 30, 2009) (same).

[2] *Cornell Univ. v. Hewlett-Packard Co.*, No. 01-CV-1974, 2006 WL 2739678, at *5 (N.D.N.Y. Sept. 25, 2006).

[3] Dkt. 750, at 5.

[4] "Consistent Hashing and Random Trees: Distributed Caching Protocols for Relieving Hot Spots on the World Wide Web," David Karger, et al. Dkt. 715-9.

[5] Ex. 1 (Overton May 17, 2020 Dep. Tr.), at 716:6-16.

1

be discussed by the "experts in the context of invalidity, and at bottom has nothing to do with the jury trial."[6] But that too is incorrect. AWS's invalidity expert, Joseph Greene, will discuss the Karger Paper as evidence of the state of the art, and offer opinions that the asserted claims are invalid based on patents related to the Karger Paper.

Thus, the jury will see the Karger Paper and hear testimony from at least six witnesses (Goodrich, Grama, Vermeulen, Markle, Overton, Greene) about it. Given this overlap, all issues touching on the Paper should be tried together, for both fairness and efficiency. And though inequitable conduct is ultimately for the court to decide, that doesn't mean that a jury may never consider the defense.[7] Juries regularly do so through advisory verdicts when there's significant overlapping evidence, and AWS asks the Court to use that approach on materiality and intent here. Indeed, on similar fact sets, the Federal Circuit has endorsed this approach, and district courts have denied bifurcation in favor of advisory verdicts.[8]

---

[6] Dkt. 750, at 5.

[7] *Agfa Corp. v. Creo Prods., Inc.*, 451 F.3d 1366, 1375 (Fed. Cir. 2006) ("[T]his court today does not decide that the factual issues underlying a charge of inequitable conduct must be adjudicated by a judge… that juries sometimes render verdicts on unenforceability issues is entirely consistent with this court's decision"); *Target Tech. Co., LLC v. Williams Advanced Materials, Inc.*, No. SA CV 04-1083, 2007 WL 6201689, at *27 (C.D. Cal. Feb. 6, 2007) (finding that authorities establishing that there's no right to a jury trial on an inequitable conduct defense "do not establish a requirement that inequitable conduct must be bifurcated from the jury trial as to other issues in a patent case"); *Transclean Corp. v. Bridgewood Servs, Inc.*, 101 F.Supp.2d 788, 792 (D. Minn. 2000) (In responding to Transclean's argument that inequitable conduct evidence must be presented outside the jury, the Court "found no authority which categorically imposes any such procedural requirement").

[8] *See, e.g.*, *Dippin' Dots, Inc. v. Mosey*, 476 F.3d 1337, 1342 (Fed. Cir. 2007) (noting the district court's approach of submitting the questions of intent to deceive and materiality to the jury by special verdict, then weighing intent and materiality to determine unenforceability); *J&M Indus., Inc. v. Raven Indust., Inc.*, 574 F.Supp.3d 941, 950-951 (D. Kan. Dec. 6, 2021); *M-I LLC v. FPUSA, LLC*, No. 5:15-CV-406, 2021 WL 8946454, at *6 (W.D. Tex. Feb. 3, 2021); *Whitewater W. Indus., Ltd. v. Pacific Surf Designs, Inc.*, Case No. 3:17-cv-01118, 2019 WL 2211897, at *3-4 (S. D. Cal. May 22, 2019); *Alfred E. Mann Found. for Scientific Research v. Cochlear Corp.*, Case No. CV 07-8108, 2014 WL 12586105, *5 (C.D. Cal. Jan. 3, 2014) ("[T]he Court will seek an advisory verdict as to both the intent to deceive and materiality prongs of the inequitable conduct analysis"); *Cornell Univ.*, 2006 WL 2739678, at *7 (using the jury in an advisory capacity on the threshold questions of materiality and intent); *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro, S.A. DE C.V.*, No. 4:02-cv-40327, 2004 WL 5508752, at *4 (S.D. Iowa Sept. 9, 2004) ("[t]he

Kove also provides no basis to bifurcate OTDP. That defense won't require the jury to make legal determinations on claim scope or to independently determine whether the claims are patentably distinct, contrary to Kove's assertions. The Court already construed the claims—so, for the first step of the OTDP analysis, the jury need only compare the claims as construed. And since the parties' experts will explain the asserted patents' technology, the jury will be able to complete step two by determining whether the claims, as construed, are patentably distinct. Indeed, the legal determinations have already been made, and the OTDP analysis is nearly identical to the jury's analysis for § 103 obviousness, which is also a question of law based on underlying facts. So here, the Court should follow what other courts have done on similar facts sets, and have the jury provide an advisory verdict on OTDP.[9]

As such, Kove hasn't shown that the exception applies here, and its bifurcation request should be denied.

I. **KOVE′S MOTION TO BIFURCATE INEQUITABLE CONDUCT SHOULD BE DENIED**

Courts evaluate whether a defense should be bifurcated on a case-by-case basis.[10] And here, the parties' expert and pre-trial disclosures confirm that the ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆ will pervade the infringement and invalidity portions of the case.

---

Court finds the evidence of inequitable conduct will be overlapping and intertwined with the evidence necessary on other issues in the case; and to the extent it is not, the Court is confident that the jury, with direction from counsel and the Court, will be able to discriminate as to questions to be decided by the jury and issues to be decided by the Court").

[9] *Lone Star Tech. Innovations, LLC v. ASUSTEK Computer Inc.*, No. 6:19-CV-00059, 2022 WL 1498784, at *17 (E.D. Tex. Mar. 18, 2022) (denying JMOL on obviousness-type double patenting because the jury's findings were "supported by substantial evidence; the Court will not reweigh the evidence"); *Sanofi-Aventis Deutschland GmbH v. Glenmark Pharma. Inc.*, 821 F.Supp.2d 681, 686 (D.N.J. 2011) (OTDP advisory verdict); *Slade Gorton & Co., Inc. v. Millis*, 794 F.Supp. 175, 176-177 (E.D.N.C. 1992) (OTDP submitted to the jury in a special verdict form).

[10] *Alfred E. Mann Found. for Scientific Research*, 2014 WL 12586105, *6.



Kove has cited that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ as evidence of infringement in its contentions, and included these materials on its trial exhibit list.[12] Kove's technical expert Dr. Goodrich's report ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬[13] And in rebuttal, Dr. Grama, AWS's non-infringement expert, explained why ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ "fail to satisfy the location server limitation of the claims."[14]

AWS's Dr. Vermeulen (S3's lead architect during its development) and Mr. Markle (the current S3 Senior Principal Engineer) will testify at trial about ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ when discussing the development and operation of S3. And AWS will elicit testimony from Dr. Overton, Kove's CEO and co-inventor, on the Karger Paper. He testified at deposition that its consistent hashing technique differs from his invention.[15]

And AWS's invalidity expert Mr. Greene explained that the Karger Paper evidences the state of the art at the time the Kove patent applications were filed.[16] Although AWS doesn't rely on the Karger Paper itself as an invalidating reference among AWS's limited combinations under the Local Rules, Mr. Greene relies on two related patents of Dr. David Karger, the first author of

---

[11] Dkt. 748-32 (Ex. CC) at ¶ 283 (▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬); see, e.g., Dkt. 765-8 (Kove's Trial Exhibit List) ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

[12] *Id.*; Dkt. 745-4 (Kove contentions, Ex. D) at 2, 18.

[13] Dkt. 760-15 (Goodrich Op. Rep. Appx. A) at ¶ 77.

[14] Dkt. 748-32 (Ex. CC) at ¶ 283 (▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬); *see id.* at ¶¶ 286–90 (▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬).

[15] Ex. 1 (Overton May 17, 2020 Dep. Tr.), 709:15-710:15, 716:13-16, 732:22-733:12.

[16] Ex. 2 (J. Greene Invalidity Report), at ¶ 27.

the Karger Paper—United States Patent Nos. 6,430,618 and USP 6,553,420—in his trial obviousness combinations.[17] In his analysis, Mr. Greene details the Karger consistent hashing method, as well as the disclosures of Karger '618/'420, which overlap with the Karger Paper's disclosures.[18] And Dr. Goodrich also recognized that the Karger Paper's consistent hashing method evidences the state of the art for invalidity purposes.[19]

Thus, the facts here are synonymous with those in *Medtronic Xomed, Inc. v. Gyrus ENT LLC*.[20] The court there denied bifurcation because the evidence relating to the inequitable conduct defense was "the same or entwined with evidence relevant to both infringement claims and defenses… which must be presented to the jury."[21] Since bifurcating the inequitable conduct claim "could require re-calling witnesses who will or had testified at the jury trial," the court determined that bifurcation "would not be the most efficient use of judicial resources."[22] The same is true here, as bifurcation would require presenting the same evidence twice, as well as duplicative testimony from at least Dr. Vermeulen, Mr. Markle, Dr. Overton, Dr. Goodrich, Dr. Grama, and Mr. Greene. To foster efficiency for the court, parties, and witnesses, multiple other district courts have denied motions to bifurcate when there's similar factual overlap.[23] And the sole case Kove cites that provides any detailed analysis of the facts—*United Servs. Auto. Ass'n v. Mitek Sys., Inc.*—doesn't

---

[17] *Id*. at ¶¶ 442-451 (combining Karger '618/'420 with Neimat); *id*., at ¶¶ 452-464 (combining Karger '618/'420 with Minami).

[18] Ex. 2 (J. Greene Invalidity Report), at ¶¶ 446-448; *id*., at ¶¶ 456-458.

[19] Ex. 3 (M. Goodrich Rebuttal Report), at ¶¶ 91-93 (discussing the disclosure of the consistent hashing technique and the disclosures of Karger '618/'420); *see, e.g.*, *id*., at ¶¶ 722-740 (addressing the Neimat and Karger '618/'420 obviousness combination for the '170 patent).

[20] *Medtronic Xomed, Inc. v. Gyrus ENT LLC*, 440 F. Supp.2d 1333 (M.D. Fla. 2006).

[21] *Id*. at 1336.

[22] *Id*.

[23] *M-I LLC*, 2021 WL 8946454, at *6 (denying motion to bifurcate inequitable conduct defense based on "significant overlap" between testimony on the legal and equitable issues); *Whitewater W. Indus., Ltd.*, 2019 WL 2211897, at *3-4 (denying motion because "Defendants have shown that there is a substantial

apply here. In that case, the factual basis for the inequitable conduct claim wasn't asserted as a basis for any other defense and was separate from any other issue in the case, thus making bifurcation appropriate.[24]

And here, omitting facts from when the asserted patents' applications were filed would result in the jury only having part of the story. The patent process, state of the art, knowledge of the Karger Paper in the industry, and Dr. Overton's possession of it together paint the full picture. And that's helpful to the jury's understanding of all of the issues here. As the court in *Transclean Corp. v. Bridgewood Servs, Inc.* explained in denying bifurcation:

> [W]e have considerable concern that a bifurcation of the inequitable conduct issue will artificially balkanize the evidence in such a way as to impede the coherent presentation of the facts to the Jury… The Jury will be introduced, by one or both parties, to the patent application process, and we think it to be an inadvisable use of judicial resources to segregate certain factual issues, which may require the recalling of witnesses, for a separate evidentiary Hearing to the Court.[25]

Moreover, Kove's claims of prejudice absent bifurcation are unsupported. Kove's position presupposes that the jury won't properly apply the law to the facts, an argument that courts have

---

overlap of evidence as to Plaintiff's claim of infringement and Defendants' asserted defenses"); *Alfred E. Mann Found. for Scientific Research*, 2014 WL 12586105 (same based on "substantial overlap of evidence as to invalidity and materiality"); *WebXchange Inc.*, 2009 WL 5173485, at *3 (denying motion based on the potential that duplicative evidence would be presented); *Ormco Corp. v. Align Tech., Inc.*, Case No. SACV 03-16 CAS (ANx), 2009 WL 10668458, at *14 ("The Court finds that, because it appears that Align's unclean hands evidence may overlap with its non-infringement and invalidity arguments to some extent, bifurcation is not practical in this case."); *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431, 2006 WL 1646108, at *3 (N.D. Cal. June 12, 2006) (denying bifurcation based on the need to provide duplicative evidence).

[24] No. SA-12-CA-282, 2014 WL 8186642, at *1 (W.D. Tex. July 29, 2014) ("[T]he Court finds that the factual allegations recited in Claim IX bear only on the issue of inequitable conduct, and are not the basis upon which USAA asserts its claim for invalidity."). The other case Kove cites doesn't provide a detailed analysis of the facts related to the inequitable conduct claim. *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, Case No. 2:08-CV-196, 2011 WL 12677158, at *1 (E.D. Tex. Dec. 12, 2011) (setting forth no facts or evaluation of potential overlapping evidence).

[25] 101 F.Supp.2d 788, 792 (D. Minn. 2000). *See also Alfred E. Mann Found. for Scientific Research*, 2014 WL 12586105, at *6 (noting that "the coherent presentation of the facts to the jury" is considered when evaluating a motion to bifurcate).

found insufficient to warrant bifurcation. As those courts have explained, potential prejudice can be mitigated through jury instructions or interrogatories in special verdict forms.[26] The same applies here.[27]

Kove's fallback proposal that the inequitable conduct claims be tried "during breaks or after the jury retires for the day"[28] doesn't fit the facts here and would unnecessarily break up trial. Given the significant overlap in facts and witnesses, attempting to split them out would result in increased objections and sidebars. And, though AWS will allow the Court to speak for the Court, AWS appreciates that breaks in trial (including personal breaks) serve the trial attorneys, not just the jurors. Kove's proposal would be counterproductive for all, particularly with the simple option of having this testimony elicited at the same trial readily available.

And, once again, the cases Kove cites don't apply to circumstances like here, where there's overlapping evidence and testimony. In *THK Am. v. NSK, Ltd.*, the Magistrate recommended that evidence relating to inequitable conduct not be presented to the jury "unless such evidence is probative concerning some other issue properly in the case" or "before the jury."[29] Similarly, in *Trading Techs.*, this Court held that "to the extent [the] testimony, evidence and argument is relevant

---

[26] *M-I LLC*, 2021 WL 8946454, at *6; *Whitewater W. Indus., Ltd.*, 2019 WL 2211897, at *4; *Alfred E. Mann Found. for Scientific Research*, 2014 WL 12586105, at *6; *Target Tech. Co., LLC*, 2007 WL 6201689, at *27; *Kemin Foods, L.C.*, 2004 WL 5508752, at *4 ("[T]he Court is confident that the jury, with direction from counsel and the Court will be able to discriminate as to questions to be decided by the jury and issues to be decided by the Court."); *Transclean Corp.*, 101 F.Supp.2d at 792 ("[T]he Jury's advisory factfinding will be limited by specific Interrogatories, and Jury Instructions. Therefore, the risk that the Jury's findings, on the merits of Transclean's adjoining legal claims, will be based upon evidence of inequitable conduct, seems inappreciable.").

[27] AWS has proposed jury instructions for both the inequitable conduct and OTDP defenses as part of the Pretrial Order at Dkt. 765-14, at 8-10, 22-26. In the event the Court would rather provide a special verdict form relating to these defenses, AWS will provide suggested content.

[28] Dkt. 750, at 6.

[29] No. 90 C 6049, 1996 WL 33398071, at *3 (N.D. Ill. Jan. 9, 1996).

only to fraud it should be heard outside the jury's presence."[30]

Thus, the Court should exercise its discretion to seek an advisory verdict on the factual issues underlying the inequitable conduct determination, materiality, and intent.[31] Such use of advisory verdicts for inequitable conduct "is a common practice,"[32] and the Federal Circuit has approved it as an acceptable approach, as several of Kove's cited cases recognize.[33] Submitting these issues to the jury for an advisory verdict promotes judicial efficiency in requiring only one trial.[34] And an advisory verdict will protect AWS from being deprived of its right to have a jury determine facts common to both equitable and legal claims.[35]

Hence, Kove's motion to bifurcate AWS's inequitable conduct defense should be denied.

## II. KOVE′S MOTION TO BIFURCATE OTDP SHOULD ALSO BE DENIED

OTDP law is generally the same as the law of § 103 obviousness, which is a jury question since it relies on underlying facts.[36] And, with the Federal Circuit's endorsement, other district courts have submitted ODTP to the jury for an advisory opinion.[37] Here, that approach would serve

---

[30] *Trading Techs. Int'l, Inc.*, 507 F.Supp.2d at 874.

[31] Fed.R.Civ.P. 39(c)(1).

[32] *Fresenius Med. Care Holdings, Inc.*, 2006 WL 1646108, at *3.

[33] *Agfa Corp.*, 451 F.3d at 1375; *In re Biogen '755 Pat. Litig.*, Civil Action No.: 10-2734, 2018 WL 3613162, *4 (D.N.J. July 26, 2018); *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assoc., Inc.*, No. CV 03-0597, 2007 WL 3208540, *1 (D. Ariz. Oct. 30, 2007). *See also*, *supra* n.8.

[34] *Target Tech. Co., LLC*, 2007 WL 6201689, at *28.

[35] *See Innovation Ventures, LLC v. NVE, Inc.*, Case No. 08-11867, 2016 WL 266396, *2 (E.D. Mich. Jan 21, 2016) (citing *Cabinet Vision v. Cabnetware*, 129 F.3d 595, 600 (Fed. Cir. 1997)) (where facts relating to trademark infringement and unclean hands overlapped, the Court noted "when there are factual questions common to both legal and equitable claims, those facts must be tried to the jury in order to preserve the constitutional right to a trial by jury"); *Ormco Corp.*, 2009 WL 10668458, at *13 (same on common facts relating to patent infringement, invalidity, and inequitable conduct).

[36] *Abbvie Inc. v. Kennedy Inst. of Rheumatology Tr.*, 764 F3d 1366, 1378 (Fed. Cir. 2014).

[37] *See St. Jude Medical, Inc. v. Access Closure, Inc.*, 729 F.3d 1369, 1375 (Fed. Cir. 2013) (recognizing that the district court submitted the OTDP question to the jury for an advisory opinion but reserved the

judicial economy for the Court, parties, and witnesses, as it would allow witnesses to take the stand just once. If OTDP were bifurcated, both of the inventors, Drs. Overton and Bailey, would have to testify twice, with the second time focused on how their inventions differed, if at all, between the earlier-filed '170 and '640 patents and the later-filed '978 patent. In addition to Mr. Greene—who Kove recognizes would have to testify more than once—Dr. Goodrich would also need to testify twice on invalidity.

And Kove's claim that it would be prejudiced for the same reasons as with the inequitable conduct defense, i.e., because the jury would hear "evidence of alleged improper conduct before the PTO" placing Dr. Overton on trial rather than the asserted patents, lacks merit.[38] OTDP isn't a defense involving intent or impropriety. Further, Kove's suggestion that the jury may usurp the Court's role in construing claims is misplaced.[39] So too is its assertion that: "OTDP is very specific: It compares a subsequent patent to a previous one issued to the same inventor. By contrast, obviousness under Section 103 is general: it compares a new patent to all prior art."[40] The Court has already construed the claims and the jury would only be applying those constructions to determine the differences between the claims and if those differences are patentably distinct. Mr. Greene and Dr. Goodrich have offered expert opinions on those very issues, and the jury would consider their opinions in weighing the evidence.

Hence, Kove's motion to bifurcate the OTDP defense should also be denied.

---

"question of whether the safe harbor provision in 35 U.S.C. § 121 prevented the claims from being invalidated"); *Lone Star Tech. Innovations, LLC*, 2022 WL 1498784, at *17; *Sanofi-Aventis Deutschland GmbH*, 821 F.Supp.2d at 686 (advisory verdict); *Slade Gorton & Co., Inc.*, 794 F.Supp. at 176-177.

[38] Dkt. 750, at 3, 5.

[39] Dkt. 750, at 8.

[40] Dkt. 750, at 7 (quoting *Refac Int'l Ltd. v. Matsushita Elec. Corp. of Am.*, Civ. A No. 88-2586, 1990 WL 269885, at *7 (D.N.J. Nov. 14, 1990) (internal quotations omitted).

## CONCLUSION

The evidence and testimony on inequitable conduct and OTDP greatly overlaps with the evidence and testimony on infringement and invalidity. So, trying all of these entwined issues in one trial would present the jurors with a complete picture of the facts, and best serve the needs of all involved in trial. Thus, Kove hasn't shown that the bifurcation exception applies here, and its motion should be denied.

Dated: February 27, 2024         Respectfully Submitted,

/s/ R. William Sigler
Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (pro hac vice)
*jeffrey.saltman@fischllp.com*
Lisa Phillips (pro hac vice)
*lisa.phillips@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW Suite 400
Washington, DC 20015
202.362.3500

Ken K. Fung (*pro hac vice*)
*ken.fung@fischllp.com*
FISCH SIGLER LLP
400 Concar Drive
San Mateo, CA 94402
Telephone: (202) 362-3500

*Attorneys for Amazon Web Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2024, I electronically filed the foregoing under seal with the Clerk of the Court for the United States District Court for the Northern District of Illinois, via the CM/ECF system, and also served a copy on all counsel of record via email.

*/s/ R. William Sigler*
R. William Sigler