# Exhibit 13

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/019,109 | 08/31/2022 | 7233978 | | 3927 |

| | | | EXAMINER |
|---|---|---|---|
| 184647 | 7590 | 11/28/2023 | SORRELL, ERON J |
| Reichman Jorgensen Lehman & Feldberg LLP | | | |
| 100 Marine Parkway | | | |
| Suite 300 | | ART UNIT | PAPER NUMBER |
| Redwood City, CA 94065 | | 3992 | |
| | | MAIL DATE | DELIVERY MODE |
| | | 11/28/2023 | PAPER |

Please find below and/or attached an Office communication concerning this application or proceeding.

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

Case: 1:18-cv-08175 Document #: 800-1 Filed: 03/07/24 Page 3 of 12 PageID #:51702



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

FISCH SIGLER LLP
5301 WISCONSIN AVENUE NW, SUITE 400
WASHINGTON, DC 20015

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/019,109*.

PATENT UNDER REEXAMINATION *7233978*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

|  | Control No. | Patent Under Reexamination |
|---|---|---|
| **Notice of Intent to Issue** <br> **Ex Parte Reexamination Certificate** | 90/019,109 | 7233978 |
|  | Examiner <br> ERON J SORRELL | Art Unit <br> 3992 | AIA Status <br> No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

1. ☑ Prosecution on the merits is (or remains) closed in this *ex parte* reexamination proceeding. This proceeding is subject to reopening at the initiative of the Office or upon petition. *Cf.* 37 CFR 1.313(a). A Certificate will be issued in view of
    (a) ☑ Patent owner's communication(s) filed: <u>20 October 2023</u>.
    (b) ☐ Patent owner's failure to file an appropriate timely response to the Office action mailed: ____.
    (c) ☐ Patent owner's failure to timely file an Appeal Brief (37 CFR 41.31).
    (d) ☐ The decision on appeal by the ☐ Board of Patent Appeals and Interferences ☐ Court dated ____
    (e) ☐ Other: ____.

2. The Reexamination Certificate will indicate the following:
    (a) Change in the Specification: ☐ Yes ☑ No
    (b) Change in the Drawing(s): ☐ Yes ☑ No
    (c) Status of the Claim(s):
        (1) Patent claim(s) confirmed: <u>17-30</u>.
        (2) Patent claim(s) amended (including dependent on amended claim(s)): ____.
        (3) Patent claim(s) canceled: <u>1 and 31</u>.
        (4) Newly presented claim(s) patentable: ____.
        (5) Newly presented canceled claims: ____.
        (6) Patent claim(s) ☐ previously ☐ currently disclaimed: ____.
        (7) Patent claim(s) not subject to reexamination: <u>2-16</u>.

3. ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on ____.

4. ☑ Note the attached statement of reasons for patentability and/or confirmation. Any comments considered necessary by patent owner regarding reasons for patentability and/or confirmation must be submitted promptly to avoid processing delays. Such submission(s) should be labeled: "Comments On Statement of Reasons for Patentability and/or Confirmation."

5. ☐ Note attached NOTICE OF REFERENCES CITED (PTO-892).

6. ☐ Note attached LIST OF REFERENCES CITED (PTO/SB/08 or PTO/SB/08 substitute).

7. ☐ The drawing correction request filed on ____ is: ☐approved ☐disapproved.

8. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All   b) ☐ Some*    c) ☐None of the certified copies have
        ☐been received.
        ☐not been received.
        ☐been filed in Application No. ____.
        ☐been filed in reexamination Control No. ____.
        ☐been received by the International Bureau in PCT Application No. ____.

    * Certified copies not received: ____.

9. ☐ Note attached Examiner's Amendment.

10. ☐ Note attached Interview Summary (PTO-474).

11. ☐ Other: ____.

**All correspondence** relating to this reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this Office action.

/ERON J SORRELL/
Primary Examiner, Art Unit 3992

cc: Requester (if third party requester)

Application/Control Number: 90/019,109 Page 2
Art Unit: 3992

*Notice of Intent to Issue Ex Parte Reexamination Certificate*

*Brief Summary of the Proceeding*

A Third-Party Requester, Amazon Web Services, requested *Ex Parte* Reexamination of claims 17, 23, 24, and 30 of U.S. Patent No. 7,233,978 to Overton et al. ("the '978 Patent"). The Request for Ex Parte Reexamination ("the Request") was granted a filing date of August 31, 2022.

The Request was found to raise at least one substantial new question of patentability with respect to at least one of the challenged claims and an Order granting said Request was mailed November 11, 2022. The Order indicated that claims 17-30 would be subject to reexamination with claims 18-22 and 25-29 being added by the Examiner *sua sponte* pursuant to MPEP § 2243 because those all depend from independent claims found to have a substantial new question of patentability.

On April 3, 2023, a Non-final Office action was mailed in which claims 17, 23, 24, and 30 were rejected as being obvious over ONAG in view of Boukobza; ONAG in view of OracleUnleashed; and Ault in view of Yocum and Boukobza.

On June 13, 2023 an interview was conducted between the Patent Owner and the Examiners of Record. For a complete summary of the interview, see Examiner Interview Summary mailed June 20, 2023.

Application/Control Number: 90/019,109 Page 3
Art Unit: 3992

The Patent Owner's filed their response to the Non-final Office action on July 3, 2023 after being granted a 1-month extension of time.

On August 21, 2023, a Final Office action was mailed in which the rejections of claims 17, 23, and 30 as being obvious over ONAG in view of Boukobza and ONAG in view of OracleUnleashed were maintained, however claim 24 was confirmed over the prior art of record, and the rejections based on the combination of Ault, Yocum, and Boukobza were withdrawn.

On October 20, 2023, the Patent Owner filed a Response After Final Action with arguments toward the outstanding rejections.

### *Status of the Claims*

Claims 17-30 are subject to reexamination;

Claims 17-30 are confirmed over the prior art of record.

### *Listing of Prior Art*

The following patents and/or printed publications are cited in this proceeding:

i. Oracle Names Administrator's Guide, Release 2.0 (Oracle Corp., Redwood City, CA), published 1996 ("ONAG");

ii. U.S. Patent No. 6,122,664 to Marcel Boukobza, filed on June 27, 1997, issued September 19, 2000 ("Boukobza");

Application/Control Number: 90/019,109            Page 4
Art Unit: 3992

iii.    Joseph B. Greene, Oracle8 Server Unleashed, 1st ed. (Sams Publishing, Indianapolis, Ind.), ISBN: 0672306816, published October 1, 1995 ("OracleUnleashed");

iv.    U.S. Patent No. 5,617,568 to Michael B. Ault, filed on December 14, 1994, issued April 1, 1997 ("Ault"); and

v.    U.S. Patent No. 6,230,183 to Peter B. Yocum, filed on March 11, 1998, issued May 8, 2001 ("Yocum").

### *Claim Construction*

The '978 Patent has expired, thus pursuant to MPEP 2258, the claims will be interpreted under the standard set in Phillips v AWH Corp.

Claim 17, the only independent claim subject to reexamination in this is reproduced below for discussion purposes (emphasis added).

> *17. A method of scaling at least one of capacity and transaction rate capability in a location server in a system having a plurality of location servers for storing and retrieving location information, wherein each of the plurality of location servers stores unique set of location information of an aggregate set of location information, the method comprising:*
>
> *providing a transfer protocol configured to transport identifier and location information, the location information specifying the location of information related to the identifier;*

> *storing location information formatted according to the transfer protocol at a first location server;*
> *receiving an identifier and a location relevant to the identifier at the first location server;*
>
> *storing the received location in a location store at the first data location server, the location store comprising a plurality of identifiers, each identifier associated with at least one location, wherein the received location is associated with the received identifier in the location store; and*
>
> **transferring a portion of the identifiers and associated locations to a second data location server when a performance criterion of the first location server reaches a predetermined performance limit.**

*Response to Arguments*

The Patent Owner argues that ONAG does not teach the limitation of transferring a portion of identifiers and associated locations from a first location server to a second location server ("the transferring step") as required by independent claim 17. The Patent Owner argues that ONAG's full global names cannot be transferred from one location server to another because when new administrative regions are created, new global names would have to be created to follow ONAG's naming scheme. (See Remarks, pages 6-8). The Patent Owner makes further arguments, however the all focus of the claimed "transferring step." (See Remarks, pages 8-17).

**Examiner's response:**

Application/Control Number: 90/019,109  Page 6
Art Unit: 3992

The Examiner has reviewed ONAG and finds the Patent Owner's arguments regarding the "transferring step" persuasive. ONAG teaches that while the full global names (FGNs) are unique (which were mapped to the claimed identifiers), the FGNs follow a convention or naming scheme that would require new (and longer) names as domains are added or created via subdivision. For example, ONAG teaches,

> *"You can extend this hierarchy to any number of levels (for example, you could divide EUROPE further into UK, GREECE, and so forth.) but each additional level increases the knowledge users must retain to request names."*

(See ONAG, page 42).

As an example, HISTORY.EUROPE.ACME would become HISTORY.EUROPE.UK.ACME. Thus, the same identifier would not be transferred, but rather a new one created.

Since ONAG fails to teach the "transferring step" as recited in claim 17, the rejections based on ONAG are withdrawn.

### STATEMENT OF REASONS FOR PATENTABILITY AND/OR CONFIRMATION

Claims 17-30 are confirmed over the prior art of record.

The following is an examiner's statement of reasons for patentability and/or confirmation of the claims found patentable in this reexamination proceeding: Regarding independent claim 17, the prior art of record, taken alone or in combination, fails to teach or suggest transferring a portion of identifiers

and associated locations from a first data location server to a second data location server when a performance criterion of the first data location server reaches a predetermined performance limit as required by the claim. Claims 18-30 are confirmed at least based on their dependence on claim 17.

As discussed above, the Patent Owner's arguments with respect to the combination of ONAG and Boukabza (the reference combination applied in SNQ #1) and the combination of ONAG and OracleUnleashed (the reference combination applied in SNQ #2) are persuasive and the rejections based on those combinations of references are withdrawn.

ONAG fails to teach or suggest the transferring step because are persuasively argued by the Patent Owner, ONAG's system creates new full global names (i.e. the claimed identifiers) when new domains are created or when one domain is divided into multiple domains. For example, ONAG teaches a "EUROPE" domain can be divided into "UK" and "GREECE", but each additional level increases the knowledge users must retain to request names. (See ONAG, page 42). Further does not appear it would be obvious to modify ONAG such that the full global names are transferred because it would require a complete change of the ONAGS naming structure.

Application/Control Number: 90/019,109 Page 8
Art Unit: 3992

In the Final Office action mailed 8/21/23, the Examiner determined that the combination of Ault, Yocum, and Boukabza (the reference combination of SNQ #3) failed to teach or suggest the claimed identifiers uniquely identifying an entity as the identifiers in Ault identify the file sets themselves and not an entity. (See Final Rejection mailed 8/21/23, pages 19-20).

Any comments considered necessary by PATENT OWNER regarding the above statement must be submitted promptly to avoid processing delays. Such submission by the patent owner should be labeled: "Comments on Statement of Reasons for Patentability and/or Confirmation" and will be placed in the reexamination file.

*Conclusion*

ALL correspondence relating to this ex parte reexamination proceeding should be directed as follows:

**Please mail any communications to:**

Attn: Mail Stop *Ex Parte Reexam*
Central Reexamination Unit
Commissioner for Patents
P. O. Box 1450 Alexandria VA 22313-1450

**Please FAX any communications to:**

(571) 273-9900
Central Reexamination Unit

**Please hand-deliver any communications to:**

| Application/Control Number: 90/019,109 | Page 9 |
|---|---|
| Art Unit: 3992 | |

    Customer Service Window
    Attn: Central Reexamination Unit
    Randolph Building, Lobby Level
    401 Dulany Street
    Alexandria, VA 22314

    **By EFS-Web**

        Registered users of EFS-Web may alternatively submit such correspondence via electronic filing system EFS-Web, at

        https://efs.uspto.gov/efile/myportal/efs-registered

        EFS-Web offers the benefit of quick submission to the particular area of the Office that needs to act on the correspondence. Also, EFS-Web submissions are "soft scanned" (i.e., electronically uploaded) directly into the official file for the reexamination proceeding, which offers parties the opportunity to review the content of their submissions after the "soft scanning" process is complete.

Any inquiry concerning this communication or earlier communications from the Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.


    Signed:

    /ERON J SORRELL/
    Primary Examiner, Art Unit 3992


    Conferees:    /JOSEPH R POKRZYWA/
                     Primary Examiner, Art Unit 3992

/MICHAEL FUELLING/
Supervisory Patent Examiner, Art Unit 3992