# Exhibit KKKK



Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

_____
　　　　　　　　　　　　　　　　　　)
KOVE IO, INC.,　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　) No. 1:18-cv-08175
　　　　　　　　　　　　　　　　　　)
AMAZON WEB SERVICES, INC.,　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　)
_____)


** HIGHLY CONFIDENTIAL **

The videotaped deposition of
MELISSA BENNIS, taken at One South Wacker Drive,
Chicago, Illinois, before Janice M. Kocek, CSR,
CLR, commencing at the hour of 9:02 a.m. on
Friday, September 1st, 2023.

_____

DIGITAL EVIDENCE GROUP

1730 M Street, NW, Suite 812

Washington, D.C. 20036

(202) 232-0646

Page 89

1     Q.    Let's discuss ███████████████. And
2 your discussion of this in your report is on
3 pages 108 to 111.
4         Do you agree that the entirety of your
5 discussion of the ███████████████████ is
6 contained in pages 108 to 111?
7     A.    That's my entire discussion of it?
8     Q.    The entirety of your opinions are
9 contained in pages 108 to 111.
10    A.    I can't recall without looking through
11 the entire report if the mention of the ██
12 ██████ and its relevancy comes up elsewhere. I
13 believe it does.
14         I think, again, this -- under this
15 Georgia-Pacific factor, it was an attempt to
16 describe the terms of this license and my
17 understanding about those terms in more detail. I
18 believe I also do so for a few of the agreements
19 back earlier in the report.
20    Q.    And on page 111 you say that (as read):
21 The hypothetical negotiators would consider the
22 ██████████ highly relevant to the hypothetical

 1　negotiation.
 2　　　　　Do you see that?
 3　　A.　I do.
 4　　Q.　Does that mean that the ▇▇▇▇▇▇
 5　is economically and technically comparable in your
 6　opinion?
 7　　　　　Let me ask that question better.
 8　　　　　Does that mean that the ▇▇▇▇▇▇
 9　is economically and technically comparable to the
10　license that would be arrived at in the
11　hypothetical negotiation?
12　　A.　So, for instance, at page 110 I
13　describe that the hypothetical negotiators would
14　consider that the ▇▇▇▇▇▇ and the
15　hypothetical negotiation include patents that are
16　very similar in both technology and application.
17　　　　　And then I go to discuss the various
18　patents.
19　　Q.　I see that.  And this is one of those
20　yes-or-no question situations.
21　　　　　Is it your opinion that the ▇
22　▇▇▇▇ is economically and technically

Page 91

1   comparable to the license to be considered at the
2   hypothetical negotiation?
3   　　　A.　　I mean, like I was actively describing,
4   I think that, again, it's my understanding that
5   these patents are considered to be technically
6   comparable.
7   　　　　　　I think this agreement is a purchase
8   agreement for patents that are deemed to be
9   technically comparable.  So there are differences
10  in, for instance, a purchase agreement as opposed
11  to a license agreement.  But, like I mentioned, I
12  understand that the hypothetical negotiators would
13  consider the agreement highly relevant.
14  　　　Q.　　That's not quite an answer to my
15  question.  I didn't ask whether some of the
16  licenses in the agreement are technically
17  comparable.
18  　　　　　　I asked -- and we can take them one at
19  a time -- is it your opinion that the ▮
20  ▮▮▮▮▮ is technically comparable to the
21  agreement that would be arrived at at the
22  hypothetical negotiation?

Page 115

1　exist; do you?

2　　　A.　　Well, I mean, like I read to you from

3　the report, I've acknowledged that that was --

4　that was a factor within that license.  There were

5　other factors within that license that were also

6　important.  So those facts are considered, just

7　like all the other facts.

8　　　Q.　　Yeah, sure.  But -- but how did you --

9　how did you account for that in your actual

10　determination in your arrival at a damages

11　estimate?

12　　　A.　　It's a fact, just like many others.

13　　　Q.　　Can you provide anymore specificity?

14　　　A.　　No, I don't think so.

15　　　Q.　　And if the jury wanted to know, you

16　take all these different factors and you put them

17　into a blender and you shake them up, what -- what

18　is the basis for that shakeup when you consider

19　all the factors of how you actually arrive at --

20　at your damages estimate?

21　　　A.　　Well, I think -- I think what the jury

22　will be thinking is it's a hypothetical

Page 146

1   hypothetical negotiation?
2       A.   And I have the same answer.
3       Q.   Is that a yes?
4       A.   The answer I provided was that I
5   understand that the patents that are contained
6   within the ▮▮▮▮▮▮▮▮▮▮ are understood to be
7   technically comparable to the patents-in-suit.
8   Amazon was a party to that agreement, just like it
9   would be to the hypothetical agreement.  In this
10  case it's a ▮▮▮▮▮▮▮▮▮▮.
11      Q.   Are you refusing to answer my question
12  with a yes or no?
13      A.   No, I don't feel like that.
14      Q.   Will you answer my question with a yes
15  or no?
16      A.   Well, I'm not sure it's a yes-or-no
17  question.
18      Q.   The question is:  Did you consider or
19  analyze whether the ▮▮▮▮▮▮▮▮▮▮ was
20  comparable to the agreement that would be reached
21  at the hypothetical negotiation?
22      A.   Right.

Page 147

```
 1            MR. SALTMAN:  Objection.  Asked and
 2      answered.
 3   BY MR. ADLER:
 4      Q.    That's a yes-or-no question, isn't it,
 5   "did you consider"?
 6      A.    And, again, I think the trouble that
 7   you and I are having here is I hear you asking a
 8   question that doesn't totally make sense to me.
 9   And that is by -- by suggesting that there is a
10   license that's comparable, what -- how do you mean
11   that?
12            So I'm trying to break it down and
13   describe how there can be elements of a license
14   that are comparable that make it relevant.  So
15   that's the distinction that I'm drawing and will
16   continue to draw, just so that we're clear.
17      Q.    So -- so you would say you considered
18   whether the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was relevant?
19      A.    To the hypothetical negotiators, yes.
20      Q.    You would not say because you do not
21   think it would be a sensible formulation to say
22   that you considered whether the agreement would be
```

9/1/2023 — Kove IO, Inc. v. Amazon Web Services, Inc. — Melissa Bennis
Highly Confidential

Page 203

1    Q.   I'm actually going to go back a second
2    because I forgot a question that I wanted to ask
3    about two of the licenses we already discussed.
4         Do you intend to testify to the jury
5    that the ▓▓▓▓▓▓▓▓ is economically and
6    technically comparable to the license that would
7    have been considered at the hypothetical
8    negotiation?
9    A.   So to that I would have the same answer
10   that I did when you asked me the same about the
11   ▓▓▓▓▓▓▓▓.
12        So the same would apply to really the
13   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓,
14   that because they deal with patents that I
15   understand to be technically comparable and they
16   have characteristics that make them similar to the
17   hypothetical negotiation here, I do believe them
18   to be highly relevant to the hypothetical
19   negotiation and worthy of consideration by the
20   hypothetical negotiators.
21   Q.   I did not hear in your response the --
22   a determination that these licenses for the ▓▓▓

Page 389

```
 1   STATE OF ILLINOIS )
 2   COUNTY OF C O O K )
 3           I, Janice M. Kocek, CSR, CLR, License
     No. 084-002871, do hereby certify:
 4           That the foregoing deposition of
     MELISSA BENNIS, was taken before me at the time
 5   and place therein set forth, at which time the
     witness was put under oath by me;
 6           That the testimony of the witness and all
     objections made at the time of the examination
 7   were recorded stenographically by me, were
     thereafter transcribed under my direction and
 8   supervision and that the foregoing is a true
     record of same.
 9           I further certify that I am neither
10   counsel for nor related to any party to said
11   action, nor in any way interested in the outcome
12   thereof.
13           IN WITNESS WHEREOF, I have subscribed my
14   name this 13th day of September, 2023.
15
16
17
18
19               Janice M. Kocek
20
21           _____
22               JANICE M. KOCEK, CSR, CLR
```