# Exhibit 11

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| KOVE IO, Inc. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:18-cv-8175 |
| Amazon Web Services, Inc. | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Arctide, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:  See Attachment A.

| Place: Crowne Plaza Chicago West Loop<br>25 S Halsted St,<br>Chicago, IL 60661 | Date and Time:<br>08/17/2021 9:00 am |
|---|---|

The deposition will be recorded by this method:  Audio, Video, Stenography

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment B.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  07/28/2021

CLERK OF COURT

OR

_____           /s/ Jeffrey M. Saltman
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Amazon Web Services, Inc._____, who issues or requests this subpoena, are:

Jeffrey M. Saltman, Fisch Sigler LLP, 5301 Wisconsin Ave NW, Fourth Floor, Washington DC 20015, jeffrey.saltman@fischllp.com, 202.362.3640

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:18-cv-8175

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Definitions and Instructions (for both Attachments A and B)**

1. The Definitions, Rules, and Instructions set forth in Federal Rules of Civil Procedure 26 through 37 are incorporated herein by reference.

2. "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3. "Any" or "Each" shall be construed to include and encompass "all."

4. "AWS" refers to Amazon Web Services, Inc., the defendant in *Kove IO, Inc. v. Amazon Web Services, Inc.*, No. 18-cv-8175 (N.D. Ill.).

5. The term "Kove" refers to Kove IO, Inc., its officers, directors, owners, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors, and including Econnectix LLC, Econnectix Corp., and/or OverX, Inc.

6. The terms "You," "Your," or "Arctide" refers to Arctide, LLC its representatives, its attorneys, and any and all predecessors, successors, assigns, owners, affiliates, officers, directors, partners, employees, agents, attorneys, accountants, investigators, and/or other persons acting or purporting to act on behalf of any of them for any purpose.

7. The term "'170 patent" means U.S. Patent No. 7,815,170.

8. The term "'978 patent" means U.S. Patent No. 7,233,978.

9. The term "'640 patent" means U.S. Patent No. 7,103,640.

10. The term "Asserted Patents" means the '170 patent, the '978 patent, and the '640 patent, both individually or collectively as the context indicates.

11. The term "Kove Product(s) & Service(s)" refers to any product or service offered, sold, licensed, manufactured, created, and/or designed by Kove including, but not limited to, the OverX Location Server (OXLS), the Xpress Association Database, XTN for Telecommunications,

XRN for Registry Services, XSN for Storage Services, The Xpress Disk, XFM for FileMaker, XMC for Metadata, XPD for Storage Area Networks, The Xpress Database, XTN for Telecommunications, XRN for Registry Services, XSN for Storage Services.

12. "Document" shall be used in its customary broadest sense pursuant to Federal Rules of Civil Procedure 26 and 34, and includes, but is not limited to, all written or graphic matter, including information contained in computer storage, other electronic information retrieval systems, drafts, copies, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of notions or markings) or any books, notebooks, pamphlets, periodicals, letters, reports, memoranda, handwritten notes, notations, messages, telegrams, wires, cables, records, studies, analyses, summaries, magazines, booklets, circulars, catalogs, bulletins, instructions, operating or maintenance manuals, operating or product specifications, fabrication sheets, calendars, daytimers, notes or records of meetings, notices, purchase orders, bills, ledgers, checks, tabulations, questionnaires, surveys, drawings, sketches, blueprints, flow sheets, working papers, charts, graphs, indices, tapes, agreements, releases, appraisals, valuations, vouchers, reports, estimates, opinions, financial statements, accounting records, income statements, photographs, films or videotapes, indexes, tapes, minutes, contracts, leases, invoices, records of purchase or sale, correspondence, electronic or other transcription or tapings of or notes pertaining to telephone or personal conversations or conferences, tape records, electromagnetic recordings, electronic mail messages and printouts thereof, voice mail messages or transcriptions thereof, microfilms, CD ROMS, videotapes or cassettes, films, movies, computer printouts or other written, printed, typed, punched, taped, filmed or graphic matter or tangible thing, of whatever description, however produced or reproduced (including computer-stored or generated data, together with instructions or programs necessary to

search and retrieve such data), and shall include all attachments to or enclosures with any requested item, to which they are attached or with which they are enclosed, and each draft thereof in Your actual or constructive possession, custody or control.

13. The term "communication" means the transmittal of information and encompasses every medium of information transmittal, including but not limited to, oral, written, graphic and electronic communication.

14. A document or communication "relating to," "related to," or "concerning" a given subject means any and all documents or communications that constitute, contain, embody, comprise, reflect, identify, state, refer to, deal with, comment on, respond to, describe, involve, mention, discuss, record, support or are in any way pertinent to that subject, including, but not limited to, documents concerning the presentation of other documents.

15. "Identify," "specify," or "identification" shall mean, when used with reference to a person, to state the person's (a) full name, (b) present business address, or if unavailable, last known business address, (c) present home address, if a natural person, or if unavailable, last known home address, (d) business affiliation, if a natural person, or if unavailable, last known business affiliation, and (e) job title and description of the duties and responsibilities of such person, including all changes thereto. When used with reference to a document, whether or not that document is presently in existence, state (a) the date of the document (b) the name and address of its author(s), (c) the name and address of each addressee, (d) the name and address of each recipient, (e) the type of document (*e.g.*, "letter," "memorandum"), (f) the present location and the custodian of the original, or if unknown, its last known location and custodian, (g) the present location and custodian of each copy, or if unknown, its last known location or custodian, (h) if any document is no longer in Your possession, custody or control describe the disposition of the

document, the reason or reasons for such disposition, and the date thereof, and (i) the subject matter thereof. When used in connection with a communication, "identify" means to (a) state a brief description of the subject matter communicated, (b) the date on which it took place, the means of communication (*e.g.*, personal conversation, correspondence, telephone, telegram), (c) the place or places where it occurred, and (d) the identity of each person who participated in the communication.

16. "Person," "persons," or "individual" means any natural person, legal entity, or business entity, including, but not limited to, any corporation, partnership, unincorporated associated, joint venture, sole proprietorship, or any and/or all other organizations or group of individuals.

17. As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to requests and definitions containing those words.

18. "Thing" or "things" means any physical specimen or other tangible item, other than a "document" as defined herein.

19. Any pronoun shall be construed to refer to the masculine, feminine, or neutral gender, in singular or plural, as appropriate in context.

20. Any word not specifically defined herein shall be given its ordinary meaning.

21. If, after conducting a reasonable investigation, a full response cannot be provided for any document request, state that such is the case and answer to the fullest extent possible, stating what responsive documents or information are available, what documents or information cannot be provided, why the documents or information are unavailable, and what efforts were made to obtain the unavailable documents or information.

22. If any information responsive to these documents requests has been destroyed or is no longer available for any reason, describe the nature of such information, the last known location of any copies of such information, the date of such destruction, the reason for such destruction, and the name of the person who ordered or authorized such destruction.

23. If You decline to respond to a request or a part of a document request based on a claim of privilege, identify with specificity the nature of the privilege (including work product) that is being claimed, and provide the following information in the objection: (1) For oral communications, provide the name of the person making the communication; the names of the persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication; the date and place of the communication; and the general subject matter of the communication. (2) For documents, provide the type of document; the general subject matter of the document; the date of the document; and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

24. These document requests are not limited as to time period unless stated. Each document request is to be answered fully, unless it is in good faith objected to, in which event the reasons for all of Your objections shall be stated in detail. Where an objection is made to any document request or subpart thereof, the objection shall state with specificity all grounds for the objection. If any objection pertains to only a portion of a document request, or to a word, phrase, or clause contained within such document request, You shall state Your objection to that portion only, and respond to the remainder of the document request, using Your best efforts to do so. No

part of a document request may be left unanswered merely because an objection is interposed to another part of the document request.

## ATTACHMENT A

## Topics for Examination

1. Arctide's ownership in the Asserted Patents.

2. The identification of, and ownership amount held by, each owner of Arctide.

3. Any financial stake Arctide has in the outcome of *Kove IO, Inc. v. Amazon Web Services, Inc.*, No. 18-cv-8175 (N.D. Ill.).

4. The terms, negotiations, and consideration for any agreement related to the Asserted Patents to which Arctide is a party.

5. The consideration Arctide paid to purchase the Asserted Patents.

6. The consideration Arctide received when it sold the Asserted Patents.

7. The negotiations regarding the Asset Purchase and License Agreement between Kove and Arctide dated June 27, 2015.

8. The reason(s) why Arctide purchased the Asserted Patents.

9. The reason(s) why Artide sold the Asserted Patents.

10. Any valuations, licenses, offers to license, sales, and offers to sell the Asserted Patents.

11. The sale, offer for sale, license, or offer for license of any Kove Product & Service and whether those Kove Products & Services were marked with the Asserted Patents.

12. Patent marking, or the lack thereof, of Kove Products & Services, including but not limited to software, products or systems that embody the Asserted Patents.

13. Arctide's corporate structure, history and organization from its founding to the present, including, if any, its predecessor entities.

14. The non-privileged reasons Arctide didn't file a lawsuit against AWS while it owned the Asserted Patents.

15. All finances of Arctide, including investors, investments, owners, working capital, expenses, revenue, costs, profits, and any internal allocation of the value of the Asserted Patents.

## ATTACHMENT B

### Requested Documents

1. Documents regarding Arctide's ownership in the Asserted Patents.

2. Documents sufficient to identify the owners of Arctide and the ownership amount held by each owner.

3. Documents sufficient to show any financial stake Arctide has in the outcome of *Kove IO, Inc. v. Amazon Web Services, Inc.*, No. 18-cv-8175 (N.D. Ill.).

4. Documents sufficient to show the terms, negotiations, and consideration for any agreement related to the Asserted Patents to which Arctide is a party.

5. Documents sufficient to show the consideration Arctide paid to purchase the Asserted Patents.

6. Documents sufficient to show the consideration Arctide received when it sold the Asserted Patents.

7. Documents regarding the negotiations for the Asset Purchase and License Agreement between Kove and Arctide dated June 27, 2015.

8. Documents regarding the reason(s) why Arctide purchased the Asserted Patents.

9. Documents regarding the reason(s) why Artide sold the Asserted Patents.

10. Documents regarding any valuations, licenses, offers to license, sales, and offers to sell the Asserted Patents.

11. Documents regarding the sale, offer for sale, license, or offer for license of any Kove Product & Service and whether those Kove Products & Services were marked with the Asserted Patents.

12. Documents regarding patent marking, or the lack thereof, of Kove Products & Services or any other product, software, or system that embodies at least one claim of the Asserted Patents.

13. Documents sufficient to show Arctide's corporate structure, history and organization from its founding to the present, including, if any, its predecessor entities.

14. Non-privileged documents regarding the reasons Arctide didn't file a lawsuit against AWS while it owned the Asserted Patents.

15. Documents sufficient to show the finances of Arctide, including investors, investments, owners, working capital, expenses, revenue, costs, profits, and any internal allocation of the value of the Asserted Patents.