# Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., | Civil Action No. 1-18-cv-08175 |
| Plaintiff, | Hon. Matthew F. Kennelly |
| v. | **JURY TRIAL DEMANDED** |
| Amazon Web Services, Inc., | |
| Defendant. | |

**KOVE'S THIRD AMENDED RESPONSES TO
AWS'S THIRD SET OF INTERROGATORIES (NOS. 15-16)**

Plaintiff Kove IO, Inc. ("Plaintiff" or "Kove"), by and through their undersigned counsel, Federal Rules of Civil Procedure 26 and 33, the Northern District of Illinois Local Rules ("Local Rules"), and by any applicable procedures, laws, or Court orders, hereby serves the following third amended responses to AWS's Third Set of Interrogatories ("Interrogatories") (Nos. 15-16) of Amazon Web Services, Inc. ("Defendant" or "AWS").

**PRELIMINARY STATEMENT**

1. Kove incorporates by reference each general objection in its First Amended Responses to AWS's First Set of Interrogatories (Nos. 2-5) into each specific response. The specific response may repeat a general objection for emphasis or any other reason and/or may also include one or more specific objection(s). The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

2. Kove's responses to AWS's Interrogatories are made to the best of Kove's present knowledge, information, and belief. Kove reserves the right to supplement or amend these responses should future investigation indicate that such supplementation or amendment is

necessary. Kove reserves the right to make any use of or introduce at any hearing or at trial information or documents responsive to AWS's interrogatories that are discovered subsequent to Kove's service of these responses, including, but not limited to, any information or documents obtained in discovery herein.

## THIRD AMENDED RESPONSES TO INTERROGATORIES (NOS. 15-16)

**INTERROGATORY NO. 15:**

Identify all persons or entities who have ever had an ownership interest in the patents-in suit or related patents, including a detailed description of the nature, extent, and dates of the ownership interests. Your answer should include an identification of all documents and communications related to Your answer (by Bates range) and the persons most knowledgeable about Your answer.

**KOVE'S SECOND AMENDED RESPONSE TO INTERROGATORY NO. 15:**

In addition to its general objections, Kove objects to Amazon's request for Kove to search, identify, and catalogue document productions, communications, or things as an improper request for work product and an overbroad and unduly burdensome request to, for example, marshal evidence to which Amazon or its counsel also has equal access. Kove further objects to this Interrogatory as being compound and containing multiple subparts. Kove further objects to this Interrogatory as being duplicative of Interrogatory 13, and incorporates by reference Kove's objections and responses to Interrogatory 13. Kove further objects to this Interrogatory on the grounds that it is vague, unclear and ambiguous, unduly broad and burdensome, and disproportionate, including, without limitation, with respect to its use of the term "related patents," "all persons or entities who have ever had an ownership interest," and "detailed description of the nature, extent, and dates of the ownership interests." Kove also specifically objects to this

Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception.

Kove also objects to this Interrogatory as premature to the extent it seeks opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules, and any applicable procedures, laws, or Court orders. Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Subject to the foregoing general and specific objections, Kove responds as follows:

On September 13, 2000, Application Serial No. 09/661,222 was filed, with John Overton and Stephen Bailey listed as inventors, and on June 1, 2001, Application Serial No. 09/872,736 was filed, with John Overton and Stephen Bailey listed as inventors. On January 12, 2001, John Overton and Stephen Bailey assigned their interest in Application Serial No. 09/661,222 to OverX, Inc ("OverX"). *See* KOV_00000048. And on July 19, 2001, John Overton and Stephen Bailey assigned their interest in Application Serial No. 09/872,736 to OverX. *See* KOV_00000137. Then, on October 8, 2002, all of OverX's assets, including Applications Serial Nos. 09/661,222 and 09/872,736, were transferred to the OverX, Inc. Creditor Trust, over which Founders Capital Corporation would serve as trustee-assignee, pursuant to the Trust Agreement and Assignment for the Benefit of Creditors of OverX, Inc. *See* KOV_0000002. The OverX, Inc. Creditor Trust was designed to effectuate the liquidation and sale of OverX for the benefit of OverX's creditors. On December 31, 2002, Founders Capital Corporation in its capacity as trustee assigned all right, title and interest to the OverX intellectual property and patent applications, including Applications Serial Nos. 09/661,22 and 09/872,736, to Econnectix, LLC. *See* KOV_00009956.

On March 15, 2003, Econnectix, LLC, transferred all assets, including all patent applications to Econnectix Corporation, pursuant to the Asset Transfer Agreement between Econnectix, LLC, and Econnectix Corporation. *See* KOV_00000155.

On February 13, 2006, Application Serial No. 11/354,224 was filed, with John Overton and Stephen Bailey listed as inventors, and that same day John Overton and Stephen Bailey assigned the application to Econnectix Corporation. *See* KOV_00000034. On September 5, 2006, U.S. Patent No. 7,103,640 issued; on June 19, 2007 U.S. Patent No. 7,233,978 issued; and on October 12, 2010, U.S. Patent No. 7,814,170 issued (collectively, the "Asserted Patents"). Econnectix Corporation held each Asserted Patent upon issuance, pursuant to its ownership of each of the relevant patent applications.

On January 1, 2011, Econnectix Corporation then changed its name to Kove Corporation pursuant to an amendment to Econnectix Corporation's Certificate of Incorporation of the Corporation. *See* KOV_00000009. Following January 1, 2011, the Asserted Patents were therefore held by Kove Corporation. Then, on December 10, 2014, Kove Corporation changed its name from Kove Corporation to Kove IO, Inc., pursuant to an amendment to Kove Corporation's Certificate of Incorporation of the Corporation. *See* KOV_00000022. Following December 10, 2014, the Asserted Patents were therefore held by Kove IO, Inc.

On June 27, 2015, Kove IO, Inc. sold the Asserted Patents to Arctide, LLC, a company controlled by John Overton. *See* KOV_00009963. Then, on June 5, 2018, Arctide, LLC, sold back the Asserted Patents to Kove IO, Inc. *See* KOV_00009978. Kove IO, Inc. holds all ownership interest in the Asserted Patents, and has held it since June 5, 2018.

Pursuant to Federal Rule of Civil Procedure 33(d), Kove identifies the following documents: KOV_00000001; KOV_00000009; KOV_0000014; KOV_00000015;

4

KOV_00000019; KOV_00000020; KOV_00000022; KOV_00000026; KOV_00000034; KOV_00000038; KOV_00000043; KOV_00000045; KOV_00000048; KOV_00000053; KOV_00000068; KOV_00000070; KOV_00000074; KOV_0000086; KOV_00000093; KOV_00000094; KOV_00000104; KOV_00000106; KOV_00000110; KOV_00000122; KOV_00000124; KOV_00000137; KOV_00000152; KOV_00000155; KOV_00000164; KOV_00000166; KOV_00000170; KOV_00000203; KOV_00000213; KOV_00000219; KOV_00000230; KOV_00000232; KOV_00000243; KOV_00000251; KOV_00000256; KOV_00000258; KOV_00000261; KOV_00000268; KOV_00000272; KOV_00000277; KOV_00000279; KOV_00000297; KOV_00000302; KOV_00000514; KOV_00000547; KOV_00000796; KOV_00000811; KOV_00001672; KOV_00002863; KOV_00003762; KOV_00009956; ; KOV_00009978; and KOV_00061348.

Kove may also rely on the testimony of witnesses, including of John Overton and Michael Pechette.

John Overton is the person most knowledgeable about Kove's answer.

Kove reserves the right to amend or supplement this response as discovery progresses.

**INTERROGATORY NO. 16:**

Identify all assignments, consummated or not, concerning the Asserted Patents or Related Patents, including a detailed description of the terms and dates of the assignment and consideration for the assignment. Your answer should include an identification of all documents and communications related to Your answer (by Bates range) and the persons most knowledgeable about Your answer.

**KOVE'S SECOND AMENDED RESPONSE TO INTERROGATORY NO. 16:**

In addition to its general objections, Kove objects to Amazon's request for Kove to search,

identify, and catalogue document productions, communications, or things as an improper request for work product and an overbroad and unduly burdensome request to, for example, marshal evidence to which Amazon or its counsel also has equal access. Kove further objects to this Interrogatory as being compound and containing multiple subparts. Kove further objects to this Interrogatory on the grounds that it is vague, unclear and ambiguous, unduly broad and burdensome, and disproportionate, including, without limitation, with respect to its use of the term "all assignments, consummated or not," "related patents" and "detailed description of the terms and dates of the assignment and consideration for the assignment." Kove also specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception.

Kove also objects to this Interrogatory as premature to the extent it seeks opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules, and any applicable procedures, laws, or Court orders.

Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Subject to the foregoing general and specific objections, Kove responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Kove identifies the following documents: KOV_00000001; KOV_00000002; KOV_00000009; KOV_0000014; KOV_00000015; KOV_00000019; KOV_00000020; KOV_00000022; KOV_00000026; KOV_00000034; KOV_00000038; KOV_00000043; KOV_00000045; KOV_00000048; KOV_00000053; KOV_00000068; KOV_00000070; KOV_00000074; KOV_0000086; KOV_00000093; KOV_00000094; KOV_00000104; KOV_00000106; KOV_00000110;

KOV_00000122; KOV_00000124; KOV_00000137; KOV_00000152; KOV_00000155; KOV_00000164; KOV_00000166; KOV_00000170; KOV_00000203; KOV_00000213; KOV_00000219; KOV_00000230; KOV_00000232; KOV_00000243; KOV_00000251; KOV_00000256; KOV_00000258; KOV_00000261; KOV_00000268; KOV_00000272; KOV_00000277; KOV_00000279; KOV_00000297; KOV_00000302; KOV_00000514; KOV_00000547; KOV_00000796; KOV_00000811; KOV_00001672; KOV_00002863; KOV_00003762; KOV_00009956; KOV_00009963; KOV_00009978; KOV_00061348; KOV_00220390; KOV_00220391; KOV_00220392; KOV_00220393; KOV_00220395; KOV_00220400; FOUNDERS_00000213; FOUNDERS_00000430.

Kove may also rely on the testimony of witnesses, including of John Overton and Michael Pechette.

John Overton is the person most knowledgeable about Kove's Answer.

Kove reserves the right to amend or supplement this response as discovery progresses.

Dated: May 5, 2023

Respectfully submitted,

*/s/ Jaime F. Cardenas-Navia*

Khue V. Hoang *(pro hac vice)*
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia *(pro hac vice)*
jcardenas-navia@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
Telephone: (212) 381-1965
Facsimile: (650) 560-3501

Renato Mariotti (State Bar No. 6323198)
renato.mariotti@bclplaw.com
Holly H. Campbell (State Bar No. 6320395)
holly.campbell@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Suite 4300
Chicago, IL 60601
Telephone: (312) 602-5000

Courtland L. Reichman *(pro hac vice)*
creichman@reichmanjorgensen.com

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Adam Adler (*pro hac vice*)
aadler@reichmanjorgensen.com
Philip Eklem (*pro hac vice*)
peklem@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 894-7310
Facsimile: (650) 560-3501

Taylor Mauze (*pro hac vice*)
tmauze@reichmanjorgensen.com
Navid Bayar (*pro hac vice*)
nbayar@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
7500 Rialto Blvd., Suite 1-250
Austin, TX 78735
Telephone: (650) 623-1401
Facsimile: (650) 560-3501

Shawna L. Ballard (*pro hac vice*)
sballard@reichmanjorgensen.com
Savannah Carnes *(pro hac vice)*
scarnes@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Facsimile: (650) 560-3501

***ATTORNEYS FOR PLAINTIFF
KOVE IO, INC.***

## CERTIFICATE OF SERVICE

      I hereby certify that on May 5, 2023, Kove's Third Amended Responses to AWS's Third Set of Interrogatories (Nos. 15-16) was served on counsel of record via email.

                                                                   */s/ Jaime F. Cardenas-Navia*
                                                                   Jaime F. Cardenas-Navia