# Exhibit G

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| Kove IO, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Amazon Web Services, Inc., <br><br> Defendant. | Civil Action No. 1:18-cv-08175 |

**KOVE'S RESPONSES AND OBJECTIONS TO
AWS'S SIXTH SET OF INTERROGATORIES (NO. 22-25)**

Plaintiff Kove IO, Inc. ("Plaintiff" or "Kove"), by and through their undersigned counsel, Federal Rules of Civil Procedure 26 and 33, the Northern District of Illinois Local Rules ("Local Rules"), and any applicable procedures, laws, or Court orders, hereby serves the following responses and objections to the Sixth Set of Interrogatories ( "Interrogatories") (Nos. 22-25) of Amazon Web Services, Inc. ("Defendant" or "AWS").

**PRELIMINARY STATEMENT**

1.      Kove incorporates by reference each general objection set forth below into each specific response.  The specific response may repeat a general objection for emphasis or any other reason and/or may also include one or more specific objections(s).  The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

2.      Kove's responses to AWS's Interrogatories are made to the best of Kove's present knowledge, information, and belief.  Kove reserves the right to supplement or amend these responses should future investigation indicate that such supplementation or amendment is

1

necessary. Kove reserves the right to make any use of, introduce at any hearing or at trial, information or documents that are responsive to Kove's interrogatories, but discovered subsequent to Kove's service of these responses, including, but not limited to, any information or documents obtained in discovery herein.

## **GENERAL OBJECTIONS**

1.      Kove adopts and incorporates by reference the following General Objections in each of its specific answers to Defendant's First Set of Interrogatories:

2.      Kove objects to the Interrogatories to the extent that they purport, through definitions, instructions, or otherwise, to impose burdens or duties on Kove inconsistent with, or not authorized by, the Federal Rules of Civil Procedure. In each such case, Kove declines to accept those additional burdens or duties and instead will comply with the Federal Rules of Civil Procedure.

3.      Kove objects to the Interrogatories to the extent they are vague, ambiguous, compound, overly broad, unduly burdensome, oppressive, not reasonably limited in time or scope, seeking irrelevant information, and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Kove objects to the Interrogatories to the extent that they seek "any" or "all" information or documents of a certain description where it would be unduly burdensome to search for and describe "all" information or documents technically responsive to those Interrogatories. Kove will not produce "any" or "all" information or documents where it would be unduly burdensome to do so, but will provide information or documents reasonably sufficient to respond to the subject matter of the Interrogatories.

5.      Kove objects to the Interrogatories to the extent that they require Kove to furnish

or produce any information or documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, protection, or restriction, or which is otherwise not discoverable under the Federal Rules of Civil Procedure, applicable statutes, or common law.

6.      Kove objects to the Interrogatories to the extent that they require Kove to furnish or produce any information or documents that contain confidential and/or proprietary research, development, or commercial information, and/or confidential and/or proprietary trade secrets. Kove will furnish or produce any such information or documents pursuant to the Stipulated Protective Order which will be entered in this case.

7.      Kove objects to the Interrogatories to the extent that they purport to require Kove to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party. Kove will provide such information to the extent it is able to, but may need either the consent of the relevant third party or a court order compelling production.

8.      Kove objects to the Interrogatories to the extent that they require Kove to furnish or produce any information or documents which are in the possession, custody or control of third parties, AWS, or AWS's agents and counsel, or are otherwise of public record and, therefore, are equally accessible and available to AWS.

9.      Kove objects to the Interrogatories to the extent to which they require Kove to furnish or produce any information or documents which are not in its possession, custody, or control.

10.      Kove objects to the Interrogatories to the extent to which they require Kove to furnish or produce any information or documents regarding confidential and/or proprietary research, development, or commercial information, and/or confidential and/or proprietary trade

secrets other than that confidential and/or proprietary research, development, or commercial information and/or confidential and/or proprietary trade secrets which Kove identifies in the Complaint. Kove also objects to the Interrogatories to the extent to which they require Kove to furnish or produce any information or documents regarding misappropriation, misuse, or improper disclosure involving Persons other than those identified in the Complaint. Accordingly, Kove's responses are limited to information or documents regarding the confidential and/or proprietary research, development, or commercial information, and/or confidential and/or proprietary trade secrets identified in the Complaint, and misappropriation, misuse, or improper disclosure involving Persons identified in the Complaint.

11. Kove objects to the Interrogatories to the extent that they call for legal conclusions. Kove's responses and any production of documents shall not be construed as providing a legal conclusion concerning the meaning or application of any term or phrase in the Interrogatories.

12. Kove objects to the Interrogatories to the extent that they call for Kove to form and then render an expert opinion, or to the extent that they require disclosure of expert reports, analysis, findings or assessments that Kove is not yet required to disclose pursuant to the applicable rules and orders.

13. Kove objects to the Interrogatories and the instructions and definitions contained therein, and made a part thereof, to the extent that they attempt to alter the plain meaning of understanding of any term or attempt to impose obligations on Kove that are inconsistent with and/or in addition to those required under the Federal Rules of Civil Procedure.

14. Kove's investigation of facts and discovery of documents and other information relating to the claims at issue in this action is continuing. Therefore, Kove's responses will be based only upon such information and documents as are available to, and known to, Kove at the

time of such responses. Kove anticipates that further investigation and analysis of the claims at issue in this action may disclose additional information requested by AWS and, therefore, Kove reserves the right to modify and/or supplement any and all of its responses as additional information is obtained or becomes available or known to Kove.

15.     In responding to the Interrogatories, Kove does not waive, intends to preserve, and is preserving the following:

a.     All objections to competency, relevance, materiality, privilege, and admissibility;

b.     All rights to object on any ground to the use of any of the responses herein or documents produced in any subsequent proceeding including the trial of this or any other action;

c.     All rights to object on any ground to any further Interrogatories; and

d.     All rights to revise, correct, supplement, clarify, and/or amend any of the responses herein at any time.

16.     Kove's responses are made subject to these General Objections and will be limited in accordance with these General Objections. Failure to specifically mention each General Objection in each response does not constitute a waiver of any General Objection, and all are considered incorporated in each response by reference.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

17.     Kove objects to AWS's definitions of "Plaintiff," "Kove," "You," and "Yours" on the grounds that they render the relevant topics vague, ambiguous, overbroad, and unduly burdensome. Kove will interpret these terms to refer to Kove IO Inc. ("Kove").

18.     Kove objects to AWS's definition of "Kove Products & Services" on the grounds that they render the relevant topics vague, ambiguous, overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case.  Kove will interpret this term to refer to OverX

Location Server (OXLS), the Xpress Association Database, XTN for Telecommunications, XRN for Registry Services, XSN for Storage Services, The Xpress Disk, XFM for FileMaker, XMC for Metadata, XPD for Storage Area Networks, The Xpress Database, XTN for Telecommunications, XRN for Registry Services, and XSN for Storage Services.

19.     Kove objects to AWS's definition of "Kove Embodiment" on the grounds that they render the relevant topics vague, ambiguous, overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case.  Kove will interpret this term to refer to any Kove product, service, device, process, method, act, or other instrumentality that Kove contends practices any of the claimed inventions of the Asserted Patents.

20.     Kove objects to AWS's definition of "Related Patent" on the grounds that they render the relevant topics vague, ambiguous, overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case. Kove will interpret this term to refer to U.S. Patent Nos. 7,815,170, 7,233,978, and 7,103,640 and any provisional, non-provisional, continuation, continuation-in-part, or divisional applications that led to U.S. Patent Nos. 7,815,170, 7,233,978, and 7,103,640.

21.     Kove objects to AWS's instruction that Kove identify any document, thing, or information not disclosed by reason of a claim of privilege by providing in writing certain information as improper under Federal Rule of Civil Procedure 26.  If any document, thing, or information is withheld on the basis of privilege, Kove will disclose the information required by the applicable Federal and local Rules.

**RESPONSES TO INTERROGATORIES (NOS. 22-25)**

**INTERROGATORY NO. 22:**

Identify and describe in detail any and all offers, discussions, valuations, communications,

demands, negotiations, and agreements related to the Asserted Patents or Related Patents, whether oral or written, including, without limitation, all offers to license, sell or transfer; attempts to negotiate a license, sale, transfer, or to enforce; sale, transfer or license negotiations; notice letters, demand letters, cease and desist letters; lawsuits, settlement negotiations, settlement agreements, covenants not to sue; and any offered, negotiated or agreed bids, selling price, licensing fee, royalty rate and base, and the calculations thereof, including all revenue projections and valuations related to the Asserted Patents and Related Patents; and all related Documents.

**RESPONSE TO INTERROGATORY NO. 22:**

In addition to its general objections, Kove objects to this Interrogatory as duplicative of AWS's Interrogatory No. 13, and incorporates by reference Kove's objections and responses to Interrogatory No. 13. Kove also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception. Kove further objects to this Interrogatory on the grounds that it is vague, unclear, overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case, including, without limitation, with respect to its use of the terms "describe in detail," "any and all offers, discussions, valuations, communications, demands, negotiations, and agreements related to the Asserted Patents or Related Patents, whether oral or written," "all offers to license, sell or transfer," "attempts to negotiate a license, sale, transfer, or to enforce," "sale, transfer or license negotiations," "notice letters, demand letters, cease and desist letters," "lawsuits, settlement negotiations, settlement agreements, covenants not to sue," "any offered, negotiated or agreed bids, selling price, licensing fee, royalty rate and base, and the calculations thereof, including all revenue projections and valuations," and "Related Patents."

Kove also objects to this Interrogatory as being compound and containing multiple

subparts. At least seven discrete subparts are expressly identified as being part of this Interrogatory. Further, the request to, *inter alia*, "[i]dentify and describe, in detail, any and all . . . communications . . . related to the Asserted Patents or Related Patents" could include practically anything related to the Asserted Patent and Related Patents, and so improperly includes many more discrete subparts.

Kove also objects to this Interrogatory to the extent it purports to require Kove to marshal its evidence in advance of deadlines prescribed by the Federal Rules, Local Rules, and any applicable procedures, laws, or Court orders.

Kove also objects to this Interrogatory as premature to the extent it seeks Kove's expert opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules, and any applicable procedures, laws, or Court orders.

Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Subject to the foregoing general and specific objections, Kove responds as follows:

The inventors of the patents-in-suit, John Overton and Stephen Bailey, transferred all rights in the applications that became U.S. Patent Nos. 7,103,640 and 7,233,978 on January 12, 2001, and July 19, 2001, respectively, to their employer at the time, OverX, Inc. ("OverX"). *See, e.g.*, KOV_00000048-52, KOV_00000137-150.

In 2002, OverX chose to terminate its operations and seek a sale of all the company's assets, including the applications that became the patents-in-suit (U.S. Patent Applications Nos. 09/661,222 and 09/872,736). *See, e.g.*, KOV_00142364-66; KOV_00139468-471. On October 8, 2002, at the direction of OverX's Board of Directions, OverX executed a Trust Agreement and

Assignment for the Benefit of Creditors, pursuant to which all Trust Assets, including U.S. Patent Applications Nos. 09/661,222 and 09/872,736, were transferred to the OverX Creditor Trust. *See, e.g.*, KOV_00142364-66; KOV_00139468-471; *see also* KOV_ 00000002-8. Founders Capital Corporation ("Founders") was appointed as Trustee/Assignee to carry out the purpose and duties of the OverX Creditor Trust. *See*, *e.g.*, KOV_00142364-66; KOV_00139468-471.

Pursuant to the Trust Agreement and Assignment for the Benefit of Creditors, on November 12, 2002, Founders initiated a Request for Proposals process, which solicited bids to buy all or part of the assets of OverX. *See, e.g.*, KOV_00139468-471. The Request for Proposal further provided that each Proposal should include three separate bids: (1) for OverX's patent applications; (2) for the source code for the Xpress software; and (3) for OverX's patent applications and the Xpress source code. *Id.*

Econnectix LLC ("Econnectix") submitted a Proposal on November 25, 2002, which included, *inter alia*, a bid to pay $100,000, plus 1.5% of Econnectix's gross profits, not to exceed $50,000 per annum, in exchange for OverX's patent applications and the Xpress source code. *See, e.g.*, KOV_00216757; FOUNDERS_00000758. In connection with Econnectix's bid, John Overton, Michael Roizen, and Paul Carmichael further agreed to forgive claims against OverX, subject to the success of Econnectix's bid. *See* KOV_00216757; FOUNDERS_00000758. Founders, as Trustee-Assignor, accepted Econnectix's bid, and on December 31, 2002, transferred all right, title, and interest in, to, or arising from the Trust Assets defined in the Asset Purchase and Assignment Agreement, including the assets set forth in Schedule A, which included the U.S. Patent Applications Nos. 09/661,222 and 09/872,736, to Econnectix. *See, e.g.*, KOV_00009956-62.

On March 13, 2003, Econnectix then transferred all assets, including all patent

applications, to Econnectix Corporation, pursuant to the Asset Transfer Agreement between Econnectix, LLC, and Econnectix Corporation. *See* KOV_00000155-163. On February 13, 2006, U.S. Patent Application No. 11/354,224 was filed, with John Overton and Stephen Bailey listed as inventors, and that same day John Overton and Stephen Bailey assigned the application to Econnectix Corporation. *See* KOV_00000034-37.

On January 1, 2011, Econnectix Corporation then changed its name to Kove Corporation pursuant to an amendment to Econnectix Corporation's Certificate of Incorporate of the Corporation. *See* KOV_00000009-12. Then, on December 10, 2014, Kove Corporation changed its name from Kove Corporation to Kove IO, Inc., pursuant to an amendment to Kove Corporation's Certificate of Incorporate of the Corporation. *See* KOV_00000022-25.

Kove IO, Inc. and Arctide, LLC, entered into an Asset Purchase and License Agreement on June 27, 2015, relating to U.S. Patent Nos. 7,103,640; 7,814,170; 7,814,169; and 7,233,978, among other things. KOV_00009963-9977. The Agreement included, *inter alia*, the grant of an irrevocable (except as otherwise set forth in the Agreement), worldwide, non-exclusive, fully paid-up right to each of a patent license, a source code license, and an executable code license from Arctide, LCC, to Kove IO, Inc., and a payment of ███████ by Kove IO, Inc. to Arctide, LLC, plus other defined sums. *Id.* On June 5, 2018, Arctide, LLC, sold the same assets, including the above patents, back to Kove IO, Inc., in an Asset Purchase Agreement that included, *inter alia*, cancellation of all licenses granted in the June 27, 2015 Agreement and payment by Kove IO, Inc., to Arctide, LLC, of all Proceeds, as defined in the Agreement, ████████. KOV_00009978-9989.

In April 2003, Econnectix Corp. engaged in discussions with ████████████ regarding investing in the intellectual property of Econnectix Corp., including the Asserted

Patents. *See, e.g.*, KOV_00216746-50, KOV_00216751-54, KOV_00216743. Econnectix Corp. and ▮ discussed both licensing and transferring the intellectual property assets of Econnectix Corp. to ▮, but a term sheet was never drafted, the assets were never valued, and no transaction for the sale, licensing, or transfer of the Asserted Patents was ever negotiated or closed between Intel and Econnectix Corp.

In March 2003, ▮ exchanged a draft term sheet with Econnectix that would have provided ▮ with a perpetual, worldwide license for internal use and distribution of Econnectix's Xpress XTN database. *See* KOV_00048305-10. The agreement would have entitled Econnectix to ▮, where each license is per CPU; and the agreement would further provide the option for ▮ to receive further licenses at a cost of ▮. *See id.* The agreement also would have provided that Econnectix grant ▮ a warrant to purchase ▮ shares of Common Stock in Econnectix. *See id.* The agreement would have further provided that ▮ pay Econnectix nonrecurring engineering fees of ▮ for customization of the Xpress XTN Product. *See id.* The parties exchanged revised term sheets over the next few months, but ultimately were unable to come to agreement. *See* KOV_00139640. No transaction for the licensing of the Asserted Patents was ever closed between ▮ and Econnectix.

In April 2014, Kove Corp., through John Overton, had a call with ▮ regarding the potential licensing of Kove Corp.'s patents, but did not enter into negotiations regarding the sale, license, or transfer of any patents at that time. *See* KOV_00216766-67. The parties met again in October 2015, but also did not enter into negotiations regarding the sale, license, or transfer of any patents. No transaction for the sale, license, or transfer of the Asserted Patents was ever closed between ▮ and Kove Corp. *See id.*

On July 6, 2020, Kove IO, Inc. was contacted by ███████████ regarding potentially investing in the Asserted Patents. *See* KOV_00184432-33. ███████████ later became aware that the Asserted Patents were begin asserted in active litigation, and on July 14, 2020, notified Kove IO, Inc., that it could not proceed with any discussions regarding investing in the Asserted Patents. *See* KOV_00216739-41.

Kove incorporates by reference its operative response to AWS's Interrogatory Nos. 8 and 13.

In addition, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Kove identifies the documents beginning with the following Bates stamps, from which information regarding revenue projections and valuations related to the Asserted Patents may be determined:

KOV_00000009-12; KOV_00000022-25; KOV_00000034-37; KOV_00000048-52; KOV_00000137-150; KOV_00000155-163; KOV_00009956-62; KOV_00009963-9977; KOV_00009978-9989; KOV_00048305-10; KOV_00139468-471; KOV_00139640; KOV_00142364-66; FOUNDERS_00000758; KOV_00216757; KOV_00216746-50; KOV_00216751-54; KOV_00216743; KOV_00216766-67; KOV_00184432-33; KOV_00216739-41. Kove reserves the right to amend or supplement this Interrogatory response as discovery continues and as Kove furthers its investigation; Kove further reserves the right to rely on facts, documents, testimony, or other evidence that may develop or come to its attention through the ordinary course of this case.

**<u>INTERROGATORY NO. 23:</u>**

For each of the Asserted Claims for which Kove alleges that AWS has indirectly infringed, describe the factual and legal basis for any such contention, including, without limitation, the complete factual and legal bases for the allegations in ¶¶49-55, 68-70, and 83-85 of the Complaint;

identification of the date on which Kove alleges AWS had first knowledge or awareness of the Asserted Patents sufficient to establish indirect infringement and all facts supporting this allegation; description all facts and circumstances that Kove alleges establish that AWS has possessed the requisite intent for indirect infringement; and identification of all Documents that support your answer.

**RESPONSE TO INTERROGATORY NO. 23:**

In addition to its general objections, Kove specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception. Kove further objects to this Interrogatory on the grounds that it is vague, unclear, overbroad, irrelevant, and unduly burdensome, including, without limitation, with respect to its use of the terms "the factual and legal basis for any such contention," "the complete factual and legal bases for the allegations in ¶¶49-55, 68-70, and 83-85 of the Complaint," "first knowledge or awareness of the Asserted Patents sufficient to establish indirect infringement," "all facts supporting this allegation," "description all facts and circumstances that Kove alleges establish that AWS has possessed the requisite intent for indirect infringement," and "all Documents that support your answer."

Kove also objects to this Interrogatory to the extent it purports to require Kove to marshal its evidence in advance of deadlines prescribed by the Federal Rules, Local Rules, and any applicable procedures, laws, or Court orders.

Kove also objects to this Interrogatory as premature to the extent it seeks Kove's expert opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules, and any applicable procedures, laws, or Court orders.

Kove objects to this Interrogatory to the extent that it seeks information or documents that

are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Subject to the foregoing general and specific objections, Kove responds as follows:

AWS indirectly infringes all asserted claims as follows:

Induced Infringement:

AWS has actively induced the infringement of all asserted claims under 35 U.S.C. § 271(b). AWS has had knowledge of its infringement of all asserted claims since at least the filing of this case if not substantially earlier. *See, e.g.*, Kove's Response to AWS's Interrogatory No. 9 (explaining how AWS has known about Kove's Asserted Patents at least since September 22, 2011). AWS has actively induced the infringing use of the Accused Instrumentalities by all parties that use the Accused Instrumentalities,[1] including by AWS itself, Amazon.com, Inc. and its related corporate entities, and AWS's customers. These parties infringe the asserted claims in violation of 35 U.S.C. § 271(a) by using the Accused Instrumentalities in an infringing manner. For example, AWS induces these parties to directly infringe the asserted claims by marketing, advertising, and providing instructions, support, and technical assistance for the use of the Accused Instrumentalities in an infringing manner.

For example, AWS provides several support websites that instruct on the use of the Accused Instrumentalities, including, without limitation: "Getting Started Resource Center"[2];

---

[1] Kove's response uses the term Accused Instrumentalities consistent with its definition in the operative version of Kove's Final Infringement Contentions.
[2] Getting Started Resource Center, available at https://aws.amazon.com/getting-started/.

"Cloud Solutions"[3]; "AWS Documents"[4]; "AWS Support"[5]; and "AWS Customer Success."[6] These exemplary instructional documentations explain how to use the Accused Instrumentalities to store and retrieve data. In addition, AWS provides a "step-by-step tutorial [that] will help you store your files in the cloud using AWS Simple Storage Solution (Amazon S3). Amazon S3 is a service that enables you to store your data (referred to as objects) in at massive scale. In this tutorial, you will create an Amazon S3 bucket, upload a file, retrieve the file and delete the file."[7]

AWS also provides answers on its website to popular topics, posts, and questions that developers, users, or operators may have about the AWS Accused Instrumentalities.[8] For instance, AWS News Blog provides updates on Amazon S3.[9] Likewise, AWS educates users about features and developments of the Accused Instrumentalities: "AWS holds events both online and in-person to bring the cloud computing community together to connect, collaborate, and learn from AWS experts."[10] Users can also get help by directly asking AWS support developers.[11] AWS further provides instructional videos to teach users how to use the AWS Instrumentalities.[12]

In addition, AWS provides Amazon S3 and DynamoDB manuals to help the customer

---

[3] Cloud Solutions Find the right solution by application or industry, available at https://aws.amazon.com/solutions/.

[4] AWS Documentation Find user guides, developer guides, API references, tutorials, and more, available at https://aws.amazon.com/documentation/.

[5] AWS Support, available at https://aws.amazon.com/premiumsupport/.

[6] AWS Customer Success, available at https://aws.amazon.com/solutions/case-studies/.

[7] Store and Retrieve a File with Amazon S3, available at https://aws.amazon.com/getting-started/tutorials/backup-files-to-amazon-s3/.

[8] AWS News Blog, available at https://aws.amazon.com/blogs.

[9] Barr, J., Amazon S3 Update: New Storage Class and General Availability of S3 Select, available at https://aws.amazon.com/blogs/aws/amazon-s3-update-new-storage-class-general-availability-of-s3-select/ .

[10] AWS Events & Webinars available at https://aws.amazon.com/about-aws/events/.

[11] See AWS Support, available at https://aws.amazon.com/premiumsupport/.

[12] Getting Started Videos, https://aws.amazon.com/getting-started/videos/; Amazon S3, http://amzn.to/2iNk9IA; Introduction to Amazon S3, https://youtu.be/rKpKHulqYOQ.

understand, setup, and use the Accused Instrumentalities, along with user manuals for all AWS products and services, which may be accessed through links at https://aws.amazon.com/documentation/. AWS also provides Tools for using the Accused Instrumentalities, such as SDKs (software development kits), IDE (integrated development environment) Toolkits, and Command Line Tools.[13]

As yet another example, AWS promotes collaborating with "partners and customers" and encourages architects to work "with AWS field sales, pre-sales, training and support teams to help partners and customers learn and use AWS services such as AWS Elastic Compute Cloud (EC2), AWS Simple Storage Service (S3), AWS SimpleDB/RDSdatabases, AWS Identity and Access Management (IAM), etc."[14] *See also* AMZ_KOVE_000064567-64819; AMZ_KOVE_000046571-46733; AMZ_KOVE_000061900-61910; AMZ_KOVE_000065619-65649; AMZ_KOVE_000065650-65712; AMZ_KOVE_000064567-64819; Sorenson Tr. at 232:10-239:25; Markle Tr. at 104:23-114:11.

Contributory Infringement:

AWS contributorily infringes all asserted claims under 35 U.S.C. § 271(c). AWS has had knowledge of its infringement of all asserted claims since at least the filing of this case if not substantially earlier. *See, e.g.*, Kove's Response to AWS's Interrogatory No. 9 (explaining how AWS has known about Kove's Asserted Patents at least since September 22, 2011). AWS has provided components of the Accused Instrumentalities, which constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. For example, these components include those identified in Kove's First Amended

---

[13] Tools for Amazon Web Services, available at https://aws.amazon.com/tools/.
[14] Amazon Jobs, Cloud Infrastructure Architect - Chicago - Job ID: 583645 (Attached as Ex. 23 to the Complaint).

Infringement Contentions, and any amendments or supplements thereto. *See* Kove's First Amended Infringement Contentions at 6.

The Accused Instrumentalities are known by AWS to be especially made or especially adapted for use in the manner claimed in this patent.

With respect to the intent element of indirect infringement, Kove incorporates by reference its operative response to AWS's Interrogatory No. 9, and any amendments or supplements thereto.

Kove reserves the right to amend or supplement this Interrogatory response as discovery continues and as Kove furthers its investigation; Kove further reserves the right to rely on facts, documents, testimony, or other evidence that may develop or come to its attention through the ordinary course of this case.

**<u>INTERROGATORY NO. 24:</u>**

Identify and describe in detail any and all sales, offers, communications, negotiations, and agreements related to the Kove Embodiments, including, without limitation, all details regarding any offers or communications regarding the sale or license to any third party; any proposed or executed agreements to license or sell any Kove Embodiment, including an identification of the specific products or services encompassed in the agreement; identification and description of the communications and negotiations (*sic*) of the agreements produced by Kove at KOV_00039512, KOV_00039534, KOV_00039589, KOV_00039638 (*sic*), KOV_00039665 and KOV_00040130, including the specific products or services encompassed by those agreements; all details to support that the inventions of the Asserted Claims attracted "substantial interest from investors in OverX, Inc. and Kove IO, Inc." as claimed in Kove's Final Validity Contentions; and identification of all Documents that support your answer.

**RESPONSE TO INTERROGATORY NO. 24:**

In addition to its general objections, Kove objects to this Interrogatory as duplicative of Interrogatory 12, and incorporates by reference Kove's objections and responses to Interrogatory 12. Kove also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception. Kove further objects to this Interrogatory on the grounds that it is vague, unclear, overbroad, irrelevant, unduly burdensome, and not proportionate to the needs of the case, including, without limitation, with respect to its use of the terms "Identify and describe in detail," "any and all sales, offers, communications, negotiations, and agreements related to the Kove Embodiments," "all details regarding any offers or communications regarding the sale or license to any third party," "any proposed . . . agreements to license or sell any Kove Embodiment," and "identification and description of the communications and negotiations (*sic*) of the agreements." Subject to all its objections, including but not limited to privilege-based objections, Kove will identify sales of and offers to sell the Kove Embodiments. Kove further objects to this Interrogatory on the grounds that it is vague, unclear, overbroad, irrelevant, unduly burdensome, not proportionate to the needs of the case, including, without limitation, with respect to its use of the terms "identification and description of the communications and negotiations (*sic*) of the agreements produced by Kove at KOV_00039512, KOV_00039534, KOV_00039589, KOV_00039638 (*sic*), KOV_00039665 and KOV_00040130, including the specific products or services encompassed by those agreements." The identified documents do not relate to any Kove Embodiments and are thus outside the scope of the Interrogatory and irrelevant. Kove will nonetheless explain why these documents do not relate to any Kove Embodiments. Kove further objects to this Interrogatory on the grounds that it is vague, unclear, overbroad, irrelevant, unduly

18

burdensome, and not proportionate to the needs of the case, including, without limitation, with respect to its use of the terms "all details to support," and "identification of all Documents that support your answer."

Kove further objects to this Interrogatory as being compound and containing multiple subparts. At least five discrete subparts are expressly identified as being part of this Interrogatory. Further, the request for, *inter alia*, "all details to support that the inventions of the Asserted Claims attracted 'substantial interest from investors in OverX, Inc. and Kove IO, Inc.' as claimed in Kove's Final Validity Contentions" is plainly unrelated to the other subparts of the Interrogatory and appears to have been appended onto the Interrogatory in an attempt to avoid the agreed-upon limit on the number of Interrogatories that each party may serve.

Kove also objects to this Interrogatory to the extent it purports to require Kove to marshal its evidence in advance of deadlines prescribed by the Federal Rules, Local Rules, and any applicable procedures, laws, or Court orders.

Kove also objects to this Interrogatory as premature to the extent it seeks Kove's expert opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules, and any applicable procedures, laws, or Court orders.

Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Subject to the foregoing general and specific objections, Kove responds as follows:

With respect to sales of and offers to sell the Kove Embodiments, Kove hereby incorporates by reference its operative response to AWS's Interrogatory Nos. 3 and 12.

With respect to the specific documents identified by AWS, none of which relate to any



with the following Bates stamps, from which information regarding the interest from investors in OverX, Inc. and Kove IO, Inc, in the inventions of the Asserted Claims may be determined: KOV_00048305-10; KOV_00053962; KOV_00056911-12; KOV_00139640; KOV_00172210; KOV_00172735; KOV_00173056; KOV_00216746-50; KOV_00216751-54; KOV_00216743; KOV_00216756; KOV_00216766-67; KOV_00184432-33; and KOV_00216739-41.

Kove reserves the right to amend or supplement this Interrogatory response as discovery continues and as Kove furthers its investigation; Kove further reserves the right to rely on facts, documents, testimony, or other evidence that may develop or come to its attention through the ordinary course of this case.

**INTERROGATORY NO. 25:**

Identify the date on which Kove contends that it gave actual or constructive notice of each of the Asserted Patents to AWS and describe in detail such actual or constructive notice.

**RESPONSE TO INTERROGATORY NO. 25:**

In addition to its general objections, Kove specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception. Kove further objects to this Interrogatory on the grounds that it is vague, unclear, overbroad, irrelevant, and unduly burdensome, and not proportional to the needs of the case, including, without limitation, with respect to its use of the terms "actual or constructive notice," and "describe in detail such actual or constructive notice."

Kove also objects to this Interrogatory to the extent it purports to require Kove to marshal its evidence in advance of deadlines prescribed by the Federal Rules, Local Rules, and any applicable procedures, laws, or Court orders.

Kove also objects to this Interrogatory as premature to the extent it seeks Kove's expert

opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules, and any applicable procedures, laws, or Court orders.

Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate.

Subject to the foregoing general and specific objections, Kove responds as follows:

Kove provided actual notice of each of the Asserted Patents to AWS at least as early as the filing of the Complaint on December 12, 2018. *See* Complaint. AWS has also had actual notice of each of Kove's Asserted Patents at least as early as August 24, 2011, if not earlier. Specifically, the U.S. Patent & Trademark Office identified Kove's Patent No. 7,233,978 ("the '978 patent") in an office action dated August 24, 2011, during the prosecution of Application No. 13/042,301 (issued as U.S. Patent No. 8,239,571) that is owned by Amazon Technologies, Inc. — which is related to Amazon.com, Inc. and AWS and prosecutes patents for AWS. The face of the '978 patent identifies Kove's Patent No. 7,103,640 and the applications that resulted in Kove's Patent No. 7,814,170. Since then, hundreds more of Amazon Technologies, Inc.'s patents cited to Kove's Asserted Patents. *See, e.g.*, Kove's Response to AWS's Interrogatory No. 9 (hereby incorporated by reference). Further, multiple AWS employees involved with the accused products (Amazon S3 and DynamoDB) are identified as inventors on these Amazon patents, including Swaminathan Sivasubramanian and James Hamilton.

Kove reserves the right to amend or supplement this Interrogatory response as discovery continues and as Kove furthers its investigation; Kove further reserves the right to rely on facts, documents, testimony, or other evidence that may develop or come to its attention through the ordinary course of this case.

22

Dated: July 15, 2021

Respectfully submitted,

/s/ Jaime F. Cardenas-Navia
Jaime F. Cardenas-Navia

Khue V. Hoang (*pro hac vice*)
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Michael Marvin (*pro hac vice*)
mmarvin@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965
Telecopier: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Adam Adler (*pro hac vice*)
aadler@reichmanjorgensen.com
Phil Eklem (*pro hac vice*)
peklem@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1710 Rhode Island Ave, NW, 12th Floor
Washington, DC 20036
Telephone: (202) 894-7310
Fax: (650) 623-1449

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
Holly H. Campbell (State Bar No. 6320395)
hcampbell@thompsoncoburn.com
THOMPSON COBURN LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500
Telecopier: (312) 580-2201

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Shawna Ballard (Identification No. 155188)
sballard@reichmanjorgensen.com
Kate Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

**ATTORNEYS FOR PLAINTIFF
KOVE IO, INC.**

23

## VERIFICATION

I verify that I have reviewed the above responses, which are true to the best of my knowledge, information, and belief. I verify that Kove IO, Inc. ("Kove") collected factual information in the above responses from documents in the possession, custody, and control of Kove, or from persons with personal knowledge of the subject matter of the responses, and with the assistance of counsel representing Kove. I am informed and believe that the matters stated therein are true and correct, and on that basis verify the response on behalf of Kove. To the extent Kove based the above responses on information collected from others, I verify not on personal knowledge, but on information and belief. I am authorized to make this verification for and on behalf of Kove. I declare under penalty of perjury that the foregoing is true and correct.

By: John Overton
Date: July 15, 2021

24

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2021, Kove's Responses and Objections to AWS's Sixth

Set of Interrogatories (Nos. 22-25) was served on counsel of record via email.


/s/ *Jaime F. Cardenas-Navia*
Jaime F. Cardenas-Navia