# Exhibit 5

**Subject:** Re: Kove v. AWS: Motions in Limine
**Date:** Wednesday, March 6, 2024 at 4:34:22 PM Eastern Standard Time
**From:** Lisa Phillips
**To:** Gina Cremona, Savannah Carnes
**CC:** Kove Team, RJ_Kove_AWS

Hi Gina,

Thank you for your email. AWS agrees on Kove's MIL #7, that it will not use the term "troll."

Without any type of reciprocal agreement on AWS's similar MIL, AWS doesn't agree to Kove's MIL on excluding any reference to the *Kove v. Google* case. Thank you.

Best,
Lisa

**Lisa Phillips | Fisch Sigler LLP | Partner**
+1.202.362.3521 (o)
+1.240.988.3448 (m)

---

**From:** Gina Cremona <gcremona@reichmanjorgensen.com>
**Date:** Wednesday, March 6, 2024 at 4:19 PM
**To:** Lisa Phillips <Lisa.Phillips@fischllp.com>, Savannah Carnes <scarnes@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>, RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Subject:** RE: Kove v. AWS: Motions in Limine

Lisa,

With respect to Kove's MIL #7 to make things simpler, our MIL is that AWS will not use the term "troll." We understand your position, and therefore have agreement, if AWS agrees.

With respect to the MIL on excluding references to other litigations, Kove cannot agree to preemptively exclude all references to AWS/Amazon litigations and think objections to these references are better dealt with in the context of the actual evidence presented. Accordingly, Kove reverts to its original MIL on excluding any reference to the Kove v. Google case. Please let us know if you agree.

Regards,
Gina

---

**From:** Lisa Phillips <Lisa.Phillips@fischllp.com>
**Sent:** Wednesday, March 6, 2024 12:04 PM
**To:** Savannah Carnes <scarnes@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>; Gina Cremona <gcremona@reichmanjorgensen.com>; RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Subject:** Re: Kove v. AWS: Motions in Limine

**CAUTION: EXTERNAL SENDER**

Counsel,

With the motions in limine due tomorrow, please respond to my requests below before 6:00pm ET. Thank you.

Best,
Lisa

**Lisa Phillips** | **Fisch Sigler LLP** | **Partner**
+1.202.362.3521 (o)
+1.240.988.3448 (m)

---

**From:** Lisa Phillips <Lisa.Phillips@fischllp.com>
**Date:** Tuesday, March 5, 2024 at 8:27 PM
**To:** Savannah Carnes <scarnes@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>, Gina Cremona <gcremona@reichmanjorgensen.com>, RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Subject:** Re: Kove v. AWS: Motions in Limine

Hi Savannah,

Thank you for your email. Can you please explain how AWS's other litigations are relevant to willfulness issues? Also, please advise as to Kove's basis for contending that such litigations provide evidence of willfulness given that Kove's response to interrogatory no. 9 doesn't disclose that contention.

Best,
Lisa

**Lisa Phillips** | **Fisch Sigler LLP** | **Partner**
+1.202.362.3521 (o)
+1.240.988.3448 (m)

---

**From:** Savannah Carnes <scarnes@reichmanjorgensen.com>
**Date:** Tuesday, March 5, 2024 at 6:52 PM

**To:** Lisa Phillips <Lisa.Phillips@fischllp.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>, Gina Cremona <gcremona@reichmanjorgensen.com>, RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Subject:** Re: Kove v. AWS: Motions in Limine

Hi Lisa – thanks for the clarification. Kove agrees to excluding references to any litigation involving either party, except as to allegedly comparable licenses and willfulness. We look forward to AWS's responses to my email yesterday about Kove's MILs.

---

**From:** Lisa Phillips <Lisa.Phillips@fischllp.com>
**Sent:** Tuesday, March 5, 2024 4:05 PM
**To:** Gina Cremona <gcremona@reichmanjorgensen.com>; RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>
**Subject:** Re: Kove v. AWS: Motions in Limine

**CAUTION: EXTERNAL SENDER**

Thank you, Gina. I'm asking if Kove agrees to "References to any Litigation Involving Either Party," which is consistent with the scope of Kove's MIL #11. Specifically, removing the limitation to patent infringement litigations. Please let me know.


Best,

Lisa




**Lisa Phillips** | **Fisch Sigler LLP** | **Partner**

+1.202.362.3521 (o)

+1.240.988.3448 (m)


---

**From:** Gina Cremona <gcremona@reichmanjorgensen.com>
**Date:** Tuesday, March 5, 2024 at 3:54 PM
**To:** Lisa.Phillips@fischllp.com>, Savannah Carnes <scarnes@reichmanjorgensen.com>, RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>
**Subject:** RE: Kove v. AWS: Motions in Limine

Lisa,

For clarification, are you asking if Kove agrees to the following scope: "References to Other Patent Infringement Cases Involving Either Party" or something broader?

Thanks,

Gina

---

**From:** Lisa Phillips <Lisa.Phillips@fischllp.com>
**Sent:** Tuesday, March 5, 2024 12:27 PM
**To:** Savannah Carnes <scarnes@reichmanjorgensen.com>; RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>
**Subject:** Re: Kove v. AWS: Motions in Limine

**CAUTION: EXTERNAL SENDER**

Counsel,

Thank you for providing the additional information relating to the MILs. Can you please let me know whether Kove agrees to AWS MIL #6 with the scope to match Kove's potential MIL #11? Specifically, references to other litigations involving either party.

AWS is looking into the questions regarding Kove's MIL #1 and will follow-up. Thank you.

Best,

Lisa

**Lisa Phillips | Fisch Sigler LLP | Partner**

+1.202.362.3521 (o)

+1.240.988.3448 (m)

---

**From:** Savannah Carnes <scarnes@reichmanjorgensen.com>
**Date:** Monday, March 4, 2024 at 6:11 PM
**To:** Lisa Phillips <Lisa.Phillips@fischllp.com>, RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>
**Subject:** Re: Kove v. AWS: Motions in Limine

Hi Lisa,

Thank you.  As discussed, Kove agrees to AWS MIL #6 (References to Other Patent Infringement Cases Involving Either Party).  We appreciate the additional context provided on AWS MIL #12, but Kove maintains its disagreement.  Kove addresses your remaining questions in the email I sent a few minutes ago.

Best regards,

Savannah

---

**From:** Lisa Phillips <Lisa.Phillips@fischllp.com>
**Sent:** Monday, March 4, 2024 4:59 PM
**To:** RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>
**Subject:** Re: Kove v. AWS: Motions in Limine

**CAUTION: EXTERNAL SENDER**

Counsel,

Thank you for your time on Friday's meet and confer discussing the parties' potential motions *in limine*. I've provided AWS's positions on Kove's potential motions, as well as the additional information relating to them, below.

I've also included AWS's understanding of Kove's positions on AWS's motions, with responses in follow-up to Kove's questions. Please let me know if any of this information is incorrect as that would affect AWS's briefing due on Thursday.

As noted on the call, AWS proposes the parties submit a joint stipulation on what they've agreed is inadmissible at trial either before or at the pretrial conference. *See* the Court's Standing Order, at Motions *in Limine*.

AWS is amenable to a brief follow-up meet and confer after tomorrow morning's video hearing, if it would be helpful to further narrow the issues for briefing. Thank you.

Best,

Lisa

**AWS's Positions on Kove's Potential MILs** (in red)

1. Invalidity grounds limited only to those disclosed in Fifth Amended Contentions, no variations, or permutations and no more than 4 grounds per claim per LPR 3.1(b), including for purposes of "background"

   AWS proposed the mutual narrowing agreement of 12 asserted claims and 3 prior art grounds per claim. AWS also requested specifics on what is referenced by "background" in the proposal as AWS can't agree to it generally.

   Status: Kove to provide specifics of what is referenced by "background" and on whether there's agreement on the narrowing proposal.

2. Invalidity grounds including DNS as prior art are excluded per the Court's SJ order.

   Status: No agreement. AWS's position is as laid out in its February 13 email.

3. Claims not at issue can't be discussed/dropped claims can't be introduced to the jury

   Kove provided the example of "weaponizing" Kove's agreement to limit the number of asserted claims at trial to 12. AWS noted that it may be able to agree to that scope, but asked for specifics on the breadth of the potential MIL since, as written, it's much broader.

   Status: Kove to provide specifics aside from the example provided during the meet and confer and AWS will consider.

4. Evidence and portions of documents that reference litigation funding

   Status: No agreement.

5. AWS/ATI is not allowed to raise that AWS has patents (and number of patents)

AWS asked for an explanation of this request since Kove includes hundreds of AWS/ATI patents on its trial exhibit list and presumably will be discussing them during trial. Kove agreed that it appears there's a "disconnect" here.

Status: Kove to provide an explanation and AWS will consider, but without additional information, no agreement.

6. No arguments regarding Kove's delay in bringing the lawsuit per the Court's SJ order on equitable estoppel/waiver defenses

   Status: No agreement.

7. Dr. Grama testing regarding geographical hierarchies rises and falls with Court's ruling on irrelevant hierarchies

   Status: No agreement.

8. No testimony or arguments contrary to the court's claim construction e.g. ¶¶ 230, 243, 272, 274-276, 293 ("client"); 231, 234 ("location server"); 236-237, 240 ("hash function" and "hash table"); 244-246, 288, 294-295 ("redirect"); 253, 277, 280-282, 288, 303-305, 366 ("set" and "unique set"); 258, 319 ("transfer"); 262 ("identifier"/ "location" pairings); 264-265, 267 ("location"); 268-269 ("location information")

   Status: No agreement.

9. AWS's practicing the prior art defense

   Status: No agreement.

10. Derogatory or pejorative references to Kove as "troll"

    Status: No agreement.

11. Other Kove litigations (i.e. Kove v. Google)

    Status: Agreed as long as Kove agrees to expand the scope of AWS's MIL #6 to all litigations involving either party. Please let us know if Kove agrees.

12. Exclude Greene opinions on inequitable conduct (¶¶ 231, 232)

    Status: No agreement.


**AWS's Understanding of Kove's Positions on AWS's Potential MILs** (in red)

1. No disparaging deposition testimony as lesser than live testimony, e.g., arguing that a witness didn't testify when they did so by deposition.

Kove stated it would likely be able to agree to this potential MIL. In follow-up to Kove's question during the meet and confer, the parties have already agreed to this in the agreed preliminary and final jury instructions. *See* 765-13, at 7 (Agreed Preliminary Instruction 2.1 "During the trial, certain testimony will be presented to you by the reading of deposition testimony and/or deposition video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court"); 765-13, at 40 (Agreed Final Jury Instruction 2.2 (same)).

Status: Please confirm Kove's agreement.

2. Use of words like "stealing," "copying," "pirating," "trespassing," "misappropriating," or "wrong" in relation to infringement.

   Status: No agreement.

3. Disparaging a party as a "monopolist," "bully," "greedy," "corrupt," "dishonest," or "evil."

   Status: Agreed as to "monopolist" and "evil," no agreement as to "bully," "greedy," "corrupt," and "dishonest."

4. References to Discovery Disputes, Sufficiency of a Party's Document Production, or Other Discovery Provided.

   Status: Agreed as to discovery disputes, no agreement as to sufficiency of a party's document production or other discovery provided.

5. References to outcomes of IPR or EPR proceedings and prosecution of non-asserted patents.

   Status: No agreement on outcomes of IPR or EPR proceedings, Kove will update on whether there's agreement on prosecution of non-asserted patents.

6. References to Other Patent Infringement Cases Involving Either Party.

   Status: Agreed as long as Kove agrees to expand the scope to all litigations involving either party to match the scope of Kove's MIL #11. Please let us know if Kove agrees.

7. References to Amazon's or AWS's Size or Wealth or Comparing the Size and Wealth of the Parties, *e.g.* David and Goliath Themed References.

   Status: No agreement.

8. References to Jeff Bezos' Wealth, Interests, or Other Businesses.

   Status: Agreed.

9. References to a Duty to Seek Opinion of Counsel.

   Status: Agreed.

10. Amazon's and AWS's Overall Revenue and AWS's Overall Revenues for the Accused Products.

    Status: Agreed as to Amazon's and AWS's overall revenue, no agreement as to AWS's overall revenues for the accused products. Kove will let AWS know if it agrees on Amazon's and AWS's overall profit.

11. Any Reference to Amazon's Statements About the Litigation in SEC Filings.

Status: Kove will let AWS know, but, believed could agree.

12. Any Argument, Evidence, or Testimony Contrary to the Issues a Party Conceded in Opposition to Summary Judgment

Kove requested a more specific statement of this potential MIL. Along the lines of the proposal during the meet and confer, AWS provides the following:

Neither party will present any argument, evidence, or testimony that contradicts either an affirmative fact or additional fact it relied upon in its summary judgment briefing, or, that it either admitted in full, or the portions that it admitted in part, in its response to a statement of material fact.

Status: Please let me know if Kove agrees.

13. References to Insider Stock Sales or Witnesses' Stock Options.

Status: Agreed as to insider stock sales, no agreement as to witnesses' stock options.

14. Kove References to Secondary Considerations it Didn't Disclose During Discovery.

AWS explained that this MIL would seek an order limiting Kove to presenting only the secondary considerations it relied upon during discovery, i.e. those discussed in Kove's response to AWS's Interrogatory No. 4.

Status: Kove will let AWS know.

15. Unionization of Amazon employees.

Status: Agreed.

**Lisa Phillips** | **Fisch Sigler LLP** | **Partner**

+1.202.362.3521 (o)

+1.240.988.3448 (m)

---

**From:** Gina Cremona <gcremona@reichmanjorgensen.com>
**Date:** Thursday, February 29, 2024 at 5:16 PM
**To:** Lisa Phillips <Lisa.Phillips@fischllp.com>, RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>
**Subject:** RE: Kove v. AWS: Motions in Limine

Hi Lisa,

Please find Kove's list of MIL issues below for discussion tomorrow. We will notify you if any others will be included.

1. Invalidity grounds limited only to those disclosed in Fifth Amended Contentions, no variations, or permutations and no more than 4 grounds per claim per LPR 3.1(b), including for purposes of "background"
2. Invalidity grounds including DNS as prior art are excluded per the Court's SJ order.
3. Claims not at issue can't be discussed/dropped claims can't be introduced to the jury
4. Evidence and portions of documents that reference litigation funding
5. AWS/ATI is not allowed to raise that AWS has patents (and number of patents)
6. No arguments regarding Kove's delay in bringing the lawsuit per the Court's SJ order on equitable estoppel/waiver defenses
7. Dr. Grama testing regarding geographical hierarchies rises and falls with Court's ruling on irrelevant hierarchies
8. No testimony or arguments contrary to the court's claim construction e.g. ¶¶ 230, 243, 272, 274-276, 293 ("client"); 231, 234 ("location server"); 236-237, 240 ("hash function" and "hash table"); 244-246, 288, 294-295 ("redirect"); 253, 277, 280-282, 288, 303-305, 366 ("set" and "unique set"); 258, 319 ("transfer"); 262 ("identifier"/ "location" pairings); 264-265, 267 ("location"); 268-269 ("location information")
9. AWS's practicing the prior art defense
10. Derogatory or pejorative references to Kove as "troll"
11. Other Kove litigations (i.e. Kove v. Google)
12. Exclude Greene opinions on inequitable conduct (¶¶ 231, 232)

Regards,

Gina

---

**From:** Lisa Phillips <Lisa.Phillips@fischllp.com>
**Sent:** Thursday, February 29, 2024 2:00 PM
**To:** RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>
**Subject:** Re: Kove v. AWS: Motions in Limine

CAUTION: EXTERNAL SENDER

Counsel,

I hope that you're all doing well. In preparation for tomorrow's meet and confer, AWS's current list of potential motions *in limine* is below. AWS reserves the right to raise other potential motions *in limine* and, if it does, will confer with Kove about them before filing. Thank you.

1. No disparaging deposition testimony as lesser than live testimony, e.g., arguing that a witness didn't testify when they did so by deposition.
2. Use of words like "stealing," "copying," "pirating," "trespassing," "misappropriating," or "wrong" in relation to infringement.
3. Disparaging a party as a "monopolist," "bully," "greedy," "corrupt," "dishonest," or "evil."
4. References to Discovery Disputes, Sufficiency of a Party's Document Production, or Other Discovery Provided.
5. References to outcomes of IPR or EPR proceedings.
6. References to Other Patent Infringement Cases Involving Either Party.
7. References to Amazon's or AWS's Size or Wealth or Comparing the Size and Wealth of the Parties, *e.g.* David and Goliath Themed References.
8. References to Jeff Bezos' Wealth, Interests, or Other Businesses.
9. References to a Duty to Seek Opinion of Counsel.
10. Amazon's and AWS's Overall Revenue and AWS's Overall Revenues for the Accused Products.
11. Any Reference to Amazon's Statements About the Litigation in SEC Filings.
12. Any Argument, Evidence, or Testimony Contrary to the Issues a Party Conceded in Opposition to Summary Judgment
13. References to Insider Stock Sales or Witnesses' Stock Options.
14. Kove References to Secondary Considerations it Didn't Disclose During Discovery.
15. Unionization of Amazon employees.

Best,

Lisa

**Lisa Phillips** | **Fisch Sigler LLP** | **Partner**

+1.202.362.3521 (o)

+1.240.988.3448 (m)

**From:** Lisa Phillips <Lisa.Phillips@fischllp.com>
**Date:** Wednesday, February 28, 2024 at 3:47 PM
**To:** Gina Cremona <gcremona@reichmanjorgensen.com>, RJ_Kove_AWS
<RJ_Kove_AWS@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>
**Subject:** Re: Kove v. AWS: Motions in Limine

Thanks, Gina. We can use the following information for the call:

██████████████

███████

Thank you.

Best,

Lisa

**Lisa Phillips | Fisch Sigler LLP | Partner**

+1.202.362.3521 (o)

+1.240.988.3448 (m)

---

**From:** Gina Cremona <gcremona@reichmanjorgensen.com>
**Date:** Wednesday, February 28, 2024 at 3:14 PM
**To:** Lisa Phillips <Lisa.Phillips@fischllp.com>, RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>
**Subject:** RE: Kove v. AWS: Motions in Limine

Yes, that works. Thanks.

**From:** Lisa Phillips <Lisa.Phillips@fischllp.com>
**Sent:** Wednesday, February 28, 2024 12:12 PM
**To:** Gina Cremona <gcremona@reichmanjorgensen.com>; RJ_Kove_AWS
<RJ_Kove_AWS@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>
**Subject:** Re: Kove v. AWS: Motions in Limine

**CAUTION: EXTERNAL SENDER**

Hi Gina,

Thank you for your email. We're available Friday at 2:00pm ET/11:00am PT. Please let me know if that works and I can circulate a dial in number for the call. Thank you.

Best,

Lisa

**Lisa Phillips** | **Fisch Sigler LLP** | **Partner**

+1.202.362.3521 (o)

+1.240.988.3448 (m)

---

**From:** Gina Cremona <gcremona@reichmanjorgensen.com>
**Date:** Wednesday, February 28, 2024 at 2:51 PM
**To:** Lisa Phillips <Lisa.Phillips@fischllp.com>, RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>
**Subject:** RE: Kove v. AWS: Motions in Limine

Hi Lisa,

We agree to the proposal. We are available to meet and confer on Friday after 10:30am PT.

Thanks,

Gina

---

**From:** Lisa Phillips <Lisa.Phillips@fischllp.com>
**Sent:** Tuesday, February 27, 2024 3:45 PM
**To:** RJ_Kove_AWS <RJ_Kove_AWS@reichmanjorgensen.com>
**Cc:** Kove Team <FS-Kove@fischllp.com>
**Subject:** Kove v. AWS: Motions in Limine


**CAUTION: EXTERNAL SENDER**


Counsel,


I hope that you're all doing well. Judge Kennelly's Standing Order on the Preparation of the Pretrial Order requires the parties to meet and confer on potential motions *in limine*.


As the motions are due on March 7, AWS proposes that the parties exchange their lists of potential motions *in limine* on Thursday at 5:00pm ET and schedule a meet and confer to discuss them on Friday. That will give ample time for adjustment to briefing before the filing deadline and allow for the preparation of a joint stipulation on any agreed matters before the pretrial conference.


Please let me know if Kove agrees to this proposal. And, if so, what time on Friday your team is available for the meet and confer. Thank you.


Best,

Lisa



**Lisa Phillips | Fisch Sigler LLP | Partner**

+1.202.362.3521 (o)

+1.240.988.3448 (m)


5301 Wisconsin Avenue NW, Fourth Floor

Washington, DC 20015 USA

Biography | Firm Victories | LinkedIn


*NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.*

*NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.*

*NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.*

*NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.*

*NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.*

*NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.*
*NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.*