# Exhibit 7

(Revised 11/2020)

# PREPARATION OF FINAL PRETRIAL ORDER
## for civil cases before Judge Kennelly

The parties shall jointly prepare and submit, on the date set by the Court, a Final Pretrial Order containing the following, absent prior modification by the Court. Non-compliance with any of these requirements will subject a party and/or counsel to the imposition of sanctions.

1. Jurisdiction. A concise statement of the basis for federal subject matter jurisdiction, and if jurisdiction is disputed, the nature and basis of the dispute.

2. Claims. A concise statement (1 or 2 short paragraphs) of the claim(s) of the plaintiff(s), defense(s) of defendant(s), and all counterclaims and cross claims. In a jury trial, this statement will be read to the jury during voir dire.

3. Relief sought. An itemization of damages and other relief sought.

4. Witnesses. A list of names and addresses of all witnesses: (a) who will be called; (b) who may be called; and (c) whose deposition will be used. In a jury trial, this list will be read to the jury during voir dire. Any witness not listed in the final pretrial order will be precluded from testifying absent a showing of good cause, except that each party reserves the right to call such rebuttal witnesses (who are not presently identifiable) as may be necessary.

    a. Objections. A statement of any objections to the calling of any witness, including expert witnesses. Objections not made in the final pretrial order will be deemed waived absent a showing of good cause. If the objection is the subject of a motion in limine, the pretrial order may simply refer to the motion and need not repeat the grounds stated in the motion.

    b. Depositions. For each witness whose deposition will be used, a chart containing the following information: (a) a listing, by page and line, of the testimony that each side seeks to present; (b) a concise statement of objections to any testimony and the basis for the objection; and (c) a concise statement of the asserted basis of admissibility. Objections not made in the final pretrial order will be deemed waived absent a showing of good cause. If the Court will be called upon to rule upon objections, a copy of the deposition (preferably in small-type format) is to be provided with the final pretrial order.

5. Exhibits. A schedule of all exhibits a party may introduce at trial, as well as any demonstrative exhibits or evidence, identified by trial exhibit number, with a brief description of each exhibit. Any exhibit not listed in the final pretrial order will be excluded from evidence absent a showing of good cause.

    a. Objections. A statement of any objections to each exhibit. Objections not made in the final pretrial order will be deemed waived absent a showing of good

cause.

   b. Copies for Court. A bench book of each party's exhibits is to be delivered to the Court at or before the start of trial, unless excused by the Court in advance. Counsel should inquire on this point at the final pretrial conference.

   c. Exhibits to be displayed to jury. Judge Kennelly's courtroom has evidence presentation equipment allowing exhibits (including video and audio files) to be projected and displayed to witnesses, the court, counsel, and the jury. The jurors have individual screens. This equipment will be used as the default method of displaying exhibits to the jury. As a backup, however, each party must have a hard copy of all of its exhibits available, in a format that will make it easy to provide them to the jury for its use during deliberations if necessary.

6. Type and length of trial. A statement of whether the trial will be a bench trial or a jury trial, and a realistic estimate of the length of the trial. A typical trial day before Judge Kennelly will begin at 10:00 a.m. and end at 4:45 p.m., with a break of approximately 60 minutes for lunch.

7. Proposed findings and conclusions. For a bench trial, proposed findings of fact and conclusions of law. Each party shall submit a flash drive with its proposed findings and conclusions, formatted in a current version of Microsoft Word.

8. Proposed voir dire questions. For a jury trial, proposed voir dire questions. Judge Kennelly uses a written questionnaire as the basis for voir dire, samples of which are posted on his web page. The parties should assume that the "general" questions typically used on these samples will be asked and should not duplicate them in the final pretrial order. Rather, the parties should focus their attention on areas of questioning that are specific to the case being tried. If any question proposed by an opposing party is objected to, the objection should be noted in the pretrial order.

9. Proposed jury instructions. For a jury trial, proposed jury instructions are to be included both in the written pretrial order but need not be separately submitted on a flash drive or otherwise. The Seventh Circuit Model Jury Instructions, both criminal and civil, are to be used to the extent they apply. If Illinois law provides the applicable standards for a particular claim, the Illinois Pattern Instructions should be used for the substantive elements of the particular cause of action.

   a. Agreed instructions. The parties are directed to confer and agree upon jury instructions to the extent possible, prior to the submission of the jury instructions to the Court. Agreed proposed instructions should be marked as such and shall be numbered consecutively.

   b. Disputed instructions. Unagreed proposed instructions shall be numbered, shall identify the proponent of the instruction, and shall include supporting authority. Objections to any proposed instructions must be set forth in writing and shall include supporting authority.

### **Items that are not to be submitted as part of the final pretrial order**

The parties need not submit stipulations of uncontested or contested facts or statements of the issues that are in dispute.

Judge Kennelly will not accept trial briefs, unless he has granted a prior motion to file such a brief. Any trial brief that is submitted without prior leave of court will be stricken and will not be considered.

### **Motions in limine**

Any motions in limine must be filed and served no later than fourteen (14) days before the final pretrial conference; any responses must be filed and served no later than seven (7) days before the final pretrial conference. These motions and responses should not be bound with the final pretrial order.

Absent prior leave of court, motions in limine are limited to a total of 15 pages per side, and responses to motions in limine are likewise limited to a total of 15 pages per side. Separate in limine requests and responses may be combined in a single filing.

Judge Kennelly discourages the filing of "boilerplate" motions in limine. Any motion in limine filed by a party must be accompanied by a statement that the party has conferred with the opposing party and has determined that the matter upon which a ruling is sought is actually in dispute – that is, that the opposing party actually intends to offer the evidence that the movant seeks to exclude, or actually opposes admission of the evidence that the movant seeks to include. If the meet-and-confer process results in agreement that certain matters are inadmissible, that agreement may be memorialized in a stipulation to be provided to Judge Kennelly prior to or at the final pretrial conference.

### **Daily / expedited transcript**

Any requests for daily or other expedited transcripts must be made directly to Judge Kennelly's court reporter at least seven (7) days prior to trial.

### **Evidence presentation system**

As indicated above, Judge Kennelly's courtroom has evidence presentation equipment allowing exhibits (including video and audio files) to be projected and displayed to witnesses, the court, counsel, and the jury. The jurors have individual screens. This equipment will be used as the default method of displaying exhibits to the jury. As a backup, however, each party must have a hard copy of all of its exhibits available, in a format that will make it easy to provide them to the jury for its use during deliberations if necessary.

During deliberations, the default method by which the jury will view exhibits that have been admitted in evidence is an electronic evidence presentation system

called the Jury Evidence Recording System (JERS).  Instructions for use of the JERS system may be found at http://www.ilnd.uscourts.gov/courtroomtech/JERS_Attorney_Instructions.pdf.  Trial counsel are expected to familiarize themselves with the JERS instructions and system prior to the final pretrial conference.

### Instructions for compiling the final pretrial order

Plaintiff's counsel has the responsibility to prepare the initial draft of the final pretrial order and must provide a draft to defendant's counsel no later than twenty-one (21) days before the date the final pretrial order is due.  Defendant's counsel must respond in writing to plaintiff's draft by no later than fourteen (14) days before the final pretrial order is due, including any objections, changes, and additions to plaintiff's draft, as well as defendant's portions of the draft pretrial order (e.g., defendant's witness list, exhibit list, and objections to exhibits and deposition testimony listed by plaintiff).  The parties must meet and confer by no later than seven (7) days before the final pretrial order is due to discuss their respective drafts and to reach agreement to the extent possible.  Any non-compliance with these requirements will subject a party and/or its counsel to imposition of sanctions.

Following the meet-and-confer process, it is the responsibility of plaintiff's counsel, with full cooperation from defendant's counsel, to assemble the final pretrial order for filing.  The final pretrial order should be submitted to the Court with a cover document setting forth the case caption and the title FINAL PRETRIAL ORDER.  The cover document must: (a) recite that each of the foregoing categories of materials is included; (b) must state that "This Order will control the course of the trial and may not be amended except by consent of the parties, or by order of the Court to prevent manifest injustice"; and (c) must be signed by counsel for each of the parties.

### Final pretrial conference

A final pretrial conference will be held approximately one to two weeks before trial.  The purpose of this conference will be to avoid surprises and simplify the trial.  At the conference, Judge Kennelly will address pending motions in limine, objections to witnesses and exhibits, and contested jury instructions, and will discuss trial procedures and scheduling.  Lead trial counsel fully prepared and with authority to discuss all aspects of the case must attend.

                                              Matthew F. Kennelly
                                              United States District Judge