IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KOVE IO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18 C 8175 |
| | ) | |
| AMAZON WEB SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER ON PLAINTIFF'S MOTION IN LIMINE 7

Kove's motion in limine 7 asks the Court to bar testimony and argument that Kove contends is contrary to the Court's construction of claim language. It is clear that a party may not contradict a claim construction made by the Court in presenting evidence or argument to the jury. *See, e.g., Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1321 (Fed. Cir. 2009). During the final pretrial conference, the Court ruled on all of motion in limine 7 except for subpart 5.

Subpart 5 concerns the claim term "location." Judge Pallmeyer adopted the parties' agreed-upon construction of "location": "an encoding that is a member of a set of associations with an identifier in a location server, and that specifies where data pertaining to the entity identified by the identifier is stored." Dkt. no. 484 at 11. Kove argues that AWS's expert Dr. Ananth Grama is attempting to add to this a requirement that something cannot be a location (or location data) if the data moves but the location (or location data) stays the same, *see, e.g.*, Pl.'s Mots. In Limine, Ex. 6 (Grama report) ¶ 265, 1st sentence, and that a location must be "all that you need to find exactly the data that you're looking for." *Id.*, Ex. 7 (Grama deposition) at 216; *see also, e.g., id.* at 222,

236-37.  Kove contends that besides imposing additional limitations upon the agreed-upon construction adopted by Judge Pallmeyer, Dr. Grama's position reads preferred embodiments—such as URL-based embodiments—out of the patents.

In response, AWS argues that Kove is trying to blur the distinction between "locations" and "identifers."  A location, AWS says, specifies where data is stored; an identifier is an encoding that identifies an individual entity.  See Dkt. no. 484 at 11.  But the claimed distinction is not really that stark:  as noted above, the definition of "location" that AWS agreed to during claim construction says it is "*an encoding* that is a member of a set of associations with an identifier in a location server, and that specifies where data pertaining to the entity identified by the identifier is stored."  In other words (as AWS concedes, *see* Def.'s Resp. to Pl.'s Mots. In Limine at 17-18), the location and the identifier are *both* used to find data.

Regarding Dr. Grama's testimony that something can't be a location unless it's "all that you need to find exactly the data that you're looking for," AWS has committed that it will not offer any such testimony or argument.  In a brief submission made after the final pretrial conference, AWS has affirmed that "[a]s stated in court, AWS agreed that Dr. Grama won't offer any opinion that a location must be all that you need to find exactly the data that you're looking for."  Dkt. no. 835 at 1.  That's definitive, and it takes that particular aspect of Kove's motion off the table.

In the same submission, however, AWS says it continues to "maintain[ ] that if data moves and the alleged location stays the same, that's relevant evidence of non-infringement and consistent with both the agreed 'location' construction and the embodiments Kove referenced at the hearing."  *Id.*  Put this way, the contention is

2

contrary to—because it imposes an additional limitation upon—the construction adopted by Judge Pallmeyer. And this motion doesn't involve (as AWS suggests) Kove asking for a new or additional claim construction. Rather, Kove is simply asking the Court to hold AWS to the construction of "location" that it agreed to during the claim construction process, which *did not* include the purported additional limitation that AWS seems to want to advocate now. The Court concludes that AWS forfeited any argument for a different or narrower contention when it agreed to the construction that Judge Pallmeyer adopted.

But it's not apparent to the Court that this fully resolves the dispute set out in the briefing on this part of motion in limine 7. The particular opinion by Dr. Grama that AWS wants to advance is that what is called a "Blindex" in AWS's S3 product "does not change even when the location of the associated data on S3 changes, and so is not location data." Pl.'s Mots. In Limine, Ex. 6 ¶ 265, 1st sentence. The problem with this particular opinion, worded thusly, may be one of semantics. By using the word "so" in the quoted passage, Dr. Grama seems to be saying that the Blindex is not location data *because* it does not change when the location of the data changes. Read that way, Dr. Grama (and AWS) would indeed be adding an additional limitation to the construction of "location," which as the Court just noted AWS is not entitled to do.

But the precise point that AWS actually seems to be advancing is that a Blindex is not location data because it does not help identify (or specify) where data is stored. *See* Mar. 21, 2024 Tr. at 98 ("And essentially in S3, a Blindex is like a code name for a data object. *It's not something that tells you where the data for that object is located*.") (emphasis added). If expressed that way, the opinion does not appear to the Court to

3

be contrary to the claim construction or otherwise improper. So long as it is expressed and argued that way (and only that way), AWS may advance this point at trial. And, of course, Kove is entitled to advocate the converse of this point.

Date: March 24, 2024

_____
MATTHEW F. KENNELLY
United States District Judge