IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., *Plaintiff*, v. AMAZON WEB SERVICES, INC., *Defendant*. | Case No. 1:18-cv-8175 ▬▬▬▬▬▬▬▬▬ |

**AWS'S MOTION FOR CLARIFICATION OR RECONSIDERATION OF
PREVIOUS RULING EXCLUDING CERTAIN DR. GRAMA OPINIONS**

Under Federal Rule of Civil Procedure 54(b), a court may revise an interlocutory order "at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." In view of this Court's recent rulings on the *Daubert* motions, AWS respectfully requests that this Court rescind, for purposes of trial and all further proceedings, the portion of the summary judgment order that previously excluded Dr. Grama's "parent-child" opinions in connection with DBB.[1] Specifically, at the March 21, 2024 pretrial conference, this Court denied the portion of Kove's *Daubert* motion expressly relying on the Court's previous DDB ruling to argue for the exclusion of "nearly identical" Dr. Grama opinions about S3.[2] All the reasons that support the Court's denial of that portion of Kove's motion also support allowing Dr. Grama to use "parent-child" or "root-leaf" terminology in the DDB context, as further detailed below. AWS spoke with Kove today about this motion, and Kove opposes.

---

[1] Dkt. 739 at 29. The present motion isn't requesting reconsideration of the denial of summary judgment.

[2] Ex. A (Mar. 21, 2024 Pretrial Conf. Tr.) at 12:22–13:6.

1

## BACKGROUND

On page 29 of the summary judgment order, this Court stated that "AWS says that it put Kove on notice of its theory in its non-infringement contentions, but the citations it includes in this section of its reply brief do not support this."[3] As this Court explained, Amazon cited Ex. 95 (Dkt. 723-14) for the following quote in its operative March 2023 non-infringement contentions: "Kove cannot show how DDB satisfies this element, because it doesn't. DDB is organized as a hierarchical 'tree.'"[4] Although this quote (and similar disclosures) are in the claim charts for both DDB and S3 in AWS's March 2023 non-infringement contentions,[5] the excerpted document AWS mistakenly attached as Ex. 95 didn't include it.[6] And, based on the record at the time, this Court "grant[ed] Kove's motion to exclude Dr. Grama's testimony regarding the alleged 'parent–child' structure among DDB's ▇▇▇▇▇▇▇▇."[7]

In its *Daubert* motion, Kove relied on the DDB ruling on page 29 of the summary judgment order to argue for the exclusion of "nearly identical" Dr. Grama opinions in connection with S3:

> As the Court already found, Grama's rebuttal report unveiled the new theory that the DDB accused product does not infringe because its ▇▇▇▇▇▇▇▇ allegedly have a "parent-child" structure. Dkt. 739, at 29. Grama makes a nearly identical argument for the ▇▇▇▇▇▇▇▇ in the S3 accused product, opining that the ▇▇▇▇▇▇▇▇ that store location information in ▇▇▇▇▇▇▇▇ "are ▇▇▇▇▇▇▇▇ into ▇▇▇▇▇▇▇▇ arrangements," which "are also called ▇▇▇▇▇▇▇▇ relationships[.]" Ex.



---

[3] Dkt. 739 at 29.

[4] *Id.* (n.5). As the Court noted, AWS also cited "'Dkt. 596 at 8,' for the contention that '[it] incorporated this theory into its non-infringement contentions at the first opportunity.'" *Id.* This cited page describes when AWS first served these contentions, and wasn't intended to stand alone or show their content.

[5] Dkt. 748-52 (contentions, Ex. B) at 3 (DDB quote above); *id.* 25, 40–41, 43, 56–57, 65–66, 73–74, 80, 84–86, 94–95, 102, 111 (all providing further explanation of theory and ▇▇▇ structure); Dkt. 748-51 (contentions, Ex. A) at 4 (same quote, but for S3); *id.* at 3, 33–35, 42–43, 49 (further explanation); Dkt. 748-54 (contentions, Ex. D) at 4, 23–24, 43, 46, 61–62, 113–114 (further S3 examples); *see also* Dkt. 748-53, Dkt. 748-55, Dkt. 748-56 (other claim charts with further examples for both DDB and S3).

[6] *See* Dkt. 739 at 29, n.5; *see also* Dkt. 723-14 (Ex. 95, including only cover pleading for non-infringement contentions, and not above-cited claim charts and other exhibits listed on p.4 of this document).

[7] Dkt. 739 at 29.

CC (Grama Report) ¶¶ 357-358.[8]

AWS's response explained that Kove and Dr. Goodrich have repeatedly used the same "parent-child" and "root-leaf" terminology to describe the same relationship and theory disclosed in AWS's contentions.[9] And when ruling on this portion of Kove's *Daubert* motion at the March 21 pretrial conference, this Court agreed. As this Court stated on the record:

> I'm overruling the other arguments that are made by Kove in this motion. The first has to do with parent/child or what's referred to otherwise as root/leaf, L-e-a-f, hierarchy among ▇ in -- ▇ within ▇ in the S3 product. I agree with the defendant that this is just a different way to describe a relationship that was disclosed in the contentions. The argument generally here is that these items were supposedly only in Grama's rebuttal report and not in the final infringement contentions. Anyway, I disagree with that.[10]

## ARGUMENT

In general, a trial court has broad discretion to revisit previous evidentiary rulings, both during trial and at any other time before final judgment.[11] In the Seventh Circuit, whether a court has properly exercised this discretion depends on the particular circumstances in a case.[12] Here, all the reasons that supported the Court's decision on the S3 opinions at the March 21 pretrial conference also support allowing Dr. Grama to use "parent-child" or "root-leaf" terminology in connection with DDB. For example, AWS's *Daubert* response explained that AWS's non-infringement contentions disclosed the theory, for both S3 and DDB, that these products don't infringe because

---

[8] Dkt. 748 at 19.

[9] Dkt. 760 at 18–19.

[10] Ex. A at 12:22–13:6.

[11] *See generally* Fed. R. Civ. P. 54(b); *United States v. Dingwall*, 6 F.4th 744, 761 (7th Cir. 2021).

[12] *See, e.g.*, *Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995) ("A judge may reexamine his earlier ruling … if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefited from it."); *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012) ("[T]he law of the case doctrine is discretionary and does not preclude a district court from reopening a decided issue.").

their components are designed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[13] The "parent-child" and tree metaphors are just common ways of describing the relationship between hierarchical layers, like the generations in a family tree, that Kove and its expert Dr. Goodrich have also repeatedly used to describe the same relationship in the same way.[14] And there's no reason to treat Dr. Grama's opinions using this language to describe hierarchies in DDB differently from the similar opinions on S3, which as Kove acknowledged were "nearly identical."[15]

In addition, this Court knows from its experience with the local patent rules that the purpose of non-infringement contentions is to provide notice. Kove can't, in good faith, dispute that it received the same notice of the same theory for both products. Regardless of what was cited at summary judgment, the operative non-infringement contentions that AWS served in March 2023 included claim charts for both DDB and S3.[16] And the DDB and S3 claim charts both included the quote discussed on page 29 of the summary judgment order, plus other relevant disclosures.[17]

Further, this Court has recognized that "public policy favors decisions being made on the merits."[18] Here, the previous ruling excluding Dr. Grama's "parent-child" opinions on DDB, at least in part, relied on a party clerical error. Holding AWS to a clerical error when denying its motion for summary judgment is one thing. But AWS suffering consequences for the remainder

---

[13] Dkt. 760 at 18–19 (citing S3 charts); *see also*, *e.g.*, Dkt. 748-52 at 3, 25, 40–41, 43, 56–57, 65–66, 73–74, 80, 84–86, 94–95, 102, 111 (example DDB disclosures); note 5, *supra* (more examples for both).

[14] Dkt. 760 at 18–19.

[15] Dkt. 748 at 19.

[16] *See* Dkt. 723-14 at 4 (listing claim charts served with contentions); note 5, *supra* (citing charts).

[17] *E.g.*, Dkt. 748-52 at 3 (DDB); Dkt. 748-51 at 4 (S3); note 5, *supra* (citing other relevant disclosures).

[18] *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 983 (N.D. Ill. 2021) (citing *Innovation Ventures, L.L.C. v. Aspen Fitness Prods.*, No. 11-cv-13537, 2014 WL 1365522, at *3–4 (E.D. Mich. Apr. 7, 2014)).

of the case, when the record shows that Kove received timely notice of the relevant non-infringement theory, is different. And AWS's request to correct the previous DDB ruling here is particularly appropriate because Kove, not AWS, is the party that raised and sought to expand that previous ruling. In other words, AWS understands that a motion for reconsideration isn't just a vehicle for a party to rehash denied arguments. Here, AWS is instead seeking to have the Court's most recent ruling on the "parent-child" opinions applied consistently throughout the case. Doing so is fair to both parties. Indeed, Kove's expert Dr. Goodrich addressed whether ███████ were hierarchical in his expert report on infringement. For example, Dr. Goodrich analyzed the ███████ structure by contrasting them to hierarchical tree structures:

> That is, a first ███████ does not "ask up" to a second ███████ that may be able to respond to the request (or pass along the request to a different level of the hierarchy). This is in contrast to a system like DNS or Oracle, where name servers are arranged hierarchically in a tree structure, and requests may be responded to by a hierarchical traversal of the levels of name servers.[19]

Thus, Kove won't be prejudiced by Dr. Grama's also addressing such "tree," and "parent-child" relationships. And that also will streamline the trial and assist the jury, because the parties' experts will be able to use the same "parent-child" language, in the same way, when analyzing the same non-infringement theory for both accused products.

For all these reasons, AWS respectfully requests that this Court rescind, for purposes of trial and all further proceedings, the portion of the summary judgment order that previously excluded Dr. Grama's DDB "parent-child" opinions (Dkt. 739 at 29).

---

[19] Dkt. 700-54 (Goodrich Rpt., Ex. E) at ¶ 116.

Dated: March 28, 2024  Respectfully Submitted,

*/s/ R. William Sigler*
Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Lisa Phillips (pro hac vice)
*lisa.phillips@fischllp.com*
Brandon P. Evans *(pro hac vice)*
*brandon.evans@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW Suite 400
Washington, DC 20015
202.362.3500

Ken K. Fung (*pro hac vice*)
*ken.fung@fischllp.com*
FISCH SIGLER LLP
400 Concar Drive
San Mateo, CA 94402
650.362.8200

*Attorneys for Amazon Web Services, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 28, 2024, I electronically filed the foregoing under seal with the Clerk of the Court for the United States District Court for the Northern District of Illinois, via the CM/ECF system, and also served a copy on all counsel of record via email.

                                                            */s/ R. William Sigler*
                                                            R. William Sigler