# Exhibit A

```
 1              IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION

 3   KOVE IO, INC.,                    )  Docket No. 18 C 8175
                                       )
 4                    Plaintiff,       )
                                       )
 5        vs.                          )
                                       )
 6   AMAZON WEB SERVICES, INC., et al.,)  Chicago, Illinois
                                       )  March 21, 2024
 7                    Defendants.      )  1:30 o'clock p.m.

 8                  TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE MATTHEW F. KENNELLY
 9

10   APPEARANCES:

11
     For the Plaintiff:   REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
12                        BY:  MR. COURTLAND REICHMAN
                               MS. GINA CREMONA
13                             MR. ADAM ADLER
                               MR. JAIME FRANCISCO CARDENAS-NAVIA
14                             MS. SAVANNAH CARNES
                          100 Marine Parkway, Suite 300
15                        Redwood Shores, CA  94065
                          (650-623-1401
16

17

18

19

20

21

22   Court Reporter:      MS. CAROLYN R. COX, CSR, RPR, CRR, FCRR
                          Official Court Reporter
23                        219 S. Dearborn Street, Suite 2102
                          Chicago, Illinois  60604
24                        (312) 435-5639

25
```

1  judgment arguments that were overruled.
2           Dr. Goodrich's opinion that says that when a --
3  something called an ███████ -- which is short for
4  ███████ -- gets a request for location information, the
5  █ provides it or provides information used to determine which
6  █ has the location information.  That's basically his view.
7  Again, I don't think there's anything about that that's
8  contrary to the claim limitation.
9           The last issue on Goodrich has to do with ███
10 ███.  That's one of the things I need to hear more about.
11 So we're going to come back to that one later.  Let me just
12 put a little Post-it note there.
13          Continuing on through the motion, the last thing --
14 and this I think is the thing that was withdrawn.  It's what's
15 referred to as the Goodrich hash table Doctrine of Equivalents
16 opinion.  I think that's the thing that got withdrawn.  Is
17 that right?
18          UNIDENTIFIED SPEAKER:  That's correct.
19          THE COURT:  Okay.  That one I'm just not going to
20 deal with.
21          So that's everything in the defendant's Daubert
22 motion other than the one thing we got to talk about.
23          So I'm going to turn over to the plaintiff's motion.
24 Spoliation, which was the first issue there, is one of the
25 things we have to talk about.  So I'm going to start with the

1  Daubert issues and just give me a second here to get my notes
2  reorganized.
3      Yeah, so there's a few of these that we have to talk
4  about. I'm going to rule on the ones that we -- that I don't
5  think we do have to talk about.
6      So the first set of issues have to do with experts
7  named Bennis, B-E-N-N-I-S, and Grama, I don't know if that's
8  how it's pronounced, G-R-A-M-A. The first is license
9  comparisons that were done by Bennis who's a defense I think
10 damages expert. I think his opinion regarding the
11 comparability of these particular licenses is sufficiently
12 explained. The issues that are raised are matters for
13 cross-examination, not a basis for exclusion.
14     The second issue has to do with what's referred to as
15 technical comparability. This has to do with the expert named
16 Grama. How is that pronounced anyway?
17     MR. SIGLER: It's Grama.
18     THE COURT: Grama. Thanks.
19     Basically the argument is that the opinion is at too
20 general a level of comparison and it's too conclusory. I
21 disagree with that. The degree of similarity is disputed in
22 terms of the comparability, but again I think that's a matter
23 for cross-examination.
24     The next issue has to do with the damages expert
25 Bennis regarding transactions referred to as the e-Connetix,

1    E-C-O-N-N-E-T-I-X, I think, transactions.  The argument is
2    that there's not any analysis or a sufficient analysis of
3    comparability.
4           I agree with the defense argument that this testimony
5    is relevant under Georgia-Pacific Factor 1 having to do with
6    history of the patents regarding the hypothetical negotiation
7    analysis, and the degree of contextual differences are a
8    matter of cross-examination, not exclusion.
9           The last point under this particular heading is an
10   argument that non-infringing -- that non-infringing
11   alternatives are discussed that were not disclosed in
12   interrogatory responses, and I think this pertains to both
13   Bennis and Grama.  I think the defendant has sufficiently
14   shown that it is not citing these items as non-infringing
15   alternatives but rather for other purposes.  So I disagree
16   with that argument.  And by Kove as well.
17          The next set of opinions or the next set of issues
18   has to do with non-infringement opinions.  Give me a second
19   here.  There's one of these we need to hear argument on.
20   That's the one involving naming convention hierarchy.  So I'm
21   going to bypass that.
22          I'm overruling the other arguments that are made by
23   Kove in this motion.  The first has to do with parent/child or
24   what's referred to otherwise as root/leaf, L-e-a-f, hierarchy
25   among ▓▓▓ in -- ▓▓▓ within ▓▓▓▓▓ in the S3

1  product.  I agree with the defendant that this is just a
2  different way to describe a relationship that was disclosed in
3  the contentions.  The argument generally here is that these
4  items were supposedly only in Grama's rebuttal report and not
5  in the final infringement contentions.  Anyway, I disagree
6  with that.
7         The second issue is naming convention hierarchy.
8  We're going to come back to that.
9         The third issue is what's referred to as the theory
10 that -- theory regarding the ▮▮▮▮▮ being too full.  I
11 think the defendant's caching theory is sufficiently disclosed
12 in the contentions.  Here, it's just explained more in the
13 report.  I don't think that's a problem.
14        The last issue is referred to what's called -- it's
15 referred to as ▮▮▮▮▮, quote/unquote, as not being a,
16 quote/unquote, identifier in the DDB product.  Again, I think
17 that's sufficiently disclosed in the contentions on
18 non-infringement.  And this is just more detail on previously
19 disclosed theories.
20        Okay.  So the next issue has to do with -- next
21 general categorization has to do with practicing the prior
22 art.  That's one we got to come back to.  So we're skipping
23 over that one.
24        The next one has to do with what are argued to be
25 immaterial, quote/unquote, hierarchy opinions.  We're going to

```
 1  information -- this is the specific types of information --
 2  not categories -- specific types of information aside from
 3  source code that we think is going to come in at the trial
 4  that we think requires you to exclude people from the
 5  courtroom so that counsel can react to it and I can make a
 6  decision about it.  So try to get that in by like, let's say,
 7  next Wednesday or something.
 8           MR. FISCH:  No worries, your Honor.  You've seen a
 9  preview of that in some of the sealings that have occurred
10  already.
11           MR. REICHMAN:  Of course, that's a different
12  standard.  The sealing --
13           THE COURT:  I get that there's a different standard.
14  I get it.  Okay.  So get me something by next Wednesday.
15           MR. FISCH:  That concludes my questions, your Honor.
16  Thank you very much.  I appreciate it.
17           THE COURT:  Anybody got anything else?
18           MR. REICHMAN:  That's it, your Honor.  Thank you.
19           THE COURT:  Off the record.
20    (Which were all the proceedings had in the above-entitled
21  cause on the day and date aforesaid.)
22     I certify that the foregoing is a correct transcript from
    the record of proceedings in the above-entitled matter.
23
    /s/ Carolyn R. Cox, CSR, RPR, F/CRR        March 22, 2024
24  Official Court Reporter
    United States District Court
25  Northern District of Illinois
    Eastern Division
```