IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18 C 8175 |
| AMAZON WEB SERVICES, INC., | ) ) ) |
| Defendant. | ) |

### ORDER DENYING DEFENDANT'S "MOTION FOR CLARIFICATION OR RECONSIDERATION" (DKT. 843)

Defendant AWS has filed a motion entitled "motion for clarification or reconsideration of previous ruling excluding certain Dr. Grama opinions" (dkt. no. 843). Despite the title, however, the motion does not seek clarification of anything. Rather it seeks reconsideration of the Court's ruling in its February 6, 2024 summary judgment decision excluding a particular opinion of AWS's expert Dr. Ananth Grama.

In the February 6 summary judgment ruling, the Court referenced an opinion by Dr. Grama in his rebuttal report to the effect that AWS's DDB product employs a hierarchical structure based on the product's source code, "which he contends demonstrates a 'parent-child structure' within CCN's MNs" (metadata nodes). Summ. Judg. Op. at 28. In the course of summary judgment briefing, Kove moved to exclude "the portions of Grama's report that explain this 'parent-child' relationship (paragraphs 336-337) on the ground that AWS failed to disclose this theory or its allegedly supporting source code in its noninfringement contentions." *Id.* at 28-29. In response, "AWS [said] that it put Kove on notice of its theory in its non-infringement contentions . . . ." *Id.* at 29. The Court found, however, that "the citations [AWS] includes in this

section of its reply brief do not support this" contention." *Id.* The Court explained this more fully in a footnote. *Id.* at 29 n. 5. For this and other reasons, the Court "grant[ed] Kove's motion to exclude Dr. Grama's testimony regarding the alleged 'parent-child' structure among DDB's Metadata Nodes." *Id.* at 29. This is the ruling on which AWS now seeks reconsideration.

AWS contends that a later ruling by the Court denying Kove's motion seeking to exclude, among other things, a similar opinion by Dr. Grama relating to AWS's S3 product is inconsistent with the ruling regarding Dr. Grama's referenced DDB opinion. The Court orally overruled that aspect of Kove's motion at the final pretrial conference, stating that it "disagree[d]" with AWS's contention that this was disclosed only in Dr. Grama's rebuttal report and not in the final infringement contentions.

There is an arguable inconsistency, but it is completely attributable to AWS, as it concedes. As the Court explained in the referenced part of its summary judgment ruling, AWS *failed to support* in the summary judgment briefing its argument that its final infringement contentions had effectively disclosed the theory in question with regard to the DDB product. AWS's motion refers to this as a "party clerical error." *See* Mot. for Reconsid. at 4. That's a euphemism for a forfeiture. Specifically, AWS concedes the accuracy of the Court's finding on summary judgment that AWS had not provided support for its argument that the theory relating to DDB was disclosed in its infringement contentions. Specifically, it agrees that the document that AWS included as its supporting exhibit did not include the pertinent material. *Id.* at 2.

AWS's error may be unfortunate from its perspective, but it precludes the motion for reconsideration. The purpose of a *proper* request for reconsideration is to correct

2

manifest errors *by the Court* or to present *newly discovered* evidence. *See, e.g., Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). It does not "provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence . . . that could or should have" been presented earlier. *Popovits v. Circuit City Stores*, 185 F.3d 726, 730 (7th Cir. 1999). The Court also notes that AWS could have sought to correct the error during summary judgment briefing, or shortly after the Court's February 6 ruling. But instead it waited until Thursday, March 28, virtually the eve of trial, to call its error to the Court's attention. Finally, beside the fact that AWS's motion is procedurally inappropriate, at this point changing course would unfairly prejudice Kove, which has prepared for trial (which starts on April 1) in reliance on the February 6 ruling.

For these reasons, the Court denies AWS's "motion for clarification or reconsideration" [dkt. 843, 848]. Dr. Grama's referenced opinion regarding DDB remains excluded. The Court also notes that its Order Regarding Trial Time Limits states that "[t]ime spent arguing evidentiary or other in limine matters not determined prior to the start of the trial, including the Court's review of written submissions on such matters, . . . will count against a side's allocation." Dkt. 741 at 2. The Court allocates one-half hour of trial time to AWS for the Court's consideration of the motion for reconsideration—which the Court can safely say is a good deal less than the time it actually spent.

Date: March 31, 2024

_____
MATTHEW F. KENNELLY
United States District Judge

3