**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1**
**Eastern Division**

Kove IO, Inc.
                    Plaintiff,

v.                                        Case No.: 1:18−cv−08175
                                        Honorable Matthew F. Kennelly

Amazon Web Services, Inc.
                    Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Sunday, March 31, 2024:

      MINUTE entry before the Honorable Matthew F. Kennelly: The parties have submitted competing proposals for when and under what circumstances the Court should seal the courtroom during the upcoming jury trial (i.e., require non−participants to leave, and seal the transcript). The discussion of this point has largely taken place by e−mail to the Court. Given the important First Amendment interests implicated by a proposal to seal the proceedings, this is no longer appropriate. Any further proposals must be filed on the docket. AWS's current proposal is to seal the courtroom during the presentation of exhibits and testimony regarding: (1) AWS's source code and "sensitive public technical details of the accused products"; that could provide information on how to access them and how they operate; (2) "third party confidential information that AWS has contractual obligations to protect from public disclosure," in particular information regarding licenses and other agreements offered with respect to damages; and (3) "highly sensitive financial information" that Amazon and AWS do not publicly disclose, including revenues and profits for the accused products. Kove's proposal is far narrower and includes only part of category (1) just listed: "the public would not be barred from the courtroom," but any monitors showing source code [would] be turned away from the public." At this point, the Court is not persuaded to adopt any sealing measures beyond those proposed by Kove. The Court has the ability to project exhibits only for counsel and jurors, and if told that a particular exhibit containing source code should not be displayed to the courtroom the Court can easily accomplish this. As for testimony regarding source code, it's not particularly likely that witnesses will be quoting code, and if one does and the Court is advised before it happens, the Court believes there will be a sufficient basis to exclude the public and seal the transcript for that particular testimony. Beyond this, however, AWS has not made the case that the other information it cites meets the threshold needed to overcome the presumption that trials are open to the public. *See generally Jessup v. Luther*, 277 F.3d 926, 927 (7th Cir. 2002); *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th CIr. 2009); *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002). The Court will proceed in accordance with this order unless persuaded by a further filed submission by AWS that additional restrictions on public viewing of the trial are appropriate. (mk)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.