IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> AMAZON WEB SERVICES, INC., <br><br> *Defendant*. | Case No. 1:18-cv-8175 |

**RESPONSE TO KOVE'S NOTICE OF FINAL CLAIM CONSTRUCTIONS
FOR JURY NOTEBOOK AND FINAL JURY INSTRUCTIONS**

AWS's proposal for the table of constructions in the jury notebook follows the Court's constructions and describes "non-hierarchical" using the same "[a]ny given server…" language as Kove.[1] Kove's sole disagreement seems to be with AWS's placement of the non-hierarchical language in the "plurality of location servers" construction in the table, where the word "non-hierarchical" appears. But AWS's proposed formatting matches the formatting of the disputed final jury instructions that this Court previously considered at the March 21 pretrial conference.[2] And Kove's new proposal—i.e., a separate entry for "non-hierarchical" in the "term" column of the table—doesn't accurately reflect that the Court rendered its definition of "non-hierarchical" when construing "plurality of location servers."[3] Kove's proposal thus would be confusing to the jury,

---

[1] *See* Dkt. 852 at 3 (AWS's "plurality" proposal is at the top of the cited page, and would replace Kove's two entries for "plurality…" and "non-hierarchical" in the attached table (Dkt. 852-2)).

[2] Dkt. 852-3 at 80–81 (agreeing with AWS's point that "non-hierarchical" should be described to the jury, but not with certain language (e.g., know) that AWS had included in the disputed proposed final instructions, but which AWS omitted from its current proposal for the jury notebook).

[3] Dkt. 739 at 18–19.

1

because "non-hierarchical" isn't a claim term and doesn't appear in any of the asserted claims (unlike all other "terms" in the table). Accordingly, AWS isn't seeking further claim construction (as Kove suggests), and respectfully requests that the table of constructions in the jury notebook not include a separate "term" for "non-hierarchical."

Further, AWS notes that Kove filed the present notice without responding to AWS's most recent email on this issue, and without ever explaining the nature of its objection to including the non-hierarchical language in the "plurality" construction. And separate from the "non-hierarchical" issue, Kove's proposed table added the following new "preamble" construction: "For claim 17 of the '978 Patent: Preamble after 'having' limits the claim."[4] The parties hadn't finished discussing this "preamble" construction, which Kove unilaterally revised to identify claim 17 just this morning. AWS requested further explanation before Kove filed its notice, but Kove didn't respond. AWS is willing to confer with Kove regarding the new preamble term, but is unable to take a position without some explanation from Kove for its addition and revision of this term.

---

[4] Dkt. 852-2 at 2.

Dated: March 31, 2024   Respectfully Submitted,

*/s/ R. William Sigler*
Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (pro hac vice)
*jeffrey.saltman@fischllp.com*
Lisa Phillips (pro hac vice)
*lisa.phillips@fischllp.com*
Brandon P. Evans *(pro hac vice)*
*brandon.evans@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW Suite 400
Washington, DC 20015
202.362.3500

Ken K. Fung (*pro hac vice*)
*ken.fung@fischllp.com*
FISCH SIGLER LLP
400 Concar Drive
San Mateo, CA 94402
650.362.8200

*Attorneys for Amazon Web Services, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 31, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois, via the CM/ECF system, thereby notifying all counsel of record via email.

                                                               */s/ R. William Sigler*  
                                                               R. William Sigler