


**FILED**
4/10/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KOVE IO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18 C 8175 |
| | ) | |
| AMAZON WEB SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

<u>**INSTRUCTIONS TO THE JURY**</u>

Date:  April 10, 2024

**Duties of the jury**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow bias, public opinion, sympathy, or prejudice to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.  In addition, during the trial, I may have asked witnesses questions myself.  Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

**The evidence**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and the stipulations.  A stipulation is an agreement between both sides that certain facts are true.

**What is not evidence**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Fifth, demonstratives, slides, and drawings used during testimony are not to be considered as evidence but only as an aid in understanding the evidence.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Evaluating witness testimony**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- The ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- The witness's memory;

- Any interest, bias, or prejudice the witness may have;

- The witness's intelligence;

- The manner of the witness while testifying;

- And the reasonableness of the witness's testimony in light of all the evidence in the case.

During the trial, certain testimony was presented to you by deposition video and/or the reading of depositions. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

4

**Opinion witnesses**

You have heard witnesses give opinions about matters requiring special knowledge or skill.  You should judge this testimony in the same way that you judge the testimony of any other witness.  The fact that such person has given an opinion does not mean that you are required to accept it.  Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

**Considering the evidence**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we sometimes look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**Direct evidence and circumstantial evidence**

You may have heard the phrases "direct evidence" and "circumstantial evidence."  Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.  Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, *direct evidence* that it is raining would be testimony from a witness who says, "I was outside a minute ago and I saw it raining."   An example of *circumstantial evidence* that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including any circumstantial evidence.

**The patent system**

At the beginning of the trial, I gave you some general information about patents and the patent system and a brief overview of the patent laws relevant to this case.  I will now give you more detailed instructions about those aspects of patent law that specifically relate to this case.

**The parts of a patent**

You have been provided with a copy of the patents involved in this case. Please look at one of those—the '640 Patent—as I identify its different sections. Other patents are also involved in this case. I am using this particular patent as an example to describe the various parts of a patent.

The first page of the '640 Patent provides identifying information, including the date the patent issued and patent number along the top; the name of the inventor, the filing date; the assignee, which is the company or individual that owned the patent on the date it was issued; and a list of documents considered in the Patent Office during the time the patent was being sought.

The next part of the patent, which is sometimes referred to as the specification, begins with a brief statement about the subject matter of the invention, which is called an abstract. This is found on the first page.

Next are the drawings, which appear as Figures 1 to 13 on pages 3 to 14. The drawings depict various aspects or features of the invention. They are described in words later in the patent.

A description of the invention appears next. In this portion of the patent, each page is divided into two columns, which are numbered at the top of the page. The lines on each page are also numbered. A description of the '640 Patent begins at column 1, line 1, and continues to column 20, line 46. It includes a background section, a summary of the invention, and a detailed description of the invention, including some specific examples.

The description of the invention is followed by one or more numbered

9

paragraphs, which are called the claims.

**The patent claims**

The claims of a patent are the numbered paragraphs at the end of the patent. The claims describe what the patent owner may prevent others from doing.

Claims are usually divided into parts or steps, called "limitations" or "requirements." For example, a claim that covers the invention of a table may describe the tabletop, four legs and glue that holds the legs and the tabletop together. The tabletop, legs and glue are each a separate limitation or requirement of the claim.

In this case, we are concerned with claim 18 of the '640 Patent; claims 1 and 2 of the '170 Patent; and claims 10, 17, and 30 of the '978 Patent. Kove contends that AWS infringed these claims. AWS denies this.

To decide whether AWS infringed a particular claim of a particular patent, you must compare the patent claim to the accused product. It is not appropriate to compare the specification section of the patent to the accused product. In reaching your determination with respect to infringement, you must consider each claim of each patent separately.

**Independent claims and dependent claims**

There are two types of patent claims, independent claims and dependent claims. An independent claim stands on its own and does not refer to any other claim of the patent. A dependent claim refers to at least one other claim in the patent. A dependent claim includes each of the requirements of the other claims to which it refers, as well as the requirements in the dependent claim itself, even though it does not repeat those requirements of the other claims.

Earlier I described a hypothetical patent claim for a table that described the tabletop, four legs, and glue to hold the legs and tabletop together. That is an example of an independent claim, which I will call claim 1. In that same hypothetical patent, a dependent claim, which I will call claim 2, might state, "the table of claim 1, where the tabletop is square." In this situation, in order to infringe dependent claim 2, it would not be enough for Kove to prove that AWS made a table with a square tabletop – Kove would also have to prove that, as stated in claim 1, the table has four legs and glue to hold the legs and tabletop together.

### Use of the term "comprising" in a patent claim

When a patent claim uses the term "comprising," it means that the invention includes the listed requirements, but is not limited to those requirements.

If you find, for example, that the accused products include all of the elements of a particular claim, the fact that the accused products might include additional elements would not avoid infringement of the claim.

**Infringement; interpretation of the patent claims**

The owner of a patent has the right to prevent others from making, using, offering for sale, selling, and importing the invention covered by the patent. A product or process infringes a patent if that product or process is covered by at least one claim of the patent.

I will tell you the meaning of any disputed terminology in the patent claims. You must use the meanings I give you when you decide whether the patent is infringed.

**interpretations of patent claim terms**

I have provided you with a copy of the Kove Patents. I have defined certain words and phrases in some of the claims. You must use these definitions in making your decision. The words and phrases I have defined are as follows:

| Claim | Claim Term | Court's Construction |
|---|---|---|
| '978 Patent: claims 10, 17, 30<br><br>'170 Patent: claims 1 and 2<br><br>'640 Patent: claim 18 | "location" | "an encoding that is a member of a set of associations with an identifier in a location server, and that specifies where data pertaining to the entity identified by the identifier is stored." There is no requirement that the "location" have all the information necessary to find and retrieve the requested data. There is also no requirement that the "location" must change when the servers storing the data change. |

| | | |
|---|---|---|
| '978 Patent: claims 10 and 17, and 30<br><br>'170 Patent: claims 1 and 2<br><br>'640 Patent: claim 18 | "location information" | For the '978 Patent: "one or more identifiers and their associated locations"<br><br>For the '170 and '640 Patents: "information pertaining to one or more locations of data and/or the identities of one or more location servers" |
| '978 Patent: claims 10, 17, 30<br><br>'170 Patent: claims 1 and 2<br><br>'640 Patent: claim 18 | "location server" | "a network-attached component that maintains a set of identifier/location mappings that are modified or returned in response to location request messages from clients" |

| | | |
|---|---|---|
| '978 patent: claims 10, 17, 30<br><br>'170 patent: claims 1 and 2<br><br>'640 patent: claim 18 | "plurality of location servers" /<br><br>"plurality of data location servers" | "location servers in non-hierarchical structures"<br><br>"non-hierarchical" means "any given server is able to return either the requested information or information useable by the client to locate the server with the requested information" |
| '978 Patent: claims 10, 17, 30<br><br>'170 Patent: claims 1 and 2<br><br>'640 Patent: claim 18 | "identifier" / "identifier string" /<br><br>"identification string" | "a unique encoding that identifies an individual entity, and with which zero or more location strings are associated in a location server" |
| '978 Patent: claim 17 | For claim 17 of the '978 patent: | Preamble after "having" limits the claim. |
| '640 Patent: claim 18 | "client" | "a network-attached component (which may be software or hardware) that initiates update or lookup of identifier/location mappings from a location server with location request messages" |

17

| | | |
|---|---|---|
| '170 Patent: claims 1 and 2 | "based on a hash function used to organize the data location information across the plurality of data location servers, . . . based on the hash function applied to the identifier string" | "the portion of the data location information included in a corresponding one of the data location servers is based on a hash function that maps identifier strings to one or more of the data location servers, and each one of the data location servers is configured to determine the at least one of the plurality of data location servers based on the hash function applied to the identifier string" |
| '170 Patent: claim 2 | "hash table" | "a data structure that stores values in a table, where values are stored and retrieved by applying a hash function to an input and using the function result as an index into the table" |

**Definition of "preponderance of the evidence"**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:  When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**"Person of ordinary skill"**

The person of ordinary skill in the art of distributed database storage technology in the 1999/2000 timeframe would have had a Bachelor's degree in Computer Science (or a similar field), and at least two years of industry experience working with database management software systems. Alternatively, a person of ordinary skill in the art would have had a Master's degree or similar post-graduate studies in computer science or a related field, including database management software systems with fewer years of experience.

**Determining direct infringement**

Kove contends that AWS's S3 infringes claims 1 and 2 of the '170 patent and claims 17 and 30 of the '978 patent. Kove contends that AWS's DynamoDB infringes claims 1 and 2 of the '170 patent, claim 18 of the '640 patent, and claims 10, 17, and 30 of the '978 patent.

To succeed on its claim of infringement, Kove must prove both of the following propositions by a preponderance of the evidence as to the particular patent claim and the particular product that you are considering:

1.      Every requirement in the claim that you are considering is found in AWS's product.

2.      AWS made, used, sold, or offered for sale the product in or into the United States.

A requirement of a claim is found in AWS's product if the requirement is in the product exactly as it is in the claim.

**Direct infringement – infringement of dependent claims**

To determine whether a dependent patent claim has been infringed, you must compare AWS's product to both the dependent claim and the claim to which it refers. For example, if claim 2 is dependent from claim 1, claim 2 may say, "2. The product according to claim 1, wherein . . . ."  In this situation, dependent claim 2 cannot be "literally" infringed unless claim 1 is also infringed.  For this reason, in the example, you would have to compare AWS's product to all the requirements of both claims 1 and 2 when deciding infringement of claim 2.

**Determining infringement**

As I stated in a previous instruction, infringement occurs if each requirement of a particular claim of the patent is found in the particular AWS product you are considering.

You have heard evidence about both Kove's products and AWS's accused products. However, in deciding the issue of infringement you may not compare AWS's accused products to Kove's products. Rather, you must compare the AWS's accused products to the claims of the Kove Patents.

You must decide whether there is infringement separately for each patent claim and for each AWS product you are considering. There is one exception to this rule. If you decide that an independent claim is not infringed, then there cannot be infringement of any dependent claim that refers directly or indirectly to that independent claim.

In determining direct infringement, it does not matter whether AWS knew its product infringed or knew of the Kove Patents.

**Additional instruction regarding infringement**

You have heard testimony and arguments: (1) regarding AWS's security features, and (2) describing Kove's patent as a one-key system and describing AWS's S3 and DynamoDB as two-key and three-key systems. AWS has offered this testimony to explain how its products work and why it developed those products the way it did. However, this testimony and these arguments are not to be considered in determining whether AWS's accused products infringe Kove's patents. In other words, you are not to consider the presence or absence of security features in deciding whether Kove has proven that every requirement in a particular claim of one of its patents is found in one or both of AWS's accused products. In addition, you are not to consider a "one-key system" as being a requirement of Kove's patents.

**Willful infringement**

Kove contends that AWS willfully infringed the Kove Patents. You are to consider the issue of willful infringement only if you have found that AWS infringed one or more claims of one or more of the Kove Patents. Not all infringement is willful.

To establish willful infringement, Kove must prove by a preponderance of the evidence that AWS knew that it was infringing the patent or that AWS acted in reckless disregard of Kove's rights. AWS acted in reckless disregard of Kove's rights if there was a risk of infringement that was so obvious that it should have been known to AWS.

In making this determination, you should consider all of the evidence. You should consider what AWS knew at the time that it performed the acts that are accused as infringing.

**Validity of patents is not in dispute**

AWS is not challenging the validity of Kove's patents. Therefore, the validity of the patents is not an issue for you to consider.

**Damages – general**

If you find that AWS infringed any valid claim of the Kove Patents, you must then determine the amount of damages to award to Kove.  If you do not find that AWS infringed any valid claim of the Kove Patents, you should not consider the question of damages.

I will now instruct you about the measure of damages.  By instructing you on damages, I am not suggesting which party should win on any issue.

If you find that AWS infringed any valid claim of the patents, you are to award Kove damages adequate to compensate Kove for that infringement, which must be no less than a reasonable royalty.  The damages you award are intended to compensate Kove, not to punish AWS.

Kove must prove damages by a preponderance of the evidence.

**Damages – starting and ending dates**

In determining the amount of damages, you must determine when the damages began and ended. In this case, damages, if any, began on December 12, 2012 for the '640, '170, and '978 Patents. Damages end on the date the last of the Kove Patents expired, September 25, 2020.

**Determining a reasonable royalty**

Kove seeks to recover a reasonable royalty.

A royalty is a payment made to the owner of a patent by another person or entity so that it can make, use, sell, offer for sale, or import the patented invention. A "reasonable royalty" is the amount Kove and AWS would have agreed upon as a royalty to be paid to Kove at the time AWS's infringement began.

In determining a reasonable royalty, you should assume that Kove would have been willing to allow AWS to make, use, sell, offer for sale, or import the patented invention and that AWS would have been willing to pay Kove to do so. You should take into account what Kove's and AWS's expectations would have been if they had negotiated a royalty and had acted reasonably in their negotiations. In taking into account such expectations, you should assume that both Kove and AWS would have believed that Kove's patent was valid and infringed. You should also assume that AWS would have been willing to pay, and Kove would have been willing to accept, the reasonable royalty they negotiated.

This is not an exact science. The evidence may support more than one reliable method for estimating a reasonable royalty. Your role is to determine what reasonable royalty Kove and AWS would have agreed upon if they had negotiated in this manner, not just what either Kove or AWS would have preferred.

In determining a reasonable royalty, you may consider the following factors, in addition to any others that are shown by the evidence:

1.     Royalties that others paid to Kove for the patented invention, proving or tending to prove an established royalty;

2.      Royalties that AWS paid to others for comparable patents;

3.      The nature and scope of the license, as exclusive or non-exclusive, or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold;

4.      Whether Kove had a policy of licensing or not licensing the patents;

5.      Whether Kove and AWS are competitors;

6.      Whether use of the patented invention helps to make sales of other products or services;

7.      The duration of the patent and the term of the license;

8.      Whether the patented invention is commercially successful, as well as its profitability and popularity;

9.      The advantages of using the patented invention over products not covered by the patent;

10.     The nature of the patented invention; the character of the commercial embodiment of it as owned and produced by Kove; and the benefits to those that have used the invention;

11.     The extent of AWS's use of the patented invention and the value of that use to AWS;

12.     The portion of the profit or selling price that are customary in AWS's or comparable businesses for use of similar or analogous patented inventions;

13.     The portion of the profit on sales that is due to the patented invention, as opposed to other factors, such as unpatented elements or processes, features, or improvements developed by AWS;

14.     Expert opinions regarding what would be a reasonable royalty.

No one of these factors is dispositive, and you can and should consider the evidence that has been presented to you on any of these factors.  You may also consider any other factors that in your mind would have increased or decreased the royalty AWS would have been willing to pay and Kove would have been willing to accept.

Kove is required to prove the amount of a reasonable royalty to a reasonable probability and may not recover amounts that are speculative.  However, mathematical certainty is not required.

**Deliberations by the jury**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A form of verdict has been prepared for you.

[Read the verdict form.]

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the form.

**Communication with the Court during deliberations**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the court security officer, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

**Reaching a verdict**

The verdicts must represent the considered judgment of each juror.  Your verdicts must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.  You are impartial judges of the facts.