# Exhibit 8

HIGHLY CONFIDENTIAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Amazon Web Services, Inc., <br><br> Defendant. | Civil Action No. 1:18-cv-08175 <br><br> Judge Rebecca R. Pallmeyer <br><br> Jury Trial Demanded |

**KOVE'S FIRST NOTICE OF DEPOSITION OF AMAZON**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Kove IO, Inc. ("Kove" or "Plaintiff"), through its counsel, will take the deposition of Amazon Web Services, Inc. ("Amazon" or "Defendant") regarding the subject matters set forth in the topics ("Topics") below, which shall be interpreted in accordance with the following instructions and definitions.

The deposition will take place on January 3, 2020, or at a mutually agreeable time and location, and continue from day to day, until completed. The deposition will occur before a notary public, court reporter, or any other person qualified to administer oaths, will be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Illinois ("Local Rules"), and may be recorded by stenographic, sound, video, audiovisual, and/or any other such appropriate means.

The deposition will be taken for the purpose of discovery, for use at trial or any hearing in this matter, and for any other purpose permitted by the Federal Rules of Civil Procedure. Amazon shall identify one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf for each Topic. The persons designated must testify about

1

Plaintiffs' Exhibit
**PTX-0531**
Case No.: 1:18−cv−08175 (MFK)

Exhibit
1
_____
19th Apr 2023

PTX-0531_0001

HIGHLY CONFIDENTIAL

information known or reasonably available to Amazon. To the extent each individual will rely on documents or information not yet produced in this litigation, Amazon shall produce those documents or information as soon as possible and no less than five (5) days before the deposition is scheduled to take place.

## DEFINITIONS

The following Interrogatories are to be answered with reference to the definitions set forth below, each of which shall be deemed to be a material part of each Interrogatory.

1. "Amazon," "Defendant," "You," and "Your" mean Amazon Web Services, Inc. and any of its corporate parents, subsidiaries, divisions, or departments, and any of its present or former officers, directors, employees, members, representatives, or any others acting on its behalf.

2. "Kove" and "Plaintiff" mean Kove IO, Inc., as well as any of its corporate parents, subsidiaries, divisions, or departments, and any of its present or former officers, directors, employees, members, representatives, or any others acting on its behalf.

3. "'170 Patent" means U.S. Patent No. 7,814,170.

4. "'978 Patent" means U.S. Patent No. 7,233,978.

5. "'640 Patent" means U.S. Patent No. 7,103,640.

6. "Asserted Patents" or "Patents-in-Suit" mean the patents asserted by Kove in its operative Complaint in this litigation, individually and/or collectively as appropriate, including the '170 Patent, the '978 Patent, and the '640 Patent.

7. "Asserted Claim(s)" means the claims that Kove asserts are infringed by Amazon, individually and/or collectively as appropriate, including those claims identified in Kove's December 2, 2019 letter (claims 1, 2, 6, 8, 12, 15, and 17 of the '170 Patent; claims 1, 3, 6, 10, 14, 17, 23, 24, 30, and 31 of the '978 Patent; and claims 17, 18, and 24 of the '640 Patent) or any

HIGHLY CONFIDENTIAL

amendments or supplements thereto.

8. "Accused Product(s)" means any product, application, service, or feature identified in Kove's operative Complaint, individually and/or collectively as appropriate, including Amazon S3, Amazon DynamoDB, their combination, and any product, application, service, or feature identified in Kove's Infringement Contentions or any amendments or supplements thereto, and any Amazon product, application, service, or feature that uses distributed hash tables.

9. "Relevant Feature(s)" means the features of the Accused Products that are relevant to Kove's infringement allegations, individually and/or collectively as appropriate, including: (i) ███████████████████████████████; (ii) ████████ used to organize data location information; (iii) the use of an intermediate "location server" (e.g., ████████ ████████████████) between a client and a data storage entity, the location server containing data location information; (iv) storing information about the location of data separately from the data itself (e.g., on location servers); (v) a message (e.g., redirect or forward) that contains information that can be used to identify the location of a server (e.g., ████████████████ ██████████████████████████████████████); (vi) adding or removing location servers based on performance criteria (e.g., ████████████████████ ██); and (vii) redistributing location information across location servers.

10. "Relevant Source Code" means the source code that Amazon has produced for the Accused Products.

11. "Relevant Time Period" means from six years before the filing of the Complaint through the expiration of the Asserted Patents.

12. "Transfer of Rights" means an assignment, license, sublicense, cross-license, release, covenant not to sue, grant of manufacturing rights, or grant of any other rights in a patent

3

HIGHLY CONFIDENTIAL

or patent application, domestic or foreign, whether alone or in combination with other consideration.

13. "Communication" means any contact, whether in person, in writing, oral, formal, informal, by telephone, or any method whereby knowledge, facts or information is imparted or transmitted from one person or entity to another or to a file.

14. "Document" or "documents" mean the original and all copies of any written, printed, typed, photocopied, photographic, and recorded matter of any kind or character (including, but not limited to, magnetic, mechanical, or electronic recordings), however produced or reproduced, and any tangible thing which, in whole or in part, illustrates or conveys information in Your possession, custody, or control, whether produced or stored on paper, cards, tapes, disks, belts, charts, film, computer storage devices, cellular phones, "smart" phones, microfilm, wires, cables, magnetic and electronic recordings, sound recordings, computer printouts, or records. The term includes, but is not limited to, data, data compilations, and other electronically stored information, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form (e.g., computer memory); as well as electronic mail and instant messaging, text messaging, video messaging, correspondence, memoranda, studies, maps, analyses, diagrams, scraps of paper, notes, applications, drawings, charts, graphs, plans, photographs, video tapes, audio tapes, computer disks, computer hard drives, contracts, agreements, working papers, drafts, reports of investigations or inspections of any kind, opinions of consultants or experts, diaries, minutes, calendars, field notes, logs, checks, receipts, images, and the like.

15. "Identify," when referring to a person or persons, means to state the current name, address and telephone number of the person about whom the information is sought. When

HIGHLY CONFIDENTIAL

referring to individuals, please state the name of their present or last known employer, their office or title, if any, and their job description. Also, please state the nature and dates of their affiliation with any party to this litigation and their office or title, job description and duties during such affiliation.

16. "Identify," when used with respect to an act (including an alleged omission), communication, occurrence, statement or conduct (herein collectively called "act"), means to:

    a. describe the substance of the event or events constituting such act and state the date when such act occurred;

    b. identify each and every person participating in such act;

    c. identify all other persons (if any) present when such act occurred;

    d. state whether any minutes, notices, memoranda, or other records of such act were made;

    e. state whether such record now exists; and

    f. identify the person or persons presently having possession, custody or control of each such record.

17. "Identify," when referring to a document, means to provide, as to each such document, the following information:

    a. its date;

    b. its title, if it has one; all identifying numbers, if any; all other identifying or categorizing designations; and a brief description of it (such as letter, memorandum, manuscript, notes, etc.);

    c. its subject matter;

    d. the name, title and address of each person who wrote, signed, initialed, dictated

5

HIGHLY CONFIDENTIAL

    or otherwise participated in the creation of the document;

    e. the name, title and address of each addressee, and of each other person receiving a copy of it;

    f. its present location, and the name and address of its present custodian;

    g. if the document is not an original, the name and address of the custodian of the original; and

    h. any other designation necessary to sufficiently identify the document so that a copy of it may be ordered or obtained from its custodian.

If any such document was, but is no longer, in Your possession, custody or control, or in existence, state its present location or the date and manner of its disposition.

    18. "Identify," when referring to a corporate entity or entities, shall mean to state the full corporate name and the date and place of incorporation, if known, and its present address and telephone number.

    19. "Person" shall mean individual, corporation, non-profit corporation, sole proprietorship, partnership, limited partnership, professional association, joint venture, agency, agent, trust and/or any other legal entity.

    20. "Refer" or "relate to" or "concerning" (or any form thereof) shall mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or being relevant to. As indicated, the term necessarily includes information which is in opposition to, as well as in support of, Your position(s) and claim(s) in this action.

    21. "All" shall be construed as "all and each."

    22. "And" and "or" shall be construed either disjunctively or conjunctively as necessary

...

HIGHLY CONFIDENTIAL

to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

23. The use of the present tense includes the past tense and vice versa.

24. The use of the singular form of any word includes the plural and vice versa.

PTX-0531 0007

HIGHLY CONFIDENTIAL

## TOPICS

### TOPIC NO. 1

The design, development, implementation, and operation of the Accused Products, Relevant Features, and Relevant Source Code, including any differences between releases and ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

### TOPIC NO. 2

The organization, modification, storage, and maintenance of the Relevant Source Code, including how You identify (or could identify) combinations of source code packages that are or have been in use or operation and how You identify (or could identify) changes to the combinations of source code packages that are or have been in use or operation.

### TOPIC NO. 3

For the Accused Products, during the Relevant Time Period, the combinations of source code packages that are or have been in use or operation, and for each such combination: (i) the duration of use or operation for each combination; (ii) the region in which the use or operation occurred; and (iii) the amount of use or operation, in absolute terms and relative to other combinations.

### TOPIC NO. 4

The processing of ████████████████ in the Accused Products.

PTX-0531 0008

HIGHLY CONFIDENTIAL

**TOPIC NO. 5**

All forms of support, instructions, manuals, operating guides, advertising, and marketing provided by You relating to the Accused Products and Relevant Features, including all information and training provided under the "Customer Enablement" sections at https://aws.amazon.com/s3/ and https://aws.amazon.com/dynamodb/.

**TOPIC NO. 6**

The history of the development of the Accused Products, including Your decisions to develop the Accused Products and Your decisions to implement the Relevant Features.

**TOPIC NO. 7**

Your first awareness of each of the Asserted Patents (including their applications and any publications thereof), including (a) the date when You first became aware; (b) the circumstances under which You became aware; (c) the person(s) involved; (d) the content of any related communications or documents; and (e) the actions taken by You as a result of becoming aware, including any investigation by You or any opinion sought by You relating to infringement or invalidity.

**TOPIC NO. 8**

Your belief that the Accused Products do not infringe the Patents-In-Suit and all factual bases for that belief.

**TOPIC NO. 9**

Your general policies and procedures—during the time when a product or feature of a product is being designed and developed—for determining whether a product or feature of a product may infringe a patent, including whether and how any patent searches are conducted, whether and how any invalidity or infringement analyses are conducted, and whether and how any

9

HIGHLY CONFIDENTIAL

design-arounds are considered and/or implemented.

**TOPIC NO. 10**

Your policies, procedures, and actions taken—during the time when each Relevant Feature and Accused Product was being designed and developed—for determining whether a Relevant Feature or Accused Product may infringe a patent (including the Asserted Patents), including whether any patent searches were conducted, whether any invalidity or infringement analyses were conducted, and whether and how any design-arounds were considered and/or implemented.

**TOPIC NO. 11**

Your knowledge of all making, using, offering for sale, or selling in the United States or importation into the United States by anyone, including You, of the Accused Products.

**TOPIC NO. 12**

The geographic location(s) of where the Accused Products and Relevant Source Code are/were developed, tested, marketed, offered for sale, sold, and used.

**TOPIC NO. 13**

Use of the Accused Products by Amazon.com, Inc. and its subsidiaries.

**TOPIC NO. 14**

Customer usage relating to the Accused Products, including usage related to the Relevant Features.

**TOPIC NO. 15**

████████ regarding the use of the Accused Products, including the use of the Relevant Features.

**TOPIC NO. 16**

Your ████████ that relates to the Relevant Features, including all the "types" (e.g., data

10

HIGHLY CONFIDENTIAL

points or data fields) of such ▇ that are collected, and how, when, from where, and why such ▇ is collected.

**TOPIC NO. 17**

The systems and/or databases that store Your ▇ that relate to the Relevant Features, including how such ▇ (individual types and combinations of types) can be accessed and/or outputted (e.g., as ▇), and for how long such ▇ is maintained and/or retained.

**TOPIC NO. 18**

Your profit and loss statements, income statements, revenues, costs, gross profits, net profits, and any other tangible and intangible benefits associated with the Accused Products, including without limitation the circumstances under which such reports or information was generated, the accounting methods and practices employed in generating such reports, and the underlying data from which such reports were generated.

**TOPIC NO. 19**

Your methodology for calculating revenue, gross profits, and net profits relating to each Accused Product, including any methodology for identifying costs associated with labor, material, variances, sales, administration, and components that make up those costs.

**TOPIC NO. 20**

Bases for customer demand or preference for the Accused Products.

**TOPIC NO. 21**

Surveys, market studies, reports, or analyses relating to product design, competition, market segments, market share, product tracking, or market revenue (whether actual or projected), including without limitation, customer-use studies, surveys, and/or tracking data that identifies the

11

HIGHLY CONFIDENTIAL

quality, value, usability, performance, demand, benefits, or competitive differentiation, of any feature in any of the Accused Products, including the Relevant Features.

**TOPIC NO. 22**

The absolute or relative advantages or benefits of the Accused Products and Relevant Features.

**TOPIC NO. 23**

Competitive analyses comparing the features of the Accused Products, including the Relevant Features, to the features of competitors' products.

**TOPIC NO. 24**

Benefit, importance, and value of the Relevant Features to the Accused Products.

**TOPIC NO. 25**

Your analysis or efforts to design around the Asserted Patents.

**TOPIC NO. 26**

Competitive, market, strategic, or valuation analysis of the Asserted Patents.

**TOPIC NO. 27**

Any potentially non-infringing alternatives to the Asserted Patents.

**TOPIC NO. 28**

The pricing of the Accused Products, including the manner in which You derive or establish Your pricing and any analyses or studies associated with Your pricing.

**TOPIC NO. 29**

Any agreements that involve indemnification, reimbursement, or payment of any costs, in whole or in part, in relation to this litigation, including any agreements that satisfy any judgments in this litigation.

HIGHLY CONFIDENTIAL

**TOPIC NO. 30**

Transfer of Rights agreements produced by You, any related communications, and the circumstances surrounding the Transfer of Rights agreements produced by You, including what was discussed during negotiations (e.g., patents, products, technology areas) and what factors influenced the agreements.

**TOPIC NO. 31**

The factual bases for your defenses (other than non-infringement and invalidity).

**TOPIC NO. 32**

Any analysis, inquiry or investigation conducted by You or any opinion sought by or provided to You relating to any of Your defenses in this litigation.

**TOPIC NO. 33**

The nature of Your company, including its founding, history, current and past corporate organization structure, and relation to Amazon.com, Inc. and other Amazon.com, Inc. subsidiaries.

**TOPIC NO. 34**

The use cases for the Accused Products.

**TOPIC NO. 35**

Your major customers for the Accused Products and their use of the Accused Products.

PTX-0531 0013

HIGHLY CONFIDENTIAL

Dated: December 10, 2019

Respectfully submitted,

/s/      *Jaime Cardenas-Navia*
Jaime Cardenas-Navia

Renato Mariotti (State Bar No. 6323198)
rmariotti@thompsoncoburn.com
Thompson Coburn LLP
55 E. Monroe St., 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500
Telecopier: (312) 580-2201

Sarah O. Jorgensen (*pro hac vice*)
sjorgensen@reichmanjorgensen.com
Reichman Jorgensen LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (650) 623-1403
Telecopier: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Reichman Jorgensen LLP
1615 M Street, NW, Suite 300
Washington, DC 20036
Telephone: (202) 894-7311
Telecopier: (650) 623-1449

Khue Hoang (*pro hac vice*)
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Wesley White (*pro hac vice*)
wwhite@reichmanjorgensen.com
Rahul Sarkar (*pro hac vice*)
rsarkar@reichmanjorgensen.com
Reichman Jorgensen LLP
100 Park Avenue, Suite 1600
New York, NY 10017
Telephone: (646) 921-1474
Telecopier: (650) 623-1449

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Jennifer P. Estremera (*pro hac vice*)
jestremera@reichmanjorgensen.com
Joachim B. Steinberg (*pro hac vice*)
jsteinberg@reichmanjorgensen.com
Michael G. Flanigan (State Bar No. 6309008)
mflanigan@reichmanjorgensen.com
Kate M. Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
Reichman Jorgensen LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

**ATTORNEYS FOR PLAINTIFF
KOVE IO, INC.**

HIGHLY CONFIDENTIAL

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 10, 2019, KOVE IO, INC.'S NOTICE OF DEPOSITION OF AMAZON WEB SERVICES, INC. was electronically served by email, at the addresses below:

>Adam G. Unikowsky
>JENNER & BLOCK LLP
>1099 New York Ave. NW Suite
>900 Washington, DC 20001
>(202) 639-6000
>aunikowsky@jenner.com
>
>Terri L. Mascherin
>Michael Babbitt
>Michael T. Werner
>JENNER & BLOCK LLP
>353 N. Clark St. Chicago, IL 60654
>(312) 222-9350
>tmascherin@jenner.com
>mbabbitt@jenner.com
>mwerner@jenner.com
>
>*/s/ Jaime Cardenas-Navia*
>Jaime Cardenas-Navia