IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., | Civil Action No. 1:18-cv-08175 |
| Plaintiff, | |
| | Hon. Matthew F. Kennelly |
| v. | |
| | Jury Trial Demanded |
| Amazon Web Services, Inc., | |
| Defendant. | |

**KOVE'S RESPONSE TO AWS'S MOTION
FOR CLARIFICATION OR RECONSIDERATION OF PREVIOUS RULING
<u>EXCLUDING CERTAIN DR. GRAMA OPINIONS</u>**

I.     **INTRODUCTION**

On the eve of trial, AWS moves for reconsideration of the Court's February 6, 2024 Order based entirely on AWS's failure to properly attach its own exhibit (non-infringement contentions) to its December 4, 2023 submission.[1]  AWS subsequently failed to correct its error at any point before now: it did not attempt to correct its mistake during the two-month pendency of the summary judgment briefing, and it did not raise its mistake at the March 21, 2024 final pretrial conference or immediately thereafter.  Instead, AWS waited until 8:09 p.m. the Thursday before opening statements to raise this request.  AWS has no excuse for its eleventh-hour reconsideration request because it told the Court about its error in its Daubert Response—*over a month ago*—yet never moved for reconsideration.  AWS's delay is inexcusable.  Any argument is forfeited.

AWS also overlooks the fact that the Court actually had the non-infringement contentions, which a simple review of the docket reveals.  AWS's entire argument is that the Court did not have its Second Amended Non-Infringement Contentions for DynamoDB when deliberating on Kove's Summary Judgment Motion because AWS failed to properly attach it.  But the Court did have those contentions – Kove submitted them as Exhibit K158 with its summary judgment filings. Dkt. 700-158.  Thus, the Court had the full record when it issued its February 6, 2024 Order.  The Court's ruling also indicates that it reviewed the non-infringement contentions and ruled on the very issue AWS now claims the Court missed.

AWS fails to point to anything that would clear the high hurdle of manifest errors of law or fact or newly discovered evidence that is required for reconsideration.  At most, there are

---

[1] AWS titles its motion as a request for clarification or reconsideration, but the word "clarification" only appears in its title and the motion only seeks reconsideration.

1

additional arguments it would have liked to have made, but it was incumbent on AWS to have presented those arguments at the time. Accordingly, AWS's Motion should be denied.

## II. BACKGROUND

As part of its summary judgment motion, Kove moved to exclude Dr. Grama's brand new opinion that DynamoDB does not infringe because it shows a ▮▮▮▮▮▮▮▮▮▮. Dkt. 699 at 46. In support, Kove explained that AWS never disclosed this theory in its noninfringement contentions and cited paragraph 27 of its Statement of Additional Material Facts ("ASMF") (Dkt. 701). Paragraph 27 states that AWS never disclosed this theory as evidenced by its noninfringement contentions, which "do not contain the words ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and do not cite the source code AWS now relies on." Dkt. 701, ¶ 27. Kove further cited to Exhibit K158, with the descriptive parenthetical "(2023-03-21 AWS 2nd Amended Final Non-Infringement Contentions (DDB excerpt)." Dkt. 700-158. K158 includes the cover pleading ***and*** the claim charts of AWS's final non-infringement contentions for DynamoDB. All of this was presented to the Court on November 6, 2023.

On December 4, 2023, AWS responded to Kove's ASMF, disputing that ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ were "not disclosed in its noninfringement contentions" and citing to "Ex. 95 (Amazon's Second Amended Final Non-Infringement Contentions) at 3." Dkt. 715, ¶ 27. Exhibit 95, however, included only the cover pleading for AWS's Second Amended Proposed Final Non-Infringement Contentions (dated March 2, 2023) and not the claim charts.[2] Dkt. 715-14 (AWS's Exhibit 95). In its accompanying brief, AWS quotes Exhibit 95 as stating "DDB is organized as

---

[2] The parties exchanged proposed amended contentions on March 2, 2023, and then exchanged final amended contentions on March 21, 2023. Kove attached AWS's final amended contentions, which are the operative contentions, and are more comprehensive than AWS's earlier proposed contentions.

a ▮▮▮▮▮▮▮▮▮▮" Dkt. 714 at 21. Such language appears in Kove's K158. Dkt. 700-158 at 11 (which is page 3 of AWS's noninfringement contentions chart).

The Court granted Kove's motion to exclude Grama's testimony on DynamoDB on February 6, 2024, finding:

> AWS says that it put Kove on notice of its theory in its non-infringement contentions, but the citations it includes in this section of its reply brief do not support this. AWS also argues that Kove had access to the DDB source code prior to receiving Grama's rebuttal report and even cited this same source code in its own infringement contentions. *See* Def.'s Reply at 21. But simply having access to the DDB source code is insufficient to put Kove on notice of how AWS planned to use that source code to establish noninfringement. ***And AWS's descriptions of DDB as organized in a* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *do not fully convey the* ▮▮▮▮▮▮ *that Dr. Grana describes in his report.*** The Court therefore grants Kove's motion to exclude Dr. Grama's testimony regarding the alleged ▮▮▮▮▮ ▮▮▮▮▮ among DDB's ▮▮▮▮▮▮▮▮▮. *See Medline Indus., Inc. v. C.R. Bard, Inc.*, 511 F. Supp. 3d 883, 890 (N.D. Ill. 2021) ("[T]he proper remedy for the disclosure of a previously undisclosed [invalidity or infringement] theory or argument in either party's expert report is preclusion.").

Dkt. 739 at 29-30 (emphasis added). This quotation shows that the Court reviewed AWS's non-infringement contentions and its argument that "DDB is organized as a ▮▮▮▮▮▮▮▮ and rejected that argument. *Id.* The Court then went on in a footnote to point out that that AWS's Ex. 95 "does not include the quote AWS included in its Reply Brief." *Id.* at 29 n.5. AWS did not then move for reconsideration, despite knowing its exhibit excerpts were wrong.

On February 16, 2024, Kove moved to exclude Dr. Grama's opinion on ▮▮▮▮▮▮ ▮▮▮▮▮ in **S3** (Dkt. 748 at 19), as opposed to **Dynamo DB**, which had been the subject of the previous ruling. Kove cited the Court's prior ruling on DynamoDB and again attached AWS's final noninfringement contentions. *Id.*, Exs. 50-55.

On February 23, 2024, AWS opposed Kove's motion and, in a footnote, acknowledged the Court's prior ruling:

> The Court's exclusion of Dr. Grama's DDB ▮▮▮▮▮▮▮ opinion doesn't support exclusion of his S3 opinion. AWS's non-infringement contentions for DDB did

3

> disclose the theory that DDB's ▪▪▪▪▪▪▪▪ are ▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪. *See* Dkt. 748-52 (AWS operative March 2023 contentions, Ex. B) at 3–4, 16–17, 25–26. AWS's summary judgment motion cited an incorrect exhibit for this disclosure.

Dkt. 760 at 19 n.91. AWS cites specific pages of Exhibit B of its Final Noninfringement Contentions (Dkt. 748-52) as the correct exhibit for its prior briefing (*id.*, referencing Dkt. 714 at 21 n.100). Kove submitted every cited page during summary judgment as part of K158 (Dkt. 700-158 at 10). Still, AWS did not move for reconsideration.

During the Court's pretrial conference on March 21, 2024, the Court denied that portion of Kove's *Daubert* motion on S3. That the Court had issued its prior ruling on DynamoDB was squarely before the Court and was the basis for Kove's motion on S3 – and thus the Court was fully aware of it when it issued its ruling on AWS's S3 theory. AWS did not then raise its belief that the Court's February 6, 2024 Order was based on an incomplete record. Nor did AWS raise its belief in any subsequent correspondence to the Court.

One week later, on the afternoon of Thursday, March 28, 2024, AWS notified Kove for the first time that it intended to move for reconsideration of the Court's summary judgment ruling. AWS filed its motion at 8:09 p.m. that evening. Trial begins on Monday, April 1, 2024.

### III.     ARGUMENT

Motions for reconsideration serve a limited purpose: "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (attribution omitted). A motion for reconsideration "cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion" or "to tender new legal theories for the first time." *Id.* (attribution omitted). Nor does it "provide a vehicle for a party to undo its own procedural failures." *Kline v. United Airlines, Inc.*, 2021 WL 4499317, at *1 (N.D. Ill. April 5, 2021) (quoting

*Popovitis v. Circuit City Stores*, 185 F.3d 726, 730 (7th Cir. 1999)). If something was a "substantial source" for AWS's argument on summary judgment, "it was incumbent upon them to point this out in their response." *NeuroGrafix v. Brainlab, Inc.*, 2020 WL 919004, at *2 (N.D. Ill. Feb. 26, 2020) (Kennelly, J.) (denying motion for reconsideration of summary judgment where party failed to proffer evidence during briefing).

### A. AWS Forfeited Its Argument By Waiting Until The Eve of Trial.

AWS has no excuse for delaying this motion until one business day before opening statements. AWS knew that it filed an incorrect exhibit as early as February 6, 2024, when the Court noted that "Exhibit 95 to AWS's Statement of Additional Material Facts does not include the quote AWS included in its Reply Brief." Dkt. 739 at 29 n.5. AWS even acknowledged its failure in its *Daubert* response, filed on February 23, 2024. But AWS did not move for reconsideration until nearly five weeks later. Dkt. 760 at 19 n.91.

AWS's entire motion is premised on its failure to attach the correct exhibit to its summary judgment response. The timing of AWS's motion has no logical relationship to the Court's pretrial conference ruling on a completely different product; AWS could have corrected its exhibit in the two months before the Court ruled on Kove's motion, and AWS could have moved for reconsideration as early as the first week of February. AWS never raised any concern about reconsideration, despite being specifically asked by the Court during its March 5th and March 21st hearings if the parties needed to raise something for the Court's attention. Dkt. 808–2 at 31:7-8 (March 5 transcript); Dkt. 843-1 at 133:17 (March 21 transcript). AWS said nothing until the Thursday afternoon before trial begins. At most, AWS has come up with some new arguments it would like to have made after seeing the Court's ruling.

The Court should apply the same reasoning it did in *NeuroGrafix*, and deny AWS's motion.

5

2020 WL 919004, at *1.  There, the Court granted Brainlab's motion for summary judgment on the issue of lost profits because NeuroGrafix failed to offer any evidence during briefing.  *Id.* at *1–*2.  NeuroGrafix moved for reconsideration, pointing to supporting evidence, among other things.  The Court rejected this argument because NeuroGrafix "did not reference these documents in their briefs," and "it was incumbent upon them to point this out in their response."  *Id.*  So, too, it was incumbent upon AWS to marshal all its evidence for the Court's review on summary judgment.  Its failure to do so does not justify upending the case.

Kove would be extremely prejudiced by a late-stage reversal of the Court's reasoned decision, after spending the past two months relying on the Court's February 6, 2024, ruling to inform its motions practice and trial strategy.  AWS has forfeited its argument.

    **B. The Court Had The Entire Record On Summary Judgment, Mooting The Motion, and In All Events, Its Ruling Was Correct.**

AWS might not have correctly attached its non-infringement contentions, but Kove did.  The Court had the entire record when it granted Kove's motion to exclude Dr. Grama's opinion on DynamoDB.  Kove's ASMF stated that AWS failed to disclose ▮▮▮▮ in its non-infringement contentions, and unambiguously identified Exhibit K158 as "2023-03-21 AWS 2nd Amended Final Non-Infringement Contentions (DDB excerpt)."  Dkt. 701, ¶ 27.  AWS responded to that very same portion of Kove's ASMF and cited its faulty Exhibit 95 as its Final Non-Infringement Contentions.  Dkt. 715, ¶ 27.  When AWS later identified its faulty exhibit, AWS cited pages 3–4, 16–17, and 25–26 of Dkt. 748-52 as what it should have cited.  *See* Dkt. 760 at 19 n.91 (AWS's *Daubert* response).  Kove's K158 contains these exact non-infringement contentions.  *Compare* Dkt. 700-158 (Kove's submission on Summary Judgment) *with* Dkt. 748-52 (Kove's submission on *Daubert*).  It did not matter that AWS submitted the wrong excerpt

6

because the Court already had that evidence.

Importantly, the Court's February 6, 2024 Order indicates that it reviewed AWS's argument, and rejected it on the merits. AWS cited its non-infringement contentions for the proposition that "DDB is organized as ▅▅▅▅▅▅" Dkt. 714 at 21. The Court expressly addressed this argument: "And AWS's descriptions of DDB as organized in a "▅▅▅▅▅▅" structure do not fully convey the ▅▅▅▅▅▅ that Dr. Grana describes in his report." Dkt. 739 at 29. And that ruling was correct, as Kove argued at the time – AWS's DynamoDB non-infringement contentions (*i.e.*, the ones AWS failed to include but that Kove did) nowhere disclose AWS's new ▅▅▅▅▅▅ theories. *See* Dkt. 700-158 at 11 (page 3 of AWS's noninfringement contentions); *see also* Dkt. 715, ¶ 27 (AWS's Response to Kove's ASMF, directing the Court to page 3 of its noninfringement contentions).

AWS's request for reconsideration is premised on a ministerial failure to properly attach an exhibit, never mind that the exhibit had already been submitted to the Court. *See Kline*, 2021 WL 4499317, at *1. But in fact its motion is really premised on the notion that it has additional arguments it would like to have made, which themselves lack merit. AWS identifies no new law, facts, or evidence. *See Rothwell*, 827 F.2d at 251. Everything AWS points to is something the Court already considered on summary judgment—the same evidence and the same rehashed arguments.

## IV. CONCLUSION

For the reasons stated above, Kove respectfully requests the Court deny AWS's motion for reconsideration.

7

| | |
|---|---|
| Dated: March 29, 2024 | Respectfully submitted, |
| | */s/ Courtland L. Reichman* |
| Khue V. Hoang (*pro hac vice*)<br>khoang@reichmanjorgensen.com<br>Jaime F. Cardenas-Navia (*pro hac vice*)<br>jcardenas-navia@reichmanjorgensen.com<br>REICHMAN JORGENSEN LEHMAN &<br>FELDBERG LLP<br>400 Madison Avenue, Suite 14D<br>New York, NY 10017<br>Telephone: (212) 381-1965<br>Facsimile: (650) 560-3501 | Renato Mariotti (State Bar No. 6323198)<br>renatto.mariotti@bclplaw.com<br>Holly H. Campbell (State Bar No. 6320395)<br>holly.campbell@bclplaw.com<br>BRYAN CAVE LEIGHTON PAISNER LLP<br>161 North Clark Street, Suite 4300<br>Chicago, IL 60601<br>Telephone: (312) 602-5000 |
| Christine E. Lehman (*pro hac vice*)<br>clehman@reichmanjorgensen.com<br>Adam Adler (*pro hac vice*)<br>aadler@reichmanjorgensen.com<br>Philip Eklem (*pro hac vice*)<br>peklem@reichmanjorgensen.com<br>REICHMAN JORGENSEN LEHMAN &<br>FELDBERG LLP<br>1909 K Street, NW, Suite 800<br>Washington, DC 20006<br>Telephone: (202) 894-7310<br>Facsimile: (650) 560-3501 | Courtland L. Reichman (*pro hac vice*)<br>creichman@reichmanjorgensen.com<br>Shawna L. Ballard (*pro hac vice*)<br>sballard@reichmanjorgensen.com<br>Savannah Carnes (*pro hac vice*)<br>scarnes@reichmanjorgensen.com<br>REICHMAN JORGENSEN LEHMAN &<br>FELDBERG LLP<br>100 Marine Parkway, Suite 300<br>Redwood Shores, CA 94065<br>Telephone: (650) 623-1401<br>Facsimile: (650) 560-3501 |
| Taylor Mauze (*pro hac vice*)<br>tmauze@reichmanjorgensen.com<br>Navid Bayar (*pro hac vice*)<br>nbayar@reichmanjorgensen.com<br>REICHMAN JORGENSEN LEHMAN &<br>FELDBERG LLP<br>901 S. Mopac Expressway, Building 1, Suite 300<br>Austin, TX 78746<br>Telephone: (650) 623-1401<br>Facsimile: (650) 560-3501 | ***ATTORNEYS FOR PLAINTIFF<br>KOVE IO, INC.*** |

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 29th day of March, 2024, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                   */s/ Courtland L. Reichman*
                                                   Courtland L. Reichman